Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,
Toshiba America, Inc., Toshiba America
Information Systems, Inc., Toshiba America
Consumer Products, L.L.C., and Toshiba America
Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>Case No. C 11-6397 SC<br><br>COSTCO WHOLESALE CORPORATION,<br><br>                     Plaintiff,<br><br>        v.<br><br>HITACHI, LTD., et al.,<br><br>                     Defendants. | **THE TOSHIBA DEFENDANTS' RESPONSE TO COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION COMPELLING ARBITRATION WITH THE TOSHIBA DEFENDANTS**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:         January 25, 2013<br>Time:        10:00 a.m.<br>Before:     Hon. Samuel Conti<br>Courtroom: One, 17th Floor |

THE TOSHIBA DEFENDANTS' RESPONSE TO COSTCO'S OBJECTIONS TO THE SPECIAL
MASTER'S REPORT AND RECOMMENDATION COMPELLING ARBITRATION WITH THE
TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

**TABLE OF CONTENTS**

Page

I. STATEMENT OF ISSUES TO BE DECIDED ..................................................................1

II. ARGUMENT ......................................................................................................................2

    A. The Vendor Agreement Does Not Allow Costco To File This Lawsuit Because This Lawsuit Is Not "Solely Part Of Separate Litigation Commenced By An Unrelated Third Party" .........................................2

    B. Because Costco Treats The Toshiba Defendants As One Entity In Its Complaint, All Toshiba Defendants Are Entitled To Rely Upon The Vendor Agreement's Arbitration Clause ............................................................4

        1. The Agency Principle Allows All Of The Toshiba Defendants To Demand Arbitration .................................................................5

        2. The Estoppel Principle Allows All Of The Toshiba Defendants To Demand Arbitration .................................................................7

    C. There Is No Case Or Controversy Concerning Costco's Argument That The Court Should Declare Any Waiver Of Treble Damages Unenforceable In The Antitrust Context ........................................................................8

III. CONCLUSION ...................................................................................................................9

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                           Page

*American Pipe and Constr. Co. v. Utah*,
    414 U.S. 538 (1974)......................................................................................................... 3

*Amisil Holdings Ltd. v. Clarium Capital Management*,
    622 F. Supp. 2d 825 (N.D. Cal. 2007)............................................................................. 5, 7, 8

*Booker v. Robert Half Int'l, Inc.*,
    413 F.3d 77 (D.C. Cir. 2005)............................................................................................. 9

*Britton v. Co-Op Banking Grp.*,
    916 F.2d 1405 (9th Cir. 1990) ........................................................................................... 6

*Britton v. Co-Op Banking Grp.*,
    4 F.3d 742 (9th Cir. 1993) ................................................................................................. 6

*Brown v. General Steel Domestic Sales, LLC*,
    No. CV 08-00779 MMM (SHx), 2008 WL 2128057 (C.D. Cal. May 19, 2008)............. 7

*Chastain v. Union Sec. Life Ins. Co.*,
    502 F. Supp. 2d 1072 (C.D. Cal. 2007) ......................................................................... 6-7

*Cline v. Indus. Maint. Eng'g & Contracting Co.*,
    200 F.3d 1223 (9th Cir. 2000) ........................................................................................... 6

*Comer v. Micor, Inc.*,
    436 F.3d 1098 (9th Cir. 2006) ........................................................................................... 4

*Crown, Cork & Seal Co. v. Parker*,
    462 U.S. 345 (1983)........................................................................................................... 3

*Duffy Theatres, Inc. v. Griffith Consol. Theatres, Inc.*,
    208 F.2d 316 (10th Cir. 1954) ........................................................................................... 9

*Flast v. Cohen*,
    392 U.S. 83 (1968)............................................................................................................. 8

*Fujian Pacific Electric Co. Ltd. v. Bechtel Power Corp.*,
    No. C 04-3126 MHP, 2004 WL 2645974 (N.D. Cal. Nov. 19, 2004).............................. 8

*Gaines v. Carrollton Tobacco Bd. of Trade, Inc.*,
    386 F.2d 757 (6th Cir. 1967) ............................................................................................. 9

*Hawkins v. KPMG LLP*,
    423 F. Supp. 2d 1038 (N.D. Cal. 2006) ............................................................................ 8

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

| Cases | Page |
|---|---|
| *Henthorn v. Dep't of Navy*, 29 F. 3d 682 (D.C. Cir. 1994) | 6 |
| *Humetrix, Inc. v. Gemplus S.C.A.*, 268 F.3d 910 (9th Cir. 2001) | 6 |
| *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2011 WL 4017961 (N.D. Cal. Sept. 9, 2011) | 4 |
| *Kittel v. J.E. Thomas*, 620 F.3d 949 (9th Cir. 2010) | 8 |
| *Lehman Bros. Commercial Corp. v. Minmetals Int'l Nonferrous Metals Trading Co.*, No. 94 Civ. 8301 (JFK), 1995 WL 380119 (S.D.N.Y. June 26, 1995) | 6 |
| *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042 (9th Cir. 2009) | 4, 5 |
| *Saunders v. Naval Air Rework Facility*, 608 F.2d 1308 (9th Cir. 1979) | 3 |
| *Tosti v. City of L.A.*, 754 F.2d 1485 (9th Cir. 1985) | 3 |

Statutes

| | |
|---|---|
| Fed. R. Civ. P. 3 | 2 |
| 28 U.S.C. § 1407(a) | 3 |

THE TOSHIBA DEFENDANTS' RESPONSE TO COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION COMPELLING ARBITRATION WITH THE TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

iii

## I. STATEMENT OF ISSUES TO BE DECIDED

By its objections, Costco Wholesale Corporation ("Costco") raises three arguments in an effort to avoid its contractual duty to arbitrate "[a]ll claims and disputes that . . . arise out of or relate to" the August 2, 1995 Vendor Agreement between Costco and Toshiba America Consumer Products, Inc., an agreement that Costco itself drafted. Declaration of Lucius B. Lau in Support of Motion to Adopt In Part Special Master's Report and Recommendation Regarding the Toshiba Defendants' Motion to Compel Arbitration ("Lau Declaration") at Ex. 2 ¶ 20 ("Vendor Agreement"). None of these arguments reveals any error in the Special Master's Report and Recommendation Regarding the Toshiba Defendants' Motion to Compel Arbitration ("Report").

*First*, Costco attempts to argue that this lawsuit is permitted under the Vendor Agreement, which allows either signatory to "bring court proceedings or claims against each other . . . solely as part of separate litigation commenced by an unrelated third party . . . ." Vendor Agreement at Standard Terms ¶ 20. Costco's position on this issue is tenuous at best — the lawsuit it has filed has all of the hallmarks of a lawsuit that is separate and apart from the class action lawsuit of which Costco was originally a part.

*Second*, Costco attempts to limit the scope of the Vendor Agreement by arguing that it only applies to Toshiba America Consumer Products, Inc., and not the other Toshiba Defendants that it has sued in this action. This argument fails because Costco treats the Toshiba Defendants in its Complaint as one entity: Costco alleges that each Toshiba Defendant acted as an agent for every other Toshiba Defendant, such that "the entire corporate families were represented in meetings and discussions by their agents and were parties to the agreements reached in them." Compl. at ¶ 57. In light of these allegations, principles of agency and estoppel permit the non-signatory Toshiba Defendants to insist that Costco's claims against them be resolved in arbitration as well.

*Third*, Costco seeks an advisory opinion from this Court declaring that any waiver of treble damages is unenforceable in the antitrust context. The Vendor Agreement, however, is

1  silent on the question of treble damages.  Because there is no case or controversy concerning
2  treble damages, the Court should decline to issue a ruling on this question.

## II. ARGUMENT

### A. The Vendor Agreement Does Not Allow Costco To File This Lawsuit Because This Lawsuit Is Not "Solely Part Of Separate Litigation Commenced By An Unrelated Third Party"

Focusing on that part of the Vendor Agreement that allows signatories to the agreement to "bring court proceedings or claims against each other . . . solely as part of separate litigation commenced by an unrelated third party" (Vendor Agreement at Standard Terms ¶ 20), Costco argues that this lawsuit is not barred by the Vendor Agreement.  Costco is incorrect.  The Special Master properly observed that Costco "filed its own action, which is merely parallel to (not part of) the class action" and that, as a result, "the 'solely as part of' language does not apply."  Report at ¶ 6.

The plain language of the Vendor Agreement contemplates permissible court proceedings between signatories *only* (*i.e.*, "solely") when those court proceedings are commenced by unrelated third parties.  Vendor Agreement at Standard Terms ¶ 20.  By filing a complaint in the United States District Court for the Western District of Washington, Costco commenced a new action.  *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").  Of note, this action was commenced by Costco, not by an unrelated third party.  That fact, in and of itself, removes this action from the type of permissible court proceedings and claims that can occur outside the context of arbitration.

In its brief, Costco refers to the fact that this is an MDL proceeding, suggesting that this means that its claims are still part of the class action.  Costco's Objections to the Special Master's Report and Recommendation Compelling Arbitration with the Toshiba Defendants at 6 ("Costco Br.").  This suggestion misconstrues the nature of an MDL proceeding.  Costco commenced this action by complaint dated November 14, 2011.  On December 6, 2011, the United States Judicial Panel on Multidistrict Litigation transferred this action to this Court for coordinated or consolidated pretrial proceedings.  "Each action so transferred shall be

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred . . . ." 28 U.S.C. § 1407(a).  Thus, the mere fact that the pretrial proceedings in this action are being coordinated with the pretrial proceedings for the direct purchaser class action does not change the fact that Costco's action and the direct purchaser class action are two separate actions.  The claims that Costco is attempting to prosecute pertain to its own action, not to the direct purchaser class action.

Costco attempts to blur the distinction between this action and the direct purchaser class action by noting that the statute of limitations was tolled when the direct purchaser class action was first filed.  Costco Br. at 6.  The tolling of the statute of limitations, however, says nothing about whether Costco has brought this court proceeding "solely as part of separate litigation commenced by an unrelated third party."  Vendor Agreement at Standard Terms ¶ 20.  *American Pipe and Constr. Co. v. Utah*, 414 U.S. 538 (1974), and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983) (cases relied upon by Costco), simply construe the meaning of Rule 23.  These cases do not purport to decide whether an opt-out action filed after the filing of a class action is part of the class action.  In any event, consistent with Rule 3 of the Federal Rules of Civil Procedure, courts regularly treat opt-out actions as lawsuits separate and apart from class actions.  *See Tosti v. City of L.A.*, 754 F.2d 1485, 1488 (9th Cir. 1985) (noting that the Supreme Court has held "that Fed. R. Civ. P. 23(c)(2) required individual notice to absent class members to allow each member to decide whether to 'opt out' of the class and thereby preserve the right to pursue a separate lawsuit"); *Saunders v. Naval Air Rework Facility*, 608 F.2d 1308, 1312 (9th Cir. 1979) ("The opt-out practice as we understand it, limited as it is to (b)(3) actions, assumes the relief sought in the independent action to be separate and apart from that awarded to the class by injunction or declaratory judgment.").

In support of its position, Costco states that the Toshiba Defendants have conceded that Costco's claim for joint and several liability must remain in the MDL.  Costco Br. at 5. That is not correct.  As stated in the Toshiba Defendant's Motion to Adopt In Part the Special Master's Report and Recommendation, the Court should clarify the Special Master's

recommendation that any claims "based strictly" on co-conspirator or joint and several liability are not subject to arbitration — the only situation where Costco would have a claim against the Toshiba Defendants based strictly on co-conspirator or joint and several liability would be if the Toshiba Defendants had *no* sales to Costco, but were sued solely for being co-conspirators. Because that is not the case, the Court should dismiss the Toshiba Defendants from this action entirely.

Finally, Costco is incorrect when it argues that the Special Master's reading of the Vendor Agreement "would render this provision meaningless." Costco Br. at 6. As noted by the Special Master in his Report, "[h]ad Costco remained part of the class action, it might have had a valid argument." Report at ¶ 6. That is to say, Costco could have participated in the class action because that action was "commenced by an unrelated third party," as authorized by the Vendor Agreement.

### B. Because Costco Treats The Toshiba Defendants As One Entity In Its Complaint, All Toshiba Defendants Are Entitled To Rely Upon The Vendor Agreement's Arbitration Clause

Costco also objects to that part of the Report that states that "[t]he arbitration clause is binding on the corporate affiliates and successor of signatory Toshiba America Consumers Products, Inc. because Costco has alleged that all of the present Toshiba Defendants are agents for one another and the claims against them are deemed arbitrable." Report at ¶ 5 (citing *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M. 07-1827 SI, 2011 WL 4017961 (N.D. Cal. Sept. 9, 2011)). In so doing, Costco ignores governing Ninth Circuit case law on this issue as well as the facts alleged in its Complaint.

In *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045 (9th Cir. 2009), the Ninth Circuit held that "[g]eneral contract and agency principles apply in determining the enforcement of an arbitration agreement by or against nonsignatories" (citing *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006)). These principles include: "1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter-ego; and 5) estoppel." *Id.* (citation omitted). When *Mundi* is applied to the facts alleged in Costco's Complaint, it is apparent

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

that the Toshiba Defendants are entitled to rely upon the Vendor Agreement's arbitration clause. This is because Costco alleges that the Toshiba Defendants acted as one entity for purposes of the alleged conspiracy. In Paragraph 55 of the Complaint, Costco alleges that "[e]ach Defendant acted as the principal, agent, or joint venturer of, or for, other Defendants with respect to the acts, violations, and course of conduct alleged by Costco." In Paragraph 56 of the Complaint, Costco alleges that "it is to be understood that one or more employees or agents of entities within the corporate family engaged in conspiratorial meetings *on behalf of every company in the family*" (emphasis added). Similarly, in Paragraph 57 of the Complaint, Costco alleges that "the *entire corporate families were represented* in meetings and discussions by their agents and were parties to the agreements reached in them" (emphasis added).

In this manner, two of the principles discussed in *Mundi* are implicated by Costco's Complaint, allowing all of the Toshiba Defendants to demand arbitration — the agency principle and the estoppel principle.

### 1. The Agency Principle Allows All Of The Toshiba Defendants To Demand Arbitration

First, as noted by the Special Master, Costco alleges that all of the Toshiba Defendants acted as agents for one another. Report at ¶ 5. The Ninth Circuit's law governing the ability of non-signatory agents to demand arbitration has been summarized as follows: "Taken together, *Letizia* and *Britton* establish that agents of a signatory can compel the other signatory to arbitrate so long as (1) the wrongful acts of the agents for which they are sued relate to their behavior as agents or in their capacities as agents (*Letizia*) and (2) the claims against the agents arise out of or relate to the contract containing the arbitration clause (*Britton*) (consistent with the language of the arbitration clause)." *Amisil Holdings Ltd. v. Clarium Capital Management*, 622 F. Supp. 2d 825, 832 (N.D. Cal. 2007). The Toshiba Defendants are alleged to be agents with respect to the "violations . . . alleged by Costco" (Compl. at ¶ 55), thus satisfying the first part of this test. The Toshiba Defendants are further

1 alleged to have harmed Costco by selling CRT Products to that entity at elevated prices
2 (Compl. at ¶ 15), thus satisfying the second part of this test.
3       According to Costco, the agency allegations it made in its Complaint are not enough;
4 rather, "defendants must actually prove that the non-signatory Toshiba Defendants were
5 agents of TACP." Costco Br. at 7. By this argument, Costco ignores the fact that "[a] party
6 cannot urge inferences that are inconsistent with its own pleadings." *Lehman Bros.*
7 *Commercial Corp. v. Minmetals Int'l Nonferrous Metals Trading Co.*, No. 94 Civ. 8301
8 (JFK), 1995 WL 380119, at *3 (S.D.N.Y. June 26, 1995) (citing *Henthorn v. Dep't of Navy*,
9 29 F.3d 682, 684 (D.C. Cir. 1994)); *see also Humetrix, Inc. v. Gemplus S.C.A.*, 268 F.3d 910,
10 917 (9th Cir. 2001) ("Judicial estoppel, also known as 'preclusion of inconsistent positions,'
11 prohibits a litigant from asserting inconsistent positions in the same litigation."); *Cline v.*
12 *Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1232 (9th Cir. 2000) ("Both judges
13 correctly held that Appellants could not contradict their earlier allegations in an effort to
14 survive summary judgment."). Having alleged that the Toshiba Defendants were agents of
15 one another in its Complaint, Costco cannot now take a different position.
16       The cases relied upon by Costco do not suggest a different result. In *Britton v. Co-Op*
17 *Banking Group.*, 916 F.2d 1405, 1413-14 (9th Cir. 1990) (Costco Br. at 7-8), the Ninth Circuit
18 only remanded the issue of whether arbitration was required because "[t]he nature of
19 Liebling's relationship with Gold Depository, as well as the intent of the parties to the
20 contract and the scope of arbitrability, were neither analyzed by the district court nor briefed
21 on appeal." In a subsequent appeal (after the district court had conducted its requisite
22 analysis), the Ninth Circuit held that Liebling was not entitled to arbitration because "[t]he
23 only relevant acts charged against Liebling are set forth in the complaint and none of them
24 seek to impose liability from the contract." *Britton v. Co-Op Banking Grp,*, 4 F.3d 742, 747
25 (9th Cir. 1993). In contrast, Costco seeks to impose liability on all of the Toshiba Defendants
26 based upon Costco's purchases of Toshiba products.
27       *Chastain v. Union Security Life Ins. Co.*, 502 F. Supp. 2d 1072 (C.D. Cal. 2007)
28 (Costco Br. at 8), is distinguishable because it was the defendant (not the plaintiff) who

THE TOSHIBA DEFENDANTS' RESPONSE TO COSTCO'S OBJECTIONS TO THE SPECIAL
MASTER'S REPORT AND RECOMMENDATION COMPELLING ARBITRATION WITH THE
TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

argued that it was the agent of Citibank, a signatory to an agreement containing an arbitration provision. The *Chastain* Court noted that "Defendant has not demonstrated that it should be treated as an agent of Citibank so as to invoke the arbitration provision." *Id.* at 1082. Here, of course, it is Costco that has alleged that all of the Toshiba Defendants are agents of each other.

In *Brown v. General Steel Domestic Sales, LLC*, No. CV 08-00779 MMM (SHx), 2008 WL 2128057, at *7 (C.D. Cal. May 19, 2008) (Costco Br. at 8), the plaintiff did "not specifically allege that the non-signatory defendants are, or are being sued as, agents of General Steel." Again, Costco's allegations of an agency relationship between and among the Toshiba Defendants place this case in a far different category.

Costco argues that, in order for an agent to compel arbitration, there must exist a "general" principal-agent relationship and that, in this case, Costco has only alleged that the Toshiba Defendants are agents of each other "with respect to the acts, violations and course of conduct alleged by Costco." Costco Br. at 8. In making this argument, Costco ignores the holding of *Amisil*, a case cited in Costco's own brief. No part of the two-part agency test stated in *Amisil* requires the existence of a general principal-agent relationship; rather, *Amisil* notes that the test requires that the acts of the agents for which they are being sued relate to their behavior as agents. 622 F. Supp. 2d at 832. This test is satisfied with respect to the Toshiba Defendants because they are alleged to be agents with respect to the "violations . . . alleged by Costco." Compl. at ¶ 55.

### 2. The Estoppel Principle Allows All Of The Toshiba Defendants To Demand Arbitration

Apart from the agency principle, the Toshiba Defendants are also entitled to rely upon the arbitration clause because of the estoppel principle — having alleged that the Toshiba Defendants acted as one entity, Costco should now be estopped from arguing that they are, in fact, separate entities.

The estoppel principle allows non-signatories to demand arbitration in several circumstances. As relevant to this issue, "where a lawsuit against non-signatories is

THE TOSHIBA DEFENDANTS' RESPONSE TO COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION COMPELLING ARBITRATION WITH THE TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
7

inherently bound up with claims against a signatory, the court should compel arbitration in order to avoid denying the signatory the benefit of the arbitration clause, and in order to avoid duplicative litigation which undermines the efficiency of arbitration." *Amisil*, 622 F. Supp. 2d at 840 (quoting *Hawkins v. KPMG LLP*, 423 F. Supp. 2d 1038, 1050 (N.D. Cal. 2006)); *see also Fujian Pacific Electric Co. Ltd. v. Bechtel Power Corp.*, No. C 04-3126 MHP, 2004 WL 2645974, at *5 (N.D. Cal. Nov. 19, 2004) (same). This principle applies with full force here. Costco has sued five Toshiba entities (four of which are non-signatories and one of which is the successor to a signatory). Costco has alleged that these five entities acted in concert with one another by entering into a price-fixing conspiracy that harmed Costco. The allegations of coordinated and inter-dependent conduct made by Costco easily qualify as claims that are "inherently bound up with claims against a signatory . . . ." *Amisil*, 622 F. Supp. 2d at 840. If the Court were to deny the motion to compel arbitration with respect to the non-signatory Toshiba Defendants, arbitration would proceed against the one successor to a signatory Toshiba Defendant. This would lead to precisely the type of inefficient result that the estoppel principle seeks to avoid.

### C. There Is No Case Or Controversy Concerning Costco's Argument That The Court Should Declare Any Waiver Of Treble Damages Unenforceable In The Antitrust Context

Costco argues that, if the Court were to grant the Toshiba Defendants' motion to compel arbitration, "it may compel arbitration only if it first declares any purported waiver of treble damages unenforceable in the antitrust context." Costco Br. at 10. The Court should decline to entertain this argument because it presents no justiciable case or controversy.

"The Constitution limits the jurisdiction of the federal courts to live cases and controversies, and as such, federal courts may not issue advisory opinions." *Kittel v. J.E. Thomas*, 620 F.3d 949, 951 (9th Cir. 2010) (citing U.S. Const., art. III; *Flast v. Cohen*, 392 U.S. 83, 96 (1968)). Here, there is no case or controversy concerning any purported waiver of treble damages because the Vendor Agreement that the Toshiba Defendants rely upon makes no reference to treble damages whatsoever. The cases cited by Costco all involve

situations where the agreement requiring arbitration also requires the parties to waive substantive rights afforded under a statute (such as a waiver of treble damages). *See, e.g.*, *Booker v. Robert Half Int'l, Inc.*, 413 F.3d 77, 79 (D.C. Cir. 2005) (Costco Br. at 10) (noting that statutory claims may be subject to agreements to arbitrate "so long as the agreement does not require the claimant to forgo substantive rights afforded under the statute"). That is not the case here. Because the Vendor Agreement does not bar the issuance of treble damages, there is no case or controversy concerning that issue.

Granted, once in arbitration, the Toshiba Defendants intend to rely upon agreements other than the Vendor Agreement in support of their position that Costco has agreed to release its *prior* claims for treble damages. There is a difference between releases of statutory claims involving prior conduct (which are permissible) and waivers of statutory claims involving future conduct (which are barred as contrary to public policy). *Compare Duffy Theatres, Inc. v. Griffith Consol. Theatres, Inc.*, 208 F.2d 316, 324 (10th Cir. 1954) ("A release of a civil claim for damages for violation of the anti-trust laws is not invalid because of illegality. Such a release violates no law and is not contrary to public policy.") *with Gaines v. Carrollton Tobacco Bd. of Trade, Inc.*, 386 F.2d 757, 759 (6th Cir. 1967) ("it seems clear as a matter of law that such an agreement, if executed in a fashion calculated to waive damages arising from *future* violations of the antitrust laws, would be invalid on public policy grounds") (emphasis added). The validity of this argument, however, is not before the Court. It will be for the arbitrator to consider. As noted by the Special Master, "[i]f a party disagrees with the arbitrator's decision, that party's remedy lies in challenging the arbitral decision." Report ¶ 9. Accordingly, the Court should decline Costco's invitation to render an advisory opinion.

### III. CONCLUSION

For these reasons and the reasons contained in the Toshiba Defendants' Motion to Compel Arbitration, their Reply in Support of Motion to Compel Arbitration, and their Motion to Adopt In Part Special Master's Report and Recommendation Regarding the Toshiba Defendants' Motion to Compel Arbitration, the Court should adopt in part the Special

1  Master's Report and Recommendation, dismiss all claims against the Toshiba Defendants, and
2  direct Costco to arbitrate its claims against the Toshiba Defendants.

4  Dated:  November 28, 2012                          Respectfully submitted,

**WHITE & CASE** LLP

By:  /s/ Lucius B. Lau
    Christopher M. Curran (*pro hac vice*)
    ccurran@whitecase.com
    George L. Paul (*pro hac vice*)
    gpaul@whitecase.com
    Lucius B. Lau (*pro hac vice*)
    alau@whitecase.com
    701 Thirteenth Street, N.W.
    Washington, DC  20005
    tel.: (202) 626-3600
    fax: (202) 639-9355

    *Counsel to Defendants Toshiba*
    *Corporation, Toshiba America, Inc.,*
    *Toshiba America Information Systems, Inc.,*
    *Toshiba America Consumer Products,*
    *L.L.C., and Toshiba America Electronic*
    *Components, Inc.*

**CERTIFICATE OF SERVICE**

On November 28, 2012, I caused a copy of "THE TOSHIBA DEFENDANTS' RESPONSE TO COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION COMPELLING ARBITRATION WITH THE TOSHIBA DEFENDANTS" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 2, 2008.

                                                     */s/ Lucius B. Lau*
                                                      Lucius B. Lau