David J. Burman (admitted *pro hac vice*)
Cori G. Moore (admitted *pro hac vice*)
Noah G. Purcell (admitted *pro hac vice*)
Nicholas H. Hesterberg (admitted *pro hac vice*)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:   206.359.8000
Facsimile:    206.359.9000

Joren Bass, State Bar No. 208143
JBass@perkinscoie.com
**PERKINS COIE LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone:   415.344.7120
Facsimile:    415.344.7320

Attorneys for Plaintiff
Costco Wholesale Corporation

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917 |
| This document relates to:<br><br>Case No. C 11-6397 SC<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HITACHI, LTD., et al.,<br><br>Defendants. | Judge: Honorable Samuel Conti<br><br>Special Master: Hon. Charles A. Legge (Ret.)<br><br>**MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION COMPELLING ARBITRATION WITH THE TOSHIBA DEFENDANTS**<br><br>**Oral Argument Requested**<br><br>Date:          January 25, 2013<br>Time:         10:00 a.m.<br>Before:       Hon. Samuel Conti<br>Courtroom: One, 17th Floor |

# I. ARGUMENT

Costco is aware that the Court's standing orders make no mention of reply briefs. Costco asks, however, that the Court permit the attached reply because Toshiba's response (Dkt. 1467) to Costco's objections (Dkt. 1457) raises arguments Toshiba never raised before and in fact contradicts Toshiba's position before the Special Master. Four points, in particular, require a reply.

First, Toshiba's response claims that Costco is "judicially estopped" from challenging the agency theory on which Toshiba sought (and the Special Master granted) the request of the non-signatory Toshiba defendants to compel arbitration with Costco. Dkt. 1467 at 5. Toshiba never made this argument to the Special Master, *see* Dkts. 1332 (Toshiba's Motion to Compel Arbitration), 1398 (Toshiba's Reply in Support of Motion to Compel), so Costco has not had the opportunity to address it. Costco's proposed reply explains why this argument is meritless.

Second, Toshiba's response claims that the issue of whether treble damages will be available to Costco if the Court compels arbitration "presents no justiciable case or controversy." Dkt. 1467 at 8. Again, Toshiba never presented this argument to the Special Master, instead arguing only that this issue was one for the arbitrator rather than the Court based largely on the AAA rules. *See* Dkts. 1332 (never mentioning treble damages), 1398 at 11-14 (arguing that the court should not decide the treble damages issue but never mentioning ripeness or justiciability). Again, Costco's proposed reply explains the flaws in Toshiba's new argument.

Third, Toshiba's response argues that this Court should force Costco to arbitrate with all five Toshiba defendants, including the four that Costco never signed a contract with, based on equitable estoppel. Dkt. 1467 at 7-8. Refreshingly, Toshiba did raise this argument to the Special Master, but Special Master Legge rejected it and did not rely on it in his recommendation. *See* Dkt. 1433. For that reason, Costco did not brief the issue in its objection. *See* Dkt. 1457. Costco's proposed reply explains why Toshiba's argument fails.

Finally, Toshiba's response claims that the Toshiba Defendants have not "conceded that Costco's claim for joint and several liability must remain in the MDL." Dkt. 1467 at 3-4. As Costco explains in its proposed reply, this is directly contrary to Toshiba's briefing and argument

1

MOTION FOR LEAVE TO FILE REPLY ISO COSTCO'S OBJECTIONS
TO THE SPECIAL MASTER'S REPORT
Case No. 07-5944-SC; MDL No. 1917

1  to the Special Master, where Toshiba said that the only "arbitrable claims" were "the claims
2  involving Costco's direct purchases from the Toshiba Defendants," so Costco's "claims against
3  the Toshiba Defendants based upon joint and several liability" should remain in the MDL.  Dkt.
4  1398 at 14-15.  Indeed, Toshiba drafted the exact language used by the Special Master to which
5  Toshiba now objects.
6      For the reasons above, and to ensure that the Court has full information in issuing its
7  decision, Costco respectfully asks the Court to accept Costco's proposed reply.

DATED:  December 5, 2012

s/ David J. Burman
David J. Burman (admitted *pro hac vice*)
Cori G. Moore (admitted *pro hac vice*)
Noah G. Purcell (admitted *pro hac vice*)
Nicholas H. Hesterberg (admitted *pro hac vice*)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:	206.359.8000
Facsimile:	206.359.9000

Joren Bass, State Bar No. 208143
JBass@perkinscoie.com
**PERKINS COIE LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone:	415.344.7120
Facsimile:	415.344.7320

Attorneys for Plaintiff
Costco Wholesale Corporation

29040-0318/LEGAL25291005.1

2
MOTION FOR LEAVE TO FILE REPLY ISO COSTCO'S OBJECTIONS
TO THE SPECIAL MASTER'S REPORT
Case No. 07-5944-SC; MDL No. 1917