1  David J. Burman (admitted *pro hac vice*)
   Cori G. Moore (admitted *pro hac vice*)
2  Noah G. Purcell (admitted *pro hac vice*)
   Nicholas H. Hesterberg (admitted *pro hac vice*)
3  **PERKINS COIE** LLP
   1201 Third Avenue, Suite 4900
4  Seattle, WA 98101-3099
   Telephone:      206.359.8000
5  Facsimile:      206.359.9000

6  Joren Bass, State Bar No. 208143
   JBass@perkinscoie.com
7  **PERKINS COIE** LLP
   Four Embarcadero Center, Suite 2400
8  San Francisco, CA  94111-4131
   Telephone:      415.344.7120
9  Facsimile:      415.344.7320

10 Attorneys for Plaintiff
   Costco Wholesale Corporation

11

12                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
13                    SAN FRANCISCO DIVISION

14

15 IN RE: CATHODE RAY TUBE (CRT)          Master File No. 3:07-cv-05944-SC
   ANTITRUST LITIGATION                   MDL No. 1917
16

17 This document relates to:             Judge: Honorable Samuel Conti

18 Case No. C 11-6397 SC                 Special Master: Hon. Charles A. Legge (Ret.)

19 COSTCO WHOLESALE CORPORATION,         **REPLY IN SUPPORT OF COSTCO'S
                                         OBJECTIONS TO THE SPECIAL
20                    Plaintiff,         MASTER'S REPORT AND
                                         RECOMMENDATION COMPELLING
21       v.                             ARBITRATION WITH THE TOSHIBA
                                         DEFENDANTS**
22 HITACHI, LTD., et al.,
                                         **Oral Argument Requested**
23                    Defendants.
                                         Date:          January 25, 2013
24                                       Time:          10:00 a.m.
                                         Before:        Hon. Samuel Conti
25                                       Courtroom:     One, 17th Floor

26

27

28

REPLY ISO COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT
Case No. 07-5944-SC; MDL No. 1917

1

## TABLE OF CONTENTS

2

PAGE

3   I.    ARGUMENT ..................................................................................................... 1

4         A.    Costco is Not Judicially Estopped From Arguing Against the Non-
                Signatory Toshiba Defendants' Meritless Agency Theory ..................................... 1
5

6         B.    Costco Cannot Be Equitably Estopped from Litigating Against the Non-
                Signatory Toshiba Defendants ................................................................................. 3

7         C.    Whether Treble Damages Are Available in Arbitration is Plainly
                Justiciable ................................................................................................................. 5
8

9         D.    Costco Cannot Be Forced to Arbitrate with the Toshiba Defendants as to
                Purchases from Others, as Toshiba has Conceded .................................................. 7

10  II.   CONCLUSION ................................................................................................. 10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Amisil Holdings Ltd. v. Clarium Capital Management*,
   622 F. Supp. 2d 825 (N.D. Cal. 2007) .................................................................... 2

*Bencharsky v. Cottman Transmission Sys., LLC*,
   625 F. Supp. 2d 872 (N.D. Cal. 2008) .................................................................... 5

*Booker v. Robert Half Int'l, Inc.*,
   413 F.3d 77 (D.C. Cir. 2005) ................................................................................... 5

*Boyd v. Homes of Legend, Inc.*,
   981 F. Supp. 1423 (M.D. Ala. 1997), *rev'd on other grounds*,
   188 F.3d 1294 (11th Cir. 1999) ............................................................................... 2

*Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*,
   622 F.3d 996 (9th Cir. 2010) ................................................................................... 6

*Britton v. Co-op Banking Group*,
   4 F.3d 742 (9th Cir. 1993) ....................................................................................... 2

*Britton v. Co-op Banking Group*,
   916 F.2d 1405 (9th Cir. 1990) ............................................................................. 1, 2

*Brown v. Gen. Steel Domestic Sales, LLC*,
   2008 WL 2128057 (C.D. Cal. May 19, 2008) ......................................................... 1

*Chastain v. Union Sec. Life Ins. Co.*,
   502 F. Supp. 2d 1072 (C.D. Cal. 2007) ........................................................... 1, 3, 4

*Comer v. Micor, Inc.*,
   436 F.3d 1098 (9th Cir. 2006) ................................................................................. 3

*Coors Brewing Co. v. Molson Breweries*,
   51 F.3d 1511 (10th Cir. 1995) ............................................................................... 10

*First Options of Chicago, Inc. v. Kaplan*,
   514 U.S. 938 (1995) .................................................................................................. 9

*Gilmer v. Interstate/Johnson Lane Corp.*,
   500 U.S. 20 (1991) .................................................................................................... 5

*Graham Oil Co. v. ARCO Prods. Co.*,
   43 F.3d 1244 (9th Cir. 1994) ............................................................................... 5, 6

i

*Hamilton v. State Farm Fire & Cas. Co.*,
   270 F.3d 778 (9th Cir. 2001)........................................................................... 9

*In re Humana Inc. Managed Care Litig.*,
   285 F.3d 971 (11th Cir. 2002).................................................................... 3, 4

*In re TFT-LCD*,
   2011 WL 3353867 (N.D. Cal. Aug. 3, 2011).......................................... 9, 10

*In re TFT-LCD*,
   2011 WL 4017961 (N.D. Cal. Sept. 9, 2011) ......................................... 4, 5, 7

*In re TFT-LCD*,
   Dkt. 4526 at 2 (N.D. Cal. Jan. 10, 2012) ............................................. 9, 10

*In re TFT-LCD*,
   Dkt. 6622 at 1-2 (N.D. Cal. Sept. 5, 2012) .................................................. 10

*Klay v. All Defendants*,
   389 F.3d 1191 (11th Cir. 2004)....................................................................... 3

*Knapp v. Ernst & Whinney*,
   90 F.3d 1431 (9th Cir. 1996)........................................................................... 9

*Kristian v. Comcast Corp.*,
   446 F.3d 25 (1st Cir. 2006) ......................................................................... 5, 6

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
   473 U.S. 614 (1985) ......................................................................................... 6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) ............................................................................................. 5

*Mundi v. Union Sec. Life Ins. Co.*,
   555 F.3d 1042 (9th Cir. 2009)......................................................................... 4

*PacifiCare Health Sys., Inc. v. Book*,
   538 U.S. 401 (2003) ......................................................................................... 3

*Ross v. Am. Exp. Co.*,
   547 F.3d 137 (2d Cir. 2008)............................................................................ 4

*Shankle v. B-G Maint. Mgmt. of Colorado, Inc.*,
   163 F.3d 1230 (10th Cir. 1999)....................................................................... 6

*Sokol Holdings, Inc. v. BMB Munai, Inc.*,
   542 F.3d 354 (2d Cir. 2008)............................................................................ 4

*Wash. Mut. Fin. Grp., LLC v. Bailey*,
   364 F.3d 260 (5th Cir. 2004)........................................................................... 3

ii

1

# I.   ARGUMENT

Toshiba's response raises arguments it never raised to the Special Master and arguments that contradict its position before the Special Master, and those arguments require a response.

## A.   Costco is Not Judicially Estopped From Arguing Against the Non-Signatory Toshiba Defendants' Meritless Agency Theory

In seeking to compel arbitration, the four non-signatory Toshiba Defendants argued that they could invoke Costco's contract with Toshiba America Consumer Products ("TACP") on an agency theory because Costco alleged that all of the Toshiba Defendants acted as each other's agents in carrying out the conspiracy.  Purcell Decl. Exh. F (Dkt. 1398) at 7-10.  Toshiba never suggested that Costco was estopped from arguing otherwise.  *See id.*  But now that the Special Master has adopted Toshiba's agency theory, Purcell Decl. Exh. A (Dkt. 1433) ¶ 5, Toshiba claims that Costco is barred from challenging this holding.  Dkt. 1467 at 6 ("Having alleged that the Toshiba Defendants were agents of one another in its Complaint, Costco cannot now take a different position.").  This argument misunderstands both agency law and Costco's allegations.

Costco's opening brief explained that under binding Ninth Circuit precedent—never addressed by the Special Master—a non-signatory may invoke an arbitration clause under an agency theory only where the non-signatory establishes that it is actually an agent of the signatory, which the non-signatory Toshiba Defendants have not even attempted to do.  *See, e.g.*, *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1414 (9th Cir. 1990) ("remand[ing] the case to the district court for further determination and fact-finding as to whether the" non-signatory seeking to invoke the arbitration clause was actually an agent of the signatory); *Chastain v. Union Sec. Life Ins. Co.*, 502 F. Supp. 2d 1072, 1075 (C.D. Cal. 2007) ("The trial court sits as a trier of fact, weighing all the declarations and other evidence to reach a final determination" on "the question of whether a nonsignatory to an arbitration agreement can compel a signatory to submit to arbitration."); *Brown v. Gen. Steel Domestic Sales, LLC*, 2008 WL 2128057, at *7 & n.45 (C.D. Cal. May 19, 2008) (denying non-signatory defendants' motion to compel arbitration where "[t]he non-signatory defendants make no argument that they are in fact agents of [the signatory defendant]" but instead "rely exclusively on the allegations in the [plaintiffs'] complaint").

1

1    Toshiba first attacks this clear law on the merits, arguing that *Amisil Holdings Ltd. v.*

2    *Clarium Capital Management*, 622 F. Supp. 2d 825 (N.D. Cal. 2007),  establishes a two-part test,

3    Dkt. 1467 at 5, and that both parts are met here: "Taken together, *Letizia* and *Britton* establish

4    that agents of a signatory can compel the other signatory to arbitrate so long as (1) the wrongful

5    acts of the agents for which they are sued relate to their behavior as agents or in their capacities as

6    agents (*Letizia*) and (2) the claims against the agents arise out of or relate to the contract

7    containing the arbitration clause (*Britton*)."  *Amisil*, 622 F. Supp. 2d at 832.  But the non-

8    signatory Toshiba Defendants ignore the prerequisite to applying the test contained in this very

9    quotation: "Taken together, *Letizia* and *Britton* establish that **agents of a signatory** can compel

10   the other signatory to arbitrate" when this test is met.  *Id.* (emphasis added).  Thus, this test only

11   comes into play if the non-signatories are "agents of a signatory," not "alleged agents," co-

12   defendants, related corporate entities, or anything else.  The non-signatory Toshiba Defendants

13   have not proven that they are agents of TACP (indeed, they have denied that they are, *see, e.g.*,

14   Dkt. 491), so they cannot invoke the doctrine.

15   Notwithstanding Toshiba's estoppel argument, nothing in Costco's complaint bars Costco

16   from making this fundamental point.  On the contrary, Costco's complaint alleges only that the

17   Toshiba Defendants (and indeed, all defendants) acted as "the principal, agent, or joint venturer

18   of, or for, other Defendants *with respect to the acts, violations, and course of conduct alleged by*

19   *Costco*."  Complaint ¶ 55 (emphasis added).  But as Costco has already explained, to invoke the

20   agency doctrine, the non-signatory Toshiba Defendants must establish *not* that they acted as

21   TACP's agents in carrying out the conspiracy, but rather that they were TACP's agents generally,

22   or at least in carrying out TACP's vendor agreement with Costco, and Costco has never alleged

23   such a relationship (and Toshiba has never proven one).  *See, e.g.*, *Britton v. Co-op Banking*

24   *Group*, 4 F.3d 742, 747 (9th Cir. 1993) (applying the agency test only after finding that the non-

25   signatory "was an agent, officer and employee of [the signatory defendant]"); *Amisil*, 622 F.

26   Supp. 2d at 832 (allowing "agents of a signatory" to invoke contract); *Boyd v. Homes of Legend,*

27   *Inc.*, 981 F. Supp. 1423, 1432 (M.D. Ala. 1997) (rejecting agency theory because "there is no

28

2

1  basis here to conclude that an agency relationship exists between the [non-signatory defendant]

2  and the [signatory defendant]"), *rev'd on other grounds*, 188 F.3d 1294 (11th Cir. 1999).

3          Thus, Toshiba's argument mischaracterizes both Costco's allegations and the case law on

4  agency, and the Court should reject its position.

5  **B.    Costco Cannot Be Equitably Estopped from Litigating Against the Non-Signatory**
        **Toshiba Defendants**

6

7          The non-signatory Toshiba Defendants also claim that they can force Costco into

8  arbitration based on equitable estoppel.  The Special Master rejected this argument, and rightly

9  so, for Toshiba cannot establish the prerequisites for applying equitable estoppel.

10         Equitable estoppel is an equitable doctrine meant to "'preclude[] a party from claiming the

11  benefits of a contract while simultaneously attempting to avoid the burdens that contract

12  imposes.'"  *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (quoting *Wash. Mut. Fin.*

13  *Grp., LLC v. Bailey*, 364 F.3d 260, 267 (5th Cir. 2004)).  *See also Chastain*, 502 F. Supp. 2d at

14  1078 ("The purpose of estoppel is to prevent a plaintiff from availing himself of the favorable

15  parts of a contract while disavowing the unfavorable parts—here, the arbitration clause.").

16                  In all cases, the lynchpin for equitable estoppel is equity, and the
                point of applying it to compel arbitration is to prevent a situation
17                that would fly in the face of fairness.  The purpose of the doctrine
                is to prevent a plaintiff from . . . relying on the contract when it
18                works to his advantage by establishing the claim, and repudiating it
                when it works to his disadvantage by requiring arbitration.
19

20  *In re Humana Inc. Managed Care Litig.*, 285 F.3d 971, 976 (11th Cir. 2002) (internal citations

21  and quotation marks omitted).[1]  This purpose does not apply here, and neither does the doctrine.

22         Costco's complaint does not "'claim[] the benefits of a contract while simultaneously

23  attempting to avoid the burdens that contract imposes.'"  *Comer*, 436 F.3d at 1101 (quoting *Wash.*

24  *Mut.*, 364 F.3d at 267).  Costco has not asserted breach of contract, and its complaint never even

25

26

27  [1] *PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401 (2003), reversed the result in *Humana* on
    other grounds.  All other aspects of the Eleventh Circuit's ruling in *Humana*, including its
    equitable estoppel analysis, are still good law.  *See, e.g., Klay v. All Defendants*, 389 F.3d 1191,
28  1195-96 & n.3, 1998-99 & nn.5, 6 (11th Cir. 2004).

REPLY ISO COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT
Case No. 07-5944-SC; MDL No. 1917

1   mentions any contract, much less relies on one.  The reason is not that Costco sought to avoid

2   arbitration; it is that Costco's claim does not depend on its contracts in the slightest.

3        This alone should suffice to reject the non-signatory Toshiba Defendants' invocation of

4   equitable estoppel, for "[t]he plaintiff's actual dependence on the underlying contract in making

5   out the claim against the nonsignatory defendant is . . . always the *sine qua non* of an appropriate

6   situation for applying equitable estoppel."  *Humana*, 285 F.3d at 976.  *See also Mundi v. Union*

7   *Sec. Life Ins. Co.*, 555 F.3d 1042, 1047 (9th Cir. 2009) (refusing to apply equitable estoppel

8   where "[t]he resolution of [the plaintiff's] claim does not require the examination of any

9   provisions of the [agreement]"); *Chastain*, 502 F. Supp. 2d at 1080 (finding that "equitable

10  considerations do[] not compel arbitration" because "Plaintiff has done nothing to rely on or

11  invoke the terms of the cardmember agreement, while attempting to avoid arbitration of those

12  claims," and "there simply is no reason in equity to estop Plaintiff from disclaiming the

13  arbitration clause in an agreement that he has otherwise not invoked").

14       The non-signatory Toshiba Defendants' argument also ignores that "[e]stoppel does not

15  apply unless 'the totality of the evidence supports an objective intention to agree to arbitrate.'"

16  *In re TFT-LCD Antitrust Litig.* ("*In re TFT-LCD*"), M 07-1827 SI, 2011 WL 1753784, at *5

17  (N.D. Cal. May 9, 2011) (quoting *Ross v. Am. Exp. Co.*, 547 F.3d 137, 148 (2d Cir. 2008)).  Thus,

18  "there is a 'black letter rule that the obligation to arbitrate depends on consent,' and cases that

19  rely on estoppel to compel arbitration with nonsignatories 'simply extend its contours somewhat

20  by establishing that the consent need not always be expressed in a formal contract made with the

21  party demanding arbitration.'"  *Id.* (quoting *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 542 F.3d

22  354, 361-62 (2d Cir. 2008)).  For that reason, "a nonsignatory defendant faces a heavy burden to

23  show that the signatory plaintiff intended to submit to arbitration, notwithstanding the absence of

24  a formal agreement," and "must present . . . evidence sufficient to demonstrate such intent."  *Id.*

25  The non-signatory Toshiba Defendants provide no such evidence.

26       Toshiba has no answer to these cases, and instead argues that the Court should force

27  arbitration on a theory of equitable estoppel because it would be "inefficient" for Costco to

28  arbitrate against TACP while remaining in the MDL with the non-signatory Toshiba Defendants.

1   Dkt. 1467 at 8.  But alleged inefficiency provides no basis for forcing Costco to arbitrate with

2   parties as to whom it never agreed to arbitrate.  *See, e.g.*, *Moses H. Cone Mem'l Hosp. v. Mercury*

3   *Constr. Corp.*, 460 U.S. 1, 20 (1983) (holding that, despite allegations of joint misconduct on the

4   part of a signatory and non-signatory defendant, the non-signatory defendant could not be forced

5   into arbitration because "federal law *requires* piecemeal resolution when necessary to give effect

6   to an arbitration agreement").

7   **C.      Whether Treble Damages Are Available in Arbitration is Plainly Justiciable**

8          Toshiba admits that if the Court orders arbitration, Toshiba will then argue in the arbitral

9   forum that Costco is barred from seeking treble damages.  Dkt. 1467 at 9.  But case law from the

10  Supreme Court, Ninth Circuit, and other circuits could not be clearer that courts may only order

11  arbitration of statutory claims if remedies mandated by statute will be available in arbitration.

12  *See, e.g.*, *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) ("By agreeing to

13  arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it

14  only submits to their resolution in an arbitral, rather than a judicial, forum."); *Booker v. Robert*

15  *Half Int'l, Inc.*, 413 F.3d 77, 79 (D.C. Cir. 2005) (Roberts, J.) ("Statutory claims may be subject

16  to agreements to arbitrate, so long as the agreement does not require the claimant to forgo

17  substantive rights afforded under the statute."); *Graham Oil Co. v. ARCO Prods. Co.*, 43 F.3d

18  1244, 1247-48 (9th Cir. 1994) (holding arbitration clause unenforceable because it "compels

19  Graham Oil to surrender important statutorily-mandated rights," including exemplary damages);

20  *Bencharsky v. Cottman Transmission Sys., LLC*, 625 F. Supp. 2d 872, 882 (N.D. Cal. 2008)

21  ("[A]n arbitration agreement cannot be made to serve as a vehicle for the waiver of statutory

22  rights.").  Thus, because treble damages are mandatory under the Sherman Act, a Sherman Act

23  plaintiff like Costco cannot be forced to arbitrate in a forum where treble damages will be

24  unavailable.  *See, e.g.*, *Kristian v. Comcast Corp.*, 446 F.3d 25, 47-48 (1st Cir. 2006) (holding

25  that "the award of treble damages under the federal antitrust statutes cannot be waived," so

26  arbitration could not be ordered in a forum where such damages were unavailable); *Graham Oil*,

27  43 F.3d at 1247-48  (holding arbitration clause unenforceable because it "compels Graham Oil to

28  surrender important statutorily-mandated rights," including exemplary damages); *In re TFT-LCD*,

1   2011 WL 4017961, at *6 (N.D. Cal. Sept. 9, 2011) ("[A] party may not waive its right to treble

2   damages in the antitrust context through a contractual limitation on recoverable damages.").

3          Contrary to Toshiba's current position, this issue is plainly ripe for decision if the Court

4   finds this dispute covered by the arbitration agreement, because the question of whether

5   statutorily mandated damages will be available in arbitration is an "issue of arbitrability" to be

6   decided by the Court prior to ordering arbitration. *See, e.g.*, *Mitsubishi Motors Corp. v. Soler*

7   *Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 n.19 (1985) (stating that if a contractual agreement

8   had operated "as a prospective waiver of a party's right to pursue statutory remedies for antitrust

9   violations, we would have little hesitation in condemning the agreement as against public

10  policy"); *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1000 (9th Cir.

11  2010) ("The arbitrability of a particular dispute is a threshold issue to be decided by the courts,"

12  and "when a plaintiff argues that an arbitration clause, standing alone, is unenforceable—for

13  reasons independent of any reasons the remainder of the contract might be invalid—that is a

14  question to be decided by the court."); *Kristian*, 446 F.3d at 47-48 (declaring enforceability of

15  treble damages waiver an "issue of arbitrability" and invalidating waiver); *Shankle v. B-G Maint.*

16  *Mgmt. of Colorado, Inc.*, 163 F.3d 1230, 1235 (10th Cir. 1999) ("[[I]t is within the court's power

17  to consider the arbitrability of a petitioner's claims."); *Graham Oil*, 43 F.3d at 1247-48 (holding

18  treble damages waiver unenforceable pre-arbitration).

19         Nonetheless, Toshiba now claims that all of these cases are distinguishable because the

20  "Vendor Agreement" invoked by Toshiba makes no reference to treble damages. Dkt. 1467 at 8.

21  This argument is disingenuous at best, because the "Vendor Agreement" invoked by Toshiba

22  contains no arbitration clause at all. *See* Purcell Decl. Exh. D. Rather, the Vendor Agreement

23  provides that: "All sales and deliveries of all products by [TACP] to [Costco] . . . will be covered

24  by and subject to . . . [t]he attached [Costco] Standard Terms, *as they may be amended from time*

25  *to time*." *Id.* ¶ A (emphasis added). It is the Standard Terms that contain an arbitration clause,

26  *see id.* ¶ 20, and thus it is the Standard Terms that Toshiba relies on here. And although the 1994

27  Standard Terms that Toshiba attached to its motion make no reference to treble damages, the

28  2004 version of the Standard Terms (which Toshiba apparently intends to invoke in arbitration)

REPLY ISO COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT
Case No. 07-5944-SC; MDL No. 1917

1   forbids "punitive, exemplary, treble, or other enhanced damages." *In re TFT-LCD*, 2011 WL

2   4017961, at *6.  The 2004 Standard Terms, however, also specify that "[t]he limitations on

3   remedies . . . may be deemed inoperative to the extent necessary to preserve the enforceability of

4   the agreement to arbitrate." *Id.*  Toshiba cannot disavow the 2004 Standard Terms here in order

5   to get into arbitration and then embrace those terms in arbitration to limit Costco's statutorily

6   mandated damages.  That is why Judge Illston held in the LCD MDL that the treble damages

7   waiver in the 2004 Standard Terms "is unenforceable" as to an antitrust claim.  *Id.*  Costco

8   respectfully asks the Court to do the same.

9   **D.      Costco Cannot Be Forced to Arbitrate with the Toshiba Defendants as to**
           **Purchases from Others, as Toshiba has Conceded**

10

11          When Toshiba moved to compel arbitration, Costco argued in its response to the Special

12   Master that "Costco's claim against the Toshiba Defendants for joint and several liability" was

13   "not subject to arbitration," just as Judge Illston held in the LCD MDL.  Purcell Decl. Exh. E.

14   (Dkt. 1377) at 12.  In reply, Toshiba agreed that such claims were not subject to arbitration, but

15   argued that "[t]he existence of" Costco's "claims against the Toshiba Defendants based upon joint

16   and several liability" "does not mean that the arbitrable claims (i.e., the claims involving Costco's

17   direct purchases from the Toshiba Defendants) should remain in the case." *Id.* Exh. F (Dkt. 1398)

18   at 14-15.  Toshiba thus expressly drew a distinction between "the arbitrable claims (i.e., the

19   claims involving Costco's direct purchases from the Toshiba Defendants)," and Costco's "claims

20   against the Toshiba Defendants based upon joint and several liability." *Id.*  In other words,

21   Toshiba conceded that Costco's claim against Toshiba based on its purchases from other

22   defendants (i.e., its claim for joint and several liability) should remain in the MDL.

23          Toshiba confirmed this concession at oral argument before the Special Master.  The

24   Special Master repeatedly asked Toshiba about this concession and whether it would be more

25   efficient to send Costco's entire claim against Toshiba to arbitration.  Second Declaration of Noah

26   Purcell ("Second Purcell Decl.") ¶¶ 3-5.  Toshiba responded that regardless of efficiency,

27   Costco's claim against Toshiba had to be bifurcated, with the joint and several claim remaining in

28   the MDL and the claim based on purchases from Toshiba proceeding in arbitration. *Id.* ¶¶ 4-5.

1    Toshiba also said that it had "strategic reasons" for seeking such bifurcation. *Id.* ¶ 5. Moreover,

2    Toshiba specifically stated that it was not requesting that Costco's entire claim against Toshiba be

3    dismissed, but rather that it was only seeking dismissal and arbitration of Costco's claim against

4    Toshiba based on Costco's purchases from Toshiba. *Id.* ¶ 4.

5           At the conclusion of the hearing, the Special Master asked Toshiba's counsel to prepare

6    for his signature a draft Report and Recommendation. *Id.* ¶ 6. Toshiba then submitted a draft, *id.*

7    Exh. A, which the Special Master adopted verbatim except for handwritten changes to paragraph

8    2 that are irrelevant here. *Compare* Purcell Decl. Exh. A (Dkt. 1433—Report and

9    Recommendation as entered) *with* Second Purcell Decl. Exh. A (Draft Report and

10    Recommendation Submitted by Toshiba). Both the draft and entered orders specify that: "The

11    Toshiba Defendants' Motion to Compel Arbitration is granted with the exception of claims for

12    co-conspirator or joint and several liability based upon Costco's purchase of products from

13    defendants other than the Toshiba Defendants." Purcell Decl. Exh. A (Dkt. 1433) ¶ 1; Second

14    Purcell Decl. Exh. A ¶ 1. "All *other* claims against the Toshiba Defendants, including all claims

15    based on Costco's direct and indirect purchases of Toshiba products, are referred to arbitration."

16    Purcell Decl. Exh. A (Dkt. 1433) ¶ 2; Second Purcell Decl. Exh. A ¶ 2. Thus, the Special

17    Master's Report and Recommendation, following Toshiba's concession and draft order, specifies

18    that some of Costco's claims are sent to arbitration and dismissed, while "claims for co-

19    conspirator or joint and several liability based upon Costco's purchase of products from

20    defendants other than the Toshiba Defendants" remain in the MDL. Purcell Decl. Exh. A (Dkt.

21    1433) ¶ 1; Second Purcell Decl. Exh. A ¶ 1.

22           Apparently having decided that its "strategic reasons" for seeking to bifurcate Costco's

23    claims were poor, Toshiba now asks the Court to "clarify" the Special Master's Report and

24    Recommendation to undo Toshiba's errors in drafting it. Dkt. 1467 at 3. Contrary to Toshiba's

25    representations at argument, Toshiba now says that it is seeking dismissal and arbitration of

26    Costco's entire claim as to Toshiba. *Id.* at 4. On two grounds, this Court should decline

27    Toshiba's invitation to rewrite the order it drafted.

28

1      First, Toshiba conceded, both in briefing and at argument, that Costco's claim against

2  Toshiba based on joint and several liability should remain in the MDL, just as Judge Illston held

3  in the LCD MDL.  Purcell Decl. Exh. F (Dkt. 1398) at 14-15; Second Purcell Decl. ¶¶ 4-5.

4  Toshiba then embodied this concession in the order it drafted, specifying that: "Arbitration is

5  granted with the exception of claims for co-conspirator or joint and several liability based upon

6  Costco's purchase of products from defendants other than the Toshiba Defendants." Purcell Decl.

7  Exh. A (Dkt. 1433) ¶ 1.  Under the invited error doctrine, Toshiba cannot now object to a ruling it

8  acquiesced in (and, indeed, drafted).  *See Knapp v. Ernst & Whinney*, 90 F.3d 1431, 1438 (9th

9  Cir. 1996) ("[I]nvited error is unreviewable.").  The same result follows under the rule of judicial

10  estoppel, because Toshiba argued before the Special Master—contrary to its position here—that

11  Costco's claim should be bifurcated, the Special Master adopted this position, and Toshiba would

12  gain an unfair advantage by having misled both Costco and the Special Master as to the result it

13  was seeking.  *See, e.g.*, *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-83 (9th Cir.

14  2001) (noting that judicial estoppel bars a party from taking inconsistent positions in the same

15  litigation where the tribunal accepts the first position and the party would gain an unfair

16  advantage if not estopped).

17      Second, even if neither the invited error nor judicial estoppel doctrine bars Toshiba's

18  argument, Toshiba is simply wrong on the merits.  "[A]rbitration . . . is a way to resolve those

19  disputes—but only those disputes—that the parties have agreed to submit to arbitration." *First

20  Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995).  For that reason, an "arbitration

21  clause is necessarily limited to disputes arising out of the business relationship between" the

22  parties, as Judge Illston has repeatedly held in the LCD MDL.  *In re TFT-LCD*, Dkt. 4526 at 2

23  (N.D. Cal. Jan. 10, 2012);  *In re TFT-LCD*, 2011 WL 3353867, at *3 (N.D. Cal. Aug. 3, 2011)

24  (sending Dell's claims against AU Optronics to arbitration "[t]o the extent Dell's claims are based

25  upon purchases made under the" contract containing the arbitration clause).  Therefore, Costco's

26  claim against the Toshiba Defendants is only arbitrable to the extent it arises out of Costco's

27  business relationship with TACP.

28

1    Costco's claim against the Toshiba Defendants for joint and several liability based on its

2    purchases from other defendants does not arise out of Costco's relationship with TACP, as this

3    claim would exist even if Costco had never purchased from (or signed a contract with) TACP.

4    Thus, as Judge Illston has repeatedly held, these claims are not subject to arbitration.  *See In re*

5    *TFT-LCD*, Dkt. 6622 at 1-2 (N.D. Cal. Sept. 5, 2012) (holding that despite presence of

6    enforceable arbitration clause between AUO and Nokia, Nokia could "proceed with its claims

7    against AUO for joint and several liability"); *In re TFT-LCD*, Dkt. 4526 at 2 (N.D. Cal. Jan. 10,

8    2012) ("Jaco's claims are arbitrable to the extent they are based upon purchases it made directly

9    from NEC; to the extent Jaco's claims against NEC are based on coconspirator liability for

10   purchases Jaco made from other defendants, such claims are not subject to arbitration."); *In re*

11   *TFT-LCD*, 2011 WL 3353867, at *3 (N.D. Cal. Aug. 3, 2011) (sending Dell's claims against AU

12   Optronics to arbitration only "[t]o the extent Dell's claims are based upon purchases made under

13   the" contract containing the arbitration clause); *see also Coors Brewing Co. v. Molson Breweries*,

14   51 F.3d 1511, 1516 (10th Cir. 1995) (holding that "[a] dispute within the scope of the contract is

15   still a condition precedent to the involuntary arbitration of antitrust claims," and arbitration is not

16   required as to disputes where "it is simply fortuitous that the parties happened to have a

17   contractual relationship").  The cases Toshiba cites in arguing to the contrary, Dkt. 1461 at 5-6,

18   simply do not address this question, instead dealing with the issue of equitable estoppel, which

19   does not apply here for the reasons Costco has already explained.

20   In short, Toshiba's initial concession was correct, and whether Toshiba is bound by that

21   concession or not, the proper result is the same: this Court should follow Judge Illston and the

22   Special Master in holding that Costco's claim against the Toshiba Defendants for joint and

23   several liability remains in the MDL even if the remainder of Costco's claim is sent to arbitration.

## II.    CONCLUSION

25   The new arguments raised in Toshiba's response are meritless.  Costco has properly

26   rebutted Toshiba's agency theory, equitable estoppel does not apply, the treble damages issue is

27   justiciable, and Toshiba's effort to undo its concession as to joint and several liability fails both

28

REPLY ISO COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT
Case No. 07-5944-SC; MDL No. 1917

1    procedurally and on the merits.  Costco respectfully asks that the Court reject Toshiba's position

2    and the Special Master's recommendation.

3

4    DATED:  December 5, 2012                    s/ David J. Burman

                                                 David J. Burman (admitted *pro hac vice*)
5                                                Cori G. Moore (admitted *pro hac vice*)
                                                 Noah G. Purcell (admitted *pro hac vice*)
6                                                Nicholas H. Hesterberg (admitted *pro hac vice*)

7                                                **PERKINS COIE LLP**
                                                 1201 Third Avenue, Suite 4900
8                                                Seattle, WA 98101-3099
                                                 Telephone:       206.359.8000
9                                                Facsimile:       206.359.9000

10                                               Joren Bass, State Bar No. 208143
                                                 JBass@perkinscoie.com
11                                               **PERKINS COIE LLP**
12                                               Four Embarcadero Center, Suite 2400
                                                 San Francisco, CA  94111-4131
13                                               Telephone:       415.344.7120
                                                 Facsimile:       415.344.7320
14

15                                               Attorneys for Plaintiff
                                                 Costco Wholesale Corporation

16   29040-0318/LEGAL25235111.3

17

18

19

20

21

22

23

24

25

26

27

28

REPLY ISO COSTCO'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT
Case No. 07-5944-SC; MDL No. 1917