Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,
Toshiba America, Inc., Toshiba America
Information Systems, Inc., Toshiba America
Consumer Products, L.L.C., and Toshiba America
Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br>Case No. C 11-6397 SC<br>COSTCO WHOLESALE CORPORATION,<br>    Plaintiff,<br>  v.<br>HITACHI, LTD., et al.,<br>    Defendants. | **THE TOSHIBA DEFENDANTS' RESPONSE IN OPPOSITION TO COSTCO'S MOTION FOR LEAVE TO FILE A REPLY** |

1   The rules in this case are simple and straightforward: any party that wishes to file objections to, or move to adopt, an order, report or recommendation made by the Special Master must do so within fourteen days. Responsive briefs may then be filed "no more than" seven days after the initial brief is filed in ECF. Order Amending Order Appointing Special Master (Dkt. No. 1232), at p. 2 ("June 18, 2012 Order"). Critically, the rules in this case do not contemplate or authorize the filing of reply briefs.

Rather than follow these rules, Costco Wholesale Corporation ("Costco") has decided to create its own set of rules. On November 7, 2012, the Special Master issued his Report and Recommendation Regarding the Toshiba Defendants' Motion to Compel Arbitration ("Report"). On November 21, 2012 (the day before Thanksgiving), the Toshiba Defendants filed a motion to adopt the Report in part and Costco filed objections to the Report, both of which complied with the June 18, 2012 Order. Seven days later, on November 28, 2012, the Toshiba Defendants filed their response to Costco's objections. Costco did not file any response to the Toshiba Defendants' motion to adopt in part, even though the June 18, 2012 Order clearly specifies that any such response must be filed "no more than" seven days after the initial brief is filed in ECF.

The motion for leave to file a reply brief that Costco has now filed is a thinly veiled attempt to avoid the consequences of the deadline that Costco missed. The arguments raised by Costco in its proposed reply could have been raised in response to the Toshiba Defendants' November 21, 2012 motion to adopt in part. Costco's attempt to file a reply amounts to nothing more than gamesmanship. What makes Costco's approach even worse is the fact that it clearly understands that it has missed a court-ordered deadline. On November 30, 2012 (two days after Costco missed its deadline), counsel for Costco sent an email to counsel for the Toshiba Defendants. Declaration of Lucius B. Lau, dated December 10, 2012, at Ex. 1.

THE TOSHIBA DEFENDANTS' RESPONSE IN OPPOSITION TO
COSTCO'S MOTION FOR LEAVE TO FILE A REPLY
Case No. 07-5944 SC
MDL No. 1917

In this email, counsel for Costco explained that he initially believed that "responses were not due until next Wednesday, 12/5." *Id*. Counsel for Costco then stated that he had contacted chambers before the Thanksgiving holiday, but was only informed on November 29, 2012 "that they did intend for responses to be due on the 28th, but that we could change that date by stipulation or motion." *Id*. Counsel for Costco asked that the Toshiba Defendants "stipulate to our response being due on 12/5, and in exchange we would give you an additional week for your reply in support of your objections (so that it would be due 12/19, instead of 12/12)." *Id*. In a subsequent call, counsel for the Toshiba Defendants explained to counsel for Costco that Costco's proposal had little appeal.

As an initial matter, the Ninth Circuit has made clear that the mere miscalculation of a deadline does not constitute excusable neglect that would justify an enlargement of time to file a document. In *Kyle v. Campbell Soup Co.*, 28 F.3d 928 (9th Cir. 1994), a defendant appealed a district court's order that granted a plaintiff leave to file an untimely motion for attorney's fees. The plaintiff missed the original deadline due to his misinterpretation of the Local Rules, as well as Rule 6(e) of the Federal Rules of Civil Procedure. Even though the district court found that the plaintiff's counsel acted in good faith and had not demonstrated professional incompetence, the Ninth Circuit held that the district court erred in granting an enlargement of time: "Although these factors might support a finding of excusable neglect in a case involving different facts, we hold that they do not suffice where the only claimed neglect is an attorney's addition of three days for service by mail to a time period running from docketing of an order or judgment." *Id*. at 931. Costco is like the plaintiff in *Kyle* — even if Costco has acted in good faith, the best that Costco can say is that it misinterpreted the Court's June 18, 2012 Order. Under *Kyle*, that is not enough to establish excusable neglect.

Putting aside the fact that Costco's proposed reply is really a response in disguise, Costco has not established that it is entitled to file a reply. The Court's June 18, 2012 Order simply does not authorize the filing of replies. In drafting the June 18, 2012 Order, the Court must have understood that whatever marginal value is achieved by filing replies is outweighed by the fact that replies simply add to the sheer volume of paper that has been filed in this case. Other courts have struck unauthorized replies. *See Battle v. Chicago Cycle, Inc.*, No. 1:11MC61, 2012 WL 5500507, at *6 (N.D. Ohio Nov. 13, 2012) (striking reply brief filed by party objecting to magistrate's report and recommendation, where governing rules only allowed objection and response); *see also Ham v. Continental Ins. Co.*, No. 08-1551 SC, 2008 WL 4287563, at *1 n.1 (N.D. Cal. Sept. 17, 2008) (Conti, J.) ("The Court will strike further submissions that do not comply with the briefing schedules contained in the Civil Local Rules."). This Court should do the same thing here and strike Costco's proposed "reply."

For these reasons, the Court should deny Costco's Motion For Leave To File Reply In Support of Costco's Objections To The Special Master's Report And Recommendation Compelling Arbitration With The Toshiba Defendants.

\* \* \*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2                                                      Respectfully submitted,
3    Dated:  December 10, 2012            **WHITE & CASE** LLP
4
                                          By:  _/s/ Lucius B. Lau_
5                                              Christopher M. Curran (*pro hac vice*)
                                               ccurran@whitecase.com
6                                              George L. Paul (*pro hac vice*)
7                                              gpaul@whitecase.com
                                               Lucius B. Lau (*pro hac vice*)
8                                              alau@whitecase.com
9                                              701 Thirteenth Street, N.W.
                                               Washington, DC  20005
10                                             tel.: (202) 626-3600
11                                             fax: (202) 639-9355
12
13                                        *Counsel to Defendants Toshiba
                                          Corporation, Toshiba America, Inc.,*
14                                        *Toshiba America Information Systems, Inc.,*
                                          *Toshiba America Consumer Products,*
15                                        *L.L.C., and Toshiba America Electronic*
                                          *Components, Inc.*
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

On December 10, 2012, I caused a copy of "THE TOSHIBA DEFENDANTS' RESPONSE IN OPPOSITION TO COSTCO'S MOTION FOR LEAVE TO FILE A REPLY" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 2, 2008.

                                              */s/ Lucius B. Lau*
                                                Lucius B. Lau

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005