PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
TELEPHONE (202) 223-7300

WASHINGTON, DC 20006-1047

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO. 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
202-223-7356

WRITER'S DIRECT FACSIMILE
202-204-7356

WRITER'S DIRECT E-MAIL ADDRESS
kgallo@paulweiss.com

December 13, 2012

The Honorable Samuel Conti
United States District Judge
United States District Court, Northern District of California
Courtroom No. 1, 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

RE: *In re: Cathode Ray Tube (CRT) Antitrust Litigation*
Master File No. 07-5944 SC; MDL No. 1917
This Document Relates to: Case No. CV-12-80151 MISC

Your Honor:

      We write to inform you of two recent developments related to Sharp Corporation's Objections to the Special Master's Report and Recommendation Regarding Subpoena (MDL Dkt. No. 1430), now pending in the above-referenced action. Neither development, in our view, affects the merits or the ripeness of Sharp's Objections. Nevertheless, we believe it appropriate to update the Court on these developments so that it is fully informed.

      First, Sharp recently entered into a settlement agreement with Chunghwa Picture Tubes, Ltd. ("Chunghwa"), which resolves Sharp's CRT claims against Chunghwa. In connection with that settlement, Chunghwa has produced its responsive documents to Sharp.[1] Because the Chunghwa document production contains only its documents and not documents from any other defendant, it represents only a fraction of the documents that are

---

[1] Sharp received these documents after it filed its Notice of Motion and Motion for Leave to Reply (MDL Dkt. No. 1456) and Reply to the Response of Defendants and the Opposition of Saveri & Saveri, Inc. to Sharp's Objections to the Special Master's Report and Recommendation Regarding Subpoena (MDL Dkt. No. 1455).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Charles A. Legge                                                                                         2

in Saveri & Saveri, Inc.'s possession, and therefore Sharp's request for production of those documents is still important.  Of course, Sharp no longer needs Saveri & Saveri to produce documents produced by Chunghwa.

Second, although no final decision has been reached, Sharp and its subsidiaries are considering filing in the near term an opt-out CRT complaint against certain defendants.  Again, Sharp does not believe this moots either Sharp's Objections or the subpoena to Saveri.  Even though in the normal course of discovery, Sharp would be able to eventually obtain the documents sought in the subpoena, such a process would likely take months, as the parties engage in case initiation activities.  Time would also need to be budgeted for modifying the protective order so that the documents could be used in Korea, as the protective order now prohibits the use of the documents in other litigations.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Kenneth A. Gallo*
Kenneth A. Gallo

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

cc:     All Counsel via ECF

Attestation:  The filer of this document attests that the concurrence of the signatories thereto have been obtained.