ALDO A. BADINI (257086)
JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-7400
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL. No. 1917 |
| This Document Relates to:<br><br>INDIRECT-PURCHASER ACTIONS | **DECLARATION OF EVA W. COLE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

- 1 -

1   I, Eva W. Cole, declare as follows:

2       1.    I am an attorney with Winston & Strawn LLP, attorneys for Defendants

3   Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation

4   (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these

5   actions.  I am a member of the bar of the State of New York and I am admitted to practice before this

6   Court *pro hac vice*.  I make this declaration pursuant to Civil Local Rule 79-5(d) to establish that

7   certain documents containing Confidential and Highly Confidential information and submitted to the

8   Court in connection with Defendants' Opposition to Indirect-Purchaser Plaintiffs' Motion for Class

9   Certification and the Memorandum of Points and Authorities in Support Thereof ("Opposition

10  Brief") are sealable.  Except for those matters stated on information and belief, about which I am

11  informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if

12  called as a witness, I could and would competently testify thereto.

13      2.    On June 18, 2008, the Court approved a "Stipulated Protective Order" in this

14  matter (Dkt. 306).  On December 17, 2012, Defendants filed a Joint Administrative Motion to Seal, and

15  lodged conditionally under seal, the following documents, or portions thereof, pursuant to Civil Local

16  Rules 7-11 and 79-5(d):

17      (a) Portions of the Opposition Brief that contain information from documents that

18  Defendants have designated "Confidential" or "Highly Confidential";

19      (b) Declaration of Eva W. Cole in Support of Defendants' Opposition to Indirect-

20  Purchaser Plaintiffs' Motion for Class Certification and Motion to Strike ("Cole Declaration") that

21  contains quotations or information from documents, deposition testimony that Defendants have

22  designated "Confidential" or "Highly Confidential";

23      (c) Exhibits 1 through 90 attached to the Cole Declaration in Support of Defendants'

24  Opposition to Indirect-Purchaser Plaintiffs' Motion for Class Certification and Motion to Strike ("Cole

- 2 -

DECL. OF EVA W. COLE
I/S/O DEFENDANTS' JOINT MOTION TO SEAL

Case No. 07-5944 SC
MDL No. 1917

Exhibits") that include documents and deposition testimony that Defendants have designated "Confidential" or "Highly Confidential";

(d) Declaration of Robert D. Willig in Support of the Opposition Brief ("Willig Declaration") that contains information from documents that Defendants have designated "Confidential" or "Highly Confidential";

(e) Exhibits 1A through 28B attached to the Willig Declaration ("Willig Exhibits") in Support of the Opposition Brief that contain quotations or information from documents and deposition testimony that Defendants have designated "Confidential" or "Highly Confidential";

(f) Defendants' Motion to Strike the Proposed Expert Testimony of Dr. Janet S. Netz ("Motion to Strike") that contains quotations or information from documents and deposition testimony that Defendants have designated "Confidential" or "Highly Confidential";

3.      Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Opposition Brief, the Cole Declaration and Exhibits, the Willig Declaration and Exhibits, and the Motion to Strike.

4.      Upon information and belief, the documents referred to in and/or attached to the Willig Declaration and Exhibits consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information.  The documents contain, cite, and/or identify confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions.  The documents describe relationships with companies that remain important to the Panasonic Defendants' competitive position.  I am informed and believe that this is sensitive

- 3 -

DECL. OF EVA W. COLE                                                    Case No. 07-5944 SC
I/S/O DEFENDANTS' JOINT MOTION TO SEAL                                  MDL No. 1917

information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

5.      Attached as Exhibit 3 to the Cole Declaration are excerpts from the transcript of the deposition of Tatsuo Tobinaga, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Panasonic Defendants.

6.      Upon information and belief, the transcript excerpts in Exhibit 3 of the Cole Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information.  The transcript excerpts contain, cite, and/or identify confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions.  This transcript describes relationships with companies that remain important to the Panasonic Defendants' competitive position.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

7.      Attached as Exhibit 18 to the Cole Declaration are excerpts from the transcript of the deposition of Hirokazu Nishiyama, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Panasonic Defendants.

8.      Upon information and belief, the transcript excerpts in Exhibit 18 of the Cole Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information.  The transcript excerpts contain, cite, and/or identify confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions.  This

- 4 -

transcript describes relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

9.      Attached as Exhibit 20 to the Cole Declaration is a document produced by the Panasonic Defendants bearing the bates number MTPD-0300203.

10.      Upon information and belief, the document appearing in full in Exhibit 20 of the Cole Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This document describes relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

11.      Attached as Exhibit 48 to the Cole Declaration are excerpts from the transcript of the deposition of Masahiro Kimura, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Panasonic Defendants.

12.      Upon information and belief, the transcript excerpts in Exhibit 48 of the Cole Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The transcript excerpts contain, cite, and/or identify confidential information about the Panasonic Defendants' sales processes, business practices, internal practices,

- 5 -

negotiating tactics, confidential business and supply agreements and competitive positions. This transcript describes relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

13. Attached as Exhibit 51 to the Cole Declaration are excerpts from the transcript of the deposition of Edwin Wolff, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Panasonic Corporation of North America.

14. Upon information and belief, the transcript excerpts in Exhibit 51 of the Cole Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The transcript excerpts contain, cite, and/or identify confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This transcript describes relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

15. Attached as Exhibit 54 to the Cole Declaration is a document produced by the Panasonic Defendants bearing the bates numbers MTPD-0308109 through MTPD-0308111.

16. Upon information and belief, the document appearing in full in Exhibit 54 of the Cole Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential

- 6 -

information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This document describes relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

17. The Opposition Brief, the Cole Declaration and Exhibits, the Willig Declaration and the Willig Exhibits, and the Motion to Strike quote from or describe documents or information designated as "Confidential" or "Highly Confidential" by the Panasonic Defendants pursuant to the Stipulated Protective Order, including but not limited to Exhibits 3, 18, 20, 48, 51, and 54. As with the exhibits themselves, I understand that the Panasonic Defendants consider any statements in the Opposition Brief, the Cole Declaration and Exhibits, the Willig Declaration and Exhibits, and the Motion to Strike purporting to summarize the exhibits or any other documents or information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits 3, 18, 20, 48, 51, and 54 and referenced in the Opposition Brief, the Cole Declaration and Exhibits, the Willig Declaration and Exhibits, and the Motion to Strike.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: December 17, 2012     By: /s/ Eva W. Cole

                             JEFFREY L. KESSLER (*pro hac vice*)
                             Email: jkessler@winston.com
                             A. PAUL VICTOR (*pro hac vice*)

- 7 -

Email: pvictor@winston.com
ALDO A. BADINI (257086)
Email: abadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-7400

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

GREGORY D. HULL (57367)
Email: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

- 8 -

DECL. OF EVA W. COLE
I/S/O DEFENDANTS' JOINT MOTION TO SEAL

Case No. 07-5944 SC
MDL No. 1917