KENT M. ROGER, State Bar No. 95987
MICHELLE PARK CHIU, State Bar No. 248421
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001
E-mail: kroger@morganlewis.com
         mchiu@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
SCOTT A STEMPEL (pro hac vice)
sstempel@morganlewis.com
J. CLAYTON EVERETT, JR. (pro hac vice)
jeverett@morganlewis.com
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel:     202.739.3000
Fax:    202.739.3001

Attorneys for Defendants
HITACHI, LTD., HITACHI ASIA, LTD.,
HITACHI AMERICA, LTD., HITACHI
ELECTRONIC DEVICES (USA), INC. AND
HITACHI DISPLAYS, LTD. (n/k/a JAPAN
DISPLAY EAST, INC.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, <br><br> This Document Relates To: <br><br> INDIRECT PURCHASER ACTIONS | Case No. 07-5944 SC <br> MDL No. 1917 <br><br> **DECLARATION OF MICHELLE PARK CHIU IN SUPPORT OF DEFENDANTS' MOTION TO SEAL** <br><br> **[Civil L.R. 79-5(d)]** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. M: 07-5944 SC; MDL NO. 1917

DECLARATION OF MICHELLE PARK CHIU ISO DEFENDANTS' MOTION TO SEAL

I, Michelle Park Chiu, declare as follows:

1. I am an associate at the law firm of Morgan, Lewis & Bockius LLP, counsel for defendants Hitachi, Ltd. ("HTL"), Hitachi Displays, Ltd. (n/k/a Japan Display East, Inc.) ("HDP"), Hitachi America, Ltd. ("HAL"), Hitachi Asia, Ltd. ("HAS"), and Hitachi Electronic Devices (USA), Inc. ("HED(US)") (collectively, the "Hitachi Defendants") and am licensed to practice law in the State of California and admitted to practice before this Court. I make this declaration pursuant to Civil Local Rule 79-5(d) to establish that certain documents containing Highly Confidential information and submitted to the Court in connection with Defendants' Opposition to Indirect Purchaser Plaintiffs' Motion for Class Certification and the Memorandum of Points and Authorities in Support Thereof ("Opposition Brief") and Defendants' Motion to Strike the Proposed Expert Testimony of Dr. Janet S. Netz ("Motion to Strike") are sealable. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306).

3. On December 17, 2012, Defendants filed an Administrative Motion to Seal (Dkt. 1489), and moved to file the following documents, or portions thereof, under seal pursuant to Civil Local Rules 7-11 and 79-5(d):

(a) Portions of the Opposition Brief that contain information from documents that the Hitachi Defendants have designated "Highly Confidential";

(b) Portions of the Motion to Strike that contain information from documents that the Hitachi Defendants have designated "Highly Confidential";

(c) Declaration of Robert D. Willig in Support of the Opposition Brief ("Willig Declaration") that contains information from documents that the Hitachi Defendants have designated "Highly Confidential";

(d) Declaration of Eva W. Cole in Support of the Opposition Brief and Motion to Strike ("Cole Declaration") that contains quotations or information from documents and

deposition testimony that the Hitachi Defendants have designated "Highly Confidential"; and

(e) Exhibits 5, 11, 15, 19, 40, 44, 47, 56 attached to the Cole Declaration in Support of the Opposition Brief that include documents and deposition testimony that the Hitachi Defendants have designated "Highly Confidential."

4. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Hitachi Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Hitachi Defendants as "Highly Confidential" pursuant to the Stipulated Protective Order attached to the Cole Declaration, and all references to those documents and information in the Opposition Brief, the Motion to Strike, the Willig Declaration, and the Cole Declaration.

5. Attached as Exhibit 5 to the Cole Declaration are excerpts from the transcript of the F.R.C.P. 30(b)(6) deposition of Thomas Heiser from HED(US).

6. Upon information and belief, the excerpts of the deposition transcript in Exhibit 5 of the Cole Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The deposition transcript excerpts contain, cite, and/or identify confidential information about HED(US)'s manufacturing and sales processes, business practices, internal practices, and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information would cause HED(US) harm with respect to its competitors and customers and would put HED(US) at a competitive disadvantage.

7. Attached as Exhibit 11 to the Cole Declaration are excerpts from the transcript of the F.R.C.P. 30(b)(6) deposition of Nobuhiko Kobayashi from HDP.

8. Upon information and belief, the excerpts of the deposition transcript in Exhibit 11 of the Cole Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The deposition transcript excerpts contain, cite, and/or identify confidential information about HDP's manufacturing and sales processes, business practices, internal practices, and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information would cause HDP harm with respect to its competitors and customers and would put HDP at a competitive disadvantage.

9. Attached as Exhibit 15 to the Cole Declaration are excerpts from the transcript of the F.R.C.P. 30(b)(6) deposition of Yasuhiro Morishima from HDP.

10. Upon information and belief, the excerpts of the deposition transcript in Exhibit 15 of the Cole Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The deposition transcript excerpts contain, cite, and/or identify confidential information about HDP's manufacturing and sales processes, business practices, internal practices, and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information would cause HDP harm with respect to its competitors and customers and would put HDP at a competitive disadvantage.

11. Attached as Exhibit 19 to the Cole Declaration is a document produced by HDP bearing Bates stamp HDP-CRT-0056846-896.

12. Upon information and belief, the document appearing in full in Exhibit 19 of the Cole Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about HDP and HED(US)'s sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This document describes relationships with companies that remain important to HDP and HED(US)'s competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining HDP and HED(US)'s business relationships, would cause them harm with respect to their competitors and customers, and would put HDP and HED(US) at a competitive disadvantage.

13. Attached as Exhibit 40 to the Cole Declaration is a document produced by HAS bearing Bates stamp HAS-CRT00076796.

14. Upon information and belief, the document appearing in full in Exhibit 40 of the Cole Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about HAS's sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This

1  document describes relationships with companies that remain important to HAS's competitive
2  position.  I am informed and believe that this is sensitive information and public disclosure of this
3  information presents a risk of undermining HAS's business relationships, would cause it harm
4  with respect to its competitors and customers, and would put HAS at a competitive disadvantage.

5      15.    Attached as Exhibit 44 to the Cole Declaration is a document produced by HDP
6  bearing Bates stamp HDP-CRT00048946-974.

7      16.    Upon information and belief, the document appearing in full in Exhibit 44 of the
8  Cole Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and
9  highly sensitive business information.  The document contains, cites, and/or identifies
10 confidential information about HDP's sales processes, business practices, internal practices,
11 negotiating tactics, confidential business and supply agreements and competitive positions.  This
12 document describes relationships with companies that remain important to HDP's competitive
13 position.  I am informed and believe that this is sensitive information and public disclosure of this
14 information presents a risk of undermining HDP's business relationships, would cause it harm
15 with respect to its competitors and customers, and would put HDP at a competitive disadvantage.

16     17.    Attached as Exhibit 47 to the Cole Declaration is a document produced by
17 HED(US) bearing Bates stamp HEDUS-CRT00094157-158.

18     18.    Upon information and belief, the document appearing in full in Exhibit 47 of the
19 Cole Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and
20 highly sensitive business information.  The document contains, cites, and/or identifies
21 confidential information about HED(US)'s manufacturing and sales processes, product mix
22 decisions, business practices, internal practices, negotiating tactics, confidential business and
23 supply agreements and competitive positions.  This document describes relationships with
24 companies that remain important to HED(US)'s competitive position.  I am informed and believe
25 that this is sensitive information and public disclosure of this information presents a risk of
26 undermining HED(US)'s business relationships, would cause it harm with respect to its
27 competitors and customers, and would put HED(US) at a competitive disadvantage.

28     19.    Attached as Exhibit 56 to the Cole Declaration are excerpts from the transcript of

1  the F.R.C.P. 30(b)(6) deposition of Yasuhiko Kawashima from HDP.

2  20.  Upon information and belief, the excerpts of the deposition transcript in Exhibit 56 of the Cole Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information.  The deposition transcript excerpts contain, cite, and/or identify confidential information about HDP's manufacturing and sales processes, business practices, internal practices, and competitive positions.  I am informed and believe that this is sensitive information and public disclosure of this information would cause HDP harm with respect to its competitors and customers and would put HDP at a competitive disadvantage.

21.  The Opposition Brief, the Motion to Strike, the Willig Declaration, and the Cole Declaration quote from or describe documents designated as "Highly Confidential" by the Hitachi Defendants pursuant to the Stipulated Protective Order, including but not limited to Exhibits 5, 11, 15, 19, 40, 44, 47, 56.  As with the exhibits themselves, I understand that the Hitachi Defendants consider any statements the Opposition Brief, the Motion to Strike, the Willig Declaration, and the Cole Declaration purporting to summarize the exhibits or any other documents designated "Highly Confidential" by the Hitachi Defendants confidential and proprietary.

22.  I am informed and believe that the Hitachi Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits 5, 11, 15, 19, 40, 44, 47, 56 and referenced the Opposition Brief, the Motion to Strike, the Willig Declaration, and the Cole Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of December, 2012, at San Francisco, California.

/s/ Michelle Park Chiu

Michelle Park Chiu