BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
David Emanuelson (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: david.emanuelson@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips Electronics N.V., and Philips Electronics North America Corporation*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS | Case No. 07-5944 SC<br>MDL No. 1917<br><br>**DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

I, Charles M. Malaise hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips Electronics N.V. ("KPE") and Philips Electronics North America Corporation ("PENAC") (collectively, the "Philips Defendants"). I make this declaration in support of the Defendants' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. No. 1489) ("Motion to Seal").

2. Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order").

4. The Philips Defendants have produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5. On December 17, 2012, the Defendants filed the Motion to Seal in which they asked this Court to seal the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

    a. Portions of the Defendants' Opposition to Indirect-Purchaser Plaintiffs' Motion for Class Certification and the Memorandum of Points and Authorities in Support Thereof (the "Opposition Brief") that contains quotations or information from documents and deposition testimony that Defendants have designated "Confidential" or "Highly Confidential";

    b. Portions of the Expert Report of Robert D. Willig in Support of the Opposition Brief ("Willig Expert Report") that contains quotations or information from documents and deposition testimony that Defendants have designated "Confidential" or "Highly Confidential";

    c. Exhibits 1A through 28B attached to the Willig Expert Report in support of

the Opposition Brief that contain quotations or information from documents and deposition testimony that Defendants have designated "Confidential" or "Highly Confidential";

    d.    Declaration of Eva W. Cole in Support of Defendants Opposition to Motion of Indirect-Purchaser Plaintiffs for Class Certification and Motion to Strike ("Cole Declaration") that contains quotations or information from documents and deposition testimony that Defendants have designated "Confidential" or "Highly Confidential";

    e.    Exhibits 1 through 90 attached to the Cole Declaration in Support of the Opposition Brief ("Cole Exhibits") that include documents and deposition testimony that Defendants have designated "Confidential" or "Highly Confidential"; and

    f.    Defendants' Motion to Strike the Proposed Expert Testimony of Dr. Janet S. Netz ("Motion to Strike") that contains quotations or information from documents and deposition testimony that Defendants have designated "Confidential" or "Highly Confidential".

6. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order attached to the Cole Declaration, and all references to those documents and information in the Opposition Brief and Motion to Strike.

7. The Willig Expert Report quotes from or describes documents or information designated as "Confidential" or "Highly Confidential" by the Philips Defendants pursuant to the Protective Order. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2012, and the Stipulated Protective Order, the following documents and information should be maintained under seal and redacted from the Willig Expert Report:

3

MDL 1917

DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE
MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)

     a.    Willig Expert Report, page 18, footnote 25, discussing testimony provided during the deposition of Roger de Moor, who was designated as a Federal Rule of Civil Procedure 30(b)(6) witness for the Philips Defendants, and whose deposition transcript was designated as "Highly Confidential" under the Protective order.

     b.    Upon information and belief, the transcript excerpts that are cited by the Willig Expert Report consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. These transcript excerpts contain, cites, and/or identies confidential information about the Philips Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. These transcript excerpts describe relationships with companies that remain important to the Philips Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Philips Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Philips Defendants at a competitive disadvantage.

     c.    Willig Expert Report, page 24, footnote 42, discussing a document produced by the Philips Defendants in this action as PHLP-CRT-049353, which the Philips Defendants designated as "Confidential" under the Protective Order.

     d.    Upon information and belief, the documents that are cited by the Willig Expert Report consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The documents contains, cites, and/or identifies confidential information about the Philips Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive

4

MDL 1917

DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE
MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)

positions. These documents describe relationships with companies that remain important to the Philips Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Philips Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Philips Defendants at a competitive disadvantage.

8. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, the following documents or portions of documents should be maintained under seal and redacted from the Cole Declaration:

    a. Attached as Exhibit 6 to the Cole Declaration is excerpts from the deposition transcript of Roger de Moor, who was designated as a Fed. R. Civ. P. 30(b)((6) witness for defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation and, whose deposition transcript was designated as "Highly Confidential" under the Protective order.

    b. Upon information and belief, the transcript excerpts appearing in Exhibit 6 of the Cole Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. These transcript excerpts contain, cites, and/or identities confidential information about the Philips Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. These transcript excerpts describe relationships with companies that remain important to the Philips Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Philips Defendants' business relationships, would cause it harm with respect to its

5

MDL 1917

DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE
MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)

competitors and customers, and would put the Philips Defendants at a competitive disadvantage.

c. Attached as Exhibit 16 to the Cole Declaration is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-049353 that the Philips Defendants have designated "Confidential" pursuant to the Stipulated Protective Order.

d. Attached as Exhibit 17 to the Cole Declaration is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-051753 that the Philips Defendants have designated "Confidential" pursuant to the Stipulated Protective Order.

e. Attached as Exhibit 31 to the Cole Declaration is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-088309 that the Philips Defendants have designated "Confidential" pursuant to the Stipulated Protective Order.

f. Attached as Exhibit 32 to the Cole Declaration is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-079260 that the Philips Defendants have designated "Confidential" pursuant to the Stipulated Protective Order.

g. Attached as Exhibit 38 to the Cole Declaration is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-077387 that the Philips Defendants have designated "Confidential" pursuant to the Stipulated Protective Order.

h. Attached as Exhibit 39 to the Cole Declaration is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-044072 through 044078 that the Philips Defendants have designated "Confidential" pursuant to the Stipulated Protective Order.

i. Attached as Exhibit 43 to the Cole Declaration is a document produced by the

        Philips Defendants in this litigation with bates numbers PHLP-CRT-053135 that the Philips Defendants have designated "Confidential" pursuant to the Stipulated Protective Order.

    j.    Attached as Exhibit 45 to the Cole Declaration is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-051107 that the Philips Defendants have designated "Confidential" pursuant to the Stipulated Protective Order.

    k.    Upon information and belief, the documents appearing in full in Exhibit 6, 16, 17, 31, 32, 38, 39, 43 and 45 of the Cole Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The documents contain, cite, and/or identify confidential information about the Philips Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. These documents describe relationships with companies that remain important to the Philips Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Philips Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Philips Defendants at a competitive disadvantage.

9.    The Opposition Brief, the Willig Expert Report, the Cole Declaration, and the Motion to Strike quote from or describe documents or information designated as "Confidential" or "Highly Confidential" by the Philips Defendants pursuant to the Stipulated Protective Order, including but not limited to Exhibits 6, 16, 17, 31, 32, 38, 39, 43 and 45 to the Cole Declaration. As with the exhibits themselves, I understand that the Philips Defendants consider any statements in the Opposition Brief, the Willig Expert Report, the Cole Declaration, and the Motion to Strike purporting to summarize the exhibits or any other documents or information as "Confidential" or

7

MDL 1917

DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE
MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)

1  "Highly Confidential" by the Philips Defendants confidential and proprietary.  I am informed and
2  believe that the Philips Defendants have taken reasonable steps to preserve the confidentiality of
3  information of the type contained, identified, or cited in 6, 16, 17, 31, 32, 38, 39, 43 and 45 and
4  referenced in the Opposition Brief, the Willig Expert Report, the Cole Declaration, and the Motion
5  to Strike.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on December 17, 2012 in Washington, D.C.

_____
Charles M. Malaise

8

MDL 1917

DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE
MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)