JEFFREY L. KESSLER (*pro hac vice*)
E:mail: JKessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
E:mail: PVictor@winston.com
EVA COLE (*pro hac vice*)
E:mail: EWCole@winston.com
MOLLY M. DONOVAN
E:mail: MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700

STEVEN A. REISS (pro hac vice)
E-mail: steven.reiss@weil.com
DAVID L. YOHAI (pro hac vice)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (pro hac vice)
E-mail: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

Additional Moving Defendants and Counsel Listed on Signature Pages

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | **Case No. 07-5944 SC**<br><br>**MDL No. 1917**<br><br>**PANASONIC DEFENDANTS' STATEMENT IN SUPPORT OF DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>Judge: The Honorable Samuel Conti |

PANASONIC DEFENDANTS' STATEMENT I/S/O
DEFENDANTS' MOTION TO CERTIFY ORDER FOR
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Case No. 07-5944
MDL NO. 1917

Panasonic Corporation, Panasonic Corporation of North America and MT Picture Display Co., Ltd. ("Panasonic"), respectfully request that the Court grant Defendants' Motion to Certify Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (December 19, 2012, Dkt. No. 1499) ("Motion to Certify"). Although the Motion to Certify pertains, as a matter of procedure, only to the Direct Purchaser Plaintiff ("DPP") class action to which Panasonic is no longer a party, the clear-cut legal question at issue – whether a plaintiff who did not purchase the allegedly price-fixed product has standing to sue as a direct purchaser under the Supreme Court's decision in *Illinois Brick Company v. Illinois*, 431 U.S. 720 (1977) – is also critical in the cases brought by individual Direct Action Plaintiffs ("DAPs"), to which Panasonic is a party. For all the reasons stated in the Motion to Certify, certification should be granted because there is no doubt that the *Illinois Brick* issue is a "controlling question of law as to which there is substantial ground for difference of opinion" and an immediate appeal "may materially advance the ultimate termination" of the DAP litigations. 28 U.S.C. § 1292(b).[1]

### 1. There Is A Substantial Difference of Opinion As To Whether The "Owned or Controlled" Exception Should Be Expanded

Just like the DPPs, the DAPs have conceded that they are not direct purchasers, in light of the recent Ninth Circuit decision in *In re ATM Fee Antitrust Litigation*, 686 F.3d 741 (9th Cir. 2012) ("*ATM Fee*"). Direct Action Plaintiffs' Objections to the Special Master's Report & Recommendation Regarding Defendants' Motion for Partial Summary Judgment (July 24, 2012, Dkt. No. 1273) ("DAP Objections"), at 2 ("The Ninth Circuit has agreed with [Judge's Legge's May 31 Report] with respect to whether [DAPs] are direct purchasers and *has held that they are indirect purchasers*.") (emphasis added). Nor is there any dispute that the only possibility for the DAPs to achieve standing is the "owned or controlled" exception to *Illinois Brick*.

Undoubtedly, there is a substantial ground for difference of opinion as to whether the

---

[1] *Ritz Camera & Image, LLC v. Sandisk Corp.*, No. 5:10-cv-02787-JF/HRL, 2011 WL 3957257, at *1-3 (N.D. Cal. Sept. 7, 2011) (whether party has standing to bring a claim is a controlling question of law).

1

PANASONIC DEFENDANTS' STATEMENT I/S/O  
DEFENDANTS' MOTION TO CERTIFY ORDER FOR  
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Case No. 07-5944  
MDL NO. 1917

"owned or controlled" exception should be extended to plaintiffs like the DAPs who did not purchase the price-fixed product from anyone.  *Compare* Report and Recommendation Regarding Defendants' Joint Motion for Summary Judgment (May 31, 2012, Dkt. No. 1221) ("May 31 Report"), at 10, 12 ("*Royal Printing* is not applicable here because it dealt with the issue of from whom plaintiffs had to make a purchase in order to establish the necessary 'directness.'  But that analysis does not answer the issue we have in this case, which is that the plaintiffs here *never purchased the price-fixed product* from anybody.") (emphases in original); *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1338 (9th Cir. 1982) (dismissing plaintiffs' claims where they did not purchase the price-fixed product); *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, No. CV F 09-0560 LJO SMS, 2010 WL 3521979 (E.D. Cal. Sept. 3, 2010) (dismissing the federal antitrust claims of plaintiffs who did not purchase the allegedly price-fixed components of tin cans, but merely purchased the finished tin products); *Sun Microsystems, Inc. v. Hynix Semiconductors, Inc.*, 608 F. Supp. 2d 1166 (N.D. Cal. 2009) (dismissing purported direct purchaser claims where plaintiff was not a direct purchaser of the price-fixed component product) *with* Order Granting In Part & Denying In Part Defendants' Joint Motion for Summary Judgment (Nov. 29, 2012, Dkt. No. 1470) ("November 29, 2012 Order"), at 15-16 (*Royal Printing* might apply to the DPP plaintiffs at issue even though they did not directly purchase the allegedly price-fixed product).

      The issue is even more hotly disputed now given the Ninth Circuit's recent decision in *ATM Fee* where the court ***declined*** to expand the "ownership or control" exception based on the specific facts in that case, while making it clear that generally, the injury requirement under the Clayton Act is construed "narrowly;" that the "owned or controlled" exception is likewise narrow; and that the Ninth Circuit is unwilling to further extend it "even in rather meritorious circumstances." *ATM Fee*, 686 F.3d at 743, 748, 757 (referring to this exception as "narrow" and

2

PANASONIC DEFENDANTS' STATEMENT I/S/O  
DEFENDANTS' MOTION TO CERTIFY ORDER FOR  
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Case No. 07-5944  
MDL NO. 1917

declining to extend it because, after *Royal Printing*, the Supreme Court stated that "[t]he possibility of allowing an exception, even in rather meritorious circumstances, would undermine the rule") (quoting *Kansas v. UtiliCorp United, Inc.*, 497 U.S. 199, 216 (1990)).  Strict adherence to the narrow scope of the owned or controlled exception is particularly compelling here because the Court's November 29, 2012 Order would subject defendants to the undue risk of duplicative recovery, which the Supreme Court has ruled impermissible.  *See, e.g., Associated Gen. Contractors v. California State Council of Carpenters*, 459 U.S. 519, 540-44 (1983) (standing cannot exist where damages calculations are unduly speculative, complex and risk duplicative recoveries).

### 2. Resolving The Relevant Legal Issue Would End the DAP's Federal Damages Claims

As the DAPs have recognized, determining which plaintiffs have federal antitrust standing under the Sherman Act is a central question, the resolution of which will materially affect not just the DPP case, but also the fate of the DAP litigations.  *See* May 31 Report, at 3-4 (Judge Legge recognizing that his ruling could potentially "be the basis for motions for summary judgment in the direct action cases"); Direct Action Plaintiffs' Statement of Issues Related to Special Master's Report & Recommendations Regarding Defendants' Joint Motion for Summary Judgment (June 21, 2012, Dkt. No. 1237), at 2 (recognizing that the May 31 report would "set a precedent in the litigation that could be used in the DAP actions"); Direct Action Plaintiffs' Memorandum In Support of the Direct Purchaser Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment (Feb. 24, 2012, Dkt. No. 1056), at 1, 5 (acknowledging that Defendants' Motion affects DAP standing).  *See, e.g.*, *Hartford v. Atlas Turner Inc.*, No. C 05-202, 2005 WL 1115877, at *1 (N.D. Cal. May 11, 2005) (the purpose of a multidistrict litigation is to ensure consistency and uniformity across the consolidated cases).  If the DAPs do in fact lack direct purchaser standing, their federal damages claims would be terminated altogether, making it even more crucial that the Ninth Circuit finally resolve that important legal issue now.

For all of these reasons, and for all the additional reasons set forth in the Motion to

3

PANASONIC DEFENDANTS' STATEMENT I/S/O
DEFENDANTS' MOTION TO CERTIFY ORDER FOR
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Case No. 07-5944
MDL NO. 1917

1  Certify, certification should be granted pursuant to 28 U.S.C. § 1292(b).

3  DATED: December 21, 2012                    WINSTON & STRAWN LLP

By: /s/ *Jeffrey L. Kessler*
JEFFREY L. KESSLER (pro hac vice)
E:mail: JKessler@winston.com
A. PAUL VICTOR (pro hac vice)
E:mail: PVictor@winston.com
EVA COLE (pro hac vice)
E:mail: EWCole@winston.com
MOLLY M. DONOVAN
E:mail: MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700

STEVEN A. REISS (pro hac vice)
E-mail: steven.reiss@weil.com
DAVID L. YOHAI (pro hac vice)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (pro hac vice)
E-mail: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

4

PANASONIC DEFENDANTS' STATEMENT I/S/O
DEFENDANTS' MOTION TO CERTIFY ORDER FOR
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Case No. 07-5944
MDL NO. 1917