GUIDO SAVERI (22349)
  guido@saveri.com
R. ALEXANDER SAVERI (173102)
  rick@saveri.com
GEOFFREY C. RUSHING (126910)
  grushing@saveri.com
CADIO ZIRPOLI (179108)
  cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111-5619
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Interim Lead Counsel for
Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944-SC<br><br>MDL No. 1917 |
| This Document Relates To:<br><br>ALL DIRECT PURCHASER ACTIONS | **DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO CERTIFY ORDER ON SUMMARY JUDGMENT FOR INTERLOCUTORY APPEAL**<br><br>Judge: Honorable Samuel P. Conti<br>Date:  February 8, 2013<br>Time: 10:00 a.m.<br>Courtroom: 1, 17th floor |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................................i

TABLE OF AUTHORITIES ........................................................................................................ ii

I.    INTRODUCTION ...............................................................................................................1

II.   THE APPLICABLE STANDARD FOR SECTION 1292(B) CERTIFICATION .............2

III.  DEFENDANTS HAVE NOT SATISFIED THE CRITERIA UNDER SECTION 1292(B) .................................................................................................................................4

    A.    No Controlling Question of Law ................................................................................4

    B.    No Substantial Ground for Difference of Opinion .....................................................6

    C.    No Material Advancement of the Litigation.............................................................10

IV.   CONCLUSION..................................................................................................................11

i

DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL; Master File No. CV-07-5944-SC

# TABLE OF AUTHORITIES

## CASES

*Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*,
 219 F.3d 674 (7th Cir. 2000) .................................................................................................. 5

*AsIs Internet Servs. v. Active Response Group*,
 No. C07-6211-TEH, 2008 WL 4279695 (N.D. Cal. Sept. 16, 2008) ...................................... 6

*ATM Fee Antitrust Litig.,*,
 686 F.3d 741 (9th Cir. 2012) ......................................................................................... 2, 4, 7, 9

*Board of Trustees of Leland Stanford Junior University v. Roche Molecular Systems, Inc.*,
 2007 WL 1119193 (N.D.Cal. April 16, 2007) ....................................................................... 3

*California v. ARC America Corp.*,
 490 U.S. 93 (1989) .................................................................................................................. 8

*Central Valley Chrysler-Jeep v. Witherspoon*,
 No. CVF046663 REC LJO, 2005 WL 3470653   (E.D.Cal. Oct. 20, 2005) ........................... 3

*Clanahan v. MacFarland School Dist., No. CV*,
 F 05-0796 LJO DLB, 2007 WL 2428089 (E.D.Cal. Aug. 27, 2007) ...................................... 5

*Defendants' motion for interlocutory review of the Court's order denying their motion to dismiss the CAC.  In re Cathode Ray Tube (CRT) Antitrust Litig.,*,
 738 F.Supp.2d 1011 (N.D. Cal. 2010) ................................................................................... 1

*Delaware Valley Surgical Supply, Inc. v. Johnson & Johnson*,
 523 F.3d 1116 (9th Cir. 2008) ................................................................................................ 7

*El Dorado Irrigation Dist. v. Traylor Bros., Inc., No.*,
 CIVS03949 LKK GGH, 2005 WL 3453913 (E.D. Cal. Dec. 16, 2005) ................................. 5

*Freeman v. San Diego Ass'n of Realtors*,
 322 F.3d 1133 & n.12 (9th Cir.), ............................................................................................ 7

*Garg v. Winterthur Life*,
 573 F.Supp.2d 763 (E.D.N.Y. 2008) ...................................................................................... 5

*Hansen v. Schubert*,
 459 F.Supp.2d 973 (E.D.Cal.2006) ........................................................................................ 3

*Harris v. Vector Marketing Corp., No. C-08*,
 -5198 EMC, 2009 WL 4050966 (N.D. Cal. Nov. 20, 2009) ................................................... 5

*Hightower v. Schwarzenegger*,
 No. 1:04-cv-06028-OWW-SMS (PC), 2009 WL 3756342 (E.D. Cal. Nov. 6, 2009) ......... 3, 4

*Illinois Brick Co. v. Illinois*,
 431 U.S. 720 (1977) ................................................................................................................ 4

*In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07,
   -5944 (SC), 2012 WL 5987861 (N.D. Cal. Nov. 29, 2012) .......................................... passim

*In re Cement Antitrust Litig.*,
   673 F.2d 1020 (9th Cir. 1981), ................................................................................. 2, 3, 4

*In re Conseco Life Ins. Cost of Ins. Litig.*, No. ML 04-1610 AHM (Mcx), 2006 WL 5678841 (C.D.
   Cal. May 31, 2005) ........................................................................................................... 4

*In re Optical Disk Drive Antitrust Litig.*, No. 3:10-md-02143, 2012 WL 3066718 (N.D. Cal. April
   19, 2012) ........................................................................................................................... 7

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
   No. 07-md-01819 CW 2011 WL 250317 (N.D.Cal. Jan. 25, 2011) ........................... 1, 4, 6, 10

*In re TFT-LCD (Flat Panel) Antitrust Litig., No. M*,
   :07-1827 SI, 2012 WL 5869607 (N.D.Cal. Nov. 19, 2012) ............................................... 7

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   No. M:07-1827 SI, 2011 WL 5357906 (N.D. Cal. Nov. 7, 2011) ..................................... 7

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   No. M:07-1827 SI, 2012 WL 2012 WL 5949585 (N.D.Cal. Nov. 28, 2012) ..................... 7

*In re TFT-LCD (Flat Panel) Antitrust Litig., No. M:07-1827 SI*,
   2012 WL 5869588 (N.D.Cal. Nov. 19, 2012) ................................................................... 7

*In re TFT-LCD (Flat Panel) Antitrust Litig., Nos. M 07-1827 SI, C* ,
   09-5840 SI, 2012 WL 4513866 (N.D.Cal. Oct. 1, 2012) ............................................. 1, 5, 10

*In re Tile Outlet, Inc.*,
   No. 05-80340, 2006 WL 1716125 (S.D. Tex. June 16, 2006) ............................................. 6

*James v. Price Stern Sloan, Inc.*,
   283 F.3d 1064 n. 6 (9th Cir.2002) ................................................................................... 2, 3

*Kight v. Eskanos & Adler, No. Civ.*,
   05CV1999-L (AJB), 2007 WL 173825 (S.D. Cal. Jan. 8, 2007) ..................................... 2, 3

*Lopritz v. CMT Blues*,
   271 F.Supp.2d 1252 (S.D.Cal.2003)................................................................................... 2

*Lucas v. Hertz Corp., No. C*,
   11-01581 LB 2012 WL 5199384 (N.D.Cal. Oct. 22, 2012) ................................................ 10

*Mateo v. The M/S King*, 805 F.Supp.2d 792 (N.D. Cal. 1992)................................................. 3

*Matsunoki Group, Inc. v. Timberwork Oregon, Inc.*,
   No. C 08-04078 CW, 2011 WL 940218 (N.D. Cal. Feb. 18, 2011) ..................................... 5

*McFarlin v. Conseco Servs., LLC*,
   381 F.3d 1251 (11th Cir. 2004) ........................................................................................... 5

*National Ass'n of College Bookstores, Inc. v. Cambridge Univ. Press*,
   990 F.Supp. 245 (S.D.N.Y. 1997) ....................................................................................... 7

*Pacific Employers Ins. Co. v. Global Reins. Co. of America*,
    No. 09-6055, 2010 WL 2376131 n.5 (E.D. Pa. June 9, 2010) ............................................. 11

*Palandjian v. Pahlavi*,
    782 F.2d 313 (1st Cir.1986) ................................................................................................ 5

*Piazza v. Major League Baseball*,
    836 F.Supp. 269 (E.D.Pa.1993) ....................................................................................... 11

*Powers v. Eichen*,
    977 F. Supp. 1031 (S.D. Cal. 1997) ................................................................................... 5

*Ritz Camera & Image, LLC v. Sandisk Corp.*,
    No. 5:10-cv-02787-JF/HRL, 2011 WL 3957257 (N.D. Cal. Sept. 7, 2011) ...................... 6

*Royal Printing Co. v. Kimberly Clark Corp.*,
    621 F.2d 323 (9th Cir. 1980) ............................................................................... 2, 4, 8, 9

*S.B.L. by T.B. v. Evans*,
    80 F.3d 307 (8th Cir.1996) ................................................................................................. 5

*Shurance v. Planning Control Int'l, Inc.*,
    839 F.2d 1347 (9th Cir.1988) ........................................................................................... 11

*Sieg v. Sears Roebuck & Co.*,
    No. 3:10cv606, 2012 WL 1657921 (M.D. Pa. May 11, 2012) ......................................... 11

*Sierra Foothills Public Utility District v. Clarendon American Ins. Co., No. CV F*,
    05-0736 AWI SMS (NEWDJ), 2006 WL 2085244 (E.D.Cal. July 25, 2006) ................... 3

*Software Rights Archive, LLC v. Google, Inc.*,
    No. 2:07-CV-511, 2009 WL 1797996 (E.D. Tex. June 24, 2009) ..................................... 6

*Sony/ATV Music Pub. Co., LLC v. D.J. Miller Distribs., Inc.*,
    No. 3:09-cv-01098, 2011 WL 6016884 (M.D. Tenn. Dec. 2, 2011) ................................ 11

*United States Rubber Co. v. Wright*,
    359 F.2d 784 (9th Cir.1966) ............................................................................................... 2

*United States v. Woodbury*,
    263 F.2d 784 (9th Cir.1959) ............................................................................................... 2

*White v. Nix*,
    43 F.3d 374 (8th Cir. 1994) ................................................................................................ 4

**RULES**

15 U.S.C. §7706(g)(1) ............................................................................................................... 6

28 U.S.C. § 1292(b) ........................................................................................................... passim

I.      INTRODUCTION.

In its November 29, 2012 order, this Court applied well-established law to hold that nine of the plaintiffs identified in the CAC ("Plaintiffs") had standing to pursue claims under the Sherman Act with respect to finished products (televisions and computer monitors) ("FPs") that contain cathode ray tubes ("CRTs"). *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944 (SC), 2012 WL 5987861 (N.D. Cal. Nov. 29, 2012) ("*CRTs II*"). Defendants[1] have filed a motion asking this Court to certify its order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). "Defendants' Notice of Motion And Motion To Certify Order For Interlocutory Appeal Pursuant To 28 U.S.C. §1292(b)" (Dec. 19, 2012) (Dkt. No. 1499) ("Defs' Mem."). This Court previously denied Defendants' motion for interlocutory review of the Court's order denying their motion to dismiss the CAC. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 738 F.Supp.2d 1011 (N.D. Cal. 2010) ("*CRTs I*"); "Civil Minutes" (April 30, 2010) (Dkt. No. 711). The Court should deny this motion as well. In other electronics antitrust cases in this district, courts repeatedly deny Section 1291(b) motions where they had previously denied dispositive motions based on alleged lack of standing or jurisdiction. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, Nos. M 07–1827 SI, C 09–5840 SI, 2012 WL 4513866 at *1-*2 (N.D.Cal. Oct. 1, 2012) ("*LCDs II*") (denying certification of opinion refusing to grant summary judgment pursuant to the Foreign Trade Antitrust Improvements Act ("FTAIA")); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07–md–01819 CW 2011 WL 250317 at *2 (N.D.Cal. Jan. 25, 2011) ("*SRAM*") (denying certification of opinion refusing to grant summary judgment for lack of standing); "Order Denying Defendants' Joint Motion To Certify For Interlocutory Review The Court's Order Denying Defendants' Dispositive Motion Under the FTAIA," in *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Nos. M 07–1827 SI

---

[1] The motion is brought by the defendants named in the Consolidated Amended Complaint ("CAC") who have not entered into settlements with the putative class identified therein: the various Samsung and Hitachi entities. The Panasonic and LG entities have filed separate notices of joinder in the motion. Dkt. Nos. 1504, 1513. They have no standing to address the motion, however, because they have settled with the direct purchaser class and the Court has entered a final judgment of dismissal as to the Panasonic entities and has preliminarily approved the settlement with the LG entities. Dkt. Nos. 1509, 1441.

1

DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL; Master File No. CV-07-5944-SC

1  (N.D. Cal. Dec. 15, 2011) (Dkt. No. 4346) (denying certification of opinion refusing to grant
2  summary judgment pursuant to the FTAIA).

3        Defendants assert that the Court erred in applying *Royal Printing Co. v. Kimberly Clark*
4  *Corp.*, 621 F.2d 323 (9th Cir. 1980) ("*Royal Printing*") and holding that the Plaintiffs raised
5  material issues of fact as to whether they could pursue claims for damages under the Clayton Act
6  based on their purchases of FPs. Defendants fail to raise any controlling question of law and this
7  Court's interpretation of *Royal Printing* is confirmed by the Ninth Circuit's recent decision in *In re*
8  *ATM Fee Antitrust Litig.*, 686 F.3d 741 (9th Cir. 2012) ("*ATM Fee*"). In addition, certifying an
9  interlocutory appeal here would not materially advance this litigation, given that claims of Plaintiffs
10 that purchased CRTs, not FPs, remain in the case and were not the subject of the motion for
11 summary judgment in *CRTs II*. Thus, certification under Section 1292(b) should be denied.

12 **II.     THE APPLICABLE STANDARD FOR SECTION 1292(B) CERTIFICATION.**

13       Defendants understandably give short shrift to the legal standards governing motions for
14 certification under Section 1292(b). Defs' Mem., p. 2. In *United States v. Woodbury*, 263 F.2d 784
15 (9th Cir.1959) ("*Woodbury*"), the seminal Ninth Circuit case on certification, the Court noted
16 "[t]hat § 1292(b) is to be applied sparingly and only in exceptional cases[.]" *Id*. at 788 n. 11
17 (citations omitted). As the Ninth Circuit has more recently observed, because "[s]ection 1292(b) is a
18 departure from the normal rule that only final judgments are appealable," it "must be construed
19 narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n. 6 (9th Cir.2002) ("*James*").
20 Section 1292(b) certification "is intended to be 'used only in exceptional situations in which
21 allowing an interlocutory appeal would avoid protracted and expensive litigation.'" *Kight v.*
22 *Eskanos & Adler*, No. Civ. 05CV1999-L (AJB), 2007 WL 173825 at *1 (S.D. Cal. Jan. 8, 2007)
23 ("*Kight*") (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981), *appeal*
24 *dismissed*, 459 U.S. 1190 (1982) ("*Cement*")). "It is not thought that . . . mere question[s] as to the
25 correctness of the ruling would prompt the granting of the certificate.'" *Lopritz v. CMT Blues*, 271
26 F.Supp.2d 1252, 1254 (S.D.Cal.2003) (*quoting Woodbury,* 263 F.2d at 785 n. 2). Or, as the Ninth
27 Circuit has stated, section 1292(b) was not intended "merely to provide review of difficult rulings in
28 hard cases." *United States Rubber Co. v. Wright*, 359 F .2d 784, 785 (9th Cir.1966). Consequently,

DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO
CERTIFY ORDER FOR INTERLOCUTORY APPEAL; Master File No. CV-07-5944-SC

only "[i]n rare circumstances" may a district court allow an immediate appeal of an interlocutory order. *James*, 283 F.3d at 1068, n. 6. Indeed, appeals under Section 1292(b) are "hens'-teeth rare"; liberal use of piecemeal appeals creates "bad policy," which is why Congress did not intend the statute to serve as an "error-correction function." *Hightower v. Schwarzenegger*, No. 1:04-cv-06028-OWW-SMS (PC), 2009 WL 3756342 at *2 (E.D. Cal. Nov. 6, 2009) ("*Hightower*") (citing cases).

To satisfy section 1292(b), all elements of the three-part test referenced above must be met. *Cement*, 673 F.2d at 1026.

The *first* element is the presence of "controlling questions of law." In this Circuit, what "must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Kight*, 2007 WL 173825 at *2 (quoting *Cement*, 673 F.2d at 1026). Thus, it is clear that "a controlling question of law must encompass every order which, if erroneous, would be reversible error on final appeal." *Sierra Foothills Public Utility District v. Clarendon American Ins. Co.*, No. CV F 05-0736 AWI SMS (NEWDJ), 2006 WL 2085244 at *2 (E.D.Cal. July 25, 2006) (*quoting Cement,* 673 F.2d at 1026) (other citation omitted).

The *second* element is "substantial grounds for difference of opinion." This "refers to the legal standard applied in the decision for which certification is sought and whether other courts have substantially differed in applying that standard." *Central Valley Chrysler-Jeep v. Witherspoon*, No. CVF046663 REC LJO, 2005 WL 3470653 at *2  (E.D.Cal. Oct. 20, 2005), *reconsideration denied*, 2005 WL 3470653 (E.D.Cal. Dec. 19, 2005) (citation omitted). *See Board of Trustees of Leland Stanford Junior University v. Roche Molecular Systems, Inc.*, 2007 WL 1119193, at *2 (N.D.Cal. April 16, 2007) (citations omitted) ("[i]n order to secure an interlocutory appeal, [defendant] must demonstrate a legitimate and 'substantial ground for difference of opinion' between and among judicial bodies."). Thus, "[a] party's strong disagreement with the court's ruling is not sufficient for there to be a 'substantial ground for difference'; the proponent of an appeal must make some greater showing." *Hansen v. Schubert*, 459 F.Supp.2d 973, 1000 (E.D. Cal. 2006) (citation omitted). *Accord*, *Mateo v. The M/S King*, 805 F.Supp.2d 792, 800 (N.D. Cal. 1992); *SRAM*, 2011 WL

3

DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL; Master File No. CV-07-5944-SC

250317 at *1; *In re Conseco Life Ins. Cost of Ins. Litig.*, No. ML 04-1610 AHM (Mcx), 2006 WL 5678841 at *2 (C.D. Cal. May 31, 2005).

The <u>*final*</u> <u>element is that certification of an interlocutory appeal must "materially advance the ultimate determination of the litigation."</u> A party seeking interlocutory certification must show that an immediate appeal may "materially advance," rather than impede or delay, ultimate termination of the litigation. *Cement*, 673 F.2d at 1026; *SRAM*, 2011 WL 250317 at *1. "When litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *Hightower*, 2009 WL 3756342 at *4 (*quoting White v. Nix*, 43 F.3d 374, 378-79 (8th Cir. 1994)).

Here, Defendants cannot satisfy any of the elements for certification under Section 1292(b).

### III. DEFENDANTS HAVE NOT SATISFIED THE CRITERIA UNDER SECTION 1292(B).

#### A. No Controlling Question of Law.

Defendants argue that the United States Supreme Court in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) ("*Illinois Brick*") set forth a bright-line rule that indirect purchasers lack standing to sue for damages under the federal antitrust laws and that standing necessarily presents a "controlling question of law" under Section 1292(b). Defs' Mem., pp. 3-4. Their analysis is far too simplistic, however. As Judge Wilken noted in *SRAM*, "the mere existence of the standing issue, alone, has not prompted courts to grant certification." 2011 WL 250317 at *1. This Court noted that "Ninth Circuit precedent 'allow[s] indirect purchasers to sue "where a direct purchaser is a division or subsidiary of a co-conspirator." ' " 2012 WL 5987861 at *6 (quoting *ATM Fee,* 686 F.3d at 756 (quoting *Royal Printing,* 621 F.2d at 326)). Applicability of this exception to the indirect purchaser bar is predominantly a factual, not a legal, issue.

As used in Section 1292(b), a "question of law" refers to a pure question of law, that is, "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine" that presents an "abstract legal issue." *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219

F.3d 674, 676 & 677 (7th Cir. 2000) ("*Ahrenholz*").[2] The term "does not mean the application of settled law to fact." *McFarlin v. Conseco Servs., LLC,* 381 F.3d 1251, 1258 (11th Cir. 2004).[3]

The distinction is illustrated in *LCDs II*. There, the court had determined that there were material issues of fact as to whether the purchase prices paid for LCDs by Motorola's foreign subsidiaries were set in the United States and hence fell within the "domestic effects" exception to the FTAIA, thus precluding summary judgment. The defendants said this presented a legal issue. Judge Illston disagreed, saying "the summary judgment order does not present a pure question of law, but rather involves the application of law to the factual record of this case." 2012 WL 4513866 at *2.[4]

---

[2] Courts in this district have specifically followed the Seventh Circuit's analysis in *Ahrenholz. See, e.g., Matsunoki Group, Inc. v. Timberwork Oregon, Inc*., No. C 08-04078 CW, 2011 WL 940218 at *2 (N.D. Cal. Feb. 18, 2011); *Harris v. Vector Marketing Corp*., No. C-08-5198 EMC, 2009 WL 4050966 at *2 (N.D. Cal. Nov. 20, 2009).

[3] For other examples, *see, e.g*., *S.B.L. by T.B. v. Evans*, 80 F.3d 307, 311 (8th Cir.1996) (concluding that permission to appeal under § 1292(b) should not have been given because "there are a 'number of unresolved factual issues bearing on the framing and formulation of the legal questions'"); *Palandjian v. Pahlavi*, 782 F.2d 313, 313 (1st Cir.1986) (noting that "the question of whether Massachusetts would recognize the principle of duress as tolling the statute would be a good example of a 'controlling question of law' [b]ut the question of the extent of such an exception is a classic example of what is not to be raised by intermediate appeals" because "[i]t resembles a 'sufficiency of the evidence' claim-the kind of claim which an appellate court can better decide after the facts are fully developed"); *Powers v. Eichen*, 977 F. Supp. 1031, 1046 (S.D. Cal. 1997) (Section 1292(b) does not apply to a "challenge [to] the manner in which the [district court] applied the facts in the instant case to the law."); *Garg v. Winterthur Life*, 573 F.Supp.2d 763, 769 (E.D.N.Y. 2008) (no certification of issue concerning personal jurisdiction; "[h]ere, any question as to the sufficiency of Winterthur's administrative activities for the purpose of exercising personal jurisdiction could well 'disappear in light of a complete and final record.'"); *Clanahan v. MacFarland School Dist*., No. CV F 05-0796 LJO DLB, 2007 WL 2428089 at *2 (E.D.Cal. Aug. 27, 2007) (where issue sought to be appealed was inherently factual, certification was denied; "[i]f the Court were to accept plaintiff's argument, any 'application of facts to the law' would then be subject to certification under Section 1292"); *El Dorado Irrigation Dist. v. Traylor Bros., Inc*., No. CIVS03949 LKK GGH, 2005 WL 3453913 at *1 (E.D. Cal. Dec. 16, 2005)) ("[t]herefore, certification of this question would primarily result in an analysis of the facts by the Ninth Circuit, and not the law. Section 1292(b) requires a 'controlling question of *law*' not fact, and therefore it would be inappropriate for this court to certify this question at this time.").

[4] As Judge Illston noted, she did certify an interlocutory appeal of the denial of the defendants' motion to dismiss Motorola's second amended complaint, "and the Ninth Circuit denied defendants' petition and declined to hear the appeal." *Id*. at *1.

5

DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL; Master File No. CV-07-5944-SC

The same is true here. The summary judgment motion at issue presented an application of *Royal Printing* to the facts of this case involving purchases of FPs. As the Court stated in its opinion:

> In their sealed brief and its supporting declarations, the Named DPPs present evidence based on the discovery they have taken so far. ... This evidence raises a genuine issue of material fact as to whether the Named DPPs purchased FPs incorporating the allegedly price-fixed CRTs from some defendant owned or—controlled division or subsidiary. Accordingly, Defendants have not carried their summary judgment burden of showing an absence of evidence in support of applying the ownership and control exception. To the extent that Defendants' summary judgment motion challenges the Named DPPs' standing on that ground, the motion is DENIED.

*CRTs II*, 2012 WL 5987861 at *11. *See Software Rights Archive, LLC v. Google, Inc.*, No. 2:07-CV-511, 2009 WL 1797996 at *2 (E.D. Tex. June 24, 2009) (standing issue that turns on disregard of the corporate entity does not involve a controlling issue of law but is instead highly fact-intensive); *In re Tile Outlet, Inc.*, No. 05-80340, 2006 WL 1716125 at *7 (S.D. Tex. June 16, 2006) (issue of whether creditor committee had standing to pursue claim was not a controlling question of law because it turned on fact-intensive inquiry of "whether the claim is colorable and the debtor unjustifiably refused to pursue it"). [5]

Thus, this case presents no controlling "question of law."

### B.  No Substantial Ground for Difference of Opinion.

Nor does it present a "substantial ground for difference of opinion." Defendants seem to think that it is enough if "reasonable minds can differ" about the outcome of this Court's ruling in *CRTs II*. Defs' Mem., p. 5. However, as one court has stated, "[w]hile courts might reach different

---

[5] Defendants' authorities are distinguishable. *See* Defs' Mem., p. 3. In *Ritz Camera & Image, LLC v. Sandisk Corp.*, No. 5:10-cv-02787-JF/HRL, 2011 WL 3957257 at *1 (N.D. Cal. Sept. 7, 2011), the plaintiff's complaint was based solely on a claim of exclusionary patent fraud, so the issue of whether a *Walker Process* antitrust claim was tenable was deemed controlling. Likewise, in *AsIs Internet Servs. v. Active Response Group*, No. C07-6211-TEH, 2008 WL 4279695 at *3 (N.D. Cal. Sept. 16, 2008), the legal issue of whether the plaintiff was "adversely affected" pursuant to the provisions of the CAN-SPAM Act (15 U.S.C. §7706(g)(1)) was squarely presented in two pending Ninth Circuit appeals. Defendants also cite the Ninth Circuit's decision in *Cement*, but, as Judge Wilken pointed out in *SRAM*, an interlocutory appeal was certified there to address unresolved issues involving *Illinois Brick*. 2011 WL 250317 at *2. Here, the "owned or controlled" exception to *Illinois Brick* is established by well-settled Ninth Circuit precedent.

6

DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL; Master File No. CV-07-5944-SC

conclusions as to defendants' standing arguments, that does not mean that this motion involves a controlling issue of law as to which there is a substantial ground for disagreement. Accordingly, this is not the 'exceptional' case that warrants § 1292(b) certification." *National Ass'n of College Bookstores, Inc. v. Cambridge Univ. Press*, 990 F.Supp. 245, 255 (S.D.N.Y. 1997).

Here, standing is based on the well-settled Ninth Circuit precedent of *Royal Printing*.

*Royal Printing* has been the law of this Circuit since 1980. It has expressly been approved of, and followed, in numerous subsequent opinions of the Ninth Circuit. *ATM Fee*, 686 F.3d at 756-57; *Delaware Valley Surgical Supply, Inc. v. Johnson & Johnson*, 523 F.3d 1116, 1121 (9th Cir. 2008) ("*Delaware Valley*"); *Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1146 & n.12 (9th Cir.), *cert. denied*, 540 U.S. 940 (2003) ("*Freeman*"). The Ninth Circuit in *ATM Fee* explicitly noted that the doctrine of *Royal Printing* applies in the context of a price-fixed component of an FP or downstream product. *ATM Fee,* 686 F.3d at 755 & n.7. *CRTs II*, 2012 WL 5987861 at *8 n.7, *10.

Courts in this district applied *Royal Printing* in the context of an alleged price-fixed component of an FP before *ATM Fee* was decided. *In re Optical Disk Drive Antitrust Litig.*, No. 3:10-md-02143, 2012 WL 3066718 at *5-*6 (N.D. Cal. April 19, 2012) ("*ODDs*"); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M:07-1827 SI, 2011 WL 5357906 at *1-*2 (N.D. Cal. Nov. 7, 2011).

In a very recent series of opinions, Judge Illston in *LCDs* has continued to apply *Royal Printing* in this context, relying on the construction of *Royal Printing* given by the Ninth Circuit in *ATM Fee*. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M:07-1827 SI, 2012 WL 2012 WL 5949585 at *3 (N.D.Cal. Nov. 28, 2012) (N.D.Cal. Nov. 19, 2012); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M:07-1827 SI, 2012 WL 5869607 at *1 (N.D.Cal. Nov. 19, 2012); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M:07-1827 SI, 2012 WL 5869588 at *3-*4 (N.D.Cal. Nov. 19, 2012).

Defendants contend that: (a) other avenues of private antitrust enforcement exist because four other Plaintiffs named in the CAC and indirect purchasers can sue for antitrust violations (Defs' Mem., p. 5); (b) the Ninth Circuit has only allowed claims to go forward once under the

*Royal Printing* exception (in *Freeman*) since *Royal Printing* was decided (*id*.); (c) the rationale underlying *Royal Printing* is superseded in light of the enactment of state indirect purchaser antitrust laws after the decision in *California v. ARC America Corp.*, 490 U.S. 93 (1989) ("*ARC America*") (Defs Mem., p. 6); (d) the Court itself said that Defendants' arguments were "better addressed to the Ninth Circuit" (*id*. (*quoting* 2012 WL 5987861 at *10)); (e) *Royal Printing* is distinguishable because there, the plaintiffs purchased the price-fixed product (*id*. at 7); and (f) the Court's opinion subjects the Defendants to ruinous duplicative damage exposure (*id*. at 7-8). None of these arguments pass muster.

To begin with, neither the other Plaintiffs named in the CAC nor the indirect purchaser class is suing on the same claims raised by the nine Plaintiffs at issue here. The other Plaintiffs named in the CAC are suing on claims arising from purchases of stand-alone CRTs, not FPs containing CRTs. The indirect purchaser class is comprised entirely of end-users and interim lead counsel for that class expressly told the Special Master that the nine Plaintiffs at issue here are "not subsumed within our class." Transcript of March 20, 2012 Hearing at 106. Thus, if Defendants' views had prevailed here, a whole group of injured customers of Defendants would go uncompensated. Of critical importance here is that the evidence Plaintiffs submitted in opposing the motion for summary judgment showed that the vast majority of CRTs were sold by the price-fixing defendants to their owned or controlled subsidiaries for incorporation in FPs that were then sold to Plaintiffs. Defendants made no effort to rebut this evidence. Thus, although Defendants argue that other avenues of private enforcement exist, the vast majority of their commerce—that purchased by Plaintiffs as FPs from Defendants' own subsidiaries—would simply drop out of the case without available legal recourse for Defendants' anticompetitive conduct.

With respect to the actual application of the *Royal Printing* decision, Defendants conveniently fail to note that in addition to the Ninth Circuit opinion in *Freeman*, it has been applied extensively by courts in this district, including by Judge Seeborg in *ODDs* and by Judge Illston in a series of opinions in *LCDs*. Indeed, Defendants *cannot point to a single case* in the Ninth Circuit that has rejected the rationale of *Royal Printing*.

As for the notion that the rationale of *Royal Printing* is somehow superseded by the 1989 decision in *ARC America*, Defendants fail to note that *Royal Printing* was cited with approval by the Ninth Circuit in *Freeman* in 2003, in *Delaware Valley* in 2008, and in *ATM Fee* in 2012 and by the district courts in *ODDs* and *LCDs* in various opinions issued in 2011 or 2012.

With respect to the Court's comment on matters better addressed to the Ninth Circuit, it did so in the context of the Defendants' arguments about *ARC America* and made it very clear that it viewed *Royal Printing* as binding precedent and that the Ninth Circuit: "not only has yet to overrule or narrow *Royal Printing*, but reaffirmed and clarified its holding just months ago in *ATM Fee*. … *Royal Printing* remains the law of this circuit and binding on this Court." *CRTs II*, 2012 WL 5987861 at *10.

The Defendants' argument that *Royal Printing* is distinguishable because there, the plaintiffs bought the price-fixed product fares no better. As the Court explained:

> It has been suggested that *Royal Printing* is distinguishable from this case because the *Royal Printing* plaintiffs purchased price fixed paper while the Named DPPs never purchased a price-fixed CRT from anyone. ... The difficulty with this position is that the *Royal Printing* plaintiffs did not purchase price-fixed paper. They paid the wholesale price, which was set by market forces. See *Royal Printing*, 621 F.2d at 324 (plaintiffs bought only at wholesale), 326 n. 4 ("[T]he wholesalers' pricing decisions are determined by market forces ...."). The *Royal Printing* plaintiffs, like the Named DPPs here, were indirect purchasers. Ninth Circuit cases distinguish between, on the one hand, an overcharge directly set by and paid to the conspiracy and, on the other, a price paid farther along in the distribution chain which includes a passed-on overcharge. *E.g., ATM Fee,* 686 F.3d at 754 (distinguishing between direct payment of the price set by conspiring defendants and indirect payment of that price via pass-through, the latter being "merely 'fixed' in some broad sense"). **Making antitrust standing depends on whether a plaintiff bought the price-fixed product—that is, whether plaintiff was a direct purchaser—would wipe out the *Royal Printing* exception.**

2012 WL 5987861 at *8 n.7 (emphasis added).

Finally, the notion that Defendants face crippling duplicative recovery is fallacious. As noted above, the nine Plaintiffs at issue here are situated differently from the other Plaintiffs and are not part of the indirect purchaser class.

In short, with respect to that portion of the Court's opinion for which certification of an interlocutory appeal is sought, there is no "substantial ground for difference of opinion."

9

DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO
CERTIFY ORDER FOR INTERLOCUTORY APPEAL; Master File No. CV-07-5944-SC

**C. No Material Advancement of the Litigation.**

This case has been ongoing since 2007. Motions to dismiss were thoroughly briefed over a lengthy period and denied by this Court in *CRTs I*. The parties have negotiated for and exchanged substantial documentary discovery. Depositions are ongoing. With the exception of the two Defendant groups identified above, all of the other Defendants named in the CAC have either settled or been dismissed voluntarily. Certification of the direct purchaser class remains to be done, largely because the Special Master deferred the scheduling of that motion until after the summary judgment motion was resolved. Thus, this litigation is well past the pleading stage, a factor that weighs heavily against the possibility that Section 1292(b) certification will materially advance it. *LCDs II*, 2012 WL 4513866 at *1; *Lucas v. Hertz Corp.*, No. C 11–01581 LB 2012 WL 5199384 at *5 (N.D.Cal. Oct. 22, 2012); *SRAM*, 2011 WL 250317 at *1.

Additionally, as the Court has noted, the present motion deals with only nine of the 13 named plaintiffs in the CAC. *CRTs II*, 2012 WL 5987861 at *1. The four others unquestionably bought stand-alone CRTs and their claims will proceed in any event. This fact also weighs strongly against the conclusion that certification of an interlocutory appeal will materially advance this litigation.

Finally, as noted above, the application of *Royal Printing* is a fact-specific inquiry that should be made by the trier of fact on a full evidentiary record. A premature, piecemeal appeal will not serve that goal.

Defendants argue that interlocutory review will materially advance the termination of this litigation because it will resolve the scope of the direct purchaser class prior to class certification. Defs' Mem., p. 9. This is wishful thinking at best. A class certification is not the functional equivalent of summary judgment. Factual issues regarding the application of the *Royal Printing* doctrine here will not be resolved on a certification motion; instead they are among the common issues that will justify class treatment. Likewise, if the Court were to certify an interlocutory appeal, there is no certainty that the Ninth Circuit will resolve the issue before certification of a class here or even before trial, unless the entire case is stayed indefinitely. That is a perverse result that Section 1292(b) was not intended to achieve. *See Shurance v. Planning Control Int'l, Inc.,* 839 F.2d

1347, 1348 (9th Cir.1988) (refusing to hear a certified appeal in part because the Ninth Circuit's decision might come after the scheduled trial date).

As for Defendants' argument that a successful appeal may affect the parties' willingness to settle, that is the type of speculative contention that should be given short shrift by the Court. *See Piazza v. Major League Baseball*, 836 F.Supp. 269, 272 (E.D.Pa.1993) ("*Piazza*") ("[Defendant] stresses in its submissions that settlement will not be possible in the absence of certification, and that therefore certification will materially advance the ultimate termination of the litigation by making settlement possible. I reject this as a controlling contention for § 1292(b) certification in this case."); *Sieg v. Sears Roebuck & Co.*, No. 3:10cv606, 2012 WL 1657921 at *3 (M.D. Pa. May 11, 2012) ("Although Leviton asserts that Primax's inclusion in this lawsuit would increase the probability of settlement, it is far from certain that Leviton would succeed on appeal and, if it is successful, that the case would settle before trial. …. Therefore, this is not a rare case that fits into the exception to our strong policy against piecemeal litigation"); *Sony/ATV Music Pub. Co., LLC v. D.J. Miller Distribs., Inc.*, No. 3:09–cv–01098, 2011 WL 6016884 at *8 (M.D. Tenn. Dec. 2, 2011) (refusing to certify interlocutory appeal, despite claim that doing so would materially advance termination of the litigation because settlement negotiations would be affected); *Pacific Employers Ins. Co. v. Global Reins. Co. of America*, No. 09–6055, 2010 WL 2376131 at *9 n.5 (E.D. Pa. June 9, 2010) (same as *Piazza*).

### IV.   CONCLUSION.

For all of the foregoing reasons, Defendants' motion to certify an interlocutory appeal should be denied.

DATED:  January 10, 2013                                        Respectfully submitted,
                                                                SAVERI & SAVERI, INC.

                                                                By:   /s/ *Guido Saveri*
                                                                Guido Saveri
                                                                R. Alexander Saveri
                                                                Geoffrey C. Rushing
                                                                Cadio Zirpoli
                                                                706 Sansome Street
                                                                San Francisco, CA  94111-5619
                                                                Phone:  (415) 217-6810
                                                                Fax:  (415) 217-6813

11
DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL; Master File No. CV-07-5944-SC

*Direct Purchaser Plaintiffs' Interim Lead Counsel*

Joseph W. Cotchett
Steven N. Williams
Adam J. Zapala
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Bruce L. Simon
Aaron M. Sheanin
PEARSON, SIMON, WARSHAW & PENNY LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone:  (415) 433-9000
Facsimile:  (415) 433-9008

H. Laddie Montague, Jr.
Ruthanne Gordon
Charles P. Goodwin
Candice Enders
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (800) 424-6690
Facsimile: (215) 875-4604

Michael P. Lehmann
HAUSFELD LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:  (415) 633-1908
Facsimile:  (415) 358-4980

Gary Specks
KAPLAN FOX
423 Sumac Road
Highland Park, IL 60035
Telephone: (847) 831-1585
Facsimile: (847) 831-1580

Douglas A. Millen
William H. London
FREED KANNER LONDON & MILLEN
2201 Waukegan Road

DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO
CERTIFY ORDER FOR INTERLOCUTORY APPEAL; Master File No. CV-07-5944-SC

Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4519

Eric B. Fastiff
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

W. Joseph Bruckner
Elizabeth R. Odette
LOCKRIDGE GRINDAL NAUEN P.L.L.P
100 Washington Avenue S
Suite 2200
Minneapolis, MN 55401
Telephone:  (612) 339-6900
Facsimile: (612) 339-0981

*Attorneys for Plaintiffs*