Exhibit 60

1   LIDIA MAHER (CSBN 222253)
    BARBARA J. NELSON (CSBN 87952)
2   JEANE M. HAMILTON (CSBN 157834)
    ANNA TRYON PLETCHER (CSBN 239730)
3   MAY LEE HEYE (CSBN 209366)
    Antitrust Division
4   U.S. Department of Justice
    450 Golden Gate Avenue
5   Box 36046, Room 10-0101
    San Francisco, CA  94102
6   Telephone:  (415) 436-6660

7   Attorneys for the United States

8

9                   UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION                      **WHA**

12   UNITED STATES OF AMERICA         )   No.
                                      )   **CR 09      0131**
13            v.                      )   **INDICTMENT**
                                      )
14   CHENG YUAN LIN, a.k.a. C.Y. LIN, )   VIOLATIONS:
                                      )   Title 15, United States Code,
15                                    )   Section 1 (Conspiracy in Restraint of Trade)
                                      )
16            Defendant.              )   San Francisco Venue

17

18        The Grand Jury charges:

19   <u>COUNT ONE</u>: 15 U.S.C. § 1 (Conspiracy in Restraint of Trade)

20                                I.

21                   <u>DESCRIPTION OF THE OFFENSE</u>

22        1.    CHENG YUAN LIN, a.k.a. C.Y. LIN, is hereby indicted and made a defendant on

23   the charge stated below.

24        2.    Beginning at least as early as January 28, 1997, until at least as late as April 7,

25   2003, the exact dates being unknown to the Grand Jury, the defendant CHENG YUAN LIN and

26   coconspirators joined, entered into, and engaged in a combination and conspiracy to suppress and

27   eliminate competition by fixing prices, reducing output, and allocating market shares of color

28   display tubes ("CDTs") to be sold in the United States and elsewhere.  The combination and

     INDICTMENT – PAGE 1

1 conspiracy engaged in by the defendant and coconspirators was in unreasonable restraint of
2 interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15
3 U.S.C. § 1).

4     3.     The charged combination and conspiracy consisted of a continuing agreement,
5 understanding, and concert of action among the defendant and coconspirators, the substantial
6 terms of which were to agree to fix prices, reduce output, and allocate market shares of CDTs to
7 be sold in the United States and elsewhere for use in computer monitors and other products with
8 similar technological requirements.

9 <center>II.</center>

10 <center>MEANS AND METHODS OF THE CONSPIRACY</center>

11     4.     For the purpose of forming and carrying out the charged combination and
12 conspiracy, the defendant and coconspirators did those things that they combined and conspired
13 to do, including, among other things:

14     (a)    attended meetings and engaged in conversations and communications in
15         Taiwan, Korea, Malaysia, China, and elsewhere to discuss the prices,
16         output, and market shares of CDTs;

17     (b)    agreed during those meetings, conversations, and communications to
18         charge prices of CDTs at certain target levels or ranges;

19     (c)    agreed during those meetings, conversations, and communications to
20         reduce output of CDTs by shutting down CDT production lines for certain
21         periods of time;

22     (d)    agreed during those meetings, conversations, and communications to
23         allocate target market shares for the CDT market overall and for certain
24         CDT customers;

25     (e)    exchanged CDT sales, production, market share, and pricing
26         information for the purpose of implementing, monitoring, and enforcing
27         adherence to the agreed-upon prices, output reduction, and market share
28         allocation;

INDICTMENT – PAGE 2

     (f)    implemented an auditing system that permitted coconspirators to visit each other's production facilities to verify that CDT production lines had been shut down as agreed;

     (g)    authorized and approved the participation of subordinate employees in the conspiracy;

     (h)    issued price quotations and reduced output in accordance with the agreements reached; and

     (i)    took steps to conceal the conspiracy and conspiratorial contacts through various means.

### III.

### DEFENDANT AND COCONSPIRATORS

5. Defendant CHENG YUAN LIN is a resident of Taiwan, Republic of China. During the period covered by this Indictment, CHENG YUAN LIN was Chairman and Chief Executive Officer of Chunghwa Picture Tubes, Ltd. ("Chunghwa"). During the period covered by this Indictment, Chunghwa was a Taiwanese company engaged in the business of producing and selling, among other things, CDTs to customers in the United States and elsewhere.

6. Various corporations and individuals not made defendants in Count One of this Indictment participated as coconspirators in the offenses charged in Count One of this Indictment and performed acts and made statements in furtherance of it.

7. Whenever in this Indictment reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

### IV.

### TRADE AND COMMERCE

8. CDTs are a type of cathode ray tube. Cathode ray tubes consist of evacuated glass envelopes that contain an electron gun and a phosphorescent screen. When electrons strike the screen, light is emitted, creating an image on the screen. CDTs are the specialized cathode ray

INDICTMENT – PAGE 3

1  tubes manufactured for use in computer monitors and other products with similar technological

2  requirements.

3      9.    During the period covered by Count One of this Indictment, the defendant and

4  coconspirators sold and distributed substantial quantities of CDTs in a continuous and

5  uninterrupted flow of interstate and foreign trade and commerce to customers located in states or

6  countries other than the states or countries in which the defendant and coconspirators produced

7  CDTs. In addition, payments for CDTs traveled in interstate and foreign trade and commerce.

8      10.    During the period covered by Count One of this Indictment, the business activities

9  of the defendant and coconspirators that are the subject of Count One of this Indictment were

10  within the flow of, and substantially affected, interstate and foreign trade and commerce.

11  <div align="center">V.</div>

12  <div align="center">JURISDICTION AND VENUE</div>

13      11.    The combination and conspiracy charged in Count One of this Indictment was

14  carried out, in part, in the Northern District of California, within the five years preceding the filing

15  of this Indictment, excluding the period during which the running of the statute of limitations was

16  suspended pursuant to agreement with defendant CHENG YUAN LIN.

17  COUNT TWO: 15 U.S.C. § 1 (Conspiracy in Restraint of Trade)

18  <div align="center">VI.</div>

19  <div align="center">DESCRIPTION OF THE OFFENSE</div>

20      12.    CHENG YUAN LIN, a.k.a. C.Y. LIN, is hereby indicted and made a defendant on

21  the charge stated below.

22      13.    Beginning at least as early as March 12, 1997, until at least as late as April 7, 2003,

23  the exact dates being unknown to the Grand Jury, the defendant CHENG YUAN LIN and

24  coconspirators joined, entered into, and engaged in a combination and conspiracy to suppress and

25  eliminate competition by fixing the prices of color picture tubes ("CPTs") to be sold in the United

26  States and elsewhere. The combination and conspiracy engaged in by the defendant and

27  coconspirators was in unreasonable restraint of interstate and foreign trade and commerce in

28  violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

INDICTMENT – PAGE 4

1   14.   The charged combination and conspiracy consisted of a continuing agreement,

2   understanding, and concert of action among the defendant and coconspirators, the substantial

3   terms of which were to agree to fix the prices of CPTs to be sold in the United States and

4   elsewhere for use in television sets.

5   VII.

6   MEANS AND METHODS OF THE CONSPIRACY

7   15.   For the purpose of forming and carrying out the charged combination and

8   conspiracy, the defendant and coconspirators did those things that they combined and conspired to

9   do, including, among other things:

10   (a)   attended meetings and engaged in conversations and communications in

11   Taiwan, Korea, Malaysia, China, Thailand, Indonesia, and elsewhere to

12   discuss the prices of CPTs;

13   (b)   agreed during those meetings, conversations, and communications to

14   charge prices of CPTs at certain target levels or ranges;

15   (c)   exchanged CPT pricing information for the purpose of implementing,

16   monitoring, and enforcing adherence to the agreed-upon prices;

17   (d)   authorized and approved the participation of subordinate employees in the

18   conspiracy;

19   (e)   issued price quotations in accordance with the agreements reached; and

20   (f)   took steps to conceal the conspiracy and conspiratorial contacts through

21   various means.

22   VIII.

23   DEFENDANT AND COCONSPIRATORS

24   16.   Defendant CHENG YUAN LIN is a resident of Taiwan, Republic of China.

25   During the period covered by this Indictment, CHENG YUAN LIN was Chairman and Chief

26   Executive Officer of Chunghwa.  During the period covered by this Indictment, Chunghwa was a

27   Taiwanese company engaged in the business of producing and selling, among other things, CPTs

28   to customers in the United States and elsewhere.

INDICTMENT – PAGE 5

17. Various corporations and individuals not made defendants in Count Two of this Indictment participated as coconspirators in the offenses charged in Count Two of this Indictment and performed acts and made statements in furtherance of it.

18. Whenever in this Indictment reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

IX.

## TRADE AND COMMERCE

19. CPTs are a type of cathode ray tube. Cathode ray tubes consist of evacuated glass envelopes that contain an electron gun and a phosphorescent screen. When electrons strike the screen, light is emitted, creating an image on the screen. CPTs are the specialized cathode ray tubes manufactured for use in television sets.

20. During the period covered by Count Two of this Indictment, the defendant and coconspirators sold and distributed substantial quantities of CPTs in a continuous and uninterrupted flow of interstate and foreign trade and commerce to customers located in states or countries other than the states or countries in which the defendant and coconspirators produced CPTs. In addition, payments for CPTs traveled in interstate and foreign trade and commerce.

21. During the period covered by Count Two of this Indictment, the business activities of the defendant and coconspirators that are the subject of Count Two of this Indictment were within the flow of, and substantially affected, interstate and foreign trade and commerce.

X.

## JURISDICTION AND VENUE

22. The combination and conspiracy charged in Count Two of this Indictment was carried out, in part, in the Northern District of California, within the five years preceding the filing of this Indictment, excluding the period during which the running of the statute of limitations was suspended pursuant to agreement with defendant CHENG YUAN LIN.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

INDICTMENT – PAGE 6

| | |
|---|---|
| 1 | DATED: 2/10/09 |

A TRUE BILL

Scott D. Hammond
Acting Assistant Attorney General

Marc Siegel
Director of Criminal Enforcement

United States Department of Justice
Antitrust Division

Joseph P. Russoniello  *For SPR*
United States Attorney
Northern District of California

FOREPERSON

Phillip H. Warren
Chief, San Francisco Office

Niall E. Lynch
Assistant Chief, San Francisco Office

Lidia Maher
Barbara J. Nelson
Jeane M. Hamilton
Anna Tryon Pletcher
May Lee Heye
Attorneys
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
(415) 436-6660

INDICTMENT – PAGE 7