# Exhibit 61

LIDIA MAHER (CSBN 222253)
ANNA TRYON PLETCHER (CSBN 239730)
MAY LEE HEYE (CSBN 209366)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 436-6660

Attorneys for the United States



UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA | ) CR09 0836 |
|---|---|
| v. | ) **INDICTMENT** |
|  | ) VIOLATION: |
| WEN JUN CHENG, a.k.a. TONY CHENG | ) Title 15, United States Code, |
|  | ) Section 1 (Conspiracy in Restraint of Trade) |
| Defendant. | ) San Francisco Venue |

The Grand Jury charges that:

I.

DESCRIPTION OF THE OFFENSE

1. The following individual is hereby indicted and made a defendant on the charge stated below: WEN JUN CHENG, a.k.a. TONY CHENG.

2. Beginning at least as early as January 1997, until at least as late as March 2006, the exact dates being unknown to the Grand Jury, coconspirators of the defendant joined, entered into, and engaged in a combination and conspiracy to suppress and eliminate competition by fixing prices, reducing output, and allocating market shares of color display tubes ("CDTs") to be sold in the United States and elsewhere. The combination and conspiracy engaged in by the defendant and coconspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

INDICTMENT – PAGE 1

3. Defendant WEN JUN CHENG joined and participated in the conspiracy from at least as early as January 1999 and continuing until at least September 2004.

4. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and coconspirators, the substantial terms of which were to agree to fix prices, reduce output, and allocate market shares of CDTs to be sold in the United States and elsewhere for use in computer monitors and other products with similar technological requirements.

II.

## MEANS AND METHODS OF THE CONSPIRACY

5. For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and coconspirators did those things that they combined and conspired to do, including, among other things:

(a) attending meetings and engaging in conversations and communications in Taiwan, Korea, Malaysia, China, and elsewhere to discuss the prices, output, and market shares of CDTs;

(b) agreeing during those meetings, conversations, and communications to charge prices of CDTs at certain target levels or ranges;

(c) agreeing during those meetings, conversations, and communications to reduce output of CDTs by shutting down CDT production lines for certain periods of time;

(d) agreeing during those meetings, conversations, and communications to allocate target market shares for the CDT market overall and for certain CDT customers;

(e) exchanging CDT sales, production, market share, and pricing information for the purpose of implementing, monitoring, and enforcing adherence to the agreed-upon prices, output reduction, and market share allocation;

(f) implementing an auditing system that permitted coconspirators to visit each

INDICTMENT – PAGE 2

    other's production facilities to verify that CDT production lines had been shut down as agreed;

 (g) authorizing and approving the participation of subordinate employees in the conspiracy;

 (h) issuing price quotations and reducing output in accordance with the agreements reached; and

 (i) taking steps to conceal the conspiracy and conspiratorial contacts through various means.

### III.
### DEFENDANT AND COCONSPIRATORS

6. Defendant WEN JUN CHENG is a resident of Taiwan, Republic of China. From at least as early as January 1999 and continuing until at least September 2004, WEN JUN CHENG was employed by Company A and, beginning in March 2002, was Assistant Vice President of Sales and Marketing for Company A. During the period covered by this Indictment, Company A was a Taiwanese company engaged in the business of producing and selling, among other things, CDTs to customers in the United States and elsewhere.

7. Various corporations and individuals not made defendants in this Indictment participated as coconspirators in the offense charged in this Indictment and performed acts and made statements in furtherance of it.

8. Whenever in this Indictment reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

### IV.
### TRADE AND COMMERCE

9. CDTs are a type of cathode ray tube. Cathode ray tubes consist of evacuated glass envelopes that contain an electron gun and a phosphorescent screen. When electrons strike the screen, light is emitted, creating an image on the screen. CDTs are the specialized cathode ray

INDICTMENT – PAGE 3

1 | tubes manufactured for use in computer monitors and other products with similar technological
2 | requirements.
3 |     10.   During the period covered by this Indictment, Company A and coconspirators sold
4 | and distributed substantial quantities of CDTs in a continuous and uninterrupted flow of interstate
5 | and foreign trade and commerce to customers located in states or countries other than the states or
6 | countries in which Company A and coconspirators produced CDTs. In addition, payments for
7 | CDTs traveled in interstate and foreign trade and commerce.
8 |     11.   During the period covered by this Indictment, the business activities of the
9 | defendant and coconspirators related to the sale and distribution of CDTs that are the subject of
10 | this Indictment were within the flow of, and substantially affected, interstate and foreign trade and
11 | commerce.
12 |                                    V.
13 |                       JURISDICTION AND VENUE
14 |     12.   The combination and conspiracy charged in this Indictment was carried out, in
15 | part, in the Northern District of California, within the five years preceding the filing of this
16 | Indictment.
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

INDICTMENT – PAGE 4

1  ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

2  DATED: 8/18/09                                A TRUE BILL

3
4  /s/ Christine A. Varney
   Christine A. Varney
5  Assistant Attorney General

6
   /s/ Scott D. Hammond                          /s/ Phillip H. Warren
7  Scott D. Hammond                              Phillip H. Warren
   Deputy Assistant Attorney General             Chief, San Francisco Office
8
9  /s/ Marc Siegel                               /s/ Lidia Maher
   Marc Siegel                                   Lidia Maher
10 Director of Criminal Enforcement              Anna Tryon Pletcher
                                                 May Lee Heye
11 United States Department of Justice           Attorneys
   Antitrust Division                            U.S. Dept. of Justice, Antitrust Division
12                                               450 Golden Gate Avenue
                                                 Box 36046, Room 10-0101
13 /s/ Joseph P. Russoniello for JPR             San Francisco, CA 94102
   Joseph P. Russoniello                         (415) 436-6660
14 United States Attorney
   Northern District of California

15
16
17
...
28

INDICTMENT – PAGE 5