Exhibit 62

# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN FRANCISCO

UNITED STATES OF AMERICA,

V.

# CR 10 0231

**JSW**

CHUNG CHENG YEH, a.k.a. ALEX YEH,

DEFENDANT(S).

# INDICTMENT

Title 15 U.S.C. Section 1 (Conspiracy in Restraint of Trade)
COUNT 1

A true bill.

_____
Foreman

Filed in open court this _30th_ day of

_March_ _2010_ .

_____
**BETTY P. LEE**
Clerk

Bail, $ _____

EDWARD M. CHEN
UNITED STATES MAGISTRATE JUDGE

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT

☐ SUPERSEDING

—— OFFENSE CHARGED ——

Title 15 U.S.C. Section 1 -- Conspiracy in Restraint o Trade

☐ Petty

☐ Minor

☐ Misde-meanor

☒ Felony

PENALTY: See attachment.

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

—— DEFENDANT - U.S ——

▶ CHUNG CHENG YEH, a.k.a. ALEX YEH

DISTRICT COURT NUMBER

CR 10 0231 JSW

—— DEFENDANT ——

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

} ☐ Federal ☐ State

If answer to (6) is "Yes", show name of institution

—— PROCEEDING ——

Name of Complainant Agency, or Person (& Title, if any)

FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO. }

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO. }

Name and Office of Person
Furnishing Information on this form    JOSEPH P. RUSSONIELLO

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Lidia Maher, Trial Attorney, ATR

Has detainer been filed?  ☐ Yes  ☐ No

If "Yes" give date filed }

**DATE OF ARREST** ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:

☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:    Before Judge:

Comments:

PENALTY SHEET

Individual:    CHUNG CHENG YEH, a.k.a. ALEX YEH

Offense Charged: 15 U.S.C. Section 1 (Conspiracy in Restraint of Trade)

Maximum Penalties:

      1.     A fine in an amount equal to the largest of:

            A.     $1,000,000.00

            B.     Twice the gross pecuniary gain derived from the crime.

            C.     Twice the gross pecuniary loss caused to the victims of the crime.

      2.     A term of imprisonment for ten years.

      3.     A term of supervised release of at least two years but not more than three years.

      4.     $100 special assessment.

      5.     Restitution.

1    LIDIA MAHER (CSBN 222253)
     MAY LEE HEYE (CSBN 209366)
2    TAI S. MILDER (CSBN 267070)
     Antitrust Division
3    U.S. Department of Justice
     450 Golden Gate Avenue
4    Box 36046, Room 10-0101
     San Francisco, CA 94102
5    Telephone: (415) 436-6660

6    Attorneys for the United States

7
                         UNITED STATES DISTRICT COURT
8
                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
                            SAN FRANCISCO DIVISION
10
                                        C R
11   UNITED STATES OF AMERICA      )    No.   1 0    0 2 3 1
                                   )
12            v.                   )    **INDICTMENT**               **JSW**
                                   )
13   CHUNG CHENG YEH, a.k.a. ALEX YEH, )  VIOLATION:
                                   )    Title 15, United States Code,
14                                 )    Section 1 (Conspiracy in Restraint of Trade)
              Defendant.           )
15                                 )    San Francisco Venue
                                   )
16

17            The Grand Jury charges that:

18                                     I.

19                        DESCRIPTION OF THE OFFENSE

20       1.       The following individual is hereby indicted and made defendant on the charge

21   stated below: CHUNG CHENG YEH, a.k.a. ALEX YEH.

22       2.       Beginning at least as early as January 1997, until at least as late as March 2006,

23   the exact dates being unknown to the Grand Jury, coconspirators of the defendant joined, entered

24   into, and engaged in a combination and conspiracy to suppress and eliminate competition by

25   fixing prices, reducing output, and allocating market shares of color display tubes ("CDTs") to be

26   sold in the United States and elsewhere. The combination and conspiracy engaged in by the

27   defendant and coconspirators was in unreasonable restraint of interstate and foreign trade and

28   commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

     INDICTMENT – PAGE 1

1    3.    Defendant CHUNG CHENG YEH joined and participated in the conspiracy from

2  at least as early as May 1999 and continuing until at least March 2005.

3    4.    The charged combination and conspiracy consisted of a continuing agreement,

4  understanding, and concert of action among the defendant and coconspirators, the substantial

5  terms of which were to agree to fix prices, reduce output, and allocate market shares of CDTs to

6  be sold in the United States and elsewhere for use in computer monitors and other products with

7  similar technological requirements.

8                                          II.

9                    MEANS AND METHODS OF THE CONSPIRACY

10    5.    For the purpose of forming and carrying out the charged combination and

11  conspiracy, the defendant and coconspirators did those things that they combined and conspired

12  to do, including, among other things:

13          (a)    attending meetings and engaging in conversations and communications in

14                  Taiwan, Korea, Malaysia, China, and elsewhere to discuss the prices,

15                  output, and market shares of CDTs;

16          (b)    agreeing during those meetings, conversations, and communications to

17                  charge prices of CDTs at certain target levels or ranges;

18          (c)    agreeing during those meetings, conversations, and communications to

19                  reduce output of CDTs by shutting down CDT production lines for certain

20                  periods of time;

21          (d)    agreeing during those meetings, conversations, and communications to

22                  allocate target market shares for the CDT market overall and for certain

23                  CDT customers;

24          (e)    exchanging CDT sales, production, market share, and pricing

25                  information for the purpose of implementing, monitoring, and enforcing

26                  adherence to the agreed-upon prices, output reduction, and market share

27                  allocation;

28          (f)    implementing an auditing system that permitted coconspirators to visit each

INDICTMENT – PAGE 2

1   other's production facilities to verify that CDT production lines had been

2   shut down as agreed;

3   (g)   authorizing and approving the participation of subordinate employees in the

4   conspiracy;

5   (h)   issuing price quotations and reducing output in accordance with the

6   agreements reached; and

7   (i)   taking steps to conceal the conspiracy and conspiratorial contacts through

8   various means.

9   III.

10   ## DEFENDANT AND COCONSPIRATORS

11   6.   Defendant CHUNG CHENG YEH is a resident of Taiwan, Republic of China.

12   From at least as early as May 1999 and continuing until at least March 2005, CHUNG CHENG

13   YEH was employed by Company A and, beginning in March 2002, was Director of Sales for

14   Company A. During the period covered by this Indictment, Company A was a Taiwanese

15   company engaged in the business of producing and selling, among other things, CDTs to

16   customers in the United States and elsewhere.

17   7.   Various corporations and individuals not made defendants in this Indictment

18   participated as coconspirators in the offense charged in this Indictment and performed acts and

19   made statements in furtherance of it.

20   8.   Whenever in this Indictment reference is made to any act, deed, or transaction of

21   any corporation, the allegation means that the corporation engaged in the act, deed, or transaction

22   by or through its officers, directors, employees, agents, or other representatives while they were

23   actively engaged in the management, direction, control, or transaction of its business or affairs.

24   IV.

25   ## TRADE AND COMMERCE

26   9.   CDTs are a type of cathode ray tube. Cathode ray tubes consist of evacuated glass

27   envelopes that contain an electron gun and a phosphorescent screen. When electrons strike the

28   screen, light is emitted, creating an image on the screen. CDTs are the specialized cathode ray

INDICTMENT – PAGE 3

1   tubes manufactured for use in computer monitors and other products with similar technological
2   requirements.

3       10.     During the period covered by this Indictment, Company A and coconspirators sold
4   and distributed substantial quantities of CDTs in a continuous and uninterrupted flow of interstate
5   and foreign trade and commerce to customers located in states or countries other than the states or
6   countries in which Company A and coconspirators produced CDTs.  In addition, payments for
7   CDTs traveled in interstate and foreign trade and commerce.

8       11.     During the period covered by this Indictment, the business activities of the
9   defendant and coconspirators related to the sale and distribution of CDTs that are the subject of
10  this Indictment were within the flow of, and substantially affected, interstate and foreign trade and
11  commerce.

12                                      V.

13                          JURISDICTION AND VENUE

14      12.     The combination and conspiracy charged in this Indictment was carried out, in
15  part, in the Northern District of California, within the five years preceding the filing of this
16  Indictment.

17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

INDICTMENT – PAGE 4

1   ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

2   DATED:   30 March / 2010

3

4   _____        A TRUE BILL
    Christine A. Varney                    _____
5   Assistant Attorney General             FOREPERSON

6   _____        _____
7   Scott D. Hammond                       Phillip H. Warren
    Deputy Assistant Attorney General      Chief, San Francisco Office
8

9   _____        _____
    Marc Siegel                            Lidia Maher
10  Director of Criminal Enforcement       May Lee Heye
                                           Tai S. Milder
11  United States Department of Justice    Attorneys
    Antitrust Division                     U.S. Dept. of Justice, Antitrust Division
12                                         450 Golden Gate Avenue
                                           Box 36046, Room 10-0101
13  _____        San Francisco, CA 94102
    Joseph P. Russoniello                  (415) 436-6660
14  United States Attorney
    Northern District of California
15

16

17

18

19

20

21

22

23

24

25

26

27

28

    INDICTMENT – PAGE 5