# Exhibit 64

LIDIA MAHER (CSBN 222253)
MAY LEE HEYE (CSBN 209366)
TAI S. MILDER (CSBN 267070)
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102-3478
Telephone: (415) 436-6660
Facsimile: (415) 436-6687
Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SAMSUNG SDI COMPANY, LTD.,<br><br>Defendant. | No. CR 11-0162 (WHA)<br><br>UNITED STATES' MEMORANDUM IN RESPONSE TO NOTICE REGARDING ISSUES FOR APRIL 19 HEARING<br><br>Date: April 19, 2011<br>Time: 2:00 p.m.<br>Court: Hon. William Alsup |

Defendant Samsung SDI Company, Ltd. ("Samsung SDI") is scheduled for a change of plea and proposed expedited sentencing before this Court on April 19, 2011. The Court has identified three issues it plans to address at the April 19 hearing. The United States submits this memorandum to provide the Court with additional information on the identified issues for the Court's consideration in advance of the hearing.

I.  Introduction

In the Antitrust Division's international cartel investigations, such as the one at hand, the cooperation of companies that participated in a conspiracy can be critical to the government's ability to effectively bring prosecutions. By their nature, antitrust conspiracies are secret, and require an insider to provide information about the conspiracy's inner workings. In international cartel cases, the conspirator companies are frequently all based in foreign countries with their

MEMORANDUM IN RESPONSE TO NOTICE
CR 11-0162 (WHA)                    1

core operations located overseas, and the individuals involved in the conduct are also frequently citizens of a foreign country and located overseas. The foreign location of the companies and individuals creates significant challenges to the government's ability to obtain evidence and gain access to individuals. In these circumstances, the government's ability to secure key evidence necessary to build cases against the conspirators – both corporate and individual – is severely limited. Thus the cooperation of conspirator companies, like Samsung SDI, which can provide foreign-located documents and encourage their foreign-located employees to cooperate, is critical. In evaluating an appropriate fine and the appropriate employees who should receive non-prosecution protection in a corporate plea context, therefore, significant consideration is given to factors such as the international nature of the cartel and location of relevant documents and witnesses.

Samsung SDI is the first company to agree to plead guilty in the Antitrust Division's ongoing investigation into anticompetitive activity in the color display tube ("CDT") industry. The company's decision to cooperate and plead was swift. The same day that grand jury subpoenas were first served on certain subject companies of the investigation, Samsung SDI contacted the Antitrust Division and indicated a desire to fully cooperate and negotiate a disposition with the government. Since that time, Samsung SDI has provided continuous cooperation and assistance throughout the course of the grand jury investigation. Samsung SDI's cooperation has taken a variety of forms, including the production of foreign documents as well as making overseas witnesses available. Importantly, this cooperation has provided the Antitrust Division with information and evidence to which it otherwise may not have had access. The terms of the plea agreement that the parties have entered into ensures Samsung SDI's ongoing commitment to continue to provide full cooperation as the investigation moves forward.

II. Issue One: Employees Receiving Benefit of Company Plea Agreement

Most of the Antitrust Division's corporate plea agreements provide a non-prosecution agreement for company employees who cooperate fully in the investigation. However, it is also the Antitrust Division's practice to "carve out" or exclude from a company's plea agreement the most culpable individuals involved in the criminal activity. The first company that pleads and

1 cooperates early in an investigation often has the advantage of being able to offer new and
2 significant evidence through multiple employees that is of great value to the investigation. When
3 this is the case, as it was with Samsung SDI, the Antitrust Division will typically carve out only
4 the most culpable individuals, employees who refuse to cooperate, and employees against whom
5 the Division is still developing evidence and has not yet made a decision whether to prosecute.

6 Providing non-prosecution protection to cooperating employees under the terms of the
7 company's plea agreement is beneficial to the government in a number of ways. The
8 cooperation of lower-level, less culpable employees is typically necessary in order to gather
9 sufficient evidence to bring prosecutions against the more culpable, higher-level corporate
10 representatives. The inclusion of cooperating employees as a group under the company's plea
11 allows the company to provide cooperation quickly and efficiently, minimizing delays in the
12 investigation. The non-prosecution term for individuals in the company plea further incentivizes
13 employees to cooperate, or risk giving up the protections offered by the company plea.
14 Importantly, companies such as Samsung SDI are often in a unique position to secure the
15 cooperation of their employees, including locating former employees and encouraging their
16 cooperation – particularly in the international cartel context, where most if not all of those
17 individuals are citizens of foreign countries and located overseas, thus creating significant
18 challenges to the government's ability to gain access to them. Samsung SDI's assistance in
19 securing the cooperation of these employees is therefore of great value to the government.

20 The government has spent substantial time and effort in this case identifying the Samsung
21 SDI employees who were involved in the anticompetitive activity at issue, and identifying and
22 evaluating which individuals were most culpable for the charged conduct. The individuals
23 specifically carved out of the company plea agreement are the most culpable individuals
24 identified by the government after extensive investigation. Within the group of Samsung SDI
25 employees who are not carved out of the company plea, a number of individuals can provide
26 useful evidence in the case and either already are or will be cooperating with the government
27 pursuant to the terms of the plea agreement if it is accepted by the Court. Inclusion of the

1  remaining employees in the company plea agreement will provide substantial assistance to the
2  grand jury investigation.

3  III.    Issue Two: Fine

4        The fine in this case falls within the United States Sentencing Guidelines ("Guidelines")
5  fine range for Samsung SDI.  The fine is at the low end of the Guidelines range due to factors
6  such as Samsung SDI's immediate, thorough, and ongoing cooperation, and the international
7  nature of the cartel – including the location of documents and witnesses overseas that are, in this
8  case, likely beyond the grand jury's subpoena powers – among other factors.  Samsung SDI's
9  fine at the lower end of the Guidelines range reflects the Antitrust Division's practice of
10 rewarding a company for its timely acceptance of responsibility and valuable cooperation.
11 Determination of an appropriate fine calculation can also be complicated in international cartel
12 cases such as this one, where substantial production and sales took place overseas.  In this case,
13 the parties spent significant time engaged in plea negotiations in the effort to reach an
14 appropriate fine figure.  After extensive negotiations, including detailed factual and legal
15 analysis, the government and Samsung SDI agreed that a $32 million fine appropriately captured
16 the harm to U.S. consumers as a result of this conspiracy.

17 IV.    Issue Three: Expedited Sentencing

18       The parties have requested expedited sentencing without a presentence report in this case
19 in an effort to quickly and efficiently resolve the matter before the Court.  Some areas that might
20 more commonly invite an assessment by the Probation Department, such as a recommended jail
21 term in the case of an individual defendant, are not at issue here.  The corporation has no
22 criminal history, thus obviating the need for the Probation Department to prepare a detailed
23 report discussing the issues that might arise in such a scenario.  In addition, the recommended
24 sentence in this 11(c)(1)(C) plea agreement includes no payment of restitution and no period of
25 probation.  Restitution has not been included in the recommended sentence in this case due to the
26 extensive and ongoing parallel civil litigation filed by victims and discussed in the parties' Joint
27 Sentencing Memorandum.  *See* United States' and Samsung SDI Co.'s Joint Sentencing
28

MEMORANDUM IN RESPONSE TO NOTICE
CR 11-0162 (WHA)                        4

1  Memorandum and Request for Expedited Sentencing Under L.R. 32-1(b) at 3-4.  These terms are
2  consistent with the Antitrust Division's practice in the corporate plea agreement context.
3      With respect to the recommended fine, in antitrust cases, determination of the fine
4  involves an assessment of the volume of affected commerce under section 2R1.1 of the
5  Guidelines, which specifically applies to antitrust offenses.  Volume of affected commerce
6  calculations are typically complex, both factually and legally.  In this case, the parties have
7  already arrived at an agreed-upon volume of affected commerce after extensive research,
8  investigation, and negotiations.  The government believes it would be difficult and time
9  consuming for the Probation Department to have to duplicate the efforts of the parties, and it
10 would also require a legal analysis not easily carried out by the Probation Department.  Given
11 that volume of affected commerce calculations are unique to antitrust cases, the expertise the
12 Probation Department may have developed in other contexts from repeated experience is likely
13 less applicable in this case.  For all of these reasons, the parties believe that the creation of a
14 presentence report would prolong the sentencing process and tax valuable resources while not
15 providing additional information that would assist the Court in making a sentencing decision in
16 this case.
17     The government is appreciative of the Court's consideration of the additional information
18 provided in this memorandum, and should the Court desire further information on these issues,
19 the parties will be prepared to provide that information at the April 19 hearing or in any
20 additional filings desired by the Court.
21 Dated:  April 15, 2011                          Respectfully submitted,
22
23                                                /s/ Lidia Maher
                                                  Lidia Maher
24                                                May Lee Heye
25                                                Tai S. Milder
                                                  Antitrust Division
26                                                U.S. Department of Justice
27
28

MEMORANDUM IN RESPONSE TO NOTICE
CR 11-0162 (WHA)                             5