# Exhibit 73

## Czech Regional Court confirms Competition Authority decision in colour picture tubes cartel case

**Resource type:** Legal update: archive

**Status:** Law stated as at 23-Mar-2012

**Jurisdiction:** Czech Republic

On 23 February 2012, the Regional Court in Brno (the Court) dismissed the actions for annulment brought by the participants in the colour picture tubes cartel against the Czech Competition Authority's (CCA) decision of 19 November 2010. This case concerns an international price-fixing cartel in which a number of companies active in the cathode ray tubes (CRT) industry participated for different periods between 1998 and 2004. The CCA examined in this case the effects of the cartel on the national territory, applying Czech competition law, and penalised the effects produced by the cartel in the Czech Republic prior to the Czech Republic's accession to the EU on 1 May 2004.

---

The cartel members brought actions against the decision of the CCA (*see Legal update, Czech Competition Office's decision to fine cathode ray tubes producers for price-fixing agreement confirmed*) before the Regional Court in Brno. They claimed, inter alia, that the CCA:

- Did not have jurisdiction to pursue the case against the CRT cartel because the initiation of the Commission's CRT investigation had relieved the CCA of its competence to continue the proceedings.

- Violated the claimants' rights of defence by not granting full access to the leniency materials.

- Did not prove that the alleged cartel had anti-competitive effects on the territory of the Czech Republic.

- Erred in the calculation of fines imposed.

Having considered arguments of the claimants and the CCA, the Court confirmed the findings of the CCA and dismissed the actions, although it reduced the amount of Toshiba's fine by 15% because, in the Court's view, the alleged recidivism on the part of this company could not be taken into account by the CCA as an aggravating circumstance in this particular case.

The judgment is based on the following key findings of the Court:

- As regards the alleged lack of competence of the CCA to conduct the proceedings at national level because the Commission had already initiated proceedings at European level in that case, the Court referred to the European Court of Justice's ruling of 14 February 2012 (*Case C-17/10 - Toshiba Corporation and other; see Legal update, ECJ preliminary ruling on application of national competition law by states prior to accession to the EU*), which clarified that the CCA is

entitled to rule on the anti-competitive effects produced by the worldwide cartel in its territory prior to its accession to the European Union. Accordingly, the Court considered that the CCA had the jurisdiction to examine also the CRT cartel and penalise the consequences of the cartel which were produced in the Czech territory before 1 May 2004.

- As to the access to the leniency materials during the administrative proceedings before the CCA, the Court pointed out that Czech legislation does not deal with access to documents voluntarily submitted to the CCA pursuant to a national leniency programme. Similarly, the Court mentioned that a ruling of the European Court of Justice in *Pfleiderer* (*Case C-360/09*) has not provided clear guidance on this issue. In those circumstances, the Court considered that the leniency materials, given their sensitive nature, deserve special protection during the proceedings and can be, until the issuance of the Statement of Objections (SO), protected from disclosure to other parties. However, after the issuance of the SO, incriminated parties should have, at least limited access to that materials in order to defend themselves.

Therefore, the CCA in the CRT case did not breach the rights of defence since it allowed access to the administrative file, including the leniency applications, after the issuance of the SO (although the parties could not take copies from the leniency documents). Moreover, the Court pointed out that the SO provided a precise summary of the leniency materials.

- With respect to the alleged infringement of the right of non-self-incrimination, the Court held that the undertaking concerned is obliged, if the CCA requests it, to provide the CCA with documents that relate to the subject-matter of the investigation, even if those documents could be used by the CCA in order to establish the existence of an infringement. On the other hand, the Court clarified that the CCA cannot require the undertaking to provide the information to the effect that it would admit its participation in the infringement. Thus, the CCA did not breach the right of non-self-incrimination by requesting the documents from the claimants, which, moreover, have not been used by the CCA in order to establish the existence of the cartel.

- With regard to the arguments of the claimants that the CCA did not establish the existence of the infringement and that there was no appreciable effect on competition in the Czech Republic, the Court stated, first, that there is no provision of Czech law that would prohibit the CCA from relying exclusively on materials submitted by the leniency applicants in order to prove the conduct contrary to the Czech competition rules. Additionally, the Court agreed with the CCA that an undertaking may be held responsible for an overall cartel even though it is shown that it participated directly only in several meetings, since it must have known in this particular case, especially by means of regular meetings organised over several years, that it participated in the overall collusion that intended to restrict competition.

Moreover, the Court found that the CCA has sufficiently demonstrated an adverse effect of the cartel on the territory of the Czech Republic. According to the Court, although the illegal activity occurred outside of the Czech Republic, it affected products sold also in the Czech Republic since the CCA had proven that there had been demand, at least from one customer, for these

- products on national market. Consequently, the Court rejected this plea.

- Finally, as far as the pleas relating to the calculation of the fines are concerned, the Court held that the CCA may exercise discretion in setting the amount of fines and that, in this particular case, there is no justification for reducing the amount of fines imposed, except for a partial reduction of Toshiba's fine that was increased due to the alleged recidivism of this company. The Court explained that the fact that Toshiba had already been penalised – by means of an earlier decision of the CCA in the gas insulated switchgear (GIS) cartel case – could not be taken into account as an aggravating circumstance, justifying an increase in the fine, since Toshiba's present infringement on the CRT market was committed before the decision in the GIS cartel was adopted by the CCA.

In the light of these considerations, the Court rejected the actions for annulment of the CCA decision of 19 November 2010 in the CRT cartel case. Nonetheless, the parties can bring an appeal before the Czech Supreme Administrative Court against the judgment delivered at first instance by the Court.

*Source: Judgment of the Regional Court in Brno dated 23 February 2012 and available on the Competition Authority's website (in Czech). Tomáš Fiala,* **Vejmelka & Wünsch (www.practicallaw.com/2-106-1299)** *(Prague), e-mail: prague@vejwun.cz.*

## Resource information

**Resource ID:** 4-518-6072

**Law stated date:** 23-Mar-2012

**Products:** PLC EU Competition Law

## Related content

### Topics

Cartels (http://uk.p02del.practicallaw.com/topic1-103-1161)