Exhibit 76

NIALL E. LYNCH (State Bar No. 157959)
MICHAEL L. SCOTT (State Bar No. 165452)
HEATHER S. TEWKSBURY (State Bar No. 222202)
ALEXANDRA J. SHEPARD (State Bar No. 205143)
DAVID J. WARD (State Bar No. 239504)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 436-6660

F I L E D

FEB 2 7 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA )
                         )
              v.         )    Case No. CR 09-0045 SI
                         )
CHIH-CHUN "C.C." LIU,    )
                         )
              Defendant. )
_____)

**PLEA AGREEMENT**

The United States of America and Chih-Chun "C.C." Liu ("defendant") hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

**RIGHTS OF DEFENDANT**

1.      The defendant understands his rights:

(a)      to be represented by an attorney;

(b)      to be charged by Indictment;

(c)      as a permanent resident of Taiwan, Republic of China and holder of a Taiwan passport, to decline to accept service of the Summons in this case, and to contest the jurisdiction of the United States to prosecute this case against him in the United States District Court for the Northern District of California;

(d)      to plead not guilty to any criminal charge brought against him;

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 1

1               (e)    to have a trial by jury, at which he would be presumed not

2   guilty of the charge and the United States would have to prove every essential element of

3   the charged offense beyond a reasonable doubt for him to be found guilty;

4               (f)    to confront and cross-examine witnesses against him and to

5   subpoena witnesses in his defense at trial;

6               (g)    not to be compelled to incriminate himself;

7               (h)    to appeal his conviction, if he is found guilty; and

8               (i)    to appeal the imposition of sentence against him.

### AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

11      2.    The defendant knowingly and voluntarily waives the rights set out in Paragraph

12   1(b)-(h) above, including all jurisdictional defenses to the prosecution of this case, and agrees

13   voluntarily to consent to the jurisdiction of the United States to prosecute this case against him in

14   the United States District Court for the Northern District of California. The defendant also

15   knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other

16   writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under

17   28 U.S.C. § 2241 or 2255, that challenges the sentence imposed by the Court if that sentence is

18   consistent with or below the recommended sentence in Paragraph 8 of this Plea Agreement,

19   regardless of how the sentence is determined by the Court. This agreement does not affect the

20   rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b) and (c). Nothing in

21   this paragraph, however, shall act as a bar to the defendant perfecting any legal remedies he may

22   otherwise have on appeal or collateral attack respecting claims of ineffective assistance of

23   counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive

24   indictment and plead guilty at arraignment to a one-count Information to be filed in the United

25   States District Court for the Northern District of California. The Information will charge the

26   defendant with participating in a conspiracy to suppress and eliminate competition by fixing the

27   prices of thin-film transistor liquid crystal display panels ("TFT-LCD") sold in the United States

28   and elsewhere, from on or about September 14, 2001, to on or about July 8, 2005, in violation of

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 2

1 | the Sherman Antitrust Act, 15 U.S.C. § 1.

2 |        3.     The defendant, pursuant to the terms of this Plea Agreement, will

3 | plead guilty to the criminal charge described in Paragraph 2, above, and will make a factual

4 | admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph

5 | 4, below. The United States agrees that at the arraignment, it will stipulate to the release of the

6 | defendant on his personal recognizance, pursuant to 18 U.S.C. § 3142, pending the sentencing

7 | hearing in this case.

8 | **FACTUAL BASIS FOR OFFENSE CHARGED**

9 |        4.     Had this case gone to trial, the United States would have presented

10 | evidence sufficient to prove the following facts:

11 |        (a)     For purposes of this Plea Agreement, the "relevant period" is

12 | that period from on or about September 14, 2001, to on or about July 8, 2005. During the

13 | relevant period, the defendant was Vice President of Sales of Chunghwa Picture Tubes,

14 | Ltd., an entity organized and existing under the laws of Taiwan, Republic of China, with

15 | its principal place of business in Taoyuan, Taiwan, Republic of China. During the

16 | relevant period, Chunghwa Picture Tubes, Ltd. was a producer of TFT-LCD and was

17 | engaged in the sale of TFT-LCD in the United States and elsewhere. TFT-LCD are glass

18 | panels composed of an array of tiny pixels that are electronically manipulated in order to

19 | display images. TFT-LCD are manufactured in a broad range of sizes and specifications

20 | for use in televisions, notebook computers, desktop monitors, mobile devices, and other

21 | applications.

22 |        (b)     During the relevant period, the defendant participated in a conspiracy

23 | with other persons and entities engaged in the manufacture and sale of TFT-LCD, the

24 | primary purpose of which was to fix the price of TFT-LCD sold in the United States and

25 | elsewhere. In furtherance of the conspiracy, the defendant engaged in conversations and

26 | attended meetings, including group meetings commonly referred to by the participants as

27 | "crystal meetings," with representatives of other major TFT-LCD producing firms.

28 | During such meetings and conversations, agreements were reached to fix the price of

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 3

1    TFT-LCD to be sold in the United States and elsewhere. The defendant was a manager or

2    supervisor in the conspiracy, which involved at least five participants.

3           (c)     During the relevant period, TFT-LCD sold by one or more of the

4    conspirator firms, and equipment and supplies necessary to the production and

5    distribution of TFT-LCD, as well as payments for TFT-LCD, traveled in interstate and

6    foreign commerce. The business activities of Chunghwa Picture Tubes, Ltd. and co-

7    conspirators in connection with the production and sale of TFT-LCD affected by this

8    conspiracy were within the flow of, and substantially affected, interstate and foreign trade

9    and commerce.

10          (d)     Acts in furtherance of this conspiracy were carried out within the

11    Northern District of California. TFT-LCD affected by this conspiracy were sold by one

12    or more of the conspirators to customers in this District.

13                         **POSSIBLE MAXIMUM SENTENCE**

14    5.     The defendant understands that the statutory maximum penalty which may be

15    imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act

16    is:

17          (a)     a term of imprisonment for ten (10) years (15 U.S.C. § 1);

18          (b)     a fine in an amount equal to the greatest of (1) $1 million, (2) twice the

19    gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross

20    pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18

21    U.S.C. § 3571(b) and (d)); and

22          (c)     a term of supervised release of three (3) years following any term of

23    imprisonment. If the defendant violates any condition of supervised release, the

24    defendant could be imprisoned for up to two (2) years (18 U.S.C. § 3559(a)(3); 18 U.S.C.

25    § 3583(b)(2) and (e)(3); and United States Sentencing Guidelines ("U.S.S.G.,"

26    "Sentencing Guidelines," or "Guidelines") § 5D1.2(a)(2)).

27    6.     In addition, the defendant understands that:

28          (a)     pursuant to U.S.S.G. §5 E1.1 or 18 U.S.C. § 3663(a)(3) or 3583(d), the

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 4

1    Court may order him to pay restitution to the victims of the offense; and

2            (b)     pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the

3    defendant to pay a $100.00 special assessment upon conviction for the charged crime.

4                                 **SENTENCING GUIDELINES**

5        7.      The defendant understands that the Sentencing Guidelines are advisory, not

6    mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing,

7    along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing

8    sentence. The defendant understands that the Guidelines determinations will be made by the

9    Court by a preponderance-of-the-evidence standard. The defendant understands that although the

10   Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its

11   sentence must be reasonable, based upon consideration of all relevant sentencing factors set forth

12   in 18 U.S.C. § 3553(a).

13                                 **SENTENCING AGREEMENT**

14       8.      Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant

15   agree that the appropriate disposition of this case is, and agree to recommend jointly that the

16   Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of

17   $30,000 payable in full before the fifteenth (15th) day after the date of judgment; a period of

18   imprisonment of 210 days; no order of restitution, and no period of supervised release ("the

19   recommended sentence"). The defendant agrees that he will not request that he be allowed to

20   serve any part of his sentence in home detention, intermittent confinement, or community

21   confinement. The United States will not object to the defendant's request that the Court make a

22   recommendation to the Bureau of Prisons that the Bureau of Prisons designate that the defendant

23   be assigned to a Federal Minimum Security Camp (and specifically to the Lompoc Prison Camp

24   in Lompoc, California) to serve his sentence and that the defendant be released following the

25   imposition of sentence to allow him to self-surrender to the assigned prison facility on a specified

26   date. The parties agree that there exists no aggravating or mitigating circumstance of a kind, or

27   to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in

28   formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. § 5K2.0. The

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 5

1  parties agree not to seek or support any sentence other than the recommended sentence set forth
2  in this Paragraph 8. The parties further agree that the recommended sentence set forth in this
3  Plea Agreement is reasonable. The defendant understands that the Court will order him to pay a
4  $100 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A) in addition to any fine imposed.

5         9.     The United States and the defendant agree that, pursuant to U.S.S.G. § 5E1.1(b),
6  defendant should not be ordered to pay restitution in light of the civil cases filed against
7  Chunghwa Picture Tubes, Ltd., defendant's current employer, including *In re TFT-LCD (Flat*
8  *Panel) Antitrust Litigation, No. M-07-1827 SI*, consolidated in the United States District Court,
9  Northern District of California, which potentially provide for a recovery of a multiple of actual
10  damages.

11         10.    The United States and the defendant agree that the applicable Guidelines fine and
12  imprisonment ranges exceed the fine and term of imprisonment contained in the recommended
13  sentence set out in Paragraph 8 above. Subject to the full and continuing cooperation of the
14  defendant, as described in Paragraph 13 of this Plea Agreement, and prior to sentencing in this
15  case, the United States agrees that it will make a motion, pursuant to U.S.S.G. § 5K1.1, for a
16  downward departure from the Guidelines fine and imprisonment range(s) in this case and will
17  request that the Court impose the fine and term of imprisonment contained in the recommended
18  sentence set out in Paragraph 8 of this Plea Agreement because of the defendant's substantial
19  assistance in the government's investigation and prosecutions of violations of federal criminal
20  law in the TFT-LCD industry and other display industries.

21         11.    Subject to the ongoing, full, and truthful cooperation of the defendant
22  described in Paragraph 13 of this Plea Agreement, and before sentencing in the case, the United
23  States will fully advise the Court and the Probation Office of the fact, manner, and extent of the
24  defendant's cooperation and his commitment to prospective cooperation with the United States'
25  investigation and prosecutions, all material facts relating to the defendant's involvement in the
26  charged offense, and all other relevant conduct.

27         12.    The United States and the defendant understand that the Court retains complete
28  discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 6

1    Agreement.

2          (a)    If the Court does not accept the recommended sentence, the United States

3    and the defendant agree that this Plea Agreement, except for Paragraph 12(b) below, shall

4    be rendered void.  Neither party may withdraw from this Plea Agreement, however, based

5    on the type or location of the prison facility to which the defendant is assigned to serve

6    his sentence or based on the Court-imposed surrender date.

7          (b)    If the Court does not accept the recommended sentence, the defendant will

8    be free to withdraw his guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)).  If the defendant

9    withdraws his plea of guilty, this Plea Agreement, the guilty plea, and any statement made

10   in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or

11   this Plea Agreement or made in the course of plea discussions with an attorney for the

12   government shall not be admissible against the defendant in any criminal or civil

13   proceeding, except as otherwise provided in Fed. R. Evid. 410.  In addition, the defendant

14   agrees that, if he withdraws his guilty plea pursuant to this subparagraph of the Plea

15   Agreement, the statute of limitations period for any Relevant Offense, as defined in

16   Paragraph 14 below, will be tolled for the period between the date of the signing of the

17   Plea Agreement and the date the defendant withdrew his guilty plea or for a period of

18   sixty (60) days after the date of the signing of the Plea Agreement, whichever period is

19   greater.  For a period of three (3) consecutive days following such a withdrawal of the

20   guilty plea under this subparagraph, the United States shall take no action, based upon

21   either a Relevant Offense or any actual or alleged violation of the Plea Agreement, to

22   revoke the defendant's release on his personal recognizance, to subject the defendant to

23   service of process, arrest, or detention, or to prevent the defendant from departing the

24   United States.

25                        **DEFENDANT'S COOPERATION**

26   13.    The defendant will cooperate fully and truthfully with the United

27   States in the prosecution of this case, the conduct of the current federal investigation of violations

28   of federal antitrust and related criminal laws involving the manufacture or sale of TFT-LCD in

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 7

the United States and elsewhere, any other federal investigation resulting therefrom, and any

litigation or other proceedings arising or resulting from any such investigation to which the

United States is a party ("Federal Proceeding"). The ongoing, full, and truthful cooperation of

the defendant shall include, but not be limited to:

      (a)     producing in the United States and at other mutually agreed-upon

locations all non-privileged documents, including claimed personal documents, and other

materials, wherever located, in the possession, custody, or control of the defendant,

requested by attorneys and agents of the United States;

      (b)     making himself available for interviews in the United States and at other

mutually agreed-upon locations, not at the expense of the United States, upon the request

of attorneys and agents of the United States;

      (c)     responding fully and truthfully to all inquiries of the United

States in connection with any Federal Proceeding, without falsely implicating any person

or intentionally withholding any information, subject to the penalties of making false

statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

      (d)     otherwise voluntarily providing the United States with any

non-privileged material or information, not requested in (a) - (c) of this paragraph, that he

may have that is related to any Federal Proceeding; and

      (e)     when called upon to do so by the United States in connection with any

Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the

United States fully, truthfully, and under oath, subject to the penalties of perjury (18

U.S.C. § 1621), making false statements or declarations in grand jury or court

proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401 - 402), and obstruction of

justice (18 U.S.C. § 1503, *et seq.*).

### GOVERNMENT'S AGREEMENT

14.    Subject to the full, truthful, and continuing cooperation of the

defendant, as described in Paragraph 13 of this Plea Agreement, and upon the Court's acceptance

of the guilty plea called for by this Plea Agreement and the imposition of the recommended

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 8

1  sentence, the United States will not bring further criminal charges against the defendant for any

2  act or offense committed before the date of this Plea Agreement that was undertaken in

3  furtherance of an antitrust conspiracy involving the manufacture or sale of TFT-LCD ("Relevant

4  Offense"). The nonprosecution terms of this paragraph do not apply to civil matters of any kind,

5  to any violation of the federal tax or securities laws, or to any crime of violence.

6        15.      The United States agrees that when the defendant travels to the United States for

7  interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for

8  meetings with counsel in preparation therefor, the United States will take no action, based upon

9  any Relevant Offense, to subject the defendant to arrest, detention, or service of process, or to

10  prevent the defendant from departing the United States. This paragraph does not apply to the

11  defendant's commission of perjury (18 U.S.C. § 1621), making false statements (18 U.S.C. §

12  1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. §

13  1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or contempt (18 U.S.C. §§ 401 - 402) in

14  connection with any testimony or information provided or requested in any Federal Proceeding.

15        16.    (a)     Subject to the full and continuing cooperation of the defendant,

16        as described in Paragraph 13 of this Plea Agreement, and upon the Court's acceptance of

17        the defendant's guilty plea and imposition of sentence in this case, the United States

18        agrees not to seek to remove the defendant from the United States under Sections 238 and

19        240 of the Immigration and Nationality Act, 8 U.S.C. §§ 1228 and 1229a, based upon the

20        defendant's guilty plea and conviction in this case, should the defendant apply for or

21        obtain admission to the United States as a nonimmigrant (hereinafter referred to as the

22        "agreement not to seek to remove the defendant"). The agreement not to seek to remove

23        the defendant is the equivalent of an agreement not to exclude the defendant from

24        admission to the United States as a nonimmigrant or to deport the defendant from the

25        United States. (Immigration and Nationality Act, § 240(e)(2), 8 U.S.C. § 1229a(e)(2)).

26        (b)     The Antitrust Division of the United States Department of

27        Justice has consulted with United States Immigration and Customs Enforcement ("ICE")

28        on behalf of the United States Department of Homeland Security ("DHS"). ICE, on

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 9

behalf of DHS and in consultation with the United States Department of State, has agreed to the inclusion in this Plea Agreement of this agreement not to seek to remove the defendant. The Secretary of DHS has delegated to ICE the authority to enter this agreement on behalf of DHS.

      (c)    So that the defendant will be able to obtain any nonimmigrant visa that he may need to travel to the United States, DHS and the Visa Office, United States Department of State, have concurred in the granting of a nonimmigrant waiver of the defendant's inadmissibility. This waiver will remain in effect so long as this agreement not to seek to remove the defendant remains in effect. While the waiver remains in effect, the Department of State will not deny the defendant's application for a nonimmigrant visa on the basis of the defendant's guilty plea and conviction in this case, and DHS will not deny his application for admission as a nonimmigrant on the basis of his guilty plea and conviction in this case.

      (d)    This agreement not to seek to remove the defendant will remain in effect so long as the defendant:

          (i)    acts and has acted consistently with his cooperation obligations under this Plea Agreement;

          (ii)    is not convicted of any felony under the laws of the United States or any state, other than the conviction resulting from the defendant's guilty plea under this Plea Agreement or any conviction under the laws of any state resulting from conduct constituting an offense subject to this Plea Agreement; and

          (iii)    does not engage in any other conduct that would warrant his removal from the United States under the Immigration and Nationality Act. The defendant understands that should the Antitrust Division become aware that the defendant has violated any of these conditions, the Antitrust Division will notify DHS. DHS will then determine, in consultation with the Antitrust Division, whether to rescind this agreement not to seek to remove the defendant.

      (e)    The defendant agrees to notify the Assistant Attorney General

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 10

1  of the Antitrust Division should the defendant be convicted of any other felony under the

2  laws of the United States or of any state.

3         (f)     Should the United States rescind this agreement not to seek to

4  remove the defendant because of the defendant's violation of a condition of this Plea

5  Agreement, the defendant irrevocably waives his right to contest his removal from the

6  United States under the Immigration and Nationality Act on the basis of his guilty plea

7  and conviction in this case, but retains his right to notice of removal proceedings.

8        17.     The defendant understands that he may be subject to administrative

9  action by federal or state agencies other than the United States Department of Justice, Antitrust

10  Division, based upon the conviction resulting from this Plea Agreement, and that this Plea

11  Agreement in no way controls whatever action, if any, other agencies may take. However, the

12  United States agrees that, if requested, it will advise the appropriate officials of any governmental

13  agency considering such administrative action of the fact, manner, and extent of the cooperation

14  of the defendant as a matter for that agency to consider before determining what administrative

15  action, if any, to take.

16                        **REPRESENTATION BY COUNSEL**

17        18.     The defendant has reviewed all legal and factual aspects of this case with his

18  attorney and is fully satisfied with his attorney's legal representation. The defendant has

19  thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory

20  explanations from his attorney concerning each paragraph of this Plea Agreement and

21  alternatives available to the defendant other than entering into this Plea Agreement. After

22  conferring with his attorney and considering all available alternatives, the defendant has made a

23  knowing and voluntary decision to enter into this Plea Agreement.

24                           **VOLUNTARY PLEA**

25        19.     The defendant's decision to enter into this Plea Agreement and

26  to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats,

27  assurances, promises, or representations other than the representations contained in this Plea

28  Agreement. The United States has made no promises or representations to the defendant as to

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 11

1  whether the Court will accept or reject the recommendations contained within this Plea

2  Agreement.

3  ## VIOLATION OF PLEA AGREEMENT

4  20.    The defendant agrees that, should the United States determine in good

5  faith, during the period that any Federal Proceeding is pending, that the defendant has failed to

6  provide full and truthful cooperation, as described in Paragraph 13 of this Plea Agreement, or has

7  otherwise violated any provision of this Plea Agreement, the United States will notify the

8  defendant or his counsel in writing by personal or overnight delivery or facsimile transmission

9  and may also notify his counsel by telephone of its intention to void any of its obligations under

10  this Plea Agreement (except its obligations under this paragraph), and the defendant shall be

11  subject to prosecution for any federal crime of which the United States has knowledge.  The

12  defendant may seek Court review of any determination made by the United States under this

13  Paragraph to void any of its obligations under the Plea Agreement.  The defendant agrees that, in

14  the event that the United States is released from its obligations under this Plea Agreement and

15  brings criminal charges against the defendant for any Relevant Offense, the statute of limitations

16  period for such offense will be tolled for the period between the date of the signing of this Plea

17  Agreement and six (6) months after the date the United States gave notice of its intent to void its

18  obligations under this Plea Agreement.

19  21.    The defendant understands and agrees that in any further prosecution

20  of him resulting from the release of the United States from its obligations under this Plea

21  Agreement based on the defendant's violation of the Plea Agreement, any documents,

22  statements, information, testimony, or evidence provided by him to attorneys or agents of the

23  United States, federal grand juries, or courts, and any leads derived therefrom, may be used

24  against him in any such further prosecution.  In addition, the defendant unconditionally waives

25  his right to challenge the use of such evidence in any such further prosecution, notwithstanding

26  the protections of Fed. R. Evid. 410.

27  22.    The defendant agrees to and adopts as his own the factual statement contained in

28  Paragraph 4, above.  In the event that the defendant breaches the Plea Agreement, the defendant

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 12

1  agrees that the Plea Agreement, including the factual statement contained in Paragraph 4, above,

2  provides a sufficient basis for any possible future extradition request that may be made for his

3  return to the United States to face charges either in the Information referenced in Paragraph 2 of

4  this Plea Agreement or in any related indictment.  The defendant further agrees not to oppose or

5  contest any request for extradition by the United States to face charges either in the Information

6  referenced in Paragraph 2 of this Plea Agreement or in any related indictment.

7  **ENTIRETY OF AGREEMENT**

8       23.     This Plea Agreement constitutes the entire agreement between the

9  United States and the defendant concerning the disposition of the criminal charge in this case.

10  This Plea Agreement cannot be modified except in writing, signed by the United States and the

11  defendant.

12       24.     The undersigned attorneys for the United States have been authorized

13  by the Attorney General of the United States to enter this Plea Agreement on behalf of the United

14  States.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 13

1        25.    A facsimile signature shall be deemed an original signature for the

2 purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose

3 of executing this Plea Agreement.

4

5 DATED: _Feb. 18, 2009_            Respectfully submitted,

6

7 BY: _____     BY: _____
   Chih-Chun "C.C." Liu            Niall E. Lynch, CA No. 157959
   Defendant                 Michael L. Scott, CA No. 165452

8                                  Heather S. Tewksbury, CA No. 222202
                                 Alexandra J. Shepard, CA No. 205143

9 BY: _____     David J. Ward, CA No. 239504
   Counsel for Defendant          Trial Attorneys

10   William S. Farmer            U.S. Department of Justice
   Collette Erickson Farmer & O'Neill    Antitrust Division

11   235 Pine Street, Suite 1300       450 Golden Gate Avenue
   San Francisco, CA 94104         Box 36046, Room 10-0101

12                                   San Francisco, CA 94102
                                 Tel: (415) 436-6660

13                                   Fax: (415) 436-6687

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 14