# Exhibit 82

Martin Quinn
JAMS
Two EmbarcaderoCenter, Suite 1500
San Francisco, CA 94111
Telephone: (415) 982-5267
Fax: (415) 982-5287

SPECIAL MASTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATON | **Master File No. M:07-cv-01827-si**<br><br>**MDL No. 1827**<br><br>**SPECIAL MASTER'S ORDER RE PLAINTIFFS' MOTION TO COMPEL TOSHIBA TO PRODUCE MICHIHIRO OSHINO FOR DEPOSITION FOR CERTAIN TOSHIBA WITNESSES** (Hrg. 3/30/12) |
| This Order Relates to:<br><br>ALL ACTIONS | |

On March 28, 2012, I heard the motion of Direct Purchaser Plaintiffs to compel Toshiba to produce Michihiro Yoshino for deposition. Having considered all arguments and evidence submitted, I now make the following Order.

### Factual Background

Mr. Yoshino was for a relevant period of time the head of Marketing for Toshiba, a position in which it is agreed that he could be in possession of relevant knowledge, although Toshiba contends that his participation in and knowledge of events relevant to the alleged LCD

1

conspiracy are minimal. On February 16, 2012, I issued an Order compelling Toshiba to produce 19 individuals for deposition [Dkt. No. 4833]. At that time, Mr. Yoshino was not on plaintiffs' primary "wish list," but he was identified as a possible future witness. Now DPP's argue that his deposition should also be compelled because he has unique knowledge of potentially important documents that he either wrote or in which he is mentioned. Toshiba notes that, including the 19 witnesses it was just ordered to produce, it will have produce 23 witnesses for deposition – significantly more than the standard presumptive limit of 12 per defendant group.

To justify his appearance, DPP's point specifically to pages from Mr. Yoshino's diary [Glackin decl., Exh. H] and various meeting notes. The diary entry refers to two meetings with the President of HannStar in November 2001 at the same time as the Crystal meetings were commencing. The diary makes reference to discussions about prices for monitor panels. DPP's also refer to Mr. Yoshino's notes of a meeting he had with Sharp [Glackin decl, Exh. K, a memo referring to a meeting in 2002 with LG Display [Glackin decl., Exh. L], and minutes of two other meetings with Sharp in 2005 on which Mr. Yoshino was an addressee or copy addressee [Glackin decl., Exh. M, N]. DPP's argue that since he prepared two of these documents, and received another two, it is probable that he has relevant knowledge about the events they describe.

Toshiba responds that the meetings and diary entries in fact do not refer to horizontal discussions of prices, but instead toa vertical arrangement between Toshiba and HannStar pursuant to which HannStar manufactured certain panels for Toshiba, and other innocuous matters. Toshiba also argues that the ground plaintiffs want to cover with Mr. Yoshino has already been exhaustively tracked by prior depositions. Finally, Toshiba argues that much of the questioning of prior Toshiba witnesses has been wasteful and duplicative. In short, Toshiba argues that "enough is enough" after 23 deponents, and that no good cause has been shown for it to produce Mr. Yoshino from Japan for yet another deposition.

## Analysis

The Court as usual must balance the desirability of having all relevant evidence available for trial against the prejudice to Toshiba for having to spend the time and expense to produce a 24th deponent for examination.

2

While I agree with Toshiba that the utility of further depositions is very close to being exhausted, and that the parties and counsel need to focus on preparation for the May trial, given Mr. Yoshino's personal involvement in preparing and receiving several potentially important documents, I conclude that the Court has really no choice but to allow this deposition. While Toshiba may be correct that all the smoke that plaintiffs see emanating from his diary and other documents may turn out to be of no moment, the Court cannot assume that to be the case. As long as there is a reasonable possibility that Mr. Yoshino's deposition will yield potentially relevant and important evidence of which he has unique knowledge – such as his own diary entries – DPP's must be permitted to examine him.

### Order

Good cause appearing, it is ORDERED that the motion of Direct Purchaser Plaintiffs to compel Toshiba to produce Mr. Yoshino for deposition is GRANTED. The parties shall confer about the time and place of the deposition, and advise me if they are unable to agree.

Dated: March 30, 2012

Martin Quinn, Special Master

3