**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) MDL No. 1917 |
| | ) Case No. C-07-5944-SC |
| _____ | ) |
| | ) ORDER ADOPTING SPECIAL |
| This Order Relates To: | ) MASTER'S REPORT AND |
| | ) RECOMMENDATION REGARDING |
| APPLICATION FOR JUDICIAL ASSISTANCE FOR THE ISSUANCE OF SUBPOENA PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING | ) SUBPOENA |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

## I.    INTRODUCTION

On October 22, 2012, the Special Master in the above-captioned matter (the "MDL") issued his Report and Recommendation regarding a subpoena by Sharp Corporation ("Sharp").  ECF No. 1415 ("R&R"). Underlying the R&R are Defendants' Motion to Quash, ECF No. 1327 ("Mot. to Quash") and Sharp's Motion to Compel, ECF No. 1340 ("Mot. to Compel").  The MDL defendants relevant to the instant matter ("Defendants"), too numerous to list here, appear at Mot. to Quash 1 n.1.  Now before the Court is the joint motion of Defendants and non-party Saveri & Saveri, Inc. ("Saveri") to adopt the R&R.  The matter is fully briefed and appropriate for resolution without oral argument.  ECF No. 1426 ("Mot. to Adopt R&R"); ECF No. 1430 ("Obj. to R&R").  For the reasons explained below, the Court ADOPTS the

**United States District Court**
For the Northern District of California

R&R, GRANTS Defendants' Motion to Quash, and DENIES Sharp's Motion to Compel.[1]

**II.   BACKGROUND**

Petitioner Sharp Corporation ("Sharp") is a manufacturer of electronics products, currently pursuing an antitrust case similar to the MDL in South Korea (the "Korean Litigation").  R&R at 2. Defendants are a group of electronics producers, all of whom are defendants in the MDL and some of whom are also defendants in the Korean Litigation.  Id. at 3.  Non-party Saveri is class counsel for the Direct Purchaser Plaintiffs ("DPP(s)"), a group of plaintiffs involved in the MDL.  Id. at 2.

The Korean Litigation concerns an alleged antitrust conspiracy that involves only Korean cathode ray tube manufacturers and suppliers, and only sales taking place outside the United States. Sharp has not yet pursued discovery in Korean courts for the Korean Litigation.  R&R at 2-4.  Instead it first requested a subpoena from this Court to obtain documents from Saveri under 28 U.S.C. § 1782, which permits district courts to order production of documents or other materials to foreign tribunals.  Id. at 2. Sharp's subpoena demands that Saveri produce all discovery related to the DPP action of the MDL, because Sharp believes information relevant to the Korean Litigation could be found in those materials. [2]  Id.  Defendants and Saveri both objected to the

[1] Because the Court decides this motion without considering Sharp's request for extra briefing, Sharp's motion for leave to file a reply to Saveri's opposition to Sharp's objection, ECF No. 1456, is DENIED AS MOOT.

[2] Sharp has since narrowed the scope of the subpoena to include only documents produced by MDL Defendants in the United States, and to exclude documents produced by plaintiffs or third parties.  Mot. to Compel at 2-3.  Saveri maintains that that production of these

**United States District Court**
For the Northern District of California

subpoena, Defendants moved to quash it, Sharp moved to compel compliance, and the Special Master heard their arguments on September 20, 2012.  <u>Id.</u> at 1-2.  The Special Master recommended that Defendants' motion to quash be granted and that Sharp's motion to compel be denied, because he deemed § 1782 assistance unwarranted.  <u>Id.</u> at 1-6.  Saveri and Defendants now ask the Court to adopt the R&R.  Mot. to Adopt R&R at 1.  Sharp objects, arguing that the Special Master made critical legal and factual errors and therefore abused his discretion.  Obj. to R&R at 1.

III.  <u>**LEGAL STANDARDS**</u>

      A.  <u>**Standard of Review for the R&R**</u>

    The Court reviews the Special Master's factual findings for clear error, his legal conclusions de novo, and his procedural decisions for abuse of discretion.  Fed. R. Civ. P. 53(f)(3)-(4); ECF No. 302 ("Order Appointing Special Master") ¶ 18 (parties stipulated to "clear error" standard for factual findings).

      B.  <u>**Section 1782**</u>

    Title 28, Section 1782(a) of the United States Code states in relevant part that "[a] district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal."  The Court's decision to grant or deny this assistance is discretionary.  <u>Intel Corp. v. Advanced Micro Devices, Inc.</u>, 542 U.S. 241, 257 (2004).  ///

documents would be burdensome and time-consuming for its small staff.  ECF No. 1353 ("Opp. to Mot. to Compel").

**United States District Court**
For the Northern District of California

The Supreme Court provided four factors to aid district courts in deciding whether to grant § 1782 applications: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign government to receiving United States federal-court judicial assistance; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of that country or the United States; and (4) whether the requests are unduly intrusive or burdensome.  Id. at 264-65.

The Supreme Court also settled an earlier division among lower courts, holding that § 1782 includes no "foreign-discoverability rule," meaning that the statute does not bar district courts from ordering production of documents simply because they would be unobtainable if located in the foreign jurisdiction.  Id. at 259-63.

**IV.   DISCUSSION**

The parties do not dispute that Sharp is statutorily permitted to seek discovery assistance under § 1782.  Their dispute concerns whether Sharp adequately showed, under the Intel factors, that its request is warranted.  Sharp argues that the Special Master's recommendations under the four Intel factors are based on factual and legal errors, thereby vitiating his discretion.[3]

---

[3] Sharp also makes a very general claim that the Special Master's taking note of Sharp's decisions to bring a case in Korea and to opt out of the DPP class of the MDL is evidence of a pervasive factual error in the R&R that affects each Intel factor.  Sharp goes no further with that point in its argument sections, leaving this allegation vague.  See Objection to R&R at 2.  In any event, the Court finds no reversible error on this point.

1    **A.   The First Intel Factor**

2        The first Intel factor states that "when the person from whom

3    discovery is sought is a participant in the foreign proceeding

4    . . . the need for § 1782(a) aid is generally not as apparent as it

5    ordinarily is when evidence is sought from a nonparticipant in the

6    matter arising abroad."  542 U.S. at 264.  The Supreme Court's

7    concern here was that evidence from nonparticipants might be

8    unobtainable in the foreign jurisdiction absent § 1782 aid.  Id.

9        Sharp argues that the Special Master erred in finding that the

10   first factor weighed against § 1782 assistance, because Saveri is

11   not a party to either litigation.  Obj. to R&R at 9.  The Special

12   Master found that, despite Saveri's non-party status, it is obvious

13   that Sharp actually seeks information about Defendants, some of

14   whom are subject to Korean discovery rules as parties to the Korean

15   Litigation.  R&R at 4.  The Special Master further found that Sharp

16   has discovery options available to it in Korea, despite its

17   protestations that it does not, the critical point being that Sharp

18   has not availed itself of them.  R&R at 4.  None of these

19   conclusions is mistaken or otherwise in error.  The Court finds

20   that the Special Master made no reversible errors under the first

21   Intel factor.

22   **B.   The Second Intel Factor**

23       The second Intel factor states that a district court "may take

24   into account the nature of the foreign tribunal, the character of

25   the proceedings underway abroad, and the receptivity of the foreign

26   government or the court or agency abroad to U.S. federal-court

27

28

United States District Court
For the Northern District of California

1  judicial assistance."  542 U.S. at 264.

2  First, Sharp argues that the Special Master improperly imposed

3  a foreign-discoverability rule when considering this factor.

4  Objection to R&R at 10-11.  The Court finds that the Special Master

5  did not do so.  The Supreme Court described such a rule in Intel as

6  being an interpretation of § 1782 that would bar ordering

7  production of documents on the basis of their not being obtainable

8  in discovery in the foreign jurisdiction.  See 542 U.S. at 259-261.

9  However, factors like comity among nations and parity among parties

10  can be touchstones in this analysis.  See id. at 263-65.  The

11  Special Master did not reject Sharp's discovery request because he

12  thought it would be barred in Korea.  He rejected it because he

13  found that Sharp had not shown that its request was warranted, and

14  other relevant factors like comity and parity also weighed against

15  it.  See R&R at 4.  This conclusion was not in error.

16  Second, Sharp argues that the Special Master incorrectly

17  assigned Sharp the burden of proof to demonstrate the Korean

18  court's receptivity to United States discovery materials.  Obj. to

19  R&R at 11.  Sharp cites a series of cases that it claims "[make]

20  clear that the burden is on the party opposing the § 1782 discovery

21  to demonstrate a lack of receptivity in the foreign court."  Id.[4]

22  That claim is not so clear.  None of the cases Sharp cites are

23  binding on this Court.  Further, none of these cases precisely

24

_____

25  [4] Specifically, Sharp cites Euromepa S.A. v. R. Esmerian, Inc., 51
   F.3d 1095, 1102 (2d Cir. 1995); In re Application of Apple, Inc.,

26  No. MISC 12-80013, 2012 WL 1570043, *2 (N.D. Cal. May 2, 2012); In
   re Gushlak, No. 11-MC-218, 2011 WL 3651268, at *3 (E.D.N.Y. Aug.

27  17, 2011); In re Republic of Ecuador, No. C-10-80225, 2011 WL
   736868, *7 (N.D. Cal. Feb. 22, 2011); and Cryolife v. Tenaxis

28  Medical, Inc., No. C-08-5124, 2009 WL 88348, *3 (N.D. Cal. Jan. 13,
   2009).

**United States District Court**
For the Northern District of California

states which party bears the burden on receptivity.  In any event, the Special Master's legal conclusions on who bears the burden to show receptivity were not central to his decision.  Having weighed each party's arguments and the facts before him, the Special Master simply concluded that the Korean court's receptivity did not warrant § 1782 assistance.  The Court finds that the Special Master made no reversible errors under the second _Intel_ factor.

### C.   **The Third** _Intel_ **Factor**

The third _Intel_ factor states that "a district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."  542 U.S. at 265. Courts need not determine that an applicant has exhausted its discovery attempts abroad.  See _Euromepa S.A. v. R. Esmerian, Inc._, 51 F.3d 1095, 1098 (2d Cir. 1995).  However, a perception that an applicant has "side-stepped" less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis.  _See, e.g._, _In re Application of Caratube Int'l Oil Co., LLP_, 730 F. Supp. 2d 101, 107-8 (D.D.C. 2010).

Sharp again argues that the Special Master applied a foreign-discoverability rule here.  Obj. to R&R at 13.  For the reasons discussed above, the Court disagrees.  See _supra_, Section IV.B. The Court also finds the Seventh Circuit decision cited by Sharp inapposite.  _Id._ at 13-14 (citing _Heraeus Kulzer, GmbH v. Biomet, Inc._, 633 F.3d 591 (7th Cir. 2011)).  Unlike this case, the Seventh Circuit decision involved a foreign law specifically barring discovery of a particular type of document.  See _Heraeus_, 633 F.3d at 597-98.  Here, the Special Master found that Sharp had side-

7

**United States District Court**
For the Northern District of California

1    stepped less-than-favorable discovery rules by resorting

2    immediately to § 1782, see Caratube, 730 F. Supp. 2d at 107-8, when

3    Korean discovery was available.  R&R at 4-5.  The Special Master

4    made no reversible errors under the third Intel factor.

5                    D.    **The Fourth** Intel **Factor**

6         The fourth Intel factor encourages district courts to consider

7    the burdensomeness of § 1782 requests, stating that "unduly

8    intrusive or burdensome requests may be rejected or trimmed."  542

9    U.S. at 265.  Sharp argues that the Special Master made three

10   errors here.  Obj. to R&R at 15-17.

11        First, Sharp claims that the Special Master erred in

12   questioning whether case law supported the breadth of Sharp's

13   request and speculating about the history and scope of § 1782.  Id.

14   at 15-16.  The Court finds that the Special Master appropriately

15   evaluated the facts per the Intel's guidance that district courts

16   should consider the burdens and intrusiveness of foreign discovery

17   requests.  Intel, 542 U.S. at 265.  His reasoning was not in error.

18        Second, Sharp claims that the Special Master's decision to

19   reject Sharp's discovery request instead of simply trimming it was

20   in error.  Obj. to R&R at 17.  But Intel says only that unduly

21   intrusive or burdensome requests "may be" rejected or trimmed.  542

22   U.S. at 265.  They do not have to be.

23        Third, Sharp claims the Special Master erred in concluding

24   that the burden on Saveri to gather and compile the electronic

25   discovery record would be unacceptable.  Obj. to R&R at 16-17.  The

26   Special Master found that the burden on Saveri's small team plus

27   the collateral burdens and intrusions on defendants in the Korean

28   Litigation weighed against Sharp on this factor, regardless of the

facts that the record was maintained on an electronic server and Sharp was willing to assist with production.  R&R at 5-6.  This is an appropriate conclusion.  Therefore the Special Master made no reversible errors under the fourth Intel factor.

### E.   Additional Factors

Sharp also claims that the Special Master erred in considering policy considerations "outside the scope of the statute or the Intel factors," like whether Sharp was forum-shopping or whether the decision to grant a subpoena might encourage other litigants foreign actions to take aim at class counsel instead of pursuing discovery abroad.  See Objection to R&R at 18-20.  To the extent that any of these factors were considered separately, the Intel factors are neither exclusive nor mandatory.  They are guidelines, and the Special Master did not err in considering additional factors he thought appropriate.

///

///

///

///

///

///

///

///

///

///

///

///

///

**United States District Court**
For the Northern District of California

**V.    CONCLUSION**

The Special Master made no factual or legal errors in considering the <u>Intel</u> factors.  Accordingly, the Court does not find that the Special Master abused his discretion in issuing the R&R.  Thus, the Court GRANTS Defendants' and Saveri & Saveri, Inc.'s Motion to Adopt the Special Master's Report and Recommendation, APPROVES AND ADOPTS the Special Master's Report and Recommendation, GRANTS Defendants' Motion to Quash, DENIES Sharp Corporation's Motion to Compel, and DENIES Sharp Corporation's Motion for Leave to Reply as MOOT.


IT IS SO ORDERED.


Dated:  January <u>17</u>, 2013

UNITED STATES DISTRICT JUDGE