1  JEFFREY L. KESSLER (*pro hac vice*)
   E:mail: JKessler@winston.com
2  A. PAUL VICTOR (*pro hac vice*)
   E:mail: PVictor@winston.com
3  ALDO A. BADINI (SBN 257086)
   E:mail: ABadini@winston.com
4  EVA W. COLE (*pro hac vice*)
   E:mail: EWCole@winston.com
5  MOLLY M. DONOVAN (*pro hac vice*)
   E:mail: MMDonovan@winston.com
6  **WINSTON & STRAWN LLP**
   200 Park Avenue
7  New York, NY 10166
   Telephone: (212) 294-6700
8  Facsimile: (212) 294-4700

9  STEVEN A. REISS (*pro hac vice*)
   E-mail: steven.reiss@weil.com
10 DAVID L. YOHAI (*pro hac vice*)
   E-mail: david.yohai@weil.com
11 ADAM C. HEMLOCK (*pro hac vice*)
   E-mail: adam.hemlock@weil.com
12 **WEIL, GOTSHAL & MANGES LLP**
   767 Fifth Avenue
13 New York, New York 10153-0119
   Telephone: (212) 310-8000
14 Facsimile: (212) 310-8007

15 *Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS | **PANASONIC DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

1  Pursuant to Civil Local Rules 7-11 and 79-5(c), Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") hereby move the Court for leave to file the following document, or portion thereof, under seal:

- Errata to the Declaration of Robert D. Willig in Support of the Opposition Brief ("Errata") that contains information from documents that Defendants have designated "Confidential" or "Highly Confidential."

This motion is supported by the Declaration of Eva W. Cole. Civil Local Rule 79-5(c)(1) provides that if a party wishes to file portions of a document under seal, he or she must "[f]ile and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that a portion of the document is sealable." Because the documents at issue here relate to a nondispositive motion in opposition to class certification, the Panasonic Defendants need only show that good cause exists for the designated materials to remain under seal.[1] *See, e.g.*, *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions"); *Rich v. Hewlett-Packard Co.*, 2009 WL 2168688, at *1 (N.D. Cal. Jul 20, 2009) ("Plaintiffs' motion for class certification involve the procedural requirements of F.R. Civ. Pro. 23 and relate only tangentially to the underlying merits of Plaintiffs' claim. The motion is thus not 'dispositive' in the relevant sense, and a showing of good cause is sufficient to justify filing these documents under seal."). As set forth in the declaration of Eva W. Cole, the standard for filing under seal is met in the present case. The document listed above consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information, including, among other commercially sensitive business information and strategies, confidential information about defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This information is confidential

---

[1] Even if the "compelling reasons" standard, enunciated in *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), were to apply here, the designated materials should still remain under seal.

-2-

| PANASONIC DEFENDANTS' ADMINISTRATIVE | CASE NO. 07-5944 SC |
| MOTION TO SEAL DOCUMENTS | MDL NO. 1917 |

1  commercial information, the disclosure of which would prejudice defendants both in their
2  commercial relationships with customers and suppliers and in their competitive efforts.
3  Accordingly, both good cause and compelling reasons exist for portions of these documents to
4  remain under seal.  Because Civil Local Rule 79-5(a) prohibits the sealing of documents by
5  agreement of the parties, the parties are unable to enter into such a stipulation.  *See* Civil Local Rule
6  7-11 (requiring explanation for lack of stipulation).

DATED:  JANUARY 18, 2013            WINSTON & STRAWN LLP

By: /s/ *Jeffrey L. Kessler*
JEFFREY L. KESSLER (*pro hac vice*)
E:mail: JKessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
E:mail: PVictor@winston.com
ALDO A. BADINI (SBN 257086)
E:mail: ABadini@winston.com
EVA W. COLE (*pro hac vice*)
E:mail: EWCole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
E:mail: MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
E-mail: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

-3-