**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944-SC |
| This Order Relates To: | ORDER ADOPTING SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING TOSHIBA DEFENDANTS' MOTION TO COMPEL ARBITRATION |
| Case No. C-11-6397 SC | |
| COSTCO WHOLESALE CORP., | |
| Plaintiff | |
| v. | |
| HITACHI LTD., et al, | |
| Defendants. | |

## I.   INTRODUCTION

Now before the Court is the motion of Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, LLC ("TACP"), and Toshiba America Electronic Components, Inc. (the "Toshiba Defendants") to adopt the Special Master's Report and Recommendation regarding the Toshiba Defendants' motion to compel arbitration against Costco Wholesale Corporation ("Plaintiff"). ECF No. 1433 ("R&R").  The matter is fully briefed and appropriate

**United States District Court**
For the Northern District of California

for resolution without oral argument per Civil Local Rule 7-1(b).
For the reasons explained below, the Court ADOPTS the R&R in its
entirety and GRANTS the Toshiba Defendants' motion to compel
arbitration in part.[1]

## II.   BACKGROUND

This matter is related to the Cathode Ray Tube ("CRT")
Antitrust Multi-District Litigation ("MDL"), which involves
allegations of a worldwide antitrust conspiracy to fix prices on
cathode ray tubes and related products.  Plaintiff had been a
member of the MDL direct plaintiffs' class action, but it opted out
to pursue its own antitrust action in the Western District of
Washington.  No. 11-cv-06397-SC, ECF No. 1 ("Compl."); R&R ¶ 6.
The Judicial Panel on Multidistrict Litigation transferred that
case to this Court on December 6, 2011.  No. 11-cv-06397-SC, ECF
No. 4 ("Conditional Transfer Order").  Plaintiff's complaint
alleges that the Toshiba Defendants, along with the other
defendants named in the case, "formed an international cartel that
conducted a conspiracy . . . for the purpose and to the effect of
raising or maintaining prices and reducing capacity and output for
cathode ray tubes."  Compl. ¶ 1.  Plaintiff's complaint includes
claims under federal and state antitrust laws.  Id. ¶¶ 174-201.

Underlying the present matter is an arbitration clause in the
so-called Vendor Agreement between Plaintiff and TACP, a member of
the Toshiba corporate family.  ECF No. 1462 ("Lau Decl.") Ex. 2.

---

[1] Because the Court decides this motion without considering
Plaintiff's request for further briefing, Plaintiff's motion for
leave to file a reply in support of its objection to the Special
Master's R&R, ECF 1475, is DENIED.

The Vendor Agreement with TACP incorporates by reference
Plaintiff's "Standard Terms," which include the following provision
on arbitration:

> All claims and disputes that (1) are between
> Vendor and PriceCostco[2] and (2) arise out of or
> relate to these Standard Terms or any agreement
> between Vendor and PriceCostco or to their
> performance or breach (including any text or
> statutory claim) . . . shall be arbitrated under
> the Commercial Arbitration Rules of the American
> Arbitration Association ("AAA") in English at
> Seattle, Washington . . . Notwithstanding the
> above, PriceCostco or Vendor may bring court
> proceedings or claims against each other (i)
> solely as part of separate litigation commenced
> by an unrelated third party . . . .

Lau Decl. Ex. 2 ¶ 20.

The Toshiba Defendants, relying on this clause, moved to
compel arbitration against Plaintiff on August 24, 2012.  ECF No.
1332 ("Mot. to Compel").  The Special Master heard their arguments
on October 30, 2012 and recommended that the motion to compel
arbitration be granted, except with regard to Plaintiff's claims
against the Toshiba Defendants for co-conspirator or joint and
several liability based on Plaintiff's purchase of products from
defendants other than the Toshiba Defendants.  R&R ¶ 1.

The Toshiba Defendants now ask the Court to adopt the R&R in
part, requesting that the Court render all of Plaintiff's claims
subject to arbitration, not just those separate from allegations of
co-conspirator or joint and several liability.  ECF No. 1461 ("Mot.
to Adopt R&R").  Plaintiff objects to the R&R for reasons described
below and asks the Court to reject it and deny the Toshiba
Defendants' motion.  ECF No. 1457 ("Obj'n to R&R").

---

[2] The Standard Terms use "PriceCostco" to refer to Costco here.
Lau Decl. Ex. 2 at C.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  III. **LEGAL STANDARDS**

2          A.    **Standard of Review for the R&R**

3      The Court reviews the Special Master's factual findings for

4  clear error, his legal conclusions de novo, and his procedural

5  decisions for abuse of discretion.   Fed. R. Civ. P. 53(f)(3)-(4);

6  ECF No. 302 ("Order Appointing Special Master") ¶ 18 (parties

7  stipulated to "clear error" standard for factual findings).

8          B.    **Motions to Compel Arbitration**

9      Section 4 of the Federal Arbitration Act ("FAA") permits "a

10  party aggrieved by the alleged failure, neglect, or refusal of

11  another to arbitrate under a written agreement for arbitration [to]

12  petition any United States district court . . . for any order

13  directing that . . . arbitration proceed in the manner provided for

14  in [the arbitration] agreement."  9 U.S.C. § 4.  The FAA embodies a

15  policy that generally favors arbitration agreements.  Moses H. Cone

16  Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

17  Importantly, however, "[A]rbitration is a matter of contract and a

18  party cannot be required to submit to arbitration any dispute which

19  he has not agreed so to submit."  United Steelworkers v. Warrior &

20  Gulf Navigation Co., 363 U.S. 374, 382 (1960).  If such an

21  arbitration agreement is present, though, federal courts must

22  enforce it rigorously.  See Hall Street Assoc., L.L.C. v. Mattel,

23  Inc., 552 U.S. 576, 581 (2008).  Courts must also resolve any

24  "ambiguities as to the scope of the arbitration clause itself . . .

25  in favor of arbitration."  Volt Info. Scis., Inc. v. Bd. of Trs. of

26  Leland Stanford Jr. Univ., 489 U.S. 468, 476 (1989).  These

27  policies all "appl[y] with special force in the field of

28  international commerce."  Mitsubishi Motors Corp. v. Soler

4

1    <u>Chrysler-Plymouth, Inc.</u>, 473 U.S. 614, 631 (1985).

2

3    **IV.   <u>DISCUSSION</u>**

4         The Court considers both Plaintiff's and the Toshiba

5    Defendants' arguments in turn below.

6              **A.   <u>The Toshiba Defendants' Objections</u>**

7         The Toshiba Defendants object to the Special Master's

8    recommendation that Plaintiff's claims that are "based strictly" on

9    co-conspirator or joint and several liability be allowed to proceed

10   at litigation, while all other claims against the Toshiba

11   Defendants be referred to arbitration.  Mot. to Partly Adopt R&R at

12   4-5 (citing R&R ¶¶ 4, 7).  Their argument is essentially that there

13   is no way for Plaintiff to have claims against the Toshiba

14   Defendants "based strictly" on co-conspirator or joint and several

15   liability, because such a situation could arise only if the Toshiba

16   Defendants had no sales whatsoever to Plaintiff, but were sued

17   solely for being co-conspirators.  <u>Id.</u> at 4-5.  This argument is

18   unavailing.  There is no basis for compelling arbitration for

19   Plaintiff's claims based on the Toshiba Defendants' alleged

20   dealings with other defendants, even if the Toshiba Defendants as a

21   corporate family may compel arbitration based on the Vendor

22   Agreement with TACP.  Plaintiff did not agree to arbitrate those

23   claims not related to its direct or indirect purchases from the

24   Toshiba Defendants.  <u>See</u> <u>United Steelworkers</u>, 363 U.S. at 382.

25   The Special Master was correct in refusing to render those claims

26   subject to arbitration under the Vendor Agreement.

27   ///

28   ///

**United States District Court**
For the Northern District of California

B.   **Plaintiff's Objections**

1. **Whether Plaintiff's Claims Are Excluded from
the Arbitration Clause**

Plaintiff argues that its claims are excluded from the
arbitration clause because the clause allows it to "bring court
proceedings or claims against [vendors] . . . as part of separate
litigation commenced by an unrelated third party."  Obj'n to R&R at
5.  Plaintiff argues that its claim "commenced" for purposes of
this part of the arbitration clause when the direct purchaser class
representatives filed their claims and sought to represent
Plaintiff's interests.  Id.  Plaintiff claims that this fact allows
it to bring its claims against the Toshiba Defendants, since the
class action remains "part of" the MDL, to which Plaintiff's
separate case is now related.  Id.

Plaintiffs raised a similar argument in another MDL pending
before this Court.  See In re TFT-LCD (Flat Panel) Antitrust
Litig., No. M 07-1827 SI, 2011 WL 4017961, at *4 (N.D. Cal. Sept.
9, 2011).  The Court rejected the argument, finding that it did not
comport with the language of a similarly worded arbitration clause.
Id.  The Court reasoned that Plaintiff's lawsuit ceased to be "part
of separate litigation" per this part of the arbitration clause
after it opted out of the class action -- its decision to do so
initiated an entirely new proceeding, even if the original class
action was "commenced by" the third-party class action plaintiffs.
In re TFT-LCD, 2011 WL 4017961, at *4.  The same reasoning applies
here.  Accordingly, the Special Master was correct to state that
this portion of the arbitration clause does not apply here and does
not exclude Plaintiff's claims arbitration.  R&R ¶ 6.

6

## 2. <u>Whether the Toshiba Defendants, Collectively,</u> <u>Can Compel Arbitration</u>

The Special Master further found that Plaintiff is required to arbitrate with all of the Toshiba Defendants because, as Plaintiff pled, they are all agents for one another, and so the arbitration clause is binding on the corporate affiliates and successors of TACP. R&R ¶ 5 (citing <u>In re TFT-LCD</u>, 2011 WL 4017961, at *7). Plaintiff argues that this decision was in error because the Toshiba Defendants, who with the exception of TACP are non-signatories to the arbitration agreement, cannot show that Plaintiff, a signatory, submitted to arbitration with all of the Toshiba Defendants. Obj'n to R&R at 7. Plaintiff's argument here is that the Special Master made a legal error in finding that the Toshiba Defendants could compel arbitration because Plaintiff alleged that they were all agents of each other, therefore making arbitrable claims against one agent arbitrable as to the others. <u>Id.</u> (citing R&R ¶ 5). Plaintiff states that its own allegations are insufficient to establish an agency relationship and that the Toshiba Defendants must prove agency themselves. The Toshiba Defendants argue that because they are agents of each other, as Plaintiff itself pleaded, they are entitled to compel arbitration under the agreement Plaintiff signed with TACP.

Plaintiff relies mainly on <u>Britton v. Co-op Banking Grp.</u>, 916 F.2d 1405, 1413-14 (9th Cir. 1990), and its disposition after remand and subsequent appeal, <u>Britton v. Co-op Banking Grp.</u>, 4 F.3d 742, 747 (9th Cir. 1993). In <u>Britton</u>, the Ninth Circuit remanded to the district court to determine whether arbitration was required based on whether the parties meant for the defendant, a non-

**United States District Court**
For the Northern District of California

signatory to the agreement in question, to have the benefits of the arbitration provision.  916 F.2d at 1414.  After remand and another appeal, the Ninth Circuit held that the defendant was not entitled to compel arbitration under the agreement in question because the plaintiffs' claims against him did not "relate to or arise out of" that contract.  4 F.3d at 747.  In the instant matter, Plaintiff's claims against the Toshiba Defendants -- to the extent that they are not based on the Toshiba Defendants' co-conspirator or joint and several liability based on Plaintiff's purchases from <u>other</u> defendants -- obviously do relate to or arise out of the Vendor Agreement, since that agreement governed Plaintiff's purchases from the Toshiba Defendants.  Further, the Ninth Circuit's analysis of the <u>Britton</u> defendant's agency hinged on the plaintiff's own allegations that the defendant was an agent of the company the plaintiff had sued.  <u>See</u> 4 F.3d at 747.  Likewise, in the instant action, Plaintiffs have pled that the Toshiba Defendants are all agents for each other.

The Court concludes that permitting the non-signatory Toshiba Defendants to compel arbitration is in line with Ninth Circuit law and other rulings from this Court: non-signatories can enforce arbitration clauses where there is a "close relationship between the entities involved, as well as the relationship of the alleged wrongs to the non-signatory's obligations and duties in the contract and . . . the claims [are] intertwined with the underlying contractual obligations."  <u>Mundi v. Union Sec. Life Ins. Co.</u>, 555 F.3d 1042, 1046 (9th Cir. 2009); <u>see also</u> <u>In re TFT-LCD</u>, 2011 WL 4017961, at *6;  <u>Amisil Holdings Ltd. v. Clarium Capital Mgmt.</u>, 622 F. Supp. 2d 825, 832 (N.D. Cal. 2007) (non-signatories to an

**United States District Court**
For the Northern District of California

agreement containing an arbitration clause could compel signatories to arbitrate when claims against agents relate to their behavior or capacities as agents and arise out of or relate to the contract in question); <u>Fujian Pacific Elec. Co. Ltd. v. Bechtel Power Corp.</u>, 2004 WL 2645974, at *6 (N.D. Cal., Nov. 19, 2004) (same).

Thus, Plaintiff must arbitrate its claims against the Toshiba Defendants whose affiliates -- in this case, TACP -- have arbitration agreements with Plaintiff.  Plaintiff's claims against the Toshiba Defendants, per its own complaint, <u>see</u> Compl. ¶¶ 44-49, 130-31, relate to their interrelated behavior and capacities as agents.  Without the Vendor Agreement with TACP, Costco would have no claim based on its purchases from the Toshiba Defendants.  The Court accordingly finds that the Special Master's holding on this point is correct and not in error.[3]

### 3. <u>Whether the Court Must Declare Waivers of Treble Damages Unenforceable</u>

Defendants argue that, regardless of its other conclusions, the Court may compel arbitration only if it first declares any purported waiver of treble damages unenforceable in the antitrust context.  Obj'n to R&R at 10.  However, the arbitration agreement does not state or imply that Plaintiff has waived treble damages.  Nor do the Toshiba Defendants claim that it does, though they state that they will argue before the arbitrator that treble damages should not be awarded.  Mot. to Adopt R&R at 4.  Further, these arguments are premature.  If the parties disagree with the arbitral decision on damages, they may move to set aside that award.

---

[3] Since analysis of the agency basis for compelling arbitration under Ninth Circuit law is sufficient, the Court need not consider whether equitable estoppel might also serve.

**United States District Court**
For the Northern District of California

1    **V.     CONCLUSION**

2          The Court overrules the parties' objections to the R&R and

3    finds the R&R correct, thorough, and well-reasoned.  Accordingly,

4    the Court ADOPTS the Special Master's Report and Recommendation and

5    GRANTS the Toshiba Defendants' motion to compel arbitration in

6    part, with the exception of Plaintiff's claims for co-conspirator

7    or joint and several liability based on Plaintiff Costco's purchase

8    of products from defendants other than the Toshiba Defendants.

9

10         IT IS SO ORDERED.

11

12    Dated:   January 28, 2013          _____

13                                        UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28