**WHITE & CASE**

White & Case LLP          Tel  + 1 202 626 3600
701 Thirteenth Street, NW   Fax + 1 202 639 9355
Washington, DC 20005       whitecase.com

Direct Dial + 202-626-3696       alau@whitecase.com

February 22, 2013

<u>VIA E-MAIL</u>

Honorable Charles A. Legge
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA  94111

Re:   *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 07-5944 SC,
      MDL No. 1917 (N.D. Cal.):  Defendants' Response To *AT&T Mobility
      LLC v. AU Optronics Corp.*, No. 11-16188, slip op. (9th Cir. Feb. 14,
      2013)

Your Honor:

      We write on behalf of defendants in this action to address *AT&T Mobility LLC v. AU
Optronics Corp.*, No. 11-16188, slip op. (9th Cir. Feb. 14, 2013) ("*AT&T*") (attached), in relation
to the due process arguments made in Defendants' Joint Motion to Dismiss and for Judgment on
the Pleadings as to Certain Direct Action Plaintiffs' Claims, filed on August 17, 2012 ("Joint
Motion").  As we will demonstrate, none of the direct action plaintiffs that are subject to the
Joint Motion's due process arguments meet the standards articulated by the *AT&T* Court.

      In *AT&T*, the Ninth Circuit examined whether California's Cartwright Act could apply to
AT&T's claims consistent with due process based on the allegations of AT&T's complaint.
Observing that the Cartwright Act makes unlawful both the sale of price-fixed goods in
California as well as the initial agreement to fix those prices (without reference to where those
goods will eventually be sold), the *AT&T* Court noted that the "transaction and occurrence" for
due process purposes "includes not only the sale of price-fixed goods, but Defendants' alleged
agreements and conspiracies to fix LCD prices." *AT&T*, slip op. at 13.  The Court found that the
AT&T complaint alleged sufficient connections between the claims and California because it
alleged that the defendants "entered into agreements to fix the prices of LCD panels in
California," "offered significant detail as to what conspiratorial conduct took place in
California," and identified "specific employees of particular Defendants, operating from offices
in California, [who] participated in illegally obtaining and sharing their co-conspirators' pricing
information." *AT&T*, slip op. at 7.

Honorable Charles A. Legge

**WHITE & CASE**

February 22, 2013

In this case, the allegations in the direct action plaintiffs' complaints fall far short of the allegations made by the plaintiffs in *AT&T*.  Importantly, none of them contain any specific allegation that defendants entered into any price-fixing agreement in California.  Most assert only that the alleged conspiracy affected California.  A handful of direct action plaintiffs further note that various criminal indictments "state[] that the combination and conspiracy [charged in the indictments] was carried out, in part, in California."[1]  Unlike the allegations at issue in *AT&T*, the direct action plaintiffs do not allege that any information was exchanged improperly in California or that any agreement on prices was reached in California.  *Compare AT&T*, slip op. at 7; *AT&T*, Second Am. Compl. ¶¶ 9, 105, 115, 238 (attached).  The bare and conclusory allegation that the conspiracy was "carried out, in part, in California" lacks any factual content to suggest plausibly that Defendants engaged in conspiratorial activity in California and thus falls far short of the standard articulated in *Bell Atlantic Corporation v. Twombly*.  550 U.S. 544, 556 (2007) ("[A] bare assertion of conspiracy will not suffice" and "a conclusory allegation of agreement . . . does not supply facts adequate to show illegality."); *see also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008) ("the complaint does not answer the basic questions:  who, did what, to whom (or with whom), where, and when?").

Another category of direct action plaintiffs in this case assert claims in states other than California and include *no* allegations of price-fixing conduct in those particular states.[2]  Thus, *AT&T* has no applicability to this category of claims.

A final category of state law claims are accompanied by allegations that "Defendants' and their co-conspirators' conduct was carried out, effectuated, and perfected within" the states of Florida and Massachusetts.[3]  The statutes of Florida and Massachusetts, however, merely prohibit the sale of price-fixed goods and do not prohibit agreements and conspiracies involving price-fixed goods.[4]  As a result, *AT&T* does not apply to these claims.

Respectfully submitted,

*/s/ Lucius B. Lau*

Lucius B. Lau

---

[1] Circuit City Compl. ¶¶ 178-181, 183; Electrograph FAC ¶¶ 189-191, 252; Office Depo Compl. ¶¶ 172-175, 177; Polaroid Compl. ¶¶ 4, 166, 168; Target Am. Compl. ¶¶ 191-195, 255, 268 (Kmart, Old Comp, RadioShack, Sears, and Target).

[2] Circuit City (Illinois); CompuCom (New York); Costco (Arizona, Florida, Illinois); Electrograph (New York); Kmart: (Illinois, Minnesota, Nebraska, Nevada, North Carolina); Magnolia Hi-Fi (Minnesota); Old Comp (Illinois); Polaroid (Minnesota); RadioShack (Mississippi); Sears (Arizona, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, and Wisconsin); and Target (Arizona, Illinois, Iowa, Kansas, Michigan, New York, North Carolina, Wisconsin).

[3] Kmart (Florida); RadioShack (Massachusetts), Sears (Florida and Massachusetts); and Target (Florida).

[4] *See* Fla. Stat. §§ 501.203, 501.204 ("Unfair methods of competition . . . in the conduct of any trade or commerce are hereby declared unlawful," and defining "trade or commerce" as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good . . . ."); Mass Gen. Laws ch. 93A §§ 1, 2 ("Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful" and defining "trade" and "commerce" as "the advertising, the offering for sale, rent or lease, the sale, rent, lease or distribution of any services and any property . . . .").

Honorable Charles A. Legge

**WHITE & CASE**

February 22, 2013

cc:  David Martinez, Esq.
     David M. Peterson, Esq.
     Philip J. Iovieno, Esq.
     All Defense Counsel