
1  ALDO A. BADINI (257086)
   JEFFREY L. KESSLER (*pro hac vice*)
2  A. PAUL VICTOR (*pro hac vice*)
   EVA W. COLE (*pro hac vice*)
3  MOLLY M. DONOVAN (*pro hac vice*)
   WINSTON & STRAWN LLP
4  200 Park Avenue
   New York, New York 10166-4193
5  Telephone: (212) 294-6700
   Facsimile: (212) 294-4700
6  Email: jkessler@winston.com

7
   STEVEN A. REISS (*pro hac vice*)
8  DAVID L. YOHAI (*pro hac vice*)
   ADAM C. HEMLOCK (*pro hac vice*)
9  WEIL, GOTSHAL & MANGES LLP
   767 Fifth Avenue
10 New York, New York 10153-0119
   Telephone: (212) 310-8000
11 Facsimile: (212) 310-8007
   Email: steven.reiss@weil.com
12

13 *Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*
14

15 **IN THE UNITED STATES DISTRICT COURT**

16 **NORTHERN DISTRICT OF CALIFORNIA**

17 **SAN FRANCISCO DIVISION**

18 In re: CATHODE RAY TUBE (CRT) ANTITRUST ) Case No. 07-5944 SC
   LITIGATION                                )
19 _____) MDL. No. 1917

20 This Document Relates to:

   INDIRECT-PURCHASER ACTIONS                 **DECLARATION OF EVA W. COLE IN**
21                                            **SUPPORT OF PANASONIC**
                                              **DEFENDANTS' ADMINISTRATIVE**
22                                            **MOTION TO SEAL DOCUMENTS**
                                              **PURSUANT TO CIVIL LOCAL RULES**
23                                            **7-11 AND 79-5(d)**

- 1 -

I, Eva W. Cole, declare as follows:

1. I am an attorney with Winston & Strawn LLP, attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. I make this declaration pursuant to Civil Local Rule 79-5(d) to establish that certain documents containing Confidential and Highly Confidential information and submitted to the Court in connection with Defendants' Reply Memorandum of Law in Support of Defendants' Motion to Strike the Proposed Expert Testimony of Dr. Janet S. Netz ("Reply Brief") are sealable. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306). On March 25, 2013, Panasonic Defendants filed an Administrative Motion to Seal, and lodged conditionally under seal, the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

(a) Portions of the Reply Brief that contain quotations or information from documents and/or deposition testimony that Defendants have designated "Confidential" or "Highly Confidential;"

(b) Declaration of Eva W. Cole in Support of Defendants' Reply Memorandum of Law in Support of Defendants' Motion to Strike the Proposed Expert Testimony of Dr. Janet S. Netz ("Cole Reply Declaration") that contains information from deposition testimony that Defendants have designated "Confidential" or "Highly Confidential;"

(c) Exhibits 1 through 7 attached to the Cole Reply Declaration in support of the Reply Brief ("Cole Exhibits") that include deposition testimony that Defendants have designated "Confidential" or "Highly Confidential;" and

(d) Rebuttal Declaration of Professor Robert D. Willig in Support of Defendants' Motion to Strike the Proposed Expert Testimony of Dr. Janet S. Netz ("Willig Rebuttal Declaration") that contains quotations or information from documents and deposition testimony that Defendants have designated "Confidential" or "Highly Confidential."

3. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Reply Brief, the Cole Reply Declaration and Exhibits and the Willig Rebuttal Declaration.

4. Upon information and belief, the documents and testimony referred to in the Willig Rebuttal Declaration cite to and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The documents and testimony contain, cite, and/or identify confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. The documents and testimony describe relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

DECL. OF EVA W. COLE I/S/O PANASONIC DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)

Case No. 07-5944 SC
MDL No. 1917

5. Attached as Exhibit 1 to the Cole Reply Declaration is the complete transcript of the November 15, 2012 and March 15, 2013 deposition of Dr. Janet S. Netz, the Indirect-Purchaser Plaintiffs' expert witness.

6. Attached as Exhibits 2 and 3 to the Cole Reply Declaration are the DVDs of the November 15, 2012 and March 15, 2013 videotaped deposition testimony of Dr. Janet S. Netz.

7. Upon information and belief, the testimony contained in Exhibits 1 through 3 to the Cole Reply Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The testimony contains, cites, and/or identifies confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This testimony describes relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

8. Attached as Exhibit 6 to the Cole Reply Declaration are excerpts from the transcript of the deposition of Tatsuo Tobinaga, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Panasonic Defendants.

9. Upon information and belief, the transcript excerpts in Exhibit 6 to the Cole Reply Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The transcript excerpts contain, cite, and/or identify confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This transcript describes relationships with companies that remain important to the Panasonic

- 4 -

DECL. OF EVA W. COLE I/S/O PANASONIC DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL DOCUMENTS
PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)

Case No. 07-5944 SC
MDL No. 1917

Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

10. Attached as Exhibit 7 to the Cole Reply Declaration is the transcript of the deposition of Professor Robert D. Willig, Defendants' expert witness.

11. Upon information and belief, the transcript contained in Exhibit 7 to the Cole Reply Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The transcript contains, cites, and/or identifies confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This transcript describes relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

12. The Reply Brief, the Cole Reply Declaration and Exhibits and the Willig Rebuttal Declaration quote from or describe documents or information designated as "Confidential" or "Highly Confidential" by the Panasonic Defendants pursuant to the Stipulated Protective Order, including but not limited to Cole Reply Declaration Exhibits 1, 2, 3, 6 and 7. I understand that the Panasonic Defendants consider any statements in the Reply Brief and the Willig Rebuttal Declaration purporting to summarize the exhibits or any other documents or information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the

- 5 -
DECL. OF EVA W. COLE I/S/O PANASONIC DEFENDANTS'
ADMINISTRATIVE MOTION TO SEAL DOCUMENTS
PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)

Case No. 07-5944 SC
MDL No. 1917

confidentiality of information of the type contained, identified, or cited to in Exhibits 1, 2, 3, 6 and 7, and referenced in the Reply Brief, the Cole Reply Declaration and the Willig Rebuttal Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: March 25, 2013                               By: /s/ Eva W. Cole

JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@winston.com
ALDO A. BADINI (257086)
Email: abadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-7400

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

GREGORY D. HULL (57367)
Email: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

DECL. OF EVA W. COLE I/S/O PANASONIC DEFENDANTS'                           Case No. 07-5944 SC
ADMINISTRATIVE MOTION TO SEAL DOCUMENTS                                    MDL No. 1917
PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

- 7 -
DECL. OF EVA W. COLE I/S/O PANASONIC DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)

Case No. 07-5944 SC
MDL No. 1917