Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Molly M. Powers (*pro hac vice to be filed*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com
mpowers@jenner.com

*Attorneys for Proposed Intervenors
Mitsubishi Electric US, Inc. and
Mitsubishi Digital Electronics Americas, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re: Cathode Ray Tube (CRT) Antitrust Litigation<br><br>This Document Relates To:<br><br>*Electrograph Systems, Inc. et al. v. Hitachi, Ltd., et al., No. 11-cv-01656;*<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al., No. 11-cv-05502;*<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al., No. 11-cv-05513;*<br><br>*Target Corp, et al. v. Chunghwa Picture Tubes, Ltd., et al., No. 11-cv-05514;*<br><br>*Interbond Corporation of America v. Hitachi Ltd, et al., No. 11-cv-06275;*<br><br>*Office Depot, Inc. v. Hitachi Ltd., et al., No 11-cv-0627;* | Case No. 3:07-cv-5944 SC<br><br>**MITSUBISHI ELECTRIC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE; MEMORANDUM AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: May 1, 2013<br>Time: 9:30 a.m.<br>JAMS: Two Embarcadero Center, Suite 1500<br>Judge: Honorable Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |

*CompuCom Systems, Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06396;

*Costco Wholesale Corporation v. Hitachi Ltd., et al.*, No. 11-cv-06397;

*P.C. Richard & Son Long Island Corporation, et al. v. Hitachi Ltd., et al.*, No. 12-cv-02648;

*Schultze Agency Services, LLC, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02649.

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 1, 2013, at 9:30a.m., or as soon thereafter as this matter may be heard, in the Courtroom of the Honorable Charles A. Legge (Ret.), located at the office of JAMS, Two Embarcadero Center, Suite 1500, San Francisco, California, movants Mitsubishi Electric US, Inc. ("MEUS") and Mitsubishi Digital Electronics Americas, Inc. ("MDEA") (collectively, "Mitsubishi Electric") will, and hereby do, move this Court for leave to intervene in the above-entitled action for the limited purpose of opposing Direct Action Plaintiffs' Motion for Leave to File Amended Complaint, which proposes to add MEUS and MDEA as additional defendants. Mitsubishi Electric also asks permission to file instanter its Opposition to Direct Action Plaintiffs' Motion for Leave to File Amended Complaints.

This Motion is made pursuant to Federal Rule of Civil Procedure 24 on the ground that Mitsubishi Electric has significantly protectable interests that will be impaired if Plaintiffs' motion is granted, and that Mitsubishi Electric's interests are inadequately represented by the current parties to the action.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the records and files of this Court, any matters of which the Court may take judicial notice, and any such further evidence or arguments submitted at or before the hearing. A proposed order is attached.

Dated:  April 9, 2013

Respectfully Submitted,

By: /s/ Terrence J. Truax
    Terrence J. Truax

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California  90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Molly M. Powers (*pro hac vice to be filed*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com
mpowers@jenner.com

*Attorneys for Proposed Intervenors Mitsubishi Electric US, Inc. and Mitsubishi Digital Electronics Americas, Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The Direct Action Plaintiffs ("plaintiffs") have moved this Court for leave to file Amended Complaints. (Dkt. 1609.) In their proposed Amended Complaints, plaintiffs seek to add several new parties as defendants, including Mitsubishi Electric US, Inc. ("MEUS") and Mitsubishi Digital Electronics Americas, Inc. ("MDEA") (collectively, "Mitsubishi Electric").

For the reasons more fully set forth in Mitsubishi Electric's Opposition, which is being filed concurrently with this Motion for Leave to Intervene, Mitsubishi Electric requests that this Court deny Plaintiffs' Motion For Leave to File Amended Complaints to the extent they seek to add the Mitsubishi Electric entities as new parties. Because the Mitsubishi Electric entities are not parties to the proceeding, they seek leave to intervene for the limited purpose of opposing plaintiffs' motion for leave to file Amended Complaints. Mitsubishi Electric understands from counsel for plaintiffs that plaintiffs do not intend to oppose this motion. (Decl. of Michael T. Brody in Support of Mitsubishi Electric's Motion to Shorten Time and Motion to Intervene, Ex. A.)

## ARGUMENT

### I. MITSUBISHI ELECTRIC IS ENTITLED TO INTERVENE AS OF RIGHT.

Pursuant to Federal Rule of Civil Procedure 24(a)(2), Mitsubishi Electric is entitled to intervene as of right for the limited purpose of opposing plaintiffs' motion for leave to amend their complaint. Intervention as of right under Rule 24(a) is appropriate whenever: (1) the motion is timely; (2) the applicant claims a significantly protectable interest relating to the transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action may as a practical matter impair or impede its ability to protect its interest; and (4) the applicant's interest is inadequately represented by the parties to the action. *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995), partially rev'd on other grounds, *Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011); *LG Electronics, Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D. 360, 364 (N.D. Cal. 2002).

Mitsubishi Electric's motion satisfies all four criteria for intervention as a right.

*First*, this motion to intervene is timely. Mitsubishi Electric is seeking leave to intervene at the first relevant opportunity, causing no prejudice to any party and without incurring any delay. *See U.S. ex rel McGrough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992). Mitsubishi Electric has served and seeks to file instanter its Opposition, so that it may be considered when plaintiffs' motion is presented.

*Second*, Mitsubishi Electric has a significant protectable interest because plaintiffs are seeking leave to add the Mitsubishi Electric entities as defendants to this litigation. *See Hildes v. Andersen*, No. 08-0008, 2010 LEXIS 72086, at *17 (S.D. Cal. July 19, 2010). Mitsubishi Electric has an interest in responding to plaintiffs' allegations and avoiding the substantial prejudice arising from plaintiffs' lack of diligence and undue delay in seeking to leave to amend the complaint.

*Third*, unless Mitsubishi Electric is allowed to intervene, plaintiffs' Motion for Leave to File Amended Complaints will impair or impede Mitsubishi Electric's interests, because, as a practical matter, Mitsubishi Electric would be forced to defend against the claims at this late stage in the litigation. *VFD Consulting, Inc. v. 21st Services, 21st Holdings, LLC*, No. 04-2161 SBA, 2005 WL 1115870, at *4-5 (N.D. Cal. May 11, 2005) (granting leave to intervene as a matter of right to oppose motion to add movant as a party to litigation).

*Finally*, the current named defendants to the litigation are unable to represent adequately Mitsubishi Electric's interests because they do not have the same incentives to oppose the proposed amendment. Mitsubishi Electric is not aware of any existing defendants who intend to oppose plaintiffs' motion. In determining whether Mitsubishi Electric's interests would be adequately represented by the existing defendants, the court considers: (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect. *LG Electronics*, 211 F.R.D. at 364. The intervenor need only make a minimal showing that the existing parties' representation of it its interests may be inadequate. *Id.* Here,

the named defendants do not share Mitsubishi Electric's unique interests and will not adequately represent them because they are not opposing plaintiffs' Motion for Leave to Amend.

## II.   MITSUBISHI ELECTRIC IS ENTITLED TO INTERVENE PURSUANT TO RULE 24(B).

Even if Mitsubishi Electric was not permitted to intervene as a matter of right, it should be permitted to intervene under Federal Rule of Civil Procedure 24(b), which permits anyone to intervene in an action "when an applicant's claim or defense and the main action have a question of law or fact in common. . . .  In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b).  There is no danger of delay or prejudice here; Mitsubishi Electric merely seeks to oppose an already-filed motion prior to the hearing date.  *See VFD Consulting*, 2005 WL 1115870, at *5 ("Further, [applicant's] intervention will not unduly delay or prejudice the rights of the existing parties because the scope of its intervention is limited to the instant motions.").

## CONCLUSION

For the foregoing reasons, Mitsubishi Electric respectfully requests this Court grant leave to intervene for the limited purpose of opposing Plaintiffs' Motion for Leave to Amend.

Dated:  April 9, 2013                                              Respectfully submitted,

By: /s/ Terrence J. Truax
    Terrence J. Truax

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California  90071
Telephone:  (213) 239-5100
Facsimile:  (213) 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Molly M. Power (*pro hac vice to be filed*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com
mpowers@jenner.com

*Attorneys for Proposed Intervenors Mitsubishi Electric US, Inc., and Mitsubishi Digital Electronics  Americas, Inc.*