Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California  90071
Telephone:  (213) 239-5100
Facsimile:   (213) 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Molly M. Powers (*pro hac vice to be filed*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone:   (312) 222-9350
Facsimile:    (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com
mpowers@jenner.com

*Attorneys for Proposed Intervenors*
*Mitsubishi Electric US, Inc. and*
*Mitsubishi Digital Electronics Americas, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re: Cathode Ray Tube (CRT) Antitrust Litigation | Case No. 3:07-cv-5944 SC |
| This Document Relates To: | **MITSUBISHI ELECTRIC'S OPPOSITION TO DIRECT ACTION PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS** |
| *Electrograph Systems, Inc. et al. v. Hitachi, Ltd., et al., No. 11-cv-01656;* | |
| *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al., No. 11-cv-05502;* | Date:    May 1, 2013<br>Time:    9:30 a.m.<br>JAMS:  Two Embarcadero Center, Suite 1500<br>Judge:   Honorable Samuel Conti<br>Special Master:  Hon. Charles A. Legge (Ret.) |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al., No. 11-cv-05513;* | |
| *Target Corp, et al. v. Chunghwa Picture Tubes,* | |

1  *Ltd., et al., No. 11-cv-05514;*

2  *Interbond Corporation of America v. Hitachi Ltd, et al., No. 11-cv-06275;*

3

4  *Office Depot, Inc. v. Hitachi Ltd., et al., No 11-cv-0627;*

5  *CompuCom Systems, Inc. v. Hitachi Ltd., et al., No. 11-cv-06396;*

6

7  *Costco Wholesale Corporation v. Hitachi Ltd., et al., No. 11-cv-06397;*

8

9  *P.C. Richard & Son Long Island Corporation, et al. v. Hitachi Ltd., et al., No. 12-cv-02648;*

10  *Schultze Agency Services, LLC, et al. v. Hitachi, Ltd., et al., No. 12-cv-02649.*

ii

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND..................................................................1

THE MOTION TO AMEND SHOULD BE DENIED ................................................................4

    1.    Mitsubishi Electric Would Be Severely And Unfairly Prejudiced By Permitting Its Addition To The Complaint At This Late Stage.........................5

    2.    Plaintiffs Have Unduly Delayed Moving to Amend..........................................8

CONCLUSION............................................................................................................................10

iii

MITSUBISHI ELECTRIC'S OPPOSITION TO DIRECT ACTION PLAITNIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS;  Case No. 3:07-cv-5944 SC

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
    465 F.3d 946 (9th Cir. 2006) ..................................................................................................5, 8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 555 (2007) ...........................................................................................................9

*Bowers v. Kletke*,
    451 Fed. App'x 710 (9th Cir. 2011) ..........................................................................................5

*Cal. Dep't of Toxic Substances Control v. Neville Chem. Corp.*,
    358 F.3d 661 (9th Cir. 2004) .....................................................................................................5

*Chodos v. W. Publ. Co.*,
    292 F.3d 992 (9th Cir. 2002) .....................................................................................................8

*Coleman v. Quaker Oats Co.*,
    232 F.3d 1271 (9th Cir. 2000) ...................................................................................................8

*In re LCD Antitrust Litig.*,
    No. 3:07-md-1827 (N.D. Cal. Apr. 12, 2011) ...........................................................................8

*In re LCD Antitrust Litig.*,
    No. 3:07-md-1827 (N.D. Cal. filed Aug. 4, 2010) ....................................................................7

*Jackson v. Bank of Hawaii*,
    902 F.2d 1385 (9th Cir. 1990) ...............................................................................................5, 8

*Johnson v. Buckley*,
    356 F.3d 1067 (9th Cir. 2004) ...................................................................................................9

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) .....................................................................................................8

*Netbula, LLC v. Bindview Dev. Corp.*,
    No. C06-00711, 2007 U.S. Dist. LEXIS 58736 (N.D. Cal. Aug. 1, 2007) ................................7

S*cognamillo v. Credit Suisse First Boston, LLC*,
    587 F. Supp. 2d 1149 (N.D. Cal. 2008) .....................................................................................5

*Texaco, Inc. v. Ponsoldt*,
    939 F.2d 794 (9th Cir. 1991) .....................................................................................................8

iv

MITSUBISHI ELECTRIC'S OPPOSITION TO DIRECT ACTION PLAITNIFFS' MOTION FOR LEAVE
TO FILE AMENDED COMPLAINTS;  Case No. 3:07-cv-5944 SC

*Wells Fargo Bank, N.A. v. Renz*,
    C 08-02561, 2010 U.S. Dist. LEXIS 76310 (N.D. Cal. July 19, 2010)..................................5, 8

*Wilkins-Jones v. County of Alameda*,
    C-08-1485, 2012 U.S. Dist. LEXIS 107127 (N.D. Cal. July 31, 2012) ....................................5

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
    401 U.S. 321 (1971).................................................................................................................5

**OTHER AUTHORITY**

Federal Rule of Civil Procedure 15(a)(2) ....................................................................................4, 5

v

MITSUBISHI ELECTRIC'S OPPOSITION TO DIRECT ACTION PLAITNIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS;  Case No. 3:07-cv-5944 SC

**INTRODUCTION**

The Direct Action Plaintiffs ("plaintiffs") seek leave to file ten new Amended Complaints naming as defendants various entities in the Mitsubishi Electric corporate family (collectively, "Mitsubishi Electric"), as well as other defendants.[1]  Plaintiffs' motion, filed more than five years after this enormous and complex litigation began, would prejudice Mitsubishi Electric and unavoidably delay the progress of this case.  The prejudicial impact on Mitsubishi Electric of being added to this litigation at this advanced stage is exacerbated by plaintiffs' unjustified and undue delay in bringing this motion.  Plaintiffs' motion should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

This litigation began over five years ago, following the announcement of a federal criminal antitrust investigation into the Cathode Ray Tube ("CRT") industry.  On the heels of the federal investigation, classes of direct and indirect purchasers filed complaints against numerous manufacturers of CRTs and CRT products in 2007.  Plaintiffs opted out of the direct purchaser class action litigation in 2011 and 2012.  Importantly, Mitsubishi Electric never received a grand jury subpoena in the federal investigation and was not and has not been the subject of any government investigation here or abroad into the pricing of CRT products.  No Mitsubishi Electric employees have been indicted in any investigation and no Mitsubishi Electric entity has been named a defendant in any of the lawsuits consolidated in this multidistrict proceeding.

It is not surprising that Mitsubishi Electric has not been a party in the pending CRT litigation.  The CRT technology at the center of this litigation is a long outdated technology that

---

[1] Plaintiffs are seeking to add as defendants Mitsubishi Electric & Electronics, USA, Inc. ("MEUS"), however, as of October 1, 2012, MEUS changed its name to Mitsubishi Electric US, Inc. This Opposition is filed on behalf of MEUS and Mitsubishi Digital Electronics Americas, Inc. ("MDEA"), both of which are domestic entities.  There is a question as to whether the Japanese parent, Mitsubishi Electric Corporation, which is also a proposed defendant, is subject to suit in this mater, and the Japanese entity has not been served.  To preserve all jurisdictional objections, this opposition is filed on behalf of the domestic entities only.  The arguments presented in this opposition apply with equal force to all Mitsubishi entities.

Mitsubishi Electric ceased selling in the United States as of about 2003. Even when Mitsubishi Electric was a participant in the CRT market, Mitsubishi Electric was never more than a small participant.

Plaintiffs' attempt to draw Mitsubishi Electric into this litigation nearly five years after it began is both opportunistic and unfounded. As plaintiffs note in their motion, the Indirect Purchasers Plaintiffs ("IPPs") attempted to add Mitsubishi Electric as a defendant approximately seven months ago. Mitsubishi Electric opposed the IPPs' motion and argued that Mitsubishi Electric would suffer unavoidable prejudice by being added to the litigation at that late stage. The Special Master recommended that the IPPs be permitted to amend their class action complaint, but while the time to contest that ruling was still pending, the parties agreed that the IPPs could amend their complaint to allege that the Mitsubishi Electric parties were unnamed conspirators – but not defendants – which is what the IPPs have done. Dkt. No. 1526.

Plaintiffs' motion follows a similar approach to that originally taken by the IPPs, and their amended complaint largely parrots the Proposed Amended Complaint filed by the IPPs. There are, however, two major differences between the actions of the IPPs and what these plaintiffs are attempting to do here. First, without explaining why they waited, plaintiffs filed their proposed complaints *seven months* after the IPPs sought leave to amend their complaint. Second, plaintiffs' current motion to amend and their supporting memorandum and declaration, contain no basis to conclude Mitsubishi Electric was a conspirator. When the IPPs sought, and obtained, leave to amend from the Special Master, they advised the Special Master that their motion was justified by recent discovery identifying Mitsubishi Electric as a participant in the conduct alleged in the complaint. IPPs' Mot. to Amend at 2. Mitsubishi Electric believes the IPPs were mistaken – there is no evidence Mitsubishi Electric engaged in any improper conduct. And, in the motion now before the Court, plaintiffs have pointed to no different information and offer no support for their conclusory allegations. Even after seven months of investigation

2

following the IPPs' motion, plaintiffs are unable to identify a single fact in support of adding Mitsubishi Electric to this litigation.

Instead, while claiming some newly discovered (and undisclosed) information justifies their delay in pursuing their claim, plaintiffs appear to have copied, word-for-word, many of their new allegations directly from the IPPs' complaint. *Compare* IPPs' Proposed Fourth Amend. Compl. ¶¶ 106-109 *with* Costco's Amend Compl. ¶¶ 63-65; *and* IPPs' Proposed Fourth Amend. Compl. ¶ 188 *with* Costco's Amend. Compl. ¶ 148. There are no allegations in Plaintiffs' Amended Complaints related to Mitsubishi Electric that were not made by the IPPs.

Plaintiffs also provide no explanation as to why they waited seven months to copy the IPPs' Proposed Amended Complaint. While the plaintiffs delayed, discovery and substantive briefing has continued apace in this proceeding, all without any participation by Mitsubishi Electric. Since the initial filing of the case in 2007, complaints have been filed, discovery has been propounded and answered, documents produced and translated, depositions taken, and schedules for discovery, expert reports, and trial have been established. By delaying in filing Amended Complaints plaintiffs have (1) ensured that Mitsubishi Electric would not participate in discovery that has taken place in the meantime, (2) further reduced the amount of time for Mitsubishi Electric to get up to speed in the litigation, and (3) limited the available time for Mitsubishi Electric to prepare dispositive motions. If Mitsubishi Electric is added to this action, plaintiffs' delay will undeniably prejudice Mitsubishi Electric.

The prejudice to Mitsubishi Electric is substantial, and more severe than seven months ago. Without any involvement of Mitsubishi Electric, the following developments have occurred in this case:

- <u>Motion Practice.</u> Numerous motions, pleadings, and other documents have been filed. As of the date of this filing, over 1,600 docket entries have been made in

3

MITSUBISHI ELECTRIC'S OPPOSITION TO DIRECT ACTION PLAITNIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS; Case No. 3:07-cv-5944 SC

this case's electronic case file. Of these, nearly 300 have been filed since the IPPs moved to amend.

- Document Discovery. Counsel for Mitsubishi Electric understands that the document discovery is essentially completed and the parties have produced over 4 million pages of documents, many of which are in foreign languages. IPPs' Mot. 8, n. 5. Mitsubishi Electric has not participated in document discovery.

- Other Written Discovery. Mitsubishi Electric understands that substantial written discovery has already taken place.

- Deposition Discovery. As of seven months ago, 24 depositions had already been taken. Thomson Opp. to IPPs' Mot. to Amend. at 4. In the motion to amend, plaintiffs state that a number of additional Rule 30(b)(6) depositions have been completed. Mot. 2.

- Class Certification Discovery. Mitsubishi Electric understands that class certification discovery has taken place and that the plaintiffs participated in depositions related to class issues. Mitsubishi Electric has not participated in any depositions related to certification issues.

- Trial Schedule. The case has been set for trials to begin on October 20, 2014. Dkt. 1595.

Much has happened in this long-standing case without the participation of Mitsubishi Electric. The addition of Mitsubishi Electric at this time would unfairly require Mitsubishi Electric to repeat discovery, briefing, and trial preparations that have already taken place, or do without.

**THE MOTION TO AMEND SHOULD BE DENIED**

Federal Rule of Civil Procedure 15(a)(2) provides that a party must seek the Court's leave to amend a pleading after the time for amending as a matter of course has passed, absent

4

MITSUBISHI ELECTRIC'S OPPOSITION TO DIRECT ACTION PLAITNIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS; Case No. 3:07-cv-5944 SC

the consent of the opposing party.  The decision to grant or deny leave to amend under Rule 15(a)(2) is a matter of the Court's discretion.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, (1971); *Cal. Dep't of Toxic Substances Control v. Neville Chem. Corp.*, 358 F.3d 661, 673 (9th Cir. 2004).

The Court need not grant leave to amend if the amendment: (1) prejudices the defendant sought to be added; (2) produces an undue delay, (3) is sought in bad faith, or (4) is futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 951 (9th Cir. 2006). Of these factors, prejudice to the defendant sought to be added carries the greatest weight in deciding whether to permit an amendment.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).  Here, prejudice and plaintiffs' undue delay support denial of leave to amend.

> **1.    Mitsubishi Electric Would Be Severely And Unfairly Prejudiced By Permitting Its Addition To The Complaint At This Late Stage.**

The Court may deny a plaintiffs' motion to amend solely on the basis of the prejudice a late amendment will have on the defendant. *Wilkins-Jones v. County of Alameda*, C-08-1485, 2012 U.S. Dist. LEXIS 107127, at *22 n. 1 (N.D. Cal. July 31, 2012) ("[t]he Court looks at prejudice . . [to] the Defendants who would be named if Plaintiff is permitted to amend."); S*cognamillo v. Credit Suisse First Boston, LLC*, 587 F. Supp. 2d 1149, 1157 (N.D. Cal. 2008). The avoidance of prejudice to the party to be added is "[a] major objective." *Wells Fargo Bank, N.A. v. Renz*, C 08-02561, 2010 U.S. Dist. LEXIS 76310, at *13 (N.D. Cal. July 19, 2010) (citations omitted).  This is because "[a]mending a complaint to add a party poses an especially acute threat of prejudice to the entering party." *Id*. (citations omitted).  Courts have recognized the obvious truth that prejudice is heightened when a plaintiff seeks to amend a complaint late in the litigation. *Scognamillo*, 587 F. Supp. 2d at 1155.

The Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *Bowers v. Kletke*, 451 Fed. App'x 710, 712 (9th Cir. 2011).  In *Bowers*, the Ninth Circuit

5

affirmed the district court's denial of leave to amend where plaintiff delayed 18 months before moving to amend.  Plaintiffs attempt to rebut that presumption of prejudice by asserting that the proposed amendments "would not cause undue prejudice" to Mitsubishi Electric.  Mot. 11.  Plaintiffs groundless claim that Mitsubishi Electric has "been on notice of the facts described in plaintiffs' complaints since 2007 when the IPPs named Thomson as a defendant . . . ." Mot. 12.  Plaintiffs do not attempt to explain how a suit against Thomson – an entity unrelated to and unaffiliated with Mitsubishi Electric – somehow puts Mitsubishi Electric on notice of the threat of litigation, or much less how mere awareness insulates Mitsubishi Electric from the threat of prejudice.  Thomson was a French-owned company that received a grand jury subpoena.  The fact that it was included in 2007, and then dropped from the case, while Mitsubishi Electric was never added, proves that Mitsubishi Electric had no reason to think it would be sued.  After all, nearly five years have passed, and Mitsubishi Electric was not sued, subpoenaed, or investigated.

In the alternative, plaintiffs posit that Mitsubishi Electric has been on notice of the facts described in plaintiffs' complaints "at least since 2011, when the IPPs entered a tolling agreement" with Mitsubishi Electric.  Mot. 12.  Again, plaintiffs confuse *awareness* of the litigation with *participation* in the litigation.  Mitsubishi has not participated in any of the ongoing, substantive discovery that has taken place while plaintiffs delayed in bringing suit.

Moreover, plaintiffs gloss over the procedural posture of this litigation and ignore how much has taken place without Mitsubishi Electric's involvement.  Plaintiffs seek to add Mitsubishi Electric as defendants nearly 20 years after the alleged conduct began, over five years into this litigation, more than two years into discovery, and with trial looming next year.  Not only is this litigation significantly advanced, it is an extremely complex action based on an alleged global antitrust conspiracy.  Adding Mitsubishi Electric at this advanced stage would cause unavoidable prejudice to Mitsubishi Electric.

6

1  Several examples demonstrate this prejudice. In their motion to amend, plaintiffs state that they learned facts demonstrating Mitsubishi Electric's involvement by reviewing defendants' document productions. Mot. 6. The motion does not identify the nature of the documents, the content of the documents, the origin of the documents, or the facts learned, but it is undeniable that Mitsubishi Electric has not had an opportunity to review the documents because it has not been participating in discovery. It is also undeniable that the document productions have been substantial – including millions of pages, in multiple languages. Plaintiffs seek to establish liability based on a factual record developed without the participation of Mitsubishi Electric. However, even more time has passed since the IPPs sought to add Mitsubishi Electric, with even more fact discovery having taken place, heightening the disadvantage to Mitsubishi Electric. Seven months ago, more than 4 million produced documents, many in foreign languages, had already been produced. IPP Mot. to Amend at 8, n. 5. Those numbers have almost surely grown in the interim months, exacerbating the prejudice to Mitsubishi Electric. Mitsubishi Electric cannot simply skim the document productions and get up to speed. At this advanced stage of the litigation, Mitsubishi Electric cannot avoid the prejudice it will suffer because it has not been a participant in any of that discovery.

The prejudicial impact of the procedural posture justifies denying the plaintiffs' motion to amend. *Netbula, LLC v. Bindview Dev. Corp.*, No. C06-00711, 2007 U.S. Dist. LEXIS 58736 (N.D. Cal. Aug. 1, 2007) (denying leave to amend due to "unreasonably short period between [the motion to amend] and the current trial date."). If added at this advanced stage in this litigation, Mitsubishi Electric would be forced to get up to speed in this enormously complex matter on an extraordinarily expedited basis, with unavoidable prejudicial effect.

In similar circumstances, another judge of this Court refused to permit the amendment of a complaint to add Mitsubishi Electric three and a half years into the litigation. In *In re LCD Antitrust Litig.*, No. 3:07-md-1827 (N.D. Cal. filed Aug. 4, 2010), plaintiffs moved to add

7

Mitsubishi Electric as a defendant in the pending antitrust litigation.  In contrast to the relative youth of the LCD litigation at the time of plaintiffs' motion to amend, here, over five years have elapsed.  Moreover, the proposed amended complaint in the LCD litigation came 11 years after the challenged conduct, whereas here the complaint involves conduct that is nearly two decades old.  Accordingly, Judge Illston declined to permit the amendment of the complaint.  *In re LCD Antitrust Litig.*, No. 3:07-md-1827 (N.D. Cal. Apr. 12, 2011).  By comparison, the delay in this case is longer, both the case and the conduct alleged are older, and the resulting prejudice greater.  The motion for leave to amend should be denied.

### 2. Plaintiffs Have Unduly Delayed Moving To Amend.

The Ninth Circuit has held that undue delay has occurred when a party moves to amend "long after it should have become aware of the information that underlies that motion." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).  The Ninth Circuit has repeatedly upheld the denial of a motion to amend where a plaintiff has unduly delayed.  *AmerisourceBergen Corp,* 465 F.3d 951; *Chodos v. W. Publ. Co.*, 292 F.3d 992 (9th Cir. 2002); *Jackson*, 902 F.2d at 1388; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991).  Failure to show diligence requires that "the inquiry should end."  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

Courts have denied leave to amend for delays shorter than the delay present here.  *See, e.g. Wells Fargo Bank,* 2010 U.S. Dist. LEXIS 76310, at *12-13 (failure to explain five month delay "necessitates the conclusion that [movant] was not diligent, which warrants denial of his motion.").  The Ninth Circuit has previously held an eight month delay unreasonable.  *Texaco*, 939 F.2d at 799.

Plaintiffs have been dilatory in bringing this motion.  Not only does plaintiffs' effort to add Mitsubishi Electric come late in the litigation – and even later than the IPPs' attempt to add

8

MITSUBISHI ELECTRIC'S OPPOSITION TO DIRECT ACTION PLAITNIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS;  Case No. 3:07-cv-5944 SC

Mitsubishi Electric to the litigation – it comes well after Mitsubishi Electric participated in the CRT business.  Mitsubishi Electric largely exited the CRT business in 2003.  The proposed amended complaint concerns alleged conduct taking place from 1995 to 2005. Costco's Amend. Compl. ¶ 148.  Mitsubishi Electric is not in a position to defend itself fully against charges based on conduct that allegedly began nearly two decades ago.  The undue delay in bringing this case – since 2007, and before – severely prejudices Mitsubishi Electric.

Plaintiffs claim their motion to add Mitsubishi Electric to this action is based on unidentified and unspecified documents. Mot. 6.  Aside from plaintiffs' unexplained delay since September 2012, plaintiffs also have yet to explain why they delayed for five years – from November 2007 to September 2012 – before they apparently considered whether they wished to add additional defendants.  Plaintiffs evidently were unmotivated to investigate a basis for adding Mitsubishi Electric until the IPPs' motion in September 2012.  Plaintiffs' lack of diligence should not be excused now that they have belatedly and opportunistically grabbed the IPPs' coattails.  Plaintiffs' motion should be denied, particularly since plaintiffs have failed to develop any theory or facts in support of adding Mitsubishi Electric and plaintiffs' basis for adding Mitsubishi Electric appears to have been gleaned from a review of the IPPs' Proposed Fourth Amended Complaint.

For example, in the proposed amended complaint, plaintiffs allege generally that Mitsubishi Electric employees attended an unspecified number of meetings over a ten-year period.  None are described.  Likewise, plaintiffs allege Mitsubishi Electric employees entered into agreements. Again, none are specified.  Thus, amendment would be futile; if the Court permits the filing of the amended complaint, Mitsubishi Electric will demonstrate in a motion to dismiss that these allegations fail to meet the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Futility also justifies the denial of a motion to amend. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).  In light of the delay that has occurred

9

MITSUBISHI ELECTRIC'S OPPOSITION TO DIRECT ACTION PLAITNIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS;  Case No. 3:07-cv-5944 SC

to date, however, Mitsubishi Electric and the Court should not be required to bear the substantial burden of those proceedings.

Plaintiffs have not been diligent in moving to amend and should be denied due to plaintiffs' undue delay, which, as set forth above, will cause Mitsubishi Electric substantial prejudice if added to this action.

## CONCLUSION

For the foregoing reasons, the Court should deny the Direct Action Plaintiffs' Motion for Leave to File Amended Complaints adding Mitsubishi Electric as defendants in this litigation.

Dated: April 9, 2013                                        Respectfully Submitted,


By: /s/ Terrence J. Truax
         Terrence J. Truax

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Molly M. Powers (*pro hac vice to be filed*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com
mpowers@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California  90071
Telephone:  (213) 239-5100
Facsimile:   (213) 239-5199
bcaslin@jenner.com

*Attorneys for Proposed Intervenors Mitsubishi Electric US, Inc. and Mitsubishi Digital Electronics Americas, Inc.*

10

MITSUBISHI ELECTRIC'S OPPOSITION TO DIRECT ACTION PLAITNIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS;  Case No. 3:07-cv-5944 SC