1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2      Including Professional Corporations
   GARY L. HALLING, Cal. Bar No. 66087
3  JAMES L. McGINNIS, Cal. Bar No. 95788
   MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4  TYLER M. CUNNINGHAM, Cal. Bar No. 243694
   Four Embarcadero Center, 17th Floor
5  San Francisco, California  94111-4106
   Telephone:    415-434-9100
6  Facsimile:     415-434-3947
   E-mail:         ghalling@sheppardmullin.com
7                    jmcginnis@sheppardmullin.com
                     mscarborough@sheppardmullin.com
8                    tcunningham@sheppardmullin.com

9  Attorneys for Real Parties in Interest
   SAMSUNG SDI AMERICA, INC.,
10 SAMSUNG SDI CO., LTD.,
   SAMSUNG SDI (MALAYSIA) SDN. BHD.,
11 SAMSUNG SDI MEXICO S.A. DE C.V.,
   SAMSUNG SDI BRASIL LTDA.,
12 SHENZHEN SAMSUNG SDI CO., LTD. and
   TIANJIN SAMSUNG SDI CO., LTD.

13

14

15             UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17              SAN FRANCISCO DIVISION

18

| | |
|---|---|
| 19 In re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC |
| 20 | MDL No. 1917 |
| 21 ——————————————— | **REAL PARTY IN INTEREST SAMSUNG SDI'S OPPOSITION TO PLAINTIFF COSTCO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |
| 22 This Document Relates to: | |
| 23 *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397 | Date:    May 1, 2013 |
| 24 | Time:    9:30 a.m. |
| 25 | Place:   JAMS Resolution Center, Two Embarcadero Center, Suite 1500 |
| 26 | Before: Hon. Charles A. Legge (Ret.) |

27

28

SAMSUNG SDI'S OPPOSITION TO PLAINTIFF COSTCO'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.   FACTUAL BACKGROUND ............................................................................. 2

III.   ARGUMENT ...................................................................................................... 3

   A.   Costco Has Unduly And Inexplicably Delayed In Attempting To Add SDI As A Defendant. .................................................................................. 4

   B.   Costco's Excessive And Unexplained Delay Has Deprived SDI Of The Opportunity To Conduct Meaningful Discovery. ....................................... 6

   C.   Costco's Proposed Amendment Is Futile Because Its State Law Claims Against SDI Are Time-Barred. ................................................................... 9

      1.   Costco's time-barred state claims cannot be saved by its allegations of fraudulent concealment. ................................................... 10

      2.   Costco's time-barred state claims cannot be saved by its allegations of criminal proceedings instituted by the U.S. Department of Justice. ....... 11

      3.   Costco's time-barred state claims cannot be saved by its allegations of lawsuits brought on behalf of a purported class of CRT direct purchasers. .......................................................................................... 12

      4.   Costco's proposed amendment should be deemed futile even if its Sherman Act claim could survive a motion to dismiss. .............................. 14

IV.   CONCLUSION ................................................................................................. 15

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

<u>Federal Cases</u>

4

*Advanced Micro Devices, Inc. v. Intel Corp.*
  C 91-20541 JW, 1991 U.S. Dist. LEXIS 21036 (N.D. Cal. Dec. 17, 1991) ......................... 10

5

*Aircraft Tech. Publishers v. Avantext, Inc.*
  No. C 07-4154, 2009 WL 1766255 (N.D. Cal. June 22, 2009) ............................................. 5

6

7

*AmerisourceBergen Corp. v. Dialysist West, Inc.*
  465 F.3d 946 (9th Cir. 2006) ................................................................................................. 5

8

9

*Texaco, Inc. v. Ponsoldt*
  939 F.2d 794 (9th Cir. 1991) ................................................................................................. 4

10

*Ascon Props., Inc. v. Mobil Oil Co.*
  866 F.2d 1149 (9th Cir. 1989) ............................................................................................... 3

11

12

*Bowers v. Kletke*
  451 Fed. Appx. 710, 2011 WL 4588928 (9th Cir. 2011) ...................................................... 6

13

*Chitimacha Tribe of La. V. Harry L. Laws Co.*
  690 F.2d 1157 (5th Cir. 1982) ............................................................................................. 14

14

15

*Chodos v. West Publishing Co.*
  292 F.3d 992 (9th Cir. 2002) ................................................................................................. 4

16

17

*In re Circuit Breaker Litig.*
  175 F.R.D. 547 (C.D. Cal. 1997) ...................................................................................... 5, 6

18

*Clemens v. DaimlerChrysler Corp.*
  534 F.3d 1017 (9th Cir. 2008) ............................................................................................. 12

19

20

*Crown, Cork & Seal Co., Inc. v. Parker*
  462 U.S. 345 (1983) ............................................................................................................. 12

21

22

*DCD Programs, Ltd. v. Leighton*
  833 F.2d 183 (9th Cir. 1987) ................................................................................................. 6

23

*E.W. French & Sons v. General Portland, Inc.*
  885 F.2d 1392 (9th Cir. 1989) ............................................................................................... 9

24

25

*Eminence Capital, LLC v. Aspeon, Inc.*
  316 F.3d 1048 (9th Cir. 2003) ............................................................................................... 4

26

27

*Expoconsul Int'l , Inc. v. A/E Sys., Inc.*
  145 F.R.D. 336 (S.D.N.Y. 1993) ........................................................................................... 6

28

SMRH:408222996.3
MDL No. 1917; Case No. 11-cv-06397

*Harmstron v. City and County of San Francisco*
   C 07-01186 SI, 2007 U.S. Dist. LEXIS 74891 (N.D. Cal. Sept. 25, 2007) .............................5

*Hinton v. Pacific Enterprises*
   5 F.3d 391 (9th Cir. 1993)...................................................................................................10

*Howey v. United States*
   481 F.2d 1187 (9th Cir. 1973)...........................................................................................4, 6

*Issen v. GSC Enterprises, Inc.*
   522 F.Supp. 390 (N.D. Ill. 1981) ......................................................................................4, 6

*Jablon v. Dean Witter & Co.*
   614 F.2d 677 (9th Cir. 1980)...............................................................................................10

*Jackson v. Bank of Hawaii*
   902 F.2d 1385 (9th Cir. 1990)..........................................................................................3, 4, 5

*Johnson v. Buckley*
   356 F.3d 1067 (9th Cir. 2004) ...............................................................................................9

*Johnson v. Couturier, Jr.*
   2:05-cv-02046-RRB-KJM, 2009 U.S. Dist. LEXIS 11127 (E.D. Cal. Feb. 3, 2009) ..............7

*Lockheed Martin Corp. v. Network Solutions, Inc.*
   194 F.3d 980 (9th Cir. 1999).............................................................................................5, 9

*Loehr v. Ventura County Cmty. Coll. Dist.*
   743 F.2d 1310 (9th Cir. 1984)..............................................................................................14

*McGlinchy v. Shell Chemical Co.*
   845 F.2d 802 (9th Cir. 1988) .................................................................................................4

*Meeker v. Meeker*
   No. C 02–00741 JSW, 2004 WL 2554452 (N.D. Cal. Nov. 10, 2004)...................................6

*Moore v. Kayport Package Exp., Inc.*
   885 F.2d 531 (9th Cir. 1989)..................................................................................................9

*Nashville Milk Co. v. Carnation Co.*
   355 U.S. 373 (1958) ............................................................................................................11

*Netbula, LLC v. Bindview Development Corp.*
   No. C06-00711 MJJ, 2007 WL 2221070 (N.D. Cal. Aug. 2, 2007) .......................................5

*In re Petroluem Prods. Antitrust Litig.*
   782 F.Supp. 481 (C.D. Cal. 1991).......................................................................................11

-iii-

*Pool Water Prods. v. Olin Corp.*
   258 F.3d 1024 (9th Cir. 2001) ................................................................. 12

*Raie v. Cheminova, Inc.*
   336 F.3d 1278 (11th Cir. 2003) ............................................................... 12

*In re Rezulin Prods. Liability Litig.*
   No. 00-2843, 2006 WL 695253 (S.D.N.Y. Mar. 15, 2006) ..................... 13

*Schlacter-Jones v. Gen. Tel. of California*
   936 F.2d 435 (9th Cir. 1991) ................................................................... 14

*Simons v. United States*
   497 F.2d 1046 (9th Cir. 1974) ................................................................... 4

*Sommerfield v. City of Chicago*
   06 C 3132, 2008 U.S. Dist. LEXIS 35324 (E.D. Ill. April 29, 2008) ....... 8

*Technical Packaging, Inc. v. UCB Films, Inc.*
   No. 8:03-cv-714-T-30TBM, 2004 WL 5639769 (N.D. Fla. Dec. 21, 2004) ......... 11

*Union Pacific R. Co. v. Nevada Power Co.*
   950 F.2d 1429 (9th Cir. 1991) ................................................................... 3

*United States v. Webb*
   655 F.2d 977 (9th Cir. 1981) ..................................................................... 4

*In re Vitamins Antitrust Litig.*
   183 Fed. App'x 1 (D.C. Cir. 2006) ......................................................... 13

*In re Vertrue Mktg. & Sales Practices Litig.*
   712 F.Supp.2d 703 (N.D. Ohio 2010) ..................................................... 12

*Wade v. Danek Medical, Inc.*
   182 F.3d 281 (4th Cir. 1999) ................................................................... 13

*Wells Fargo Bank, N.A. v. Renz*
   No. C 08-02561-SBA, 2010 WL 2867615 (N.D. Cal. July 20, 2010) ....... 6

*Zenith Radio Corp. v. Hazeltine Research , Inc.*
   401 U.S. 321 (1971) ................................................................................... 9

State Cases

*Albano v. Shea Homes*
   254 P.3d 360 (Ariz. 2011) ....................................................................... 13

*Anderson v. Wagner*
   79 Ill.2d 295 (Ill. 1979) ........................................................................... 11

-iv-

*Costello v. University of Washington Med. Center*
  170 Wash.App. 1047, 2012 WL 4335957 (Wash.App. Div. 1 Sept. 24, 2012) .................... 11

*Jolly v. Eli Lilly & Co.*
  751 P.2d 923 (Cal. 1988) ........................................................................................ 13

*Portwood v. Ford Motor Co.*
  701 N.E.2d 1102 (Ill. 1998) .................................................................................... 13

*Snapp & Assoc. Ins. Serv., Inc. v. Robertson*
  96 Cal.App.4th 884 (Cal. Ct. App. 2002) .............................................................. 10

*Taylor v. Betts*
  124 P.2d 764 (Ariz. 1942) ...................................................................................... 10

<u>Federal: Statutes, Rules, Regulations, Constitutional Provisions</u>

15 U.S.C. (the Clayton Act)
  § 12 ........................................................................................................................ 11
  § 16 ........................................................................................................................ 11
  § 16(i) ............................................................................................................... 11, 12

Federal Rule of Civil Procedure
  11(b)(3) ................................................................................................................... 5
  15 ....................................................................................................................... 3, 4
  15(a) ................................................................................................................. 4, 11
  15(a)(2) ................................................................................................................... 2
  30(b)(6) ........................................................................................................... 1, 3, 7

<u>State:  Statutes, Rules, Regulations, Constitutional Provisions</u>

Ariz. Rev. Stat.
  § 14-1401 ................................................................................................................ 9
  §§ 44-1401, *et seq.* .................................................................................................. 9
  §44-1410(B) ............................................................................................................. 9

Cal. Bus. & Prof. Code
  § 16750.1 ................................................................................................................. 9

Florida Stat.
  § 95.11(3)(f) ............................................................................................................ 9

740 Ill. Comp. Stat.
  § 10/7(2) .................................................................................................................. 9

Wash. Rev. Code
  § 19.86.120 ............................................................................................................. 9

-v-

# I.

## INTRODUCTION

More than 16 months after filing its original complaint, and following the completion of substantial discovery, Plaintiff Costco Wholesale Corp. ("Costco") now without explanation seeks to add seven Samsung SDI entities[1] as defendants in its direct action case.  The Court should deny Costco's belated and unjustified request, for three reasons:

**First**, Costco has unduly and inexplicably delayed in attempting to add SDI as a defendant. Costco's original complaint, filed in November 2011, contained detailed allegations about SDI's supposed participation in Costco's alleged conspiracy.  Yet Costco purposefully chose not to sue SDI at that time.  Instead, Costco waited more than 16 months before moving to add SDI to its case.  Courts frequently deny motions to add new defendants based on much shorter delays.  This is particularly true where, as here, the moving party offers absolutely no justification for its delay. Costco's motion makes no attempt to explain why Costco did not name SDI as a defendant in its original complaint.  The Court is left to surmise, then, that Costco's decision not to sue SDI in its original complaint was either a strategic choice or a blunder, but neither explanation—even if preferred, as required—would justify Costco's excessive delay.

**Second**, SDI would be prejudiced if it were added to Costco's case at this late date.  If SDI were added to Costco's case now, it would be deprived of more than half the allotted period for fact and expert discovery.  Significant discovery events have occurred during that period, without SDI's participation, including the deposition of Costco's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6).  If Costco's motion were granted, SDI would be forced to litigate the case without any opportunity to depose Costco on the topics covered in that deposition.  Moreover, if Costco's motion were granted, SDI would be forced to conduct

---

[1] The proposed new defendants, and opposing real parties in interest here, are Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.) (collectively, "SDI").

SAMSUNG SDI'S OPPOSITION TO PLAINTIFF COSTCO'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT

1  discovery on a prejudicially accelerated schedule.  Costco's motion claims that "nearly a year"

2  remains before the deadline for fact and expert discovery, but Costco ignores the time needed to

3  resolve the instant motion and SDI's inevitable motion to dismiss.  When these motions are

4  accounted for, SDI would have only a very short period to conduct discovery, essentially

5  depriving it of the ability to build a proper defense.

6       ***Third***, nearly all of Costco's proposed claims against SDI would be futile.  Because it

7  waited so long to sue, all of Costco's state-law claims against SDI are time-barred by the

8  applicable statutes of limitation and subject to dismissal based on the allegations of Costco's

9  current and proposed complaints.

10      Any one of these factors, standing alone, would support an order denying leave to amend.

11 Considered together, they show that "justice" does ***not*** "require" that Costco be granted leave to

12 amend.  Fed. R. Civ. P. 15(a)(2).  Accordingly, the Court should deny Costco's motion to amend

13 its complaint to add SDI as a defendant.

14                              **II.**

15                      **FACTUAL BACKGROUND**

16      This litigation began more than five years ago, in November 2007, after newspapers and

17 other media outlets around the world widely reported that antitrust authorities were investigating

18 alleged anticompetitive activity by manufacturers of Cathode Ray Tubes ("CRTs").  Soon

19 thereafter, Plaintiffs' counsel filed several complaints making similar allegations, on behalf of

20 purported classes of direct and indirect CRT purchasers.

21      Costco's complaint is one of approximately 14 direct action plaintiff ("DAP") cases

22 consolidated alongside the direct and indirect purchaser class actions for pretrial proceedings.

23 Some, but not all, of these DAPs named SDI as a defendant when they first filed their cases.

24 Cunningham Decl. ¶ 2.  Costco filed its original complaint in this action in November 2011, more

25 than 16 months ago.  Costco's original complaint alleged that SDI participated in the alleged

26 conspiracy.  Compl. ¶ 146.  Costco further alleged that SDI reached a plea agreement with the

27

28

SAMSUNG SDI'S OPPOSITION TO PLAINTIFF COSTCO'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT

1   U.S. Department of Justice related to pricing of color display tubes (or "CDTs"). *Id.* But Costco

2   nevertheless intentionally chose not to name SDI as a defendant.

3          Since that time, the parties to Costco's litigation have engaged in substantial discovery and

4   motion practice. Defendants have propounded written discovery requests to Costco, including

5   requests for production of documents, requests for admission and interrogatories. SDI has not

6   participated in that discovery. Cunningham Decl. ¶ 3. Defendants have engaged in motion

7   practice specific to the Costco case, including at least one motion seeking to compel arbitration.

8   SDI did not participate in that motion. *Id.* ¶ 4. On December 7, 2012, the defendants in the

9   Costco case deposed Costco's corporate representative on a variety of FRCP 30(b)(6) issues,

10  including topics related to pricing, cost, distribution channels and documentation. SDI did not

11  participate in that deposition. *Id.* ¶ 5. In short, Costco's case has been actively litigated from the

12  outset, without SDI's participation.

13         Under the operative schedule for these coordinated cases, the DAPs, including Costco,

14  must submit expert reports by October 23, 2013. Revised Scheduling Order (MDL Dkt. No. 1595)

15  (filed March 13, 2013) ("Scheduling Order"). Defendants must submit expert reports by

16  November 22, 2013. *Id.* Fact and expert discovery close on March 3, 2014. *Id.* Costco filed the

17  instant motion seeking leave to file an amended complaint on March 26, 2013. The motion is

18  scheduled to be heard on May 1, 2013 – more than 17 months after Costco filed its original

19  complaint.

20                                        **III.**

21                                   **ARGUMENT**

22         Although Costco correctly notes that Rule 15 directs the courts to freely give leave to

23  amend "when justice so requires," Mot. at 9, it is nonetheless also true that such leave "is not to be

24  granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The

25  decision to grant or deny leave to amend is within the court's sound discretion. *Ascon Props., Inc.*

26  *v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Notably, "[a]mendments to add claims are

27  to be granted more freely than amendments adding parties[,]" as here. *Union Pacific R. Co. v.*

28

                                          -3-

SAMSUNG SDI'S OPPOSITION TO PLAINTIFF COSTCO'S MOTION
                                                                      FOR LEAVE TO FILE AMENDED COMPLAINT

1    *Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).  In this regard, Costco's request to add a

2    ***new party*** is not supported by the authorities cited in its brief, which largely apply the more liberal

3    standard applicable to requests to add ***new claims***.[2]

4          "When considering a motion for leave to amend, a district court must consider whether the

5    proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the

6    opposing party, or is a dilatory tactic."  *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th

7    Cir. 2002).  The court may also deny the motion if the proposed amendment is futile.  *Jackson*,

8    902 F.2d at 1387.

9    **A.    Costco Has Unduly And Inexplicably Delayed In Attempting To Add SDI As A**

10          **Defendant.**

11         A party's undue delay in seeking to amend its pleading is a valid reason to deny a motion

12   to amend to add a new party under Rule 15.  *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809

13   (9th Cir. 1988) ("'[U]ndue delay' is one valid reason for a district court to deny a party leave to

14   amend.").[3]  In assessing timeliness, courts ask whether the moving party "knew or should have

15   known the facts and theories raised by the amendment in the original pleading."  *Jackson*, 902

16   F.2d at 1388.

17         Here, Costco's delay is both obvious and excessive.  Costco's original complaint, filed in

18   November 2011, alleges that SDI participated in the alleged conspiracy.  *See, e.g.*, Compl. ¶ 146.

19   The complaint details the plea agreement Samsung SDI Co., Ltd. reached with the U.S.

---

20   ────────────────────

21   [2] *See, e.g.*, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003) (motion
     sought leave to allege new claims, not add new parties); *United States v. Webb*, 655 F.2d 977, 979

22   (9th Cir. 1981) (same); *Simons v. United States*, 497 F.2d 1046, 1048 (9th Cir. 1974) (same);
     *Howey v. United States*, 481 F.2d 1187, 1189 (9th Cir. 1973) (same); *Issen v. GSC Enterprises,*

23   *Inc.*, 522 F.Supp. 390, 392 (N.D. Ill. 1981) (same).

     [3] The Ninth Circuit has given apparently contradictory statements regarding whether delay
24   *standing alone* may justify denial of leave to amend.  *Compare McGlinchy*, 845 F.2d at 809 *and*
     *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) ("undue delay is a valid reason for

25   denying leave to amend.") *with Howey*, 481 F.2d at 1190-91 ("we know of no case where delay
     alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend ….").  The point is

26   academic here because, as described below, SDI would undoubtedly suffer prejudice if Costco
     were allowed to file its proposed amended complaint, and Costco's state-law claims against SDI

27   are also futile because they are time-barred.

28                                                   -4-

SAMSUNG SDI'S OPPOSITION TO PLAINTIFF COSTCO'S MOTION
                                                                         FOR LEAVE TO FILE AMENDED COMPLAINT

1   Department of Justice regarding CDT pricing.  *Id.*  By signing the complaint, Costco's counsel

2   certified that it had evidence to support these allegations.  Fed. R. Civ. P. 11(b)(3).  Yet Costco

3   chose to not name SDI as a defendant, whether due to oversight or a strategic decision.  Instead,

4   Costco delayed for ***more than 16 months*** before moving to amend.  Such extreme delay warrants

5   denial of Costco's motion to amend.  Indeed, courts frequently deny motions for leave to amend

6   based on much shorter delays.  *See, e.g., Lockheed Martin Corp. v. Network Solutions, Inc.*, 194

7   F.3d 980, 986 (9th Cir. 1999) (affirming denial of leave to amend where plaintiff knew about facts

8   underlying new proposed claim "several months" before proposed amendment); *Jackson*, 902 F.2d

9   at 1388 (affirming denial of motion for leave to amend where moving party failed to explain delay

10  of eight months); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir.

11  2006) ("We have held that an eight month delay between the time of obtaining a relevant fact and

12  seeking a leave to amend is unreasonable.").

13          Moreover, "when considerable time has passed between the filing of the original pleading

14  and the motion to amend, the burden remains with the movant to show some valid reason for the

15  delay."  *In re Circuit Breaker Litig.*, 175 F.R.D. 547, 550 (C.D. Cal. 1997).  Here, Costco offers

16  ***no explanation whatsoever*** for its 16-month delay.  Indeed, Costco's motion is utterly silent on

17  the subject.  It points to no recently discovered evidence that made its claims against SDI suddenly

18  viable, nor could it, given its November 2011 allegations that SDI participated in the alleged

19  conspiracy.  Costco's complete failure to explain its delay provides an additional reason to deny

20  its motion.  *Netbula, LLC v. Bindview Development Corp.*, No. C06-00711 MJJ, 2007 WL

21  2221070, at *6 (N.D. Cal. Aug. 2, 2007) ("Because Plaintiff has failed to explain why it could not

22  have alleged these facts earlier … the Court finds Plaintiff's request to now add [new allegations]

23  to the complaint to be unsupported."); *see also Lockheed Martin Corp.*, 194 F.3d at 986 (delay is

24  especially relevant if moving party does not explain it); *Aircraft Tech. Publishers v. Avantext, Inc.*,

25  No. C 07-4154, 2009 WL 1766255, at *2 (N.D. Cal. June 22, 2009) (denying motion to amend

26  where plaintiff failed to justify delay of more than one year); *Harmstron v. City and County of San*

27  *Francisco*, C 07-01186 SI, 2007 U.S. Dist. LEXIS 74891, at *24 (N.D. Cal. Sept. 25, 2007)

28
                                            -5-

1   (denying motion to amend where plaintiff knew relevant facts before filing original complaint, and

2   failed to explain ten-month delay before seeking leave to amend); *Meeker v. Meeker*, No. C 02–

3   00741 JSW, 2004 WL 2554452, at *2 (N.D. Cal. Nov. 10, 2004) (denying motion to amend to add

4   new parties where moving party could not explain delay of 14 months).

5         As demonstrated by the above authority, both the Ninth Circuit and this Court routinely

6   have held that plaintiffs should not be allowed to amend complaints in cases involving delays

7   significantly less egregious than Costco's delay here.  Although Costco argues that "courts

8   liberally allow amendment to add new defendants after significant passage of time,"  Mot. at 13,

9   the authorities Costco cites are inapposite.  The cited cases involve either amendments to add new

10  claims (not new parties, as Costco proposes to do here),[4] or justified delays.[5]

11  **B.**   **Costco's Excessive And Unexplained Delay Has Deprived SDI Of The Opportunity**

12        **To Conduct Meaningful Discovery.**

13        Costco's requested relief would also unavoidably prejudice SDI.  Adding a new party to an

14  ongoing case is inherently prejudicial; the new party is unavoidably disadvantaged when it joins

15  the new case midstream.  *Wells Fargo Bank, N.A. v. Renz*, No. C 08-02561-SBA, 2010 WL

16  2867615, at *3 (N.D. Cal. July 20, 2010) ("The act of simply adding a party is an indicator of

17  prejudice.").  For this reason, courts have presumed that prejudice exists where, as here, the

18  moving party has excessively or inexplicably delayed in bringing its motion.  *See, e.g., Bowers v.*

19  *Kletke*, 451 Fed. Appx. 710, 712, 2011 WL 4588928, at **2 (9th Cir. 2011) ("Prejudice may be

20  presumed from unreasonable delay."); *In re Circuit Breaker Litig.*, 175 F.R.D. at 551 (the longer

21  the delay in seeking leave to amend, the less of a showing of prejudice is needed to deny the

22  motion).

23

24  ――――――――――――

25  [4] *See, e.g., Howey*, 481 F.2d at 1189; *Issen*, 522 F.Supp. at 392.

26  [5] *See, e.g., DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("appellants have offered a satisfactory explanation for their delay …"); *Expoconsul Int'l , Inc. v. A/E Sys., Inc.*, 145 F.R.D. 336, 338 (S.D.N.Y. 1993) (plaintiff contended it delayed motion to amend pending

27  resolution of discovery dispute regarding evidence implicating proposed new defendants).

28

SAMSUNG SDI'S OPPOSITION TO PLAINTIFF COSTCO'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT

1    Had Costco named SDI as a defendant in November 2011, SDI would have had more than

2   27 months to conduct discovery.  But Costco's delay deprived SDI of more than half of that

3   period.  As a result, important discovery events have come and gone without SDI's participation.

4   For example, SDI did not participate in the December 2012 deposition of Costco's corporate

5   representative pursuant to FRCP 30(b)(6).  Thus, SDI missed the opportunity to participate in a

6   significant portion of the limited time permitted for corporate depositions of Costco under the

7   Discovery Protocol, and SDI could be forever foreclosed from questioning Costco about the wide

8   variety of topics noticed in that deposition – including topics related to pricing, cost, distribution

9   channels and documentation.  Cunningham Decl. ¶ 5.  Missed opportunities to participate in

10  depositions constitute significant prejudice and warrant denial of a motion to amend.  *See, e.g.,*

11  *Johnson v. Couturier, Jr.*, 2:05-cv-02046-RRB-KJM, 2009 U.S. Dist. LEXIS 11127, at *11 (E.D.

12  Cal. Feb. 3, 2009) (proposed new party would suffer prejudice if added to ongoing litigation

13  because depositions have already occurred without his participation).

14    Moreover, SDI would have insufficient time to prepare a defense if it were added to the

15  litigation at this late stage.  Costco misleadingly states that the discovery cutoff is "nearly a year

16  away" from the date it moved to amend.  Mot. at 11-12.  But that estimate ignores the time needed

17  to resolve the instant motion, and (if leave to amend is granted) SDI's inevitable motion to

18  dismiss.[6]  Once those motions are accounted for, it is clear that SDI would be forced to litigate this

19  case on a prejudicially accelerated schedule.   Even if we assume that the instant motion to amend

20  is resolved as efficiently as possible – assuming that the Special Master grants Costco's motion to

21  amend on the currently scheduled hearing date of May 1, 2013; that SDI does not appeal that

22

23  _____

     [6] Defendants in the Costco case have moved jointly to dismiss Costco's claims, including on
24  statute-of-limitations grounds.  *See* Defendants' Joint Notice of Motion and Motion to Dismiss
     and for Judgment on the Pleadings as to Certain Direct Action Plaintiffs' Claims and
25  Memorandum of Law in Support (Dkt. No. 1317).  That motion is currently pending before the
     Special Master.  Resolution of that motion will not necessarily obviate SDI's anticipated motion to
26  dismiss Costco's claims, however, because SDI would be on fundamentally different footing than
     the Costco defendants regarding the statute-of-limitations issues (having been sued much later
27  than those defendants).

28
                                              -7-

1    recommendation to Judge Conti; and that Costco files and serves its amended complaint the very

2    next day – SDI's motion to dismiss would not be heard until late June 2013 at the earliest, and

3    likely would not be resolved until several months later.  *See* Cunningham Decl. ¶ 6 (average

4    amount of time to resolve motions to dismiss in CRT MDL is 205 days).   As a result, SDI would

5    be forced to submit an expert report in the Costco case even before the pleadings against it are

6    settled.  *See* Scheduling Order at 2 (defendants' expert reports due Nov. 22, 2013).  Moreover,

7    SDI would be faced with the prejudicial choice between conducting expensive discovery while its

8    motion to dismiss is pending (running the risk that such discovery would be obviated by a

9    successful motion) or delaying discovery until its motion is resolved (running the risk that it would

10   be forced to complete discovery within a matter of weeks).

11          Costco claims that SDI would not be prejudiced by its late addition into the case because

12   other CRT plaintiffs have named SDI as a defendant in other cases.  Mot. at 12.  Costco assumes

13   that, because SDI is preparing a defense to other plaintiffs' claims, it must also be prepared to

14   defend Costco's claims.  But defenses to direct action plaintiff antitrust cases are not one-size-fits-

15   all; they vary depending on a particular plaintiff's purchasing circumstances, negotiation practices,

16   technology, contractual relationships, and a host of other plaintiff-specific variables.  Presumably,

17   Costco also believes its case to be unique, or it otherwise would have remained a member of the

18   direct purchaser class.

19          Costco also argues that SDI would not be prejudiced because existing defendants in the

20   Costco case have accomplished much of the work that would help SDI.  *Id.*  But SDI has a right to

21   conduct its own discovery and build its own defense.  It cannot be forced to rely solely on

22   discovery conducted by other parties.  This was the conclusion reached by the court in

23   *Sommerfield v. City of Chicago*, 06 C 3132, 2008 U.S. Dist. LEXIS 35324 (E.D. Ill. April 29,

24   2008).  Plaintiff in that case, like Costco, sought to amend its complaint to add a new defendant,

25   and argued that the new defendant would not be prejudiced because "all necessary discovery has

26   already been taken" by existing defendants.  *Id.* at *5.  The Court rejected that argument, and

27   denied the proposed amendment, stating that the proposed new defendant "has a right to take his

28

-8-

1   own discovery and does not have to rely on that taken by [existing defendant] on its own behalf."

2   *Id.* at \*6.  Defendants in this case have undoubtedly focused their discovery efforts to date on

3   developing facts and theories particular to their own circumstance.  No defendant was charged

4   with developing facts relevant to SDI.  That task would be left to SDI alone, and it would be

5   forced to do so on a prejudicially accelerated schedule.

6   **C.    Costco's Proposed Amendment Is Futile Because Its State Law Claims Against SDI**

7   **Are Time-Barred.**

8   Costco's proposed amendment to add SDI to its case also would be largely futile,

9   providing an additional, independent basis to deny its motion.  *See Johnson v. Buckley*, 356 F.3d

10  1067, 1077 (9th Cir. 2004) ("Futility alone can justify the denial of a motion to amend.") (internal

11  quotations omitted).  A proposed amendment is deemed futile if it would be subject to dismissal,

12  or if its legal basis is "tenuous."  *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th

13  Cir. 1989); *Lockheed Martin Corp.*, 194 F.3d at 986.  Here, Costco's proposed amendment would

14  be futile because all of its proposed state-law causes of action—the heart of its case—are time-

15  barred against SDI.[7]

16  Costco seeks to sue SDI for its indirect purchases under the state antitrust and unfair

17  competition laws of Arizona,[8] California, Florida, Illinois and Washington.  *See* Prop. Amend.

18  Compl. ¶¶ 203-225.  Each of these claims is governed by a four-year statute of limitations.[9]  A

19  cause of action for an antitrust violation generally accrues when the plaintiff suffers injury.  *Zenith*

20  *Radio Corp. v. Hazeltine Research , Inc.*, 401 U.S. 321, 338 (1971) ("In the context of a

21  continuing conspiracy to violate the antitrust laws … each time a plaintiff is injured by an act of

22

23  [7] Should the court grant Costco leave to amend its complaint, SDI reserves the right to move to dismiss Costco's complaint on any grounds, including theories and claims not addressed here.

24  [8] Costco's proposed amended complaint purports to assert a claim under Ariz. Rev. Stat. § 14-
25  1401, which it describes as the "Arizona Antitrust Act."  Prop. Amend. Compl. ¶¶ 211-214. However, the cited statute relates to estate and probate litigation.  SDI assumes Costco intends to
26  assert a claim under Ariz. Rev. Stat. §§ 44-1401, *et seq.*

27  [9] Arizona Rev. Stat. 44-1410(B); Cal. Bus. & Prof. Code § 16750.1; Florida Stat. § 95.11(3)(f); 740 Ill. Comp. Stat. § 10/7(2); Wash. Rev. Code § 19.86.120.

28

-9-

1   the defendants a cause of action accrues to him to recover the damages caused by that act.").

2   Accordingly, Costco accrued new alleged claims with each purchase.  Those claims expired

3   serially, four years after the purchase.  *See, e.g., E.W. French & Sons v. General Portland, Inc.*,

4   885 F.2d 1392, 1396 (9th Cir. 1989) (plaintiff alleging price-fixing conspiracy may recover only

5   for claims that accrued four years before the complaint was filed and thereafter).  Costco only

6   claims to be injured by CRT purchases made during the "Relevant Period," which ended on

7   November 25, 2007.  *See, e.g.*, Prop. Amend. Compl. ¶¶ 1, 10, 13.  Therefore, absent application

8   of some tolling principle, any potential claim Costco could assert against SDI under these statutes

9   expired, at the latest, on November 25, 2011.

10          Costco alleges that the statutes of limitation on its state claims were tolled by virtue of

11   fraudulent concealment, criminal proceedings instituted by the U.S. Department of Justice, and

12   lawsuits brought on behalf of purported classes of CRT direct purchasers.  Prop. Amend. Compl.

13   ¶¶ 179-195.  Costco bears the burden to plead facts sufficient to support its tolling claims.  *Hinton*

14   *v. Pacific Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993).  But Costco fails to allege sufficient facts

15   to show that any of these tolling principles would rescue its time-barred claims as against SDI.

16          1.      <u>Costco's time-barred state claims cannot be saved by its allegations of fraudulent</u>

17                  <u>concealment.</u>

18          Costco's allegations of fraudulent concealment cannot rescue its time-barred state claims.

19   Even if a particular state would apply fraudulent concealment to these claims, any tolling ceases

20   once plaintiff is on notice of its potential claim.  *See, e.g., Jablon v. Dean Witter & Co.*, 614 F.2d

21   677, 682 (9th Cir. 1980) (affirming order granting motion to dismiss where complaint alleged

22   plaintiff had notice of acts underlying her claim outside limitations period); *Advanced Micro*

23   *Devices, Inc. v. Intel Corp.*, C 91-20541 JW, 1991 U.S. Dist. LEXIS 21036, at *7 (N.D. Cal. Dec.

24   17, 1991) (fraudulent concealment ceases to toll limitations statute when plaintiff "is aware or

25   should have been aware of the operative facts that are the basis of its cause of action. … The

26

27

28
                                                      -10-
SAMSUNG SDI'S OPPOSITION TO PLAINTIFF COSTCO'S MOTION
                                                                                       FOR LEAVE TO FILE AMENDED COMPLAINT

1  degree of knowledge only has to be a 'mere suspicion.'") (internal citations omitted).  Each of the

2  states at issue follows this same approach.[10]

3        Here, Costco affirmatively alleges that it was notified of its claims by "late November

4  2007, when investigations by the United States and other antitrust authorities became widely

5  reported."  Prop. Amend. Compl. ¶ 179.  Any tolling by virtue of fraudulent concealment thus

6  ceased at the latest by "late November 2007," and any claims brought after "late November"

7  2011 – including the state claims Costco seeks to file against SDI – would be time-barred.

8        2.   <u>Costco's time-barred state claims cannot be saved by its allegations of criminal</u>

9          <u>proceedings instituted by the U.S. Department of Justice.</u>

10        Costco alleges that the statutes of limitation governing its state law claims were tolled by

11  virtue of "criminal proceedings and investigations" instituted by the U.S. Department of Justice,

12  pursuant to 15 U.S.C. § 16.  Prop. Amend. Compl. ¶ 193.  That statute reads, in pertinent part:

13          Whenever any civil or criminal proceeding is instituted by the
United States to prevent, restrain, or punish violations of any of the
14          antitrust laws, but not including an action under Section 15(a) of this
title, the running of the statute of limitations in respect to every
15          private or state right of action *arising under said laws* and based in
whole or in part on any matter complained of in said proceedings
16          shall be suspended during the pendency thereof and for one year
thereafter ….

17

18

19  [10] **Arizona:** *Taylor v. Betts*, 124 P.2d 764, 767 (Ariz. 1942) (where plaintiff alleges fraudulent
concealment, "the statute does not begin to run until the other party discovers or is put upon
20  reasonable notice of the breach of the trust."); **California:** *Snapp & Assoc. Ins. Serv., Inc. v.
Robertson*, 96 Cal.App.4th 884, 890-91 (Cal. Ct. App. 2002) ("The fraudulent concealment
21  doctrine does not come into play, whatever the lengths to which a defendant has gone to conceal
the wrongs, if a plaintiff is on notice of a potential claim.") (internal citations and quotations
22  omitted), *overruled on other grounds by Aryeh v. Canon Business Solutions, Inc.*, 55 Cal.4th 1185,
1196 (Cal. 2013) ; **Florida:** *Technical Packaging, Inc. v. UCB Films, Inc.*, No. 8:03-cv-714-T-
23  30TBM, 2004 WL 5639769, at *4 (N.D. Fla. Dec. 21, 2004) ("all that is necessary under Florida
law to prevent application of the fraudulent concealment doctrine" is that plaintiff "ha[s] been
24  placed on notice of the possible invasion of its legal rights"); **Illinois:** *Anderson v. Wagner*, 79
Ill.2d 295, 322 (1979) ("[i]f at the time the plaintiff discovers the 'fraudulent concealment' a
25  reasonable time remains within the applicable statute of limitations, [fraudulent concealment] does
not toll the running of the limitations period."); **Washington**: *Costello v. University of Washington
26  Med. Center*, 170 Wash.App. 1047, 2012 WL 4335957, at *2 (Wash.App. Div. 1 Sept. 24, 2012)
("The statute of limitation is tolled by fraudulent concealment only until the date [plaintiff] has
27  actual knowledge of the act of fraud or concealment.") (internal quotations and citation omitted).

28                      -11-

SAMSUNG SDI'S OPPOSITION TO PLAINTIFF COSTCO'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT

15 U.S.C. § 16(i) (emphasis added).  The statute thus provides for tolling only as to rights of action "arising under" the "antitrust laws."  The term "antitrust laws," as it is used in the Clayton Act, is specifically defined by 15 U.S.C. § 12.  *See In re Petroleum Prods. Antitrust Litig.*, 782 F.Supp. 481, 484 (C.D. Cal. 1991).  The definition is restricted to a specific list of federal antitrust statutes, and does not encompass state statutes.  *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 376 (1958) ("the definition contained in [Section] 1 of the Clayton Act is exclusive"; that a statute not listed therein "may be colloquially described as an 'antitrust' statute" is "of no moment."); *Pool Water Prods. v. Olin Corp.*, 258 F.3d 1024, 1031 n.4 (9th Cir. 2001).  By its plain language, therefore, this provision does not toll Costco's state-law claims.  Because Costco's claims under Arizona, California, Florida, Illinois and Washington law do not "aris[e] under" the "antitrust laws," they cannot benefit from the government tolling provision of 15 U.S.C. § 16(i).

> 3.   <u>Costco's time-barred state claims cannot be saved by its allegations of lawsuits brought on behalf of a purported class of CRT direct purchasers.</u>

Costco's third and final alleged basis for tolling is the purported class actions filed on behalf of direct CRT purchasers.  Prop. Amend. Compl. ¶¶ 194-195.  But those actions asserted claims under ***federal*** antitrust law; they do not toll the statutes of limitations on the ***state*** law claims that Costco seeks to assert here.

The U.S. Supreme Court has cautioned that the class-action tolling rule announced in *American Pipe* does not toll statutes of limitations for claims that are "different [from] or peripheral [to]" the claims asserted in the class action itself.  *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354-55 (1983) (Powell, J., concurring) ("Claims as to which the defendant was not fairly placed on notice by the class suit are not protected under *American Pipe* and are barred by the statute of limitations.").  Federal courts have generally heeded this direction and declined to toll statutes of limitation for claims other than those explicitly included in the class action.  *See, e.g., Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1283 (11th Cir. 2003) (refusing to toll state claim where "Appellants could not demonstrate the [prior class action] explicitly included"

-12-

1   the claim); *In re: Vertrue Mktg. & Sales Practices Litig.*, 712 F.Supp.2d 703, 718-19 (N.D. Ohio

2   2010) ("only the claims expressly alleged in a previous federal lawsuit are subject to tolling").

3          Moreover, whether the statute of limitations for a state-law claim is tolled by the filing of a

4   class action is an issue of state law.  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th

5   Cir. 2008).  Costco has argued that state courts would toll state-law claims based on class actions

6   filed in federal court, but the weight of authority does not endorse this so-called "cross-

7   jurisdictional tolling."[11]  The Ninth Circuit has held that "[t]he rule of *American Pipe* … does not

8   mandate cross-jurisdictional tolling as a matter of state procedure" and therefore declined "to

9   import the doctrine into state law where it did not previously exist."  *Id*. at 1025; *see also Wade v.*

10  *Danek Medical, Inc.*,  182 F.3d 281, 287-88 (4th Cir. 1999) (declining to toll statute of limitations

11  on claim under Virginia law, based on federal class action, absent indication that Virginia

12  Supreme Court would adopt a cross-jurisdictional tolling rule).  Here, Costco cannot show that the

13  supreme courts of Arizona,[12] California,[13] Florida,[14] Illinois[15] or Washington have endorsed cross-

14  jurisdictional tolling.  Indeed, as described in the footnotes, courts have generally found that these

15  states would ***not*** endorse cross-jurisdictional tolling.  Therefore, the federal class actions cited in

16  Costco's proposed amended complaint do not toll the statutes of limitation governing its state-law

17  claims.

18

19  _____

20  [11] The issue of cross-jurisdictional tolling was briefed in Defendants' Joint Reply Memorandum in
    Support of Motion to Dismiss And For Judgment On The Pleadings As To Certain Direct Action
    Plaintiffs' Claims (Dkt. No. 1422), at pp. 8-10.  SDI hereby incorporates that argument.

21  [12] ***Arizona:*** *Albano v. Shea Homes*, 254 P.3d 360 (Ariz. 2011) (declining to extend *American Pipe*
22  to Arizona statute of limitations).

23  [13] ***California:*** *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 935-36 (Cal. 1988) (declining to apply class-
    action tolling); *Clemens*, 534 F.3d at 1025 (declining to import a cross-jurisdictional tolling rule
    into California law).

24  [14] ***Florida:*** *In re Vitamins Antitrust Litig.*, 183 Fed. App'x 1 (D.C. Cir. 2006) (predicting Florida
25  would not permit cross-jurisdictional tolling); *In re Rezulin Prods. Liability Litig.*, No. 00-2843,
    2006 WL 695253 (S.D.N.Y. Mar. 15, 2006) (Florida does not recognize cross-jurisdictional
26  tolling).

27  [15] ***Illinois***:  *Portwood v. Ford Motor Co.*, 701 N.E.2d 1102, 1105 (Ill. 1998) ("the Illinois statute
    of limitations is not tolled during the pendency of a class action in federal court.").

28
                                                    -13-

4.    Costco's proposed amendment should be deemed futile even if its Sherman Act claim could survive a motion to dismiss.

Costco may argue that its proposed amendment is not futile because its claim under the federal Sherman Antitrust Act is not time-barred, and would survive a motion to dismiss on that basis.  Assuming *arguendo* this is true, the futility factor would still support denial of Costco's proposed amendment to add SDI to its case because the vast majority of the claims Costco seeks to assert against SDI are premised on its state-law causes of action.  The Ninth Circuit has held that the futility factor supports denial of a motion to amend in such circumstances—when most, but not necessarily all of plaintiff's proposed claims would be subject to dismissal.  *See, e.g., Schlacter-Jones v. Gen. Tel. of California*, 936 F.2d 435, 443 (9th Cir. 1991) (affirming denial of motion to amend based in part on futility factor, where "at least three of the four" proposed causes of action would be futile); *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1320 (9th Cir. 1984) (futility supports denial of motion to amend, where "much if not all" of the proposed amendment would be futile).  Moreover, because Costco bases its claims on purchases of CRT products, and not CRTs themselves, any right to recover from SDI under the Sherman Act would depend on Costco's ability to prove ownership or control among defendants.  Costco's claims against SDI would therefore differ fundamentally from its claims against the other defendants, and would depend on proof of an entirely different set of facts, complicating case management and resulting in judicial inefficiencies.  These are also proper considerations on a motion to amend. *See, e.g., Chitimacha Tribe of La. V. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982).

-14-

## IV.

## CONCLUSION

For all the foregoing reasons, SDI respectfully requests that the Court deny Costco's

motion for leave to file an amended complaint, to the extent it seeks to add SDI as a defendant.

Respectfully Submitted,

Dated:  April 9, 2013

By:  _____/s/ Tyler M. Cunningham_____
GARY L. HALLING (66087)
Email: ghalling@sheppardmullin.com
JAMES L. McGINNIS (95788)
Email: jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (203524)
Email: mscarborough@sheppardmullin.com
TYLER M. CUNNINGHAM (243694)
Email: tcunningham@sheppardmullin.com
**SHEPPARD, MULLIN, RICHTER &**
**HAMPTON LLP**
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415)-434-9100
Facsimile: (415)-434-3947

*Attorneys for Real Parties in Interest Samsung SDI*
*America, Inc., Samsung SDI Co., Ltd., Samsung SDI*
*(Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. de*
*C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung*
*SDI Co. Ltd. and Tianjin Samsung SDI Co., Ltd*

-15-