David J. Burman (admitted *pro hac vice*)
Cori G. Moore (admitted *pro hac vice*)
Eric J. Weiss (admitted *pro hac vice*)
Nicholas H. Hesterberg (admitted *pro hac vice*)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
**PERKINS COIE LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7120
Facsimile: 415.344.7320

Attorneys for Plaintiff Costco Wholesale Corporation
[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Target Corp, et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;<br><br>*Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06275; | **DIRECT ACTION PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**<br><br>Date: May 1, 2013 (tentative)<br>Time: 9:30 a.m. (tentative)<br>Place: JAMS Resolution Center, Two Embarcadero Center, Suite 1500<br>Judge: Honorable Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |

*Office Depot, Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06276;

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

*Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

*P.C. Richard & Son Long Island Corporation, et al., v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

*Schultze Agency Services, LLC, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02649.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
Case No. 3:07-05944-SC
MDL No. 1917

## I. INTRODUCTION

Disregarding the Federal Rule's instruction that courts "should freely give leave [to amend] when justice so requires"[1] and ignoring Ninth Circuit[2] and Special Master[3] pronouncements that the policy favoring leave to amend must be "applied with extreme liberality," the Mitsubishi entities ("Mitsubishi"), Thomson entities ("Thomson"), and Samsung SDI entities ("Samsung SDI") (collectively, the proposed "Defendants") urge the Court to deny the DAPs' Motion for Leave to File Amended Complaints. The proposed amendments seek to add additional parties long before the close of discovery and scheduled trial, yet Defendants oppose the motion on claims of undue prejudice and undue delay. Defendants fail to meet their burden[4] to establish either factor.

## II. THE COURT SHOULD GRANT LEAVE TO AMEND

The "liberality in granting leave to amend is not dependent on whether the amendment will add causes of actions or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Rather, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Simons v. United States*, 497 F.2d 1046, 1049, n.2 (9th Cir. 1974) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, the facts alleged in relation to Defendants—that they participated in a decade-long global conspiracy to fix the price of CRTs—entitle the DAPs to relief under applicable antitrust laws, and the Court should grant the DAPs the opportunity to present their claims.

---

[1] Fed. R. Civ. P. 15(a).

[2] *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

[3] Special Master's Amended Report on IPP Motion to Amend Complaint, Dkt. 1453 (Nov. 19, 20120).

[4] *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice."); *California v. Walgreen Corp.*, 175 F.R.D. 631, 637 (N.D. Cal. 1997) ("The party opposing the motion for leave to amend bears the burden of demonstrating that a substantial reason exists to deny leave to amend." (internal quotation marks omitted)).

### A. Defendants Have Not Met Their Burden of Showing Undue Prejudice

Defendants agree that potential prejudice is the critical factor in deciding whether to grant or deny leave to amend. *See* Thomson Br. at 6; Mitsubishi Br. at 5. Indeed, prejudice—or here its absence—is decisive. *See, e.g.*, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight.").

#### 1. There Is No Undue Prejudice to Thomson or Mitsubishi

Neither Thomson nor Mitsubishi has met its burden of showing that inclusion at this stage in the litigation will unduly prejudice them. The trial is more than a year and a half away, discovery will remain open for nearly a year, and merits depositions have only just begun. Moreover, no class has yet been certified, and other litigants have adequately been representing Thomson's and Mitsubishi's interests throughout the course of the litigation.

Importantly, Thomson was named as a defendant in a recently filed DAP complaint, a crucial fact Thomson omits from its opposition brief. *See* Complaint, *Sharp Electronics Corp. v. Hitachi, Ltd. et al.*, No. 3:13-cv-01173-SC, Dkt. No. 1 (N.D. Cal. Mar. 15, 2013) (naming as defendants Thomson SA (N/K/A Technicolor SA) and Thomson Consumer Electronics, Inc. (N/K/A Technicolor USA, Inc.)). Thus, even absent this motion, Thomson will be required to participate as a defendant in this MDL.

In addition, the Special Master has already rejected Mitsubishi's claim of undue prejudice and recommended that Mitsubishi be added as a defendant in this action. In recommending that the Court grant the IPPs' motion to amend, the Special Master concluded that the IPPs "have met the standards for the addition of the Mitsubishi defendants, and their addition at this time will not be unduly prejudicial to Mitsubishi in its defense of this action." Amended Report on IPP Motion to Amend Complaint, Dkt. No. 1453 at 3 (Nov. 19, 2012).

With the Court's recent amendment to the scheduling order (Dkt. No. 1595), *none* of the substantive timelines that affect Mitsubishi or Thomson are materially different from when the

1  IPPs moved to amend. When the IPPs moved in August 2012, one year remained before the end
2  of fact and expert discovery. Now, fact and expert discovery closes in March 2014, one year after
3  the DAPs sought leave to amend. Similarly, when the IPPs moved for leave to amend, trial was
4  to begin nineteen months later. Now, trial (for those DAPs not returning to other districts) is
5  scheduled for October 2014, more than eighteen months after the DAPs sought leave to amend.
6  Just as the would-be defendants faced no undue prejudice at the time of the IPPs' motion, they
7  face no prejudice here.

8  In addition, much of the so-called undue prejudice claimed by Thomson and Mitsubishi is
9  simply the basic duty required of all civil defendants. For example, Thomson complains that it
10 will have to "[c]ollect, review, and produce documents responsive to discovery requests,"
11 "[o]btain and search millions of pages of documents produced in the Class Actions and Direct
12 Actions," "[s]erve additional discovery," and "[e]ngage experts and prepare expert reports."
13 Thomson Br. at 5–6. Such basic litigation requirements are hardly prejudicial, let alone "unduly"
14 prejudicial, and the current scheduling order allows ample time to complete these tasks.
15 Moreover, because Thomson is now a named defendant in the MDL, it will have to perform these
16 tasks regardless of the outcome of this motion.[5]

17 Furthermore, despite their protests, Thomson and Mitsubishi will no doubt *benefit* from
18 many of the MDL litigation activities that have already transpired and to which they expended no
19 time or money. For example, crucial protocols have already been debated and implemented,
20 including a protocol regarding proceedings before the Special Master, a custodian-based
21 discovery protocol, an ESI protocol, a deposition protocol, and a protocol regarding translations.
22 A protective order and a pre-trial schedule coordinating all plaintiffs also are in place. In

---

[5] Thomson's request for a stay of discovery is both unnecessary and unwarranted. Thomson has been aware of possible claims against it for many years and has sufficient time to familiarize itself with the current posture of the case. Thomson similarly asserts without support that it has a jurisdictional defense and that jurisdictional discovery is also likely to take "several months." Thomson Br. at 6. These defenses are speculative at best, and just as there was no reason to delay discovery while the Joint Defendants' current motions to dismiss were and continue to be pending, there is no reason to delay discovery for Thomson's speculative defenses asserted here.

3
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
Case No. 3:07-05944-SC
MDL No. 1917

addition, the classes and the DAPs have largely responded to the existing discovery requests, and Thomson and Mitsubishi will have immediate access to that information. Indeed, Thomson acknowledges that "[t]he DAPs have benefited from the existing discovery in the Class Actions," Thomson Br. at 3, and so too would Thomson and Mitsubishi. That Thomson and Mitsubishi will be able to take advantage of the considerable work already accomplished—at no financial or temporal burden to them—will undoubtedly work to their advantage.

Mitsubishi strangely suggests that it will be unduly prejudiced because it "has not participated in any depositions related to class certification issues." Mitsubishi Br. at 4. Yet none of the DAPs are asserting class-action claims, and Mitsubishi can articulate no prejudice it would suffer from its lack of participation in those depositions.

Similarly, Thomson and Mitsubishi's complaint regarding the alleged difficulty in locating documents and witnesses fails to establish any undue prejudice from the DAPs' motion to amend. Whether the DAPs included Thomson and Mitsubishi in their November 2011 complaints or add them now has no bearing on whatever difficulty those entities may have in locating evidence created years earlier. Moreover, Thomson acknowledges that it was named in the original class-action complaints, and the IPPs have conveyed to the Court that they have tolling agreements with Thomson and Mitsubishi, putting both on notice of pending lawsuits and triggering a requirement to preserve relevant evidence. *See* IPP Reply in Support of Motion to Amend, Dkt. 1378 at 4 (confirming that the IPPs' tolling agreement with Thomson bound Thomson "to take all steps to preserve relevant evidence and documents as if it were a named defendant in the MDL Proceeding."). In addition, both the IPP and DPP consolidated complaints, as well as the DAP complaints, allege that the various plaintiffs might name as defendants additional co-conspirators, including Mitsubishi specifically. *See, e.g.*, Costco Complaint ¶ 58 (naming Mitsubishi as a co-conspirator and reserving the right to name it and other co-conspirators as defendants).

Thomson and Mitsubishi also rely, as they did in response to the IPP motion, on Judge

4
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
Case No. 3:07-05944-SC
MDL No. 1917

Illston's ruling in the LCD litigation denying in part a motion for leave to add certain parties. *See* Thomson Br. at 5; Mitsubishi Br. at 7–8. Yet Thomson and Mitsubishi ignore the critical fact that the motion to amend in LCD, unlike the instant motion, was filed by the class plaintiffs *after* class certification. Indeed, Judge Illston explained that "adding these entities as defendants might require revisiting class certification to address issues specific to these entities." Oswell Decl., Ex. A at 5. Class certification is not at issue here.

Finally, the cases upon which Thomson and Mitsubishi rely present significantly different—and often egregious—circumstances that are absent here. *See, e.g.*, *Netbula, LLC v. Bindview Dev. Corp.*, No. C06-00711 MJJ, 2007 WL 2221070, at *6 (N.D. Cal. Aug. 2, 2007) (proposed amendments "come *after the close of discovery* and involve adding an additional 400 unnamed Doe defendants, *asserting two new claims*, and alleging a number of factual allegations" (emphasis added)); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) ("Allowing AmerisourceBergen to '*advance different legal theories and require proof of different facts*' at this stage in the litigation would have prejudiced Dialysist West . . . ." (emphasis added)); *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("To permit the amended complaint would require appellees to relitigate a portion of their state court action with their insurer *on the different theories* . . . ." (emphasis added)); *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) ("The *new claims* set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, *an entirely new course of defense*." (emphasis added)); *Wells Fargo Bank, N.A. v. Renz*, No. C 08-02561 SBA, 2010 WL 2867615, at *3–4 (N.D. Cal. July 20, 2010) (denying a *third motion to amend* to add a party where depositions had already been taken and the discovery deadline was only five months away); *Scognamillo v. Credit Suisse First Boston, LLC,* 587 F. Supp. 2d 1149, 1156 (N.D. Cal. 2008) (denying leave filed "late in litigation," just twelve weeks before the discovery deadline and involving "new theories" representing a "radical departure" from the complaint).

5
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
Case No. 3:07-05944-SC
MDL No. 1917

There is no prejudice, undue or not, to Thomson or Mitsubishi.

### 2. There Is No Undue Prejudice to Samsung SDI

Samsung SDI's claim of undue prejudice from being added as a named defendant in Costco's case is even weaker.

Whereas Thomson and Mitsubishi argue that they have not participated in the MDL litigation, Samsung SDI has already been named as a defendant in multiple MDL complaints, including the first DPP class-action complaint filed in November 2007. *See* Complaint, *Crago Inc. v. Chunghwa Picture Tubes, Ltd. et al.*, Dkt. No. 1 (N.D. Cal. Nov. 26, 2007) (naming Samsung SDI Co., Ltd., and Samsung SDI America, Inc.). Samsung SDI has been represented by counsel in this litigation at least since December 2007, *see id.*, Dkt. No. 14 (Dec. 18, 2007), has actively defended itself throughout the litigation, and will continue to actively defend itself regardless of whether it is named in Costco's complaint. Costco does not purport to add any new substantive claims that would require re-opening any discovery with respect to Samsung SDI or in any substantive way change Samsung SDI's litigation strategy. Because Samsung SDI is an already-active participant in the MDL, it cannot reasonably claim that its addition to Costco's complaint will unduly prejudice it.

Samsung SDI contends disingenuously that it will be prejudiced because "[a]dding a new party to an ongoing case is inherently prejudicial; the new party is unavoidably disadvantaged when it joins the new case midstream." Samsung SDI Br. at 6. Yet Samsung SDI is neither a new party to the MDL nor joining a new case midstream. It participated in establishing the various MDL protocols discussed above, joined various substantive motions, and shared all of the discovery obligations. Its assertion that the amendment would force it to "conduct discovery on a prejudicially accelerated schedule" is outlandish. This "new" party has been on notice of the same claim against it for over five years and has actively litigated that claim in the same court, against the same litigants, in a consolidated MDL action.

Samsung SDI makes much of the fact that a single 30(b)(6) deposition of a Costco

employee was held a few months ago. Samsung SDI Br. at 1. Samsung SDI erroneously suggests that it "missed the opportunity to participate" in that deposition. Samsung SDI was in no way prevented from participating in that deposition, and it was a part of the joint-defense group that noticed that deposition. *See* Declaration of Eric J. Weiss in Support of Plaintiffs' Reply, Ex. A, Notice of Deposition to Costco (Nov. 20, 2012) ("[P]ursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Philips Electronics North America Corporation through their counsel *and in conjunction with all defendants*, will take the deposition of a designated representative of Costco Wholesale Corporation." (emphasis added)). Indeed, that deposition was rescheduled at the request of the IPPs and by order of the Special Master so that additional litigants, including the California Attorney General, could attend. Samsung SDI, like those additional litigants, was free to attend and participate in that deposition, and, in any event, its interests were represented by attendees Philips Electronics and Samsung Electronics. Moreover, no Costco percipient witness has been deposed, and the 30(b)(6) deposition lasted less than 3.5 hours. Samsung SDI and the other defendants have the opportunity for additional depositions, although it is hard to imagine what the point would be. *See* Dkt. No. 1128 ("Defendants collectively may take up to 15 hours of 30(b)(6) depositions of each plaintiff group . . . .").

Samsung SDI also baldly asserts that it "would have insufficient time to prepare a defense if it were added to the litigation at this late stage." Samsung SDI Br. at 7. It therefore suggests it would be unduly prejudiced by the amendment because it would need extra time to file a motion to dismiss. Yet Samsung SDI has been defending against the same antitrust claims for years in the MDL and is already a signatory to the joint-defense motion to dismiss pending against all of the DAPs, including Costco. *See* Dkt. No. 1317 (moving to dismiss "select DAPs' claims," including Costco's). Costco and the other joint defendants have already stipulated that the motion to dismiss "shall be deemed responsive to the Amended Complaints and that the resolution of which shall be binding on the Amended Complaints to the extent applicable." Dkt. No. 1624. Thus, there will be no need for Samsung SDI to file a new motion to dismiss on the same

arguments that the joint defendants have already made.

Notably, the Special Master previously concluded with respect to Mitsubishi that "numerous other defendants' counsel have been representing the defense interests throughout the course of this litigation. While Mitsubishi is not bound by that, it is some assurance that the case has been and is being defended up to this time." Dkt. No. 1453 at 3. If Mitsubishi, who was not a named defendant in any other complaint and could not have participated in discovery, had its interests adequately represented by defense counsel, surely Samsung SDI, which is a named defendant in the MDL and has actively participated in discovery, has adequately represented its own interests in the same litigation. There is absolutely no undue prejudice to Samsung SDI.

### B. Defendants Have Not Met Their Burden of Showing Undue Delay

The DAPs have shown that no Defendant would suffer any undue prejudice from the amended complaints. That conclusion should all but end the inquiry. *See Eminence Capital, LLC*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under rule 15(a)." (internal quotations omitted)). Knowing that they cannot prove undue prejudice, Defendants assert that the DAPs unduly delayed filing their motion to amend. Yet the Ninth Circuit has repeatedly held that "delay alone is not sufficient to justify the denial of a motion requesting leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (same); *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (same); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) ("[W]e know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend.").[6] In any event, Defendants have not met their burden of proving that the DAPs unduly delayed moving to amend.

---

[6] Although the Ninth Circuit has also said that undue delay alone may be sufficient to deny leave to amend, *see* Thomson Br. at 4 n.3, the DAPs are aware of no Ninth Circuit decision where delay alone justified denying a motion to amend. *See Howey*, 481 F.2d at 1190 (explaining that it knows of no decision relying exclusively on undue delay). Regardless, any discrepancy in the court's holdings simply reinforces the emphasis all courts have placed on prejudice (or lack thereof) as the decisive factor when evaluating motions to amend.

8
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
Case No. 3:07-05944-SC
MDL No. 1917

### 1. There Is No Undue Delay as to Thomson or Mitsubishi

Neither Thomson nor Mitsubishi has met its burden of showing that the DAPs unduly delayed moving to amend. Thomson and Mitsubishi primarily rely on their assertion that the DAPs moved seven months after the IPPs sought leave to add them as defendants. Thomson Br. at 4, 10; Mitsubishi Br. at 2, 8. Yet the DAPs, like the IPPs, diligently moved to amend within one month after locating and reviewing documents directly implicating Thomson and Mitsubishi in the conspiracy. Weiss Decl., ¶ 3.

Prompted by the IPPs' request to add Thomson and Mitsubishi as defendants, the DAPs began conducting their own targeted reviews of the voluminous document productions for evidence of Thomson and Mitsubishi's participation in the conspiracy. DAP Mot. at 5. As the Special Master previously concluded, the IPPs diligently sought leave to amend, nearly five years after filing their initial complaints, because they had only recently discovered certain so-called "production line status reports" implicating Thomson and Mitsubishi. *See* Dkt. No. 1453 at 2. But, as Thomson and Mitsubishi note, the IPPs did not cite any particular documents in their motion or supporting declaration. Thus, at that time the DAPs had no independent basis to make similar allegations about Thomson and Mitsubishi.

Indeed, a delay between the IPPs' motion and any DAP motion was inevitable given the DAPs' duty under the Federal Rules to perform their own reasonable investigation into the allegations, which investigation revealed that the allegations against Thomson and Mitsubishi were factually supported. The DAPs have been involved in this litigation for far less time than the IPPs and DPPs and, consequently, have not conducted as much discovery review or developed sophisticated document databases. The DAPs took a reasonable amount of time not only to locate the documents on which the IPPs relied but also to confirm the substance of those documents and locate additional evidence implicating Thomson and Mitsubishi. Following their reasonable investigation, the DAPs moved to amend promptly, less than sixteen months after filing their initial complaints. (By contrast the IPPs moved to amend approximately five years

after filing their initial class-action complaint.)

Furthermore, it was in the best interests of the Court and parties for the DAPs to file a single, consolidated motion to amend, rather than having dozens of separate plaintiffs, represented by several law firms, file individual motions with different briefing schedules and deadlines. Coordination between the DAPs, which takes a reasonable amount of time, does not constitute "undue" delay.

Ultimately, the DAPs did not rely exclusively on the evidence on which the IPPs relied. Instead, and contrary to Thomson and Mitsubishi's assertions, the DAPs discovered additional evidence to support their allegations. In addition to independently confirming that Thomson attended dozens of meetings with its competitors, including Glass Meetings, and that Mitsubishi attended multiple bilateral meetings with its competitors, the DAPs relied on the European Commission's December 2012 report confirming that it had fined Thomson over €38 million for participating in the CRT conspiracy—a report that was disclosed four months *after* the IPPs filed their motion. Thus, the DAPs could not have filed their motion to amend on the heels of the IPPs' motion.

For those reasons, Thomson and Mitsubishi have not met their burden of showing that the DAPs unduly delayed moving to amend.

### 2. There Is No Undue Delay as to Samsung SDI

As explained above, there is no undue prejudice to Samsung SDI by adding it as a defendant in Costco's case when it is already a defendant in most other actions in the MDL and has been defending against the same claim for several years. Apparently recognizing the weakness of its position that it would suffer undue prejudice, Samsung SDI asserts that Costco has unduly delayed filing it motion to amend. Samsung SDI is wrong.

Initially, it is important to note that courts liberally allow amendment to add new defendants after far more significant passages of time than is present here. *See, e.g., Expoconsul Int'l, Inc. v. A/E Sys., Inc.*, 145 F.R.D. 336, 338-39 (S.D.N.Y. 1993) (rejecting claims of undue

10
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
Case No. 3:07-05944-SC
MDL No. 1917

delay and permitting plaintiffs to add new defendants approximately five years after commencement of case); *Issen v. GSC Enters., Inc.*, 552 F. Supp. 390, 394 (N.D. Ill. 1981) (permitting amendment despite seven-year delay because amendment came before close of discovery, before trial, and before rulings on summary-judgment motions). This is particularly true for Samsung SDI, which has been actively litigating as a defendant in the MDL for years. *See Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("Although this litigation has been ongoing for several years, the mere fact that an amendment is offered late in the case is not enough to bar it. The County would not be prejudiced, because it should be fully prepared to litigate the substantive issues of the claim, given that both the theory and the operative facts of the claim remain the same." (internal punctuation and citations omitted)).

Regardless, Costco did not name Samsung SDI sooner because counsel was clearing a possible conflict of interest. Costco moved to amend after counsel confirmed that there was no conflict and the other DAPs were prepared to seek leave to add Thomson and Mitsubishi. Efficiency and compliance with the Rules of Professional Responsibility can hardly justify a claim of "undue" delay, particularly where Samsung SDI would not suffer any undue prejudice. Furthermore, Defendants' motions to dismiss (including the joint motion that Samsung SDI filed with respect to the DAPs including Costco) are pending, and Costco agrees to application of any relevant ruling to Samsung SDI (which, of course, might include leave to amend).

Accordingly, Costco has not unduly delayed adding Samsung SDI to its complaint.

**C. Costco's State-Law Amendments Regarding Samsung SDI Are Not Futile**

Recognizing that it cannot show undue prejudice or undue delay, Samsung SDI asserts that the Court should deny the entirety of Costco's motion to amend because, it contends, some of Costco's state-law claims may be barred by the statute of limitations. Yet, even if Costco's state-law claims are untimely (which they are not), Samsung SDI does not dispute that Costco asserts a timely federal Sherman Antitrust Act cause of action—the primary cause of action by all DAPs in

11
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
Case No. 3:07-05944-SC
MDL No. 1917

1 the MDL. That timely federal claim alone proves that the motion is not futile, and there is
2 absolutely no reason to deny the entire motion on the possibility that *other* claims may be
3 dismissed. Regardless, as shown below, Costco's state-law claims are timely.

4 It important to note that "[f]utility is usually grounds for denying leave to amend *after a
5 motion to dismiss or summary judgment motion.*" *James v. UMG Recordings, Inc.*, No. C 11-
6 1613 SI, 2012 WL 4859069, at *3 (N.D. Cal. Oct. 11, 2012) (emphasis added). That is, courts
7 typically deny a motion for leave to amend on futility grounds only after a court has already
8 concluded that a complaint does not allege facts necessary to support a claim and a proposed
9 amended complaint does not sufficiently address the deficiencies. Here, the Court has granted
10 neither a motion to dismiss nor a motion for summary judgment; Costco is not attempting to cure
11 a deficiency raised by any such motion. Futility is not an appropriate metric for Costco's motion.

12 In any event, Samsung SDI misstates the law regarding tolling of Costco's state-law
13 claims. Pursuant to *American Pipe* and its progeny, the filing of a federal class-action complaint
14 tolls the statute of limitations for individual litigants filing their own claims. *See, e.g.*, *Crown,*
15 *Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983) ("The filing of a class action tolls the statute
16 of limitations as to all asserted members of the class, not just as to intervenors." (internal
17 quotation marks and citation omitted)); *American Pipe & Construction Co. v. Utah*, 414 U.S. 538,
18 551 (1974) ("[T]he commencement of the [class] action satisfied the purpose of the limitation
19 provision as to all those who might subsequently participate in the suit as well as for the named
20 plaintiffs."). Many federal and state courts have similarly held that the filing of a federal class-
21 action complaint tolls the statute of limitations as to related state-law claims. *See, e.g.*, *Jenson v.*
22 *Allison-Williams Co.*, No. 98-CV-2229 TW JFS, 1999 WL 35133748, at *5 (S.D. Cal. Aug. 23,
23 1999) ("The court therefore holds that *American Pipe*, to the extent applicable, suspended the
24 statute of limitations for the federal and Minnesota securities claims."); *Stevens v. Novartis*
25 *Pharmaceuticals Corp.*, 247 P.3d 244, 255 (Mont. 2010) (tolling state-law claims under
26 *American Pipe* because of a previously filed federal class action); *Vaccariello v. Smith & Nephew*

27

*Richards, Inc.*, 763 N.E.2d 160, 163 (Ohio 2002) (same); *Staub v. Eastman Kodak Co.*, 726 A.2d 955, 965–67 (N.J. 1999) (same).

Samsung SDI suggests that the "weight of authority" does not endorse cross-jurisdictional tolling and cites cases it says show that Costco's state-law claims would not be tolled. Yet Samsung SDI fails to cite a single Washington case rejecting *American Pipe*, and several of the cited decisions are inapposite or wrongly cited. *See, e.g.*, *Albano v. Shea Homes Ltd. P'ship*, 254 P.3d 360, 364 (Ariz. 2011) ("Because this case involves only Arizona's statute of repose, we need not answer the first certified question, which deals with statutes of limitations."); *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 937 (Cal. 1988) (declining to extend *American Pipe* to the "the present case" because the unique federal claims "could not have apprised defendants of plaintiff's substantive [state] claims"); *see also Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1282 (11th Cir. 2003) ("There is no dispute that *American Pipe* has been followed in Florida state courts.").

At the very least, whether *American Pipe* applies to all of Costco' state-law claims remains an open issue. *See, e.g.*, *Stevens*, 247 P.3d at 253 ("[I]n reality the [*American Pipe*] doctrine has seldom been squarely addressed, and it is clear that its outlines are still in the process of developing."). A merits decision on *American Pipe* is more appropriately left to analysis in a motion to dismiss, not in a desperate futility argument in a motion to amend. *See James*, 2012 WL 4859069, at *3 ("Here, the parties attempt to argue the legal merits of a claim before that claim has even been alleged, before there has been specific discovery regarding that claim, and before the parties have made any formal motion challenging the claim. At this point, the Court cannot say as a matter of law that the amendment would be futile.").

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the DAPs' Motion for Leave to File Amended Complaints.

DATED: April 16, 2013

/s/  David. J. Burman
David J. Burman (admitted *pro hac vice*)
Cori G. Moore (admitted *pro hac vice*)
Eric J. Weiss (admitted *pro hac vice*)
Nicholas H. Hesterberg (admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:      206.359.8000
Facsimile:      206.359.9000
Email:  DBurman@perkinscoie.com
Email:  CGMoore@perkisncoie.com
Email:  EWeiss@perkinscoie.com
Email:  NHesterberg@perkinscoie.com

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone:      415.344.7120
Facsimile:       415.344.7320

*Attorneys for Plaintiff Costco Wholesale Corporation*


/s/  Philip J. Iovieno
Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
Email:  anardacci@bsfllp.com

William A. Isaacson
Jennifer Milici
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone: (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com
Email:  jmilici@bsfllp.com

14
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
Case No. 3:07-05944-SC
MDL No. 1917

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, Marta Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC*

/s/ Roman M. Silberfeld
Roman M. Silberfeld, (SBN 62783)
David Martinez, (SBN 193183)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: RMSilberfeld@rkmc.com
Email: DMartinez@rkmc.com

*Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, LLC*

/s/ Kenneth S. Marks
H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

15
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
Case No. 3:07-05944-SC
MDL No. 1917

Email:  lgodfrey@sumangodfrey.com
Email:  kmarks@susmangodfrey.com
Email:  jross@susmangodfrey.com
Email:  jcarter@susmangodfrey.com
Email:  dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
Email:  pfolse@susmangodfrey.com
Email:  rblack@susmangodfrey.com
Email:  jconnors@susmangodfrey.com

*Attorneys for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

/s/  Jason C. Murray
Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA  90071
Telephone:  213-443-5582
Facsimile:  213-622-2690
Email:         jmurray@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  202-624-2500
Facsimile:  202-628-5116
E-mail:  jmurphy@crowell.com
              aheaven@crowell.com

*Counsel for Target Corp. and RadioShack Corp.*

/s/  Richard Alan Arnold
Richard Alan Arnold

16
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
Case No. 3:07-05944-SC
MDL No. 1917

William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.*