# **<u>EXHIBIT A</u>**

John M. Taladay (*pro hac vice*)
David T. Emanuelson (*pro hac vice*)
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7843
Facsimile: (202) 639-1018
Email: john.taladay@bakerbotts.com
Email: david.emanuelson@bakerbotts.com

*Attorneys for Defendant Philips Electronics North America Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-05944 SC<br><br>MDL No. 1917<br><br>**PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S NOTICE OF DEPOSITION TO COSTCO WHOLESALE CORPORATION** |
| This Document Relates To:<br><br>ALL ACTIONS | |

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:**

2  **YOU ARE HEREBY NOTIFIED** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Philips Electronics North America Corporation through their counsel and in conjunction with all defendants, will take the deposition of a designated representative of Costco Wholesale Corporation, commencing on December 7, 2012 at 9:00 a.m. at the offices Perkins Coie LLP, 1201 Third Avenue, Suite 4800, Seattle, WA 98101-3099. The topics of the deposition are listed in Exhibit A.

**YOU ARE FURTHER NOTIFIED** that the deposition shall be recorded stenographically by a certified shorthand reporter who is duly authorized to take and transcribe said deposition, and a real-time transcription service such as LiveNote may also be available for the use of counsel. The deposition may also be recorded by videotape, and the defendants reserve the right to use the videotape of the deposition at trial.

Dated: November 20, 2012

/s/ David T. Emanuelson
David T. Emanuelson (*pro hac vice*)
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7843
Facsimile: (202) 639-1018
Email: david.emanuelson@bakerbotts.com

*Attorneys for Defendant Philips Electronics North America Corporation*

# EXHIBIT A
# DEFINITIONS

1. "Any" shall be construed to mean "any and all."

2. "CRT" or "CRTs" means any (a) color picture tubes ("CPTs"), which are cathode ray tubes used primarily in color televisions; and (b) color display tubes ("CDTs"), which are used primarily in color computer monitors.

3. "CRT Finished Product" means televisions containing CPTs and/or computer monitors containing CDTs.

4. "CRT Product" means any CRT or CRT Finished Product.

5. "Defendant" or "Defendants" means any of the entities currently or formerly named as defendants in this litigation and, without limitation, all of their past and present parents, subsidiaries, affiliates, joint ventures, officers, directors, employees, agents, attorneys, or representatives (and the parents', subsidiaries', affiliates', or joint ventures' past and present officers, directors, employees, agents, attorneys, or representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

6. "Document" or "documents" has the broadest possible meaning pursuant to the Federal Rules of Civil Procedure including, but not limited to, all writings and other tangible things upon which any form of communication is recorded or reproduced, and preliminary drafts and non-identical copies of the above (whether such copies differ from the original by reason of notation made on such copies or otherwise). Without limiting the generality of the foregoing, the term "document" or "documents" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings or of other communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by

electronic data processing or word processing equipment, including email, and all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, but not limited to, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes, and any preliminary versions, drafts or revisions of any of the foregoing. "Document" or "documents" also includes each and every file folder or other material in which the above items are stored, filed or maintained.

7. "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all the information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

8. "Relating to," "referring to," "regarding" or "with respect to" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, and pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

9. "Relevant Period" means March 1, 1995 to November 25, 2007.

10. "You," "Your," or Your Company" mean the responding plaintiff Costco Wholesale Corporation, together with all present and former directors, officers, employees, or agents of the entities listed in this Definition.

**SCHEDULE OF TOPICS**

Witnesses with knowledge of the following matters during the Relevant Period (unless a time period is specified otherwise):

1. Your policies and practices for setting the price at which You sold CRT Finished Products to Your customers, including consideration or use of the following: (a) formulas; (b) factors such as cost, supply, demand, competitor pricing, market forecasts, and product specifications; (c) price guidelines or price lists; (d) negotiations or negotiated prices; and (e) alternative distribution channels.

2. Your use of discounts, promotions, rebates or loyalty programs in connection with the sale of CRT Finished Products to Your customers, including how You recorded such discounts or rebates, and the identity and location of Documents or data recording such discounts or rebates.

3. Your knowledge and understanding of any relationship between the prices at which You purchase CRT Finished Products and the prices at which You sell CRT Finished Products, including, but not limited to, the effects that changes in the prices that You pay to purchase CRT Finished Products have on costs, revenues and profits from Your sales of CRT Finished Products.

4. Your standards and practices with regard to tracking the purchases and sales of CRT Finished Products for determining the profitability of sales, and for financial reporting purposes.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2012, I electronically caused a copy of "Notice of Deposition to Costco Wholesale Corporation" to be served via e-mail upon EWeiss@perkinscoie.com, malioto@tatp.com, bgralewski@kmllp.com, and Paul.Moore@doj.ca.gov, as well as counsel for parties who have entered an appearance in this case.

/s/ David T. Emanuelson
David T. Emanuelson

5