# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 200 PARK AVENUE | MOSCOW |
| CHARLOTTE | NEW YORK, NEW YORK 10166 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (212) 294-6700 | PARIS |
| HONG KONG | FACSIMILE +1 (212) 294-4700 | SAN FRANCISCO |
| HOUSTON | | SHANGHAI |
| LONDON | www.winston.com | WASHINGTON, D.C. |
| LOS ANGELES | | |

JEFFREY L. KESSLER
Partner
212-294-4698
jkessler@winston.com

April 23, 2013

**VIA ECF**

The Honorable Samuel Conti
Senior United States District Judge
United States District Court
Northern District of California
Courtroom No. 1, 17th Fl.
450 Golden Gate Avenue
San Francisco, CA 94102


        **Re:**    *In re: Cathode Ray Tube (CRT) Antitrust Litigation*
               No. 07-5944 SC, MDL No. 1917


Dear Judge Conti:

      I write on behalf of all defendants participating in the Cathode Ray Tube indirect purchaser litigation and certain of the direct action cases in response to Your Honor's April 19, 2013 Notice of Intention to Appoint a Temporary Special Master [Dkt No. 1645].

      First, defendants have no objection to Your Honor's appointment of Mr. Martin Quinn, Esq. as temporary Special Master until Judge Legge is able to resume his duties.

      Second, with respect to the Court's intention that Mr. Quinn proceed with the pending hearings on the motions for class certification and to exclude expert testimony calendared for April 29, defendants are prepared to accommodate whatever schedule Mr. Quinn and the Court deem to be appropriate under the circumstances. For example, if Mr. Quinn believes that it would be productive to reschedule the current hearing date on these motions so that he can have more time to review in advance the over 6,000 pages in the motion record, defendants would have no objection to such an adjournment. Alternatively, defendants would be agreeable to splitting the hearing into two days. The first day could be used for an overview of the motions,

Hon. Samuel Conti
April 23, 2013
Page 2

with more detailed points and questions posed at a second session, which could also include the presentation of live expert testimony, if Mr. Quinn would find that to be useful. Given the challenges posed by stepping into the middle of these proceedings, we believe that Mr. Quinn should have the benefit of whatever time and procedures he needs to give full and proper consideration to the very important motions being presented to him.

In light of the above considerations, we would propose to have a conference call with Mr. Quinn to discuss scheduling matters at a time convenient to him later this week.

                Respectfully Submitted,

                /s/ Jeffrey L. Kessler
                Jeffrey L. Kessler

cc:    All counsel via ECF
        Hon. Judge Charles Legge c/o Sarah Nevins via email
        Mr. Martin Quinn, Esq. c/o Sarah Nevins via email