# Exhibit 16

```
 1                UNITED STATES DISTRICT COURT

 2              NORTHERN DISTRICT OF CALIFORNIA

 3                   SAN FRANCISCO DIVISION

 4                         ---o0o---

 5

 6   In Re: CATHODE RAY TUBE (CRT)   )
     ANTITRUST LITIGATION,           )
 7                                   )
                   Plaintiff,        )
 8   _____  )   Case No.
                                     )   07-5944 Sc
 9                                   )   MDL No. 1917
     This Document Relates to:       )
10                                   )
     ALL ACTIONS,                    )
11   _____  )

12

13

14

15        VIDEOTAPED DEPOSITION OF GARY HANSON

16                 FRIDAY, MAY 4, 2012

17

18

19

20

21

22

23

24

25   REPORTER: BALINDA DUNLAP, CSR 10710, RPR, CRR, RMR


                              2
```

```
 1   that.
 2       Q.   BY MR. BALLARD:  You said you got a $100
 3   rebate for both of these monitors --
 4            MR. GRALEWSKI:  Object -- sorry, Counsel.
 5   I thought you were done.
 6       Q.   BY MR. BALLARD:  Does that mean the price
 7   for each of these monitors was 770.41 minus the
 8   rebate form?
 9            MR. GRALEWSKI:  Objection; calls for
10   speculation.  Objection; lacks foundation.
11            THE WITNESS:  As I recall, I paid the
12   amount on the invoice and subsequently received a
13   rebate.
14       Q.   BY MR. BALLARD:  So the ultimate amount
15   that you paid was $664?
16       A.   That would probably be correct.
17            MR. GRALEWSKI:  My prior objection was
18   calls for speculation, lacks foundation.  Sorry.
19            I am going to also interpose that that
20   question called for expert testimony.
21            (Reporter marked Exhibit No. 130 for
22             identification.)
23       Q.   BY MR. BALLARD:  So you have just been
24   handed Exhibit 130.  These are five photographs
25   that were handed to me by Mr. Gralewski about a
```

60

```
         1    half hour before the deposition.
         2           Do you know what these photographs are?
         3       A.  These are pictures of the Dell computer
         4    monitor and the Dell computer monitor.
10:51    5       Q.  Do you know which of the two monitors
         6    these are pictures of?
         7       A.  The one I have in my West Fargo residence,
         8    which one specifically, I do not know unless
         9    there's a number that can be matched.
10:51   10       Q.  You didn't take any photos like this of
        11    the monitor in your Minnesota home?
        12       A.  No.
        13       Q.  If you look at the last photo, what is
        14    that a photo of?
10:52   15       A.  That is a photo of the CRT tube in the
        16    monitor.
        17       Q.  How do you know that's a photo of the CRT
        18    tube?
        19       A.  Because I looked at it personally when the
10:52   20    cover was off.
        21       Q.  And did you personally take the cover off?
        22       A.  No, I did not.
        23       Q.  Who took it off?
        24       A.  My attorney.
10:52   25       Q.  Why did you take this photo?
```

61

|||
|---|---|
|1|         MR. GRALEWSKI:  To the extent you're able|
|2|to answer that question without revealing any|
|3|communications with counsel, you can answer it.|
|4|Otherwise, I'll instruct you not to answer.|
|10:53 5|         THE WITNESS:  I don't know exactly why the|
|6|photo was taken.|
|7|    Q.   BY MR. BALLARD:  Does this label have any|
|8|significance to you?|
|9|    A.   It identifies which CRT was in the|
|10:53 10|monitor.|
|11|    Q.   And how do you know that's what this label|
|12|means?|
|13|    A.   Because I personally visually saw it.|
|14|    Q.   When you say this identifies which CRT|
|10:54 15|tube is in this monitor, what do you mean by that?|
|16|    A.   The manufacturer of the CRT.|
|17|         MR. GRALEWSKI:  Counsel, I will provide|
|18|Bates numbered copies of these documents.  Because|
|19|the documents at the present time do not have Bates|
|10:54 20|numbers on them, can we just very quickly, for the|
|21|record, maybe clarify with a description or show|
|22|the videotape, you know, which page is which, just|
|23|in case they get reshuffled or something?|
|24|         MR. BALLARD:  You want to just have him|
|10:55 25|show the camera?|

62

```
 1              MR. GRALEWSKI:  Sure, that's fine.
 2              MR. BALLARD:  That's fine.
 3              MR. GRALEWSKI:  So why don't you hold up
 4   for the video camera when he said "turn to the last
 5   page."  That was the last page, correct, Counsel?
 6              MR. BALLARD:  That's correct.
 7              MR. GRALEWSKI:  I think that's fine unless
 8   you want to document any other way.
 9              MR. BALLARD:  That's fine.
10              MR. GRALEWSKI:  Thank you, Counsel.
11                  (Reporter marked Exhibit No. 131 for
12                  identification.)
13       Q.   BY MR. BALLARD:  So you have been handed
14   Exhibit 131.  This is another set of photos that
15   were handed to me by Mr. Gralewski shortly before
16   the deposition, six photos here.  Who took these
17   photos?
18       A.   My attorney.
19       Q.   And what is your understanding of what
20   these photos depict?
21       A.   This is the Toshiba television noted in
22   the response under 1-B, and this, the last two
23   pictures depict the CRT within that television.
24       Q.   Where were these photos taken?
25       A.   In my attorney's office.
```

63

```
     1      Q.   And you said earlier that this TV lives on
     2   your kitchen counter?
     3      A.   Correct.
     4      Q.   So how did your TV get from your kitchen
10:57 5  counter to your attorney's office?
     6      A.   I brought it there.
     7      Q.   And why did you do that?
     8           MR. GRALEWSKI:  Again, you can answer the
     9   question, but you are not to reveal any
10:57 10 communications with counsel.
    11           THE WITNESS:  To indicate that the
    12   television and the monitor were still in my
    13   possession.
    14      Q.   BY MR. BALLARD:  Why was it important to
10:57 15 indicate that?
    16           MR. GRALEWSKI:  Same instruction.
    17           THE WITNESS:  I don't know.
    18      Q.   BY MR. BALLARD:  When were these photos
    19   taken?
10:57 20    A.   Wednesday.  Today's Friday.  Wednesday.
    21      Q.   This Wednesday?
    22      A.   Yes.
    23      Q.   May 2nd --
    24      A.   Correct.
10:57 25    Q.   -- 2012, correct?
```

64

|  |  |  |
|---|---|---|
|  | 1 | A.   Correct. |
|  | 2 | Q.   And when were the photos, Dell photos we |
|  | 3 | just looked at, when were those taken? |
|  | 4 | A.   Same time. |
| 10:58 | 5 | Q.   If you look at the last photo in this set, |
|  | 6 | what is this a photo of? |
|  | 7 | A.   That is a photo of the CRT in the |
|  | 8 | television. |
|  | 9 | Q.   And does this label here have any |
| 10:58 | 10 | significance? |
|  | 11 | A.   Which label? |
|  | 12 | Q.   Do any of these labels have any |
|  | 13 | significance? |
|  | 14 | A.   Other than identifying the CRT, I don't |
| 10:58 | 15 | know. |
|  | 16 | Q.   Can you tell me what part of this label |
|  | 17 | identifies the CRT? |
|  | 18 | A.   I'm assuming the large label that has the |
|  | 19 | name "Orion" on it. |
| 10:59 | 20 | Q.   What does Orion mean? |
|  | 21 | A.   The manufacturer of the CRT, in my best |
|  | 22 | guess. |
|  | 23 | Q.   What is that guess based on? |
|  | 24 | MR. GRALEWSKI:   You can answer the |
| 10:59 | 25 | question if you have your own independent |

65