# EXHIBIT F

Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com

*Attorneys for Defendant Philips Electronics North America Corporation*

Additional Counsel Listed on Signature Page

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No.: 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>COSTCO ACTION<br>3:11-cv-06397-SC | **DEFENDANTS PHILIPS ELECTRONICS NORTH AMERICA CORPORATION AND TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF COSTCO WHOLESALE CORPORATION** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Philips Electronics North America Corporation ("PENAC") and Toshiba America Electronic Components, Inc. ("TAEC") hereby request that Plaintiff Costco Wholesale Corporation ("Plaintiff") produce for inspection and copying each of the documents and other things described

-1-

below at Baker Botts LLP, attn: David T. Emanuelson, 1299 Pennsylvania Ave., N.W., Washington, DC 20004-2400 (or at such other place as may be agreed upon by the parties) within thirty (30) days after the date of the service hereof.

## DEFINITIONS AND INSTRUCTIONS

1. "You" and "Your" means the Plaintiff responding to these requests, its direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each Person acting or purporting to act on its behalf. "Your" or "You" includes, but is not limited to, all entities who assigned their claims to you.

2. "Documents" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and shall include, without limitation, any kind of written, typewritten, or printed material whatsoever, and any computer hard drive or computer readable media, including, without limitation, papers, agreements, contracts, notes, memoranda, presentations, presentation materials, Communications, letters, telegrams, messages sent to or received from a wireless device, electronic mail, statements, invoices, personal diaries, records, books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, magnetic tapes, recordings, translations to any language, printed cards, programming instructions, assembly diagrams, schematic diagrams, and manuals either in Your possession or custody or under Your control, and shall include, without limitation, originals, file copies, and other copies, no matter how or by whom prepared, and all drafts prepared in connection with any such writings, whether used or not, regardless of whether the Document still exists, and regardless of who has maintained custody of such Documents.

3. "Communications" means any and all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any Person(s), including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, faxes, notations, telegrams, advertisements, interviews and all other Documents as herein defined.

-2-

4. "Interrogatories" refers to the interrogatories enumerated in Defendants PENAC and TAEC's First Set of Interrogatories to Plaintiff, served concurrently herewith.

5. "Complaint" means Plaintiff's Complaint in the above-captioned action, filed in the United States District Court for the Western District of Washington on November 14, 2011, and transferred to the United States District Court for the Northern District of California on December 20, 2011.

6. "CRT(s)" refers to cathode ray tubes and "CRT Product(s)" refers to products containing cathode ray tubes.

7. "Defendants" means the entities enumerated by paragraphs 17 through 53 of the Complaint.

8. "OEM" means non-defendant original equipment manufacturers, as defined in paragraph 71 of the Complaint.

9. "Person" means any individual or group of individuals, corporation, partnership, association, governmental entity, department, commission, bureau or any other kind of legal or business entity.

10. When referring to a Person, "Identity" or "Identify" means, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment. Once a Person has been identified in accordance with this subparagraph, only the name of the Person need be listed in response to subsequent discovery requesting the identification of that Person.

11. When referring to a Document, "Identity" or "Identify" means, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

12. "Relevant Period" means the Class Period alleged in paragraph 1 of the Complaint, i.e., March 1, 1995 to November 25, 2007.

13. You are required to produce all Documents in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil

Procedure, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the Documents.

14. If You cannot respond to a request for production fully, after a diligent attempt to obtain the requested information, You must answer the request to the extent possible, specify the portion of the request You are unable to answer, and provide whatever information You have regarding the answered portion.

15. In the event that any requested Document has been destroyed, lost, discarded or is otherwise no longer in Your possession, custody, or control, You shall identify the document as completely as possible and specify the document's disposal date, disposal manner, disposal reason, the Person who authorized the disposal, and the Person who disposed of the document.

16. In the event any information is withheld on a claim of attorney-client privilege, work-product doctrine, or any other applicable privilege, You shall provide a privilege log that includes at least the following information: the nature of the information contained in the withheld document, the document date, source, and subject matter, the author(s) and recipient(s), such as would enable the privilege claim to be adjudicated, and any authority that You assert supports any claim of privilege.

17. The words "concerning," "regarding," "reflecting," "referring to" and/or "relating to" mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

18. The word "and" shall be construed to include "or" and vice versa.

19. The word "any" shall be construed to include "all" and vice versa.

-3-

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All Documents You Identified or were requested to Identify in response to the Interrogatories served concurrently herewith.

**REQUEST NO. 2:**

All Documents concerning any CRTs or CRT Products purchased by You or on Your behalf from Defendants during the Relevant Period, including Documents evidencing for each CRT or CRT Products:

a. the date and place of purchase of the CRT or CRT Product, including the place(s) where the CRT or CRT Product was manufactured, shipped from, shipped to, stored, and/or invoiced;

b. the Person or entity from whom You purchased each CRT or CRT Product;

c. the Identities of the Persons involved in the negotiations and ordering of each CRT or CRT Product, including where any such negotiations were conducted;

d. the quantity of each purchase if a purchase included more than one CRT or CRT Product;

e. the manufacturer of each CRT or CRT Product, including where each CRT or CRT Product was manufactured;

f. any Person who bought or sold the CRT or CRT Product before You purchased the CRT or CRT Product;

g. the list price of each CRT or CRT Product;

h. store or manufacturer discounts, coupons, rebates, refunds, dividends, shipping or volume related discounts, or other price adjustments applied to the price of each CRT or CRT Product and their amount;

i. the net price paid for each CRT or CRT Product (before tax), including any store or manufacturer discounts, coupons, rebates, refunds, dividends, shipping or volume related discounts, or other price adjustments;

j. all items or things of value You received in exchange for the net price that You paid for each CRT or CRT Product, including shipping, storage, future discounts, discounts on non-CRT products, accessory products, warranties, and/or insurance plans.

k. any taxes, customs, tariffs, duties, or other fees paid (and the identity of the

-4-

        government entity that received the same) on each CRT or CRT Product;

l.     any freight charges associated with each CRT or CRT Product;

m.    any other additional or related costs incurred in connection with Your purchase of each CRT or CRT Product, including any insurance plans or warranties;

n.     all terms and conditions that were a part of each purchase of any CRT or CRT Product, including any below-cost pricing, most-favored-nation pricing, negotiable pricing, sale pricing, loss-leader pricing;

o.     whether any purchases of any CRT or CRT Product were made under a purchasing or other agreement;

p.     all receipts, invoices, purchase orders, wire transfer records or other similar Documents evidencing each CRT or CRT Product purchase; and

q.     all information used to identify each CRT or CRT Product including tracking numbers, model numbers, product names, brands and serial numbers.

**REQUEST NO. 3:**

Documents sufficient to show the meaning of any codes or abbreviations used in any data produced in response to Request for Production No. 2, including Documents that contain the characteristics of the CRTs and CRT Products associated with those codes and abbreviations, such as the size, model, manufacturer, and other features.

**REQUEST NO. 4:**

For each purchase or potential purchase by You of any CRT or CRT Product, all Documents relating to negotiations or communications of that purchase, including but not limited to any offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of sale.

**REQUEST NO. 5:**

For each purchase or potential purchase by You of any CRT or CRT Product, all contracts, purchase orders, agreements or memoranda of understanding, or any other Document that contains any term or condition of sale, including all exclusive contracts, master purchase agreements, purchase orders, invoices, cost-plus contracts and most-favored-nation contracts, and

-5-

purchase order acknowledgements.

**REQUEST NO. 6:**

All Documents relating to negotiations or communications regarding offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of Your sales of CRT Products.

**REQUEST NO. 7:**

All Documents relating to the negotiation or interpretation of any purchase order, contract, agreement, or terms of sale between You and any Defendant relating to CRTs and CRT Products, including Documents relating to which terms or agreements govern which transactions.

**REQUEST NO. 8:**

For each purchase or potential purchase by You of any CRT or CRT Product, all Documents relating to any efforts to consider alternative items or products before the purchase was made, including all Documents relating to (a) any alternative items or products considered, (b) the price of such items or products, and (c) any factors related to the decision not to purchase the alternative item or product.

**REQUEST NO. 9:**

All Documents relating to any decision to purchase CRT Products instead of or as an alternative to LCD or plasma products, including all Documents relating to (a) any LCD or plasma products considered, (b) the price of such items or products, and (c) any factors related to the decision not to purchase the LCD or plasma product.

**REQUEST NO. 10:**

All Documents relating to any decision by You not to complete a proposed or contemplated purchase of CRTs or CRT Products during the Relevant Period.

**REQUEST NO. 11:**

All Documents constituting contracts, purchase orders, or other agreements between You and any OEM, original design manufacturer, contract manufacturer or system integrator for the purchase or manufacture of CRTs or CRT Products.

-6-

**REQUEST NO. 12:**

All Documents relating to Your corporate policies, practices and/or procedures, whether formal or informal, for making decisions concerning the purchase or sale of CRTs or CRT Products including factors considered and purchasing methods and procedures You currently use or have used at any time during the Relevant Period.

**REQUEST NO. 13:**

All Documents relating to Your participation in any cooperative entity, trade association, symposium, conference, or other organization concerning CRTs or CRT Products.

**REQUEST NO. 14:**

All reports, analyses, memoranda, communications, and other discussions summarizing, describing, or referring to Your competitors and competition for the sale of CRT Products.

**REQUEST NO. 15:**

All Documents evidencing Your relationship, including any agreement or contracts with any broker, manufacturer, distributor, or supplier of CRTs or CRT Products other than Defendants.

**REQUEST NO. 16:**

All Documents concerning any analysis or study of the market for CRTs or CRT Products or of any supplier, producer, manufacturer, or distributor of CRTs or CRT Products.

**REQUEST NO. 17:**

All Documents relating to any events or changes in the market(s) for CRTs or CRT Products during the Relevant Period that would or did affect the production, supply, demand, uses, or pricing of CRTs or CRT Products.

**REQUEST NO. 18:**

Documents sufficient to show Your policies and procedures for inventory management of purchases of CRTs and CRT Products, including the location(s) of any inventory warehouses and the procedure by which You manage that inventory.

**REQUEST NO. 19:**

All Documents reflecting the effect, if any, of price changes of CRT Products, or any of their components, on the profit or loss You realized.

**REQUEST NO. 20:**

All Documents reflecting the effect, if any, of price changes of CRT Products, or any of their components, on the profit or loss You anticipated.

**REQUEST NO. 21:**

All Documents relating to Your decisions, if any, to pass through to Your customers any increase in the price of CRTs or CRT Products.

**REQUEST NO. 22:**

All Documents reflecting what portion, if any, of the alleged overcharge on CRTs was passed on to You in Your purchases of CRT Products as alleged in paragraph 108 of the Complaint.

**REQUEST NO. 23:**

Separately for You and each of Your affiliates, divisions, or subsidiaries, all Documents concerning revenue, costs, profitability and margins (on a monthly or annual basis) for all CRTs and CRT Products You sold, used or distributed including but not limited to annual reports, balance sheets, financial statements and financial reports.

**REQUEST NO. 24:**

All Documents relating to your suspicion or belief that any Defendant was engaged in any anticompetitive conduct relating to CRTs or CRT Products, including the date You first suspected such conduct and the circumstances surrounding, and reasons for, such suspicions or beliefs.

**REQUEST NO. 25:**

Without limitation as to time, all Documents relating to any statement or action by any Defendant, or any other Person or entity that You contend had the effect of concealing any of Your claims.

-8-

**REQUEST NO. 26:**

Without limitation as to time, all Documents concerning any steps or actions taken by You to discover the facts alleged in the Complaint that You contend support Your claims.

**REQUEST NO. 27:**

All Documents relating to the sharing of information between manufacturers of CRTs.

**REQUEST NO. 28:**

All Documents relating to Communications that any of YOUR personnel had with the personnel of any other purchasers of CRTs or CRT Products regarding such CRTs or CRT Products, including personnel acting on behalf of any other plaintiff in the multi-district litigation Case No. 1917.

**REQUEST NO. 29:**

All Documents relating to Communications that any of Your personnel had with the personnel of any supplier of CRTs or CRT Products, including Defendants, regarding pricing, contract terms, production capacity, or volume of sales of any other supplier of CRTs or CRT Products.

**REQUEST NO. 30:**

All of Your organizational charts and personnel directories for each division involved in the purchase of any CRTs and CRT Products.

**REQUEST NO. 31:**

All Documents referred to, quoted, paraphrased, or excerpted in the Complaint, or otherwise relied upon as the basis for any allegation in the Complaint.

**REQUEST NO. 32:**

All Documents relating to any requests by You to change or revise any Defendant's terms of sale to You for CRTs or CRT Products.

**REQUEST NO. 33:**

Documents sufficient to Identify all purposes for which You purchased or used

-9-

CRTs and CRT Products.

**REQUEST NO. 34:**

All Documents relating to the allegations contained in paragraphs 125-126 and 130-131 of the Complaint.

**REQUEST NO. 35:**

Documents sufficient to show the meaning of any codes or abbreviations used in any data produced in response any third-party subpoena served on You in the multi-district litigation Case No. 1917, including Documents that contain the characteristics of the CRTs and CRT Products associated with those codes and abbreviations, such as the size and other features.

Dated: May 15, 2012

By: ___/s/ Jon V. Swenson___

Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation*

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)

-10-

alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Attorneys for Defendant*
*Toshiba America Electronic Components, Inc.*

-11-

**CERTIFICATE OF SERVICE**

On May 15, 2012, I caused a copy of "DEFENDANTS PHILIPS ELECTRONICS NORTH AMERICA CORPORATION AND TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF COSTCO WHOLESALE CORPORATION" to be served via email upon DBurman@perkinscoie.com, CGMoore@perkinscoie.com, NPurcell@perkinscoie.com, and NHesterberg@perkinscoie.com, as well as counsel for the defendants who have entered an appearance in this case.

By:  /s/ Charles Malaise_____
         Charles Malaise (pro hac vice)