# EXHIBIT I



1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

Eric J. Weiss
PHONE: (206) 359-3456
FAX:  (206) 359-4456
EMAIL: EWeiss@perkinscoie.com

January 18, 2013

**VIA E-MAIL**

David T. Emanuelson
Baker Botts LLP
The Warner
1299 Pennsylvania Ave, NW
Washington, D.C.  20004-2400

**Re:    In re CRT Antitrust Litigation, No. 3:07-cv-05944-sc, MDL No. 1917**

Dear David:

I write in response to your January 10, 2013, letter regarding Defendants' request that "Costco immediately search for and produce all Vendor Agreements, or any other agreements containing an arbitration provision, that it had in place with any Defendant relating to the purchase of products incorporating CRTs during the 1995-2007 time period" and that Costco's remaining discovery obligations "be fulfilled after Costco makes this initial production."

At the outset, if any Defendants signed contracts with Costco containing arbitration provisions, those Defendants presumably maintained their own copies of those contracts and have had them available to review and consult ever since entering into them.  That aside, Costco is conducting a reasonable search for documents responsive to your January 10 request and will produce any such non-privileged documents located as a result of that search subject to its written objections.

To the extent that any such contracts exist, however, Defendants have waived any opportunity to arbitrate with Costco, if those contracts are applicable to this dispute.  Costco was a known member of the defined but not yet certified class of direct purchasers as early as November 26, 2007, when Plaintiffs filed their class-action complaint in *Crago, Inc. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 3:07-cv-05944-SC (Dkt. No. 1) (N.D. Cal. Nov. 26, 2007), later consolidated in the Direct Purchaser Plaintiffs' Consolidated Amended Complaint, No. 3:07-cv-05944-SC (Dkt. No. 436) (N.D. Cal. Mar. 16, 2009).  At that time, and for many years thereafter, Defendants could have exercised any alleged option to arbitrate with Costco but chose not to do so.  Even after Costco filed its own complaint against Defendants well over a year ago, only

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · LOS ANGELES · MADISON
MENLO PARK · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · SHANGHAI · WASHINGTON, D.C.
Perkins Coie LLP and Affiliates

David T. Emanuelson
January 18, 2013
Page 2

Toshiba moved to compel arbitration.  The remaining Defendants' decision to proceed in the MDL forecloses any opportunity to arbitrate now.

As always, we look forward to the opportunity to discuss Costco's discovery responses.

Very truly yours,

Eric J. Weiss

cc:     David J. Burman
        Cori Gordon Moore