# EXHIBIT K

**BAKER BOTTS** L.L.P.

THE WARNER
1299 PENNSYLVANIA AVE., NW
WASHINGTON, D.C.
20004-2400

TEL  +1 202.639.7700
FAX +1 202.639.7890
BakerBotts.com

ABU DHABI          HOUSTON
AUSTIN             LONDON
BEIJING            MOSCOW
BRUSSELS           NEW YORK
DALLAS             PALO ALTO
DUBAI              RIYADH
HONG KONG          **WASHINGTON**

April 9, 2013

BY ELECTRONIC MAIL

Erik T. Koons
TEL  +1 202.639.7973
FAX  +1 202.585.1086
erik.koons@bakerbotts.com

Eric Weiss
Perkins Coie LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

Re: *In re CRT Antitrust Litigation*, No. 3:07-cv-05944-sc, MDL No. 1917

Dear Mr. Weiss:

I write to follow-up regarding recent correspondence relating to Costco Wholesale Corporation's ("Costco") outstanding discovery obligations and, specifically, Costco's February 11, 2013 production of certain Vendor Agreements. We have now had the opportunity to evaluate those Agreements and, pursuant to the mandatory arbitration provisions contained therein, Philips Electronics North America Corporation ("PENAC") elects to compel arbitration of all claims that Costco asserts against the Philips entities named as defendants ("Philips Defendants") in *Costco Wholesale Corporation v. Hitachi, Ltd., et. al*, No. 3:11-cv-06397-SC (W.D. Wash. Nov. 14, 2011).

We are aware that Costco's obligation to arbitrate under the Vendor Agreements already has been determined in this case. As you are aware, on August 24, 2013, the Toshiba defendants ("Toshiba") named in *Costco v. Hitachi* filed a motion to compel arbitration under a mandatory arbitration provision that is substantively identical to that contained in the Vendor Agreements that Costco recently produced to PENAC. Over Costco's objection, Special Master Legge found that "the language in the Vendor Agreement's arbitration clause, which applies to '[a]ll claims and disputes that…arise out of or relate to' the Vendor Agreement, ***provides adequate jurisdiction for the Toshiba defendants to demand to arbitrate***." On January 29, 2013, Judge Conti adopted the Special Master's Report and Recommendation and granted Toshiba's motion to compel arbitration. Notably, both Special Master Legge and Judge Conti found that the precise arguments that Costco raised in opposition to Toshiba's motion to compel arbitration had already been rejected by the court in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M 07-1827 SI, 2011 WL 4017961, at *4 (N.D. Cal. Sept. 9, 2011).

The Vendor Agreements produced by Costco on February 11, 2013 reveal that Philips is also entitled to enforce these same arbitration rights. Thus, PENAC requests Costco's consent to file a joint motion dismissing Costco's claims against the Philips defendants on the basis that all such claims are subject to mandatory arbitration. We respectfully request receipt of Costco's consent by April 19, 2013. Absent such a stipulation, PENAC intends to file a motion to compel arbitration of Costco's claims.

Please let me know if you have any questions or if you would like to discuss this matter further.

Respectfully,


/s/ Erik T. Koons_____
Erik T. Koons