1  Guido Saveri (22349)
   guido@saveri.com
2  R. Alexander Saveri (173102)
   rick@saveri.com
3  Geoffrey C. Rushing (126910)
   grushing@saveri.com
4  Travis L. Manfredi (281779)
   travis@saveri.com
5  SAVERI & SAVERI
   706 Sansome Street
6  San Francisco, California 94111
   Telephone: (415) 217-6810
7  Facsimile: (415) 217-6813

8  *Interim Lead Counsel for the Direct Purchaser Plaintiffs*

9

10 **UNITED STATES DISTRICT COURT**

11 **NORTHERN DISTRICT OF CALIFORNIA**

12 **SAN FRANCISCO DIVISION**

13

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV- 07-5944-SC |
|---|---|
| This Document Relates to: | MDL No. 1917 |
| ALL DIRECT PURCHASER ACTIONS | **DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

Pursuant to Civil Local Rules 7-11 and 79-5(d), and in accordance with this Court's General Order No. 62, effective May 10, 2010, Direct Purchaser Plaintiffs ("DPPs") hereby move the Court for leave to file the following documents, or portions thereof, under seal:

- Portions of the Memorandum in Support of Direct Purchaser Plaintiffs' Motion for Class Certification that contain quotations or information from documents that Defendants have designated "Confidential" or "Highly Confidential";

- Portions of the Declaration of R. Alexander Saveri in Support of Direct Purchaser Plaintiffs' Motion for Class Certification that contain quotations or information from documents that Defendants have designated "Confidential" or "Highly Confidential";

- Exhibits 1, 17–62, 64–80, 83, 85–104, and 106–136 to the Declaration of R. Alexander Saveri in Support of Direct Purchaser Plaintiffs' Motion for Class Certification that contain quotations or information from documents that Defendants have designated "Confidential" or "Highly Confidential"; and

- Portions of the Expert Report of Jeffrey J. Leitzinger, Ph.D.

Civil Local Rule 79-5 governs the filing under seal of entire documents or portions of documents that contain material that is "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5 (a)-(c). This Court's General Order No. 62, Electronic Filing of Documents Under Seal, effective May 10, 2010, sets forth procedures applicable to the filing of sealed documents in civil cases. Civil Local Rule 79-5(d) provides: "If a party wishes to file a document that has been designated confidential by another party pursuant to a protective order, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an Administrative Motion for a sealing order . . . ."

In compliance with Local Rule 79-5(d), DPPs submit this Administrative Motion because they wish to file documents that contain either: (a) material designated by a Defendant pursuant to a Protective Order as "Confidential" or "Highly Confidential"; or (b) analysis of, references to, or information taken directly from material designated by a Defendant pursuant to a Protective Order as "Confidential" or "Highly Confidential." *See id*.

DPPs seek to file the above material under seal in good faith in order to comply with the Protective Order in this action and the applicable Local Rules. Because certain defendants and various third parties contend that the material they have designated is confidential in nature, it is

1 their burden to establish that the designated information is sealable. Civil L.R. 79-5(d); s*ee*

2 *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-1180 (9th Cir. 2006). DPPs leave it to this

3 Court's discretion to determine whether the above material should be filed under seal. Courts have

4 repeatedly emphasized that a party must make a "particularized showing of good cause" and show

5 a "compelling reason" to justify the sealing of motions and papers filed with a court. *See Foltz v.*

6 *State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2002) (reversing the lower court's

7 sealing of records because there was no "compelling reason to justify sealing" under the protective

8 order). As the Ninth Circuit has stated, the "hazard of stipulated protective orders" is that they

9 "often contain provisions that purport to put the entire litigation under lock and key without regard

10 to the actual requirements of Rule 26(c)." *Kamakana*, 447 F.3d at 1193. Plaintiffs file this

11 administrative motion in order to comply with the Protective Order entered in this action.

12 WHEREFORE, Direct Purchaser Plaintiffs respectfully submit this administrative motion

13 pursuant to the Protective Order and Civil Local Rule 79-5 and hereby notify the parties of their

14 burden to establish that the designated material is sealable.

DATED: May 14, 2013                           Respectfully Submitted,


       */s/ Geoffry C. Rushing*
Guido Saveri
R. Alexander Saveri
Geoffrey C. Rushing
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:     (415) 217-6810
Facsimile:     (415) 217-6813

*Interim Lead Counsel for the*
*Direct Purchaser Plaintiffs*