1  Robert A. Sacks (SBN 150146)
   sacksr@sullcrom.com
2  Rory P. Culver (SBN 271868)
   culverr@sullcrom.com
3  SULLIVAN & CROMWELL LLP
   1888 Century Park East
4  Los Angeles, California 90067
   Tel: (310) 712-6600
5  Fax: (310) 712-8800

6  Laura Kabler Oswell (SBN 241281)
   oswelll@sullcrom.com
7  SULLIVAN & CROMWELL LLP
   1870 Embarcadero Road
8  Palo Alto, California 94303
   Tel.: (650) 461-5600
9  Fax: (650) 461-5700

10 Attorneys for Thomson
   Consumer Electronics, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No.  3:07-5944-SC |
| | MDL No. 1917 |
| This Document Relates to: | **[PROPOSED] REPORT AND RECOMMENDATIONS GRANTING THOMSON CONSUMER ELECTRONICS, INC.'S MOTION TO DISMISS** |
| *Sharp Electronics Corp., et al.* v. *Hitachi, Ltd., et al.* | |

TO THE HONORABLE SAMUEL CONTI, UNITED STATES DISTRICT JUDGE:

Having carefully considered all of the papers filed in support of and in opposition to Thomson Consumer Electronics, Inc.'s ("Thomson Consumer") Motion to Dismiss the Complaint ("Complaint") of Plaintiffs Sharp Electronics Corp. and Sharp Electronics Manufacturing Company of America, Inc. ("Sharp"), and having entertained argument of counsel, the Special Master recommends that:

1. The Complaint should be DISMISSED in its entirety because Sharp's claims are time-barred under the three- and four- year statutes of limitations applicable to its claims.

2. The Complaint should be DISMISSED in its entirety because Sharp has failed to state a plausible claim against Thomson Consumer.

3. The Complaint's Fourth, Fifth and Sixth Claims for Relief should be DISMISSED because Sharp has failed to demonstrate that it has prudential constitutional standing to assert claims under the antitrust laws of New York and New Jersey or that the Court can apply the laws of those states to Thomson Consumer consistent with the Due Process Clause.

4. The Complaint's Fifth Claim for Relief should be DISMISSED because Sharp has failed to allege consumer-oriented, deceptive conduct under the unfair competition law of New York.

5. The Complaint's First, Second, Fourth and Sixth Claims for Relief should be DISMISSED to the extent that they are based on indirect purchases of cathode ray tubes ("CRTs"), direct purchases of products containing CRTs ("CRT Products") or indirect purchases of CRT Products because Sharp lacks antitrust standing under the principles articulated in *Associated General Contractors of California* v. *California State Council of Carpenters*, 459 U.S. 519 (1983) and its progeny.

6. The Complaint's First, Fourth and Sixth Claims for Relief should be DISMISSED to the extent that they are based on indirect purchases of CRTs,

direct purchases of CRT Products or indirect purchases of CRT Products because Sharp lacks antitrust standing under *Illinois Brick Co.* v. *Illinois*, 431 U.S. 720 (1977) and its progeny.

7. The Complaint should be DISMISSED in its entirety because, under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a, this Court lacks subject-matter jurisdiction over Sharp's federal and state law claims concerning a foreign antitrust conspiracy in the global CRT market.

- or -

All allegations in the Complaint regarding foreign anticompetitive conduct that do not relate to CRTs or CRT Products sold inside the United States should be STRICKEN pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and any claims based on those allegations should be DISMISSED.

DATED:_____          _____
                                    Hon. Charles A. Legge
                                    United States District Judge
                                            (Ret.)
                                       Special Master

The Report and Recommendations are Accepted and Ordered / Denied / Modified.

DATED:_____          _____
                                      Hon. Samuel Conti
                                    United States District Judge