SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:          ghalling@sheppardmullin.com
                    jmcginnis@sheppardmullin.com
                    mscarborough@sheppardmullin.com
                    tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TYLER M. CUNNINGHAM IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)**<br><br>[re Samsung SDI documents] |

I, TYLER M. CUNNINGHAM, do declare and state as follows:

1. I am a member of the bar of the State of California and an associate with Sheppard, Mullin, Richter & Hampton LLP, counsel of record for defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd. (collectively "SDI") in these actions. I make this declaration in support of Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. No. 1673) ("Motion to Seal"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306).

3. I have reviewed Direct Purchaser Plaintiffs' Motion for Class Certification ("Motion"), the Declaration of R. Alexander Saveri in Support of Direct Purchaser Plaintiffs' Motion for Class Certification ("Saveri Declaration"), and selected exhibits thereto, all of which were lodged on May 14, 2013.

4. Pursuant to Civil Local Rules 7-11 and 79-5, this Court's General Order No. 62, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order of June 18, 2008 (Dkt. No. 306), I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal the following documents and information designated by SDI as "Confidential" or "Highly Confidential:" (i) Exhibit 24 to the Saveri Declaration (Samsung SDI Defendants' Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5); (ii) Exhibit 67 to the Saveri Declaration (excerpts from the deposition of Jae In Lee, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for SDI); (iii) Exhibit 95 to the Saveri Declaration (a document titled "Display Sales Division" analyzing

display markets and describing SDI strategy); and (iv) portions of the Motion that quote from or describe Exhibits 24, 67 or 95.

5. **Exhibit 24**.  Exhibit 24 is the Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, designated by SDI as "Confidential" under the Protective Order.  Exhibit 24 is a voluminous eighty-nine (89) page document lodged under seal in full by Plaintiffs; however, it is only briefly discussed in the Saveri Declaration, at page 4, lines 23-25, and in the Motion, at page 6, n.12 and p. 17, line 3. Where confidential documents or information are not material to the disposition of the underlying motion, the documents and information should be kept under seal.  *See, e.g., The Wilderness Society v. Wisely*, 524 F. Supp. 2d 1285, 1296 (D. Colo. Aug. 6, 2007) (ordering documents to be kept under seal "[b]ecause the Court has not considered the [documents] in reaching its decisions in this case, [thus] there is no public interest to be served by providing access to them"); *McConnell v. Fed. Election Comm.*, 251 F. Supp. 2d 919, 937, 943 (D.D.C. 2003) (ordering documents and information not relied upon by the Court to be kept under seal); *Ricketts v. AW OF UNICOR*, 2009 WL 2232467, at *1 n.5 (M.D. Penn. July 24, 2009) (same); *Davis v. Miner*, 2007 WL 1237924, at *3 n.8 (M.D. Penn. Apr. 26, 2007) (same).  Exhibit 24 contains confidential, nonpublic, proprietary and highly sensitive business information about SDI's sales processes, business practices, negotiating tactics and competitive positions, including as to relationships with companies that remain important to SDI's competitive position, such that its public disclosure would irreparably harm SDI.  Sealing Exhibit 24 is particularly appropriate where there is no need to release the entire eighty-nine (89) page discovery response.  Moreover, the Court has already twice ordered that this document be sealed.  *See* Order Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents (Dkt. No. 1120); Order Re Administraive Motions to File Under Seal (Dkt. No. 1512).  Accordingly, Exhibit 24 should be maintained under seal.

6. **Exhibit 67**.  Exhibit 67 to the Saveri Declaration contains excerpts from the deposition of Jae In Lee, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for SDI.  SDI designated these excerpts of the deposition transcript "Highly Confidential" under the Protective

Order. These excerpts contain information concerning SDI's production methods, capabilities and strategies. I am informed and believe that SDI treats such information as highly confidential and has taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this highly confidential information would be substantially likely to irreparably harm SDI. Accordingly, Exhibit 67 should be maintained under seal.

7. **<u>Exhibit 95</u>**. Exhibit 95 to the Saveri Declaration is an SDI document, produced by SDI in this action as SDCRT-0091353-63, analyzing display markets and describing SDI's competitive positions and business strategies. SDI designated Exhibit 8 as "Highly Confidential" under the Protective Order. I am informed and believe that SDI treats such information as confidential and have taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this confidential information would be substantially likely to irreparably harm SDI. Accordingly, Exhibit 95 should be maintained under seal.

8. The Motion quotes from or describes Exhibits 24, 67 and 95. I am informed and believe that SDI considers any statements in the Motion purporting to summarize these exhibits to be confidential, and that public disclosure of this information would be substantially likely to harm SDI with respect to its competitors and/or customers. Accordingly, all portions of the Motion that quote from or describe Exhibits 24, 67 or 95 should be maintained under seal.

9. SDI has narrowly tailored this sealing request to only those exhibits and references thereto necessary to protect their proprietary and sensitive business information. Accordingly, for the reasons stated above, SDI requests that the Court maintain under seal the following documents and document excerpts:

    a. Saveri Declaration Exhibit 24;

    b. Saveri Declaration Exhibit 67;

    c. Saveri Declaration Exhibit 95;

1          d.      All portions of the Motion that quote from or describe Exibits 24, 67 or 95.

2          I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

4          Executed on May 21, 2103 at San Francisco, California.

                                            */s/ Tyler M. Cunningham*
                                            TYLER M. CUNNINGHAM