MORGAN, LEWIS & BOCKIUS LLP
KENT M. ROGER (SBN 095987)
kroger@morganlewis.com
MICHELLE PARK CHIU (SBN 248421)
mchiu@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
SCOTT A STEMPEL (*pro hac vice*)
sstempel@morganlewis.com
J. CLAYTON EVERETT, JR. (*pro hac vice*)
jeverett@morganlewis.com
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001

Attorneys for Defendants
HITACHI, LTD., HITACHI ASIA, LTD.,
HITACHI AMERICA, LTD., HITACHI
ELECTRONIC DEVICES (USA), INC. AND
HITACHI DISPLAYS, LTD. (n/k/a JAPAN
DISPLAY INC.)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-05944-SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>DIRECT PURCHASER ACTIONS | **DECLARATION OF MICHELLE PARK CHIU IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL**<br><br>[Civil L.R. 79-5(d)] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DECL. OF MICHELLE PARK CHIU ISO
DPPS' MOTION TO SEAL

CASE NO. 3:07-CV-05944-SC
MDL NO. 1917

DB2/ 24111781.1

I, Michelle Park Chiu, declare as follows:

1. I am an associate at the law firm of Morgan, Lewis & Bockius LLP, counsel for defendants Hitachi, Ltd. ("HTL"), Hitachi Displays, Ltd. (n/k/a Japan Display Inc.) ("HDP"), Hitachi America, Ltd. ("HAL"), Hitachi Asia, Ltd. ("HAS"), and Hitachi Electronic Devices (USA), Inc. ("HED(US)") (collectively, the "Hitachi Defendants") and am licensed to practice law in the State of California and admitted to practice before this Court. I make this declaration pursuant to Civil Local Rule 79-5(d) to establish that certain documents containing Highly Confidential information and submitted to the Court in connection with Indirect Purchaser Plaintiffs' Motion for Class Certification and the Memorandum of Points and Authorities in Support Thereof ("Class Certification Motion") are sealable. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306).

3. On May 14, 2013, Direct Purchaser Plaintiffs filed an Administrative Motion to Seal (Dkt. 1673), and lodged conditionally under seal, the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

(a) Portions of the Class Certification Motion that contain information from documents that the Hitachi Defendants have designated "Highly Confidential";

(b) Expert Report of Jeffrey J. Leitzinger, Ph.D. ("Leitzinger Report") that contains information from documents and deposition testimony that the Hitachi Defendants have designated "Highly Confidential";

(c) Declaration of R. Alexander Saveri in Support of the Class Certification Motion ("Saveri Declaration") that contains quotations or information from documents and responses to interrogatories that the Hitachi Defendants have designated "Highly Confidential"; and

(d) Exhibits 1 through 137 attached to the Saveri Declaration in Support of the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DECL. OF MICHELLE PARK CHIU ISO DPPS' MOTION TO SEAL

2

CASE NO. 3:07-CV-05944-SC
MDL NO. 1917

DB2/ 24111781.1

1  Class Certification Motion that include documents and responses to interrogatories that the
2  Hitachi Defendants have designated "Highly Confidential."

3     4. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the
4  Hitachi Defendants to provide the basis for the Court to maintain under seal certain documents
5  and information designated by the Hitachi Defendants as "Highly Confidential" pursuant to the
6  Stipulated Protective Order, and all references to those documents and information in the Class
7  Certification Motion, the Saveri Declaration, and the Leitzinger Report.

8     5. Attached as Exhibit 18 to the Saveri Declaration is HDP's Supplemental Response
9  to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, dated February 10, 2012.

10     6. Upon information and belief, the document appearing in full in Exhibit 18 of the
11  Saveri Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and
12  highly sensitive business information. The document contains, cites, and/or identifies
13  confidential information about HDP's sales processes, business practices, internal practices,
14  negotiations, confidential business and supply agreements and competitive positions. This
15  document, and the documents it references, describes relationships with companies that remain
16  important to HDP's competitive position. I am informed and believe that this is sensitive
17  information and public disclosure of this information presents a risk of undermining HDP's
18  business relationships, would cause it harm with respect to its competitors and customers, and
19  would put HDP at a competitive disadvantage.

20     7. Attached as Exhibit 19 to the Saveri Declaration is HED(US)'s Second
21  Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory
22  No. 5, dated April 26, 2013.

23     8. Upon information and belief, the document appearing in full in Exhibit 19 of the
24  Saveri Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and
25  highly sensitive business information. The document contains, cites, and/or identifies
26  confidential information about HED(US)'s sales processes, business practices, internal practices,
27  negotiations, confidential business and supply agreements and competitive positions. This
28  document, and the documents it references, describes relationships with companies that remain

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DECL. OF MICHELLE PARK CHIU ISO
DPPS' MOTION TO SEAL
DB2/ 24111781.1

3

CASE NO. 3:07-CV-05944-SC
MDL NO. 1917

important to HED(US)'s competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining HED(US)'s business relationships, would cause it harm with respect to its competitors and customers, and would put HED(US) at a competitive disadvantage.

9. Attached as Exhibit 37 to the Saveri Declaration is a document produced by HDP bearing Bates stamp HDP-CRT00056186-59187.

10. Upon information and belief, the document appearing in full in Exhibit 37 of the Saveri Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about HDP's sales processes, business practices, internal practices, negotiations, confidential business and supply agreements and competitive positions. This document describes relationships with companies that remain important to HDP's competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining HDP's business relationships, would cause it harm with respect to its competitors and customers, and would put HDP at a competitive disadvantage.

11. Attached as Exhibit 38 to the Saveri Declaration is a document produced by HDP bearing Bates stamp HDP-CRT00049201-49202.

12. Upon information and belief, the document appearing in full in Exhibit 38 of the Saveri Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about HDP's sales processes, business practices, internal practices, negotiations, confidential business and supply agreements and competitive positions. This document describes relationships with companies that remain important to HDP's competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining HDP's business relationships, would cause it harm with respect to its competitors and customers, and would put HDP at a competitive disadvantage.

13. Attached as Exhibit 136 to the Saveri Declaration is a document produced by HDP bearing Bates stamp HDP-CRT00025646-25647.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DECL. OF MICHELLE PARK CHIU ISO DPPS' MOTION TO SEAL
DB2/ 24111781.1

4

CASE NO. 3:07-CV-05944-SC
MDL NO. 1917

14. Upon information and belief, the document appearing in full in Exhibit 136 of the Saveri Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about HDP's sales processes, business practices, internal practices, negotiations, confidential business and supply agreements and competitive positions. This document describes relationships with companies that remain important to HDP's competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining HDP's business relationships, would cause it harm with respect to its competitors and customers, and would put HDP at a competitive disadvantage.

15. Referenced on page 7 of the Leitzinger Report is an excerpt from the transcript of the F.R.C.P. 30(b)(6) deposition of L. Thomas Heiser.

16. Upon information and belief, the excerpt of the deposition transcript in the Leitzinger Report consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The deposition transcript excerpt contains, cites, and/or identifies confidential information about HED(US)'s manufacturing and sales processes, business practices, internal practices, and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information would cause it harm with respect to its competitors and customers and would put HED(US) at a competitive disadvantage.

17. Referenced on page 7 of the Leitzinger Report is an excerpt from the transcript of the F.R.C.P. 30(b)(6) deposition of William Allen Whalen.

18. Upon information and belief, the excerpt of the deposition transcript in the Leitzinger Report consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The deposition transcript excerpt contains, cites, and/or identifies confidential information about HAL's manufacturing and sales processes, business practices, internal practices, and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information would cause it harm with respect to its competitors and customers and would put HAL at a competitive disadvantage.

19.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DECL. OF MICHELLE PARK CHIU ISO
DPPS' MOTION TO SEAL
DB2/ 24111781.1

5

CASE NO. 3:07-CV-05944-SC
MDL NO. 1917

20. Referenced on page 7 of the Leitzinger Report is an excerpt from the transcript of the F.R.C.P. 30(b)(6) deposition of Nobuhiko Kobayashi.

21. Upon information and belief, the excerpt of the deposition transcript in Exhibit 7 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The deposition transcript excerpt contains, cites, and/or identifies confidential information about HDP's manufacturing processes, business practices, internal practices, and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information would cause it harm with respect to its competitors and customers and would put HDP at a competitive disadvantage.

22. Referenced on page 7 of the Leitzinger Report is an excerpt from the transcript of the F.R.C.P. 30(b)(6) deposition of Yasuhisa Takeda.

23. Upon information and belief, the excerpt of the deposition transcript in Exhibit 7 of the Alioto Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The deposition transcript excerpt contains, cites, and/or identifies confidential information about HDP's manufacturing processes, business practices, internal practices, and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information would cause it harm with respect to its competitors and customers and would put HDP at a competitive disadvantage.

24. The Class Certification Motion, the Saveri Declaration, and the Leitzinger Report quote from or describe documents designated as "Highly Confidential" by the Hitachi Defendants pursuant to the Stipulated Protective Order, including but not limited to Exhibits 18, 19, 37, 38, and 136 and the deposition testimony of Heiser, Whalen, Kobayashi, and Takeda. As with the exhibits themselves, I understand that the Hitachi Defendants consider any statements in the Class Certification Motion, the Saveri Declaration, and the Leitzinger Report purporting to summarize the exhibits or any other documents designated "Highly Confidential" by the Hitachi Defendants confidential and proprietary.

25. I am informed and believe that the Hitachi Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DECL. OF MICHELLE PARK CHIU ISO DPPS' MOTION TO SEAL
DB2/ 24111781.1

6

CASE NO. 3:07-CV-05944-SC
MDL NO. 1917

Exhibits 18, 19, 37, 38, and 136 and the deposition testimony of Heiser, Whalen, Kobayashi, and Takeda as well as referenced in the Class Certification Motion, the Saveri Declaration, and the Leitzinger Report.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of May, 2013, at San Francisco, California.

                                                /s/ *Michelle Park Chiu*
                                                Michelle Park Chiu

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

DECL. OF MICHELLE PARK CHIU ISO
DPPS' MOTION TO SEAL
DB2/ 24111781.1

7

CASE NO. 3:07-CV-05944-SC
MDL NO. 1917