Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,
Toshiba America Information Systems, Inc.,
Toshiba America Consumer Products, L.L.C.,
and Toshiba America Electronic
Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | **DECLARATION OF LUCIUS B. LAU IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

I, Lucius B. Lau, hereby declare as follows:

1. I am Counsel with the law firm of White & Case LLP, attorneys for Defendants Toshiba Corporation, Toshiba America Information Systems, Inc. ("TAIS"), Toshiba America Consumer Products, L.L.C. ("TACP"), and Toshiba America Electronic Components, Inc. ("TAEC") (collectively, the "Toshiba Defendants"). I make this declaration in support of Direct Purchaser Plaintiffs' Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. No. 1673) (the "Motion to Seal").

2. Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order").

4. The Toshiba Defendants have produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5. On May 14, 2013, the Direct Purchaser Plaintiffs filed the Motion to Seal, in which they asked the Court to seal the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

   a. Portions of the Memorandum in Support of Direct Purchaser Plaintiffs' Motion for Class Certification (the "Motion for Class Certification") that contain quotations or information from documents that the Defendants have designated "Confidential" or "Highly Confidential";

   b. Portions of the Declaration of R. Alexander Saveri in Support of Direct Purchaser Plaintiffs' Motion for Class Certification (the "Saveri Declaration") that contain quotations or information from documents that the Defendants have designated "Confidential" or "Highly Confidential";

   c. Exhibits to the Saveri Declaration that the Defendants have designated as "Confidential" or "Highly Confidential"; and

d. Portions of the Expert Report of Jeffrey J. Leitzinger, Ph.D. (the "Leitzinger Report") that contain quotations or information from documents that the Defendants have designated as "Confidential" or "Highly Confidential".

6. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 62, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, the following documents or portions of documents should be maintained under seal and redacted from the Saveri Declaration:

a. Attached as Exhibit 25 to the Saveri Declaration is a copy of Toshiba America Consumer Products, L.L.C.'s Supplemental Objections and Responses to Interrogatory No. Five of Direct Purchaser Plaintiffs' First Set of Interrogatories that TACP designated as "Confidential" pursuant to the Stipulated Protective Order.

b. Attached as Exhibit 26 to the Saveri Declaration is a copy of Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories that TAEC designated as "Confidential" pursuant to the Stipulated Protective Order.

c. Attached as Exhibit 27 to the Saveri Declaration is a copy of Toshiba America Information Systems, Inc.'s Supplemental Objections and Responses to Interrogatory No. Five of Direct Purchaser Plaintiffs' First Set of Interrogatories that TAIS designated as "Confidential" pursuant to the Stipulated Protective Order.

d. Attached as Exhibit 28 to the Saveri Declaration is a copy of Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories that Toshiba Corp. designated as "Confidential" pursuant to the Stipulated Protective Order.

e. Attached as Exhibit 114 to the Saveri Declaration is a document bearing the bates number TSB-CRT-00041862 through TSB-CRT-00041863, and its purported certified translation bearing Bates numbers TSB-CRT-00041762E through TSB-CRT-00041863E, that Toshiba Corp. has designated as "Highly Confidential" pursuant to the Stipulated Protective Order.

7. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 62, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, the following references to documents or portions of documents should be maintained under seal and redacted from the Leitzinger Report:

    a. Referenced on pages 9-10 and 21 of the Leitzinger Report are a description and figure regarding Toshiba's Sales Data that the Toshiba Defendants designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

    b. Referenced on pages 8, 9, 23, 25, 27, 32, 33, 34, 43, and 48 of the Leitzinger Report are descriptions and figures regarding the Defendants' CRT Sales Data that the Defendants designated as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order.

    c. Referenced on page 18 of the Leitzinger Report is an excerpt from a document bearing the bates number TAEC-CRT-00089968 through TAEC-CRT-00089969 that TAEC has designated as "Highly Confidential" pursuant to the Stipulated Protective Order.

    d. Referenced on page 29 of the Leitzinger Report is a description of testimony from the Rule 30(b)(6) deposition of TAEC that TAEC has designated as "Highly Confidential" pursuant to the Stipulated Protective Order.

    e. Referenced on page 37 of the Leitzinger Report is a description of the document bearing the bates number TAEC-CRT-00065484 that TAEC has designated as "Highly Confidential" pursuant to the Stipulated Protective Order.

    f. Referenced on page 46 of the Leitzinger Report is a description of testimony from the Rule 30(b)(6) deposition of TACP that TACP has designated as "Highly Confidential" pursuant to the Stipulated Protective Order.

8. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 62, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, the portions of the Motion for Class Certification, the Saveri

Declaration, and the Leitzinger Report that contain, cite, or identify information or quotations from any of the above-mentioned exhibits or documents should be maintained under seal and redacted from the Motion for Class Certification, the Saveri Declaration, and the Leitzinger Report.

9. Each of the documents and testimony appearing in full in the Exhibits listed above, or quoted and discussed in the Motion for Class Certification, the Saveri Declaration, and the Leitzinger Report have been designated by one of the Toshiba Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because they contain confidential, nonpublic, and highly sensitive business information. They contain confidential, non-public information about the Toshiba Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies — including customers and vendors — that remain important to the Toshiba Defendants' competitive positions. Upon information and belief, publicly disclosing this sensitive information presents a risk of undermining the Toshiba Defendants' relationships, would cause harm with respect to the Toshiba Defendants' competitors and customers, and would put the Toshiba Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of May, 2013, in Washington, D.C.

_____
Lucius B. Lau

DECLARATION OF LUCIUS B. LAU IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL DOCUMENTS
PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)
Case No. 07-5944 SC
MDL No. 1917

# CERTIFICATE OF SERVICE

On May 24, 2013, I caused a copy of "DECLARATION OF LUCIUS B. LAU IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

_____
Lucius B. Lau

DECLARATION OF LUCIUS B. LAU IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL DOCUMENTS
PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)
Case No. 07-5944 SC
MDL No. 1917