Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
Travis L. Manfredi (281779) travis@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Chairman of the Executive Committee*
*for the Direct Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION | Case No. 3:10-md-02143 RS |
| | MDL No. 2143 |
| This Document Relates to: | **DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |
| ALL DIRECT PURCHASER ACTIONS | |
| | Date:          TBD |
| | Time:          TBD |
| | Judge:        Honorable Richard Seeborg |
| | Courtroom: 3, 17th Floor |

Pursuant to Civil Local Rules 7-11 and 79-5(d), and in accordance with this Court's General Order No. 62, effective May 10, 2010, Direct Purchaser Plaintiffs ("DPPs") hereby move the Court for leave to file the following documents, or portions thereof, under seal:

1. Portions of the Direct Purchaser Plaintiffs' Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities in Support Thereof that contain quotations or information from documents that Defendants or Third Parties have designated "Confidential," "Highly Confidential," or "Confidential—Outside Counsel Only";

2. Portions of the Declaration of Cadio Zirpoli in Support of Direct Purchaser Plaintiffs' Motion for Class Certification that contain quotations or information from documents that Defendants or Third Parties have designated "Confidential," "Highly Confidential," or "Confidential—Outside Counsel Only";

3. Exhibits 1, 3–125, 126–152, 154–97, and 198–205 to the Declaration of Cadio Zirpoli in Support of Direct Purchaser Plaintiffs' Motion for Class Certification that contain quotations or information from documents that Defendants or Third Parties have designated "Confidential," "Highly Confidential," or "Confidential—Outside Counsel Only"; and

4. The Expert Report of Gary L. French, Ph.D. Regarding Class Certification, which contains quotations or information from documents that Defendants or Third Parties have designated "Confidential," "Highly Confidential," or "Confidential—Outside Counsel Only."

Civil Local Rule 79-5 governs the filing under seal of entire documents or portions of documents that contain material that is "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5 (a)–(c). This Court's General Order No. 62, Electronic Filing of Documents Under Seal, effective May 10, 2010, sets forth procedures applicable to the filing of sealed documents in civil cases. Civil Local Rule 79-5(d) provides: "If a party wishes to file a document that has been designated confidential by another party pursuant to a protective order, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an Administrative Motion for a sealing order . . . ."

In compliance with Local Rule 79-5(d), DPPs submit this Administrative Motion because they wish to file documents that contain either: (a) material designated by a Defendant or a Third Party pursuant to a Protective Order as "Confidential," "Highly Confidential," or "Confidential—Outside Counsel Only"; or (b) analysis of, references to, or information taken directly from material designated by a Defendant or Third Party pursuant to a Protective Order as "Confidential," "Highly Confidential," or "Confidential—Outside Counsel Only."

1    DPPs seek to file the above material under seal in good faith in order to comply with the

2  applicable Local Rules and the Protective Orders in this action (*see* Dkt. Nos. 323, 629). Because

3  certain defendants and various third parties contend that the material they have designated is

4  confidential in nature, it is their burden to establish that the designated information is sealable.

5  Civil L.R. 79-5(d); s*ee Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).

6  DPPs leave it to this Court's discretion to determine whether the above material should be filed

7  under seal. Courts have repeatedly emphasized that a party must make a "particularized showing

8  of good cause" and show a "compelling reason" to justify the sealing of motions and papers filed

9  with a court. *See Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2002)

10  (reversing the lower court's sealing of records because there was no "compelling reason to justify

11  sealing" under the protective order). As the Ninth Circuit has stated, the "hazard of stipulated

12  protective orders" is that they "often contain provisions that purport to put the entire litigation

13  under lock and key without regard to the actual requirements of Rule 26(c)." *Kamakana*, 447 F.3d

14  at 1183. Plaintiffs file this administrative motion in order to comply with the Protective Orders

15  entered in this action.

16    WHEREFORE, Direct Purchaser Plaintiffs respectfully submit this administrative motion

17  pursuant to the Protective Orders and Civil Local Rule 79-5 and hereby notify the parties of their

18  burden to establish that the designated material is sealable.

19  DATED:  May 29, 2013          Respectfully Submitted,

20                    _____*/s/ Guido Saveri*_____

21                    Guido Saveri
                     R. Alexander Saveri
22                    Geoffrey C. Rushing
                     Cadio Zirpoli
23                    Travis L. Manfredi
                     SAVERI & SAVERI, INC.
24                    706 Sansome Street
                     San Francisco, CA 94111
25                    Telephone:   (415) 217-6810
                     Facsimile:   (415) 217-6813
26

27                    *Chairman of the Executive Committee*
                     *for the Direct Purchaser Plaintiffs*
28

2

DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE
MOTION TO SEAL DOCUMENTS PURSUANT TO
CIVIL LOCAL RULES 7-11 AND 79-5(D)
CASE NO. 3:10-MD-02143 RS