# DOCUMENT 16

# LINDQUIST

L I N D Q U I S T + V E N N U M

Minneapolis • Denver • Sioux Falls

**James M. Lockhart**
(612) 371-3953
jlockhart@lindquist.com
www.lindquist.com

Lindquist & Vennum LLP
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: (612) 371-3211
Fax: (612) 371-3207

February 22, 2013

Hon. Charles A. Legge
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

*Filed via CM/ECF*

Re: **In Re: Cathode Ray Tube (CRT) Antitrust Litigation**
     **Case: 3:07-cv-05944-SC – MDL No. 1917**

Dear Judge Legge:

At the end of the hearing on Thursday, February 14, 2013, it was brought to the attention of the parties and the Court that the Ninth Circuit Court of Appeals had issued a decision that morning in the LCD price-fixing litigation that addressed the very due process issues raised by Defendants in their motion to dismiss certain of the Direct Action Plaintiffs' ("DAPs") state law claims. You asked both sides to review the decision and to submit a letter to you describing the decision's impact on Defendants' motion. Please accept this letter as the submission on behalf of the DAPs.

In their briefing and at last week's hearing, Defendants argued that a plaintiff satisfied the threshold due process requirements necessary to bring claims in a particular state *only* when the respective plaintiff purchased the price-fixed goods in that state. The DAPs' argument, on the other hand, is virtually identical to the *successful* argument advanced by plaintiffs in the LCD case, namely that the narrow, inflexible "place of purchase" standard is not the only means by which a plaintiff could comport with due process and bring state law claims. Rather, due process is satisfied, and thus application of a state's laws are proper, where Defendants' conspiratorial conduct occurs within the state.

The decision issued last Thursday by the Ninth Circuit in *AT&T Mobility LLC, v. AU Optronics Corp.*, one of the direct action cases in the LCD price-fixing MDL proceeding, addresses the issue of whether application of California law would be "arbitrary or unfair when [the] alleged conspiracy took place, at least in part, in California." *AT&T Mobility LLC v. AU Optronics Corp.*, ___ F.3d ___, No. 11-16188, 2013 WL 540859, at *6 (9th Cir. Feb. 14, 2013). In *AT&T Mobility*, Judge Ilston certified to the Ninth Circuit "the question whether the application of California antitrust law to claims against defendants based on purchases that occurred outside California would violate the Due Process Clause of the United States Constitution." *Id.* at *1.

DOCS-#3841100-v3

February 22, 2013
Page 2

The Ninth Circuit begins its analysis with the observation that "[t]he Due Process Clause thus requires the court to invalidate the application of a state's law only where the state has 'no significant contact or significant aggregation of contacts, creating state interests, with the parties and the occurrence or transaction.' " *Id.* at *4 (quoting *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 308, 320 (1981)). The Ninth Circuit further observes that in price-fixing cases, the relevant "occurrence or transaction" includes not only the sale of price-fixed goods but also defendants' alleged agreements and conspiracies to fix prices. *Id.* at *5. Thus, states the court:

> the district court should have considered *all* of the Defendants' conduct within California leading to the sale of price-fixed goods outside the state when determining whether California law could be applied without offending Defendants' due process rights.

*Id.* The Ninth Circuit goes on to conclude that "anticompetitive conduct by a defendant within a state that is related to a plaintiff's alleged injuries and is not 'slight and casual' establishes a 'significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair.' " *Id.* at *6 (quoting *Allstate Ins. Co.*, 449 U.S. at 320, 333). It holds that California's "Cartwright Act can be lawfully applied without violating a defendant's due process rights when more than a *de minimis* amount of that defendant's alleged conspiratorial activity leading to the sale of price-fixed goods to plaintiffs took place in California." *Id.*

As noted above, the Ninth Circuit's decision addresses the very issue being argued in this case. Based on this decision, it is clear that both the location of purchase transactions and the location of Defendants' conspiratorial conduct provide sufficient bases for application of state law which does not offend the Due Process Clause. The DAPs' complaints contain sufficient allegations with respect to their purchases and Defendants' conspiratorial conduct to avoid any due process concerns. These allegations are further summarized on the attached chart which Your Honor asked us to prepare.[1]

If the Court requires any additional input regarding this or any other issues addressed at the hearing last week, we will be happy to comply.

---

[1] In its *AT&T Mobility* decision, the Ninth Circuit decided only whether the application of California antitrust law would violate the Due Process Clause. The Ninth Circuit implicitly warns that in analyzing contacts with a particular state for due process purposes, courts should avoid over-analysis at the pleading stage so as not to "lose ones bearings and ... slip from a focus on the constitutional limitations on choice of law to the choice of law rules themselves." *Id.* at *6 n.12. As the DAPs suggested at the hearing last Thursday, Defendants are making this very error when they question the sufficiency of the allegations in the DAPs' complaints. However, if Your Honor believes that DAPs' pleadings are insufficient in any respect, leave to amend should be granted.

February 22, 2013
Page 3

Respectfully submitted,

LINDQUIST & VENNUM LLP

James M. Lockhart

JML:agj

Cc: All Counsel of Record (via CM/ECF)
Sarah Nevins, JAMS (via email to snevins@jamsadr.com)

# Table of Direct Action Plaintiff Claims

*In re: Cathode Ray Tube (CRT) Antitrust Litigation*, No. 07-cv-5944, MDL. No. 1917

Consistent with the Special Master's request at the February 14, 2013, hearing on Defendants' Motions to Dismiss,[1] Direct Action Plaintiffs have prepared the following chart. The chart identifies each Plaintiff, each Plaintiff's individual case number (and the district in which the case was originally filed if not the Northern District of California), the state laws under which each Plaintiff asserts claims, and the paragraphs in each complaint that address the *AGC* standing and Due Process arguments if applicable to that Plaintiff.

## Retailer Plaintiffs

| Direct Action Plaintiff | Case Number | Federal Claim | State Law Claims | Allegations in Complaint related to *AGC* Standing[2] | Allegations in Complaint related to Due Process |
|---|---|---|---|---|---|
| ABC Appliance (Filed in E.D.N.Y.) | No. 12-cv-2648 | Yes | • Michigan | N/A | P.C. Richard Compl. ¶¶ 11, 14-15, 22-24, 27, 47, 52, 54, 64, 66, 67, 71, 81, 173, 177-80, 182, 191, 238, 248 |
| Best Buy | No. 11-cv-5513 | Yes | • Minnesota | N/A | N/A |
| Circuit City | No. 11-cv-5502 | Yes | • California<br>• Illinois | Circuit City Compl. ¶¶ 84, 87-91, 128, 214-221 | Circuit City Compl. ¶¶ 9, 13, 17, 20-22, 52, 64-65, 69, 81, 178-81, 183, 192, 243-248, 262-66 |
| Costco (Filed in W.D. Wash.) | No. 11-cv-6397 | Yes | • Arizona<br>• California<br>• Florida<br>• Illinois<br>• Washington | Costco Compl. ¶¶ 66, 69-70, 108, 157-159, 183-84 | Costco Compl. ¶¶ 12-14, 47-48, 53, 142-46 |
| Good Guys[3] | No. 11-cv-5514 | Yes | • California | N/A | Target Compl. ¶¶ 14, 29, 32-33, 42, 49, 60, 65, 67, 77, 79-80, 85, 191-195, 203, 248 |

---

[1] Defendants collectively filed three Motions to Dismiss. Defendants' Joint Motion to Dismiss was filed against all Direct Action Plaintiffs. Dkt. 1317 (Aug. 17, 2012). A second Motion to Dismiss, brought by Philips and joined by LG Electronics, was similarly filed against all Direct Action Plaintiffs. Dkt. 1319 (Aug. 17, 2012). Samsung Electronics and Samsung Electronics America filed a third Motion to Dismiss against all Direct Action Plaintiffs except for the Best Buy entities. Dkt. 1316 (Aug. 17, 2012).

[2] Defendants move to dismiss under *AGC* Plaintiffs Costco, CompuCom, Electrograph, Circuit City, Office Depot, and Polaroid's California law claims; Costco, Circuit City, and MARTA's Illinois claims; Costco and MARTA's Arizona law claims; and Costco's Washington law claims.

[3] Good Guys has subsequently filed a voluntary dismissal without prejudice. Dkt. 1575 (Feb. 19, 2013).

**Table of Direct Action Plaintiff Claims**

*In re: Cathode Ray Tube (CRT) Antitrust Litigation*, No. 07-cv-5944, MDL. No. 1917

| Direct Action Plaintiff | Case Number | Federal Claim | State Law Claims | Allegations in Complaint related to *AGC Standing*[2] | Allegations in Complaint related to Due Process |
|---|---|---|---|---|---|
| Interbond d/b/a/ BrandsMart (Filed in S.D. Fla.) | No. 11-cv-6275 | Yes | • Florida | N/A | Interbond Compl. ¶¶ 13, 15-18, 84, 244, 246-247, 279 |
| Kmart | No. 11-cv-5514 | Yes | • California<br>• Florida<br>• Illinois<br>• Michigan<br>• Minnesota<br>• Nebraska<br>• Nevada<br>• North Carolina | N/A | Target Compl. ¶¶ 14, 16-19, 21, 22, 27, 29, 32-33, 37, 42, 49, 60, 65, 67, 77, 79-80, 85, 191-195, 203, 244-45, 258 |
| Magnolia Hi-Fi | No. 11-cv-5513 | Yes | • Minnesota | N/A | Best Buy Compl. ¶¶ 16-24 |
| Office Depot (Filed in S.D. Fla.) | No. 11-cv-6276 | Yes | • California<br>• Florida | Office Depot Compl. ¶¶ 81, 84-88, 207-214 | Office Depot Compl. ¶¶ 11, 15-17, 18, 19, 49, 61-62, 66, 78, 172-75, 177, 186, 236, 238, 239, 241, 244-46, 249 |
| Old Comp a/k/a CompUSA[4] | No. 11-cv-5514 | Yes | • California<br>• Illinois | N/A | Target Compl. ¶¶ 14, 27, 42, 49, 60, 65, 67, 77, 79-80, 85, 191-195, 203, 248 |
| P.C. Richard and Son Long Island (Filed in E.D.N.Y.) | No. 12-cv-2648 | Yes | • New York | N/A | P.C. Richard Compl. ¶¶ 11, 14-18, 27, 47, 52, 54, 64, 66, 67, 71, 81, 173, 177-80, 182, 191, 238, 249 |
| RadioShack | No. 11-cv-5514 | Yes | • California<br>• Massachusetts<br>• Mississippi | N/A | Target Compl. ¶¶ 14, 37, 42, 49, 60, 65, 67, 77, 79-80, 85, 191-195, 203, 248 |

---

[4] Old Comp has subsequently filed a voluntary dismissal without prejudice. Dkt. 1574 (Feb. 19, 2013).

**Table of Direct Action Plaintiff Claims**

*In re: Cathode Ray Tube (CRT) Antitrust Litigation*, No. 07-cv-5944, MDL. No. 1917

| Direct Action Plaintiff | Case Number | Federal Claim | State Law Claims | Allegations in Complaint related to *AGC Standing*[2] | Allegations in Complaint related to Due Process |
|---|---|---|---|---|---|
| Sears | No. 11-cv-5514 | Yes | • Arizona<br>• California<br>• Florida<br>• Illinois<br>• Massachusetts<br>• Michigan<br>• Minnesota<br>• Mississippi<br>• Nebraska<br>• Nevada<br>• New Mexico<br>• New York<br>• North Carolina<br>• Wisconsin | N/A | Target Compl. ¶¶ 14, 16-19, 21, 22, 27, 29, 32-33, 37, 42, 49, 60, 65, 67, 77, 79-80, 85, 191-195, 203, 244-45, 258 |
| Target | No. 11-cv-5514 | Yes | • Arizona<br>• California<br>• Florida<br>• Illinois<br>• Iowa<br>• Kansas<br>• Michigan<br>• Minnesota<br>• New York<br>• North Carolina<br>• Wisconsin | N/A | Target Compl. ¶¶ 14, 16-18, 42, 49, 60, 65, 67, 77, 79-80, 85, 191-195, 203, 248 |
| Tweeter<br>(Filed in E.D.N.Y.) | No. 12-cv-2649 | Yes | • Massachusetts | N/A | Tweeter Compl. ¶¶ 11, 13, 16, 22, 25, 27, 35, 40, 45, 50, 52, 62-65, 69, 79, 171, 175-80, 189, 233, 234, 236, 239, 245 |

29040-0318/LEGAL25880360.3

**Table of Direct Action Plaintiff Claims**

*In re: Cathode Ray Tube (CRT) Antitrust Litigation*, No. 07-cv-5944, MDL. No. 1917

**Wholesaler Plaintiffs**

| Direct Action Plaintiff | Case Number | Federal Claim | State Law Claims | Allegations in Complaint related to *AGC* Standing | Allegations in Complaint related to Due Process |
|---|---|---|---|---|---|
| CompuCom Systems (Filed in N.D. Tex.) | No. 11-cv-6396 | Yes | • California<br>• New York | CompuCom Compl. ¶¶ 82, 85-89, 208-215 | CompuCom Compl. ¶¶ 11, 16, 18, 21, 31, 42, 47, 49, 59, 61-62, 67, 79, 173-76, 178, 187, 237-39, 242, 254, 256-67 |
| Electrograph (Filed in E.D.N.Y) | No. 11-cv-1656 | Yes | • California<br>• New York | Electrograph Compl. ¶¶ 92, 95-99, 222-229 | Electrograph FAC ¶¶ 16-20, 27, 29, 36, 56, 61, 63, 73, 75, 76, 89, 189-92, 200, 251-53, 256, 260, 266, 269, 271-72, 276-280 |
| MARTA (Filed in E.D.N.Y) | No. 12-cv-2648 | Yes | • Arizona<br>• Illinois | P.C. Richard Compl. ¶¶ 86, 89-93, 212-219 | P.C. Richard Compl. ¶¶ 11, 14-15, 19-21, 27, 47, 52, 54, 64, 66, 67, 71, 81, 173, 177-80, 182, 191, 238, 246, 247 |
| Polaroid | No. 11-cv-5381 | Yes | • California<br>• Minnesota | Polaroid Compl. ¶¶ 84, 101, 120, 183-85, 199 | Polaroid Compl. ¶¶ 4, 8, 9, 11, 18, 21, 36, 46, 47, 60, 64, 79, 81, 166, 168, 189-211 |
| Petters | No. 11-cv-5381 | Yes | • California<br>• Minnesota | Polaroid Compl. ¶¶ 84, 101, 120, 183-85, 199 | Polaroid Compl. ¶¶ 4, 8, 9, 11, 18, 21, 36, 46, 47, 60, 64, 79, 81, 166, 168, 189-211 |

29040-0318/LEGAL25880360.3