BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips Electronics N.V., and Philips Electronics North America Corporation*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>Individual Case No. 3:13-cv-02171-SC |
| This Document Relates to:<br><br>    DELL INC., et al.<br><br>                    Plaintiff,<br><br>    v.<br><br>HITACHI, LTD., et. al.<br><br>                    Defendants | **DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)**<br><br>**[Philips Defendants]** |

I, Charles M. Malaise, hereby declare as follows:

1.	I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips Electronics N.V. ("KPE") and Philips Electronics North America Corporation ("PENAC") (collectively, the "Philips Defendants"). I make this declaration in support of the Dell's Administrative Motion to File Under Seal First Amended Complaint Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. No. 1691) (the "Motion to Seal").

2.	I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3.	On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order").

4.	The Philips Defendants have produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5.	On May 28, 2013, Dell filed the Motion to Seal in which they asked this Court to seal paragraphs 206, 207, 208, 209, and 210 from their First Amended Complaint.

6.	Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, paragraphs 206, 207, 208, 209, and 210 should be maintained under seal and redacted from Dell's First Amended Complaint. Dell relied upon Philips' documents in making these allegations. The Philips documents relied upon were designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

7.	 The paragraphs in question from Dell's First Amended Complaint rely on documents designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because they contain confidential, nonpublic, and highly sensitive business information. They contain confidential, non-public information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies - including

2                                                         MDL 1917

DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF
DELL'S ADMINISTRATIVE MOTION TO SEAL
DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(D)

customers and vendors - that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' competitors and customers, and would put the Philips Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of June, 2013 in Washington, D.C.

_____
Charles M. Malaise