DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
E-mail: david.yohai@weil.com

GREGORY D. HULL (57367)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile:  (650) 802-3100
E-mail:  greg.hull@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
EVA W. COLE (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-7400
E-mail:  jkessler@winston.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>DELL ACTION<br>3:13-cv-02171-SC | No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>**DECLARATION OF ADAM C. HEMLOCK IN SUPPORT OF DELL'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL FIRST AMENDED COMPLAINT**<br><br>[re Panasonic Documents] |

I, Adam C. Hemlock, declare as follows:

1. I am a partner with Weil, Gotshal & Manges LLP, attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. I make this declaration pursuant to Civil Local Rule 79-5(d) to establish that certain portions of Plaintiffs Dell Inc. and Dell Products L.P.'s First Amended Complaint ("Dell's Amended Complaint") containing "Confidential" or "Highly Confidential" information are sealable. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306).

3. The Panasonic Defendants have produced in this action certain documents and information designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

4. On May 28, 2013, Plaintiffs Dell Inc. and Dell Products L.P. filed an Administrative Motion to File Under Seal (Dkt. 1691), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), portions of Dell's Amended Complaint that contain information from documents that the Panasonic Defendants have designated as "Confidential" or "Highly Confidential." Specifically, Paragraphs 206 through 210 of Dell's Amended Complaint were, in whole or in part, lodged conditionally under seal.

5. Paragraphs 206 through 210 of Dell's Amended Complaint purport to describe, quote, or summarize information from Panasonic Defendants' and other Defendants' documents designated "Confidential" or "Highly Confidential." Paragraph 208 quotes from a document produced by Panasonic Defendants bearing Bates stamp MTPD-0276153 and designated as "Confidential."

6. Upon information and belief, the information and documents referred to in Dell's Amended Complaint consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The documents contain, cite, and/or identify confidential information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, or competitive positions. The documents describe relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause them harm with respect to competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

7. I understand that the Panasonic Defendants consider any statements in Dell's Amended Complaint purporting to summarize any documents or information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Paragraphs 206 through 210 of Dell's Amended Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 7, 2013 at Tokyo, Japan.

By: _/s/ Adam C. Hemlock_
Adam C. Hemlock