# EXHIBIT 17

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 18

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 19

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 20

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 21

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 22

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 23

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 24

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 25

# <u>DOCUMENT</u>
# <u>SUBMITTED</u>
# <u>UNDER SEAL</u>

# EXHIBIT 26

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 27

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 28

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 29

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 30

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 31

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 32

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 33

# **<u>DOCUMENT</u>**

# **<u>SUBMITTED</u>**

# **<u>UNDER SEAL</u>**

# EXHIBIT 34

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 35

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 36

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 37

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 38

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 39

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 40

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 41

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 42

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 43

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 44

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 45

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 46

# DOCUMENT

# SUBMITTED

# UNDER SEAL

# EXHIBIT 47

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 48

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 49

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 50

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 51

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 52

# **DOCUMENT**
# **SUBMITTED**
# **UNDER SEAL**

# EXHIBIT 53

# <u>DOCUMENT</u>

# <u>SUBMITTED</u>

# <u>UNDER SEAL</u>

# EXHIBIT 54

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 55

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 56

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 57

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 58

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 59

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 60

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 61

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 62

# **DOCUMENT SUBMITTED UNDER SEAL**

# EXHIBIT 63

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 64

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 65

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 66

# DOCUMENT

# SUBMITTED

# UNDER SEAL

# EXHIBIT 67

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 68

# **DOCUMENT SUBMITTED UNDER SEAL**

# EXHIBIT 69

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 70

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 71

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 72

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 73

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 74

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 75

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 76

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 77

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 78

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 79

# <u>DOCUMENT</u>

# <u>SUBMITTED</u>

# <u>UNDER SEAL</u>

# EXHIBIT 80

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 81



# Department of Justice

---

FOR IMMEDIATE RELEASE                                                                                          AT
WEDNESDAY, NOVEMBER 12, 2008                                                            (202) 514-2007
WWW.USDOJ.GOV                                                                                TDD (202) 514-1888

### LG, SHARP, CHUNGHWA AGREE TO PLEAD GUILTY, PAY TOTAL OF $585 MILLION IN FINES FOR PARTICIPATING IN LCD PRICE-FIXING CONSPIRACIES

***LG to Pay $400 Million Fine, Second Highest Antitrust Division Criminal Fine Ever Imposed***

WASHINGTON – Three leading electronics manufacturers–LG Display Co. Ltd., Sharp Corp. and Chunghwa Picture Tubes Ltd.–have agreed to plead guilty and pay a total of $585 million in criminal fines for their roles in conspiracies to fix prices in the sale of liquid crystal display (LCD) panels, the Department of Justice announced.  Of the $585 million in fines, LG will pay $400 million, the second highest criminal fine ever imposed by the Department's Antitrust Division.

Today's charges were filed in U.S. District Court in San Francisco.  The companies have agreed to cooperate with the Department's ongoing antitrust investigation.

Thin-Film Transistor-Liquid Crystal Display (TFT-LCD) panels are used in computer monitors and notebooks, televisions, mobile phones, and other electronic devices.  In 2006, the worldwide market for TFT-LCD panels was approximately $70 billion.  Companies directly affected by the LCD price-fixing conspiracies are some of the largest computer, television and cellular telephone manufacturers in the world, including Apple, Dell and Motorola.

"Today's charges and criminal fines emphasize the commitment of the Department of Justice to crack down on international cartels," said Attorney General Michael B. Mukasey.

LG Display Co. Ltd, a South Korean corporation, and its wholly-owned subsidiary, LG Display America Inc., a California company (LG), agreed to plead guilty to participating in a conspiracy from September 2001 to June 2006 to fix the price of TFT-LCD panels sold worldwide.  During the conspiracy, LG Display Co. Ltd. was known as LG.Philips LCD Co. Ltd. (a joint venture between LG Electronics and Philips Electronics) and LG Display America Inc. was known as LG.Philips LCD America Inc.

Sharp Corp., a  Japanese consumer electronics manufacturer, has agreed to pay a $120 million fine for its participation in separate conspiracies to fix the price of TFT-LCD panels sold to Dell Inc. from April 2001 to December 2006 for use in computer monitors and laptops; to Motorola Inc. from fall 2005 to the middle of 2006 for use in Razr mobile phones; and to Apple Computer Inc. from September 2005 to December 2006 for use in iPod portable music players.

- 2 -

Chunghwa, a Taiwanese TFT-LCD panel manufacturer, has agreed to pay a $65 million fine for its participation with LG and other unnamed co-conspirators in a conspiracy from September 2001 to December 2006 to fix the price of TFT-LCD panels sold worldwide.

"These price-fixing conspiracies affected millions of American consumers who use computers, cell phones and numerous other household electronics every day," said Thomas O. Barnett, Assistant Attorney General in charge of the Department's Antitrust Division. "These convictions, and the significant fines they carry, should send a clear message that the Antitrust Division will vigorously investigate and prosecute illegal cartels, regardless of where they are located."

LG and Chunghwa are charged with carrying out the conspiracy by:

- Participating in meetings, conversations, and communications in Taiwan, Korea and the United States to discuss the prices of TFT-LCD panels;

- Agreeing during those meetings, conversations and communications to charge prices of TFT-LCD panels at certain pre-determined levels;

- Issuing price quotations in accordance with the agreements reached; and

- Exchanging information on sales of TFT-LCD panels, for the purpose of monitoring and enforcing adherence to the agreed-upon prices.

Sharp is charged with participating in three separate conspiracies, to fix the price of TFT-LCD panels sold to Dell, Motorola and Apple by:

- Participating in bilateral meetings, conversations, and communications in Japan and the United States to discuss the prices of TFT-LCD panels to be sold to Dell, Apple and Motorola;

- Agreeing during those bilateral meetings, conversations and communications to charge prices of TFT-LCD panels at certain pre-determined levels to Dell, Apple and Motorola;

- Issuing price quotations in accordance with the agreements reached; and

- Exchanging information on sales of TFT-LCD panels to be sold to Dell, Apple and Motorola, for the purpose of monitoring and enforcing adherence to the agreed-upon prices.

LG, Sharp and Chunghwa are each charged with price fixing in violation of the Sherman Act. Each violation carries a maximum fine of $100 million for corporations. The maximum

- 3 -

fine may be increased to twice the gain derived from the crime or twice the loss suffered by the victims of the crime, if either of those amounts is greater than the statutory maximum fine.

LG Display Co. Ltd., based in Seoul, South Korea, reported $15.3 billion in revenue for 2007.

Sharp, based in Osaka, Japan, reported $34.2 billion in revenues for its fiscal year ending March 31, 2008, including $6.8 billion in revenue from LCD sales.

Chunghwa, based in Taoyuan, Taiwan, Republic of China, reported $4.8 billion in revenue for 2007.

These pleas are the result of a joint investigation by the Antitrust Division's San Francisco Field Office and the Federal Bureau of Investigation in San Francisco.  The plea agreements are subject to court approval.

Anyone with information concerning illegal conduct in the TFT-LCD industry is urged to call the San Francisco Field Office of the Antitrust Division at 415-436-6660.

###

08-1002

# EXHIBIT 82



# Department of Justice

---

FOR IMMEDIATE RELEASE                                                    AT
TUESDAY, MARCH 10, 2009                                        (202) 514-2007
WWW.USDOJ.GOV                                                TDD (202) 514-1888

### HITACHI DISPLAYS AGREES TO PLEAD GUILTY AND PAY $31 MILLION FINE FOR PARTICIPATING IN LCD PRICE-FIXING CONSPIRACY

*Hitachi to Plead Guilty to Fixing Prices for LCD Panels Sold to Dell Inc.*

WASHINGTON – Japanese electronics manufacturer Hitachi Displays Ltd., agreed to plead guilty and pay a $31 million fine for its role in a conspiracy to fix prices in the sale of Thin Film Transistor-Liquid Crystal Display panels (TFT-LCD) sold to Dell Inc., the U.S. Department of Justice announced today.

A one-count felony charge filed today in U.S. District Court in San Francisco charges Hitachi Displays Ltd., a subsidiary of Hitachi Ltd., with participating in a conspiracy to fix the prices of TFT-LCD sold to Dell for use in desktop monitors and notebook computers from April 1, 2001, through March 31, 2004. According to the plea agreement, which is subject to court approval, Hitachi Displays has agreed to cooperate with the Department's ongoing antitrust investigation.

"Hitachi joins three other multinational companies who have admitted to their involvement in fixing prices for LCD panels sold to U.S. companies and that have already paid criminal fines totaling more than $585 million," said Scott D. Hammond, Acting Assistant Attorney General in charge of the Department's Antitrust Division. "This case should send a strong message to multinational companies operating in the United States that when it comes to enforcing the U.S. antitrust laws we mean business."

Including today's filing, four companies and seven individuals have been charged in the Department's ongoing antitrust investigation into the TFT-LCD industry. To date, more than $585 million in criminal fines have been imposed as a result of this investigation, and four individuals have pleaded guilty and have been sentenced to serve jail time.

TFT-LCD panels are used in computer monitors and notebooks, televisions, mobile phones and other electronic devices. In 2006, the worldwide market for TFT-LCD panels was approximately $70 billion. Hitachi Displays Ltd., based in Tokyo, Japan, reported $1.75 billion in total revenue for the fiscal year ending March 2008.

Hitachi Displays is charged with carrying out the conspiracy by:

- Participating in bilateral meetings, conversations and communications in Japan, Korea and the United States to discuss the prices of TFT-LCD to be sold to Dell;

- 2 -

- Agreeing, during those bilateral meetings, conversations and communications, to charge prices of TFT-LCD to be sold to Dell at certain predetermined levels;
- Issuing price quotations in accordance with the agreements reached; and
- Exchanging information on sales of TFT-LCD sold to Dell, for the purpose of monitoring and enforcing adherence to the agreed-upon prices.

This is the fourth plea agreement by a company charged with participating in conspiracies to fix the prices for TFT-LCD. On Dec. 15, 2008, LG Display Co. (LG) pleaded guilty to participating in a worldwide conspiracy to fix the price for TFT-LCD and was sentenced to pay a $400 million criminal fine - the second-largest fine in Antitrust Division history. On Dec. 16, 2008, Sharp Corp. pleaded guilty to participating in three separate conspiracies to fix the prices of TFT-LCD sold to Dell, Apple Computer Inc. and Motorola Inc. and was sentenced to pay a $120 million criminal fine. On Jan. 14, 2009, Chunghwa Picture Tubes Ltd. (Chunghwa) pleaded guilty to participating in the same worldwide conspiracy as LG, and was sentenced to pay a $65 million criminal fine

In February 2009, former Chunghwa CEO Chieng-Hon "Frank" Lin and two Chunghwa executives, Chih-Chun "C.C." Liu and Hsueh-Lung "Brian" Lee, pleaded guilty to and were sentenced for participating in the same conspiracy as LG and Chunghwa. Lin was sentenced to serve nine months in prison and pay a $50,000 criminal fine. Liu was sentenced to serve seven months in prison and pay a $30,000 criminal fine. Lee was sentenced to serve six months in prison and pay a $20,000 criminal fine. Also in February 2009, LG executive Chang Suk "C.S." Chung pleaded guilty for his role in the same conspiracy as LG and Chunghwa. Chung was sentenced to serve seven months in prison and pay a $25,000 criminal fine.

On Feb. 3, 2009, a federal grand jury in San Francisco returned an indictment charging two former Chunghwa executives, Cheng Yuan Lin, aka C.Y. Lin and Wen Jun Cheng, aka Tony Cheng, and one former executive from LG, Duk Mo Koo, for their participation in the same conspiracy as LG and Chunghwa. Warrants have been issued for the arrest of all three individuals.

Today's charge is the result of a joint investigation by the Department of Justice Antitrust Division's San Francisco Field Office and the Federal Bureau of Investigation in San Francisco.

Anyone with information concerning illegal conduct in the TFT-LCD industry is urged to call the San Francisco Field Office of the Antitrust Division at 415-436-6660.

### 

09-210

# EXHIBIT 83

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 84

# This Exhibit number was not used.

# EXHIBIT 85

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 86

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 87

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 88

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 89

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 90

# **<u>DOCUMENT</u>**

# **<u>SUBMITTED</u>**

# **<u>UNDER SEAL</u>**

# EXHIBIT 91

# DOCUMENT

# SUBMITTED

# UNDER SEAL

# EXHIBIT 92

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 93

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 94

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 95

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 96

# DOCUMENT

# SUBMITTED

# UNDER SEAL

# EXHIBIT 97

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 98

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 99

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 100

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 101

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 102

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 103

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 104

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 105

## This Exhibit number was not used.

# EXHIBIT 106

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 107

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 108

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 109

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 110

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 111

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 112

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 113

# <u>DOCUMENT</u>

# <u>SUBMITTED</u>

# <u>UNDER SEAL</u>

# EXHIBIT 114

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 115

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 116

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 117

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 118

# DOCUMENT

# SUBMITTED

# UNDER SEAL

# EXHIBIT 119

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 120

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 121

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 122

# **DOCUMENT SUBMITTED UNDER SEAL**

# EXHIBIT 123

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 124

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 125

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 126

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 127

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 128

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 129

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 130

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 131

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 132

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 133

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 134

# DOCUMENT
# SUBMITTED
# UNDER SEAL

# EXHIBIT 135

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 136

# DOCUMENT SUBMITTED UNDER SEAL

# EXHIBIT 137

# SAVERI & SAVERI, INC.

706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*SAVERI & SAVERI, INC.*, an AV-rated law firm, was established in 1959. The firm engages in Antitrust and Securities litigation, Product Defect cases, and in general civil and trial practice. For over fifty years the firm has specialized in complex, multidistrict, and class action litigation.

*GUIDO SAVERI*, born San Francisco, California, June 10, 1925; admitted to bar, 1951, California. *Education:* University of San Francisco (B.S., *summa cum laude*, 1947; LL.B., *summa cum laude*, 1950). *Member:* Bar Association of San Francisco; State Bar of California; American Bar Association (Member, Antitrust Section); Lawyers Club of San Francisco.

Mr. Saveri is a senior partner in the firm of Saveri & Saveri, Inc. He started the firm in 1959 and associated with Joseph L. Alioto, Esq., San Francisco, California, in the practice of antitrust and other corporate litigation. After law school in 1951 and up until the forming of his firm in 1959 he was associated with the law firm of Pillsbury, Madison & Sutro, San Francisco, California.

He has the highest rating in Martindale Hubbell, namely, "AV."

Mr. Saveri has testified before the Federal Judiciary Committee on antitrust matters and has lectured on antitrust matters before The Association of Trial Lawyers of America, the Federal Practice Institute, and other lawyer associations. Mr. Saveri has also written various periodicals on antitrust topics. Mr. Saveri was named the 2007 Antitrust Lawyer of the Year by the State Bar of California's Antitrust and Unfair Competition Section.

From the time he started his firm in 1959, Mr. Saveri has devoted practically all of his time to antitrust and other corporate and complex litigation. He has actively participated in antitrust cases involving the electrical industry, the water meter industry, scrap metal industry, liquid asphalt industry, dairy products industry, typewriter industry, vanadium industry, pipe-fitting industry, grocery business, liquor industry, movie industry, animal-raising business, chemical industry, snack food industry, paper label industry, chrysanthemum industry, drug industry, sugar industry, records industry, industrial gas industry, wheelchair industry, rope industry, copper tubing industry, folding cartons industry, ocean shipping industry, pancreas gland industry, corrugated container industry, glass container industry, fine paper industry, food additives industry, prescription drugs industry, medical x-ray film industry, computer chips and many others.

The following are some of the class actions in which Mr. Saveri actively participated:

*Nisley v. Union Carbide and Carbon Corp.*, 300 F. 2d 561 (10th Cir. 1960), and *Continental Ore. Co. v. Union Carbide and Carbon Corp.*, 370 U.S. 690 (1962). In 1960, Mr. Saveri was one of the trial attorneys in the above cases which are the forerunners of present class action litigation and are responsible not only for Rule 23 as it exists today but also for some of the more important rulings in the field of antitrust law. The *Nisley* case was a class action tried before a jury both on liability and damages and resulted in a verdict for the named plaintiffs and the entire class. It is considered one of the leading cases on class actions, is often referred to as a model for the trial of class actions, and has been followed in those antitrust class action cases which have gone to trial.

*Sacramento Municipal Utility District v. Westinghouse Elec. Corp.*, 1962 Trade Cas. ¶ 70,552 (N.D. Cal. 1962). Mr. Saveri was one of the principal attorneys in several cases which have come to be known as the *Electrical Equipment* cases. In 1961–1965, Mr. Saveri represented such clients as the State of Washington, Sacramento Municipal Utility District and Modesto Irrigation District. Mr. Saveri was one of the attorneys who tried several of these cases and did very extensive work under a coordinated program instituted by the Murrah Committee under the direction of the then Chief Justice of the United States. This Committee later became the Judicial Panel for Multi-District Litigation. As a result of his experience in these cases, he participated in drafting proposed legislation creating the Panel on Multi-District Litigation.

*Nurserymen's Exchange v. Yoda Brothers, Inc.*, before Judge George R. Harris in San Francisco. Mr. Saveri was the sole attorney for a class of 10,000 chrysanthemum growers. This case was settled for substantial sums.

*City of San Diego, et al. v. Rockwell Manufacturing Company*, before Judge George H. Boldt of San Francisco. Mr. Saveri was Liaison and Lead Counsel in the above case involving water meters. This case was settled for substantial sums.

*In re Private Civil Treble Damage Actions Against Certain Snack Food Companies*, Civil No. 70-2121-R, in the United States District Court, Central District of California. Mr. Saveri was the lead attorney for the retail grocers' class comprised of all retail grocers in the states of California, Nevada, and Arizona certified by Judge Real involving the snack food industry. The case was settled for substantial sums.

*In re Sugar Antitrust Litigation*, MDL No. 201, in the United States District Court for the Northern District of California, before Judges Boldt and Cahn. Mr. Saveri was the lead attorney for the retail grocer classes in the Western Sugar litigation. In this litigation, he was a member of the Executive Committee, Steering Committee and Settlement Committee. This case settled for more than $35,000,000.

*Sun Garden Packing Co. v. International Paper Co., et al.*, C-72-52, U.S. District Court in San Francisco. In 1972 Mr. Saveri filed the first price fixing class action against the paper industry. He was the sole attorney representing all purchasers of lithograph paper labels in the United States. The lithograph paper labels case was settled at a substantial figure. The lithograph

paper labels case was responsible for subsequent government indictments in lithograph paper labels, folding cartons, small paper bags, and corrugated containers.

*In re Folding Carton Antitrust Litigation*, MDL No. 250, Eastern District of Illinois, Judges Will and Robson. Mr. Saveri was a member of the Executive Committee, Vice Chairman of Discovery and a member of the Trial Team in this action involving a horizontal conspiracy to fix prices for folding cartons. The case was settled for more than $200,000,000.

*In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions,* MDL No. 10, 4-72 Civ 435; Judge Lord, United States District Court, District of Minnesota, Fourth Division. Mr. Saveri was the attorney for the institutional class and consumer class for the States of Utah and Hawaii. These actions were settled for substantial sums.

*Building Services and Union Health and Welfare Trust Fund, Plaintiff, v. Charles Pfizer Company, et al.*, No. 4-71 Civ. 435; No. 4-71 Civ. 413, before Judge Lord in Minneapolis, Minnesota. Mr. Saveri was the sole attorney for a class of 9,000 health and welfare trust funds in the United States in this antitrust action against the drug companies. In 1974–1975 this class action went to trial before two juries at the same time and in the same court on liability and damages for the entire class and lasted ten months. It was settled for a substantial sum. Mr. Saveri was the sole attorney representing the plaintiff health and welfare trust fund class at trial.

*In re Corrugated Container Antitrust Litigation*, MDL No. 310, Southern District of Texas. Horizontal price fixing action. The case was settled for more than $400,000,000.

*In re Fine Paper Antitrust Litigation*, MDL No. 325, Eastern District of Pennsylvania. Mr. Saveri was a member of the Executive Committee and the trial team. The case was settled for approximately $80,000,000.

*In re Ocean Shipping Antitrust Litigation*, MDL No. 395, Southern District of New York. Mr. Saveri was a member of the Steering Committee and the Negotiating Committee. The firm understands this case was the first class action settlement involving claims by foreign companies. Mr. Saveri was appointed an officer of the New York Federal District Court to audit foreign claims in Europe. The case was settled for approximately $79,000,000.

*In re Corn Derivatives Antitrust Litigation*, MDL No. 414, United States District Court for the District of New Jersey. Mr. Saveri was Chairman of the Steering Committee and Executive Committee.

*In re Coconut Oil Antitrust Litigation*, MDL No. 474, Northern District of California. Mr. Saveri was Co-Lead Counsel.

*In re Itel Securities Litigation*, No. C-79-2168A, Northern District of California, Judge Aguilar. Mr. Saveri was a member of the Steering Committee.

*O'Neill Meat Co. v. Elitilly and Company, et al.*, No. 30 C 5093, United States District Court for the Northern District of Illinois, Judge Holderman. Mr. Saveri was Co-Lead Counsel for the class in this antitrust litigation involving pancreas glands.

*United National Records, Inc. v. MCA, Inc., et al.*, No. 82 C 7589, United States District Court for the Northern District of Illinois; Mr. Saveri was a member of the Steering Committee in this records antitrust litigation. The class recovered $26,000,000 in cash and assignable purchase certificates.

*In re Industrial Gas Antitrust Litigation*, No. 80 C 3479, United States District Court for the Northern District of Illinois. Mr. Saveri was a member of the Steering Committee. The class recovered more than $50,000,000.

*Superior Beverages, Inc. v. Owens-Illinois, et al.*, No. 83-C512, United States District Court for the Northern District of Illinois; Mr. Saveri was a member of the Executive Committee in this antitrust litigation involving the price fixing of glass containers. The class recovered in excess of $70,000,000 in cash and coupons.

*In re Washington Public Power Supply Securities Litigation*, MDL No. 551, (W.D. Wash.). Mr. Saveri was one of the court appointed attorneys for the class.

*In re Ask Computer Systems Securities Litigation*, No. C-85-20207 (A) RPA, United States District Court for the Northern District of California. Mr. Saveri was Co-Lead Counsel for the class.

*Big D. Building Corp. v. Gordon W. Wattles, et al.*, MDL No. 652, United States District Court for the Middle District of Pennsylvania. Mr. Saveri was a member of the Steering Committee and Settlement Committee in this price fixing class action involving the rope industry.

*In re Insurance Antitrust Litigation*, MDL No. 767, Judge Schwarzer, United States District Court for the Northern District of California. Mr. Saveri was Administrative Liaison Counsel and a member of the Steering Committee.

*In re Sun Microsystems Securities Litigation*, No. C-89-20351, RMW, U.S. District Court for the Northern District of California; Mr. Saveri was Co-Lead Counsel.

*In re Infant Formula Antitrust Litigation*, MDL No. 878, United States District Court for the Northern District of Florida, Tallahassee Division. Mr. Saveri was one of the principal attorneys. The case was settled for $125,760,000.

*In re Carbon Dioxide Industry Antitrust Litigation*, MDL No. 878, Case No. 92-940, PHB, United States District Court for the Middle District of Florida, Orlando Division. Mr. Saveri was a member of the Steering Committee. The class recovered $53,000,000 and achieved significant therapeutic relief for the class.

- 4 -

*In re Medical X-Ray Film Antitrust Litigation*, No. CV 93-5904, FB, United States District Court for the Eastern District of New York. Mr. Saveri was a member of the Steering Committee.

*In re Baby Food Antitrust Litigation*, No. 92-5495, NHP, in the United States District Court for the District of New Jersey. Mr. Saveri was a member of the Steering Committee.

*In re Brand Name Prescription Drugs Antitrust Litigation*, MDL No. 997,94C 897, CPK, United States District Court, Northern District of Illinois, Eastern Division. Mr. Saveri was Co-Lead Counsel on behalf of approximately 50,000 retail pharmacies nationwide alleging an illegal cartel between seventeen drug manufacturers and six drug wholesalers in preventing discounts to retail pharmacies. The case was tried for eight weeks. The case was settled for $700,000,000 in cash and $25,000,000 in product. Mr. Saveri was one of four lead trial lawyers.

*In re Citric Acid Antitrust litigation*, MDL No. 1092, C-95-2963, FMS, United States District Court, Northern District of California. Mr. Saveri was Co-Lead Counsel representing a certified class of purchasers of citric acid throughout the United States against the citric acid manufacturers for violations of the Sherman Act for fixing the price of citric acid in the United States and around the world. The case was settled for $86,000,000.

*In re Methionine Antitrust Litigation*, MDL No. 1311, CRB, United States District Court, Northern District of California. A nationwide class action on behalf of direct purchasers of methionine alleging price-fixing. Saveri & Saveri, Inc. served as Co-Lead Counsel in this litigation. The case was settled for $107,000,000.

*In re Managed Care Litigation*, MDL No. 1334, Master File No. 00-1334-MD (Judge Moreno) United States District Court, Southern District of Florida. Mr. Saveri serves as a member of the Executive Committee representing the California Medical Association, Texas Medical Association, Georgia Medical Association and other doctors against the nation's HMOs for violations of the Federal RICO Act. The case was partially settled with benefits approximating $1 billion dollars.

*In re Dynamic Random Access Memory Antitrust Litigation*, MDL No. 1486 (Judge Hamilton) United States District Court, Northern District of California. Mr. Saveri serves as Co-Lead Counsel on behalf of direct purchasers of dynamic random access memory (DRAM) alleging a nationwide class for price-fixing. The case settled for more than $325 million in cash.

*In re Flash Memory Antitrust Litigation*, No. C 07-0086 SBA (Judge Armstrong) United States District Court, Northern District of California. Mr. Saveri serves as Co-Lead Counsel on behalf of direct purchasers of flash memory (Flash) alleging a nationwide class for price-fixing.

*In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Case No. C 07-5944 SC (Judge Conti) United States District Court, Northern District of California. Mr. Saveri serves as Lead Counsel on behalf of direct purchasers of cathode ray tubes (CRTs) alleging a nationwide class for price-fixing.

*In re Optical Disk Drive (ODD) Products Antitrust Litigation*, MDL No. 2143; 10-md-02143-RS (Judge Seeborg ) United States District Court, Northern District of California. Mr. Saveri serves as Chair of the Committee of Direct Purchaser Plaintiffs' Counsel on behalf of direct purchasers of optical disk drives (ODDs) alleging a nationwide class for price-fixing.

Mr. Saveri also has been and is involved in numerous other major class action litigation in the antitrust and securities fields.

*RICHARD SAVERI,* Partner, 1951–1999.

*R. ALEXANDER SAVERI*, born San Francisco, California, July 22, 1965; admitted to bar, 1994, California and U.S. District Court, Northern District of California; 1995, U.S. Court of Appeals, Ninth Circuit; 2000, U.S. District Court, Southern District of California; 2000, U.S. District Court, Central District of California; 2012, U.S. Court of Appeals, Third Circuit. *Education:* University of Texas at Austin (B.B.A. Finance 1990); University of San Francisco (J.D., 1994) University of San Francisco Maritime Law Journal 1993–1994. *Member:* State Bar of California, American Bar Association (Member, Antitrust Section), Association of Trial Lawyers of America, University of San Francisco Inn of Court, National Italian American Bar Association, University of San Francisco Board of Governors (2003–2006), Legal Aid Society (Board of Directors).

Mr. Saveri is the managing partner of Saveri & Saveri, Inc. After graduating from law school, he began working for his father and uncle at Saveri & Saveri, P.C. on antitrust and complex litigation. The current practice of Saveri & Saveri, Inc. emphasizes class action antitrust litigation.

He has the highest rating in Martindale Hubbell, namely, "AV."

Mr. Saveri has served or is serving as court-appointed Co-Lead or Liaison Counsel in the following cases:

*In re California Title Insurance Antitrust Litigation,* Case No. 08-01341 JSW, United States District Court, Northern District of California (antitrust class action involving federal antitrust laws and California statutory law for unlawful practices concerning payments for title insurance in California);

*In re Intel Corp. Microprocessor Antitrust Litigation*, MDL No. 05-1717 (JJF) United States District Court, District of Delaware (antitrust class action on behalf of all consumers in the United States that indirectly purchased Intel x86 microprocessors);

*In re Vitamin C Antitrust Litigation*, MDL No. 06-1738 (DTG)(JO), United States District Court, Eastern District Of New York (antitrust class action on behalf of all California indirect purchasers of vitamin C);

- 6 -

*In re Polychloroprene Antitrust Cases*, J.C.C.P. No. 4376, Los Angeles Superior Court (antitrust class action on behalf of all California indirect purchasers of polychloroprene rubber);

*In re NBR Cases*, J.C.C.P. No. 4369, San Francisco Superior Court (antitrust class action on behalf of all California indirect purchasers of NBR);

*Carpinelli et al. v. Boliden AB et al.,* Master File No. CGC-04-435547, San Francisco Superior Court (antitrust class action on behalf of all California indirect purchasers of copper tubing);

*Competition Collision Center, LLC v. Crompton Corporation et al.*, Case No. CGC-04-431278, San Francisco Superior Court (antitrust class action on behalf of all California indirect purchasers of plastic additives);

*In re Urethane Cases*, J.C.C.P. No. 4367, San Francisco Superior Court (antitrust class action on behalf of all California indirect purchasers of urethane and urethane chemicals);

*The Harman Press et al. v. International Paper Co. et al.*, (Consolidated Cases) Master File No. CGC-04-432167, San Francisco Superior Court (antitrust class action on behalf of all California indirect purchasers of publication paper);

*In re Label Stock Cases*, J.C.C.P. No. 4314, San Francisco Superior Court (antitrust class action on behalf of all California indirect purchasers of high pressure label stock);

*Richard Villa et al. v. Crompton Corporation et al.,* Consolidated Case No. CGC-03-419116, San Francisco Superior Court (antitrust class action on behalf of California indirect purchasers of EPDM);

*Russell Reidel et al. v. Norfalco LLC et al.,* Consolidated Case No. CGC-03-418080, San Francisco Superior Court (antitrust class action on behalf of California indirect purchasers of sulfuric acid);

*Smokeless Tobacco Cases I–IV*, J.C.C.P. Nos. 4250, 4258, 4259 and 4262, San Francisco Superior Court (certified antitrust class action on behalf of California consumers of smokeless tobacco products);

*Electrical Carbon Products Cases*, J.C.C.P. No. 4294, San Francisco Superior Court (Private Entity Cases) (antitrust class action on behalf of California indirect purchasers of electrical carbon products);

*The Vaccine Cases*, J.C.C.P. No. 4246, Los Angeles Superior Court (medical monitoring class action on behalf of children exposed to mercury laden vaccines);

*In re Laminate Cases*, J.C.C.P. No. 4129, Alameda Superior Court (antitrust class action on behalf of California indirect purchasers of high pressure laminate);

*Compact Disk Cases*, J.C.C.P. No. 4123, Los Angeles Superior Court (antitrust class action on behalf of California consumers of prerecorded compact disks);

*Sorbate Prices Cases*, J.C.C.P. No. 4073, San Francisco Superior Court (antitrust class action on behalf of California indirect purchasers of sorbate);

*In re Flat Glass Cases*, J.C.C.P. No. 4033, San Francisco Superior Court (antitrust class action on behalf of California indirect purchasers of flat glass products);

*Vitamin Cases*, J.C.C.P. No. 4076, San Francisco Superior Court (antitrust class action on behalf of California indirect purchasers of vitamins);

*California Indirect Purchaser MSG Antitrust Cases*, Master File No. 304471, San Francisco Superior Court (antitrust class action on behalf of California indirect purchasers of Monosodium Glutamate);

*In re Aspartame Indirect Purchaser Antitrust Litigation*, Master Docket No. 06-1862-LDD, United States District Court, Eastern District of Pennsylvania (antitrust class action on behalf of California indirect purchasers of aspartame); and

*GM Car Paint Cases*, J.C.C.P. No. 4070, San Francisco Superior Court (class action on behalf of all California owners of General Motors vehicles suffering from paint delamination).

*In re Lithium Ion Batteries*, Master Docket No. 4:13-md-2420-YGR, United States District Court, Northern District of California (antitrust class action on behalf of direct purchasers of lithium ion batteries).

*CADIO ZIRPOLI*, born Washington D.C., September 1, 1967; admitted to bar 1995, California and U.S. District Court, Northern District of California. *Education:* University of California, Berkeley (B.A. 1989); University of San Francisco (J.D., *cum laude*, 1995), U.S.F. Law Review 1992–1993. *Member*: State Bar of California; Assistant District Attorney, City and County of San Francisco 1996–2000.

He has the highest rating in Martindale Hubbell, namely, "AV."

———————————————

*WILLIAM J. HEYE*, born Boston, Massachusetts, April 14, 1975 admitted to bar, 2004, California, and U.S. District Court, Northern and Central District of California. *Education*: Brown University (B.A. 1997); University Of California, Hastings College of the Law (J.D. *cum laude* 2004) Hastings International and Comparative Law Review. *Publication*: Note, *Forum Selection for International Dispute Resolution in China—Chinese Courts vs. CIETAC*, 27 Hastings Int'l & Comp. L. Rev. 535 (Spring 2004).

*MELISSA SHAPIRO*, born Los Angeles, California, May 27, 1980, admitted to bar 2006, California, and U.S. District Court, Northern and Central District of California. *Education*: University of Southern California (B.A. 2002); Pepperdine University School of Law (J.D. 2005) Pepperdine Law Review, *Publication*: Comment: *Is Silica the Next Asbestos? An Analysis of the Sudden Resurgence of Silica Lawsuit Filings*, 32 Pepp. L. Rev. 983 (2005).

*DAVID NATHAN-ALLEN SIMS*, born Fayetteville, North Carolina, March 2, 1978; admitted to bar 2006, California, and U.S. District Court, Northern and Central District of California. *Education*: Wake Forest University (B.A. 2000); University of San Francisco School of Law (J.D. 2006). U.S.F. Moot Court Advocate of the Year (2005).

*TRAVIS L. MANFREDI*, born Fresno, California, March 16, 1980, admitted to bar 2012, California and U.S. District Court, Northern District of California. *Education*: University of California, Santa Cruz (B.A. 2004); University of San Francisco School of Law (J.D., *cum laude*, 2011): University of San Francisco Law Review Managing Editor, Vol. 45; Member of National Appellate Advocacy Competition team; Research assistant to Professor J. Thomas McCarthy, author of *McCarthy on Trademarks and Unfair Competition*. *Publications*: *Survey,* In re Spirits Int'l, N.V., 563 F.3d 1347 (Fed. Cir. 2009), 14 Intell. Prop. L. Bull. 71 (2009); Note*, Sans Protection: Typeface Design and Copyright in the Twenty-First Century*, 45 U.S.F. L. Rev. 841 (2011). *Member*: State Bar of California.

*DAVID HWU*, born Stanford, California, November 20, 1985; admitted to bar, 2011, California and U.S. District Court, Northern District of California. *Education:* University of California, Berkeley (B.A., 2008). University of San Francisco School of Law (J.D., 2011). *Member*: State Bar of California. *Language*: Chinese.

*CARL N. HAMMARSKJOLD,* born Detroit, Michigan, August 20, 1967; admitted to the bar 2011, California, and U.S. District Court, Northern District of California. *Education*: Pomona College (B.A., 1989); University of San Francisco School of Law (J.D., *summa cum laude*, 2011): Academic Excellence Award; John L. Brennan Award for Creativity and Innovation in Advocacy; Law Review Best Student Note Award; University of San Francisco Law Review (2009–2011); Executive Director, Moot Court Board of Directors (2010–2011); Judicial Extern to the Honorable William Alsup (2010). *Publication*: Comment, *Smokes, Candy, and the Bloody Sword: How Classifying Jailhouse Snitch Testimony as Direct, Rather than Circumstantial, Evidence Contributes to Wrongful Convictions*, 45 U.S.F. L. Rev. 1103 (2011). *Member*: State Bar of California.

*DAVID DORR*, (Paralegal) born Philadelphia, Pennsylvania. *Education:* Arizona State University (B.S. 1987); Thunderbird, The American Graduate School of International Management, (MBA 1998); The Chase Manhattan Bank, N.A. New York, New York, Senior Institutional Trust Administrator, 1990–1995; Charles Schwab Company, San Francisco, Trust Associate, 1996; Independent Corporate Marketing and Personal Finance consultant 1998–2002.

*JAE HYUN LIM*, (Paralegal) born Incheon, South Korea, July 9, 1988. *Education*: University of California, Berkeley (B.A. 2011), Team Waffle Intern Research Analyst (2011). *Language*: Korean.

**JEEWON KIM**, (Paralegal) born Seoul, South Korea, May 10, 1990. *Education*: University of California, Berkeley (B.A. 2012), *Language*: Korean.

**SHANNON EASTERLY**, (Paralegal) born Elko, Nevada, February 27, 1986. *Education*: California State University, Northridge (B.A. 2009).

**MICHAELA OGDEN**, (Paralegal) born San Diego, California, March 1, 1990. *Education*: University of Washington (B.A. 2012 with honors).

### *OF COUNSEL*

**GEOFFREY C. RUSHING,** born San Jose, California, May 21, 1960; admitted to bar, 1986, California and U.S. District Court, Northern District of California. *Education*: University of California, Berkeley, California (A.B. 1982 with honors); University of California, Berkeley, California, Boalt Hall (J.D. 1986). *Member*: State Bar of California.

**LISA SAVERI**, born San Francisco, California, April 10, 1956; admitted to bar, 1983, California and U.S. District Court, Northern District of California; 1987, U.S. District Court, Eastern District of California; 2002, U.S. Court of Appeals, Ninth Circuit and U.S. District Court, Central District of California. *Education:* Stanford University (A.B., Economics, 1978); University of San Francisco (J.D. 1983), U.S.F. Law Review. *Member:* State Bar of California. Associate, Pillsbury Madison & Sutro, 1983–1992; Legal Extern, Hon. Eugene F. Lynch, Judge, United States District Court, Northern District of California (1982); San Francisco Public Defender's Office (Summer 1989). *Publications*: G. Saveri & L. Saveri, Pleading Fraudulent Concealment In An Antitrust Price Fixing Case: Rule 9(b) v. Rule 8, 17 U.S.F.L.Rev. 631 (1983); L. Saveri, Implications of the Class Action Fairness Act for Antitrust Cases: From Filing Through Trial, 15 No. 1, *Competition: J. of the Antitrust and Unfair Competition Law Section of the State Bar of California* 23 (2006); L. Saveri & Co-Author, Does the Cartwright Act Have A Future?, 17 No. 2, *Competition: J. of the Antitrust and Unfair Competition Law Section of the State Bar of California* 31 (2008); L. Saveri & Co-Authors, "California State Antitrust and Unfair Competition Law," *California State Bar*, Chapter 21: Class Actions in Competition and Consumer Protections Cases (Dec. 2009) and 2010 Update; L. Saveri & Co-Authors, "California State Antitrust and Unfair Competition Law," *California State Bar*, Chapter 22: Indirect Purchaser Actions, 2010 Update. *Professional Affiliations:* United States District Court, Northern District of California, Special Master, Standing Committee on Professional Conduct (appointment) (2008–2011); State Bar of California, Antitrust and Unfair Competition Law Section, Executive Committee, Member (appointment) (2005–2010), Secretary (2007–2009), First Vice-Chair (2009–2010), Advisory Committee (2010– present).

## CLASS ACTION LITIGATION

The following are some additional class action cases in which the firm of Saveri & Saveri actively participated as class counsel:

*In re NASDAQ Market-Makers Antitrust Litigation*, MDL No. 1023, United States District Court, Southern District of New York. A nationwide class action on behalf of purchasers of securities on the NASDAQ market alleging a violation of the Sherman Act for fixing the spread between the quoted buy and sell prices for the securities sold on the NASDAQ market.

*In re Potash Antitrust Litigation*, MDL No. 981, United States District Court, District of Minnesota, Third Division. A class action on behalf of all direct purchasers of potash throughout the United States alleging a horizontal price fix.

*In re Airline Ticket Commission Antitrust Litigation*, MDL No. 1058, Untied States District Court, District of Minnesota. A class action alleging that the major airlines conspired to fix travel agents' commission rates.

*Pharmaceutical Cases I, II, and III*, Judicial Council Coordination Proceeding Nos. 2969, 2971, and 2972, San Francisco Superior Court. A certified class action on behalf of all California consumers against the major drug manufacturers for fixing the price of all brand name prescription drugs sold in California.

*Perish et. al. v. Intel Corporation*, Civ. No. 755101, Santa Clara Superior Court. A nationwide class action on behalf of purchasers of Intel Pentium chips alleging consumer fraud and false advertising.

*In re Carpet Antitrust Litigation*, MDL No. 1075, United States District Court, Northern District of Georgia, Rome Division. A nationwide class action on behalf of all direct purchasers of polypropylene carpet alleging a horizontal price fix.

*In re California Indirect-Purchaser Plasticware Antitrust Litigation*, Civ. Nos. 961814, 963201, 963590, San Francisco Superior Court. A class action on behalf of indirect purchasers of plasticware alleging price-fixing.

*In re Worlds of Wonder Securities Litigation*; No. C-87-5491 SC, United States District Court, Northern District of California.

*Pastorelli Food Products, Inc. v. Pillsbury Co., et al.*, No. 87C 20233, United States District Court, Northern District of Illinois.

*Red Eagle Resources Corp., et al. v. Baker Hughes Incorporated, et al.*, No. 91-627 (NWB) (Drill Bits Litigation) United States District Court, Southern District of Texas, Houston Division.

*In re Wirebound Boxes Antitrust Litigation*, MDL No. 793, United States District Court, District of Minnesota, Fourth Division. A nationwide class action on behalf of purchasers of wirebound boxes alleging a horizontal price fix.

*In re Bulk Popcorn Antitrust Litigation*, No. 3-89-710, United States District Court, District of Minnesota, Third Division. A nationwide class action on behalf of direct purchasers of bulk popcorn alleging price-fixing.

*Nancy Wolf v. Toyota Sales, U.S.A. and Related Cases*, No. C 94-1359, MHP, 1997 WL 602445 (N.D. Cal. 1997) United States District Court, Northern District of California. A nationwide class action on behalf of Toyota car purchasers alleging consumer fraud.

*Mark Notz v. Ticketmaster - Southern, and Related Cases*, No. 943327, San Francisco Superior Court. A consumer class action alleging a territorial allocation in violation of the Cartwright Act.

*Neve Brothers, et al. v. Potash Corporation, et. al.*, No. 959867, San Francisco Superior Court. A class action on behalf of indirect purchasers of potash in California for price-fixing.

*In re Chrysler Corporation Vehicle Paint Litigation*, MDL No. 1239. Nationwide class action on behalf of owners of delaminating Chrysler vehicles.

*Miller v. General Motors Corporation*, Case No. 98 C 7836, United States District Court, Northern District of Illinois. Nationwide class action alleging a defective paint process which causes automobile paint to peel off when exposed to ordinary sunlight.

## ANTITRUST LITIGATION

The following list outlines some of the Antitrust litigation in which the firm of Saveri & Saveri has been involved:

1. *Union Carbide & Carbon Corp. v. Nisley*, 300 F. 2d 561 (10th Cir. 1960)

2. *Continental Ore. Co. v. Union Carbide and Carbon Corp.*, 370 U.S. 690 (1962)

3. *Public Service C. of N.M. v. General Elec. Co.*, 315 F.2d 306 (10th Cir. 1963)

4. *State of Washington v. General Elec. Co.*, 246 F.Supp. 960 (W.D. Wash. 1965)

5. *Nurserymen's Exchange v. Yoda Brothers, Inc.*

6. *Bel Air Markets v. Foremost Dairies Inc.*, 55 F.R.D. 538 (N.D. Cal. 1972)

7. *In re Western Liquid Asphalt Case*, 487 F.2d 191 (9th Cir. 1973)

8. *In re Gypsum Cases*, 386 F.Supp. 959 (N.D. Cal. 1974)

9. *City of San Diego, et al. v. Rockwell Manufacturing Company*

10. *In re Private Civil Treble Damage Actions Against Certain Snack Food Companies*, Civil No. 70-2121-R

11. *In re Sugar Antitrust Litigation*, MDL No. 201, 559 F.2d 481 (9th Cir. 1977)

- 12 -

12.   ***Sun Garden Packing Co. v. International Paper Co., et al.***, No. C-72-52,

13.   ***In re Folding Carton Antitrust Litigation***, MDL No. 250

14.   ***In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 4-72 Civ 435 et al.***, 410 F. Supp. 706 (D. Minn. 1975)

15.   ***Building Services and Union Health and Welfare Trust Fund, Plaintiff, v. Charles Pfizer Company, et al.***, No. 4-71 Civ. 435; No. 4-71 Civ. 413

16.   ***In re Fine Paper Antitrust Litigation***, MDL No. 325

17.   ***In re Armored Car Antitrust Litigation***, CA No. 78-139A, 472 F.Supp. 1357 (N.D. Ga. 1979)

18.   ***In re Ocean Shipping Antitrust Litigation***, MDL No. 395, 500 F.Supp. 1235 (3d Cir. 1984)

19.   ***In re Corn Derivatives Antitrust Litigation***, MDL No. 414, 500 F.Supp. 1235 (1980)

20.   ***In re Coconut Oil Antitrust Litigation***, MDL No. 474

21.   ***Garside v. Evwerest & Jennings Intern.***, 586 F.Supp. 389 (D.C. Cal. 1984)

22.   ***Lorries Travel & Tours, Inc. v. SFO Airporter Inc.***, 753 F.2d 790 (9th Cir. 1985)

23.   ***O'Neill Meat Co. v. Elitilly and Company, et al.***, No. 30 C 5093

24.   ***In re Records and Tapes Antitrust Litigation***, No. 82 C 7589, 118 F.R.D. 92 (N.D. Ill 1987)

25.   ***In re Industrial Gas Antitrust Litigation***, No. 80 C 3479, 100 F.R.D. 280 (N.D. Ill 1987)

26.   ***Matter of Superior Beverages/Glass Container Consolidated Pretrial***, No. 83-C512, 137 F.R.D. 119 (N.D. Ill 1990)

27.   ***Big D. Building Corp. v. Gordon W. Wattles, et al.***, MDL No. 652

28.   ***In re Insurance Antitrust Litigation***, MDL No. 767

29.   ***In re Wirebound Boxes Antitrust Litigation***, MDL No. 793

30.   ***In re Domestic Air Transp. Antitrust Litigation***, MDL No. 861, 144 F.R.D. 421 (N.D. Ga. 1992)

31.   ***In re Infant Formula Antitrust Litigation***, MDL No. 878

32.   *Finnegan v. Campeau Corp.*, 915 F.2d 824 (2d Cir. 1990)

33.   *In re Carbon Dioxide Industry Antitrust Litigation*, MDL No. 940, 155 F.R.D. 209

34.   *In re Medical X-Ray Film Antitrust Litigation*, No. CV 93-5904, FB

35.   *In re Bulk Popcorn Antitrust Litigation*, 792 F.Supp. 650 (D. Minn. 1992)

36.   *In re Baby Food Antitrust Litigation*, No. 92-5495, NHP

37.   *In re Potash Antitrust Litigation*, MDL No. 981

38.   *In re Brand Name Prescription Drugs Antitrust Litigation*, MDL No. 997

39.   *In re Citric Acid Antitrust litigation*, MDL No. 1092

40.   *In re NASDAQ Market-Makers Antitrust Litigation*, MDL No. 1023

41.   *In re Airline Ticket Commission Antitrust Litigation*, MDL No. 1058

42.   *Pharmaceutical Cases I, II, and III*, J.C.C.P. Nos. 2969, 2971, and 2972, San Francisco Superior Court

43.   *In re Carpet Antitrust Litigation*, MDL No. 1075

44.   *In re California Indirect-Purchaser Plasticware Antitrust Litigation*, Nos. 961814, 963201, 963590, San Francisco Superior Court

45.   *Pastorelli Food Products, Inc. v. Pillsbury Co., et al.*, No. 87C 20233

46.   *Red Eagle Resources Corp., et al. v. Baker Hughes Incorporated, et al.*, No. 91-627 (NWB) (Drill Bits Litigation)

47.   *Mark Notz v. Ticketmaster - Southern, and Related Cases*, No. 943327, San Francisco Superior Court

48.   *Neve Brothers, et al. v. Potash Corporation, et al.*, No. 959867, San Francisco Superior Court

49.   *Food Additives (Citric Acid) Cases*, J.C.C.P. No. 3625, Master File No. 974-120

50.   *Biljac v. Bank of America, et al.*

51.   *Diane Barela, et al v. Ralph's Grocery Company, et al.*, No. BC070061, Los Angeles Superior Court

- 14 -

52.     ***Leslie K. Bruce, et al v. Gerber Products Company, et al.***, No. 948-857, San Francisco Superior Court

53.     ***In re California Indirect Purchaser Medical X-Ray Film Antitrust Litigation***, Master File No. 960886

54.     ***Lee Bright v. Kanzaki Specialty Papers, Inc., et al.***, No. 963-598, San Francisco Superior Court

55.     ***Neve Brothers v. Potash Corporation of America, et al.***, No. 959-767, San Francisco Superior Court

56.     ***Gaehwiler v. Sunrise Carpet Industries Inc., et al.***, No. 978345, San Francisco Superior Court

57.     ***In re Commercial Tissue Products Antitrust Litigation***, MDL No. 1189

58.     ***Sanitary Paper Cases I and II***, Judicial Council Coordination Proceedings Nos. 4019 & 4027

59.     ***Gaehwiler v. Aladdin Mills, Inc., et al.***, No. 300756, San Francisco Superior Court

60.     ***In re Flat Glass Antitrust Litigation***, MDL No. 1200

61.     ***Flat Glass Cases***, J.C.C.P. No. 4033

62.     ***Sorbate Prices Cases***, J.C.C.P. No. 4073

63.     ***In re Stock Options Trading Antitrust Litigation***, MDL No. 1283

64.     ***In re Vitamin Antitrust Litigation***, MDL No. 1285

65.     ***In re Sorbates Direct Purchaser Antitrust Litigation***, Master File No. C 98-4886 CAL

66.     ***Vitamin Cases***, J.C.C.P. No. 4076

67.     ***In re PRK/Lasik Consumer Litigation***, Master File No. CV 772894, Santa Clara Superior Court

68.     ***In re Nine West Shoes Antitrust Litigation***, Master File No. 99-CV-0245 (BDP)

69.     ***Food Additives (HFCS) Cases***, J.C.C.P. No. 3261

70.     ***In re Toys "R" Us Antitrust Litigation***, MDL No. 1211

71.     *Cosmetics Cases*, J.C.C.P. No. 4056

72.     *In re Methionine Antitrust Litigation*, MDL No. 1311

73.     *Bromine Cases*, J.C.C.P. No. 4108

74.     *Fu's Garden Restaurant v. Archer-Daniels-Midland, et al.,* No. 304471, San Francisco Superior Court

75.     *Thomas & Thomas Rodmakers, Inc., et al. v. Newport Adhesives and Composites, Inc., et al.*, No. CV 99-07796 GHK

76.     *In re Monosodium Glutamate Antitrust Litigation*, MDL No. 1328

77.     *California Indirect Purchaser Auction House Cases*, Master Case No. 310313

78.     *In re Cigarette Antitrust Litigation*, MDL No. 1342

79.     *Cigarette Price Fixing Cases*, J.C.C.P. No. 4114

80.     *Microsoft Cases*, J.C.C.P. No. 4106

81.     *Compact Disk Cases*, J.C.C.P. No. 4123

82.     *In re Compact Disc Minimum Advertised Price Antitrust Litigation*, MDL No. 1361

83.     *In re Ciprofloxacin Hydrochloride Antitrust Litigation*, MDL No. 1383

84.     *In re Buspirone Antitrust Litigation*, MDL No. 1413

85.     *In re K-Durr Prescription Drug Antitrust Litigation*, MDL No. 1419

86.     *Carbon Cases*, J.C.C.P. Nos. 4212, 4216 and 4222

87.     *In re Polychloroprene Antitrust Cases*, J.C.C.P. No. 4376

88.     *In re Urethane Cases*, J.C.C.P. No. 4367

89.     *The Harman Press et al. v. International Paper Co. et al.*, (Consolidated Cases) Master File No. CGC-04-432167

90.     *In re Label Stock Cases*, J.C.C.P. No. 4314

91.     *Richard Villa et al. v. Crompton Corporation et al.*, Consolidated Case No. CGC-03-419116, San Francisco Superior Court

92. ***Russell Reidel et al. v. Norfalco LLC et al.***, Consolidated Case No. CGC-03-418080, San Francisco Superior Court

93. ***Smokeless Tobacco Cases I-IV***, J.C.C.P. Nos. 4250, 4258, 4259, and 4262, San Francisco Superior Court

94. ***Natural Gas Antitrust Cases,*** J.C.C.P. No. 4312

95. ***In re Western States Wholesale Natural Gas Litigation***, MDL No. 1566

96. ***In re Automotive Refinishing Paint Cases***, J.C.C.P. No. 4199

97. ***Young et al. v. Federated Department Stores, Inc.***, No. C-04-3514-VRW, United States District Court, Northern District of California

98. ***In re Credit/Debit Card Tying Cases***, J.C.C.P. No. 4335

99. ***In re NBR Cases***, J.C.C.P. No. 4369

100. ***Competition Collision Center, LLC v. Crompton Corporation et al.***, No. CGC-04-431278, San Francisco Superior Court

101. ***In re Urethane Chemicals Antitrust Litigation***, MDL No. 1616

102. ***In re Rubber Chemicals Antitrust Litigation***, MDL No. 1648

103. ***Carpinelli et al. v. Boliden AB et al.,*** Master File No. CGC-04-435547, San Francisco Superior Court

104. ***Automobile Antitrust Cases I and II***, J.C.C.P. Nos. 4298 and 4303

105. ***In re Currency Conversion Fee Antitrust Litigation***, MDL No. 1409

106. ***In re Dynamic Random Access Memory (DRAM) Antitrust Litigation***, MDL No. 1486

107. ***In re Publication Paper Antitrust Litigation***, MDL No. 1631

108. ***In re Insurance Brokerage Antitrust Litigation,*** MDL No. 1663

109. ***In re Hydrogen Peroxide Antitrust Litigation***, MDL No. 1682

110. ***In re Intel Corp. Microprocessor Antitrust Litigation***, MDL No. 1717

111. ***In re Air Cargo Shipping Services Antitrust Litigation***, MDL No. 1775

112.   *In re International Air Transportation Surcharge Antitrust Litigation*, MDL No. 1793

113.   *Carbon Black Cases*, J.C.C.P. No. 4323

114.   *Madani, et al. v. Shell Oil Co., et al.*, No. 07-CV-04296 MJJ

115.   *In re Static Random Access Memory (SRAM) Antitrust Litigation*, MDL No. 1819

116.   *In re Flash Memory Antitrust Litigation,* No. 4:07-CV-00086 SBA

117.   *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827

118.   *In re Korean Air Lines Co., Ltd., Antitrust Litigation*, MDL No. 1891

119.   *In re Fasteners Antitrust Litigation*, MDL No. 1912

120.   *In re Transpacific Passenger Air Transportation Antitrust Litigation*, MDL No. 1913

121.   *In re Cathode Ray Tube (CRT) Antitrust Litigation,* MDL No. 1917

122.   *In re Chocolate Confectionary Antitrust Litigation,* MDL No. 1935

123.   *In re Flat Glass Antitrust Litigation (II),* MDL No. 1942

124.   *In re Municipal Derivatives Antitrust Litigation,* MDL No. 1950

125.   *In re Aftermarket Filters Antitrust Litigation,* MDL No. 1957

126.   *In re Puerto Rican Cabotage Antitrust Litigation,* MDL No. 1960

127.   *In re Hawaiian and Guamanian Cabotage Antitrust Litigation,* MDL No. 1972

128.   *In re California Title Insurance Antitrust Litigation,* No. 08-01341 JSW

129.   *In re Optical Disk Drive (ODD) Antitrust Litigation*, MDL. No. 2143

130.   *Kleen Products LLC, et al. v. Packaging Corporation of America, et al.*, No. 10-5711

131.   *In re Automotive Parts Antitrust Litigation*, MDL No. 2311

132.   *In re On-Line Travel Company (OTC)/Hotel Booking Antitrust Litigation*, MDL No. 2405

133.   *In re Lithium Ion Batteries Antitrust Litigation,* MDL No. 2420