# EXHIBIT B

[UNREDACTED VERSION]



# STANDARD TERMS

CONFIDENTIAL

CostcoCRT_000100224

### PriceCostco STANDARD TERMS

*(May 1994)*

These terms and conditions ("Standard Terms") apply to every shipment and sale of merchandise from Vendor either to The Price Company ("Price") or Costco Wholesale Corporation ("Costco") or affiliates or licensees for whom Price and Costco act as purchasing agents ("Affiliate Purchasers"), unless otherwise agreed in writing signed by Price and Costco and by Vendor. Each purchase will be made in the trade name of "PriceCostco," but will be for the account of either Price or Costco or both, or of one of the Affiliate Purchasers. The term "PriceCostco" as used below means Price, Costco and/or Affiliate Purchasers for which the purchase is being made.

1. **MERCHANDISE.** "Merchandise" includes all goods described in any PriceCostco Purchase Order to Vendor and all packaging, instructions, warnings, warranties and other materials and services normally included with such merchandise. Packing (including pallets) shall comply with all requirements of the carrier and PriceCostco, and its cost is included in the Merchandise's price. Pallets must be standard #1 quality, 4 way entry (40" x 48") made of GMA hardwood. Double runners or stringers are not acceptable.

2. **PURCHASE ORDERS.** Vendor may ship only against a written PriceCostco purchase order ("Purchase Order"). A Purchase Order shall be considered an acceptance of any offer to sell by Vendor. Also, shipment in response to a Purchase Order is acceptance of the Purchase Order and of these Standard Terms. Except as ordered in a written Purchase Order, projections, past purchasing history, and representations about quantities to be purchased are not binding and PriceCostco shall not be liable for any act or expenditure (including expenditures for materials or packaging) by Vendor in reliance on them.

3. **P.O. & ITEM NUMBER.** Vendor shall mark all invoices, bills of lading, and packing lists to show legibly the complete PriceCostco Purchase Order and Item number(s) to which they relate.

4. **DOCUMENTS.** Vendor shall comply with all billing, payment and document instructions in the PriceCostco Vendor Credit Information, as it may be revised from time to time. On the date any Merchandise is shipped, Vendor shall send to the "Bill To" address an original bill of lading, a packing list showing the number and contents of each package and an invoice. The actual scale weights or approved shipping weights, shall be shown on all bills of lading and other shipping documents.

5. **PRICE CHANGES.** The prices on PriceCostco's Purchase Order are not subject to any increase or additional charges because of increased cost, any change in law or any other reason. Also, Vendor will give PriceCostco 30 days advance written notice of any price change.

6. **PAYMENT.** Unless otherwise agreed in writing, PriceCostco shall not be obligated to pay any invoice until thirty days after delivery is completed under paragraph 7 below.

7. **DELIVERY.** Except as otherwise stated in the Purchase Order, sales are on a delivered basis and Vendor's delivery of the Merchandise will occur and risk of loss will pass only when and to the extent conforming Merchandise has been received at the PriceCostco warehouse or depot designated in the Purchase Order and a PriceCostco employee has signed the bill of lading or other shipping document acknowledging that receipt. This applies even if PriceCostco arranges carriage, designates the carrier and/or pays the freight. However, if the Purchase Order designates an FOB sale with delivery to an ocean port or carrier for ocean shipment, the terms of sale and delivery will be FOB Vessel Incoterms 1990. Vendor will be responsible for making all claims with the carrier for all losses or damages.

8. **LATE SHIPMENT.** PriceCostco may at any time cancel any shipment not actually received by PriceCostco by the "Ship To Arrive Date" shown on the applicable Purchase Order, without cost or further obligation to PriceCostco. Vendor shall notify PriceCostco immediately if any shipment will not occur in time to arrive by this "Ship To Arrive Date". Vendor shall ship back orders and late shipments only to the extent authorized in writing by PriceCostco, and only on a freight prepaid basis at Vendor's expense.

9. **COMPLIANCE WITH LAWS.** Vendor warrants all Merchandise to be manufactured, processed, packaged, labeled, marked, tagged, tested, certified, weighed, inspected, shipped and sold in compliance with all applicable federal, state, provincial and local laws and regulations, including by way of example all laws and regulations relating to health, safety, serial numbers, labelling and country of origin designation; all FDA, toxic substances, OSHA and EPA regulations; and the requirements of California Proposition 65. Vendor agrees to execute and furnish to PriceCostco, on request, all reasonable certifications, guaranties and other documents regarding compliance with such laws and regulations.

10. **U.L.; CSA.** All electrical Merchandise must be approved by Underwriter's Laboratories, Inc. (and CSA if to be resold in Canada) and bear a certificate to that effect.

11. **ABILITY TO SELL.** Vendor warrants and represents to PriceCostco that the Merchandise and its resale will not infringe any patent, trademark, copyright or other right; that the Merchandise is without defects and has adequate warnings and instructions; and that Vendor is not a party to any

agreement or understanding, and that there is no other impediment or restriction, that prohibits or prevents Vendor from selling and delivering the Merchandise to PriceCostco or prohibits PriceCostco from reselling the Merchandise to its members.

12. **REJECTION**. PriceCostco at its option may, at any time, reject (or revoke acceptance of) and either return to the Vendor or hold at Vendor's risk and expense, any Merchandise, shipment or portion thereof that is non-conforming, or that is shipped contrary to PriceCostco's instructions, or that is in excess of the quantities covered by the Purchase Order, or that allegedly contains any defect or inadequate warnings or instructions, or allegedly violates any law, regulation, or court or administrative order, or allegedly infringes any patent, tradename, trademark, copyright or other right. Payment of any invoice does not limit PriceCostco's right to reject or revoke acceptance. Vendor hereby assumes, and shall bear and pay, all risks and expenses of unpacking, examining, repacking, storing, holding and/or reshipping or returning any such Merchandise, and shall reimburse PriceCostco its net landed cost for such merchandise as shown on the books of PriceCostco.

13. **CUSTOMER RETURNS**. PriceCostco may reject or revoke acceptance of any Merchandise returned by PriceCostco's customers for any reason stated in 12 above.

14. **REFUND; OFFSETS**. PriceCostco may offset defective pallet charges and any rebates/incentive allowances owed it against amounts PriceCostco owes to Vendor, and may at the end of a season hold back against amounts owed a reasonable reserve for future claims. At PriceCostco's option, Vendor shall grant a full refund to PriceCostco or, if PriceCostco so elects, a credit or replacement with respect to any shipment, Merchandise or portion thereof that PriceCostco rejects or revokes acceptance; and PriceCostco may offset any such amounts against amounts PriceCostco owes to Vendor.

15. **INDEMNITY**. Vendor shall defend, hold harmless and indemnify PriceCostco from and against any and all claims, actions, liabilities, losses, fines, penalties, costs and expenses (including attorneys' fees) arising out of:

(a) Any actual or alleged infringement of any patent, trademark, copyright or other right relating to any Merchandise, or other breach of these Standard Terms,

(b) Any actual or alleged death of or injury to any person, damage to any property, or any other damage or loss, by whomsoever suffered, claimed to result in whole or in part from any actual or alleged defect in such Merchandise, whether latent or patent, including any alleged failure to provide adequate warnings, labelling or instructions, or

(c) Any actual or alleged violation of any law, statute or ordinance or any administrative order, rule or regulation relating to the Merchandise, or to its manufacture, shipment, labelling, use or sale, or any failure to provide an MSDS or certification, or

(d) Any act, activity or omission of Vendor, including activities on PriceCostco premises and the use of any vehicle, equipment, fixture or material of Vendor in connection with any sale to or service for PriceCostco.

These indemnities and obligations of Vendor shall not be affected or limited in any way by PriceCostco's extension of warranties to its customers, or by any approval, act or omission of PriceCostco. Vendor shall have no obligation to defend, hold harmless and indemnify PriceCostco for PriceCostco's sole negligence or intentional acts.

16. **INSURANCE**. Vendor shall obtain and maintain, at its expense, a policy or policies of general liability insurance and product liability insurance with respect to the Merchandise, with a vendor's endorsement naming each of PriceCostco, Inc., Price and Costco as additional insureds, in such amounts, with such companies and containing such other provisions as PriceCostco may reasonably require. The coverage shall not be terminated without at least 30 days prior written notice to PriceCostco.

17. **RECALLS**. In the event Merchandise is the subject of a recall, Vendor shall be responsible for the recall and for all expenses and losses incurred by PriceCostco in recalling the merchandise and in shipping it to Vendor, including refunds to customers and PriceCostco's net landed cost of unsold Merchandise.

18. **TAXES**. PriceCostco's purchase is for resale unless PriceCostco states otherwise in writing Vendor's invoicing PriceCostco for any tax shall constitute a warranty that Vendor is duly registered with the taxing agency which levies the tax. If Vendor does not remit the tax to the appropriate agency, or if a subsequent tax is assessed by the agency against PriceCostco, Vendor shall reimburse PriceCostco for all amounts of tax PriceCostco has remitted to Vendor on this and previous transactions and Vendor shall defend, indemnify and hold harmless PriceCostco against all losses, penalties, interest and expenses (including attorney fees).

19. **OTHER REMEDIES**. The exercise of any remedy herein shall be without prejudice to any other right or remedy available to either party.

20. **DISPUTES AND ARBITRATION**. All claims and disputes that (1) are between Vendor and PriceCostco and (2) arise out of or relate to these Standard Terms or any agreement between Vendor and PriceCostco or to their performance or breach (including any tort or statutory claim) ("Arbitrable

Claims"), shall be arbitrated under the Commercial Arbitration Rules of the American Arbitration Association ("AAA"), in English at Seattle, Washington, before one neutral arbitrator who may be a national of any party and who shall be a member of the AAA's Large Complex Case Panel. All documents and information relevant to the claim or dispute in the possession of any party shall be made available to the other party not later than sixty (60) days after the demand for arbitration is served, and the arbitrator may permit such depositions or other discovery deemed necessary for a fair hearing. The hearing may not exceed two days. The award shall be rendered within 120 days of the demand. The arbitrator may award interim and final injunctive relief and other remedies, but may not award punitive damages. No time limit herein is jurisdictional. Any award of the arbitrator (including awards of interim or final remedies) may be confirmed or enforced in any court having jurisdiction. Notwithstanding the above, PriceCostco or Vendor may bring court proceedings or claims against each other (i) solely as part of separate litigation commenced by an unrelated third party, or (ii) if not first sought from the arbitrator, solely to obtain in the state or federal courts in King County, Washington, temporary or preliminary injunctive relief or other interim remedies pending conclusion of the arbitration.

21. **VENUE; ATTORNEYS' FEES.** Vendor consents to the personal jurisdiction and venue of the federal and state courts in King County, Washington, for any court action or proceeding. The prevailing party in any arbitration or court action or proceeding shall be awarded its reasonable attorneys' fees.

22. **GOVERNING LAW.** These Standard Terms and all agreements between Vendor and PriceCostco shall be governed by and construed according to the laws of the state of Washington.

23. **SEVERABILITY.** If any provision of these Standard Terms or of any agreement between Vendor and PriceCostco is held invalid or unenforceable, it shall be so held to the minimum extent required by law and all other provisions shall remain valid and enforceable.

24. **BAR CODES.** Vendor shall place on all Merchandise sold to PriceCostco an accurate Universal Product Code ("UPC") that complies with the written PriceCostco Uniform Product Code Requirements, as amended from time to time. Vendor will promptly supply PriceCostco with its 12 digit manufacturer assigned UPC number. If Vendor does not place an accurate UPC on any Merchandise, PriceCostco will incur internal costs and may assess Vendor a reasonable handling charge.

25. **CALIF. PROP. 65.** Vendor represents it is fully aware of, and agrees to comply with, California Proposition 65 (Calif. Health & Safety Code 25249.5-25249.12) and its implementing regulations (22 Calif. Admin. Code § 601), including the following:

(1) The Merchandise must not contain chemicals known to the State of California to cause cancer or reproductive toxicity, or, if they do,

(2) The quantity of the chemical in question is in compliance with the Federal and California standards, or the Merchandise must carry a warning label that complies with California law.

Vendor shall provide PriceCostco a current MSDS meeting the requirements of OSHA regulations and California Admin. Code, Title 8, § 5194, or a statement from the manufacturer that no MSDS is legally required for the Merchandise.

26. **OZONE LAWS; LABELS.** Vendor represents and certifies that:

(1) No Merchandise contains any foam or other substances ("Banned Substances") banned under regulations adopted by the U.S. Environmental Protection Agency ("EPA"); and

(2) The Merchandise either (a) does not contain and/or are not manufactured with the use of any Class I or Class II Ozone-Depleting Chemicals ("ODCs"), or (b) is properly labelled in full compliance with EPA regulations and other applicable laws and regulations; and

(3) The Merchandise is otherwise labelled in full compliance with other federal, state, provincial, and local laws and regulations pertaining to product labelling.

(*)

CONFIDENTIAL   CostcoCRT_000100227

### PriceCostco STANDARD TERMS
*(May 1994)*

These terms and conditions ("Standard Terms") apply to every shipment and sale of merchandise from Vendor either to The Price Company ("Price") or Costco Wholesale Corporation ("Costco") or affiliates or licensees for whom Price and Costco act as purchasing agents ("Affiliate Purchasers"), unless otherwise agreed in writing signed by Price and Costco and by Vendor. Each purchase will be made in the trade name of "PriceCostco," but will be for the account of either Price or Costco or both, or of one of the Affiliate Purchasers. The term "PriceCostco" as used below means the entity or entities for which the purchase is being made.

1. **MERCHANDISE.** "Merchandise" includes all goods described in any PriceCostco Purchase Order to Vendor and all packaging, instructions, warnings, warranties and other materials and services normally included with such merchandise. Packing (including pallets) shall comply with all requirements of the carrier and PriceCostco, and its cost is included in the Merchandise's price. Pallets must be standard #1 quality, 4-way entry (40" x 48") made of GMA hardwood and double runners or stringers are not acceptable.

2. **PURCHASE ORDERS.** Vendor may ship only against a written PriceCostco purchase order ("Purchase Order"). A Purchase Order shall be considered an acceptance of any offer to sell by Vendor. Also, shipment in response to a Purchase Order is acceptance of the Purchase Order and of these Standard Terms. Except as ordered in a written Purchase Order, projections and representations about quantities to be purchased are not binding and PriceCostco shall not be liable for any act or expenditure by Vendor in reliance on them.

3. **P.O. & ITEM NUMBER.** Vendor shall mark all invoices, bills of lading, and packing lists to show legibly the complete PriceCostco Purchase Order and Item number(s) to which they relate.

4. **DOCUMENTS.** Vendor shall comply with all billing, payment and document instructions in the Price Costco Vendor Credit Information, as it may be revised from time to time. On the date any Merchandise is shipped, Vendor shall send to the "Bill To" address an original bill of lading, a packing list showing the number and contents of each package and an invoice. The actual scale weights or approved shipping weights, shall be shown on all bills of lading and other shipping documents.

5. **PRICES CHANGES.** The prices on PriceCostco's Purchase Order are not subject to any increase or additional charges because of increased cost, any change in law or any other reason. Also, Vendor will give PriceCostco 30 days' advance written notice of any price change.

6. **PAYMENT.** Unless otherwise agreed in writing, PriceCostco shall not be obligated to pay any invoice until thirty days after delivery is completed under paragraph 7 below.

7. **DELIVERY.** Except as otherwise stated in the Purchase Order, sales are on a delivered basis and Vendor's delivery of the Merchandise will occur and risk of loss will pass only when and to the extent conforming Merchandise has been received at the PriceCostco warehouse or depot designated in the Purchase Order and a PriceCostco employee has signed the bill of lading or other shipping document acknowledging that receipt. This applies even if PriceCostco arranges carriage, designates the carrier or pays the freight. However, if the Purchase Order designates an FOB sale with delivery to an ocean port or carrier for ocean shipment, the terms of sale and delivery will be FOB Vessel Incoterms 1990. Vendor will be responsible for making all claims with the carrier for all losses or damages.

8. **LATE SHIPMENT.** PriceCostco may at any time cancel any shipment not actually received by PriceCostco by the "Ship To Arrive Date" shown on the applicable Purchase Order, without cost or further obligation to PriceCostco. Vendor shall notify PriceCostco immediately if any shipment will not occur in time to arrive by this "Ship To Arrive Date". Vendor shall ship back orders and late shipments only to the extent authorized in writing by PriceCostco, and only on a freight prepaid basis at Vendor's expense.

9. **COMPLIANCE WITH LAWS.** Vendor warrants all Merchandise to be manufactured, processed, packaged, labeled, marked, tagged, tested, certified, inspected, shipped and sold in compliance with all applicable federal, state, provincial and local laws and regulations, including by way of example all laws and regulations relating to health, safety, serial numbers, labelling and country of origin designation; all FDA, toxic substances, OSHA and EPA regulations; and the requirements of California Proposition 65. Vendor agrees to execute and furnish to PriceCostco, on request, all reasonable certifications, guaranties and other documents regarding compliance with such laws and regulations.

10. **U.L.; CSA.** All electrical Merchandise must be approved by Underwriter's Laboratories, Inc.

deb\vendor\52579.11
3/17/97 1:14PM

Form A.5 (5/94)

CONFIDENTIAL

CostcoCRT_000100228

(and CSA if to be resold in Canada) and bear a certificate to that effect.

11. **ABILITY TO SELL.** Vendor warrants and represents to PriceCostco that the Merchandise and its resale will not infringe any patent, trademark, copyright or other right; and that Vendor is not a party to any agreement or understanding, and that there is no other impediment or restriction, that prohibits or prevents Vendor from selling and delivering the Merchandise to PriceCostco or PriceCostco from reselling the Merchandise to its members.

12. **REJECTION.** PriceCostco at its option may, at any time, reject (or revoke acceptance of) and either return to the Vendor or hold at Vendor's risk and expense, any Merchandise, shipment or portion thereof that is non-conforming, or that is shipped contrary to PriceCostco's instructions, or that is in excess of the quantities covered by the Purchase Order, or that allegedly contains any defect or inadequate warnings or instructions, or allegedly violates any law, regulation, or court or administrative order, or allegedly infringes any patent, tradename, trademark, copyright or other right. Payment of any invoice does not limit PriceCostco's right to reject or revoke acceptance. Vendor hereby assumes, and shall bear and pay, all risks and expenses of unpacking, examining, repacking, storing, holding and/or reshipping or returning any such Merchandise, and shall reimburse PriceCostco its net landed cost for such merchandise as shown on the books of PriceCostco.

13. **CUSTOMER RETURNS.** PriceCostco may reject or revoke acceptance of any Merchandise returned by PriceCostco's customers for any reason stated in 12 above.

14. **REFUND: OFFSETS.** At PriceCostco's option, Vendor shall grant a full refund to PriceCostco or, if PriceCostco so elects, a credit or replacement with respect to any shipment, Merchandise or portion thereof that PriceCostco rejects or revokes acceptance; and PriceCostco may offset any such amounts against amounts PriceCostco owes to Vendor. PriceCostco may offset defective pallet charges and any rebates/incentive allowances owed it against amounts PriceCostco owes to Vendor. PriceCostco may at the end of a season hold back a reasonable reserve for future claims against amounts owed.

15. **INDEMNITY.** Vendor shall defend, hold harmless and indemnify PriceCostco from and against any and all claims, actions, liabilities, losses, fines, penalties, costs and expenses (including attorneys' fees) arising out of:

(a) Any actual or alleged infringement of any patent, trademark, copyright or other right relating to any Merchandise, or other breach of paragraph 11 above.

(b) Any actual or alleged death of or injury to any person, damage to any property, or any other damage or loss, by whomsoever suffered, claimed to result in whole or in part from any actual or alleged defect in such Merchandise, whether latent or patent, including any alleged failure to provide adequate warnings, labelling or instructions, or

(c) Any actual or alleged violation of any law, statute or ordinance or any administrative order, rule or regulation relating to the Merchandise, or to its manufacture, shipment, labelling, use or sale, or any failure to provide an MSDS or certification, or

(d) Any act, activity or omission of Vendor, including activities on PriceCostco premises and the use of any vehicle, equipment, fixture or material of Vendor in connection with any sale to or service for PriceCostco.

These indemnities and obligations of Vendor shall not be affected or limited in any way by PriceCostco's extension of warranties to its customers, or by any approval, act or omission of PriceCostco.

16. **INSURANCE.** Vendor shall obtain and maintain, at its expense, a policy or policies of general liability insurance and product liability insurance with respect to the Merchandise, with a vendor's endorsement naming PriceCostco, Inc., Price and Costco as additional insureds, in such amounts, with such companies and containing such other provisions as PriceCostco may reasonably require. The coverage shall not be terminated without at least 30 days' prior written notice to PriceCostco.

17. **RECALLS.** In the event Merchandise is the subject of a recall, Vendor shall be responsible for the recall and for all expenses and losses incurred by PriceCostco in recalling the merchandise and in shipping it to Vendor, including refunds to customers and PriceCostco's net landed cost of unsold Merchandise.

18. **TAXES.** PriceCostco's purchase is for resale unless PriceCostco states otherwise in writing. Vendor's invoicing PriceCostco for any tax shall constitute a warranty that Vendor is duly registered

with the taxing agency which levies the tax. If Vendor does not remit the tax to the appropriate agency, or if a subsequent tax is assessed by the agency against PriceCostco, Vendor shall reimburse PriceCostco for all amounts of tax PriceCostco has remitted to Vendor on this and previous transactions and Vendor shall indemnify and hold harmless PriceCostco against all losses, penalties, interest and expenses (including attorneys fees).

19. **OTHER REMEDIES**. The exercise of any remedy herein shall be without prejudice to any other right or remedy available to either party.

20. **DISPUTES AND ARBITRATION**. All claims and disputes that (1) are between Vendor and Price, Costco and/or a Foreign Purchaser, and (2) arise out of or relate to these Standard Terms or any agreement between Vendor and PriceCostco or to their performance or breach (including any tort or statutory claim), shall be arbitrated under the Commercial Arbitration Rules of the American Arbitration Association (AAA"), in English at Seattle, Washington, before one neutral arbitrator who may be a national of any party and who shall be a member of the AAA's Large Complex Case Panel. All documents and information relevant to the claim or dispute in the possession of any party shall be made available to the other party not later than sixty (60) days after the demand for arbitration is served, and the arbitrator may permit such depositions or other discovery deemed necessary for a fair hearing. The hearing may not exceed two days. The award shall be rendered within 120 days of the demand and may not include punitive damages. No time limit herein is jurisdictional. The award of the arbitrator may be confirmed or enforced in any court having jurisdiction. Notwithstanding the above, PriceCostco or Vendor may bring court proceedings or claims against each other as part of separate litigation commenced by an unrelated third party.

21. **VENUE; ATTORNEYS' FEES**. Vendor consents to the personal jurisdiction and venue of the federal and state courts in King County, Washington, for any court action or proceeding. The prevailing party in any arbitration or court action or proceeding shall be awarded its reasonable attorneys' fees.

22. **GOVERNING LAW**. These Standard Terms and all agreements between Vendor and PriceCostco shall be governed by and construed according to the laws of the state of Washington.

23. **SEVERABILITY**. If any provision of these Standard Terms or of any agreement between Vendor and PriceCostco is held invalid or unenforceable, it shall be so held to the minimum extent required by law and all other provisions shall remain valid and enforceable.

24. **BAR CODES**. Vendor shall place on all Merchandise sold to PriceCostco an accurate Universal Product Code ("UPC") that complies with the written PriceCostco Uniform Product Code Requirements, as amended from time to time. Vendor will promptly supply PriceCostco with its 12 digit manufacturer assigned UPC number.

25. **BAR CODE VIOLATIONS**. If Vendor does not place an accurate UPC on any Merchandise, PriceCostco will incur internal costs and may assess a reasonable handling charge.

26. **CALIF. PROP. 65**. Vendor represents it is fully aware of, and agrees to comply with, California Proposition 65 (Calif. Health & Safety Code 25249.5-25249.12) and its implementing regulations (22 Calif. Admin. Code § 601), including the following: (1) The Merchandise must not contain chemicals known to the State of California to cause cancer or reproductive toxicity; or, if they do, (2) The quantity of the chemical in question is in compliance with the Federal and California standards, or the Merchandise must carry a warning label that complies with California law.

Vendor shall provide PriceCostco a current MSDS meeting the requirements of OSHA regulations and California Admin. Code, Title 8, § 5194, or a statement from the manufacturer that no MSDS is legally required for the Merchandise.

27. **OZONE LAWS; LABELS**. Vendor represents and certifies that: (1) No Merchandise contains any foam or other substances ("Banned Substances") banned under regulations adopted by the U.S. Environmental Protection Agency ("EPA"); and (2) The Merchandise either (a) does not contain and/or are not manufactured with the use of any Class I or Class II Ozone-Depleting Chemicals ("ODCs"), or (b) is properly labelled in full compliance with EPA regulations and other applicable laws and regulations; and (3) The Merchandise is otherwise labelled in full compliance with other federal, state and local laws and regulations pertaining to product labelling.

neb\vendor\02579.11
4/17/97 2:14PM

Form A.5 (5/94)

CONFIDENTIAL

CostcoCRT_000100230