# EXHIBIT H

[UNREDACTED VERSION]

**BAKER BOTTS** L.L.P.

THE WARNER
1299 PENNSYLVANIA AVE., NW
WASHINGTON, D.C.
20004-2400

TEL  +1 202.639.7700
FAX  +1 202.639.7890
BakerBotts.com

ABU DHABI    HOUSTON
AUSTIN       LONDON
BEIJING      MOSCOW
BRUSSELS     NEW YORK
DALLAS       PALO ALTO
DUBAI        RIYADH
HONG KONG    **WASHINGTON**

January 10, 2013

David Emanuelson, Esq.
TEL  +1 202.639.7843
FAX  +1 202.585.1018

**BY ELECTRONIC MAIL**

Eric Weiss
PERKINS COIE LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

      Re:    <u>In re CRT Antitrust Litigation, No. 3:07-cv-05944-sc, MDL No. 1917</u>

Dear Eric:

      I am writing to continue our discussions regarding your client's, Costco Wholesale Corporation ("Costco"), discovery obligations in the above-referenced litigation, on behalf of our client, Philips Electronics North America Corporation ("PENAC"), and other Defendants in this case.[1]  As you recall, PENAC served document requests upon Costco that remain outstanding. While we have had some discussions to move your production forward, Costco has yet to produce documents in this case.  PENAC did, however, hold a 30(b)(6) deposition of Geoff Shavey on December 7, 2012, with the primary purpose of developing evidence for our opposition to the indirect purchasers' motion for class certification.

      As you also are aware, certain Toshiba defendants filed a motion to compel arbitration against Costco on August 24, 2012, based on a Vendor Agreement with Costco (f/k/a/ "PriceCostco") that contained the following provision:

> All claims and disputes that (1) are between Vendor and PriceCostco and (2) arise out of or relate to these Standard Terms or any agreement between Vendor and PriceCostco or to their performance or breach (including any tort or statutory claim) ("Arbitrable Claims") *shall be arbitrated . . .*[2]

(emphasis in original).

      On November 7, 2012, Special Master Legge issued a Report and Recommendation ("Report") recommending that Costco and the Toshiba defendants proceed to arbitration.  Costco

---

[1] The LG, Panasonic and Hitachi defendants have specifically signed on to this letter.  Other Defendants have not signed on to this letter but will likely have an interest in the discovery request.

[2] This Vendor Agreement was publicly-filed on November 11, 2012 as Exhibit D to the declaration of Noah G. Purcell.  The arbitration provision is listed in Paragraph 20 in the attached "PriceCostco Standard Terms."  *See* Dkt No. 1458.

**BAKER BOTTS** LLP

- 2 -                                                                                              January 10, 2013

objected to the Report on November 11, 2012, and the issue is currently awaiting a hearing and ruling by Judge Conti.

   PENAC and other Defendants may have an interest in seeking a similar motion to compel arbitration. Before doing so, Defendants must be able to assess whether they are subject to any Vendor Agreement with Costco that relate to the sales of products containing CRTs and contain an arbitration provision. In our December 7, 2013 deposition of Mr. Shavey, Defendants learned that Costco has similar Vendor Agreements with all suppliers, utilizes the same "standard terms" in these agreements, and that these terms are drafted by Costco's legal department.[3]

   Based on this information, Defendants request that Costco immediately search for and produce all Vendor Agreements, or any other agreements containing an arbitration provision, that it had in place with any Defendant relating to the purchase of products incorporating CRTs during the 1995-2007 time period, so that Defendants may assess their rights to seek arbitration with Costco. Production of such documents is required by PENAC's outstanding Request for Production No. 5.[4] Costco should undertake an exhaustive search of its files, without regard to any individual custodians previously discussed, as Defendants' right to arbitrate turn upon the existence of such agreements.

   We also propose that Costco's remaining outstanding discovery obligations should be fulfilled after Costco makes this initial production and Defendants have a reasonable time period to assess their rights to arbitrate, so as limit any potential prejudice upon Costco while we consider our rights.

   If you have any questions regarding our discovery requests or proposal, I am happy to discuss at your convenience.

                                            Sincerely,


                                            /s/ David T. Emanuelson
                                            David T. Emanuelson

---

[3] See Shavey Dep. at 41:3-42-19, 117:14-118:5.
[4] PENAC RFP No. 5 states, "[f]or each purchase or potential purchase by You of any CRT or CRT Product, all contracts, purchase orders, agreements or memoranda of understanding, or any other Document that contains any term or condition of sale, including all exclusive contracts, master purchase agreements, purchase orders, invoices, cost-plus contracts and most-favored-nation contracts, and purchase order acknowledgements."