KENT ROGER (SBN 95987)
MICHELLE PARK CHIU (SBN 248421)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California  94105-1126
Tel:   415.442.1000
Fax:  415.442.1001
Email: kroger@morganlewis.com
           mchiu@morganlewis.com

Attorneys for Third Party
THOMAS SCHMITT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-5944 SC<br><br>MDL No. 1917<br><br>**THIRD PARTY THOMAS SCHMITT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUBPOENA COMMANDING PRODUCTION OF DOCUMENTS** |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, third-party Thomas Schmitt ("Respondent"), by and through his undersigned attorneys Morgan, Lewis & Bockius LLP, hereby objects and responds to the Subpoena served by plaintiff Costco Wholesale Corporation, in conjunction with the Indirect Purchaser Plaintiffs, Direct Purchaser Plaintiffs, Direct Action Plaintiffs, and the Attorney General of California (together, "Plaintiffs"), on May 17, 2013, as follows:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MDL 1917

THIRD PARTY THOMAS SCHMITT'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' SUBPOENA COMMANDING PRODUCTION OF DOCUMENTS

1         Respondent incorporates by reference each and every General Objection set forth below

2 into each and every specific response. Occasionally a specific response may repeat a General

3 Objection for emphasis or some other reason. The failure to repeat any General Objection in any

4 specific response shall not be interpreted as a waiver of any General Objection to that response.

5                                   **GENERAL OBJECTIONS**

6       1.      Respondent objects to the Subpoena and the Definitions, Instructions, and

7 Requests contained therein to the extent that they impose obligations that exceed the scope of

8 Respondent's obligations under the Federal Rules or the Local Rules for the Northern District of

9 California.

10       2.      Respondent objects to the Requests to the extent that they seek production of

11 documents already in Plaintiffs' possession, custody, or control, or that are equally accessible to

12 Plaintiffs as to Respondent.

13       3.      Respondent objects to the Requests, and each request therein, to the extent they

14 seek to impose on Respondent an obligation to investigate or discover information or materials

15 from defendants, third parties, or sources who are equally accessible to Plaintiffs. Respondent, a

16 non-party to this action, should not be put to the time and expense to produce such documents and

17 information.

18       4.      Respondent objects to the Requests to the extent they are overly broad, unduly

19 burdensome and oppressive (including, without limitation, Requests as to which the burden and

20 expense of locating and producing potentially responsive documents, which--if any exist--may be

21 numerous and in numerous different locations, clearly outweighs the probative value--if any--of

22 such documents), and beyond the proper scope of discovery. Such objections shall be made in

23 the short form "overly broad and unduly burdensome."

24       5.      Respondent objects to the Requests to the extent they seek production of

25 documents that are neither relevant to the subject matter of this action nor reasonably calculated

26 to lead to the discovery of admissible evidence.

27       6.      Respondent objects to the Requests to the extent they seek production of

28 documents protected by the attorney-client privilege, work product doctrine, or any other

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

THIRD PARTY THOMAS SCHMITT'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' SUBPOENA COMMANDING PRODUCTION OF DOCUMENTS

1  applicable privileges, doctrine, or immunity.  No such privileged documents or information will

2  be produced at any time, and any inadvertent production thereof shall not be deemed a waiver of

3  any privilege with respect to such documents or information or of any work product doctrine

4  which may attach thereto.

5  7.  Respondent objects to the Requests to the extent they are not set forth with

6  sufficient particularity, and/or are vague, ambiguous, duplicative, and unlimited in scope.

7  8.  Respondent objects to the Requests to the extent they seek documents not

8  currently in Respondent's possession, custody, or control.

9  9.  Respondent objects to the Requests to the extent they seek documents that are no

10  longer readily accessible to Respondent but might exist only in electronic archives or back-up

11  files.  Respondent will not rebuild these electronic archives and back-up files in order to search

12  for documents that may be responsive to the Requests.

13  10.  Respondent objects to the Requests as being overly broad and unduly burdensome

14  to the extent that they seek the production of electronically stored information not reasonably

15  accessible.  Respondent agrees to meet and confer with Plaintiffs' counsel regarding requests for

16  electronically stored information, including any related costs.

17  11.  Respondent objects to the Requests to the extent they seek documents and

18  information that would disclose Respondent's or a third party's respective trade secrets or other

19  confidential research, development, or confidential information protected by the Uniform Trade

20  Secrets Act, any and all rights of privacy under the United States Constitution or Article One of

21  the Constitution of the State of California, or any other applicable state constitution or law,

22  including any copyright or license, or which is otherwise prohibited from disclosure because to do

23  so would cause Respondent to violate legal or contractual obligations to any other persons or

24  entities.

25  12.  Respondent objects to the Requests to the extent they attempt to impose

26  obligations on Respondent and/or seek documents beyond those required to be produced pursuant

27  to the Stipulation and Order Regarding the Production of Electronically Stored Information filed

28  in this case, Dkt. 828 (December 16, 2010) (the "ESI Protocol").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3                                    MDL 1917

THIRD PARTY THOMAS SCHMITT'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' SUBPOENA COMMANDING PRODUCTION OF DOCUMENTS

13.     Respondent's objections, responses, and production of documents are based upon information and writings available to and located by Respondent and his undersigned attorneys as of service of these responses.  Respondent has not completed its investigation of the facts relating to this Subpoena, and all of the information supplied and documents and things that may be produced are based only on such information and documents which are reasonably available and specifically known to Respondent and his attorneys as of the date of service of his response. Therefore, Respondent's objections, responses, and production of documents are without prejudice to his right to supplement and/or amend his objections, responses, and production of documents.

14.     If multiple, identical copies of any document are responsive to any requests herein, only one representative copy will be produced.  Producing more than one identical copy is unduly burdensome and oppressive.

15.     Respondent objects to the use of the terms "YOU" and "YOUR" on the ground that these terms render the Requests in which they appear vague and ambiguous, overly broad, unduly burdensome, oppressive, and beyond the scope of permissible discovery to the extent such definitions expand the scope of inquiry beyond the Respondent himself.

16.     Respondent objects to the use of the term "RELATING TO" to the extent that Plaintiffs' definition is broader than and deviates from the commonly understood definition of this term, on the ground that it renders the Requests in which it appears vague, ambiguous, and overly broad and unduly burdensome.

17.     Respondent objects to the term "DOCUMENT(S)" as used the Subpoena, to the extent this definition is broader than and deviates from the commonly understood definition of the term, on the ground that it renders the Requests in which it appears vague, ambiguous, and overly broad and unduly burdensome.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT'S PRODUCTION REQUEST NO. 1

## PRODUCTION REQUEST NO. 1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

MDL 1917

THIRD PARTY THOMAS SCHMITT'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' SUBPOENA COMMANDING PRODUCTION OF DOCUMENTS

1      Any and all Documents relating to the manufacture or sale of CRTs or CRT Finished

2   Products during the Relevant Period.

3   **RESPONSE TO PRODUCTION REQUEST NO. 1**

4      Respondent reasserts and incorporates each of the General Objections set forth above.

5   Respondent objects to this Request to the extent that it is overly broad and unduly burdensome.

6   Respondent objects to this Request to the extent that it is vague and ambiguous, compound, and

7   improper in form.  Respondent further objects to this Request to the extent it seeks production of

8   documents which are neither relevant to the subject matter of this action nor reasonably

9   calculated to lead to the discovery of admissible evidence.  Respondent objects to this Request to

10  the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or

11  other applicable privilege.  No such privileged documents will be produced.  Respondent objects

12  to this Request to the extent it seeks confidential, proprietary, or highly sensitive information or

13  information that is protected by the right to privacy of any third party that Respondent is

14  obligated to safeguard.  Respondent objects to this Request to the extent it contains duplicative

15  requests, in whole or in part.

16      Subject to and without waiving the foregoing General and Specific Objections,

17  Respondent responds that after a reasonable and diligent search, Respondent has not located any

18  documents responsive to this Request.

19
    Dated: June 21, 2013                          MORGAN, LEWIS & BOCKIUS LLP
20

21
                                                  By  /s/  Michelle Park Chiu
22                                                    Michelle Park Chiu
                                                     Attorneys for Third Party Thomas Schmitt
23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5                                    MDL 1917
THIRD PARTY THOMAS SCHMITT'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' SUBPOENA COMMANDING PRODUCTION OF DOCUMENTS