Hojoon Hwang
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, CA 94105
Tel: 415-512-4000
Fax: 415-512-4077
Email: Hojoon.Hwang@mto.com

*Counsel for Defendants LG Electronics, Inc.,
LG Electronics U.S.A., Inc. and LG Electronics Taiwan Taipei Co. Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS BY DIRECT ACTION PLAINTIFFS | Case No. 07-5944 (SC)<br><br>MDL No. 1917<br><br>**JOINDER OF DEFENDANTS LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., AND LG ELECTRONICS TAIWAN TAIPEI CO. LTD IN OPPOSITION TO DIRECT ACTION PLAINTIFFS' OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION FILED BY PHILIPS DEFENDANTS** |

Defendants LG Electronics, Inc. ("LGEI"), LG Electronics USA, Inc. ("LGE USA"), and LG Electronics Taiwan Taipei Co. Ltd. ("LGE TT") ( collectively "LGE Defendants") hereby join in the Philips Defendants' June 28, 2013 opposition to the objections the Direct Action Plaintiffs ("DAPs") filed in response to the Special Master's Report and Recommendations (the "2013 R&R").[1]

The LGE Defendants and the Phillips Defendants are identically situated with respect to the issues of statute of limitations and withdrawal from conspiracy and the DAPs' allegations bearing on those issues. The DAPs have acknowledged in their pleadings that Phillips and LGE are identically situated, and that no basis exists to distinguish between the Philips Defendants and the LGE Defendants for purposes of the statute of limitations, withdrawal or fraudulent concealment analyses. Both Special Master Legge's May 2, 2013 Report and Recommendation, as well as the DAPs' objections, discuss the Philips Defendants and the LGE Defendants in tandem and without distinction. *See* 2013 R&R at 14–15; Dkt. No. 1704 at 6-17. As a result, the relevant factual allegations addressed in the Philips Opposition are the same in all material respects as the factual allegations against LGE, and the legal arguments advanced in the Philips Opposition apply with equal force to the LGE Defendants.

Akin to their allegations against the Philips Defendants, the DAPs brought suit against three separate LG Electronics entities based on alleged violations of Section 1 of the Sherman Act and various state laws. While the DAPs improperly characterize these three entities as a single defendant, "LG Electronics," ignoring the companies' corporate structure and separateness, *see, e.g.*, Best Buy Compl. ¶ 39,[2] it is undisputed that in June 2001, ***all*** LGE entities exited the CRT

---

[1] *See* "Opposition to Direct Action Plaintiffs' Objections to the Special Master's Report and Recommendations Regarding Philips' and LG's Motion to Dismiss Certain Direct Action Plaintiffs' Complaints" ("Philips Opposition") filed by defendants Koninklijke Philips Electronics N.V, and Philips Electronics North America Corporation ("Philips Defendants").

[2] *See also* CompuCom Compl. ¶ 34; Circuit City Compl. ¶ 37; Target Am. Compl. ¶ 45; Costco Compl. ¶ 31; Office Depot Compl. ¶ 34; Interbond Compl. ¶ 33; Tweeter Compl. ¶ 37; P.C. Richard Compl. ¶ 39; Electrograph Am. Compl. ¶ 48; Polaroid Compl. ¶ 26 (using "LG"). Notably, while the DAPs allege that "Defendant LGEI dominated and controlled the finances, policies and affairs" of the other LGE defendants (which they call LGEUSA and LGETT), they make no such allegation as to LGE's relationship with the LPD entity to which the CRT business was transferred. Best Buy Compl. ¶¶ 37-39.

business when they divested their entire CRT operations to LPD, a 50/50 joint venture between Philips and LG Electronics. *Id.* ¶ 36.[3] The DAPs allege that LPD was a separate and independently incorporated legal entity distinct from the LGE Defendants. *Id*. ¶ 40.

Additional key factual similarities between the Philips Defendants and the LGE defendants include the following allegations, all of which demonstrate the legal insufficiency of the DAPs' claims against the LGE Defendants:

- The DAPs' allegations show that after June 2001, the LGE Defendants were solely *purchasers* of CRTs. *See, e.g.*, Best Buy Compl. ¶¶ 36 ("LGEI transferred its CRT business to a 50/50 joint venture"); ¶ 170 ("2004...reports that various computer monitor manufacturers, including ...LG Electronics....").[4] The LGE Defendants purchased CRTs from manufacturers including LPD. *See, e.g.,* ¶ 170.

- As the DAPs allege, LGE's shareholder rights in LPD were extinguished by March 2007, when LPD announced that LGE would "*cede control*" of its passive shareholder interest to "financial institutions and private equity firms." *Id.* ¶ 40 (emphasis added).[5] In January 2006, LPD went into bankruptcy and control of the estate was vested in the hands of the trustee and creditors. *See* 2013 R&R at 15.

- The DAPs' only specific allegations regarding LGE Defendants' participation in the supposed CRT conspiracy relate to the 1995 through 2001 period, prior to the LGE Defendants' divestiture of their CRT business to LPD. Best Buy Compl.

---

[3] *See also* CompuCom Compl. ¶ 31; Circuit City Compl. ¶ 34; Target Am. Compl. ¶ 42; Polaroid Compl. ¶ 23; Costco Compl. ¶ 28; Office Depot Compl. ¶ 31; Interbond Compl. ¶ 30; Tweeter Compl. ¶ 34; P.C. Richard Compl. ¶ 36; Electrograph Am. Compl. ¶ 45.

[4] *See also* CompuCom Compl. ¶ 31; Circuit City Compl. ¶ 34; Target Am. Compl. ¶ 42; Polaroid Compl. ¶ 23; Costco Compl. ¶ 28; Office Depot Compl. ¶ 31; Interbond Compl. ¶ 30; Tweeter Compl. ¶ 34; P.C. Richard Compl. ¶ 36; Electrograph Am. Compl. ¶ 45.

[5] *See also* CompuCom Compl. ¶ 35; Circuit City Compl. ¶ 38; Target Am. Compl. ¶ 46; Polaroid Compl. ¶ 32; Costco Compl. ¶ 32; Office Depot Compl. ¶ 35; Interbond Compl. ¶ 34; Tweeter Compl. ¶ 38; P.C. Richard Compl. ¶ 40; Electrograph Am. Compl. ¶ 49.

¶ 143.[6]

- Following the divestiture in June 2001, the DAPs make no specific allegation that any LGE Defendant engaged in conspiratorial conduct regarding CRTs, other than through the LPD joint venture. *Id.* ¶ 143.[7] The DAPs allege no facts that would purport to explain how the LGE Defendants may have continued to participate in a conspiracy "through" LPD, a separate legal entity operating a business that the DAPs allege the LGE Defendants had wholly divested.

- The creation of LPD in June 2001 was open and notorious and, indeed, the DAPs allege that high ranking executives from only **LPD**—not from any LGE entity— participated in at least 100 glass meetings from 2001 and 2006. *Id.* ¶ 145.[8] The DAPs concede that post-2001, *LPD employees* alone participated in meetings with competitors and merely that some of these individuals had *previously* worked for an unspecified LGE entity. *Id.*

- The DAPs' allegations establish that the LGE Defendants did not and could not have received financial benefits from LPD. Publicly filed documents relating to the January 2006 LPD bankruptcy confirm that LPD *incurred losses in every year of its existence*, resulting in a "financial shortfall at the end of the 2005 of approximately USD 1.3 billion." *See* March 1, 2006 and August 26, 2006 reports from LPD bankruptcy trustee (emphasis added).[9]

---

[6] *See also* CompuCom Compl. ¶ 139; Circuit City Compl. ¶ 141; Target Am. Compl. ¶ 157; Polaroid Compl. ¶ 132; Costco Compl. ¶ 121; Office Depot Compl. ¶ 138; Interbond Compl. ¶ 137; Tweeter Compl.¶ 141; P.C. Richard Compl. ¶ 143; Electrograph Am. Compl. ¶ 149.

[7] *See also* CompuCom Compl. ¶ 139; Circuit City Compl. ¶ 141; Target Am. Compl. ¶ 157; Polaroid Compl. ¶ 132; Costco Compl. ¶ 121; Office Depot Compl. ¶ 138; Interbond Compl. ¶ 137; Tweeter Compl. ¶ 141; P.C. Richard Compl. ¶ 143; Electrograph Am. Compl. ¶ 149.

[8] *See also* CompuCom Compl. ¶ 141; Circuit City Compl. ¶ 143; Target Am. Compl. ¶ 159; Polaroid Compl. ¶ 136; Costco Compl. ¶ 123; Office Depot Compl. ¶ 140; Interbond Compl. ¶ 139; Tweeter Compl. ¶ 143; P.C. Richard Compl. ¶ 145; Electrograph Am. Compl. ¶ 151.

[9] As did the Special Master, the Court can take judicial notice of the facts relating to the LPD bankruptcy. March 1, 2006 Report, at 5, 16, 22, 33; August 26, 2006 Report, at 6.

- As with the Philips Defendants, the DAPs do not allege with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure that any LGE Defendant engaged in acts of fraudulent concealment after June 2001.

Accordingly, for the same reasons as those set forth in the Philips Opposition, the LGE Defendants respectfully request that this Court enter an order adopting Special Master Legge's recommendation to dismiss the LGE Defendants from the action with prejudice.

Dated: June 28, 2013          By:   /s/ Hojoon Hwang
                                    Hojoon Hwang
                                    MUNGER, TOLLES & OLSON LLP
                                    560 Mission Street, Twenty-Seventh Floor
                                    San Francisco, CA 94105
                                    Tel: 415-512-4000
                                    Fax: 415-512-4077
                                    Email: Hojoon.Hwang@mto.com

                                    *Counsel for Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc. and LG Electronics Taiwan Taipei Co. Ltd.*