Martin Quinn Esq.
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2669
Fax: (415) 982-5287
Interim Special Master

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br>JAMS Ref. No. 1100054618 |
|---|---|
| This Document Relates to:<br><br>ALL DIRECT ACTION CASES | **REPORT AND RECOMMENDATION REGARDING DIRECT ACTION PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS** |

1

To the Honorable Samuel Conti, United States District Judge:

On May 8, 2013, the Interim Special Master heard Direct Action Plaintiffs' Motion for Leave to File Amended Complaints[1]. Having considered the moving papers, evidence and the arguments of the parties, and good cause appearing, the Interim Special Master now makes the following Report and Recommendation. For the reasons set forth below, it is recommended that the Court GRANT Direct Action Plaintiffs' motion.

## Basic Facts

This multi-district litigation involves allegations of a global price-fixing cartel among manufacturers of cathode ray tubes (CRTs) during the period January 1, 1995-November 25, 2007. The class actions that are part of this MDL were filed in 2008. Direct Action Plaintiffs ("DAPs") filed their opt-out actions in November 2011 and early 2012. Discovery commenced in the class actions in March 2010 when the Court lifted the stay obtained by the DOJ. Discovery closes in the DAP cases in March 2014, and trial is set for October 20, 2014.

The Direct Action Plaintiffs listed below seek leave to file amended complaints adding Technicolor SA (f/k/a Thomson SA) and Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.) (together, "Thomson"), and Mitsubishi Electric Corp., Mitsubishi Digital Electronics America, Inc. and Mitsubishi Electric & Electronics, USA, Inc. (together "Mitsubishi") as defendants, to add Videocon Industries, Ltd. as a non-party co-conspirator, and to add charging allegations relating to tolling of the statute of limitations and make minor non-substantive deletions. In addition, Costco seeks leave to add as defendants Samsung SDI Co., Ltd. and six related Samsung entities[2], and to add Panasonic Corp. and three related entities[3] as non-party co-conspirators.

//

---

[1] The moving parties are: Electrograph, Siegal as trustee for Circuit City, Best Buy, Target, Interbond Corp. of Am., Office Depot, CompuCom Systems, Costco, P.C. Richard & Son Long Island Corp., and Schultze Agy. Serv.

[2] The seven Samsung entities are: Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brazil Ltda., Shenzhen Samsung SDI Co., Ltd., Tianjin Samsung SDI Co., Ltd., and Samsung SDI (Malaysia) Sdn. Bhd.

[3] The four Panasonic entities are: Panasonic Corp., Panasonic Corp. of North America, MT Picture Display, Co., Ltd., Matsushita Electronic Corp. (Malaysia) Sdn. Bhd. and Panasonic Consumer Electronics Co..

In August 2012, the Indirect Purchaser Plaintiffs ("IPPs") sought leave to amend to add Thompson and Mitsubishi as defendants. Following argument, the parties stipulated to adding Thomson and Videocon as named co-conspirators. On November 19, 2012, Judge Legge issued a Report recommending that the amendment be allowed to add Mitsubishi as a defendant. [Dkt. 1453] The parties subsequently stipulated to instead add the Mitsubishi entities as named co-conspirators.

The DAPs filed this motion in March 2013.

### Parties' Contentions

The DAPs argue that Rule 15(a) and Ninth Circuit and other authority require that leave to amend be freely given. They contend that the amendments are timely because they filed this motion in response to the IPP motion to amend in August 2012, after which the DAPs conducted a focused document review to determine whether they had a basis to sue these additional parties. They contend that these new defendants will suffer no prejudice because there is adequate time to conduct discovery and prepare for trial. They note that all three potential defendants have long been on notice of, or participated in, these actions. Thomson was named as a defendant by the IPPs in 2007 and has recently been sued by Sharp in a DAP complaint filed March 15, 2013. Mitsubishi entered into a tolling agreement with the IPPs in 2011. Samsung and Panasonic have been named as defendants in multiple complaints. The proposed amendments do not add any new theories or alter the scope of discovery to conduct. The amendments are not futile as respects the statute of limitations because there is ample basis to apply Government Action tolling.

Thompson, Samsung and Mitsubishi contend that the DAPs unduly and unnecessarily delayed in seeking to name them as defendants. First, the DAPs have known of their alleged involvement in the CRT conspiracy at least since 2007-2008, and certainly since the DAPs filed their own actions in late 2011. Second, even assuming the DAPs did not reasonably appreciate the potential liability of these parties until the IPPs moved to amend in August 2012, the DAPs waited seven months to bring this motion. Moreover, they claim that adding them as defendants now will cause them prejudice because they have not participated in discovery to date, and/or

they will have a very compressed time within which to prepare for trial. Mitsubishi notes that it has never before been a defendant in any part of the CRT litigation, and that it has never been subpoenaed or investigated by any governmental body in connection with CRTs. Thomson also asserts that its French entity will file a motion to challenge personal jurisdiction, which will require delays in the pre-trial schedule.[4] Finally, Samsung argues that Costco's proposed amendment is futile because the state law claims are barred by the statute of limitations, and the federal Sherman Act claim will be defeated on various merits-based grounds.

## Legal Standard

Leave to amend shall be granted freely "when justice so requires." Fed. R. Civ. P. 15(a). This policy is applied "with extreme liberality" in the Ninth Circuit. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The policy of liberality applies whether the amendment will "add new causes of actions or parties." *DCD Programs, ltd. v. Leighton*, 833 F.3d 183, 186 (9th Cir. 1987). Where the amendment seeks to add new parties, it must also satisfy the joinder requirements of Rule 20(a), but those also are to be applied liberally [*Matthews Metals Prods., Inc. v. RBM Precision Metal Prods., Inc.*, 186 F.R.D. 581, 583 (N.D. Cal. 1999)], and are easily satisfied here since the claims against the potential new parties are identical to those against other defendants.

Leave to amend shall be granted absent undue delay, bad faith or dilatory motive on the part of the moving party, prejudice to the nonmovant or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these "Foman factors" the most important is the presence or absence of prejudice. *Eminence Capital*, 316 F.3d at 1048.

The burden on showing prejudice from a proposed amendment rests on the non-moving party. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-7 (9th Cir. 1987)

---

[4] Thomson filed a motion to dismiss on May 17, 2013 that asserted defenses based on the statute of limitations failure to state a claim and subject matter jurisdiction – but did not challenge personal jurisdiction. [Dkt. No. 1677]

4

## Discussion

### A. Excessive Delay

The non-moving parties all charge DAPs with excessive delay in seeking to add them as defendants. Two periods of purported delay are in question. First, how do DAPs justify delaying from November 2011 when they generally filed the DAP actions until August 2012 when they assert that they were alerted to the potential involvement of Mitsubishi and Thomson by the IPPs' motion to amend? Second, how do DAPs justify delaying from August 2012 until March 2013 when they filed this motion?

The first question was largely answered as to Mitsubishi and Thompson by Judge Legge's Report in which he recommended that IPPs be permitted to add Mitsubishi as a defendant. He found that "[IPPs] have been diligent in seeking the amendment" because they only recently discovered "CRT production line reports" that "demonstrate Mitsubishi's participation [in the alleged cartel]." [Dkt. 1453, p.2] If it was reasonable for the IPPs to delay until August 2012 to appreciate Mitsubishi's involvement in the alleged conspiracy, no reason is suggested as to why it was not also reasonable for the DAPs to be unaware until then of Mitsubishi's involvement. The DAPs presented credible evidence that they were "prompted by" the IPPs' motion to amend, that they began "targeted review of ... document productions for evidence of Thomson, Videocon and Mitsubishi participation in the conspiracy," that they discovered such evidence and also took account of the EU fine against Thomson [Weiss Decl., ¶¶2-5], and that they filed this motion within a month after reviewing relevant documents. [Weiss Reply Decl., ¶3] Costco explains its delay in seeking leave to file against Samsung by asserting that its counsel was attempting to clear a conflict of interest and that for efficiency it wanted to move jointly with all the other DAPs.[5] [Reply, p. 11]. No persuasive reason is presented for coming to a conclusion different as to Mitsubishi and Thomson than Judge Legge did as to Mitsubishi last year. Nor has Samsung satisfied its burden to show that Costco acted unreasonably in delaying to name it as a defendant.

---

[5] Costco offers no declararation regarding the alleged conflict of interest, but the Interim Special Master has no reason to doubt counsel's vercity.

As for the delay from August 2012 to March 2013, DAPs reasonably assert that they were performing due diligence by reviewing documents to assure themselves that there was an adequate basis to seek to add Mitsubishi (and Thomson) as defendants. The mere speculation that they might have completed that review and filed this motion 2-3 months sooner is not an adequate basis to demonstrate undue delay.[6]

B. Prejudice

1. Thomson

Thomson made and sold CRTs in the United States and other companies. It sold its CRTs both internally to its own television division, and to other television manufacturers. In November 2003 Thomson sold its television division to a joint venture with a Chinese company, TCL Corporation. In 2005 it sold its CRT business to Videocon Industries, Ltd. The DAPs allege that Thomson attended "dozens of meetings with its competitors," including Glass meetings, at which it agreed on prices and supply levels. [Motion, p. 5]

As noted above, Thomson was named in 2008 as a defendant in complaints filed by both the IPPs and the Direct Purchaser Plaintiffs ("DPPs"), but omitted as a defendant in the Consolidated Amended Complaints filed by the two classes in March 2009. Accordingly, Thomson did not participate actively in the cases until August 2012 when the IPPs sought again to add it as a defendant, except for entering into a tolling agreement with the IPPs in 2011. Ultimately, the parties stipulated that the Thomson entities would be added as non-party co-conspirators. However, Thomson's outsider status ended in March 2013 when Sharp named it in its DAP opt-out complaint. Therefore, regardless of whether this motion is granted, Thomson is a defendant in the DAP cases, and will face the same discovery obligations and the same trial date. As noted, Thomson's Rule 12 motion to dismiss is already on file.

Thomson has also been involved since 2008 in investigations relating to CRTs by the Department of Justice and the European Union, and in December 2012 was fined €38 million by the EU. [Weiss Decl., Exh. A]

---

[6] In the *LCD* case, Judge Illston denied a motion to add Mitsubishi as a defendant, but did so in part because the motion came after the classes had been certified, and adding Mitsubishi might require reopening that issue.

The naming of Thomson as a defendant in the Sharp action removed any credible argument that Thomson would be unduly prejudiced by being added as a defendant to these other DAP actions. Of course added burdens come with defending ten actions rather than one, but when all ten are part of a coordinated MDL proceeding the burden is greatly lessened. Moreover, Thomson has, of course, known of the CRT actions for almost five years since it was named as a defendant by both the IPPs and the DPPs, so it will have long ago preserved relevant documents. There is simply no persuasive basis on which to find that Thomson has satisfied its burden to show that it would be unduly prejudiced by allowing the requested amendments.

2. Mitsubishi

The question of prejudice is closer as to Mitsubishi since, unlike Thomson and Samsung, it has never been a party to these CRT cases or the target of any government investigations. While it signed a tolling agreement with the IPPs in 2011, and therefore, will have preserved its relevant documents, it has not previously participated in any discovery or motion practice. Nonetheless, Judge Legge fully considered the issue of prejudice in November 2012, and determined that Mitsubishi would not be unduly prejudiced by being added as a party.[7] Since the case management schedule has been adjusted since then to defer various deadlines, Mitsubishi is not in a materially different position now than it was when Judge Legge made his recommendation. For these reasons, Mitsubishi has not satisfied its burden to demonstrate undue prejudice.

3. Samsung

Samsung has been a defendant in multiple actions since the outset of the CRT litigation, both the class actions and individual opt-out actions. As such, it has been defending the cases actively for several years. Samsung's protestations that it did not participate in some depositions and motions are of little merit. First, it had the right as a party to participate in any deposition.

---

[7] "While the volume of information to be given to Mitsubishi [i.e., third-party discovery material] is undoubtedly substantial, it is not so much as to be prejudicial to Mitsubishi's right to defend itself in this litigation. In addition, numerous other defendants' counsel have been representing the defense interests throughout the course of this litigation. While Mitsubishi is not bound by that, it is some assurance that the case has been and is being defended up to this time." [Report, p. 3, Dkt. 1453]

Second, since it did not participate in the deposition of Costco's PMK in December 2012, that can be cured by permitting it to re-depose Costco now that Samsung is a party. Samsung has not advanced any persuasive reason why it would unduly prejudice it to be added to Costco's action as a defendant.

### C. Other Foman Factors

Thomson and Mitsubishi do not argue that any of the other *Foman* factors – bad faith, dilatory motive or futility – apply to them. Samsung, however, does argue that the proposed amendment would be futile because Costco's state antitrust claims will be barred by the statute of limitations. The issue is whether Governmental Action and cross-jurisdictional tolling will save Costco's claims. Each party cites a body of law that purportedly favors it. Since it cannot now be determined on the present record that Costco's claims will be barred, that issue is more appropriately determined on a motion to dismiss or for summary adjudication.

### D. Other Proposed Amendments

The DAPs also seek to add Videocon as a non-party co-conspirator, and Costco seeks to add the Panasonic entities as non-party co-conspirators. No opposition having been submitted to those requests, those amendments will be allowed.

The DAPs also seek to add charging allegations to specifically allege facts pertinent to the tolling issue, and to remove a few minor allegations. No opposition was presented as to those proposed amendments, so they also will be allowed.

### Conclusion

For the foregoing reasons and for good cause shown, the Interim Special Master recommends that the Court GRANT Direct Action Plaintiffs' motion for leave to file amended complaints as follows:

1. To add the following new defendants: Technicolor SA (f/k/a Thomson SA) and Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.), Mitsubishi Electric Corp., Mitsubishi Digital Electronics America, Inc. and Mitsubishi Electric & Electronics, USA, Inc.

2. To add as a non-party co-conspirator Videocon Industries, Ltd.

3. In the case of Costco only to add the following new defendants: Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brazil Ltda., Shenzhen Samsung SDI Co., Ltd., Tianjin Samsung SDI Co., Ltd., and Samsung SDI (Malaysia) Sdn. Bhd.

4. In the case of Costco only to add as non-party co-conspirators Panasonic Corp., Panasonic Corp. of North America, MT Picture Display, Co., Ltd., Matsushita Electronic Corp. (Malaysia) Sdn. Bhd. and Panasonic Consumer Electronics Co.

5. To add additional allegations as reflected in the attached Amended Complaints relevant to *American Pipe*, cross-jurisdictional and Government Action tolling.

6. DAPs are directed to file their amended complaints, copies of which are attached to the Weiss Declaration as Exhibits C-K, within one week after the later of entry of this Report and Recommendation and Order thereon, or resolution of any objection thereto.

Dated: June 28, 2013

Martin Quinn
Interim Special Master

Approved/Disapproved/Modified

DATED: _____

Hon. Samuel Conti
United States District Judge

9