# Exhibit B



Ninety-Seventh Legislature - Second Session - 2002
# Introducer's Statement of Intent
## LB 1278

**Chairperson:** Senator Kermit A. Brashear
**Committee:** Judiciary
**Date of Hearing:** February 27, 2002

The following constitutes the reasons for this bill and the purposes which are sought to be accomplished thereby:

Legislative Bill 1278 is introduced to permit indirect parties, or parties within a distribution chain transacting business indirectly with a price-fixing party, who have been harmed by an antitrust violation, a right to a remedy in Nebraska. Currently in Nebraska, such indirect parties have no remedy. In a price-fixing situation, it is likely that at least some, if not all, of monopoly undercharge or overcharge (the difference between the competitive price and the illegally fixed price) passed through numerous levels of a distribution chain. Only the party who transacts business <u>directly</u> with a price-fixing party is allowed, under Nebraska law, to sue for damages.

Federal antitrust law limits antitrust violation remedies to direct parties only. Pursuant to *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), indirect parties have no federal right to sue, nor right to a remedy, when an illegal overcharge is passed on through a distribution system to the indirect party.

The Nebraska antitrust law is similar to federal antitrust law. Specifically, Neb. Rev. Stat. § 59-829 states that when any provision of Nebraska antitrust law is the same or similar to federal antitrust law, Nebraska courts shall follow the federal courts construction of such federal law. Because Nebraska antitrust statutes are analogous to federal law, and provide no specified recovery for indirect parties, the *Illinois Brick* decision applies to Nebraska courts. As such, Nebraska is generally prohibited from claiming harm to indirect parties in antitrust violations.

Legislative Bill 1287 "repeals" the *Illinois Brick* decision in Nebraska by amending current statutes to allow damages to be recovered by direct and indirect parties.

In order to avoid duplication of recovery of damages, LB 1278 provides that where both direct and indirect parties are involved, a defendant shall be entitled to prove as a defense to a claim for damages, that the illegal charge has been passed on to others who are themselves entitled to recover. To achieve fairness and avoid multiplicity of suits, LB 1278 also provides that when claims are asserted by direct and indirect parties, the court may transfer and consolidate cases, apportion damages and delay disbursement of damages.

**Principal Introducer:** _____
**Senator Kermit A. Brashear**