# Exhibit D

(REPRINTED WITH ADOPTED AMENDMENTS)
FIRST REPRINT                              A.B. 108

ASSEMBLY BILL NO. 108–COMMITTEE ON COMMERCE AND LABOR

(ON BEHALF OF ATTORNEY GENERAL)

FEBRUARY 4, 1999

Referred to Committee on Commerce and Labor

SUMMARY—Makes various changes regarding civil actions relating to unfair trade practices. (BDR 52-290)

FISCAL NOTE:   Effect on Local Government: No.
               Effect on the State or on Industrial Insurance: No.



EXPLANATION – Matter in *bolded italics* is new; matter between brackets {omitted material} is material to be omitted.

AN ACT relating to unfair trade practices; clarifying the persons on whose behalf the attorney general may bring a civil action for unfair trade practices; clarifying the persons who may bring a civil action for unfair trade practices; increasing the percentage of money collected for unfair trade practices that must be credited to the attorney general's special fund and the maximum balance which may be detained in the fund; limiting the amount of money collected for unfair trade practices that can be credited to the attorney general's special fund; and providing other matters properly relating thereto.

THE PEOPLE OF THE STATE OF NEVADA, REPRESENTED IN
SENATE AND ASSEMBLY, DO ENACT AS FOLLOWS:

1   Section 1.  NRS 598A.160 is hereby amended to read as follows:
2   598A.160   1.  The attorney general may bring a civil action for any
3   violation of the provisions of this chapter in the name of the State of
4   Nevada and is entitled to recover damages and secure other relief provided
5   by *the provisions of* this chapter:
6     (a) As parens patriae of the persons residing in {the} *this* state, with
7   respect to damages sustained *directly or indirectly* by such persons, or,
8   alternatively, if the court finds in its discretion that the interests of justice
9   so require, as a representative of a class or classes consisting of persons
10  residing in {the state,} *this state* who have been damaged {;} *directly or*
11  *indirectly;* or



27

-2-

1  (b) As parens patriae, with respect to *direct or indirect* damages to the
2  general economy of the State of Nevada or any political subdivision
3  thereof.
4  2. In any action under this section, {the} *this* state:
5  (a) May recover the aggregate damage sustained by the persons on
6  whose behalf {the} *this* state sues, without separately proving the individual
7  claims of each such person. Proof of such damages {shall} *must* be based
8  on : {any or all of the following:}
9  (1) Statistical or sampling methods;
10 (2) The pro rata allocation of illegal overcharges of sales occurring
11 within the State of Nevada; or
12 (3) Such other reasonable system of estimating aggregate damages as
13 the court {in its discretion} may permit.
14 (b) Shall distribute, allocate or otherwise pay the amounts so recovered
15 {either} in accordance with state law, or in the absence of any applicable
16 state law, as the district court may {in its discretion} authorize, subject to
17 the requirement that any distribution procedure adopted afford each person
18 on whose behalf {the} *this* state sues a reasonable opportunity individually
19 to secure the pro rata portion of such recovery attributable to his or its
20 respective claims for damages, less litigation and administrative costs,
21 including attorney fees, before any of {such} *the* recovery is escheated.
22 Sec. 2. NRS 598A.210 is hereby amended to read as follows:
23 598A.210 1. Any person threatened with injury or damage to his
24 business or property by reason of a violation of any provision of this
25 chapter, may institute {an} *a civil* action or proceeding for injunctive relief.
26 If the court issues a permanent injunction, the plaintiff shall recover
27 reasonable attorney fees, together with costs, as determined by the court.
28 2. Any person injured *or damaged directly or indirectly* in his business
29 or property by reason of a violation of the provisions of this chapter may
30 {sue therefor} *institute a civil action* and shall recover treble damages,
31 together with reasonable attorney fees and costs.
32 3. Any person commencing an action for any violation of the
33 provisions of this chapter shall, simultaneously with the filing of the
34 complaint with the court, mail a copy of the complaint to the attorney
35 general.
36 Sec. 3. NRS 598A.260 is hereby amended to read as follows:
37 598A.260 1. All money obtained as awards, damages or civil
38 penalties for the State of Nevada and its agencies by the attorney general as
39 a result of enforcement of statutes pertaining to unfair trade practices,
40 whether by final judgment, settlement or otherwise must be deposited in the
41 state treasury as follows:
42 (a) All attorney's fees and costs and {10} *50* percent of all recoveries for
43 credit to the attorney general's special fund.




\* A B 1 0 8   R 1 \*

28

– 3 –

(b) The balance of the recoveries for credit to the state general fund.

2. Money deposited in the state treasury for credit to the attorney general's special fund pursuant to subsection 1 must be used for payment of the expenses of enforcing the statutes pertaining to unfair trade practices. Those expenses which are in excess of the amount available in the fund must be paid out of the legislative appropriation for the support of the office of attorney general.

3. On June 30 of each fiscal year, any amount in excess of [$30,000] *$200,000* in the attorney general's special fund of the money collected pursuant to subsection 1 reverts to the state general fund.

*4. The balance of the money in the attorney general's special fund that is collected pursuant to subsection 1 must not exceed $250,000. If money deposited in the state treasury for credit to the attorney general's special fund pursuant to subsection 1 would cause that balance to exceed $250,000 if credited to the fund, the amount of the deposit which would cause the balance to exceed $250,000 immediately reverts to the state general fund.*





29