# Exhibit G

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2004-014835         09/14/2005

HONORABLE REBECCA A. ALBRECHT

CLERK OF THE COURT
K. Ballard
Deputy

FILED: 09/16/2005

BRIAN A LUSCHER          ROBERT J POHLMAN

v.

BAYER A G, et al.        BRETT L DUNKELMAN

TIMOTHY BURKE
JIMMIE W PURSELL JR.
ANDREW F HALABY

RULING

The Defendants' Joint Motion to Dismiss has been under advisement. The Court has reviewed the pleadings filed, the legal file, the relevant case and statutory law, and considered the arguments of counsel.

In this case the Plaintiff contends that he and the class he hopes to represent have been injured by the conspiracy of the Defendants to fix the prices of Ethylene Proplylene Dien Monomer (EPDM). EPDM is a type of synthetic rubber used in a variety of products. The Plaintiff and the putative class members purchased the end products containing EPDM rubber. Plaintiff does not limit his action to any type of product; therefore the product may be entirely made of EPDM or may have a substantial or small number of its component parts made of EPDM.

This case is brought pursuant to the Arizona Anti-Trust laws. Arizona has been directed by the legislature to look to the federal courts for guidance in interpreting and applying its anti-trust laws. Although the federal courts have interpreted the Federal Act to preclude indirect purchaser anti-trust actions, the Arizona Supreme Court in *Bunker's Glass v Pilkington*, 206 Ariz.9, 75P3d99 (2003) concluded that it was the legislative intent to permit indirect purchasers injured as defined by the act to bring an action.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2004-014835                                                                09/14/2005

Clearly, the Plaintiff and the putative class members are indirect purchasers. There is no allegation that any of the class members or the Plaintiff purchased EPDM directly from any of the Defendants. The Plaintiff(s) purchased products that were either manufactured by the customers of the Defendants or products containing products manufactured by the customers of the Defendants. The Arizona courts would give standing to these indirect purchasers if they have been injured as defined by the statute.

*Associated General Contractors of California v California State Counsel of Contractors*, 459 U.S. 519 (1983) provides guidance in resolving the issues in this case.

> As the legislative history shows, the Sherman Act was enacted to assure customers the benefits of price competition, and our prior cases have emphasized the central interest in protecting the economic freedom of participants in the relevant market.

The United States Supreme Court, in analyzing the various factors it found relevant to the issue of determining the injury under the statute, referred to the analysis as similar to that of proximate causation in the tort context. The factors to be considered as set forth by the Supreme Court are:

1. A connection between the alleged violation and the injury
2. The directness of the injury
3. Whether the injury is of the type sought to be redressed by the anti-trust laws
4. The speculative nature of the damages
5. Are there more direct victims
6. The risk of duplicate recoveries or complex damage apportionment

1. The Court must for purposes of this motion accept that there is a connection between the alleged violation and the injury: that is a higher price for the goods.

2. The injury is not direct. The upstream manufacturer, either two or three steps away from the ultimate consumer, purchased the EPDM to fabricate a rubber product, is the purchaser directly injured by any anti-competitive conduct.

3. The damages alleged are the increased price for a product. The artificially inflated price of the product is only one factor influencing the cost to manufacture and therefore perhaps the price at which a product is sold.

4. There are more direct victims, in some instances in this case. The more direct victims would include the primary purchaser of the EPDM for fabrication, the compiler of the product containing the EPDM, and the producer of the total product containing the product containing the EPDM, e.g., a fabricator of the rubber blade for a windshield wiper purchases the 'raw' EPDM, the fabricator then incorporates the blade into the metal or plastic holder for the wiper,

Docket Code 019                           Form V000A                              Page 2

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2004-014835											09/14/2005

the wiper is then sold to the automobile manufacturer who in turn sells the car to the dealer who sells it to Plaintiff.

5. Each of the parties upstream from the Plaintiff would have a right to recover damages, leading to the very real possibility of duplicate recoveries and the nearly impossible damage apportionment.

6. The alleged damage, that of increased price for goods, is the type sought to be redressed by the act. However, the ultimate consumer continues to enjoy the benefits of the competitive market for his various purchases. In this broad-based Complaint, the Plaintiff's alleged injuries are so far removed from the conduct of the Defendants that the chain of causation between the Defendants' conduct and the price of the good cannot be established.

Based on all the matters presented to the Court, the Court finds the injuries alleged by the Plaintiff are so remote and the alleged damages so speculative that, although an indirect purchaser of EPDM, the Plaintiff and the members of the putative class are not proper parties to bring this action.

IT IS ORDERED granting the Defendants' Joint Motion to Dismiss.

Based on the Court's rulings herein, the Court does not reach the Motion to Dismiss filed by ExxonMobil Chemical Company.