# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 200 PARK AVENUE | MOSCOW |
| CHARLOTTE | NEW YORK, NEW YORK 10166 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (212) 294-6700 | PARIS |
| HONG KONG | | SAN FRANCISCO |
| HOUSTON | FACSIMILE +1 (212) 294-4700 | SHANGHAI |
| LONDON | www.winston.com | WASHINGTON, D.C. |
| LOS ANGELES | | |

JEFFREY L. KESSLER
Partner
212-294-4698
jkessler@winston.com

July 2, 2013

<u>VIA ECF</u>

The Honorable Samuel Conti
Senior United States District Judge
United States District Court
Northern District of California
Courtroom No. 1, 17th Fl.
450 Golden Gate Avenue
San Francisco, CA 94102

    **Re:**  *In re: Cathode Ray Tube (CRT) Antitrust Litigation*
        No. 07-5944 SC, MDL No. 1917

Dear Judge Conti:

   We write jointly on behalf of plaintiffs and defendants in the indirect purchaser action regarding Special Master Quinn's June 20, 2013 Reports and Recommendations regarding the class certification motion and motion to strike the expert testimony of Dr. Janet S. Netz (the "R&Rs").

   Pursuant to this Court's June 18, 2012 Order Amending Order Appointing Special Master (the "Amended Order") (Dkt. No. 1232), a party wishing to file objections to a Special Master's Report and Recommendation must file such objections within fourteen (14) days from the date the Report and Recommendation was filed on ECF.  Other parties then have seven days from the filing of that objection to submit responsive briefs.

   The parties have agreed that, subject to the Court's approval, separate briefing shall be submitted for each of the R&Rs, and the briefing schedule shall be extended.  Pursuant to the parties' mutually agreed upon schedule, defendants will file opening briefs objecting to the R&Rs on or before July 22, 2013.  Plaintiffs will then have until August 21, 2013 to file

Hon. Samuel Conti
July 2, 2013
Page 2

responsive briefs in support of adopting the R&Rs. The parties have further agreed that plaintiffs' responsive briefs will be deemed "motions to adopt" under the Court's orders setting forth the procedure for moving to adopt a Report and Recommendation of the Special Master (*see, e.g.*, Dkt. Nos. 302, 446, 1650); plaintiffs need not file a separate motion to adopt.

The parties respectfully request that Your Honor approve the proposed form of briefing and briefing deadlines.

After meeting and conferring, the parties are unable to agree upon whether defendants should be permitted to file reply briefs in response to plaintiffs' responsive briefs. Likewise, the parties cannot agree upon the page limit that will apply to the opening and responsive briefs. Accordingly, the parties hereby present their respective arguments on these issues and request that Your Honor resolve the disputes.

**Defendants' Arguments**

*Reply Brief*

The motion for class certification is a critical event in class action litigation and involves complicated questions of law and fact. In this case, the parties, pursuant to stipulations approved by the Court, have filed over 6,000 pages of briefs, exhibits, and declarations. Moreover, the parties have submitted nearly 750 pages of expert analysis in support of their positions.

Defendants disagree with plaintiffs' contention that the class certification ruling in *LCD* – which admitted expert testimony from Dr. Netz and certified an indirect purchaser class – makes the issues before this Court any less complex. In fact, the *LCD* ruling provides no guidance on these motions because plaintiffs have refused to produce the testimony and materials submitted by Dr. Netz in *LCD*. Accordingly, neither the Court nor defendants have any means of testing plaintiffs' assertions that the analyses conducted by Dr. Netz in *LCD* are similar to the work that she performed here. Further, to the extent that information about Dr. Netz's work in *LCD* is publicly available, it shows that she conducted very different studies that were not performed here – for example, a price correlation analysis. Most significantly, the *LCD* and *CRT* cases involve different products, different defendant groups, different distribution and pricing histories, and different customers and time periods, so the *LCD* case cannot be used as a "roadmap" to speed the Court's review. *LCD* was also decided before the Supreme Court's recent decision in *Comcast Corporation v. Behrend*, which changed the legal tests for class certification applied by the *LCD* court. 133 S.Ct. 1426 (2013). Plainly, full briefing is required for Your Honor to scrutinize the Special Master's rulings on these vital motions.

Moreover, Your Honor recently approved a full briefing schedule (including reply briefs) in connection with objections to Special Master Legge's Report and Recommendation regarding defendants' motions to dismiss the complaints filed by the Direct Action Plaintiffs ("DAPs") (Dkt. No. 1666). The motions to dismiss the DAP complaints cover a large number of complex legal issues and provide a helpful model for how objections to the R&Rs should be handled.

Hon. Samuel Conti
July 2, 2013
Page 3

If Your Honor permits defendants to file reply briefs, defendants respectfully request that (i) these briefs be due thirty (30) days following the date on which plaintiffs file their responsive briefs; and (ii) each reply brief be limited to 15 pages.  Such a schedule would be consistent with the stipulation ordered in connection with the motions to dismiss the DAP complaints and would afford defendants sufficient time to reply to plaintiffs' two lengthy responsive briefs. Furthermore, defendants are requesting shorter reply briefs than those approved in connection with the DAP motions.  (*See* Dkt. No. 1722) (approving 20-page reply briefs).

*Page Limits*

Defendants should be permitted to file 30-page opening briefs in order to fully address the complex set of issues raised in the R&Rs.  Plaintiffs suggest that defendants' two briefs will be interchangeable ("both are oppositions to class certification"), but this is simply not the case – different law governs the class certification motion and motion to strike, and defendants have distinct objections to each R&R.  Defendants request only 5 additional pages per opening brief and, in exchange, offer to apply the same 30-page limit to plaintiffs' responsive briefs.  To be clear, we are not requesting additional pages for our reply briefs (if replies are permitted by this Court) – Local Rule 7.4 provides for a 15-page limit.

**Plaintiffs' Arguments**

*Extension of time*

IPPs have no objection to Defendants' request for an extension of time to file their briefs on or before July 22, 2013, so long as IPPs have 30 days to respond.

*Reply Brief*

Plaintiffs oppose defendants' request for leave to file a reply brief.  Plaintiffs see no reason to depart from the Amended Order (Dkt. No. 1232).  The original, June 16, 2008 Order (Dkt. No. 302) set forth procedures only for objections or motions to adopt/modify a Special Master's report or recommendation.  The purpose of the Amended Order was "to provide the parties with an opportunity to respond to objections" "[i]n the interest of giving the parties further opportunity to be heard."  The Amended Order modifies paragraph 16 of the prior Order to provide a procedure for responses as follows:

> Any party wishing to file objections to or a motion to adopt or modify the Special Master's orders, reports, and/or recommendations must file such objections or motion with the Court within fourteen (14) days from the day the Special Master filed the order, report, and/or recommendation via ECF.  *If an objection is filed, any party may file a responsive brief no more than seven (7) days after the objection is filed in ECF. As to content and length, any objections or response briefs shall conform to Civil Local Rule 7-4.*  Any order issued by the Special Master shall remain in effect *pending the Court's ruling on* any such objection or motion.  (Emphasis in original.)

Hon. Samuel Conti
July 2, 2013
Page 4


The Amended Order contemplates only objections and responses.  It makes no mention of replies.  Further, it governs "any further Reports issued by the Special Master."

The procedure in place favors judicial efficiency and should be followed.  The parties' objections and responses, together with the existing, extensive record on the class certification motion and the motion to strike, along with the Special Master's detailed analysis in support of the R&Rs, will enable the Court to make the necessary determinations without adding yet another layer of briefing and without any prejudice to the parties.

As stated above, the purpose of these briefs is not to re-argue the motions, but to enable review of findings of fact for clear error, conclusions of law *de novo*, and procedural matters for abuse of discretion.  *See* June 16, 2008 Order, ¶18.  This review can be accomplished within the confines of the Amended Order.

Defendants have not shown any compelling reason to deviate from established procedure. Defendants overstate the complexity of the motions at issue here.  The issues in the class certification motion and the motion to strike are straightforward.  Indeed, the motions present issues and arguments very similar to those presented in the related *LCDs* case, which roadmap should simplify the parties' submissions and review process.   Defendants have attempted to distinguish the rulings in *LCDs*, but have been unable to do so, and this Court has already recognized that the cases are "closely related." *See* Dkt. No. 1470 at 5; *In re Cathode Ray Tube (CRT) Litigation Antitrust Litigation*, No. C-07-5944-SC, 2012 WL 5987861 at *2 (N.D. Cal. Nov. 29, 2012).

Regarding the record on the motions, while it consists of many pages, it is comprised of mainly deposition transcripts and other lengthy exhibits, only excerpts of which are cited or relevant.  The Court will not need to review the entirety of the record.

The DAP schedule on the motions to dismiss is not an appropriate model.  The DAP motions involved multiple parties and issues.  The defendants filed a joint motion to dismiss addressing standing, statute of limitations, and other issues. In addition, LG and Philips filed a separate motion on statute of limitations, and Samsung filed a separate motion concerning conspiracy and vicarious liability issues.  The Report and Recommendations on defendants' multifaceted motions thus involved multiple plaintiffs and different recommendations for different parties.   In contrast here, all defendants object to the same two related recommendations: class certification, and denial of defendants' motion to strike expert testimony.  Plaintiffs have no objections and seek adoption in full of the two Reports and Recommendations.

Also, the parties in the DAP actions agreed to permit separate motions to adopt recommendations, so the DAPs had an opportunity not merely to respond to the defendants' objections, but also the additional opportunity to brief their positions at the outset.  By contrast here, the parties have agreed that plaintiffs' responsive briefs will be deemed "motions to adopt."

Hon. Samuel Conti
July 2, 2013
Page 5

Since, plaintiffs will forgo the opportunity for such additional briefing, defendants should not have the advantage of a reply brief.

*Page Limits*

Defendants' briefs in support of their objections should not exceed 25 pages each, pursuant to Civil Local Rule 7.4.  As noted, defendants intend to file two briefs that are very closely related and overlapping.  Under the 25-page limit of Local Rule 7.4, these two briefs will total 50 pages.  The purpose of these briefs is not to reargue the motions but to object to the R&Rs.  Twenty-five pages per brief is more than adequate for this purpose.

Respectfully submitted,

/s/ Jeffrey L. Kessler

Jeffrey L. Kessler
*On Behalf of Defendants in the Indirect-Purchaser Action*

/s/ Mario N. Alioto

Mario N. Alioto
*Interim Lead Counsel for Indirect-Purchaser Plaintiffs*

cc:    All counsel via ECF