1  Brent Caslin (Cal. Bar. No. 198682)
   JENNER & BLOCK LLP
2  633 West Fifth Street
   Suite 3600
3  Los Angeles, California 90071
   Telephone:   213 239-5100
4  Facsimile:   213 239-5199
   bcaslin@jenner.com
5

6  Terrence J. Truax (*pro hac vice*)
   Michael T. Brody (*pro hac vice*)
7  JENNER & BLOCK LLP
   353 N. Clark Street
8  Chicago, Illinois 60654-3456
   Telephone:   312 222-9350
9  Facsimile:   312 527-0484
   ttruax@jenner.com
10 mbrody@jenner.com

11
   *Attorneys for Intervenors Mitsubishi Electric US, Inc.,*
12 *and Mitsubishi Digital Electronics Americas, Inc.*

13              IN THE UNITED STATES DISTRICT COURT

14            FOR THE NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16 | In Re: Cathode Ray Tube (CRT) Antitrust | Case No. 3:07-cv-5944 SC
   Litigation

17 _____    MDL No. 1917

18 This Document Relates To:
                                                **OBJECTION OF MITSUBISHI**
19 *Electrograph Systems, Inc. et al. v. Hitachi, Ltd., et* **ELECTRIC TO THE INTERIM**
   *al., No. 11-cv-01656;*                       **SPECIAL MASTER'S REPORT AND**
20                                               **RECOMMENDATION REGARDING**
                                                **DIRECT ACTION PLAINTIFFS'**
21 *Alfred H. Siegel, as Trustee of the Circuit City* **MOTION FOR LEAVE TO FILE**
   *Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.,* **AMEND COMPLAINTS**
22 *No. 11-cv-05502;*

23 *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al., No.*
   *11-cv-05513;*
24
   *Target Corp, et al. v. Chunghwa Picture Tubes,*
25 *Ltd., et al., No. 11-cv-05514;*

26
   *Interbond Corporation of America v. Hitachi Ltd, et*
27 *al., No. 11-cv-06275;*

28

*Office Depot, Inc. v. Hitachi Ltd., et al., No 11-cv-0627;*

*CompuCom Systems, Inc. v. Hitachi Ltd., et al., No. 11-cv-06396;*

*Costco  Wholesale Corporation v. Hitachi Ltd., et al., No. 11-cv-06397;*

*P.C. Richard & Son Long Island Corporation, et al. v. Hitachi Ltd., et al., No. 12-cv-02648;*

*Schultze Agency Services, LLC, et al. v. Hitachi, Ltd., et al., No. 12-cv-02649.*

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND......................................................................2

ARGUMENT ....................................................................................................................4

    A.  The Court Should Deny the DAPs' Motion for Leave to Amend Because
        Mitsubishi Electric Would Suffer Unfair Prejudice.............................................4

    B.  Plaintiffs Have Unduly Delayed Moving To Amend. .........................................7

    C.  The Interim Special Master Placed Undue Weight on the IPPs' R&R..............................8

CONCLUSION.................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*AmerisourceBergen Corp. v. Dialysist West, Inc.,*
  465 F.3d 946 (9th Cir. 2006) ............................................................................4, 7

*Bowers v. Kletke,*
  451 Fed. App'x 710 (9th Cir. 2011) ...........................................................................5

*Chodos v. W. Publ. Co.,*
  292 F.3d 992 (9th Cir. 2002) .....................................................................................7

*Coleman v. Quaker Oats Co.,*
  232 F.3d 1271 (9th Cir. 2000) ...................................................................................7

*In re TFT-LCD (Flat Panel) Antitrust Litig.,*
  No. 07-1827 (N.D. Cal. Apr. 12, 2011) ....................................................................7

*Jackson v. Bank of Hawaii,*
  902 F.2d 1385 (9th Cir. 1990) ...........................................................................4, 7

*Johnson v. Mammoth Recreations, Inc.,*
  975 F.2d 604 (9th Cir. 1992) .....................................................................................7

*Netbula, LLC v. Bindview Dev. Corp.,*
  No. C06-00711, 2007 U.S. Dist. LEXIS 58736 (N.D. Cal. Aug. 1, 2007)................6

*Texaco, Inc. v. Ponsoldt,*
  939 F.2d 794 (9th Cir. 1991) .....................................................................................7

*Wells Fargo Bank, N.A. v. Renz,*
  C 08-02561, 2010 U.S. Dist. LEXIS 76310 (N.D. Cal. July 19, 2010).................5, 8

*Wilkins-Jones v. County of Alameda,*
  C-08-1485, 2012 U.S. Dist. LEXIS 107127 (N.D. Cal. July 31, 2012) ...................4

OTHER AUTHORITIES

Federal Rule of Civil Procedure 15(a)(2) ......................................................................4

1  Mitsubishi Electric US, Inc. and Mitsubishi Digital Electronics Americas, Inc.,
2  (collectively, "Mitsubishi Electric") hereby object to the Interim Special Master's Report and
3  Recommendation Regarding Direct Action Plaintiffs' Motion for Leave to File Amended
4  Complaints.  Dkt. 1751.  Mitsubishi Electric requests the Court deny the Direct Action Plaintiffs'
5  Motion to for Leave to Amend their complaints to add the Mitsubishi Electric entities as
6  additional defendants.

## INTRODUCTION

8  Five years into this sprawling and procedurally complex litigation, and over 16 months
9  after opting out of the class actions to file their own cases, the Direct Action Plaintiffs (the
10  "DAPs" or "plaintiffs") have sought leave to add Mitsubishi Electric to this litigation.  Until
11  recently, Mitsubishi Electric has been a stranger to this litigation and as of yet has not been
12  served with a complaint or participated in the litigation in any meaningful way.  In briefing the
13  motion to amend, the DAPs asserted Mitsubishi Electric's role was known since 2007 – yet they
14  delayed seeking relief until 2013.  Moreover, at this late stage, the prejudice posed to Mitsubishi
15  Electric by being added at this stage shortly before trial is unavoidable.

16  The DAPs' Motion to Amend was referred to Interim Special Master Martin Quinn, who
17  heard the motion due to Judge Legge's illness.  Interim Special Master Quinn's Report and
18  Recommendation ("R&R") was based almost entirely on Judge Legge's November 2012
19  recommendation that this Court permit the Indirect Purchaser Plaintiffs (the "IPPs") to add
20  Mitsubishi Electric as a defendant in the class action (the "IPP R&R").  Dkt. 1453.  But that prior
21  recommendation was never presented to this Court.  After Mitsubishi Electric advised the IPPs
22  that Mitsubishi Electric intended to object to Judge Legge's IPP R&R, the parties negotiated a
23  resolution under which Mitsubishi Electric was added to the IPPs' complaint as a co-conspirator
24  and the IPPs withdrew their motion seeking leave to add Mitsubishi Electric as defendants.

25  In ruling on the DAPs' Motion for Leave to Amend, Special Master Quinn concluded
26  that there was no difference between the DAPs' motion and the prior motion of the IPPs.  Yet
27  Judge Legge's IPP R&R was based on the circumstances and posture of the litigation at the time

28

the IPPs sought leave to amend – now eleven months ago. Those considerations no longer weigh in favor of permitting amendment and, if anything, militate against it. In the time since the IPPs moved for leave to amend, this litigation has continued moving forward and the likelihood of prejudice to Mitsubishi Electric if forced to play "catch up" has only increased. Moreover, because the IPPs withdrew their motion to add the Mitsubishi Electric entities as defendants before the Court had a chance to consider the IPP R&R, Mitsubishi Electric never had an opportunity to object to it, and it was never adopted by this Court. When judged by the present circumstances, leave to amend should not be allowed. The DAPs did not act diligently, and to add Mitsubishi Electric at this date would be unfairly prejudicial.

### FACTUAL AND PROCEDURAL BACKGROUND

Mitsubishi Electric was a total stranger to the CRT litigation until August 2012, and as of the date of the filing of the DAPs' motion to amend, remained a non-party. Mitsubishi Electric was not the subject of any governmental investigation into the CRT market. No Mitsubishi Electric employees have been indicted; nor has any Mitsubishi Electric entity been served with a subpoena or investigative demand – from any government in the world. Mitsubishi Electric was not named a defendant in the class actions, and Mitsubishi Electric was not named in any of the DAPs actions when they were filed, beginning in November 2011.

Although this litigation began in November 2007, no party sought to add Mitsubishi Electric as a defendant until the IPPs moved for leave to amend almost a year ago, in August 2012. Dkt. 1325. Mitsubishi Electric opposed the IPPs' motion. Dkt. 1348. Judge Legge recommended that the IPPs' motion be granted. Dkt. 1453. Although Judge Legge acknowledged the burden that the "substantial volume of documents produced by all interested parties" presented, Judge Legge noted that no purely merits depositions had as yet been taken, and held that Mitsubishi Electric would not suffer prejudice sufficient to deny the motion to amend. *Id*. at 2. After Mitsubishi Electric advised counsel for the IPPs that Mitsubishi Electric intended to object to the IPP R&R, the IPPs withdrew their motion seeking leave to add

Mitsubishi Electric as defendants and instead stipulated to add Mitsubishi Electric as alleged co-conspirators. Dkt. 1505. As a result, the IPP R&R was never adopted by this Court.

Seven months after the IPPs moved to amend, the DAPs belatedly followed suit and on March 26, 2013 sought leave to add to their own complaints, which were essentially word-for-word recitations of the IPPs' prior allegations against Mitsubishi Electric.[1]   Dkt. 1609. Mitsubishi Electric opposed the DAPs' motion. Dkt. 1628. In briefing the Motion to Amend, the DAPs made several concessions about their actions and motivation that are critical to understanding this motion:

- In response to the argument that the DAPs had not been diligent, the DAPs acknowledged that it was the IPPs' motion that "prompted" the DAPs to begin a review for evidence of Mitsubishi Electric's participation in the alleged conspiracy. Dkt. 1751 at 5.

- The DAPs recognized the complexity of the document productions and the factual issues in the case. They stated that they performed a "targeted review" of the documents for nearly one-half year – beginning in August, 2012 – before they uncovered enough evidence to amend their complaint. Dkt. 1650 at ¶ 2.

- The DAPs asserted that "Mitsubishi and Thomson have been on notice of the facts described in Plaintiffs' complaints since 2007, when the IPPs named Thomson as a defendant." Dkt. 1609 at 12. The DAPs did not explain why they waited until 2013 to seek to add Mitsubishi Electric as a defendant, given that they apparently had notice of Mitsubishi Electric's alleged involvement since at least 2007.

Due to Judge Legge's illness, the motion to amend was heard by attorney Martin Quinn, sitting as Interim Special Master. Interim Special Master Quinn had no prior experience in this

---

[1] No doubt copying the efforts of other direct action plaintiffs, on May 28, 2013, Dell filed an Amended Complaint naming Mitsubishi Electric entities as defendants. Dkt. 1725. Because Dell's case was newly filed, Dell was not required to seek leave to amend its complaint. Dell's complaint copied the allegations that other plaintiffs have attempted to lodge. No Mitsubishi Electric entity has yet been served by Dell.

1   case.  On May 8, 2013, Interim Special Master Quinn heard oral argument, and on June 28,

2   2013, ultimately recommended that the DAPs' motion be granted.  Dkt. 1751.  Interim Special

3   Master Quinn's report relied heavily on the IPP R&R and expressly followed in Judge Legge's

4   footsteps.  *Id*.

5                                    **ARGUMENT**

6        Mitsubishi Electric respectfully objects to the Interim Special Master's R&R because it

7   fails to recognize the substantial prejudice Mitsubishi Electric would face if added to this

8   litigation at this late date, ignores the DAPs' undue delay, and incorrectly relies on the IPP R&R,

9   which was based on different factual and procedural circumstances and was never adopted by

10  this Court.

11       Federal Rule of Civil Procedure 15(a)(2) requires that after the time for amending as a

12  matter of course has passed, and absent consent, a party must seek the Court's leave to amend a

13  pleading.  Although often freely granted, the Court should not grant leave to amend if the

14  amendment: (1) prejudices the defendant sought to be added; (2) reflects an undue delay, (3) is

15  sought in bad faith, or (4) is futile.  *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d

16  946, 951 (9th Cir. 2006).  Of these factors, prejudice to the defendant sought to be added carries

17  the greatest weight in deciding whether to permit an amendment.  *Jackson v. Bank of Hawaii*,

18  902 F.2d 1385, 1387 (9th Cir. 1990).

19       Here, this Court should not adopt the Interim Special Master's R&R because (1)

20  Mitsubishi Electric will suffer unfair prejudice if added at this late stage; (2) the DAPs have

21  unduly delayed filing the motion to amend, and (3) the interim Special Master's reliance on the

22  IPP R&R was improper.

23  **A.    The Court Should Deny the DAPs' Motion for Leave to Amend Because
          Mitsubishi Electric Would Suffer Unfair Prejudice.**

24       The Court may deny a plaintiffs' motion to amend solely on the basis of the prejudice a

25  late amendment will have on the defendant.  *Wilkins-Jones v. County of Alameda*, C-08-1485,

26  2012 U.S. Dist. LEXIS 107127, at *22 n. 1 (N.D. Cal. July 31, 2012) ("[t]he Court looks at

27

28
                                            4

prejudice . . [to] the Defendants who would be named if Plaintiff is permitted to amend."). Courts in this district have recognized that a late-added party faces "an especially acute threat of prejudice" posed by amendment. *Wells Fargo Bank, N.A. v. Renz*, C 08-02561, 2010 U.S. Dist. LEXIS 76310, at *13 (N.D. Cal. July 19, 2010) (citations omitted). The avoidance of prejudice to the party to be added is "[a] major objective" of the Court's. (citations omitted). *Id*. The Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *Bowers v. Kletke*, 451 Fed. App'x 710, 712 (9th Cir. 2011).

The DAPs attempt to rebut the presumption of prejudice with the blanket assertion that the proposed amendments "would not cause undue prejudice" to Mitsubishi Electric. Dkt. 1751 at 11. Plaintiffs gloss over the procedural posture of this litigation and ignore how much has taken place without Mitsubishi Electric's involvement. Plaintiffs seek to add Mitsubishi Electric entities as defendants nearly 20 years after the alleged conduct began, over six years into this litigation, more than two years into discovery, and with trial looming next year. Not only is this litigation significantly advanced, it is an extremely complex action based on an alleged global antitrust conspiracy. Given the amount of pre-trial activity, including critical briefing and rulings, document production, and depositions, that has taken place without Mitsubishi Electric's involvement or input, adding Mitsubishi Electric at this advanced stage would unfairly prejudice Mitsubishi Electric in its effort to defend itself against DAPs' allegations.

The DAPs attribute their delay in seeking leave to add Mitsubishi Electric to their difficulty identifying any documents even mentioning Mitsubishi Electric's involvement in the alleged conspiracy. However this difficulty highlights precisely the prejudice Mitsubishi Electric faces. Unlike Mitsubishi Electric, the DAPs have been fully engaged in this litigation since at least November 2011 when the first opt-out complaints were filed. The DAPs have had the benefit of well over a year to sort through the massive discovery record in this case in order to determine the appropriate defendants. Even after responding to affirmative discovery requests from many of the defendants, assembling a document database, obtaining translations, and running searches for relevant documents, it still "took time" for the DAPs to get to a point where

they could move to amend.  May 8, 2013 Hr'g Tr. at 16.  After the IPPs' motion "prompted" the DAPs to conduct "targeted searches" for evidence of Mitsubishi Electric's alleged involvement, the DAPs still required six months for their search.  Putting aside the fact that the fruits of that search evidently justified only extremely general allegations regarding Mitsubishi Electric's alleged involvement, borrowed almost entirely from the IPPs' prior motion to amend, the fact that it took the DAPs six months to sift through the documents in this case when they knew what they were looking for underscores Mitsubishi Electric's predicament exactly.

Unlike the DAPs, Mitsubishi Electric is a stranger to this litigation.  It has not been a party to any of the related cases.  It did not receive a government subpoena.  It has not been the subject of any CRT investigation – worldwide.  Under the current scheduling order, if Mitsubishi Electric took just a single year to familiarize itself with the record, review its own materials, file motions to dismiss, obtain the millions of documents produced in the case, translate those documents, and conduct discovery, Mitsubishi Electric would miss the close of fact and expert discovery by several months.  But Mitsubishi Electric does not have a year at its disposal.  Instead, if added to this litigation, Mitsubishi Electric will be forced to conduct document discovery, process and review existing discovery, engage in dispositive briefing, engage experts, depose witnesses, and prepare for trial in less than the time it took the plaintiffs to find any supposed basis for suing Mitsubishi Electric.  The prejudicial impact of the procedural posture justifies denying the plaintiffs' motion to amend.  *Netbula, LLC v. Bindview Dev. Corp.*, No. C06-00711, 2007 U.S. Dist. LEXIS 58736 (N.D. Cal. Aug. 1, 2007) (denying leave to amend due to "unreasonably short period between [the motion to amend] and the current trial date.").

Nor should this Court put any credence in DAPs' assertion that Mitsubishi Electric's interests are protected by the other defendants in this litigation.  *See* Dkt. 1751 at 11.  Those existing defendants stipulated to the addition of Mitsubishi Electric in this case, dkt. 1624, which is contrary to Mitsubishi Electric's interests.  Moreover, there is some irony in the DAPs suggesting that Mitsubishi Electric should rely on others.  The DAPs themselves elected to litigate on their own, rather than permitting the class to represent their interests.  Mitsubishi

1    Electric should not be required to rely on the defensive efforts of others, just as the DAPs are

2    free to litigate their own cases rather than rely on others to represent their interests.

3        Finally, Mitsubishi Electric is out of time.  The *LCD* litigation offers an apt comparison.

4    In the *LCD* case, there were approximately nine months to go in the discovery period when

5    plaintiffs moved to amend.  When faced with these facts in the *LCD* case, Judge Illston denied

6    the plaintiffs' motion leave to amend their complaints to add Mitsubishi Electric entities in that

7    litigation.  Judge Illston noted that, "adding [the Mitsubishi Electric entities] as defendants will

8    cause undue delay to service, new discovery, and motion practice."  *In re TFT-LCD (Flat Panel)*

9    *Antitrust Litig.*, No. 07-1827 (N.D. Cal. Apr. 12, 2011) (Dkt. 2641 at 1).  The discovery cut-off

10   in this case is eight months away, the addition of Mitsubishi Electric will necessitate additional

11   motion practice, and this sprawling case is no less complex.  As in LCD, the same concerns

12   counsel against adding Mitsubishi Electric here.

13   **B.    Plaintiffs Have Unduly Delayed Moving To Amend.**

14       The Ninth Circuit has repeatedly upheld the denial of a motion to amend where a plaintiff

15   has unduly delayed.  *AmerisourceBergen Corp,* 465 F.3d 951; *Chodos v. W. Publ. Co.*, 292 F.3d

16   992 (9th Cir. 2002); *Jackson*, 902 F.2d at 1388; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

17   604 (9th Cir. 1992); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991).  Failure to show

18   diligence requires that "the inquiry should end."  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271,

19   1295 (9th Cir. 2000).  The Ninth Circuit has held that undue delay occurs when a party moves to

20   amend "long after it should have become aware of the information that underlies that motion."

21   *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

22       The DAPs have been dilatory in bringing this motion.  In their motion to amend, the

23   plaintiffs admitted they should have sued earlier.  They claimed that "Mitsubishi and Thomson

24   have been on notice of the facts described in Plaintiffs' complaints since 2007, when the IPPs

25   named Thomson as a defendant."  Dkt. 1609 at 12.  If the public filing of a complaint put

26   Mitsubishi Electric on notice in 2007, it follows that it put the plaintiffs on notice too.  Yet the

27   DAPs evidently were unmotivated even to investigate a basis for adding Mitsubishi Electric until

28

the IPPs' motion in August 2012.  Plaintiffs' lack of diligence should not be excused now that plaintiffs have grabbed a hold of the IPPs' coattails.  Plaintiffs' motion should be denied, particularly since plaintiffs have failed to develop any theory or facts in support of adding Mitsubishi Electric and plaintiffs' basis for adding Mitsubishi Electric appears to have been gleaned from a review of the IPPs' Proposed Fourth Amended Complaint.  Indeed, courts have denied leave to amend for delays shorter than the delay present here.  *See, e.g. Wells Fargo Bank,* 2010 U.S. Dist. LEXIS 76310, at *12-13 (failure to explain five month delay "necessitates the conclusion that [movant] was not diligent, which warrants denial of his motion.").  The Ninth Circuit has previously held an eight month delay unreasonable.  *Texaco*, 939 F.2d at 799.

### C.   The Interim Special Master Placed Undue Weight on the IPP R&R.

The interim Special Master relied heavily on the IPP R&R as the basis for his analysis. Doing so was error.

First, as counsel for the DAPs noted in oral argument, the Special Master's report and recommendation is not conclusively determined until the this Court adopts it.  May 8, 2013 Hr'g Tr. at 19.  This Court never adopted the IPP R&R, and it should not guide the Court's analysis here.  Rather, Mitsubishi Electric advised the IPPs that it intended to object to the IPP R&R, and the IPPs decided that to withdraw their motion and add Mitsubishi Electric to the complaint as a co-conspirator instead.  Thus, the IPP R&R is not persuasive authority.[2]

Second, this litigation is even more advanced than it was when the IPPs' motion was before the court.  Even at the time of the IPP R&R, Judge Legge recognized the substantial volume of documents produced by all interested parties.  Dkt. 1453 at 2.  Seven months ago, more than 4 million documents, many in foreign languages, had already been produced.  Dkt. 1325 at 8, n. 5.  In the seven months between the filing of the IPPs' motion and the filing of the DAPs' motion, this litigation has not stood still and those numbers have only grown,

---

[2] Indeed, the resolution in the IPP case provides a viable alternative here.  The IPPs' decision to add Mitsubishi Electric as a co-conspirator – an option available here – fully protected the class, as defendants are ordinarily liable for the damages caused by their non-party co-conspirators.

exacerbating the prejudice to Mitsubishi Electric.  Mitsubishi Electric cannot simply skim the document productions and get up to speed.

Docket entries have also piled up by the day as plaintiffs delayed - as of the filing of this objection there are over 1700 entries on the ECF docket, over 400 of which occurred since the IPPs sought to amend their complaint.  With constant, ongoing discovery, each day the DAPs delayed their cut-and-paste amendments is a day Mitsubishi Electric has fallen further behind in this litigation.

Yet Interim Special Master Quinn pointed out in the R&R that the Court adopted a revised schedule on March 13, 2013, dkt. 1595, and concluded that Mitsubishi Electric was therefore not in a "materially different" position than it was when the IPPs filed their motion. Dkt. 1751 at 7.  That is simply not the case.  For example, in the IPP R&R, Judge Legge commented that depositions had not taken place.  That can no longer be said.  Numerous depositions have been completed, with many others scheduled to be completed in the time it will take to resolve this motion, serve Mitsubishi Electric, resolve motions to dismiss, and integrate Mitsubishi Electric into the case.  One example dramatizes this point.  The DAPs allege that Mitsubishi Electric had "regular bilateral meetings with Samsung SDI." *See, e.g.*, Costco Am. Compl., Dkt. 1613, Ex. C ¶ 130.  Yet the DAPs have already taken Samsung SDI's deposition, without Mitsubishi Electric's participation.

Third, the evidence of delay in this individual case is clearer than in the case of the IPPs' action.  This is not a situation where the class consists of purchasers unknown to counsel such that the defendants cannot be identified with precision.  Instead, each of the DAPs knows precisely from whom it purchased CRTs.  Despite knowing facts underlying the claim, and despite knowing whether they purchased CRTs from Mitsubishi Electric, the DAPs sat on their hands for years.  Their undue delay in bringing this case – since 2007, and before – severely prejudices Mitsubishi Electric.

Finally, the IPP R&R should not guide this Court because it relied on entirely different material not relevant to this motion.  In deciding the IPP R&R, Judge Legge considered

documents the IPPs represented formed the basis for their motion.  Dkt. 1453 at 2.  Because Judge Legge's R&R relied in part on those documents – documents which are not the subject of the DAPs' motion – the IPP R&R rests on a different factual foundation than the DAPs' motion and should not extend to the Court's analysis here.  Moreover, Mitsubishi Electric never had an opportunity to present its arguments against the IPP R&R because it was not necessary to do so after the IPPs withdrew their motion.  Relying on the IPP R&R improperly defers to a decision Mitsubishi Electric disagrees with, but the Court never had the opportunity to review.[3]  Thus, the Special Master's reliance on the IPP R&R is misplaced.

## CONCLUSION

For the foregoing reasons, Mitsubishi Electric respectfully objects to the Interim Special Master's Report and Recommendation and requests that the Court deny the Direct Action Plaintiffs' Motion for Leave to File Amended Complaints adding the Mitsubishi Electric entities as defendants in this litigation.

---

[3] For example, Mitsubishi Electric did not have an opportunity to object to Judge Legge's reliance on the documents proffered by the IPPs.  Judge Legge cited "production status reports" as demonstrating Mitsubishi Electric's "participation in the exchange of production information with the other defendants."  Dkt. 1453 at 2.  Yet, when asked during September 27, 2012 hearing on the IPPs' motion, counsel for plaintiffs was unable to explain how the documents related to Mitsubishi Electric.  Judge Legge also stated the production status reports demonstrated that "Mitsubishi accounted for a meaningful share of the United States market for CRTs during the alleged class period."  *Id.*  However, the documents did not purport to document relative market share or output of CRT products during the class period.  In fact, Mitsubishi Electric never had a significant market share, and apart from containing a reference to Mitsubishi Electric, it was not clear how the documents related to Mitsubishi Electric or its participation in the alleged conspiracy.  Nor could counsel for plaintiffs explain the significance of the documents.

Dated:  July 12, 2013

Respectfully Submitted,

By: /s/ Terrence J. Truax_____
      Terrence J. Truax

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
JENNER & BLOCK LLP
353 North Clark
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:   213 239-5100
Facsimile:    213 239-5199
bcaslin@jenner.com

*Attorneys for Intervenors*
*Mitsubishi Electric US, Inc.,*
*and Mitsubishi Digital Electronics Americas,*
*Inc.*

11