1    David J. Burman (admitted *pro hac vice*)
2    Cori G. Moore (admitted *pro hac vice*)
     Eric J. Weiss (admitted *pro hac vice*)
3    Nicholas H. Hesterberg (admitted *pro hac vice*)
     **PERKINS COIE** LLP
4    1201 Third Avenue, Suite 4900
     Seattle, WA 98101-3099
5    Telephone:    206.359.8000
     Facsimile:    206.359.9000
6
     Joren Bass, Bar No. 208143
7    JBass@perkinscoie.com
     **PERKINS COIE** LLP
8    Four Embarcadero Center, Suite 2400
     San Francisco, CA  94111-4131
9    Telephone:    415.344.7120
     Facsimile:    415.344.7320
10
     Attorneys for Plaintiff Costco Wholesale Corporation
11   [Additional Counsel Listed on Signature Page]

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15   IN RE: CATHODE RAY TUBE (CRT)          Master File No. 3:07-cv-05944-SC
     ANTITRUST LITIGATION                   MDL No. 1917
16

17   This Document Relates to:             **DIRECT ACTION PLAINTIFFS'**
                                           **RESPONSE TO THOMSON'S AND**
18   *Electrograph Systems, Inc., et al. v. Hitachi,*   **MITSUBISHI'S OBJECTIONS TO THE**
     *Ltd., et al.*, No. 11-cv-01656;      **INTERIM SPECIAL MASTER'S**
19                                         **REPORT AND RECOMMENDATION**
                                           **REGARDING DIRECT ACTION**
20   *Alfred H. Siegel, as Trustee of the Circuit*   **PLAINTIFFS' MOTION FOR LEAVE**
     *City Stores, Inc. Liquidating Trust v.*   **TO FILE AMENDED COMPLAINTS**
21   *Hitachi, Ltd., et al.*, No. 11-cv-05502;

22   *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et*
     *al.*, No. 11-cv-05513;

23   *Target Corp, et al. v. Chunghwa Picture*
24   *Tubes, Ltd., et al.*, No. 11-cv-05514;

25   *Interbond Corporation of America v.*
     *Hitachi, et al.*, No. 11-cv-06275;

26   *Office Depot, Inc. v. Hitachi Ltd., et al.*, No.
27   11-cv-06276;

28   *CompuCom Systems, Inc. v. Hitachi, Ltd., et*

1     *al.*, No. 11-cv-06396;

2     *Costco Wholesale Corporation v. Hitachi,*
    *Ltd., et al.*, No. 11-cv-06397;

3

4     *P.C. Richard & Son Long Island*
    *Corporation, et al., v. Hitachi, Ltd., et al.*,
    No. 12-cv-02648;

5

6     *Schultze Agency Services, LLC, et al. v.*
    *Hitachi, Ltd., et al.*, No. 12-cv-02649.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:07-05944-SC
MDL No. 1917
29040-0318/LEGAL27299773.5

DAP RESPONSE TO THOMSON AND
MITSUBISHI'S OBJECTIONS TO INTERIM SPECIAL
MASTER'S REPORT AND RECOMMENDATION

1

2
# **TABLE OF CONTENTS**

3

4
INTRODUCTION ............................................................................................................ 1

ARGUMENT ................................................................................................................... 2

      I.      Legal Standard ............................................................................... 2

      II.     The Interim Special Master Applied the Appropriate Legal
             Standard to the DAPs' Motion for Leave to Amend......................................... 3

      III.    The Interim Special Master Correctly Concluded that
             Thomson and Mitsubishi Failed to Establish Undue
             Prejudice........................................................................................... 4

      IV.    The Interim Special Master Correctly Concluded that
             Thomson and Mitsubishi Failed to Establish Undue Delay.......................... 10

      V.     The Court Should Adopt All Unopposed Portions of the
             Interim Special Master's Report and Recommendation ............................... 13

CONCLUSION ............................................................................................................. 14

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:07-05944-SC
MDL No. 1917                  -i-
29040-0318/LEGAL27299773.5

DAP RESPONSE TO THOMSON AND
MITSUBISHI'S OBJECTIONS TO INTERIM SPECIAL
MASTER'S REPORT AND RECOMMENDATION

# TABLE OF AUTHORITIES

**Page**

**CASES**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
    465 F.3d 946 (9th Cir. 2006)................................................................................................. 10

*Bowles v. Reade*,
    198 F.3d 752 (9th Cir. 1999)................................................................................................. 11

*DCD Programs, Ltd v. Leighton*,
    833 F.3d 183 (9th Cir. 1987)......................................................................................... 3, 4, 11

*Eminence Capital, LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003)....................................................................................... 3, 4, 10

*Foman v. Davis*,
    371 U.S. 178 (1962) ............................................................................................................... 4

*Harman v. Apfel*,
    211 F.3d 1172 (9th Cir. 2000)................................................................................................. 3

*Howey v. United States*,
    481 F.2d 1187 (9th Cir. 1973)........................................................................................... 4, 11

*Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.*,
    648 F.2d 1252 (9th Cir. 1981)............................................................................................... 11

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    No. 3:07-md-1827-SI (N.D. Cal. Apr. 12, 2011) ................................................................... 9

*Jackson v. Bank of Haw.*,
    902 F.2d 1385 (9th Cir. 1990)............................................................................................... 10

*Kode v. Carlson*,
    596 F.3d 608 (9th Cir. 2010)................................................................................................... 3

*Matthews Metals Prods., Inc. v. RBM Precision Metal Prods., Inc.*,
    186 F.R.D. 581 (N.D. Cal. 1999)............................................................................................ 3

*McGlinchy v. Shell Chemical Co.*,
    845 F.2d 802 (9th Cir. 1988)................................................................................................. 11

*Miranda v. Anchondo*,
    684 F.3d 844 (9th Cir. 2012)................................................................................................. 14

*Morongo Band of Mission Indians v. Rose*,
    893 F.2d 1074 (9th Cir. 1990)............................................................................................... 10

CASE NO. 3:07-05944-SC
MDL No. 1917
29040-0318/LEGAL27299773.5

-ii-

DAP RESPONSE TO THOMSON AND
MITSUBISHI'S OBJECTIONS TO INTERIM SPECIAL
MASTER'S REPORT AND RECOMMENDATION

*Netbula, LLC v. Bindview Dev. Corp.*,
   No. C06-00711 MJJ, 2007 WL 2221070 (N.D. Cal. Aug. 2, 2007) ......................................... 9

*Scognamillo v. Credit Suisse First Boston, LLC,*
   587 F. Supp. 2d 1149 (N.D. Cal. 2008) ................................................................................. 10

*Sharp Electronics Corp. v.Hitachi, Ltd. et al.*,
   No. 3:13-cv-01173-SC, Dkt. No. 1 (N.D. Cal. Mar. 15, 2013)................................................. 5

*United States v. Hinkson*,
   585 F.3d 1247 (9th Cir. 2009) (en banc)........................................................................... 2, 3

*Wells Fargo Bank, N.A. v. Renz*,
   No. C 08-02561 SBA, 2010 WL 2867615 (N.D. Cal. July 20, 2010) ................................... 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15(a)..................................................................................................... 3, 6, 10, 11

Fed. R. Civ. P. 53(f)(3)–(4).......................................................................................................... 2

CASE NO. 3:07-05944-SC
MDL No. 1917
29040-0318/LEGAL27299773.5
-iii-
DAP RESPONSE TO THOMSON AND
MITSUBISHI'S OBJECTIONS TO INTERIM SPECIAL
MASTER'S REPORT AND RECOMMENDATION

1  Pursuant to the Court's June 18, 2012, Order Amending Order Appointing Special Master,

2  the undersigned Direct Action Plaintiffs ("DAPs") hereby file this response to Thomson

3  Consumer Electronics, Inc., and Thomson S.A.'s (together, "Thomson") and Mitsubishi Electric

4  US, Inc., and Mitsubishi Digital Electronics Americas, Inc.'s (together, "Mitsubishi") Objections

5  to the Special Master's June 28, 2013, Report and Recommendation, which recommended that

6  the Court grant in its entirety the DAPs' Motion for Leave to File Amended Complaints.

7
8
## INTRODUCTION

9  Interim Special Master Quinn's Report and Recommendation (the "R&R") is based on a

10  well-reasoned analysis of the relevant law and the procedural posture of this case:

11
12
13
> *The burden on showing prejudice from a proposed amendment rests on the non-moving party. . . . There is simply no persuasive basis on which to find that Thomson has satisfied its burden to show that it would be unduly prejudiced by allowing the requested amendments.*

14  Report and Recommendation at 4, 7.

15
16
17
> *Mitsubishi is not in a materially different position now than it was when Judge Legge made his recommendation. For these reasons, Mitsubishi has not satisfied its burden to demonstrate undue prejudice.*

18  *Id.*

19
20
> *No persuasive reason is presented for coming to a conclusion different as to Mitsubishi and Thomson than Judge Legge did as to Mitsubishi last year.*

21  *Id.* at 5.

22
23
> *DAPs reasonably assert that they were performing due diligence . . . . The mere speculation that they might have completed that review and filed this motion 2-3 months sooner is not an adequate basis to demonstrate undue delay.*

24  *Id.* at 6.

25  Thomson and Mitsubishi nevertheless object, and in doing so disregard these definitive

26  and persuasive conclusions and rehash unsupported arguments that have now twice been rejected

27  by the Special Masters. The proposed amendments—many of which are unopposed by any of the

28

CASE NO. 3:07-05944-SC
MDL No. 1917
29040-0318/LEGAL27299773.5
-1-
DAP RESPONSE TO THOMSON AND
MITSUBISHI'S OBJECTIONS TO INTERIM SPECIAL
MASTER'S REPORT AND RECOMMENDATION

existing or putative Defendants[1]—readily satisfy the liberal standard for granting leave to amend, and DAPs need not repeat arguments already thoroughly briefed and presented before the Interim Special Master.  As the Interim Special Master explained, Thomson and Mitsubishi failed to carry their burden of establishing undue prejudice or undue delay related to their addition as defendants in the DAP actions.  The Court should adopt the R&R in its entirety and grant the DAPs leave to add Thomson and Mitsubishi as defendants; to add Videocon Industries, Ltd., as a non-party co-conspirator; to add additional allegations relevant to *American Pipe*, cross-jurisdictional, and Government Action tolling; to delete certain paragraphs in certain DAP complaints; and, in the case of Costco, to add certain Samsung SDI entities[2] as defendants and certain Panasonic entities[3] as non-party co-conspirators.

## ARGUMENT

### I.   Legal Standard

The Interim Special Master's determination of whether to grant the motion to amend is a procedural decision that this Court reviews for abuse of discretion.  *See* Dkt. No. 1534 at 3 ("The Court reviews the Special Master's factual findings for clear error, his legal conclusions *de novo*, and his procedural decisions for abuse of discretion.") (citations omitted); Dkt. No. 302 at 6 ("The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion."); Fed. R. Civ. P. 53(f)(3)–(4) (same); *see also* Thomson Obj. at 3 ("The decision to grant a motion to amend is reviewed for 'abuse of discretion.'").

Abuse of discretion is a "significantly deferential" standard.  *United States v. Hinkson*,

---

[1] In the proceedings before the Interim Special Master, the Samsung SDI Defendants opposed Costco's motion to add those entities as defendants in Costco's individual action.  However, Samsung SDI has dropped its opposition by failing to object to the Special Master's recommendation that Costco's motion be granted.  With the exception of the ruling on the DAPs' request to add Thomson and Mitsubishi as defendants, all aspects of the R&R are unopposed and should be adopted.  And for the reasons explained below, the R&R as to Thomson and Mitsubishi should also be approved.

[2] The Samsung SDI entities are:  Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brazil  Ltda., Shenzhen Samsung SDI Co., Ltd., Tianjin Samsung SDI Co., Ltd., and Samsung SDI (Malaysia) Sdn. Bhd.

[3] The Panasonic entities are:  Panasonic Corp., Panasonic Corp. of North America, MT Picture Display, Co., Ltd., Matsushita Electronic Corp. (Malaysia) Sdn. Bhd. and Panasonic Consumer Electronics Co.

1   585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).  Neither Thomson nor Mitsubishi dispute that the

2   Interim Special Master applied the "appropriate [legal] standards for evaluating a motion for

3   leave to amend."  *See* Thomson Obj. at 4; *see also* Mitsubishi Obj. at 4 (reciting the same legal

4   standard as the Interim Special Master).  Thus, the *only issue* on review is whether the Interim

5   Special Master's conclusions "were illogical, implausible, or without support in inferences that

6   may be drawn from facts in the record."  *Hinkson*, 585 F.3d at 1264.  Of course, as outlined in

7   great detail in the R&R, as well as the DAPs' motion and supporting papers, the Interim Special

8   Master's application of the proper legal standard was logical, plausible, and wholly supported by

9   the record.  And it was far more than adequate under the deferential standard.  *See, e.g., Kode v.*

10  *Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) (noting that discretion permits "a broad range of

11  possible conclusions"); *Hinkson*, 585 F.3d at 1262 (confirming that the reviewing court may not

12  simply "substitute [its] view" for that of the decision maker); *Harman v. Apfel*, 211 F.3d 1172

13  (9th Cir. 2000) (permitting reversal under abuse of discretion "only when" the reviewing court is

14  convinced "firmly" that the decision "lies beyond the pale of reasonable justification under the

15  circumstances.").

16          Because the Special Master's conclusions were based on an accurate interpretation of the

17  law and an appropriate application of that law to the facts of this case, the R&R should be

18  adopted in its entirety.

19  **II.     The Interim Special Master Applied the Appropriate Legal Standard to the DAPs'**
20  **         Motion for Leave to Amend**

            There is no serious dispute about the legal standard governing the DAPs' motion to
21
    amend.  As the Interim Special Master confirmed,
22
                    Leave to amend shall be granted freely "when justice so requires."
23              Fed. R. Civ. P. 15(a).  This policy is applied "with extreme
                liberality" in the Ninth Circuit.  *Eminence Capital, LLC v. Aspeon,*
24              *Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The policy of liberality
                applies whether the amendment will "add new causes of actions or
25              parties."  *DCD Programs, Ltd v. Leighton*, 833 F.3d 183, 186 (9th
                Cir. 1987).  Where the amendment seeks to add new parties, it must
26              also satisfy the joinder requirements of Rule 20(a), but those also
                are to be applied liberally [*Matthews Metals Prods., Inc. v. RBM*
27              *Precision Metal Prods., Inc.*, 186 F.R.D. 581, 583 (N.D. Cal.

28

1         1999)], and are easily satisfied here since the claims against the
2         potential new parties are identical to those against other defendants.

3         Leave to amend shall be granted absent undue delay, bad faith or
      dilatory motive on the part of the moving party, prejudice to the
4         nonmovant or futility of the amendment. *Foman v. Davis*, 371 U.S.
      178, 182 (1962).  Of these "Foman factors" the most important is
5         the presence or absence of prejudice. *Eminence Capital*, 316 F.3d
      at 1048.

6         The burden on showing prejudice from a proposed amendment rests
      on the non-moving party. *DCD Programs, Ltd v. Leighton*, 833
7         F.2d 183, 186-7 (9th Cir. 1987).

8   R&R at 4; *see also Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973) ("Where

9   there is lack of prejudice to the opposing party and the amended complaint is obviously not

10   frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a

11   motion.").

12   **III.   The Interim Special Master Correctly Concluded that Thomson and Mitsubishi
Failed to Establish Undue Prejudice.**

13         The Interim Special Master correctly held that neither Thomson nor Mitsubishi satisfied

14   their burden of showing that they would suffer undue prejudice as a result of being added to the

15   DAP actions.  Indeed, the Interim Special Master appropriately concluded that there was

16   "*absolutely no persuasive basis* on which to find that Thomson has satisfied its burden to show

17   that it would be unduly prejudiced by allowing the requested amendments."  R&R at 7 (emphasis

18   added).   The Special Master found persuasive the fact that Thomson had already been named a

19   defendant by another party in the MDL and will have to proceed in the litigation regardless of the

20   DAPs' motion.  *Id.* at 6–7.  Moreover, the Interim Special Master found it significant that

21   Thomson had known about the CRT actions since at least 2008 and had even entered into a

22   tolling agreement with the IPPs in 2011, which required that Thomson preserve its relevant

23   documents.  *Id.*  Similarly, the Interim Special Master confirmed that "Mitsubishi is not in a

24   materially different position now than it was when Judge Legge made his recommendation [to

25   grant the IPPs' motion to add Mitsubishi to the IPP actions]."  *Id.*  When the IPPs moved to add

26   Mitsubishi to their complaint last fall, Special Master Legge rejected the same prejudice

27   arguments that Mitsubishi asserts again here.  Accordingly, the Interim Special Master concluded

28

CASE NO. 3:07-05944-SC
MDL No. 1917
29040-0318/LEGAL27299773.5
-4-
DAP RESPONSE TO THOMSON AND
MITSUBISHI'S OBJECTIONS TO INTERIM SPECIAL
MASTER'S REPORT AND RECOMMENDATION

1 that "Mitsubishi has not satisfied its burden to demonstrate undue prejudice." *Id.*  Nothing in the

2 Interim Special Master's R&R suggests that those conclusions were implausible, illogical, or

3 unsupported by inferences that may be drawn from the record.  And nothing in the R&R remotely

4 suggests that the Interim Special Master's analysis "lies beyond the pale of reasonable

5 justification under the circumstances," particularly when Special Master Legge had come to the

6 same conclusion this past November.

7   Nonetheless, as they did in their opposition to the DAPs' motion for leave to amend,

8 Thomson and Mitsubishi again argue that they would be unduly prejudiced by their inclusion in

9 the MDL simply because they would have to defend themselves in the litigation—a basic duty

10 required of all civil defendants.  For example, Thomson complains that it will have to "file and

11 litigate both entities' motions to dismiss"; "identify, locate, contact and interview former

12 Thomson personnel who may have knowledge concerning the DAPs' claims"; and "meet and

13 confer regarding the DAPs' discovery responses and file any necessary motions to compel."

14 Thomson Obj. at 5.  Such basic litigation requirements are hardly prejudicial, let alone "unduly"

15 prejudicial, and the current scheduling order allows ample time to complete these tasks.

16   Moreover, because Thomson was named as a defendant in a complaint filed by Sharp

17 Electronics Corporation, Thomson will be required to perform these litigation duties even absent

18 the DAPs' motion.  *See* R&R at 6 ("Thomson's outsider status ended in March 2013 when Sharp

19 named it in its DAP opt-out complaint.  Therefore, regardless of whether this motion is granted,

20 Thomson is a defendant in the DAP cases, and will face the same discovery obligations and the

21 same trial date."); Complaint, *Sharp Electronics Corp. v.Hitachi, Ltd. et al.*, No. 3:13-cv-01173-

22 SC, Dkt. No. 1 (N.D. Cal. Mar. 15, 2013) (naming as defendants Thomson SA (N/K/A

23 Technicolor SA) and Thomson Consumer Electronics, Inc. (N/K/A Technicolor USA, Inc.)).

24 Indeed, the Interim Special Master concluded that because Thomson was already a named

25 defendant in the MDL, Thomson retained *no credible argument* that it would be unduly

26 prejudiced by being added as a defendant to the other DAP actions.  *See* R&R at 7 ("The naming

27 of Thomson as a defendant in the Sharp action removed any credible argument that Thomson

28

CASE NO. 3:07-05944-SC           DAP RESPONSE TO THOMSON AND
MDL No. 1917       -5-   MITSUBISHI'S OBJECTIONS TO INTERIM SPECIAL
29040-0318/LEGAL27299773.5         MASTER'S REPORT AND RECOMMENDATION

1   would be unduly prejudiced by being added as a defendant to these other DAP actions.").

2          The same is now true of Mitsubishi, which has been named as a defendant by plaintiff

3   Dell, and thus will be required to participate in this litigation regardless of the outcome of this

4   motion. *See* Dell Amended Complaint, Dkt. 1725 (June 10, 2013) (naming as defendants

5   Mitsubishi Electric Corp., Mitsubishi Digital Electronics Corp., Mitsubishi Digital Electronics

6   America, Inc., and Mitsubishi Electric & Electronics, USA, Inc.).

7          Thomson attempts to discredit the Interim Special Master by arguing that he failed to

8   adequately consider that Thomson's inclusion in the DAP actions would require it to defend itself

9   in multiple actions rather than one. Thomson Obj. at 7–8. But the Interim Special Master

10  explicitly considered that argument and logically and reasonably rejected it, concluding that

11  although defending against multiple actions would necessarily add some burden, that burden

12  would be "greatly lessened" because those other actions "are part of a coordinated MDL

13  proceeding." R&R at 7. Thomson also claims that being named by additional DAPs will

14  increase its potential liability for the damages it allegedly caused. Although this is true, it is

15  simply not the sort of prejudice—let alone *undue* prejudice—that Rule 15 forbids.

16         Despite their protests, Thomson and Mitsubishi will no doubt *benefit* from

17  many of the MDL litigation activities that have already transpired and to which they expended no

18  time or money. For example, crucial protocols have already been debated and implemented,

19  including a protocol regarding proceedings before the Special Master, a custodian-based

20  discovery protocol, an ESI protocol, a deposition protocol, and a protocol regarding translations.

21  A protective order and a pre-trial schedule coordinating all plaintiffs also are in place. In

22  addition, Thomson and Mitsubishi will have immediate access to discovery information already

23  produced. Just as Thomson argued that "[t]he DAPs have benefited from the existing discovery

24  in the Class Actions," Thomson Opp. at 3, and so too would Thomson and Mitsubishi benefit

25  from the coordinated efforts. That Thomson and Mitsubishi will be able to take advantage of the

26  considerable work already accomplished—at no financial or temporal burden to them—will

27  undoubtedly work to their advantage.

28

CASE NO. 3:07-05944-SC
MDL No. 1917
29040-0318/LEGAL27299773.5

-6-

DAP RESPONSE TO THOMSON AND
MITSUBISHI'S OBJECTIONS TO INTERIM SPECIAL
MASTER'S REPORT AND RECOMMENDATION

1    Furthermore, although the case has moved forward since the DAPs initially moved to

2    amend, discovery is still in its early stages.  Just as was the case when the motion was originally

3    filed, the DAPs are in the process of producing documents, and only two 30(b)(6) depositions

4    (and no merits depositions) of the DAPs have taken place.  As for discovery of the existing

5    Defendants, many merits depositions are scheduled to take place later in 2013 or have yet to be

6    scheduled at all.  The handful of depositions that have taken place to date have been zealously

7    defended by competent counsel for Defendants.  Those Defendants no doubt share Thomson and

8    Mitsubishi's interest in minimizing testimony about the alleged cartel's activities.  *See* Amended

9    Report on IPP Motion to Amend Complaint, Dkt. No. 1453 at 3 (Nov. 19, 2012) ("[N]umerous

10   other defendants' counsel have been representing the defense interests throughout the court of this

11   ligitation[, giving] some assurance that the case has been and is being defended up to this time.").

12   In any event, as current parties to the MDL proceedings, Thomson and Mitsubishi are fully

13   capable of participating in the ongoing discovery of Defendants and DAPs alike.

14        Similarly, the Interim Special Master rejected Thomson and Mitsubishi's argument that

15   they would be unduly prejudiced because of the alleged difficulty in locating witnesses and

16   documents.  Thomson complains, for example, that because it sold its business in 2005 and

17   because most of its documents are located in France, "Thomson will face extreme complications

18   in retrieving them."  Thomson Obj. at 7.  Mitsubishi likewise argues that it would be unduly

19   prejudiced at this time because the conspiratorial conduct occurred "nearly 20 years ago,"

20   apparently making it difficult to locate relevant evidence.  Mitsubishi Obj. at 5.  Yet whether the

21   DAPs included Thomson and Mitsubishi in their November 2011 complaints or add them now

22   has no bearing on whatever difficulty those entities may have in locating evidence created years

23   earlier.  Moreover, the Interim Special Master explained that Thomson has known about the CRT

24   action for nearly five years since it was originally named by the IPPs and DPPs, so it would long

25   ago have preserved relevant documents.  R&R at 7.  The Interim Special Master likewise

26   concluded that because Thomson and Mitsubishi signed tolling agreements with the IPPs in 2011,

27   each proposed defendant "will have preserved its relevant documents," eliminating any undue

28

CASE NO. 3:07-05944-SC
MDL No. 1917
29040-0318/LEGAL27299773.5

-7-

DAP RESPONSE TO THOMSON AND
MITSUBISHI'S OBJECTIONS TO INTERIM SPECIAL
MASTER'S REPORT AND RECOMMENDATION

1    prejudice that might otherwise have existed.  In addition, both the IPP and DPP consolidated

2    complaints, as well as the DAP complaints, allege that the various plaintiffs might name as

3    defendants additional co-conspirators, including Mitsubishi specifically, giving the parties

4    sufficient notice of such claims.  *See, e.g.*, Costco Complaint ¶ 58 (naming Mitsubishi as a co-

5    conspirator and reserving the right to name it and other co-conspirators as defendants).

6           The Interim Special Master also correctly rejected Thomson and Mitsubishi's complaints

7    about the adequacy of the case schedule.  In earlier recommending that the Court grant the IPPs'

8    motion to amend to add Mitsubishi, Special Master Legge concluded that the IPPs "have met the

9    standards for the addition of the Mitsubishi defendants, and their addition at this time will not be

10   unduly prejudicial to Mitsubishi in its defense of this action."  Amended Report on IPP Motion to

11   Amend Complaint, Dkt. No. 1453 at 3 (Nov. 19, 2012).  Because the Court subsequently

12   amended the scheduling order (Dkt. No. 1595), none of the substantive timelines that affect

13   Mitsubishi or Thomson are materially different from when the IPPs moved to amend, a fact the

14   Interim Special Master found persuasive.  *See* R&R at 7 ("Judge Legge fully considered the issue

15   of prejudice in November 2012, and determined that Mitsubishi would <u>not</u> be unduly prejudiced

16   by being added as a party.  Since the case management schedule has been adjusted since then to

17   defer various deadlines, Mitsubishi is not in a materially different position now than it was when

18   Judge Legge made his recommendation.").  When the IPPs moved in August 2012, one year

19   remained before the end of fact and expert discovery.  Now, fact and expert discovery closes in

20   March 2014, one year after the DAPs sought leave to amend.  Similarly, when the IPPs moved for

21   leave to amend, trial was to begin nineteen months later.  Now, trial (for those DAPs not

22   returning to other districts) is scheduled for October 2014, more than eighteen months after the

23   DAPs sought leave to amend.  What is more, the subsequent naming of Thomson and Mitsubishi

24   in other plaintiffs' actions means that both are *already* participating in the litigation; the Thomson

25   defendants, for example, have already filed motions to dismiss Sharp's complaint.  *See* Dkt.

26   Nos. 1677 & 1765.  Accordingly, neither Thomson nor Mitsubishi will be starting at "square one"

27

28

1    when the amended DAP complaints are filed.  Just as the would-be defendants faced no undue

2    prejudice at the time of the IPPs' motion, they face no prejudice here.[4]

3         Thomson and Mitsubishi further rely in their objections—as they did in response to the

4    IPP motion before Special Master Legge and in response to the DAP motion before Interim

5    Special Master Quinn—on Judge Illston's ruling in the LCD litigation denying in part a motion

6    for leave to add certain parties.  *See* Thomson Obj. at 2; Mitsubishi Obj. at 7.  Yet Thomson and

7    Mitsubishi ignore the critical fact that the motion to amend in LCD, unlike the instant motion,

8    was filed by the class plaintiffs *after class certification*.  Indeed, Judge Illston explained that

9    "adding these entities as defendants might require revisiting class certification to address issues

10   specific to these entities."  *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-1827-SI

11   (N.D. Cal. Apr. 12, 2011) (Dkt. No. 2641 at 1–2).  Class certification is not at issue here, and the

12   Interim Special Master found that distinction critical:  "In the *LCD* case, Judge Illston denied a

13   motion to add Mitsubishi as a defendant, but did so in part because the motion came after the

14   classes had been certified, and adding Mitsubishi might require reopening that issue."  R&R at 6

15   n.6.

16        Finally, the cases upon which Thomson and Mitsubishi rely present significantly

17   different—and often egregious—circumstances that are absent here.  *See, e.g.*, *Netbula, LLC v.*

18   *Bindview Dev. Corp.*, No. C06-00711 MJJ, 2007 WL 2221070, at *6 (N.D. Cal. Aug. 2, 2007)

19   (proposed amendments "come *after the close of discovery* and involve adding an additional 400

20   unnamed Doe defendants, *asserting two new claims*, and alleging a number of factual allegations"

21   (emphasis added)); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir.

22   2006) ("Allowing AmerisourceBergen to '*advance different legal theories and require proof of*

23

24        [4] The Court should likewise reject Thomson's assertion that the case schedule should be amended
25   if Thomson is added to the DAP actions.  The Interim Special Master already concluded that the DAPs'
     motion for leave to amend should be granted under the current schedule (just as Special Master Legge
26   recommended that Mitsubishi be added to the IPP complaint under the same analogous schedule), and that
     decision was logical, plausible, and supported by inferences that may be drawn from the record.
27   Furthermore, Thomson is already a defendant in the MDL under the current case schedule, and there is no
     reason to extend that schedule simply because Thomson will have to defend itself against other MDL
28   participants.

*different facts*' at this stage in the litigation would have prejudiced Dialysist West . . . ." (emphasis added)); *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("To permit the amended complaint would require appellees to relitigate a portion of their state court action with their insurer *on the different theories* . . . ." (emphasis added)); *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) ("The *new claims* set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, *an entirely new course of defense*." (emphasis added)); *Wells Fargo Bank, N.A. v. Renz*, No. C 08-02561 SBA, 2010 WL 2867615, at *3–4 (N.D. Cal. July 20, 2010) (denying a *third motion to amend* to add a party where depositions had already been taken and the discovery deadline was only five months away); *Scognamillo v. Credit Suisse First Boston, LLC*, 587 F. Supp. 2d 1149, 1156 (N.D. Cal. 2008) (denying leave filed "late in litigation" and involving "new theories" representing a "radical departure" from the complaint).

   The Interim Special Master's conclusion that both Thomson and Mitsubishi failed to meet their burden of showing undue prejudice was credible, persuasive, and overwhelmingly supported by the record before him.  The Interim Special Master's R&R is a textbook example of the exercise of sound discretion, and it should be adopted in its entirety.

## IV.   The Interim Special Master Correctly Concluded that Thomson and Mitsubishi Failed to Establish Undue Delay.

   The Interim Special Master's conclusion that neither Thomson nor Mitsubishi would suffer any undue prejudice from the amended complaints should all but end the inquiry.  *See Eminence Capital, LLC*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under rule 15(a)." (internal quotations omitted)); R&R at 4 ("Of the 'Foman factors' the most important is the presence or absence of prejudice.").  Knowing that they cannot prove undue prejudice, Thomson and Mitsubishi assert that the DAPs unduly delayed filing their motion to amend.  Yet the Ninth Circuit has repeatedly held that "delay alone is not sufficient to justify the denial of a motion requesting leave to amend."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (same); *Hurn v. Ret.*

CASE NO. 3:07-05944-SC
MDL No. 1917
29040-0318/LEGAL27299773.5

-10-

DAP RESPONSE TO THOMSON AND
MITSUBISHI'S OBJECTIONS TO INTERIM SPECIAL
MASTER'S REPORT AND RECOMMENDATION

1   *Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981)

2   (same); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) ("[W]e know of no case

3   where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend.").[5]  In

4   any event, the Interim Special Master also correctly concluded that Defendants have not met their

5   burden of proving that the DAPs unduly delayed moving to amend.

6        The Interim Special Master explained that there are two periods of purported delay at

7   issue:  The first is the time between November 2011, when the DAPs filed their original

8   complaints, and August 2012, when the DAPs were alerted by the IPP motion to amend of

9   Mitsubishi and Thomson's potential involvement in the conspiracy.  R&R at 5.  The second is the

10  time between August 2012, when the IPPs moved to amend, and March 2013, when the DAPs

11  moved to amend.  *Id.*  The Interim Special Master properly concluded that justification for the

12  first time period "was largely answered as to Mitsubishi and Thomson by Judge Legge's Report

13  in which he recommended that the IPPs be permitted to add Mitsubishi as a defendant."  *Id.*  In

14  that report, Judge Legge found that "[IPPs] have been diligent in seeking the amendment because

15  they only recently discovered" the relevant documents.  *Id.*  As the Interim Special Master

16  explained,

17          If it was reasonable for the IPPs to delay until August 2012 to
            appreciate Mitsubishi's involvement in the alleged conspiracy, *no*

18          *reason is suggested as to why it was not also reasonable* for the
            DAPs to be unaware until then of Mitsubishi's involvement.  *The*

19          *DAPs presented credible evidence* that they were "prompted by"
            the IPPs' motion to amend, that they began "targeted review of

20          document productions for evidence of Thomson, Videocon and
            Mitsubishi participation in the conspiracy," that they discovered

21          such evidence and also took account of the EU fine against
            Thomson, and that they filed this motion within a month after

22          reviewing the relevant documents.

23

24  _____

25      [5] Although the Ninth Circuit has suggested that undue delay alone may be sufficient to deny leave
    to amend, *see McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809 (9th Cir. 1988) ("'Undue delay' is one

26  valid reason for a district court to deny a party leave to amend."), the DAPs are aware of no Ninth Circuit
    decision where delay alone justified denying a motion to amend.  *See Howey*, 481 F.2d at 1190 (explaining

27  that it knows of no decision relying exclusively on undue delay).  Regardless, any discrepancy in the
    court's holdings simply reinforces the emphasis all courts have placed on prejudice (or lack thereof) as the

28  decisive factor when evaluating motions to amend.

*Id.* (emphasis added).  The Interim Special Master therefore held that "[n]o persuasive reason is presented for coming to a conclusion different as to Mitsubishi and Thomson than Judge Legge did as to Mitsubishi last year." *Id.*

Likewise, the Interim Special Master sensibly concluded that the purported delay from the time the DAPs were alerted to the evidence against Thomson and Mitsubishi and the time they filed their motion to amend was entirely justified:  "DAPs reasonably assert that they were performing due diligence by reviewing documents to assure themselves that there was an adequate basis to seek to add Mitsubishi (and Thomson) as defendants.  The mere speculation that they might have completed that review and filed this motion 2-3 months sooner is not an adequate basis to demonstrate undue delay." *Id.*

Thomson and Mitsubishi argued that the DAPs should have moved at the same time as the IPPs moved to amend.  Thomson Opp. at 11; Mitsubishi Opp. at 8–9.  But as Thomson and Mitsubishi concede in their opposition briefs, the IPPs did not cite any particular documents in their motion or supporting declaration.  Thus, the DAPs had no independent basis to make similar allegations about Thomson and Mitsubishi.  A delay between the IPPs' motion and any DAP motion was inevitable given the DAPs' duty under the Federal Rules to perform their own reasonable investigation into the allegations, which investigation revealed that the allegations against Thomson and Mitsubishi were factually supported.

Moreover, the DAPs have been involved in this litigation for far less time than the IPPs and DPPs and, consequently, have not conducted as much discovery review or developed sophisticated document databases.  The Interim Special Master agreed that the DAPs took a reasonable amount of time not only to locate the documents on which the IPPs relied but also to confirm the substance of those documents and locate additional evidence implicating Thomson and Mitsubishi.  Following their reasonable investigation, the DAPs moved to amend promptly.  Furthermore, it was in the best interests of the Court and parties for the DAPs to file a single, consolidated motion to amend, rather than having dozens of separate plaintiffs, represented by several law firms, file individual motions with different briefing schedules and deadlines.

CASE NO. 3:07-05944-SC
MDL No. 1917
29040-0318/LEGAL27299773.5

-12-

DAP RESPONSE TO THOMSON AND
MITSUBISHI'S OBJECTIONS TO INTERIM SPECIAL
MASTER'S REPORT AND RECOMMENDATION

1    Coordination between the DAPs, which takes a reasonable amount of time, does not constitute

2    "undue" delay.

3          Ultimately, the DAPs did not rely exclusively on the evidence on which the IPPs relied.

4    Instead, and contrary to Thomson and Mitsubishi's assertions, the DAPs discovered additional

5    evidence to support their allegations.  In addition to independently confirming that Thomson

6    attended dozens of meetings with its competitors, including Glass Meetings, and that Mitsubishi

7    attended multiple bilateral meetings with its competitors, the DAPs relied on the European

8    Commission's December 2012 report confirming that it had fined Thomson over € 38 million for

9    participating in the CRT conspiracy—a report that was disclosed four months *after* the IPPs filed

10   their motion.  Thus, the DAPs could not have filed their motion to amend on the heels of the

11   IPPs' motion.

12         For those reasons, the Interim Special Master properly concluded that Thomson and

13   Mitsubishi failed to meet their burden of showing that the DAPs unduly delayed moving to

14   amend.  Therefore, the Court should adopt the Interim Special Master's recommendation that

15   DAPs be granted leave to amend their complaints to add Thomson and Mitsubishi.

16   **V.    The Court Should Adopt All Unopposed Portions of the Interim Special Master's**
         **Report and Recommendation**
17
            The Court should also adopt all of the unopposed portions of the Interim Special Master's
18
     R&R.  In addition to recommending that the Court grant DAPs leave to add Thomson and
19
     Mitsubishi as defendants, the Interim Special Master also recommended that the Court grant
20
     DAPs leave to add the following:
21
                 1.  Videocon Industries, Ltd., as a non-party co-conspirator;
22
                 2.  Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI
23                   Mexico S.A. de C.V., Samsung SDI Brazil Ltda., Shenzhen Samsung
                     SDI Co., Ltd., Tianjin Samsung SDI Co., Ltd., and Samsung SDI
24                   (Malaysia) Sdn. Bhd. as new defendants in the case of Costco only.
25
                 3.  Panasonic Corp., Panasonic Corp. of North America, MT Picture
26                   Display, Co., Ltd., Matsushita Electronic Corp. (Malaysia) Sdn. Bhd.
                     and Panasonic Consumer Electronics Co. as non-party co-conspirators
27                   in the case of Costco only.
28

CASE NO. 3:07-05944-SC
MDL No. 1917
29040-0318/LEGAL27299773.5
-13-
DAP RESPONSE TO THOMSON AND
MITSUBISHI'S OBJECTIONS TO INTERIM SPECIAL
MASTER'S REPORT AND RECOMMENDATION

4.   Additional allegations relevant to *American Pipe*, cross-jurisdictional, and Government Action tolling, as well as to remove a few minor allegations in particular complaints.

*Id.* at 8.

No defendants or purported defendants, including the Samsung SDI defendants, filed any objection to those recommendations, and they have therefore waived any challenge to the Interim Special Master's R&R.  *See, e.g.*, *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) ("[F]ailure to object to a magistrate judge's factual findings waives the right to challenge those findings . . . .").  Accordingly, the Court should also adopt all unopposed portions of the Interim Special Master's R&R.

## CONCLUSION

For the reasons set forth in the Interim Special Master's Report and Recommendation and the Direct Action Plaintiffs' motion and supporting documents, the Court should adopt the Interim Special Master's Report and Recommendation in its entirety.

DATED:  July 19, 2013

/s/  David. J. Burman
David J. Burman (admitted *pro hac vice*)
Cori G. Moore (admitted *pro hac vice*)
Eric J. Weiss (admitted *pro hac vice*)
Nicholas H. Hesterberg (admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:      206.359.8000
Facsimile:      206.359.9000
Email:  DBurman@perkinscoie.com
Email:  CGMoore@perkisncoie.com
Email:  EWeiss@perkinscoie.com
Email:  NHesterberg@perkinscoie.com

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone:      415.344.7120
Facsimile:      415.344.7320

CASE NO. 3:07-05944-SC
MDL No. 1917                                    -14-
29040-0318/LEGAL27299773.5

DAP RESPONSE TO THOMSON AND
MITSUBISHI'S OBJECTIONS TO INTERIM SPECIAL
MASTER'S REPORT AND RECOMMENDATION

1

2

*Attorneys for Plaintiff Costco Wholesale Corporation*

3

4

/s/ Philip J. Iovieno
Philip J. Iovieno

5

Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP

6

10 North Pearl Street, 4th Floor
Albany, NY 12207

7

Telephone: (518) 434-0600
Facsimile: (518) 434-0665

8

Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

9

10

William A. Isaacson
Jennifer Milici

11

BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015

12

Telephone: (202) 237-2727
Facsimile: (202) 237-6131

13

Email: wisaacson@bsfllp.com
Email: jmilici@bsfllp.com

14

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP

15

401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301

16

Telephone: (954) 356-0011
Facsimile: (954) 356-0022

17

Email: ssinger@bsfllp.com

18

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc.,*

19

*Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond*

20

*Corporation of America, P.C. Richard & Son Long Island Corporation, Marta Cooperative of America,*

21

*Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter*

22

*Newco, LLC*

23

24

/s/ Roman M. Silberfeld
Roman M. Silberfeld, (SBN 62783)

25

David Martinez, (SBN 193183)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

26

2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208

27

Telephone: (310) 552-0130
Facsimile: (310) 229-5800

28

Email: RMSilberfeld@rkmc.com

1
Email: DMartinez@rkmc.com

2
*Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy
Purchasing LLC, Best Buy Enterprise Services, Inc.,*
3
*Best Buy Stores, L.P., Bestbuy.com, L.L.C., and
Magnolia Hi-Fi, LLC*

4

5
/s/ Kenneth S. Marks
6
H. Lee Godfrey
Kenneth S. Marks
7
Jonathan J. Ross
Johnny W. Carter
8
David M. Peterson
9
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
10
Houston, Texas 77002
Telephone: (713) 651-9366
11
Facsimile: (713) 654-6666
12
Email: lgodfrey@sumangodfrey.com
Email: kmarks@susmangodfrey.com
13
Email: jross@susmangodfrey.com
Email: jcarter@susmangodfrey.com
14
Email: dpeterson@susmangodfrey.com

15
Parker C. Folse III
16
Rachel S. Black
Jordan Connors
17
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
18
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
19
Facsimile: (206) 516-3883
20
Email: pfolse@susmangodfrey.com
Email: rblack@susmangodfrey.com
21
Email: jconnors@susmangodfrey.com

22
*Attorneys for Plaintiff Alfred H. Siegel, as Trustee
of the Circuit City Stores, Inc. Liquidating Trust*
23

24
/s/ Jason C. Murray
25
Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
26
515 South Flower St., 40th Floor
Los Angeles, CA 90071
27
Telephone: 213-443-5582
Facsimile: 213-622-2690
28
Email: jmurray@crowell.com

DAP RESPONSE TO THOMSON AND
MITSUBISHI'S OBJECTIONS TO INTERIM SPECIAL
MASTER'S REPORT AND RECOMMENDATION

1

2
Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
3
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
4
Telephone: 202-624-2500
Facsimile: 202-628-5116
5
E-mail: jmurphy@crowell.com
aheaven@crowell.com
6

7
*Counsel for Target Corp.*

8

9
/s/ Richard Alan Arnold

Richard Alan Arnold
10
William J. Blechman
Kevin J. Murray
11
KENNY NACHWALTER, P.A.
12
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
13
Tel: 305-373-1000
Fax: 305-372-1861
14
Email: rarnold@knpa.com
Email: wblechman@knpa.com
15
Email: kmurray@knpa.com

16
*Counsel for Plaintiffs Sears, Roebuck and Co. and*
17
*Kmart Corp.*

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:07-05944-SC
MDL No. 1917          -17-
29040-0318/LEGAL27299773.5

DAP RESPONSE TO THOMSON AND
MITSUBISHI'S OBJECTIONS TO INTERIM SPECIAL
MASTER'S REPORT AND RECOMMENDATION