UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV- 07-5944-SC |
|---|---|
| | MDL No. 1917 |
| This Document Relates to: | [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH TOSHIBA |
| ALL DIRECT PURCHASER ACTIONS | |
| | Date: March 15, 2013<br>Time: 10:00 a.m.<br>Judge: Honorable Charles A. Legge (Ret.)<br>JAMS: Two Embarcadero Center, Suite 1500 |

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH TOSHIBA
CV-07-5944-SC

On July 1, 2013, Direct Purchaser Plaintiffs filed a Motion for Final Approval of Class Action Settlement with Toshiba Corporation, Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc. (collectively "Toshiba"). The Court, having reviewed the motion, the settlement agreement, the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Settlement Agreement, including all members of the Class and the Defendants.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the settlement agreement.

3. Pursuant to Fed. R. Civ. P. 23(g), Lead Counsel, previously appointed by the Court (Saveri & Saveri, Inc.), is appointed as counsel for the Class. Saveri & Saveri, Inc. has and will fairly and competently represent the interests of the Class.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court determines that the following settlement class be certified:

> All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any defendant or subsidiary or affiliate thereof, or any co-conspirator. Excluded from the Class are defendants, their parent companies, subsidiaries and affiliates, any co-conspirator, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

5. CRT Products refers to all forms of Cathode Ray Tubes, as well as to devices that contain CRTs. It includes CPTs, CDTs, monochrome display tubes, and the finished products that contain them—televisions and monitors.

6. The Court further finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes in that: (a) there are hundreds of geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the class which predominate over individual issues;

1 (c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; (d) the plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the class; and (e) a class action is superior to individual actions.

7. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. This Court hereby dismisses on the merits and with prejudice the Action in favor of Toshiba, with each party to bear their own costs and attorneys' fees.

9. The Toshiba Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had or have arising out of or related to any of the Released Claims as defined in the Agreement.

10. The notice given to the Class of the settlement was the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable efforts. Said notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

11. The Plan of Allocation set forth in the Class notices is, in all respects, fair, adequate, and reasonable. Accordingly, the Court hereby grants final approval of the Plan of Allocation.

12. Without affecting the finality of the Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any distribution to Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the Action until the Final Judgment contemplated

1 hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Agreement; (e) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (f) all parties to the Action and Releasors for the purpose of enforcing and administering the Agreement and the mutual releases and other documents contemplated by, or executed in connection with the Agreement.

13. In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement, then the Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions *ex ante*.

14. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgment should be entered and further finds that there is no just reason for delay in the entry of Judgment, as a Final Judgment, as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith for Toshiba.

IT IS RECOMMENDED.

Dated: July 22, 2013

Hon. Charles A. Legge (Ret.)
Special Master

REVIEWED AND [APPROVED OR MODIFIED]

Dated: _____

Hon. Samuel Conti
United States District Judge

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH TOSHIBA 3
CV-07-5944-SC