# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 200 PARK AVENUE | MOSCOW |
| CHARLOTTE | NEW YORK, NEW YORK 10166 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (212) 294-6700 | PARIS |
| HONG KONG | FACSIMILE +1 (212) 294-4700 | SAN FRANCISCO |
| HOUSTON | | SHANGHAI |
| LONDON | www.winston.com | WASHINGTON, D.C. |
| LOS ANGELES | | |

JEFFREY L. KESSLER
Partner
212-294-4698
jkessler@winston.com

July 22, 2013

VIA ECF

The Honorable Samuel Conti
Senior United States District Judge
United States District Court
Northern District of California
Courtroom No. 1, 17th Fl.
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *In re: Cathode Ray Tube (CRT) Antitrust Litigation*
      No. 07-5944 SC, MDL No. 1917

Dear Judge Conti:

      I write on behalf of all defendants participating in the Cathode Ray Tube indirect purchaser litigation with respect to Defendants' Joint Objections to the Report and Recommendations Regarding Defendants' Motion to Strike the Proposed Expert Testimony of Dr. Janet S. Netz (the "Objections"), which were filed under seal today.

      Defendants jointly request that Your Honor hold a *Daubert* hearing in connection with the Motion to Strike Dr. Netz's testimony that includes live testimony from both Dr. Netz and the defendants' expert, Dr. Robert D. Willig. Defendants' Objections detail serious errors of law and fact in the Special Master's Report and Recommendations that deserve a full airing before the Court. Moreover, an in-person exchange of questions and answers by the experts, counsel, and the Court cannot be replicated by even the most artfully drafted briefs.

      Expert testimony is inadmissible under Rule 702 and *Daubert* unless "it is both relevant and reliable." Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589-90, 592-93 (1993). In fulfilling its role as a gate-keeper under Rule 702, the Court has "considerable leeway" in "deciding *how* to test an expert's reliability," including whether court "proceedings

Hon. Samuel Conti
July 22, 2013
Page 2

are needed to investigate reliability." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999); *see also Herd v. Asarco Inc.*, No. 01-891, 2003 WL 25847423, at *5 (N.D. Okla. May 28, 2003) (ordering experts to testify live at *Daubert* hearings). A live *Daubert* hearing can be particularly helpful to a court "where the expert testimony is crucial to the ultimate outcome, is vigorously challenged, and has several obvious areas of concern." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1228-29 (10th Cir. 2003); *see also Kumho*, 526 U.S. at 152 (special proceedings appropriate in "complex cases where cause for questioning the expert's reliability arises").

The exact conditions laid out by the *Dodge* court are present in the instant action. First, plaintiffs' class certification motion will fail if Dr. Netz's expert testimony is excluded. Indeed, her declaration is the only support that plaintiffs offer for their claim that common proof exists to establish class-wide injury / impact and damages. Second, as is clear from the parties' briefing before the Special Master on the Motion to Strike, there is a vigorous dispute between the parties regarding the admissibility of Dr. Netz's expert testimony. Finally, defendants' Objections raise clear problems regarding the admissibility of the testimony proffered by Dr. Netz that this Court must grapple with. For all of these reasons, a *Daubert* hearing featuring live testimony would benefit the Court in its review of the Objections.

Respectfully Submitted,

/s/ Jeffrey L. Kessler

Jeffrey L. Kessler
*On Behalf of Defendants in the Indirect-Purchaser Action*

cc: All counsel via ECF