*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2280 Union Street
San Francisco, California 94123
Tel. (415) 563-7200
Fax (415) 346-0679

July 25, 2013

**VIA ECF**

The Honorable Samuel Conti
Senior United States District Judge
United States District Court
Northern District of California
Courtroom No. 1, 17th Fl.
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *In re: Cathode Ray Tube (CRT) Antitrust Litigation*
    No. 07-5944 SC, MDL No. 1917

Dear Judge Conti:

    This letter responds to Mr. Kessler's letter to Your Honor dated July 22, 2013. (Dkt. No. 1760.)

    There is no need for any new evidence on the two objections the defendants have filed. Indeed, new evidence is barred at this stage of the proceedings.

    There was no live testimony before the Special Master because the written record was sufficient. "In light of the existing record, Defendants do not believe that a live *Daubert* hearing in which the parties' expert witnesses testify is required; . . ." J. Kessler letter to Hon. Charles A. Legge dated March 25, 2013.

    Thereafter, in a conference call with Judge Legge on March 27, 2013, the parties agreed that there would be no live testimony in conjunction with the two motions.

    Accordingly, the hearing before the Special Master did not involve live testimony. The hearing lasted over six hours. The full record includes the complete deposition testimony (and

Hon. Samuel Conti
July 25, 2013
Page two

video) of Dr. Netz relating to her opening report; the complete deposition testimony of Dr. Willig relating to his opposition report; and the complete deposition testimony of Dr. Netz (and video) relating to her reply report.  The defendants do not claim that this record is inadequate in any way.

Moreover, the Court has already ruled on the procedures for hearing the defendants' objections.  The parties could not agree on these procedures, and submitted a joint letter to the Court setting out their views.  (Dkt. No. 1760.)  The defendants did not request live testimony at that time.

The Court entered its Order on Procedures for Objections to Reports and Recommendations on Class Certification and Motion to Strike Expert Testimony.  (Dkt. No. 1761.)  The Order provides for the filing of briefs in support of objections by the defendants and a responsive brief by the plaintiffs.  The Order does not provide for a hearing, much less a hearing at which live testimony will be presented.

The procedure in place is in keeping with the rules and cases which do not require a hearing on motions.  Indeed, the Federal Rules of Civil Procedure do not require the Court to conduct a hearing to review the Special Master's R&Rs.  *See* Fed. R. Civ. P. 53(f)(1); *Language Line Services, Inc. v. Language Services Associates, LLC*, No. C 10–02605 JW, 2011 WL 6328700, at *1 (N.D. Cal. Dec. 19, 2011) ("Defendant's contention that a hearing is 'mandatory' when a party objects to a special master's report is misguided. . . .  Rule 53(f) "merely speaks to 'giv[ing] the parties notice and an opportunity to be heard' . . . [and] does not require a hearing.").[1]  Moreover, Civil L.R. 7-1(b) expressly permits the Court to dispense with a hearing.

Mr. Kessler states in his letter of July 22, 2013 that the defendants' objections detail serious errors of fact by the Special Master.  But these errors of fact will be reviewed for clear error.  Order Appointing Special Master (Dkt. No. 302, ¶18.)  Review for clear error entails review of the existing record.  The defendants' request to present new evidence is contrary to the Court's Order.

---

[1] *See also, e.g.*, *North American Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1450 (9th Cir. 1986) (rejecting appellants' argument that the district court erred in failing to conduct a new hearing on a magistrate's report and recommendation; "The use of the words 'de novo determination' is not intended to require the judge to actually conduct a new hearing. . . .  Normally, the judge . . . will consider the record which has been developed before the magistrate and make his own determination on the basis of that record") (*citing United States v. Raddatz*, 447 U.S. 667, 675 (1980)).

Hon. Samuel Conti
July 25, 2013
Page three

      So far, Dr. Netz and her staff, who reside in Ann Arbor, Michigan, have traveled to San Francisco for two depositions and for the hearing before Special Master Quinn. Dr. Netz may be traveling here again for depositions dealing with her opening merits report and her reply merits report. There is no reason she should be compelled to travel here again in conjunction with the defendants' objections.

      For all of the foregoing reasons, the defendants' request for live testimony should be denied.

      Respectfully submitted,

      /s/ *Mario N. Alioto*

      Mario N. Alioto
      *Interim Lead Counsel for Indirect-Purchaser Plaintiffs*

cc:    All counsel via ECF