PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
TELEPHONE (202) 223 7300

WASHINGTON DC 20006 1047

1285 AVENUE OF THE AMERICAS
NEW YORK NY 10019 6064
TELEPHONE (212) 373 3000
FACSIMILE (212) 757 3990

UNIT 3601 FORTUNE PLAZA OFFICE TOWER A
NO 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLES REPUBLIC OF CHINA
TELEPHONE (86 10) 5828 6300

12TH FLOOR HONG KONG CLUB BUILDING
3A CHATER ROAD CENTRAL
HONG KONG
TELEPHONE (852) 2846 0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2 2 UCHISAIWAICHO 2 CHOME
CHIYODA KU TOKYO 100 0011 JAPAN
TELEPHONE (81 3) 3597 8101

500 DELAWARE AVENUE SUITE 200
POST OFFICE BOX 32
WILMINGTON DE 19899 0032
TELEPHONE (302) 655 4410

CRAIG BENSON
PARTNER

TELEPHONE (202) 223 7343
FACSIMILE  (202) 204 7343

E MAIL  cbenson@paulweiss com

July 26, 2013

**Via ECF and Email**

Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

**Lodged Under Seal Pursuant to Civil Local Rule 79-5(d)**

(Redacted Version for E-filing)

    RE: *In re CRT Antitrust Litigation*, Case No. 07-cv-5944, MDL No. 1917
       This Document Relates to: *Sharp Electronics Corporation, et al. v. Hitachi, Ltd., et al.*, Case No. 13-cv-1173

Dear Special Master Legge:

    We write on behalf of Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. ("Sharp") to reply to Thomson Consumer's July 19, 2013 opposition letter.

    Thomson Consumer has not rebutted Sharp's fundamental arguments: that delay of discovery is unnecessary, unduly prejudicial, and inefficient. Instead, Thomson Consumer argues that its motion to dismiss could dispose of the whole case and that the Court can resolve that motion without discovery. But discovery would, in fact, address factual disputes underlying the motion to dismiss, as Sharp noted in its brief, *see* Dkt. No. 34 at 16, and in its letter of July 5. And even Thomson Consumer concedes that, where there are such factual disputes, discovery would be appropriate. *See* Thomson Consumer Ltr. at 4.

    Thomson Consumer's focus on the "dispositive" nature of the motion and its undue focus on a two-part test ignores a critical third element. Courts in the Ninth Circuit generally stay discovery only when "convinced that a plaintiff will be unable to state a claim for relief" after taking a "peek" at the merits. *Huene v. U.S. Dept. of*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

*Treasury, I.R.S.*, No. 11-cv-2110, 2013 WL 417747, at *8 (E.D. Cal. Jan. 31, 2013); *see also F.T.C. v. AMG Servs., Inc.*, No. 12-cv-0536, 2012 WL 3730561 at *4 (D. Nev. Aug. 28, 2012); *Qwest Commc'ns Corp. v. Herakles, LLC*, No. 07-cv-0393, 2007 WL 2288299, at *3 (E.D. Cal. Aug. 8, 2007). Through this "peek" at the merits, the court can "determine whether there is any reasonable likelihood that plaintiffs can construct a claim," *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987), all while balancing the need for efficient adjudication. *See Huene*, 2013 WL 417747 at *8 ("An overly lenient standard for granting motions to stay discovery due to pending dispositive motions would result in unnecessary delay in many cases."). As Sharp demonstrated in its initial letter, its claim here is meritorious.

Thomson Consumer is wrong when it suggests that the fact that this is an antitrust case alters or skews the analysis. To the extent the Supreme Court in *Twombly* acknowledged the costs of discovery in antitrust cases, it did so in the context of a plainly deficient complaint, one with no "reasonably founded hope that the [discovery] process will reveal relevant evidence" to support the plaintiffs' claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (internal quotations omitted). That is decidedly not the case here—as demonstrated by the fact that complaints virtually identical to Sharp's have survived *Twombly* scrutiny. *See In re Cathode Ray Tube Antitrust Litig.*, 738 F. Supp. 2d 1011, 1016-17 (N.D. Cal. 2010). And in any event, courts have rejected the contention that *Twombly* "support[s] a stay of discovery." *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 10-cv-02630, 2011 WL 489743, at n.12 (E.D. Cal. Feb. 7, 2011); *In re Flash Memory Antitrust Litig.*, No. 07-cv-0086, 2008 WL 62278, at *3 (N.D. Cal. Jan. 4, 2008) ("The [*Twombly*] Court did not hold, implicitly or otherwise, that discovery in antitrust actions is stayed or abated until after a complaint survives a Rule 12(b)(6) challenge.").

For this reason, *Twombly* has not been a barrier to discovery in practice, nor should it be here. *See TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. 09-cv-1531, Dkt. No. 77, Tr. at 13:13-14 (D. Ariz. Feb. 23, 2010) (declining to stay discovery on antitrust claims). Notably, discovery in antitrust cases is appropriate, as here, "where guilty pleas have already been entered in a parallel criminal case." *In re Graphics Processing Units Antitrust Litig.*, No. 06-cv-7417, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007).

Finally, discovery is appropriate given the balance of the harms here. No Thomson entity has responded to discovery requests in this litigation, and we have no reason to believe that discovery from other defendants is a good substitute. [redacted] Moreover, some documents, like communications between Thomson Consumer and

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

Thomson S.A. pertaining to the conspiracy, would not exist in any other defendants' files.  Here again, resolution of Thomson S.A.'s motion to dismiss for personal jurisdiction could depend on these documents, as Sharp alleges that Thomson Consumer participated in the conspiracy through Thomson S.A.

In short, the existing discovery is simply no substitute for full discovery against Thomson Consumer and does little to mitigate the prejudice to Sharp in staying discovery.  In contrast, there will be no prejudice to Thomson Consumer, as Sharp has demonstrated the merits of its complaint, and potential for wasted expense and effort on discovery is low.

For these reasons, Sharp requests that this Court order discovery to proceed against Thomson Consumer.

Respectfully submitted,

Craig A. Benson / kk

Craig A. Benson

cc: Counsel for Thomson Consumer