BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS | **DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF PANASONIC DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

I, Charles M. Malaise, hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. ("KPNV") and Philips Electronics North America Corporation ("PENAC") (collectively, the "Philips Defendants"). I make this declaration in support of the Panasonic Defendants' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. No. 1786) ("Motion to Seal").

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order").

4. The Philips Defendants have produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5. On July 22, 2013, the Panasonic Defendants filed the Motion to Seal in which they asked this Court to seal the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

    a. Portions of Defendants' Joint Objections to the Report and Recommendation Regarding Indirect Purchaser Plaintiffs' Motion for Class Certification (the "Class Cert. Objections") that contains quotations or information from documents and/or deposition testimony that the parties have designated "Confidential" or "Highly Confidential;" and

    b. Portions of Defendants' Joint Objections to the Report and Recommendation Regarding Defendants' Motion to Strike Proposed Expert Testimony that contains quotations or information from documents and/or deposition testimony that the parties have designated "Confidential" or "Highly Confidential."

6. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Philips

Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" and "Highly Confidential" and all references to those documents and information in the Class Cert. Objections.

7. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, information on pages 4 and 25 should be maintained under seal and redacted from the Class Cert. Objections as it relies upon Philips' documents and deposition testimony that have been designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

8. The information in question from the Class Cert. Objections rely on documents and deposition testimony designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because they contain confidential, nonpublic, and highly sensitive business information. They contain confidential, non-public information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents and deposition testimony describe relationships with companies - including customers and vendors - that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' competitors and customers, and would put the Philips Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 29, 2013 in Washington, D.C.

_____
Charles M. Malaise