1  David J. Burman (admitted *pro hac vice*)
   Cori G. Moore (admitted *pro hac vice*)
2  Eric J. Weiss (admitted *pro hac vice*)
3  Nicholas H. Hesterberg (admitted *pro hac vice*)
   **PERKINS COIE LLP**
4  1201 Third Avenue, Suite 4900
   Seattle, WA 98101-3099
5  Telephone:      206.359.8000
   Facsimile:      206.359.9000
6
7  Joren Bass, Bar No. 208143
   JBass@perkinscoie.com
8  **PERKINS COIE LLP**
   Four Embarcadero Center, Suite 2400
9  San Francisco, CA  94111-4131
   Telephone:      415.344.7120
10 Facsimile:      415.344.7320
11
   Attorneys for Plaintiff Costco Wholesale Corporation
12
13                        UNITED STATES DISTRICT COURT
14                       NORTHERN DISTRICT OF CALIFORNIA
15                          SAN FRANCISCO DIVISION
16
17 IN RE: CATHODE RAY TUBE (CRT)          Master File No. 3:07-cv-05944-SC
   ANTITRUST LITIGATION                   MDL No. 1917
18
19 This Document Relates to:              **EXHIBITS E THROUGH H TO THE**
                                          **DECLARATION OF ERIC J. WEISS IN**
20 *Electrograph Systems, Inc., et al. v. Hitachi,*   **SUPPORT OF DIRECT ACTION**
   *Ltd., et al.*, No. 11-cv-01656;       **PLAINTIFFS' MOTION TO ADOPT**
                                          **INTERIM SPECIAL MASTER'S**
21                                        **REPORT AND RECOMMENDATION**
   *Alfred H. Siegel, as Trustee of the Circuit*
22 *City Stores, Inc. Liquidating Trust v.*
   *Hitachi, Ltd., et al.*, No. 11-cv-05502;
23
   *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et*
24 *al.*, No. 11-cv-05513;
25 *Target Corp, et al. v. Chunghwa Picture*
   *Tubes, Ltd., et al.*, No. 11-cv-05514;
26 _____
   CASE NO. 3:07-05944-SC        EXHIBITS E THROUGH H TO THE DECLARATION OF ERIC J. WEISS IN
27 MDL No. 1917                  SUPPORT OF DIRECT ACTION PLAINTIFFS' MOTION TO ADOPT INTERIM
   LEGAL27488085.1               SPECIAL MASTER'S REPORT
28                               AND RECOMMENDATION

1

2    *Interbond Corporation of America v.*
     *Hitachi, et al.*, No. 11-cv-06275;

3
     *Office Depot, Inc. v. Hitachi Ltd., et al.*, No.
4    11-cv-06276;

5    *CompuCom Systems, Inc. v. Hitachi, Ltd., et*
     *al.*, No. 11-cv-06396;

6
     *Costco Wholesale Corporation v. Hitachi,*
7    *Ltd., et al.*, No. 11-cv-06397;

8    *P.C. Richard & Son Long Island Corp., et*
     *al, v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

9
     *Schultze Agency Services, LLC, et al. v.*
10   *Hitachi, Ltd., et al.*, No. 12-cv-02649.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   CASE NO. 3:07-05944-SC      EXHIBITS E THROUGH H TO THE DECLARATION OF ERIC J. WEISS IN
     MDL No. 1917              SUPPORT OF DIRECT ACTION PLAINTIFFS' MOTION TO ADOPT INTERIM
28   LEGAL27488085.1           SPECIAL MASTER'S REPORT AND RECOMMENDATION

# EXHIBIT E

1  Brent Caslin (Cal. Bar. No. 198682)
   JENNER & BLOCK LLP
2  633 West Fifth Street
   Suite 3600
3  Los Angeles, California  90071
   Telephone:  (213) 239-5100
4  Facsimile:   (213) 239-5199
   bcaslin@jenner.com
5
   Terrence J. Truax (*pro hac vice*)
6  Michael T. Brody (*pro hac vice*)
   Molly M. Powers (*pro hac vice to be filed*)
7  JENNER & BLOCK LLP
   353 North Clark Street
8  Chicago, Illinois 60654-3456
   Telephone:   (312) 222-9350
9  Facsimile:    (312) 527-0484
   ttruax@jenner.com
10 mbrody@jenner.com
   mpowers@jenner.com
11
12 *Attorneys for Proposed Intervenors*
   *Mitsubishi Electric US, Inc. and*
13 *Mitsubishi Digital Electronics Americas, Inc.*

13        IN THE UNITED STATES DISTRICT COURT

14     FOR THE NORTHERN DISTRICT OF CALIFORNIA

15             SAN FRANCISCO DIVISION

16

| | |
|---|---|
| In Re: Cathode Ray Tube (CRT) Antitrust Litigation | Case No. 3:07-cv-5944 SC |
| This Document Relates To: | **MITSUBISHI ELECTRIC'S MOTION TO SHORTEN TIME** |
| *Electrograph Systems, Inc. et al. v. Hitachi, Ltd., et al., No. 11-cv-01656;* | Date:    May 1, 2013<br>Time:    9:30 a.m.<br>JAMS:  Two Embarcadero Center,<br>              Suite 1500<br>Judge:   Honorable Samuel Conti<br>Special Master:  Hon. Charles A. Legge<br>                        (Ret.) |
| *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al., No. 11-cv-05502;* | |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al., No. 11-cv-05513;* | |
| *Target Corp, et al. v. Chunghwa Picture Tubes, Ltd., et al., No. 11-cv-05514;* | |
| *Interbond Corporation of America v. Hitachi Ltd, et al., No. 11-cv-06275;* | |
| *Office Depot, Inc. v. Hitachi Ltd., et al., No 11-cv-0627;* | |

17
18
19
20
21
22
23
24
25
26
27
28

1

2
*CompuCom Systems, Inc. v. Hitachi Ltd., et al., No. 11-cv-06396;*

3
*Costco Wholesale Corporation v. Hitachi Ltd., et al., No. 11-cv-06397;*

4

5
*P.C. Richard & Son Long Island Corporation, et al. v. Hitachi Ltd., et al., No. 12-cv-02648;*

6
*Schultze Agency Services, LLC, et al. v. Hitachi, Ltd., et al., No. 12-cv-02649.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

### MOTION TO SHORTEN TIME

Mitsubishi Electric US, Inc. ("MEUS") and Mitsubishi Digital Electronics Americas, Inc. ("MDEA") (collectively, "Mitsubishi Electric") respectfully move this Court to shorten time for the hearing on Mitsubishi's Motion for Leave to Intervene, filed April 9, 2013. Mitsubishi Electric seeks leave to intervene in the above-titled action for the limited purpose of opposing the Direct Action Plaintiffs' Motion for Leave to File Amended Complaints ("Motion to Amend"), which proposes to add MEUS and MDEA as additional defendants.

Mitsubishi Electric respectfully requests that this Court waive Civil Local Rule 7-2(a) and permit Mitsubishi Electric's Motion to Intervene be heard on May 1, 2013, at 9:30 a.m. Pursuant to Civil Local Rule 7-2(a), "all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion." On April 8, 2013, counsel for the Direct Action Plaintiffs informed counsel for Mitsubishi Electric that the Direct Action Plaintiffs would not oppose this motion. (Decl. of Michael T. Brody in Support of Mitsubishi Electric's Motion to Shorten Time and Motion to Intervene, Ex. A.) Mitsubishi Electric filed a Motion to Intervene on April 9, 2013. Allowing Mitsubishi Electric to present their Motion to Intervene at the May 1, 2013 hearing would, if granted, permit Mitsubishi Electric to be heard on its Opposition to the Motion to Amend at that time.

For the foregoing reasons, Mitsubishi Electric respectfully requests that the Court permit Mitsubishi Electric to present their Motion to Intervene on May 1, 2013.

3

Dated: April 9, 2013

Respectfully Submitted,

By: /s/ Terrence J. Truax
    Terrence J. Truax

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Molly M. Powers (*pro have vice to be filed*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com
mpowers@jenner.com

*Attorneys for Proposed Intervenors*
*Mitsubishi Electric US, Inc. and Mitsubishi*
*Digital Electronics Americas, Inc.*

4

1   Brent Caslin (Cal. Bar. No. 198682)
    JENNER & BLOCK LLP
2   633 West Fifth Street
    Suite 3600
3   Los Angeles, California 90071
    Telephone: (213) 239-5100
4   Facsimile: (213) 239-5199
    bcaslin@jenner.com
5

6   Terrence J. Truax (*pro hac vice*)
    Michael T. Brody (*pro hac vice*)
7   Molly M. Powers (*pro hac vice to be filed*)
    JENNER & BLOCK LLP
8   353 North Clark Street
    Chicago, Illinois 60654-3456
9   Telephone: (312) 222-9350
    Facsimile: (312) 527-0484
10  ttruax@jenner.com
    mbrody@jenner.com
11  mpowers@jenner.com
12

13  *Attorneys for Proposed Intervenors Mitsubishi Electric US, Inc. and
    Mitsubishi Digital Electronics Americas, Inc.*
14
                    IN THE UNITED STATES DISTRICT COURT
15
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
16
                          SAN FRANCISCO DIVISION
17

|  | |
|---|---|
| In Re: Cathode Ray Tube (CRT) Antitrust Litigation | Case No. 3:07-cv-5944 SC |
| This Document Relates To: | **DECLARATION OF MICHAEL T. BRODY IN SUPPORT OF MITSUBISHI ELECTRIC'S MOTION TO SHORTEN TIME AND MOTION TO INTERVENE** |
| *Electrograph Systems, Inc. et al. v. Hitachi, Ltd., et al., No. 11-cv-01656;* | |
| *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al., No. 11-cv-05502;* | Date: May 1, 2013<br>Time: 9:30 a.m.<br>JAMS: Two Embarcadero Center, Suite 1500<br>Judge: Honorable Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al., No. 11-cv-05513;* | |
| *Target Corp, et al. v. Chunghwa Picture Tubes, Ltd., et al., No. 11-cv-05514;* | |
| *Interbond Corporation of America v. Hitachi Ltd, et al., No. 11-cv-06275;* | |

2188941.1

*Office Depot, Inc. v. Hitachi Ltd., et al., No 11-cv-0627;*

*CompuCom Systems, Inc. v. Hitachi Ltd., et al., No. 11-cv-06396;*

*Costco Wholesale Corporation v. Hitachi Ltd., et al., No. 11-cv-06397;*

*P.C. Richard & Son Long Island Corporation, et al. v. Hitachi Ltd., et al., No. 12-cv-02648;*

*Schultze Agency Services, LLC, et al. v. Hitachi, Ltd., et al., No. 12-cv-02649.*

## DECLARATION OF MICHAEL T. BRODY

I, Michael T. Brody, declare as follows:

1.      I am a partner at the law firm of Jenner & Block, counsel for proposed intervenors Mitsubishi Electric US, Inc. ("MEUS") and Mitsubishi Digital Electronics Americas, Inc. ("MDEA") (collectively, "Mitsubishi Electric"). I make this declaration in support of Mitsubishi Electric's Motion to Shorten Time. I testify to the following facts based on my personal knowledge.

2.      The Direct Action Plaintiffs have filed a Motion for Leave to File Amended Complaints, which they have scheduled for presentation to this Court at a hearing on May 1, 2013.

3.      Mitsubishi Electric has moved to intervene in order to permit Mitsubishi Electric to present its Opposition to Direct Action Plaintiffs' Motion for Leave to File Amended Complaints at the hearing on May 1, 2013.

4.      On April 8, 2013, I spoke with Eric Weiss, counsel for the Direct Action Plaintiffs, via telephone, to ask whether plaintiffs would oppose Mitsubishi's Motion for Leave to Intervene and its Motion to Shorten Time. Mr. Weiss informed me the Direct Action Plaintiffs did not intend to oppose Mitsubishi's Motion for Leave to Intervene or its Motion to Shorten Time.

2

I declare under penalty of perjury under the laws of the United States and the state of California that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  April 9, 2013

Respectfully Submitted,

By:  /s/ Michael T. Brody
     Michael T. Brody

3

# **<u>EXHIBIT F</u>**

1   Brent Caslin (Cal. Bar. No. 198682)
    JENNER & BLOCK LLP
2   633 West Fifth Street
    Suite 3600
3   Los Angeles, California  90071
    Telephone:  (213) 239-5100
4   Facsimile:   (213) 239-5199
    bcaslin@jenner.com
5

6   Terrence J. Truax (*pro hac vice*)
    Michael T. Brody (*pro hac vice*)
7   Molly M. Powers (*pro hac vice to be filed*)
    JENNER & BLOCK LLP
8   353 North Clark Street
    Chicago, Illinois 60654-3456
9   Telephone:   (312) 222-9350
    Facsimile:    (312) 527-0484
10  ttruax@jenner.com
    mbrody@jenner.com
11  mpowers@jenner.com

12  *Attorneys for Proposed Intervenors*
    *Mitsubishi Electric US, Inc. and*
13  *Mitsubishi Digital Electronics Americas, Inc.*

14              IN THE UNITED STATES DISTRICT COURT

15            FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                    SAN FRANCISCO DIVISION

17  | In Re: Cathode Ray Tube (CRT) Antitrust | Case No. 3:07-cv-5944 SC |
18  | Litigation | |
    | | **MITSUBISHI ELECTRIC'S** |
19  | This Document Relates To: | **OPPOSITION TO DIRECT ACTION** |
    | | **PLAINTIFFS' MOTION FOR LEAVE** |
20  | *Electrograph Systems, Inc. et al. v. Hitachi, Ltd.,* | **TO FILE AMENDED COMPLAINTS** |
    | *et al., No. 11-cv-01656;* | |
21  | | Date:    May 1, 2013 |
    | | Time:    9:30 a.m. |
22  | *Alfred H. Siegel, as Trustee of the Circuit City* | JAMS:  Two Embarcadero Center, |
    | *Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et* | Suite 1500 |
23  | *al., No. 11-cv-05502;* | |
    | | Judge:   Honorable Samuel Conti |
24  | *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* | Special Master:  Hon. Charles A. Legge |
    | *No. 11-cv-05513;* | (Ret.) |
25  | | |
    | *Target Corp, et al. v. Chunghwa Picture Tubes,* | |
26

MITSUBISHI ELECTRIC'S OPPOSITION TO DIRECT ACTION PLAITNIFFS' MOTION FOR LEAVE
TO FILE AMENDED COMPLAINTS;  Case No. 3:07-cv-5944 SC

*Ltd., et al., No. 11-cv-05514;*

*Interbond Corporation of America v. Hitachi Ltd, et al., No. 11-cv-06275;*

*Office Depot, Inc. v. Hitachi Ltd., et al., No 11-cv-0627;*

*CompuCom Systems, Inc. v. Hitachi Ltd., et al., No. 11-cv-06396;*

*Costco Wholesale Corporation v. Hitachi Ltd., et al., No. 11-cv-06397;*

*P.C. Richard & Son Long Island Corporation, et al. v. Hitachi Ltd., et al., No. 12-cv-02648;*

*Schultze Agency Services, LLC, et al. v. Hitachi, Ltd., et al., No. 12-cv-02649.*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND.................................................1

THE MOTION TO AMEND SHOULD BE DENIED ............................................4

    1.     Mitsubishi Electric Would Be Severely And Unfairly Prejudiced By Permitting Its Addition To The Complaint At This Late Stage........................5

    2.     Plaintiffs Have Unduly Delayed Moving to Amend.........................................8

CONCLUSION..........................................................................................................10

iii

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

C<small>ASES</small>

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
   465 F.3d 946 (9th Cir. 2006) ..................................................................................5, 8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 555 (2007) .............................................................................................9

*Bowers v. Kletke*,
   451 Fed. App'x 710 (9th Cir. 2011) ...........................................................................5

*Cal. Dep't of Toxic Substances Control v. Neville Chem. Corp.*,
   358 F.3d 661 (9th Cir. 2004) ......................................................................................5

*Chodos v. W. Publ. Co.*,
   292 F.3d 992 (9th Cir. 2002) ......................................................................................8

*Coleman v. Quaker Oats Co.*,
   232 F.3d 1271 (9th Cir. 2000) ....................................................................................8

*In re LCD Antitrust Litig.*,
   No. 3:07-md-1827 (N.D. Cal. Apr. 12, 2011)............................................................8

*In re LCD Antitrust Litig.*,
   No. 3:07-md-1827 (N.D. Cal. filed Aug. 4, 2010)......................................................7

*Jackson v. Bank of Hawaii*,
   902 F.2d 1385 (9th Cir. 1990) ...............................................................................5, 8

*Johnson v. Buckley*,
   356 F.3d 1067 (9th Cir. 2004) ....................................................................................9

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ......................................................................................8

*Netbula, LLC v. Bindview Dev. Corp.*,
   No. C06-00711, 2007 U.S. Dist. LEXIS 58736 (N.D. Cal. Aug. 1, 2007).................7

*Scognamillo v. Credit Suisse First Boston, LLC*,
   587 F. Supp. 2d 1149 (N.D. Cal. 2008) ....................................................................5

*Texaco, Inc. v. Ponsoldt*,
   939 F.2d 794 (9th Cir. 1991) ......................................................................................8

iv

*Wells Fargo Bank, N.A. v. Renz*,
 C 08-02561, 2010 U.S. Dist. LEXIS 76310 (N.D. Cal. July 19, 2010)................................5, 8

*Wilkins-Jones v. County of Alameda*,
 C-08-1485, 2012 U.S. Dist. LEXIS 107127 (N.D. Cal. July 31, 2012) ...................................5

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
 401 U.S. 321 (1971)...........................................................................................................5

**OTHER AUTHORITY**

Federal Rule of Civil Procedure 15(a)(2) ...................................................................4, 5

**INTRODUCTION**

The Direct Action Plaintiffs ("plaintiffs") seek leave to file ten new Amended Complaints naming as defendants various entities in the Mitsubishi Electric corporate family (collectively, "Mitsubishi Electric"), as well as other defendants.[1] Plaintiffs' motion, filed more than five years after this enormous and complex litigation began, would prejudice Mitsubishi Electric and unavoidably delay the progress of this case. The prejudicial impact on Mitsubishi Electric of being added to this litigation at this advanced stage is exacerbated by plaintiffs' unjustified and undue delay in bringing this motion. Plaintiffs' motion should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

This litigation began over five years ago, following the announcement of a federal criminal antitrust investigation into the Cathode Ray Tube ("CRT") industry. On the heels of the federal investigation, classes of direct and indirect purchasers filed complaints against numerous manufacturers of CRTs and CRT products in 2007. Plaintiffs opted out of the direct purchaser class action litigation in 2011 and 2012. Importantly, Mitsubishi Electric never received a grand jury subpoena in the federal investigation and was not and has not been the subject of any government investigation here or abroad into the pricing of CRT products. No Mitsubishi Electric employees have been indicted in any investigation and no Mitsubishi Electric entity has been named a defendant in any of the lawsuits consolidated in this multidistrict proceeding.

It is not surprising that Mitsubishi Electric has not been a party in the pending CRT litigation. The CRT technology at the center of this litigation is a long outdated technology that

---

[1] Plaintiffs are seeking to add as defendants Mitsubishi Electric & Electronics, USA, Inc. ("MEUS"), however, as of October 1, 2012, MEUS changed its name to Mitsubishi Electric US, Inc. This Opposition is filed on behalf of MEUS and Mitsubishi Digital Electronics Americas, Inc. ("MDEA"), both of which are domestic entities. There is a question as to whether the Japanese parent, Mitsubishi Electric Corporation, which is also a proposed defendant, is subject to suit in this mater, and the Japanese entity has not been served. To preserve all jurisdictional objections, this opposition is filed on behalf of the domestic entities only. The arguments presented in this opposition apply with equal force to all Mitsubishi entities.

Mitsubishi Electric ceased selling in the United States as of about 2003. Even when Mitsubishi Electric was a participant in the CRT market, Mitsubishi Electric was never more than a small participant.

Plaintiffs' attempt to draw Mitsubishi Electric into this litigation nearly five years after it began is both opportunistic and unfounded. As plaintiffs note in their motion, the Indirect Purchasers Plaintiffs ("IPPs") attempted to add Mitsubishi Electric as a defendant approximately seven months ago. Mitsubishi Electric opposed the IPPs' motion and argued that Mitsubishi Electric would suffer unavoidable prejudice by being added to the litigation at that late stage. The Special Master recommended that the IPPs be permitted to amend their class action complaint, but while the time to contest that ruling was still pending, the parties agreed that the IPPs could amend their complaint to allege that the Mitsubishi Electric parties were unnamed conspirators – but not defendants – which is what the IPPs have done. Dkt. No. 1526.

Plaintiffs' motion follows a similar approach to that originally taken by the IPPs, and their amended complaint largely parrots the Proposed Amended Complaint filed by the IPPs. There are, however, two major differences between the actions of the IPPs and what these plaintiffs are attempting to do here. First, without explaining why they waited, plaintiffs filed their proposed complaints *seven months* after the IPPs sought leave to amend their complaint. Second, plaintiffs' current motion to amend and their supporting memorandum and declaration, contain no basis to conclude Mitsubishi Electric was a conspirator. When the IPPs sought, and obtained, leave to amend from the Special Master, they advised the Special Master that their motion was justified by recent discovery identifying Mitsubishi Electric as a participant in the conduct alleged in the complaint. IPPs' Mot. to Amend at 2. Mitsubishi Electric believes the IPPs were mistaken – there is no evidence Mitsubishi Electric engaged in any improper conduct. And, in the motion now before the Court, plaintiffs have pointed to no different information and offer no support for their conclusory allegations. Even after seven months of investigation

2

1  following the IPPs' motion, plaintiffs are unable to identify a single fact in support of adding

2  Mitsubishi Electric to this litigation.

3        Instead, while claiming some newly discovered (and undisclosed) information justifies

4  their delay in pursuing their claim, plaintiffs appear to have copied, word-for-word, many of

5  their new allegations directly from the IPPs' complaint.  *Compare* IPPs' Proposed Fourth

6  Amend. Compl. ¶¶ 106-109 *with* Costco's Amend Compl. ¶¶ 63-65; *and* IPPs' Proposed Fourth

7  Amend. Compl. ¶ 188 *with* Costco's Amend. Compl. ¶ 148.  There are no allegations in

8  Plaintiffs' Amended Complaints related to Mitsubishi Electric that were not made by the IPPs.

9        Plaintiffs also provide no explanation as to why they waited seven months to copy the

10 IPPs' Proposed Amended Complaint.  While the plaintiffs delayed, discovery and substantive

11 briefing has continued apace in this proceeding, all without any participation by Mitsubishi

12 Electric.  Since the initial filing of the case in 2007, complaints have been filed, discovery has

13 been propounded and answered, documents produced and translated, depositions taken, and

14 schedules for discovery, expert reports, and trial have been established.  By delaying in filing

15 Amended Complaints plaintiffs have (1) ensured that Mitsubishi Electric would not participate in

16 discovery that has taken place in the meantime, (2) further reduced the amount of time for

17 Mitsubishi Electric to get up to speed in the litigation, and (3) limited the available time for

18 Mitsubishi Electric to prepare dispositive motions.  If Mitsubishi Electric is added to this action,

19 plaintiffs' delay will undeniably prejudice Mitsubishi Electric.

20       The prejudice to Mitsubishi Electric is substantial, and more severe than seven months

21 ago.  Without any involvement of Mitsubishi Electric, the following developments have occurred

22 in this case:

23     •   <u>Motion Practice.</u>  Numerous motions, pleadings, and other documents have been

24         filed.  As of the date of this filing, over 1,600 docket entries have been made in

25

26

this case's electronic case file. Of these, nearly 300 have been filed since the IPPs moved to amend.

- <u>Document Discovery</u>. Counsel for Mitsubishi Electric understands that the document discovery is essentially completed and the parties have produced over 4 million pages of documents, many of which are in foreign languages. IPPs' Mot. 8, n. 5. Mitsubishi Electric has not participated in document discovery.

- <u>Other Written Discovery</u>. Mitsubishi Electric understands that substantial written discovery has already taken place.

- <u>Deposition Discovery</u>. As of seven months ago, 24 depositions had already been taken. Thomson Opp. to IPPs' Mot. to Amend. at 4. In the motion to amend, plaintiffs state that a number of additional Rule 30(b)(6) depositions have been completed. Mot. 2.

- <u>Class Certification Discovery</u>. Mitsubishi Electric understands that class certification discovery has taken place and that the plaintiffs participated in depositions related to class issues. Mitsubishi Electric has not participated in any depositions related to certification issues.

- <u>Trial Schedule</u>. The case has been set for trials to begin on October 20, 2014. Dkt. 1595.

Much has happened in this long-standing case without the participation of Mitsubishi Electric. The addition of Mitsubishi Electric at this time would unfairly require Mitsubishi Electric to repeat discovery, briefing, and trial preparations that have already taken place, or do without.

### THE MOTION TO AMEND SHOULD BE DENIED

Federal Rule of Civil Procedure 15(a)(2) provides that a party must seek the Court's leave to amend a pleading after the time for amending as a matter of course has passed, absent

4

the consent of the opposing party.  The decision to grant or deny leave to amend under Rule 15(a)(2) is a matter of the Court's discretion.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, (1971); *Cal. Dep't of Toxic Substances Control v. Neville Chem. Corp.*, 358 F.3d 661, 673 (9th Cir. 2004).

The Court need not grant leave to amend if the amendment: (1) prejudices the defendant sought to be added; (2) produces an undue delay, (3) is sought in bad faith, or (4) is futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 951 (9th Cir. 2006). Of these factors, prejudice to the defendant sought to be added carries the greatest weight in deciding whether to permit an amendment.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).  Here, prejudice and plaintiffs' undue delay support denial of leave to amend.

### 1. Mitsubishi Electric Would Be Severely And Unfairly Prejudiced By Permitting Its Addition To The Complaint At This Late Stage.

The Court may deny a plaintiffs' motion to amend solely on the basis of the prejudice a late amendment will have on the defendant. *Wilkins-Jones v. County of Alameda*, C-08-1485, 2012 U.S. Dist. LEXIS 107127, at *22 n. 1 (N.D. Cal. July 31, 2012) ("[t]he Court looks at prejudice . . [to] the Defendants who would be named if Plaintiff is permitted to amend."); S*cognamillo v. Credit Suisse First Boston, LLC*, 587 F. Supp. 2d 1149, 1157 (N.D. Cal. 2008). The avoidance of prejudice to the party to be added is "[a] major objective." *Wells Fargo Bank, N.A. v. Renz*, C 08-02561, 2010 U.S. Dist. LEXIS 76310, at *13 (N.D. Cal. July 19, 2010) (citations omitted).  This is because "[a]mending a complaint to add a party poses an especially acute threat of prejudice to the entering party." *Id.* (citations omitted).  Courts have recognized the obvious truth that prejudice is heightened when a plaintiff seeks to amend a complaint late in the litigation. *Scognamillo*, 587 F. Supp. 2d at 1155.

The Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *Bowers v. Kletke*, 451 Fed. App'x 710, 712 (9th Cir. 2011).  In *Bowers*, the Ninth Circuit

affirmed the district court's denial of leave to amend where plaintiff delayed 18 months before moving to amend.   Plaintiffs attempt to rebut that presumption of prejudice by asserting that the proposed amendments "would not cause undue prejudice" to Mitsubishi Electric.   Mot. 11. Plaintiffs groundless claim that Mitsubishi Electric has "been on notice of the facts described in plaintiffs' complaints since 2007 when the IPPs named Thomson as a defendant . . . ."  Mot. 12. Plaintiffs do not attempt to explain how a suit against Thomson – an entity unrelated to and unaffiliated with Mitsubishi Electric – somehow puts Mitsubishi Electric on notice of the threat of litigation, or much less how mere awareness insulates Mitsubishi Electric from the threat of prejudice.   Thomson was a French-owned company that received a grand jury subpoena.   The fact that it was included in 2007, and then dropped from the case, while Mitsubishi Electric was never added, proves that Mitsubishi Electric had no reason to think it would be sued.   After all, nearly five years have passed, and Mitsubishi Electric was not sued, subpoenaed, or investigated.

In the alternative, plaintiffs posit that Mitsubishi Electric has been on notice of the facts described in plaintiffs' complaints "at least since 2011, when the IPPs entered a tolling agreement" with Mitsubishi Electric.   Mot. 12.   Again, plaintiffs confuse *awareness* of the litigation with *participation* in the litigation.   Mitsubishi has not participated in any of the ongoing, substantive discovery that has taken place while plaintiffs delayed in bringing suit.

Moreover, plaintiffs gloss over the procedural posture of this litigation and ignore how much has taken place without Mitsubishi Electric's involvement.   Plaintiffs seek to add Mitsubishi Electric as defendants nearly 20 years after the alleged conduct began, over five years into this litigation, more than two years into discovery, and with trial looming next year.   Not only is this litigation significantly advanced, it is an extremely complex action based on an alleged global antitrust conspiracy.   Adding Mitsubishi Electric at this advanced stage would cause unavoidable prejudice to Mitsubishi Electric.

Several examples demonstrate this prejudice. In their motion to amend, plaintiffs state that they learned facts demonstrating Mitsubishi Electric's involvement by reviewing defendants' document productions. Mot. 6. The motion does not identify the nature of the documents, the content of the documents, the origin of the documents, or the facts learned, but it is undeniable that Mitsubishi Electric has not had an opportunity to review the documents because it has not been participating in discovery. It is also undeniable that the document productions have been substantial – including millions of pages, in multiple languages. Plaintiffs seek to establish liability based on a factual record developed without the participation of Mitsubishi Electric. However, even more time has passed since the IPPs sought to add Mitsubishi Electric, with even more fact discovery having taken place, heightening the disadvantage to Mitsubishi Electric. Seven months ago, more than 4 million produced documents, many in foreign languages, had already been produced. IPP Mot. to Amend at 8, n. 5. Those numbers have almost surely grown in the interim months, exacerbating the prejudice to Mitsubishi Electric. Mitsubishi Electric cannot simply skim the document productions and get up to speed. At this advanced stage of the litigation, Mitsubishi Electric cannot avoid the prejudice it will suffer because it has not been a participant in any of that discovery.

The prejudicial impact of the procedural posture justifies denying the plaintiffs' motion to amend. *Netbula, LLC v. Bindview Dev. Corp.*, No. C06-00711, 2007 U.S. Dist. LEXIS 58736 (N.D. Cal. Aug. 1, 2007) (denying leave to amend due to "unreasonably short period between [the motion to amend] and the current trial date."). If added at this advanced stage in this litigation, Mitsubishi Electric would be forced to get up to speed in this enormously complex matter on an extraordinarily expedited basis, with unavoidable prejudicial effect.

In similar circumstances, another judge of this Court refused to permit the amendment of a complaint to add Mitsubishi Electric three and a half years into the litigation. In *In re LCD Antitrust Litig.*, No. 3:07-md-1827 (N.D. Cal. filed Aug. 4, 2010), plaintiffs moved to add

Mitsubishi Electric as a defendant in the pending antitrust litigation.  In contrast to the relative youth of the LCD litigation at the time of plaintiffs' motion to amend, here, over five years have elapsed.  Moreover, the proposed amended complaint in the LCD litigation came 11 years after the challenged conduct, whereas here the complaint involves conduct that is nearly two decades old.  Accordingly, Judge Illston declined to permit the amendment of the complaint.  *In re LCD Antitrust Litig.*, No. 3:07-md-1827 (N.D. Cal. Apr. 12, 2011).  By comparison, the delay in this case is longer, both the case and the conduct alleged are older, and the resulting prejudice greater.  The motion for leave to amend should be denied.

## 2. Plaintiffs Have Unduly Delayed Moving To Amend.

The Ninth Circuit has held that undue delay has occurred when a party moves to amend "long after it should have become aware of the information that underlies that motion." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).   The Ninth Circuit has repeatedly upheld the denial of a motion to amend where a plaintiff has unduly delayed. *AmerisourceBergen Corp*, 465 F.3d  951; *Chodos v. W. Publ. Co*., 292 F.3d 992 (9th Cir. 2002); *Jackson*, 902 F.2d at 1388; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991).  Failure to show diligence requires that "the inquiry should end."  *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1295 (9th Cir. 2000).

Courts have denied leave to amend for delays shorter than the delay present here.  *See, e.g. Wells Fargo Bank,* 2010 U.S. Dist. LEXIS 76310, at *12-13 (failure to explain five month delay "necessitates the conclusion that [movant] was not diligent, which warrants denial of his motion.").  The Ninth Circuit has previously held an eight month delay unreasonable.  *Texaco*, 939 F.2d at 799.

Plaintiffs have been dilatory in bringing this motion.  Not only does plaintiffs' effort to add Mitsubishi Electric come late in the litigation – and even later than the IPPs' attempt to add

Mitsubishi Electric to the litigation – it comes well after Mitsubishi Electric participated in the CRT business. Mitsubishi Electric largely exited the CRT business in 2003. The proposed amended complaint concerns alleged conduct taking place from 1995 to 2005. Costco's Amend. Compl. ¶ 148. Mitsubishi Electric is not in a position to defend itself fully against charges based on conduct that allegedly began nearly two decades ago. The undue delay in bringing this case – since 2007, and before – severely prejudices Mitsubishi Electric.

Plaintiffs claim their motion to add Mitsubishi Electric to this action is based on unidentified and unspecified documents. Mot. 6. Aside from plaintiffs' unexplained delay since September 2012, plaintiffs also have yet to explain why they delayed for five years – from November 2007 to September 2012 – before they apparently considered whether they wished to add additional defendants. Plaintiffs evidently were unmotivated to investigate a basis for adding Mitsubishi Electric until the IPPs' motion in September 2012. Plaintiffs' lack of diligence should not be excused now that they have belatedly and opportunistically grabbed the IPPs' coattails. Plaintiffs' motion should be denied, particularly since plaintiffs have failed to develop any theory or facts in support of adding Mitsubishi Electric and plaintiffs' basis for adding Mitsubishi Electric appears to have been gleaned from a review of the IPPs' Proposed Fourth Amended Complaint.

For example, in the proposed amended complaint, plaintiffs allege generally that Mitsubishi Electric employees attended an unspecified number of meetings over a ten-year period. None are described. Likewise, plaintiffs allege Mitsubishi Electric employees entered into agreements. Again, none are specified. Thus, amendment would be futile; if the Court permits the filing of the amended complaint, Mitsubishi Electric will demonstrate in a motion to dismiss that these allegations fail to meet the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Futility also justifies the denial of a motion to amend. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). In light of the delay that has occurred

9

to date, however, Mitsubishi Electric and the Court should not be required to bear the substantial burden of those proceedings.

Plaintiffs have not been diligent in moving to amend and should be denied due to plaintiffs' undue delay, which, as set forth above, will cause Mitsubishi Electric substantial prejudice if added to this action.

## CONCLUSION

For the foregoing reasons, the Court should deny the Direct Action Plaintiffs' Motion for Leave to File Amended Complaints adding Mitsubishi Electric as defendants in this litigation.

Dated: April 9, 2013

Respectfully Submitted,

By: /s/ Terrence J. Truax
    Terrence J. Truax

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Molly M. Powers (*pro hac vice to be filed*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com
mpowers@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Proposed Intervenors Mitsubishi Electric US, Inc. and Mitsubishi Digital Electronics Americas, Inc.*

# **EXHIBIT G**

1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2      Including Professional Corporations
    GARY L. HALLING, Cal. Bar No. 66087
3  JAMES L. McGINNIS, Cal. Bar No. 95788
    MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4  TYLER M. CUNNINGHAM, Cal. Bar No. 243694
    Four Embarcadero Center, 17th Floor
5  San Francisco, California 94111-4106
    Telephone: 415-434-9100
6  Facsimile: 415-434-3947
    E-mail: ghalling@sheppardmullin.com
7                 jmcginnis@sheppardmullin.com
                  mscarborough@sheppardmullin.com
8                    tcunningham@sheppardmullin.com

9  Attorneys for Real Parties in Interest
    SAMSUNG SDI AMERICA, INC.,
10 SAMSUNG SDI CO., LTD.,
    SAMSUNG SDI (MALAYSIA) SDN. BHD.,
11 SAMSUNG SDI MEXICO S.A. DE C.V.,
    SAMSUNG SDI BRASIL LTDA.,
12 SHENZHEN SAMSUNG SDI CO., LTD. and
    TIANJIN SAMSUNG SDI CO., LTD.

15               UNITED STATES DISTRICT COURT

16          NORTHERN DISTRICT OF CALIFORNIA

17             SAN FRANCISCO DIVISION

| | |
|---|---|
| In re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397 | **REAL PARTY IN INTEREST SAMSUNG SDI'S OPPOSITION TO PLAINTIFF COSTCO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Date:   May 1, 2013<br>Time:   9:30 a.m.<br>Place:   JAMS Resolution Center,<br>          Two Embarcadero Center, Suite 1500<br>Before:  Hon. Charles A. Legge (Ret.) |

SAMSUNG SDI'S OPPOSITION TO PLAINTIFF COSTCO'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ..................................................................................................... 1

II.    FACTUAL BACKGROUND .................................................................................... 2

III.   ARGUMENT ............................................................................................................ 3

    A.    Costco Has Unduly And Inexplicably Delayed In Attempting To Add SDI As A Defendant. ........................................................................................ 4

    B.    Costco's Excessive And Unexplained Delay Has Deprived SDI Of The Opportunity To Conduct Meaningful Discovery. ......................................... 6

    C.    Costco's Proposed Amendment Is Futile Because Its State Law Claims Against SDI Are Time-Barred. ....................................................................... 9

        1.    Costco's time-barred state claims cannot be saved by its allegations of fraudulent concealment. ........................................... 10

        2.    Costco's time-barred state claims cannot be saved by its allegations of criminal proceedings instituted by the U.S. Department of Justice. ....... 11

        3.    Costco's time-barred state claims cannot be saved by its allegations of lawsuits brought on behalf of a purported class of CRT direct purchasers. ......................................................................... 12

        4.    Costco's proposed amendment should be deemed futile even if its Sherman Act claim could survive a motion to dismiss. ............................... 14

IV.   CONCLUSION ....................................................................................................... 15

1

# <u>TABLE OF AUTHORITIES</u>

2

<b>Page(s)</b>

<u>Federal Cases</u>

3

4

*Advanced Micro Devices, Inc. v. Intel Corp.*
  C 91-20541 JW, 1991 U.S. Dist. LEXIS 21036 (N.D. Cal. Dec. 17, 1991) .......................... 10

5

*Aircraft Tech. Publishers v. Avantext, Inc.*
6   No. C 07-4154, 2009 WL 1766255 (N.D. Cal. June 22, 2009) ................................................ 5

7

*AmerisourceBergen Corp. v. Dialysist West, Inc.*
  465 F.3d 946 (9th Cir. 2006)................................................................................................... 5

8

9

*Texaco, Inc. v. Ponsoldt*
  939 F.2d 794 (9th Cir. 1991) .................................................................................................. 4

10

*Ascon Props., Inc. v. Mobil Oil Co.*
11   866 F.2d 1149 (9th Cir. 1989)................................................................................................. 3

12

*Bowers v. Kletke*
  451 Fed. Appx. 710, 2011 WL 4588928 (9th Cir. 2011)....................................................... 6

13

14

*Chitimacha Tribe of La. V. Harry L. Laws Co.*
  690 F.2d 1157 (5th Cir. 1982)............................................................................................... 14

15

*Chodos v. West Publishing Co.*
16   292 F.3d 992 (9th Cir. 2002).................................................................................................. 4

17

*In re Circuit Breaker Litig.*
  175 F.R.D. 547 (C.D. Cal. 1997) ........................................................................................ 5, 6

18

19

*Clemens v. DaimlerChrysler Corp.*
  534 F.3d 1017 (9th Cir. 2008)............................................................................................... 12

20

*Crown, Cork & Seal Co., Inc. v. Parker*
21   462 U.S. 345 (1983)............................................................................................................. 12

22

*DCD Programs, Ltd. v. Leighton*
  833 F.2d 183 (9th Cir. 1987).................................................................................................. 6

23

24

*E.W. French & Sons v. General Portland, Inc.*
  885 F.2d 1392 (9th Cir. 1989)................................................................................................. 9

25

*Eminence Capital, LLC v. Aspeon, Inc.*
26   316 F.3d 1048 (9th Cir. 2003)................................................................................................. 4

27

*Expoconsul Int'l , Inc. v. A/E Sys., Inc.*
  145 F.R.D. 336 (S.D.N.Y. 1993)............................................................................................ 6

28

-ii-

*Harmstron v. City and County of San Francisco*
  C 07-01186 SI, 2007 U.S. Dist. LEXIS 74891 (N.D. Cal. Sept. 25, 2007) ............................ 5

*Hinton v. Pacific Enterprises*
  5 F.3d 391 (9th Cir. 1993) ........................................................................................... 10

*Howey v. United States*
  481 F.2d 1187 (9th Cir. 1973) ................................................................................... 4, 6

*Issen v. GSC Enterprises, Inc.*
  522 F.Supp. 390 (N.D. Ill. 1981) ............................................................................... 4, 6

*Jablon v. Dean Witter & Co.*
  614 F.2d 677 (9th Cir. 1980) ..................................................................................... 10

*Jackson v. Bank of Hawaii*
  902 F.2d 1385 (9th Cir. 1990) ............................................................................... 3, 4, 5

*Johnson v. Buckley*
  356 F.3d 1067 (9th Cir. 2004) ...................................................................................... 9

*Johnson v. Couturier, Jr.*
  2:05-cv-02046-RRB-KJM, 2009 U.S. Dist. LEXIS 11127 (E.D. Cal. Feb. 3, 2009) .............. 7

*Lockheed Martin Corp. v. Network Solutions, Inc.*
  194 F.3d 980 (9th Cir. 1999) ..................................................................................... 5, 9

*Loehr v. Ventura County Cmty. Coll. Dist.*
  743 F.2d 1310 (9th Cir. 1984) ..................................................................................... 14

*McGlinchy v. Shell Chemical Co.*
  845 F.2d 802 (9th Cir. 1988) ........................................................................................ 4

*Meeker v. Meeker*
  No. C 02–00741 JSW, 2004 WL 2554452 (N.D. Cal. Nov. 10, 2004) ................................... 6

*Moore v. Kayport Package Exp., Inc.*
  885 F.2d 531 (9th Cir. 1989) ........................................................................................ 9

*Nashville Milk Co. v. Carnation Co.*
  355 U.S. 373 (1958) ................................................................................................... 11

*Netbula, LLC v. Bindview Development Corp.*
  No. C06-00711 MJJ, 2007 WL 2221070 (N.D. Cal. Aug. 2, 2007) ...................................... 5

*In re Petroluem Prods. Antitrust Litig.*
  782 F.Supp. 481 (C.D. Cal. 1991) ............................................................................... 11

*Pool Water Prods. v. Olin Corp.*
   258 F.3d 1024 (9th Cir. 2001) ................................................................ 12

*Raie v. Cheminova, Inc.*
   336 F.3d 1278 (11th Cir. 2003) .............................................................. 12

*In re Rezulin Prods. Liability Litig.*
   No. 00-2843, 2006 WL 695253 (S.D.N.Y. Mar. 15, 2006) ..................... 13

*Schlacter-Jones v. Gen. Tel. of California*
   936 F.2d 435 (9th Cir. 1991) .................................................................. 14

*Simons v. United States*
   497 F.2d 1046 (9th Cir. 1974) ................................................................ 4

*Sommerfield v. City of Chicago*
   06 C 3132, 2008 U.S. Dist. LEXIS 35324 (E.D. Ill. April 29, 2008) ....... 8

*Technical Packaging, Inc. v. UCB Films, Inc.*
   No. 8:03-cv-714-T-30TBM, 2004 WL 5639769 (N.D. Fla. Dec. 21, 2004) .......... 11

*Union Pacific R. Co. v. Nevada Power Co.*
   950 F.2d 1429 (9th Cir. 1991) ................................................................ 3

*United States v. Webb*
   655 F.2d 977 (9th Cir. 1981) .................................................................. 4

*In re Vitamins Antitrust Litig.*
   183 Fed. App'x 1 (D.C. Cir. 2006) ......................................................... 13

*In re Vertrue Mktg. & Sales Practices Litig.*
   712 F.Supp.2d 703 (N.D. Ohio 2010) .................................................... 12

*Wade v. Danek Medical, Inc.*
   182 F.3d 281 (4th Cir. 1999) .................................................................. 13

*Wells Fargo Bank, N.A. v. Renz*
   No. C 08-02561-SBA, 2010 WL 2867615 (N.D. Cal. July 20, 2010) ........ 6

*Zenith Radio Corp. v. Hazeltine Research , Inc.*
   401 U.S. 321 (1971) .............................................................................. 9

State Cases

*Albano v. Shea Homes*
   254 P.3d 360 (Ariz. 2011) ..................................................................... 13

*Anderson v. Wagner*
   79 Ill.2d 295 (Ill. 1979) ........................................................................ 11

*Costello v. University of Washington Med. Center*
   170 Wash.App. 1047, 2012 WL 4335957 (Wash.App. Div. 1 Sept. 24, 2012) ...................... 11

*Jolly v. Eli Lilly & Co.*
   751 P.2d 923 (Cal. 1988) ................................................................................................ 13

*Portwood v. Ford Motor Co.*
   701 N.E.2d 1102 (Ill. 1998) ............................................................................................ 13

*Snapp & Assoc. Ins. Serv., Inc. v. Robertson*
   96 Cal.App.4th 884 (Cal. Ct. App. 2002) ....................................................................... 10

*Taylor v. Betts*
   124 P.2d 764 (Ariz. 1942) .............................................................................................. 10

<u>Federal: Statutes, Rules, Regulations, Constitutional Provisions</u>

15 U.S.C. (the Clayton Act)
   § 12 ................................................................................................................................ 11
   § 16 ................................................................................................................................ 11
   § 16(i) ...................................................................................................................... 11, 12

Federal Rule of Civil Procedure
   11(b)(3) ............................................................................................................................ 5
   15 ............................................................................................................................... 3, 4
   15(a) ........................................................................................................................ 4, 11
   15(a)(2) ........................................................................................................................... 2
   30(b)(6) ................................................................................................................... 1, 3, 7

<u>State:  Statutes, Rules, Regulations, Constitutional Provisions</u>

Ariz. Rev. Stat.
   § 14-1401 ......................................................................................................................... 9
   §§ 44-1401, *et seq.* ........................................................................................................ 9
   §44-1410(B) ...................................................................................................................... 9

Cal. Bus. & Prof. Code
   § 16750.1 .......................................................................................................................... 9

Florida Stat.
   § 95.11(3)(f) ..................................................................................................................... 9

740 Ill. Comp. Stat.
   § 10/7(2) ........................................................................................................................... 9

Wash. Rev. Code
   § 19.86.120 ....................................................................................................................... 9

-v-

# I.

## INTRODUCTION

More than 16 months after filing its original complaint, and following the completion of substantial discovery, Plaintiff Costco Wholesale Corp. ("Costco") now without explanation seeks to add seven Samsung SDI entities[1] as defendants in its direct action case. The Court should deny Costco's belated and unjustified request, for three reasons:

*First*, Costco has unduly and inexplicably delayed in attempting to add SDI as a defendant. Costco's original complaint, filed in November 2011, contained detailed allegations about SDI's supposed participation in Costco's alleged conspiracy. Yet Costco purposefully chose not to sue SDI at that time. Instead, Costco waited more than 16 months before moving to add SDI to its case. Courts frequently deny motions to add new defendants based on much shorter delays. This is particularly true where, as here, the moving party offers absolutely no justification for its delay. Costco's motion makes no attempt to explain why Costco did not name SDI as a defendant in its original complaint. The Court is left to surmise, then, that Costco's decision not to sue SDI in its original complaint was either a strategic choice or a blunder, but neither explanation—even if preferred, as required—would justify Costco's excessive delay.

*Second*, SDI would be prejudiced if it were added to Costco's case at this late date. If SDI were added to Costco's case now, it would be deprived of more than half the allotted period for fact and expert discovery. Significant discovery events have occurred during that period, without SDI's participation, including the deposition of Costco's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6). If Costco's motion were granted, SDI would be forced to litigate the case without any opportunity to depose Costco on the topics covered in that deposition. Moreover, if Costco's motion were granted, SDI would be forced to conduct

---

[1] The proposed new defendants, and opposing real parties in interest here, are Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.) (collectively, "SDI").

SAMSUNG SDI'S OPPOSITION TO PLAINTIFF COSTCO'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT

1  discovery on a prejudicially accelerated schedule.  Costco's motion claims that "nearly a year"

2  remains before the deadline for fact and expert discovery, but Costco ignores the time needed to

3  resolve the instant motion and SDI's inevitable motion to dismiss.  When these motions are

4  accounted for, SDI would have only a very short period to conduct discovery, essentially

5  depriving it of the ability to build a proper defense.

6  **Third**, nearly all of Costco's proposed claims against SDI would be futile.  Because it

7  waited so long to sue, all of Costco's state-law claims against SDI are time-barred by the

8  applicable statutes of limitation and subject to dismissal based on the allegations of Costco's

9  current and proposed complaints.

10  Any one of these factors, standing alone, would support an order denying leave to amend.

11  Considered together, they show that "justice" does **not** "require" that Costco be granted leave to

12  amend.  Fed. R. Civ. P. 15(a)(2).  Accordingly, the Court should deny Costco's motion to amend

13  its complaint to add SDI as a defendant.

14  # II.

15  ## FACTUAL BACKGROUND

16  This litigation began more than five years ago, in November 2007, after newspapers and

17  other media outlets around the world widely reported that antitrust authorities were investigating

18  alleged anticompetitive activity by manufacturers of Cathode Ray Tubes ("CRTs").  Soon

19  thereafter, Plaintiffs' counsel filed several complaints making similar allegations, on behalf of

20  purported classes of direct and indirect CRT purchasers.

21  Costco's complaint is one of approximately 14 direct action plaintiff ("DAP") cases

22  consolidated alongside the direct and indirect purchaser class actions for pretrial proceedings.

23  Some, but not all, of these DAPs named SDI as a defendant when they first filed their cases.

24  Cunningham Decl. ¶ 2.  Costco filed its original complaint in this action in November 2011, more

25  than 16 months ago.  Costco's original complaint alleged that SDI participated in the alleged

26  conspiracy.  Compl. ¶ 146.  Costco further alleged that SDI reached a plea agreement with the

27

28
-2-

1   U.S. Department of Justice related to pricing of color display tubes (or "CDTs"). *Id.* But Costco

2   nevertheless intentionally chose not to name SDI as a defendant.

3       Since that time, the parties to Costco's litigation have engaged in substantial discovery and

4   motion practice. Defendants have propounded written discovery requests to Costco, including

5   requests for production of documents, requests for admission and interrogatories. SDI has not

6   participated in that discovery. Cunningham Decl. ¶ 3. Defendants have engaged in motion

7   practice specific to the Costco case, including at least one motion seeking to compel arbitration.

8   SDI did not participate in that motion. *Id.* ¶ 4. On December 7, 2012, the defendants in the

9   Costco case deposed Costco's corporate representative on a variety of FRCP 30(b)(6) issues,

10   including topics related to pricing, cost, distribution channels and documentation. SDI did not

11   participate in that deposition. *Id.* ¶ 5. In short, Costco's case has been actively litigated from the

12   outset, without SDI's participation.

13       Under the operative schedule for these coordinated cases, the DAPs, including Costco,

14   must submit expert reports by October 23, 2013. Revised Scheduling Order (MDL Dkt. No. 1595)

15   (filed March 13, 2013) ("Scheduling Order"). Defendants must submit expert reports by

16   November 22, 2013. *Id.* Fact and expert discovery close on March 3, 2014. *Id.* Costco filed the

17   instant motion seeking leave to file an amended complaint on March 26, 2013. The motion is

18   scheduled to be heard on May 1, 2013 – more than 17 months after Costco filed its original

19   complaint.

20                            **III.**

21                       **ARGUMENT**

22       Although Costco correctly notes that Rule 15 directs the courts to freely give leave to

23   amend "when justice so requires," Mot. at 9, it is nonetheless also true that such leave "is not to be

24   granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The

25   decision to grant or deny leave to amend is within the court's sound discretion. *Ascon Props., Inc.*

26   *v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Notably, "[a]mendments to add claims are

27   to be granted more freely than amendments adding parties[,]" as here. *Union Pacific R. Co. v.*

28

-3-

1   *Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).  In this regard, Costco's request to add a

2   ***new party*** is not supported by the authorities cited in its brief, which largely apply the more liberal

3   standard applicable to requests to add ***new claims***.[2]

4          "When considering a motion for leave to amend, a district court must consider whether the

5   proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the

6   opposing party, or is a dilatory tactic."  *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th

7   Cir. 2002).  The court may also deny the motion if the proposed amendment is futile.  *Jackson*,

8   902 F.2d at 1387.

9   **A.    Costco Has Unduly And Inexplicably Delayed In Attempting To Add SDI As A**

10        **Defendant.**

11         A party's undue delay in seeking to amend its pleading is a valid reason to deny a motion

12  to amend to add a new party under Rule 15.  *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809

13  (9th Cir. 1988) ("'[U]ndue delay' is one valid reason for a district court to deny a party leave to

14  amend.").[3]  In assessing timeliness, courts ask whether the moving party "knew or should have

15  known the facts and theories raised by the amendment in the original pleading."  *Jackson*, 902

16  F.2d at 1388.

17         Here, Costco's delay is both obvious and excessive.  Costco's original complaint, filed in

18  November 2011, alleges that SDI participated in the alleged conspiracy.  *See, e.g.*, Compl. ¶ 146.

19  The complaint details the plea agreement Samsung SDI Co., Ltd. reached with the U.S.

20  _____

21  [2] *See, e.g.*, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003) (motion
    sought leave to allege new claims, not add new parties); *United States v. Webb*, 655 F.2d 977, 979

22  (9th Cir. 1981) (same); *Simons v. United States*, 497 F.2d 1046, 1048 (9th Cir. 1974) (same);
    *Howey v. United States*, 481 F.2d 1187, 1189 (9th Cir. 1973) (same); *Issen v. GSC Enterprises,*

23  *Inc.*, 522 F.Supp. 390, 392 (N.D. Ill. 1981) (same).

    [3] The Ninth Circuit has given apparently contradictory statements regarding whether delay
24  *standing alone* may justify denial of leave to amend.  *Compare McGlinchy*, 845 F.2d at 809 *and*
    *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) ("undue delay is a valid reason for

25  denying leave to amend.") *with Howey*, 481 F.2d at 1190-91 ("we know of no case where delay
    alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend ….").  The point is

26  academic here because, as described below, SDI would undoubtedly suffer prejudice if Costco
    were allowed to file its proposed amended complaint, and Costco's state-law claims against SDI

27  are also futile because they are time-barred.

28                                              -4-

1    Department of Justice regarding CDT pricing.  *Id.*  By signing the complaint, Costco's counsel

2    certified that it had evidence to support these allegations.  Fed. R. Civ. P. 11(b)(3).  Yet Costco

3    chose to not name SDI as a defendant, whether due to oversight or a strategic decision.  Instead,

4    Costco delayed for ***more than 16 months*** before moving to amend.  Such extreme delay warrants

5    denial of Costco's motion to amend.  Indeed, courts frequently deny motions for leave to amend

6    based on much shorter delays.  *See, e.g., Lockheed Martin Corp. v. Network Solutions, Inc.*, 194

7    F.3d 980, 986 (9th Cir. 1999) (affirming denial of leave to amend where plaintiff knew about facts

8    underlying new proposed claim "several months" before proposed amendment); *Jackson*, 902 F.2d

9    at 1388 (affirming denial of motion for leave to amend where moving party failed to explain delay

10   of eight months); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir.

11   2006) ("We have held that an eight month delay between the time of obtaining a relevant fact and

12   seeking a leave to amend is unreasonable.").

13          Moreover, "when considerable time has passed between the filing of the original pleading

14   and the motion to amend, the burden remains with the movant to show some valid reason for the

15   delay."  *In re Circuit Breaker Litig.*, 175 F.R.D. 547, 550 (C.D. Cal. 1997).  Here, Costco offers

16   ***no explanation whatsoever*** for its 16-month delay.  Indeed, Costco's motion is utterly silent on

17   the subject.  It points to no recently discovered evidence that made its claims against SDI suddenly

18   viable, nor could it, given its November 2011 allegations that SDI participated in the alleged

19   conspiracy.  Costco's complete failure to explain its delay provides an additional reason to deny

20   its motion.  *Netbula, LLC v. Bindview Development Corp.*, No. C06-00711 MJJ, 2007 WL

21   2221070, at *6 (N.D. Cal. Aug. 2, 2007) ("Because Plaintiff has failed to explain why it could not

22   have alleged these facts earlier … the Court finds Plaintiff's request to now add [new allegations]

23   to the complaint to be unsupported."); *see also Lockheed Martin Corp.*, 194 F.3d at 986 (delay is

24   especially relevant if moving party does not explain it); *Aircraft Tech. Publishers v. Avantext, Inc.*,

25   No. C 07-4154, 2009 WL 1766255, at *2 (N.D. Cal. June 22, 2009) (denying motion to amend

26   where plaintiff failed to justify delay of more than one year); *Harmstron v. City and County of San*

27   *Francisco*, C 07-01186 SI, 2007 U.S. Dist. LEXIS 74891, at *24 (N.D. Cal. Sept. 25, 2007)

28
                                                    -5-

1  (denying motion to amend where plaintiff knew relevant facts before filing original complaint, and

2  failed to explain ten-month delay before seeking leave to amend); *Meeker v. Meeker*, No. C 02–

3  00741 JSW, 2004 WL 2554452, at *2 (N.D. Cal. Nov. 10, 2004) (denying motion to amend to add

4  new parties where moving party could not explain delay of 14 months).

5         As demonstrated by the above authority, both the Ninth Circuit and this Court routinely

6  have held that plaintiffs should not be allowed to amend complaints in cases involving delays

7  significantly less egregious than Costco's delay here.  Although Costco argues that "courts

8  liberally allow amendment to add new defendants after significant passage of time,"  Mot. at 13,

9  the authorities Costco cites are inapposite.  The cited cases involve either amendments to add new

10 claims (not new parties, as Costco proposes to do here),[4] or justified delays.[5]

**B.     Costco's Excessive And Unexplained Delay Has Deprived SDI Of The Opportunity To Conduct Meaningful Discovery.**

13        Costco's requested relief would also unavoidably prejudice SDI.  Adding a new party to an

14 ongoing case is inherently prejudicial; the new party is unavoidably disadvantaged when it joins

15 the new case midstream.  *Wells Fargo Bank, N.A. v. Renz*, No. C 08-02561-SBA, 2010 WL

16 2867615, at *3 (N.D. Cal. July 20, 2010) ("The act of simply adding a party is an indicator of

17 prejudice.").  For this reason, courts have presumed that prejudice exists where, as here, the

18 moving party has excessively or inexplicably delayed in bringing its motion.  *See, e.g., Bowers v.*

19 *Kletke*, 451 Fed. Appx. 710, 712, 2011 WL 4588928, at **2 (9th Cir. 2011) ("Prejudice may be

20 presumed from unreasonable delay."); *In re Circuit Breaker Litig.*, 175 F.R.D. at 551 (the longer

21 the delay in seeking leave to amend, the less of a showing of prejudice is needed to deny the

22 motion).

23

24 _____

25 [4] *See, e.g., Howey*, 481 F.2d at 1189; *Issen*, 522 F.Supp. at 392.

26 [5] *See, e.g., DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("appellants have offered a satisfactory explanation for their delay …"); *Expoconsul Int'l , Inc. v. A/E Sys., Inc.*, 145 F.R.D. 336, 338 (S.D.N.Y. 1993) (plaintiff contended it delayed motion to amend pending resolution of discovery dispute regarding evidence implicating proposed new defendants).

28

SAMSUNG SDI'S OPPOSITION TO PLAINTIFF COSTCO'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT

1    Had Costco named SDI as a defendant in November 2011, SDI would have had more than

2    27 months to conduct discovery.  But Costco's delay deprived SDI of more than half of that

3    period.  As a result, important discovery events have come and gone without SDI's participation.

4    For example, SDI did not participate in the December 2012 deposition of Costco's corporate

5    representative pursuant to FRCP 30(b)(6).  Thus, SDI missed the opportunity to participate in a

6    significant portion of the limited time permitted for corporate depositions of Costco under the

7    Discovery Protocol, and SDI could be forever foreclosed from questioning Costco about the wide

8    variety of topics noticed in that deposition – including topics related to pricing, cost, distribution

9    channels and documentation.  Cunningham Decl. ¶ 5.  Missed opportunities to participate in

10   depositions constitute significant prejudice and warrant denial of a motion to amend.  *See, e.g.,*

11   *Johnson v. Couturier, Jr.*, 2:05-cv-02046-RRB-KJM, 2009 U.S. Dist. LEXIS 11127, at *11 (E.D.

12   Cal. Feb. 3, 2009) (proposed new party would suffer prejudice if added to ongoing litigation

13   because depositions have already occurred without his participation).

14       Moreover, SDI would have insufficient time to prepare a defense if it were added to the

15   litigation at this late stage.  Costco misleadingly states that the discovery cutoff is "nearly a year

16   away" from the date it moved to amend.  Mot. at 11-12.  But that estimate ignores the time needed

17   to resolve the instant motion, and (if leave to amend is granted) SDI's inevitable motion to

18   dismiss.[6]  Once those motions are accounted for, it is clear that SDI would be forced to litigate this

19   case on a prejudicially accelerated schedule.   Even if we assume that the instant motion to amend

20   is resolved as efficiently as possible – assuming that the Special Master grants Costco's motion to

21   amend on the currently scheduled hearing date of May 1, 2013; that SDI does not appeal that

22

23   _____

24   [6] Defendants in the Costco case have moved jointly to dismiss Costco's claims, including on
     statute-of-limitations grounds.  *See* Defendants' Joint Notice of Motion and Motion to Dismiss
     and for Judgment on the Pleadings as to Certain Direct Action Plaintiffs' Claims and

25   Memorandum of Law in Support (Dkt. No. 1317).  That motion is currently pending before the
     Special Master.  Resolution of that motion will not necessarily obviate SDI's anticipated motion to

26   dismiss Costco's claims, however, because SDI would be on fundamentally different footing than
     the Costco defendants regarding the statute-of-limitations issues (having been sued much later

27   than those defendants).

28

1    recommendation to Judge Conti; and that Costco files and serves its amended complaint the very

2    next day – SDI's motion to dismiss would not be heard until late June 2013 at the earliest, and

3    likely would not be resolved until several months later.  *See* Cunningham Decl. ¶ 6 (average

4    amount of time to resolve motions to dismiss in CRT MDL is 205 days).   As a result, SDI would

5    be forced to submit an expert report in the Costco case even before the pleadings against it are

6    settled.  *See* Scheduling Order at 2 (defendants' expert reports due Nov. 22, 2013).  Moreover,

7    SDI would be faced with the prejudicial choice between conducting expensive discovery while its

8    motion to dismiss is pending (running the risk that such discovery would be obviated by a

9    successful motion) or delaying discovery until its motion is resolved (running the risk that it would

10   be forced to complete discovery within a matter of weeks).

11        Costco claims that SDI would not be prejudiced by its late addition into the case because

12   other CRT plaintiffs have named SDI as a defendant in other cases.  Mot. at 12.  Costco assumes

13   that, because SDI is preparing a defense to other plaintiffs' claims, it must also be prepared to

14   defend Costco's claims.  But defenses to direct action plaintiff antitrust cases are not one-size-fits-

15   all; they vary depending on a particular plaintiff's purchasing circumstances, negotiation practices,

16   technology, contractual relationships, and a host of other plaintiff-specific variables.  Presumably,

17   Costco also believes its case to be unique, or it otherwise would have remained a member of the

18   direct purchaser class.

19        Costco also argues that SDI would not be prejudiced because existing defendants in the

20   Costco case have accomplished much of the work that would help SDI.  *Id.*  But SDI has a right to

21   conduct its own discovery and build its own defense.  It cannot be forced to rely solely on

22   discovery conducted by other parties.  This was the conclusion reached by the court in

23   *Sommerfield v. City of Chicago*, 06 C 3132, 2008 U.S. Dist. LEXIS 35324 (E.D. Ill. April 29,

24   2008).  Plaintiff in that case, like Costco, sought to amend its complaint to add a new defendant,

25   and argued that the new defendant would not be prejudiced because "all necessary discovery has

26   already been taken" by existing defendants.  *Id.* at *5.  The Court rejected that argument, and

27   denied the proposed amendment, stating that the proposed new defendant "has a right to take his

28

-8-

SAMSUNG SDI'S OPPOSITION TO PLAINTIFF COSTCO'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT

1 own discovery and does not have to rely on that taken by [existing defendant] on its own behalf."

2 *Id.* at *6. Defendants in this case have undoubtedly focused their discovery efforts to date on

3 developing facts and theories particular to their own circumstance. No defendant was charged

4 with developing facts relevant to SDI. That task would be left to SDI alone, and it would be

5 forced to do so on a prejudicially accelerated schedule.

6 **C.** **Costco's Proposed Amendment Is Futile Because Its State Law Claims Against SDI**

7 **Are Time-Barred.**

8 Costco's proposed amendment to add SDI to its case also would be largely futile,

9 providing an additional, independent basis to deny its motion. *See Johnson v. Buckley*, 356 F.3d

10 1067, 1077 (9th Cir. 2004) ("Futility alone can justify the denial of a motion to amend.") (internal

11 quotations omitted). A proposed amendment is deemed futile if it would be subject to dismissal,

12 or if its legal basis is "tenuous." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th

13 Cir. 1989); *Lockheed Martin Corp.*, 194 F.3d at 986. Here, Costco's proposed amendment would

14 be futile because all of its proposed state-law causes of action—the heart of its case—are time-

15 barred against SDI.[7]

16 Costco seeks to sue SDI for its indirect purchases under the state antitrust and unfair

17 competition laws of Arizona,[8] California, Florida, Illinois and Washington. *See* Prop. Amend.

18 Compl. ¶¶ 203-225. Each of these claims is governed by a four-year statute of limitations.[9] A

19 cause of action for an antitrust violation generally accrues when the plaintiff suffers injury. *Zenith*

20 *Radio Corp. v. Hazeltine Research , Inc.*, 401 U.S. 321, 338 (1971) ("In the context of a

21 continuing conspiracy to violate the antitrust laws … each time a plaintiff is injured by an act of

22

23 ─────────────
[7] Should the court grant Costco leave to amend its complaint, SDI reserves the right to move to dismiss Costco's complaint on any grounds, including theories and claims not addressed here.

24 [8] Costco's proposed amended complaint purports to assert a claim under Ariz. Rev. Stat. § 14-

25 1401, which it describes as the "Arizona Antitrust Act." Prop. Amend. Compl. ¶¶ 211-214. However, the cited statute relates to estate and probate litigation. SDI assumes Costco intends to

26 assert a claim under Ariz. Rev. Stat. §§ 44-1401, *et seq*.

[9] Arizona Rev. Stat. 44-1410(B); Cal. Bus. & Prof. Code § 16750.1; Florida Stat. § 95.11(3)(f);

27 740 Ill. Comp. Stat. § 10/7(2); Wash. Rev. Code § 19.86.120.

28

1  the defendants a cause of action accrues to him to recover the damages caused by that act.").

2  Accordingly, Costco accrued new alleged claims with each purchase.  Those claims expired

3  serially, four years after the purchase.  *See, e.g., E.W. French & Sons v. General Portland, Inc.*,

4  885 F.2d 1392, 1396 (9th Cir. 1989) (plaintiff alleging price-fixing conspiracy may recover only

5  for claims that accrued four years before the complaint was filed and thereafter).  Costco only

6  claims to be injured by CRT purchases made during the "Relevant Period," which ended on

7  November 25, 2007.  *See, e.g.*, Prop. Amend. Compl. ¶¶ 1, 10, 13.  Therefore, absent application

8  of some tolling principle, any potential claim Costco could assert against SDI under these statutes

9  expired, at the latest, on November 25, 2011.

10        Costco alleges that the statutes of limitation on its state claims were tolled by virtue of

11  fraudulent concealment, criminal proceedings instituted by the U.S. Department of Justice, and

12  lawsuits brought on behalf of purported classes of CRT direct purchasers.  Prop. Amend. Compl.

13  ¶¶ 179-195.  Costco bears the burden to plead facts sufficient to support its tolling claims.  *Hinton*

14  *v. Pacific Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993).  But Costco fails to allege sufficient facts

15  to show that any of these tolling principles would rescue its time-barred claims as against SDI.

16        1.    <u>Costco's time-barred state claims cannot be saved by its allegations of fraudulent

17            concealment.</u>

18        Costco's allegations of fraudulent concealment cannot rescue its time-barred state claims.

19  Even if a particular state would apply fraudulent concealment to these claims, any tolling ceases

20  once plaintiff is on notice of its potential claim.  *See, e.g., Jablon v. Dean Witter & Co.*, 614 F.2d

21  677, 682 (9th Cir. 1980) (affirming order granting motion to dismiss where complaint alleged

22  plaintiff had notice of acts underlying her claim outside limitations period); *Advanced Micro

23  Devices, Inc. v. Intel Corp.*, C 91-20541 JW, 1991 U.S. Dist. LEXIS 21036, at *7 (N.D. Cal. Dec.

24  17, 1991) (fraudulent concealment ceases to toll limitations statute when plaintiff "is aware or

25  should have been aware of the operative facts that are the basis of its cause of action. … The

-10-

1    degree of knowledge only has to be a 'mere suspicion.'") (internal citations omitted).  Each of the

2    states at issue follows this same approach.[10]

3          Here, Costco affirmatively alleges that it was notified of its claims by "late November

4    2007, when investigations by the United States and other antitrust authorities became widely

5    reported."  Prop. Amend. Compl. ¶ 179.  Any tolling by virtue of fraudulent concealment thus

6    ceased at the latest by "late November 2007," and any claims brought after "late November"

7    2011 – including the state claims Costco seeks to file against SDI – would be time-barred.

8          2.    <u>Costco's time-barred state claims cannot be saved by its allegations of criminal</u>

9                <u>proceedings instituted by the U.S. Department of Justice.</u>

10         Costco alleges that the statutes of limitation governing its state law claims were tolled by

11   virtue of "criminal proceedings and investigations" instituted by the U.S. Department of Justice,

12   pursuant to 15 U.S.C. § 16.  Prop. Amend. Compl. ¶ 193.  That statute reads, in pertinent part:

13              Whenever any civil or criminal proceeding is instituted by the
                United States to prevent, restrain, or punish violations of any of the
14              antitrust laws, but not including an action under Section 15(a) of this
                title, the running of the statute of limitations in respect to every
15              private or state right of action ***arising under said laws*** and based in
                whole or in part on any matter complained of in said proceedings
16              shall be suspended during the pendency thereof and for one year
                thereafter ….

17

18
_____
19   [10] **Arizona:** *Taylor v. Betts*, 124 P.2d 764, 767 (Ariz. 1942) (where plaintiff alleges fraudulent
     concealment, "the statute does not begin to run until the other party discovers or is put upon
20   reasonable notice of the breach of the trust."); **California:** *Snapp & Assoc. Ins. Serv., Inc. v.
     Robertson*, 96 Cal.App.4th 884, 890-91 (Cal. Ct. App. 2002) ("The fraudulent concealment
21   doctrine does not come into play, whatever the lengths to which a defendant has gone to conceal
     the wrongs, if a plaintiff is on notice of a potential claim.") (internal citations and quotations
22   omitted), *overruled on other grounds by Aryeh v. Canon Business Solutions, Inc.*, 55 Cal.4th 1185,
     1196 (Cal. 2013) ; **Florida:** *Technical Packaging, Inc. v. UCB Films, Inc.*, No. 8:03-cv-714-T-
23   30TBM, 2004 WL 5639769, at *4 (N.D. Fla. Dec. 21, 2004) ("all that is necessary under Florida
     law to prevent application of the fraudulent concealment doctrine" is that plaintiff "ha[s] been
24   placed on notice of the possible invasion of its legal rights"); **Illinois:** *Anderson v. Wagner*, 79
     Ill.2d 295, 322 (1979) ("[i]f at the time the plaintiff discovers the 'fraudulent concealment' a
25   reasonable time remains within the applicable statute of limitations, [fraudulent concealment] does
     not toll the running of the limitations period."); **Washington**: *Costello v. University of Washington
26   Med. Center*, 170 Wash.App. 1047, 2012 WL 4335957, at *2 (Wash.App. Div. 1 Sept. 24, 2012)
     ("The statute of limitation is tolled by fraudulent concealment only until the date [plaintiff] has
27   actual knowledge of the act of fraud or concealment.") (internal quotations and citation omitted).

28                                          -11-

1   15 U.S.C. § 16(i) (emphasis added).  The statute thus provides for tolling only as to rights of

2   action "arising under" the "antitrust laws."  The term "antitrust laws," as it is used in the Clayton

3   Act, is specifically defined by 15 U.S.C. § 12.  *See In re Petroleum Prods. Antitrust Litig.*, 782

4   F.Supp. 481, 484 (C.D. Cal. 1991).  The definition is restricted to a specific list of federal antitrust

5   statutes, and does not encompass state statutes.  *Nashville Milk Co. v. Carnation Co.*, 355 U.S.

6   373, 376 (1958) ("the definition contained in [Section] 1 of the Clayton Act is exclusive"; that a

7   statute not listed therein "may be colloquially described as an 'antitrust' statute" is "of no

8   moment."); *Pool Water Prods. v. Olin Corp.*, 258 F.3d 1024, 1031 n.4 (9th Cir. 2001).  By its

9   plain language, therefore, this provision does not toll Costco's state-law claims.  Because Costco's

10  claims under Arizona, California, Florida, Illinois and Washington law do not "aris[e]  under" the

11  "antitrust laws," they cannot benefit from the government tolling provision of 15 U.S.C. § 16(i).

12      3.   <u>Costco's time-barred state claims cannot be saved by its allegations of lawsuits

13           brought on behalf of a purported class of CRT direct purchasers.</u>

14          Costco's third and final alleged basis for tolling is the purported class actions filed on

15  behalf of direct CRT purchasers.  Prop. Amend. Compl. ¶¶ 194-195.  But those actions asserted

16  claims under ***federal*** antitrust law; they do not toll the statutes of limitations on the ***state*** law

17  claims that Costco seeks to assert here.

18          The U.S. Supreme Court has cautioned that the class-action tolling rule announced in

19  *American Pipe* does not toll statutes of limitations for claims that are "different [from] or

20  peripheral [to]" the claims asserted in the class action itself.  *Crown, Cork & Seal Co., Inc. v.

21  Parker*, 462 U.S. 345, 354-55 (1983) (Powell, J., concurring) ("Claims as to which the defendant

22  was not fairly placed on notice by the class suit are not protected under *American Pipe* and are

23  barred by the statute of limitations.").  Federal courts have generally heeded this direction and

24  declined to toll statutes of limitation for claims other than those explicitly included in the class

25  action.  *See, e.g., Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1283 (11th Cir. 2003) (refusing to toll

26  state claim where "Appellants could not demonstrate the [prior class action] explicitly included"

27

28
-12-

1   the claim); *In re: Vertrue Mktg. & Sales Practices Litig.*, 712 F.Supp.2d 703, 718-19 (N.D. Ohio

2   2010) ("only the claims expressly alleged in a previous federal lawsuit are subject to tolling").

3          Moreover, whether the statute of limitations for a state-law claim is tolled by the filing of a

4   class action is an issue of state law.  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th

5   Cir. 2008).  Costco has argued that state courts would toll state-law claims based on class actions

6   filed in federal court, but the weight of authority does not endorse this so-called "cross-

7   jurisdictional tolling."[11]  The Ninth Circuit has held that "[t]he rule of *American Pipe* … does not

8   mandate cross-jurisdictional tolling as a matter of state procedure" and therefore declined "to

9   import the doctrine into state law where it did not previously exist."  *Id.* at 1025; *see also Wade v.*

10  *Danek Medical, Inc.*,  182 F.3d 281, 287-88 (4th Cir. 1999) (declining to toll statute of limitations

11  on claim under Virginia law, based on federal class action, absent indication that Virginia

12  Supreme Court would adopt a cross-jurisdictional tolling rule).  Here, Costco cannot show that the

13  supreme courts of Arizona,[12] California,[13] Florida,[14] Illinois[15] or Washington have endorsed cross-

14  jurisdictional tolling.  Indeed, as described in the footnotes, courts have generally found that these

15  states would ***not*** endorse cross-jurisdictional tolling.  Therefore, the federal class actions cited in

16  Costco's proposed amended complaint do not toll the statutes of limitation governing its state-law

17  claims.

18

19  ――――――――――――――――
    [11] The issue of cross-jurisdictional tolling was briefed in Defendants' Joint Reply Memorandum in
20  Support of Motion to Dismiss And For Judgment On The Pleadings As To Certain Direct Action
    Plaintiffs' Claims (Dkt. No. 1422), at pp. 8-10.  SDI hereby incorporates that argument.

21  [12] ***Arizona:*** *Albano v. Shea Homes*, 254 P.3d 360 (Ariz. 2011) (declining to extend *American Pipe*
    to Arizona statute of limitations).
22
    [13] ***California:*** *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 935-36 (Cal. 1988) (declining to apply class-
23  action tolling); *Clemens*, 534 F.3d at 1025 (declining to import a cross-jurisdictional tolling rule
    into California law).
24
    [14] ***Florida:*** *In re Vitamins Antitrust Litig.*, 183 Fed. App'x 1 (D.C. Cir. 2006) (predicting Florida
25  would not permit cross-jurisdictional tolling); *In re Rezulin Prods. Liability Litig.*, No. 00-2843,
    2006 WL 695253 (S.D.N.Y. Mar. 15, 2006) (Florida does not recognize cross-jurisdictional
26  tolling).

27  [15] ***Illinois***:  *Portwood v. Ford Motor Co.*, 701 N.E.2d 1102, 1105 (Ill. 1998) ("the Illinois statute
    of limitations is not tolled during the pendency of a class action in federal court.").

28                                              -13-

4.      Costco's proposed amendment should be deemed futile even if its Sherman Act claim could survive a motion to dismiss.

Costco may argue that its proposed amendment is not futile because its claim under the federal Sherman Antitrust Act is not time-barred, and would survive a motion to dismiss on that basis.  Assuming *arguendo* this is true, the futility factor would still support denial of Costco's proposed amendment to add SDI to its case because the vast majority of the claims Costco seeks to assert against SDI are premised on its state-law causes of action.  The Ninth Circuit has held that the futility factor supports denial of a motion to amend in such circumstances—when most, but not necessarily all of plaintiff's proposed claims would be subject to dismissal.  *See, e.g., Schlacter-Jones v. Gen. Tel. of California*, 936 F.2d 435, 443 (9th Cir. 1991) (affirming denial of motion to amend based in part on futility factor, where "at least three of the four" proposed causes of action would be futile); *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1320 (9th Cir. 1984) (futility supports denial of motion to amend, where "much if not all" of the proposed amendment would be futile).  Moreover, because Costco bases its claims on purchases of CRT products, and not CRTs themselves, any right to recover from SDI under the Sherman Act would depend on Costco's ability to prove ownership or control among defendants.  Costco's claims against SDI would therefore differ fundamentally from its claims against the other defendants, and would depend on proof of an entirely different set of facts, complicating case management and resulting in judicial inefficiencies.  These are also proper considerations on a motion to amend. *See, e.g., Chitimacha Tribe of La. V. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982).

-14-

SAMSUNG SDI'S OPPOSITION TO PLAINTIFF COSTCO'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT

# IV.

## CONCLUSION

For all the foregoing reasons, SDI respectfully requests that the Court deny Costco's motion for leave to file an amended complaint, to the extent it seeks to add SDI as a defendant.

Respectfully Submitted,

Dated: April 9, 2013

By: _____/s/ Tyler M. Cunningham_____
GARY L. HALLING (66087)
Email: ghalling@sheppardmullin.com
JAMES L. McGINNIS (95788)
Email: jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (203524)
Email: mscarborough@sheppardmullin.com
TYLER M. CUNNINGHAM (243694)
Email: tcunningham@sheppardmullin.com
**SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP**
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415)-434-9100
Facsimile: (415)-434-3947

*Attorneys for Real Parties in Interest Samsung SDI
America, Inc., Samsung SDI Co., Ltd., Samsung SDI
(Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. de
C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung
SDI Co. Ltd. and Tianjin Samsung SDI Co., Ltd*

SAMSUNG SDI'S OPPOSITION TO PLAINTIFF COSTCO'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT

SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:        ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com
              tcunningham@sheppardmullin.com

Attorneys for Real Parties in Interest
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Costco Wholesale Corp. v. Hitachi, Ltd., et al.,* No. 11-cv-06397 | **DECLARATION OF TYLER M. CUNNINGHAM IN SUPPORT OF REAL PARTY IN INTEREST SAMSUNG SDI'S OPPOSITION TO PLAINTIFF COSTCO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

I, Tyler M. Cunningham, do hereby declare as follows:

1.      I am a member of the bar of the State of California and an associate with Sheppard, Mullin, Richter & Hampton LLP, counsel for Real Parties in Interest Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd. (collectively, "SDI") in this action.  I make this declaration in support of SDI's Opposition to Plaintiff Costco's Motion for Leave to File Amended Complaint.  Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

2.      I am informed and believe that approximately 14 cases have been filed by direct action plaintiffs ("DAPs") in this consolidated multi-district litigation.  Some, but not all, of these DAPs named SDI as a defendant when they first filed their cases.

3.      I am informed and believe that defendants in *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397 ("Costco case"), have propounded discovery requests to Plaintiff Costco Wholesale Corp. ("Costco"), including requests for production of documents, requests for admission, and interrogatories.  SDI has not participated in that discovery.

4.      I am informed and believe that defendants in the Costco case have filed at least one motion seeking to compel arbitration.  SDI did not participate in that motion.

5.      I am informed and believe that, on December 7, 2012, defendants in the Costco case deposed Costco's corporate representative on a variety of issues under Federal Rule of Civil Procedure 30(b)(6), including topics related to pricing, cost, distribution channels and documentation.  SDI did not participate in that deposition.

6.      At my request and under my direction, Sheppard Mullin staff reviewed the docket in this consolidated, multi-district litigation to determine the average amount of time needed to resolve motions to dismiss.  Based on that review, I am informed and believe that the average amount of time needed to resolve motions to dismiss in this litigation is 205 days.

-1-

CUNNINGHAM DECLARATION I/S/O SAMSUNG SDI'S OPPOSITION TO PLAINTIFF COSTCO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

1

2      I declare under penalty of perjury of the laws of the United States that the foregoing is true

3  and correct.

4

5      Executed on April 9, 2013 at San Francisco, California.

6

7

8                                                    */s/ Tyler M. Cunningham*
                                         _____
9                                              TYLER M. CUNNINGHAM

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:408268417.1                                    CUNNINGHAM DECLARATION I/S/O SAMSUNG SDI'S OPPOSITION TO PLAINTIFF
MDL No. 1917; Case No. 11-cv-06397                  COSTCO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

# EXHIBIT H

1  David J. Burman (admitted *pro hac vice*)
   Cori G. Moore (admitted *pro hac vice*)
2  Eric J. Weiss (admitted *pro hac vice*)
3  Nicholas H. Hesterberg (admitted *pro hac vice*)
   **PERKINS COIE LLP**
4  1201 Third Avenue, Suite 4900
   Seattle, WA 98101-3099
5  Telephone:    206.359.8000
   Facsimile:    206.359.9000
6
   Joren Bass, Bar No. 208143
7  JBass@perkinscoie.com
   **PERKINS COIE LLP**
8  Four Embarcadero Center, Suite 2400
   San Francisco, CA  94111-4131
9  Telephone:    415.344.7120
   Facsimile:    415.344.7320
10
   Attorneys for Plaintiff Costco Wholesale Corporation
11 [Additional Counsel Listed on Signature Page]

12                 UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                 SAN FRANCISCO DIVISION

15 IN RE: CATHODE RAY TUBE (CRT)          Master File No. 3:07-cv-05944-SC
   ANTITRUST LITIGATION                   MDL No. 1917
16

17 This Document Relates to:             **DIRECT ACTION PLAINTIFFS' REPLY
                                          IN SUPPORT OF THEIR MOTION FOR
18 *Electrograph Systems, Inc., et al. v. Hitachi,  LEAVE TO FILE AMENDED
   Ltd., et al.*, No. 11-cv-01656;        COMPLAINTS**
19
                                          Date:    May 1, 2013 (tentative)
20 *Alfred H. Siegel, as Trustee of the Circuit  Time:    9:30 a.m. (tentative)
   City Stores, Inc. Liquidating Trust v.  Place:   JAMS Resolution Center, Two
21 Hitachi, Ltd., et al.*, No. 11-cv-05502;          Embarcadero Center, Suite 1500
                                          Judge:   Honorable Samuel Conti
22 *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et  Special Master: Hon. Charles A. Legge (Ret.)
   al.*, No. 11-cv-05513;
23
   *Target Corp, et al. v. Chunghwa Picture
24 Tubes, Ltd., et al.*, No. 11-cv-05514;

25 *Interbond Corporation of America v.
   Hitachi, et al.*, No. 11-cv-06275;
26

27
   PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
28 Case No. 3:07-05944-SC
   MDL No. 1917

1    *Office Depot, Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06276;

2

3    *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

4    *Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

5

6    *P.C. Richard & Son Long Island Corporation, et al., v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

7

8    *Schultze Agency Services, LLC, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02649.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## I.     INTRODUCTION

2       Disregarding the Federal Rule's instruction that courts "should freely give leave [to

3   amend] when justice so requires"[1] and ignoring Ninth Circuit[2] and Special Master[3]

4   pronouncements that the policy favoring leave to amend must be "applied with extreme

5   liberality," the Mitsubishi entities ("Mitsubishi"), Thomson entities ("Thomson"), and Samsung

6   SDI entities ("Samsung SDI") (collectively, the proposed "Defendants") urge the Court to deny

7   the DAPs' Motion for Leave to File Amended Complaints.  The proposed amendments seek to

8   add additional parties long before the close of discovery and scheduled trial, yet Defendants

9   oppose the motion on claims of undue prejudice and undue delay.  Defendants fail to meet their

10  burden[4] to establish either factor.

11

## II.    THE COURT SHOULD GRANT LEAVE TO AMEND

12      The "liberality in granting leave to amend is not dependent on whether the amendment

13  will add causes of actions or parties."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th

14  Cir. 1987).  Rather, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a

15  proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."

16  *Simons v. United States*, 497 F.2d 1046, 1049, n.2 (9th Cir. 1974) (quoting *Foman v. Davis*, 371

17  U.S. 178, 182 (1962)).  Here, the facts alleged in relation to Defendants—that they participated in

18  a decade-long global conspiracy to fix the price of CRTs—entitle the DAPs to relief under

19  applicable antitrust laws, and the Court should grant the DAPs the opportunity to present their

20  claims.

21

22

---

[1] Fed. R. Civ. P. 15(a).

23

[2] *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

24

[3] Special Master's Amended Report on IPP Motion to Amend Complaint, Dkt. 1453 (Nov. 19, 20120).

25

[4] *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice."); *California v. Walgreen Corp.*, 175 F.R.D. 631, 637 (N.D. Cal. 1997) ("The party opposing the motion for leave to amend bears the burden of demonstrating that a substantial reason exists to deny leave to amend." (internal quotation marks omitted)).

26

27                                                   1

28

**A.      Defendants Have Not Met Their Burden of Showing Undue Prejudice**

Defendants agree that potential prejudice is the critical factor in deciding whether to grant or deny leave to amend.  *See* Thomson Br. at 6; Mitsubishi Br. at 5.  Indeed, prejudice—or here its absence—is decisive.  *See, e.g.*, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight.").

**1.      There Is No Undue Prejudice to Thomson or Mitsubishi**

Neither Thomson nor Mitsubishi has met its burden of showing that inclusion at this stage in the litigation will unduly prejudice them.  The trial is more than a year and a half away, discovery will remain open for nearly a year, and merits depositions have only just begun.  Moreover, no class has yet been certified, and other litigants have adequately been representing Thomson's and Mitsubishi's interests throughout the course of the litigation.

Importantly, Thomson was named as a defendant in a recently filed DAP complaint, a crucial fact Thomson omits from its opposition brief.  *See* Complaint, *Sharp Electronics Corp. v. Hitachi, Ltd. et al.*, No. 3:13-cv-01173-SC, Dkt. No. 1 (N.D. Cal. Mar. 15, 2013) (naming as defendants Thomson SA (N/K/A Technicolor SA) and Thomson Consumer Electronics, Inc. (N/K/A Technicolor USA, Inc.)).  Thus, even absent this motion, Thomson will be required to participate as a defendant in this MDL.

In addition, the Special Master has already rejected Mitsubishi's claim of undue prejudice and recommended that Mitsubishi be added as a defendant in this action.  In recommending that the Court grant the IPPs' motion to amend, the Special Master concluded that the IPPs "have met the standards for the addition of the Mitsubishi defendants, and their addition at this time will not be unduly prejudicial to Mitsubishi in its defense of this action."  Amended Report on IPP Motion to Amend Complaint, Dkt. No. 1453 at 3 (Nov. 19, 2012).

With the Court's recent amendment to the scheduling order (Dkt. No. 1595), *none* of the substantive timelines that affect Mitsubishi or Thomson are materially different from when the

2

1  IPPs moved to amend.  When the IPPs moved in August 2012, one year remained before the end

2  of fact and expert discovery.  Now, fact and expert discovery closes in March 2014, one year after

3  the DAPs sought leave to amend.  Similarly, when the IPPs moved for leave to amend, trial was

4  to begin nineteen months later.  Now, trial (for those DAPs not returning to other districts) is

5  scheduled for October 2014, more than eighteen months after the DAPs sought leave to amend.

6  Just as the would-be defendants faced no undue prejudice at the time of the IPPs' motion, they

7  face no prejudice here.

8      In addition, much of the so-called undue prejudice claimed by Thomson and Mitsubishi is

9  simply the basic duty required of all civil defendants.  For example, Thomson complains that it

10  will have to "[c]ollect, review, and produce documents responsive to discovery requests,"

11  "[o]btain and search millions of pages of documents produced in the Class Actions and Direct

12  Actions," "[s]erve additional discovery," and "[e]ngage experts and prepare expert reports."

13  Thomson Br. at 5–6.  Such basic litigation requirements are hardly prejudicial, let alone "unduly"

14  prejudicial, and the current scheduling order allows ample time to complete these tasks.

15  Moreover, because Thomson is now a named defendant in the MDL, it will have to perform these

16  tasks regardless of the outcome of this motion.[5]

17      Furthermore, despite their protests, Thomson and Mitsubishi will no doubt *benefit* from

18  many of the MDL litigation activities that have already transpired and to which they expended no

19  time or money.  For example, crucial protocols have already been debated and implemented,

20  including a protocol regarding proceedings before the Special Master, a custodian-based

21  discovery protocol, an ESI protocol, a deposition protocol, and a protocol regarding translations.

22  A protective order and a pre-trial schedule coordinating all plaintiffs also are in place.  In

---

[5] Thomson's request for a stay of discovery is both unnecessary and unwarranted.  Thomson has been aware of possible claims against it for many years and has sufficient time to familiarize itself with the current posture of the case.  Thomson similarly asserts without support that it has a jurisdictional defense and that jurisdictional discovery is also likely to take "several months."  Thomson Br. at 6.  These defenses are speculative at best, and just as there was no reason to delay discovery while the Joint Defendants' current motions to dismiss were and continue to be pending, there is no reason to delay discovery for Thomson's speculative defenses asserted here.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
Case No. 3:07-05944-SC
MDL No. 1917

1   addition, the classes and the DAPs have largely responded to the existing discovery requests, and

2   Thomson and Mitsubishi will have immediate access to that information. Indeed, Thomson

3   acknowledges that "[t]he DAPs have benefited from the existing discovery in the Class Actions,"

4   Thomson Br. at 3, and so too would Thomson and Mitsubishi. That Thomson and Mitsubishi will

5   be able to take advantage of the considerable work already accomplished—at no financial or

6   temporal burden to them—will undoubtedly work to their advantage.

7        Mitsubishi strangely suggests that it will be unduly prejudiced because it "has not

8   participated in any depositions related to class certification issues." Mitsubishi Br. at 4. Yet none

9   of the DAPs are asserting class-action claims, and Mitsubishi can articulate no prejudice it would

10  suffer from its lack of participation in those depositions.

11       Similarly, Thomson and Mitsubishi's complaint regarding the alleged difficulty in

12  locating documents and witnesses fails to establish any undue prejudice from the DAPs' motion

13  to amend. Whether the DAPs included Thomson and Mitsubishi in their November 2011

14  complaints or add them now has no bearing on whatever difficulty those entities may have in

15  locating evidence created years earlier. Moreover, Thomson acknowledges that it was named in

16  the original class-action complaints, and the IPPs have conveyed to the Court that they have

17  tolling agreements with Thomson and Mitsubishi, putting both on notice of pending lawsuits and

18  triggering a requirement to preserve relevant evidence. *See* IPP Reply in Support of Motion to

19  Amend, Dkt. 1378 at 4 (confirming that the IPPs' tolling agreement with Thomson bound

20  Thomson "to take all steps to preserve relevant evidence and documents as if it were a named

21  defendant in the MDL Proceeding."). In addition, both the IPP and DPP consolidated complaints,

22  as well as the DAP complaints, allege that the various plaintiffs might name as defendants

23  additional co-conspirators, including Mitsubishi specifically. *See, e.g.*, Costco Complaint ¶ 58

24  (naming Mitsubishi as a co-conspirator and reserving the right to name it and other co-

25  conspirators as defendants).

26       Thomson and Mitsubishi also rely, as they did in response to the IPP motion, on Judge

27                                          4

28  PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
    Case No. 3:07-05944-SC
    MDL No. 1917

1    Illston's ruling in the LCD litigation denying in part a motion for leave to add certain parties.  *See*

2    Thomson Br. at 5; Mitsubishi Br. at 7–8.  Yet Thomson and Mitsubishi ignore the critical fact that

3    the motion to amend in LCD, unlike the instant motion, was filed by the class plaintiffs *after* class

4    certification.  Indeed, Judge Illston explained that "adding these entities as defendants might

5    require revisiting class certification to address issues specific to these entities."  Oswell Decl., Ex.

6    A at 5.  Class certification is not at issue here.

7              Finally, the cases upon which Thomson and Mitsubishi rely present significantly

8    different—and often egregious—circumstances that are absent here.  *See, e.g.*, *Netbula, LLC v.*

9    *Bindview Dev. Corp.*, No. C06-00711 MJJ, 2007 WL 2221070, at *6 (N.D. Cal. Aug. 2, 2007)

10   (proposed amendments "come *after the close of discovery* and involve adding an additional 400

11   unnamed Doe defendants, *asserting two new claims*, and alleging a number of factual allegations"

12   (emphasis added)); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir.

13   2006) ("Allowing AmerisourceBergen to '*advance different legal theories and require proof of*

14   *different facts*' at this stage in the litigation would have prejudiced Dialysist West . . . ."

15   (emphasis added)); *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("To permit the

16   amended complaint would require appellees to relitigate a portion of their state court action with

17   their insurer *on the different theories* . . . ." (emphasis added)); *Morongo Band of Mission Indians*

18   *v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) ("The *new claims* set forth in the amended

19   complaint would have greatly altered the nature of the litigation and would have required

20   defendants to have undertaken, at a late hour, *an entirely new course of defense*." (emphasis

21   added)); *Wells Fargo Bank, N.A. v. Renz*, No. C 08-02561 SBA, 2010 WL 2867615, at *3–4

22   (N.D. Cal. July 20, 2010) (denying a *third motion to amend* to add a party where depositions had

23   already been taken and the discovery deadline was only five months away); *Scognamillo v. Credit*

24   *Suisse First Boston, LLC,* 587 F. Supp. 2d 1149, 1156 (N.D. Cal. 2008) (denying leave filed "late

25   in litigation," just twelve weeks before the discovery deadline and involving "new theories"

26   representing a "radical departure" from the complaint).

27
     PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
28   Case No. 3:07-05944-SC
     MDL No. 1917

1   There is no prejudice, undue or not, to Thomson or Mitsubishi.

2   **2.      There Is No Undue Prejudice to Samsung SDI**

3   Samsung SDI's claim of undue prejudice from being added as a named defendant in

4   Costco's case is even weaker.

5   Whereas Thomson and Mitsubishi argue that they have not participated in the MDL

6   litigation, Samsung SDI has already been named as a defendant in multiple MDL complaints,

7   including the first DPP class-action complaint filed in November 2007.  *See* Complaint, *Crago*

8   *Inc. v. Chunghwa Picture Tubes, Ltd. et al.*, Dkt. No. 1 (N.D. Cal. Nov. 26, 2007) (naming

9   Samsung SDI Co., Ltd., and Samsung SDI America, Inc.).  Samsung SDI has been represented by

10  counsel in this litigation at least since December 2007, *see id.*, Dkt. No. 14 (Dec. 18, 2007), has

11  actively defended itself throughout the litigation, and will continue to actively defend itself

12  regardless of whether it is named in Costco's complaint.  Costco does not purport to add any new

13  substantive claims that would require re-opening any discovery with respect to Samsung SDI or

14  in any substantive way change Samsung SDI's litigation strategy.  Because Samsung SDI is an

15  already-active participant in the MDL, it cannot reasonably claim that its addition to Costco's

16  complaint will unduly prejudice it.

17  Samsung SDI contends disingenuously that it will be prejudiced because "[a]dding a new

18  party to an ongoing case is inherently prejudicial; the new party is unavoidably disadvantaged

19  when it joins the new case midstream."  Samsung SDI Br. at 6.  Yet Samsung SDI is neither a

20  new party to the MDL nor joining a new case midstream.  It participated in establishing the

21  various MDL protocols discussed above, joined various substantive motions, and shared all of the

22  discovery obligations.  Its assertion that the amendment would force it to "conduct discovery on a

23  prejudicially accelerated schedule" is outlandish.  This "new" party has been on notice of the

24  same claim against it for over five years and has actively litigated that claim in the same court,

25  against the same litigants, in a consolidated MDL action.

26  Samsung SDI makes much of the fact that a single 30(b)(6) deposition of a Costco

27                                                    6

28

1   employee was held a few months ago.  Samsung SDI Br. at 1.  Samsung SDI erroneously

2   suggests that it "missed the opportunity to participate" in that deposition.  Samsung SDI was in

3   no way prevented from participating in that deposition, and it was a part of the joint-defense

4   group that noticed that deposition.  *See* Declaration of Eric J. Weiss in Support of Plaintiffs'

5   Reply, Ex. A, Notice of Deposition to Costco (Nov. 20, 2012) ("[P]ursuant to Federal Rule of

6   Civil Procedure 30(b)(6), Defendant Philips Electronics North America Corporation through their

7   counsel *and in conjunction with all defendants*, will take the deposition of a designated

8   representative of Costco Wholesale Corporation." (emphasis added)).  Indeed, that deposition was

9   rescheduled at the request of the IPPs and by order of the Special Master so that additional

10  litigants, including the California Attorney General, could attend.  Samsung SDI, like those

11  additional litigants, was free to attend and participate in that deposition, and, in any event, its

12  interests were represented by attendees Philips Electronics and Samsung Electronics.  Moreover,

13  no Costco percipient witness has been deposed, and the 30(b)(6) deposition lasted less than 3.5

14  hours.  Samsung SDI and the other defendants have the opportunity for additional depositions,

15  although it is hard to imagine what the point would be.  *See* Dkt. No. 1128 ("Defendants

16  collectively may take up to 15 hours of 30(b)(6) depositions of each plaintiff group . . . .").

17      Samsung SDI also baldly asserts that it "would have insufficient time to prepare a defense

18  if it were added to the litigation at this late stage."  Samsung SDI Br. at 7.  It therefore suggests it

19  would be unduly prejudiced by the amendment because it would need extra time to file a motion

20  to dismiss.  Yet Samsung SDI has been defending against the same antitrust claims for years in

21  the MDL and is already a signatory to the joint-defense motion to dismiss pending against all of

22  the DAPs, including Costco.  *See* Dkt. No. 1317 (moving to dismiss "select DAPs' claims,"

23  including Costco's).  Costco and the other joint defendants have already stipulated that the motion

24  to dismiss "shall be deemed responsive to the Amended Complaints and that the resolution of

25  which shall be binding on the Amended Complaints to the extent applicable."  Dkt. No. 1624.

26  Thus, there will be no need for Samsung SDI to file a new motion to dismiss on the same

27

28
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
Case No. 3:07-05944-SC
MDL No. 1917

1  arguments that the joint defendants have already made.

2      Notably, the Special Master previously concluded with respect to Mitsubishi that

3  "numerous other defendants' counsel have been representing the defense interests throughout the

4  course of this litigation. While Mitsubishi is not bound by that, it is some assurance that the case

5  has been and is being defended up to this time." Dkt. No. 1453 at 3. If Mitsubishi, who was not a

6  named defendant in any other complaint and could not have participated in discovery, had its

7  interests adequately represented by defense counsel, surely Samsung SDI, which is a named

8  defendant in the MDL and has actively participated in discovery, has adequately represented its

9  own interests in the same litigation. There is absolutely no undue prejudice to Samsung SDI.

10      **B.    Defendants Have Not Met Their Burden of Showing Undue Delay**

11      The DAPs have shown that no Defendant would suffer any undue prejudice from the

12  amended complaints. That conclusion should all but end the inquiry. *See Eminence Capital,

13  LLC*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under rule 15(a)." (internal

14  quotations omitted)). Knowing that they cannot prove undue prejudice, Defendants assert that the

15  DAPs unduly delayed filing their motion to amend. Yet the Ninth Circuit has repeatedly held that

16  "delay alone is not sufficient to justify the denial of a motion requesting leave to amend." *DCD*

17  *Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Bowles v. Reade*, 198

18  F.3d 752, 758 (9th Cir. 1999) (same); *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping*

19  *Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (same); *Howey v. United States*, 481 F.2d

20  1187, 1190 (9th Cir. 1973) ("[W]e know of no case where delay alone was deemed sufficient

21  grounds to deny a Rule 15(a) motion to amend.").[6] In any event, Defendants have not met their

22  burden of proving that the DAPs unduly delayed moving to amend.

---

[6] Although the Ninth Circuit has also said that undue delay alone may be sufficient to deny leave to amend, *see* Thomson Br. at 4 n.3, the DAPs are aware of no Ninth Circuit decision where delay alone justified denying a motion to amend. *See Howey*, 481 F.2d at 1190 (explaining that it knows of no decision relying exclusively on undue delay). Regardless, any discrepancy in the court's holdings simply reinforces the emphasis all courts have placed on prejudice (or lack thereof) as the decisive factor when evaluating motions to amend.

**1.     There Is No Undue Delay as to Thomson or Mitsubishi**

Neither Thomson nor Mitsubishi has met its burden of showing that the DAPs unduly delayed moving to amend.  Thomson and Mitsubishi primarily rely on their assertion that the DAPs moved seven months after the IPPs sought leave to add them as defendants.  Thomson Br. at 4, 10; Mitsubishi Br. at 2, 8.  Yet the DAPs, like the IPPs, diligently moved to amend within one month after locating and reviewing documents directly implicating Thomson and Mitsubishi in the conspiracy.  Weiss Decl., ¶ 3.

Prompted by the IPPs' request to add Thomson and Mitsubishi as defendants, the DAPs began conducting their own targeted reviews of the voluminous document productions for evidence of Thomson and Mitsubishi's participation in the conspiracy.  DAP Mot. at 5.  As the Special Master previously concluded, the IPPs diligently sought leave to amend, nearly five years after filing their initial complaints, because they had only recently discovered certain so-called "production line status reports" implicating Thomson and Mitsubishi.  *See* Dkt. No. 1453 at 2.  But, as Thomson and Mitsubishi note, the IPPs did not cite any particular documents in their motion or supporting declaration.  Thus, at that time the DAPs had no independent basis to make similar allegations about Thomson and Mitsubishi.

Indeed, a delay between the IPPs' motion and any DAP motion was inevitable given the DAPs' duty under the Federal Rules to perform their own reasonable investigation into the allegations, which investigation revealed that the allegations against Thomson and Mitsubishi were factually supported.  The DAPs have been involved in this litigation for far less time than the IPPs and DPPs and, consequently, have not conducted as much discovery review or developed sophisticated document databases.  The DAPs took a reasonable amount of time not only to locate the documents on which the IPPs relied but also to confirm the substance of those documents and locate additional evidence implicating Thomson and Mitsubishi.  Following their reasonable investigation, the DAPs moved to amend promptly, less than sixteen months after filing their initial complaints.  (By contrast the IPPs moved to amend approximately five years

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
Case No. 3:07-05944-SC
MDL No. 1917

1   after filing their initial class-action complaint.)

2          Furthermore, it was in the best interests of the Court and parties for the DAPs to file a

3   single, consolidated motion to amend, rather than having dozens of separate plaintiffs,

4   represented by several law firms, file individual motions with different briefing schedules and

5   deadlines.  Coordination between the DAPs, which takes a reasonable amount of time, does not

6   constitute "undue" delay.

7          Ultimately, the DAPs did not rely exclusively on the evidence on which the IPPs relied.

8   Instead, and contrary to Thomson and Mitsubishi's assertions, the DAPs discovered additional

9   evidence to support their allegations.  In addition to independently confirming that Thomson

10  attended dozens of meetings with its competitors, including Glass Meetings, and that Mitsubishi

11  attended multiple bilateral meetings with its competitors, the DAPs relied on the European

12  Commission's December 2012 report confirming that it had fined Thomson over €38 million for

13  participating in the CRT conspiracy—a report that was disclosed four months *after* the IPPs filed

14  their motion.  Thus, the DAPs could not have filed their motion to amend on the heels of the

15  IPPs' motion.

16         For those reasons, Thomson and Mitsubishi have not met their burden of showing that the

17  DAPs unduly delayed moving to amend.

18              **2.      There Is No Undue Delay as to Samsung SDI**

19         As explained above, there is no undue prejudice to Samsung SDI by adding it as a

20  defendant in Costco's case when it is already a defendant in most other actions in the MDL and

21  has been defending against the same claim for several years.  Apparently recognizing the

22  weakness of its position that it would suffer undue prejudice, Samsung SDI asserts that Costco

23  has unduly delayed filing it motion to amend.  Samsung SDI is wrong.

24         Initially, it is important to note that courts liberally allow amendment to add new

25  defendants after far more significant passages of time than is present here.  *See, e.g., Expoconsul*

26  *Int'l, Inc. v. A/E Sys., Inc.*, 145 F.R.D. 336, 338-39 (S.D.N.Y. 1993) (rejecting claims of undue

27                                              10

28  PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
    Case No. 3:07-05944-SC
    MDL No. 1917

1   delay and permitting plaintiffs to add new defendants approximately five years after

2   commencement of case); *Issen v. GSC Enters., Inc.*, 552 F. Supp. 390, 394 (N.D. Ill. 1981)

3   (permitting amendment despite seven-year delay because amendment came before close of

4   discovery, before trial, and before rulings on summary-judgment motions).  This is particularly

5   true for Samsung SDI, which has been actively litigating as a defendant in the MDL for years.

6   *See Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1118 (9th Cir.

7   2013) ("Although this litigation has been ongoing for several years, the mere fact that an

8   amendment is offered late in the case is not enough to bar it.  The County would not be

9   prejudiced, because it should be fully prepared to litigate the substantive issues of the claim,

10   given that both the theory and the operative facts of the claim remain the same." (internal

11   punctuation and citations omitted)).

12         Regardless, Costco did not name Samsung SDI sooner because counsel was clearing a

13   possible conflict of interest.  Costco moved to amend after counsel confirmed that there was no

14   conflict and the other DAPs were prepared to seek leave to add Thomson and Mitsubishi.

15   Efficiency and compliance with the Rules of Professional Responsibility can hardly justify a

16   claim of "undue" delay, particularly where Samsung SDI would not suffer any undue prejudice.

17   Furthermore, Defendants' motions to dismiss (including the joint motion that Samsung SDI filed

18   with respect to the DAPs including Costco) are pending, and Costco agrees to application of any

19   relevant ruling to Samsung SDI (which, of course, might include leave to amend).

20         Accordingly, Costco has not unduly delayed adding Samsung SDI to its complaint.

21   **C.      Costco's State-Law Amendments Regarding Samsung SDI Are Not Futile**

22         Recognizing that it cannot show undue prejudice or undue delay, Samsung SDI asserts

23   that the Court should deny the entirety of Costco's motion to amend because, it contends, some of

24   Costco's state-law claims may be barred by the statute of limitations.  Yet, even if Costco's state-

25   law claims are untimely (which they are not), Samsung SDI does not dispute that Costco asserts a

26   timely federal Sherman Antitrust Act cause of action—the primary cause of action by all DAPs in

27                                                    11

28   PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
     Case No. 3:07-05944-SC
     MDL No. 1917

1   the MDL.  That timely federal claim alone proves that the motion is not futile, and there is

2   absolutely no reason to deny the entire motion on the possibility that *other* claims may be

3   dismissed.  Regardless, as shown below, Costco's state-law claims are timely.

4       It important to note that "[f]utility is usually grounds for denying leave to amend *after a*

5   *motion to dismiss or summary judgment motion.*"  *James v. UMG Recordings, Inc.*, No. C 11-

6   1613 SI, 2012 WL 4859069, at *3 (N.D. Cal. Oct. 11, 2012) (emphasis added).  That is, courts

7   typically deny a motion for leave to amend on futility grounds only after a court has already

8   concluded that a complaint does not allege facts necessary to support a claim and a proposed

9   amended complaint does not sufficiently address the deficiencies.  Here, the Court has granted

10  neither a motion to dismiss nor a motion for summary judgment; Costco is not attempting to cure

11  a deficiency raised by any such motion.  Futility is not an appropriate metric for Costco's motion.

12      In any event, Samsung SDI misstates the law regarding tolling of Costco's state-law

13  claims.  Pursuant to *American Pipe* and its progeny, the filing of a federal class-action complaint

14  tolls the statute of limitations for individual litigants filing their own claims.  *See, e.g.*, *Crown,*

15  *Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983) ("The filing of a class action tolls the statute

16  of limitations as to all asserted members of the class, not just as to intervenors." (internal

17  quotation marks and citation omitted)); *American Pipe & Construction Co. v. Utah*, 414 U.S. 538,

18  551 (1974) ("[T]he commencement of the [class] action satisfied the purpose of the limitation

19  provision as to all those who might subsequently participate in the suit as well as for the named

20  plaintiffs.").  Many federal and state courts have similarly held that the filing of a federal class-

21  action complaint tolls the statute of limitations as to related state-law claims.  *See, e.g.*, *Jenson v.*

22  *Allison-Williams Co.*, No. 98-CV-2229 TW JFS, 1999 WL 35133748, at *5 (S.D. Cal. Aug. 23,

23  1999) ("The court therefore holds that *American Pipe*, to the extent applicable, suspended the

24  statute of limitations for the federal and Minnesota securities claims."); *Stevens v. Novartis*

25  *Pharmaceuticals Corp.*, 247 P.3d 244, 255 (Mont. 2010) (tolling state-law claims under

26  *American Pipe* because of a previously filed federal class action); *Vaccariello v. Smith & Nephew*

27
    PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
28  Case No. 3:07-05944-SC
    MDL No. 1917

1   *Richards, Inc.*, 763 N.E.2d 160, 163 (Ohio 2002) (same); *Staub v. Eastman Kodak Co.*, 726 A.2d

2   955, 965–67 (N.J. 1999) (same).

3          Samsung SDI suggests that the "weight of authority" does not endorse cross-jurisdictional

4   tolling and cites cases it says show that Costco's state-law claims would not be tolled.  Yet

5   Samsung SDI fails to cite a single Washington case rejecting *American Pipe*, and several of the

6   cited decisions are inapposite or wrongly cited.  *See, e.g.*, *Albano v. Shea Homes Ltd. P'ship*, 254

7   P.3d 360, 364 (Ariz. 2011) ("Because this case involves only Arizona's statute of repose, we need

8   not answer the first certified question, which deals with statutes of limitations."); *Jolly v. Eli Lilly*

9   *& Co.*, 751 P.2d 923, 937 (Cal. 1988) (declining to extend *American Pipe* to the "the present

10  case" because the unique federal claims "could not have apprised defendants of plaintiff's

11  substantive [state] claims"); *see also Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1282 (11th Cir.

12  2003) ("There is no dispute that *American Pipe* has been followed in Florida state courts.").

13         At the very least, whether *American Pipe* applies to all of Costco' state-law claims

14  remains an open issue.  *See, e.g.*, *Stevens*, 247 P.3d at 253 ("[I]n reality the [*American Pipe*]

15  doctrine has seldom been squarely addressed, and it is clear that its outlines are still in the process

16  of developing.").  A merits decision on *American Pipe* is more appropriately left to analysis in a

17  motion to dismiss, not in a desperate futility argument in a motion to amend.  *See James*, 2012

18  WL 4859069, at *3 ("Here, the parties attempt to argue the legal merits of a claim before that

19  claim has even been alleged, before there has been specific discovery regarding that claim, and

20  before the parties have made any formal motion challenging the claim.  At this point, the Court

21  cannot say as a matter of law that the amendment would be futile.").

22  **IV.    CONCLUSION**

23         For the foregoing reasons, the Court should grant the DAPs' Motion for Leave to File

24  Amended Complaints.

25

26

27
                                                    13
28

DATED: April 16, 2013

/s/ David. J. Burman
David J. Burman (admitted *pro hac vice*)
Cori G. Moore (admitted *pro hac vice*)
Eric J. Weiss (admitted *pro hac vice*)
Nicholas H. Hesterberg (admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:     206.359.8000
Facsimile:     206.359.9000
Email: DBurman@perkinscoie.com
Email: CGMoore@perkiscoie.com
Email: EWeiss@perkinscoie.com
Email: NHesterberg@perkinscoie.com

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone:     415.344.7120
Facsimile:     415.344.7320

*Attorneys for Plaintiff Costco Wholesale*
*Corporation*

/s/ Philip J. Iovieno
Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile:  (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

William A. Isaacson
Jennifer Milici
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile:  (202) 237-6131
Email: wisaacson@bsfllp.com
Email: jmilici@bsfllp.com

14
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
Case No. 3:07-05944-SC
MDL No. 1917

1   Stuart Singer
    BOIES, SCHILLER & FLEXNER LLP
2   401 East Las Olas Blvd., Suite 1200
    Fort Lauderdale, FL 33301
3   Telephone: (954) 356-0011
    Facsimile: (954) 356-0022
4   Email: ssinger@bsfllp.com

5   *Liaison Counsel for Direct Action Plaintiffs and*
    *Attorneys for Plaintiffs Electrograph Systems, Inc.,*
6   *Electrograph Technologies, Corp., Office Depot,*
    *Inc., Compucom Systems, Inc., Interbond*
7   *Corporation of America, P.C. Richard & Son Long*
    *Island Corporation, Marta Cooperative of America,*
8   *Inc., ABC Appliance, Inc., Schultze Agency Services*
    *LLC on behalf of Tweeter Opco, LLC and Tweeter*
9   *Newco, LLC*

10

11  /s/  Roman M. Silberfeld
    Roman M. Silberfeld, (SBN 62783)
12  David Martinez, (SBN 193183)
    ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
13  2049 Century Park East, Suite 3400
    Los Angeles, CA  90067-3208
14  Telephone: (310) 552-0130
    Facsimile: (310) 229-5800
15  Email: RMSilberfeld@rkmc.com
    Email: DMartinez@rkmc.com
16
    *Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy*
17  *Purchasing LLC, Best Buy Enterprise Services, Inc.,*
    *Best Buy Stores, L.P., Bestbuy.com, L.L.C., and*
18  *Magnolia Hi-Fi, LLC*

19

20

21  /s/  Kenneth S. Marks
    H. Lee Godfrey
22  Kenneth S. Marks
    Jonathan J. Ross
23  Johnny W. Carter
    David M. Peterson
24  SUSMAN GODFREY L.L.P.
    1000 Louisiana Street, Suite 5100
25  Houston, Texas 77002
    Telephone: (713) 651-9366
26  Facsimile: (713) 654-6666

27                              15
    PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
28  Case No. 3:07-05944-SC
    MDL No. 1917

1   Email:  lgodfrey@sumangodfrey.com
    Email:  kmarks@susmangodfrey.com
2   Email:  jross@susmangodfrey.com
    Email:  jcarter@susmangodfrey.com
3   Email:  dpeterson@susmangodfrey.com

4
    Parker C. Folse III
5   Rachel S. Black
    Jordan Connors
6   SUSMAN GODFREY L.L.P.
    1201 Third Avenue, Suite 3800
7   Seattle, Washington 98101-3000
    Telephone:  (206) 516-3880
8   Facsimile: (206) 516-3883
9   Email:  pfolse@susmangodfrey.com
    Email:  rblack@susmangodfrey.com
10  Email:  jconnors@susmangodfrey.com

11  *Attorneys for Plaintiff Alfred H. Siegel, as Trustee
12  of the Circuit City Stores, Inc. Liquidating Trust*

13

14  /s/ Jason C. Murray
    Jason C. Murray (CA Bar No. 169806)
15  CROWELL & MORING LLP
    515 South Flower St., 40th Floor
16  Los Angeles, CA  90071
    Telephone: 213-443-5582
17  Facsimile:  213-622-2690
    Email:        jmurray@crowell.com
18
    Jerome A. Murphy (*pro hac vice*)
19  Astor H.L. Heaven (*pro hac vice*)
    CROWELL & MORING LLP
20  1001 Pennsylvania Avenue, N.W.
    Washington, D.C. 20004
21  Telephone: 202-624-2500
    Facsimile:  202-628-5116
22  E-mail:  jmurphy@crowell.com
              aheaven@crowell.com
23
    *Counsel for Target Corp. and RadioShack Corp.*
24

25
    /s/ Richard Alan Arnold
26  Richard Alan Arnold

27                                    16
    PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
28  Case No. 3:07-05944-SC
    MDL No. 1917

William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
Case No. 3:07-05944-SC
MDL No. 1917

David J. Burman (admitted *pro hac vice*)
Cori G. Moore (admitted *pro hac vice*)
Eric J. Weiss (admitted *pro hac vice*)
Nicholas H. Hesterberg (admitted *pro hac vice*)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:     206.359.8000
Facsimile:     206.359.9000

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
**PERKINS COIE LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone:     415.344.7120
Facsimile:     415.344.7320

Attorneys for Plaintiff Costco Wholesale Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF ERIC J. WEISS IN SUPPORT OF DIRECT ACTION PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS** |
| *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656; | Date: May 1, 2013 (tentative) Time:  9:30 a.m. (tentative) Place: JAMS Resolution Center, Two Embarcadero Center, Suite 1500 Judge: Honorable Samuel Conti Special Master: Hon. Charles A. Legge (Ret.) |
| *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.*, No. 11-cv-05502; | |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | |
| *Target Corp, et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514; | |

DECLARATION OF ERIC J. WEISS IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
Case No. 3:07-05944-SC
MDL No. 1917
LEGAL26379206.1

1

2 | *Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06275;

3

4 | *Office Depot, Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06276;

5 | *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

6

7 | *Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

8 | *P.C. Richard & Son Long Island Corp., et al, v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

9

10 | *Schultze Agency Services, LLC, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02649.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 DECLARATION OF ERIC J. WEISS IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

28 Case No. 3:07-05944-SC
MDL No. 1917

I, Eric J. Weiss, declare as follows:

1.     I am an attorney with Perkins Coie LLP, and we represent Plaintiff Costco Wholesale Corporation in this litigation.  I am admitted to practice law in the states of Washington, Wisconsin, and Illinois and am admitted to appear *pro hac vice* in this action pursuant to Pretrial Order No. 1, Dkt. 230 (Apr. 4, 2008).  I make this Declaration in support of the Direct Action Plaintiffs' Reply in Support of Their Motion for Leave to File Amended Complaints.  I am over the age of 18 and competent to testify to the matters in this Declaration.  I make this Declaration based on my personal knowledge.

2.     Attached hereto as Exhibit A is a true and correct copy of the November 20, 2012, 30(b)(6) Notice of Deposition served on Costco by Defendant Philips Electronics North America Corporation and in conjunction with all defendants.

3.     The Direct Action Plaintiffs moved for leave to amend their complaints within one month after locating and reviewing documents directly implicating Thomson and Mitsubishi in the CRT conspiracy.

DATED: April 16, 2013                                    /s/ Eric J. Weiss_____
                                                        Eric J. Weiss

DECLARATION OF ERIC J. WEISS IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
Case No. 3:07-05944-SC
MDL No. 1917

# EXHIBIT A

1  John M. Taladay (*pro hac vice*)
2  David T. Emanuelson (*pro hac vice*)
   BAKER BOTTS L.L.P.
3  1299 Pennsylvania Ave., N.W.
   Washington, DC 20004-2400
4  Telephone: (202) 639-7843
   Facsimile: (202) 639-1018
5  Email: john.taladay@bakerbotts.com
   Email: david.emanuelson@bakerbotts.com
6
7  *Attorneys for Defendant Philips Electronics North
   America Corporation*
8
9
10
11
12
13
14            **IN THE UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
15                 **SAN FRANCISCO DIVISION**

16  IN RE: CATHODE RAY TUBE (CRT)          Case No. 3:07-cv-05944 SC
    ANTITRUST LITIGATION
17                                         MDL No. 1917

18  This Document Relates To:             **PHILIPS ELECTRONICS NORTH
                                          AMERICA CORPORATION'S
19  ALL ACTIONS                           NOTICE OF DEPOSITION TO
                                          COSTCO WHOLESALE
20                                        CORPORATION**
21
22
23
24
25
26
27
28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:**

**YOU ARE HEREBY NOTIFIED** that, pursuant to Federal Rule of Civil Procedure 30(b)(6),

Defendant Philips Electronics North America Corporation through their counsel and in

conjunction with all defendants, will take the deposition of a designated representative of Costco

Wholesale Corporation, commencing on December 7, 2012 at 9:00 a.m. at the offices Perkins

Coie LLP, 1201 Third Avenue, Suite 4800, Seattle, WA 98101-3099.  The topics of the

deposition are listed in Exhibit A.

      **YOU ARE FURTHER NOTIFIED** that the deposition shall be recorded

stenographically by a certified shorthand reporter who is duly authorized to take and transcribe

said deposition, and a real-time transcription service such as LiveNote may also be available for

the use of counsel.  The deposition may also be recorded by videotape, and the defendants reserve

the right to use the videotape of the deposition at trial.

Dated: November 20, 2012

/s/ David T. Emanuelson
David T. Emanuelson (*pro hac vice*)
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7843
Facsimile: (202) 639-1018
Email: david.emanuelson@bakerbotts.com

*Attorneys for Defendant Philips*
*Electronics North America Corporation*

**EXHIBIT A**

**DEFINITIONS**

1.    "Any" shall be construed to mean "any and all."

2.    "CRT" or "CRTs" means any (a) color picture tubes ("CPTs"), which are cathode ray tubes used primarily in color televisions; and (b) color display tubes ("CDTs"), which are used primarily in color computer monitors.

3.    "CRT Finished Product" means televisions containing CPTs and/or computer monitors containing CDTs.

4.    "CRT Product" means any CRT or CRT Finished Product.

5.    "Defendant" or "Defendants" means any of the entities currently or formerly named as defendants in this litigation and, without limitation, all of their past and present parents, subsidiaries, affiliates, joint ventures, officers, directors, employees, agents, attorneys, or representatives (and the parents', subsidiaries', affiliates', or joint ventures' past and present officers, directors, employees, agents, attorneys, or representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

6.    "Document" or "documents" has the broadest possible meaning pursuant to the Federal Rules of Civil Procedure including, but not limited to, all writings and other tangible things upon which any form of communication is recorded or reproduced, and preliminary drafts and non-identical copies of the above (whether such copies differ from the original by reason of notation made on such copies or otherwise). Without limiting the generality of the foregoing, the term "document" or "documents" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings or of other communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by

2

electronic data processing or word processing equipment, including email, and all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, but not limited to, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes, and any preliminary versions, drafts or revisions of any of the foregoing. "Document" or "documents" also includes each and every file folder or other material in which the above items are stored, filed or maintained.

7.      "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all the information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

8.      "Relating to," "referring to," "regarding" or "with respect to" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, and pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

9.      "Relevant Period" means March 1, 1995 to November 25, 2007.

10.      "You," "Your," or Your Company" mean the responding plaintiff Costco Wholesale Corporation, together with all present and former directors, officers, employees, or agents of the entities listed in this Definition.

**SCHEDULE OF TOPICS**

Witnesses with knowledge of the following matters during the Relevant Period (unless a time period is specified otherwise):

1.      Your policies and practices for setting the price at which You sold CRT Finished Products to Your customers, including consideration or use of the following: (a) formulas; (b) factors such as cost, supply, demand, competitor pricing, market forecasts, and product specifications; (c) price guidelines or price lists; (d) negotiations or negotiated prices; and (e) alternative distribution channels.

2.      Your use of discounts, promotions, rebates or loyalty programs in connection with the sale of CRT Finished Products to Your customers, including how You recorded such discounts or rebates, and the identity and location of Documents or data recording such discounts or rebates.

3.      Your knowledge and understanding of any relationship between the prices at which You purchase CRT Finished Products and the prices at which You sell CRT Finished Products, including, but not limited to, the effects that changes in the prices that You pay to purchase CRT Finished Products have on costs, revenues and profits from Your sales of CRT Finished Products.

4.      Your standards and practices with regard to tracking the purchases and sales of CRT Finished Products for determining the profitability of sales, and for financial reporting purposes.

4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2012, I electronically caused a copy of "Notice of Deposition to Costco Wholesale Corporation" to be served via e-mail upon EWeiss@perkinscoie.com, malioto@tatp.com, bgralewski@kmllp.com, and Paul.Moore@doj.ca.gov, as well as counsel for parties who have entered an appearance in this case.


/s/ David T. Emanuelson
David T. Emanuelson