Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

*Attorneys for Sharp Electronics Corporation and*
*Sharp Electronics Manufacturing Company of America, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-5944-SC MDL No. 1917 |
| | **PLAINTIFFS SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S OBJECTIONS TO ORDER OF SPECIAL MASTER LEGGE STAYING DISCOVERY** |
| This Document Relates to: | |
| *Sharp Electronics Corporation, Sharp Electronics Manufacturing Company of America, Inc. v. Hitachi, Ltd. et al.*, Case No. 13-cv-1173 SC. | |
| | DATE: None Set TIME: None Set COURTROOM: One, 17th Floor JUDGE:  The Honorable Samuel Conti |

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......................................................................................................... ii

STATEMENT OF FACTS ............................................................................................................1

OBJECTIONS TO SPECIAL MASTER'S ORDER.....................................................................3

I.    THE SPECIAL MASTER'S ORDER MISAPPLIED THE LEGAL
      STANDARDS FOR STAYING DISCOVERY ................................................................4

II.   THE STAY OF DISCOVERY PREJUDICES SHARP AND IS NOT
      OUTWEIGHED BY EFFICIENCY ................................................................................9

CONCLUSION............................................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*American Pipe & Constr. Co. v. Utah*,
   414 U.S. 538 (1974)...................................................................................6

*F.T.C. v. AMG Servs., Inc.*,
   No. 12-cv-0536, 2012 WL 3730561 (D. Nev. Aug. 28, 2012)..................4

*Baker v. Ark. Blue Cross*,
   08-cv-3974, 2009 WL 904150 (N.D. Cal. 2009).....................................7

*In re Cathode Ray Tubes Antitrust Litig.*,
   738 F. Supp. 2d 1011 (N.D. Cal. 2010) ...............................................5, 8

*U.S. v. Cheng Yuan Lin*,
   No. 3:09-cr-00131 (N.D. Cal. Feb. 10, 2009)........................................7

*U.S. v. Chung Cheng Yeh*,
   No. 3:10-cv-00231 (N.D. Cal. Mar. 30, 2010) ......................................7

*United States v. Clifford Matley Family Trust*,
   354 F.3d 1154 (9th Cir. 2004) ............................................................3, 4

*In re Flash Memory Antitrust Litig.*,
   No. 07-cv-0086, 2008 WL 62278 (N.D. Cal. Jan. 4, 2008) ...................8

*In re Graphics Processing Units Antitrust Litig.*,
   2007 WL 2127577 (N.D. Cal. July 24, 2007).........................................7

*Gray v. First Winthrop Corp.*,
   133 F.R.D. 39 (N.D. Cal. 1990) .........................................................8, 9

*Huene v. U.S. Dep't of Treasury, I.R.S.*,
   No. 11-cv-2110, 2013 WL 417747 (E.D. Cal. Jan. 31, 2013) .........4, 7, 9

*McCarn v. HSBC USA, Inc.*,
   No. 12-cv-375, 2012 WL 5499433 (E.D. Cal. Nov. 13, 2012)................5

*Mlejnecky v. Olympus Img. Am., Inc.*,
   No. 10-cv-2630, 2011 WL 489743 (E.D. Cal. Feb. 7, 2011) ...............4, 8

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Resource Development Svcs, Inc.*,
   No. 10-cv-1324, 2010 WL 3746290 (N.D. Cal. Sept. 18, 2010)..............5

*OMG Fidelity, Inc. v. Sirius Techs., Inc.*,
   239 F.R.D. 300 (N.D.N.Y. 2006)........................................................10

*Pacific Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
   220 F.R.D. 349 (N.D. Cal. 2003)...........................................................6

*Qwest Comm'ns Corp. v. Herakles, LLC*,
 No. 07-cv-393, 2007 WL 2288299 (E.D. Cal. Aug. 8, 2007)......................................4

*Ray v. Spirit Airlines, Inc.*,
 No. 12-cv-61528, 2012 WL 5471793 (S.D. Fla. Nov. 9, 2012) ...........................10

*Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.*,
 No. 12-cv-5847, 2012 U.S. Dist. LEXIS 61848 (N.D. Cal. Apr. 29, 2013)............................9

*U.S. v. Samsung SDI Co., Ltd.*,
 No. 3:11-cr-00162-WHA, Dkt. 40-1 .......................................................7

*U.S. v. Seung-Kyu Lee*,
 No. 3:10-cr-00817 (N.D. Cal. Nov. 9, 2010) .........................................7

*Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*,
 No. 07-cv-0142, 2007 WL 1146607 (E.D. Cal. Apr. 18, 2007) ........................8

*Shift4 Corp. v. Martin*,
 No. 11-cv-1315, 2012 WL 3206027 (D. Nev. Aug. 3, 2012) ......................4, 6

*Simpson v. Specialty Retail Concepts, Inc.*,
 121 F.R.D. 261 (M.D.N.C. 1988) .......................................................9

*In re Valence Techs. Sec. Litig.*,
 No. 94-cv-1542, 1994 WL 758688 (N.D. Cal. Nov. 18, 1994) (Conti, J.) ...................4, 9

*U.S. v. Wen Jun Cheng*,
 No. 3:09-cr-00836 (N.D. Cal. Aug. 18, 2009) .......................................7

*Young v. U.S.*,
 No. 11-cv-6043, 2013 WL 750646 (W.D. Wash. Feb. 27, 2013) .........................6

**OTHER AUTHORITIES**

European Commission, "Antitrust: Commission fines producers of TV and computer
 monitor tubes €1.47 billion for two decade-long cartels (Dec. 5, 2012), *available at*
 http://europa.eu/rapid/press-release_IP-12-1317_en.htm ....................................1, 7

Fed. R. Civ. P. 53 .......................................................1, 3

- iii -

Pursuant to Rule 53 of the Federal Rules of Civil Procedure and the Court's Order Appointing Special Master Legge, *see* Case No. 07-cv-5944, Dkt. No. 302, Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively, "Sharp") hereby object to the Order of the Special Master staying discovery as to defendant Thomson Consumer Electronics, Inc.

Special Master Legge's Order prejudices Sharp by preventing any discovery from Thomson Consumer for an untold number of months, virtually guaranteeing that Sharp will be unable to proceed with other plaintiffs on a coordinated schedule in this multi-district litigation. The Special Master's Order does not address this potential for substantial prejudice to Sharp or the enormous inefficiencies created by delaying of discovery.  Moreover, the Special Master erred by misapplying the legal standard regarding the relevance of discovery to Thomson Consumer's pending motion to dismiss, the likelihood that Sharp's complaint will survive Thomson Consumer's challenges, and Sharp's ability to amend its complaint to cure any defects following any dismissal.   The Special Master's order should be reversed.

## ISSUES TO BE DECIDED

Whether discovery against Thomson Consumer should be stayed pending resolution of Thomson Consumer's motion to dismiss the Sharp complaint, and whether the Special Master erred by issuing the Order Staying Discovery.

## STATEMENT OF FACTS

Sharp filed, on March 15, 2013, a Complaint against 39 defendants, including France-based Thomson S.A. and its United States subsidiary, Thomson Consumer.  Sharp alleged that the defendants participated in a conspiracy to fix the prices of cathode ray tubes that Sharp purchased in the United States.  Compl. ¶¶ 1-2.  Sharp filed its opt-out complaint before the Court certified any direct or indirect purchaser class and shortly after the European Commission publicly announced that it was fining Thomson S.A. for participating in a global conspiracy to fix the price of CRTs, which it dubbed "among the most organised cartels that the Commission has investigated."

1           Sharp was the first plaintiff in the CRT multidistrict litigation to name Thomson

2    Consumer as a defendant. And although certain plaintiffs named Thomson S.A. in early

3    complaints beginning in January 2008, the class plaintiffs did not include Thomson S.A. as a

4    plaintiff when it filed its consolidated complaint. As a result, to date no Thomson entity has

5    meaningfully participated in the CRT litigation or produced any documents. Meanwhile,

6    discovery in the MDL case has been advancing for several years, with other defendants

7    producing documents, answering interrogatories, and providing witnesses for depositions. *See,*

8    *e.g.*, Case No. 07-5944, Dkt. No. 509 (June 8, 2009).

9           Sharp and Thomson Consumer agreed on briefing deadlines for Thomson

10   Consumer's motion to dismiss. *See* Case No. 13-cv-1173, Dkt. No. 26 (May 1, 2013). For other

11   defendants—which had long been participating in discovery and were continuing to do so—

12   Sharp agreed to postpone the deadline for any motions to dismiss until this Court ruled on

13   motions to dismiss these same defendants had filed as to other direct action plaintiffs. *See* Dkt.

14   No. 25 (Apr. 24, 2013). But because it knew it needed discovery from Thomson Consumer—

15   who had not previously been in the case—Sharp sought a prompt resolution of Thomson

16   Consumer's motion to dismiss, with an agreed-upon date for a hearing on July 23, 2013.

17          Thomson Consumer moved to dismiss Sharp's complaint, arguing that Sharp's

18   claims were time-barred, that the complaint failed to state a claim, and that all claims should be

19   dismissed for lack of subject matter jurisdiction. *See* Dkt. No. 30. As Sharp argued in its

20   opposition brief, *see* Dkt. No. 34, each of those arguments must fail on the basis of binding

21   precedent and this Court's previous decisions rejecting identical arguments.

22          Upon completion of briefing on the motion to dismiss, Sharp sought to begin

23   discovery against Thomson Consumer in order to move forward with prosecuting its case.

24   Thomson Consumer argued that, until the Court ruled on its motion to dismiss, discovery was

25   premature. Meanwhile, a group of other defendants petitioned the Special Master to postpone

26   the July 23, 2013 motion to dismiss hearing that Thomson Consumer and Sharp had agreed

27   upon. Those other defendants argued that the Court should not hear Thomson Consumer's

28   motion to dismiss Sharp's complaint until they also filed their motions so that they could be

heard at the same time—even though other defendants' motions to dismiss would be many months away.  Sharp made clear that it opposed postponing the hearing if doing so would delay its ability to get discovery against Thomson Consumer promptly.  Thomson Consumer, as a new defendant, was differently-situated from the other defendants that have been participating in MDL discovery.  But over Sharp's objection, on June 28, 2013, the Special Master vacated the July 23, 2013 hearing date, ordering that the hearing be rescheduled only after a ruling by the Court on the motions to dismiss Direct Action Plaintiffs' complaints and after other defendants filed their motions to dismiss Sharp's complaint.  This will not occur for many months.

After unsuccessfully attempting to resolve with Thomson Consumer this dispute about when discovery should begin, Sharp petitioned the Special Master to order that discovery proceed even while Thomson Consumer's motion to dismiss pended.  *See* Benson Decl., Ex. 2; *see also* Exs. 3 and 4.  Following briefing, but without any argument, the Special Master issued an order staying discovery at least until this Court ruled on the outstanding motions to dismiss the Direct Action complaints.  *See* Benson Decl., Ex. 1.  The Special Master did not articulate a legal standard, noting only that "numerous courts have stayed discovery pending the resolution of potentially dispositive motions."  *Id.* at 2.  He further reasoned that, because the motion is a "dispositive motion" asserting a statute-of-limitations argument, and because "the motion can be decided without discovery," a stay would avoid "wasted" discovery.  *Id.* The only thing the Special Master said about whether Sharp would be prejudiced by such a stay is that no discovery would be lost in the intervening months.  *Id.* at 3.

## <u>OBJECTIONS TO SPECIAL MASTER'S ORDER</u>

Sharp objects to the Special Master's Order on two grounds.  **First,** the Special Master misapplied the relevant legal standards in staying discovery, an error that warrants reversal after *de novo* review.  Fed. R. Civ. P. 53(f); Order Appointing Special Master ¶ 18, No. 07-cv-5944, Dkt. No. 302 (conclusions of law reviewed *de novo*).  *See also United States v. Clifford Matley Family Trust*, 354 F.3d 1154, 1156, 1163 (9th Cir. 2004) (reversing special master's ruling, and district court's adoption of that ruling, where special master applied "an incorrect legal standard").  The Special Master also abused his discretion by denying discovery

that is directly relevant to the arguments made in Thomson Consumer's motion to dismiss.
*Shift4 Corp. v. Martin*, No. 11-cv-1315, 2012 WL 3206027, at \*2 (D. Nev. Aug. 3, 2012) (citing
*Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).  **Second,** the
Special Master ignored efficiency concerns and the substantial prejudice to Sharp in granting a
months-long stay of discovery.  In reviewing the Special Master's order *de novo*, the Court
should weigh all of the relevant considerations of efficiency and prejudice and reverse the
Special Master's order.

## I.   THE SPECIAL MASTER'S ORDER MISAPPLIED THE LEGAL STANDARDS FOR STAYING DISCOVERY

As Sharp argued before the Special Master below, a stay of discovery is
inappropriate here.  Courts disfavor stays of discovery, and the Federal Rules of Civil Procedure
permit no such "automatic" stays merely based on the filing of a dispositive motion.  *Mlejnecky*
No. 10-cv-2630, 2011 WL 489743, at \*6 (E.D. Cal. Feb. 7, 2011);  *In re Valence Techs. Sec.
Litig.*, No. 94-cv-1542, 1994 WL 758688, at \*2 (N.D. Cal. Nov. 18, 1994) (Conti, J.) ("[C]ourts
have not looked favorably upon granting a blanket stay of discovery pending resolution of a
challenge to the legal sufficiency of a plaintiff's complaint.").  To evaluate a request for a
discovery stay during the pendency of a motion to dismiss, courts within the Ninth Circuit have
considered three factors:  whether (1) the motion to dismiss is dispositive; (2) discovery is
necessary or relevant to resolve the motion; and (3) the party requesting the stay has "convinced"
the court that "the plaintiff will be unable to state [a] claim for relief."  *See Huene v. U.S. Dep't
of Treasury, I.R.S.*, No. 11-cv-2110, 2013 WL 417747, at \*8 (E.D. Cal. Jan. 31, 2013); *F.T.C. v.
AMG Servs., Inc.*, No. 12-cv-0536, 2012 WL 3730561, at \*4 (D. Nev. Aug. 28, 2012); *Qwest
Comm'ns Corp. v. Herakles, LLC*, No. 07-cv-393, 2007 WL 2288299, at \*2-\*3 (E.D. Cal. Aug.
8, 2007).  The Special Master misapplied each of these three elements. *Clifford Matley Family
Trust*, 354 F.3d at 1156, 1163.

**Is this motion dispositive?**  In determining the dispositive nature of the motion,
courts consider "the likelihood that leave to amend will be granted."  *Qwest Comm'ns Corp.*,
2007 WL 2288299, at \*2; *see also Mlejnecky*, 2011 WL 486743 at \*9 (likely grant of leave to

- 4 -

1    amend weighed against staying discovery); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v.*

2    *Resource Development Svcs, Inc.*, No. 10-cv-1324, 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18,

3    2010) (finding that motion to dismiss was not potentially dispositive where leave to amend could

4    be granted).  Here, there is no basis for dismissing Sharp's complaint that would require a

5    dismissal with prejudice.  *See* Benson Decl., Ex. 2, at 4.

6            Thomson Consumer argued that because it raises a statute of limitations defense,

7    leave to amend would be futile.  *See* Benson Decl., Ex. 3, at 5.  However, Thomson Consumer's

8    statutes of limitation defense is based on its assertion that, when Thomson S.A. sold its CRT

9    assets in 2005, it "exited the CRT industry" and thereby withdrew from the conspiracy Sharp

10   alleges.  *Id.*  But as Sharp explained in its opposition to Thomson Consumer's motion to dismiss,

11   Sharp's allegations regarding the sale of the CRT business do not establish as a matter of law

12   that Thomson Consumer withdrew from the conspiracy, because they do not establish that

13   Thomson had, for instance, no continuing interest in the CRT business.  *See* No. 07-cv-5944,

14   Dkt. No. 1744, at 9.  In any event, even if the Court concluded that the allegations suggest that

15   Thomson withdrew from the conspiracy, leave to amend would not be futile here.  Sharp would

16   allege in an amended complaint that when Thomson S.A. sold its CRT business to a company

17   called Videocon, it also acquired an ownership interest in Videocon and thereby retained an

18   interest in the CRT business.  *See* Benson Decl., Ex. 5, Thomson S.A. 2006 Annual Report at 41-

19   42 (May 11, 2007) (noting that in 2005 Thomson acquired 13.1% of Videocon's shares for a

20   value of €240 million)).

21           Moreover, as Sharp also noted in its opposition to Thomson Consumer's motion

22   to dismiss, whether or not Thomson withdrew in 2005, it could still be liable because of

23   fraudulent concealment.  *See, e.g.*, *McCarn v. HSBC USA, Inc.*, No. 12-cv-0375, 2012 WL

24   5499433, at *9 (E.D. Cal. Nov. 13, 2012) (dismissing Real Estate Settlement Procedures Act

25   claims with leave to amend where plaintiff failed to adequately plead fraudulent concealment to

26   toll the statute of limitations).  And although the Court has already found allegations identical to

27   Sharp's to be sufficient under *Twombly*,[1] if, for some reason, the Court finds Sharp's allegations

28
     _____

     [1] *See In re Cathode Ray Tubes Antitrust Litig.*, 738 F. Supp. 2d 1011, 1016-17 (N.D. Cal. 2010).

1   lacking in requisite specificity, it should nonetheless grant leave to amend as the Court in

2   *McCarn* did.

3            The Special Master gave no consideration to the applicable legal standard and to

4   Sharp's arguments that the Court may grant leave to amend.  He determined, instead, without

5   explanation or analysis, that Thomson Consumer's motion to dismiss is dispositive, "particularly

6   with respect to the statutes of limitation."  Benson Decl., Ex. 1, at 2.  The Special Master's legal

7   conclusion that Thomson Consumer's motion is dispositive should be reviewed *de novo* and

8   overturned.

9            **Is discovery relevant to the motion?**  As to the second element, Courts within

10   the Ninth Circuit have stated that a court "abuses its discretion if it prevents a party from

11   conducting discovery *relevant* to a potentially dispositive motion."  *See Shift4 Corp.*, 2012 WL

12   3206027, at *2 (emphasis added) (citing *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d

13   378, 383 (9th Cir. 1993) (stay of discovery is "improper" if "the discovery sought [i]s relevant

14   to" the dispositive motion)); *Young v. U.S.*, No. 11-cv-6043, 2013 WL 750646, at *1 (W.D.

15   Wash. Feb. 27, 2013) (same); *Pacific Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,

16   220 F.R.D. 349, 352 (N.D. Cal. 2003) ("Denying a protective order is particularly appropriate if

17   a stay of discovery could preclude either party from *fully preparing* for the pending dispositive

18   motion.") (emphasis added).  The Special Master abused his discretion here in staying discovery

19   even where Sharp has indicated that discovery would be directly relevant to Thomson

20   Consumer's motion.

21            *American Pipe* stands for the proposition that the filing of a class complaint tolls

22   the limitations period against various entities.[2]  Thomson Consumer argued in its motion to

23   dismiss that Sharp's limitations period against it had run, notwithstanding *American Pipe* tolling,

24   because only Thomson SA—but not Thomson Consumer—was named in the early class

25   complaints in 2008.  Sharp noted in its opposition that statutes of limitations are meant to ensure

26   that defendants have timely notice of claims against them, and that authority supports the

27   proposition that *American Pipe* tolls a limitations period against a subsidiary, where a parent is

28   _____
[2] *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).

named in a lawsuit and so the subsidiary has notice of the claims.  *See* Case No. 07-cv-5944,

Dkt. No. 1744, at 15-16 (citing authority).   Sharp also observed that discovery into when

Thomson Consumer had notice of claims against it would be directly relevant, then, to Thomson

Consumer's limitations argument.  *Id.* at 16.  Moreover, in its recently-filed opposition to

Thomson S.A.'s motion to dismiss, Sharp is also requesting discovery to address Thomson

S.A.'s personal jurisdiction defense.  *See*  Case No. 07-cv-5944, Dkt. No. 1835.  Some of this

discovery pertains directly to Thomson Consumer, such as Thomson S.A.'s control over

Thomson Consumer's CRT operations in the U.S., and may be in its possession.  The Special

Master erred by not addressing these arguments at all, and instead stating, without elaboration,

that the motion to dismiss "can be decided without discovery."  Benson Decl., Ex. 1, at 2.

**Can Sharp state a claim?**  As to the third element, courts within the Ninth

Circuit take a "peek" at the merits of the dispositive motion and permit discovery unless

"convinced that a plaintiff will be unable to state a claim for relief."  *Huene*, 2013 WL 417747,

at *8; *Baker v. Ark. Blue Cross*, No. 08-cv-3974, 2009 WL 904150, at *1 (N.D. Cal. Mar. 31,

2009) (denying stay of discovery where it was "not clear that Plaintiffs will fail to state a claim")

(citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)).  Discovery should "ordinarily

proceed despite any pending motion to dismiss" where the complaint can be substantiated, as

when "guilty pleas have already been entered in a parallel criminal case."  *In re Graphics

Processing Units Antitrust Litig.*, No. 06-cv-7417, 2007 WL 2127577, at *5 (N.D. Cal. July 24,

2007).  Here, there is ample support for Sharp's allegations.  The Department of Justice has

indicted four individuals for involvement in the CRT conspiracy.[3]  Defendant Samsung SDI pled

guilty to participating in the conspiracy.[4]  The European Commission found that Thomson S.A.

participated in a "worldwide" CRT conspiracy, which was "among the most organised . . . that

---

[3] *See* Indictment of C.Y. Lin, *U.S. v. Cheng Yuan Lin*, No. 3:09-cr-00131 (N.D. Cal. Feb. 10, 2009); Indictment of Wen Jun Cheng, *U.S. v. Wen Jun Cheng*, No. 3:09-cr-00836 (N.D. Cal. Aug. 18, 2009); Indictment of C.C. Yeh, *U.S. v. Chung Cheng Yeh*, No. 3:10-cv-00231 (N.D. Cal. Mar. 30, 2010); Indictment of Seung-Kyu Lee, Yeong-Ug Yang, and Jae-Sik Kim, *U.S. v. Seung-Kyu Lee*, No. 3:10-cr-00817 (N.D. Cal. Nov. 9, 2010).

[4] *U.S. v. Samsung SDI Co., Ltd.*, No. 3:11-cr-00162-WHA, Dkt. 40-1.

the Commission has investigated."[5]  Against this backdrop, Sharp's complaint can hardly be considered to be "utterly frivolous" or merely a "fishing expedition."  *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).  To the contrary, Sharp's complaint will withstand *Twombly* scrutiny, as complaints virtually identical to it already have.[6]  As such, Thomson Consumer cannot show "by clear and convincing evidence that it will prevail on the merits of its dispositive motion," as required in order to obtain a stay of discovery.  *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, No. 07-cv-0142, 2007 WL 1146607, at *2 (E.D. Cal. Apr. 18, 2007).  That this is an antitrust case does not change the analysis.  *See* Benson Decl., Ex. 4, at 2; *Mlejnecky*, 2011 WL 489743, at n.12 ("*Twombly* does not, as a general matter, support a stay of discovery"); *In re Flash Memory Antitrust Litig.*, No. 07-cv-0086, 2008 WL 62278, at *3 (N.D. Cal. Jan. 4, 2008) ("The [*Twombly*] Court did not hold, implicitly or otherwise, that discovery in antitrust actions is stayed or abated until after a complaint survives a Rule 12(b)(6) challenge.").

To conclude that Sharp cannot state a claim, Special Master Legge relied on the fact that Thomson Consumer made a statute of limitations defense.  Benson Decl., Ex. 1, at 2.  Its defense, as noted earlier, is based on Thomson Consumer's position that Thomson S.A. "exited" the CRT business in 2005 and therefore withdrew from the conspiracy more than four years before Sharp filed its complaints.  As explained above, this argument fails for at least two reasons.  Thomson never in fact fully exited the CRT business, because it retained an ownership interest in Videocon, the company to whom it sold its CRT assets.  But even if Thomson Consumer had withdrawn, that would not be sufficient to toll the statute of limitations, as the fraudulent concealment doctrine applies despite effective withdrawal.  *See* Case No. 07-cv-5944, Dkt. No. 1744, at 9-10.   Accordingly, the Special Master erred in concluding that Sharp is unlikely to be able to state a claim.

---

[5] *See* European Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes €1.47 billion for two decade-long cartels (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

[6] *See In re Cathode Ray Tubes Antitrust Litig.*, 738 F. Supp. 2d at 1016-17.

- 8 -

## II.  THE STAY OF DISCOVERY PREJUDICES SHARP AND IS NOT OUTWEIGHED BY EFFICIENCY

An extended stay of discovery will severely prejudice Sharp, and that prejudice is not outweighed by any prejudice to Thomson Consumer or any countervailing efficiencies. Courts within the Ninth Circuit apply a demanding standard before staying discovery, requiring that the party requesting the stay make a "clear" or "strong" showing of "particular and specific need" for the stay.  *In re Valence Tech. Sec. Litig.*, 1994 WL 758688, at *2 ("[D]efendant must make a clear showing of hardship or inequity to justify a blanket stay of discovery pending resolution of a challenge on the pleadings."); *Gray*, 133 F.R.D. at 40 (requiring a "strong showing" of a "particular and specific need").  Thomson Consumer has made no such showing.

Thomson Consumer has argued only that, absent a stay, it would be "forced to incur the costs and burdens associated with discovery," *see* Benson Decl., Ex. 3, at 2.  As a threshold matter, that a stay of discovery would "promote efficiency" and "avoid[] costly discovery" is insufficient to meet the "showing of particular and specific need required" to obtain a stay.  *Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.*, No. 12-cv-5847, 2013 U.S. Dist. LEXIS 61848, at *7 (N.D. Cal. Apr. 29, 2013) (internal quotations omitted).  These sorts of "stereotyped and conclusory statements" are not enough.  *Gray*, 133 F.R.D. at 40.  But more importantly, any costs and burden to Thomson Consumer are likely to be incurred regardless because, as noted above, even if Thomson Consumer prevails on its motion to dismiss, Sharp should "be granted leave to plead anew."  *In re Valence Tech. Sec. Litig.*, 1994 WL 758688, at *2.

In any event, the harm (if any) to Thomson Consumer must be weighed against the inefficiency of delaying discovery and the resulting burden on and prejudice to Sharp.  As this District Court has recognized, "[a]n overly lenient standard for granting motions to stay discovery due to pending dispositive motions would result in unnecessary delay in many cases." *Huene*, 2013 WL 417747, at *8; *see also Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988) ("[M]otions [to stay discovery] are not favored because when discovery is delayed or prolonged, it can create case management problems which impede the Court's responsibility to expedite discovery . . . .").  This is no more true than here.  As noted at

- 9 -

1    pages 3-4, *supra*, the Special Master suspended hearing on Thomson Consumer's motion to

2    dismiss until it can be combined with a hearing on other defendants' joint motions to dismiss

3    Sharp's complaint.  But Thomson Consumer is not similarly-situated with other defendants that

4    have participated in MDL discovery for years.  These defendants' motions have not and will not

5    be filed until after the Court decides those other defendants' motions to dismiss other Direct

6    Action complaints.  After such a ruling, it will take several months for the parties to brief their

7    motions against Sharp, and then several additional months for the parties to submit objections to

8    this Court on the Special Master's report and recommendation, before any ruling becomes final.

9    And the costs of delay are particularly acute in a coordinated action like this one.  Sharp's case

10   would almost certainly be forced to proceed on a different schedule from the other plaintiffs.

11          By failing to acknowledge and consider the impact of this substantial delay on the

12   efficient administration of Sharp's case, the Special Master erred.

13          The Special Master also erred by failing to appropriately consider the prejudice to

14   Sharp.  *Ray v. Spirit Airlines, Inc.*, No. 12-cv-61528, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9,

15   2012) ("The court must also weigh the harm produced by a delay in discovery" which can

16   "create case management and scheduling problems and unfairly hold up the prosecution of the

17   case."); *OMG Fidelity, Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 304-05 (N.D.N.Y. 2006) ("The

18   court must also consider any unfair prejudice which may be suffered by the party seeking to

19   engage in discovery during the pendency of the dismissal motion.") (citation omitted)).  To the

20   extent that the Special Master addressed prejudice to Sharp at all, he noted only that a stay

21   "should not be prejudicial to Sharp" because there is "no reason to believe that any additional

22   evidence . . . would be lost" during a stay.  Benson Decl., Ex. 1, at 2-3.  Whether or not this is

23   true, this is not the prejudice that Sharp argued it would face.  Delay from a stay of discovery

24   would impede Sharp's ability to timely prosecute its case—not only against Thomson Consumer

25   but also against other defendants.  *See* Benson Decl., Ex. 2, at 5; *id.*, Ex. 4, at 3.  Evidence from

26   Thomson Consumer would assist in establishing other defendants' involvement in the

27   conspiracy, and data from all defendants is necessary for development of Sharp's expert reports.

28   A delay in discovery from Thomson Consumer would thus prejudice prosecution of all of

- 10 -

1   Sharp's claims.  In reviewing the Special Master's order, the Court should take into

2   consideration the full extent of the prejudice against Sharp in staying discovery.

3                                    **<u>CONCLUSION</u>**

4              For the reasons stated above, the Court should review the Special Master's

5   decision *de novo* and, in applying the correct legal standards and weighing concerns of efficiency

6   and prejudice, grant discovery against Thomson Consumer notwithstanding the pending motion

7   to dismiss.

8

9   DATED:  August 9, 2013              By: /s/  *Craig A. Benson*
    _____

10                                      Stephen E. Taylor (SBN 058452)
                                        Jonathan A. Patchen (SBN 237346)
11                                      TAYLOR & COMPANY LAW OFFICES, LLP
                                        One Ferry Building, Suite 355
12                                      San Francisco, California 94111
                                        Telephone:  (415) 788-8200
13                                      Facsimile:  (415) 788-8208
                                        Email: staylor@tcolaw.com
14                                      Email: jpatchen@tcolaw.com

15                                      Kenneth A. Gallo (*pro hac vice*)
                                        Joseph J. Simons (*pro hac vice*)
16                                      Craig A. Benson (*pro hac vice*)
                                        PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP
17                                      2001 K Street, NW
                                        Washington, DC  20006
18                                      Telephone: (202) 223-7300
                                        Facsimile: (202) 223-7420
19                                      kgallo@paulweiss.com
                                        jsimons@paulweiss.com
20                                      cbenson@paulweiss.com

21                                      *Attorneys for Plaintiffs*

22

23

24

25

26

27

28

                                    - 11 -