# EXHIBIT 1

1    Hon. Charles A. Legge (Ret.)

2    JAMS
Two Embarcadero Center, Suite 1500

3    San Francisco, CA 94111
Telephone: (415) 774-2644

4    Fax: (415) 982-5287
Special Master

5

6

7                   UNITED STATES DISTRICT COURT

8             NORTHERN DISTRICT OF CALIFORNIA

9                  SAN FRANCISCO DIVISION

10

11

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | **Case No. 3:07-cv-05944-SC** |
| | **MDL No. 1917** |
| This Document Relates to: | **JAMS Ref. No. 1100054618** |
| *Sharp Electronics Corp. et al. v. Thomson Consumer Electronics, Inc.* | **ORDER STAYING DISCOVERY** |
| Direct Action Cases | |

12

13

14

15

16

17

18

19

20       Thomson Consumer Electronics, Inc. (Thomson) was added to this litigation by Sharp

21 Electronics on March 15, 2013. Before that date Thomson had not been a party to any of these

22 Cathode Ray Tube Antitrust Litigation cases. Thomson timely filed a motion to dismiss, which

23 has been briefed and is awaiting a hearing. However, the hearing is to be rescheduled after the

24 Honorable Samuel Conti rules on the pending appeals of the special master's order on the

25 motions to dismiss of other defendants in the direct action cases.

26       Sharp seeks an order scheduling its discovery against Thomson, to commence

27 immediately notwithstanding the pendency of the motion to dismiss. Thomson opposes and

28 seeks a stay of discovery until resolution of its motion to dismiss. A stay may not be appropriate

1

1   for quite that long. When Judge Conti rules on the pending appeals of the other defendants,

2   some or all of the grounds for the motion asserted by Thomson may be resolved without the

3   necessity for actually hearing Thomson's motion. But that cannot be determined now.

4        Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that a district court may

5   control the schedule of the discovery. And numerous courts have stayed discovery pending the

6   resolution of potentially dispositive motions, including motions to dismiss. See *Netflix Antitrust*

7   *Litigation*, 506 F. Supp. 2d. 308 (N.D. Cal. 2007); *Jarvis v. Regan*, 833 F.2d. 149 (9th Cir.

8   1987); *Rutman Wine Co. v. E. and S. Gallo Winery*, 329 F.2d. 729 (9th Cir. 1987).

9        The special master concludes that the discovery against Thomson should be stayed

10  pending Thomson's motion to dismiss. This result is particularly appropriate where the motions

11  to dismiss similar allegations are pending before Judge Conti. It is even more appropriate when

12  the grounds for some of the motions are based upon statutes of limitation. The special master

13  has recommended the dismissal of two complaints on that ground, and the facts alleged in

14  Sharp's complaint against Thomson allege that Thomson closed its U.S.-based manufacturing

15  plants in 2004 and sold its CRT business in 2005. That is eight years prior to the complaint by

16  Sharp against Thomson, and two years prior to the same allegations against Phillips and the LG

17  defendants.

18       The courts within the Ninth Circuit do not appear to have designed a single standard for

19  staying discovery during the pendency of a dispositive motion. But certain principles have been

20  stated. One is that the pending motion must be potentially dispositive of the entire case, or at

21  least major issues. That is true here, particularly with respect to the statutes of limitation. A

22  second principle is that the motion can be decided without discovery. That is again true of

23  Thomson's motion, as evidenced by the fact that the special master has recommended the

24  granting of the dismissal motions of certain other defendants.

25       Litigation economy also counsels awaiting the results of the dismissal motions. The

26  discovery which Sharp seeks will be extensive, essentially trying to play "catch up" with all of

27  the discovery produced by other defendants. Some or all of that might well be eliminated by

28  Judge Conti's rulings on the pending motions to dismiss. And waiting for at least the decision by

1  Judge Conti should not be prejudicial to Sharp.  There is no reason to believe that any additional
2  evidence, which is now at least eight years old, would be lost by waiting a few more weeks or
3  months.

4       It is therefore ordered that Sharp's request for immediate discovery is denied, and Sharp's
5  discovery against Thomson is stayed until there is a ruling on Thomson's motion to dismiss.
6  Provided, however, that after Judge Conti enters an order on the pending appeals of the other
7  dismissal motions, the parties may request reconsideration of the stay granted in this order.

8

9       IT IS SO ORDERED.

10

11

12  Dated: August ___1___, 2013

13                                                 _____
                                                   Hon. Charles Legge (Ret.)
                                                   Special Master

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3