# EXHIBIT 3

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-310-712-6600
FACSIMILE: 1-310-712-8800
WWW.SULLCROM.COM

*1888 Century Park East*
*Los Angeles, California 90067-1725*

NEW YORK • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

July 19, 2013

<u>Via CM/ECF and E-mail</u>

Hon. Charles A. Legge (Ret.),
    JAMS,
        Two Embarcadero Center, Suite 1500,
           San Francisco, California 94111.

        Re:    *In re CRT Antitrust Litigation*, No. 07-cv-05944, MDL No. 1917
             <u>*Sharp Electronics Corp.* v. *Hitachi, Ltd.*, No. 13-cv-01173</u>

Dear Special Master Legge:

        On behalf of Defendant Thomson Consumer Electronics, Inc. ("Thomson Consumer"), we respectfully submit this letter in opposition to the July 5, 2013 request by Plaintiffs Sharp Electronics Corp. and Sharp Electronics Manufacturing Company of America, Inc. (collectively, "Sharp") for an order permitting discovery to proceed between Thomson Consumer and Sharp prior to the resolution of Thomson Consumer's Motion to Dismiss ("Motion to Dismiss" or "Motion") (Dkt. No. 1677[1]). For the reasons set forth below, the Court should deny Sharp's request and stay discovery until an order is entered on the Motion.

        Sharp's position is inconsistent with both Rule 12, Fed. R. Civ. P., as well as Supreme Court and Ninth Circuit policy. *See Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 558 (2007) ("[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." (Quoting *Associated Gen. Contractors of Cal., Inc.* v. *Carpenters*, 459 U.S. 519, 528 n.17 (1983)); *Little* v. *City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1989) (finding that a stay of discovery pending the resolution of a potentially dispositive motion may "further[] the goal of efficiency for the court and litigants"). According to the Ninth Circuit, "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs

---

[1] All docket references are to the master docket for *In re CRT Antitrust Litigation*, MDL No. 1917, No. 07-cv-05944.

Hon. Charles A. Legge (Ret.)                                                                                      -2-

can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

As explained in the Motion to Dismiss (which is now fully briefed[2]), Sharp's claims are time-barred for the same reason Your Honor concluded that the claims against the Philips and LG Defendants were time-barred in the recent Report and Recommendations Regarding Defendants' Motions to Dismiss Direct Action Complaints (the "R&R"): Sharp pleads Thomson Consumer sold its CRT business to Videocon in 2005 and thereby withdrew from the alleged conspiracy—eight years before Sharp filed its complaint (Dkt. No. 1604-2) (the "Complaint" or "Compl.") against Thomson Consumer. (*Compare* Motion to Dismiss at 5-7 *with* R&R at 14-15.) Indeed, the facts related to Thomson Consumer's statute-of-limitations argument are even stronger than those Your Honor determined entitled Philips and LG to dismissal from this matter. (*See infra*, Part II.B.1.)

Moreover, while Thomson Consumer would be significantly prejudiced if forced to undertake discovery prior to a ruling on its Motion to Dismiss, Sharp's claimed urgency in obtaining discovery is a problem of its own making. Sharp elected to wait until this litigation had been pending for over five years before filing its opt-out claims and at the same time decided to add Thomson Consumer as a defendant for the first time in these CRT cases. Thomson Consumer should not be forced to incur the costs and burdens associated with discovery regarding claims that are time-barred as a result of Sharp's litigation choices.

Accordingly, Sharp's request should be denied and discovery as to Thomson Consumer should be stayed pending resolution of its Motion to Dismiss.[3]

I.    **THOMSON CONSUMER'S RECENT INVOLVEMENT IN THE MDL**

On March 15, 2013, Sharp filed the Complaint against Thomson Consumer, alleging in conclusory fashion that Thomson Consumer "participated in and/or was a party to bilateral and group meetings in which unlawful agreements . . . occurred." (*See* Compl. ¶¶ 187-88.) Thomson Consumer had never before been named as a defendant in any CRT antitrust action. On May 17, 2013, Thomson Consumer filed the Motion to Dismiss, arguing that (1) Sharp's claims are time-barred under the applicable statute of

---

[2]     *See* Motion to Dismiss (Dkt. Nos. 1677), Sharp's Opposition to Thomson Consumer's Motion to Dismiss ("Opp.") (Dkt. No. 1744), Thomson Consumer's Reply Memorandum in Support of Motion to Dismiss (Dkt. No. 1769).

[3]     Should Your Honor wish to have this matter briefed further, Thomson Consumer will file a motion for a protective order to stay discovery pursuant to Rule 26(c), Fed. R. Civ. P.

Hon. Charles A. Legge (Ret.) -3-

limitations, (2) Sharp failed to state a federal or state antitrust claim against Thomson Consumer and (3) the Court lacks subject-matter jurisdiction. (*See* Motion at 1.) One month later, on June 17, 2013, Sharp submitted a letter brief requesting the Court order discovery to proceed despite the pending Motion to Dismiss (the "Letter Brief") (Dkt. No. 1766), even while recognizing that "Thomson Consumer . . . has not been a defendant in the MDL previously." (June 17, 2013 letter, Dkt. No. 1766-1.)

## II. DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF THOMSON CONSUMER'S MOTION TO DISMISS

Rule 26(c) of the Federal Rules of Civil Procedure provides, in relevant part, that the district court "may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense [by] . . . specifying terms, including time and place, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1); *see also* Fed. R. Civ. P. 1 (requiring that all rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). Here, all discovery directed to Thomson Consumer should be temporarily stayed pending the resolution of its Motion to Dismiss or, at a minimum, Sharp's request in its July 15, 2013 letter should be denied.

### A. *Federal District Courts Frequently Stay Discovery Pending the Resolution of a Potentially Dispositive Motion*

"District courts have broad discretion to stay discovery pending the resolution of a potentially dispositive motion, including a motion to dismiss." *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007); *see also Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("A district court's decision to allow or deny discovery is reviewable only for abuse of discretion."). Although the Federal Rules of Civil Procedure do not provide for an automatic stay of discovery upon the filing of a motion to dismiss, federal district courts frequently stay discovery pending the resolution of a potentially dispositive motion consistent with the Ninth Circuit's view that such a stay may "further[] the goal of efficiency for the court and litigants."[4] *See Little*, 863 F.2d at 685; *see also, e.g., Universal Trading & Inv. Co. v. Dugsbery, Inc.*, 499 F. App'x 663, 665 n.9 (9th Cir. 2012) (finding no error in district court's grant of protective order staying discovery pending resolution of motion to dismiss); *Duff v. Nevada*, 212 F. App'x

---

[4] This is particularly true when a motion to dismiss challenges a party's inability to sue or be sued. *See, e.g., Cal. Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, No. 10-cv-01207, 2011 WL 130228, at *6-7 (E.D. Cal. Jan. 14, 2011) (staying discovery where defendant argued in motion to dismiss the plaintiff lacked standing); *Morris v. McGrath*, No. 06-cv-05015, 2008 WL 4858493, at *2 (N.D. Cal. Nov. 10, 2008) (staying discovery where defendants argued in motion to dismiss they had qualified immunity).

Hon. Charles A. Legge (Ret.) -4-

676, 676 (9th Cir. 2006) (same); *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (same).

And, courts in this district have stayed discovery in antitrust class actions and multi-district litigation similar to this case.[5] *See, e.g., In re Graphics Processing Units Antitrust Litig.*, No. 06-cv-07417, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) (staying discovery pending the resolution of motions to dismiss—even though "the discovery sought at this time is the same discovery already gathered, assembled, and produced to the government"—because "to allow antitrust discovery prior to sustaining a complaint would defeat one of the rationales of *Twombly*"); *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d at 321 (staying comprehensive discovery pending finalization of pleadings). As the Ninth Circuit has explained,

> The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery. In antitrust cases this procedure especially makes sense because the costs of discovery in such actions are prohibitive. As observed in *Havoco of America, Ltd. v. Shell Oil Co.*, 626 F.2d 549, 553 (7th Cir. 1980), "if the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility." It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.

*Rutman Wine Co.*, 829 F.2d at 738 (internal citations omitted). By comparison, the cases cited in the Letter Brief—with one exception[6]—did not involve antitrust claims and

---

[5] District courts in other circuits have similarly stayed discovery in antitrust multi-district litigation. *See, e.g., In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) ("Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted. . . . [S]uch stays are granted with substantial frequency.").

[6] The one exception—*Rheumatology Diagnostics Laboratory, Inc. v. Aetna, Inc.*, No. 12-cv-05847, 2013 U.S. Dist. LEXIS 61848 (N.D. Cal. Apr. 30, 2013)—involved claims for violations of federal and state antitrust laws against five domestic corporations, but did not present the complexities inherent to this case. Moreover, that Judge Tigar ultimately dismissed all of the plaintiffs' claims less than two months after denying a stay of discovery illustrates precisely why a stay of discovery pending the outcome of Thomson Consumer's Motion to Dismiss is appropriate here. *See Rheumatology Diagnostics Lab.*, 2013 WL 3242245 (N.D. Cal. June 25, 2013).

Hon. Charles A. Legge (Ret.)                                                                                    -5-

therefore do not take into consideration the unique circumstances and the magnitude of discovery presented by this complex, international antitrust action.

### B.  Thomson Consumer Satisfies the Two-Pronged Test Adopted by the Northern District of California

Although the Ninth Circuit has not set forth a specific standard for staying discovery during the pendency of a potentially dispositive motion, federal district courts in California apply variations of a two-pronged test to determine whether discovery should proceed prior to a ruling on a dispositive motion: (1) the "pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed"; and (2) "the court must determine whether the pending dispositive motion can be decided absent discovery." *See, e.g., Hall* v. *Tilton*, No. 07-cv-03233, 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010) (citing *Lowery* v. *Fed. Aviation Admin.*, No. 93-cv-01352, 1994 WL 912632, at *3 (E.D. Cal. Apr. 11, 1994)); *Mlejnecky* v. *Olympus Imaging Am., Inc.*, No. 10-cv-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) (noting that judges in the Eastern and Northern Districts of California "have applied variations of this test with frequency" and collecting cases). Because Thomson Consumer satisfies both requirements, the Court should reject Sharp's request for discovery.

#### 1.  The Pending Motion to Dismiss Is Potentially Dispositive of the Sharp Complaint

If granted, Thomson Consumer's Motion to Dismiss would be dispositive of Sharp's claims. And, it is likely that the motion will be granted: Your Honor has already considered a similar statute-of-limitations argument presented by the Philips and LG Defendants who had ceased participation in the CRT industry with the sale of their CRT businesses in March 2007—more than four years prior to the filing of the complaints those defendants sought to have dismissed—and recommended that "the motion [to dismiss] of Phillips [sic] and LG on the grounds of the statutes of limitations be granted, without leave to amend." (*Compare* R&R at 14-15 *with* Motion at 5-7.)

Sharp pleads in that Thomson Consumer exited the CRT industry in 2005—two years before the Philips and LG Defendants—and, as explained in the Motion to Dismiss, Sharp's stale claims are time-barred. (*See* Motion at 5-6.) If the Court holds, consistent with the R&R, that Thomson Consumer's withdrawal from the conspiracy renders Sharp's claims time-barred, then those claims against Thomson Consumer will be dismissed with prejudice. Accordingly, Thomson Consumer's motion to dismiss satisfies the first prong of the test. *See S.F. Tech.* v. *Kraco Enters. LLC*, No. 11-cv-00355, 2011 WL 2193397, at *3 (N.D. Cal. June 6, 2011) (finding defendant satisfied first prong where granting motion to dismiss "would dispose of this case completely"); *Hall*, 2010 WL 539679, at *2 (finding defendants satisfied first prong where "motion to dismiss, if

Hon. Charles A. Legge (Ret.)                                                                                              -6-

meritorious, will dispose of the entire case" and staying discovery until disposition of the defendants' motion to dismiss).

### 2. The Pending Motion to Dismiss Can Be Decided Absent Discovery

The Motion to Dismiss assumes the truth of all the allegations in the Complaint and raises straightforward legal arguments about the sufficiency of those allegations. Therefore, discovery is not necessary for the Court to decide the Motion to Dismiss, and the second prong is satisfied. *See Jarvis*, 833 F.2d at 155 ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion."); *see also Cal. Sportfishing Protection Alliance*, 2011 WL 130228, at *6-7 (finding second prong satisfied where stay would not "preclude either party from fully preparing for the pending dispositive motion"); *Pac. Lumber Co.*, 220 F.R.D. at 352 (noting that second prong is not satisfied where stay order "could preclude either party from fully preparing for the pending dispositive motion"). Because there can be no argument that discovery is required to decide the Motion to Dismiss—and Sharp has not contended otherwise—Thomson Consumer should not be subjected to the "sprawling, costly, and hugely time-consuming undertaking" of discovery at this stage of this antitrust case. *Twombly*, 550 U.S. at 560 n.6.

### C. Discovery Against Thomson Consumer at This Stage Would Be Prejudicial and Cause Undue Burden and Expense

For the same reasons that Sharp's claims against Thomson Consumer are likely time-barred, discovery as to Thomson Consumer will be particularly onerous. As alleged in the Complaint, Thomson Consumer closed all of its U.S.-based CRT manufacturing plants in 2004 and sold its CRT business in 2005. (*See* Compl. ¶ 73.) This means that nearly all—if not all—relevant personnel have long since left Thomson Consumer, and documents and data in Thomson Consumer's possession will be difficult and costly to locate (and possibly restore) for accessibility and review. In addition, in order to adequately and responsibly respond to any discovery requests, Thomson Consumer would be required to take many time-consuming and costly steps to become familiar with the five-year history of this complex antitrust MDL. Forcing Thomson Consumer to incur such enormous, needless expense, when it may be dismissed from the case in a matter of months, would be fundamentally unfair and unduly prejudicial.[7]

---

[7] At the very least, adjudicating Thomson Consumer's Motion to Dismiss "will shed light on the best course for discovery." *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5 ("After full ventilation of the viability *vel non* of the complaint, we will all be in a much better position to evaluate how much, if any, discovery to allow.").

Hon. Charles A. Legge (Ret.)                                                                     -7-

       Furthermore, Sharp overstates the extent of any prejudice that it would suffer as a result of waiting to take discovery from Thomson Consumer until the Court determines whether its claims are viable. Sharp purports to have "participated meaningfully" in discovery with other parties and has already "gained access to" some discovery related to Thomson Consumer. (Opp. at 5; *see also* Letter Brief at 2 (stating that its proposed discovery requests "track requests that have been served on other defendants in the MDL").) Although Thomson Consumer does not yet have access to all of these productions, it understands that hundreds of thousands of pages of documents have been provided to Sharp. By Sharp's own account, it has not been left without any discovery related to Thomson Consumer pending a ruling on the Motion to Dismiss. (*See* Opp. at 5.)

       For the foregoing reasons, Thomson Consumer respectfully requests that the Court decline Sharp's request for discovery against Thomson Consumer and stay discovery on Sharp's claims against Thomson Consumer until the Court has ruled upon the Motion to Dismiss.

                                        Respectfully submitted,

                                        Robert A. Sacks

cc:    Craig A. Benson (Paul Weiss)