Eliot A. Adelson (State Bar No. 205284)
James Maxwell Cooper (State Bar No. 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice)*
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants,
HITACHI, LTD., HITACHI ASIA, LTD.,
HITACHI AMERICA, LTD., HITACHI
ELECTRONIC DEVICES (USA), INC. AND
HITACHI DISPLAYS, LTD. (n/k/a JAPAN
DISPLAY INC.)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE NO. 3:07-CV-05944-SC |
| | MDL NO. 1917 |
| This Document Relates To: | **DECLARATION OF JAMES MAXWELL COOPER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, Case No. 13-cv-1173 SC | |
| | [Civil L.R. 79-5(d)] |

I, James Maxwell Cooper, declare as follows:

1. I am an associate at the law firm of Kirkland & Ellis LLP, counsel for defendants Hitachi, Ltd. ("HTL"), Hitachi Displays, Ltd. (n/k/a Japan Display Inc.) ("HDP"), Hitachi America, Ltd. ("HAL"), Hitachi Asia, Ltd. ("HAS"), and Hitachi Electronic Devices (USA), Inc. ("HED(US)") (collectively, the "Hitachi Defendants"). I am licensed to practice law in the State of California and admitted to practice before this Court.

2. I make this declaration pursuant to Civil Local Rule 79-5(d) to establish that certain documents containing Highly Confidential information and submitted to the Court by Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. ("Sharp") in connection with Sharp's Opposition to Thomson S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction ("Sharp's Opposition") are sealable. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

3. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (ECF 306).

4. The Hitachi Defendants have produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5. On August 7, 2013, Sharp filed an Administrative Motion to Seal (ECF 1834), and lodged conditionally under seal the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

    (a) Portions of Sharp's Opposition that contain information from documents that the Hitachi Defendants have designated "Highly Confidential;" and

    (b) Exhibits B through R, LL through SS, and UU attached to the Declaration of Craig A. Benson in Support of Sharp's Opposition ("Benson Declaration"), which include documents and responses to interrogatories that the Hitachi Defendants have designated "Highly Confidential."

6. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Hitachi Defendants to provide the basis for the Court to maintain under seal any documents and information designated by the Hitachi Defendants as "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in Sharp's Opposition.

7. Attached as Exhibit H to the Benson Declaration are excerpts from HDP's Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, dated February 10, 2012.

8. Upon information and belief, the document appearing in Exhibit H of the Benson Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about HDP's sales processes, business practices, internal practices, negotiations, confidential business and supply agreements and competitive positions. This document, and the documents it references, describes relationships with companies that remain important to HDP's competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining HDP's business relationships, would cause it harm with respect to its competitors and customers, and would put HDP at a competitive disadvantage.

9. Attached as Exhibit I to the Benson Declaration are excerpts from HDP's Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5, dated April 12, 2013.

10. Upon information and belief, the document appearing in Exhibit I of the Benson Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about HDP's sales processes, business practices, internal practices, negotiations, confidential business and supply agreements and competitive positions. This document, and the documents it references, describes relationships with companies that remain important to HDP's competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining HDP's business relationships, would

1  cause it harm with respect to its competitors and customers, and would put HDP at a competitive
2  disadvantage.

3      11.   Attached as Exhibit SS to the Benson Declaration is a document produced by
4  HED(US) bearing Bates stamp HEDUS-CRT00162777-79.

5      12.   Upon information and belief, the document appearing in full in Exhibit SS of the
6  Benson Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and
7  highly sensitive business information. The document contains, cites, and/or identifies confidential
8  information about HED(US)'s sales processes, business practices, internal practices, negotiations,
9  confidential business and supply agreements and competitive positions. This document describes
10 relationships with companies that remain important to HED(US)'s competitive position. I am
11 informed and believe that this is sensitive information and public disclosure of this information
12 presents a risk of undermining HED(US)'s business relationships, would cause it harm with respect
13 to its competitors and customers, and would put HED(US) at a competitive disadvantage.

14     13.   Sharp's Opposition quotes from or describes documents designated as "Highly
15 Confidential" by the Hitachi Defendants pursuant to the Stipulated Protective Order, including but
16 not limited to Exhibits H, I, and SS. As with the exhibits themselves, I understand that the Hitachi
17 Defendants consider any statements in Sharp's Opposition purporting to summarize the exhibits or
18 any other documents designated "Highly Confidential" by the Hitachi Defendants confidential and
19 proprietary.

20     14.   I am informed and believe that the Hitachi Defendants have taken reasonable steps to
21 preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits H,
22 I, and SS, and quoted, described, or referenced in Sharp's Opposition.

23     I declare under penalty of perjury, under the laws of the United States of America, that the
24 foregoing is true and correct.

25     Executed this 12th day of August, 2013, at San Francisco, California.

26

27                                          */s/ James Maxwell Cooper*
                                         James Maxwell Cooper
28