SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com
              tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. AND
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>Individual Case No. C 13-1173 (SC)<br><br>**DECLARATION OF TYLER M. CUNNINGHAM IN SUPPORT OF SHARP'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Samsung SDI Defendants] |
| This Document Relates to:<br><br>SHARP ELECTRONICS CORP.,<br><br>  Plaintiff,<br><br>  v.<br><br>HITACHI, LTD., et al.,<br><br>  Defendants. | |

SMRH:409910629.1                                       CUNNINGHAM DECLARATION I/S/O SHARP'S
                                                       ADMINISTRATIVE MOTION TO FILE UNDER SEAL

I, TYLER M. CUNNINGHAM, declare as follows:

1. I am a member of the bar of the State of California and an associate with Sheppard, Mullin, Richter & Hampton LLP, counsel of record for defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd. (collectively "SDI") in these actions. I make this declaration in support of plaintiff Sharp Electronics Corp.'s ("Sharp") Administrative Motion to File Under Seal (Dkt. No. 1834) ("Motion to Seal"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306) (the "Protective Order").

3. On August 7, 2013, Sharp filed the Motion to Seal requesting that the Court maintain under seal portions of Sharp's concurrently lodged Opposition to Thomson S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction ("Opposition") and the supporting Declaration of Craig A. Benson ("Benson Declaration"). Sharp concurrently filed redacted versions of the Opposition and Benson Declaration. Dkt. No. 1835. I have reviewed the unredacted versions of Sharp's Opposition, the Benson Declaration, and the attached exhibits, including the portions sought to be maintained under seal.

4. Pursuant to Civil Local Rules 7-11 and 79-5, this Court's General Order No. 62, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Protective Order, I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal the following documents and information designated by SDI as "Confidential" or "Highly Confidential:" Benson Decl. Ex. B (SDCRT-0006632 to 33 and SDCRT-0006632E to 33E); *Id.* Ex. C (Samsung SDI Defendants' Supplemental Response to Direct Purchaser Plaintiffs' First Set

of Interrogatories, Nos. 4 and 5); *Id*. Ex. L (SDCRT-0086490 to 92 and SDCRT-0086490E to 92E); *Id*. Ex. P (SDCRT-0002526 to 28 and SDCRT-0002526E to 28E); *Id*. Ex. Q (SDCRT-0002585 to 87 and SDCRT-0002585E to 87E); and portions of the Opposition that quote from or describe Exhibits B, C, L, P or Q.

5. The Benson Declaration also attaches as Exhibit M a document produced by SDI (SDCRT-0088604 to 28). SDI does not object to the filing of Exhibit M to the Benson Declaration, as well as any portion of the Opposition purporting to discuss or summarize Exhibit M, in the public record.

6. Benson Declaration Exhibits B, L, P and Q are documents that SDI has produced in discovery, and purported English translations. SDI designated these documents "Highly Confidential" under the Protective Order. These documents are internal reports that contain, cite and/or refer to confidential business information about SDI's market analyses, sales strategy, business and supply plans, and relationships with companies that remain important to SDI's competitive position. I am informed and believe that public disclosure of these documents would present a risk of undermining SDI's business relationships, would cause it harm with respect to its competitors and would put SDI at a competitive disadvantage.

7. Benson Declaration Exhibit C is an excerpt from the Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, designated by SDI as "Confidential" under the Protective Order. Exhibit C is a voluminous fifty-six (56) page document lodged under seal by Sharp; however, it is only briefly discussed in the Opposition, at page 3, nn. 2 & 3. Where confidential documents or information are not material to the disposition of the underlying motion, the documents and information should be kept under seal. *See, e.g., The Wilderness Society v. Wisely*, 524 F. Supp. 2d 1285, 1296 (D. Colo. Aug. 6, 2007) (ordering documents to be kept under seal "[b]ecause the Court has not considered the [documents] in reaching its decisions in this case, [thus] there is no public interest to be served by providing access to them"); *McConnell v. Fed. Election Comm.*, 251 F. Supp. 2d 919, 937, 943 (D.D.C. 2003) (ordering documents and information not relied upon by the Court to

be kept under seal); *Ricketts v. AW OF UNICOR*, 2009 WL 2232467, at *1 n.5 (M.D. Penn. July 24, 2009) (same); *Davis v. Miner*, 2007 WL 1237924, at *3 n.8 (M.D. Penn. Apr. 26, 2007) (same).  Exhibit C contains confidential, nonpublic, proprietary and highly sensitive business information about SDI's sales processes, business practices, negotiating tactics and competitive positions, including as to relationships with companies that remain important to SDI's competitive position.  I am informed and believe that public disclosure of this document would present a risk of undermining SDI's business relationships, would cause it harm with respect to its competitors and would put SDI at a competitive disadvantage.   Sealing Exhibit C is particularly appropriate where there is no need to release the entire fifty-six (56) page exhibit.  Moreover, the Court has already ordered that this document be sealed three times.  *See* Order Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents (Dkt. No. 1120); Order Re Administraive Motions to File Under Seal (Dkt. No. 1512); Order Granding Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents (Dkt. No. 1698).

8. Sharp's Opposition quotes from or describes documents or information designated as "Confidential" or "Highly Confidential" by SDI pursuant to the Protective Order, including but not limited to Exhibits B, C, L, P and Q.  As with the exhibits themselves, I understand that the SDI considers any statements in the Opposition purporting to summarize these exhibits or any other documents or information designated "Confidential" or "Highly Confidential" by SDI confidential and proprietary.

9. I am informed and believe that SDI has taken reasonable steps to preserve the confidentiality ofinformation of the type contained, identified, or cited to in Exhibits B, C, L, P and Q to the Benson Declaration and referenced in the Opposition Brief.

10. SDI has narrowly tailored this sealing request to only those exhibits and references thereto necessary to protect their proprietary and sensitive business information.  Accordingly, pursuant to Civil Local Rules 7-11 and 79-5(d), and the Protective Order, for the reasons stated above, SDI requests that the Court maintain under seal Benson Declaration Exhibits B, C, L, P and Q, and portions of the Opposition that quote from or describe those exhibits.

1  
2     I declare under penalty of perjury of the laws of the United States that the foregoing  
3  is true and correct.  
4  
5     Executed on August 13, 2013 at San Francisco, California.  
6  
7                              ___*/s/ Tyler M. Cunningham*___  
8                                    TYLER M. CUNNINGHAM  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28