Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America*
*Information Systems, Inc., Toshiba America*
*Consumer Products, L.L.C., and Toshiba*
*America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

Case No. 07-cv-05944 SC
MDL No. 1917

This Document Relates to:

*Sharp Electronics Corp.*, et al. *v. Hitachi Ltd.*, et al.,
Case No. C 13-1173 SC

**DECLARATION OF DANA E. FOSTER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO FRCP 5.2(e) AND CIVIL LOCAL RULES 7-11 AND 79-5(d)**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

DECLARATION OF DANA E. FOSTER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION
TO SEAL DOCUMENTS PURSUANT TO FRCP 5.2(e) AND CIVIL LOCAL RULES 7-11 AND 79-5(d)
Case No. 07-cv-5944, MDL No. 1917; Case No. 13-cv-1173

I, Dana E. Foster, hereby declare as follows:

1.     I am an attorney with the law firm of White & Case LLP, attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc. (collectively, the "Toshiba Defendants").  I make this declaration in support of the Plaintiffs' Administrative Motion to File Under Seal (Dkt. No. 1834) (the "Motion to Seal").

2.      Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3.     On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order").

4.     The Toshiba Defendants and co-defendants have produced certain documents and information in this action designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5.     On August 7, 2013, Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively, "Sharp") filed the Motion to Seal, in which they asked this Court so seal their Opposition to Thomson S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction ("Sharp's Opposition") and exhibits attached as Exhibits B through R, LL through SS, and UU, or portions thereof, pursuant to FRCP 5.2(e) and Civil Local Rules 7-11 and 79-5(d).

6.     Pursuant to FRCP 5.2(e) and Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 62, Electronic Filing of Documents under Seal, effective May 10, 2010, and the Stipulated Protective Order, the following documents or portions of documents should be maintained under seal and redacted from the Declaration of Craig A. Benson in Support of Plaintiffs' Opposition to Thomson S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction (the "Benson Declaration"):

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

a.  Attached as Exhibit C to the Benson Declaration is an excerpt from Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, dated October 17, 2011, that Samsung SDI has designated as "Confidential" pursuant to the Stipulated Protective Order.

b.  Attached as Exhibit D to the Benson Declaration is an excerpt from Toshiba America Electronic Components, Inc.'s ("TAEC") Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories, dated February 10, 2012, that TAEC has designated as "Confidential" pursuant to the Stipulated Protective Order.

c.  Attached as Exhibit E to the Benson Declaration is an excerpt from Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories, dated February 10, 2012, that Toshiba Corporation has designated as "Confidential" pursuant to the Stipulated Protective Order.

d.  Attached as Exhibit F to the Benson Declaration is an excerpt from the Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (the "Panasonic Entities") to Direct Purchaser Plaintiffs' First Set of Interrogatories, dated November 3, 2011, including attachment, that the Panasonic Entities designated as "Confidential" pursuant to the Stipulated Protective Order.

e.  Attached as Exhibit H to the Benson Declaration is an excerpt from Defendant Hitachi Displays, Ltd.'s ("Hitachi") Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5, dated February 10, 2012, that Hitachi designated as "Highly Confidential" pursuant to the Stipulated Protective Order.

DECLARATION OF DANA E. FOSTER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION
TO SEAL DOCUMENTS PURSUANT TO FRCP 5.2(e) AND CIVIL LOCAL RULES 7-11 AND 79-5(d)
Case No. 07-cv-5944, MDL No. 1917; Case No. 13-cv-1173
3

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

f.   Attached as Exhibit I to the Benson Declaration is an excerpt from Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5, dated April 12, 2013, that Hitachi designated as "Highly Confidential" pursuant to the Stipulated Protective Order.

g.   Attached as Exhibit J to the Benson Declaration is a document produced by TAEC in this litigation, bates-labeled TAEC-CRT-00116979 through TAEC-CRT-00116980, that TAEC has designated "Highly Confidential" pursuant to the Stipulated Protective Order.

h.   Attached as Exhibit L to the Benson Declaration are (1) a document produced by Samsung SDI in this litigation, bates-labeled SDCRT-0086490 through SDCRT-0086492, and (2) an English translation of that document, bates-labeled SDCRT-0086490E through SDCRT-0086492E. Samsung SDI designated the original document "Highly Confidential" pursuant to the Stipulated Protective Order.

i.   Attached as Exhibit N to the Benson Declaration are (1) a document produced by Chunghwa Picture Tubes in this litigation, bates-labeled CHU00031136, and (2) an English translation of that document, bates-labeled CHU00031136.01E through CHU00031136.02E. Chunghwa Picture Tubes designated the original document "Confidential" pursuant to the Stipulated Protective Order.

j.   Attached as Exhibit P to the Benson Declaration are (1) a document produced by Samsung SDI in this litigation, bates-labeled SDCRT-0002526 through SDCRT-0002528, and (2) an English translation of that document, bates-labeled SDCRT-0002526E through SDCRT-0002528E. Samsung SDI designated the original document "Highly Confidential" pursuant to the Stipulated Protective Order.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

k.  Attached as Exhibit Q to the Benson Declaration are (1) a document produced by Samsung SDI in this litigation, bates-labeled SDCRT-0002585 through SDCRT-0002587, and (2) an English translation of that document, bates-labeled SDCRT-0002585E through SDCRT-0002587E. Samsung SDI designated the original document "Highly Confidential" pursuant to the Stipulated Protective Order.

l.  Attached as Exhibit LL to the Benson Declaration is a document produced by TAEC in this litigation, bates-labeled TAEC-CRT-00095077 through TAEC-00095091, which TAEC designated "Highly Confidential" pursuant to the Stipulated Protective Order.

m.  Attached as Exhibit MM to the Benson Declaration is a document produced by TAEC in this litigation, bates-labeled TAEC-CRT-00090061 through TAEC-CRT-00090062, which TAEC designated "Confidential" pursuant to the Stipulated Protective Order.

n.  Attached as Exhibit NN to the Benson Declaration is a document produced by TAEC in this litigation, bates-labeled TAEC-CRT-00095072 through TAEC-CRT-00095076, which TAEC designated "Highly Confidential" pursuant to the Stipulated Protective Order.

o.  Attached as Exhibit OO to the Benson Declaration is a document produced by TAEC in this litigation, bates-labeled TAEC-CRT-00086226, which TAEC designated "Highly Confidential" pursuant to the Stipulated Protective Order.

p.  Attached as Exhibit PP to the Benson Declaration is a document produced by TAEC in this litigation, bates-labeled TAEC-CRT-00094042 through TAEC-CRT-00094043, which TAEC designated "Highly Confidential" pursuant to the Stipulated Protective Order.

q.  Attached as Exhibit QQ to the Benson Declaration is a document produced by TAEC in this litigation, bates-labeled TAEC-CRT-00095092, which

DECLARATION OF DANA E. FOSTER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION
TO SEAL DOCUMENTS PURSUANT TO FRCP 5.2(e) AND CIVIL LOCAL RULES 7-11 AND 79-5(d)
Case No. 07-cv-5944, MDL No. 1917; Case No. 13-cv-1173
5

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   TAEC designated "Confidential" pursuant to the Stipulated Protective

2   Order.

3   r.  Attached as Exhibit RR to the Benson Declaration is a document produced

4   by TAEC in this litigation, bates-labeled TAEC-CRT-00089696 through

5   TAEC-CRT-00089703, which TAEC designated "Highly Confidential"

6   pursuant to the Stipulated Protective Order.

7   s.  Portions of Sharp's Opposition and the Benson Declaration that contain,

8   cite, or identify information or quotations from the above-mentioned

9   exhibits or bates-labeled documents.

10   7.   Pursuant to FRCP 5.2(e) and Civil Local Rules 7-11 and 79-5(d), this Court's

11   General Order No. 62, Electronic Filing of Documents under Seal, effective May 10, 2010,

12   and the Stipulated Protective Order, the portions of Sharp's Opposition to Thomson S.A.'s

13   Motion to Dismiss for Lack of Personal Jurisdiction and the Declaration of Craig A. Benson

14   in Support of Plaintiffs' Opposition to Thomson S.A.'s Motion to Dismiss for Lack of

15   Personal Jurisdiction that contain, cite, or identify information or quotations from any of the

16   above-mentioned exhibits or bates-labeled documents should be maintained under seal and

17   redacted from Sharp's Opposition and the Benson Declaration.

18   8.   Exhibits C, D, E, F, H, I, J, L, N, P, Q, LL, MM, NN, OO, PP, QQ, and RR to

19   the Benson Declaration each has been designated by one of the Toshiba Defendants or co-

20   defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated

21   Protective Order because they contain confidential, nonpublic, and highly sensitive business

22   information.    They contain confidential, non-public information about the Toshiba

23   Defendants' sales practices, business and supply agreements, and competitive positions.  The

24   documents describe relationships with companies — including customers and vendors — that

25   remain important to the Toshiba Defendants' competitive positions.  Upon information and

26   belief, publicly disclosing this sensitive information presents a risk of undermining the

27   Toshiba Defendants'' relationships, would cause harm with respect to the Toshiba

28   Defendants' customers, and would put the Toshiba Defendants at a competitive disadvantage.

DECLARATION OF DANA E. FOSTER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION
TO SEAL DOCUMENTS PURSUANT TO FRCP 5.2(e) AND CIVIL LOCAL RULES 7-11 AND 79-5(d)
Case No. 07-cv-5944, MDL No. 1917; Case No. 13-cv-1173
6

1       9.        Accordingly, pursuant to FRCP 5.2(e) and Civil Local Rules 7-11 and 79-5(d),

2   this Court's General Order No. 62, Electronic Filing of Documents under Seal, effective May

3   10, 2010, and the Stipulated Protective Order, Exhibits C, D, E, F, H, I, J, L, N, P, Q, LL,

4   MM, NN, OO, PP, QQ, and RR to the Benson Declaration should be maintained under seal

5   and redacted from Sharp's Opposition.

6       I declare under penalty of perjury under the laws of the United States of America that

7   the foregoing is true and correct.

8

9       Executed this 13th day of August, 2013, in Washington, D.C.

10

11                                                 */s/ Dana E. Foster*

12                                                 Dana E. Foster

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

DECLARATION OF DANA E. FOSTER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION
TO SEAL DOCUMENTS PURSUANT TO FRCP 5.2(e) AND CIVIL LOCAL RULES 7-11 AND 79-5(d)
Case No. 07-cv-5944, MDL No. 1917; Case No. 13-cv-1173
7

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

On August 13, 2013, I caused a copy of the "DECLARATION OF DANA E. FOSTER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO FRCP 5.2(e) AND CIVIL LOCAL RULES 7-11 AND 79-5(d)" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By:  _/s/ Dana E. Foster_____
       Dana E. Foster (*pro hac vice*)

DECLARATION OF DANA E. FOSTER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION
TO SEAL DOCUMENTS PURSUANT TO FRCP 5.2(e) AND CIVIL LOCAL RULES 7-11 AND 79-5(d)
Case No. 07-cv-5944, MDL No. 1917; Case No. 13-cv-1173

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944 SC MDL No. 1917 |
| This Document Relates to: *Sharp Electronics Corp*., et al. *v. Hitachi Ltd*., et al., Case No. C 13-1173 SC | **[PROPOSED] ORDER GRANTING SHARP'S ADIMINISTRATIVE MOTION TO FILE UNDER SEAL** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Plaintiff Sharp Electronics Corp. and Sharp Electronics Manufacturing Company of America, Inc. ("Sharp") filed an Administrative Motion to File Under Seal pursuant to Civil Local Rule 79-5(d) (Dkt. No. 1834) ("Motion to Seal") related to its Opposition to Thomson S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction ("Opposition"), the supporting Declaration of Craig A. Benson ("Benson Decl."), and the exhibits attached thereto, all of which were lodged conditionally under seal on August 7, 2013.  On August 13, 2013, Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc. (collectively, the "Toshiba Defendants") filed the Declaration of Dana E. Foster in support of the Motion to Seal (the "Foster Declaration"), requesting a narrowly tailored order to maintain certain documents and document excerpts under seal.

The documents at issue are:  Benson Decl. Exs. C (excerpt from Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, designated "Confidential"), D (excerpt from Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories, designated "Confidential"), E (excerpt from Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories, designated "Confidential"), F (excerpt from Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories, designated "Confidential"), H (excerpt from Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs'' First Set of Interrogatories, Interrogatory Nos. 4 and 5, designated "Highly Confidential"), I (excerpt from Defendant Hitachi Displays, Ltd.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5, designated "Highly Confidential"), J

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

(TAEC-CRT-00116979-80, designated "Highly Confidential"), L (SDCRT-0086490-92 and SDCRT-0086490E-92E, designated "Highly Confidential"), N (CHU00031136 and CHU00031136.01E-02E, designated "Confidential"), P (SDCRT-0002526-28 and SDCRT-0002526E-28E, designated "Highly Confidential"), Q (SDCRT-0002585-87 and SDCRT-0002585E-87E, designated "Highly Confidential"), LL (TAEC-CRT-00095077-91, designated "Highly Confidential"), MM (TAEC-CRT-00090061-62, designated "Confidential"), NN (TAEC-CRT-0095072-76, designated "Highly Confidential"), OO (TAEC-CRT-00086226, designated "Highly Confidential"), PP (TAEC-CRT-00094042-43, designated "Highly Confidential"), QQ (TAEC-CRT-00095092, designated "Confidential"), RR (TAEC-CRT-00089696-703, designated "Highly Confidential"), and the portions of the Opposition that quote from or describe Exhibits C, D, E, F, H, I, J, L, N, P, Q, LL, MM, NN, OO, PP, QQ, or RR.

After due consideration of the papers submitted and for good cause, the Court finds that the above materials contain proprietary and sensitive business information, and a substantial probability exists that the Toshiba Defendants would be competitively harmed if the materials were publicly disclosed. The Court also finds that the Toshiba Defendants have narrowly tailored this sealing request to only those exhibits and references thereto necessary to protect their proprietary and sensitive business information. The Court thus finds compelling reasons to maintain under seal the materials described in the Foster Declaration.

**IT IS THEREFORE ORDERED** that the following documents and document excerpts shall be maintained under seal:

    a. Benson Decl. Exs. C, D, E, F, H, I, J, L, N, P, Q, LL, MM, NN, OO, PP, QQ, and RR; and

    b. the portions of the Opposition that quote from or describe Exhibits C, D, E, F, H, I, J, L, N, P, Q, LL, MM, NN, OO, PP, QQ, or RR.

**IT IS FURTHER ORDERED** that, to maintain the effect of the seal under Civil Local Rule 79-5(f), the parties, their counsel, and their declarants shall not publicly

disseminate or discuss any of the sealed documents or their contents absent further order of the Court.

**IT IS SO ORDERED.**

Dated:_____                _____

HONORABLE SAMUEL CONTI
UNITED STATES DISTRICT JUDGE

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005