SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:     415-434-3947
E-mail:          ghalling@sheppardmullin.com
                    jmcginnis@sheppardmullin.com
                    mscarborough@sheppardmullin.com
                    tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TYLER M. CUNNINGHAM IN SUPPORT OF MOTION TO COMPEL DIRECT PURCHASER PLAINTIFFS TO PRODUCE DISCOVERY** |
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | |

I, TYLER M. CUNNINGHAM, do declare and state as follows:

1. I am a member of the bar of the State of California and an associate with Sheppard, Mullin, Richter & Hampton LLP, counsel of record for defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd. in these actions. I make this declaration in support of Samsung SDI America, Inc.'s ("SDIA") motion to compel Direct Purchaser Plaintiffs ("Plaintiffs") to produce discovery. I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

2. On May 8, 2013, SDIA propounded written discovery on Plaintiffs. Specifically, SDIA served its First Set of Document Requests; First Set of Interrogatories; and First Set of Requests for Admission. True and correct copies of SDIA's First Set of Interrogatories and First Set of Requests for Admission (together, "SDIA's Discovery"), are attached hereto as Exhibits A and B, respectively.

3. Plaintiffs requested an additional 30 days to respond to SDIA's Discovery. SDIA granted that request, in exchange for a corresponding extension of the class certification briefing schedule, such that defendants' brief opposing class certification would be due on September 11, 2013. The Court adopted the stipulation. Attached hereto as Exhibit C is a true and correct copy of the Stipulation and Order re DPP Class Certification Briefing Schedule (Dkt. No. 1740).

4. On July 8, 2013, Plaintiffs responded to SDIA's Discovery almost entirely with objections and no substantive responses. Among other things, Plaintiffs objected that SDIA's Discovery was premature contention discovery. True and correct copies of Plaintiffs' Responses to SDIA's First Set of Interrogatories and Plaintiffs' Responses to SDIA's First Set of Requests for Admission (together, Plaintiffs' "Responses") are attached hereto as Exhibits D and E, respectively.

5. On July 9, 2013, I sent a letter to Plaintiffs regarding deficiencies in their

Responses, and requesting to meet and confer. I explained that the information sought by SDIA's Discovery is relevant to class certification issues. A true and correct copy of the letter is attached hereto as Exhibit F.

6. On July 10, 2013, Plaintiffs responded with a letter summarizing their objections to the Discovery, primarily asserting that it constituted premature and improper contention discovery. A true and correct copy of the letter is attached hereto as Exhibit G.

7. On July 11, 2013, I met and conferred telephonically with Messrs. R. Alexander Saveri, Geoffrey Rushing and Travis Manfredi of Saveri & Saveri, representing Plaintiffs. The phone call lasted approximately two hours. On July 16, 2013 I sent a letter to Plaintiffs memorializing the conversation. A true and correct copy of the letter is attached hereto as Exhibit H.

8. On July 18, 2013, Mr. Rushing sent a letter stating that Plaintiffs would provide suppmental responses to SDIA's interrogatories 1, 2, 4 and 7, and "some" unspecified Requests for Admission, within 30 days. A true and correct copy of the letter is attached hereto as Exhibit I.

9. On August 19, 2013, Mr. Rushing sent me an email stating that Plaintiffs needed additional time to respond to SDIA's Discovery, and would provide responses "as soon as they are ready." I responded, explaining again that Defendants required the information for their opposition brief to Plaintiffs' motion seeking class certification, which was due on September 11, 2013. I offered to acquiesce to Plaintiffs' late discovery responses, if Plaintiffs would commit to responding by Monday August 26, and if Plaintiffs would agree to extend the date for defendants' class certification opposition to September 20, 2013. A true and correct copy of that email exchange is attached hereto as Exhibit J. Plaintiffs did not respond.

10. Attached hereto as Exhibit K is a true and correct copy of the Special Master's Report and Recommendation Regarding Discovery Motions (filed Nov. 18, 2010) (Dkt. No. 810).

11. Attached hereto as Exhibit L is a true and correct copy of the Declaration of

1  R. Alexander Saveri in Support of Final Approval of Class Action Settlement with Toshiba (filed
2  July 1, 2013) (Dkt. No. 1757-1).

3        12.    Attached hereto as Exhibit M is a true and correct copy of an Order re
4  Motion for Protective Order By Direct Purchaser Plaintiffs Re Contention Discovery Requests
5  Served By Certain Defendants, entered by Special Master Martin Quinn in *In re TFT-LCD,* MDL
6  No. 1827 (N.D. Cal. dated Nov. 13, 2010) (Dkt. No. 2114).

7        13.    Attached hereto as Exhibit N is a true and correct copy of excerpts from the
8  June 11, 2013 deposition of Hawel A. Hawel, 30(b)(6) representative of Plaintiff and proposed
9  class representative City Electronics.

10        14.    Attached hereto as Exhibit O is a true and correct copy of the Stipulation
11  and Order Concerning Pending Motions re: Finished Products (filed Aug. 26, 2011) (Dkt. No.
12  996).

13        15.    Attached hereto as Exhibit P is a true and correct copy of the Special
14  Master's Report and Recommendations Regarding Defendants' Motions to Dismiss Direct Action
15  Complaints (filed May 12, 2013) (Dkt. No. 1664).

16        16.    Attached hereto as Exhibit Q is a true and correct copy of the Court's Order
17  re Discovery and Case Management Protocol (filed April 3, 2012) (Dkt. No. 1128).

18        17.    I have reviewed Plaintiffs' settlement agreements with the Chunghwa,
19  Philips, LG, Panasonic and Toshiba defendants. Each of these agreements require the settling
20  defendants to cooperate with Plaintiffs.

21      I declare under penalty of perjury of the laws of the United States that the foregoing
22  is true and correct.

23      Executed on Aug. 23, 2013 at San Francisco, California.

                                          */s/ Tyler M. Cunningham*
                                          TYLER M. CUNNINGHAM