# Exhibit A

SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
MONA SOLOUKI, Cal. Bar No. 215145
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Telephone:     (415) 434-9100
Facsimile:     (415) 434-3947
E-mail:        ghalling@sheppardmullin.com
               jmcginnis@sheppardmullin.com
               mscarborough@sheppardmullin.com
               tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**SAMSUNG SDI AMERICA, INC.'S FIRST SET OF INTERROGATORIES TO DIRECT PURCHASER PLAINTIFFS** |
| This DOCUMENT Relates to:<br><br>  DIRECT PURCHASER ACTIONS | |

1    PROPOUNDING PARTY:          SAMSUNG SDI AMERICA, INC.

2    RESPONDING PARTIES:         DIRECT PURCHASER PLAINTIFFS:
                                 Arch Electronics, Inc., Paula Call d.b.a. Poway-
3                                Rancho Bernardo TV, Crago Inc. d/b/a Dash
                                 Computers, Inc., Electronic Design Company,
4                                Hawel A. Hawel d/b/a City Electronics, Meijer.
                                 Inc.  and  Meijer  Distribution,  Inc.,  Nathan
5                                Muchnick, Inc., Orion Home Systems, LLC,
                                 Princeton Display Technologies, Inc., Radio &
6                                TV Equipment, Inc., Royal Data Services, Inc.,
                                 Studio Spectrum, Inc., Wettstein and Sons, Inc.
7
     SET NO.:                    ONE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Samsung SDI America, Inc. hereby requests that each of the Direct Purchaser Plaintiffs serve verified responses to the following first set of interrogatories in compliance with Rule 33 of the Federal Rules of Civil Procedure no later than thirty (30) days after the date of the service hereof.

## I.

## DEFINITIONS

1.      "YOU," "YOUR" and "YOURSELF" means the Plaintiff responding to these interrogatories, as well as any employees, agents, attorneys, representatives, or other persons acting or purporting to act on behalf of the responding Plaintiff.

2.      "COMPLAINT" refers to the Consolidated Amended Complaint filed by Direct-Purchaser Plaintiffs in the Northern District of California, Case No. 07-5944-SC, MDL No. 1917, on or about March 16, 2009, as modified by the Stipulation and Order Concerning Pending Motions Re: Finished Products (Dkt. No. 996).

3.      "CONSPIRATOR" has the same meaning as in the COMPLAINT.

4.      "CONTROL" means to exercise restraint or direction over; dominate, regulate or command; or to have the power or authority to guide or manage.  *See In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 757 (9th Cir. 2012).

5.      "CRT" as used herein refers to CPTs and CDTs, as defined in Paragraph 1 of the COMPLAINT.

6.      "CRT PRODUCT" as used herein refers to electronic devices containing CDTs (such as monitors) and CPTs (such as televisions), as described in Paragraph 1 of the COMPLAINT.

7.      "DEFENDANTS" means the entities enumerated by paragraphs 24 through 80 of the COMPLAINT.

-2-

8.     "DOCUMENT" or "DOCUMENTS" means and refers to all items identified in and within the scope of Fed. R. Civ. P. 34(a) and the 1970 Advisory Committee Note thereto, and all forms of "writings" and "recordings" as defined in Fed. R. Evid. 1001(1), and includes any reduction to tangible form, including computer or magnetic memory or storage, of communications, information, or data, including any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, and including originals, drafts, and non-identical copies, wherever located.  This term includes, but is not limited to, letters, books, contracts, agreements, licenses, assignments, correspondence, computer tapes, computer disks, CD-ROMs, DVDs, printouts, memoranda, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, Trademark Office filings and certificates, emails, website print-outs, notes, telexes, telegrams, telecopies, facsimile reproductions or "faxes," factual compilations, electronic data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, product packaging, graphics, checks, ledgers, sales data, electronic wire transfer documentation, catalogs, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilm, microfiche, films, personnel files, quotes, purchase orders, telephone records, schedules, bids, voice recordings, transcriptions, and lab notebooks.  This definition applies to all DOCUMENTS on the particular subject in your possession, custody or control, or that of your attorneys, agents, employees, officers, directors, or representatives, irrespective of who generated, prepared, or signed the DOCUMENTS.

9.     "EVIDENCE" means DOCUMENTS or percipient witness statements or testimony.

10.     To "IDENTIFY" means:

      a.     With respect to a PERSON, to state the PERSON'S full name and present or last known business address.  With respect to a natural person, additionally, the present or last known place of employment.

-3-

b.   With respect to a DOCUMENT, to state the Bates number; or if the document has no Bates number, then to state the: (i) type of DOCUMENT, (ii) general subject matter; (iii) date of the DOCUMENT; (iv) the author(s), addressee(s) and recipient(s).

c.   With respect to testimony, to state the: (i) name of the witness; (ii) date of the testimony; (iii) the action in which the testimony was recorded; and (iv) the page number(s) of the relevant testimony.

11.   "OWN" or "OWNED" or "OWNERSHIP" when unmodified, means majority ownership.

12.   "PERSON" means any individual or group of individuals, corporation partnership, association, governmental entity, department, commission, bureau or other kind of legal or business entity.

13.   "RELEVANT PERIOD" means the Class Period alleged in paragraph 1 of the COMPLAINT, *i.e.* March 1, 1995 to November 25, 2007.

14.   The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the requests more inclusive.

15.   All nouns in the singular or plural shall be construed in the singular or plural, whichever makes the requests more inclusive.

16.   The use of the past tense of any verb shall include the present tense and vice versa.

17.   The word "any" shall be construed to include "all" and vice versa.

## II.

## INSTRUCTIONS

1.   These interrogatories call for information that is known or is available to YOU as of the time YOU respond to these interrogatories, including information in the possession, custody, or CONTROL of YOUR employees, agents, attorneys, accountants, auditors, investigators, or other professional PERSONS acting under YOUR or YOUR

-4-

1   attorneys' authorization, employment, direction, or CONTROL.

2      2.      If YOU withhold information responsive to these interrogatories by claiming

3   it is privileged or constitutes attorney work product, then YOU must fully comply with all

4   of the requirements of Federal Rule of Civil Procedure 26(b)(5) by providing a privilege

5   and work product log.

6      3.      These interrogatories shall be deemed continuing in accordance with Federal

7   Rule of Civil Procedure 26(e).  The obligations imposed on YOU by that Rule to amend

8   and supplement YOUR answers and to produce additional information in response to these

9   interrogatories are continuing obligations.

10     4.      Each interrogatory is to be answered separately and in order, and shall be

11  construed independently and not by reference to any other interrogatory.

12     5.      When a complete answer to a particular interrogatory is not possible, the

13  interrogatory should be answered to the extent possible and a statement should be made

14  indicating why only a partial answer is given, together with the identity of any

15  DOCUMENTS or sources from which more complete information is obtainable.

16                                  **III.**

17                          **INTERROGATORIES**

18  **INTERROGATORY NO. 1:**

19     Separately IDENTIFY each and every entity that YOU contend participated in the

20  conspiracy that YOU allege in the COMPLAINT, including each individual member of

21  any group of alleged CONSPIRATORS.

22  **INTERROGATORY NO. 2:**

23     Separately for each entity that YOU contend participated in the alleged conspiracy

24  in response to Interrogatory No. 1, IDENTIFY all EVIDENCE upon which YOU intend to

25  rely to prove such participation, including:[1]

26  _____

27  [1] *See* Special Master Martin Quinn's Order re Motion for Protective Order By Direct
    Purchaser Plaintiffs Re Contention Discovery Requests Served By Certain Defendants, *In*

28                                  -5-

1      a.      Each DOCUMENT that YOU contend identifies that entity as a

2              CONSPIRATOR;

3      b.      All testimony that YOU contend identifies that entity as a CONSPIRATOR;

4      c.      Date of each meeting or competitor communication in which YOU contend

5              the entity participated;

6      d.      Location of each alleged meeting, if applicable;

7      e.      Names of each specific corporate entity that YOU allege participated in each

8              meeting or competitor communication;

9      f.      Names of the individuals that YOU allege participated in each meeting or

10             competitor communication; and

11     g.      Whether YOU contend the EVIDENCE reflects an agreement to restrict

12             supply or limit production of CRTs.

13 **INTERROGATORY NO. 3:**

14     If YOU base any claims on purchases of CRT PRODUCTS, IDENTIFY all

15 EVIDENCE upon which YOU intend to rely to prove the identity of the manufacturer of

16 the CRT contained in each CRT PRODUCT YOU purchased that is the subject of YOUR

17 damages claims in this case.

18 **INTERROGATORY NO. 4:**

19     Describe the method by which YOU propose to determine whether the CRT

20 PRODUCTS purchased by YOU and any person YOU seek to represent contain CRTs

21 manufactured by a DEFENDANT or alleged CONSPIRATOR.

22 **INTERROGATORY NO. 5:**

23     Did YOU purchase CRTs or CRT PRODUCTS during the RELEVANT PERIOD

24 from any entity other than the DEFENDANTS?

25     _____

26 *re TFT-LCD (Flat Panel) Antitrust Litig*., MDL No. 1819 (Dkt. No. 2114) (filed Nov. 3,
2010), at 4 ("identification of meetings where DPP's contend that the alleged conspiracy
27 unfolded, while a big job, is sufficiently discrete to be answered and plainly important.").

28                                                   -6-

**INTERROGATORY NO. 6:**

If YOU responded in the affirmative to Interrogatory No. 5, separately for each and every purchase of CRTs or CRT PRODUCTS YOU made during the RELEVANT PERIOD from any entity other than the DEFENDANTS, IDENTIFY:

      a.     The type of CRT (CPT or CDT) or CRT PRODUCT (television or monitor) purchased, including name, part number, or any model number;

      b.     The manufacturer of the CRT or CRT PRODUCT;

      c.     The vendor from whom YOU made the purchase;

      d.     The date of the order;

      e.     The quantity purchased;

      f.     The price per unit;

      g.     The total price paid;

      h.     Any rebates, allowances, or discounts applicable to the purchase;

      i.     The entity and location to which the order was shipped (including the state); and

      j.     The entity and location to which the order was billed (including the state).

**INTERROGATORY NO. 7:**

Do YOU purport to bring a claim – either on YOUR own behalf or on behalf of the purported class members – based on CRT or CRT PRODUCT purchases from any entity other than the alleged CONSPIRATORS identified in response to Interrogatory No. 1?  If so, IDENTIFY each such entity.

**INTERROGATORY NO. 8:**

Separately for each entity identified in YOUR response to Interrogatory No. 7, state whether YOU contend the entity is OWNED or CONTROLLED by a DEFENDANT or an alleged CONSPIRATOR and, if so, IDENTIFY:

      a.     The alleged CONSPIRATOR YOU contend OWNS or CONTROLS the entity; and

-7-

1      b.     All EVIDENCE upon which YOU intend to rely to prove such

2  OWNERSHIP or CONTROL (including the Bates number of each DOCUMENT and/or

3  citation to specific deposition testimony that YOU contend supports YOUR contention).

4  **INTERROGATORY NO. 9:**

5      If YOUR response to any of Samsung SDI America, Inc.'s First Set of Requests for

6  Admission was anything other than an unqualified admission, separately for each Request

7  for Admission IDENTIFY all EVIDENCE upon which YOU intend to rely to support

8  YOUR response.[2]

9  **INTERROGATORY NO. 10:**

10      With respect to YOUR individual claims in this case, do YOU seek to assert a claim

11  for damages based on assignment of rights made to YOU by another entity that purchased

12  any CRTs or CRT PRODUCTS?  If so, list all such entities and IDENTIFY all

13  EVIDENCE upon which YOU intend to rely to prove such assignment of rights.

14

15  DATED:  May 8, 2013

16                   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

17

18               By         */s/ Tyler M. Cunningham*

19                        TYLER M. CUNNINGHAM

20                       Attorneys for Defendants
                     SAMSUNG SDI AMERICA, INC.,

21                       SAMSUNG SDI CO., LTD.,

22                       SAMSUNG SDI (MALAYSIA) SDN. BHD.,
                     SAMSUNG SDI MEXICO S.A. DE C.V.,

23                       SAMSUNG SDI BRASIL LTDA.,

24  ――――――――――――――――

25  [2] *See* Special Master Martin Quinn's Order re Rules For Responding to Reciprocal Written Discovery Requests Regarding The Parties' Contentions, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1819 (Dkt. No. 2576) (filed March 21, 2011) (ordering direct

26  purchaser plaintiffs to "respond now … based on the information and analysis presently available to them" to an interrogatory seeking the bases for plaintiffs' denials of requests

27  for admission, including requests concerning affiliation and control).

28                             -8-

1      SHENZEN SAMSUNG SDI CO., LTD. and
2      TIANJIN SAMSUNG SDI CO., LTD.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-9-

# Exhibit B

1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
     A Limited Liability partnership
2    Including Professional Corporations
   GARY L. HALLING, Cal. Bar No. 66087
3  JAMES L. McGINNIS, Cal. Bar No. 95788
   MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4  MONA SOLOUKI, Cal. Bar No. 215145
   TYLER M. CUNNINGHAM, Cal. Bar No. 243694
5  Four Embarcadero Center, 17th Floor
   San Francisco, CA  94111-4109
6  Telephone:    (415) 434-9100
   Facsimile:    (415) 434-3947
7  E-mail:       ghalling@sheppardmullin.com
                 jmcginnis@sheppardmullin.com
8                mscarborough@sheppardmullin.com
                 tcunningham@sheppardmullin.com
9
   Attorneys for Defendants
10 SAMSUNG SDI AMERICA, INC.,
   SAMSUNG SDI CO., LTD.,
11 SAMSUNG SDI (MALAYSIA) SDN. BHD.,
   SAMSUNG SDI MEXICO S.A. DE C.V.,
12 SAMSUNG SDI BRASIL LTDA.,
   SHENZEN SAMSUNG SDI CO., LTD. and
13 TIANJIN SAMSUNG SDI CO., LTD.

14

15                UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17                   SAN FRANCISCO DIVISION

18

19 In re: CATHODE RAY TUBE (CRT)          Case No. 07-5944 SC
20 ANTITRUST LITIGATION                   MDL No. 1917
21                                        **SAMSUNG SDI AMERICA, INC.'S
                                          FIRST SET OF REQUESTS FOR
22                                        ADMISSION TO DIRECT
   This Document Relates to:             PURCHASER PLAINTIFFS**
23
      DIRECT PURCHASER ACTIONS
24

25

26

27

28

1    PROPOUNDING PARTY:         SAMSUNG SDI AMERICA, INC.

2    RESPONDING PARTIES:        DIRECT PURCHASER PLAINTIFFS:
                                Arch Electronics, Inc., Paula Call d.b.a. Poway-
3                               Rancho Bernardo TV, Crago Inc. d/b/a Dash
                                Computers, Inc., Electronic Design Company,
4                               Hawel A. Hawel d/b/a City Electronics, Meijer.
                                Inc. and Meijer Distribution, Inc., Nathan
5                               Muchnick, Inc., Orion Home Systems, LLC,
                                Princeton Display Technologies, Inc., Radio &
6                               TV Equipment, Inc., Royal Data Services, Inc.,
                                Studio Spectrum, Inc., Wettstein and Sons, Inc.

7    SET NO.:                   ONE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant

2 Samsung SDI America, Inc. hereby requests that each of the Direct Purchaser Plaintiffs

3 serve responses to the following first set of requests for admission (the "Requests") in

4 compliance with Rule 36 of the Federal Rules of Civil Procedure no later than thirty (30)

5 days after the date of the service hereof.

6                                   **I.**

7                             **DEFINITIONS**

8    1.    "YOU," "YOUR" and "YOURSELF" mean the Plaintiff responding to these

9 requests, as well as any employees, agents, attorneys, representatives, or other persons

10 acting or purporting to act on behalf of the responding Plaintiff.

11    2.    "COMPLAINT" means to the Consolidated Amended Complaint filed by

12 Direct-Purchaser Plaintiffs in the Northern District of California, Case No. 07-5944-SC,

13 MDL No. 1917, on or about March 16, 2009, as modified by the Stipulation and Order

14 Concerning Pending Motions Re: Finished Products (Dkt. No. 996).

15    3.    "CONSPIRATOR" has the same meaning as in the COMPLAINT.

16    4.    "CONTROL" means to exercise restraint or direction over; dominate,

17 regulate or command, or to have the power or authority to guide or manage.  *See In re*

18 *ATM Fee Antitrust Litig.*, 686 F.3d 741, 757 (9th Cir. 2012).

19    5.    "CRT" as used herein refers to CPTs and CDTs, as defined in Paragraph 1 of

20 the COMPLAINT.

21    6.    "CRT PRODUCT" as used herein refers to electronic devices containing

22 CDTs (such as monitors) and CPTs (such as televisions), as described in Paragraph 1 of

23 the COMPLAINT.

24    7.    "DEFENDANTS" means the entities enumerated by paragraphs 24 through

25 80 of the COMPLAINT.

26

27

28                                  -2-

8.    "EVIDENCE" means documents or percipient witness statements or testimony.

9.    "OWN" or "OWNED," when unmodified, means majority ownership. However, the terms "partially-owned" or "wholly-owned" have the same meanings as in the COMPLAINT.

10.    "RELEVANT PERIOD" means the Class Period alleged in paragraph 1 of the COMPLAINT, *i.e.* March 1, 1995 to November 25, 2007.

11.    The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the requests more inclusive.

12.    All nouns in the singular or plural shall be construed in the singular or plural, whichever makes the requests more inclusive.

13.    The use of the past tense of any verb shall include the present tense and vice versa.

14.    The word "any" shall be construed to include "all" and vice versa.

## II.

## INSTRUCTIONS

1.    Unless otherwise specified, no request for admission shall be viewed as limiting the scope of any other request for admission.

2.    Each request for admission shall be numbered separately and each response shall be numbered in the same manner and sequence as the corresponding request for admission.

3.    If YOU do not have personal knowledge sufficient to fully respond to a request for admission, YOU should so state, and make a reasonable and good-faith effort to obtain the information by inquiring to other persons, organizations or natural persons.

4.    These requests for admission are continuing in nature and YOU have a continuing obligation to update YOUR responses to these requests for admission so long as the action is pending.

-3-

### III.

### REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU have no EVIDENCE that "Defendant[] Daewoo International … dominated and controlled the policies and affairs of Orion [Electric Company] … relating to the antitrust violations alleged in this complaint" as alleged in paragraph 28 of the COMPLAINT.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU have no EVIDENCE that "Defendant[] Daewoo International … dominated and controlled the policies and affairs of … [Daewoo-Orion Societe Anonyme] relating to the antitrust violations alleged in this complaint" as alleged in paragraph 28 of the COMPLAINT.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU have no EVIDENCE that "Defendant[]… Daewoo Electronics dominated and controlled the policies and affairs of Orion [Electric Company] … relating to the antitrust violations alleged in this complaint" as alleged in paragraph 28 of the COMPLAINT.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU have no EVIDENCE that "Defendant[]… Daewoo Electronics dominated and controlled the policies and affairs of … [Daewoo-Orion Societe Anonyme] relating to the antitrust violations alleged in this complaint" as alleged in paragraph 28 of the COMPLAINT.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU have no EVIDENCE that "Defendant [Irico Group Corporation] dominated and controlled the finances, policies and affairs of [Irico Group Electronics Co., Ltd.] relating to the antitrust violations alleged in this complaint" as alleged in paragraph 38 of the COMPLAINT.

-4-

1   **REQUEST FOR ADMISSION NO. 6:**

2      Admit that YOU have no EVIDENCE that "[Irico Display Devices Co., Ltd.] is a

3   partially-owned subsidiary of Defendant [Irico Group Corporation]" as alleged in

4   paragraph 39 of the COMPLAINT.

5   **REQUEST FOR ADMISSION NO. 7:**

6      Admit that YOU have no EVIDENCE that "Defendant [Irico Group Corporation]

7   dominated and controlled the finances, policies and affairs of [Irico Display Devices Co.,

8   Ltd.] relating to the antitrust violations alleged in this complaint" as alleged in paragraph

9   39 of the COMPLAINT.

10  **REQUEST FOR ADMISSION NO. 8:**

11     Admit that YOU have no EVIDENCE that "[Samsung SDI (Malaysia) Sdn. Bhd.] is

12  a wholly-owned and controlled subsidiary of Defendant [Samsung Electronics Co., Ltd.]"

13  as alleged in paragraph 60 of the COMPLAINT.

14  **REQUEST FOR ADMISSION NO. 9:**

15     Admit that YOU have no EVIDENCE that "Defendant [Samsung Electronics Co.,

16  Ltd.] dominated and controlled the finances, policies and affairs of [Samsung SDI

17  (Malaysia) Sdn. Bhd.] relating to the antitrust violations alleged in this complaint" as

18  alleged in paragraph 60 of the COMPLAINT.

19  **REQUEST FOR ADMISSION NO. 10:**

20     Admit that YOU have no EVIDENCE that "[Samsung SDI Co., Ltd.] is a wholly-

21  owned and controlled subsidiary of Defendant [Samsung Electronics Co., Ltd.]" as alleged

22  in paragraph 61 of the COMPLAINT.

23  **REQUEST FOR ADMISSION NO. 11:**

24     Admit that YOU have no EVIDENCE that "Defendant [Samsung Electronics Co.,

25  Ltd.] dominated and controlled the finances, policies and affairs of "[Samsung SDI Co.,

26  Ltd.] relating to the antitrust violations alleged in this complaint" as alleged in paragraph

27  61 of the COMPLAINT.

28                                      -5-

1  **REQUEST FOR ADMISSION NO. 12:**

2      Admit that YOU have no EVIDENCE that "Defendant [Samsung Electronics Co.,

3  Ltd.] … dominated and controlled the finances, policies and affairs of Samsung [SDI]

4  America relating to the antitrust violations alleged in this complaint" as alleged in

5  paragraph 62 of the COMPLAINT.

6  **REQUEST FOR ADMISSION NO. 13:**

7      Admit that YOU have no EVIDENCE that "Defendant[] [Samsung Electronics Co.,

8  Ltd.] … dominated and controlled the finances, policies and affairs of [Samsung SDI

9  Mexico S.A. de C.V.] relating to the antitrust violations alleged in this complaint" as

10  alleged in paragraph 63 of the COMPLAINT.

11  **REQUEST FOR ADMISSION NO. 14:**

12      Admit that YOU have no EVIDENCE that "Defendant[] [Samsung Electronics Co.,

13  Ltd.] … dominated and controlled the finances, policies and affairs of [Samsung SDI

14  Brasil Ltda.] relating to the antitrust violations alleged in this complaint" as alleged in

15  paragraph 64 of the COMPLAINT.

16  **REQUEST FOR ADMISSION NO. 15:**

17      Admit that YOU have no EVIDENCE that "Defendant[] …[Samsung Electronics

18  Co., Ltd.] dominated and controlled the finances, policies and affairs of [Shenzhen

19  Samsung SDI Co. Ltd.] relating to the antitrust violations alleged in this complaint" as

20  alleged in paragraph 65 of the COMPLAINT.

21  **REQUEST FOR ADMISSION NO. 16:**

22      Admit that YOU have no EVIDENCE that "Defendant[] [Samsung Electronics Co.,

23  Ltd.] … dominated and controlled the finances, policies and affairs of [Tianjin Samsung

24  SDI Co., Ltd.] relating to the antitrust violations alleged in this complaint" as alleged in

25  paragraph 66 of the COMPLAINT.

26  **REQUEST FOR ADMISSION NO. 17:**

27      Admit that Samsung Electronics Co., Ltd. did not own more than 20 percent of

28                          -6-

1  Samsung SDI, Co., Ltd. at any time during the RELEVANT PERIOD.

2  **REQUEST FOR ADMISSION NO. 18:**

3  Admit that YOU have no EVIDENCE that Samsung Electronics Co., Ltd. owned

4  more than 20 percent of Samsung SDI, Co., Ltd. at any time during the RELEVANT

5  PERIOD.

6  **REQUEST FOR ADMISSION NO. 19:**

7  Admit that YOU do not contend that DEFENDANT Samsung SDI Co., Ltd. at any

8  time OWNED DEFENDANT Samsung Electronics Co., Ltd.

9  **REQUEST FOR ADMISSION NO. 20:**

10  Admit that YOU do not contend that DEFENDANT Samsung SDI Co., Ltd. at any

11  time CONTROLLED DEFENDANT Samsung Electronics Co., Ltd.

12  **REQUEST FOR ADMISSION NO. 21:**

13  Admit that YOU have no EVIDENCE that DEFENDANT Samsung SDI Co., Ltd.

14  at any time OWNED DEFENDANT Samsung Electronics Co., Ltd.

15  **REQUEST FOR ADMISSION NO. 22:**

16  Admit that YOU have no EVIDENCE that DEFENDANT Samsung SDI Co., Ltd.

17  at any time CONTROLLED DEFENDANT Samsung Electronics Co., Ltd.

18  **REQUEST FOR ADMISSION NO. 23:**

19  Admit that YOU do not contend that DEFENDANT Samtel Color, Ltd. was at any

20  time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

21  **REQUEST FOR ADMISSION NO. 24:**

22  Admit that YOU do not contend that DEFENDANT Samtel Color, Ltd. was at any

23  time CONTROLLED by any other DEFENDANT or alleged CONSPIRATOR.

24  **REQUEST FOR ADMISSION NO. 25:**

25  Admit that YOU have no EVIDENCE that DEFENDANT Samtel Color, Ltd. was

26  at any time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

27

28

-7-

1 **REQUEST FOR ADMISSION NO. 26:**

2    Admit that YOU have no EVIDENCE that DEFENDANT Samtel Color, Ltd. was

3 at any time CONTROLLED by any other DEFENDANT or alleged CONSPIRATOR.

4 **REQUEST FOR ADMISSION NO. 27:**

5    Admit that YOU do not contend that DEFENDANT Chunghwa Picture Tubes, Ltd.

6 was at any time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

7 **REQUEST FOR ADMISSION NO. 28:**

8    Admit that YOU do not contend that DEFENDANT Chunghwa Picture Tubes, Ltd.

9 was at any time CONTROLLED by any other DEFENDANT or alleged CONSPIRATOR.

10 **REQUEST FOR ADMISSION NO. 29:**

11    Admit that YOU have no EVIDENCE that DEFENDANT Chunghwa Picture

12 Tubes, Ltd. was at any time OWNED by any other DEFENDANT or alleged

13 CONSPIRATOR.

14 **REQUEST FOR ADMISSION NO. 30:**

15    Admit that YOU have no EVIDENCE that DEFENDANT Chunghwa Picture

16 Tubes, Ltd. was at any time CONTROLLED by any other DEFENDANT or alleged

17 CONSPIRATOR.

18 **REQUEST FOR ADMISSION NO. 31:**

19    Admit that YOU do not contend that DEFENDANT Tatung Company of America,

20 Inc. was at any time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

21 **REQUEST FOR ADMISSION NO. 32:**

22    Admit that YOU do not contend that DEFENDANT Tatung Company of America,

23 Inc. was at any time CONTROLLED by any other DEFENDANT or alleged

24 CONSPIRATOR.

25 **REQUEST FOR ADMISSION NO. 33:**

26    Admit that YOU have no EVIDENCE that DEFENDANT Tatung Company of

27 America, Inc. was at any time OWNED by any other DEFENDANT or alleged

28

-8-

1 | CONSPIRATOR.

2 | **REQUEST FOR ADMISSION NO. 34:**

3 |     Admit that YOU have no EVIDENCE that DEFENDANT Tatung Company of
4 | America, Inc. was at any time CONTROLLED by any other DEFENDANT or alleged
5 | CONSPIRATOR.

6 | **REQUEST FOR ADMISSION NO. 35:**

7 |     Admit that YOU do not contend that Tatung Company was at any time OWNED by
8 | any DEFENDANT or alleged CONSPIRATOR.

9 | **REQUEST FOR ADMISSION NO. 36:**

10 |     Admit that YOU do not contend that Tatung Company was at any time
11 | CONTROLLED by any DEFENDANT or alleged CONSPIRATOR.

12 | **REQUEST FOR ADMISSION NO. 37:**

13 |     Admit that YOU have no EVIDENCE that Tatung Company was at any time
14 | OWNED by any DEFENDANT or alleged CONSPIRATOR.

15 | **REQUEST FOR ADMISSION NO. 38:**

16 |     Admit that YOU have no EVIDENCE that Tatung Company was at any time
17 | CONTROLLED by any DEFENDANT or alleged CONSPIRATOR.

18 | **REQUEST FOR ADMISSION NO. 39:**

19 |     Admit that YOU do not contend that DEFENDANT Thai CRT Company, Ltd. was
20 | at any time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

21 | **REQUEST FOR ADMISSION NO. 40:**

22 |     Admit that YOU do not contend that DEFENDANT Thai CRT Company, Ltd. was
23 | at any time CONTROLLED by any other DEFENDANT or alleged CONSPIRATOR.

24 | **REQUEST FOR ADMISSION NO. 41:**

25 |     Admit that YOU have no EVIDENCE that DEFENDANT Thai CRT Company,
26 | Ltd. was at any time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

27 |
28 |         -9-

1  **REQUEST FOR ADMISSION NO. 42:**

2      Admit that YOU have no EVIDENCE that DEFENDANT Thai CRT Company,

3  Ltd. was at any time CONTROLLED by any other DEFENDANT or alleged

4  CONSPIRATOR.

5  **REQUEST FOR ADMISSION NO. 43:**

6      Admit that YOU do not contend that DEFENDANT Toshiba Corporation at any

7  time OWNED DEFENDANT MT Picture Display Co., Ltd., f/k/a Matsushita Toshiba

8  Picture Display Co., Ltd.

9  **REQUEST FOR ADMISSION NO. 44:**

10      Admit that YOU do not contend that DEFENDANT Toshiba Corporation at any

11  time CONTROLLED DEFENDANT MT Picture Display Co., Ltd., f/k/a Matsushita

12  Toshiba Picture Display Co., Ltd.

13  **REQUEST FOR ADMISSION NO. 45:**

14      Admit that YOU have no EVIDENCE that DEFENDANT Toshiba Corporation at

15  any time OWNED DEFENDANT MT Picture Display Co., Ltd., f/k/a Matsushita Toshiba

16  Picture Display Co., Ltd.

17  **REQUEST FOR ADMISSION NO. 46:**

18      Admit that YOU have no EVIDENCE that DEFENDANT Toshiba Corporation at

19  any time CONTROLLED DEFENDANT MT Picture Display Co., Ltd., f/k/a Matsushita

20  Toshiba Picture Display Co., Ltd.

21  **REQUEST FOR ADMISSION NO. 47:**

22      Admit that YOU do not contend that DEFENDANT Panasonic Corporation at any

23  time OWNED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

24  **REQUEST FOR ADMISSION NO. 48:**

25      Admit that YOU do not contend that DEFENDANT Panasonic Corporation at any

26  time CONTROLLED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

27

28                                          -10-

1   **REQUEST FOR ADMISSION NO. 49:**

2       Admit that YOU have no EVIDENCE that DEFENDANT Panasonic Corporation at

3   any time OWNED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

4   **REQUEST FOR ADMISSION NO. 50:**

5       Admit that YOU have no EVIDENCE that DEFENDANT Panasonic Corporation at

6   any time CONTROLLED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

7   **REQUEST FOR ADMISSION NO. 51:**

8       Admit that YOU do not contend that DEFENDANT Toshiba Corporation at any

9   time OWNED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

10  **REQUEST FOR ADMISSION NO. 52:**

11      Admit that YOU do not contend that DEFENDANT Toshiba Corporation at any

12  time CONTROLLED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

13  **REQUEST FOR ADMISSION NO. 53:**

14      Admit that YOU have no EVIDENCE that DEFENDANT Toshiba Corporation at

15  any time OWNED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

16  **REQUEST FOR ADMISSION NO. 54:**

17      Admit that YOU have no EVIDENCE that DEFENDANT Toshiba Corporation at

18  any time CONTROLLED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

19  **REQUEST FOR ADMISSION NO. 55:**

20      Admit that YOU do not contend that DEFENDANT MT Picture Display Co., Ltd.,

21  f/k/a Matsushita Toshiba Picture Display Co., Ltd. at any time OWNED DEFENDANT

22  Beijing-Matsushita Color CRT Company, Ltd.

23  **REQUEST FOR ADMISSION NO. 56:**

24      Admit that YOU do not contend that DEFENDANT MT Picture Display Co., Ltd.,

25  f/k/a Matsushita Toshiba Picture Display Co., Ltd. at any time CONTROLLED

26  DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

27

28                                          -11-

1   **REQUEST FOR ADMISSION NO. 57:**

2          Admit that YOU have no EVIDENCE that DEFENDANT MT Picture Display Co.,

3   Ltd., f/k/a Matsushita Toshiba Picture Display Co., Ltd. at any time OWNED

4   DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

5   **REQUEST FOR ADMISSION NO. 58:**

6          Admit that YOU have no EVIDENCE that DEFENDANT MT Picture Display Co.,

7   Ltd., f/k/a Matsushita Toshiba Picture Display Co., Ltd. at any time CONTROLLED

8   DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

9   **REQUEST FOR ADMISSION NO. 59:**

10         Admit that YOU do not contend that Envision Peripherals, Inc. was at any time

11   OWNED by any DEFENDANT or alleged CONSPIRATOR.

12   **REQUEST FOR ADMISSION NO. 60:**

13         Admit that YOU do not contend that Envision Peripherals, Inc. was at any time

14   CONTROLLED by any DEFENDANT or alleged CONSPIRATOR.

15   **REQUEST FOR ADMISSION NO. 61:**

16         Admit that YOU have no EVIDENCE that Envision Peripherals, Inc. was at any

17   time OWNED by any DEFENDANT or alleged CONSPIRATOR.

18   **REQUEST FOR ADMISSION NO. 62:**

19         Admit that YOU have no EVIDENCE that Envision Peripherals, Inc. was at any

20   time CONTROLLED by any DEFENDANT or alleged CONSPIRATOR.

21   **REQUEST FOR ADMISSION NO. 63:**

22         Admit that YOU do not contend that Samsung Electronics Co., Ltd. made CRTs

23   during the RELEVANT PERIOD.

24   **REQUEST FOR ADMISSION NO. 64:**

25         Admit that YOU do not contend that Samsung Electronics Co., Ltd. sold stand-

26   alone CRTs during the RELEVANT PERIOD.

27

28                                          -12-

1  **REQUEST FOR ADMISSION NO. 65:**

2      Admit that YOU do not contend that Samsung Electronics America, Inc. made

3  CRTs during the RELEVANT PERIOD.

4  **REQUEST FOR ADMISSION NO. 66:**

5      Admit that YOU do not contend that Samsung Electronics America, Inc. sold stand-

6  alone CRTs during the RELEVANT PERIOD.

7  **REQUEST FOR ADMISSION NO. 67:**

8      Admit that YOU do not contend that Panasonic Corporation of North America

9  made CRTs during the RELEVANT PERIOD.

10  **REQUEST FOR ADMISSION NO. 68:**

11      Admit that YOU do not contend that Panasonic Corporation of North America sold

12  stand-alone CRTs during the RELEVANT PERIOD.

13  **REQUEST FOR ADMISSION NO. 69:**

14      Admit that YOU do not contend that Panasonic Consumer Electronics Co. made

15  CRTs during the RELEVANT PERIOD.

16  **REQUEST FOR ADMISSION NO. 70:**

17      Admit that YOU do not contend that Panasonic Consumer Electronics Co. sold

18  stand-alone CRTs during the RELEVANT PERIOD.

19  **REQUEST FOR ADMISSION NO. 71:**

20      Admit that YOU do not contend that Philips Electronics North America made CRTs

21  during the RELEVANT PERIOD.

22  **REQUEST FOR ADMISSION NO. 72:**

23      Admit that YOU do not contend that Philips Electronics North America sold stand-

24  alone CRTs during the RELEVANT PERIOD.

25  **REQUEST FOR ADMISSION NO. 73:**

26      Admit that YOU do not contend that Philips Consumer Electronics Co. made CRTs

27  during the RELEVANT PERIOD.

28

-13-

1  **REQUEST FOR ADMISSION NO. 74:**

2      Admit that YOU do not contend that Philips Consumer Electronics Co. sold stand-

3  alone CRTs during the RELEVANT PERIOD.

4  **REQUEST FOR ADMISSION NO. 75:**

5      Admit that YOU do not contend that Tatung Company of America, Inc. made CRTs

6  during the RELEVANT PERIOD.

7  **REQUEST FOR ADMISSION NO. 76:**

8      Admit that YOU do not contend that Tatung Company of America, Inc. sold stand-

9  alone CRTs during the RELEVANT PERIOD.

10  **REQUEST FOR ADMISSION NO. 77:**

11      Admit that YOU do not contend that Tatung Company made CRTs during the

12  RELEVANT PERIOD.

13  **REQUEST FOR ADMISSION NO. 78:**

14      Admit that YOU do not contend that Tatung Company sold stand-alone CRTs

15  during the RELEVANT PERIOD.

16  **REQUEST FOR ADMISSION NO. 79:**

17      Admit that YOU do not contend that Toshiba America Consumer Products LLC

18  made CRTs during the RELEVANT PERIOD.

19  **REQUEST FOR ADMISSION NO. 80:**

20      Admit that YOU do not contend that Toshiba America Consumer Products LLC

21  sold stand-alone CRTs during the RELEVANT PERIOD.

22  **REQUEST FOR ADMISSION NO. 81:**

23      Admit that YOU do not contend that Toshiba America Consumer Products, Inc.

24  made CRTs during the RELEVANT PERIOD.

25  **REQUEST FOR ADMISSION NO. 82:**

26      Admit that YOU do not contend that Toshiba America Consumer Products, Inc.

27  sold stand-alone CRTs during the RELEVANT PERIOD.

28

-14-

**REQUEST FOR ADMISSION NO. 83:**

Admit that, for each CRT PRODUCT purchase upon which YOU base YOUR claims, YOU have no EVIDENCE showing the manufacturer of the CRT used in that CRT PRODUCT.

**REQUEST FOR ADMISSION NO. 84:**

Admit that YOU do not seek to recover for any purchase of a CRT PRODUCT containing a CRT made by a non-alleged-CONSPIRATOR.

**REQUEST FOR ADMISSION NO. 85:**

Admit that YOU do not seek to recover for any purchase of a CRT PRODUCT that was made by an independent entity that was not OWNED or CONTROLLED by a DEFENDANT or alleged CONSPIRATOR.

**REQUEST FOR ADMISSION NO. 86:**

Admit that YOU do not seek to recover for damages – on behalf of YOURSELF or any purported class member – based on purchases of projection televisions.

**REQUEST FOR ADMISSION NO. 87:**

Admit that YOU do not seek to recover for damages – on behalf of YOURSELF or any purported class member – based on purchases of picture tubes made for use in projection televisions.

**REQUEST FOR ADMISSION NO. 88:**

Admit that YOU have no EVIDENCE that DEFENDANTS agreed to fix prices, control supply or allocate markets for pictures tubes made for use in projection televisions.

**REQUEST FOR ADMISSION NO. 89:**

Admit that the term "CRT" as used in the COMPLAINT does not encompass picture tubes made for use in projection televisions.

**REQUEST FOR ADMISSION NO. 90:**

Admit that picture tubes made for use in projection televisions were not substitutable with CRTs made for use in direct view televisions.

-15-

1

2    DATED:  May 8, 2013

3                                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

4

5                          By        /s/ Tyler M. Cunningham

6                                    TYLER M. CUNNINGHAM

7                                    Attorneys for Defendants
                                     SAMSUNG SDI AMERICA, INC.,
8                                    SAMSUNG SDI CO., LTD.,
                                     SAMSUNG SDI (MALAYSIA) SDN. BHD.,
9                                    SAMSUNG SDI MEXICO S.A. DE C.V.,
                                     SAMSUNG SDI BRASIL LTDA.,
10                                   SHENZEN SAMSUNG SDI CO., LTD. and
                                     TIANJIN SAMSUNG SDI CO., LTD.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          -16-

SAMSUNG SDI AMERICA, INC.'S FIRST SET OF REQUESTS
                      FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

# Exhibit C

1    Counsel Listed On Signature Block

2

3

4

5

6

7

8

9

10                     **UNITED STATES DISTRICT COURT**

11                 **NORTHERN DISTRICT OF CALIFORNIA**

12                       **SAN FRANCISCO DIVISION**

13

14    In re: CATHODE RAY TUBE (CRT)      Case No. 07-5944 SC
ANTITRUST LITIGATION

15                                MDL No. 1917

16                               **STIPULATION AND [PROPOSED] ORDER
RE DIRECT PURCHASER CLASS**

     This Document Relates to:                 **CERTIFICATION BRIEFING SCHEDULE**

17      ALL DIRECT PURCHASER ACTIONS

18

19

20

21

22

23

24

25

26

27

28

1       WHEREAS, on May 14, 2013, Direct Purchaser Plaintiffs ("DPPs") lodged and served

2  their Motion for Class Certification and the supporting Expert Report of Jeffrey J. Leitzinger,

3  Ph.D.;

4       WHEREAS, on May 29, 2013, the Court entered a stipulated order (Dkt. No. 1695), which

5  set forth the following schedule for DPPs' Motion for Class Certification:

6            &bull;  August 12, 2013 – Defendants' Opposition

7            &bull;  October 11, 2013 – DPPs' Reply;

8       WHEREAS, on May 8, 2013, Defendant Samsung SDI America, Inc. ("SDIA") served on

9  DPPs interrogatories, document requests and requests for admission that, SDIA maintains, seek

10  information and documents relevant to class certification issues, among other things ("SDIA's

11  Discovery");

12       WHEREAS, DPPs have requested additional time to respond to SDIA's Discovery;

13       WHEREAS, DPPs and the undersigned Defendants have met and conferred regarding

14  DPPs' requested extension and a reasonable corresponding extension of the class certification

15  briefing;

16       WHEREAS, the parties hereby agree to meet and confer regarding any further potential

17  adjustments to the pretrial schedule that may be necessitated in the future;

18       IT IS HEREBY STIPULATED AND AGREED by and between counsel for the DPPs and

19  counsel for the undersigned Defendants in the above-captioned actions, as follows:

20       1.     Defendants' opposition to DPPs' Motion for Class Certification shall be due on

21  September 11, 2013;

22       2.     DPPs' reply in support of their Motion for Class Certification shall be due on

23  November 11, 2013;

24       3.     Following submission of briefing, the parties will confer with the Special Master

25  regarding the setting of an appropriate hearing date.

26

27

28

1

STIPULATION AND [PROPOSED] ORDER RE DIRECT
PURCHASER CLASS CERTIFICATION BRIEFING SCHEDULE

Dated: June 11, 2013

By:  ___/s/ Gary Halling___
GARY L. HALLING (SBN 66087)
ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
jmcginnis@sheppardmullin.com
MICHAEL SCARBOROUGH (SBN 203524)
mscarborough@sheppardmullin.com
TYLER M. CUNNINGHAM (SBN 243694)
tcunningham@sheppardmullin.com
**SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP**
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

*Attorneys for Defendants
Samsung SDI America, Inc.; Samsung SDI Co.,
Ltd.; Samsung SDI (Malaysia) SDN, BHD.;
Samsung SDI Mexico S.A. DE C.V.; Samsung SDI
Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and
Tianjin Samsung SDI Co., Ltd.*

By:  ___/s/ Kent Roger___
KENT ROGER (SBN 95987)
kroger@morganlewis.com
Michelle Park Chiu (SBN 248421)
mchiu@morganlewis.com
**MORGAN, LEWIS & BROCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

*Attorneys for Defendants Hitachi, Ltd.; Hitachi
Displays, Ltd. (n/k/a Japan Display East, Inc.);
Hitachi Asia, Ltd.; Hitachi America, Ltd.; and
Hitachi Electronic Devices (USA), Inc.*

By:  ___/s/ Guido Saveri___
Guido Saveri (SBN 41059) guido@saveri.com
R. Alexander Saveri (SBN 173102) rick@saveri.com
Cadio Zirpoli (SBN 179108) cadio@saveri.com
**SAVERI & SAVERI INC.**
111 Pine Street, Suite 1700
San Francisco, CA 94111-5619
Telephone: (415) 217-6810

2

SMRH:408626331.2

STIPULATION AND [PROPOSED] ORDER RE DIRECT
PURCHASER CLASS CERTIFICATION BRIEFING SCHEDULE

Case 4:07-cv-05944-JST   Document 1863-1   Filed 08/28/13   Page 34 of 163
Case 3:07-cv-05944-SC   Document 1734   Filed 06/23/13   Page 4 of 4
Case3:07-cv-05944-SC   Document1729   Filed06/11/13   Page4 of 4

Facsimile: (415) 217-6813

*Lead Counsel for the Direct Purchaser Plaintiffs*

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

Pursuant to General Order No. 45, § X-B, the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.

**IT IS SO RECOMMENDED**

DATED: June 13, 2013

Hon. Charles A. Legge
United States District Judge (Ret.)
Special Master

**IT IS SO ORDERED**

DATED: June 14, 2013

Judge Samuel Conti

Samuel Conti
District Judge

SMRH:408626331.2

STIPULATION AND [PROPOSED] ORDER RE DIRECT
PURCHASER CLASS CERTIFICATION BRIEFING SCHEDULE

# Exhibit D

Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:   (415) 217-6810
Facsimile:   (415) 217-6813

*Interim Lead Counsel for the*
*Direct Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Documents Relates To:<br><br>DIRECT PURCHASER ACTIONS | **DIRECT PURCHASER PLAINTIFFS' RESPONSES TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF INTERROGATORIES TO DIRECT PURCHASER PLAINTIFFS** |

1    PROPOUNDING PARTY:    Samsung SDI America, Inc.

2    RESPONDING PARTY:    Direct Purchaser Plaintiffs

3    SET NUMBER:    One

## I.    PRELIMINARY STATEMENT

5        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Direct Purchaser

6    Plaintiffs ("Plaintiffs") hereby respond to Samsung SDI America, Inc.'s ("SDIA") First Set of

7    Interrogatories to Direct Purchaser Plaintiffs ("Interrogatories").  Plaintiffs' responses to these

8    Interrogatories are subject to the provisions of the Stipulated Protective Order, entered by the Court

9    on June 18, 2008 (Dkt. No. 306).

## II.    GENERAL OBJECTIONS

11        1.        Plaintiffs' investigation of this matter is continuing.  Plaintiffs' responses are based

12    on information and documents available to and located by Plaintiffs as of the date of service of these

13    Interrogatories.  Plaintiffs make these responses without prejudice to their right to supplement or

14    amend them, as necessary, based on subsequently acquired information or knowledge, whether

15    gained through Plaintiffs' own continued investigation or the investigation of others.

16        2.        Plaintiffs object to these Interrogatories to the extent they seek to impose obligations

17    on Plaintiffs greater than those imposed by the Federal Rules of Civil Procedure, the Civil Local

18    Rules in the Northern District of California, or the applicable Standing Orders and Orders of this

19    Court.

20        3.        Plaintiffs object to these Interrogatories to the extent they seek to impose on

21    Plaintiffs an obligation to investigate or discover information to which SDIA has equal or greater

22    access than Plaintiffs, including but not limited to information from its own files, other defendants,

23    third-parties, or otherwise.

24        4.        Plaintiffs object to these Interrogatories to the extent they are compound, conjunctive

25    or disjunctive.

26        5.        Plaintiffs object to these Interrogatories to the extent they are duplicative of or

27    unreasonably cumulative to other discovery propounded and/or produced in this action or to other

28    materials already on record in this action.

6.     Plaintiffs object to these Interrogatories to the extent they call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the settlement privilege, or any other applicable privileges or doctrines.

7.     Plaintiffs object to these Interrogatories to the extent they are overly broad and fail to state with sufficient particularity the information and categories of information to be provided.

8.     Plaintiffs object to these Interrogatories on grounds that they are premature, unduly burdensome, and oppressive, and require Plaintiffs to prepare multiple and repetitive responses based on an incomplete record.

9.     Plaintiffs object to these Interrogatories to the extent they call for legal arguments and conclusions.

10.    Plaintiffs object to these Interrogatories as overly broad and unduly burdensome to the extent that they impose on Plaintiffs a burden to identify individual entities within each alleged defendant corporate family or alleged co-conspirator corporate family.

11.    The failure to object on a particular ground or grounds shall not be construed as a waiver of Plaintiffs' right to object on any additional ground(s).

### III.    OBJECTIONS TO CERTAIN DEFINITIONS AND INSTRUCTIONS

1.     Plaintiffs object to Definition No. 1 and Instruction No. 1.  Plaintiffs object to the extent that the terms "you," "your" and "yourself" call for privileged information, and to the extent that they seek the production of documents outside Plaintiffs' possession, custody or control. Plaintiffs specifically object to the inclusion of "attorneys" in the definition and, any response or production of documents that may subsequently occur pursuant to these Interrogatories, shall not include any documents protected by the attorney-client privilege, work product doctrine, the settlement privilege, or any other applicable privileges or doctrines.

2.     Plaintiffs object to Definition No. 4.  The term "control" is vague, ambiguous, and overbroad, as defined, and calls for a legal conclusion.  Plaintiffs also object to the extent the term "control" seeks information and documents beyond Plaintiffs' possession, custody, or control.

3.     Plaintiffs object to Instruction No. 10, subparts (b) and (c).  Regarding subpart (b), Plaintiffs object to the instruction to "identify" documents by (i) type; (ii) general subject matter;

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
INTERROGATORIES TO DIRECT PURCHASER PLAINTIFFS

1  (iii) date; and (iv) author(s), addressee(s), and recipient(s) as unduly burdensome and harassing in

2  that this information seeks information and documents beyond Plaintiffs' possession, custody, or

3  control and that is equally as available, if not more available, to SDIA and its co-defendants in this

4  action than to Plaintiffs.  Regarding subpart (c), Plaintiffs object to the instruction to "identify"

5  testimony by the (i) name of the witness; (ii) date of the testimony; (iii) the action in which the

6  testimony was recorded; and (iv) the page number(s) of the relevant testimony, on grounds that it is

7  unduly burdensome and harassing, in that the information sought is equally as available to SDIA as

8  it is to Plaintiffs.

9                          IV.    RESPONSES

10        Subject to the foregoing General Objections and Objections to Certain Definitions and

11  Instructions, Plaintiffs respond as follows:

12        Plaintiffs make these responses in good faith to SDIA's Interrogatories, as framed, and

13  pursuant to their understanding of the scope of discovery authorized by the Court's Discovery Stay

14  Orders.  Plaintiffs stand ready and willing to meet and confer at a mutually convenient and

15  appropriate time and place to resolve such disputes as may exist between the parties regarding the

16  responses herein.

17  **INTERROGATORY NO.1:**

18        Separately IDENTIFY each and every entity that YOU contend participated in the

19  conspiracy that YOU allege in the COMPLAINT, including each individual member of any group

20  of alleged CONSPIRATORS.

21  **ANSWER:**

22        In addition to Plaintiffs' General Objections and Objections to Certain Definitions and

23  Instructions, each of which is incorporated by this reference as though fully set forth herein,

24  Plaintiffs object to this Interrogatory on grounds that it is compound and constitutes multiple

25  interrogatories.  Plaintiffs further object on the ground that this Interrogatory is vague and

26  ambiguous, including without limitation as to the phrase "each individual member of any group of

27  alleged CONSPIRATORS" and the term "entity."  Plaintiffs further object to this Interrogatory on

28  the ground that  it is duplicative of or unreasonably cumulative to other discovery propounded

1   and/or produced in this action and/or materials already on record in this action.  Plaintiffs further

2   object to this Interrogatory on grounds that it is premature and seeks to impose an undue burden on

3   Plaintiffs to "state their entire case" on an incomplete record.  Discovery is ongoing through

4   March 3, 2014.  Plaintiffs still have millions of pages of documents to review and analyze and the

5   majority of depositions have not yet been taken, including the depositions of key witnesses, all of

6   which is necessary to shed light on Plaintiffs' claims and in order for Plaintiffs to give a response

7   that does not require extensive and repetitive supplementation.  *See* Special Master Martin Quinn's

8   Order re Motion for Protective Order By Direct Purchaser Plaintiffs Re Contention Discovery

9   Requests Served By Certain Defendants, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No.

10  1819 (Dkt. No. 2114) (filed Nov. 3, 2010), at 3 (citing *In re Convergent Tech. Secs. Litig.*, 108

11  F.R.D. 328, 337 (N.D. Cal. 1985)).

12  **INTERROGATORY NO. 2:**

13       Separately for each entity that YOU contend participated in the alleged conspiracy in

14  response to Interrogatory No. 1, IDENTIFY all EVIDENCE upon which YOU intend to rely to

15  prove such participation, including:

16       a.       Each DOCUMENT that YOU contend identifies that entity as a CONSPIRATOR;

17       b.       All testimony that YOU contend identifies that entity as a CONSPIRATOR;

18       c.       Date of each meeting or competitor communication in which YOU contend the
                  entity participated;

19

20       d.       Location of each alleged meeting, if applicable;

21       e.       Names of each specific corporate entity that YOU allege participated in each
                  meeting or competitor communication;

22       f.       Names of the individuals that YOU allege participated in each meeting or
                  competitor communication; and

23

24       g.       Whether YOU contend the EVIDENCE reflects an agreement to restrict supply or
                  limit production of CRTs.

25  **ANSWER:**

26       In addition to Plaintiffs' General Objections and Objections to Certain Definitions and

27  Instructions, each of which is incorporated by this reference as though fully set forth herein,

28  Plaintiffs object to this Interrogatory on grounds that it is compound and constitutes multiple

interrogatories, and exceeds the number of allowable interrogatories.  Plaintiffs further object to

this Interrogatory to the extent it is duplicative of or unreasonably cumulative to other discovery

propounded and/or produced in this action and/or materials already on record in this action.

Plaintiffs further object to this Interrogatory on the grounds that it is premature and seeks to impose

an undue burden on Plaintiffs to "state their entire case" on an incomplete record.  Discovery is

ongoing through March 3, 2014.  Plaintiffs still have millions of pages of documents to review and

analyze and the majority of depositions have not yet been taken, including the depositions of key

witnesses, all of which is necessary to shed light on Plaintiffs' claims and in order for Plaintiffs to

give a response that does not require extensive and repetitive supplementation.  *See* Special Master

Martin Quinn's Order re Motion for Protective Order By Direct Purchaser Plaintiffs Re Contention

Discovery Requests Served By Certain Defendants, *In re TFT-LCD (Flat Panel) Antitrust Litig.*,

MDL No. 1819 (Dkt. No. 2114) (filed Nov. 3, 2010), at 3 (citing *In re Convergent Tech. Secs.*

*Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985)).  Plaintiffs further object to this interrogatoriy on the

ground that it is overly broad as to the scope of the information sought, as well as unduly

burdensome, harassing and oppressive.  Plaintiffs further object on the ground that it seeks

information exclusively within defendants' custody, control, and/or possession or that of third

parties.

**INTERROGATORY NO. 3:**

　　　　If YOU base any claims on purchases of CRT PRODUCTS, IDENTIFY all EVIDENCE

upon which YOU intend to rely to prove the identity of the manufacturer of the CRT contained in

each CRT PRODUCT YOU purchased that is the subject of YOUR damages claims in this case.

**ANSWER:**

　　　　In addition to Plaintiffs' General Objections and Objections to Certain Definitions and

Instructions, each of which is incorporated by this reference as though fully set forth herein,

Plaintiffs object to this Interrogatory on the ground that it seeks information or documents in the

possession, custody, or control of SDIA, or that are equally or more readily available to SDIA from

other defendants, third-parties, public sources, or otherwise.  Plaintiffs further object to this

Interrogatory on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
INTERROGATORIES TO DIRECT PURCHASER PLAINTIFFS

1   object to this Interrogatory on grounds that it is unduly burdensome, oppressive, and seeks

2   documents and information that are neither relevant to any claims or defenses in this litigation nor

3   reasonably calculated to lead to the discovery of admissible evidence.  *See In re TFT-LCD (Flat*

4   *Panel) Antitrust Litig.*, 2012 WL 5869588 (slip op.), at *5 (N.D. Cal. Nov. 19. 2012) (plaintiffs do

5   not need to provide evidence of panel-by-panel impact, rather they may rely on generalized

6   methods of proof, and plaintiffs do not need to identify the manufacturer of each panel in each

7   product they purchased to satisfy the ownership/control exception to *Illinois Brick v. Illinois*, 431

8   U.S. 720 (1977)). Plaintiffs further object to this Interrogatory on the grounds that it is premature

9   and seeks to impose an undue burden on Plaintiffs to "state their entire case" on an incomplete

10   record.  Discovery is ongoing through March 3, 2014.  Plaintiffs still have millions of pages of

11   documents to review and analyze and the majority of depositions have not yet been taken,

12   including the depositions of key witnesses, all of which is necessary to shed light on Plaintiffs'

13   claims and in order for Plaintiffs to give a response that does not require extensive and repetitive

14   supplementation.  *See* Special Master Martin Quinn's Order re Motion for Protective Order By

15   Direct Purchaser Plaintiffs Re Contention Discovery Requests Served By Certain Defendants, *In re*

16   *TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1819 (Dkt. No. 2114) (filed Nov. 3, 2010), at 3

17   (citing *In re Convergent Tech. Secs. Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985)).  Plaintiffs

18   further object to this interrogatory on the ground that it is overly broad as to the scope of the

19   information sought, as well as unduly burdensome, harassing and oppressive. Plaintiffs further

20   object to this interrogatory on the ground that it exceeds the number of allowable interrogatories.

21   **INTERROGATORY NO. 4:**

22       Describe the method by which YOU propose to determine whether the CRT PRODUCTS

23   purchased by YOU and any person YOU seek to represent contain CRTs manufactured by a

24   DEFENDANT or alleged CONSPIRATOR.

25   **ANSWER:**

26       In addition to Plaintiffs' General Objections and Objections to Certain Definitions and

27   Instructions, each of which is incorporated by this reference as though fully set forth herein,

28   Plaintiffs further object to this Interrogatory to the extent it calls for legal argument or legal

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
INTERROGATORIES TO DIRECT PURCHASER PLAINTIFFS

1    conclusions.  Plaintiffs also object to this Interrogatory on grounds that it is unduly burdensome,

2    oppressive, and seeks documents and information that are neither relevant to any claims or

3    defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4    *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 5869588 (slip op.), at *5 (N.D. Cal.

5    Nov. 19. 2012)(plaintiffs do not need to provide evidence of panel-by-panel impact, rather they

6    may rely on generalized methods of proof, and plaintiffs do not need to identify the manufacturer

7    of each panel in each product they purchased to satisfy the ownership/control exception to *Illinois*

8    *Brick v. Illinois*, 431 U.S. 720 (1977)).  Plaintiffs further object to this Interrogatory on the grounds

9    that it is premature and seeks to impose an undue burden on Plaintiffs to "state their entire case" on

10   an incomplete record.  Discovery is ongoing through March 3, 2014.  Plaintiffs still have millions

11   of pages of documents to review and analyze and the majority of depositions have not yet been

12   taken, including the depositions of key witnesses, all of which is necessary to shed light on

13   Plaintiffs' claims and in order for Plaintiffs to give a response that does not require extensive and

14   repetitive supplementation.  *See* Special Master Martin Quinn's Order re Motion for Protective

15   Order By Direct Purchaser Plaintiffs Re Contention Discovery Requests Served By Certain

16   Defendants, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1819 (Dkt. No. 2114) (filed

17   Nov. 3, 2010), at 3 (citing *In re Convergent Tech. Secs. Litig.*, 108 F.R.D. 328, 337 (N.D. Cal.

18   1985)).  Plaintiffs further object to this interrogatory on the ground that it is overly broad as to the

19   scope of the information sought, as well as unduly burdensome, harassing and oppressive.

20   Plaintiffs further object to this interrogatory on the ground that it exceeds the number of allowable

21   interrogatories.

22   **INTERROGATORY NO. 5:**

23       Did YOU purchase CRTs or CRT PRODUCTS during the RELEVANT PERIOD from any

24   entity other than the DEFENDANTS?

25   **ANSWER:**

26       In addition to Plaintiffs' General Objections and Objections to Certain Definitions and

27   Instructions, each of which is incorporated by this reference as though fully set forth herein,

28   Plaintiffs object to this interrogatory on the ground that it is overbroad and unduly burdensome in

that it seeks information not relevant to the action or likely to lead to the discovery of admissible evidence insofar, *inter alia,* as it seeks information about indirect purchases of CRTs or CRT products. Plaintiffs further object to this interrogatory on the ground that it is vague and ambiguous and overbroad in its use of the terms "purchase" and "entity." Plaintiffs further object to this Interrogatory to the extent it calls for legal argument or legal conclusions. Plaintiffs further object to this interrogatory on the ground that it exceeds the number of allowable interrogatories.

**INTERROGATORY NO. 6:**

    a.    If YOU responded in the affirmative to Interrogatory No. 5, separately for each and every purchase of CRTs or CRT PRODUCTS YOU made during the RELEVANT PERIOD from any entity other than the DEFENDANTS, IDENTIFY:

    b.    The type of CRT (CPT or CDT) or CRT PRODUCT (television or monitor) purchased, including name, part number, or any model number;

    c.    The manufacturer of the CRT or CRT PRODUCT;

    d.    The vendor from whom YOU made the purchase;

    e.    The date of the order;

    f.    The quantity purchased;

    g.    The price per unit;

    h.    The total price paid;

    i.    Any rebates, allowances, or discounts applicable to the purchase;

    j.    The entity and location to which the order was shipped (including the state); and

    k.    The entity and location to which the order was billed (including the state).

**ANSWER:**

    In addition to Plaintiffs' General Objections and Objections to Certain Definitions and Instructions, each of which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this interrogatory on grounds that it is compound and constitutes multiple interrogatories and exceeds the number of allowable interrogatories. Plaintiffs further object to this Interrogatory to the extent it calls for legal argument or legal conclusions. Plaintiffs further object to this Interrogatory on the ground that it is duplicative of or unreasonably cumulative to other discovery produced in this action and/or materials already on record in this action. Plaintiffs have

already produced all documents related to the purchases for which they seek recovery, and have been, or will shortly be deposed by Defendants regarding them.  Plaintiffs also object to this Request on the ground that  it seeks information or documents in the possession, custody, or control of SDIA, or that are equally or more readily available to SDIA from other defendants, third-parties, public sources, or otherwise.  Plaintiffs also object to this Interrogatory on grounds that it is unduly burdensome, oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs further object to this interrogatory on the ground that it is overly broad as to the scope of the information sought, as well as unduly burdensome, harassing and oppressive.  Plaintiffs further object to this Interrogatory to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.

**INTERROGATORY NO. 7:**

Do YOU purport to bring a claim – either on YOUR own behalf or on behalf of the purported class members – based on CRT or CRT PRODUCT purchases from any entity other than the alleged CONSPIRATORS identified in response to Interrogatory No. 1? If so, IDENTIFY each such entity.

**ANSWER:**

In addition to Plaintiffs' General Objections and Objections to Certain Definitions and Instructions, each of which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this Interrogatory on grounds that it is compound and constitutes multiple interrogatories, and exceeds the number of allowable interrogatories.  Plaintiffs further object to this Interrogatory to the extent it calls for legal argument or legal conclusions.  Plaintiffs also object to this Interrogatory on grounds that it is unduly burdensome, oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this interrogatory on the ground that it is vague and ambiguous and overbroad in its use of the terms "purchase" and "entity." Plaintiffs further object to this Interrogatory on the grounds that it is

premature and seeks to impose an undue burden on Plaintiffs to "state their entire case" on an incomplete record.  Discovery is ongoing through March 3, 2014.  Plaintiffs still have millions of pages of documents to review and analyze and the majority of depositions have not yet been taken, including the depositions of key witnesses, all of which is necessary to shed light on Plaintiffs' claims and in order for Plaintiffs to give a response that does not require extensive and repetitive supplementation.  *See* Special Master Martin Quinn's Order re Motion for Protective Order By Direct Purchaser Plaintiffs Re Contention Discovery Requests Served By Certain Defendants, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1819 (Dkt. No. 2114) (filed Nov. 3, 2010), at 3 (citing *In re Convergent Tech. Secs. Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985)).  Plaintiffs further object to this interrogatory on the ground that it is overly broad as to the scope of the information sought, as well as unduly burdensome, harassing and oppressive.

**INTERROGATORY NO. 8:**

Separately for each entity identified in YOUR response to Interrogatory No. 7, state whether YOU contend the entity is OWNED or CONTROLLED by a DEFENDANT or an alleged CONSPIRATOR and, if so, IDENTIFY:

a.      The alleged CONSPIRATOR YOU contend OWNS or CONTROLS the entity; and

b.      All EVIDENCE upon which YOU intend to rely to prove such OWNERSHIP or CONTROL (including the Bates number of each DOCUMENT and/or citation to specific deposition testimony that YOU contend supports YOUR contention).

**ANSWER:**

In addition to Plaintiffs' General Objections and Objections to Certain Definitions and Instructions, each of which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this Interrogatory on grounds that it is compound and constitutes multiple interrogatories and exceeds the number of allowable interrogatories.  Plaintiffs further object to this Interrogatory on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to this Request to the extent it seeks information or documents in the possession, custody, or control of SDIA, or that are equally or more readily available to SDIA from other defendants, third-parties, public sources, or otherwise.  Plaintiffs also object to this Interrogatory on grounds

1   that it is unduly burdensome, oppressive, and seeks documents and information that are neither

2   relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the

3   discovery of admissible evidence.  Plaintiffs further object to this Interrogatory on grounds that it

4   seeks information that is inconsistent with the Court's Order Granting in Part and Denying in Part

5   Defendants' Joint Motion for Summary Judgment (Doc. 1470) (filed Nov. 29, 2012).  Plaintiffs

6   further object to this Interrogatory to the extent it is duplicative of or unreasonably cumulative to

7   other discovery produced in this action and/or other materials already on record in this action.

8   Plaintiffs further object to this Interrogatory on the grounds that it is premature and seeks to impose

9   an undue burden on Plaintiffs to "state their entire case" on an incomplete record.  Discovery is

10  ongoing through March 3, 2014.  Plaintiffs still have millions of pages of documents to review and

11  analyze and the majority of depositions have not yet been taken, including the depositions of key

12  witnesses, all of which is necessary to shed light on Plaintiffs' claims and in order for Plaintiffs to

13  give a response that does not require extensive and repetitive supplementation.  *See* Special Master

14  Martin Quinn's Order re Motion for Protective Order By Direct Purchaser Plaintiffs Re Contention

15  Discovery Requests Served By Certain Defendants, *In re TFT-LCD (Flat Panel) Antitrust Litig.*,

16  MDL No. 1819 (Dkt. No. 2114) (filed Nov. 3, 2010), at 3 (citing *In re Convergent Tech. Secs.*

17  *Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985)).  Plaintiffs further object to this interrogatory on the

18  ground that it is overly broad as to the scope of the information sought, as well as unduly

19  burdensome, harassing and oppressive.

20  **INTERROGATORY NO. 9:**

21       If YOUR response to any of Samsung SDI America, Inc.'s First Set of Requests for

22  Admission was anything other than an unqualified admission, separately for each Request for

23  Admission IDENTIFY all EVIDENCE upon which YOU intend to rely to support YOUR

24  response.

25  **ANSWER:**

26       In addition to Plaintiffs' General Objections and Objections to Certain Definitions and

27  Instructions, each of which is incorporated by this reference as though fully set forth herein,

28  Plaintiffs object to this Interrogatory on grounds that the use of requests for admission for

1  contention discovery is improper.  Plaintiffs also object to the extent that the referred to requests

2  for admission call for a legal conclusion and are not a matter within the scope of Rule 26(b)(1) of

3  the Federal Rules of Civil Procedure because they ask the responding party "to admit one of the

4  key facts in dispute" related to its claims.  *See Safeco of America v. Rawstron*, 181 F.R.D. 441, 445

5  (C.D. Cal. 1998) (citations and internal quotations omitted); *Gem Acquisitionco, LLC v. Sorenson*

6  *Group Holdings, LLC*, No. C-09-01484, 2010 WL 1340562, at *3 (N.D. Cal. April 5, 2010);

7  *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999)*.*  Plaintiffs further

8  object to this Interrogatory on the grounds that it is premature and seeks to impose an undue burden

9  on Plaintiffs to "state their entire case" on an incomplete record and at an early stage of this

10  litigation.  Discovery is ongoing through March 3, 2014.  Plaintiffs still have millions of pages of

11  documents to review and analyze and the majority of depositions have not yet been taken,

12  including the depositions of key witnesses, all of which is necessary to shed light on Plaintiffs'

13  claims and in order for Plaintiffs to give a response that does not require extensive and repetitive

14  supplementation.  *See* Special Master Martin Quinn's Order re Motion for Protective Order By

15  Direct Purchaser Plaintiffs Re Contention Discovery Requests Served By Certain Defendants, *In re*

16  *TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1819 (Dkt. No. 2114) (filed Nov. 3, 2010), at 3

17  (citing *In re Convergent Tech. Secs. Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985)).  Plaintiffs

18  further object to this interrogatory on the ground that it is overly broad as to the scope of the

19  information sought, as well as unduly burdensome, harassing and oppressive. Plaintiffs object to

20  this interrogatory on grounds that it is compound and constitutes multiple interrogatories and

21  exceeds the number of allowable interrogatories.

22  **INTERROGATORY NO. 10:**

23    With respect to YOUR individual claims in this case, do YOU seek to assert a claim for

24  damages based on assignment of rights made to YOU by another entity that purchased any CRTs

25  or CRT PRODUCTS? If so, list all such entities and IDENTIFY all EVIDENCE upon which YOU

26  intend to rely to prove such assignment of rights.

27

28

1   **ANSWER:**

2       In addition to Plaintiffs' General Objections and Objections to Certain Definitions and

3   Instructions, each of which is incorporated by this reference as though fully set forth herein,

4   Plaintiffs object to this interrogatory on grounds that it is compound and constitutes multiple

5   interrogatories and exceeds the number of allowable interrogatories.  Plaintiffs further object to this

6   interrogatory on the grounds that it is duplicative and cumulative of discovery previously

7   propounded and responded to in this action.  Plaintiffs object to this interrogatory on the grounds

8   that it is overbroad, unduly burdensome, and oppressive and seeks documents and information that

9   are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to

10   the discovery of admissible evidence.

11

12   DATED:  July 8, 2013                   By:      /s/ Guido Saveri

13                                          SAVERI & SAVERI, INC.
                                            706 Sansome Street
14                                          San Francisco, CA 94111
                                            Telephone:    (415) 217-6810
15                                          Facsimile:    (415) 217-6813

16                                          *Interim Lead Counsel for the*
                                            *Direct Purchaser Plaintiffs*

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit E

1  Guido Saveri (22349) guido@saveri.com
R. Alexander Saveri (173102) rick@saveri.com
2  Geoffrey C. Rushing (126910) grushing@saveri.com
Cadio Zirpoli (179108) cadio@saveri.com
3  SAVERI & SAVERI, INC.
706 Sansome Street
4  San Francisco, CA 94111
Telephone:   (415) 217-6810
5  Facsimile:   (415) 217-6813

6  *Interim Lead Counsel for the*
*Direct Purchaser Plaintiffs*

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11  IN RE:  CATHODE RAY TUBE (CRT)              No. Case No. 07-5944 SC
ANTITRUST LITIGATION
12                                              MDL No. 1917

13

14  This Documents Relates To:                 **DIRECT PURCHASER PLAINTIFFS'**
                                               **RESPONSES TO SAMSUNG SDI**
15  DIRECT PURCHASER ACTIONS                   **AMERICA, INC.'S FIRST REQUESTS**
                                               **FOR ADMISSION TO DIRECT**
16                                              **PURCHASER PLAINTIFFS**

17

18

19

20

21

22

23

24

25

26

27

28

PROPOUNDING PARTY:   Samsung SDI America, Inc.

RESPONDING PARTY:   Direct Purchaser Plaintiffs

SET NUMBER:   One

## I.   PRELIMINARY STATEMENT

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Direct Purchaser Plaintiffs ("Plaintiffs") hereby respond to Samsung SDI America, Inc.'s ("SDIA") First Set of Requests for Admission to Direct Purchaser Plaintiffs ("Requests").  Plaintiffs' responses to these Requests are subject to the provisions of the Stipulated Protective Order, entered by the Court on June 18, 2008 (Dkt. No. 306).

## II.   GENERAL OBJECTIONS

1.   Investigation of this matter is continuing.  Plaintiffs' responses are based on information known and located as of the date of the service of these Requests.  Plaintiffs make these responses without prejudice to their right to supplement or amend them, as necessary, based on subsequently acquired information or knowledge, whether gained through Plaintiffs' own continued investigation or the investigation of others.

2.   Plaintiffs object to these Requests to the extent they seek to impose obligations on Plaintiffs greater than those imposed by the Federal Rules of Civil Procedure, the Civil Local Rules in the Northern District of California, or the applicable Standing Orders and Orders of this Court.

3.   Plaintiffs object to these Requests on grounds that the use of requests for admission for contention discovery is improper.  Plaintiffs also object to the extent the Requests call for a legal conclusion, and are not a matter within the scope of Rule 26(b)(1) of the Federal Rules of Civil Procedure because they ask Plaintiffs to admit key facts in dispute related to their claims.

4.   Plaintiffs object to these Requests to the extent they seek to impose on Plaintiffs an obligation to investigate or discover information to which SDIA has equal or greater access than Plaintiffs, including but not limited to information from its own files and employees, information and materials from other defendants, third-parties, public sources, or otherwise.

5.   Plaintiffs object to these Requests to the extent they are compound, conjunctive or disjunctive.

6. Plaintiffs object to these Requests to the extent they are duplicative of or unreasonably cumulative to other discovery propounded and/or produced in this action or material that is already on record in this action.

7. Plaintiffs object to these Requests to the extent they call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the settlement privilege, or any other applicable privileges or doctrines.

8. Plaintiffs object to these Requests to the extent they are overly broad and fail to state with sufficient particularity the information and categories of information to be provided.

9. Plaintiffs object to these Requests to the extent that they are premature, unduly burdensome, and oppressive, and require Plaintiffs to prepare multiple and repetitive responses based on an incomplete record.

10. Plaintiffs object to these Requests to the extent they call for legal arguments and conclusions.

11. Plaintiffs object to these Requests as overly broad and unduly burdensome to the extent that they impose on Plaintiffs a burden to identify individual entities within each alleged defendant corporate family or alleged co-conspirator corporate family.

12. The failure to object on a particular ground or grounds shall not be construed as a waiver of Plaintiffs' right to object on any additional ground(s).

### III.   OBJECTIONS TO CERTAIN DEFINITIONS

1. Plaintiffs object to Definition No. 1. Plaintiffs object to the extent that the terms "you," "your" and "yourself" call for privileged information, and to the extent that they seek the production of documents outside Plaintiff's possession, custody or control. Plaintiffs specifically object to the inclusion of "attorneys" in the definition and, any response or production of documents that may subsequently occur pursuant to these Requests, shall not include any documents protected by the attorney-client privilege, the work product doctrine, the settlement privilege, or any other applicable privileges or doctrines.

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

2.       Plaintiffs object to Definition No. 4.  The term "control" is vague, ambiguous, and overbroad, as defined, and calls for a legal conclusion.  Plaintiffs also object to the extent the term "control" seeks information and documents beyond Plaintiffs' possession, custody, or control.

### IV.       RESPONSES

Subject to the foregoing General Objections and Objections to Certain Definitions and Instructions, Plaintiffs respond as follows:

Plaintiffs make these responses in good faith and pursuant to their understanding of the scope of discovery authorized by the Court's Discovery Stay Orders.  Plaintiffs stand ready and willing to meet and confer at a mutually convenient and appropriate time and place to resolve such disputes as may exist between the parties regarding the responses herein.

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU have no EVIDENCE that "Defendant[] Daewoo International … dominated and controlled the policies and affairs of Orion [Electric Company] … relating to the antitrust violations alleged in this complaint" as alleged in paragraph 28 of the COMPLAINT.

**RESPONSE:**

In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs further object to this Request on the ground that the phrase "dominated and controlled the finances, policies and affairs" is vague and ambiguous.  Plaintiffs further object to this Request to the extent it seeks information or documents in the possession, custody, or control of SDIA, or that are equally or more readily available to SDIA from other defendants, third-parties, public sources, or otherwise.  Plaintiffs also object to this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs object to this Request on the grounds

1  that it is premature and seeks to impose an undue burden on Plaintiffs to state their entire case on

2  an incomplete record and at an early stage of this litigation.  Plaintiffs further object to this Request

3  on the grounds that it is improperly being used as a discovery device and violates the rule of

4  proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought

5  by this Request is duplicative of other discovery, cumulative and/or better and more efficiently

6  obtained from other sources.  Plaintiffs further object that this Request is essentially an

7  interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

8  numerical limitations on interrogatories imposed by the Federal Rules.  Plaintiffs further object to

9  this Request on the ground that it requires them to review and analyze all information obtained in

10  discovery thus far, including thousands of documents, that are the subject of these Requests, and

11  therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

12  action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

13  may shed light on these issues addressed by this Request.  Plaintiffs further object to this Request

14  on the ground that is does not accurately set forth the allegations of the Complaint and is therefore

15  vague, ambiguous and unintelligible.

16  **REQUEST FOR ADMISSION NO. 2:**

17      Admit that YOU have no EVIDENCE that "Defendant[] Daewoo International … dominated

18  and controlled the policies and affairs of … [Daewoo-Orion Societe Anonyme] relating to the

19  antitrust violations alleged in this complaint" as alleged in paragraph 28 of the COMPLAINT.

20  **RESPONSE:**

21      In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

22  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

23  Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs further object

24  to this Request on the ground that the phrase "dominated and controlled the policies and affairs" is

25  vague and ambiguous.  Plaintiffs further object to this Request on the ground that  it seeks

26  information or documents in the possession, custody, or control of SDIA, or that are equally or

27  more readily available to SDIA from other defendants, third-parties, public sources, or otherwise.

28  Plaintiffs also object to this Request on grounds that it is unduly burdensome, oppressive, and

seeks documents and information that are neither relevant to any claims or defenses in this

litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

further object to this Request on grounds that it seeks information that is inconsistent with the

Court's Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary

Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs object to this Request on the grounds

that it is premature and seeks to impose an undue burden on Plaintiffs to state their entire case on

an incomplete record and at an early stage of this litigation. Plaintiffs further object to this Request

on the grounds that it is improperly being used as a discovery device and violates the rule of

proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C). The information sought

by this Request is duplicative of other discovery, cumulative and/or better and more efficiently

obtained from other sources.  Plaintiffs further object that this Request is essentially an

interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

numerical limitations on interrogatories imposed by the Federal Rules.  Plaintiffs further object to

this Request on the ground that it requires them to review and analyze all information obtained in

discovery thus far, including thousands of documents, that are the subject of these Requests, and

therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

may shed light on these issues addressed by this Request.  Plaintiffs further object to this Request

on the ground that is does not accurately set forth the allegations of the Complaint and is therefore

vague, ambiguous and unintelligible.

**REQUEST FOR ADMISSION NO. 3:**

 Admit that YOU have no EVIDENCE that "Defendant[] … Daewoo Electronics dominated

and controlled the policies and affairs of Orion [Electric Company] … relating to the antitrust

violations alleged in this complaint" as alleged in paragraph 28 of the COMPLAINT.

**RESPONSE:**

 In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs further object

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    to this Request on the ground that the phrase "dominated and controlled the policies and affairs" is

2    vague and ambiguous.  Plaintiffs further object to this Request to the extent it seeks information or

3    documents in the possession, custody, or control of SDIA, or that are equally or more readily

4    available to SDIA from other defendants, third-parties, public sources, or otherwise.  Plaintiffs also

5    object to this Request on grounds that it is unduly burdensome, oppressive, and seeks documents

6    and information that are neither relevant to any claims or defenses in this litigation nor reasonably

7    calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Request

8    on grounds that it seeks information that is inconsistent with the Court's Order Granting in Part and

9    Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29,

10   2012).  Finally, Plaintiffs object to this Request on the grounds that it is premature and seeks to

11   impose an undue burden on Plaintiffs to state their entire case on an incomplete record and at an

12   early stage of this litigation. Plaintiffs further object to this Request on the grounds that it is

13   improperly being used as a discovery device and violates the rule of proportionality embodied in

14   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

15   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

16   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

17   as a Request for Admission is an improper attempt to avoid the numerical limitations on

18   interrogatories imposed by the Federal Rules.  Plaintiffs further object to this Request on the

19   ground that it requires them to review and analyze all information obtained in discovery thus far,

20   including thousands of documents, that are the subject of these Requests, and therefore are

21   overbroad and unduly burdensome at this stage of the litigation.  Discovery in this action is

22   ongoing with substantial deposition and documentary discovery yet to occur, all of which may shed

23   light on these issues addressed by this Request.  Plaintiffs further object to this Request on the

24   ground that is does not accurately set forth the allegations of the Complaint and is therefore vague,

25   ambiguous and unintelligible.

26

27

28

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1

**REQUEST FOR ADMISSION NO. 4:**

2

       Admit that YOU have no EVIDENCE that "Defendant[] … Daewoo Electronics dominated

3

and controlled the policies and affairs of … [Daewoo-Orion Societe Anonyme] relating to the

4

antitrust violations alleged in this complaint" as alleged in paragraph 28 of the COMPLAINT.

5

**RESPONSE:**

6

       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

7

which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

8

Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs further object

9

to this Request on the ground that the phrase "dominated and controlled the policies and affairs" is

10

vague and ambiguous.  Plaintiffs further object to this Request to the extent it seeks information or

11

documents in the possession, custody, or control of SDIA, or that are equally or more readily

12

available to SDIA from other defendants, third-parties, public sources, or otherwise.  Plaintiffs also

13

object to this Request on grounds that it is unduly burdensome, oppressive, and seeks documents

14

and information that are neither relevant to any claims or defenses in this litigation nor reasonably

15

calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Request

16

on grounds that it seeks information that is inconsistent with the Court's Order Granting in Part and

17

Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29,

18

2012).  Plaintiffs object to this Request on the grounds that it is premature and seeks to impose an

19

undue burden on Plaintiffs to state their entire case on an incomplete record and at an early stage of

20

this litigation. Plaintiffs further object to this Request on the grounds that it is improperly being

21

used as a discovery device and violates the rule of proportionality embodied in Federal Rule of

22

Civil Procedure 26(b)(2)(C).  The information sought by this Request is duplicative of other

23

discovery, cumulative and/or better and more efficiently obtained from other sources.  Plaintiffs

24

further object that this Request is essentially an interrogatory; denominating it as a Request for

25

Admission is an improper attempt to avoid the numerical limitations on interrogatories imposed by

26

the Federal Rules.  Plaintiffs further object to this Request on the ground that it requires them to

27

review and analyze all information obtained in discovery thus far, including thousands of

28

documents, that are the subject of these Requests, and therefore are overbroad and unduly

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    burdensome at this stage of the litigation.  Discovery in this action is ongoing with substantial

2    deposition and documentary discovery yet to occur, all of which may shed light on these issues

3    addressed by this Request.  Plaintiffs further object to this Request on the ground that is does not

4    accurately set forth the allegations of the Complaint and is therefore vague, ambiguous and

5    unintelligible.

6    **REQUEST FOR ADMISSION NO. 5:**

7         Admit that YOU have no EVIDENCE that "Defendant [Irico Group Corporation] dominated

8    and controlled the finances, policies and affairs of [Irico Group Electronics Co., Ltd.] relating to the

9    antitrust violations alleged in this complaint" as alleged in paragraph 38 of the COMPLAINT.

10   **RESPONSE:**

11        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

12   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

13   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs further object

14   to this Request on the ground that the phrase "dominated and controlled the finances, policies and

15   affairs" is vague and ambiguous.  Plaintiffs further object to this Request to the extent it seeks

16   information or documents in the possession, custody, or control of SDIA, or that are equally or

17   more readily available to SDIA from other defendants, third-parties, public sources, or otherwise.

18   Plaintiffs also object to this Request on grounds that it is unduly burdensome, oppressive, and

19   seeks documents and information that are neither relevant to any claims or defenses in this

20   litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

21   further object to this Request on grounds that it seeks information that is inconsistent with the

22   Court's Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary

23   Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs object to this Request on the grounds

24   that it is premature and seeks to impose an undue burden on Plaintiffs to state their entire case on

25   an incomplete record and at an early stage of this litigation. Plaintiffs further object to this Request

26   on the grounds that it is improperly being used as a discovery device and violates the rule of

27   proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought

28   by this Request is duplicative of other discovery, cumulative and/or better and more efficiently

1   obtained from other sources.  Plaintiffs further object that this Request is essentially an

2   interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

3   numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

4   this Request on the ground that it requires them to review and analyze all information obtained in

5   discovery thus far, including thousands of documents, that are the subject of these Requests, and

6   therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

7   action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

8   may shed light on these issues addressed by this Request.  Plaintiffs further object to this Request

9   on the ground that is does not accurately set forth the allegations of the Complaint and is therefore

10  vague, ambiguous and unintelligible.

11  **REQUEST FOR ADMISSION NO. 6:**

12      Admit that YOU have no EVIDENCE that "[Irico Display Devices Co., Ltd.] is a partially-

13  owned subsidiary of Defendant [Irico Group Corporation]" as alleged in paragraph 39 of the

14  COMPLAINT.

15  **RESPONSE:**

16      In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

17  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

18  Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs further object

19  to this Request on the ground that it seeks information or documents in the possession, custody, or

20  control of SDIA, or that are equally or more readily available to SDIA from other defendants,

21  third-parties, public sources, or otherwise.  Plaintiffs also object to this Request on grounds that it

22  is unduly burdensome, oppressive, and seeks documents and information that are neither relevant

23  to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of

24  admissible evidence.  Plaintiffs further object to this Request on grounds that it seeks information

25  that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

26  Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs object to this

27  Request on the grounds that it is premature and seeks to impose an undue burden on Plaintiffs to

28  state their entire case on an incomplete record and at an early stage of this litigation.  Plaintiffs

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    further object to this Request on the grounds that it is improperly being used as a discovery device

2    and violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).

3    The information sought by this Request is duplicative of other discovery, cumulative and/or better

4    and more efficiently obtained from other sources.  Plaintiffs further object that this Request is

5    essentially an interrogatory; denominating it as a Request for Admission is an improper attempt to

6    avoid the numerical limitations on interrogatories imposed by the Federal Rules.  Plaintiffs further

7    object to this Request on the ground that it requires them to review and analyze all information

8    obtained in discovery thus far, including thousands of documents, that are the subject of these

9    Requests, and therefore are overbroad and unduly burdensome at this stage of the litigation.

10   Discovery in this action is ongoing with substantial deposition and documentary discovery yet to

11   occur, all of which may shed light on these issues addressed by this Request.  Plaintiffs further

12   object to this Request on the ground that is does not accurately set forth the allegations of the

13   Complaint and is therefore vague, ambiguous and unintelligible.

14   **REQUEST FOR ADMISSION NO. 7:**

15        Admit that YOU have no EVIDENCE that "Defendant [Irico Group Corporation]

16   dominated and controlled the finances, policies and affairs of [Irico Display Devices Co., Ltd.]

17   relating to the antitrust violations alleged in this complaint" as alleged in paragraph 39 of the

18   COMPLAINT.

19   **RESPONSE:**

20        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

21   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

22   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs further object

23   to this Request on the ground that the phrase "dominated and controlled the finances, policies and

24   affairs" is vague and ambiguous.  Plaintiffs further object to this Request on the ground that it

25   seeks information or documents in the possession, custody, or control of SDIA, or that are equally

26   or more readily available to SDIA from other defendants, third-parties, public sources, or

27   otherwise.  Plaintiffs also object to this Request on grounds that it is unduly burdensome,

28   oppressive, and seeks documents and information that are neither relevant to any claims or

1    defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

2    evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is

3    inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

4    for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs object to this Request on

5    the grounds that it is premature and seeks to impose an undue burden on Plaintiffs to state their

6    entire case on an incomplete record and at an early stage of this litigation. Plaintiffs further object

7    to this Request on the grounds that it is improperly being used as a discovery device and violates

8    the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The

9    information sought by this Request is duplicative of other discovery, cumulative and/or better and

10   more efficiently obtained from other sources.  Plaintiffs further object that this Request is

11   essentially an interrogatory; denominating it as a Request for Admission is an improper attempt to

12   avoid the numerical limitations on interrogatories imposed by the Federal Rules.  Plaintiffs further

13   object to this Request on the ground that it requires them to review and analyze all information

14   obtained in discovery thus far, including thousands of documents, that are the subject of these

15   Requests, and therefore are overbroad and unduly burdensome at this stage of the litigation.

16   Discovery in this action is ongoing with substantial deposition and documentary discovery yet to

17   occur, all of which may shed light on these issues addressed by this Request.  Plaintiffs further

18   object to this Request on the ground that is does not accurately set forth the allegations of the

19   Complaint and is therefore vague, ambiguous and unintelligible.

20   **REQUEST FOR ADMISSION NO. 8:**

21        Admit that YOU have no EVIDENCE that "[Samsung SDI (Malaysia) Sdn. Bhd.] is a

22   wholly-owned and controlled subsidiary of Defendant [Samsung Electronics Co., Ltd.]" as alleged

23   in paragraph 60 of the COMPLAINT.

24   **RESPONSE:**

25        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

26   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

27   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs further object

28   to this Request on the ground that the phrase "wholly-owned and controlled" is vague and

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly burdensome,

2    oppressive, and seeks documents and information that are neither relevant to any claims or

3    defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4    Plaintiffs also object to this Request on the ground that it seeks information or documents in the

5    possession, custody, or control of SDIA, or that are equally or more readily available to SDIA from

6    other defendants, third-parties, public sources, or otherwise.  Plaintiffs' further object to this

7    Request on grounds that it seeks information that is inconsistent with the Court's Order Granting in

8    Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. No. 1470) (filed

9    Nov. 29, 2012).  Plaintiffs further object to this Request to the extent it is duplicative of or

10   unreasonably cumulative to other discovery produced in this action. Plaintiffs object to this

11   Request on the grounds that it is premature and seeks to impose an undue burden on Plaintiffs to

12   state their entire case on an incomplete record and at an early stage of this litigation. Plaintiffs

13   further object to this Request on the grounds that it is improperly being used as a discovery device

14   and violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).

15   The information sought by this Request is duplicative of other discovery, cumulative and/or better

16   and more efficiently obtained from other sources.  Plaintiffs further object that this Request is

17   essentially an interrogatory; denominating it as a Request for Admission is an improper attempt to

18   avoid the numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further

19   object to this Request on the ground that it requires them to review and analyze all information

20   obtained in discovery thus far, including thousands of documents, that are the subject of these

21   Requests, and therefore are overbroad and unduly burdensome at this stage of the litigation.

22   Discovery in this action is ongoing with substantial deposition and documentary discovery yet to

23   occur, all of which may shed light on these issues addressed by this Request.  Plaintiffs further

24   object to this Request on the ground that is does not accurately set forth the allegations of the

25   Complaint and is therefore vague, ambiguous and unintelligible.

26   **REQUEST FOR ADMISSION NO. 9:**

27        Admit that YOU have no EVIDENCE that "Defendant [Samsung Electronics Co., Ltd.]

28   dominated and controlled the finances, policies and affairs of [Samsung SDI (Malaysia) Sdn. Bhd.]

1    relating to the antitrust violations alleged in this complaint" as alleged in paragraph 60 of the

2    COMPLAINT.

3    **RESPONSE:**

4           In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

5    which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

6    Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs further object

7    to this Request to the extent the phrase "dominated and controlled the finances, policies and

8    affairs" is vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

9    burdensome, oppressive, and seeks documents and information that are neither relevant to any

10   claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

11   evidence.  Plaintiffs also object to this Request to the extent it seeks information or documents in

12   the possession, custody, or control of SDIA, or that are equally or more readily available to SDIA

13   from other defendants, third-parties, public sources, or otherwise.  Plaintiffs further object to this

14   Request on grounds that it seeks information that is inconsistent with the Court's Order Granting in

15   Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. No. 1470) (filed

16   Nov. 29, 2012).  Plaintiffs further object to this Request on the ground that it is duplicative of or

17   unreasonably cumulative to other discovery produced in this action. Plaintiffs object to this

18   Request on the grounds that it is premature and seeks to impose an undue burden on Plaintiffs to

19   state their entire case on an incomplete record and at an early stage of this litigation. Plaintiffs

20   further object to this Request on the grounds that it is improperly being used as a discovery device

21   and violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).

22   The information sought by this Request is duplicative of other discovery, cumulative and/or better

23   and more efficiently obtained from other sources.  Plaintiffs further object that this Request is

24   essentially an interrogatory; denominating it as a Request for Admission is an improper attempt to

25   avoid the numerical limitations on interrogatories imposed by the Federal Rules.  Plaintiffs further

26   object to this Request on the ground that it requires them to review and analyze all information

27   obtained in discovery thus far, including thousands of documents, that are the subject of these

28   Requests, and therefore are overbroad and unduly burdensome at this stage of the litigation.

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1   Discovery in this action is ongoing with substantial deposition and documentary discovery yet to

2   occur, all of which may shed light on these issues addressed by this Request.  Plaintiffs further

3   object to this Request on the ground that is does not accurately set forth the allegations of the

4   Complaint and is therefore vague, ambiguous and unintelligible.

5   **REQUEST FOR ADMISSION NO. 10:**

6       Admit that YOU have no EVIDENCE that "[Samsung SDI Co., Ltd.] is a wholly-owned

7   and controlled subsidiary of Defendant [Samsung Electronics Co., Ltd.]" as alleged in paragraph

8   61 of the COMPLAINT.

9   **RESPONSE:**

10      In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

11  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

12  Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs further object

13  to this Request on the ground that the phrase "wholly-owned and controlled" is vague and

14  ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly burdensome,

15  oppressive, and seeks documents and information that are neither relevant to any claims or

16  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

17  Plaintiffs also object to this Request on the ground that  it seeks information or documents in the

18  possession, custody, or control of SDIA, or that are equally or more readily available to SDIA from

19  other defendants, third-parties, public sources, or otherwise.  Plaintiffs further object to this

20  Request on grounds that it seeks information that is inconsistent with the Court's Order Granting in

21  Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. No. 1470) (filed

22  Nov. 29, 2012).  Plaintiffs further object to this Request to the extent it is duplicative of or

23  unreasonably cumulative to other discovery produced in this action. Plaintiffs object to this

24  Request on the grounds that it is premature and seeks to impose an undue burden on Plaintiffs to

25  state their entire case on an incomplete record and at an early stage of this litigation. Plaintiffs

26  further object to this Request on the grounds that it is improperly being used as a discovery device

27  and violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).

28  The information sought by this Request is duplicative of other discovery, cumulative and/or better

1    and more efficiently obtained from other sources.  Plaintiffs further object that this Request is

2    essentially an interrogatory; denominating it as a Request for Admission is an improper attempt to

3    avoid the numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further

4    object to this Request on the ground that it requires them to review and analyze all information

5    obtained in discovery thus far, including thousands of documents, that are the subject of these

6    Requests, and therefore are overbroad and unduly burdensome at this stage of the litigation.

7    Discovery in this action is ongoing with substantial deposition and documentary discovery yet to

8    occur, all of which may shed light on these issues addressed by this Request.  Plaintiffs further

9    object to this Request on the ground that is does not accurately set forth the allegations of the

10   Complaint and is therefore vague, ambiguous and unintelligible.

11   **REQUEST FOR ADMISSION NO. 11:**

12        Admit that YOU have no EVIDENCE that "Defendant [Samsung Electronics Co., Ltd.]

13   dominated and controlled the finances, policies and affairs of "[Samsung SDI Co., Ltd.] relating to

14   the antitrust violations alleged in this complaint" as alleged in paragraph 61 of the COMPLAINT.

15   **RESPONSE:**

16        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

17   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

18   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs further object

19   to this Request to the extent the phrase "dominated and controlled the finances, policies and

20   affairs" is vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

21   burdensome, oppressive, and seeks documents and information that are neither relevant to any

22   claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

23   evidence.  Plaintiffs also object to this Request on the ground that  it seeks information or

24   documents in the possession, custody, or control of SDIA, or that are equally or more readily

25   available to SDIA from other defendants, third-parties, public sources, or otherwise.  Plaintiffs

26   further object to this Request on grounds that it seeks information that is inconsistent with the

27   Court's Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary

28   Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this Request to the

1   extent it is duplicative of or unreasonably cumulative to other discovery produced in this action.

2   Plaintiffs object to this Request on the grounds that it is premature and seeks to impose an undue

3   burden on Plaintiffs to state their entire case on an incomplete record and at an early stage of this

4   litigation. Plaintiffs further object to this Request on the grounds that it is improperly being used as

5   a discovery device and violates the rule of proportionality embodied in Federal Rule of Civil

6   Procedure 26(b)(2)(C).  The information sought by this Request is duplicative of other discovery,

7   cumulative and/or better and more efficiently obtained from other sources.  Plaintiffs further object

8   that this Request is essentially an interrogatory; denominating it as a Request for Admission is an

9   improper attempt to avoid the numerical limitations on interrogatories imposed by the Federal

10  Rules. Plaintiffs further object to this Request on the ground that it requires them to review and

11  analyze all information obtained in discovery thus far, including thousands of documents, that are

12  the subject of these Requests, and therefore are overbroad and unduly burdensome at this stage of

13  the litigation.  Discovery in this action is ongoing with substantial deposition and documentary

14  discovery yet to occur, all of which may shed light on these issues addressed by this Request.

15  Plaintiffs further object to this Request on the ground that is does not accurately set forth the

16  allegations of the Complaint and is therefore vague, ambiguous and unintelligible.

17  **REQUEST FOR ADMISSION NO. 12:**

18       Admit that YOU have no EVIDENCE that "Defendant [Samsung Electronics Co., Ltd.] …

19  dominated and controlled the finances, policies and affairs of Samsung [SDI] America relating to

20  the antitrust violations alleged in this complaint" as alleged in paragraph 62 of the COMPLAINT.

21  **RESPONSE:**

22       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

23  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

24  Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs further object

25  to this Request to the extent the phrase "dominated and controlled the finances, policies and

26  affairs" is vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

27  burdensome, oppressive, and seeks documents and information that are neither relevant to any

28  claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    evidence.  Plaintiffs also object to this Request on the ground that  it seeks information or

2    documents in the possession, custody, or control of SDIA, or that are equally or more readily

3    available to SDIA from other defendants, third-parties, public sources, or otherwise.  Plaintiffs

4    further object to this Request on grounds that it seeks information that is inconsistent with the

5    Court's Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary

6    Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this Request to the

7    extent it is duplicative of or unreasonably cumulative to other discovery produced in this action.

8    Plaintiffs object to this Request on the grounds that it is premature and seeks to impose an undue

9    burden on Plaintiffs to state their entire case on an incomplete record and at an early stage of this

10   litigation. Plaintiffs further object to this Request on the grounds that it is improperly being used as

11   a discovery device and violates the rule of proportionality embodied in Federal Rule of Civil

12   Procedure 26(b)(2)(C).  The information sought by this Request is duplicative of other discovery,

13   cumulative and/or better and more efficiently obtained from other sources.  Plaintiffs further object

14   that this Request is essentially an interrogatory; denominating it as a Request for Admission is an

15   improper attempt to avoid the numerical limitations on interrogatories imposed by the Federal

16   Rules. Plaintiffs further object to this Request on the ground that it requires them to review and

17   analyze all information obtained in discovery thus far, including thousands of documents, that are

18   the subject of these Requests, and therefore are overbroad and unduly burdensome at this stage of

19   the litigation.  Discovery in this action is ongoing with substantial deposition and documentary

20   discovery yet to occur, all of which may shed light on these issues addressed by this Request.

21   Plaintiffs further object to this Request on the ground that is does not accurately set forth the

22   allegations of the Complaint and is therefore vague, ambiguous and unintelligible.

23   **REQUEST FOR ADMISSION NO. 13:**

24        Admit that YOU have no EVIDENCE that "Defendant[] [Samsung Electronics Co., Ltd.] …

25   dominated and controlled the finances, policies and affairs of [Samsung SDI Mexico S.A. de C.V.]

26   relating to the antitrust violations alleged in this complaint" as alleged in paragraph 63 of the

27   COMPLAINT.

28

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1      **<u>RESPONSE</u>:**

2           In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

3      which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

4      Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs further object

5      to this Request to the extent the phrase "dominated and controlled the finances, policies and

6      affairs" is vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

7      burdensome, oppressive, and seeks documents and information that are neither relevant to any

8      claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

9      evidence.  Plaintiffs also object to this Request on the ground that  it seeks information or

10     documents in the possession, custody, or control of SDIA, or that are equally or more readily

11     available to SDIA from other defendants, third-parties, public sources, or otherwise.  Plaintiffs

12     further object to this Request on grounds that it seeks information that is inconsistent with the

13     Court's Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary

14     Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this Request to the

15     extent it is duplicative of or unreasonably cumulative to other discovery produced in this action.

16     Plaintiffs object to this Request on the grounds that it is premature and seeks to impose an undue

17     burden on Plaintiffs to state their entire case on an incomplete record and at an early stage of this

18     litigation. Plaintiffs further object to this Request on the grounds that it is improperly being used as

19     a discovery device and violates the rule of proportionality embodied in Federal Rule of Civil

20     Procedure 26(b)(2)(C).  The information sought by this Request is duplicative of other discovery,

21     cumulative and/or better and more efficiently obtained from other sources.  Plaintiffs further object

22     that this Request is essentially an interrogatory; denominating it as a Request for Admission is an

23     improper attempt to avoid the numerical limitations on interrogatories imposed by the Federal

24     Rules. Plaintiffs further object to this Request on the ground that it requires them to review and

25     analyze all information obtained in discovery thus far, including thousands of documents, that are

26     the subject of these Requests, and therefore are overbroad and unduly burdensome at this stage of

27     the litigation.  Discovery in this action is ongoing with substantial deposition and documentary

28     discovery yet to occur, all of which may shed light on these issues addressed by this Request.

1   Plaintiffs further object to this Request on the ground that is does not accurately set forth the

2   allegations of the Complaint and is therefore vague, ambiguous and unintelligible.

3   **REQUEST FOR ADMISSION NO. 14:**

4         Admit that YOU have no EVIDENCE that "Defendant[] [Samsung Electronics Co., Ltd.] …

5   dominated and controlled the finances, policies and affairs of [Samsung SDI Brasil Ltda.] relating

6   to the antitrust violations alleged in this complaint" as alleged in paragraph 64 of the

7   COMPLAINT.

8   **RESPONSE:**

9         In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

10   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

11   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs further object

12   to this Request to the extent the phrase "dominated and controlled the finances, policies and

13   affairs" is vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

14   burdensome, oppressive, and seeks documents and information that are neither relevant to any

15   claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

16   evidence.  Plaintiffs also object to this Request on the ground that  it seeks information or

17   documents in the possession, custody, or control of SDIA, or that are equally or more readily

18   available to SDIA from other defendants, third-parties, public sources, or otherwise.  Plaintiffs

19   further object to this Request on grounds that it seeks information that is inconsistent with the

20   Court's Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary

21   Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this Request to the

22   extent it is duplicative of or unreasonably cumulative to other discovery produced in this action.

23   Plaintiffs object to this Request on the grounds that it is premature and seeks to impose an undue

24   burden on Plaintiffs to state their entire case on an incomplete record and at an early stage of this

25   litigation. Plaintiffs further object to this Request on the grounds that it is improperly being used as

26   a discovery device and violates the rule of proportionality embodied in Federal Rule of Civil

27   Procedure 26(b)(2)(C).  The information sought by this Request is duplicative of other discovery,

28   cumulative and/or better and more efficiently obtained from other sources.  Plaintiffs further object

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1   that this Request is essentially an interrogatory; denominating it as a Request for Admission is an

2   improper attempt to avoid the numerical limitations on interrogatories imposed by the Federal

3   Rules. Plaintiffs further object to this Request on the ground that it requires them to review and

4   analyze all information obtained in discovery thus far, including thousands of documents, that are

5   the subject of these Requests, and therefore are overbroad and unduly burdensome at this stage of

6   the litigation.  Discovery in this action is ongoing with substantial deposition and documentary

7   discovery yet to occur, all of which may shed light on these issues addressed by this Request.

8   Plaintiffs further object to this Request on the ground that is does not accurately set forth the

9   allegations of the Complaint and is therefore vague, ambiguous and unintelligible.

10  **REQUEST FOR ADMISSION NO. 15:**

11       Admit that YOU have no EVIDENCE that "Defendant[] … [Samsung Electronics Co.,

12  Ltd.] dominated and controlled the finances, policies and affairs of [Shenzhen Samsung SDI Co.

13  Ltd.] relating to the antitrust violations alleged in this complaint" as alleged in paragraph 65 of the

14  COMPLAINT.

15  **RESPONSE:**

16       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

17  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

18  Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs further object

19  to this Request to the extent the phrase "dominated and controlled the finances, policies and

20  affairs" is vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

21  burdensome, oppressive, and seeks documents and information that are neither relevant to any

22  claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

23  evidence.  Plaintiffs also object to this Request on the ground that  it seeks information or

24  documents in the possession, custody, or control of SDIA, or that are equally or more readily

25  available to SDIA from other defendants, third-parties, public sources, or otherwise.  Plaintiffs

26  further object to this Request on grounds that it seeks information that is inconsistent with the

27  Court's Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary

28  Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this Request to the

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    extent it is duplicative of or unreasonably cumulative to other discovery produced in this action.

2    Plaintiffs object to this Request on the grounds that it is premature and seeks to impose an undue

3    burden on Plaintiffs to state their entire case on an incomplete record and at an early stage of this

4    litigation. Plaintiffs further object to this Request on the grounds that it is improperly being used as

5    a discovery device and violates the rule of proportionality embodied in Federal Rule of Civil

6    Procedure 26(b)(2)(C).  The information sought by this Request is duplicative of other discovery,

7    cumulative and/or better and more efficiently obtained from other sources.  Plaintiffs further object

8    that this Request is essentially an interrogatory; denominating it as a Request for Admission is an

9    improper attempt to avoid the numerical limitations on interrogatories imposed by the Federal

10   Rules. Plaintiffs further object to this Request on the ground that it requires them to review and

11   analyze all information obtained in discovery thus far, including thousands of documents, that are

12   the subject of these Requests, and therefore are overbroad and unduly burdensome at this stage of

13   the litigation.  Discovery in this action is ongoing with substantial deposition and documentary

14   discovery yet to occur, all of which may shed light on these issues addressed by this Request.

15   Plaintiffs further object to this Request on the ground that is does not accurately set forth the

16   allegations of the Complaint and is therefore vague, ambiguous and unintelligible.

17   **REQUEST FOR ADMISSION NO. 16:**

18       Admit that YOU have no EVIDENCE that "Defendant[] [Samsung Electronics Co., Ltd.] …

19   dominated and controlled the finances, policies and affairs of [Tianjin Samsung SDI Co., Ltd.]

20   relating to the antitrust violations alleged in this complaint" as alleged in paragraph 66 of the

21   COMPLAINT.

22   **RESPONSE:**

23       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

24   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

25   Request on the ground that it calls for legal argument or legal conclusions Plaintiffs further object

26   to this Request to the extent the phrase "dominated and controlled the finances, policies and

27   affairs" is vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

28   burdensome, oppressive, and seeks documents and information that are neither relevant to any

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on the ground that  it seeks information or documents in the possession, custody, or control of SDIA, or that are equally or more readily available to SDIA from other defendants, third-parties, public sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this Request to the extent it is duplicative of or unreasonably cumulative to other discovery produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and at an early stage of this litigation. Plaintiffs further object to this Request on the grounds that it is improperly being used as a discovery device and violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is duplicative of other discovery, cumulative and/or better and more efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground that it requires them to review and analyze all information obtained in discovery thus far, including thousands of documents, that are the subject of these Requests, and therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with substantial deposition and documentary discovery yet to occur, all of which may shed light on these issues addressed by this Request. Plaintiffs further object to this Request on the ground that is does not accurately set forth the allegations of the Complaint and is therefore vague, ambiguous and unintelligible.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Samsung Electronics Co., Ltd. did not own more than 20 percent of Samsung SDI, Co., Ltd. at any time during the RELEVANT PERIOD.

1    **RESPONSE**:

2        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

3    which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

4    Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

5    this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

6    information that are neither relevant to any claims or defenses in this litigation nor reasonably

7    calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

8    the ground that it seeks information or documents in the possession, custody, or control of SDIA,

9    or that are equally or more readily available to SDIA from other defendants, third-parties, public

10   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

11   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

12   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

13   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

14   produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

15   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

16   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

17   improperly being used as a discovery device and violates the rule of proportionality embodied in

18   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

19   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

20   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

21   as a Request for Admission is an improper attempt to avoid the numerical limitations on

22   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

23   that it requires them to review and analyze all information obtained in discovery thus far, including

24   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

25   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

26   substantial deposition and documentary discovery yet to occur, all of which may shed light on

27   these issues addressed by this Request.

28

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU have no EVIDENCE that Samsung Electronics Co., Ltd. owned more than 20 percent of Samsung SDI, Co., Ltd. at any time during the RELEVANT PERIOD.

**RESPONSE:**

In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on the ground that it seeks information or documents in the possession, custody, or control of SDIA, or that are equally or more readily available to SDIA from other defendants, third-parties, public sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is improperly being used as a discovery device and violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is duplicative of other discovery, cumulative and/or better and more efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground that it requires them to review and analyze all information obtained in discovery thus far, including thousands of documents, that are the subject of these Requests, and therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

1   substantial deposition and documentary discovery yet to occur, all of which may shed light on

2   these issues addressed by this Request.

3   **REQUEST FOR ADMISSION NO. 19:**

4       Admit that YOU do not contend that DEFENDANT Samsung SDI Co., Ltd. at any time

5   OWNED DEFENDANT Samsung Electronics Co., Ltd.

6   **RESPONSE:**

7       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

8   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

9   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

10  this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

11  information that are neither relevant to any claims or defenses in this litigation nor reasonably

12  calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

13  the ground that it seeks information or documents in the possession, custody, or control of SDIA,

14  or that are equally or more readily available to SDIA from other defendants, third-parties, public

15  sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

16  that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

17  Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

18  this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

19  produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

20  seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

21  at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

22  improperly being used as a discovery device and violates the rule of proportionality embodied in

23  Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

24  duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

25  sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

26  as a Request for Admission is an improper attempt to avoid the numerical limitations on

27  interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

28  that it requires them to review and analyze all information obtained in discovery thus far, including

**DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS**

1   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

2   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

3   substantial deposition and documentary discovery yet to occur, all of which may shed light on

4   these issues addressed by this Request.

5   **REQUEST FOR ADMISSION NO. 20:**

6         Admit that YOU do not contend that DEFENDANT Samsung SDI Co., Ltd. at any time

7   CONTROLLED DEFENDANT Samsung Electronics Co., Ltd.

8   **RESPONSE:**

9         In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

10   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

11   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

12   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

13   information that are neither relevant to any claims or defenses in this litigation nor reasonably

14   calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

15   the ground that it seeks information or documents in the possession, custody, or control of SDIA,

16   or that are equally or more readily available to SDIA from other defendants, third-parties, public

17   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

18   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

19   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

20   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

21   produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

22   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

23   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

24   improperly being used as a discovery device and violates the rule of proportionality embodied in

25   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

26   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

27   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

28   as a Request for Admission is an improper attempt to avoid the numerical limitations on

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

2    that it requires them to review and analyze all information obtained in discovery thus far, including

3    thousands of documents, that are the subject of these Requests, and therefore are overbroad and

4    unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

5    substantial deposition and documentary discovery yet to occur, all of which may shed light on

6    these issues addressed by this Request.

7    **REQUEST FOR ADMISSION NO. 21:**

8        Admit that YOU have no EVIDENCE that DEFENDANT Samsung SDI Co., Ltd. at any

9    time OWNED DEFENDANT Samsung Electronics Co., Ltd.

10   **RESPONSE:**

11       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

12   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

13   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

14   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

15   information that are neither relevant to any claims or defenses in this litigation nor reasonably

16   calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

17   the ground that it seeks information or documents in the possession, custody, or control of SDIA,

18   or that are equally or more readily available to SDIA from other defendants, third-parties, public

19   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

20   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

21   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

22   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

23   produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

24   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

25   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

26   improperly being used as a discovery device and violates the rule of proportionality embodied in

27   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

28   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

1    sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

2    as a Request for Admission is an improper attempt to avoid the numerical limitations on

3    interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

4    that it requires them to review and analyze all information obtained in discovery thus far, including

5    thousands of documents, that are the subject of these Requests, and therefore are overbroad and

6    unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

7    substantial deposition and documentary discovery yet to occur, all of which may shed light on

8    these issues addressed by this Request.

9    **REQUEST FOR ADMISSION NO. 22:**

10   Admit that YOU have no EVIDENCE that DEFENDANT Samsung SDI Co., Ltd. at any

11   time CONTROLLED DEFENDANT Samsung Electronics Co., Ltd.

12   **RESPONSE:**

13   In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

14   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

15   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

16   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

17   information that are neither relevant to any claims or defenses in this litigation nor reasonably

18   calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

19   the ground that it seeks information or documents in the possession, custody, or control of SDIA,

20   or that are equally or more readily available to SDIA from other defendants, third-parties, public

21   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

22   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

23   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

24   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

25   produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

26   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

27   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

28   improperly being used as a discovery device and violates the rule of proportionality embodied in

28                         MDL NO. 1917

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

2   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

3   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

4   as a Request for Admission is an improper attempt to avoid the numerical limitations on

5   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

6   that it requires them to review and analyze all information obtained in discovery thus far, including

7   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

8   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

9   substantial deposition and documentary discovery yet to occur, all of which may shed light on

10   these issues addressed by this Request.

11   **REQUEST FOR ADMISSION NO. 23:**

12        Admit that YOU do not contend that DEFENDANT Samtel Color, Ltd. was at any time

13   OWNED by any other DEFENDANT or alleged CONSPIRATOR.

14   **RESPONSE:**

15        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

16   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

17   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

18   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

19   information that are neither relevant to any claims or defenses in this litigation nor reasonably

20   calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

21   the ground that it seeks information or documents in the possession, custody, or control of SDIA,

22   or that are equally or more readily available to SDIA from other defendants, third-parties, public

23   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

24   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

25   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

26   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

27   produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

28   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

1    at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

2    improperly being used as a discovery device and violates the rule of proportionality embodied in

3    Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

4    duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

5    sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

6    as a Request for Admission is an improper attempt to avoid the numerical limitations on

7    interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

8    that it requires them to review and analyze all information obtained in discovery thus far, including

9    thousands of documents, that are the subject of these Requests, and therefore are overbroad and

10   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

11   substantial deposition and documentary discovery yet to occur, all of which may shed light on

12   these issues addressed by this Request.

13   **REQUEST FOR ADMISSION NO. 24:**

14        Admit that YOU do not contend that DEFENDANT Samtel Color, Ltd. was at any time

15   CONTROLLED by any other DEFENDANT or alleged CONSPIRATOR.

16   **RESPONSE:**

17        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

18   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

19   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

20   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

21   information that are neither relevant to any claims or defenses in this litigation nor reasonably

22   calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

23   the ground that it seeks information or documents in the possession, custody, or control of SDIA,

24   or that are equally or more readily available to SDIA from other defendants, third-parties, public

25   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

26   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

27   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

28   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

1    produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

2    seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

3    at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

4    improperly being used as a discovery device and violates the rule of proportionality embodied in

5    Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

6    duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

7    sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

8    as a Request for Admission is an improper attempt to avoid the numerical limitations on

9    interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

10   that it requires them to review and analyze all information obtained in discovery thus far, including

11   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

12   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

13   substantial deposition and documentary discovery yet to occur, all of which may shed light on

14   these issues addressed by this Request.

15   **REQUEST FOR ADMISSION NO. 25:**

16        Admit that YOU have no EVIDENCE that DEFENDANT Samtel Color, Ltd. Was at any

17   time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

18   **RESPONSE:**

19        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

20   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

21   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

22   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

23   information that are neither relevant to any claims or defenses in this litigation nor reasonably

24   calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

25   the ground that it seeks information or documents in the possession, custody, or control of SDIA,

26   or that are equally or more readily available to SDIA from other defendants, third-parties, public

27   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

28   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012). Plaintiffs further object to this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery produced in this action. Plaintiffs object to this Request on the grounds that it is premature and seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and at an early stage of this litigation. Plaintiffs further object to this Request on the grounds that it is improperly being used as a discovery device and violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C). The information sought by this Request is duplicative of other discovery, cumulative and/or better and more efficiently obtained from other sources. Plaintiffs further object that this Request is essentially an interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground that it requires them to review and analyze all information obtained in discovery thus far, including thousands of documents, that are the subject of these Requests, and therefore are overbroad and unduly burdensome at this stage of the litigation. Discovery in this action is ongoing with substantial deposition and documentary discovery yet to occur, all of which may shed light on these issues addressed by this Request.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU have no EVIDENCE that DEFENDANT Samtel Color, Ltd. was at any time CONTROLLED by any other DEFENDANT or alleged CONSPIRATOR.

**RESPONSE:**

In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this Request on the ground that it calls for legal argument or legal conclusions. Plaintiffs also object to this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this Request on the ground that it seeks information or documents in the possession, custody, or control of SDIA, or that are equally or more readily available to SDIA from other defendants, third-parties, public

1   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

2   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

3   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

4   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

5   produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

6   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

7   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

8   improperly being used as a discovery device and violates the rule of proportionality embodied in

9   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

10  duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

11  sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

12  as a Request for Admission is an improper attempt to avoid the numerical limitations on

13  interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

14  that it requires them to review and analyze all information obtained in discovery thus far, including

15  thousands of documents, that are the subject of these Requests, and therefore are overbroad and

16  unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

17  substantial deposition and documentary discovery yet to occur, all of which may shed light on

18  these issues addressed by this Request.

19  **REQUEST FOR ADMISSION NO. 27:**

20       Admit that YOU do not contend that DEFENDANT Chunghwa Picture Tubes, Ltd. was at

21  any time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

22  **RESPONSE:**

23       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

24  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

25  Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

26  this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

27  information that are neither relevant to any claims or defenses in this litigation nor reasonably

28  calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

the ground that it seeks information or documents in the possession, custody, or control of SDIA, or that are equally or more readily available to SDIA from other defendants, third-parties, public sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is improperly being used as a discovery device and violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is duplicative of other discovery, cumulative and/or better and more efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground that it requires them to review and analyze all information obtained in discovery thus far, including thousands of documents, that are the subject of these Requests, and therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with substantial deposition and documentary discovery yet to occur, all of which may shed light on these issues addressed by this Request.

**REQUEST FOR ADMISSION NO. 28:**

Admit that YOU do not contend that DEFENDANT Chunghwa Picture Tubes, Ltd. was at any time CONTROLLED by any other DEFENDANT or alleged CONSPIRATOR.

**RESPONSE:**

In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

1    information that are neither relevant to any claims or defenses in this litigation nor reasonably

2    calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

3    the ground that it seeks information or documents in the possession, custody, or control of SDIA,

4    or that are equally or more readily available to SDIA from other defendants, third-parties, public

5    sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

6    that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

7    Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

8    this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

9    produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

10   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

11   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

12   improperly being used as a discovery device and violates the rule of proportionality embodied in

13   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

14   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

15   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

16   as a Request for Admission is an improper attempt to avoid the numerical limitations on

17   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

18   that it requires them to review and analyze all information obtained in discovery thus far, including

19   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

20   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

21   substantial deposition and documentary discovery yet to occur, all of which may shed light on

22   these issues addressed by this Request.

23   **REQUEST FOR ADMISSION NO. 29:**

24        Admit that YOU have no EVIDENCE that DEFENDANT Chunghwa Picture Tubes, Ltd.

25   was at any time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

26   **RESPONSE:**

27        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

28   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1  Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

2  this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

3  information that are neither relevant to any claims or defenses in this litigation nor reasonably

4  calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

5  the ground that it seeks information or documents in the possession, custody, or control of SDIA,

6  or that are equally or more readily available to SDIA from other defendants, third-parties, public

7  sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

8  that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

9  Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

10  this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

11  produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

12  seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

13  at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

14  improperly being used as a discovery device and violates the rule of proportionality embodied in

15  Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

16  duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

17  sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

18  as a Request for Admission is an improper attempt to avoid the numerical limitations on

19  interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

20  that it requires them to review and analyze all information obtained in discovery thus far, including

21  thousands of documents, that are the subject of these Requests, and therefore are overbroad and

22  unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

23  substantial deposition and documentary discovery yet to occur, all of which may shed light on

24  these issues addressed by this Request.

25  **REQUEST FOR ADMISSION NO. 30:**

26        Admit that YOU have no EVIDENCE that DEFENDANT Chunghwa Picture Tubes, Ltd.

27  was at any time CONTROLLED by any other DEFENDANT or alleged CONSPIRATOR.

28

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    **RESPONSE:**

2    In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

3    which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

4    Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

5    this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

6    information that are neither relevant to any claims or defenses in this litigation nor reasonably

7    calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

8    the ground that it seeks information or documents in the possession, custody, or control of SDIA,

9    or that are equally or more readily available to SDIA from other defendants, third-parties, public

10   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

11   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

12   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

13   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

14   produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

15   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

16   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

17   improperly being used as a discovery device and violates the rule of proportionality embodied in

18   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

19   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

20   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

21   as a Request for Admission is an improper attempt to avoid the numerical limitations on

22   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

23   that it requires them to review and analyze all information obtained in discovery thus far, including

24   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

25   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

26   substantial deposition and documentary discovery yet to occur, all of which may shed light on

27   these issues addressed by this Request.

28

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU do not contend that DEFENDANT Tatung Company of America, Inc. was at any time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

**RESPONSE:**

In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on the ground that it seeks information or documents in the possession, custody, or control of SDIA, or that are equally or more readily available to SDIA from other defendants, third-parties, public sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is improperly being used as a discovery device and violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is duplicative of other discovery, cumulative and/or better and more efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground that it requires them to review and analyze all information obtained in discovery thus far, including thousands of documents, that are the subject of these Requests, and therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

1    substantial deposition and documentary discovery yet to occur, all of which may shed light on

2    these issues addressed by this Request.

3    **REQUEST FOR ADMISSION NO. 32:**

4          Admit that YOU do not contend that DEFENDANT Tatung Company of America, Inc. was

5    at any time CONTROLLED by any other DEFENDANT or alleged CONSPIRATOR.

6    **RESPONSE:**

7          In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

8    which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

9    Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

10   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

11   information that are neither relevant to any claims or defenses in this litigation nor reasonably

12   calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

13   the ground that it seeks information or documents in the possession, custody, or control of SDIA,

14   or that are equally or more readily available to SDIA from other defendants, third-parties, public

15   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

16   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

17   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

18   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

19   produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

20   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

21   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

22   improperly being used as a discovery device and violates the rule of proportionality embodied in

23   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

24   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

25   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

26   as a Request for Admission is an improper attempt to avoid the numerical limitations on

27   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

28   that it requires them to review and analyze all information obtained in discovery thus far, including

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

2   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

3   substantial deposition and documentary discovery yet to occur, all of which may shed light on

4   these issues addressed by this Request.

5   **REQUEST FOR ADMISSION NO. 33:**

6       Admit that YOU have no EVIDENCE that DEFENDANT Tatung Company of America,

7   Inc. was at any time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

8   **RESPONSE:**

9       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

10  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

11  Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

12  this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

13  information that are neither relevant to any claims or defenses in this litigation nor reasonably

14  calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

15  the ground that it seeks information or documents in the possession, custody, or control of SDIA,

16  or that are equally or more readily available to SDIA from other defendants, third-parties, public

17  sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

18  that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

19  Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

20  this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

21  produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

22  seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

23  at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

24  improperly being used as a discovery device and violates the rule of proportionality embodied in

25  Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

26  duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

27  sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

28  as a Request for Admission is an improper attempt to avoid the numerical limitations on

1   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

2   that it requires them to review and analyze all information obtained in discovery thus far, including

3   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

4   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

5   substantial deposition and documentary discovery yet to occur, all of which may shed light on

6   these issues addressed by this Request.

7   **REQUEST FOR ADMISSION NO. 34:**

8       Admit that YOU have no EVIDENCE that DEFENDANT Tatung Company of America,

9   Inc. was at any time CONTROLLED by any other DEFENDANT or alleged CONSPIRATOR.

10  **RESPONSE:**

11      In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

12  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

13  Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

14  this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

15  information that are neither relevant to any claims or defenses in this litigation nor reasonably

16  calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

17  the ground that it seeks information or documents in the possession, custody, or control of SDIA,

18  or that are equally or more readily available to SDIA from other defendants, third-parties, public

19  sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

20  that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

21  Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

22  this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

23  produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

24  seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

25  at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

26  improperly being used as a discovery device and violates the rule of proportionality embodied in

27  Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

28  duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

1    sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

2    as a Request for Admission is an improper attempt to avoid the numerical limitations on

3    interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

4    that it requires them to review and analyze all information obtained in discovery thus far, including

5    thousands of documents, that are the subject of these Requests, and therefore are overbroad and

6    unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

7    substantial deposition and documentary discovery yet to occur, all of which may shed light on

8    these issues addressed by this Request.

9    **REQUEST FOR ADMISSION NO. 35:**

10          Admit that YOU do not contend that Tatung Company was at any time OWNED by any

11    DEFENDANT or alleged CONSPIRATOR.

12    **RESPONSE:**

13          In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

14    which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

15    Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

16    this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

17    information that are neither relevant to any claims or defenses in this litigation nor reasonably

18    calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

19    the ground that it seeks information or documents in the possession, custody, or control of SDIA,

20    or that are equally or more readily available to SDIA from other defendants, third-parties, public

21    sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

22    that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

23    Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

24    this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

25    produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

26    seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

27    at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

28    improperly being used as a discovery device and violates the rule of proportionality embodied in

1   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

2   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

3   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

4   as a Request for Admission is an improper attempt to avoid the numerical limitations on

5   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

6   that it requires them to review and analyze all information obtained in discovery thus far, including

7   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

8   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

9   substantial deposition and documentary discovery yet to occur, all of which may shed light on

10   these issues addressed by this Request.

11   **REQUEST FOR ADMISSION NO. 36:**

12        Admit that YOU do not contend that Tatung Company was at any time CONTROLLED by

13   any DEFENDANT or alleged CONSPIRATOR.

14   **RESPONSE:**

15        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

16   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

17   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

18   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

19   information that are neither relevant to any claims or defenses in this litigation nor reasonably

20   calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

21   the ground that it seeks information or documents in the possession, custody, or control of SDIA,

22   or that are equally or more readily available to SDIA from other defendants, third-parties, public

23   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

24   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

25   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

26   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

27   produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

28   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

2   improperly being used as a discovery device and violates the rule of proportionality embodied in

3   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

4   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

5   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

6   as a Request for Admission is an improper attempt to avoid the numerical limitations on

7   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

8   that it requires them to review and analyze all information obtained in discovery thus far, including

9   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

10  unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

11  substantial deposition and documentary discovery yet to occur, all of which may shed light on

12  these issues addressed by this Request.

13  **REQUEST FOR ADMISSION NO. 37:**

14       Admit that YOU have no EVIDENCE that Tatung Company was at any time OWNED by

15  any DEFENDANT or alleged CONSPIRATOR.

16  **RESPONSE:**

17       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

18  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

19  Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

20  this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

21  information that are neither relevant to any claims or defenses in this litigation nor reasonably

22  calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

23  the ground that it seeks information or documents in the possession, custody, or control of SDIA,

24  or that are equally or more readily available to SDIA from other defendants, third-parties, public

25  sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

26  that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

27  Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

28  this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

improperly being used as a discovery device and violates the rule of proportionality embodied in

Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

as a Request for Admission is an improper attempt to avoid the numerical limitations on

interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

that it requires them to review and analyze all information obtained in discovery thus far, including

thousands of documents, that are the subject of these Requests, and therefore are overbroad and

unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

substantial deposition and documentary discovery yet to occur, all of which may shed light on

these issues addressed by this Request.

**REQUEST FOR ADMISSION NO. 38:**

Admit that YOU have no EVIDENCE that Tatung Company was at any time

CONTROLLED by any DEFENDANT or alleged CONSPIRATOR.

**RESPONSE:**

In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

information that are neither relevant to any claims or defenses in this litigation nor reasonably

calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

the ground that it seeks information or documents in the possession, custody, or control of SDIA,

or that are equally or more readily available to SDIA from other defendants, third-parties, public

sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

1    Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012). Plaintiffs further object to

2    this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

3    produced in this action. Plaintiffs object to this Request on the grounds that it is premature and

4    seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

5    at an early stage of this litigation. Plaintiffs further object to this Request on the grounds that it is

6    improperly being used as a discovery device and violates the rule of proportionality embodied in

7    Federal Rule of Civil Procedure 26(b)(2)(C). The information sought by this Request is

8    duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

9    sources. Plaintiffs further object that this Request is essentially an interrogatory; denominating it

10   as a Request for Admission is an improper attempt to avoid the numerical limitations on

11   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

12   that it requires them to review and analyze all information obtained in discovery thus far, including

13   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

14   unduly burdensome at this stage of the litigation. Discovery in this action is ongoing with

15   substantial deposition and documentary discovery yet to occur, all of which may shed light on

16   these issues addressed by this Request.

17   **REQUEST FOR ADMISSION NO. 39:**

18       Admit that YOU do not contend that DEFENDANT Thai CRT Company, Ltd. Was at any

19   time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

20   **RESPONSE:**

21       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

22   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

23   Request on the ground that it calls for legal argument or legal conclusions. Plaintiffs also object to

24   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

25   information that are neither relevant to any claims or defenses in this litigation nor reasonably

26   calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this Request on

27   the ground that it seeks information or documents in the possession, custody, or control of SDIA,

28   or that are equally or more readily available to SDIA from other defendants, third-parties, public

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

2    that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

3    Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

4    this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

5    produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

6    seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

7    at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

8    improperly being used as a discovery device and violates the rule of proportionality embodied in

9    Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

10   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

11   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

12   as a Request for Admission is an improper attempt to avoid the numerical limitations on

13   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

14   that it requires them to review and analyze all information obtained in discovery thus far, including

15   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

16   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

17   substantial deposition and documentary discovery yet to occur, all of which may shed light on

18   these issues addressed by this Request.

19   **REQUEST FOR ADMISSION NO. 40:**

20        Admit that YOU do not contend that DEFENDANT Thai CRT Company, Ltd. Was at any

21   time CONTROLLED by any other DEFENDANT or alleged CONSPIRATOR.

22   **RESPONSE:**

23        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

24   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

25   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

26   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

27   information that are neither relevant to any claims or defenses in this litigation nor reasonably

28   calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

1    the ground that it seeks information or documents in the possession, custody, or control of SDIA,

2    or that are equally or more readily available to SDIA from other defendants, third-parties, public

3    sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

4    that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

5    Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

6    this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

7    produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

8    seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

9    at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

10   improperly being used as a discovery device and violates the rule of proportionality embodied in

11   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

12   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

13   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

14   as a Request for Admission is an improper attempt to avoid the numerical limitations on

15   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

16   that it requires them to review and analyze all information obtained in discovery thus far, including

17   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

18   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

19   substantial deposition and documentary discovery yet to occur, all of which may shed light on

20   these issues addressed by this Request.

21   **REQUEST FOR ADMISSION NO. 41:**

22          Admit that YOU have no EVIDENCE that DEFENDANT Thai CRT Company, Ltd. was at

23   any time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

24   **RESPONSE:**

25          In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

26   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

27   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

28   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

1    information that are neither relevant to any claims or defenses in this litigation nor reasonably

2    calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

3    the ground that it seeks information or documents in the possession, custody, or control of SDIA,

4    or that are equally or more readily available to SDIA from other defendants, third-parties, public

5    sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

6    that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

7    Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

8    this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

9    produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

10   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

11   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

12   improperly being used as a discovery device and violates the rule of proportionality embodied in

13   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

14   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

15   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

16   as a Request for Admission is an improper attempt to avoid the numerical limitations on

17   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

18   that it requires them to review and analyze all information obtained in discovery thus far, including

19   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

20   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

21   substantial deposition and documentary discovery yet to occur, all of which may shed light on

22   these issues addressed by this Request.

23   **REQUEST FOR ADMISSION NO. 42:**

24       Admit that YOU have no EVIDENCE that DEFENDANT Thai CRT Company, Ltd. was at

25   any time CONTROLLED by any other DEFENDANT or alleged CONSPIRATOR.

26   **RESPONSE:**

27       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

28   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on the ground that it seeks information or documents in the possession, custody, or control of SDIA, or that are equally or more readily available to SDIA from other defendants, third-parties, public sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is improperly being used as a discovery device and violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is duplicative of other discovery, cumulative and/or better and more efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground that it requires them to review and analyze all information obtained in discovery thus far, including thousands of documents, that are the subject of these Requests, and therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with substantial deposition and documentary discovery yet to occur, all of which may shed light on these issues addressed by this Request.

**REQUEST FOR ADMISSION NO. 43:**

Admit that YOU do not contend that DEFENDANT Toshiba Corporation at any time OWNED DEFENDANT MT Picture Display Co., Ltd., f/k/a Matsushita Toshiba Picture Display Co., Ltd.

1    **RESPONSE**:

2         In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

3    which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

4    Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

5    this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

6    information that are neither relevant to any claims or defenses in this litigation nor reasonably

7    calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

8    the ground that it seeks information or documents in the possession, custody, or control of SDIA,

9    or that are equally or more readily available to SDIA from other defendants, third-parties, public

10   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

11   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

12   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

13   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

14   produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

15   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

16   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

17   improperly being used as a discovery device and violates the rule of proportionality embodied in

18   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

19   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

20   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

21   as a Request for Admission is an improper attempt to avoid the numerical limitations on

22   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

23   that it requires them to review and analyze all information obtained in discovery thus far, including

24   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

25   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

26   substantial deposition and documentary discovery yet to occur, all of which may shed light on

27   these issues addressed by this Request.

28

1    **REQUEST FOR ADMISSION NO. 44:**

2         Admit that YOU do not contend that DEFENDANT Toshiba Corporation at any time

3    CONTROLLED DEFENDANT MT Picture Display Co., Ltd., f/k/a Matsushita Toshiba Picture

4    Display Co., Ltd.

5    **RESPONSE:**

6         In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

7    which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

8    Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

9    this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

10   information that are neither relevant to any claims or defenses in this litigation nor reasonably

11   calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

12   the ground that it seeks information or documents in the possession, custody, or control of SDIA,

13   or that are equally or more readily available to SDIA from other defendants, third-parties, public

14   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

15   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

16   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

17   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

18   produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

19   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

20   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

21   improperly being used as a discovery device and violates the rule of proportionality embodied in

22   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

23   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

24   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

25   as a Request for Admission is an improper attempt to avoid the numerical limitations on

26   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

27   that it requires them to review and analyze all information obtained in discovery thus far, including

28   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1   unduly burdensome at this stage of the litigation. Discovery in this action is ongoing with

2   substantial deposition and documentary discovery yet to occur, all of which may shed light on

3   these issues addressed by this Request.

4   **REQUEST FOR ADMISSION NO. 45:**

5          Admit that YOU have no EVIDENCE that DEFENDANT Toshiba Corporation at any time

6   OWNED DEFENDANT MT Picture Display Co., Ltd., f/k/a Matsushita Toshiba Picture Display

7   Co., Ltd.

8   **RESPONSE:**

9          In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

10  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

11  Request on the ground that it calls for legal argument or legal conclusions. Plaintiffs also object to

12  this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

13  information that are neither relevant to any claims or defenses in this litigation nor reasonably

14  calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this Request on

15  the ground that it seeks information or documents in the possession, custody, or control of SDIA,

16  or that are equally or more readily available to SDIA from other defendants, third-parties, public

17  sources, or otherwise. Plaintiffs further object to this Request on grounds that it seeks information

18  that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

19  Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012). Plaintiffs further object to

20  this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

21  produced in this action. Plaintiffs object to this Request on the grounds that it is premature and

22  seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

23  at an early stage of this litigation. Plaintiffs further object to this Request on the grounds that it is

24  improperly being used as a discovery device and violates the rule of proportionality embodied in

25  Federal Rule of Civil Procedure 26(b)(2)(C). The information sought by this Request is

26  duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

27  sources. Plaintiffs further object that this Request is essentially an interrogatory; denominating it

28  as a Request for Admission is an improper attempt to avoid the numerical limitations on

**DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS**

1    interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

2    that it requires them to review and analyze all information obtained in discovery thus far, including

3    thousands of documents, that are the subject of these Requests, and therefore are overbroad and

4    unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

5    substantial deposition and documentary discovery yet to occur, all of which may shed light on

6    these issues addressed by this Request.

7    **REQUEST FOR ADMISSION NO. 46:**

8        Admit that YOU have no EVIDENCE that DEFENDANT Toshiba Corporation at any time

9    CONTROLLED DEFENDANT MT Picture Display Co., Ltd., f/k/a Matsushita Toshiba Picture

10   Display Co., Ltd.

11   **RESPONSE:**

12       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

13   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

14   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

15   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

16   information that are neither relevant to any claims or defenses in this litigation nor reasonably

17   calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

18   the ground that it seeks information or documents in the possession, custody, or control of SDIA,

19   or that are equally or more readily available to SDIA from other defendants, third-parties, public

20   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

21   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

22   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

23   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

24   produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

25   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

26   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

27   improperly being used as a discovery device and violates the rule of proportionality embodied in

28   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

1   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

2   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

3   as a Request for Admission is an improper attempt to avoid the numerical limitations on

4   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

5   that it requires them to review and analyze all information obtained in discovery thus far, including

6   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

7   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

8   substantial deposition and documentary discovery yet to occur, all of which may shed light on

9   these issues addressed by this Request.

10  **REQUEST FOR ADMISSION NO. 47:**

11       Admit that YOU do not contend that DEFENDANT Panasonic Corporation at any time

12  OWNED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

13  **RESPONSE:**

14       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

15  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

16  Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

17  this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

18  information that are neither relevant to any claims or defenses in this litigation nor reasonably

19  calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

20  the ground that it seeks information or documents in the possession, custody, or control of SDIA,

21  or that are equally or more readily available to SDIA from other defendants, third-parties, public

22  sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

23  that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

24  Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

25  this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

26  produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

27  seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

28  at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

1   improperly being used as a discovery device and violates the rule of proportionality embodied in

2   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

3   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

4   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

5   as a Request for Admission is an improper attempt to avoid the numerical limitations on

6   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

7   that it requires them to review and analyze all information obtained in discovery thus far, including

8   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

9   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

10   substantial deposition and documentary discovery yet to occur, all of which may shed light on

11   these issues addressed by this Request.

12   **REQUEST FOR ADMISSION NO. 48:**

13         Admit that YOU do not contend that DEFENDANT Panasonic Corporation at any time

14   CONTROLLED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

15   **RESPONSE:**

16         In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

17   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

18   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

19   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

20   information that are neither relevant to any claims or defenses in this litigation nor reasonably

21   calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

22   the ground that it seeks information or documents in the possession, custody, or control of SDIA,

23   or that are equally or more readily available to SDIA from other defendants, third-parties, public

24   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

25   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

26   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

27   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

28   produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

1   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

2   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

3   improperly being used as a discovery device and violates the rule of proportionality embodied in

4   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

5   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

6   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

7   as a Request for Admission is an improper attempt to avoid the numerical limitations on

8   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

9   that it requires them to review and analyze all information obtained in discovery thus far, including

10  thousands of documents, that are the subject of these Requests, and therefore are overbroad and

11  unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

12  substantial deposition and documentary discovery yet to occur, all of which may shed light on

13  these issues addressed by this Request.

14  **REQUEST FOR ADMISSION NO. 49:**

15      Admit that YOU have no EVIDENCE that DEFENDANT Panasonic Corporation at any

16  time OWNED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

17  **RESPONSE:**

18      In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

19  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

20  Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

21  this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

22  information that are neither relevant to any claims or defenses in this litigation nor reasonably

23  calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

24  the ground that it seeks information or documents in the possession, custody, or control of SDIA,

25  or that are equally or more readily available to SDIA from other defendants, third-parties, public

26  sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

27  that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

28  Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

1  this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

2  produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

3  seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

4  at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

5  improperly being used as a discovery device and violates the rule of proportionality embodied in

6  Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

7  duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

8  sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

9  as a Request for Admission is an improper attempt to avoid the numerical limitations on

10 interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

11 that it requires them to review and analyze all information obtained in discovery thus far, including

12 thousands of documents, that are the subject of these Requests, and therefore are overbroad and

13 unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

14 substantial deposition and documentary discovery yet to occur, all of which may shed light on

15 these issues addressed by this Request.

16 **REQUEST FOR ADMISSION NO. 49:**

17        Admit that YOU have no EVIDENCE that DEFENDANT Panasonic Corporation at any

18 time CONTROLLED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

19 **RESPONSE:**

20        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

21 which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

22 Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

23 this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

24 information that are neither relevant to any claims or defenses in this litigation nor reasonably

25 calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

26 the ground that it seeks information or documents in the possession, custody, or control of SDIA,

27 or that are equally or more readily available to SDIA from other defendants, third-parties, public

28 sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

1   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

2   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

3   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

4   produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

5   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

6   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

7   improperly being used as a discovery device and violates the rule of proportionality embodied in

8   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

9   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

10   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

11   as a Request for Admission is an improper attempt to avoid the numerical limitations on

12   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

13   that it requires them to review and analyze all information obtained in discovery thus far, including

14   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

15   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

16   substantial deposition and documentary discovery yet to occur, all of which may shed light on

17   these issues addressed by this Request.

18   **REQUEST FOR ADMISSION NO. 50:**

19        Admit that YOU do not contend that DEFENDANT Toshiba Corporation at any time

20   OWNED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

21   **RESPONSE:**

22        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

23   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

24   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

25   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

26   information that are neither relevant to any claims or defenses in this litigation nor reasonably

27   calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

28   the ground that it seeks information or documents in the possession, custody, or control of SDIA,

1   or that are equally or more readily available to SDIA from other defendants, third-parties, public

2   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

3   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

4   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

5   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

6   produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

7   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

8   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

9   improperly being used as a discovery device and violates the rule of proportionality embodied in

10   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

11   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

12   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

13   as a Request for Admission is an improper attempt to avoid the numerical limitations on

14   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

15   that it requires them to review and analyze all information obtained in discovery thus far, including

16   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

17   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

18   substantial deposition and documentary discovery yet to occur, all of which may shed light on

19   these issues addressed by this Request.

20   **REQUEST FOR ADMISSION NO. 51:**

21        Admit that YOU do not contend that DEFENDANT Toshiba Corporation at any time

22   CONTROLLED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

23   **RESPONSE:**

24        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

25   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

26   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

27   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

28   information that are neither relevant to any claims or defenses in this litigation nor reasonably

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

2    the ground that it seeks information or documents in the possession, custody, or control of SDIA,

3    or that are equally or more readily available to SDIA from other defendants, third-parties, public

4    sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

5    that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

6    Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

7    this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

8    produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

9    seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

10   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

11   improperly being used as a discovery device and violates the rule of proportionality embodied in

12   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

13   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

14   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

15   as a Request for Admission is an improper attempt to avoid the numerical limitations on

16   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

17   that it requires them to review and analyze all information obtained in discovery thus far, including

18   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

19   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

20   substantial deposition and documentary discovery yet to occur, all of which may shed light on

21   these issues addressed by this Request.

22   **REQUEST FOR ADMISSION NO. 52:**

23         Admit that YOU have no EVIDENCE that DEFENDANT Toshiba Corporation at any time

24   OWNED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

25   **RESPONSE:**

26         In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

27   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

28   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1  this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

2  information that are neither relevant to any claims or defenses in this litigation nor reasonably

3  calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

4  the ground that it seeks information or documents in the possession, custody, or control of SDIA,

5  or that are equally or more readily available to SDIA from other defendants, third-parties, public

6  sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

7  that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

8  Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

9  this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

10 produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

11 seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

12 at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

13 improperly being used as a discovery device and violates the rule of proportionality embodied in

14 Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

15 duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

16 sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

17 as a Request for Admission is an improper attempt to avoid the numerical limitations on

18 interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

19 that it requires them to review and analyze all information obtained in discovery thus far, including

20 thousands of documents, that are the subject of these Requests, and therefore are overbroad and

21 unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

22 substantial deposition and documentary discovery yet to occur, all of which may shed light on

23 these issues addressed by this Request.

24 **REQUEST FOR ADMISSION NO. 53:**

25 Admit that YOU have no EVIDENCE that DEFENDANT Toshiba Corporation at any time

26 CONTROLLED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

27

28

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1     **RESPONSE:**

2            In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

3     which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

4     Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

5     this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

6     information that are neither relevant to any claims or defenses in this litigation nor reasonably

7     calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

8     the ground that it seeks information or documents in the possession, custody, or control of SDIA,

9     or that are equally or more readily available to SDIA from other defendants, third-parties, public

10    sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

11    that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

12    Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

13    this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

14    produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

15    seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

16    at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

17    improperly being used as a discovery device and violates the rule of proportionality embodied in

18    Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

19    duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

20    sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

21    as a Request for Admission is an improper attempt to avoid the numerical limitations on

22    interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

23    that it requires them to review and analyze all information obtained in discovery thus far, including

24    thousands of documents, that are the subject of these Requests, and therefore are overbroad and

25    unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

26    substantial deposition and documentary discovery yet to occur, all of which may shed light on

27    these issues addressed by this Request.

28

1

**REQUEST FOR ADMISSION NO. 54:**

2

Admit that YOU do not contend that DEFENDANT MT Picture Display Co., Ltd., f/k/a

3

Matsushita Toshiba Picture Display Co., Ltd. at any time OWNED DEFENDANT Beijing-

4

Matsushita Color CRT Company, Ltd.

5

**RESPONSE:**

6

In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

7

which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

8

Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

9

this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

10

information that are neither relevant to any claims or defenses in this litigation nor reasonably

11

calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

12

the ground that it seeks information or documents in the possession, custody, or control of SDIA,

13

or that are equally or more readily available to SDIA from other defendants, third-parties, public

14

sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

15

that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

16

Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

17

this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

18

produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

19

seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

20

at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

21

improperly being used as a discovery device and violates the rule of proportionality embodied in

22

Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

23

duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

24

sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

25

as a Request for Admission is an improper attempt to avoid the numerical limitations on

26

interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

27

that it requires them to review and analyze all information obtained in discovery thus far, including

28

thousands of documents, that are the subject of these Requests, and therefore are overbroad and

1    unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

2    substantial deposition and documentary discovery yet to occur, all of which may shed light on

3    these issues addressed by this Request.

4    **REQUEST FOR ADMISSION NO. 55:**

5         Admit that YOU do not contend that DEFENDANT MT Picture Display Co., Ltd., f/k/a

6    Matsushita Toshiba Picture Display Co., Ltd. at any time CONTROLLED DEFENDANT Beijing-

7    Matsushita Color CRT Company, Ltd.

8    **RESPONSE:**

9         In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

10   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

11   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

12   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

13   information that are neither relevant to any claims or defenses in this litigation nor reasonably

14   calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

15   the ground that it seeks information or documents in the possession, custody, or control of SDIA,

16   or that are equally or more readily available to SDIA from other defendants, third-parties, public

17   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

18   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

19   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

20   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

21   produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

22   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

23   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

24   improperly being used as a discovery device and violates the rule of proportionality embodied in

25   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

26   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

27   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

28   as a Request for Admission is an improper attempt to avoid the numerical limitations on

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

2    that it requires them to review and analyze all information obtained in discovery thus far, including

3    thousands of documents, that are the subject of these Requests, and therefore are overbroad and

4    unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

5    substantial deposition and documentary discovery yet to occur, all of which may shed light on

6    these issues addressed by this Request.

7    **REQUEST FOR ADMISSION NO. 56:**

8        Admit that YOU have no EVIDENCE that DEFENDANT MT Picture Display Co., Ltd.,

9    f/k/a Matsushita Toshiba Picture Display Co., Ltd. at any time OWNED DEFENDANT Beijing-

10   Matsushita Color CRT Company, Ltd.

11   **RESPONSE:**

12       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

13   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

14   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

15   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

16   information that are neither relevant to any claims or defenses in this litigation nor reasonably

17   calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

18   the ground that it seeks information or documents in the possession, custody, or control of SDIA,

19   or that are equally or more readily available to SDIA from other defendants, third-parties, public

20   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

21   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

22   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

23   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

24   produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

25   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

26   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

27   improperly being used as a discovery device and violates the rule of proportionality embodied in

28   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

2    sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

3    as a Request for Admission is an improper attempt to avoid the numerical limitations on

4    interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

5    that it requires them to review and analyze all information obtained in discovery thus far, including

6    thousands of documents, that are the subject of these Requests, and therefore are overbroad and

7    unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

8    substantial deposition and documentary discovery yet to occur, all of which may shed light on

9    these issues addressed by this Request.

10   **REQUEST FOR ADMISSION NO. 57:**

11       Admit that YOU have no EVIDENCE that DEFENDANT MT Picture Display Co., Ltd.,

12   f/k/a Matsushita Toshiba Picture Display Co., Ltd. at any time CONTROLLED DEFENDANT

13   Beijing-Matsushita Color CRT Company, Ltd.

14   **RESPONSE:**

15       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

16   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

17   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

18   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

19   information that are neither relevant to any claims or defenses in this litigation nor reasonably

20   calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

21   the ground that it seeks information or documents in the possession, custody, or control of SDIA,

22   or that are equally or more readily available to SDIA from other defendants, third-parties, public

23   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

24   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

25   Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

26   this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

27   produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

28   seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

1   at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

2   improperly being used as a discovery device and violates the rule of proportionality embodied in

3   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

4   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

5   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

6   as a Request for Admission is an improper attempt to avoid the numerical limitations on

7   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

8   that it requires them to review and analyze all information obtained in discovery thus far, including

9   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

10  unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

11  substantial deposition and documentary discovery yet to occur, all of which may shed light on

12  these issues addressed by this Request.

13  **REQUEST FOR ADMISSION NO. 58:**

14      Admit that YOU do not contend that Envision Peripherals, Inc. was at any time OWNED

15  by any DEFENDANT or alleged CONSPIRATOR.

16  **RESPONSE:**

17      In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

18  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

19  Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

20  this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

21  information that are neither relevant to any claims or defenses in this litigation nor reasonably

22  calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

23  the ground that it seeks information or documents in the possession, custody, or control of SDIA,

24  or that are equally or more readily available to SDIA from other defendants, third-parties, public

25  sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

26  that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

27  Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

28  this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

2    seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

3    at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

4    improperly being used as a discovery device and violates the rule of proportionality embodied in

5    Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

6    duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

7    sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

8    as a Request for Admission is an improper attempt to avoid the numerical limitations on

9    interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

10   that it requires them to review and analyze all information obtained in discovery thus far, including

11   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

12   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

13   substantial deposition and documentary discovery yet to occur, all of which may shed light on

14   these issues addressed by this Request.

15   **REQUEST FOR ADMISSION NO. 59:**

16       Admit that YOU do not contend that Envision Peripherals, Inc. was at any time

17   CONTROLLED by any DEFENDANT or alleged CONSPIRATOR.

18   **RESPONSE:**

19       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

20   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

21   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

22   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

23   information that are neither relevant to any claims or defenses in this litigation nor reasonably

24   calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

25   the ground that it seeks information or documents in the possession, custody, or control of SDIA,

26   or that are equally or more readily available to SDIA from other defendants, third-parties, public

27   sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

28   that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

2    this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

3    produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

4    seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

5    at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

6    improperly being used as a discovery device and violates the rule of proportionality embodied in

7    Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

8    duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

9    sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

10    as a Request for Admission is an improper attempt to avoid the numerical limitations on

11    interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

12    that it requires them to review and analyze all information obtained in discovery thus far, including

13    thousands of documents, that are the subject of these Requests, and therefore are overbroad and

14    unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

15    substantial deposition and documentary discovery yet to occur, all of which may shed light on

16    these issues addressed by this Request.

17    **REQUEST FOR ADMISSION NO. 60:**

18        Admit that YOU have no EVIDENCE that Envision Peripherals, Inc. was at any time

19    OWNED by any DEFENDANT or alleged CONSPIRATOR.

20    **RESPONSE:**

21        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

22    which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

23    Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

24    this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

25    information that are neither relevant to any claims or defenses in this litigation nor reasonably

26    calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

27    the ground that it seeks information or documents in the possession, custody, or control of SDIA,

28    or that are equally or more readily available to SDIA from other defendants, third-parties, public

1    sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

2    that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

3    Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

4    this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

5    produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

6    seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

7    at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

8    improperly being used as a discovery device and violates the rule of proportionality embodied in

9    Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

10   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

11   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

12   as a Request for Admission is an improper attempt to avoid the numerical limitations on

13   interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

14   that it requires them to review and analyze all information obtained in discovery thus far, including

15   thousands of documents, that are the subject of these Requests, and therefore are overbroad and

16   unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

17   substantial deposition and documentary discovery yet to occur, all of which may shed light on

18   these issues addressed by this Request.

19   **REQUEST FOR ADMISSION NO. 61:**

20        Admit that YOU have no EVIDENCE that Envision Peripherals, Inc. was at any time

21   CONTROLLED by any DEFENDANT or alleged CONSPIRATOR.

22   **RESPONSE:**

23        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

24   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

25   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs also object to

26   this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and

27   information that are neither relevant to any claims or defenses in this litigation nor reasonably

28   calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on

the ground that it seeks information or documents in the possession, custody, or control of SDIA,

or that are equally or more readily available to SDIA from other defendants, third-parties, public

sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information

that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint

Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to

this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery

produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and

seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and

at an early stage of this litigation.  Plaintiffs further object to this Request on the grounds that it is

improperly being used as a discovery device and violates the rule of proportionality embodied in

Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

as a Request for Admission is an improper attempt to avoid the numerical limitations on

interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground

that it requires them to review and analyze all information obtained in discovery thus far, including

thousands of documents, that are the subject of these Requests, and therefore are overbroad and

unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with

substantial deposition and documentary discovery yet to occur, all of which may shed light on

these issues addressed by this Request.

**REQUEST FOR ADMISSION NO. 62:**

Admit that YOU do not contend that Samsung Electronics Co., Ltd. made CRTs during the

RELEVANT PERIOD.

**RESPONSE:**

In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

Request it calls for legal argument or legal conclusions.  Plaintiffs also object to the term "made"

as vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

1   burdensome, oppressive, and seeks documents and information that are neither relevant to any

2   claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

3   evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is

4   inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

5   for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this

6   Request on the grounds that it is improperly being used as a discovery device and violates the rule

7   of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information

8   sought by this Request is duplicative of other discovery, cumulative and/or better and more

9   efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an

10  interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

11  numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

12  this Request on the ground that it requires them to review and analyze all information obtained in

13  discovery thus far, including thousands of documents, that are the subject of these Requests, and

14  therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

15  action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

16  may shed light on these issues addressed by this Request.

17  **REQUEST FOR ADMISSION NO. 63:**

18      Admit that YOU do not contend that Samsung Electronics Co., Ltd. sold stand-alone CRTs

19  during the RELEVANT PERIOD.

20  **RESPONSE:**

21      In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

22  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

23  Request it calls for legal argument or legal conclusions.  Plaintiffs also object to the term "stand-

24  alone" as vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

25  burdensome, oppressive, and seeks documents and information that are neither relevant to any

26  claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

27  evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is

28  inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1   for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this

2   Request on the grounds that it is improperly being used as a discovery device and violates the rule

3   of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information

4   sought by this Request is duplicative of other discovery, cumulative and/or better and more

5   efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an

6   interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

7   numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

8   this Request on the ground that it requires them to review and analyze all information obtained in

9   discovery thus far, including thousands of documents, that are the subject of these Requests, and

10  therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

11  action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

12  may shed light on these issues addressed by this Request.

13  **REQUEST FOR ADMISSION NO. 64:**

14      Admit that YOU do not contend that Samsung Electronics America, Inc. made CRTs

15  during the RELEVANT PERIOD.

16  **RESPONSE:**

17      In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

18  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

19  Request it calls for legal argument or legal conclusions.  Plaintiffs also object to the term "made"

20  as vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

21  burdensome, oppressive, and seeks documents and information that are neither relevant to any

22  claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

23  evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is

24  inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

25  for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this

26  Request on the grounds that it is improperly being used as a discovery device and violates the rule

27  of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information

28  sought by this Request is duplicative of other discovery, cumulative and/or better and more

1   efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an

2   interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

3   numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

4   this Request on the ground that it requires them to review and analyze all information obtained in

5   discovery thus far, including thousands of documents, that are the subject of these Requests, and

6   therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

7   action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

8   may shed light on these issues addressed by this Request.

9   **REQUEST FOR ADMISSION NO. 65:**

10       Admit that YOU do not contend that Samsung Electronics America, Inc. sold stand-alone

11   CRTs during the RELEVANT PERIOD.

12   **RESPONSE:**

13       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

14   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

15   Request it calls for legal argument or legal conclusions.  Plaintiffs also object to the term "stand-

16   alone" as vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

17   burdensome, oppressive, and seeks documents and information that are neither relevant to any

18   claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

19   evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is

20   inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

21   for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this

22   Request on the grounds that it is improperly being used as a discovery device and violates the rule

23   of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information

24   sought by this Request is duplicative of other discovery, cumulative and/or better and more

25   efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an

26   interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

27   numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

28   this Request on the ground that it requires them to review and analyze all information obtained in

1   discovery thus far, including thousands of documents, that are the subject of these Requests, and

2   therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

3   action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

4   may shed light on these issues addressed by this Request.

5   **REQUEST FOR ADMISSION NO. 66:**

6       Admit that YOU do not contend that Panasonic Corporation of North America made CRTs

7   during the RELEVANT PERIOD.

8   **RESPONSE:**

9       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

10  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

11  Request it calls for legal argument or legal conclusions.  Plaintiffs also object to the term "made"

12  as vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

13  burdensome, oppressive, and seeks documents and information that are neither relevant to any

14  claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

15  evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is

16  inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

17  for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this

18  Request on the grounds that it is improperly being used as a discovery device and violates the rule

19  of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information

20  sought by this Request is duplicative of other discovery, cumulative and/or better and more

21  efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an

22  interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

23  numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

24  this Request on the ground that it requires them to review and analyze all information obtained in

25  discovery thus far, including thousands of documents, that are the subject of these Requests, and

26  therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

27  action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

28  may shed light on these issues addressed by this Request.

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    **REQUEST FOR ADMISSION NO. 67:**

2        Admit that YOU do not contend that Panasonic Corporation of North America sold stand-

3    alone CRTs during the RELEVANT PERIOD.

4    **RESPONSE:**

5        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

6    which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

7    Request it calls for legal argument or legal conclusions.  Plaintiffs also object to the term "stand-

8    alone" as vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

9    burdensome, oppressive, and seeks documents and information that are neither relevant to any

10   claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

11   evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is

12   inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

13   for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this

14   Request on the grounds that it is improperly being used as a discovery device and violates the rule

15   of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information

16   sought by this Request is duplicative of other discovery, cumulative and/or better and more

17   efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an

18   interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

19   numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

20   this Request on the ground that it requires them to review and analyze all information obtained in

21   discovery thus far, including thousands of documents, that are the subject of these Requests, and

22   therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

23   action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

24   may shed light on these issues addressed by this Request.

25   **REQUEST FOR ADMISSION NO. 68:**

26       Admit that YOU do not contend that Panasonic Consumer Electronics Co. made CRTs

27   during the RELEVANT PERIOD.

28

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    **RESPONSE:**

2    In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

3    which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

4    Request it calls for legal argument or legal conclusions.  Plaintiffs also object to the term "made"

5    as vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

6    burdensome, oppressive, and seeks documents and information that are neither relevant to any

7    claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

8    evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is

9    inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

10   for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this

11   Request on the grounds that it is improperly being used as a discovery device and violates the rule

12   of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information

13   sought by this Request is duplicative of other discovery, cumulative and/or better and more

14   efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an

15   interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

16   numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

17   this Request on the ground that it requires them to review and analyze all information obtained in

18   discovery thus far, including thousands of documents, that are the subject of these Requests, and

19   therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

20   action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

21   may shed light on these issues addressed by this Request.

22   **REQUEST FOR ADMISSION NO. 69:**

23   Admit that YOU do not contend that Panasonic Consumer Electronics Co. sold stand-alone

24   CRTs during the RELEVANT PERIOD.

25   **RESPONSE:**

26   In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

27   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

28   Request it calls for legal argument or legal conclusions.  Plaintiffs also object to the term "stand-

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1  alone" as vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

2  burdensome, oppressive, and seeks documents and information that are neither relevant to any

3  claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

4  evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is

5  inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

6  for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this

7  Request on the grounds that it is improperly being used as a discovery device and violates the rule

8  of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information

9  sought by this Request is duplicative of other discovery, cumulative and/or better and more

10  efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an

11  interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

12  numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

13  this Request on the ground that it requires them to review and analyze all information obtained in

14  discovery thus far, including thousands of documents, that are the subject of these Requests, and

15  therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

16  action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

17  may shed light on these issues addressed by this Request.

18  **REQUEST FOR ADMISSION NO. 70:**

19      Admit that YOU do not contend that Philips Electronics North America made CRTs during

20  the RELEVANT PERIOD.

21  **RESPONSE:**

22      In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

23  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

24  Request it calls for legal argument or legal conclusions.  Plaintiffs also object to the term "made"

25  as vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

26  burdensome, oppressive, and seeks documents and information that are neither relevant to any

27  claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

28  evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1  inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

2  for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012). Plaintiffs further object to this

3  Request on the grounds that it is improperly being used as a discovery device and violates the rule

4  of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C). The information

5  sought by this Request is duplicative of other discovery, cumulative and/or better and more

6  efficiently obtained from other sources. Plaintiffs further object that this Request is essentially an

7  interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

8  numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

9  this Request on the ground that it requires them to review and analyze all information obtained in

10 discovery thus far, including thousands of documents, that are the subject of these Requests, and

11 therefore are overbroad and unduly burdensome at this stage of the litigation. Discovery in this

12 action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

13 may shed light on these issues addressed by this Request.

14 **REQUEST FOR ADMISSION NO. 71:**

15        Admit that YOU do not contend that Philips Electronics North America sold stand-alone

16 CRTs during the RELEVANT PERIOD.

17 **RESPONSE:**

18        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

19 which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

20 Request it calls for legal argument or legal conclusions. Plaintiffs also object to the term "stand-

21 alone" as vague and ambiguous. Plaintiffs also object to this Request on grounds that it is unduly

22 burdensome, oppressive, and seeks documents and information that are neither relevant to any

23 claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

24 evidence. Plaintiffs further object to this Request on grounds that it seeks information that is

25 inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

26 for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012). Plaintiffs further object to this

27 Request on the grounds that it is improperly being used as a discovery device and violates the rule

28 of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C). The information

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1  sought by this Request is duplicative of other discovery, cumulative and/or better and more

2  efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an

3  interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

4  numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

5  this Request on the ground that it requires them to review and analyze all information obtained in

6  discovery thus far, including thousands of documents, that are the subject of these Requests, and

7  therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

8  action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

9  may shed light on these issues addressed by this Request.

10  **REQUEST FOR ADMISSION NO. 72:**

11        Admit that YOU do not contend that Philips Consumer Electronics Co. made CRTs during

12  the RELEVANT PERIOD.

13  **RESPONSE:**

14        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

15  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

16  Request it calls for legal argument or legal conclusions.  Plaintiffs also object to the term "made"

17  as vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

18  burdensome, oppressive, and seeks documents and information that are neither relevant to any

19  claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

20  evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is

21  inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

22  for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this

23  Request on the grounds that it is improperly being used as a discovery device and violates the rule

24  of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information

25  sought by this Request is duplicative of other discovery, cumulative and/or better and more

26  efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an

27  interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

28  numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1   this Request on the ground that it requires them to review and analyze all information obtained in

2   discovery thus far, including thousands of documents, that are the subject of these Requests, and

3   therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

4   action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

5   may shed light on these issues addressed by this Request.

6   **REQUEST FOR ADMISSION NO. 73:**

7       Admit that YOU do not contend that Philips Consumer Electronics Co. sold stand- alone

8   CRTs during the RELEVANT PERIOD.

9   **RESPONSE:**

10      In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

11  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

12  Request it calls for legal argument or legal conclusions.  Plaintiffs also object to the term "stand-

13  alone" as vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

14  burdensome, oppressive, and seeks documents and information that are neither relevant to any

15  claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

16  evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is

17  inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

18  for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this

19  Request on the grounds that it is improperly being used as a discovery device and violates the rule

20  of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information

21  sought by this Request is duplicative of other discovery, cumulative and/or better and more

22  efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an

23  interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

24  numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

25  this Request on the ground that it requires them to review and analyze all information obtained in

26  discovery thus far, including thousands of documents, that are the subject of these Requests, and

27  therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

28

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

2    may shed light on these issues addressed by this Request.

3    **REQUEST FOR ADMISSION NO. 74:**

4        Admit that YOU do not contend that Tatung Company of America, Inc. made CRTs during

5    the RELEVANT PERIOD.

6    **RESPONSE:**

7        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

8    which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

9    Request it calls for legal argument or legal conclusions.  Plaintiffs also object to the term "made"

10   as vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

11   burdensome, oppressive, and seeks documents and information that are neither relevant to any

12   claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

13   evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is

14   inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

15   for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this

16   Request on the grounds that it is improperly being used as a discovery device and violates the rule

17   of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information

18   sought by this Request is duplicative of other discovery, cumulative and/or better and more

19   efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an

20   interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

21   numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

22   this Request on the ground that it requires them to review and analyze all information obtained in

23   discovery thus far, including thousands of documents, that are the subject of these Requests, and

24   therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

25   action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

26   may shed light on these issues addressed by this Request.

27

28

**REQUEST FOR ADMISSION NO. 75:**

Admit that YOU do not contend that Tatung Company of America, Inc. sold stand-alone CRTs during the RELEVANT PERIOD.

**RESPONSE:**

In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this Request it calls for legal argument or legal conclusions.  Plaintiffs also object to the term "stand-alone" as vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this Request on the grounds that it is improperly being used as a discovery device and violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is duplicative of other discovery, cumulative and/or better and more efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground that it requires them to review and analyze all information obtained in discovery thus far, including thousands of documents, that are the subject of these Requests, and therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with substantial deposition and documentary discovery yet to occur, all of which may shed light on these issues addressed by this Request.

**REQUEST FOR ADMISSION NO. 76:**

Admit that YOU do not contend that Tatung Company made CRTs during the RELEVANT PERIOD.

**RESPONSE:**

In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this Request it calls for legal argument or legal conclusions.  Plaintiffs also object to the term "made" as vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this Request on the grounds that it is improperly being used as a discovery device and violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is duplicative of other discovery, cumulative and/or better and more efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to this Request on the ground that it requires them to review and analyze all information obtained in discovery thus far, including thousands of documents, that are the subject of these Requests, and therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this action is ongoing with substantial deposition and documentary discovery yet to occur, all of which may shed light on these issues addressed by this Request.

**REQUEST FOR ADMISSION NO. 78:**

Admit that YOU do not contend that Tatung Company sold stand-alone CRTs during the RELEVANT PERIOD.

**RESPONSE:**

In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this Request it calls for legal argument or legal conclusions.  Plaintiffs also object to the term "stand-

alone" as vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

burdensome, oppressive, and seeks documents and information that are neither relevant to any

claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is

inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this

Request on the grounds that it is improperly being used as a discovery device and violates the rule

of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information

sought by this Request is duplicative of other discovery, cumulative and/or better and more

efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an

interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

this Request on the ground that it requires them to review and analyze all information obtained in

discovery thus far, including thousands of documents, that are the subject of these Requests, and

therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

may shed light on these issues addressed by this Request.

**REQUEST FOR ADMISSION NO. 77:**

Admit that YOU do not contend that Toshiba America Consumer Products LLC made

CRTs during the RELEVANT PERIOD.

**RESPONSE:**

In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

Request it calls for legal argument or legal conclusions.  Plaintiffs also object to the term "made"

as vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

burdensome, oppressive, and seeks documents and information that are neither relevant to any

claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1   inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

2   for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012). Plaintiffs further object to this

3   Request on the grounds that it is improperly being used as a discovery device and violates the rule

4   of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C). The information

5   sought by this Request is duplicative of other discovery, cumulative and/or better and more

6   efficiently obtained from other sources. Plaintiffs further object that this Request is essentially an

7   interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

8   numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

9   this Request on the ground that it requires them to review and analyze all information obtained in

10  discovery thus far, including thousands of documents, that are the subject of these Requests, and

11  therefore are overbroad and unduly burdensome at this stage of the litigation. Discovery in this

12  action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

13  may shed light on these issues addressed by this Request.

14  **REQUEST FOR ADMISSION NO. 78:**

15      Admit that YOU do not contend that Toshiba America Consumer Products LLC sold stand-

16  alone CRTs during the RELEVANT PERIOD.

17  **RESPONSE:**

18      In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

19  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

20  Request it calls for legal argument or legal conclusions. Plaintiffs also object to the term "stand-

21  alone" as vague and ambiguous. Plaintiffs also object to this Request on grounds that it is unduly

22  burdensome, oppressive, and seeks documents and information that are neither relevant to any

23  claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

24  evidence. Plaintiffs further object to this Request on grounds that it seeks information that is

25  inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

26  for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012). Plaintiffs further object to this

27  Request on the grounds that it is improperly being used as a discovery device and violates the rule

28  of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C). The information

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1  sought by this Request is duplicative of other discovery, cumulative and/or better and more

2  efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an

3  interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

4  numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

5  this Request on the ground that it requires them to review and analyze all information obtained in

6  discovery thus far, including thousands of documents, that are the subject of these Requests, and

7  therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

8  action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

9  may shed light on these issues addressed by this Request.

10  **REQUEST FOR ADMISSION NO. 79:**

11      Admit that YOU do not contend that Toshiba America Consumer Products, Inc. made

12  CRTs during the RELEVANT PERIOD.

13  **RESPONSE:**

14      In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

15  which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

16  Request it calls for legal argument or legal conclusions.  Plaintiffs also object to the term "made"

17  as vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

18  burdensome, oppressive, and seeks documents and information that are neither relevant to any

19  claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

20  evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is

21  inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

22  for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this

23  Request on the grounds that it is improperly being used as a discovery device and violates the rule

24  of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information

25  sought by this Request is duplicative of other discovery, cumulative and/or better and more

26  efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an

27  interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

28  numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1   this Request on the ground that it requires them to review and analyze all information obtained in

2   discovery thus far, including thousands of documents, that are the subject of these Requests, and

3   therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

4   action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

5   may shed light on these issues addressed by this Request.

6   **REQUEST FOR ADMISSION NO. 80:**

7   Admit that YOU do not contend that Toshiba America Consumer Products, Inc. sold stand-

8   alone CRTs during the RELEVANT PERIOD.

9   **RESPONSE:**

10   In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

11   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

12   Request it calls for legal argument or legal conclusions.  Plaintiffs also object to the term "stand-

13   alone" as vague and ambiguous.  Plaintiffs also object to this Request on grounds that it is unduly

14   burdensome, oppressive, and seeks documents and information that are neither relevant to any

15   claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

16   evidence.  Plaintiffs further object to this Request on grounds that it seeks information that is

17   inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion

18   for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this

19   Request on the grounds that it is improperly being used as a discovery device and violates the rule

20   of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information

21   sought by this Request is duplicative of other discovery, cumulative and/or better and more

22   efficiently obtained from other sources.  Plaintiffs further object that this Request is essentially an

23   interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

24   numerical limitations on interrogatories imposed by the Federal Rules. Plaintiffs further object to

25   this Request on the ground that it requires them to review and analyze all information obtained in

26   discovery thus far, including thousands of documents, that are the subject of these Requests, and

27   therefore are overbroad and unduly burdensome at this stage of the litigation.  Discovery in this

28

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1   action is ongoing with substantial deposition and documentary discovery yet to occur, all of which

2   may shed light on these issues addressed by this Request.

3   **REQUEST FOR ADMISSION NO. 81:**

4        Admit that, for each CRT PRODUCT purchase upon which YOU base YOUR claims,

5   YOU have no EVIDENCE showing the manufacturer of the CRT used in that CRT PRODUCT.

6   **RESPONSE:**

7        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

8   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

9   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs further object

10  to this request on the grounds that it is vague, ambiguous and unintelligible in its use of the phrase

11  "each CRT Product purchase upon which You base Your Claims." Plaintiffs further object to this

12  Request on grounds that it seeks information that is inconsistent with the Court's Order Granting in

13  Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Doc. No. 1470) (filed

14  Nov. 29, 2012).  Plaintiffs also object to this Request on grounds that it is unduly burdensome,

15  oppressive, and seeks documents and information that are neither relevant to any claims or

16  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

17  evidence.  *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 5869588 (slip op.), at *5

18  (N.D. Cal. Nov. 19. 2012) (plaintiffs do not need to provide evidence of panel-by-panel impact,

19  rather they may rely on generalized methods of proof, and plaintiffs do not need to identify the

20  manufacturer of each panel in each product they purchased to satisfy the ownership/control

21  exception to *Illinois Brick v. Illinois*, 431 U.S. 720 (1977)). Plaintiffs further object to this Request

22  on the grounds that it is improperly being used as a discovery device and violates the rule of

23  proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought

24  by this Request is duplicative of other discovery, cumulative and/or better and more efficiently

25  obtained from other sources.  Plaintiffs further object that this Request is essentially an

26  interrogatory; denominating it as a Request for Admission is an improper attempt to avoid the

27  numerical limitations on interrogatories imposed by the Federal Rules.  Discovery in this action is

28

1    ongoing with substantial deposition and documentary discovery yet to occur, all of which may shed

2    light on these issues addressed by this Request.

3        Subject to and without waiving any of their General Objections, Objections to Certain

4    Definitions or specific objections, Plaintiffs DENY this Request.

5    **REQUEST FOR ADMISSION NO. 82:**

6        Admit that YOU do not seek to recover for any purchase of a CRT PRODUCT containing a

7    CRT made by a non-alleged-CONSPIRATOR.

8    **RESPONSE:**

9        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

10   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

11   Request on the ground that it it calls for legal argument or legal conclusions.  Plaintiffs further

12   object to this Request on the ground that it is vague, ambiguous and unintelligible in its use of the

13   term "non-alleged CONSPIRATOR." Plaintiffs further object to this Request on grounds that it

14   seeks information that is inconsistent with the Court's Order Granting in Part and Denying in Part

15   Defendants' Joint Motion for Summary Judgment (Doc. No. 1470) (filed Nov. 29, 2012).

16   Plaintiffs also object to this Request on grounds that it is unduly burdensome, oppressive, and

17   seeks documents and information that are neither relevant to any claims or defenses in this

18   litigation nor reasonably calculated to lead to the discovery of admissible evidence.  *See In re TFT-*

19   *LCD (Flat Panel) Antitrust Litig.*, 2012 WL 5869588 (slip op.), at *5 (N.D. Cal. Nov. 19. 2012)

20   (plaintiffs do not need to provide evidence of panel-by-panel impact, rather they may rely on

21   generalized methods of proof, and plaintiffs do not need to identify the manufacturer of each panel

22   in each product they purchased to satisfy the ownership/control exception to *Illinois Brick v.*

23   *Illinois*, 431 U.S. 720 (1977)).  Plaintiffs further object to this Request on the grounds that it is

24   improperly being used as a discovery device and violates the rule of proportionality embodied in

25   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

26   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

27   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

28   as a Request for Admission is an improper attempt to avoid the numerical limitations on

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1   interrogatories imposed by the Federal Rules. Discovery in this action is ongoing with substantial

2   deposition and documentary discovery yet to occur, all of which may shed light on these issues

3   addressed by this Request.

4        Subject to and without waiving any of their General Objections, Objections to Certain

5   Definitions or specific objections, Plaintiffs DENY this Request.  Plaintiffs seek recovery for

6   purchases from Thomson and Mitsubishi and their affiliates, as stated at page 5, note 8 of the

7   Memorandum of Points and Authorities In Support of Direct Purchaser Plaintiff' Motion for Class

8   Certification.

9   **REQUEST FOR ADMISSION NO. 83:**

10        Admit that YOU do not seek to recover for any purchase of a CRT PRODUCT that was

11   made by an independent entity that was not OWNED or CONTROLLED by a DEFENDANT or

12   alleged CONSPIRATOR.

13   **RESPONSE:**

14        In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

15   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

16   Request to the extent it calls for legal argument or legal conclusions.  Plaintiffs further object to

17   this Request on the ground that the phrase "OWNED or CONTROLLED" is vague and ambiguous.

18   Plaintiffs further object to this Request on the ground that the terms "made by" and  "independent

19   entity" is vague and ambiguous.  Plaintiffs further object to this Request on grounds that it seeks

20   information that is inconsistent with the Court's Order Granting in Part and Denying in Part

21   Defendants' Joint Motion for Summary Judgment (Doc. No. 1470) (filed Nov. 29, 2012).

22   Plaintiffs also object to this Request on grounds that it is unduly burdensome, oppressive, and

23   seeks documents and information that are neither relevant to any claims or defenses in this

24   litigation nor reasonably calculated to lead to the discovery of admissible evidence.  *See In re TFT-

25   LCD (Flat Panel) Antitrust Litig.*, 2012 WL 5869588 (slip op.), at *5 (N.D. Cal. Nov. 19. 2012)

26   (plaintiffs do not need to provide evidence of panel-by-panel impact, rather they may rely on

27   generalized methods of proof, and plaintiffs do not need to identify the manufacturer of each panel

28   in each product they purchased to satisfy the ownership/control exception to *Illinois Brick v.*

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    *Illinois*, 431 U.S. 720 (1977)).  Plaintiffs further object to this Request on the grounds that it is

2    improperly being used as a discovery device and violates the rule of proportionality embodied in

3    Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

4    duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

5    sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

6    as a Request for Admission is an improper attempt to avoid the numerical limitations on

7    interrogatories imposed by the Federal Rules.  Plaintiffs further object to this Request on the

8    ground that it requires them to review and analyze all information obtained in discovery thus far,

9    including thousands of documents, that are the subject of these Requests, and therefore are

10   overbroad and unduly burdensome at this stage of the litigation.Discovery in this action is ongoing

11   with substantial deposition and documentary discovery yet to occur, all of which may shed light on

12   these issues addressed by this Request.

13   **REQUEST FOR ADMISSION NO. 84:**

14   　　　Admit that YOU do not seek to recover for damages – on behalf of YOURSELF or any

15   purported class member – based on purchases of projection televisions.

16   **RESPONSE:**

17   　　　In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

18   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

19   Request on the ground that it is vague and ambiguous in its use of the term "projection television."

20   Subject to and without waiving any of their General Objections, Objections to Certain Definitions

21   or specific objections, Plaintiffs ADMIT that they do not seek to recover for damages on behalf of

22   themselves or any purported class members based on purchases of rear projection televisions.

23   **REQUEST FOR ADMISSION NO. 85:**

24   　　　Admit that YOU do not seek to recover for damages – on behalf of YOURSELF or any

25   purported class member – based on purchases of picture tubes made for use in projection

26   televisions.

27

28

**RESPONSE**:

In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this Request on the ground that it is vague and ambiguous in its use of the term "projection televisions." Subject to and without waiving any of their General Objections, Objections to Certain Definitions or specific objections, Plaintiffs ADMIT that they do not seek to recover for damages on behalf of themselves or any purported class members based on purchases of tubes made for use in rear projection televisions.

**REQUEST FOR ADMISSION NO. 86**:

Admit that YOU have no EVIDENCE that DEFENDANTS agreed to fix prices, control supply or allocate markets for pictures tubes made for use in projection televisions.

**RESPONSE**:

In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs object to this Request on the ground that it is vague and ambiguous in its use of the term "projection televisions."Plaintiffs also object to this Request on grounds that it is unduly burdensome, oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to this Request on the ground that it seeks information or documents in the possession, custody, or control of SDIA, or that are equally or more readily available to SDIA from other defendants, third-parties, public sources, or otherwise.  Plaintiffs further object to this Request on grounds that it seeks information that is inconsistent with the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. No. 1470) (filed Nov. 29, 2012).  Plaintiffs further object to this Request on the ground that it is duplicative of or unreasonably cumulative to other discovery produced in this action.  Plaintiffs object to this Request on the grounds that it is premature and seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and at an early stage of

1    this litigation.  Plaintiffs further object to this Request on the grounds that it is improperly being

2    used as a discovery device and violates the rule of proportionality embodied in Federal Rule of

3    Civil Procedure 26(b)(2)(C).  The information sought by this Request is duplicative of other

4    discovery, cumulative and/or better and more efficiently obtained from other sources.  Plaintiffs

5    further object that this Request is essentially an interrogatory; denominating it as a Request for

6    Admission is an improper attempt to avoid the numerical limitations on interrogatories imposed by

7    the Federal Rules. Plaintiffs further object to this Request on the ground that it requires them to

8    review and analyze all information obtained in discovery thus far, including thousands of

9    documents, that are the subject of these Requests, and therefore are overbroad and unduly

10   burdensome at this stage of the litigation.  Discovery in this action is ongoing with substantial

11   deposition and documentary discovery yet to occur, all of which may shed light on these issues

12   addressed by this Request.

13   **REQUEST FOR ADMISSION NO. 87:**

14       Admit that the term "CRT" as used in the COMPLAINT does not encompass picture tubes

15   made for use in projection televisions.

16   **RESPONSE:**

17       In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

18   which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

19   Request on the ground that it seeks and information that is neither relevant to any claims or

20   defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

21   evidence.  Plaintiffs object to this Request on the ground that it is vague and ambiguous in its use

22   of the term "projection televisions." Plaintiffs further object to this Request on the grounds that it is

23   improperly being used as a discovery device and violates the rule of proportionality embodied in

24   Federal Rule of Civil Procedure 26(b)(2)(C).  The information sought by this Request is

25   duplicative of other discovery, cumulative and/or better and more efficiently obtained from other

26   sources.  Plaintiffs further object that this Request is essentially an interrogatory; denominating it

27   as a Request for Admission is an improper attempt to avoid the numerical limitations on

28   interrogatories imposed by the Federal Rules.

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    **REQUEST FOR ADMISSION NO. 88:**

2         Admit that picture tubes made for use in projection televisions were not substitutable with

3    CRTs made for use in direct view televisions.

4    **RESPONSE:**

5         In addition to Plaintiffs' General Objections and Objections to Certain Definitions, each of

6    which is incorporated by this reference as though fully set forth herein, Plaintiffs object to this

7    Request on the ground that it seeks and information that is neither relevant to any claims or

8    defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

9    evidence.  Plaintiffs object to this Request on the ground that it is vague and ambiguous in its use

10   of the terms "projection televisions", "direct view televisions", and "substitutable".  Plaintiffs

11   further object to this Request on the grounds that it is improperly being used as a discovery device

12   and violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).

13   The information sought by this Request is duplicative of other discovery, cumulative and/or better

14   and more efficiently obtained from other sources.  Plaintiffs further object that this Request is

15   essentially an interrogatory; denominating it as a Request for Admission is an improper attempt to

16   avoid the numerical limitations on interrogatories imposed by the Federal Rules.  Plaintiffs object

17   to this Request on the grounds that it is premature and seeks to impose an undue burden on

18   Plaintiffs to state their entire case on an incomplete record and at an early stage of this litigation.

19   Plaintiffs further object to this Request on the grounds that it is improperly being used as a

20   discovery device and violates the rule of proportionality embodied in Federal Rule of Civil

21   Procedure 26(b)(2)(C).  Plaintiffs further object to this Request on the ground that it requires them

22   to review and analyze all information obtained in discovery thus far, including thousands of

23   documents, that are the subject of these Requests, and therefore are overbroad and unduly

24   burdensome at this stage of the litigation.  Discovery in this action is ongoing with substantial

25   deposition and documentary discovery yet to occur, all of which may shed light on these issues

26   addressed by this Request.

27

28

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1   DATED:  July 8, 2013                           By:        /s/ Guido Saveri

2                                                   SAVERI & SAVERI, INC.
                                                    706 Sansome Street
3                                                   San Francisco, CA 94111
                                                    Telephone:    (415) 217-6810
4                                                   Facsimile:    (415) 217-6813

5                                                   *Interim Lead Counsel for the*
                                                    *Direct Purchaser Plaintiffs*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DIRECT PURCHASER PLAINTIFFS' RESPONSE TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

# Exhibit F

**Sheppard**Mullin

Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
415.434.9100 main
415.434.3947 fax
www.sheppardmullin.com

415.774.3208 direct
tcunningham@sheppardmullin.com

File Number:  08Z8-134298

July 9, 2013

**VIA ELECTRONIC MAIL**

Rick Saveri, Esq.
Saveri & Saveri, Inc.
706 Sansome St.
San Francisco, CA 94111
E-Mail: Rick@Saveri.com

Re:     In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917

Dear Counsel:

        I write regarding direct purchaser plaintiffs' recent responses to discovery served by
Samsung SDI America, Inc.[1]  These responses consist almost entirely of invalid objections,
representing a complete abdication of DPPs' discovery obligations.  This failure to respond is
particularly disappointing given that Defendants granted DPPs' request for an additional thirty
days to respond, with the expectation that DPPs would use that additional time to provide at
least some substantive responses.

        Defendants require this discovery in order to respond to DPPs' motion for class
certification, which is currently due on September 11, 2013.  This discovery includes such basic
issues relevant to class determination as the identity of the alleged co-conspirators, ownership
or control of relevant entities, and how finished-product-purchasing plaintiffs intend to prove
through a common method the manufacturer of the CRTs inside the finished products they
purchased.  As you well know, Plaintiffs' class definition includes any person or entity who
during the defined period bought "a CRT Product in the United States from any Defendant or
any subsidiary or affiliate thereof, ***or any co-conspirator***."  Mot. at 4 (emphasis added).
Clearly, if named Plaintiffs and their counsel cannot even identify the alleged co-conspirators
after more than five years of litigation, numerous depositions, and years of access to
defendants' documents, the class, as defined, would not be ascertainable.

        Given the pendency of Plaintiffs' class motion and Defendants' approaching deadline to
oppose that motion, time is of the essence.  It is critical that we receive substantive responses
as soon as possible.  Unless Plaintiffs are prepared to supplement their responses by Tuesday,
July 16, to provide substantive responses to Defendants' discovery, we will move to compel,

_____
[1] Specifically, this letter addresses DPPs' responses to Samsung SDI America, Inc.'s First Set
of Interrogatories to Direct Purchaser Plaintiffs; First Set of Requests for Production to Direct
Purchaser Plaintiffs; and First Set of Requests for Admission to Direct Purchaser Plaintiffs.  The
discovery was served on May 8, 2013 and DPPs' responses were served on July 8, 2013.

**Sheppard**Mullin

Rick Saveri
July 9, 2013
Page 2

and will do so next week.  Having had **60 days** to respond to this discovery, we cannot afford further delay and will need to determine this week whether a motion will be necessary.  We are prepared to meet and confer tomorrow afternoon, July 10, or anytime on Thursday, July 11.  We are in deposition on Friday and will need to plan for a motion next week if we cannot resolve our differences.  Please let us know as soon as possible which day and time works best.  If we do not hear from you by tomorrow, we will contact the Special Master to arrange for a hearing time.


Very truly yours,


    */s/ Tyler M. Cunningham*

Tyler M. Cunningham
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


SMRH:409566379.1

# Exhibit G

# SAVERI & SAVERI, INC.

706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE (415) 217-6810
FACSIMILE (415) 217-6813

July 10, 2013

*VIA ELECTRONIC MAIL*

Tyler Cunningham
SHEPPARD MULLIN RICHTER & HAMPTON
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
tcunningham@sheppardmullin.com

> Re:  *In re Cathode Ray Tubing (CRT) Antitrust Litigation*
>      Case No. C 07-5944 SC, MDL No. 1917

Dear Tyler:

I write in response to your letter of yesterday evening. Plaintiffs are happy to meet and confer with you regarding our clients' responses to the Requests for Admission ("RFAs"), Requests For Production ("RFPs") and Special Interrogatories ("Interrogatories") served by your client Samsung SDI America, Inc. ("SDIA"). We are available tomorrow at 3:00 p.m.

While we will discuss this at more length during our meet and confer, your letter is rife with inaccuracies and false premises.

First, your assertion that you "require this discovery in order to respond to DPPs motion for class certification" is baseless. The overwhelming majority of your discovery is effectively "contention" discovery whereby your client seeks to require DPPs to set forth their position on virtually every issue in the case *and* to set forth each and every piece of evidence relevant to each and every issue. The detailed merits information you seek might be pertinent at summary judgment, it is not necessary on class certification.

Moreover, such discovery seeking "all evidence" is plainly improper, as Special Master Quinn held in the orders you cited in the discovery.

Further, your discovery is improper in many other ways. Among other things, the 86 "RFAs" are disguised interrogatories. Your discovery is also premature. We are in the middle of

Tyler Cunningham
July 10, 2013
Page 2

merits depositions – it makes no sense to do the immense amount of work you seek to require when it would be virtually instantly out of date, and would have to be redone at a later date.

Your claim to be unaware of the identity of the co-conspirators referred to in the class definition is disingenuous, to say the least.  Your claim that we have not identified "alleged co-conspirators" is dead wrong. DPPs identified these co-conspirators in their class motion (see p. 1, note 2; p. 5, note 8).

Finally, the fact that you waited until less than a week before DPPs' motion for class certification was due to serve this discovery belies your claims of urgency.

Please confirm that you are available to meet at 3 p.m. tomorrow.  You are welcome to come to our offices.

Thank you.

Sincerely,

R. Alexander Saveri

crt.597

# Exhibit H

# Sheppard Mullin

Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
415.434.9100 main
415.434.3947 fax
www.sheppardmullin.com

415.774.3208 direct
tcunningham@sheppardmullin.com

File Number: 08Z8-134298

July 16, 2013

**VIA ELECTRONIC MAIL**

Rick Saveri, Esq.
Geoff Rushing, Esq.
Saveri & Saveri, Inc.
706 Sansome St.
San Francisco, CA 94111
E-Mail: Rick@Saveri.com;
GRushing@saveri.com

Re:    In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917

Dear Counsel:

I write to memorialize our July 11, 2013 meet-and-confer discussion regarding direct purchaser plaintiffs' responses to Samsung SDI America, Inc.'s discovery.[1]  DPPs' responses to this discovery consisted almost entirely of objections, despite having had 60 days to respond.

After discussing this discovery for nearly two hours, you committed to responding substantively to very few of the requests and only minimally.  Specifically, you stated that you would identify the entities that you claim participated in the alleged conspiracy in response to Interrogatory No. 1, and respond to a number of the Request for Admissions regarding DPPs' allegations of ownership or control.  You also stated that you would produce documents responsive to Request for Production No. 2 (regarding assignment of claims) and would amend your response to Request for Production No. 4 (regarding settlement agreements) to state that all settlement agreements have been filed publicly with the Court.  Even for this minimal effort, you stated you needed yet *another 30 days* but, when pressed, provided no reason as to why additional time was necessary.  Frankly, we believe that DPPs should have and could have provided at least this minimal level of response within the initial 30-day period under the Federal Rules, and are not inclined to wait even longer for your responses.  Your position that DPPs need 90 days to provide even these responses is unreasonable.

But, more importantly, you completely punted on the discovery that matters the most to Defendants.  For example, you stated your firm position not to provide *any* substantive

_____

[1] Specifically, this letter addresses DPPs' responses to Samsung SDI America, Inc.'s First Set of Interrogatories to Direct Purchaser Plaintiffs; First Set of Requests for Production to Direct Purchaser Plaintiffs; and First Set of Requests for Admission to Direct Purchaser Plaintiffs.  The discovery was served on May 8, 2013 and DPPs' responses were served on July 8, 2013.

**Sheppard**Mullin

Rick Saveri
July 16, 2013
Page 2

responses to Interrogatory No. 2, which seeks identification of the evidence (by bates number or transcript reference) that DPPs intend to rely on to prove each alleged co-conspirator's participation in the purported conspiracy, at least until the end of the discovery period.  You also indicated that your responses to the ownership or control RFAs would consist entirely of mere denials that DPPs lack any evidence to prove their thus-far broad and unsupported allegations of ownership or control, without any intention to also respond to the interrogatory that asks for evidence supporting such denials, until the end of the discovery period.  That is plainly insufficient.

At this point in the litigation, we expect DPPs to know what evidence they intend to rely on to prove participation of each alleged co-conspirator in the purported conspiracy and DPPs' allegations of ownership or control.  Setting aside the fact that these allegations are key to DPPs' class certification motion, there is no requirement that, after five years of litigation and at least two years of access to defendants' documents and witnesses, DPPs need yet additional time to substantively respond to this discovery.  Your position that this discovery is premature because it amounts to contention discovery misses the point.  Contention discovery at this stage of the litigation is appropriate given the length of time this MDL has been pending and the amount discovery taken to date.  If DPPs discover additional evidence, they are required under the Federal Rules to supplement their responses.  Moreover, SDI has not asked that DPPs provide a narrative of their "entire case" but have merely asked for identification of the evidence they intend to rely on.  You have provided no appropriate basis for abrogating your discovery obligations and we can think of none.

For the remainder of the requests, you either said that you do not intend to respond, or would get back to us by today to let us know *if and when* you will respond.  Of course, we remain willing to listen to any proposal you may have to provide timely responses.  However, given the importance of much of this discovery to DPPs' class certification motion as well as Defendants' preparation of their merits defenses, we cannot afford any further delay beyond what you already have caused.  We therefore intend to move forward with a motion to compel unless we receive your substantive responses to our discovery by no later than next week. We note that any burden now on DPPs for having to provide expedited responses lays squarely on your own shoulders for having waited this long to even consider providing substantive responses.

We look forward to seeing your proposal and hope that we can amicably resolve our dispute.

Very truly yours,

___ */s/ Tyler M. Cunningham* ___

Tyler M. Cunningham
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

**Sheppard**Mullin

Rick Saveri
July 16, 2013
Page 3

SMRH:409635887.2

# Exhibit I

## SAVERI & SAVERI, INC.

706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE  (415)  217-6810
FACSIMILE  (415)  217-6813

July 18, 2013

***VIA ELECTRONIC MAIL***

Tyler Cunningham
SHEPPARD MULLIN RICHTER & HAMPTON
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
tcunningham@sheppardmullin.com

> **Re:** ***In re Cathode Ray Tubing (CRT) Antitrust Litigation***
> **Case No. C 07-5944 SC, MDL No. 1917**

Dear Tyler:

This will respond to your letter of Tuesday afternoon and confirm our discussions last week.   I will not, however, recount every argument and counterargument.

First, this will confirm your clients' position, expressed by you last week and in your letter of yesterday, that Plaintiffs must answer all of your discovery "in full."  You did not offer to narrow the scope of the discovery in any way or meaningfully address Plaintiffs objections. For this reason, Plaintiffs do not believe that you can represent to the Court – as you must – that you have met and conferred in good faith.

Second, you did not meaningfully explain – i.e., apart from conclusory assertions – how the discovery was related to Plaintiffs' class certification motion.  We explained that the burdensome catalog of "all evidence" you seek related to each member and each meeting of the conspiracy was plainly common and classwide – i.e., it would be the same for each class member.  For this reason, the detailed account of this evidence you seek would be of no use to your clients in connection with their class certification opposition brief.  Defendants essentially conceded this issue in their opposition to the indirect purchaser class certification brief.

The detailed discovery going to "ownership and control" of affiliates of conspirators is also not pertinent to class certification.  Again, the evidence relevant to these issues will plainly be common to the class.  Furthermore, your description of Plaintiffs' claims in this regard as "broad and unsupported" is mistaken.  As you should know, Plaintiffs explained their claims in

Tyler Cunningham
July 18, 2013
Page 2

detail in their opposition to Defendants' summary judgment motion regarding finished products and attached a great deal of evidence with their supporting declaration.  Moreover, Judge Conti ruled that Plaintiffs' had submitted evidence sufficient to raise a material question of fact on these issues.

Your interrogatory (no. 3) demanding Plaintiffs identify "all evidence" going to the manufacture of tubes contained in finished products is also not germane to class certification.  As we explained, it is Plaintiffs' understanding that Defendants and their affiliates sold no finished products containing tubes that were not manufactured by conspirators, and that if they did, they can be identified, if necessary.  We asked you if Defendants had evidence to the contrary, and you refused to answer.  Would you please answer the question now? If such evidence exists, has it been produced? If not, why not?   In addition, as you must be aware, Special Master Quinn addressed this issue in his ruling on the indirect purchaser class certification motion and held that it was no bar to certification.

Finally, notwithstanding their meritorious objections, Plaintiffs indicated that they would provide supplemental responses to certain of the discovery requests, and would consider providing supplemental responses to others.  Without waiving any objections, and to avoid motion practice, we are willing to provide supplemental substantive responses to Special Interrogatories numbers 1, 2, 4 and 7, and to document requests numbers 1-4.  We will also provide substantive supplemental responses to the RFAs, however we will likely stand on our objections as to some.  We are willing to provide these responses in 30 days.

Thank you.

Sincerely,

Geoffrey C. Rushing

cc: Michelle Chiu

crt.599

# Exhibit J

| | |
|---|---|
| **From:** | Tyler Cunningham |
| **Sent:** | Monday, August 19, 2013 6:20 PM |
| **To:** | Geoff Rushing |
| **Cc:** | mchiu@morganlewis.com; Rick Saveri |
| **Subject:** | RE: Supplemental Responses to Samsung SDIA's discovery |

Geoff,

It is not acceptable for plaintiffs to unilaterally decide that they will not meet agreed-upon discovery deadlines, and inform us on the day that responses are due.  This is particularly true given the multiple extensions that we have already granted to respond to this discovery, which was originally served on May 8.  You have had nearly ***three and a half months*** to respond, but to date we have received almost nothing of substance.  The Saveri family addition is a happy event, but also completely foreseeable.  In addition, your firm has other lawyers who could finalize the responses, which presumably you have been working on over these past three-months-plus.

As I have explained, the discovery seeks basic information about plaintiffs' contentions and supporting evidence, much of which is necessary for the class certification opposition brief defendants must file on September 11.  Time is therefore of the essence.  Defendants have already been prejudiced by plaintiffs' excessive delay.  We cannot agree to wait longer, until some unspecified date, in the hope that sufficient time will remain to incorporate your responses into our brief.

I see two ways we could proceed.  We can agree to give you an extension to provide substantive responses, if you can commit to provide substantive responses by next Monday (Aug. 26), and agree to grant defendants a corresponding extension of the due date for the opposition brief (to Sept. 20).  Alternatively, we will have no choice but to move to compel responses.

Please let me know by close of business tomorrow (Aug. 20) how you wish to proceed.

---

**From:** Geoff Rushing [mailto:Geoff@saveri.com]
**Sent:** Monday, August 19, 2013 3:31 PM
**To:** Tyler Cunningham
**Cc:** mchiu@morganlewis.com; Rick Saveri
**Subject:** Supplemental Responses to Samsung SDIA's discovery

Tyler:

We need additional time to complete the  supplemental responses to Samsung SDIA's RFAs and special interrogatories that we indicated we would give you today.  We will serve them as soon as they are ready, and expect to get them to you by next Monday.  We will serve a supplemental response to the document request today. Among other things, Rick's wife is having a baby today.

Best regards,

Geoff

1