BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br><br>INDIRECT-PURCHASER ACTIONS | Case No. 07-5944 SC<br>MDL No. 1917<br><br>**DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

I, Charles M. Malaise, hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, the "Philips Defendants"). I make this declaration in support of Indirect Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. No. 1857) ("Motion to Seal").

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order").

4. The Philips Defendants have produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5. On August 21, 2013, the Indirect Purchaser Plaintiffs filed the Motion to Seal in which they asked this Court to seal the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

    a. Portions of the Indirect Purchaser Plaintiffs' Response to Defendants' Joint Objections to the Report and Recommendation Regarding Class Certification ("Class Certification Response") that contain information from documents that the Philips Defendants have designated either as "Highly Confidential" or "Confidential;" and

    b. Portions of the Indirect Purchaser Plaintiffs' Response to Defendants' Joint Objections to the Report and Recommendation Regarding the Motion to Strike.

6. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" and "Highly Confidential" and

1 all references to those documents and information in the Class Certification Response.

2     7. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, the following portions of documents should be maintained under seal and redacted from the Class Certification Response:

    a. Class Certification Response, page 4, lines 20 through 21 (discussing and citing Exhibit 35 to the Declaration of Mario N. Alioto in Support of Motion of Indirect-Purchaser Plaintiffs for Class Certification ("Alioto Declaration"), is the Philips Defendants' Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. Four and Five, dated March 21, 2012, that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order).

    b. Class Certification Response, page 5, lines 3 through 4 (discussing and citing Exhibit 25 to the Alioto Declaration, a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-006657 that the Philips Defendants designated "Highly Confidential" pursuant to the Stipulated Protective Order).

    c. Class Certification Response, page 9, lines 1 through 6 (discussing and citing Exhibit 115 to the Alioto Declaration, a document produced by the Philips Defendants in this litigation with bates numbers EIN0045706 through EIN0045738 that the Philips Defendants have designated "Highly Confidential" pursuant to the Stipulated Protective Order).

    8. The information in question from the Class Certification Response relies on documents designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because the documents contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with

3     MDL 1917

DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)

1 companies (including customers and vendors) that remain important to the Philips Defendants'
2 competitive positions.  Publicly disclosing this sensitive information presents a risk of undermining
3 the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants'
4 competitors and customers, and would put the Philips Defendants at a competitive disadvantage.
5   I declare under penalty of perjury under the laws of the United States of America that the
6 foregoing is true and correct.
7   Executed on August 28, 2013 in Washington, D.C.

_____
Charles M. Malaise

4   MDL 1917
DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)