DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: david.yohai@weil.com

GREGORY D. HULL (57367)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: greg.hull@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
EVA W. COLE (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-7400
E-mail: jkessler@winston.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>INDIRECT-PURCHASER ACTIONS | Case No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>**DECLARATION OF ADAM C. HEMLOCK IN SUPPORT OF INDIRECT-PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

- 1 -

I, Adam C. Hemlock, declare as follows:

1. I am a partner with Weil, Gotshal & Manges LLP, attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306). On August 21, 2013, the Indirect-Purchaser Plaintiffs filed an Administrative Motion to Seal (Dkt. 1857), and lodged conditionally under seal, the following documents pursuant to Civil Local Rules 7-11 and 79-5(d):

(a) Portions of the Indirect-Purchaser Plaintiffs' Response to Defendants' Joint Objections to the Report and Recommendation Regarding Class Certification ("Class Certification Response") that contains information from documents that the Panasonic Defendants have designated "Highly Confidential";

(b) Portions of the Indirect-Purchaser Plaintiffs' Response to Defendants' Joint Objections to the Report and Recommendation Regarding the Motion to Strike ("Motion to Strike Response") that contains information from documents that the Panasonic Defendants have designated "Highly Confidential";

3. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal certain documents and information quoted from, described, or otherwise summarized in the Class Certification Response and Motion to Strike Response that have been designated by the Panasonic Defendants as "Highly Confidential" pursuant to the Stipulated Protective Order.

4. The documents and information quoted from, described, or otherwise summarized in the Class Certification Response consist of, cite to, or identify confidential, nonpublic, proprietary,

and highly sensitive business information about the Panasonic Defendants' market analyses, business practices, internal practices, and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage. The relevant portions of the Class Certification Response are as follows:

    a.    Class Certification Response, page 3, lines 10-11 (discussing the conclusions of Dr. Janet S. Netz based on her review and analysis of documents produced by the Panasonic Defendants as MTPD-0468631, MTPD-0576464, MTPD-0575968, MTPD-0575940, MTPD-0607605, MTPD-0580871, MTPD-0607489, MTPD-0426099, MTPD-0576458, MTPD-0085883, MTPD-0455816, and MTPD-0504720, which have each been designated by the Panasonic Defendants as "Highly Confidential" under the Protective Order);

    b.    Class Certification Response, page 5, lines 1 through 6 (discussing and citing to Exhibit 20 to the Declaration of Mario N. Alioto in Support of Motion of Indirect-Purchaser Plaintiffs for Class Certification ("Alioto Declaration"), a document produced by the Panasonic Defendants in this action as MTPD-0483338 and which the Panasonic Defendants designated as "Highly Confidential" under the Protective Order);

    c.    Class Certification Response, page 5, lines 14 through 18 and footnote 6 (discussing and citing to Exhibit 54 to the Alioto Declaration, an English translation of a document produced by the Panasonic Defendants in this action as MTPD-0423668E-423669E and which the Panasonic Defendants designated as "Highly Confidential" under the Protective Order);

    d.    Class Certification Response, page 9, lines 1 through 5 (discussing and citing to Exhibit 100 to the Alioto Declaration, a document produced by the Panasonic Defendants in this action as MTPD-0436378-96 and which the

Panasonic Defendants designated as "Highly Confidential" under the Protective Order; Exhibit 101 to the Alioto Declaration, a document produced by the Panasonic Defendants in this action as MTPD-0336313-31 and which the Panasonic Defendants designated as "Highly Confidential" under the Protective Order; and Exhibit 109 to the Alioto Declaration, excerpts of the transcript of the deposition of Hirokazu Nishiyama, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Panasonic Defendants, and whose deposition transcript was designated as "Highly Confidential" under the Protective Order);

5. The documents and information quoted from, described, or otherwise summarized in the Motion to Strike Response consist of, cite to, or identify confidential, nonpublic, proprietary, and highly sensitive business information about the Panasonic Defendants' market analyses, business practices, internal practices, and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage. The relevant portions of the Motion to Strike Response are as follows:

    a. Motion to Strike Response, page 6, lines 6 through 8 (discussing the conclusions of Dr. Janet S. Netz based on her review and analysis of documents produced by the Panasonic Defendants and which the Panasonic Defendants have designated as Highly Confidential);

    b. Motion to Strike Response, page 12, footnote 12 (discussing the conclusions of Dr. Janet S. Netz based on her review and analysis of documents produced by the Panasonic Defendants and which the Panasonic Defendants have designated as Highly Confidential);

    c. Motion to Strike Response, page 17, line 2 (discussing the conclusions of Dr. Janet S. Netz based on her review and analysis of documents produced by the

- 4 -

Panasonic Defendants, including MTPD-0086013, which the Panasonic Defendants have designated as Highly Confidential);

d. Motion to Strike Response, page 18, lines 12 through 14 and footnote 20 (discussing and citing to portions of the December 17, 2012 Expert Report of Dr. Robert D. Willig that were previously sealed by this Court on December 27, 2012 (*see* Dkt. No. 1523));

e. Motion to Strike Response, page 23 line 20 through page 24 line 8 and footnote 38 (discussing the conclusions of Dr. Janet S. Netz based on her review and analysis of documents produced by the Panasonic Defendants and which the Panasonic Defendants have designated as Highly Confidential);

6. The portions of the Class Certification Response and Motion to Strike Response identified above quote from or describe documents or information designated as "Highly Confidential" by the Panasonic Defendants pursuant to the Stipulated Protective Order. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Class Certification Response and Motion to Strike Response and set forth above.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed August 28, 2013 at New York, New York

By: *[signature]*
Adam. C. Hemlock