Eliot A. Adelson (State Bar No. 205284)
James Maxwell Cooper (State Bar No. 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants,
HITACHI, LTD., HITACHI ASIA, LTD.,
HITACHI AMERICA, LTD., HITACHI
ELECTRONIC DEVICES (USA), INC. AND
HITACHI DISPLAYS, LTD. (n/k/a JAPAN
DISPLAY INC.)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE NO. 3:07-CV-05944-SC |
| | MDL NO. 1917 |
| This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | **DECLARATION OF JAMES MAXWELL COOPER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Civil L.R. 79-5(d)] |

I, James Maxwell Cooper, declare as follows:

1.  I am an associate at the law firm of Kirkland & Ellis LLP, counsel for defendants Hitachi, Ltd. ("HTL"), Hitachi Displays, Ltd. (n/k/a Japan Display Inc.) ("HDP"), Hitachi America, Ltd. ("HAL"), Hitachi Asia, Ltd. ("HAS"), and Hitachi Electronic Devices (USA), Inc. ("HED(US)") (collectively, the "Hitachi Defendants"). I am licensed to practice law in the State of California and admitted to practice before this Court.

2.  I make this declaration pursuant to Civil Local Rule 79-5(d) to establish that certain documents containing Highly Confidential information and submitted to the Court in connection with Indirect-Purchaser Plaintiffs' Response to Defendants' Joint Objections to Report and Recommendation Regarding Motion to Strike the Proposed Expert Testimony of Dr. Janet S. Netz ("Motion to Strike Response") and Indirect-Purchaser Plaintiffs' Response to Defendants' Joint Objections to the Report and Recommendation Regarding Class Certification ("Class Certification Response") are sealable. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

3.  On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (ECF 306).

4.  The Hitachi Defendants have produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5.  On August 21, 2013, Indirect-Purchaser Plaintiffs filed an Administrative Motion to Seal (ECF 1857), and lodged conditionally under seal the following documents pursuant to Civil Local Rules 7-11 and 79-5(d):

(a) Portions of the Motion to Strike Response that contain information from documents that the Hitachi Defendants have designated "Highly Confidential" under the Stipulated Protective Order; and

(b) Portions of the Class Certification Response that contain information from documents that the Hitachi Defendants have designated "Highly Confidential" under the Stipulated

1    Protective Order.

2    6.     Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Hitachi
3    Defendants to provide the basis for the Court to maintain under seal any documents and information
4    designated by the Hitachi Defendants as "Highly Confidential" pursuant to the Stipulated Protective
5    Order, and all references to those documents and information in the Motion to Strike Response and
6    the Class Certification Response.

7    7.     Upon information and belief, the documents designated "Highly Confidential" by the
8    Hitachi Defendants that are quoted, described, analyzed, or summarized in the Class Certification
9    Response consist of, cite to, and/or identify confidential, nonpublic, proprietary, and highly sensitive
10   business information, including information about the Hitachi Defendants' sales processes, business
11   practices, internal practices, negotiations, confidential business and supply agreements and
12   competitive positions, and relationships with companies that remain important to the Hitachi
13   Defendants' competitive positions. I am informed and believe that this is sensitive information and
14   public disclosure of this information presents a risk of undermining the Hitachi Defendants' business
15   relationships, would cause it harm with respect to its competitors and customers, and would put the
16   Hitachi Defendants at a competitive disadvantage. The relevant portions of the Class Certification
17   Response are as follows:

   a. Class Certification Response, page 3, lines 13-14 (discussing the conclusions of Dr. Janet S. Netz based on her review and analysis of a document produced by the Hitachi Defendants as HEDUS-CRT00166844-HEDUS-CRT00166863, which the Hitachi Defendants designated as "Highly Confidential" under the Stipulated Protective Order, and excerpts of the transcript of the deposition of Nobuhiko Kobayashi, who was designated as a Fed. R. Civ. P. 30(b)(6) witness by the Hitachi Defendants, and whose transcript was designated as "Highly Confidential" under the Stipulated Protective Order);

   b. Class Certification Response, page 3, line 14-16 (discussing and citing to Exhibit 6 to the Declaration of Mario N. Alioto in Support of Motion of

1
2
3
4

Indirect-Purchaser Plaintiffs for Class Certification ("Alioto Declaration"), a document produced by the Hitachi Defendants in this action as HDP-CRT00002269-82 and which the Hitachi Defendants designated as "Highly Confidential" under the Stipulated Protective Order);

5
6
7
8
9
10
11
12
13
14

c. Class Certification Response, page 3, lines 17-19 (discussing and citing to the conclusions of Dr. Janet S. Netz based on her review of the transcript of the deposition of Yasu Hisa Takeda, who was designated as a Fed. R. Civ. P. 30(b)(6) witness by the Hitachi Defendants, and whose transcript was designated as "Highly Confidential" under the Stipulated Protective Order; and Exhibit 107 to the Alioto Declaration, which consists of excerpts of the transcript of the deposition of Thomas Heiser, who was designated as a Fed. R. Civ. P. 30(b)(6) witness by the Hitachi Defendants, and whose transcript was designated as "Highly Confidential" under the Stipulated Protective Order);

15
16
17
18
19
20
21
22
23
24

d. Class Certification Response, page 4, lines 20-21 (discussing and citing to Exhibit 33 to the Alioto Declaration, Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5, dated February 10, 2012, which the Hitachi Defendants designated as "Highly Confidential" under the Stipulated Protective Order; and Exhibit 34 to the Alioto Declaration, Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5, dated February 10, 2012, which the Hitachi Defendants designated as "Highly Confidential" under the Stipulated Protective Order);

25
26
27
28

e. Class Certification Response, page 7, lines 3-6 (discussing and citing to the conclusions of Dr. Janet S. Netz based on her review and analysis of a document produced by the Hitachi Defendants in this action as HEDUS-CRT00166844-63, and which the Hitachi Defendants designated as "Highly

Confidential" under the Stipulated Protective Order; and the transcripts of the depositions of Thomas Heiser, Toru Iwasawa, Nobuhiko Kobayashi, and Tasuhiro Morishima, who were designated as Fed. R. Civ. P. 30(b)(6) witnesses by the Hitachi Defendants, and whose transcripts were designated as "Highly Confidential" under the Stipulated Protective Order);

f.  Class Certification Response, page 8, lines 16-18 (discussing and citing to the conclusions of Dr. Janet S. Netz based on her review and analysis of a document produced by the Hitachi Defendants in this action as HDP-CRT00019322, and which the Hitachi Defendants designated as "Highly Confidential" under the Stipulated Protective Order; and the transcripts of the depositions of Thomas Heiser and William Whalen, who were designated as Fed. R. Civ. P. 30(b)(6) witnesses by the Hitachi Defendants, and whose transcripts were designated as "Highly Confidential" under the Stipulated Protective Order); and

g.  Class Certification Response, page 9, lines 1-6 (discussing and citing to the conclusions of Dr. Janet S. Netz based on her review and analysis of the transcript of William Whalen, who was designated as Fed. R. Civ. P. 30(b)(6) witnesses by the Hitachi Defendants, and whose transcript was designated as "Highly Confidential" under the Stipulated Protective Order; and Exhibits 114, 116, and 118 to the Alioto Declaration, which are documents produced by the Hitachi Defendants in this action as HEDUS-CRT00044346E-71, HEDUS-CRT00126016-21, and HDPCRT00056062E-63E respectively, and which the Hitachi Defendants designated as "Highly Confidential" under the Stipulated Protective Order).

8.  Upon information and belief, the documents designated "Highly Confidential" by the Hitachi Defendants that are quoted, described, analyzed, or summarized in the Motion to Strike Response consist of, cite to, and/or identify confidential, nonpublic, proprietary, and highly sensitive business information, including information about the Hitachi Defendants' sales processes, business

practices, internal practices, negotiations, confidential business and supply agreements and competitive positions, and relationships with companies that remain important to the Hitachi Defendants' competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Hitachi Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Hitachi Defendants at a competitive disadvantage. The relevant portions of the Motion to Strike Response are as follows:

a. Motion to Strike Response, page 17, line 2 (discussing and citing to the conclusions of Dr. Janet S. Netz based on her review and analysis of documents produced by the Hitachi Defendants in this action as HEDUS-CRT00044346-71, HEDUS-CRT00018407-70, HEDUS-CRT00104763-68, HEDUS-CRT00146312-17, and HEDUS-CRT000174034-40, and which the Hitachi Defendants designated as "Highly Confidential" under the Stipulated Protective Order; and the transcripts of the depositions of Thomas Heiser, Tasuhiro Morishima, and William Whalen, who were designated as Fed. R. Civ. P. 30(b)(6) witnesses by the Hitachi Defendants, and whose transcripts were designated as "Highly Confidential" under the Stipulated Protective Order);

b. Motion to Strike Response, page 22, line 25 (discussing and citing to portions of the December 17, 2012 Expert Report of Dr. Robert D. Willig that were previously sealed by this Court on December 27, 2012 *(see* Dkt. No. 1523)); and

c. Motion to Strike Response, page 23, line 10 through page 24, line 8 (discussing the conclusions of Dr. Janet S. Netz based on her review and analysis of a document produced by the Hitachi Defendants in this action as HEDUS-CRT000183949-4017 and which the Hitachi Defendants designated as "Highly Confidential" under the Stipulated Protective Order; and the transcripts of the depositions of Thomas Heiser and Nobuhiko Kobayashi,

who were designated as Fed. R. Civ. P. 30(b)(6) witnesses by the Hitachi Defendants, and whose transcripts were designated as "Highly Confidential" under the Stipulated Protective Order).

9. The portions of the Class Certification Response or Motion to Strike Response identified above quote from or describe documents designated as "Highly Confidential" by the Hitachi Defendants pursuant to the Stipulated Protective Order. I understand that the Hitachi Defendants consider any statements in the Class Certification Response or Motion to Strike Response purporting to summarize documents designated "Highly Confidential" by the Hitachi Defendants to be confidential and proprietary.

10. I am informed and believe that the Hitachi Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in the Motion to Strike Response and the Class Certification Response.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 28th day of August, 2013, at San Francisco, California.

*/s/ James Maxwell Cooper*
James Maxwell Cooper