GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant
CHUNGHWA PICTURE TUBES, LTD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | CASE NO. 3:07-CV-5944 SC<br><br>MDL NO. 1917<br><br>**CHUNGHWA PICTURE TUBES, LTD.'S NOTICE OF INABILITY TO ATTEND STATUS CONFERENCE** |

    Defendant Chunghwa Picture Tubes, Ltd. ("CPT") files this Notice of Inability to Attend in connection with the Status Conference scheduled for September 13, 2013.

    On July 2, 2013, the Court entered an Order Setting Status Conference, ECF No. 1758, requiring "[a]ll principal parties and lawyers . . . to appear" for a hearing on September 13, 2013 to discuss "the progress of the case and the prospects for its efficient resolution." Order at 1. The Court ordered that attendance is mandatory, but provided: "If a party believes it has a valid excuse for not being present and represented at the hearing, it should file a notice explaining the reasons for its absence, no later than one week before the hearing date." *Id.* at 2.

    Counsel for CPT will attend the Conference to represent CPT. CPT requests, however, that it be excused from attending for good cause and that the Court allow its counsel, Gibson, Dunn & Crutcher, LLP, to attend on its behalf. CPT, which is based in Taiwan, does not have any presence

1  (such as employees, offices, or branches) in the United States.  Additionally, due to preexisting
2  obligations in Taiwan, the General Counsel of CPT, who is responsible for this litigation, is unable to
3  attend the Conference.[1]  CPT notes that it has settled with both sets of class plaintiffs and some of the
4  direct action plaintiffs.

5        CPT therefore respectfully requests that the Court excuse CPT from attending the Conference
6  and permit its counsel from Gibson, Dunn & Crutcher LLP to represent CPT at the Conference.

8  DATED:  August 29, 2013

GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS

By:  /s/ *Joel S. Sanders*

Joel S. Sanders (SBN 107234)
Rachel S. Brass (SBN 219301)
Austin Schwing (SBN 211696)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
(415) 393.8200 (Phone)
(415) 393.8306 (Facsimile)
*jsanders@gibsondunn.com*

Attorneys for Defendant
CHUNGHWA PICTURE TUBES, LTD.

---

[1] In addition, Defendant Chunghwa Picture Tubes (Malaysia) no longer exists and is therefore unable to attend.  CPT and its counsel represent the interests of that now-defunct entity in this litigation.

# DECLARATION OF SERVICE

I, Joseph Hansen, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State. On the date below, I served the within:

**CHUNGHWA PICTURE TUBES, LTD.'S NOTICE OF INABILITY TO ATTEND STATUS CONFERENCE**

to all named counsel of record as follows:

 **BY ECF (ELECTRONIC CASE FILING)**: I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on June 13, 2012. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on August 29, 2013, at San Francisco, California.



/s/  
Joseph Hansen

Gibson, Dunn & Crutcher LLP

DECLARATION OF SERVICE                              CASE NO. 3:07-CV-5944 SC