Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

*Attorneys for Sharp Electronics Corporation and*
*Sharp Electronics Manufacturing Company of America, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-5944-SC MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Electronics Corporation, Sharp Electronics Manufacturing Company of America, Inc. v. Hitachi, Ltd. et al.*, Case No. 13-cv-1173 SC. | **PLAINTIFFS SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S REPLY IN SUPPORT OF OBJECTIONS TO ORDER OF SPECIAL MASTER LEGGE STAYING DISCOVERY**<br><br>DATE: None Set<br>TIME: None Set<br>COURTROOM: One, 17th Floor<br>JUDGE: The Honorable Samuel Conti |

1    Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing

2    Company of America, Inc. (collectively, "Sharp") respectfully request leave to submit this reply

3    in support of their objections to the Order of the Special Master staying discovery, to address

4    new arguments Thomson Consumer raised in its opposition and highlight the impact of this

5    Court's intervening decision regarding motions to dismiss the DAP complaints, which was

6    issued after Sharp filed its objections to the Special Master's order.

7    The Special Master denied discovery based on an erroneous view of the merits of

8    Thomson Consumer's statute of limitations defenses—a legal conclusion that must be reviewed

9    *de novo*.  *See* Dkt. No. 302 ("The Court shall review *de novo* <u>any</u> conclusions of law made or

10   recommended by the Special Master.") (emphasis added).[1]  In denying discovery, the Special

11   Master concluded that Thomson Consumer's motion to dismiss was likely to succeed and to

12   dispose of the claims again Thomson Consumer entirely.  He relied primarily on his

13   recommendation dismissing claims against LG and Philips on statute of limitations grounds

14   relating to withdrawal and fraudulent concealment.  *See* Dkt. No. 1820, at 2 (Aug. 1, 2013).  The

15   Special Master extended this same analysis on limitations to Thomson Consumer, with little

16   discussion.  *Id.*

17   This Court has now rejected the Special Master's recommendation as to LG and

18   Philips on that point.  *See* Dkt. No. 1856, at 33-35 (Aug. 21, 2013).  Specifically, the Court held

19   that the limitations issues of withdrawal and fraudulent concealment "raise factual questions

20   inappropriate for decision at [the motion to dismiss] stage."  *Id.* at 34.  The Court's intervening

21   ruling eliminates the only reason the Special Master had for delaying discovery.

22   Accordingly, contrary to the arguments Thomson Consumer makes in its

23   opposition here, its motion to dismiss is unlikely to succeed, because of critical factual issues

24   remaining on at least three questions.

25

26

27   [1] In the alternative, if the Court applies the abuse of discretion standard as Thomson Consumer
     advocates, the Special Master's legal error warrants reversal under that standard.  *See Pitts v.*
28   *Terrible Herbst, Inc.*, 653 F.3d 1081, 1092 (9th Cir. 2011) ("A district court abuses its discretion
     when it makes an error of law . . . .").

1    **Withdrawal.**  Thomson Consumer's limitations argument depends on an

2    assumption that it withdrew from any conspiracy in 2005.  Sharp, however, alleged no such

3    thing; it alleged only that Thomson S.A. sold its CRT business at that time.  As Sharp explained

4    in its opposition to Thomson Consumer's motion to dismiss, the mere allegation that Thomson

5    sold its CRT business is not sufficient to establish withdrawal, because it does not establish,

6    among other things, a lack of any lingering interest in the CRT industry.  Dkt. No. 1744 at 9

7    (June 21, 2013).  And the record reflects such a lingering interest:  Thomson's parent purchased

8    an ownership interest in the very company to which it sold its CRT assets.[2]  Thomson Consumer

9    attempts to distinguish LG and Philips as a "closer question" due to the proximity of the

10   purported March 2007 withdrawal date and the four-year period predating the November 2011

11   filing of DAP complaints.  But the Court denied the motion to dismiss as to the purported

12   withdrawals in 2001 as well as 2007.  Dkt. No. 1856 at 33-35.[3]  The Court identified several

13   factual issues that could not be resolved, but the proximity of the purported 2007 withdrawal and

14   the statute of limitations period was not one of them.  *Id.* at 34-35.

15   **Fraudulent concealment.**  Thomson Consumer's suggestion that Sharp's

16   allegations relating to fraudulent concealment are somehow insufficient is mistaken.  It misreads

17   authority to argue that Sharp must allege that Thomson Consumer "actively misled Sharp

18   regarding its role in the alleged conspiracy," and must allege specific concealment conduct by

19   Thomson Consumer taken after the purported withdrawal in 2005.  Dkt. No. 1866 at 8.   In its

20   recent ruling rejecting the Special Master's recommendation on limitations, however, the Court

21   upheld, for the second time, allegations on fraudulent concealment identical to Sharp's,

22

23

24

---

25   [2] Contrary to Thomson Consumer's mischaracterizations, *see* Dkt. No. 1866 at 1, Sharp has *not*
     "admit[ted]" that Thomson withdrew from the conspiracy through sale of its CRT business, a
26   point Sharp has made clear in its objections and elsewhere.  Sharp's complaint alleges the fact of
     the sale to Videocon while also alleging that "Thomson never effectively withdrew from this
27   conspiracy."  *See* Sharp Compl. at ¶ 187.

28   [3] Sharp has not waived this argument.  In its opening letter to the Special Master, Sharp argued
     that it could replead any allegations that might be deemed deficient.  *See* Dkt. No. 1766 at 4.

observing that fraudulent concealment is "fact-intensive" and "inappropriate for decision at [the motion to dismiss] stage."  Dkt. No. 1856 at 34.[4]

**Class action tolling.**  The third factual question is whether Thomson Consumer had notice of claims against it, for purposes of *American Pipe* tolling.  Thomson Consumer argues that *American Pipe* tolling is inapplicable, as it was not previously named as a defendant in a class action, and that it is therefore more likely to succeed on its motion to dismiss than LG and Philips.  *See* Dkt. No. 1866 at 9.  But Sharp argued that in order to determine whether *American Pipe* tolling applies, the Court should first determine whether Thomson Consumer had notice of claims against it.  *See* Dkt. No. 1744 at 15-16.  As the Court found with withdrawal and fraudulent concealment, notice is a factual question that should not be resolved at the motion to dismiss stage.  *See* Dkt. No. 1856 at 34-35.

For these reasons, Thomson Consumer's motion to dismiss is likely to fail, and it has not shown that Sharp is "unable to state a claim for relief."  *Huene v. U.S. Dep't of Treasury, I.R.S.*, No. 11-cv-2110, 2013 WL 417747, at *8 (E.D. Cal. Jan. 31, 2013).  Sharp should not, therefore, suffer the prejudice of being prevented from proceeding with discovery for many months in the meantime.

DATED:  September 3, 2013          By: /s/  Craig A. Benson

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP
2001 K Street, NW
Washington, DC  20006
Telephone: (202) 223-7300

---

[4] The Court also rejected an argument, identical to Thomson Consumer's, that the DAPs were required to plead concealment conduct as to LG and Philips in particular.  Dkt. No. 1856 at 34-35; *see also In re Rubber Chems. Antitrust Litig.*, 504 F. Supp. 2d 777, 788-90 (N.D. Cal. 2007).

Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

*Attorneys for Plaintiffs*

- 4 -