Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP
2001 K Street, NW
Washington, DC  20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

*Attorneys for Sharp Electronics Corporation and
Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-5944-SC MDL No. 1917 |
| This Document Relates to: | **PLAINTIFFS' OBJECTION TO REPLY EVIDENCE PURSUANT TO LOCAL RULE 7-3(d)(1)** |
| *Sharp Electronics Corporation, Sharp Electronics Manufacturing Company of America, Inc. v. Hitachi, Ltd. et al.*, Case No. 13-cv-1173 SC | Date:  October 14, 2013 Time:  9:00 a.m. Judge:  Hon. Samuel Conti |

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Local Rule 7-3(d)(1), Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively, "Sharp"), object to Defendant Thomson SA's filing of new evidence with its reply brief on its motion to dismiss. The new evidence should be stricken from the record as improper.

## FACTUAL BACKGROUND

In its brief opposing Thomson SA's motion to dismiss for lack of personal jurisdiction, Sharp submitted materials substantiating Thomson SA's connections to the United States and to the conspiracy alleged by Sharp. The materials contravened the largely inapposite two-page Cadieux Declaration (Dkt. 1765-1) that Thomson SA had offered to support its motion – the *only* evidence Thomson SA submitted to try to dispute Sharp's jurisdictional allegations.

After Sharp highlighted the various insufficiencies of the Cadieux Declaration, Thomson SA produced new evidence in its reply brief: (1) a September 28, 2005 declaration of Michael O'Hara, then the President of Thomson, Inc. (a previous name of defendant Thomson Consumer) (Dkt. 1875, Exh. 2); (2) a September 2, 2005 declaration of Thomson SA's then General Secretary, Marie-Ange Debon (Dkt. 1875, Exh. 3); and (3) an October 17, 2005 order by the U.S. District Court for the Eastern District of Virginia (Dkt. 1875, Exh. 4). Thomson SA cites no law that authorizes filing these new exhibits.

Thomson SA suggests that these new exhibits fix a fatal error in its motion – namely, that the Cadieux Declaration focused on the wrong time period. It ignored the period during which Sharp alleged the conspiracy occurred, focusing instead on the present. *Steel v. U.S.*, 813 F.2d 1545, 1549 (9th Cir. 1987). Notably, its new evidence is still limited to a narrow time period, and thus cannot, as Thomson SA suggests, cure the fatal defects in its motion. But more importantly, the evidence is procedurally improper and so, for the reasons explained below, should be stricken.

## ARGUMENT

It is well-established in this district and this circuit that introducing new evidence on reply is improper, unless the moving party is replying to new arguments raised for the first

1    time in opposition *and* the non-moving party is given the opportunity to respond to the new reply

2    evidence.  *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Miller v. Glenn Miller*

3    *Productions, Inc.*, 454 F.3d 975, 979 n.1 (9th Cir. 2006).  Otherwise, as the court explained in

4    *World Lebanese Cultural Union, Inc. v. World Lebanese Cultural Union of New York, Inc.*,

5    "[n]ew evidence or analysis presented for the first time in a reply is improper and will not be

6    considered."  No. C 11-01442 SBA, 2011 WL 5118525, at *6 n.3 (N.D. Cal. Oct. 28, 2011)

7    (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n.4 (9th Cir. 2000) ("[I]ssues cannot

8    be raised for the first time in a reply brief.") and *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273

9    n.3 (9th Cir.1993) ("To the extent that the [reply] brief presents new information, it is

10   improper.")); *see also In re LDK Solar Sec. Litig.*, No. 07-cv-05182 WHA, 2008 WL 4369987,

11   at *12 (N.D. Cal. Sept. 24, 2008) ("It is well accepted that raising of new issues and submission

12   of new facts in a reply brief is improper") (internal quotations omitted).

13          Courts accordingly often strike or otherwise refuse to consider new evidence

14   submitted in reply.  In *Azzarello v. Navagility, LLC*, the court, ruling on a motion to dismiss for

15   lack of personal jurisdiction, sustained the plaintiff's objection to a new declaration filed by the

16   defendant on reply, on the grounds that the declaration introduced new facts and new legal issues

17   to which the plaintiff did not have an opportunity to respond.  No. 08-cv-2371 MMC, 2008 WL

18   4614667, at *1 n.1 (N.D. Cal. Oct. 16, 2008).  Likewise, in *Willner v. Manpower, Inc.*, the court

19   concluded that new evidence and argument offered in a reply brief was improper and disregarded

20   the new evidence and argument in deciding the motion.  No. 11–cv–02846 JST, 2013 WL

21   3339443, at *3 (N.D. Cal. July 1, 2013); *see also Tech. & Intellectual Prop. Strategies Grp. PC*

22   *v. Insperity, Inc.*, No. 12–cv–03163 LHK, 2012 WL 6001098, at *14 n.6 (N.D. Cal. Nov. 29,

23   2012) (striking attachments to reply brief that were irrelevant to the pending motion).

24          Disregarding this consistent authority, Thomson SA offered three new exhibits in

25   its reply briefing.  Thomson SA's new evidence purports to contravene Sharp's jurisdictional

26   allegations, but, by including it only on reply, Thomson SA would leave Sharp with no

27

28

SHARP'S OBJECTION TO REPLY EVIDENCE                    Case No. 13-cv-1173-SC
                                                       Master File No. 07-cv-5944, MDL No. 1917

1    mechanism to meaningfully respond.[1]  This is particularly problematic because Sharp has been

2    unable to take discovery from Thomson SA to rebut Thomson SA's assertions.

3            All the more troubling, everything Thomson SA submitted in its reply could have

4    been filed in its original motion.  Instead, it initially filed a very limited declaration to support its

5    motion, and then sought to introduce new evidence only after Sharp highlighted the legal

6    irrelevance of its initial showing.  *See Pacquiao v. Mayweather*, No. 09-cv-2448 LRH RJJ, 2010

7    WL 3271961, at *1 (D. Nev. Aug. 13, 2010) (striking two documents filed in a reply brief where

8    the documents "were available at the time the [movants] filed their motion") (citing *Tovar*, 3

9    F.3d at 1273 n.3); *Cont'l W. Ins. Co. v. Lexington Ins. Co.*, No. C09–1112 MJP, 2010 WL

10   1959716, at *5 (W.D. Wash. May 14, 2010) (holding that submission of new evidence offered in

11   reply was "improper" and striking the evidence, reasoning that "almost all of this information

12   was available [to the movant] prior to filing its motion").

13           Thomson SA cannot argue that this new evidence was somehow required to rebut

14   factual issues raised for the first time in Sharp's opposition that were unforeseen or beyond the

15   scope of Thomson SA's original motion.  Sharp's opposition did nothing more than draw the

16   Court's attention to how inadequate Thomson SA's attempts were to controvert Sharp's factual

17   allegations, based on basic principles of jurisdiction law.  Thomson SA was represented by

18   sophisticated counsel and had requested and been granted by Sharp time far beyond what would

19   have been required under the Federal Rules to file its motion to dismiss.  Indeed, Thomson SA's

20   counsel had been in possession of Sharp's complaint for over three months before it filed its

21   motion.  There is no question that Thomson SA was aware of what it must show to defeat

22   jurisdiction.  Nothing Sharp said in illustrating how far short Thomson SA fell in meeting that

23   burden could have been a surprise.

24           In any event, Sharp further objects to the supplemental materials as irrelevant

25   because they still fail to fill the gap Thomson SA needs to in order to prevail on its motion to

26   dismiss.  Fed. R. Evid. 401.  Like the Cadieux declaration, the O'Hara and Debon declarations

27

28   [1] *See* Civil L.R. 7-3(d)(1) (objections to reply evidence "may not exceed 5 pages of text . . . [and]
     may not include further argument on the motion").

1   focus narrowly on the time period when they were filed – September 2005.  Accordingly,

2   Sharp's key allegations – which span a 12-year period from March 1995 through December 2007

3   – remain uncontroverted.  The Debon declaration also pertains mostly to Thomson SA's

4   connections with Virginia related to patent licensing and infringement, which has no relevance to

5   Thomson SA's connections to the U.S. as a whole or its participation in the CRT antitrust

6   conspiracy.[2]

7   **<u>CONCLUSION</u>**

8   　　　　For the foregoing reasons, Plaintiffs respectfully submit that the Court strike the

9   reply evidence submitted by Thomson SA in its reply brief and decide this motion without

10  consideration of that new evidence.

11

12  DATED:  September 4, 2013　　　By: /s/  *Craig A. Benson*

13                                  Stephen E. Taylor (SBN 058452)
                                    Jonathan A. Patchen (SBN 237346)
14                                  TAYLOR & COMPANY LAW OFFICES, LLP
                                    One Ferry Building, Suite 355
15                                  San Francisco, California 94111
                                    Telephone:  (415) 788-8200
16                                  Facsimile:  (415) 788-8208
                                    Email: staylor@tcolaw.com
17                                  Email: jpatchen@tcolaw.com

18                                  Kenneth A. Gallo (*pro hac vice*)
                                    Joseph J. Simons (*pro hac vice*)
19                                  Craig A. Benson (*pro hac vice*)
                                    PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP
20                                  2001 K Street, NW
                                    Washington, DC  20006
21                                  Telephone: (202) 223-7300
                                    Facsimile: (202) 223-7420
22                                  kgallo@paulweiss.com
                                    jsimons@paulweiss.com
23                                  cbenson@paulweiss.com

24                                  *Attorneys for Plaintiffs*

25

26

27

28  [2]Should the Court, nonetheless, consider the new evidence submitted by Thomson SA in deciding the motion, Sharp respectfully requests leave to file a substantive response.  *Provenz*, 102 F.3d at 1483.

- 4 -