JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 07-5944 SC<br><br>MDL. No. 1917<br><br>**PANASONIC DEFENDANTS' SEPTEMBER 13 STATUS CONFERENCE POSITION STATEMENT** |

Pursuant to the Court's order of July 2, 2013 (Dkt. No. 1758), Defendants Panasonic Corporation of North America ("PNA"), MT Picture Display Co., Ltd. ("MTPD"), and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) ("Panasonic Corp." and collectively, the "Panasonic Defendants") hereby submit the following position statement in advance of the September 13, 2013 status conference.

## I. STATUS REGARDING THE DOJ INVESTIGATION

None of the Panasonic Defendants have been charged in the Department of Justice's ("DOJ") grand jury investigation into the cathode ray tube industry.

## II. DIRECT-PURCHASER ACTION

Defendants PNA, MTPD, and Panasonic Corp. were named in the direct-purchaser action. On December 27, 2012, the Court granted final approval of the Panasonic Defendants' $17.5 million settlement agreement with direct-purchaser plaintiffs (Dkt. No. 1508). A final judgment of dismissal with prejudice as to the Panasonic Defendants was issued on December 27, 2012 (Dkt. No. 1509).

## III. INDIRECT-PURCHASER ACTION

Defendants PNA, MTPD, and Panasonic Corp. are named in the indirect-purchaser action. On June 20, 2013, Interim Special Master Quinn issued his reports and recommendations granting the indirect-purchaser plaintiffs' motion for class certification and denying defendants' motion to strike (*see* Dkt. Nos. 1742 and 1743, respectively). Pursuant to the Court's order of July 3, 2013 (Dkt. No. 1761), the Panasonic Defendants filed their joint objections to the Special Master's reports and recommendations on July 22, 2013. The indirect-purchaser plaintiffs filed their responsive briefs on August 21, 2013. The motions will be decided based on the briefs, which have now all been submitted.

The Panasonic Defendants and indirect-purchaser plaintiffs have not been able to reach a settlement at this time.

## IV. DAP ACTIONS

Defendants PNA, MTPD, and Panasonic Corp. are named in the following complaints brought by Direct Action Plaintiffs ("DAPs"):

- *Electrograph Sys., Inc. v. Hitachi, Ltd.*, No. 11-cv-01656;
- *Stoebner v. LG Electronics, Inc.*, No. 11-cv-05381;
- *P.C. Richard & Son Long Island Corp. v. Hitachi, Ltd.*, No. 12-cv-02648;
- *Schultze Agency Servs., LLC v. Hitachi, Ltd.*, No. 12-cv-02649;
- *CompuCom Sys., Inc. v. Hitachi, Ltd.*, No. 11-cv-06396;
- *Interbond Corp. of Am. v. Hitachi, Ltd.*, No. 11-cv-06275;

- *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502;
- *Office Depot, Inc. v. Hitachi, Ltd.*, No. 11-cv-06276;
- *Best Buy Co., Inc. v. Hitachi, Ltd.*, No. 11-cv-05513;
- *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;
- *Tech Data Corp., et al. v. Hitachi, Ltd.*, Case No. 8:12-cv-02795;
- *Sharp Electronics, Corp. v. Hitachi, Ltd.*, C-13-1173.

The Panasonic Defendants are not named in the actions brought by DAPs Costco Wholesale Corp. and Dell Inc. On September 4, 2013, plaintiffs in the DAP action *Stoebner v. LG Electronics, Inc.*, No. 11-cv-05381, voluntarily dismissed with prejudice their claims against the remaining defendants named in the action, including Panasonic Corp., PNA, and MTPD (Dkt. No. 1891).

The Panasonic Defendants have not been able to reach a settlement with any of the DAPs at this time.

### A. Defendants' Motions to Dismiss

On May 2, 2013, Special Master Legge issued a report and recommendations on defendants' jointly filed motions to dismiss and for judgment on the pleadings against certain DAP complaints (Dkt. No. 1664). After objections and motions to adopt the Special Master's decision were fully briefed, the Court issued a decision on August 21, 2013 adopting in part and modifying in part the Special Master's report and recommendation on defendants' motions to dismiss and for judgment on the pleadings. The DAPs were granted 30 days within which to file amended complaints for any of the dismissed claims, which are due on September 20, 2013. Defendants are currently having discussions with counsel for the DAPs to agree upon a schedule for defendants to answer or otherwise respond to the existing complaints or any amended complaints.

### B. DAPs' Motion to Amend

Additionally, on March 26, 2013, the following DAPs filed a motion to amend their complaints: Best Buy, Circuit City, CompuCom, Costco, Electrograph, Interbond, Office Depot, P.C. Richard, Target, and Tweeter. These DAPs seek to add as defendants Technicolor SA (f/k/a Thomson SA), Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.), Mitsubishi Electric Corp., Mitsubishi Digital Electronics America, Inc., and Mitsubishi Electric & Electronics,

USA, Inc.; to add as non-party co-conspirator Videocon Industries, Ltd.; and to assert additional allegations in support of American Pipe, Cross-Jurisdictional, and Government Action tolling. On June 28, 2013, Interim Special Master Quinn issued a report and recommendation on DAPs' motion to amend recommending that the motion be granted (Dkt. No. 1751). After further briefing regarding the Special Master's report and recommendation, the motion is now pending before Judge Conti.

## V. CALIFORNIA ATTORNEY GENERAL ACTION

Fact and expert discovery in the California Attorney General action, Case No. CGC-II-515784 (Cal. Super. Ct.), is being coordinated with the MDL and remains ongoing. The next status conference is currently set for January 27, 2014. The Panasonic Defendants and the California Attorney General have not been able to reach a settlement at this time.

## VI. SCHEDULING PROPOSAL

On August 14, 2013, the direct-purchaser plaintiffs, indirect-purchaser plaintiffs, DAPs, California Attorney General, and certain defendants wrote jointly to Special Master Legge to seek a modification to the March 13, 2013 revised scheduling order (Dkt. No. 1595). The proposed changes extended the deadlines for expert reports by roughly three to five months and the remaining existing deadlines, up to and including trial, by roughly five months. Given the number of plaintiff groups at issue, the Panasonic Defendants and other parties expect that a relatively large number of such reports and motions will be filed, and the parties agree that these proposed revisions will ensure fairness and efficiency as the case proceeds and will allow the parties sufficient time to file and respond to expert reports and dispositive pre-trial motions.

However, should the Court feel it necessary to do so, the Panasonic Defendants believe that decoupling the DAP cases from the class actions would ease the burden of expert work and motions that the current schedule would cause. The DAP cases were filed several years after the class complaints, including one case filed as recently as March 2013, and none of them have been answered yet in light of the motion practice recently concluded by the Court's Order of August 21, 2013.

### VII. PANASONIC DISCOVERY

Plaintiffs have now deposed four of the twelve Panasonic deponents permitted pursuant to the Order re Discovery and Case Management Protocol (Dkt. 1128). One other deposition has been noticed for October 2013 and the parties are discussing additional potential deponents.

DATED: September 6, 2013

By: /s/ *Jeffrey L. Kessler*
JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@winston.com
ALDO A. BADINI (257086)
Email: abadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

GREGORY D. HULL (57367)
Email: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation*