HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
JONATHAN E. ALTMAN (State Bar No. 170607)
jonathan.altman@mto.com
BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
LAURA K. SULLIVAN (State Bar No. 281542)
laura.sullivan@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendants LG Electronics, Inc.,
LG Electronics U.S.A., Inc., and LG Electronics
Taiwan Taipei Co., Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-md-05944-sc (N.D. Cal) <br><br> MDL No. 1917 <br><br> **DEFENDANTS LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD.'S STATEMENT IN ADVANCE OF THE SEPTEMBER 13, 2013 STATUS CONFERENCE** <br><br> Judge:   The Honorable Samuel Conti |

Pursuant to the Court's July 2, 2013 Order setting a September 13, 2013 status conference and requesting that every party should file statements briefly discussing their positions in this case, Defendants LG Electronics Inc. ("LGEI"), LG Electronic USA, Inc. ("LGEUSA"), and LG Electronic Taiwan Taipei Co., Ltd. ("LGETT"), (collectively, the "LGE Defendants") submit the following statement:

## I. DIRECT PURCHASER ACTIONS

There are no pending direct purchaser actions against the LGE Defendants. On February 15, 2013, the Direct Purchaser Plaintiffs filed a Motion for Final Approval of Class Action Settlement with the LGE Defendants. *See* Dkt. No. 1573. On April 1, 2013, the Court entered an Order granting final approval of the LGE Defendants' settlement with the Direct Purchaser Plaintiffs. *See* Dkt. No. 1621. The Court entered a final judgment of dismissal with prejudice on the same date. *See* Dkt. No. 1622.

## II. INDIRECT PURCHASER ACTIONS

The LGE Defendants entered into a settlement agreement with the Indirect Purchaser Plaintiffs on May 28, 2013. The LGE Defendants understand that a motion for preliminary approval of the settlement will be filed by the Indirect Purchaser Plaintiffs in the near future.

## III. DIRECT ACTION PURCHASER CLAIMS AGAINST LGEI AND LGEUSA

LGEI and LGEUSA are defendants in twelve outstanding Direct Action Purchaser ("DAP") actions. These cases are: Target Corp. v. Chunghwa Picture Tubes, Ltd., No. 11-cv-05514 (N.D. Cal.) (Jan. 6, 2012) ("Target Am. Compl."); P.C. Richard & Son Long Island Corp. v. Hitachi, Ltd., No. 12-cv-02648 (N.D. Cal.) (Nov. 14, 2011) ("P.C. Richard Compl."); Schultze Agency Servs., LLC v. Hitachi, Ltd., No. 12-cv-02649 (N.D. Cal.) (Nov. 14, 2011) ("Tweeter Compl."); CompuCom Systems, Inc. v. Hitachi, Ltd., No. 11-cv-06396 (N.D. Cal.) (Nov. 14, 2011) ("CompuCom Compl."); Interbond Corp. of Am. v. Hitachi, Ltd., No. 11-cv-06275 (N.D. Cal.) (Nov. 14, 2011) ("Interbond Compl."); Costco Wholesale Corp. v. Hitachi, Ltd., No. 11-cv-06397 (N.D. Cal.) (Nov. 14, 2011) ("Costco Compl."); Siegel v. Hitachi, Ltd., No. 11-cv-05502 (N.D. Cal.) (Nov. 14, 2011) ("Circuit City Compl."); Office Depot, Inc. v. Hitachi, Ltd., No. 11-cv-06276 (N.D. Cal.) [ECF No. 1] (Nov. 14, 2011) ("Office Depot Compl."); Best Buy Co., Inc. v. Hitachi, Ltd., No. 11-cv-05513 (N.D. Cal.) (Nov. 14, 2011) ("Best Buy Compl."); Electrograph Systems, Inc. v. Hitachi, Ltd., No. 11-cv-01656 (N.D. Cal.) (Mar. 10, 2011) ("Electrograph Am. Compl."); and Sharp Electronic Corp., No. 13-cv-01173 (Mar.15, 2013) ("Sharp Compl.); Dell Inc., 13-cv-02171 (May 28, 2013) ("Dell Compl.").

1   LGEI and LGEUSA were previously defendants in direct action purchaser suits
2   brought by the State of Florida, 07-cv-5944 (Dec. 9, 2011) and John R. Stoebner, as Chapter 7
3   Trustee for PBE Consumer Electronics, LLC and related entities; and Douglas A. Kelley, as
4   Chapter 11 Trustee for Petters Company, Inc. and related entities, and as Receiver for Petters
5   Company, LLC and related entities, Stoebner v. LG Electronics, Inc., No. 11-cv-05381 (N.D. Cal.)
6   ("Polaroid Compl.").[1] These cases were dismissed on December 27, 2012 and September 4, 2013
7   respectively. *See* Dkt. No. 1511 (dismissing Florida's claims with prejudice); Dkt. No. 1891
8   (dismissing Polaroid Compl. without prejudice).

9   In addition, several plaintiffs in the Target Corp. v. Chunghwa Picture Tubes, Ltd.,
10  No. 11-cv-05514 (N.D. Cal.) (Jan. 6, 2012) matter have filed voluntary dismissals. They are:
11  RadioShack Corporation (Dkt. No. 1640, Apr. 17, 2013); Old Comp Inc. (Dkt. No. 1574, Feb. 19,
12  2013); and Good Guys, Inc. (Dkt. No. 1575 (Feb. 19, 2013).

13  LGEI's affiliate in Taiwan, LGETT, has never manufactured or sold component
14  CRTs anywhere, and it has never sold CRT Products to the United States. In recognition of that
15  fact, eleven DAP complaints[2] were dismissed without prejudice as to LGETT pursuant to a joint
16  stipulation approved by the Court on May 22, 2012. *See* Dkt. No. 1202. Nonetheless, LGETT
17  remains a defendant in two outstanding DAP actions: Sharp Electronic Corp., No. 13-cv-01173
18  (March 15, 2013) and Dell Inc., No. 13-cv-02171 (May 28, 2013). These actions should be
19  dismissed as to LGETT, and LGETT hopes to negotiate such dismissals with the Dell and Sharp
20  plaintiffs.

21  Currently, LGEI and LGEUSA are engaged in pursuing and responding to
22  discovery in the outstanding DAP cases against them. LGEI and LGEUSA intend to file a
23  summary judgment motion, among other potential motions, to dismiss these outstanding DAP

---

[1] LGEI and LGEUSA understand that Polaroid intends to dismiss its claims against them without prejudice. At that point, LGEI and LGEUSA will be defendants in twelve outstanding DAP actions.

[2] These complaints are: Polaroid Compl.; Target Am. Compl.; P.C. Richard Compl.; Tweeter Compl.; CompuCom Compl.; Interbond Compl.; Costco Compl.; Circuit City Compl.; Office Depot Compl.; Best Buy Compl.; and Electrograph Am. Compl.

1 | claims on the ground that the LGE Defendants withdrew from the alleged conspiracy outside the limitations periods for their claims. The Court recently ruled that these issues require factual development and cannot be resolved on a pleading motion. *See* Order Adopting in Part and Modifying in Part Special Master's Report and Recommendation on Defendants' Motion to Dismiss the Direct Action Plaintiffs' Complaints (Dkt. No. 1856 at 34). The LGE Defendants believe that discovery will show that there are no disputed material facts concerning these issues and that summary judgment is appropriate.

Respectfully submitted,

DATED: September 6, 2013

MUNGER, TOLLES & OLSON LLP
HOJOON HWANG
WILLIAM D. TEMKO
JONATHAN E. ALTMAN
BETHANY W. KRISTOVICH
LAURA K. SULLIVAN

By:    /s/ Hojoon Hwang
        HOJOON HWANG

Attorneys for Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Taiwan Taipei Co., Ltd.