1  Christopher M. Curran (*pro hac vice*)
   ccurran@whitecase.com
2  Lucius B. Lau (*pro hac vice*)
3  alau@whitecase.com
   Dana E. Foster (*pro hac vice*)
4  defoster@whitecase.com
5  White & Case LLP
   701 Thirteenth Street, N.W.
6  Washington, DC  20005
7  Telephone:  (202) 626-3600
   Facsimile:  (202) 639-9355
8

9  *Counsel to Defendants*
   *Toshiba Corporation, Toshiba America,*
10 *Inc., Toshiba America Electronic*
11 *Components, Inc., Toshiba America*
   *Consumer Products, LLC, and Toshiba*
12 *America Information Systems, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>**ALL CASES** | **THE TOSHIBA DEFENDANTS' POSITION STATEMENT** |

Pursuant to the Court's July 2, 2013 Order, Defendants Toshiba Corporation, Toshiba America, Inc. ("TAI"), Toshiba America Electronic Components, Inc. ("TAEC"), Toshiba America Consumer Products, L.L.C. ("TACP"), and Toshiba America Information Systems, Inc. ("TAIS") (collectively, the "Toshiba Defendants") submit this statement describing their current position in the case.

## I. Status Regarding DOJ Investigation

None of the Toshiba Defendants have been charged in the U.S. Department of Justice's ("DOJ") grand jury investigation into the cathode ray tube industry. Nor have any of the Toshiba Defendants received a grand jury subpoena with respect to this investigation.

## II. Indirect Purchaser Action

Each of the Toshiba Defendants was initially named as a defendant in the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint. *See* Indirect Purchaser Pls.' Consol. Am. Compl., MDL Dkt. No. 437 (Mar. 16, 2009) ¶¶ 72-79. Subsequently, the Indirect Purchaser Plaintiffs agreed to voluntarily dismiss their claims against TAI. *See* Stip. of Dismissal and Order Re: Toshiba America, Inc., MDL Dkt. No. 1311 (Aug. 10, 2012).

### A. Motions to Dismiss

On March 30, 2010, the Court issued an order denying in part, and granting in part, the Defendants' joint motion to dismiss the Indirect Purchaser Plaintiffs' complaint. *See* Order Approving and Adopting Special Master's Report, Recs. and Tentative Rulings Re: Defs.' Mots. to Dismiss, MDL Dkt. No. 665 (Mar. 30, 2010). Specifically, this Court dismissed the Indirect Purchaser Plaintiffs' claims under the laws of Kansas, Massachusetts, Nebraska, Nevada, and Rhode Island.

On October 25, 2010, the Court entered a stipulation in which the Court dismissed the Indirect Purchaser Plaintiffs' claims under the laws of Arkansas, Hawaii, Illinois, Maine, Massachusetts, Minnesota, Mississippi, Montana, Nebraska, Nevada, New York, North Carolina, Tennessee, Vermont, West Virginia, and Wisconsin. *See* Stip. and Order Modifying and Adopting Special Master's Report, Recs. and Tentative Rulings Re: Defs.'

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Joint Mot. to Dismiss Second Consol. Am. Compl. of Indirect Purchaser Pls., MDL Dkt. No. 799 (Oct. 27, 2010).

### B. Class Certification

On June 20, 2013, Temporary Special Master Quinn issued a Report and Recommendation in which he recommended granting the Indirect Purchaser Plaintiffs' motion for class certification. *See* Report and Rec. Re: Indirect Purchaser Pls.' Mot. for Class Cert., MDL Dkt. No. 1742 (June 20, 2013). On the same day, he recommended denying the Defendants' motion to strike the testimony of Dr. Janet Netz. *See* Report and Rec. Re: Defs.' Mot. to Strike Proposed Expert Testimony, MDL Dkt. No. 1743 (June 20, 2013). Objections to and motions for approval of each of Temporary Special Master Quinn's recommendations are fully briefed before the Court.

### III. Direct Purchaser Action

Each of the Toshiba Defendants was initially named as a defendant in the Direct Purchaser Plaintiffs' Consolidated Amended Complaint. *See* Direct Purchaser Pls.' Consol. Am. Compl., MDL Dkt. No. 436 (Mar. 16, 2009) ¶¶ 71-78. Subsequently, the Direct Purchaser Plaintiffs agreed to voluntarily dismiss their claims against TAI. *See* Stip. of Dismissal and Order Re: Toshiba America, Inc., MDL Dkt. No. 1311 (Aug. 10, 2012).

On February 6, 2013, the Toshiba Defendants and the Direct Purchaser Plaintiffs executed a settlement agreement. The Court granted final approval of the settlement on July 23, 2013, and dismissed with prejudice all of Direct Purchaser Plaintiffs' claims against the Toshiba Defendants. *See* Final J. of Dismissal with Prejudice as to Defs. Toshiba Corp., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc., MDL Dkt. No. 1792 (July 23, 2013).

### IV. Direct Actions

Some or all of the Toshiba Defendants are named as defendants in the following individual actions:

- *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;
- *Stoebner, et al. v. LG Electronics, et al.*, No. 11-cv-05381;
- *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;
- *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;
- *Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;
- *Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06275;
- *Office Depot, Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06276;
- *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;
- *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397;
- *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;
- *Schultze Agency Services, LLC, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02649;
- *Tech Data Corporation, et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;
- *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173; and
- *Dell Inc. and Dell Products L.P. v. Hitachi, Ltd., et al.*, No. 13-cv-02171.

### A. Motions to Dismiss

On August 21, 2013, the Court issued an order adopting in part, and modifying in part, the Special Master's report and recommendations regarding the Defendants' motion to dismiss the Direct Action Plaintiffs' complaints. *See* Order Adopting in part and Modifying in part Special Master's Report and Rec. on Defs.' Mot. to Dismiss Direct Action Pls.' Compls., MDL Dkt. No. 1856 (Aug. 21, 2013). The Court granted the Defendants' motion to the extent that it challenged the DAPs' right to proceed under the cost-plus or co-conspirator exceptions to *Illinois Brick*, and dismissed the following claims with prejudice: (i) claims brought under Washington law; (ii) claims for restitution and unjust enrichment under California law; (iii) claims based on pre-December 3, 1998 purchases under New York law; and (iv) claims based on pre-October 1, 1999 purchases under Nevada law. Finally, the Court dismissed the DAPs' non-state-specific unjust enrichment claims and Massachusetts consumer protection law claims with leave to amend.

The Court's August 21, 2013 Order relates to the following individual actions:

- *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;
- *Stoebner, et al. v. LG Electronics, et al.*, No. 11-cv-05381;
- *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;
- *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;
- *Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;
- *Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06275;
- *Office Depot, Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06276;
- *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;
- *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397;
- *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648; and
- *Schultze Agency Services, LLC, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02649.

The parties are currently discussing a briefing schedule for answering, or otherwise responding to, the complaints (or amended complaints) in these actions, as well as the complaints in the following individual actions:

- *Tech Data Corporation, et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;
- *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173; and
- *Dell Inc. and Dell Products L.P. v. Hitachi, Ltd., et al.*, No. 13-cv-02171.

**B.     Individual Actions**

**1.     *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397**

On January 28, 2013, this Court issued an order granting in part, and denying in part, the Toshiba Defendants' motion to compel arbitration. *See* Order Adopting Special Master's Report and Rec. Re: Toshiba Defs.' Mot. to Compel Arbitration, MDL Dkt. No. 1543 (Jan. 28, 2013). The Court ordered the Plaintiffs to pursue their claims against the Toshiba Defendants in arbitration, and left only Costco's claims that are based strictly on co-conspirator or joint-and-several liability to proceed in the MDL.

2.    *Stoebner, et al. v. LG Electronics, et al.*, **No. 11-cv-05381**

On August 22, 2013, the Plaintiffs reported to the Defendants that they intend to dismiss their claims without prejudice. On September 4, 2013, the Plaintiffs submitted a Notice of Voluntary Dismissal of Action Without Prejudice as to Remaining Defendants. *See* Pls. John R. Stoebner and Douglas A. Kelley's Notice of Vol. Dismissal Of Action Without Prejudice as to Remaining Defs., MDL Dkt. No. 1891 (Sept. 4, 2013).

## V.    State Attorney General Actions

### A.    California

The California Attorney General filed a complaint against the Defendants, including Toshiba Corp. and TAEC, in California state court. *See The State of California, et al. v. Samsung SDI, Co., Ltd., et al.*, No. CGC-11-515784 (Cal. Sup. Ct. Nov. 8, 2011). The California Attorney General has been active during the discovery phase in this case, including moving for and receiving her own allotted deposition time for merits depositions.

### B.    Florida

On December 27, 2012, the Court issued a stipulation and order dismissing the claims of Plaintiff State of Florida, which dismissed with prejudice all of the State of Florida's claims against the Defendants.

### C.    Other State Court Actions

Certain other state attorney generals (*i.e.*, those in Illinois, Oregon, and Washington) have initiated civil actions against certain of the Toshiba Defendants in state court. Generally, these actions involve claims of collusion and price-fixing similar to those in the Class Actions, but also present issues particular to the individual states.

| | |
|---|---|
| Dated: September 6, 2013 | Respectfully submitted,<br><br>**WHITE & CASE** LLP<br><br>By: */s/ Lucius B. Lau*<br>Christopher M. Curran (*pro hac vice*)<br>ccurran@whitecase.com<br>Lucius B. Lau (*pro hac vice*)<br>alau@whitecase.com<br>Dana E. Foster (*pro hac vice*)<br>defoster@whitecase.com<br>701 Thirteenth Street, N.W.<br>Washington, DC 20005<br>tel.: (202) 626-3600<br>fax: (202) 639-9355<br><br>*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Electronic Components, Inc., Toshiba America Consumer Products, LLC, and Toshiba America Information Systems, Inc.* |