Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Ave, Suite 450
East Palo Alto, California 94303-2279
Telephone: +1 650 324-6700
Facsimile: +1 650 324-6701
Calvin.litsey@faegrebd.com

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303 607 3500
Facsimile: +1 303 607 3600
jeff.roberts@FaegreBD.com

*Attorneys for Defendant Thomson Consumer*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | No. 07-cv-5944-SC<br>MDL No. 1917<br><br>**THOMSON CONSUMER'S STATEMENT IN ADVANCE OF STATUS CONFERENCE**<br><br>Date: September 13, 2013<br>Time: 10:00 a.m.<br>Judge: Hon. Samuel Conti |

Pursuant to the Court's Order Setting Status Conference [Dkt. No. 1758] Defendant Thomson Consumer Electronics, Inc. ("Thomson Consumer") submits the following Statement in advance of the September 13, 2013 Status Conference.

## **STATEMENT**

**Positions in the Case**

*Sharp Action*

On March 15, 2013 Sharp Electronics Corp. and Sharp Electronics Manufacturing Company of America, Inc. (collectively "Sharp") filed a Complaint against Thomson Consumer in *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-01173*.

*Direct Action Plaintiffs' Actions*

On March 28, 2013 the Direct Action Plaintiffs Electrograph Systems, Inc., Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, Best Buy Co., Inc., Target Corp., Interbond Corporation of America, Office Depot, Inc., CompuCom Systems, Inc., Costco Wholesale Corporation, P.C. Richard & Son Long Island Corporation, and Shultze Agency Services, LLC  filed a Motion for Leave to File Amended Complaints [Dkt. No. 1609] against, *inter alia*, Thomson Consumer.  On June 28, 2013, the Interim Special Master issued a Report and Recommendation [Dkt. No. 1751] that recommended granting these Direct-Action Plaintiffs' Motion for Leave to File Amended Complaints against Thomson Consumer.  On July 12, 2013 these Direct Action Plaintiffs filed their Motion to Adopt the Interim Special Master's Report and Recommendation [Dkt. No. 1772].  That same day, Thomson Consumer filed its Objections to the Interim Special Master's Report and Recommendation. [Dkt. No. 1774].

**Pending Motions**

*Sharp Action*

The following motion filed by Thomson Consumer is currently fully briefed and pending before the Court in *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-0117:*

1. Thomson Consumer's Motion to Dismiss [Dkt. No. 1677] filed on May 17, 2013.

*Direct Action Plaintiffs Actions*

The following motion is currently fully briefed and pending before the Court in the Direct Action Plaintiffs Actions:

1. Direct Action Plaintiffs' Motion to Adopt the Interim Special Master's Report and Recommendation Regarding Direct Action Plaintiffs' Motion For Leave To File Amended Complaints [Dkt. No. 1772], including Thomson Consumer's Objections to the Interim Special Master's Report and Recommendation [Dkt. No. 1774].

**Discovery and Case Management**

Sharp did not file its Complaint against, *inter alia*, Thomson Consumer until March 15, 2013 and the Direct Action Plaintiffs did not file their Motion for Leave to Amend to add claims against Thomson Consumer until March 28, 2013, thus this defendant has only recently become involved in this MDL that has been pending for over five years. As such, Thomson Consumer has not: (1) participated in or received copies of the approximately 90 depositions that have occurred to date in the related CRT antirust actions; (2) received copies of or reviewed the enormous volume of documents or written discovery responses exchanged by the parties in the related CRT antitrust actions; (3) exchanged discovery requests with Sharp or any other parties; or (4) interviewed or engaged experts to assist it in defending against these claims. Moreover, if, in contravention of French Penal Code Law No. 80-538, Sharp or any other plaintiff attempts to obtain documents or information from Thomson Consumer that originated in France, where its parent company Thomson S.A. is located, without utilizing the procedures for gathering evidence set forth in the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), opened for signature, March 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444, Thomson Consumer may move for a protective order. Such a protective order would be necessary because under French law, the Hague Convention is the exclusive means of securing information that originated in France for use in foreign litigation, and parties who attempt to bypass the procedures set forth in the Hague Convention are subject to serious civil and criminal penalties. *See Cour de Cassation Chambre Criminelle In re Christopher X, Paris, Dec. 12, 2007,*

*Juris-Data No. 2007-332254* (imposing €10,000 fine on attorney who bypassed Hague Convention).

Because Thomson Consumer has not participated in discovery to date, if its motion to dismiss is denied, a separate scheduling order will need to be established that will enable Thomson Consumer to "catch up" with the other defendants that have long been parties to these actions. Thomson Consumer will need adequate time to review and analyze the discovery and expert analyses previously disclosed, conduct its own discovery, engage its own experts, notice and take depositions, and prepare its defenses to the claims recently asserted against it. This will necessarily be a time consuming process given the complexity of the issues, the number of the parties involved, and the fact that Thomson Consumer's CRT businesses was sold in 2005, so documents regarding and personnel knowledgeable about these issues will be especially difficult for Thomson Consumer to identify, locate, or obtain.

**Settlement**

The claims against Thomson Consumer are too new for settlement discussions to be productive.

Dated:  September 6, 2013                     Respectfully submitted,

   /s/ Kathy L. Osborn

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Ave, Suite 450
East Palo Alto, California 94303-2279
Telephone: +1 650 324-6700
Facsimile: +1 650 324-6701
Calvin.litsey@faegrebd.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303 607 3500
Facsimile: +1 303 607 3600
jeff.roberts@FaegreBD.com

***Attorneys for Defendant Thomson Consumer***