Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Ave, Suite 450
East Palo Alto, California 94303-2279
Telephone: +1 650 324-6700
Facsimile: +1 650 324-6701
Calvin.litsey@faegrebd.com

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303 607 3500
Facsimile: +1 303 607 3600
jeff.roberts@FaegreBD.com

*Attorneys for Specially Appearing Defendant Thomson S.A.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL CASES | **THOMSON S.A.'S STATEMENT IN ADVANCE OF STATUS CONFERENCE**<br><br>Date: September 13, 2013<br>Time: 10:00 a.m.<br>Judge: Hon. Samuel Conti |

Pursuant to the Court's Order Setting Status Conference [Dkt. No. 1758] specially appearing Defendant Thomson S.A. submits the following Statement in advance of the September 13, 2013 Status Conference.

## **STATEMENT**

**Positions in the Case**

*Sharp Action*

On March 15, 2013 Sharp Electronics Corp. and Sharp Electronics Manufacturing Company of America, Inc. (collectively "Sharp") filed a Complaint against Thomson S.A. in *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-01173*.

*Direct Action Plaintiffs' Actions*

On March 28, 2013 the Direct Action Plaintiffs Electrograph Systems, Inc., Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, Best Buy Co., Inc., Target Corp., Interbond Corporation of America, Office Depot, Inc., CompuCom Systems, Inc., Costco Wholesale Corporation, P.C. Richard & Son Long Island Corporation, and Shultze Agency Services, LLC  filed a Motion for Leave to File Amended Complaints [Dkt. No. 1609] against, *inter alia*, Thomson S.A.  On June 28, 2013, the Interim Special Master issued a Report and Recommendation [Dkt. No. 1751] that recommended granting these Direct-Action Plaintiffs' Motion for Leave to File Amended Complaints against Thomson S.A.  On July 12, 2013 these Direct Action Plaintiffs filed their Motion to Adopt the Interim Special Master's Report and Recommendation [Dkt. No. 1772].  That same day, Thomson S.A. filed its Objections to the Interim Special Master's Report and Recommendation. [Dkt. No. 1774].

**Pending Motions**

*Sharp Action*

The following motion filed by Thomson S.A. is currently fully briefed and pending before the Court in *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-0117*:

1. Thomson S.A.'s Motion to Dismiss For Lack of Personal Jurisdiction [Dkt. No. 1765] filed on July 3, 2013.

*Direct Action Plaintiffs Actions*

The following motion is currently fully briefed and pending before the Court in the Direct Action Plaintiffs Actions:

1. Direct Action Plaintiffs' Motion to Adopt the Interim Special Master's Report and Recommendation Regarding Direct Action Plaintiffs' Motion For Leave To File Amended Complaints [Dkt. No. 1772], including Thomson S.A.'s Objections to the Interim Special Master's Report and Recommendation [Dkt. No. 1774].

**Discovery and Case Management**

Sharp did not file its Complaint against, *inter alia*, Thomson S.A. until March 15, 2013 and the Direct Action Plaintiffs did not file their Motion for Leave to Amend to add claims against Thomson S.A. until March 28, 2013, thus this defendant has only recently become involved in this MDL that has been pending for over five years. As such, Thomson S.A. has not: (1) participated in or received copies of the approximately 90 depositions that have occurred to date in the related CRT antirust actions; (2) received copies of or reviewed the enormous volume of documents or written discovery responses exchanged by the parties in the related CRT antitrust actions[1] (other than copies of documents attached by Sharp to its Opposition to Thomson S.A.'s Motion to Dismiss); (3) exchanged discovery requests with Sharp or any other parties; or (4) interviewed or engaged experts to assist it in defending against these claims. Moreover, if, in contravention of French Penal Code Law No. 80-538, Sharp or any other plaintiff attempts to obtain documents or information from Thomson S.A. that originated in France, where Thomson S.A. is located, without utilizing the procedures for gathering evidence set forth in the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), opened for signature, March 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444, Thomson S.A. may move for a protective order. Such a protective order would be necessary because under French law, the Hague Convention is the exclusive means of securing information

---

[1] Thomson S.A. has received copies of a few hundred pages of documents produced in discovery that Sharp attached to briefing on Thomson S.A.'s Motion to Dismiss. Thomson S.A. has not otherwise been granted access to documents produced in discovery.

that originated in France for use in foreign litigation, and parties who attempt to bypass the procedures set forth in the Hague Convention are subject to serious civil and criminal penalties. *See Cour de Cassation Chambre Criminelle In re Christopher X, Paris, Dec. 12, 2007, Juris-Data No. 2007-332254* (imposing €10,000 fine on attorney who bypassed Hague Convention).

Because Thomson S.A. has not participated in discovery to date, if its motion to dismiss is denied, a separate scheduling order will need to be established that will enable Thomson S.A. to "catch up" with the other defendants that have long been parties to these actions. Thomson S.A. will need adequate time to review and analyze the discovery and expert analyses previously disclosed, conduct its own discovery, engage its own experts, notice and take depositions, and prepare its defenses to the claims recently asserted against it. This will necessarily be a time consuming process given the complexity of the issues, the number of the parties involved, and the fact that Thomson S.A. sold its CRT businesses in 2005 so documents regarding and personnel knowledgeable about these issues will be especially difficult for Thomson S.A. to identify, locate, or obtain.

**Settlement**

The claims against Thomson S.A. are too new for settlement discussions to be productive.

Dated: September 6, 2013　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Kathy L. Osborn

　　　　　　　　　　　　　　　　　　　　　　　Kathy L. Osborn (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　Ryan M. Hurley (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　Faegre Baker Daniels LLP
　　　　　　　　　　　　　　　　　　　　　　　300 N. Meridian Street, Suite 2700
　　　　　　　　　　　　　　　　　　　　　　　Indianapolis, IN  46204
　　　　　　　　　　　　　　　　　　　　　　　Telephone: +1 317-237-0300
　　　　　　　　　　　　　　　　　　　　　　　Facsimile: +1 317-237-1000
　　　　　　　　　　　　　　　　　　　　　　　kathy.osborn@FaegreBD.com
　　　　　　　　　　　　　　　　　　　　　　　ryan.hurley@FaegreBD.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Ave, Suite 450
East Palo Alto, California  94303-2279
Telephone: +1 650 324-6700
Facsimile: +1 650 324-6701
Calvin.litsey@faegrebd.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO  80203
Telephone: +1 303 607 3500
Facsimile:  +1 303 607 3600
jeff.roberts@FaegreBD.com

***Attorneys for Specially Appearing Defendant Thomson S.A.***