1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   GARY L. HALLING, Cal. Bar No. 66087
3  JAMES L. MCGINNIS, Cal. Bar No. 95788
   MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4  DYLAN I. BALLARD, Cal. Bar No. 253929
   Four Embarcadero Center, 17th Floor
5  San Francisco, California 94111-4109
   Telephone:    415.434.9100
6  Facsimile:    415.434.3947
   Email:        ghalling@sheppardmullin.com
7                jmcginnis@sheppardmullin.com
                 mscarborough@sheppardmullin.com
8                dballard@sheppardmullin.com

9  Attorneys for Defendants
   SAMSUNG SDI AMERICA, INC.,
10 SAMSUNG SDI CO., LTD.,
   SAMSUNG SDI (MALAYSIA) SDN. BHD.,
11 SAMSUNG SDI MEXICO S.A. DE C.V.,
   SAMSUNG SDI BRASIL LTDA.,
12 SHENZEN SAMSUNG SDI CO., LTD. and
   TIANJIN SAMSUNG SDI CO., LTD.

13

14                UNITED STATES DISTRICT COURT

15               NORTHERN DISTRICT OF CALIFORNIA

16                    SAN FRANCISCO DIVISION

| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-md-05944-SC |
|---|---|
| | MDL No. 1917 |
| This Document Relates To: | **SAMSUNG SDI DEFENDANTS' STATUS CONFERENCE STATEMENT** |
| ALL CASES | |
| | Judge:   Hon. Samuel Conti<br>Date:    September 13, 2013<br>Time:    10:00 am<br>Courtroom: 1 |

SMRH:410035227.4                                SAMSUNG SDI DEFENDANTS'
MDL No. 1917                                    STATUS CONFERENCE STATEMENT

Pursuant to the Court's July 2, 2013 Order Setting Status Conference, defendants Samsung SDI America, Inc., Samsung SDI Co. Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd. (collectively, the "SDI defendants") submit the following status conference statement.  The SDI defendants will be prepared to provide any further information desired by the Court at the September 13 status conference.

I. **Pending Cases**

In addition to the direct purchaser and indirect purchaser class actions, the SDI defendants[1] are presently named as defendants in the following consolidated or related actions now pending before this Court as MDL No. 1917:

- *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-01656;
- *Alfred H. Siegel, as Trustee of the Circuit City Stores v. Hitachi, Ltd., et al.,* No. 11-cv-05502;
- *Target Corp, et al. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 11-cv-05514;
- *Interbond Corporation of America v. Hitachi, et al.,* No. 11-cv-06275;
- *Office Depot, Inc. v. Hitachi Ltd., et al.,* No. 11-cv-06276;
- *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.,* No. 11-cv-06396;
- *P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.,* No. 12-cv-02648;
- *Schultze Agency Services, LLC, et al. v. Hitachi, Ltd., et al.,* No. 12-cv-02649;
- *Tech Data Corporation, et al., v. Hitachi, Ltd., et al.,* No. 12-cv-02795-JSM-MAP;
- *Gio's Inc., et al. v. LG Electronics, Inc.,* No. 12-cv-1998;
- *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.,* No. 3:13-cv-01173-SC;

---

[1] Each of the SDI defendants is named in each of the listed cases, with the exception of *Gio's Inc., et al. v. LG Electronics, Inc.*, No. 12-cv-1998, in which only Samsung SDI America, Inc. is named.

-1-

- *Dell Inc. and Dell Products L.P. v. Philips Electronics North America Corporation, et al.*, No. 3:13-cv-02171-SC;

- *Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 11-cv-06397.[2]

The SDI defendants are also named as defendants in the following state court actions filed by various state Attorneys General, which involve claims similar to those pending before this Court:

- *State of California v. Samsung SDI Co., et al.*, S.F. Super. Ct., No. CGC-11-515784;

- *State of Washington v. LG Electronics, Inc., et al.*, State of Washington, King County Super. Ct., No. 12-2-15842-8-SEA (motion to dismiss granted as to all SDI defendants on November 15, 2012, currently on appeal);

- *State of Oregon v. LG Electronics, et al.*, Circuit Court of the State of Oregon, County of Multnomah, No. 12-08-10246;

- *State of Illinois v*. Hitachi Ltd., et al., Illinois Circuit Court of Cook County, No. 12-CH-35266.

## II. Pending Motions, Pleadings, and Discovery

The Direct Purchaser Plaintiffs ("DPPs") filed a Motion for Class Certification on May 14, 2013. The SDI defendants are now preparing their opposition and expert report in response to the motion, which are due to be filed on September 11, 2013.

The SDI defendants have also filed a motion to compel the DPPs to provide complete responses to outstanding discovery requests regarding class certification and merits issues. That motion was addressed to former Special Master Legge on August 23, 2013. *See* Docket No. 1862. Pursuant to the standard briefing schedule set forth in the Court's Report Regarding Case Management Conference No. 2 (Dkt. 754), the DPPs' opposition to the motion to compel would be due on September 9, 2013.

---

[2] Costco Wholesale Corporation filed a motion to amend its complaint to name the SDI defendants, which Interim Special Master Quinn has recommended be granted.

-2-

Interim Special Master Quinn issued a report on July 20, 2013 recommending that the Court grant the Indirect Purchaser Plaintiffs' ("IPPs") Motion for Class Certification and deny defendants' Motion to Strike certain expert testimony. Defendants objected to those recommendations on July 22, 2013, and the IPPs filed responses on August 21, 2013. The motions are now fully briefed.

The SDI defendants will be required to answer or otherwise respond to as many as thirteen Direct Action Plaintiff complaints in the near future, many of which may soon be amended pursuant to the Court's August 21, 2013 order granting in part and dismissing in part the defendants' Motions to Dismiss. *See* Docket No. 1856. That order gives the relevant Direct Action Plaintiffs until September 20, 2013 to file amended complaints in accordance with the Court's rulings.

On June 10, 2013, twelve separate groups of Direct Action Plaintiffs served the SDI defendants with a set of thirty-nine Requests for Production of Documents. The SDI defendants served responses to those requests and produced additional documents on August 14, 2013.

### III. Settlement Discussions

The SDI defendants are actively pursuing potential settlement of the DPP class actions through mediation before former Chief Judge Vaughan R. Walker (Ret.). The SDI defendants and DPPs participated in a mediation with Judge Walker in March of this year, and are scheduled to appear for a second session on September 24, 2013.

While SDI's settlement efforts have focused at first on the DPPs, as directed by Judge Legge, SDI is amenable to settlement discussions and mediation at any time with any other plaintiff.

### IV. Scheduling Stipulation and Recommendation

On August 14, 2013, DPPs, IPPs, Direct Action Plaintiffs, the California Attorney General, and certain defendants wrote jointly to former Special Master Legge to seek a modification to the March 13, 2013 revised scheduling order (Dkt. No. 1595). The parties

proposed to extend the deadlines for expert reports by roughly three to five months, and the remaining existing deadlines, up to and including trial, by roughly five months.  Given the number of parties and their different situations, such reports will necessarily be numerous.

If the Court finds it necessary to consider alternatives, decoupling the Direct Action cases from the class actions would ease the burden of expert work and motions that the current schedule would cause, while maintaining efficiency by allowing the two class cases to proceed together.  The Direct Action cases were filed several years after the class complaints, including one case filed as recently as March 2013.  None of the Direct Action cases have been answered yet, in light of the motion practice recently concluded by Your Honor's Order of August 21, 2013.

The SDI defendants understand that the direct purchaser class counsel will now seek to accelerate the schedule for their case.  The proposal to separate their case from the remainder of the MDL schedule, however, would defeat the purpose of the MDL process, which is to efficiently resolve like claims together.  *See* JPML Transfer Order (Dkt. No. 122) ("Centralization … will eliminate duplicative discovery; prevent inconsistent pretrial rulings … and conserve the resources of the parties, their counsel and the judiciary.").  The DPPs' claims concern the same products, witnesses and events as all of the other cases in the MDL proceeding.

Moreover, the DPP case is procedurally behind the IPP case, and is therefore a particularly poor candidate for an accelerated schedule.  No DPP class has been certified. DPPs' class certification motion – which the parties have not yet finished briefing – presents important issues of standing and ascertainability not present in the IPP case.  In addition to these class certification issues, the parties still have substantial discovery to complete for the DPP case regarding DPPs' purchases, contentions and evidence.  The DPPs themselves very recently argued that responses to pending discovery could not be served because they "still have millions of pages of documents to review and analyze and the majority of depositions have not yet been taken, including the depositions of key

-4-

witnesses, all of which is necessary to shed light on Plaintiffs' claims …." This substantial amount of remaining work makes clear that DPPs' proposal to accelerate the schedule is unworkable.

Dated:  September 6, 2013            Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By       *James L. McGinnis*
         JAMES L. MCGINNIS

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.