# SAVERI & SAVERI, INC.
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

September 11, 2013

*VIA ECF*

The Honorable Samuel Conti
United States District Judge
United States District Court
Northern District of California
Courtroom No. 1, 17th floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *In Re: Cathode Ray Tubes (CRT) Antitrust Litigation,* **MDL 1917**

Your Honor:

      Direct Purchaser Plaintiffs ("DPPs") submit this letter in response to the letters submitted by the Defendants, the Direct Action Plaintiffs ("DAPs") and the Indirect Purchaser Class Plaintiffs ("IPPs"), as well as the supplemental status conference statement submitted by the IPPs. None of these filings appear to have been authorized by the Court. DPPs request leave to submit this letter as a brief response.

      First, DPPs disagree that this is case too complex to go to trial on the current schedule. As DPPs noted in their statement submitted last Friday (Dkt. 1906), there is ample time to complete discovery and prepare for trial on the current schedule. This is a straightforward horizontal price-fixing case, and there is overwhelming evidence – including a guilty plea by Samsung SDI – of the defendants' participation in the alleged conspiracy. Moreover, only two Defendants remain in the DPP case – Samsung SDI and Hitachi. The only necessary schedule change is to extend the exchange of final expert reports for three months.

      Second, Defendants and IPPs apparently agree that the DPP case can be "decoupled". Defendants suggest that the significantly earlier filed DPP and IPP cases proceed before the DAP cases. McGinnis Letter, p. 3 (Dkt. 1912) ("decoupling those cases from the class action would ease the crush of expert work and motions that the current schedule would cause."). The IPPs object to "decoupling" their case, but note that the DPPs do not face certain issues – *e.g.,* "pass-on" – that they face, and agree that "the alternative schedule proposed by the DPPs would only be workable in the DPP case." IPP Statement, pp. 4:18-5:4 (Dkt. 1916).

Hon. Samuel Conti
September 11, 2013
Page 2

      Third, DPPs' "agreement" to the proposed revised schedule was expressly conditioned on their right to "seek modification . . . based on the status of their . . . class certification motions." Kessler letter, p. 1, note 1 (Dkt. 1858). The Court's discharge of the Special Master has dramatically changed that status because it has eliminated the necessity of a proceeding before the Special Master. DPPs' class certification motion will now be briefed and before the Court on November 11, instead of four to six months later.

      DPPs respectfully request that the Court maintain the current schedule – with an extension for expert reports – in their case.

      Respectfully submitted,

      /s/ *Guido Saveri*
      Guido Saveri
      Saveri & Saveri, Inc.
      Interim Lead Counsel for the
      Direct Purchaser Plaintiffs

cc:    All Counsel via ECF

crt.618