SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
MONA SOLOUKI, Cal. Bar. No. 215145
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:      415-434-9100
Facsimile:      415-434-3947
E-mail:         ghalling@sheppardmullin.com
                jmcginnis@sheppardmullin.com
                mscarborough@sheppardmullin.com
                msolouki@sheppardmullin.com
                tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

**[ADDITIONAL DEFENDANTS AND COUNSEL
LISTED ON SIGNATURE PAGES]**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | **DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS LODGED IN OPPOSITION TO DIRECT PURCHASER PLAINTIFFS' CLASS CERTIFICATION MOTION** |
| ALL DIRECT PURCHASER ACTIONS | |

Pursuant to Civil L.R. 7-11, 79-5(c) and (d), and General Order No. 62, Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI") and Defendants Hitachi, Ltd.; Hitachi Displays, Ltd. (n/k/a Japan Display East, Inc.); Hitachi Asia, Ltd.; Hitachi America, Ltd.; and Hitachi Electronic Devices (USA), Inc. (collectively, "Hitachi") (together with SDI, "Defendants") hereby bring this administrative motion to file portions of the following documents under seal:

1.     Defendants' Memorandum of Points and Authorities in Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification (the "Opposition");

2.     Expert Report of Robert D. Willig ("Willig Report") and the exhibits thereto;

3.     Declaration of Mona Solouki in Support of Defendants' Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification ("Solouki Declaration") and the exhibits thereto.

These documents reflect, contain or refer to material designated as "Confidential," "Highly Confidential" or "Attorneys' Eyes Only" by Defendants, Direct Purchaser Plaintiffs, and/or third parties.

Defendants seek to file under seal portions of these documents that reflect, contain or refer to material they have designated as "Confidential" or "Highly Confidential."  Civil Local Rule 79-5(c)(1) provides that if a party wishes to file portions of a document under seal, he or she must "[f]ile and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that a portion of the document is sealable."   This motion is supported by the declarations of Tyler M. Cunningham and Kate Wheaton.

Because the documents at issue here relate to a nondispositive motion in opposition to class certification, Defendants need only show that good cause exists for the designated materials to remain under seal.  *See, e.g., Kamakana v. City of Honolulu*, 447 F.3d 1172,

-1-

DEFENDANTS' ADMINISTRATIVE MOTION
TO SEAL DOCUMENTS

1180 (9th Cir. 2006) ("[a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions"); *Rich v. Hewlett-Packard Co.*, 2009 WL 2168688, at *1 (N.D. Cal. July 20, 2009) ("Plaintiffs' motion for class certification involve the procedural requirements of F.R. Civ. Pro. 23 and relate only tangentially to the underlying merits of Plaintiffs' claim.  The motion is thus not 'dispositive' in the relevant sense, and a showing of good cause is sufficient to justify filing these documents under seal.").  As set forth in the separate declarations on behalf of each Defendant, the standard for filing under seal is met in the present case.  The documents listed above consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information, including, among other commercially sensitive business information and strategies, confidential information about Defendants' sales processes, business practices, internal practices, market analyses and competitive positions.  This information is confidential commercial information, the disclosure of which would prejudice Defendants both in their commercial relationships with customers and suppliers and in their competitive efforts.  Accordingly, both good cause and compelling reasons exist for portions of these documents to remain under seal.

In addition, Defendants seek to file documents that reflect, contain or refer to material that Direct Purchaser Plaintiffs, former defendants and/or third parties have designated as "Confidential," "Highly Confidential" or "Attorneys' Eyes Only."  Civil Local Rule 79-5(d) provides that if a party wishes to file a document that has been designated confidential by another party, or if a party wishes to refer in a memorandum to information so designated by another party, the submitting party must "file and serve an Administrative Motion for a sealing order …."  It is the designating party's burden to show good cause for sealing the designated documents by submitting a declaration and a proposed order within seven days after the lodging of the designated documents.  N.D. Cal. Civ. L.R. 79-5(d).

Because Civil Local Rule 79-5(a) prohibits the sealing of documents by agreement

DEFENDANTS' ADMINISTRATIVE MOTION
TO SEAL DOCUMENTS

1    of the parties, the parties are unable to enter into such as stipulation.  *See* Civil Local Rule

2    7-11 (requiring explanation for lack of stipulation).

3

4    Dated:  September 11, 2013

5                                              SHEPPARD, MULLIN, RICHTER & HAMPTON  LLP

6

7                                      By        */s/ Tyler M. Cunningham*
                                                TYLER M. CUNNINGHAM
8

9                                                Attorneys for Defendants
                                              SAMSUNG SDI AMERICA, INC.,
10                                               SAMSUNG SDI CO., LTD.,
                                           SAMSUNG SDI (MALAYSIA) SDN. BHD.,
11                                          SAMSUNG SDI MEXICO S.A. DE C.V.,
                                              SAMSUNG SDI BRASIL LTDA.,
12                                          SHENZEN SAMSUNG SDI CO., LTD. and
                                            TIANJIN SAMSUNG SDI CO., LTD.
13

14

15                                          KIRKLAND & ELLIS  LLP

16

17                                      By        */s/ Eliot A. Adelson*
                                              ELIOT A. ADELSON (SBN 205284)
18                                            Email: eadelson@kirkland.com
                                              KIRKLAND & ELLIS LLP
19                                            555 California St. 27th Floor
                                              San Francisco, CA 94104
20                                            Telephone:  (415) 439-1400
                                              Facsimile: (415) 439-1500
21

22                                            *Attorneys for Defendants Hitachi, Ltd.; Hitachi*
                                              *Displays, Ltd. (n/k/a Japan Display East, Inc.);*
23                                            *Hitachi Asia, Ltd.; Hitachi America, Ltd.; and*
                                              *Hitachi Electronic Devices (USA), Inc.*
24

25    Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this

26    document has been obtained from each of the above signatories.

27

28

                                                -3-