Eliot A. Adelson (State Bar No. 205284)
James Maxwell Cooper (State Bar No. 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice)*
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants,
HITACHI, LTD., HITACHI ASIA, LTD.,
HITACHI AMERICA, LTD., HITACHI
ELECTRONIC DEVICES (USA), INC. AND
HITACHI DISPLAYS, LTD. (n/k/a JAPAN
DISPLAY INC.)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE NO. 07-5944 SC <br><br> MDL NO. 1917 <br><br> **DECLARATION OF KATE WHEATON IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS LODGED IN OPPOSITION TO DIRECT PURCHASER PLAINTIFFS' CLASS CERTIFICATION MOTION** |
| This Document Relates To: <br><br> ALL DIRECT PURCHASER ACTIONS | |

I, Kate Wheaton, declare as follows:

1. I am an associate at the law firm of Kirkland & Ellis LLP, counsel for defendants Hitachi, Ltd. ("HTL"), Hitachi Displays, Ltd. (n/k/a Japan Display Inc.) ("HDP"), Hitachi America, Ltd. ("HAL"), Hitachi Asia, Ltd. ("HAS"), and Hitachi Electronic Devices (USA), Inc. ("HED(US)") (collectively, the "Hitachi Defendants") in these actions. I am licensed to practice law in the State of Illinois and I am admitted *pro hac vice* to practice before this Court.

2. I make this declaration pursuant to Civil Local Rule 79-5(c) to establish that portions of documents containing Confidential and Highly Confidential information and submitted to the Court in connection with Defendants' Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification are sealable. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

3. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. No. 306).

4. The Hitachi Defendants have disclosed or produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5. On September 11, 2013, Defendants filed an Administrative Motion to Seal Documents Lodged in Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification. Defendants lodged conditionally under seal the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(c) and (d):

    a. Defendants' Memorandum of Points and Authorities in Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification (the "Opposition");

    b. Declaration of Robert D. Willig in Support of the Opposition ("Willig Declaration") and the exhibits thereto;

    c. Declaration of Mona Solouki in Support of Defendants' Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification ("Solouki Declaration") and the exhibits thereto.

6. Pursuant to Civil Local Rule 79-5(c), I make this declaration on behalf of the Hitachi Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Hitachi Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Opposition, the Willig Declaration and exhibits, and the Solouki Declaration and exhibits.

7. Specifically, the Hitachi Defendants request that the following documents and excerpts of documents be maintained under seal: (i) Exhibit 4 to the Solouki Declaration (excerpts from the deposition of Thomas Heiser, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for HED(US)); (ii) Exhibit 17 to the Solouki Declaration (a July 19, 2001 memorandum bearing the bates numbers HDPCRT-0056846 through HDPCRT-0056896); (iii) Exhibit 26 to the Solouki Declaration (excerpts from the transcript of the deposition of Yasuhiko Kawashima, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for HDP); and (iv) all references to information designated "Confidential" or "Highly Confidential" by Hitachi Defendants in the Opposition, the Solouki Declaration and exhibits, and the Willig Declaration and exhibits.

8. Solouki Declaration Exhibit 4 contains excerpts from the deposition of Thomas Heiser, who HED(US) designated as a Fed. R. Civ. P. 30(b)(6) witness. Upon information and belief, these excerpts consist of, cite to, and/or identify confidential, nonpublic, proprietary, and highly sensitive business information. The deposition transcript excerpts contain, cite, and/or identify confidential information concerning Hitachi Defendants' manufacturing and sales processes, business practices, internal practices, and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining Hitachi Defendants' business relationships, causing Hitachi Defendants harm with respect to their competitors and customers, and/or competitively disadvantaging Hitachi Defendants. The Court previously sealed excerpts from this deposition when they were submitted as exhibits to the Declaration of Eva W. Cole in Support of Defendants' Opposition to Motion of Indirect-Purchaser Plaintiffs for Class Certification and Motion to Strike. *See* Dkt. No. 1512.

9. Solouki Declaration Exhibit 17 is a July 19, 2001 memorandum bearing the bates numbers HDPCRT-0056846 through HDPCRT-0056896). Upon information and belief, the

document consists of, cites to, and/or identifies confidential, nonpublic, proprietary, and highly sensitive business information. The document contains, cites, and/or identifies confidential information concerning Hitachi Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements, and competitive positions. This document describes relationships with companies that remain important to Hitachi Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining Hitachi Defendants' business relationships, would cause them harm with respect to their competitors and customers, and would put Hitachi Defendants at a competitive disadvantage. The Court previously sealed this document when it was submitted as an exhibit to the Declaration of Eva W. Cole in Support of Defendants' Opposition to Motion of Indirect-Purchaser Plaintiffs for Class Certification and Motion to Strike. *See* Dkt. No. 1512.

10. Solouki Declaration Exhibit 26 contains excerpts from the deposition of Yasuhiko Kawashima, who HDP designated as a Fed. R. Civ. P. 30(b)(6) witness. Upon information and belief, these excerpts consist of, cite to, and/or identify confidential, nonpublic, proprietary, and highly sensitive business information. The deposition transcript excerpts contain, cite, and/or identify confidential information concerning Hitachi Defendants' manufacturing and sales processes, business practices, internal practices, and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining Hitachi Defendants' business relationships, causing Hitachi Defendants harm with respect to their competitors and customers, and/or competitively disadvantaging Hitachi Defendants. The Court previously sealed excerpts from this deposition when they were submitted as exhibits to the Declaration of Eva W. Cole in Support of Defendants' Opposition to Motion of Indirect-Purchaser Plaintiffs for Class Certification and Motion to Strike. *See* Dkt. No. 1512.

11. The Opposition, the Solouki Declaration and exhibits, and the Willig Declaration and exhibits quote from or describe documents or information designated as "Confidential" or "Highly Confidential" by Hitachi Defendants pursuant to the Stipulated Protective Order, including but not limited to Solouki Declaration Exhibits 4, 17, and 26. As with the exhibits themselves, I understand

1  that the Hitachi Defendants consider any statements in the Opposition, the Solouki Declaration and
2  exhibits, and the Willig Declaration and exhibits purporting to summarize the exhibits or any other
3  documents or information designated as "Confidential" or "Highly Confidential" by Hitachi
4  Defendants to be confidential and proprietary.

5      12.    I am informed and believe that the Hitachi Defendants have taken reasonable steps to
6  preserve the confidentiality of information of the type contained, identified, or cited to in the
7  Opposition, Willig Declaration, and Solouki Declaration.

8      I declare under penalty of perjury, under the laws of the United States of America, that the
9  foregoing is true and correct.

10      Executed this 11th day of September, 2013, at Chicago, Illinois.

*/s/ Kate Wheaton*
KATE WHEATON