UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944 SC |
| | MDL No. 1917 |
| | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD.** |
| This document relates to: | |
| **ALL INDIRECT PURCHASER ACTIONS** | |

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
**Master File No. CV-07-5944-SC**

It is hereby ORDERED AND DECREED as follows:

The motion of the Indirect Purchaser Plaintiffs ("Plaintiffs") for preliminary approval of the proposed settlement with LG Electronics, Inc.; LG Electronics USA, Inc.; and LG Electronics Taiwan Taipei Co., Ltd. (collectively "LG") is hereby GRANTED.

1. For purposes of the settlement with LG, the Court preliminarily finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied with respect to the Settlement Class. At this preliminary certification phase, and only for purposes of the settlement with LG, the Settlement Class is defined as follows:

NATIONWIDE CLASS:

All persons and or entities who or which indirectly purchased in the United States for their own use and not for resale, CRT Products[1] manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or co-conspirator thereof, at any time during the period from at least March 1, 1995 through at least November 25, 2007. Specifically excluded from this Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant. Also excluded are named co-conspirators, any federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

INDIRECT PURCHASER STATE CLASSES:

All persons and or entities in Arizona, California, District of Columbia, Florida, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin who or which indirectly purchased for their own use and not for resale, CRT Products manufactured and/or sold by the Defendants, or any

---

[1] CRT Products are defined in the settlement agreement to mean Cathode Ray Tubes of any type (e.g. color display tubes, color picture tubes and monochrome display tubes) and products containing Cathode Ray Tubes.

- 1 -
**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
**Master File No. CV-07-5944-SC**

subsidiary, affiliate, or co-conspirator thereof, at any time during the period from at least March 1, 1995 through at least November 25, 2007.

All persons and entities in Hawaii who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants or any parents, affiliates, subsidiaries, predecessors or successors in interest or co-conspirators thereof, at any time from June 25, 2002 through at least November 25, 2007.

All persons and entities in Nebraska who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants or any parents, affiliates, subsidiaries, predecessors or successors in interest or co-conspirators thereof, at any time from July 20, 2002 through at least November 25, 2007.

All persons and entities in Nevada who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants or any parents, affiliates, subsidiaries, predecessors or successors in interest or co-conspirator thereof at any time from February 4, 1999 through at least November 25, 2007.

Specifically excluded from these Classes are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant.  Also excluded are named co-conspirators, any federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

2. The Court concludes that, for the sole purpose of the settlement with LG, and without adjudication on the merits, the Settlement Class is sufficiently well-defined and cohesive to merit preliminary approval.  Neither this Order nor any final order regarding the settlement with LG shall have any effect on any other issue with respect to the non-settling Defendants.

3. Pursuant to Rule 23(a) (1), the Court determines that the Settlement Class is so numerous that joinder of all members is impracticable.

4. For purposes of preliminary approval, the commonality requirement of Rule 23(a)(2) is satisfied because Plaintiffs have alleged one or more questions of fact and law

1  common to the Settlement Class, including whether LG violated the Sherman Antitrust Act, 15
2  U.S.C. § 1, et seq., and the antitrust and/or various other laws of the following states: Arizona,
3  California, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska,
4  Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee,
5  Vermont, West Virginia, Wisconsin and the District of Columbia.

6      5.    The Court hereby approves the Plaintiffs named in the Fourth Consolidated
7  Amended Complaint, filed January 10, 2013, as Representative Plaintiffs of the Settlement Class
8  pursuant to Rule 23(a)(3), and finds that, for settlement purposes only, these Representative
9  Plaintiffs' claims are typical of the claims of the Settlement Class. The claims of the
10 Representative Plaintiffs and absent class members rely on the same legal theories and arise from
11 the same alleged conspiratorial conduct by Defendants, namely, the agreement to fix, raise,
12 maintain and/or stabilize prices of CRT Products sold in the United States.

13     6.    The Court preliminarily finds that the Representative Plaintiffs will fairly and
14 adequately protect the interests of the Settlement Class in satisfaction of the requirements of Rule
15 23(a)(4) because: (1) the interests of the Representative Plaintiffs are consistent with those of the
16 Settlement Class members; (2) there appear to be no conflicts between or among the
17 Representative Plaintiffs and the other Settlement Class members; (3) the Representative
18 Plaintiffs have been and appear to be capable of continuing to be active participants in both the
19 prosecution and the settlement of this litigation; and (4) the Representative Plaintiffs and the
20 Settlement Class members are represented by qualified, reputable counsel who are experienced in
21 preparing and prosecuting large, complicated class action cases, including those concerning
22 violations of antitrust law.

23     7.    The Court preliminarily finds that, for purposes of this settlement only, questions
24 of law or fact common to members of the Settlement Class predominate over questions affecting
25 only individual members of the Settlement Class under Rule 23(b)(3). Further, a class action
26
27
28

1  resolution in the manner proposed in the Settlement Agreement would be superior to other
2  available methods for a fair and efficient adjudication of the litigation with respect to LG.  In
3  making these preliminary findings, the Court has considered, *inter alia*, (1) the interest of the
4  Settlement Class members in individually controlling the prosecution or defense of separate
5  actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the
6  extent and nature of any litigation concerning these claims already commenced; and (4) the
7  desirability of concentrating the litigation of the claims in a particular forum.

8      8.      The Court hereby approves Mario N. Alioto and Trump, Alioto, Trump &
9  Prescott, LLP as Settlement Class Counsel pursuant to Rule 23(g), and finds that this Settlement
10 Class Counsel has and will fairly and adequately protect the interests of the Settlement Class.

11      9.      The Court finds that the proposed settlement with LG, as set forth in the
12 Settlement Agreement, subject to final determination following proper notice and a fairness
13 hearing, is sufficiently fair, reasonable and adequate to authorize dissemination of notice to the
14 Settlement Class.

15      10.      The allocation and distribution of the Net Settlement Fund[2] shall be deferred until
16 a later date when there might be additional settlement funds from other settling defendants to
17 distribute.  Plaintiffs shall propose a method of distribution at that time, which shall be subject to
18 court approval.  Until that time, any settlement funds not used to pay prior out of pocket expense
19 or future litigation costs will accrue interest for the benefit of the Class.

20      11.      The Court approves the form and content of the Detailed Notice, attached hereto
21 as Exhibit A, and the Summary Notice, attached hereto as Exhibit B.

---

[2] The Net Settlement Fund means the $25,000,000 settlement amount, plus interest, minus attorneys' fees, reimbursement of expenses, $5 million for a costs set-aside, and the costs of giving notice to class members and administration of the settlement fund, all of which shall be subject to court approval.

- 4 -

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
**Master File No. CV-07-5944-SC**

12. The Court finds that the publication of the Detailed Notice on the internet along with copies of the Settlement Agreement, and the publication of the Summary Notice in various newspapers and/or magazines throughout the United States which will direct potential class members to the Detailed Notice constitutes the best notice practicable under the circumstances, is due and sufficient notice to the Indirect Purchaser Settlement Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

13. Within sixty (60) days from the date of this Order, Plaintiffs' counsel are hereby directed to cause the Summary Notice to indirect purchasers, substantially in the form attached hereto as Exhibit B, to be published in various newspapers and/or magazines throughout the United States. The Summary Notice shall direct interested parties to a website www.CRTSettlement.com, maintained by the settlement administrator, where the Detailed Notice, substantially in the form of Exhibit A attached hereto, will be provided.

14. All requests for exclusion from the Settlement Class must be postmarked no later than sixty (60) days from the date of publication of notice, and must otherwise comply with the requirements set forth in the Detailed Notice.

15. Any member of the Settlement Class who objects to the settlement must do so in writing. The objection must include the caption of this case, be signed, and be sent to the Court, Plaintiffs' Counsel, and Counsel for LG postmarked no later than sixty (60) days from the date of publication of notice and shall otherwise comply with the requirements set forth in the Detailed Notice.

16. Any member of the Settlement Class who wishes to speak at the Fairness Hearing must submit a letter notifying the Court, Plaintiffs' Counsel, and Counsel for LG postmarked no later than sixty (60) days from the date of publication of notice, and shall otherwise comply with the requirements set forth in the Detailed Notice.

17. Each member of the Settlement Class shall retain all rights and causes of action with respect to claims against all Defendants other than LG, regardless of whether such member of the Settlement Class decides to remain in the Settlement Class or to exclude himself, herself or itself from the Settlement Class.

18. Within fifteen (15) days of the last day to object to the settlement, Plaintiffs' Counsel shall file with the Court and serve on the parties their responses to any objections to the settlement.

19. The Court will hold a Fairness Hearing on _____ ___, 2013 at _____ ___.m., to determine the fairness, reasonableness, and adequacy of the proposed settlement with LG. Any member of the Settlement Class who follows the procedure set forth in the notices may appear and be heard at this hearing. The Fairness Hearing may be continued without further notice to the Settlement Class.

20. All briefs, memoranda and papers in support of final approval of the settlement, including an affidavit, or declaration of the person under whose general direction the publication of the Summary Notice and the Detailed Notice were made, showing that publication was made in accordance with this Order, and any request for costs set aside, shall be filed no later than twenty-one (21) days before the Fairness Hearing.

21. The Court approves the establishment of an escrow account, as set forth in the Settlement Agreement, as "Qualified Settlement Funds" pursuant to Treas. Reg. § 1.468B 2(1). The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account. Plaintiffs' Counsel and their designees are authorized to expend funds from the escrow accounts to pay Taxes, Tax Expenses and notice and administration costs, as set forth in the Settlement Agreement.

22. The Court grants Plaintiffs' Counsel the right to use up to $525,000 of the settlement fund for payment of the cost of notice(s) to potential members of the Settlement Class

regarding the Settlement Agreement and related matters, and other costs and expenses reasonably incurred in connection with the administration of the Settlement Agreement (the "Administrative Expenses"), without the approval of the Court in each instance, so long as (a) the Administrative Expenses incurred or contracted for are reasonable and necessary to carry out the transactions contemplated by the Settlement Agreement, and (b) counsel for LG shall receive from Settlement Class Counsel a full accounting of all expenditures made in the event funds are returned to LG under the terms of the Settlement Agreement.

23. The Notice Company, Inc. is approved to serve as Settlement Administrator for the Indirect Purchaser Settlement Class.

24. The litigation against LG in this action is hereby stayed, pending further order of the Court.

SO ORDERED this _____ day of _____, 2013.

_____
Hon. Samuel Conti
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought A Cathode Ray Tube Product,

## A Class Action Settlement May Affect You.

Cathode Ray Tube (CRT) Products include Cathode Ray Tubes and finished products that contain a Cathode Ray Tube such as Televisions and Computer Monitors

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- There is a lawsuit pending involving CRT Products purchased indirectly from the Defendants or their co-conspirators, as set out below (collectively "Defendants"). "Indirect" means that you did not buy the CRT Product directly from any Defendant. The lawsuit, which is brought as a Class Action, seeks: (a) nationwide injunctive relief to prohibit the 'Defendants' (listed below) behavior that is the subject of the lawsuit and (b) money for indirect purchasers in 21 states and the District of Columbia.

- The states include: Arizona, California, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, Wisconsin, and the District of Columbia.

- A Settlement has been reached with LG Electronics, Inc.; LG Electronics USA, Inc.; and LG Electronics Taiwan Taipei Co., Ltd (called the "Settling Defendant" or "LG"). The litigation is continuing against the remaining Non-Settling Defendants.

- Your legal rights are affected whether you act or don't act. This Notice includes information on the Settlement and the continuing lawsuit. Please read the entire Notice carefully.

| These rights and options—and the deadlines to exercise them—are explained in this notice. ||
|---|---|
| You can object or comment on the Settlement | *see* Question 10 |
| You may also exclude yourself from the Settlement | *see* Question 10 |
| You may go to a hearing and ask the Court to speak about the Settlement yourself | *see* Question 14 |

- The Court in charge of this case still has to decide whether to approve the Settlement. The continuing litigation is moving towards trial.

**For More Information: Call 1-800-000-0000 or Visit www.CRTsettlement.com**

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** …………………………………………………………………………….**PAGE 3, 4**
      1.      Why is there a notice?
      2.      Who are the Defendants and Co-Conspirators?
      3.      What is this lawsuit about?
      4.      Why is there a Settlement but the litigation is continuing?
      5.      What is a Cathode Ray Tube Product?
      6.      What is a class action?

**THE SETTLEMENT CLASS** …………………………………………………………………..**PAGES 4, 5, 6**
      7.      How do I know if I'm part of the Settlement Class?
      8.      What does the Settlement provide?
      9.      When can I get a payment?
      10.    What are my rights in the Settlement Class?
      11.    What am I giving up to stay in the Settlement Class?

**THE SETTLEMENT APPROVAL HEARING**…………………………………………………….**PAGES 6, 7**
      12.    When and where will the Court decide whether to approve the Settlement?
      13.    Do I have to come to the hearing?
      14.    May I speak at the hearing?

**THE LAWYERS REPRESENTING YOU** …………………………………………………………..**PAGE 7**
      15.    Do I have a lawyer in the case?
      16.    How will the lawyers be paid?

**PURCHASE RECORDS**…………………………………………………………………………..**PAGE 8**
      17.    What steps should I take to demonstrate evidence of purchase/ownership
            of a CRT Product?

**GETTING MORE INFORMATION** …………………………………………………………………**PAGE 8**
      18.    How do I get more information?

## BASIC INFORMATION

| 1. Why is there a notice? |
|---|

You have the right to know about the litigation and about your legal rights and options before the Court decides whether to approve the Settlement.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is called *In re Cathode Ray Tube (CRT)) Antitrust Litigation*, MDL No. 1917. The people who sued are called Plaintiffs and the companies they sued are called Defendants.

| 2. Who are the Defendants and Co-Conspirators? |
|---|

The Defendant companies include: LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics Taiwan Taipei Co., Ltd, Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., Philips da Amazonia Industria Electronica Ltda., LP Displays International, Ltd. f/k/a LG.Philips Displays, Samsung SDI Co. Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co. Ltd., Tianjin Samsung SDI Co. Ltd., Samsung SDI Malaysia Sdn. Bhd., Toshiba Corporation, Toshiba America Consumer Products, LLC., Toshiba America Information Systems, Inc., Toshiba America Electronics Components, Inc. Toshiba Display Devices (Thailand) Company, Ltd., P.T. Tosummit Electronic Devices Indonesia, Panasonic Corporation f/k/a Matsushita Electric Industrial, Ltd., Panasonic Corporation of North America, Matsushita Electronic Corporation (Malaysia) Sdn Bhd., MT Picture Display Co., Ltd., Beijing-Matsushita Color CRT Company, Ltd. (BMCC), Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Electronic Devices (USA), Inc., Hitachi America, Ltd., Hitachi Asia, Ltd., Shenzhen SEG Hitachi Color Display Devices, Ltd., Chunghwa Picture Tubes Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., IRICO Group Corporation, IRICO Display Devices Co., Ltd., IRICO Group Electronics Co., Ltd., Thai CRT Company, Ltd., and Samtel Color, Ltd., Thomson SA (n/k/a Technicolor SA), Thomson Consumer Electronics, Inc. (n/k/a/ Technicolor USA, Inc.), Videocon Industries, Ltd., Mitsubishi Electric Corporation and Mitsubishi Electric & Electronics USA, Inc.

| 3. What is this lawsuit about? |
|---|

The lawsuit claims that the Defendants conspired to fix, raise, maintain or stabilize prices of CRT Products resulting in overcharges to consumers who bought CRT Products such as Televisions and Computer Monitors. The Defendants deny that they did anything wrong. The Court has not decided who is right.

| 4. Why is there a Settlement but the litigation is continuing? |
|---|

Settling Defendant has agreed to settle the lawsuit. The case is continuing against the remaining Non-Settling Defendants. Additional money may become available in the future as a result of a trial or future settlements, but there is no guarantee that this will happen. Plaintiffs previously settled with defendants Chunghwa Picture Tubes Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn Bhd., for $10 million, which settlement became final on March 22, 2012.

| 5. What is a Cathode Ray Tube (CRT) Product? |
|---|

For the purposes of the Settlement, Cathode Ray Tube Products means Cathode Ray Tubes of any type (e.g. color display tubes, color picture tubes and monochrome display tubes) and finished products which contain Cathode Ray Tubes, such as Televisions and Computer Monitors.

| 6. What is a class action? |
|---|

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All these people are a class or class members, except for those who exclude themselves from the class.

If the Plaintiffs obtain money or benefits as a result of a trial or future settlement, you will be notified about how to ask for a share or what your other options are at that time. These things are not known right now. Important information about the case will be posted on the website, www.CRTsettlement.com, as it becomes available. Please check the website to be kept informed about any future developments.

## THE SETTLEMENT CLASS

| 7. How do I know if I am part of the Settlement Class? |
|---|

You are part of the settlement class if you meet the requirements for the Nationwide Injunctive Class and/or the Damages Classes.

NATIONWIDE INJUNCTIVE CLASS:
All persons or entities that indirectly purchased in the U.S., for their own use and not for resale, from March 1, 1995 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

STATEWIDE DAMAGES CLASSES:
All persons or entities in Arizona, California, Florida, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, Wisconsin or the District of Columbia, who or which indirectly purchased for their own use and not for resale, from March 1, 1995 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

All persons or entities in Hawaii who or which indirectly purchased for their own use and not for resale, from June 25, 2002 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

All persons or entities in Nebraska who or which indirectly purchased for their own use and not for resale, from July 20, 2002 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

All persons or entities in Nevada who or which indirectly purchased for their own use and not for resale, from February 4, 1999 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

>Specifically excluded from these Classes are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant.  Also excluded are named co-conspirators, federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

### 8. What does the Settlement provide?

The Settlement provides for the payment by Settling Defendant of $25 million in cash, plus interest, to the Settlement Class. It also provides that the Settling Defendant will furnish information about the case, including other defendants' involvement in the alleged conspiracy, to Class Counsel. Finally, it provides that part of the $25 million settlement fund may be used to pay expenses incurred, or to be incurred in the litigation. Plaintiffs intend to request that the Court allow them to use up to $5 million from this settlement fund to pay expenses incurred in this litigation.

More details are in the Settlement Agreement, available at www.CRTsettlement.com.

### 9. When can I get a payment?

No money will be distributed to Class Members yet.  The lawyers will pursue the lawsuit against the Non-Settling Defendants to see if any future settlements or judgments can be obtained in the case and then be distributed together, to reduce expenses.  It is possible that money will be distributed to organizations that are, as nearly as practicable, representative of the interests of indirect purchasers of CRT Products instead of Class members themselves if the cost to process claims would result in small payments to Class Members.

### 10.  What are my rights in the Settlement Class?

**Remain in the Settlement Class**:  If you wish to remain a member of the Settlement Class you do not need to take any action at this time.

**Get out of the Settlement Class**:  If you wish to keep your right to sue the Settling Defendant about the claims in this case you must exclude yourself.  You will not get any money from this settlement if you exclude yourself from the Settlement.

To exclude yourself from the Settlement, you must send a letter that includes the following:
- Your name, address and telephone number,
- A statement saying that you want to be excluded from *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, LG Indirect Purchaser Settlement, and
- Your signature.

You must mail your exclusion request, postmarked no later than **Month 00, 2013**, to:

> CRT Class Action
> C/O The Notice Company
> PO Box 778
> Hingham, MA 02043

**<u>Remain in the Settlement Class and Object</u>**: If you have comments about, or disagree with, any aspect of the Settlement, you may express your views to the Court by writing to the address below. The written response needs to include your name, address, telephone number, the case name and number (*In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917), proof of membership in the class, a brief explanation of your reasons for objection, and your signature. The response must be postmarked no later than **Month 00, 2013** and mailed to:

| COURT | INTERIM LEAD COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk's Office United States District Court for the District of Northern California 16th Floor 450 Golden Gate Ave San Francisco, CA 94102 | Mario N. Alioto Trump, Alioto, Trump & Prescott LLP 2280 Union Street San Francisco, CA 94123 | Hojoon Hwang Munger Tolles & Olson LLP 560 Mission Street, 27th Floor San Francisco, CA 94105 |

### 11. What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the Settlement Class, you can't sue Settling Defendant, continue to sue, or be part of any other lawsuit against Settling Defendant about the legal issues in this case. It also means that all of the decisions by the Court will bind you. The "Release of Claims" includes any causes of actions asserted or that could have been asserted in the lawsuit, as described more fully in the Settlement Agreement. The Settlement Agreement is available at www.CRTsettlement.com.

### 12. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at <Time> on **Month 00, 2013**, at 450 Golden Gate Ave., 17th Floor, Courtroom One, San Francisco, CA 94102. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.CRTsettlement.com. At this hearing the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also consider Interim Lead Counsel's request, or requests, for payment of up to $5 million from the Settlement Fund to be used for expenses incurred in this case. If there are

objections or comments, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

**13. Do I have to come to the hearing?**

No. Interim Lead Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**14. May I speak at the hearing?**

If you want your own lawyer instead of Interim Lead Counsel to speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance." The Notice of Appearance should include the name and number of the lawsuit (*In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917), and state that you wish to enter an appearance at the Fairness Hearing. It also must include your name, address, telephone number, and signature. Your "Notice of Appearance" must be postmarked no later than **Month 00, 2013**. You cannot speak at Hearing if you previously asked to be excluded from the Settlement.

The Notice of Appearance must be sent to the addresses listed in Question 10.

## THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer in this case?**

The Court has appointed Mario N. Alioto of Trump, Alioto, Trump & Prescott LLP to represent you as "Interim Lead Counsel." You do not have to pay Interim Lead Counsel. If you want to be represented by your own lawyers, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

**16. How will the lawyers be paid?**

At a future time, Interim Lead Counsel will ask the Court for attorneys' fees not to exceed one-third (1/3) of the $25,000,000 Settlement Fund plus reimbursement of their costs and expenses, in accordance with the provisions of the Settlement. Interim Lead Counsel may also request that an amount be paid to each of the Class Representatives who helped the lawyers on behalf of the whole Class.

## PURCHASE RECORDS

| 17. What steps should I take to demonstrate evidence of purchase/ownership of a CRT Product? |
|---|

If you have purchase receipts, invoices or any other proof of purchase of any CRT Product, please retain those documents. If you presently have a CRT Product, please keep it if at all possible. If you are unable to do so, please photograph the front and rear of the CRT Product including any brand name and record the model number, serial number, size and any other information which you believe will help identify the manufacturer of the CRT Product. You may have to remove the rear panel and photograph the manufacturer's name located on the actual CRT tube. Please make sure the TV or monitor is unplugged before doing so. If you have any questions or concerns in connection with proof of purchase or identifying the manufacturer, please see Question 18 below.

## GETTING MORE INFORMATION

| 18. How do I get more information? |
|---|

This Notice summarizes the lawsuit and the Settlement. You can get more information about the lawsuit and Settlements at www.CRTsettlement.com, by calling 1-800-000-0000, or writing to CRT Class Action, P.O. 0000, City, ST 00000. Please do not contact the Court about this case.

# EXHIBIT B

LEGAL NOTICE

# If You Bought A Cathode Ray Tube Product,

## A Class Action Settlement May Affect You.

| Cathode Ray Tube (CRT) Products include CRTs, Televisions, Computer Monitors, and other products containing CRTs. | Para una notificacion en Espanol, llamar o visitar nuestro website. |
|---|---|

You may be affected by a class action lawsuit involving CRT Products purchased indirectly from the Defendant companies or any co-conspirator (collectively "Defendants"). "Indirect" means that you did not buy the CRT Product directly from any of the Defendants. The lawsuit seeks: (a) nationwide injunctive relief to prohibit the Defendants' behavior that is the subject of the lawsuit and (b) money for indirect purchasers in 21 states and the District of Columbia.

A Settlement has been reached with LG Electronics, Inc.; LG Electronics USA, Inc.; and LG Electronics Taiwan Taipei Co., Ltd. (collectively "LG"). The litigation is continuing against the remaining Defendants. A complete list of the Defendants is set out in the Detailed Notice available at www.CRTsettlement.com.

### What is this case about?

The lawsuit claims that numerous Defendants, including LG, conspired to fix, raise, maintain or stabilize prices of CRT Products resulting in overcharges to consumers who bought CRT Products such as Televisions and Computer Monitors. The Defendants deny that they did anything wrong. The Court has not decided who is right.

### Who is Included?

The "Settlement Class" includes any person or business that indirectly bought in the U.S., for personal use and not for resale, from March 1, 1995 through November 25, 2007, any CRT Product made by the Defendants.

### What does the Settlement Provide?

The Settlement provides for the payment by LG of $25million in cash, plus interest, to the Settlement Class. It also provides that LG will furnish information about the case, including other Defendants' involvement in the alleged conspiracy, to Class Counsel. Money will not be distributed to Settlement Class yet. The lawyers will pursue the lawsuit against the other Defendants to see if any future settlements or judgments can be obtained in the case and then distribute the funds together to reduce expenses. It is possible that money will be distributed to organizations that are, as nearly as practicable, representative of the interests of indirect purchasers of CRT Products instead of Settlement Class members themselves if the cost to process claims would result in small payments to members of the Settlement Class.

### Who Represents You?

The Court has appointed Mario N. Alioto of Trump, Alioto, Trump & Prescott LLP as "Interim Lead Class Counsel" to represent members of the Settlement Class. The Settlement Class is defined in Paragraph 1 of the Order Granting Preliminary Approval of Class Action Settlement with Defendant LG, which is available at www.CRTsettlement.com. You do not have to pay these lawyers to represent you. You may hire your own attorney, if you wish, but if you do so you will be responsible for your own attorney's fees and expenses.

### What are your Options?

If you wish to remain a Settlement Class member you do not need to take any action at this time. If you don't want to be legally bound by the Settlement, you must exclude yourself in writing by **xxxxxxx, 2013**, or you will not be able to sue, or continue to sue, LG about the legal claims in this case. If you remain a Settlement Class member, you may object to the Settlement by **xxxxx, 2013**. The Detailed Notice describes how to exclude yourself or to object. The U.S. District Court for the Northern District of California will hold a Fairness Hearing at xxxx on **xxxxx, 2013**, at 450 Golden Gate Ave., 17th Floor, Courtroom One, San Francisco, CA 94102. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.CRTsettlement.com. At this hearing the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also consider Interim Lead Class Counsel's request, or requests, for payment of up to $5 million from the Settlement Fund to be used for expenses incurred or to be incurred in this case. Class Counsel are not asking for attorneys' fees at this time. At a future time, Interim Lead Counsel will ask the Court for attorneys' fees not to exceed one-third of this and any future settlements. If there are objections or comments, the Court will consider them at that time. You may appear at the hearing, but you don't have to. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. Please do not contact the Court about this case. Please retain any receipts or other evidence of purchase of any CRT Product. Before disposing of any CRT Product please see the Detailed Notice for recommendations on preserving proof of ownership.

For more details, call toll free 1-800-673-4790, visit www.CRTsettlement.com, or write to CRT Indirect Settlement, c/o The Notice Company, P.O. Box 778, Hingham, MA 02043.

**1-800-673-4790**      **www.CRTsettlement.com**