JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL. No. 1917<br><br>**DECLARATION OF MOLLY M. DONOVAN IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS** |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | |

- 1 -

I, Molly M. Donovan, declare as follows:

1. I am an attorney with Winston & Strawn LLP, counsel for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306). On September 11, 2013, Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI") and Defendants Hitachi, Ltd.; Hitachi Displays, Ltd. (n/k/a Japan Display East, Inc.); Hitachi Asia, Ltd.; Hitachi America, Ltd.; and Hitachi Electronic Devices (USA), Inc. (collectively, "Hitachi") filed an Administrative Motion to Seal (Dkt. 1921), and lodged conditionally under seal, the following documents pursuant to Civil Local Rule 7-11:

(a) Portions of Defendants' Memorandum of Points and Authorities in Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification (the "Opposition");

(b) Portions of the Expert Report of Robert D. Willig and the exhibits thereto ("Willig Report"); and

(c) Portions of the Declaration of Mona Solouki in Support of Defendants' Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification ("Solouki Declaration") and the exhibits thereto.

3. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Panasonic Defendants as "Confidential" or "Highly Confidential"

1 pursuant to the Stipulated Protective Order, and all references to those documents and information in the Opposition, the Willig Report and the Solouki Declaration and exhibits.

4. Specifically, the Panasonic Defendants request that the following documents and excerpts of documents be maintained under seal: (i) Exhibit 13 to the Solouki Declaration (excerpts from the deposition of Hirokazu Nishiyama, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Panasonic Defendants); (ii) Exhibit 14 to the Solouki Declaration (excerpts from the transcript of the deposition of Tatsuo Tobinaga, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Panasonic Defendants); (iii) Exhibit 24 to the Solouki Declaration (excerpts from the transcript of the deposition of Masahiro Kimura, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Panasonic Defendants); (iv) Exhibit 32 to the Solouki Declaration (excerpts from the transcript of the deposition of Edwin Wolff, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for defendant Panasonic Corporation of North America); and (v) all references to information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants in the Opposition, the Willig Report, and the Solouki Declaration and exhibits.

5. Attached as exhibit 13 to the Solouki Declaration are excerpts from the deposition transcript of Hirokazu Nishiyama, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Panasonic Defendants.

6. Upon information and belief, the transcript excerpts appearing in exhibit 13 to the Solouki Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. These transcript excerpts contain, cite, and/or identify confidential information about the Panasonic Defendants' sales processes, negotiating tactics, business plans, and pricing practices. These transcript excerpts describe relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

- 3 -

DECL. OF MOLLY M. DONOVAN   Case No. 07-5944 SC
I/S/O DEFENDANTS' MOTION TO SEAL   MDL NO. 1917

1    7.   Attached as exhibit 14 to the Solouki Declaration are excerpts from the deposition transcript of Tatsuo Tobinaga, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Panasonic Defendants.

8.   Upon information and belief, the transcript excerpts appearing in exhibit 14 to the Solouki Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. These transcript excerpts contain, cite, and/or identify confidential information about the Panasonic Defendants' product specifications and business practices. These transcript excerpts describe relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

9.   Attached as exhibit 24 to the Solouki Declaration are excerpts from the deposition transcript of Masahiro Kimura, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Panasonic Defendants.

10.   Upon information and belief, the transcript excerpts appearing in exhibit 24 to the Solouki Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. These transcript excerpts contain, cite, and/or identify confidential information about the Panasonic Defendants' sales processes, business practices, and pricing practices. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

11.   Attached as exhibit 32 to the Solouki Declaration are excerpts from the deposition transcript of Edwin Wolff, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for defendant Panasonic Corporation of North America.

- 4 -

DECL. OF MOLLY M. DONOVAN                                              Case No. 07-5944 SC
I/S/O DEFENDANTS' MOTION TO SEAL                                       MDL NO. 1917

12.     Upon information and belief, the transcript excerpts appearing in exhibit 32 to the Solouki Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. These transcript excerpts contain, cite, and/or identify confidential information about the Panasonic Defendants' sales processes, pricing practices, negotiating tactics, and competitive positions. These transcript excerpts describe relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

13.     The Opposition and the Willig Report quote from or describe documents or information designated as "Highly Confidential" by the Panasonic Defendants pursuant to the Stipulated Protective Order, including but not limited to exhibits 13, 14, 24, and 32. As with the exhibits themselves, I understand that the Panasonic Defendants consider any statements in the Opposition and Willig Report purporting to summarize the exhibits or any other documents or information designated "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in exhibits 13, 14, 24, and 32 and referenced in the Opposition and Willig Report.

14.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  September 18, 2013        By:     */s/ Molly M. Donovan*
                                  JEFFREY L. KESSLER (*pro hac vice*)
                                  Email: jkessler@winston.com
                                  A. PAUL VICTOR (*pro hac vice*)
                                  Email: pvictor@winston.com
                                  ALDO A. BADINI (257086)
                                  Email: abadini@winston.com
                                  EVA W. COLE (*pro hac vice*)
                                  Email: ewcole@winston.com
                                  MOLLY M. DONOVAN (*pro hac vice*)
                                  Email: mmdonovan@winston.com

**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

GREGORY D. HULL (57367)
Email: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*