Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendants Toshiba Corporation,
Toshiba America Information Systems, Inc.,
Toshiba America Consumer Products, L.L.C.,
and Toshiba America Electronic
Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br>**ALL DIRECT PURCHASER ACTIONS** | **DECLARATION OF DANA E. FOSTER IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS LODGED IN OPPOSITION TO DIRECT PURCHASER PLAINTIFFS' CLASS CERTIFICATION MOTION** |

I, Dana E. Foster, hereby declare as follows:

1. I am an attorney with the law firm of White & Case LLP, attorneys for Defendants Toshiba Corporation, Toshiba America Information Systems, Inc. ("TAIS"), Toshiba America Consumer Products, L.L.C. ("TACP"), and Toshiba America Electronic Components, Inc. ("TAEC") (collectively, the "Toshiba Defendants"). I make this declaration pursuant to Civil Local Rules 7-11 and 79-5(d) in support of Defendants' Administrative Motion to Seal Documents Lodged in Opposition to Direct Purchaser Plaintiffs' Class Certification Motion (Dkt. No. 1921) (the "Motion to Seal Documents").

2. Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order").

4. The Toshiba Defendants have produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5. On September 11, 2013, Defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) SDN. Bhd., Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., Tianjin Samsung SDI Co., Ltd., Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display East, Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively, "Defendants") filed the Motion to Seal Documents (Dkt. No. 1921), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), portions of three documents that contain information from documents that the Toshiba Defendants have designated as "Confidential" or "Highly Confidential":

    a. Defendants' Memorandum of Points and Authorities in Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification (the "Opposition");

DECLARATION OF DANA E. FOSTER IN SUPPORT OF
DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS LODGED
IN OPPOSITION TO DIRECT PURCHASER PLAINTIFFS' CLASS CERTIFICATION MOTION

Case No. 07-5944 SC, MDL No. 1917

2

b. Expert Report of Robert D. Willig (the "Willig Report") and exhibits thereto; and

c. Declaration of Mona Solouki in Support of Defendants' Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification (the "Solouki Declaration") and exhibits thereto.

6. Numerous paragraphs from the Opposition, the Willig Report and exhibits thereto, and the Solouki Declaration and exhibits thereto, describe, quote, or summarize information from Toshiba Defendants' and other Defendants' documents designated "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

7. Specifically, the Toshiba Defendants request that the following documents and excerpts of documents remain under seal: (i) Exhibit 6 of the Solouki Declaration, which contains excerpts from the transcript of the deposition of Jay Alan Heinecke, who was designated as a TAEC corporate representative under Rule 30(b)(6) of the Federal Rules of Civil Procedure, which was designated as "Highly Confidential"; (ii) Exhibit 7 of the Solouki Declaration which is a document produced in this litigation by defendant TAEC and designated as "Highly Confidential"; (iii) Exhibit 16 of the Solouki Declaration, which contains excerpts from the transcript of the deposition of Yoshiaki Uchiyama, who was designated as a Toshiba Corp. and a TACP corporate representative under Rule 30(b)(6) of the Federal Rules of Civil Procedure, which was designated as "Highly Confidential"; (iv) Exhibit 20 of the Solouki Declaration, which is a document produced in this litigation by defendant TACP and designated as "Confidential"; (v) Exhibit 23 of the Solouki Declaration, which contains excerpts from the transcript of the deposition of Richard Huber, who was designated as a TAIS and a TACP corporate representative under Rule 30(b)(6) of the Federal Rules of Civil Procedure, which was designated as "Highly Confidential"; and (vi) all references to information designated "Confidential" or "Highly Confidential" by the Toshiba Defendants in the Opposition, the Solouki Declaration and exhibits thereto, and the Willig Report and exhibits thereto.

DECLARATION OF DANA E. FOSTER IN SUPPORT OF
DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS LODGED
IN OPPOSITION TO DIRECT PURCHASER PLAINTIFFS' CLASS CERTIFICATION MOTION

Case No. 07-5944 SC, MDL No. 1917
3

8. The information and documents cited above and referred to in the Opposition, Willig Report, and the Solouki Declaration consist of, cite to, and/or identify confidential, non-public, proprietary and highly sensitive business information. The documents contain confidential, non-public information about the Toshiba Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies — including customers and vendors — that remain important to the Toshiba Defendants' competitive positions. Upon information and belief, publicly disclosing this sensitive information presents a risk of undermining the Toshiba Defendants' relationships, would cause harm with respect to the Toshiba Defendants' competitors and customers, and would put the Toshiba Defendants at a competitive disadvantage.

9. Accordingly, pursuant to FRCP 5.2(e) and Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 62, Electronic Filing of Documents under Seal, effective May 10, 2010, and the Stipulated Protective Order, the portions of the Opposition, the Solouki Declaration and exhibits thereto, and the Willig Report and exhibits thereto that contain, cite, or identify information or quotations from any of the above-mentioned exhibits or documents should be maintained under seal and redacted from the Opposition, the Solouki Declaration and exhibits thereto, and the Willig Report and exhibits thereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of September, 2013, in Washington, D.C.

_____
Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DECLARATION OF DANA E. FOSTER IN SUPPORT OF
DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS LODGED
IN OPPOSITION TO DIRECT PURCHASER PLAINTIFFS' CLASS CERTIFICATION MOTION

Case No. 07-5944 SC, MDL No. 1917
4

# CERTIFICATE OF SERVICE

On September 18, 2013, I caused a copy of "DECLARATION OF DANA E. FOSTER IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS LODGED IN OPPOSITION TO DIRECT PURCHASER PLAINTIFFS' CLASS CERTIFICATION MOTION" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

_____
Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944 SC<br>MDL No. 1917<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS LODGED IN OPPOSITION TO DIRECT PURCHASER PLAINTIFFS' CLASS CERTIFICATION MOTION** |
| This Document Relates to:<br><br>**ALL DIRECT PURCHASER ACTIONS** | |

On September 11, 2013, Defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) SDN. Bhd., Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., Tianjin Samsung SDI Co., Ltd., Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display East, Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively, "Defendants") filed Defendants' Administrative Motion to Seal Documents Lodged in Opposition to Direct Purchaser Plaintiffs' Class Certification Motion (Dkt. No. 1921) (the "Motion to Seal Documents"), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d): Defendants' Memorandum of Points and Authorities in Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification (the "Opposition"); Expert Report of Robert D. Willig (the "Willig Report") and exhibits thereto; and Declaration of Mona Solouki in Support of Defendants' Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification (the "Solouki Declaration") and exhibits thereto. On September 18, 2013, Defendants Toshiba Corporation, Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc. (collectively, the "Toshiba Defendants") filed the Declaration of Dana E. Foster in Support of Defendants' Administrative Motion to Seal Documents Lodged in Opposition to Direct Purchaser Plaintiffs' Class Certification Motion (the "Foster Declaration"), requesting a narrowly tailored order to maintain certain documents and document excerpts under seal.

The documents at issue are: (i) Exhibit 6 of the Solouki Declaration, which contains excerpts from the transcript of the deposition of Jay Alan Heinecke, who was designated as a TAEC corporate representative under Rule 30(b)(6) of the Federal Rules of Civil Procedure, which was designated as "Highly Confidential"; (ii) Exhibit 7 of the Solouki Declaration, which is a document produced in this litigation by defendant TAEC and designated as "Highly Confidential"; (iii) Exhibit 16 of the Solouki Declaration, which contains excerpts from the transcript of the deposition of Yoshiaki Uchiyama, who was designated as a Toshiba Corp. and a TACP corporate representative under Rule 30(b)(6)

[PROPOSED] ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS LODGED IN OPPOSITION TO DIRECT PURCHASER PLAINTIFFS' CLASS CERTIFICATION MOTION

Case No. 07-cv-5944, MDL No. 1917

1  of the Federal Rules of Civil Procedure, which was designated as "Highly Confidential"; (iv) Exhibit 20 of the Solouki Declaration, which is a document produced in this litigation by defendant TACP and designated as "Confidential"; (v) Exhibit 23 of the Solouki Declaration, which contains excerpts from the transcript of the deposition of Richard Huber, who was designated as a TAIS and a TACP corporate representative under Rule 30(b)(6) of the Federal Rules of Civil Procedure, which was designated as "Highly Confidential"; and (vi) all references to information designated "Confidential" or "Highly Confidential" by the Toshiba Defendants in the Opposition, the Solouki Declaration and exhibits thereto, and the Willig Report and exhibits thereto.

After due consideration of the papers submitted and for good cause, the Court finds that the above materials contain proprietary and sensitive business information, and a substantial probability exists that the Toshiba Defendants would be competitively harmed if the materials were publicly disclosed. The Court also finds that the Toshiba Defendants have narrowly tailored this sealing request to only those exhibits and references thereto necessary to protect their proprietary and sensitive business information. The Court thus finds compelling reasons to maintain under seal the materials described in the Foster Declaration.

**IT IS THEREFORE ORDERED** that the following documents and document excerpts shall be maintained under seal:

a. Solouki Declaration. Exhibits 6, 7, 16, 20 and 23; and

b. All references to information designated "Confidential" or "Highly Confidential" by the Toshiba Defendants in the Opposition, the Solouki Declaration and exhibits thereto, and the Willig Report and exhibits thereto.

[PROPOSED] ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS LODGED IN OPPOSITION TO DIRECT PURCHASER PLAINTIFFS' CLASS CERTIFICATION MOTION

Case No. 07-cv-5944, MDL No. 1917

**IT IS FURTHER ORDERED** that, to maintain the effect of the seal under Civil Local Rule 79-5(f), the parties, their counsel, and their declarants shall not publicly disseminate or discuss any of the sealed documents or their contents absent further order of the Court.

**IT IS SO ORDERED.**

Dated:_____      _____
                                HONORABLE SAMUEL CONTI
                                UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS LODGED IN OPPOSITION TO DIRECT PURCHASER PLAINTIFFS' CLASS CERTIFICATION MOTION

Case No. 07-cv-5944, MDL No. 1917

4