# Exhibit 31

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

–   –   –

IN RE:  CATHODE RAY TUBE

(CRT) ANTITRUST LITIGATION

Master File No.

CV-07-5944-SC

MDL No. 1917

–   –   –

June 20, 2013

–   –   –

Oral deposition of STEVEN R. NUSBAUM
taken pursuant to notice, held at the Law
Offices of Morgan, Lewis & Bochius, 1701
Market Street, Philadelphia, PA 19102,
commencing at 9:13 a.m., on the above date,
before Jennifer P. Miller, Registered
Professional Reporter and Notary Public for
the Commonwealth of Pennsylvania.

1

1   bids for quotes for CRT products?

2              MR. GRABAR:  Objection.

3              THE WITNESS:  I really don't

4      understand that question.

5   BY MR. MARKMAN:

6      Q.   During the relevant period, how

7   would you negotiate a price with Matsushita

8   regarding the CRT products?

9              MR. GRABAR:  Objection.

10             You can respond.

11             THE WITNESS:  There was no

12     negotiation.  There was a set price that

13     we were given; that was the price we

14     purchased it from --

15  BY MR. MARKMAN:

16     Q.   Did you seek any information other

17  than price when determining whether to

18  purchase CRT products from Matsushita during

19  the relevant period?

20     A.   No.

21     Q.   Other than price, what factors did

22  you consider important in purchasing a CRT

23  product?

24             Other than price, what factors,

25  if any, did Arch Electronics consider in

72

```
 1   BY MR. MARKMAN:

 2       Q.   Where it states that Defendants have

 3   combined and conspired to raise, fix, maintain

 4   or stabilize the prices of CRT products sold

 5   in the United States.

 6               Do you see that allegation in

 7   paragraph 216, sir?

 8       A.   Yes.

 9       Q.   Can you describe in your own words

10   what the Defendants in this lawsuit did wrong?

11               MR. GRABAR:   Objection.

12               You can respond.

13               THE WITNESS:   It violated the

14       Sherman Antitrust Act by fixing prices.

15   BY MR. MARKMAN:

16       Q.   Do you have any personal knowledge

17   of this alleged conspiracy?

18       A.   No.  I rely on counsel for that.

19       Q.   Turning your attention back to

20   paragraph 85 of the complaint, which is on

21   page 19.

22               It states that Plaintiffs bring

23   this action both on behalf of themselves and

24   on behalf of following class, quote, all

25   persons and entities who between March 1, 1995
```

107

1    and November 25, 2007 directly purchased a CRT

2    product in the United States from any

3    Defendant or any subsidiary or affiliate

4    thereof or any conspirator.  Excluded from the

5    class are Defendants, the parent companies,

6    subsidiaries and affiliates.  Any

7    coconspirators, all governmental entities, any

8    judges or justices assigned to hear any aspect

9    of this action.

10                   Do you have any understanding

11   of what the term "affiliate" means here?

12        A.   No.  I rely on counsel to define all

13   of that.

14        Q.   When did Arch Electronics first

15   become aware of its claim that the company

16   overpaid for purchases of CRT products?

17                   MR. GRABAR:  Objection.

18                   THE WITNESS:  When I was

19        approached by counsel.

20   BY MR. MARKMAN:

21        Q.   When was the first time that Arch

22   Electronics came to believe that Defendants

23   had conducted meetings regarding the price of

24   CRTs or CRT products?

25                   MR. GRABAR:  Objection.

                                                    108

# Exhibit 32 [SUBMITTED UNDER SEAL]

# Exhibit 33 [SUBMITTED UNDER SEAL]

# Exhibit 34 [SUBMITTED UNDER SEAL]

# Exhibit 35

1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
     A Limited Liability partnership
2     Including Professional Corporations
   GARY L. HALLING, Cal. Bar No. 66087
3  JAMES L. McGINNIS, Cal. Bar No. 95788
   MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4  MONA SOLOUKI, Cal. Bar No. 215145
   TYLER M. CUNNINGHAM, Cal. Bar No. 243694
5  Four Embarcadero Center, 17th Floor
   San Francisco, CA  94111-4109
6  Telephone:    (415) 434-9100
   Facsimile:    (415) 434-3947
7  E-mail:       ghalling@sheppardmullin.com
                 jmcginnis@sheppardmullin.com
8                mscarborough@sheppardmullin.com
                 tcunningham@sheppardmullin.com
9
   Attorneys for Defendants
10 SAMSUNG SDI AMERICA, INC.,
   SAMSUNG SDI CO., LTD.,
11 SAMSUNG SDI (MALAYSIA) SDN. BHD.,
   SAMSUNG SDI MEXICO S.A. DE C.V.,
12 SAMSUNG SDI BRASIL LTDA.,
   SHENZEN SAMSUNG SDI CO., LTD. and
13 TIANJIN SAMSUNG SDI CO., LTD.

14

15            UNITED STATES DISTRICT COURT

16           NORTHERN DISTRICT OF CALIFORNIA

17              SAN FRANCISCO DIVISION

18

19 In re: CATHODE RAY TUBE (CRT)          | Case No. 07-5944 SC
20 ANTITRUST LITIGATION
                                          | MDL No. 1917
21                                        | **SAMSUNG SDI AMERICA, INC.'S**
                                          | **FIRST SET OF INTERROGATORIES**
22 _____        | **TO DIRECT PURCHASER**
                                          | **PLAINTIFFS**
23 This DOCUMENT Relates to:
24   DIRECT PURCHASER ACTIONS
25
26
27
28

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | SAMSUNG SDI AMERICA, INC. |
| 2 | RESPONDING PARTIES: | DIRECT PURCHASER PLAINTIFFS: |

Arch Electronics, Inc., Paula Call d.b.a. Poway-Rancho Bernardo TV, Crago Inc. d/b/a Dash Computers, Inc., Electronic Design Company, Hawel A. Hawel d/b/a City Electronics, Meijer. Inc. and Meijer Distribution, Inc., Nathan Muchnick, Inc., Orion Home Systems, LLC, Princeton Display Technologies, Inc., Radio & TV Equipment, Inc., Royal Data Services, Inc., Studio Spectrum, Inc., Wettstein and Sons, Inc.

SET NO.:                         ONE

SMRH:408403110.2
MDL No. 1917

SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
INTERROGATORIES TO DIRECT PURCHASER PLAINTIFFS

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure,

2  Defendant Samsung SDI America, Inc. hereby requests that each of the Direct Purchaser

3  Plaintiffs serve verified responses to the following first set of interrogatories in compliance

4  with Rule 33 of the Federal Rules of Civil Procedure no later than thirty (30) days after the

5  date of the service hereof.

6                                      **I.**

7                              **DEFINITIONS**

8    1.    "YOU," "YOUR" and "YOURSELF" means the Plaintiff responding to

9  these interrogatories, as well as any employees, agents, attorneys, representatives, or other

10 persons acting or purporting to act on behalf of the responding Plaintiff.

11   2.    "COMPLAINT" refers to the Consolidated Amended Complaint filed by

12 Direct-Purchaser Plaintiffs in the Northern District of California, Case No. 07-5944-SC,

13 MDL No. 1917, on or about March 16, 2009, as modified by the Stipulation and Order

14 Concerning Pending Motions Re: Finished Products (Dkt. No. 996).

15   3.    "CONSPIRATOR" has the same meaning as in the COMPLAINT.

16   4.    "CONTROL" means to exercise restraint or direction over; dominate,

17 regulate or command; or to have the power or authority to guide or manage. *See In re*

18 *ATM Fee Antitrust Litig.*, 686 F.3d 741, 757 (9th Cir. 2012).

19   5.    "CRT" as used herein refers to CPTs and CDTs, as defined in Paragraph 1 of

20 the COMPLAINT.

21   6.    "CRT PRODUCT" as used herein refers to electronic devices containing

22 CDTs (such as monitors) and CPTs (such as televisions), as described in Paragraph 1 of

23 the COMPLAINT.

24   7.    "DEFENDANTS" means the entities enumerated by paragraphs 24 through

25 80 of the COMPLAINT.

26

27

28                                      -2-

8.   "DOCUMENT" or "DOCUMENTS" means and refers to all items identified in and within the scope of Fed. R. Civ. P. 34(a) and the 1970 Advisory Committee Note thereto, and all forms of "writings" and "recordings" as defined in Fed. R. Evid. 1001(1), and includes any reduction to tangible form, including computer or magnetic memory or storage, of communications, information, or data, including any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, and including originals, drafts, and non-identical copies, wherever located.  This term includes, but is not limited to, letters, books, contracts, agreements, licenses, assignments, correspondence, computer tapes, computer disks, CD-ROMs, DVDs, printouts, memoranda, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, Trademark Office filings and certificates, emails, website print-outs, notes, telexes, telegrams, telecopies, facsimile reproductions or "faxes," factual compilations, electronic data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, product packaging, graphics, checks, ledgers, sales data, electronic wire transfer documentation, catalogs, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilm, microfiche, films, personnel files, quotes, purchase orders, telephone records, schedules, bids, voice recordings, transcriptions, and lab notebooks.  This definition applies to all DOCUMENTS on the particular subject in your possession, custody or control, or that of your attorneys, agents, employees, officers, directors, or representatives, irrespective of who generated, prepared, or signed the DOCUMENTS.

9.   "EVIDENCE" means DOCUMENTS or percipient witness statements or testimony.

10.   To "IDENTIFY" means:

a.   With respect to a PERSON, to state the PERSON'S full name and present or last known business address.  With respect to a natural person, additionally, the present or last known place of employment.

-3-

b.    With respect to a DOCUMENT, to state the Bates number; or if the document has no Bates number, then to state the: (i) type of DOCUMENT, (ii) general subject matter; (iii) date of the DOCUMENT; (iv) the author(s), addressee(s) and recipient(s).

c.    With respect to testimony, to state the: (i) name of the witness; (ii) date of the testimony; (iii) the action in which the testimony was recorded; and (iv) the page number(s) of the relevant testimony.

11.   "OWN" or "OWNED" or "OWNERSHIP" when unmodified, means majority ownership.

12.   "PERSON" means any individual or group of individuals, corporation partnership, association, governmental entity, department, commission, bureau or other kind of legal or business entity.

13.   "RELEVANT PERIOD" means the Class Period alleged in paragraph 1 of the COMPLAINT, *i.e.* March 1, 1995 to November 25, 2007.

14.   The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the requests more inclusive.

15.   All nouns in the singular or plural shall be construed in the singular or plural, whichever makes the requests more inclusive.

16.   The use of the past tense of any verb shall include the present tense and vice versa.

17.   The word "any" shall be construed to include "all" and vice versa.

## II.

## INSTRUCTIONS

1.    These interrogatories call for information that is known or is available to YOU as of the time YOU respond to these interrogatories, including information in the possession, custody, or CONTROL of YOUR employees, agents, attorneys, accountants, auditors, investigators, or other professional PERSONS acting under YOUR or YOUR

-4-

1  attorneys' authorization, employment, direction, or CONTROL.

2       2.      If YOU withhold information responsive to these interrogatories by claiming

3  it is privileged or constitutes attorney work product, then YOU must fully comply with all

4  of the requirements of Federal Rule of Civil Procedure 26(b)(5) by providing a privilege

5  and work product log.

6       3.      These interrogatories shall be deemed continuing in accordance with Federal

7  Rule of Civil Procedure 26(e).  The obligations imposed on YOU by that Rule to amend

8  and supplement YOUR answers and to produce additional information in response to these

9  interrogatories are continuing obligations.

10      4.      Each interrogatory is to be answered separately and in order, and shall be

11 construed independently and not by reference to any other interrogatory.

12      5.      When a complete answer to a particular interrogatory is not possible, the

13 interrogatory should be answered to the extent possible and a statement should be made

14 indicating why only a partial answer is given, together with the identity of any

15 DOCUMENTS or sources from which more complete information is obtainable.

16                                        **III.**

17                              **INTERROGATORIES**

18 **INTERROGATORY NO. 1:**

19      Separately IDENTIFY each and every entity that YOU contend participated in the

20 conspiracy that YOU allege in the COMPLAINT, including each individual member of

21 any group of alleged CONSPIRATORS.

22 **INTERROGATORY NO. 2:**

23      Separately for each entity that YOU contend participated in the alleged conspiracy

24 in response to Interrogatory No. 1, IDENTIFY all EVIDENCE upon which YOU intend to

25 rely to prove such participation, including:[1]

26 —————————————

27 [1] *See* Special Master Martin Quinn's Order re Motion for Protective Order By Direct
   Purchaser Plaintiffs Re Contention Discovery Requests Served By Certain Defendants, *In*

28                                         -5-

SAMSUNG SDI AMERICA, INC.'S FIRST SET OF
                                          INTERROGATORIES TO DIRECT PURCHASER PLAINTIFFS

1    a.    Each DOCUMENT that YOU contend identifies that entity as a

2           CONSPIRATOR;

3    b.    All testimony that YOU contend identifies that entity as a CONSPIRATOR;

4    c.    Date of each meeting or competitor communication in which YOU contend

5           the entity participated;

6    d.    Location of each alleged meeting, if applicable;

7    e.    Names of each specific corporate entity that YOU allege participated in each

8           meeting or competitor communication;

9    f.    Names of the individuals that YOU allege participated in each meeting or

10          competitor communication; and

11    g.    Whether YOU contend the EVIDENCE reflects an agreement to restrict

12          supply or limit production of CRTs.

**13  INTERROGATORY NO. 3:**

14      If YOU base any claims on purchases of CRT PRODUCTS, IDENTIFY all

15  EVIDENCE upon which YOU intend to rely to prove the identity of the manufacturer of

16  the CRT contained in each CRT PRODUCT YOU purchased that is the subject of YOUR

17  damages claims in this case.

**18  INTERROGATORY NO. 4:**

19      Describe the method by which YOU propose to determine whether the CRT

20  PRODUCTS purchased by YOU and any person YOU seek to represent contain CRTs

21  manufactured by a DEFENDANT or alleged CONSPIRATOR.

**22  INTERROGATORY NO. 5:**

23      Did YOU purchase CRTs or CRT PRODUCTS during the RELEVANT PERIOD

24  from any entity other than the DEFENDANTS?

25

26  *re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1819 (Dkt. No. 2114) (filed Nov. 3, 2010), at 4 ("identification of meetings where DPP's contend that the alleged conspiracy

27  unfolded, while a big job, is sufficiently discrete to be answered and plainly important.").

28                -6-

**INTERROGATORY NO. 6:**

If YOU responded in the affirmative to Interrogatory No. 5, separately for each and every purchase of CRTs or CRT PRODUCTS YOU made during the RELEVANT PERIOD from any entity other than the DEFENDANTS, IDENTIFY:

    a.    The type of CRT (CPT or CDT) or CRT PRODUCT (television or monitor) purchased, including name, part number, or any model number;

    b.    The manufacturer of the CRT or CRT PRODUCT;

    c.    The vendor from whom YOU made the purchase;

    d.    The date of the order;

    e.    The quantity purchased;

    f.    The price per unit;

    g.    The total price paid;

    h.    Any rebates, allowances, or discounts applicable to the purchase;

    i.    The entity and location to which the order was shipped (including the state); and

    j.    The entity and location to which the order was billed (including the state).

**INTERROGATORY NO. 7:**

Do YOU purport to bring a claim – either on YOUR own behalf or on behalf of the purported class members – based on CRT or CRT PRODUCT purchases from any entity other than the alleged CONSPIRATORS identified in response to Interrogatory No. 1? If so, IDENTIFY each such entity.

**INTERROGATORY NO. 8:**

Separately for each entity identified in YOUR response to Interrogatory No. 7, state whether YOU contend the entity is OWNED or CONTROLLED by a DEFENDANT or an alleged CONSPIRATOR and, if so, IDENTIFY:

    a.    The alleged CONSPIRATOR YOU contend OWNS or CONTROLS the entity; and

-7-

1       b.    All EVIDENCE upon which YOU intend to rely to prove such

2  OWNERSHIP or CONTROL (including the Bates number of each DOCUMENT and/or

3  citation to specific deposition testimony that YOU contend supports YOUR contention).

4  **INTERROGATORY NO. 9:**

5       If YOUR response to any of Samsung SDI America, Inc.'s First Set of Requests for

6  Admission was anything other than an unqualified admission, separately for each Request

7  for Admission IDENTIFY all EVIDENCE upon which YOU intend to rely to support

8  YOUR response.[2]

9  **INTERROGATORY NO. 10:**

10       With respect to YOUR individual claims in this case, do YOU seek to assert a claim

11  for damages based on assignment of rights made to YOU by another entity that purchased

12  any CRTs or CRT PRODUCTS?  If so, list all such entities and IDENTIFY all

13  EVIDENCE upon which YOU intend to rely to prove such assignment of rights.

14

15  DATED:  May 8, 2013

16                      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

17

18              By             _/s/ Tyler M. Cunningham_

19                         TYLER M. CUNNINGHAM

20                       Attorneys for Defendants
                        SAMSUNG SDI AMERICA, INC.,

21                       SAMSUNG SDI CO., LTD.,

22                  SAMSUNG SDI (MALAYSIA) SDN. BHD.,
                  SAMSUNG SDI MEXICO S.A. DE C.V.,

23                   SAMSUNG SDI BRASIL LTDA.,

24

25  [2] _See_ Special Master Martin Quinn's Order re Rules For Responding to Reciprocal Written
Discovery Requests Regarding The Parties' Contentions, _In re TFT-LCD (Flat Panel)_

26  _Antitrust Litig._, MDL No. 1819 (Dkt. No. 2576) (filed March 21, 2011) (ordering direct
purchaser plaintiffs to "respond now ... based on the information and analysis presently

27  available to them" to an interrogatory seeking the bases for plaintiffs' denials of requests
for admission, including requests concerning affiliation and control).

28                           -8-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

-9-

# Exhibit 36

1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
     A Limited Liability partnership
2    Including Professional Corporations
   GARY L. HALLING, Cal. Bar No. 66087
3  JAMES L. McGINNIS, Cal. Bar No. 95788
   MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4  MONA SOLOUKI, Cal. Bar No. 215145
   TYLER M. CUNNINGHAM, Cal. Bar No. 243694
5  Four Embarcadero Center, 17th Floor
   San Francisco, CA  94111-4109
6  Telephone:   (415) 434-9100
   Facsimile:    (415) 434-3947
7  E-mail:       ghalling@sheppardmullin.com
                 jmcginnis@sheppardmullin.com
8                mscarborough@sheppardmullin.com
                 tcunningham@sheppardmullin.com
9
   Attorneys for Defendants
10 SAMSUNG SDI AMERICA, INC.,
   SAMSUNG SDI CO., LTD.,
11 SAMSUNG SDI (MALAYSIA) SDN. BHD.,
   SAMSUNG SDI MEXICO S.A. DE C.V.,
12 SAMSUNG SDI BRASIL LTDA.,
   SHENZEN SAMSUNG SDI CO., LTD. and
13 TIANJIN SAMSUNG SDI CO., LTD.

14

15                 UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17                   SAN FRANCISCO DIVISION

18

19 In re: CATHODE RAY TUBE (CRT)        | Case No. 07-5944 SC
20 ANTITRUST LITIGATION                 | MDL No. 1917

21 _____     | **SAMSUNG SDI AMERICA, INC.'S**
                                          **FIRST SET OF REQUESTS FOR**
22                                        **ADMISSION TO DIRECT**
   This Document Relates to:             **PURCHASER PLAINTIFFS**
23
      DIRECT PURCHASER ACTIONS
24
25 _____

26

27

28

PROPOUNDING PARTY:    SAMSUNG SDI AMERICA, INC.

RESPONDING PARTIES:    DIRECT PURCHASER PLAINTIFFS:
Arch Electronics, Inc., Paula Call d.b.a. Poway-Rancho Bernardo TV, Crago Inc. d/b/a Dash Computers, Inc., Electronic Design Company, Hawel A. Hawel d/b/a City Electronics, Meijer, Inc. and Meijer Distribution, Inc., Nathan Muchnick, Inc., Orion Home Systems, LLC, Princeton Display Technologies, Inc., Radio & TV Equipment, Inc., Royal Data Services, Inc., Studio Spectrum, Inc., Wettstein and Sons, Inc.

SET NO.:    ONE

SMRH:408400479.2
MDL No. 1917

SAMSUNG SDI AMERICA, INC.'S FIRST SET OF REQUESTS
FOR ADMISSION TO DIRECT PURCHASER PLAINTIFFS

1    Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant

2 Samsung SDI America, Inc. hereby requests that each of the Direct Purchaser Plaintiffs

3 serve responses to the following first set of requests for admission (the "Requests") in

4 compliance with Rule 36 of the Federal Rules of Civil Procedure no later than thirty (30)

5 days after the date of the service hereof.

6                                               **I.**

7                                      **DEFINITIONS**

8    1.    "YOU," "YOUR" and "YOURSELF" mean the Plaintiff responding to these

9 requests, as well as any employees, agents, attorneys, representatives, or other persons

10 acting or purporting to act on behalf of the responding Plaintiff.

11   2.    "COMPLAINT" means to the Consolidated Amended Complaint filed by

12 Direct-Purchaser Plaintiffs in the Northern District of California, Case No. 07-5944-SC,

13 MDL No. 1917, on or about March 16, 2009, as modified by the Stipulation and Order

14 Concerning Pending Motions Re: Finished Products (Dkt. No. 996).

15   3.    "CONSPIRATOR" has the same meaning as in the COMPLAINT.

16   4.    "CONTROL" means to exercise restraint or direction over; dominate,

17 regulate or command, or to have the power or authority to guide or manage. *See In re*

18 *ATM Fee Antitrust Litig.*, 686 F.3d 741, 757 (9th Cir. 2012).

19   5.    "CRT" as used herein refers to CPTs and CDTs, as defined in Paragraph 1 of

20 the COMPLAINT.

21   6.    "CRT PRODUCT" as used herein refers to electronic devices containing

22 CDTs (such as monitors) and CPTs (such as televisions), as described in Paragraph 1 of

23 the COMPLAINT.

24   7.    "DEFENDANTS" means the entities enumerated by paragraphs 24 through

25 80 of the COMPLAINT.

26

27

28                                          -2-

8.      "EVIDENCE" means documents or percipient witness statements or testimony.

9.      "OWN" or "OWNED," when unmodified, means majority ownership. However, the terms "partially-owned" or "wholly-owned" have the same meanings as in the COMPLAINT.

10.     "RELEVANT PERIOD" means the Class Period alleged in paragraph 1 of the COMPLAINT, *i.e.* March 1, 1995 to November 25, 2007.

11.     The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the requests more inclusive.

12.     All nouns in the singular or plural shall be construed in the singular or plural, whichever makes the requests more inclusive.

13.     The use of the past tense of any verb shall include the present tense and vice versa.

14.     The word "any" shall be construed to include "all" and vice versa.

## II.

## INSTRUCTIONS

1.      Unless otherwise specified, no request for admission shall be viewed as limiting the scope of any other request for admission.

2.      Each request for admission shall be numbered separately and each response shall be numbered in the same manner and sequence as the corresponding request for admission.

3.      If YOU do not have personal knowledge sufficient to fully respond to a request for admission, YOU should so state, and make a reasonable and good-faith effort to obtain the information by inquiring to other persons, organizations or natural persons.

4.      These requests for admission are continuing in nature and YOU have a continuing obligation to update YOUR responses to these requests for admission so long as the action is pending.

-3-

## III.

## <u>REQUESTS FOR ADMISSION</u>

**<u>REQUEST FOR ADMISSION NO. 1:</u>**

Admit that YOU have no EVIDENCE that "Defendant[] Daewoo International ... dominated and controlled the policies and affairs of Orion [Electric Company] ... relating to the antitrust violations alleged in this complaint" as alleged in paragraph 28 of the COMPLAINT.

**<u>REQUEST FOR ADMISSION NO. 2:</u>**

Admit that YOU have no EVIDENCE that "Defendant[] Daewoo International ... dominated and controlled the policies and affairs of ... [Daewoo-Orion Societe Anonyme] relating to the antitrust violations alleged in this complaint" as alleged in paragraph 28 of the COMPLAINT.

**<u>REQUEST FOR ADMISSION NO. 3:</u>**

Admit that YOU have no EVIDENCE that "Defendant[]... Daewoo Electronics dominated and controlled the policies and affairs of Orion [Electric Company] ... relating to the antitrust violations alleged in this complaint" as alleged in paragraph 28 of the COMPLAINT.

**<u>REQUEST FOR ADMISSION NO. 4:</u>**

Admit that YOU have no EVIDENCE that "Defendant[]... Daewoo Electronics dominated and controlled the policies and affairs of ... [Daewoo-Orion Societe Anonyme] relating to the antitrust violations alleged in this complaint" as alleged in paragraph 28 of the COMPLAINT.

**<u>REQUEST FOR ADMISSION NO. 5:</u>**

Admit that YOU have no EVIDENCE that "Defendant [Irico Group Corporation] dominated and controlled the finances, policies and affairs of [Irico Group Electronics Co., Ltd.] relating to the antitrust violations alleged in this complaint" as alleged in paragraph 38 of the COMPLAINT.

-4-

1    **REQUEST FOR ADMISSION NO. 6:**

2        Admit that YOU have no EVIDENCE that "[Irico Display Devices Co., Ltd.] is a

3    partially-owned subsidiary of Defendant [Irico Group Corporation]" as alleged in

4    paragraph 39 of the COMPLAINT.

5    **REQUEST FOR ADMISSION NO. 7:**

6        Admit that YOU have no EVIDENCE that "Defendant [Irico Group Corporation]

7    dominated and controlled the finances, policies and affairs of [Irico Display Devices Co.,

8    Ltd.] relating to the antitrust violations alleged in this complaint" as alleged in paragraph

9    39 of the COMPLAINT.

10   **REQUEST FOR ADMISSION NO. 8:**

11       Admit that YOU have no EVIDENCE that "[Samsung SDI (Malaysia) Sdn. Bhd.] is

12   a wholly-owned and controlled subsidiary of Defendant [Samsung Electronics Co., Ltd.]"

13   as alleged in paragraph 60 of the COMPLAINT.

14   **REQUEST FOR ADMISSION NO. 9:**

15       Admit that YOU have no EVIDENCE that "Defendant [Samsung Electronics Co.,

16   Ltd.] dominated and controlled the finances, policies and affairs of [Samsung SDI

17   (Malaysia) Sdn. Bhd.] relating to the antitrust violations alleged in this complaint" as

18   alleged in paragraph 60 of the COMPLAINT.

19   **REQUEST FOR ADMISSION NO. 10:**

20       Admit that YOU have no EVIDENCE that "[Samsung SDI Co., Ltd.] is a wholly-

21   owned and controlled subsidiary of Defendant [Samsung Electronics Co., Ltd.]" as alleged

22   in paragraph 61 of the COMPLAINT.

23   **REQUEST FOR ADMISSION NO. 11:**

24       Admit that YOU have no EVIDENCE that "Defendant [Samsung Electronics Co.,

25   Ltd.] dominated and controlled the finances, policies and affairs of "[Samsung SDI Co.,

26   Ltd.] relating to the antitrust violations alleged in this complaint" as alleged in paragraph

27   61 of the COMPLAINT.

28

-5-

1  **REQUEST FOR ADMISSION NO. 12:**

2       Admit that YOU have no EVIDENCE that "Defendant [Samsung Electronics Co.,

3  Ltd.] ... dominated and controlled the finances, policies and affairs of Samsung [SDI]

4  America relating to the antitrust violations alleged in this complaint" as alleged in

5  paragraph 62 of the COMPLAINT.

6  **REQUEST FOR ADMISSION NO. 13:**

7       Admit that YOU have no EVIDENCE that "Defendant[] Samsung Electronics Co.,

8  Ltd.] ... dominated and controlled the finances, policies and affairs of [Samsung SDI

9  Mexico S.A. de C.V.] relating to the antitrust violations alleged in this complaint" as

10  alleged in paragraph 63 of the COMPLAINT.

11  **REQUEST FOR ADMISSION NO. 14:**

12       Admit that YOU have no EVIDENCE that "Defendant[] Samsung Electronics Co.,

13  Ltd.] ... dominated and controlled the finances, policies and affairs of [Samsung SDI

14  Brasil Ltda.] relating to the antitrust violations alleged in this complaint" as alleged in

15  paragraph 64 of the COMPLAINT.

16  **REQUEST FOR ADMISSION NO. 15:**

17       Admit that YOU have no EVIDENCE that "Defendant[] ...[Samsung Electronics

18  Co., Ltd.] dominated and controlled the finances, policies and affairs of [Shenzhen

19  Samsung SDI Co. Ltd.] relating to the antitrust violations alleged in this complaint" as

20  alleged in paragraph 65 of the COMPLAINT.

21  **REQUEST FOR ADMISSION NO. 16:**

22       Admit that YOU have no EVIDENCE that "Defendant[] [Samsung Electronics Co.,

23  Ltd.] ... dominated and controlled the finances, policies and affairs of [Tianjin Samsung

24  SDI Co., Ltd.] relating to the antitrust violations alleged in this complaint" as alleged in

25  paragraph 66 of the COMPLAINT.

26  **REQUEST FOR ADMISSION NO. 17:**

27       Admit that Samsung Electronics Co., Ltd. did not own more than 20 percent of

28

-6-

1  Samsung SDI, Co., Ltd. at any time during the RELEVANT PERIOD.

2  **REQUEST FOR ADMISSION NO. 18:**

3      Admit that YOU have no EVIDENCE that Samsung Electronics Co., Ltd. owned

4  more than 20 percent of Samsung SDI, Co., Ltd. at any time during the RELEVANT

5  PERIOD.

6  **REQUEST FOR ADMISSION NO. 19:**

7      Admit that YOU do not contend that DEFENDANT Samsung SDI Co., Ltd. at any

8  time OWNED DEFENDANT Samsung Electronics Co., Ltd.

9  **REQUEST FOR ADMISSION NO. 20:**

10      Admit that YOU do not contend that DEFENDANT Samsung SDI Co., Ltd. at any

11  time CONTROLLED DEFENDANT Samsung Electronics Co., Ltd.

12  **REQUEST FOR ADMISSION NO. 21:**

13      Admit that YOU have no EVIDENCE that DEFENDANT Samsung SDI Co., Ltd.

14  at any time OWNED DEFENDANT Samsung Electronics Co., Ltd.

15  **REQUEST FOR ADMISSION NO. 22:**

16      Admit that YOU have no EVIDENCE that DEFENDANT Samsung SDI Co., Ltd.

17  at any time CONTROLLED DEFENDANT Samsung Electronics Co., Ltd.

18  **REQUEST FOR ADMISSION NO. 23:**

19      Admit that YOU do not contend that DEFENDANT Samtel Color, Ltd. was at any

20  time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

21  **REQUEST FOR ADMISSION NO. 24:**

22      Admit that YOU do not contend that DEFENDANT Samtel Color, Ltd. was at any

23  time CONTROLLED by any other DEFENDANT or alleged CONSPIRATOR.

24  **REQUEST FOR ADMISSION NO. 25:**

25      Admit that YOU have no EVIDENCE that DEFENDANT Samtel Color, Ltd. was

26  at any time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

27

28

-7-

1  **REQUEST FOR ADMISSION NO. 26:**

2      Admit that YOU have no EVIDENCE that DEFENDANT Samtel Color, Ltd. was

3  at any time CONTROLLED by any other DEFENDANT or alleged CONSPIRATOR.

4  **REQUEST FOR ADMISSION NO. 27:**

5      Admit that YOU do not contend that DEFENDANT Chunghwa Picture Tubes, Ltd.

6  was at any time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

7  **REQUEST FOR ADMISSION NO. 28:**

8      Admit that YOU do not contend that DEFENDANT Chunghwa Picture Tubes, Ltd.

9  was at any time CONTROLLED by any other DEFENDANT or alleged CONSPIRATOR.

10 **REQUEST FOR ADMISSION NO. 29:**

11     Admit that YOU have no EVIDENCE that DEFENDANT Chunghwa Picture

12 Tubes, Ltd. was at any time OWNED by any other DEFENDANT or alleged

13 CONSPIRATOR.

14 **REQUEST FOR ADMISSION NO. 30:**

15     Admit that YOU have no EVIDENCE that DEFENDANT Chunghwa Picture

16 Tubes, Ltd. was at any time CONTROLLED by any other DEFENDANT or alleged

17 CONSPIRATOR.

18 **REQUEST FOR ADMISSION NO. 31:**

19     Admit that YOU do not contend that DEFENDANT Tatung Company of America,

20 Inc. was at any time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

21 **REQUEST FOR ADMISSION NO. 32:**

22     Admit that YOU do not contend that DEFENDANT Tatung Company of America,

23 Inc. was at any time CONTROLLED by any other DEFENDANT or alleged

24 CONSPIRATOR.

25 **REQUEST FOR ADMISSION NO. 33:**

26     Admit that YOU have no EVIDENCE that DEFENDANT Tatung Company of

27 America, Inc. was at any time OWNED by any other DEFENDANT or alleged

28                                    -8-

1    CONSPIRATOR.

2    **REQUEST FOR ADMISSION NO. 34:**

3        Admit that YOU have no EVIDENCE that DEFENDANT Tatung Company of

4    America, Inc. was at any time CONTROLLED by any other DEFENDANT or alleged

5    CONSPIRATOR.

6    **REQUEST FOR ADMISSION NO. 35:**

7        Admit that YOU do not contend that Tatung Company was at any time OWNED by

8    any DEFENDANT or alleged CONSPIRATOR.

9    **REQUEST FOR ADMISSION NO. 36:**

10       Admit that YOU do not contend that Tatung Company was at any time

11   CONTROLLED by any DEFENDANT or alleged CONSPIRATOR.

12   **REQUEST FOR ADMISSION NO. 37:**

13       Admit that YOU have no EVIDENCE that Tatung Company was at any time

14   OWNED by any DEFENDANT or alleged CONSPIRATOR.

15   **REQUEST FOR ADMISSION NO. 38:**

16       Admit that YOU have no EVIDENCE that Tatung Company was at any time

17   CONTROLLED by any DEFENDANT or alleged CONSPIRATOR.

18   **REQUEST FOR ADMISSION NO. 39:**

19       Admit that YOU do not contend that DEFENDANT Thai CRT Company, Ltd. was

20   at any time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

21   **REQUEST FOR ADMISSION NO. 40:**

22       Admit that YOU do not contend that DEFENDANT Thai CRT Company, Ltd. was

23   at any time CONTROLLED by any other DEFENDANT or alleged CONSPIRATOR.

24   **REQUEST FOR ADMISSION NO. 41:**

25       Admit that YOU have no EVIDENCE that DEFENDANT Thai CRT Company,

26   Ltd. was at any time OWNED by any other DEFENDANT or alleged CONSPIRATOR.

27

28                                             -9-

1  **REQUEST FOR ADMISSION NO. 42:**

2        Admit that YOU have no EVIDENCE that DEFENDANT Thai CRT Company,

3  Ltd. was at any time CONTROLLED by any other DEFENDANT or alleged

4  CONSPIRATOR.

5  **REQUEST FOR ADMISSION NO. 43:**

6        Admit that YOU do not contend that DEFENDANT Toshiba Corporation at any

7  time OWNED DEFENDANT MT Picture Display Co., Ltd., f/k/a Matsushita Toshiba

8  Picture Display Co., Ltd.

9  **REQUEST FOR ADMISSION NO. 44:**

10        Admit that YOU do not contend that DEFENDANT Toshiba Corporation at any

11  time CONTROLLED DEFENDANT MT Picture Display Co., Ltd., f/k/a Matsushita

12  Toshiba Picture Display Co., Ltd.

13  **REQUEST FOR ADMISSION NO. 45:**

14        Admit that YOU have no EVIDENCE that DEFENDANT Toshiba Corporation at

15  any time OWNED DEFENDANT MT Picture Display Co., Ltd., f/k/a Matsushita Toshiba

16  Picture Display Co., Ltd.

17  **REQUEST FOR ADMISSION NO. 46:**

18        Admit that YOU have no EVIDENCE that DEFENDANT Toshiba Corporation at

19  any time CONTROLLED DEFENDANT MT Picture Display Co., Ltd., f/k/a Matsushita

20  Toshiba Picture Display Co., Ltd.

21  **REQUEST FOR ADMISSION NO. 47:**

22        Admit that YOU do not contend that DEFENDANT Panasonic Corporation at any

23  time OWNED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

24  **REQUEST FOR ADMISSION NO. 48:**

25        Admit that YOU do not contend that DEFENDANT Panasonic Corporation at any

26  time CONTROLLED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

27

28                         -10-

**REQUEST FOR ADMISSION NO. 49:**

Admit that YOU have no EVIDENCE that DEFENDANT Panasonic Corporation at any time OWNED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

**REQUEST FOR ADMISSION NO. 50:**

Admit that YOU have no EVIDENCE that DEFENDANT Panasonic Corporation at any time CONTROLLED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

**REQUEST FOR ADMISSION NO. 51:**

Admit that YOU do not contend that DEFENDANT Toshiba Corporation at any time OWNED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

**REQUEST FOR ADMISSION NO. 52:**

Admit that YOU do not contend that DEFENDANT Toshiba Corporation at any time CONTROLLED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

**REQUEST FOR ADMISSION NO. 53:**

Admit that YOU have no EVIDENCE that DEFENDANT Toshiba Corporation at any time OWNED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

**REQUEST FOR ADMISSION NO. 54:**

Admit that YOU have no EVIDENCE that DEFENDANT Toshiba Corporation at any time CONTROLLED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

**REQUEST FOR ADMISSION NO. 55:**

Admit that YOU do not contend that DEFENDANT MT Picture Display Co., Ltd., f/k/a Matsushita Toshiba Picture Display Co., Ltd. at any time OWNED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

**REQUEST FOR ADMISSION NO. 56:**

Admit that YOU do not contend that DEFENDANT MT Picture Display Co., Ltd., f/k/a Matsushita Toshiba Picture Display Co., Ltd. at any time CONTROLLED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

-11-

**REQUEST FOR ADMISSION NO. 57:**

Admit that YOU have no EVIDENCE that DEFENDANT MT Picture Display Co., Ltd., f/k/a Matsushita Toshiba Picture Display Co., Ltd. at any time OWNED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

**REQUEST FOR ADMISSION NO. 58:**

Admit that YOU have no EVIDENCE that DEFENDANT MT Picture Display Co., Ltd., f/k/a Matsushita Toshiba Picture Display Co., Ltd. at any time CONTROLLED DEFENDANT Beijing-Matsushita Color CRT Company, Ltd.

**REQUEST FOR ADMISSION NO. 59:**

Admit that YOU do not contend that Envision Peripherals, Inc. was at any time OWNED by any DEFENDANT or alleged CONSPIRATOR.

**REQUEST FOR ADMISSION NO. 60:**

Admit that YOU do not contend that Envision Peripherals, Inc. was at any time CONTROLLED by any DEFENDANT or alleged CONSPIRATOR.

**REQUEST FOR ADMISSION NO. 61:**

Admit that YOU have no EVIDENCE that Envision Peripherals, Inc. was at any time OWNED by any DEFENDANT or alleged CONSPIRATOR.

**REQUEST FOR ADMISSION NO. 62:**

Admit that YOU have no EVIDENCE that Envision Peripherals, Inc. was at any time CONTROLLED by any DEFENDANT or alleged CONSPIRATOR.

**REQUEST FOR ADMISSION NO. 63:**

Admit that YOU do not contend that Samsung Electronics Co., Ltd. made CRTs during the RELEVANT PERIOD.

**REQUEST FOR ADMISSION NO. 64:**

Admit that YOU do not contend that Samsung Electronics Co., Ltd. sold stand-alone CRTs during the RELEVANT PERIOD.

-12-

1  **REQUEST FOR ADMISSION NO. 65:**

2      Admit that YOU do not contend that Samsung Electronics America, Inc. made

3  CRTs during the RELEVANT PERIOD.

4  **REQUEST FOR ADMISSION NO. 66:**

5      Admit that YOU do not contend that Samsung Electronics America, Inc. sold stand-

6  alone CRTs during the RELEVANT PERIOD.

7  **REQUEST FOR ADMISSION NO. 67:**

8      Admit that YOU do not contend that Panasonic Corporation of North America

9  made CRTs during the RELEVANT PERIOD.

10  **REQUEST FOR ADMISSION NO. 68:**

11      Admit that YOU do not contend that Panasonic Corporation of North America sold

12  stand-alone CRTs during the RELEVANT PERIOD.

13  **REQUEST FOR ADMISSION NO. 69:**

14      Admit that YOU do not contend that Panasonic Consumer Electronics Co. made

15  CRTs during the RELEVANT PERIOD.

16  **REQUEST FOR ADMISSION NO. 70:**

17      Admit that YOU do not contend that Panasonic Consumer Electronics Co. sold

18  stand-alone CRTs during the RELEVANT PERIOD.

19  **REQUEST FOR ADMISSION NO. 71:**

20      Admit that YOU do not contend that Philips Electronics North America made CRTs

21  during the RELEVANT PERIOD.

22  **REQUEST FOR ADMISSION NO. 72:**

23      Admit that YOU do not contend that Philips Electronics North America sold stand-

24  alone CRTs during the RELEVANT PERIOD.

25  **REQUEST FOR ADMISSION NO. 73:**

26      Admit that YOU do not contend that Philips Consumer Electronics Co. made CRTs

27  during the RELEVANT PERIOD.

28                                        -13-

1    **REQUEST FOR ADMISSION NO. 74:**

2         Admit that YOU do not contend that Philips Consumer Electronics Co. sold stand-

3    alone CRTs during the RELEVANT PERIOD.

4    **REQUEST FOR ADMISSION NO. 75:**

5         Admit that YOU do not contend that Tatung Company of America, Inc. made CRTs

6    during the RELEVANT PERIOD.

7    **REQUEST FOR ADMISSION NO. 76:**

8         Admit that YOU do not contend that Tatung Company of America, Inc. sold stand-

9    alone CRTs during the RELEVANT PERIOD.

10   **REQUEST FOR ADMISSION NO. 77:**

11        Admit that YOU do not contend that Tatung Company made CRTs during the

12   RELEVANT PERIOD.

13   **REQUEST FOR ADMISSION NO. 78:**

14        Admit that YOU do not contend that Tatung Company sold stand-alone CRTs

15   during the RELEVANT PERIOD.

16   **REQUEST FOR ADMISSION NO. 79:**

17        Admit that YOU do not contend that Toshiba America Consumer Products LLC

18   made CRTs during the RELEVANT PERIOD.

19   **REQUEST FOR ADMISSION NO. 80:**

20        Admit that YOU do not contend that Toshiba America Consumer Products LLC

21   sold stand-alone CRTs during the RELEVANT PERIOD.

22   **REQUEST FOR ADMISSION NO. 81:**

23        Admit that YOU do not contend that Toshiba America Consumer Products, Inc.

24   made CRTs during the RELEVANT PERIOD.

25   **REQUEST FOR ADMISSION NO. 82:**

26        Admit that YOU do not contend that Toshiba America Consumer Products, Inc.

27   sold stand-alone CRTs during the RELEVANT PERIOD.

28                                                -14-

**REQUEST FOR ADMISSION NO. 83:**

Admit that, for each CRT PRODUCT purchase upon which YOU base YOUR claims, YOU have no EVIDENCE showing the manufacturer of the CRT used in that CRT PRODUCT.

**REQUEST FOR ADMISSION NO. 84:**

Admit that YOU do not seek to recover for any purchase of a CRT PRODUCT containing a CRT made by a non-alleged-CONSPIRATOR.

**REQUEST FOR ADMISSION NO. 85:**

Admit that YOU do not seek to recover for any purchase of a CRT PRODUCT that was made by an independent entity that was not OWNED or CONTROLLED by a DEFENDANT or alleged CONSPIRATOR.

**REQUEST FOR ADMISSION NO. 86:**

Admit that YOU do not seek to recover for damages – on behalf of YOURSELF or any purported class member – based on purchases of projection televisions.

**REQUEST FOR ADMISSION NO. 87:**

Admit that YOU do not seek to recover for damages – on behalf of YOURSELF or any purported class member – based on purchases of picture tubes made for use in projection televisions.

**REQUEST FOR ADMISSION NO. 88:**

Admit that YOU have no EVIDENCE that DEFENDANTS agreed to fix prices, control supply or allocate markets for pictures tubes made for use in projection televisions.

**REQUEST FOR ADMISSION NO. 89:**

Admit that the term "CRT" as used in the COMPLAINT does not encompass picture tubes made for use in projection televisions.

**REQUEST FOR ADMISSION NO. 90:**

Admit that picture tubes made for use in projection televisions were not substitutable with CRTs made for use in direct view televisions.

-15-

1

2   DATED:  May 8, 2013

3                               SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

4

5                        By                */s/ Tyler M. Cunningham*

6                                 TYLER M. CUNNINGHAM

7                              Attorneys for Defendants

8                        SAMSUNG SDI AMERICA, INC.,
                           SAMSUNG SDI CO., LTD.,

9             SAMSUNG SDI (MALAYSIA) SDN. BHD.,
            SAMSUNG SDI MEXICO S.A. DE C.V.,

10                SAMSUNG SDI BRASIL LTDA.,
           SHENZEN SAMSUNG SDI CO., LTD. and

11              TIANJIN SAMSUNG SDI CO., LTD.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                 -16-

# Exhibit 37



**GEOTEXT**
Translations, Inc.

STATE OF NEW YORK        )
                         )        ss
                         )
COUNTY OF NEW YORK       )

## CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true

and accurate translation from Korean into English of the attached Decision of the Korea Fair

Trade Commission in Case Number 2010GookKa2368.

Ken Hetzel, Project Manager
Geotext Translations, Inc.

Sworn to and subscribed before me

this 21st day of August, 20 12

KRISTEN DUFFY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01DU6121852
Qualified in Queens County
My Commission Expires January 31, 2013

New York  259 West 30th Street, 17th Floor, New York, NY 10001, U.S.A. tel +1.212.631.7432 fax +1.212.631.7778
San Francisco  220 Montgomery Street Ste. 436, San Francisco CA 94104 U.S.A tel +1.415.576.9500 fax +1.415.520.0525
Washington 1025 Connecticut Avenue, Suite 1000, Washington, DC 20036, U.S.A. Tel +1.202.828.1267 Fax +1.202.828.1271
London  8-11 St. John's Lane, London EC1M 4BF, United Kingdom Tel +44.20.7553.4100 Fax+44.20.7990.9909
Paris 75 Boulevard Haussmann, F- 75008 Paris, France tel +33.1.42.68.51.47 fax +33.1.77.72.90.25
Hong Kong  20th Floor, Central Tower, 28 Queen's Road, Central, Hong Kong tel +852.2159.9143 fax +652.3010.0082
translations@geotext.com  I  www.geotext.com

TRANSLATION

 Pursuing Fair Society Together! Evermore hope for Republic of Korea

Korea Fair Trade Commission      **Korea Fair Trade Commission**

| | |
|---|---|
| Recipient (Via) | Apex Company, agent for Samsung SDI Ltd. Co. |
| Subject | Notice of decision regarding the case |

Case Number : 2010GookKa2368

Case Title : Improper joint actions by six color TV CRT manufacturers

    This is to notify that the above case was dismissed as it is clear of suspicion pursuant to Article 47 of the Rules on Korea Fair Trade Commission's Conduct of Meetings and Case Resolution Procedures (Fair Trade Commission Notice 2011-8, 2011.9.7).  End.

**Korea Fair Trade Commission** [seal:] Korea Fair Trade Commission

Arbitrary Decision 11/29
Administrative staff  Lee Jung-won   Manager   Yoon Soo-hyun

Cooperating person
Implementation International Cartel Department-391      (2011. 11. 29.)       Filed
Postal Code  137-966  Seoul Seochogu Banpodaero 217,  Fair Trade Commission      / www.ftc.go.kr
Phone 02-2023-4474   Fax  02-2023-4477      / smarta23@korea.kr           / Not publicly disclosed (7)

함께하는 공정사회! 더 큰 희망 대한민국



# 공정거래위원회

수신자   삼성 SDI (주)의 대리인 법무법인 에이펙스
(경유)

제목   사건 조치내용 통지

───────────────────────────────

사건 번호 : 2010국카2368

사건명 : 6개 컬러 TV용 브라운관 제조 사업자의 부당한 공동행위에 대한 건

　　위 건에 대해 「공정거래위원회 회의운영 및 사건처리절차 등에 관한 규칙」(공정
거래위원회 고시 제2011-8호, 2011.9.7.) 제47조에 따라 무혐의조치 하였음을 알려드립
니다. 끝.



공정거래위원회

행정사무관   이정원   과장   전결 11/29
　　　　　　　　　　　　　　　　윤수현
협조자

시행 국제카르텔과-391   (2011. 11. 29.)   접수
우 137-966   서울시 서초구 반포대로 217번지 공정거래위원회   / www.ftc.go.kr
전화 02-2023-4474   전송 02-2023-4477   / smarta23@korea.kr   / 비공개(7)

# Exhibit 38
# [SUBMITTED
# UNDER SEAL]

# Exhibit 39

# SAVERI & SAVERI, INC.

706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

September 9, 2013

*VIA EMAIL*

Tyler Cunningham
Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111

      Re:    *In Re: Cathode Ray Tubes (CRT) Antitrust Litigation,* **MDL 1917**

Dear Tyler:

We were surprised at the assertion in the Samsung SDI Defendants' Status Conference Statement that they have a pending motion to compel against Direct Purchaser Plaintiffs ("DPPs"), and that DPPs' response is due today.

First, as we read the Court's order of August 29 discharging Special Master Legge (Docket 1880), discovery motions must now be filed in front of Judge Conti in the ordinary course. You have not done so. Moreover, the letter brief filed on August 23 does not comport with the requirements for motions to compel. *See, e.g.,* Local Rule 37-2 (motion to compel must set forth each discovery request, response and reasons response is inadequate). *See also generally* Local Rules 7-1, 7-2, 7-4 (format).

Second, even on the doubtful assumption that the procedures applicable to proceedings in front of the Special Master are still in effect, your representation that DPPs' response is due today is not correct. The Order of June 3, 2010 provides:

> Procedures were established for the resolution of discovery disputes by the Special Master. There must first be a meet and confer between the parties. If that does not resolve the dispute, any party can raise a discovery issue with the Special Master by letter. The Special Master will then decide how to handle the request procedurally, either through an informal conference, briefing, or a noticed motion.

(Dkt. No. 724; reaffirmed by Court by Order of April 25, 2011 (Dkt. No. 906)). By letter to Judge Legge of August 27, 2013, DPPs requested a conference to establish a briefing schedule if your clients insisted on proceeding with the motion despite the supplemental responses DPPs served on August 26, 2013. The Court's Order discharging Judge Legge

Tyler Cunningham
September 9, 2013
Page 2

meant that no such conference occurred, and, therefore, no briefing schedule was established.

Third, as noted in my letter of August 27, DPPs believe that, in any event, your clients have not properly met and conferred in light of the supplemental responses DPPs served on August 26, and that, therefore, the motion is improper. We are (and have been since at least August 27) ready and willing to meet and confer. We point out that, thus far, your clients have not agreed to narrow their discovery requests to address DPPs' objections in any material way.

Please let me know how you would like to proceed.

Sincerely,

Geoffrey C. Rushing

cc:    James McGinnis, Gary Halling, Michael Scarborough, Eliot Adelson

crt.617