United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944-SC |
| This Order Relates To: | ORDER ADOPTING AS MODIFIED ISM'S REPORT AND RECOMMENDATION ON DIRECT ACTION PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS |
| ALL DIRECT PURCHASER ACTIONS | |

## I.  INTRODUCTION

Now before the Court is the Direct Action Plaintiffs' ("DAPs") motion to adopt the Interim Special Master's ("ISM") Report and Recommendation on the DAPs' Motion for Leave to File Amended Complaints, which concerned whether the DAPs could add two new defendants to their complaints and include certain other factual allegations.  ECF Nos. 1751 ("R&R"), 1772 ("Mot.").  Putative defendants Thomson[1] and Mitsubishi[2] oppose the motion to adopt.

_____

[1] Technicolor USA ((f.k.a. Thomson Consumer Electronics, Inc.) and Technicolor S.A. (f.k.a. Thomson S.A.) (collectively "Thomson").

[2] Mitsubishi Electric US, Inc. and Mitsubishi Digital Electronics Americas, Inc. (collectively "Mitsubishi").

1    ECF Nos. 1773 ("Thomson Obj'ns"), 1774 ("Mitsubishi Obj'ns").  The

2    matter is fully briefed, ECF No. 1782 ("Reply"), and appropriate

3    for decision without oral argument, Civ. L.R. 7-1(b).  As explained

4    below, the Court GRANTS in part and DENIES in part the DAPs' motion

5    and ADOPTS the R&R as modified.

6

7    **II.    BACKGROUND**

8         The parties know the facts of this case.  A brief procedural

9    summary follows.  The DAPs filed their complaints in November 2011.

10   They did not name Thomson or Mitsubishi as defendants in those

11   pleadings.  The DAPs claim that sometime after the Indirect

12   Purchaser Plaintiffs ("IPPs") filed their own motion for leave to

13   file amended complaints in August 2012, the DAPs examined their

14   files and learned of facts that, in their estimation, merited

15   adding Thomson and Mitsubishi as defendants in the DAP complaints.

16   See ECF No. 1609 ("Mot. for Leave") at 2-6; ECF No. 1610 ("Weiss

17   Decl.") ¶¶ 2-4.  They also learned of facts meriting the addition

18   of non-party Videocon Industries, Ltd. ("Videocon") as a non-party

19   co-conspirator, and the addition of non-parties Samsung[3] and

20   Panasonic[4] as defendants only in DAP Costco Wholesale Corp.'s

21   complaint.  Mot. for Leave at 6-7.  On March 27, 2013, the DAPs

22   filed the underlying motion for leave to file amended complaints.

23   On June 28, 2013, the ISM recommended that the Court grant the

24   _____

25   [3] Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI
     Mexico S.A. de C.V.; Samsung SDI Brazil Ltda.; Shenzhen Samsung SDI
26   Co., Ltd; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia)
     Sdn. Bhd. (collectively "Samsung").

27   [4] Panasonic Corp.; Panasonic Corp. of North America; MT Picture
     Display, Co., Ltd.; Matsushita Electronic Corp.; (Malaysia) Sdn.
28   Bhd.; and Panasonic Consumer Electronics Co. (collectively
     "Panasonic").

**United States District Court**
For the Northern District of California

motion and give the DAPs leave to amend their complaints on the following points:

- To add Thomson and Mitsubishi as defendants;

- To add Videocon as a non-party co-conspirator;

- To add Samsung and Panasonic as defendants in the Costco complaint; and

- To add additional allegations relevant to American Pipe, cross-jurisdictional, and government action tolling.

R&R at 8-9.

Thomson and Mitsubishi now oppose the recommendation that the DAPs be given leave to add them as defendants.  Neither they nor any other party opposed any of the ISM's other recommendations.

## III.  LEGAL STANDARD

### A.  Standard of Review for the R&R

The Court reviews the Special Master's factual findings for clear error, his legal conclusions de novo, and his procedural decisions for abuse of discretion.  Fed. R. Civ. P. 53(f)(3)-(4); ECF No. 302 ("Order Appointing Special Master") ¶ 18.

### B.  Leave to Amend

Federal Rule of Civil Procedure 15(a) states that a court has discretion to allow a party to amend its pleading at any time, and that permission to amend should be "freely given when justice so requires."  Permission is to be granted with "extreme liberality," and may be denied only upon grounds of undue delay, prejudice, bad faith, or futility.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962), for factors relevant to denial of permission to

United States District Court
For the Northern District of California

1   amend); <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir.

2   1987) (liberal standard applies even when amendment would "add new

3   causes of actions or parties").

4

5   **IV.   <u>DISCUSSION</u>**

6        **A.   <u>Adding Thomson and Mitsubishi as Parties</u>**

7        Thomson contends that the Special Master erred in recommending

8   that the Court grant the DAPs leave to add Thomson as a defendant.

9   Thomson argues that at this late date in the litigation, it would

10  suffer undue prejudice because the scheduling order that was

11  current during this round of briefing would give Thomson far less

12  time than any other defendant to prepare for trial.  Thomson Obj'ns

13  at 4-5.  The DAPs reply that the ISM correctly concluded that, in

14  its papers and at the hearing on this motion, Thomson failed to

15  establish undue prejudice, because (1) Thomson has known about this

16  MDL's actions since at least 2008, and has participated in the case

17  since August 2012, after the IPPs sought to add it as a defendant;

18  and (2) Thomson has been a defendant in a DAP opt-out complaint

19  since March 2013 and therefore faces the same scheduling issues as

20  it would face here.  <u>See</u> Reply at 4-10; R&R at 6-7.

21       Mitsubishi's argument that the ISM erred is essentially the

22  same as Thomson's.  The difference is that Mitsubishi has never

23  been a party to any case in this MDL, nor has it been the target of

24  any government investigation.  Mitsubishi contends that putting it

25  on the same tight schedule as the other parties, without the

26  benefit of its having been in some way acquainted with or a

27  participant in the litigation, as Thomson has, would subject it to

28  undue prejudice.  Mitsubishi Obj'ns at 4-7.  The DAPs respond that

**United States District Court**
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1   Mitsubishi made similar arguments about prejudice when the IPPs

2   moved to add Mitsubishi as defendants, and this case's former

3   Special Master rejected those contentions.  See Reply at 4

4   (referring to ECF No. 1453 ("IPP Mot. R&R")).

5       As the DAPs note, the ISM relied on the IPP Motion's R&R --

6   and Mitsubishi's 2011 tolling agreement with the IPPs -- in

7   concluding that Mitsubishi will have preserved relevant documents

8   and is not now in a materially different position, relative to this

9   litigation, than it was when the IPP Motion's R&R issued in

10  November 2012.  On this point, the DAPs state that discovery is

11  still in its early stages, with months left to go.  Reply at 7.

12  The DAPs add that expecting Mitsubishi to adhere to basic

13  litigation requirements, if it were added to the case, would not be

14  unjust, and that Mitsubishi would benefit from the other

15  defendants' hard work on this case so far.  Id. at 5-6.

16      The Court finds that the ISM erred in granting the DAPs'

17  request to add Thomson and Mitsubishi as Defendants.  Mitsubishi

18  has never been connected with this case in any substantial way, and

19  the Court never adopted the IPP Motion's R&R.  Discovery in this

20  case has proceeded apace, and forcing Mitsubishi to enter

21  litigation now would put it at an unfair, prejudicial disadvantage.

22  The Court finds that the ISM's recommendation to grant leave to add

23  Mitsubishi as a defendant was not reasonably justifiable under the

24  circumstances.  See Harman v. Apfel, 211 F.3d 1172, 1175 (9th Cir.

25  2000).  The Court finds the same as to Thomson: the DAPs had ample

26  time to add Thomson to their complaints without delay or prejudice,

27  but they did not.  The DAPs and the ISM overstated the extent of

28  Thomson's involvement in this matter.  It has not been much greater

United States District Court
For the Northern District of California

than Mitsubishi's, and to reward delay with amendment in this case is not justifiable.  Harman, 211 F.3d at 1175.  The Court recognizes that the deadlines the parties discussed in this round of briefing may change, subject to the revised scheduling orders the parties were told to file after the September 13 status conference, but the Court does not anticipate protracting this litigation for too long.  Thomson and Mitsubishi's contentions about the harshness of imposing this case's schedule on them therefore stand.

The Court respectfully declines to adopt the ISM's recommendation on this point and DENIES the DAPs' motion as to Mitsubishi and Thomson.

**B.  Other Amendments**

No party objected to the ISM's other recommendations.  The Court finds them well-reasoned and proper and ADOPTS them without modification.

As for the DAPs' request to add allegations concerning American Pipe, cross-jurisdictional, or government action tolling: the Court declined to address those issues in its August 21, 2013 Order on the above-captioned Defendants' Motion to Dismiss the DAPs' Complaints, ECF No. 1856 ("Aug. 21 Order"), but the Court does not find that the August 21 Order mooted those tolling questions.  Since they are potentially relevant later, the Court ADOPTS the ISM's recommendation that the DAPs be given leave to amend on those points.

**C.  Scheduling**

The parties are surely aware that the August 21 Order gave the DAPs leave to amend their complaints on certain other grounds not

6

addressed in this Order.  The DAPs should keep the August 21

Order's grants in mind as they file their amended complaints.

**V.   CONCLUSION**

     As explained above, the Court ADOPTS as modified the ISM's

Report and Recommendation on the Direct Action Plaintiffs' motion

for leave to file amended complaints.  The DAPs may file amended

complaints pursuant to the ISM's recommendations, subject to the

modifications the Court made above.  The Court respectfully

declines to adopt the ISM's recommendation as to the addition of

Thomson and Mitsubishi as new defendants.  As explained above, the

DAPs' motion to file amended complaints adding those Defendants is

DENIED.


     IT IS SO ORDERED.


     Dated: September  26 , 2013          _____

                                          UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

7