IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944-SC |
| This Order Relates To: | ORDER GRANTING MOTION TO DISMISS |
| Case No. C-13-1173 SC | |
| SHARP ELECTRONICS CORP. and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC., | |
| Plaintiffs | |
| v. | |
| HITACHI LTD., et al, | |
| Defendants. | |

## I. INTRODUCTION

Now before the Court is Defendant Thomson Consumer Electronics, Inc.'s ("Defendant" or "Thomson Consumer") Rule 12(b)(6) motion to dismiss Plaintiffs Sharp Electronics Corp. and Sharp Electronics Manufacturing Co. of America, Inc.'s ("Plaintiffs") complaint. ECF Nos. 1 ("Compl."), 30 ("MTD"). The motion is fully briefed. ECF Nos. 34 ("Opp'n"), 38 ("Reply").

1  Plaintiffs also filed an unopposed request for judicial notice, ECF
2  No. 34-1 ("RJN"), which the Court GRANTS under Federal Rule of
3  Evidence 201.  Finding this matter suitable for disposition without
4  oral argument, Civ. L.R. 7-1(b), the Court GRANTS Defendant's
5  motion to dismiss Plaintiffs' complaint for the reasons explained
6  below.

**II.   BACKGROUND**

The parties are familiar with the general facts of this case, which is an antitrust action concerning the alleged price-fixing of cathode-ray tubes ("CRTs").  A brief factual summary relevant to the instant motion follows.

Defendant is a Delaware corporation with its principal place of business in Indianapolis, Indiana.  Compl. ¶ 73.  It is a wholly owned subsidiary of the French corporation Thomson S.A.  Id. ¶¶ 72-73.  Defendant used to manufacture CRTs out of several United States-based plants, but in 2004, Thomson S.A. closed those plants, and in 2005, it sold its CRT business to Videocon Industries, Ltd. ("Videocon").  Id. ¶ 72.  Plaintiffs allege that Defendant participated in an international conspiracy to fix the prices of CRTs, see id. ¶¶ 2, 72-73, specifying that both Thomson Consumer and Thomson S.A. actually participated in conspiratorial meetings and joined the relevant price-fixing agreements "[b]etween at least 1996 and 2005," id. ¶¶ 187-88.  According to Plaintiffs, "[Thomson Consumer and Thomson S.A.] never effectively withdrew from this conspiracy."  Id. ¶ 187.

Defendant now moves to dismiss Plaintiffs' complaint, arguing among other things that it fails to state a plausible claim and

fails to meet the heightened pleading standards of Rule 9(b). Plaintiffs oppose this motion.

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff alleging fraud "must state with

3

particularity the circumstances constituting fraud." See <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009). "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." <u>United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks and citations omitted).

**IV. DISCUSSION**

    **A. Rules 8 and 9**

Plaintiffs' allegations against Defendant fail under Rules 8 and 9(b). In making this conclusion, the Court relies on a close reading of Plaintiffs' complaint and controlling Supreme Court precedent. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679. In <u>Twombly</u>, an antitrust case, the Supreme Court noted that:

> Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.... [A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice.

550 U.S. at 556.

At this point in this litigation, Plaintiffs simply fail to elucidate why and how Defendant should be part of this case. In a

4

287-paragraph complaint, filed six years after this MDL's inception, Plaintiffs fail to plead sufficient facts either to render their claims against Defendant plausible or to satisfy the heightened pleading standards of Rule 9(b). Plaintiffs' allegations about Defendant's purportedly actionable behavior state only that Defendant was involved in the CRT business from around 1995 until 2005, after which it sold its CRT business to a different entity, whose connections to Defendant are never made clear. See Compl. ¶¶ 72-73. Beyond that, Plaintiffs provide only the barest possible pleadings that Defendant participated in the conspiracy to some extent, and that Defendant purportedly "never withdrew" from these dealings. Id. ¶¶ 187-88.

So many years after this MDL's inception, Plaintiffs should be able to provide something more than boilerplate allegations about alleged conspirators. The Court does not find that rote comparison of this complaint's basic allegations to older, established complaints can render Plaintiffs' allegations plausible. Plaintiffs are not wrong that, in the past, the Court has permitted other plaintiffs to proceed not with detailed, defendant-by-defendant allegations but with more general -- but still plausible -- contentions that each defendant participated in the alleged conspiracy. See Opp'n at 5-6 (citing In re Cathode Ray Tube (CRT) Antitrust Litig., 738 F. Supp. 2d 1011, 1017 (N.D. Cal. 2010)).

However, the situation that confronted the Court's judicial experience and common sense in 2010 is not entirely comparable to this case's posture, presented three years later. Plaintiffs participated in but opted out of other class actions in the MDL. See Compl. ¶ 220. Plaintiffs also claim to have "gained access to

5

discovery . . . " that led to "direct evidence that Thomson SA and Thomson Consumer participated in bilateral and multilateral meetings with CRT co-conspirators." Opp'n at 5. If these claims are true, the Court cannot see why Plaintiffs did not plead anything beyond threadbare allegations and legal conclusions. <u>See</u> <u>Twombly</u>, 550 U.S. at 555. The Court recognizes the difficulty of pleading certain facts in complex, global antitrust cases, but the Court does not find that meeting the pleading standards of Rules 8 and 9(b) is insurmountable when, according to Plaintiffs' own words, they have evidence of Defendant's wrongdoing and have been involved in this case for years.

Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiffs' claims. Plaintiffs have leave to amend its complaint to meet the pleading standards of Rules 8 and 9(b).

**B.  The Stay of Discovery**

The parties also dispute the case's former Special Master's decision to stay discovery in this matter. <u>See</u> ECF Nos. 1820 ("Stay"), 1839 ("Obj'ns to Stay"), 1866 ("Resp. to Obj'ns"), 1889 ("Reply"). The Special Master stayed discovery until resolution of Defendant's motion to dismiss, noting that the parties could request consideration of the stay after that point. Stay at 2-3. Even so, the parties briefed responses to the Stay before the Court decided the motion to dismiss. The Court does not find those briefs helpful at this point, since they address arguments about dismissal that the Court declined to address in this Order. Further, given the present failure of Plaintiffs to state a plausible claim against Defendant, the Court does not see a good reason to lift the stay. As the Special Master ordered, under his

6

authority to control discovery, the parties may request reconsideration of the stay now that the Court has issued its order on Defendant's motion to dismiss.

### V. CONCLUSION

As explained above, the Court GRANTS Defendant Thomson Consumer Electronics, Inc.'s motion to dismiss Plaintiffs Sharp Electronics Corp. and Sharp Electronics Manufacturing Co. of America, Inc.'s complaint. Plaintiffs have thirty (30) days from this Order's signature date to file an amended complaint. Failure to do so may result in dismissal of their claims against Defendant with prejudice.

IT IS SO ORDERED.

Dated: September 26, 2013

UNITED STATES DISTRICT JUDGE