United States District Court
For the Northern District of California

1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7           FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   IN RE: CATHODE RAY TUBE (CRT)    )  MDL No. 1917
    ANTITRUST LITIGATION              )
10                                     )  Case No. C-07-5944-SC
    _____)
11                                     )  ORDER GRANTING MOTION TO
    This Order Relates To:            )  DISMISS
12                                     )
      Case No. C-13-1173 SC           )
13                                     )
      SHARP ELECTRONICS CORP. and     )
14    SHARP ELECTRONICS MANUFACTURING )
      COMPANY OF AMERICA, INC.,       )
15                                     )
                      Plaintiffs      )
16                                     )
            v.                        )
17                                     )
      HITACHI LTD., et al,            )
18                                     )
                      Defendants.     )
19  _____)

20

21

22  I.    **INTRODUCTION**

23        Now before the Court is Defendant Thomson Consumer

24  Electronics, Inc.'s ("Defendant" or "Thomson Consumer") Rule

25  12(b)(6) motion to dismiss Plaintiffs Sharp Electronics Corp. and

26  Sharp Electronics Manufacturing Co. of America, Inc.'s

27  ("Plaintiffs") complaint.  ECF Nos. 1 ("Compl."), 30 ("MTD").  The

28  motion is fully briefed.  ECF Nos. 34 ("Opp'n"), 38 ("Reply").

**United States District Court**
For the Northern District of California

Plaintiffs also filed an unopposed request for judicial notice, ECF No. 34-1 ("RJN"), which the Court GRANTS under Federal Rule of Evidence 201.  Finding this matter suitable for disposition without oral argument, Civ. L.R. 7-1(b), the Court GRANTS Defendant's motion to dismiss Plaintiffs' complaint for the reasons explained below.

## II.    BACKGROUND

The parties are familiar with the general facts of this case, which is an antitrust action concerning the alleged price-fixing of cathode-ray tubes ("CRTs").  A brief factual summary relevant to the instant motion follows.

Defendant is a Delaware corporation with its principal place of business in Indianapolis, Indiana.  Compl. ¶ 73.  It is a wholly owned subsidiary of the French corporation Thomson S.A.  Id. ¶¶ 72-73.  Defendant used to manufacture CRTs out of several United States-based plants, but in 2004, Thomson S.A. closed those plants, and in 2005, it sold its CRT business to Videocon Industries, Ltd. ("Videocon").  Id. ¶ 72.  Plaintiffs allege that Defendant participated in an international conspiracy to fix the prices of CRTs, see id. ¶¶ 2, 72-73, specifying that both Thomson Consumer and Thomson S.A. actually participated in conspiratorial meetings and joined the relevant price-fixing agreements "[b]etween at least 1996 and 2005," id. ¶¶ 187-88.  According to Plaintiffs, "[Thomson Consumer and Thomson S.A.] never effectively withdrew from this conspiracy."  Id. ¶ 187.

Defendant now moves to dismiss Plaintiffs' complaint, arguing among other things that it fails to state a plausible claim and

1  fails to meet the heightened pleading standards of Rule 9(b).
2  Plaintiffs oppose this motion.

3

4  **III.   LEGAL STANDARD**

5       A motion to dismiss under Federal Rule of Civil Procedure
6  12(b)(6) "tests the legal sufficiency of a claim." Navarro v.
7  Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based
8  on the lack of a cognizable legal theory or the absence of
9  sufficient facts alleged under a cognizable legal theory."
10 Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
11 1988).  "When there are well-pleaded factual allegations, a court
12 should assume their veracity and then determine whether they
13 plausibly give rise to an entitlement to relief." Ashcroft v.
14 Iqbal, 556 U.S. 662, 664 (2009).  However, "the tenet that a court
15 must accept as true all of the allegations contained in a complaint
16 is inapplicable to legal conclusions.  Threadbare recitals of the
17 elements of a cause of action, supported by mere conclusory
18 statements, do not suffice." Id. at 678 (citing Bell Atl. Corp. v.
19 Twombly, 550 U.S. 544, 555 (2007)).  The allegations made in a
20 complaint must be both "sufficiently detailed to give fair notice
21 to the opposing party of the nature of the claim so that the party
22 may effectively defend against it" and "sufficiently plausible"
23 such that "it is not unfair to require the opposing party to be
24 subjected to the expense of discovery." Starr v. Baca, 652 F.3d
25 1202, 1216 (9th Cir. 2011).

26      Claims sounding in fraud are subject to the heightened
27 pleading requirements of Federal Rule of Civil Procedure 9(b),
28 which requires that a plaintiff alleging fraud "must state with

particularity the circumstances constituting fraud." <u>See</u> <u>Kearns v.</u>
<u>Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009).  "To satisfy
Rule 9(b), a pleading must identify the who, what, when, where, and
how of the misconduct charged, as well as what is false or
misleading about [the purportedly fraudulent] statement, and why it
is false." <u>United States ex rel Cafasso v. Gen. Dynamics C4 Sys.,</u>
<u>Inc.</u>, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks
and citations omitted).

IV.   **DISCUSSION**

    A.   **Rules 8 and 9**

    Plaintiffs' allegations against Defendant fail under Rules 8
and 9(b).  In making this conclusion, the Court relies on a close
reading of Plaintiffs' complaint and controlling Supreme Court
precedent.  "Determining whether a complaint states a plausible
claim for relief will . . . be a context-specific task that
requires the reviewing court to draw on its judicial experience and
common sense." <u>Iqbal</u>, 556 U.S. at 679.  In <u>Twombly</u>, an antitrust
case, the Supreme Court noted that:

> Asking for plausible grounds to infer an
> agreement does not impose a probability
> requirement at the pleading stage; it simply
> calls for enough fact [s] to raise a
> reasonable expectation that discovery will
> reveal evidence of illegal agreement....
> [A]n allegation of parallel conduct and a
> bare assertion of conspiracy will not
> suffice.

550 U.S. at 556.

    At this point in this litigation, Plaintiffs simply fail to
elucidate why and how Defendant should be part of this case.  In a

4

1   287-paragraph complaint, filed six years after this MDL's

2   inception, Plaintiffs fail to plead sufficient facts either to

3   render their claims against Defendant plausible or to satisfy the

4   heightened pleading standards of Rule 9(b).  Plaintiffs'

5   allegations about Defendant's purportedly actionable behavior state

6   only that Defendant was involved in the CRT business from around

7   1995 until 2005, after which it sold its CRT business to a

8   different entity, whose connections to Defendant are never made

9   clear.  See Compl. ¶¶ 72-73.  Beyond that, Plaintiffs provide only

10  the barest possible pleadings that Defendant participated in the

11  conspiracy to some extent, and that Defendant purportedly "never

12  withdrew" from these dealings.  Id. ¶¶ 187-88.

13       So many years after this MDL's inception, Plaintiffs should be

14  able to provide something more than boilerplate allegations about

15  alleged conspirators.  The Court does not find that rote comparison

16  of this complaint's basic allegations to older, established

17  complaints can render Plaintiffs' allegations plausible.

18  Plaintiffs are not wrong that, in the past, the Court has permitted

19  other plaintiffs to proceed not with detailed, defendant-by-

20  defendant allegations but with more general -- but still plausible

21  -- contentions that each defendant participated in the alleged

22  conspiracy.  See Opp'n at 5-6 (citing In re Cathode Ray Tube (CRT)

23  Antitrust Litig., 738 F. Supp. 2d 1011, 1017 (N.D. Cal. 2010)).

24       However, the situation that confronted the Court's judicial

25  experience and common sense in 2010 is not entirely comparable to

26  this case's posture, presented three years later.  Plaintiffs

27  participated in but opted out of other class actions in the MDL.

28  See Compl. ¶ 220.  Plaintiffs also claim to have "gained access to

**United States District Court**
For the Northern District of California

1  discovery . . . " that led to "direct evidence that Thomson SA and

2  Thomson Consumer participated in bilateral and multilateral

3  meetings with CRT co-conspirators."  Opp'n at 5.  If these claims

4  are true, the Court cannot see why Plaintiffs did not plead

5  anything beyond threadbare allegations and legal conclusions.  See

6  Twombly, 550 U.S. at 555.  The Court recognizes the difficulty of

7  pleading certain facts in complex, global antitrust cases, but the

8  Court does not find that meeting the pleading standards of Rules 8

9  and 9(b) is insurmountable when, according to Plaintiffs' own

10  words, they have evidence of Defendant's wrongdoing and have been

11  involved in this case for years.

12      Accordingly, the Court GRANTS Defendant's motion to dismiss

13  Plaintiffs' claims.  Plaintiffs have leave to amend its complaint

14  to meet the pleading standards of Rules 8 and 9(b).

15      **B.    The Stay of Discovery**

16      The parties also dispute the case's former Special Master's

17  decision to stay discovery in this matter.  See ECF Nos. 1820

18  ("Stay"), 1839 ("Obj'ns to Stay"), 1866 ("Resp. to Obj'ns"), 1889

19  ("Reply").  The Special Master stayed discovery until resolution of

20  Defendant's motion to dismiss, noting that the parties could

21  request consideration of the stay after that point.  Stay at 2-3.

22  Even so, the parties briefed responses to the Stay before the Court

23  decided the motion to dismiss.  The Court does not find those

24  briefs helpful at this point, since they address arguments about

25  dismissal that the Court declined to address in this Order.

26  Further, given the present failure of Plaintiffs to state a

27  plausible claim against Defendant, the Court does not see a good

28  reason to lift the stay.  As the Special Master ordered, under his

authority to control discovery, the parties may request
reconsideration of the stay now that the Court has issued its order
on Defendant's motion to dismiss.

**V.    CONCLUSION**

     As explained above, the Court GRANTS Defendant Thomson
Consumer Electronics, Inc.'s motion to dismiss Plaintiffs Sharp
Electronics Corp. and Sharp Electronics Manufacturing Co. of
America, Inc.'s complaint.  Plaintiffs have thirty (30) days from
this Order's signature date to file an amended complaint.  Failure
to do so may result in dismissal of their claims against Defendant
with prejudice.

     IT IS SO ORDERED.

     Dated:   September 26, 2013

                                   _____
                                   UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

7