# WHITE & CASE

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807

Tel + 1 202 626 3600
Fax + 1 202 639 9355
whitecase.com

Direct Dial + 202 626 3696      alau@whitecase.com

September 30, 2013

VIA ECF

Honorable Samuel Conti
United States District Court
Northern District of California
Courtroom 1, 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94123

Re:   *In Re: Cathode Ray Tubes (CRT) Antitrust Litigation*, Case No. 07-5944 SC, MDL No. 1917 (N.D. Cal.):  Response to Indirect Purchaser Plaintiffs' Letter of September 25, 2013

Dear Judge Conti:

    We represent the Toshiba Defendants and write in response to the Indirect Purchaser Plaintiffs' ("IPPs") letter to you of September 25, 2013 (Dkt. No. 1954).

    As an initial matter, we were surprised at the timing and tone of the IPPs' letter, which was filed at the beginning of a three-day deposition involving a Toshiba witness and which suggested that an immediate response on the part of Your Honor was required.  That deposition is now complete and nothing occurred during the deposition that required the immediate attention of either Your Honor or a discovery magistrate.

    Having said that, we have no objection to the appointment of a discovery magistrate and agree that such a magistrate may prove useful to address discovery disputes in the first instance.  For example, we believe that a discovery magistrate would have been useful during last week's deposition to address the behavior of certain plaintiffs' counsel.  On more than one occasion during the deposition, counsel for the IPPs asked questions of the witness using hand gestures that appeared both intimidating and rude.  Another attorney (representing direct action plaintiff Dell) responded to certain of the witness's answers with giggles and scoffs.  Dell's attorney regularly engages in this type of conduct during depositions in this case.  We believe that such behavior is inappropriate and feel that the appointment of a discovery magistrate would assist in ensuring that all counsel follow proper decorum during depositions.  For our part, we would not overuse such a discovery magistrate, but would instead try to resolve these issues on our own.

Honorable Samuel Conti

September 30, 2013

For example, we may bring our own videographer to future depositions of Toshiba witnesses to record conduct of plaintiffs' counsel.

By their letter of September 25, 2013, the IPPs also discuss an issue that arose during the prior deposition of a Toshiba witness that was addressed by former Special Master Legge. During the call referenced by the IPPs, Judge Legge made certain comments about the scope of objections that are appropriate in a deposition (comments that we followed during last week's deposition). Judge Legge, however, specifically stated that it was impossible for him to rule on the propriety of any objections without reviewing the transcript or video. Judge Legge explained that plaintiffs' counsel could file a motion if they felt that the objections obstructed the deposition in any way, but cautioned the plaintiffs' counsel that they would be sanctioned if their obstruction claims turned out to be baseless. Plaintiffs' counsel did not file any such motion.

Sincerely,

Lucius B. Lau

LBL:akp

cc: All counsel via ECF