WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
BETHANY W. KRISTOVICH (State Bar No. 241891)
Bethany.Kristovich@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:      (213) 683-9100
Facsimile:      (213) 687-3702

HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
LAURA K. SULLIVAN (State Bar No. 281542)
Laura.Sullivan@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:      (415) 512-4000
Facsimile:      (415) 512-4077

Attorneys for LG ELECTRONICS, INC., LG
ELECRONICS USA, INC., AND LG
ELECTRONICS TAIWAN TAIPEI CO., LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| DELL INC. and DELL PRODUCTS L.P., | Case No. Master File No. 3:07-cv-05944-SC |
| Plaintiffs, | MDL NO. 1917 |
| vs. | Individual Case no. 3:13-cv-02171-SC |
| HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LG ELECTRONICS TAIWAN TAIPEI CO., LTD.; LP DISPLAYS INTERNATIONAL LTD.; MITSUBISHI ELECTRIC CORPORATION; MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.; MITSUBISHI ELECTRIC & | **ANSWER OF LG ELECTRONICS USA, INC. AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD TO FIRST AMENDED COMPLAINT BY DELL INC. AND DELL PRODUCTS LLP** |

21790549.1

ELECTRONICS, USA, INC.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; PHILIPS ELECTRONICS INDUSTRIES (TAIWAN), LTD.; PHILIPS DA AMAZONIA INDUSTRIA ELECTRONICA LTDA.; SAMSUNG SDI CO., LTD.; SAMSUNG SDI AMERICA, INC.; SAMSUNG SDI MEXICO S.A. DE C.V.; SAMSUNG SDI BRASIL LTDA; SHENZHEN SAMSUNG SDI CO., LTD.; TIANJIN SAMSUNG SDI CO., LTD.; SAMSUNG SDI (MALAYSIA) SDN. BHD.; SAMTEL COLOR LTD., THAICRT CO., LTD.; TECHNICOLOR SA; THOMSON SA; TECHNICOLOR USA, INC.; THOMSON CONSUMER ELECTRONICS, INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEM, INC.,

Defendants.

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

1          Defendants LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; and LG

2 ELECTRONICS TAIWAN TAIPEI CO., LTD. (the "LG Entities"), through undersigned counsel

3 hereby answer the allegations contained in the First Amended Complaint by Plaintiffs Dell Inc.

4 and Dell Products L.P. ("Dell") ("FAC").  Except as otherwise stated below, the LG Entities are

5 without sufficient knowledge or information to form a belief concerning the truth of the

6 allegations in the FAC that are directed toward other defendants.  The LG Entities response to the

7 allegations below are therefore limited to the truth or falsity of the allegations as they pertain to

8 the LG Entities only.  The LG Entities deny all allegations in the FAC (including headings and

9 captions) not specifically admitted in this Answer.

10        1.      The LG Entities deny the allegations contained in Paragraph 1.

11        2.      The LG Entities admit that numerous lawsuits have been brought within this multi-

12 district proceeding.  Except as so admitted, the LG Entities deny the allegations contained in

13 Paragraph 2.

14        3.      The LG Entities admit that during the Relevant Period, LG Electronics, Inc.

15 manufactured CPTs, CDTs, and CRT Products, as the terms are defined in this Paragraph.  The

16 LG Entities object to Plaintiffs' definition of "CRT Products," because this definition includes

17 products at different levels of the production chain and creates confusion in attempting to respond

18 to the allegations of the FAC, given that certain companies, including LG Electronics, Inc.

19 ("LGEI"), do not manufacture and sell cathode ray tubes, while other defendants (including LG

20 Electronics USA, Inc. ("LGEUSA") and LG Electronics Taiwan Taipei Co., Ltd.("LGETT")) do

21 not manufacture either cathode ray tubes or finished products (such as televisions or computer

22 monitors).

23        4.      The LG Entities lack knowledge or information sufficient to form a belief as to the

24 truth of the allegations contained in Paragraph 4 and on that basis deny those allegations.

25        5.      The LG Entities admit that during the Relevant Period, the business of

26 manufacturing and selling CRTs was under significant pressure due to changes in technologies

27 and customer preference, among other factors.  The LG Entities deny the remaining allegations

28 contained in Paragraph 5.

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

6.     The LG Entities deny the allegations contained in Paragraph 6.

7.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 7 as they pertain to the LG Entities.

8.     The LG Entities denies the allegations contained in Paragraph 8.

9.     Paragraph 9 recites actions of various governmental agencies that are matters of public record and no response is required.

10.    The LG Entities lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 10 and on that basis deny them.

11.    Paragraph 11 characterizes Dell's claims in the FAC and no response is required.

12.    The LG Entities admit that the court has subject matter jurisdiction over Dell's federal antitrust claims, if any, that satisfy the requirements of the Foreign Trade and Antitrust Improvement Act ("FTAIA").  Except as so admitted, the LG Entities deny the allegations contained in Paragraph 12.

13.    The LG Entities deny the allegations contained in Paragraph 13.

14.    Paragraph 14 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

15.    Paragraph 15 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

16.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis deny them.

17.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis deny them.

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

1      18.     Paragraph 18 describes the terminology used in the FAC and no response is

2   required.

3      19.     The LG Entities lack information or knowledge sufficient to form a belief as to the

4   truth of the allegations of Paragraph 19 and on that basis deny them.

5      20.     The LG Entities lack information or knowledge sufficient to form a belief as to the

6   truth of the allegations of Paragraph 20 and on that basis deny them.

7      21.     The LG Entities lack information or knowledge sufficient to form a belief as to the

8   truth of the allegations of Paragraph 21 and on that basis deny them.

9      22.     The LG Entities lack information or knowledge sufficient to form a belief as to the

10   truth of the allegations of Paragraph 22 and on that basis deny them.

11      23.     The LG Entities lack information or knowledge sufficient to form a belief as to the

12   truth of the allegations of Paragraph 23 and on that basis deny them.

13      24.     The LG Entities lack information or knowledge sufficient to form a belief as to the

14   truth of the allegations of Paragraph 24 and on that basis deny them.

15      25.     The LG Entities lack information or knowledge sufficient to form a belief as to the

16   truth of the allegations of Paragraph 25 and on that basis deny them.

17      26.     The LG Entities lack information or knowledge sufficient to form a belief as to the

18   truth of the allegations of Paragraph 26 and on that basis deny them.

19      27.     The LG Entities lack information or knowledge sufficient to form a belief as to the

20   truth of the allegations of Paragraph 27 and on that basis deny them.

21      28.     The LG Entities lack information or knowledge sufficient to form a belief as to the

22   truth of the allegations of Paragraph 28 and on that basis deny them.

23      29.     Paragraph 29 describes the terminology used in the FAC and no response is

24   required.

25      30.     The LG Entities lack information or knowledge sufficient to form a belief as to the

26   truth of the allegations of Paragraph 30 and on that basis deny them.

27      31.     The LG Entities lack information or knowledge sufficient to form a belief as to the

28   truth of the allegations of Paragraph 31 and on that basis deny them.

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

32.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 32 and on that basis deny them.

33.     Paragraph 33 describes the terminology used in the FAC and no response is required.

34.     The LG Entities admit that LGEI is a corporate entity organized under the laws of the Republic of Korea, and further admits the location of its headquarters as alleged in Paragraph 34.  LGEI admits that before July 2001, it spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays." Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 34.

35.     The LG Entities admit that LGEUSA is a Delaware corporation which is a wholly-owned subsidiary of LGEI and engaged in the marketing and sale of certain CRT Products during the Relevant Period, and the location of its headquarters as alleged in Paragraph 35.  Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 35.

36.     The LG Entities admit that LGETT is a corporate entity organized under the laws of Taiwan and is a wholly-owned subsidiary of LGEI.  Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 36.

37.     Paragraph 37 describes the terminology used in the FAC and no response is required.

38.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 38 and on that basis deny them.

39.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 39 and on that basis deny them.

40.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 40 and on that basis deny them.

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

1      41.     Paragraph 41 describes the terminology used in the FAC and no response is

2  required.

3      42.     The LG Entities admit that before July 2001, it spun off its CRT manufacturing and

4  sales operations to a separate company which, effective July 2001, became part of a newly-formed

5  entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as

6  a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to

7  as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP

8  Displays" and that LGEI's interest in LP Displays was transferred to various third parties in the

9  course of LP Displays' bankruptcy proceeding.  The remainder of the allegations of Paragraph 42

10  are not directed at the LG Entities and therefore no response is required.  To the extent that a

11  response is required, the LG Entities lack information or knowledge sufficient to form a belief as

12  to the truth of the remaining allegations of Paragraph 42 and on that basis deny them.

13      43.     The LG Entities admit that the new entity – called LPD – was formed as a Dutch

14  joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as

15  "Royal Phillips").  Except as so admitted, the LG Entities lack information or knowledge

16  sufficient to form a belief as to the truth of the allegations of Paragraph 43 and on that basis deny

17  them.

18      44.     The LG Entities lack information or knowledge sufficient to form a belief as to the

19  truth of the allegations of Paragraph 44 and on that basis deny them.

20      45.     The LG Entities lack information or knowledge sufficient to form a belief as to the

21  truth of the allegations of Paragraph 45 and on that basis deny them.

22      46.     The LG Entities lack information or knowledge sufficient to form a belief as to the

23  truth of the allegations of Paragraph 46 and on that basis deny them.

24      47.     Paragraph 47 describes the terminology used in the FAC and no response is

25  required.

26      48.     The LG Entities lack information or knowledge sufficient to form a belief as to the

27  truth of the allegations of Paragraph 48 and on that basis deny them.

28

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

1      49.     The LG Entities lack information or knowledge sufficient to form a belief as to the

2  truth of the allegations of Paragraph 49 and on that basis deny them.

3      50.     The LG Entities lack information or knowledge sufficient to form a belief as to the

4  truth of the allegations of Paragraph 50 and on that basis deny them.

5      51.     The LG Entities lack information or knowledge sufficient to form a belief as to the

6  truth of the allegations of Paragraph 51 and on that basis deny them.

7      52.     The LG Entities lack information or knowledge sufficient to form a belief as to the

8  truth of the allegations of Paragraph 52 and on that basis deny them.

9      53.     The LG Entities lack information or knowledge sufficient to form a belief as to the

10  truth of the allegations of Paragraph 53 and on that basis deny them.

11      54.     The LG Entities lack information or knowledge sufficient to form a belief as to the

12  truth of the allegations of Paragraph 54 and on that basis deny them.

13      55.     Paragraph 55 describes the terminology used in the FAC and no response is

14  required.

15      56.     The LG Entities lack information or knowledge sufficient to form a belief as to the

16  truth of the allegations of Paragraph 56 and on that basis deny them.

17      57.     The LG Entities lack information or knowledge sufficient to form a belief as to the

18  truth of the allegations of Paragraph 57 and on that basis deny them.

19      58.     The LG Entities lack information or knowledge sufficient to form a belief as to the

20  truth of the allegations of Paragraph 58 and on that basis deny them.

21      59.     The LG Entities lack information or knowledge sufficient to form a belief as to the

22  truth of the allegations of Paragraph 59 and on that basis deny them.

23      60.     Paragraph 60 describes the terminology used in the FAC and no response is

24  required.

25      61.     The LG Entities lack information or knowledge sufficient to form a belief as to the

26  truth of the allegations of Paragraph 61 and on that basis deny them.

27      62.     The LG Entities lack information or knowledge sufficient to form a belief as to the

28  truth of the allegations of Paragraph 62 and on that basis deny them.

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

63.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 63 and on that basis deny them.

64.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 64 and on that basis deny them.

65.     Paragraph 65 describes the terminology used in the FAC and no response is required.

66.     The LG Entities deny the allegations contained in Paragraph 66.

67.     The LG Entities deny the allegations contained in Paragraph 67.

68.     The LG Entities deny the allegations contained in Paragraph 68.

69.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 69 and on that basis deny them.

70.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 70 and on that basis deny them.

71.     Paragraph 71 describes the terminology used in the FAC and no response is required.

72.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 72 and on that basis deny them.

73.     Paragraph 73 describes the terminology used in the FAC and no response is required.

74.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 74 and on that basis deny them.

75.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 75 and on that basis deny them.

76.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 76 and on that basis deny them.

77.     The LG Entities deny the allegations contained in Paragraph 77.

78.     The LG Entities deny the allegations contained in Paragraph 78.

79.     The LG Entities deny the allegations contained in Paragraph 79.

80.     Paragraph 80 contains only legal conclusions to which no response is required.  To the extent that a response is required, the LG Entities deny the allegations.

81.     To the extent that Paragraph 81 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 81 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 81.

82.     To the extent that Paragraph 82 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 82 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 82.

83.     To the extent that Paragraph 83 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 83 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 83.

84.     To the extent that Paragraph 84 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 84 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 84.

85.     To the extent that Paragraph 85 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 85 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 85.

86.     To the extent that Paragraph 86 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 86 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 86.

87.     The LG Entities denies the allegations of Paragraph 87.

88.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 88 and on that basis deny them.

89.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 89 and on that basis deny them.

90.     The LG Entities deny the allegations of Paragraph 90.

91.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 91 and on that basis deny them.

92.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 92 as they pertain to the LG Entities.

93.     The LG Entities admit that it is a member of the Korea Display Industry Association.  To the extent that the remaining allegations contained in Paragraph 93 are directed to other  defendants, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and on that basis deny those allegations. To the extent that the remaining allegations contained in Paragraph 93 are directed to the LG Entities, they are denied.

94.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly formed entity known as LG.Philips Display Holding B.V. ("LPD"). This new entity – called LPD –was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V. (sometimes referred to as "Royal Philips"). In 2006, LPD went through a corporate restructuring and was renamed "LP Displays." To the extent that the remaining allegations contained in Paragraph 94 are directed to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and on that

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

1   basis deny those allegations. To the extent that the remaining allegations contained in Paragraph

2   94 are directed to the LG Entities, they are denied.

3          95.     The LG Entities deny the allegations contained in Paragraph 95.

4          96.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

5   and sales operations to a separate company which, effective July 2001, became part of a newly

6   formed entity known as LG.Philips Display Holding B.V. ("LPD"). This new entity – called LPD

7   –was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

8   (sometimes referred to as "Royal Philips"). In 2006, LPD went through a corporate restructuring

9   and was renamed "LP Displays." The LG Entities further admit that Hitachi, Ltd. and LG

10  Electronics Inc. formed a joint venture in 2000 for the development, design and marketing of

11  optical disk drives. The LG Entities further admit that in 1999, LG Electronics, Inc. entered into a

12  joint venture agreement with Koninklijke Philips Electronics N.V. with respect to the

13  manufacture, sale, and marketing of TFT-LCD panels.To the extent that the remaining allegations

14  contained in Paragraph 96 are directed to other defendants, the LG Entities lack knowledge or

15  information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96

16  and on that basis deny those allegations. To the extent that the remaining allegations contained in

17  Paragraph 96 are directed to the LG Entities, they are denied.

18         97.     The LG Entities admit that during the Relevant Period, the demand for CRTs was

19  declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

20  Paragraph 97.

21         98.     The LG Entities deny the allegations contained in Paragraph 98.

22         99.     The LG Entities deny the allegations contained in Paragraph 99.

23         100.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

24  declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

25  Paragraph 100.

26         101.    The LG Entities admit that CRTs were being rapidly replaced by TFT-LCD,

27  plasma and other display technologies between 2000 and 2006.  Except as so admitted, the LG

28  Entities deny the remaining allegations contained in Paragraph 101.

ANSWER OF LG ELECTRONICS et al.
                                          Master File No. 3:07-cv-05944-SC

1       102.    The LG Entities deny the allegations contained in Paragraph 102.

2       103.    The LG Entities lack information or knowledge sufficient to form a belief as to the

3 truth of the allegations of Paragraph 103 and on that basis deny them.

4       104.    The LG Entities lack information or knowledge sufficient to form a belief as to the

5 truth of the allegations of Paragraph 104 and on that basis deny them.

6       105.    The LG Entities deny the allegations contained in Paragraph 105.

7       106.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

8 CRT business had discussions with other CRT manufacturers about prices and output for certain

9 types and sizes of CRTs over specified periods time in certain geographic regions other than the

10 United States, such as sales to their common Taiwanese and Chinese computer monitor

11 manufacturer customers and South East Asian television manufacturers.  Except as specifically

12 admitted in the foregoing, the LG Entities deny the allegations of Paragraph 106 as they pertain to

13 the LG Entities.

14       107.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

15 CRT business had discussions with other CRT manufacturers about prices and output for certain

16 types and sizes of CRTs over specified periods time in certain geographic regions other than the

17 United States, such as sales to their common Taiwanese and Chinese computer monitor

18 manufacturer customers and South East Asian television manufacturers.  Except as specifically

19 admitted in the foregoing, the LG Entities deny the allegations of Paragraph 107 as they pertain to

20 the LG Entities.

21       108.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

22 CRT business had discussions with other CRT manufacturers about prices and output for certain

23 types and sizes of CRTs over specified periods time in certain geographic regions other than the

24 United States, such as sales to their common Taiwanese and Chinese computer monitor

25 manufacturer customers and South East Asian television manufacturers.  Except as specifically

26 admitted in the foregoing, the LG Entities deny the allegations of Paragraph 108 as they pertain to

27 the LG Entities.

28       109.    The LG Entities deny the allegations contained in Paragraph 109.

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

110.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  The LGE Entities further admit that some of the meetings at which such discussions occurred were sometimes referred to by some participants as "glass meetings."  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 110 as they pertain to the LG Entities.

111.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 111 as they pertain to the LG Entities.

112.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 112 as they pertain to the LG Entities.

113.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  Except as specifically

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

1    admitted in the foregoing, the LG Entities deny the allegations of Paragraph 113 as they pertain to

2    the LG Entities.

3         114.    The allegations of Paragraph 114 are directed to other defendants, and the LG

4    Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations

5    of Paragraph 114 and on that basis deny them.

6         115.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

7    CRT business had discussions with other CRT manufacturers about prices and output for certain

8    types and sizes of CRTs over specified periods time in certain geographic regions other than the

9    United States, such as sales to their common Taiwanese and Chinese computer monitor

10   manufacturer customers and South East Asian television manufacturers.  Except as specifically

11   admitted in the foregoing, the LG Entities deny the allegations of Paragraph 115 as they pertain to

12   the LG Entities.

13        116.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

14   CRT business had discussions with other CRT manufacturers about prices and output for certain

15   types and sizes of CRTs over specified periods time in certain geographic regions other than the

16   United States, such as sales to their common Taiwanese and Chinese computer monitor

17   manufacturer customers and South East Asian television manufacturers.  The LG Entities further

18   admit that some of the meetings at which such discussions occurred were held in conjunction with

19   a golf outing.  Except as specifically admitted in the foregoing, the LG Entities deny the

20   allegations of Paragraph 116 as they pertain to the LG Entities.

21        117.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

22   CRT business had discussions with other CRT manufacturers about prices and output for certain

23   types and sizes of CRTs over specified periods time in certain geographic regions other than the

24   United States, such as sales to their common Taiwanese and Chinese computer monitor

25   manufacturer customers and South East Asian television manufacturers.  Except as specifically

26   admitted in the foregoing, the LG Entities deny the allegations of Paragraph 117 as they pertain to

27   the LG Entities.

28

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

118.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  The LGE Entities further admit that information was exchanged in advance of some of the meetings at which such discussion occurred.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 118 as they pertain to the LG Entities.

119.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 119 as they pertain to the LG Entities.

120.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 120 as they pertain to the LG Entities.

121.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  Except as specifically

1  admitted in the foregoing, the LG Entities deny the allegations of Paragraph 121 as they pertain to

2  the LG Entities.

3      122.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

4  CRT business had discussions with other CRT manufacturers about prices and output for certain

5  types and sizes of CRTs over specified periods time in certain geographic regions other than the

6  United States, such as sales to their common Taiwanese and Chinese computer monitor

7  manufacturer customers and South East Asian television manufacturers.  Except as specifically

8  admitted in the foregoing, the LG Entities deny the allegations of Paragraph 122 as they pertain to

9  the LG Entities.

10      123.    The LGE Entities deny the allegations of Paragraph 123.

11      124.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

12  CRT business had discussions with other CRT manufacturers about prices and output for certain

13  types and sizes of CRTs over specified periods time in certain geographic regions other than the

14  United States, such as sales to their common Taiwanese and Chinese computer monitor

15  manufacturer customers and South East Asian television manufacturers.  Except as specifically

16  admitted in the foregoing, the LG Entities deny the allegations of Paragraph 124 as they pertain to

17  the LG Entities.

18      125.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

19  CRT business had discussions with other CRT manufacturers about prices and output for certain

20  types and sizes of CRTs over specified periods time in certain geographic regions other than the

21  United States, such as sales to their common Taiwanese and Chinese computer monitor

22  manufacturer customers and South East Asian television manufacturers.  Except as specifically

23  admitted in the foregoing, the LG Entities deny the allegations of Paragraph 125 as they pertain to

24  the LG Entities.

25      126.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

26  CRT business had discussions with other CRT manufacturers about prices and output for certain

27  types and sizes of CRTs over specified periods time in certain geographic regions other than the

28  United States, such as sales to their common Taiwanese and Chinese computer monitor

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

1  manufacturer customers and South East Asian television manufacturers.  Except as specifically

2  admitted in the foregoing, the LG Entities deny the allegations of Paragraph 126 as they pertain to

3  the LG Entities.

4         127.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

5  CRT business had discussions with other CRT manufacturers about prices and output for certain

6  types and sizes of CRTs over specified periods time in certain geographic regions other than the

7  United States, such as sales to their common Taiwanese and Chinese computer monitor

8  manufacturer customers and South East Asian television manufacturers.  Except as specifically

9  admitted in the foregoing, the LG Entities deny the allegations of Paragraph 127 as they pertain to

10  the LG Entities.

11         128.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

12  CRT business had discussions with other CRT manufacturers about prices and output for certain

13  types and sizes of CRTs over specified periods time in certain geographic regions other than the

14  United States, such as sales to their common Taiwanese and Chinese computer monitor

15  manufacturer customers and South East Asian television manufacturers.  Except as specifically

16  admitted in the foregoing, the LG Entities deny the allegations of Paragraph 128 as they pertain to

17  the LG Entities.

18         129.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

19  CRT business had discussions with other CRT manufacturers about prices and output for certain

20  types and sizes of CRTs over specified periods time in certain geographic regions other than the

21  United States, such as sales to their common Taiwanese and Chinese computer monitor

22  manufacturer customers and South East Asian television manufacturers.  Except as specifically

23  admitted in the foregoing, the LG Entities deny the allegations of Paragraph 129 as they pertain to

24  the LG Entities.

25         130.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

26  CRT business had discussions with other CRT manufacturers about prices and output for certain

27  types and sizes of CRTs over specified periods time in certain geographic regions other than the

28  United States, such as sales to their common Taiwanese and Chinese computer monitor

1   manufacturer customers and South East Asian television manufacturers.  Except as specifically

2   admitted in the foregoing, the LG Entities deny the allegations of Paragraph 130 as they pertain to

3   the LG Entities.

4           131.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

5   CRT business had discussions with other CRT manufacturers about prices and output for certain

6   types and sizes of CRTs over specified periods time in certain geographic regions other than the

7   United States, such as sales to their common Taiwanese and Chinese computer monitor

8   manufacturer customers and South East Asian television manufacturers.  Except as specifically

9   admitted in the foregoing, the LG Entities deny the allegations of Paragraph 131 as they pertain to

10  the LG Entities.

11          132.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

12  CRT business had discussions with other CRT manufacturers about prices and output for certain

13  types and sizes of CRTs over specified periods time in certain geographic regions other than the

14  United States, such as sales to their common Taiwanese and Chinese computer monitor

15  manufacturer customers and South East Asian television manufacturers.  Except as specifically

16  admitted in the foregoing, the LG Entities deny the allegations of Paragraph 132 as they pertain to

17  the LG Entities.

18          133.    The LG Entities lack information or knowledge sufficient to form a belief as to the

19  truth of the allegations of Paragraph 133 and on that basis deny them.

20          134.    The LG Entities lack information or knowledge sufficient to form a belief as to the

21  truth of the allegations of Paragraph 134 and on that basis deny them.

22          135.    The LG Entities lack information or knowledge sufficient to form a belief as to the

23  truth of the allegations of Paragraph 135 and on that basis deny them.

24          136.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

25  CRT business had discussions with other CRT manufacturers about prices and output for certain

26  types and sizes of CRTs over specified periods time in certain geographic regions other than the

27  United States, such as sales to their common Taiwanese and Chinese computer monitor

28  manufacturer customers and South East Asian television manufacturers.  Except as specifically

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

1  admitted in the foregoing, the LG Entities deny the allegations of Paragraph 136.  The LG Entities

2  specifically denies that any individual employed by LGPD – an independent company – attended

3  meetings, participated in discussions, or entered agreements with competitors on behalf of or at the

4  direction of the LG Entities or any of them.  The LG Entities also deny that any individual

5  employed by LGPD was simultaneously employed by or reported to LGEI.

6       137.    The LG Entities deny the allegations contained in Paragraph 137 and avers that

7  none of them received any dividend or distribution from LGPD.

8       138.    The LG Entities deny the allegations contained in Paragraph 138.

9       139.     The LG Entities lack information or knowledge sufficient to form a belief as to the

10  truth of the allegations of Paragraph 139 and on that basis deny them.

11       140.    The LG Entities lack information or knowledge sufficient to form a belief as to the

12  truth of the allegations of Paragraph 140 and on that basis deny them.

13       141.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14  truth of the allegations of Paragraph 141 and on that basis deny them.

15       142.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16  truth of the allegations of Paragraph 142 and on that basis deny them.

17       143.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18  truth of the allegations of Paragraph 143 and on that basis deny them.

19       144.    The LG Entities lack information or knowledge sufficient to form a belief as to the

20  truth of the allegations of Paragraph 144 and on that basis deny them.

21       145.    The LG Entities lack information or knowledge sufficient to form a belief as to the

22  truth of the allegations of Paragraph 145 and on that basis deny them.

23       146.    The LG Entities lack information or knowledge sufficient to form a belief as to the

24  truth of the allegations of Paragraph 146 and on that basis deny them.

25       147.    The LG Entities lack information or knowledge sufficient to form a belief as to the

26  truth of the allegations of Paragraph 147 and on that basis deny them.

27       148.    The LG Entities lack information or knowledge sufficient to form a belief as to the

28  truth of the allegations of Paragraph 148 and on that basis deny them.

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

149.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 149 and on that basis deny them.

150.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 150 and on that basis deny them.

151.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 151 and on that basis deny them.

152.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 152 and on that basis deny them.

153.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 153 and on that basis deny them.

154.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 154 and on that basis deny them.

155.    To the extent that Paragraph 155 describes the use of terminology by Dell in the FAC, no response is required.  The LG Entities deny the remaining allegations contained in Paragraph 155.

156.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 156 and on that basis deny them.

157.    To the extent that Paragraph 157 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 157 and on that basis deny them.

158.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 158 and on that basis deny them.

159.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 159.

1    160.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

2    declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

3    Paragraph 160.

4    161.    Paragraph 161 purports to describe the contents of a document, the LG Entities

5    respond that the document speaks for itself and no response is required.  To the extent that a

6    response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a

7    belief as to the truth of the allegations of Paragraph 161 and on that basis deny them.

8    162.    Paragraph 162 purports to describe the contents of a document, the LG Entities

9    respond that the document speaks for itself and no response is required.  To the extent that a

10   response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a

11   belief as to the truth of the allegations of Paragraph 162 and on that basis deny them.

12   163.    Paragraph 163 purports to describe the contents of a document, the LG Entities

13   respond that the document speaks for itself and no response is required.  To the extent that a

14   response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a

15   belief as to the truth of the allegations of Paragraph 163 and on that basis deny them.

16   164.    Paragraph 164 purports to describe the contents of a document, the LG Entities

17   respond that the document speaks for itself and no response is required.  To the extent that a

18   response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a

19   belief as to the truth of the allegations of Paragraph 164 and on that basis deny them.

20   165.    Paragraph 165 purports to describe the contents of a document, the LG Entities

21   respond that the document speaks for itself and no response is required.  To the extent that a

22   response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a

23   belief as to the truth of the allegations of Paragraph 165 and on that basis deny them.

24   166.    Paragraph 166 purports to describe the contents of a document, the LG Entities

25   respond that the document speaks for itself and no response is required.  To the extent that a

26   response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a

27   belief as to the truth of the allegations of Paragraph 166 and on that basis deny them.

28

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

1    167.    Paragraph 167 purports to describe the contents of a document, the LG Entities

2 respond that the document speaks for itself and no response is required.  To the extent that a

3 response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a

4 belief as to the truth of the allegations of Paragraph 167 and on that basis deny them.

5    168.    The LG Entities admit that the European Commission imposed fines in the amount

6 stated against the companies listed.  Except as specifically admitted in the foregoing, the LG

7 Entities deny any remaining allegations contained in Paragraph 168.

8    169.    The LG Entities lack information or knowledge sufficient to form a belief as to the

9 truth of the allegations of Paragraph 169 and on that basis deny them.

10    170.    The LG Entities lack information or knowledge sufficient to form a belief as to the

11 truth of the allegations of Paragraph 170 and on that basis deny them.

12    171.    The LG Entities lack information or knowledge sufficient to form a belief as to the

13 truth of the allegations of Paragraph 171 and on that basis deny them.

14    172.    The LG Entities lack information or knowledge sufficient to form a belief as to the

15 truth of the allegations of Paragraph 172 and on that basis deny them.

16    173.    Paragraph 173 purports to describe the contents of a document, the LG Entities

17 respond that the document speaks for itself and no response is required.  To the extent that a

18 response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a

19 belief as to the truth of the allegations of Paragraph 173 and on that basis deny them.

20    174.    Paragraph 174 purports to describe the contents of a document, the LG Entities

21 respond that the document speaks for itself and no response is required.  To the extent that a

22 response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a

23 belief as to the truth of the allegations of Paragraph 174 and on that basis deny them.

24    175.    The LG Entities lack information or knowledge sufficient to form a belief as to the

25 truth of the allegations of Paragraph 175 and on that basis deny them.

26    176.    The LG Entities admit that LGEI was a member of Korean Display Equipment

27 Material Industry Association and Electronic Display Industrial Research Association of Korea,

28 and has participated in the Korea Display Conference.  Except as specifically admitted in the

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

1  foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth

2  of the allegations of Paragraph 176 and on that basis deny them.

3         177.    The LG Entities admit that LGEI was a member of Korean Display Equipment

4  Material Industry Association and Electronic Display Industrial Research Association of Korea,

5  and has participated in the Korea Display Conference.  Except as specifically admitted in the

6  foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth

7  of the allegations of Paragraph 177.

8         178.    The LG Entities lack information or knowledge sufficient to form a belief as to the

9  truth of the allegations of Paragraph 178 and on that basis deny them.

10         179.    The LG Entities deny the allegations of Paragraph 179.

11         180.    The LG Entities deny the allegations of Paragraph 180.

12         181.    The LG Entities lack information or knowledge sufficient to form a belief as to the

13  truth of the allegations of Paragraph181 and on that basis deny them.

14         182.    The LG Entities lack information or knowledge sufficient to form a belief as to the

15  truth of the allegations of Paragraph 182 and on that basis deny them.

16         183.    The LG Entities lack information or knowledge sufficient to form a belief as to the

17  truth of the allegations of Paragraph 183 and on that basis deny them.

18         184.    The LG Entities lack information or knowledge sufficient to form a belief as to the

19  truth of the allegations of Paragraph 184 and on that basis deny them.

20         185.    The LG Entities lack information or knowledge sufficient to form a belief as to the

21  truth of the allegations of Paragraph 185 and on that basis deny them.

22         186.    To the extent that Paragraph 186 purports to describe the contents of a document,

23  the document speaks for itself and no response is required.  To the extent that a response is

24  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

25  the truth of the allegations of Paragraph 186 and on that basis deny them.  The LG Entities deny

26  any remaining allegations contained in Paragraph 186.

27         187.    Paragraph 187 purports to describe the contents of a document, the LG Entities

28  respond that the document speaks for itself and no response is required.  To the extent that a

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

1  response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a

2  belief as to the truth of the allegations of Paragraph 187 and on that basis deny them.

3       188.   To the extent that Paragraph 188 purports to describe the contents of a document,

4  the document speaks for itself and no response is required.  To the extent that a response is

5  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

6  the truth of the allegations of Paragraph 188 and on that basis deny them.  The LG Entities deny

7  any remaining allegations contained in Paragraph 188.

8       189.   To the extent that Paragraph 189 purports to describe the contents of a document,

9  the document speaks for itself and no response is required.  To the extent that a response is

10  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

11  the truth of the allegations of Paragraph 189 and on that basis deny them.  The LG Entities deny

12  any remaining allegations contained in Paragraph 189.

13       190.   Paragraph 190 purports to describe the contents of a document, the LG Entities

14  respond that the document speaks for itself and no response is required.  To the extent that a

15  response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a

16  belief as to the truth of the allegations of Paragraph 190 and on that basis deny them.

17       191.   The LG Entities lack information or knowledge sufficient to form a belief as to the

18  truth of the allegations of Paragraph 191 and on that basis deny them.

19       192.   To the extent that Paragraph 192 purports to describe the contents of a document,

20  the document speaks for itself and no response is required.  To the extent that a response is

21  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

22  the truth of the allegations of Paragraph 192 and on that basis deny them.  The LG Entities deny

23  any remaining allegations contained in Paragraph 192.

24       193.   The LG Entities lack information or knowledge sufficient to form a belief as to the

25  truth of the allegations of Paragraph 193 and on that basis deny them.

26       194.   Paragraph 194 purports to describe the contents of a document, the LG Entities

27  respond that the document speaks for itself and no response is required.  To the extent that a

28

1  response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a

2  belief as to the truth of the allegations of Paragraph 194 and on that basis deny them.

3       195.    To the extent that Paragraph 195 purports to describe the contents of a document,

4  the document speaks for itself and no response is required.  To the extent that a response is

5  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

6  the truth of the allegations of Paragraph 195 and on that basis deny them.  The LG Entities deny

7  any remaining allegations contained in Paragraph 195.

8       196.    The LG Entities deny the allegations contained in Paragraph 196.

9       197.    The LG Entities deny the allegations contained in Paragraph 197.

10      198.    The LG Entities deny the allegations contained in Paragraph 198.

11      199.    The LG Entities lack information or knowledge sufficient to form a belief as to the

12  truth of the allegations of Paragraph 199 concerning Dell's knowledge and on that basis deny

13  them.  The LG Entities deny the remaining allegations contained in Paragraph 199.

14      200.    The LG Entities lack information or knowledge sufficient to form a belief as to the

15  truth of the allegations of Paragraph 200 concerning Dell's knowledge and on that basis deny

16  them.  The LG Entities deny the remaining allegations contained in Paragraph 200.

17      201.    The LG Entities deny the allegations contained in Paragraph 201.

18      202.    The LG Entities deny the allegations contained in Paragraph 201.

19      203.    The LG Entities deny the allegations contained in Paragraph 203.

20      204.    The LG Entities deny the allegations contained in Paragraph 204.

21      205.    The LG Entities deny the allegations contained in Paragraph 205.

22      206.    The LG Entities deny the allegations contained in Paragraph 206.

23      207.    The LG Entities deny the allegations contained in Paragraph 207.

24      208.    To the extent that Paragraph 208 purports to describe the contents of a document,

25  the document speaks for itself and no response is required.  To the extent that a response is

26  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

27  the truth of the allegations of Paragraph 208 and on that basis deny them.  The LG Entities deny

28  any remaining allegations contained in Paragraph 208.

209.    To the extent that Paragraph 209 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 209 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 209.

210.    To the extent that Paragraph 210 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 210 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 210.

211.    The LG Entities deny the allegations contained in Paragraph 211.

212.    The LG Entities deny the allegations contained in Paragraph 212.

213.    The LG Entities deny the allegations contained in Paragraph 213.

214.    The LG Entities deny the allegations contained in Paragraph 214.

215.    The LG Entities deny the allegations contained in Paragraph 215.

216.    The LG Entities deny the allegations contained in Paragraph 216.

217.    Paragraph 217 contains only legal conclusion to which no response is required.  To the extent that a response is deemed required, the LG Entities deny the allegations contained in Paragraph 217.

218.    Paragraph 218 contains only legal conclusion to which no response is required.  To the extent that a response is deemed required, the LG Entities deny the allegations contained in Paragraph 218.

219.    The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

220.    The LG Entities deny the allegations contained in Paragraph 220.

221.    The LG Entities deny the allegations contained in Paragraph 221.

222.    The LG Entities deny the allegations contained in Paragraph 222.

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

223.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 223 as they pertain to the LG Entities.

224.     The LG Entities deny the allegations contained in Paragraph 224.

225.     The LG Entities deny the allegations contained in Paragraph 225.

226.     The LG Entities deny the allegations contained in Paragraph 226.

227.     The LG Entities deny the allegations contained in Paragraph 227.

## RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND

The paragraphs of the FAC following the header "Prayer for Relief" and "Jury Trial Demanded" do not require a response.  To the extent that those paragraphs require a response, the LG Entities deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any of these defenses, the LG Entities allege the following affirmative defenses to the allegations set forth in the FAC:

## FIRST DEFENSE

The FAC fails to state a claim upon which relief can be granted because Plaintiffs' claims are ambiguous, vague, and/or unintelligible; because Plaintiffs have failed to alleged fraud or fraudulent concealment with sufficient particularity; and/or because Plaintiffs have failed to allege conspiracy with sufficient particularity.  The LG Entities aver that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit the LG Entities to ascertain all defenses that may exist.

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

SECOND DEFENSE

The claims set forth in the FAC are barred by the statute of limitations.

THIRD DEFENSE

Without conceding the existence of any conspiracy, Plaintiffs' claims are barred because the LG Entities effectively withdrew from any alleged conspiracy.

FOURTH DEFENSE

The conduct alleged by Plaintiffs in the FAC to form the basis of certain of Plaintiffs' claims has not had a direct, substantial, and reasonably foreseeable effect on trade or commerce with the United States.  The Court therefore lacks subject matter jurisdiction.

FIFTH DEFENSE

Plaintiffs' claims are barred because the Court lacks personal jurisdiction over LGETT.

SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they are based upon foreign sales by defendants, because Plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a and/or *Hartford Fire Ins. Co. v. California*, 509 U.S. 764 (1993).

SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they did not purchase CRTs directly from defendants, because they are indirect purchasers and barred from maintaining an action for alleged injuries in that capacity.

EIGHTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack standing to sue for the injuries alleged in the FAC.

NINTH DEFENSE

Plaintiffs are barred from recovery of any damages because of and to the extent of their failure to mitigate damages, or alternatively any claimed injury or damage has been offset by benefits received by Plaintiffs with respect to the challenged conduct.

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

1          TENTH DEFENSE

2          Plaintiffs' claims for damages are barred because Plaintiffs have suffered no injury or

3    damages as a result of the matters alleged in the FAC, or alternatively, because the alleged

4    damages, if any, are speculative and because of the impossibility of ascertaining and allocating

5    those alleged damages.

6          ELEVENTH DEFENSE

7          Any injuries or damages Plaintiffs may have suffered were not caused, either actually or

8    proximately, by the acts and omissions of the LG Entities.

9          TWELFTH DEFENSE

10          Any injuries or damages Plaintiffs may have suffered were caused solely and proximately

11    by the acts and omissions of others.  The acts of others constitute intervening or superseding

12    causes of harm, if any, suffered by Plaintiffs.

13          THIRTEENTH DEFENSE

14          Plaintiffs' claims are barred to the extent injuries alleged in the FAC, which the LG

15    Entities deny, were contributed to by the statements, acts, and/or omissions of Plaintiffs and/or

16    third parties or entities, other than the LG Entities.

17          FOURTEENTH DEFENSE

18          Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' acquiescence and/or

19    confirmation of any and all conduct and/or omissions alleged as to the LG Entities.

20          FIFTEENTH DEFENSE

21          Plaintiffs' claims are barred because Plaintiffs have not suffered actual, cognizable injury

22    of the type antitrust laws are intended to remedy.

23          SIXTEENTH DEFENSE

24          To the extent that any actionable conduct occurred, Plaintiffs' claims against the LG

25    Entities are barred because all such conduct would have been committed by individuals acting

26    ultra vires.

27

28

ANSWER OF LG ELECTRONICS et al.
                                 Master File No. 3:07-cv-05944-SC

1

SEVENTEENTH DEFENSE

2   Plaintiffs' claims against the LG Entities are barred to the extent that they have agreed to

3   arbitration or chosen a different forum for the resolution of their claims.

4

EIGHTEENTH DEFENSE

5   Plaintiffs' claims are barred, in whole or in part, because the remedies sought are

6   unconstitutional, contrary to public policy, or are otherwise unauthorized.

7

NINETEENTH DEFENSE

8   Plaintiffs' claims are barred, in whole or in part, for failure to join indispensable parties.

9

TWENTIETH DEFENSE

10   Without admitting that Plaintiffs are entitled to recover damages in this matter, the LGE

11   Entities are entitled to set off from any recovery Plaintiffs may obtain against them by any other

12   Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

13

TWENTY-FIRST DEFENSE

14   The LG Entities are separate and autonomous companies from LPD, and thus are not liable

15   for Plaintiffs' damages resulting from LPD's actions.

16

TWENTY-SECOND DEFENSE

17   Any award of treble damages would violate the Excessive Fines and Due Process Clauses

18   of the United States Constitution and equivalent clauses in the state constitution.

19

20

**RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES**

21   The LG Entities adopt by reference any additional applicable defenses pleaded by any

22   other Defendant in this action.  The LG Entities have not knowingly or intentionally waived any

23   applicable defenses and explicitly reserves the right to assert any additional defenses and

24   affirmative defenses as this action proceeds. The LG Entities further reserve the right to amend its

25   Answer and/or defenses accordingly, and/or to delete defenses that it determines are not applicable

26   as this action proceeds.  The LG Entities further reserve the right to assert affirmative defenses

27   that are unique to one or a subset of the claims asserted under the state law at issue in this action.

28

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

1        WHEREFORE, the LG Entities pray as follows:

2        1.      That the Plaintiffs take nothing by way of the FAC, and the action be dismissed

3   with prejudice;

4        2.      That judgment be entered in favor of the LG Entities and against Plaintiffs with

5   respect to all causes of action in the FAC;

6        3.      That the Court award the LG Entities its attorneys' fees and all other costs

7   reasonably incurred in defense of this action; and

8        4.      That the Court award such other relief as it may deem just and proper.

9
    DATED:  October 7, 2013                    MUNGER, TOLLES & OLSON LLP
10                                                  WILLIAM D. TEMKO
                                                    HOJOON HWANG
11                                                  BETHANY W. KRISTOVICH
                                                    LAURA K. SULLIVAN
12

13

14                                           By:        /s/ William D.Temko
                                                 _____
15                                               WILLIAM D. TEMKO
                                             Attorneys for LG ELECTRONICS, INC., LG
16                                           ELECRONICS USA, INC., AND LG ELECTRONICS
                                             TAIWAN TAIPEI CO., LTD
17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF LG ELECTRONICS et al.
                                             Master File No. 3:07-cv-05944-SC