1   JEFFREY L. KESSLER (*pro hac vice*)
    A. PAUL VICTOR (*pro hac vice*)
2   ALDO A. BADINI (257086)
    EVA COLE (*pro hac vice*)
3   MOLLY M. DONOVAN (*pro hac vice*)
    WINSTON & STRAWN LLP
4   200 Park Avenue
    New York, New York 10166-4193
5   Telephone: (212) 294-6700
    Facsimile: (212) 294-4700
6   Email: jkessler@winston.com

7   STEVEN A. REISS (*pro hac vice*)
    DAVID L. YOHAI (*pro hac vice*)
8   ADAM C. HEMLOCK (*pro hac vice*)
    WEIL, GOTSHAL & MANGES LLP
9   767 Fifth Avenue
    New York, New York 10153-0119
10  Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
11  Email: steven.reiss@weil.com

12  *Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

13  Additional Moving Defendants and Counsel Listed on Signature Pages

14

15              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
16                  **SAN FRANCISCO DIVISION**

17  **In re: CATHODE RAY TUBE (CRT)** | **Case No. 07-5944 SC**
    **ANTITRUST LITIGATION**
18                                    | **MDL No. 1917**
    This Document Relates to:
19                                    | **DEFENDANTS' JOINT NOTICE OF MOTION**
    *Tech Data Corp. v. Hitachi, Ltd.*, No. 13-cv- | **AND MOTION TO DISMISS CERTAIN**
20  00157;                            | **DIRECT ACTION PLAINTIFFS' CLAIMS**
                                      | **AND MEMORANDUM OF LAW IN SUPPORT**
21  *Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-
    cv-01173;                         | [Proposed] Order Granting Defendants' Motion to
22                                    | Dismiss Certain Direct Action Plaintiffs' Claims
    *Sharp Elecs. Corp. v. Koninklijke Philips* | Filed Concurrently Herewith
23  *Elecs. N.V.*, No. 13-cv-02776.
                                      | Judge:  Hon. Samuel P. Conti
24                                    | Court:  Courtroom 1, 17th Floor
                                      | Date:   December 20, 2013, 10:00 a.m.
25

26

27

28

1

**NOTICE OF MOTION AND MOTION**

2

To all parties and their attorneys of record:

3

Please take notice that on December 20, 2013, at 10:00 a.m. or as soon thereafter as this

4

matter may be heard before the Honorable Samuel P. Conti, Senior U.S. District Court Judge,

5

U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden

6

Gate Avenue, San Francisco, California 94102, the moving defendants listed on the signature

7

pages below ("Defendants") will and hereby do move this Court, pursuant to Federal Rule of

8

Civil Procedure 12(b)(6), for an Order dismissing the state law claims of plaintiffs Tech Data

9

Corporation and Tech Data Product Management, Inc. ("Tech Data") and Sharp Electronics

10

Corporation and Sharp Electronics Manufacturing Company of America, Inc. ("Sharp") without

11

leave to amend for failure to state a claim upon which relief may be granted.

12

The motion is based on this Notice of Motion and Motion, the accompanying

13

Memorandum of Points and Authorities in support thereof, the pleadings and correspondence on

14

file with the Court, and such arguments and authorities as may be presented at or before the

15

hearing.

16

**STATEMENT OF THE ISSUES**

17

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c), Defendants move to dismiss claims

18

asserted in *Tech Data Corp. v. Hitachi, Ltd.*, No. 13-CV-001257 (N.D. Cal.) (Dec. 12, 2012), as

19

amended on September 9, 2013, No. 7-CV-5944 (Dkt. No. 1911) ("Tech Data Amended

20

Complaint"), *Sharp Electronics Corp. v. Hitachi, Ltd.*, No. 13-cv-01173 (N.D. Cal.) (Mar. 15,

21

2013) ("Sharp Complaint"), and *Sharp Electronics Corp. v. Koninklijke Philips Electronics N.V.*,

22

No. 13-cv-02776 (N.D. Cal.) (June 17, 2013) ("Sharp-Philips Complaint" and collectively "Sharp

23

Complaints") on the following grounds:

24

    1.      Whether Tech Data's and Sharp's state law claims should be dismissed as untimely

25

          under the applicable three- and four-year statutes of limitations.

26

27

28

DEFS.' NOTICE OF MOT. AND MOT. TO DISMISS CERTAIN DIRECT
ACTION PLS.' CLAIMS AND MEM. OF LAW IN SUPPORT

Case No. 07-5944
MDL NO. 1917

1

## **TABLE OF CONTENTS**

2

**Page**

3

TABLE OF AUTHORITIES ......................................................................................................... iv

PRELIMINARY STATEMENT .................................................................................................... 1

BACKGROUND ............................................................................................................................ 2

ARGUMENT.................................................................................................................................. 3

I.     THE TECH DATA AND SHARP PLAINTIFFS' STATE LAW CLAIMS ARE
       TIME-BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS ......................... 3

       A.     The Tech Data and Sharp Plaintiffs' Broad Allegations of Fraudulent
              Concealment Are Unavailing ............................................................................ 5

              i.     Sharp's New York UCL and Tennessee Antitrust Act Claims Are Time-
                     Barred Because It Had Actual Notice of Its Claims by November 6, 2009 ............... 5

              ii.    Tech Data and Sharp Do Not, Because They Cannot, Plausibly Allege
                     That They Had No Notice of Their Potential Claims ................................................. 6

       B.     Plaintiffs' Time-Barred State Claims Cannot Be Saved by Its Allegations of
              Criminal Proceedings Instituted by the U.S. Department of Justice .............................. 13

       C.     Class Action Tolling Does Not Apply to the Tech Data and Sharp Plaintiffs'
              State Law Claims................................................................................................... 14

              i.     The Indirect Purchaser Complaint Does Not Toll Plaintiffs' State Law
                     Claims ......................................................................................................... 14

              ii.    The Direct Purchaser Complaint Does Not Toll Plaintiffs' State Law
                     Claims ......................................................................................................... 15

       D.     The State of Florida's Previously-Filed Action Does Not Toll Tech Data's
              FDUTPA Claims .................................................................................................. 17

CONCLUSION ............................................................................................................. 18

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

CASES                                                                                                          PAGE(S)

*Allen v. United Fin. Mortg. Corp.*,
   No. 09-2507 SC, 2010 WL 1135787 (N.D. Cal. Mar. 22, 2010) .............................................4

*Am. Pipe & Constr. Co. v. Utah*,
   414 U.S. 538 (1974) ...............................................................................................2, 14, 15, 16

*Aryeh v. Canon Business Solutions, Inc.*,
   55 Cal. 4th 1185 (Cal. 2013) ..............................................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................3, 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................................3, 10

*Cal. Sansome Co. v. U.S. Gypsum*,
   55 F.3d 1402 (9th Cir. 1995) ............................................................................................13

*Cervantes v. Countrywide Home Loans, Inc.*,
   656 F.3d 1034 (9th Cir. 2011) ............................................................................................4

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) ..........................................................................................16

*Coleman & Co. Sec., Inc. v. Giaquinto Family Trust*,
   236 F. Supp. 2d 288 (S.D.N.Y. 2002) ..............................................................................7

*Conerly v. Westinghouse Elec. Corp.*,
   623 F.2d 117 (9th Cir. 1980) ............................................................................................10

*Cortez v. Purolator Air Filtration Prods. Co.*,
   999 P.2d 706 (Cal. 2000)....................................................................................................4

*Crown, Cork & Seal Co. v. Parker*,
   462 U.S. 345 (1983) ...............................................................................................14, 15, 17

*Deirmenjian v. Deutsche Bank, A.G.*,
   No. CV 06-00774 MMM, 2006 WL 4749756 (C.D. Cal. Sept. 25, 2006)............................12

*Dodds v. Cigna Sec., Inc.*,
   12 F.3d 346 (2d Cir. 1993) ................................................................................................7

*Free Freehand Corp. v. Adobe Sys., Inc.*,
   852 F. Supp. 2d 1171 (N.D. Cal. 2012)..............................................................................3

*Gaidon v. Guardian Life Ins. Co. of Am.*,
750 N.E.2d 1078 (N.Y. 2001) ...................................................................................4

*Garrett v. Comcast Commc'ns, Inc.*,
2004 WL 2624679 (N.D. Tex. Nov. 17, 2004) .......................................................6

*Guerrero v. Gates*,
442 F.3d 697 (9th Cir. 2006) .................................................................................10

*Haley v. City of Boston*,
657 F.3d 39 (1st Cir. 2011).......................................................................................6

*HCA Health Servs. of Fla., Inc. v. Hillman*,
906 So. 2d 1094 (Fla. Dist. Ct. App. 2004)...........................................................17

*Hinds Cnty., Miss. v. Wachovia Bank N.A.*,
620 F. Supp. 2d 499 (S.D.N.Y. 2009) .....................................................................8

*Hinton v. Pac. Enters.*,
5 F.3d 391 (9th Cir. 1993) ...............................................................................12, 16

*Hoffman* v. *Hospital Affiliates, Inc.*,
652 S.W.2d 341 (Tenn. 1983) ..................................................................................7

*In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*,
782 F. Supp. 481 (C.D. Cal. 1991) ........................................................................14

*In re Magnesium Oxide Antitrust Litig.*,
No. 10–5943, 2011 WL 5008090 (D.N.J. Oct. 20, 2011) ......................................11

*In re Merrill Lynch Ltd. P'ships Antitrust Litig.*,
154 F.3d 56 (2d Cir. 1998) .....................................................................................12

*In re Natural Gas Commodity Litig.*,
337 F. Supp. 2d 498 (S.D.N.Y. 2004) ......................................................................8

*In re Nine West Shoes Antitrust Litig.*,
80 F. Supp. 2d 181 (S.D.N.Y. 2000) ......................................................................12

*In re Processed Egg Prods. Antitrust Litig.*,
No. 08-md-02002, 2011 WL 5980001 (E.D. Pa. Nov. 30, 2011) ....................11, 12

*In re Publ'n Paper Antitrust Litig.*,
No. 304 MD 1631, 2005 WL 2175139 (D. Conn. Sept. 7, 2005) ...........................11

*In re Refrigerant Compressors Antitrust Litig.*,
795 F. Supp. 647 (E.D. Mich. 2011) ......................................................................11

*In re Rezulin Prods. Liab. Litig.*,
No. 00-2843, 2006 WL 695253 (S.D.N.Y. Mar. 15, 2006)...............................16, 18

*In re Rubber Chems. Antitrust Litig.*,
    504 F. Supp. 2d 777 (N.D. Cal. 2007)..........................................................................8

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    No. 07-1827, 2012 WL 273761 (N.D. Cal. Jan. 30, 2012) .............................12, 13

*In re Transpacific Passenger Air Transp. Antitrust Litig.*,
    No. C 07-05634, 2011 WL 1753738 (N.D. Cal. May 9, 2011)........................8, 12

*In re Urethane Antitrust Litig.*,
    663 F. Supp. 2d 1067 (D. Kan. 2009)...........................................................................16

*In re Vertrue Mktg. & Sales Practices Litig.*,
    712 F. Supp. 2d 703 (N.D. Ohio 2010) .............................................................15, 16

*In re Vitamins Antitrust Litig.*,
    183 Fed. App'x 1 (D.C. Cir. 2006)................................................................................16

*In re Vitamins Antitrust Litig.*,
    No. Misc 99-197 (TFH), 2000 WL 33975412 (D.D.C. Oct. 26, 2000)..................18

*Jablon v. Dean Witter & Co.*,
    614 F.2d 677 (9th Cir. 1980) ...............................................................................3, 5, 6

*Jolly v. Eli Lilly & Co.*,
    751 P.2d 923 (Cal. 1988).................................................................................................16

*Loud Records LLC v. Minervini*,
    621 F. Supp. 2d 672 (W.D. Wis. 2009) ......................................................................6

*Lyon v. Gila River Indian Cmty.*,
    626 F.3d 1059 (9th Cir. 2010) ........................................................................................6

*Maestas v. Sofamor Danek Grp., Inc.*,
    33 S.W.3d 805 (Tenn. 2000) ........................................................................................16

*MedioStream, Inc. v. Microsoft Corp.*,
    869 F. Supp. 2d 1095 (N.D. Cal. 2012)......................................................................6

*Nashville Milk Co. v. Carnation Co.*,
    355 U.S. 373 (1958) .........................................................................................................14

*Pool Water Prods. v. Olin Corp.*,
    258 F.3d 1024 (9th Cir. 2001) ......................................................................................14

*Raie v. Cheminova, Inc.*,
    336 F.3d 1278 (11th Cir. 2003) ....................................................................................15

*Rutledge v. Boston Woven Hose & Rubber Co.*,
    576 F.2d 248 (9th Cir. 1978) ........................................................................................12

*Sec. Bank & Trust Co. v. Fabricating, Inc.*,
    673 S.W.2d 860 (Tenn. 1983) ................................................................................7

*Senger Bros. Nursery, Inc. v. E.I. Dupont De Nemours & Co.*,
    184 F.R.D. 674 (M.D. Fla. 1999) ........................................................................18

*Snapp & Assocs. Ins. Servs., Inc. v. Robertson*,
    117 Cal. Rptr. 2d 331 (Cal. Ct. App. 2002)..........................................................7

*Snyder v. Boy Scouts of America, Inc.*,
    253 Cal. Rptr. 156 (Cal. Ct. App. 1988)...............................................................13

*Soward v. Deutsche Bank AG*,
    814 F. Supp. 2d 272 (S.D.N.Y. 2011) .................................................................16

*State ex rel. Leech v. Levi Strauss & Co.*,
    No. 79-722-III, 1980 WL 4696 (Tenn. Ch. Sept. 25, 1980)....................................4

*State v. Daicel Chem. Indus., Ltd.*,
    840 N.Y.S.2d 8 (N.Y. App. Div. 2007).................................................................4

*Sundance Apartments I, Inc. v. Gen. Elec. Capital Corp.*,
    581 F. Supp. 2d 1215 (S.D. Fla. 2008).................................................................4

*Swartzman v. Harlan*,
    535 So. 2d 605 (Fla. Dist. Ct. App. 1988) ...........................................................17

*Technical Packaging, Inc. v. UCB Films, Inc.*,
    No. 8:03-cv-714-T-30TBM, 2004 WL 5639769 (N.D. Fla. Dec. 21, 2004)............7

*Trinity Church v. Lawson-Bell*,
    925 A.2d 720 (N.J. Super. Ct. App. Div. 2007) ...................................................7

*Vaughn v. Teledyne, Inc.*,
    628 F.2d 1214 (9th Cir. 1980) ..............................................................................3

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
    592 F.3d 954 (9th Cir. 2010) ................................................................................3

*Wade v. Danek Medical, Inc*.,
    182 F.3d 281 (4th Cir. 1999) ..............................................................................16

*Williams v. Boeing Co.*,
    517 F.3d 1120 (9th Cir. 2008) ............................................................................15

**STATUTES**

15 U.S.C. § 1 .........................................................................................1, 2, 3

15 U.S.C. § 12 .............................................................................................14

15 U.S.C. § 16 .................................................................................................13, 14

Cal. Bus. & Prof. Code §§ 16700, *et seq.* ........................................................1, 2, 3, 4

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ........................................................1, 2, 3, 4

Fla. Stat. § 95.11(3)(f) .............................................................................................4

Fla. Stat. § 95.051 ...........................................................................................17, 18

Fla. Stat. §§ 501.201, *et seq.* ...........................................................................*passim*

N.J. Stat. §§ 56:9-1, *et seq.* ..........................................................................1, 3, 4

N.Y. C.P.L.R. 214(2) ...............................................................................................4

N.Y. Gen. Bus. L. §§ 340, *et seq.* ..................................................................1, 3, 4

N.Y. Gen. Bus. L. §§ 349, *et seq.* ....................................................................*passim*

Tenn. Code Ann. § 28-3-105 ..................................................................................4

Tenn. Code Ann. §§ 47-25-101, *et seq.* ..........................................................1, 2, 3, 4

**RULES**

Fed. R. Civ. P. 9(b) ........................................................................................10, 11, 12

Fed. R. Civ. P. 12(b)(6) ...........................................................................1, 3, 5, 6, 18

Fed. R. Civ. P. 56.....................................................................................................6

**PRELIMINARY STATEMENT**

The complaints brought by plaintiffs Tech Data Corporation and Tech Data Product Management, Inc., and by Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. assert state law claims that are deficient as a matter of law and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Tech Data filed its original complaint on December 11, 2012, alleging claims under the Cartwright Act, California Unfair Competition Law ("UCL"), and Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").[1]   Sharp filed its first complaint on March 15, 2013, and its subsequent Sharp-Philips Complaint on June 18, 2013.  Both complaints allege state law claims under the Cartwright Act, California UCL, New York's Donnelly Act, New York UCL, New Jersey Antitrust Act, and Tennessee Antitrust Act, as well as federal claims under Section 1 of the Sherman Act.  Five of those state law claims have four-year statutes of limitations, and two of them (New York UCL and Tennessee Antitrust Act) have three-year statutes of limitations. Accordingly, "any claim based on Defendants' actions before" December 11, 2008, with respect to Tech Data, and March 15, 2009,[2] with respect to Sharp, "is *prima facie* barred by those states' statutes of limitations."  Order Adopting in Part and Modifying in Part Special Master's Report and Recommendation on Defs.' Mot. to Dismiss Direct Action Pls.' Compls. at 6-8, Aug. 21, 2013 (Dkt. No. 1856) ("DAP MTD Order").  The only issue before this Court is thus whether the Tech Data and Sharp plaintiffs have adequately alleged any doctrine of tolling that would preclude application of the relevant statutes of limitations.  They have not.

*First*, Sharp has had *actual* notice of its claims since at least as early as November 6, 2009, when the indirect-purchaser plaintiffs in this multi-district litigation served Sharp with a third-

---

[1] Tech Data filed its First Amended Complaint on September 9, 2013, but there were no changes to its tolling allegations.  *See* First Am. Compl., Sept. 9, 2013 (Dkt. No. 1911).

[2] Sharp and Koninklijke Philips N.V. and its predecessors, successors, subsidiaries, and affiliated entities (the "Philips Defendants") entered into a tolling agreement on April 29, 2013.  Therefore, any claim based on the Philips Defendants' actions before April 29, 2009 would be barred by the applicable statute of limitations.  *See* Decl. of Charles M. Malaise in Support of Defs.' Joint Mot. to Dismiss Certain Direct Action Pls.' Claims, filed concurrently herewith.

1   party subpoena for the production of documents.  Accordingly, its claims under the New York

2   UCL and Tennessee Antitrust Act, which have three-year statutes of limitations, are untimely and

3   must be dismissed.

4          *Second*, Tech Data and Sharp stand in a very different position as to timeliness than the

5   other DAPs whose claims were recently considered by the Court.  Those DAPs filed their

6   complaints in November 2011, so that the issue of constructive notice turned on events that

7   occurred before November 2007.  Tech Data and Sharp, by contrast, waited more than *twelve*

8   *months* after the other DAP complaints were filed before filing their complaints in late-2012 and

9   2013, respectively.  Thus, to survive this motion, both Tech Data and Sharp must have pled, and

10  have pled with particularity, allegations that support tolling of the statute of limitations for an

11  additional twelve months, a burden they have not met on the face of their complaints.  Indeed, this

12  is not a question of whether the limitations period was tolled for a mere six days, but whether

13  Tech Data and Sharp can plausibly assert that they had neither actual nor constructive knowledge

14  of their potential claims for a more than year-long period during which, in addition to the

15  announcement of various government investigations, over thirty complaints were filed in ten

16  different district courts from Vermont to California in just the first six months.  *See* DAP MTD

17  Order at 7; MDL Transfer Order at 1 n.1, Mar. 10, 2008 (Dkt. No. 122) ("MDL Transfer Order").

18  They cannot.

19         *Third*, Tech Data and Sharp rely on an array of additional alleged bases for tolling,

20  including criminal informations and guilty pleas, class action tolling under *American Pipe &*

21  *Construction Co. v. Utah*, 414 U.S. 538 (1974) ("*American Pipe*"), and cross-jurisdictional

22  tolling.  None is sufficient to save their time-barred state law claims.

## BACKGROUND

24         Tech Data waited until December 11, 2012, to first assert its claims, and seeks to recover

25  damages for its purchases of CRT products under Section 1 of the Sherman Act, as well as under

26  the FDUTPA, Fla. Stat. §§ 501.201, *et seq.*, the California Cartwright Act, Cal. Bus. & Prof. Code

27  §§ 16700, *et seq.*, and California UCL, and Cal. Bus. & Prof. Code §§ 17200, *et seq.*  Similarly,

28  Sharp failed until March 15, 2013, to allege its claims based on its purchases of CRTs and CRT

1    products under Section 1 of the Sherman Act, the California Cartwright Act, California UCL,

2    New York's Donnelly Act, N.Y. Gen. Bus. L. §§ 340, *et seq.*, New York UCL, N.Y. Gen. Bus. L.

3    §§ 349, *et seq.*, the New Jersey Antitrust Act, N.J. Stat. §§ 56:9-1, *et seq.*, and Tennessee Code

4    Ann. §§ 47-25-101 *et seq.*[3]   Neither Tech Data nor Sharp alleges in its complaint why or how it

5    had no knowledge of its potential claims prior to filing despite waiting more than a year after the

6    eleven other similarly situated retailer, distributor, and manufacturer plaintiffs in this litigation

7    brought their causes of action.

8                                               **ARGUMENT**

9           For a complaint to avoid dismissal under Rule 12(b)(6), the plaintiff must plead "enough

10   facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

11   544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that

12   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

13   alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   While the court should construe the

14   factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as

15   true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*

16   **I.      THE TECH DATA AND SHARP PLAINTIFFS' STATE LAW CLAIMS ARE**
         **TIME-BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS**
17

18          The Court should grant a motion to dismiss under Rule 12(b)(6) where the expiration of

19   the statute of limitations is apparent on the face of the complaint.  *Von Saher v. Norton Simon*

20   *Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010); *see also Jablon v. Dean Witter &*

21   *Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *Free Freehand Corp. v. Adobe Sys. Inc.*, 852 F. Supp. 2d

22   1171, 1178 (N.D. Cal. 2012); *Vaughn v. Teledyne, Inc.*, 628 F.2d 1214, 1218 (9th Cir. 1980)

23   (once a statute of limitations has expired, the plaintiff bears the burden of "proving facts that

24   would toll the statute").  Tech Data's Cartwright Act, California UCL, and FDUTPA claims are

25   each subject to a four-year statute of limitations period, as are Sharp's claims under the

26

27   ───────────────────────────
     [3] Sharp waited even longer to first assert its claims against the Philips Defendants, filing the
28   Sharp-Philips Complaint on June 18, 2013.

Cartwright Act, California UCL, Donnelly Act, and New Jersey Antitrust Act.[4]  Sharp's New York UCL claims and Tennessee Antitrust Act claims are each subject to a three-year statute of limitations period.[5]

Because Tech Data first filed suit on December 11, 2012, its claims under the Cartwright Act, California UCL, and FDUTPA based on actions occurring prior to December 11, 2008, are *prima facie* untimely unless its complaint contains factual allegations sufficient to show that the limitations period should be tolled.  *See, e.g.*, *Allen v. United Fin. Mortg. Corp.*, No. 09-2507 SC, 2010 WL 1135787, at *1 (N.D. Cal. Mar. 22, 2010) (Conti, J.) ("'[P]laintiffs seeking to toll the statute of limitations on various grounds must have included the allegation in their pleadings.'") (internal citations omitted); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045-46 (9th Cir. 2011) (ruling that plaintiffs failed to demonstrate basis for equitable tolling or fraudulent concealment).  Likewise, because Sharp filed suit on March 15, 2013,[6] its claims under the Cartwright Act, California UCL, Donnelly Act, New York UCL, New Jersey Antitrust Act, and Tennessee Antitrust Act based on conduct occurring prior to March 15, 2009, are similarly untimely unless preserved by some theory of tolling.

---

[4] Cartwright Act – Cal. Bus. & Prof. Code § 16750.1 ("Any civil action to enforce any cause of action for a violation of this chapter shall be commenced within four years after the cause of action accrued."); UCL – Cal. Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued."); *see also Cortez v. Purolator Air Filtration Prods. Co.*, 999 P.2d 706, 716 (Cal. 2000); FDUTPA – Fla. Stat. § 95.11(3)(f); *see also Sundance Apartments I, Inc. v. Gen. Elec. Capital Corp.*, 581 F. Supp. 2d 1215, 1223 (S.D. Fla. 2008); Donnelly Act – N.Y. Gen. Bus. L. § 340(5) ("An action to recover damages caused by a violation of this section must be commenced within four years after the cause of action has accrued."); New Jersey Antitrust Act – N.J. Stat. § 56:9-14 ("Any action brought to enforce the provisions of this act shall be barred unless commenced within 4 years after the cause of action arose . . . .").

[5] New York UCL – N.Y. C.P.L.R. 214(2); *State v. Daicel Chem. Indus., Ltd.*, 840 N.Y.S.2d 8, 11-12 (N.Y. App. Div. 2007); *Gaidon v. Guardian Life Ins. Co. of Am.*, 750 N.E.2d 1078, 1082 (N.Y. 2001); Tenn. Code Ann. § 47-25-101 – *State ex rel. Leech v. Levi Strauss & Co.*, No. 79-722-III, 1980 WL 4696, at *3 (Tenn. Ch. Sept. 25, 1980) (applying three-year limitations period under Tenn. Code Ann. § 28-3-105 to price-fixing claim under state antitrust statute).

[6] As previously noted, because Sharp and the Philips Defendants entered into a tolling agreement on April 29, 2013, Sharp's state law claims against the Philips Defendants based on conduct occurring prior to April 29, 2009 are untimely unless preserved by some theory of tolling.

DEFS.' NOTICE OF MOT. AND MOT. TO DISMISS CERTAIN DIRECT                                    Case No. 07-5944
ACTION PLS.' CLAIMS AND MEM. OF LAW IN SUPPORT                                              MDL NO. 1917

Both Tech Data and Sharp allege that the statutes of limitations on their state claims were tolled by virtue of fraudulent concealment, criminal proceedings instituted by the U.S. Department of Justice, and lawsuits brought on behalf of purported classes of CRT direct and indirect purchasers.  Tech Data Am. Compl. ¶¶ 236-244; Sharp Compl. ¶¶ 220-233; Sharp-Philips Compl. ¶¶ 234-247.  Additionally, Tech Data alleges that its FDUTPA claim was tolled by the State of Florida's complaint, which was filed in December 2011.  Tech Data Am. Compl. ¶ 244.  As explained below, none of these allegations properly tolled the statute of limitations.  Because their state law claims are time-barred, and Tech Data and Sharp fail to allege sufficient facts to show that any of these tolling principles would rescue their time-barred claims against Defendants, those claims should be dismissed.  *See Dean Witter*, 614 F.2d at 682 (dismissal of a claim on statute of limitations grounds is proper under Rule 12(b)(6) where the facts and dates alleged in the complaint indicate the claims are time-barred).

**A.  The Tech Data and Sharp Plaintiffs' Broad Allegations of Fraudulent Concealment Are Unavailing**

The Tech Data and Sharp plaintiffs' allegations of fraudulent concealment do not save their time-barred claims.  As an initial matter, Sharp had actual knowledge of its claims at the very latest by November 6, 2009, and thus its state law claims that are subject to a three-year limitations period are untimely and must be dismissed.  Further, the Tech Data and Sharp complaints are devoid of *any* factual allegations—let alone plausible ones—that support their contention that they did not know nor could they have known by the exercise of reasonable diligence about their potential claims any earlier.

i.    *Sharp's New York UCL and Tennessee Antitrust Act Claims Are Time-Barred Because It Had Actual Notice of Its Claims by November 6, 2009*

Unlike other claims subject to previous motions to dismiss in this litigation based on statute of limitations grounds, whether Sharp's New York UCL and Tennessee claims are untimely requires no inquiry into whether Sharp had constructive notice of its potential claims.  Indeed, Sharp plainly had actual notice of its claims and this litigation as of November 6, 2009,

1    when it received a third-party subpoena from the indirect-purchaser plaintiffs.  *See* Subpoena to

2    Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil

3    Action, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-5944-SC (D.N.J. Nov. 6, 2009);[7]

4    *see* Request for Judicial Notice ("RJN"), filed concurrently herewith, Ex. A ("Subpoena").[8]

5    Because Sharp filed its complaint on March 15, 2013, more than three years after having received

6    the Subpoena, [9] its claims under the New York UCL and Tennessee Antitrust Act, which are both

7    subject to a three-year statute of limitations period, are time-barred and should be dismissed.

8           ii.     *Tech Data and Sharp Do Not, Because They Cannot, Plausibly Allege That They
                    Had No Notice of Their Potential Claims*

9

10          Even if a particular state would apply fraudulent concealment to these claims, Tech Data

11   and Sharp cannot rely on fraudulent concealment to toll the statutes of limitations because they

12   fail to allege that they had neither actual nor constructive knowledge of their claims within the

13   requisite tolling period.  *See, e.g.*, *MedioStream, Inc. v. Microsoft Corp.*, 869 F. Supp. 2d 1095,

14   1106 (N.D. Cal. 2012) (to establish fraudulent concealment plaintiff must plead facts showing

15   "that he had 'neither actual nor constructive knowledge of the facts constituting [his] claim for

16   relief despite [his] diligence in trying to discover the pertinent facts'") (internal citations omitted);

17   *see also Dean Witter*, 614 F.2d at 682 (affirming order granting motion to dismiss where

18   ───────────────
19   [7] Notably, Tech Data, too, received a third-party subpoena form the indirect-purchaser plaintiffs,
     yet inexplicably waited another three years to assert its claims.

20   [8] The Court may consider materials that are public records or otherwise appropriate for taking
21   judicial notice without converting a Rule 12(b)(6) motion into a Rule 56 motion.  Specifically, the
     Court can augment the facts and inferences from the body of the complaint with "data points
22   gleaned from documents incorporated by reference into the complaint, matters of public record,
     and facts susceptible to judicial notice."  *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011);
23   *Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1075 (9th Cir. 2010) (courts may take judicial
24   notice of a fact whose existence is capable of accurate and ready determination by resort to
     sources whose accuracy cannot reasonably be questioned); *see also Loud Records LLC v.*
25   *Minervini*, 621 F. Supp. 2d 672, 675 (W.D. Wis. 2009) (taking judicial notice of a subpoena on a
     motion to dismiss); *Garrett v. Comcast Commc'ns, Inc.*, No. 3:04-CV-0693-P, 2004 WL
26   2624679, at *2-3 (N.D. Tex. Nov. 17, 2004) (same).

27   [9] The tolling agreement between Sharp and the Philips Defendants, too, was entered into more
     than three years after Sharp received the Subpoena.
28

DEFS.' NOTICE OF MOT. AND MOT. TO DISMISS CERTAIN DIRECT                    Case No. 07-5944
ACTION PLS.' CLAIMS AND MEM. OF LAW IN SUPPORT                             MDL NO. 1917

1   complaint alleged plaintiff had notice of acts underlying her claim outside limitations period).

2   Each of the states at issue follows this same approach.[10]

3       This Court previously addressed allegations of fraudulent concealment in the context of

4   Defendants' joint motion to dismiss various DAP complaints.[11]  There, Special Master Legge's

5   recommendation turned on the particularly brief window of time in which the other DAPs would

6   have had to uncover, investigate, and assert their claims following only the European

7   Commission's announcement of its investigation into CRT manufacturers on November 8, 2007,

8   and the filing of a single related complaint, *Kent v. Hitachi*, on November 13, 2007.  *See* DAP

9   R&R at 6.  Accordingly, because it was "highly unlikely" that plaintiffs "could reasonably have

10  found and examined the relevant evidence as to whether each plaintiff had a cause of action, and

11  then have filed their complaints – all within six days," Judge Legge found that DAPs' allegations

12  that they could not reasonably have discovered the facts supporting their cause of action within

13  the applicable limitations period were sufficient.  *Id*. at 7.  Further, the Court adopted Judge

14

15  ─────────────────────

16  [10] **California:**  *Snapp & Assocs. Ins. Servs., Inc. v. Robertson*, 117 Cal. Rptr. 2d 331, 335 (Cal.
    Ct. App. 2002) ("The fraudulent concealment doctrine does not come into play, whatever the
    lengths to which a defendant has gone to conceal the wrongs, if a plaintiff is on notice of a
17  potential claim.") (internal citations and quotations omitted), *overruled on other grounds by Aryeh
    v. Canon Business Solutions, Inc.*, 55 Cal. 4th 1185, 1196 (Cal. 2013); **Florida:**  *Technical
18  Packaging, Inc. v. UCB Films, Inc.*, No. 8:03-cv-714-T-30TBM, 2004 WL 5639769, at *4 (M.D.
    Fla. Dec. 21, 2004) ("all that is necessary under Florida law to prevent application of the
19  fraudulent concealment doctrine" is that plaintiff "ha[s] been placed on notice of the possible
    invasion of its legal rights"); **New Jersey:**  *Trinity Church v. Lawson-Bell*, 925 A.2d 720, 728
20  (N.J. Super. Ct. App. Div. 2007) ("[A] plaintiff must act with reasonable diligence once it obtains
    the information necessary to file its action and cannot invoke equitable tolling if it has the
21  information in sufficient time to comply with the limitations period."); **New York:**  *Coleman &
    Co. Sec., Inc. v. Giaquinto Family Trust*, 236 F. Supp. 2d 288, 299 (S.D.N.Y. 2002) ("Equitable
22  tolling will stay the running of the statute of limitations only so long as the plaintiff has exercised
    reasonable care and diligence in seeking to learn the facts which would disclose fraud.") (quoting
23  *Dodds v. Cigna Sec., Inc.*, 12 F.3d 346, 350 (2d Cir. 1993)); **Tennessee:**  *Sec. Bank & Trust Co. v.
    Fabricating, Inc.*, 673 S.W.2d 860, 865 (Tenn. 1983) (stating fraudulent concealment tolls the
24  statute of limitations "only during the period when the plaintiff has no knowledge that a wrong
    has occurred, and, as a reasonable person is not put on inquiry") (quoting *Hoffman v. Hospital
25  Affiliates, Inc*., 652 S.W.2d 341, 344 (Tenn. 1983)).

26

27  [11] *See* Report and Recommendations Regarding Defs.' Mot. to Dismiss Direct Action Complaints
    at 6-7, May 2, 2013 (Dkt. No. 1664) ("DAP R&R"); DAP MTD Order at 6-8.
28

Legge's recommendation, holding that "[i]t is generally inappropriate to resolve the fact-intensive allegations of fraudulent concealment at the motion to dismiss stage." DAP MTD Order at 8.

Tech Data's and Sharp's circumstances here, however, are simply not analogous. For Tech Data to succeed, it would have to allege that it had no actual or constructive knowledge of its claims as of December 11, 2008. Similarly, for Sharp to succeed, it would have to allege that it had no actual or constructive knowledge of its claims as of March 15, 2009.[12] Both assertions lack any plausibility. The question thus is not whether there is a disputed issue of fact as to Tech Data's and Sharp's constructive knowledge, but rather whether they have alleged *plausible* facts that could establish defendants' fraudulent concealment for that more than one-year period with sufficient particularity. *See Hinds Cnty., Miss. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 522 (S.D.N.Y. 2009) ("[I]t is appropriate for the Court to assess the sufficiency of [] Plaintiffs' pleading of fraudulent concealment at the motion to dismiss stage. The issue is not whether [] Plaintiffs exercised due diligence . . . but rather whether they have pled fraudulent concealment with particularity."); *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. C 07-05634, 2011 WL 1753738, at *19-21 (N.D. Cal. May 9, 2011) (assessing the sufficiency of antitrust plaintiffs' pleading of fraudulent concealment at the motion to dismiss stage).[13]

---

[12] Because Sharp and the Philips Defendants entered into a tolling agreement on April 29, 2013, the Sharp-Philips Complaint would require allegations that Sharp had no actual or constructive knowledge of its claims as of April 29, 2009.

[13] In this respect, the decision in *In re Rubber Chemicals Antitrust Litigation*, 504 F. Supp. 2d 777, 789 (N.D. Cal. 2007), is inapposite. In that case, the issue was whether plaintiffs should have been on notice of their claims *before* defendants' public announcement of the DOJ's investigation into the rubber chemicals industry. Because plaintiffs had filed within four years of the public announcement, the question of whether they should have been on notice sooner was one of fact that could not be resolved at that time. Here, by contrast, Tech Data and Sharp assert fraudulent concealment despite their acknowledgement of public announcements of the Department of Justice's investigation and of the commencement of numerous related litigations. *See, e.g.*, Tech Data Am. Compl. ¶¶ 176-177, 179; Sharp Compl. ¶¶ 121-127; Sharp-Philips Compl. ¶¶ 132-139; *see In re Natural Gas Commodity Litig.*, 337 F. Supp. 2d 498, 514 (S.D.N.Y. 2004) ("to be sure if facts in the complaint conclusively indicate that a plaintiff did or should have had knowledge of the violation within the statute of limitations, even when read in the light most favorable to the plaintiff, the limitations period should not be tolled").

To put Tech Data's and Sharp's allegations in perspective, by December 11, 2008, over 413 entries had been made on the docket in this multi-district litigation. Indeed, following the initial announcement of the various government investigations and during the alleged tolling period, more than 30 complaints were filed in multiple jurisdictions—substantially more than the one complaint filed during the six-day period at issue in the earlier-filed DAP actions. *See* DAP R&R at 6-7; DAP MTD Order at 7.[14] These cases, which were filed all over the country and named over 21 international defendants,[15] were consolidated into one multi-district litigation.[16] Additionally, as of December 2008, the Department of Justice had sought to intervene in the litigation, this Court issued various pre-trial and case management orders, held multiple status conferences,[17] appointed lead counsel for classes of direct and indirect purchaser plaintiffs,[18] as well as a Special Master to assist with case management,[19] and the parties had propounded requests for production of documents and exchanged initial disclosures.[20]

These ongoing litigation proceedings were in addition to the public announcements by various government agencies regarding investigations into conduct related to the CRT industry. The European Commission, for example, announced in November 2007 that it had commenced an

---

[14] *See also* MDL Transfer Order at 1 n.1 (noting that by March 10, 2008, "26 other related actions ha[d] been filed as follows: twelve actions in the Northern District of California; three actions each in the District of New Jersey and the Southern District of New York; two actions in the District of Minnesota; and one action each in the District of Arizona, the Western District of Arkansas, the Northern District of Ohio, the District of South Carolina, the Eastern District of Tennessee, and the District of Vermont").

[15] *See* Indirect Purchaser Pls.' Notice of Mot. and Mot. to Authorize Service on Certain Foreign Defs. Pursuant to Fed. R. Civ. P. 4(f)(3) at 1, Aug. 1, 2008 (Dkt. No. 344).

[16] *See* MDL Transfer Order; Pretrial Order No. 1, Apr. 4, 2008 (Dkt. No. 230).

[17] *See* Pretrial Order No. 1, Apr. 4, 2008 (Dkt. No. 230); Minute Entry, Apr. 4, 2008 (Dkt. No. 234); Minute Entry, July 11, 2008 (Dkt. No. 328).

[18] *See* Order Appointing Interim Lead Counsel, May 9, 2008 (Dkt. No. 282).

[19] Order Appointing Special Master, June 16, 2008 (Dkt. No. 302).

[20] Joint Rule 26(f) Report at 1, June 6, 2008 (Dkt. No. 297).

9

1   investigation into the CRT industry, as did the Hungarian Competition Authority, the Japanese

2   Fair Trade Commission, and the South Korean Fair Trade Commission.   Each of these

3   investigations is acknowledged on the face of the Tech Data and Sharp complaints.  Tech Data

4   Am. Compl. ¶¶ 8, 176-177, 179; Sharp Compl. at 1, ¶¶ 121-122, 124-128; Sharp-Philips Compl.

5   at 1, ¶¶ 132-133, 135-139, 140-141, 143-144.   Also during the alleged tolling period, various

6   defendants publicly acknowledged the investigations.  For example, Panasonic Corporation and

7   Samsung SDI issued an announcement on November 9, 2007, that they were "cooperating with

8   the JFTC, which raided the companies' CRT production facilities on suspicion of anticompetitive

9   conduct."  Sharp Compl. ¶ 124; Sharp-Philips Compl. ¶ 135.   Chunghwa, Philips, and Toshiba

10  likewise publicly confirmed that they were subjects of the investigations (Tech Data Am. Compl.

11  ¶ 178; Sharp Compl. ¶¶ 126-128; Sharp-Philips Compl. ¶¶ 137-139), and the Department of

12  Justice announced that the former Chairman and CEO of Chunghwa had been indicted by a

13  federal grand jury (Tech Data Am. Compl. ¶ 180; Sharp Compl. ¶ 129; Sharp-Philips Compl.

14  ¶ 140).

15          The high-profile litigation and the public events recounted above are expressly

16  acknowledged within the Tech Data and Sharp complaints and occurred over the more than one-

17  year period during which both plaintiffs allege their claims were tolled.  In this context, Tech

18  Data's and Sharp's allegations that they had "neither actual nor constructive knowledge of the

19  facts constituting their [claims] for relief despite diligence in trying to discover the pertinent

20  facts" (Tech Data Am. Compl. ¶ 224; Sharp Compl. ¶ 222; Sharp-Philips Compl. ¶ 236) simply

21  cannot withstand scrutiny under *Iqbal* and *Twombly*, or satisfy the particularity required by Rule

22  9(b).  *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual

23  content that allows the court to draw the reasonable inference that the defendant is liable for the

24  misconduct alleged."); *Twombly*, 550 U.S. at 570; *see also Guerrero v. Gates*, 442 F.3d 697, 706-

25  07 (9th Cir. 2006) (to invoke fraudulent concealment, "[t]he plaintiff must . . . 'plead with

26  particularity the facts which give rise to the claim of fraudulent concealment'") (quoting *Conerly*

27  *v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120 (9th Cir. 1980)).  In fact, Sharp agrees with this

28  assertion, having previously argued before this Court that because "[plaintiff] first filed its []

DEFS.' NOTICE OF MOT. AND MOT. TO DISMISS CERTAIN DIRECT          Case No. 07-5944
ACTION PLS.' CLAIMS AND MEM. OF LAW IN SUPPORT                    MDL NO. 1917

1  claims more than five years after the DOJ's public disclosure of its investigation, [plaintiff]

2  cannot argue that fraudulent concealment is sufficient to make these claims timely."  Defs.' Joint

3  Mot. to Dismiss ViewSonic's First Am. Compl. at 11, *In re TFT-LCD (Flat Panel) Antitrust*

4  *Litig.*, No. 07-md-01827 (N.D. Cal. Aug. 6, 2012) (Dkt. No. 6392).

5  The Tech Data and Sharp complaints fail to allege *any* facts about how or why Tech Data

6  and Sharp had no knowledge of their claims for more than a year and should be dismissed.  *See In*

7  *re Publ'n Paper Antitrust Litig.*, No. 304 MD 1631, 2005 WL 2175139, at *5 (D. Conn. Sept. 7,

8  2005) (dismissing claims as untimely where plaintiffs failed to offer "any allegations of steps

9  taken to investigate [circumstances surrounding the conspiracy] or any indication that they were

10 not aware of those circumstances (and consequently could not have been expected to investigate

11 them)"); *In re Processed Egg Prods. Antitrust Litig.*, No. 08-md-02002, 2011 WL 5980001, at

12 *13 (E.D. Pa. Nov. 30, 2011) (dismissing claims "[b]ecause Plaintiffs have not sufficiently

13 alleged that they were not aware and should not have been aware of the facts supporting their

14 claim until a time within the limitations period").[21]  This omission is unsurprising, since there is

15 no plausible basis for Tech Data's and Sharp's allegation that they were unable to discover their

16 claims.  While blanket assertions that plaintiffs had no knowledge of the facts supporting their

17 claims may have been sufficient to plausibly allege that the statute of limitations period should be

18 tolled for six days, they are wholly insufficient here.

19 Moreover, Tech Data and Sharp do not, because they cannot, allege facts in support of

20 their assertion that they failed to discover their claims despite using reasonable diligence in

21 attempting to do so throughout the alleged tolling period.  *In re Refrigerant Compressors Antitrust*

---

22
23 [21]  Additionally, Tech Data and Sharp allege nothing as to when, how, or why they discovered
   their claims.  By failing to allege when and how they discovered Defendants' alleged fraud, Tech
24 Data and Sharp have failed to sufficiently plead that fraudulent concealment saves their otherwise
   time-barred claims.  *See, e.g.*, *In re Magnesium Oxide Antitrust Litig.*, No. 10-5943, 2011 WL
25 5008090, at *25 (D.N.J. Oct. 20, 2011) (allegation that "due to the secretive nature of the alleged
   MgO conspiracy, 'neither plaintiffs nor the class members . . . until recently, could have
26 discovered through reasonable diligence that [D]efendants and their co-conspirators had engaged
   in the foregoing violations'" cannot "satisfy the requirements of Rule 9(b)" because it "fails to
27 encompass when and how Plaintiffs ultimately discovered the alleged MgO conspiracy" and
   thereby lacks "some level of specificity regarding Plaintiffs' discovery of the alleged
28 conspiracy").

---

11

*Litig.*, 795 F. Supp. 2d 647, 665 (E.D. Mich. 2011) ("A plaintiff pleading fraudulent concealment must plead all elements—including due diligence—with particularity."); *see also Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) ("[A] plaintiff 'must plead with particularity the circumstances surrounding the concealment and s*tate facts showing his due diligence in trying to uncover the facts*.'") (emphasis added) (citation omitted); *Processed Egg*, 2011 WL 5980001, at *13 (dismissing claims as untimely and noting that "a plaintiff who fails to allege any due diligence is virtually foreclosed from invoking the fraudulent concealment doctrine"). Allegations that plaintiffs "could not have discovered the alleged contract, conspiracy[,] or combination at an earlier date by the exercise of reasonable diligence because of the deceptive practices and techniques of secrecy employed by Defendants" (Tech Data Am. Compl. ¶ 228; Sharp Compl. ¶ 225; Sharp-Philips Compl. ¶ 239) are simply not enough.  *In re Merrill Lynch Ltd. P'ships Antitrust Litig.*, 154 F.3d 56, 60 (2d Cir. 1998) (dismissing complaint where plaintiffs make "no allegation of any specific inquiries of Merrill Lynch, let alone detail when such inquiries were made, to whom, regarding what, and with what response"); *In re Nine West Shoes Antitrust Litig.*, 80 F. Supp. 2d 181, 193 (S.D.N.Y. 2000) ("Plaintiffs must plead due diligence with specificity."); *Transpacific Passenger*, 2011 WL 1753738, at *19 (same); *Deirmenjian v. Deutsche Bank, A.G.*, No. CV 06-00774 MMM, 2006 WL 4749756, at *43 (C.D. Cal. Sept. 25, 2006) (plaintiff "must plead with particularity the circumstances surrounding the concealment and state facts showing his due diligence in trying to uncover the facts") (quoting *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978)).

Finally, Tech Data and Sharp do not meet their burden under Rule 9(b) because they fail to allege any affirmative acts of fraudulent concealment by Defendants following the end of the alleged conspiracy period or the announcement of the government investigations in 2007.  *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-1827, 2012 WL 273761, at *3 (N.D. Cal. Jan. 30, 2012) ("*LCD*").  In *LCD*, under similar circumstances, the district court recognized that a plaintiff could "rely on fraudulent concealment to toll the statute of limitations until the DOJ publicly disclosed its investigation," but rejected the plaintiff's attempts to extend that time period, holding that "when the conspiracy became publicly known in December 2006, any

1   wrongful conduct on the part of the defendants stopped having its effect, removing the basis for

2   plaintiff's tolling."  *Id.* at \*2-3; *see also Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1409

3   n.12 (9th Cir. 1995) ("Where fraud is established the statute is tolled only for as long as the

4   plaintiff remains justifiably ignorant of the facts upon which the cause of action depends;

5   *discovery or inquiry notice of the facts terminates the tolling.*") (quoting *Snyder v. Boy Scouts of*

6   *America, Inc.*, 253 Cal. Rptr. 156, 159 (Cal. Ct. App. 1988) (emphasis added)).  Accordingly, in

7   the absence of "allegations that [Defendants] took any affirmative steps to conceal their role in the

8   conspiracy after the conspiracy became publicly known," general allegations of fraudulent

9   concealment are insufficient to toll the statute of limitations.  *LCD*, 2012 WL 273761, at \*3.

10  Here, as noted above, Tech Data and Sharp allege just the opposite—that defendants publicly

11  announced investigations by the Department of Justice and other government agencies.  Tech

12  Data Am. Compl. ¶ 178; Sharp Compl. ¶¶ 124, 129-130; Sharp-Philips Compl. ¶¶ 135, 137-139.

13      For all the foregoing reasons, Tech Data's and Sharp's vague allegations that they had "no

14  knowledge of the facts constituting their claim[s]" are not sufficient to allege fraudulent

15  concealment and their claims must be dismissed as untimely.

16  **B. Plaintiffs' Time-Barred State Claims Cannot Be Saved by Its Allegations of**
17  **Criminal Proceedings Instituted by the U.S. Department of Justice**

18      Tech Data and Sharp allege that the statutes of limitations governing their state law claims

19  were tolled by virtue of "criminal proceedings and investigations" instituted by the U.S.

20  Department of Justice, pursuant to 15 U.S.C. § 16.  Tech Data Am. Compl. ¶ 237; Sharp Compl.

21  ¶ 220; Sharp-Philips Compl. ¶ 234.  That statute reads, in pertinent part:

22
23          Whenever any civil or criminal proceeding is instituted by the
            United States to prevent, restrain, or punish violations of any of the
            antitrust laws, but not including an action under Section 15(a) of
24          this title, the running of the statute of limitations in respect to every
            private or State right of action arising under said laws and based in
25          whole or in part on any matter complained of in said proceedings
            shall be suspended during the pendency thereof and for one year
26          thereafter . . . .

27  15 U.S.C. § 16(i).  The statute thus provides for tolling only as to rights of action "arising under"

28

13

the "antitrust laws."  The term "antitrust laws," as it is used in the Clayton Act, is specifically defined by 15 U.S.C. § 12.  *See In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 782 F. Supp. 481, 484 (C.D. Cal. 1991).  The definition is restricted to a specific list of federal antitrust statutes, and does not encompass state statutes.  *See Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 376 (1958) ("[T]he definition contained in [Section] 1 of the Clayton Act is exclusive"; that a statute not listed therein "may be colloquially described as an 'antitrust' statute" is "of no moment."); *Pool Water Prods. v. Olin Corp.*, 258 F.3d 1024, 1031 n.4 (9th Cir. 2001).  By its plain language, therefore, this provision does not toll the Tech Data and Sharp plaintiffs' state law claims.  Notably, Sharp itself agrees, as it asserted this very same position in the *LCD* litigation, arguing that "[b]y its terms, the statute applies only to the federal laws expressly listed therein, and does not include any state laws."[22]  Because the various state law claims alleged by Tech Data and Sharp undisputedly do not "aris[e] under" the "antitrust laws," plaintiffs cannot benefit from the government tolling provision of 15 U.S.C. § 16(i).

### C.  Class Action Tolling Does Not Apply to the Tech Data and Sharp Plaintiffs' State Law Claims

### i.  *The Indirect Purchaser Complaint Does Not Toll Plaintiffs' State Law Claims.*

The class action tolling doctrine is inapplicable because Tech Data and Sharp are not members of the purported class described in the indirect purchaser class-action complaints. Class-action tolling only preserves the rights of *putative class members* to file individual claims. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983); *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).  Indeed, the putative indirect purchaser class is expressly limited to, in relevant part:

> All persons and or entities who or which indirectly purchased in the United States *for their own use and not for resale*, CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or co-conspirator thereof, at any time during the period from at least March 1, 1995 through at least November 25, 2007.

---

[22] *See* Defs.' Joint Mot. to Dismiss ViewSonic's First Am. Compl. at 11, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-md-01827 (N.D. Cal. Aug. 6, 2012) (Dkt. No. 6392).

| DEFS.' NOTICE OF MOT. AND MOT. TO DISMISS CERTAIN DIRECT | Case No. 07-5944 |
| ACTION PLS.' CLAIMS AND MEM. OF LAW IN SUPPORT | MDL NO. 1917 |

1  Indirect Purchaser Pls.' Fourth Cons. Am. Compl. ¶ 243, Jan. 10, 2013 (Dkt. No. 1526) (emphasis

2  added).[23]  The class definition clearly excludes all entities, such as Tech Data and Sharp, that

3  purchased CRT Products "for resale."  By the plain language of the indirect-purchaser class

4  definition, retailers such as Tech Data and manufacturers such as Sharp are excluded from the

5  class.  Any other interpretation would render the class definition meaningless.

6        *ii.  The Direct Purchaser Complaint Does Not Toll Plaintiffs' State Law Claims.*

7        Direct purchaser plaintiffs filed several class actions under federal law that were

8  subsequently consolidated for pretrial purposes as part of this MDL.  *See* Direct Purchaser Pls.'

9  Cons. Am. Compl., Mar. 16, 2009 (Dkt. 436).  Importantly, the direct purchaser complaints assert

10  claims only under *federal law*.  *See id.* at ¶ 214.  Conversely, the Tech Data and Sharp plaintiffs'

11  time-barred claims are asserted under the laws of five different *states*.  Because none of these state

12  law claims was included in any of the federal direct purchaser class actions, no tolling can occur

13  on this basis.  *See In re Vertrue Mktg. & Sales Practices Litig.*, 712 F. Supp. 2d 703, 718-19 (N.D.

14  Ohio 2010) ("[O]nly the claims expressly alleged in a previous federal lawsuit are subject to

15  tolling."); *Williams v. Boeing Co.*, 517 F.3d 1120 (9th Cir. 2008) (because "neither the Original

16  nor the First Amended Complaints stated a claim for compensation discrimination . . . the statute

17  of limitations was not tolled for that claim").

18        The U.S. Supreme Court has cautioned that the class-action tolling rule announced in

19  *American Pipe* does not toll statutes of limitations for claims that are "different [from] or

20  peripheral [to]" the claims asserted in the class action itself.  *Crown, Cork & Seal Co.*, 462 U.S. at

21  354-55 (Powell, J., concurring) ("Claims as to which the defendant was not fairly placed on notice

22  by the class suit are not protected under *American Pipe* and are barred by the statute of

23  limitations.").  Federal courts have generally heeded this direction and declined to toll statutes of

24  limitation for claims other than those explicitly included in the class action.  *See, e.g.*, *Raie v.*

25  _____

26  [23] Further, the indirect-purchaser plaintiffs' class definition has from the inception of this case
    excluded individuals and entities that purchased CRT Products "for resale."  *See, e.g.*, Compl.

27  ¶ 20, *Kindt v. Matsushita Electric Industrial Co., Ltd.*, No. 1:07-10322 (S.D.N.Y.) [Dkt. No. 1]
    (Nov. 13, 2007); *see also* Indirect Purchaser Pls.' Cons. Am. Compl. ¶ 240, Mar. 6, 2009 (Dkt.

28  No. 437).

DEFS.' NOTICE OF MOT. AND MOT. TO DISMISS CERTAIN DIRECT          Case No. 07-5944
ACTION PLS.' CLAIMS AND MEM. OF LAW IN SUPPORT                    MDL NO. 1917

1    *Cheminova, Inc.*, 336 F.3d 1278, 1283 (11th Cir. 2003) (refusing to toll state claim where

2    "Appellants could not demonstrate the [prior class action] explicitly included" the claim); *Vertrue*

3    *Mktg. & Sales Practices Litig.*, 712 F. Supp. 2d at 718-19 ("only the claims expressly alleged in a

4    previous federal lawsuit are subject to tolling").

5            Moreover, whether the statute of limitations for a state law claim is tolled by the filing of a

6    class action is an issue of state law. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th

7    Cir. 2008).  The Ninth Circuit has held that "[t]he rule of *American Pipe* . . . does not mandate

8    cross-jurisdictional tolling as a matter of state procedure" and therefore declined "to import the

9    doctrine into state law where it did not previously exist."  *Id.*; *see also Wade v. Danek Medical,*

10   *Inc.*, 182 F.3d 281, 287-88 (4th Cir. 1999) (declining to toll statute of limitations on claim under

11   Virginia law, based on federal class action, absent indication that Virginia Supreme Court would

12   adopt a cross-jurisdictional tolling rule).  Here, Tech Data and Sharp have not met their burden of

13   pleading that any of the states at issue recognize cross-jurisdictional tolling, which itself precludes

14   the application of *American Pipe* tolling to their state law claims.  *See, e.g.*, *Hinton v. Pac.*

15   *Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) ("The burden of alleging facts which would give rise to

16   tolling falls upon the plaintiff.").  In fact, cross-jurisdictional tolling has been explicitly rejected

17   by courts interpreting California,[24] Florida,[25] New York,[26] and Tennessee[27] law.  For this

18   additional reason, the limitation periods applicable to the Tech Data and Sharp plaintiffs' state law

19

20   [24] ***California:***  *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 935-36 (Cal. 1988) (declining to apply class
21   action tolling); *Clemens*, 534 F.3d at 1025 (declining to import a cross-jurisdictional tolling rule
     into California law).

22   [25] ***Florida:***  *In re Vitamins Antitrust Litig.*, 183 F. App'x 1 (D.C. Cir. 2006) (predicting Florida
23   would not permit cross-jurisdictional tolling); *In re Rezulin Prods. Liability Litig.*, No. 00-2843,
     2006 WL 695253 (S.D.N.Y. Mar. 15, 2006) (Florida does not recognize class action tolling).

24

25   [26] ***New York:***  *Soward v. Deutsche Bank AG*, 814 F. Supp. 2d 272, 282 (S.D.N.Y. 2011) ("In the
     face of these overwhelming precedents, I cannot say that New York would adopt cross-
26   jurisdictional tolling and decline to import the doctrine into New York's law.").

27   [27] ***Tennessee:***  *Maestas v. Sofamor Danek Grp., Inc.*, 33 S.W.3d 805, 808 (Tenn. 2000) ("[W]e
     decline to adopt the doctrine of cross-jurisdictional tolling in Tennessee."); *see also In re*
28   *Urethane Antitrust Litig.*, 663 F. Supp. 2d 1067, 1081-82 (D. Kan. 2009).

claims are not tolled by the direct purchaser plaintiffs' class action.  Those claims are untimely under all circumstances and should be dismissed.  *See, e.g.*, *Crown, Cork & Seal Co.*, 462 U.S. at 354-55.

### D. The State of Florida's Previously-Filed Action Does Not Toll Tech Data's FDUTPA Claims

The State of Florida's ("Florida") complaint cannot serve as the basis for tolling Tech Data's FDUTPA claims because such a theory of tolling is not recognized under Florida law.  As this Court has previously recognized in dismissing the Florida Attorney General's complaint on statute of limitations grounds, Florida has statutorily specified and limited the bases for tolling the statute of limitations applicable to statutory claims under Florida law.   *See* Report and Recommendations Regarding Defs.' Mot. to Dismiss the Compl. of the State of Florida at 5-6, Nov. 16, 2012 (Dkt. No. 1451) ("Florida R&R").   Florida Statute § 95.051(1) identifies an exclusive list of eight tolling doctrines permitted in Florida.  *See* Fla. Stat. § 95.051(1) ("The running of the time under *any* statute of limitations . . . is tolled by . . .") (emphasis added).  As the Florida legislature and courts have made clear, this statutory list of enumerated tolling doctrines is exhaustive, and does not include, for example, a claim brought by the State.  "A disability or other reason does not toll the running of any statute of limitations except those specified in this section, § 95.091, the Florida Probate Code, or the Florida Guardianship Law." Fla. Stat. § 95.051(2); *see also, e.g.*, *HCA Health Servs. of Fla., Inc. v. Hillman*, 906 So. 2d 1094, 1098 (Fla. Dist. Ct. App. 2004) ("the legislature has made clear its intent to exclude all tolling exceptions not listed in the statute"); *Swartzman v. Harlan*, 535 So. 2d 605, 607 (Fla. Dist. Ct. App. 1988) ("Because the legislature has expressly provided for the instances that shall toll the running of any statute of limitations and has excluded any 'other reason,' we are not free to create an exception to that determination."); *see also* Florida R&R at 6 ("There is substantial authority that those stated types of tolling are exclusive, and [] no other tolling doctrine may be applied to Florida's claims").

1     Tech Data bases its theory of tolling on Florida's earlier-filed complaint, which asserted

2  claims on behalf of itself and its governmental entities, on behalf of businesses within Florida, and

3  on behalf of natural persons in Florida. Tolling based on a representative claim brought by the

4  State, however, is not included in the list of tolling doctrines found in Fla. Stat. § 95.051(1),[28] and

5  cannot therefore save Tech Data's untimely claims. *See, e.g.*, *Senger Bros. Nursery, Inc. v. E.I.*

6  *Dupont De Nemours & Co.*, 184 F.R.D. 674, 684 (M.D. Fla. 1999) (rejecting plaintiff's class

7  action tolling argument and granting summary judgment on claims as time-barred); *see also In re*

8  *Rezulin Prods. Liab. Litig.*, No. 00-CIV-2843, 2006 WL 695253, at *1 (S.D.N.Y. Mar. 15, 2006)

9  ("Florida does not permit class action tolling.").

10                                    **CONCLUSION**

11     For the foregoing reasons, the aforementioned state law claims asserted by Tech Data and

12  Sharp should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

13

14  DATED: October 7, 2013                         WINSTON & STRAWN LLP

15                                                  By: /s/ Jeffrey L. Kessler
                                                    JEFFREY L. KESSLER (*pro hac vice*)
16                                                  Email: JKessler@winston.com
                                                    A. PAUL VICTOR (*pro hac vice*)
17                                                  Email: PVictor@winston.com
                                                    ALDO A. BADINI (SBN 257086)
18                                                  Email: ABadini@winston.com
                                                    EVA W. COLE (*pro hac vice*)
19                                                  Email: EWCole@winston.com
                                                    MOLLY M. DONOVAN
20                                                  Email: MMDonovan@winston.com
                                                    **WINSTON & STRAWN LLP**
21                                                  200 Park Avenue
                                                    New York, NY 10166
22                                                  Telephone: (212) 294-6700
                                                    Facsimile: (212) 294-4700
23

24  _____

25  [28] Importantly, fraudulent concealment is also absent from the enumerated grounds for tolling in
    § 95.051, and thus cannot serve as a basis for tolling Tech Data's FDUTPA claims. *See In re*
26  *Vitamins Antitrust Litig.*, No. Misc 99-197 (TFH), 2000 WL 33975412, at *5 (D.D.C. Oct. 26,
    2000) ("Because fraudulent concealment is not included among the tolling provisions recognized
27  in § 95.051 and because this Court has found that § 95.051 has not been overturned, [plaintiff's]
    damages under their FDUTPA claims are limited [to] those accruing within the four year
28  limitations period . . .").

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation
(f/k/a Matsushita Electric Industrial Co., Ltd.),
Panasonic Corporation of North America, MT
Picture Display Co., Ltd.*

WHITE & CASE LLP

By: /s/ Lucius B. Lau
CHRISTOPHER M. CURRAN (*pro hac vice*)
Email: ccurran@whitecase.com
LUCIUS B. LAU (*pro hac vice*)
Email: alau@whitecase.com
DANA E. FOSTER (*pro hac vice*)
Email: defoster@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation,
Toshiba America, Inc., Toshiba America Information
Systems, Inc., Toshiba America Consumer Products,
L.L.C., and Toshiba America Electronic
Components, Inc.*

BAKER BOTTS LLP

By: /s/ Jon V. Swenson
JON V. SWENSON (SBN 233054)
Email: jon.swenson@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699

JOHN M. TALADAY (*pro hac vice*)
Email: john.taladay@bakerbotts.com
JOSEPH OSTOYICH (*pro hac vice*)
Email: joseph.ostoyich@bakerbotts.com
ERIK T. KOONS (*pro hac vice*)

19

Email: erik.koons@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)
Email: charles.malaise@bakerbotts.com
**BAKER BOTTS LLP**
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

*Attorneys for Defendants Koninklijke Philips N.V.
and Philips Electronics North America Corporation*

MUNGER, TOLLES & OLSON LLP

By: /s/ Hojoon Hwang
HOJOON HWANG (SBN 184950)
Email: Hojoon.Hwang@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

WILLIAM D. TEMKO (SBN 098858)
Email: William.Temko@mto.com
JONATHAN E. ALTMAN (SBN 170607)
Email: Jonathan.Altman@mto.com
BETHANY W. KRISTOVICH (SBN 241891)
Email: Bethany.Kristovich@mto.com
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants LG Electronics, Inc.; LG,
LG Electronics USA, Inc.; and LG Electronics
Taiwan Taipei Co., Ltd.*

KIRKLAND & ELLIS LLP

By: /s/ Eliot A. Adelson
ELIOT A. ADELSON (SBN 205284)
Email: eadelson@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street
27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1413
Facsimile: (415) 439-1500

*Attorneys for Defendants Hitachi, Ltd., Hitachi
Displays, Ltd. (n/k/a Japan Display East, Inc.),
Hitachi Asia, Ltd., Hitachi America, Ltd., and*

20

1          *Hitachi Electronic Devices (USA), Inc.*

2          SHEPPARD MULLIN RICHTER & HAMPTON

3          By: /s/ Gary L. Halling
           GARY L. HALLING (SBN 66087)
4          Email: ghalling@sheppardmullin.com
           JAMES L. MCGINNIS (SBN 95788)
5          Email: jmcginnis@sheppardmullin.com
           MICHAEL W. SCARBOROUGH, (SBN 203524)
6          Email: mscarborough@sheppardmullin.com
           **SHEPPARD MULLIN RICHTER & HAMPTON**
7          Four Embarcadero Center, 17th Floor
           San Francisco, CA 94111
8          Telephone:  (415) 434-9100
           Facsimile:  (415) 434-3947
9
           *Attorneys for Defendants Samsung SDI America,*
10         *Inc.; Samsung SDI Co., Ltd.; Samsung SDI*
           *(Malaysia) SDN. BHD.; Samsung SDI Mexico S.A.*
11         *DE C.V.; Samsung SDI Brasil Ltda.; Shenzen*
           *Samsung SDI Co., Ltd. and Tianjin Samsung SDI*
12         *Co., Ltd.*

13
14         Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this

15 document has been obtained from each of the above signatories.

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' NOTICE OF MOT. AND MOT. TO DISMISS CERTAIN DIRECT          Case No. 07-5944
ACTION PLS.' CLAIMS AND MEM. OF LAW IN SUPPORT                    MDL NO. 1917