BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile:  (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Philips Electronics
North America Corporation*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC |
| | MDL No. 1917 |
| DELL INC. and DELL PRODUCTS L.P., | Individual Case No. 3:13-cv-02171-SC |
| Plaintiffs, | **ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO DELL INC.  AND DELL PRODUCTS L.P.'S FIRST AMENDED COMPLAINT** |
| v. | |
| HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LG ELECTRONICS TAIWAN TAIPEI CO., LTD.; LP DISPLAYS INTERNATIONAL LTD.; | **Trial Date: None Set** |

1  MITSUBISHI ELECTRIC CORPORATION;
   MITSUBISHI DIGITAL ELECTRONICS
2  AMERICA, INC.; MITSUBISHI ELECTRIC &
   ELECTRONICS, USA, INC.; KONINKLIJKE
3  PHILIPS ELECTRONICS N.V.; PHILIPS
   ELECTRONICS NORTH AMERICA
4  CORPORATION; PHILIPS ELECTRONICS
   INDUSTRIES (TAIWAN), LTD.; PHILIPS DA
5  AMAZONIA INDUSTRIA ELECTRONICA
   LTDA.; SAMSUNG SDI CO., LTD.; SAMSUNG
6  SDI AMERICA, INC.; SAMSUNG SDI
   MEXICO S.A. DE C.N.; SAMSUNG SDI
7  BRASIL LTDA.; SHENZHEN SAMSUNG SDI
   CO. LTD.; TIANJIN SAMSUNG SDI CO.,
8  LTD.; SAMSUNG SDI (MALAYSIA) SDN,
   BHD.; SAMTEL COLOR LTD.; THAI CRT CO.,
9  LTD.; TECHNICOLOR SA, THOMSON SA;
   TECHNICOLOR USA, INC.; THOMSON
10 CONSUMER  ELECTRONICS, INC.; TOSHIBA
   CORPORATION; TOSHIBA AMERICA
11 CONSUMER PRODUCTS, LLC; TOSHIBA
   AMERICA ELECTRONIC COMPONENTS,
12 INC.; TOSHIBA AMERICA INFORMATION
   SYSTEMS, INC.

13

                    Defendants.

14

15

16          Defendant Philips Electronics North America Corporation ("PENAC"), by and through its

17  undersigned counsel of record, answers Dell Inc. and Dell Products L.P.'s (collectively "Dell")

18  First Amended Complaint (the "Amended Complaint") and alleges additional or affirmative

19  defenses as follows.  PENAC denies each and every allegation in the Amended Complaint's

20  section headings asserted herein and in all portions of the Amended Complaint not contained in

21  numbered paragraphs.  To the extent that the Amended Complaint's allegations concern persons

22  and/or entities other than PENAC, PENAC denies that such allegations support any claim for

23  relief against PENAC.  PENAC denies any allegations not explicitly admitted herein.

24                              **I. INTRODUCTION**

25          1.      To the extent that the allegations in Paragraph 1 state legal contentions, no

26  response is required.  To the extent that the allegations in Paragraph 1 are definitional, no

27  response is required.  To the extent that the allegations in Paragraph 1 relate to other defendants,

28  PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that

basis, denies them.  To the extent that the allegations in Paragraph 1 relate to PENAC, PENAC denies all of the allegations.  In particular, PENAC denies that Dell is entitled to any relief.

2.      PENAC admits that other persons have filed Section 1 Sherman Act claims and those lawsuits have been joined for pretrial purposes in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, in the Northern District of California.  To the extent that the allegations in Paragraph 2 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 2 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 2 relate to PENAC, PENAC denies all of the allegations in Paragraph 2.

3.      To the extent that the allegations in Paragraph 3 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 3 are definitional, no response is required.  PENAC avers that the use of the terms "CPTs," "CDTs," "CPT Products," "CDT Products," and "CRT Products," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Amended Complaint indefinite and uncertain.  To the extent that the allegations in Paragraph 3 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 3 relate to PENAC, PENAC denies all of the allegations.

4.      To the extent that the allegations in Paragraph 4 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 4 relate to other Defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the allegations in Paragraph 4 relate to PENAC, PENAC denies all of the allegations.

5.      To the extent that the allegations in Paragraph 5 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 5 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO DELL INC. AND DELL PRODUCTS L.P.'S FIRST AMENDED COMPLAINT

basis, denies them.  To the extent the allegations in Paragraph 5 relate to PENAC, PENAC denies all of the allegations.

6.      To the extent that the allegations in Paragraph 6 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 6 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 6 relate to PENAC, PENAC denies all of the allegations.

7.      To the extent that the allegations in Paragraph 7 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 7 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 7 relate to PENAC, PENAC denies all of the allegations.

8.      To the extent that the allegations in Paragraph 8 state legal contentions, no response is required.  PENAC lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 8 and, on that basis, denies them.

9.      PENAC admits that government authorities in the United States and other countries have commenced investigations of the CRT industry, the details of which are matters of public record and such records speak for themselves.  PENAC admits that an indictment was issued against C.Y. Lin, the details of which are matters of public record and such records speak for themselves.  PENAC admits that Samsung SDI Company Ltd. pleaded guilty to charges brought by the DOJ, the details of which are matters of public record and such records speak for themselves.  PENAC admits that the Korean Fair Trade Commission fined several CDT manufacturers, the details of which are matters of public record and such records speak for themselves.  PENAC admits that the European Commission fined seven companies, the details of which are matters of public record and such records speak for themselves.  PENAC denies any remaining allegations in Paragraph 9.

10.      To the extent that the allegations in Paragraph 10 state legal contentions, no

response is required. To the extent that the allegations in Paragraph 10 relate to Dell, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 10 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 10 relate to PENAC, PENAC denies all of the allegations in Paragraph 10. PENAC denies that Dell is entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 10.

## II. ALLEGATIONS CONCERNING JURISDICTION AND VENUE

11.     PENAC admits that Dell purports to bring this action to obtain injunctive relief and to recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1), but denies that Dell is entitled to any relief under that statute.

12.     The allegations in Paragraph 12 regarding jurisdiction constitute legal conclusions to which no response is required. To the extent that the allegations in Paragraph 12 require a response, PENAC denies that this district has subject matter jurisdiction based on the conduct of PENAC as alleged in the Amended Complaint.

13.     The allegations in Paragraph 13 regarding jurisdiction constitute legal conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 13 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 13 relate to PENAC, PENAC denies these allegations.

14.     The allegations in Paragraph 14 regarding jurisdiction constitute legal conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 14 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 14 relate to PENAC, PENAC denies that this district has subject matter jurisdiction based on the conduct of PENAC as alleged in the Amended

Complaint.

15. The allegations in Paragraph 15 regarding venue constitute legal conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 15 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 15 relate to PENAC, PENAC denies these allegations and denies that venue lies in this Court based on the conduct of PENAC as alleged in the Amended Complaint.

### III. ALLEGATIONS CONCERNING PARTIES

16. To the extent that the allegations in Paragraph 16 relate to Dell, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

17. To the extent that the allegations in Paragraph 17 relate to Dell, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

18. The allegations in Paragraph 18 are an explanation of terminology, for which no response is required.

19. To the extent that the allegations in Paragraph 19 relate to Dell, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

20. To the extent that the allegations in Paragraph 20 state legal contentions, no response is required. To the extent that the allegations in Paragraph 20 relate to other defendants or Dell, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 20 relate to PENAC, PENAC denies all of the allegations. In particular, PENAC denies that Dell is entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 20.

21.     To the extent that the allegations in Paragraph 21 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 21 relate to other defendants or Dell, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 21 relate to PENAC, PENAC denies all of the allegations.

22.     To the extent that the allegations in Paragraph 22 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 22 relate to other defendants or Dell, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 22 relate to PENAC, PENAC denies all of the allegations.

23.     The allegations in Paragraph 23 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies them.

24.     The allegations in Paragraph 24 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies them.

25.     The allegations in Paragraph 25 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies them.

26.     The allegations in Paragraph 26 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies them.

27.     The allegations in Paragraph 27 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, on that basis, denies them.

28.     The allegations in Paragraph 28 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

MDL 1917

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

belief as to the truth of the allegations in Paragraph 28 and, on that basis, denies them.

29.     The allegations in Paragraph 29 are an explanation of terminology, for which no response is required.

30.     The allegations in Paragraph 30 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies them.

31.     The allegations in Paragraph 31 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, on that basis, denies them.

32.     The allegations in Paragraph 32 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, on that basis, denies them.

33.     The allegations in Paragraph 33 are an explanation of terminology, for which no response is required.

34.     PENAC admits that in 2001 LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and Koninklijke Philips N.V. ("KPNV") transferred its entire CRT business into the 50/50 CRT joint venture.  The remaining allegations in Paragraph 34 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and, on that basis, denies them.

35.     The allegations in Paragraph 35 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, on that basis, denies them.

36.     The allegations in Paragraph 36 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, denies them.

37.     The allegations in Paragraph 37 are an explanation of terminology, for which no

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO DELL INC. AND DELL PRODUCTS L.P.'S FIRST AMENDED COMPLAINT

response is required.

38.     The allegations in Paragraph 38 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, denies them.

39.     The allegations in Paragraph 39 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies them.

40.     The allegations in Paragraph 40 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, denies them.

41.     The allegations in Paragraph 41 are an explanation of terminology, for which no response is required.

42.     PENAC admits that in 2001 LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  The remaining allegations in Paragraph 42 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations in Paragraph 42 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 42 relate to PENAC, PENAC denies them.

43.     PENAC admits that KPNV is a Dutch entity with its principal place of business at Brenner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands, but avers that KPNV legally changed its corporate name to Koninklijke Philips N.V.  PENAC admits that in 2001 LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  With respect to the second sentence of Paragraph 43, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 43 state legal contentions, no response is required.  To the extent that the

allegations in Paragraph 43 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and, on that basis, denies them.

44.     PENAC admits that it is a Delaware corporation with its principal place of business at 1251 Avenue of the Americas, New York, New York, 10020.  PENAC admits that it is an indirect subsidiary of KPNV.   Owing to the vagueness and ambiguity of "CRT Products," PENAC denies the third sentence of Paragraph 44.  PENAC denies that KPNV dominated or controlled its finances, policies, and affairs and any remaining allegations in Paragraph 44.

45.     PENAC lacks knowledge or information sufficient as to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, denies them.

46.     PENAC lacks knowledge or information sufficient as to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies them.

47.     The allegations in Paragraph 47 are an explanation of terminology, for which no response is required.  PENAC avers, however, that Paragraph 47 renders the Amended Complaint indefinite and uncertain as to PENAC.

48.     The allegations in Paragraph 48 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, on that basis, denies them.

49.     The allegations in Paragraph 49 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies them.

50.     The allegations in Paragraph 50 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies them.

51.     The allegations in Paragraph 51 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, on that basis, denies them.

52.     The allegations in Paragraph 52 are not directed at PENAC and, therefore, no

response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies them.

53.     The allegations in Paragraph 53 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies them.

54.     The allegations in Paragraph 54 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies them.

55.     The allegations in Paragraph 55 are an explanation of terminology, for which no response is required.

56.     The allegations in Paragraph 56 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and, on that basis, denies them.

57.     The allegations in Paragraph 57 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, on that basis, denies them.

58.     The allegations in Paragraph 58 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, denies them.

59.     The allegations in Paragraph 59 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, on that basis, denies them.

60.     The allegations in Paragraph 60 are an explanation of terminology, for which no response is required.

61.     The allegations in Paragraph 61 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies them.

MDL 1917

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO DELL INC. AND DELL PRODUCTS L.P.'S FIRST AMENDED COMPLAINT

62.     The allegations in Paragraph 62 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, on that basis, denies them.

63.     The allegations in Paragraph 63 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, on that basis, denies them.

64.     The allegations in Paragraph 64 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, on that basis, denies them.

65.     The allegations in Paragraph 65 are an explanation of terminology, for which no response is required.

## IV. ALLEGATIONS CONCERNING AGENTS AND CO-CONSPIRATORS

66.     The allegations of Paragraph 66 state legal contentions to which no response is required.  To the extent a response is required, PENAC denies all of the allegations.

67.     The allegations in Paragraph 67 are ambiguous and/or unintelligible. To the extent that the allegations in Paragraph 67 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 67 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 67 relate to PENAC, PENAC denies all of the allegations.

68.     The allegations in Paragraph 68 are not directed at PENAC and, therefore, no response is required.  The allegations in Paragraph 68 also state legal contentions and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies them.  To the extent the allegations in Paragraph 68 relate to PENAC, PENAC denies all of the allegations.

69.     The allegations in Paragraph 69 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies them.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO DELL INC. AND DELL PRODUCTS L.P.'S FIRST AMENDED COMPLAINT

70.     The allegations in Paragraph 70 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies them.

71.     The allegations of Paragraph 71 are an explanation of terminology, for which no response is required.

72.     The allegations in Paragraph 72 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, on that basis, denies them.

73.     The allegations in Paragraph 73 are an explanation of terminology, for which no response is required.

74.     The allegations in Paragraph 74 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, on that basis, denies them.

75.     The allegations in Paragraph 75 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, on that basis, denies them.

76.     The allegations in Paragraph 76 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, on that basis, denies them.

77.     The allegations of Paragraph 77 state legal contentions to which no response is required.  To the extent that the allegations in Paragraph 77 relate to other Defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 77 relate to PENAC, PENAC denies all of the allegations.

### V. ALLEGATIONS CONCERNING TRADE AND COMMERCE

78.     To the extent that the allegations in Paragraph 78 relate to other Defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that

basis, denies them. The allegations in Paragraph 78 regarding "continuous and uninterrupted flow of interstate commerce and foreign commerce" are legal contentions to which no response is required. To the extent that the remaining allegations in Paragraph 78 require a response, PENAC denies all of the allegations.

79. To the extent that the allegations in Paragraph 79 state legal contentions, no response is required. To the extent a response is required and the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79, and, on that basis, denies them. PENAC denies any remaining allegations in Paragraph 79.

80. The allegations in Paragraph 80 state legal contentions to which no response is required. To the extent a response is required and the allegations in Paragraph 80 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 80 relate to PENAC, PENAC denies them.

## VI. FACTUAL ALLEGATIONS UNDERLYING THE UNLAWFUL CONSPIRACY

81. PENAC admits that the allegations in Paragraph 81 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

82. PENAC admits that the allegations in Paragraph 82 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

83. PENAC denies the allegations in Paragraph 83.

84. PENAC admits that the allegations in Paragraph 84 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

85. PENAC admits that the allegations in Paragraph 85 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

86. PENAC admits that the allegations in Paragraph 86 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

87. PENAC admits that the allegations in Paragraph 87 purport to describe CRT

14

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO DELL INC. AND DELL PRODUCTS L.P.'S FIRST AMENDED COMPLAINT

technology, but PENAC denies that such descriptions are accurate or complete.

88.     To the extent that the allegations in Paragraph 88 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 88 relate to other defendants or Dell, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent that the allegations in Paragraph 88 relate to PENAC, PENAC denies all of the allegations.  In particular, PENAC denies that Dell is entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 88.

89.     To the extent that the allegations in Paragraph 89 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 89 concern defendants other than PENAC, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and, on that basis, denies them.  To the extent the allegations in Paragraph 89 relate to PENAC, PENAC denies all allegations in Paragraph 89.  In particular, PENAC denies that Dell is entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 89.

90.     The allegations in Paragraph 90 are legal contentions to which no response is required.  To the extent that a response is required, PENAC denies each and every allegation in Paragraph 90.

91.     The allegations in Paragraph 91 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 91 relate to defendants other than PENAC, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

92.     To the extent that the allegations in Paragraph 92 state legal contentions, no response is required.  To the extent that the other allegations in Paragraph 92 relate to defendants other than PENAC, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 92 relate to PENAC, PENAC denies all of the allegations.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO DELL INC. AND DELL PRODUCTS L.P.'S FIRST AMENDED COMPLAINT

93.     The allegations in Paragraph 93 are not directed at PENAC, and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and, on that basis, denies them.

94.     The allegations in Paragraph 94 are legal contentions to which no response is required.  To the extent that a response is required, PENAC admits that in 2001 LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  To the extent that the allegations in Paragraph 94 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies any remaining allegations in Paragraph 94.

95.     The allegations in Paragraph 95 are legal contentions to which no response is required.  To the extent a response is required, PENAC denies the allegations in Paragraph 95.

96.     To the extent that the allegations in Paragraph 96 and its subparts state legal contentions, no response is required.  PENAC admits that in 2001 LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  PENAC admits that LG.Philips LCD Co., Ltd. was formed in 1999.  PENAC denies that it was supplied "CRTs" from Samtel.  To the extent that the remaining allegations in Paragraph 96 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 96 and its subparts relate to PENAC, PENAC denies them.

97.     The allegations in Paragraph 97 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 97 require a response, PENAC denies all of the allegations.

98.     The allegations in Paragraph 98 are legal contentions to which no response is required.  To the extent a response is required and that the allegations in Paragraph 98 relate to

defendants other than PENAC, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 98 require a response, PENAC denies all of the allegations.

99.    The allegations in Paragraph 99 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 99 require a response, PENAC denies all of the allegations.

100.    The allegation in the second sentence of Paragraph 100 is a legal contention to which no response is required.  PENAC otherwise lacks knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 100 and, on that basis, denies them.

101.    The allegation in the second sentence of Paragraph 101 is a legal contention to which no response is required.  PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in the first and third sentences of Paragraph 101 and, on that basis, denies them.  To the extent a response is required and the remaining allegations in Paragraph 101 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the remaining allegations in Paragraph 101 relate to PENAC, PENAC denies all of the allegations.

102.    The allegations in Paragraph 102 are legal contentions to which no response is required.  To the extent a response is required, PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 102 and, on that basis, denies them.

103.    To the extent that the allegations in Paragraph 103 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 103 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 103 relate to PENAC, PENAC denies all of the allegations.

104.    The allegations in Paragraph 104 are not directed at PENAC and, therefore, no response is required.  To the extent a response is required, PENAC lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and, on that basis, denies them.

105.    To the extent that the allegations in Paragraph 105 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 105 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 105 relate to PENAC, PENAC denies all of the allegations.

106.    To the extent that the allegations in Paragraph 106 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 106 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 106 concern PENAC, PENAC denies them.

107.    The allegations in Paragraph 107 relate to other defendants, and PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

108.    To the extent that the allegations in Paragraph 108 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 108 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 108 relate to PENAC, PENAC denies them.

109.    The allegations in Paragraph 109 state legal contentions to which no response is required.  To the extent a response is required, PENAC denies each and every allegation of Paragraph 109.

110.    To the extent that the allegations in Paragraph 110 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 110 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 110 relate to

PENAC, PENAC denies all of the allegations.

111.    To the extent that the allegations in Paragraph 111 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 111 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 111 relate to PENAC, PENAC denies all of the allegations.

112.    To the extent that the allegations in Paragraph 112 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 112 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 112 relate to PENAC, PENAC denies all of the allegations.

113.    To the extent that the allegations in Paragraph 113 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 113 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 113 relate to PENAC, PENAC denies all of the allegations.

114.    To the extent that the allegations in Paragraph 114 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 114 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 114 relate to PENAC, PENAC denies all of the allegations.

115.    To the extent that the allegations in Paragraph 115 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 115 relate to PENAC, PENAC denies all of the allegations.  PENAC denies any remaining allegations in Paragraph 115.

116.    To the extent that the allegations in Paragraph 116 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 116 relate to other

defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 116 relate to PENAC, PENAC denies all of the allegations.

117. To the extent that the allegations in Paragraph 117 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 117 relate to PENAC, PENAC denies all of the allegations.

118. To the extent that the allegations in Paragraph 118 state legal contentions, no response is required. To the extent that the allegations in Paragraph 118 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 118 relate to PENAC, PENAC denies all of the allegations. PENAC denies any remaining allegations in Paragraph 118.

119. To the extent that the allegations in Paragraph 119 state legal contentions, no response is required. To the extent that the allegations in Paragraph 119 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 119 relate to PENAC, PENAC denies all of the allegations.

120. The allegations in Paragraph 120 state legal contentions to which no response is required. To the extent that a response is required and the allegations in Paragraph 120 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 120 relate to PENAC, PENAC denies all of the allegations.

121. To the extent that the allegations in Paragraph 121 state legal contentions, no response is required. To the extent that the allegations in Paragraph 121 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 121 relate to

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO DELL INC. AND DELL PRODUCTS L.P.'S FIRST AMENDED COMPLAINT

PENAC, PENAC denies all of the allegations.

122.     To the extent that the allegations in Paragraph 122 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 122 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 122 relate to PENAC, PENAC denies all of the allegations.

123.     To the extent that the allegations in Paragraph 123 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 123 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 123 and its subparts relate to PENAC, PENAC denies all of the allegations.  PENAC denies any remaining allegations in Paragraph 123.

124.     To the extent that the allegations in Paragraph 124 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 124 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 124 relate to PENAC, PENAC denies all of the allegations.

125.     To the extent that the allegations contained in Paragraph 125 refer to public statements by government authorities, those statements speak from themselves and no response is required.  To the extent that the allegations in Paragraph 125 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 125 relate to PENAC, PENAC denies all of the allegations.

126.     To the extent that the allegations in Paragraph 126 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 126 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 126 relate to

PENAC, PENAC denies all of the allegations.

127.     To the extent that the allegations in Paragraph 127 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 127 relate to PENAC, PENAC denies all of the allegations.

128.     To the extent that the allegations in Paragraph 128 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 128 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 128 relate to PENAC, PENAC denies all of the allegations.

129.     To the extent that the allegations in Paragraph 129 state legal contentions, no response is required.  With respect to the third sentence, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 129 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 129 relate to PENAC, PENAC denies all of the allegations.

130.     To the extent that the allegations in Paragraph 130 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 130 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 130 relate to PENAC, PENAC denies all of the allegations.

131.     To the extent that the allegations in Paragraph 131 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 131 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 131 relate to PENAC, PENAC denies all of the allegations.

132.     The allegations in Paragraph 132 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 132 state legal contentions, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and, on that basis, denies them.

133.     The allegations in Paragraph 133 are legal contentions to which no response is required.  Additionally, the allegations in Paragraph 133 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and, on that basis, denies them.

134.     The allegations in Paragraph 134 are not directed at PENAC and, therefore, no response is required.  The allegations in Paragraph 134 also state legal contentions to no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and, on that basis, denies them.

135.     The allegations in Paragraph 135 are not directed at PENAC and, therefore, no response is required.  Additionally, the allegations in Paragraph 135 also state legal contentions to which no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and, on that basis, denies them.

136.     The allegations in Paragraph 136 are not directed at PENAC and, therefore, no response is required.  Additionally, the allegations in Paragraph 136 also state legal contentions to which no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and, on that basis, denies them.  PENAC denies any allegation or implications that "Philips" participated in any illegal conduct relating to any joint venture or otherwise.

137.     The allegations in Paragraph 137 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 137 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 137 relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and, on

that basis, denies them.

138.     The allegations in Paragraph 138 are not directed at PENAC and, therefore, no response is required.  Additionally, the allegations in Paragraph 138 state legal contentions to which no response is required.  To the extent that the allegations in Paragraph 138 relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, on that basis, denies them.

139.     To the extent that the allegations in Paragraph 139 state legal contentions, no response is required.  To the extent the allegations in Paragraph 139 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the their truth and, on that basis, denies them.   To the extent the allegations in Paragraph 139 relate to PENAC, PENAC denies all of the allegations.  PENAC specifically denies that any employee of LP Displays or LG.Philips Displays previously attended any meeting described in this Paragraph on its behalf.

140.     The allegations in Paragraph 140 are not directed at PENAC and, therefore, no response is required.  Additionally, the allegations in Paragraph 140 also state legal contentions to which no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and, on that basis, denies them.

141.     To the extent that the allegations in Paragraph 141 state legal contentions, no response is required.   PENAC, however, denies that it participated in, engaged in or was represented at any "Glass Meetings" or "bilateral discussions" at which agreements were reached on prices and supply levels for CRTs.  PENAC denies that it participated in any such "Glass meetings" or "bilateral discussions" after 2001 "through" LG.Philips Displays.  PENAC moreover avers that the use of the term "Philips" renders the Amended Complaint indefinite and uncertain as to PENAC.  To the extent that the allegations in Paragraph 141 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  In all other respects, PENAC denies the allegations in Paragraph 141.

142.     The allegations in Paragraph 142 state legal contentions to which no response is required.  PENAC also avers that the use of the term "Philips" renders the Amended Complaint indefinite and uncertain as to PENAC.  To the extent a response is required, PENAC denies all of the allegations in Paragraph 142.

143.     To the extent that the allegations in Paragraph 143 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 143 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 143 relate to PENAC, PENAC denies them.

144.     The allegations in Paragraph 144 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 144 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, on that basis, denies them. To the extent the allegations in Paragraph 144 relate to PENAC, PENAC denies all of the allegations.

145.     The allegations in Paragraph 145 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 145 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and, on that basis, denies them. To the extent the allegations in Paragraph 145 relate to PENAC, PENAC denies all of the allegations.

146.     The allegations in Paragraph 146 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 146 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and, on that basis, denies them. To the extent the allegations in Paragraph 146 relate to PENAC, PENAC denies all of the allegations.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO DELL INC. AND DELL
PRODUCTS L.P.'S FIRST AMENDED COMPLAINT

147.     The allegations in Paragraph 147 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 147 are not directed at PENAC and, therefore, no response is required.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and, on that basis, denies them. To the extent the allegations in Paragraph 147 relate to PENAC, PENAC denies all of the allegations.

148.     The allegations in Paragraph 148 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 148 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and, on that basis, denies them. To the extent the allegations in Paragraph 148 relate to PENAC, PENAC denies all of the allegations.

149.     The allegations in Paragraph 149 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 149 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, denies them. To the extent the allegations in Paragraph 149 relate to PENAC, PENAC denies all of the allegations.

150.     The allegations in Paragraph 150 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 150 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and, on that basis, denies them. To the extant that the allegations in Paragraph 150 relate to PENAC, PENAC denies all of the allegations.

151.     The allegations in Paragraph 151 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 151 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and, on that basis, denies them.

To the extent the allegations in Paragraph 151 relate to PENAC, PENAC denies all of the allegations.

152.     The allegations in Paragraph 152 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 152 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and, on that basis, denies them. To the extent the allegations in Paragraph 152 relate to PENAC, PENAC denies all of the allegations.

153.     The allegations in Paragraph 153 state legal contentions to which no response is required.     Additionally, the allegations in Paragraph 153 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and, on that basis, denies them. To the extent the allegations in Paragraph 153 relate to PENAC, PENAC denies all of the allegations.

154.     The allegations in Paragraph 154 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 154 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, on that basis, denies them. To the extent the allegations in Paragraph 154 relate to PENAC, PENAC denies all of the allegations.

155.     To the extent that the allegations in sentence one of Paragraph 155 are an explanation of terminology, no response is required.  To the extent that the allegations in Paragraph 155 state legal contentions, no response is required.  PENAC, however, avers that Dell's reference to "a corporate family or companies by a single name in its allegations of participation in the conspiracy" renders the Amended Complaint indefinite and uncertain.  To the extent that the remaining allegations in Paragraph 155 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO DELL INC. AND DELL PRODUCTS L.P.'S FIRST AMENDED COMPLAINT

them.  To the extent the remaining allegations in Paragraph 155 relate to PENAC, PENAC denies all of the allegations.

156.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and, on that basis, denies them.

157.    The allegations in Paragraph 157 are vague and ambiguous, as they do not identify any underlying product or service and, on that basis, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and, on that basis, denies them.  To the extent that the allegations contained in Paragraph 157 are derived from an analyst report, that report speaks for itself and no response is required.

158.    To the extent that the allegations in Paragraph 158 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 158 are derived from analyst reports, those reports speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and, on that basis, denies them.

159.    To the extent the allegations in Paragraph 159 state legal conclusions, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and, on that basis, denies them.

160.    The allegations in Paragraph 160 are legal contentions to which no response is required.  To the extent that a response is required, PENAC denies the allegations in Paragraph 160.

161.    To the extent that the allegations in Paragraph 161 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 161 refer to public statements by government authorities, those statements speak for themselves and no response is required.  Additionally, to the extent that the allegations in Paragraph 161 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 161 and, on that basis, denies them.

162.     To the extent that the allegations contained in Paragraph 162 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and, on that basis, denies them.

163.     To the extent that the allegations contained in Paragraph 163 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and, on that basis, denies them.

164.     To the extent that the allegations contained in Paragraph 164 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and, on that basis, denies them.

165.     To the extent that the allegations contained in Paragraph 165 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and, on that basis, denies them.

166.     To the extent that the allegations contained in Paragraph 166 refer to public statement by government authorities, those statements speak for themselves and no response is required.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and, on that basis, denies them.

167.     To the extent that the allegations contained in Paragraph 167 refer to public statements by government authorities, those statements speak for themselves and no response is required.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and, on that basis, denies them.

168.     To the extent that the allegations in Paragraph 168 refer to public filings by government authorities, those filings speak for themselves and no response is required.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO DELL INC. AND DELL PRODUCTS L.P.'S FIRST AMENDED COMPLAINT

169.     The allegations in Paragraph 169 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 169 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 169 relate to PENAC, PENAC denies them.

170.     To the extent that the allegations in the first sentence of Paragraph 170 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 170 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations contained in Paragraph 170 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 170 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

171.     The allegations in Paragraph 171 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 171 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

172.     To the extent the allegations contained in Paragraph 172 refer to public filings by government authorities, those filings speak for themselves and no response is required.  To the extent that the allegations in Paragraph 172 relate to the other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 172 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.  PENAC denies any remaining allegations in Paragraph 172.

173.     To the extent the allegations contained in Paragraph 173 refer to public statements

by government authorities, those statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 173 relate to the other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. PENAC denies the allegation and implication that the allegations in Paragraph 173 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

174. To the extent the allegations contained in Paragraph 174 refer to public statements by government authorities, those statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 174 relate to the other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. PENAC denies the allegation and implication that the allegations in Paragraph 174 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

175. To the extent that the allegations in Paragraph 175 state legal contentions, no response is required. To the extent the allegations contained in Paragraph 175 refer to public statements there listed, those statements speak for themselves and no response is required. PENAC admits the existence of the trade associations Korea Display Conference, Korean Display Equipment Material Industry Association, and Electronic Display Industrial Research Association of Korea, but PENAC denies that such descriptions are accurate or complete. To the extent that the allegations in Paragraph 175 relate to PENAC, PENAC denies them.

176. The allegations in Paragraph 176 are not directed at PENAC and, on that basis, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and, on that basis, denies them.

177. The allegations in Paragraph 177 are not directed at PENAC and, on that basis, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and, on that basis, denies them.

178. To the extent that the allegations in Paragraph 178 state legal contentions, no response is required. PENAC admits the existence of the Society for Information Display, but PENAC denies that such descriptions are accurate or complete. To the extent that the allegations

in Paragraph 178 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 178 relate to PENAC, PENAC denies all of the allegations.

179.     To the extent that the allegations in Paragraph 179 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 179 relate of other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 179 relate to PENAC, PENAC denies all of the allegations.

180.     The allegations in Paragraph 180 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 180 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 180 relate to PENAC, PENAC denies all of the allegations.

181.     The allegations in Paragraph 181 are legal contentions to which no response is required.   To the extent that the allegations in Paragraph 181 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 181 relate to PENAC, PENAC denies all of the allegations.

182.     The allegations in Paragraph 182 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and, on that basis, denies them.  To the extent the allegations in Paragraph 182 relate to PENAC, PENAC denies all of the allegations.

183.     The allegations in Paragraph 183 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and, on that basis, denies them.   To the extent the allegations in Paragraph 183 relate to PENAC, PENAC denies all of the allegations.

184.     The allegations in Paragraph 184 are not directed at PENAC and, on that basis, no

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO DELL INC. AND DELL PRODUCTS L.P.'S FIRST AMENDED COMPLAINT

response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 and, on that basis, denies them.  To the extent the allegations in Paragraph 184 relate to PENAC, PENAC denies all of the allegations.

185.    The allegations in Paragraph 185 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 and, on that basis, denies them.

186.    The allegation in the first sentence of Paragraph 186 is a legal contention to which no response is required.  With regard to the allegations in the second and third sentences, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.  With regard to the allegation in the last sentence of Paragraph 186, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies any remaining allegations contained in Paragraph 186.

187.    To the extent that the allegations in Paragraph 187 state legal contentions, no response is required.  To the extent that the allegations in the first sentence of Paragraph 187 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.  PENAC lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 187 and, on that basis, denies them.

188.    To the extent that the allegations in Paragraph 188 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 188 are derived from or purport to quote an industry news article, that news article speaks for itself and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and, on that basis, denies them.  To the extent that the allegations in Paragraph 188 relate to PENAC, PENAC denies all of the allegations.

189.    To the extent the allegations contained in Paragraph 189 are derived from or purport to quote a keynote speaker at a conference, that speaker speaks for himself and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 189 and, on that basis, denies them.

190.    To the extent the allegations contained in Paragraph 190 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and, on that basis, denies them.

191.    With regard to the first and second sentence of Paragraph 191, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  To the extent the third sentence of Paragraph 191 state legal contentions, no response is required.  To the extent that the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations relate to PENAC, PENAC denies all of the allegations.

192.    To the extent that the allegations in Paragraph 192 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and, on that basis, denies them.  To the extent that the allegations in Paragraph 192 relate to PENAC, PENAC denies all of the allegations.

193.    The allegations in Paragraph 193 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 and, on that basis, denies them.

194.    To the extent that the allegations in Paragraph 194 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 194 are derived from or purport to quote published statements, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 194 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC otherwise denies all of the allegations.

195.    To the extent the allegations of Paragraph 195 state legal contentions, no response

is required.  To the extent that the allegations in the third sentence of Paragraph 195 are derived from or purport to quote published statements made by the President of Skyworth Macao Commercial Offshore Co., Ltd., those published statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 195 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 195 relate to PENAC, PENAC denies all of the allegations.

196.     To the extent the allegations of Paragraph 196 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 196 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 196 relate to PENAC, PENAC denies all of the allegations.

197.     To the extent the allegations of Paragraph 197 and its subparts state legal contentions, no response is required.  To the extent a response is required, PENAC denies each and every allegation in Paragraph 197, including its subparts.

198.     To the extent the allegations of Paragraph 198 state legal contentions, no response is required.  To the extent a response is required, PENAC denies each and every allegation in Paragraph 198.

## VII. ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT

199.     To the extent that the allegations in Paragraph 199 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 199 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 199 relate to PENAC, PENAC denies all of the allegations.

200.     To the extent that the allegations in Paragraph 200 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 200 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO DELL INC. AND DELL PRODUCTS L.P.'S FIRST AMENDED COMPLAINT

1

2

and, on that basis, denies them.  To the extent that the allegations in Paragraph 200 relate to PENAC, PENAC denies all of the allegations.

3

4

5

6

7

201.     To the extent that the allegations in Paragraph 201 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 201 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 201 relate to PENAC, PENAC denies all of the allegations.

8

9

10

11

12

202.     To the extent that the allegations in Paragraph 202 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 202 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 202 relate to PENAC, PENAC denies all of the allegations.

13

14

15

16

17

203.     To the extent that the allegations in Paragraph 203 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 203 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 203 relate to PENAC, PENAC denies all of the allegations.

18

19

204.     To the extent that the allegations in Paragraph 204 state legal contentions, no response is required.   PENAC otherwise denies all of the allegations.

20

21

22

23

24

205.     To the extent that the allegations in Paragraph 205 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 205 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 205 relate to PENAC, PENAC denies all of the allegations.

25

26

27

28

206.     To the extent that the allegations in Paragraph 206 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 206 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

and, on that basis, denies them.  To the extent that the allegations in Paragraph 206 relate to PENAC, PENAC denies all of the allegations.

207.     To the extent that the allegations in Paragraph 207 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 207 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 207 relate to PENAC, PENAC denies all of the allegations.

208.     To the extent that the allegations in Paragraph 208 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 208 are derived from or purport to quote a Samsung document, that document speaks for itself and no response is required.  To the extent that the allegations in Paragraph 208 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 208 relate to PENAC, PENAC denies all of the allegations.

209.     To the extent that the allegations in Paragraph 209 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 209 purport to quote documents, those documents speak for themselves and no response is required.  PENAC, however, denies that such quotes are  accurate or complete.  PENAC moreover avers that the use of the term "Philips" in Paragraph 209 renders the allegations indefinite and uncertain.  To the extent that the allegations in Paragraph 209 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 209 and its subparts relate to PENAC, PENAC denies each and every allegation.

210.     To the extent that the allegations in Paragraph 210 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 210 purport to quote documents, those documents speak for themselves and no response is required.  PENAC, however, denies that such quotes are  accurate or complete.  PENAC moreover avers that the use

of the term "Philips" in Paragraph 210 renders the allegations indefinite and uncertain.  To the extent that the allegations in Paragraph 210 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 210 and its subparts relate to PENAC, PENAC denies each and every allegation.

211.    To the extent that the allegations in Paragraph 211 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 211 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 211 relate to PENAC, PENAC denies all of the allegations.

212.    To the extent that the allegations in Paragraph 212 state legal contentions, no response is required.  With regard to first and second sentence of Paragraph 212, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  With regard to the third sentence of Paragraph 212, to the extent that the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent the remaining allegations relate to PENAC, PENAC denies all of the allegations.

213.    To the extent that the allegations in Paragraph 213 state legal contentions, no response is required.  With regard to first and second sentence of Paragraph 213, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  With regard to the third sentence of Paragraph 213, to the extent that the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the remaining allegations relate to PENAC, PENAC denies all of the allegations.

214.    To the extent that the allegations in Paragraph 214 are derived from or purport to quote published statements made by a Deputy General Manager for an LG Electronics distributor, those statements speak for themselves and no response is required.  PENAC moreover avers that

the use of the term "Philips" in Paragraph 214 renders the allegations indefinite and uncertain as to PENAC.  To the extent that the allegations in Paragraph 214 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 214 relate to PENAC, PENAC denies all of the allegations.

215.    The allegations in Paragraph 215 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 and, on that basis, denies them.  To the extent the allegations in Paragraph 215 relate to PENAC, PENAC denies all of the allegations.

216.    To the extent that the allegations in Paragraph 216 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 216 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 216 relate to PENAC, PENAC denies all of the allegations.

217.    The allegations in Paragraph 217 state legal contentions to which no response is required.  To the extent the allegations in Paragraph 217 require a response, PENAC denies them.

218.    The allegations in Paragraph 218 state legal contentions to which no response is required.  To the extent the allegations in Paragraph 218 require a response, PENAC denies them.

## VIII. ALLEGATIONS CONCERNING CLAIM FOR VIOLATIONS OF 15 U.S.C. § 1

219.    PENAC repeats and incorporates by reference its responses to Paragraph 1 through 218 of the Amended Complaint with the same force and effect as if set forth herein at length.

220.    The allegations in Paragraph 220 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 220 require a response, PENAC denies all allegations.

221.    The allegations in Paragraph 221 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 221 require a response

PENAC denies each and every allegation.

222.   The allegations in Paragraph 222 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 222 require a response PENAC denies each and every allegation.

223.   The allegations in Paragraph 223 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 223 require a response PENAC denies each and every allegation.

224.   The allegations in Paragraph 224 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 224 require a response PENAC denies each and every allegation.

225.   The allegations in Paragraph 225 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 225 require a response PENAC denies each and every allegation.

226.   The allegations in Paragraph 226 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 226 and its subparts require a response, PENAC denies each and every allegation.

227.   The allegations in Paragraph 227 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 227 require a response, PENAC denies each and every allegation.

## IX. ALLEGATIONS CONCERNING PRAYER FOR RELIEF

228.   PENAC denies that Dell suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Amended Complaint, and further denies that Dell is entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint. All allegations of the Amended Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

## AFFIRMATIVE DEFENSES

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO DELL INC. AND DELL PRODUCTS L.P.'S FIRST AMENDED COMPLAINT

Without assuming any burden it would not otherwise bear, PENAC asserts the following additional and/or affirmative defenses to Dell's Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Amended Complaint, and each of its claims for relief, fails to state sufficient facts upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

The conduct alleged to provide a basis for the claims of Dell did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States. The Court, therefore, lacks subject matter jurisdiction of the claims of Dell.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Dell's claims for any foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because Dell has failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## FOURTH AFFIRMATIVE DEFENSE

### (Vagueness of Claims)

Dell's claims should be dismissed for uncertainty and vagueness and because its claims are ambiguous and/or unintelligible.  PENAC avers that Dell's claims do not describe the events or legal theories with sufficient particularity to permit PENAC to ascertain what other defenses may exist.  PENAC therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Plead Conspiracy with Particularity)

Dell's claims should be dismissed to the extent that they are barred, in whole or in part,

because Dell has failed to allege conspiracy with sufficient particularity.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Dell's claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unilateral Action)

Dell's claims are barred, in whole or in part, because the actions or practices of PENAC that are the subject of the Amended Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of PENAC's independent interests, and were not the product of any contract, combination or conspiracy between PENAC and any other person or entity.

## EIGHTH AFFIRMATIVE DEFENSE

### (Rule of Reason)

Dell's claims are barred, in whole or in part, because any acts or practices of PENAC that are the subject of the Amended Complaint were adopted in furtherance of legitimate business interests of PENAC and do not unreasonable restrain competition.

## NINTH AFFIRMATIVE DEFENSE

### (Competition)

Dell's claims are barred, in whole or in part, because any acts or practices of PENAC that are the subject of the Amended Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

## TENTH AFFIRMATIVE DEFENSE

### (Non-actionable or Governmental Privilege)

Dell's claims are barred, in whole or in part, because the alleged conduct of PENAC that is the subject of the Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Act of PENAC)**

Dell's claims should be dismissed to the extent that they are barred, in whole or in part, because Dell has not been injured in its business or property by reason of any action of PENAC.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Intervening Conduct)**

Dell's claims are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of PENAC and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(*Ultra Vires*)**

To the extent that any actionable conduct occurred, Dell's claims against PENAC are barred because all such conduct would have been committed by individuals acting *ultra vires*.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Damages Passed On)**

Dell's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Amended Complaint, which PENAC specifically denies, was passed on to persons or entities other than Dell and/or was passed on by Dell to other parties.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Withdrawal)**

To the extent that any actionable conduct occurred for which PENAC is liable, some or all of Dell's claims against PENAC are barred because PENAC withdrew from and/or abandoned any alleged conspiracy prior to the commencement of the limitations period set forth in applicable statutes of limitations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

43                                                              MDL 1917

**(Failure to Mitigate Damages)**

Dell's claims should be dismissed, in whole or in part, because Dell failed to take all necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

Dell's claims should be dismissed to the extent that they are barred, in whole or in part, because Dell would be unjustly enriched if it was allowed to recover any part of the damages alleged in the Amended Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Set Off)**

Without admitting that Dell is entitled to recover damages in this matter, PENAC is entitled to set off from any recovery Dell may obtain against PENAC any amount paid to Dell by any other Defendants who have settled, or do settle, Dell's claims in this matter.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Legal Acts)**

Dell's claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Waiver and Estoppel)**

Dell's claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
**(Laches)**

Dell's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Unclean Hands)**

1

2      Dell's claims should be dismissed to the extent that they are barred, in whole or in part, by

3   the equitable doctrine of unclean hands.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Acquiescence)**

6      Dell's claims should be dismissed to the extent that they are barred, in whole or in part, by

7   Dell's acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to

8   PENAC.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Accord and Satisfaction)**

11      Dell's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Improper Forum/Arbitration)**

14      Dell's claims against PENAC are barred to the extent that Dell has agreed to arbitration or

15   chosen a different forum for the resolution of its claims.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Adequate Remedy at Law)**

18      Dell's claims for injunctive relief should be dismissed because Dell has available an

19   adequate remedy at law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(Failure to Join Indispensable Parties)**

22      Dell's claims should be dismissed to the extent that they are barred, in whole or in part,

23   for failure to join indispensable parties.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(Due Process)**

26      Dell's claims are barred, in whole or in part, to the extent it seeks an improper multiple

27   punitive award for a single wrong because such an award would violate PENAC's rights

28   guaranteed by the Due Process clause of the Fifth Amendment of the United States Constitution.

45                                    MDL 1917

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Due Process)

Dell's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Due Process provision of the Fourteenth Amendment of the United States Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Equal Protection)

Dell's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Double Jeopardy)

Dell's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Excessive Fines)

Dell's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Excessive Fines provision of the Eighth Amendment of the United States Constitution.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Unconstitutional Multiplicity)

To the extent any recovery by Dell would be duplicative of recovery by other plaintiffs

and other lawsuits, subjecting PENAC to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Foreign Sales)

Dell's claims are barred, in whole or in part, because Dell may not recover damages, if any, based on sales outside of the United States.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Dell's claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Amended Complaint, the fact and extent of which PENAC specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Dell and/or third parties or entities, other than PENAC.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure To Plead Damages With Specificity)

Dell's claims are barred, in whole or in part, to the extent Dell has failed to plead damages with specificity as required by the federal laws cited.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Injury or Damages Offset by Benefits Received)

Dell's claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Dell received with respect to the challenged conduct.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Proportionality)

To the extent PENAC is found liable for damages, the fact and extent of which are expressly denied by PENAC, those damages must be reduced in proportion to PENAC's degree of fault.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

**(Release)**

The claims of one or more of the persons or entities Dell purports to represent are barred because they have been released.

## FORTIETH AFFIRMATIVE DEFENSE

**(No 'Full Consideration' Damages)**

Dell's claims are barred, in whole or in part, because Dell is not entitled to "full consideration" damages.

## FORTY-FIRST AFFIRMATIVE DEFENSE

**(Other Defenses Incorporated by Reference)**

PENAC adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that PENAC may share in such affirmative defenses.

## FORTY-SECOND AFFIRMATIVE DEFENSE

**(Reservation of Rights to Assert Additional Defenses)**

PENAC  has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. PENAC further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

**WHEREFORE**, PENAC prays as follows:

1.      That Dell takes nothing by way of the Amended Complaint and the Amended Complaint be dismissed with prejudice;

2.      That judgment be entered in favor of PENAC and against Dell on each and every claim for relief set forth in the Complaint;

3.      That PENAC recover its costs of suit and attorneys' fees incurred herein; and

4.      That PENAC be granted such other and further relief as the Court deems just and proper.

1

2

3   Dated: October 7, 2013                          Respectfully Submitted:

4

5

By: /s/ Jon V. Swenson
6                                               Jon V. Swenson (SBN 233054)
BAKER BOTTS L.L.P.
7                                               1001 Page Mill Road
Building One, Suite 200
8                                               Palo Alto, CA 94304
Telephone: (650) 739-7500
9                                               Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com
10

11                                              BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
12                                              Joseph Ostoyich  (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
13                                              Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
14                                              Washington, D.C. 20004-2400
Telephone: (202) 639-7700
15                                              Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
16                                              Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
17                                              Email: charles.malaise@bakerbotts.com

18

19                                              *Attorney for Defendant Philips Electronics
North America Corporation*

20

21

22

23

24

25

26

27

28
                                          49                              MDL 1917
───────────────────────────────────────────────────────
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO DELL INC. AND DELL
PRODUCTS L.P.'S FIRST AMENDED COMPLAINT