Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America Information Systems, Inc.,*
*and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to<br>Case No. 13-cv-02171-SC<br><br>DELL INC. and DELL PRODUCTS L.P.,<br><br>     Plaintiffs,<br><br>  v.<br><br>HITACHI, LTD., *et al.*,<br><br>     Defendants. | **THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS DELL'S FIRST AMENDED COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:  December 20, 2013<br>Time:  10:00 a.m.<br>Before: Hon. Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

NOTICE OF MOTION AND MOTION ..................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................2

I.     STATEMENT OF THE ISSUE.........................................................................................2

II.    INTRODUCTION ............................................................................................................2

III.   FACTUAL BACKGROUND............................................................................................3

IV.    ARGUMENT...................................................................................................................4

     A.     Dell's Complaint Should Be Dismissed With Respect To The
          Toshiba Defendants Because Dell Has Failed To Allege Facts
          Sufficient To Confer Standing Under The "Ownership Or Control"
          Exception To *Illinois Brick*........................................................................4

          1.     Dell Is An Indirect Purchaser And Must Plead Facts To
               Support Standing Under A Recognized Exception To
               *Illinois Brick* .............................................................................4

          2.     Dell Has Failed To Establish Standing Under The Ownership
               Or Control Exception To *Illinois Brick* ....................................5

               a.     Dell's Allegations Of Conspiracy By "Group
                    Pleading" Fail To Adequately Establish Standing.......................7

               b.     Dell Also Fails To Sufficiently Plead Facts To Confer
                    Standing On Its CRT Product Purchases From OEMs
                    And "Other Suppliers"..................................................................8

CONCLUSION.......................................................................................................................10

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## TABLE OF AUTHORITIES

Cases                                                                                                    Page

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................4

*Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*,
    602 F.3d 237 (3rd Cir. 2010) ...........................................................................5

*Illinois Brick Co. v. Illinois*,
    431 U.S. 720 (1977)......................................................................................2, 5

*In re: ATM Fee Antitrust Litig.*,
    686 F.3d 741 (9th Cir. 2012) ....................................................................5, 6, 7

*In re: CRT Antitrust Litig.*,
    No. 07-5944 (N.D. Cal. Aug. 21, 2013) ........................................................ 6

*In re: CRT Antitrust Litig.*,
    No. 07-5944 (N.D. Cal. Sept. 26, 2013)..........................................................4

*In re: CRT Antitrust Litig.*,
    No. 07-5944 (N.D. Cal. Oct. 1, 2013) ........................................................... 6

*In re: TFT-LCD (Flat Panel) Antitrust Litig.*,
    No. M 07-1827 SI , 2013 WL 1164897 (N.D. Cal. Mar. 20, 2013) ........................6, 8, 9

*In re: TFT-LCD (Flat Panel) Antitrust Litig.*,
    No. M 07-1827 SI (N.D. Cal. Aug. 24, 2011) .................................................7

*In re: TFT-LCD (Flat Panel) Antitrust Litig.*,
    267 F.R.D. 291 (N.D. Cal. 2010).....................................................................7

*In re: Mercedes-Benz Anti-Trust Litig.*,
    157 F. Supp. 2d 355 (D.N.J. 2001) .................................................................8

*Kendall v. Visa U.S.A., Inc.*,
    518 F.3d 1042 (9th Cir. 2008) ....................................................................5, 7

*Sun Microsystems, Inc. v. Hynix Semiconductor, Inc.*,
    608 F. Supp. 2d 1166 (N.D. Cal. 2009) .........................................................................8

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 20, 2013, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Samuel Conti, Toshiba Corporation ("TSB"), Toshiba America Information Systems, Inc. ("TAIS"), and Toshiba America Electronic Components, Inc. ("TAEC") (collectively, the "Toshiba Defendants") will and hereby do move the Court for an order dismissing the First Amended Complaint of Dell Inc. and Dell Products L.P. (collectively, the "Plaintiffs" or "Dell") ("FAC") against the Toshiba Defendants under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dell's claims for damages for its alleged direct purchases of products that contain CRTs ("CRT Products") must be dismissed with respect to the Toshiba Defendants because Dell has failed to allege facts sufficient to support standing under one of the recognized exceptions to *Illinois Brick's* bar on indirect purchaser actions.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the complete files and records in this action, oral argument of counsel, and such other and further matters as this Court may consider.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   STATEMENT OF THE ISSUE

Whether the Court should dismiss Dell's Complaint with respect to the Toshiba Defendants because Dell has failed to adequately allege facts to support standing under the "ownership or control" exception to *Illinois Brick* for its claims for damages based on purchases of CRT Products.

## II.   INTRODUCTION

Dell has failed to plead facts sufficient to support standing to pursue its claims for damages under *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). Dell has alleged a conspiracy to fix prices of CRTs, a product that Dell never directly purchased. To recover damages under the federal antitrust laws, Dell, as a purchaser of CRT Products — and, therefore, an *indirect* purchaser of the allegedly price-fixed product — must allege facts sufficient to support standing under one of the recognized exceptions to *Illinois Brick's* bar on indirect purchaser actions. As a result of this Court's order and ensuing stipulation, the only exception potentially available to Dell is the "ownership or control" exception. Dell has failed to plead facts to support standing under this exception for both groups of purchases for which it seeks damages: (1) those Dell allegedly purchased directly from unspecified defendants and/or co-conspirators; and (2) those Dell allegedly purchased from OEMs and other suppliers, who allegedly purchased CRTs from unspecified defendants and co-conspirators. For both of these groups of purchases, Dell has failed to identify *any* entity from which it actually purchased CRT Products. Dell thus fails to describe any relationship that would be the basis for satisfying the ownership or control exception to *Illinois Brick*. As to the Toshiba Defendants, Dell makes no allegations whatsoever that it purchased any CRT Products directly from any Toshiba Defendant or that any Toshiba Defendant manufactured the CRTs that were allegedly incorporated into the CRT Products purchased by Dell. As to purchases of monitors from OEMs and other suppliers, Dell makes no allegations that Dell owned or controlled these entities. Dell also makes no allegations that the Toshiba Defendants owned or controlled these entities. Thus, there is no basis to support Dell's

contention that it has standing under federal law to pursue damages against the Toshiba Entities based on either category of purchases. Dell's purported claim for damages based on the purchase of CRT Products must therefore be dismissed.

### III.  FACTUAL BACKGROUND

Dell has named four Toshiba Entities as Defendants: Toshiba Corporation, Toshiba America Consumer Products, L.L.C., Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc.  FAC ¶ 61-64.  Dell alleges that TSB, TACP, TAEC, and TAIS "manufactured, marketed, sold, and/or distributed CRT Products, either directly or through its subsidiaries or affiliates, throughout the United States."  FAC ¶ 61-64. Dell does not, however, allege that it purchased any CRT Products from any Toshiba Defendant.  The conspiracy as alleged in the First Amended Complaint concerns allegations of price-fixing of CRTs.  Dell, however, purchased CRT Products that incorporated allegedly price-fixed CRTs "directly from Defendants and co-conspirators, and/or Defendants' and co-conspirators' subsidiaries and affiliates, and/or any agents controlled by Defendants, Defendants' subsidiaries and affiliates, co-conspirators or co-conspirators' subsidiaries and affiliates."  FAC ¶ 20.   Dell also purchased CRT Products from original equipment manufacturers ("OEMs"), as well as other suppliers, which contained CRTs that had been purchased from Defendants and their co-conspirators.  *Id*.  Dell does not identify from whom it directly purchased the CRT Products.  Dell similarly does not identify the OEMs and "other suppliers."  Most critically, Dell does not allege that it owned or controlled the OEMs and other suppliers from whom it purchased monitors.  Nor does Dell allege that the Toshiba Defendants owned or controlled the OEMs and other suppliers from whom it purchased CRT Products.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## IV.   ARGUMENT

### A.   Dell's Complaint Should Be Dismissed With Respect To The Toshiba Defendants Because Dell Has Failed To Allege Facts Sufficient To Confer Standing Under The "Ownership Or Control" Exception To *Illinois Brick*

Dell's sole claim for damages, asserting a violation of Section 1 of the Sherman Act based on its alleged purchases of CRT Products, should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Dell has failed to plead facts sufficient to establish standing under *Illinois Brick*.

### 1.   Dell Is An Indirect Purchaser And Must Plead Facts To Support Standing Under A Recognized Exception To *Illinois Brick*

It is Dell's burden to plead facts that establish that it is entitled to the damages it seeks. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also In re: CRT Antitrust Litig.*, No. 07-5944, at 6 (N.D. Cal. Sept. 26, 2013) (order granting motion to dismiss) ("[T]he Court cannot see why Plaintiffs did not plead anything beyond threadbare allegations and legal conclusions. The Court recognizes the difficulty of pleading certain facts in complex, global antitrust cases, but the Court does not find that meeting the pleading standards of Rules 8 and 9(b) is insurmountable. . . .").

Dell has asserted indirect purchaser claims against the Toshiba Defendants and seeks damages based upon its alleged purchase of CRT Products. FAC ¶¶ 10, 20, 228. Dell does not allege that it purchased the allegedly price-fixed product itself (*i.e.*, CRTs). FAC ¶ 1. Dell has asserted claims against the Toshiba Defendants seeking to recover damages for its alleged purchase of CRT Products from unspecified "Defendants and co-conspirators," in addition to its indirect purchase of "CRT Products from original equipment manufacturers

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   ('OEMs'), as well as other suppliers, which contained CRTs that had been purchased from

2   Defendants and their co-conspirators."  FAC ¶ 20.

3          As an indirect purchaser, Dell does not have federal antitrust standing to seek damages

4   for its purchases of CRT Products.  *Illinois Brick*, 431 U.S. at 735; *see also In re: ATM Fee*

5   *Antitrust Litig.*, 686 F.3d 741, 750 (9th Cir. 2012) (holding that indirect purchasers lack

6   standing under the Sherman Act where they "never directly paid" the allegedly price-fixed

7   fee).  In order for Dell to overcome *Illinois Brick*'s preclusion of indirect claims, Dell must

8   plead facts in its complaint to establish that it has standing under an exception to

9   *Illinois Brick*.  *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1049-50 (9th Cir. 2008)

10  (affirming district court dismissal of Section 1 claims where plaintiffs failed to plead

11  sufficient facts to qualify for an *Illinois Brick* exception); *see also Howard Hess Dental Labs.*

12  *Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 259 (3rd Cir. 2010) ("[T]o state a viable claim

13  against the Dealers, the Plaintiffs must come within the coconspirator exception – or some

14  other exception – to *Illinois Brick*.").  Dell has failed to do so.

15          **2.   Dell Has Failed To Establish Standing Under The**
                    **Ownership Or Control Exception To *Illinois Brick***
16

17          Dell is barred from bringing claims for damages under Section 1 of the Sherman Act

18  because it cannot satisfy any of the exceptions *to Illinois Brick* that are recognized in the

19  Ninth Circuit.  *ATM Fee*, 686 F.3d at 749.  There are only three recognized exceptions:

20  (1) when the plaintiff purchased under "a preexisting cost-plus contract with the direct

21  purchaser"; (2) the "'co-conspirator' exception"; and (3) "when customers of the direct

22  purchaser own or control the direct purchaser or when a conspiring seller owns or controls

23  the direct purchaser."  *Id.* (internal citations omitted).  Based on a previous order by this

24  Court, Dell is precluded from claiming standing under the first two exceptions.  On

25  August 21, 2013, the Court issued an Order granting the Defendants' (including the Toshiba

26  Entities') motion to dismiss to the extent they challenged certain Direct Action Plaintiffs'

27  alleged right to proceed under the "cost-plus" and "co-conspirator" exceptions to

28  *Illinois Brick*.  Order Adopting in Part and Modifying in Part Special Master Report and Rec.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    on Defendants' Motion to Dismiss The DAPs' Complaint at 35, *In re: CRT Antitrust Litig.*,

2    No. 07-5944 (N.D. Cal. Aug. 21, 2013), ECF No. 1856 ("Aug. 21, 2013 Order") (order

3    granting, in part, motion to dismiss) ("Defendants' motion to dismiss the DAPs' Complaints

4    is granted to the extent that it challenges the DAPs' alleged right to proceed under the 'cost-

5    plus' and 'co-conspirator' exceptions to *Illinois Brick*.").[1]   On October 1, 2013, this Court

6    entered the Defendants' and Dell's stipulation as an order stating that (i) the issues addressed

7    by the Court's August 31, 2013 Order regarding the *Illinois Brick* exceptions apply to Dell;

8    and (ii) Dell does not seek to proceed under the "cost-plus" and "co-conspirator" exceptions

9    to *Illinois Brick*.   Stipulation and Order Setting Schedule for Defendants to Answer or

10   Otherwise Respond to the Dell Amended Complaint, at 4, *In re: CRT Antitrust Litig.*, No. 07-

11   5944 (N.D. Cal. Oct. 1, 2013), ECF No. 1971 ("Oct. 1, 2013 Order").   Therefore, Dell can

12   only assert the "ownership or control" exception in order to confer standing on its purchases

13   of CRT Products.

14        In *ATM Fee*, the Ninth Circuit held that the "ownership or control" exception is

15   available only where the initial seller of the price-fixed good owns or controls the direct

16   purchaser.   686 F.3d at 756 ("*Freeman* outlines that, whether a realistic possibility of suit

17   exists, depends on the existence of ownership or control between the direct purchaser and the

18   seller."); *id.* at 757 ("We decline to extend the exception noted in *Royal Printing* and

19   *Freeman* to situations where the seller does not own or control the direct purchasers . . . .").

20   The plaintiff must allege sufficient facts to support or explain the type of control exercised.

21   *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, 2013 WL 1164897, at *3 (N.D. Cal. Mar. 20,

22   2013) ("*LCD*").   Thus, in order to adequately plead the ownership or control exception to

23   *Illinois Brick*, Dell must allege which alleged Defendants or co-conspirators were initial

24   "sellers" of CRTs and name which Defendants, co-conspirators, OEMs or "other suppliers"

25   were the "direct purchasers" that ultimately sold finished CRT Products to Dell.   Dell must

26

27   [1] In this order, the Court denied the Defendants' motion to dismiss concerning the "ownership or control"
     exception, but specifically stated that "[t]he Court also makes no ruling on the adequacy of the DAPs'

28   allegations of ownership and control."   August 21, 2013 Order at 5.   Thus, the question of whether Dell has
     made appropriate allegations of ownership or control is properly before the Court.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

also allege that the entity that sold CRT Products to it were owned or controlled by itself, the Defendants or other named co-conspirators.  Without these basic facts, Dell fails to meet its pleading burden under the ownership and control exception.

          a.        **Dell's Allegations Of Conspiracy By "Group Pleading" Fail To Adequately Establish Standing**

Dell may argue that its Amended Complaint is adequate under the so-called "group pleading" standard.  Order Granting in Part Defendants' Motion to Dismiss at 7, *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal. Aug. 24, 2011), ECF No. 3359 ("*Best Buy*").  In the *Best Buy* case, the Court permitted Best Buy to rely on group pleading in the Track 1 case, on the ground that Best Buy's First Amended Complaint contained "a detailed description of actions taken in furtherance of the conspiracy both by defendants and their American subsidiaries," which was sufficient to put the defendants on notice of the charges against them."  *Id.*  The Toshiba Defendants dispute the adequacy of group pleading as a means of alleging each Defendant's role in the alleged conspiracy.  However, group pleading allegations for purposes of asserting a conspiracy are altogether different from the allegations necessary to support standing.

Dell's conclusory allegation that it directly purchased CRT Products from Defendants and co-conspirators fails to satisfy the detail required to fall under the ownership and control exception under *Illinois Brick*.   The Ninth Circuit has clarified that a purchaser of finished products containing an allegedly priced-fixed component cannot establish standing solely on the ground that it "purchase[d] directly from the alleged violator."  *ATM Fee*, 686 F.3d at 755 n.7 (alteration in original) (quoting *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 291, 307 (N.D. Cal. 2010)).  And the Ninth Circuit's decision in *Kendall* requires Dell to plead specific facts sufficient to confer standing under the ownership or control exception.  518 F.3d at 1050.

Dell's group pleading allegations fail to set out sufficient facts to satisfy the ownership or control exception as they do not even identify which entities act as "sellers" and "direct purchasers" under the *ATM Fee* framework.  Notably, although Dell pleads that the Toshiba

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   Defendants "manufactured, marketed, sold, and/or distributed CRT Products," Dell does not

2   allege anywhere in its complaint that it purchased CRT Products from any of the Toshiba

3   Defendants or that it purchased CRT Products containing a price-fixed CRT manufactured by

4   any of the Toshiba Defendants.  FAC ¶¶ 61-64.  Dell, as an experienced and sophisticated

5   corporation, should know who it purchased CRT Products from.  Dell's failure to allege these

6   basic facts makes it impossible for it to assert the more critical ownership or control facts

7   necessary to establish standing.  For these reasons alone, Dell's claims for damages under the

8   federal antitrust laws must be dismissed.

9          **b.    Dell Also Fails To Sufficiently Plead Facts To Confer**
           **Standing On Its CRT Product Purchases From OEMs And**
10         **"Other Suppliers"**

11          In its Complaint, Dell alleges that it "purchased CRT Products from original equipment

12   manufacturers ('OEMs'), as well as other suppliers, which contained CRTs that had been

13   purchased from Defendants and their co-conspirators."  FAC ¶ 20.  Dell, however, lacks

14   standing with respect to these purchases because it does not allege that it owned or controlled

15   either the OEMs or the "other suppliers" from whom it purchased CRT Products.  Nor does

16   Dell allege that the Toshiba Defendants owned or controlled these OEMs or other suppliers.

17          The "ownership or control" exception to *Illinois Brick* "has been construed to

18   encompass relationships involving such functional economic or other unity between the

19   direct purchaser and ***either the defendant or the indirect purchaser***, that there effectively has

20   been only one sale."  *Sun Microsystems, Inc. v. Hynix Semiconductor, Inc.*,

21   608 F. Supp. 2d 1166, 1180 (N.D. Cal. 2009) (emphasis added).  As explained elsewhere,

22   "[t]he rationale of *Illinois Brick's* bar to indirect purchaser suits does not apply where the

23   supposed intermediary is controlled by one or the other of the parties."  *LCD*,

24   2013 WL 1164897, at *2 (quoting *In re: Mercedes-Benz Anti-Trust Litig.*, 157 F. Supp.

25   2d 355, 355 (D.N.J. 2001)) (internal quotation marks omitted).  Thus, in order for Dell to

26   have standing with respect to its purchases of CRT Products from OEMs and other suppliers,

27   it must make sufficient allegations that (1) it owned or controlled these OEMs and other

28

THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS DELL'S FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   suppliers;  or  (2) the  Toshiba  Defendants  owned  or  controlled  these  OEMs  and  other

2   suppliers.

3       Far from making sufficient allegations of ownership or control, Dell does not make ***any***

4   allegations that it owned or controlled the OEMs and other suppliers from which it purchased

5   CRT Products.  Dell also does not make ***any*** allegations that the Toshiba Defendants owned

6   or controlled these OEMs and other suppliers.  Indeed, Dell appears to recognize that the

7   OEMs  in  question  are  not  related  to  any  Defendant.  *See* FAC ¶ 88.  ("Dell has also

8   participated in the market for CRTs as a buyer of CRT Products containing price-fixed CRTs

9   indirectly from non-Defendant OEMs and others.").  This failure to allege ownership and

10   control  is  fatal  to  Dell's  attempt  to  assert  standing  with  respect  to  these  purchases.  The

11   Court's decision in *LCD*, 2013 WL 1164897 (N.D. Cal. Mar. 20, 2013), explains why.

12       The Court in *LCD* considered a motion to dismiss filed against four plaintiffs:  Proview

13   Technology Inc. ("PTI") and three of its affiliated OEMs located in Taiwan and China.  *Id.*

14   at *1.  As alleged in the complaint, PTI received finished LCD products from its affiliated

15   OEMs through a process by which PTI instructed its affiliated OEMs to purchase the input

16   (LCD panels) and manufacture them into LCD finished products.  *Id.*  The *LCD* Court

17   considered  the  allegations  in  the  complaint,  but  found  that  the  plaintiffs  "fail[ed]  to

18   adequately allege that [their] claims fall within the control exception to *Illinois Brick*."  *Id.*

19   at *3.  Recognizing that the plaintiffs made conclusory allegations that PTI had "control of"

20   its affiliated OEMs, the *LCD* Court nevertheless held that these conclusory allegations

21   "fail[ed] to allege sufficient facts to support to explain the type of control exercised by PTI or

22   to demonstrate that it is adequate to meet the exception."  *Id.*  Thus, the Court granted the

23   motion to dismiss with respect to its affiliated OEMs.

24       By its decision, the *LCD* Court reveals the importance of adequate allegations of

25   ownership or control if plaintiffs seek to establish standing as an indirect purchaser.  Because

26   Dell has failed to make any allegations of ownership or control with respect to its purchases

27   of CRT Products from OEMs and other suppliers (much less adequate allegations, as

28   required by the *LCD* Court), it is apparent that Dell lacks federal antitrust standing with

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  respect to these purchases and that, as a result, the Toshiba Defendants' motion to dismiss
2  should be granted with respect to these purchases.

3  **CONCLUSION**

4  For these reasons, the Toshiba Defendants' motion to dismiss should be granted, and
5  Dell's complaint should be dismissed with respect to the Toshiba Defendants.

7  Respectfully submitted,

8  Dated:  October 7, 2013                    **WHITE & CASE** LLP

10  By: */s/ Lucius B. Lau*
      Christopher M. Curran (*pro hac vice*)
11    ccurran@whitecase.com
      Lucius B. Lau (*pro hac vice*)
12    alau@whitecase.com
      Dana E. Foster (*pro hac vice*)
13    defoster@whitecase.com
14    701 Thirteenth Street, N.W.
15    Washington, DC  20005
      tel.: (202) 626-3600
16    fax: (202) 639-9355

18    *Counsel to Defendants Toshiba*
      *Corporation, Toshiba America*
19    *Information Systems, and Toshiba*
      *America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

On October 7, 2013, I caused a copy of "THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS DELL'S FIRST AMENDED COMPLAINT" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

*/s/ Lucius B. Lau*
Lucius B. Lau

THE TOSHIBA DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS DELL'S FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917