

100 SPEAR STREET, 18TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105

TELEPHONE (415) 371-8500
FACSIMILE (415) 371-0500
WWW.KERRWAGSTAFFE.COM

October 15, 2013

WAGSTAFFE@KERRWAGSTAFFE.COM

**VIA ECF AND HAND DELIVERY**

The Honorable Samuel Conti
Senior United States District Judge
United States District Court
Northern District of California
Courtroom No. 1, 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

> **Re:**   *In re: Cathode Ray Tube (CRT) Antitrust Litigation*:
>            Motion for Discovery Order and to Strike Errata

Dear Judge Conti**:**

Plaintiffs[1] write concerning Defendant's ongoing obstructionist deposition tactics. Despite the Court's order in the Discovery and Case Management Protocol [Dkt. No. 1128] regarding deposition objections, certain Defense counsel for Toshiba continue to obstruct and delay Plaintiffs' depositions of fact witnesses by lodging multiple objections to nearly every question asked and even rewriting the witnesses' substantive testimony via errata after the fact.

Plaintiffs submit that a discovery magistrate or Special Master is ***not needed***.[2]  Instead, these discovery issues can be resolved with the following requested relief in the form of an order from this Court: (1) limiting future objections to the statement "Objection to form"; and (2) striking Toshiba's substantive, contradictory changes to the deposition errata of Mr. Yamamoto.

---

[1] This letter is sent on behalf of the Direct Action Plaintiffs ("DAPs"), Indirect Purchaser Class Plaintiffs ("IPPs"), and the California Attorney General, collectively "Plaintiffs." Plaintiffs have filed a letter brief in lieu of a motion pursuant to this Court's instruction to follow the same procedures in place for discovery disputes that were utilized with Judge Legge. IPPs withdraw their request for a discovery magistrate, which they submitted in advance of the most recent Toshiba witness deposition and instead seek the relief requested here.

[2] Toshiba's September 30, 2013, letter to this Court misrepresents what occurred at the deposition of Mr. Tsuruta and should not divert attention away from the consistent obstructionist tactics employed by Toshiba's counsel as set forth in the record cited below. *See* MDL Dkt. No. 1967.

The Honorable Samuel Conti
October 15, 2013
Page 2

## A.      Defense Counsel's Objections Should be Limited to "Object to Form"

Due to the number of objections asserted by Defense counsel for Toshiba during Mr. Yamamoto's deposition on July 2, 2013, Plaintiffs sought Judge Legge's assistance.  Judge Legge joined the deposition via telephone and was clear that Toshiba's counsel's assertion of hundreds of objections was "absolutely unreasonable" and admonished Toshiba's counsel that objections should be short: "no more than one or two words per your objection." (Deposition of Yasuki Yamamoto ("Yamamoto Dep."), attached as Ex. A to Wagstaffe Decl., at 256:24-258:2).  Judge Legge provided clear instructions to counsel for all parties: (1) objections should be limited to one or two words setting forth the basis of the objection; (2) counsel should not lodge multiple objections to each question; (3) if repeating objections, counsel should say "same objection"; (4) counsel should not offer substantive objections; and (5) Defense counsel may instruct a witness not to answer a question only based on privilege. (Yamamoto Dep. at 256:24-260:14).[3]  Judge Legge also made it clear that there would be sanctions for failing to abide by his instructions.

Despite this clear instruction from Judge Legge, the same obstructionist behavior continued at the deposition of Jae In Lee on July 24, 2013.  At this deposition, Toshiba's counsel continued to interrupt the proceedings to object thousands of times at a deposition for a witness he did not even represent.  When Plaintiffs' counsel reminded counsel for Toshiba of Judge Legge's instructions during the Yamamoto deposition, a mere three weeks earlier, Toshiba's counsel (who defended the deposition of Mr. Yamamoto) took the indefensible position that Judge Legge's prior Order regarding objections was limited exclusively to the Yamamoto deposition.  (Deposition of Jae In Lee ("Lee Dep."), attached as Ex. B to Wagstaffe Decl., at 115:5-9, 115:24-116:2).

The following chart illustrates this growing problem, with Toshiba's counsel objecting on more than 80% of the pages of transcripts of recent depositions:

| Toshiba Deponent | Number of Pages with Objections | Percentage of Pages with Objections |
|---|---|---|
| K. Nishimaru | 408/466 | 87% |
| Y. Yamamoto | 386/469 | 82% |

The only reason for asserting thousands of objections is to coach the witness or to needlessly delay the proceedings; neither reason is justified.  These depositions are translated into Japanese or Korean for the witness, and every objection is also translated, which magnifies

---

[3] Due to an equipment error, the entirety of Judge Legge's ruling during Mr. Yamamoto's deposition was not transcribed by the court reporter.  The major points—limiting objections to one or two words and that counsel should not be giving instructions not to testify on grounds other than privilege—are memorialized in the transcript.

the delay caused by the objections. Such conduct—particularly in light of Judge Legge's prior instructions—is sanctionable. *See*, *e.g.*, *Craig v. St. Anthony's Med. Ctr.*, 384 F. App'x 531, 533 (8th Cir. 2010) (upholding award of sanctions where attorney made substantial number of objections during deposition); *Morales v. Zondo, Inc.*, 204 F.R.D. 50, 54 (S.D.N.Y. 2001) (awarding sanctions for discovery abuse where attorney appeared on more than 85% of pages of deposition transcript with objections); *Van Pilsum v. Iowa State Univ. of Sci. & Tech.*, 152 F.R.D. 179, 181 (S.D. Iowa 1993) (imposing sanctions where counsel's objections "monopolize[d] 20% of his client's deposition"); *Unique Concepts, Inc. v. Brown*, 115 F.R.D. 292 (S.D.N.Y. 1987) (imposing sanctions when counsel objected to form on 91% of the deposition pages).

Moreover, a review of the objections lodged clearly demonstrates that Defense counsel has frivolously objected to mundane foundational inquiries and questions with straightforward answers:





During multiple meet and confers, Plaintiffs' counsel have offered to accept standing objections and made clear that objections "to form" would preserve *all* form objections; Defense counsel have repeatedly and vociferously declined this offer. ███████████████████████████████████████████████████████████████████████████████████████████████████████ [4]

---

[4] Plaintiffs met and conferred multiple times with Toshiba's counsel to try and reach a resolution on this issue.  In a final effort to reach a resolution, Plaintiffs provided a summary of their proposed compromise—that Toshiba's counsel simply "Object to Form"—in a letter dated October 9, 2013.  (*See* Ex. G to Wagstaff Decl.).  Toshiba again rejected Plaintiffs' proposed compromise on October 10, 2013.  (*See* Ex. H to Wagstaff Decl.).

Rather than seek sanctions, Plaintiffs simply request that parties be limited to "Objection to Form." Notably, Panasonic's counsel has followed this practice at the recent deposition of Mr. Masashi Muramatsu and, as a result, that deposition finished in a mere day and a half. And Toshiba follows this same protocol in another antitrust MDL pending in the Northern District of California where it is also a defendant. *See* Civil Standing Order for Magistrate Judge Joseph C. Spero, *In re: Optical Disk Drive Prod. Antitrust Litig.*, No. 3:10-md-2143 (N.D. Cal.) at Para 16 ("Deposition objections must be as to privilege or form only. Speaking objections are prohibited."). Also, in this District, Judge Grewal recently certified this requested practice where attorneys have persisted with unnecessary objections. *See Perez v. State Farm Mut. Auto. Ins. Co.*, No. 06-CV-01962 JW PSG, 2011 WL 1496326, at *2 (N.D. Cal. Apr. 20, 2011) (Grewal, J.) (holding that for depositions, "all objections to the form of a question shall be made on the record by stating 'objection, form'").

Furthermore, such a directive would help to effectuate the Court's case management protocol, which requires that the parties state all objections "concisely in a non-argumentative and non-suggestive manner." (Apr. 3, 2012, Order re Discovery & Case Mgmt. Protocol, Dkt. No. 1128, at 10). Plaintiffs request that Your Honor issue a similar order which would require parties to limit their objections to "Objection, Form." *See Morales*, 204 F.R.D. at 54 (limiting the attorneys to simply stating "objection" during the witnesses' deposition); *Applied Telematics, Inc. v. Sprint Corp.*, No. Civ. A, 94-CV-4603, 1995 WL 79237, at *1 (E.D. Pa. Feb. 22, 1995) (noting that "objection to form" should be "sufficient explanation to notify the interrogator of the ground for the objection, and thereby allow revision of the question" (quotation marks and citation omitted)). Accordingly, Plaintiffs respectfully request an Order that parties be limited to "Objection to form."

### B.     Toshiba Improperly Made Contradictory Errata Changes to the Yamamoto Deposition Transcript.

Toshiba's counsel submitted errata sheets that contradict the sworn testimony of its witness in violation of Ninth Circuit law and the Federal Rules of Civil Procedure. On August 26, 2013, Toshiba's counsel provided Plaintiffs with extensive lists of errata changes for Mr. Yamamoto.[5] (Yasuki Yamamoto Errata Sheet ("Errata Sheet"), attached as Ex. F to Wagstaffe Decl.). Toshiba identified more than a hundred changes to this witness' sworn testimony, each of which Toshiba labeled a "Transcription error," "Translation error," or, most relevant here, a "Clarification." (*See* Errata Sheet). But despite these innocuous characterizations, several of Toshiba's changes substantively change or contradict the sworn testimony of Mr. Yamamoto at his deposition. Pursuant to well-settled Ninth Circuit precedent and Federal Rule of Civil Procedure 30(e), these substantive, contradictory changes should be stricken.

---

[5] Plaintiffs sent a letter to Toshiba's counsel on September 11, 2013 requesting Toshiba revisit these voluminous errata changes. (*See* Ex. D to Wagstaff Decl.). Toshiba did not respond for almost a month, and on October 3, 2013, wrote that it refused to strike any changes from Mr. Yamamoto's errata sheet. (*See* Ex. E to Wagstaff Decl.).

The Ninth Circuit permits only "corrective, and not contradictory, changes" under Rule 30(e). *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1226 (9th Cir. 2005). This rule prevents a witness from trying to "answer the questions with no thought at all then return home and plan artful responses.'" *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-CV-1392 JLS (NLS), 2010 WL 4817990, at *2 (S.D. Cal. Nov. 22, 2010) (quoting *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002)). Even though they may be labeled as mere "Clarification[s]," under *Hambleton*, Toshiba's errata changes should be stricken if they "substantively change or contradict" Mr. Yamamoto's original deposition testimony. *Teleshuttle Techs. LLC v. Microsoft Corp.*, No. C04-02927 JW (HRL), 2005 WL 3259992, at *2 (N.D. Cal. Nov. 29, 2005) (striking testimony labeled as a "clarification" because it contradicted the deposition testimony); *see also Lewis v. The CCPOA Benefit Trust Fund*, No. C-08-03228-VRW (DRM), 2010 WL 3398521, at *2 (N.D. Cal. Aug. 27 2010) (striking contradictory errata changes despite argument that changes "seek to correct honest mistakes").

The Yamamoto errata sheet contains several substantive changes Toshiba identified as "clarifications" that should be stricken and deemed inadmissible at all future proceedings. First, Toshiba contradicts Mr. Yamamoto's testimony





---

[6]Plaintiffs made one more attempt to meet and confer on this issue before filing the instant motion. █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Toshiba's newest position, however, is undermined by its errata submission where it clearly notes the reason for changing Mr. Yamamoto's sworn testimony as a "Clarification." Moreover, Defendants' own check translator did not object to the lead interpreter's translation as required by the Deposition Protocol. *See* Discovery and Case Management Protocol, Dkt. No. 1128 at VII(B) ("If a 'check' interpreter objects to any portion of the official interpretation, the objection shall be stated simply for the record."). Plaintiffs are therefore entitled to rely upon the record established in Mr. Yamamoto's deposition.

████████████████████ [7] Rule 30(e) only provides for "corrective" changes. *Hambleton*, 397 F.3d at 1226.  This change is a substantive change, not a mere correction.  Toshiba simply cannot use Rule 30(e) "'to alter what was said under oath.'" *Tourgeman*, 2010 WL 4817990, at *2 (quoting *Garcia*, 299 F.3d at 1242 n.5).

████████████████████████████████

███████████  Toshiba cannot "delet[e] part of an answer" in order to make "substantive 'changes offered solely to create a material factual dispute,'" which is exactly what Toshiba attempts to do by muddying Mr. Yamamoto's affirmative responses.  *Teleshuttle*, 2005 WL 3259992, at *2.  The Court should strike these contradictory changes as well.

For these reasons, Plaintiffs respectfully request that the Court strike these contradictory changes.

### C.     Conclusion

Accordingly, Plaintiffs request an order: (1) limiting future objections to the statement "Objection to form"; and (2) striking the Toshiba Defendants' errata, which contradict the deponent's substantive testimony.

Very truly yours,

JAMES M. WAGSTAFFE

---

[7] ████████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████████████████████

[8] For example, Plaintiffs' counsel asked whether Mr. Yamamoto ███████████
████████████████████████████████████████████
████████████████████████████████