Pages 1 – 35

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE SAMUEL CONTI, JUDGE

IN RE CATHODE RAY TUBE          )
ANTITRUST LITIGATION            )         MDL NO. 1917
                                          CASE NO. C 07–5944 SC

                                          San Francisco, California
                                          Friday
                                          September 13, 2013
                                          10:02 a.m.


TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiffs:            SAVERI & SAVERI, INC.
                           705 Sansome Street
                           San Francisco, California  94111
                      BY:  GUIDO SAVERI, ESQ.
                           R. ALEXANDER SAVERI, ESQ.
                           CADIO ZIRPOLI, ESQ.

                           TRUMP ALIOTO TRUMP & PRESCOTT LLP
                           2280 Union Street
                           San Francisco, California  94123
                      BY:  MARIO N. ALIOTO, ESQ.

                           LAW OFFICE OF JOSEPH M. PATANE
                           228 Union Street
                           San Francisco, California  94123
                      BY:  JOSEPH M. PATANE, ESQ.

                           HAUSFELD, LLP
                           44 Montgomery Street
                           Suite 3400
                           San Francisco, California  94104
                      BY:  MICHAEL LEHMANN, ESQ.


 (Appearances continued, next page)

APPEARANCES, CONTINUED:

For Plaintiffs:

                        ROBINS KAPLAN MILLER & CERISI LLP.
                        2049 Century Park East
                        Suite 3400
                        Los Angeles, California  90067-3211
                    BY: ROMAN M. SILBERFELD, ESQ.
                        LAURA E. NELSON, ESQ.

                        GROSS BELSKY ALONSO LLP
                        One Sansome Street
                        Suite 3670
                        San Francisco, California  94104
                    BY: TERRY GROSS, ESQ.

                        BOIES SCHILLER & FLEXNER LLP
                        30 South Pearl Street
                        Albany, New York  12207
                    BY: ANNE M. NARDACCI, ESQ.
                        PHILIP J. IOVIENO, ESQ.

                        KELLOGG, HUBER, HANSEN, TODD,
                          EVANS & FIGEL, P.L.L.C.
                        Sumner Square
                        1615 M Street, N.W.
                        Suite 400
                        Washington, D.C.  20036
                    BY: STEVEN F. BENZ, ESQ.

                        LIEFF CABRASER
                          HEIMANN & BERNSTEIN, LLP
                        275 Battery Street
                        29th Floor
                        San Francisco, California  94111-3339
                    BY: LIN Y. CHAN, ESQ.

                        CROWELL & MORING, LLP
                        1001 Pennsylvania Avenue, N.W.
                        Washington, D.C.  20004-2595
                    BY: JEROME A. MURPHY, ESQ.

                        CROWELL & MORING, LLP
                        515 South Flower Street
                        40th Floor
                        Los Angeles, California  90071-2258
                    BY: JASON C. MURRAY, ESQ.

 (Appearances continued, next page)

APPEARANCES, CONTINUED:


For Plaintiffs:

                        KENNY NACHWALTER
                        1100 Miami Center
                        201 South Biscayne Boulevard
                        Miami, Florida  33131-4327
                BY:  WILLIAM J. BLECHMAN, ESQ.


                        COTCHETT, PITRE & MCCARTHY, LLP
                        San Francisco Airport Office Center
                        840 Malcolm Road
                        Burlingame, California  94010
                BY:  STEVEN M. WILLIAMS, ESQ.


                        POLSINELLI
                        120 West 12th Street
                        Kansas City, Missouri  64105-1929
                BY:  DANIEL D. OWEN, ESQ.


                        PAUL, WEISS, RIFKIND,
                          WHARTON & GARRISON LLP
                        2001 K Street, N.W.
                        Washington, D.C.  20006-1047
                BY:  CRAIG BENSON, ESQ.


                        SUSMAN GODFREY LLP
                        1000 Louisiana Street
                        Suite 5100
                        Houston, Texas  77002
                BY:  JONATHAN J. ROSS, ESQ.
                     KENNETH S. MARKS, ESQ.


                        COOPER & KIRKHAM, P.C.
                        357 Tehama Street
                        Second Floor
                        San Francisco, California  94103
                BY:  JOHN D. BOGDANOV, ESQ.


                        PERKINS COIE LLP
                        1201 Third Avenue
                        Suite 4800
                        Seattle, Washington  98101-3099
                BY:  DAVID J. BURMAN, ESQ.
                     ERIC J. WEISS, ESQ.


 (Appearances continued, next page)

APPEARANCES, CONTINUED:

For Plaintiffs:
                          STEYER LOWENTHAL BOODROOKAS
                            ALVAREZ & SMITH, LLP
                          One California Street
                          Third Floor
                          San Francisco, California  94111
                    BY:   ALLAN STEYER, ESQ.

                          KERR & WAGSTAFFE LLP
                          100 Spear Street
                          Suite 1800
                          San Francisco, California  94105
                    BY:   JAMES M. WAGSTAFFE, ESQ.

                          ALSTON & BIRD, LLP
                          One Atlantic Center
                          1201 West Peachtree Street
                          Atlanta, Georgia  30309-3424
                    BY:   MICHAEL P. KENNY, ESQ.

For Defendants Panasonic and MT Picture Display:
                          WINSTON & STRAWN, LLP
                          200 Park Avenue
                          New York City, New York  10166
                    BY:   JEFFREY L. KESSLER, ESQ.
                          MOLLY DONOVAN, ESQ.

For Defendants Beijing-Matsushita Color CRT Company, Ltd.:
                          FRESHFIELDS BRUCKHAUS DERINGER US, LLP
                          701 Pennsylvania Avenue, N.W.
                          Suite 600
                          Washington, D.C.  20004
                    BY:   RICHARD SUTTON SNYDER, ESQ.

For Defendants Samsung Entities:
                          SHEPPARD MULLIN RICHTER & HAMPTON, LLP
                          Four Embarcadero Center
                          17th Floor
                          San Francisco, California  94111
                    BY:   JAMES L. MCGINNIS, ESQ.

(Appearances continued, next page)

APPEARANCES, CONTINUED:

```
For Defendant Technologies Displays Americas, LLC:
                        SQUIRE SANDERS (US) LLP
                        275 Battery Street
                        Suite 2600
                        San Francisco, California  94111
                    BY: NATHAN LANE, III, ESQ.
                        MARK C. DOSKER, ESQ.


For Defendant Chunghwa Picture Tubes, Ltd.:
                        GIBSON, DUNN & CRUTCHER, LLP
                        555 Mission Street
                        San Francisco, California  94105-2933
                    BY: JOEL S. SANDERS, ESQ.


For Defendants Koninklijke Philips N.V. and Philips
Electronics North America Corporation:
                        BAKER BOTTS, LLP
                        The Warner
                        1299 Pennsylvania Avenue, N.W.
                        Washington, D.C.  20004-2400
                    BY: ERIK T. KOONS, ESQ.
                        and
                        PHILIPS ELECTRONICS
                           NORTH AMERICA CORPORATION
                        4100 East Third Avenue
                        Suite 101
                        Foster City, California  94404
                    BY: GERRY WHITCOMB, ESQ.


For Hitachi Defendants:
                        KIRKLAND & ELLIS LLP
                        555 California Street
                        San Francisco, California  94104
                    BY: ELIOT A. ADELSON, ESQ.
                        and
                        KIRKLAND & ELLIS, LLP
                        300 NORTH LASALLE
                        Chicago, Illinois  60654
                    BY: JAMES H. MUTCHNIK, P.C.


 (Appearances continued, next page)
```

```
APPEARANCES, CONTINUED:

For Multiple Defendants:
                        White & Case, LLP
                        701 Thirteenth Street, N.W.
                        Washington, D.C.  20005-3807
                BY:  CHRISTOPHER M. CURRAN, ESQ.
                     LUCIUS B. (ALBIE) LAU, ESQ.

For LG Defendants:      MUNGER, TOLLES & OLSON, LLP
                        355 south Grand Avenue
                        35th Floor
                        Los Angeles, California  90071-1560
                BY:  WILLIAM D. TEMKO, ESQ.
                     and
                     MUNGER, TOLLES & OLSON, LLP
                     560 Mission Street
                     27th Floor
                     San Francisco, California  94105-2907
                BY:  HOJOON HWANG, ESQ.


For Interested Party Mitsubishi:
                        JENNER & BLOCK LLC
                        353 North Clark Street
                        Chicago, Illinois  60654-3456
                BY:  TERRENCE J. TRUAX, ESQ.

For Interested Party the State of California:
                        CALIFORNIA DEPARTMENT OF JUSTICE
                        Office of the Attorney General
                        455 Golden Gate Avenue
                        Suite 11000
                        San Francisco, California  94102-7004
                BY:  EMILIO E. VARANINI, ESQ.
                     Deputy Attorney General

For the Thomson Defendants:
                        FAEGRE BAKER DANIELS LLP
                        300 North Meridian Street
                        Suite 2700
                        Indianapolis, Indiana  46204
                BY:  KATHY L. OSBORN, ESQ.

 (Appearances continued, next page)
```

**APPEARANCES, CONTINUED:**

**Also Present:**          MARY PAPE
                          SUE YANG
                          DAVE ALLEN
                          KEN BUCKOWSKI
                          TAKESHI ISHINO
                          KEVIN A. FOX, ESQ.
                          JU HU KIM (PHONETIC)
                          ANDREW JOHNSTON
                          BILL THOMPSON
                          MR. KAWAHARA (PHONETIC)
                          JULIUS CHRISTENSEN
                          GERALD WHITCOMB
                          MEGAN ERICK (PHONETIC)
                          LINDSAY MCCASKILL (PHONETIC)

**Reported by:**           BELLE BALL, CSR #8785, CRR, RDR
                          Official Reporter, U.S. District Court

```
 1    FRIDAY, SEPTEMBER 13, 2013                    10:02 A.M.

 2                    P R O C E E D I N G S

 3         THE CLERK:  Calling MDL Case 07-5944, in re Cathode

 4    Ray Tube Antitrust Litigation.

 5      Counsel, please come forward and state your appearances.

 6         MR. McGINNIS:  Good morning, Your Honor.  James

 7    McGinnis for Defendant Samsung SDI.  I'm here with Ms. Ju Hu

 8    Kim (Phonetic) of Samsung SDI.

 9         MR. G. SAVERI:  Good morning, Your Honor.  Guido

10    Saveri.  I'm here for the direct purchaser class.  And with us

11    we have two class representatives.  Dave Allen, from Los

12    Angeles, and also Ken Buckowski, who came in pursuant to your

13    court order, from Kansas City.

14      So we have both -- we have two class representatives

15    pursuant to the order here, that are prepared to discuss

16    anything Your Honor wishes this morning.

17         THE COURT:  Good.

18         MR. KESSLER:  Good morning, Your Honor.  Jeffrey

19    Kessler of Winston and Strawn for the Defendants Panasonic

20    Corporation and MTPD and Panasonic North America.

21      I'm here with a client representative today Your Honor,

22    Mr. Kawahara (Phonetic), who is in the audience, from Japan;

23    and with my colleague Molly Donovan, from our law firm as

24    well.

25      Thank you.
```

1          **MR. ALIOTO:**  Good morning, Your Honor.  Mario Alioto,

2     on behalf of the Indirect Purchaser Plaintiffs.  I'm here with

3     Lauren Russell from my office as well, Your Honor.

4        Thank you.

5          **MR. CURRAN:**  Your Honor, this can continue for a

6     while.  I'm Christopher Curran for Toshiba.  I'm accompanied

7     today by one of my colleagues, Albie Lau, and a client

8     representative, Julius Christensen.

9        Good morning.

10          **THE COURT:**  Good morning.

11          **MR. IOVIENO:**  Good morning, Your Honor.  I'm Phil

12     Iovieno from Boies, Schiller & Flexner, counsel for the

13     direct-action Plaintiffs.

14          **MR. KOONS:**  Good morning, Your Honor.  Erik Koons on

15     behalf of the Koninklijke Philips Defendants.  And with me is

16     Gerald Whitcomb, client representative.

17          **MR. R. SAVERI:**  Good morning, Your Honor.  Rick

18     Saveri, also here on behalf of the Direct Class Action

19     Plaintiff.

20          **MR. HWANG:**  Good morning, Your Honor.  Hojoon Hwang,

21     Munger Tolles and Olson, on behalf of the LG Defendants.  I'm

22     here with my colleague, William Temko; and my client

23     representative, Ms. Sue Yang, who came from Korea.

24          **MR. LEHMANN:**  Good morning, Your Honor.  Michael

25     Lehmann, Hausfeld, LLP, on behalf of the direct-purchaser

 1    Plaintiffs.

 2            **MR. MUTCHNIK:**   Jim Mutchnik, Your Honor, Kirkland and

 3    Ellis, with my colleague Eliot Adelson, on behalf of the

 4    Hitachi Defendants.

 5        We have a client representative, Ishino-san, here today.

 6            **MR. SANDERS:**   Good morning, Your Honor.  Joel Sanders

 7    of Gibson, Dunn and Crutcher, on behalf of Defendant Chunghwa

 8    Picture Tubes.

 9            **MR. TRUAX:**   Good morning, Your Honor.  Terry Truax

10    from Jenner and Block, on behalf of the Mitsubishi Electric

11    Defendants.  And I'm joined today by our client

12    representative, Lindsay McCaskill (Phonetic) from Mitsubishi

13    Electric, U.S.

14            **MR. SNYDER:**   Good morning, Your Honor.  Rich Snyder

15    with Freshfields Bruckhaus Deringer for BMCC, Defendant.  And

16    consistent with the Court's order, our client is not appearing

17    today.

18        Thank you.

19            **MR. SILBERFELD:**   Good morning, Your Honor.  Roman

20    Silberfeld for Best Buy.  We're accompanied by Bill Thompson,

21    the vice-president; and my colleague, Laura Nelson, as well.

22            **MS. OSBORN:**   Good morning, Your Honor, Kathy Osborn

23    for the Thomson Defendants.  And I'm accompanied by the client

24    representative Megan Erick (Phonetic), with Thomson Consumer

25    Technicolor USA.

1          **MR. BENSON:**  Good morning, Your Honor.  Craig Benson

2    from Paul, Weiss, on behalf of the Sharp Plaintiffs.  And I'm

3    accompanied by my client representative, Kevin Fox.

4          **MR. BLECHMAN:**  Your Honor, good morning.  I'm William

5    Blechman from Kenny Nackwalter, on behalf of the Sears

6    Plaintiffs.  I'm accompanied here this morning by Andrew

7    Johnston for Sears.

8          **THE COURT:**  Good morning.

9          **MR. MURPHY:**  Good morning, Your Honor.  Jerry Murphy

10   from Crowell & Moring, accompanied today by my partner Jason

11   Murray.  The Court excused our client representative due to a

12   prior conflict.

13         **MR. WAGSTAFFE:**  Good morning, Your Honor.  I'm James

14   Wagstaffe, appearing on behalf of Dell, Inc., and Dell

15   Products, L.P.  I'm here with Mr. Michael Kenny.  And then,

16   our client representative is Mary Pape.

17         **MR. VARANINI:**  Good morning, Your Honor.  Emilio

18   Varanini, on behalf of the California Attorney General.  And

19   we are only here as an interested the party.  Thank you.

20         **MR. MARKS:**  Good morning, Your Honor.  Kenneth Marks

21   with Susman Godfrey.  I'm here with my partner, Jonathan Ross.

22   We are here on behalf of the Circuit City Liquidating Trust.

23         **MR. BURMAN:**  David Burman, with my colleague Eric

24   Weiss, for Costco Wholesale.  You excused our clients.

25      Thank you.

1          **MR. DOSKER:**  Good morning, Your Honor.  Mark Dosker

2    from Squire Sanders.  I'm here with my partner, Nate Lane.  I

3    represent Technology Displays America, LLC.  And Your Honor

4    excused our client representative from attending.

5          **THE COURT:**  Well, after all of that, I think we'll

6    just adjourn court.

7          (Laughter)

8          **THE COURT:**  I guess you're wondering what we are

9    doing here this morning.  And, I'm kind concerned about the

10   case, in that next November, next -- will be six years that

11   this case has been going on.  And, that -- that sets somewhat

12   of a record.

13         The only other record I had was another case that I had

14   from -- with reference to the petroleum distribution in

15   American Samoa.  And that case lasted for 30 years.  And I

16   don't intend this case to last 30 years.  I would like to have

17   it consummated within my lifetime.  The way things are going,

18   it doesn't look like that may -- that may not happen.

19         So, as I understand the case that we have here, let me put

20   together, we have a direct-purchasers group, category, and

21   then we have direct-action Plaintiffs, and then we have an

22   indirect-purchasers class, and then we have related cases.

23         Now, these related cases are in the direct-action

24   Plaintiffs' case.  There are 19 or 20 of those.  And, it's

25   quite a complicated group.

1      Now, in the direct-action case, there's a settlement

2  conference contemplated with Judge Walker, which is a good

3  sign.

4      The second -- the direct-action Plaintiffs, there are 15

5  Plaintiffs and 19 Defendants.  And there's a long list of

6  Defendants, not all of the -- not all of the same Defendants

7  for each Plaintiff.  And so, we have a situation there that is

8  rather complicated.

9      And then the indirect-purchasers class has about 25

10  Plaintiffs and 25 states.  And, this probably will be

11  certified as a class.

12      And then we have the related cases, which, there's quite a

13  number of those.

14      The trial is now set for October 13th.  And, I'm just

15  wondering, what is the posture of this case, so far as the

16  possibility of settling these cases?

17      Are they all going to be -- do you contemplate them all

18  being tried at the same time?  Or bifurcated so that we would

19  try the direct-purchasers class, the direct-action class, or

20  the indirect-purchasers class?

21          **MR. G. SAVERI:**  May I direct that question,

22  Your Honor?

23          **THE COURT:**  Yes.

24          **MR. G. SAVERI:**  Guido Saveri, for the

25  direct-purchaser class.

```
 1          With reference to settlements, I might give you just a
 2   bird's-eye view of where this case stands, as far as we are
 3   concerned.
 4          We have settled with Chunghwa; we have settled with
 5   Phillips.  We have settled with Panasonic.  We have settled
 6   with the LG Electronic Defendants.  And we have settled with
 7   Toshiba Defendants.  Those settlements have been approved,
 8   finally approved.  And, those Defendants have been dismissed
 9   from our case.
10          We had two people left.  We had Hitachi left and Samsung.
11   And just within the last day or so, we have settled with
12   Hitachi.  We are preparing the papers, so that we can come
13   before you in a motion for preliminary approval.
14          So that means that we're through, except for one
15   Defendant.  And that is Samsung.  The person who pled guilty
16   and was fined 31- or $32 million.  With reference to Samsung,
17   we have a scheduled mediation with Judge Walker on September
18   the 24th.
19          So, in other words, if we can resolve that case with
20   Samsung on that date, as far as the direct-purchase class,
21   we're out.  Completely finished.  If not, we want a quick
22   trial, and go to trial.
23          My experience in these cases -- and I'm not young anymore,
24   and I have been around a long time -- the only way to get rid
25   of them is to move them, and settle them, or trial.  And
```

```
 1  that's what we want to do.  And we don't want to fool around
 2  with the schedule.
 3          THE COURT:  Tell me how long a trial would last.
 4          MR. G. SAVERI:  Well, the trial probably will last
 5  say, four, four weeks.  We only have one Defendant.
 6          MR. McGINNIS:  Your Honor, if I can -- if I can add
 7  some thoughts on behalf of both of my client, Samsung SDI, and
 8  I'm speaking at least initially for the other Defendants --
 9      (Reporter interruption)
10          MR. McGINNIS:  James McGinnis.
11      Mr. Saveri is correct about the settlement posture of his
12  case.  And as I think Your Honor is aware, and as he
13  mentioned, we from Samsung SDI have a visit with Judge Walker
14  the week after next.  So, we are going to see if we can
15  resolve it or not.
16      The lesson of these cases tends to be -- and I've
17  mentioned in the letter which I wrote Your Honor -- that with
18  all these parties here, some settle and some don't.  And,
19  there have been a number of trials in the -- in this LCD case,
20  and those trials, I think, have varied from a length of
21  roughly eight weeks to roughly six weeks.  So, kind of depends
22  who's in them.
23      But I will say that from our point of view, from my
24  client's point of view, it makes no sense to advance one trial
25  ahead of another.  We currently have a schedule which calls
```

1   for a single trial date in October of 2014, as Your Honor

2   mentioned.

3       And as we presented to the Court, there is a stipulation

4   that was signed by all parties to this Court, which resulted

5   in, roughly speaking -- roughly speaking -- a little less than

6   a five-month extension of a single trial date.  And the

7   extension of some other trial dates along the way.

8       We felt that given this entire -- I don't want to call it

9   a mess, but this entire situation, that simply extending the

10  schedule a little bit for a last time would make sense, and

11  would allow things to be done in an orderly way, especially

12  with respect to expert reports.

13      As I --

14          **THE COURT:**  Has that all been done?  The expert

15  discovery all been done?

16          **MR. McGINNIS:**  No, no.  It's not even started.  The

17  current date --

18          **THE COURT:**  When do you think it will be done?

19          **MR. McGINNIS:**  Our proposal is with expert discovery

20  ending in -- September of 2014, and the last day for all --

21  the very last expert report, July, 2014, which is an extension

22  of roughly six or seven months from the current date.

23          **THE COURT:**  Why do you need so much time?

24          **MR. McGINNIS:**  I thought Your Honor would ask that

25  question.  The -- probably, each party to this case will have

1    their expert situation, their liability, impact, damages,

2    addressed.  And, while sometimes those get put in a single

3    report, the amount of information is the same.

4        And, I haven't been practicing as long as some others in

5    this courtroom.  For me, it's a relatively modest 34 years.

6    But in that time, the way these reports have gone, have done,

7    has -- has become more complicated, frankly.  And, everybody

8    does it the same way:  Econometrics, industrial organization.

9    Very difficult issues.  And, to do that in an orderly way that

10   everybody gets to see what everybody else's cards are takes

11   time.

12       And I --

13           THE COURT:  Is Samsung going to meet with the -- with

14   Judge Walker?

15           MR. McGINNIS:  Indeed, we are.

16           THE COURT:  Okay.  I'll tell you what we'll do, cut

17   this short.

18       After you have met with Walker, and you've decided whether

19   you're going to settle the case or you're not going to settle

20   the case, if you'll let me know.  And then I'll set another

21   status conference, and we'll decide when the trial date will

22   be.  It will either be long or short.

23           MR. G. SAVERI:  In connection with the statement that

24   Mr. McGinnis just made, I just don't agree with what he said

25   about all these experts.

```
 1            THE COURT:  Well, we can review that --

 2            MR. G. SAVERI:  Your Honor, we have one guy left.  We

 3   have Sam- -- we have Mr. McGinnis (Indicating).  My old

 4   friend.  I've been in with him with DRAM, in front of

 5   Hamilton, which we settled for 385 million.  And I was lead

 6   counsel.

 7      We were with him in SRAM, which we settled in front of

 8   Judge Wilken.  I also was in LCD with Judge Illston --

 9            THE COURT:  I told you.  Once you talk to

10   Judge Walker, and you decide whether you're going to settle

11   the case or you're not, let me know, and then we'll get

12   together and we'll work a trial date out.

13            MR. G. SAVERI:  Good deal, Your Honor.

14            THE COURT:  And I believe the fastest way to settle

15   the case is to set an early trial date.  That is the fastest

16   way, I've found.  And so, we will do it that way.

17      Okay?

18            MR. G. SAVERI:  Fine.  Appreciate it, Your Honor.

19            THE COURT:  Okay.  When is your settlement conference

20   with Judge Walker?

21            MR. McGINNIS:  September 24th.

22            THE COURT:  September 24th.

23            MR. G. SAVERI:  Yes.  About eight or nine days from

24   now.

25            THE COURT:  Well, then, let me know, and then we can
```

```
1    get together, and we can handle what the trial date will be,

2    and what your -- the discovery you need, and why it takes so

3    long, and what have you.  Okay?

4         MR. McGINNIS:  Yes, Your Honor.  I will add a

5    footnote to this.  My guess is, if we are unable to settle it,

6    it -- and I know when Mr. Saveri is being nice to me, that I'd

7    better watch out for my wallet.

8       But, we're -- our view is that it doesn't make sense to

9    peel off one trial or another.  But, I'll be happy to talk

10   about that in more detail when we come back, Your Honor.

11        THE COURT:  I get paid by the year, not by the case.

12   Doesn't make any difference to me whether it's one or two or

13   three or ten.

14        MR. McGINNIS:  I understand, Your Honor.

15        MR. G. SAVERI:  I know the pitch he makes; he makes

16   them in all the cases.  He wants everything to go together.

17        THE COURT:  (Inaudible)

18        MR. G. SAVERI:  We have a trial date where

19   presumably, under Mr. McGinnis's proposal, we are going to try

20   in one day the direct case, the indirect case, 14 opt-out

21   cases, the State.  And that's impossible.  One case is going

22   to be tried, and it's going to be ours.

23        THE COURT:  I just got through telling you how many

24   Defendants we have in this case and how many Plaintiffs we

25   have in this case.  There is no way to throw that to a jury,
```

```
 1  all these people.  They won't know who's chasing whom.
 2     So, we're going to cut this thing down so that we may be
 3  trying them one at a time, or what have you.  We're going to
 4  bifurcate the cases, because we can't -- I think it's
 5  impossible to try them all one at a time.
 6          MR. G. SAVERI:  That's why I suggested, in my case, I
 7  have two people.  We have the Plaintiffs, and Mr. McGinnis,
 8  and no one else.
 9          THE COURT:  Okay.  I told you, we're going to set the
10  case.  Didn't I?
11          MR. G. SAVERI:  Okay.
12          THE COURT:  You let me know --
13          MR. G. SAVERI:  I got it, Your Honor.  Thanks.
14          THE COURT:  Okay.  All right.
15     Now, now we have the indirect purchasers and the -- these
16  are direct-action purchasers, Plaintiffs.  What is the status
17  of that?  Is all the discovery done in that case?
18          MR. KESSLER:  Jeffrey Kessler, Your Honor.  I'll
19  speak for the Defendants briefly about the scheduling issue on
20  those.
21     The indirect-purchaser class has settled, I believe, with
22  two of the Defendants.  They could speak for themselves.
23     I think it's two; is that correct?
24          THE COURT:  I think, 19 Defendants.
25          MR. KESSLER:  Right.  Right.  They've said, settled
```

1    with two.  The others are in various states of discussion with

2    them.  But I'm not aware of any settlements being imminent on

3    the indirect purchaser class.

4         And the certification motion for class is pending now,

5    pending before Your Honor on appeal from the special master's

6    recommendation decision.  So, the issue of class certification

7    is before Your Honor.

8         The direct-action Plaintiffs' cases, the 14 different

9    cases, as you said, Your Honor, have different groups of

10   Defendants in different cases.  They're all separate

11   Plaintiffs.

12        And the issue there, Your Honor, is they have only been in

13   this action the last few years.  They haven't been here for

14   five years.  These were filed roughly about two years ago, in

15   terms of that.

16        And those cases, what we desperately need -- and I think

17   both sides agree -- is an extension -- and we proposed it to

18   Your Honor -- of the expert schedule.  The reason is,

19   Your Honor, there's going to be 14 cases.  There could be 14

20   separate experts for each of the individual DAP Plaintiff

21   groups.

22        As Defendants, we're going to have to respond to all 14 of

23   those expert reports.  Now, maybe they'll combine some so

24   there will be nine or eight.  But there's still going to be an

25   enormous number.

1          THE COURT:  How much time do you need?

2          MR. KESSLER:  Well, we had proposed, Your Honor, a

3    schedule which has been submitted, where -- and they would

4    also like an extension for when they file on their dates as

5    well.

6        So what we had, Your Honor, is that they would file --

7          THE COURT:  You want an extension, I'll give you an

8    extension.

9          MR. KESSLER:  Okay, all right.  Well, that's already

10   before Your Honor.

11       And in terms of the trials, what we've suggested,

12   Your Honor, is -- I understand completely your idea of

13   breaking it up.  That if Your Honor is inclined to go there,

14   the group that's most likely to sort of be pushed back would

15   be these individual DAP Plaintiffs, because they've only been

16   here a short time.  And there's -- and the fact discovery is

17   really much less advanced for those cases than it is for

18   either of the class actions.

19          THE COURT:  What I'm most interested in is a

20   settlement.

21          MR. KESSLER:  We understand, Your Honor.

22          THE COURT:  And, anything the Court can do.  I was

23   thinking for a while there, maybe, when you break this thing

24   down, that we would have a settlement conference and have the

25   people from the -- from Asia come over here.  The people,

1    principal people come over here, and participate in it.

2        And I found that over the years if you have the principals

3    involved at the table, it -- it handles the situation much

4    better.

5            MR. KESSLER:  Your Honor, I think we appreciate that

6    idea.  We would certainly be interested in pursuing that.

7        The complexity, as Your Honor noted, is it's not all the

8    same Defendants in each of these individual cases.  And the

9    different Plaintiffs in the individual cases all have

10   different interests.  So, it's not like when you have just one

11   class action against everyone.

12       So it may be complicated to decide who should participate,

13   or what groups, or what subgroups.  But I think the idea of

14   having settlement discussions, people certainly are open to.

15       But, I'm not sure it would be productive to have a room

16   this size of people with a mediator.  That just wouldn't be

17   practical.

18           THE COURT:  We would do it one at a time.

19           MR. KESSLER:  Yeah.

20           THE COURT:  Now, tell me, do you think the parties

21   think if we do have the settlement conference, that you should

22   pick a settlement person to handle it?

23           MR. KESSLER:  Again, I would have to confer --

24           THE COURT:  As you know --

25           MR. KESSLER:  I would have to confer with my

 1  colleagues about that.  I think it's certainly something we

 2  could discuss with the other side.

 3      **THE COURT:**  If both sides mutually agree on an

 4  individual, I would be happy to appoint that individual as the

 5  settlement master, whatever we want to call him.

 6      As you know, I've discharged the special master that we

 7  have.  I'll tell you why I did it.  He -- doing a good job, no

 8  -- no problem with that.  But I found that he would make a

 9  ruling, and then if he ruled against one of the parties, they

10  would file an appeal to me.  So then I've got to read the

11  whole thing all over again, do all the research all over

12  again.  I said, what do I need a special master for?  I might

13  as well do it myself, and forget the whole thing.  So, I got

14  rid of him.

15      So we can do this again with somebody -- somebody you

16  might pick as a special master to handle the settlement.  I'd

17  be very happy to do that.

18      **MR. KESSLER:**  I think it's certainly something we

19  will discuss among defense counsel, and discuss with our

20  colleagues on the Plaintiff side, and try to determine what

21  would be a sensible way to proceed with this.

22      On the issue Your Honor raised about eliminating the

23  special master, with respect -- this is just a question,

24  Your Honor.  With respect to discovery motions, does

25  Your Honor want us to file them all directly with you now?  Or

 1   are you going to use a magistrate for that?

 2           **THE COURT:**  Well, you -- put them to me, and if they

 3   get really complicated, we'll give them to a magistrate.

 4           **MR. KESSLER:**  Okay, we understand.

 5           **THE COURT:**  Okay.

 6           **MR. KESSLER:**  Okay, very good.

 7           **THE COURT:**  All right.  What else have we got?

 8       So, I think probably the best think to do, to keep

 9   everybody on their toes, I'll vacate the trial date and reset

10   it at a future time.  And any discovery you want to do, just

11   do it.

12       As I say, I'm interested in expediting this matter so we

13   can get it to a settlement stage, and deal individually with

14   the principal people involved.

15       Now, do you have any problems in the case?

16           **MR. McGINNIS:**  Your Honor, only this.  And that is, I

17   just want to make sure I'm clear on the Court's ruling, or

18   inclination.

19       You mentioned extending the discovery date for -- rather,

20   for the expert reports.  As Mr. Kessler just mentioned, there

21   is something in front of you on that.

22       Is that sufficient?  Or would you like us to present

23   something narrow on that very issue?

24           **THE COURT:**  If you want to get together and present

25   something in writing to me, that you --

1           **MR. McGINNIS:**  Well, we have a stipulation,

2    Your Honor, that extends that.

3           **THE COURT:**  Any objection to that stipulation?

4           **MR. G. SAVERI:**  Yes.  Yes.  We've objected to the

5    stipulation.  We have a trial date now of October the 20th,

6    2014.

7       They enter -- everybody else entered into a stipulation

8    and want to extend it for another four or five months, to

9    March 9, 2015.

10           **THE COURT:**  Is that trial date --

11           **MR. G. SAVERI:**  I don't see why -- we will be ready

12    to go on that date (Indicating).

13           **THE COURT:**  I gather you don't want the 14th.

14           **MR. G. SAVERI:**  I want October the 20th, 2014, which

15    is the date that we have on the present schedule (Indicating).

16           **THE COURT:**  You say that's the trial date?

17           **MR. G. SAVERI:**  Yes.

18           **THE COURT:**  Okay.  That's the trial date, then.

19           **MR. McGINNIS:**  For Mr. Saveri?

20           **MR. G. SAVERI:**  And you.

21           **MR. McGINNIS:**  I got it.  I got it.  I got it.  All

22    right.

23           **MR. G. SAVERI:**  You.  I have -- all these people here

24    are my friends.  I settle with all of them.  And they're all

25    great guys, and they're all good lawyers.  And so is he.

1   But our trial is not going to go five weeks.  He pled

2   guilty.  We'll blow it in a week or two.

3   **MR. McGINNIS:**  The time is contracting, even as we

4   speak.  However, Your Honor, I would suggest this.  If that's

5   going to be the trial date for -- pending our report back to

6   you from Judge Walker, Mr. Savieri and I need to get together

7   to decide what would be an appropriate expert schedule.

8   And, further, however, certainly in these -- my colleagues

9   can speak to that.  We have in front of you a stipulation for

10  expert discovery in the other cases as to which you just

11  vacated the trial date.  And that's the schedule which we

12  would advocate.  And I believe everybody agrees with that.

13  **THE COURT:**  I'll give you enough time for your

14  discovery.

15  **MR. McGINNIS:**  Okay.

16  **THE COURT:**  And I've found that once the discovery is

17  over, then the chances of settlement are much greater.

18  **MR. McGINNIS:**  All I'm saying, Your Honor, is -- is

19  from what I'm hearing, and I want to make sure I'm right about

20  this, that the stipulation we have in front of you, but for

21  what's happening with Mr. Savieri, the expert continuance

22  dates that we have put in front of you that's adequate to do

23  that, and the Court's inclination is to grant that extension.

24  Just want to know what the rule is when I leave the

25  courtroom.

1          **THE COURT:**  All right.

2          **MR. ALIOTO:**  Your Honor, maybe I ought to address

3    that.  Mario Alioto, on behalf of the indirect purchasers.

4       We are in agreement with Mr. McGinnis on that.  The

5    indirect purchasers and I believe the other group of

6    Plaintiffs are in agreement.

7       Maybe we'll resubmit that stipulation to you, and make it

8    clear that that's just on behalf of the indirect purchasers

9    and the direct purchasers, and not on behalf of Mr. Savieri.

10      And I think we can -- we can do that.  We're in agreement

11   on that.  And we will submit that to Your Honor for your

12   signature.

13          **MR. G. SAVERI:**  Yeah, what Mr. McGinnis suggested is

14   okay.  We're going to have a settlement conference with

15   Judge Walker.  Well, let's see where we go.

16          **THE COURT:**  Yeah.

17          **MR. G. SAVERI:**  And then we'll get together, and

18   we'll work out all the dates.  But I want to keep my date, and

19   we'll work all the dates in between.  And if there's any

20   problem, we'll come out and see you.

21      But, I'm very happy to do that.

22          **MR. McGINNIS:**  As I understand it, Your Honor, the

23   current date is the current order of the Court.

24          **THE COURT:**  Right.

25          **MR. McGINNIS:**  And so --

1          THE COURT:  Yes.  With reference to your case.

2          MR. McGINNIS:  Correct.  And we're going to report

3    back to you, and we'll see what happens then.

4          THE COURT:  Okay.

5          MR. G. SAVERI:  Okay.  Thank you, Your Honor.

6          MR. McGINNIS:  Thank you, Your Honor.

7          MR. IOVIENO:  Just for the Record, Phil Iovieno for

8    the direct-action Plaintiffs.  And we agree with Mr. McGinnis

9    and the IPPs on the proposed change in the schedule.  So, for

10   our cases, as well.

11         MR. KESSLER:  So, Your Honor, to wrap it up so we are

12   in complete agreement, the indirect-purchaser class and

13   direct-action Plaintiffs, we'll agree with the Defendants to

14   resubmit our proposed new schedule and extension.

15       Just for us, we will leave out the direct-purchaser class,

16   which we'll be separately reporting to you for that.

17       And, in the interim, both sides will discuss the idea of a

18   settlement mediator, and consider that.

19         THE COURT:  Who has the direct-action Plaintiffs?

20         MR. KESSLER:  Right here.

21         MR. IOVIENO:  Yes, I'm the liaison counsel for the

22   direct action.

23         THE COURT:  What are you going to do about these

24   related cases?  I've got 19 or 20 related cases.  What are you

25   going to do with those?

```
 1           MR. IOVIENO:  So, the direct action -- there are 16

 2    Plaintiffs, Your Honor.  I'm the liaison counsel for the 16

 3    Plaintiffs.  My firm represents nine of them.  We are all in

 4    your court now.  Approximately --

 5           THE COURT:  I had 15, so you've got 16 Plaintiffs,

 6    and I've got 19 Defendants.

 7           MR. IOVIENO:  That's right.  And of note, Your Honor,

 8    11 of those cases, 11 of those Plaintiffs will be remanded out

 9    of this Court for trial.

10       So, 11 Plaintiffs have actually filed --

11           THE COURT:  What do you mean by that?

12           MR. IOVIENO:  They filed their cases in other courts,

13    and are here as part of the MDL consolidation.  So, five of

14    those cases will remain here with you.

15           THE COURT:  All right, okay.  Fine.  How about these

16    related cases?  This 19 or 20?  You talking about that too?

17           MR. IOVIENO:  No, I have the 16 direct-action

18    Plaintiffs.

19           MR. KESSLER:  Your Honor, those related cases may be

20    cases that are part of the indirect case.  I'm wondering if

21    that's what he's looking at.

22       Do you know, Mario?

23           THE COURT:  Well, in the indirect, I've got 25

24    Plaintiffs in 25 states.

25           MR. KESSLER:  Right.
```

1              **THE COURT:**  What do we do with that?

2              **MR. KESSLER:**  Well, that's in the class action.  And

3    that, we are going to agree to a new extended schedule, which

4    we are going to submit jointly to Your Honor.

5         So in effect, if you look at it this way, Your Honor,

6    there are three main buckets.  There's the direct-purchaser

7    class, which is Mr. Savieri, and Mr. McGinnis now, in terms of

8    reporting back to you.

9         There's the indirect-purchaser class, which is all those

10   Plaintiffs.  The class motion is pending before Your Honor.

11   And that's Mr. Alioto --

12             **THE COURT:**  This is what's going to happen.  This

13   case is beginning to look like my 30-year case.  And so, I'm

14   going to let you get the discovery you want.

15        Do the discovery you want, and when the discovery is all

16   completed, I want to know that.  And then I will set a trial

17   date.

18             **MR. KESSLER:**  Okay.

19             **THE COURT:**  And we're going to get rid of this case,

20   because we are all going to be at -- present when we get rid

21   of it.  None of us will be -- miss it.

22             **MR. KESSLER:**  I think you will see, Your Honor, that

23   is in fact what our stipulation is going to propose to

24   Your Honor.

25        And then, I was just explaining, so separately for the

 1   direct-action Plaintiffs, five of those are filed in this

 2   court.  So, it would eventually have to be tried in this

 3   court, possibly together.  That would be decided.

 4       And the others would be going back to other courts, once

 5   the discovery is done and all motions are done, under the MDL.

 6           **THE COURT:**  But over and above settling this for

 7   trial, I'm thinking of a settlement conference with the

 8   principals involved at the table, so that we can decide

 9   whether or not the case is going to be settled or not.

10       Because if it's going to be settled, I want to know early

11   on it's going to be settled.  And if it's not going to be

12   settled, then I know what we're going to do.

13           **MR. KESSLER:**  We understand.

14           **THE COURT:**  I don't want any of this last-minute, "At

15   the courthouse steps, we just settled the case," because I'm

16   just sitting up here, you know --

17           **MR. KESSLER:**  We understand completely, Your Honor.

18           **THE COURT:**  Whatever you're playing, yeah.

19           **MR. IOVIENO:**  We understand as well.

20       Thank you, Your Honor.

21           **MR. KESSLER:**  Thank you.

22           **THE COURT:**  Thank you.  Anything else?

23           **MR. McGINNIS:**  Not from the defense, Your Honor.  I

24   think we're finished.

25           **MR. ALIOTO:**  No, Your Honor.

```
 1              MR. G. SAVERI:  No, not from the Plaintiffs.

 2              MR. IOVIENO:  No, Your Honor.

 3              THE COURT:  Anybody else got anything to say?

 4      Then -- yes, ma'am.

 5              MR. G. SAVERI:  Guido Saveri.  Not for the direct

 6      Plaintiffs.  We know where we're going.  We'll be back.

 7              THE COURT:  Okay, yes.

 8              MS. OSBORN:  Thank you, Your Honor.  I'm Kathy Osborn

 9      with Faegre Baker Daniels.  I represent the Thomson and

10      Technicolor Defendants in this case.

11          And, I just wanted to make the observation that all of

12      this discussion has been about parties that have been in this

13      case for six years, about parties who have been engaging in

14      discovery for at least two years, if not more.

15          The Thomson Defendants were brought into the case by

16      Sharp, in March.  We have pending motions to dismiss before

17      you, which we believe in, and hope you will grant.  And then,

18      we were just brought into this case last week by Tech Data.

19          Therefore, our client has not participated in any of the

20      more than 90 depositions.  I estimate that it will cost our

21      client $100,000 or more just to purchase the transcript for

22      those, and review them.

23          We have not had the opportunity to direct questioning to

24      our alleged conspirators.  We have not reviewed any of the

25      more than 5 million documents.  We don't have any of them.  We
```

```
 1   have not talked to or interviewed experts.

 2       So, our schedule is going to have to be very different

 3   from everyone else's, if, in fact, you don't grant our motions

 4   to dismiss.  And I just wanted to make that observation to the

 5   Court today.

 6            THE COURT:  Well, we'll see what happens to that.

 7            MS. OSBORN:  Okay.  Thank you, Your Honor.

 8            MR. BENSON:  Your Honor if I may, Craig Benson on

 9   behalf of the Sharp Plaintiffs.

10       In response to Technicolor's counsel's observations, we

11   actually have an objection pending with Your Honor.

12            THE CLERK:  Can you use your microphone?

13            MR. BENSON:  Sure.

14       We have an objection pending with Your Honor to get

15   started with Thomson discovery.  Thomson has taken the

16   position that they will not participate in discovery during

17   the pendency of their motion to dismiss.  We have been trying

18   to get discovery since July in this case.

19       We have a fully-briefed objection before you that we would

20   be eager, if you could rule on, so that we could commence with

21   that discovery.  Thomson's counsel was served with the

22   complaint in this case in March.

23            THE COURT:  Okay.  That will be done shortly.

24            MR. BENSON:  Thank you, Your Honor.

25            MS. OSBORN:  Your Honor, I just want to observe that
```

1    that's an unfair characterization.

2        We have not taken the position that we will not

3    participate in discovery, but we argued before Judge Legge

4    that it was inappropriate for us to participate in discovery

5    yet, and he entered a stay order.

6            **THE COURT:**  Once he enters the order, then you can do

7    what you want to do.  Okay.  Either something, or nothing.

8        All right, anything else?  If not --

9            **MR. KESSLER:**  Thank you, Your Honor.

10            **THE COURT:**  Thank you.  Court's adjourned.

11        (Conclusion of Proceedings)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**CERTIFICATE OF REPORTER**

I, BELLE BALL, Official Reporter for the United States Court, Northern District of California, hereby certify that the

foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Belle Ball

Wednesday, October 16, 2013

Belle Ball, CSR 8785, CRR, RDR