David J. Burman (admitted *pro hac vice*)
Cori G. Moore (admitted *pro hac vice*)
Eric J. Weiss (admitted *pro hac vice*)
Nicholas H. Hesterberg (admitted *pro hac vice*)
Steven D. Merriman (admitted *pro hac vice*)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
**PERKINS COIE LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7120
Facsimile: 415.344.7320

Attorneys for Plaintiff
Costco Wholesale Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917 |
| This document relates to:<br><br>Case No. 3:11-06397-SC<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HITACHI, LTD., et al.,<br><br>Defendants. | **DECLARATION OF GEOFF SHAVEY IN SUPPORT OF COSTCO'S OPPOSITION TO THE PHILIPS DEFENDANTS' MOTION TO COMPEL ARBITRATION** |

Shavey Declaration in Support of
Costco's Opposition to the Philips Defendants'
Motion to Compel Arbitration

Case No. 07-5944-SC
MDL No. 1917

I, Geoff Shavey, hereby declare as follows:

1. I am currently the General Merchandise Manager for Apparel, Jewelry and Luggage at Costco Wholesale Corporation ("Costco"). I make this declaration based upon my personal knowledge.

2. From 1998 to the fall of 2006, I was a buyer in Costco's Consumer Electronics Department. In that role, I was responsible for buying consumer electronics for Costco to sell in its warehouses, including televisions containing cathode ray tubes ("CRTs").

3. In the fall of 2006, Costco promoted me to Assistant General Merchandise Manager ("AGMM") for consumer electronics. My responsibilities in this position included purchasing computers and computer-related products, such as CRT monitors.

4. As both a buyer and an AGMM, I was responsible for purchasing finished products containing CRTs ("CRT Products") from vendors. In these positions, I became familiar with the process by which Costco enters into agreements with vendors for the purchase of CRT Products.

5. Before purchasing products for the first time from a vendor, Costco normally enters into a Basic Vendor Agreement with the vendor. The Basic Vendor Agreement incorporates by reference Costco's Standard Terms. After a vendor signs a Basic Vendor Agreement, Costco provides that vendor with a copy of the signed agreement and the current version of the Standard Terms.

6. Costco periodically updates and revises its Standard Terms, and it is Costco's practice to transmit a cover letter with a copy of the updated terms to all active Costco vendors. The cover letter informs the vendors that the Standard Terms have been updated and that the updated Standard Terms replace the previous version of the Standard Terms. At least four versions of Costco's Standard Terms have been in effect since 1995. Costco updated its Standard Terms in 1997, 2000, and again in 2004. The 2004 Standard Terms are the current version.

7. On December 7, 2012, I testified as Costco's corporate designee during a deposition conducted by counsel for the Philips Defendants.

Shavey Declaration in Support of
Costco's Opposition to the Philips Defendants'
Motion to Compel Arbitration

1

Case No. 07-5944-SC
MDL No. 1917

1  I declare under penalty of perjury that the foregoing is true and correct to the best of my
2  knowledge.
3
4  Executed this 17th day of October, 2013, at Issaquah, Washington.
5
6
7  By: _____
       Geoff Shavey
8

Shavey Declaration in Support of
Costco's Opposition to the Philips Defendants'     2     Case No. 07-5944-SC
Motion to Compel Arbitration                             MDL No. 1917