David J. Burman (admitted *pro hac vice*)
Cori G. Moore (admitted *pro hac vice*)
Eric J. Weiss (admitted *pro hac vice*)
Nicholas H. Hesterberg (admitted *pro hac vice*)
Steven D. Merriman (admitted *pro hac vice*)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
**PERKINS COIE LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7120
Facsimile: 415.344.7320

Attorneys for Plaintiff
Costco Wholesale Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917 |
| This document relates to:<br><br>Case No. 3:11-06397-SC<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HITACHI, LTD., et al.,<br><br>Defendants. | **DECLARATION OF DAVID J. BURMAN IN SUPPORT OF COSTCO'S OPPOSITION TO THE PHILIPS DEFENDANTS' MOTION TO COMPEL ARBITRATION** |

Burman Declaration in Support of
Costco's Opposition to the Philips Defendants'
Motion to Compel Arbitration

Case No. 07-5944-SC
MDL No. 1917

I, David J. Burman, declare as follows:

1. I am admitted *pro hac vice* in this action and am lead counsel for Plaintiff Costco Wholesale Corporation. I make this declaration based upon my personal knowledge.

2. My responsibilities in this case include coordinating with various plaintiff groups and liaison counsel, selecting and working with expert witnesses, making work assignments among our team, and determining the most efficient ways for Costco to address the overcharges it has suffered.

3. I first became involved in this matter two years before Costco filed its complaint. On November 6, 2009, the Indirect Purchaser Plaintiffs ("IPPs") subpoenaed Costco and requested that Costco produce transactional data related to its purchase and sale of CRT televisions and monitors. Attached as **Exhibit A** is a true and correct copy of the IPPs' Subpoena to Costco to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action. On February 18, 2010, Costco produced its transactional data to the IPPs. The data identified 41 different Philips-branded CRT televisions that Costco sold during the conspiracy. Attached as **Exhibit B** is a true and correct copy of the February 18, 2010, cover letter that I sent with Costco's transactional data to counsel for the IPPs.

4. As is customary with cases of this size, the Court has required that Costco coordinate with the other direct action plaintiffs and identify liaison counsel. The Court has also required that most discovery and pleadings be joint and not individual, and has set deadlines that contemplated joint actions and disclosures. Accordingly, as a part of the direct-action-plaintiff group, Costco has agreed to share costs, tasks, experts, and work product with the other direct action plaintiffs. And the deadlines for completing those tasks are tied to the MDL schedule.

5. Up until early 2013, the Philips Defendants had not indicated to Costco that they were interested in arbitration, and instead displayed every indication that they wanted to litigate the merits of Costco's claims in court, as Costco had decided was most efficient. In fact, I recall one conversation that I had with counsel for the Philips Defendants during the summer of 2012, during which counsel acknowledged that Costco was a major customer for the Philips Defendants, but did not mention that the Philips Defendants were considering arbitration.

Burman Declaration in Support of
Costco's Opposition to the Philips Defendants'
Motion to Compel Arbitration

Case No. 07-5944-SC
MDL No. 1917

6. Thus, Costco agreed to specific tasks and work product focused on another defendant group, Hitachi, which did not sell CRT Finished Products to Costco, and have relied on other plaintiffs to do such work against the Philips Defendants. Costco has spent hundreds of hours and hundreds of thousands of dollars building out the evidence against the Hitachi Defendants. If Costco were forced to proceed in a confidential arbitration in addition to the court case, the arbitration would be a duplicative expense, and depending on the timing of the arbitration Costco likely would have to build its own factual and expert case against Philips and incur substantial additional expense.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 21st day of October, 2013, at Seattle, Washington

By: ___\s\David J. Burman___
David J. Burman

Burman Declaration in Support of
Costco's Opposition to Philips' Motion to
Compel Arbitration

2

Case No. 07-5944-SC
MDL No. 1917

# EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | | |
|---|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) ) ) ) ) ) | Civil Action No. 07-5944-SC; MDL 1917<br><br>(If the action is pending in another district, state where:<br>Northern District of California ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Costco, Custodian of Records
999 Lake Dr., Issaquah, WA 98027

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: Costco<br>999 Lake Dr.<br>Issaquah, WA 98027 | Date and Time:<br>12/04/2009 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __11/06/2009__

CLERK OF COURT

_____        OR        _[signature]_____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing (name of party) __Plaintiffs__
_____, who issues or requests this subpoena, are:

Patrick B. Clayton
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery St., Suite 3400, San Francisco, CA 94104, pclayton@zelle.com, (415) 693-0700

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 07-5944-SC; MDL 1917

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____       _____
                                *Server's signature*

                            _____
                                *Printed name and title*


                            _____
                                *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

### DEFINITIONS

1. As used herein, "all" also includes "each" and "any," and vice versa.

2. As used herein, "DEFENDANTS" means all entities originally named as Defendants, including LG Electronics, Inc, LG Electronics U.S.A., Inc., LG Electronics Taiwan Taipei Co., Ltd., Koninklijke Philips Electronics N.V. a/k/a Royal Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries, Ltd., Philips Consumer Electronics Co., Philips Electronics Industries (Taiwan), Ltd., Philips da Amazonia Industria Electronica Ltda., LP Displays International, Ltd. f/k/a LG.Philips Displays, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung SDI Co., Ltd. f/k/a Samsung Display Device Co., Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co. Ltd., Tianjin Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Consumer Products, Inc., Toshiba America Information Systems, Inc., Toshiba America Electronics Components, Inc., Toshiba Display Devices (Thailand) Company, Ltd., Panasonic Corporation, Panasonic Corporation of North America, Panasonic Consumer Electronics Company, Matsushita Electronic Corporation (Malaysia) Sdn Bhd., MT Picture Display Co., Ltd., Beijing-Matsushita Color CRT Company, Ltd., Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Electronic Devices (USA), Inc., Hitachi America, Ltd., Hitachi Asia, Ltd., Shenzhen SEG Hitachi Color Display Devices, Ltd., Tatung Company, Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., IRICO Group Corporation, IRICO Display Devices Co., Ltd., IRICO Group Electronics

1

Co., Ltd., Thai CRT Company, Ltd., Samtel Color, Ltd., Daewoo International Corporation, and Daewoo Electronics Corporation f/k/a Daewoo Electronics Company, Ltd., and their employees, officers, directors, agents, attorneys, affiliates, subsidiaries, joint ventures, successors, predecessors, or any PERSON acting on their behalf.

3. As used herein, "and" and "or" are to be considered both conjunctively and disjunctively, and "or" is understood to include and encompass "and," and vice versa.

4. As used herein, "COMPANY" means the entity responding to this subpoena and its employees, officers, directors, agents, attorneys, affiliates, subsidiaries, joint ventures, successors, predecessors, or any PERSON acting on their behalf.

5. As used herein, "DOCUMENTS" shall have the same meaning and scope of Rule 34(a) of the Federal Rules of Civil Procedure and includes any "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained" as referenced in that Rule. "Writings" "recordings" and "photographs" shall have the meanings as defined in Rule 1001 of the Federal Rules of Evidence. "DOCUMENTS" shall include, without limitation, any original and any non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced including all correspondence, letters, telegrams, telexes, messages, memoranda, instructions, e-mails, handwritten or recorded notes or oral communications, and all records, schedules, reports, surveys, calculations, transcripts, noted, time cards, personal expense reports, appointment books, calendars, plans, purchase orders, contracts, subcontracts, leases, accounting records, charts of accounts, billing records, invoices, statements, bills, checks, vouchers, certified or other payrolls, ledgers, accounts, drawings, graphs, photographs, video tapes, audio tapes, films, newspapers, data or other compilations, computer indexes, electronic or magnetic media (including disks and tapes), computer printouts, or other tangible things. "DOCUMENTS" shall further

2

include CD-ROMs; DVDs; data cartridges; removable hard drives and storage devices; flash drives; zip drives; personal digital assistants (such as a Blackberry, Treo, or Palm Pilot or other similar device); text messages; instant messages; and data stored on cellular phones.

6. "DOCUMENTS" shall further include all drafts of DOCUMENTS defined above.

7. As used herein, the terms "COMMUNICATE" or "COMMUNICATION(S)" mean and include every disclosure, transfer, transmittal or exchange of information, whether orally or in writing or otherwise, face-to-face, by telephone, telecopier, mail, personal delivery, electronic mail, telecommunication or otherwise.

8. As used herein, "COMPUTER(S)" refers to personal computers, including, but not limited to, monitors used in desktop systems.

9. As used herein, the term "CRTs" refers to a "cathode ray tubes" that are used in televisions and COMPUTERS.

10. As used herein, the term "CRT PRODUCTs" refers to products containing CRTs.

11. As used herein, the term "OEM" refers to an original equipment manufacturer.

12. As used herein, the term "ODM" refers to an original design manufacturer, i.e., a company that provides not only manufacturing services, but also product designs or design services and that may or may not sell its own branded products.

13. As used herein, the term "MEETING" means any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned, arranged, scheduled or not.

14. As used herein, the terms "STUDIES" and/or "ANALYSES" includes all reports, memoranda, statistical compilations, slide-presentations, reviews, audits and other types of written, printed, or electronic submissions of information.

15. As used herein, the term "PERSON(S)" means natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons.

16. Any reference to any individual or entity herein includes all predecessors or successors in interest of said individual or entity and all principals, agents, officers, former and current employees, and all other persons acting on behalf of, or at the direction of, said individual or entity, including, but not limited to, attorneys.

17. The singular shall be deemed to include the plural and vice versa so as to bring within the scope of these requests all information that might otherwise be construed to be outside its scope.

18. Unless otherwise specified, the relevant time period for these requests is from January 1, 1995 to the present.

## INSTRUCTIONS

1. Your COMPANY shall produce all DOCUMENTS in your COMPANY'S possession, custody or control that are described in the Requests set forth below. Such DOCUMENTS shall be produced in the manner maintained by your COMPANY in the ordinary course of business.

2. If a particular request calls *only* for electronic transactional data, and your COMPANY does not possess or control electronic transactional data sufficient to fully respond to the request, we request the production of hard copies of any responsive data that only exists in hard copy form.

3. DOCUMENTS attached to each other should not be separated.

4. DOCUMENTS that are stored electronically or in machine-readable form should be produced in electronic form with sufficient information to allow counsel to readily access or read such data or DOCUMENTS.

5. In accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, if any document responsive to these Requests is withheld based upon a claim of privilege or trial preparation material, state separately for each such document, in addition to any other information requested: (a) the nature of the privilege claimed; (b) its date; (c) its author; (d) its addressees, if any; (e) the title or position of its author; (f) the type of document (e.g., letter, memorandum, electronic mail, report, recording disc, etc.); (g) its title and general subject matter (without revealing the information as to which the privilege is claimed); and (h) with sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, the factual basis on which you claim such privilege.

6. These requests are deemed to be a continuing Request which requires that you promptly supplement your COMPANY'S responses and produce any responsive documents later discovered up to the day of trial.

## DOCUMENT REQUESTS

1. DOCUMENTS sufficient to identify and describe your COMPANY'S CRT PRODUCTS, including model numbers, and product specifications. Please include manufacturers' model numbers for the CRTs contained within the CRT PRODUCTS.

2. All electronic transactional data for your COMPANY's purchases of CRTs and CRT PRODUCTS, including data that details, for each transaction, the following: (a) PO number; (b) date of the transaction; (c) product code; (d) product SKU or other unique product identifying number; (e) vendor name; (f) vendor number;

5

(g) quantity of product purchased (units); (h) transaction price (i.e., the price paid for the product); (i) transaction type (i.e., purchase, return or exchange); (j) CRT part number; (k) CRT serial number; and (l) any rebates, discounts, credits, or any other financial incentives received in connection with the transaction.

3. All electronic transactional data for your COMPANY'S sales of CRTs and CRT PRODUCTS to your COMPANY'S customers, including data that details, for each transaction, the following: (a) invoice number; (b) date of sales transaction; (c) product code; (d) product SKU or other unique product identifying number; (e) customer number; (f) customer name; (g) customer address; (h) quantity of product sold (units); (i) transaction price (i.e., price paid by customer for each unit); (j) net dollar unit cost (i.e., total net cost of product); (k) transaction type (e.g., sale, return, credit, etc.); (l) any rebates, discounts, credits, or any other on- or financial incentives received in connection with the transaction; and (m) any field, method, or information that would allow one to link the sales record data requested in this request to your COMPANY'S purchase records for a shipment / batch of CRTs as reflected in the data responsive to request 2 above.

4. All DOCUMENTS and electronic transactional data, not captured in response to request number 2(k) and 3(l) above, relating to rebates, discounts, credits, cooperative marketing funds, advertising funds, promotional funds or allowances, or any other marketing assistance or support and any other on or off-invoice financial incentives received in connection with your COMPANY's purchases of CRTs or sales of products containing CRTs to your COMPANY's customers.

5. All electronic data that identifies any and all costs for all components other than CRTs that were used to manufacture your COMPANY'S CRT PRODUCTS. Please include, but do not limit your response to, component costs.

6. All DOCUMENTS, including, but not limited to, any STUDIES or ANALYSES, concerning the impact or effect of changes of your COMPANY's

acquisition costs for CRTs on the prices of the products that your COMPANY sells to your COMPANY's customers.

7. All DOCUMENTS, including, but not limited to, any STUDIES or ANALYSES concerning how your COMPANY, its competitors, distributors, wholesalers and/or retailers set the prices at which they sell CRT or CRT PRODUCTS.

8. All DOCUMENTS, including, but not limited to, any STUDIES or ANALYSES concerning actual prices paid by end-consumers of CRT PRODUCTS.



3215313v2

# EXHIBIT B



1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

David J. Burman
PHONE: (206) 359-8426
FAX: (206) 359-9426
EMAIL: DBurman@perkinscoie.com

February 18, 2010

**VIA OVERNIGHT DELIVERY**

Marie Babione
Zelle Hofman Voelbel & Mason
44 Montgomery St #3400
San Francisco, CA 94104-4807

Re: In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL 1917

Dear Ms. Babione:

Enclosed please find a disk in satisfaction of Costco's obligations under the subpoena you issued, as amended per the parties' discussions. The disk is marked CONFIDENTIAL pursuant to the Stipulated Protective Order in the case. I trust that you will distribute the information as required under the Stipulation and Order Regarding Nonparty Discovery.

Very truly yours,

David J. Burman

DJB:jcm
Enclosure

cc: Lauren C. Russell (without enclosure)
James E. Pruitt, III, Costco Wholesale Corporation (without enclosure)

29040-0244/LEGAL17717354.1

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · LOS ANGELES
MENLO PARK · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · SHANGHAI · WASHINGTON, D.C.

Perkins Coie LLP and Affiliates