David J. Burman (admitted *pro hac vice*)
Cori G. Moore (admitted *pro hac vice*)
Eric J. Weiss (admitted *pro hac vice*)
Nicholas H. Hesterberg (admitted *pro hac vice*)
Steven D. Merriman (admitted *pro hac vice*)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
**PERKINS COIE LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7120
Facsimile: 415.344.7320

Attorneys for Plaintiff
Costco Wholesale Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917 |
| This document relates to:<br><br>Case No. 3:11-06397-SC<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HITACHI, LTD., et al.,<br><br>Defendants. | **DECLARATION OF ERIC J. WEISS IN SUPPORT OF COSTCO'S OPPOSITION TO THE PHILIPS DEFENDANTS' MOTION TO COMPEL ARBITRATION** |

Weiss Declaration in Support of
Costco's Opposition to the Philips Defendants'
Motion to Compel Arbitration

Case No. 07-5944-SC
MDL No. 1917

1    I, Eric J. Weiss, declare as follows:

2    1.    I am an attorney with Perkins Coie LLP, counsel for Plaintiff Costco Wholesale

3    Corporation ("Costco"). I am admitted to practice law in the states of Wisconsin, Illinois, and

4    Washington and am admitted to appear *pro hac vice* in this action pursuant to Pretrial Order No.

5    1, Dkt. 230 (Apr. 4, 2008). I am over the age of 18 and competent to testify to the matters in this

6    Declaration, which is based on my personal knowledge.

7    2.    Attached as **Exhibit A** is a true and correct copy of an email, dated October 15,

8    2013, from Patrick Clayton, counsel for the Indirect Purchaser Parties ("IPP"), confirming that

9    the IPPs sent to the defendants on February 19, 2010, a copy of the transactional data that Costco

10    produced on February 18, 2012, in response to an IPP subpoena.

11    3.    Attached as **Exhibit B** is a true and correct copy of Defendants Philips Electronics

12    North America Corporation and Toshiba America Electronic Components, Inc.'s First Set of

13    Interrogatories to Plaintiff Costco Wholesale Corporation, served on May 15, 2012.

14    4.    Attached as **Exhibit C** is a true and correct copy of Defendants Philips Electronics

15    North America Corporation and Toshiba America Electronic Components, Inc.'s First Set of

16    Request for Production to Plaintiff Costco Wholesale Corporation, served on May 15, 2012.

17    5.    Attached as **Exhibit D** is a true and correct copy of Costco Wholesale

18    Corporation's Answers and Objections to Philips Electronics North America Corporation and

19    Toshiba America Electronic Components, Inc.'s First Set of Interrogatories, served on August 17,

20    2012.

21    6.    Attached as **Exhibit E** is a true and correct copy of Costco Wholesale

22    Corporation's Responses and Objections to Philips Electronics North America Corporation and

23    Toshiba America Electronic Components, Inc.'s First Set of Request for Production, served on

24    August 17, 2012.

25    7.    On August 17, 2012, Costco served its objections and responses to the

26    aforementioned discovery requests to counsel for the Philips Defendants. That same day, Costco

27    also sent to counsel for the Philips Defendants via an FTP site Costco-CRT-00001, which

28    contained Costco's production of CRT transactional data. Attached as **Exhibit F** is a true and

Weiss Declaration in Support of
Costco's Opposition to the Philips Defendants'
Motion to Compel Arbitration

Case No. 07-5944-SC
MDL No. 1917

1  correct copy of the August 17, 2012, email with instructions for downloading the transactional
2  data.

3        8.      Included within Costco's production was the file "Vendor Names.xlsx," which is a
4  spreadsheet that lists vendors that sold Costco products containing cathode ray tube ("CRTs")
5  during conspiracy. One of the vendors listed in the spreadsheet is "Philips Consumer
6  Electronics," a division of defendant Philips Electronics North America Corporation. A
7  preliminary review of the transactional data shows that the Philips Defendants sold to Costco at
8  least $355 million worth of CRT Products during the conspiracy.

9        9.      Over the course of the next five months, counsel for Costco and the Philips
10 Defendants participated in no fewer than four telephonic meet-and-confers and routinely emailed
11 one another about the Philips Defendants' discovery requests. The parties initially reached a
12 mutual understanding to work toward an agreement in which Costco would produce documents
13 responsive to Defendants' requests based on a review of files from an agreed upon list of
14 custodians, filtered by keyword search terms. The Philips Defendants and Costco exchanged and
15 negotiated proposed search terms and on several occasions discussed options for reducing costs
16 and time in producing those documents. As a part of those meet-and-confers and email
17 exchanges, Costco responded to additional discovery requests from the Philips Defendants,
18 producing a warehouse reference list, organizational chart, and responses to additional inquiries
19 regarding transactional data, warehouse region codes and descriptions, and supplemental
20 transactional data. Attached as **Exhibit G** are true and correct copies of a series of emails and
21 letters between counsel for Costco and the Philips Defendants regarding the ongoing discovery
22 discussions and production.

23       10.      On October 17, 2012, counsel for the Philips Defendants informed me that the
24 defendants wanted to depose a Costco witness pursuant to Rule 30(b)(6) in an expeditious manner
25 because the defendants hoped to include that deposition in their upcoming response to the IPPs'
26 motion for class certification. On October 18, 2012, counsel for the Philips Defendants sent me
27 an list of draft topics for the deposition and commented that "time is of the essence." Attached as
28

Weiss Declaration in Support of
Costco's Opposition to the Philips Defendants'
Motion to Compel Arbitration

2

Case No. 07-5944-SC
MDL No. 1917

**Exhibit H** is a true and correct copy of an October 18, 2012, email from counsel for the Philips Defendants to me.

11. Costco agreed to make its witness available for a deposition on November 16, 2012. The IPPs thereafter requested from the defendants a continuance in light of the last-minute notice of the deposition, and Special Master Legge continued the deposition to December 7, 2012. On that day, the defendants deposed Geoff Shavey, a former Assistant General Merchandise Manager and buyer of consumer electronics for Costco. Attached as **Exhibit I** is a true and correct copy of the Notice of Deposition to Costco.

12. On January 10, 2013, in what the Philips Defendants described as "a pivot in our discussions regarding Costco's document production," counsel for the Philips Defendants directed Costco to immediately suspend its ongoing document-production efforts and instead search for and produce "all Vendor Agreements, or any other agreements containing an arbitration provision, that it had in place with any Defendant relating to the purchase of products incorporating CRTs during the 1995-2007 time period." The Philips Defendants claimed to have heard for the first time at the deposition of Geoff Shavey "that Costco has similar Vendor Agreements with all suppliers." Attached as **Exhibit J** is a true and correct copy of the January 10, 2013, email and letter sent by counsel for the Philips Defendants to Costco. Until that point, the Philips Defendants had never indicated to Costco that they were considering moving to compel arbitration.

13. On January 18, 2010, I informed the Philips Defendants that Costco would produce any such vendor agreements but explained that "if any Defendants signed contracts with Costco containing arbitration provisions, those Defendants presumably maintained their own copies of those contracts and have had them available to review and consult ever since entering into them." I also explained that to the extent any such contracts existed, "Defendants have waived any opportunity to arbitrate with Costco" because those "Defendants' decision to proceed in the MDL forecloses any opportunity to arbitrate now." Attached as **Exhibit K** is a true and correct copy of the January 18, 2013, letter I sent to counsel for the Philips Defendants. Costco produced the vendor agreements on February 11, 2013.

Weiss Declaration in Support of
Costco's Opposition to the Philips Defendants'
Motion to Compel Arbitration

3

Case No. 07-5944-SC
MDL No. 1917

1  14. Attached as **Exhibit L** is a true and correct copy of an article by Charles J. Moxley, Jr. titled *Discovery in Commercial Arbitration: How Arbitrators Think*, published in the August/October 2008 issues of the Dispute Resolution Journal and available at http://www.moxleyadr.com/Discovery%20in%20Arbitration%20article.pdf.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 21st day of October, 2013, at Seattle, Washington.

By: /s/ Eric J. Weiss
     Eric J. Weiss

Weiss Declaration in Support of
Costco's Opposition to the Philips Defendants'
Motion to Compel Arbitration

4

Case No. 07-5944-SC
MDL No. 1917