1   David J. Burman (admitted *pro hac vice*)
    Cori G. Moore (admitted *pro hac vice*)
2   Eric J. Weiss (admitted *pro hac vice*)
    Nicholas H. Hesterberg (admitted *pro hac vice*)
3   Steven D. Merriman (admitted *pro hac vice*)
    **PERKINS COIE LLP**
4   1201 Third Avenue, Suite 4900
    Seattle, WA 98101-3099
5   Telephone:  206.359.8000
    Facsimile:  206.359.9000
6

7   Joren Bass, Bar No. 208143
    JBass@perkinscoie.com
    **PERKINS COIE LLP**
8   Four Embarcadero Center, Suite 2400
    San Francisco, CA 94111-4131
9   Telephone:  415.344.7120
    Facsimile:  415.344.7320
10

11  Attorneys for Plaintiff
    Costco Wholesale Corporation

12

13               UNITED STATES DISTRICT COURT

14           NORTHERN DISTRICT OF CALIFORNIA

15               SAN FRANCISCO DIVISION

16

17  IN RE:  CATHODE RAY TUBE (CRT)     Master File No. 3:07-cv-05944-SC
    ANTITRUST LITIGATION             MDL No. 1917

18  _____  **DECLARATION OF ERIC J. WEISS**
    This document relates to:         **IN SUPPORT OF COSTCO'S**
19                                 **OPPOSITION TO THE PHILIPS**
    Case No. 3:11-06397-SC          **DEFENDANTS' MOTION TO**
20                                 **COMPEL ARBITRATION**
    COSTCO WHOLESALE CORPORATION,
21

22              Plaintiff,

23        v.

24    HITACHI, LTD., et al.,

25             Defendants.

26

27

28

Weiss Declaration in Support of
Costco's Opposition to the Philips Defendants'
Motion to Compel Arbitration

Case No. 07-5944-SC
MDL No. 1917

I, Eric J. Weiss, declare as follows:

1.      I am an attorney with Perkins Coie LLP, counsel for Plaintiff Costco Wholesale Corporation ("Costco").  I am admitted to practice law in the states of Wisconsin, Illinois, and Washington and am admitted to appear *pro hac vice* in this action pursuant to Pretrial Order No. 1, Dkt. 230 (Apr. 4, 2008).  I am over the age of 18 and competent to testify to the matters in this Declaration, which is based on my personal knowledge.

2.      Attached as **Exhibit A** is a true and correct copy of an email, dated October 15, 2013, from Patrick Clayton, counsel for the Indirect Purchaser Parties ("IPP"), confirming that the IPPs sent to the defendants on February 19, 2010, a copy of the transactional data that Costco produced on February 18, 2012, in response to an IPP subpoena.

3.      Attached as **Exhibit B** is a true and correct copy of Defendants Philips Electronics North America Corporation and Toshiba America Electronic Components, Inc.'s First Set of Interrogatories to Plaintiff Costco Wholesale Corporation, served on May 15, 2012.

4.      Attached as **Exhibit C** is a true and correct copy of Defendants Philips Electronics North America Corporation and Toshiba America Electronic Components, Inc.'s First Set of Request for Production to Plaintiff Costco Wholesale Corporation, served on May 15, 2012.

5.      Attached as **Exhibit D** is a true and correct copy of Costco Wholesale Corporation's Answers and Objections to Philips Electronics North America Corporation and Toshiba America Electronic Components, Inc.'s First Set of Interrogatories, served on August 17, 2012.

6.      Attached as **Exhibit E** is a true and correct copy of Costco Wholesale Corporation's Responses and Objections to Philips Electronics North America Corporation and Toshiba America Electronic Components, Inc.'s First Set of Request for Production, served on August 17, 2012.

7.      On August 17, 2012, Costco served its objections and responses to the aforementioned discovery requests to counsel for the Philips Defendants. That same day, Costco also sent to counsel for the Philips Defendants via an FTP site Costco-CRT-00001, which contained Costco's production of CRT transactional data.  Attached as **Exhibit F** is a true and

Weiss Declaration in Support of
Costco's Opposition to the Philips Defendants'
Motion to Compel Arbitration

Case No. 07-5944-SC
MDL No. 1917

1    correct copy of the August 17, 2012, email with instructions for downloading the transactional

2    data.

3         8.      Included within Costco's production was the file "Vendor Names.xlsx," which is a

4    spreadsheet that lists vendors that sold Costco products containing cathode ray tube ("CRTs")

5    during conspiracy.  One of the vendors listed in the spreadsheet is "Philips Consumer

6    Electronics," a division of defendant Philips Electronics North America Corporation.  A

7    preliminary review of the transactional data shows that the Philips Defendants sold to Costco at

8    least $355 million worth of CRT Products during the conspiracy.

9         9.      Over the course of the next five months, counsel for Costco and the Philips

10   Defendants participated in no fewer than four telephonic meet-and-confers and routinely emailed

11   one another about the Philips Defendants' discovery requests.  The parties initially reached a

12   mutual understanding to work toward an agreement in which Costco would produce documents

13   responsive to Defendants' requests based on a review of files from an agreed upon list of

14   custodians, filtered by keyword search terms.  The Philips Defendants and Costco exchanged and

15   negotiated proposed search terms and on several occasions discussed options for reducing costs

16   and time in producing those documents.  As a part of those meet-and-confers and email

17   exchanges, Costco responded to additional discovery requests from the Philips Defendants,

18   producing a warehouse reference list, organizational chart, and responses to additional inquiries

19   regarding transactional data, warehouse region codes and descriptions, and supplemental

20   transactional data.  Attached as **Exhibit G** are true and correct copies of a series of emails and

21   letters between counsel for Costco and the Philips Defendants regarding the ongoing discovery

22   discussions and production.

23        10.     On October 17, 2012, counsel for the Philips Defendants informed me that the

24   defendants wanted to depose a Costco witness pursuant to Rule 30(b)(6) in an expeditious manner

25   because the defendants hoped to include that deposition in their upcoming response to the IPPs'

26   motion for class certification.  On October 18, 2012, counsel for the Philips Defendants sent me

27   an list of draft topics for the deposition and commented that "time is of the essence."  Attached as

28

Weiss Declaration in Support of
Costco's Opposition to the Philips Defendants'          2          Case No. 07-5944-SC
Motion to Compel Arbitration                                         MDL No. 1917

1    **Exhibit H** is a true and correct copy of an October 18, 2012, email from counsel for the Philips

2    Defendants to me.

3        11.    Costco agreed to make its witness available for a deposition on November 16,

4    2012.  The IPPs thereafter requested from the defendants a continuance in light of the last-minute

5    notice of the deposition, and Special Master Legge continued the deposition to December 7, 2012.

6    On that day, the defendants deposed Geoff Shavey, a former Assistant General Merchandise

7    Manager and buyer of consumer electronics for Costco.  Attached as **Exhibit I** is a true and

8    correct copy of the Notice of Deposition to Costco.

9        12.    On January 10, 2013, in what the Philips Defendants described as "a pivot in our

10   discussions regarding Costco's document production," counsel for the Philips Defendants

11   directed Costco to immediately suspend its ongoing document-production efforts and instead

12   search for and produce "all Vendor Agreements, or any other agreements containing an

13   arbitration provision, that it had in place with any Defendant relating to the purchase of products

14   incorporating CRTs during the 1995-2007 time period."  The Philips Defendants claimed to have

15   heard for the first time at the deposition of Geoff Shavey "that Costco has similar Vendor

16   Agreements with all suppliers."  Attached as **Exhibit J** is a true and correct copy of the January

17   10, 2013, email and letter sent by counsel for the Philips Defendants to Costco.  Until that point,

18   the Philips Defendants had never indicated to Costco that they were considering moving to

19   compel arbitration.

20       13.    On January 18, 2010, I informed the Philips Defendants that Costco would

21   produce any such vendor agreements but explained that "if any Defendants signed contracts with

22   Costco containing arbitration provisions, those Defendants presumably maintained their own

23   copies of those contracts and have had them available to review and consult ever since entering

24   into them."  I also explained that to the extent any such contracts existed, "Defendants have

25   waived any opportunity to arbitrate with Costco" because those "Defendants' decision to proceed

26   in the MDL forecloses any opportunity to arbitrate now."  Attached as **Exhibit K** is a true and

27   correct copy of the January 18, 2013, letter I sent to counsel for the Philips Defendants.  Costco

28   produced the vendor agreements on February 11, 2013.

Weiss Declaration in Support of
Costco's Opposition to the Philips Defendants'          3          Case No. 07-5944-SC
Motion to Compel Arbitration                                        MDL No. 1917

14.     Attached as **Exhibit L** is a true and correct copy of an article by Charles J. Moxley, Jr. titled *Discovery in Commercial Arbitration:  How Arbitrators Think*, published in the August/October 2008 issues of the Dispute Resolution Journal and available at http://www. moxleyadr.com/Discovery%20in%20Arbitration%20article.pdf.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 21st day of October, 2013, at Seattle, Washington.

By: /s/ Eric J. Weiss
Eric J. Weiss

Weiss Declaration in Support of
Costco's Opposition to the Philips Defendants'
Motion to Compel Arbitration                4                Case No. 07-5944-SC
MDL No. 1917