# EXHIBIT A

**Weiss, Eric J.  (Perkins Coie)**

| | |
|---|---|
| **From:** | Patrick Clayton <PClayton@zelle.com> |
| **Sent:** | Tuesday, October 15, 2013 10:39 AM |
| **To:** | Merriman, Steven D.  (Perkins Coie); Marie Babione; Judith Zahid |
| **Cc:** | Weiss, Eric J.  (Perkins Coie); Burman, David J.  (Perkins Coie) |
| **Subject:** | RE: In Re CRT Antitrust Litigation -- IPP subpoena to Costco |
| **Attachments:** | Letter to defense counsel re enclosed Costco production (2.19.10).pdf |

Steve, yes, we sent a copy of the production to defense liaison counsel on Feb. 19, 2010, per the attached letter.  Let us know if you have any questions.

Patrick



Patrick Clayton
Attorney at Law

website[zelle.com] | bio[zelle.com] |
vCard[zelle.com] | map[maps.google.com] | [linkedin.com]

44 Montgomery Street, Suite 3400
San Francisco, CA 94104

D (415) 633-1942
F (415) 693-0770

Boston ▪ Dallas ▪ Minneapolis ▪ San Francisco ▪ Washington, DC ▪ London ▪ Beijing*

The information herein is confidential and may be attorney-client privileged and/or contain attorney work product and is intended solely for the addressee(s). If you are not an addressee, any disclosure, copying, retention or use of any information contained herein is prohibited. If you have received this message in error, please delete it and notify the sender immediately.

*In association with ZY & Partners                    Please consider the environment before printing this email. 

**From:** Merriman, Steven D. (Perkins Coie) [mailto:SMerriman@perkinscoie.com]
**Sent:** Tuesday, October 15, 2013 9:13 AM
**To:** Patrick Clayton; mbabione@zell.com
**Cc:** Weiss, Eric J. (Perkins Coie); Burman, David J. (Perkins Coie)
**Subject:** In Re CRT Antitrust Litigation -- IPP subpoena to Costco

Patrick and Marie,

We represent Costco in the CRT litigation. Back in November 2009, you served Costco with a subpoena for its transactional documents, *see* attached subpoena, which we produced to you in February 2010. Our corresponding cover letter is attached.

Can you confirm for us that you forwarded our production to the defense group? And if so, when?

Thank you for any insight that you can give.

Sincerely,
Steve

Steven D. Merriman | Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
PHONE: 206.359.3495
FAX: 206.359.4495
E-MAIL: SMerriman@perkinscoie.com
PROFESSIONAL BIOGRAPHY

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# EXHIBIT B

Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com

*Attorneys for Defendant Philips Electronics North
America Corporation*

Additional Counsel Listed on Signature Page

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No.: M-07-5944 SC—MDL NO. 1917 |
|---|---|
| This Document Relates to: COSTCO ACTION 3:11-cv-06397-SC | **DEFENDANTS PHILIPS ELECTRONICS NORTH AMERICA CORPORATION AND TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF COSTCO WHOLESALE CORPORATION** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Philips Electronics North America Corporation ("PENAC") and Toshiba America Electronic Components, Inc. ("TAEC") hereby request that Plaintiff Costco Wholesale Corporation ("Plaintiff") in the above-captioned action respond to the following first set of interrogatories (the "Interrogatories"). Plaintiff is directed to serve verified answers in conformance with the above-cited rules at the offices of Baker Botts LLP, attn: David T. Emanuelson, 1299 Pennsylvania

Ave., N.W., Washington, DC 20004-2400 (or at such other place as may be agreed upon by the parties), within thirty (30) days after the date of the service hereof.

### DEFINITIONS

For the purposes of these Interrogatories, the following definitions apply:

A.       "All" shall be construed as all, each, any, and every.

B.       "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatories all information that might otherwise be construed to be outside of their scope.

C.       "Complaint" means Plaintiff's Complaint in the above-captioned action, filed in the United States District Court for the Western District of Washington on November 14, 2011, and transferred to the United States District Court for the Northern District of California on December 20, 2011.

D.       "CRTs" means cathode ray tubes.

E.       "CRT Product(s)" means products containing CRTs.

F.       "Defendants" means all entities enumerated in Paragraphs 17 through 53 of the Complaint.

G.       "Document(s)" has the broadest possible meaning permissible under the Federal Rules of Civil Procedure and/or applicable precedent, including but not limited to any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic matter of any kind or nature, however produced or reproduced, whether in hard copy, electronic, or other form, and includes, without limitation, pamphlets, brochures, books, booklets, information sheets, papers, articles, journals, magazines, computer printouts, Internet search results, tapes, discs or other forms of audio, visual or audio/visual recordings, records, memoranda, reports, financial statements, affidavits, handwritten and other notes, transcripts, paper, indices, letters, envelopes, telegrams, cables, electronic mail messages, telex messages, telecopied messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcriptions or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses,

1   evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars,

2   product labels, prescriptions, package inserts or other information accompanying medications,

3   maintenance or service records, appointment books, diaries, billing records, checks, bank account

4   statements, invoices, photographs, microfilms, tapes or other records, punch cards, magnetic tapes,

5   discs, data cells, drums, printouts, other data compilations (in any form) from which information can

6   be obtained, recordings made through data processing techniques and the written information

7   necessary to understand and use such materials, and any other documents discoverable under the

8   Federal Rules of Civil Procedure.

9        H.    "Evidence" means Documents or percipient witness statements or testimony.

10        I.    "Person" means and includes all natural persons or entities, governmental units,

11   partnerships, firms, corporations, associations, joint ventures, any other form of business

12   organization or arrangement, or any form of public, private or legal entity.

13        J.    "Relevant Period" has the definition assigned to it in Paragraph 1 of the

14   Complaint.

15        K.    "You" and "Your" means the Plaintiff responding to these interrogatories, its

16   direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, successors,

17   and assigns, the present and former officers, directors, employees, attorneys, agents, and

18   representatives of any of the above, and all Persons acting or purporting to act on its behalf.

19   "You" or "Your" includes, but is not limited to, all entities who assigned their claims to You.

20        L.    The singular form of any noun or pronoun includes the plural, and vice versa.

21        M.    Terms in the present tense include terms in the past tense, and terms in the past

22   tense include terms in the present tense.

23               **GENERAL INSTRUCTIONS**

24        1.    Answers to these Interrogatories are to be based upon all knowledge or

25   information available to You, including, but not limited to, all information or knowledge

26   derivable from business or other records, and all knowledge or information possessed by any

27   Person, including but not limited to any employee, agent, attorney, expert witness, consultant,

28   representative or other advisor, subject to the instruction, direction or control of You.

No. M-07-5944 SC
MDL NO. 1917                      3                    Defendants PENAC and TAEC's
First Set of Interrogatories to Plaintiff Costco Wholesale Corporation

2.      Each Interrogatory is to be answered separately and in order, and shall be construed independently and not by reference to any other Interrogatory.

3.      You should answer each Interrogatory fully, unless it is objected to, in which event the reasons for the objection should be specifically and separately stated.

4.      The answers are to be signed by You and the objections, if any, are to be signed by the attorney making them.

5.      Where a complete answer to a particular Interrogatory is not possible, the Interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is given, together with the identity of any Documents or sources from which more complete information is obtainable.

6.      With respect to any Interrogatory that You may allege that You are unable to answer due to insufficient knowledge, You are requested to specify the nature of the inquiries made in an attempt to enable You to answer the Interrogatory, including the identity of any Person communicated with in an attempt to enable You to respond fully to the Interrogatory.

7.      If, in answering these Interrogatories, You claim any ambiguity in interpreting either a particular Interrogatory or a definition or instruction, such claim shall not be utilized as a basis for refusing to answer.  Instead, You shall set forth as part of the answer the language deemed to be ambiguous and the interpretation utilized in the response to the Interrogatory.

8.      When referring to a Person, "identify" means to state the Person's full name, present or last known address, telephone number, present or last known place of employment, and present or last known title at that place of employment.  Once a Person has been identified in accordance with this paragraph, only the name of the Person need be listed in response to subsequent discovery requesting the identification of the Person.

## INTERROGATORIES

**Interrogatory No. 1:**

Identify each and every Person who provided information to answer these Interrogatories.

**Interrogatory No. 2:**

For all of Your purchases of CRTs during the Relevant Period, identify, for each fiscal

No. M-07-5944 SC
MDL NO. 1917                                    4                    Defendants PENAC and TAEC's
First Set of Interrogatories to Plaintiff Costco Wholesale Corporation

quarter, the total quantity, size, model, type (CPT or CDT), manufacturer, price, and quantity of CRT purchased from any Defendant and any non-Defendant CRT supplier.

**Interrogatory No. 3:**

Separately identify each purchase of a CRT, if any, upon which You base any claim in this action, including without limitation the date and place of purchase, quantity, price, size, model, type (CPT or CDT), seller and manufacturer of each CRT purchase, each Person involved in the purchase and the time period and nature of each Person's involvement, and any Documents or other evidence of each purchase.

**Interrogatory No. 4:**

Please describe the manner in which You used price lists, price schedules, or published prices for CRTs or CRT Products in purchasing any CRTs or CRT Products upon which You base any claim in this action or in negotiating the price of any CRTs or CRT Products that You purchased from any Defendant upon which You base any claim in this action.  As part of Your response, identify each Document that You contend supports Your response.

**Interrogatory No. 5:**

Identify each Document relating to any rebate, discount, pricing concession, or terms of payment that You received in connection with the purchase of any CRT or CRT Product during the Relevant Period upon which You base any claim in this action.

 **Interrogatory No. 6:**

Identify any Person employed by You during the Relevant Period who had responsibility for the purchase of CRTs or CRT Products, including, without limitation, the negotiation or approval of contracts or agreements relating to the purchase of CRTs or CRT Products.

**Interrogatory No. 7:**

Identify any Person employed by You during the Relevant Period who had responsibility for cost accounting relating to the purchase or sale of CRTs or CRT Products.

**Interrogatory No. 8:**

For each purchase order that You issued during the Relevant Period for any CRTs or CRT Products upon which You base any claim in this action, please state the size, model, price, type

No. M-07-5944 SC
MDL NO. 1917                                        5                    Defendants PENAC and TAEC's
First Set of Interrogatories to Plaintiff Costco Wholesale Corporation

1  (CPT or CDT), manufacturer, and quantity of items You purchased under the purchase order,

2  from whom You purchased the CRT or CRT Product listed in the purchase order, the location

3  from which You issued the purchase order, and the location from which You issued each payment

4  for CRTs or CRT Products.

5  **Interrogatory No. 9:**

6       Please list each country and, if the country is the United States, each state, in which,

7  during the Relevant Period, You (i) negotiated Your purchases of CRTs or CRT Products, and (ii)

8  received shipments of CRTs or CRT Products; and for each country or state (a) list the quantity,

9  size, manufacturer, model, type (CPT or CDT), dollar value, and shipper of each shipment of

10  CRTs or CRT Products received and all Persons who had authority to receive such shipments on

11  Your behalf, and (b) list the quantity, size, manufacturer, model, type (CPT or CDT), dollar value

12  and seller of CRTs or CRT Products for each purchase negotiated by You and all Persons who

13  had authority to negotiate such purchases on Your behalf.

14  **Interrogatory No. 10:**

15       Please list each country and, if the country is the United States, each state, in which,

16  during the Relevant Period, the manufacturers of CRT Products You purchased either (i)

17  negotiated their purchases of the CRTs contained in the CRT Products You purchased, (ii)

18  received shipments of the CRTs contained in the CRT Products You purchased, (iii)

19  manufactured the CRT Products You purchased, or (iv) any combination of the preceding; and for

20  each country or state list the quantity, size, manufacturer, model, and type (CPT or CDT) of

21  CRTs or CRT Products purchased, received, or manufactured by each manufacturer.

22

23  Dated: May 15, 2012           By: ____/s/ Jon V. Swenson____

24                   Jon V. Swenson (SBN 233054)
                   BAKER BOTTS LLP

25                   620 Hansen Way
                 Palo Alto, CA 94304

26                   Telephone: (650) 739-7500
                 Facsimile: (650) 739-7699

27                   Email: jon.swenson@bakerbotts.com

28

No. M-07-5944 SC
MDL NO. 1917            . 6                    Defendants PENAC and TAEC's
First Set of Interrogatories to Plaintiff Costco Wholesale Corporation

John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com

*Attorneys for Defendant Philips Electronics North
America Corporation*

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Attorneys for Defendant
Toshiba America Electronic Components, Inc.*

## CERTIFICATE OF SERVICE

On May 15, 2012, I caused a copy of "DEFENDANTS PHILIPS ELECTRONICS NORTH AMERICA CORPORATION AND TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF COSTCO WHOLESALE CORPORATION" to be served via email upon DBurman@perkinscoie.com, CGMoore@perkinscoie.com, NPurcell@perkinscoie.com, and NHesterberg@perkinscoie.com, as well as counsel for the defendants who have entered an appearance in this case.

By: /s/ Charles Malaise
Charles Malaise (pro hac vice)

No. M-07-5944 SC
MDL NO. 1917                                    8        Defendants PENAC and TAEC's
First Set of Interrogatories to Plaintiff Costco Wholesale Corporation

# EXHIBIT C

1   Jon V. Swenson (SBN 233054)
    BAKER BOTTS LLP
2   620 Hansen Way
    Palo Alto, CA 94304
3   Telephone: (650) 739-7500
    Facsimile: (650) 739-7699
4   Email: jon.swenson@bakerbotts.com

5
    John M. Taladay (*pro hac vice*)
6   Joseph Ostoyich (*pro hac vice*)
    BAKER BOTTS LLP
7   1299 Pennsylvania Ave., N.W.
    Washington, DC 20004-2400
8   Telephone: (202) 639-7700
    Facsimile: (202) 639-7890
9   Email: john.taladay@bakerbotts.com
    Email: joseph.ostoyich@bakerbotts.com
10

11  *Attorneys for Defendant Philips Electronics North*
12  *America Corporation*

13  Additional Counsel Listed on Signature Page

14
15              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
16                   **SAN FRANCISCO DIVISION**

17  **IN RE CATHODE RAY TUBE (CRT)**        )   Case No.: 07-5944 SC
18  **ANTITRUST LITIGATION**               )   MDL No. 1917
                                           )
19  _____    )   **DEFENDANTS PHILIPS**
                                           )   **ELECTRONICS NORTH AMERICA**
20  This Document Relates to:              )   **CORPORATION AND TOSHIBA**
                                           )   **AMERICA ELECTRONIC**
21  COSTCO ACTION                          )   **COMPONENTS, INC.'S FIRST SET**
    3:11-cv-06397-SC                       )   **OF REQUESTS FOR PRODUCTION**
22                                         )   **TO PLAINTIFF COSTCO**
                                           )   **WHOLESALE CORPORATION**
23  _____

24          Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Philips
25  Electronics North America Corporation ("PENAC") and Toshiba America Electronic
26  Components, Inc. ("TAEC") hereby request that Plaintiff Costco Wholesale Corporation
27  ("Plaintiff") produce for inspection and copying each of the documents and other things described
28

below at Baker Botts LLP, attn: David T. Emanuelson, 1299 Pennsylvania Ave., N.W., Washington, DC 20004-2400 (or at such other place as may be agreed upon by the parties) within thirty (30) days after the date of the service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.     "You" and "Your" means the Plaintiff responding to these requests, its direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each Person acting or purporting to act on its behalf. "Your" or "You" includes, but is not limited to, all entities who assigned their claims to you.

2.     "Documents" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and shall include, without limitation, any kind of written, typewritten, or printed material whatsoever, and any computer hard drive or computer readable media, including, without limitation, papers, agreements, contracts, notes, memoranda, presentations, presentation materials, Communications, letters, telegrams, messages sent to or received from a wireless device, electronic mail, statements, invoices, personal diaries, records, books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, magnetic tapes, recordings, translations to any language, printed cards, programming instructions, assembly diagrams, schematic diagrams, and manuals either in Your possession or custody or under Your control, and shall include, without limitation, originals, file copies, and other copies, no matter how or by whom prepared, and all drafts prepared in connection with any such writings, whether used or not, regardless of whether the Document still exists, and regardless of who has maintained custody of such Documents.

3.     "Communications" means any and all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any Person(s), including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, faxes, notations, telegrams, advertisements, interviews and all other Documents as herein defined.

-1-

4.      "Interrogatories" refers to the interrogatories enumerated in Defendants PENAC and TAEC's First Set of Interrogatories to Plaintiff, served concurrently herewith.

5.      "Complaint" means Plaintiff's Complaint in the above-captioned action, filed in the United States District Court for the Western District of Washington on November 14, 2011, and transferred to the United States District Court for the Northern District of California on December 20, 2011.

6.      "CRT(s)" refers to cathode ray tubes and "CRT Product(s)" refers to products containing cathode ray tubes.

7.      "Defendants" means the entities enumerated by paragraphs 17 through 53 of the Complaint.

8.      "OEM" means non-defendant original equipment manufacturers, as defined in paragraph 71 of the Complaint.

9.      "Person" means any individual or group of individuals, corporation, partnership, association, governmental entity, department, commission, bureau or any other kind of legal or business entity.

10.      When referring to a Person, "Identity" or "Identify" means, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment.  Once a Person has been identified in accordance with this subparagraph, only the name of the Person need be listed in response to subsequent discovery requesting the identification of that Person.

11.      When referring to a Document, "Identity" or "Identify" means, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

12.      "Relevant Period" means the Class Period alleged in paragraph 1 of the Complaint, i.e., March 1, 1995 to November 25, 2007.

13.      You are required to produce all Documents in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil

-2-

1  Procedure, including, where applicable, any index tabs, file dividers, designations, or other

2  information as to the location of the Documents.

3      14.     If You cannot respond to a request for production fully, after a diligent attempt to

4  obtain the requested information, You must answer the request to the extent possible, specify the

5  portion of the request You are unable to answer, and provide whatever information You have

6  regarding the answered portion.

7      15.     In the event that any requested Document has been destroyed, lost, discarded or is

8  otherwise no longer in Your possession, custody, or control, You shall identify the document as

9  completely as possible and specify the document's disposal date, disposal manner, disposal

10  reason, the Person who authorized the disposal, and the Person who disposed of the document.

11      16.     In the event any information is withheld on a claim of attorney-client privilege,

12  work-product doctrine, or any other applicable privilege, You shall provide a privilege log that

13  includes at least the following information: the nature of the information contained in the withheld

14  document, the document date, source, and subject matter, the author(s) and recipient(s), such as

15  would enable the privilege claim to be adjudicated, and any authority that You assert supports any

16  claim of privilege.

17      17.     The words "concerning," "regarding," "reflecting," "referring to" and/or "relating

18  to" mean describing, discussing, constituting, containing, considering, embodying, evaluating,

19  mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing,

20  showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in

21  connection with or by reason of, or derived or arising therefrom.

22      18.     The word "and" shall be construed to include "or" and vice versa.

23      19.     The word "any" shall be construed to include "all" and vice versa.

24

25

26

27

28

-3-

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

      All Documents You Identified or were requested to Identify in response to the Interrogatories served concurrently herewith.

**REQUEST NO. 2:**

      All Documents concerning any CRTs or CRT Products purchased by You or on Your behalf from Defendants during the Relevant Period, including Documents evidencing for each CRT or CRT Products:

a.   the date and place of purchase of the CRT or CRT Product, including the place(s) where the CRT or CRT Product was manufactured, shipped from, shipped to, stored, and/or invoiced;

b.   the Person or entity from whom You purchased each CRT or CRT Product;

c.   the Identities of the Persons involved in the negotiations and ordering of each CRT or CRT Product, including where any such negotiations were conducted;

d.   the quantity of each purchase if a purchase included more than one CRT or CRT Product;

e.   the manufacturer of each CRT or CRT Product, including where each CRT or CRT Product was manufactured;

f.   any Person who bought or sold the CRT or CRT Product before You purchased the CRT or CRT Product;

g.   the list price of each CRT or CRT Product;

h.   store or manufacturer discounts, coupons, rebates, refunds, dividends, shipping or volume related discounts, or other price adjustments applied to the price of each CRT or CRT Product and their amount;

i.   the net price paid for each CRT or CRT Product (before tax), including any store or manufacturer discounts, coupons, rebates, refunds, dividends, shipping or volume related discounts, or other price adjustments;

j.   all items or things of value You received in exchange for the net price that You paid for each CRT or CRT Product, including shipping, storage, future discounts, discounts on non-CRT products, accessory products, warranties, and/or insurance plans.

k.   any taxes, customs, tariffs, duties, or other fees paid (and the identity of the

-4-

government entity that received the same) on each CRT or CRT Product;

l.    any freight charges associated with each CRT or CRT Product;

m.   any other additional or related costs incurred in connection with Your purchase of each CRT or CRT Product, including any insurance plans or warranties;

n.    all terms and conditions that were a part of each purchase of any CRT or CRT Product, including any below-cost pricing, most-favored-nation pricing, negotiable pricing, sale pricing, loss-leader pricing;

o.    whether any purchases of any CRT or CRT Product were made under a purchasing or other agreement;

p.    all receipts, invoices, purchase orders, wire transfer records or other similar Documents evidencing each CRT or CRT Product purchase; and

q.    all information used to identify each CRT or CRT Product including tracking numbers, model numbers, product names, brands and serial numbers.

**REQUEST NO. 3:**

Documents sufficient to show the meaning of any codes or abbreviations used in any data produced in response to Request for Production No. 2, including Documents that contain the characteristics of the CRTs and CRT Products associated with those codes and abbreviations, such as the size, model, manufacturer, and other features.

**REQUEST NO. 4:**

For each purchase or potential purchase by You of any CRT or CRT Product, all Documents relating to negotiations or communications of that purchase, including but not limited to any offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of sale.

**REQUEST NO. 5:**

For each purchase or potential purchase by You of any CRT or CRT Product, all contracts, purchase orders, agreements or memoranda of understanding, or any other Document that contains any term or condition of sale, including all exclusive contracts, master purchase agreements, purchase orders, invoices, cost-plus contracts and most-favored-nation contracts, and

-5-

1   purchase order acknowledgements.

2   **REQUEST NO. 6:**

3         All Documents relating to negotiations or communications regarding offers, price

4   quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of

5   Your sales of CRT Products.

6   **REQUEST NO. 7:**

7         All Documents relating to the negotiation or interpretation of any purchase order,

8   contract, agreement, or terms of sale between You and any Defendant relating to CRTs and CRT

9   Products, including Documents relating to which terms or agreements govern which transactions.

10   **REQUEST NO. 8:**

11         For each purchase or potential purchase by You of any CRT or CRT Product, all

12   Documents relating to any efforts to consider alternative items or products before the purchase

13   was made, including all Documents relating to (a) any alternative items or products considered, (b)

14   the price of such items or products, and (c) any factors related to the decision not to purchase the

15   alternative item or product.

16   **REQUEST NO. 9:**

17         All Documents relating to any decision to purchase CRT Products instead of or as

18   an alternative to LCD or plasma products, including all Documents relating to (a) any LCD or

19   plasma products considered, (b) the price of such items or products, and (c) any factors related to

20   the decision not to purchase the LCD or plasma product.

21   **REQUEST NO. 10:**

22         All Documents relating to any decision by You not to complete a proposed or

23   contemplated purchase of CRTs or CRT Products during the Relevant Period.

24   **REQUEST NO. 11:**

25         All Documents constituting contracts, purchase orders, or other agreements

26   between You and any OEM, original design manufacturer, contract manufacturer or system

27   integrator for the purchase or manufacture of CRTs or CRT Products.

28

-6-

**REQUEST NO. 12:**

All Documents relating to Your corporate policies, practices and/or procedures, whether formal or informal, for making decisions concerning the purchase or sale of CRTs or CRT Products including factors considered and purchasing methods and procedures You currently use or have used at any time during the Relevant Period.

**REQUEST NO. 13:**

All Documents relating to Your participation in any cooperative entity, trade association, symposium, conference, or other organization concerning CRTs or CRT Products.

**REQUEST NO. 14:**

All reports, analyses, memoranda, communications, and other discussions summarizing, describing, or referring to Your competitors and competition for the sale of CRT Products.

**REQUEST NO. 15:**

All Documents evidencing Your relationship, including any agreement or contracts with any broker, manufacturer, distributor, or supplier of CRTs or CRT Products other than Defendants.

**REQUEST NO. 16:**

All Documents concerning any analysis or study of the market for CRTs or CRT Products or of any supplier, producer, manufacturer, or distributor of CRTs or CRT Products.

**REQUEST NO. 17:**

All Documents relating to any events or changes in the market(s) for CRTs or CRT Products during the Relevant Period that would or did affect the production, supply, demand, uses, or pricing of CRTs or CRT Products.

**REQUEST NO. 18:**

Documents sufficient to show Your policies and procedures for inventory management of purchases of CRTs and CRT Products, including the location(s) of any inventory warehouses and the procedure by which You manage that inventory.

-7-

**REQUEST NO. 19:**

All Documents reflecting the effect, if any, of price changes of CRT Products, or any of their components, on the profit or loss You realized.

**REQUEST NO. 20:**

All Documents reflecting the effect, if any, of price changes of CRT Products, or any of their components, on the profit or loss You anticipated.

**REQUEST NO. 21:**

All Documents relating to Your decisions, if any, to pass through to Your customers any increase in the price of CRTs or CRT Products.

**REQUEST NO. 22:**

All Documents reflecting what portion, if any, of the alleged overcharge on CRTs was passed on to You in Your purchases of CRT Products as alleged in paragraph 108 of the Complaint.

**REQUEST NO. 23:**

Separately for You and each of Your affiliates, divisions, or subsidiaries, all Documents concerning revenue, costs, profitability and margins (on a monthly or annual basis) for all CRTs and CRT Products You sold, used or distributed including but not limited to annual reports, balance sheets, financial statements and financial reports.

**REQUEST NO. 24:**

All Documents relating to your suspicion or belief that any Defendant was engaged in any anticompetitive conduct relating to CRTs or CRT Products, including the date You first suspected such conduct and the circumstances surrounding, and reasons for, such suspicions or beliefs.

**REQUEST NO. 25:**

Without limitation as to time, all Documents relating to any statement or action by any Defendant, or any other Person or entity that You contend had the effect of concealing any of Your claims.

-8-

**REQUEST NO. 26:**

Without limitation as to time, all Documents concerning any steps or actions taken by You to discover the facts alleged in the Complaint that You contend support Your claims.

**REQUEST NO. 27:**

All Documents relating to the sharing of information between manufacturers of CRTs.

**REQUEST NO. 28:**

All Documents relating to Communications that any of YOUR personnel had with the personnel of any other purchasers of CRTs or CRT Products regarding such CRTs or CRT Products, including personnel acting on behalf of any other plaintiff in the multi-district litigation Case No. 1917.

**REQUEST NO. 29:**

All Documents relating to Communications that any of Your personnel had with the personnel of any supplier of CRTs or CRT Products, including Defendants, regarding pricing, contract terms, production capacity, or volume of sales of any other supplier of CRTs or CRT Products.

**REQUEST NO. 30:**

All of Your organizational charts and personnel directories for each division involved in the purchase of any CRTs and CRT Products.

**REQUEST NO. 31:**

All Documents referred to, quoted, paraphrased, or excerpted in the Complaint, or otherwise relied upon as the basis for any allegation in the Complaint.

**REQUEST NO. 32:**

All Documents relating to any requests by You to change or revise any Defendant's terms of sale to You for CRTs or CRT Products.

**REQUEST NO. 33:**

Documents sufficient to Identify all purposes for which You purchased or used

-9-

1   CRTs and CRT Products.

2   **REQUEST NO. 34:**

3           All Documents relating to the allegations contained in paragraphs 125-126 and

4   130-131 of the Complaint.

5   **REQUEST NO. 35:**

6           Documents sufficient to show the meaning of any codes or abbreviations used in

7   any data produced in response any third-party subpoena served on You in the multi-district

8   litigation Case No. 1917, including Documents that contain the characteristics of the CRTs and

9   CRT Products associated with those codes and abbreviations, such as the size and other features.

10

11  Dated: May 15, 2012                          By:  ___/s/ Jon V. Swenson___

12

13                                               Jon V. Swenson (SBN 233054)
                                                 BAKER BOTTS LLP
14                                               620 Hansen Way
                                                 Palo Alto, CA 94304
15                                               Telephone: (650) 739-7500
                                                 Facsimile: (650) 739-7699
16                                               Email: jon.swenson@bakerbotts.com

17                                               John M. Taladay (*pro hac vice*)
18                                               Joseph Ostoyich (*pro hac vice*)
                                                 BAKER BOTTS LLP
19                                               1299 Pennsylvania Ave., N.W.
                                                 Washington, DC 20004-2400
20                                               Telephone: (202) 639-7700
                                                 Facsimile: (202) 639-7890
21                                               Email: john.taladay@bakerbotts.com
22                                               Email: joseph.ostoyich@bakerbotts.com

23                                               *Attorneys for Defendants Koninklijke Philips*
                                                 *Electronics N.V. and Philips Electronics North*
24                                               *America Corporation*

25                                               Christopher M. Curran (*pro hac vice*)
26                                               ccurran@whitecase.com
                                                 George L. Paul (*pro hac vice*)
27                                               gpaul@whitecase.com
                                                 Lucius B. Lau (*pro hac vice*)

28                                               -10-

1

alau@whitecase.com
White & Case LLP

2

701 Thirteenth Street, N.W.
Washington, DC  20005

3

Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

4

5

*Attorneys for Defendant*
*Toshiba America Electronic Components, Inc.*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

1

## CERTIFICATE OF SERVICE

2

On May 15, 2012, I caused a copy of "DEFENDANTS PHILIPS ELECTRONICS

3

NORTH AMERICA CORPORATION AND TOSHIBA AMERICA ELECTRONIC

4

COMPONENTS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

5

COSTCO WHOLESALE CORPORATION" to be served via email upon

6

DBurman@perkinscoie.com, CGMoore@perkinscoie.com, NPurcell@perkinscoie.com, and

7

NHesterberg@perkinscoie.com, as well as counsel for the defendants who have entered an

8

appearance in this case.

By: /s/ Charles Malaise_____

9

Charles Malaise (pro hac vice)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-

Case No. 07-5944 SC
MDL No. 1917                                    Defendants PENAC and TAEC's First Set of Requests for
Production of Documents to Plaintiff Costco Wholesale Corporation

# EXHIBIT D

David J. Burman (admitted *pro hac vice*)
Nick Hesterberg (admitted *pro hac vice*)
Eric J. Weiss
**PERKINS COIE** LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:     206.359.8000
Facsimile:     206.359.9000

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
**PERKINS COIE** LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone:     415.344.7120
Facsimile:     415.344.7320

*Attorneys for Plaintiff*
*Costco Wholesale Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>COSTCO ACTION<br>3:11-cv-06397-SC | **COSTCO WHOLESALE CORPORATION'S ANSWERS AND OBJECTIONS TO PHILIPS ELECTRONICS NORTH AMERICA CORPORATION AND TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S FIRST SET OF INTERROGATORIES** |

**RESPONDING PARTY:**        Costco Wholesale Corporation

**PROPOUNDING PARTY:**      Philips Electronics North America Corporation &
                                            Toshiba America Electronic Components, Inc.

**SET:**                                    First

-1-

COSTCO WHOLESALE CORP.'S ANSWERS TO PHILIPS ELECS.
NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC. COMPS.,
INC.'S FIRST SET OF INTERROGATORIES
CASE NO. 07-5944 SC MDL NO. 1917

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the

2    Local Rules of the Northern District of California, Plaintiff Costco Wholesale Corporation

3    ("Costco") hereby responds to Philips Electronics North America Corporation and Toshiba

4    America Electronic Components, Inc.'s ("Defendants'") First Set of Interrogatories, dated May

5    15, 2012.

6                          **RESERVATION OF RIGHTS**

7    In responding to these Interrogatories, Costco states that it has conducted, or will conduct,

8    a diligent search, reasonable in scope, for information that is relevant to the Interrogatories.  In

9    the event that additional information relevant to the Interrogatories is later identified or brought to

10   Costco's attention, Costco reserves the right to amend, revise, supplement, modify, or clarify the

11   following objections and responses.  Costco further reserves the right to complete its investigation

12   and discovery of the facts, and to rely at trial or in other proceedings upon information in addition

13   to the information provided herein, regardless of whether such information is newly discovered or

14   newly in existence.

15   Costco incorporates by reference any evidence identified by the Direct Purchaser

16   Plaintiffs, Indirect Purchaser Plaintiffs, and the other Direct Action Plaintiffs in response to any

17   discovery request.

18   Costco has responded to these Interrogatories as it interprets and understands them.  If

19   Defendants subsequently assert an interpretation of any Interrogatory or response that differs

20   from Costco's understanding, Costco reserves the right to supplement or amend its objections or

21   responses.

22   Costco reserves the right to object to the admission of its responses to the Interrogatories

23   into evidence at trial, or any other proceeding.

24                          **GENERAL OBJECTIONS**

25   1.  Costco's responses to the Interrogatories are made without prejudice to Costco's right

26   to use or introduce at later times in this proceeding subsequently discovered information or

27   information omitted from these responses.

28

2. Costco objects to the Interrogatories to the extent they call for the disclosure of information that is subject to the attorney-client privilege, joint-prosecution privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection.

3. Costco objects to the Interrogatories to the extent that they require Costco to disclose the confidential, proprietary, or commercially sensitive information of third parties that Costco is bound, contractually or otherwise, not to disclose.

4. Costco objects to the Interrogatories to the extent that they: (i) seek information that is neither relevant to the parties' claims and defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (ii) are vague, indefinite or ambiguous; (iii) are overbroad, unduly burdensome, and oppressive; (iv) are unreasonably cumulative or duplicative, or (v) seek information that is already in Defendants' possession, custody, control, or which is publicly available or otherwise readily accessible to Defendants.

5. Costco objects to the Interrogatories, including the Instructions and Definitions, to the extent that they purport to impose upon Costco obligations beyond those imposed by the Federal Rules of Civil Procedure.

6. Costco objects to the Interrogatories to the extent that they are premature. Costco has not completed its discovery and investigation in this matter, and Costco's investigation of this case is ongoing. Costco's responses are being made after reasonable inquiry into the relevant facts, and the responses are based only upon the information and documentation that is presently known to Costco. Further investigation and discovery, including further review of documents produced or to be produced by Defendants, may result in the identification of information, and Costco reserves the right to modify its responses. Costco responses should not be construed to prejudice Costco's right to conduct further investigation in this case or to limit Costco's use of any evidence that may be developed.

7. Costco objects to the extent Defendants are drawing a distinction between CRTs and CRT Products. Costco is interpreting all requests related to CRTs to include its purchases of CRT Products, which contain CRTs.

1    Costco objects to the Interrogatories in their entirety on the above grounds.  In order to

2    avoid repetition, the foregoing General Objections are hereby incorporated into each response as

3    if set forth therein.

4                                                **INTERROGATORIES**

5    **INTERROGATORY NO. 1**:  Identify each and every Person who provided information

6    to answer these Interrogatories.

7    **ANSWER TO INTERROGATORY NO. 1**:  Costco refers to and incorporates its

8    General Objections as though set forth fully herein.  Costco objects to the extent this

9    Interrogatory seeks information protected from disclosure by the attorney-client privilege or

10   work-product doctrine.  Costco further objects on the grounds that the Interrogatory is overbroad,

11   unduly burdensome, and oppressive.

12   Subject to and without waiving its general and specific objections, Costco asserts that in

13   addition to Costco's counsel and persons working under direction of counsel, Geoff Shavey and a

14   records custodian participated in or supplied information used in answering the Interrogatories.

15   

16   **INTERROGATORY NO. 2**:  For all of Your purchases of CRTs during the Relevant

17   Period, identify, for each fiscal quarter, the total quantity, size, model, type (CPT or CDT),

18   manufacturer, price, and quantity of CRT purchased from any Defendant and any non-Defendant

19   CRT supplier.

20   **ANSWER TO INTERROGATORY NO. 2**:  Costco refers to and incorporates its

21   General Objections as though set forth fully herein.  Costco objects to this Interrogatory on the

22   grounds that it is overbroad, unduly burdensome, and oppressive.  Costco further objects to this

23   Interrogatory to the extent that it seeks information that will be provided through expert

24   discovery.

25   Subject to and without waiving its general and specific objections, Costco refers

26   Defendants to Costco's responses to Defendants' First Set of Requests for Production, served

27   concurrently with these Interrogatories.  The burden of identifying specific information or

28   

-4-

COSTCO WHOLESALE CORP.'S ANSWERS TO PHILIPS ELECS.
NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC. COMPS.,
INC.'S FIRST SET OF INTERROGATORIES
CASE NO. 07-5944 SC MDL NO. 1917

documents responsive to Interrogatories from documents produced in response to Defendants'

First Set of Requests for Production is substantially the same for either party, and Costco is

entitled to elect the option to produce business records pursuant to Rule 33(d) of the Federal

Rules of Civil Procedure.

**INTERROGATORY NO. 3:**  Separately identify each purchase of a CRT, if any, upon

which You base any claim in this action, including without limitation the date and place of

purchase, quantity, price, size, model, type (CPT or CDT), seller and manufacturer of each CRT

purchase, each Person involved in the purchase and the time period and nature of each Person's

involvement, and any Documents or other evidence of each purchase.

**ANSWER TO INTERROGATORY NO. 3**:  Costco refers to and incorporates its

General Objections as though set forth fully herein.  Costco objects to this Interrogatory on the

grounds that it is overbroad, unduly burdensome, and oppressive, particular insofar as it seeks the

identity of every person employed by Costco over a ten-year period who was involved in the

purchase of CRT products.  Costco further objects to this Interrogatory to the extent that it seeks

information that will be provided through expert discovery.  Costco also objects to the term

"involved" as vague and ambiguous.

Subject to and without waiving its general and specific objections, Costco refers

Defendants to Costco's responses to Defendants' First Set of Requests for Production, served

concurrently with these Interrogatories.  The burden of identifying specific information or

documents responsive to Interrogatories from documents produced in response to Defendants'

First Set of Requests for Production is substantially the same for either party, and Costco is

entitled to elect the option to produce business records pursuant to Rule 33(d) of the Federal

Rules of Civil Procedure.

**INTERROGATORY NO. 4**:  Please describe the manner in which You used price lists,

price schedules, or published prices for CRTs or CRT Products in purchasing any CRTs or CRT

Products upon which You base any claim in this action or in negotiating the price of any CRTs or

-5-

COSTCO WHOLESALE CORP.'S ANSWERS TO PHILIPS ELECS.
NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC. COMPS.,
INC.'S FIRST SET OF INTERROGATORIES
CASE NO. 07-5944 SC MDL NO. 1917

1   CRT Products that You purchased from any Defendant upon which You base any claim in this

2   action.  As part of Your response, identify each Document that You contend supports Your

3   response.

4       **ANSWER TO INTERROGATORY NO. 4**:  Costco refers to and incorporates its

5   General Objections as though set forth fully herein.  Costco objects to this Interrogatory on the

6   grounds that it is overbroad, unduly burdensome, and oppressive, particularly insofar as it seeks

7   information that is equally available to Defendants or is already in the possession, custody, or

8   control of Defendants.  Costco further objects to the terms "price lists," "price schedules," and

9   "published prices" as vague and ambiguous.

10      Subject to and without waiving these objections, Costco states that it primarily considered

11  value to its members, which involves multiple factors, including price, in making decisions

12  regarding the purchase of CRT Products.  To the extent they were received or available, Costco

13  considered price lists, price schedules, and published prices.

14

15      **INTERROGATORY NO. 5**:  Identify each Document relating to any rebate, discount,

16  pricing concession, or terms of payment that You received in connection with the purchase of any

17  CRT or CRT Product during the Relevant Period upon which You base any claim in this action.

18      **ANSWER TO INTERROGATORY NO. 5**:  Costco refers to and incorporates its

19  General Objections as though set forth fully herein.  Costco objects to this Interrogatory on the

20  grounds that it is overbroad, unduly burdensome, and oppressive.  Costco further objects to this

21  Interrogatory to the extent that it seeks information that will be provided through expert

22  discovery.  Costco also objects to the terms "rebate," "discount," "pricing concession," and

23  "terms of payment" as vague and ambiguous.

24      Subject to and without waiving its general and specific objections, Costco refers

25  Defendants to Costco's responses to Defendants' First Set of Requests for Production, served

26  concurrently with these Interrogatories.  The burden of identifying specific information or

27  documents responsive to Interrogatories from documents produced in response to Defendants'

28

-6-

COSTCO WHOLESALE CORP.'S ANSWERS TO PHILIPS ELECS.
NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC. COMPS.,
INC.'S FIRST SET OF INTERROGATORIES
CASE NO. 07-5944 SC MDL NO. 1917

First Set of Requests for Production is substantially the same for either party, and Costco is entitled to elect the option to produce business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 6**: Identify any Person employed by You during the Relevant Period who had responsibility for the purchase of CRTs or CRT Products, including, without limitation, the negotiation or approval of contracts or agreements relating to the purchase of CRTs or CRT Products.

**ANSWER TO INTERROGATORY NO. 6**: Costco refers to and incorporates its General Objections as though set forth fully therein. Costco also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and oppressive, particularly to the extent it seeks "any person." Costco also objects to the term "had responsibility" as vague and ambiguous. Costco also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work-product doctrine, the joint-prosecution privilege, or any other privilege or doctrine of confidentiality provided by law, or that otherwise constitutes information prepared for or in anticipation of litigation. Costco also objects to this Interrogatory as a premature contention interrogatory. Costco further states that it has not completed its discovery and preparation in this matter and its investigation of this case is ongoing.

Subject to and without waiving these objections, Costco identifies the following individuals:

| Geoffrey Shavey | Former Buyer, Consumer Electronics ("Majors Department"); Assistant General Merchandise Manager, Consumer Electronics. Knowledge of Costco's purchases and sales of CRT Products (primarily televisions) during the relevant time period. |
|---|---|
| Yoon Kim | Former Assistant Buyer, Consumer Electronics ("Majors Department"); Buyer, Consumer Electronics ("Majors Department"). Knowledge of Costco's purchases and sales of CRT Products during the relevant time period. |

| | |
|---|---|
| Bill Prescott | Assistant General Merchandise Manager, Consumer Electronics ("Majors Department"). Knowledge of Costco's purchases and sales of CRT Products (primarily televisions) during the relevant time period. |
| Tim Farmer | General Merchandise Manager, Consumer Electronics ("Majors Department"). Knowledge of Costco's purchases and sales of CRT Products during the relevant time period. |
| Dave Schmenger | Former Buyer, Consumer Electronics ("Majors Department"); former Assistant General Merchandise Manager, Consumer Electronics ("Majors Department"). Knowledge of Costco's purchases and sales of CRT Products (primarily computers and peripherals) during the relevant time period. |
| Claudine Adamo | Former Buyer, Costco.com and Consumer Electronics ("Majors Department"). Knowledge of Costco's purchases and sales of CRT Products (primarily computers and peripherals and Costco.com) during the relevant time period. |
| Chris Day | Buyer, Consumer Electronics ("Majors Department"). Knowledge of Costco's purchases and sales of CRT Products (primarily computers and peripherals) during the relevant time period. |
| Janet White | Former Assistant General Merchandise Manager, Consumer Electronics ("Majors Department"). Knowledge of Costco's purchases and sales of CRT Products (primarily computers and peripherals) during the relevant time period. |
| Richard Gerhardt | Former Buyer, Costco.com; Assistant General Merchandise Manager, Costco.com. Knowledge of Costco's purchases and sales of CRT Products sold on Costco.com during the relevant time period. |
| Liz Elsner | Former General Merchandise Manager, Costco.com. Knowledge of Costco's purchases and sales of CRT Products sold on Costco.com |

COSTCO WHOLESALE CORP.'S ANSWERS TO PHILIPS ELECS.
NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC. COMPS.,
INC.'S FIRST SET OF INTERROGATORIES
CASE NO. 07-5944 SC MDL NO. 1917

| | during the relevant time period. |
|---|---|

**INTERROGATORY NO. 7**: Identify any Person employed by You during the Relevant Period who had responsibility for cost accounting relating to the purchase or sale of CRTs or CRT Products.

**ANSWER TO INTERROGATORY NO. 7**: Costco incorporates by reference its General Objections as though set forth fully herein. Costco further objects to this Interrogatory as overbroad, unduly burdensome, and oppressive, particularly to the extent it seeks "any person." Costco also objects to the terms "cost accounting" and "had responsibility" as vague and ambiguous. There is no material difference in recording Net Landed Cost for CRT Products as compared to LCD Products, as to which Defendants have already had extensive discovery. Costco further states it has not completed its discovery and preparation in this matter and its investigation of this case is ongoing.

Subject to and without waiving any of the foregoing objections, after a reasonable investigation, Costco identifies the following Costco employees:

| Geoffrey Shavey | Former Buyer, Consumer Electronics ("Majors Department"); Assistant General Merchandise Manager, Consumer Electronics. Knowledge of Costco's purchases and sales of CRT Products (primarily televisions) during the relevant time period. |
|---|---|
| Yoon Kim | Former Assistant Buyer, Consumer Electronics ("Majors Department"); Buyer, Consumer Electronics ("Majors Department"). Knowledge of Costco's purchases and sales of CRT Products during the relevant time period. |
| Bill Prescott | Assistant General Merchandise Manager, Consumer Electronics ("Majors Department"). Knowledge of Costco's purchases and sales of CRT Products (primarily televisions) during the relevant time period. |
| Tim Farmer | General Merchandise Manager, Consumer Electronics ("Majors Department"). Knowledge |

| | |
|---|---|
| | of Costco's purchases and sales of CRT Products during the relevant time period. |
| Dave Schmenger | Former Buyer, Consumer Electronics ("Majors Department"); former Assistant General Merchandise Manager, Consumer Electronics ("Majors Department"). Knowledge of Costco's purchases and sales of CRT Products (primarily computers and peripherals) during the relevant time period. |
| Claudine Adamo | Former Buyer, Costco.com and Consumer Electronics ("Majors Department"). Knowledge of Costco's purchases and sales of CRT Products (primarily computers and peripherals and Costco.com) during the relevant time period. |
| Chris Day | Buyer, Consumer Electronics ("Majors Department"). Knowledge of Costco's purchases and sales of CRT Products (primarily computers and peripherals) during the relevant time period. |
| Janet White | Former Assistant General Merchandise Manager, Consumer Electronics ("Majors Department"). Knowledge of Costco's purchases and sales of CRT Products (primarily computers and peripherals) during the relevant time period. |
| Richard Gerhardt | Former Buyer, Costco.com; Assistant General Merchandise Manager, Costco.com. Knowledge of Costco's purchases and sales of CRT Products sold on Costco.com during the relevant time period. |
| Liz Elsner | Former General Merchandise Manager, Costco.com. Knowledge of Costco's purchases and sales of CRT Products sold on Costco.com during the relevant time period. |

**INTERROGATORY NO. 8**: For each purchase order that You issued during the Relevant Period for any CRTs or CRT Products upon which You base any claim in this action,

-10-

COSTCO WHOLESALE CORP.'S ANSWERS TO PHILIPS ELECS.
NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC. COMPS.,
INC.'S FIRST SET OF INTERROGATORIES
CASE NO. 07-5944 SC MDL NO. 1917

please state the size, model, price, type (CPT or CDT), manufacturer, and quantity of items You purchased under the purchase order, from whom You purchased the CRT or CRT Product listed in the purchase order, the location from which You issued the purchase order, and the location from which You issued each payment for CRTs or CRT Products.

**ANSWER TO INTERROGATORY NO. 8**:  Costco refers to and incorporates its General Objections as though set forth fully herein.  Costco objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and oppressive, particularly insofar as it seeks or call for information equally available to Defendants.

Subject to and without waiving its general and specific objections, Costco refers Defendants to Costco's responses to Defendants' First Set of Requests for Production, served concurrently with these Interrogatories.  The burden of identifying specific information or documents responsive to Interrogatories from documents produced in response to Defendants' First Set of Requests for Production is substantially the same for either party, and Costco is entitled to elect the option to produce business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 9**:  Please list each country and, if the country is the United States, each state, in which, during the Relevant Period, You (i) negotiated Your purchases of CRTs or CRT Products, and (ii) received shipments of CRTs or CRT Products; and for each country or state (a) list the quantity, size, manufacturer, model, type (CPT or CDT), dollar value, and shipper of each shipment of CRTs or CRT Products received and all Persons who had authority to receive such shipments on Your behalf, and (b) list the quantity, size, manufacturer, model, type (CPT or CDT), dollar value and seller of CRTs or CRT Products for each purchase negotiated by You and all Persons who had authority to negotiate such purchases on Your behalf.

**ANSWER TO INTERROGATORY NO. 9**:  Costco refers to and incorporates its General Objections as though set forth fully herein.  Costco further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and oppressive.  Costco also objects to

-11-

COSTCO WHOLESALE CORP.'S ANSWERS TO PHILIPS ELECS.
NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC. COMPS.,
INC.'S FIRST SET OF INTERROGATORIES
CASE NO. 07-5944 SC MDL NO. 1917

the term "negotiated" as vague and ambiguous.  Costco further objects to this Interrogatory to the extent it seeks information that is equally available to Defendants or is less burdensome for Defendants to obtain.  There is little material difference in negotiations for CRT Products as compared to LCD Products, as to which Defendants have already had extensive discovery.  One difference is that because the CRT conspiracy began earlier, more of the negotiations would have occurred in California.

Subject to and without waiving its general and specific objections, Costco refers Defendants to Costco's responses to Defendants' First Set of Requests for Production, served concurrently with these Interrogatories.  The burden of identifying specific information or documents responsive to Interrogatories from documents produced in response to Defendants' First Set of Requests for Production is substantially the same for either party, and Costco is entitled to elect the option to produce business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.  Costco also offer to meet and confer regarding the scope of this request.

**INTERROGATORY NO. 10**:  Please list each country and, if the country is the United States, each state, in which, during the Relevant Period, the manufacturers of CRT Products You purchased either (i) negotiated their purchases of the CRTs contained in the CRT Products You purchased, (ii) received shipments of the CRTs contained in the CRT Products You purchased, (iii) manufactured the CRT Products You purchased, or (iv) any combination of the preceding; and for each country or state list the quantity, size, manufacturer, model, and type (CPT or CDT) of CRTs or CRT Products purchased, received, or manufactured by each manufacturer.

**ANSWER TO INTERROGATORY NO. 10**:  Costco refers to and incorporates its General Objections as though set forth fully herein.  Costco further objects to this Interrogatory on the basis that it requests information that is outside of Costco's knowledge, is irrelevant to the claims or defenses of any party, and is not calculated to lead to the discovery of admissible evidence.  Costco also objects to this Interrogatory on the basis that it would be less burdensome for Defendants to acquire this information.  Where Costco had information on these topics it

-12-

COSTCO WHOLESALE CORP.'S ANSWERS TO PHILIPS ELECS.
NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC. COMPS.,
INC.'S FIRST SET OF INTERROGATORIES
CASE NO. 07-5944 SC MDL NO. 1917

1    generally came from either Defendants or industry publications.  Costco thus objects on the basis

2    that this Interrogatory can be answered with information already in Defendants' possession,

3    custody, or control.

4            Subject to and notwithstanding the foregoing objections, Costco states that it did not, in

5    the ordinary course of business, receive, obtain, or maintain the data or information sought by this

6    Interrogatory.

7

8

9    DATED:  August 17, 2012                        s/ David J. Burman

10                                                  David J. Burman (admitted *pro hac vice*)
                                                    DBurman@perkinscoie.com
11                                                  Nick Hesterberg (admitted *pro hac vice*)
                                                    NHesterberg@perkinscoie.com
12                                                  Eric J. Weiss
                                                    EWeiss@perkinscoie.com
13                                                  **PERKINS COIE LLP**
                                                    1201 Third Avenue, Suite 4800
14                                                  Seattle, WA 98101-3099
                                                    Telephone: 206.359.8000
15                                                  Facsimile: 206.359.9000

16                                                  Joren Bass, Bar No. 208143
                                                    JBass@perkinscoie.com
17                                                  **PERKINS COIE LLP**
                                                    Four Embarcadero Center, Suite 2400
18                                                  San Francisco, CA  94111-4131
                                                    Telephone:      415.344.7120
19                                                  Facsimile:      415.344.7320

20

21                                                  *Attorneys for Plaintiff*
                                                    *Costco Wholesale Corp.*
22

23

24

25

26

27

28

1

## **VERIFICATION**

2

3

I, Geoffrey Shavey, am the Assistant General Merchandise Manager for Consumer

4

Electronics for Plaintiff Costco Wholesale Corporation.  On behalf of Costco, I have read

5

Costco's answers to Philips Electronics North America Corporation and Toshiba America

6

Electronic Components, Inc.'s First Set of Interrogatories along with the related discovery

7

requests.  The responses were prepared with the assistance of counsel and Costco employees.  My

8

understanding is that these answers are based on records and information currently available, and,

9

to the extent I do not have personal knowledge, I have relied on others to gather the responsive

10

information.  Subject to the foregoing, I declare under penalty of perjury that the responses are

11

true and correct to the best of my knowledge.

12

13

_8/17/12_____

14

Date

15

16

_Geoffrey Shavey_____

17

*Assistant General Merchandise Manager*
*Costco Wholesale Corporation*

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT E

David J. Burman (admitted *pro hac vice*)
Nick Hesterberg (admitted *pro hac vice*)
Eric J. Weiss
**PERKINS COIE** LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:     206.359.8000
Facsimile:     206.359.9000

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
**PERKINS COIE** LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone:     415.344.7120
Facsimile:     415.344.7320

*Attorneys for Plaintiff*
*Costco Wholesale Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>COSTCO ACTION<br>3:11-cv-06397-SC | **COSTCO WHOLESALE CORPORATION'S RESPONSES AND OBJECTIONS TO PHILIPS ELECTRONICS NORTH AMERICA CORPORATION AND TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION** |

**RESPONDING PARTY:**       Costco Wholesale Corporation

**PROPOUNDING PARTY:**     Philips Electronics North America Corporation &
Toshiba America Electronic Components, Inc.

**SET:**                              First

-1-

COSTCO WHOLESALE CORP.'S RESPONSES TO PHILIPS ELECS.
NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC.
COMPS., INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 07-5944 SC MDL NO. 1917

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the

2    Local Rules of the Northern District of California, Plaintiff Costco Wholesale Corporation

3    ("Costco") hereby responds to Philips Electronics North America Corporation and Toshiba

4    America Electronic Components, Inc.'s ("Defendants'") First Set of Requests for Production,

5    dated May 15, 2012.

6    **RESERVATION OF RIGHTS**

7    1.    In responding to these Requests, Costco states that it has conducted, or will

8    conduct, a diligent search, reasonable in scope, of those files and records in its possession,

9    custody, or control believed to be likely to contain information responsive to the document

10   requests herein.

11   2.    In the event that additional documents responsive to any of the Requests are later

12   identified or brought to Costco's attention, Costco reserves the right to amend, revise,

13   supplement, modify, or clarify the following objections and responses.  Costco further reserves

14   the right to complete its investigation and discovery of the facts, and to rely at trial or in other

15   proceedings upon documents and information in addition to the information provided herein,

16   regardless of whether such information is newly discovered or newly in existence.

17   3.    Costco has responded to these Requests as it interprets and understands them.  If

18   Defendants subsequently assert an interpretation of any Request or response that differs from

19   Costco's understanding, Costco reserves the right to supplement or amend its objections or

20   responses.

21   4.    Costco's responses to these Requests shall not constitute an admission by Costco

22   that any of the document requests or responses thereto, or the documents produced in connection

23   therewith, are admissible as evidence in any trial or other proceeding.  Costco specifically

24   reserves the right to object on any grounds, at any time, to the admission of any document request

25   or any response or document produced in connection therewith in any such trial or other

26   proceeding.

27

28

COSTCO WHOLESALE CORP.'S RESPONSES TO PHILIPS ELECS.
NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC.
COMPS., INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 07-5944 SC MDL NO. 1917

**GENERAL OBJECTIONS**

Plaintiff Costco Wholesale Corporation ("Costco") asserts and incorporates by reference the following General Objections to each Request for Production.  Reference to these General Objections in any specific Request shall not waive or otherwise limit the applicability of these General Objections to each and every Request.

1.      Costco construes Defendants' Requests as served on behalf of all defendants named in the Complaint ("Defendants") and responds and objects accordingly.

2.      Costco objects to Defendants' "Definitions" to the extent that they impose burdens and obligations on Costco greater than or different from those authorized under the Federal Rules of Civil Procedure, and the Local Rules of this Court, and any applicable order of this Court and to the extent they purport to give meanings to words different from their ordinary English meaning or definitions set forth in the applicable statutes or rules.

3.      Costco objects to each Request to the extent that it seeks information protected by the attorney-client privilege, or that may be protected by any other privilege, such as a joint-defense or common-interest privilege.

4.      Costco objects to each Request to the extent that it seeks work-product information or documents prepared by Costco or its representatives or in furtherance of any joint defense or common interest in anticipation of litigation or for trial.

5.      Costco objects to each Request to the extent that it seeks information not relevant to the claim or defense of any party to this litigation, or that it is not reasonably calculated to lead to the discovery of admissible evidence.

6.      Costco objects to each Request to the extent that it seeks information that is vexatious or unduly burdensome to obtain.

7.      Costco objects to each Request to the extent that it is ambiguous, vague, and incomprehensible or fails to set forth with reasonable particularity the information requested.

8.      Costco objects to the extent that each Request prematurely seeks expert testimony and contention discovery.

9.     Costco objects to each Request to the extent that it is overbroad or repetitious and to the extent that it seeks duplicative or cumulative information.

10.     Costco objects to each Request to the extent that it seeks information that is private, confidential, trade-secret or proprietary information of itself or third parties.  Costco agrees to provide such information, subject to the other objections stated herein, with the consent of or after an agreement has been made with interested third parties, or if such consent or agreement cannot be obtained, after the entry of an order from the Court directing Costco to release such information.

11.     Costco objects to each Request to the extent that it seeks information that is already in the possession, custody, or control of Defendants or their counsel or to the extent that it seeks information that is available to Defendants from other sources with equivalent ease and expense.

12.     Costco further objects to the extent that the Requests call for information that Costco does not track or keep in the ordinary course of business, or that is not in Costco's possession, custody, or control.

13.     Costco objects to each Request for overbreadth and undue burden to the extent that it is unlimited in time.  Costco interprets the Requests as restricted to information or materials created or obtained in or around the time periods relevant to the alleged acts and omissions reasonably related to the claims and defense in the action.

14.     Costco objects to the extent Defendants are drawing a distinction between CRTs and CRT Products.  Costco is interpreting all requests related to CRTs to include its purchases of CRT Products, which contain CRTs.

15.     The inadvertent or mistaken disclosure of information subject to the protection of the attorney-client privilege, work-product doctrine or other privilege shall not be deemed to constitute a waiver of such privilege or protection.

-4-

COSTCO WHOLESALE CORP.'S RESPONSES TO PHILIPS ELECS.
NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC.
COMPS., INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 07-5944 SC MDL NO. 1917

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**:  All Documents You Identified or were requested to Identify in response to the Interrogatories served concurrently herewith.

**RESPONSE TO REQUEST NO. 1**:  Costco incorporates by reference its objections and responses to the Interrogatories.

**REQUEST NO. 2**:  All Documents concerning any CRTs or CRT Products purchased by You or on Your behalf from Defendants during the Relevant Period, including Documents evidencing for each CRT or CRT Products:

a.  the date and place of purchase of the CRT or CRT Product, including the place(s) where the CRT or CRT Product was manufactured, shipped from, shipped to, stored, and/or invoiced;

b.  the Person or entity from whom You purchased each CRT or CRT Product;

c.  the Identities of the Persons involved in the negotiations and ordering of each CRT or CRT Product, including where any such negotiations were conducted;

d.  the quantity of each purchase if a purchase included more than one CRT or CRT Product;

e.  the manufacturer of each CRT or CRT Product, including where each CRT or CRT Product was manufactured;

f.  any Person who bought or sold the CRT or CRT Product before You purchased the CRT or CRT Product;

g.  the list price of each CRT or CRT Product;

h.  store or manufacturer discounts, coupons, rebates, refunds, dividends, shipping or volume related discounts, or other price adjustments applied to the price of each CRT or CRT Product and their amount;

i.  the net price paid for each CRT or CRT Product (before tax), including any store or manufacturer discounts, coupons, rebates, refunds, dividends, shipping or volume related discounts, or other price adjustments;

j.  all items or things of value You received in exchange for the net price that You paid for each CRT or CRT Product, including shipping, storage, future discounts, discounts on non-CRT products, accessory products, warranties, and/or insurance plans.

k.  any taxes, customs, tariffs, duties, or other fees paid (and the identity of the government entity that received the same) on each CRT or CRT Product;

-5-

COSTCO WHOLESALE CORP.'S RESPONSES TO PHILIPS ELECS. NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC. COMPS., INC.'S FIRST SET OF REQUESTS FOR PRODUCTION CASE NO. 07-5944 SC MDL NO. 1917

l.   any freight charges associated with each CRT or CRT Product;

m.   any other additional or related costs incurred in connection with Your purchase of each CRT or CRT Product, including any insurance plans or warranties;

n.   all terms and conditions that were a part of each purchase of any CRT or CRT Product, including any below-cost pricing, most-favored-nation pricing, negotiable pricing, sale pricing, loss-leader pricing;

o.   whether any purchases of any CRT or CRT Product were made under a purchasing or other agreement;

p.   all receipts, invoices, purchase orders, wire transfer records or other similar Documents evidencing each CRT or CRT Product purchase; and

q.   all information used to identify each CRT or CRT Product including tracking numbers, model numbers, product names, brands and serial numbers.

**RESPONSE TO REQUEST NO. 2**:  In addition to Costco's General Objections, which Costco hereby incorporates by reference, Costco specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not relevant to any claim or defense in this case and is not calculated to lead to the discovery of admissible evidence.  Costco also objects on the ground that this Request seeks information that is equally available to Defendants.  Costco further objects to the extent this Request requires it to create summaries and documents not already in existence.  Costco further objects to the terms "store or manufacturer discounts," "coupons," "rebates," "refunds," "dividends," "future discounts," "taxes," "customs," "tariffs," "duties," "other fees paid," "freight charges," "below-cost pricing," "most-favored-nation pricing," "negotiable pricing," "sale pricing," "loss-leader pricing," "shipping or volume related discounts," and "other price adjustments" in subparts (h), (i), (j), (k), (l) and (n) as vague and ambiguous.

Subject to and without waiving these objections, Costco will produce transactional data of its CRT sales, receivings, refunds, rebates, and coupons from September 2, 1996, through January 17, 2010.  Costco will also produce transactional data of its CRT receivings for category code AC (i.e., rear-projection units) from March 1, 1995, through November 25, 2007.  Discovery is ongoing, and Costco reserves the right to supplement this data.

1    **REQUEST NO. 3**:  Documents sufficient to show the meaning of any codes or

2    abbreviations used in any data produced in response to Request for Production No. 2, including

3    Documents that contain the characteristics of the CRTs and CRT Products associated with those

4    codes and abbreviations, such as the size, model, manufacturer, and other features.

5    **RESPONSE TO REQUEST NO. 3**:  In addition to Costco's General Objections, which

6    Costco hereby incorporates by reference, Costco specifically objects to this Request on the

7    grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

8    relevant to any claim or defense in this case and is not calculated to lead to the discovery of

9    admissible evidence.

10

11    Subject to and without waiving these objections, Costco will provide reference files for its

12    transactional data and offer to meet and confer to address specific questions regarding the

13    transactional data.

14    **REQUEST NO. 4**:  For each purchase or potential purchase by You of any CRT or CRT

15    Product, all Documents relating to negotiations or communications of that purchase, including but

16    not limited to any offers, price quotes, price lists, rebates, discounts, price reductions, credits or

17    other terms and conditions of sale.

18    **RESPONSE TO REQUEST NO. 4**:  In addition to Costco's General Objections, which

19    Costco hereby incorporates by reference, Costco specifically objects to this Request on the

20    grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

21    relevant to any claim or defense in this case and is not calculated to lead to the discovery of

22    admissible evidence.  Costco further objects to the terms "offers," "price quotes," "price lists,"

23    "rebates," "discounts," "price reductions," "credits," and "other terms and conditions of sale" as

24    vague and ambiguous.  Costco further objects that this Request seeks production of documents

25    and information equally available to Defendants.  Costco objects to the extent this Request seeks

26    disclosure of privileged information.

27

28

COSTCO WHOLESALE CORP.'S RESPONSES TO PHILIPS ELECS.
NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC.
COMPS., INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 07-5944 SC MDL NO. 1917

1    Subject to and without waiving these objections, Costco offers to meet and confer with

2    Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

3    nonprivileged documents created during the period of March 1, 1995, through November 25,

4    2007, to the extent such documents exist and are kept in the ordinary course of business, based on

5    a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

6    parties.

7    **REQUEST NO. 5**:  For each purchase or potential purchase by You of any CRT or CRT

8    Product, all contracts, purchase orders, agreements or memoranda of understanding, or any other

9    Document that contains any term or condition of sale, including all exclusive contracts, master

10   purchase agreements, purchase orders, invoices, cost-plus contracts and most-favored-nation

11   contracts, and purchase order acknowledgements.

12

13   **RESPONSE TO REQUEST NO. 5**:  In addition to Costco's General Objections, which

14   Costco hereby incorporates by reference, Costco specifically objects to this Request on the

15   grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

16   relevant to any claim or defense in this case, is not calculated to lead to the discovery of

17   admissible evidence, or is equally available to Defendants.  Costco further objects to the terms

18   "exclusive," "cost-plus," and "most-favored-nation" as vague and ambiguous.

19   Subject to and without waiving these objections, Costco offers to meet and confer with

20   Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

21   nonprivileged documents created during the period of March 1, 1995, through November 25,

22   2007, to the extent such documents exist and are kept in the ordinary course of business, based on

23   a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

24   parties.

25   **REQUEST NO. 6**:  All Documents relating to negotiations or communications regarding

26   offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and

27   conditions of Your sales of CRT Products.

28

1    **RESPONSE TO REQUEST NO. 6**:  In addition to Costco's General Objections, which

2    Costco hereby incorporates by reference, Costco specifically objects to this Request on the

3    grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

4    relevant to any claim or defense in this case and is not calculated to lead to the discovery of

5    admissible evidence.  Costco further objects to the terms "offers," "price quotes," "price lists,"

6    "rebates," "discounts," "price reductions," "credits," and "other terms and conditions" as vague

7    and ambiguous. Costco also objects to this request as duplicative of previous discovery served by

8    Defendants.  Costco further objects that this Request seeks production of documents and

9    information equally available to Defendants.  Costco objects to the extent this Request seeks

10   disclosure of privileged information.

11        Subject to and without waiving these objections, Costco offers to meet and confer with

12   Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

13   nonprivileged documents created during the period of March 1, 1995, through November 25,

14   2007, to the extent such documents exist and are kept in the ordinary course of business, based on

15   a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

16   parties.

17
18        **REQUEST NO. 7**:  All Documents relating to the negotiation or interpretation of any

19   purchase order, contract, agreement, or terms of sale between You and any Defendant relating to

20   CRTs and CRT Products, including Documents relating to which terms or agreements govern

21   which transactions.

22        **RESPONSE TO REQUEST NO. 7**:  In addition to Costco's General Objections, which

23   Costco hereby incorporates by reference, Costco specifically objects to this Request on the

24   grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

25   relevant to any claim or defense in this case and is not calculated to lead to the discovery of

26   admissible evidence.  Costco further objects to the terms "interpretation," "contract,"

27   "agreement," and "terms of sale" as vague and ambiguous.  Costco further objects that this

28

1    Request seeks production of documents and information equally available to Defendants.  Costco

2    objects to the extent this Request seeks disclosure of privileged information.

3         Subject to and without waiving these objections, Costco offers to meet and confer with

4    Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

5    nonprivileged documents created during the period of March 1, 1995, through November 25,

6    2007, to the extent such documents exist and are kept in the ordinary course of business, based on

7    a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

8    parties.

9

10        **REQUEST NO. 8**:  For each purchase or potential purchase by You of any CRT or CRT

11   Product, all Documents relating to any efforts to consider alternative items or products before the

12   purchase was made, including all Documents relating to (a) any alternative items or products

13   considered, (b) the price of such items or products, and (c) any factors related to the decision not

14   to purchase the alternative item or product.

15        **RESPONSE TO REQUEST NO. 8**:  In addition to Costco's General Objections, which

16   Costco hereby incorporates by reference, Costco specifically objects to this Request on the

17   grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

18   relevant to any claim or defense in this case and is not calculated to lead to the discovery of

19   admissible evidence.  Costco further objects to the term "any efforts to consider" as vague and

20   ambiguous.  Costco further objects that this Request seeks production of documents and

21   information equally available to Defendants.  Costco objects to the extent this Request seeks

22   disclosure of privileged information.

23        Subject to and without waiving these objections, Costco offers to meet and confer with

24   Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

25   nonprivileged documents created during the period of March 1, 1995, through November 25,

26   2007, to the extent such documents exist and are kept in the ordinary course of business, based on

27   a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

28   parties.

1   **REQUEST NO. 9**:  All Documents relating to any decision to purchase CRT Products

2   instead of or as an alternative to LCD or plasma products, including all Documents relating to (a)

3   any LCD or plasma products considered, (b) the price of such items or products, and (c) any

4   factors related to the decision not to purchase the LCD or plasma product.

5

6   **RESPONSE TO REQUEST NO. 9**:  In addition to Costco's General Objections, which

    Costco hereby incorporates by reference, Costco specifically objects to this Request on the

7   grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

8   relevant to any claim or defense in this case and is not calculated to lead to the discovery of

9   admissible evidence.  Costco further objects that this Request seeks production of documents and

10  information equally available to Defendants.  Costco objects to the extent this Request seeks

11  disclosure of privileged information.

12      Subject to and without waiving these objections, Costco offers to meet and confer with

13  Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

14  nonprivileged documents created during the period of March 1, 1995, through November 25,

15  2007, to the extent such documents exist and are kept in the ordinary course of business, based on

16  a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

17  parties.

18

19  **REQUEST NO. 10**:  All Documents relating to any decision by You not to complete a

20  proposed or contemplated purchase of CRTs or CRT Products during the Relevant Period.

21

22  **RESPONSE TO REQUEST NO. 10**:  In addition to Costco's General Objections, which

    Costco hereby incorporates by reference, Costco specifically objects to this Request on the

23  grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

24  relevant to any claim or defense in this case and is not calculated to lead to the discovery of

25  admissible evidence.  Costco further objects to the term "not to complete a proposed or

26  contemplated purchase" as vague and ambiguous.  Costco further objects that this Request seeks

27

28

-11-

1  production of documents and information equally available to Defendants.  Costco objects to the

2  extent this Request to the extent it seeks disclosure of privileged information.

3       Subject to and without waiving these objections, Costco offers to meet and confer with

4  Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

5  nonprivileged documents created during the period of March 1, 1995, through November 25,

6  2007, to the extent such documents exist and are kept in the ordinary course of business, based on

7  a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

8  parties.

9
       **REQUEST NO. 11**:  All Documents constituting contracts, purchase orders, or other
10
    agreements between You and any OEM, original design manufacturer, contract manufacturer or
11
    system integrator for the purchase or manufacture of CRTs or CRT Products.
12

13      **RESPONSE TO REQUEST NO. 11**:  In addition to Costco's General Objections, which

14  Costco hereby incorporates by reference, Costco specifically objects to this Request on the

15  grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

16  relevant to any claim or defense in this case and is not calculated to lead to the discovery of

17  admissible evidence.   Costco further objects that this Request seeks production of documents and

18  information equally available to Defendants.  Costco objects to the extent this Request seeks

19  disclosure of privileged information.

20      Subject to and without waiving these objections, Costco offers to meet and confer with

21  Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

22  nonprivileged documents created during the period of March 1, 1995, through November 25,

23  2007, to the extent such documents exist and are kept in the ordinary course of business, based on

24  a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

25  parties.

26
       **REQUEST NO. 12**:  All Documents relating to Your corporate policies, practices and/or
27
    procedures, whether formal or informal, for making decisions concerning the purchase or sale of
28

1    CRTs or CRT Products including factors considered and purchasing methods and procedures You

2    currently use or have used at any time during the Relevant Period.

3

4        **RESPONSE TO REQUEST NO. 12**: In addition to Costco's General Objections, which

5    Costco hereby incorporates by reference, Costco specifically objects to this Request on the

6    grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

7    relevant to any claim or defense in this case and is not calculated to lead to the discovery of

8    admissible evidence.  Costco further objects that this Request seeks production of documents and

9    information equally available to Defendants.  Costco objects to the extent this Request seeks

10   disclosure of privileged information.

11       Subject to and without waiving these objections, Costco offers to meet and confer with

12   Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

13   nonprivileged documents created during the period of March 1, 1995, through November 25,

14   2007, to the extent such documents exist and are kept in the ordinary course of business, based on

15   a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

16   parties.

17       **REQUEST NO. 13**:  All Documents relating to Your participation in any cooperative

18   entity, trade association, symposium, conference, or other organization concerning CRTs or CRT

19   Products.

20       **RESPONSE TO REQUEST NO. 13**:  In addition to Costco's General Objections, which

21   Costco hereby incorporates by reference, Costco specifically objects to this Request on the

22   grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

23   relevant to any claim or defense in this case.  Costco also objects to this Request to the extent that

24   it seeks the confidential information of third parties, which Costco is obligated, contractually or

25   otherwise, not to disclose.

26

27

28

-13-

COSTCO WHOLESALE CORP.'S RESPONSES TO PHILIPS ELECS.
NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC.
COMPS., INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 07-5944 SC MDL NO. 1917

1    **REQUEST NO. 14**: All reports, analyses, memoranda, communications, and other

2    discussions summarizing, describing, or referring to Your competitors and competition for the

3    sale of CRT Products.

4    **RESPONSE TO REQUEST NO. 14**: In addition to Costco's General Objections, which

5    Costco hereby incorporates by reference, Costco specifically objects to this Request on the

6    grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

7    relevant to any claim or defense in this case and is not calculated to lead to the discovery of

8    admissible evidence.

9    Subject to and without waiving these objections, Costco offers to meet and confer with

10   Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

11   nonprivileged documents created during the period of March 1, 1995, through November 25,

12   2007, to the extent such documents exist and are kept in the ordinary course of business, based on

13   a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

14   parties.

15

16   **REQUEST NO. 15**: All Documents evidencing Your relationship, including any

17   agreement or contracts with any broker, manufacturer, distributor, or supplier of CRTs or CRT

18   Products other than Defendants.

19   **RESPONSE TO REQUEST NO. 15**: In addition to Costco's General Objections, which

20   Costco hereby incorporates by reference, Costco specifically objects to this Request on the

21   grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

22   relevant to any claim or defense in this case and is not calculated to lead to the discovery of

23   admissible evidence.  Costco also objects to the terms "broker," "manufacturer," "distributor,"

24   and "supplier" as used herein as vague and ambiguous.  Costco also objects to this Request to the

25   extent that it seeks the confidential information of third parties, which Costco is obligated,

26   contractually or otherwise, not to disclose.

27

28

1    Subject to and without waiving these objections, Costco offers to meet and confer with

2  Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

3  nonprivileged documents created during the period of March 1, 1995, through November 25,

4  2007, to the extent such documents exist and are kept in the ordinary course of business, based on

5  a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

6  parties.

7
      **REQUEST NO. 16**:  All Documents concerning any analysis or study of the market for
8
   CRTs or CRT Products or of any supplier, producer, manufacturer, or distributor of CRTs or CRT
9
   Products.
10

11    **RESPONSE TO REQUEST NO. 16**:  In addition to Costco's General Objections,

12  which Costco hereby incorporates by reference, Costco specifically objects to this Request on

13  the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is

14  not relevant to any claim or defense in this case and is not calculated to lead to the discovery

15  of admissible evidence. Costco further objects to the extent this Request seeks disclosure of

16  privileged and proprietary information.

17    Subject to and without waiving these objections, Costco offers to meet and confer with

18  Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

19  nonprivileged documents created during the period of March 1, 1995, through November 25,

20  2007, to the extent such documents exist and are kept in the ordinary course of business, based on

21  a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

22  parties.

23
      **REQUEST NO. 17**:  All Documents relating to any events or changes in the market(s) for
24
   CRTs or CRT Products during the Relevant Period that would or did affect the production,
25
   supply, demand, uses, or pricing of CRTs or CRT Products.
26

27    **RESPONSE TO REQUEST NO. 17**:  In addition to Costco's General Objections, which

28  Costco hereby incorporates by reference, Costco specifically objects to this Request on the

1  grounds that it is overbroad, unduly burdensome, oppressive, and is not calculated to lead to the

2  discovery of admissible evidence.

3      Subject to and without waiving these objections, Costco offers to meet and confer with

4  Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

5  nonprivileged documents created during the period of March 1, 1995, through November 25,

6  2007, to the extent such documents exist and are kept in the ordinary course of business, based on

7  a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

8  parties.

9

10  **REQUEST NO. 18**:  Documents sufficient to show Your policies and procedures for

11  inventory management of purchases of CRTs and CRT Products, including the location(s) of any

12  inventory warehouses and the procedure by which You manage that inventory.

13  **RESPONSE TO REQUEST NO. 18**:  In addition to Costco's General Objections, which

14  Costco hereby incorporates by reference, Costco specifically objects to this Request on the

15  grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

16  relevant to any claim or defense in this case and is not calculated to lead to the discovery of

17  admissible evidence.  These policies and procedures do not differ meaningfully from those

18  regarding LCD Products, as to which Defendants have obtained discovery already.

19      Subject to and without waiving these objections, Costco offers to meet and confer with

20  Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

21  nonprivileged documents created during the period of March 1, 1995, through November 25,

22  2007, to the extent such documents exist and are kept in the ordinary course of business, based on

23  a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

24  parties.

25  **REQUEST NO. 19**:  All Documents reflecting the effect, if any, of price changes of CRT

26  Products, or any of their components, on the profit or loss You realized.

27

28

1    **RESPONSE TO REQUEST NO. 19**:  In addition to Costco's General Objections, which

2    Costco hereby incorporates by reference, Costco specifically objects to this Request on the

3    grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

4    relevant to any claim or defense in this case and is not calculated to lead to the discovery of

5    admissible evidence.  Costco objects that this Request prematurely seeks expert testimony.

6    Costco also objects to the extent this Request seeks disclosure of privileged and proprietary

7    information.

8        The experience of Costco managers is not generally recorded in documents; however, the

9    transactional data showing prices and volumes purchased and sold will be produced.  Subject to

10    and without waiving these objections, as to other documents, Costco offers to meet and confer

11    with Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

12    nonprivileged documents created during the period of March 1, 1995, through November 25,

13    2007, to the extent such documents exist and are kept in the ordinary course of business, based on

14    a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

15    parties.

16
17    **REQUEST NO. 20**:  All Documents reflecting the effect, if any, of price changes of CRT

    Products, or any of their components, on the profit or loss You anticipated.
18

19    **RESPONSE TO REQUEST NO. 20**:  In addition to Costco's General Objections, which

20    Costco hereby incorporates by reference, Costco specifically objects to this Request on the

21    grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

22    relevant to any claim or defense in this case and is not calculated to lead to the discovery of

23    admissible evidence.  Costco objects that this Request prematurely seeks expert testimony.

24    Costco also objects to the extent this Request seeks disclosure of privileged and proprietary

25    information.

26        The experience of Costco managers is not generally recorded in documents; however, the

27    transactional data showing prices and volumes purchased and sold will be produced.  Subject to

28    and without waiving these objections, as to other documents, Costco offers to meet and confer

1   with Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

2   nonprivileged documents created during the period of March 1, 1995, through November 25,

3   2007, to the extent such documents exist and are kept in the ordinary course of business, based on

4   a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

5   parties.

6

7       **REQUEST NO. 21**:  All Documents relating to Your decisions, if any, to pass through to

    Your customers any increase in the price of CRTs or CRT Products.

8

9       **RESPONSE TO REQUEST NO. 21**:  In addition to Costco's General Objections, which

10  Costco hereby incorporates by reference, Costco specifically objects to this Request on the

11  grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

12  relevant to any claim or defense in this case and is not calculated to lead to the discovery of

13  admissible evidence.  Costco objects that this Request prematurely seeks expert testimony.

14  Costco also objects to the extent this Request seeks disclosure of privileged and proprietary

15  information.

16      Subject to and without waiving these objections, Costco offers to meet and confer with

17  Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

18  nonprivileged documents created during the period of March 1, 1995, through November 25,

19  2007, to the extent such documents exist and are kept in the ordinary course of business, based on

20  a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

21  parties.

22

23      **REQUEST NO. 22**:  All Documents reflecting what portion, if any, of the alleged

    overcharge on CRTs was passed on to You in Your purchases of CRT Products as alleged in

24  paragraph 108 of the Complaint.

25

26      **RESPONSE TO REQUEST NO. 22**:  In addition to Costco's General Objections, which

27  Costco hereby incorporates by reference, Costco specifically objects to this Request to the extent

28  that it seeks information that is protected by attorney-client privilege or the work-product

-18-

COSTCO WHOLESALE CORP.'S RESPONSES TO PHILIPS ELECS.
NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC.
COMPS., INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 07-5944 SC MDL NO. 1917

1   doctrine.  Costco also objects to this Request, including the unlimited time frame for this Request,

2   on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is

3   irrelevant to the claims or defenses of any party, and is not calculated to lead to the discovery of

4   admissible evidence.  Costco objects to the extent this Request prematurely seeks expert

5   testimony and contention discovery.  Costco further objects to this Request as premature, on the

6   grounds that discovery is in its early stages, and Costco's factual investigation is continuing.

7
    **REQUEST NO. 23**:  Separately for You and each of Your affiliates, divisions, or
8
    subsidiaries, all Documents concerning revenue, costs, profitability and margins (on a monthly or
9
    annual basis) for all CRTs and CRT Products You sold, used or distributed including but not
10
    limited to annual reports, balance sheets, financial statements and financial reports.
11

12   **RESPONSE TO REQUEST NO. 23**:  In addition to Costco's General Objections, which

13   Costco hereby incorporates by reference, Costco specifically objects to this Request on the

14   grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

15   relevant to any claim or defense in this case and is not calculated to lead to the discovery of

16   admissible evidence.  Costco objects that this Request prematurely seeks expert testimony.

17   Costco also objects to the terms "revenue," "costs," "profitability," and "margins" as vague and

18   ambiguous.

19   Annual reports and financial statements are available as for any public company.  The

20   transactional data includes cost information, and there are occasional margin reports for the

21   department that includes CRTs and even more rarely for particular products.  Subject to and

22   without waiving these objections, Costco points Defendants to the data it is producing in response

23   to Request No. 2.  Costco further offers to meet and confer with Defendants regarding the scope

24   of this request.  Costco will thereafter produce responsive, nonprivileged documents created

25   during the period of March 1, 1995, through November 25, 2007, to the extent such documents

26   exist and are kept in the ordinary course of business, based on a search of the files of an agreed

27   upon list of custodians and search terms to be negotiated by the parties.

28

-19-

COSTCO WHOLESALE CORP.'S RESPONSES TO PHILIPS ELECS.
NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC.
COMPS., INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 07-5944 SC MDL NO. 1917

**REQUEST NO. 24**:  All Documents relating to your suspicion or belief that any Defendant was engaged in any anticompetitive conduct relating to CRTs or CRT Products, including the date You first suspected such conduct and the circumstances surrounding, and reasons for, such suspicions or beliefs.

**RESPONSE TO REQUEST NO. 24**:  In addition to Costco's General Objections, which Costco hereby incorporates by reference, Costco specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks production of documents protected from disclosure under the attorney-client privilege and other privileges or the work-product doctrine.  Costco further objects to this Request on the grounds that it is overbroad, unduly burdensome, particularly insofar as it seeks documents that are either publicly available or were produced in this litigation to Costco by Defendants and their co-conspirators.  Such documents are either already in the possession of Defendants, or can be obtained by Defendants from another source that is more convenient, less burdensome, or less expensive.  Costco further objects to this Request as premature contention discovery, particularly given that discovery is in its early stages and Costco's factual investigation is continuing.

Subject to and without waiving these objections, Costco offers to meet and confer with Defendants regarding the scope of this request.  Costco will thereafter produce responsive, nonprivileged documents created during the period of March 1, 1995, through November 25, 2007, to the extent such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 25**:  Without limitation as to time, all Documents relating to any statement or action by any Defendant, or any other Person or entity that You contend had the effect of concealing any of Your claims.

**RESPONSE TO REQUEST NO. 25**:  In addition to Costco's General Objections, which Costco hereby incorporates by reference, Costco specifically objects to this Request on the

1   ground that the term "relating to any statement or action" as used herein is overbroad, unduly

2   burdensome, and oppressive.  Costco further objects to this Request on the ground that the phrase

3   "concealing any of Your claims" as used herein calls for a legal conclusion regarding what is

4   deemed "concealing" under the law.  Costco also objects to the term "concealing" as vague and

5   ambiguous and taken to its logical conclusion would include every communication between

6   Costco and Defendants.  Costco further objects to this Request on the grounds that it is overbroad,

7   unduly burdensome, particularly insofar as it seeks documents that are either publicly available or

8   were produced in this litigation to Costco by Defendants and their co-conspirators.  Such

9   documents are either already in the possession of Defendants, or can be obtained by Defendants

10  from another source that is more convenient, less burdensome, or less expensive.  Costco further

11  objects to this Request as premature contention discovery, particularly given that discovery is in

12  its early stages and Costco's factual investigation is continuing.

13          Subject to and without waiving these objections, Costco offers to meet and confer with

14  Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

15  nonprivileged documents created during the period of March 1, 1995, through November 25,

16  2007, to the extent such documents exist and are kept in the ordinary course of business, based on

17  a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

18  parties.

19

20          **REQUEST NO. 26**:  Without limitation as to time, all Documents concerning any steps

21  or actions taken by You to discover the facts alleged in the Complaint that You contend support

22  Your claims.

23          **RESPONSE TO REQUEST NO. 26**:  In addition to Costco's General Objections, which

24  Costco hereby incorporates by reference, Costco specifically objects to this Request on the

25  grounds that it is overbroad, unduly burdensome, oppressive, and seeks production of documents

26  protected from disclosure under the attorney-client privilege and other privileges and the work-

27  product doctrine.  Costco further objects to this Request on the grounds that it is overbroad,

28  unduly burdensome, particularly insofar as it seeks documents that are either publicly available or

1    were produced in this litigation to Costco by Defendants and their co-conspirators.  Such

2    documents are either already in the possession of Defendants, or can be obtained by Defendants

3    from another source that is more convenient, less burdensome, or less expensive.  Costco further

4    objects to this Request as premature contention discovery, particularly given that discovery is in

5    its early stages and Costco's factual investigation is continuing.

6          Subject to and without waiving these objections, Costco offers to meet and confer with

7    Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

8    nonprivileged documents created during the period of March 1, 1995, through November 25,

9    2007, to the extent such documents exist and are kept in the ordinary course of business, based on

10   a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

11   parties.

12

13         **REQUEST NO. 27**:  All Documents relating to the sharing of information between

14   manufacturers of CRTs.

15         **RESPONSE TO REQUEST NO. 27**:  In addition to Costco's General Objections, which

16   Costco hereby incorporates by reference, Costco specifically objects to this Request to the extent

17   that it seeks information that is protected by the attorney-client privilege, joint-prosecution or

18   common-interest privileges, or the work-product doctrine.  Costco also objects to this Request on

19   the grounds that it is overbroad, unduly burdensome, and oppressive, particularly insofar as it

20   seeks documents that are either publicly available or were produced in this litigation to Costco by

21   Defendants and its co-conspirators.  Such documents are either already in Defendants'

22   possession, or can be obtained by Defendants from another source that is more convenient, less

23   burdensome, or less expensive.  Costco also objects to this Request as overbroad with respect to

24   the unlimited period of time for which documents are requested.

25         Subject to and without waiving these objections, Costco offers to meet and confer with

26   Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

27   nonprivileged documents created during the period of March 1, 1995, through November 25,

28   2007, to the extent such documents exist and are kept in the ordinary course of business, based on

-22-

COSTCO WHOLESALE CORP.'S RESPONSES TO PHILIPS ELECS.
NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC.
COMPS., INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 07-5944 SC MDL NO. 1917

1  a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

2  parties.

3      **REQUEST NO. 28**:  All Documents relating to Communications that any of YOUR

4  personnel had with the personnel of any other purchasers of CRTs or CRT Products regarding

5  such CRTs or CRT Products, including personnel acting on behalf of any other plaintiff in the

6  multi-district litigation Case No. 1917.

7

8      **RESPONSE TO REQUEST NO. 28**:  In addition to Costco's General Objections, which

9  Costco hereby incorporates by reference, Costco specifically objects to this Request on the

10 grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

11 relevant to any claim or defense in this case.  Costco further objects that this Request seeks

12 production of documents and information equally available to Defendants.  Costco objects to the

13 extent this Request seeks disclosure of privileged information.

14     Subject to and without waiving these objections, Costco offers to meet and confer with

15 Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

16 nonprivileged documents created during the period of March 1, 1995, through November 25,

17 2007, to the extent such documents exist and are kept in the ordinary course of business, based on

18 a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

19 parties.

20     **REQUEST NO. 29**:  All Documents relating to Communications that any of Your

21 personnel had with the personnel of any supplier of CRTs or CRT Products, including

22 Defendants, regarding pricing, contract terms, production capacity, or volume of sales of any

23 other supplier of CRTs or CRT Products.

24

25     **RESPONSE TO REQUEST NO. 29**:  In addition to Costco's General Objections, which

26 Costco hereby incorporates by reference, Costco specifically objects to this Request on the

27 grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

28 relevant to any claim or defense in this case and is not calculated to lead to the discovery of

-23-

COSTCO WHOLESALE CORP.'S RESPONSES TO PHILIPS ELECS.
NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC.
COMPS., INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 07-5944 SC MDL NO. 1917

1   admissible evidence.  Costco further objects that this Request seeks the production of documents

2   and information equally available to Defendants.  Costco objects to the extent this Request seeks

3   disclosure of privileged information.

4          Subject to and without waiving these objections, Costco offers to meet and confer with

5   Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

6   nonprivileged documents created during the period of March 1, 1995, through November 25,

7   2007, to the extent such documents exist and are kept in the ordinary course of business, based on

8   a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

9   parties.

10         **REQUEST NO. 30**:  All of Your organizational charts and personnel directories for each

11  division involved in the purchase of any CRTs and CRT Products.

12

13         **RESPONSE TO REQUEST NO. 30**:  In addition to Costco's General Objections, which

14  Costco hereby incorporates by reference, Costco specifically objects to this Request on the

15  grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

16  relevant to any claim or defense in this case and is not calculated to lead to the discovery of

17  admissible evidence.

18         Subject to and without waiving these objections, Costco offers to meet and confer with

19  Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

20  nonprivileged documents created during the period of March 1, 1995, through November 25,

21  2007, to the extent such documents exist and are kept in the ordinary course of business, based on

22  a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

23  parties.

24         **REQUEST NO. 31**:  All Documents referred to, quoted, paraphrased, or excerpted in the

25  Complaint, or otherwise relied upon as the basis for any allegation in the Complaint.

26

27         **RESPONSE TO REQUEST NO. 31**:  In addition to Costco's General Objections, which

28  Costco hereby incorporates by reference, Costco specifically objects to this Request on the

1   grounds that it is overbroad, unduly burdensome, and oppressive.  Further, Costco objects to this

2   Request to the extent that information is covered by the attorney-client privilege or work-product

3   protection.  Costco further objects to this Request on the grounds that it seeks the production of

4   documents that are either publicly available, available as part of the U.S. Department of Justice

5   investigation, or were already produced in this litigation. Such documents are either already in

6   Defendants' possession, or can be obtained from another source that is more convenient, less

7   burdensome, or less expensive.

8
        **REQUEST NO. 32**:  All Documents relating to any requests by You to change or revise
9
    any Defendant's terms of sale to You for CRTs or CRT Products.
10

11      **RESPONSE TO REQUEST NO. 32**:  In addition to Costco's General Objections, which

12  Costco hereby incorporates by reference, Costco specifically objects to this Request on the

13  grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

14  relevant to any claim or defense in this case and is not calculated to lead to the discovery of

15  admissible evidence.  Costco further objects to the term "terms of sale" as vague and ambiguous.

16  Costco further objects that this Request seeks production of documents and information equally

17  available to Defendants.  Costco objects to the extent this Request seeks disclosure of privileged

18  information.

19      Subject to and without waiving these objections, Costco offers to meet and confer with

20  Defendants regarding the scope of this request.  Costco will thereafter produce responsive,

21  nonprivileged documents created during the period of March 1, 1995, through November 25,

22  2007, to the extent such documents exist and are kept in the ordinary course of business, based on

23  a search of the files of an agreed upon list of custodians and search terms to be negotiated by the

24  parties.

25
        **REQUEST NO. 33**:  Documents sufficient to Identify all purposes for which You
26
    purchased or used CRTs and CRT Products.
27

28

-25-

1    **RESPONSE TO REQUEST NO. 33**: In addition to Costco's General Objections, which

2    Costco hereby incorporates by reference, Costco specifically objects to this Request on the

3    grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is not

4    relevant to any claim or defense in this case and is not calculated to lead to the discovery of

5    admissible evidence.

6    **REQUEST NO. 34**: All Documents relating to the allegations contained in paragraphs

7    125-126 and 130-131 of the Complaint.

8

9    **RESPONSE TO REQUEST NO. 34**: In addition to Costco's General Objections, which

10   Costco hereby incorporates by reference, Costco specifically objects to this Request on the

11   grounds that it is overbroad, unduly burdensome, oppressive, and seeks production of documents

12   protected from disclosure under the attorney-client privilege and other privileges and the work-

13   product doctrine.  Costco further objects to this Request on the grounds that it seeks the production of

14   documents that are either publicly available, available as part of the U.S. Department of Justice

15   investigation, or were already produced in this litigation.  Such documents are either already in

16   Defendants' possession, or can be obtained from another source that is more convenient, less

17   burdensome, or less expensive.

18   **REQUEST NO. 35**: Documents sufficient to show the meaning of any codes or

19   abbreviations used in any data produced in response any third-party subpoena served on You in

20   the multi-district litigation Case No. 1917, including Documents that contain the characteristics of

21   the CRTs and CRT Products associated with those codes and abbreviations, such as the size and

22   other features.

23

24   **RESPONSE TO REQUEST NO. 35**:  Costco incorporates by reference its objections

25   and response to Request No. 3.

26

27

28

1

2
DATED:  August 17, 2012

s/ *David J. Burman*

David J. Burman (admitted *pro hac vice*)
3
DBurman@perkinscoie.com
Nick Hesterberg (admitted *pro hac vice*)
NHesterberg@perkinscoie.com
4
Eric J. Weiss
EWeiss@perkinscoie.com
5
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
6
Seattle, WA 98101-3099
Telephone: 206.359.8000
7
Facsimile: 206.359.9000

8
Joren Bass, Bar No. 208143
JBass@perkinscoie.com
9
**PERKINS COIE LLP**
Four Embarcadero Center, Suite 2400
10
San Francisco, CA  94111-4131
Telephone:     415.344.7120
11
Facsimile:      415.344.7320

12

13
*Attorneys for Plaintiff*
*Costco Wholesale Corp.*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COSTCO WHOLESALE CORP.'S RESPONSES TO PHILIPS ELECS.
NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC.
COMPS., INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 07-5944 SC MDL NO. 1917

# EXHIBIT F

**Weiss, Eric J.  (Perkins Coie)**

| | |
|---|---|
| **From:** | *Perkins FTP |
| **Sent:** | Friday, August 17, 2012 7:45 PM |
| **To:** | *Costco CRT |
| **Subject:** | In re Cathode Ray Tube (CRT) Antitrust Litigation - Costco Transactional Data: Costco-CRT-00001 |

\*\*\* You have a secure file transfer awaiting download. Details enclosed. \*\*\*

---

FROM:     PerkinsFTP@perkinscoie.com

TO:       CostcoCRT@perkinscoie.com (CostcoCRT@perkinscoie.com)

SUBJECT: In re Cathode Ray Tube (CRT) Antitrust Litigation - Costco Transactional Data: Costco-CRT-00001

**FILE TRANSFER WAITING:**
Click the secure link to download.
http://perkinscoie.leapfile.net/get.jsp?t=4028817e39276d2c0139379c4bc06d54
(TRANSFER EXPIRES August 31, 2012 07:44 PM)

---

As referenced in Costco Wholesale Corporation's Responses and Objections to Philips Electronics North America Corporation and Toshiba America Electronic Components, Inc.'s First Set of Requests for Production, please find here the following CONFIDENTIAL files ("Costco-CRT-00001"):

1.  Transactional data of Costco's CRT sales, receivings, refunds, rebates, and coupons from September 2, 1996, through January 17, 2010.

2.  Transactional data of Costco's CRT receivings for category code AC (i.e., rear-projection units) from March 1, 1995, through November 25, 2007.

3.  Reference files.

Although the information contained therein is often self-explanatory, the following is a brief description of the information within those files:

·  <u>CouponTransactionsOfCRTsSept96thruJan17_2010Report</u>.csv – contains CRT transactions involving a coupon.

·  <u>CRT SKU Item List Report</u>.csv – contains cross-reference information for item numbers, category codes, and product descriptions.

·  <u>CRT SKU to CPN Cross Reference Report</u>.csv – contains cross-reference information for item numbers associated with coupons.

·  Files beginning <u>DWCRT</u> – contain various field-description reference information.

·  <u>RebatesCRTsFY2000thru2_7_2010</u>.csv – contains rebate information for CRT products during the referenced time period.

1

- ReceivingsOfCRTsSept96thruJan17_2010.csv – receivings data within this file represents transactional information for CRT products purchased by Costco and received into a depot, not a warehouse.

- SalesOfCRTsSept96thruJan17_2010 Report.csv – sales data within this file represents transactional information for CRT products sold by Costco at various warehouses; refund information is also included.

- CRT_ReceivingReport.csv – contains receiving transactional information (purchases made by Costco and received into a depot) for CRT products identified by category code AC from March 1, 1995, through November 25, 2007.

- Cross-reference files identify individual warehouses and depots, category codes, and vendor names and numbers. Please note that Warehouse Nos. 283 and 847, which are not referenced on the attached warehouse list, are e-commerce depots.

Please let us know if you have any difficulty downloading these files.

Regards,

-Eric

**Eric J. Weiss | Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
PHONE: 206.359.3456
FAX: 206.359.4456
E-MAIL: EWeiss@perkinscoie.com

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.