# EXHIBIT G

**Weiss, Eric J.  (Perkins Coie)**

| | |
|---|---|
| **From:** | david.emanuelson@bakerbotts.com |
| **Sent:** | Friday, September 14, 2012 12:26 PM |
| **To:** | Burman, David J.  (Perkins Coie); Hesterberg, Nicholas H. (Nick)  (Perkins Coie); Weiss, Eric J.  (Perkins Coie) |
| **Cc:** | john.taladay@bakerbotts.com; charles.malaise@bakerbotts.com; eric.berman@bakerbotts.com; kfeder@omm.com |
| **Subject:** | In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917 - request for meet & confer on Costco's discovery responses and production of documents |

David, Nick, and Eric,

We've reviewed the discovery responses served last month by your client, Costco Wholesale Corporation, in the CRT Antitrust Litigation, and we would like to arrange a time to meet and confer.  To make things easier, Baker Botts and O'Melveny are serving as liaison counsel on behalf of all the CRT Defendants with respect to Costco's discovery responses.  Please let me know if there is a time on Thursday, Sept. 20 or Friday, Sept. 21 that might work for you, and I can circulate a dial-in number.

Many thanks,

Dave

**David T. Emanuelson**
Senior Associate | Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
202.639.7843 (direct)
202.585.1018 (facsimile)
david.emanuelson@bakerbotts.com

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

# BAKER BOTTS LLP

THE WARNER
1299 PENNSYLVANIA AVE., NW
WASHINGTON, D.C.
20004-2400

TEL  +1 202.639.7700
FAX +1 202.639.7890
BakerBotts.com

ABU DHABI    HOUSTON
AUSTIN       LONDON
BEIJING      MOSCOW
BRUSSELS     NEW YORK
DALLAS       PALO ALTO
DUBAI        RIYADH
HONG KONG    **WASHINGTON**

September 26, 2012

BY ELECTRONIC MAIL

David Emanuelson
TEL  +1 202.639.7843
FAX +1 202.585.1018
david.emanuelson@bakerbotts.com

Eric Weiss
PERKINS COIE LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

**Re:** **In re Cathode Ray Tube (CRT) Antitrust Litigation - MDL No. 1917**

Dear Eric:

I am writing memorialize our telephonic meet and confer held on September 21, 2012 regarding the responses of Costco Wholesale Corporation ("Costco") to: (1) Philips Electronics North America Corporation and Toshiba America Electronic Components, Inc.'s First Set of Requests for Production; (2) Philips Electronics North America Corporation and Toshiba America Electronic Components, Inc.'s First Set of Interrogatories; and (3) Tatung Company of America, Inc. and Samsung Electronics Co., Ltd.'s First Set of Interrogatories (collectively, "Defendants"). This letter confirms the discovery issues discussed during our call and the agreed upon next steps for both sides.

**(1)    Requests for Production - Documents**

Regarding Defendants' document requests to Costco, we reached a mutual understanding to work towards an agreement in which Costco would produce documents responsive to Defendants' requests based on a review of files from an agreed upon list of custodians, filtered by keyword search terms. In its written response to Defendants' document requests, Costco had suggested this methodology as a means to resolve its objections to the scope of the majority of Defendants' requests.[1] Based on our call, it is my understanding that this methodology will also satisfy Costco's concerns regarding the remaining document requests.[2] As we discussed, you will let me know as soon as possible if my understanding is incorrect.

Regarding implementation of the search term methodology, you noted that there appeared to be substantial overlap in the scope of Defendants' requests and those that were served upon Costco in the ongoing LCD matter. Therefore, we agreed that you would circulate the search terms used by Costco in the LCD litigation, as the starting point for our negotiation. We will review these terms and respond promptly with any suggested additions and/or subtractions. After our review, we agreed to meet and confer to finalize the list of search terms.

---

[1] Requests Nos. 4-12, 14-21, 23-30 and 32.
[2] Requests Nos. 13, 22, 31 and 33-34.

**BAKER BOTTS** LLP

Nick Hesterberg
Eric Weiss                                    - 2 -                          September 26, 2012

With respect to a custodian list, you indicated that the individuals identified in Costco's interrogatory answers[3] represent your initial custodian list proposal based on their successful inclusion as custodians in the LCD matter. We appreciate these initial disclosures but noted that we would like the opportunity to conduct an independent review and, if applicable, select additional custodians that we deem relevant. To assist our analysis, we requested that Costco provide organizational charts relevant to Costco's purchases of CRTs and CRT Finished Products, and you indicated that you would check with your client and follow up with us on how quickly the organizational charts could be provided. After having an opportunity to review the Costco organizational charts and relevant documents, we propose a meet and confer to finalize the initial custodian list.

We also noted our preference for the agreement on custodians to be a two-step process where an initial list would be agreed upon, but we were allowed to add a specified number of additional custodians at some later date, after having an opportunity to reviewing a portion of Costco's document production. You indicated that you were generally amendable to our proposal. Again, we propose to discuss the specifics of such a proposal at a later meet and confer.

With respect to Request No. 23 (financial statements), we proposed that Costco not respond to this request on a custodian basis but rather treat this as a "corporate request," in which a complete set of repsonsive documents is produced (to the extent possible) without duplication.[4] In order to facilitate your response, we will provide guidance on the type of non-public reports and documents that we would like to receive from Costco. We understand that this will require some legwork your end to systematically retrieve the relevant reports, but will believe that this will be a more efficient process for both sides than to treat financial statements as a custodial production.

### (2)  Requests for Production - Data

We also discussed Costco's responses to Requests Nos. 2 and 3, which include Costco's transactional data. First, we inquired why Costco will produce transactional data of its CRT sales, receivings, refunds, rebates, and coupons from September 2, 1996, through January 17, 2010 instead of March 1, 1995 through January 17, 2010. You indicated that Costco had originally pulled data back to September 2, 1996, and that you are inquiring with Costco if transactional data exists from March 1, 1995 through September 2, 1996. If it does, Costco will produce the data to us.

---

[3] Answer to Interrogatory No. 6 for the Philips Electronics North America Corporation and Toshiba America Electronic Components, Inc.'s First Set of Interrogatories; and Answer No. 11 for the Tatung Company of America, Inc. and Samsung Electronics Co., Ltd.'s First Set of Interrogatories.
[4] We also made the same request regarding the Request 30 (organizational charts).

**BAKER BOTTS** LLP

Nick Hesterberg
Eric Weiss                                    - 3 -                        September 26, 2012

We emphasized the importance of the Costco transactional data to our class certification analysis and, thus, place a high priority in resolving questions regarding that data in short order. We proposed an informal process whereby our questions could be resolved over the phone. You indicated a preference for a more formal process where written questions are exchanged to ensure the accuracy of Costco's response. In pursuit of your preference, we will begin the process by providing a list of questions that we have regarding the Costco's transactional data. After you have reviewed our questions, we agreed to set another meet and confer to discuss how to proceed with our desire for prompt answers to these questions.

(3)    **Interrogatories**

While we noted our disagreement with many of your objections and responses to our Interrogatories, we stated that our issues would be addressed at a later time and in writing. We did highlight that Costco's reliance on Federal Rule of Civil Procedure 33(d) ("FRCP 33(d)") in many of its answers would require a future supplementation once Costco produces documents pursuant to our Requests for Production, as FRCP 33(d)(1) requires a party to identify specific documents or records relevant to a given interrogatory instead of a general reference to a responding party's production as a whole. We also indicated our belief that, for some of the Interrogatory responses, your reliance on FRCP 33(d) was improper.

We appreciate Costco's cooperation and look forward to productive consultations regarding discovery going forward. If you have any questions or disagreements regarding the content of the letter, please do not hesitate to contact me at your convenience.

Regards,


/s/ David T. Emanuelson
David T. Emanuelson


cc:    Nick Hesterberg
       Kevin Feder
       Dave Roberts
       Charles Malaise

**Weiss, Eric J.  (Perkins Coie)**

| | |
|---|---|
| **From:** | david.emanuelson@bakerbotts.com |
| **Sent:** | Friday, September 28, 2012 5:20 AM |
| **To:** | Weiss, Eric J.  (Perkins Coie) |
| **Cc:** | kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon  (Perkins Coie); Hesterberg, Nicholas H. (Nick)  (Perkins Coie) |
| **Subject:** | RE: In re CRT: Summary of 9/21 M&C re Costco Discovery Requests |
| **Attachments:** | In re CRT Costco Data Questions.doc |

Thank you for this, Eric.  We will review these search terms and get back to Nick with any suggested additions sometime next week.  Also appreciate your update on the org charts, as we are eager to review them and get back to you with any suggested additions to your proposed custodian list.

Also, as discussed on our call, I am attaching for your review our preliminary list of questions we have regarding the Costco transactional data.  The list is quite short (less than a page), as we've tried to boil this down to the most important questions our experts need answered to prepare their report supporting our class cert opp.  As we discussed on the call, we believe that that it would benefit both sides to get these questions answered informally, without having to resort to formal process. Once you all have a chance to review, I would suggest having a short call with Nick and whoever else would like to join to come to an agreement on the most painless way we can get these answered.

Regards,
Dave

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Thursday, September 27, 2012 8:11 PM
**To:** Emanuelson, David
**Cc:** kfeder@OMM.com; DRoberts2@OMM.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: In re CRT: Summary of 9/21 M&C re Costco Discovery Requests

David,

I am in receipt of your September 26 letter regarding discovery in the CRT matter.  As we had discussed, please find below a list of the search terms that Costco used in the LCD litigation.  We await your suggested alterations or additions for CRT, and we will meet and confer regarding those search terms thereafter.

We have also begun the process of identifying any organizational charts relevant to CRTs and CRT Products, and I will forward to you any such chart after review.

I will be out of the office until October 8.  Please reach out to my colleague Nick Hesterberg in my absence if you have any questions.

Regards,
Eric

SEARCH TERMS:

| |
|---|
| LCD* |
| TFT |

| |
|---|
| CSTN |
| MSTN |
| monitor panel*~5 |
| tv panel*~5 |
| television panel*~5 |
| gps panel*~5 |
| laptop panel*~5 |
| dvd panel*~5 |
| display panel*~5 |
| notebook panel*~5 |
| screen panel*~5 |
| mother glass~4 |
| cut glass~4 |
| fab* glass~4 |
| factory glass~4 |
| manufact* glass~4 |
| produc* glass~4 |
| price* fix*~3 |
| price* inflat*~3 |
| price* rais*~3 |
| price* low*~3 |
| price* depress*~3 |
| price* adjust*~3 |
| price* negotiate*~3 |
| price* amend*~3 |
| pricing* fix*~3 |
| pricing* inflat*~3 |
| pricing* rais*~3 |
| pricing* low*~3 |
| pricing* depress*~3 |
| pricing* adjust*~3 |
| pricing* negotiate*~3 |
| pricing* amend*~3 |
| AUO |
| "chi Mei" |
| CMO |
| chunghwa |
| Epson |
| Hannstar |

| |
|---|
| Hannspree |
| Hitachi |
| Philips |
| LG* |
| Samsung |
| Sharp |
| Toshiba |
| collud* |
| collus* |
| conspir* |
| Nexgen |
| Tatung |
| Hydis |
| IPS Alpha~3 |
| Mitsubishi |
| "NEC" |
| Seiko |
| cartel |
| keep* w/5 "supply down" |
| hold* w/5 "supply down" |
| "driv* prices up" |

**Eric J. Weiss** | Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.3456
FAX: 206.359.4456
E-MAIL: EWeiss@perkinscoie.com

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Wednesday, September 26, 2012 8:37 AM
**To:** Weiss, Eric J. (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Cc:** kfeder@OMM.com; DRoberts2@OMM.com; charles.malaise@bakerbotts.com
**Subject:** In re CRT: Summary of 9/21 M&C re Costco Discovery Requests

Eric and Nick,

Please find the attached letter memorializing our conversation from the 21st.  I will be in touch later this week regarding some of the open items listed in this letter.  However, please do not hesitate to give me a call or shoot me an email if you'd like to discuss any of the issues.

Regards,
David

**David T. Emanuelson**
Senior Associate | Baker Botts L.L.P.

1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
202.639.7843 (direct)
202.585.1018 (facsimile)
david.emanuelson@bakerbotts.com

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

---

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

**Highly Confidential**
**Subject to Protective Order**

**Preliminary List of Questions Regarding Costco Transactional Data**

1. There are 70 warehouse numbers in Costco's sales and/or receivings data that do not appear in the "WAREHOUSES.xls" file. Please explain what these numbers represent and why they were not listed in the "WAREHOUSES.xls" file.

2. We understand that Costco Purchasing Data indicate the location of the Costco Depot that receives shipment from suppliers. We also understand that Costco Sales Data indicate the location of the Costco Warehouses from which the product is sold to consumers. Is there a way to link sales from Costco Warehouses to the Depot that the product originated from either by: (a) individual transaction (i.e., by producing a field in the sales data that would indicate the originating Depot location); or (b) by some general rule of thumb (i.e., that X Warehouse is always sourced by Y Depot)?

3. For Costco Sales Data (SalesOfCRTsSept96thruJan17_2010 Report.csv):

   a) UNITS and AMOUNTS are generally negative in records for which *REFUND ITEM* equals "Y," but in roughly 10% of such records, UNITS and AMOUNTS are positive. Please explain why UNITS and AMOUNTS are sometimes negative and sometimes positive.

   b) What does the SUPCSALES field represent?

   c) Please confirm that the *MBDATE NUMBER* is the transaction date.

4. For Costco Purchasing Data (ReceivingsOfCRTsSept96thruJan17_2010.csv and CRT_ReceivingReport.csv):

   a) There are some pairs of records for which the values in every field are identical (*PONO* = 1108114). Do these represent multiple identical purchases or duplicate records for the same purchase?

   b) Please define the *DATE* field. "DWCRTRCVPreceivingTransactionsFileFieldDescriptions.pdf" defines it as the "System Date," but we are unsure whether that means the date the product was ordered, the date it was received, or some other date.

   c) Please confirm that the *NLC* field represents the amount Costco paid for the product. Does this field include any rebates/discounts that Costco received?

   d) What does the TYPE field represent? Please provide a description for each of the values therein.

5. Please describe the data included in the file CouponTransactionsOfCrtsSept96thruJan17_2010.csv.

   a) Are the coupon data already included in the AMOUNTS listed in the sales data?

   b) If the coupon data are not already included in the AMOUNTS listed in the sales data, is there a a mechanism for linking the coupon data to either the sales or procurement data? We were unable to match the records in the coupon data with records in either the sales or purchase data based on WHS5 and ITEM NO fields.

1

**Weiss, Eric J.  (Perkins Coie)**

| | |
|---|---|
| **From:** | david.emanuelson@bakerbotts.com |
| **Sent:** | Tuesday, October 09, 2012 2:04 PM |
| **To:** | Weiss, Eric J.  (Perkins Coie) |
| **Cc:** | kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon  (Perkins Coie); Hesterberg, Nicholas H. (Nick)  (Perkins Coie) |
| **Subject:** | RE: In re CRT: Summary of 9/21 M&C re Costco Discovery Requests |
| **Attachments:** | In re CRT Defendants Proposed Search Terms.xls |

Eric,

I am attaching our proposed search terms for use in the CRT litigation.  While we worked off your below list, we had to make substantial adjustments to fit the needs of our case.  In an attempt to focus our discussion, I've placed the terms into various categories.  The first two categories--entities and products--should be self-explanatory as to why we need to add CRT-specific terms.  The third category--sales and competition--is where I suspect the heart of our discussion will lie.  While we used your below terms as a jumping off point, our position is that some of the more important terms (for example, pricing) need to be applied on a standalone basis, not in combination as you have below.  But we are mindful of the burden that application of these more general terms will place on you and are willing to work with you to find a suitable solution for both sides.  I propose we do another call on Wednesday of next week, giving you sufficient time to digest and work with these proposed terms.

In the meantime, do you have any updates for me on: (a) the questions we sent over regarding your Costco's transactional data; (b) and your progress in obtaining org charts?  We would like to get discussions going on these as soon as possible (particularly the transactional data) while we hash out the search terms.

Regards,
David

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Thursday, September 27, 2012 8:11 PM
**To:** Emanuelson, David
**Cc:** kfeder@OMM.com; DRoberts2@OMM.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: In re CRT: Summary of 9/21 M&C re Costco Discovery Requests

David,

I am in receipt of your September 26 letter regarding discovery in the CRT matter.  As we had discussed, please find below a list of the search terms that Costco used in the LCD litigation.  We await your suggested alterations or additions for CRT, and we will meet and confer regarding those search terms thereafter.

We have also begun the process of identifying any organizational charts relevant to CRTs and CRT Products, and I will forward to you any such chart after review.

I will be out of the office until October 8.  Please reach out to my colleague Nick Hesterberg in my absence if you have any questions.

Regards,
Eric

SEARCH TERMS:

| |
|---|
| LCD* |
| TFT |
| CSTN |
| MSTN |
| monitor panel*~5 |
| tv panel*~5 |
| television panel*~5 |
| gps panel*~5 |
| laptop panel*~5 |
| dvd panel*~5 |
| display panel*~5 |
| notebook panel*~5 |
| screen panel*~5 |
| mother glass~4 |
| cut glass~4 |
| fab* glass~4 |
| factory glass~4 |
| manufact* glass~4 |
| produc* glass~4 |
| price* fix*~3 |
| price* inflat*~3 |
| price* rais*~3 |
| price* low*~3 |
| price* depress*~3 |
| price* adjust*~3 |
| price* negotiate*~3 |
| price* amend*~3 |
| pricing* fix*~3 |
| pricing* inflat*~3 |
| pricing* rais*~3 |
| pricing* low*~3 |
| pricing* depress*~3 |
| pricing* adjust*~3 |
| pricing* negotiate*~3 |
| pricing* amend*~3 |
| AUO |
| "chi Mei" |

| |
|---|
| CMO |
| chunghwa |
| Epson |
| Hannstar |
| Hannspree |
| Hitachi |
| Philips |
| LG* |
| Samsung |
| Sharp |
| Toshiba |
| collud* |
| collus* |
| conspir* |
| Nexgen |
| Tatung |
| Hydis |
| IPS Alpha~3 |
| Mitsubishi |
| "NEC" |
| Seiko |
| cartel |
| keep* w/5 "supply down" |
| hold* w/5 "supply down" |
| "driv* prices up" |

**Eric J. Weiss**  |  **Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
PHONE: 206.359.3456
FAX: 206.359.4456
E-MAIL: EWeiss@perkinscoie.com

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Wednesday, September 26, 2012 8:37 AM
**To:** Weiss, Eric J. (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Cc:** kfeder@OMM.com; DRoberts2@OMM.com; charles.malaise@bakerbotts.com
**Subject:** In re CRT: Summary of 9/21 M&C re Costco Discovery Requests

Eric and Nick,

Please find the attached letter memorializing our conversation from the 21st.  I will be in touch later this week regarding some of the open items listed in this letter.  However, please do not hesitate to give me a call or shoot me an email if you'd like to discuss any of the issues.

Regards,
David

**David T. Emanuelson**
Senior Associate | Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
202.639.7843 (direct)
202.585.1018 (facsimile)
david.emanuelson@bakerbotts.com

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

| Entities |
|---|
| (Chunghwa) OR (CPT) |
| (Daewoo) OR (Orion) OR (DOSA) OR (OEC) |
| (Hitachi) OR (HED) OR (HEDUS) |
| (Irico) OR (IGC) OR (IDDC) OR (IGE) |
| (LG*) |
| (LG.Philips) OR (LP Displays) OR (LPD) or (LGP) |
| (Panasonic) OR (Matsushita) OR (MEI) OR (PCNA) OR (PACEC) OR (PAVC!) OR (PNA) |
| (Philips) OR (PENAC) OR (KPE) (Koninklijke /2 Philips) |
| (Samsung) OR (SEC) OR (SEAI) OR (SEA) OR (SDI) OR (SDD) |
| (Samtel) |
| (Tatung) |
| (Thai-CRT) OR (Thai CRT) OR (T-CRT) |
| (MTPD*) OR (Matsushita Toshiba) OR (MT Picture Display) |
| (Beijing-Matsushita) OR (BMCC) OR (Beijing /2 Matsushita) |
| (Toshiba) or (TSB) or (TAEC) or (TACP) or (TAI) or (TAIS) or (TEDI) |
| (Mitsubishi) |
| (Thomson) |
| (AUO) |
| (Chi Mei) |
| (CMO) |
| (Epson) |
| (Hannstar) |
| (Hannspree) |
| (Sharp) |
| (Nexgen) |
| (Hydis) |
| (IPS /3 Alpha) |
| (NEC) |
| (OEM) |
| (original design manufactuer) or (ODM) |
| (system integrator) |
| (Seiko) |
| Products |
| (C.R.T.) OR (CRT) |
| (C.D.T.) OR (CDT) |
| (C.P.T.) OR (CPT) |
| (tube*) |
| (mnn) OR (minineck) |
| (microfilter) |
| (C.T.V.) OR (CTV) |
| (electron gun) |

| |
|---|
| (D.Y.) OR (DY) OR (deflection yoke) |
| (monitor) |
| (computer) |
| (television) OR (TV) |
| (combo) |
| (I.T.C.) OR (ITC) |
| (RF) OR (R.F.) OR (real flat) |
| (CV) OR (C.V.) OR (conventional) OR (round) |
| (WCV) OR (W.C.V.) |
| (WRF) OR (W.R.F.) |
| (desktop) |
| (laptop) |
| (notebook) |
| (TF) OR (T.F.) OR (true flat) |
| (LCD) |
| (TFT) |
| (panel*) |
| (flat /2 screen) |
| (plasma) |
| (project! |
| |
| (mother OR cut OR fab* OR factory OR manufactur*) /4 glass) |
| **Sales and Competition** |
| (back to school) |
| (bid) OR (RFQ) |
| (broker*) |
| (business plan) |
| (budget*) |
| (cancel* or terminat* or postpon* or defer) /5 (sale OR transaction OR purchase) |
| (capacit*) |
| (compet*) |
| (complet* /5 (purchase OR sale) |
| (contract OR agreement*) |
| (coop* OR co-op*) |
| (cost*) |
| (credit) |
| (coupon*) |
| (demand) |
| (discount*) |
| (distributor*) |
| (dividend) |
| (duty) OR (duties) |
| (empty /5 shel*) |
| (forecast*) |
| (holiday) |
| (inventory /3 manage*) |

| |
|---|
| (margin) |
| (market*) |
| (negotiat*) |
| (overcharge) |
| (over OR under) /5 (stock) |
| (pass OR sell) /2 (through) |
| (polic*) |
| (pric*) |
| (profit*) |
| ((purchase /2 order) OR P.O OR PO) |
| (rebate*) |
| (reduction) |
| (report*) |
| (revise or alter or change or modif*) /5 (term of quantity or charge or fee) |
| (roadmap or road map) |
| (sale* /2 polic*) |
| (secret*) |
| (spring) |
| (tariff*) |
| (tax*) |
| (term* /2 condition!) |
| (term* /2 sale) |
| (freight) |
| (dividend*) |
| (value equation) or (ve) |
| (volume /5 (sale* OR sell*)) |
| **Competitor Communications - Trade Associations** |
| (anti-trust) OR (antitrust) OR (anti-compet*) OR (anticompet*) |
| (cartel) |
| (collu* or conspir*) |
| (conceal* or hide) |
| (conference*) |
| (Glass meeting) OR (GSM) |
| (Illegal) |
| (industry /5 meeting) |
| (management meeting) |
| (shar* /3 information) |
| (top meeting) |
| (trade association) OR (trade organization) or (consumer electronics association) or (CEA) or (consumer electronics show) or (CES) or (ICES) |

**Weiss, Eric J.  (Perkins Coie)**

| | |
|---|---|
| **From:** | david.emanuelson@bakerbotts.com |
| **Sent:** | Thursday, October 11, 2012 8:47 AM |
| **To:** | Weiss, Eric J.  (Perkins Coie) |
| **Cc:** | kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon  (Perkins Coie); Hesterberg, Nicholas H. (Nick)  (Perkins Coie) |
| **Subject:** | RE: In re CRT: Summary of 9/21 M&C re Costco Discovery Requests |

Thank you for your reply, Eric.  Wednesday at 11am pst/2pm est works for us.  I will circulate a dial-in.  I have also forwarded your follow-up questions on the data to our economists and will get back to you on those asap.

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Wednesday, October 10, 2012 6:09 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: In re CRT: Summary of 9/21 M&C re Costco Discovery Requests

David,

I am in receipt of your email and proposed search terms.  We are currently reviewing those proposed terms and are available Wednesday for a phone call to discuss them.  How about at 11:00 a.m. PST?

We are also working to answer the preliminary list of questions regarding Costco's transactional data that you previously delivered.  Unfortunately, the person most familiar with the transactional data is unexpectedly unavailable this week.  In the meantime, to expedite the process, we have follow up for you on two of the questions.  First, Question No. 1 references seventy warehouse numbers that apparently do not appear in the Excel file.  Can you please send us a list of the warehouse numbers that do not appear so that we can examine those entries?  Second, Question No. 4 references pairs of records for which the values in every field are apparently identical.  The example provided (PONO = 1108114) does not seem to exist.  Can you please send us the list of record pairs (or several examples) that are identical so that we can examine those entries as well?

We are also working on recovering any relevant organization charts and are happy to discuss that progress on Wednesday as well.

Regards,
Eric

**Eric J. Weiss | Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
PHONE: 206.359.3456
FAX: 206.359.4456
E-MAIL: EWeiss@perkinscoie.com

---

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Tuesday, October 09, 2012 2:04 PM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie);

Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: In re CRT: Summary of 9/21 M&C re Costco Discovery Requests

Eric,

I am attaching our proposed search terms for use in the CRT litigation.  While we worked off your below list, we had to make substantial adjustments to fit the needs of our case.  In an attempt to focus our discussion, I've placed the terms into various categories.  The first two categories--entities and products--should be self-explanatory as to why we need to add CRT-specific terms.  The third category--sales and competition--is where I suspect the heart of our discussion will lie.  While we used your below terms as a jumping off point, our position is that some of the more important terms (for example, pricing) need to be applied on a standalone basis, not in combination as you have below.  But we are mindful of the burden that application of these more general terms will place on you and are willing to work with you to find a suitable solution for both sides.  I propose we do another call on Wednesday of next week, giving you sufficient time to digest and work with these proposed terms.

In the meantime, do you have any updates for me on: (a) the questions we sent over regarding your Costco's transactional data; (b) and your progress in obtaining org charts?  We would like to get discussions going on these as soon as possible (particularly the transactional data) while we hash out the search terms.

Regards,
David

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Thursday, September 27, 2012 8:11 PM
**To:** Emanuelson, David
**Cc:** kfeder@OMM.com; DRoberts2@OMM.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: In re CRT: Summary of 9/21 M&C re Costco Discovery Requests

David,

I am in receipt of your September 26 letter regarding discovery in the CRT matter.  As we had discussed, please find below a list of the search terms that Costco used in the LCD litigation.  We await your suggested alterations or additions for CRT, and we will meet and confer regarding those search terms thereafter.

We have also begun the process of identifying any organizational charts relevant to CRTs and CRT Products, and I will forward to you any such chart after review.

I will be out of the office until October 8.  Please reach out to my colleague Nick Hesterberg in my absence if you have any questions.

Regards,
Eric

SEARCH TERMS:

| |
|---|
| LCD* |
| TFT |
| CSTN |
| MSTN |
| monitor panel*~5 |
| tv panel*~5 |

| |
|---|
| television panel*~5 |
| gps panel*~5 |
| laptop panel*~5 |
| dvd panel*~5 |
| display panel*~5 |
| notebook panel*~5 |
| screen panel*~5 |
| mother glass~4 |
| cut glass~4 |
| fab* glass~4 |
| factory glass~4 |
| manufact* glass~4 |
| produc* glass~4 |
| price* fix*~3 |
| price* inflat*~3 |
| price* rais*~3 |
| price* low*~3 |
| price* depress*~3 |
| price* adjust*~3 |
| price* negotiate*~3 |
| price* amend*~3 |
| pricing* fix*~3 |
| pricing* inflat*~3 |
| pricing* rais*~3 |
| pricing* low*~3 |
| pricing* depress*~3 |
| pricing* adjust*~3 |
| pricing* negotiate*~3 |
| pricing* amend*~3 |
| AUO |
| "chi Mei" |
| CMO |
| chunghwa |
| Epson |
| Hannstar |
| Hannspree |
| Hitachi |
| Philips |
| LG* |

| |
|---|
| Samsung |
| Sharp |
| Toshiba |
| collud* |
| collus* |
| conspir* |
| Nexgen |
| Tatung |
| Hydis |
| IPS Alpha~3 |
| Mitsubishi |
| "NEC" |
| Seiko |
| cartel |
| keep* w/5 "supply down" |
| hold* w/5 "supply down" |
| "driv* prices up" |

**Eric J. Weiss** | Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
PHONE: 206.359.3456
FAX: 206.359.4456
E-MAIL: EWeiss@perkinscoie.com

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Wednesday, September 26, 2012 8:37 AM
**To:** Weiss, Eric J. (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Cc:** kfeder@OMM.com; DRoberts2@OMM.com; charles.malaise@bakerbotts.com
**Subject:** In re CRT: Summary of 9/21 M&C re Costco Discovery Requests

Eric and Nick,

Please find the attached letter memorializing our conversation from the 21st.  I will be in touch later this week regarding some of the open items listed in this letter.  However, please do not hesitate to give me a call or shoot me an email if you'd like to discuss any of the issues.

Regards,
David

**David T. Emanuelson**
Senior Associate | Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
202.639.7843 (direct)
202.585.1018 (facsimile)
david.emanuelson@bakerbotts.com

4

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

---

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

**Weiss, Eric J.  (Perkins Coie)**

| | |
|---|---|
| **From:** | david.emanuelson@bakerbotts.com |
| **Sent:** | Wednesday, October 17, 2012 10:51 AM |
| **To:** | Weiss, Eric J.  (Perkins Coie) |
| **Subject:** | RE: In re CRT: Summary of 9/21 M&C re Costco Discovery Requests |

Thanks Eric.  Talk to you shortly.

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Wednesday, October 17, 2012 1:44 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: In re CRT: Summary of 9/21 M&C re Costco Discovery Requests

David,

In anticipation of and to facilitate our upcoming call, please find attached two documents:  (1) an updated list of warehouse references that you requested and (2) an organization chart for Department 24 dated April 28, 2006.


Regards,
Eric

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Thursday, October 11, 2012 8:47 AM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: In re CRT: Summary of 9/21 M&C re Costco Discovery Requests

Thank you for your reply, Eric.  Wednesday at 11am pst/2pm est works for us.  I will circulate a dial-in.  I have also forwarded your follow-up questions on the data to our economists and will get back to you on those asap.


**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Wednesday, October 10, 2012 6:09 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: In re CRT: Summary of 9/21 M&C re Costco Discovery Requests

David,

I am in receipt of your email and proposed search terms.  We are currently reviewing those proposed terms and are available Wednesday for a phone call to discuss them.  How about at 11:00 a.m. PST?

We are also working to answer the preliminary list of questions regarding Costco's transactional data that you previously delivered.  Unfortunately, the person most familiar with the transactional data is unexpectedly unavailable this week.  In the meantime, to expedite the process, we have follow up for you on two of the questions.  First, Question No. 1

references seventy warehouse numbers that apparently do not appear in the Excel file.  Can you please send us a list of the warehouse numbers that do not appear so that we can examine those entries?  Second, Question No. 4 references pairs of records for which the values in every field are apparently identical.  The example provided (PONO = 1108114) does not seem to exist.  Can you please send us the list of record pairs (or several examples) that are identical so that we can examine those entries as well?

We are also working on recovering any relevant organization charts and are happy to discuss that progress on Wednesday as well.

Regards,
Eric

**Eric J. Weiss  |  Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
PHONE: 206.359.3456
FAX: 206.359.4456
E-MAIL: EWeiss@perkinscoie.com

---

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Tuesday, October 09, 2012 2:04 PM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: In re CRT: Summary of 9/21 M&C re Costco Discovery Requests

Eric,

I am attaching our proposed search terms for use in the CRT litigation.  While we worked off your below list, we had to make substantial adjustments to fit the needs of our case.  In an attempt to focus our discussion, I've placed the terms into various categories.  The first two categories--entities and products--should be self-explanatory as to why we need to add CRT-specific terms.  The third category--sales and competition--is where I suspect the heart of our discussion will lie.  While we used your below terms as a jumping off point, our position is that some of the more important terms (for example, pricing) need to be applied on a standalone basis, not in combination as you have below.  But we are mindful of the burden that application of these more general terms will place on you and are willing to work with you to find a suitable solution for both sides.  I propose we do another call on Wednesday of next week, giving you sufficient time to digest and work with these proposed terms.

In the meantime, do you have any updates for me on: (a) the questions we sent over regarding your Costco's transactional data; (b) and your progress in obtaining org charts?  We would like to get discussions going on these as soon as possible (particularly the transactional data) while we hash out the search terms.

Regards,
David

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Thursday, September 27, 2012 8:11 PM
**To:** Emanuelson, David
**Cc:** kfeder@OMM.com; DRoberts2@OMM.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: In re CRT: Summary of 9/21 M&C re Costco Discovery Requests

David,

I am in receipt of your September 26 letter regarding discovery in the CRT matter.  As we had discussed, please find below a list of the search terms that Costco used in the LCD litigation.  We await your suggested alterations or additions for CRT, and we will meet and confer regarding those search terms thereafter.

We have also begun the process of identifying any organizational charts relevant to CRTs and CRT Products, and I will forward to you any such chart after review.

I will be out of the office until October 8.  Please reach out to my colleague Nick Hesterberg in my absence if you have any questions.


Regards,
Eric

SEARCH TERMS:

| |
|---|
| LCD* |
| TFT |
| CSTN |
| MSTN |
| monitor panel*~5 |
| tv panel*~5 |
| television panel*~5 |
| gps panel*~5 |
| laptop panel*~5 |
| dvd panel*~5 |
| display panel*~5 |
| notebook panel*~5 |
| screen panel*~5 |
| mother glass~4 |
| cut glass~4 |
| fab* glass~4 |
| factory glass~4 |
| manufact* glass~4 |
| produc* glass~4 |
| price* fix*~3 |
| price* inflat*~3 |
| price* rais*~3 |
| price* low*~3 |
| price* depress*~3 |
| price* adjust*~3 |
| price* negotiate*~3 |
| price* amend*~3 |
| pricing* fix*~3 |
| pricing* inflat*~3 |

| |
|---|
| pricing* rais*~3 |
| pricing* low*~3 |
| pricing* depress*~3 |
| pricing* adjust*~3 |
| pricing* negotiate*~3 |
| pricing* amend*~3 |
| AUO |
| "chi Mei" |
| CMO |
| chunghwa |
| Epson |
| Hannstar |
| Hannspree |
| Hitachi |
| Philips |
| LG* |
| Samsung |
| Sharp |
| Toshiba |
| collud* |
| collus* |
| conspir* |
| Nexgen |
| Tatung |
| Hydis |
| IPS Alpha~3 |
| Mitsubishi |
| "NEC" |
| Seiko |
| cartel |
| keep* w/5 "supply down" |
| hold* w/5 "supply down" |
| "driv* prices up" |

**Eric J. Weiss** | Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.3456
FAX: 206.359.4456
E-MAIL: EWeiss@perkinscoie.com

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Wednesday, September 26, 2012 8:37 AM
**To:** Weiss, Eric J. (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Cc:** kfeder@OMM.com; DRoberts2@OMM.com; charles.malaise@bakerbotts.com
**Subject:** In re CRT: Summary of 9/21 M&C re Costco Discovery Requests

Eric and Nick,

Please find the attached letter memorializing our conversation from the 21st.  I will be in touch later this week regarding some of the open items listed in this letter.  However, please do not hesitate to give me a call or shoot me an email if you'd like to discuss any of the issues.

Regards,
David

**David T. Emanuelson**
Senior Associate | Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
202.639.7843 (direct)
202.585.1018 (facsimile)
david.emanuelson@bakerbotts.com

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

## Weiss, Eric J.  (Perkins Coie)

| | |
|---|---|
| **From:** | david.emanuelson@bakerbotts.com |
| **Sent:** | Thursday, October 18, 2012 2:03 PM |
| **To:** | Weiss, Eric J.  (Perkins Coie) |
| **Cc:** | kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon  (Perkins Coie); Hesterberg, Nicholas H. (Nick)  (Perkins Coie) |
| **Subject:** | Draft 30(b)(6) Notice |
| **Attachments:** | Costco 30(b)(6) Topics List.doc |

Eric,

As discussed yesterday on our call, please find attached the draft topics list for the 30(b)(6) notice we intend to serve on Costco in this case. As I mentioned on the call, time is of the essence in taking this deposition due to our December 10 filing date for opposing the indirect purchaser class cert. motion, and therefore we request that Costco make a witness available during the week of November 12 (any day except November 15).  Please let me know by Tuesday, October 23 whether Costco is willing to put forth a witness during that time frame.

Regards,
David

**David T. Emanuelson**
Senior Associate | Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
202.639.7843 (direct)
202.585.1018 (facsimile)
david.emanuelson@bakerbotts.com

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

**DRAFT**
**Subject to Protective Order**

# EXHIBIT A

# DEFINITIONS

1.      "Any" shall be construed to mean "any and all."

2.      "CRT" or "CRTs" means any (a) color picture tubes ("CPTs"), which are cathode ray tubes used primarily in color televisions; and (b) color display tubes ("CDTs"), which are used primarily in color computer monitors.

3.      "CRT Finished Product" means televisions containing CPTs and/or computer monitors containing CDTs.

4.      "CRT Product" means any CRT or CRT Finished Product.

5.      "Defendant" or "Defendants" means any of the entities currently or formerly named as defendants in this litigation and, without limitation, all of their past and present parents, subsidiaries, affiliates, joint ventures, officers, directors, employees, agents, attorneys, or representatives (and the parents', subsidiaries', affiliates', or joint ventures' past and present officers, directors, employees, agents, attorneys, or representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

6.      "Document" or "documents" has the broadest possible meaning pursuant to the Federal Rules of Civil Procedure including, but not limited to, all writings and other tangible things upon which any form of communication is recorded or reproduced, and preliminary drafts and non-identical copies of the above (whether such copies differ from the original by reason of notation made on such copies or otherwise). Without limiting the generality of the foregoing, the term "document" or "documents" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings or of other communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonograph

recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, including email, and all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, but not limited to, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes, and any preliminary versions, drafts or revisions of any of the foregoing. "Document" or "documents" also includes each and every file folder or other material in which the above items are stored, filed or maintained.

7.      "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all the information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

8.      "Relating to," "referring to," "regarding" or "with respect to" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, and pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

9.      "Relevant Period" means March 1, 1995 to November 25, 2007.

10.     "You," "Your," or Your Company" mean the responding plaintiff Costco Wholesale Corporation, together with all present and former directors, officers, employees, or agents of the entities listed in this Definition.

**DRAFT**
**Subject to Protective Order**

## SCHEDULE OF TOPICS

Witnesses with knowledge of the following matters during the Relevant Period (unless a time period is specified otherwise):

1.     Your policies and practices for setting the price at which You sold CRT Finished Products to Your customers, including consideration or use of the following: (a) formulas; (b) factors such as cost, supply, demand, competitor pricing, market forecasts, and product specifications; (c) price guidelines or price lists; (d) negotiations or negotiated prices; and (e) alternative distribution channels.

2.     Your use of discounts, promotions, rebates or loyalty programs in connection with the sale of CRT Finished Products to Your customers, including how You recorded such discounts or rebates, and the identity and location of Documents or data recording such discounts or rebates.

3.     Your knowledge and understanding of any relationship between the prices at which You purchase CRT Finished Products and the prices at which You sell CRT Finished Products, including, but not limited to, the effects that changes in the prices that You pay to purchase CRT Finished Products have on costs, revenues and profits from Your sales of CRT Finished Products.

4.     Your standards and practices with regard to tracking the purchases and sales of CRT Finished Products for determining the profitability of sales, and for financial reporting purposes.

## Weiss, Eric J.  (Perkins Coie)

| | |
|---|---|
| **From:** | david.emanuelson@bakerbotts.com |
| **Sent:** | Friday, October 26, 2012 10:53 AM |
| **To:** | Weiss, Eric J.  (Perkins Coie) |
| **Cc:** | kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon  (Perkins Coie); Hesterberg, Nicholas H. (Nick)  (Perkins Coie) |
| **Subject:** | RE: Draft 30(b)(6) Notice |

Thank you, Eric.  So noted.

Are you free for a call on Monday to discuss moving forward on your document production? Also, I would appreciate an update on where you were in getting responses to our data questions.

Have a great weekend,
David

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Thursday, October 25, 2012 6:03 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

David, four hours is acceptable, but I note that you said the deposition should take no more than three hours when we originally spoke on the phone.

I'll get back to you shortly with a specific date.

Regards,
Eric

---

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Wednesday, October 24, 2012 7:21 AM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

Thank you for getting back to me, Eric.  As I mentioned over the phone, my intention is to take a targeted deposition on the topics in the notice.  However, agreeing to three hours in advance is a bit constraining, given that I'm allowed seven under the federal rules.  I am willing, however, to agree to a four-hour limitation.  Please let me know whether this is acceptable.

Thanks,
David

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Tuesday, October 23, 2012 8:29 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas

1

H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

David,

Costco will agree to a three-hour 30(b)(6) deposition next month on the topics you outlined in your email and as we previously discussed on the telephone.  We are coordinating the schedule with our witness and will let you know as soon as we have a date lined up.


-Eric

**Eric J. Weiss  |  Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
PHONE: 206.359.3456
FAX: 206.359.4456
E-MAIL: EWeiss@perkinscoie.com

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Thursday, October 18, 2012 2:03 PM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** Draft 30(b)(6) Notice

Eric,

As discussed yesterday on our call, please find attached the draft topics list for the 30(b)(6) notice we intend to serve on Costco in this case. As I mentioned on the call, time is of the essence in taking this deposition due to our December 10 filing date for opposing the indirect purchaser class cert. motion, and therefore we request that Costco make a witness available during the week of November 12 (any day except November 15).  Please let me know by Tuesday, October 23 whether Costco is willing to put forth a witness during that time frame.

Regards,
David

**David T. Emanuelson**
Senior Associate | Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
202.639.7843 (direct)
202.585.1018 (facsimile)
david.emanuelson@bakerbotts.com


**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

**Weiss, Eric J.  (Perkins Coie)**

| | |
|---|---|
| **From:** | david.emanuelson@bakerbotts.com |
| **Sent:** | Monday, October 29, 2012 11:50 AM |
| **To:** | Weiss, Eric J.  (Perkins Coie) |
| **Cc:** | kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon  (Perkins Coie); Hesterberg, Nicholas H. (Nick)  (Perkins Coie) |
| **Subject:** | RE: Draft 30(b)(6) Notice |

Thank you, Eric.  That time and location will work for us.

3:30 for a call tomorrow also works.  I'll send around dial-in.

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Monday, October 29, 2012 2:44 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

David,

We would like to schedule the 30(b)(6) deposition for Friday, November 16, at 10:00 a.m. at the Perkins Coie office in Seattle.  Will that work for you?

On document production and transactional data, can we schedule a call for tomorrow.  Today is a bit booked for me, but I'm open until 3:30 tomorrow.

Thanks.


-Eric

Eric J. Weiss ¦ **Perkins Coie** LLP
PHONE: 206.359.3456

---

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Friday, October 26, 2012 10:53 AM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

Thank you, Eric.  So noted.

Are you free for a call on Monday to discuss moving forward on your document production? Also, I would appreciate an update on where you were in getting responses to our data questions.

Have a great weekend,
David

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Thursday, October 25, 2012 6:03 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

David, four hours is acceptable, but I note that you said the deposition should take no more than three hours when we originally spoke on the phone.

I'll get back to you shortly with a specific date.

Regards,
Eric

---

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Wednesday, October 24, 2012 7:21 AM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

Thank you for getting back to me, Eric.  As I mentioned over the phone, my intention is to take a targeted deposition on the topics in the notice.  However, agreeing to three hours in advance is a bit constraining, given that I'm allowed seven under the federal rules.  I am willing, however, to agree to a four-hour limitation.  Please let me know whether this is acceptable.

Thanks,
David

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Tuesday, October 23, 2012 8:29 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

David,

Costco will agree to a three-hour 30(b)(6) deposition next month on the topics you outlined in your email and as we previously discussed on the telephone.  We are coordinating the schedule with our witness and will let you know as soon as we have a date lined up.

-Eric

**Eric J. Weiss | Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
PHONE: 206.359.3456
FAX: 206.359.4456
E-MAIL: EWeiss@perkinscoie.com

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Thursday, October 18, 2012 2:03 PM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** Draft 30(b)(6) Notice

Eric,

As discussed yesterday on our call, please find attached the draft topics list for the 30(b)(6) notice we intend to serve on Costco in this case. As I mentioned on the call, time is of the essence in taking this deposition due to our December 10 filing date for opposing the indirect purchaser class cert. motion, and therefore we request that Costco make a witness available during the week of November 12 (any day except November 15). Please let me know by Tuesday, October 23 whether Costco is willing to put forth a witness during that time frame.

Regards,
David

**David T. Emanuelson**
Senior Associate | Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
202.639.7843 (direct)
202.585.1018 (facsimile)
david.emanuelson@bakerbotts.com

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

**Weiss, Eric J.  (Perkins Coie)**

| | |
|---|---|
| **From:** | david.emanuelson@bakerbotts.com |
| **Sent:** | Tuesday, October 30, 2012 7:06 PM |
| **To:** | Weiss, Eric J.  (Perkins Coie) |
| **Cc:** | kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon  (Perkins Coie); Hesterberg, Nicholas H. (Nick)  (Perkins Coie) |
| **Subject:** | RE: Draft 30(b)(6) Notice |

Many thanks, Eric.

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Tuesday, October 30, 2012 8:48 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

David,

As I indicated on today's telephone call, please find attached responses to the questions you raised regarding the previously produced transactional data.

Please let me know if you have additional questions.


-Eric

**Eric J. Weiss    Perkins Coie** LLP
PHONE: 206.359.3456

---

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Friday, October 26, 2012 10:53 AM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

Thank you, Eric.  So noted.

Are you free for a call on Monday to discuss moving forward on your document production? Also, I would appreciate an update on where you were in getting responses to our data questions.

Have a great weekend,
David

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Thursday, October 25, 2012 6:03 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas

1

H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

David, four hours is acceptable, but I note that you said the deposition should take no more than three hours when we originally spoke on the phone.

I'll get back to you shortly with a specific date.

Regards,
Eric

---

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Wednesday, October 24, 2012 7:21 AM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

Thank you for getting back to me, Eric.  As I mentioned over the phone, my intention is to take a targeted deposition on the topics in the notice.  However, agreeing to three hours in advance is a bit constraining, given that I'm allowed seven under the federal rules.  I am willing, however, to agree to a four-hour limitation.  Please let me know whether this is acceptable.

Thanks,
David

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Tuesday, October 23, 2012 8:29 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

David,

Costco will agree to a three-hour 30(b)(6) deposition next month on the topics you outlined in your email and as we previously discussed on the telephone.  We are coordinating the schedule with our witness and will let you know as soon as we have a date lined up.


-Eric

**Eric J. Weiss  |  Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
PHONE: 206.359.3456
FAX: 206.359.4456
E-MAIL: EWeiss@perkinscoie.com

---

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Thursday, October 18, 2012 2:03 PM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** Draft 30(b)(6) Notice

Eric,

As discussed yesterday on our call, please find attached the draft topics list for the 30(b)(6) notice we intend to serve on Costco in this case. As I mentioned on the call, time is of the essense in taking this deposition due to our December 10 filing date for opposing the indirect purchaser class cert. motion, and therefore we request that Costco make a witness available during the week of November 12 (any day except November 15).  Please let me know by Tuesday, October 23 whether Costco is willing to put forth a witness during that time frame.

Regards,
David

**David T. Emanuelson**
Senior Associate | Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
202.639.7843 (direct)
202.585.1018 (facsimile)
david.emanuelson@bakerbotts.com

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

**Weiss, Eric J.  (Perkins Coie)**

| | |
|---|---|
| **From:** | david.emanuelson@bakerbotts.com |
| **Sent:** | Wednesday, October 31, 2012 8:32 AM |
| **To:** | Weiss, Eric J. (Perkins Coie) |
| **Cc:** | kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon  (Perkins Coie); Hesterberg, Nicholas H. (Nick)  (Perkins Coie) |
| **Subject:** | RE: Draft 30(b)(6) Notice |
| **Attachments:** | 10.31.12 Emanuelson Letter to Costco re Meet-Confer.pdf; Proposed Search Terms (Revised).doc; Defendants Proposed Search Terms (revised).xls |

Eric, please find attached letter summarizing our meet and confer yesterday, as well as revised search terms that I referenced in the call and our letter.  As noted in the letter, I am sending two files: (a) an excel file that shows the changes we made since the prior version; and (b) a word file showing how the search would be practically run.  I suggest we work off the word file going forward.

Many thanks,
Dave

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Tuesday, October 30, 2012 8:48 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

David,

As I indicated on today's telephone call, please find attached responses to the questions you raised regarding the previously produced transactional data.

Please let me know if you have additional questions.


-Eric

Eric J. Weiss  |  Perkins Coie LLP
PHONE: 206.359.3456

---

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Friday, October 26, 2012 10:53 AM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

Thank you, Eric.  So noted.

Are you free for a call on Monday to discuss moving forward on your document production? Also, I would appreciate an update on where you were in getting responses to our data questions.

Have a great weekend,
David

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Thursday, October 25, 2012 6:03 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

David, four hours is acceptable, but I note that you said the deposition should take no more than three hours when we originally spoke on the phone.

I'll get back to you shortly with a specific date.

Regards,
Eric

---

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Wednesday, October 24, 2012 7:21 AM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

Thank you for getting back to me, Eric.  As I mentioned over the phone, my intention is to take a targeted deposition on the topics in the notice.  However, agreeing to three hours in advance is a bit constraining, given that I'm allowed seven under the federal rules.  I am willing, however, to agree to a four-hour limitation.  Please let me know whether this is acceptable.

Thanks,
David

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Tuesday, October 23, 2012 8:29 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

David,

Costco will agree to a three-hour 30(b)(6) deposition next month on the topics you outlined in your email and as we previously discussed on the telephone.  We are coordinating the schedule with our witness and will let you know as soon as we have a date lined up.

-Eric

**Eric J. Weiss  |  Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
PHONE: 206.359.3456
FAX: 206.359.4456
E-MAIL: EWeiss@perkinscoie.com

2

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Thursday, October 18, 2012 2:03 PM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** Draft 30(b)(6) Notice

Eric,

As discussed yesterday on our call, please find attached the draft topics list for the 30(b)(6) notice we intend to serve on Costco in this case. As I mentioned on the call, time is of the essense in taking this deposition due to our December 10 filing date for opposing the indirect purchaser class cert. motion, and therefore we request that Costco make a witness available during the week of November 12 (any day except November 15).  Please let me know by Tuesday, October 23 whether Costco is willing to put forth a witness during that time frame.

Regards,
David

**David T. Emanuelson**
Senior Associate | Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
202.639.7843 (direct)
202.585.1018 (facsimile)
david.emanuelson@bakerbotts.com

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# BAKER BOTTS LLP

| | |
|---|---|
| THE WARNER | ABU DHABI   HOUSTON |
| 1299 PENNSYLVANIA AVE., NW | AUSTIN   LONDON |
| WASHINGTON, D.C. | BEIJING   MOSCOW |
| 20004-2400 | BRUSSELS   NEW YORK |
| | DALLAS   PALO ALTO |
| TEL  +1 202.639.7700 | DUBAI   RIYADH |
| FAX  +1 202.639.7890 | HONG KONG   **WASHINGTON** |
| BakerBotts.com | |

October 31, 2012

BY ELECTRONIC MAIL

David Emanuelson
TEL  +1 202.639.7843
FAX  +1 202.585.1018
david.emanuelson@bakerbotts.com

Eric Weiss
PERKINS COIE LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

**Re:   In re Cathode Ray Tube (CRT) Antitrust Litigation - MDL No. 1917**

Dear Eric:

I am writing memorialize our telephonic meet and confer held on October 31, 2012 regarding the responses of Costco Wholesale Corporation ("Costco") to Philips Electronics North America Corporation and Toshiba America Electronic Components, Inc.'s ("Defendants') First Set of Requests for Production.  This letter confirms the issues discussed during our call and the agreed upon next steps for both sides.

**(1)   Transactional Data**

I asked for an update regarding your progress in responding to our outstanding questions regarding Costco's transactional data production, and you indicated you would provide answers in written form later in the day (which you did, in fact, provide).  As discussed, we will forward these questions to our economists, and get back to you if we have any follow on questions.

You also indicated that you were preparing a supplemental transactional data production for televisions and monitors from the 1995-1996 time period, as well as data production for rear-projection televisions.  I will follow-up with you on the statuts of these productions later this week.  But please let me know if you are planning any other transactional data productions beyond this supplemental set.

**(2)   Custodians**

Given our interests in receiving documents as soon as possible, I proposed a framework whereby we would agree to receive documents from the custodians identified in your Interrogatory responses.[1]  However, we would retain the right to seek additional custodians upon a showing of good cause.  You indicated general agreement to this proposal, though you emphasized the need for a good cause showing.

---

[1] *See, e.g.,* Costco's Response to Defendants' Interragotries Nos 6-7.

**BAKER BOTTS** LLP

Nick Hesterberg
Eric Weiss                                  - 2 -                          October 31, 2012

I also inquired about the inclusion of Claudine Adamo on your custodian list, as she was the only Regional GMM indicated by your organiziation chart that was identified as a custodian. You replied that Ms. Adamo was included as a custodian based on her prior position as a former Buyer for computers in the Consumer Electronics department (which Chris Day now holds), not the position indicated in the org chart. You further represented that Regional GMMs would be unlikely to have responsive documents because they were not involved in purchasing.

Finally, you confirmed that the organizational chart does not include employees responsible for Costco.com, and that Richard Gerhard and Liz Elsner were the two relevant custodians representing that Costco division.

**(3)      Search Terms**

Regarding search terms, you indicated that you have been unable to respond to our proposal because you have determined that your original document collection from the LCD litigation is substantially under-inclusive and, thus, will likely not be useful for our purposes. I inquired whether Costco might be able to begin producing from the LCD set on a rolling basis, and supplement with any additional documents collected.[2]  You responded that you are looking into the matter, but the greater likelihood is that you will be need to "start fresh" with a new document collection from the relevant custodians.

I also suggested that, while your document collection efforts are ongoing, we continue to move forward on negotiations for a search terms. Again, in the interest of expediency, I stated that we would you send you a revised list of search terms that have been substantially culled down from our initial list, particularly in the "Sales and Competition" category. That list is now attached.[3]  I asked whether you would be able to respond to our revised proposal later in the week, but you responded that you would like to test the search terms and, thus, your response is contingent on your diagnostics and document collection efforts. I again emphasized our desire to move forward, and requested you provide a status update on your diagnostics and document collection by the end of the week.

**(4)      Financial Statements**

Finally, I raise the issue of our prior request (from our September 21 call) to receive the financial statements requested in RFP 23 on a "corporate," i.e., non-custodial, basis. I asked whether Costco may have produced such statements in the LCD case, as they would likely be applicable here. You replied that you would get back to me on that question.

---

[2] The idea being that any additional document collections could be "de-duped" from the original set within your document review database, such that you would eliminate concerns of reviewing the same document twice.
[3] We are providing two documents. First, a modified version of the Excel file we initially provided, with yellow highlights and strikethroughs to indicate where we have made changes. Second, a Word file containing the revised set of terms. We suggest, going forward, that you work off the Word file to propose revisions, if any.

**BAKER BOTTS** LLP

Nick Hesterberg
Eric Weiss                              - 3 -                              October 31, 2012


    We appreciate Costco's cooperation and look forward to productive consultations to resolve any outstanding issues and the beginning of your document production.   If you have any questions or disagreements regarding the content of the letter, please do not hesitate to contact me at your convenience.

                Regards,


                /s/ David T. Emanuelson
                David T. Emanuelson


cc:    Dave Roberts
       Charles Malaise

| Products | Entities |
|---|---|
| (C.R.T.) OR (CRT) | (Chunghwa) OR (CPT) |
| (C.D.T.) OR (CDT) | (Daewoo) OR (Orion) OR (DOSA) OR (OEC) |
| (C.P.T.) OR (CPT) | (Hitachi) OR (HED) OR (HEDUS) |
| (tube) | (Irico) OR (IGC) OR (IDDC) OR (IGE) |
| (mnn) OR (minineck) | (LG*) |
| (microfilter) | ~~(LG.Philips)~~ OR (LP Displays) OR (LPD) or ~~(LGP)~~ |
| (C.T.V.) OR (CTV) | (Panasonic) OR (Matsushita) OR (MEI) OR (PCNA) OR (PACEC) OR (PAVC!) OR (PNA) |
| (electron gun) | (Philips) OR (PENAC) OR (KPE) OR (Koninklijke /2 Philips) |
| (D.Y.) OR (DY) OR (deflection yoke) | (Samsung) OR (SEC) OR (SEAI) OR (SEA) OR (SDI) OR (SDD) |
| (monitor) | (Samtel) |
| (computer) | (Tatung) |
| (television) OR (TV) | (Thai-CRT) OR (Thai CRT) OR (T-CRT) |
| (combo) | (MTPD*) OR ~~(Matsushita Toshiba)~~ OR (MT Picture Display) |
| (I.T.C.) OR (ITC) | ~~(Beijing-Matsushita)~~ OR (BMCC) OR (Beijing /2 Matsushita) |
| (RF) OR (R.F.) OR (real flat) | (Toshiba) or (TSB) or (TAEC) or (TACP) or (TAI) or (TAIS) or (TEDI) |
| (CV) OR (C.V.) OR (conventional) OR (round) | (Mitsubishi) |
| (WCV) OR (W.C.V.) | (Thomson) |
| (WRF) OR (W.R.F.) | (AUO) |
| (desktop) | (Chi Mei) |
| (laptop) | (CMO) |
| (notebook) | (Epson) |
| (TF) OR (T.F.) OR (true flat) | (Hannstar) |
| (LCD) | (Hannspree) |
| (TFT) | (Sharp) |

| (panel*) | (Nexgen) |
| (flat /2 screen) | (Hydis) |
| (plasma) | (IPS /3 Alpha) |
| (project‡ion) | (NEC) |
| (mother OR cut OR fab* OR factory OR manufactur*) /4 glass) | (OEM) |
| | (original design manufactuer) or (ODM) |
| | (system integrator) |
| | (Seiko) |

| Sales and Competition | Competitor Communications - Trade Associations |
|---|---|
| (back to school) | (anti-trust) OR (antitrust) OR (anti-compet*) OR (anticompet*) |
| (bid) OR (RFQ) | (cartel) |
| ~~(broker*)~~ | (collu* or conspir*) |
| (business plan) | (conceal* or hide) |
| ~~(budget*)~~ | ~~(conference*)~~ |
| ~~(cancel* or terminat* or postpon* or defer) /5 (sale OR transaction OR purchase)~~ | (Glass meeting) OR (GSM) |
| ~~(capacit*)~~ | (Illegal) |
| ~~(compet*)~~ | (industry /5 meeting) |
| ~~(complet* /5 (purchase OR sale)~~ | (management meeting) |
| (contract OR agreement*) | (shar* /3 information) |
| ~~(coop* OR co-op*)~~ | (top meeting) |
| ~~(cost*)~~ | ~~(trade association) OR (trade organization)~~ or (consumer electronics association) or (CEA) or (consumer electronics show) or (CES) or (ICES) |
| ~~(credit)~~ | |
| ~~(coupon*)~~ | |
| ~~(demand)~~ | |
| (discount*) | |
| ~~(distributor*)~~ | |
| ~~(dividend)~~ | |
| ~~(duty) OR (duties)~~ | |
| ~~(empty /5 shel*)~~ | |
| ~~(forecast*)~~ | |
| (holiday) | |
| (inventory /3 manage*) | |
| ~~(margin)~~ | |

| |
|---|
| (market*) |
| (negotiat*) |
| (overcharge) |
| (over OR under) /5 (stock) |
| (pass OR sell) /2 (through) |
| (polic*) |
| (pric*) |
| (profit*) |
| ((purchase /2 order) OR P.O OR PO) |
| (rebate*) |
| (reduction) |
| (report*) |
| (revise or alter or change or modif*) /5 (term of quantity or charge or fee) |
| (roadmap or road map) |
| (sale* /2 polic*) |
| (secret*) |
| (spring) |
| (tariff*) |
| (tax*) |
| (term* /2 condition!) |
| (term* /2 sale) |
| (freight) |
| (dividend*) |
| (value equation) or (ve) |
| (version) |
| (volume /5 (sale* OR sell*)) |

"black Friday"

**Weiss, Eric J.  (Perkins Coie)**

| | |
|---|---|
| **From:** | david.emanuelson@bakerbotts.com |
| **Sent:** | Wednesday, October 31, 2012 8:32 AM |
| **To:** | Weiss, Eric J.  (Perkins Coie) |
| **Cc:** | kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon  (Perkins Coie); Hesterberg, Nicholas H. (Nick)  (Perkins Coie) |
| **Subject:** | RE: Draft 30(b)(6) Notice |
| **Attachments:** | 10.31.12 Emanuelson Letter to Costco re Meet-Confer.pdf; Proposed Search Terms (Revised).doc; Defendants Proposed Search Terms (revised).xls |

Eric, please find attached letter summarizing our meet and confer yesterday, as well as revised search terms that I referenced in the call and our letter.  As noted in the letter, I am sending two files: (a) an excel file that shows the changes we made since the prior version; and (b) a word file showing how the search would be practically run.  I suggest we work off the word file going forward.

Many thanks,
Dave

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Tuesday, October 30, 2012 8:48 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

David,

As I indicated on today's telephone call, please find attached responses to the questions you raised regarding the previously produced transactional data.

Please let me know if you have additional questions.


-Eric

Eric J. Weiss ǀ **Perkins Coie** LLP
PHONE: 206.359.3456

---

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Friday, October 26, 2012 10:53 AM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

Thank you, Eric.  So noted.

Are you free for a call on Monday to discuss moving forward on your document production? Also, I would appreciate an update on where you were in getting responses to our data questions.

Have a great weekend,
David

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Thursday, October 25, 2012 6:03 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

David, four hours is acceptable, but I note that you said the deposition should take no more than three hours when we originally spoke on the phone.

I'll get back to you shortly with a specific date.

Regards,
Eric

---

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Wednesday, October 24, 2012 7:21 AM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

Thank you for getting back to me, Eric.  As I mentioned over the phone, my intention is to take a targeted deposition on the topics in the notice.  However, agreeing to three hours in advance is a bit constraining, given that I'm allowed seven under the federal rules.  I am willing, however, to agree to a four-hour limitation.  Please let me know whether this is acceptable.

Thanks,
David

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Tuesday, October 23, 2012 8:29 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

David,

Costco will agree to a three-hour 30(b)(6) deposition next month on the topics you outlined in your email and as we previously discussed on the telephone.  We are coordinating the schedule with our witness and will let you know as soon as we have a date lined up.

-Eric

**Eric J. Weiss  |  Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
PHONE: 206.359.3456
FAX: 206.359.4456
E-MAIL: EWeiss@perkinscoie.com

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Thursday, October 18, 2012 2:03 PM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** Draft 30(b)(6) Notice

Eric,

As discussed yesterday on our call, please find attached the draft topics list for the 30(b)(6) notice we intend to serve on Costco in this case. As I mentioned on the call, time is of the essence in taking this deposition due to our December 10 filing date for opposing the indirect purchaser class cert. motion, and therefore we request that Costco make a witness available during the week of November 12 (any day except November 15).  Please let me know by Tuesday, October 23 whether Costco is willing to put forth a witness during that time frame.

Regards,
David

**David T. Emanuelson**
Senior Associate | Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
202.639.7843 (direct)
202.585.1018 (facsimile)
david.emanuelson@bakerbotts.com

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

**Weiss, Eric J.  (Perkins Coie)**

| | |
|---|---|
| **From:** | david.emanuelson@bakerbotts.com |
| **Sent:** | Thursday, November 08, 2012 8:45 AM |
| **To:** | Weiss, Eric J.  (Perkins Coie) |
| **Cc:** | Moore, Cori Gordon  (Perkins Coie); Hesterberg, Nicholas H. (Nick)  (Perkins Coie); charles.malaise@bakerbotts.com; DRoberts2@omm.com |
| **Subject:** | RE: Draft 30(b)(6) Notice |
| **Attachments:** | Document.pdf |

Thank you for your response, Eric.  I appreciate you keeping the lines of communication open.

I would also appreciate your continuing update on your collection process, as that appears to be our biggest bottleneck.  As you know, these document subpoenas went out nearly three months ago.  While I appreciate the complexities you encountered in determining whether the previously collected LCD documents may be useful, this is quite a substantial period for you not to have documents collected yet, particularly given the tight discovery deadlines we have in this case.

I also an agreement that, until you get the documents collected, it does not make sense to negotiate over search terms.  However, I would note as preliminary matter that I am adverse to running terms in combination with each other, except on a targeted basis.  While other defendants may have reach those agreements, I consider them unorthodox.  To take the simplest example, we need every document that contains a hit on CRT/CDT/CPT, television/TV, and monitor.  To run those terms in combination with anything else runs too high a risk of filtering out responsive material.  I understand that there will be false positives in any use of search terms--and I agree that testing and sampling is the way to go to find the best set---but the point of running search terms is to cull out a set of documents that you have confidence are unlikely to be responsive, not to create a set of documents that you know are responsive.

Finally, I am attaching the 30(b)(6) notice for next week's deposition.  Per our agreement, there have been no changes to Exhibit A.

Regards,
Dave

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Wednesday, November 07, 2012 6:49 PM
**To:** Emanuelson, David
**Cc:** Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

David, happy post–Election Day, a day that had me otherwise preoccupied.

We continue to make progress on document collection but don't have concrete numbers or dates to give you.  But we'll certainly keep these lines of communication open and flowing.

As to the proposed search terms, we appreciate the more limited list that you proposed but are least comfortable with the third and fourth sets of terms (beginning with "back to school" and "cartel") that are in no way connected to any other possibly relevant terms.  For example, terms such as "contract" or "agreement*" or "negotiate*," without any limitations, will certainly produce copious amounts of nonresponsive, irrelevant documents and otherwise result in a burdensome production and review.  So too will unlinked terms related to particular entities, which often sold products

1

to Costco unrelated to CRTs.  We understand that at least one other defendant, with a similar list of terms as you have provided, proposed that the various lists be linked:  The terms in your proposed first group (beginning with "C.R.T.") would be linked to the terms in your proposed second group (beginning with "Chunghwa"), and the terms in your proposed first group (beginning with "C.R.T.") would be linked to the terms in your proposed third group (beginning with "back to school").  We think at the very least your proposed terms should likewise be linked.  We also think your proposed fourth set of terms (beginning with "cartel") should be linked to your proposed first group (beginning with "C.R.T.").  If you can first agree to that linking, we'd be happy to further discuss particular terms.

Moreover, as it becomes more likely that we will have to proceed with new document collections from the Costco custodians, it seems premature to wholly lock down these search terms now.  Once we have a new collection of applicable CRT documents, we will be able to run test terms against those documents to see what outliers, if any, result.  It's possible that some of the terms over which we otherwise might spend time negotiating will produce no or only a limited number of documents.  Waiting until the new collection is complete should not materially, if at all, delay production of documents, because that production will not happen until the new collection is made in any event.

As to the supplemental transactional data that we previously discussed, we have collected additional data and are finalizing it to produce by the end of the week.

Let me know if you have any questions.


-Eric

**Eric J. Weiss** | **Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
PHONE: 206.359.3456
FAX: 206.359.4456
E-MAIL: EWeiss@perkinscoie.com

---

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Tuesday, November 06, 2012 11:44 AM
**To:** Weiss, Eric J. (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

Happy election day, Eric.  Just checking in to see whether there's been any movement in your document collection efforts or responding to our proposed search terms.

Thanks,
Dave

---

**From:** Emanuelson, David
**Sent:** Wednesday, October 31, 2012 11:32 AM
**To:** 'Weiss, Eric J. (Perkins Coie)'
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

Eric, please find attached letter summarizing our meet and confer yesterday, as well as revised search terms that I referenced in the call and our letter.  As noted in the letter, I am sending two files: (a) an excel file that shows the changes we made since the prior version; and (b) a word file showing how the search would be practically run.  I suggest we work off the word file going forward.

Many thanks,
Dave

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Tuesday, October 30, 2012 8:48 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

David,

As I indicated on today's telephone call, please find attached responses to the questions you raised regarding the previously produced transactional data.

Please let me know if you have additional questions.


-Eric


**Eric J. Weiss** | **Perkins Coie** LLP
PHONE: 206.359.3456

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Friday, October 26, 2012 10:53 AM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

Thank you, Eric.  So noted.

Are you free for a call on Monday to discuss moving forward on your document production? Also, I would appreciate an update on where you were in getting responses to our data questions.

Have a great weekend,
David

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Thursday, October 25, 2012 6:03 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

David, four hours is acceptable, but I note that you said the deposition should take no more than three hours when we originally spoke on the phone.

I'll get back to you shortly with a specific date.

Regards,
Eric

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Wednesday, October 24, 2012 7:21 AM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie);
Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

Thank you for getting back to me, Eric.  As I mentioned over the phone, my intention is to take a targeted deposition on
the topics in the notice.  However, agreeing to three hours in advance is a bit constraining, given that I'm allowed seven
under the federal rules.  I am willing, however, to agree to a four-hour limitation.  Please let me know whether this is
acceptable.

Thanks,
David

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Tuesday, October 23, 2012 8:29 PM
**To:** Emanuelson, David
**Cc:** kfeder@omm.com; DRoberts2@omm.com; Malaise, Charles; Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas
H. (Nick) (Perkins Coie)
**Subject:** RE: Draft 30(b)(6) Notice

David,

Costco will agree to a three-hour 30(b)(6) deposition next month on the topics you outlined in your email and as we
previously discussed on the telephone.  We are coordinating the schedule with our witness and will let you know as
soon as we have a date lined up.


-Eric

**Eric J. Weiss  |  Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
PHONE: 206.359.3456
FAX: 206.359.4456
E-MAIL: EWeiss@perkinscoie.com

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Thursday, October 18, 2012 2:03 PM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon (Perkins Coie);
Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** Draft 30(b)(6) Notice

Eric,

As discussed yesterday on our call, please find attached the draft topics list for the 30(b)(6) notice we intend to serve on
Costco in this case. As I mentioned on the call, time is of the essence in taking this deposition due to our December 10
filing date for opposing the indirect purchaser class cert. motion, and therefore we request that Costco make a witness
available during the week of November 12 (any day except November 15).  Please let me know by Tuesday, October
23 whether Costco is willing to put forth a witness during that time frame.


Regards,
David

4

**David T. Emanuelson**
Senior Associate | Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
202.639.7843 (direct)
202.585.1018 (facsimile)
david.emanuelson@bakerbotts.com

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

---

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

1    John M. Taladay (*pro hac vice*)
2    David T. Emanuelson (*pro hac vice*)
     BAKER BOTTS L.L.P.
3    1299 Pennsylvania Ave., N.W.
     Washington, DC 20004-2400
4    Telephone: (202) 639-7843
     Facsimile: (202) 639-1018
5    Email: john.taladay@bakerbotts.com
     Email: david.emanuelson@bakerbotts.com
6
7    *Attorneys for Defendant Philips Electronics North*
     *America Corporation*
8
9
10
11
12
13
14              **IN THE UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
15                   **SAN FRANCISCO DIVISION**
16   IN RE: CATHODE RAY TUBE (CRT)         Case No. 3:07-cv-05944 SC
     ANTITRUST LITIGATION
17                                         MDL No. 1917
18   This Document Relates To:            **PHILIPS ELECTRONICS NORTH**
                                          **AMERICA CORPORATION'S**
19   ALL ACTIONS                          **NOTICE OF DEPOSITION TO**
                                          **COSTCO WHOLESALE**
20                                        **CORPORATION**
21
22
23
24
25
26
27
28

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:**

2    **YOU ARE HEREBY NOTIFIED** that, pursuant to Federal Rule of Civil Procedure 30(b)(6),

3    Defendant Philips Electronics North America Corporation through their counsel and in

4    conjunction with all defendants, will take the deposition of a designated representation of Costco

5    Wholesale Corporation, commencing on November 16, 2012 at 9:00 a.m. at the offices Perkins

6    Coie LLP, 1201 Third Avenue, Suite 4800, Seattle, WA 98101-3099.  The topics of the

7    deposition are listed in Exhibit A.

8

9    **YOU ARE FURTHER NOTIFIED** that the deposition shall be recorded

10   stenographically by a certified shorthand reporter who is duly authorized to take and transcribe

11   said deposition, and a real-time transcription service such as LiveNote may also be available for

12   the use of counsel.  The deposition may also be recorded by videotape, and the defendants reserve

13   the right to use the videotape of the deposition at trial.

14

15

16   Dated: November 8, 2012

17                                          David T. Emanuelson_____
                                            David T. Emanuelson (*pro hac vice*)
18                                          BAKER BOTTS L.L.P.
                                            1299 Pennsylvania Ave., N.W.
19                                          Washington, DC 20004-2400
                                            Telephone: (202) 639-7843
20                                          Facsimile: (202) 639-1018
                                            Email: john.taladay@bakerbotts.com
21                                          Email: david.emanuelson@bakerbotts.com

22                                          *Attorneys for Defendant Philips*
                                            *Electronics North America Corporation*
23

24

25

26

27

28

**EXHIBIT A**

**DEFINITIONS**

1.    "Any" shall be construed to mean "any and all."

2.    "CRT" or "CRTs" means any (a) color picture tubes ("CPTs"), which are cathode ray tubes used primarily in color televisions; and (b) color display tubes ("CDTs"), which are used primarily in color computer monitors.

3.    "CRT Finished Product" means televisions containing CPTs and/or computer monitors containing CDTs.

4.    "CRT Product" means any CRT or CRT Finished Product.

5.    "Defendant" or "Defendants" means any of the entities currently or formerly named as defendants in this litigation and, without limitation, all of their past and present parents, subsidiaries, affiliates, joint ventures, officers, directors, employees, agents, attorneys, or representatives (and the parents', subsidiaries', affiliates', or joint ventures' past and present officers, directors, employees, agents, attorneys, or representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

6.    "Document" or "documents" has the broadest possible meaning pursuant to the Federal Rules of Civil Procedure including, but not limited to, all writings and other tangible things upon which any form of communication is recorded or reproduced, and preliminary drafts and non-identical copies of the above (whether such copies differ from the original by reason of notation made on such copies or otherwise). Without limiting the generality of the foregoing, the term "document" or "documents" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings or of other communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by

2

electronic data processing or word processing equipment, including email, and all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, but not limited to, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes, and any preliminary versions, drafts or revisions of any of the foregoing. "Document" or "documents" also includes each and every file folder or other material in which the above items are stored, filed or maintained.

7.    "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all the information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

8.    "Relating to," "referring to," "regarding" or "with respect to" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, and pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

9.    "Relevant Period" means March 1, 1995 to November 25, 2007.

10.    "You," "Your," or Your Company" mean the responding plaintiff Costco Wholesale Corporation, together with all present and former directors, officers, employees, or agents of the entities listed in this Definition.

## SCHEDULE OF TOPICS

Witnesses with knowledge of the following matters during the Relevant Period (unless a time period is specified otherwise):

1.    Your policies and practices for setting the price at which You sold CRT Finished Products to Your customers, including consideration or use of the following: (a) formulas; (b) factors such as cost, supply, demand, competitor pricing, market forecasts, and product specifications; (c) price guidelines or price lists; (d) negotiations or negotiated prices; and (e) alternative distribution channels.

2.    Your use of discounts, promotions, rebates or loyalty programs in connection with the sale of CRT Finished Products to Your customers, including how You recorded such discounts or rebates, and the identity and location of Documents or data recording such discounts or rebates.

3.    Your knowledge and understanding of any relationship between the prices at which You purchase CRT Finished Products and the prices at which You sell CRT Finished Products, including, but not limited to, the effects that changes in the prices that You pay to purchase CRT Finished Products have on costs, revenues and profits from Your sales of CRT Finished Products.

4.    Your standards and practices with regard to tracking the purchases and sales of CRT Finished Products for determining the profitability of sales, and for financial reporting purposes.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2012, I electronically caused a copy of "Notice of Deposition to Costco Wholesale Corporation" to be served via e-mail upon EWeiss@perkinscoie.com, CGmoore@perkinscoie.com, and NHesterberg@perkinscoie.com, as well as counsel for parties who have entered an appearance in this case.

/s/ David T. Emanuelson
David T. Emanuelson

5

**Weiss, Eric J.  (Perkins Coie)**

| | |
|---|---|
| **From:** | *Perkins FTP |
| **Sent:** | Friday, November 09, 2012 5:30 PM |
| **To:** | *Costco CRT |
| **Subject:** | In re CRT Antitrust Litig. - Costco Supplemental Transactional Data |

*** You have a secure file transfer awaiting download. Details enclosed. ***

---

FROM:   PerkinsFTP@perkinscoie.com

TO:   david.emanuelson@bakerbotts.com; kfeder@omm.com; DRoberts2@omm.com;
      charles.malaise@bakerbotts.com; *Costco CRT (CostcoCRT@perkinscoie.com)

SUBJECT: In re CRT Antitrust Litig. - Costco Supplemental Transactional Data

**FILE TRANSFER WAITING:**
Click the secure link to download.
http://perkinscoie.leapfile.net/get.jsp?t=4028817e3ae77b24013ae7ebe8bd0ad5
(TRANSFER EXPIRES November 23, 2012 05:29 PM)

---

David,

As previously discussed, please find attached Costco's supplemental transactional data in the CRT antitrust matter. You will find the following data:

Request 1:

    CRT data (except CAT code AC) including receivings, sales, rebates, and coupons from **3/1/95 to 9/1/96**.

        There are no rebate records, and sales/coupon data is not available prior to 9/2/96.

        Files provided are receivings data for this time period, plus item descriptions and depot/warehouse location information.

Request 2:

    CRT data (except CAT code AC) including receivings, sales, rebates and coupons from **1/18/10 to 5/31/12**.

        Files provided include receivings, sales, rebates, and coupon data, as well as coupon descriptions, item descriptions, and depot/warehouse location information.

Request 3:

    CRT data for CAT code AC including sales, rebates, and coupons (receivings already provided) from **3/1/95 to 11/25/07**.

        No rebate information.  Coupon data not complete.  Sales data provided as available for this time period, as well as item description and depot/warehouse location information.

1

Request 4:

CRT data for CAT code AC including receivings, sales, rebates and coupons from **11/26/07 to 5/31/12**.

No receivings data for this time period.  No rebates or coupons.

Sales data as well as item descriptions and depot/warehouse location information provided for this time period.

Please let me know if you have any questions.

Regards,
Eric

**Eric J. Weiss** | **Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
PHONE: 206.359.3456
FAX: 206.359.4456
E-MAIL: EWeiss@perkinscoie.com

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

## Weiss, Eric J.  (Perkins Coie)

| | |
|---|---|
| **From:** | david.emanuelson@bakerbotts.com |
| **Sent:** | Tuesday, November 13, 2012 2:48 PM |
| **To:** | Weiss, Eric J.  (Perkins Coie); malioto@tatp.com |
| **Cc:** | Moore, Cori Gordon  (Perkins Coie); Hesterberg, Nicholas H. (Nick)  (Perkins Coie) |
| **Subject:** | RE: 30(b)(6) Deposition of Costco Witness |

Thank you for the information, Eric.  I see from subsequent emails that the scheduling issue will be heard in front of Judge Legge at 4pm PST.  Our position is the deposition should continue as scheduled on November 16th.

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Tuesday, November 13, 2012 4:47 PM
**To:** malioto@tatp.com; Emanuelson, David
**Cc:** Moore, Cori Gordon (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie)
**Subject:** 30(b)(6) Deposition of Costco Witness

Counsel,

I was informed yesterday evening by Mr. Alioto that counsel for the IPPs won't be available to attend this Friday's deposition of Costco's 30(b)(6) witness Geoff Shavey.  Although the scheduling conflict is one between the IPPs and the defendants, in an effort to accommodate the parties, we have reviewed Mr. Shavey's availability after this Friday.  Because of the Thanksgiving holiday—one of the largest and busiest shopping periods of the year—Mr. Shavey is traveling for business and is otherwise not available next week.  He will be on the East Coast the following week for a business trip that was rescheduled due to Hurricane Sandy.

After this Friday, Mr. Shavey is first available for the deposition on December 7.  Mr. Shavey is also available on December 11 and 14, with some limited availability in the morning of December 12 and 13.  We are willing to accommodate an agreement between the IPPs and defendants to reschedule the deposition, but the earliest available date to reschedule is December 7.

Unless we hear otherwise from the IPPs and the defendants, Mr. Shavey will be available this Friday for the scheduled deposition.

Regards,
Eric

Eric J. Weiss · Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
PHONE: 206.359.3456
FAX: 206.359.4456
E-MAIL: EWeiss@perkinscoie.com

---

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

\* \* \* \* \* \* \* \* \* \*

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

**Weiss, Eric J.  (Perkins Coie)**

| | |
|---|---|
| **From:** | david.emanuelson@bakerbotts.com |
| **Sent:** | Tuesday, November 20, 2012 7:33 AM |
| **To:** | Weiss, Eric J.  (Perkins Coie); malioto@tatp.com; bgralewski@kmllp.com; Paul.Moore@doj.ca.gov; charles.malaise@bakerbotts.com; DRoberts2@omm.com |
| **Subject:** | RE: Costco 30(b)(6) Deposition - Continued to December 7 |

Thank you for coordinating, Eric.  I will get a revised notice out shortly.  I believe only myself and Mr. Roberts will be attending for the Defendants, but I will confirm this as we get closer to the deposition.

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Monday, November 19, 2012 8:25 PM
**To:** malioto@tatp.com; Emanuelson, David; Bob Gralewski; Paul Moore; Malaise, Charles; DRoberts2@omm.com
**Subject:** Costco 30(b)(6) Deposition - Continued to December 7

In light of Judge Legge's continuance of the Costco 30(b)(6) deposition from November 16 to December 7, I wanted to begin a dialogue that could help streamline the deposition as much as possible, particularly as additional counsel plan to attend.  Specifically, and by way of introduction here, in addition to defense counsel and IPP counsel who plan to attend the deposition, Atty. Paul Moore from the California Attorney General's Office also plans to attend the deposition.

To accommodate all of the parties, Mr. Shavey will be available on December 7 from 9:00 a.m. until 5:00 p.m. in the Perkins Coie office in downtown Seattle (breaking for lunch and other brief periods).  We hope that counsel for Defendants, counsel for the IPPs, and counsel for the California Attorney General's Office can coordinate with one another (e.g., on order of questioning, timing, etc.) in an effort to keep the deposition as short as reasonably possible that day.  We do not want to disrupt Mr. Shavey's schedule any more than necessary during this busy holiday-shopping season and ask that all questioning on those topics finish on December 7.  Although I anticipate, given the limited deposition topics, that the deposition will not last until 5:00 p.m., please let me know if there is anything I can do on my end to help ensure that we keep the deposition to the single day.

To make sure additional parties are aware of the new deposition date, we would appreciate if Mr. Emanuelson would please circulate an updated deposition notice.

Also, if you could please send me a head count for attendance (to make sure we reserve an appropriate room), I would appreciate it.

Regards,
Eric


**Eric J. Weiss** | **Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
PHONE: 206.359.3456
FAX: 206.359.4456
E-MAIL: EWeiss@perkinscoie.com

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

**Weiss, Eric J.  (Perkins Coie)**

| | |
|---|---|
| **From:** | david.emanuelson@bakerbotts.com |
| **Sent:** | Monday, November 26, 2012 10:22 AM |
| **To:** | Weiss, Eric J.  (Perkins Coie) |
| **Cc:** | DRoberts2@omm.com |
| **Subject:** | In re CRT: Follow-Up Data Question and Document Collection Status Update |
| **Attachments:** | Missing Warehouse References.pdf |

Eric,

Hope you had a good Thanksgiving.  Our economists have a follow-up question regarding Costco's transactional data.  Attached you will find the Missing Warehouse References file that you sent me on October 17, in response to our list of questions regarding the Costco data.  We understand from that data that Costco uses a "region" field to group the locations of its warehouses (e.g., NW, LA, BA, MW, SE, SD, NE, TX), but that field is missing from the attached file.  That field is important for our economists' work with the Costco data.  Would you be able to send me a revised file containing this field?

Also, how is it going with the document collection? Just wanted to check in again to make sure that was moving forward.  Besides the general collection, another thing you were supposed to get back to me on was whether there was a readily available set of financial statements that Costco produced in the LCD cases that could be produced expeditiously here.  Have you been able to run down that question?

Thanks,
Dave


**David T. Emanuelson**
Senior Associate | Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
202.639.7843 (direct)
202.585.1018 (facsimile)
david.emanuelson@bakerbotts.com


**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

| whs5number | WHS Name | In Sales? | In Procurement? | In Warehouse? |
|---|---|---|---|---|
| | Costco Warehouse Appearance Comparison | | | |
| 3 | Spokane | Y | Y | N |
| 4 | Salt Lake City | Y | Y | N |
| 7 | Lynnwood Warehouse | N | Y | N |
| 11 | Honolulu | Y | Y | N |
| 14 | Clackamas Warehouse | Y | Y | N |
| 15 | Kennewick Warehouse | Y | Y | N |
| 16 | Boise | Y | Y | N |
| 22 | Victorville | Y | Y | N |
| 23 | Lancaster | Y | Y | N |
| 26 | Modesto | Y | Y | N |
| 27 | San Bernardino Warehouse | Y | Y | N |
| 32 | Bakersfield | Y | Y | N |
| 35 | Las Vegas | Y | Y | N |
| 36 | Richmond Warehouse | Y | Y | N |
| 40 | Martinez | Y | Y | N |
| 43 | City of Industry | Y | Y | N |
| 46 | San Bruno | Y | Y | N |
| 47 | Fremont | Y | Y | N |
| 49 | Hawthorne | Y | Y | N |
| 85 | Orlando | Y | N | N |
| 86 | S. Orlando | Y | N | N |
| 94 | Delray Beach | Y | Y | N |
| 105 | Tacoma II | Y | Y | N |
| 109 | Kalispell | Y | Y | N |
| 123 | Kearny Mesa Warehouse | Y | Y | N |
| 136 | Chico | Y | Y | N |
| 137 | Antioch | Y | Y | N |
| 138 | Henderson | Y | Y | N |
| 139 | Temecula Warehouse | Y | Y | N |
| 173 | PC Rancho Cucamonga Depot | N | Y | N |
| 232 | New Rochelle | Y | Y | N |
| 234 | Edison | Y | Y | N |
| 235 | Hampton | Y | Y | N |
| 283 | E-Commerce | N | Y | N |
| 402 | Phoenix | Y | Y | N |
| 404 | Mesa | Y | Y | N |
| 405 | Chula Vista | Y | Y | N |
| 409 | Redwood City | Y | Y | N |
| 414 | North Highlands | Y | Y | N |
| 415 | Burbank | Y | Y | N |
| 417 | Albequerque | Y | Y | N |
| 419 | Inglewood | Y | Y | N |
| 421 | Pomona | Y | Y | N |
| 425 | San Jose | Y | Y | N |

| 430 | Glendale | Y | Y | N |
|-----|----------|---|---|---|
| 433 | Supersitition Springs | Y | N | N |
| 435 | Southeast San Diego | Y | Y | N |
| 449 | Rancho Cucamonga | Y | N | N |
| 561 | E-Commerce Depot SE | N | Y | N |
| 797 | Tempe Home | Y | Y | N |
| 798 | Costco Home | Y | Y | N |
| 810 | San Diego | Y | Y | N |
| 812 | South Bay | Y | Y | N |
| 813 | East Bay | Y | Y | N |
| 815 | Orange County | Y | N | N |
| 816 | San Fernando | Y | N | N |
| 818 | Phoenix | Y | N | N |
| 821 | Portland B D | Y | Y | N |
| 822 | Buena Park BD | Y | Y | N |
| 831 | Richmond/Tidewater Delvy | Y | Y | N |
| 833 | Long Island BD | Y | Y | N |
| 834 | Medley Florida BD | Y | Y | N |
| 847 | E-Commerce | Y | Y | N |
| 849 | Mail Order Catalog | Y | Y | N |
| 912 | Pacific Rim Export Depot | N | Y | N |
| 929 | Mira Loma Mexico | N | Y | N |
| 975 | Costco Columbia | N | Y | N |
| 977 | PC Edison National Depot | N | Y | N |

Notes: Sales refers to "SalesOfCRTsSept96thruJan17_2010 Report.csv", Procurement refers to "ReceivingsOfCRTsSept96thruJan17_20
Warehouse refers to "WAREHOUSES.csv"

| In Sales or Procurement? |
| --- |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |

| Y |
|---|
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |
| Y |

*'10.csv",*

## Weiss, Eric J.  (Perkins Coie)

| | |
|---|---|
| **From:** | david.emanuelson@bakerbotts.com |
| **Sent:** | Wednesday, November 28, 2012 5:34 PM |
| **To:** | Weiss, Eric J.  (Perkins Coie) |
| **Cc:** | DRoberts2@omm.com |
| **Subject:** | Re: In re CRT: Follow-Up Data Question and Document Collection Status Update |

Same to you, Eric.  That time should work but will confirm in the am.

Sent from my iPhone

On Nov 28, 2012, at 8:24 PM, "Weiss, Eric J.  (Perkins Coie)" <EWeiss@perkinscoie.com> wrote:

> David, I hope you had a pleasant Thanksgiving.  Do you have time to chat tomorrow about the updates?  2:00 PST work?  We've sent out a query for the region codes and will pass those along as soon as they are retrieved.  On the document side, our folks finished an investigation last week regarding the LCD production, and I'm reviewing the materials this week to see how we can best apply it to the CRT production.  As for the financial statement, I apologize for any delay on that end and would like to discuss again what you're seeking there.  But my search hasn't turned up anything yet.
>
> Regards,
> Eric
>
>
> Eric J. Weiss ⏐ **Perkins Coie** LLP
> PHONE: 206.359.3456
>
>
> **From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
> **Sent:** Wednesday, November 28, 2012 10:25 AM
> **To:** Weiss, Eric J. (Perkins Coie)
> **Cc:** DRoberts2@omm.com
> **Subject:** FW: In re CRT: Follow-Up Data Question and Document Collection Status Update
>
> Eric, I got an out of office reply in response to the below email, so just wanted to re-send it today (which I believe is your first day back) so it didn't get lost in the shuffle.  The first question I pose below is of high priority since we have our looming class certification opp. deadline.
>
> Thanks,
> Dave

| | |
|---|---|
| **From:** | Emanuelson, David |
| **Sent:** | Monday, November 26, 2012 1:22 PM |
| **To:** | 'Weiss, Eric J.  (Perkins Coie)' |
| **Cc:** | DRoberts2@omm.com |
| **Subject:** | In re CRT: Follow-Up Data Question and Document Collection Status Update |

Eric,

Hope you had a good Thanksgiving.  Our economists have a follow-up question regarding Costco's transactional data.  Attached you will find the Missing Warehouse References file that you sent me on October 17, in response to our list of questions regarding the Costco data.  We understand from that data that Costco uses a "region" field to group the locations of its warehouses (e.g., NW, LA, BA, MW, SE, SD,

NE, TX), but that field is missing from the attached file.  That field is important for our economists' work with the Costco data.  Would you be able to send me a revised file containing this field?

Also, how is it going with the document collection? Just wanted to check in again to make sure that was moving forward.  Besides the general collection, another thing you were supposed to get back to me on was whether there was a readily available set of financial statements that Costco produced in the LCD cases that could be produced expeditiously here.  Have you been able to run down that question?

Thanks,
Dave

**David T. Emanuelson**
Senior Associate | Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
202.639.7843 (direct)
202.585.1018 (facsimile)
david.emanuelson@bakerbotts.com

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

**Weiss, Eric J.  (Perkins Coie)**

| | |
|---|---|
| **From:** | Weiss, Eric J.  (Perkins Coie) |
| **Sent:** | Tuesday, December 04, 2012 3:54 PM |
| **To:** | david.emanuelson@bakerbotts.com |
| **Cc:** | Sample, Tracy L.  (Perkins Coie) |
| **Subject:** | RE: In re CRT: Follow-Up Data Question and Document Collection Status Update |
| **Attachments:** | Costco-CRT-00003 (CONFIDENTIAL).zip |

David,

Please find attached the following CONFIDENTIAL files ("Costco-CRT-00003"):

1. Costco's current warehouse region and division assignments.
2. Descriptions of Costco's region and division abbreviations.

Note that the prior supplemental production of CONFIDENTIAL files sent on November 9, 2012 (including Requests 1–4) is referred to as "Costco-CRT-00002."

Please let me know if you have any questions.

Regards,
Eric


Eric J. Weiss ¦ **Perkins Coie** LLP
PHONE: 206.359.3456

---

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Tuesday, December 04, 2012 11:21 AM
**To:** Weiss, Eric J. (Perkins Coie)
**Subject:** RE: In re CRT: Follow-Up Data Question and Document Collection Status Update

Great, thanks Eric.

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Tuesday, December 04, 2012 2:20 PM
**To:** Emanuelson, David
**Subject:** RE: In re CRT: Follow-Up Data Question and Document Collection Status Update

Spoke to our contact yesterday afternoon.  I expect to get the information shortly.


Eric J. Weiss ¦ **Perkins Coie** LLP
PHONE: 206.359.3456

---

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Tuesday, December 04, 2012 11:18 AM
**To:** Weiss, Eric J. (Perkins Coie)

1

**Cc:** DRoberts2@omm.com
**Subject:** RE: In re CRT: Follow-Up Data Question and Document Collection Status Update

Eric, can you please provide me with an update on your progress in getting those region codes for the missing warehouses file?

Thanks,
Dave

---

**From:** Weiss, Eric J. (Perkins Coie) [mailto:EWeiss@perkinscoie.com]
**Sent:** Wednesday, November 28, 2012 8:24 PM
**To:** Emanuelson, David
**Cc:** DRoberts2@omm.com
**Subject:** RE: In re CRT: Follow-Up Data Question and Document Collection Status Update

David, I hope you had a pleasant Thanksgiving.  Do you have time to chat tomorrow about the updates?  2:00 PST work?  We've sent out a query for the region codes and will pass those along as soon as they are retrieved.  On the document side, our folks finished an investigation last week regarding the LCD production, and I'm reviewing the materials this week to see how we can best apply it to the CRT production.  As for the financial statement, I apologize for any delay on that end and would like to discuss again what you're seeking there.  But my search hasn't turned up anything yet.

Regards,
Eric

Eric J. Weiss ¦ Perkins Coie LLP
PHONE: 206.359.3456

---

**From:** david.emanuelson@bakerbotts.com [mailto:david.emanuelson@bakerbotts.com]
**Sent:** Wednesday, November 28, 2012 10:25 AM
**To:** Weiss, Eric J. (Perkins Coie)
**Cc:** DRoberts2@omm.com
**Subject:** FW: In re CRT: Follow-Up Data Question and Document Collection Status Update

Eric, I got an out of office reply in response to the below email, so just wanted to re-send it today (which I believe is your first day back) so it didn't get lost in the shuffle.  The first question I pose below is of high priority since we have our looming class certification opp. deadline.

Thanks,
Dave

---

:manuelson, David
:nday, November 26, 2012 1:22 PM
:iss, Eric J.  (Perkins Coie)'
:berts2@omm.com
    In re CRT: Follow-Up Data Question and Document Collection Status Update

Eric,

Hope you had a good Thanksgiving.  Our economists have a follow-up question regarding Costco's transactional data.  Attached you will find the Missing Warehouse References file that you sent me on October 17, in response to our list of questions regarding the Costco data.  We understand from that data that Costco uses a "region" field to group the locations of its warehouses (e.g., NW, LA, BA, MW, SE, SD, NE, TX), but that field is missing from the attached file.  That

field is important for our economists' work with the Costco data. Would you be able to send me a revised file containing this field?

Also, how is it going with the document collection? Just wanted to check in again to make sure that was moving forward. Besides the general collection, another thing you were supposed to get back to me on was whether there was a readily available set of financial statements that Costco produced in the LCD cases that could be produced expeditiously here. Have you been able to run down that question?

Thanks,
Dave

**David T. Emanuelson**
Senior Associate | Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
202.639.7843 (direct)
202.585.1018 (facsimile)
david.emanuelson@bakerbotts.com

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

## Weiss, Eric J.  (Perkins Coie)

| | |
|---|---|
| **From:** | Weiss, Eric J.  (Perkins Coie) |
| **Sent:** | Thursday, December 06, 2012 2:46 PM |
| **To:** | david.emanuelson@bakerbotts.com |
| **Cc:** | *Costco CRT |
| **Subject:** | In re CRT Antitrust Litig. - Costco Supplemental Transactional Data |
| **Attachments:** | Costco-CRT-00004 (CONFIDENTIAL).zip |

David,

To continue with the rolling production of Costco's transactional data, and as we previously discussed, please find attached additional CONFIDENTIAL transactional data ("Costco-CRT-00004").  The prior supplemental production included initial receivings data to Costco depots only; the attached files include initial receivings data for all locations, including depots and warehouses.

You will recall that the prior supplemental production was divided into four categories (listed below).  Because several of the new files contain the data already produced as well as the additional data (and to make it easier for you), I have noted below which files replace the prior files and which supplement the prior files.

Request 1:

CRT data (except CAT code AC) including receivings, sales, rebates, and coupons from **3/1/95 to 9/1/96**.

**Replace** the prior "Receivings" and "Locations" files with the attached "Request 1 - Receivings (Replace)" and "Request 1 - Locations (Replace)" files.  These replacement files update the prior files with all locations.

Request 2:

CRT data (except CAT code AC) including receivings, sales, rebates and coupons from **1/18/10 to 5/31/12**.

**Replace** the prior "Receivings" and "Locations" files with the attached "Request 2 - Receivings (Replace)" and "Request 2 - Locations (Replace)" files.  These replacement files update the prior files with all locations.

Request 3:

CRT data for CAT code AC including sales, rebates, and coupons (receivings already provided) from **3/1/95 to 11/25/07**.

**Replace** the prior AC "Receivings" (from the August 17, 2012, production, Costco-CRT-00001) and "Locations" (from the November 9, 2012, production, Costco-CRT-00002) files with the attached "Request 3 - Receivings (Replace)" and "Request 3 - Locations (Replace)" files.  These replacement files update the prior files with all locations.

Request 4:

CRT data for CAT code AC including receivings, sales, rebates and coupons from **11/26/07 to 5/31/12**.

**Supplement** the prior production, which did not include receivings data, with the attached "Request 4 - Receivings (Supplement).

Please let me know if you have any questions.

Regards,
Eric

Eric J. Weiss  |  Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
PHONE: 206.359.3456
FAX: 206.359.4456
E-MAIL: EWeiss@perkinscoie.com

# EXHIBIT H

**Weiss, Eric J.  (Perkins Coie)**

| | |
|---|---|
| **From:** | david.emanuelson@bakerbotts.com |
| **Sent:** | Thursday, October 18, 2012 2:03 PM |
| **To:** | Weiss, Eric J.  (Perkins Coie) |
| **Cc:** | kfeder@omm.com; DRoberts2@omm.com; charles.malaise@bakerbotts.com; Moore, Cori Gordon  (Perkins Coie); Hesterberg, Nicholas H. (Nick)  (Perkins Coie) |
| **Subject:** | Draft 30(b)(6) Notice |
| **Attachments:** | Costco 30(b)(6) Topics List.doc |

Eric,

As discussed yesterday on our call, please find attached the draft topics list for the 30(b)(6) notice we intend to serve on Costco in this case. As I mentioned on the call, time is of the essence in taking this deposition due to our December 10 filing date for opposing the indirect purchaser class cert. motion, and therefore we request that Costco make a witness available during the week of November 12 (any day except November 15).  Please let me know by Tuesday, October 23 whether Costco is willing to put forth a witness during that time frame.

Regards,
David

**David T. Emanuelson**
Senior Associate | Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
202.639.7843 (direct)
202.585.1018 (facsimile)
david.emanuelson@bakerbotts.com

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# EXHIBIT I

John M. Taladay (*pro hac vice*)
David T. Emanuelson (*pro hac vice*)
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7843
Facsimile: (202) 639-1018
Email: john.taladay@bakerbotts.com
Email: david.emanuelson@bakerbotts.com

*Attorneys for Defendant Philips Electronics North America Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-05944 SC |
| | MDL No. 1917 |
| This Document Relates To:<br><br>ALL ACTIONS | **PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S NOTICE OF DEPOSITION TO COSTCO WHOLESALE CORPORATION** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:**

**YOU ARE HEREBY NOTIFIED** that, pursuant to Federal Rule of Civil Procedure 30(b)(6),

Defendant Philips Electronics North America Corporation through their counsel and in

conjunction with all defendants, will take the deposition of a designated representative of Costco

Wholesale Corporation, commencing on December 7, 2012 at 9:00 a.m. at the offices Perkins

Coie LLP, 1201 Third Avenue, Suite 4800, Seattle, WA 98101-3099.  The topics of the

deposition are listed in Exhibit A.

**YOU ARE FURTHER NOTIFIED** that the deposition shall be recorded

stenographically by a certified shorthand reporter who is duly authorized to take and transcribe

said deposition, and a real-time transcription service such as LiveNote may also be available for

the use of counsel.  The deposition may also be recorded by videotape, and the defendants reserve

the right to use the videotape of the deposition at trial.


Dated: November 20, 2012

/s/ David T. Emanuelson
David T. Emanuelson (*pro hac vice*)
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7843
Facsimile: (202) 639-1018
Email: david.emanuelson@bakerbotts.com

*Attorneys for Defendant Philips*
*Electronics North America Corporation*

## **EXHIBIT A**

## **DEFINITIONS**

1.   "Any" shall be construed to mean "any and all."

2.   "CRT" or "CRTs" means any (a) color picture tubes ("CPTs"), which are cathode ray tubes used primarily in color televisions; and (b) color display tubes ("CDTs"), which are used primarily in color computer monitors.

3.   "CRT Finished Product" means televisions containing CPTs and/or computer monitors containing CDTs.

4.   "CRT Product" means any CRT or CRT Finished Product.

5.   "Defendant" or "Defendants" means any of the entities currently or formerly named as defendants in this litigation and, without limitation, all of their past and present parents, subsidiaries, affiliates, joint ventures, officers, directors, employees, agents, attorneys, or representatives (and the parents', subsidiaries', affiliates', or joint ventures' past and present officers, directors, employees, agents, attorneys, or representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

6.   "Document" or "documents" has the broadest possible meaning pursuant to the Federal Rules of Civil Procedure including, but not limited to, all writings and other tangible things upon which any form of communication is recorded or reproduced, and preliminary drafts and non-identical copies of the above (whether such copies differ from the original by reason of notation made on such copies or otherwise). Without limiting the generality of the foregoing, the term "document" or "documents" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings or of other communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by

2

electronic data processing or word processing equipment, including email, and all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, but not limited to, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes, and any preliminary versions, drafts or revisions of any of the foregoing. "Document" or "documents" also includes each and every file folder or other material in which the above items are stored, filed or maintained.

7.     "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all the information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

8.     "Relating to," "referring to," "regarding" or "with respect to" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, and pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

9.     "Relevant Period" means March 1, 1995 to November 25, 2007.

10.     "You," "Your," or Your Company" mean the responding plaintiff Costco Wholesale Corporation, together with all present and former directors, officers, employees, or agents of the entities listed in this Definition.

**<u>SCHEDULE OF TOPICS</u>**

Witnesses with knowledge of the following matters during the Relevant Period (unless a time period is specified otherwise):

1.  Your policies and practices for setting the price at which You sold CRT Finished Products to Your customers, including consideration or use of the following: (a) formulas; (b) factors such as cost, supply, demand, competitor pricing, market forecasts, and product specifications; (c) price guidelines or price lists; (d) negotiations or negotiated prices; and (e) alternative distribution channels.

2.  Your use of discounts, promotions, rebates or loyalty programs in connection with the sale of CRT Finished Products to Your customers, including how You recorded such discounts or rebates, and the identity and location of Documents or data recording such discounts or rebates.

3.  Your knowledge and understanding of any relationship between the prices at which You purchase CRT Finished Products and the prices at which You sell CRT Finished Products, including, but not limited to, the effects that changes in the prices that You pay to purchase CRT Finished Products have on costs, revenues and profits from Your sales of CRT Finished Products.

4.  Your standards and practices with regard to tracking the purchases and sales of CRT Finished Products for determining the profitability of sales, and for financial reporting purposes.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2012, I electronically caused a copy of "Notice of Deposition to Costco Wholesale Corporation" to be served via e-mail upon EWeiss@perkinscoie.com, malioto@tatp.com, bgralewski@kmllp.com, and Paul.Moore@doj.ca.gov, as well as counsel for parties who have entered an appearance in this case.


/s/ David T. Emanuelson
David T. Emanuelson

5

# EXHIBIT J

**Weiss, Eric J.  (Perkins Coie)**

| | |
|---|---|
| **From:** | david.emanuelson@bakerbotts.com |
| **Sent:** | Thursday, January 10, 2013 9:37 AM |
| **To:** | Weiss, Eric J.  (Perkins Coie) |
| **Cc:** | DRoberts2@omm.com |
| **Subject:** | In re CRT Antitrust Litigation: Costco Document Production |
| **Attachments:** | 1.10.13 Emanuelson Ltr to Eric Weiss.pdf |

Good morning Eric,

Hope you had a good holiday season and are having a good start to your year.  Please find the attached letter, which, as you will see, reflects a pivot in our discussions regarding Costco's document production.  We are happy to discuss this letter at your convenience.

Thanks,
Dave

**David T. Emanuelson**
Senior Associate | Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
202.639.7843 (direct)
202.585.1018 (facsimile)
david.emanuelson@bakerbotts.com

**Confidentiality Notice:** The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

# BAKER BOTTS LLP

THE WARNER
1299 PENNSYLVANIA AVE., NW
WASHINGTON, D.C.
20004-2400

TEL  +1 202.639.7700
FAX  +1 202.639.7890
BakerBotts.com

| | |
|---|---|
| ABU DHABI | HOUSTON |
| AUSTIN | LONDON |
| BEIJING | MOSCOW |
| BRUSSELS | NEW YORK |
| DALLAS | PALO ALTO |
| DUBAI | RIYADH |
| HONG KONG | **WASHINGTON** |

January 10, 2013

**BY ELECTRONIC MAIL**

David Emanuelson, Esq.
TEL  +1 202.639.7843
FAX  +1 202.585.1018

Eric Weiss
PERKINS COIE LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

Re:   **In re CRT Antitrust Litigation, No. 3:07-cv-05944-sc, MDL No. 1917**

Dear Eric:

I am writing to continue our discussions regarding your client's, Costco Wholesale Corporation ("Costco"), discovery obligations in the above-referenced litigation, on behalf of our client, Philips Electronics North America Corporation ("PENAC"), and other Defendants in this case.[1]  As you recall, PENAC served document requests upon Costco that remain outstanding. While we have had some discussions to move your production forward, Costco has yet to produce documents in this case.  PENAC did, however, hold a 30(b)(6) deposition of Geoff Shavey on December 7, 2012, with the primary purpose of developing evidence for our opposition to the indirect purchasers' motion for class certification.

As you also are aware, certain Toshiba defendants filed a motion to compel arbitration against Costco on August 24, 2012, based on a Vendor Agreement with Costco (f/k/a/ "PriceCostco") that contained the following provision:

> All claims and disputes that (1) are between Vendor and PriceCostco and (2) arise out of or relate to these Standard Terms or any agreement between Vendor and PriceCostco or to their performance or breach (including any tort or statutory claim) ("Arbitrable Claims") *shall be arbitrated . . .*[2]

(emphasis in original).

On November 7, 2012, Special Master Legge issued a Report and Recommendation ("Report") recommending that Costco and the Toshiba defendants proceed to arbitration.  Costco

---

[1] The LG, Panasonic and Hitachi defendants have specifically signed on to this letter.  Other Defendants have not signed on to this letter but will likely have an interest in the discovery request.

[2] This Vendor Agreement was publicly-filed on November 11, 2012 as Exhibit D to the declaration of Noah G. Purcell.  The arbitration provision is listed in Paragraph 20 in the attached "PriceCostco Standard Terms."  *See* Dkt No. 1458.

**BAKER BOTTS** LLP

- 2 -                                                                 January 10, 2013

objected to the Report on November 11, 2012, and the issue is currently awaiting a hearing and ruling by Judge Conti.

PENAC and other Defendants may have an interest in seeking a similar motion to compel arbitration. Before doing so, Defendants must be able to assess whether they are subject to any Vendor Agreement with Costco that relate to the sales of products containing CRTs and contain an arbitration provision. In our December 7, 2013 deposition of Mr. Shavey, Defendants learned that Costco has similar Vendor Agreements with all suppliers, utilizes the same "standard terms" in these agreements, and that these terms are drafted by Costco's legal department.[3]

Based on this information, Defendants request that Costco immediately search for and produce all Vendor Agreements, or any other agreements containing an arbitration provision, that it had in place with any Defendant relating to the purchase of products incorporating CRTs during the 1995-2007 time period, so that Defendants may assess their rights to seek arbitration with Costco. Production of such documents is required by PENAC's outstanding Request for Production No. 5.[4] Costco should undertake an exhaustive search of its files, without regard to any individual custodians previously discussed, as Defendants' right to arbitrate turn upon the existence of such agreements.

We also propose that Costco's remaining outstanding discovery obligations should be fulfilled after Costco makes this initial production and Defendants have a reasonable time period to assess their rights to arbitrate, so as limit any potential prejudice upon Costco while we consider our rights.

If you have any questions regarding our discovery requests or proposal, I am happy to discuss at your convenience.

Sincerely,

/s/ David T. Emanuelson
David T. Emanuelson

---

[3] See Shavey Dep. at 41:3-42-19, 117:14-118:5.
[4] PENAC RFP No. 5 states, "[f]or each purchase or potential purchase by You of any CRT or CRT Product, all contracts, purchase orders, agreements or memoranda of understanding, or any other Document that contains any term or condition of sale, including all exclusive contracts, master purchase agreements, purchase orders, invoices, cost-plus contracts and most-favored-nation contracts, and purchase order acknowledgements."

# EXHIBIT K



1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

Eric J. Weiss
PHONE  (206) 359-3456
FAX    (206) 359-4456
EMAIL. EWeiss@perkinscoie.com

January 18, 2013

**VIA E-MAIL**

David T. Emanuelson
Baker Botts LLP
The Warner
1299 Pennsylvania Ave, NW
Washington, D.C.  20004-2400

Re:    **In re CRT Antitrust Litigation, No. 3:07-cv-05944-sc, MDL No. 1917**

Dear David:

I write in response to your January 10, 2013, letter regarding Defendants' request that "Costco immediately search for and produce all Vendor Agreements, or any other agreements containing an arbitration provision, that it had in place with any Defendant relating to the purchase of products incorporating CRTs during the 1995-2007 time period" and that Costco's remaining discovery obligations "be fulfilled after Costco makes this initial production."

At the outset, if any Defendants signed contracts with Costco containing arbitration provisions, those Defendants presumably maintained their own copies of those contracts and have had them available to review and consult ever since entering into them. That aside, Costco is conducting a reasonable search for documents responsive to your January 10 request and will produce any such non-privileged documents located as a result of that search subject to its written objections.

To the extent that any such contracts exist, however, Defendants have waived any opportunity to arbitrate with Costco, if those contracts are applicable to this dispute. Costco was a known member of the defined but not yet certified class of direct purchasers as early as November 26, 2007, when Plaintiffs filed their class-action complaint in *Crago, Inc. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 3:07-cv-05944-SC (Dkt. No. 1) (N.D. Cal. Nov. 26, 2007), later consolidated in the Direct Purchaser Plaintiffs' Consolidated Amended Complaint, No. 3:07-cv-05944-SC (Dkt. No. 436) (N.D. Cal. Mar. 16, 2009). At that time, and for many years thereafter, Defendants could have exercised any alleged option to arbitrate with Costco but chose not to do so. Even after Costco filed its own complaint against Defendants well over a year ago, only

LEGAL25615874.1

David T. Emanuelson
January 18, 2013
Page 2

Toshiba moved to compel arbitration. The remaining Defendants' decision to proceed in the MDL forecloses any opportunity to arbitrate now.

As always, we look forward to the opportunity to discuss Costco's discovery responses.

Very truly yours,

Eric J. Weiss

cc:     David J. Burman
        Cori Gordon Moore

LEGAL25615874.1

# EXHIBIT L

# DISPUTE RESOLUTION JOURNAL

August – October 2008



# AAA Arbitration and Olympic Sports

**PLUS**

Agreements to Mediate
and the FAA

What Arbitrators Think
About Discovery

Class Action Bans

Article 37 Emergency Relief

And more



American Arbitration Association
*Dispute Resolution Services Worldwide*



**ARBITRATION**

# Discovery
## in Commercial Arbitration:
## *How Arbitrators Think*



Jonathan Evans/Photographer's Choice/Getty Images

## By Charles J. Moxley, Jr.

Charles J. Moxley Jr. is Of Counsel to Kaplan Fox & Kilsheimer LLP, specializing in complex litigation and arbitration, and an adjunct professor of law at Fordham Law School. He is co-chair of the Legislation Committee of the New York State Bar Association's Dispute Resolution Section and regularly serves as an arbitrator and mediator. He has served on the American Arbitration Association's Panel of Commercial Arbitrators for over 25 years. He can be reached at cmoxley@kaplanfox.com.

Discovery in arbitration is different from the virtually unlimited discovery process used in litigation. The reason is that the arbitrator's job is to deliver a faster and less expensive process. This article discusses how arbitrators handle discovery in arbitration and the considerations they take into account when deciding how much and what type of discovery to allow. It also discusses the approaches to discovery taken in arbitration rules and the Revised Uniform Arbitration Act.



When a case has been filed in federal or state court, litigators generally have a good idea of what discovery will be allowed. Federal and state rules of civil procedure set forth the standards for discovery in litigation, and a large body of case law elaborates on these standards.

Do we have anything similar in arbitration? Can counsel and the parties know with reasonable certainty how much discovery will be allowed in their commercial arbitration? What kind of discovery is typically permitted? Are the answers to these questions entirely within the discretion of the arbitrator? Is there a governing standard?

Given the confidentiality of arbitration, there are generally no published arbitral decisions on discovery questions in arbitration. So in this article I set forth some tentative answers to these questions in the context of domestic commercial arbitration based on my personal experience as an arbitrator in over 125 commercial cases, the varied experience of arbitrators with whom I have served. I also discuss the relevant rules of the American Arbitration Association (AAA) and other arbitration institutions, as well as the treatment of discovery in the Revised Uniform Arbitration Act (RUAA).

### Rationale for Discovery in Arbitration

Arbitrators generally have three primary objectives in deciding discovery disputes in a commercial case: (1) a speedier disposition than in litigation; (2) a less expensive process than litigation; and (3) a fair opportunity for both sides to prepare and try the case. Satisfying each of these objectives depends in large measure on the amount of discovery allowed in the arbitration. To obtain a speedier and less costly disposition, discovery, which consumes the bulk of time and attorney fees in litigation, needs to be more limited than in litigation. Yet the parties must have the discovery they need for a fair hearing.

As a result, the discovery that is automatic and often virtually unlimited in litigation is subject to close scrutiny in arbitration. The arbitration goals cited above cause arbitrators to require the parties to *justify* the discovery they seek. There is a bedrock amount of discovery in arbitration, particularly the reasonable disclosure of the parties' claims and defenses and the exchange of relevant documents. But beyond that, parties are generally only allowed to take depositions and serve interrogatories if they can demonstrate a real need for them. Of course, the parties' counsel may agree to more extensive discovery, although that can compromise the two main benefits of arbitration.

### Discovery in Commercial Litigation

The discovery phase in a multi-million dollar commercial litigation typically takes years, not months. First counsel for the parties prepare and serve very broadly worded document discovery requests that ask to see all documents "in connection with or relating to" one subject or another. They also invariably prepare lengthy interrogatories and sometimes "requests to admit." They have to review and number their client's documents for document production purposes. Often, each side files objections to the other side's document requests, which could include claims of attorney-client privilege or attorney work product. The parties could end up in protracted motion practice fighting about these documents. Meanwhile, each side serves deposition notices on the other. It is not unusual to receive a dozen or even dozens of such notices. Attorneys for the parties commonly seek to depose everyone who may have relevant information, even if the testimony is likely to be cumulative or redundant. They don't want to leave any stone unturned.

Litigators hate surprises and they generally find it unacceptable to wait until trial to take the testimony of important witnesses who are not under their control. They typically seek to depose every witness who could possibly show up at trial, even those who are fully on the record in documents and hence whose testimony is readily subject to cross-examination.

Although depositions are scheduled for months down the road, they rarely take place as scheduled because the attorneys or the witnesses are busy that day. It is common to defer depositions multiple times. A year could go by and they still have not been taken. Finally one party may get fed up and seek an order compelling the completion of discovery. If not, the judge may see that this case is not moving forward and will take matters into his or her own hands. The process initially developed to foster fair trials by avoiding unfair surprise at trial has taken on a life of its own, one that eats up years of time and incurs huge expenses for each side, often without telling counsel much that they did not already know from the documents and their own witnesses. When depositions are taken, the lawyer taking

> *To obtain a speedier and less costly disposition, discovery needs to be more limited than in litigation. Yet the parties must have the discovery they need for a fair hearing.*

them may make the session as long as possible in order to be sure to exhaust the deponent's knowledge. Sometimes, depositions result in disputes that have to go before a judge. This can occur when the deponent's counsel directs the witness not to answer or unilaterally cuts short the deposition.

Meanwhile, each side "responds" to the other's interrogatories and requests to admit, usually by giving the narrowest possible answer or no answer.

### Discovery in Arbitration

This is all very different in commercial arbitration. Arbitrators usually want the hearing to be scheduled within three to eight months. It would be a rare arbitration, and a particularly large or complex one at that, in which the arbitrators would be happy with an expanded hearing schedule that exceeds eight months. Arbitrators on the panel of the American Arbitration Association (on which I serve) are trained to believe it is their job to deliver the expedited proceeding that arbitration promises and the parties bargained for.

Thus, arbitrators generally have a different perspective on discovery. They do not want the parties to engage in a fishing expedition of the kind that is typical of discovery in litigation. They want to allow just enough discovery to permit each side to prepare and try its case, but no more. Arbitrators have a strong belief that witnesses should testify only once, and that is at the hearing. So there is no need to incur the expense of earlier (and generally protracted) depositions.

If a party reasonably needs to examine a person under the control of the adversary and asks the arbitrator to order this witness to be produced, the arbitrator will usually obtain the adversary's agreement to produce the witness at the hearing. Similarly, when the exigencies of a case require the testimony of a non-party witness who reside within subpoena-range of the hearing, the arbitrator will subpoena the witness but generally only for purposes of the hearing (i.e., not for a deposition).

When non-party witnesses reside beyond subpoena range, they could still agree to testify, and when they do agree, arbitrators prefer to have them testify live at the hearing. When it is difficult getting them there in person, video-conference technology makes it possible to have them virtually present at the hearing. Testimony by telephone, which involves little expense, is also possible and frequently used where it makes sense in the context of the particular case.

This does not mean that depositions are never allowed in arbitration. That is not the case. If the parties make a convincing case that a reasonable number of depositions of limited duration seem necessary, arbitrators will generally permit them.

Despite their penchant for deposing every witness, litigators who arbitrate have learned that they have the skills to capably cross-examine the other side's witnesses without depositions. To conduct the cross, they use the information they have learned from their informal investigation of the facts of the case, documents, witness lists and expert reports exchanged before the hearing. The huge number of depositions typically taken in litigation is not as important as litigators have come to believe.

### What Is Reasonable?

The amount of discovery reasonably needed to arbitrate a particular case depends on the facts and circumstances. It is reasonable to need documents specifically related to the dispute. It is also reasonable to need to know the particulars of the other side's claims, defenses, purported damages and the like. If requested, arbitrators will generally direct that such information be provided.

Arbitrators typically establish the idea at the preliminary hearing that they expect counsel to work out any discovery issues that arise. When the parties' attorneys cannot resolve these issues by themselves, arbitrators are prepared to direct them if necessary.

### The Size of the Case

Parties are increasingly submitting huge commercial cases to arbitration. Cases in the tens and hundreds of millions of dollars and more are not uncommon. Some general counsel prefer to arbitrate cases of all sizes for the opportunity it gives them to pick a highly experienced arbitrator (or panel of arbitrators) with knowledge of the subject matter who can be selected with eyes open, rather than take a chance on the spin of the wheel in the court clerk's office.

Some general counsels at large corporations have stressed the importance of preserving the speed and economy in arbitration. Yet some cases have so much at stake that both parties may agree that they want the "no stone unturned" approach to discovery in arbitration. This is their right since arbitration is a process that belongs to the parties.

In large cases involving multiple issues, arbitrators will generally recognize the need for more substantial document exchanges, and possibly more than a couple of depositions and a limited number of targeted interrogatories. But they nonetheless try to keep the cases moving more expeditiously than would typically happen in court.

**ARBITRATION**

### The Easy Case

Discovery is easiest when the parties' arbitration clause specifies the scope of discovery. Occasionally the parties provide in their arbitration clause that the federal or state rules of procedure shall apply to discovery in arbitration, resulting essentially in pseudo-litigation before a private judge. In my experience, this is relatively rare (I would say anecdotally that it occurs in fewer than 5% of cases).

Arbitrators will apply the procedures specified in the parties' arbitration agreement. However, they are not prevented from trying to "jawbone" the parties' counsel into agreeing that what they actually need is more limited discovery, not more. ("Jawboning" is the term I use for the practice many arbitrators follow of probing for consensus on pre-hearing issues before ruling on them.) Arbitrators who educate themselves about the case can engage in a meaningful dialogue with the attorneys about what discovery is reasonably necessary (as distinguished from what they have stated is needed) and then build on that foundation to create consensus on a reasonable discovery plan.

> *In large cases involving multiple issues, arbitrators will generally recognize the need for more discovery.*

To do this effectively, arbitrators try to develop an early understanding of the case. This is one of the reasons arbitrators invite counsel to discuss the case at the preliminary conference and at interim conferences throughout the discovery period. It is in counsels' interest to project their case as fully as possible whenever the opportunity arises.

### The Most Typical Case

Although the parties could include the scope of discovery in their arbitration agreement, they rarely do. Usually the arbitration clause is silent as to the scope of discovery. However, if the agreement calls for arbitration by a particular arbitration institution or provides for arbitration under specific institutional rules, the institution's rules will be incorporated by reference, including the discovery provisions. (For example, an arbitration clause may provide for AAA arbitration or arbitration under the AAA Commercial Arbitration Rules.)

Discovery is normally one of the issues on the table at the first preliminary conference, which, in most instances, is conducted via a conference call. In a commercial case, counsel for the parties usually decide on the scope of discovery before the call is scheduled and advise the arbitrator of their agreement during the course of the conference call. The attorneys commonly agree to exchange relevant documents and to depose two or three of the adversary's witnesses.

Until a dispute arises, arbitrators generally will not get involved in document production issues. The attorneys know their case and if they can agree on document discovery, great.[1]

As to depositions, arbitrators will consider whether their use is really needed. Why depose a witness who lives within subpoena-range of the hearing or a witness under the control of the adversary? Counsel may need to be reminded that arbitration is different from litigation and has economy and efficiency as two of its goals. Often counsel will respond to this by agreeing that depositions are not necessary. Should this lead to concern that they are merely being deferential to the person who will resolve the dispute? Theoretically that is possible. But as a practical matter it should not be a concern if the attorneys understand that the arbitration process is supposed to be different from litigation, the arbitration involves a dispute between parties who are familiar with the matters in contention, and the relevant documents and witnesses will be available at the hearing.

### When Both Sides Want Depositions

When cajoling by the arbitrator does not work and both sides want to depose multiple witnesses, the arbitrator must step back and accept the idea that there will be more, rather than fewer, depositions in the case. But the arbitrator can continue to try to limit their number and duration.

In the unusual case where this does not work, arbitrators generally will respect counsels' agreement on the subject and allow the depositions to be taken, after warning them of the effect on the time and cost of the arbitration.

### When One Side Does Not Want Depositions

What if one side wants depositions and other discovery and the other side objects? In that situation, there is a discovery dispute on which the arbitrator must rule. The arbitrator will generally decide based on what he or she thinks is fair, con-

sidering the need for an expeditious and economical process.

Some arbitrators will decide discovery disputes based on the parties' briefs. Others will hold a conference with the attorneys for both sides after the briefs are submitted, at which point the arbitrator will have a serious talk with counsel as they go through each disputed item one by one. I think this approach yields more enlightened rulings. Often, it is only necessary for the arbitrator to go through a few disputed items or types of items to establish guidelines, whereupon the attorneys work out the rest. Notwithstanding positions taken in party briefs, the attorneys tend to move towards consensus when the arbitrator suggests restraint on both sides in the service of figuring out what discovery would provide the requesting party with information it reasonably needs while protecting the objecting party's interests. When a sensible accommodation of each side's rights and interests is reached, the arbitrator will incorporate it in a ruling.

Where no consensus is reached, the arbitrator will have to go it alone, deciding the dispute based on the goals of arbitration and the interests and needs of both sides. The ruling will often bear a striking resemblance to the approaches the arbitrator suggested in the conference with the parties on the discovery dispute.

### AAA Rules

Decision making by arbitrators on discovery questions is not typically based on rules. This is because most arbitration rules give wide discretion to the arbitrator to determine the scope of discovery. Attorneys rarely argue for or against discovery based on an institution's arbitration rules. Yet it is interesting to see that the "expeditious/economical/fair" mantra that arbitrators generally use to decide discovery disputes reflects principles in the arbitration rules of leading arbitration organizations.

The AAA Commercial Arbitration Rules focus on information exchanges.[2] Rule 21(a) provides that the arbitrator, "consistent with the expedited nature of arbitration," may direct "the production of documents *and other information*." (Emphasis added) Rule 21(c) provides that the arbitrator "is authorized to resolve any disputes concerning the exchange of information." Thus, this rule places discovery issues in the discretion of the arbitrator, subject to the need for an expeditious proceeding.

The AAA Procedures for Large, Complex Commercial Disputes (which are included in the AAA Commercial Arbitration Rules) recognize the goals of having "a just, speedy and cost-effec-

tive resolution." Rule L-4(a) provides that "[a]rbitrator(s) shall take such steps as they may deem necessary or desirable to avoid delay and to achieve a just, speedy and cost-effective resolution...." These rules also recognize the discretion of arbitrators in discovery matters. Rule L-4(c) provides: "The parties may conduct such discovery as may be agreed to by all the parties provided, however, that the arbitrator(s) may place such limitations on the conduct of such discovery as the arbitrator(s) shall deem appropriate." The rule contemplates that if the parties cannot agree on discovery, "the arbitrator(s), consistent with the expedited nature of arbitration, may establish the extent of the discovery."[3] Interestingly, Rule L-4(c) gives the arbitrator the discretion, in the interests of an expedited process, to override even the parties' agreement as to discovery.

Rule L-4(d) also explicitly addresses the issue of depositions and interrogatories. They may be permitted "in the discretion of the arbitration(s) and upon good cause shown ...consistent with the expedited nature of arbitration" if the person to whom they are addressed has information "determined by the arbitrator to be necessary to determination of the matter."

Finally, Rule L-4(g) authorizes the arbitrator to resolve any discovery disputes.

The AAA's Employment Arbitration Rules use different language but are the same in principle. Rule 9 authorizes the arbitrator to order "discovery, by way of deposition, interrogatory, document production or otherwise" if the arbitrator "considers it necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration."[4]

### Other Providers and the RUAA

Rule 17 of the JAMS Arbitration Rules is comparable to the AAA Rules, except that it contemplates one deposition per side, while leaving additional depositions to the discretion of the arbitrator based on "the reasonable need" for the information, the availability of other discovery options, and the burdensomeness of the request."[5]

Rule 11 of the Rules for Non-Administered Arbitration promulgated by the International Institute for Conflict Prevention and Resolution's provides that arbitrators may permit such discovery as they deem appropriate, "taking into account the needs of the parties and the desirability of making discovery expeditious and cost-effective."[6]

The RUAA's[7] discovery provisions are similar to the provider rules above. The arbitrator's authority as to discovery is in Section 17(c). It pro-

**ARBITRATION**

vides: "An arbitrator may permit such discovery as the arbitrator decides is appropriate in the circumstances, taking into account the needs of the parties to the arbitration proceeding and other affected persons and the desirability of making the proceeding fair, expeditious, and cost effective." This provision covers discovery depositions.

Comment 3 to Section 17 states in the first paragraph that the approach to discovery in subsection (c) "follows the majority approach" under the case law involving the Federal Arbitration Act (FAA) and the 1955 Uniform Arbitration Act, which is that "unless the contract specifies to the contrary, discretion rests with the arbitrators whether to allow discovery." The second paragraph notes that, although Section 17(c) allows an arbitrator to permit discovery so that the parties can obtain necessary information, "the intent of the language is to limit that discovery by considerations of fairness, efficiency, and cost."

Depositions for purposes of the hearing are addressed in Section 17(b). This section states: "In order to make the proceedings fair, expeditious, and cost effective, upon request of a party to or a witness in an arbitration proceeding, an arbitrator may permit a deposition of any witness to be taken for use as evidence at the hearing, including a witness who cannot be subpoenaed for or is unable to attend a hearing." This provision goes on to say that "[t]he arbitrator shall determine the conditions under which the deposition is taken."

### Non-Party Witnesses

The above focuses on party discovery. Complex and largely unsettled issues arise when information is needed from non-party witnesses who are beyond subpoena-range of the site of the arbitration.[8] These issues include the extent to which, under the FAA[9] and other laws, a non-party witness may be compelled to produce documents or give testimony at a deposition or in a formal "hearing session" where he or she is located, and the related question of whether the arbitrators (or one member of a panel) may preside over the taking of this witness's testimony at that locale. These issues are beyond the scope of this article. However, it is worth noting again that non-party witnesses who are outside the jurisdiction of an arbitrator's subpoena are frequently willing to testify by teleconference or telephone conference at a time convenient to them in response to an informally transmitted subpoena, even though they could challenge the subpoena in court, or even ignore it and await enforcement proceedings. Some witnesses agree because of the potential time and expense of contesting the subpoena. Others do so out of a spirit of cooperation or respect for the arbitration process.

### Conclusion

The principles for resolving discovery-related issues in arbitration are clear, sensible and workable. The vast majority of party discovery disputes in commercial cases are worked out among counsel. When counsel cannot agree, arbitrators will rule on the discovery issues by balancing the arbitration objectives of providing an expeditious and economical yet fair proceeding. Parties may provide for more expanded discovery in their arbitration agreements or they may subsequently agree to such discovery before the hearing. ∎

---

### ENDNOTES

[1] The subject of electronic discovery is beyond the scope of this article. Parties in arbitrations are often willing to limit electronic discovery in the interests of having an expeditious and economical proceeding, although there will increasingly be cases where it will be important. See, e.g., Irene C. Warshauer, "Electronic Discovery in Arbitration: Privilege Issues and Spoliation of Evidence," 61(4) *Disp. Res. J.* (Nov. 2006/Jan. 2007).

[2] The AAA rules are available at www.adr.org.

[3] The extent of an arbitrator's power to order sanctions against parties for discovery abuse is addressed in Philip D. O'Neill, "The Power of Arbitrators to Award Monetary Sanctions for Discovery Abuse," 60(3) *Disp. Resol. J.* (Nov. 2005/Jan. 2006); Philip D. O'Neill, "Update: Mass. Allows Arbitrators to Award $$ Sanctions to Remedy Discovery Abuse," 60(2) *Disp. Resol. J.* (May-July 2006).

Section 17(d) of the RUAA provides, that the arbitrator may "take action against a noncomplying party to the extent a court could if the controversy were the subject of a civil ac-tion in this state." The RUAA is available at www.nccusl.org.

[4] The AAA Employment Arbitration Rules are available at www.adr.org.

[5] JAMS Comprehensive Arbitration Rules and Procedures are available at www. jamsadr.com.

[6] CPR's rules are available at www.cpradr.org.

[7] See n. 5.

[8] See, e.g., Leslie Trager, "The Use of Subpoenas in Arbitration," 62(4) *Disp. Resol. J.* (Nov. 2007/ Jan. 2008).

[9] 9 U.S.C. § 7.