Eliot A. Adelson (State Bar No. 205284)
James Maxwell Cooper (State Bar No. 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants,
HITACHI, LTD., HITACHI DISPLAYS, LTD. (n/k/a
JAPAN DISPLAY INC.), HITACHI ASIA, LTD.,
HITACHI AMERICA, LTD., AND HITACHI
ELECTRONIC DEVICES (USA), INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE, (CRT) ANTITRUST LITIGATION | CASE NO. C07-5944-SC |
| | MDL No. 1917 |
| This Document Relates To: | Individual Case No. 3:13-cv-02171-SC |
| The Dell Inc. and Dell Products L.P. Action | **FIRST AMENDED ANSWER OF HITACHI, LTD., HITACHI DISPLAYS, LTD. (N/K/A JAPAN DISPLAY INC.), HITACHI AMERICA, LTD., HITACHI ASIA, LTD., and HITACHI ELECTRONIC DEVICES (USA), INC. TO THE FIRST AMENDED COMPLAINT OF DELL INC. and DELL PRODUCTS L.P.** |

Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (N/K/A Japan Display, Inc.), Hitachi

America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Ins. (collectively "the

Hitachi Defendants") through their undersigned counsel of record, answer and respond ("Answer")

to plaintiffs Dell Inc.'s and Dell Products L.P.'s (collectively "plaintiffs") First Amended Complaint ("Amended Complaint").

As used in this Answer, and in the interest of brevity, the phrase deny or denies "for want of information or belief" means that the Hitachi Defendants are without knowledge or information sufficient to form a belief as to the truth of an averment of the Amended Complaint, and deny that averment on that basis.  The Hitachi Defendants deny all allegations in the Amended Complaint (including headings and captions) not specifically admitted in this Answer.

1.      The Hitachi Defendants deny each of the averments of Paragraph 1 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 1 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 1 of the Amended Complaint.

2.      The Hitachi Defendants admit that various lawsuits alleging a price-fixing conspiracy have been filed, and that those lawsuits have been joined for pretrial purposes in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, in the Northern District of California.  The remaining averments of Paragraph 2 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the remaining averments of Paragraph 2 may be deemed to require a response, the Hitachi Defendants deny each of the remaining averments of Paragraph 2 of the Amended Complaint.

3.      The Hitachi Defendants deny each of the averments of the first sentence of Paragraph 3 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of the first sentence of Paragraph 3 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of the first sentence of Paragraph 3 of the Amended Complaint.  The remaining averments of Paragraph 3 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that the remaining averments of Paragraph 3 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 3 of the Amended Complaint.

4.      The Hitachi Defendants deny each of the averments of Paragraph 4 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 4 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 4 of the Amended Complaint.

5.      The Hitachi Defendants deny each of the averments of Paragraph 5 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 5 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 5 of the Amended Complaint.

6.      The Hitachi Defendants deny each of the averments of Paragraph 6 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 6 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 6 of the Amended Complaint.

7.      The Hitachi Defendants deny each of the averments of Paragraph 7 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 7 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 7 of the Amended Complaint.

8.      The Hitachi Defendants deny each of the averments of Paragraph 8 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 8 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 8 of the Amended Complaint.

9.      The Hitachi Defendants deny, for want of information and belief, the averments of the first sentence of Paragraph 9 of the Amended Complaint.  The remaining averments of Paragraph 9 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent the remaining averments of Paragraph 9 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the remaining averments of Paragraph 9 of the Amended Complaint.

10.     The Hitachi Defendants deny each of the averments of Paragraph 10 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 10 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 10 of the Amended Complaint.

11.     The averments of Paragraph 11 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 11 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 11 of the Amended Complaint.

12.     The averments of Paragraph 12 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 12 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 12 of the Amended Complaint.

13.     The averments of Paragraph 13 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 13 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 13 of the Amended Complaint.

14.     The averments of Paragraph 14 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 14 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 14 of the Amended Complaint.

15.     The averments of Paragraph 15 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 15 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 15 of the Amended Complaint.

16.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 16 of the Amended Complaint.

17.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 17 of the Amended Complaint.

18.     The averments of Paragraph 18 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that the averments of Paragraph 18 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 18 of the Amended Complaint.

19.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 19 of the Amended Complaint.

20.     The Hitachi Defendants deny each of the averments of Paragraph 20 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 20 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 20 of the Amended Complaint.

21.     The Hitachi Defendants deny each of the averments of Paragraph 21 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 21 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 21 of the Amended Complaint.

22.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 22 of the Amended Complaint.

23.     The Hitachi Defendants admit that Hitachi, Ltd. is a Japanese company with its principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280, Japan.  The Hitachi Defendants deny the remainder of the averments of Paragraph 23 of the Amended Complaint.

24.     The Hitachi Defendants admit that Hitachi Displays, Ltd. was a Japanese company with its principal place of business at 3300, Hayano, Mobara-shi, Chiba-ken, 297-8622, Japan.  The Hitachi Defendants deny the remainder of the averments of Paragraph 24 of the Amended Complaint.

25.     The Hitachi Defendants admit that Hitachi America, Ltd. is a New York company, but deny that its principal place of business is located at 2000 Sierra Point Parkway, Brisbane, California.  Hitachi America, Ltd.'s principal place of business is located at 50 Prospect Avenue, Tarrytown, New York 10591.  The Hitachi Defendants admit that Hitachi America, Ltd. is a

subsidiary of Defendant Hitachi, Ltd.  The Hitachi Defendants deny the remainder of the averments of Paragraph 25 of the Amended Complaint.

26.     The Hitachi Defendants admit that Hitachi Asia, Ltd. is a Singaporean company, but deny that its principal place of business is located at 16 Collyer Quay, #20-00, Hitachi Tower, Singapore 049318.  Hitachi Asia, Ltd.'s principal place of business is located at 7 Tampines Grande, #08-01 Hitachi Square, Singapore 528736.  The Hitachi Defendants deny the remainder of the averments of Paragraph 26 of the Amended Complaint.

27.     The Hitachi Defendants admit that Hitachi Electronic Devices (USA), Inc. is a Delaware corporation, but deny that its principal place of is located at 575 Mauldin Road, Greenville, South Carolina 29607.  Hitachi Electronic Devices (USA)'s principal place of business is located at 208 Fairforest Way, Greenville, South Carolina 29607.  The Hitachi Defendants deny the remainder of the averments of Paragraph 27 of the Amended Complaint.

28.     The Hitachi Defendants deny, for want of information or belief, the averments of the first sentence of Paragraph 28 of the Amended Complaint that "Defendant Shenzhen SEG Hitachi Color Display Devices, Ltd. ('Hitachi Shenzhen') was a Chinese company with its principal place of business located at 5001 Huanggang Road, Futian District, Shenzhen 518035, China."  To the extent the remaining averments of Paragraph 28 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of the rest of Paragraph 28 of the Amended Complaint.

29.     The Hitachi Defendants deny each of the averments of Paragraph 29 of the Amended Complaint as it pertains to the Hitachi Defendants. To the extent the averments of Paragraph 29 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 29 of the Amended Complaint.

30.     The averments of Paragraph 30 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 30 may be

deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 30 of the Amended Complaint.

31.     The averments of Paragraph 31 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 31 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 31 of the Amended Complaint.

32.     The averments of Paragraph 32 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 32 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 32 of the Amended Complaint.

33.     The averments of Paragraph 33 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 33 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 33 of the Amended Complaint.

34.     The averments of Paragraph 34 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 34 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 34 of the Amended Complaint.

35.     The averments of Paragraph 35 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 35 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 35 of the Amended Complaint.

36.     The averments of Paragraph 36 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 36 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 36 of the Amended Complaint.

37.     The averments of Paragraph 37 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 37 may be

deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 37 of the Amended Complaint.

38.     The averments of Paragraph 38 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 38 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 38 of the Amended Complaint.

39.     The averments of Paragraph 39 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 39 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 39 of the Amended Complaint.

40.     The averments of Paragraph 40 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 40 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 40 of the Amended Complaint.

41.     The averments of Paragraph 41 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 41 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 41 of the Amended Complaint.

42.     The averments of Paragraph 42 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 42 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 42 of the Amended Complaint.

43.     The averments of Paragraph 43 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 43 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 43 of the Amended Complaint.

44.     The averments of Paragraph 44 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 44 may be

deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 44 of the Amended Complaint.

45.     The averments of Paragraph 45 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 45 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 45 of the Amended Complaint.

46.     The averments of Paragraph 46 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 46 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 46 of the Amended Complaint.

47.     The averments of Paragraph 47 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 47 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 47 of the Amended Complaint.

48.     The averments of Paragraph 48 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 48 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 48 of the Amended Complaint.

49.     The averments of Paragraph 49 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 49 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 49 of the Amended Complaint.

50.     The averments of Paragraph 50 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 50 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 50 of the Amended Complaint.

51.     The averments of Paragraph 51 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 51 may be

1   deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each
2   of the averments of Paragraph 51 of the Amended Complaint.

3          52.     The averments of Paragraph 52 of the Amended Complaint are not directed at the
4   Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 52 may be
5   deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each
6   of the averments of Paragraph 52 of the Amended Complaint.

7          53.     The averments of Paragraph 53 of the Amended Complaint are not directed at the
8   Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 53 may be
9   deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each
10  of the averments of Paragraph 53 of the Amended Complaint.

11         54.     The averments of Paragraph 54 of the Amended Complaint are not directed at the
12  Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 54 may be
13  deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each
14  of the averments of Paragraph 54 of the Amended Complaint.

15         55.     The averments of Paragraph 55 of the Amended Complaint are not directed at the
16  Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 55 may be
17  deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each
18  of the averments of Paragraph 55 of the Amended Complaint.

19         56.     The averments of Paragraph 56 of the Amended Complaint are not directed at the
20  Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 56 may be
21  deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each
22  of the averments of Paragraph 56 of the Amended Complaint.

23         57.     The averments of Paragraph 57 of the Amended Complaint are not directed at the
24  Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 57 may be
25  deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each
26  of the averments of Paragraph 57 of the Amended Complaint.

27         58.     The averments of Paragraph 58 of the Amended Complaint are not directed at the
28  Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 58 may be

deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 58 of the Amended Complaint.

59.     The averments of Paragraph 59 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 59 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 59 of the Amended Complaint.

60.     The averments of Paragraph 60 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 60 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 60 of the Amended Complaint.

61.     The averments of Paragraph 61 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 61 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 61 of the Amended Complaint.

62.     The averments of Paragraph 62 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 62 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 62 of the Amended Complaint.

63.     The averments of Paragraph 63 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 63 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 63 of the Amended Complaint.

64.     The averments of Paragraph 64 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 64 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 64 of the Amended Complaint.

65.     The averments of Paragraph 65 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 65 may be

1   deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each

2   of the averments of Paragraph 65 of the Amended Complaint.

3        66.    The averments of Paragraph 66 of the Amended Complaint consist of conclusions of

4   law to which no response is required.  To the extent Paragraph 66 may be deemed to require a

5   response, the Hitachi Defendants deny, for want of information or belief, each of the averments of

6   Paragraph 66 of the Amended Complaint.

7        67.    The averments of Paragraph 67 of the Amended Complaint consist of conclusions of

8   law to which no response is required.  To the extent Paragraph 67 may be deemed to require a

9   response, the Hitachi Defendants deny, for want of information or belief, each of the averments of

10  Paragraph 67 of the Amended Complaint.

11       68.    The averments of Paragraph 68 of the Amended Complaint consist of conclusions of

12  law to which no response is required.  To the extent Paragraph 68 may be deemed to require a

13  response, the Hitachi Defendants deny, for want of information or belief, each of the averments of

14  Paragraph 68 of the Amended Complaint.

15       69.    The averments of Paragraph 69 of the Amended Complaint are not directed at the

16  Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 69 may

17  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each

18  of the averments of Paragraph 69 of the Amended Complaint.

19       70.    The averments of Paragraph 70 of the Amended Complaint are not directed at the

20  Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 70 may

21  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each

22  of the averments of Paragraph 70 of the Amended Complaint.

23       71.    The averments of Paragraph 71 of the Amended Complaint are not directed at the

24  Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 71 may

25  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each

26  of the averments of Paragraph 71 of the Amended Complaint.

27       72.    The averments of Paragraph 72 of the Amended Complaint are not directed at the

28  Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 72 may be

deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 72 of the Amended Complaint.

73.     The averments of Paragraph 73 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 73 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 73 of the Amended Complaint.

74.     The averments of Paragraph 74 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 74 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 74 of the Amended Complaint.

75.     The averments of Paragraph 75 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 75 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 75 of the Amended Complaint.

76.     The averments of Paragraph 76 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 76 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 76 of the Amended Complaint.

77.     The averments of Paragraph 77 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 77 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 77 of the Amended Complaint.

78.     The averments of Paragraph 78 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 78 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 78 of the Amended Complaint.

79.     The averments of Paragraph 79 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 79 may be deemed to require a

1   response, the Hitachi Defendants deny, for want of information or belief, each of the averments of

2   Paragraph 79 of the Amended Complaint.

3          80.     The averments of Paragraph 80 of the Amended Complaint consist of conclusions of

4   law to which no response is required.  To the extent Paragraph 80 may be deemed to require a

5   response, the Hitachi Defendants deny, for want of information or belief, each of the averments of

6   Paragraph 80 of the Amended Complaint.

7          81.     The averments of Paragraph 81 of the Amended Complaint appear to be prefatory or

8   definitional only, and not ones calling for any response.  To the extent that Paragraph 81 may be

9   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 81 of

10  the Amended Complaint.

11         82.     The averments of Paragraph 82 of the Amended Complaint appear to be prefatory or

12  definitional only, and not ones calling for any response.  To the extent that Paragraph 82 may be

13  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 82 of

14  the Amended Complaint.

15         83.     The averments of Paragraph 83 of the Amended Complaint appear to be prefatory or

16  definitional only, and not ones calling for any response.  To the extent that Paragraph 83 may be

17  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 83 of

18  the Amended Complaint.

19         84.     The averments of Paragraph 84 of the Amended Complaint appear to be prefatory or

20  definitional only, and not ones calling for any response.  To the extent that Paragraph 84 may be

21  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 84 of

22  the Amended Complaint.

23         85.     The averments of Paragraph 85 of the Amended Complaint appear to be prefatory or

24  definitional only, and not ones calling for any response.  To the extent that Paragraph 85 may be

25  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 85 of

26  the Amended Complaint.

27         86.     The averments of Paragraph 86 of the Amended Complaint appear to be prefatory or

28  definitional only, and not ones calling for any response.  To the extent that Paragraph 86 may be

deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 86 of the Amended Complaint.

87.     The averments of Paragraph 87 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 87 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 87 of the Amended Complaint.

88.     The averments of Paragraph 88 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 88 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 88 of the Amended Complaint.

89.     The averments of Paragraph 89 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 89 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 89 of the Amended Complaint.

90.     The averments of Paragraph 90 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 90 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 90 of the Amended Complaint.

91.     The averments of Paragraph 91 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required. To the extent that Paragraph 91 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 91 of the Amended Complaint.

92.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 92 of the Amended Complaint.

93.     To the extent the averments of Paragraph 93 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the

Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 93 of the Amended Complaint.

94.    The averments of Paragraph 94 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 94 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 94 of the Amended Complaint.

95.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 95 of the Amended Complaint.

96.    The averments of subparts a-g and i-j of Paragraph 96 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny the averments of Paragraph 96 of the Amended Complaint, but admit that in 2000 LG Electronics, Inc. and Hitachi, Ltd. entered into an agreement to establish a joint venture company for the development, design and marketing of optical disk drives.

97.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 97 of the Amended Complaint.

98.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 98 of the Amended Complaint.

99.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 99 of the Amended Complaint.

100.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 100 of the Amended Complaint.

101.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 101 of the Amended Complaint.

102.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 102 of the Amended Complaint.

103.    The averments of the first sentence of Paragraph 103 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the first sentence of Paragraph 103 may be deemed to require a response, the Hitachi Defendants deny each of the

averments of the first sentence of Paragraph 103 of the Amended Complaint.  The Hitachi Defendants deny each of the remaining averments of Paragraph 103 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the remaining averments of Paragraph 103 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the remaining averments of Paragraph 103 of the Amended Complaint.

104.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 104 of the Amended Complaint.

105.    The Hitachi Defendants deny each of the averments of Paragraph 105 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 105 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 105 of the Amended Complaint.

106.    The averments of Paragraph 106 of the Amended Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 106 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 106 of the Amended Complaint.

107.    To the extent the averments of Paragraph 107 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 107 of the Amended Complaint.

108.    The averments of Paragraph 108 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 108 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 108 of the Amended Complaint as it pertains to the Hitachi Defendants. To the extent the averments of Paragraph 108 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 108 of the Amended Complaint.

109.    The averments of Paragraph 109 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 109 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 109 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 109 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 109 of the Amended Complaint.

110.    To the extent the averments of Paragraph 110 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 110 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 110 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 110 of the Amended Complaint.

111.    To the extent the averments of Paragraph 111 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 111 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 111 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 111 of the Amended Complaint.

112.    To the extent the averments of Paragraph 112 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 112 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 112 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 112 of the Amended Complaint.

113.    To the extent the averments of Paragraph 113 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 113 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 113 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

1    Defendants deny, for want of information or belief, the averments of Paragraph 113 of the Amended
2    Complaint.

3          114.    To the extent the averments of Paragraph 114 of the Amended Complaint are directed
4    at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 114 of
5    the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of
6    Paragraph 114 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi
7    Defendants deny, for want of information or belief, the averments of Paragraph 114 of the Amended
8    Complaint.

9          115.    To the extent the averments of Paragraph 115 of the Amended Complaint are directed
10   at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 115 of
11   the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of
12   Paragraph 115 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi
13   Defendants deny, for want of information or belief, the averments of Paragraph 115 of the Amended
14   Complaint.

15         116.    To the extent the averments of Paragraph 116 of the Amended Complaint are directed
16   at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 116 of
17   the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of
18   Paragraph 116 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi
19   Defendants deny, for want of information or belief, the averments of Paragraph 116 of the Amended
20   Complaint.

21         117.    To the extent the averments of Paragraph 117 of the Amended Complaint are directed
22   at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 117 of
23   the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of
24   Paragraph 117 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi
25   Defendants deny, for want of information or belief, the averments of Paragraph 117 of the Amended
26   Complaint.

27         118.    To the extent the averments of Paragraph 118 of the Amended Complaint are directed
28   at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 118 of

the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 118 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 118 of the Amended Complaint.

119.    To the extent the averments of Paragraph 119 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 119 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 119 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 119 of the Amended Complaint.

120.    To the extent the averments of Paragraph 120 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 120 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 120 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 120 of the Amended Complaint.

121.    The averments of Paragraph 121 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 121 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 121 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 121 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 121 of the Amended Complaint.

122.    To the extent the averments of Paragraph 122 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 122 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 122 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 122 of the Amended Complaint.

1    123.    To the extent the averments of Paragraph 123, including all subparts, of the Amended

2    Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

3    averments of Paragraph 123 as it pertains to the Hitachi Defendants.  To the extent the averments do

4    not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief,

5    the averments of Paragraph 123 of the Amended Complaint.

6    124.    To the extent the averments of Paragraph 124 of the Amended Complaint are directed

7    at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 124 of

8    the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

9    Paragraph 124 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

10   Defendants deny, for want of information or belief, the averments of Paragraph 124 of the Amended

11   Complaint.

12   125.    To the extent the averments of Paragraph 125 of the Amended Complaint are directed

13   at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 125 of

14   the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

15   Paragraph 125 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

16   Defendants deny, for want of information or belief, the averments of Paragraph 125 of the Amended

17   Complaint.

18   126.    The Hitachi Defendants deny each of the averments of Paragraph 126 of the

19   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

20   Paragraph 126 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

21   Defendants deny, for want of information or belief, the averments of Paragraph 126 of the Amended

22   Complaint.

23   127.    The Hitachi Defendants deny each of the averments of Paragraph 127 of the

24   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

25   Paragraph 127 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

26   Defendants deny, for want of information or belief, the averments of Paragraph 127 of the Amended

27   Complaint.

28

128.    The Hitachi Defendants deny each of the averments of Paragraph 128 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 128 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 128 of the Amended Complaint.

129.    The averments of Paragraph 129 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent the averments of Paragraph 129 of the Amended Complaint may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 129 as it pertains to the Hitachi Defendants.  To the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 129 of the Amended Complaint.

130.    The Hitachi Defendants deny each of the averments of Paragraph 130 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 130 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 130 of the Amended Complaint.

131.    The Hitachi Defendants deny each of the averments of Paragraph 131 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 131 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 131 of the Amended Complaint.

132.    The Hitachi Defendants deny each of the averments of Paragraph 132 of the Amended Complaint.

133.    The Hitachi Defendants deny each of the averments of Paragraph 133 of the Amended Complaint.

134.    The Hitachi Defendants deny each of the averments of Paragraph 134 of the Amended Complaint.

135.    The averments of Paragraph 135 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 135 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 135 of the Amended Complaint.

136.    The averments of Paragraph 136 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 136 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 136 of the Amended Complaint.

137.    The averments of Paragraph 137 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 137 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 137 of the Amended Complaint.

138.    The averments of Paragraph 138 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 138 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 138 of the Amended Complaint.

139.    The averments of Paragraph 139 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 139 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 139 of the Amended Complaint.

140.    The averments of Paragraph 140 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 140 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 140 of the Amended Complaint.

141.    The averments of Paragraph 141 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 141 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 141 of the Amended Complaint.

142.     The averments of Paragraph 142 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 142 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 142 of the Amended Complaint.

143.     The averments of Paragraph 143 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 143 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 143 of the Amended Complaint.

144.     The averments of Paragraph 144 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 144 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 144 of the Amended Complaint.

145.     The averments of Paragraph 145 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 145 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 145 of the Amended Complaint.

146.     The averments of Paragraph 146 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 146 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 146 of the Amended Complaint.

147.     The averments of Paragraph 147 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 147 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 147 of the Amended Complaint.

148.     The averments of Paragraph 148 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 148 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 148 of the Amended Complaint.

149.   The averments of Paragraph 149 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 149 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 149 of the Amended Complaint.

150.   The averments of Paragraph 150 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 150 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 150 of the Amended Complaint.

151.   The averments of Paragraph 151 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 151 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 151 of the Amended Complaint.

152.   The averments of Paragraph 152 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 152 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 152 of the Amended Complaint.

153.   The averments of Paragraph 153 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 153 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 153 of the Amended Complaint.

154.   The averments of Paragraph 154 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 154 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 154 of the Amended Complaint.

155.   The averments of Paragraph 155 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 155 may be deemed to require a response, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants

1   and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants

2   deny, for want of information or belief, the averments of Paragraph 155 of the Amended Complaint.

3       156.    The Hitachi Defendants deny, for want of information or belief, the averments of

4   Paragraph 156 of the Amended Complaint.

5       157.    The averments of Paragraph 157 of the Amended Complaint purport to be derived

6   from a Stanford Resources, Inc., and, therefore, no response is required.  To the extent that

7   Paragraph 157 may be deemed to require a response, the Hitachi Defendants respond that the report

8   speaks for itself and deny, for want of information or belief, the averments of Paragraph 157 of the

9   Amended Complaint.

10      158.    The Hitachi Defendants deny, for want of information or belief, each of the

11  averments of the first sentence of Paragraph 158 of the Amended Complaint as they relate to the

12  Hitachi Defendants.  The averments of the second, third, and fourth sentences of Paragraph 158 of

13  the Amended Complaint purport to be derived from a Fuji Chimera Research report, and thus no

14  response is required.  To the extent that the averments of the second, third, and fourth sentences of

15  Paragraph 158 may be deemed to require a response, the Hitachi Defendants respond that the report

16  speaks for itself and deny, for want of information or belief, the averments of the second, third, and

17  fourth sentences of Paragraph 158 of the Amended Complaint.

18      159.    The Hitachi Defendants deny each of the averments of Paragraph 159 of the

19  Amended Complaint as it pertains to the Hitachi Defendants, and specifically deny that there were

20  "periods of unnatural and sustained price stability."  To the extent the averments of Paragraph 159

21  do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information and

22  belief, the averments of Paragraph 159 of the Amended Complaint.

23      160.    The averments of Paragraph 160 of the Amended Complaint consist of conclusions of

24  law to which no response is required.  To the extent that Paragraph 160 may be deemed to require a

25  response, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants,

26  and specifically deny "price increases and price stability . . . inconsistent with a competitive market."

27  To the extent the averments of Paragraph 160 do not pertain to the Hitachi Defendants, the Hitachi

28

1   Defendants deny, for want of information or belief, the averments of Paragraph 160 of the Amended

2   Complaint.

3        161.    The averments of Paragraph 161 of the Amended Complaint are not directed at the

4   Hitachi Defendants and purport to be derived from a statement by the Hungarian Competition

5   Authority, and, therefore, no response is required.  To the extent that the averments of Paragraph 161

6   may be deemed to require a response, the Hitachi Defendants respond that the statement by a

7   Hungarian Competition Authority speaks for itself and deny, for want of information or belief, the

8   averments of Paragraph 161 of the Amended Complaint.

9        162.    The averments of Paragraph 162 of the Amended Complaint are not directed at the

10  Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for want

11  of information or belief, the averments of Paragraph 162 of the Amended Complaint to the extent

12  they relate to defendants other than the Hitachi Defendants.  To the extent the averments of

13  Paragraph 162 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi

14  Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of

15  matters specifically admitted herein.  The Hitachi Defendants admit that C.Y. Lin of Chunghwa

16  Picture Tubes was indicted, the details of which are matters of public record.

17       163.    The averments of Paragraph 163 of the Amended Complaint are not directed at the

18  Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for want

19  of information or belief, the averments of Paragraph 163 of the Amended Complaint to the extent

20  they relate to defendants other than the Hitachi Defendants.  To the extent the averments of

21  Paragraph 163 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi

22  Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of

23  matters specifically admitted herein.  The Hitachi Defendants admit that Tony Cheng of Chunghwa

24  Picture Tubes was indicted, the details of which are matters of public record.

25       164.    The averments of Paragraph 164 of the Amended Complaint are not directed at the

26  Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for want

27  of information or belief, the averments of Paragraph 164 of the Amended Complaint to the extent

28  they relate to defendants other than the Hitachi Defendants.  To the extent the averments of

Paragraph 164 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein. The Hitachi Defendants admit that Chung Cheng Yeh, an employee of a Taiwanese company, was indicted, the details of which are matters of public record.

165. The averments of Paragraph 165 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required. The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 165 of the Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants. To the extent the averments of Paragraph 165 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein. The Hitachi Defendants admit that Seung-Kyu Lee, Yeong-Ug Yang, and Jae-Sik Kim were indicted, the details of which are matters of public record.

166. The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 166 of the Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants. To the extent the averments of Paragraph 166 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein. The Hitachi Defendants admit that on January 28, 2011, Korea's Fair Trade Commission announced a fine of certain CDT manufacturers.

167. The averments of Paragraph 167 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required. The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 167 of the Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants. To the extent the averments of Paragraph 167 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein. The Hitachi Defendants admit that the United States and Samsung SDI entered into a plea agreement, the details of which are matters of public record.

168.    The averments of Paragraph 168 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 168 of the Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants.  To the extent the averments of Paragraph 168 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein.  The Hitachi Defendants admit that on December 5, 2012, the European Commission imposed a penalty on companies other than the Hitachi Defendants.

169.    The Hitachi Defendants deny each of the averments of Paragraph 169 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 169 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 169 of the Amended Complaint.

170.    The averments of Paragraph 170 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 170 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 170 of the Amended Complaint.

171.    The averments of Paragraph 171 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 171 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 171 of the Amended Complaint.

172.    The Hitachi Defendants deny, for want of information or belief, the averments of the first sentence of Paragraph 172 of the Amended Complaint.  The averments of the second sentence of Paragraph 172 of the Amended complaint are not directed at the Hitachi Defendants, and

therefore, no response is required.  To the extent the averments of the second sentence of Paragraph 172 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of the second sentence of Paragraph 172 of the Amended Complaint.

173.    The averments of Paragraph 173 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 173 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 173 of the Amended Complaint.

174.    The averments of Paragraph 174 of the Amended Complaint purport to be derived from a DOJ press release, and, therefore, no response is required.  To the extent that the averments of Paragraph 174 may be deemed to require a response, the Hitachi Defendants respond that the DOJ press release speaks for itself and deny the averments of Paragraph 174, except admit that Hitachi Displays, Ltd. entered into a plea agreement and paid a $31 million fine in connection with allegations that it participated in a conspiracy to fix the prices of TFT-LCD panels sold to Dell, Inc. for use in notebook computers from April 1, 2001, through March 31, 2004.

175.    The averments of the first sentence of Paragraph 175 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the first sentence of Paragraph 175 may be deemed to require a response, the Hitachi Defendants deny each of the averments of the first sentence of Paragraph 175 of the Amended Complaint.  To the extent the remaining averments of Paragraph 175 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 175 of the Amended Complaint.

176.     The averments of Paragraph 176 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 176 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 176 of the Amended Complaint.

177.     The averments of Paragraph 177 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 177 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 177 of the Amended Complaint.

178.     To the extent the averments of Paragraph 178 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 178 of the Amended Complaint.

179.     To the extent the averments of Paragraph 179 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 179 of the Amended Complaint.

180.     To the extent the averments of Paragraph 180 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 180 of the Amended Complaint.

181.     To the extent the averments of Paragraph 181 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 181 of the Amended Complaint.

182.   The averments of Paragraph 182 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 182 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 182 of the Amended Complaint.

183.   The averments of Paragraph 183 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 183 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 183 of the Amended Complaint.

184.   The averments of Paragraph 184 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 184 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 184 of the Amended Complaint.

185.   The averments of Paragraph 185 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 185 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 185 of the Amended Complaint.

186.   The Hitachi Defendants deny, for want of information or belief, each of the averments of the first and fourth sentences of Paragraph 186 of the Amended Complaint.  The remainder of the averments of Paragraph 186 purports to be derived from industry analysts, and thus no response is required.  To the extent that the remainder of the averments of Paragraph 186 may be deemed to require a response, the Hitachi Defendants respond that the industry analysts speak for themselves and deny, for want of information or belief, the remainder of the averments of Paragraph 186 of the Amended Complaint.

187.   The averments of the first sentence of Paragraph 187 purport to be derived from an industry source, and thus no response is required.  To the extent that the averments of the first sentence of Paragraph 187 may be deemed to require a response, the Hitachi Defendants respond that the statements of the industry source speak for themselves and deny, for want of information or belief, the averments of Paragraph 187 of the Amended Complaint.  The Hitachi Defendants deny,

for want of information or belief, each of the averments of the second sentence of Paragraph 187 of the Amended Complaint.

188. The Hitachi Defendants deny, for want of information or belief, each of the averments of the second and third sentences of Paragraph 188 of the Amended Complaint. The first sentence of Paragraph 188 purports to be derived from a CNET News.com article, and thus no response is required. To the extent that the first sentence of Paragraph 188 may be deemed to require a response, the Hitachi Defendants respond that the statement from the article speaks for itself and deny, for want of information or belief, the averments of Paragraph 188 of the Amended Complaint.

189. The Hitachi Defendants deny, for want of information or belief, each of the averments of the first sentence of Paragraph 189 of the Amended Complaint. The remainder of the averments of Paragraph 189 purports to be derived from a keynote speaker at Asia Display, and thus no response is required. To the extent that the remainder of the averments of Paragraph 189 may be deemed to require a response, the Hitachi Defendants respond that the statement by the keynote speaker at Asia Display speaks for itself and deny, for want of information or belief, the remainder of the averments of Paragraph 189 of the Amended Complaint.

190. The averments of Paragraph 190 of the Amended Complaint purport to quote and/or be derived from a BNET Business Network article, and thus no response is required. To the extent that the averments of Paragraph 190 may be deemed to require a response, the Hitachi Defendants respond that the BNET Business Network article speaks for itself and deny, for want of information or belief, the averments of Paragraph 190 of the Amended Complaint.

191. The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 191 of the Amended Complaint.

192. The Hitachi Defendants deny, for want of information or belief, each of the averments of the first sentence of Paragraph 192 of the Amended Complaint. The remainder of the averments of Paragraph 192 purports to be derived from an Infotech Weekly article and thus no response is required. To the extent that the remainder of Paragraph 192 may be deemed to require a response, the Hitachi Defendants respond that the Infotech Weekly article speaks for itself and deny,

1   for want of information or belief, the remainder of the averments of Paragraph 192 of the Amended

2   Complaint.

3       193.    The averments of Paragraph 193 of the Amended Complaint are not directed at the

4   Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 193 may

5   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

6   each of the averments of Paragraph 193 of the Amended Complaint.

7       194.    The averments of Paragraph 194 of the Amended Complaint purport to quote and/or

8   be derived from a Techtree.com article, and thus no response is required.  To the extent that the

9   averments of Paragraph 194 may be deemed to require a response, the Hitachi Defendants respond

10  that the Techtree.com article speaks for itself and deny, for want of information or belief, the

11  averments of Paragraph 194 of the Amended Complaint.

12      195.    The averments of the first sentence of Paragraph 195 of the Amended Complaint

13  consist of conclusions of law to which no response is required.  To the extent that the averments of

14  the first sentence of Paragraph 195 of the Amended Complaint may be deemed to require a response,

15  the Hitachi Defendants deny each of the averments of the first sentence of Paragraph 195 of the

16  Amended Complaint as it applies to the Hitachi Defendants.  To the extent the averments of the first

17  sentence of Paragraph 195 of the Amended Complaint do not pertain to the Hitachi Defendants, the

18  Hitachi Defendants deny, for want of information or belief, each of the averments of the first

19  sentence of Paragraph 195 of the Amended Complaint.  The remainder of the averments of

20  Paragraph 195 purports to quote from the President of Skyworth Macao Commercial Off Shore Co.,

21  Ltd., Finsen Yu, and thus no response is required.  To the extent that the remainder of Paragraph 195

22  may be deemed to require a response, the Hitachi Defendants respond that the statement of the

23  President of Skyworth Macao Commercial Off Shore Co., Ltd. speaks for itself and deny, for want

24  of information or belief, the remainder of the averments of Paragraph 195 of the Amended

25  Complaint.

26      196.    The averments of Paragraph 196 of the Amended Complaint consist of conclusions of

27  law to which no response is required.  To the extent that Paragraph 196 may be deemed to require a

28

response, the Hitachi Defendants deny each of the averments of Paragraph 196 of the Amended Complaint.

197.   The averments of Paragraph 197, including all subparts, of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 197 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 197 of the Amended Complaint.

198.   The averments of Paragraph 198 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 198 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 198 of the Amended Complaint.

199.   The averments of Paragraph 199 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 199 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 199 of the Amended Complaint.

200.   The averments of Paragraph 200 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 200 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 200 of the Amended Complaint.

201.   The averments of Paragraph 201 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 201 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 201 of the Amended Complaint.

202.   The averments of Paragraph 202 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 202 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 202 of the Amended Complaint.

203.   The averments of Paragraph 203 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 203 may be deemed to require a

1   response, the Hitachi Defendants deny each of the averments of Paragraph 203 of the Amended

2   Complaint.

3         204.    The averments of Paragraph 204 of the Amended Complaint consist of conclusions of

4   law to which no response is required.  To the extent that Paragraph 204 may be deemed to require a

5   response, the Hitachi Defendants deny each of the averments of Paragraph 204 of the Amended

6   Complaint.

7         205.    The averments of Paragraph 205 of the Amended Complaint consist of conclusions of

8   law to which no response is required.  To the extent that Paragraph 205 may be deemed to require a

9   response, the Hitachi Defendants deny each of the averments of Paragraph 205 of the Amended

10  Complaint.

11        206.    The Hitachi Defendants deny each of the averments of Paragraph 206 of the

12  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

13  Paragraph 206 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

14  Defendants deny, for want of information or belief, the averments of Paragraph 206 of the Amended

15  Complaint.

16        207.    The Hitachi Defendants deny each of the averments of Paragraph 207 of the

17  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

18  Paragraph 207 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

19  Defendants deny, for want of information or belief, the averments of Paragraph 207 of the Amended

20  Complaint.

21        208.    The averments of the first sentence of Paragraph 208 of the Amended Complaint

22  consist of conclusions of law to which no response is required.  To the extent that the first sentence

23  of Paragraph 208 may be deemed to require a response, the Hitachi Defendants deny each of the

24  averments of the first sentence of Paragraph 208 of the Amended Complaint.  The Hitachi

25  Defendants deny each of the averments of the second sentence of Paragraph 208 of the Amended

26  Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of the second

27  sentence of Paragraph 208 of the Amended Complaint do not pertain to the Hitachi Defendants, the

28  Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 208 of the

Amended Complaint.  The averments of the third sentence of Paragraph 208 of the Amended Complaint purport to quote and/or be derived from a Samsung document, and thus no response is required.  To the extent that the averments of the third sentence of Paragraph 208 may be deemed to require a response, the Hitachi Defendants respond that the Samsung document speaks for itself and deny, for want of information or belief, the averments of the third sentence of Paragraph 208 of the Amended Complaint.  The averments of the fourth sentence of Paragraph 208 of the Amended Complaint purport to quote and/or be derived from CPT reports, and thus no response is required. To the extent that the averments of the fourth sentence of Paragraph 208 may be deemed to require a response, the Hitachi Defendants respond that the CPT reports speak for themselves and deny, for want of information or belief, the averments of the third sentence of Paragraph 208 of the Amended Complaint.

209.    The averments of the first sentence of Paragraph 209 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the first sentence of Paragraph 209 may be deemed to require a response, the Hitachi Defendants deny each of the averments of the first sentence of Paragraph 209 of the Amended Complaint.  The averments of the subparts of Paragraph 209 of the Amended Complaint purport to quote and/or be derived from various documents, and thus no response is required.  To the extent that the averments of the subparts of Paragraph 209 may be deemed to require a response, the Hitachi Defendants respond that the documents speak for themselves and deny, for want of information or belief, the averments of the subparts of Paragraph 209 of the Amended Complaint.

210.    The averments of the first sentence of Paragraph 210 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the first sentence of Paragraph 210 may be deemed to require a response, the Hitachi Defendants deny each of the averments of the first sentence of Paragraph 210 of the Amended Complaint.  The averments of the subparts of Paragraph 210 of the Amended Complaint purport to quote and/or be derived from "meeting minutes," and thus no response is required.  To the extent that the averments of the subparts of Paragraph 210 may be deemed to require a response, the Hitachi Defendants respond that

the "meeting minutes" speak for themselves and deny, for want of information or belief, the averments of the subparts of Paragraph 210 of the Amended Complaint.

211.     The Hitachi Defendants deny each of the averments of Paragraph 211 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 211 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 211 of the Amended Complaint.

212.     The averments of Paragraph 212 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 212 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 212.

213.     The averments of Paragraph 213 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 213 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 213.

214.     The averments of Paragraph 214 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 214 may be deemed to require a response, the Hitachi Defendants respond that the statement of the Deputy General Manager for an LG Electronics distributor speaks for itself and deny, for want of information or belief, the averments of Paragraph 214 of the Amended Complaint.

215.     The Hitachi Defendants deny each of the averments of Paragraph 215 of the Amended Complaint as it pertains to the Hitachi Defendants. To the extent the averments of Paragraph 215 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 215 of the Amended Complaint.

216.     The Hitachi Defendants deny each of the averments of Paragraph 216 of the Amended Complaint as it pertains to the Hitachi Defendants. To the extent the averments of Paragraph 216 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

1    Defendants deny, for want of information or belief, the averments of Paragraph 216 of the Amended

2    Complaint.

3          217.    The averments of Paragraph 217 of the Amended Complaint consist of conclusions of

4    law to which no response is required.  To the extent that Paragraph 217 may be deemed to require a

5    response, the Hitachi Defendants, for want of information or belief, deny each of the averments of

6    Paragraph 217.

7          218.    The averments of Paragraph 218 of the Amended Complaint consist of conclusions of

8    law to which no response is required.  To the extent that Paragraph 218 may be deemed to require a

9    response, the Hitachi Defendants, for want of information or belief, deny each of the averments of

10   Paragraph 218.

11         219.    Answering the averments of Paragraph 219 of the Amended Complaint, the Hitachi

12   Defendants incorporate by reference their responses, set forth above in this Answer and as if set

13   forth fully herein, to the averments of Paragraphs 1 through 218 of the Amended Complaint.

14         220.    The averments of Paragraph 220 of the Amended Complaint consist of conclusions of

15   law to which no response is required.  To the extent that Paragraph 220 may be deemed to require a

16   response, the Hitachi Defendants, for want of information or belief, deny each of the averments of

17   Paragraph 220.

18         221.    The averments of Paragraph 221 of the Amended Complaint consist of conclusions of

19   law to which no response is required.  To the extent that Paragraph 221 may be deemed to require a

20   response, the Hitachi Defendants, for want of information or belief, deny each of the averments of

21   Paragraph 221.

22         222.    The averments of Paragraph 222 of the Amended Complaint consist of conclusions of

23   law to which no response is required.  To the extent that Paragraph 222 may be deemed to require a

24   response, the Hitachi Defendants, for want of information or belief, deny each of the averments of

25   Paragraph 222.

26         223.    The averments of Paragraph 223 of the Amended Complaint consist of conclusions of

27   law to which no response is required.  To the extent that Paragraph 223 may be deemed to require a

28

response, the Hitachi Defendants, for want of information or belief, deny each of the averments of Paragraph 223.

224.   The averments of Paragraph 224 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 224 may be deemed to require a response, the Hitachi Defendants, for want of information or belief, deny each of the averments of Paragraph 224.

225.   The averments of Paragraph 225 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 225 may be deemed to require a response, the Hitachi Defendants, for want of information or belief, deny each of the averments of Paragraph 225.

226.   The averments of Paragraph 226, including all subparts, of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 226 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 226.

227.   The averments of Paragraph 227 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 227 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 227.

## PLAINTIFFS' PRAYER FOR RELIEF

The Hitachi Defendants deny each of the averments of Paragraphs A through F of plaintiffs' Prayer for Relief in the Amended Complaint, and aver that plaintiffs are not entitled to any relief of any kind for or as against any of the Hitachi Defendants.

## JURY DEMAND

To the extent any response is required to plaintiffs' Jury Trial Demand, the Hitachi Defendants admit that plaintiffs purport to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

Without assuming the burden of proof where it rests upon plaintiffs, the Hitachi Defendants aver the following as separate affirmative and/or additional defenses to plaintiffs' Amended Complaint:

### FIRST DEFENSE

#### (Failure to State a Claim)

Plaintiffs' claim is barred, in whole or in part, because the Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

#### (Statutes of Limitations)

Plaintiffs' claim is barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

#### (Withdrawal)

Plaintiffs' claim is barred, in whole or in part, by reason of the Hitachi Defendants' withdrawal from and/or abandonment of any alleged conspiracy.

### FOURTH DEFENSE

#### (Claim Splitting and Election of Remedies)

Plaintiffs' claim is barred, in whole or in part, by reason of claim splitting and by the doctrine of the election of remedies.

### FIFTH DEFENSE

#### (Laches, Estoppel, Waiver, and/or Unclean Hands)

Plaintiffs' claim is barred, in whole or in part, under the doctrines of laches, estoppels, waiver, and/or unclean hands.

### SIXTH DEFENSE

#### (Reasonable Justification)

Plaintiffs' claim is barred, in whole or in part, because all of the actions of the Hitachi Defendants being challenged by plaintiffs were lawful, justified, pro-competitive, constitute *bona*

*fide* business competition, and were carried out in furtherance of the Hitachi Defendants' legitimate business interests.

## SEVENTH DEFENSE

### (Ratification, Acquiescence, Agreement or Consent)

Plaintiffs' claim is barred, in whole or in part, by reason of plaintiffs' ratification of, or acquiescence, agreement or consent to the conduct of the Hitachi Defendants.

## EIGHTH DEFENSE

### (Accord and Satisfaction, Release and Settlement)

Plaintiffs' claim is barred, in whole or in part, by the doctrines of accord and satisfaction, release and settlement.

## NINTH DEFENSE

### (Government Privilege)

Plaintiffs' claim is barred, in whole or in part, because the alleged conduct of the Hitachi Defendants that is the subject of the Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and as such is non-actionable or privileged.

## TENTH DEFENSE

### (Lack of Standing)

Plaintiffs' claim is barred, in whole or in part, because plaintiffs lack standing to bring the claims asserted in the Amended Complaint.

## ELEVENTH DEFENSE

### (Failure to Plead Fraud Particularly; Rule 9(B) Fed. R. Civ. P)

Plaintiffs' claim is barred, in whole or in part, because plaintiffs have failed to allege fraudulent concealment with particularity.

## TWELFTH DEFENSE

### (Ultra Vires)

Plaintiffs' claim is barred, in whole or in part, because, to the extent that any employee or agent of the Hitachi Defendants engaged in any unlawful act or omission, which unlawful act or

omission the Hitachi Defendants expressly deny, any such actionable act or omission would have been committed by individuals acting *ultra vires*.

## THIRTEENTH DEFENSE

### (Intervening Causes)

Plaintiffs' claim is barred, in whole or in part, because plaintiffs' alleged injuries, if any, stemmed from intervening and/or superseding causes.

## FOURTEENTH DEFENSE

### (Lack of Antitrust Injury)

Plaintiffs' claim is barred, in whole or in part, because plaintiffs have not suffered an antitrust injury.

## FIFTEENTH DEFENSE

### (No Act of The Hitachi Defendants)

Plaintiffs' claim is barred, in whole or in part, because plaintiffs have not been injured in their business or property by reason of any action of the Hitachi Defendants.

## SIXTEENTH DEFENSE

### (Speculative Damages)

Plaintiffs' claim is barred, in whole or in part, because the plaintiffs' alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

## SEVENTEENTH DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs' claim is barred from recovery of damages, in whole or in part, because of and to the extent of plaintiffs' failure to mitigate damages.

## EIGHTEENTH DEFENSE

### (Pass Through)

Plaintiffs' claim for an illegal overcharge is barred, in whole or in part, to the extent that such overcharge, the existence of which the Hitachi Defendants expressly deny, was absorbed, in whole or in part, by others, and was not passed through to plaintiffs.

**NINETEENTH DEFENSE**

**(Restitution)**

Plaintiffs' claim is barred from recovery of damages, in whole or in part, to the extent that any restitution or award of damages to plaintiffs would be excessive and punitive, and disproportionate to any alleged injury suffered by plaintiffs.

**TWENTIETH DEFENSE**

**(Available Remedy At Law)**

Plaintiffs' claim for injunction or other equitable relief is barred, in whole or in part, because plaintiffs have available an adequate remedy at law.

**TWENTY-FIRST DEFENSE**

**(Injunction)**

Plaintiffs' claim for injunction is barred, in whole or in part, because plaintiffs seek to enjoin alleged events that have already transpired and without the requisite showing of threatened future harm or continuing violation.

**TWENTY-SECOND DEFENSE**

**(Unjust Enrichment)**

Plaintiffs' claim is barred, in whole or in part, because plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Amended Complaint.

**TWENTY-THIRD DEFENSE**

**(Improper Venue)**

Plaintiffs' claim is barred, in whole or in part, because venue does not lie in this Court.

**TWENTY-FOURTH DEFENSE**

**(Comparative Fault)**

Plaintiffs' claim is barred, in whole or in part, to the extent the injuries alleged in the Amended Complaint, the fact and extent of which are expressly denied by the Hitachi Defendants, were directly and proximately caused by or contributed to by the statements, acts or omissions of plaintiffs or third persons or entities unaffiliated with the Hitachi Defendants.

### TWENTY-FIFTH DEFENSE

### (Res Judicata and/or Collateral Estoppel)

Plaintiffs' claim is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### TWENTY-SIXTH DEFENSE

### (Foreign Trade Antitrust Improvements Act)

Plaintiffs' claim is barred, in whole or in part, because plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a. The Court therefore lacks subject matter jurisdiction.

### TWENTY-SEVENTH DEFENSE

### (Foreign Sales)

Plaintiffs' claim is barred, in whole or in part, to the extent plaintiffs seek to recover damages, if any, based on sales outside of the United States.

### TWENTY-EIGHTH DEFENSE

### (Improper Joinder)

Plaintiffs' claim is barred, in whole or in part, because plaintiffs' claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to all defendants.

### TWENTY-NINTH DEFENSE

### (Failure To Exhaust Remedies)

Plaintiffs' claim is barred, in whole or in part, because plaintiffs failed to exhaust all remedies against the parties with whom each plaintiff is in privity.

### THIRTIETH DEFENSE

### (No Multiple Recoveries)

Plaintiffs' claim is barred, in whole or in part, to the extent it would result in the Hitachi Defendants paying damages to more than one claimant for the same alleged overcharge, because such multiple recoveries would violate rights guaranteed to the Hitachi Defendants by the United

States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

## THIRTY-FIRST DEFENSE

### (Voluntary Payment Doctrine)

Plaintiffs' claim is barred, in whole or in part, by the voluntary payment doctrine, under which plaintiffs are not entitled to recover payments made with full knowledge of the facts.

## THIRTY-SECOND DEFENSE

### (Incorporation of Defenses of Others)

The Hitachi Defendants adopt by reference any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

## THIRTY-THIRD DEFENSE

### (Privilege)

Plaintiffs' claim should be dismissed to the extent that it is barred, in whole or in part, because any action taken by or on behalf of the Hitachi Defendants was justified, constituted bona fide business competition, and was taken in pursuit of its own legitimate business and economic interests and is therefore privileged.

## THIRTY-FOURTH DEFENSE

### (Noerr-Pennington Doctrine)

Plaintiffs' claim should be dismissed to the extent that is barred, in whole or in part, by the doctrine of Noerr-Pennington.

## THIRTY-FIFTH DEFENSE

### (Forum Non Conveniens)

The Amended Complaint should be dismissed on the grounds of forum non conveniens.

## THIRTY-SIXTH DEFENSE

### (Improper Forum/Arbitration)

Plaintiffs' claim should be dismissed to the extent that it is barred, in whole or in part, because plaintiffs have agreed to arbitration or chose a different forum for the resolution of their claim.

### THIRTY-SEVENTH DEFENSE

**(Intervening Conduct)**

Plaintiffs' claim should be dismissed to the extent that it is barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of the Hitachi Defendants and/or were caused, if at all, solely and proximately by the conduct of third parties, including, without limitations, the prior, intervening or superseding conduct of such third parties.

### THIRTY-EIGHTH DEFENSE

**(Lack of Subject Matter Jurisdiction)**

This Court lacks subject-matter jurisdiction over plaintiffs' claim pursuant to, but not limited to, the Foreign Trade Antitrust Improvements Act.

### THIRTY-NINTH DEFENSE

**(Reservation of Other Defenses)**

The Hitachi Defendants reserve the right to assert other defenses as this action proceeds up to and including the time of trial.

**WHEREFORE**, Hitachi, Ltd., Hitachi Displays, Ltd. (N/K/A Japan Display, Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd, and Hitachi Electronic Devices (USA) Inc. each pray that:

1.     The Court dismiss with prejudice Dell Inc.'s and Dell Products L.P.'s First Amended Complaint;

2.     Plaintiffs recover no relief of any kind against Defendants Hitachi, Ltd., Hitachi Displays, Ltd (N/K/A Japan Display, Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd, and Hitachi Electronic Devices (USA), Inc., or any of them;

3.     Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (N/K/A Japan Display, Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd, and Hitachi Electronic Devices (USA) Inc., and each of them, have and recover their respective costs of suit against plaintiffs and each of them; and

1        4.      The Court award to Hitachi, Ltd., Hitachi Displays, Ltd. (N/K/A Japan Display, Inc.),

2    Hitachi America, Ltd., Hitachi Asia, Ltd, and Hitachi Electronic Devices (USA) Inc., and each of

3    them, such further relief as may be appropriate.

4    DATED:  October 28, 2013                    Respectfully submitted,

5                                                KIRKLAND & ELLIS LLP

6

7                                                _/s/ Eliot A. Adelson_____

8                                                Eliot A. Adelson
                                                 Attorneys for Defendant,
                                                 HITACHI, LTD., HITACHI ASIA, LTD.,
9                                                HITACHI AMERICA, LTD., HITACHI
                                                 ELECTRONIC DEVICES (USA), INC. AND
10                                               HITACHI DISPLAYS, LTD. (n/k/a JAPAN
                                                 DISPLAY INC.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28