WHITE & CASE

White & Case PC
701 Thirteenth Street, NW
Washington, DC 20005

Tel  + 1 202 626 3600
Fax  + 1 202 639 9355
whitecase.com

Direct Dial + 202 626 3696     alau@whitecase.com

October 29, 2013

<u>VIA ECF</u>

Honorable Samuel Conti
Senior District Judge
United States District Court
Northern District of California
Courtroom 1, 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94123

Re:   *In Re: Cathode Ray Tubes (CRT) Antitrust Litigation*, Case No. 07-5944 SC, MDL No. 1917 (N.D. Cal.):  Toshiba Defendants' Response To Plaintiffs' October 15, 2013 Letter Seeking Discovery Order And To Strike Errata

Dear Judge Conti:

    We write in response to the Plaintiffs' October 15, 2013 letter that seeks an order to limit all future deposition objections to "object to form" and further seeks to strike certain entries from the errata sheet associated with the deposition of Toshiba Corporation witness, Yasuki Yamamoto.  Although full of hyperbole and rhetoric, the Plaintiffs' letter fails to establish entitlement to the requested relief.  As such, the Court should not grant the Plaintiffs the relief they seek or any relief whatsoever.

    As to deposition objections, the Plaintiffs complain about "ongoing obstructionist deposition tactics" (Pl. Letter at 1), yet focus their attention entirely on three depositions that occurred in June and July of this year.  Since the time that Judge Legge offered his guidance during the deposition of Mr. Yamamoto, Toshiba attorneys have participated in eight depositions.  The Plaintiffs, however, only complain about objections made by Toshiba's counsel during one of these eight depositions; the record shows that Toshiba's counsel lodged objections appropriately — concisely and in a non-argumentative and non-suggestive manner — during that deposition.  As we explained in our September 30, 2013 letter to the Court, Toshiba's counsel has followed Judge Legge's guidance.  Thus, limiting deposition objections to "object to form" solves no problem because no problem exists; rather, such a limitation prejudices the Toshiba Defendants because many of the cases that are part of this MDL will be remanded to jurisdictions that require specific deposition objections, not simply "object to form" objections.

Honorable Samuel Conti

October 29, 2013

As to the errata sheet entries for Mr. Yamamoto's deposition transcript, the Plaintiffs have provided no justification for the relief they seek. Rule 30(e) of the Federal Rules of Civil Procedure allows a witness to make changes in "form or substance" to deposition transcripts. The changes made by Mr. Yamamoto fall within the parameters of this rule.

I.  **The Plaintiffs Have Not Identified Any Conduct That Justifies Their Request To Limit Deposition Objections To "Object To Form"**

   A.  **Counsel For Toshiba Have Responded Appropriately To Judge Legge's Guidance Concerning Deposition Objections**

The Plaintiffs' letter is based upon their unsupported assertion that there is a "growing problem" at the depositions in this case, whereby counsel for Toshiba are engaging in "obstructionist behavior" through their use of deposition objections. No such problem exists.

As an initial matter, we regret that the Court has to devote any time to this issue. We have attempted to confer with the Plaintiffs in good faith to assuage their concerns. More importantly, we have sought to conduct ourselves in a professional manner in depositions, and will continue to do so in the future. We take seriously our obligations as officers of the Court. Nonetheless, the Plaintiffs went forward with their letter, so we feel obliged to respond in some detail.

Much of the Plaintiffs' letter is devoted to the depositions of Toshiba Corp. employees Kazuhiro Nishimaru (which took place on June 26 – 28, 2013) and Yasuki Yamamoto (which took place on July 1 – 3, 2013). Dissatisfied with the objections made by Toshiba's counsel during the deposition of Mr. Yamamoto, on July 2, 2013, the second day of that deposition, counsel for the Plaintiffs recessed the deposition and placed a call to Special Master Legge to discuss the issue. Although the transcript of the call is inexplicably incomplete, Judge Legge's observations can be summarized succinctly.

After hearing argument from both sides, Judge Legge said that he could not make a ruling without seeing the transcript. He said that the parties had several options: they could stop the deposition and continue it in front of him or another judge; they could stop the deposition and file a motion; or they could continue the deposition. Judge Legge said that, should the parties choose to continue the deposition, it should be conducted under the following conditions: objections should be one to two words each ("Form, ambiguous, form, or whatever it is" (Yamamoto Tr. at 256:25 – 257:1 (Pl. Ex. A)); the parties should not make any substantive objections because all of them are preserved; attorneys should not direct the witness to abstain from answering unless it is for privilege; and parties should use the phrase "same objection" where appropriate. During the call, Toshiba's counsel touched upon improper conduct by Plaintiffs' counsel during the deposition, including bullying the witness (by reminding him of his oath after hearing an unsatisfactory answer) and trying to rush the witness when reviewing documents. Judge Legge said that either party could file a motion addressing the conduct of the other party, but specifically warned all parties that the losing party would be sanctioned. That deposition continued without incident. No party filed papers with Judge Legge upon its completion.

Honorable Samuel Conti

October 29, 2013

WHITE & CASE

Thus, although not noted by the Plaintiffs in their letter, both sides raised behavioral issues during the conference call with Judge Legge. Whatever the merits of those issues, there is no legitimate complaint about the behavior of any Toshiba counsel since that time.

In their letter, the Plaintiffs complain about objections made by Toshiba's counsel during three depositions: the June 26 – 28, 2013 deposition of Mr. Nishimaru; the July 1 – 3, 2013 deposition of Mr. Yamamoto; and the July 24 – 26, 2013 deposition of Samsung SDI's Jae In Lee. The deposition of Mr. Nishimaru occurred before the July 2 conference call with Judge Legge; as a result, we did not have the benefit of Judge Legge's guidance for purposes of that deposition. With respect to the deposition of Mr. Yamamoto, the Plaintiffs *only* complain about objections that occurred *before* the Plaintiffs called Judge Legge; again, we did not have the benefit of Judge Legge's guidance for the early part of that deposition.

With respect to the Jae In Lee deposition, the Plaintiffs make the conclusory statement that Toshiba's counsel made "thousands" of objections "for a witness he did not even represent." Pl. Letter at 2. By this argument, the Plaintiffs ignore the fact that this case involves joint-and-several liability. Consequently, all defense counsel need to be vigilant during the course of all depositions. Not only did the objections comply with the discovery and case management protocol, but the objections did not overlap with the objections of Mr. Lee's counsel. The objections were concise and made in a non-argumentative, non-suggestive manner. The Plaintiffs do not contend otherwise. If the Plaintiffs truly believed that the *number* of objections made by Toshiba's counsel was unreasonable, it was incumbent upon them to file a motion with Judge Legge. They chose not to do so. The Plaintiffs also criticize Toshiba's counsel for expressing his belief in the Jae In Lee deposition that the comments offered by Judge Legge during the Yamamoto deposition ████████████████████████████████████ Jae In Lee Tr. at 115:8-9 (Pl. Ex. B). That statement, however, does not mean that Toshiba counsel was ignoring what Judge Legge said during the Yamamoto deposition. On the contrary, a fair reading of the Jae In Lee transcript reveals that Toshiba's counsel was in fact making succinct objections, consistent with the purpose and intent behind the Federal Rules, as well as Judge Legge's comments.

The Plaintiffs' description of an "ongoing" problem is curious given that their arguments are focused entirely on depositions that occurred over three months ago. By their letter, the Plaintiffs do not question many depositions that have occurred since the Yamamoto deposition where counsel for Toshiba have participated: (i) the July 11 – 12, 2013 deposition of Hitachi's Thomas Schmitt; (ii) the July 16 – 17, 2013 deposition of LG's Pil Jae Lee; (iii) the July 19 – 20, 2013 deposition of LG's Jin Kang Jung; (iv) the July 31 – August 2, 2013 deposition of Panasonic's Masaki Sanogawaya; (v) the September 11 – 13, 2013 deposition of Samsung SDI's J.Y. Youn; (vi) the September 25 – 27, 2013 deposition of Toshiba's Shinichiro Tsuruta; and (vii) the October 8 – 9, 2013 deposition of Panasonic's Masashi Muramatsu. Of these depositions, perhaps the Tsuruta deposition is the most noteworthy. If Toshiba's counsel were engaging in "obstructionist" behavior, then certainly that behavior would have manifested itself during the recent deposition of one of Toshiba's own employees. Yet, the Plaintiffs voice no complaints about the Tsuruta deposition. As a result, it is apparent that the Plaintiffs' assertions of a "growing problem" of "obstructionist deposition tactics" are simply bereft of merit. Again,

Honorable Samuel Conti

October 29, 2013

we have followed both the letter and spirit of Judge Legge's comments and will continue to do so in the future.

### B. Limiting Deposition Objections To "Object To Form" Will Prejudice The Toshiba Defendants

Aside from the fact that there is no "obstructionist" behavior on the part of Toshiba's counsel, there is a separate reason why the Court should reject the Plaintiffs' request to limit deposition objections to "object to form." Many of the cases in this MDL will be remanded to jurisdictions that require specific objections, not merely a generic "object to form." Thus, the Toshiba Defendants would be prejudiced by the relief sought by Plaintiffs.

Rule 30(c)(2) of the Federal Rules of Civil Procedure addresses deposition objections and provides, in relevant part, that "[a]n objection at the time of the examination . . . must be noted on the record . . . ." That rule further states that "[a]n objection must be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). "This rule envisions that objections be made by stating the word 'objection' and then giving a brief statement of the specific legal grounds for the objection." David Malone, et al., *The Effective Deposition: Techniques And Strategies That Work* 354 (National Institute for Trial Advocacy 2012). Discussing this rule, the 1993 Advisory Committee Notes to Rule 30 state that "objections on grounds that might be immediately *obviated, removed, or cured*, such as to the form of a question" should be made during the deposition. Fed. R. Civ. P. 30 (1993 Advisory Committee Notes) (emphasis added). Critically, Rule 32(d)(3)(B) provides that "[a]n objection to an error or irregularity at an oral examination is *waived* if (i) it relates to . . . the form of a question . . . that might have been corrected at that time" (emphasis added). The discovery and case management protocol for this case echoes these requirements by stating that "all depositions shall be conducted in accordance with all applicable Federal Rules of Civil Procedure" and providing that "[a]ll objections shall be stated concisely in a non argumentative and non suggestive manner." Docket No. 1128, at 10.

Making specific objections on the record (such as "objection, vague"; "objection, lacks foundation") adheres to these rules. By making such objections, "objecting counsel makes clear the basis for objection without coaching the deponent, and questioning counsel has a fair opportunity to cure." David Malone, et al., *The Effective Deposition: Techniques And Strategies That Work*, at 355. When an objecting attorney merely states "object to form," the questioning attorney may not be put on sufficient notice to correct his or her error, and disputes may arise at trial. Thus, the Plaintiffs' proposal to limit all objections to "object to form" cannot be reconciled with the purpose and intent behind the Federal Rules.

It should not escape notice that the Plaintiffs' own attorneys use specific objections during depositions. At the recently concluded deposition of Toshiba's Mr. Tsuruta, counsel for the IPPs used the following objections during the cross-examination: "Objection. Calls for improper testimony from a lay witness. Calls for speculation. Calls for a legal conclusion." Tsuruta Tr. at 443: 3 – 5 (Toshiba Ex. 1). Other examples of the Plaintiffs' objections are contained in Toshiba Exhibits 2 – 5. The objections used by the Plaintiffs appear to be no different than the objections they discuss (and criticize) in their letter. Illustrative of the

4

Honorable Samuel Conti

October 29, 2013

Plaintiffs' use of objections occurred during the deposition of Panasonic's Masaki Sanogawaya. During that deposition — less than a month after the call with Judge Legge — Plaintiffs' counsel lodged multiple objections to numerous questions posed by the Defendants. According to the Plaintiffs, it is somehow inappropriate to make objections on multiple pages of a transcript. Yet, using the Plaintiffs' metric, the Plaintiffs lodged objections on 24 of 25 pages during Defendants' questions, *i.e.* 96 percent. (Toshiba Ex. 6). Here is a sample of Plaintiffs' objections:



Sanogawaya Tr. at 508:19-24.

Sanogawaya Tr. at 512:23-513:4; *see also* Sanogawaya Tr. at 511:18-25, 513:24-514:4, 519:1-7 (Toshiba Ex. 6); ABC Warehouse Tr. at 57:4-11, 140:13-141:24, 231:18-23 (Toshiba Ex. 7) (during the August 23, 2013 Rule 30(b)(6) deposition of direct-action plaintiff ABC Warehouse, counsel for the Plaintiffs — who attended by phone — lodged multiple strings of objections and, contrary to sections IX and XI.A. of the Discovery Protocol, repeatedly "joined" the objections made by the witness's attorney).

Both Toshiba and the Plaintiffs have utilized specific objections during depositions in this case because that is the accepted manner in which to make such objections. *See* David Malone, et al., *The Effective Deposition: Techniques And Strategies That Work*, at 354 ("For example, an objection to a compound question would be stated as 'Objection: Compound question.'"); Henry L. Hecht, *Effective Depositions* 351 (2d ed. 2010) (identifying the types of objections that are "waived if not made at the deposition" and noting that the defect identified by the objection "usually can be cured by rephrasing the question"); *accord State Farm Mutual Automobile Ins. Co. v. Dowdy*, 445 F. Supp. 2d 1289, 1293 (N.D. Okla. 2006) (listing "typical objections" such as vague, argumentative, asked and answered, and assumes facts not in evidence). Because this is an MDL case, the Toshiba Defendants need to make the type of objections that are generally accepted in jurisdictions across the United States, else they risk having those objections waived. Limiting Toshiba's counsel to "object to form" is simply inadequate to preserve deposition objections.

Honorable Samuel Conti

October 29, 2013

**WHITE & CASE**

In their letter, the Plaintiffs cite to several cases where the Court awarded sanctions due to deposition misconduct. Pl. Letter at 3. Those cases are inapposite because the Plaintiffs specifically state in their letter that they are *not* seeking sanctions. Pl. Letter at 5. In any event, the facts of those cases are not present here. *See Craig v. St. Anthony's Medical Center*, 384 Fed. Appx. 531, 532 (8th Cir. 2010) (unpublished) ("Our review of the relevant deposition reveals a substantial number of argumentative objections together with suggestive objections and directions to the deponent to refrain from answering questions without asserting a valid justification under Rule 30(c)(2)."); *Morales v. Zondo, Inc.*, 204 F.R.D. 50, 54 (S.D.N.Y. 2001) ("Although the questions posed by Diedrich could certainly have been more focused, Nelson's detailed objections, private consultations with the witness, instructions not to answer, instructions how to answer, colloquies, interruptions, and ad hominem attacks disrupted the examination of Elizondo and protracted the length of the deposition."); *Van Pilsum v. Iowa State University of Science and Technology*, 152 F.R.D. 179, 180 (S.D. Iowa 1993) ("Mr. Barrett repeatedly took it upon himself to restate Defendants' counsel's questions in order to 'clarify' them for the Plaintiff"); *Unique Concepts, Inc. v. Brown*, 115 F.R.D. 292, 293 (S.D.N.Y. 1987) ("Indeed, on practically every page Rosen interposes with a remark, an opinion, or speech lecturing the examiner.").

Elsewhere in their letter, the Plaintiffs cite to cases where the Court has instructed the parties to limit their deposition objections to "object to form." Pl. Letter at 5. The standing order in the *ODD* case used by Magistrate Judge Spero follows the minority rule on this issue. Although perhaps sufficient for cases actually litigated in this district, that rule would prejudice the Toshiba Defendants in those originating jurisdictions that require specific objections. The facts in *Perez v. State Farm Mutual Automobile Ins. Co.*, No. C-06-01962 JW (PSG), 2011 WL 1496326 (N.D. Cal. Apr. 20, 2011), were extreme: during a very short deposition, defense counsel instructed the witness not to answer on 39 separate occasions and coached the witness by nodding his head with respect to certain questions. In order to curb this type of behavior, the Court instructed counsel to refrain from speaking objections and other forms of colloquy and to merely state "objection, form" when objecting to the form of a question. The extreme facts of *Perez* are not present here.

By their letter, the Plaintiffs also identify certain objections in the pre-guidance Nishimaru and Yamamoto depositions that they consider to be "frivolous." Pl. Letter at 3. We disagree. For example, the first objection that the Plaintiffs list — to "Do you speak English?" — was, in full context, entirely appropriate. We know from experience that these Plaintiffs use this seemingly innocuous question as a basis for attempting to coerce a witness to provide sworn testimony in English, rather than his native tongue, or for suggesting that the witness had a native speaker's understanding of all communications he may have received in English. But there are obviously degrees of proficiency in English. And the question's use of the present tense ignores the fact that the events in the case, when the witness's facility with English may have been most relevant, were many years ago. Accordingly, Toshiba's counsel lodged his concise, non-argumentative, and non-suggestive objection to preserve these arguments for trial.

The Plaintiffs also complain about the objections made to the question, "What group did have authority to make pricing decisions, sir?" Pl. Letter at 3. At that point in the deposition,

Honorable Samuel Conti

October 29, 2013

**WHITE & CASE**

the Plaintiffs' counsel had laid no foundation at all that Mr. Yamamoto would be in a position to know the answer to this question. Plaintiffs' counsel also did not limit her question to a time period or even a certain product or type of product, making the question almost indecipherable, particularly given that Plaintiffs' counsel repeatedly used the term "CRTs" when referring to either CPTs, CDTs, or both. Moreover, the question assumes that there was such a "group," a fact that had neither been established in Mr. Yamamoto's deposition, nor in any other Toshiba deposition. Each objection made by Toshiba's counsel pertains to these flaws and, therefore, provided Plaintiffs' counsel an opportunity to cure them by, for example, laying the proper foundation and specifying the time period and product to which she was referring.

We remain committed to working with the Plaintiffs to complete the remaining depositions in a professional manner, adhering to the discovery rules embodied in the Federal Rules of Civil Procedure and following the guidance set forth by Judge Legge. During our meet-and-confers with the Plaintiffs, we have identified certain issues where we believe the Plaintiffs can improve (for example, refraining from giggling and scoffing at the witnesses' answers and avoiding the use of demonstrative and threatening hand gestures when examining the witnesses). These issues remain outstanding. Thus, if the Court is inclined to grant the Plaintiffs any relief, it should also specifically forbid the use of (1) intimidating or harassing hand gestures on the part of examining attorneys; and (2) commentary on the witnesses' answers by other participants in the deposition (for example, giggling and scoffing).[1]

## II. The Deposition Errata Sheet For Yasuki Yamamoto Merely Makes Changes In "Form or Substance," As Authorized By Rule 30(d)

By their letter, the Plaintiffs also challenge three types of changes contained in the errata sheet for Mr. Yamamoto, a Japanese speaker who testified at his deposition with the assistance of an interpreter. Mr. Yamamoto's changes were modest and clarifying, easily justified by precedent.

Pursuant to Rule 30(e) of the Federal Rules of Civil Procedure, a deponent may make "changes in form or substance" to the transcript. The rule permits: (i) corrective, not contradictory, changes to deposition transcripts; (ii) changes in form or substance; or (iii) changes where there is a plausible explanation for the contradiction. *See Herring v. Teradyne, Inc.*, No. Civ. 01CV1835–L (JFS), 2002 WL 32068318, at *2 (S.D. Cal. Nov. 4, 2002) ("Under the majority approach, courts apply a broad reading to Rule 30(e)'s language, which permits deponents to make changes in form or substance and to append any changes made by the deponent to the filed transcript.") (quoting *Pepsi-Cola Bottling Co. of Pittsburgh v. Pepsico, Inc.*, No. CIV.A.01-2009-KHV, 2002 WL 511506, at *2 (D. Kan. Apr. 3, 2002)). Because the errata entries challenged by the Plaintiffs are permissible changes in "form or substance," the Court should deny the Plaintiffs' request to strike those entries.

---

[1] Not only is there no basis for Plaintiffs' requested relief against the Toshiba Defendants, the Plaintiffs' letter provides no basis to seek a change in the discovery and case management protocol against the remaining defendants in the case, whose deposition objections are not even mentioned in the Plaintiffs' letter.

Honorable Samuel Conti

October 29, 2013

**WHITE & CASE**

*Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217 (9th Cir. 2005), a case relied upon by the Plaintiffs, does not support their arguments. That case discusses the "sham rule," *i.e.*, when a party offers transcript changes "solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment." *Id.* at 1225. No summary judgment motion has been filed in this case, and the Plaintiffs do not argue that Mr. Yamamoto's errata entries were made to defeat summary judgment.

The remaining cases cited by the Plaintiffs stand for the unremarkable proposition that plainly contradictory changes are outside the scope of Rule 30(e). *See Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-CV-1392 JLS (NLS), 2010 WL 4817990, at *2 (S.D. Cal. Nov. 22, 2010) (striking errata entries that "directly contradict Ms. Towns's sworn deposition testimony"); *Lewis v. The CCPOA Benefit Trust Fund*, No. C-08-03228-VRW (DMR), 2010 WL 3398521, at *3-4 (N.D. Cal. Aug. 27 2010) (Ryu, Mag.) (striking changes which were "about-face reversals from 'yes' to 'no,' or vice versa"); *Teleshuttle Techs. LLC v. Microsoft Corp.*, No. C04-02927 JW (HRL), 2005 WL 3259992, at *2-3 (N.D. Cal. Nov. 29, 2005) (Lloyd, Mag.) (striking changes that "outright contradict[] his original answer by changing (1) 'Yes' to 'No' or 'In part'; (2) 'No' or '[C]an't recall' to 'Yes'; (3) an actual or affirmative answer to 'I don't recall' or 'Not really'; or (4) one answer to another answer having the opposite meaning"). None of Mr. Yamamoto's errata entries is contradictory in nature.

### A. Mr. Yamamoto's Errata Entry Changing ▇▇▇▇ To ▇▇▇▇ Is Not Contradictory And Accurately Reflects Mr. Yamamoto's Actual Testimony

Mr. Yamamoto's errata entries regarding his testimony about Exhibit 1790 (Yamamoto Tr. at 312:7, 312:17-21 (Pl. Ex. A)) — a document that he did not remember and had difficulty reading because it was in English — are allowable under Rule 30(e) for two reasons.

*First*, Mr. Yamamoto's errata entries do not "contradict" Mr. Yamamoto's testimony. In fact, the clarification from ▇▇▇▇ to ▇▇▇▇ mimics the preceding sentence in the transcript. In this manner, Mr. Yamamoto's change was "corrective, and not contradictory." *Johnson v. CVS Pharmacy*, No. C 10-03232 WHA, 2011 WL 4802952, at *4 (N.D. Cal. Oct. 11, 2011). In any event, the word ▇▇▇▇ is inherently ambiguous, susceptible to several interpretations. Use of the word ▇▇▇▇ merely clarifies the witness's testimony.

*Second*, Mr. Yamamoto's *actual testimony* was ▇▇▇▇ and not ▇▇▇▇ As we explained to the Plaintiffs in our October 10, 2013 letter, after the Plaintiffs raised this issue in Mr. Yamamoto's errata sheet, we reviewed the portion of the DVD of Mr. Yamamoto's deposition (both in English and in Japanese). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ We have included the DVD excerpt of this exchange with this submission so that the Court may listen to this exchange for itself. This excerpt is included as Clip 1 of Toshiba Exhibit 8 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Honorable Samuel Conti

October 29, 2013

**WHITE & CASE**

### B. Mr. Yamamoto Clarified His Testimony About Exhibit 1416, Clarifications Which Are Contemplated By Rule 30(e)

Likewise, Mr. Yamamoto's errata entries regarding Exhibit 1416 (Yamamoto Tr. at 431:12-13 (Pl. Ex. A)) — another document that Mr. Yamamoto did not recall — are clarifying, not contradictory. Mr. Yamamoto explained that his understanding of Exhibit 1416 was that the parties discussed estimated supply amounts. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The Plaintiffs complain that changing ▮▮▮▮ to ▮▮▮▮ was "a substantive change, not a mere correction." Pl. Letter at 8. We disagree. The word ▮▮▮▮ is ambiguous. The witness's inclusion of the word ▮▮▮▮ merely clarifies his testimony. In explaining why Mr. Yamamoto's change from ▮▮▮▮ to ▮▮▮▮ was contradictory, the Plaintiffs assert that Mr. Yamamoto ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Pl. Letter at 7-8. This is incorrect. Mr. Yamamoto's actual testimony disavows the existence of any price-fixing agreement:



Yamamoto Tr. 429:3-7, 429:10-20 (Pl. Ex. A) (emphasis added). Instead of testifying about an agreement, Mr. Yamamoto specifically rejects the Plaintiffs' counsel's characterization of the document and testifies that his reading of the document was that the author was discussing the parties' predictions on what the future market price would be.

### C. Mr. Yamamoto's Deletions Of "Yes" Or "Right" Clarify Otherwise Confusing Testimony And Are Allowable

Mr. Yamamoto also identified several instances during his deposition where the interpreter translated Mr. Yamamoto's acknowledgement that he heard or understand a question at the beginning of his answer — phonetically, "Hai" — as "yes," or "right," as if Mr. Yamamoto was agreeing with the Plaintiffs' question. *See* Pl. Letter at 8 n.8 (listing the

Honorable Samuel Conti

October 29, 2013

**WHITE & CASE**

following errata entries:  Yamamoto Tr. at 23:17, 32:23, 40:22, 51:17, 85:17, 116:15, 314:18, 377:1 (Pl. Ex. A)).  These errata entries clarify Mr. Yamamoto's testimony and are not contradictory.

The Plaintiffs first raised this issue with Mr. Yamamoto's errata sheet during a meet-and-confer call on October 9, 2013.  After the call, we reviewed the DVD of Mr. Yamamoto's deposition.  As we told the Plaintiffs in our October 10, 2013 letter, the video of his deposition shows that Mr. Yamamoto is simply acknowledging the question.  DVD excerpts of these answers are included as Clips 2-8 of Toshiba Exhibit 8.

A typical answer shows that Mr. Yamamoto removed the interpreter's "right" in order to clarify his answers:



Yamamoto Tr. at 23:11-13, 23:17-19 (Pl. Ex. A); *see Johnson*, 2011 WL 4802952, at *4 (finding errata entries proper when "even within her original deposition answers, plaintiff would occasionally first answer a question 'yes' and then respond with a 'no,' suggesting plaintiff was at least occasionally confused by the question").  As with the other deletions of "yes" or "right" that are challenged by the Plaintiffs, Mr. Yamamoto was simply acknowledging the question.  Such acknowledgement of the question is a common practice of Japanese witnesses.  Even English-speaking witnesses frequently acknowledge questions with "okay."  Such acknowledgement does not mean that the witness is agreeing with the question.  Thus, the changes made by Mr. Yamamoto were entirely permissible.

* * *

For these reasons, the Plaintiffs' request for relief should be denied.

Respectfully submitted,

Lucius B. Lau

cc:  All counsel via ECF