# EXHIBIT 2

```
 1                  UNITED STATES DISTRICT COURT

 2                NORTHERN DISTRICT OF CALIFORNIA

 3                     SAN FRANCISCO DIVISION

 4                            ---o0o---

 5


 6   In Re: CATHODE RAY TUBE (CRT)    )
     ANTITRUST LITIGATION,            )
 7                                    )
                    Plaintiff,        )
 8   _____)      Case No.
                                      )  07-5944 Sc
 9                                    )  MDL No. 1917
     This Document Relates to:        )
10                                    )
     ALL ACTIONS,                     )
11                                    )
     _____)
12

13

14

15

16

17
            VIDEOTAPED DEPOSITION OF KERRY LEE HALL
18
                 WEDNESDAY, MARCH 21, 2012
19

20

21

22

23

24

25   REPORTER: BALINDA DUNLAP, CSR 10710, RPR, CRR, RMR



                                2
```

```
 1   going to instruct you not to answer and divulge
 2   communication of the -- any reply.
 3           THE WITNESS:  Okay.
 4           MR. GRALEWSKI:  Do you want the question
 5   read back?
 6           THE WITNESS:  Yes, please.
 7       Q.  BY MR. FOSTER:  I'll just repeat it.
 8           How long of a time period was it between
 9   the time that you got the email from Mr. Sullivan
10   and you responded the first time?
11       A.  I would say probably within 24 hours.
12       Q.  Was that initial -- was Mr. Sullivan your
13   attorney at that time?
14       A.  No.
15       Q.  Okay.
16           MR. GRALEWSKI:  ==Object to the form of the==
17   ==question to the extent it calls for a legal==
18   ==opinion.==  ==Vague and ambiguous as to time.==
19       Q.  BY MR. FOSTER:  Did you know Mr. Sullivan
20   previous to getting this email?
21       A.  Yes.
22       Q.  How did you know him?
23       A.  From high school.
24       Q.  You went to high school together?
25       A.  Yes.
```

58

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
|       | 1  | A.   It would be the final decision of the                  |
|       | 2  | Court, which would be the defendants on settlement.          |
|       | 3  | Q.   So it is your -- I'm sorry.  Go ahead.                  |
|       | 4  | Did you finish your sentence?                                |
| 11:04 | 5  | A.   Yes.                                                    |
|       | 6  | Q.   Okay.  What was the last part you said?                 |
|       | 7  | A.   It would be the final decision of the                   |
|       | 8  | court order.                                                 |
|       | 9  | Q.   Do you have an understanding that the                   |
| 11:04 | 10 | defendants are responsible for your attorneys'               |
|       | 11 | fees?                                                        |
|       | 12 | A.   Depending on the court order.                           |
|       | 13 | Q.   What is your understanding of who is                    |
|       | 14 | responsible for the litigation costs in this                 |
| 11:04 | 15 | matter?                                                      |
|       | 16 | A.   I'll rely on my attorney for that.                      |
|       | 17 | Q.   So you don't have an understanding of                   |
|       | 18 | that; is that --                                             |
|       | 19 | A.   I am not responsible.                                   |
| 11:04 | 20 | Q.   Do you know who is responsible?                         |
|       | 21 | A.   Could you repeat the question again?                    |
|       | 22 | Q.   Sure.  Do you know who is responsible for               |
|       | 23 | the litigation costs in this matter?                         |
|       | 24 | MR. GRALEWSKI:  ==I'll object to the==                       |
| 11:05 | 25 | ==question; vague and ambiguous as phrased.==  ==This==      |

71

Kerry Lee Hall

BARKLEY
Court Reporters

1      calls for a legal opinion.
2              You can answer the question if you're
3      able.
4              THE WITNESS:  I do not know.
5      Q.   BY MR. FOSTER:  Just so I understand, do
6      you not know who is responsible or do you not
7      understand the question?
8      A.   I don't understand the completeness of
9      your question.
10     Q.   Got you.  So let me see if I can rephrase
11     it.  Do you -- my previous questions dealt with the
12     fees that your attorneys would get or are getting.
13     A.   Uh-huh.
14     Q.   This question actually deals with the
15     costs -- you know, involved in litigating this case
16     that your attorneys incur.
17     A.   Uh-huh.
18     Q.   And my question to you is:  Do you know
19     who is responsible for those costs, paying those
20     costs?
21             MR. GRALEWSKI:  Vague -- object to the
22     form.  Vague and ambiguous.  Calls for a legal
23     opinion.
24             But you can answer the question if you
25     understand it.

72

Kerry Lee Hall

```
                 1        Q.   Okay.  Did you request a discount on the
                 2    television for any reason?
                 3        A.   No.
                 4        Q.   Do you recall if there were any promotions
      11:46     5    for the products at the time you purchased it?
                 6        A.   No, I don't recall.
                 7        Q.   Was there a rebate for the product?
                 8        A.   I don't believe so.
                 9        Q.   Do you know -- do you remember if there
      11:46    10    was a rebate from the manufacturer?
                11        A.   Not that I recall, no.
                12        Q.   Did the price of this product go up after
                13    you purchased it?
                14             MR. GRALEWSKI:  Object to the form.
      11:46    15    Confusing.  Vague and ambiguous.  Lacks foundation.
                16             THE WITNESS:  I do not know that.
                17        Q.   BY MR. FOSTER:  Okay.  Looking back at
                18    Exhibit No. 55, does this indicate the method you
                19    used to pay for the product?
      11:47    20        A.   Yes.
                21        Q.   And what method was that?
                22        A.   The Visa.
                23        Q.   And is that consistent with your
                24    recollection of when you purchased this product?
      11:47    25        A.   Yes.
```

98

Kerry Lee Hall

```
 1              I'll represent that this is a document
 2   request that was issued by Toshiba America
 3   Information Systems, Inc. --
 4        A.   Uh-huh.
 5        Q.   -- to the indirect purchaser plaintiffs in
 6   this matter.
 7        A.   Uh-huh.
 8        Q.   So my question to you is:  On Page 3, one
 9   of the requests in this document is:
10              "All documents relating to
11              communications between you and any
12              defendant."
13        A.   Uh-huh.
14        Q.   And my question is:  Have you searched for
15   documents within your possession this is -- that
16   are responsive to this request?
17        A.   No.
18        Q.   If you look -- maybe we can short-circuit
19   this a little bit.  Have you searched for documents
20   that are within your possession that are responsive
21   to any of the requests contained in this document?
22              MR. GRALEWSKI:  Object to the form of the
23   question.  Many of the requests in this document
24   relate to legal issues, and the -- to the extent it
25   calls for production of such documents, you know,
```

121

Kerry Lee Hall

```
          1    the question is improper.
          2              But to the extent you can answer the
          3    question that's asked without revealing any private
          4    attorney-client information, you can do so.
01:14     5         Q.   BY MR. FOSTER:  You can answer the
          6    question.
          7         A.   I do not know the answer to this, and I'll
          8    rely on my attorney.
          9         Q.   Are you saying you don't know whether
01:14    10    you've searched for documents responsive to
         11    requests in this document, or are you saying that
         12    you do know the answer but you're not answering
         13    because it's based on attorney-client privileged
         14    information?
01:15    15              Is it one of those?
         16         A.   I presented documents that was asked for
         17    by my attorney --
         18         Q.   Uh-huh.
         19         A.   -- and gave what was asked.
01:15    20         Q.   Okay.
         21         A.   Anything further, I'm relying on my
         22    attorney to make that.
         23         Q.   Okay.  Do you recall reviewing this
         24    document for the purpose of determining which
01:15    25    documents that are in your possession should be
```

122

Kerry Lee Hall

BARKLEY
Court Reporters

```
 1        Q.   BY MR. FOSTER:  Do you have any documents
 2   in your possession that are responsive to Request
 3   for Documents No. 7 that you did not give to your
 4   attorney?
 5        A.   No.
 6             MR. GRALEWSKI:  Just a belated objection.
 7   Same objections.  Vague and ambiguous in -- as
 8   phrased.  Requires an interpretation, a legal
 9   interpretation of requests for production.  Calls
10   for legal opinion.
11             (Reporter marked Exhibit No. 58 for
12             identification.)
13        Q.   BY MR. FOSTER:  Ms. Hall, the court
14   reporter's just handed you a document that's been
15   marked as Defense Exhibit No. 58.
16             Have you seen this document before?
17        A.   Yes.
18        Q.   When did you see this document?
19        A.   I do not recall the exact date.
20        Q.   Can you give me an estimate on when you
21   might have seen it?
22        A.   I would have to assume it was presented
23   with the initial packet that I reviewed with my
24   attorney.
25        Q.   Okay.  Were you involved in preparing a
```

131

Kerry Lee Hall

BARKLEY Court Reporters

```
 1          Q.    If you look at the next page, which is
 2     Page 21, in the middle of the paragraph there's a
 3     sentence that begins:
 4                "Specifically, new indirect purchaser
 5                plaintiffs became aware of defendants'
 6                unlawful, anticompetitive behavior
 7                when antitrust authorities in the
 8                United States, Europe, Japan and South
 9                Korea raided the offices of various
10                defendants in November 2007 as part of
11                an international investigation of
12                defendants' price-fixing activities."
13          Do you see that?
14          A.    Yes, I do.
15          Q.    Is that a complete and accurate statement
16     and fully responsive to Interrogatory No. 18?
17                MR. GRALEWSKI:  ==You know, Counsel, that==
18     ==question, as phrased, is misleading, in that you==
19     ==picked out one sentence from an otherwise==
20     ==multi-sentence response and asked her if it was a==
21     ==complete and accurate response.==
22                ==So I am objecting that it is misleading on==
23     ==that basis.==  ==It's also argumentative and harassing==
24     ==as phrased.==
25          Q.    BY MR. FOSTER:  Ms. Hall, you can answer
```