JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Dell Inc. v. Hitachi, Ltd.*, No. 13-cv-02171 | Case No. 07-5944 SC<br><br>MDL. No. 1917<br><br>**DECLARATION OF MOLLY M. DONOVAN IN SUPPORT OF THE TOSHIBA DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)**<br><br>**[re Panasonic Documents]** |

I, Molly M. Donovan, declare as follows:

1. I am an attorney with Winston & Strawn LLP, counsel for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306). On October 29, 2013, Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc. (collectively, "Toshiba") filed an Administrative Motion to Seal (Dkt. 2031), and lodged conditionally under seal, the following documents pursuant to Civil Local Rule 7-11:

(a) Portions of the Toshiba Response to Plaintiffs' October 15, 2013 Letter Seeking Discovery Order and To Strike Errata ("Toshiba Response") that contain information from deposition testimony that the Panasonic Defendants have designated "Highly Confidential"; and

(b) Certain exhibits to the Declaration of Matthew N. Frutig in Support of the Toshiba Response ("Frutig Declaration") that contain transcript or video excerpts of deposition testimony that Defendants have designated as "Highly Confidential."

3. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Toshiba Response and certain exhibits to the Frutig Declaration.

4. Attached as Exhibit 3 to the Frutig Declaration are excerpts from the deposition transcript of Ayumu Kinoshita.

- 2 -

DECL. OF MOLLY M. DONOVAN I/S/O THE
TOSHIBA DEFENDANTS' MOTION TO SEAL

Case No. 07-5944 SC
MDL NO. 1917

1  5. Upon information and belief, the transcript excerpts appearing in Exhibit 3 to the
2  Frutig Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly
3  sensitive business information. These transcript excerpts contain, cite, and/or identify confidential
4  information about the Panasonic Defendants' pricing practices and competitive positions. These
5  transcript excerpts describe relationships with companies that remain important to the Panasonic
6  Defendants' competitive position. I am informed and believe that this is sensitive information and
7  public disclosure of this information presents a risk of undermining the Panasonic Defendants'
8  business relationships, would cause it harm with respect to its competitors and customers, and would
9  put the Panasonic Defendants at a competitive disadvantage.

10  6. Attached as Exhibit 4 to the Frutig Declaration are excerpts from the deposition
11  transcript of Shinichi Iwamoto.

12  7. Upon information and belief, the transcript excerpts appearing in Exhibit 4 to the
13  Frutig Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly
14  sensitive business information. These transcript excerpts contain, cite, and/or identify confidential
15  information about the Panasonic Defendants' pricing practices and competitive positions. I am
16  informed and believe that this is sensitive information and public disclosure of this information
17  presents a risk of undermining the Panasonic Defendants' business relationships, would cause it
18  harm with respect to its competitors and customers, and would put the Panasonic Defendants at a
19  competitive disadvantage.

20  8. Attached as Exhibit 5 to the Frutig Declaration are excerpts from the deposition
21  transcript of Hirokazu Nishiyama.

22  9. Upon information and belief, the transcript excerpts appearing in Exhibit 5 to the
23  Frutig Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly
24  sensitive business information. These transcript excerpts contain, cite, and/or identify confidential
25  information about the Panasonic Defendants' pricing practices and competitive positions. I am
26  informed and believe that this is sensitive information and public disclosure of this information
27  presents a risk of undermining the Panasonic Defendants' business relationships, would cause it
28

- 3 -

1  harm with respect to its competitors and customers, and would put the Panasonic Defendants at a
2  competitive disadvantage.

3      10.    Attached as Exhibit 6 to the Frutig Declaration are excerpts from the deposition
4  transcript of Masaki Sanogawaya.

5      11.    Upon information and belief, the transcript excerpts appearing in Exhibit 6 to the
6  Frutig Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly
7  sensitive business information. These transcript excerpts contain, cite, and/or identify confidential
8  information about the Panasonic Defendants' business practices, pricing practices and competitive
9  positions. These transcript excerpts describe relationships with companies that remain important to
10 the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive
11 information and public disclosure of this information presents a risk of undermining the Panasonic
12 Defendants' business relationships, would cause it harm with respect to its competitors and
13 customers, and would put the Panasonic Defendants at a competitive disadvantage.

14     12.    The Toshiba Response quotes from or describes documents or information designated
15 as "Highly Confidential" by the Panasonic Defendants pursuant to the Stipulated Protective Order,
16 including but not limited to Exhibits 3, 4, 5 and 6. As with the exhibits themselves, I understand that
17 the Panasonic Defendants consider any statements in the Toshiba Response purporting to summarize
18 the exhibits or any other documents or information designated "Highly Confidential" by the
19 Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic
20 Defendants have taken reasonable steps to preserve the confidentiality of information of the type
21 contained, identified, or cited to in Exhibits 3, 4, 5 and 6 and referenced in the Toshiba Response.

22     13.    I declare under penalty of perjury under the laws of the United States of America that
23 the foregoing is true and correct.

24

25 DATED: November 4, 2013    By:   /s/ *Molly M. Donovan*
                                              JEFFREY L. KESSLER (*pro hac vice*)
26                                               Email: jkessler@winston.com
                                              A. PAUL VICTOR (*pro hac vice*)
27                                               Email: pvictor@winston.com
                                              ALDO A. BADINI (257086)
28

Email: abadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

GREGORY D. HULL (57367)
Email: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*