Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Best Buy, Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Best Buy.com L.L.C. and Magnolia Hi-Fi, LLC v. Hitachi, Ltd., et al.*<br><br>Civil Action No. 3:11-CV-05513-SC | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO BEST BUY'S FIRST AMENDED COMPLAINT**<br><br>The Honorable Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

For its Answer to the First Amended Complaint ("FAC") of Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.com, L.L.C., and Magnolia Hi-Fi, LLC ("Best Buy" or "Plaintiffs"), Defendant Toshiba America Electronic Components, Inc. ("TAEC") states as follows:

## I.   INTRODUCTION[1]

1.      The allegations contained in Paragraph 1 consist of Plaintiffs' characterization of their claims and an explanation of defined terms used in FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations in Paragraph 1.  To the extent that the allegations contained in Paragraph 1 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 1 are directed to TAEC, TAEC denies those allegations.

2.      To the extent that the allegations contained in the first sentence of Paragraph 2 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the first sentence of Paragraph 2 are directed to TAEC, TAEC denies these allegations.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 2 and, therefore, denies the allegations.  The remaining sentences in Paragraph 2 consist of Plaintiffs' explanation of defined terms used in its FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations in Paragraph 2.

3.      To the extent that the allegations contained in Paragraph 3 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 3 are directed to TAEC, TAEC denies these allegations.

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the FAC.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S
ANSWER TO BEST BUY'S FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4.      To the extent that the allegations contained in Paragraph 4 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 4 are directed to TAEC, TAEC denies these allegations.

5.      To the extent that the allegations contained in Paragraph 5 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 5 are directed to TAEC, TAEC denies these allegations.

6.      To the extent that the allegations contained in Paragraph 6 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 6 are directed to TAEC, TAEC denies these allegations.

7.      To the extent that the allegations contained in Paragraph 7 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 7 are directed to TAEC, TAEC denies these allegations.

8.      To the extent that Paragraph 8 consists of, or refers to purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 8 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 8 may be deemed to require a response from TAEC, TAEC denies these allegations.

9.      Paragraph 9 consists of Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 9 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 9 are directed to TAEC, TAEC

lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## II.   JURISDICTION AND VENUE

10.   The allegations contained in Paragraph 10 consist of Plaintiffs' characterization of their case, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 10.

11.   The allegations contained in Paragraph 11 consist of Plaintiffs' characterization of their case, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 11.

12.   The allegations contained in Paragraph 12 consist of Plaintiffs' characterization of their case, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 12.

13.   To the extent that the allegations contained in the first sentence in Paragraph 13 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in the first sentence in Paragraph 13 relate to TAEC, TAEC denies the allegations.   TAEC denies the remaining allegations of Paragraph 13.

14.   The allegations contained in the first sentence of Paragraph 14 are legal conclusions to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in the first sentence of Paragraph 14.   To the extent that the remaining allegations of Paragraph 14 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the remaining allegations of Paragraph 14 relate to TAEC, TAEC denies these allegations.

15.   The allegations contained in the first and second sentences of Paragraph 15 are legal conclusions to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in the first and second sentences of Paragraph 15.   To the extent that the allegations contained in the third sentence in

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Paragraph 15 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in the third sentence in Paragraph 15 relate to TAEC, TAEC denies the allegations.

## III.  PARTIES

### A.  Plaintiffs

16.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies the allegations.

17.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies the allegations.

18.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies the allegations.

19.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies the allegations.

20.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the allegations.

21.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies the allegations.

22.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies the allegations.

23.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies the allegations.

24.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies the allegations.

**B.   Defendants**

   **1.   Hitachi Entities**

25.   Paragraph 25 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies the allegations.

26.   Paragraph 26 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies the allegations.

27.   Paragraph 27 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies the allegations.

28.   Paragraph 28 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies the allegations.

29.   Paragraph 29 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies the allegations.

30.   Paragraph 30 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies the allegations.

31.   Paragraph 31 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 31.

   **2.   IRICO Entities**

32.   Paragraph 32 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

33.     Paragraph 33 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, denies the allegations.

34.     Paragraph 34 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

35.     Paragraph 35 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 35.

### 3.    LG Electronics Entities

36.     Paragraph 36 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, denies the allegations.

37.     Paragraph 37 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies the allegations.

38.     Paragraph 38 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 38.

### 4.    LP Displays

39.     Paragraph 39 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies the allegations.

### 5.    Panasonic Entities

40.     Paragraph 40 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

41.      Paragraph 41 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies the allegations.

42.      Paragraph 42 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 42.

43.      Paragraph 43 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies the allegations.

44.      Paragraph 44 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, denies the allegations.

### 6.      Philips Entities

45.      Paragraph 45 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies the allegations.

46.      Paragraph 46 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies the allegations.

47.      Paragraph 47 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, denies the allegations.

48.      Paragraph 48 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, denies the allegations.

49.      Paragraph 49 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 49.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 7.    Samtel

50.    Paragraph 50 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

### 8.    Thai CRT

51.    Paragraph 51 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, denies the allegations.

### 9.    Toshiba Entities

52.    Paragraph 52 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies the allegations except that TAEC admits the allegations contained in the first sentence of Paragraph 52.

53.    Paragraph 53 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 53.

54.    Paragraph 54 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, denies the allegations.

55.    TAEC denies the allegations of Paragraph 55, except that it admits that its business address is 9740 Irvine Boulevard, Irvine, CA 92618 and that it is a wholly-owned subsidiary of Toshiba America, Inc.  TAEC avers that it sold cathode ray tubes and certain electronic devices containing cathode ray tubes during the Relevant Period.

56.    Paragraph 56 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

57.     Paragraph 57 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 57.

**10.   Chunghwa Entities**

58.     Paragraph 58 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, denies the allegations.

59.     Paragraph 59 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and, therefore, denies the allegations.

**IV.  AGENTS AND CO-CONSPIRATORS**

60.     To the extent that the allegations contained in Paragraph 60 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 60 relate to TAEC, TAEC denies the allegations.

61.     To the extent that the allegations contained in Paragraph 61 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 61 relate to TAEC, TAEC denies the allegations.

62.     Paragraph 62 relates to other companies.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and, therefore, denies the allegations.

63.     Paragraph 63 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and, therefore, denies the allegations.

64.     Paragraph 64 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

65.     Paragraph 65 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and, therefore, denies the allegations.

66.     Paragraph 66 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, therefore, denies the allegations.

67.     Paragraph 67 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, therefore, denies the allegations.

68.     Paragraph 68 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and, therefore, denies the allegations.

69.     Paragraph 69 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, denies the allegations.

70.     Paragraph 70 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, therefore, denies the allegations.

71.     Paragraph 71 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and, therefore, denies the allegations.

72.     Paragraph 72 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 72.

73.     Paragraph 73 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

74.     Paragraph 74 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 74.

75.     Paragraph 75 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, therefore, denies the allegations.

76.     Paragraph 76 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, therefore, denies the allegations.

77.     Paragraph 77 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, denies the allegations.

78.     To the extent that the allegations contained in Paragraph 78 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 78 are directed to TAEC, TAEC denies these allegations.

## V.  TRADE AND COMMERCE

79.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and, therefore, denies the allegations.

80.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

81.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

## VI.  FACTUAL ALLEGATIONS

### A.    CRT Technology

82.     TAEC admits the allegations contained in Paragraph 82.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

83.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, therefore, denies the allegations.

84.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and, therefore, denies the allegations.

85.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies the allegations.

86.     To the extent that Paragraph 86 describes CRT technology generally, and claims that CDTs and CPTs are separate products, TAEC admits the allegations in Paragraph 86, but avers that the allegations do not describe comprehensively or accurately all variants of CRT technology.  TAEC denies the remaining allegations in Paragraph 86.

87.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, therefore, denies the allegations.

88.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, therefore, denies the allegations.

89.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, denies the allegations.

90.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 90 and, therefore, denies the allegations.  The second and third sentences of Paragraph 90 consist of argument and Plaintiffs' characterizations of their claims, to which no response is required.  To the extent that allegations contained in the second and third sentences of Paragraph 98 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

91.     Paragraph 91 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 91 may be deemed to require a response from TAEC,

TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**B.    Structure Of The CRT Industry**

92.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, denies the allegations.

**1.    Market Concentration**

93.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, therefore, denies the allegations.

**2.    Information Sharing**

94.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations.

95.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and, therefore, denies the allegations.

**3.    Consolidation**

96.    To the extent that the allegations contained in Paragraph 96 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 96 are directed to TAEC, TAEC denies these allegations.

**4.    Multiple Interrelated Business Relationships**

97.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, denies the allegations.

98.    To the extent that the allegations contained in Paragraph 98 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 98 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 5.    High Costs Of Entry Into The Industry

99.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and, therefore, denies the allegations.

100.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, denies the allegations.

### 6.    The Maturity Of The CRT Product Market

101.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

102.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations.

103.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and, therefore, denies the allegations.

104.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and, therefore, denies the allegations.

105.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and, therefore, denies the allegations.

106.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and, therefore, denies the allegations.

### 7.    Homogeneity Of CRT Products

107.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and, therefore, denies the allegations.

108.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and, therefore, denies the allegations.

### C.    Pre-Conspiracy Market

109.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

110.    Paragraph 110 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and, therefore, denies the allegations.

### D.    Defendants' And Co-Conspirators' Illegal Agreements

111.    To the extent that the allegations contained in Paragraph 111 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 111 are directed to TAEC, TAEC denies these allegations.

112.    To the extent that the allegations contained in Paragraph 112 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 112 are directed to TAEC, TAEC denies these allegations.

113.    To the extent that the allegations contained in Paragraph 113 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 113 are directed to TAEC, TAEC denies these allegations.

114.    To the extent that the allegations contained in Paragraph 114 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 114 are directed to TAEC, TAEC denies these allegations.

115.    To the extent that the allegations contained in Paragraph 115 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

extent that the allegations contained in Paragraph 115 are directed to TAEC, TAEC denies these allegations.

### 1. "Glass Meetings"

116.   To the extent that the allegations contained in Paragraph 116 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 116 are directed to TAEC, TAEC denies these allegations.

117.   To the extent that the allegations contained in Paragraph 117 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 117 are directed to TAEC, TAEC denies these allegations.

118.   To the extent that the allegations contained in Paragraph 118 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 118 are directed to TAEC, TAEC denies these allegations.

119.   To the extent that the allegations contained in Paragraph 119 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 119 are directed to TAEC, TAEC denies these allegations.

120.   To the extent that the allegations contained in Paragraph 120 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 120 are directed to TAEC, TAEC denies these allegations.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

121.    To the extent that the allegations contained in Paragraph 121 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 121 are directed to TAEC, TAEC denies these allegations.

122.    To the extent that the allegations contained in Paragraph 122 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 122 are directed to TAEC, TAEC denies these allegations.

123.    To the extent that the allegations contained in Paragraph 123 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 123 are directed to TAEC, TAEC denies these allegations.

124.    To the extent that the allegations contained in Paragraph 124 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 124 are directed to TAEC, TAEC denies these allegations.

125.    To the extent that the allegations contained in Paragraph 125 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 125 are directed to TAEC, TAEC denies these allegations.

126.    To the extent that the allegations contained in Paragraph 126 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

extent that the allegations contained in Paragraph 126 are directed to TAEC, TAEC denies these allegations.

127.    To the extent that the allegations contained in Paragraph 127 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 127 are directed to TAEC, TAEC denies these allegations.

128.    To the extent that the allegations contained in Paragraph 128 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 128 are directed to TAEC, TAEC denies these allegations.

129.    To the extent that the allegations contained in Paragraph 129 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 129 are directed to TAEC, TAEC denies these allegations.

130.    To the extent that the allegations contained in Paragraph 130 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 130 are directed to TAEC, TAEC denies these allegations.

### 2.    Bilateral Discussions

131.    To the extent that the allegations contained in Paragraph 131 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 131 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

132.    To the extent that the allegations contained in Paragraph 132 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 132 are directed to TAEC, TAEC denies these allegations.

133.    To the extent that the allegations contained in Paragraph 133 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 133 are directed to TAEC, TAEC denies these allegations.

134.    To the extent that the allegations contained in Paragraph 134 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 134 are directed to TAEC, TAEC denies these allegations.

135.    To the extent that the allegations contained in Paragraph 135 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 135 are directed to TAEC, TAEC denies these allegations.

136.    To the extent that the allegations contained in Paragraph 136 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 136 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

### 3. Defendants' And Co-Conspirators' Participation In Group And Bilateral Discussions

137.   Paragraph 137 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 and, therefore, denies the allegations.

138.   Paragraph 138 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 and, therefore, denies the allegations.

139.   Paragraph 139 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 and, therefore, denies the allegations.

140.   Paragraph 140 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 and, therefore, denies the allegations.

141.   Paragraph 141 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 and, therefore, denies the allegations.

142.   Paragraph 142 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 and, therefore, denies the allegations.

143.   Paragraph 143 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and, therefore, denies the allegations.

144.   Paragraph 144 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

145.    Paragraph 145 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 and, therefore, denies the allegations.

146.    Paragraph 146 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 and, therefore, denies the allegations.

147.    Paragraph 147 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 and, therefore, denies the allegations.

148.    Paragraph 148 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 and, therefore, denies the allegations.

149.    Paragraph 149 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 and, therefore, denies the allegations.

150.    Paragraph 150 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 and, therefore, denies the allegations.

151.    Paragraph 151 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 and, therefore, denies the allegations.

152.    Paragraph 152 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 and, therefore, denies the allegations.

153.    To the extent that the allegations contained in Paragraph 154 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

extent that the allegations contained in Paragraph 153 are directed to TAEC, TAEC denies these allegations.

154.    To the extent that the allegations contained in Paragraph 154 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 154 are directed to TAEC, TAEC denies these allegations.

155.    Paragraph 155 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 and, therefore, denies the allegations.

156.    Paragraph 156 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 and, therefore, denies the allegations.

157.    To the extent that Paragraph 157 consists of Plaintiffs' characterization of their claims and explanation of a defined term used in the FAC, no response is required.  To the extent that the allegations contained in Paragraph 157 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 157 may be deemed to require a response from TAEC, TAEC denies these allegations.

**E.    The CRT Market During The Conspiracy**

158.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 and, therefore, denies the allegations.

159.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 and, therefore, denies the allegations.

160.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 and, therefore, denies the allegations.

161.   To the extent that Paragraph 161 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 161 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 161 may be deemed to require a response from TAEC, TAEC denies these allegations.

162.   To the extent that Paragraph 162 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 162 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 162 may be deemed to require a response from TAEC, TAEC denies these allegations.

163.   To the extent that the allegations contained in Paragraph 163 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 163 may be deemed to require a response from TAEC, TAEC denies these allegations.

164.   To the extent that Paragraph 164 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 164 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 164 may be deemed to require a response from TAEC, TAEC denies these allegations.

165.   To the extent that Paragraph 165 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

no response is required.  To the extent that the allegations contained in Paragraph 165 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 165 may be deemed to require a response from TAEC, TAEC denies these allegations.

166.    To the extent that Paragraph 166 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 166 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 166 may be deemed to require a response from TAEC, TAEC denies these allegations.

167.    To the extent that the allegations contained in Paragraph 167 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 167 may be deemed to require a response from TAEC, TAEC denies these allegations.

168.    To the extent that the allegations contained in Paragraph 168 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 168 may be deemed to require a response from TAEC, TAEC denies these allegations.

169.    To the extent that Paragraph 169 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 169 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

allegations.  To the extent that the allegations contained in Paragraph 169 may be deemed to require a response from TAEC, TAEC denies these allegations.

170.    To the extent that the allegations contained in Paragraph 170 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 170 may be deemed to require a response from TAEC, TAEC denies these allegations.

171.    To the extent that the allegations contained in Paragraph 171 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 171 may be deemed to require a response from TAEC, TAEC denies these allegations.

**F.    International Government Antitrust Investigations**

172.    To the extent that the allegations contained in Paragraph 172 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 172 are directed to TAEC, TAEC denies these allegations.

173.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 and, therefore, denies these allegations.

174.    The allegations contained in Paragraph 174 refer to a public annual report, which is the best evidence of its contents.  To the extent that the allegations contained in Paragraph 174 may be deemed to require a response from TAEC, TAEC denies these allegations.

175.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 and, therefore, denies these allegations.

176.    To the extent that Paragraph 176 consists of purported statements by government authorities and/or statements in public documents, those statements speak for

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

themselves and no response is required.  To the extent that the allegations contained in Paragraph 176 may be deemed to require a response from TAEC, TAEC denies those allegations.

177.   To the extent that Paragraph 177 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 177 may be deemed to require a response from TAEC, TAEC denies those allegations.

178.   To the extent that Paragraph 178 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 178 may be deemed to require a response from TAEC, TAEC denies those allegations.

179.   To the extent that the allegations contained in Paragraph 179 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 179 may be deemed to require a response from TAEC, TAEC denies these allegations.

180.   To the extent that Paragraph 180 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 180 may be deemed to require a response from TAEC, TAEC denies those allegations.

181.   To the extent that Paragraph 181 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 181 may be deemed to require a response from TAEC, TAEC denies those allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

182.   To the extent that Paragraph 182 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 182 may be deemed to require a response from TAEC, TAEC denies those allegations.

183.   To the extent that Paragraph 183 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 183 may be deemed to require a response from TAEC, TAEC denies those allegations.

184.   To the extent that the allegations contained in Paragraph 184 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 184 are directed at TAEC, TAEC denies these allegations.

185.   To the extent that the allegations contained in Paragraph 185 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 185 are directed at TAEC, TAEC denies these allegations.

186.   To the extent that the allegations contained in Paragraph 186 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 186 are directed at TAEC, TAEC denies these allegations.

187.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

188.   To the extent that Paragraph 188 consists of purported statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 188 may be deemed to require a response from TAEC, TAEC denies those allegations.

189.   To the extent that Paragraph 189 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 189 may be deemed to require a response from TAEC, TAEC denies those allegations.

190.   To the extent that Paragraph 190 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 190 may be deemed to require a response from TAEC, TAEC denies those allegations.

191.   To the extent that Paragraph 191 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 191 may be deemed to require a response from TAEC, TAEC denies those allegations.

G.     **The Role Of Trade Associations During The Relevant Period**

192.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 and, therefore, denies these allegations.

193.   Paragraph 193 relates to other Defendants and/or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 and, therefore, denies these allegations.

194.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

195.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 and, therefore, denies these allegations.

196.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 and, therefore, denies these allegations.

**H.    Effects Of Defendants' Antitrust Violations**

    **1.    Examples Of Reductions In Manufacturing Capacity By Defendants**

197.    To the extent that the allegations contained in Paragraph 197 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 197 are directed at TAEC, TAEC denies these allegations.

198.    Paragraph 198 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 and, therefore, denies these allegations.

199.    Paragraph 199 relates to other Defendants and/or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 and, therefore, denies these allegations.

200.    Paragraph 200 relates to other Defendants and/or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 and, therefore, denies these allegations.

201.    Paragraph 201 relates to other Defendants and/or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 and, therefore, denies these allegations.

202.    Paragraph 202 relates to other Defendants and/or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 2. Examples Of Collusive Pricing For CRTs

203.    To the extent that Paragraph 203 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 203 may be deemed to require a response from TAEC, TAEC denies those allegations.

204.    To the extent that Paragraph 204 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 204 may be deemed to require a response from TAEC, TAEC denies those allegations.

205.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 and, therefore, denies these allegations.

206.    To the extent that Paragraph 206 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 206 may be deemed to require a response from TAEC, TAEC denies those allegations.

207.    To the extent that Paragraph 207 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 207 may be deemed to require a response from TAEC, TAEC denies those allegations.

208.    To the extent that the allegations contained in Paragraph 208 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 208 are directed at TAEC, TAEC denies these allegations.

209.    To the extent that Paragraph 209 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 209 may be deemed to require a response from TAEC, TAEC denies those allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

210.    Paragraph 210 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210 and, therefore, denies these allegations.

211.    To the extent that Paragraph 211 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.    To the extent that the allegations contained in Paragraph 211 may be deemed to require a response from TAEC, TAEC denies those allegations.

212.    To the extent that the allegations contained in Paragraph 212 relate to another Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.    To the extent that the allegations contained in Paragraph 212 are directed to TAEC, TAEC denies these allegations.

**I.    Summary Of Effects Of The Conspiracy Involving CRTs**

213.    Paragraph 213 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.    To the extent that the allegations contained in Paragraph 213 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.    To the extent that the allegations contained in Paragraph 213 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**VII.  INJURIES**

214.    To the extent that Paragraph 214 contains argument, Plaintiffs' characterization of their claims and/or legal conclusions, no response is required.    To the extent that the allegations contained in Paragraph 214 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.    To the extent that the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

allegations contained in Paragraph 214 are directed to TAEC, TAEC denies these allegations.

215.    To the extent that the allegations contained in Paragraph 215 relate to another Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 215 are directed to TAEC, TAEC denies these allegations.

216.    To the extent that Paragraph 216 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 216 relate to another Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 216 are directed to TAEC, TAEC denies these allegations.

217.    To the extent that Paragraph 217 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 217 relate to another Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 217 are directed to TAEC, TAEC denies these allegations.

218.    To the extent that Paragraph 218 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 218 relate to another Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 218 are directed to TAEC, TAEC denies these allegations.

219.    Paragraph 219 consists of argument, Plaintiffs' characterization of their claims, and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 219 relate to another Defendants and/or third parties,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 219 are directed to TAEC, TAEC denies these allegations.

## VIII.  FRAUDULENT CONCEALMENT

220.   Paragraph 220 consists of argument, Plaintiffs' characterization of their claims, and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 220 relate to another Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 220 are directed to TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

221.   Paragraph 221 consists of argument, Plaintiffs' characterization of their claims, and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 221 relate to another Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 221 are directed to TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

222.   Paragraph 222 consists of argument, Plaintiffs' characterization of their claims, and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 222 relate to another Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 222 are directed to TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

223.   Paragraph 223 consists of argument, Plaintiffs' characterization of their claims, and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 223 relate to another Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 223 are directed to TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

224.   Paragraph 224 consists of argument, Plaintiffs' characterization of their claims, and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 224 relate to another Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 224 are directed to TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

225.   Paragraph 225 consists of argument, Plaintiffs' characterization of their claims, and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 225 relate to another Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 225 are directed to TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

226.   Paragraph 226 consists of argument, Plaintiffs' characterization of their claims, and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 226 relate to another Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 226 are directed to TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

227. Paragraph 227 consists of argument, Plaintiffs' characterization of their claims, and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 227 relate to another Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 227 are directed to TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

228. Paragraph 228 consists of argument, Plaintiffs' characterization of their claims, and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 228 relate to another Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 228 are directed to TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

229. Paragraph 229 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 229 and, therefore, denies the allegations.

230. Paragraph 230 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 230 and, therefore, denies the allegations.

231. Paragraph 231 consists of argument, Plaintiffs' characterization of their claims, and/or legal conclusions, to which no response is required. To the extent that the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

allegations contained in Paragraph 231 relate to another Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 231 are directed to TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

232.    Paragraph 232 consists of argument, Plaintiffs' characterization of their claims, and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 232 relate to another Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 232 are directed to TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## IX.   *AMERICAN PIPE*, GOVERNMENT ACTION AND CROSS-JURISDICTIONAL TOLLING

233.    Paragraph 233 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 233 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 233 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

234.    Paragraph 234 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 234 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 234 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

235.    Paragraph 235 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 235 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 235 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## X. CLAIM FOR VIOLATIONS

### First Claim For Relief

### (Violation of Section 1 of The Sherman Act)

236.    TAEC hereby incorporates by reference its responses to Paragraphs 1 – 235 of the FAC, as set forth above.

237.    Paragraph 237 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 237 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 237 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

238.    Paragraph 238 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 238 relate to other Defendants or third parties, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 238 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

239. Paragraph 239 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 239 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 239 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

240. Paragraph 240 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 240 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 240 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

241. Paragraph 241 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 241 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 241 may be deemed to require a response from TAEC, TAEC lacks knowledge

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

242.    Paragraph 242 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 242 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 242 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

### Second Claim For Relief

**(Violation of Minnesota Antitrust Act of 1971, Minn. Stat. § 325D.52, *et seq.*)**

243.    TAEC hereby incorporates by reference its responses to Paragraphs 1 – 242 of the FAC, as set forth above.

244.    Paragraph 244 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 244 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 244 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

245.    Paragraph 245 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 245 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 245 may be deemed to require a response from TAEC, TAEC lacks knowledge

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

246.    Paragraph 246 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 246 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 246 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

247.    Paragraph 247 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 247 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 247 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

248.    Paragraph 248 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 248 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 248 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

249.    Paragraph 249 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

contained in Paragraph 249 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 249 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## XI.  PRAYER FOR RELIEF

In answer to the Prayer for Relief, TAEC denies each and every allegation in the Prayer and further specifically denies that Plaintiffs are entitled to any of the relief requested or any remedy whatsoever against TAEC.

All allegations of the FAC not heretofore admitted or denied are here and now denied as though specifically denied herein.

## DEFENSES/AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, TAEC asserts the following separate and additional defenses:

### FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

### SECOND DEFENSE

The FAC fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole or part because the FAC fails to plead conspiracy with particularity required under applicable law.

### FOURTH DEFENSE

Plaintiffs have failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIFTH DEFENSE**

Plaintiffs' state law claims are barred or limited in whole or in part by the doctrine of *forum non conveniens* and improper venue.  Plaintiffs' claims, to the extent they rely on the laws of foreign states, would be better adjudicated in those foreign courts.

**SIXTH DEFENSE**

Plaintiffs' claims against TAEC are barred to the extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring or maintain the claims set forth in the FAC.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not validly assigned those claims.

**NINTH DEFENSE**

TAEC asserts as defenses to Plaintiffs' claims any additional defense that it might have against Plaintiffs' purported assignors, as to whom additional defenses cannot presently be ascertained.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that they did not purchase CRT products directly from Defendants, because they are indirect purchasers and barred from maintaining an action under 15 U.S.C. § 1 for alleged injuries in that capacity.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no antitrust injury.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations, including but not limited to:  15 U.S.C. § 15b; and Minn. Stat. § 325D.64(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because no Plaintiffs have been injured in its business or property by reason of any action of TAEC.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of TAEC or were caused, if at all, solely and proximately by the conduct of third parties including, without limitation, the prior, intervening or superseding conduct of such third parties.

**EIGHTEENTH DEFENSE**

To the extent that any actionable conduct occurred, Plaintiffs' claims against TAEC are barred because all such conduct would have been committed by individuals acting *ultra vires*.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no damages as a result of any actions taken by TAEC or the other Defendants.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**TWENTY-FIRST DEFENSE**

Plaintiffs are barred from recovery of any damages because of, and to the extent of, its failure to mitigate damages.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any actions or practices of TAEC that are the subject of the FAC were undertaken unilaterally for legitimate business reasons and in pursuit of TAEC's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between TAEC and any other person or entity.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the FAC were adopted in furtherance of legitimate business interests of TAEC and of its customers and did not unreasonably restrain competition.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the FAC were cost justified or otherwise economically justified and resulted from a good-faith effort to meet competition or market conditions.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct complained of was caused by, due to, based upon, or in response to directives, laws, regulations, policies or acts of governments, governmental agencies and entities or regulatory agencies, and as such is non-actionable or privileged.

## TWENTY-SIXTH DEFENSE

To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to the indirect purchasers.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because, as indirect purchasers, they fail to meet their burden of proving that they were damaged in fact by the conduct of which complaint is here made, including the burden of proving that any so-called overcharge of

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

which complaint is made and which was not absorbed by predecessors to Plaintiffs in the chain of distribution was not passed on to a third party.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### THIRTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### THIRTY-FIRST DEFENSE

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs have available an adequate remedy at law.

### THIRTY-SECOND DEFENSE

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

### THIRTY-THIRD DEFENSE

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, TAEC contends that it is entitled to set off any amounts paid to Plaintiffs by any Defendants other than TAEC who have settled, or do settle, Plaintiffs' claims against them in this action.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims for injunctive relief are barred, in whole or in part, insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## THIRTY-FIFTH DEFENSE

Plaintiffs lack standing to prosecute their state antitrust claims, in whole or in part, under, without limitation, the following statutes:  Minn. Stat. §§ 325D.52, *et seq.*

## THIRTY-SIXTH DEFENSE

Plaintiffs' claims under Minn. Stat. §§ 325D.52, *et seq.*, are barred, in whole or in part, because under Minn. Stat. § 325D.57, courts should take efforts to avoid imposition of duplicative damages in successive suits.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims under Minn. Stat. §§ 325D.52, *et seq.*, are barred, in whole or in part, because the alleged conduct did not affect the trade or commerce in Minnesota as required by Minn. Stat. § 325D.54.

## THIRTY-EIGHTH DEFENSE

TAEC adopts by reference any applicable defense pleaded by any other Defendant not otherwise expressly set forth herein.

## THIRTY-NINTH DEFENSE

TAEC reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

## TAEC'S PRAYER FOR RELIEF

WHEREFORE, TAEC prays for judgment as follows:

1.  That Plaintiffs take nothing by reason of the FAC, and that the action be dismissed with prejudice;

2.  That the Court enter judgment in favor of TAEC and against Plaintiffs with respect to all causes of action in the FAC;

3.  That the Court award TAEC its attorneys' fees and other costs reasonably incurred in the defense of this action; and

4.  That the Court order such other further relief for TAEC as the Court may deem just and proper.

Dated:  November 4, 2013                    Respectfully submitted,

**WHITE & CASE** LLP

By:   /s/ Lucius B. Lau
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## <u>CERTIFICATE OF SERVICE</u>

On November 4, 2013, I caused a copy of the "TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO BEST BUY'S FIRST AMENDED COMPLAINT" to be served via ECF on the other parties in this action.


By:  */s/ Lucius B. Lau*
      Lucius B. Lau (*pro hac vice*)