Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*<br><br>Civil Action No. 3:11-06397-SC | **TOSHIBA AMERICA, INC.'S ANSWER TO COSTCO WHOLESALE CORPORATION'S FIRST AMENDED COMPLAINT**<br><br>The Honorable Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

For its Answer to Costco Wholesale Corporation's First Amended Complaint ("FAC"), Defendant Toshiba America, Inc. ("TAI") states as follows:

**INTRODUCTION[1]**

1.     The allegations contained in Paragraph 1 consist of Plaintiff's characterization of its claims and an explanation of defined terms used in its FAC, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 1.  To the extent that the allegations contained in Paragraph 1 relate to other Defendants, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

2.     To the extent that the allegations contained in the first sentence of Paragraph 2 relate to other Defendants, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the first sentence of Paragraph 2 are directed to TAI, TAI denies these allegations.  The remainder of Paragraph 2 consists of explanations of defined terms used in its FAC, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in the remainder of Paragraph 2.

3.     To the extent that the allegations contained in Paragraph 3 relate to other Defendants, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 3 are directed to TAI, TAI denies these allegations.

4.     To the extent that the allegations contained in Paragraph 4 relate to other Defendants, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 4 are directed to TAI, TAI denies these allegations.

5.     To the extent that the allegations contained in Paragraph 5 relate to other Defendants, TAI lacks knowledge or information sufficient to form a belief as to the truth

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the FAC.

TOSHIBA AMERICA, INC.'S ANSWER TO COSTCO'S FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 5 are directed to TAI, TAI denies these allegations.

6. To the extent that the allegations contained in Paragraph 6 relate to other Defendants, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 6 are directed to TAI, TAI denies these allegations.

7. To the extent that the allegations contained in Paragraph 7 relate to other Defendants, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 7 are directed to TAI, TAI denies these allegations.

8. To the extent that Paragraph 8 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 8 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 8 may be deemed to require a response from TAI, TAI denies these allegations.

9. Paragraph 9 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 9 relate to other Defendants, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 9 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

10. Paragraph 10 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 10 relate to other Defendants, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these

allegations. To the extent that the allegations contained in Paragraph 10 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**PARTIES**

**A.    Plaintiff**

11.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, denies the allegations.

12.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies the allegations.

13.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, denies the allegations.

14.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, denies the allegations.

15.    Paragraph 15 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 15 relate to other Defendants, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 15 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

16.    Paragraph 16 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 16 relate to other Defendants, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 16 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**B.     Defendants**

**1.     Hitachi Entities**

17.     Paragraph 17 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies the allegations.

18.     Paragraph 18 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies the allegations.

19.     Paragraph 19 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies the allegations.

20.     Paragraph 20 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the allegations.

21.     Paragraph 21 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies the allegations.

22.     Paragraph 22 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies the allegations.

23.     Paragraph 23 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 23.

**2.     IRICO Entities**

24.     Paragraph 24 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

25.     Paragraph 25 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies the allegations.

26.     Paragraph 26 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 26.

27.     Paragraph 27 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 27.

**3.      LG Electronics Entities**

28.     Paragraph 28 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies the allegations.

29.     Paragraph 29 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies the allegations.

30.     Paragraph 30 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies the allegations.

31.     Paragraph 31 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 31.

**4.      LP Displays**

32.     Paragraph 32 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**5.     BMCC**

33.     Paragraph 33 relates to another Defendant.     Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, denies the allegations.

**6.     Phillips Entities**

34.     Paragraph 34 relates to another Defendant.     Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

35.     Paragraph 35 relates to another Defendant.     Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies the allegations.

36.     Paragraph 36 relates to another Defendant.     Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, denies the allegations.

37.     Paragraph 37 relates to another Defendant.     Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies the allegations.

38.     Paragraph 38 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 38.

**7.     Samsung Entities**

39.     Paragraph 39 relates to another Defendant.     Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies the allegations.

40.     Paragraph 40 relates to another Defendant.     Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

41.     Paragraph 41 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies the allegations.

42.     Paragraph 42 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies the allegations.

43.     Paragraph 43 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies the allegations.

44.     Paragraph 44 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, denies the allegations.

45.     Paragraph 45 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies the allegations.

46.     Paragraph 46 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies the allegations.

47.     Paragraph 47 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, denies the allegations.

48.     Paragraph 48 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 48.

**8.     Samtel**

49.     Paragraph 49 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**9.      Thai CRT**

50.     Paragraph 50 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

**10.     Toshiba Entities**

51.     Paragraph 51 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, denies the allegations, except TAI admits the allegations contained in the first sentence of Paragraph 51.

52.      TAI admits the allegations contained in the first sentence of Paragraph 52 and admits that it is a wholly-owned subsidiary of Toshiba Corp.  TAI denies the remaining allegations contained in Paragraph 52.  TAI avers that it is a holding company and therefore did not itself sell any cathode ray tubes or electronic devices containing cathode ray tubes during the Relevant Period.

53.     Paragraph 53 relates to another Defendant.    Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies the allegations, except that TAI avers that Toshiba America Consumer Products, L.L.C. ("TACP") completed a merger into Toshiba America Information Systems, Inc. ("TAIS") on February 14, 2011, whereby TACP no longer exists as a separate legal entity and TACP's former facilities are either closed or now operated entirely by TAIS.

54.     Paragraph 54 relates to another Defendant.    Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, denies the allegations, except that TAI admits that the business address of Toshiba America Electronic Components, Inc. ("TAEC") is 9740 Irvine Boulevard, Irvine, CA 92618-1697, and avers that TAEC is a wholly-owned subsidiary of TAI.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

55.     Paragraph 55 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies the allegations, except that TAI admits that the business address of TAIS is 9740 Irvine Boulevard, Irvine, CA 92618-1697 and avers that TAIS is a wholly-owned subsidiary of TAI.

56.     Paragraph 56 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 56.

**11.     Chunghwa Entities**

57.     Paragraph 57 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, denies the allegations.

58.     Paragraph 58 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, denies the allegations.

59.     Paragraph 59 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 59.

**C.     Agents and co-conspirators**

60.     To the extent that the allegations contained in Paragraph 60 relate to other Defendants, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 60 are directed to TAI, TAI denies these allegations.

61.     To the extent that the allegations contained in Paragraph 61 relate to other Defendants, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 61 are directed to TAI, TAI denies these allegations.

62.     Paragraph 62 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 62.

63.     Paragraph 63 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 63.

64.     Paragraph 64 relates to other companies.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, therefore, denies the allegations.

### JURISDICTION AND VENUE

65.     Paragraph 65 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 65.

66.     Paragraph 66 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 66.

67.     Paragraph 67 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 67.

68.     Paragraph 68 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 68.

69.     Paragraph 69 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 69.

### FACTS AND BACKGROUND

**A.    CRT Technology**

70.     TAI admits the allegations contained in Paragraph 70.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

71.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and, therefore, denies the allegations.

72.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, therefore, denies the allegations.

73.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, therefore, denies the allegations.

74.    To the extent that Paragraph 74 describes CRT technology generally, and claims that CDTs and CPTs are separate products, TAI admits the allegations in Paragraph 74, but avers that the allegations do not describe comprehensively or accurately all variants of CRT technology.  TAI denies the remaining allegations in Paragraph 74.

75.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, therefore, denies the allegations.

76.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, therefore, denies the allegations.

77.    Paragraph 77 consists of argument and Plaintiff's characterization of its claims, to which no response is required.  To the extent that a response is deemed required, TAI denies the allegations contained in Paragraph 77.

**B.    Structure of the CRT Industry**

78.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and, therefore, denies the allegations.

**1.    Market Concentration**

79.    To the extent that the allegations contained in Paragraph 79 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 79 are directed to TAI, TAI denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**2.      Information Sharing**

80.      TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

81.      TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

**3.      Consolidation**

82.      To the extent that the allegations contained in Paragraph 82 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 82 are directed to TAI, TAI denies these allegations.

**4.      Multiple Interrelated Business Relationships**

83.      TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, therefore, denies the allegations.

84.      To the extent that the allegations contained in Paragraph 84 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 84 are directed to TAI, TAI denies these allegations.

**5.      High Costs of Entry Into the Industry**

85.      TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies the allegations.

86.      TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, therefore, denies the allegations.

**6.      The Maturity of the CRT Product Market**

87.      TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

88.     TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, therefore, denies the allegations.

89.     TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, denies the allegations.

90.     TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, therefore, denies the allegations.

91.     TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and, therefore, denies the allegations.

92.     TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, denies the allegations.

**7.     Homogeneity of CRT Products**

93.     TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, therefore, denies the allegations.

94.     TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations.

**C.     Pre-Conspiracy Market**

95.     TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and, therefore, denies the allegations.

96.     Paragraph 96 relates to other Defendants.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and, therefore, denies the allegations.

**D.     Defendants' and Co-Conspirators' Illegal Agreements**

97.     To the extent that the allegations contained in Paragraph 97 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.    To the extent that the allegations contained in Paragraph 97 are directed to TAI, TAI denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

98.     To the extent that the allegations contained in Paragraph 98 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 98 are directed to TAI, TAI denies these allegations.

99.     Paragraph 99 relates to other Defendants.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and, therefore, denies the allegations.

100.     To the extent that the allegations contained in Paragraph 100 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 100 are directed to TAI, TAI denies these allegations.

101.     To the extent that the allegations contained in Paragraph 101 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 101 are directed to TAI, TAI denies these allegations.

**1.     "Glass Meetings"**

102.     To the extent that the allegations contained in Paragraph 102 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 102 are directed to TAI, TAI denies these allegations.

103.     To the extent that the allegations contained in Paragraph 103 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

that the allegations contained in Paragraph 103 are directed to TAI, TAI denies these allegations.

104.   To the extent that the allegations contained in Paragraph 104 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 104 are directed to TAI, TAI denies these allegations.

105.   To the extent that the allegations contained in Paragraph 105 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 105 are directed to TAI, TAI denies these allegations.

106.   To the extent that the allegations contained in Paragraph 106 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 106 are directed to TAI, TAI denies these allegations.

107.   To the extent that the allegations contained in Paragraph 107 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 107 are directed to TAI, TAI denies these allegations.

108.   To the extent that the allegations contained in Paragraph 108 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 108 are directed to TAI, TAI denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

109.    To the extent that the allegations contained in Paragraph 109 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 109 are directed to TAI, TAI denies these allegations.

110.    To the extent that the allegations contained in Paragraph 110 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 110 are directed to TAI, TAI denies these allegations.

111.    To the extent that the allegations contained in Paragraph 111 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 111 are directed to TAI, TAI denies these allegations.

112.    To the extent that the allegations contained in Paragraph 112 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 112 are directed to TAI, TAI denies these allegations.

113.    To the extent that the allegations contained in Paragraph 113 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 113 are directed to TAI, TAI denies these allegations.

114.    To the extent that the allegations contained in Paragraph 114 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

that the allegations contained in Paragraph 114 are directed to TAI, TAI denies these allegations.

115.   To the extent that the allegations contained in Paragraph 115 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 115 are directed to TAI, TAI denies these allegations.

116.   To the extent that the allegations contained in Paragraph 116 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 116 are directed to TAI, TAI denies these allegations.

117.   To the extent that the allegations contained in Paragraph 117 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 117 are directed to TAI, TAI denies these allegations.

## 2.   Bilateral Discussions

118.   To the extent that the allegations contained in Paragraph 118 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 118 are directed to TAI, TAI denies these allegations.

119.   To the extent that the allegations contained in Paragraph 119 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 119 are directed to TAI, TAI denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

120.    To the extent that the allegations contained in Paragraph 120 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 120 are directed to TAI, TAI denies these allegations.

121.    To the extent that the allegations contained in Paragraph 121 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 121 are directed to TAI, TAI denies these allegations.

122.    To the extent that the allegations contained in Paragraph 122 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 122 are directed to TAI, TAI denies these allegations.

123.    To the extent that the allegations contained in Paragraph 123 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 123 are directed to TAI, TAI denies these allegations.

**3.    Defendants' And Co-Conspirators' Participation in Group and Bilateral Discussions**

124.    Paragraph 124 relates to other Defendants.    Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 and, therefore, denies the allegations.

125.    Paragraph 125 relates to other Defendants.    Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1      126.    Paragraph 126 relates to other Defendants.    Accordingly, TAI lacks

2   knowledge or information sufficient to form a belief as to the truth of the allegations

3   contained in Paragraph 126 and, therefore, denies the allegations.

4      127.    Paragraph 127 relates to other Defendants.    Accordingly, TAI lacks

5   knowledge or information sufficient to form a belief as to the truth of the allegations

6   contained in Paragraph 127 and, therefore, denies the allegations.

7      128.    Paragraph 128 relates to other Defendants.    Accordingly, TAI lacks

8   knowledge or information sufficient to form a belief as to the truth of the allegations

9   contained in Paragraph 128 and, therefore, denies the allegations.

10      129.    Paragraph 129 relates to other Defendants.    Accordingly, TAI lacks

11   knowledge or information sufficient to form a belief as to the truth of the allegations

12   contained in Paragraph 129 and, therefore, denies the allegations.

13      130.    Paragraph 130 relates to other Defendants.    Accordingly, TAI lacks

14   knowledge or information sufficient to form a belief as to the truth of the allegations

15   contained in Paragraph 130 and, therefore, denies the allegations.

16      131.    Paragraph 131 relates to other Defendants.    Accordingly, TAI lacks

17   knowledge or information sufficient to form a belief as to the truth of the allegations

18   contained in Paragraph 131 and, therefore, denies the allegations.

19      132.    Paragraph 132 relates to other Defendants.    Accordingly, TAI lacks

20   knowledge or information sufficient to form a belief as to the truth of the allegations

21   contained in Paragraph 132 and, therefore, denies the allegations.

22      133.    Paragraph 133 relates to other Defendants.    Accordingly, TAI lacks

23   knowledge or information sufficient to form a belief as to the truth of the allegations

24   contained in Paragraph 133 and, therefore, denies the allegations.

25      134.    Paragraph 134 relates to other Defendants.    Accordingly, TAI lacks

26   knowledge or information sufficient to form a belief as to the truth of the allegations

27   contained in Paragraph 134 and, therefore, denies the allegations.

28

TOSHIBA AMERICA, INC.'S ANSWER TO COSTCO'S FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917
19

135.   Paragraph 135 relates to other Defendants.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 and, therefore, denies the allegations.

136.   Paragraph 136 relates to other Defendants.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 and, therefore, denies the allegations.

137.   Paragraph 137 relates to other Defendants.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 and, therefore, denies the allegations.

138.   Paragraph 138 relates to other Defendants.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 and, therefore, denies the allegations.

139.   Paragraph 139 relates to other Defendants.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 and, therefore, denies the allegations.

140.   To the extent that the allegations contained in Paragraph 140 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 140 are directed to TAI, TAI denies these allegations.

141.   To the extent that the allegations contained in Paragraph 141 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 141 are directed to TAI, TAI denies these allegations.

142.   Paragraph 142 relates to other Defendants.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

143.   Paragraph 143 relates to other Defendants.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and, therefore, denies the allegations.

144.   To the extent that Paragraph 144 consists of Plaintiff's characterization of its claims and Plaintiff's explanation of a defined term used in the FAC, no response is required.   To the extent that the allegations contained in Paragraph 144 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 144 may be deemed to require a response from TAI, TAI denies these allegations.

**E.     The CRT Market During the Conspiracy**

145.   TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 and, therefore, denies the allegations.

146.   TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 and, therefore, denies the allegations.

**F.     International Government Antitrust Investigations**

147.   To the extent that Paragraph 147 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 147 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 147 are directed to TAI, TAI denies these allegations.

148.   To the extent that Paragraph 148 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 148 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

denies these allegations.  To the extent that the allegations contained in Paragraph 148 may be deemed to require a response from TAI, TAI denies these allegations.

149.   The allegations contained in Paragraph 149 refer to a public annual report, which is the best evidence of its contents.  To the extent that the allegations contained in Paragraph 149 may be deemed to require a response from TAI, TAI denies these allegations.

150.   To the extent that Paragraph 150 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 150 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 150 may be deemed to require a response from TAI, TAI denies these allegations.

151.   To the extent that Paragraph 151 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 151 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 151 may be deemed to require a response from TAI, TAI denies these allegations.

152.   To the extent that Paragraph 152 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 152 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 152 may be deemed to require a response from TAI, TAI denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

153.   To the extent that Paragraph 153 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 153 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 153 may be deemed to require a response from TAI, TAI denies these allegations.

154.   To the extent that Paragraph 154 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 154 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 154 may be deemed to require a response from TAI, TAI denies these allegations.

155.   To the extent that Paragraph 155 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 155 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 155 may be deemed to require a response from TAI, TAI denies these allegations.

156.   To the extent that Paragraph 156 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 156 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 156 may be deemed to require a response from TAI, TAI denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

157.    To the extent that Paragraph 157 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 157 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 157 may be deemed to require a response from TAI, TAI denies these allegations.

158.    To the extent that the allegations contained in Paragraph 158 relate to other Defendants and/or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 158 are directed to TAI, TAI denies these allegations.

159.    To the extent that Paragraph 159 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 159 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 159 may be deemed to require a response from TAI, TAI denies these allegations.

160.    To the extent that Paragraph 160 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 160 may be deemed to require a response from TAI, TAI denies these allegations.

161.    To the extent that Paragraph 161 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in

Paragraph 161 may be deemed to require a response from TAI, TAI denies these allegations.

**G.    The Role of Trade Associations During the Relevant Period**

162.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 and, therefore, denies these allegations.

163.    Paragraph 163 relates to other Defendants or third parties.  Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 and, therefore, denies these allegations.

164.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 and, therefore, denies these allegations.

165.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 and, therefore, denies these allegations.

166.    TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 and, therefore, denies these allegations.

**H.    Effects of the Conspiracy**

167.    To the extent that Paragraph 167 contains argument or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 167 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 167 are directed to TAI, TAI denies these allegations.

168.    To the extent that Paragraph 168 contains argument or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 168 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 168 are directed to TAI, TAI denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    169.    Paragraph 169 consists of argument, Plaintiff's characterization of its claims,
2  or legal conclusions, to which no response is required.  To the extent that the allegations
3  contained in Paragraph 169 relate to other Defendants or third parties, TAI lacks
4  knowledge or information sufficient to form a belief as to the truth of these allegations and,
5  therefore, denies these allegations.   To the extent that the allegations contained in
6  Paragraph 169 may be deemed to require a response from TAI, TAI lacks knowledge or
7  information sufficient to form the belief as to the truth of these allegations and, therefore,
8  denies these allegations.

9                        **FRAUDULENT CONCEALMENT**

10    170.    Paragraph 170 consists of argument, Plaintiff's characterization of its claims,
11  or legal conclusions, to which no response is required.  To the extent that the allegations
12  contained in Paragraph 170 relate to other Defendants or third parties, TAI lacks
13  knowledge or information sufficient to form a belief as to the truth of these allegations and,
14  therefore, denies these allegations.   To the extent that the allegations contained in
15  Paragraph 170 may be deemed to require a response from TAI, TAI lacks knowledge or
16  information sufficient to form a belief as to the truth of these allegations and, therefore,
17  denies these allegations.

18    171.    Paragraph 171 consists of argument, Plaintiff's characterization of its claims,
19  or legal conclusions, to which no response is required.  To the extent that the allegations
20  contained in Paragraph 171 relate to other Defendants or third parties, TAI lacks
21  knowledge or information sufficient to form a belief as to the truth of these allegations and,
22  therefore, denies these allegations.   To the extent that the allegations contained in
23  Paragraph 171 may be deemed to require a response from TAI, TAI lacks knowledge or
24  information sufficient to form a belief as to the truth of these allegations and, therefore,
25  denies these allegations.

26    172.    Paragraph 172 consists of argument, Plaintiff's characterization of its claims,
27  or legal conclusions, to which no response is required.  To the extent that the allegations
28  contained in Paragraph 172 relate to other Defendants or third parties, TAI lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 172 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

173.    Paragraph 173 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 173 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 173 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

174.    Paragraph 174 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 174 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 174 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

175.    To the extent that the allegations contained in Paragraph 175 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 175 are directed at TAI, TAI denies these allegations.

176.    To the extent that the allegations contained in Paragraph 176 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 176 are directed to TAI, TAI denies these allegations.

177.    To the extent that Paragraph 177 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 177 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 177 may be deemed to require a response from TAI, TAI denies these allegations.

178.    Paragraph 178 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 178 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 178 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

179.    Paragraph 179 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 179 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 179 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

180.    Paragraph 180 relates to other Defendants.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 and, therefore, denies the allegations.

181.    Paragraph 181 relates to another Defendant.   Accordingly, TAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 and, therefore, denies the allegations.

182.    Paragraph 182 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 182 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 182 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

183.    Paragraph 183 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 183 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 183 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

### *AMERICAN PIPE*, GOVERNMENT ACTION, AND CROSS-JURISDICTIONAL TOLLING

184.    Paragraph 184 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 184 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 184 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

185.    Paragraph 185 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 185 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 185 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

186.    Paragraph 186 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 186 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 186 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## FIRST CAUSE OF ACTION

### (Violation of Section 1 of the Sherman Act)

187.    TAI hereby incorporates by reference its responses to Paragraphs 1-186 of the FAC, as set forth above.

188.    Paragraph 188 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 188 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and,

therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 188 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

189.   Paragraph 189 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 189 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 189 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

190.   Paragraph 190 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 190 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 190 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

191.   Paragraph 191 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 191 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 191 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

TOSHIBA AMERICA, INC.'S ANSWER TO COSTCO'S FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917
31

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

192.    Paragraph 192 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 192 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 192 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

193.    Paragraph 193 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 193 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 193 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## SECOND CAUSE OF ACTION

**(Violation of the California Cartwright Act, Cal. Bus & Prof. Code § 16700 _et seq._)**

194.    TAI hereby incorporates by reference its responses to Paragraphs 1-193 of the FAC, as set forth above.

195.    Paragraph 195 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 195 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 195 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

196.   Paragraph 196 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 196 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 196 are directed to TAI, TAI denies these allegations.

197.   Paragraph 197 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 197 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 197 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## THIRD CAUSE OF ACTION

### (Violation of the Washington Consumer Protection Act, RCW 19.86.030)

198.   TAI hereby incorporates by reference its responses to Paragraphs 1-197 of the FAC, as set forth above.

199.   Paragraph 199 consists of argument, Plaintiff's characterization of its claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 199 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 199 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

200.   Paragraph 200 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

contained in Paragraph 200 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 200 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

201.   Paragraph 201 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 201 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 201 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## **FOURTH CAUSE OF ACTION**

### **(Violation of the Arizona Antitrust Act, Ariz. Rev. Stat. § 14-1401 *et seq.*)**

202.   TAI hereby incorporates by reference its responses to Paragraphs 1-201 of the FAC, as set forth above.

203.   Paragraph 203 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 203 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 203 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

204.   Paragraph 204 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

contained in Paragraph 204 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 204 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

205.    Paragraph 205 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 205 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 205 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## FIFTH CAUSE OF ACTION

**(Violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Stat.**
**§ 501.2013, *et seq.*)**

206.    TAI hereby incorporates by reference its responses to Paragraphs 1-205 of the FAC, as set forth above.

207.    Paragraph 207 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 207 relate to other Defendants or third parties, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 207 may be deemed to require a response from TAI, TAI lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    208.    Paragraph 208 consists of argument, Plaintiff's characterization of its claims,

2 or legal conclusions, to which no response is required.   To the extent that the allegations

3 contained in Paragraph 208 relate to other Defendants or third parties, TAI lacks

4 knowledge or information sufficient to form a belief as to the truth of these allegations and,

5 therefore, denies these allegations.   To the extent that the allegations contained in

6 Paragraph 208 may be deemed to require a response from TAI, TAI lacks knowledge or

7 information sufficient to form a belief as to the truth of these allegations and, therefore,

8 denies these allegations.

9    209.    Paragraph 209 consists of argument, Plaintiff's characterization of its claims,

10 or legal conclusions, to which no response is required.   To the extent that the allegations

11 contained in Paragraph 209 relate to other Defendants or third parties, TAI lacks

12 knowledge or information sufficient to form a belief as to the truth of these allegations and,

13 therefore, denies these allegations.   To the extent that the allegations contained in

14 Paragraph 209 may be deemed to require a response from TAI, TAI lacks knowledge or

15 information sufficient to form a belief as to the truth of these allegations and, therefore,

16 denies these allegations.

17    210.    Paragraph 210 consists of argument, Plaintiff's characterization of its claims,

18 or legal conclusions, to which no response is required.   To the extent that the allegations

19 contained in Paragraph 210 relate to other Defendants or third parties, TAI lacks

20 knowledge or information sufficient to form a belief as to the truth of these allegations and,

21 therefore, denies these allegations.   To the extent that the allegations contained in

22 Paragraph 210 may be deemed to require a response from TAI, TAI lacks knowledge or

23 information sufficient to form a belief as to the truth of these allegations and, therefore,

24 denies these allegations.

25    211.    Paragraph 211 consists of argument, Plaintiff's characterization of its claims,

26 or legal conclusions, to which no response is required.   To the extent that the allegations

27 contained in Paragraph 211 relate to other Defendants or third parties, TAI lacks

28 knowledge or information sufficient to form a belief as to the truth of these allegations and,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    therefore, denies these allegations.   To the extent that the allegations contained in

2    Paragraph 211 may be deemed to require a response from TAI, TAI lacks knowledge or

3    information sufficient to form a belief as to the truth of these allegations and, therefore,

4    denies these allegations.

5         212.   Paragraph 212 consists of argument, Plaintiff's characterization of its claims,

6    or legal conclusions, to which no response is required.  To the extent that the allegations

7    contained in Paragraph 212 relate to other Defendants or third parties, TAI lacks

8    knowledge or information sufficient to form a belief as to the truth of these allegations and,

9    therefore, denies these allegations.   To the extent that the allegations contained in

10   Paragraph 212 may be deemed to require a response from TAI, TAI lacks knowledge or

11   information sufficient to form a belief as to the truth of these allegations and, therefore,

12   denies these allegations.

### SIXTH CAUSE OF ACTION

13

14   **(Violation of the Illinois Antitrust Act, 740 Illinois Code 10/1 *et seq.*)**

15        213.   TAI hereby incorporates by reference its responses to Paragraphs 1-212 of the

16   FAC, as set forth above.

17        214.   Paragraph 214 consists of argument, Plaintiff's characterization of its claims,

18   or legal conclusions, to which no response is required.  To the extent that the allegations

19   contained in Paragraph 214 relate to other Defendants or third parties, TAI lacks

20   knowledge or information sufficient to form a belief as to the truth of these allegations and,

21   therefore, denies these allegations.   To the extent that the allegations contained in

22   Paragraph 214 may be deemed to require a response from TAI, TAI lacks knowledge or

23   information sufficient to form a belief as to the truth of these allegations and, therefore,

24   denies these allegations.

25        215.   Paragraph 215 consists of argument, Plaintiff's characterization of its claims,

26   or legal conclusions, to which no response is required.  To the extent that the allegations

27   contained in Paragraph 215 relate to other Defendants or third parties, TAI lacks

28   knowledge or information sufficient to form a belief as to the truth of these allegations and,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  therefore, denies these allegations.  To the extent that the allegations contained in

2  Paragraph 215 may be deemed to require a response from TAI, TAI lacks knowledge or

3  information sufficient to form a belief as to the truth of these allegations and, therefore,

4  denies these allegations.

5      216.   Paragraph 216 consists of argument, Plaintiff's characterization of its claims,

6  or legal conclusions, to which no response is required.  To the extent that the allegations

7  contained in Paragraph 216 relate to other Defendants or third parties, TAI lacks

8  knowledge or information sufficient to form a belief as to the truth of these allegations and,

9  therefore, denies these allegations.  To the extent that the allegations contained in

10  Paragraph 216 may be deemed to require a response from TAI, TAI lacks knowledge or

11  information sufficient to form a belief as to the truth of these allegations and, therefore,

12  denies these allegations.

### RELIEF

14  In answer to the request for Relief, TAI denies each and every allegation in the Prayer

15  and further specifically denies that Plaintiff is entitled to any of the relief requested or any

16  remedy whatsoever against TAI.

17  All allegations of the FAC not heretofore admitted or denied are here and now denied

18  as though specifically denied herein.

### DEFENSES/AFFIRMATIVE DEFENSES

20  Without assuming any burden it would not otherwise bear, and reserving its right to

21  amend its Answer to assert additional defenses as they may become known during

22  discovery, TAI asserts the following separate and additional defenses:

### FIRST DEFENSE

24  Plaintiff's claims are barred, in whole or in part, by the Foreign Trade Antitrust

25  Improvements Act, 15 U.S.C. § 6a.

### SECOND DEFENSE

27  The FAC fails to state a claim upon which relief can be granted.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**THIRD DEFENSE**

Plaintiff's claims are barred in whole or part because the FAC fails to plead conspiracy with particularity required under applicable law.

**FOURTH DEFENSE**

Plaintiff has failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

**FIFTH DEFENSE**

Plaintiff's state law claims are barred or limited in whole or in part by the doctrine of *forum non conveniens* and improper venue. Plaintiff's claims, to the extent they rely on the laws of foreign states, would be better adjudicated in those foreign courts.

**SIXTH DEFENSE**

Plaintiff's claims against TAI are barred to the extent that it has agreed to arbitration or chosen a different forum for the resolution of its claims.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring or maintain the claims set forth in the FAC.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff was not validly assigned those claims.

**NINTH DEFENSE**

TAI asserts as defenses to Plaintiff's claims any additional defense that it might have against Plaintiff's purported assignors, as to whom additional defenses cannot presently be ascertained.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that it did not purchase CRTs directly from Defendants, because it is an indirect purchaser and barred from maintaining an action under 15 U.S.C. § 1 for alleged injuries in that capacity.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no antitrust injury.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations, including but not limited to:  15 U.S.C. § 15b; Ariz. Rev. Stat. Ann. § 44-1410; Cal. Bus. & Prof. Code § 17208; Cal. Bus. & Prof. Code § 16750.1; Cal. Civ. Proc. Code §§ 337-340; Fla. Stat. § 95.11(f); 740 Ill. Comp. Stat. 10/7; and Wash. Rev. Code § 19.86.120.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because no Plaintiff has been injured in its business or property by reason of any action of TAI.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of TAI or were caused, if at all, solely and proximately by the conduct of third parties including, without limitation, the prior, intervening or superseding conduct of such third parties.

**EIGHTEENTH DEFENSE**

To the extent that any actionable conduct occurred, Plaintiff's claims against TAI are barred because all such conduct would have been committed by individuals acting *ultra vires*.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**NINETEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damages as a result of any actions taken by TAI and/or the other Defendants.

**TWENTIETH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**TWENTY-FIRST DEFENSE**

Plaintiff is barred from recovery of any damages because of, and to the extent of, its failure to mitigate damages.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any actions or practices of TAI that are the subject of the FAC were undertaken unilaterally for legitimate business reasons and in pursuit of TAI's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between TAI and any other person or entity.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any acts or practices of TAI that are the subject of the FAC were adopted in furtherance of legitimate business interests of TAI and of its customers and did not unreasonably restrain competition.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any acts or practices of TAI that are the subject of the FAC were cost justified or otherwise economically justified and resulted from a good-faith effort to meet competition or market conditions.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the alleged conduct complained of was caused by, due to, based upon, or in response to directives, laws,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

regulations, policies and/or acts of governments, governmental agencies and entities and/or regulatory agencies, and as such is non-actionable or privileged.

### TWENTY-SIXTH DEFENSE

To the extent there is a finding of an illegal overcharge, Plaintiff's claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to the indirect purchasers.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because, as an indirect purchaser, it fails to meet its burden of proving that they were damaged in fact by the conduct of which complaint is here made, including the burden of proving that any so-called overcharge of which complaint is made and which was not absorbed by predecessors to Plaintiff in the chain of distribution was not passed on to a third party.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent it seeks improper multiple damage awards and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### THIRTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### THIRTY-FIRST DEFENSE

Plaintiff's claims for injunctive relief should be dismissed because Plaintiff has available an adequate remedy at law.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**THIRTY-SECOND DEFENSE**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

**THIRTY-THIRD DEFENSE**

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, TAI contends that it is entitled to set off any amounts paid to Plaintiff by any Defendants other than TAI who have settled, or do settle, Plaintiff's claims against them in this action.

**THIRTY-FOURTH DEFENSE**

Plaintiff's claims for injunctive relief are barred, in whole or in part, insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

**THIRTY-FIFTH DEFENSE**

Plaintiff lacks standing to prosecute its state antitrust claims, in whole or in part, under, without limitation, the following statutes:  Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq.*; Cal. Bus. & Prof. Code §§ 16700, *et seq.*; Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and 740 Ill. Comp. Stat. 10/1, *et seq.*

**THIRTY-SIXTH DEFENSE**

Plaintiff lacks standing to prosecute its state consumer protection claims, in whole or in part, under, without limitation, the following statutes:  Cal. Bus. & Prof. Code §§ 17200, *et seq.*; Fla. Stat. §§ 501.201, *et seq.*; and Wash. Rev. Code § 19.86.10, *et seq.*

**THIRTY-SEVENTH DEFENSE**

Plaintiff's claims under Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq.*, are barred, in whole or in part, because Plaintiff failed to comply with the requirements of Ariz. Rev. Stat. Ann. § 44-1415.

**THIRTY-EIGHTH DEFENSE**

Any award of restitution under Cal. Bus. & Prof. Code § 17203 based upon asserted interests or injuries of Plaintiff would violate the Excessive Fines Clause of the Eighth

Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and Article I, Section 17 of the California Constitution.

## THIRTY-NINTH DEFENSE

Plaintiff's claims for monetary relief under Cal. Bus. & Prof. Code § 17203 are barred, in whole or in part, because TAI did not acquire any money or property from Plaintiff.

## FORTIETH DEFENSE

Any finding of liability under Cal. Bus. & Prof. Code §§ 17200, 17203 or 17204 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, permitting retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

## FORTY-FIRST DEFENSE

Any award of restitution to Plaintiff under Cal. Bus. & Prof. Code § 17203 would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution) and Article I, Section 19 of the California Constitution.

## FORTY-SECOND DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 to persons who refuse to execute an acknowledgement that the payment is in full settlement of claims against Defendants would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## FORTY-THIRD DEFENSE

Plaintiff's claims under Cal. Bus. & Prof. Code §§ 16700, *et seq*., are barred, in whole or in part, because the application of §§ 16700, *et seq.*, to wholly interstate or foreign commerce violates the Commerce Clause of the United States Constitution.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## FORTY-FOURTH DEFENSE

Any award of treble damages, punitive damages or restitution pursuant to Cal. Bus. & Prof. Code §§ 16720, 16727, 16750, or 16761 would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the California Constitution.

## FORTY-FIFTH DEFENSE

Plaintiff's claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of TAI occurring outside of California.

## FORTY-SIXTH DEFENSE

Plaintiff's claims for unjust enrichment brought under California law are barred, in whole or in part, because TAI did not receive a benefit from Plaintiff, TAI did not retain any benefit, or the receipt of any benefit was not unjust.

## FORTY-SEVENTH DEFENSE

Plaintiff's claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because pursuant to § 501.202(3), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") must be construed in a manner consistent with federal antitrust laws. Because Plaintiff's injuries are too speculative, derivative, indirect, and remote to confer standing under federal antitrust law, they also do not confer standing under FDUTPA.

## FORTY-EIGHTH DEFENSE

Plaintiff's claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because Plaintiff cannot establish actual damages.

## FORTY-NINTH DEFENSE

TAI adopts by reference any applicable defense pleaded by any other Defendant not otherwise expressly set forth herein.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## FIFTIETH DEFENSE

TAI reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

## TAI'S PRAYER FOR RELIEF

WHEREFORE, TAI prays for judgment as follows:

1.  That Plaintiff take nothing by reason of the FAC, and that the action be dismissed with prejudice;

2.  That the Court enter judgment in favor of TAI and against Plaintiff with respect to all causes of action in the FAC;

3.  That the Court award TAI its attorneys' fees and other costs reasonably incurred in the defense of this action; and

4.  That the Court order such other further relief for TAI as the Court may deem just and proper.

Dated:  November 4, 2013              Respectfully submitted,

                                     **WHITE & CASE** LLP

                                     By:   _/s/ Lucius B. Lau_
                                           Christopher M. Curran (*pro hac vice*)
                                           ccurran@whitecase.com
                                           Lucius B. Lau (*pro hac vice*)
                                           alau@whitecase.com
                                           Dana E. Foster (*pro hac vice*)
                                           defoster@whitecase.com
                                           701 Thirteenth Street, N.W.
                                           Washington, DC  20005
                                           tel.: (202) 626-3600
                                           fax: (202) 639-9355

                                           *Counsel to Defendant*
                                           *Toshiba America, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

On November 4, 2013, I caused a copy of the "TOSHIBA AMERICA, INC.'S ANSWER TO COSTCO WHOLESALE CORPORATION'S FIRST AMENDED COMPLAINT" to be served via ECF on the other parties in this action.

By:  _/s/ Lucius B. Lau_
        Lucius B. Lau (*pro hac vice*)