Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Consumer Products, L.L.C.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*<br><br>Civil Action No. 3:11-06397-SC | **TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S ANSWER TO COSTCO WHOLESALE CORPORATION'S FIRST AMENDED COMPLAINT**<br><br>The Honorable Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For its Answer to Costco Wholesale Corporation's First Amended Complaint ("FAC"), Defendant Toshiba America Consumer Products, L.L.C. ("TACP") states as follows:

## INTRODUCTION[1]

1.     The allegations contained in Paragraph 1 consist of Plaintiff's characterization of its claims and an explanation of defined terms used in its FAC, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 1.  To the extent that the allegations contained in Paragraph 1 relate to other Defendants, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

2.     To the extent that the allegations contained in the first sentence of Paragraph 2 relate to other Defendants, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the first sentence of Paragraph 2 are directed to TACP, TACP denies these allegations.  The remainder of Paragraph 2 consists of explanations of defined terms used in its FAC, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in the remainder of Paragraph 2.

3.     To the extent that the allegations contained in Paragraph 3 relate to other Defendants, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 3 are directed to TACP, TACP denies these allegations.

4.     To the extent that the allegations contained in Paragraph 4 relate to other Defendants, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 4 are directed to TACP, TACP denies these allegations.

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the FAC.

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S ANSWER
TO COSTCO'S FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

5.     To the extent that the allegations contained in Paragraph 5 relate to other Defendants, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 5 are directed to TACP, TACP denies these allegations.

6.     To the extent that the allegations contained in Paragraph 6 relate to other Defendants, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 6 are directed to TACP, TACP denies these allegations.

7.     To the extent that the allegations contained in Paragraph 7 relate to other Defendants, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 7 are directed to TACP, TACP denies these allegations.

8.     To the extent that Paragraph 8 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 8 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 8 may be deemed to require a response from TACP, TACP denies these allegations.

9.     Paragraph 9 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 9 relate to other Defendants, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 9 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

10.     Paragraph 10 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S ANSWER
TO COSTCO'S FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917
2

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

contained in Paragraph 10 relate to other Defendants, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 10 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**PARTIES**

**A.   Plaintiff**

11.   TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, denies the allegations.

12.   TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies the allegations.

13.   TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, denies the allegations.

14.   TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, denies the allegations.

15.   Paragraph 15 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 15 relate to other Defendants, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 15 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

16.   Paragraph 16 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 16 relate to other Defendants, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore,

denies these allegations. To the extent that the allegations contained in Paragraph 16 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**B.    Defendants**

    **1.    Hitachi Entities**

17.    Paragraph 17 relates to another Defendant. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies the allegations.

18.    Paragraph 18 relates to another Defendant. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies the allegations.

19.    Paragraph 19 relates to another Defendant. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies the allegations.

20.    Paragraph 20 relates to another Defendant. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the allegations.

21.    Paragraph 21 relates to another Defendant. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies the allegations.

22.    Paragraph 22 relates to another Defendant. Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies the allegations.

23.    Paragraph 23 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required. To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 23.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**2.    IRICO Entities**

24.    Paragraph 24 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies the allegations.

25.    Paragraph 25 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies the allegations.

26.    Paragraph 26 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.   To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 26.

27.    Paragraph 27 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.   To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 27.

**3.    LG Electronics Entities**

28.    Paragraph 28 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies the allegations.

29.    Paragraph 29 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies the allegations.

30.    Paragraph 30 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies the allegations.

31.    Paragraph 31 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.   To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 31.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 4.    LP Displays

32.    Paragraph 32 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies the allegations.

### 5.    BMCC

33.    Paragraph 33 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, denies the allegations.

### 6.    Phillips Entities

34.    Paragraph 34 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

35.    Paragraph 35 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies the allegations.

36.    Paragraph 36 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, denies the allegations.

37.    Paragraph 37 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies the allegations.

38.    Paragraph 38 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 38.

### 7.    Samsung Entities

39.    Paragraph 39 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

40.     Paragraph 40 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies the allegations.

41.     Paragraph 41 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies the allegations.

42.     Paragraph 42 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies the allegations.

43.     Paragraph 43 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies the allegations.

44.     Paragraph 44 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, denies the allegations.

45.     Paragraph 45 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies the allegations.

46.     Paragraph 46 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies the allegations.

47.     Paragraph 47 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, denies the allegations.

48.     Paragraph 48 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 48.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**8.      Samtel**

49.      Paragraph 49 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, denies the allegations.

**9.      Thai CRT**

50.      Paragraph 50 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

**10.      Toshiba Entities**

51.      Paragraph 51 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, denies the allegations except that TACP admits the allegations contained in the first sentence of Paragraph 51.

52.      Paragraph 52 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies the allegations, except that TACP admits the allegations contained in the first sentence of Paragraph 52.

53.      TACP denies the allegations in Paragraph 53, except that TACP avers that TACP completed a merger into Toshiba America Information Systems, Inc. ("TAIS") on February 14, 2011, whereby TACP no longer exists as a separate legal entity and TACP's former facilities are either closed or now operated entirely by TAIS.  TACP avers it sold certain electronic devices containing color picture tubes during the Relevant Period.

54.      Paragraph 54 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, denies the allegations.

55.      Paragraph 55 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

56.     Paragraph 56 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 56.

**11.   Chunghwa Entities**

57.     Paragraph 57 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, denies the allegations.

58.     Paragraph 58 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, denies the allegations.

59.     Paragraph 59 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 59.

**C.   Agents and co-conspirators**

60.     To the extent that the allegations contained in Paragraph 60 relate to other Defendants, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 60 are directed to TACP, TACP denies these allegations.

61.     To the extent that the allegations contained in Paragraph 61 relate to other Defendants, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 61 are directed to TACP, TACP denies these allegations.

62.     Paragraph 62 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 62.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

63.     Paragraph 63 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 63.

64.     Paragraph 64 relates to other companies.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, therefore, denies the allegations.

## JURISDICTION AND VENUE

65.     Paragraph 65 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 65.

66.     Paragraph 66 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 66.

67.     Paragraph 67 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 67.

68.     Paragraph 68 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 68.

69.     Paragraph 69 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 69.

## FACTS AND BACKGROUND

**A.     CRT Technology**

70.     TACP admits the allegations contained in Paragraph 70.

71.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and, therefore, denies the allegations.

72.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, therefore, denies the allegations.

73.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, therefore, denies the allegations.

74.     To the extent that Paragraph 74 describes CRT technology generally, and claims that CDTs and CPTs are separate products, TACP admits the allegations in Paragraph 74, but avers that the allegations do not describe comprehensively or accurately all variants of CRT technology.  TACP denies the remaining allegations in Paragraph 74.

75.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, therefore, denies the allegations.

76.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, therefore, denies the allegations.

77.     Paragraph 77 consists of argument and Plaintiff's characterization of its claims, to which no response is required.  To the extent that a response is deemed required, TACP denies the allegations contained in Paragraph 77.

**B.     Structure of the CRT Industry**

78.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and, therefore, denies the allegations.

**1.     Market Concentration**

79.     To the extent that the allegations contained in Paragraph 79 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 79 are directed to TACP, TACP denies these allegations.

**2.     Information Sharing**

80.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

81.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

**3.     Consolidation**

82.     To the extent that the allegations contained in Paragraph 82 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 82 are directed to TACP, TACP denies these allegations.

**4.     Multiple Interrelated Business Relationships**

83.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, therefore, denies the allegations.

84.     To the extent that the allegations contained in Paragraph 84 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 84 are directed to TACP, TACP denies these allegations.

**5.     High Costs of Entry Into the Industry**

85.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies the allegations.

86.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, therefore, denies the allegations.

**6.     The Maturity of the CRT Product Market**

87.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, therefore, denies the allegations.

88.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, therefore, denies the allegations.

89.     TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

90.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, therefore, denies the allegations.

91.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and, therefore, denies the allegations.

92.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, denies the allegations.

**7.    Homogeneity of CRT Products**

93.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, therefore, denies the allegations.

94.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations.

**C.    Pre-Conspiracy Market**

95.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and, therefore, denies the allegations.

96.    Paragraph 96 relates to other Defendants.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and, therefore, denies the allegations.

**D.    Defendants' and Co-Conspirators' Illegal Agreements**

97.    To the extent that the allegations contained in Paragraph 97 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 97 are directed to TACP, TACP denies these allegations.

98.    To the extent that the allegations contained in Paragraph 98 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 98 are directed to TACP, TACP denies these allegations.

99.     Paragraph 99 relates to other Defendants.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and, therefore, denies the allegations.

100.    To the extent that the allegations contained in Paragraph 100 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 100 are directed to TACP, TACP denies these allegations.

101.    To the extent that the allegations contained in Paragraph 101 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 101 are directed to TACP, TACP denies these allegations.

**1.     "Glass Meetings"**

102.    To the extent that the allegations contained in Paragraph 102 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 102 are directed to TACP, TACP denies these allegations.

103.    To the extent that the allegations contained in Paragraph 103 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 103 are directed to TACP, TACP denies these allegations.

104.    To the extent that the allegations contained in Paragraph 104 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   extent that the allegations contained in Paragraph 104 are directed to TACP, TACP denies
2   these allegations.

3       105.    To the extent that the allegations contained in Paragraph 105 relate to other
4   Defendants or third parties, TACP lacks knowledge or information sufficient to form a
5   belief as to the truth of these allegations and, therefore, denies these allegations.  To the
6   extent that the allegations contained in Paragraph 105 are directed to TACP, TACP denies
7   these allegations.

8       106.    To the extent that the allegations contained in Paragraph 106 relate to other
9   Defendants or third parties, TACP lacks knowledge or information sufficient to form a
10  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
11  extent that the allegations contained in Paragraph 106 are directed to TACP, TACP denies
12  these allegations.

13      107.    To the extent that the allegations contained in Paragraph 107 relate to other
14  Defendants or third parties, TACP lacks knowledge or information sufficient to form a
15  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
16  extent that the allegations contained in Paragraph 107 are directed to TACP, TACP denies
17  these allegations.

18      108.    To the extent that the allegations contained in Paragraph 108 relate to other
19  Defendants or third parties, TACP lacks knowledge or information sufficient to form a
20  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
21  extent that the allegations contained in Paragraph 108 are directed to TACP, TACP denies
22  these allegations.

23      109.    To the extent that the allegations contained in Paragraph 109 relate to other
24  Defendants or third parties, TACP lacks knowledge or information sufficient to form a
25  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
26  extent that the allegations contained in Paragraph 109 are directed to TACP, TACP denies
27  these allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

110.    To the extent that the allegations contained in Paragraph 110 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 110 are directed to TACP, TACP denies these allegations.

111.    To the extent that the allegations contained in Paragraph 111 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 111 are directed to TACP, TACP denies these allegations.

112.    To the extent that the allegations contained in Paragraph 112 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 112 are directed to TACP, TACP denies these allegations.

113.    To the extent that the allegations contained in Paragraph 113 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 113 are directed to TACP, TACP denies these allegations.

114.    To the extent that the allegations contained in Paragraph 114 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 114 are directed to TACP, TACP denies these allegations.

115.    To the extent that the allegations contained in Paragraph 115 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

extent that the allegations contained in Paragraph 115 are directed to TACP, TACP denies these allegations.

116.   To the extent that the allegations contained in Paragraph 116 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 116 are directed to TACP, TACP denies these allegations.

117.   To the extent that the allegations contained in Paragraph 117 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 117 are directed to TACP, TACP denies these allegations.

**2.    Bilateral Discussions**

118.   To the extent that the allegations contained in Paragraph 118 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 118 are directed to TACP, TACP denies these allegations.

119.   To the extent that the allegations contained in Paragraph 119 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 119 are directed to TACP, TACP denies these allegations.

120.   To the extent that the allegations contained in Paragraph 120 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 120 are directed to TACP, TACP denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

121.   To the extent that the allegations contained in Paragraph 121 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 121 are directed to TACP, TACP denies these allegations.

122.   To the extent that the allegations contained in Paragraph 122 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 122 are directed to TACP, TACP denies these allegations.

123.   To the extent that the allegations contained in Paragraph 123 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 123 are directed to TACP, TACP denies these allegations.

**3.     Defendants' And Co-Conspirators' Participation in Group and Bilateral Discussions**

124.   Paragraph 124 relates to other Defendants.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 and, therefore, denies the allegations.

125.   Paragraph 125 relates to other Defendants.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 and, therefore, denies the allegations.

126.   Paragraph 126 relates to other Defendants.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

127.   Paragraph 127 relates to other Defendants.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 and, therefore, denies the allegations.

128.   Paragraph 128 relates to other Defendants.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 and, therefore, denies the allegations.

129.   Paragraph 129 relates to other Defendants.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 and, therefore, denies the allegations.

130.   Paragraph 130 relates to other Defendants.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 and, therefore, denies the allegations.

131.   Paragraph 131 relates to other Defendants.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 and, therefore, denies the allegations.

132.   Paragraph 132 relates to other Defendants.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 and, therefore, denies the allegations.

133.   Paragraph 133 relates to other Defendants.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 and, therefore, denies the allegations.

134.   Paragraph 134 relates to other Defendants.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 and, therefore, denies the allegations.

135.   Paragraph 135 relates to other Defendants.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

136.     Paragraph 136 relates to other Defendants.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 and, therefore, denies the allegations.

137.     Paragraph 137 relates to other Defendants.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 and, therefore, denies the allegations.

138.     Paragraph 138 relates to other Defendants.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 and, therefore, denies the allegations.

139.     Paragraph 139 relates to other Defendants.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 and, therefore, denies the allegations.

140.     To the extent that the allegations contained in Paragraph 140 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 140 are directed to TACP, TACP denies these allegations.

141.     To the extent that the allegations contained in Paragraph 141 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 141 are directed to TACP, TACP denies these allegations.

142.     Paragraph 142 relates to other Defendants.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 and, therefore, denies the allegations.

143.     Paragraph 143 relates to other Defendants.     Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

144.    To the extent that Paragraph 144 consists of Plaintiff's characterization of its claims and Plaintiff's explanation of a defined term used in the FAC, no response is required.  To the extent that the allegations contained in Paragraph 144 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 144 may be deemed to require a response from TACP, TACP denies these allegations.

**E.    The CRT Market During the Conspiracy**

145.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 and, therefore, denies the allegations.

146.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 and, therefore, denies the allegations.

**F.    International Government Antitrust Investigations**

147.    To the extent that Paragraph 147 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 147 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 147 are directed to TACP, TACP denies these allegations.

148.    To the extent that Paragraph 148 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 148 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 148 may be deemed to require a response from TACP, TACP denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

149.   The allegations contained in Paragraph 149 refer to a public annual report, which is the best evidence of its contents.  To the extent that the allegations contained in Paragraph 149 may be deemed to require a response from TACP, TACP denies these allegations.

150.   To the extent that Paragraph 150 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 150 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 150 may be deemed to require a response from TACP, TACP denies these allegations.

151.   To the extent that Paragraph 151 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 151 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 151 may be deemed to require a response from TACP, TACP denies these allegations.

152.   To the extent that Paragraph 152 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 152 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 152 may be deemed to require a response from TACP, TACP denies these allegations.

153.   To the extent that Paragraph 153 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Paragraph 153 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 153 may be deemed to require a response from TACP, TACP denies these allegations.

154.   To the extent that Paragraph 154 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 154 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 154 may be deemed to require a response from TACP, TACP denies these allegations.

155.   To the extent that Paragraph 155 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 155 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 155 may be deemed to require a response from TACP, TACP denies these allegations.

156.   To the extent that Paragraph 156 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 156 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 156 may be deemed to require a response from TACP, TACP denies these allegations.

157.   To the extent that Paragraph 157 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in

Paragraph 157 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 157 may be deemed to require a response from TACP, TACP denies these allegations.

158.    To the extent that the allegations contained in Paragraph 158 relate to other Defendants and/or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 158 are directed to TACP, TACP denies these allegations.

159.    To the extent that Paragraph 159 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 159 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 159 may be deemed to require a response from TACP, TACP denies these allegations.

160.    To the extent that Paragraph 160 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 160 may be deemed to require a response from TACP, TACP denies these allegations.

161.    To the extent that Paragraph 161 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 161 may be deemed to require a response from TACP, TACP denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**G.    The Role of Trade Associations During the Relevant Period**

162.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 and, therefore, denies these allegations.

163.    Paragraph 163 relates to other Defendants or third parties.  Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 and, therefore, denies these allegations.

164.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 and, therefore, denies these allegations.

165.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 and, therefore, denies these allegations.

166.    TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 and, therefore, denies these allegations.

**H.    Effects of the Conspiracy**

167.    To the extent that Paragraph 167 contains argument or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 167 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 167 are directed to TACP, TACP denies these allegations.

168.    To the extent that Paragraph 168 contains argument or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 168 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 168 are directed to TACP, TACP denies these allegations.

169.    Paragraph 169 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 169 relate to other Defendants or third parties, TACP lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 169 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form the belief as to the truth of these allegations and, therefore, denies these allegations.

## FRAUDULENT CONCEALMENT

170.    Paragraph 170 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 170 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 170 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

171.    Paragraph 171 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 171 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 171 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

172.    Paragraph 172 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 172 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 172 may be deemed to require a response from TACP, TACP lacks knowledge

or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

173.    Paragraph 173 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 173 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 173 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

174.    Paragraph 174 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 174 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 174 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

175.    To the extent that the allegations contained in Paragraph 175 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 175 are directed at TACP, TACP denies these allegations.

176.    To the extent that the allegations contained in Paragraph 176 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 176 are directed to TACP, TACP denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

177.    To the extent that Paragraph 177 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 177 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 177 may be deemed to require a response from TACP, TACP denies these allegations.

178.    Paragraph 178 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 178 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 178 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

179.    Paragraph 179 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 179 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 179 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

180.    Paragraph 180 relates to other Defendants.    Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

181.    Paragraph 181 relates to another Defendant.   Accordingly, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 and, therefore, denies the allegations.

182.    Paragraph 182 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 182 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 182 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

183.    Paragraph 183 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 183 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 183 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

### *AMERICAN PIPE*, GOVERNMENT ACTION, AND CROSS-JURISDICTIONAL TOLLING

184.    Paragraph 184 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 184 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 184 may be deemed to require a response from TACP, TACP lacks knowledge

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

185.   Paragraph 185 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 185 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 185 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

186.   Paragraph 186 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 186 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 186 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## FIRST CAUSE OF ACTION

### (Violation of Section 1 of the Sherman Act)

187.   TACP hereby incorporates by reference its responses to Paragraphs 1-186 of the FAC, as set forth above.

188.   Paragraph 188 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 188 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 188 may be deemed to require a response from TACP, TACP lacks knowledge

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   or information sufficient to form a belief as to the truth of these allegations and, therefore,

2   denies these allegations.

3   189.   Paragraph 189 consists of argument, Plaintiff's characterization of its claims,

4   or legal conclusions, to which no response is required.  To the extent that the allegations

5   contained in Paragraph 189 relate to other Defendants or third parties, TACP lacks

6   knowledge or information sufficient to form a belief as to the truth of these allegations and,

7   therefore, denies these allegations.   To the extent that the allegations contained in

8   Paragraph 189 may be deemed to require a response from TACP, TACP lacks knowledge

9   or information sufficient to form a belief as to the truth of these allegations and, therefore,

10   denies these allegations.

11   190.   Paragraph 190 consists of argument, Plaintiff's characterization of its claims,

12   or legal conclusions, to which no response is required.  To the extent that the allegations

13   contained in Paragraph 190 relate to other Defendants or third parties, TACP lacks

14   knowledge or information sufficient to form a belief as to the truth of these allegations and,

15   therefore, denies these allegations.   To the extent that the allegations contained in

16   Paragraph 190 may be deemed to require a response from TACP, TACP lacks knowledge

17   or information sufficient to form a belief as to the truth of these allegations and, therefore,

18   denies these allegations.

19   191.   Paragraph 191 consists of argument, Plaintiff's characterization of its claims,

20   or legal conclusions, to which no response is required.  To the extent that the allegations

21   contained in Paragraph 191 relate to other Defendants or third parties, TACP lacks

22   knowledge or information sufficient to form a belief as to the truth of these allegations and,

23   therefore, denies these allegations.   To the extent that the allegations contained in

24   Paragraph 191 may be deemed to require a response from TACP, TACP lacks knowledge

25   or information sufficient to form a belief as to the truth of these allegations and, therefore,

26   denies these allegations.

27   192.   Paragraph 192 consists of argument, Plaintiff's characterization of its claims,

28   or legal conclusions, to which no response is required.  To the extent that the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  contained in Paragraph 192 relate to other Defendants or third parties, TACP lacks

2  knowledge or information sufficient to form a belief as to the truth of these allegations and,

3  therefore, denies these allegations.   To the extent that the allegations contained in

4  Paragraph 192 may be deemed to require a response from TACP, TACP lacks knowledge

5  or information sufficient to form a belief as to the truth of these allegations and, therefore,

6  denies these allegations.

7       193.    Paragraph 193 consists of argument, Plaintiff's characterization of its claims,

8  or legal conclusions, to which no response is required.  To the extent that the allegations

9  contained in Paragraph 193 relate to other Defendants or third parties, TACP lacks

10 knowledge or information sufficient to form a belief as to the truth of these allegations and,

11 therefore, denies these allegations.   To the extent that the allegations contained in

12 Paragraph 193 may be deemed to require a response from TACP, TACP lacks knowledge

13 or information sufficient to form a belief as to the truth of these allegations and, therefore,

14 denies these allegations.

15                          **SECOND CAUSE OF ACTION**

16 **(Violation of the California Cartwright Act, Cal. Bus & Prof. Code § 16700 *et seq.*)**

17      194.    TACP hereby incorporates by reference its responses to Paragraphs 1-193 of

18 the FAC, as set forth above.

19      195.    Paragraph 195 consists of argument, Plaintiff's characterization of its claims,

20 or legal conclusions, to which no response is required.  To the extent that the allegations

21 contained in Paragraph 195 relate to other Defendants or third parties, TACP lacks

22 knowledge or information sufficient to form a belief as to the truth of these allegations and,

23 therefore, denies these allegations.   To the extent that the allegations contained in

24 Paragraph 195 may be deemed to require a response from TACP, TACP lacks knowledge

25 or information sufficient to form a belief as to the truth of these allegations and, therefore,

26 denies these allegations.

27      196.    Paragraph 196 consists of argument, Plaintiff's characterization of its claims,

28 or legal conclusions, to which no response is required.  To the extent that the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   contained in Paragraph 196 relate to other Defendants or third parties, TACP lacks

2   knowledge or information sufficient to form a belief as to the truth of these allegations and,

3   therefore, denies these allegations.   To the extent that the allegations contained in

4   Paragraph 196 are directed to TACP, TACP denies these allegations.

5       197.   Paragraph 197 consists of argument, Plaintiff's characterization of its claims,

6   or legal conclusions, to which no response is required.  To the extent that the allegations

7   contained in Paragraph 197 relate to other Defendants or third parties, TACP lacks

8   knowledge or information sufficient to form a belief as to the truth of these allegations and,

9   therefore, denies these allegations.   To the extent that the allegations contained in

10   Paragraph 197 may be deemed to require a response from TACP, TACP lacks knowledge

11   or information sufficient to form a belief as to the truth of these allegations and, therefore,

12   denies these allegations.

13                         **THIRD CAUSE OF ACTION**

14   **(Violation of the Washington Consumer Protection Act, RCW 19.86.030)**

15       198.   TACP hereby incorporates by reference its responses to Paragraphs 1-197 of

16   the FAC, as set forth above.

17       199.   Paragraph 199 consists of argument, Plaintiff's characterization of its claims

18   or legal conclusions, to which no response is required.  To the extent that the allegations

19   contained in Paragraph 199 relate to other Defendants or third parties, TACP lacks

20   knowledge or information sufficient to form a belief as to the truth of these allegations and,

21   therefore, denies these allegations.   To the extent that the allegations contained in

22   Paragraph 199 may be deemed to require a response from TACP, TACP lacks knowledge

23   or information sufficient to form a belief as to the truth of these allegations and, therefore,

24   denies these allegations.

25       200.   Paragraph 200 consists of argument, Plaintiff's characterization of its claims,

26   or legal conclusions, to which no response is required.  To the extent that the allegations

27   contained in Paragraph 200 relate to other Defendants or third parties, TACP lacks

28   knowledge or information sufficient to form a belief as to the truth of these allegations and,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  therefore, denies these allegations.   To the extent that the allegations contained in

2  Paragraph 200 may be deemed to require a response from TACP, TACP lacks knowledge

3  or information sufficient to form a belief as to the truth of these allegations and, therefore,

4  denies these allegations.

5      201.   Paragraph 201 consists of argument, Plaintiff's characterization of its claims,

6  or legal conclusions, to which no response is required.   To the extent that the allegations

7  contained in Paragraph 201 relate to other Defendants or third parties, TACP lacks

8  knowledge or information sufficient to form a belief as to the truth of these allegations and,

9  therefore, denies these allegations.   To the extent that the allegations contained in

10  Paragraph 201 may be deemed to require a response from TACP, TACP lacks knowledge

11  or information sufficient to form a belief as to the truth of these allegations and, therefore,

12  denies these allegations.

13  ## FOURTH CAUSE OF ACTION

14  **(Violation of the Arizona Antitrust Act, Ariz. Rev. Stat. § 14-1401 *et seq.*)**

15      202.   TACP hereby incorporates by reference its responses to Paragraphs 1-201 of

16  the FAC, as set forth above.

17      203.   Paragraph 203 consists of argument, Plaintiff's characterization of its claims,

18  or legal conclusions, to which no response is required.   To the extent that the allegations

19  contained in Paragraph 203 relate to other Defendants or third parties, TACP lacks

20  knowledge or information sufficient to form a belief as to the truth of these allegations and,

21  therefore, denies these allegations.   To the extent that the allegations contained in

22  Paragraph 203 may be deemed to require a response from TACP, TACP lacks knowledge

23  or information sufficient to form a belief as to the truth of these allegations and, therefore,

24  denies these allegations.

25      204.   Paragraph 204 consists of argument, Plaintiff's characterization of its claims,

26  or legal conclusions, to which no response is required.   To the extent that the allegations

27  contained in Paragraph 204 relate to other Defendants or third parties, TACP lacks

28  knowledge or information sufficient to form a belief as to the truth of these allegations and,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

therefore, denies these allegations. To the extent that the allegations contained in Paragraph 204 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

205. Paragraph 205 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 205 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 205 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## FIFTH CAUSE OF ACTION

**(Violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Stat.**

**§ 501.2013, *et seq*.)**

206. TACP hereby incorporates by reference its responses to Paragraphs 1-205 of the FAC, as set forth above.

207. Paragraph 207 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 207 relate to other Defendants or third parties, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 207 may be deemed to require a response from TACP, TACP lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

208. Paragraph 208 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 208 relate to other Defendants or third parties, TACP lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  knowledge or information sufficient to form a belief as to the truth of these allegations and,

2  therefore, denies these allegations.   To the extent that the allegations contained in

3  Paragraph 208 may be deemed to require a response from TACP, TACP lacks knowledge

4  or information sufficient to form a belief as to the truth of these allegations and, therefore,

5  denies these allegations.

6      209.   Paragraph 209 consists of argument, Plaintiff's characterization of its claims,

7  or legal conclusions, to which no response is required.   To the extent that the allegations

8  contained in Paragraph 209 relate to other Defendants or third parties, TACP lacks

9  knowledge or information sufficient to form a belief as to the truth of these allegations and,

10  therefore, denies these allegations.   To the extent that the allegations contained in

11  Paragraph 209 may be deemed to require a response from TACP, TACP lacks knowledge

12  or information sufficient to form a belief as to the truth of these allegations and, therefore,

13  denies these allegations.

14      210.   Paragraph 210 consists of argument, Plaintiff's characterization of its claims,

15  or legal conclusions, to which no response is required.   To the extent that the allegations

16  contained in Paragraph 210 relate to other Defendants or third parties, TACP lacks

17  knowledge or information sufficient to form a belief as to the truth of these allegations and,

18  therefore, denies these allegations.   To the extent that the allegations contained in

19  Paragraph 210 may be deemed to require a response from TACP, TACP lacks knowledge

20  or information sufficient to form a belief as to the truth of these allegations and, therefore,

21  denies these allegations.

22      211.   Paragraph 211 consists of argument, Plaintiff's characterization of its claims,

23  or legal conclusions, to which no response is required.   To the extent that the allegations

24  contained in Paragraph 211 relate to other Defendants or third parties, TACP lacks

25  knowledge or information sufficient to form a belief as to the truth of these allegations and,

26  therefore, denies these allegations.   To the extent that the allegations contained in

27  Paragraph 211 may be deemed to require a response from TACP, TACP lacks knowledge

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    or information sufficient to form a belief as to the truth of these allegations and, therefore,

2    denies these allegations.

3        212.    Paragraph 212 consists of argument, Plaintiff's characterization of its claims,

4    or legal conclusions, to which no response is required.  To the extent that the allegations

5    contained in Paragraph 212 relate to other Defendants or third parties, TACP lacks

6    knowledge or information sufficient to form a belief as to the truth of these allegations and,

7    therefore, denies these allegations.   To the extent that the allegations contained in

8    Paragraph 212 may be deemed to require a response from TACP, TACP lacks knowledge

9    or information sufficient to form a belief as to the truth of these allegations and, therefore,

10   denies these allegations.

11                              **SIXTH CAUSE OF ACTION**

12          **(Violation of the Illinois Antitrust Act, 740 Illinois Code 10/1 *et seq.*)**

13       213.    TACP hereby incorporates by reference its responses to Paragraphs 1-212 of

14   the FAC, as set forth above.

15       214.    Paragraph 214 consists of argument, Plaintiff's characterization of its claims,

16   or legal conclusions, to which no response is required.  To the extent that the allegations

17   contained in Paragraph 214 relate to other Defendants or third parties, TACP lacks

18   knowledge or information sufficient to form a belief as to the truth of these allegations and,

19   therefore, denies these allegations.   To the extent that the allegations contained in

20   Paragraph 214 may be deemed to require a response from TACP, TACP lacks knowledge

21   or information sufficient to form a belief as to the truth of these allegations and, therefore,

22   denies these allegations.

23       215.    Paragraph 215 consists of argument, Plaintiff's characterization of its claims,

24   or legal conclusions, to which no response is required.  To the extent that the allegations

25   contained in Paragraph 215 relate to other Defendants or third parties, TACP lacks

26   knowledge or information sufficient to form a belief as to the truth of these allegations and,

27   therefore, denies these allegations.   To the extent that the allegations contained in

28   Paragraph 215 may be deemed to require a response from TACP, TACP lacks knowledge

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   or information sufficient to form a belief as to the truth of these allegations and, therefore,

2   denies these allegations.

3       216.   Paragraph 216 consists of argument, Plaintiff's characterization of its claims,

4   or legal conclusions, to which no response is required.  To the extent that the allegations

5   contained in Paragraph 216 relate to other Defendants or third parties, TACP lacks

6   knowledge or information sufficient to form a belief as to the truth of these allegations and,

7   therefore, denies these allegations.   To the extent that the allegations contained in

8   Paragraph 216 may be deemed to require a response from TACP, TACP lacks knowledge

9   or information sufficient to form a belief as to the truth of these allegations and, therefore,

10  denies these allegations.

11                                  **RELIEF**

12      In answer to the request for Relief, TACP denies each and every allegation in the

13  Prayer and further specifically denies that Plaintiff is entitled to any of the relief requested

14  or any remedy whatsoever against TACP.

15      All allegations of the FAC not heretofore admitted or denied are here and now denied

16  as though specifically denied herein.

17                     **DEFENSES/AFFIRMATIVE DEFENSES**

18      Without assuming any burden it would not otherwise bear, and reserving its right to

19  amend its Answer to assert additional defenses as they may become known during

20  discovery, TACP asserts the following separate and additional defenses:

21                               **FIRST DEFENSE**

22      Plaintiff's claims are barred, in whole or in part, by the Foreign Trade Antitrust

23  Improvements Act, 15 U.S.C. § 6a.

24                              **SECOND DEFENSE**

25      The FAC fails to state a claim upon which relief can be granted.

26                               **THIRD DEFENSE**

27      Plaintiff's claims are barred in whole or part because the FAC fails to plead

28  conspiracy with particularity required under applicable law.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**FOURTH DEFENSE**

2      Plaintiff has failed to plead fraudulent concealment with the particularity required by

3  Rule 9(b) of the Federal Rules of Civil Procedure.

4

**FIFTH DEFENSE**

5      Plaintiff's state law claims are barred or limited in whole or in part by the doctrine of

6  *forum non conveniens* and improper venue.  Plaintiff's claims, to the extent they rely on the

7  laws of foreign states, would be better adjudicated in those foreign courts.

8

**SIXTH DEFENSE**

9      Plaintiff's claims against TACP are barred to the extent that it has agreed to

10  arbitration or chosen a different forum for the resolution of its claims.

11

**SEVENTH DEFENSE**

12      Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to

13  bring or maintain the claims set forth in the FAC.

14

**EIGHTH DEFENSE**

15      Plaintiff's claims are barred, in whole or in part, because Plaintiff was not validly

16  assigned those claims.

17

**NINTH DEFENSE**

18      TACP asserts as defenses to Plaintiff's claims any additional defense that it might

19  have against Plaintiff's purported assignors, as to whom additional defenses cannot

20  presently be ascertained.

21

**TENTH DEFENSE**

22      Plaintiff's claims are barred, in whole or in part, to the extent that it did not purchase

23  CRTs directly from Defendants, because it is an indirect purchaser and barred from

24  maintaining an action under 15 U.S.C. § 1 for alleged injuries in that capacity.

25

**ELEVENTH DEFENSE**

26      Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no

27  antitrust injury.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

**TWELFTH DEFENSE**

2    Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations,

3    including but not limited to:  15 U.S.C. § 15b; Ariz. Rev. Stat. Ann. § 44-1410; Cal. Bus. &

4    Prof. Code § 17208; Cal. Bus. & Prof. Code § 16750.1; Cal. Civ. Proc. Code §§ 337-340;

5    Fla. Stat. § 95.11(f); 740 Ill. Comp. Stat. 10/7; and Wash. Rev. Code § 19.86.120.

6

**THIRTEENTH DEFENSE**

7    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

8

**FOURTEENTH DEFENSE**

9    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

10

**FIFTEENTH DEFENSE**

11    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

12

**SIXTEENTH DEFENSE**

13    Plaintiff's claims are barred, in whole or in part, because no Plaintiff has been injured

14    in its business or property by reason of any action of TACP.

15

**SEVENTEENTH DEFENSE**

16    Plaintiff's claims are barred, in whole or in part, because any alleged injuries and

17    damages were not legally or proximately caused by any acts or omissions of TACP or were

18    caused, if at all, solely and proximately by the conduct of third parties including, without

19    limitation, the prior, intervening or superseding conduct of such third parties.

20

**EIGHTEENTH DEFENSE**

21    To the extent that any actionable conduct occurred, Plaintiff's claims against TACP

22    are barred because all such conduct would have been committed by individuals acting *ultra*

23    *vires*.

24

**NINETEENTH DEFENSE**

25    Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no

26    damages as a result of any actions taken by TACP and/or the other Defendants.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TWENTIETH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**TWENTY-FIRST DEFENSE**

Plaintiff is barred from recovery of any damages because of, and to the extent of, its failure to mitigate damages.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any actions or practices of TACP that are the subject of the FAC were undertaken unilaterally for legitimate business reasons and in pursuit of TACP's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between TACP and any other person or entity.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any acts or practices of TACP that are the subject of the FAC were adopted in furtherance of legitimate business interests of TACP and of its customers and did not unreasonably restrain competition.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any acts or practices of TACP that are the subject of the FAC were cost justified or otherwise economically justified and resulted from a good-faith effort to meet competition or market conditions.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the alleged conduct complained of was caused by, due to, based upon, or in response to directives, laws, regulations, policies and/or acts of governments, governmental agencies and entities and/or regulatory agencies, and as such is non-actionable or privileged.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

## TWENTY-SIXTH DEFENSE

To the extent there is a finding of an illegal overcharge, Plaintiff's claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to the indirect purchasers.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because, as an indirect purchaser, it fails to meet its burden of proving that it was damaged in fact by the conduct of which complaint is here made, including the burden of proving that any so-called overcharge of which complaint is made and which was not absorbed by predecessors to Plaintiff in the chain of distribution was not passed on to a third party.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent it seeks improper multiple damage awards and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## THIRTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## THIRTY-FIRST DEFENSE

Plaintiff's claims for injunctive relief should be dismissed because Plaintiff has available an adequate remedy at law.

## THIRTY-SECOND DEFENSE

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**THIRTY-THIRD DEFENSE**

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, TACP contends that it is entitled to set off any amounts paid to Plaintiff by any Defendants other than TACP who have settled, or do settle, Plaintiff's claims against them in this action.

**THIRTY-FOURTH DEFENSE**

Plaintiff's claims for injunctive relief are barred, in whole or in part, insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

**THIRTY-FIFTH DEFENSE**

Plaintiff lacks standing to prosecute its state antitrust claims, in whole or in part, under, without limitation, the following statutes:  Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq*.; Cal. Bus. & Prof. Code §§ 16700, *et seq.*; Cal. Bus. & Prof. Code §§ 17200, *et seq*.; and 740 Ill. Comp. Stat. 10/1, *et seq.*

**THIRTY-SIXTH DEFENSE**

Plaintiff lacks standing to prosecute its state consumer protection claims, in whole or in part, under, without limitation, the following statutes:  Cal. Bus. & Prof. Code §§ 17200, *et seq.*; Fla. Stat. §§ 501.201, *et seq.*; and Wash. Rev. Code § 19.86.10, *et seq.*

**THIRTY-SEVENTH DEFENSE**

Plaintiff's claims under Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq.*, are barred, in whole or in part, because Plaintiff failed to comply with the requirements of Ariz. Rev. Stat. Ann. § 44-1415.

**THIRTY-EIGHTH DEFENSE**

Any award of restitution under Cal. Bus. & Prof. Code § 17203 based upon asserted interests or injuries of Plaintiff would violate the Excessive Fines Clause of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and Article I, Section 17 of the California Constitution.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

### THIRTY-NINTH DEFENSE

2     Plaintiff's claims for monetary relief under Cal. Bus. & Prof. Code § 17203 are

3 barred, in whole or in part, because TACP did not acquire any money or property from

4 Plaintiff.

5

### FORTIETH DEFENSE

6     Any finding of liability under Cal. Bus. & Prof. Code §§ 17200, 17203 or 17204

7 would violate the Due Process Clause of the Fourteenth Amendment to the United States

8 Constitution and Article I, Section 7 of the California Constitution, because the standards

9 of liability under these statutes are unduly vague and subjective, permitting retroactive,

10 random, arbitrary and capricious punishment that serves no legitimate governmental

11 interest.

12

### FORTY-FIRST DEFENSE

13     Any award of restitution to Plaintiff under Cal. Bus. & Prof. Code § 17203 would

14 constitute a taking of property without just compensation in violation of the Takings Clause

15 of the Fifth Amendment to the United States Constitution (as incorporated by the Due

16 Process Clause of the Fourteenth Amendment to the United States Constitution) and Article

17 I, Section 19 of the California Constitution.

18

### FORTY-SECOND DEFENSE

19     Any award of restitution under Cal. Bus. & Prof. Code § 17203 to persons who refuse

20 to execute an acknowledgement that the payment is in full settlement of claims against

21 Defendants would violate the Due Process Clause of the Fourteenth Amendment to the

22 United States Constitution.

23

### FORTY-THIRD DEFENSE

24     Plaintiff's claims under Cal. Bus. & Prof. Code §§ 16700, *et seq*., are barred, in whole

25 or in part, because the application of §§ 16700, *et seq.*, to wholly interstate or foreign

26 commerce violates the Commerce Clause of the United States Constitution.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FORTY-FOURTH DEFENSE

Any award of treble damages, punitive damages or restitution pursuant to Cal. Bus. & Prof. Code §§ 16720, 16727, 16750, or 16761 would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the California Constitution.

### FORTY-FIFTH DEFENSE

Plaintiff's claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of TACP occurring outside of California.

### FORTY-SIXTH DEFENSE

Plaintiff's claims for unjust enrichment brought under California law are barred, in whole or in part, because TACP did not receive a benefit from Plaintiff, TACP did not retain any benefit, or the receipt of any benefit was not unjust.

### FORTY-SEVENTH DEFENSE

Plaintiff's claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because pursuant to § 501.202(3), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") must be construed in a manner consistent with federal antitrust laws. Because Plaintiff's injuries are too speculative, derivative, indirect, and remote to confer standing under federal antitrust law, they also do not confer standing under FDUTPA.

### FORTY-EIGHTH DEFENSE

Plaintiff's claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because Plaintiff cannot establish actual damages.

### FORTY-NINTH DEFENSE

TACP adopts by reference any applicable defense pleaded by any other Defendant not otherwise expressly set forth herein.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

## FIFTIETH DEFENSE

TACP reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

## TACP'S PRAYER FOR RELIEF

WHEREFORE, TACP prays for judgment as follows:

1.  That Plaintiff take nothing by reason of the FAC, and that the action be dismissed with prejudice;

2.  That the Court enter judgment in favor of TACP and against Plaintiff with respect to all causes of action in the FAC;

3.  That the Court award TACP its attorneys' fees and other costs reasonably incurred in the defense of this action; and

4.  That the Court order such other further relief for TACP as the Court may deem just and proper.


Dated:  November 4, 2013                    Respectfully submitted,

                                            **WHITE & CASE** LLP

                                            By:   */s/ Lucius B. Lau*
                                                Christopher M. Curran (*pro hac vice*)
                                                ccurran@whitecase.com
                                                Lucius B. Lau (*pro hac vice*)
                                                alau@whitecase.com
                                                Dana E. Foster (*pro hac vice*)
                                                defoster@whitecase.com
                                                701 Thirteenth Street, N.W.
                                                Washington, DC  20005
                                                tel.: (202) 626-3600
                                                fax: (202) 639-9355

                                                *Counsel to Defendant*
                                                *Toshiba America Consumer Products, L.L.C.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

On November 4, 2013, I caused a copy of the "TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S ANSWER TO COSTCO WHOLESALE CORPORATION'S FIRST AMENDED COMPLAINT" to be served via ECF on the other parties in this action.

By:  _/s/ Lucius B. Lau_
Lucius B. Lau (*pro hac vice*)

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S ANSWER
TO COSTCO'S FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917