Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| This Document Relates to: *Electrograph Systems, Inc., Electrograph Technologies Corp. v. Hitachi, Ltd., et al.* Civil Action No. 11-01656-SC | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT** The Honorable Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For its Answer to Electrograph Systems, Inc.'s and Electrograph Technologies Corp.'s Second Amended Complaint ("SAC"), Defendant Toshiba America Electronic Components, Inc. ("TAEC") states as follows.

## I.  INTRODUCTION[1]

1.      The allegations contained in Paragraph 1 consist of Plaintiffs' characterization of their claims and an explanation of defined terms used in their SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations in Paragraph 1.  To the extent that the allegations contained in Paragraph 1 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

2.      To the extent that the allegations contained in the first sentence of Paragraph 2 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the first sentence of Paragraph 2 are directed to TAEC, TAEC denies these allegations.  The remaining sentences in Paragraph 2 consist of Plaintiffs' explanation of defined terms used in their SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations in Paragraph 2.

3.      To the extent that the allegations contained in the first sentence of Paragraph 3 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the first sentence of Paragraph 3 are directed to TAEC, TAEC denies these allegations.  TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 3 and, therefore, denies the allegations.

4.      To the extent that the allegations contained in Paragraph 4 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the SAC.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER
TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 4 are directed to TAEC, TAEC denies these allegations.

5.     To the extent that the allegations contained in Paragraph 5 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 5 are directed to TAEC, TAEC denies these allegations.

6.     To the extent that the allegations contained in Paragraph 6 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 6 are directed to TAEC, TAEC denies these allegations.

7.     To the extent that the allegations contained in Paragraph 7 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 7 are directed to TAEC, TAEC denies these allegations.

8.     To the extent that Paragraph 8 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 8 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 8 may be deemed to require a response from TAEC, TAEC denies these allegations.

9.     Paragraph 9 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 9 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 9 may be deemed to require a response from TAEC, TAEC lacks knowledge or information

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1  sufficient to form a belief as to the truth of these allegations and, therefore, denies these
2  allegations.

3  **II.    JURISDICTION AND VENUE**

4      10.    The   allegations   contained   in   Paragraph   10   consist   of   Plaintiffs'
5  characterization of their case, to which no response is required.  To the extent that a
6  response is deemed required, TAEC denies the allegations of Paragraph 10.

7      11.    The   allegations   contained   in   Paragraph   11   consist   of   Plaintiffs'
8  characterization of their case, to which no response is required.  To the extent that a
9  response is deemed required, TAEC denies the allegations of Paragraph 11.

10     12.    The   allegations   contained   in   Paragraph   12   consist   of   Plaintiffs'
11 characterization of their case, to which no response is required.  To the extent that a
12 response is deemed required, TAEC denies the allegations of Paragraph 12.

13     13.    The allegations contained in Paragraph 13 are legal conclusions to which no
14 response is required.  To the extent that a response is deemed required, TAEC denies the
15 allegations of Paragraph 13.

16     14.    The allegations contained in Paragraph 14 are legal conclusions, to which no
17 response is required.  To the extent that the allegations contained in Paragraph 14 relate to
18 other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to
19 the truth of these allegations and, therefore, denies these allegations.  To the extent that the
20 allegations   contained   in   Paragraph   14   are   directed   to   TAEC,   TAEC   denies   these
21 allegations.

22     15.    The allegations contained in Paragraph 15 are legal conclusions, to which no
23 response is required.  To the extent that the allegations contained in Paragraph 15 relate to
24 other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to
25 the truth of these allegations and, therefore, denies these allegations.  To the extent that the
26 allegations   contained   in   Paragraph   15   are   directed   to   TAEC,   TAEC   denies   these
27 allegations.

28

16. The allegations contained in the first sentence of Paragraph 16 are legal conclusions to which no response is required. To the extent that a response is deemed required, TAEC denies the allegations in the first sentence of Paragraph 16. To the extent that the allegations contained in the second and third sentences of Paragraph 16 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained the second and third sentences of Paragraph 16 are directed to TAEC, TAEC denies these allegations.

17. The allegations in Paragraph 17 are legal conclusions to which no response is required. To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 17. To the extent that the allegations contained in Paragraph 15 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 15 are directed to TAEC, TAEC denies these allegations.

## III. PARTIES

### A. Plaintiffs

18. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies the allegations.

19. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies the allegations.

20. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the allegations.

### B. Plaintiffs' Corporate History

21. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies the allegations.

22. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

23. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies the allegations.

24. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies the allegations.

25. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies the allegations.

26. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies the allegations.

27. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies the allegations.

28. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies the allegations.

29. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies the allegations.

30. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies the allegations.

31. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies the allegations.

32. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies the allegations.

33. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, denies the allegations.

**C.    Defendants**

**1.    Hitachi Entities**

34. Paragraph 34 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

35.     Paragraph 35 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies the allegations.

36.     Paragraph 36 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, denies the allegations.

37.     Paragraph 37 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies the allegations.

38.     Paragraph 38 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, denies the allegations.

39.     Paragraph 39 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies the allegations.

40.     Paragraph 40 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 40.

**2.     IRICO Entities**

41.     Paragraph 41 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies the allegations.

42.     Paragraph 42 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies the allegations.

43.     Paragraph 43 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

44.     Paragraph 44 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 44.

### 3.   LG Electronics Entities

45.     Paragraph 45 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies the allegations.

46.     Paragraph 46 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies the allegations.

47.     Paragraph 47 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 47.

### 4.   LP Displays

48.     Paragraph 48 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, denies the allegations.

### 5.   Panasonic Entities

49.     Paragraph 49 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, denies the allegations.

50.     Paragraph 50 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

51.     Paragraph 51 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 51.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

52.     Paragraph 52 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies the allegations.

53.     Paragraph 53 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies the allegations.

**6.     Philips Entities**

54.     Paragraph 54 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, denies the allegations.

55.     Paragraph 55 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies the allegations.

56.     Paragraph 56 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies the allegations.

57.     Paragraph 57 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, denies the allegations.

58.     Paragraph 58 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 58.

**7.     Samsung Entities**

59.     Paragraph 59 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

60.     Paragraph 60 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and, therefore, denies the allegations.

61.     Paragraph 61 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and, therefore, denies the allegations.

62.     Paragraph 62 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and, therefore, denies the allegations.

63.     Paragraph 63 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and, therefore, denies the allegations.

64.     Paragraph 64 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, therefore, denies the allegations.

65.     Paragraph 65 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and, therefore, denies the allegations.

66.     Paragraph 66 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 66.

**8.     Samtel**

67.     Paragraph 67 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 9.    Thai CRT

68.    Paragraph 68 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and, therefore, denies the allegations.

### 10.    Toshiba Entities

69.    Paragraph 69 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, denies the allegations except that TAEC admits the allegations contained in the first sentence of Paragraph 69.

70.    Paragraph 70 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, therefore, denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 70.

71.    Paragraph 71 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and, therefore, denies the allegations.

72.    TAEC denies the allegations of Paragraph 72, except that it admits that its business address is 9740 Irvine Blvd, Irvine, CA 92618-1697 and that it is a wholly-owned subsidiary of Toshiba America, Inc.  TAEC avers that it sold cathode ray tubes and certain electronic devices containing cathode ray tubes during the Relevant Period.

73.    Paragraph 73 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, therefore, denies the allegations.

74.    Paragraph 74 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 74.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## IV.   AGENTS AND CO-CONSPIRATORS

75.     To the extent that the allegations contained in Paragraph 75 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 75 are directed to TAEC, TAEC denies these allegations.

76.     To the extent that the allegations contained in Paragraph 76 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 76 are directed to TAEC, TAEC denies these allegations.

77.     Paragraph 77 relates to other companies.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, denies the allegations.

78.     Paragraph 78 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and, therefore, denies the allegations.

79.     Paragraph 79 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 79.

80.     Paragraph 80 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

81.     Paragraph 81 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

82.     Paragraph 82 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and, therefore, denies the allegations.

83.     To the extent that the allegations contained in Paragraph 83 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 83 are directed to TAEC, TAEC denies these allegations.

## V.   TRADE AND COMMERCE

84.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and, therefore, denies the allegations.

85.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies the allegations.

86.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, therefore, denies the allegations.

## VI.   FACTUAL ALLEGATIONS

### A.   CRT Technology

87.     TAEC admits the allegations contained in Paragraph 87.

88.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, therefore, denies the allegations.

89.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, denies the allegations.

90.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, therefore, denies the allegations.

91.     To the extent that Paragraph 91 describes CRT technology generally, and claims that CDTs and CPTs are separate products, TAEC admits the allegations in Paragraph 91, but avers that the allegations do not describe comprehensively or accurately all variants of CRT technology.  TAEC denies the remaining allegations in Paragraph 91.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

92.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, denies the allegations.

93.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, therefore, denies the allegations.

94.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations. The second sentence of Paragraph 94 consists of argument and Plaintiffs' characterization of their claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in the second sentence of Paragraph 94.

95.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and, therefore, denies the allegations. The second sentence of Paragraph 95 consists of argument and Plaintiffs' characterization of their claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in the second sentence of Paragraph 95.

96.     Paragraph 96 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 96.

**B.     Structure of the CRT Industry**

97.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, denies the allegations.

**1.     Market Concentration**

98.     To the extent that the allegations contained in Paragraph 98 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 98 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 2.   Information Sharing

99.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and, therefore, denies the allegations.

100.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, denies the allegations.

### 3.   Consolidation

101.    To the extent that the allegations contained in Paragraph 101 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 101 are directed to TAEC, TAEC denies these allegations.

### 4.   Multiple Interrelated Business Relationships

102.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations.

103.    To the extent that the allegations contained in Paragraph 103 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 103 are directed to TAEC, TAEC denies these allegations.

### 5.   High Costs of Entry Into the Industry

104.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and, therefore, denies the allegations.

105.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and, therefore, denies the allegations.

### 6.   The Maturity of the CRT Product Market

106.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

107.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and, therefore, denies the allegations.

108.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and, therefore, denies the allegations.

109.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and, therefore, denies the allegations.

110.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and, therefore, denies the allegations.

111.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and, therefore, denies the allegations.

**7.    Homogeneity of CRT Products**

112.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 and, therefore, denies the allegations.

113.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 and, therefore, denies the allegations.

**C.    Pre-Conspiracy Market**

114.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 and, therefore, denies the allegations.

115.    Paragraph 115 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and, therefore, denies the allegations.

**D.    Defendants' and Co-Conspirators' Illegal Agreements**

116.    To the extent that the allegations contained in Paragraph 116 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.    To the extent that the allegations contained in Paragraph 116 are directed to TAEC, TAEC denies these allegations.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER
TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

117.    To the extent that the allegations contained in Paragraph 117 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 117 are directed to TAEC, TAEC denies these allegations.

118.    Paragraph 118 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 and, therefore, denies the allegations.

119.    To the extent that the allegations contained in Paragraph 119 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 119 are directed to TAEC, TAEC denies these allegations.

120.    To the extent that the allegations contained in Paragraph 120 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 120 are directed to TAEC, TAEC denies these allegations.

**1.    "Glass Meetings"**

121.    To the extent that the allegations contained in Paragraph 121 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 121 are directed to TAEC, TAEC denies these allegations.

122.    To the extent that the allegations contained in Paragraph 122 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  extent that the allegations contained in Paragraph 122 are directed to TAEC, TAEC denies

2  these allegations.

3      123.    To the extent that the allegations contained in Paragraph 123 relate to other

4  Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

5  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

6  extent that the allegations contained in Paragraph 123 are directed to TAEC, TAEC denies

7  these allegations.

8      124.    To the extent that the allegations contained in Paragraph 124 relate to other

9  Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

10  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

11  extent that the allegations contained in Paragraph 124 are directed to TAEC, TAEC denies

12  these allegations.

13      125.    To the extent that the allegations contained in Paragraph 125 relate to other

14  Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

15  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

16  extent that the allegations contained in Paragraph 125 are directed to TAEC, TAEC denies

17  these allegations.

18      126.    To the extent that the allegations contained in Paragraph 126 relate to other

19  Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

20  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

21  extent that the allegations contained in Paragraph 126 are directed to TAEC, TAEC denies

22  these allegations.

23      127.    To the extent that the allegations contained in Paragraph 127 relate to other

24  Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

25  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

26  extent that the allegations contained in Paragraph 127 are directed to TAEC, TAEC denies

27  these allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

128.    To the extent that the allegations contained in Paragraph 128 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 128 are directed to TAEC, TAEC denies these allegations.

129.    To the extent that the allegations contained in Paragraph 129 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 129 are directed to TAEC, TAEC denies these allegations.

130.    To the extent that the allegations contained in Paragraph 130 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 130 are directed to TAEC, TAEC denies these allegations.

131.    To the extent that the allegations contained in Paragraph 131 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 131 are directed to TAEC, TAEC denies these allegations.

132.    To the extent that the allegations contained in Paragraph 132 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 132 are directed to TAEC, TAEC denies these allegations.

133.    To the extent that the allegations contained in Paragraph 133 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

extent that the allegations contained in Paragraph 133 are directed to TAEC, TAEC denies these allegations.

134. To the extent that the allegations contained in Paragraph 134 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 134 are directed to TAEC, TAEC denies these allegations.

135. To the extent that the allegations contained in Paragraph 135 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 135 are directed to TAEC, TAEC denies these allegations.

**2. Bilateral Discussions**

136. To the extent that the allegations contained in Paragraph 136 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 136 are directed to TAEC, TAEC denies these allegations.

137. To the extent that the allegations contained in Paragraph 137 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 137 are directed to TAEC, TAEC denies these allegations.

138. To the extent that the allegations contained in Paragraph 138 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 138 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

139.   To the extent that the allegations contained in Paragraph 139 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 139 are directed to TAEC, TAEC denies these allegations.

140.   To the extent that the allegations contained in Paragraph 140 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 140 are directed to TAEC, TAEC denies these allegations.

141.   To the extent that the allegations contained in Paragraph 141 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 141 are directed to TAEC, TAEC denies these allegations.

**3.   Defendants' And Co-Conspirators' Participation In Group And Bilateral Discussions**

142.   Paragraph 142 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 and, therefore, denies the allegations.

143.   Paragraph 143 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and, therefore, denies the allegations.

144.   Paragraph 144 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

145.    Paragraph 145 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 and, therefore, denies the allegations.

146.    Paragraph 146 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 and, therefore, denies the allegations.

147.    Paragraph 147 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 and, therefore, denies the allegations.

148.    Paragraph 148 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 and, therefore, denies the allegations.

149.    Paragraph 149 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 and, therefore, denies the allegations.

150.    Paragraph 150 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 and, therefore, denies the allegations.

151.    Paragraph 151 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 and, therefore, denies the allegations.

152.    Paragraph 152 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 and, therefore, denies the allegations.

153.    Paragraph 153 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

154.    Paragraph 154 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 and, therefore, denies the allegations.

155.    Paragraph 155 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 and, therefore, denies the allegations.

156.    Paragraph 156 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 and, therefore, denies the allegations.

157.    Paragraph 157 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 and, therefore, denies the allegations.

158.    To the extent that the allegations contained in Paragraph 158 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 158 are directed to TAEC, TAEC denies these allegations.

159.    To the extent that the allegations contained in Paragraph 159 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 159 are directed to TAEC, TAEC denies these allegations.

160.    Paragraph 160 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 and, therefore, denies the allegations.

161.    To the extent that Paragraph 161 consists of Plaintiffs' characterization of their claims and Plaintiffs' explanation of a defined term used in the SAC, no response is required.  To the extent that the allegations contained in Paragraph 161 relate to other

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

2   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

3   extent that the allegations contained in Paragraph 161 may be deemed to require a response

4   from TAEC, TAEC denies these allegations.

5        **E.**    **The CRT Market During the Conspiracy**

6       162.   TAEC lacks knowledge or information sufficient to form a belief as to the

7   truth of the allegations contained in Paragraph 162 and, therefore, denies the allegations.

8       163.   TAEC lacks knowledge or information sufficient to form a belief as to the

9   truth of the allegations contained in Paragraph 163 and, therefore, denies the allegations.

10      164.   TAEC lacks knowledge or information sufficient to form a belief as to the

11  truth of the allegations contained in Paragraph 164 and, therefore, denies the allegations.

12      165.   To the extent that Paragraph 165 consists of purported statements in news

13  reports and/or statements in public documents, those statements speak for themselves and

14  no response is required.  To the extent that the allegations contained in Paragraph 165

15  relate to other Defendants and/or third parties, TAEC lacks knowledge or information

16  sufficient to form a belief as to the truth of these allegations and, therefore, denies these

17  allegations.  To the extent that the allegations contained in Paragraph 165 may be deemed

18  to require a response from TAEC, TAEC denies these allegations.

19      166.   To the extent that Paragraph 166 consists of purported statements in news

20  reports and/or statements in public documents, those statements speak for themselves and

21  no response is required.  To the extent that the allegations contained in Paragraph 166

22  relate to other Defendants and/or third parties, TAEC lacks knowledge or information

23  sufficient to form a belief as to the truth of these allegations and, therefore, denies these

24  allegations.  To the extent that the allegations contained in Paragraph 166 may be deemed

25  to require a response from TAEC, TAEC denies these allegations.

26      167.   To the extent that the allegations contained in Paragraph 167 relate to other

27  Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

28  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

extent that the allegations contained in Paragraph 167 are directed to TAEC, TAEC denies these allegations.

168.   To the extent that Paragraph 168 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 168 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 168 may be deemed to require a response from TAEC, TAEC denies these allegations.

169.   To the extent that Paragraph 169 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 169 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 169 may be deemed to require a response from TAEC, TAEC denies these allegations.

170.   To the extent that Paragraph 170 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 170 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 170 may be deemed to require a response from TAEC, TAEC denies these allegations.

171.   To the extent that the allegations contained in Paragraph 171 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 171 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

172.   To the extent that the allegations contained in Paragraph 172 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 172 are directed to TAEC, TAEC denies these allegations.

173.   To the extent that Paragraph 173 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 173 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 173 may be deemed to require a response from TAEC, TAEC denies these allegations.

174.   To the extent that the allegations contained in Paragraph 174 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 174 are directed to TAEC, TAEC denies these allegations.

175.   To the extent that the allegations contained in Paragraph 175 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 175 are directed to TAEC, TAEC denies these allegations.

**F.    International Government Antitrust Investigations**

176.   To the extent that the allegations contained in Paragraph 176 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 176 are directed to TAEC, TAEC denies these allegations.

177.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 and, therefore, denies these allegations.

178.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 and, therefore, denies these allegations.

179.    To the extent that Paragraph 179 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 179 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 179 may be deemed to require a response from TAEC, TAEC denies these allegations.

180.    Paragraph 180 relates to other Defendants and/or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 and, therefore, denies these allegations.

181.    To the extent that Paragraph 181 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 181 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 181 may be deemed to require a response from TAEC, TAEC denies these allegations.

182.    Paragraph 182 relates to other Defendants and/or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 and, therefore, denies these allegations.

183.    The allegations contained in Paragraph 183 refer to a public annual report, which is the best evidence of its contents.  To the extent that the allegations contained in Paragraph 183 may be deemed to require a response from TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

184.    To the extent that Paragraph 184 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 184 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 184 are directed to TAEC, TAEC denies these allegations.

185.    To the extent that Paragraph 185 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 185 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 185 may be deemed to require a response from TAEC, TAEC denies these allegations.

186.    To the extent that Paragraph 186 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 186 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 186 may be deemed to require a response from TAEC, TAEC denies these allegations.

187.    To the extent that Paragraph 187 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 187 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 187 may be deemed to require a response from TAEC, TAEC denies these allegations.

188.   To the extent that Paragraph 188 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 188 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 188 may be deemed to require a response from TAEC, TAEC denies these allegations.

189.   To the extent that Paragraph 189 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 189 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 189 may be deemed to require a response from TAEC, TAEC denies these allegations.

190.   To the extent that Paragraph 190 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 190 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 190 may be deemed to require a response from TAEC, TAEC denies these allegations.

191.   To the extent that Paragraph 191 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 191 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 191 may be deemed to require a response from TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

192.   To the extent that Paragraph 192 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 192 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 192 may be deemed to require a response from TAEC, TAEC denies these allegations.

193.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 and, therefore, denies these allegations.

194.   To the extent that the allegations contained in Paragraph 194 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 194 are directed to TAEC, TAEC denies these allegations.

195.   To the extent that the allegations contained in Paragraph 195 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 195 are directed to TAEC, TAEC denies these allegations.

196.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 and, therefore, denies these allegations.

197.   To the extent that Paragraph 197 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 197 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 197 may be deemed to require a response from TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

198.   To the extent that Paragraph 198 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 198 may be deemed to require a response from TAEC, TAEC denies these allegations.

199.   To the extent that Paragraph 199 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 199 may be deemed to require a response from TAEC, TAEC denies these allegations.

200.   To the extent that Paragraph 200 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 200 may be deemed to require a response from TAEC, TAEC denies these allegations.

**G.     The Role of Trade Associations During the Relevant Period**

201.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 and, therefore, denies these allegations.

202.   Paragraph 202 relates to other Defendants and/or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 and, therefore, denies these allegations.

203.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 and, therefore, denies these allegations.

204.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 and, therefore, denies these allegations.

205.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**H.    Effects of Defendants' Antitrust Violations**

**1.    Examples of Reductions in Manufacturing Capacity by Defendants**

206.    To the extent that the allegations contained in Paragraph 206 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 206 are directed to TAEC, TAEC denies these allegations.

207.    Paragraph 207 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 207 and, therefore, denies these allegations.

208.    Paragraph 208 relates to other Defendants and/or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 208 and, therefore, denies these allegations.

209.    Paragraph 209 relates to other Defendants and/or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209 and, therefore, denies these allegations.

210.    Paragraph 210 relates to other Defendants and/or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210 and, therefore, denies these allegations.

211.    Paragraph 211 relates to other Defendants and/or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 and, therefore, denies these allegations.

**2.    Examples of Collusive Pricing for CRT Products**

212.    To the extent that Paragraph 212 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 212 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  allegations.  To the extent that the allegation contained in Paragraph 212 may be deemed to
2  require a response from TAEC, TAEC denies these allegations.

3  213.   To the extent that Paragraph 213 consists of purported statements in news
4  reports and/or statements in public documents, those statements speak for themselves and
5  no response is required.  To the extent that the allegations contained in Paragraph 213
6  relate to other Defendants and/or third parties, TAEC lacks knowledge or information
7  sufficient to form a belief as to the truth of these allegations and, therefore, denies these
8  allegations.  To the extent that the allegation contained in Paragraph 213 may be deemed to
9  require a response from TAEC, TAEC denies these allegations.

10  214.   To the extent that the allegations contained in Paragraph 214 relate to other
11  Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a
12  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
13  extent that the allegations contained in Paragraph 214 are directed to TAEC, TAEC denies
14  these allegations.

15  215.   To the extent that Paragraph 215 consists of purported statements in news
16  reports and/or statements in public documents, those statements speak for themselves and
17  no response is required.  To the extent that the allegations contained in Paragraph 215
18  relate to other Defendants and/or third parties, TAEC lacks knowledge or information
19  sufficient to form a belief as to the truth of these allegations and, therefore, denies these
20  allegations.  To the extent that the allegations contained in Paragraph 215 may be deemed
21  to require a response from TAEC, TAEC denies these allegations.

22  216.   To the extent that Paragraph 216 consists of purported statements in news
23  reports and/or statements in public documents, those statements speak for themselves and
24  no response is required.  To the extent that the allegations contained in Paragraph 216
25  relate to other Defendants and/or third parties, TAEC lacks knowledge or information
26  sufficient to form a belief as to the truth of these allegations and, therefore, denies these
27  allegations.  To the extent that the allegations contained in Paragraph 216 may be deemed
28  to require a response from TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   217.   To the extent that the allegations contained in Paragraph 217 relate to other
2   Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a
3   belief as to the truth of these allegations and, therefore, denies these allegations.  To the
4   extent that the allegations contained in Paragraph 217 are directed to TAEC, TAEC denies
5   these allegations.

6   218.   To the extent that Paragraph 218 consists of purported statements in news
7   reports and/or statements in public documents, those statements speak for themselves and
8   no response is required.  To the extent that the allegations contained in Paragraph 218
9   relate to other Defendants and/or third parties, TAEC lacks knowledge or information
10  sufficient to form a belief as to the truth of these allegations and, therefore, denies these
11  allegations.  To the extent that the allegations contained in Paragraph 218 may be deemed
12  to require a response from TAEC, TAEC denies these allegations.

13  219.   Paragraph 219 relates to another Defendant.   Accordingly, TAEC lacks
14  knowledge or information sufficient to form a belief as to the truth of the allegations
15  contained in Paragraph 219 and, therefore, denies these allegations.

16  220.   To the extent that Paragraph 220 consists of purported statements in news
17  reports and/or statements in public documents, those statements speak for themselves and
18  no response is required.  To the extent that the allegations contained in Paragraph 220
19  relate to other Defendants and/or third parties, TAEC lacks knowledge or information
20  sufficient to form a belief as to the truth of these allegations and, therefore, denies these
21  allegations.  To the extent that the allegations contained in Paragraph 220 may be deemed
22  to require a response from TAEC, TAEC denies these allegations.

23  221.   To the extent that the allegations contained in Paragraph 221 relate to other
24  Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a
25  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
26  extent that the allegations contained in Paragraph 221 are directed to TAEC, TAEC denies
27  these allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### I.  Summary of Effects of the Conspiracy Involving CRT Products

222.  Paragraph 222 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 222 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 222 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

### VII.  PLAINTIFFS' INJURIES

223.  To the extent that Paragraph 223 contains argument, Plaintiffs' characterization of their claims and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 223 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 223 are directed to TAEC, TAEC denies these allegations.

224.  To the extent that the allegations contained in Paragraph 224 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 224 are directed to TAEC, TAEC denies these allegations.

225.  To the extent that the allegations contained in Paragraph 225 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 225 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

226.    To the extent that Paragraph 226 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 226 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 226 are directed to TAEC, TAEC denies these allegations.

227.    To the extent that Paragraph 227 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 227 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 227 are directed to TAEC, TAEC denies these allegations.

228.    To the extent that Paragraph 228 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 228 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 228 are directed to TAEC, TAEC denies these allegations.

229.    Paragraph 229 consists of argument, Plaintiffs' characterization of their claims, and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 229 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 229 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form the belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## VIII. FRAUDULENT CONCEALMENT

230.    Paragraph 230 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 230 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 230 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

231.    Paragraph 231 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 231 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 231 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

232.    Paragraph 232 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 232 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 232 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

233.    Paragraph 233 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 233 relate to other Defendants and/or third parties,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 233 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

234.    Paragraph 234 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 234 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 234 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

235.    Paragraph 235 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 235 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 235 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

236.    Paragraph 236 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 236 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 236 may be deemed to require a response from TAEC, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

237. Paragraph 237 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 237 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 237 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

238. Paragraph 238 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 238 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 238 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

239. Paragraph 239 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 239 and, therefore, denies the allegations.

240. Paragraph 240 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 240 and, therefore, denies the allegations.

241. Paragraph 241 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 241 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 241 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

242.    Paragraph 242 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 242 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 242 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## IX.  *AMERICAN PIPE*, GOVERNMENT ACTION AND CROSS-JURISDICTIONAL TOLLING

243.    Paragraph 243 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 243 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 243 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

244.    Paragraph 244 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 244 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 244 may be deemed to require a response from TAEC, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

3
4
5
6
7
8
9
10
245.   Paragraph 245 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 245 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 245 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

11
## X.   CLAIM FOR VIOLATIONS

12
### First Claim for Relief

13
### (Violation of Section 1 of the Sherman Act)

14
15
246.   TAEC hereby incorporates by reference its responses to Paragraphs 1-245 of the SAC, as set forth above.

16
17
18
19
20
21
22
23
247.   Paragraph 247 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 247 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 247 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

24
25
26
27
28
248.   Paragraph 248 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 248 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

contained in Paragraph 248 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

249.    Paragraph 249 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 249 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 249 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

250.    Paragraph 250 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 250 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 250 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

251.    Paragraph 251 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 251 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 251 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   |   252.   Paragraph 252 consists of argument, Plaintiffs' characterization of their claims

2   |   and/or legal conclusions, to which no response is required.   To the extent that the

3   |   allegations contained in Paragraph 252 relate to other Defendants and/or third parties,

4   |   TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

5   |   allegations and, therefore, denies these allegations.   To the extent that the allegations

6   |   contained in Paragraph 252 may be deemed to require a response from TAEC, TAEC lacks

7   |   knowledge or information sufficient to form a belief as to the truth of these allegations and,

8   |   therefore, denies these allegations.

9   |   **Second Claim For Relief**

10  |   **(Violation of California Cartwright Act)**

11  |   253.   TAEC hereby incorporates by reference its responses to Paragraphs 1-252 of

12  |   the SAC, as set forth above.

13  |   254.   Paragraph 254 consists of argument, Plaintiffs' characterization of their claims

14  |   and/or legal conclusions, to which no response is required.   To the extent that the

15  |   allegations contained in Paragraph 254 relate to other Defendants and/or third parties,

16  |   TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

17  |   allegations and, therefore, denies these allegations.   To the extent that the allegations

18  |   contained in Paragraph 254 may be deemed to require a response from TAEC, TAEC lacks

19  |   knowledge or information sufficient to form a belief as to the truth of these allegations and,

20  |   therefore, denies these allegations.

21  |   255.   Paragraph 255 consists of argument, Plaintiffs' characterization of their claims

22  |   and/or legal conclusions, to which no response is required.   To the extent that the

23  |   allegations contained in Paragraph 255 relate to other Defendants and/or third parties,

24  |   TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

25  |   allegations and, therefore, denies these allegations.   To the extent that the allegations

26  |   contained in Paragraph 255 are directed to TAEC, TAEC denies these allegations, except

27  |   that TAEC avers that it maintained offices in California during the Relevant Period.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

256.    Paragraph 256 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 256 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 256 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

257.    Paragraph 257 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 257 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 257 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

258.    Paragraph 258 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 258 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 258 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

259.    Paragraph 259 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 259 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  allegations and, therefore, denies these allegations.  To the extent that the allegations

2  contained in Paragraph 259 may be deemed to require a response from TAEC, TAEC lacks

3  knowledge or information sufficient to form a belief as to the truth of these allegations and,

4  therefore, denies these allegations.

5        260.    Paragraph 260 consists of argument, Plaintiffs' characterization of their claims

6  and/or legal conclusions, to which no response is required.  To the extent that the

7  allegations contained in Paragraph 260 relate to other Defendants and/or third parties,

8  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

9  allegations and, therefore, denies these allegations.  To the extent that the allegations

10 contained in Paragraph 260 may be deemed to require a response from TAEC, TAEC lacks

11 knowledge or information sufficient to form a belief as to the truth of these allegations and,

12 therefore, denies these allegations.

13       261.    Paragraph 261 consists of argument, Plaintiffs' characterization of their claims

14 and/or legal conclusions, to which no response is required.  To the extent that the

15 allegations contained in Paragraph 261 relate to other Defendants and/or third parties,

16 TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

17 allegations and, therefore, denies these allegations.  To the extent that the allegations

18 contained in Paragraph 261 may be deemed to require a response from TAEC, TAEC lacks

19 knowledge or information sufficient to form a belief as to the truth of these allegations and,

20 therefore, denies these allegations.

21                              **Third Claim For Relief**

22                    **(Violation Of California Unfair Competition Law)**

23       262.    TAEC hereby incorporates by reference its responses to Paragraphs 1-261 of

24 the SAC, as set forth above.

25       263.    Paragraph 263 consists of argument, Plaintiffs' characterization of their claims

26 and/or legal conclusions, to which no response is required.  To the extent that the

27 allegations contained in Paragraph 263 relate to other Defendants and/or third parties,

28 TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  allegations and, therefore, denies these allegations.   To the extent that the allegations

2  contained in Paragraph 263 may be deemed to require a response from TAEC, TAEC lacks

3  knowledge or information sufficient to form a belief as to the truth of these allegations and,

4  therefore, denies these allegations.

5      264.    Paragraph 264 consists of argument, Plaintiffs' characterization of their claims

6  and/or legal conclusions, to which no response is required.   To the extent that the

7  allegations contained in Paragraph 264 relate to other Defendants and/or third parties,

8  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

9  allegations and, therefore, denies these allegations.   To the extent that the allegations

10 contained in Paragraph 264 may be deemed to require a response from TAEC, TAEC lacks

11 knowledge or information sufficient to form a belief as to the truth of these allegations and,

12 therefore, denies these allegations.

13     265.    Paragraph 265 consists of argument, Plaintiffs' characterization of their claims

14 and/or legal conclusions, to which no response is required.   To the extent that the

15 allegations contained in Paragraph 265 relate to other Defendants and/or third parties,

16 TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

17 allegations and, therefore, denies these allegations.   To the extent that the allegations

18 contained in Paragraph 265 may be deemed to require a response from TAEC, TAEC lacks

19 knowledge or information sufficient to form a belief as to the truth of these allegations and,

20 therefore, denies these allegations.

21     266.    Paragraph 266 consists of argument, Plaintiffs' characterization of their claims

22 and/or legal conclusions, to which no response is required.   To the extent that the

23 allegations contained in Paragraph 266 relate to other Defendants and/or third parties,

24 TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

25 allegations and, therefore, denies these allegations.   To the extent that the allegations

26 contained in Paragraph 266 may be deemed to require a response from TAEC, TAEC lacks

27 knowledge or information sufficient to form a belief as to the truth of these allegations and,

28 therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

267.    Paragraph 267 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 267 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 267 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

268.    Paragraph 268 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 268 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 268 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

269.    Paragraph 269 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 269 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 269 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

270.    Paragraph 270 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 270 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  allegations and, therefore, denies these allegations.   To the extent that the allegations

2  contained in Paragraph 270 may be deemed to require a response from TAEC, TAEC lacks

3  knowledge or information sufficient to form a belief as to the truth of these allegations and,

4  therefore, denies these allegations.

5  **Fourth Claim For Relief**

6  **(Violation of the New York Donnelly Act)**

7  271.    TAEC hereby incorporates by reference its responses to Paragraphs 1-270 of

8  the SAC, as set forth above.

9  272.    Paragraph 272 consists of argument, Plaintiffs' characterization of their claims

10  and/or legal conclusions, to which no response is required.   To the extent that the

11  allegations contained in Paragraph 272 relate to other Defendants and/or third parties,

12  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

13  allegations and, therefore, denies these allegations.   To the extent that the allegations

14  contained in Paragraph 272 may be deemed to require a response from TAEC, TAEC lacks

15  knowledge or information sufficient to form a belief as to the truth of these allegations and,

16  therefore, denies these allegations.

17  273.    Paragraph 273 consists of argument, Plaintiffs' characterization of their claims

18  and/or legal conclusions, to which no response is required.   To the extent that the

19  allegations contained in Paragraph 273 relate to other Defendants and/or third parties,

20  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

21  allegations and, therefore, denies these allegations.   To the extent that the allegations

22  contained in Paragraph 273 may be deemed to require a response from TAEC, TAEC lacks

23  knowledge or information sufficient to form a belief as to the truth of these allegations and,

24  therefore, denies these allegations.

25  274.    Paragraph 274 consists of argument, Plaintiffs' characterization of their claims

26  and/or legal conclusions, to which no response is required.   To the extent that the

27  allegations contained in Paragraph 274 relate to other Defendants and/or third parties,

28  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 274 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

275. Paragraph 275 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 275 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 275 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

276. Paragraph 276 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 276 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 276 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

277. Paragraph 277 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 277 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 277 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**Fifth Claim For Relief**

**(Violation of New York Unfair Competition Law)**

278.    TAEC hereby incorporates by reference its responses to Paragraphs 1-277 of the SAC, as set forth above.

279.    Paragraph 279 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 279 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 279 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

280.    Paragraph 280 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 280 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 280 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

281.    Paragraph 281 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 281 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 281 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

282.   Paragraph 282 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 282 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 282 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

283.   Paragraph 283 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 283 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 283 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

284.   Paragraph 284 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 284 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 284 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## XI.   PRAYER FOR RELIEF

In answer to the Prayer for Relief, TAEC denies each and every allegation in the Prayer and further specifically denies that Plaintiffs are entitled to any of the relief requested or any remedy whatsoever against TAEC.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

All allegations of the SAC not heretofore admitted or denied are here and now denied as though specifically denied herein.

## DEFENSES/AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, TAEC asserts the following separate and additional defenses:

### FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

### SECOND DEFENSE

The SAC fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole or part because the SAC fails to plead conspiracy with particularity required under applicable law.

### FOURTH DEFENSE

Plaintiffs have failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### FIFTH DEFENSE

Plaintiffs' state law claims are barred or limited in whole or in part by the doctrine of *forum non conveniens* and improper venue. Plaintiffs' claims, to the extent they rely on the laws of foreign states, would be better adjudicated in those foreign courts.

### SIXTH DEFENSE

Plaintiffs' claims against TAEC are barred to the extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring or maintain the claims set forth in the SAC.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**EIGHTH DEFENSE**

2

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were not validly

3

assigned those claims.

4

**NINTH DEFENSE**

5

TAEC asserts as defenses to Plaintiffs' claims any additional defense that it might

6

have against Plaintiffs' purported assignors, as to whom additional defenses cannot

7

presently be ascertained.

8

**TENTH DEFENSE**

9

Plaintiffs' claims are barred, in whole or in part, to the extent that they did not

10

purchase CRT products directly from Defendants, because they are indirect purchasers and

11

barred from maintaining an action under 15 U.S.C. § 1 for alleged injuries in that capacity.

12

**ELEVENTH DEFENSE**

13

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no

14

antitrust injury.

15

**TWELFTH DEFENSE**

16

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations,

17

including but not limited to:  15 U.S.C. § 15b; Cal. Bus. & Prof. Code § 17208; Cal. Bus.

18

& Prof. Code § 16750.1; Cal. Civ. Proc. Code §§ 337-340; and N.Y. C.P.L.R. 214(2).

19

**THIRTEENTH DEFENSE**

20

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

21

**FOURTEENTH DEFENSE**

22

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

23

**FIFTEENTH DEFENSE**

24

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

25

**SIXTEENTH DEFENSE**

26

Plaintiffs' claims are barred, in whole or in part, because no Plaintiff has been injured

27

in its business or property by reason of any action of TAEC.

28

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER
TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of TAEC and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitation, the prior, intervening or superseding conduct of such third parties

**EIGHTEENTH DEFENSE**

To the extent that any actionable conduct occurred, Plaintiffs' claims against TAEC are barred because all such conduct would have been committed by individuals acting *ultra vires*.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no damages as a result of any actions taken by TAEC and/or the other Defendants.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**TWENTY-FIRST DEFENSE**

Plaintiffs are barred from recovery of any damages because of, and to the extent of, their failure to mitigate damages.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any actions or practices of TAEC that are the subject of the SAC were undertaken unilaterally for legitimate business reasons and in pursuit of TAEC's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between TAEC and any other person or entity.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the SAC were adopted in furtherance of legitimate business interests of TAEC and of its customers and did not unreasonably restrain competition.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the SAC were cost justified or otherwise economically justified and resulted from a good-faith effort to meet competition or market conditions.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct complained of was caused by, due to, based upon, or in response to directives, laws, regulations, policies and/or acts of governments, governmental agencies and entities and/or regulatory agencies, and as such is non-actionable or privileged.

**TWENTY-SIXTH DEFENSE**

To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to the indirect purchasers.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because, as indirect purchasers, they fail to meet their burden of proving that they were damaged in fact by the conduct of which complaint is here made, including the burden of proving that any so-called overcharge of which complaint is made and which was not absorbed by predecessors to Plaintiffs in the chain of distribution was not passed on to a third party.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TWENTY-NINTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

**THIRTIETH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**THIRTY-FIRST DEFENSE**

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs have available an adequate remedy at law.

**THIRTY-SECOND DEFENSE**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

**THIRTY-THIRD DEFENSE**

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, TAEC contends that it is entitled to set off any amounts paid to Plaintiffs by any Defendants other than TAEC who have settled, or do settle, Plaintiffs' claims against them in this action.

**THIRTY-FOURTH DEFENSE**

Plaintiffs' claims for injunctive relief are barred, in whole or in part, insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

**THIRTY-FIFTH DEFENSE**

Plaintiffs lack standing to prosecute their state antitrust claims, in whole or in part, under, without limitation, the following statutes:  Cal. Bus. & Prof. Code §§ 16700, *et seq.*; Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and N.Y. Gen. Bus. Law §§ 340, *et seq.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## THIRTY-SIXTH DEFENSE

Plaintiffs lack standing to prosecute their state consumer protection claims, in whole or in part, under, without limitation, the following statutes:  Cal. Bus. & Prof. Code §§ 17200, *et seq.* and N.Y. Gen Bus. Law §§ 349, *et seq.*

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the claims are based on California law and any of the alleged events took place outside the state of California without impact on California residents.

## THIRTY-EIGHTH DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 based upon asserted interests or injuries of Plaintiffs would violate the Excessive Fines Clause of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and Article I, Section 17 of the California Constitution.

## THIRTY-NINTH DEFENSE

Plaintiffs' claims for monetary relief under Cal. Bus. & Prof. Code § 17203 are barred, in whole or in part, because TAEC did not acquire any money or property from Plaintiffs.

## FORTIETH DEFENSE

Any finding of liability under Cal. Bus. & Prof. Code §§ 17200, 17203 or 17204 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, permitting retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

## FORTY-FIRST DEFENSE

Any award of restitution to Plaintiffs under Cal. Bus. & Prof. Code § 17203 would constitute a taking of property without just compensation in violation of the Taking Clause of the Fifth Amendment to the United States Constitution (as incorporated by the Due

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Process Clause of the Fourteenth Amendment to the United States Constitution) and Article I, Section 19 of the California Constitution.

### FORTY-SECOND DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 to persons who refuse to execute an acknowledgement that the payment is in full settlement of claims against Defendants would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### FORTY-THIRD DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700 *et seq.*, are barred, in whole or in part, because the application of §§ 16700, *et seq.*, to wholly interstate or foreign commerce violates the Commerce Clause of the United States Constitution.

### FORTY-FOURTH DEFENSE

Any award of treble damages, punitive damages or restitution pursuant to Cal. Bus. & Prof. Code §§ 16720, 16727, 16750, or 16761 would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the California Constitution.

### FORTY-FIFTH DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of TAEC occurring outside of California.

### FORTY-SIXTH DEFENSE

Plaintiffs' claims for unjust enrichment brought under California law are barred, in whole or in part, because TAEC did not receive a benefit from Plaintiffs, TAEC did not retain any benefit, and/or the receipt of any benefit was not unjust.

### FORTY-SEVENTH DEFENSE

Plaintiffs' claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part, because any alleged conduct by TAEC is, or if in interstate commerce would be, subject to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   and compliant with the rules and regulations of, and statutes administered by, the Federal

2   Trade Commission or other official department, division, commission or agency of the

3   United States, as these rules, regulations, or statutes are interpreted by the Federal Trade

4   Commission or such department, division, commission or agency of the federal courts.

5   N.Y. Gen. Bus. Law § 349(d).

### FORTY-EIGHTH DEFENSE

7   Plaintiffs' claims under New York law and other applicable laws are barred by the

8   voluntary payment doctrine, under which one cannot recover payments with full

9   knowledge of the facts.

### FORTY-NINTH DEFENSE

11   Plaintiffs' claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part,

12   because Plaintiffs cannot establish actual damages.

### FIFTIETH DEFENSE

14   TAEC adopts by reference any applicable defense pleaded by any other Defendant

15   not otherwise expressly set forth herein.

### FIFTY-FIRST DEFENSE

17   TAEC reserves the right to assert other defenses as this action proceeds up to and

18   including the time of trial.

### TAEC'S PRAYER FOR RELIEF

20   WHEREFORE, TAEC prays for judgment as follows:

21   1.  That Plaintiffs take nothing by reason of the SAC, and that the action be dismissed

22   with prejudice;

23   2.  That the Court enter judgment in favor of TAEC and against Plaintiffs with

24   respect to all causes of action in the SAC;

25   3.  That the Court award TAEC its attorneys' fees and other costs reasonably incurred

26   in the defense of this action; and

27   4.  That the Court order such other further relief for TAEC as the Court may deem

28   just and proper.

1

2   Dated:  November 4, 2013               Respectfully submitted,

3

4                                 **WHITE & CASE**LLP

5                    By:   */s/ Lucius B. Lau*

6                         Christopher M. Curran (*pro hac vice*)

7                         ccurran@whitecase.com
                         Lucius B. Lau (*pro hac vice*)

8                         alau@whitecase.com
                         Dana E. Foster (*pro hac vice*)

9                         defoster@whitecase.com

10                      701 Thirteenth Street, N.W.
                      Washington, DC  20005

11                      tel.: (202) 626-3600
                      fax: (202) 639-9355

12

13                      *Counsel to Defendant*
                      *Toshiba America Electronic Components, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

## CERTIFICATE OF SERVICE

On November 4, 2013, I caused a copy of the "TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT" to be served via ECF on the other parties in this action.

By:  /s/ Lucius B. Lau
          Lucius B. Lau (*pro hac vice*)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER
TO ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917