Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Interbond Corporation of America, d/b/a BrandsMart USA v. Hitachi, Ltd., et al.*<br><br>Civil Action No. 3:11-06275-SC | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO INTERBOND CORPORATION OF AMERICA'S FIRST AMENDED COMPLAINT**<br><br>The Honorable Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

For its Answer to Interbond Corporation of America's First Amended Complaint ("FAC"), Defendant Toshiba America Electronic Components, Inc. ("TAEC") states as follows:

## I.  INTRODUCTION[1]

1.    The allegations contained in Paragraph 1 consist of Plaintiff's characterization of its claims and an explanation of defined terms used in its FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 1.  To the extent that the allegations contained in Paragraph 1 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations in Paragraph 1 are directed at TAEC, TAEC denies these allegations.

2.    To the extent that the allegations contained in the first sentence of Paragraph 2 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the first sentence of Paragraph 2 are directed to TAEC, TAEC denies these allegations.  The remainder of Paragraph 2 consists of explanations of defined terms used in its FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in the remainder of Paragraph 2.

3.    To the extent that the allegations contained in Paragraph 3 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 3 are directed to TAEC, TAEC denies these allegations.

4.    To the extent that the allegations contained in Paragraph 4 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 4 are directed to TAEC, TAEC denies these allegations.

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the FAC.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO INTERBOND
CORPORATION OF AMERICA'S FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5.     To the extent that the allegations contained in Paragraph 5 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 5 are directed to TAEC, TAEC denies these allegations.

6.     To the extent that the allegations contained in Paragraph 6 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 6 are directed to TAEC, TAEC denies these allegations.

7.     To the extent that the allegations contained in Paragraph 7 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 7 are directed to TAEC, TAEC denies these allegations.

8.     To the extent that Paragraph 8 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 8 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 8 may be deemed to require a response from TAEC, TAEC denies these allegations.

9.     Paragraph 9 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 9 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 9 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## II.   JURISDICTION AND VENUE

10.     The allegations contained in Paragraph 10 consist of Plaintiff's characterization of its case, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 10.

11.     The allegations contained in Paragraph 11 consist of Plaintiff's characterization of its case, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 11.

12.     The allegations contained in Paragraph 12 consist of Plaintiff's characterization of its case and legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 12.

13.     To the extent that the allegations contained in the first sentence in Paragraph 13 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the first sentence in Paragraph 13 relate to TAEC, TAEC denies the allegations.  TAEC denies the remaining allegations of Paragraph 13.

14.     The first and third sentences of Paragraph 14 are legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 14.  To the extent that the allegations contained in Paragraph 14 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 14 are directed to TAEC, TAEC denies these allegations.

15.     The allegations in Paragraph 15 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 15.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## III.  THE PARTIES

### A.    Plaintiff

16.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies the allegations.

17.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies the allegations.

18.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies the allegations.

### B.    Defendants

#### 1.    Hitachi Entities

19.    Paragraph 19 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies the allegations.

20.    Paragraph 20 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the allegations.

21.    Paragraph 21 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies the allegations.

22.    Paragraph 22 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies the allegations.

23.    Paragraph 23 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies the allegations.

24.    Paragraph 24 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

25.     Paragraph 25 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 25.

### 2.     IRICO Entities

26.     Paragraph 26 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies the allegations.

27.     Paragraph 27 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies the allegations.

28.     Paragraph 28 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 28.

29.     Paragraph 29 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 29.

### 3.     LG Electronics Entities

30.     Paragraph 30 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies the allegations.

31.     Paragraph 31 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies the allegations.

32.     Paragraph 32 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 32.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 4.    LP Displays

33.    Paragraph 33 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, denies the allegations.

### 5.    Panasonic Entities

34.    Paragraph 34 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

35.    Paragraph 35 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies the allegations.

36.    Paragraph 36 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 36.

37.    Paragraph 37 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies the allegations.

38.    Paragraph 38 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, denies the allegations.

### 6.    Phillips Entities

39.    Paragraph 39 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies the allegations.

40.    Paragraph 40 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

41. Paragraph 41 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies the allegations.

42. Paragraph 42 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies the allegations.

43. Paragraph 43 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required. To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 43.

### 7. Samsung Entities

44. Paragraph 44 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, denies the allegations.

45. Paragraph 45 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies the allegations.

46. Paragraph 46 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies the allegations.

47. Paragraph 47 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, denies the allegations.

48. Paragraph 48 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, denies the allegations.

49. Paragraph 49 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

50.    Paragraph 50 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

51.    Paragraph 51 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 51.

### 8.    Samtel

52.    Paragraph 52 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies the allegations.

### 9.    Thai CRT

53.    Paragraph 53 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies the allegations.

### 10.    Toshiba Entities

54.    Paragraph 54 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 54 and, therefore, denies the allegations, except TAEC admits the allegations contained in the first sentence of Paragraph 54.

55.    Paragraph 55 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 55.

56.    Paragraph 56 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies the allegations.

57.    TAEC denies the allegations of Paragraph 56, except that it admits that its business address is 9740 Irvine Boulevard, Irvine, CA 92618-1697 and that it is a wholly-

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

owned subsidiary of Toshiba America, Inc.  TAEC avers that it sold cathode ray tubes and certain electronic devices containing cathode ray tubes during the Relevant Period.

58.    Paragraph 58 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, denies the allegations.

59.    Paragraph 59 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 59.

**11.    Chunghwa Entities**

60.    Paragraph 60 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and, therefore, denies the allegations.

61.    Paragraph 61 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and, therefore, denies the allegations.

62.    Paragraph 62 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 62.

**IV.  AGENTS AND CO-CONSPIRATORS**

63.    To the extent that the allegations contained in Paragraph 63 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 63 are directed to TAEC, TAEC denies these allegations.

64.    To the extent that the allegations contained in Paragraph 64 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

allegations contained in Paragraph 64 are directed to TAEC, TAEC denies these allegations.

65.     Paragraph 65 relates to other companies.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and, therefore, denies the allegations.

66.     Paragraph 66 relates to other companies.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, therefore, denies the allegations.

67.     Paragraph 67 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 67.

68.     Paragraph 68 relates to another company.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and, therefore, denies the allegations.

69.     Paragraph 69 relates to another company.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, denies the allegations.

70.     Paragraph 70 relates to another company.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, therefore, denies the allegations.

71.     To the extent that the allegations contained in Paragraph 71 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 71 are directed to TAEC, TAEC denies these allegations.

## V.   TRADE AND COMMERCE

72.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

73.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, therefore, denies the allegations.

74.     Paragraph 74 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 74.

## VI.   FACTUAL ALLEGATIONS

### A.   CRT Technology

75.     TAEC admits the allegations contained in Paragraph 75.

76.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, therefore, denies the allegations.

77.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, denies the allegations.

78.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and, therefore, denies the allegations.

79.     To the extent that Paragraph 79 describes CRT technology generally, and claims that that CDTs and CPTs are separate products, TAEC admits the allegations in Paragraph 79, but avers that the allegations do not describe comprehensively or accurately all variants of CRT technology.  TAEC denies the remaining allegations in Paragraph 79.

80.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

81.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

82.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and, therefore, denies the allegations. The second sentence of Paragraph 82 consists of argument and Plaintiff's characterization of its claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in the second sentence of Paragraph 82.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

83.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, therefore, denies the allegations. The second sentence of Paragraph 83 consists of argument and Plaintiff's characterization of its claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in the second sentence of Paragraph 83.

84.    Paragraph 84 consists of argument and Plaintiff's characterization of its claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 84.

### B.    Structure of the CRT Industry

85.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies the allegations.

#### 1.    Market Concentration

86.    To the extent that the allegations contained in Paragraph 86 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 86 are directed to TAEC, TAEC denies these allegations.

#### 2.    Information Sharing

87.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, therefore, denies the allegations.

88.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, therefore, denies the allegations.

#### 3.    Consolidation

89.    To the extent that the allegations contained in Paragraph 89 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 89 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 4.      Multiple Interrelated Business Relationships

90.      TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, therefore, denies the allegations.

91.      To the extent that the allegations contained in Paragraph 91 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 91 are directed to TAEC, TAEC denies these allegations.

### 5.      High Costs of Entry Into the Industry

92.      TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, denies the allegations.

93.      TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, therefore, denies the allegations.

### 6.      The Maturity of the CRT Product Market

94.      TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations.

95.      TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and, therefore, denies the allegations.

96.      TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and, therefore, denies the allegations.

97.      TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, denies the allegations.

98.      TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, denies the allegations.

99.      TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 7.   Homogeneity of CRT Products

100.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, denies the allegations.

101.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

### C.   Pre-Conspiracy Market

102.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations.

103.   Paragraph 103 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and, therefore, denies the allegations.

### D.   Defendants' and Co-Conspirators' Illegal Agreements

104.   To the extent that the allegations contained in Paragraph 104 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 104 are directed to TAEC, TAEC denies these allegations.

105.   To the extent that the allegations contained in Paragraph 105 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 105 are directed to TAEC, TAEC denies these allegations.

106.   Paragraph 106 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and, therefore, denies the allegations.

107.   To the extent that the allegations contained in Paragraph 107 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

extent that the allegations contained in Paragraph 107 are directed to TAEC, TAEC denies these allegations.

108.    To the extent that the allegations contained in Paragraph 108 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 108 are directed to TAEC, TAEC denies these allegations.

**1.    "Glass Meetings"**

109.    To the extent that the allegations contained in Paragraph 109 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 109 are directed to TAEC, TAEC denies these allegations.

110.    To the extent that the allegations contained in Paragraph 110 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 110 are directed to TAEC, TAEC denies these allegations.

111.    To the extent that the allegations contained in Paragraph 111 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 111 are directed to TAEC, TAEC denies these allegations.

112.    To the extent that the allegations contained in Paragraph 112 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 112 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

113.     To the extent that the allegations contained in Paragraph 113 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 113 are directed to TAEC, TAEC denies these allegations.

114.     To the extent that the allegations contained in Paragraph 114 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 114 are directed to TAEC, TAEC denies these allegations.

115.     To the extent that the allegations contained in Paragraph 115 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 115 are directed to TAEC, TAEC denies these allegations.

116.     To the extent that the allegations contained in Paragraph 116 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 116 are directed to TAEC, TAEC denies these allegations.

117.     To the extent that the allegations contained in Paragraph 117 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 117 are directed to TAEC, TAEC denies these allegations.

118.     To the extent that the allegations contained in Paragraph 118 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

extent that the allegations contained in Paragraph 118 are directed to TAEC, TAEC denies these allegations.

119.   To the extent that the allegations contained in Paragraph 119 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 119 are directed to TAEC, TAEC denies these allegations.

120.   To the extent that the allegations contained in Paragraph 120 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 120 are directed to TAEC, TAEC denies these allegations.

121.   To the extent that the allegations contained in Paragraph 121 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 121 are directed to TAEC, TAEC denies these allegations.

122.   To the extent that the allegations contained in Paragraph 122 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 122 are directed to TAEC, TAEC denies these allegations.

123.   To the extent that the allegations contained in Paragraph 123 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 123 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## 2. Bilateral Discussions

124.   To the extent that the allegations contained in Paragraph 124 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 124 are directed to TAEC, TAEC denies these allegations.

125.   To the extent that the allegations contained in Paragraph 125 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 125 are directed to TAEC, TAEC denies these allegations.

126.   To the extent that the allegations contained in Paragraph 126 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 126 are directed to TAEC, TAEC denies these allegations.

127.   To the extent that the allegations contained in Paragraph 127 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 127 are directed to TAEC, TAEC denies these allegations.

128.   To the extent that the allegations contained in Paragraph 128 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 128 are directed to TAEC, TAEC denies these allegations.

129.   To the extent that the allegations contained in Paragraph 129 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 129 are directed to TAEC, TAEC denies these allegations.

       **3.**    **Defendants' And Co-Conspirators' Participation In Group And Bilateral Discussions**

    130.    Paragraph 130 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 and, therefore, denies the allegations.

    131.    Paragraph 131 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 and, therefore, denies the allegations.

    132.    Paragraph 132 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 and, therefore, denies the allegations.

    133.    Paragraph 133 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 and, therefore, denies the allegations.

    134.    Paragraph 134 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 and, therefore, denies the allegations.

    135.    Paragraph 135 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 and, therefore, denies the allegations.

    136.    Paragraph 136 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

137.    Paragraph 137 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 and, therefore, denies the allegations.

138.    Paragraph 138 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 and, therefore, denies the allegations.

139.    Paragraph 139 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 and, therefore, denies the allegations.

140.    Paragraph 140 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 and, therefore, denies the allegations.

141.    Paragraph 141 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 and, therefore, denies the allegations.

142.    Paragraph 142 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 and, therefore, denies the allegations.

143.    Paragraph 143 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and, therefore, denies the allegations.

144.    Paragraph 144 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 and, therefore, denies the allegations.

145.    Paragraph 145 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

146.   To the extent that the allegations contained in Paragraph 146 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 146 are directed to TAEC, TAEC denies these allegations.

147.   To the extent that the allegations contained in Paragraph 147 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 147 are directed to TAEC, TAEC denies these allegations.

148.   Paragraph 148 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 and, therefore, denies the allegations.

149.   Paragraph 149 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 and, therefore, denies the allegations.

150.   To the extent that Paragraph 150 consists of Plaintiff's characterization of its claims and Plaintiff's explanation of a defined term used in the FAC, no response is required.   To the extent that the allegations contained in Paragraph 150 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 150 may be deemed to require a response from TAEC, TAEC denies these allegations.

**E.    The CRT Market During the Conspiracy**

151.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 and, therefore, denies the allegations.

152.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

153.   To the extent that Paragraph 153 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 153 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 153 may be deemed to require a response from TAEC, TAEC denies these allegations.

154.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 and, therefore, denies the allegations.

155.   To the extent that Paragraph 155 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 155 may be deemed to require a response from TAEC, TAEC denies these allegations.

156.   To the extent that Paragraph 156 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 156 may be deemed to require a response from TAEC, TAEC denies these allegations.

157.   To the extent that the allegations contained in Paragraph 157 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 157 are directed to TAEC, TAEC denies these allegations.

158.   To the extent that Paragraph 158 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 158 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

extent that the allegations contained in Paragraph 158 are directed to TAEC, TAEC denies these allegations.

159.    To the extent that Paragraph 159 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 159 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 159 are directed to TAEC, TAEC denies these allegations.

160.    To the extent that Paragraph 160 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 160 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 160 are directed to TAEC, TAEC denies these allegations.

161.    To the extent that the allegations contained in Paragraph 161 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 161 are directed to TAEC, TAEC denies these allegations.

**F.    International Government Antitrust Investigations**

162.    To the extent that Paragraph 162 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 162 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   denies these allegations.  To the extent that the allegations contained in Paragraph 162 are

2   directed to TAEC, TAEC denies these allegations.

3       163.   To the extent that Paragraph 163 consists of purported statements by

4   government authorities or statements in public documents, those statements speak for

5   themselves and no response is required.  To the extent that the allegations contained in

6   Paragraph 163 relate to other Defendants or third parties, TAEC lacks knowledge or

7   information sufficient to form a belief as to the truth of these allegations and, therefore,

8   denies these allegations.  To the extent that the allegations contained in Paragraph 163 may

9   be deemed to require a response from TAEC, TAEC denies these allegations.

10      164.   The allegations contained in Paragraph 164 refer to a public annual report,

11  which is the best evidence of its contents.  To the extent that allegations contained in

12  Paragraph 164 may be deemed to require a response from TAEC, TAEC denies these

13  allegations.

14      165.   To the extent that Paragraph 165 consists of purported statements by

15  government authorities or statements in public documents, those statements speak for

16  themselves and no response is required.  To the extent that the allegations contained in

17  Paragraph 165 relate to other Defendants or third parties, TAEC lacks knowledge or

18  information sufficient to form a belief as to the truth of these allegations and, therefore,

19  denies these allegations.  To the extent that the allegations contained in Paragraph 165 may

20  be deemed to require a response from TAEC, TAEC denies these allegations.

21      166.   To the extent that Paragraph 166 consists of purported statements by

22  government authorities or statements in public documents, those statements speak for

23  themselves and no response is required.  To the extent that the allegations contained in

24  Paragraph 166 relate to other Defendants or third parties, TAEC lacks knowledge or

25  information sufficient to form a belief as to the truth of these allegations and, therefore,

26  denies these allegations.  To the extent that the allegations contained in Paragraph 166 may

27  be deemed to require a response from TAEC, TAEC denies these allegations.

28

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO INTERBOND
CORPORATION OF AMERICA'S FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

167.    To the extent that Paragraph 167 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 167 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 167 may be deemed to require a response from TAEC, TAEC denies these allegations.

168.    To the extent that Paragraph 168 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 168 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 168 may be deemed to require a response from TAEC, TAEC denies these allegations.

169.    To the extent that Paragraph 169 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 169 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 169 may be deemed to require a response from TAEC, TAEC denies these allegations.

170.    To the extent that Paragraph 170 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 170 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 170 may be deemed to require a response from TAEC, TAEC denies these allegations.

171.    To the extent that Paragraph 171 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 171 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 171 may be deemed to require a response from TAEC, TAEC denies these allegations.

172.    To the extent that Paragraph 172 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 172 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 172 may be deemed to require a response from TAEC, TAEC denies these allegations.

173.    To the extent that Paragraph 173 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 173 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 173 may be deemed to require a response from TAEC, TAEC denies these allegations.

174.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 and, therefore, denies these allegations.

175.    To the extent that the allegations contained in Paragraph 175 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 175 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

176.    To the extent that the allegations contained in Paragraph 176 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 176 are directed to TAEC, TAEC denies these allegations.

177.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 and, therefore, denies these allegations.

178.    To the extent that Paragraph 178 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 178 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 178 may be deemed to require a response from TAEC, TAEC denies these allegations.

179.    To the extent that Paragraph 179 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 179 may be deemed to require a response from TAEC, TAEC denies these allegations.

180.    To the extent that Paragraph 180 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 180 may be deemed to require a response from TAEC, TAEC denies these allegations.

181.    To the extent that Paragraph 181 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Paragraph 181 may be deemed to require a response from TAEC, TAEC denies these allegations.

**G.   The Role of Trade Associations During the Relevant Period**

182.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 and, therefore, denies these allegations.

183.   Paragraph 183 relates to other Defendants or third parties.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 and, therefore, denies these allegations.

184.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 and, therefore, denies these allegations.

185.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 and, therefore, denies these allegations.

186.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186 and, therefore, denies these allegations.

**H.   Effects of Defendants' Antitrust Violations**

**1.   Examples of Reductions in Manufacturing Capacity by Defendants**

187.   To the extent that the allegations contained in Paragraph 187 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 187 are directed to TAEC, TAEC denies these allegations.

188.   Paragraph 188 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 and, therefore, denies these allegations.

189.   Paragraph 189 relates to other Defendants or third parties.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 and, therefore, denies these allegations.

190.    Paragraph 190 relates to other Defendants or third parties.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 and, therefore, denies these allegations.

191.    Paragraph 191 relates to other Defendants or third parties.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 and, therefore, denies these allegations.

192.    Paragraph 192 relates to other Defendants or third parties.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 and, therefore, denies these allegations.

**2.    Examples of Collusive Pricing for CRT Products**

193.    To the extent that Paragraph 193 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 193 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegation contained in Paragraph 193 may be deemed to require a response from TAEC, TAEC denies these allegations.

194.    To the extent that Paragraph 194 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 194 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegation contained in Paragraph 194 may be deemed to require a response from TAEC, TAEC denies these allegations.

195.    To the extent that the allegations contained in Paragraph 195 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

extent that the allegations contained in Paragraph 195 are directed to TAEC, TAEC denies these allegations.

196.    To the extent that Paragraph 196 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 196 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 196 may be deemed to require a response from TAEC, TAEC denies these allegations.

197.    To the extent that Paragraph 197 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 197 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 197 may be deemed to require a response from TAEC, TAEC denies these allegations.

198.    To the extent that the allegations contained in Paragraph 198 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 198 are directed to TAEC, TAEC denies these allegations.

199.    To the extent that Paragraph 199 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 199 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 199 may be deemed to require a response from TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

200.    Paragraph 200 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 and, therefore, denies these allegations.

201.    To the extent that the allegations contained in Paragraph 201 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 201 are directed to TAEC, TAEC denies these allegations.

### 3.    Summary of Effects of the Conspiracy Involving CRT Products

202.    Paragraph 202 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 202 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 202 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## VII.  PLAINTIFF'S INJURIES

203.    To the extent that Paragraph 203 contains argument, Plaintiff's characterization of its claims, or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 203 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 203 are directed to TAEC, TAEC denies these allegations.

204.    To the extent that the allegations contained in Paragraph 204 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

extent that the allegations contained in Paragraph 204 are directed to TAEC, TAEC denies these allegations.

205.   To the extent that Paragraph 205 contains argument or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 205 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 205 are directed to TAEC, TAEC denies these allegations.

206.   To the extent that Paragraph 206 contains argument or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 206 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 206 are directed to TAEC, TAEC denies these allegations.

207.   To the extent that Paragraph 207 contains argument or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 207 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 207 are directed to TAEC, TAEC denies these allegations.

208.   Paragraph 208 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 208 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 208 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form the belief as to the truth of these allegations and, therefore, denies these allegations.

209.    Paragraph 209 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 209 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 209 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form the belief as to the truth of these allegations and, therefore, denies these allegations.

## VIII. FRAUDULENT CONCEALMENT

210.    Paragraph 210 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 210 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 210 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

211.    Paragraph 211 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 211 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 211 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

212.    Paragraph 212 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 212 relate to other Defendants or third parties, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 212 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

213. Paragraph 213 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 213 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 213 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

214. Paragraph 214 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 214 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 214 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

215. Paragraph 215 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 215 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 215 may be deemed to require a response from TAEC, TAEC lacks knowledge

or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

216.   Paragraph 216 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 216 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 216 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

217.   Paragraph 217 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 217 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 217 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

218.   Paragraph 218 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 218 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 218 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

219.    Paragraph 219 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 219 and, therefore, denies the allegations.

220.    Paragraph 220 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 and, therefore, denies the allegations.

221.    Paragraph 221 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 221 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.    To the extent that the allegations contained in Paragraph 221 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

222.    Paragraph 222 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 222 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.    To the extent that the allegations contained in Paragraph 222 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## IX.    *AMERICAN PIPE*, GOVERNMENT ACTION AND CROSS-JURISDICTIONAL TOLLING

223.    Paragraph 223 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 223 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   therefore, denies these allegations.   To the extent that the allegations contained in

2   Paragraph 223 may be deemed to require a response from TAEC, TAEC lacks knowledge

3   or information sufficient to form a belief as to the truth of these allegations and, therefore,

4   denies these allegations.

5   224.   Paragraph 224 consists of argument, Plaintiff's characterization of its claims,

6   or legal conclusions, to which no response is required.   To the extent that the allegations

7   contained in Paragraph 224 relate to other Defendants or third parties, TAEC lacks

8   knowledge or information sufficient to form a belief as to the truth of these allegations and,

9   therefore, denies these allegations.   To the extent that the allegations contained in

10   Paragraph 224 may be deemed to require a response from TAEC, TAEC lacks knowledge

11   or information sufficient to form a belief as to the truth of these allegations and, therefore,

12   denies these allegations.

13   225.   Paragraph 225 consists of argument, Plaintiff's characterization of its claims,

14   or legal conclusions, to which no response is required.   To the extent that the allegations

15   contained in Paragraph 225 relate to other Defendants or third parties, TAEC lacks

16   knowledge or information sufficient to form a belief as to the truth of these allegations and,

17   therefore, denies these allegations.   To the extent that the allegations contained in

18   Paragraph 225 may be deemed to require a response from TAEC, TAEC lacks knowledge

19   or information sufficient to form a belief as to the truth of these allegations and, therefore,

20   denies these allegations.

21   **X.   CLAIM FOR VIOLATIONS**

22   **First Claim for Relief**

23   **(Violation of Section 1 of the Sherman Act)**

24   226.   TAEC hereby incorporates by reference its responses to Paragraphs 1-225 of

25   the FAC, as set forth above.

26   227.   Paragraph 227 consists of argument, Plaintiff's characterization of its claims,

27   or legal conclusions, to which no response is required.   To the extent that the allegations

28   contained in Paragraph 227 relate to other Defendants or third parties, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 227 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

228.    Paragraph 228 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 228 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 228 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

229.    Paragraph 229 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 229 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 229 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

230.    Paragraph 230 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 230 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 230 may be deemed to require a response from TAEC, TAEC lacks knowledge

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

231.    Paragraph 231 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 231 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 231 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

232.    Paragraph 232 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 232 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 232 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## Second Claim for Relief

### (Violation of the Florida Deceptive and Unfair Trade Practices Act)

233.    TAEC hereby incorporates by reference its responses to Paragraphs 1-232 of the FAC, as set forth above.

234.    Paragraph 234 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 234 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 234 may be deemed to require a response from TAEC, TAEC lacks knowledge

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   or information sufficient to form a belief as to the truth of these allegations and, therefore,

2   denies these allegations.

3       235.    Paragraph 235 consists of argument, Plaintiff's characterization of its claims,

4   or legal conclusions, to which no response is required.  To the extent that the allegations

5   contained in Paragraph 235 relate to other Defendants or third parties, TAEC lacks

6   knowledge or information sufficient to form a belief as to the truth of these allegations and,

7   therefore, denies these allegations.   To the extent that the allegations contained in

8   Paragraph 235 are directed to TAEC, TAEC denies these allegations.

9       236.    Paragraph 236 consists of argument, Plaintiff's characterization of its claims,

10  or legal conclusions, to which no response is required.  To the extent that the allegations

11  contained in Paragraph 236 relate to other Defendants or third parties, TAEC lacks

12  knowledge or information sufficient to form a belief as to the truth of these allegations and,

13  therefore, denies these allegations.   To the extent that the allegations contained in

14  Paragraph 236 may be deemed to require a response from TAEC, TAEC lacks knowledge

15  or information sufficient to form a belief as to the truth of these allegations and, therefore,

16  denies these allegations.

17      237.    Paragraph 237 consists of argument, Plaintiff's characterization of its claims,

18  or legal conclusions, to which no response is required.  To the extent that the allegations

19  contained in Paragraph 237 relate to other Defendants or third parties, TAEC lacks

20  knowledge or information sufficient to form a belief as to the truth of these allegations and,

21  therefore, denies these allegations.   To the extent that the allegations contained in

22  Paragraph 237 may be deemed to require a response from TAEC, TAEC lacks knowledge

23  or information sufficient to form a belief as to the truth of these allegations and, therefore,

24  denies these allegations.,

25      238.    Paragraph 238 consists of argument, Plaintiff's characterization of its claims

26  or legal conclusions, to which no response is required.  To the extent that the allegations

27  contained in Paragraph 238 relate to other Defendants or third parties, TAEC lacks

28  knowledge or information sufficient to form a belief as to the truth of these allegations and,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 therefore, denies these allegations.   To the extent that the allegations contained in

2 Paragraph 238 may be deemed to require a response from TAEC, TAEC lacks knowledge

3 or information sufficient to form a belief as to the truth of these allegations and, therefore,

4 denies these allegations.

5      239.   Paragraph 239 consists of argument, Plaintiff's characterization of its claims,

6 or legal conclusions, to which no response is required.   To the extent that the allegations

7 contained in Paragraph 239 relate to other Defendants or third parties, TAEC lacks

8 knowledge or information sufficient to form a belief as to the truth of these allegations and,

9 therefore, denies these allegations.   To the extent that the allegations contained in

10 Paragraph 239 may be deemed to require a response from TAEC, TAEC lacks knowledge

11 or information sufficient to form a belief as to the truth of these allegations and, therefore,

12 denies these allegations.

13      240.   Paragraph 240 consists of argument, Plaintiff's characterization of its claims,

14 or legal conclusions, to which no response is required.   To the extent that the allegations

15 contained in Paragraph 240 relate to other Defendants or third parties, TAEC lacks

16 knowledge or information sufficient to form a belief as to the truth of these allegations and,

17 therefore, denies these allegations.   To the extent that the allegations contained in

18 Paragraph 240 may be deemed to require a response from TAEC, TAEC lacks knowledge

19 or information sufficient to form a belief as to the truth of these allegations and, therefore,

20 denies these allegations.

21 **XI.   PRAYER FOR RELIEF**

22      In answer to the Prayer for Relief, TAEC denies each and every allegation in the

23 Prayer and further specifically denies that Plaintiff is entitled to any of the relief requested

24 or any remedy whatsoever against TAEC.

25      All allegations of the FAC not heretofore admitted or denied are here and now denied

26 as though specifically denied herein.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## DEFENSES/AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, TAEC asserts the following separate and additional defenses:

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

### SECOND DEFENSE

The FAC fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or part because the FAC fails to plead conspiracy with particularity required under applicable law.

### FOURTH DEFENSE

Plaintiff has failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### FIFTH DEFENSE

Plaintiff's state law claims are barred or limited in whole or in part by the doctrine of *forum non conveniens* and improper venue. Plaintiff's claims, to the extent they rely on the laws of foreign states, would be better adjudicated in those foreign courts.

### SIXTH DEFENSE

Plaintiff's claims against TAEC are barred to the extent that they have agreed to arbitration or chosen a different forum for the resolution of its claims.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring or maintain the claims set forth in the FAC.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was not validly assigned those claims.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**NINTH DEFENSE**

TAEC asserts as defenses to Plaintiff's claims any additional defense that it might have against Plaintiff's purported assignors, as to whom additional defenses cannot presently be ascertained.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent it did not purchase CRTs directly from Defendants, because it is an indirect purchaser and barred from maintaining an action under 15 U.S.C. § 1 for alleged injuries in that capacity.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no antitrust injury.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations, including but not limited to:  15 U.S.C. § 15b and Fla. Stat. § 95.11(f).

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not been injured in its business or property by reason of any action of TAEC.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of TAEC or were caused, if at all, solely and proximately by the conduct of third parties including, without limitation, the prior, intervening or superseding conduct of such third parties.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**EIGHTEENTH DEFENSE**

To the extent that any actionable conduct occurred, Plaintiff's claims against TAEC are barred because all such conduct would have been committed by individuals acting *ultra vires*.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damages as a result of any actions taken by TAEC and/or the other Defendants.

**TWENTIETH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**TWENTY-FIRST DEFENSE**

Plaintiff is barred from recovery of any damages because of, and to the extent of, its failure to mitigate damages.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any actions or practices of TAEC that are the subject of the FAC were undertaken unilaterally for legitimate business reasons and in pursuit of TAEC's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between TAEC and any other person or entity.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the FAC were adopted in furtherance of legitimate business interests of TAEC and of its customers and did not unreasonably restrain competition.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the FAC were cost justified or otherwise economically justified and resulted from a good-faith effort to meet competition or market conditions.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**TWENTY-FIFTH DEFENSE**

2   Plaintiff's claims are barred, in whole or in part, because the alleged conduct
3   complained of was caused by, due to, based upon, or in response to directives, laws,
4   regulations, policies and/or acts of governments, governmental agencies and entities and/or
5   regulatory agencies, and as such is non-actionable or privileged.

6

**TWENTY-SIXTH DEFENSE**

7   To the extent there is a finding of an illegal overcharge, Plaintiff's claims are barred,
8   in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by
9   others, and was not passed through to the indirect purchasers.

10

**TWENTY-SEVENTH DEFENSE**

11   Plaintiff's claims are barred, in whole or in part, because, as an indirect purchaser, it
12   fails to meet its burden of proving that it was damaged in fact by the conduct of which
13   complaint is here made, including the burden of proving that any so-called overcharge of
14   which complaint is made and which was not absorbed by predecessors to Plaintiff in the
15   chain of distribution was not passed on to a third party.

16

**TWENTY-EIGHTH DEFENSE**

17   Plaintiff's claims are barred, in whole or in part, to the extent it seeks improper
18   multiple damage awards and damage awards duplicative of those sought in other actions, in
19   violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the
20   United States Constitution.

21

**TWENTY-NINTH DEFENSE**

22   Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean
23   hands.

24

**THIRTIETH DEFENSE**

25   Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and
26   satisfaction.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### THIRTY-FIRST DEFENSE

Plaintiff's claims for injunctive relief should be dismissed because Plaintiff has available an adequate remedy at law.

### THIRTY-SECOND DEFENSE

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

### THIRTY-THIRD DEFENSE

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, TAEC contends that it is entitled to set off any amounts paid to Plaintiff by any Defendants other than TAEC who have settled, or do settle, Plaintiff's claims against them in this action.

### THIRTY-FOURTH DEFENSE

Plaintiff's claims for injunctive relief are barred, in whole or in part, insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

### THIRTY-FIFTH DEFENSE

Plaintiff lacks standing to prosecute its state consumer protection claims, in whole or in part, under Fla. Stat. §§ 501.201, *et seq.*

### THIRTY-SIXTH DEFENSE

Plaintiff's claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because pursuant to § 501.202(3), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") must be construed in a manner consistent with federal antitrust laws. Because Plaintiff's injuries are too speculative, derivative, indirect, and remote to confer standing under federal antitrust law, they also do not confer standing under FDUTPA.

### THIRTY-SEVENTH DEFENSE

Plaintiff's claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because Plaintiff cannot establish actual damages.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**THIRTY-EIGHTH DEFENSE**

2

TAEC adopts by reference any applicable defense pleaded by any other Defendant

3

not otherwise expressly set forth herein.

4

**THIRTY-NINTH DEFENSE**

5

TAEC reserves the right to assert other defenses as this action proceeds up to and

6

including the time of trial.

7

**TAEC'S PRAYER FOR RELIEF**

8

WHEREFORE, TAEC prays for judgment as follows:

9

1.  That Plaintiff take nothing by reason of the FAC, and that the action be dismissed

10

with prejudice;

11

2.  That the Court enter judgment in favor of TAEC and against Plaintiff with respect

12

to all causes of action in the FAC;

13

3.  That the Court award TAEC its attorneys' fees and other costs reasonably incurred

14

in the defense of this action; and

15

4.  That the Court order such other further relief for TAEC as the Court may deem

16

just and proper.

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  November 4, 2013                    Respectfully submitted,

**WHITE & CASE** LLP

By:   */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

On November 4, 2013, I caused a copy of the "TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO INTERBOND CORPORATION OF AMERICA'S FIRST AMENDED COMPLAINT" to be served via ECF on the other parties in this action.

By:  _/s/ Lucius B. Lau_
        Lucius B. Lau (*pro hac vice*)

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO INTERBOND
CORPORATION OF AMERICA'S FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917