Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Office Depot, Inc. v. Hitachi Ltd., et al.*<br><br>Civil Action No. 11-cv-06276 | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO OFFICE DEPOT, INC.'S FIRST AMENDED COMPLAINT** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

For its Answer to Office Depot, Inc.'s First Amended Complaint ("FAC"), Defendant

Toshiba America Electronic Components, Inc. ("TAEC") states as follows:

## I.   INTRODUCTION[1]

3

4       1.      The allegations contained in Paragraph 1 consist of Plaintiff's characterization

5   of its claims and an explanation of the defined terms used in its FAC, to which no response

6   is required.  To the extent that a response is deemed required, TAEC denies the allegations

7   in Paragraph 1.  To the extent that the allegations contained in Paragraph 1 relate to other

8   Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the

9   truth of these allegations and, therefore, denies these allegations.

10      2.      To the extent that the allegations contained in the first sentence of Paragraph 2

11  relate to other Defendants, TAEC lacks knowledge or information sufficient to form a

12  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

13  extent that the allegations contained in the first sentence of Paragraph 2 are directed to

14  TAEC, TAEC denies these allegations.  The remaining sentences of Paragraph 2 consist of

15  Plaintiff's explanation of defined terms used in its FAC, to which no response is required.

16  To the extent that a response is deemed required, TAEC denies the allegations in Paragraph

17  2.

18      3.      To the extent that the allegations contained in Paragraph 3 relate to other

19  Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the

20  truth or these allegations and, therefore, TAEC denies these allegations.  To the extent that

21  the allegations contained in Paragraph 3 are directed to TAEC, TAEC denies these

22  allegations.

23      4.      To the extent that the allegations contained in Paragraph 4 relate to other

24  Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the

25  truth or these allegations and, therefore, TAEC denies these allegations.  To the extent that

26  the allegations contained in Paragraph 4 are directed to TAEC, TAEC denies these

27  allegations.

28

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the FAC.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO
OFFICE DEPOT, INC.'S FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5.      To the extent that the allegations contained in Paragraph 5 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth or these allegations and, therefore, TAEC denies these allegations.  To the extent that the allegations contained in Paragraph 5 are directed to TAEC, TAEC denies these allegations.

6.      To the extent that the allegations contained in Paragraph 6 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth or these allegations and, therefore, TAEC denies these allegations.  To the extent that the allegations contained in Paragraph 6 are directed to TAEC, TAEC denies these allegations.

7.      To the extent that the allegations contained in Paragraph 7 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth or these allegations and, therefore, TAEC denies these allegations.  To the extent that the allegations contained in Paragraph 7 are directed to TAEC, TAEC denies these allegations.

8.      To the extent that Paragraph 8 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 8 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 8 may be deemed to require a response from TAEC, TAEC denies these allegations.

9.      Paragraph 9 consists of Plaintiff's characterization of its claims and/or legal conclusion, to which no response is required.  To the extent that the allegations contained in Paragraph 9 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 9 may be deemed to require a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

**II.   JURISDICTION AND VENUE**

10.   The allegations contained in Paragraph 10 consist of Plaintiff's characterization of its case, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 10.

11.   The allegations contained in Paragraph 11 consist of Plaintiff's characterization of its case, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 11.

12.   The allegations contained in Paragraph 12 consist of Plaintiff's characterization of its case, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 12.

13.   To the extent that the allegations contained in Paragraph 13 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 13 are directed to TAEC, TAEC denies these allegations.

14.   The allegations contained in the first sentence of Paragraph 14 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations in the first sentence of Paragraph 14.  To the extent that the allegations contained in the second and third sentences of Paragraph 14 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, therefore, denies these allegations.  To the extent that the allegations contained in the second and third sentences of Paragraph 14 are directed to TAEC, TAEC denies these allegations.

15.   The allegations contained in the first and second sentences of Paragraph 15 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations in the first and second sentences of

Paragraph 15.   To the extent that the allegations contained in the third sentence of Paragraph 15 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, therefore, denies these allegations.   To the extent that the allegations contained in the third sentence of Paragraph 15 are directed to TAEC, TAEC denies these allegations.

## III.  PARTIES

### A.      Plaintiff

16.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies the allegations.

17.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies the allegations.

18.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies the allegations.

19.     To the extent that the allegations contained in Paragraph 19 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 19 are directed to TAEC, TAEC denies these allegations.

### B.      Defendants

#### 1.      Hitachi Entities

20.     Paragraph 20 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the allegations.

21.     Paragraph 21 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies the allegations.

22.     Paragraph 22 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

23.     Paragraph 23 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies the allegations.

24.     Paragraph 24 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies the allegations.

25.     Paragraph 25 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies the allegations.

26.     Paragraph 26 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 26.

**2.     IRICO Entities**

27.     Paragraph 27 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies the allegations.

28.     Paragraph 28 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies the allegations.

29.     Paragraph 29 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies the allegations.

30.     Paragraph 30 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 30.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 3.    LG Electronics Entities

31.    Paragraph 31 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies the allegations.

32.    Paragraph 32 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies the allegations.

33.    Paragraph 33 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 33.

### 4.    LP Displays

34.    Paragraph 34 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

### 5.    Panasonic Entities

35.    Paragraph 35 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies the allegations.

36.    Paragraph 36 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, denies the allegations.

37.    Paragraph 37 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 37.

38.    Paragraph 38 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

39.     Paragraph 39 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies the allegations.

**6.     Philips Entities**

40.     Paragraph 40 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies the allegations.

41.     Paragraph 41 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies the allegations.

42.     Paragraph 42 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies the allegations.

43.     Paragraph 43 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies the allegations.

44.     Paragraph 44 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 44.

**7.     Samsung Entities**

45.     Paragraph 45 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies the allegations.

46.     Paragraph 46 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies the allegations.

47.     Paragraph 47 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, denies the allegations.

48.     Paragraph 48 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, denies the allegations.

49.     Paragraph 49 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, denies the allegations.

50.     Paragraph 50 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

51.     Paragraph 51 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, denies the allegations.

52.     Paragraph 52 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 52.

**8.     Samtel**

53.     Paragraph 53 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies the allegations.

**9.     Thai CRT**

54.     Paragraph 54 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 10.    Toshiba Entities

55.    Paragraph 55 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 55.

56.    Paragraph 56 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 56.

57.    Paragraph 57 relates to another Defendant, Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, denies the allegations.

58.    TAEC denies the allegations of Paragraph 58, except that TAEC admits that its business address is 9740 Irvine Boulevard, Irvine, CA 92618-1697 and avers that it is a wholly-owned subsidiary of Toshiba America, Inc.    TAEC avers that it sold cathode ray tubes and certain electronic devices containing cathode ray tubes during the Relevant Period.

59.    Paragraph 59 relates to another Defendant, Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and, therefore, denies the allegations.

60.    Paragraph 60 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.    To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 60.

### 11.    Chunghwa Entities

61.    Paragraph 61 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and, therefore, denies the allegations.

62.     Paragraph 62 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and, therefore, denies the allegations.

63.     Paragraph 63 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 63.

## IV.   AGENTS AND CO-CONSPIRATORS

74.[2]   To the extent that the allegations contained in Paragraph 74 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 74 are directed to TAEC, TAEC denies these allegations.

75.     To the extent that the allegations contained in Paragraph 75 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 75 are directed to TAEC, TAEC denies these allegations.

76.     To the extent that the allegations contained in Paragraph 76 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 76 are directed to TAEC, TAEC denies these allegations.

77.     Paragraph 77 relates to a third party.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, denies the allegations.

---

[2] The FAC lacks Paragraphs 64-73.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

78.     Paragraph 78 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 78.

79.     Paragraph 79 relates to a third party.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and, therefore, denies the allegations.

80.     Paragraph 80 relates to a third party.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

81.     Paragraph 81 relates to a third party.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

82.     To the extent that the allegations contained in Paragraph 82 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 82 are directed to TAEC, TAEC denies these allegations.

**V.     TRADE AND COMMERCE**

83.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, therefore, denies the allegations.

84.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and, therefore, denies the allegations.

85.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies the allegations.

**VI.   FACTUAL ALLEGATIONS**

**A.     CRT Technology**

86.     TAEC admits the allegations contained in Paragraph 86.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

87.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, therefore, denies the allegations.

88.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, therefore, denies the allegations.

89.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, denies the allegations.

90.     To the extent that Paragraph 90 describes CRT technology generally, and claims that that CDTs and CPTs are separate products, TAEC admits the allegations in Paragraph 90, but avers that the allegations do not describe comprehensively or accurately all variants of CRT technology.   TAEC denies the remaining allegations in Paragraph 90.

91.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and, therefore, denies the allegations.

92.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, denies the allegations.

93.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 93 and, therefore, denies the allegations.  The second sentence of Paragraph 93 consists of argument and Plaintiff's characterization of its claims, to which no response is required.   To the extent that allegations contained in the second sentence of Paragraph 93 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

94.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 94 and, therefore, denies the allegations.  The second and third sentences of Paragraph 94 consist of argument and Plaintiff's characterization of its claims, to which no response is required.  To the extent that allegations contained in the second and third sentences of Paragraph 94 may be deemed to require a response from TAEC, TAEC lacks knowledge or information

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

95.     Paragraph 95 consists of argument, Plaintiff's characterization of its claims, and/or legal conclusions, to which no response is required.   To the extent that the allegations contained Paragraph 95 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**B.     Structure of the CRT Industry**

96.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and, therefore, denies the allegations.

**1.     Market Concentration**

97.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, denies the allegations.

**2.     Information Sharing**

98.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, denies the allegations.

99.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and, therefore, denies the allegations.

**3.     Consolidation**

100.    To the extent that the allegations contained in Paragraph 100 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 100 are directed to TAEC, TAEC denies these allegations.

**4.     Multiple Interrelated Business Relationships**

101.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

102.    To the extent that the allegations contained in Paragraph 102 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 102 are directed to TAEC, TAEC denies these allegations.

### 5.    High Costs of Entry Into the Industry

103.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and, therefore, denies the allegations.

104.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and, therefore, denies the allegations.

### 6.    The Maturity of the CRT Product Market

105.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and, therefore, denies the allegations.

106.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and, therefore, denies the allegations.

107.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and, therefore, denies the allegations.

108.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and, therefore, denies the allegations.

109.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and, therefore, denies the allegations.

110.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and, therefore, denies the allegations.

### 7.    Homogeneity of CRT Products

111.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and, therefore, denies the allegations.

112.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

### C.    Pre-Conspiracy Market

2

113.    TAEC lacks knowledge or information sufficient to form a belief as to the

3

truth of the allegations contained in Paragraph 113 and, therefore, denies the allegations.

4

114.    Paragraph 114 relates to other Defendants.    Accordingly, TAEC lacks

5

knowledge or information sufficient to form a belief as to the truth of the allegations

6

contained in Paragraph 114 and, therefore, denies the allegations.

7

### D.    Defendants'' and Co-Conspirators' Illegal Agreements

8

115.    To the extent that the allegations contained in Paragraph 115 relate to other

9

Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

10

belief as to the truth of these allegations, and therefore, denies these allegations.  To the

11

extent that the allegations contained in Paragraph 115 are directed to TAEC, TAEC denies

12

these allegations.

13

116.    To the extent that the allegations contained in Paragraph 116 relate to other

14

Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

15

belief as to the truth of these allegations, and therefore, denies these allegations.  To the

16

extent that the allegations contained in Paragraph 116 are directed to TAEC, TAEC denies

17

these allegations.

18

117.    To the extent that the allegations contained in Paragraph 117 relate to other

19

Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

20

belief as to the truth of these allegations, and therefore, denies these allegations.  To the

21

extent that the allegations contained in Paragraph 117 are directed to TAEC, TAEC denies

22

these allegations.

23

118.    To the extent that the allegations contained in Paragraph 118 relate to other

24

Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

25

belief as to the truth of these allegations, and therefore, denies these allegations.  To the

26

extent that the allegations contained in Paragraph 118 are directed to TAEC, TAEC denies

27

these allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

119.    To the extent that the allegations contained in Paragraph 119 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 119 are directed to TAEC, TAEC denies these allegations.

### 1.    "Glass Meetings"

120.    To the extent that the allegations contained in Paragraph 120 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 120 are directed to TAEC, TAEC denies these allegations.

121.    To the extent that the allegations contained in Paragraph 121 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 121 are directed to TAEC, TAEC denies these allegations.

122.    To the extent that the allegations contained in Paragraph 122 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 122 are directed to TAEC, TAEC denies these allegations.

123.    To the extent that the allegations contained in Paragraph 123 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 123 are directed to TAEC, TAEC denies these allegations.

124.    To the extent that the allegations contained in Paragraph 124 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3

belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 124 are directed to TAEC, TAEC denies these allegations.

4
5
6
7
8

125.    To the extent that the allegations contained in Paragraph 125 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 125 are directed to TAEC, TAEC denies these allegations.

9
10
11
12
13

126.    To the extent that the allegations contained in Paragraph 126 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 126 are directed to TAEC, TAEC denies these allegations.

14
15
16
17
18

127.    To the extent that the allegations contained in Paragraph 127 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 127 are directed to TAEC, TAEC denies these allegations.

19
20
21
22
23

128.    To the extent that the allegations contained in Paragraph 128 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 128 are directed to TAEC, TAEC denies these allegations.

24
25
26
27
28

129.    To the extent that the allegations contained in Paragraph 129 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 129 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

130.    To the extent that the allegations contained in Paragraph 130 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 130 are directed to TAEC, TAEC denies these allegations.

131.    To the extent that the allegations contained in Paragraph 131 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 131 are directed to TAEC, TAEC denies these allegations.

132.    To the extent that the allegations contained in Paragraph 132 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 132 are directed to TAEC, TAEC denies these allegations.

133.    To the extent that the allegations contained in Paragraph 133 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 133 are directed to TAEC, TAEC denies these allegations.

134.    To the extent that the allegations contained in Paragraph 134 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 134 are directed to TAEC, TAEC denies these allegations.

**2.    Bilateral Discussions**

135.    To the extent that the allegations contained in Paragraph 135 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 135 are directed to TAEC, TAEC denies these allegations.

136.    To the extent that the allegations contained in Paragraph 136 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 136 are directed to TAEC, TAEC denies these allegations.

137.    To the extent that the allegations contained in Paragraph 137 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 137 are directed to TAEC, TAEC denies these allegations.

138.    To the extent that the allegations contained in Paragraph 138 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 138 are directed to TAEC, TAEC denies these allegations.

139.    To the extent that the allegations contained in Paragraph 139 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 139 are directed to TAEC, TAEC denies these allegations.

140.    To the extent that the allegations contained in Paragraph 140 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 140 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 3.   Defendants' and Co-Conspirators' Participation in Group and Bilateral Discussions

141.   Paragraph 141 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 and, therefore, denies the allegations.

142.   Paragraph 142 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 and, therefore, denies the allegations.

143.   Paragraph 143 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and, therefore, denies the allegations.

144.   Paragraph 144 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 and, therefore, denies the allegations.

145.   Paragraph 145 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 and, therefore, denies the allegations.

146.   Paragraph 146 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 and, therefore, denies the allegations.

147.   Paragraph 147 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 and, therefore, denies the allegations.

148.   Paragraph 148 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

149.   Paragraph 149 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 and, therefore, denies the allegations.

150.   Paragraph 150 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 and, therefore, denies the allegations.

151.   Paragraph 151 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 and, therefore, denies the allegations.

152.   Paragraph 152 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 and, therefore, denies the allegations.

153.   Paragraph 153 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 and, therefore, denies the allegations.

154.   Paragraph 154 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 and, therefore, denies the allegations.

155.   Paragraph 155 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 and, therefore, denies the allegations.

156.   Paragraph 156 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 and, therefore, denies the allegations.

157.   To the extent that the allegations contained in Paragraph 157 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.   To the

extent that the allegations contained in Paragraph 157 are directed to TAEC, TAEC denies these allegations.

158.   Paragraph 158 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 and, therefore, denies the allegations.

159.   Paragraph 159 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 and, therefore, denies the allegations.

160.   Paragraph 160 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 and, therefore, denies the allegations.

161.   To the extent that Paragraph 161 consists of Plaintiff's characterization of its claims and Plaintiff's explanation of a defined term used in the FAC, no response is required.   To the extent that the allegations contained in Paragraph 161 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 161 are directed to TAEC, TAEC denies these allegations.

**E.   The CRT Market During the Conspiracy**

162.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 and, therefore, denies the allegations.

163.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 and, therefore, denies the allegations.

164.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 and, therefore, denies the allegations.

165.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

166.   To the extent that Paragraph 166 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 166 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 166 are directed to TAEC, TAEC denies these allegations.

167.   To the extent that Paragraph 167 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 167 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 167 are directed to TAEC, TAEC denies these allegations.

168.   To the extent that the allegations contained in Paragraph 168 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 168 are directed to TAEC, TAEC denies these allegations.

169.   To the extent that the allegations contained in Paragraph 169 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 169 are directed to TAEC, TAEC denies these allegations.

170.   To the extent that Paragraph 170 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 170 relate to other Defendants and/or third parties, TAEC lacks knowledge or information

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 170 are directed to TAEC, TAEC denies these allegations.

171.    To the extent that the allegations contained in Paragraph 171 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 171 are directed to TAEC, TAEC denies these allegations.

172.    To the extent that the allegations contained in Paragraph 172 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 172 are directed to TAEC, TAEC denies these allegations.

**F.    International Government Antitrust Investigations**

173.    To the extent that the allegations contained in Paragraph 173 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 173 are directed to TAEC, TAEC denies these allegations.

174.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 and, therefore, denies the allegations.

175.    The allegations contained in Paragraph 175 refer to a public annual report, which is the best evidence of its contents.

176.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 and, therefore, denies the allegations.

177.    To the extent that Paragraph 177 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Paragraph 177 may be deemed to require a response from TAEC, TAEC denies these allegations.

178.   To the extent that Paragraph 178 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 178 may be deemed to require a response from TAEC, TAEC denies these allegations.

179.   To the extent that Paragraph 179 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 179 may be deemed to require a response from TAEC, TAEC denies these allegations.

180.   To the extent that Paragraph 180 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 180 may be deemed to require a response from TAEC, TAEC denies these allegations.

181.   To the extent that Paragraph 181 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 181 may be deemed to require a response from TAEC, TAEC denies these allegations.

182.   To the extent that the allegations contained in Paragraph 182 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 182 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

183.    To the extent that Paragraph 183 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 183 may be deemed to require a response from TAEC, TAEC denies these allegations.

184.    To the extent that Paragraph 184 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 184 may be deemed to require a response from TAEC, TAEC denies these allegations.

185.    To the extent that the allegations contained in Paragraph 185 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 185 are directed to TAEC, TAEC denies these allegations.

186.    To the extent that the allegations contained in Paragraph 186 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 186 are directed to TAEC, TAEC denies these allegations.

187.    To the extent that the allegations contained in Paragraph 187 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 187 are directed to TAEC, TAEC denies these allegations.

188.     To the extent that the allegations contained in Paragraph 188 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

extent that the allegations contained in Paragraph 188 are directed to TAEC, TAEC denies these allegations.

189.   To the extent that Paragraph 189 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 189 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 189 are directed to TAEC, TAEC denies these allegations.

190.   To the extent that Paragraph 190 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 190 may be deemed to require a response from TAEC, TAEC denies these allegations.

191.   To the extent that Paragraph 191 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 191 may be deemed to require a response from TAEC, TAEC denies these allegations.

192.   To the extent that Paragraph 192 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 192 may be deemed to require a response from TAEC, TAEC denies these allegations.

**G.   The Role of Trade Associations During the Relevant Period**

193.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

194.    Paragraph 194 relates to other Defendants and/or third parties. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 and, therefore, denies the allegations.

195.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 and, therefore, denies the allegations.

196.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 and, therefore, denies the allegations.

197.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197 and, therefore, denies the allegations.

**H.    Effects of Defendants' Antitrust Violations**

**1.    Examples of Reductions in Manufacturing Capacity by Defendants**

198.    To the extent that the allegations contained in Paragraph 198 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 198 are directed to TAEC, TAEC denies these allegations.

199.    Paragraph 199 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 and, therefore, denies the allegations.

200.    Paragraph 200 relates to other Defendants and/or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 and, therefore, denies the allegations.

201.    Paragraph 201 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 and, therefore, denies the allegations.

202.    Paragraph 202 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

203.   Paragraph 203 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 and, therefore, denies the allegations.

### 2.   Examples of Collusive Pricing for CRTs

204.   To the extent that Paragraph 204 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 204 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 204 are directed to TAEC, TAEC denies these allegations.

205.   To the extent that Paragraph 205 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 205 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 205 are directed to TAEC, TAEC denies these allegations.

206.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206 and, therefore, denies the allegations.

207.   To the extent that Paragraph 207 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 207 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 207 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

208.    To the extent that Paragraph 208 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 208 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 208 are directed to TAEC, TAEC denies these allegations.

209.    To the extent that the allegations contained in Paragraph 209 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 209 are directed to TAEC, TAEC denies these allegations.

210.    To the extent that Paragraph 210 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 210 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 210 are directed to TAEC, TAEC denies these allegations.

211.    Paragraph 211 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 and, therefore, denies the allegations.

212.    To the extent that the allegations contained in Paragraph 212 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 212 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 3.    Summary Of Effects Of The Conspiracy Involving CRTs

213.    Paragraph 213 consists of argument, Plaintiff's characterization of its claims, and/or legal conclusions, to which no response is required.    To the extent that the allegations contained in Paragraph 213 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.    To the extent that the allegations contained Paragraph 213 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## VII.  PLAINTIFF'S INJURIES

214.    To the extent that Paragraph 214 contains argument, Plaintiff's characterization of its claims and/or legal conclusions, no response is required.    To the extent that the allegations contained in Paragraph 214 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.    To the extent that the allegations contained in Paragraph 214 are directed to TAEC, TAEC denies these allegations.

215.    To the extent that the allegations contained in Paragraph 215 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.    To the extent that the allegations contained in Paragraph 215 are directed to TAEC, TAEC denies these allegations.

216.    To the extent that the allegations contained in Paragraph 216 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.    To the extent that the allegations contained in Paragraph 216 are directed to TAEC, TAEC denies these allegations.

217. To the extent that Paragraph 217 contains argument and/or legal conclusions, no response is required. To the extent that the allegations contained in Paragraph 217 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations. To the extent that the allegations contained in Paragraph 217 are directed to TAEC, TAEC denies these allegations.

218. To the extent that Paragraph 218 contains argument and/or legal conclusions, no response is required. To the extent that the allegations contained in Paragraph 218 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations. To the extent that the allegations contained in Paragraph 218 are directed to TAEC, TAEC denies these allegations.

219. To the extent that Paragraph 219 contains argument and/or legal conclusions, no response is required. To the extent that the allegations contained in Paragraph 219 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations. To the extent that the allegations contained in Paragraph 219 are directed to TAEC, TAEC denies these allegations.

220. Paragraph 220 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 220 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 220 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

## VIII. FRAUDULENT CONCEALMENT

221.     Paragraph 221 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 221 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 221 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

222.     Paragraph 222 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 222 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 222 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

223.     Paragraph 223 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 223 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 223 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

224.     Paragraph 224 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 224 relate to other Defendants and/or third parties,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

2  allegations and, therefore, denies these allegations.  To the extent that the allegations

3  contained in Paragraph 224 may be deemed to require a response from TAEC, TAEC lacks

4  knowledge or information sufficient to form a belief as to the truth of the allegations and,

5  therefore, denies these allegations.

6      225.    Paragraph 225 consists of argument, Plaintiff's characterization of its claims

7  and/or legal conclusions, to which no response is required.  To the extent that the

8  allegations contained in Paragraph 225 relate to other Defendants and/or third parties,

9  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

10  allegations and, therefore, denies these allegations.  To the extent that the allegations

11  contained in Paragraph 225 may be deemed to require a response from TAEC, TAEC lacks

12  knowledge or information sufficient to form a belief as to the truth of the allegations and,

13  therefore, denies these allegations.

14      226.    Paragraph 226 consists of argument, Plaintiff's characterization of its claims

15  and/or legal conclusions, to which no response is required.  To the extent that the

16  allegations contained in Paragraph 226 relate to other Defendants and/or third parties,

17  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

18  allegations and, therefore, denies these allegations.  To the extent that the allegations

19  contained in Paragraph 226 may be deemed to require a response from TAEC, TAEC lacks

20  knowledge or information sufficient to form a belief as to the truth of the allegations and,

21  therefore, denies these allegations.

22      227.    Paragraph 227 consists of argument, Plaintiff's characterization of its claims

23  and/or legal conclusions, to which no response is required.  To the extent that the

24  allegations contained in Paragraph 227 relate to other Defendants and/or third parties,

25  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

26  allegations and, therefore, denies these allegations.  To the extent that the allegations

27  contained in Paragraph 227 may be deemed to require a response from TAEC, TAEC lacks

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

228.   Paragraph 228 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 228 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 228 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

229.   Paragraph 229 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 229 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 229 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

230.   Paragraph 230 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 230 and, therefore, denies the allegations.

231.   Paragraph 231 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 231 and, therefore, denies the allegations.

232.   Paragraph 232 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 232 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 232 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

233. Paragraph 233 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 233 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 233 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

234. To the extent that the allegations contained in the first sentence of Paragraph 234 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in the first sentence of Paragraph 234 may be deemed to require a response from TAEC, TAEC denies these allegations. The allegations contained in the second sentence of Paragraph 234 consists of argument, Plaintiff's characterization of its claims, and/or legal conclusions, to which no response is required. To the extent that the allegations contained in the second sentence of Paragraph 234 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations. To the extent that the allegations contained in the second sentence of Paragraph 234 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IX.   *AMERICAN PIPE*, GOVERNMENT ACTION, AND CROSS-JURISDICTIONAL TOLLING

235.    The allegations contained in Paragraph 235 consists of argument, Plaintiff's characterization of its claims, and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 235 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 235 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

236.    The allegations contained in Paragraph 236 consists of argument, Plaintiff's characterization of its claims, and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 236 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 236 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## X.   CLAIM FOR VIOLATIONS

### First Claim for Relief

### (Violation of Section 1 of the Sherman Act)

237.    TAEC hereby incorporates by reference its responses to Paragraphs 1-236 of the FAC, as set forth above.

238.    Paragraph 238 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 238 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  contained in Paragraph 238 may be deemed to require a response from TAEC, TAEC lacks
2  knowledge or information sufficient to form a belief as to the truth of the allegations and,
3  therefore, denies these allegations.

4      239.    Paragraph 239 consists of argument, Plaintiff's characterization of its claims
5  and/or legal conclusions, to which no response is required.  To the extent that the
6  allegations contained in Paragraph 239 relate to other Defendants and/or third parties,
7  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these
8  allegations and, therefore, denies these allegations.  To the extent that the allegations
9  contained in Paragraph 239 may be deemed to require a response from TAEC, TAEC lacks
10 knowledge or information sufficient to form a belief as to the truth of the allegations and,
11 therefore, denies these allegations.

12     240.    Paragraph 240 consists of argument, Plaintiff's characterization of its claims
13 and/or legal conclusions, to which no response is required.  To the extent that the
14 allegations contained in Paragraph 240 relate to other Defendants and/or third parties,
15 TAEC lacks knowledge or information sufficient to form a belief as to the truth of these
16 allegations and, therefore, denies these allegations.  To the extent that the allegations
17 contained in Paragraph 240 may be deemed to require a response from TAEC, TAEC lacks
18 knowledge or information sufficient to form a belief as to the truth of the allegations and,
19 therefore, denies these allegations.

20     241.    Paragraph 241 consists of argument, Plaintiff's characterization of its claims
21 and/or legal conclusions, to which no response is required.  To the extent that the
22 allegations contained in Paragraph 241 relate to other Defendants and/or third parties,
23 TAEC lacks knowledge or information sufficient to form a belief as to the truth of these
24 allegations and, therefore, denies these allegations.  To the extent that the allegations
25 contained in Paragraph 241 may be deemed to require a response from TAEC, TAEC lacks
26 knowledge or information sufficient to form a belief as to the truth of the allegations and,
27 therefore, denies these allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

242.    Paragraph 242 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 242 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 242 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

243.    Paragraph 243 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 243 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 243 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

## Second Claim for Relief

### (Violation of the Florida Deceptive and Unfair Trade Practices Act)

244.    TAEC hereby incorporates by reference its responses to Paragraphs 1-243 of the FAC, as set forth above.

245.    Paragraph 245 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 245 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 245 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

246.    Paragraph 246 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 246 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 246 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

247.    Paragraph 247 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 247 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 247 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

248.    Paragraph 248 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 248 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 248 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

249.    Paragraph 249 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 249 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   allegations and, therefore, denies these allegations.   To the extent that the allegations

2   contained in Paragraph 249 may be deemed to require a response from TAEC, TAEC lacks

3   knowledge or information sufficient to form a belief as to the truth of the allegations and,

4   therefore, denies these allegations.

5   250.   Paragraph 250 consists of argument, Plaintiff's characterization of its claims

6   and/or legal conclusions, to which no response is required.   To the extent that the

7   allegations contained in Paragraph 250 relate to other Defendants and/or third parties,

8   TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

9   allegations and, therefore, denies these allegations.   To the extent that the allegations

10  contained in Paragraph 250 may be deemed to require a response from TAEC, TAEC lacks

11  knowledge or information sufficient to form a belief as to the truth of the allegations and,

12  therefore, denies these allegations.

13  251.   Paragraph 251 consists of argument, Plaintiff's characterization of its claims

14  and/or legal conclusions, to which no response is required.   To the extent that the

15  allegations contained in Paragraph 251 relate to other Defendants and/or third parties,

16  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

17  allegations and, therefore, denies these allegations.   To the extent that the allegations

18  contained in Paragraph 251 may be deemed to require a response from TAEC, TAEC lacks

19  knowledge or information sufficient to form a belief as to the truth of the allegations and,

20  therefore, denies these allegations.

21  **<u>Third Claim for Relief</u>**

22  **(Violation of the California Cartwright Act)**

23  252.   TAEC hereby incorporates by reference its responses to Paragraphs 1-251 of

24  the FAC, as set forth above.

25  253.   Paragraph 253 consists of argument, Plaintiff's characterization of its claims

26  and/or legal conclusions, to which no response is required.   To the extent that the

27  allegations contained in Paragraph 253 relate to other Defendants and/or third parties,

28  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  allegations and, therefore, denies these allegations.  To the extent that the allegations

2  contained in Paragraph 253 may be deemed to require a response from TAEC, TAEC lacks

3  knowledge or information sufficient to form a belief as to the truth of the allegations and,

4  therefore, denies these allegations.

5       254.    Paragraph 254 consists of argument, Plaintiff's characterization of its claims

6  and/or legal conclusions, to which no response is required.  To the extent that the

7  allegations contained in Paragraph 254 relate to other Defendants and/or third parties,

8  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

9  allegations and, therefore, denies these allegations.  To the extent that the allegations

10  contained in Paragraph 254 are directed to TAEC, TAEC denies these allegations, except

11  that TAEC avers that it maintained offices in California during the Relevant Period.

12       255.    Paragraph 255 consists of argument, Plaintiff's characterization of its claims

13  and/or legal conclusions, to which no response is required.  To the extent that the

14  allegations contained in Paragraph 255 relate to other Defendants and/or third parties,

15  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

16  allegations and, therefore, denies these allegations.  To the extent that the allegations

17  contained in Paragraph 255 may be deemed to require a response from TAEC, TAEC lacks

18  knowledge or information sufficient to form a belief as to the truth of the allegations and,

19  therefore, denies these allegations.

20       256.    Paragraph 256 consists of argument, Plaintiff's characterization of its claims

21  and/or legal conclusions, to which no response is required.  To the extent that the

22  allegations contained in Paragraph 256 relate to other Defendants and/or third parties,

23  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

24  allegations and, therefore, denies these allegations.  To the extent that the allegations

25  contained in Paragraph 256 may be deemed to require a response from TAEC, TAEC lacks

26  knowledge or information sufficient to form a belief as to the truth of the allegations and,

27  therefore, denies these allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

257.    Paragraph 257 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 257 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 257 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

258.    Paragraph 258 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 258 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 258 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

259.    Paragraph 259 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 259 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 259 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

260.    Paragraph 260 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 260 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  allegations and, therefore, denies these allegations.   To the extent that the allegations

2  contained in Paragraph 260 may be deemed to require a response from TAEC, TAEC lacks

3  knowledge or information sufficient to form a belief as to the truth of the allegations and,

4  therefore, denies these allegations.

5  **Fourth Claim for Relief**

6  **(Violation of California Unfair Competition Law)**

7  261.   TAEC hereby incorporates by reference its responses to Paragraphs 1-260 of

8  the FAC, as set forth above.

9  262.   Paragraph 262 consists of argument, Plaintiff's characterization of its claims

10  and/or legal conclusions, to which no response is required.   To the extent that the

11  allegations contained in Paragraph 262 relate to other Defendants and/or third parties,

12  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

13  allegations and, therefore, denies these allegations.   To the extent that the allegations

14  contained in Paragraph 262 may be deemed to require a response from TAEC, TAEC lacks

15  knowledge or information sufficient to form a belief as to the truth of the allegations and,

16  therefore, denies these allegations.

17  263.   Paragraph 263 consists of argument, Plaintiff's characterization of its claims

18  and/or legal conclusions, to which no response is required.   To the extent that the

19  allegations contained in Paragraph 263 relate to other Defendants and/or third parties,

20  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

21  allegations and, therefore, denies these allegations.   To the extent that the allegations

22  contained in Paragraph 263 may be deemed to require a response from TAEC, TAEC lacks

23  knowledge or information sufficient to form a belief as to the truth of the allegations and,

24  therefore, denies these allegations.

25  264.   Paragraph 264 consists of argument, Plaintiff's characterization of its claims

26  and/or legal conclusions, to which no response is required.   To the extent that the

27  allegations contained in Paragraph 264 relate to other Defendants and/or third parties,

28  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   allegations and, therefore, denies these allegations. To the extent that the allegations

2   contained in Paragraph 264 may be deemed to require a response from TAEC, TAEC lacks

3   knowledge or information sufficient to form a belief as to the truth of the allegations and,

4   therefore, denies these allegations.

5   265. Paragraph 265 consists of argument, Plaintiff's characterization of its claims

6   and/or legal conclusions, to which no response is required. To the extent that the

7   allegations contained in Paragraph 265 relate to other Defendants and/or third parties,

8   TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

9   allegations and, therefore, denies these allegations. To the extent that the allegations

10  contained in Paragraph 265 may be deemed to require a response from TAEC, TAEC lacks

11  knowledge or information sufficient to form a belief as to the truth of the allegations and,

12  therefore, denies these allegations.

13  266. Paragraph 266 consists of argument, Plaintiff's characterization of its claims

14  and/or legal conclusions, to which no response is required. To the extent that the

15  allegations contained in Paragraph 266 relate to other Defendants and/or third parties,

16  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

17  allegations and, therefore, denies these allegations. To the extent that the allegations

18  contained in Paragraph 266 may be deemed to require a response from TAEC, TAEC lacks

19  knowledge or information sufficient to form a belief as to the truth of the allegations and,

20  therefore, denies these allegations.

21  267. Paragraph 267 consists of argument, Plaintiff's characterization of its claims

22  and/or legal conclusions, to which no response is required. To the extent that the

23  allegations contained in Paragraph 267 relate to other Defendants and/or third parties,

24  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

25  allegations and, therefore, denies these allegations. To the extent that the allegations

26  contained in Paragraph 267 may be deemed to require a response from TAEC, TAEC lacks

27  knowledge or information sufficient to form a belief as to the truth of the allegations and,

28  therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

268.    Paragraph 268 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 268 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 268 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

## XI.  PRAYER FOR RELIEF

In answer to the Prayer for Relief, TAEC denies each and every allegation in the Prayer and further specifically denies that Plaintiff is entitled to any of the relief requested or any remedy whatsoever against TAEC.

All allegations of the FAC not heretofore admitted or denied are here and now denied as though specifically denied herein.

## DEFENSES/AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, TAEC asserts the following separate and additional defenses:

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## SECOND DEFENSE

The FAC fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or part because the FAC fails to plead conspiracy with particularity required under applicable law.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## FOURTH DEFENSE

Plaintiff has failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE

Plaintiff's state law claims are barred or limited in whole or in part by the doctrine of forum non conveniens and improper venue.  Plaintiff's claims, to the extent they rely on the laws of foreign states, would be better adjudicated in those foreign courts.

## SIXTH DEFENSE

Plaintiff's claims against TAEC are barred to the extent that they have agreed to arbitration or chosen a different forum for the resolution of its claims.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring or maintain the claims set forth in the FAC.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was not validly assigned those claims.

## NINTH DEFENSE

TAEC asserts as defenses to Plaintiff's claims any additional defense that it might have against Plaintiff's purported assignors, as to whom additional defenses cannot presently be ascertained.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that it did not purchase CRT products directly from Defendants, because it is an indirect purchaser and barred from maintaining an action under 15 U.S.C. § 1 for alleged injuries in that capacity.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no antitrust injury.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**TWELFTH DEFENSE**

2      Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations,

3  including but not limited to:  15 U.S.C. § 15b; Cal. Bus. & Prof. Code § 17208; Cal. Bus.

4  & Prof. Code § 16750.1; Cal. Civ. Proc. Code §§ 337-340; and Fla. Stat. §§ 95.11(3).

5

**THIRTEENTH DEFENSE**

6      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

7

**FOURTEENTH DEFENSE**

8      Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

9

**FIFTEENTH DEFENSE**

10     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

11

**SIXTEENTH DEFENSE**

12     Plaintiff's claims are barred, in whole or in part, because no Plaintiff has been injured

13  in its business or property by reason of any action of TAEC.

14

**SEVENTEENTH DEFENSE**

15     Plaintiff's claims are barred, in whole or in part, because any alleged injuries and

16  damages were not legally or proximately caused by any acts or omissions of TAEC and/or

17  were caused, if at all, solely and proximately by the conduct of third parties including,

18  without limitation, the prior, intervening or superseding conduct of such third parties.

19

**EIGHTEENTH DEFENSE**

20     To the extent that any actionable conduct occurred, Plaintiff's claims against TAEC

21  are barred because all such conduct would have been committed by individuals acting ultra

22  vires.

23

**NINETEENTH DEFENSE**

24     Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no

25  damages as a result of any actions taken by TAEC and/or the other Defendants.

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TWENTIETH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**TWENTY-FIRST DEFENSE**

Plaintiff is barred from recovery of any damages because of, and to the extent of, its failure to mitigate damages.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any actions or practices of TAEC that are the subject of the FAC were undertaken unilaterally for legitimate business reasons and in pursuit of TAEC's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between TAEC and any other person or entity.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the FAC were adopted in furtherance of legitimate business interests of TAEC and of its customers and did not unreasonably restrain competition.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the FAC were cost justified or otherwise economically justified and resulted from a good-faith effort to meet competition or market conditions.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the alleged conduct complained of was caused by, due to, based upon, or in response to directives, laws, regulations, policies and/or acts of governments, governmental agencies and entities and/or regulatory agencies, and as such is non-actionable or privileged.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

## TWENTY-SIXTH DEFENSE

2  To the extent there is a finding of an illegal overcharge, Plaintiff's claims are barred,

3  in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by

4  others, and was not passed through to the indirect purchasers.

5  ## TWENTY-SEVENTH DEFENSE

6  Plaintiff's claims are barred, in whole or in part, because, as indirect purchaser, it fails

7  to meet its burden of proving that it was damaged in fact by the conduct of which

8  complaint is here made, including the burden of proving that any so-called overcharge of

9  which complaint is made and which was not absorbed by predecessors to Plaintiff in the

10  chain of distribution was not passed on to a third party.

11  ## TWENTY-EIGHTH DEFENSE

12  Plaintiff's claims are barred, in whole or in part, to the extent it seek improper

13  multiple damage awards and damage awards duplicative of those sought in other actions, in

14  violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the

15  United States Constitution.

16  ## TWENTY-NINTH DEFENSE

17  Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean

18  hands.

19  ## THIRTIETH DEFENSE

20  Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and

21  satisfaction.

22  ## THIRTY-FIRST DEFENSE

23  Plaintiff's claims for injunctive relief should be dismissed because Plaintiff has

24  available and adequate remedy at law.

25  ## THIRTY-SECOND DEFENSE

26  Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in

27  part, for failure to join indispensable parties.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### THIRTY-THIRD DEFENSE

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, TAEC contends that it is entitled to set off any amounts paid to Plaintiff by any Defendants other than TAEC who have settled, or do settle, Plaintiff's claims against them in this action.

### THIRTY-FOURTH DEFENSE

Plaintiff's claims for injunctive relief are barred, in whole or in part, insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

### THIRTY-FIFTH DEFENSE

Plaintiff lacks standing to prosecute its state antitrust claims, in whole or in part, under, without limitation, the following statutes: Cal. Bus. & Prof. Code §§ 16700, *et seq.;* Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and Fla. Stat. §§501.201, *et seq.*

### THIRTY-SIXTH DEFENSE

Plaintiff lacks standing to prosecute its state consumer protection claims, in whole or in part, under, without limitation, the following statutes: Cal. Bus. & Prof. Code §§ 17200, *et seq.* and Fla. Stat. §§501.201, *et seq.*

### THIRTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the claims are based on California law and any of the alleged events took place outside the state of California without impact on California residents.

### THIRTY-EIGHTH DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 based upon asserted interests or injuries of Plaintiff would violate the Excessive Fines Clause of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and Article I, Section 17 of the California Constitution.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**THIRTY-NINTH DEFENSE**

Plaintiff's claims for monetary relief under Cal. Bus. & Prof. Code § 17203 are barred, in whole or in part, because TAEC did not acquire any money or property from Plaintiff.

**FORTIETH DEFENSE**

Any finding of liability under Cal. Bus. & Prof. Code §§ 17200, 17203 or 17204 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, permitting retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

**FORTY-FIRST DEFENSE**

Any award of restitution to Plaintiff under Cal. Bus. & Prof. Code § 17203 would constitute a taking of property without just compensation in violation of the Taking Clause of the Fifth Amendment to the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution) and Article I, Section 19 of the California Constitution.

**FORTY-SECOND DEFENSE**

Any award of restitution under Cal. Bus. & Prof. Code § 17203 to persons who refuse to execute an acknowledgement that the payment is in full settlement of claims against Defendants would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**FORTY-THIRD DEFENSE**

Plaintiff's claims under Cal. Bus. & Prof. Code §§ 16700 *et seq.*, are barred, in whole or in part, because the application of §§ 16700, *et seq.*, to wholly interstate or foreign commerce violates the Commerce Clause of the United States Constitution.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**FORTY-FOURTH DEFENSE**

Any award of treble damages, punitive damages or restitution pursuant to Cal. Bus. & Prof. Code §§ 16720, 16727, 16750, or 16761 would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the California Constitution.

**FORTY-FIFTH DEFENSE**

Plaintiff's claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of TAEC occurring outside of California.

**FORTY-SIXTH DEFENSE**

Plaintiff's claims for unjust enrichment brought under California law are barred, in whole or in part, because TAEC did not receive a benefit from Plaintiff, TAEC did not retain any benefit, and/or the receipt of any benefit was not unjust.

**FORTY-SEVENTH DEFENSE**

Plaintiff's claims under Fla. Stat. §§501.201, *et seq.* are barred, in whole or in part, because any alleged act or practice by TAEC is required or specifically permitted by federal or state law.  Fla. Stat. §§501.212(1).

**FORTY-EIGHTH DEFENSE**

Plaintiff's claims under Florida law and other applicable laws are barred by the voluntary payment doctrine, under which one cannot recover payments with full knowledge of the facts.

**FORTY-NINTH DEFENSE**

Plaintiff's claims under Fla. Stat. §§501.201, *et seq.* are barred, in whole or in part, because Plaintiff cannot establish actual damages.

**FIFTIETH DEFENSE**

TAEC adopts by reference any applicable defense pleaded by any other Defendant not otherwise expressly set forth herein.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIFTY-FIRST DEFENSE**

TAEC reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

**TAEC'S PRAYER FOR RELIEF**

WHEREFORE, TAEC prays for judgment as follows:

1.  That Plaintiff takes nothing by reason of the FAC, and that the action be dismissed with prejudice;

2.  That the Court enter judgment in favor of TAEC and against Plaintiff with respect to all causes of action in the FAC;

3.  That the Court award TAEC its attorneys' fees and other costs reasonably incurred in the defense of this action; and

4.  That the Court order such other further relief for TAEC as the Court may deem just and proper.

Dated:  November 4, 2013                Respectfully submitted,

**WHITE & CASE** LLP

By:   _/s/ Lucius B. Lau_
        Christopher M. Curran (*pro hac vice*)
        ccurran@whitecase.com
        Lucius B. Lau (*pro hac vice*)
        alau@whitecase.com
        Dana E. Foster (*pro hac vice*)
        dfoster@whitecase.com
        701 Thirteenth Street, N.W.
        Washington, DC  20005
        tel.: (202) 626-3600
        fax: (202) 639-9355

        *Counsel to Defendant*
        *Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

## CERTIFICATE OF SERVICE

2
3
4

    On November 4, 2013, I caused a copy of the "TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO OFFICE DEPOT, INC.'S FIRST AMENDED COMPLAINT" to be served via ECF on the other parties in this action.

5
6
7

    By:  _/s/ Lucius B. Lau_
         Lucius B. Lau (*pro hac vice*)

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO
OFFICE DEPOT, INC.'S FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917