Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| This Document Relates to: *P.C. Richard & Son Long Island Corporation; MARTA Cooperative of America, Inc.; and ABC Appliance, Inc.* Civil Action No. 12-cv-02648 | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO P.C. RICHARD & SON LONG ISLAND CORPORATION'S; MARTA COOPERATIVE OF AMERICA, INC.'S; AND ABC APPLICANCE, INC.'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNTIVE RELIEF** The Honorable Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

For its Answer to P.C. Richard & Son Long Island Corporation's, MARTA Cooperative of America, Inc.'s, and ABC Appliance, Inc.'s First Amended Complaint For Damages and Injunctive Relief ("FAC"), Defendant Toshiba America Electronic Components, Inc. ("TAEC") states as follows.

## I.   INTRODUCTION[1]

1.     The allegations contained in Paragraph 1 consist of Plaintiffs' characterization of their claims and an explanation of defined terms used in their FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 1.   To the extent that the allegations contained in Paragraph 1 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

2.     The allegations contained in Paragraph 2 consist of Plaintiffs' characterization of their claims and an explanation of defined terms used in their FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 2.   To the extent that the allegations contained in Paragraph 2 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

3.     To the extent that the allegations contained in the first sentence of Paragraph 3 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the first sentence of Paragraph 3 are directed to TAEC, TAEC denies these allegations.  TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 3 and, therefore, denies the allegations.

4.     To the extent that the allegations contained in Paragraph 4 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the FAC.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO P.C. RICHARD & SON LONG ISLAND CORPORATION'S; MARTA COOPERATIVE OF AMERICA, INC.'S; AND ABC APPLIANCE, INC.'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 07-5944 SC
MDL No. 1917

truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 4 are directed to TAEC, TAEC denies these allegations.

5. To the extent that the allegations contained in Paragraph 5 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 5 are directed to TAEC, TAEC denies these allegations.

6. To the extent that the allegations contained in Paragraph 6 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 6 are directed to TAEC, TAEC denies these allegations.

7. The allegations contained in Paragraph 7 consist of Plaintiffs' characterization of their claims, to which no response is required. To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 7.

8. To the extent that Paragraph 8 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 8 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 8 may be deemed to require a response from TAEC, TAEC denies these allegations.

9. Paragraph 9 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 9 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 9 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## II.    JURISDICTION AND VENUE

10.    The allegations contained in Paragraph 10 consist of Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 10.

11.    The allegations contained in Paragraph 11 consist of Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 11.

12.    The allegations contained in Paragraph 12 consist of Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 12.

13.    The allegations contained in Paragraph 13 are legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 13.

14.    The first and third sentences of Paragraph 14 are legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 14.  To the extent that the allegations contained in Paragraph 14 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 14 are directed to TAEC, TAEC denies these allegations.

15.    The allegations in Paragraph 15 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 15. To the extent that the allegations contained in Paragraph 15 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 15 are directed to TAEC, TAEC denies these allegations.

## III.  THE PARTIES

### A.   Plaintiff

#### 1.   P.C. Richard

16.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies the allegations.

17.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies the allegations.

18.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies the allegations.

#### 2.   MARTA

19.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies the allegations.

20.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the allegations.

21.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies the allegations.

#### 3.   ABC Warehouse

22.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies the allegations.

23.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies the allegations.

24.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies the allegations.

### B.   Defendants

#### 1.   Hitachi Entities

25.    Paragraph 25 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

26. Paragraph 26 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies the allegations.

27. Paragraph 27 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies the allegations.

28. Paragraph 28 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies the allegations.

29. Paragraph 29 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies the allegations.

30. Paragraph 30 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies the allegations.

31. Paragraph 31 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required. To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 31.

**2. IRICO Entities**

32. Paragraph 32 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies the allegations.

33. Paragraph 33 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, denies the allegations.

34. Paragraph 34 relates to another Defendant. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

35.     Paragraph 35 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 35.

### 3.   LG Electronics Entities

36.     Paragraph 36 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, denies the allegations.

37.     Paragraph 37 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies the allegations.

38.     Paragraph 38 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 38.

### 4.   LP Displays

39.     Paragraph 39 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies the allegations.

### 5.   Panasonic Entities

40.     Paragraph 40 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies the allegations.

41.     Paragraph 41 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies the allegations.

42.     Paragraph 42 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 42.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

43.     Paragraph 43 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies the allegations.

44.     Paragraph 44 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, denies the allegations.

### 6.     Phillips Entities

45.     Paragraph 45 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies the allegations.

46.     Paragraph 46 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies the allegations.

47.     Paragraph 47 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, denies the allegations.

48.     Paragraph 48 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, denies the allegations.

49.     Paragraph 49 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 49.

### 7.     Samsung Entities

50.     Paragraph 50 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

51.     Paragraph 51 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, denies the allegations.

52.     Paragraph 52 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies the allegations.

53.     Paragraph 53 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies the allegations.

54.     Paragraph 54 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, denies the allegations.

55.     Paragraph 55 relates to another Defendant.     Accordingly TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies the allegations.

56.     Paragraph 56 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies the allegations.

57. Paragraph 57 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 57.

**8.     Samtel**

58.     Paragraph 58 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 9.    Thai CRT

59.    Paragraph 59 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and, therefore, denies the allegations.

### 10.    Toshiba Entities

60.    Paragraph 60 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and, therefore, denies the allegations, except TAEC admits the allegations contained in the first sentence of Paragraph 60.

61.    Paragraph 61 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and, therefore, denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 61.

62.    Paragraph 62 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and, therefore, denies the allegations.

63.    TAEC denies the allegations in Paragraph 63, except that it admits that its business address is 9740 Irvine Boulevard, Irvine, CA 92618-1697, and that it is a wholly-owned subsidiary of TAI.  TAEC avers that it sold cathode ray tubes and certain electronic devices containing cathode ray tubes during the Relevant Period.

64.    Paragraph 64 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, therefore, denies the allegations.

65.    Paragraph 65 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 65.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

### 11.   Chunghwa Entities

66.     Paragraph 66 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, therefore, denies the allegations.

67.     Paragraph 67 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, therefore, denies the allegations.

68.     Paragraph 68 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 68.

## IV.   AGENTS AND CO-CONSPIRATORS

69.     To the extent that the allegations contained in Paragraph 69 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 69 are directed to TAEC, TAEC denies these allegations.

70.     To the extent that the allegations contained in Paragraph 70 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 70 are directed to TAEC, TAEC denies these allegations.

71.     Paragraph 71 relates to other companies.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and, therefore, denies the allegations.

72.     Paragraph 72 relates to other companies.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

73.     Paragraph 73 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 73.

74.     Paragraph 74 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

75.     Paragraph 75 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

76.     Paragraph 76 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

77.     To the extent that the allegations contained in Paragraph 77 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 77 are directed to TAEC, TAEC denies these allegations.

**V.     TRADE AND COMMERCE**

78.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and, therefore, denies the allegations.

79.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and, therefore, denies the allegations.

80.     Paragraph 80 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 80.

**VI.  FACTUAL ALLEGATIONS**

  **A.     CRT Technology**

81.     TAEC admits the allegations contained in Paragraph 81.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2

82.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and, therefore, denies the allegations.

3
4

83.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, therefore, denies the allegations.

5
6

84.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and, therefore, denies the allegations.

7
8
9
10

85.     To the extent Paragraph 85 describes CRT technology generally, and claims that CDTs and CPTs are separate products, TAEC admits the allegations in Paragraph 85, but avers that the allegations do not describe comprehensively or accurately all variants of CRT technology.  TAEC denies the remaining allegations in Paragraph 85.

11
12

86.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, therefore, denies the allegations.

13
14

87.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, therefore, denies the allegations.

15
16
17
18
19

88.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, therefore, denies the allegations. The second sentence of Paragraph 88 consists of argument and Plaintiffs' characterization of their claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in the second sentence of Paragraph 88.

20
21
22
23
24

89.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, denies the allegations. The second sentence of Paragraph 89 consists of argument and Plaintiffs' characterization of their claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in the second sentence of Paragraph 89.

25
26
27

90.     Paragraph 90 consists of argument and Plaintiffs' characterization of their claims, to which no response is required.  To the extent a response is deemed required, TAEC denies the allegations contained in Paragraph 90.

28

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO P.C. RICHARD & SON LONG ISLAND CORPORATION'S; MARTA COOPERATIVE OF AMERICA, INC.'S; AND ABC APPLIANCE, INC.'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### B.   Structure of the CRT Industry

91.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and, therefore, denies the allegations.

#### 1.   Market Concentration

92.     To the extent that the allegations contained in Paragraph 92 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 92 are directed to TAEC, TAEC denies these allegations.

#### 2.   Information Sharing

93.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, therefore, denies the allegations.

94.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations.

#### 3.   Consolidation

95.     To the extent that the allegations contained in Paragraph 95 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 95 are directed to TAEC, TAEC denies these allegations.

#### 4.   Multiple Interrelated Business Relationships

96.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and, therefore, denies the allegations.

97.     To the extent that the allegations contained in Paragraph 97 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 97 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 5.    High Costs of Entry Into the Industry

98.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, denies the allegations.

99.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and, therefore, denies the allegations.

### 6.    The Maturity of the CRT Product Market

100.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, denies the allegations.

101.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

102.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations.

103.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and, therefore, denies the allegations.

104.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and, therefore, denies the allegations.

105.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and, therefore, denies the allegations.

### 7.    Homogeneity of CRT Products

106.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and, therefore, denies the allegations.

107.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and, therefore, denies the allegations.

### C.    Pre-Conspiracy Market

108.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

109.    Paragraph 109 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and, therefore, denies the allegations.

**D.    Defendants' and Co-Conspirators' Illegal Agreements**

110.    To the extent that the allegations contained in Paragraph 110 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 110 are directed to TAEC, TAEC denies these allegations.

111.    To the extent that the allegations contained in Paragraph 111 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 111 are directed to TAEC, TAEC denies these allegations.

112.    Paragraph 112 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 and, therefore, denies the allegations.

113.    To the extent that the allegations contained in Paragraph 113 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 113 are directed to TAEC, TAEC denies these allegations.

114.    To the extent that the allegations contained in Paragraph 114 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 114 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1.    **"Glass Meetings"**

115.    To the extent that the allegations contained in Paragraph 115 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 115 are directed to TAEC, TAEC denies these allegations.

116.    To the extent that the allegations contained in Paragraph 116 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 116 are directed to TAEC, TAEC denies these allegations.

117.    To the extent that the allegations contained in Paragraph 117 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 117 are directed to TAEC, TAEC denies these allegations.

118.    To the extent that the allegations contained in Paragraph 118 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 118 are directed to TAEC, TAEC denies these allegations.

119.    To the extent that the allegations contained in Paragraph 119 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 119 are directed to TAEC, TAEC denies these allegations.

120.    To the extent that the allegations contained in Paragraph 120 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 120 are directed to TAEC, TAEC denies these allegations.

121.    To the extent that the allegations contained in Paragraph 121 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 121 are directed to TAEC, TAEC denies these allegations.

122.    To the extent that the allegations contained in Paragraph 122 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 122 are directed to TAEC, TAEC denies these allegations.

123.    To the extent that the allegations contained in Paragraph 123 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 123 are directed to TAEC, TAEC denies these allegations.

124.    To the extent that the allegations contained in Paragraph 124 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 124 are directed to TAEC, TAEC denies these allegations.

125.    To the extent that the allegations contained in Paragraph 125 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 125 are directed to TAEC, TAEC denies these allegations.

126.    To the extent that the allegations contained in Paragraph 126 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 126 are directed to TAEC, TAEC denies these allegations.

127.    To the extent that the allegations contained in Paragraph 127 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 127 are directed to TAEC, TAEC denies these allegations.

128.    To the extent that the allegations contained in Paragraph 128 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 128 are directed to TAEC, TAEC denies these allegations.

129.    To the extent that the allegations contained in Paragraph 129 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 129 are directed to TAEC, TAEC denies these allegations.

### 2.    Bilateral Discussions

130.    To the extent that the allegations contained in Paragraph 130 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 130 are directed to TAEC, TAEC denies these allegations.

131.    To the extent that the allegations contained in Paragraph 131 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 131 are directed to TAEC, TAEC denies these allegations.

132.    To the extent that the allegations contained in Paragraph 132 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 132 are directed to TAEC, TAEC denies these allegations.

133.    To the extent that the allegations contained in Paragraph 133 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 133 are directed to TAEC, TAEC denies these allegations.

134.    To the extent that the allegations contained in Paragraph 134 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 134 are directed to TAEC, TAEC denies these allegations.

135.    To the extent that the allegations contained in Paragraph 135 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 135 are directed to TAEC, TAEC denies these allegations.

### 3.    Defendants' And Co-Conspirators' Participation In Group And Bilateral Discussions

136.    Paragraph 136 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    137.   Paragraph 137 relates to other Defendants.   Accordingly, TAEC lacks
2  knowledge or information sufficient to form a belief as to the truth of the allegations
3  contained in Paragraph 137 and, therefore, denies the allegations.

4    138.   Paragraph 138 relates to other Defendants.   Accordingly, TAEC lacks
5  knowledge or information sufficient to form a belief as to the truth of the allegations
6  contained in Paragraph 138 and, therefore, denies the allegations.

7    139.   Paragraph 139 relates to other Defendants.   Accordingly, TAEC lacks
8  knowledge or information sufficient to form a belief as to the truth of the allegations
9  contained in Paragraph 139 and, therefore, denies the allegations.

10   140.   Paragraph 140 relates to other Defendants.   Accordingly, TAEC lacks
11  knowledge or information sufficient to form a belief as to the truth of the allegations
12  contained in Paragraph 140 and, therefore, denies the allegations.

13   141.   Paragraph 141 relates to other Defendants.   Accordingly, TAEC lacks
14  knowledge or information sufficient to form a belief as to the truth of the allegations
15  contained in Paragraph 141 and, therefore, denies the allegations.

16   142.   Paragraph 142 relates to other Defendants.   Accordingly, TAEC lacks
17  knowledge or information sufficient to form a belief as to the truth of the allegations
18  contained in Paragraph 142 and, therefore, denies the allegations.

19   143.   Paragraph 143 relates to other Defendants.   Accordingly, TAEC lacks
20  knowledge or information sufficient to form a belief as to the truth of the allegations
21  contained in Paragraph 143 and, therefore, denies the allegations.

22   144.   Paragraph 144 relates to other Defendants.   Accordingly, TAEC lacks
23  knowledge or information sufficient to form a belief as to the truth of the allegations
24  contained in Paragraph 144 and, therefore, denies the allegations.

25   145.   Paragraph 145 relates to other Defendants.   Accordingly, TAEC lacks
26  knowledge or information sufficient to form a belief as to the truth of the allegations
27  contained in Paragraph 145 and, therefore, denies the allegations.

28

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO P.C. RICHARD & SON
LONG ISLAND CORPORATION'S; MARTA COOPERATIVE OF AMERICA, INC.'S; AND ABC
APPLIANCE, INC.'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

146.   Paragraph 146 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 and, therefore, denies the allegations.

147.   Paragraph 147 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 and, therefore, denies the allegations.

148.   Paragraph 148 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 and, therefore, denies the allegations.

149.   Paragraph 149 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 and, therefore, denies the allegations.

150.   Paragraph 150 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 and, therefore, denies the allegations.

151.   Paragraph 151 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 and, therefore, denies the allegations.

152.   To the extent that the allegations contained in Paragraph 152 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 152 are directed to TAEC, TAEC denies these allegations.

153.   To the extent that the allegations contained in Paragraph 153 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 153 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

154.   Paragraph 154 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 and, therefore, denies the allegations.

155.   Paragraph 155 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 and, therefore, denies the allegations.

156.   To the extent that Paragraph 156 consists of Plaintiffs' characterization of their claims and Plaintiffs' explanation of a defined term used in the FAC, no response is required.   To the extent that the allegations contained in Paragraph 156 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 156 may be deemed to require a response from TAEC, TAEC denies these allegations.

**E.     The CRT Market During the Conspiracy**

157.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 and, therefore, denies the allegations.

158.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 and, therefore, denies the allegations.

159.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 and, therefore, denies the allegations.

160.   To the extent that Paragraph 160 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 160 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 160 may be deemed to require a response from TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

161.   To the extent that Paragraph 161 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 161 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 161 are directed to TAEC, TAEC denies these allegations.

162.   To the extent that Paragraph 162 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 162 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 162 are directed to TAEC, TAEC denies these allegations.

163.   To the extent that the allegations contained in Paragraph 163 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 163 are directed to TAEC, TAEC denies these allegations.

164.   To the extent that the allegations contained in Paragraph 164 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 164 are directed to TAEC, TAEC denies these allegations.

165.   To the extent that Paragraph 165 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 165 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 165 may be deemed to require a response from TAEC, TAEC denies these allegations.

166.   To the extent that the allegations contained in Paragraph 166 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 166 are directed to TAEC, TAEC denies these allegations.

167.   To the extent that the allegations contained in Paragraph 167 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 167 are directed to TAEC, TAEC denies these allegations.

### F.   International Government Antitrust Investigations

168.   To the extent that the allegations contained in Paragraph 168 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 168 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 168 are directed to TAEC, TAEC denies these allegations.

169.   To the extent that Paragraph 169 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 169 may be deemed to require a response from TAEC, TAEC denies these allegations.

170.   The allegations contained in Paragraph 170 refer to a public annual report, which is the best evidence of its contents.  To the extent that the allegations contained in

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Paragraph 170 may be deemed to require a response from TAEC, TAEC denies these allegations.

171.   To the extent that Paragraph 171 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 171 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 171 are directed to TAEC, TAEC denies these allegations.

172.   To the extent that Paragraph 172 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 172 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 172 may be deemed to require a response from TAEC, TAEC denies these allegations.

173.   To the extent that Paragraph 173 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 173 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 173 may be deemed to require a response from TAEC, TAEC denies these allegations.

174.   To the extent that Paragraph 174 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 174 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  denies these allegations.  To the extent that the allegations contained in Paragraph 174 may

2  be deemed to require a response from TAEC, TAEC denies these allegations.

3     175.   To the extent that Paragraph 175 consists of purported statements by

4  government authorities or statements in public documents, those statements speak for

5  themselves and no response is required.  To the extent that the allegations contained in

6  Paragraph 175 relate to other Defendants or third parties, TAEC lacks knowledge or

7  information sufficient to form a belief as to the truth of these allegations and, therefore,

8  denies these allegations.  To the extent that the allegations contained in Paragraph 175 may

9  be deemed to require a response from TAEC, TAEC denies these allegations.

10     176.   To the extent that Paragraph 176 consists of purported statements by

11  government authorities or statements in public documents, those statements speak for

12  themselves and no response is required.  To the extent that the allegations contained in

13  Paragraph 176 relate to other Defendants or third parties, TAEC lacks knowledge or

14  information sufficient to form a belief as to the truth of these allegations and, therefore,

15  denies these allegations.  To the extent that the allegations contained in Paragraph 176 may

16  be deemed to require a response from TAEC, TAEC denies these allegations.

17     177.   To the extent that Paragraph 177 consists of purported statements by

18  government authorities or statements in public documents, those statements speak for

19  themselves and no response is required.  To the extent that the allegations contained in

20  Paragraph 177 relate to other Defendants or third parties, TAEC lacks knowledge or

21  information sufficient to form a belief as to the truth of these allegations and, therefore,

22  denies these allegations.  To the extent that the allegations contained in Paragraph 177 may

23  be deemed to require a response from TAEC, TAEC denies these allegations.

24     178.   To the extent that Paragraph 178 consists of purported statements by

25  government authorities or statements in public documents, those statements speak for

26  themselves and no response is required.  To the extent that the allegations contained in

27  Paragraph 178 relate to other Defendants or third parties, TAEC lacks knowledge or

28  information sufficient to form a belief as to the truth of these allegations and, therefore,

denies these allegations. To the extent that the allegations contained in Paragraph 178 may be deemed to require a response from TAEC, TAEC denies these allegations.

179. To the extent that Paragraph 179 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 179 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 179 may be deemed to require a response from TAEC, TAEC denies these allegations.

180. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 and, therefore, denies these allegations.

181. To the extent that the allegations contained in Paragraph 181 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 181 are directed to TAEC, TAEC denies these allegations.

182. To the extent that the allegations contained in Paragraph 182 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 182 are directed to TAEC, TAEC denies these allegations.

183. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 and, therefore, denies these allegations.

184. To the extent that Paragraph 184 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 184 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

extent that the allegations contained in Paragraph 184 may be deemed to require a response from TAEC, TAEC denies these allegations.

185.   To the extent that Paragraph 185 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 185 may be deemed to require a response from TAEC, TAEC denies these allegations.

186.   To the extent that Paragraph 186 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 186 may be deemed to require a response from TAEC, TAEC denies these allegations.

187.   To the extent that Paragraph 187 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 187 may be deemed to require a response from TAEC, TAEC denies these allegations.

**G.    The Role of Trade Associations During the Relevant Period**

188.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 and, therefore, denies these allegations.

189.   Paragraph 189 relates to other Defendants or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 and, therefore, denies these allegations.

190.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 and, therefore, denies these allegations.

191.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

192.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 and, therefore, denies these allegations.

**H.    Effects of Defendants' Antitrust Violations**

**1.    Examples of Reductions in Manufacturing Capacity by Defendants**

193.    To the extent that the allegations contained in Paragraph 193 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 193 are directed to TAEC, TAEC denies these allegations.

194.    Paragraph 194 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 and, therefore, denies these allegations.

195.    Paragraph 195 relates to other Defendants or third parties.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 and, therefore, denies these allegations.

196.    Paragraph 196 relates to other Defendants or third parties.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 and, therefore, denies these allegations.

197.    Paragraph 197 relates to other Defendants or third parties.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197 and, therefore, denies these allegations.

198.    Paragraph 198 relates to other Defendants or third parties.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 and, therefore, denies these allegations.

**2.    Examples of Collusive Pricing for CRT Products**

199.    To the extent that Paragraph 199 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 199 relate to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

2   a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

3   extent that the allegation contained in Paragraph 199 may be deemed to require a response

4   from TAEC, TAEC denies these allegations.

5        200.    To the extent that Paragraph 200 consists of purported statements in news

6   reports or statements in public documents, those statements speak for themselves and no

7   response is required.  To the extent that the allegations contained in Paragraph 200 relate to

8   other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

9   a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

10  extent that the allegation contained in Paragraph 200 may be deemed to require a response

11  from TAEC, TAEC denies these allegations.

12       201.    To the extent that the allegations contained in Paragraph 201 relate to other

13  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

14  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

15  extent that the allegations contained in Paragraph 201 are directed to TAEC, TAEC denies

16  these allegations.

17       202.    To the extent that Paragraph 202 consists of purported statements in news

18  reports or statements in public documents, those statements speak for themselves and no

19  response is required.  To the extent that the allegations contained in Paragraph 202 relate to

20  other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

21  a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

22  extent that the allegations contained in Paragraph 202 may be deemed to require a response

23  from TAEC, TAEC denies these allegations.

24       203.    To the extent that Paragraph 203 consists of purported statements in news

25  reports or statements in public documents, those statements speak for themselves and no

26  response is required.  To the extent that the allegations contained in Paragraph 203 relate to

27  other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

28  a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

extent that the allegations contained in Paragraph 203 may be deemed to require a response from TAEC, TAEC denies these allegations.

204.    To the extent that the allegations contained in Paragraph 204 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 204 are directed to TAEC, TAEC denies these allegations.

205.    To the extent that Paragraph 205 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 205 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 205 may be deemed to require a response from TAEC, TAEC denies these allegations.

206.    Paragraph 206 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206 and, therefore, denies these allegations.

207.    To the extent that the allegations contained in Paragraph 207 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 207 are directed to TAEC, TAEC denies these allegations.

### 3.    Summary of Effects of the Conspiracy Involving CRT Products

208.    Paragraph 208 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 208 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

contained in Paragraph 208 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## VII.  PLAINTIFFS' INJURIES

209.    To the extent that Paragraph 209 contains argument, Plaintiffs' characterization of their claims, or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 209 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 209 are directed to TAEC, TAEC denies these allegations.

210.    To the extent that the allegations contained in Paragraph 210 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 210 are directed to TAEC, TAEC denies these allegations.

211.    To the extent that Paragraph 211 contains argument or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 211 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 211 are directed to TAEC, TAEC denies these allegations.

212.    To the extent that Paragraph 212 contains argument or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 212 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 212 are directed to TAEC, TAEC denies these allegations.

213. To the extent that Paragraph 213 contains argument or legal conclusions, no response is required. To the extent that the allegations contained in Paragraph 213 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 213 are directed to TAEC, TAEC denies these allegations.

214. Paragraph 214 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 214 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 214 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form the belief as to the truth of these allegations and, therefore, denies these allegations.

215. Paragraph 215 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 215 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 215 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form the belief as to the truth of these allegations and, therefore, denies these allegations.

## VIII. FRAUDULENT CONCEALMENT

216. Paragraph 216 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 216 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1  contained in Paragraph 216 may be deemed to require a response from TAEC, TAEC lacks

2  knowledge or information sufficient to form a belief as to the truth of these allegations and,

3  therefore, denies these allegations.

4      217.    Paragraph 217 consists of argument, Plaintiffs' characterization of their

5  claims, or legal conclusions, to which no response is required.  To the extent that the

6  allegations contained in Paragraph 217 relate to other Defendants or third parties, TAEC

7  lacks knowledge or information sufficient to form a belief as to the truth of these

8  allegations and, therefore, denies these allegations.  To the extent that the allegations

9  contained in Paragraph 217 may be deemed to require a response from TAEC, TAEC lacks

10  knowledge or information sufficient to form a belief as to the truth of these allegations and,

11  therefore, denies these allegations.

12      218.    Paragraph 218 consists of argument, Plaintiffs' characterization of their

13  claims, or legal conclusions, to which no response is required.  To the extent that the

14  allegations contained in Paragraph 218 relate to other Defendants or third parties, TAEC

15  lacks knowledge or information sufficient to form a belief as to the truth of these

16  allegations and, therefore, denies these allegations.  To the extent that the allegations

17  contained in Paragraph 218 may be deemed to require a response from TAEC, TAEC lacks

18  knowledge or information sufficient to form a belief as to the truth of these allegations and,

19  therefore, denies these allegations.

20      219.    Paragraph 219 consists of argument, Plaintiffs' characterization of their

21  claims, or legal conclusions, to which no response is required.  To the extent that the

22  allegations contained in Paragraph 219 relate to other Defendants or third parties, TAEC

23  lacks knowledge or information sufficient to form a belief as to the truth of these

24  allegations and, therefore, denies these allegations.  To the extent that the allegations

25  contained in Paragraph 219 may be deemed to require a response from TAEC, TAEC lacks

26  knowledge or information sufficient to form a belief as to the truth of these allegations and,

27  therefore, denies these allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

220.   Paragraph 220 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 220 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 220 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

221.   Paragraph 221 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 221 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 221 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

222.   Paragraph 222 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 222 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 222 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

223.   Paragraph 223 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 223 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 223 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

224.    Paragraph 224 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 224 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 224 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

225.    Paragraph 225 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 225 and, therefore, denies the allegations.

226.    Paragraph 226 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 226 and, therefore, denies the allegations.

227.    Paragraph 227 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 227 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 227 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

228.    Paragraph 228 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

allegations contained in Paragraph 228 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 228 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## IX.   *AMERICAN PIPE*, GOVERNMENT ACTION AND CROSS-JURISDICTIONAL TOLLING

229.   Paragraph 229 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 229 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 229 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

230.   Paragraph 230 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 230 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 230 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

231.   Paragraph 231 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 231 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 231 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## X.    CLAIM FOR VIOLATIONS

### First Claim for Relief

### (Violation of Section 1 of the Sherman Act)

232.    TAEC hereby incorporates by reference its responses to Paragraphs 1-231 of the FAC, as set forth above.

233.    Paragraph 233 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 233 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 233 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

234.    Paragraph 234 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 234 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 234 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

235.    Paragraph 235 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 235 relate to other Defendants or third parties, TAEC

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 235 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

236. Paragraph 236 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 236 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 236 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

237. Paragraph 237 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 237 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 237 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

238. Paragraph 238 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 238 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 238 may be deemed to require a response from TAEC, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## Second Claim for Relief

### (Violation of State Antitrust and Unfair Competition Law)

239.   TAEC hereby incorporates by reference its responses to Paragraphs 1-238 of the FAC, as set forth above.

240.   Paragraph 240 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 240 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 240 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

241.   Paragraph 241 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 241 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 241 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

242.   Paragraph 242 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 242 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 242 may be deemed to require a response from TAEC, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    knowledge or information sufficient to form a belief as to the truth of these allegations and,

2    therefore, denies these allegations.

3        243.    Paragraph 243 consists of argument, Plaintiffs' characterization of their

4    claims, or legal conclusions, to which no response is required.   To the extent that the

5    allegations contained in Paragraph 243 relate to other Defendants or third parties, TAEC

6    lacks knowledge or information sufficient to form a belief as to the truth of these

7    allegations and, therefore, denies these allegations.   To the extent that the allegations

8    contained in Paragraph 243 may be deemed to require a response from TAEC, TAEC lacks

9    knowledge or information sufficient to form a belief as to the truth of these allegations and,

10   therefore, denies these allegations.

11       244.    Paragraph 244 consists of argument, Plaintiffs' characterization of their

12   claims, or legal conclusions, to which no response is required.   To the extent that the

13   allegations contained in Paragraph 244 relate to other Defendants or third parties, TAEC

14   lacks knowledge or information sufficient to form a belief as to the truth of these

15   allegations and, therefore, denies these allegations.   To the extent that the allegations

16   contained in Paragraph 244 may be deemed to require a response from TAEC, TAEC lacks

17   knowledge or information sufficient to form a belief as to the truth of these allegations and,

18   therefore, denies these allegations.

19       245.    Paragraph 245 consists of argument, Plaintiffs' characterization of their

20   claims, or legal conclusions, to which no response is required.   To the extent that the

21   allegations contained in Paragraph 245 relate to other Defendants or third parties, TAEC

22   lacks knowledge or information sufficient to form a belief as to the truth of these

23   allegations and, therefore, denies these allegations.   To the extent that the allegations

24   contained in Paragraph 245 may be deemed to require a response from TAEC, TAEC lacks

25   knowledge or information sufficient to form a belief as to the truth of these allegations and,

26   therefore, denies these allegations.

27       246.    Paragraph 246 consists of argument, Plaintiffs' characterization of their

28   claims, or legal conclusions, to which no response is required.   To the extent that the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

allegations contained in Paragraph 246 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 246 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

247.   Paragraph 247 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 247 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 247 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

248.   Paragraph 248 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 248 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 248 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## XI.   PRAYER FOR RELIEF

In answer to the Prayer for Relief, TAEC denies each and every allegation in the Prayer and further specifically denies that Plaintiffs are entitled to any of the relief requested or any remedy whatsoever against TAEC.

All allegations of the FAC not heretofore admitted or denied are here and now denied as though specifically denied herein.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO P.C. RICHARD & SON LONG ISLAND CORPORATION'S; MARTA COOPERATIVE OF AMERICA, INC.'S; AND ABC APPLIANCE, INC.'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**DEFENSES/AFFIRMATIVE DEFENSES**

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, TAEC asserts the following separate and additional defenses:

**FIRST DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

**SECOND DEFENSE**

The FAC fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiffs' claims are barred in whole or part because the FAC fails to plead conspiracy with particularity required under applicable law.

**FOURTH DEFENSE**

Plaintiffs have failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

**FIFTH DEFENSE**

Plaintiffs' state law claims are barred or limited in whole or in part by the doctrine of *forum non conveniens* and improper venue.  Plaintiffs' claims, to the extent they rely on the laws of foreign states, would be better adjudicated in those foreign courts.

**SIXTH DEFENSE**

Plaintiffs' claims against TAEC are barred to the extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lacks standing to bring or maintain the claims set forth in the FAC.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were not validly assigned those claims.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**NINTH DEFENSE**

TAEC asserts as defenses to Plaintiffs' claims any additional defense that it might have against Plaintiffs' purported assignors, as to whom additional defenses cannot presently be ascertained.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that they did not purchase CRTs directly from Defendants, because they are indirect purchasers and barred from maintaining an action under 15 U.S.C. § 1 for alleged injuries in that capacity.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no antitrust injury.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations, including but not limited to:  15 U.S.C. § 15b; Ariz. Rev. Stat. Ann. § 44-1410; 740 Ill. Comp. Stat. 10/7; and N.Y. C.P.L.R. 214(2).

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because none of Plaintiffs have been injured in their business or property by reason of any action of TAEC.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of TAEC or were

caused, if at all, solely and proximately by the conduct of third parties including, without limitation, the prior, intervening or superseding conduct of such third parties.

## EIGHTEENTH DEFENSE

To the extent that any actionable conduct occurred, Plaintiffs' claims against TAEC are barred because all such conduct would have been committed by individuals acting *ultra vires*.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no damages as a result of any actions taken by TAEC or the other Defendants.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

## TWENTY-FIRST DEFENSE

Plaintiffs are barred from recovery of any damages because of, and to the extent of, their failure to mitigate damages.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any actions or practices of TAEC that are the subject of the FAC were undertaken unilaterally for legitimate business reasons and in pursuit of TAEC's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between TAEC and any other person or entity.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the FAC were adopted in furtherance of legitimate business interests of TAEC and of its customers and did not unreasonably restrain competition.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

### TWENTY-FOURTH DEFENSE

2  Plaintiffs' claims are barred, in whole or in part, because any acts or practices of

3  TAEC that are the subject of the FAC were cost justified or otherwise economically

4  justified and resulted from a good-faith effort to meet competition or market conditions.

5

### TWENTY-FIFTH DEFENSE

6  Plaintiffs' claims are barred, in whole or in part, because the alleged conduct

7  complained of was caused by, due to, based upon, or in response to directives, laws,

8  regulations, policies or acts of governments, governmental agencies and entities or

9  regulatory agencies, and as such is non-actionable or privileged.

10

### TWENTY-SIXTH DEFENSE

11  To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred,

12  in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by

13  others, and was not passed through to the indirect purchasers.

14

### TWENTY-SEVENTH DEFENSE

15  Plaintiffs' claims are barred, in whole or in part, because, as indirect purchasers, they

16  fail to meet their burden of proving that they were damaged in fact by the conduct of which

17  complaint is here made, including the burden of proving that any so-called overcharge of

18  which complaint is made and which was not absorbed by predecessors to Plaintiffs in the

19  chain of distribution was not passed on to a third party.

20

### TWENTY-EIGHTH DEFENSE

21  Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper

22  multiple damage awards and damage awards duplicative of those sought in other actions, in

23  violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the

24  United States Constitution.

25

### TWENTY-NINTH DEFENSE

26  Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean

27  hands.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**THIRTIETH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**THIRTY-FIRST DEFENSE**

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs have available an adequate remedy at law.

**THIRTY-SECOND DEFENSE**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

**THIRTY-THIRD DEFENSE**

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, TAEC contends that it is entitled to set off any amounts paid to Plaintiffs by any Defendants other than TAEC who have settled, or do settle, Plaintiffs' claims against them in this action.

**THIRTY-FOURTH DEFENSE**

Plaintiffs' claims for injunctive relief are barred, in whole or in part, insofar as Plaintiffs seeks to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

**THIRTY-FIFTH DEFENSE**

Plaintiffs lacks standing to prosecute their state antitrust claims, in whole or in part, under, without limitation, the following statutes:  Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq*.; 740 Ill. Comp. Stat. 10/1, *et seq*.; Mich. Comp. Laws §§ 445.771, *et seq*.; and N.Y. Gen. Bus. Law §§ 340 *et seq*.

**THIRTY-SIXTH DEFENSE**

Plaintiffs' claims under Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to comply with the requirements of Ariz. Rev. Stat. Ann. § 44-1415.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2 **THIRTY-SEVENTH DEFENSE**

Plaintiffs' claims under Mich. Comp. Laws §§ 445.771, *et seq.*, are barred, in whole or in part, because the Michigan Antitrust Reform Act is not applicable to conduct occurring outside of Michigan.

**THIRTY-EIGHTH DEFENSE**

Plaintiffs' claims under Mich. Comp. Laws §§ 445.771, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

**THIRTY-NINTH DEFENSE**

Plaintiffs' claims under New York law and other applicable laws are barred by the voluntary payment doctrine, under which one cannot recover payments with full knowledge of the facts.

**FORTIETH DEFENSE**

TAEC adopts by reference any applicable defense pleaded by any other Defendant not otherwise expressly set forth herein.

**FORTY-FIRST DEFENSE**

TAEC reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

**TAEC'S PRAYER FOR RELIEF**

WHEREFORE, TAEC prays for judgment as follows:

1. That Plaintiffs take nothing by reason of the FAC, and that the action be dismissed with prejudice;

2. That the Court enter judgment in favor of TAEC and against Plaintiffs with respect to all causes of action in the FAC;

3. That the Court award TAEC its attorneys' fees and other costs reasonably incurred in the defense of this action; and

4. That the Court order such other further relief for TAEC as the Court may deem just and proper.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  November 4, 2013                    Respectfully submitted,

                                            **WHITE & CASE**LLP

                                  By: ___/s/ Lucius B. Lau_____
                                      Christopher M. Curran (*pro hac vice*)
                                      ccurran@whitecase.com
                                      Lucius B. Lau (*pro hac vice*)
                                      alau@whitecase.com
                                      Dana E. Foster (*pro hac vice*)
                                      defoster@whitecase.com
                                      701 Thirteenth Street, N.W.
                                      Washington, DC  20005
                                      tel.: (202) 626-3600
                                      fax: (202) 639-9355

                                      *Counsel to Defendant*
                                      *Toshiba America Electronic Components, Inc.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

On November 4, 2013, I caused a copy of the "TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO P.C. RICHARD & SON LONG ISLAND CORPORATION OF AMERICA, INC.'S, MARTA COOPERATIVE OF AMERICA, INC.'S, AND ABC APPLICANCE INC.'S FIRST AMENDED COMPLAINT" to be served via ECF on the other parties in this action.

By: _/s/ Lucius B. Lau_____
      Lucius B. Lau (*pro hac vice*)

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO P.C. RICHARD & SON LONG ISLAND CORPORATION'S; MARTA COOPERATIVE OF AMERICA, INC.'S; AND ABC APPLIANCE, INC.'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 07-5944 SC
MDL No. 1917