Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sears, Roebuck and Co. and Kmart Corp., v. Chunghwa Picture Tubes, Ltd., et al.*<br><br>Civil Action No. 11-5514-SC | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO SEARS, ROEBUCK AND CO.'S AND KMART CORP.'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>The Honorable Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

For its Answer to Sears, Roebuck and Co.'s and Kmart Corp.'s Second Amended Complaint For Damages and Injunctive Relief ("SAC"), Defendant Toshiba America Electronics Components, Inc. ("TAEC") states as follows:

## I.   INTRODUCTION[1]

1.     The allegations contained in Paragraph 1 consist of Plaintiffs' characterization of their claims and an explanation of defined terms used in their SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations in Paragraph 1.  To the extent that the allegations contained in Paragraph 1 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

2.     To the extent that the allegations contained in the first sentence of Paragraph 2 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the first sentence of Paragraph 2 are directed to TAEC, TAEC denies these allegations.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 2 and, therefore, denies the allegations.

3.     To the extent that the allegations contained in Paragraph 3 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 3 are directed to TAEC, TAEC denies these allegations.

4.     To the extent that the allegations contained in Paragraph 4 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 4 are directed to TAEC, TAEC denies these allegations.

5.     To the extent that the allegations contained in Paragraph 5 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the SAC.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO
SEARS, ROEBUCK AND CO.'S AND KMART CORP.'S SECOND AMENDED
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 5 are directed to TAEC, TAEC denies these allegations.

6.     To the extent that the allegations contained in Paragraph 6 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 6 are directed to TAEC, TAEC denies these allegations.

7.     To the extent that the allegations contained in Paragraph 7 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 7 are directed to TAEC, TAEC denies these allegations.

8.     To the extent that Paragraph 8 consists of, or refers to purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 8 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 8 may be deemed to require a response from TAEC, TAEC denies these allegations.

9.     To the extent that the allegations contained in Paragraph 9 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 9 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## II.   JURISDICTION AND VENUE

10.    The allegations contained in Paragraph 10 consist of Plaintiffs' characterization of their case, to which no response is required. To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 10.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11.     The allegations contained in Paragraph 11 consist of Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 11.

12.     The allegations contained in Paragraph 12 consist of Plaintiffs' characterization of their case and legal conclusions to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 12.

13.     The allegations contained in Paragraph 13 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 13.

14.     The first and third sentences of Paragraph 14 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 14.  To the extent that the allegations contained in Paragraph 14 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 14 are directed to TAEC, TAEC denies these allegations.

15.     The allegations in Paragraph 15 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 15.

**III.  THE PARTIES**

**A.    Plaintiffs**

16.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies the allegations.

17.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies the allegations.

18.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

19.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies the allegations.

**B.     The Defendants**

**1.     Irico Entities**

20.     Paragraph 20 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the allegations.

21.     Paragraph 21 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies the allegations.

22.     Paragraph 22 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies the allegations.

23.     Paragraph 23 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 23.

**2.     LG Electronics Entities**

24.     Paragraph 24 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies the allegations.

25.     Paragraph 25 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies the allegations.

26.     Paragraph 26 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

27.     Paragraph 27 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 27.

### 3.   LP Displays

28.     Paragraph 28 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies the allegations.

### 4.   Hitachi Entities

29.     Paragraph 29 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies the allegations.

30.     Paragraph 30 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies the allegations.

31.     Paragraph 31 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies the allegations.

32.     Paragraph 32 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies the allegations.

33.     Paragraph 33 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, denies the allegations.

34.     Paragraph 34 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

35.     Paragraph 35 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 35.

**5.     Panasonic Entities**

36.     Paragraph 36 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, denies the allegations.

37.     Paragraph 37 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies the allegations.

38.     Paragraph 38 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 38.

39.     Paragraph 39 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies the allegations.

40.     Paragraph 40 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies the allegations.

**6.     Phillips Entities**

41.     Paragraph 41 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies the allegations.

42.     Paragraph 42 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

43.     Paragraph 43 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies the allegations.

44.     Paragraph 44 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, denies the allegations.

45.     Paragraph 45 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 45.

**7.     Samsung Entities**

46.     Paragraph 46 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies the allegations.

47.     Paragraph 47 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, denies the allegations.

48.     Paragraph 48 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, denies the allegations.

49.     Paragraph 49 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, denies the allegations.

50.     Paragraph 50 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

51.     Paragraph 51 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

52.     Paragraph 52 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies the allegations.

53.     Paragraph 53 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies the allegations.

54.     Paragraph 54 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, denies the allegations.

55.     Paragraph 55 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 55.

**8.     Samtel**

56.     Paragraph 56 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies the allegations.

**9.     Thai CRT**

57.     Paragraph 57 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, denies the allegations.

**10.    Toshiba Entities**

58.     Paragraph 58 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, and, therefore, denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 58.

59.     Paragraph 59 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

contained in Paragraph 59 and, therefore, denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 59.

60.    Paragraph 60 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, and, therefore, denies the allegations.

61.    TAEC denies the allegations of Paragraph 61, except that TAEC admits that its business address is 9740 Irvine Boulevard, Irvine, CA 92618-1697 and avers that it is a wholly-owned subsidiary of Toshiba America, Inc.  TAEC avers that it sold cathode ray tubes and certain electronic devices containing cathode ray tubes during the Relevant Period.

62.    Paragraph 62 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and, therefore, denies the allegations.

63.    Paragraph 63 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 63.

**11.    Chunghwa Entities**

64.    Paragraph 64 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, therefore, denies the allegations.

65.    Paragraph 65 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and, therefore, denies the allegations.

66.    Paragraph 66 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 66.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## IV.   AGENTS AND CO-CONSPIRATORS

67.   To the extent that the allegations contained in Paragraph 67 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 67 are directed to TAEC, TAEC denies these allegations.

68.   To the extent that the allegations contained in Paragraph 68 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 68 are directed to TAEC, TAEC denies these allegations.

69.   Paragraph 69 relates to other companies.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, denies the allegations.

70.   Paragraph 70 relates to other companies.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, therefore, denies the allegations.

71.   Paragraph 71 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 71.

72.   Paragraph 72 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

73.   Paragraph 73 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

74.     Paragraph 74 relates to another company.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and, therefore, denies the allegations.

75.     To the extent that the allegations contained in Paragraph 75 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 75 are directed to TAEC, TAEC denies these allegations.

## V.    TRADE AND COMMERCE

76.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, therefore, denies the allegations.

77.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, denies the allegations.

78.     Paragraph 78 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 78 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## VI.   FACTUAL ALLEGATIONS

### A.    CRT Technology

79.     TAEC admits the allegations contained in Paragraph 79.

80.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

81.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

82.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

83.     To the extent that Paragraph 83 describes CRT technology generally, and claims that that CDTs and CPTs are separate products, TAEC admits the allegations in Paragraph 83, but avers that the allegations do not describe comprehensively or accurately all variants of CRT technology.  TAEC denies the remaining allegations in Paragraph 83.

84.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and, therefore, denies the allegations.

85.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies the allegations.

86.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, therefore, denies the allegations. The second sentence of Paragraph 86 consists of argument and Plaintiffs' characterization of their claims, to which no response is required.  To the extent that allegations contained in the second sentence of Paragraph 86 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

87.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, therefore, denies the allegations. The second sentence of Paragraph 87 consists of argument and Plaintiffs' characterization of their claims, to which no response is required.  To the extent that allegations contained in the second sentence of Paragraph 87 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

88.     Paragraph 88 consists of argument and Plaintiffs' characterization of their claims, to which no response is required.  To the extent that allegations contained in the second sentence of Paragraph 88 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**B.    Structure of the CRT Industry**

89.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, denies the allegations.

**1.    Market Concentration**

90.    To the extent that the allegations contained in Paragraph 90 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 90 are directed to TAEC, TAEC denies these allegations.

**2.    Information Sharing**

91.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and, therefore, denies the allegations.

92.    To the extent that the allegations contained in Paragraph 92 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 92 are directed to TAEC, TAEC denies these allegations.

**3.    Consolidation**

93.    To the extent that the allegations contained in Paragraph 93 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**4.    Multiple Interrelated Business Relationships**

94.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations.

95.    To the extent that the allegations contained in Paragraph 95 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO
SEARS, ROEBUCK AND CO.'S AND KMART CORP.'S SECOND AMENDED
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

extent that the allegations contained in Paragraph 95 are directed to TAEC, TAEC denies these allegations.

### 5.   High Costs of Entry Into the Industry

96.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and, therefore, denies the allegations.

97.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, denies the allegations.

### 6.   The Maturity of the CRT Product Market

98.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, denies the allegations.

99.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and, therefore, denies the allegations.

100.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, denies the allegations.

101.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

102.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations.

103.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and, therefore, denies the allegations.

### 7.   Homogeneity of CRT Products

104.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and, therefore, denies the allegations.

105.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and, therefore, denies the allegations.

### C.   Pre-Conspiracy Market

106.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

107.   Paragraph 107 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and, therefore, denies the allegations.

**D.   Defendants' and Co-Conspirators' Illegal Agreements**

108.   To the extent that the allegations contained in Paragraph 108 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 108 are directed to TAEC, TAEC denies these allegations.

109.   To the extent that the allegations contained in Paragraph 109 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 109 are directed to TAEC, TAEC denies these allegations.

110.   Paragraph 110 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and, therefore, denies the allegations.

111.   To the extent that the allegations contained in Paragraph 111 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 111 are directed to TAEC, TAEC denies these allegations.

112.   To the extent that the allegations contained in Paragraph 112 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 112 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

### 1.   "Glass Meetings"

113.   To the extent that the allegations contained in Paragraph 113 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 113 are directed to TAEC, TAEC denies these allegations.

114.   To the extent that the allegations contained in Paragraph 114 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 114 are directed to TAEC, TAEC denies these allegations.

115.   To the extent that the allegations contained in Paragraph 115 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 115 are directed to TAEC, TAEC denies these allegations.

116.   To the extent that the allegations contained in Paragraph 116 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 116 are directed to TAEC, TAEC denies these allegations.

117.   To the extent that the allegations contained in Paragraph 117 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 117 are directed to TAEC, TAEC denies these allegations.

118.   To the extent that the allegations contained in Paragraph 118 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 118 are directed to TAEC, TAEC denies these allegations.

119.   To the extent that the allegations contained in Paragraph 119 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 119 are directed to TAEC, TAEC denies these allegations.

120.   To the extent that the allegations contained in Paragraph 120 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 120 are directed to TAEC, TAEC denies these allegations.

121.   To the extent that the allegations contained in Paragraph 121 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 121 are directed to TAEC, TAEC denies these allegations.

122.   To the extent that the allegations contained in Paragraph 122 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 122 are directed to TAEC, TAEC denies these allegations.

123.   To the extent that the allegations contained in Paragraph 123 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 123 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

124.   To the extent that the allegations contained in Paragraph 124 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 124 are directed to TAEC, TAEC denies these allegations.

125.   To the extent that the allegations contained in Paragraph 125 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 125 are directed to TAEC, TAEC denies these allegations.

126.   To the extent that the allegations contained in Paragraph 126 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 126 are directed to TAEC, TAEC denies these allegations.

127.   To the extent that the allegations contained in Paragraph 127 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 127 are directed to TAEC, TAEC denies these allegations.

128.   To the extent that the allegations contained in Paragraph 128 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 128 are directed to TAEC, TAEC denies these allegations.

**2.   Bilateral Discussions**

129.   To the extent that the allegations contained in Paragraph 129 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 129 are directed to TAEC, TAEC denies these allegations.

130.    To the extent that the allegations contained in Paragraph 130 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 130 are directed to TAEC, TAEC denies these allegations.

131.    To the extent that the allegations contained in Paragraph 131 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 131 are directed to TAEC, TAEC denies these allegations.

132.    To the extent that the allegations contained in Paragraph 132 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 132 are directed to TAEC, TAEC denies these allegations.

133.    To the extent that the allegations contained in Paragraph 133 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 133 are directed to TAEC, TAEC denies these allegations.

134.    To the extent that the allegations contained in Paragraph 134 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 134 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 3.   Defendants' And Co-Conspirators' Participation In Group And Bilateral Discussions

135.   Paragraph 135 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 and, therefore, denies the allegations.

136.   Paragraph 136 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 and, therefore, denies the allegations.

137.   Paragraph 137 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 and, therefore, denies the allegations.

138.   Paragraph 138 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 and, therefore, denies the allegations.

139.   Paragraph 139 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 and, therefore, denies the allegations.

140.   Paragraph 140 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 and, therefore, denies the allegations.

141.   Paragraph 141 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 and, therefore, denies the allegations.

142.   Paragraph 142 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

143.    Paragraph 143 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and, therefore, denies the allegations.

144.    Paragraph 144 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 and, therefore, denies the allegations.

145.    Paragraph 145 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 and, therefore, denies the allegations.

146.    Paragraph 146 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 and, therefore, denies the allegations.

147.    Paragraph 147 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 and, therefore, denies the allegations.

148.    Paragraph 148 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 and, therefore, denies the allegations.

149.    Paragraph 149 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 and, therefore, denies the allegations.

150.    Paragraph 150 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 and, therefore, denies the allegations.

151.    To the extent that the allegations contained in Paragraph 151 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    extent that the allegations contained in Paragraph 151 are directed to TAEC, TAEC denies

2    these allegations.

3         152.    To the extent that the allegations contained in Paragraph 152 relate to other

4    Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

5    belief as to the truth of these allegations and, therefore, denies these allegations.  To the

6    extent that the allegations contained in Paragraph 152 are directed to TAEC, TAEC denies

7    these allegations.

8         153.    Paragraph 153 relates to other Defendants.    Accordingly, TAEC lacks

9    knowledge or information sufficient to form a belief as to the truth of the allegations

10   contained in Paragraph 153 and, therefore, denies the allegations.

11        154.    Paragraph 154 relates to other Defendants.    Accordingly, TAEC lacks

12   knowledge or information sufficient to form a belief as to the truth of the allegations

13   contained in Paragraph 154 and, therefore, denies the allegations.

14        155.    To the extent that Paragraph 155 consists of Plaintiffs' characterization of

15   their claims and Plaintiffs' explanation of a defined term used in the SAC, no response is

16   required.  To the extent that the allegations contained in Paragraph 155 relate to other

17   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

18   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

19   extent that the allegations contained in Paragraph 155 may be deemed to require a response

20   from TAEC, TAEC denies these allegations.

21        **E.    The CRT Market During the Conspiracy**

22        156.    TAEC lacks knowledge or information sufficient to form a belief as to the

23   truth of the allegations contained in Paragraph 156 and, therefore, denies the allegations.

24        157.    TAEC lacks knowledge or information sufficient to form a belief as to the

25   truth of the allegations contained in Paragraph 157 and, therefore, denies the allegations.

26        158.    TAEC lacks knowledge or information sufficient to form a belief as to the

27   truth of the allegations contained in Paragraph 158 and, therefore, denies the allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

159.    To the extent that Paragraph 159 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 159 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 159 may be deemed to require a response from TAEC, TAEC denies these allegations.

160.    To the extent that Paragraph 160 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 160 may be deemed to require a response from TAEC, TAEC denies these allegations.

161.    To the extent that the allegations contained in Paragraph 161 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 161 are directed to TAEC, TAEC denies these allegations.

162.    To the extent that Paragraph 162 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 162 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 162 may be deemed to require a response from TAEC, TAEC denies these allegations.

163.    To the extent that Paragraph 163 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 163 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    extent that the allegations contained in Paragraph 163 may be deemed to require a response

2    from TAEC, TAEC denies these allegations.

3        164.    To the extent that Paragraph 164 consists of purported statements in news

4    reports or statements in public documents, those statements speak for themselves and no

5    response is required.  To the extent that the allegations contained in Paragraph 164 relate to

6    other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

7    a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

8    extent that the allegations contained in Paragraph 164 may be deemed to require a response

9    from TAEC, TAEC denies these allegations.

10       165.    To the extent that the allegations contained in Paragraph 165 relate to other

11   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

12   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

13   extent that the allegations contained in Paragraph 165 are directed to TAEC, TAEC denies

14   these allegations.

15       166.    To the extent that the allegations contained in Paragraph 166 relate to other

16   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

17   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

18   extent that the allegations contained in Paragraph 166 are directed to TAEC, TAEC denies

19   these allegations.

20       167.    To the extent that Paragraph 167 consists of purported statements in news

21   reports or statements in public documents, those statements speak for themselves and no

22   response is required.  To the extent that the allegations contained in Paragraph 167 relate to

23   other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

24   a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

25   extent that the allegations contained in Paragraph 167 may be deemed to require a response

26   from TAEC, TAEC denies these allegations.

27       168.    To the extent that the allegations contained in Paragraph 168 relate to other

28   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 168 are directed to TAEC, TAEC denies these allegations.

169.   To the extent that the allegations contained in Paragraph 169 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 169 are directed to TAEC, TAEC denies these allegations.

**F.    International Government Antitrust Investigations**

170.   To the extent that Paragraph 170 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 170 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 170 are directed to TAEC, TAEC denies these allegations.

171.   To the extent that Paragraph 171 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 171 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 171 may be deemed to require a response from TAEC, TAEC denies these allegations.

172.   To the extent that Paragraph 172 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 172 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

denies these allegations.  To the extent that the allegations contained in Paragraph 172 may be deemed to require a response from TAEC, TAEC denies these allegations.

173.    To the extent that Paragraph 173 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 173 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 173 may be deemed to require a response from TAEC, TAEC denies these allegations.

174.    To the extent that Paragraph 174 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 174 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 174 may be deemed to require a response from TAEC, TAEC denies these allegations.

175.    To the extent that Paragraph 175 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 175 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 175 may be deemed to require a response from TAEC, TAEC denies these allegations.

176.    To the extent that Paragraph 176 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 176 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

denies these allegations.  To the extent that the allegations contained in Paragraph 176 may be deemed to require a response from TAEC, TAEC denies these allegations.

177.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 and, therefore, denies these allegations.

178.    To the extent that the allegations contained in Paragraph 178 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 178 are directed to TAEC, TAEC denies these allegations.

179.    To the extent that the allegations contained in Paragraph 179 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 179 are directed to TAEC, TAEC denies these allegations.

180.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 and, therefore, denies these allegations.

181.    To the extent that Paragraph 181 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 181 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 181 may be deemed to require a response from TAEC, TAEC denies these allegations.

182.    To the extent that Paragraph 182 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 182 may be deemed to require a response from TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

183.    To the extent that Paragraph 183 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 183 may be deemed to require a response from TAEC, TAEC denies these allegations.

184.    To the extent that Paragraph 184 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 184 may be deemed to require a response from TAEC, TAEC denies these allegations.

## G.    The Role of Trade Associations During the Relevant Period

185.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 and, therefore, denies these allegations.

186.    Paragraph 186 relates to other Defendants or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186 and, therefore, denies these allegations.

187.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 and, therefore, denies these allegations.

188.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 and, therefore, denies these allegations.

189.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 and, therefore, denies these allegations.

## H.    Effects of Defendants' Antitrust Violations

### 1.    Examples of Reductions in Manufacturing Capacity by Defendants

190.    To the extent that the allegations contained in Paragraph 190 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   extent that the allegations contained in Paragraph 190 are directed to TAEC, TAEC denies

2   these allegations.

3   191.   Paragraph 191 relates to other Defendants.   Accordingly, TAEC lacks

4   knowledge or information sufficient to form a belief as to the truth of the allegations

5   contained in Paragraph 191 and, therefore, denies these allegations.

6   192.   Paragraph 192 relates to other Defendants or third parties.   Accordingly,

7   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the

8   allegations contained in Paragraph 192 and, therefore, denies these allegations.

9   193.   Paragraph 193 relates to other Defendants or third parties.   Accordingly,

10  TAEC lacks knowledge or information sufficient to form a belief as to the truth of the

11  allegations contained in Paragraph 193 and, therefore, denies these allegations.

12  194.   Paragraph 194 relates to other Defendants or third parties.   Accordingly,

13  TAEC lacks knowledge or information sufficient to form a belief as to the truth of the

14  allegations contained in Paragraph 194 and, therefore, denies these allegations.

15  195.   Paragraph 195 relates to other Defendants or third parties.   Accordingly,

16  TAEC lacks knowledge or information sufficient to form a belief as to the truth of the

17  allegations contained in Paragraph 195 and, therefore, denies these allegations.

18          **2.     Examples of Collusive Pricing for CRT Products**

19  196.   To the extent that Paragraph 196 consists of purported statements in news

20  reports or statements in public documents, those statements speak for themselves and no

21  response is required.  To the extent that the allegations contained in Paragraph 196 relate to

22  other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

23  a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

24  extent that the allegation contained in Paragraph 196 may be deemed to require a response

25  from TAEC, TAEC denies these allegations.

26  197.   To the extent that Paragraph 197 consists of purported statements in news

27  reports or statements in public documents, those statements speak for themselves and no

28  response is required.  To the extent that the allegations contained in Paragraph 197 relate to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegation contained in Paragraph 197 may be deemed to require a response from TAEC, TAEC denies these allegations.

198.   To the extent that the allegations contained in Paragraph 198 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 198 are directed to TAEC, TAEC denies these allegations.

199.   To the extent that Paragraph 199 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 199 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 199 may be deemed to require a response from TAEC, TAEC denies these allegations.

200.   To the extent that Paragraph 200 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 200 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 200 may be deemed to require a response from TAEC, TAEC denies these allegations.

201.   To the extent that the allegations contained in Paragraph 201 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 201 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

202.    To the extent that Paragraph 202 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 202 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 202 may be deemed to require a response from TAEC, TAEC denies these allegations.

203.    Paragraph 203 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 and, therefore, denies these allegations.

204.    To the extent that Paragraph 204 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 204 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 204 may be deemed to require a response from TAEC, TAEC denies these allegations.

205.    To the extent that the allegations contained in Paragraph 205 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 205 are directed to TAEC, TAEC denies these allegations.

**I.    Summary of Effects of the Conspiracy Involving CRT Products**

206.    Paragraph 206 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 206 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

Paragraph 206 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## VII.  PLAINTIFFS' INJURIES

207.    To the extent that Paragraph 207 contains argument, Plaintiffs' characterization of their claims or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 207 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 207 are directed to TAEC, TAEC denies these allegations.

208.    To the extent that the allegations contained in Paragraph 208 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 208 are directed to TAEC, TAEC denies these allegations.

209.    To the extent that Paragraph 209 contains argument or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 209 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 209 are directed to TAEC, TAEC denies these allegations.

210.    To the extent that Paragraph 210 contains argument or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 210 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 210 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

211.    To the extent that Paragraph 211 contains argument or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 211 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 211 are directed to TAEC, TAEC denies these allegations.

212.    Paragraph 212 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 212 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 212 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form the belief as to the truth of these allegations and, therefore, denies these allegations.

213.    Paragraph 213 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 213 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 213 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form the belief as to the truth of these allegations and, therefore, denies these allegations.

## VIII. FRAUDULENT CONCEALMENT

214.    Paragraph 214 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 214 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Paragraph 214 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

215.    Paragraph 215 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 215 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 215 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

216.    Paragraph 216 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 216 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 216 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

217.    Paragraph 217 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 217 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 217 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

218.    Paragraph 218 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 218 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 218 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

219.    Paragraph 219 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 219 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 219 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

220.    Paragraph 220 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 220 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 220 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

221.    Paragraph 221 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 221 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   therefore, denies these allegations.   To the extent that the allegations contained in

2   Paragraph 221 may be deemed to require a response from TAEC, TAEC lacks knowledge

3   or information sufficient to form a belief as to the truth of these allegations and, therefore,

4   denies these allegations.

5   222.    Paragraph 222 consists of argument, Plaintiffs' characterization of their claims

6   or legal conclusions, to which no response is required.   To the extent that the allegations

7   contained in Paragraph 222 relate to other Defendants or third parties, TAEC lacks

8   knowledge or information sufficient to form a belief as to the truth of these allegations and,

9   therefore, denies these allegations.   To the extent that the allegations contained in

10  Paragraph 222 may be deemed to require a response from TAEC, TAEC lacks knowledge

11  or information sufficient to form a belief as to the truth of these allegations and, therefore,

12  denies these allegations.

13  223.    Paragraph 223 relates to other Defendants.   Accordingly, TAEC lacks

14  knowledge or information sufficient to form a belief as to the truth of the allegations

15  contained in Paragraph 223 and, therefore, denies the allegations.

16  224.    Paragraph 224 relates to other Defendants.   Accordingly, TAEC lacks

17  knowledge or information sufficient to form a belief as to the truth of the allegations

18  contained in Paragraph 224 and, therefore, denies the allegations.

19  225.    Paragraph 225 consists of argument, Plaintiffs' characterization of their claims

20  or legal conclusions, to which no response is required.   To the extent that the allegations

21  contained in Paragraph 225 relate to other Defendants or third parties, TAEC lacks

22  knowledge or information sufficient to form a belief as to the truth of these allegations and,

23  therefore, denies these allegations.   To the extent that the allegations contained in

24  Paragraph 225 may be deemed to require a response from TAEC, TAEC lacks knowledge

25  or information sufficient to form a belief as to the truth of these allegations and, therefore,

26  denies these allegations.

27  226.    Paragraph 226 consists of argument, Plaintiffs' characterization of their claims

28  or legal conclusions, to which no response is required.   To the extent that the allegations

contained in Paragraph 226 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 226 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## IX.   *AMERICAN PIPE*, GOVERNMENT ACTION AND CROSS-JURISDICTIONAL TOLLING

227.   Paragraph 227 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 227 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 227 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

228.   Paragraph 228 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 228 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 228 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

229.   Paragraph 229 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 229 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   therefore, denies these allegations.   To the extent that the allegations contained in

2   Paragraph 229 may be deemed to require a response from TAEC, TAEC lacks knowledge

3   or information sufficient to form a belief as to the truth of these allegations and, therefore,

4   denies these allegations.

5   **X.   CLAIM FOR VIOLATIONS**

6   <u>**First Claim for Relief**</u>

7   **(Violation of Section 1 of the Sherman Act)**

8   230.   TAEC hereby incorporates by reference its responses to Paragraphs 1-229 of

9   the SAC, as set forth above.

10   231.   Paragraph 231 consists of argument, Plaintiffs' characterization of their claims

11   or legal conclusions, to which no response is required.   To the extent that the allegations

12   contained in Paragraph 231 relate to other Defendants or third parties, TAEC lacks

13   knowledge or information sufficient to form a belief as to the truth of these allegations and,

14   therefore, denies these allegations.   To the extent that the allegations contained in

15   Paragraph 231 may be deemed to require a response from TAEC, TAEC lacks knowledge

16   or information sufficient to form a belief as to the truth of these allegations and, therefore,

17   denies these allegations.

18   232.   Paragraph 232 consists of argument, Plaintiffs' characterization of their claims

19   or legal conclusions, to which no response is required.   To the extent that the allegations

20   contained in Paragraph 232 relate to other Defendants or third parties, TAEC lacks

21   knowledge or information sufficient to form a belief as to the truth of these allegations and,

22   therefore, denies these allegations.   To the extent that the allegations contained in

23   Paragraph 232 may be deemed to require a response from TAEC, TAEC lacks knowledge

24   or information sufficient to form a belief as to the truth of these allegations and, therefore,

25   denies these allegations.

26   233.   Paragraph 233 consists of argument, Plaintiffs' characterization of their claims

27   or legal conclusions, to which no response is required.   To the extent that the allegations

28   contained in Paragraph 233 relate to other Defendants or third parties, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    knowledge or information sufficient to form a belief as to the truth of these allegations and,

2    therefore, denies these allegations.   To the extent that the allegations contained in

3    Paragraph 233 may be deemed to require a response from TAEC, TAEC lacks knowledge

4    or information sufficient to form a belief as to the truth of these allegations and, therefore,

5    denies these allegations.

6          234.    Paragraph 234 consists of argument, Plaintiffs' characterization of their claims

7    or legal conclusions, to which no response is required.  To the extent that the allegations

8    contained in Paragraph 234 relate to other Defendants or third parties, TAEC lacks

9    knowledge or information sufficient to form a belief as to the truth of these allegations and,

10   therefore, denies these allegations.   To the extent that the allegations contained in

11   Paragraph 234 may be deemed to require a response from TAEC, TAEC lacks knowledge

12   or information sufficient to form a belief as to the truth of these allegations and, therefore,

13   denies these allegations.

14         235.    Paragraph 235 consists of argument, Plaintiffs' characterization of their claims

15   or legal conclusions, to which no response is required.  To the extent that the allegations

16   contained in Paragraph 235 relate to other Defendants or third parties, TAEC lacks

17   knowledge or information sufficient to form a belief as to the truth of these allegations and,

18   therefore, denies these allegations.   To the extent that the allegations contained in

19   Paragraph 235 may be deemed to require a response from TAEC, TAEC lacks knowledge

20   or information sufficient to form a belief as to the truth of these allegations and, therefore,

21   denies these allegations.

22         236.    Paragraph 236 consists of argument, Plaintiffs' characterization of their claims

23   or legal conclusions, to which no response is required.  To the extent that the allegations

24   contained in Paragraph 236 relate to other Defendants or third parties, TAEC lacks

25   knowledge or information sufficient to form a belief as to the truth of these allegations and,

26   therefore, denies these allegations.   To the extent that the allegations contained in

27   Paragraph 236 may be deemed to require a response from TAEC, TAEC lacks knowledge

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    or information sufficient to form a belief as to the truth of these allegations and, therefore,

2    denies these allegations.

3                              **Second Claim for Relief**

4                   **(Violation of the California Cartwright Act)**

5         237.    TAEC hereby incorporates by reference its responses to Paragraphs 1-236 of

6    the SAC, as set forth above.

7         238.    Paragraph 238 consists of argument, Plaintiffs' characterization of their claims

8    or legal conclusions, to which no response is required.  To the extent that the allegations

9    contained in Paragraph 238 relate to other Defendants or third parties, TAEC lacks

10   knowledge or information sufficient to form a belief as to the truth of these allegations and,

11   therefore, denies these allegations.   To the extent that the allegations contained in

12   Paragraph 238 may be deemed to require a response from TAEC, TAEC lacks knowledge

13   or information sufficient to form a belief as to the truth of these allegations and, therefore,

14   denies these allegations.

15        239.    Paragraph 239 consists of argument, Plaintiffs' characterization of their claims

16   or legal conclusions, to which no response is required.  To the extent that the allegations

17   contained in Paragraph 239 relate to other Defendants or third parties, TAEC lacks

18   knowledge or information sufficient to form a belief as to the truth of these allegations and,

19   therefore, denies these allegations.   To the extent that the allegations contained in

20   Paragraph 239 are directed to TAEC, TAEC denies these allegations, except that TAEC

21   avers that it maintained offices in California during the Relevant Period.

22        240.    Paragraph 240 consists of argument, Plaintiffs' characterization of their claims

23   or legal conclusions, to which no response is required.  To the extent that the allegations

24   contained in Paragraph 240 relate to other Defendants or third parties, TAEC lacks

25   knowledge or information sufficient to form a belief as to the truth of these allegations and,

26   therefore, denies these allegations.   To the extent that the allegations contained in

27   Paragraph 240 may be deemed to require a response from TAEC, TAEC lacks knowledge

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   or information sufficient to form a belief as to the truth of these allegations and, therefore,

2   denies these allegations.

3        241.    Paragraph 241 consists of argument, Plaintiffs' characterization of their claims

4   or legal conclusions, to which no response is required.  To the extent that the allegations

5   contained in Paragraph 241 relate to other Defendants or third parties, TAEC lacks

6   knowledge or information sufficient to form a belief as to the truth of these allegations and,

7   therefore, denies these allegations.  To the extent that the allegations contained in

8   Paragraph 241 may be deemed to require a response from TAEC, TAEC lacks knowledge

9   or information sufficient to form a belief as to the truth of these allegations and, therefore,

10  denies these allegations.

11       242.    Paragraph 242 consists of argument, Plaintiffs' characterization of their claims

12  or legal conclusions, to which no response is required.  To the extent that the allegations

13  contained in Paragraph 242 relate to other Defendants or third parties, TAEC lacks

14  knowledge or information sufficient to form a belief as to the truth of these allegations and,

15  therefore, denies these allegations.  To the extent that the allegations contained in

16  Paragraph 242 may be deemed to require a response from TAEC, TAEC lacks knowledge

17  or information sufficient to form a belief as to the truth of these allegations and, therefore,

18  denies these allegations.

19       243.    Paragraph 243 consists of argument, Plaintiffs' characterization of their claims

20  or legal conclusions, to which no response is required.  To the extent that the allegations

21  contained in Paragraph 243 relate to other Defendants or third parties, TAEC lacks

22  knowledge or information sufficient to form a belief as to the truth of these allegations and,

23  therefore, denies these allegations.  To the extent that the allegations contained in

24  Paragraph 243 may be deemed to require a response from TAEC, TAEC lacks knowledge

25  or information sufficient to form a belief as to the truth of these allegations and, therefore,

26  denies these allegations.

27       244.    Paragraph 244 consists of argument, Plaintiffs' characterization of their claims

28  or legal conclusions, to which no response is required.  To the extent that the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

contained in Paragraph 244 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 244 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

245.    Paragraph 245 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 245 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 245 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

### Third Claim for Relief

### (Violation Of State Antitrust and Unfair Competition Law)

246.    TAEC hereby incorporates by reference its responses to Paragraphs 1-245 of the SAC, as set forth above.

247.    Paragraph 247 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 247 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 247 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

248.    Paragraph 248 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.   To the extent that the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

contained in Paragraph 248 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 248 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

249.    Paragraph 249 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 249 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 249 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

250.    Paragraph 250 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 250 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 250 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

251.    Paragraph 251 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 251 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 251 may be deemed to require a response from TAEC, TAEC lacks knowledge

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   or information sufficient to form a belief as to the truth of these allegations and, therefore,

2   denies these allegations.

3       252.    Paragraph 252 consists of argument, Plaintiffs' characterization of their claims

4   or legal conclusions, to which no response is required.  To the extent that the allegations

5   contained in Paragraph 252 relate to other Defendants or third parties, TAEC lacks

6   knowledge or information sufficient to form a belief as to the truth of these allegations and,

7   therefore, denies these allegations.   To the extent that the allegations contained in

8   Paragraph 252 may be deemed to require a response from TAEC, TAEC lacks knowledge

9   or information sufficient to form a belief as to the truth of these allegations and, therefore,

10  denies these allegations.

11      253.    Paragraph 253 consists of argument, Plaintiffs' characterization of their claims

12  or legal conclusions, to which no response is required.  To the extent that the allegations

13  contained in Paragraph 253 relate to other Defendants or third parties, TAEC lacks

14  knowledge or information sufficient to form a belief as to the truth of these allegations and,

15  therefore, denies these allegations.   To the extent that the allegations contained in

16  Paragraph 253 may be deemed to require a response from TAEC, TAEC lacks knowledge

17  or information sufficient to form a belief as to the truth of these allegations and, therefore,

18  denies these allegations.

19      254.    Paragraph 254 consists of argument, Plaintiffs' characterization of their claims

20  or legal conclusions, to which no response is required.  To the extent that the allegations

21  contained in Paragraph 254 relate to other Defendants or third parties, TAEC lacks

22  knowledge or information sufficient to form a belief as to the truth of these allegations and,

23  therefore, denies these allegations.   To the extent that the allegations contained in

24  Paragraph 254 may be deemed to require a response from TAEC, TAEC lacks knowledge

25  or information sufficient to form a belief as to the truth of these allegations and, therefore,

26  denies these allegations.

27      255.    Paragraph 255 consists of argument, Plaintiffs' characterization of their claims

28  or legal conclusions, to which no response is required.  To the extent that the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    contained in Paragraph 255 relate to other Defendants or third parties, TAEC lacks

2    knowledge or information sufficient to form a belief as to the truth of these allegations and,

3    therefore, denies these allegations.   To the extent that the allegations contained in

4    Paragraph 255 may be deemed to require a response from TAEC, TAEC lacks knowledge

5    or information sufficient to form a belief as to the truth of these allegations and, therefore,

6    denies these allegations.

7        256.    Paragraph 256 consists of argument, Plaintiffs' characterization of their claims

8    or legal conclusions, to which no response is required.   To the extent that the allegations

9    contained in Paragraph 256 relate to other Defendants or third parties, TAEC lacks

10   knowledge or information sufficient to form a belief as to the truth of these allegations and,

11   therefore, denies these allegations.   To the extent that the allegations contained in

12   Paragraph 256 may be deemed to require a response from TAEC, TAEC lacks knowledge

13   or information sufficient to form a belief as to the truth of these allegations and, therefore,

14   denies these allegations.

15       257.    Paragraph 257 consists of argument, Plaintiffs' characterization of their claims

16   or legal conclusions, to which no response is required.   To the extent that the allegations

17   contained in Paragraph 257 relate to other Defendants or third parties, TAEC lacks

18   knowledge or information sufficient to form a belief as to the truth of these allegations and,

19   therefore, denies these allegations.   To the extent that the allegations contained in

20   Paragraph 257 may be deemed to require a response from TAEC, TAEC lacks knowledge

21   or information sufficient to form a belief as to the truth of these allegations and, therefore,

22   denies these allegations.

23       258.    Paragraph 258 consists of argument, Plaintiffs' characterization of their claims

24   or legal conclusions, to which no response is required.   To the extent that the allegations

25   contained in Paragraph 258 relate to other Defendants or third parties, TAEC lacks

26   knowledge or information sufficient to form a belief as to the truth of these allegations and,

27   therefore, denies these allegations.   To the extent that the allegations contained in

28   Paragraph 258 may be deemed to require a response from TAEC, TAEC lacks knowledge

1   or information sufficient to form a belief as to the truth of these allegations and, therefore,

2   denies these allegations.

3       259.    Paragraph 259 consists of argument, Plaintiffs' characterization of their claims

4   or legal conclusions, to which no response is required.  To the extent that the allegations

5   contained in Paragraph 259 relate to other Defendants or third parties, TAEC lacks

6   knowledge or information sufficient to form a belief as to the truth of these allegations and,

7   therefore, denies these allegations.   To the extent that the allegations contained in

8   Paragraph 259 may be deemed to require a response from TAEC, TAEC lacks knowledge

9   or information sufficient to form a belief as to the truth of these allegations and, therefore,

10  denies these allegations.

11      260.    Paragraph 260 consists of argument, Plaintiffs' characterization of their claims

12  or legal conclusions, to which no response is required.  To the extent that the allegations

13  contained in Paragraph 260 relate to other Defendants or third parties, TAEC lacks

14  knowledge or information sufficient to form a belief as to the truth of these allegations and,

15  therefore, denies these allegations.   To the extent that the allegations contained in

16  Paragraph 260 may be deemed to require a response from TAEC, TAEC lacks knowledge

17  or information sufficient to form a belief as to the truth of these allegations and, therefore,

18  denies these allegations.

19      261.    Paragraph 261 consists of argument, Plaintiffs' characterization of their claims

20  or legal conclusions, to which no response is required.  To the extent that the allegations

21  contained in Paragraph 261 relate to other Defendants or third parties, TAEC lacks

22  knowledge or information sufficient to form a belief as to the truth of these allegations and,

23  therefore, denies these allegations.   To the extent that the allegations contained in

24  Paragraph 261 may be deemed to require a response from TAEC, TAEC lacks knowledge

25  or information sufficient to form a belief as to the truth of these allegations and, therefore,

26  denies these allegations.

27      262.    Paragraph 262 consists of argument, Plaintiffs' characterization of their claims

28  or legal conclusions, to which no response is required.  To the extent that the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

contained in Paragraph 262 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 262 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

263.    Paragraph 263 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 263 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 263 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

264.    Paragraph 264 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 264 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 264 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

265.    Paragraph 265 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 265 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 265 may be deemed to require a response from TAEC, TAEC lacks knowledge

or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## X.    PRAYER FOR RELIEF

In answer to the Prayer for Relief, TAEC denies each and every allegation in the Prayer and further specifically denies that Plaintiffs are entitled to any of the relief requested or any remedy whatsoever against TAEC.

All allegations of the SAC not heretofore admitted or denied are here and now denied as though specifically denied herein.

### DEFENSES/AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, TAEC asserts the following separate and additional defenses:

### FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

### SECOND DEFENSE

The SAC fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole or part because the SAC fails to plead conspiracy with particularity required under applicable law.

### FOURTH DEFENSE

Plaintiffs have failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### FIFTH DEFENSE

Plaintiffs' state law claims are barred or limited in whole or in part by the doctrine of *forum non conveniens* and improper venue.  Plaintiffs' claims, to the extent they rely on the laws of foreign states, would be better adjudicated in those foreign courts.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**SIXTH DEFENSE**

2       Plaintiffs' claims against TAEC are barred to the extent that they have agreed to

3   arbitration or chosen a different forum for the resolution of their claims.

4

**SEVENTH DEFENSE**

5       Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to

6   bring or maintain the claims set forth in the SAC.

7

**EIGHTH DEFENSE**

8       Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were not validly

9   assigned those claims.

10

**NINTH DEFENSE**

11       TAEC asserts as defenses to Plaintiffs' claims any additional defense that it might

12   have against Plaintiffs' purported assignors, as to whom additional defenses cannot

13   presently be ascertained.

14

**TENTH DEFENSE**

15       Plaintiffs' claims are barred, in whole or in part, to the extent that they did not

16   purchase CRT products directly from Defendants, because they are indirect purchasers and

17   barred from maintaining an action under 15 U.S.C. § 1 for alleged injuries in that capacity.

18

**ELEVENTH DEFENSE**

19       Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no

20   antitrust injury.

21

**TWELFTH DEFENSE**

22       Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations,

23   including but not limited to:  15 U.S.C. § 15b; Ariz. Rev. Stat. Ann. § 44-1410; Cal. Bus. &

24   Prof. Code § 17208; Cal. Bus. & Prof. Code § 16750.1; Cal. Civ. Proc. Code §§ 337-340;

25   Fla. Stat. § 95.11(f); 740 Ill. Comp. Stat. 10/7; Mass. Gen. Laws c. 260, § 5A; Mich.

26   Comp. Laws §§ 445.781 and 600.5813; Minn. Stat. § 325D.64(1); Miss. Code Ann. §§ 15-

27   1-49 and 15-1-65; Neb. Rev. Stat. §§ 25-206 and 59-1612; Nev. Rev. Stat. §§ 11.190 and

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  598A.220; N.M. Stat. § 57-1-12; N.Y. C.P.L.R. 214(2); N.C. Gen. Stat. § 75-16.2; and

2  Wis. Stat. § 133.18.

3                          **THIRTEENTH DEFENSE**

4       Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

5                          **FOURTEENTH DEFENSE**

6       Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

7                          **FIFTEENTH DEFENSE**

8       Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

9                          **SIXTEENTH DEFENSE**

10      Plaintiffs' claims are barred, in whole or in part, because no Plaintiff has been injured

11  in its business or property by reason of any action of TAEC.

12                         **SEVENTEENTH DEFENSE**

13      Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and

14  damages were not legally or proximately caused by any acts or omissions of TAEC or were

15  caused, if at all, solely and proximately by the conduct of third parties including, without

16  limitation, the prior, intervening or superseding conduct of such third parties.

17                         **EIGHTEENTH DEFENSE**

18      To the extent that any actionable conduct occurred, Plaintiffs' claims against TAEC

19  are barred because all such conduct would have been committed by individuals acting *ultra*

20  *vires*.

21                         **NINETEENTH DEFENSE**

22      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no

23  damages as a result of any actions taken by TAEC or the other Defendants.

24                         **TWENTIETH DEFENSE**

25      Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any,

26  are speculative and because of the impossibility of the ascertainment and allocation of such

27  alleged damages.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

**TWENTY-FIRST DEFENSE**

2    Plaintiffs are barred from recovery of any damages because of, and to the extent of,

3    their failure to mitigate damages.

4

**TWENTY-SECOND DEFENSE**

5    Plaintiffs' claims are barred, in whole or in part, because any actions or practices of

6    TAEC that are the subject of the SAC were undertaken unilaterally for legitimate business

7    reasons and in pursuit of TAEC's independent interests and those of its customers, and

8    were not the product of any contract, combination or conspiracy between TAEC and any

9    other person or entity.

10

**TWENTY-THIRD DEFENSE**

11    Plaintiffs' claims are barred, in whole or in part, because any acts or practices of

12    TAEC that are the subject of the SAC were adopted in furtherance of legitimate business

13    interests of TAEC and of its customers and did not unreasonably restrain competition.

14

**TWENTY-FOURTH DEFENSE**

15    Plaintiffs' claims are barred, in whole or in part, because any acts or practices of

16    TAEC that are the subject of the SAC were cost justified or otherwise economically

17    justified and resulted from a good-faith effort to meet competition or market conditions.

18

**TWENTY-FIFTH DEFENSE**

19    Plaintiffs' claims are barred, in whole or in part, because the alleged conduct

20    complained of was caused by, due to, based upon, or in response to directives, laws,

21    regulations, policies or acts of governments, governmental agencies and entities or

22    regulatory agencies, and as such is non-actionable or privileged.

23

**TWENTY-SIXTH DEFENSE**

24    To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred,

25    in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by

26    others, and was not passed through to the indirect purchasers.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because, as indirect purchasers, they fail to meet their burden of proving that they were damaged in fact by the conduct of which complaint is here made, including the burden of proving that any so-called overcharge of which complaint is made and which was not absorbed by predecessors to Plaintiffs in the chain of distribution was not passed on to a third party.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## THIRTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs have available an adequate remedy at law.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

## THIRTY-THIRD DEFENSE

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, TAEC contends that it is entitled to set off any amounts paid to Plaintiffs by any Defendants other than TAEC who have settled, or do settle, Plaintiffs' claims against them in this action.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims for injunctive relief are barred, in whole or in part, insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

### THIRTY-FIFTH DEFENSE

Plaintiffs lack standing to prosecute their state antitrust claims, in whole or in part, under, without limitation, the following statutes:  Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq*.; Cal. Bus. & Prof. Code §§ 16700, *et seq*.; Cal. Bus. & Prof. Code §§ 17200, *et seq*.; 740 Ill. Comp. Stat. 10/1, *et seq*.; Mich. Comp. Laws §§ 445.771, *et seq*.; Minn. Stat. §§ 325D.52, *et seq*.; Miss. Code Ann. §§ 75-21-9, *et seq*. and 75-24-1, *et seq*.; Neb. Rev. Stat. §§ 59-801, *et seq*.; Nev. Rev. Stat. §§ 598A, *et seq*.; N.M. Stat. §§ 57-1-1, *et seq*.; N.Y. Gen. Bus. Law §§ 340, *et seq*.; N.C. Gen. Stat. §§ 75-1, *et seq*.; and Wis. Stat. §§ 133.01, *et seq*.

### THIRTY-SIXTH DEFENSE

Plaintiffs lack standing to prosecute their state consumer protection claims, in whole or in part, under, without limitation, the following statutes:  Cal. Bus. & Prof. Code §§ 17200, *et seq*.; Fla. Stat. §§ 501.201, *et seq*.; Mass. Gen. Laws c. 93A §§ 2, *et seq*.; Neb. Rev. Stat. §§ 59-1601, *et seq*.; N.M. Stat. §§ 57-1-1, *et seq*.; N.Y. Gen. Bus. Law §§ 349, *et seq*.; and N.C. Gen. Stat. §§ 75-1.1, *et seq*.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims under Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to comply with the requirements of Ariz. Rev. Stat. Ann. § 44-1415.

### THIRTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the claims are based on California law and any of the alleged events took place outside the state of California without impact on California residents.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**THIRTY-NINTH DEFENSE**

2 Any award of restitution under Cal. Bus. & Prof. Code § 17203 based upon asserted

3 interests or injuries of Plaintiffs would violate the Excessive Fines Clause of the Eighth

4 Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to

5 the United States Constitution and Article I, Section 17 of the California Constitution.

6

**FORTIETH DEFENSE**

7 Plaintiffs' claims for monetary relief under Cal. Bus. & Prof. Code § 17203 are

8 barred, in whole or in part, because TAEC did not acquire any money or property from

9 Plaintiffs.

10

**FORTY-FIRST DEFENSE**

11 Any finding of liability under Cal. Bus. & Prof. Code §§ 17200, 17203 or 17204

12 would violate the Due Process Clause of the Fourteenth Amendment to the United States

13 Constitution and Article I, Section 7 of the California Constitution, because the standards

14 of liability under these statutes are unduly vague and subjective, permitting retroactive,

15 random, arbitrary and capricious punishment that serves no legitimate governmental

16 interest.

17

**FORTY-SECOND DEFENSE**

18 Any award of restitution to Plaintiffs under Cal. Bus. & Prof. Code § 17203 would

19 constitute a taking of property without just compensation in violation of the Takings Clause

20 of the Fifth Amendment to the United States Constitution (as incorporated by the Due

21 Process Clause of the Fourteenth Amendment to the United States Constitution) and Article

22 I, Section 19 of the California Constitution.

23

**FORTY-THIRD DEFENSE**

24 Any award of restitution under Cal. Bus. & Prof. Code § 17203 to persons who refuse

25 to execute an acknowledgement that the payment is in full settlement of claims against

26 Defendants would violate the Due Process Clause of the Fourteenth Amendment to the

27 United States Constitution.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**FORTY-FOURTH DEFENSE**

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, are barred, in whole or in part, because the application of §§ 16700, *et seq.*, to wholly interstate or foreign commerce violates the Commerce Clause of the United States Constitution.

**FORTY-FIFTH DEFENSE**

Any award of treble damages, punitive damages or restitution pursuant to Cal. Bus. & Prof. Code §§ 16720, 16727, 16750, or 16761 would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the California Constitution.

**FORTY-SIXTH DEFENSE**

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of TAEC occurring outside of California.

**FORTY-SEVENTH DEFENSE**

Plaintiffs' claims for unjust enrichment brought under California law are barred, in whole or in part, because TAEC did not receive a benefit from Plaintiffs, TAEC did not retain any benefit, or the receipt of any benefit was not unjust.

**FORTY-EIGHTH DEFENSE**

Plaintiffs' claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because pursuant to § 501.202(3), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") must be construed in a manner consistent with federal antitrust laws. Because Plaintiffs' injuries are too speculative, derivative, indirect, and remote to confer standing under federal antitrust law, they also do not confer standing under FDUTPA.

**FORTY-NINTH DEFENSE**

Plaintiffs' claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTIETH DEFENSE

Plaintiffs' claims under Mass. Gen. Laws c. 93A, § 9 are barred, in whole or in part, because § 9 only permits suit by individual consumer plaintiffs, not by persons engaged in business.

## FIFTY-FIRST DEFENSE

Plaintiffs' claims under Mass. Gen. Laws c. 93A, § 11 are barred, in whole or in part, because the actions constituting the alleged unfair method of competition did not occur primarily and substantially within Massachusetts.

## FIFTY-SECOND DEFENSE

Plaintiffs' claims under Mass. Gen. Laws c. 93A, § 11 are barred, in whole or in part, because § 11 must be interpreted in harmony with the Massachusetts Antitrust Act which does not permit indirect purchaser actions.

## FIFTY-THIRD DEFENSE

Plaintiffs' claims under Mich. Comp. Laws §§ 445.771, *et seq.*, are barred, in whole or in part, because the Michigan Antitrust Reform Act is not applicable to conduct occurring outside of Michigan.

## FIFTY-FOURTH DEFENSE

Plaintiffs' claims under Mich. Comp. Laws §§ 445.771, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

## FIFTY-FIFTH DEFENSE

Plaintiffs' claims under Minn. Stat. §§ 325D.52, *et seq.*, are barred, in whole or in part, because under Minn. Stat. § 325D.57, courts should take efforts to avoid imposition of duplicative damages in successive suits.

## FIFTY-SIXTH DEFENSE

Plaintiffs' claims under Minn. Stat. §§ 325D.52, *et seq.*, are barred, in whole or in part, because the alleged conduct did not affect the trade or commerce in Minnesota as required by Minn. Stat. § 325D.54.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### FIFTY-SEVENTH DEFENSE

Plaintiffs' claims under Miss. Code Ann. §§ 75-21-1, *et seq.*, are barred, in whole or in part, because the act applies only to conspiracies to be accomplished at least in part by wrongful conduct that takes place within Mississippi.

### FIFTY-EIGHTH DEFENSE

Plaintiffs' claims under Miss. Code Ann. §§ 75-21-1, *et seq.*, are barred, in whole or in part, because punitive damages may not be awarded under §§ 75-21-1, *et seq.*, which provide the exclusive remedies for violation of that act.

### FIFTY-NINTH DEFENSE

In the event and to the extent Plaintiffs seek to assert a claim under the Mississippi "State Consumer Protection Act," Plaintiffs have not met the prerequisites for a claim under Miss. Code Ann. § 75-24-15.

### SIXTIETH DEFENSE

Plaintiffs' claims under Neb. Rev. Stat. §§ 59-801, *et seq.*, are barred, in whole or in part, by Neb. Rev. Stat. § 59-821.01.

### SIXTY-FIRST DEFENSE

Plaintiffs' claims under Neb. Rev. Stat. §§ 59-801, *et seq.*, are barred, in whole or in part, by Neb. Rev. Stat. § 59-1609.01.

### SIXTY-SECOND DEFENSE

Plaintiffs' claims under Nev. Rev. Stat. §§ 598A, *et seq.*, are barred, in whole or in part, because under § 598A.060, that act applies only to activity occurring, at least in part, in Nevada.

### SIXTY-THIRD DEFENSE

Plaintiffs' claims under N.M. Stat. §§ 57-1-1, *et seq.*, are barred, in whole or in part, because the alleged conduct of TAEC that is the subject of the SAC was neither directed to nor affected persons or entities or commerce in New Mexico.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    **SIXTY-FOURTH DEFENSE**

2    Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part,

3    because the SAC fails to plead such fraud or fraudulent concealment with the particularity

4    required by the applicable law.

5    **SIXTY-FIFTH DEFENSE**

6    Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part,

7    because the New Mexico Unfair Practices Act does not provide relief for indirect

8    purchasers.

9    **SIXTY-SIXTH DEFENSE**

10    Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part,

11    because TAEC made no sales to Plaintiffs, and accordingly Plaintiffs have no claim under

12    the New Mexico Unfair Practices Act.

13    **SIXTY-SEVENTH DEFENSE**

14    Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part,

15    because TAEC made no representations to Plaintiffs, and accordingly Plaintiffs have no

16    claim under the New Mexico Unfair Practices Act.

17    **SIXTY-EIGHTH DEFENSE**

18    Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part,

19    because Plaintiffs failed to plead any necessary predicate acts to invoke application of the

20    New Mexico Unfair Practices Act.

21    **SIXTY-NINTH DEFENSE**

22    Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part,

23    because application of the New Mexico Unfair Practices Act to any transactions occurring

24    outside the State of New Mexico would violate the Commerce Clause of the United States

25    Constitution.

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

## SEVENTIETH DEFENSE

Plaintiffs' claims under New York law and other applicable laws are barred by the voluntary payment doctrine, under which one cannot recover payments with full knowledge of the facts.

## SEVENTY-FIRST DEFENSE

Plaintiffs' claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

## SEVENTY-SECOND DEFENSE

Plaintiffs' claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part, because any alleged conduct by TAEC is, or if in interstate commerce would be, subject to and compliant with the rules and regulations of, and statutes administered by, the Federal Trade Commission or other official department, division, commission or agency of the United States, as these rules, regulations, or statutes are interpreted by the Federal Trade Commission or such department, division, commission or agency of the federal courts. N.Y. Gen. Bus. Law § 349(d).

## SEVENTY-THIRD DEFENSE

Plaintiffs' claims under N.C. Gen. Stat. § 75-1.1, *et seq.*, are barred, in whole or in part, because Plaintiffs have not suffered any actual cognizable injuries or damages under N.C. Gen. Stat. § 75-16 or otherwise under the laws of North Carolina as a result of the conduct alleged in the SAC.

## SEVENTY-FOURTH DEFENSE

Plaintiffs' claims under N.C. Gen. Stat. § 75-1.1, *et seq.*, are barred, in whole or in part, to the extent that an award of damages under N.C. Gen. Stat. § 75-16 is unconstitutional when applied to the facts of the instant matter.

## SEVENTY-FIFTH DEFENSE

Plaintiffs lack standing to prosecute their North Carolina state antitrust claims against TAEC, in whole or in part, because they have not met the modified *Associated General*

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO
SEARS, ROEBUCK AND CO.'S AND KMART CORP.'S SECOND AMENDED
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  *Contractors* test set forth in *Crouch v. Crompton Corp.*, Nos. 02-4375, 03-2514, 2004 WL

2  2414027, at *18-20 (N.C. Super. Oct. 28, 2004).

3  ### SEVENTY-SIXTH DEFENSE

4  TAEC adopts by reference any applicable defense pleaded by any other Defendant

5  not otherwise expressly set forth herein.

6  ### SEVENTY-SEVENTH DEFENSE

7  TAEC reserves the right to assert other defenses as this action proceeds up to and

8  including the time of trial.

9  ### TAEC'S PRAYER FOR RELIEF

10  WHEREFORE, TAEC prays for judgment as follows:

11  1.  That Plaintiffs take nothing by reason of the SAC, and that the action be dismissed

12  with prejudice;

13  2.  That the Court enter judgment in favor of TAEC and against Plaintiffs with

14  respect to all causes of action in the SAC;

15  3.  That the Court award TAEC its attorneys' fees and other costs reasonably incurred

16  in the defense of this action; and

17  4.  That the Court order such other further relief for TAEC as the Court may deem

18  just and proper.

19

20

21

22

23

24

25

26

27

28

1    701 Thirteenth Street, NW
     White & Case LLP
     Washington, DC  20005

Dated:  November 4, 2013                Respectfully submitted,

**WHITE & CASE** LLP

By:   /s/ Lucius B. Lau
      Christopher M. Curran (*pro hac vice*)
      ccurran@whitecase.com
      Lucius B. Lau (*pro hac vice*)
      alau@whitecase.com
      Dana E. Foster (*pro hac vice*)
      defoster@whitecase.com
      701 Thirteenth Street, N.W.
      Washington, DC  20005
      tel.: (202) 626-3600
      fax: (202) 639-9355

      *Counsel to Defendant*
      *Toshiba America Electronic Components, Inc.*

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO
SEARS, ROEBUCK AND CO.'S AND KMART CORP.'S SECOND AMENDED
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 07-5944 SC
MDL No. 1917

1

<u>**CERTIFICATE OF SERVICE**</u>

On November 4, 2013, I caused a copy of the "TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO SEARS, ROEBUCK AND CO.'S AND KMART CORP.'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF" to be served via ECF on the other parties in this action.

By:   _/s/ Lucius B. Lau_
Lucius B. Lau (*pro hac vice*)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO
SEARS, ROEBUCK AND CO.'S AND KMART CORP.'S SECOND AMENDED
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 07-5944 SC
MDL No. 1917