Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| This Document Relates to: *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.* Civil Action No. 3:11-05514-SC | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO TARGET CORP.'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** The Honorable Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

For its Answer to Target Corp.'s Second Amended Complaint For Damages and Injunctive Relief ("SAC"), Defendant Toshiba America Electronic Components, Inc. ("TAEC") states as follows:

## I.   INTRODUCTION[1]

1.   The allegations contained in Paragraph 1 consist of Plaintiff's characterization of its claims and an explanation of defined terms used in its SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 1.  To the extent that the allegations contained in Paragraph 1 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

2.   To the extent that the allegations contained in the first sentence of Paragraph 2 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the first sentence of Paragraph 2 are directed to TAEC, TAEC denies these allegations.  TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 2 and, therefore, denies the allegations.

3.   To the extent that the allegations contained in Paragraph 3 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 3 are directed to TAEC, TAEC denies these allegations.

4.   To the extent that the allegations contained in Paragraph 4 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 4 are directed to TAEC, TAEC denies these allegations.

5.   To the extent that the allegations contained in Paragraph 5 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the SAC.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO TARGET
CORP.'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 5 are directed to TAEC, TAEC denies these allegations.

6.     The allegations contained in Paragraph 6 consist of Plaintiff's characterization of its claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 6.

7.     To the extent that Paragraph 7 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 7 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 7 may be deemed to require a response from TAEC, TAEC denies these allegations.

8.     To the extent that Paragraph 8 consists of, or refers to purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 8 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 8 may be deemed to require a response from TAEC, TAEC denies these allegations.

9.     Paragraph 9 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 9 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 9 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO TARGET
CORP.'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## II. JURISDICTION AND VENUE

10. The allegations contained in Paragraph 10 consist of Plaintiff's characterization of its case, to which no response is required. To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 10.

11. The allegations contained in Paragraph 11 consist of Plaintiff's characterization of its case, to which no response is required. To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 11.

12. The allegations contained in Paragraph 12 consist of Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 12.

13. The allegations contained in Paragraph 13 are legal conclusions, to which no response is required. To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 13.

14. The first and third sentences of Paragraph 14 are legal conclusions, to which no response is required. To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 14. To the extent that the allegations contained in Paragraph 14 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 14 are directed to TAEC, TAEC denies these allegations.

15. The allegations in Paragraph 15 are legal conclusions to which no response is required. To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 15.

## III. THE PARTIES

### A. Plaintiff Target Corporation

16. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

17.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies the allegations.

18.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies the allegations.

**B.     Defendants**

    **1.     IRICO Entities**

19.     Paragraph 19 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies the allegations.

20.     Paragraph 20 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the allegations.

21.     Paragraph 21 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies the allegations.

22.     Paragraph 22 consists of Plaintiff's explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 22.

    **2.     LG Electronics Entities**

23.     Paragraph 23 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies the allegations.

24.     Paragraph 24 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies the allegations.

25.     Paragraph 25 consists of Plaintiff's explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 25.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 3.   LP Displays

26.     Paragraph 26 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies the allegations.

### 4.   Hitachi Entities

27.     Paragraph 27 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies the allegations.

28.     Paragraph 28 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies the allegations.

29.     Paragraph 29 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies the allegations.

30.     Paragraph 30 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies the allegations.

31.     Paragraph 31 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies the allegations.

32.     Paragraph 32 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies the allegations.

33.     Paragraph 33 consists of Plaintiff's explanation of a defined term used in the SAC, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 33.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 5.    Panasonic Entities

34.    Paragraph 34 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

35.    Paragraph 35 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies the allegations.

36.    Paragraph 36 consists of Plaintiff's explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 36.

37.    Paragraph 37 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies the allegations.

38.    Paragraph 38 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, denies the allegations.

### 6.    Phillips Entities

39.    Paragraph 39 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies the allegations.

40.    Paragraph 40 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies the allegations.

41.    Paragraph 41 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

42.      Paragraph 42 relates to another Defendant.      Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies the allegations.

43.      Paragraph 43 consists of Plaintiff's explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 43.

**7.    Samsung Entities**

44.      Paragraph 44 relates to another Defendant.      Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, denies the allegations.

45.      Paragraph 45 relates to another Defendant.      Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies the allegations.

46.      Paragraph 46 relates to another Defendant.      Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies the allegations.

47.      Paragraph 47 relates to another Defendant.      Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, denies the allegations.

48.      Paragraph 48 relates to another Defendant.      Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, denies the allegations.

49.      Paragraph 49 relates to another Defendant.      Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, denies the allegations.

50.      Paragraph 50 relates to another Defendant.      Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

51.     Paragraph 51 consists of Plaintiff's explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 51.

**8.     Samtel**

52.     Paragraph 52 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies the allegations.

**9.     Thai CRT**

53.     Paragraph 53 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies the allegations.

**10.     Toshiba Entities**

54.     Paragraph 54 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and therefore denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 54.

55.     Paragraph 55 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies the allegations,  except that TAEC admits the allegations contained in the first sentence of Paragraph 55.

56.     Paragraph 56 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies the allegations.

57.     TAEC denies the allegations in Paragraph 57, except that TAEC admits that its business address is 9740 Irvine Boulevard, Irvine, CA 92618-1697 and that it is a wholly-owned subsidiary of Toshiba America, Inc.  TAEC avers that it sold cathode ray tubes and certain electronic devices containing cathode ray tubes during the Relevant Period.

58.     Paragraph 58 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, denies the allegations.

59.     Paragraph 59 consists of Plaintiff's explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 59.

### 11.   Chunghwa Entities

60.     Paragraph 60 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and, therefore, denies the allegations.

61.     Paragraph 61 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and, therefore, denies the allegations.

62.     Paragraph 62 consists of Plaintiff's explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 62.

## IV.   AGENTS AND CO-CONSPIRATORS

63.     To the extent that the allegations contained in Paragraph 63 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 63 are directed to TAEC, TAEC denies these allegations.

64.     To the extent that the allegations contained in Paragraph 64 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 64 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

65.     Paragraph 65 relates to other companies.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and, therefore, denies the allegations.

66.     Paragraph 66 relates to other companies.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, therefore, denies the allegations.

67.     Paragraph 67 consists of Plaintiff's explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 67.

68.     Paragraph 68 relates to another company.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and, therefore, denies the allegations.

69.     Paragraph 69 relates to another company.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, denies the allegations.

70.     Paragraph 70 relates to another company.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, therefore, denies the allegations.

71.     To the extent that the allegations contained in Paragraph 71 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 71 are directed to TAEC, TAEC denies these allegations.

## V.    TRADE AND COMMERCE

72.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, therefore, denies the allegations.

73.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

74.     Paragraph 74 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 74.

## VI.   FACTUAL ALLEGATIONS

### A.   CRT Technology

75.     TAEC admits the allegations contained in Paragraph 75.

76.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, therefore, denies the allegations.

77.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, denies the allegations.

78.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and, therefore, denies the allegations.

79.     To the extent that Paragraph 79 describes CRT technology generally, and claims that that CDTs and CPTs are separate products, TAEC admits the allegations in Paragraph 79, but avers that the allegations do not describe comprehensively or accurately all variants of CRT technology.  TAEC denies the remaining allegations in Paragraph 79.

80.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

81.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

82.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and, therefore, denies the allegations. The second sentence of Paragraph 82 consists of argument and Plaintiff's characterization of its claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in the second sentence of Paragraph 82.

83.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, therefore, denies the allegations. The second sentence of Paragraph 83 consists of argument and Plaintiff's characterization

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

of its claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in the second sentence of Paragraph 83.

84.   Paragraph 84 consists of argument and Plaintiff's characterization of its claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 84.

**B.   Structure of the CRT Industry**

85.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies the allegations.

**1.   Market Concentration**

86.   To the extent that the allegations contained in Paragraph 86 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 86 are directed to TAEC, TAEC denies these allegations.

**2.   Information Sharing**

87.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, therefore, denies the allegations.

88.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, therefore, denies the allegations.

**3.   Consolidation**

89.   To the extent that the allegations contained in Paragraph 89 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**4.   Multiple Interrelated Business Relationships**

90.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, therefore, denies the allegations.

91.   To the extent that the allegations contained in Paragraph 91 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 91 are directed to TAEC, TAEC denies these allegations.

     **5.**    **High Costs of Entry Into the Industry**

    92.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, denies the allegations.

    93.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, therefore, denies the allegations.

     **6.**    **The Maturity of the CRT Product Market**

    94.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations.

    95.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and, therefore, denies the allegations.

    96.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and, therefore, denies the allegations.

    97.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, denies the allegations.

    98.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, denies the allegations.

    99.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and, therefore, denies the allegations.

     **7.**    **Homogeneity of CRT Products**

    100.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, denies the allegations.

    101.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## C. Pre-Conspiracy Market

102.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations.

103.    Paragraph 103 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and, therefore, denies the allegations.

## D. Defendants' and Co-Conspirators' Illegal Agreements

104.    To the extent that the allegations contained in Paragraph 104 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 104 are directed to TAEC, TAEC denies these allegations.

105.    To the extent that the allegations contained in Paragraph 105 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 105 are directed to TAEC, TAEC denies these allegations.

106.    Paragraph 106 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and, therefore, denies the allegations.

107.    To the extent that the allegations contained in Paragraph 107 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 107 are directed to TAEC, TAEC denies these allegations.

108.    To the extent that the allegations contained in Paragraph 108 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

extent that the allegations contained in Paragraph 108 are directed to TAEC, TAEC denies these allegations.

### 1. "Glass Meetings"

109.    To the extent that the allegations contained in Paragraph 109 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 109 are directed to TAEC, TAEC denies these allegations.

110.    To the extent that the allegations contained in Paragraph 110 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 110 are directed to TAEC, TAEC denies these allegations.

111.    To the extent that the allegations contained in Paragraph 111 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 111 are directed to TAEC, TAEC denies these allegations.

112.    To the extent that the allegations contained in Paragraph 112 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 112 are directed to TAEC, TAEC denies these allegations.

113.    To the extent that the allegations contained in Paragraph 113 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 113 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

114.    To the extent that the allegations contained in Paragraph 114 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 114 are directed to TAEC, TAEC denies these allegations.

115.    To the extent that the allegations contained in Paragraph 115 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 115 are directed to TAEC, TAEC denies these allegations.

116.    To the extent that the allegations contained in Paragraph 116 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 116 are directed to TAEC, TAEC denies these allegations.

117.    To the extent that the allegations contained in Paragraph 117 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 117 are directed to TAEC, TAEC denies these allegations.

118.    To the extent that the allegations contained in Paragraph 118 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 118 are directed to TAEC, TAEC denies these allegations.

119.    To the extent that the allegations contained in Paragraph 119 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

extent that the allegations contained in Paragraph 119 are directed to TAEC, TAEC denies these allegations.

120.    To the extent that the allegations contained in Paragraph 120 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 120 are directed to TAEC, TAEC denies these allegations.

121.    To the extent that the allegations contained in Paragraph 121 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 121 are directed to TAEC, TAEC denies these allegations.

122.    To the extent that the allegations contained in Paragraph 122 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 122 are directed to TAEC, TAEC denies these allegations.

123.    To the extent that the allegations contained in Paragraph 123 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 123 are directed to TAEC, TAEC denies these allegations.

124.    To the extent that the allegations contained in Paragraph 124 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 124 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## 2.   Bilateral Discussions

125.   To the extent that the allegations contained in Paragraph 125 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 125 are directed to TAEC, TAEC denies these allegations.

126.   To the extent that the allegations contained in Paragraph 126 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 126 are directed to TAEC, TAEC denies these allegations.

127.   To the extent that the allegations contained in Paragraph 127 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 127 are directed to TAEC, TAEC denies these allegations.

128.   To the extent that the allegations contained in Paragraph 128 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 128 are directed to TAEC, TAEC denies these allegations.

129.   To the extent that the allegations contained in Paragraph 129 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 129 are directed to TAEC, TAEC denies these allegations.

130.   To the extent that the allegations contained in Paragraph 130 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 130 are directed to TAEC, TAEC denies these allegations.

### 3.    Defendants' And Co-Conspirators' Participation In Group And Bilateral Discussions

131.    Paragraph 131 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 and, therefore, denies the allegations.

132.    Paragraph 132 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 and, therefore, denies the allegations.

133.    Paragraph 133 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 and, therefore, denies the allegations.

134.    Paragraph 134 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 and, therefore, denies the allegations.

135.    Paragraph 135 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 and, therefore, denies the allegations.

136.    Paragraph 136 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 and, therefore, denies the allegations.

137.    Paragraph 137 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

138.    Paragraph 138 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 and, therefore, denies the allegations.

139.    Paragraph 139 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 and, therefore, denies the allegations.

140.    Paragraph 140 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 and, therefore, denies the allegations.

141.    Paragraph 141 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 and, therefore, denies the allegations.

142.    Paragraph 142 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 and, therefore, denies the allegations.

143.    Paragraph 143 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and, therefore, denies the allegations.

144.    Paragraph 144 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 and, therefore, denies the allegations.

145.    Paragraph 145 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 and, therefore, denies the allegations.

146.    Paragraph 146 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

147.    To the extent that the allegations contained in Paragraph 147 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 147 are directed to TAEC, TAEC denies these allegations.

148.    To the extent that the allegations contained in Paragraph 148 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 148 are directed to TAEC, TAEC denies these allegations.

149.    Paragraph 149 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 and, therefore, denies the allegations.

150.    Paragraph 150 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 and, therefore, denies the allegations.

151.    To the extent that Paragraph 151 consists of Plaintiff's characterization of its claims and Plaintiff's explanation of a defined term used in the SAC, no response is required.  To the extent that the allegations contained in Paragraph 151 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 151 may be deemed to require a response from TAEC, TAEC denies these allegations.

**E.    The CRT Market During the Conspiracy**

152.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 and, therefore, denies the allegations.

153.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

154.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 and, therefore, denies the allegations.

155.     To the extent that Paragraph 155 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 155 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 155 may be deemed to require a response from TAEC, TAEC denies these allegations.

156.     To the extent that Paragraph 156 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 156 may be deemed to require a response from TAEC, TAEC denies these allegations.

157.     To the extent that the allegations contained in Paragraph 157 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 157 are directed to TAEC, TAEC denies these allegations.

158.     To the extent that Paragraph 158 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 158 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 158 are directed to TAEC, TAEC denies these allegations.

159.     To the extent that Paragraph 159 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 159 relate to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 159 are directed to TAEC, TAEC denies these allegations.

160.   To the extent that Paragraph 160 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 160 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 160 are directed to TAEC, TAEC denies these allegations.

161.   To the extent that the allegations contained in Paragraph 161 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 161 are directed to TAEC, TAEC denies these allegations.

162.   To the extent that the allegations contained in Paragraph 162 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 162 are directed to TAEC, TAEC denies these allegations.

163.   To the extent that Paragraph 163 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 163 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 163 may be deemed to require a response from TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

164.    To the extent that the allegations contained in Paragraph 164 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 164 are directed to TAEC, TAEC denies these allegations.

165.    To the extent that the allegations contained in Paragraph 165 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 165 are directed to TAEC, TAEC denies these allegations.

**F.    International Government Antitrust Investigations**

166.    To the extent that Paragraph 166 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 166 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 166 are directed to TAEC, TAEC denies these allegations.

167.    To the extent that Paragraph 167 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 167 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 167 may be deemed to require a response from TAEC, TAEC denies these allegations.

168.    To the extent that Paragraph 168 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Paragraph 168 relate to other Defendants or third parties, TAEC lacks knowledge or

2    information sufficient to form a belief as to the truth of these allegations and, therefore,

3    denies these allegations.  To the extent that the allegations contained in Paragraph 168 may

4    be deemed to require a response from TAEC, TAEC denies these allegations.

5        169.    To the extent that Paragraph 169 consists of purported statements by

6    government authorities or statements in public documents, those statements speak for

7    themselves and no response is required.  To the extent that the allegations contained in

8    Paragraph 169 relate to other Defendants or third parties, TAEC lacks knowledge or

9    information sufficient to form a belief as to the truth of these allegations and, therefore,

10   denies these allegations.  To the extent that the allegations contained in Paragraph 169 may

11   be deemed to require a response from TAEC, TAEC denies these allegations.

12       170.    To the extent that Paragraph 170 consists of purported statements by

13   government authorities or statements in public documents, those statements speak for

14   themselves and no response is required.  To the extent that the allegations contained in

15   Paragraph 170 relate to other Defendants or third parties, TAEC lacks knowledge or

16   information sufficient to form a belief as to the truth of these allegations and, therefore,

17   denies these allegations.  To the extent that the allegations contained in Paragraph 170 may

18   be deemed to require a response from TAEC, TAEC denies these allegations.

19       171.    To the extent that Paragraph 171 consists of purported statements by

20   government authorities or statements in public documents, those statements speak for

21   themselves and no response is required.  To the extent that the allegations contained in

22   Paragraph 171 relate to other Defendants or third parties, TAEC lacks knowledge or

23   information sufficient to form a belief as to the truth of these allegations and, therefore,

24   denies these allegations.  To the extent that the allegations contained in Paragraph 171 may

25   be deemed to require a response from TAEC, TAEC denies these allegations.

26       172.    To the extent that Paragraph 172 consists of purported statements by

27   government authorities or statements in public documents, those statements speak for

28   themselves and no response is required.  To the extent that the allegations contained in

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Paragraph 172 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 172 may be deemed to require a response from TAEC, TAEC denies these allegations.

173.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 and, therefore, denies these allegations.

174.    To the extent that the allegations contained in Paragraph 174 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 174 are directed to TAEC, TAEC denies these allegations.

175.    To the extent that the allegations contained in Paragraph 175 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 175 are directed to TAEC, TAEC denies these allegations.

176.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 and, therefore, denies these allegations.

177.    To the extent that Paragraph 177 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 177 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 177 may be deemed to require a response from TAEC, TAEC denies these allegations.

178.    To the extent that Paragraph 178 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Paragraph 178 may be deemed to require a response from TAEC, TAEC denies these allegations.

179.   To the extent that Paragraph 179 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 179 may be deemed to require a response from TAEC, TAEC denies these allegations.

180.   To the extent that Paragraph 180 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 180 may be deemed to require a response from TAEC, TAEC denies these allegations.

**G.   The Role of Trade Associations During the Relevant Period**

181.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 and, therefore, denies these allegations.

182.   Paragraph 182 relates to other Defendants or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 and, therefore, denies these allegations.

183.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 and, therefore, denies these allegations.

184.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 and, therefore, denies these allegations.

185.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 and, therefore, denies these allegations.

**H.   Effects of Defendants' Antitrust Violations**

    **1.   Examples of Reductions in Manufacturing Capacity by Defendants**

186.   To the extent that the allegations contained in Paragraph 186 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 186 are directed to TAEC, TAEC denies these allegations.

187.   Paragraph 187 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 and, therefore, denies these allegations.

188.   Paragraph 188 relates to other Defendants or third parties.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 and, therefore, denies these allegations.

189.   Paragraph 189 relates to other Defendants or third parties.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 and, therefore, denies these allegations.

190.   Paragraph 190 relates to other Defendants or third parties.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 and, therefore, denies these allegations.

191.   Paragraph 191 relates to other Defendants or third parties.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 and, therefore, denies these allegations.

**2.    Examples of Collusive Pricing for CRT Products**

192.   To the extent that Paragraph 192 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 192 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegation contained in Paragraph 192 may be deemed to require a response from TAEC, TAEC denies these allegations.

193.   To the extent that Paragraph 193 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

response is required.  To the extent that the allegations contained in Paragraph 193 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegation contained in Paragraph 193 may be deemed to require a response from TAEC, TAEC denies these allegations.

194.   To the extent that the allegations contained in Paragraph 194 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 194 are directed to TAEC, TAEC denies these allegations.

195.   To the extent that Paragraph 195 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 195 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 195 may be deemed to require a response from TAEC, TAEC denies these allegations.

196.   To the extent that Paragraph 196 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 196 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 196 may be deemed to require a response from TAEC, TAEC denies these allegations.

197.   To the extent that the allegations contained in Paragraph 197 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  extent that the allegations contained in Paragraph 197 are directed to TAEC, TAEC denies

2  these allegations.

3      198.  To the extent that Paragraph 198 consists of purported statements in news

4  reports or statements in public documents, those statements speak for themselves and no

5  response is required.  To the extent that the allegations contained in Paragraph 198 relate to

6  other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

7  a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

8  extent that the allegations contained in Paragraph 198 may be deemed to require a response

9  from TAEC, TAEC denies these allegations.

10      199.  Paragraph 199 relates to another Defendant.  Accordingly, TAEC lacks

11  knowledge or information sufficient to form a belief as to the truth of the allegations

12  contained in Paragraph 199 and, therefore, denies these allegations.

13      200.  To the extent that Paragraph 200 consists of purported statements in news

14  reports or statements in public documents, those statements speak for themselves and no

15  response is required.  To the extent that the allegations contained in Paragraph 200 relate to

16  other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

17  a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

18  extent that the allegations contained in Paragraph 200 may be deemed to require a response

19  from TAEC, TAEC denies these allegations.

20      201.  To the extent that the allegations contained in Paragraph 201 relate to other

21  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

22  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

23  extent that the allegations contained in Paragraph 201 are directed to TAEC, TAEC denies

24  these allegations.

25      **I.**      **Summary of Effects of the Conspiracy Involving CRT Products**

26      202.  Paragraph 202 consists of argument, Plaintiff's characterization of its claims,

27  or legal conclusions, to which no response is required.  To the extent that the allegations

28  contained in Paragraph 202 relate to other Defendants or third parties, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 202 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**VII.  PLAINTIFF'S INJURIES**

203.    To the extent that Paragraph 203 contains argument, Plaintiff's characterization of its claims, or legal conclusions, no response is required.   To the extent that the allegations contained in Paragraph 203 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 203 are directed to TAEC, TAEC denies these allegations.

204.    To the extent that the allegations contained in Paragraph 204 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 204 are directed to TAEC, TAEC denies these allegations.

205.    To the extent that Paragraph 205 contains argument or legal conclusions, no response is required.   To the extent that the allegations contained in Paragraph 205 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 205 are directed to TAEC, TAEC denies these allegations.

206.    To the extent that Paragraph 206 contains argument or legal conclusions, no response is required.   To the extent that the allegations contained in Paragraph 206 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

extent that the allegations contained in Paragraph 206 are directed to TAEC, TAEC denies these allegations.

207.    To the extent that Paragraph 207 contains argument or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 207 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 207 are directed to TAEC, TAEC denies these allegations.

208.    Paragraph 208 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 208 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 208 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form the belief as to the truth of these allegations and, therefore, denies these allegations.

209.    Paragraph 209 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 209 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 209 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form the belief as to the truth of these allegations and, therefore, denies these allegations.

**VIII. FRAUDULENT CONCEALMENT**

210.    Paragraph 210 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 210 relate to other Defendants or third parties, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 210 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

211.    Paragraph 211 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 211 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 211 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

212.    Paragraph 212 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 212 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 212 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

213.    Paragraph 213 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 213 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 213 may be deemed to require a response from TAEC, TAEC lacks knowledge

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

214.    Paragraph 214 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 214 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 214 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

215.    Paragraph 215 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 215 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 215 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

216.    Paragraph 216 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 216 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 216 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

217.    Paragraph 217 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6

contained in Paragraph 217 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 217 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

7
8
9
10
11
12
13
14

218.   Paragraph 218 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 218 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 218 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

15
16
17

219.   Paragraph 219 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 219 and, therefore, denies the allegations.

18
19
20

220.   Paragraph 220 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 and, therefore, denies the allegations.

21
22
23
24
25
26
27
28

221.   Paragraph 221 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 221 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 221 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

222.    Paragraph 222 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 222 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 222 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## IX.  *AMERICAN PIPE*, GOVERNMENT ACTION AND CROSS-JURISDICTIONAL TOLLING

223.    Paragraph 223 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 223 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 223 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

224.    Paragraph 224 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 224 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 224 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

225.    Paragraph 225 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

contained in Paragraph 225 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 225 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## X.   CLAIM FOR VIOLATIONS

### First Claim for Relief

### (Violation of Section 1 of the Sherman Act)

226.   TAEC hereby incorporates by reference its responses to Paragraphs 1-225 of the SAC, as set forth above.

227.   Paragraph 227 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 227 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 227 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

228.   Paragraph 228 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 228 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 228 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

229.    Paragraph 229 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 229 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 229 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

230.    Paragraph 230 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 230 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 230 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

231.    Paragraph 231 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 231 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 231 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

232.    Paragraph 232 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 232 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  therefore, denies these allegations. To the extent that the allegations contained in

2  Paragraph 232 may be deemed to require a response from TAEC, TAEC lacks knowledge

3  or information sufficient to form a belief as to the truth of these allegations and, therefore,

4  denies these allegations.

5  **Second Claim for Relief**

6  **(Violation of the California Cartwright Act)**

7      233.    TAEC hereby incorporates by reference its responses to Paragraphs 1-232 of

8  the SAC, as set forth above.

9      234.    Paragraph 234 consists of argument, Plaintiff's characterization of its claims,

10  or legal conclusions, to which no response is required. To the extent that the allegations

11  contained in Paragraph 234 relate to other Defendants or third parties, TAEC lacks

12  knowledge or information sufficient to form a belief as to the truth of these allegations and,

13  therefore, denies these allegations. To the extent that the allegations contained in

14  Paragraph 234 may be deemed to require a response from TAEC, TAEC lacks knowledge

15  or information sufficient to form a belief as to the truth of these allegations and, therefore,

16  denies these allegations.

17      235.    Paragraph 235 consists of argument, Plaintiff's characterization of its claims,

18  or legal conclusions, to which no response is required. To the extent that the allegations

19  contained in Paragraph 235 relate to other Defendants or third parties, TAEC lacks

20  knowledge or information sufficient to form a belief as to the truth of these allegations and,

21  therefore, denies these allegations. To the extent that the allegations contained in

22  Paragraph 235 are directed to TAEC, TAEC denies these allegations, except that TAEC

23  avers that it maintained offices in California during the Relevant Period.

24      236.    Paragraph 236 consists of argument, Plaintiff's characterization of its claims,

25  or legal conclusions, to which no response is required. To the extent that the allegations

26  contained in Paragraph 236 relate to other Defendants or third parties, TAEC lacks

27  knowledge or information sufficient to form a belief as to the truth of these allegations and,

28  therefore, denies these allegations. To the extent that the allegations contained in

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   Paragraph 236 may be deemed to require a response from TAEC, TAEC lacks knowledge

2   or information sufficient to form a belief as to the truth of these allegations and, therefore,

3   denies these allegations.

4       237.   Paragraph 237 consists of argument, Plaintiff's characterization of its claims,

5   or legal conclusions, to which no response is required.  To the extent that the allegations

6   contained in Paragraph 237 relate to other Defendants or third parties, TAEC lacks

7   knowledge or information sufficient to form a belief as to the truth of these allegations and,

8   therefore, denies these allegations.  To the extent that the allegations contained in

9   Paragraph 237 may be deemed to require a response from TAEC, TAEC lacks knowledge

10  or information sufficient to form a belief as to the truth of these allegations and, therefore,

11  denies these allegations.,

12      238.   Paragraph 238 consists of argument, Plaintiff's characterization of its claims

13  or legal conclusions, to which no response is required.  To the extent that the allegations

14  contained in Paragraph 238 relate to other Defendants or third parties, TAEC lacks

15  knowledge or information sufficient to form a belief as to the truth of these allegations and,

16  therefore, denies these allegations.  To the extent that the allegations contained in

17  Paragraph 238 may be deemed to require a response from TAEC, TAEC lacks knowledge

18  or information sufficient to form a belief as to the truth of these allegations and, therefore,

19  denies these allegations.

20      239.   Paragraph 239 consists of argument, Plaintiff's characterization of its claims,

21  or legal conclusions, to which no response is required.  To the extent that the allegations

22  contained in Paragraph 239 relate to other Defendants or third parties, TAEC lacks

23  knowledge or information sufficient to form a belief as to the truth of these allegations and,

24  therefore, denies these allegations.  To the extent that the allegations contained in

25  Paragraph 239 may be deemed to require a response from TAEC, TAEC lacks knowledge

26  or information sufficient to form a belief as to the truth of these allegations and, therefore,

27  denies these allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

240.    Paragraph 240 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 240 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 240 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

241.    Paragraph 241 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 241 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 241 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

### Third Claim for Relief

### (Violation Of State Antitrust and Unfair Competition Law)

242.    TAEC hereby incorporates by reference its responses to Paragraphs 1-241 of the SAC, as set forth above.

243.    Paragraph 243 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 243 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 243 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

244.    Paragraph 244 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 244 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 244 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

245.    Paragraph 245 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 245 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 245 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

246.    Paragraph 246 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 246 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 246 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

247.    Paragraph 247 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 247 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  therefore, denies these allegations.   To the extent that the allegations contained in

2  Paragraph 247 may be deemed to require a response from TAEC, TAEC lacks knowledge

3  or information sufficient to form a belief as to the truth of these allegations and, therefore,

4  denies these allegations.

5       248.    Paragraph 248 consists of argument, Plaintiff's characterization of its claims,

6  or legal conclusions, to which no response is required.   To the extent that the allegations

7  contained in Paragraph 248 relate to other Defendants or third parties, TAEC lacks

8  knowledge or information sufficient to form a belief as to the truth of these allegations and,

9  therefore, denies these allegations.   To the extent that the allegations contained in

10  Paragraph 248 may be deemed to require a response from TAEC, TAEC lacks knowledge

11  or information sufficient to form a belief as to the truth of these allegations and, therefore,

12  denies these allegations.

13       249.    Paragraph 249 consists of argument, Plaintiff's characterization of its claims,

14  or legal conclusions, to which no response is required.   To the extent that the allegations

15  contained in Paragraph 249 relate to other Defendants or third parties, TAEC lacks

16  knowledge or information sufficient to form a belief as to the truth of these allegations and,

17  therefore, denies these allegations.   To the extent that the allegations contained in

18  Paragraph 249 may be deemed to require a response from TAEC, TAEC lacks knowledge

19  or information sufficient to form a belief as to the truth of these allegations and, therefore,

20  denies these allegations.

21       250.    Paragraph 250 consists of argument, Plaintiff's characterization of its claims,

22  or legal conclusions, to which no response is required.   To the extent that the allegations

23  contained in Paragraph 250 relate to other Defendants or third parties, TAEC lacks

24  knowledge or information sufficient to form a belief as to the truth of these allegations and,

25  therefore, denies these allegations.   To the extent that the allegations contained in

26  Paragraph 250 may be deemed to require a response from TAEC, TAEC lacks knowledge

27  or information sufficient to form a belief as to the truth of these allegations and, therefore,

28  denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

251.    Paragraph 251 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 251 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 251 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

252.    Paragraph 252 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 252 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 252 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

253.    Paragraph 253 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 253 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 253 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

254.    Paragraph 254 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 254 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  therefore, denies these allegations.  To the extent that the allegations contained in

2  Paragraph 254 may be deemed to require a response from TAEC, TAEC lacks knowledge

3  or information sufficient to form a belief as to the truth of these allegations and, therefore,

4  denies these allegations.

5       255.    Paragraph 255 consists of argument, Plaintiff's characterization of its claims,

6  or legal conclusions, to which no response is required.  To the extent that the allegations

7  contained in Paragraph 255 relate to other Defendants or third parties, TAEC lacks

8  knowledge or information sufficient to form a belief as to the truth of these allegations and,

9  therefore, denies these allegations.  To the extent that the allegations contained in

10 Paragraph 255 may be deemed to require a response from TAEC, TAEC lacks knowledge

11 or information sufficient to form a belief as to the truth of these allegations and, therefore,

12 denies these allegations.

13      256.    Paragraph 256 consists of argument, Plaintiff's characterization of its claims,

14 or legal conclusions, to which no response is required.  To the extent that the allegations

15 contained in Paragraph 256 relate to other Defendants or third parties, TAEC lacks

16 knowledge or information sufficient to form a belief as to the truth of these allegations and,

17 therefore, denies these allegations.  To the extent that the allegations contained in

18 Paragraph 256 may be deemed to require a response from TAEC, TAEC lacks knowledge

19 or information sufficient to form a belief as to the truth of these allegations and, therefore,

20 denies these allegations.

21      257.    Paragraph 257 consists of argument, Plaintiff's characterization of its claims,

22 or legal conclusions, to which no response is required.  To the extent that the allegations

23 contained in Paragraph 257 relate to other Defendants or third parties, TAEC lacks

24 knowledge or information sufficient to form a belief as to the truth of these allegations and,

25 therefore, denies these allegations.  To the extent that the allegations contained in

26 Paragraph 257 may be deemed to require a response from TAEC, TAEC lacks knowledge

27 or information sufficient to form a belief as to the truth of these allegations and, therefore,

28 denies these allegations.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO TARGET
CORP.'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

258.    Paragraph 258 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 258 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 258 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## XI.   PRAYER FOR RELIEF

In answer to the Prayer for Relief, TAEC denies each and every allegation in the Prayer and further specifically denies that Plaintiff is entitled to any of the relief requested or any remedy whatsoever against TAEC.

All allegations of the SAC not heretofore admitted or denied are here and now denied as though specifically denied herein.

## DEFENSES/AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, TAEC asserts the following separate and additional defenses:

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## SECOND DEFENSE

The SAC fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or part because the SAC fails to plead conspiracy with particularity required under applicable law.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## FOURTH DEFENSE

Plaintiff has failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE

Plaintiff's state law claims are barred or limited in whole or in part by the doctrine of *forum non conveniens* and improper venue.  Plaintiff's claims, to the extent they rely on the laws of foreign states, would be better adjudicated in those foreign courts.

## SIXTH DEFENSE

Plaintiff's claims against TAEC are barred to the extent that it has agreed to arbitration or chosen a different forum for the resolution of its claims.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring or maintain the claims set forth in the SAC.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was not validly assigned those claims.

## NINTH DEFENSE

TAEC asserts as defenses to Plaintiff's claims any additional defense that it might have against Plaintiff's purported assignors, as to whom additional defenses cannot presently be ascertained.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that it did not purchase CRTs directly from Defendants, because it is an indirect purchaser and barred from maintaining an action under 15 U.S.C. § 1 for alleged injuries in that capacity.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no antitrust injury.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations, including but not limited to:  15 U.S.C. § 15b; Ariz. Rev. Stat. Ann. § 44-1410; Cal. Bus. & Prof. Code § 17208; Cal. Bus. & Prof. Code § 16750.1; Cal. Civ. Proc. Code §§ 337-340; Fla. Stat. § 95.11(f); 740 Ill. Comp. Stat. 10/7; Iowa Code §§ 553.12 and 553.16; Kan. Stat. Ann. § 60-512(2); Mich. Comp. Laws §§ 445.781 and 600.5813; Minn. Stat. § 325D.64(1); N.Y. C.P.L.R. 214(2); N.C. Gen. Stat. § 75-16.2; and Wis. Stat. § 133.18.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because no Plaintiff has been injured in its business or property by reason of any action of TAEC

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of TAEC or were caused, if at all, solely and proximately by the conduct of third parties including, without limitation, the prior, intervening or superseding conduct of such third parties.

**EIGHTEENTH DEFENSE**

To the extent that any actionable conduct occurred, Plaintiff's claims against TAEC are barred because all such conduct would have been committed by individuals acting *ultra vires*.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damages as a result of any actions taken by TAEC or the other Defendants.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TWENTIETH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**TWENTY-FIRST DEFENSE**

Plaintiff is barred from recovery of any damages because of, and to the extent of, its failure to mitigate damages.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any actions or practices of TAEC that are the subject of the SAC were undertaken unilaterally for legitimate business reasons and in pursuit of TAEC's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between TAEC and any other person or entity.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the SAC were adopted in furtherance of legitimate business interests of TAEC and of its customers and did not unreasonably restrain competition.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the SAC were cost justified or otherwise economically justified and resulted from a good-faith effort to meet competition or market conditions.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the alleged conduct complained of was caused by, due to, based upon, or in response to directives, laws, regulations, policies or acts of governments, governmental agencies and entities or regulatory agencies, and as such is non-actionable or privileged.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**TWENTY-SIXTH DEFENSE**

To the extent there is a finding of an illegal overcharge, Plaintiff's claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to the indirect purchasers.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because, as an indirect purchaser, it fails to meet its burden of proving that it was damaged in fact by the conduct of which complaint is here made, including the burden of proving that any so-called overcharge of which complaint is made and which was not absorbed by predecessors to Plaintiff in the chain of distribution was not passed on to a third party.

**TWENTY-EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent it seeks improper multiple damage awards and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

**TWENTY-NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

**THIRTIETH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**THIRTY-FIRST DEFENSE**

Plaintiff's claims for injunctive relief should be dismissed because Plaintiff has available an adequate remedy at law.

**THIRTY-SECOND DEFENSE**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### THIRTY-THIRD DEFENSE

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, TAEC contends that it is entitled to set off any amounts paid to Plaintiff by any Defendants other than TAEC who have settled, or do settle, Plaintiff's claims against them in this action.

### THIRTY-FOURTH DEFENSE

Plaintiff's claims for injunctive relief are barred, in whole or in part, insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

### THIRTY-FIFTH DEFENSE

Plaintiff lacks standing to prosecute its state antitrust claims, in whole or in part, under, without limitation, the following statutes:  Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq.*; Cal. Bus. & Prof. Code §§ 16700, *et seq.*; Cal. Bus. & Prof. Code §§ 17200, *et seq.*; 740 Ill. Comp. Stat. 10/1, *et seq.*; Iowa Code §§ 553.1, *et seq.*; Kan. Stat. Ann. §§ 50-101, *et seq.*; Mich. Comp. Laws §§ 445.771, *et seq.*; Minn. Stat. §§ 325D.52, *et seq.*; N.Y. Gen. Bus. Law §§ 340 *et seq.*; N.C. Gen. Stat. §§ 75-1, *et seq.*; and Wis. Stat. §§ 133.01, *et seq.*

### THIRTY-SIXTH DEFENSE

Plaintiff lacks standing to prosecute its state consumer protection claims, in whole or in part, under, without limitation, the following statutes:  Cal. Bus. & Prof. Code §§ 17200, *et seq.*; Fla. Stat. §§ 501.201, *et seq.*; N.Y. Gen. Bus. Law §§ 349, *et seq.*; and N.C. Gen. Stat. §§ 75-1.1, *et seq.*

### THIRTY-SEVENTH DEFENSE

Plaintiff's claims under Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq.*, are barred, in whole or in part, because Plaintiff failed to comply with the requirements of Ariz. Rev. Stat. Ann. § 44-1415.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**THIRTY-EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that the claims are based on California law and any of the alleged events took place outside the state of California without impact on California residents.

**THIRTY-NINTH DEFENSE**

Any award of restitution under Cal. Bus. & Prof. Code § 17203 based upon asserted interests or injuries of Plaintiff would violate the Excessive Fines Clause of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and Article I, Section 17 of the California Constitution.

**FORTIETH DEFENSE**

Plaintiff's claims for monetary relief under Cal. Bus. & Prof. Code § 17203 are barred, in whole or in part, because TAEC did not acquire any money or property from Plaintiff.

**FORTY-FIRST DEFENSE**

Any finding of liability under Cal. Bus. & Prof. Code §§ 17200, 17203 or 17204 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, permitting retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

**FORTY-SECOND DEFENSE**

Any award of restitution to Plaintiff under Cal. Bus. & Prof. Code § 17203 would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution) and Article I, Section 19 of the California Constitution.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### FORTY-THIRD DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 to persons who refuse to execute an acknowledgement that the payment is in full settlement of claims against Defendants would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### FORTY-FOURTH DEFENSE

Plaintiff's claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, are barred, in whole or in part, because the application of §§ 16700, *et seq.*, to wholly interstate or foreign commerce violates the Commerce Clause of the United States Constitution.

### FORTY-FIFTH DEFENSE

Any award of treble damages, punitive damages or restitution pursuant to Cal. Bus. & Prof. Code §§ 16720, 16727, 16750, or 16761 would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the California Constitution.

### FORTY-SIXTH DEFENSE

Plaintiff's claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of TAEC occurring outside of California.

### FORTY-SEVENTH DEFENSE

Plaintiff's claims for unjust enrichment brought under California law are barred, in whole or in part, because TAEC did not receive a benefit from Plaintiff, TAEC did not retain any benefit, or the receipt of any benefit was not unjust.

### FORTY-EIGHTH DEFENSE

Plaintiff's claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because pursuant to § 501.202(3), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") must be construed in a manner consistent with federal antitrust laws.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Because Plaintiff's injuries are too speculative, derivative, indirect, and remote to confer standing under federal antitrust law, they also do not confer standing under FDUTPA.

### FORTY-NINTH DEFENSE

Plaintiff's claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because Plaintiff cannot establish actual damages.

### FIFTIETH DEFENSE

Plaintiff's claims under Iowa Code §§ 553.1, *et seq.*, are barred, in whole or in part, because Plaintiff has not suffered actual, cognizable injury under the Iowa Competition Law.

### FIFTY-FIRST DEFENSE

Plaintiff's claims under Iowa Code §§ 553.1, *et seq.*, are barred, in whole or in part, because Plaintiff cannot establish actual damages.

### FIFTY-SECOND DEFENSE

Plaintiff's claims under Kan. Stat. Ann. §§ 50-101, *et seq.*, are barred, in whole or in part, because Plaintiff has not suffered any actual, cognizable injury under Kansas law.

### FIFTY-THIRD DEFENSE

Plaintiff's claims under Kansas law are barred, in whole or in part, because the remedies sought are unconstitutional and contrary to public policy.

### FIFTY-FOURTH DEFENSE

Plaintiff's claims under Kansas law are barred, in whole or in part, because Plaintiff is not entitled to "full consideration" damages.

### FIFTY-FIFTH DEFENSE

Plaintiff's claims under Mich. Comp. Laws §§ 445.771, *et seq.*, are barred, in whole or in part, because the Michigan Antitrust Reform Act is not applicable to conduct occurring outside of Michigan.

### FIFTY-SIXTH DEFENSE

Plaintiff's claims under Mich. Comp. Laws §§ 445.771, *et seq.*, are barred, in whole or in part, because Plaintiff cannot establish actual damages.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**FIFTY-SEVENTH DEFENSE**

Plaintiff's claims under Minn. Stat. §§ 325D.52, *et seq.*, are barred, in whole or in part, because under Minn. Stat. § 325D.57, courts should take efforts to avoid imposition of duplicative damages in successive suits.

**FIFTY-EIGHTH DEFENSE**

Plaintiff's claims under Minn. Stat. §§ 325D.52, *et seq.*, are barred, in whole or in part, because the alleged conduct did not affect the trade or commerce in Minnesota as required by Minn. Stat. § 325D.54.

**FIFTY-NINTH DEFENSE**

Plaintiff's claims under New York law and other applicable laws are barred by the voluntary payment doctrine, under which one cannot recover payments with full knowledge of the facts.

**SIXTIETH DEFENSE**

Plaintiff's claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part, because Plaintiff cannot establish actual damages.

**SIXTY-FIRST DEFENSE**

Plaintiff's claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part, because any alleged conduct by TAEC is, or if in interstate commerce would be, subject to and compliant with the rules and regulations of, and statutes administered by, the Federal Trade Commission or other official department, division, commission or agency of the United States, as these rules, regulations, or statutes are interpreted by the Federal Trade Commission or such department, division, commission or agency of the federal courts. N.Y. Gen. Bus. Law § 349(d).

**SIXTY-SECOND DEFENSE**

Plaintiff's claims under N.C. Gen. Stat. § 75-1.1, *et seq.*, are barred, in whole or in part, because Plaintiff has not suffered any actual cognizable injuries or damages under N.C. Gen. Stat. § 75-16 or otherwise under the laws of North Carolina as a result of the conduct alleged in the SAC.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**SIXTY-THIRD DEFENSE**

Plaintiff's claims under N.C. Gen. Stat. § 75-1.1, *et seq.*, are barred, in whole or in part, to the extent that an award of damages under N.C. Gen. Stat. § 75-16 is unconstitutional when applied to the facts of the instant matter.

**SIXTY-FOURTH DEFENSE**

Plaintiff lacks standing to prosecute its North Carolina state antitrust claims against TAEC, in whole or in part, because they have not met the modified *Associated General Contractors* test set forth in *Crouch v. Crompton Corp.*, Nos. 02-4375, 03-2514, 2004 WL 2414027, at *18-20 (N.C. Super. Oct. 28, 2004).

**SIXTY-FIFTH DEFENSE**

TAEC adopts by reference any applicable defense pleaded by any other Defendant not otherwise expressly set forth herein.

**SIXTY-SIXTH DEFENSE**

TAEC reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

**TAEC'S PRAYER FOR RELIEF**

WHEREFORE, TAEC prays for judgment as follows:

1. That Plaintiff take nothing by reason of the SAC, and that the action be dismissed with prejudice;

2. That the Court enter judgment in favor of TAEC and against Plaintiff with respect to all causes of action in the SAC;

3. That the Court award TAEC its attorneys' fees and other costs reasonably incurred in the defense of this action; and

4. That the Court order such other further relief for TAEC as the Court may deem just and proper.

1   Dated: November 4, 2013                Respectfully submitted,

2                                          WHITE & CASE LLP

3

4                                          By:   /s/ Lucius B. Lau
                                               Christopher M. Curran (*pro hac vice*)
5                                              ccurran@whitecase.com
                                               Lucius B. Lau (*pro hac vice*)
6                                              alau@whitecase.com
                                               Dana E. Foster (*pro hac vice*)
7                                              defoster@whitecase.com
                                               701 Thirteenth Street, N.W.
8                                              Washington, DC 20005
                                               tel.: (202) 626-3600
9                                              fax: (202) 639-9355
10
                                               *Counsel to Defendant*
11                                             *Toshiba America Electronic Components, Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

On November 4, 2013, I caused a copy of the "TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO TARGET CORP.'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF" to be served via ECF on the other parties in this action.


By:  _/s/ Lucius B. Lau_____
Lucius B. Lau (*pro hac vice*)