Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944 SC<br>MDL No. 1917<br>Individual Case No.:  3:11-CV-05502-SC |
| This Document Relates to:<br><br>Case No. 3:11-CV-05502-SC<br><br>ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST,<br><br>       Plaintiff,<br><br>v.<br><br>HITACHI, LTD.; et al.,<br><br>       Defendants. | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT**<br><br>The Honorable Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4

For its Answer to the First Amended Complaint of Alfred H. Siegel, as the duly appointed Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Circuit City") ("FAC"), Defendant Toshiba America Electronic Components, Inc. ("TAEC") states as follows:

5
**I. INTRODUCTION[1]**

6
7
8
9
10
11
12
13

1.	The allegations contained in Paragraph 1 consist of Plaintiff's characterization of its case and an explanation of defined terms used in its FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of the first sentence of Paragraph 1.  To the extent that the allegations contained in Paragraph 1 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 1 are directed to TAEC, TAEC denies these allegations.

14
15
16
17
18
19
20

2.	To the extent that the allegations contained in Paragraph 2 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 2 are directed to TAEC, TAEC denies these allegations.  The allegations in the second, third, and fourth sentence of Paragraph 2 consist of defined terms, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations in the second, third, and fourth sentence of Paragraph 2.

21
22
23
24
25

3.	Paragraph 3 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 3 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

26
27

4.	Paragraph 4 consists of argument, Plaintiff's characterization of its claims, and/or legal conclusions, to which no response is required.  To the extent that the

28

[1] For ease of reference, the headings in this Answer correspond to the headings in the FAC.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

allegations contained in Paragraph 4 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 4 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

5.    To the extent that the allegations contained in Paragraph 5 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 5 are directed to TAEC, TAEC denies these allegations.

6.    To the extent that the allegations contained in Paragraph 6 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 6 are directed to TAEC, TAEC denies these allegations.

7.    Paragraph 7 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 7 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

8.    To the extent that Paragraph 8 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 8 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 8 may be deemed to require a response from TAEC, TAEC denies these allegations.

9.    To the extent that the allegations contained in Paragraph 9 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the

truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 9 are directed to TAEC, TAEC denies these allegations.

10. Paragraph 10 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 10 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

11. Paragraph 11 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 11 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## II. JURISDICTION AND VENUE

12. The allegations contained in Paragraph 12 consist of Plaintiff's characterization of its case, to which no response is required. To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 12.

13. To the extent that the allegations contained in Paragraph 13 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 13 are directed to TAEC, TAEC denies these allegations.

14. The allegations contained in Paragraph 14 are legal conclusions to which no response is required. To the extent that a response is deemed required, TAEC denies the allegations to Paragraph 14.

15. Paragraph 15 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 15 may be deemed to require a response from TAEC,

TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, denies these allegations.

16.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies these allegations.

17.    The allegations contained in the first and second sentences in Paragraph 17 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of the first and second sentences in Paragraph 17. To the extent that the allegations in the third sentence of Paragraph 17 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations in the third sentence of Paragraph 17 are directed to TAEC, TAEC denies these allegations.

## III. PARTIES

### A.    Plaintiff

18.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies the allegations.

19.    Paragraph 19 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 19 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

20.    Paragraph 20 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 20 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

21.    Paragraph 21 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

allegations contained in Paragraph 21 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

22.     Paragraph 22 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 22 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**B.     Defendants**

**1.     Hitachi Entities**

23.     Paragraph 23 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies the allegations.

24.     Paragraph 24 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies the allegations.

25.     Paragraph 25 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies the allegations.

26.     Paragraph 26 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies the allegations.

27.     Paragraph 27 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies the allegations.

28.     Paragraph 28 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

29.     Paragraph 29 consists of Plaintiff's explanation of a defined term used in its complaint, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 29.

### 2.     IRICO Entities

30.     Paragraph 30 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies the allegations.

31.     Paragraph 31 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies the allegations.

32.     Paragraph 32 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies the allegations.

33.     Paragraph 33 consists of Plaintiff's explanation of a defined term used in its complaint, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 33.

### 3.     LG Electronics Entities

34.     Paragraph 34 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

35.     Paragraph 35 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies the allegations.

36.     Paragraph 36 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

37.     Paragraph 37 consists of Plaintiff's explanation of a defined term used in its complaint, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 37.

**4.    LP Displays**

38.     Paragraph 38 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, denies the allegations.

**5.    Panasonic Entities**

39.     Paragraph 39 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies the allegations.

40.     Paragraph 40 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies the allegations.

41.     Paragraph 41 consists of Plaintiff's explanation of a defined term used in its complaint, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 41.

42.     Paragraph 42 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies the allegations.

43.     Paragraph 43 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies the allegations.

**6.    Philips Entities**

44.     Paragraph 44 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

45.     Paragraph 45 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies the allegations.

46.     Paragraph 46 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies the allegations.

47.     Paragraph 47 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, denies the allegations.

48.     Paragraph 48 consists of Plaintiff's explanation of a defined term used in its complaint, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 48.

**7.     Samsung Entities**

49.     Paragraph 49 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, denies the allegations.

50.     Paragraph 50 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

51.     Paragraph 51 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, denies the allegations.

52.     Paragraph 52 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies the allegations.

53.     Paragraph 53 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

54.    Paragraph 54 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, denies the allegations.

55.    Paragraph 55 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies the allegations.

56.    Paragraph 56 consists of Plaintiff's explanation of a defined term used in its complaint, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 56.

**8.    Samtel**

57.    Paragraph 57 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, denies the allegations.

**9.    Thai CRT**

58.    Paragraph 58 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, denies the allegations.

**10.    Toshiba Entities**

59.    Paragraph 59 refers to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and, therefore, denies the allegations except that TAEC admits the allegations contained in the first sentence of Paragraph 59.

60.    Paragraph 60 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and, therefore, denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 60.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

61.    Paragraph 61 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and, therefore, denies the allegations.

62.    TAEC denies the allegations of Paragraph 62 and avers that its business address is 9740 Irvine Boulevard, Irvine, CA 92618-1697 and that it is a wholly-owned subsidiary of Toshiba America, Inc.  TAEC avers that it sold cathode ray tubes and certain electronic devices containing cathode ray tubes during the Relevant Period.

63.    Paragraph 63 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and, therefore, denies the allegations.

64.    Paragraph 64 consists of Plaintiff's explanation of a defined term used in the complaint, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 64.

## IV.  AGENTS AND CO-CONSPIRATORS

65.    To the extent that the allegations contained in Paragraph 65 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 65 are directed to TAEC, TAEC denies these allegations.

66.    To the extent that the allegations contained in Paragraph 66 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 66 are directed to TAEC, TAEC denies these allegations.

67.    Paragraph 67 relates to other companies.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

68.     Paragraph 68 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and, therefore, denies the allegations.

69.     Paragraph 69 consists of Plaintiff's explanation of a defined term used in the complaint, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 69.

70.     Paragraph 70 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, therefore, denies the allegations.

71.     Paragraph 71 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and, therefore, denies the allegations.

72.     Paragraph 72 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, therefore, denies the allegations.

73.     To the extent that the allegations contained in Paragraph 73 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 73 are directed to TAEC, TAEC denies these allegations.

**V.  TRADE AND COMMERCE**

74.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and, therefore, denies the allegations.

75.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and therefore, denies these allegations.

76.     Paragraph 76 consists of arguments, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations in Paragraph 76.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VI. FACTUAL ALLEGATIONS

### A. CRT Technology

77.     TAEC admits the allegations contained in Paragraph 77.

78.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and, therefore, denies the allegations.

79.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and, therefore, denies the allegations.

80.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

81.     To the extent that Paragraph 81 describes CRT technology generally, and claims that CDTs and CPTs are separate products, TAEC admits the allegations in Paragraph 81, but avers that the allegations do not describe comprehensively or accurately all variants of CRT technology.  TAEC denies the remaining allegations in Paragraph 81.

82.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and, therefore, denies the allegations.

83.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, therefore, denies the allegations.

84.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and, therefore, denies the allegations. The second sentence of Paragraph 84 consists of argument and Plaintiff's characterization of its claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in the second sentence of Paragraph 84.

85.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies the allegations. The second sentence of Paragraph 85 consists of argument and Plaintiff's characterization of its claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in the second sentence of Paragraph 85.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

86.     Paragraph 86 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations in Paragraph 86.

**B.     Structure of the CRT Industry**

87.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations contained in Paragraph 85 and, therefore, denies these allegations.

**1.     Market Concentration**

88.     To the extent that the allegations contained in Paragraph 88 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 88 are directed to TAEC, TAEC denies these allegations.

**2.     Information Sharing**

89.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, denies the allegations.

90.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, therefore, denies the allegations.

**3.     Consolidation**

91.     To the extent that the allegations contained in Paragraph 91 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 91 are directed to TAEC, TAEC denies these allegations.

**4.     Multiple Interrelated Business Relationships**

92.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, denies the allegations.

93.     To the extent that the allegations contained in Paragraph 93 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 93 are directed to TAEC, TAEC denies these allegations.

### 5.    High Costs of Entry Into the Industry

94.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations.

95.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and, therefore, denies the allegations.

### 6.    The Maturity of the CRT Product Market

96.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and, therefore, denies the allegations.

97.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, denies the allegations.

98.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, denies the allegations.

99.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and, therefore, denies the allegations.

100.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, denies the allegations.

101.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

### 7.    Homogeneity of CRT Products

102.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations.

103.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**C.    Pre-Conspiracy Market**

104.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and, therefore, denies the allegations.

105.    Paragraph 105 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and, therefore, denies the allegations.

**D.    Defendants' and Co-Conspirators' Illegal Agreements**

106.    To the extent that the allegations contained in Paragraph 106 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 106 are directed to TAEC, TAEC denies these allegations.

107.    To the extent that the allegations contained in Paragraph 107 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 107 are directed to TAEC, TAEC denies these allegations.

108.    Paragraph 108 relates to other Defendants and/or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and, therefore, denies the allegations.

109.    To the extent that the allegations contained in Paragraph 109 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 109 are directed to TAEC, TAEC denies these allegations.

110.    To the extent that the allegations contained in Paragraph 110 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

extent that the allegations contained in Paragraph 110 are directed to TAEC, TAEC denies these allegations.

### 1.   "Glass Meetings"

111.    To the extent that the allegations contained in Paragraph 111 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 111 are directed to TAEC, TAEC denies these allegations.

112.    To the extent that the allegations contained in Paragraph 112 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 112 are directed to TAEC, TAEC denies these allegations.

113.    To the extent that the allegations contained in Paragraph 113 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 113 are directed to TAEC, TAEC denies these allegations.

114.    To the extent that the allegations contained in Paragraph 114 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 114 are directed to TAEC, TAEC denies these allegations.

115.    To the extent that the allegations contained in Paragraph 115 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 115 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

116.    To the extent that the allegations contained in Paragraph 116 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 116 are directed to TAEC, TAEC denies these allegations.

117.    To the extent that the allegations contained in Paragraph 117 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 117 are directed to TAEC, TAEC denies these allegations.

118.    To the extent that the allegations contained in Paragraph 118 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 118 are directed to TAEC, TAEC denies these allegations.

119.    To the extent that the allegations contained in Paragraph 119 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 119 are directed to TAEC, TAEC denies these allegations.

120.    To the extent that the allegations contained in Paragraph 120 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 120 are directed to TAEC, TAEC denies these allegations.

121.    To the extent that the allegations contained in Paragraph 121 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   extent that the allegations contained in Paragraph 121 are directed to TAEC, TAEC denies

2   these allegations.

3        122.   To the extent that the allegations contained in Paragraph 122 relate to other

4   Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

5   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

6   extent that the allegations contained in Paragraph 122 are directed to TAEC, TAEC denies

7   these allegations.

8        123.   To the extent that the allegations contained in Paragraph 123 relate to other

9   Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

10   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

11   extent that the allegations contained in Paragraph 123 are directed to TAEC, TAEC denies

12   these allegations.

13        124.   To the extent that the allegations contained in Paragraph 124 relate to other

14   Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

15   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

16   extent that the allegations contained in Paragraph 124 are directed to TAEC, TAEC denies

17   these allegations.

18        125.   To the extent that the allegations contained in Paragraph 125 relate to other

19   Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

20   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

21   extent that the allegations contained in Paragraph 125 are directed to TAEC, TAEC denies

22   these allegations.

23        126.   To the extent that the allegations contained in Paragraph 126 relate to other

24   Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

25   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

26   extent that the allegations contained in Paragraph 126 are directed to TAEC, TAEC denies

27   these allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

### 2.   Bilateral Discussions

2    127.   To the extent that the allegations contained in Paragraph 127 relate to other
3   Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a
4   belief as to the truth of these allegations and, therefore, denies these allegations.  To the
5   extent that the allegations contained in Paragraph 127 are directed to TAEC, TAEC denies
6   these allegations.

7    128.   To the extent that the allegations contained in Paragraph 128 relate to other
8   Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a
9   belief as to the truth of these allegations and, therefore, denies these allegations.  To the
10  extent that the allegations contained in Paragraph 128 are directed to TAEC, TAEC denies
11  these allegations.

12   129.   To the extent that the allegations contained in Paragraph 129 relate to other
13  Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a
14  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
15  extent that the allegations contained in Paragraph 129 are directed to TAEC, TAEC denies
16  these allegations.

17   130.   To the extent that the allegations contained in Paragraph 130 relate to other
18  Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a
19  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
20  extent that the allegations contained in Paragraph 130 are directed to TAEC, TAEC denies
21  these allegations.

22   131.   To the extent that the allegations contained in Paragraph 131 relate to other
23  Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a
24  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
25  extent that the allegations contained in Paragraph 131 are directed to TAEC, TAEC denies
26  these allegations.

27   132.   To the extent that the allegations contained in Paragraph 132 relate to other
28  Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 132 are directed to TAEC, TAEC denies these allegations.

       **3.**    **Defendants' and Co-Conspirators' Participation in Group and Bilateral Discussions**

133.   Paragraph 133 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 and, therefore, denies the allegations.

134.   Paragraph 134 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 and, therefore, denies the allegations.

135.   Paragraph 135 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 and, therefore, denies the allegations.

136.   Paragraph 136 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 and, therefore, denies the allegations.

137.   Paragraph 137 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 and, therefore, denies the allegations.

138.   Paragraph 138 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 and, therefore, denies the allegations.

139.   Paragraph 139 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

140.    Paragraph 140 relates to other Defendants and/or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 and, therefore, denies the allegations.

141.    Paragraph 141 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 and, therefore, denies the allegations.

142.    Paragraph 142 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 and, therefore, denies the allegations.

143.    Paragraph 143 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and, therefore, denies the allegations.

144.    Paragraph 144 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 and, therefore, denies the allegations.

145.    Paragraph 145 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 and, therefore, denies the allegations.

146.    Paragraph 146 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 and, therefore, denies the allegations.

147.    Paragraph 147 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 and, therefore, denies the allegations.

148.    Paragraph 148 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

149.    To the extent that the allegations contained in Paragraph 149 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 149 are directed to TAEC, TAEC denies these allegations.

150.    To the extent that the allegations contained in Paragraph 150 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 150 are directed to TAEC, TAEC denies these allegations.

151.    Paragraph 151 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 and, therefore, denies the allegations.

152.    Paragraph 152 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 and, therefore, denies the allegations.

153.    To the extent that Paragraph 153 consists of Plaintiff's characterization of its claims and Plaintiff's explanation of a defined term used in the complaint, no response is required.  To the extent that the allegations contained in Paragraph 153 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore denies these allegations.  To the extent that the allegations contained in Paragraph 153 may be deemed to require a response from TAEC, TAEC denies these allegations.

E.    **The CRT Market During the Conspiracy**

154.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 and, therefore, denies the allegations.

155.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

156.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 and, therefore, denies the allegations.

157.    To the extent that Paragraph 157 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 157 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 157 may be deemed to require a response from TAEC, TAEC denies these allegations.

158.    To the extent that Paragraph 158 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 158 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 158 may be deemed to require a response from TAEC, TAEC denies these allegations.

159.    To the extent that the allegations contained in Paragraph 159 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 159 are directed to TAEC, TAEC denies these allegations.

160.    To the extent that Paragraph 160 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 160 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 160 may be deemed to require a response from TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

161.   To the extent that Paragraph 161 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 161 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 161 may be deemed to require a response from TAEC, TAEC denies these allegations.

162.   To the extent that Paragraph 162 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 162 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 162 may be deemed to require a response from TAEC, TAEC denies these allegations.

163.   To the extent that the allegations contained in Paragraph 163 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 163 are directed to TAEC, TAEC denies the allegations.

164.   To the extent that the allegations contained in Paragraph 164 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 164 are directed to TAEC, TAEC denies the allegations.

165.   To the extent that Paragraph 165 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 165 relate to other Defendants and/or third parties, TAEC lacks knowledge or information

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 165 may be deemed to require a response from TAEC, TAEC denies these allegations.

166.   To the extent that the allegations contained in Paragraph 166 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 166 are directed to TAEC, TAEC denies the allegations.

167.   To the extent that the allegations contained in Paragraph 167 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 167 are directed to TAEC, TAEC denies the allegations.

**F.    International Government Antitrust Investigations**

168.   To the extent that Paragraph 168 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 168 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 168 are directed to TAEC, TAEC denies the allegations.

169.   To the extent that Paragraph 169 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 169 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    170.   The allegations contained in Paragraph 170 refer to a public annual report,

2  which is the best evidence of its contents.  To the extent that the allegations contained in

3  Paragraph 170 may be deemed to require a response from TAEC, TAEC denies these

4  allegations.

5    171.   To the extent that Paragraph 171 consists of purported statements by

6  government authorities or statements in public documents, those statements speak for

7  themselves and no response is required.  To the extent that the allegations contained in

8  Paragraph 171 relate to other Defendants or third parties, TAEC lacks knowledge or

9  information sufficient to form a belief as to the truth of these allegations and, therefore,

10  denies these allegations.  To the extent that the allegations contained in Paragraph 171 are

11  directed to TAEC, TAEC denies these allegations.

12    172.   To the extent that Paragraph 172 consists of purported statements by

13  government authorities and/or statements in public documents, those statements speak for

14  themselves and no response is required.  To the extent that the allegations contained in

15  Paragraph 172 relate to other Defendants or third parties, TAEC lacks knowledge or

16  information sufficient to form a belief as to the truth of these allegations and, therefore,

17  denies these allegations.  To the extent that the allegations contained in Paragraph 172 may

18  be deemed to require a response from TAEC, TAEC denies these allegations.

19    173.   To the extent that Paragraph 173 consists of purported statements by

20  government authorities or statements in public documents, those statements speak for

21  themselves and no response is required.  To the extent that the allegations contained in

22  Paragraph 173 relate to other Defendants or third parties, TAEC lacks knowledge or

23  information sufficient to form a belief as to the truth of these allegations and, therefore,

24  denies these allegations.  To the extent that the allegations contained in Paragraph 173 may

25  be deemed to require a response from TAEC, TAEC denies these allegations

26    174.   To the extent that Paragraph 174 consists of purported statements by

27  government authorities and/or statements in public documents, those statements speak for

28  themselves and no response is required.  To the extent that the allegations contained in

Paragraph 174 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 174 may be deemed to require a response from TAEC, TAEC denies these allegations.

175.   To the extent that Paragraph 175 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 175 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 175 may be deemed to require a response from TAEC, TAEC denies these allegations.

176.   To the extent that Paragraph 176 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 176 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 176 may be deemed to require a response from TAEC, TAEC denies these allegations.

177.   To the extent that the allegations contained in Paragraph 177 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 177 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 177 are directed to TAEC, TAEC denies these allegations.

178.   To the extent that the allegations contained in Paragraph 178 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    extent that the allegations contained in Paragraph 178 are directed to TAEC, TAEC denies

2    these allegations.

3         179.    To the extent that the allegations contained in Paragraph 179 relate to other

4    Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

5    belief as to the truth of these allegations and, therefore, denies these allegations. To the

6    extent that the allegations contained in Paragraph 179 are directed to TAEC, TAEC denies

7    these allegations.

8         180.    To the extent that allegations contained in Paragraph 180 relate to other

9    Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

10   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

11   extent that the allegations contained in Paragraph 180 are directed to TAEC, TAEC denies

12   these allegations.

13        181.    To the extent that the allegations contained in Paragraph 181 relate to other

14   Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a

15   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

16   extent that the allegations contained in Paragraph 181 are directed to TAEC, TAEC denies

17   these allegations.

18        182.    TAEC lacks knowledge or information sufficient to form a belief as to the

19   truth of the allegations in Paragraph 182 and, therefore, denies these allegations.

20        183.    To the extent that Paragraph 183 consists of purported statements by

21   government authorities and/or statements in public documents, those statements speak for

22   themselves and no response is required.  To the extent that the allegations contained in

23   Paragraph 183 relate to other Defendants or third parties, TAEC lacks knowledge or

24   information sufficient to form a belief as to the truth of these allegations and, therefore,

25   denies these allegations.  To the extent that the allegations contained in Paragraph 183 may

26   be deemed to require a response from TAEC, TAEC denies these allegations.

27        184.    To the extent that Paragraph 184 consists of purported statements by

28   government authorities and/or statements in public documents, those statements speak for

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

themselves and no response is required.  To the extent that the allegations contained in Paragraph 184 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 184 may be deemed to require a response from TAEC, TAEC denies these allegations.

185.   To the extent that Paragraph 185 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 185 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 185 may be deemed to require a response from TAEC, TAEC denies these allegations.

186.   To the extent that Paragraph 186 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 186 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 186 are directed to TAEC, TAEC denies these allegations.

**G.      The Role of Trade Associations During the Relevant Period**

187.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and therefore, denies these allegations.

188.   Paragraph 188 relates to other Defendants or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 and, therefore, denies the allegations.

189.   To the extent that the allegations in Paragraph 189 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

allegations contained in Paragraph 189 are directed to TAEC, TAEC denies these allegations.

190.   To the extent that the allegations in Paragraph 190 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 190 are directed to TAEC, TAEC denies these allegations.

191.   To the extent that the allegations in Paragraph 191 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 191 are directed to TAEC, TAEC denies these allegations.

**H.    Effects of Defendants' Antitrust Violations**

**1.    Examples of Reductions in Manufacturing Capacity by Defendants**

192.   To the extent that the allegations in Paragraph 192 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 192 are directed to TAEC, TAEC denies these allegations.

193.   Paragraph 193 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 and, therefore, denies the allegations.

194.   Paragraph 194 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 and, therefore, denies the allegations.

195.   Paragraph 195 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

196.    Paragraph 196 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 and, therefore, denies the allegations.

197.    Paragraph 197 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197 and, therefore, denies the allegations.

### 2.    Examples of Collusive Pricing for CRTs

198.    To the extent that Paragraph 198 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 198 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 198 are directed to TAEC, TAEC denies these allegations.

199.    To the extent that Paragraph 199 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 199 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 199 are directed to TAEC, TAEC denies these allegations.

200.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 and, therefore, denies the allegations.

201.    To the extent that Paragraph 201 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 201 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    the extent that the allegations contained in Paragraph 201 are directed to TAEC, TAEC

2    denies these allegations.

3        202.    To the extent that Paragraph 202 consists of purported statements in news

4    reports or statements in public documents, those statements speak for themselves and no

5    response is required.  To the extent that the allegations contained in Paragraph 202 may be

6    deemed to require a response from TAEC, TAEC denies these allegations.

7        203.    To the extent that Paragraph 203 contains arguments and/or legal conclusions,

8    no response is required.  To the extent that the allegations contained in Paragraph 203

9    relate to other Defendants and/or third parties, TAEC lacks knowledge or information

10   sufficient to form a belief as to the truth of these allegations and, therefore, denies these

11   allegations.  To the extent that the allegations contained in Paragraph 203 are directed to

12   TAEC, TAEC denies these allegations.

13       204.    To the extent that Paragraph 204 consists of purported statements in news

14   reports or statements in public documents, those statements speak for themselves and no

15   response is required.  To the extent that the allegations contained in Paragraph 204 may be

16   deemed to require a response from TAEC, TAEC lacks knowledge or information

17   sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 and,

18   therefore, denies the allegations.

19       205.    Paragraph 205 relates to other Defendants.   Accordingly, TAEC lacks

20   knowledge or information sufficient to form a belief as to the truth of the allegations

21   contained in Paragraph 205 and, therefore, denies the allegations.

22       206.    To the extent that Paragraph 206 consists of purported statements in news

23   reports or statements in public documents, those statements speak for themselves and no

24   response is required.  To the extent that the allegations contained in Paragraph 206 relate to

25   other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to

26   form a belief as to the truth of these allegations and, therefore, denies these allegations.  To

27   the extent that the allegations contained in Paragraph 206 are directed to TAEC, TAEC

28   denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

207.    To the extent that Paragraph 207 contains arguments and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 207 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 207 are directed to TAEC, TAEC denies these allegations.

**3.    Summary Of Effects Of The Conspiracy Involving CRTs**

208.    Paragraph 208 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 208 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 208 are directed to TAEC, TAEC denies these allegations.

**VII.  PLAINTIFF'S INJURIES**

209.    Paragraph 209 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 209 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 209 are directed to TAEC, TAEC denies these allegations.

210.    Paragraph 210 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 210 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 210 are directed to TAEC, TAEC denies these allegations.

211.    Paragraph 211 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

allegations contained in Paragraph 211 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 211 are directed to TAEC, TAEC denies these allegations.

212.    Paragraph 212 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 212 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 212 are directed to TAEC, TAEC denies these allegations.

213.    Paragraph 213 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 213 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 213 are directed to TAEC, TAEC denies these allegations.

214.    Paragraph 214 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 214 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 214 are directed to TAEC, TAEC denies these allegations.

215.    Paragraph 215 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 215 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 215 are directed to TAEC, TAEC lacks knowledge or information

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## VIII.  FRAUDULENT CONCEALMENT

216.    Paragraph 216 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 216 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 216 are directed to TAEC, TAEC denies these allegations.

217.    Paragraph 217 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 217 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 217 are directed to TAEC, TAEC denies these allegations.

218.    Paragraph 218 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 218 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 218 are directed to TAEC, TAEC denies these allegations.

219.    Paragraph 219 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 219 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 219 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   220.   Paragraph 220 consists of argument, Plaintiff's characterization of its claims
2   and/or legal conclusions, to which no response is required.   To the extent that the
3   allegations contained in Paragraph 220 relate to other Defendants and/or third parties,
4   TAEC lacks knowledge or information sufficient to form a belief as to the truth of these
5   allegations and, therefore, denies these allegations.   To the extent that the allegations
6   contained in Paragraph 220 are directed to TAEC, TAEC denies these allegations.

7   221.   To the extent that the allegations contained in Paragraph 221 relate to other
8   Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a
9   belief as to the truth of these allegations and, therefore, denies these allegations.   To the
10  extent that the allegations contained in Paragraph 221 are directed to TAEC, TAEC denies
11  these allegations.

12  222.   To the extent that the allegations contained in Paragraph 222 relate to other
13  Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a
14  belief as to the truth of these allegations and, therefore, denies these allegations.   To the
15  extent that the allegations contained in Paragraph 222 are directed to TAEC, TAEC denies
16  these allegations.

17  223.   Paragraph 223 consists of argument, Plaintiff's characterization of its claims
18  and/or legal conclusions, to which no response is required.   To the extent that the
19  allegations contained in Paragraph 223 relate to other Defendants and/or third parties,
20  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these
21  allegations and, therefore, denies these allegations.   To the extent that the allegations
22  contained in Paragraph 223 are directed to TAEC, TAEC denies these allegations.

23  224.   Paragraph 224 consists of argument, Plaintiff's characterization of its claims
24  and/or legal conclusions, to which no response is required.   To the extent that the
25  allegations contained in Paragraph 224 relate to other Defendants and/or third parties,
26  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these
27  allegations and, therefore, denies these allegations.   To the extent that the allegations
28  contained in Paragraph 224 are directed to TAEC, TAEC denies these allegations.

225.   To the extent that Paragraph 225 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 225 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 225 are directed to TAEC, TAEC denies these allegations.

226.   To the extent that the allegations contained in Paragraph 226 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 226 are directed to TAEC, TAEC denies these allegations.

227.   Paragraph 227 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 227 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 227 are directed to TAEC, TAEC denies these allegations.

228.   Paragraph 228 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 228 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 228 are directed to TAEC, TAEC denies these allegations.

## IX.   *AMERICAN PIPE*, GOVERNMENT ACTION, AND CROSS-JURISDICTIONAL TOLLING

229.   Paragraph 229 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that Paragraph

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

229 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 229 may be deemed to require a response from TAEC, TAEC denies these allegations.

230.    Paragraph 230 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required. To the extent that Paragraph 230 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 230 may be deemed to require a response from TAEC, TAEC denies these allegations.

231.    Paragraph 231 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 231 may be deemed to require a response from TAEC, TAEC denies these allegations.

## X. CLAIM FOR VIOLATIONS

### First Claim for Relief

### (Violation of Section 1 of the Sherman Act)

232.    TAEC hereby incorporates by reference its responses to Paragraphs 1 – 231 of the FAC, as set forth above.

233.    Paragraph 233 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 233 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 233 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   234.   Paragraph 234 consists of argument, Plaintiff's characterization of its claims
2   and/or legal conclusions, to which no response is required.   To the extent that the
3   allegations contained in Paragraph 234 relate to other Defendants and/or third parties,
4   TAEC lacks knowledge or information sufficient to form a belief as to the truth of these
5   allegations and, therefore, denies these allegations.   To the extent that the allegations
6   contained in Paragraph 234 may be deemed to require a response from TAEC, TAEC lacks
7   knowledge or information sufficient to form a belief as to the truth of these allegations and,
8   therefore, denies these allegations.

9   235.   Paragraph 235 consists of argument, Plaintiff's characterization of its claims
10  and/or legal conclusions, to which no response is required.   To the extent that the
11  allegations contained in Paragraph 235 relate to other Defendants and/or third parties,
12  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these
13  allegations and, therefore, denies these allegations.   To the extent that the allegations
14  contained in Paragraph 235 may be deemed to require a response from TAEC, TAEC lacks
15  knowledge or information sufficient to form a belief as to the truth of these allegations and,
16  therefore, denies these allegations.

17  236.   Paragraph 236 consists of argument, Plaintiff's characterization of its claims
18  and/or legal conclusions, to which no response is required.   To the extent that the
19  allegations contained in Paragraph 236 relate to other Defendants and/or third parties,
20  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these
21  allegations and, therefore, denies these allegations.   To the extent that the allegations
22  contained in Paragraph 236 may be deemed to require a response from TAEC, TAEC lacks
23  knowledge or information sufficient to form a belief as to the truth of these allegations and,
24  therefore, denies these allegations.

25  237.   Paragraph 237 consists of argument, Plaintiff's characterization of its claims
26  and/or legal conclusions, to which no response is required.   To the extent that the
27  allegations contained in Paragraph 237 relate to other Defendants and/or third parties,
28  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1  allegations and, therefore, denies these allegations.   To the extent that the allegations

2  contained in Paragraph 237 may be deemed to require a response from TAEC, TAEC lacks

3  knowledge or information sufficient to form a belief as to the truth of these allegations and,

4  therefore, denies these allegations.

5      238.    Paragraph 238 consists of argument, Plaintiff's characterization of its claims

6  and/or legal conclusions, to which no response is required.   To the extent that the

7  allegations contained in Paragraph 238 relate to other Defendants and/or third parties,

8  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

9  allegations and, therefore, denies these allegations.   To the extent that the allegations

10  contained in Paragraph 238 may be deemed to require a response from TAEC, TAEC lacks

11  knowledge or information sufficient to form a belief as to the truth of these allegations and,

12  therefore, denies these allegations.

13                          **Second Claim for Relief**

14                    **(Violation of the California Cartwright Act)**

15      239.    TAEC hereby incorporates by reference its responses to Paragraphs 1-238 of

16  the FAC, as set forth above.

17      240.    Paragraph 240 consists of argument, Plaintiff's characterization of its claims

18  and/or legal conclusions, to which no response is required.   To the extent that the

19  allegations contained in Paragraph 240 relate to other Defendants and/or third parties,

20  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

21  allegations and, therefore, denies these allegations.   To the extent that the allegations

22  contained in Paragraph 240 may be deemed to require a response from TAEC, TAEC lacks

23  knowledge or information sufficient to form a belief as to the truth of these allegations and,

24  therefore, denies these allegations.

25      241.    Paragraph 241 consists of argument, Plaintiff's characterization of its claims

26  and/or legal conclusions, to which no response is required.   To the extent that the

27  allegations contained in Paragraph 241 relate to other Defendants and/or third parties,

28  TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 241 are directed to TAEC, TAEC denies these allegations, except that TAEC avers that it maintained offices in California during the Relevant Period.

242. Paragraph 242 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 242 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 242 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

243. Paragraph 243 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 243 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 243 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

244. Paragraph 244 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 244 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 244 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    245.   Paragraph 245 consists of argument, Plaintiff's characterization of its claims

2    and/or legal conclusions, to which no response is required.   To the extent that the

3    allegations contained in Paragraph 245 relate to other Defendants and/or third parties,

4    TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

5    allegations and, therefore, denies these allegations.   To the extent that the allegations

6    contained in Paragraph 245 may be deemed to require a response from TAEC, TAEC lacks

7    knowledge or information sufficient to form a belief as to the truth of these allegations and,

8    therefore, denies these allegations.

9    246.   Paragraph 246 consists of argument, Plaintiff's characterization of its claims

10   and/or legal conclusions, to which no response is required.   To the extent that the

11   allegations contained in Paragraph 246 relate to other Defendants and/or third parties,

12   TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

13   allegations and, therefore, denies these allegations.   To the extent that the allegations

14   contained in Paragraph 246 may be deemed to require a response from TAEC, TAEC lacks

15   knowledge or information sufficient to form a belief as to the truth of these allegations and,

16   therefore, denies these allegations.

17   247.   Paragraph 247 consists of argument, Plaintiff's characterization of its claims

18   and/or legal conclusions, to which no response is required.   To the extent that the

19   allegations contained in Paragraph 247 relate to other Defendants and/or third parties,

20   TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

21   allegations and, therefore, denies these allegations.   To the extent that the allegations

22   contained in Paragraph 247 may be deemed to require a response from TAEC, TAEC lacks

23   knowledge or information sufficient to form a belief as to the truth of these allegations and,

24   therefore, denies these allegations.

### Third Claim for Relief

### (Violation of California Unfair Competition Law)

27   248.   TAEC hereby incorporates by reference its responses to Paragraphs 1-247 of

28   Circuit City's complaint, as set forth above.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8

249.    Paragraph 249 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 249 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 249 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

9
10
11
12
13
14
15
16

250.    Paragraph 250 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 250 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 250 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

17
18
19
20
21
22
23
24

251.    Paragraph 251 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 251 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 251 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

25
26
27
28

252.    Paragraph 252 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 252 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 252 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

253. Paragraph 253 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 253 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 253 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

254. Paragraph 254 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 254 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 254 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

255. Paragraph 255 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 255 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 255 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Fourth Claim for Relief</u>**

**(Violations of the Illinois Antitrust Act, 740 Illinois Code 10/1 *et seq*.)**

256.    TAEC hereby incorporates by reference its responses to Paragraphs 1-255 of Circuit City's complaint, as set forth above.

257.    Paragraph 257 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 257 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 257 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

258.    Paragraph 258 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 258 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 258 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

259.    Paragraph 259 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 259 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 259 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

260.    Paragraph 260 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 260 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 260 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

261.    Paragraph 261 consists of argument, Plaintiff's characterization of its claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 261 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 261 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## XI.  PRAYER FOR RELIEF

In answer to the Prayer for Relief, TAEC denies each and every allegation in the Prayer and further specifically denies that Plaintiff is entitled to any of the relief requested or any remedy whatsoever against TAEC.

All allegations of the FAC not heretofore admitted or denied are here and now denied as though specifically denied herein.

## DEFENSES/AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, TAEC asserts the following separate and additional defenses:

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**FIRST DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

**SECOND DEFENSE**

Circuit City's complaint fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Circuit City's claims are barred in whole or in part because the FAC fails to plead conspiracy with particularity required under applicable law.

**FOURTH DEFENSE**

Plaintiff has failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

**FIFTH DEFENSE**

Circuit City's state law claims are barred or limited in whole or in part by the doctrine of forum non conveniens and improper venue.  Circuit City's claims, to the extent they rely on the laws of foreign states, would be better adjudicated in those foreign courts.

**SIXTH DEFENSE**

Circuit City's claims against TAEC are barred to the extent that they have agreed to arbitration or chose a different forum for the resolution of its claims.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring or maintain the claims set forth in the complaint.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff was not validly assigned those claims.

**NINTH DEFENSE**

TAEC asserts as defenses to Plaintiff's claims any additional defense that it have against Plaintiff's purported assignors, as to whom additional defenses cannot presently be ascertained.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that it did not purchase CRT products directly from Defendants, because it is an indirect purchaser and barred from maintaining an action under 15 U.S.C. § 1 for alleged injuries in that capacity.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no antitrust injury.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not been injured in its business or property by reason of any action of TAEC.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of TAEC and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitation, the prior, intervening or superseding conduct of such third parties.

**EIGHTEENTH DEFENSE**

To the extent that any actionable conduct occurred, Plaintiff's claims against TAEC are barred because all such conduct would have been committed by individuals acting *ultra vires*.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damages as a result of any actions taken by TAEC and/or the other Defendants.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

## TWENTY-FIRST DEFENSE

Plaintiff is barred from recovery of any damages because of, and to the extent of, its failure to mitigate damages.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because any actions or practices of TAEC that are the subject of the complaint were undertaken unilaterally for legitimate business reasons and in pursuit of TAEC's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between TAEC and any other person or entity.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the complaint were adopted in furtherance of legitimate business interests of TAEC and of its customers and did not unreasonably restrain competition.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the complaint were cost justified or otherwise economically justified and resulted from a good-faith effort to meet competition or market conditions.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as premised upon privileged conduct or actions by TAEC.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged conduct complained of was caused by, due to, based upon, or in response to directives, laws, regulations, policies and/or acts of governments, governmental agencies and entities and/or regulatory agencies, and as such is non-actionable or privileged.

### TWENTY-SEVENTH DEFENSE

To the extent there is a finding of an illegal overcharge, Plaintiff's claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to the indirect purchasers.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because, as an indirect purchaser, it fails to meet its burden of proving that it was damaged in fact by the conduct of which complaint is here made, including the burden of proving that any so-called overcharge of which complaint is made and which was not absorbed by predecessors to Plaintiff in the chain of distribution was not passed on to a third party.

### TWENTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent it seeks improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### THIRTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole and in part, by the doctrine of accord and satisfaction.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**THIRTY-SECOND DEFENSE**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

**THIRTY-THIRD DEFENSE**

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, TAEC contends that it is entitled to set off any amounts paid to Plaintiff by any Defendants other than TAEC who have settled, or do settle, Plaintiff's claims against them in this action.

**THIRTY-FOURTH DEFENSE**

To the extent Plaintiff seeks to assert claims or obtain relief under the laws of a state of which it is not a resident, those claims are barred by constitutional rights of due process, choice of law principles, and the laws of the states under which Plaintiff asserts its claims.

**THIRTY-FIFTH DEFENSE**

Plaintiff lacks standing to prosecute its state antitrust claims, in whole or in part, under, without limitation, the following statutes:  Cal. Bus. & Prof. Code §§ 16700, *et seq.*; Cal. Bus. & Prof. Code §§ 17200, *et seq.*; 740 Ill. Comp. Stat. 10/1, *et seq.*

**THIRTY-SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that the claims are based on California law and any of the alleged events took place outside the state of California without impact on California residents.

**THIRTY-SEVENTH DEFENSE**

Any award of restitution based upon asserted interests or injuries of Plaintiff in this case would violate the Excessive Fines Clause of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and Article I, Section 17 of the California Constitution.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRTY-EIGHTH DEFENSE

Plaintiff's claims for monetary relief under Cal. Bus. & Prof. Code § 17203 are barred, in whole or in part, because TAEC did not acquire any money or property from Plaintiff.

## THIRTY-NINTH DEFENSE

Any finding of liability under Cal. Bus. & Prof. Code §§ 17200, 17203 or 17204 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, permitting retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

## FORTIETH DEFENSE

Any award of restitution to Plaintiff under Cal. Bus. & Prof. Code § 17203 would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution) and Article I, Section 19 of the California Constitution.

## FORTY-FIRST DEFENSE

Cal. Bus. & Prof. Code § 17204 improperly delegates the executive branch's prosecutorial power to private parties, in contravention of the separation-of-powers doctrine and the provisions of Article V of the California Constitution vesting the State's executive power in the Executive Branch, by authorizing private plaintiffs without any individualized injury to bring suit on behalf of the interests of the general public.

## FORTY-SECOND DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 to persons who refuse to execute an acknowledgement that the payment is in full settlement of claims against Defendants would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S
ANSWER TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **FORTY-THIRD DEFENSE**

Plaintiff's claims under Cal. Bus. & Prof. Code §§ 16700 *et seq*., are barred, in whole or in part, because the application of §§ 16700, *et seq.*, to wholly interstate or foreign commerce violates the Commerce Clause of the United States Constitution.

## **FORTY-FOURTH DEFENSE**

Any award of treble damages, punitive damages or restitution pursuant to Cal. Bus. & Prof. Code §§ 16720, 16727, 16750, or 16761 would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the California Constitution.

## **FORTY-FIFTH DEFENSE**

Plaintiff's claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, and §§ 17200, *et seq.*, are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of TAEC occurring outside of California.

## **FORTY-SIXTH DEFENSE**

TAEC adopts by reference any applicable defense pleaded by any other Defendant not otherwise expressly set forth herein.

## **FORTY-SEVENTH DEFENSE**

TAEC reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

## **TAEC'S PRAYER FOR RELIEF**

WHEREFORE, TAEC prays for judgment as follows:

1.   That Plaintiff takes nothing by reason of the complaint, and that the action be dismissed with prejudice;

2.   That the Court enter judgment in favor of TAEC and against Plaintiff with respect to all causes of action in the complaint;

3.   That the Court award TAEC its attorneys' fees and other costs reasonably incurred in the defense of this action; and

1      4.  That the Court order such other further relief for TAEC as the Court may deem

2  just and proper.

4  Dated:  November 4, 2013                    Respectfully submitted,

5                                             **WHITE & CASE** LLP

7                                  By:  _/s/ Lucius B. Lau_
8                                       Christopher M. Curran (*pro hac vice*)
                                         ccurran@whitecase.com
9                                       Lucius B. Lau (*pro hac vice*)
                                         alau@whitecase.com
10                                      Dana E. Foster
11                                       defoster@whitecase.com
                                         701 Thirteenth Street, N.W.
12                                      Washington, DC  20005
13                                      tel.: (202) 626-3600
                                         fax: (202) 639-9355
14
15                                      *Counsel to Defendant*
                                         *Toshiba America Electronic Components, Inc.*
16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## <u>CERTIFICATE OF SERVICE</u>

On November 4, 2013, I caused a copy of "TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO CIRCUIT CITY'S AMENDED COMPLAINT" to be served via ECF on the other parties in this action.


By:   */s/ Lucius B. Lau*
        Lucius B. Lau (*pro hac vice*)