WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
BETHANY W. KRISTOVICH (State Bar No. 241891)
Bethany.Kristovich@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
LAURA K. SULLIVAN (State Bar No. 281542)
Laura.Sullivan@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

Attorneys for LG ELECTRONICS, INC., LG
ELECRONICS USA, INC., AND LG
ELECTRONICS TAIWAN TAIPEI CO., LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| COSTCO WHOLESALE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LG ELECTRONICS TAIWAN TAIPEI CO., LTD.; LP DISPLAYS INTERNATIONAL LTD.; BEIJING MATSUSHITA COLOR CRT CO., LTD.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS NORTH | Case No. Master File No. 3:07-cv-05944-SC<br><br>MDL NO. 1917<br><br>Individual Case no. 11-cv-06397<br><br>**ANSWER OF LG ELECTRONICS, INC., LG ELECTRONICS USA, INC. AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD. TO FIRST AMENDED COMPLAINT BY COSTCO WHOLESALE CORPORATION** |

1  AMERICA CORPORATION; PHILIPS
   ELECTRONICS INDUSTRIES (TAIWAN),
2  LTD.; PHILIPS DA AMAZONIA
   INDUSTRIA ELECTRONICA LTDA.;
3  SAMSUNG ELECTRONICS CO., LTD.;
   SAMSUNG ELECTRONICS AMERICA,
4  INC.; SAMSUNG SDI CO., LTD.;
   SAMSUNG SDI AMERICA, INC.;
5  SAMSUNG SDI MEXICO S.A. DE C.V.;
   SAMSUNG SDI BRASIL LTDA.;
6  SHENZHEN SAMSUNG SDI CO., LTD.;
   TIANJIN SAMSUNG SDI CO., LTD.;
7  SAMSUNG SDI (MALAYSIA) SDN. BHD.;
   SAMTEL COLOR LTD.; THAI CRT CO.,
8  LTD.; TOSHIBA CORPORATION;
   TOSHIBA AMERICA, INC.; TOSHIBA
9  AMERICA CONSUMER PRODUCTS, LLC;
   TOSHIBA AMERICA ELECTRONIC
10 COMPONENTS, INC.; TOSHIBA
   AMERICA INFORMATION SYSTEMS,
11 INC.; CHUNGHWA PICTURE TUBES,
   LTD.; CHUNGHWA PICTURE TUBES
12 (MALAYSIA).

13                    Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Defendants LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., and LG

2  ELECTRONICS TAIWAN TAIPEI CO., LTD. (the "LG Entities"), through undersigned counsel,

3  hereby answer the allegations contained in the First Amended Complaint by Plaintiff Costco

4  Wholesale Corporation ("Costco" or "Plaintiff") ("FAC").  Except as otherwise stated below, the

5  LG Entities are without sufficient knowledge or information to form a belief concerning the truth

6  of the allegations in the FAC that are directed toward other defendants.  The LG Entities' response

7  to the allegations below are therefore limited to the truth or falsity of the allegations as they

8  pertain to the LG Entities only.  The LG Entities deny all allegations in the FAC (including

9  headings and captions) not specifically admitted in this Answer.

10    1.    The LG Entities deny the allegations contained in Paragraph 1.

11    2.    The LG Entities admit that during the Relevant Period, LG Electronics, Inc.

12  manufactured CPTs, CDTs, and CRT Products, as the terms are defined in this Paragraph.  The

13  LG Entities object to Plaintiff's definition of "CRT Products," because this definition includes

14  products at different levels of the production chain and creates confusion in attempting to respond

15  to the allegations of the FAC, given that certain companies, including LG Electronics, Inc.

16  ("LGEI"), do not manufacture and sell cathode ray tubes, while other defendants (including LG

17  Electronics USA, Inc. ("LGEUSA")) do not manufacture either cathode ray tubes or finished

18  products (such as televisions or computer monitors).

19    3.    The LG Entities lack knowledge or information sufficient to form a belief as to the

20  truth of the allegations contained in Paragraph 3 and on that basis deny those allegations.

21    4.    The LG Entities admit that during the Relevant Period, the business of

22  manufacturing and selling CRTs was under significant pressure due to changes in technologies

23  and customer preference, among other factors.  The LG Entities deny the remaining allegations

24  contained in Paragraph 4.

25    5.    The LG Entities deny the allegations contained in Paragraph 5.

26    6.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

27  CRT business had discussions with other CRT manufacturers about prices and output for certain

28  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

1   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

2   allegations of Paragraph 6 as they pertain to the LG Entities.

3         7.      The LG Entities deny the allegations contained in Paragraph 7.

4         8.      Paragraph 8 recites actions of various governmental agencies that are matters of

5   public record and no response is required.

6         9.      The LG Entities deny the allegations contained in Paragraph 9.

7        10.      The LG Entities lack sufficient information or knowledge to form a belief as to the

8   truth of the allegations contained in Paragraph 10 and on that basis deny them.

9        11.      The LG Entities lack information or knowledge sufficient to form a belief as to the

10  truth of the allegations of Paragraph 11 and on that basis deny them.

11       12.      The LG Entities lack information or knowledge sufficient to form a belief as to the

12  truth of the allegations of Paragraph 12 and on that basis deny them.

13       13.      The LG Entities lack information or knowledge sufficient to form a belief as to the

14  truth of the allegations of Paragraph 13 and on that basis deny them.

15       14.      The LG Entities lack information or knowledge sufficient to form a belief as to the

16  truth of the allegations of Paragraph 14 and on that basis deny them.

17       15.      The LG Entities lack information or knowledge sufficient to form a belief as to the

18  truth of the allegations of Paragraph 15 and on that basis deny them.

19       16.      The LG Entities lack information or knowledge sufficient to form a belief as to the

20  truth of the allegations of Paragraph 16 and on that basis deny them.

21       17.      The LG Entities lack information or knowledge sufficient to form a belief as to the

22  truth of the allegations of Paragraph 17 and on that basis deny them.

23       18.      The LG Entities lack information or knowledge sufficient to form a belief as to the

24  truth of the allegations of Paragraph 18 and on that basis deny them.

25       19.      The LG Entities lack information or knowledge sufficient to form a belief as to the

26  truth of the allegations of Paragraph 19 and on that basis deny them.

27       20.      The LG Entities lack information or knowledge sufficient to form a belief as to the

28  truth of the allegations of Paragraph 20 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

21.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 21 and on that basis deny them.

22.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 22 and on that basis deny them.

23.     Paragraph 23 describes the terminology used in the FAC and no response is required.

24.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 24 and on that basis deny them.

25.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 25 and on that basis deny them.

26.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 26 and on that basis deny them.

27.     Paragraph 27 describes the terminology used in the FAC and no response is required.

28.     The LG Entities admit that LGEI is a corporate entity organized under the laws of the Republic of Korea, and further admits the location of its headquarters as alleged in Paragraph 28.  LGEI admits that before July 2001, it spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays."  Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 28.

29.     The LG Entities admit that LGEUSA is a Delaware corporation which is a wholly-owned subsidiary of LGEI and engaged in the marketing and sale of certain CRT Products during the Relevant Period, and the location of its headquarters as alleged in Paragraph 29.  Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 29.

30.     Pursuant to the May 22, 2012 Corrected Stipulation and Order Dismissing Defendant LG Electronics Taiwan Taipei Co., LTD., Docket No. 1202, Plaintiff dismissed

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    LGETT as a defendant to this action.  Pursuant to an April 25, 2012 tolling agreement with

2    LGETT, Plaintiff agreed that following this dismissal, Plaintiff would "not … institute an action

3    against LGETT arising out of or relating to [alleged price fixing of CRTs and/or CRT Products]

4    until fifteen days after sending LGETT written notice of their intent to file suit."  Plaintiff

5    provided no such notice to LGETT before filing the FAC and the allegations against LGETT

6    should be dismissed pursuant to the parties' tolling agreement.  To the extent that a response to

7    Paragraph 30 is still required, the LG Entities admit that LGETT is a corporate entity organized

8    under the laws of Taiwan and is a wholly-owned subsidiary of LGEI.  Except as so admitted, the

9    LG Entities deny the remaining allegations of Paragraph 30.

10          31.    Paragraph 31 describes the terminology used in the FAC and no response is

11   required.

12          32.    The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

13   and sales operations to a separate company which, effective July 2001, became part of a newly-

14   formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was

15   formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes

16   referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was

17   named "LP Displays" and that LGEI's interest in LP Displays was transferred to various third-

18   parties in the course of LP Displays' bankruptcy proceeding.  The remainder of the allegations of

19   Paragraph 32 are not directed at the LG Entities and therefore no response is required.  To the

20   extent that a response is required, the LG Entities lack information or knowledge sufficient to form

21   a belief as to the truth of the remaining allegations of Paragraph 32 and on that basis deny them.

22          33.    The LG Entities lack information or knowledge sufficient to form a belief as to the

23   truth of the allegations of Paragraph 33 and on that basis deny them.

24          34.    The LG Entities admit that the new entity – called LPD – was formed as a Dutch

25   joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as

26   "Royal Phillips").  Except as so admitted, the LG Entities lack information or knowledge

27   sufficient to form a belief as to the truth of the allegations of Paragraph 34 and on that basis deny

28   them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    35.    The LG Entities lack information or knowledge sufficient to form a belief as to the

2  truth of the allegations of Paragraph 35 and on that basis deny them.

3    36.    The LG Entities lack information or knowledge sufficient to form a belief as to the

4  truth of the allegations of Paragraph 36 and on that basis deny them.

5    37.    The LG Entities lack information or knowledge sufficient to form a belief as to the

6  truth of the allegations of Paragraph 37 and on that basis deny them.

7    38.    Paragraph 38 describes the terminology used in the FAC and no response is

8  required.

9    39.    The LG Entities lack information or knowledge sufficient to form a belief as to the

10  truth of the allegations of Paragraph 39 and on that basis deny them.

11    40.    The LG Entities lack information or knowledge sufficient to form a belief as to the

12  truth of the allegations of Paragraph 40 and on that basis deny them.

13    41.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14  truth of the allegations of Paragraph 41 and on that basis deny them.

15    42.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16  truth of the allegations of Paragraph 42 and on that basis deny them.

17    43.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18  truth of the allegations of Paragraph 43 and on that basis deny them.

19    44.    The LG Entities lack information or knowledge sufficient to form a belief as to the

20  truth of the allegations of Paragraph 44 and on that basis deny them.

21    45.    The LG Entities lack information or knowledge sufficient to form a belief as to the

22  truth of the allegations of Paragraph 45 and on that basis deny them.

23    46.    The LG Entities lack information or knowledge sufficient to form a belief as to the

24  truth of the allegations of Paragraph 46 and on that basis deny them.

25    47.    The LG Entities lack information or knowledge sufficient to form a belief as to the

26  truth of the allegations of Paragraph 47 and on that basis deny them.

27    48.    Paragraph 48 describes the terminology used in the FAC and no response is

28  required.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1       49.     The LG Entities lack information or knowledge sufficient to form a belief as to the

2   truth of the allegations of Paragraph 49 and on that basis deny them.

3       50.     The LG Entities lack information or knowledge sufficient to form a belief as to the

4   truth of the allegations of Paragraph 50 and on that basis deny them.

5       51.     The LG Entities lack information or knowledge sufficient to form a belief as to the

6   truth of the allegations of Paragraph 51 and on that basis deny them.

7       52.     The LG Entities lack information or knowledge sufficient to form a belief as to the

8   truth of the allegations of Paragraph 52 and on that basis deny them.

9       53.     The LG Entities lack information or knowledge sufficient to form a belief as to the

10  truth of the allegations of Paragraph 53 and on that basis deny them.

11      54.     The LG Entities lack information or knowledge sufficient to form a belief as to the

12  truth of the allegations of Paragraph 54 and on that basis deny them.

13      55.     The LG Entities lack information or knowledge sufficient to form a belief as to the

14  truth of the allegations of Paragraph 55 and on that basis deny them.

15      56.     Paragraph 56 describes the terminology used in the FAC and no response is

16  required.

17      57.     The LG Entities lack information or knowledge sufficient to form a belief as to the

18  truth of the allegations of Paragraph 57 and on that basis deny them.

19      58.     The LG Entities lack information or knowledge sufficient to form a belief as to the

20  truth of the allegations of Paragraph 58 and on that basis deny them.

21      59.     Paragraph 59 describes the terminology used in the FAC and no response is

22  required.

23      60.     The LG Entities deny the allegations contained in Paragraph 60.

24      61.     The LG Entities deny the allegations contained in Paragraph 61.

25      62.     To the extent that Paragraph 62 describes the use of terminology by Dell in the

26  FAC, no response is required.  The LG Entities deny the remaining allegations contained in

27  Paragraph 62.

28      63.     The LG Entities deny the allegations contained in Paragraph 63.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

64.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 64 and on that basis deny them.

65.     Paragraph 65 characterizes Plaintiff's claims in the FAC and no response is required.

66.     To the extent that Paragraph 66 characterizes Plaintiff's claims in the FAC, no response is required.  The LG Entities admit that the Court has subject matter jurisdiction over Plaintiff's federal antitrust claims, if any, that satisfy the requirements of the Foreign Trade and Antitrust Improvement Act ("FTAIA").  The remainder of Paragraph 66 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

67.     Paragraph 67 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

68.     The LG Entities admit that the Court has subject matter jurisdiction over Plaintiff's federal antitrust claims, if any, that satisfy the requirements of the Foreign Trade and Antitrust Improvement Act ("FTAIA").  The remainder of Paragraph 68 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

69.     Paragraph 69 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

70.     To the extent that Paragraph 70 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 70 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 70.

71.     To the extent that Paragraph 71 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 71 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 71.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

72. To the extent that Paragraph 72 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 72 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology. The LG Entities deny any remaining allegations of Paragraph 72.

73. To the extent that Paragraph 73 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 73 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology. The LG Entities deny any remaining allegations of Paragraph 73.

74. To the extent that Paragraph 74 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 74 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology. The LG Entities deny any remaining allegations of Paragraph 74.

75. To the extent that Paragraph 75 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 75 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology. The LG Entities deny any remaining allegations of Paragraph 75, including but not limited to the allegation that the market for CRTs and the market for the products into which they are placed are inextricably intertwined.

76. To the extent that Paragraph 76 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 76 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology. The LG Entities deny any remaining allegations of Paragraph 76.

77. The LG Entities deny the allegations of Paragraph 77.

78. The LG Entities deny the allegations of Paragraph 78.

79. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 79 and on that basis deny them.

80. The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

2  allegations of Paragraph 80 as they pertain to the LG Entities.

3       81.    The LG Entities admit that LGEI was a member of the Korea Display Industry

4  Association.  To the extent that the remaining allegations contained in Paragraph 81 are directed to

5  other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to

6  the truth of the allegations contained in Paragraph 81 and on that basis deny those allegations. To

7  the extent that the remaining allegations contained in Paragraph 81 are directed to the LG Entities,

8  they are denied.

9       82.    The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

10 and sales operations to a separate company which, effective July 2001, became part of a newly

11 formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD

12 – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

13 (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring

14 and was renamed "LP Displays." To the extent that the remaining allegations contained in

15 Paragraph 82 are directed to other defendants, the LG Entities lack knowledge or information

16 sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and on that

17 basis deny those allegations. To the extent that the remaining allegations contained in Paragraph

18 82 are directed to the LG Entities, they are denied.

19      83.    The LG Entities deny the allegations contained in Paragraph 83.

20      84.    The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

21 and sales operations to a separate company which, effective July 2001, became part of a newly

22 formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD

23 – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

24 (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring

25 and was renamed "LP Displays."  The LG Entities further admit that Hitachi, Ltd. and LGEI

26 formed a joint venture in 2000 for the development, design and marketing of optical disk drives.

27 The LG Entities further admit that in 1999, LGEI entered into a joint venture agreement with

28 Koninklijke Philips Electronics N.V. with respect to the manufacture, sale, and marketing of TFT-

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1  LCD panels.  To the extent that the remaining allegations contained in Paragraph 84 are directed

2  to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to

3  the truth of the allegations contained in Paragraph 84 and on that basis deny those allegations.  To

4  the extent that the remaining allegations contained in Paragraph 84 are directed to the LG Entities,

5  they are denied.

6          85.     The LG Entities admit that during the Relevant Period, the demand for CRTs was

7  declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

8  Paragraph 85.

9          86.     The LG Entities deny the allegations contained in Paragraph 86.

10          87.     The LG Entities deny the allegations contained in Paragraph 87.

11          88.     The LG Entities admit that during the Relevant Period, the demand for CRTs was

12  declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

13  Paragraph 88.

14          89.     The LG Entities admit that CRTs were being rapidly replaced by TFT-LCD,

15  plasma and other display technologies between 2000 and 2006.  Except as so admitted, the LG

16  Entities deny the remaining allegations contained in Paragraph 89.

17          90.     The LG Entities deny the allegations contained in Paragraph 90.

18          91.     The LG Entities admit that during the Relevant Period, the demand for CRTs was

19  declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to

20  form a belief as to the truth of the allegations contained in Paragraph 91 and on that basis deny

21  those allegations.

22          92.     The LG Entities admit that during the Relevant Period, the demand for CRTs was

23  declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to

24  form a belief as to the truth of the allegations contained in Paragraph 92 and on that basis deny

25  those allegations.

26          93.     To the extent that Paragraph 93 describes CRT technology generally, the LG

27  Entities admit the allegations of Paragraph 93 but also aver that the allegations do not describe

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 93.

94.     The LG Entities deny the allegations contained in Paragraph 94.

95.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 95 and on that basis deny them.

96.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 96 and on that basis deny them.

97.     The LG Entities deny the allegations contained in Paragraph 97.

98.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 98 as they pertain to the LG Entities.

99.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 99 as they pertain to the LG Entities.

100.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 100 as they pertain to the LG Entities.

101.    The LG Entities deny the allegations contained in Paragraph 101.

102.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  The LG Entities further admit that some of the meetings at which such discussions

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    occurred were sometimes referred to by some participants as "glass meetings." Except as

2    specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 102 as

3    they pertain to the LG Entities.

4         103.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

5    CRT business had discussions with other CRT manufacturers about prices and output for certain

6    types and sizes of CRTs over specified periods of time in certain geographic regions other than the

7    United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

8    allegations of Paragraph 103 as they pertain to the LG Entities.

9         104.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

10   CRT business had discussions with other CRT manufacturers about prices and output for certain

11   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

12   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

13   allegations of Paragraph 104 as they pertain to the LG Entities.

14        105.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

15   CRT business had discussions with other CRT manufacturers about prices and output for certain

16   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

17   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

18   allegations of Paragraph 105 as they pertain to the LG Entities.

19        106.    The allegations of Paragraph 106 are directed to other defendants, and the LG

20   Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations

21   of Paragraph 106 and on that basis deny them.

22        107.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

23   CRT business had discussions with other CRT manufacturers about prices and output for certain

24   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

25   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

26   allegations of Paragraph 107 as they pertain to the LG Entities.

27        108.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

28   CRT business had discussions with other CRT manufacturers about prices and output for certain

1   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

2   United States.  The LG Entities further admit that some of the meetings at which such discussions

3   occurred were held in conjunction with a golf outing.  Except as specifically admitted in the

4   foregoing, the LG Entities deny the allegations of Paragraph 108 as they pertain to the LG

5   Entities.

6       109.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

7   CRT business had discussions with other CRT manufacturers about prices and output for certain

8   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

9   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

10  allegations of Paragraph 109 as they pertain to the LG Entities.

11      110.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

12  CRT business had discussions with other CRT manufacturers about prices and output for certain

13  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

14  United States.  The LG Entities further admit that information was exchanged in advance of some

15  of the meetings at which such discussion occurred.  Except as specifically admitted in the

16  foregoing, the LG Entities deny the allegations of Paragraph 110 as they pertain to the LG

17  Entities.

18      111.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

19  CRT business had discussions with other CRT manufacturers about prices and output for certain

20  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

21  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

22  allegations of Paragraph 111 as they pertain to the LG Entities.

23      112.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

24  CRT business had discussions with other CRT manufacturers about prices and output for certain

25  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

26  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

27  allegations of Paragraph 112 as they pertain to the LG Entities.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1      113.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

2  CRT business had discussions with other CRT manufacturers about prices and output for certain

3  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

4  United States. Except as specifically admitted in the foregoing, the LG Entities deny the

5  allegations of Paragraph 113 as they pertain to the LG Entities.

6      114.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

7  CRT business had discussions with other CRT manufacturers about prices and output for certain

8  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

9  United States. Except as specifically admitted in the foregoing, the LG Entities deny the

10  allegations of Paragraph 114 as they pertain to the LG Entities.

11      115.   The LG Entities deny the allegations of Paragraph 115.

12      116.   The LG Entities deny the allegations of Paragraph 116.

13      117.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

14  CRT business had discussions with other CRT manufacturers about prices and output for certain

15  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

16  United States. Except as specifically admitted in the foregoing, the LG Entities deny the

17  allegations of Paragraph 117 as they pertain to the LG Entities.

18      118.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

19  CRT business had discussions with other CRT manufacturers about prices and output for certain

20  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

21  United States. Except as specifically admitted in the foregoing, the LG Entities deny the

22  allegations of Paragraph 118 as they pertain to the LG Entities.

23      119.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

24  CRT business had discussions with other CRT manufacturers about prices and output for certain

25  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

26  United States. Except as specifically admitted in the foregoing, the LG Entities deny the

27  allegations of Paragraph 119 as they pertain to the LG Entities.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1        120.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

2 CRT business had discussions with other CRT manufacturers about prices and output for certain

3 types and sizes of CRTs over specified periods of time in certain geographic regions other than the

4 United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

5 allegations of Paragraph 120 as they pertain to the LG Entities.

6        121.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

7 CRT business had discussions with other CRT manufacturers about prices and output for certain

8 types and sizes of CRTs over specified periods of time in certain geographic regions other than the

9 United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

10 allegations of Paragraph 121 as they pertain to the LG Entities.

11        122.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

12 CRT business had discussions with other CRT manufacturers about prices and output for certain

13 types and sizes of CRTs over specified periods of time in certain geographic regions other than the

14 United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

15 allegations of Paragraph 122 as they pertain to the LG Entities.

16        123.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

17 CRT business had discussions with other CRT manufacturers about prices and output for certain

18 types and sizes of CRTs over specified periods of time in certain geographic regions other than the

19 United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

20 allegations of Paragraph 123 as they pertain to the LG Entities.

21        124.    The LG Entities lack information or knowledge sufficient to form a belief as to the

22 truth of the allegations of Paragraph 124 and on that basis deny them.

23        125.    The LG Entities lack information or knowledge sufficient to form a belief as to the

24 truth of the allegations of Paragraph 125 and on that basis deny them.

25        126.    The LG Entities lack information or knowledge sufficient to form a belief as to the

26 truth of the allegations of Paragraph 126 and on that basis deny them.

27        127.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

28 CRT business had discussions with other CRT manufacturers about prices and output for certain

1  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

2  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

3  allegations of Paragraph 127.  The LG Entities specifically deny that any individual employed by

4  LGPD – an independent company – attended meetings, participated in discussions, or entered

5  agreements with competitors on behalf of or at the direction of the LG Entities or any of them.

6  The LG Entities also deny that any individual employed by LGPD was simultaneously employed

7  by or reported to LGEI.

8       128.    The LG Entities deny the allegations contained in Paragraph 128.

9       129.    The LG Entities lack information or knowledge sufficient to form a belief as to the

10  truth of the allegations of Paragraph 129 and on that basis deny them.

11      130.    The LG Entities lack information or knowledge sufficient to form a belief as to the

12  truth of the allegations of Paragraph 130 and on that basis deny them.

13      131.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14  truth of the allegations of Paragraph 131 and on that basis deny them.

15      132.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16  truth of the allegations of Paragraph 132 and on that basis deny them.

17      133.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18  truth of the allegations of Paragraph 133 and on that basis deny them.

19      134.    The LG Entities lack information or knowledge sufficient to form a belief as to the

20  truth of the allegations of Paragraph 134 and on that basis deny them.

21      135.    The LG Entities lack information or knowledge sufficient to form a belief as to the

22  truth of the allegations of Paragraph 135 and on that basis deny them.

23      136.    The LG Entities lack information or knowledge sufficient to form a belief as to the

24  truth of the allegations of Paragraph 136 and on that basis deny them.

25      137.    The LG Entities lack information or knowledge sufficient to form a belief as to the

26  truth of the allegations of Paragraph 137 and on that basis deny them.

27      138.    The LG Entities lack information or knowledge sufficient to form a belief as to the

28  truth of the allegations of Paragraph 138 and on that basis deny them.

1       139.    The LG Entities lack information or knowledge sufficient to form a belief as to the
2   truth of the allegations of Paragraph 139 and on that basis deny them.

3       140.    The LG Entities lack information or knowledge sufficient to form a belief as to the
4   truth of the allegations of Paragraph 140 and on that basis deny them.

5       141.    The LG Entities lack information or knowledge sufficient to form a belief as to the
6   truth of the allegations of Paragraph 141 and on that basis deny them.

7       142.    The LG Entities lack information or knowledge sufficient to form a belief as to the
8   truth of the allegations of Paragraph 142 and on that basis deny them.

9       143.    The LG Entities lack information or knowledge sufficient to form a belief as to the
10  truth of the allegations of Paragraph 143 and on that basis deny them.

11      144.    To the extent that Paragraph 144 describes the use of terminology by Plaintiff in
12  the FAC, no response is required.  The LG Entities deny the remaining allegations contained in
13  Paragraph 144.

14      145.    The LG Entities lack information or knowledge sufficient to form a belief as to the
15  truth of the allegations of Paragraph 145 and on that basis deny them.

16      146.    The LG Entities lack information or knowledge sufficient to form a belief as to the
17  truth of the allegations of Paragraph 146 and on that basis deny them.

18      147.    The LG Entities admit that the Antitrust Division of the United States Department
19  of Justice commenced an investigation related to CRTs.  Except as specifically admitted in the
20  foregoing, the LG Entities deny any remaining allegations contained in Paragraph 147.

21      148.    The LG Entities admit that the European Commission and Japan and South Korea's
22  Fair Trade Commissions opened investigations related to CRTs.  Except as specifically admitted
23  in the foregoing, the LG Entities deny any remaining allegations contained in Paragraph 148.

24      149.    To the extent that Paragraph 149 purports to describe the contents of a document,
25  the document speaks for itself and no response is required.  To the extent that a response is
26  deemed necessary, the LG Entities deny the allegations of Paragraph 149 as they pertain to the LG
27  Entities.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    150.    To the extent that Paragraph 150 purports to describe the contents of a document,

2    the document speaks for itself and no response is required.  To the extent that a response is

3    deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

4    the truth of the allegations of Paragraph 150 and on that basis deny them.

5    151.    To the extent that Paragraph 151 purports to describe the contents of a document,

6    the document speaks for itself and no response is required.  To the extent that a response is

7    deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

8    the truth of the allegations of Paragraph 151 and on that basis deny them.

9    152.    To the extent that Paragraph 152 purports to describe the contents of a document,

10   the document speaks for itself and no response is required.  To the extent that a response is

11   deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

12   the truth of the allegations of Paragraph 152 and on that basis deny them.

13   153.    To the extent that Paragraph 153 purports to describe the contents of a document,

14   the document speaks for itself and no response is required.  To the extent that a response is

15   deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

16   the truth of the allegations of Paragraph 153 and on that basis deny them.

17   154.    To the extent that Paragraph 154 purports to describe the contents of a document,

18   the document speaks for itself and no response is required.  To the extent that a response is

19   deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

20   the truth of the allegations of Paragraph 154 and on that basis deny them.

21   155.    To the extent that Paragraph 155 purports to describe the contents of a document,

22   the document speaks for itself and no response is required.  To the extent that a response is

23   deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

24   the truth of the allegations of Paragraph 155 and on that basis deny them.

25   156.    The LG Entities admit that the European Commission imposed fines in the amount

26   stated against the companies listed.  Except as specifically admitted in the foregoing, the LG

27   Entities deny any remaining allegations contained in Paragraph 156.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

157.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 157 and on that basis deny them.

158.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 158 and on that basis deny them.

159.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 159 and on that basis deny them.

160.    To the extent that Paragraph 160 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 160 and on that basis deny them.

161.    To the extent that Paragraph 161 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 161 and on that basis deny them.

162.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 162 and on that basis deny them.

163.    The LG Entities admit that LGEI was a member of Korean Display Equipment Material Industry Association and Electronic Display Industrial Research Association of Korea, and has participated in the Korea Display Conference.  Except as specifically admitted in the foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 163 and on that basis deny them.

164.    The LG Entities admit that LGEI was a member of Korean Display Equipment Material Industry Association and Electronic Display Industrial Research Association of Korea, and has participated in the Korea Display Conference.  Except as specifically admitted in the foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 164.

- 19 -

1      165.    The LG Entities lack information or knowledge sufficient to form a belief as to the

2    truth of the allegations of Paragraph 165 and on that basis deny them.

3      166.    The LG Entities deny the allegations of Paragraph 166.

4      167.    The LG Entities deny the allegations of Paragraph 167.

5      168.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

6    declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

7    Paragraph 168.

8      169.    The LG Entities deny the allegations of Paragraph 169.

9      170.    The LG Entities lack information or knowledge sufficient to form a belief as to the

10    truth of the allegations of Paragraph 170 concerning Plaintiff's knowledge and on that basis deny

11    them.  The LG Entities deny the remaining allegations contained in Paragraph 170.

12      171.    The LG Entities lack information or knowledge sufficient to form a belief as to the

13    truth of the allegations of Paragraph 171 concerning Plaintiff's knowledge and on that basis deny

14    them.  The LG Entities deny the remaining allegations contained in Paragraph 171.

15      172.    The LG Entities deny the allegations contained in Paragraph 172.

16      173.    The LG Entities deny the allegations contained in Paragraph 173.

17      174.    The LG Entities deny the allegations contained in Paragraph 174.

18      175.    The LG Entities deny the allegations contained in Paragraph 175.

19      176.    The LG Entities deny the allegations contained in Paragraph 176.

20      177.    To the extent that Paragraph 177 purports to describe the contents of a document,

21    the document speaks for itself and no response is required.  To the extent a response is deemed

22    necessary, the LG Entities admit that during the Relevant Period, the demand for CRTs was

23    declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

24    Paragraph 177.

25      178.    The LG Entities deny the allegations contained in Paragraph 178.

26      179.    The LG Entities deny the allegations contained in Paragraph 179.

27

28

180.     To the extent that Paragraph 180 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph180.

181.     The LG Entities deny the allegations contained in Paragraph 181.

182.     The LG Entities deny the allegations contained in Paragraph 182.

183.     Paragraph 183 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

184.     The LG Entities admit that the Antitrust Division of the United States Department of Justice commenced an investigation related to CRTs.  The second sentence of Paragraph 184 consists of legal conclusions to which no response is required.  Except as specifically admitted in the foregoing, and to the extent that a response is deemed necessary, the LG Entities deny the allegations.

185.     Paragraph 185 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

186.     To the extent that Paragraph 186 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that Paragraph 186 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 186 and on that basis deny them.

187.     The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

188.     The LG Entities deny the allegations contained in Paragraph 188.

189.     The LG Entities deny the allegations contained in Paragraph 189.

190.     The LG Entities deny the allegations contained in Paragraph 190.

191.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the

1   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

2   allegations of Paragraph 191 as they pertain to the LG Entities.

3         192.    The LG Entities deny the allegations contained in Paragraph 192.

4         193.    The LG Entities deny the allegations contained in Paragraph 193.

5         194.    The LG Entities hereby incorporate by reference its answers to each and every

6   allegation set forth in the preceding paragraphs.

7         195.    To the extent that Paragraph 195 consists of legal conclusions, no response is

8   required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations

9   contained in Paragraph 195.

10        196.    The LG Entities deny the allegations contained in Paragraph 196.

11        197.    The LG Entities deny the allegations contained in Paragraph 197.

12        198.    The LG Entities hereby incorporate by reference its answers to each and every

13  allegation set forth in the preceding paragraphs.

14        199.    To the extent that Paragraph 199 consists of legal conclusions, no response is

15  required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations

16  contained in Paragraph 199.

17        200.    The LG Entities deny the allegations contained in Paragraph 200.

18        201.    The LG Entities deny the allegations contained in Paragraph 201.

19        202.    The LG Entities hereby incorporate by reference its answers to each and every

20  allegation set forth in the preceding paragraphs.

21        203.    To the extent that Paragraph 203 consists of legal conclusions, no response is

22  required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations

23  contained in Paragraph 203.

24        204.    The LG Entities deny the allegations contained in Paragraph 204.

25        205.    The LG Entities deny the allegations contained in Paragraph 205.

26        206.    The LG Entities hereby incorporate by reference its answers to each and every

27  allegation set forth in the preceding paragraphs.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

207.    To the extent that Paragraph 207 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 207.

208.    To the extent that Paragraph 208 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 208.

209.    To the extent that Paragraph 209 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 209.

210.    To the extent that Paragraph 210 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 210.

211.    The LG Entities deny the allegations contained in Paragraph 211.

212.    The LG Entities deny the allegations contained in Paragraph 212.

213.    The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

214.    To the extent that Paragraph 214 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 214.

215.    The LG Entities deny the allegations contained in Paragraph 215.

216.    The LG Entities deny the allegations contained in Paragraph 216.

## RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND

The paragraphs of the FAC following the header "Prayer for Relief" and "Jury Trial Demanded" do not require a response.  To the extent that those paragraphs require a response, the LG Entities deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

ANSWER OF LG ELECTRONICS *et al:*
Master File No. 3:07-cv-05944-SC

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any of these defenses, the LG Entities allege the following affirmative defenses to the allegations set forth in the FAC:

### FIRST DEFENSE

The FAC fails to state a claim upon which relief can be granted because Plaintiff's claims are ambiguous, vague, and/or unintelligible; because Plaintiff has failed to alleged fraud or fraudulent concealment with sufficient particularity; and/or because Plaintiff has failed to allege conspiracy with sufficient particularity. The LG Entities aver that Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit the LG Entities to ascertain all defenses that may exist.

### SECOND DEFENSE

The claims set forth in the FAC are barred by the statute of limitations.

### THIRD DEFENSE

Without conceding the existence of any conspiracy, Plaintiff's claims are barred because the LG Entities effectively withdrew from any alleged conspiracy.

### FOURTH DEFENSE

The conduct alleged by Plaintiff in the FAC to form the basis of certain of Plaintiff's claims has not had a direct, substantial, and reasonably foreseeable effect on trade or commerce with the United States. The Court therefore lacks subject matter jurisdiction.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they are based upon foreign sales by defendants, because Plaintiff has failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a and/or *Hartford Fire Ins. Co. v. California*, 509 U.S. 764 (1993).

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that it did not purchase CRTs directly from defendants, because they are indirect purchasers and barred from maintaining an action for alleged injuries in that capacity.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

## SEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff lacks standing to sue for the injuries alleged in the FAC.

## EIGHTH DEFENSE

Plaintiff is barred from recovery of any damages because of, and to the extent of, its failure to mitigate damages, or alternatively any claimed injury or damage has been offset by benefits received by Plaintiff with respect to the challenged conduct.

## NINTH DEFENSE

Plaintiff's claims for damages are barred because Plaintiff has suffered no injury or damages as a result of the matters alleged in the FAC, or alternatively, because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

## TENTH DEFENSE

Any injuries or damages Plaintiff may have suffered were not caused, either actually or proximately, by the acts and omissions of the LG Entities.

## ELEVENTH DEFENSE

Any injuries or damages Plaintiff may have suffered were caused solely and proximately by the acts and omissions of others.  The acts of others constitute intervening or superseding causes of harm, if any, suffered by Plaintiff.

## TWELFTH DEFENSE

Plaintiff's claims are barred to the extent injuries alleged in the FAC, which the LG Entities deny, were contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than the LG Entities.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to the LG Entities.

1

FOURTEENTH DEFENSE

2   Plaintiff's claims are barred because Plaintiff has not suffered actual, cognizable injury of

3   the type antitrust laws are intended to remedy.

4

FIFTEENTH DEFENSE

5   To the extent that any actionable conduct occurred, Plaintiff's claims against the LG

6   Entities are barred because all such conduct would have been committed by individuals acting

7   ultra vires.

8

SIXTEENTH DEFENSE

9   Plaintiff's claims against the LG Entities are barred to the extent that Plaintiff has agreed to

10  arbitration or chosen a different forum for the resolution of their claims.

11

SEVENTEENTH DEFENSE

12  Plaintiff's claims are barred, in whole or in part, because the remedies sought are

13  unconstitutional, contrary to public policy, or are otherwise unauthorized.

14

EIGHTEENTH DEFENSE

15  Plaintiff's claims are barred, in whole or in part, for failure to join indispensable parties.

16

NINETEENTH DEFENSE

17  Without admitting that Plaintiff is entitled to recover damages in this matter, the LG

18  Entities are entitled to set off from any recovery Plaintiff may obtain against them by any other

19  Defendants who have settled, or do settle, Plaintiff's claims in this matter.

20

TWENTIETH DEFENSE

21  The LG Entities are separate and autonomous companies from LPD, and thus are not liable

22  for Plaintiff's damages resulting from LPD's actions.

23

TWENTY-FIRST DEFENSE

24  Any award of treble damages would violate the Excessive Fines and Due Process Clauses

25  of the United States Constitution and equivalent clauses in the state constitution.

26

27

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

**RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES**

The LG Entities adopt by reference any additional applicable defenses pleaded by any other Defendant in this action. The LG Entities have not knowingly or intentionally waived any applicable defenses and explicitly reserve the right to assert any additional defenses and affirmative defenses as this action proceeds. The LG Entities further reserve the right to amend its Answer and/or defenses accordingly, and/or to delete defenses that it determines are not applicable as this action proceeds. The LG Entities further reserve the right to assert affirmative defenses that are unique to one or a subset of the claims asserted under the state law at issue in this action.

WHEREFORE, the LG Entities pray as follows:

1.      That the Plaintiff takes nothing by way of the FAC, and the action be dismissed with prejudice;

2.      That judgment be entered in favor of the LG Entities and against Plaintiff with respect to all causes of action in the FAC;

3.      That the Court award the LG Entities its attorneys' fees and all other costs reasonably incurred in defense of this action; and

4.      That the Court award such other relief as it may deem just and proper.

DATED:  November 4, 2013            MUNGER, TOLLES & OLSON LLP
                                    WILLIAM D. TEMKO
                                    HOJOON HWANG
                                    BETHANY W. KRISTOVICH
                                    LAURA K. SULLIVAN


                                    By:      _/s/ Hojoon Hwang_
                                             HOJOON HWANG
                                    Attorneys for LG ELECTRONICS, INC., LG
                                    ELECRONICS USA, INC., AND LG ELECTRONICS
                                    TAIWAN TAIPEI CO., LTD

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

**PROOF OF SERVICE**

I, Angela Balestrieri, the undersigned, declare that I am over the age of 18 and not a party to the within cause. I am employed by Munger, Tolles & Olson LLP in the County of San Francisco, State of California. My business address is 560 Mission Street, Twenty-Seventh Floor, San Francisco, California 94105-2907.

On November 4, 2013, I served upon the interested parties in this action the following document, a copy of which is attached to this Proof of Service:

**ANSWER OF LG ELECTRONICS, INC., LG ELECTRONICS USA, INC. AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD. TO FIRST AMENDED COMPLAINT BY COSTCO WHOLESALE CORPORATION**

☒ By placing ☐ the original(s) ☒ a true and correct copy via electronic Notice through ECF and/or, as set out below, in an addressed, sealed envelope(s) clearly labeled to identify the person(s) being served at the address(es) set forth on the attached service list.

☒ **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such envelope(s) to be placed in interoffice mail for collection and deposit in the United States Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on that same date, following ordinary business practices. I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

☒ **TO BE SERVED ELECTRONICALLY VIA ECF THROUGH THE COURT'S NOTIFICATION SYSTEM.**

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 4, 2013, at San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 4, 2013, at San Francisco, California.

_____
Angela Balestrieri

PROOF OF SERVICE; CASE NO. 3:07-CV-05944-SC

22012232.1

1

**PROOF OF SERVICE BY MAIL**

2

Case No.:  3:07-CV-05944-SC

3

SERVICE LIST

Charles H. Johnson

4

Charles H Johnson & Associates PA

2599 Mississippi Street

5

New Brighton, MN 55113

6

Clinton Paul Walker

7

Damrell, Nelson, Schrimp, Pallios, Pache & Silva

1601 "I" Street

8

Fifth Floor

Modesto, CA 95354

9

10

Donna F. Solen

Mason Law Firm-Washington

11

1225 19th Street, NW, Suite 500

Washington, DC 20036

12

13

Gregory D. Hull

Weil, Gotshal & Manges LLP

14

201 Redwood Shores Parkway

Redwood Shores, CA 94065

15

16

Issac L. Diel

Sharp McQueen

17

6900 College Boulevard, Suite 285

Overland Park, KS 66211

18

19

Jean B. Roth

Mansfield Tanick & Cohen

20

1700 U.S. Bank Plaza South

220 South Sixth Street

21

Minneapolis, MN 55402-4511

22

John G. Emerson

Emerson Poynter LLP

23

830 Apollo Lane

Houston, TX 77058

24

25

John Gressette Felder , Jr

McGowan Hood Felder and Johnson

26

1405 Calhoun Street

Columbia, SC 29201

27

28

22012232.1

1  Katherine Hamilton Wheaton
   300 North LaSalle Street
2  Chicago, IL 60654

3
   Krishna B. Narine
4  Schiffrin & Barroway, LLP
   Three Bala Plaza East
5  Suite 400
   Bala Cynwyd, PA 19004
6

7  Lawrence D. McCabe
   Murray Frank & Sailer LLP
8  275 Madison Avenue
   New York, NY 10016
9

10 Lawrence P. Schaefer
   Mansfield Tanick & Cohen
11 1700 U.S. Bank Plaza South
   220 South Sixth Street
12 Minneapolis, MN 55402-4511

13 Lewis Titus LeClair
   McKool Smith
14 300 Crescent Ct #1500
   Dallas, TX 75201
15

16 Lori A. Fanning
   Miller Law LLC
17 115 South LaSalle Street, Suite 2910
   Chicago, IL 60603
18

19 Mark Reinhardt
   Reinhardt Wendorf & Blanchfield
20 East 1000 First National Bank Building
   322 Minnesota Street
21 St. Paul, MN 55101

22
   Martin E. Grossman
23 Law Offices of Martin E. Grossman
   2121 Green Brier Drive
24 Villanova, PA 19085

25
   Matthew E. Van Tine
26 Miller Law LLC
   115 South LaSalle Street, Suite 2910
27 Chicago, IL 60603

28
                              - 2 -

22012232.1

1    Melissa Willett
     Boies, Schiller & Flexner
2    5301 Wisconsin Ave. NW
     Suite 800
3    Washington, DC 20015

4
     Mike McKool , Jr
5    McKool Smith, P.C.
     300 Crescent Court Ste 1500
6    Dallas, TX 75201

7
     Neal A Eisenbraun
8    Neal A Eisenbraun, Chartered
     2599 Mississippi Street
9    New Brighton, MN 55113

10
     Niki B. Okcu
11   AT&T Services, Inc. Legal Dept.
     525 Market Street, 20th Floor
12   San Francisco, CA 94105

13
     Patricia A. Conners
14   Attorney General's Office
     Department of Legal Affairs
15   Antitrust Section
     PL-01 The Capitol
16   Tallahassee, FL 32399-1050

17
     Paul F Novak
18   Milberg LLP
     One Kennedy Square
19   777 Woodward Avenue, Suite 890
     Detroit, MI 48226
20
     Richard M. Hagstrom
21   Zelle Hofmann Voelbel Mason & Gette LLP
     500 Washington Avenue South, Suite 4000
22   Minneapolis, MN 55415

23
     Robert B. Gerard
24   Gerard Selden & Osuch
     1516 Front Street
25   San Diego, CA 92101

26

27

28

PROOF OF SERVICE BY MAIL; CASE NO. 3:07-CV-05944-SC

22012232.1

1    Roger Martin Schrimp
     Damrell Nelson Schrimp Pallios Pacher & Silva
2    1601 I Street 5th Floor
3    Modesto, CA 95354

4    Samuel J. Sharp
     701 13th Street NW
5    Washington, DC 20005

6    Steven A. Reiss
7    Weil Gotshal & Manges LLP
     767 Fifth Avenue
8    New York, NY 10153-0119

9    Traviss Levine Galloway
     Zelle Hofmann Voelbel Mason & Gette
10   44 Montgomery St #3400
     San Francisco, CA 94104
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE BY MAIL; CASE NO. 3:07-CV-05944-SC

22012232.1