1  WILLIAM D. TEMKO (State Bar No. 98858)
   william.temko@mto.com
2  BETHANY W. KRISTOVICH (State Bar No. 241891)
   Bethany.Kristovich@mto.com
3  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
4  Thirty-Fifth Floor
   Los Angeles, CA 90071-1560
5  Telephone:    (213) 683-9100
   Facsimile:    (213) 687-3702
6
   HOJOON HWANG (State Bar No. 184950)
7  hojoon.hwang@mto.com
   LAURA K. SULLIVAN (State Bar No. 281542)
8  Laura.Sullivan@mto.com
   MUNGER, TOLLES & OLSON LLP
9  560 Mission Street
   Twenty-Seventh Floor
10 San Francisco, California 94105-2907
   Telephone:    (415) 512-4000
11 Facsimile:    (415) 512-4077

12 Attorneys for LG ELECTRONICS, INC., LG
   ELECRONICS USA, INC., AND LG
13 ELECTRONICS TAIWAN TAIPEI CO., LTD

14                    UNITED STATES DISTRICT COURT

15       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

16

17

18 | **SEARS, ROEBUCK AND CO. AND KMART CORP.,** | Case No. Master File No. 3:07-cv-05944-SC |

19 |                Plaintiffs,               | MDL NO. 1917 |

20 |      vs.      | Individual Case no. 11-cv-05514 |

21 | CHUNGHWA PICTURE TUBES, LTD.; CHUNGHWA PICTURE TUBES | **ANSWER OF LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., AND LG** |

22 | (MALAYSIA); IRICO GROUP CORPORATION; IRICO GROUP | **ELECTRONICS TAIWAN TAIPEI CO., LTD. TO SECOND AMENDED** |

23 | ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG | **COMPLAINT BY SEARS, ROEBUCK AND CO. AND KMART CORP.** |

24 ELECTRONICS, INC.; LG ELECTRONICS
   USA, INC.; LG ELECTRONICS TAIWAN
25 TAIPEI CO., LTD.; LP DISPLAYS
   INTERNATIONAL LTD.; HITACHI, LTD.;
26 HITACHI DISPLAYS, LTD.; HITACHI
   AMERICA, LTD.; HITACHI ASIA, LTD.;
27 HITACHI ELECTRONIC DEVICES (USA),
   INC.; SHENZHEN SEG HITACHI COLOR
28 DISPLAY DEVICES, LTD.; PANASONIC

21968440.1

1  CORPORATION; PANASONIC
   CORPORATION OF NORTH AMERICA;
2  MT PICTURE DISPLAY CO., LTD.;
   BEIJING MATSUSHITA COLOR CRT CO.,
3  LTD.; KONINKLIJKE PHILIPS
   ELECTRONICS N.V.; PHILIPS
4  ELECTRONICS NORTH AMERICA
   CORPORATION; PHILIPS, ELECTRONICS
5  INDUSTRIES (TAIWAN), LTD.; PHILIPS
   DA AMAZONIA INDUSTRIA
6  ELECTRONICA LTDA.; SAMSUNG
   ELECTRONICS CO., LTD.; SAMSUNG
7  ELECTRONICS AMERICA, INC.;
   SAMSUNG SDI CO., LTD.; SAMSUNG SDI
8  AMERICA, INC.; SAMSUNG SDI MEXICO
   S.A. DE C.V.; SAMSUNG SDI BRASIL
9  LTDA.; SHENZHEN SAMSUNG SDI CO.,
   LTD.; TIANJIN SAMSUNG SDI CO., LTD.;
10 SAMSUNG SDI (MALAYSIA) SDN. BHD.;
   SAMTEL COLOR LTD.; THAI CRT CO.,
11 LTD.; TOSHIBA CORPORATION;
   TOSHIBA AMERICA, INC.; TOSHIBA
12 AMERICA CONSUMER PRODUCTS, LLC;
   TOSHIBA AMERICA ELECTRONIC
13 COMPONENTS, INC.; TOSHIBA
   AMERICA INFORMATION SYSTEMS,
14 INC.,
                Defendants.
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  Defendants LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC., and LG

2  ELECTRONICS TAIWAN TAIPEI CO., LTD. (the "LG Entities"), through undersigned counsel

3  hereby answer the allegations contained in the Second Amended Complaint by Plaintiffs Sears,

4  Roebuck and Co. ("Sears" and Kmart Corp. ("Kmart) (hereafter, "Plaintiffs") ("SAC").  Except as

5  otherwise stated below, the LG Entities are without sufficient knowledge or information to form a

6  belief concerning the truth of the allegations in the SAC that are directed toward other defendants.

7  The LG Entities' response to the allegations below are therefore limited to the truth or falsity of

8  the allegations as they pertain to the LG Entities only.  The LG Entities deny all allegations in the

9  SAC (including headings and captions) not specifically admitted in this Answer.

10  1.  The LG Entities admit that during the Relevant Period, LG Electronics, Inc.

11  ("LGEI") manufactured CPTs, CDTs, and CRT Products, as the terms are defined in this

12  Paragraph.  LG Electronics USA, Inc. ("LGEUSA") did not manufacture either cathode ray tubes

13  or finished products (such as televisions or computer monitors).  Except as specifically admitted in

14  the foregoing, the LG Entities deny the allegations contained in Paragraph 1.

15  2.  The LG Entities lack knowledge or information sufficient to form a belief as to the

16  truth of the allegations contained in Paragraph 2 and on that basis deny those allegations.

17  3.  The LG Entities admit that during the Relevant Period, the business of

18  manufacturing and selling CRTs was under significant pressure due to changes in technologies

19  and customer preference, among other factors.  The LG Entities deny the remaining allegations

20  contained in Paragraph 3.

21  4.  The LG Entities deny the allegations contained in Paragraph 4.

22  5.  The LG Entities admit that, prior to July 2001, some employees of LGEI's former

23  CRT business had discussions with other CRT manufacturers about prices and output for certain

24  types and sizes of CRTs over specified periods time in certain geographic regions other than the

25  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

26  allegations of Paragraph 5 as they pertain to the LG Entities.

27  6.  The LG Entities deny the allegations contained in Paragraph 6.

28

- 1 -

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

7.      Paragraph 7 recites actions of various governmental agencies that are matters of public record and no response is required.

8.      To the extent that Paragraph 8 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 8 and on that basis deny them.

9.      The LG Entities lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis deny them.

10.     Paragraph 10 characterizes Plaintiffs' claims in the SAC and no response is required.

11.     Paragraph 11 characterizes Plaintiffs' claims in the SAC and no response is required.

12.     The LG Entities admit that the court has subject matter jurisdiction over Plaintiffs' federal antitrust claims, if any, that satisfy the requirements of the Foreign Trade and Antitrust Improvement Act ("FTAIA").  The remainder of Paragraph 12 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

13.     The LG Entities deny the allegations contained in Paragraph 13.

14.     Paragraph 14 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

15.     Paragraph 15 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

16.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis deny them.

17.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis deny them.

18.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

19.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19 and on that basis deny them.

20.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20 and on that basis deny them.

21.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 21 and on that basis deny them.

22.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 22 and on that basis deny them.

23.     Paragraph 23 describes the terminology used in the SAC and no response is required.

24.     The LG Entities admit that LGEI is a corporate entity organized under the laws of the Republic of Korea, and further admits the location of its headquarters as alleged in Paragraph 24.  LGEI admits that before July 2001, it spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays." Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 24.

25.     The LG Entities admit that LGEUSA is a Delaware corporation which is a wholly-owned subsidiary of LGEI and engaged in the marketing and sale of certain CRT Products during the Relevant Period, and the location of its headquarters as alleged in Paragraph 25.  Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 25.

26.     Pursuant to the May 22, 2012 Corrected Stipulation and Order Dismissing Defendant LG Electronics Taiwan Taipei Co., LTD., Docket No. 1202, Plaintiffs dismissed LGETT as a defendant to this action.  Pursuant to an April 25, 2012 tolling agreement with LGETT, Plaintiffs agreed that following this dismissal, they would "not … institute an action against LGETT arising out of or relating to [alleged price fixing of CRTs and/or CRT Products] until fifteen days after sending LGETT written notice of their intent to file suit."  Plaintiffs

1  provided no such notice to LGETT before filing the SAC and the allegations against LGETT

2  should be dismissed pursuant to the parties' tolling agreement.  To the extent that a response to

3  Paragraph 26 is still required, the LG Entities admit that LGETT is a corporate entity organized

4  under the laws of Taiwan and is a wholly-owned subsidiary of LGEI.  Except as so admitted, the

5  LG Entities deny the remaining allegations of Paragraph 26.

6       27.    Paragraph 27 describes the terminology used in the SAC and no response is

7  required.

8       28.    The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

9  and sales operations to a separate company which, effective July 2001, became part of a newly-

10  formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was

11  formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes

12  referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was

13  named "LP Displays" and that LGEI's interest in LP Displays was transferred to various third

14  parties in the course of LP Displays' bankruptcy proceeding.  The remainder of the allegations of

15  Paragraph 28 are not directed at the LG Entities and therefore no response is required.  To the

16  extent that a response is required, the LG Entities lack information or knowledge sufficient to form

17  a belief as to the truth of the remaining allegations of Paragraph 28 and on that basis deny them.

18       29.    The LG Entities lack information or knowledge sufficient to form a belief as to the

19  truth of the allegations of Paragraph 29 and on that basis deny them.

20       30.    The LG Entities lack information or knowledge sufficient to form a belief as to the

21  truth of the allegations of Paragraph 30 and on that basis deny them.

22       31.    The LG Entities lack information or knowledge sufficient to form a belief as to the

23  truth of the allegations of Paragraph 31 and on that basis deny them.

24       32.    The LG Entities lack information or knowledge sufficient to form a belief as to the

25  truth of the allegations of Paragraph 32 and on that basis deny them.

26       33.    The LG Entities lack information or knowledge sufficient to form a belief as to the

27  truth of the allegations of Paragraph 33 and on that basis deny them.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1        34.     The LG Entities lack information or knowledge sufficient to form a belief as to the

2   truth of the allegations of Paragraph 34 and on that basis deny them.

3        35.     Paragraph 35 describes the terminology used in the SAC and no response is

4   required.

5        36.     The LG Entities lack information or knowledge sufficient to form a belief as to the

6   truth of the allegations of Paragraph 36 and on that basis deny them.

7        37.     The LG Entities lack information or knowledge sufficient to form a belief as to the

8   truth of the allegations of Paragraph 37 and on that basis deny them.

9        38.     Paragraph 38 describes the terminology used in the SAC and no response is

10  required.

11       39.     The LG Entities lack information or knowledge sufficient to form a belief as to the

12  truth of the allegations of Paragraph 39 and on that basis deny them.

13       40.     The LG Entities lack information or knowledge sufficient to form a belief as to the

14  truth of the allegations of Paragraph 40 and on that basis deny them.

15       41.     The LG Entities admit that the new entity – called LPD – was formed as a Dutch

16  joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as

17  "Royal Phillips").  Except as so admitted, the LG Entities lack information or knowledge

18  sufficient to form a belief as to the truth of the allegations of Paragraph 41 and on that basis deny

19  them.

20       42.     The LG Entities lack information or knowledge sufficient to form a belief as to the

21  truth of the allegations of Paragraph 42 and on that basis deny them.

22       43.     The LG Entities lack information or knowledge sufficient to form a belief as to the

23  truth of the allegations of Paragraph 43 and on that basis deny them.

24       44.     The LG Entities lack information or knowledge sufficient to form a belief as to the

25  truth of the allegations of Paragraph 44 and on that basis deny them.

26       45.     Paragraph 45 describes the terminology used in the SAC and no response is

27  required.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    46.    The LG Entities lack information or knowledge sufficient to form a belief as to the

2   truth of the allegations of Paragraph 46 and on that basis deny them.

3    47.    The LG Entities lack information or knowledge sufficient to form a belief as to the

4   truth of the allegations of Paragraph 47 and on that basis deny them.

5    48.    The LG Entities lack information or knowledge sufficient to form a belief as to the

6   truth of the allegations of Paragraph 48 and on that basis deny them.

7    49.    The LG Entities lack information or knowledge sufficient to form a belief as to the

8   truth of the allegations of Paragraph 49 and on that basis deny them.

9    50.    The LG Entities lack information or knowledge sufficient to form a belief as to the

10   truth of the allegations of Paragraph 50 and on that basis deny them.

11    51.    The LG Entities lack information or knowledge sufficient to form a belief as to the

12   truth of the allegations of Paragraph 51 and on that basis deny them.

13    52.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14   truth of the allegations of Paragraph 52 and on that basis deny them.

15    53.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16   truth of the allegations of Paragraph 53 and on that basis deny them.

17    54.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18   truth of the allegations of Paragraph 54 and on that basis deny them.

19    55.    Paragraph 55 describes the terminology used in the SAC and no response is

20   required.

21    56.    The LG Entities lack information or knowledge sufficient to form a belief as to the

22   truth of the allegations of Paragraph 56 and on that basis deny them.

23    57.    The LG Entities lack information or knowledge sufficient to form a belief as to the

24   truth of the allegations of Paragraph 57 and on that basis deny them.

25    58.    The LG Entities lack information or knowledge sufficient to form a belief as to the

26   truth of the allegations of Paragraph 58 and on that basis deny them.

27    59.    The LG Entities lack information or knowledge sufficient to form a belief as to the

28   truth of the allegations of Paragraph 59 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1      60.    The LG Entities lack information or knowledge sufficient to form a belief as to the

2  truth of the allegations of Paragraph 60 and on that basis deny them.

3      61.    The LG Entities lack information or knowledge sufficient to form a belief as to the

4  truth of the allegations of Paragraph 61 and on that basis deny them.

5      62.    The LG Entities lack information or knowledge sufficient to form a belief as to the

6  truth of the allegations of Paragraph 62 and on that basis deny them.

7      63.    Paragraph 63 describes the terminology used in the SAC and no response is

8  required.

9      64.    The LG Entities lack information or knowledge sufficient to form a belief as to the

10  truth of the allegations of Paragraph 64 and on that basis deny them.

11      65.    The LG Entities lack information or knowledge sufficient to form a belief as to the

12  truth of the allegations of Paragraph 65 and on that basis deny them.

13      66.    Paragraph 66 describes the terminology used in the SAC and no response is

14  required.

15      67.    The LG Entities deny the allegations contained in Paragraph 67.

16      68.    The LG Entities deny the allegations contained in Paragraph 68.

17      69.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18  truth of the allegations of Paragraph 69 and on that basis deny them.

19      70.    The LG Entities lack information or knowledge sufficient to form a belief as to the

20  truth of the allegations of Paragraph 70 and on that basis deny them.

21      71.    Paragraph 71 describes the terminology used in the SAC and no response is

22  required.

23      72.    The LG Entities lack information or knowledge sufficient to form a belief as to the

24  truth of the allegations of Paragraph 72 and on that basis deny them.

25      73.    The LG Entities lack information or knowledge sufficient to form a belief as to the

26  truth of the allegations of Paragraph 73 and on that basis deny them.

27      74.    The LG Entities lack information or knowledge sufficient to form a belief as to the

28  truth of the allegations of Paragraph 74 and on that basis deny them.

1    75.    The LG Entities deny the allegations contained in Paragraph 75.

2    76.    The LG Entities deny the allegations contained in Paragraph 76.

3    77.    The LG Entities deny the allegations contained in Paragraph 77.

4    78.    Paragraph 78 contains only legal conclusions to which no response is required.  To

5    the extent that a response is required, the LG Entities deny the allegations.

6    79.    To the extent that Paragraph 79 describes CRT technology generally, the LG

7    Entities admit the allegations of Paragraph 79 but also aver that the allegations do not describe

8    comprehensively and accurately all variants of CRT technology.  The LG Entities deny any

9    remaining allegations of Paragraph 79.

10   80.    To the extent that Paragraph 80 describes CRT technology generally, the LG

11   Entities admit the allegations of Paragraph 80 but also aver that the allegations do not describe

12   comprehensively and accurately all variants of CRT technology.  The LG Entities deny any

13   remaining allegations of Paragraph 80.

14   81.    To the extent that Paragraph 81 describes CRT technology generally, the LG

15   Entities admit the allegations of Paragraph 81 but also aver that the allegations do not describe

16   comprehensively and accurately all variants of CRT technology.  The LG Entities deny any

17   remaining allegations of Paragraph 81.

18   82.    To the extent that Paragraph 82 describes CRT technology generally, the LG

19   Entities admit the allegations of Paragraph 82 but also aver that the allegations do not describe

20   comprehensively and accurately all variants of CRT technology.  The LG Entities deny any

21   remaining allegations of Paragraph 82.

22   83.    To the extent that Paragraph 83 describes CRT technology generally, the LG

23   Entities admit the allegations of Paragraph 83 but also aver that the allegations do not describe

24   comprehensively and accurately all variants of CRT technology.  The LG Entities deny any

25   remaining allegations of Paragraph 83.

26   84.    To the extent that Paragraph 84 describes CRT technology generally, the LG

27   Entities admit the allegations of Paragraph 84 but also aver that the allegations do not describe

28

- 8 -

1  comprehensively and accurately all variants of CRT technology.  The LG Entities deny any

2  remaining allegations of Paragraph 84.

3       85.     The LG Entities deny the allegations of Paragraph 85.

4       86.     The LG Entities lack information or knowledge sufficient to form a belief as to the

5  truth of the allegations of Paragraph 86 and on that basis deny them.

6       87.     The LG Entities lack information or knowledge sufficient to form a belief as to the

7  truth of the allegations of Paragraph 87 and on that basis deny them.

8       88.     The LG Entities deny the allegations contained in Paragraph 88.

9       89.     The LG Entities deny the allegations of Paragraph 89.

10      90.     The LG Entities lack information or knowledge sufficient to form a belief as to the

11  truth of the allegations of Paragraph 90 and on that basis deny them.

12      91.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former

13  CRT business had discussions with other CRT manufacturers about prices and output for certain

14  types and sizes of CRTs over specified periods time in certain geographic regions other than the

15  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

16  allegations of Paragraph 91 as they pertain to the LG Entities.

17      92.     The LG Entities admit that LGEI was a member of the Korea Display Industry

18  Association.  To the extent that the remaining allegations contained in Paragraph 92 are directed to

19  other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to

20  the truth of the allegations contained in Paragraph 92 and on that basis deny those allegations.  To

21  the extent that the remaining allegations contained in Paragraph 92 are directed to the LG Entities,

22  they are denied.

23      93.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

24  and sales operations to a separate company which, effective July 2001, became part of a newly

25  formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD

26  – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

27  (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    and was renamed "LP Displays."  To the extent that the remaining allegations contained in

2    Paragraph 93 are directed to other defendants, the LG Entities lack knowledge or information

3    sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and on that

4    basis deny those allegations.  To the extent that the remaining allegations contained in Paragraph

5    93 are directed to the LG Entities, they are denied.

6          94.    The LG Entities deny the allegations contained in Paragraph 94.

7          95.    The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

8    and sales operations to a separate company which, effective July 2001, became part of a newly

9    formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD

10   – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

11   (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring

12   and was renamed "LP Displays."  The LG Entities further admit that Hitachi, Ltd. and LGEI

13   formed a joint venture in 2000 for the development, design and marketing of optical disk drives.

14   The LG Entities further admit that in 1999, LGEI entered into a joint venture agreement with

15   Koninklijke Philips Electronics N.V. with respect to the manufacture, sale, and marketing of TFT-

16   LCD panels.  To the extent that the remaining allegations contained in Paragraph 95 are directed

17   to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to

18   the truth of the allegations contained in Paragraph 95 and on that basis deny those allegations.  To

19   the extent that the remaining allegations contained in Paragraph 95 are directed to the LG Entities,

20   they are denied.

21         96.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

22   declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

23   Paragraph 96.

24         97.    The LG Entities deny the allegations contained in Paragraph 97.

25         98.    The LG Entities deny the allegations contained in Paragraph 98.

26         99.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

27   declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

28   Paragraph 99.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1          100.   The LG Entities admit that CRTs were being rapidly replaced by TFT-LCD,

2    plasma and other display technologies between 2000 and 2006.  Except as so admitted, the LG

3    Entities deny the remaining allegations contained in Paragraph 100.

4          101.   The LG Entities deny the allegations contained in Paragraph 101.

5          102.   The LG Entities admit that during the Relevant Period, the demand for CRTs was

6    declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to

7    form a belief as to the truth of the allegations contained in Paragraph 102 and on that basis deny

8    those allegations.

9          103.   The LG Entities admit that during the Relevant Period, the demand for CRTs was

10   declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to

11   form a belief as to the truth of the allegations contained in Paragraph 103 and on that basis deny

12   those allegations.

13         104.   To the extent that Paragraph 104 describes CRT technology generally, the LG

14   Entities admit the allegations of Paragraph 104 but also aver that the allegations do not describe

15   comprehensively and accurately all variants of CRT technology.  The LG Entities deny any

16   remaining allegations of Paragraph 104.

17         105.   The LG Entities deny the allegations contained in Paragraph 105.

18         106.   The LG Entities lack information or knowledge sufficient to form a belief as to the

19   truth of the allegations of Paragraph 106 and on that basis deny them.

20         107.   The LG Entities lack information or knowledge sufficient to form a belief as to the

21   truth of the allegations of Paragraph 107 and on that basis deny them.

22         108.   The LG Entities deny the allegations contained in Paragraph 108.

23         109.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

24   CRT business had discussions with other CRT manufacturers about prices and output for certain

25   types and sizes of CRTs over specified periods time in certain geographic regions other than the

26   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

27   allegations of Paragraph 109 as they pertain to the LG Entities.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1       110.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

2 CRT business had discussions with other CRT manufacturers about prices and output for certain

3 types and sizes of CRTs over specified periods time in certain geographic regions other than the

4 United States. Except as specifically admitted in the foregoing, the LG Entities deny the

5 allegations of Paragraph 110 as they pertain to the LG Entities.

6       111.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

7 CRT business had discussions with other CRT manufacturers about prices and output for certain

8 types and sizes of CRTs over specified periods time in certain geographic regions other than the

9 United States. Except as specifically admitted in the foregoing, the LG Entities deny the

10 allegations of Paragraph 111 as they pertain to the LG Entities.

11       112.    The LG Entities deny the allegations contained in Paragraph 112.

12       113.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

13 CRT business had discussions with other CRT manufacturers about prices and output for certain

14 types and sizes of CRTs over specified periods time in certain geographic regions other than the

15 United States. Except as specifically admitted in the foregoing, the LG Entities deny the

16 allegations of Paragraph 113 as they pertain to the LG Entities.

17       114.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

18 CRT business had discussions with other CRT manufacturers about prices and output for certain

19 types and sizes of CRTs over specified periods time in certain geographic regions other than the

20 United States. Except as specifically admitted in the foregoing, the LG Entities deny the

21 allegations of Paragraph 114 as they pertain to the LG Entities.

22       115.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

23 CRT business had discussions with other CRT manufacturers about prices and output for certain

24 types and sizes of CRTs over specified periods time in certain geographic regions other than the

25 United States. Except as specifically admitted in the foregoing, the LG Entities deny the

26 allegations of Paragraph 115 as they pertain to the LG Entities.

27       116.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

28 CRT business had discussions with other CRT manufacturers about prices and output for certain

1 | types and sizes of CRTs over specified periods time in certain geographic regions other than the

2 | United States. Except as specifically admitted in the foregoing, the LG Entities deny the

3 | allegations of Paragraph 116 as they pertain to the LG Entities.

4 |      117.    The allegations of Paragraph 117 are directed to other defendants, and the LG

5 | Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations

6 | of Paragraph 115 and on that basis deny them.

7 |      118.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

8 | CRT business had discussions with other CRT manufacturers about prices and output for certain

9 | types and sizes of CRTs over specified periods time in certain geographic regions other than the

10 | United States. Except as specifically admitted in the foregoing, the LG Entities deny the

11 | allegations of Paragraph 118 as they pertain to the LG Entities.

12 |      119.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

13 | CRT business had discussions with other CRT manufacturers about prices and output for certain

14 | types and sizes of CRTs over specified periods time in certain geographic regions other than the

15 | United States. The LG Entities further admit that some of the meetings at which such discussions

16 | occurred were held in conjunction with a golf outing. Except as specifically admitted in the

17 | foregoing, the LG Entities deny the allegations of Paragraph 119 as they pertain to the LG

18 | Entities.

19 |      120.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

20 | CRT business had discussions with other CRT manufacturers about prices and output for certain

21 | types and sizes of CRTs over specified periods time in certain geographic regions other than the

22 | United States. Except as specifically admitted in the foregoing, the LG Entities deny the

23 | allegations of Paragraph 120 as they pertain to the LG Entities.

24 |      121.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

25 | CRT business had discussions with other CRT manufacturers about prices and output for certain

26 | types and sizes of CRTs over specified periods time in certain geographic regions other than the

27 | United States. The LG Entities further admit that information was exchanged in advance of some

28 | of the meetings at which such discussion occurred. Except as specifically admitted in the

1 │ foregoing, the LG Entities deny the allegations of Paragraph 121 as they pertain to the LG

2 │ Entities.

3 │        122.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

4 │ CRT business had discussions with other CRT manufacturers about prices and output for certain

5 │ types and sizes of CRTs over specified periods time in certain geographic regions other than the

6 │ United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

7 │ allegations of Paragraph 122 as they pertain to the LG Entities.

8 │        123.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

9 │ CRT business had discussions with other CRT manufacturers about prices and output for certain

10 │ types and sizes of CRTs over specified periods time in certain geographic regions other than the

11 │ United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

12 │ allegations of Paragraph 123 as they pertain to the LG Entities.

13 │        124.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

14 │ CRT business had discussions with other CRT manufacturers about prices and output for certain

15 │ types and sizes of CRTs over specified periods time in certain geographic regions other than the

16 │ United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

17 │ allegations of Paragraph 124 as they pertain to the LG Entities.

18 │        125.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

19 │ CRT business had discussions with other CRT manufacturers about prices and output for certain

20 │ types and sizes of CRTs over specified periods time in certain geographic regions other than the

21 │ United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

22 │ allegations of Paragraph 125 as they pertain to the LG Entities.

23 │        126.    The LG Entities deny the allegations of Paragraph 126.

24 │        127.    The LG Entities deny the allegations contained in Paragraph 127.

25 │        128.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

26 │ CRT business had discussions with other CRT manufacturers about prices and output for certain

27 │ types and sizes of CRTs over specified periods time in certain geographic regions other than the

28 │

1 | United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

2 | allegations of Paragraph 128 as they pertain to the LG Entities.

3 |         129.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

4 | CRT business had discussions with other CRT manufacturers about prices and output for certain

5 | types and sizes of CRTs over specified periods time in certain geographic regions other than the

6 | United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

7 | allegations of Paragraph 129 as they pertain to the LG Entities.

8 |         130.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

9 | CRT business had discussions with other CRT manufacturers about prices and output for certain

10 | types and sizes of CRTs over specified periods time in certain geographic regions other than the

11 | United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

12 | allegations of Paragraph 130 as they pertain to the LG Entities.

13 |         131.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

14 | CRT business had discussions with other CRT manufacturers about prices and output for certain

15 | types and sizes of CRTs over specified periods time in certain geographic regions other than the

16 | United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

17 | allegations of Paragraph 131 as they pertain to the LG Entities.

18 |         132.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

19 | CRT business had discussions with other CRT manufacturers about prices and output for certain

20 | types and sizes of CRTs over specified periods time in certain geographic regions other than the

21 | United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

22 | allegations of Paragraph 132 as they pertain to the LG Entities.

23 |         133.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

24 | CRT business had discussions with other CRT manufacturers about prices and output for certain

25 | types and sizes of CRTs over specified periods time in certain geographic regions other than the

26 | United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

27 | allegations of Paragraph 133 as they pertain to the LG Entities.

28 |

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    134.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

2    CRT business had discussions with other CRT manufacturers about prices and output for certain

3    types and sizes of CRTs over specified periods time in certain geographic regions other than the

4    United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

5    allegations of Paragraph 134 as they pertain to the LG Entities.

6    135.    The LG Entities lack information or knowledge sufficient to form a belief as to the

7    truth of the allegations of Paragraph 135 and on that basis deny them.

8    136.    The LG Entities lack information or knowledge sufficient to form a belief as to the

9    truth of the allegations of Paragraph 136 and on that basis deny them.

10   137.    The LG Entities lack information or knowledge sufficient to form a belief as to the

11   truth of the allegations of Paragraph 137 and on that basis deny them.

12   138.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

13   CRT business had discussions with other CRT manufacturers about prices and output for certain

14   types and sizes of CRTs over specified periods time in certain geographic regions other than the

15   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

16   allegations of Paragraph 138.  The LG Entities specifically deny that any individual employed by

17   LGPD – an independent company – attended meetings, participated in discussions, or entered

18   agreements with competitors on behalf of or at the direction of the LG Entities or any of them.

19   The LG Entities also deny that any individual employed by LGPD was simultaneously employed

20   by or reported to LGEI.

21   139.    The LG Entities deny the allegations contained in Paragraph 139.

22   140.    The LG Entities lack information or knowledge sufficient to form a belief as to the

23   truth of the allegations of Paragraph 140 and on that basis deny them.

24   141.    The LG Entities lack information or knowledge sufficient to form a belief as to the

25   truth of the allegations of Paragraph 141 and on that basis deny them.

26   142.    The LG Entities lack information or knowledge sufficient to form a belief as to the

27   truth of the allegations of Paragraph 142 and on that basis deny them.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1       143.    The LG Entities lack information or knowledge sufficient to form a belief as to the

2   truth of the allegations of Paragraph 143 and on that basis deny them.

3       144.    The LG Entities lack information or knowledge sufficient to form a belief as to the

4   truth of the allegations of Paragraph 144 and on that basis deny them.

5       145.    The LG Entities lack information or knowledge sufficient to form a belief as to the

6   truth of the allegations of Paragraph 145 and on that basis deny them.

7       146.    The LG Entities lack information or knowledge sufficient to form a belief as to the

8   truth of the allegations of Paragraph 146 and on that basis deny them.

9       147.    The LG Entities lack information or knowledge sufficient to form a belief as to the

10  truth of the allegations of Paragraph 147 and on that basis deny them.

11      148.    The LG Entities lack information or knowledge sufficient to form a belief as to the

12  truth of the allegations of Paragraph 148 and on that basis deny them.

13      149.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14  truth of the allegations of Paragraph 149 and on that basis deny them.

15      150.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16  truth of the allegations of Paragraph 150 and on that basis deny them.

17      151.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18  truth of the allegations of Paragraph 151 and on that basis deny them.

19      152.    The LG Entities lack information or knowledge sufficient to form a belief as to the

20  truth of the allegations of Paragraph 152 and on that basis deny them.

21      153.    The LG Entities lack information or knowledge sufficient to form a belief as to the

22  truth of the allegations of Paragraph 153 and on that basis deny them.

23      154.    The LG Entities lack information or knowledge sufficient to form a belief as to the

24  truth of the allegations of Paragraph 154 and on that basis deny them.

25      155.    To the extent that Paragraph 155 describes the use of terminology by Plaintiffs in

26  the SAC, no response is required.  The LG Entities deny the remaining allegations contained in

27  Paragraph 155.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    156.   The LG Entities lack information or knowledge sufficient to form a belief as to the

2    truth of the allegations of Paragraph 156 and on that basis deny them.

3    157.   To the extent that Paragraph 157 purports to describe the contents of a document,

4    the document speaks for itself and no response is required.  To the extent that a response is

5    deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

6    the truth of the allegations of Paragraph 157 and on that basis deny them.

7    158.   The LG Entities lack information or knowledge sufficient to form a belief as to the

8    truth of the allegations of Paragraph 158 and on that basis deny them.

9    159.   To the extent that Paragraph 159 purports to describe the contents of a document,

10   the document speaks for itself and no response is required.  To the extent that a response is

11   deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

12   the truth of the allegations of Paragraph 159 and on that basis deny them.

13   160.   To the extent that Paragraph 160 purports to describe the contents of a document,

14   the document speaks for itself and no response is required.  To the extent that a response is

15   deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

16   the truth of the allegations of Paragraph 160 and on that basis deny them.

17   161.   The LG Entities admit that during the Relevant Period, the demand for CRTs was

18   declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

19   Paragraph 161.

20   162.   To the extent that Paragraph 162 purports to describe the contents of a document,

21   the document speaks for itself and no response is required.  To the extent that a response is

22   deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

23   the truth of the allegations of Paragraph 162 and on that basis deny them.

24   163.   To the extent that Paragraph 163 purports to describe the contents of a document,

25   the document speaks for itself and no response is required.  To the extent that a response is

26   deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

27   the truth of the allegations of Paragraph 163 and on that basis deny them.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

164.     To the extent that Paragraph 164 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 164 and on that basis deny them.

165.     The LG Entities deny the allegations contained in Paragraph 165.

166.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 166 and on that basis deny them.

167.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 and on that basis deny those allegations.  To the extent that Paragraph 167 purports to describe the contents of a document, the document speaks for itself and no response is required.

168.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 168.

169.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 169.

170.     To the extent that Paragraph 170 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 170 and on that basis deny them.

171.     To the extent that Paragraph 171 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 171 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1     172.    To the extent that Paragraph 172 purports to describe the contents of a document,

2   the LG Entities respond that the document speaks for itself and no response is required.  To the

3   extent that a response is deemed necessary, the LG Entities lack information or knowledge

4   sufficient to form a belief as to the truth of the allegations of Paragraph 172 and on that basis deny

5   them.

6     173.    To the extent that Paragraph 173 purports to describe the contents of a document,

7   the LG Entities respond that the document speaks for itself and no response is required.  To the

8   extent that a response is deemed necessary, the LG Entities lack information or knowledge

9   sufficient to form a belief as to the truth of the allegations of Paragraph 173 and on that basis deny

10  them.

11    174.    To the extent that Paragraph 174 purports to describe the contents of a document,

12  the LG Entities respond that the document speaks for itself and no response is required.  To the

13  extent that a response is deemed necessary, the LG Entities lack information or knowledge

14  sufficient to form a belief as to the truth of the allegations of Paragraph 174 and on that basis deny

15  them.

16    175.    To the extent that Paragraph 175 purports to describe the contents of a document,

17  the LG Entities respond that the document speaks for itself and no response is required.  To the

18  extent that a response is deemed necessary, the LG Entities lack information or knowledge

19  sufficient to form a belief as to the truth of the allegations of Paragraph 175 and on that basis deny

20  them.

21    176.    To the extent that Paragraph 176 purports to describe the contents of a document,

22  the LG Entities respond that the document speaks for itself and no response is required.  To the

23  extent that a response is deemed necessary, the LG Entities lack information or knowledge

24  sufficient to form a belief as to the truth of the allegations of Paragraph 176 and on that basis deny

25  them.

26    177.    The LG Entities lack information or knowledge sufficient to form a belief as to the

27  truth of the allegations of Paragraph 177 and on that basis deny them.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

178.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 178 and on that basis deny them.

179.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 179 and on that basis deny them.

180.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 180 and on that basis deny them.

181.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 181 and on that basis deny them.

182.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 182 and on that basis deny them.

183.   To the extent that Paragraph 183 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 183 and on that basis deny them.

184.   To the extent that Paragraph 184 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 184 and on that basis deny them.

185.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 185 and on that basis deny them.

186.   The LG Entities admit that LGEI was a member of Korean Display Equipment Material Industry Association and Electronic Display Industrial Research Association of Korea, and has participated in the Korea Display Conference.  Except as specifically admitted in the foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 186 and on that basis deny them.

1     187.   The LG Entities admit that LGEI was a member of Korean Display Equipment

2 Material Industry Association and Electronic Display Industrial Research Association of Korea,

3 and has participated in the Korea Display Conference.  Except as specifically admitted in the

4 foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth

5 of the allegations of Paragraph 187.

6     188.   The LG Entities lack information or knowledge sufficient to form a belief as to the

7 truth of the allegations of Paragraph 188 and on that basis deny them.

8     189.   The LG Entities deny the allegations of Paragraph 189.

9     190.   The LG Entities deny the allegations of Paragraph 190.

10     191.   To the extent that Paragraph 191 purports to describe the contents of a document,

11 the LG Entities respond that the document speaks for itself and no response is required.  To the

12 extent that a response is deemed necessary, the LG Entities lack information or knowledge

13 sufficient to form a belief as to the truth of the allegations of Paragraph 191 and on that basis deny

14 them.

15     192.   The LG Entities lack information or knowledge sufficient to form a belief as to the

16 truth of the allegations of Paragraph 192 and on that basis deny them.

17     193.   The LG Entities lack information or knowledge sufficient to form a belief as to the

18 truth of the allegations of Paragraph 193 and on that basis deny them.

19     194.   The LG Entities lack information or knowledge sufficient to form a belief as to the

20 truth of the allegations of Paragraph 194 and on that basis deny them.

21     195.   The LG Entities lack information or knowledge sufficient to form a belief as to the

22 truth of the allegations of Paragraph 195 and on that basis deny them.

23     196.   To the extent that Paragraph 196 purports to describe the contents of a document,

24 the document speaks for itself and no response is required.  To the extent that a response is

25 deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

26 the truth of the allegations of Paragraph 196 and on that basis deny them.  The LG Entities deny

27 any remaining allegations contained in Paragraph 196.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    197.    To the extent that Paragraph 197 purports to describe the contents of a document,

2  the LG Entities respond that the document speaks for itself and no response is required.  To the

3  extent that a response is deemed necessary, the LG Entities lack information or knowledge

4  sufficient to form a belief as to the truth of the allegations of Paragraph 197 and on that basis deny

5  them.

6    198.    The LG Entities lack information or knowledge sufficient to form a belief as to the

7  truth of the allegations of Paragraph 198 and on that basis deny them.

8    199.    To the extent that Paragraph 199 purports to describe the contents of a document,

9  the LG Entities respond that the document speaks for itself and no response is required.  To the

10  extent that a response is deemed necessary, the LG Entities lack information or knowledge

11  sufficient to form a belief as to the truth of the allegations of Paragraph 199 and on that basis deny

12  them.

13    200.    To the extent that Paragraph 200 purports to describe the contents of a document,

14  the LG Entities respond that the document speaks for itself and no response is required.  To the

15  extent that a response is deemed necessary, the LG Entities lack information or knowledge

16  sufficient to form a belief as to the truth of the allegations of Paragraph 200 and on that basis deny

17  them.

18    201.    The LG Entities lack information or knowledge sufficient to form a belief as to the

19  truth of the allegations of Paragraph 201 and on that basis deny them.

20    202.    To the extent that Paragraph 202 purports to describe the contents of a document,

21  the document speaks for itself and no response is required.  To the extent that a response is

22  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

23  the truth of the allegations of Paragraph 202 and on that basis deny them.  The LG Entities deny

24  any remaining allegations contained in Paragraph 202.

25    203.    The LG Entities lack information or knowledge sufficient to form a belief as to the

26  truth of the allegations of Paragraph 203 and on that basis deny them.

27    204.    To the extent that Paragraph 204 purports to describe the contents of a document,

28  the document speaks for itself and no response is required.  To the extent that a response is

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 204 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 204.

205.   The LG Entities deny the allegations contained in Paragraph 205.

206.   The LG Entities deny the allegations contained in Paragraph 206.

207.   The LG Entities deny the allegations contained in Paragraph 207.

208.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 208 and that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 208.

209.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 209 and on that basis deny them.

210.   To the extent that Paragraph 210 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 210 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 210.

211.   The LG Entities deny the allegations contained in Paragraph 211.

212.   The LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 212 and on that basis deny those allegations.  The LG Entities deny the remaining allegations contained in Paragraph 212.

213.   The LG Entities deny the allegations contained in Paragraph 213.

214.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 214 concerning Plaintiffs' knowledge and on that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 214.

215.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 215 concerning Plaintiffs' knowledge and on that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 215.

216.   The LG Entities deny the allegations contained in Paragraph 216.

217.   The LG Entities deny the allegations contained in Paragraph 217.

218. The LG Entities deny the allegations contained in Paragraph 218.

219. The LG Entities deny the allegations contained in Paragraph 219.

220. The LG Entities deny the allegations contained in Paragraph 220.

221. The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 221.

222. The LG Entities deny the allegations contained in Paragraph 222.

223. To the extent that Paragraph 223 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 223 and on that basis deny them.

224. The LG Entities deny the allegations contained in Paragraph 224.

225. The LG Entities deny the allegations contained in Paragraph 225.

226. Paragraph 226 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

227. The LG Entities admit that the Antitrust Division of the United States Department of Justice commenced an investigation related to CRTs.  The second sentence of Paragraph 227 consists of legal conclusions to which no response is required.  Except as specifically admitted in the foregoing, and to the extent that a response is deemed necessary, the LG Entities deny the allegations.

228. Paragraph 228 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

229. To the extent that Paragraph 229 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that Paragraph 229 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 229 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    230.    The LG Entities hereby incorporate by reference its answers to each and every

2   allegation set forth in the preceding paragraphs.

3    231.    The LG Entities deny the allegations contained in Paragraph 231.

4    232.    The LG Entities deny the allegations contained in Paragraph 232.

5    233.    The LG Entities deny the allegations contained in Paragraph 233.

6    234.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

7   CRT business had discussions with other CRT manufacturers about prices and output for certain

8   types and sizes of CRTs over specified periods time in certain geographic regions other than the

9   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

10  allegations of Paragraph 234 as they pertain to the LG Entities.

11   235.    The LG Entities deny the allegations contained in Paragraph 235.

12   236.    The LG Entities deny the allegations contained in Paragraph 236.

13   237.    The LG Entities hereby incorporate by reference its answers to each and every

14  allegation set forth in the preceding paragraphs.

15   238.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16  truth of the allegations of Paragraph 238 concerning Plaintiffs' activities in California and on that

17  basis deny them.  To the extent that Paragraph 238 consists of legal conclusions, no response is

18  required.

19   239.    The LG Entities lack information or knowledge sufficient to form a belief as to the

20  truth of the allegations of Paragraph 239 and on that basis deny them.  .

21   240.    To the extent that Paragraph 240 consists of legal conclusions, no response is

22  required.  To the extent that a response is deemed necessary, the LG Entities lack information or

23  knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 240 and on that

24  basis deny them.

25   241.    To the extent that Paragraph 241 consists of legal conclusions, no response is

26  required.  To the extent that a response is deemed necessary, the LG Entities lack information or

27  knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 241 and on that

28  basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1      242.    The LG Entities deny the allegations contained in Paragraph 242.

2      243.    The LG Entities deny the allegations contained in Paragraph 243.

3      244.    The LG Entities deny the allegations contained in Paragraph 244.

4      245.    The LG Entities deny the allegations contained in Paragraph 245.  To the extent

5 that Paragraph 245 consists of legal conclusions, no response is required.

6      246.    The LG Entities hereby incorporate by reference its answers to each and every

7 allegation set forth in the preceding paragraphs.

8      247.    Paragraph 247 consists of legal conclusions to which no response is required.  To

9 the extent that a response is deemed necessary, the LG Entities deny the allegations.

10     248.    Paragraph 248 consists of legal conclusions to which no response is required.  To

11 the extent that a response is deemed necessary, the LG Entities deny the allegations.

12     249.    The LG Entities deny the allegations contained in Paragraph 249.

13     250.    The LG Entities deny the allegations contained in Paragraph 250.

14     251.    The LG Entities deny the allegations contained in Paragraph 251.

15     252.    Paragraph 252 consists of legal conclusions to which no response is required.  To

16 the extent that a response is deemed necessary, the LG Entities deny the allegations.

17     253.    Paragraph 253 consists of legal conclusions to which no response is required.  To

18 the extent that a response is deemed necessary, the LG Entities deny the allegations.

19     254.    Paragraph 254 consists of legal conclusions to which no response is required.  To

20 the extent that a response is deemed necessary, the LG Entities deny the allegations.

21     255.    Paragraph 255 consists of legal conclusions to which no response is required.  To

22 the extent that a response is deemed necessary, the LG Entities deny the allegations.

23     256.    Paragraph 256 consists of legal conclusions to which no response is required.  To

24 the extent that a response is deemed necessary, the LG Entities deny the allegations.

25     257.    Paragraph 257 consists of legal conclusions to which no response is required.  To

26 the extent that a response is deemed necessary, the LG Entities deny the allegations.

27     258.    Paragraph 258 consists of legal conclusions to which no response is required.  To

28 the extent that a response is deemed necessary, the LG Entities deny the allegations.

259.     Paragraph 259 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

260.     Paragraph 260 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

261.     Paragraph 261 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

262.     Paragraph 262 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

263.     Paragraph 263 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

264.     Paragraph 264 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

265.     Paragraph 265 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

## RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND

The paragraphs of the SAC following the header "Prayer for Relief" and "Jury Trial Demanded" do not require a response.  To the extent that those paragraphs require a response, the LG Entities deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any of these defenses, the LG Entities allege the following affirmative defenses to the allegations set forth in the SAC:

## FIRST DEFENSE

The SAC fails to state a claim upon which relief can be granted because Plaintiffs' claims are ambiguous, vague, and/or unintelligible; because Plaintiffs have failed to alleged fraud or fraudulent concealment with sufficient particularity; and/or because Plaintiffs have failed to allege conspiracy with sufficient particularity.  The LG Entities aver that Plaintiffs' claims do not

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

describe the events or legal theories with sufficient particularity to permit the LG Entities to ascertain all defenses that may exist.

### SECOND DEFENSE

The claims set forth in the SAC are barred by the statute of limitations.

### THIRD DEFENSE

Without conceding the existence of any conspiracy, Plaintiffs' claims are barred because the LG Entities effectively withdrew from any alleged conspiracy.

### FOURTH DEFENSE

The conduct alleged by Plaintiffs in the SAC to form the basis of certain of Plaintiffs' claims has not had a direct, substantial, and reasonably foreseeable effect on trade or commerce with the United States.  The Court therefore lacks subject matter jurisdiction.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they are based upon foreign sales by defendants, because Plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a and/or *Hartford Fire Ins. Co. v. California*, 509 U.S. 764 (1993).

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they did not purchase CRTs directly from defendants, because they are indirect purchasers and barred from maintaining an action for alleged injuries in that capacity.

### SEVENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack standing to sue for the injuries alleged in the SAC.

### EIGHTH DEFENSE

Plaintiffs are barred from recovery of any damages because of and to the extent of their failure to mitigate damages, or alternatively any claimed injury or damage has been offset by benefits received by Plaintiffs with respect to the challenged conduct.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1

NINTH DEFENSE

2  Plaintiffs' claims for damages are barred because Plaintiffs have suffered no injury or

3 damages as a result of the matters alleged in the SAC, or alternatively, because the alleged

4 damages, if any, are speculative and because of the impossibility of ascertaining and allocating

5 those alleged damages.

6

TENTH DEFENSE

7  Any injuries or damages Plaintiffs may have suffered were not caused, either actually or

8 proximately, by the acts and omissions of the LG Entities.

9

ELEVENTH DEFENSE

10  Any injuries or damages Plaintiffs may have suffered were caused solely and proximately

11 by the acts and omissions of others.  The acts of others constitute intervening or superseding

12 causes of harm, if any, suffered by Plaintiffs.

13

TWELFTH DEFENSE

14  Plaintiffs' claims are barred to the extent injuries alleged in the SAC, which the LG

15 Entities deny, were contributed to by the statements, acts, and/or omissions of Plaintiffs and/or

16 third parties or entities, other than the LG Entities.

17

THIRTEENTH DEFENSE

18  Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' acquiescence and/or

19 confirmation of any and all conduct and/or omissions alleged as to the LG Entities.

20

FOURTEENTH DEFENSE

21  Plaintiffs' claims are barred because Plaintiffs have not suffered actual, cognizable injury

22 of the type antitrust laws are intended to remedy.

23

FIFTEENTH DEFENSE

24  To the extent that any actionable conduct occurred, Plaintiffs' claims against the LG

25 Entities are barred because all such conduct would have been committed by individuals acting

26 ultra vires.

27

28

- 30 -

1    SIXTEENTH DEFENSE

2        Plaintiffs' claims against the LG Entities are barred to the extent that they have agreed to

3    arbitration or chosen a different forum for the resolution of their claims.

4    SEVENTEENTH DEFENSE

5        Plaintiffs' claims are barred, in whole or in part, because the remedies sought are

6    unconstitutional, contrary to public policy, or are otherwise unauthorized.

7    EIGHTEENTH DEFENSE

8        Plaintiffs' claims are barred, in whole or in part, for failure to join indispensable parties.

9    NINETEENTH DEFENSE

10       Without admitting that Plaintiffs are entitled to recover damages in this matter, the LG

11   Entities are entitled to set off from any recovery Plaintiffs may obtain against them by any other

12   Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

13   TWENTIETH DEFENSE

14       The LG Entities are separate and autonomous companies from LPD, and thus are not liable

15   for Plaintiffs' damages resulting from LPD's actions.

16   TWENTY-FIRST DEFENSE

17       Any award of treble damages would violate the Excessive Fines and Due Process Clauses

18   of the United States Constitution and equivalent clauses in the state constitution.

19

20   **RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES**

21       The LG Entities adopt by reference any additional applicable defenses pleaded by any

22   other Defendant in this action.  The LG Entities have not knowingly or intentionally waived any

23   applicable defenses and explicitly reserve the right to assert any additional defenses and

24   affirmative defenses as this action proceeds. The LG Entities further reserve the right to amend its

25   Answer and/or defenses accordingly, and/or to delete defenses that it determines are not applicable

26   as this action proceeds.  The LG Entities further reserve the right to assert affirmative defenses

27   that are unique to one or a subset of the claims asserted under the state law at issue in this action.

28

ANSWER OF LG ELECTRONICS *et al.*
                                         Master File No. 3:07-cv-05944-SC

1       WHEREFORE, the LG Entities pray as follows:

2       1.      That the Plaintiffs take nothing by way of the SAC, and the action be dismissed

3   with prejudice;

4       2.      That judgment be entered in favor of the LG Entities and against Plaintiffs with

5   respect to all causes of action in the SAC;

6       3.      That the Court award the LG Entities its attorneys' fees and all other costs

7   reasonably incurred in defense of this action; and

8       4.      That the Court award such other relief as it may deem just and proper.

9

10  DATED:  November 4, 2013                    MUNGER, TOLLES & OLSON LLP

11                                              WILLIAM D. TEMKO
                                                HOJOON HWANG
12                                              BETHANY W. KRISTOVICH
                                                LAURA K. SULLIVAN
13

14

15                                      By:     _____/s/ Hojoon Hwang_____

16                                              HOJOON HWANG
                                                Attorneys for LG ELECTRONICS, INC., LG
17                                              ELECRONICS USA, INC., AND LG ELECTRONICS
                                                TAIWAN TAIPEI CO., LTD
18

19

20

21

22

23

24

25

26

27

28

- 32 -                          ANSWER OF LG ELECTRONICS *et al.*
                                Master File No. 3:07-cv-05944-SC

1

**PROOF OF SERVICE**

2          I, Angela Balestrieri, the undersigned, declare that I am over the age of 18 and not

3  a party to the within cause.  I am employed by Munger, Tolles & Olson LLP in the County of San

4  Francisco, State of California.  My business address is 560 Mission Street, Twenty-Seventh

5  Floor, San Francisco, California  94105-2907.

6          On November 4, 2013, I served upon the interested parties in this action the

7  following document, a copy of which is attached to this Proof of Service:

8

**ANSWER OF LG ELECTRONICS, INC., LG ELECTRONICS USA, INC.,
AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD. TO SECOND
AMENDED COMPLAINT BY SEARS, ROEBUCK AND CO. AND
KMART CORP.**

9

10

11  [X]  By placing ☐ the original(s) ☒ a true and correct copy via electronic Notice through ECF
and/or, as set out below, in an addressed, sealed envelope(s) clearly labeled to identify the

12      person(s) being served at the address(es) set forth on the attached service list.

13  [X]  **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such
envelope(s) to be placed in interoffice mail for collection and deposit in the United States

14      Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on
that same date, following ordinary business practices.  I am familiar with Munger, Tolles

15      & Olson LLP's practice for collection and processing correspondence for mailing with the
United States Postal Service; in the ordinary course of business, correspondence placed in

16      interoffice mail is deposited with the United States Postal Service with first class postage
thereon fully prepaid on the same day it is placed for collection and mailing.

17

18  [X]  **TO BE SERVED ELECTRONICALLY VIA ECF THROUGH THE COURT'S
NOTIFICATION SYSTEM.**

19  [X]  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.

20

21          Executed on November 4, 2013, at San Francisco, California.

22          I declare under penalty of perjury that the foregoing is true and correct.  Executed

23  on November 4, 2013, at San Francisco, California.

24

25

26                                       Angela Balestrieri

27

28

22012232.1

1

**PROOF OF SERVICE BY MAIL**

2

Case No.:  3:07-CV-05944-SC

3

SERVICE LIST

Charles H. Johnson

4

Charles H Johnson & Associates PA

2599 Mississippi Street

5

New Brighton, MN 55113

6

Clinton Paul Walker

7

Damrell, Nelson, Schrimp, Pallios, Pache & Silva

1601 "I" Street

8

Fifth Floor

Modesto, CA 95354

9

10

Donna F. Solen

Mason Law Firm-Washington

11

1225 19th Street, NW, Suite 500

Washington, DC 20036

12

13

Gregory D. Hull

Weil, Gotshal & Manges LLP

14

201 Redwood Shores Parkway

Redwood Shores, CA 94065

15

16

Issac L. Diel

Sharp McQueen

17

6900 College Boulevard, Suite 285

Overland Park, KS 66211

18

19

Jean B. Roth

Mansfield Tanick & Cohen

20

1700 U.S. Bank Plaza South

220 South Sixth Street

21

Minneapolis, MN 55402-4511

22

John G. Emerson

Emerson Poynter LLP

23

830 Apollo Lane

Houston, TX 77058

24

25

John Gressette Felder , Jr

McGowan Hood Felder and Johnson

26

1405 Calhoun Street

Columbia, SC 29201

27

28

22012232.1

Katherine Hamilton Wheaton
300 North LaSalle Street
Chicago, IL 60654

Krishna B. Narine
Schiffrin & Barroway, LLP
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA 19004

Lawrence D. McCabe
Murray Frank & Sailer LLP
275 Madison Avenue
New York, NY 10016

Lawrence P. Schaefer
Mansfield Tanick & Cohen
1700 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4511

Lewis Titus LeClair
McKool Smith
300 Crescent Ct #1500
Dallas, TX 75201

Lori A. Fanning
Miller Law LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603

Mark Reinhardt
Reinhardt Wendorf & Blanchfield
East 1000 First National Bank Building
322 Minnesota Street
St. Paul, MN 55101

Martin E. Grossman
Law Offices of Martin E. Grossman
2121 Green Brier Drive
Villanova, PA 19085

Matthew E. Van Tine
Miller Law LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603

- 2 -

22012232.1

1    Melissa Willett
     Boies, Schiller & Flexner
2    5301 Wisconsin Ave. NW
     Suite 800
3    Washington, DC 20015

4
     Mike McKool , Jr
5    McKool Smith, P.C.
     300 Crescent Court Ste 1500
6    Dallas, TX 75201

7
     Neal A Eisenbraun
8    Neal A Eisenbraun, Chartered
     2599 Mississippi Street
9    New Brighton, MN 55113

10
     Niki B. Okcu
11   AT&T Services, Inc. Legal Dept.
     525 Market Street, 20th Floor
12   San Francisco, CA 94105

13
     Patricia A. Conners
14   Attorney General's Office
     Department of Legal Affairs
15   Antitrust Section
     PL-01 The Capitol
16   Tallahassee, FL 32399-1050

17
     Paul F Novak
18   Milberg LLP
     One Kennedy Square
19   777 Woodward Avenue, Suite 890
     Detroit, MI 48226
20
     Richard M. Hagstrom
21   Zelle Hofmann Voelbel Mason & Gette LLP
     500 Washington Avenue South, Suite 4000
22   Minneapolis, MN 55415

23
     Robert B. Gerard
24   Gerard Selden & Osuch
     1516 Front Street
25   San Diego, CA 92101

26

27

28

- 3 -

22012232.1

1    Roger Martin Schrimp
     Damrell Nelson Schrimp Pallios Pacher & Silva
2    1601 I Street 5th Floor
3    Modesto, CA 95354

4    Samuel J. Sharp
     701 13th Street NW
5    Washington, DC 20005

6    Steven A. Reiss
     Weil Gotshal & Manges LLP
7    767 Fifth Avenue
8    New York, NY 10153-0119

9    Traviss Levine Galloway
     Zelle Hofmann Voelbel Mason & Gette
10   44 Montgomery St #3400
     San Francisco, CA 94104
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -