WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
BETHANY W. KRISTOVICH (State Bar No. 241891)
Bethany.Kristovich@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
LAURA K. SULLIVAN (State Bar No. 281542)
Laura.Sullivan@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for LG ELECTRONICS, INC., LG
ELECRONICS USA, INC., AND LG
ELECTRONICS TAIWAN TAIPEI CO., LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, | Case No. Master File No. 3:07-cv-05944-SC |
| | MDL NO. 1917 |
| Plaintiff, | Individual Case no. 11-cv-05502 |
| vs. | **ANSWER OF LG ELECTRONICS, INC., LG ELECTRONICS USA, INC. AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD. TO FIRST AMENDED COMPLAINT BY ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST** |
| HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LG ELECTRONICS TAIWAN TAIPEI CO., LTD.; LP DISPLAYS INTERNATIONAL LTD.; PANASONIC CORPORATION: PANASONIC | |

21965371.1

1   CORPORATION OF NORTH AMERICA;
    MT PICTURE DISPLAY CO., LTD.;
2   BEIJING MATSUSHITA COLOR CRT CO.,
    LTD.; KONINKLIJKE PHILIPS
3   ELECTRONICS N.V.; PHILIPS
    ELECTRONICS NORTH AMERICA
4   CORPORATION; PHILIPS ELECTRONICS
    INDUSTRIES (TAIWAN), LTD.; PHILIPS
5   DA AMAZONIA INDUSTRIA
    ELECTRONICA LTDA.; SAMSUNG SDI
6   CO., LTD.; SAMSUNG SDI AMERICA,
    INC.; SAMSUNG SDI MEXICO S.A. DE
7   C.V.; SAMSUNG SDI BRASIL LTDA.;
    SHENZHEN SAMSUNG SDI CO., LTD.;
8   TIANJIN SAMSUNG SDI CO., LTD.;
    SAMSUNG SDI (MALAYSIA) SDN. BHD.;
9   SAMTEL COLOR LTD.; THAI CRT CO.,
    LTD.; TOSHIBA CORPORATION;
10  TOSHIBA AMERICA, INC.; TOSHIBA
    AMERICA CONSUMER PRODUCTS, LLC;
11  TOSHIBA AMERICA ELECTRONIC
    COMPONENTS, INC.; TOSHIBA
12  AMERICA INFORMATION SYSTEMS,
    INC.,
13
                    Defendants.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

1          Defendants LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., and LG

2  ELECTRONICS TAIWAN TAIPEI CO., LTD. (the "LG Entities"), through undersigned counsel,

3  hereby answer the allegations contained in the First Amended Complaint by Plaintiff Alfred H.

4  Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Circuit City") ("FAC").

5  Except as otherwise stated below, the LG Entities are without sufficient knowledge or information

6  to form a belief concerning the truth of the allegations in the FAC that are directed toward other

7  defendants. The LG Entities' response to the allegations below are therefore limited to the truth or

8  falsity of the allegations as they pertain to the LG Entities only. The LG Entities deny all

9  allegations in the FAC (including headings and captions) not specifically admitted in this Answer.

10      1.     The LG Entities deny the allegations contained in Paragraph 1.

11      2.     The LG Entities admit that during the Relevant Period, LG Electronics, Inc.

12  manufactured CPTs, CDTs, and CRT Products, as the terms are defined in this Paragraph. The

13  LG Entities object to Plaintiff's definition of "CRT Products" because this definition includes

14  products at different levels of the production chain and creates confusion in attempting to respond

15  to the allegations of the FAC, given that certain companies, including LG Electronics, Inc.

16  ("LGEI"), do not manufacture and sell cathode ray tubes, while other defendants (including LG

17  Electronics USA, Inc. ("LGEUSA")) do not manufacture either cathode ray tubes or finished

18  products (such as televisions or computer monitors).

19      3.     The LG Entities lack knowledge or information sufficient to form a belief as to the

20  truth of the allegations contained in Paragraph 3 and on that basis deny those allegations.

21      4.     The LG Entities admit that during the Relevant Period, the business of

22  manufacturing and selling CRTs was under significant pressure due to changes in technologies

23  and customer preference, among other factors. The LG Entities deny the remaining allegations

24  contained in Paragraph 4.

25      5.     The LG Entities deny the allegations contained in Paragraph 5.

26      6.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former

27  CRT business had discussions with other CRT manufacturers about prices and output for certain

28  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

2   allegations of Paragraph 6 as they pertain to the LG Entities.

3        7.     The LG Entities deny the allegations contained in Paragraph 7.

4        8.     Paragraph 8 recites actions of various governmental agencies that are matters of

5   public record and no response is required.

6        9.     The LG Entities lack sufficient information or knowledge to form a belief as to the

7   truth of the allegations contained in Paragraph 9 and on that basis deny them.

8       10.    Paragraph 10 recites the contents of various court filings that are matters of public

9   record and no response is required.

10      11.    The LG Entities lack sufficient information or knowledge to form a belief as to the

11   truth of the allegations contained in Paragraph 11 and on that basis deny them.

12      12.    Paragraph 12 characterizes Circuit City's claims in the FAC and no response is

13   required.

14      13.    Paragraph 13 characterizes Circuit City's claims in the FAC and no response is

15   required.

16      14.    The LG Entities admit that the Court has subject matter jurisdiction over Circuit

17   City's federal antitrust claims, if any, that satisfy the requirements of the Foreign Trade and

18   Antitrust Improvement Act ("FTAIA").  The remainder of Paragraph 14 consists of legal

19   conclusions to which no response is required.  To the extent that a response is deemed necessary,

20   the LG Entities deny the allegations.

21      15.    The LG Entities deny the allegations contained in Paragraph 15.

22      16.    Paragraph 16 consists of legal conclusions to which no response is required.  To the

23   extent that a response is deemed necessary, the LG Entities deny the allegations.

24      17.    Paragraph 17 consists of legal conclusions to which no response is required.  To the

25   extent that a response is deemed necessary, the LG Entities deny the allegations.

26      18.    The LG Entities lack information or knowledge sufficient to form a belief as to the

27   truth of the allegations of Paragraph 18 and on that basis deny them.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1      19.     The LG Entities lack information or knowledge sufficient to form a belief as to the

2   truth of the allegations of Paragraph 19 and on that basis deny them.

3      20.     The LG Entities lack information or knowledge sufficient to form a belief as to the

4   truth of the allegations of Paragraph 20 and on that basis deny them.

5      21.     The LG Entities lack information or knowledge sufficient to form a belief as to the

6   truth of the allegations of Paragraph 21 and on that basis deny them.

7      22.     The LG Entities lack information or knowledge sufficient to form a belief as to the

8   truth of the allegations of Paragraph 22 and on that basis deny them.

9      23.     The LG Entities lack information or knowledge sufficient to form a belief as to the

10   truth of the allegations of Paragraph 23 and on that basis deny them.

11      24.     The LG Entities lack information or knowledge sufficient to form a belief as to the

12   truth of the allegations of Paragraph 24 and on that basis deny them.

13      25.     The LG Entities lack information or knowledge sufficient to form a belief as to the

14   truth of the allegations of Paragraph 25 and on that basis deny them.

15      26.     The LG Entities lack information or knowledge sufficient to form a belief as to the

16   truth of the allegations of Paragraph 26 and on that basis deny them.

17      27.     The LG Entities lack information or knowledge sufficient to form a belief as to the

18   truth of the allegations of Paragraph 27 and on that basis deny them.

19      28.     The LG Entities lack information or knowledge sufficient to form a belief as to the

20   truth of the allegations of Paragraph 28 and on that basis deny them.

21      29.     Paragraph 29 describes the terminology used in the FAC and no response is

22   required.

23      30.     The LG Entities lack information or knowledge sufficient to form a belief as to the

24   truth of the allegations of Paragraph 30 and on that basis deny them.

25      31.     The LG Entities lack information or knowledge sufficient to form a belief as to the

26   truth of the allegations of Paragraph 31 and on that basis deny them.

27      32.     The LG Entities lack information or knowledge sufficient to form a belief as to the

28   truth of the allegations of Paragraph 32 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
                                        Master File No. 3:07-cv-05944-SC

33.     Paragraph 33 describes the terminology used in the FAC and no response is required.

34.     The LG Entities admit that LGEI is a corporate entity organized under the laws of the Republic of Korea, and further admits the location of its headquarters as alleged in Paragraph 34. LGEI admits that before July 2001, it spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V. The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips"). In 2006, LPD went through a corporate restructuring and was named "LP Displays." Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 34.

35.     The LG Entities admit that LGEUSA is a Delaware corporation which is a wholly-owned subsidiary of LGEI and engaged in the marketing and sale of certain CRT Products during the Relevant Period, and the location of its headquarters as alleged in Paragraph 35. Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 35.

36.     Pursuant to the May 22, 2012 Corrected Stipulation and Order Dismissing Defendant LG Electronics Taiwan Taipei Co., LTD., Docket No. 1202, Plaintiff dismissed LGETT as a defendant to this action. Pursuant to an April 25, 2012 tolling agreement with LGETT, Plaintiff agreed that following this dismissal, Plaintiff would "not … institute an action against LGETT arising out of or relating to [alleged price fixing of CRTs and/or CRT Products] until fifteen days after sending LGETT written notice of their intent to file suit." Plaintiff provided no such notice to LGETT before filing the FAC and the allegations against LGETT should be dismissed pursuant to the parties' tolling agreement. To the extent that a response to Paragraph 36 is still required, the LG Entities admit that LGETT is a corporate entity organized under the laws of Taiwan and is a wholly-owned subsidiary of LGEI. Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 36.

37.     Paragraph 37 describes the terminology used in the FAC and no response is required.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    38.  The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

2 and sales operations to a separate company which, effective July 2001, became part of a newly-

3 formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was

4 formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes

5 referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was

6 named "LP Displays" and that LGEI's interest in LP Displays was transferred to various third-

7 parties in the course of LP Displays' bankruptcy proceeding.  The remainder of the allegations of

8 Paragraph 38 are not directed at the LG Entities and therefore no response is required.  To the

9 extent that a response is required, the LG Entities lack information or knowledge sufficient to form

10 a belief as to the truth of the remaining allegations of Paragraph 38 and on that basis deny them.

11    39.  The LG Entities lack information or knowledge sufficient to form a belief as to the

12 truth of the allegations of Paragraph 39 and on that basis deny them.

13    40.  The LG Entities lack information or knowledge sufficient to form a belief as to the

14 truth of the allegations of Paragraph 40 and on that basis deny them.

15    41.  Paragraph 41 describes the terminology used in the FAC and no response is

16 required.

17    42.  The LG Entities lack information or knowledge sufficient to form a belief as to the

18 truth of the allegations of Paragraph 42 and on that basis deny them.

19    43.  The LG Entities lack information or knowledge sufficient to form a belief as to the

20 truth of the allegations of Paragraph 43 and on that basis deny them.

21    44.  The LG Entities admit that the new entity – called LPD – was formed as a Dutch

22 joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as

23 "Royal Phillips").  Except as so admitted, the LG Entities lack information or knowledge

24 sufficient to form a belief as to the truth of the allegations of Paragraph 44 and on that basis deny

25 them.

26    45.  The LG Entities lack information or knowledge sufficient to form a belief as to the

27 truth of the allegations of Paragraph 45 and on that basis deny them.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1   46. The LG Entities lack information or knowledge sufficient to form a belief as to the
2 truth of the allegations of Paragraph 46 and on that basis deny them.

3   47. The LG Entities lack information or knowledge sufficient to form a belief as to the
4 truth of the allegations of Paragraph 47 and on that basis deny them.

5   48. Paragraph 48 describes the terminology used in the FAC and no response is
6 required.

7   49. The LG Entities lack information or knowledge sufficient to form a belief as to the
8 truth of the allegations of Paragraph 49 and on that basis deny them.

9   50. The LG Entities lack information or knowledge sufficient to form a belief as to the
10 truth of the allegations of Paragraph 50 and on that basis deny them.

11   51. The LG Entities lack information or knowledge sufficient to form a belief as to the
12 truth of the allegations of Paragraph 51 and on that basis deny them.

13   52. The LG Entities lack information or knowledge sufficient to form a belief as to the
14 truth of the allegations of Paragraph 52 and on that basis deny them.

15   53. The LG Entities lack information or knowledge sufficient to form a belief as to the
16 truth of the allegations of Paragraph 53 and on that basis deny them.

17   54. The LG Entities lack information or knowledge sufficient to form a belief as to the
18 truth of the allegations of Paragraph 54 and on that basis deny them.

19   55. The LG Entities lack information or knowledge sufficient to form a belief as to the
20 truth of the allegations of Paragraph 55 and on that basis deny them.

21   56. The LG Entities lack information or knowledge sufficient to form a belief as to the
22 truth of the allegations of Paragraph 56 and on that basis deny them.

23   57. The LG Entities lack information or knowledge sufficient to form a belief as to the
24 truth of the allegations of Paragraph 57 and on that basis deny them.

25   58. Paragraph 58 describes the terminology used in the FAC and no response is
26 required.

27   59. The LG Entities lack information or knowledge sufficient to form a belief as to the
28 truth of the allegations of Paragraph 59 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    60.    The LG Entities lack information or knowledge sufficient to form a belief as to the

2    truth of the allegations of Paragraph 60 and on that basis deny them.

3    61.    The LG Entities lack information or knowledge sufficient to form a belief as to the

4    truth of the allegations of Paragraph 61 and on that basis deny them.

5    62.    The LG Entities lack information or knowledge sufficient to form a belief as to the

6    truth of the allegations of Paragraph 62 and on that basis deny them.

7    63.    The LG Entities lack information or knowledge sufficient to form a belief as to the

8    truth of the allegations of Paragraph 63 and on that basis deny them.

9    64.    The LG Entities lack information or knowledge sufficient to form a belief as to the

10   truth of the allegations of Paragraph 64 and on that basis deny them.

11   65.    The LG Entities lack information or knowledge sufficient to form a belief as to the

12   truth of the allegations of Paragraph 65 and on that basis deny them.

13   66.    Paragraph 66 describes the terminology used in the FAC and no response is

14   required.

15   67.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16   truth of the allegations of Paragraph 67 and on that basis deny them.

17   68.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18   truth of the allegations of Paragraph 68 and on that basis deny them.

19   69.    The LG Entities lack information or knowledge sufficient to form a belief as to the

20   truth of the allegations of Paragraph 69 and on that basis deny them.

21   70.    The LG Entities deny the allegations contained in Paragraph 70.

22   71.    The LG Entities deny the allegations contained in Paragraph 71.

23   72.    The LG Entities lack information or knowledge sufficient to form a belief as to the

24   truth of the allegations of Paragraph 72 and on that basis deny them.

25   73.    The LG Entities lack information or knowledge sufficient to form a belief as to the

26   truth of the allegations of Paragraph 73 and on that basis deny them.

27   74.    Paragraph 74 describes the terminology used in the FAC and no response is

28   required.

- 7 -

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

75.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 75 and on that basis deny them.

76.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 76 and on that basis deny them.

77.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 77 and on that basis deny them.

78.   The LG Entities deny the allegations contained in Paragraph 78.

79.   The LG Entities deny the allegations contained in Paragraph 79.

80.   The LG Entities deny the allegations contained in Paragraph 80.

81.   Paragraph 81 contains only legal conclusions to which no response is required.  To the extent that a response is required, the LG Entities deny the allegations.

82.   To the extent that Paragraph 82 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 82 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 82.

83.   To the extent that Paragraph 83 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 83 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 83.

84.   To the extent that Paragraph 84 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 84 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 84.

85.   To the extent that Paragraph 85 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 85 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 85.

- 8 -

86.     To the extent that Paragraph 86 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 86 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 86.

87.     To the extent that Paragraph 87 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 87 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 87.

88.     The LG Entities deny the allegations of Paragraph 88.

89.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 89 and on that basis deny them.

90.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 90 and on that basis deny them.

91.     The LG Entities deny the allegations of Paragraph 91.

92.     The LG Entities deny the allegations of Paragraph 92.

93.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 93 and on that basis deny them.

94.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 94 as they pertain to the LG Entities.

95.     The LG Entities admit that LGEI was a member of the Korea Display Industry Association.  To the extent that the remaining allegations contained in Paragraph 95 are directed to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and on that basis deny those allegations. To the extent that the remaining allegations contained in Paragraph 95 are directed to the LG Entities, they are denied.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1       96.    The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

2  and sales operations to a separate company which, effective July 2001, became part of a newly

3  formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD

4  – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

5  (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring

6  and was renamed "LP Displays." To the extent that the remaining allegations contained in

7  Paragraph 96 are directed to other defendants, the LG Entities lack knowledge or information

8  sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and on that

9  basis deny those allegations. To the extent that the remaining allegations contained in Paragraph

10  96 are directed to the LG Entities, they are denied.

11       97.    The LG Entities deny the allegations contained in Paragraph 97.

12       98.    The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

13  and sales operations to a separate company which, effective July 2001, became part of a newly

14  formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD

15  – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

16  (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring

17  and was renamed "LP Displays."  The LG Entities further admit that Hitachi, Ltd. and LGEI

18  formed a joint venture in 2000 for the development, design and marketing of optical disk drives.

19  The LG Entities further admit that in 1999, LGEI entered into a joint venture agreement with

20  Koninklijke Philips Electronics N.V. with respect to the manufacture, sale, and marketing of TFT-

21  LCD panels.  To the extent that the remaining allegations contained in Paragraph 98 are directed

22  to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to

23  the truth of the allegations contained in Paragraph 98 and on that basis deny those allegations. To

24  the extent that the remaining allegations contained in Paragraph 98 are directed to the LG Entities,

25  they are denied.

26       99.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

27  declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

28  Paragraph 99.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

100.    The LG Entities deny the allegations contained in Paragraph 100.

101.    The LG Entities deny the allegations contained in Paragraph 101.

102.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 102.

103.    The LG Entities admit that CRTs were being rapidly replaced by TFT-LCD, plasma and other display technologies between 2000 and 2006.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 103.

104.    The LG Entities deny the allegations contained in Paragraph 104.

105.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and on that basis deny those allegations.

106.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and on that basis deny those allegations.

107.    To the extent that Paragraph 107 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 107 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 107.

108.    The LG Entities deny the allegations contained in Paragraph 108.

109.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 109 and on that basis deny them.

110.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 110 and on that basis deny them.

111.    The LG Entities deny the allegations contained in Paragraph 111.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

112. The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States. Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 112 as they pertain to the LG Entities.

113. The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States. Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 113 as they pertain to the LG Entities.

114. The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States. Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 114 as they pertain to the LG Entities.

115. The LG Entities deny the allegations contained in Paragraph 115.

116. The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States. The LG Entities further admit that some of the meetings at which such discussions occurred were sometimes referred to by some participants as "glass meetings." Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 116 as they pertain to the LG Entities.

117. The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States. Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 117 as they pertain to the LG Entities.

118.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 118 as they pertain to the LG Entities.

119.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 119 as they pertain to the LG Entities.

120.   The allegations of Paragraph 120 are directed to other defendants, and the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 120 and on that basis deny them.

121.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 121 as they pertain to the LG Entities.

122.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  The LG Entities further admit that some of the meetings at which such discussions occurred were held in conjunction with a golf outing.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 122 as they pertain to the LG Entities.

123.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the

1    United States. Except as specifically admitted in the foregoing, the LG Entities deny the

2    allegations of Paragraph 123 as they pertain to the LG Entities.

3            124.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

4    CRT business had discussions with other CRT manufacturers about prices and output for certain

5    types and sizes of CRTs over specified periods of time in certain geographic regions other than the

6    United States. The LG Entities further admit that information was exchanged in advance of some

7    of the meetings at which such discussion occurred. Except as specifically admitted in the

8    foregoing, the LG Entities deny the allegations of Paragraph 124 as they pertain to the LG

9    Entities.

10           125.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

11   CRT business had discussions with other CRT manufacturers about prices and output for certain

12   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

13   United States. Except as specifically admitted in the foregoing, the LG Entities deny the

14   allegations of Paragraph 125 as they pertain to the LG Entities.

15           126.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

16   CRT business had discussions with other CRT manufacturers about prices and output for certain

17   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

18   United States. Except as specifically admitted in the foregoing, the LG Entities deny the

19   allegations of Paragraph 126 as they pertain to the LG Entities.

20           127.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

21   CRT business had discussions with other CRT manufacturers about prices and output for certain

22   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

23   United States. Except as specifically admitted in the foregoing, the LG Entities deny the

24   allegations of Paragraph 127 as they pertain to the LG Entities.

25           128.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

26   CRT business had discussions with other CRT manufacturers about prices and output for certain

27   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

2  allegations of Paragraph 128 as they pertain to the LG Entities.

3      129.   The LG Entities deny the allegations of Paragraph 129.

4      130.   The LG Entities deny the allegations of Paragraph 130.

5      131.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

6  CRT business had discussions with other CRT manufacturers about prices and output for certain

7  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

8  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

9  allegations of Paragraph 131 as they pertain to the LG Entities.

10     132.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

11  CRT business had discussions with other CRT manufacturers about prices and output for certain

12  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

13  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

14  allegations of Paragraph 132 as they pertain to the LG Entities.

15     133.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

16  CRT business had discussions with other CRT manufacturers about prices and output for certain

17  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

18  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

19  allegations of Paragraph 133 as they pertain to the LG Entities.

20     134.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

21  CRT business had discussions with other CRT manufacturers about prices and output for certain

22  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

23  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

24  allegations of Paragraph 134 as they pertain to the LG Entities.

25     135.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

26  CRT business had discussions with other CRT manufacturers about prices and output for certain

27  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1 United States. Except as specifically admitted in the foregoing, the LG Entities deny the
2 allegations of Paragraph 135 as they pertain to the LG Entities.

3      136.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former
4 CRT business had discussions with other CRT manufacturers about prices and output for certain
5 types and sizes of CRTs over specified periods of time in certain geographic regions other than the
6 United States. Except as specifically admitted in the foregoing, the LG Entities deny the
7 allegations of Paragraph 136 as they pertain to the LG Entities.

8      137.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former
9 CRT business had discussions with other CRT manufacturers about prices and output for certain
10 types and sizes of CRTs over specified periods of time in certain geographic regions other than the
11 United States. Except as specifically admitted in the foregoing, the LG Entities deny the
12 allegations of Paragraph 137 as they pertain to the LG Entities.

13      138.    The LG Entities lack information or knowledge sufficient to form a belief as to the
14 truth of the allegations of Paragraph 138 and on that basis deny them.

15      139.    The LG Entities lack information or knowledge sufficient to form a belief as to the
16 truth of the allegations of Paragraph 139 and on that basis deny them.

17      140.    The LG Entities lack information or knowledge sufficient to form a belief as to the
18 truth of the allegations of Paragraph 140 and on that basis deny them.

19      141.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former
20 CRT business had discussions with other CRT manufacturers about prices and output for certain
21 types and sizes of CRTs over specified periods of time in certain geographic regions other than the
22 United States. Except as specifically admitted in the foregoing, the LG Entities deny the
23 allegations of Paragraph 141. The LG Entities specifically deny that any individual employed by
24 LGPD – an independent company – attended meetings, participated in discussions, or entered
25 agreements with competitors on behalf of or at the direction of the LG Entities or any of them.
26 The LG Entities also deny that any individual employed by LGPD was simultaneously employed
27 by or reported to LGEI.

28      142.    The LG Entities deny the allegations contained in Paragraph 142.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

143.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 143 and on that basis deny them.

144.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 144 and on that basis deny them.

145.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 145 and on that basis deny them.

146.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 146 and on that basis deny them.

147.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 147 and on that basis deny them.

148.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 148 and on that basis deny them.

149.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 149 and on that basis deny them.

150.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 150 and on that basis deny them.

151.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 151 and on that basis deny them.

152.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 152 and on that basis deny them.

153.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 153 and on that basis deny them.

154.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 154 and on that basis deny them.

155.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 155 and on that basis deny them.

156.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 156 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1     157.   The LG Entities lack information or knowledge sufficient to form a belief as to the

2    truth of the allegations of Paragraph 157 and on that basis deny them.

3     158.   The LG Entities lack information or knowledge sufficient to form a belief as to the

4    truth of the allegations of Paragraph 158 and on that basis deny them.

5     159.   To the extent that Paragraph 159 describes the use of terminology by Circuit City

6    in the FAC, no response is required.  The LG Entities deny the remaining allegations contained in

7    Paragraph 159.

8     160.   The LG Entities lack information or knowledge sufficient to form a belief as to the

9    truth of the allegations of Paragraph 160 and on that basis deny them.

10    161.   To the extent that Paragraph 161 purports to describe the contents of a document,

11    the document speaks for itself and no response is required.  To the extent that a response is

12    deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

13    the truth of the allegations of Paragraph 161 and on that basis deny them.

14    162.   The LG Entities lack information or knowledge sufficient to form a belief as to the

15    truth of the allegations of Paragraph 162 and on that basis deny them.

16    163.   To the extent that Paragraph 163 purports to describe the contents of a document,

17    the document speaks for itself and no response is required.  To the extent that a response is

18    deemed necessary, the LG Entities deny the allegations of Paragraph 163 as they pertain to the LG

19    Entities.

20    164.   To the extent that Paragraph 164 purports to describe the contents of a document,

21    the document speaks for itself and no response is required.  To the extent that a response is

22    deemed necessary, the LG Entities deny the allegations of Paragraph 164 as they pertain to the LG

23    Entities.

24    165.   The LG Entities lack information or knowledge sufficient to form a belief as to the

25    truth of the allegations of Paragraph 165 and on that basis deny them.

26    166.   To the extent that Paragraph 166 purports to describe the contents of a document,

27    the document speaks for itself and no response is required.  To the extent that a response is

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1   deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to
2   the truth of the allegations of Paragraph 166 and on that basis deny them.

3         167.    To the extent that Paragraph 167 purports to describe the contents of a document,
4   the document speaks for itself and no response is required.  To the extent that a response is
5   deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to
6   the truth of the allegations of Paragraph 167 and on that basis deny them.

7         168.    To the extent that Paragraph 168 purports to describe the contents of a document,
8   the document speaks for itself and no response is required.  To the extent that a response is
9   deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to
10  the truth of the allegations of Paragraph 168 and on that basis deny them.

11        169.    The LG Entities deny the allegations contained in Paragraph 169.

12        170.    The LG Entities lack information or knowledge sufficient to form a belief as to the
13  truth of the allegations of Paragraph 170 and on that basis deny them.

14        171.    The LG Entities admit that during the Relevant Period, the demand for CRTs was
15  declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to
16  form a belief as to the truth of the allegations contained in Paragraph 171 and on that basis deny
17  those allegations.  To the extent that Paragraph 171 purports to describe the contents of a
18  document, the document speaks for itself and no response is required.

19        172.    The LG Entities admit that during the Relevant Period, the demand for CRTs was
20  declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in
21  Paragraph 172.

22        173.    The LG Entities admit that during the Relevant Period, the demand for CRTs was
23  declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in
24  Paragraph 173.

25        174.    The LG Entities admit that the Antitrust Division of the United States Department
26  of Justice commenced an investigation related to CRTs.  Except as specifically admitted in the
27  foregoing, the LG Entities deny any remaining allegations contained in Paragraph 174.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

175.    The LG Entities admit that the European Commission and Japan and South Korea's Fair Trade Commissions opened investigations related to CRTs.  Except as specifically admitted in the foregoing, the LG Entities deny any remaining allegations contained in Paragraph 175.

176.    To the extent that Paragraph 176 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 176 and on that basis deny them.

177.    To the extent that Paragraph 177 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 177 and on that basis deny them.

178.    To the extent that Paragraph 178 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 178 and on that basis deny them.

179.    To the extent that Paragraph 179 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 179 and on that basis deny them.

180.    To the extent that Paragraph 180 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 180 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    181.    To the extent that Paragraph 181 purports to describe the contents of a document,

2  the LG Entities respond that the document speaks for itself and no response is required.  To the

3  extent that a response is deemed necessary, the LG Entities lack information or knowledge

4  sufficient to form a belief as to the truth of the allegations of Paragraph 181 and on that basis deny

5  them.

6    182.    To the extent that Paragraph 182 purports to describe the contents of a document,

7  the LG Entities respond that the document speaks for itself and no response is required.  To the

8  extent that a response is deemed necessary, the LG Entities lack information or knowledge

9  sufficient to form a belief as to the truth of the allegations of Paragraph 182 and on that basis deny

10  them.

11    183.    To the extent that Paragraph 183 purports to describe the contents of a document,

12  the LG Entities respond that the document speaks for itself and no response is required.  To the

13  extent that a response is deemed necessary, the LG Entities lack information or knowledge

14  sufficient to form a belief as to the truth of the allegations of Paragraph 183 and on that basis deny

15  them.

16    184.    To the extent that Paragraph 184 purports to describe the contents of a document,

17  the LG Entities respond that the document speaks for itself and no response is required.  To the

18  extent that a response is deemed necessary, the LG Entities lack information or knowledge

19  sufficient to form a belief as to the truth of the allegations of Paragraph 184 and on that basis deny

20  them.

21    185.    The LG Entities lack information or knowledge sufficient to form a belief as to the

22  truth of the allegations of Paragraph 185 and on that basis deny them.

23    186.    The LG Entities lack information or knowledge sufficient to form a belief as to the

24  truth of the allegations of Paragraph 186 and on that basis deny them.

25    187.    The LG Entities lack information or knowledge sufficient to form a belief as to the

26  truth of the allegations of Paragraph 187 and on that basis deny them.

27    188.    The LG Entities lack information or knowledge sufficient to form a belief as to the

28  truth of the allegations of Paragraph 188 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    189.   To the extent that Paragraph 189 purports to describe the contents of a document,

2  the LG Entities respond that the document speaks for itself and no response is required.  To the

3  extent that a response is deemed necessary, the LG Entities lack information or knowledge

4  sufficient to form a belief as to the truth of the allegations of Paragraph 189 and on that basis deny

5  them.

6    190.   To the extent that Paragraph 190 purports to describe the contents of a document,

7  the LG Entities respond that the document speaks for itself and no response is required.  To the

8  extent that a response is deemed necessary, the LG Entities lack information or knowledge

9  sufficient to form a belief as to the truth of the allegations of Paragraph 190 and on that basis deny

10  them.

11    191.   To the extent that Paragraph 191 purports to describe the contents of a document,

12  the LG Entities respond that the document speaks for itself and no response is required.  To the

13  extent that a response is deemed necessary, the LG Entities lack information or knowledge

14  sufficient to form a belief as to the truth of the allegations of Paragraph 191 and on that basis deny

15  them.

16    192.   To the extent that Paragraph 192 purports to describe the contents of a document,

17  the LG Entities respond that the document speaks for itself and no response is required.  To the

18  extent that a response is deemed necessary, the LG Entities lack information or knowledge

19  sufficient to form a belief as to the truth of the allegations of Paragraph 192 and on that basis deny

20  them.

21    193.   The LG Entities lack information or knowledge sufficient to form a belief as to the

22  truth of the allegations of Paragraph 193 and on that basis deny them.

23    194.   The LG Entities admit that LGEI was a member of Korean Display Equipment

24  Material Industry Association and Electronic Display Industrial Research Association of Korea,

25  and has participated in the Korea Display Conference.  Except as specifically admitted in the

26  foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth

27  of the allegations of Paragraph 194 and on that basis deny them.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

195.   The LG Entities admit that LGEI was a member of Korean Display Equipment Material Industry Association and Electronic Display Industrial Research Association of Korea, and has participated in the Korea Display Conference.  Except as specifically admitted in the foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 195.

196.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 196 and on that basis deny them.

197.   The LG Entities deny the allegations of Paragraph 197.

198.   The LG Entities deny the allegations of Paragraph 198.

199.   To the extent that Paragraph 199 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 199 and on that basis deny them.

200.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 200 and on that basis deny them.

201.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 201 and on that basis deny them.

202.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 202 and on that basis deny them.

203.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 203 and on that basis deny them.

204.   To the extent that Paragraph 204 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 204 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 204.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

205.   Paragraph 205 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 205 and on that basis deny them.

206.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 206 and on that basis deny them.

207.   To the extent that Paragraph 207 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 207 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 207.

208.   To the extent that Paragraph 208 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 208 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 208.

209.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 209 and on that basis deny them.

210.   To the extent that Paragraph 210 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 210 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 210.

211.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 211 and on that basis deny them.

212.   To the extent that Paragraph 212 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1  the truth of the allegations of Paragraph 212 and on that basis deny them.  The LG Entities deny

2  any remaining allegations contained in Paragraph 212.

3      213.    The LG Entities deny the allegations contained in Paragraph 213.

4      214.    The LG Entities deny the allegations contained in Paragraph 214.

5      215.    The LG Entities deny the allegations contained in Paragraph 215.

6      216.    The LG Entities lack information or knowledge sufficient to form a belief as to the

7  truth of the allegations of the first sentence of Paragraph 216 and that basis deny them.  The LG

8  Entities deny the remaining allegations contained in Paragraph 216.

9      217.    The LG Entities lack information or knowledge sufficient to form a belief as to the

10 truth of the allegations of Paragraph 217 and on that basis deny them.

11     218.    To the extent that Paragraph 218 describes CRT technology generally, the LG

12 Entities admit the allegations of Paragraph 218 but also aver that the allegations do not describe

13 comprehensively and accurately all variants of CRT technology.  The LG Entities deny any

14 remaining allegations of Paragraph 218.

15     219.    The LG Entities deny the allegations contained in Paragraph 219.

16     220.    The LG Entities lack knowledge or information sufficient to form a belief as to the

17 truth of the allegations contained in the first sentence of Paragraph 220 and on that basis deny

18 those allegations.  The LG Entities deny the remaining allegations contained in Paragraph 220.

19     221.    The LG Entities deny the allegations contained in Paragraph 221.

20     222.    The LG Entities lack information or knowledge sufficient to form a belief as to the

21 truth of the allegations of Paragraph 222 concerning Circuit City's knowledge and on that basis

22 deny them.  The LG Entities deny the remaining allegations contained in Paragraph 222.

23     223.    The LG Entities lack information or knowledge sufficient to form a belief as to the

24 truth of the allegations of Paragraph 223 concerning Circuit City's knowledge and on that basis

25 deny them.  The LG Entities deny the remaining allegations contained in Paragraph 223.

26     224.    The LG Entities deny the allegations contained in Paragraph 224.

27     225.    The LG Entities deny the allegations contained in Paragraph 225.

28     226.    The LG Entities deny the allegations contained in Paragraph 226.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    227.   The LG Entities deny the allegations contained in Paragraph 227.

2    228.   The LG Entities deny the allegations contained in Paragraph 228.

3    229.   The LG Entities admit that during the Relevant Period, the demand for CRTs was

4  declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

5  Paragraph 229.

6    230.   The LG Entities deny the allegations contained in Paragraph 230.

7    231.   To the extent that Paragraph 231 purports to describe the contents of a document,

8  the document speaks for itself and no response is required.  To the extent that a response is

9  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

10  the truth of the allegations of Paragraph 231 and on that basis deny them.

11    232.   The LG Entities deny the allegations contained in Paragraph 232.

12    233.   The LG Entities deny the allegations contained in Paragraph 233.

13    234.   Paragraph 234 consists of legal conclusions to which no response is required.  To

14  the extent that a response is deemed necessary, the LG Entities deny the allegations.

15    235.   The LG Entities admit that the Antitrust Division of the United States Department

16  of Justice commenced an investigation related to CRTs.  The second sentence of Paragraph 235

17  consists of legal conclusions to which no response is required.  Except as specifically admitted in

18  the foregoing, and to the extent that a response is deemed necessary, the LG Entities deny the

19  allegations.

20    236.   Paragraph 236 consists of legal conclusions to which no response is required.  To

21  the extent that a response is deemed necessary, the LG Entities deny the allegations.

22    237.   To the extent that Paragraph 237 purports to describe the contents of a document,

23  the document speaks for itself and no response is required.  To the extent that Paragraph 237

24  consists of legal conclusions, no response is required.  To the extent that a response is deemed

25  necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth

26  of the allegations of Paragraph 237 and on that basis deny them.

27    238.   The LG Entities hereby incorporate by reference its answers to each and every

28  allegation set forth in the preceding paragraphs.

1    239.    The LG Entities deny the allegations contained in Paragraph 239.

2    240.    The LG Entities deny the allegations contained in Paragraph 240.

3    241.    The LG Entities deny the allegations contained in Paragraph 241.

4    242.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

5    CRT business had discussions with other CRT manufacturers about prices and output for certain

6    types and sizes of CRTs over specified periods of time in certain geographic regions other than the

7    United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

8    allegations of Paragraph 242 as they pertain to the LG Entities.

9    243.    The LG Entities deny the allegations contained in Paragraph 243.

10    244.    The LG Entities deny the allegations contained in Paragraph 244.

11    245.    The LG Entities hereby incorporate by reference its answers to each and every

12    allegation set forth in the preceding paragraphs.

13    246.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14    truth of the allegations of Paragraph 246 concerning Circuit City's activities in California and on

15    that basis deny them.  To the extent that Paragraph 246 consists of legal conclusions, no response

16    is required.

17    247.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18    truth of the allegations of Paragraph 247 and on that basis deny them.

19    248.    To the extent that Paragraph 248 consists of legal conclusions, no response is

20    required.  To the extent that a response is deemed necessary, the LG Entities lack information or

21    knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 248 and on that

22    basis deny them.

23    249.    To the extent that Paragraph 249 consists of legal conclusions, no response is

24    required.  To the extent that a response is deemed necessary, the LG Entities lack information or

25    knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 249 and on that

26    basis deny them.

27    250.    The LG Entities deny the allegations contained in Paragraph 250.

28    251.    The LG Entities deny the allegations contained in Paragraph 251.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    252.   The LG Entities deny the allegations contained in Paragraph 252.

2    253.   Paragraph 253 consists of legal conclusions to which no response is required.  To

3    the extent that a response is deemed necessary, the LG Entities deny the allegations.

4    254.   The LG Entities hereby incorporate by reference its answers to each and every

5    allegation set forth in the preceding paragraphs.

6    255.   Paragraph 255 consists of legal conclusions to which no response is required.  To

7    the extent that a response is deemed necessary, the LG Entities deny the allegations.

8    256.   Paragraph 256 consists of legal conclusions to which no response is required.  To

9    the extent that a response is deemed necessary, the LG Entities admit that Circuit City purports to

10   bring claims pursuant to Sections 17203 and 17204 of the California Business & Professions

11   Code.  The LG Entities deny that Circuit City is entitled to any relief.

12   257.   The LG Entities deny the allegations contained in Paragraph 257.

13   258.   Paragraph 258 consists of legal conclusions to which no response is required.  To

14   the extent that a response is deemed necessary, the LG Entities deny the allegations.

15   259.   Paragraph 259 consists of legal conclusions to which no response is required.  To

16   the extent that a response is deemed necessary, the LG Entities deny the allegations.

17   260.   Paragraph 260 consists of legal conclusions to which no response is required.  To

18   the extent that a response is deemed necessary, the LG Entities deny the allegations.

19   261.   The LG Entities deny the allegations contained in Paragraph 261.

20   262.   The LG Entities hereby incorporate by reference its answers to each and every

21   allegation set forth in the preceding paragraphs.

22   263.   The LG Entities deny the allegations contained in Paragraph 263.

23   264.   The LG Entities hereby incorporate by reference its answers to each and every

24   allegation set forth in the preceding paragraphs.

25   265.   The LG Entities deny the allegations contained in Paragraph 265.

26   266.   Paragraph 266 consists of legal conclusions to which no response is required.  To

27   the extent that a response is deemed necessary, the LG Entities deny the allegations.

28

1  .267.    The LG Entities lack information or knowledge sufficient to form a belief as to the

2  truth of the allegations of Paragraph 267 concerning Circuit City's activities in Illinois and on that

3  basis deny them.  To the extent that Paragraph 267 consists of legal conclusions, no response is

4  required.

5      268.    The LG Entities lack information or knowledge sufficient to form a belief as to the

6  truth of the allegations of Paragraph 268 concerning Circuit City's activities in Illinois and on that

7  basis deny them.  To the extent that Paragraph 268 consists of legal conclusions, no response is

8  required.

9      269.    The LG Entities deny the allegations contained in Paragraph 269.

### RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND

The paragraphs of the FAC following the header "Prayer for Relief" and "Jury Trial Demanded" do not require a response.  To the extent that those paragraphs require a response, the LG Entities deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

### AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any of these defenses, the LG Entities allege the following affirmative defenses to the allegations set forth in the FAC:

### FIRST DEFENSE

The FAC fails to state a claim upon which relief can be granted because Plaintiff's claims are ambiguous, vague, and/or unintelligible; because Plaintiff has failed to alleged fraud or fraudulent concealment with sufficient particularity; and/or because Plaintiff has failed to allege conspiracy with sufficient particularity.  The LG Entities aver that Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit the LG Entities to ascertain all defenses that may exist.

### SECOND DEFENSE

The claims set forth in the FAC are barred by the statute of limitations.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1

THIRD DEFENSE

2  Without conceding the existence of any conspiracy, Plaintiff's claims are barred because

3 the LG Entities effectively withdrew from any alleged conspiracy.

4

FOURTH DEFENSE

5  The conduct alleged by Plaintiff in the FAC to form the basis of certain of Plaintiff's

6 claims has not had a direct, substantial, and reasonably foreseeable effect on trade or commerce

7 with the United States.  The Court therefore lacks subject matter jurisdiction.

8

FIFTH DEFENSE

9  Plaintiff's claims are barred, in whole or in part, to the extent that they are based upon

10 foreign sales by defendants, because Plaintiff has failed to allege facts sufficient to support a claim

11 under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a and/or *Hartford Fire Ins. Co.*

12 *v. California*, 509 U.S. 764 (1993).

13

SIXTH DEFENSE

14  Plaintiff's claims are barred, in whole or in part, to the extent that it did not purchase CRTs

15 directly from defendants, because they are indirect purchasers and barred from maintaining an

16 action for alleged injuries in that capacity.

17

SEVENTH DEFENSE

18  Plaintiff's claims are barred because Plaintiff lacks standing to sue for the injuries alleged

19 in the FAC.

20

EIGHTH DEFENSE

21  Plaintiff is barred from recovery of any damages because of, and to the extent of, its failure

22 to mitigate damages, or alternatively any claimed injury or damage has been offset by benefits

23 received by Plaintiff with respect to the challenged conduct.

24

NINTH DEFENSE

25  Plaintiff's claims for damages are barred because Plaintiff has suffered no injury or

26 damages as a result of the matters alleged in the FAC, or alternatively, because the alleged

27 damages, if any, are speculative and because of the impossibility of ascertaining and allocating

28 those alleged damages.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

## TENTH DEFENSE

Any injuries or damages Plaintiff may have suffered were not caused, either actually or proximately, by the acts and omissions of the LG Entities.

## ELEVENTH DEFENSE

Any injuries or damages Plaintiff may have suffered were caused solely and proximately by the acts and omissions of others. The acts of others constitute intervening or superseding causes of harm, if any, suffered by Plaintiff.

## TWELFTH DEFENSE

Plaintiff's claims are barred to the extent injuries alleged in the FAC, which the LG Entities deny, were contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than the LG Entities.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to the LG Entities.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff has not suffered actual, cognizable injury of the type antitrust laws are intended to remedy.

## FIFTEENTH DEFENSE

To the extent that any actionable conduct occurred, Plaintiff's claims against the LG Entities are barred because all such conduct would have been committed by individuals acting ultra vires.

## SIXTEENTH DEFENSE

Plaintiff's claims against the LG Entities are barred to the extent that Plaintiff has agreed to arbitration or chosen a different forum for the resolution of their claims.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1

EIGHTEENTH DEFENSE

2    Plaintiff's claims are barred, in whole or in part, for failure to join indispensable parties.

3

NINETEENTH DEFENSE

4    Without admitting that Plaintiff is entitled to recover damages in this matter, the LG

5  Entities are entitled to set off from any recovery Plaintiff may obtain against them by any other

6  Defendants who have settled, or do settle, Plaintiff's claims in this matter.

7

TWENTIETH DEFENSE

8    The LG Entities are separate and autonomous companies from LPD, and thus are not liable

9  for Plaintiff's damages resulting from LPD's actions.

10

TWENTY-FIRST DEFENSE

11    Any award of treble damages would violate the Excessive Fines and Due Process Clauses

12  of the United States Constitution and equivalent clauses in the state constitution.

13

14

**RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES**

15    The LG Entities adopt by reference any additional applicable defenses pleaded by any

16  other Defendant in this action.  The LG Entities have not knowingly or intentionally waived any

17  applicable defenses and explicitly reserve the right to assert any additional defenses and

18  affirmative defenses as this action proceeds. The LG Entities further reserve the right to amend its

19  Answer and/or defenses accordingly, and/or to delete defenses that it determines are not applicable

20  as this action proceeds.  The LG Entities further reserve the right to assert affirmative defenses

21  that are unique to one or a subset of the claims asserted under the state law at issue in this action.

22    WHEREFORE, the LG Entities pray as follows:

23    1.    That the Plaintiff takes nothing by way of the FAC, and the action be dismissed

24  with prejudice;

25    2.    That judgment be entered in favor of the LG Entities and against Plaintiff with

26  respect to all causes of action in the FAC;

27    3.    That the Court award the LG Entities its attorneys' fees and all other costs

28  reasonably incurred in defense of this action; and

- 32 -

1        4.       That the Court award such other relief as it may deem just and proper.

2

DATED:  November 4, 2013          MUNGER, TOLLES & OLSON LLP

3                                   WILLIAM D. TEMKO
                                   HOJOON HWANG

4                                   BETHANY W. KRISTOVICH

5                                   LAURA K. SULLIVAN

6

7                      By:        */s/ Hojoon Hwang*

8                            HOJOON HWANG
                      Attorneys for LG ELECTRONICS, INC., LG

9                      ELECRONICS USA, INC., AND LG ELECTRONICS
                      TAIWAN TAIPEI CO., LTD

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

**PROOF OF SERVICE**

I, Angela Balestrieri, the undersigned, declare that I am over the age of 18 and not a party to the within cause.  I am employed by Munger, Tolles & Olson LLP in the County of San Francisco, State of California.  My business address is 560 Mission Street, Twenty-Seventh Floor, San Francisco, California  94105-2907.

On November 4, 2013, I served upon the interested parties in this action the following document, a copy of which is attached to this Proof of Service:

**ANSWER OF LG ELECTRONICS, INC., LG ELECTRONICS USA, INC. AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD. TO FIRST AMENDED COMPLAINT BY ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST**

☒ By placing ☐ the original(s) ☒ a true and correct copy via electronic Notice through ECF and/or, as set out below, in an addressed, sealed envelope(s) clearly labeled to identify the person(s) being served at the address(es) set forth on the attached service list.

☒ **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such envelope(s) to be placed in interoffice mail for collection and deposit in the United States Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on that same date, following ordinary business practices.  I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

☒ **TO BE SERVED ELECTRONICALLY VIA ECF THROUGH THE COURT'S NOTIFICATION SYSTEM.**

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 4, 2013, at San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 4, 2013, at San Francisco, California.

_____
Angela Balestrieri

22012232.1

1

**PROOF OF SERVICE BY MAIL**

2

Case No.:  3:07-CV-05944-SC

3

SERVICE LIST

Charles H. Johnson

4

Charles H Johnson & Associates PA

2599 Mississippi Street

5

New Brighton, MN 55113

6

Clinton Paul Walker

7

Damrell, Nelson, Schrimp, Pallios, Pache & Silva

1601 "I" Street

8

Fifth Floor

Modesto, CA 95354

9

10

Donna F. Solen

Mason Law Firm-Washington

11

1225 19th Street, NW, Suite 500

Washington, DC 20036

12

13

Gregory D. Hull

Weil, Gotshal & Manges LLP

14

201 Redwood Shores Parkway

Redwood Shores, CA 94065

15

16

Issac L. Diel

Sharp McQueen

17

6900 College Boulevard, Suite 285

Overland Park, KS 66211

18

19

Jean B. Roth

Mansfield Tanick & Cohen

1700 U.S. Bank Plaza South

20

220 South Sixth Street

Minneapolis, MN 55402-4511

21

22

John G. Emerson

Emerson Poynter LLP

23

830 Apollo Lane

Houston, TX 77058

24

25

John Gressette Felder , Jr

McGowan Hood Felder and Johnson

26

1405 Calhoun Street

Columbia, SC 29201

27

28

PROOF OF SERVICE; CASE NO. 3:07-CV-05944-SC

22012232.1

1    Katherine Hamilton Wheaton
     300 North LaSalle Street
2    Chicago, IL 60654

3
     Krishna B. Narine
4    Schiffrin & Barroway, LLP
     Three Bala Plaza East
5    Suite 400
     Bala Cynwyd, PA 19004
6

7    Lawrence D. McCabe
     Murray Frank & Sailer LLP
8    275 Madison Avenue
     New York, NY 10016
9

10   Lawrence P. Schaefer
     Mansfield Tanick & Cohen
11   1700 U.S. Bank Plaza South
     220 South Sixth Street
12   Minneapolis, MN 55402-4511

13   Lewis Titus LeClair
     McKool Smith
14   300 Crescent Ct #1500
     Dallas, TX 75201
15

16   Lori A. Fanning
     Miller Law LLC
17   115 South LaSalle Street, Suite 2910
     Chicago, IL 60603
18

19   Mark Reinhardt
     Reinhardt Wendorf & Blanchfield
20   East 1000 First National Bank Building
     322 Minnesota Street
21   St. Paul, MN 55101

22   Martin E. Grossman
23   Law Offices of Martin E. Grossman
     2121 Green Brier Drive
24   Villanova, PA 19085

25   Matthew E. Van Tine
     Miller Law LLC
26   115 South LaSalle Street, Suite 2910
     Chicago, IL 60603
27

28
                                        - 2 -

22012232.1

1   Melissa Willett
    Boies, Schiller & Flexner
2   5301 Wisconsin Ave. NW
    Suite 800
3   Washington, DC 20015

4
    Mike McKool , Jr
5   McKool Smith, P.C.
    300 Crescent Court Ste 1500
6   Dallas, TX 75201

7
    Neal A Eisenbraun
8   Neal A Eisenbraun, Chartered
    2599 Mississippi Street
9   New Brighton, MN 55113

10
    Niki B. Okcu
11  AT&T Services, Inc. Legal Dept.
    525 Market Street, 20th Floor
12  San Francisco, CA 94105

13
    Patricia A. Conners
14  Attorney General's Office
    Department of Legal Affairs
15  Antitrust Section
    PL-01 The Capitol
16  Tallahassee, FL 32399-1050

17
    Paul F Novak
18  Milberg LLP
    One Kennedy Square
19  777 Woodward Avenue, Suite 890
    Detroit, MI 48226
20
    Richard M. Hagstrom
21  Zelle Hofmann Voelbel Mason & Gette LLP
    500 Washington Avenue South, Suite 4000
22  Minneapolis, MN 55415

23
    Robert B. Gerard
24  Gerard Selden & Osuch
    1516 Front Street
25  San Diego, CA 92101

26

27

28

- 3 -

PROOF OF SERVICE BY MAIL; CASE NO. 3:07-CV-05944-SC

22012232.1

1

2

3

Roger Martin Schrimp
Damrell Nelson Schrimp Pallios Pacher & Silva
1601 I Street 5th Floor
Modesto, CA 95354

4

5

Samuel J. Sharp
701 13th Street NW
Washington, DC 20005

6

7

8

Steven A. Reiss
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

9

10

11

Traviss Levine Galloway
Zelle Hofmann Voelbel Mason & Gette
44 Montgomery St #3400
San Francisco, CA 94104

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -