1  WILLIAM D. TEMKO (State Bar No. 98858)
   william.temko@mto.com
2  BETHANY W. KRISTOVICH (State Bar No. 241891)
   Bethany.Kristovich@mto.com
3  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
4  Thirty-Fifth Floor
   Los Angeles, CA 90071-1560
5  Telephone:    (213) 683-9100
   Facsimile:    (213) 687-3702
6
   HOJOON HWANG (State Bar No. 184950)
7  hojoon.hwang@mto.com
   LAURA K. SULLIVAN (State Bar No. 281542)
8  Laura.Sullivan@mto.com
   MUNGER, TOLLES & OLSON LLP
9  560 Mission Street
   Twenty-Seventh Floor
10 San Francisco, California 94105-2907
   Telephone:    (415) 512-4000
11 Facsimile:    (415) 512-4077

12 Attorneys for LG ELECTRONICS, INC., LG
   ELECRONICS USA, INC., AND LG
13 ELECTRONICS TAIWAN TAIPEI CO., LTD

14
                     UNITED STATES DISTRICT COURT
15
        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
16

17
   OFFICE DEPOT, INC.,                      Case No. Master File No. 3:07-cv-05944-SC
18
                 Plaintiff,                 MDL NO. 1917
19
          vs.                               Individual Case no. 11-cv-06276
20
   HITACHI, LTD.; HITACHI DISPLAYS,         **ANSWER OF LG ELECTRONICS, INC.**
21 LTD.; HITACHI AMERICA, LTD.;             **AND LG ELECTRONICS USA, INC. TO**
   HITACHI ASIA, LTD.; HITACHI              **FIRST AMENDED COMPLAINT BY**
22 ELECTRONIC DEVICES (USA), INC.;          **OFFICE DEPOT, INC.**
   SHENZHEN SEG HITACHI COLOR
23 DISPLAY DEVICES, LTD.; IRICO GROUP
   CORPORATION; IRICO GROUP
24 ELECTRONICS CO., LTD.; IRICO
   DISPLAY DEVICES CO., LTD.; LG
25 ELECTRONICS, INC.; LG ELECTRONICS
   USA, INC.; LP DISPLAYS
26 INTERNATIONAL LTD.; PANASONIC
   CORPORATION; PANASONIC
27 CORPORATION OF NORTH AMERICA;
   MT PICTURE DISPLAY CO., LTD.;
28 BEIJING MATSUSHITA COLOR CRT CO.,

1  LTD.; KONINKLIJKE PHILIPS
   ELECTRONICS N.V.; PHILIPS
2  ELECTRONICS NORTH AMERICA
   CORPORATION; PHILIPS ELECTRONICS
3  INDUSTRIES (TAIWAN), LTD.; PHILIPS
   DA AMAZONIA INDUSTRIA
4  ELECTRONICA LTDA.; SAMSUNG SDI
   CO., LTD.; SAMSUNG SDI AMERICA,
5  INC.; SAMSUNG SDI MEXICO S.A. DE
   C.V.; SAMSUNG SDI BRASIL LTDA.;
6  SHENZHEN SAMSUNG SDI CO., LTD.;
   TIANJIN SAMSUNG SDI CO., LTD.;
7  SAMSUNG SDI (MALAYSIA) SDN. BHD.;
   SAMTEL COLOR LTD.; THAI CRT CO.,
8  LTD.; TOSHIBA CORPORATION;
   TOSHIBA AMERICA, INC.; TOSHIBA
9  AMERICA CONSUMER PRODUCTS,
   LLC; TOSHIBA AMERICA ELECTRONIC
10 COMPONENTS, INC.; TOSHIBA
   AMERICA INFORMATION SYSTEMS,
11 INC.; CHUNGHWA PICTURE TUBES,
   LTD.; CHUNGHWA PICTURE TUBES
12 (MALAYSIA),

13              Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21976676.1

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

Defendants LG ELECTRONICS, INC., and LG ELECTRONICS USA, INC. (the "LG Entities"), through undersigned counsel, hereby answer the allegations contained in the First Amended Complaint by Plaintiff Office Depot, Inc. ("Office Depot" or "Plaintiff") ("FAC"). Except as otherwise stated below, the LG Entities are without sufficient knowledge or information to form a belief concerning the truth of the allegations in the FAC that are directed toward other defendants. The LG Entities' response to the allegations below are therefore limited to the truth or falsity of the allegations as they pertain to the LG Entities only. The LG Entities deny all allegations in the FAC (including headings and captions) not specifically admitted in this Answer.

1.      The LG Entities deny the allegations contained in Paragraph 1.

2.      The LG Entities admit that during the Relevant Period, LG Electronics, Inc. manufactured CPTs, CDTs, and CRT Products, as the terms are defined in this Paragraph. The LG Entities object to Plaintiff's definition of "CRT Products," because this definition includes products at different levels of the production chain and creates confusion in attempting to respond to the allegations of the FAC, given that certain companies, including LG Electronics, Inc. ("LGEI"), do not manufacture and sell cathode ray tubes, while other defendants (including LG Electronics USA, Inc. ("LGEUSA")) do not manufacture either cathode ray tubes or finished products (such as televisions or computer monitors).

3.      The LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and on that basis deny those allegations.

4.      The LG Entities admit that during the Relevant Period, the business of manufacturing and selling CRTs was under significant pressure due to changes in technologies and customer preference, among other factors. The LG Entities deny the remaining allegations contained in Paragraph 4.

5.      The LG Entities deny the allegations contained in Paragraph 5.

6.      The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 6 as they pertain to the LG Entities.

7.      The LG Entities deny the allegations contained in Paragraph 7.

8.      Paragraph 8 recites actions of various governmental agencies that are matters of public record and no response is required.

9.      The LG Entities lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis deny them.

10.     Paragraph 10 characterizes Plaintiff's claims in the FAC and no response is required.

11.     Paragraph 11 characterizes Plaintiff's claims in the FAC and no response is required.

12.     The LG Entities admit that the Court has subject matter jurisdiction over Plaintiff's federal antitrust claims, if any, that satisfy the requirements of the Foreign Trade and Antitrust Improvement Act ("FTAIA").  The remainder of Paragraph 12 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

13.     The LG Entities deny the allegations contained in Paragraph 13.

14.     Paragraph 14 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

15.     Paragraph 15 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

16.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis deny them.

17.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis deny them.

18.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

19.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19 and on that basis deny them.

20.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20 and on that basis deny them.

21.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 21 and on that basis deny them.

22.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 22 and on that basis deny them.

23.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 23 and on that basis deny them.

24.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 24 and on that basis deny them.

25.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 25 and on that basis deny them.

26.     Paragraph 26 describes the terminology used in the FAC and no response is required.

27.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 27 and on that basis deny them.

28.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 28 and on that basis deny them.

29.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 29 and on that basis deny them.

30.     Paragraph 30 describes the terminology used in the FAC and no response is required.

31.     The LG Entities admit that LGEI is a corporate entity organized under the laws of the Republic of Korea, and further admits the location of its headquarters as alleged in Paragraph 31.  LGEI admits that before July 2001, it spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays." Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 31.

32.     The LG Entities admit that LGEUSA is a Delaware corporation which is a wholly-owned subsidiary of LGEI and engaged in the marketing and sale of certain CRT Products during the Relevant Period, and the location of its headquarters as alleged in Paragraph 32.  Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 32.

33.     Paragraph 33 describes the terminology used in the FAC and no response is required.

34.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays" and that LGEI's interest in LP Displays was transferred to various third parties in the course of LP Displays' bankruptcy proceeding.  The remainder of the allegations of Paragraph 34 are not directed at the LG Entities and therefore no response is required.  To the extent that a response is required, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34 and on that basis deny them.

35.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 35 and on that basis deny them.

36.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 36 and on that basis deny them.

37.     Paragraph 37 describes the terminology used in the FAC and no response is required.

38.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 38 and on that basis deny them.

39.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 39 and on that basis deny them.

40.     The LG Entities admit that the new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  Except as so admitted, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 40 and on that basis deny them.

41.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 41 and on that basis deny them.

42.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 42 and on that basis deny them.

43.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 43 and on that basis deny them.

44.     Paragraph 44 describes the terminology used in the FAC and no response is required.

45.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 45 and on that basis deny them.

46.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 46 and on that basis deny them.

47.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 47 and on that basis deny them.

48.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 48 and on that basis deny them.

49.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 49 and on that basis deny them.

50.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 50 and on that basis deny them.

1       51.      The LG Entities lack information or knowledge sufficient to form a belief as to the

2   truth of the allegations of Paragraph 51 and on that basis deny them.

3       52.      Paragraph 52 describes the terminology used in the FAC and no response is

4   required.

5       53.      The LG Entities lack information or knowledge sufficient to form a belief as to the

6   truth of the allegations of Paragraph 53 and on that basis deny them.

7       54.      The LG Entities lack information or knowledge sufficient to form a belief as to the

8   truth of the allegations of Paragraph 54 and on that basis deny them.

9       55.      The LG Entities lack information or knowledge sufficient to form a belief as to the

10  truth of the allegations of Paragraph 55 and on that basis deny them.

11      56.      The LG Entities lack information or knowledge sufficient to form a belief as to the

12  truth of the allegations of Paragraph 56 and on that basis deny them.

13      57.      The LG Entities lack information or knowledge sufficient to form a belief as to the

14  truth of the allegations of Paragraph 57 and on that basis deny them.

15      58.      The LG Entities lack information or knowledge sufficient to form a belief as to the

16  truth of the allegations of Paragraph 58 and on that basis deny them.

17      59.      The LG Entities lack information or knowledge sufficient to form a belief as to the

18  truth of the allegations of Paragraph 59 and on that basis deny them.

19      60.      Paragraph 60 describes the terminology used in the FAC and no response is

20  required.

21      61.      The LG Entities lack information or knowledge sufficient to form a belief as to the

22  truth of the allegations of Paragraph 61 and on that basis deny them.

23      62.      The LG Entities lack information or knowledge sufficient to form a belief as to the

24  truth of the allegations of Paragraph 62 and on that basis deny them.

25      63.      Paragraph 63 describes the terminology used in the FAC and no response is

26  required.

27      74.      The LG Entities deny the allegations contained in Paragraph 74.

28      75.      The LG Entities deny the allegations contained in Paragraph 75.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

76.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 76 and on that basis deny them.

77.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 77 and on that basis deny them.

78.     Paragraph 78 describes the terminology used in the FAC and no response is required.

79.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 79 and on that basis deny them.

80.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 80 and on that basis deny them.

81.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 81 and on that basis deny them.

82.     The LG Entities deny the allegations contained in Paragraph 82.

83.     The LG Entities deny the allegations contained in Paragraph 83.

84.     The LG Entities deny the allegations contained in Paragraph 84.

85.     Paragraph 85 contains only legal conclusions to which no response is required.  To the extent that a response is required, the LG Entities deny the allegations.

86.     To the extent that Paragraph 86 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 86 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 86.

87.     To the extent that Paragraph 87 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 87 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 87.

88.     To the extent that Paragraph 88 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 88 but also aver that the allegations do not describe

comprehensively and accurately all variants of CRT technology. The LG Entities deny any remaining allegations of Paragraph 88.

89.     To the extent that Paragraph 89 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 89 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology. The LG Entities deny any remaining allegations of Paragraph 89.

90.     To the extent that Paragraph 90 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 90 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology. The LG Entities deny any remaining allegations of Paragraph 90.

91.     To the extent that Paragraph 91 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 91 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology. The LG Entities deny any remaining allegations of Paragraph 91.

92.     The LG Entities deny the allegations of Paragraph 92.

93.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 93 and on that basis deny them.

94.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 94 and on that basis deny them.

95.     The LG Entities deny the allegations of Paragraph 95.

96.     The LG Entities deny the allegations of Paragraph 96.

97.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 97 and on that basis deny them.

98.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States. Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 98 as they pertain to the LG Entities.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    99.    The LG Entities admit that LGEI was a member of the Korea Display Industry

2    Association.  To the extent that the remaining allegations contained in Paragraph 99 are directed to

3    other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to

4    the truth of the allegations contained in Paragraph 99 and on that basis deny those allegations. To

5    the extent that the remaining allegations contained in Paragraph 99 are directed to the LG Entities,

6    they are denied.

7    100.    The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

8    and sales operations to a separate company which, effective July 2001, became part of a newly

9    formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD

10   – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

11   (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring

12   and was renamed "LP Displays." To the extent that the remaining allegations contained in

13   Paragraph 100 are directed to other defendants, the LG Entities lack knowledge or information

14   sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and on that

15   basis deny those allegations.  To the extent that the remaining allegations contained in Paragraph

16   100 are directed to the LG Entities, they are denied.

17   101.    The LG Entities deny the allegations contained in Paragraph 101.

18   102.    The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

19   and sales operations to a separate company which, effective July 2001, became part of a newly

20   formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD

21   – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

22   (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring

23   and was renamed "LP Displays."  The LG Entities further admit that Hitachi, Ltd. and LGEI

24   formed a joint venture in 2000 for the development, design and marketing of optical disk drives.

25   The LG Entities further admit that in 1999, LGEI entered into a joint venture agreement with

26   Koninklijke Philips Electronics N.V. with respect to the manufacture, sale, and marketing of TFT-

27   LCD panels.  To the extent that the remaining allegations contained in Paragraph 102 are directed

28   to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1   the truth of the allegations contained in Paragraph 102 and on that basis deny those allegations. To

2   the extent that the remaining allegations contained in Paragraph 102 are directed to the LG

3   Entities, they are denied.

4          103.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

5   declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

6   Paragraph 103.

7          104.    The LG Entities deny the allegations contained in Paragraph 104.

8          105.    The LG Entities deny the allegations contained in Paragraph 105.

9          106.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

10   declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

11   Paragraph 106.

12          107.    The LG Entities admit that CRTs were being rapidly replaced by TFT-LCD,

13   plasma and other display technologies between 2000 and 2006.  Except as so admitted, the LG

14   Entities deny the remaining allegations contained in Paragraph 107.

15          108.    The LG Entities deny the allegations contained in Paragraph 108.

16          109.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

17   declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to

18   form a belief as to the truth of the allegations contained in Paragraph 109 and on that basis deny

19   those allegations.

20          110.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

21   declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to

22   form a belief as to the truth of the allegations contained in Paragraph 110 and on that basis deny

23   those allegations.

24          111.    To the extent that Paragraph 111 describes CRT technology generally, the LG

25   Entities admit the allegations of Paragraph 111 but also aver that the allegations do not describe

26   comprehensively and accurately all variants of CRT technology.  The LG Entities deny any

27   remaining allegations of Paragraph 111.

28          112.    The LG Entities deny the allegations contained in Paragraph 112.

113.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 113 and on that basis deny them.

114.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 114 and on that basis deny them.

115.    The LG Entities deny the allegations contained in Paragraph 115.

116.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 116 as they pertain to the LG Entities.

117.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 117 as they pertain to the LG Entities.

118.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 118 as they pertain to the LG Entities.

119.    The LG Entities deny the allegations contained in Paragraph 119.

120.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  The LG Entities further admit that some of the meetings at which such discussions occurred were sometimes referred to by some participants as "glass meetings."  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 120 as they pertain to the LG Entities.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

121.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 121 as they pertain to the LG Entities.

122.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 122 as they pertain to the LG Entities.

123.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 123 as they pertain to the LG Entities.

124.    The allegations of Paragraph 124 are directed to other defendants, and the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 124 and on that basis deny them.

125.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 125 as they pertain to the LG Entities.

126.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  The LG Entities further admit that some of the meetings at which such discussions occurred were held in conjunction with a golf outing.  Except as specifically admitted in the

1  foregoing, the LG Entities deny the allegations of Paragraph 126 as they pertain to the LG

2  Entities.

3      127.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

4  CRT business had discussions with other CRT manufacturers about prices and output for certain

5  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

6  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

7  allegations of Paragraph 127 as they pertain to the LG Entities.

8      128.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

9  CRT business had discussions with other CRT manufacturers about prices and output for certain

10  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

11  United States.  The LG Entities further admit that information was exchanged in advance of some

12  of the meetings at which such discussion occurred.  Except as specifically admitted in the

13  foregoing, the LG Entities deny the allegations of Paragraph 128 as they pertain to the LG

14  Entities.

15      129.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

16  CRT business had discussions with other CRT manufacturers about prices and output for certain

17  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

18  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

19  allegations of Paragraph 129 as they pertain to the LG Entities.

20      130.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

21  CRT business had discussions with other CRT manufacturers about prices and output for certain

22  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

23  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

24  allegations of Paragraph 130 as they pertain to the LG Entities.

25      131.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

26  CRT business had discussions with other CRT manufacturers about prices and output for certain

27  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

2  allegations of Paragraph 131 as they pertain to the LG Entities.

3          132.    The LG Entities deny the allegations of Paragraph 132.

4          133.    The LG Entities deny the allegations of Paragraph 133.

5          134.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

6  CRT business had discussions with other CRT manufacturers about prices and output for certain

7  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

8  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

9  allegations of Paragraph 134 as they pertain to the LG Entities.

10         135.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

11 CRT business had discussions with other CRT manufacturers about prices and output for certain

12 types and sizes of CRTs over specified periods of time in certain geographic regions other than the

13 United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

14 allegations of Paragraph 135 as they pertain to the LG Entities.

15         136.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

16 CRT business had discussions with other CRT manufacturers about prices and output for certain

17 types and sizes of CRTs over specified periods of time in certain geographic regions other than the

18 United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

19 allegations of Paragraph 136 as they pertain to the LG Entities.

20         137.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

21 CRT business had discussions with other CRT manufacturers about prices and output for certain

22 types and sizes of CRTs over specified periods of time in certain geographic regions other than the

23 United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

24 allegations of Paragraph 137 as they pertain to the LG Entities.

25         138.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

26 CRT business had discussions with other CRT manufacturers about prices and output for certain

27 types and sizes of CRTs over specified periods of time in certain geographic regions other than the

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

2   allegations of Paragraph 138 as they pertain to the LG Entities.

3        139.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

4   CRT business had discussions with other CRT manufacturers about prices and output for certain

5   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

6   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

7   allegations of Paragraph 139 as they pertain to the LG Entities.

8        140.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

9   CRT business had discussions with other CRT manufacturers about prices and output for certain

10  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

11  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

12  allegations of Paragraph 140 as they pertain to the LG Entities.

13       141.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14  truth of the allegations of Paragraph 141 and on that basis deny them.

15       142.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16  truth of the allegations of Paragraph 142 and on that basis deny them.

17       143.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18  truth of the allegations of Paragraph 143 and on that basis deny them.

19       144.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

20  CRT business had discussions with other CRT manufacturers about prices and output for certain

21  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

22  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

23  allegations of Paragraph 144.  The LG Entities specifically deny that any individual employed by

24  LGPD – an independent company – attended meetings, participated in discussions, or entered

25  agreements with competitors on behalf of or at the direction of the LG Entities or any of them.

26  The LG Entities also deny that any individual employed by LGPD was simultaneously employed

27  by or reported to LGEI.

28       145.    The LG Entities deny the allegations contained in Paragraph 145.

1          146.    The LG Entities lack information or knowledge sufficient to form a belief as to the
2    truth of the allegations of Paragraph 146 and on that basis deny them.

3          147.    The LG Entities lack information or knowledge sufficient to form a belief as to the
4    truth of the allegations of Paragraph 147 and on that basis deny them.

5          148.    The LG Entities lack information or knowledge sufficient to form a belief as to the
6    truth of the allegations of Paragraph 148 and on that basis deny them.

7          149.    The LG Entities lack information or knowledge sufficient to form a belief as to the
8    truth of the allegations of Paragraph 149 and on that basis deny them.

9          150.    The LG Entities lack information or knowledge sufficient to form a belief as to the
10   truth of the allegations of Paragraph 150 and on that basis deny them.

11         151.    The LG Entities lack information or knowledge sufficient to form a belief as to the
12   truth of the allegations of Paragraph 151 and on that basis deny them.

13         152.    The LG Entities lack information or knowledge sufficient to form a belief as to the
14   truth of the allegations of Paragraph 152 and on that basis deny them.

15         153.    The LG Entities lack information or knowledge sufficient to form a belief as to the
16   truth of the allegations of Paragraph 153 and on that basis deny them.

17         154.    The LG Entities lack information or knowledge sufficient to form a belief as to the
18   truth of the allegations of Paragraph 154 and on that basis deny them.

19         155.    The LG Entities lack information or knowledge sufficient to form a belief as to the
20   truth of the allegations of Paragraph 155 and on that basis deny them.

21         156.    The LG Entities lack information or knowledge sufficient to form a belief as to the
22   truth of the allegations of Paragraph 156 and on that basis deny them.

23         157.    The LG Entities lack information or knowledge sufficient to form a belief as to the
24   truth of the allegations of Paragraph 157 and on that basis deny them.

25         158.    The LG Entities lack information or knowledge sufficient to form a belief as to the
26   truth of the allegations of Paragraph 158 and on that basis deny them.

27         159.    The LG Entities lack information or knowledge sufficient to form a belief as to the
28   truth of the allegations of Paragraph 159 and on that basis deny them.

160.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 160 and on that basis deny them.

161.    To the extent that Paragraph 161 describes the use of terminology by Plaintiff in the FAC, no response is required.  The LG Entities deny the remaining allegations contained in Paragraph 161.

162.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 162 and on that basis deny them.

163.    To the extent that Paragraph 163 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 163 and on that basis deny them.

164.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 164 and on that basis deny them.

165.    To the extent that Paragraph 165 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations of Paragraph 165 as they pertain to the LG Entities.

166.    To the extent that Paragraph 166 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 166 and on that basis deny them.

167.    To the extent that Paragraph 167 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 167 and on that basis deny them.

168.    The LG Entities deny the allegations contained in Paragraph 168.

169.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 169 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1   170.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

2   declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to

3   form a belief as to the truth of the allegations contained in Paragraph 170 and on that basis deny

4   those allegations.  To the extent that Paragraph 170 purports to describe the contents of a

5   document, the document speaks for itself and no response is required.

6   171.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

7   declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

8   Paragraph 171.

9   172.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

10   declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

11   Paragraph 172.

12   173.    The LG Entities admit that the Antitrust Division of the United States Department

13   of Justice commenced an investigation related to CRTs.  Except as specifically admitted in the

14   foregoing, the LG Entities deny any remaining allegations contained in Paragraph 173.

15   174.    The LG Entities admit that the European Commission and Japan and South Korea's

16   Fair Trade Commissions opened investigations related to CRTs.  Except as specifically admitted

17   in the foregoing, the LG Entities deny any remaining allegations contained in Paragraph 174.

18   175.    To the extent that Paragraph 175 purports to describe the contents of a document,

19   the LG Entities respond that the document speaks for itself and no response is required.  To the

20   extent that a response is deemed necessary, the LG Entities lack information or knowledge

21   sufficient to form a belief as to the truth of the allegations of Paragraph 175 and on that basis deny

22   them.

23   176.    To the extent that Paragraph 176 purports to describe the contents of a document,

24   the LG Entities respond that the document speaks for itself and no response is required.  To the

25   extent that a response is deemed necessary, the LG Entities lack information or knowledge

26   sufficient to form a belief as to the truth of the allegations of Paragraph 176 and on that basis deny

27   them.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

177.     To the extent that Paragraph 177 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 177 and on that basis deny them.

178.     To the extent that Paragraph 178 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 178 and on that basis deny them.

179.     To the extent that Paragraph 179 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 179 and on that basis deny them.

180.     To the extent that Paragraph 180 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 180 and on that basis deny them.

181.     To the extent that Paragraph 181 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 181 and on that basis deny them.

182.     To the extent that Paragraph 182 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge

1  sufficient to form a belief as to the truth of the allegations of Paragraph 182 and on that basis deny

2  them.

3        183.    To the extent that Paragraph 183 purports to describe the contents of a document,

4  the LG Entities respond that the document speaks for itself and no response is required.  To the

5  extent that a response is deemed necessary, the LG Entities lack information or knowledge

6  sufficient to form a belief as to the truth of the allegations of Paragraph 183 and on that basis deny

7  them.

8        184.    The LG Entities admit that the European Commission imposed fines in the amount

9  stated against the companies listed.  Except as specifically admitted in the foregoing, the LG

10  Entities deny any remaining allegations contained in Paragraph 184.

11        185.    The LG Entities lack information or knowledge sufficient to form a belief as to the

12  truth of the allegations of Paragraph 185 and on that basis deny them.

13        186.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14  truth of the allegations of Paragraph 186 and on that basis deny them.

15        187.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16  truth of the allegations of Paragraph 187 and on that basis deny them.

17        188.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18  truth of the allegations of Paragraph 188 and on that basis deny them.

19        189.    To the extent that Paragraph 189 purports to describe the contents of a document,

20  the LG Entities respond that the document speaks for itself and no response is required.  To the

21  extent that a response is deemed necessary, the LG Entities lack information or knowledge

22  sufficient to form a belief as to the truth of the allegations of Paragraph 189 and on that basis deny

23  them.

24        190.    To the extent that Paragraph 190 purports to describe the contents of a document,

25  the LG Entities respond that the document speaks for itself and no response is required.  To the

26  extent that a response is deemed necessary, the LG Entities lack information or knowledge

27  sufficient to form a belief as to the truth of the allegations of Paragraph 190 and on that basis deny

28  them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

191.    To the extent that Paragraph 191 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 191 and on that basis deny them.

192.    To the extent that Paragraph 192 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 192 and on that basis deny them.

193.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 193 and on that basis deny them.

194.    The LG Entities admit that LGEI was a member of Korean Display Equipment Material Industry Association and Electronic Display Industrial Research Association of Korea, and has participated in the Korea Display Conference.  Except as specifically admitted in the foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 194 and on that basis deny them.

195.    The LG Entities admit that LGEI was a member of Korean Display Equipment Material Industry Association and Electronic Display Industrial Research Association of Korea, and has participated in the Korea Display Conference.  Except as specifically admitted in the foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 195.

196.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 196 and on that basis deny them.

197.    The LG Entities deny the allegations of Paragraph 197.

198.    The LG Entities deny the allegations of Paragraph 198.

199.    To the extent that Paragraph 199 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the

extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 199 and on that basis deny them.

200.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 200 and on that basis deny them.

201.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 201 and on that basis deny them.

202.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 202 and on that basis deny them.

203.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 203 and on that basis deny them.

204.    To the extent that Paragraph 204 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 204 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 204.

205.    Paragraph 205 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 205 and on that basis deny them.

206.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 206 and on that basis deny them.

207.    To the extent that Paragraph 207 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 207 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 207.

208.    To the extent that Paragraph 208 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 208 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 208.

209.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 209 and on that basis deny them.

210.    To the extent that Paragraph 210 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 210 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 210.

211.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 211 and on that basis deny them.

212.    The LG Entities deny the allegations contained in Paragraph 212.

213.    The LG Entities deny the allegations contained in Paragraph 213.

214.    The LG Entities deny the allegations contained in Paragraph 214.

215.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 215 and that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 215.

216.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 216 and on that basis deny them.

217.    To the extent that Paragraph 217 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 217 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 217.

218.    The LG Entities deny the allegations contained in Paragraph 218.

219.    The LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 219 and on that basis deny those allegations.  The LG Entities deny the remaining allegations contained in Paragraph 219.

220.    The LG Entities deny the allegations contained in Paragraph 220.

221.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 221 concerning Plaintiff's knowledge and on that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 221.

222.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 222 concerning Plaintiff's knowledge and on that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 222.

223.    The LG Entities deny the allegations contained in Paragraph 223.

224.    The LG Entities deny the allegations contained in Paragraph 224.

225.    The LG Entities deny the allegations contained in Paragraph 225.

226.    The LG Entities deny the allegations contained in Paragraph 226.

227.    The LG Entities deny the allegations contained in Paragraph 227.

228.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 228.

229.    The LG Entities deny the allegations contained in Paragraph 229.

230.    To the extent that Paragraph 230 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 230 and on that basis deny them.

231.    The LG Entities deny the allegations contained in Paragraph 231.

232.    The LG Entities deny the allegations contained in Paragraph 232.

233.    Paragraph 233 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

234. The LG Entities admit that the Antitrust Division of the United States Department of Justice commenced an investigation related to CRTs.  The second sentence of Paragraph 234 consists of legal conclusions to which no response is required.  Except as specifically admitted in the foregoing, and to the extent that a response is deemed necessary, the LG Entities deny the allegations.

235. To the extent that Paragraph 235 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that Paragraph 235 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 235 and on that basis deny them.

236. Paragraph 236 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

237. The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

238. The LG Entities deny the allegations contained in Paragraph 238.

239. The LG Entities deny the allegations contained in Paragraph 239.

240. The LG Entities deny the allegations contained in Paragraph 240.

241. The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 241 as they pertain to the LG Entities.

242. The LG Entities deny the allegations contained in Paragraph 242.

243. The LG Entities deny the allegations contained in Paragraph 243.

244. The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

245. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 245 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1       246.    To the extent that Paragraph 246 consists of legal conclusions, no response is

2   required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations

3   contained in Paragraph 246.

4       247.    The LG Entities lack information or knowledge sufficient to form a belief as to the

5   truth of the allegations of Paragraph 247 concerning Plaintiff's activities in Florida and on that

6   basis deny them.  To the extent that Paragraph 247 consists of legal conclusions, no response is

7   required.

8       248.    The LG Entities deny the allegations contained in Paragraph 248.

9       249.    Paragraph 249 consists of legal conclusions to which no response is required.  To

10  the extent that a response is deemed necessary, the LG Entities deny the allegations.

11      250.    The LG Entities deny the allegations contained in Paragraph 250.

12      251.    The LG Entities deny the allegations contained in Paragraph 251.

13      252.    The LG Entities hereby incorporate by reference its answers to each and every

14  allegation set forth in the preceding paragraphs.

15      253.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16  truth of the allegations of Paragraph 253 concerning Plaintiff's activities in California and on that

17  basis deny them.  To the extent that Paragraph 253 consists of legal conclusions, no response is

18  required.

19      254.    The LG Entities lack information or knowledge sufficient to form a belief as to the

20  truth of the allegations of Paragraph 254 and on that basis deny them.

21      255.    To the extent that Paragraph 255 consists of legal conclusions, no response is

22  required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations

23  contained in Paragraph 255.

24      256.    To the extent that Paragraph 256 consists of legal conclusions, no response is

25  required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations

26  contained in Paragraph 256.

27      257.    The LG Entities deny the allegations contained in Paragraph 257.

28      258.    The LG Entities deny the allegations contained in Paragraph 258.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

259.     The LG Entities deny the allegations contained in Paragraph 259.

260.     The LG Entities deny the allegations contained in Paragraph 260.

261.     The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

262.     To the extent that Paragraph 262 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 262.

263.     Paragraph 263 characterizes Plaintiff's claims in the FAC and no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 263 and specifically deny that Plaintiff is entitled to any relief.

264.     The LG Entities deny the allegations contained in Paragraph 264.

265.     To the extent that Paragraph 265 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 265.

266.     To the extent that Paragraph 266 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 266.

267.     To the extent that Paragraph 267 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 267.

268.     The LG Entities deny the allegations contained in Paragraph 268.

## RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND

The paragraphs of the FAC following the header "Prayer for Relief" and "Jury Trial Demanded" do not require a response.  To the extent that those paragraphs require a response, the LG Entities deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

Without conceding that it bears the burden of proof as to any of these defenses, the LG Entities allege the following affirmative defenses to the allegations set forth in the FAC:

### FIRST DEFENSE

The FAC fails to state a claim upon which relief can be granted because Plaintiff's claims are ambiguous, vague, and/or unintelligible; because Plaintiff has failed to alleged fraud or fraudulent concealment with sufficient particularity; and/or because Plaintiff has failed to allege conspiracy with sufficient particularity.  The LG Entities aver that Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit the LG Entities to ascertain all defenses that may exist.

### SECOND DEFENSE

The claims set forth in the FAC are barred by the statute of limitations.

### THIRD DEFENSE

Without conceding the existence of any conspiracy, Plaintiff's claims are barred because the LG Entities effectively withdrew from any alleged conspiracy.

### FOURTH DEFENSE

The conduct alleged by Plaintiff in the FAC to form the basis of certain of Plaintiff's claims has not had a direct, substantial, and reasonably foreseeable effect on trade or commerce with the United States.  The Court therefore lacks subject matter jurisdiction.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they are based upon foreign sales by defendants, because Plaintiff has failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a and/or *Hartford Fire Ins. Co. v. California*, 509 U.S. 764 (1993).

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that it did not purchase CRTs directly from defendants, because they are indirect purchasers and barred from maintaining an action for alleged injuries in that capacity.

SEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff lacks standing to sue for the injuries alleged in the FAC.

EIGHTH DEFENSE

Plaintiff is barred from recovery of any damages because of, and to the extent of, its failure to mitigate damages, or alternatively any claimed injury or damage has been offset by benefits received by Plaintiff with respect to the challenged conduct.

NINTH DEFENSE

Plaintiff's claims for damages are barred because Plaintiff has suffered no injury or damages as a result of the matters alleged in the FAC, or alternatively, because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

TENTH DEFENSE

Any injuries or damages Plaintiff may have suffered were not caused, either actually or proximately, by the acts and omissions of the LG Entities.

ELEVENTH DEFENSE

Any injuries or damages Plaintiff may have suffered were caused solely and proximately by the acts and omissions of others.  The acts of others constitute intervening or superseding causes of harm, if any, suffered by Plaintiff.

TWELFTH DEFENSE

Plaintiff's claims are barred to the extent injuries alleged in the FAC, which the LG Entities deny, were contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than the LG Entities.

THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to the LG Entities.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1

## FOURTEENTH DEFENSE

2     Plaintiff's claims are barred because Plaintiff has not suffered actual, cognizable injury of

3 the type antitrust laws are intended to remedy.

4

## FIFTEENTH DEFENSE

5     To the extent that any actionable conduct occurred, Plaintiff's claims against the LG

6 Entities are barred because all such conduct would have been committed by individuals acting

7 ultra vires.

8

## SIXTEENTH DEFENSE

9     Plaintiff's claims against the LG Entities are barred to the extent that Plaintiff has agreed to

10 arbitration or chosen a different forum for the resolution of their claims.

11

## SEVENTEENTH DEFENSE

12     Plaintiff's claims are barred, in whole or in part, because the remedies sought are

13 unconstitutional, contrary to public policy, or are otherwise unauthorized.

14

## EIGHTEENTH DEFENSE

15     Plaintiff's claims are barred, in whole or in part, for failure to join indispensable parties.

16

## NINETEENTH DEFENSE

17     Without admitting that Plaintiff is entitled to recover damages in this matter, the LG

18 Entities are entitled to set off from any recovery Plaintiff may obtain against them by any other

19 Defendants who have settled, or do settle, Plaintiff's claims in this matter.

20

## TWENTIETH DEFENSE

21     The LG Entities are separate and autonomous companies from LPD, and thus are not liable

22 for Plaintiff's damages resulting from LPD's actions.

23

## TWENTY-FIRST DEFENSE

24     Any award of treble damages would violate the Excessive Fines and Due Process Clauses

25 of the United States Constitution and equivalent clauses in the state constitution.

26

27

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

## RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES

The LG Entities adopt by reference any additional applicable defenses pleaded by any other Defendant in this action.  The LG Entities have not knowingly or intentionally waived any applicable defenses and explicitly reserve the right to assert any additional defenses and affirmative defenses as this action proceeds.  The LG Entities further reserve the right to amend its Answer and/or defenses accordingly, and/or to delete defenses that it determines are not applicable as this action proceeds.  The LG Entities further reserve the right to assert affirmative defenses that are unique to one or a subset of the claims asserted under the state law at issue in this action.

WHEREFORE, the LG Entities pray as follows:

1.      That the Plaintiff takes nothing by way of the FAC, and the action be dismissed with prejudice;

2.      That judgment be entered in favor of the LG Entities and against Plaintiff with respect to all causes of action in the FAC;

3.      That the Court award the LG Entities its attorneys' fees and all other costs reasonably incurred in defense of this action; and

4.      That the Court award such other relief as it may deem just and proper.

DATED:  November 4, 2013                    MUNGER, TOLLES & OLSON LLP
                                            WILLIAM D. TEMKO
                                            HOJOON HWANG
                                            BETHANY W. KRISTOVICH
                                            LAURA K. SULLIVAN


                                            By:      _/s/ Hojoon Hwang_
                                                     HOJOON HWANG
                                            Attorneys for LG ELECTRONICS, INC., LG
                                            ELECRONICS USA, INC., AND LG ELECTRONICS
                                            TAIWAN TAIPEI CO., LTD

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1

## PROOF OF SERVICE

2

I, Angela Balestrieri, the undersigned, declare that I am over the age of 18 and not

3 a party to the within cause. I am employed by Munger, Tolles & Olson LLP in the County of San

4 Francisco, State of California. My business address is 560 Mission Street, Twenty-Seventh

5 Floor, San Francisco, California 94105-2907.

6

On November 4, 2013, I served upon the interested parties in this action the

7 following document, a copy of which is attached to this Proof of Service:

8

## ANSWER OF LG ELECTRONICS, INC. AND LG ELECTRONICS USA,
INC. TO FIRST AMENDED COMPLAINT BY OFFICE DEPOT, INC.

9

10 ☒  By placing ☐ the original(s) ☒ a true and correct copy via electronic Notice through ECF
and/or, as set out below, in an addressed, sealed envelope(s) clearly labeled to identify the
11 person(s) being served at the address(es) set forth on the attached service list.

12 ☒  **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such
envelope(s) to be placed in interoffice mail for collection and deposit in the United States
13 Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on
that same date, following ordinary business practices. I am familiar with Munger, Tolles
14 & Olson LLP's practice for collection and processing correspondence for mailing with the
United States Postal Service; in the ordinary course of business, correspondence placed in
15 interoffice mail is deposited with the United States Postal Service with first class postage
thereon fully prepaid on the same day it is placed for collection and mailing.

16

17 ☒  **TO BE SERVED ELECTRONICALLY VIA ECF THROUGH THE COURT'S
NOTIFICATION SYSTEM.**

18 ☒  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.

19

20

Executed on November 4, 2013, at San Francisco, California.

21

I declare under penalty of perjury that the foregoing is true and correct. Executed

22 on November 4, 2013, at San Francisco, California.

23

24

25                                                          Angela Balestrieri

26

27

28

22012232.1

1        **PROOF OF SERVICE BY MAIL**

2             Case No.:  3:07-CV-05944-SC

3                   SERVICE LIST

4     Charles H. Johnson
      Charles H Johnson & Associates PA

5     2599 Mississippi Street
      New Brighton, MN 55113

6
      Clinton Paul Walker
7     Damrell, Nelson, Schrimp, Pallios, Pache & Silva
      1601 "I" Street
8     Fifth Floor
      Modesto, CA 95354
9

10    Donna F. Solen
      Mason Law Firm-Washington
11    1225 19th Street, NW, Suite 500
      Washington, DC 20036
12

13    Gregory D. Hull
      Weil, Gotshal & Manges LLP
14    201 Redwood Shores Parkway
      Redwood Shores, CA 94065
15

16    Issac L. Diel
      Sharp McQueen
17    6900 College Boulevard, Suite 285
      Overland Park, KS 66211
18

19    Jean B. Roth
      Mansfield Tanick & Cohen
20    1700 U.S. Bank Plaza South
      220 South Sixth Street
21    Minneapolis, MN 55402-4511

22    John G. Emerson
      Emerson Poynter LLP
23    830 Apollo Lane
      Houston, TX 77058
24

25    John Gressette Felder , Jr
      McGowan Hood Felder and Johnson
26    1405 Calhoun Street
      Columbia, SC 29201
27

28

22012232.1

1    Katherine Hamilton Wheaton
     300 North LaSalle Street
2    Chicago, IL 60654

3
     Krishna B. Narine
4    Schiffrin & Barroway, LLP
     Three Bala Plaza East
5    Suite 400
     Bala Cynwyd, PA 19004
6

7    Lawrence D. McCabe
     Murray Frank & Sailer LLP
8    275 Madison Avenue
     New York, NY 10016
9

10   Lawrence P. Schaefer
     Mansfield Tanick & Cohen
11   1700 U.S. Bank Plaza South
     220 South Sixth Street
12   Minneapolis, MN 55402-4511

13
     Lewis Titus LeClair
14   McKool Smith
     300 Crescent Ct #1500
15   Dallas, TX 75201

16   Lori A. Fanning
     Miller Law LLC
17   115 South LaSalle Street, Suite 2910
     Chicago, IL 60603
18

19   Mark Reinhardt
     Reinhardt Wendorf & Blanchfield
20   East 1000 First National Bank Building
     322 Minnesota Street
21   St. Paul, MN 55101

22
     Martin E. Grossman
23   Law Offices of Martin E. Grossman
     2121 Green Brier Drive
24   Villanova, PA 19085

25
     Matthew E. Van Tine
26   Miller Law LLC
     115 South LaSalle Street, Suite 2910
27   Chicago, IL 60603

28
                              - 2 -

22012232.1

1   Melissa Willett
    Boies, Schiller & Flexner
2   5301 Wisconsin Ave. NW
3   Suite 800
    Washington, DC 20015
4
    Mike McKool , Jr
5   McKool Smith, P.C.
    300 Crescent Court Ste 1500
6   Dallas, TX 75201
7
    Neal A Eisenbraun
8   Neal A Eisenbraun, Chartered
    2599 Mississippi Street
9   New Brighton, MN 55113
10
    Niki B. Okcu
11  AT&T Services, Inc. Legal Dept.
    525 Market Street, 20th Floor
12  San Francisco, CA 94105
13
    Patricia A. Conners
14  Attorney General's Office
    Department of Legal Affairs
15  Antitrust Section
    PL-01 The Capitol
16  Tallahassee, FL 32399-1050
17
    Paul F Novak
18  Milberg LLP
    One Kennedy Square
19  777 Woodward Avenue, Suite 890
    Detroit, MI 48226
20
    Richard M. Hagstrom
21  Zelle Hofmann Voelbel Mason & Gette LLP
22  500 Washington Avenue South, Suite 4000
    Minneapolis, MN 55415
23
    Robert B. Gerard
24  Gerard Selden & Osuch
    1516 Front Street
25  San Diego, CA 92101
26
27
28
                                    - 3 -
22012232.1

1  Roger Martin Schrimp
2  Damrell Nelson Schrimp Pallios Pacher & Silva
   1601 I Street 5th Floor
3  Modesto, CA 95354

4  Samuel J. Sharp
   701 13th Street NW
5  Washington, DC 20005

6  Steven A. Reiss
7  Weil Gotshal & Manges LLP
   767 Fifth Avenue
8  New York, NY 10153-0119

9  Traviss Levine Galloway
   Zelle Hofmann Voelbel Mason & Gette
10 44 Montgomery St #3400
   San Francisco, CA 94104
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -