1  WILLIAM D. TEMKO (State Bar No. 98858)
   william.temko@mto.com
2  BETHANY W. KRISTOVICH (State Bar No. 241891)
   Bethany.Kristovich@mto.com
3  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
4  Thirty-Fifth Floor
   Los Angeles, CA 90071-1560
5  Telephone:     (213) 683-9100
   Facsimile:      (213) 687-3702
6
   HOJOON HWANG (State Bar No. 184950)
7  hojoon.hwang@mto.com
   LAURA K. SULLIVAN (State Bar No. 281542)
8  Laura.Sullivan@mto.com
   MUNGER, TOLLES & OLSON LLP
9  560 Mission Street
   Twenty-Seventh Floor
10 San Francisco, California 94105-2907
   Telephone:     (415) 512-4000
11 Facsimile:      (415) 512-4077

12 Attorneys for LG ELECTRONICS, INC., LG
   ELECRONICS USA, INC., AND LG
13 ELECTRONICS TAIWAN TAIPEI CO., LTD

14                  UNITED STATES DISTRICT COURT

15    NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

16

17
   SCHULTZE AGENCY SERVICES, LLC on        Case No. Master File No. 3:07-cv-05944-SC
18 behalf of TWEETER OPCO, LLC and
   TWEETER NEWCO, LLC,                     MDL NO. 1917
19
                Plaintiff,                 Individual Case no. 11-cv-02649
20
          vs.                             **ANSWER OF LG ELECTRONICS, INC.
21                                        AND LG ELECTRONICS USA, INC. TO
   HITACHI, LTD.; HITACHI DISPLAYS,       FIRST AMENDED COMPLAINT BY
22 LTD.; HITACHI AMERICA, LTD.;           SCHULTZE AGENCY SERVICES, LLC
   HITACHI ASIA, LTD.; HITACHI            ON BEHALF OF TWEETER OPCO, LLC
23 ELECTRONIC DEVICES (USA), INC.;        AND TWEETER NEWCO, LLC**
   SHENZHEN SEG HITACHI COLOR
24 DISPLAY DEVICES, LTD.; IRICO GROUP
   CORPORATION; IRICO GROUP
25 ELECTRONICS CO., LTD.; IRICO
   DISPLAY DEVICES CO., LTD.; LG
26 ELECTRONICS, INC.; LG ELECTRONICS
   USA, INC.; LP DISPLAYS
27 INTERNATIONAL LTD.; PANASONIC
   CORPORATION; PANASONIC
28 CORPORATION OF NORTH AMERICA;

MT PICTURE DISPLAY CO., LTD.;
BEIJING MATSUSHITA COLOR CRT CO.,
LTD.; KONINKLIJKE PHILIPS
ELECTRONICS N.V.; PHILIPS
ELECTRONICS NORTH AMERICA
CORPORATION; PHILIPS ELECTRONICS
INDUSTRIES (TAIWAN), LTD.; PHILIPS
DA AMAZONIA INDUSTRIA
ELECTRONICA LTDA.; SAMSUNG SDI
CO., LTD.; SAMSUNG SDI AMERICA,
INC.; SAMSUNG SDI MEXICO S.A. DE
C.V.; SAMSUNG SDI BRASIL LTDA.;
SHENZHEN SAMSUNG SDI CO., LTD.;
TIANJIN SAMSUNG SDI CO., LTD.;
SAMSUNG SDI (MALAYSIA) SDN. BHD.;
SAMTEL COLOR LTD.; THAI CRT CO.,
LTD.; TOSHIBA CORPORATION;
TOSHIBA AMERICA, INC.; TOSHIBA
AMERICA CONSUMER PRODUCTS,
LLC; TOSHIBA AMERICA ELECTRONIC
COMPONENTS, INC.; TOSHIBA
AMERICA INFORMATION SYSTEMS,
INC.; CHUNGHWA PICTURE TUBES,
LTD.; CHUNGHWA PICTURE TUBES
(MALAYSIA),

                    Defendants.

21976715.1

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

Defendants LG ELECTRONICS, INC., and LG ELECTRONICS USA, INC. (the "LG Entities"), through undersigned counsel, hereby answer the allegations contained in the First Amended Complaint by Plaintiff Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC ("Tweeter" or "Plaintiff") ("FAC").  Except as otherwise stated below, the LG Entities are without sufficient knowledge or information to form a belief concerning the truth of the allegations in the FAC that are directed toward other defendants.  The LG Entities' response to the allegations below are therefore limited to the truth or falsity of the allegations as they pertain to the LG Entities only.  The LG Entities deny all allegations in the FAC (including headings and captions) not specifically admitted in this Answer.

1.      The LG Entities deny the allegations contained in Paragraph 1.

2.      The LG Entities admit that during the Relevant Period, LG Electronics, Inc. manufactured CPTs, CDTs, and CRT Products, as the terms are defined in this Paragraph.  The LG Entities object to Plaintiff's definition of "CRT Products," because this definition includes products at different levels of the production chain and creates confusion in attempting to respond to the allegations of the FAC, given that certain companies, including LG Electronics, Inc. ("LGEI"), do not manufacture and sell cathode ray tubes, while other defendants (including LG Electronics USA, Inc. ("LGEUSA")) do not manufacture either cathode ray tubes or finished products (such as televisions or computer monitors).

3.      The LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and on that basis deny those allegations.

4.      The LG Entities admit that during the Relevant Period, the business of manufacturing and selling CRTs was under significant pressure due to changes in technologies and customer preference, among other factors.  The LG Entities deny the remaining allegations contained in Paragraph 4.

5.      The LG Entities deny the allegations contained in Paragraph 5.

6.      The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the

United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 6 as they pertain to the LG Entities.

7.     The LG Entities deny the allegations contained in Paragraph 7.

8.     Paragraph 8 recites actions of various governmental agencies that are matters of public record and no response is required.

9.     The LG Entities lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis deny them.

10.    Paragraph 10 characterizes Plaintiff's claims in the FAC and no response is required.

11.    Paragraph 11 characterizes Plaintiff's claims in the FAC and no response is required.

12.    The LG Entities admit that the Court has subject matter jurisdiction over Plaintiff's federal antitrust claims, if any, that satisfy the requirements of the Foreign Trade and Antitrust Improvement Act ("FTAIA").  The remainder of Paragraph 12 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

13.    The LG Entities deny the allegations contained in Paragraph 13.

14.    Paragraph 14 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

15.    Paragraph 15 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

16.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis deny them.

17.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis deny them.

18.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

19.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19 and on that basis deny them.

20.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20 and on that basis deny them.

21.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 21 and on that basis deny them.

22.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 22 and on that basis deny them.

23.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 23 and on that basis deny them.

24.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 24 and on that basis deny them.

25.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 25 and on that basis deny them.

26.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 26 and on that basis deny them.

27.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 27 and on that basis deny them.

28.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 28 and on that basis deny them.

29.     Paragraph 29 describes the terminology used in the FAC and no response is required.

30.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 30 and on that basis deny them.

31.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 31 and on that basis deny them.

32.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 32 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

33.     Paragraph 33 describes the terminology used in the FAC and no response is required.

34.     The LG Entities admit that LGEI is a corporate entity organized under the laws of the Republic of Korea, and further admits the location of its headquarters as alleged in Paragraph 34.  LGEI admits that before July 2001, it spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays."  Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 34.

35.     The LG Entities admit that LGEUSA is a Delaware corporation which is a wholly-owned subsidiary of LGEI and engaged in the marketing and sale of certain CRT Products during the Relevant Period, and the location of its headquarters as alleged in Paragraph 35.  Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 35.

36.     Paragraph 36 describes the terminology used in the FAC and no response is required.

37.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays" and that LGEI's interest in LP Displays was transferred to various third-parties in the course of LP Displays' bankruptcy proceeding.  The remainder of the allegations of Paragraph 37 are not directed at the LG Entities and therefore no response is required.  To the extent that a response is required, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 and on that basis deny them.

38.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 38 and on that basis deny them.

39. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 39 and on that basis deny them.

40. Paragraph 40 describes the terminology used in the FAC and no response is required.

41. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 41 and on that basis deny them.

42. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 42 and on that basis deny them.

43. The LG Entities admit that the new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips"). Except as so admitted, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 43 and on that basis deny them.

44. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 44 and on that basis deny them.

45. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 45 and on that basis deny them.

46. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 46 and on that basis deny them.

47. Paragraph 47 describes the terminology used in the FAC and no response is required.

48. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 48 and on that basis deny them.

49. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 49 and on that basis deny them.

50. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 50 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1     51.     The LG Entities lack information or knowledge sufficient to form a belief as to the

2     truth of the allegations of Paragraph 51 and on that basis deny them.

3     52.     The LG Entities lack information or knowledge sufficient to form a belief as to the

4     truth of the allegations of Paragraph 52 and on that basis deny them.

5     53.     The LG Entities lack information or knowledge sufficient to form a belief as to the

6     truth of the allegations of Paragraph 53 and on that basis deny them.

7     54.     The LG Entities lack information or knowledge sufficient to form a belief as to the

8     truth of the allegations of Paragraph 54 and on that basis deny them.

9     55.     Paragraph 55 describes the terminology used in the FAC and no response is

10    required.

11    56.     The LG Entities lack information or knowledge sufficient to form a belief as to the

12    truth of the allegations of Paragraph 56 and on that basis deny them.

13    57.     The LG Entities lack information or knowledge sufficient to form a belief as to the

14    truth of the allegations of Paragraph 57 and on that basis deny them.

15    58.     The LG Entities lack information or knowledge sufficient to form a belief as to the

16    truth of the allegations of Paragraph 58 and on that basis deny them.

17    59.     The LG Entities lack information or knowledge sufficient to form a belief as to the

18    truth of the allegations of Paragraph 59 and on that basis deny them.

19    60.     The LG Entities lack information or knowledge sufficient to form a belief as to the

20    truth of the allegations of Paragraph 60 and on that basis deny them.

21    61.     The LG Entities lack information or knowledge sufficient to form a belief as to the

22    truth of the allegations of Paragraph 61 and on that basis deny them.

23    62.     The LG Entities lack information or knowledge sufficient to form a belief as to the

24    truth of the allegations of Paragraph 62 and on that basis deny them.

25    63.     Paragraph 63 describes the terminology used in the FAC and no response is

26    required.

27    64.     The LG Entities lack information or knowledge sufficient to form a belief as to the

28    truth of the allegations of Paragraph 64 and on that basis deny them.

65.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 65 and on that basis deny them.

66.     Paragraph 66 describes the terminology used in the FAC and no response is required.

67.     The LG Entities deny the allegations contained in Paragraph 67.

68.     The LG Entities deny the allegations contained in Paragraph 68.

69.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 69 and on that basis deny them.

70.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 70 and on that basis deny them.

71.     Paragraph 71 describes the terminology used in the FAC and no response is required.

72.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 72 and on that basis deny them.

73.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 73 and on that basis deny them.

74.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 74 and on that basis deny them.

75.     The LG Entities deny the allegations contained in Paragraph 75.

76.     The LG Entities deny the allegations contained in Paragraph 76.

77.     The LG Entities deny the allegations contained in Paragraph 77.

78.     Paragraph 78 contains only legal conclusions to which no response is required.  To the extent that a response is required, the LG Entities deny the allegations.

79.     To the extent that Paragraph 79 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 79 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 79.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

80.     To the extent that Paragraph 80 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 80 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 80.

81.     To the extent that Paragraph 81 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 81 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 81.

82.     To the extent that Paragraph 82 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 82 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 82.

83.     To the extent that Paragraph 83 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 83 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 83.

84.     To the extent that Paragraph 84 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 84 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 84.

85.     The LG Entities deny the allegations of Paragraph 85.

86.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 86 and on that basis deny them.

87.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 87 and on that basis deny them.

88.     The LG Entities deny the allegations of Paragraph 88.

89.     The LG Entities deny the allegations of Paragraph 89.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

90.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 90 and on that basis deny them.

91.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 91 as they pertain to the LG Entities.

92.     The LG Entities admit that LGEI was a member of the Korea Display Industry Association.  To the extent that the remaining allegations contained in Paragraph 92 are directed to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and on that basis deny those allegations. To the extent that the remaining allegations contained in Paragraph 92 are directed to the LG Entities, they are denied.

93.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V. (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring and was renamed "LP Displays." To the extent that the remaining allegations contained in Paragraph 93 are directed to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and on that basis deny those allegations. To the extent that the remaining allegations contained in Paragraph 93 are directed to the LG Entities, they are denied.

94.     The LG Entities deny the allegations contained in Paragraph 94.

95.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

(sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring and was renamed "LP Displays."  The LG Entities further admit that Hitachi, Ltd. and LGEI formed a joint venture in 2000 for the development, design and marketing of optical disk drives.  The LG Entities further admit that in 1999, LGEI entered into a joint venture agreement with Koninklijke Philips Electronics N.V. with respect to the manufacture, sale, and marketing of TFT-LCD panels.  To the extent that the remaining allegations contained in Paragraph 95 are directed to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and on that basis deny those allegations. To the extent that the remaining allegations contained in Paragraph 95 are directed to the LG Entities, they are denied.

96.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 96.

97.     The LG Entities deny the allegations contained in Paragraph 97.

98.     The LG Entities deny the allegations contained in Paragraph 98.

99.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 99.

100.     The LG Entities admit that CRTs were being rapidly replaced by TFT-LCD, plasma and other display technologies between 2000 and 2006.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 100.

101.     The LG Entities deny the allegations contained in Paragraph 101.

102.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and on that basis deny those allegations.

103.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 103 and on that basis deny those allegations.

104.    To the extent that Paragraph 104 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 104 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 104.

105.    The LG Entities deny the allegations contained in Paragraph 105.

106.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 106 and on that basis deny them.

107.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 107 and on that basis deny them.

108.    The LG Entities deny the allegations contained in Paragraph 108.

109.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 109 as they pertain to the LG Entities.

110.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 110 as they pertain to the LG Entities.

111.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 111 as they pertain to the LG Entities.

112.    The LG Entities deny the allegations contained in Paragraph 112.

113.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  The LG Entities further admit that some of the meetings at which such discussions occurred were sometimes referred to by some participants as "glass meetings."  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 113 as they pertain to the LG Entities.

114.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 114 as they pertain to the LG Entities.

115.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 115 as they pertain to the LG Entities.

116.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 116 as they pertain to the LG Entities.

117.    The allegations of Paragraph 117 are directed to other defendants, and the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 117 and on that basis deny them.

118.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

2    allegations of Paragraph 118 as they pertain to the LG Entities.

3          119.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

4    CRT business had discussions with other CRT manufacturers about prices and output for certain

5    types and sizes of CRTs over specified periods of time in certain geographic regions other than the

6    United States.  The LG Entities further admit that some of the meetings at which such discussions

7    occurred were held in conjunction with a golf outing.  Except as specifically admitted in the

8    foregoing, the LG Entities deny the allegations of Paragraph 119 as they pertain to the LG

9    Entities.

10         120.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

11   CRT business had discussions with other CRT manufacturers about prices and output for certain

12   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

13   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

14   allegations of Paragraph 120 as they pertain to the LG Entities.

15         121.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

16   CRT business had discussions with other CRT manufacturers about prices and output for certain

17   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

18   United States.  The LG Entities further admit that information was exchanged in advance of some

19   of the meetings at which such discussion occurred.  Except as specifically admitted in the

20   foregoing, the LG Entities deny the allegations of Paragraph 121 as they pertain to the LG

21   Entities.

22         122.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

23   CRT business had discussions with other CRT manufacturers about prices and output for certain

24   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

25   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

26   allegations of Paragraph 122 as they pertain to the LG Entities.

27         123.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

28   CRT business had discussions with other CRT manufacturers about prices and output for certain

1   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

2   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

3   allegations of Paragraph 123 as they pertain to the LG Entities.

4           124.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

5   CRT business had discussions with other CRT manufacturers about prices and output for certain

6   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

7   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

8   allegations of Paragraph 124 as they pertain to the LG Entities.

9           125.    The LG Entities deny the allegations of Paragraph 125.

10          126.    The LG Entities deny the allegations of Paragraph 126.

11          127.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

12   CRT business had discussions with other CRT manufacturers about prices and output for certain

13   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

14   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

15   allegations of Paragraph 127 as they pertain to the LG Entities.

16          128.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

17   CRT business had discussions with other CRT manufacturers about prices and output for certain

18   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

19   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

20   allegations of Paragraph 128 as they pertain to the LG Entities.

21          129.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

22   CRT business had discussions with other CRT manufacturers about prices and output for certain

23   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

24   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

25   allegations of Paragraph 129 as they pertain to the LG Entities.

26          130.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

27   CRT business had discussions with other CRT manufacturers about prices and output for certain

28   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

1  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the
2  allegations of Paragraph 130 as they pertain to the LG Entities.

3      131.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former
4  CRT business had discussions with other CRT manufacturers about prices and output for certain
5  types and sizes of CRTs over specified periods of time in certain geographic regions other than the
6  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the
7  allegations of Paragraph 131 as they pertain to the LG Entities.

8      132.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former
9  CRT business had discussions with other CRT manufacturers about prices and output for certain
10  types and sizes of CRTs over specified periods of time in certain geographic regions other than the
11  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the
12  allegations of Paragraph 132 as they pertain to the LG Entities.

13      133.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former
14  CRT business had discussions with other CRT manufacturers about prices and output for certain
15  types and sizes of CRTs over specified periods of time in certain geographic regions other than the
16  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the
17  allegations of Paragraph 133 as they pertain to the LG Entities.

18      134.    The LG Entities lack information or knowledge sufficient to form a belief as to the
19  truth of the allegations of Paragraph 134 and on that basis deny them.

20      135.    The LG Entities lack information or knowledge sufficient to form a belief as to the
21  truth of the allegations of Paragraph 135 and on that basis deny them.

22      136.    The LG Entities lack information or knowledge sufficient to form a belief as to the
23  truth of the allegations of Paragraph 136 and on that basis deny them.

24      137.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former
25  CRT business had discussions with other CRT manufacturers about prices and output for certain
26  types and sizes of CRTs over specified periods of time in certain geographic regions other than the
27  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the
28  allegations of Paragraph 137.  The LG Entities specifically deny that any individual employed by

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

LGPD – an independent company – attended meetings, participated in discussions, or entered agreements with competitors on behalf of or at the direction of the LG Entities or any of them. The LG Entities also deny that any individual employed by LGPD was simultaneously employed by or reported to LGEI.

138.     The LG Entities deny the allegations contained in Paragraph 138.

139.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 139 and on that basis deny them.

140.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 140 and on that basis deny them.

141.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 141 and on that basis deny them.

142.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 142 and on that basis deny them.

143.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 143 and on that basis deny them.

144.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 144 and on that basis deny them.

145.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 145 and on that basis deny them.

146.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 146 and on that basis deny them.

147.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 147 and on that basis deny them.

148.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 148 and on that basis deny them.

149.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 149 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

150.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 150 and on that basis deny them.

151.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 151 and on that basis deny them.

152.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 152 and on that basis deny them.

153.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 153 and on that basis deny them.

154.     To the extent that Paragraph 154 describes the use of terminology by Plaintiff in the FAC, no response is required.  The LG Entities deny the remaining allegations contained in Paragraph 154.

155.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 155 and on that basis deny them.

156.     To the extent that Paragraph 156 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 156 and on that basis deny them.

157.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 157 and on that basis deny them.

158.     To the extent that Paragraph 158 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations of Paragraph 158 as they pertain to the LG Entities.

159.     To the extent that Paragraph 159 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 159 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

160.     To the extent that Paragraph 160 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 160 and on that basis deny them.

161.     The LG Entities deny the allegations contained in Paragraph 161.

162.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 162 and on that basis deny them.

163.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 and on that basis deny those allegations.  To the extent that Paragraph 163 purports to describe the contents of a document, the document speaks for itself and no response is required.

164.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 164.

165.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 165.

166.     The LG Entities admit that the Antitrust Division of the United States Department of Justice commenced an investigation related to CRTs.  Except as specifically admitted in the foregoing, the LG Entities deny any remaining allegations contained in Paragraph 166.

167.     The LG Entities admit that the European Commission and Japan and South Korea's Fair Trade Commissions opened investigations related to CRTs.  Except as specifically admitted in the foregoing, the LG Entities deny any remaining allegations contained in Paragraph 167.

168.     To the extent that Paragraph 168 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1   sufficient to form a belief as to the truth of the allegations of Paragraph 168 and on that basis deny

2   them.

3       169.    To the extent that Paragraph 169 purports to describe the contents of a document,

4   the LG Entities respond that the document speaks for itself and no response is required.  To the

5   extent that a response is deemed necessary, the LG Entities lack information or knowledge

6   sufficient to form a belief as to the truth of the allegations of Paragraph 169 and on that basis deny

7   them.

8       170.    To the extent that Paragraph 170 purports to describe the contents of a document,

9   the LG Entities respond that the document speaks for itself and no response is required.  To the

10  extent that a response is deemed necessary, the LG Entities lack information or knowledge

11  sufficient to form a belief as to the truth of the allegations of Paragraph 170 and on that basis deny

12  them.

13      171.    To the extent that Paragraph 171 purports to describe the contents of a document,

14  the LG Entities respond that the document speaks for itself and no response is required.  To the

15  extent that a response is deemed necessary, the LG Entities lack information or knowledge

16  sufficient to form a belief as to the truth of the allegations of Paragraph 171 and on that basis deny

17  them.

18      172.    To the extent that Paragraph 172 purports to describe the contents of a document,

19  the LG Entities respond that the document speaks for itself and no response is required.  To the

20  extent that a response is deemed necessary, the LG Entities lack information or knowledge

21  sufficient to form a belief as to the truth of the allegations of Paragraph 172 and on that basis deny

22  them.

23      173.    To the extent that Paragraph 173 purports to describe the contents of a document,

24  the LG Entities respond that the document speaks for itself and no response is required.  To the

25  extent that a response is deemed necessary, the LG Entities lack information or knowledge

26  sufficient to form a belief as to the truth of the allegations of Paragraph 173 and on that basis deny

27  them.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

174.     To the extent that Paragraph 174 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 174 and on that basis deny them.

175.     To the extent that Paragraph 175 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 175 and on that basis deny them.

176.     To the extent that Paragraph 176 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 176 and on that basis deny them.

177.     The LG Entities admit that the European Commission imposed fines in the amount stated against the companies listed.  Except as specifically admitted in the foregoing, the LG Entities deny any remaining allegations contained in Paragraph 177.

178.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 178 and on that basis deny them.

179.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 179 and on that basis deny them.

180.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 180 and on that basis deny them.

181.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 181 and on that basis deny them.

182.     To the extent that Paragraph 182 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the

extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 182 and on that basis deny them.

183.    To the extent that Paragraph 183 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 183 and on that basis deny them.

184.    To the extent that Paragraph 184 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 184 and on that basis deny them.

185.    To the extent that Paragraph 185 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 185 and on that basis deny them.

186.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 186 and on that basis deny them.

187.    The LG Entities admit that LGEI was a member of Korean Display Equipment Material Industry Association and Electronic Display Industrial Research Association of Korea, and has participated in the Korea Display Conference.  Except as specifically admitted in the foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 187 and on that basis deny them.

188.    The LG Entities admit that LGEI was a member of Korean Display Equipment Material Industry Association and Electronic Display Industrial Research Association of Korea, and has participated in the Korea Display Conference.  Except as specifically admitted in the

foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 188.

189.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 189 and on that basis deny them.

190.    The LG Entities deny the allegations of Paragraph 190.

191.    The LG Entities deny the allegations of Paragraph 191.

192.    To the extent that Paragraph 192 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 192 and on that basis deny them.

193.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 193 and on that basis deny them.

194.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 194 and on that basis deny them.

195.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 195 and on that basis deny them.

196.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 196 and on that basis deny them.

197.    To the extent that Paragraph 197 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 197 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 197.

198.    Paragraph 198 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 198 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1          199.    The LG Entities lack information or knowledge sufficient to form a belief as to the

2   truth of the allegations of Paragraph 199 and on that basis deny them.

3          200.    To the extent that Paragraph 200 purports to describe the contents of a document,

4   the document speaks for itself and no response is required.  To the extent that a response is

5   deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

6   the truth of the allegations of Paragraph 200 and on that basis deny them.  The LG Entities deny

7   any remaining allegations contained in Paragraph 200.

8          201.    To the extent that Paragraph 201 purports to describe the contents of a document,

9   the document speaks for itself and no response is required.  To the extent that a response is

10  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

11  the truth of the allegations of Paragraph 201 and on that basis deny them.  The LG Entities deny

12  any remaining allegations contained in Paragraph 201.

13         202.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14  truth of the allegations of Paragraph 202 and on that basis deny them.

15         203.    To the extent that Paragraph 203 purports to describe the contents of a document,

16  the document speaks for itself and no response is required.  To the extent that a response is

17  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

18  the truth of the allegations of Paragraph 203 and on that basis deny them.  The LG Entities deny

19  any remaining allegations contained in Paragraph 203.

20         204.    The LG Entities lack information or knowledge sufficient to form a belief as to the

21  truth of the allegations of Paragraph 204 and on that basis deny them.

22         205.    The LG Entities deny the allegations contained in Paragraph 205.

23         206.    The LG Entities deny the allegations contained in Paragraph 206.

24         207.    The LG Entities deny the allegations contained in Paragraph 207.

25         208.    The LG Entities lack information or knowledge sufficient to form a belief as to the

26  truth of the allegations of the first sentence of Paragraph 208 and that basis deny them.  The LG

27  Entities deny the remaining allegations contained in Paragraph 208.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

209.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 209 and on that basis deny them.

210.    To the extent that Paragraph 210 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 210 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 210.

211.    The LG Entities deny the allegations contained in Paragraph 211.

212.    The LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 212 and on that basis deny those allegations.  The LG Entities deny the remaining allegations contained in Paragraph 212.

213.    The LG Entities deny the allegations contained in Paragraph 213.

214.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 214 concerning Plaintiff's knowledge and on that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 214.

215.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 215 concerning Plaintiff's knowledge and on that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 215.

216.    The LG Entities deny the allegations contained in Paragraph 216.

217.    The LG Entities deny the allegations contained in Paragraph 217.

218.    The LG Entities deny the allegations contained in Paragraph 218.

219.    The LG Entities deny the allegations contained in Paragraph 219.

220.    The LG Entities deny the allegations contained in Paragraph 220.

221.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 221.

222.    The LG Entities deny the allegations contained in Paragraph 222.

223.    To the extent that Paragraph 223 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is

- 24 -

1    deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

2    the truth of the allegations of Paragraph 223 and on that basis deny them.

3         224.    The LG Entities deny the allegations contained in Paragraph 224.

4         225.    To the extent Paragraph 225 consists of legal conclusions to which no response is

5    required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

6         226.    The LG Entities admit that the Antitrust Division of the United States Department

7    of Justice commenced an investigation related to CRTs.  The second sentence of Paragraph 226

8    consists of legal conclusions to which no response is required.  Except as specifically admitted in

9    the foregoing, and to the extent that a response is deemed necessary, the LG Entities deny the

10   allegations.

11        227.    To the extent that Paragraph 227 purports to describe the contents of a document,

12   the document speaks for itself and no response is required.  To the extent that Paragraph 227

13   consists of legal conclusions, no response is required.  To the extent that a response is deemed

14   necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth

15   of the allegations of Paragraph 227 and on that basis deny them.

16        228.    Paragraph 228 consists of legal conclusions to which no response is required.  To

17   the extent that a response is deemed necessary, the LG Entities deny the allegations.

18        229.    The LG Entities hereby incorporate by reference its answers to each and every

19   allegation set forth in the preceding paragraphs.

20        230.    The LG Entities deny the allegations contained in Paragraph 230.

21        231.    The LG Entities deny the allegations contained in Paragraph 231.

22        232.    The LG Entities deny the allegations contained in Paragraph 232.

23        233.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

24   CRT business had discussions with other CRT manufacturers about prices and output for certain

25   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

26   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

27   allegations of Paragraph 233 as they pertain to the LG Entities.

28        234.    The LG Entities deny the allegations contained in Paragraph 234.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    235.    The LG Entities deny the allegations contained in Paragraph 235.

2    236.    The LG Entities hereby incorporate by reference its answers to each and every

3    allegation set forth in the preceding paragraphs.

4    237.    The LG Entities lack information or knowledge sufficient to form a belief as to the

5    truth of the allegations of Paragraph 237 and on that basis deny them.

6    238.    To the extent that Paragraph 238 consists of legal conclusions, no response is

7    required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations

8    contained in Paragraph 238.

9    239.    The LG Entities deny the allegations contained in Paragraph 239.

10    240.    The LG Entities deny the allegations contained in Paragraph 240.

11    241.    The LG Entities deny the allegations contained in Paragraph 241.

12    242.    The LG Entities deny the allegations contained in Paragraph 242.

13    243.    Paragraph 243 consists of legal conclusions to which no response is required.  To

14    the extent that a response is deemed necessary, the LG Entities deny the allegations.

15    244.    Paragraph 244 consists of legal conclusions to which no response is required.  To

16    the extent that a response is deemed necessary, the LG Entities deny the allegations.

17    245.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18    truth of the allegations of Paragraph 245 and on that basis deny them.

19    246.    The LG Entities lack information or knowledge sufficient to form a belief as to the

20    truth of the allegations of Paragraph 246 and on that basis deny them.

21    247.    The LG Entities lack information or knowledge sufficient to form a belief as to the

22    truth of the allegations of Paragraph 247 and on that basis deny them.

23    248.    Paragraph 248 consists of legal conclusions to which no response is required.  To

24    the extent that a response is deemed necessary, the LG Entities deny the allegations.

25    249.    Paragraph 249 consists of legal conclusions to which no response is required.  To

26    the extent that a response is deemed necessary, the LG Entities deny the allegations.

27    250.    The LG Entities lack information or knowledge sufficient to form a belief as to the

28    truth of the allegations of Paragraph 250 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

251.    Paragraph 251 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

252.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 252 and on that basis deny them.

253.    Paragraph 253 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

### RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND

The paragraphs of the FAC following the header "Prayer for Relief" and "Jury Trial Demanded" do not require a response.  To the extent that those paragraphs require a response, the LG Entities deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

### AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any of these defenses, the LG Entities allege the following affirmative defenses to the allegations set forth in the FAC:

### FIRST DEFENSE

The FAC fails to state a claim upon which relief can be granted because Plaintiff's claims are ambiguous, vague, and/or unintelligible; because Plaintiff has failed to alleged fraud or fraudulent concealment with sufficient particularity; and/or because Plaintiff has failed to allege conspiracy with sufficient particularity.  The LG Entities aver that Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit the LG Entities to ascertain all defenses that may exist.

### SECOND DEFENSE

The claims set forth in the FAC are barred by the statute of limitations.

### THIRD DEFENSE

Without conceding the existence of any conspiracy, Plaintiff's claims are barred because the LG Entities effectively withdrew from any alleged conspiracy.

FOURTH DEFENSE

The conduct alleged by Plaintiff in the FAC to form the basis of certain of Plaintiff's claims has not had a direct, substantial, and reasonably foreseeable effect on trade or commerce with the United States.  The Court therefore lacks subject matter jurisdiction.

FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they are based upon foreign sales by defendants, because Plaintiff has failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a and/or *Hartford Fire Ins. Co. v. California*, 509 U.S. 764 (1993).

SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that it did not purchase CRTs directly from defendants, because they are indirect purchasers and barred from maintaining an action for alleged injuries in that capacity.

SEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff lacks standing to sue for the injuries alleged in the FAC.

EIGHTH DEFENSE

Plaintiff is barred from recovery of any damages because of, and to the extent of, its failure to mitigate damages, or alternatively any claimed injury or damage has been offset by benefits received by Plaintiff with respect to the challenged conduct.

NINTH DEFENSE

Plaintiff's claims for damages are barred because Plaintiff has suffered no injury or damages as a result of the matters alleged in the FAC, or alternatively, because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

TENTH DEFENSE

Any injuries or damages Plaintiff may have suffered were not caused, either actually or proximately, by the acts and omissions of the LG Entities.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

ELEVENTH DEFENSE

Any injuries or damages Plaintiff may have suffered were caused solely and proximately by the acts and omissions of others.  The acts of others constitute intervening or superseding causes of harm, if any, suffered by Plaintiff.

TWELFTH DEFENSE

Plaintiff's claims are barred to the extent injuries alleged in the FAC, which the LG Entities deny, were contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than the LG Entities.

THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to the LG Entities.

FOURTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff has not suffered actual, cognizable injury of the type antitrust laws are intended to remedy.

FIFTEENTH DEFENSE

To the extent that any actionable conduct occurred, Plaintiff's claims against the LG Entities are barred because all such conduct would have been committed by individuals acting ultra vires.

SIXTEENTH DEFENSE

Plaintiff's claims against the LG Entities are barred to the extent that Plaintiff has agreed to arbitration or chosen a different forum for the resolution of their claims.

SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to join indispensable parties.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1

NINETEENTH DEFENSE

2    Without admitting that Plaintiff is entitled to recover damages in this matter, the LG

3    Entities are entitled to set off from any recovery Plaintiff may obtain against them by any other

4    Defendants who have settled, or do settle, Plaintiff's claims in this matter.

5

TWENTIETH DEFENSE

6    The LG Entities are separate and autonomous companies from LPD, and thus are not liable

7    for Plaintiff's damages resulting from LPD's actions.

8

TWENTY-FIRST DEFENSE

9    Any award of treble damages would violate the Excessive Fines and Due Process Clauses

10   of the United States Constitution and equivalent clauses in the state constitution.

11

12   **RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES**

13   The LG Entities adopt by reference any additional applicable defenses pleaded by any

14   other Defendant in this action.  The LG Entities have not knowingly or intentionally waived any

15   applicable defenses and explicitly reserve the right to assert any additional defenses and

16   affirmative defenses as this action proceeds. The LG Entities further reserve the right to amend its

17   Answer and/or defenses accordingly, and/or to delete defenses that it determines are not applicable

18   as this action proceeds.  The LG Entities further reserve the right to assert affirmative defenses

19   that are unique to one or a subset of the claims asserted under the state law at issue in this action.

20   WHEREFORE, the LG Entities pray as follows:

21   1.    That the Plaintiff takes nothing by way of the FAC, and the action be dismissed

22   with prejudice;

23   2.    That judgment be entered in favor of the LG Entities and against Plaintiff with

24   respect to all causes of action in the FAC;

25   3.    That the Court award the LG Entities its attorneys' fees and all other costs

26   reasonably incurred in defense of this action; and

27   4.    That the Court award such other relief as it may deem just and proper.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1   DATED:  November 4, 2013

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUNGER, TOLLES & OLSON LLP
WILLIAM D. TEMKO
HOJOON HWANG
BETHANY W. KRISTOVICH
LAURA K. SULLIVAN


By:  _____*/s/ Hojoon Hwang*_____
HOJOON HWANG
Attorneys for LG ELECTRONICS, INC., LG
ELECRONICS USA, INC., AND LG ELECTRONICS
TAIWAN TAIPEI CO., LTD

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1

## PROOF OF SERVICE

2  I, Angela Balestrieri, the undersigned, declare that I am over the age of 18 and not

3  a party to the within cause. I am employed by Munger, Tolles & Olson LLP in the County of San

4  Francisco, State of California. My business address is 560 Mission Street, Twenty-Seventh

5  Floor, San Francisco, California 94105-2907.

6  On November 4, 2013, I served upon the interested parties in this action the

7  following document, a copy of which is attached to this Proof of Service:

8

9  **ANSWER OF LG ELECTRONICS, INC. AND LG ELECTRONICS USA, INC. TO FIRST AMENDED COMPLAINT BY SCHULTZE AGENCY SERVICES, LLC ON BEHALF OF TWEETER OPCO, LLC AND TWEETER NEWCO, LLC**

10

11  ☒ By placing ☐ the original(s) ☒ a true and correct copy via electronic Notice through ECF and/or, as set out below, in an addressed, sealed envelope(s) clearly labeled to identify the

12  person(s) being served at the address(es) set forth on the attached service list.

13  ☒ **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such envelope(s) to be placed in interoffice mail for collection and deposit in the United States

14  Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on that same date, following ordinary business practices. I am familiar with Munger, Tolles

15  & Olson LLP's practice for collection and processing correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in

16  interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

17

18  ☒ **TO BE SERVED ELECTRONICALLY VIA ECF THROUGH THE COURT'S NOTIFICATION SYSTEM.**

19  ☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

20

21  Executed on November 4, 2013, at San Francisco, California.

22  I declare under penalty of perjury that the foregoing is true and correct. Executed

23  on November 4, 2013, at San Francisco, California.

24

25

26  Angela Balestrieri

27

28

PROOF OF SERVICE; CASE NO. 3:07-CV-05944-SC

22012232.1

1            **PROOF OF SERVICE BY MAIL**

2                   Case No.:  3:07-CV-05944-SC

3                        SERVICE LIST

Charles H. Johnson
4    Charles H Johnson & Associates PA
     2599 Mississippi Street
5    New Brighton, MN 55113

6
     Clinton Paul Walker
7    Damrell, Nelson, Schrimp, Pallios, Pache & Silva
     1601 "I" Street
8    Fifth Floor
     Modesto, CA 95354
9

10   Donna F. Solen
     Mason Law Firm-Washington
11   1225 19th Street, NW, Suite 500
     Washington, DC 20036
12

13   Gregory D. Hull
     Weil, Gotshal & Manges LLP
14   201 Redwood Shores Parkway
     Redwood Shores, CA 94065
15

16   Issac L. Diel
     Sharp McQueen
17   6900 College Boulevard, Suite 285
     Overland Park, KS 66211
18

19   Jean B. Roth
     Mansfield Tanick & Cohen
     1700 U.S. Bank Plaza South
20   220 South Sixth Street
21   Minneapolis, MN 55402-4511

22   John G. Emerson
     Emerson Poynter LLP
23   830 Apollo Lane
     Houston, TX 77058
24

25   John Gressette Felder , Jr
     McGowan Hood Felder and Johnson
26   1405 Calhoun Street
     Columbia, SC 29201
27

28

---

22012232.1

1   Katherine Hamilton Wheaton
    300 North LaSalle Street
2   Chicago, IL 60654

3
    Krishna B. Narine
4   Schiffrin & Barroway, LLP
    Three Bala Plaza East
5   Suite 400
    Bala Cynwyd, PA 19004
6

7   Lawrence D. McCabe
    Murray Frank & Sailer LLP
8   275 Madison Avenue
    New York, NY 10016
9

10  Lawrence P. Schaefer
    Mansfield Tanick & Cohen
11  1700 U.S. Bank Plaza South
    220 South Sixth Street
12  Minneapolis, MN 55402-4511

13
    Lewis Titus LeClair
14  McKool Smith
    300 Crescent Ct #1500
15  Dallas, TX 75201

16  Lori A. Fanning
    Miller Law LLC
17  115 South LaSalle Street, Suite 2910
    Chicago, IL 60603
18

19  Mark Reinhardt
    Reinhardt Wendorf & Blanchfield
20  East 1000 First National Bank Building
    322 Minnesota Street
21  St. Paul, MN 55101

22
    Martin E. Grossman
23  Law Offices of Martin E. Grossman
    2121 Green Brier Drive
24  Villanova, PA 19085

25
    Matthew E. Van Tine
26  Miller Law LLC
    115 South LaSalle Street, Suite 2910
27  Chicago, IL 60603

28
                                    - 2 -

22012232.1

1    Melissa Willett
     Boies, Schiller & Flexner
2    5301 Wisconsin Ave. NW
     Suite 800
3    Washington, DC 20015

4
     Mike McKool , Jr
5    McKool Smith, P.C.
     300 Crescent Court Ste 1500
6    Dallas, TX 75201

7
     Neal A Eisenbraun
8    Neal A Eisenbraun, Chartered
     2599 Mississippi Street
9    New Brighton, MN 55113

10
     Niki B. Okcu
11   AT&T Services, Inc. Legal Dept.
     525 Market Street, 20th Floor
12   San Francisco, CA 94105

13
     Patricia A. Conners
14   Attorney General's Office
     Department of Legal Affairs
15   Antitrust Section
     PL-01 The Capitol
16   Tallahassee, FL 32399-1050

17
     Paul F Novak
18   Milberg LLP
     One Kennedy Square
19   777 Woodward Avenue, Suite 890
     Detroit, MI 48226
20
     Richard M. Hagstrom
21   Zelle Hofmann Voelbel Mason & Gette LLP
     500 Washington Avenue South, Suite 4000
22   Minneapolis, MN 55415

23
     Robert B. Gerard
24   Gerard Selden & Osuch
     1516 Front Street
25   San Diego, CA 92101

26

27

28
                                          - 3 -

22012232.1

1

2

3

Roger Martin Schrimp
Damrell Nelson Schrimp Pallios Pacher & Silva
1601 I Street 5th Floor
Modesto, CA 95354

4

5

Samuel J. Sharp
701 13th Street NW
Washington, DC 20005

6

7

8

Steven A. Reiss
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

9

10

11

Traviss Levine Galloway
Zelle Hofmann Voelbel Mason & Gette
44 Montgomery St #3400
San Francisco, CA 94104

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

22012232.1