1   WILLIAM D. TEMKO (State Bar No. 98858)
    william.temko@mto.com
2   BETHANY W. KRISTOVICH (State Bar No. 241891)
    Bethany.Kristovich@mto.com
3   MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue
4   Thirty-Fifth Floor
    Los Angeles, CA 90071-1560
5   Telephone:    (213) 683-9100
    Facsimile:    (213) 687-3702
6
    HOJOON HWANG (State Bar No. 184950)
7   hojoon.hwang@mto.com
    LAURA K. SULLIVAN (State Bar No. 281542)
8   Laura.Sullivan@mto.com
    MUNGER, TOLLES & OLSON LLP
9   560 Mission Street
    Twenty-Seventh Floor
10  San Francisco, California 94105-2907
    Telephone:    (415) 512-4000
11  Facsimile:    (415) 512-4077

12  Attorneys for LG ELECTRONICS, INC., LG
    ELECRONICS USA, INC., AND LG
13  ELECTRONICS TAIWAN TAIPEI CO., LTD

14                      UNITED STATES DISTRICT COURT

15          NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

16

17

18  | TARGET CORP., | Case No. Master File No. 3:07-cv-05944-SC |
    |---|---|
    |     Plaintiff, | MDL NO. 1917 |

19  Individual Case no. 11-cv-05514

20  vs.

21  CHUNGHWA PICTURE TUBES, LTD.;
    CHUNGHWA PICTURE TUBES
    (MALAYSIA); IRICO GROUP
22  CORPORATION; IRICO GROUP
    ELECTRONICS CO., LTD.; IRICO
23  DISPLAY DEVICES CO., LTD.; LG
    ELECTRONICS, INC.; LG ELECTRONICS
24  USA, INC.; LP DISPLAYS
    INTERNATIONAL LTD.; HITACHI, LTD.;
25  HITACHI DISPLAYS, LTD.; HITACHI
    AMERICA, LTD.; HITACHI ASIA,
26  LTD.; HITACHI ELECTRONIC DEVICES
    (USA), INC.; SHENZHEN SEG HITACHI
27  COLOR DISPLAY DEVICES, LTD.;
    PANASONIC CORPORATION;
28  PANASONIC CORPORATION OF NORTH

**ANSWER OF LG ELECTRONICS, INC.
AND LG ELECTRONICS USA, INC. TO
SECOND AMENDED COMPLAINT BY
TARGET CORP.**

21984375.1

AMERICA; MT PICTURE DISPLAY CO., LTD.; BEIJING MATSUSHITA COLOR CRT CO., LTD.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; PHILIPS ELECTRONICS INDUSTRIES (TAIWAN), LTD.; PHILIPS DA AMAZONIA INDUSTRIA ELECTRONICA LTDA.; SAMSUNG SDI CO. LTD.; SAMSUNG SDI AMERICA, INC.; SAMSUNG SDI MEXICO S.A. DE C.V.; SAMSUNG SDI BRASIL LTDA.; SHENZHEN SAMSUNG SDI CO., LTD.; TIANJIN SAMSUNG SDI CO., LTD.; SAMSUNG SDI (MALAYSIA) SDN. BHD.; SAMTEL COLOR LTD.; THAI CRT CO., LTD.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,

Defendants.

1    Defendants LG ELECTRONICS, INC., and LG ELECTRONICS USA, INC. (the

2    "LG Entities"), through undersigned counsel, hereby answer the allegations contained in the

3    Second Amended Complaint by Plaintiff Target Corp. ("Target" or "Plaintiff") ("SAC").  Except

4    as otherwise stated below, the LG Entities are without sufficient knowledge or information to form

5    a belief concerning the truth of the allegations in the SAC that are directed toward other

6    defendants.  The LG Entities' response to the allegations below are therefore limited to the truth or

7    falsity of the allegations as they pertain to the LG Entities only.  The LG Entities deny all

8    allegations in the SAC (including headings and captions) not specifically admitted in this Answer.

9        1.    The LG Entities admit that during the Relevant Period, LG Electronics, Inc.

10   ("LGEI") manufactured CPTs, CDTs, and CRT Products, as the terms are defined in this

11   Paragraph.  LG Electronics USA, Inc. ("LGEUSA") did not manufacture either cathode ray tubes

12   or finished products (such as televisions or computer monitors).  Except as specifically admitted in

13   the foregoing, the LG Entities deny the allegations contained in Paragraph 1.

14       2.    The LG Entities lack knowledge or information sufficient to form a belief as to the

15   truth of the allegations contained in Paragraph 2 and on that basis deny those allegations.

16       3.    The LG Entities admit that during the Relevant Period, the business of

17   manufacturing and selling CRTs was under significant pressure due to changes in technologies

18   and customer preference, among other factors.  The LG Entities deny the remaining allegations

19   contained in Paragraph 3.

20       4.    The LG Entities deny the allegations contained in Paragraph 4.

21       5.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

22   CRT business had discussions with other CRT manufacturers about prices and output for certain

23   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

24   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

25   allegations of Paragraph 5 as they pertain to the LG Entities.

26       6.    The LG Entities deny the allegations contained in Paragraph 6.

27       7.    Paragraph 7 recites actions of various governmental agencies that are matters of

28   public record and no response is required.

- 1 -

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

8.     To the extent that Paragraph 8 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 8 and on that basis deny them.

9.     The LG Entities lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis deny them.

10.     Paragraph 10 characterizes Plaintiff's claims in the SAC and no response is required.

11.     Paragraph 11 characterizes Plaintiff's claims in the SAC and no response is required.

12.     The LG Entities admit that the Court has subject matter jurisdiction over Plaintiff's federal antitrust claims, if any, that satisfy the requirements of the Foreign Trade and Antitrust Improvement Act ("FTAIA").  The remainder of Paragraph 12 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

13.     The LG Entities deny the allegations contained in Paragraph 13.

14.     Paragraph 14 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

15.     Paragraph 15 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

16.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis deny them.

17.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis deny them.

18.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18 and on that basis deny them.

19.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19 and on that basis deny them.

20.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20 and on that basis deny them.

21.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 21 and on that basis deny them.

22.     Paragraph 22 describes the terminology used in the SAC and no response is required.

23.     The LG Entities admit that LGEI is a corporate entity organized under the laws of the Republic of Korea, and further admits the location of its headquarters as alleged in Paragraph 34.  LGEI admits that before July 2001, it spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays." Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 23.

24.     The LG Entities admit that LGEUSA is a Delaware corporation which is a wholly-owned subsidiary of LGEI and engaged in the marketing and sale of certain CRT Products during the Relevant Period, and the location of its headquarters as alleged in Paragraph 24.  Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 24.

25.     Paragraph 25 describes the terminology used in the SAC and no response is required.

26.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays" and that LGEI's interest in LP Displays was transferred to various third parties in the course of LP Displays' bankruptcy proceeding.  The remainder of the allegations of Paragraph 26 are not directed at the LG Entities and therefore no response is required.  To the

1   extent that a response is required, the LG Entities lack information or knowledge sufficient to form

2   a belief as to the truth of the remaining allegations of Paragraph 26 and on that basis deny them.

3      27. The LG Entities lack information or knowledge sufficient to form a belief as to the

4   truth of the allegations of Paragraph 27 and on that basis deny them.

5      28. The LG Entities lack information or knowledge sufficient to form a belief as to the

6   truth of the allegations of Paragraph 28 and on that basis deny them.

7      29. The LG Entities lack information or knowledge sufficient to form a belief as to the

8   truth of the allegations of Paragraph 29 and on that basis deny them.

9      30. The LG Entities lack information or knowledge sufficient to form a belief as to the

10   truth of the allegations of Paragraph 30 and on that basis deny them.

11      31. The LG Entities lack information or knowledge sufficient to form a belief as to the

12   truth of the allegations of Paragraph 31 and on that basis deny them.

13      32. The LG Entities lack information or knowledge sufficient to form a belief as to the

14   truth of the allegations of Paragraph 32 and on that basis deny them.

15      33. Paragraph 33 describes the terminology used in the SAC and no response is

16   required.

17      34. The LG Entities lack information or knowledge sufficient to form a belief as to the

18   truth of the allegations of Paragraph 34 and on that basis deny them.

19      35. The LG Entities lack information or knowledge sufficient to form a belief as to the

20   truth of the allegations of Paragraph 35 and on that basis deny them.

21      36. Paragraph 36 describes the terminology used in the SAC and no response is

22   required.

23      37. The LG Entities lack information or knowledge sufficient to form a belief as to the

24   truth of the allegations of Paragraph 37 and on that basis deny them.

25      38. The LG Entities lack information or knowledge sufficient to form a belief as to the

26   truth of the allegations of Paragraph 38 and on that basis deny them.

27      39. The LG Entities admit that the new entity – called LPD – was formed as a Dutch

28   joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

"Royal Phillips").  Except as so admitted, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 39 and on that basis deny them.

40.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 40 and on that basis deny them.

41.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 41 and on that basis deny them.

42.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 42 and on that basis deny them.

43.     Paragraph 43 describes the terminology used in the SAC and no response is required.

44.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 44 and on that basis deny them.

45.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 45 and on that basis deny them.

46.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 46 and on that basis deny them.

47.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 47 and on that basis deny them.

48.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 48 and on that basis deny them.

49.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 49 and on that basis deny them.

50.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 50 and on that basis deny them.

51.     Paragraph 51 describes the terminology used in the SAC and no response is required.

52.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 52 and on that basis deny them.

53.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 53 and on that basis deny them.

54.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 54 and on that basis deny them.

55.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 55 and on that basis deny them.

56.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 56 and on that basis deny them.

57.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 57 and on that basis deny them.

58.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 58 and on that basis deny them.

59.    Paragraph 59 describes the terminology used in the SAC and no response is required.

60.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 60 and on that basis deny them.

61.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 61 and on that basis deny them.

62.    Paragraph 62 describes the terminology used in the SAC and no response is required.

63.    The LG Entities deny the allegations contained in Paragraph 63.

64.    The LG Entities deny the allegations contained in Paragraph 64.

65.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 65 and on that basis deny them.

66.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 66 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

67.     Paragraph 67 describes the terminology used in the SAC and no response is required.

68.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 68 and on that basis deny them.

69.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 69 and on that basis deny them.

70.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 70 and on that basis deny them.

71.     The LG Entities deny the allegations contained in Paragraph 71.

72.     The LG Entities deny the allegations contained in Paragraph 72.

73.     The LG Entities deny the allegations contained in Paragraph 73.

74.     Paragraph 74 contains only legal conclusions to which no response is required.  To the extent that a response is required, the LG Entities deny the allegations.

75.     To the extent that Paragraph 75 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 75 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 75.

76.     To the extent that Paragraph 76 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 76 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 76.

77.     To the extent that Paragraph 77 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 77 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 77.

78.     To the extent that Paragraph 78 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 78 but also aver that the allegations do not describe

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 78.

79.     To the extent that Paragraph 79 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 79 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 79.

80.     To the extent that Paragraph 80 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 80 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 80.

81.     The LG Entities deny the allegations of Paragraph 81.

82.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 82 and on that basis deny them.

83.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 83 and on that basis deny them.

84.     The LG Entities deny the allegations of Paragraph 84.

85.     The LG Entities deny the allegations of Paragraph 85.

86.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 86 and on that basis deny them.

87.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 87 as they pertain to the LG Entities.

88.     The LG Entities admit that LGEI was a member of the Korea Display Industry Association.  To the extent that the remaining allegations contained in Paragraph 88 are directed to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and on that basis deny those allegations. To

- 8 -

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1 the extent that the remaining allegations contained in Paragraph 88 are directed to the LG Entities,

2 they are denied.

3   89. The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

4 and sales operations to a separate company which, effective July 2001, became part of a newly

5 formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD

6 – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

7 (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring

8 and was renamed "LP Displays." To the extent that the remaining allegations contained in

9 Paragraph 89 are directed to other defendants, the LG Entities lack knowledge or information

10 sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and on that

11 basis deny those allegations. To the extent that the remaining allegations contained in Paragraph

12 89 are directed to the LG Entities, they are denied.

13   90. The LG Entities deny the allegations contained in Paragraph 90.

14   91. The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

15 and sales operations to a separate company which, effective July 2001, became part of a newly

16 formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD

17 – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

18 (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring

19 and was renamed "LP Displays."  The LG Entities further admit that Hitachi, Ltd. and LGEI

20 formed a joint venture in 2000 for the development, design and marketing of optical disk drives.

21 The LG Entities further admit that in 1999, LGEI entered into a joint venture agreement with

22 Koninklijke Philips Electronics N.V. with respect to the manufacture, sale, and marketing of TFT-

23 LCD panels.  To the extent that the remaining allegations contained in Paragraph 91 are directed

24 to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to

25 the truth of the allegations contained in Paragraph 91 and on that basis deny those allegations. To

26 the extent that the remaining allegations contained in Paragraph 91 are directed to the LG Entities,

27 they are denied.

28

92.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 92.

93.     The LG Entities deny the allegations contained in Paragraph 93.

94.     The LG Entities deny the allegations contained in Paragraph 94.

95.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 95.

96.     The LG Entities admit that CRTs were being rapidly replaced by TFT-LCD, plasma and other display technologies between 2000 and 2006.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 96.

97.     The LG Entities deny the allegations contained in Paragraph 97.

98.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and on that basis deny those allegations.

99.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and on that basis deny those allegations.

100.    To the extent that Paragraph 100 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 100 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 100.

101.    The LG Entities deny the allegations contained in Paragraph 101.

102.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 102 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

103.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 103 and on that basis deny them.

104.    The LG Entities deny the allegations contained in Paragraph 104.

105.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 105 as they pertain to the LG Entities.

106.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 106 as they pertain to the LG Entities.

107.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 107 as they pertain to the LG Entities.

108.    The LG Entities deny the allegations contained in Paragraph 108.

109.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  The LG Entities further admit that some of the meetings at which such discussions occurred were sometimes referred to by some participants as "glass meetings."  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 109 as they pertain to the LG Entities.

110.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain

1    types and sizes of CRTs over specified periods of time in certain geographic regions other than the

2    United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

3    allegations of Paragraph 110 as they pertain to the LG Entities.

4        111.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

5    CRT business had discussions with other CRT manufacturers about prices and output for certain

6    types and sizes of CRTs over specified periods of time in certain geographic regions other than the

7    United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

8    allegations of Paragraph 111 as they pertain to the LG Entities.

9        112.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

10   CRT business had discussions with other CRT manufacturers about prices and output for certain

11   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

12   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

13   allegations of Paragraph 112 as they pertain to the LG Entities.

14       113.    The allegations of Paragraph 113 are directed to other defendants, and the LG

15   Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations

16   of Paragraph 113 and on that basis deny them.

17       114.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

18   CRT business had discussions with other CRT manufacturers about prices and output for certain

19   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

20   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

21   allegations of Paragraph 114 as they pertain to the LG Entities.

22       115.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

23   CRT business had discussions with other CRT manufacturers about prices and output for certain

24   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

25   United States.  The LG Entities further admit that some of the meetings at which such discussions

26   occurred were held in conjunction with a golf outing.  Except as specifically admitted in the

27   foregoing, the LG Entities deny the allegations of Paragraph 115 as they pertain to the LG

28   Entities.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

116.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 116 as they pertain to the LG Entities.

117.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  The LG Entities further admit that information was exchanged in advance of some of the meetings at which such discussion occurred.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 117 as they pertain to the LG Entities.

118.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 118 as they pertain to the LG Entities.

119.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 119 as they pertain to the LG Entities.

120.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 120 as they pertain to the LG Entities.

121.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 121 as they pertain to the LG Entities.

122.     The LG Entities deny the allegations of Paragraph 122.

123.     The LG Entities deny the allegations of Paragraph 123.

124.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 124 as they pertain to the LG Entities.

125.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 125 as they pertain to the LG Entities.

126.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 126 as they pertain to the LG Entities.

127.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 127 as they pertain to the LG Entities.

128.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 128 as they pertain to the LG Entities.

129.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 129 as they pertain to the LG Entities.

130.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 130 as they pertain to the LG Entities.

131.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 131 and on that basis deny them.

132.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 132 and on that basis deny them.

133.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 133 and on that basis deny them.

134.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 134.  The LG Entities specifically deny that any individual employed by LGPD – an independent company – attended meetings, participated in discussions, or entered agreements with competitors on behalf of or at the direction of the LG Entities or any of them.

The LG Entities also deny that any individual employed by LGPD was simultaneously employed by or reported to LGEI.

135.    The LG Entities deny the allegations contained in Paragraph 135.

136.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 136 and on that basis deny them.

137.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 137 and on that basis deny them.

138.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 138 and on that basis deny them.

139.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 139 and on that basis deny them.

140.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 140 and on that basis deny them.

141.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 141 and on that basis deny them.

142.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 142 and on that basis deny them.

143.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 143 and on that basis deny them.

144.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 144 and on that basis deny them.

145.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 145 and on that basis deny them.

146.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 146 and on that basis deny them.

147.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 147 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1      148.   The LG Entities lack information or knowledge sufficient to form a belief as to the

2   truth of the allegations of Paragraph 148 and on that basis deny them.

3      149.   The LG Entities lack information or knowledge sufficient to form a belief as to the

4   truth of the allegations of Paragraph 149 and on that basis deny them.

5      150.   The LG Entities lack information or knowledge sufficient to form a belief as to the

6   truth of the allegations of Paragraph 150 and on that basis deny them.

7      151.   To the extent that Paragraph 151 describes the use of terminology by Plaintiff in

8   the SAC, no response is required.  The LG Entities deny the remaining allegations contained in

9   Paragraph 151.

10      152.   The LG Entities lack information or knowledge sufficient to form a belief as to the

11   truth of the allegations of Paragraph 152 and on that basis deny them.

12      153.   To the extent that Paragraph 153 purports to describe the contents of a document,

13   the document speaks for itself and no response is required.  To the extent that a response is

14   deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

15   the truth of the allegations of Paragraph 153 and on that basis deny them.

16      154.   To the extent that Paragraph 154 purports to describe the contents of a document,

17   the document speaks for itself and no response is required.  To the extent that a response is

18   deemed necessary, the LG Entities deny the allegations of Paragraph 154 as they pertain to the LG

19   Entities.

20      155.   To the extent that Paragraph 155 purports to describe the contents of a document,

21   the document speaks for itself and no response is required.  To the extent that a response is

22   deemed necessary, the LG Entities deny the allegations of Paragraph 155 as they pertain to the LG

23   Entities.

24      156.   To the extent that Paragraph 156 purports to describe the contents of a document,

25   the document speaks for itself and no response is required.  To the extent that a response is

26   deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

27   the truth of the allegations of Paragraph 156 and on that basis deny them.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

157.   The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 and on that basis deny those allegations.

158.   To the extent that Paragraph 158 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 158 and on that basis deny them.

159.   To the extent that Paragraph 159 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 159 and on that basis deny them.

160.   To the extent that Paragraph 160 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 160 and on that basis deny them.

161.   The LG Entities deny the allegations contained in Paragraph 161.

162.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 162 and on that basis deny them.

163.   The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 and on that basis deny those allegations.  To the extent that Paragraph 163 purports to describe the contents of a document, the document speaks for itself and no response is required.

164.   The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 164.

165.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 165.

166.     To the extent that Paragraph 166 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 166 and on that basis deny them.

167.     To the extent that Paragraph 167 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 167 and on that basis deny them.

168.     To the extent that Paragraph 168 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 168 and on that basis deny them.

169.     To the extent that Paragraph 169 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 169 and on that basis deny them.

170.     To the extent that Paragraph 170 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 170 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

171.    To the extent that Paragraph 171 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 171 and on that basis deny them.

172.    The LG Entities admit that the European Commission imposed fines in the amount stated against the companies listed.  Except as specifically admitted in the foregoing, the LG Entities deny any remaining allegations contained in Paragraph 172.

173.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 173 and on that basis deny them.

174.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 174 and on that basis deny them.

175.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 175 and on that basis deny them.

176.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 176 and on that basis deny them.

177.    To the extent that Paragraph 177 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 177 and on that basis deny them.

178.    To the extent that Paragraph 178 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 178 and on that basis deny them.

179.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 179 and on that basis deny them.

180.     To the extent that Paragraph 180 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 180 and on that basis deny them.

181.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 181and on that basis deny them.

182.     The LG Entities admit that LGEI was a member of Korean Display Equipment Material Industry Association and Electronic Display Industrial Research Association of Korea, and has participated in the Korea Display Conference.  Except as specifically admitted in the foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 182 and on that basis deny them.

183.     The LG Entities admit that LGEI was a member of Korean Display Equipment Material Industry Association and Electronic Display Industrial Research Association of Korea, and has participated in the Korea Display Conference.  Except as specifically admitted in the foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 183.

184.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 184 and on that basis deny them.

185.     The LG Entities deny the allegations of Paragraph 185.

186.     The LG Entities deny the allegations of Paragraph 186.

187.     To the extent that Paragraph 187 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 187 and on that basis deny them.

188.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 188 and on that basis deny them.

189.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 189 and on that basis deny them.

190.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 190 and on that basis deny them.

191.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 191 and on that basis deny them.

192.     To the extent that Paragraph 192 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 192 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 192.

193.     Paragraph 193 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 193 and on that basis deny them.

194.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 194 and on that basis deny them.

195.     To the extent that Paragraph 195 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 195 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 195.

196.     To the extent that Paragraph 196 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 196 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 196.

197.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 197 and on that basis deny them.

198.    To the extent that Paragraph 198 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 198 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 198.

199.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 199 and on that basis deny them.

200.    To the extent that Paragraph 200 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 200 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 200.

201.    The LG Entities deny the allegations contained in Paragraph 201.

202.    The LG Entities deny the allegations contained in Paragraph 202.

203.    The LG Entities deny the allegations contained in Paragraph 203.

204.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 204 and that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 204.

205.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 205 and on that basis deny them.

206.    To the extent that Paragraph 206 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 206 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 206.

207.    The LG Entities deny the allegations contained in Paragraph 207.

208.   The LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 208 and on that basis deny those allegations.  The LG Entities deny the remaining allegations contained in Paragraph 208.

209.   The LG Entities deny the allegations contained in Paragraph 209.

210.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 210 concerning Plaintiff's knowledge and on that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 210.

211.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 211 concerning Plaintiff's knowledge and on that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 211.

212.   The LG Entities deny the allegations contained in Paragraph 212.

213.   The LG Entities deny the allegations contained in Paragraph 213.

214.   The LG Entities deny the allegations contained in Paragraph 214.

215.   The LG Entities deny the allegations contained in Paragraph 215.

216.   The LG Entities deny the allegations contained in Paragraph 216.

217.   The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 217.

218.   The LG Entities deny the allegations contained in Paragraph 218.

219.   To the extent that Paragraph 219 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 219 and on that basis deny them.

220.   The LG Entities deny the allegations contained in Paragraph 220.

221.   The LG Entities deny the allegations contained in Paragraph 221.

222.   Paragraph 222 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

223.   The LG Entities admit that the Antitrust Division of the United States Department of Justice commenced an investigation related to CRTs.  The second sentence of Paragraph 223 consists of legal conclusions to which no response is required.  Except as specifically admitted in the foregoing, and to the extent that a response is deemed necessary, the LG Entities deny the allegations.

224.   Paragraph 224 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

225.   To the extent that Paragraph 225 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that Paragraph 225 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 225 and on that basis deny them.

226.   The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

227.   The LG Entities deny the allegations contained in Paragraph 227.

228.   The LG Entities deny the allegations contained in Paragraph 228.

229.   The LG Entities deny the allegations contained in Paragraph 229.

230.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 230 as they pertain to the LG Entities.

231.   The LG Entities deny the allegations contained in Paragraph 231.

232.   The LG Entities deny the allegations contained in Paragraph 232.

233.   The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

234.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 234 and on that basis deny them.

235.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 235 and on that basis deny them.

236.   To the extent that Paragraph 236 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 236.

237.   The LG Entities deny the allegations contained in Paragraph 237.

238.   The LG Entities deny the allegations contained in Paragraph 238.

239.   The LG Entities deny the allegations contained in Paragraph 239.

240.   The LG Entities deny the allegations contained in Paragraph 240.

241.   Paragraph 241 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

242.   The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

243.   To the extent that Paragraph 243 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 243.

244.   The LG Entities deny the allegations contained in Paragraph 244.

245.   The LG Entities deny the allegations contained in Paragraph 245.

246.   The LG Entities deny the allegations contained in Paragraph 246.

247.   The LG Entities deny the allegations contained in Paragraph 247.

248.   Paragraph 248 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

249.   Paragraph 249 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

250.   Paragraph 250 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

251.   Paragraph 251 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

252. Paragraph 252 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, the LG Entities deny the allegations.

253. Paragraph 253 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, the LG Entities deny the allegations.

254. Paragraph 254 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, the LG Entities deny the allegations.

255. Paragraph 255 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, the LG Entities deny the allegations.

256. Paragraph 256 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, the LG Entities deny the allegations.

257. Paragraph 257 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, the LG Entities deny the allegations.

258. Paragraph 258 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, the LG Entities deny the allegations.

## <u>RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND</u>

The paragraphs of the SAC following the header "Prayer for Relief" and "Jury Trial Demanded" do not require a response. To the extent that those paragraphs require a response, the LG Entities deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## <u>AFFIRMATIVE DEFENSES</u>

Without conceding that it bears the burden of proof as to any of these defenses, the LG Entities allege the following affirmative defenses to the allegations set forth in the SAC:

### <u>FIRST DEFENSE</u>

The SAC fails to state a claim upon which relief can be granted because Plaintiff's claims are ambiguous, vague, and/or unintelligible; because Plaintiff has failed to alleged fraud or fraudulent concealment with sufficient particularity; and/or because Plaintiff has failed to allege conspiracy with sufficient particularity. The LG Entities aver that Plaintiff's claims do not

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1  describe the events or legal theories with sufficient particularity to permit the LG Entities to

2  ascertain all defenses that may exist.

### SECOND DEFENSE

4      The claims set forth in the SAC are barred by the statute of limitations.

### THIRD DEFENSE

6      Without conceding the existence of any conspiracy, Plaintiff's claims are barred because

7  the LG Entities effectively withdrew from any alleged conspiracy.

### FOURTH DEFENSE

9      The conduct alleged by Plaintiff in the SAC to form the basis of certain of Plaintiff's

10  claims has not had a direct, substantial, and reasonably foreseeable effect on trade or commerce

11  with the United States.  The Court therefore lacks subject matter jurisdiction.

### FIFTH DEFENSE

13      Plaintiff's claims are barred, in whole or in part, to the extent that they are based upon

14  foreign sales by defendants, because Plaintiff has failed to allege facts sufficient to support a claim

15  under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a and/or *Hartford Fire Ins. Co.*

16  *v. California*, 509 U.S. 764 (1993).

### SIXTH DEFENSE

18      Plaintiff's claims are barred, in whole or in part, to the extent that it did not purchase CRTs

19  directly from defendants, because they are indirect purchasers and barred from maintaining an

20  action for alleged injuries in that capacity.

### SEVENTH DEFENSE

22      Plaintiff's claims are barred because Plaintiff lacks standing to sue for the injuries alleged

23  in the SAC.

### EIGHTH DEFENSE

25      Plaintiff is barred from recovery of any damages because of, and to the extent of, its failure

26  to mitigate damages, or alternatively any claimed injury or damage has been offset by benefits

27  received by Plaintiff with respect to the challenged conduct.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1

### NINTH DEFENSE

2        Plaintiff's claims for damages are barred because Plaintiff has suffered no injury or

3   damages as a result of the matters alleged in the SAC, or alternatively, because the alleged

4   damages, if any, are speculative and because of the impossibility of ascertaining and allocating

5   those alleged damages.

6

### TENTH DEFENSE

7        Any injuries or damages Plaintiff may have suffered were not caused, either actually or

8   proximately, by the acts and omissions of the LG Entities.

9

### ELEVENTH DEFENSE

10        Any injuries or damages Plaintiff may have suffered were caused solely and proximately

11   by the acts and omissions of others.  The acts of others constitute intervening or superseding

12   causes of harm, if any, suffered by Plaintiff.

13

### TWELFTH DEFENSE

14        Plaintiff's claims are barred to the extent injuries alleged in the SAC, which the LG

15   Entities deny, were contributed to by the statements, acts, and/or omissions of Plaintiff and/or

16   third parties or entities, other than the LG Entities.

17

### THIRTEENTH DEFENSE

18        Plaintiff's claims are barred, in whole or in part, by Plaintiff's acquiescence and/or

19   confirmation of any and all conduct and/or omissions alleged as to the LG Entities.

20

### FOURTEENTH DEFENSE

21        Plaintiff's claims are barred because Plaintiff has not suffered actual, cognizable injury of

22   the type antitrust laws are intended to remedy.

23

### FIFTEENTH DEFENSE

24        To the extent that any actionable conduct occurred, Plaintiff's claims against the LG

25   Entities are barred because all such conduct would have been committed by individuals acting

26   ultra vires.

27

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

SIXTEENTH DEFENSE

Plaintiff's claims against the LG Entities are barred to the extent that Plaintiff has agreed to arbitration or chosen a different forum for the resolution of their claims.

SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to join indispensable parties.

NINETEENTH DEFENSE

Without admitting that Plaintiff is entitled to recover damages in this matter, the LG Entities are entitled to set off from any recovery Plaintiff may obtain against them by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

TWENTIETH DEFENSE

The LG Entities are separate and autonomous companies from LPD, and thus are not liable for Plaintiff's damages resulting from LPD's actions.

TWENTY-FIRST DEFENSE

Any award of treble damages would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the state constitution.

**RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES**

The LG Entities adopt by reference any additional applicable defenses pleaded by any other Defendant in this action. The LG Entities have not knowingly or intentionally waived any applicable defenses and explicitly reserve the right to assert any additional defenses and affirmative defenses as this action proceeds. The LG Entities further reserve the right to amend its Answer and/or defenses accordingly, and/or to delete defenses that it determines are not applicable as this action proceeds. The LG Entities further reserve the right to assert affirmative defenses that are unique to one or a subset of the claims asserted under the state law at issue in this action.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1          WHEREFORE, the LG Entities pray as follows:

2          1.      That the Plaintiff takes nothing by way of the SAC, and the action be dismissed

3    with prejudice;

4          2.      That judgment be entered in favor of the LG Entities and against Plaintiff with

5    respect to all causes of action in the SAC;

6          3.      That the Court award the LG Entities its attorneys' fees and all other costs

7    reasonably incurred in defense of this action; and

8          4.      That the Court award such other relief as it may deem just and proper.

9
     DATED:  November 4, 2013                  MUNGER, TOLLES & OLSON LLP
10                                                  WILLIAM D. TEMKO
                                                    HOJOON HWANG
11                                                  BETHANY W. KRISTOVICH
                                                    LAURA K. SULLIVAN
12

13

14                                             By:  _____/s/ Hojoon Hwang_____
15                                                  HOJOON HWANG
                                               Attorneys for LG ELECTRONICS, INC., LG
16                                             ELECRONICS USA, INC., AND LG ELECTRONICS
                                               TAIPEI CO., LTD
17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF LG ELECTRONICS *et al.*
                                                Master File No. 3:07-cv-05944-SC

1

## PROOF OF SERVICE

2        I, Angela Balestrieri, the undersigned, declare that I am over the age of 18 and not

3 a party to the within cause. I am employed by Munger, Tolles & Olson LLP in the County of San

4 Francisco, State of California. My business address is 560 Mission Street, Twenty-Seventh

5 Floor, San Francisco, California 94105-2907.

6        On November 4, 2013, I served upon the interested parties in this action the

7 following document, a copy of which is attached to this Proof of Service:

8
## ANSWER OF LG ELECTRONICS, INC. AND LG ELECTRONICS USA,
9 ## INC. TO SECOND AMENDED COMPLAINT BY TARGET CORP.

10   ☒   By placing ☐ the original(s) ☒ a true and correct copy via electronic Notice through ECF
         and/or, as set out below, in an addressed, sealed envelope(s) clearly labeled to identify the
11       person(s) being served at the address(es) set forth on the attached service list.

12   ☒   **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such
         envelope(s) to be placed in interoffice mail for collection and deposit in the United States
13       Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on
         that same date, following ordinary business practices. I am familiar with Munger, Tolles
14       & Olson LLP's practice for collection and processing correspondence for mailing with the
         United States Postal Service; in the ordinary course of business, correspondence placed in
15       interoffice mail is deposited with the United States Postal Service with first class postage
         thereon fully prepaid on the same day it is placed for collection and mailing.

16
     ☒   **TO BE SERVED ELECTRONICALLY VIA ECF THROUGH THE COURT'S**
17       **NOTIFICATION SYSTEM.**

18   ☒   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this
         court at whose direction the service was made.
19

20        Executed on November 4, 2013, at San Francisco, California.

21        I declare under penalty of perjury that the foregoing is true and correct. Executed

22 on November 4, 2013, at San Francisco, California.

23

24

25                                           Angela Balestrieri

26

27

28

22012232.1

1

**PROOF OF SERVICE BY MAIL**

2

Case No.:  3:07-CV-05944-SC

3

SERVICE LIST

Charles H. Johnson

4

Charles H Johnson & Associates PA

2599 Mississippi Street

5

New Brighton, MN 55113

6

Clinton Paul Walker

7

Damrell, Nelson, Schrimp, Pallios, Pache & Silva

1601 "I" Street

8

Fifth Floor

Modesto, CA 95354

9

10

Donna F. Solen

Mason Law Firm-Washington

11

1225 19th Street, NW, Suite 500

Washington, DC 20036

12

13

Gregory D. Hull

Weil, Gotshal & Manges LLP

14

201 Redwood Shores Parkway

Redwood Shores, CA 94065

15

16

Issac L. Diel

Sharp McQueen

17

6900 College Boulevard, Suite 285

Overland Park, KS 66211

18

Jean B. Roth

19

Mansfield Tanick & Cohen

1700 U.S. Bank Plaza South

20

220 South Sixth Street

Minneapolis, MN 55402-4511

21

22

John G. Emerson

Emerson Poynter LLP

23

830 Apollo Lane

Houston, TX 77058

24

25

John Gressette Felder , Jr

McGowan Hood Felder and Johnson

26

1405 Calhoun Street

Columbia, SC 29201

27

28

22012232.1

1    Katherine Hamilton Wheaton
     300 North LaSalle Street
2    Chicago, IL 60654

3
     Krishna B. Narine
4    Schiffrin & Barroway, LLP
     Three Bala Plaza East
5    Suite 400
     Bala Cynwyd, PA 19004
6

7    Lawrence D. McCabe
     Murray Frank & Sailer LLP
8    275 Madison Avenue
     New York, NY 10016
9

10   Lawrence P. Schaefer
     Mansfield Tanick & Cohen
11   1700 U.S. Bank Plaza South
     220 South Sixth Street
12   Minneapolis, MN 55402-4511

13
     Lewis Titus LeClair
14   McKool Smith
     300 Crescent Ct #1500
15   Dallas, TX 75201

16   Lori A. Fanning
     Miller Law LLC
17   115 South LaSalle Street, Suite 2910
     Chicago, IL 60603
18

19   Mark Reinhardt
     Reinhardt Wendorf & Blanchfield
20   East 1000 First National Bank Building
     322 Minnesota Street
21   St. Paul, MN 55101

22
     Martin E. Grossman
23   Law Offices of Martin E. Grossman
     2121 Green Brier Drive
24   Villanova, PA 19085

25
     Matthew E. Van Tine
26   Miller Law LLC
     115 South LaSalle Street, Suite 2910
27   Chicago, IL 60603

28
                                        - 2 -

22012232.1

1   Melissa Willett
    Boies, Schiller & Flexner
2   5301 Wisconsin Ave. NW
    Suite 800
3   Washington, DC 20015

4
    Mike McKool , Jr
5   McKool Smith, P.C.
    300 Crescent Court Ste 1500
6   Dallas, TX 75201

7
    Neal A Eisenbraun
8   Neal A Eisenbraun, Chartered
    2599 Mississippi Street
9   New Brighton, MN 55113

10
    Niki B. Okcu
11  AT&T Services, Inc. Legal Dept.
    525 Market Street, 20th Floor
12  San Francisco, CA 94105

13
    Patricia A. Conners
14  Attorney General's Office
    Department of Legal Affairs
15  Antitrust Section
    PL-01 The Capitol
16  Tallahassee, FL 32399-1050

17
    Paul F Novak
18  Milberg LLP
    One Kennedy Square
19  777 Woodward Avenue, Suite 890
    Detroit, MI 48226
20
    Richard M. Hagstrom
21  Zelle Hofmann Voelbel Mason & Gette LLP
    500 Washington Avenue South, Suite 4000
22  Minneapolis, MN 55415

23
    Robert B. Gerard
24  Gerard Selden & Osuch
    1516 Front Street
25  San Diego, CA 92101

26

27

28
                                    - 3 -

22012232.1

1    Roger Martin Schrimp
     Damrell Nelson Schrimp Pallios Pacher & Silva
2    1601 I Street 5th Floor
3    Modesto, CA 95354

4    Samuel J. Sharp
     701 13th Street NW
5    Washington, DC 20005

6    Steven A. Reiss
7    Weil Gotshal & Manges LLP
     767 Fifth Avenue
8    New York, NY 10153-0119

9    Traviss Levine Galloway
     Zelle Hofmann Voelbel Mason & Gette
10   44 Montgomery St #3400
     San Francisco, CA 94104
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE BY MAIL; CASE NO. 3:07-CV-05944-SC

22012232.1