1  WILLIAM D. TEMKO (State Bar No. 98858)
   william.temko@mto.com
2  BETHANY W. KRISTOVICH (State Bar No. 241891)
   Bethany.Kristovich@mto.com
3  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
4  Thirty-Fifth Floor
   Los Angeles, CA 90071-1560
5  Telephone:      (213) 683-9100
   Facsimile:      (213) 687-3702
6
   HOJOON HWANG (State Bar No. 184950)
7  hojoon.hwang@mto.com
   LAURA K. SULLIVAN (State Bar No. 281542)
8  Laura.Sullivan@mto.com
   MUNGER, TOLLES & OLSON LLP
9  560 Mission Street
   Twenty-Seventh Floor
10 San Francisco, California 94105-2907
   Telephone:      (415) 512-4000
11 Facsimile:      (415) 512-4077

12 Attorneys for LG ELECTRONICS, INC., LG
   ELECRONICS USA, INC., AND LG
13 ELECTRONICS TAIWAN TAIPEI CO., LTD

14                UNITED STATES DISTRICT COURT

15    NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

16

17
   P.C. RICHARD & SON LONG ISLAND          Case No. Master File No. 3:07-cv-05944-SC
18 CORPORATION; MARTA COOPERATIVE
   OF AMERICA, INC; and ABC                MDL NO. 1917
19 APPLIANCE, INC.,
                                           Individual Case no. 11-cv-02648
20           Plaintiffs,
                                           **ANSWER OF LG ELECTRONICS, INC.**
21      vs.                                **AND LG ELECTRONICS USA, INC. TO**
                                           **FIRST AMENDED COMPLAINT BY** P.C.
22 HITACHI, LTD.; HITACHI DISPLAYS,        **RICHARD & SON LONG ISLAND**
   LTD.; HITACHI AMERICA, LTD.;            **CORPORATION; MARTA**
23 HITACHI ASIA, LTD.; HITACHI             **COOPERATIVE OF AMERICA, INC;**
   ELECTRONIC DEVICES (USA), INC.;         **AND ABC APPLIANCE, INC.**
24 SHENZHEN SEG HITACHI COLOR
   DISPLAY DEVICES, LTD.; IRICO GROUP
25 CORPORATION; IRICO GROUP
   ELECTRONICS CO., LTD.; IRICO
26 DISPLAY DEVICES CO., LTD.; LG
   ELECTRONICS, INC.; LG ELECTRONICS
27 USA, INC.; LP DISPLAYS
   INTERNATIONAL LTD.; PANASONIC
28 CORPORATION; PANASONIC

21976709.1

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

CORPORATION OF NORTH AMERICA;
MT PICTURE DISPLAY CO., LTD.;
BEIJING MATSUSHITA COLOR CRT CO.,
LTD.; KONINKLIJKE PHILIPS
ELECTRONICS N.V.; PHILIPS
ELECTRONICS NORTH AMERICA
CORPORATION; PHILIPS ELECTRONICS
INDUSTRIES (TAIWAN), LTD.; PHILIPS
DA AMAZONIA INDUSTRIA
ELECTRONICA LTDA.; SAMSUNG SDI
CO., LTD.; SAMSUNG SDI AMERICA,
INC.; SAMSUNG SDI MEXICO S.A. DE
C.V.; SAMSUNG SDI BRASIL LTDA.;
SHENZHEN SAMSUNG SDI CO., LTD.;
TIANJIN SAMSUNG SDI CO., LTD.;
SAMSUNG SDI (MALAYSIA) SDN. BHD.;
SAMTEL COLOR LTD.; THAI CRT CO.,
LTD.; TOSHIBA CORPORATION;
TOSHIBA AMERICA, INC.; TOSHIBA
AMERICA CONSUMER PRODUCTS,
LLC; TOSHIBA AMERICA ELECTRONIC
COMPONENTS, INC.; TOSHIBA
AMERICA INFORMATION SYSTEMS,
INC.; CHUNGHWA PICTURE TUBES,
LTD.; CHUNGHWA PICTURE TUBES
(MALAYSIA),

Defendants.

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

Defendants LG ELECTRONICS, INC., and LG ELECTRONICS USA, INC. (the "LG Entities"), through undersigned counsel, hereby answer the allegations contained in the First Amended Complaint by Plaintiffs P.C. Richard & Son Long Island Corporation ("P.C. Richard"), MARTA Cooperative of America, Inc. ("MARTA"), and ABC Appliance, Inc. d/b/a ABC Warehouse ("ABC Warehouse") (collectively, "Plaintiffs") ("FAC").  Except as otherwise stated below, the LG Entities are without sufficient knowledge or information to form a belief concerning the truth of the allegations in the FAC that are directed toward other defendants.  The LG Entities' response to the allegations below are therefore limited to the truth or falsity of the allegations as they pertain to the LG Entities only.  The LG Entities deny all allegations in the FAC (including headings and captions) not specifically admitted in this Answer.

1.      The LG Entities deny the allegations contained in Paragraph 1.

2.      The LG Entities admit that during the Relevant Period, LG Electronics, Inc. manufactured CPTs, CDTs, and CRT Products, as the terms are defined in this Paragraph.  The LG Entities object to Plaintiffs' definition of "CRT Products," because this definition includes products at different levels of the production chain and creates confusion in attempting to respond to the allegations of the FAC, given that certain companies, including LG Electronics, Inc. ("LGEI"), do not manufacture and sell cathode ray tubes, while other defendants (including LG Electronics USA, Inc. ("LGEUSA")) do not manufacture either cathode ray tubes or finished products (such as televisions or computer monitors).

3.      The LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and on that basis deny those allegations.

4.      The LG Entities admit that during the Relevant Period, the business of manufacturing and selling CRTs was under significant pressure due to changes in technologies and customer preference, among other factors.  The LG Entities deny the remaining allegations contained in Paragraph 4.

5.      The LG Entities deny the allegations contained in Paragraph 5.

6.      The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 6 as they pertain to the LG Entities.

7.      The LG Entities deny the allegations contained in Paragraph 7.

8.      Paragraph 8 recites actions of various governmental agencies that are matters of public record and no response is required.

9.      The LG Entities lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis deny them.

10.     Paragraph 10 characterizes Plaintiffs' claims in the FAC and no response is required.

11.     Paragraph 11 characterizes Plaintiffs' claims in the FAC and no response is required.

12.     The LG Entities admit that the Court has subject matter jurisdiction over Plaintiffs' federal antitrust claims, if any, that satisfy the requirements of the Foreign Trade and Antitrust Improvement Act ("FTAIA").  The remainder of Paragraph 12 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

13.     The LG Entities deny the allegations contained in Paragraph 13.

14.     Paragraph 14 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

15.     Paragraph 15 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

16.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis deny them.

17.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis deny them.

18.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18 and on that basis deny them.

19.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19 and on that basis deny them.

20.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20 and on that basis deny them.

21.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 21 and on that basis deny them.

22.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 22 and on that basis deny them.

23.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 23 and on that basis deny them.

24.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 24 and on that basis deny them.

25.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 25 and on that basis deny them.

26.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 26 and on that basis deny them.

27.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 27 and on that basis deny them.

28.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 28 and on that basis deny them.

29.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 29 and on that basis deny them.

30.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 30 and on that basis deny them.

31.     Paragraph 31 describes the terminology used in the FAC and no response is required.

32.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 32 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

33.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 33 and on that basis deny them.

34.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 34 and on that basis deny them.

35.     Paragraph 35 describes the terminology used in the FAC and no response is required.

36.     The LG Entities admit that LGEI is a corporate entity organized under the laws of the Republic of Korea, and further admits the location of its headquarters as alleged in Paragraph 36.  LGEI admits that before July 2001, it spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays." Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 36.

37.     The LG Entities admit that LGEUSA is a Delaware corporation which is a wholly-owned subsidiary of LGEI and engaged in the marketing and sale of certain CRT Products during the Relevant Period, and the location of its headquarters as alleged in Paragraph 37.  Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 37.

38.     Paragraph 38 describes the terminology used in the FAC and no response is required.

39.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays" and that LGEI's interest in LP Displays was transferred to various third parties in the course of LP Displays' bankruptcy proceeding.  The remainder of the allegations of Paragraph 39 are not directed at the LG Entities and therefore no response is required.  To the

extent that a response is required, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 and on that basis deny them.

40.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 40 and on that basis deny them.

41.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 41 and on that basis deny them.

42.     Paragraph 42 describes the terminology used in the FAC and no response is required.

43.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 43 and on that basis deny them.

44.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 44 and on that basis deny them.

45.     The LG Entities admit that the new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  Except as so admitted, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 45 and on that basis deny them.

46.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 46 and on that basis deny them.

47.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 47 and on that basis deny them.

48.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 48 and on that basis deny them.

49.     Paragraph 49 describes the terminology used in the FAC and no response is required.

50.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 50 and on that basis deny them.

51.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 51 and on that basis deny them.

52.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 52 and on that basis deny them.

53.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 53 and on that basis deny them.

54.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 54 and on that basis deny them.

55.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 55 and on that basis deny them.

56.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 56 and on that basis deny them.

57.     Paragraph 57 describes the terminology used in the FAC and no response is required.

58.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 58 and on that basis deny them.

59.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 59 and on that basis deny them.

60.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 60 and on that basis deny them.

61.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 61 and on that basis deny them.

62.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 62 and on that basis deny them.

63.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 63 and on that basis deny them.

64.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 64 and on that basis deny them.

65.     Paragraph 65 describes the terminology used in the FAC and no response is required.

66.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 66 and on that basis deny them.

67.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 67 and on that basis deny them.

68.     Paragraph 68 describes the terminology used in the FAC and no response is required.

69.     The LG Entities deny the allegations contained in Paragraph 69.

70.     The LG Entities deny the allegations contained in Paragraph 70.

71.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 71 and on that basis deny them.

72.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 72 and on that basis deny them.

73.     Paragraph 73 describes the terminology used in the FAC and no response is required.

74.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 74 and on that basis deny them.

75.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 75 and on that basis deny them.

76.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 76 and on that basis deny them.

77.     The LG Entities deny the allegations contained in Paragraph 77.

78.     The LG Entities deny the allegations contained in Paragraph 78.

79.     The LG Entities deny the allegations contained in Paragraph 79.

80.     Paragraph 80 contains only legal conclusions to which no response is required.  To the extent that a response is required, the LG Entities deny the allegations.

81.     To the extent that Paragraph 81 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 81 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 81.

82.     To the extent that Paragraph 82 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 82 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 82.

83.     To the extent that Paragraph 83 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 83 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 83.

84.     To the extent that Paragraph 84 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 84 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 84.

85.     To the extent that Paragraph 85 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 85 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 85.

86.     To the extent that Paragraph 86 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 86 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 86.

87.     The LG Entities deny the allegations of Paragraph 87.

88.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 88 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

89.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 89 and on that basis deny them.

90.     The LG Entities deny the allegations of Paragraph 90.

91.     The LG Entities deny the allegations of Paragraph 91.

92.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 92 and on that basis deny them.

93.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 93 as they pertain to the LG Entities.

94.     The LG Entities admit that LGEI was a member of the Korea Display Industry Association.  To the extent that the remaining allegations contained in Paragraph 94 are directed to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and on that basis deny those allegations.  To the extent that the remaining allegations contained in Paragraph 94 are directed to the LG Entities, they are denied.

95.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V. (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring and was renamed "LP Displays." To the extent that the remaining allegations contained in Paragraph 95 are directed to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and on that basis deny those allegations. To the extent that the remaining allegations contained in Paragraph 95 are directed to the LG Entities, they are denied.

96.     The LG Entities deny the allegations contained in Paragraph 96.

1        97.      The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

2   and sales operations to a separate company which, effective July 2001, became part of a newly

3   formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD

4   – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

5   (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring

6   and was renamed "LP Displays."  The LG Entities further admit that Hitachi, Ltd. and LGEI

7   formed a joint venture in 2000 for the development, design and marketing of optical disk drives.

8   The LG Entities further admit that in 1999, LGEI entered into a joint venture agreement with

9   Koninklijke Philips Electronics N.V. with respect to the manufacture, sale, and marketing of TFT-

10  LCD panels.  To the extent that the remaining allegations contained in Paragraph 97 are directed

11  to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to

12  the truth of the allegations contained in Paragraph 97 and on that basis deny those allegations. To

13  the extent that the remaining allegations contained in Paragraph 97 are directed to the LG Entities,

14  they are denied.

15       98.      The LG Entities admit that during the Relevant Period, the demand for CRTs was

16  declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

17  Paragraph 98.

18       99.      The LG Entities deny the allegations contained in Paragraph 99.

19       100.     The LG Entities deny the allegations contained in Paragraph 100.

20       101.     The LG Entities admit that during the Relevant Period, the demand for CRTs was

21  declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

22  Paragraph 101.

23       102.     The LG Entities admit that CRTs were being rapidly replaced by TFT-LCD,

24  plasma and other display technologies between 2000 and 2006.  Except as so admitted, the LG

25  Entities deny the remaining allegations contained in Paragraph 102.

26       103.     The LG Entities deny the allegations contained in Paragraph 103.

27       104.     The LG Entities admit that during the Relevant Period, the demand for CRTs was

28  declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to

1    form a belief as to the truth of the allegations contained in Paragraph 104 and on that basis deny

2    those allegations.

3        105.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

4    declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to

5    form a belief as to the truth of the allegations contained in Paragraph 105 and on that basis deny

6    those allegations.

7        106.    To the extent that Paragraph 106 describes CRT technology generally, the LG

8    Entities admit the allegations of Paragraph 106 but also aver that the allegations do not describe

9    comprehensively and accurately all variants of CRT technology.  The LG Entities deny any

10   remaining allegations of Paragraph 106.

11       107.    The LG Entities deny the allegations contained in Paragraph 107.

12       108.    The LG Entities lack information or knowledge sufficient to form a belief as to the

13   truth of the allegations of Paragraph 108 and on that basis deny them.

14       109.    The LG Entities lack information or knowledge sufficient to form a belief as to the

15   truth of the allegations of Paragraph 109 and on that basis deny them.

16       110.    The LG Entities deny the allegations contained in Paragraph 110.

17       111.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

18   CRT business had discussions with other CRT manufacturers about prices and output for certain

19   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

20   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

21   allegations of Paragraph 111 as they pertain to the LG Entities.

22       112.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

23   CRT business had discussions with other CRT manufacturers about prices and output for certain

24   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

25   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

26   allegations of Paragraph 112 as they pertain to the LG Entities.

27       113.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

28   CRT business had discussions with other CRT manufacturers about prices and output for certain

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 113 as they pertain to the LG Entities.

114.    The LG Entities deny the allegations contained in Paragraph 114.

115.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  The LG Entities further admit that some of the meetings at which such discussions occurred were sometimes referred to by some participants as "glass meetings."  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 115 as they pertain to the LG Entities.

116.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 116 as they pertain to the LG Entities.

117.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 117 as they pertain to the LG Entities.

118.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 118 as they pertain to the LG Entities.

119.     The allegations of Paragraph 119 are directed to other defendants, and the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 119 and on that basis deny them.

120.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 120 as they pertain to the LG Entities.

121.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  The LG Entities further admit that some of the meetings at which such discussions occurred were held in conjunction with a golf outing.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 121 as they pertain to the LG Entities.

122.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 122 as they pertain to the LG Entities.

123.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  The LG Entities further admit that information was exchanged in advance of some of the meetings at which such discussion occurred.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 123 as they pertain to the LG Entities.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

124.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 124 as they pertain to the LG Entities.

125.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 125 as they pertain to the LG Entities.

126.    The LG Entities deny the allegations of Paragraph 126.

127.    The LG Entities deny the allegations of Paragraph 127.

128.    The LG Entities deny the allegations of Paragraph 128.

129.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 129 as they pertain to the LG Entities.

130.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 130 as they pertain to the LG Entities.

131.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 131 as they pertain to the LG Entities.

132.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 132 as they pertain to the LG Entities.

133.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 133 as they pertain to the LG Entities.

134.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 134 as they pertain to the LG Entities.

135.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 135 as they pertain to the LG Entities.

136.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 136 and on that basis deny them.

137.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 137 and on that basis deny them.

138.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 138 and on that basis deny them.

139.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 139.  The LG Entities specifically deny that any individual employed by LGPD – an independent company – attended meetings, participated in discussions, or entered agreements with competitors on behalf of or at the direction of the LG Entities or any of them. The LG Entities also deny that any individual employed by LGPD was simultaneously employed by or reported to LGEI.

140.    The LG Entities deny the allegations contained in Paragraph 140.

141.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 141 and on that basis deny them.

142.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 142 and on that basis deny them.

143.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 143 and on that basis deny them.

144.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 144 and on that basis deny them.

145.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 145 and on that basis deny them.

146.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 146 and on that basis deny them.

147.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 147 and on that basis deny them.

148.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 148 and on that basis deny them.

149.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 149 and on that basis deny them.

150.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 150 and on that basis deny them.

151.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 151 and on that basis deny them.

152.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 152 and on that basis deny them.

153.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 153 and on that basis deny them.

154.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 154 and on that basis deny them.

155.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 155 and on that basis deny them.

156.    To the extent that Paragraph 156 describes the use of terminology by Plaintiffs in the FAC, no response is required.  The LG Entities deny the remaining allegations contained in Paragraph 156.

157.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 157 and on that basis deny them.

158.    To the extent that Paragraph 158 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 158 and on that basis deny them.

159.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 159 and on that basis deny them.

160.    To the extent that Paragraph 160 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations of Paragraph 160 as they pertain to the LG Entities.

161.    To the extent that Paragraph 161 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

2  the truth of the allegations of Paragraph 161 and on that basis deny them.

3       162.    To the extent that Paragraph 162 purports to describe the contents of a document,

4  the document speaks for itself and no response is required.  To the extent that a response is

5  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

6  the truth of the allegations of Paragraph 162 and on that basis deny them.

7       163.    The LG Entities deny the allegations contained in Paragraph 163.

8       164.    The LG Entities lack information or knowledge sufficient to form a belief as to the

9  truth of the allegations of Paragraph 164 and on that basis deny them.

10       165.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

11  declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to

12  form a belief as to the truth of the allegations contained in Paragraph 165 and on that basis deny

13  those allegations.  To the extent that Paragraph 165 purports to describe the contents of a

14  document, the document speaks for itself and no response is required.

15       166.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

16  declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

17  Paragraph 166.

18       167.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

19  declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

20  Paragraph 167.

21       168.    The LG Entities admit that the Antitrust Division of the United States Department

22  of Justice commenced an investigation related to CRTs.  Except as specifically admitted in the

23  foregoing, the LG Entities deny any remaining allegations contained in Paragraph 168.

24       169.    The LG Entities admit that the European Commission and Japan and South Korea's

25  Fair Trade Commissions opened investigations related to CRTs.  Except as specifically admitted

26  in the foregoing, the LG Entities deny any remaining allegations contained in Paragraph 169.

27       170.    To the extent that Paragraph 170 purports to describe the contents of a document,

28  the LG Entities respond that the document speaks for itself and no response is required.  To the

extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 170 and on that basis deny them.

171.     To the extent that Paragraph 171purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 171 and on that basis deny them.

172.     To the extent that Paragraph 172 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 172 and on that basis deny them.

173.     To the extent that Paragraph 173 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 173 and on that basis deny them.

174.     To the extent that Paragraph 174 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 174 and on that basis deny them.

175.     To the extent that Paragraph 175 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 175 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

176.    To the extent that Paragraph 176 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 176 and on that basis deny them.

177.    To the extent that Paragraph 177 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 177 and on that basis deny them.

178.    To the extent that Paragraph 178 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 178 and on that basis deny them.

179.    The LG Entities admit that the European Commission imposed fines in the amount stated against the companies listed.  Except as specifically admitted in the foregoing, the LG Entities deny any remaining allegations contained in Paragraph 179.

180.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 180 and on that basis deny them.

181.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 181 and on that basis deny them.

182.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 182 and on that basis deny them.

183.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 183 and on that basis deny them.

184.    To the extent that Paragraph 184 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the

extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 184 and on that basis deny them.

185.    To the extent that Paragraph 185 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 185 and on that basis deny them.

186.    To the extent that Paragraph 186 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 186 and on that basis deny them.

187.    To the extent that Paragraph 187 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 187 and on that basis deny them.

188.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 188 and on that basis deny them.

189.    The LG Entities admit that LGEI was a member of Korean Display Equipment Material Industry Association and Electronic Display Industrial Research Association of Korea, and has participated in the Korea Display Conference.  Except as specifically admitted in the foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 189 and on that basis deny them.

190.    The LG Entities admit that LGEI was a member of Korean Display Equipment Material Industry Association and Electronic Display Industrial Research Association of Korea, and has participated in the Korea Display Conference.  Except as specifically admitted in the

foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 190.

191.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 191 and on that basis deny them.

192.    The LG Entities deny the allegations of Paragraph 192.

193.    The LG Entities deny the allegations of Paragraph 193.

194.    To the extent that Paragraph 194 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 194 and on that basis deny them.

195.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 195 and on that basis deny them.

196.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 196 and on that basis deny them.

197.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 197 and on that basis deny them.

198.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 198 and on that basis deny them.

199.    To the extent that Paragraph 199 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 199 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 199.

200.    Paragraph 200 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 200 and on that basis deny them.

201.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 201 and on that basis deny them.

202.     To the extent that Paragraph 202 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 202 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 202.

203.     To the extent that Paragraph 203 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 203 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 203.

204.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 204 and on that basis deny them.

205.     To the extent that Paragraph 205 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 205 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 205.

206.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 206 and on that basis deny them.

207.     The LG Entities deny the allegations contained in Paragraph 207.

208.     The LG Entities deny the allegations contained in Paragraph 208.

209.     The LG Entities deny the allegations contained in Paragraph 209.

210.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 210 and that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 210.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

211.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 211 and on that basis deny them.

212.   To the extent that Paragraph 212 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 212 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 212.

213.   The LG Entities deny the allegations contained in Paragraph 213.

214.   The LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 214 and on that basis deny those allegations.  The LG Entities deny the remaining allegations contained in Paragraph 214.

215.   The LG Entities deny the allegations contained in Paragraph 215.

216.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 216 concerning Plaintiffs' knowledge and on that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 216.

217.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 217 concerning Plaintiffs' knowledge and on that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 217.

218.   The LG Entities deny the allegations contained in Paragraph 218.

219.   The LG Entities deny the allegations contained in Paragraph 219.

220.   The LG Entities deny the allegations contained in Paragraph 220.

221.   The LG Entities deny the allegations contained in Paragraph 221.

222.   The LG Entities deny the allegations contained in Paragraph 222.

223.   The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 223.

224.   The LG Entities deny the allegations contained in Paragraph 224.

225.   To the extent that Paragraph 225 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is

1  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

2  the truth of the allegations of Paragraph 225 and on that basis deny them.

3      226.    The LG Entities deny the allegations contained in Paragraph 226.

4      227.    The LG Entities deny the allegations contained in Paragraph 227.

5      228.    Paragraph 228 consists of legal conclusions to which no response is required.  To

6  the extent that a response is deemed necessary, the LG Entities deny the allegations.

7      229.    The LG Entities admit that the Antitrust Division of the United States Department

8  of Justice commenced an investigation related to CRTs.  The second sentence of Paragraph 229

9  consists of legal conclusions to which no response is required.  Except as specifically admitted in

10  the foregoing, and to the extent that a response is deemed necessary, the LG Entities deny the

11  allegations.

12      230.    To the extent that Paragraph 230 purports to describe the contents of a document,

13  the document speaks for itself and no response is required.  To the extent that Paragraph 230

14  consists of legal conclusions, no response is required.  To the extent that a response is deemed

15  necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth

16  of the allegations of Paragraph 230 and on that basis deny them.

17      231.    Paragraph 231 consists of legal conclusions to which no response is required.  To

18  the extent that a response is deemed necessary, the LG Entities deny the allegations.

19      232.    The LG Entities hereby incorporate by reference its answers to each and every

20  allegation set forth in the preceding paragraphs.

21      233.    The LG Entities deny the allegations contained in Paragraph 233.

22      234.    The LG Entities deny the allegations contained in Paragraph 234.

23      235.    The LG Entities deny the allegations contained in Paragraph 235.

24      236.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

25  CRT business had discussions with other CRT manufacturers about prices and output for certain

26  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

27  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

28  allegations of Paragraph 236 as they pertain to the LG Entities.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

237.    The LG Entities deny the allegations contained in Paragraph 237.

238.    The LG Entities deny the allegations contained in Paragraph 238.

239.    The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

240.    To the extent that Paragraph 240 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 240.

241.    To the extent that Paragraph 241 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 241.

242.    The LG Entities deny the allegations contained in Paragraph 242.

243.    The LG Entities deny the allegations contained in Paragraph 243.

244.    The LG Entities deny the allegations contained in Paragraph 244.

245.    To the extent that Paragraph 245 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 245.

246.    To the extent that Paragraph 246 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 246.

247.    To the extent that Paragraph 247 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 247.

248.    To the extent that Paragraph 248 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 248.

## RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND

The paragraphs of the FAC following the header "Prayer for Relief" and "Jury Trial Demanded" do not require a response.  To the extent that those paragraphs require a response, the LG Entities deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.

**AFFIRMATIVE DEFENSES**

Without conceding that it bears the burden of proof as to any of these defenses, the LG Entities allege the following affirmative defenses to the allegations set forth in the FAC:

FIRST DEFENSE

The FAC fails to state a claim upon which relief can be granted because Plaintiffs' claims are ambiguous, vague, and/or unintelligible; because Plaintiffs have failed to alleged fraud or fraudulent concealment with sufficient particularity; and/or because Plaintiffs have failed to allege conspiracy with sufficient particularity.  The LG Entities aver that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit the LG Entities to ascertain all defenses that may exist.

SECOND DEFENSE

The claims set forth in the FAC are barred by the statute of limitations.

THIRD DEFENSE

Without conceding the existence of any conspiracy, Plaintiffs' claims are barred because the LG Entities effectively withdrew from any alleged conspiracy.

FOURTH DEFENSE

The conduct alleged by Plaintiffs in the FAC to form the basis of certain of Plaintiffs' claims has not had a direct, substantial, and reasonably foreseeable effect on trade or commerce with the United States.  The Court therefore lacks subject matter jurisdiction.

FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they are based upon foreign sales by defendants, because Plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a and/or *Hartford Fire Ins. Co. v. California*, 509 U.S. 764 (1993).

<u>SIXTH DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, to the extent that they did not purchase CRTs directly from defendants, because they are indirect purchasers and barred from maintaining an action for alleged injuries in that capacity.

<u>SEVENTH DEFENSE</u>

Plaintiffs' claims are barred because Plaintiffs lack standing to sue for the injuries alleged in the FAC.

<u>EIGHTH DEFENSE</u>

Plaintiffs are barred from recovery of any damages because of and to the extent of their failure to mitigate damages, or alternatively any claimed injury or damage has been offset by benefits received by Plaintiffs with respect to the challenged conduct.

<u>NINTH DEFENSE</u>

Plaintiffs' claims for damages are barred because Plaintiffs have suffered no injury or damages as a result of the matters alleged in the FAC, or alternatively, because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

<u>TENTH DEFENSE</u>

Any injuries or damages Plaintiffs may have suffered were not caused, either actually or proximately, by the acts and omissions of the LG Entities.

<u>ELEVENTH DEFENSE</u>

Any injuries or damages Plaintiffs may have suffered were caused solely and proximately by the acts and omissions of others.  The acts of others constitute intervening or superseding causes of harm, if any, suffered by Plaintiffs.

<u>TWELFTH DEFENSE</u>

Plaintiffs' claims are barred to the extent injuries alleged in the FAC, which the LG Entities deny, were contributed to by the statements, acts, and/or omissions of Plaintiffs and/or third parties or entities, other than the LG Entities.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to the LG Entities.

FOURTEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs have not suffered actual, cognizable injury of the type antitrust laws are intended to remedy.

FIFTEENTH DEFENSE

To the extent that any actionable conduct occurred, Plaintiffs' claims against the LG Entities are barred because all such conduct would have been committed by individuals acting ultra vires.

SIXTEENTH DEFENSE

Plaintiffs' claims against the LG Entities are barred to the extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to join indispensable parties.

NINETEENTH DEFENSE

Without admitting that Plaintiffs are entitled to recover damages in this matter, the LG Entities are entitled to set off from any recovery Plaintiffs may obtain against them by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

TWENTIETH DEFENSE

The LG Entities are separate and autonomous companies from LPD, and thus are not liable for Plaintiffs' damages resulting from LPD's actions.

TWENTY-FIRST DEFENSE

Any award of treble damages would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the state constitution.

## RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES

The LG Entities adopt by reference any additional applicable defenses pleaded by any other Defendant in this action.  The LG Entities have not knowingly or intentionally waived any applicable defenses and explicitly reserve the right to assert any additional defenses and affirmative defenses as this action proceeds.  The LG Entities further reserve the right to amend its Answer and/or defenses accordingly, and/or to delete defenses that it determines are not applicable as this action proceeds.  The LG Entities further reserve the right to assert affirmative defenses that are unique to one or a subset of the claims asserted under the state law at issue in this action.

WHEREFORE, the LG Entities pray as follows:

1.    That the Plaintiffs take nothing by way of the FAC, and the action be dismissed with prejudice;

2.    That judgment be entered in favor of the LG Entities and against Plaintiffs with respect to all causes of action in the FAC;

3.    That the Court award the LG Entities its attorneys' fees and all other costs reasonably incurred in defense of this action; and

4.    That the Court award such other relief as it may deem just and proper.

DATED:  November 4, 2013          MUNGER, TOLLES & OLSON LLP
                                  WILLIAM D. TEMKO
                                  HOJOON HWANG
                                  BETHANY W. KRISTOVICH
                                  LAURA K. SULLIVAN


                                  By:    _/s/ Hojoon Hwang_____
                                         HOJOON HWANG
                                  Attorneys for LG ELECTRONICS, INC., LG
                                  ELECRONICS USA, INC., AND LG ELECTRONICS
                                  TAIWAN TAIPEI CO., LTD

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1                               **PROOF OF SERVICE**

2           I, Angela Balestrieri, the undersigned, declare that I am over the age of 18 and not

3 a party to the within cause.  I am employed by Munger, Tolles & Olson LLP in the County of San

4 Francisco, State of California.  My business address is 560 Mission Street, Twenty-Seventh

5 Floor, San Francisco, California  94105-2907.

6           On November 4, 2013, I served upon the interested parties in this action the

7 following document, a copy of which is attached to this Proof of Service:

8
9       **ANSWER OF LG ELECTRONICS, INC. AND LG ELECTRONICS USA,**
      **INC. TO FIRST AMENDED COMPLAINT BY P.C. RICHARD & SON**
      **LONG ISLAND CORPORATION; MARTA COOPERATIVE OF**
10          **AMERICA, INC; AND ABC APPLIANCE, INC.**

11  ☒  By placing ☐ the original(s) ☒ a true and correct copy via electronic Notice through ECF
      and/or, as set out below, in an addressed, sealed envelope(s) clearly labeled to identify the
12     person(s) being served at the address(es) set forth on the attached service list.

13  ☒  **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such
      envelope(s) to be placed in interoffice mail for collection and deposit in the United States
14     Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on
      that same date, following ordinary business practices.  I am familiar with Munger, Tolles
15     & Olson LLP's practice for collection and processing correspondence for mailing with the
      United States Postal Service; in the ordinary course of business, correspondence placed in
16     interoffice mail is deposited with the United States Postal Service with first class postage
      thereon fully prepaid on the same day it is placed for collection and mailing.
17

18  ☒  **TO BE SERVED ELECTRONICALLY VIA ECF THROUGH THE COURT'S**
      **NOTIFICATION SYSTEM.**

19  ☒  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this
20     court at whose direction the service was made.

21          Executed on November 4, 2013, at San Francisco, California.

22          I declare under penalty of perjury that the foregoing is true and correct.  Executed

23 on November 4, 2013, at San Francisco, California.

24

25

26                                         Angela Balestrieri

27

28

22012232.1

1

**PROOF OF SERVICE BY MAIL**

2

Case No.:  3:07-CV-05944-SC

3

SERVICE LIST

4

Charles H. Johnson
Charles H Johnson & Associates PA
2599 Mississippi Street
New Brighton, MN 55113

5

6

Clinton Paul Walker
Damrell, Nelson, Schrimp, Pallios, Pache & Silva
1601 "I" Street
Fifth Floor
Modesto, CA 95354

7

8

9

10

Donna F. Solen
Mason Law Firm-Washington
1225 19th Street, NW, Suite 500
Washington, DC 20036

11

12

13

Gregory D. Hull
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

14

15

16

Issac L. Diel
Sharp McQueen
6900 College Boulevard, Suite 285
Overland Park, KS 66211

17

18

19

Jean B. Roth
Mansfield Tanick & Cohen
1700 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4511

20

21

22

John G. Emerson
Emerson Poynter LLP
830 Apollo Lane
Houston, TX 77058

23

24

25

John Gressette Felder , Jr
McGowan Hood Felder and Johnson
1405 Calhoun Street
Columbia, SC 29201

26

27

28

22012232.1

1

Katherine Hamilton Wheaton
300 North LaSalle Street

2

Chicago, IL 60654

3

Krishna B. Narine

4

Schiffrin & Barroway, LLP
Three Bala Plaza East

5

Suite 400
Bala Cynwyd, PA 19004

6

7

Lawrence D. McCabe
Murray Frank & Sailer LLP

8

275 Madison Avenue
New York, NY 10016

9

10

Lawrence P. Schaefer
Mansfield Tanick & Cohen

11

1700 U.S. Bank Plaza South
220 South Sixth Street

12

Minneapolis, MN 55402-4511

13

Lewis Titus LeClair

14

McKool Smith
300 Crescent Ct #1500

15

Dallas, TX 75201

16

Lori A. Fanning
Miller Law LLC

17

115 South LaSalle Street, Suite 2910
Chicago, IL 60603

18

19

Mark Reinhardt
Reinhardt Wendorf & Blanchfield

20

East 1000 First National Bank Building
322 Minnesota Street

21

St. Paul, MN 55101

22

Martin E. Grossman

23

Law Offices of Martin E. Grossman
2121 Green Brier Drive

24

Villanova, PA 19085

25

Matthew E. Van Tine

26

Miller Law LLC
115 South LaSalle Street, Suite 2910

27

Chicago, IL 60603

28

- 2 -

22012232.1

1
2
3
4

Melissa Willett
Boies, Schiller & Flexner
5301 Wisconsin Ave. NW
Suite 800
Washington, DC 20015

5
6

Mike McKool , Jr
McKool Smith, P.C.
300 Crescent Court Ste 1500
Dallas, TX 75201

7
8
9

Neal A Eisenbraun
Neal A Eisenbraun, Chartered
2599 Mississippi Street
New Brighton, MN 55113

10
11
12

Niki B. Okcu
AT&T Services, Inc. Legal Dept.
525 Market Street, 20th Floor
San Francisco, CA 94105

13
14
15
16

Patricia A. Conners
Attorney General's Office
Department of Legal Affairs
Antitrust Section
PL-01 The Capitol
Tallahassee, FL 32399-1050

17
18
19
20

Paul F Novak
Milberg LLP
One Kennedy Square
777 Woodward Avenue, Suite 890
Detroit, MI 48226

21
22
23

Richard M. Hagstrom
Zelle Hofmann Voelbel Mason & Gette LLP
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415

24
25
26
27
28

Robert B. Gerard
Gerard Selden & Osuch
1516 Front Street
San Diego, CA 92101

22012232.1

1   Roger Martin Schrimp
2   Damrell Nelson Schrimp Pallios Pacher & Silva
    1601 I Street 5th Floor
3   Modesto, CA 95354

4   Samuel J. Sharp
    701 13th Street NW
5   Washington, DC 20005

6   Steven A. Reiss
7   Weil Gotshal & Manges LLP
    767 Fifth Avenue
8   New York, NY 10153-0119

9   Traviss Levine Galloway
    Zelle Hofmann Voelbel Mason & Gette
10  44 Montgomery St #3400
    San Francisco, CA 94104
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

PROOF OF SERVICE BY MAIL; CASE NO. 3:07-CV-05944-SC

22012232.1