1   WILLIAM D. TEMKO (State Bar No. 98858)
    william.temko@mto.com
2   BETHANY W. KRISTOVICH (State Bar No. 241891)
    Bethany.Kristovich@mto.com
3   MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue
4   Thirty-Fifth Floor
    Los Angeles, CA 90071-1560
5   Telephone:    (213) 683-9100
    Facsimile:    (213) 687-3702
6
    HOJOON HWANG (State Bar No. 184950)
7   hojoon.hwang@mto.com
    LAURA K. SULLIVAN (State Bar No. 281542)
8   Laura.Sullivan@mto.com
    MUNGER, TOLLES & OLSON LLP
9   560 Mission Street
    Twenty-Seventh Floor
10  San Francisco, California 94105-2907
    Telephone:    (415) 512-4000
11  Facsimile:    (415) 512-4077

12  Attorneys for LG ELECTRONICS, INC., LG
    ELECRONICS USA, INC., AND LG
13  ELECTRONICS TAIWAN TAIPEI CO., LTD

14

UNITED STATES DISTRICT COURT

15

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

16

17

| | |
|---|---|
| 18   ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP., | Case No. Master File No. 3:07-cv-05944-SC |
| 19 | MDL NO. 1917 |
| 20          Plaintiffs, | Individual Case no. 11-cv-01656 |
| 21          vs. | **ANSWER OF LG ELECTRONICS, INC. AND LG ELECTRONICS USA, INC. TO SECOND AMENDED COMPLAINT BY ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.** |
| 22   HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; | |
| 23   HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; | |
| 24   SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP | |
| 25   CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO | |
| 26   DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS | |
| 27   USA, INC.; LP DISPLAYS INTERNATIONAL LTD.; PANASONIC | |
| 28   CORPORATION; PANASONIC | |

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

21976446.1

CORPORATION OF NORTH AMERICA;
MT PICTURE DISPLAY CO., LTD.;
BEIJING MATSUSHITA COLOR CRT CO.,
LTD.; KONINKLIJKE PHILIPS
ELECTRONICS N.V.; PHILIPS
ELECTRONICS NORTH AMERICA
CORPORATION; PHILIPS ELECTRONICS
INDUSTRIES (TAIWAN), LTD.; PHILIPS
DA AMAZONIA INDUSTRIA
ELECTRONICA LTDA.; SAMSUNG SDI
CO., LTD.; SAMSUNG SDI AMERICA,
INC.; SAMSUNG SDI MEXICO S.A. DE
C.V.; SAMSUNG SDI BRASIL LTDA.;
SHENZHEN SAMSUNG SDI CO., LTD.;
TIANJIN SAMSUNG SDI CO., LTD.;
SAMSUNG SDI (MALAYSIA) SDN. BHD.;
SAMTEL COLOR LTD.; THAI CRT CO.,
LTD.; TOSHIBA CORPORATION;
TOSHIBA AMERICA, INC.; TOSHIBA
AMERICA CONSUMER PRODUCTS,
LLC; TOSHIBA AMERICA ELECTRONIC
COMPONENTS, INC.; TOSHIBA
AMERICA INFORMATION SYSTEMS,
INC.,

                    Defendants.

1            Defendants LG ELECTRONICS, INC., and LG ELECTRONICS USA, INC. (the

2    "LG Entities"), through undersigned counsel, hereby answer the allegations contained in the First

3    Amended Complaint by Electrograph Systems, Inc. and Electrograph Technologies Corp.

4    ("Electrograph" or "Plaintiffs") ("SAC").  Except as otherwise stated below, the LG Entities are

5    without sufficient knowledge or information to form a belief concerning the truth of the

6    allegations in the SAC that are directed toward other defendants.  The LG Entities' response to the

7    allegations below are therefore limited to the truth or falsity of the allegations as they pertain to

8    the LG Entities only.  The LG Entities deny all allegations in the SAC (including headings and

9    captions) not specifically admitted in this Answer.

10           1.      The LG Entities deny the allegations contained in Paragraph 1.

11           2.      The LG Entities admit that during the Relevant Period, LG Electronics, Inc.

12    manufactured CPTs, CDTs, and CRT Products, as the terms are defined in this Paragraph.  The

13    LG Entities object to Plaintiffs' definition of "CRT Products," because this definition includes

14    products at different levels of the production chain and creates confusion in attempting to respond

15    to the allegations of the FAC, given that certain companies, including LG Electronics, Inc.

16    ("LGEI"), do not manufacture and sell cathode ray tubes, while other defendants (including LG

17    Electronics USA, Inc. ("LGEUSA") do not manufacture either cathode ray tubes or finished

18    products (such as televisions or computer monitors).

19           3.      The LG Entities lack knowledge or information sufficient to form a belief as to the

20    truth of the allegations contained in Paragraph 3 and on that basis deny those allegations.

21           4.      The LG Entities admit that during the Relevant Period, the business of

22    manufacturing and selling CRTs was under significant pressure due to changes in technologies

23    and customer preference, among other factors.  The LG Entities deny the remaining allegations

24    contained in Paragraph 4.

25           5.      The LG Entities deny the allegations contained in Paragraph 5.

26           6.      The LG Entities admit that, prior to July 2001, some employees of LGEI's former

27    CRT business had discussions with other CRT manufacturers about prices and output for certain

28    types and sizes of CRTs over specified periods of time in certain geographic regions other than the

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 6 as they pertain to the LG Entities.

7.      The LG Entities deny the allegations contained in Paragraph 7.

8.      Paragraph 8 recites actions of various governmental agencies that are matters of public record and no response is required.

9.      The LG Entities lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis deny them.

10.      Paragraph 10 characterizes Plaintiffs' claims in the SAC and no response is required.

11.      Paragraph 11 characterizes Plaintiffs' claims in the SAC and no response is required.

12.      Paragraph 12 characterizes Plaintiffs' claims in the SAC and no response is required.

13.      The LG Entities admit that the Court has subject matter jurisdiction over CompuCom's federal antitrust claims, if any, that satisfy the requirements of the Foreign Trade and Antitrust Improvement Act ("FTAIA").  The remainder of Paragraph 13 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

14.      The LG Entities deny the allegations contained in Paragraph 14.

15.      The LG Entities deny the allegations contained in Paragraph 15.

16.      Paragraph 16 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

17.      Paragraph 17 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

18.      The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18 and on that basis deny them.

19.      The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19 and on that basis deny them.

20. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20 and on that basis deny them.

21. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 21 and on that basis deny them.

22. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 22 and on that basis deny them.

23. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 23 and on that basis deny them.

24. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 24 and on that basis deny them.

25. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 25 and on that basis deny them.

26. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 26 and on that basis deny them.

27. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 27 and on that basis deny them.

28. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 28 and on that basis deny them.

29. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 29 and on that basis deny them.

30. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 30 and on that basis deny them.

31. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 31 and on that basis deny them.

32. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 32 and on that basis deny them.

33. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 33 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

34.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 34 and on that basis deny them.

35.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 35 and on that basis deny them.

36.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 36 and on that basis deny them.

37.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 37 and on that basis deny them.

38.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 38 and on that basis deny them.

39.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 39 and on that basis deny them.

40.     Paragraph 40 describes the terminology used in the SAC and no response is required.

41.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 41 and on that basis deny them.

42.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 42 and on that basis deny them.

43.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 43 and on that basis deny them.

44.     Paragraph 44 describes the terminology used in the SAC and no response is required.

45.     The LG Entities admit that LGEI is a corporate entity organized under the laws of the Republic of Korea, and further admits the location of its headquarters as alleged in Paragraph 45.  LGEI admits that before July 2001, it spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal

1  Phillips"). In 2006, LPD went through a corporate restructuring and was named "LP Displays."

2  Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 45.

3       46.     The LG Entities admit that LGEUSA is a Delaware corporation which is a wholly-

4  owned subsidiary of LGEI and engaged in the marketing and sale of certain CRT Products during

5  the Relevant Period, and the location of its headquarters as alleged in Paragraph 46. Except as so

6  admitted, the LG Entities deny the remaining allegations of Paragraph 46.

7       47.     Paragraph 47 describes the terminology used in the SAC and no response is

8  required.

9       48.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

10  and sales operations to a separate company which, effective July 2001, became part of a newly-

11  formed entity known as LG.Phillips Display Holding B.V. The new entity – called LPD – was

12  formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes

13  referred to as "Royal Phillips"). In 2006, LPD went through a corporate restructuring and was

14  named "LP Displays" and that LGEI's interest in LP Displays was transferred to various third

15  parties in the course of LP Displays' bankruptcy proceeding. The remainder of the allegations of

16  Paragraph 48 are not directed at the LG Entities and therefore no response is required. To the

17  extent that a response is required, the LG Entities lack information or knowledge sufficient to form

18  a belief as to the truth of the remaining allegations of Paragraph 48 and on that basis deny them.

19       49.     The LG Entities lack information or knowledge sufficient to form a belief as to the

20  truth of the allegations of Paragraph 49 and on that basis deny them.

21       50.     The LG Entities lack information or knowledge sufficient to form a belief as to the

22  truth of the allegations of Paragraph 50 and on that basis deny them.

23       51.     Paragraph 51 describes the terminology used in the SAC and no response is

24  required.

25       52.     The LG Entities lack information or knowledge sufficient to form a belief as to the

26  truth of the allegations of Paragraph 52 and on that basis deny them.

27       53.     The LG Entities lack information or knowledge sufficient to form a belief as to the

28  truth of the allegations of Paragraph 53 and on that basis deny them.

54.     The LG Entities admit that the new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  Except as so admitted, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 54 and on that basis deny them.

55.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 55 and on that basis deny them.

56.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 56 and on that basis deny them.

57.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 57 and on that basis deny them.

58.     Paragraph 58 describes the terminology used in the SAC and no response is required.

59.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 59 and on that basis deny them.

60.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 60 and on that basis deny them.

61.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 61 and on that basis deny them.

62.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 62 and on that basis deny them.

63.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 63 and on that basis deny them.

64.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 64 and on that basis deny them.

65.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 65 and on that basis deny them.

66.     Paragraph 66 describes the terminology used in the SAC and no response is required.

67.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 67 and on that basis deny them.

68.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 68 and on that basis deny them.

69.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 69 and on that basis deny them.

70.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 70 and on that basis deny them.

71.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 71 and on that basis deny them.

72.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 72 and on that basis deny them.

73.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 73 and on that basis deny them.

74.     Paragraph 74 describes the terminology used in the SAC and no response is required.

75.     The LG Entities deny the allegations contained in Paragraph 75.

76.     The LG Entities deny the allegations contained in Paragraph 76.

77.     The LG Entities deny the allegations contained in Paragraph 77.

78.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 78 and on that basis deny them.

79.     Paragraph 79 describes the terminology used in the SAC and no response is required.

80.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 80 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

81.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 81 and on that basis deny them.

82.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 82 and on that basis deny them.

83.     The LG Entities deny the allegations contained in Paragraph 83.

84.     The LG Entities deny the allegations contained in Paragraph 84.

85.     The LG Entities deny the allegations contained in Paragraph 85.

86.     Paragraph 86 contains only legal conclusions to which no response is required.  To the extent that a response is required, the LG Entities deny the allegations.

87.     To the extent that Paragraph 87 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 87 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 87.

88.     To the extent that Paragraph 88 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 88 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 88.

89.     To the extent that Paragraph 89 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 89 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 89.

90.     To the extent that Paragraph 90 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 90 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 90.

91.     To the extent that Paragraph 91 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 91 but also aver that the allegations do not describe

comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 91.

92.     To the extent that Paragraph 92 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 92 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 92.

93.     The LG Entities deny the allegations of Paragraph 93.

94.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 94 and on that basis deny them.

95.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 95 and on that basis deny them.

96.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 96 and on that basis deny them.

97.     The LG Entities deny the allegations of Paragraph 97.

98.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 98 and on that basis deny them.

99.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 99 as they pertain to the LG Entities.

100.     The LG Entities admit that LGEI was a member of the Korea Display Industry Association.  To the extent that the remaining allegations contained in Paragraph 100 are directed to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and on that basis deny those allegations. To the extent that the remaining allegations contained in Paragraph 100 are directed to the LG Entities, they are denied.

101.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

1   and sales operations to a separate company which, effective July 2001, became part of a newly

2   formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD

3   – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

4   (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring

5   and was renamed "LP Displays." To the extent that the remaining allegations contained in

6   Paragraph 101 are directed to other defendants, the LG Entities lack knowledge or information

7   sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and on that

8   basis deny those allegations. To the extent that the remaining allegations contained in Paragraph

9   101 are directed to the LG Entities, they are denied.

10          102.    The LG Entities deny the allegations contained in Paragraph 102.

11          103.    The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

12   and sales operations to a separate company which, effective July 2001, became part of a newly

13   formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD

14   – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

15   (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring

16   and was renamed "LP Displays."  The LG Entities further admit that Hitachi, Ltd. and LGEI

17   formed a joint venture in 2000 for the development, design and marketing of optical disk drives.

18   The LG Entities further admit that in 1999, LGEI entered into a joint venture agreement with

19   Koninklijke Philips Electronics N.V. with respect to the manufacture, sale, and marketing of TFT-

20   LCD panels.  To the extent that the remaining allegations contained in Paragraph 103 are directed

21   to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to

22   the truth of the allegations contained in Paragraph 103 and on that basis deny those allegations.

23   To the extent that the remaining allegations contained in Paragraph 103 are directed to the LG

24   Entities, they are denied.

25          104.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

26   declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

27   Paragraph 104.

28          105.    The LG Entities deny the allegations contained in Paragraph 105.

1    106.    The LG Entities deny the allegations contained in Paragraph 106.

2    107.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

3    declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

4    Paragraph 107.

5    108.    The LG Entities admit that CRTs were being rapidly replaced by TFT-LCD,

6    plasma and other display technologies between 2000 and 2006.  Except as so admitted, the LG

7    Entities deny the remaining allegations contained in Paragraph 108.

8    109.    The LG Entities deny the allegations contained in Paragraph 109.

9    110.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

10   declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to

11   form a belief as to the truth of the allegations contained in Paragraph 110 and on that basis deny

12   those allegations.

13   111.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

14   declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to

15   form a belief as to the truth of the allegations contained in Paragraph 111 and on that basis deny

16   those allegations.

17   112.    To the extent that Paragraph 112 describes CRT technology generally, the LG

18   Entities admit the allegations of Paragraph 112 but also aver that the allegations do not describe

19   comprehensively and accurately all variants of CRT technology.  The LG Entities deny any

20   remaining allegations of Paragraph 112.

21   113.    The LG Entities deny the allegations contained in Paragraph 113.

22   114.    The LG Entities lack information or knowledge sufficient to form a belief as to the

23   truth of the allegations of Paragraph 114 and on that basis deny them.

24   115.    The LG Entities lack information or knowledge sufficient to form a belief as to the

25   truth of the allegations of Paragraph 115 and on that basis deny them.

26   116.    The LG Entities deny the allegations contained in Paragraph 116.

27   117.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

28   CRT business had discussions with other CRT manufacturers about prices and output for certain

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

2   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

3   allegations of Paragraph 117 as they pertain to the LG Entities.

4         118.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

5   CRT business had discussions with other CRT manufacturers about prices and output for certain

6   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

7   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

8   allegations of Paragraph 118 as they pertain to the LG Entities.

9         119.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

10   CRT business had discussions with other CRT manufacturers about prices and output for certain

11   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

12   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

13   allegations of Paragraph 119 as they pertain to the LG Entities.

14         120.   The LG Entities deny the allegations contained in Paragraph 120.

15         121.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

16   CRT business had discussions with other CRT manufacturers about prices and output for certain

17   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

18   United States.  The LG Entities further admit that some of the meetings at which such discussions

19   occurred were sometimes referred to by some participants as "glass meetings."  Except as

20   specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 121 as

21   they pertain to the LG Entities.

22         122.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

23   CRT business had discussions with other CRT manufacturers about prices and output for certain

24   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

25   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

26   allegations of Paragraph 122 as they pertain to the LG Entities.

27         123.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

28   CRT business had discussions with other CRT manufacturers about prices and output for certain

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

2   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

3   allegations of Paragraph 123 as they pertain to the LG Entities.

4           124.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

5   CRT business had discussions with other CRT manufacturers about prices and output for certain

6   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

7   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

8   allegations of Paragraph 124 as they pertain to the LG Entities.

9           125.    The allegations of Paragraph 125 are directed to other defendants, and the LG

10  Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations

11  of Paragraph 125 and on that basis deny them.

12          126.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

13  CRT business had discussions with other CRT manufacturers about prices and output for certain

14  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

15  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

16  allegations of Paragraph 126 as they pertain to the LG Entities.

17          127.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

18  CRT business had discussions with other CRT manufacturers about prices and output for certain

19  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

20  United States.  The LG Entities further admit that some of the meetings at which such discussions

21  occurred were held in conjunction with a golf outing.  Except as specifically admitted in the

22  foregoing, the LG Entities deny the allegations of Paragraph 127 as they pertain to the LG

23  Entities.

24          128.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

25  CRT business had discussions with other CRT manufacturers about prices and output for certain

26  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

27  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

28  allegations of Paragraph 128 as they pertain to the LG Entities.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    129.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

2  CRT business had discussions with other CRT manufacturers about prices and output for certain

3  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

4  United States.  The LG Entities further admit that information was exchanged in advance of some

5  of the meetings at which such discussion occurred.  Except as specifically admitted in the

6  foregoing, the LG Entities deny the allegations of Paragraph 129 as they pertain to the LG

7  Entities.

8    130.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

9  CRT business had discussions with other CRT manufacturers about prices and output for certain

10  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

11  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

12  allegations of Paragraph 130 as they pertain to the LG Entities.

13    131.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

14  CRT business had discussions with other CRT manufacturers about prices and output for certain

15  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

16  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

17  allegations of Paragraph 131 as they pertain to the LG Entities.

18    132.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

19  CRT business had discussions with other CRT manufacturers about prices and output for certain

20  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

21  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

22  allegations of Paragraph 132 as they pertain to the LG Entities.

23    133.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

24  CRT business had discussions with other CRT manufacturers about prices and output for certain

25  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

26  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

27  allegations of Paragraph 133 as they pertain to the LG Entities.

28    134.   The LG Entities deny the allegations of Paragraph 134.

135.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 135 as they pertain to the LG Entities.

136.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 136 as they pertain to the LG Entities.

137.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 137 as they pertain to the LG Entities.

138.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 138 as they pertain to the LG Entities.

139.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 139 as they pertain to the LG Entities.

140.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the

1   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

2   allegations of Paragraph 140 as they pertain to the LG Entities.

3       141.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

4   CRT business had discussions with other CRT manufacturers about prices and output for certain

5   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

6   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

7   allegations of Paragraph 141 as they pertain to the LG Entities.

8       142.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

9   CRT business had discussions with other CRT manufacturers about prices and output for certain

10  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

11  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

12  allegations of Paragraph 142 as they pertain to the LG Entities.

13      143.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14  truth of the allegations of Paragraph 143 and on that basis deny them.

15      144.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16  truth of the allegations of Paragraph 144 and on that basis deny them.

17      145.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

18  CRT business had discussions with other CRT manufacturers about prices and output for certain

19  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

20  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

21  allegations of Paragraph 145.  The LG Entities specifically deny that any individual employed by

22  LGPD – an independent company – attended meetings, participated in discussions, or entered

23  agreements with competitors on behalf of or at the direction of the LG Entities or any of them.

24  The LG Entities also deny that any individual employed by LGPD was simultaneously employed

25  by or reported to LGEI.

26      146.    The LG Entities deny the allegations contained in Paragraph 146.

27      147.    The LG Entities lack information or knowledge sufficient to form a belief as to the

28  truth of the allegations of Paragraph 147 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

148.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 148 and on that basis deny them.

149.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 149 and on that basis deny them.

150.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 150 and on that basis deny them.

151.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 151 and on that basis deny them.

152.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 152 and on that basis deny them.

153.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 153 and on that basis deny them.

154.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 154 and on that basis deny them.

155.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 155 and on that basis deny them.

156.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 156 and on that basis deny them.

157.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 157 and on that basis deny them.

158.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 158 and on that basis deny them.

159.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 159 and on that basis deny them.

160.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 160 and on that basis deny them.

161.    To the extent that Paragraph 161 describes the use of terminology by Plaintiffs in the FAC, no response is required.  The LG Entities deny the remaining allegations contained in Paragraph 161.

162.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 162 and on that basis deny them.

163.    To the extent that Paragraph 163 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 163 and on that basis deny them.

164.    To the extent that Paragraph 164 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 164 and on that basis deny them.

165.    To the extent that Paragraph 165 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 165 and on that basis deny them.

166.    To the extent that Paragraph 166 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 166 and on that basis deny them.

167.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 167 and on that basis deny them.

168.    To the extent that Paragraph 168 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations of Paragraph 168 as they pertain to the LG Entities.

169.     To the extent that Paragraph 169 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 169 and on that basis deny them.

170.     To the extent that Paragraph 170 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 170 and on that basis deny them.

171.     The LG Entities deny the allegations contained in Paragraph 171.

172.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 172 and on that basis deny them.

173.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 and on that basis deny those allegations.  To the extent that Paragraph 173 purports to describe the contents of a document, the document speaks for itself and no response is required.

174.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 174.

175.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 175.

176.     The LG Entities admit that the Antitrust Division of the United States Department of Justice commenced an investigation related to CRTs.  Except as specifically admitted in the foregoing, the LG Entities deny any remaining allegations contained in Paragraph 176.

177.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 177 and on that basis deny them.

178.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 178 and on that basis deny them.

179.   To the extent that Paragraph 179 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 179 and on that basis deny them.

180.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 180 and on that basis deny them.

181.   To the extent that Paragraph 181 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 181 and on that basis deny them.

182.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 182 and on that basis deny them.

183.   To the extent that Paragraph 183 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 183 and on that basis deny them.

184.   To the extent that Paragraph 184 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 184 and on that basis deny them.

185.   To the extent that Paragraph 185 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the

- 20 -

extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 185 and on that basis deny them.

186.     To the extent that Paragraph 186 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 186 and on that basis deny them.

187.     To the extent that Paragraph 187 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 187 and on that basis deny them.

188.     To the extent that Paragraph 188 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 188 and on that basis deny them.

189.     To the extent that Paragraph 189 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 189 and on that basis deny them.

190.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 190 and on that basis deny them.

191.     To the extent that Paragraph 191 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge

1    sufficient to form a belief as to the truth of the allegations of Paragraph 191 and on that basis deny

2    them.

3         192.     To the extent that Paragraph 192 purports to describe the contents of a document,

4    the LG Entities respond that the document speaks for itself and no response is required.  To the

5    extent that a response is deemed necessary, the LG Entities lack information or knowledge

6    sufficient to form a belief as to the truth of the allegations of Paragraph 192 and on that basis deny

7    them.

8         193.     The LG Entities lack information or knowledge sufficient to form a belief as to the

9    truth of the allegations of Paragraph 193 and on that basis deny them.

10        194.     The LG Entities lack information or knowledge sufficient to form a belief as to the

11   truth of the allegations of Paragraph 194 and on that basis deny them.

12        195.     The LG Entities lack information or knowledge sufficient to form a belief as to the

13   truth of the allegations of Paragraph 195 and on that basis deny them.

14        196.     The LG Entities lack information or knowledge sufficient to form a belief as to the

15   truth of the allegations of Paragraph 196 and on that basis deny them.

16        197.     To the extent that Paragraph 197 purports to describe the contents of a document,

17   the LG Entities respond that the document speaks for itself and no response is required.  To the

18   extent that a response is deemed necessary, the LG Entities lack information or knowledge

19   sufficient to form a belief as to the truth of the allegations of Paragraph 197 and on that basis deny

20   them.

21        198.     To the extent that Paragraph 198 purports to describe the contents of a document,

22   the LG Entities respond that the document speaks for itself and no response is required.  To the

23   extent that a response is deemed necessary, the LG Entities lack information or knowledge

24   sufficient to form a belief as to the truth of the allegations of Paragraph 198 and on that basis deny

25   them.

26        199.     To the extent that Paragraph 199 purports to describe the contents of a document,

27   the LG Entities respond that the document speaks for itself and no response is required.  To the

28   extent that a response is deemed necessary, the LG Entities lack information or knowledge

1    sufficient to form a belief as to the truth of the allegations of Paragraph 199 and on that basis deny

2    them.

3         200.    To the extent that Paragraph 200 purports to describe the contents of a document,

4    the LG Entities respond that the document speaks for itself and no response is required.  To the

5    extent that a response is deemed necessary, the LG Entities lack information or knowledge

6    sufficient to form a belief as to the truth of the allegations of Paragraph 200 and on that basis deny

7    them.

8         201.    The LG Entities lack information or knowledge sufficient to form a belief as to the

9    truth of the allegations of Paragraph 201 and on that basis deny them.

10        202.    The LG Entities admit that LGEI was a member of Korean Display Equipment

11   Material Industry Association and Electronic Display Industrial Research Association of Korea,

12   and has participated in the Korea Display Conference.  Except as specifically admitted in the

13   foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth

14   of the allegations of Paragraph 202 and on that basis deny them.

15        203.    The LG Entities admit that LGEI was a member of Korean Display Equipment

16   Material Industry Association and Electronic Display Industrial Research Association of Korea,

17   and has participated in the Korea Display Conference.  Except as specifically admitted in the

18   foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth

19   of the allegations of Paragraph 203.

20        204.    The LG Entities lack information or knowledge sufficient to form a belief as to the

21   truth of the allegations of Paragraph 204 and on that basis deny them.

22        205.    The LG Entities deny the allegations of Paragraph 205.

23        206.    The LG Entities deny the allegations of Paragraph 206.

24        207.    To the extent that Paragraph 207 purports to describe the contents of a document,

25   the LG Entities respond that the document speaks for itself and no response is required.  To the

26   extent that a response is deemed necessary, the LG Entities lack information or knowledge

27   sufficient to form a belief as to the truth of the allegations of Paragraph 207 and on that basis deny

28   them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

208.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 208 and on that basis deny them.

209.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 209 and on that basis deny them.

210.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 210 and on that basis deny them.

211.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 211 and on that basis deny them.

212.     To the extent that Paragraph 212 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 212 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 212.

213.     Paragraph 213 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 213 and on that basis deny them.

214.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 214 and on that basis deny them.

215.     To the extent that Paragraph 215 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 215 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 215.

216.     To the extent that Paragraph 216 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form as to

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

the truth of the allegations of Paragraph 216 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 216.

217.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 217 and on that basis deny them.

218.    To the extent that Paragraph 218 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 218 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 218.

219.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 219 and on that basis deny them.

220.    To the extent that Paragraph 220 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 220 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 220.

221.    The LG Entities deny the allegations contained in Paragraph 221.

222.    The LG Entities deny the allegations contained in Paragraph 222.

223.    The LG Entities deny the allegations contained in Paragraph 223.

224.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 224 and that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 224.

225.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 225 and on that basis deny them.

226.    To the extent that Paragraph 226 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 226 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 226.

227.    The LG Entities deny the allegations contained in Paragraph 227.

228.    The LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 228 and on that basis deny those allegations.  The LG Entities deny the remaining allegations contained in Paragraph 228.

229.    The LG Entities deny the allegations contained in Paragraph 229.

230.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 230 concerning Plaintiffs' knowledge and on that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 230.

231.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 231 concerning Plaintiffs' knowledge and on that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 231.

232.    The LG Entities deny the allegations contained in Paragraph 232.

233.    The LG Entities deny the allegations contained in Paragraph 233.

234.    The LG Entities deny the allegations contained in Paragraph 234.

235.    The LG Entities deny the allegations contained in Paragraph 235.

236.    The LG Entities deny the allegations contained in Paragraph 236.

237.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 237.

238.    The LG Entities deny the allegations contained in Paragraph 238.

239.    To the extent that Paragraph 239 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 239 and on that basis deny them.

240.    The LG Entities deny the allegations contained in Paragraph 240.

241.    The LG Entities deny the allegations contained in Paragraph 241.

242.    Paragraph 242 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

243.   The LG Entities admit that the Antitrust Division of the United States Department of Justice commenced an investigation related to CRTs.  The second sentence of Paragraph 243 consists of legal conclusions to which no response is required.  Except as specifically admitted in the foregoing, and to the extent that a response is deemed necessary, the LG Entities deny the allegations.

244.   To the extent that Paragraph 244 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that Paragraph 244 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 244 and on that basis deny them.

245.   Paragraph 245 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

246.   The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

247.   The LG Entities deny the allegations contained in Paragraph 247.

248.   The LG Entities deny the allegations contained in Paragraph 248.

249.   The LG Entities deny the allegations contained in Paragraph 249.

250.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 250 as they pertain to the LG Entities.

251.   The LG Entities deny the allegations contained in Paragraph 251.

252.   The LG Entities deny the allegations contained in Paragraph 252.

253.   The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

254.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 254 concerning Plaintiffs' activities in California and on that

basis deny them.  To the extent that Paragraph 254 consists of legal conclusions, no response is required.

255.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 255 and on that basis deny them.

256.     To the extent that Paragraph 256 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 256.

257.     To the extent that Paragraph 257 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 257.

258.     The LG Entities deny the allegations contained in Paragraph 258.

259.     The LG Entities deny the allegations contained in Paragraph 259.

260.     The LG Entities deny the allegations contained in Paragraph 260.

261.     The LG Entities deny the allegations contained in Paragraph 261.

262.     The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

263.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 263 concerning Plaintiffs' activities in California and on that basis deny them.  To the extent that Paragraph 263 consists of legal conclusions, no response is required.

264.     To the extent that Paragraph 264 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 264.

265.     To the extent that Paragraph 265 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 265.

266.    To the extent that Paragraph 266 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 266.

267.    To the extent that Paragraph 267 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 267.

268.    To the extent that Paragraph 268 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 268.

269.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 269 and on that basis deny them.

270.    The LG Entities deny the allegations contained in Paragraph 270.

271.    The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

272.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 272 concerning Plaintiffs' activities in New York and on that basis deny them.  To the extent that Paragraph 272 consists of legal conclusions, no response is required.

273.    To the extent that Paragraph 273 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 273.

274.    The LG Entities deny the allegations contained in Paragraph 274.

275.    To the extent that Paragraph 275 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 275.

276.    The LG Entities deny the allegations contained in Paragraph 276.

277.    The LG Entities deny the allegations contained in Paragraph 277.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

278.     The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

279.     The LG Entities deny the allegations contained in Paragraph 279.

280.     To the extent that Paragraph 280 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 280.

281.     The LG Entities deny the allegations contained in Paragraph 281.

282.     To the extent that Paragraph 282 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 282.

283.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 283 and on that basis deny them.

284.     To the extent that Paragraph 284 characterizes Plaintiffs' claims in the SAC and no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 284.

## RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND

The paragraphs of the SAC following the header "Prayer for Relief" and "Jury Trial Demanded" do not require a response.  To the extent that those paragraphs require a response, the LG Entities deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any of these defenses, the LG Entities allege the following affirmative defenses to the allegations set forth in the FAC:

## FIRST DEFENSE

The SAC fails to state a claim upon which relief can be granted because Plaintiffs' claims are ambiguous, vague, and/or unintelligible; because Plaintiffs have failed to alleged fraud or fraudulent concealment with sufficient particularity; and/or because Plaintiffs have failed to allege

1  conspiracy with sufficient particularity.  The LG Entities aver that Plaintiffs' claims do not

2  describe the events or legal theories with sufficient particularity to permit the LG Entities to

3  ascertain all defenses that may exist.

### SECOND DEFENSE

5  The claims set forth in the SAC are barred by the statute of limitations.

### THIRD DEFENSE

7  Without conceding the existence of any conspiracy, Plaintiffs' claims are barred because

8  the LG Entities effectively withdrew from any alleged conspiracy.

### FOURTH DEFENSE

10  The conduct alleged by Plaintiffs in the SAC to form the basis of certain of Plaintiffs'

11  claims has not had a direct, substantial, and reasonably foreseeable effect on trade or commerce

12  with the United States.  The Court therefore lacks subject matter jurisdiction.

### FIFTH DEFENSE

14  Plaintiffs' claims are barred, in whole or in part, to the extent that they are based upon

15  foreign sales by defendants, because Plaintiffs have failed to allege facts sufficient to support a

16  claim under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a and/or *Hartford Fire*

17  *Ins. Co. v. California*, 509 U.S. 764 (1993).

### SIXTH DEFENSE

19  Plaintiffs' claims are barred, in whole or in part, to the extent that they did not purchase

20  CRTs directly from defendants, because they are indirect purchasers and barred from maintaining

21  an action for alleged injuries in that capacity.

### SEVENTH DEFENSE

23  Plaintiffs' claims are barred because Plaintiffs lack standing to sue for the injuries alleged

24  in the FAC.

### EIGHTH DEFENSE

26  Plaintiffs are barred from recovery of any damages because of and to the extent of their

27  failure to mitigate damages, or alternatively any claimed injury or damage has been offset by

28  benefits received by Plaintiffs with respect to the challenged conduct.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1

<u>NINTH DEFENSE</u>

2        Plaintiffs' claims for damages are barred because Plaintiffs have suffered no injury or

3 damages as a result of the matters alleged in the SAC, or alternatively, because the alleged

4 damages, if any, are speculative and because of the impossibility of ascertaining and allocating

5 those alleged damages.

6

<u>TENTH DEFENSE</u>

7        Any injuries or damages Plaintiffs may have suffered were not caused, either actually or

8 proximately, by the acts and omissions of the LG Entities.

9

<u>ELEVENTH DEFENSE</u>

10        Any injuries or damages Plaintiffs may have suffered were caused solely and proximately

11 by the acts and omissions of others.  The acts of others constitute intervening or superseding

12 causes of harm, if any, suffered by Plaintiffs.

13

<u>TWELFTH DEFENSE</u>

14        Plaintiffs' claims are barred to the extent injuries alleged in the SAC, which the LG

15 Entities deny, were contributed to by the statements, acts, and/or omissions of Plaintiffs and/or

16 third parties or entities, other than the LG Entities.

17

<u>THIRTEENTH DEFENSE</u>

18        Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' acquiescence and/or

19 confirmation of any and all conduct and/or omissions alleged as to the LG Entities.

20

<u>FOURTEENTH DEFENSE</u>

21        Plaintiffs' claims are barred because Plaintiffs have not suffered actual, cognizable injury

22 of the type antitrust laws are intended to remedy.

23

<u>FIFTEENTH DEFENSE</u>

24        To the extent that any actionable conduct occurred, Plaintiffs' claims against the LG

25 Entities are barred because all such conduct would have been committed by individuals acting

26 ultra vires.

27

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1

SIXTEENTH DEFENSE

2        Plaintiffs' claims against the LG Entities are barred to the extent that they have agreed to

3   arbitration or chosen a different forum for the resolution of their claims.

SEVENTEENTH DEFENSE

5        Plaintiffs' claims are barred, in whole or in part, because the remedies sought are

6   unconstitutional, contrary to public policy, or are otherwise unauthorized.

EIGHTEENTH DEFENSE

8        Plaintiffs' claims are barred, in whole or in part, for failure to join indispensable parties.

NINETEENTH DEFENSE

10       Without admitting that Plaintiffs are entitled to recover damages in this matter, the LG

11  Entities are entitled to set off from any recovery Plaintiffs may obtain against them by any other

12  Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

TWENTIETH DEFENSE

14       The LG Entities are separate and autonomous companies from LPD, and thus are not liable

15  for Plaintiffs' damages resulting from LPD's actions.

TWENTY-FIRST DEFENSE

17       Any award of treble damages would violate the Excessive Fines and Due Process Clauses

18  of the United States Constitution and equivalent clauses in the state constitution.

19

**RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES**

21       The LG Entities adopt by reference any additional applicable defenses pleaded by any

22  other Defendant in this action.  The LG Entities have not knowingly or intentionally waived any

23  applicable defenses and explicitly reserve the right to assert any additional defenses and

24  affirmative defenses as this action proceeds. The LG Entities further reserve the right to amend its

25  Answer and/or defenses accordingly, and/or to delete defenses that it determines are not applicable

26  as this action proceeds.  The LG Entities further reserve the right to assert affirmative defenses

27  that are unique to one or a subset of the claims asserted under the state law at issue in this action.

28

- 33 -

1       WHEREFORE, the LG Entities pray as follows:

2      1.    That the Plaintiffs take nothing by way of the FAC, and the action be dismissed

3 with prejudice;

4      2.    That judgment be entered in favor of the LG Entities and against Plaintiffs with

5 respect to all causes of action in the FAC;

6      3.    That the Court award the LG Entities its attorneys' fees and all other costs

7 reasonably incurred in defense of this action; and

8      4.    That the Court award such other relief as it may deem just and proper.

DATED:  November 4, 2013      MUNGER, TOLLES & OLSON LLP
      WILLIAM D. TEMKO
      HOJOON HWANG
      BETHANY W. KRISTOVICH
      LAURA K. SULLIVAN

By:    */s/ Hojoon Hwang*
     HOJOON HWANG
Attorneys for LG ELECTRONICS, INC., LG ELECRONICS USA, INC., AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD

1

## PROOF OF SERVICE

2          I, Angela Balestrieri, the undersigned, declare that I am over the age of 18 and not

3    a party to the within cause.  I am employed by Munger, Tolles & Olson LLP in the County of San

4    Francisco, State of California.  My business address is 560 Mission Street, Twenty-Seventh

5    Floor, San Francisco, California  94105-2907.

6          On November 4, 2013, I served upon the interested partyies in this action the

7    following document, a copy of which is attached to this Proof of Service:

8
           **ANSWER OF LG ELECTRONICS, INC. AND LG ELECTRONICS USA,**
9          **INC. TO SECOND AMENDED COMPLAINT BY ELECTROGRAPH**
           **SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.**

10

11   ☒   By placing ☐ the original(s) ☒ a true and correct copy via electronic Notice through ECF
         and/or, as set out below, in an addressed, sealed envelope(s) clearly labeled to identify the
         person(s) being served at the address(es) set forth on the attached service list.

12

13   ☒   **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such
         envelope(s) to be placed in interoffice mail for collection and deposit in the United States
14       Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on
         that same date, following ordinary business practices.  I am familiar with Munger, Tolles
15       & Olson LLP's practice for collection and processing correspondence for mailing with the
         United States Postal Service; in the ordinary course of business, correspondence placed in
16       interoffice mail is deposited with the United States Postal Service with first class postage
         thereon fully prepaid on the same day it is placed for collection and mailing.

17   ☒   **TO BE SERVED ELECTRONICALLY VIA ECF THROUGH THE COURT'S**
         **NOTIFICATION SYSTEM.**
18

19   ☒   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this
         court at whose direction the service was made.

20

21         Executed on November 4, 2013, at San Francisco, California.

22         I declare under penalty of perjury that the foregoing is true and correct.  Executed

23   on November 4, 2013, at San Francisco, California.

24

25                                          _____
26                                          Angela Balestrieri

27

28

---

PROOF OF SERVICE; CASE NO. 3:07-CV-05944-SC

22012232.1

1    **PROOF OF SERVICE BY MAIL**

2    Case No.:  3:07-CV-05944-SC

3    SERVICE LIST

Charles H. Johnson
4    Charles H Johnson & Associates PA
2599 Mississippi Street
5    New Brighton, MN 55113

6
Clinton Paul Walker
7    Damrell, Nelson, Schrimp, Pallios, Pache & Silva
1601 "I" Street
8    Fifth Floor
Modesto, CA 95354
9

10   Donna F. Solen
Mason Law Firm-Washington
11   1225 19th Street, NW, Suite 500
Washington, DC 20036
12

13   Gregory D. Hull
Weil, Gotshal & Manges LLP
14   201 Redwood Shores Parkway
Redwood Shores, CA 94065
15

16   Issac L. Diel
Sharp McQueen
17   6900 College Boulevard, Suite 285
Overland Park, KS 66211
18

19   Jean B. Roth
Mansfield Tanick & Cohen
20   1700 U.S. Bank Plaza South
220 South Sixth Street
21   Minneapolis, MN 55402-4511

22   John G. Emerson
Emerson Poynter LLP
23   830 Apollo Lane
Houston, TX 77058
24

25   John Gressette Felder , Jr
McGowan Hood Felder and Johnson
26   1405 Calhoun Street
Columbia, SC 29201
27

28

22012232.1

1   Katherine Hamilton Wheaton
    300 North LaSalle Street
2   Chicago, IL 60654

3
    Krishna B. Narine
4   Schiffrin & Barroway, LLP
    Three Bala Plaza East
5   Suite 400
    Bala Cynwyd, PA 19004
6

7   Lawrence D. McCabe
    Murray Frank & Sailer LLP
8   275 Madison Avenue
    New York, NY 10016
9

10  Lawrence P. Schaefer
    Mansfield Tanick & Cohen
11  1700 U.S. Bank Plaza South
    220 South Sixth Street
12  Minneapolis, MN 55402-4511

13
    Lewis Titus LeClair
14  McKool Smith
    300 Crescent Ct #1500
15  Dallas, TX 75201

16  Lori A. Fanning
    Miller Law LLC
17  115 South LaSalle Street, Suite 2910
    Chicago, IL 60603
18

19  Mark Reinhardt
    Reinhardt Wendorf & Blanchfield
20  East 1000 First National Bank Building
    322 Minnesota Street
21  St. Paul, MN 55101

22
    Martin E. Grossman
23  Law Offices of Martin E. Grossman
    2121 Green Brier Drive
24  Villanova, PA 19085

25
    Matthew E. Van Tine
26  Miller Law LLC
    115 South LaSalle Street, Suite 2910
27  Chicago, IL 60603

28
                              - 2 -

22012232.1

1

Melissa Willett

2
Boies, Schiller & Flexner
5301 Wisconsin Ave. NW

3
Suite 800
Washington, DC 20015

4

Mike McKool , Jr

5
McKool Smith, P.C.
300 Crescent Court Ste 1500

6
Dallas, TX 75201

7

Neal A Eisenbraun

8
Neal A Eisenbraun, Chartered
2599 Mississippi Street

9
New Brighton, MN 55113

10

Niki B. Okcu

11
AT&T Services, Inc. Legal Dept.
525 Market Street, 20th Floor

12
San Francisco, CA 94105

13

Patricia A. Conners

14
Attorney General's Office
Department of Legal Affairs

15
Antitrust Section
PL-01 The Capitol

16
Tallahassee, FL 32399-1050

17

Paul F Novak

18
Milberg LLP
One Kennedy Square

19
777 Woodward Avenue, Suite 890
Detroit, MI 48226

20

Richard M. Hagstrom

21
Zelle Hofmann Voelbel Mason & Gette LLP

22
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415

23

Robert B. Gerard

24
Gerard Selden & Osuch
1516 Front Street

25
San Diego, CA 92101

26

27

28

PROOF OF SERVICE BY MAIL; CASE NO. 3:07-CV-05944-SC

22012232.1

1   Roger Martin Schrimp
    Damrell Nelson Schrimp Pallios Pacher & Silva
2   1601 I Street 5th Floor
3   Modesto, CA 95354

4   Samuel J. Sharp
    701 13th Street NW
5   Washington, DC 20005

6   Steven A. Reiss
7   Weil Gotshal & Manges LLP
    767 Fifth Avenue
8   New York, NY 10153-0119

9   Traviss Levine Galloway
    Zelle Hofmann Voelbel Mason & Gette
10  44 Montgomery St #3400
    San Francisco, CA 94104
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE BY MAIL; CASE NO. 3:07-CV-05944-SC

22012232.1