1   WILLIAM D. TEMKO (State Bar No. 98858)
    william.temko@mto.com
2   BETHANY W. KRISTOVICH (State Bar No. 241891)
    Bethany.Kristovich@mto.com
3   MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue
4   Thirty-Fifth Floor
    Los Angeles, CA 90071-1560
5   Telephone:     (213) 683-9100
    Facsimile:     (213) 687-3702
6
    HOJOON HWANG (State Bar No. 184950)
7   hojoon.hwang@mto.com
    LAURA K. SULLIVAN (State Bar No. 281542)
8   Laura.Sullivan@mto.com
    MUNGER, TOLLES & OLSON LLP
9   560 Mission Street
    Twenty-Seventh Floor
10  San Francisco, California 94105-2907
    Telephone:     (415) 512-4000
11  Facsimile:     (415) 512-4077

12  Attorneys for LG ELECTRONICS, INC., LG
    ELECRONICS USA, INC., AND LG
13  ELECTRONICS TAIWAN TAIPEI CO., LTD

14                    UNITED STATES DISTRICT COURT

15     NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

16

17
    BEST BUY CO., INC.; BEST BUY            Case No. Master File No. 3:07-cv-05944-SC
18  PURCHASING LLC; BEST BUY
    ENTERPRISE SERVICES, INC.; BEST BUY     MDL NO. 1917
19  STORES, L.P.; BESTBUY.COM, L.L.C.; and
    MAGNOLIA HI-FI, LLC,                    Individual Case no. 11-cv-05513
20
                     Plaintiffs,            **ANSWER OF LG ELECTRONICS, INC.
21                                          AND LG ELECTRONICS USA, INC. TO
            vs.                             FIRST AMENDED COMPLAINT BY
22                                          BEST BUY CO., INC.; BEST BUY
    HITACHI, LTD.; HITACHI DISPLAYS,        PURCHASING LLC; BEST BUY
23  LTD.; HITACHI AMERICA, LTD.;            ENTERPRISE SERVICES, INC.; BEST
    HITACHI ASIA, LTD.; HITACHI             BUY STORES, L.P.; BESTBUY.COM,
24  ELECTRONIC DEVICES (USA), INC.;         L.L.C.; AND MAGNOLIA HI-FI, LLC**
    SHENZHEN SEG HITACHI COLOR
25  DISPLAY DEVICES, LTD.; IRICO GROUP
    CORPORATION; IRICO GROUP
26  ELECTRONICS CO., LTD.; IRICO
    DISPLAY DEVICES CO., LTD.; LG
27  ELECTRONICS, INC.; LG ELECTRONICS
    USA, INC.; LP DISPLAYS
28  INTERNATIONAL LTD.; PANASONIC

CORPORATION; PANASONIC
CORPORATION OF NORTH AMERICA;
MT PICTURE DISPLAY CO., LTD.;
BEIJING MATSUSHITA COLOR CRT CO.,
LTD.; KONINKLIJKE PHILIPS
ELECTRONICS N.V.; PHILIPS
ELECTRONICS NORTH AMERICA
CORPORATION; PHILIPS ELECTRONICS
INDUSTRIES (TAIWAN), LTD.; PHILIPS
DA AMAZONIA INDUSTRIA
ELECTRONICA LTDA.; SAMTEL COLOR
LTD.; THAI CRT CO., LTD.; TOSHIBA
CORPORATION; TOSHIBA AMERICA,
INC.; TOSHIBA AMERICA CONSUMER
PRODUCTS, LLC; TOSHIBA AMERICA
ELECTRONIC COMPONENTS, INC.;
TOSHIBA AMERICA INFORMATION
SYSTEMS, INC.; CHUNGHWA PICTURE
TUBES, LTD.; CHUNGHWA PICTURE
TUBES (MALAYSIA),

Defendants.

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

Defendants LG ELECTRONICS, INC., and LG ELECTRONICS USA, INC. (the "LG Entities"), through undersigned counsel, hereby answer the allegations contained in the First Amended Complaint by Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; BestBuy.com, L.L.C.; and Magnolia Hi-Fi, LLC (collectively "Plaintiffs" or "Best Buy") ("FAC").  Except as otherwise stated below, the LG Entities are without sufficient knowledge or information to form a belief concerning the truth of the allegations in the FAC that are directed toward other defendants.  The LG Entities' response to the allegations below are therefore limited to the truth or falsity of the allegations as they pertain to the LG Entities only.  The LG Entities deny all allegations in the FAC (including headings and captions) not specifically admitted in this Answer.

1. The LG Entities deny the allegations contained in Paragraph 1.

2. The LG Entities admit that during the Relevant Period, LG Electronics, Inc. manufactured CPTs, CDTs, and CRT Products, as the terms are defined in this Paragraph.  The LG Entities object to Plaintiffs' definition of "CRT Products," because this definition includes products at different levels of the production chain and creates confusion in attempting to respond to the allegations of the FAC, given that certain companies, including LG Electronics, Inc. ("LGEI"), do not manufacture and sell cathode ray tubes, while other defendants (including LG Electronics USA, Inc. ("LGEUSA")) do not manufacture either cathode ray tubes or finished products (such as televisions or computer monitors).

3. The LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and on that basis deny those allegations.

4. The LG Entities admit that during the Relevant Period, the business of manufacturing and selling CRTs was under significant pressure due to changes in technologies and customer preference, among other factors.  The LG Entities deny the remaining allegations contained in Paragraph 4.

5. The LG Entities deny the allegations contained in Paragraph 5.

6. The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States..  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 6 as they pertain to the LG Entities.

7. The LG Entities deny the allegations contained in Paragraph 7.

8. Paragraph 8 recites actions of various governmental agencies that are matters of public record and no response is required.

9. The LG Entities lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis deny them.

10. Paragraph 10 characterizes Plaintiffs' claims in the FAC and no response is required.

11. Paragraph 11 characterizes Plaintiffs' claims in the FAC and no response is required.

12. The LG Entities admit that the Court has subject matter jurisdiction over Plaintiffs' federal antitrust claims, if any, that satisfy the requirements of the Foreign Trade and Antitrust Improvement Act ("FTAIA").  The remainder of Paragraph 12 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

13. The LG Entities deny the allegations contained in Paragraph 13.

14. Paragraph 14 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

15. Paragraph 15 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

16. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis deny them.

17. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis deny them.

18. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18 and on that basis deny them.

1        19.      The LG Entities lack information or knowledge sufficient to form a belief as to the

2  truth of the allegations of Paragraph 19 and on that basis deny them.

3        20.      The LG Entities lack information or knowledge sufficient to form a belief as to the

4  truth of the allegations of Paragraph 20 and on that basis deny them.

5        21.      The LG Entities lack information or knowledge sufficient to form a belief as to the

6  truth of the allegations of Paragraph 21 and on that basis deny them.

7        22.      The LG Entities lack information or knowledge sufficient to form a belief as to the

8  truth of the allegations of Paragraph 22 and on that basis deny them.

9        23.      The LG Entities lack information or knowledge sufficient to form a belief as to the

10  truth of the allegations of Paragraph 23 and on that basis deny them.

11        24.      The LG Entities lack information or knowledge sufficient to form a belief as to the

12  truth of the allegations of Paragraph 24 and on that basis deny them.

13        25.      The LG Entities lack information or knowledge sufficient to form a belief as to the

14  truth of the allegations of Paragraph 25 and on that basis deny them.

15        26.      The LG Entities lack information or knowledge sufficient to form a belief as to the

16  truth of the allegations of Paragraph 26 and on that basis deny them.

17        27.      The LG Entities lack information or knowledge sufficient to form a belief as to the

18  truth of the allegations of Paragraph 27 and on that basis deny them.

19        28.      The LG Entities lack information or knowledge sufficient to form a belief as to the

20  truth of the allegations of Paragraph 28 and on that basis deny them.

21        29.      The LG Entities lack information or knowledge sufficient to form a belief as to the

22  truth of the allegations of Paragraph 29 and on that basis deny them.

23        30.      The LG Entities lack information or knowledge sufficient to form a belief as to the

24  truth of the allegations of Paragraph 30 and on that basis deny them.

25        31.      Paragraph 31 describes the terminology used in the FAC and no response is

26  required.

27        32.      The LG Entities lack information or knowledge sufficient to form a belief as to the

28  truth of the allegations of Paragraph 32 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

33.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 33 and on that basis deny them.

34.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 34 and on that basis deny them.

35.     Paragraph 35 describes the terminology used in the FAC and no response is required.

36.     The LG Entities admit that LGEI is a corporate entity organized under the laws of the Republic of Korea, and further admits the location of its headquarters as alleged in Paragraph 36.  LGEI admits that before July 2001, it spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays." Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 36.

37.     The LG Entities admit that LGEUSA is a Delaware corporation which is a wholly-owned subsidiary of LGEI and engaged in the marketing and sale of certain CRT Products during the Relevant Period, and the location of its headquarters as alleged in Paragraph 37.  Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 37.

38.     Paragraph 38 describes the terminology used in the FAC and no response is required.

39.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays" and that LGEI's interest in LP Displays was transferred to various third parties in the course of LP Displays' bankruptcy proceeding.  The remainder of the allegations of Paragraph 39 are not directed at the LG Entities and therefore no response is required.  To the

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    extent that a response is required, the LG Entities lack information or knowledge sufficient to form

2    a belief as to the truth of the remaining allegations of Paragraph 39 and on that basis deny them.

3            40.      The LG Entities lack information or knowledge sufficient to form a belief as to the

4    truth of the allegations of Paragraph 40 and on that basis deny them.

5            41.      The LG Entities lack information or knowledge sufficient to form a belief as to the

6    truth of the allegations of Paragraph 41 and on that basis deny them.

7            42.      Paragraph 42 describes the terminology used in the FAC and no response is

8    required.

9            43.      The LG Entities lack information or knowledge sufficient to form a belief as to the

10   truth of the allegations of Paragraph 43 and on that basis deny them.

11           44.      The LG Entities lack information or knowledge sufficient to form a belief as to the

12   truth of the allegations of Paragraph 44 and on that basis deny them.

13           45.      The LG Entities admit that the new entity – called LPD – was formed as a Dutch

14   joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as

15   "Royal Phillips").  Except as so admitted, the LG Entities lack information or knowledge

16   sufficient to form a belief as to the truth of the allegations of Paragraph 45 and on that basis deny

17   them.

18           46.      The LG Entities lack information or knowledge sufficient to form a belief as to the

19   truth of the allegations of Paragraph 46 and on that basis deny them.

20           47.      The LG Entities lack information or knowledge sufficient to form a belief as to the

21   truth of the allegations of Paragraph 47 and on that basis deny them.

22           48.      The LG Entities lack information or knowledge sufficient to form a belief as to the

23   truth of the allegations of Paragraph 48 and on that basis deny them.

24           49.      Paragraph 49 describes the terminology used in the FAC and no response is

25   required.

26           50.      The LG Entities lack information or knowledge sufficient to form a belief as to the

27   truth of the allegations of Paragraph 50 and on that basis deny them.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

51.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 51 and on that basis deny them.

52.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 52 and on that basis deny them.

53.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 53 and on that basis deny them.

54.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 54 and on that basis deny them.

55.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 55 and on that basis deny them.

56.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 56 and on that basis deny them.

57.     Paragraph 57 describes the terminology used in the FAC and no response is required.

58.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 58 and on that basis deny them.

59.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 59 and on that basis deny them.

60.     The LG Entities deny the allegations contained in Paragraph 60.

61.     The LG Entities deny the allegations contained in Paragraph 61.

62.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 62 and on that basis deny them.

63.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 63 and on that basis deny them.

64.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 64 and on that basis deny them.

65.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 65 and on that basis deny them.

66.      The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 66 and on that basis deny them.

67.      The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 67 and on that basis deny them.

68.      The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 68 and on that basis deny them.

69.      The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 69 and on that basis deny them.

70.      The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 70 and on that basis deny them.

71.      The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 71 and on that basis deny them.

72.      Paragraph 72 describes the terminology used in the FAC and no response is required.

73.      The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 73 and on that basis deny them.

74.      Paragraph 74 describes the terminology used in the FAC and no response is required.

75.      The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 75 and on that basis deny them.

76.      The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 76 and on that basis deny them.

77.      The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 77 and on that basis deny them.

78.      The LG Entities deny the allegations contained in Paragraph 78.

79.      The LG Entities deny the allegations contained in Paragraph 79.

80.      The LG Entities deny the allegations contained in Paragraph 80.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

81.     Paragraph 81 contains only legal conclusions to which no response is required.  To the extent that a response is required, the LG Entities deny the allegations.

82.     To the extent that Paragraph 82 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 82 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 82.

83.     To the extent that Paragraph 83 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 83 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 83.

84.     To the extent that Paragraph 84 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 84 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 84.

85.     To the extent that Paragraph 85 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 85 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 85.

86.     To the extent that Paragraph 86 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 86 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 86.

87.     To the extent that Paragraph 87 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 87 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 87.

88.     The LG Entities deny the allegations of Paragraph 88.

89.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 89 and on that basis deny them.

90.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 90 and on that basis deny them.

91.     The LG Entities deny the allegations of Paragraph 91.

92.     The LG Entities deny the allegations of Paragraph 92.

93.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 93 and on that basis deny them.

94.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States..  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 94 as they pertain to the LG Entities.

95.     The LG Entities admit that LGEI was a member of the Korea Display Industry Association.  To the extent that the remaining allegations contained in Paragraph 95 are directed to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and on that basis deny those allegations.  To the extent that the remaining allegations contained in Paragraph 95 are directed to the LG Entities, they are denied.

96.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V. (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring and was renamed "LP Displays." To the extent that the remaining allegations contained in Paragraph 96 are directed to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and on that

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1   basis deny those allegations. To the extent that the remaining allegations contained in Paragraph

2   96 are directed to the LG Entities, they are denied.

3        97.    The LG Entities deny the allegations contained in Paragraph 97.

4        98.    The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

5   and sales operations to a separate company which, effective July 2001, became part of a newly

6   formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD

7   – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

8   (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring

9   and was renamed "LP Displays."  The LG Entities further admit that Hitachi, Ltd. and LGEI

10  formed a joint venture in 2000 for the development, design and marketing of optical disk drives.

11  The LG Entities further admit that in 1999, LGEI entered into a joint venture agreement with

12  Koninklijke Philips Electronics N.V. with respect to the manufacture, sale, and marketing of TFT-

13  LCD panels.  To the extent that the remaining allegations contained in Paragraph 98 are directed

14  to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to

15  the truth of the allegations contained in Paragraph 98 and on that basis deny those allegations. To

16  the extent that the remaining allegations contained in Paragraph 98 are directed to the LG Entities,

17  they are denied.

18       99.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

19  declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

20  Paragraph 99.

21       100.   The LG Entities deny the allegations contained in Paragraph 100.

22       101.   The LG Entities deny the allegations contained in Paragraph 101.

23       102.   The LG Entities admit that during the Relevant Period, the demand for CRTs was

24  declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

25  Paragraph 102.

26       103.   The LG Entities admit that CRTs were being rapidly replaced by TFT-LCD,

27  plasma and other display technologies between 2000 and 2006.  Except as so admitted, the LG

28  Entities deny the remaining allegations contained in Paragraph 103.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

104.    The LG Entities deny the allegations contained in Paragraph 104.

105.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and on that basis deny those allegations.

106.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and on that basis deny those allegations.

107.    To the extent that Paragraph 107 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 107 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 107.

108.    The LG Entities deny the allegations contained in Paragraph 108.

109.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 109 and on that basis deny them.

110.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 110 and on that basis deny them.

111.    The LG Entities deny the allegations contained in Paragraph 111.

112.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States..  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 112 as they pertain to the LG Entities.

113.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the

1   United States..  Except as specifically admitted in the foregoing, the LG Entities deny the

2   allegations of Paragraph 113 as they pertain to the LG Entities.

3       114.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

4   CRT business had discussions with other CRT manufacturers about prices and output for certain

5   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

6   United States..  Except as specifically admitted in the foregoing, the LG Entities deny the

7   allegations of Paragraph 114 as they pertain to the LG Entities.

8       115.   The LG Entities deny the allegations contained in Paragraph 115.

9       116.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

10   CRT business had discussions with other CRT manufacturers about prices and output for certain

11   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

12   United States..  The LG Entities further admit that some of the meetings at which such discussions

13   occurred were sometimes referred to by some participants as "glass meetings."  Except as

14   specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 116 as

15   they pertain to the LG Entities.

16       117.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

17   CRT business had discussions with other CRT manufacturers about prices and output for certain

18   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

19   United States..  Except as specifically admitted in the foregoing, the LG Entities deny the

20   allegations of Paragraph 117 as they pertain to the LG Entities.

21       118.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

22   CRT business had discussions with other CRT manufacturers about prices and output for certain

23   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

24   United States..  Except as specifically admitted in the foregoing, the LG Entities deny the

25   allegations of Paragraph 118 as they pertain to the LG Entities.

26       119.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

27   CRT business had discussions with other CRT manufacturers about prices and output for certain

28   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    United States..  Except as specifically admitted in the foregoing, the LG Entities deny the

2    allegations of Paragraph 119 as they pertain to the LG Entities.

3           120.    The allegations of Paragraph 120 are directed to other defendants, and the LG

4    Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations

5    of Paragraph 120 and on that basis deny them.

6           121.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

7    CRT business had discussions with other CRT manufacturers about prices and output for certain

8    types and sizes of CRTs over specified periods of time in certain geographic regions other than the

9    United States..  Except as specifically admitted in the foregoing, the LG Entities deny the

10   allegations of Paragraph 121 as they pertain to the LG Entities.

11          122.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

12   CRT business had discussions with other CRT manufacturers about prices and output for certain

13   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

14   United States..  The LG Entities further admit that some of the meetings at which such discussions

15   occurred were held in conjunction with a golf outing.  Except as specifically admitted in the

16   foregoing, the LG Entities deny the allegations of Paragraph 122 as they pertain to the LG

17   Entities.

18          123.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

19   CRT business had discussions with other CRT manufacturers about prices and output for certain

20   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

21   United States..  Except as specifically admitted in the foregoing, the LG Entities deny the

22   allegations of Paragraph 123 as they pertain to the LG Entities.

23          124.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

24   CRT business had discussions with other CRT manufacturers about prices and output for certain

25   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

26   United States..  The LG Entities further admit that information was exchanged in advance of some

27   of the meetings at which such discussion occurred.  Except as specifically admitted in the

28

ANSWER OF LG ELECTRONICS *et al.*
                                            Master File No. 3:07-cv-05944-SC

1  foregoing, the LG Entities deny the allegations of Paragraph 124 as they pertain to the LG

2  Entities.

3          125.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

4  CRT business had discussions with other CRT manufacturers about prices and output for certain

5  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

6  United States..  Except as specifically admitted in the foregoing, the LG Entities deny the

7  allegations of Paragraph 125 as they pertain to the LG Entities.

8          126.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

9  CRT business had discussions with other CRT manufacturers about prices and output for certain

10  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

11  United States..  Except as specifically admitted in the foregoing, the LG Entities deny the

12  allegations of Paragraph 126 as they pertain to the LG Entities.

13          127.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

14  CRT business had discussions with other CRT manufacturers about prices and output for certain

15  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

16  United States..  Except as specifically admitted in the foregoing, the LG Entities deny the

17  allegations of Paragraph 127 as they pertain to the LG Entities.

18          128.    The LG Entities lack information or knowledge sufficient to form a belief as to the

19  truth of the allegations of Paragraph 128 and on that basis deny them.

20          129.    The LG Entities deny the allegations of Paragraph 129.

21          130.    The LG Entities deny the allegations of Paragraph 130.

22          131.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

23  CRT business had discussions with other CRT manufacturers about prices and output for certain

24  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

25  United States..  Except as specifically admitted in the foregoing, the LG Entities deny the

26  allegations of Paragraph 131 as they pertain to the LG Entities.

27          132.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

28  CRT business had discussions with other CRT manufacturers about prices and output for certain

1    types and sizes of CRTs over specified periods of time in certain geographic regions other than the

2    United States..  Except as specifically admitted in the foregoing, the LG Entities deny the

3    allegations of Paragraph 132 as they pertain to the LG Entities.

4           133.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

5    CRT business had discussions with other CRT manufacturers about prices and output for certain

6    types and sizes of CRTs over specified periods of time in certain geographic regions other than the

7    United States..  Except as specifically admitted in the foregoing, the LG Entities deny the

8    allegations of Paragraph 133 as they pertain to the LG Entities.

9           134.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

10   CRT business had discussions with other CRT manufacturers about prices and output for certain

11   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

12   United States..  Except as specifically admitted in the foregoing, the LG Entities deny the

13   allegations of Paragraph 134 as they pertain to the LG Entities.

14          135.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

15   CRT business had discussions with other CRT manufacturers about prices and output for certain

16   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

17   United States..  Except as specifically admitted in the foregoing, the LG Entities deny the

18   allegations of Paragraph 135 as they pertain to the LG Entities.

19          136.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

20   CRT business had discussions with other CRT manufacturers about prices and output for certain

21   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

22   United States..  Except as specifically admitted in the foregoing, the LG Entities deny the

23   allegations of Paragraph 136 as they pertain to the LG Entities.

24          137.    The LG Entities lack information or knowledge sufficient to form a belief as to the

25   truth of the allegations of Paragraph 137 and on that basis deny them.

26          138.    The LG Entities lack information or knowledge sufficient to form a belief as to the

27   truth of the allegations of Paragraph 138 and on that basis deny them.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

139.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 139 and on that basis deny them.

140.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States..  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 140.  The LG Entities specifically deny that any individual employed by LGPD – an independent company – attended meetings, participated in discussions, or entered agreements with competitors on behalf of or at the direction of the LG Entities or any of them. The LG Entities also deny that any individual employed by LGPD was simultaneously employed by or reported to LGEI.

141.     The LG Entities deny the allegations contained in Paragraph 141.

142.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 142 and on that basis deny them.

143.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 143 and on that basis deny them.

144.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 144 and on that basis deny them.

145.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 145 and on that basis deny them.

146.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 146 and on that basis deny them.

147.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 147 and on that basis deny them.

148.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 148 and on that basis deny them.

149.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 149 and on that basis deny them.

150.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 150 and on that basis deny them.

151.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 151 and on that basis deny them.

152.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 152 and on that basis deny them.

153.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 153 and on that basis deny them.

154.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 154 and on that basis deny them.

155.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 155 and on that basis deny them.

156.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 156 and on that basis deny them.

157.     To the extent that Paragraph 157 describes the use of terminology by Plaintiffs in the FAC, no response is required.  The LG Entities deny the remaining allegations contained in Paragraph 157.

158.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 158 and on that basis deny them.

159.     To the extent that Paragraph 159 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 159 and on that basis deny them.

160.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 160 and on that basis deny them.

161.     To the extent that Paragraph 161 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1  deemed necessary, the LG Entities deny the allegations of Paragraph 161 as they pertain to the LG

2  Entities.

3         162.    To the extent that Paragraph 162 purports to describe the contents of a document,

4  the document speaks for itself and no response is required.  To the extent that a response is

5  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

6  the truth of the allegations of Paragraph 162 and on that basis deny them.

7         163.    The LG Entities lack information or knowledge sufficient to form a belief as to the

8  truth of the allegations of Paragraph 163 and on that basis deny them.

9         164.    To the extent that Paragraph 164 purports to describe the contents of a document,

10  the document speaks for itself and no response is required.  To the extent that a response is

11  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

12  the truth of the allegations of Paragraph 164 and on that basis deny them.

13         165.    To the extent that Paragraph 165 purports to describe the contents of a document,

14  the document speaks for itself and no response is required.  To the extent that a response is

15  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

16  the truth of the allegations of Paragraph 165 and on that basis deny them.

17         166.    To the extent that Paragraph 166 purports to describe the contents of a document,

18  the document speaks for itself and no response is required.  To the extent that a response is

19  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

20  the truth of the allegations of Paragraph 166 and on that basis deny them.

21         167.    The LG Entities deny the allegations contained in Paragraph 167.

22         168.    The LG Entities lack information or knowledge sufficient to form a belief as to the

23  truth of the allegations of Paragraph168 and on that basis deny them.

24         169.    To the extent that Paragraph 169 purports to describe the contents of a document,

25  the document speaks for itself and no response is required.  To the extent that a response is

26  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

27  the truth of the allegations of Paragraph 169 and on that basis deny them.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

170.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 170.

171.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 171.

172.    The LG Entities admit that the Antitrust Division of the United States Department of Justice commenced an investigation related to CRTs.  Except as specifically admitted in the foregoing, the LG Entities deny any remaining allegations contained in Paragraph 172.

173.    The LG Entities admit that the European Commission and Japan and South Korea's Fair Trade Commissions opened investigations related to CRTs.  Except as specifically admitted in the foregoing, the LG Entities deny any remaining allegations contained in Paragraph 173.

174.    To the extent that Paragraph 174 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 174 and on that basis deny them.

175.    To the extent that Paragraph 175 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 175 and on that basis deny them.

176.    To the extent that Paragraph 176 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 176 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

177.    To the extent that Paragraph 177 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 177 and on that basis deny them.

178.    To the extent that Paragraph 178 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 178 and on that basis deny them.

179.    To the extent that Paragraph 179 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 179 and on that basis deny them.

180.    To the extent that Paragraph 180 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 180 and on that basis deny them.

181.    To the extent that Paragraph 181 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 181 and on that basis deny them.

182.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 182 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

183.    The LG Entities admit that the European Commission imposed fines in the amount stated against the companies listed.  Except as specifically admitted in the foregoing, the LG Entities deny any remaining allegations contained in Paragraph 183.

184.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 184 and on that basis deny them.

185.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 185 and on that basis deny them.

186.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 186 and on that basis deny them.

187.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 187 and on that basis deny them.

188.    To the extent that Paragraph 188 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 188 and on that basis deny them.

189.    To the extent that Paragraph 189 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 189 and on that basis deny them.

190.    To the extent that Paragraph 190 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 190 and on that basis deny them.

191.    To the extent that Paragraph 191 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the

1   extent that a response is deemed necessary, the LG Entities lack information or knowledge

2   sufficient to form a belief as to the truth of the allegations of Paragraph 191 and on that basis deny

3   them.

4          192.    The LG Entities lack information or knowledge sufficient to form a belief as to the

5   truth of the allegations of Paragraph 192 and on that basis deny them.

6          193.    The LG Entities admit that LGEI was a member of Korean Display Equipment

7   Material Industry Association and Electronic Display Industrial Research Association of Korea,

8   and has participated in the Korea Display Conference.  Except as specifically admitted in the

9   foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth

10  of the allegations of Paragraph 193 and on that basis deny them.

11         194.    The LG Entities admit that LGEI was a member of Korean Display Equipment

12  Material Industry Association and Electronic Display Industrial Research Association of Korea,

13  and has participated in the Korea Display Conference.  Except as specifically admitted in the

14  foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth

15  of the allegations of Paragraph 194.

16         195.    The LG Entities lack information or knowledge sufficient to form a belief as to the

17  truth of the allegations of Paragraph 195 and on that basis deny them.

18         196.    The LG Entities deny the allegations of Paragraph 196.

19         197.    The LG Entities deny the allegations of Paragraph 197.

20         198.    To the extent that Paragraph 198 purports to describe the contents of a document,

21  the LG Entities respond that the document speaks for itself and no response is required.  To the

22  extent that a response is deemed necessary, the LG Entities lack information or knowledge

23  sufficient to form a belief as to the truth of the allegations of Paragraph 198 and on that basis deny

24  them.

25         199.    The LG Entities lack information or knowledge sufficient to form a belief as to the

26  truth of the allegations of Paragraph 199 and on that basis deny them.

27         200.    The LG Entities lack information or knowledge sufficient to form a belief as to the

28  truth of the allegations of Paragraph 200 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

201.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 201 and on that basis deny them.

202.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 202 and on that basis deny them.

203.     To the extent that Paragraph 203 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 203 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 203.

204.     Paragraph 204 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 204 and on that basis deny them.

205.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 205 and on that basis deny them.

206.     To the extent that Paragraph 206 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 206 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 206.

207.     To the extent that Paragraph 207 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 207 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 207.

208.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 208 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

209.    To the extent that Paragraph 209 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 209 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 209.

210.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 210 and on that basis deny them.

211.    Paragraph 211 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 211 and on that basis deny them.

212.    The LG Entities deny the allegations contained in Paragraph 212.

213.    The LG Entities deny the allegations contained in Paragraph 213.

214.    The LG Entities deny the allegations contained in Paragraph 214.

215.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 215 and that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 215.

216.    To the extent that Paragraph 216 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 216 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 216.

217.    The LG Entities deny the allegations contained in Paragraph 217.

218.    The LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 218 and on that basis deny those allegations.  The LG Entities deny the remaining allegations contained in Paragraph 218.

219.    The LG Entities deny the allegations contained in Paragraph 219.

220.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 220 concerning Plaintiffs' knowledge and on that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 220.

221.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 221 concerning Plaintiffs' knowledge and on that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 221.

222.     The LG Entities deny the allegations contained in Paragraph 222.

223.     The LG Entities deny the allegations contained in Paragraph 223.

224.     The LG Entities deny the allegations contained in Paragraph 224.

225.     The LG Entities deny the allegations contained in Paragraph 225.

226.     The LG Entities deny the allegations contained in Paragraph 226.

227.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 227.

228.     The LG Entities deny the allegations contained in Paragraph 228.

229.     To the extent that Paragraph 229 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 229 and on that basis deny them.

230.     The LG Entities deny the allegations contained in Paragraph 230.

231.     The LG Entities deny the allegations contained in Paragraph 231.

232.     Paragraph 232 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

233.     The LG Entities admit that the Antitrust Division of the United States Department of Justice commenced an investigation related to CRTs.  The second sentence of Paragraph 233 consists of legal conclusions to which no response is required.  Except as specifically admitted in the foregoing, and to the extent that a response is deemed necessary, the LG Entities deny the allegations.

234.    To the extent that Paragraph 234 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that Paragraph 234 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 234 and on that basis deny them.

235.    Paragraph 235 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

236.    The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

237.    The LG Entities deny the allegations contained in Paragraph 237.

238.    The LG Entities deny the allegations contained in Paragraph 238.

239.    The LG Entities deny the allegations contained in Paragraph 239.

240.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States..  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 240 as they pertain to the LG Entities.

241.    The LG Entities deny the allegations contained in Paragraph 241.

242.    The LG Entities deny the allegations contained in Paragraph 242.

243.    The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

244.    To the extent that Paragraph 244 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 244.

245.    To the extent that Paragraph 245 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 245.

246.    The LG Entities deny the allegations contained in Paragraph 246.

247.    The LG Entities deny the allegations contained in Paragraph 247.

248.    The LG Entities deny the allegations contained in Paragraph 248.

249.    To the extent that Paragraph 249 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 249.

## RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND

The paragraphs of the FAC following the header "Prayer for Relief" and "Jury Trial Demanded" do not require a response.  To the extent that those paragraphs require a response, the LG Entities deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.

## RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND

The paragraphs of the FAC following the header "Prayer for Relief" and "Jury Trial Demanded" do not require a response.  To the extent that those paragraphs require a response, the LG Entities deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any of these defenses, the LG Entities allege the following affirmative defenses to the allegations set forth in the FAC:

## FIRST DEFENSE

The FAC fails to state a claim upon which relief can be granted because Plaintiffs' claims are ambiguous, vague, and/or unintelligible; because Plaintiffs have failed to alleged fraud or fraudulent concealment with sufficient particularity; and/or because Plaintiffs have failed to allege conspiracy with sufficient particularity.  The LG Entities aver that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit the LG Entities to ascertain all defenses that may exist.

## SECOND DEFENSE

The claims set forth in the FAC are barred by the statute of limitations.

1

### THIRD DEFENSE

2      Without conceding the existence of any conspiracy, Plaintiffs' claims are barred because

3  the LG Entities effectively withdrew from any alleged conspiracy.

4

### FOURTH DEFENSE

5      The conduct alleged by Plaintiffs in the FAC to form the basis of certain of Plaintiffs'

6  claims has not had a direct, substantial, and reasonably foreseeable effect on trade or commerce

7  with the United States.  The Court therefore lacks subject matter jurisdiction.

8

### FIFTH DEFENSE

9      Plaintiffs' claims are barred, in whole or in part, to the extent that they are based upon

10  foreign sales by defendants, because Plaintiffs have failed to allege facts sufficient to support a

11  claim under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a and/or *Hartford Fire*

12  *Ins. Co. v. California*, 509 U.S. 764 (1993).

13

### SIXTH DEFENSE

14      Plaintiffs' claims are barred, in whole or in part, to the extent that they did not purchase

15  CRTs directly from defendants, because they are indirect purchasers and barred from maintaining

16  an action for alleged injuries in that capacity.

17

### SEVENTH DEFENSE

18      Plaintiffs' claims are barred because Plaintiffs lack standing to sue for the injuries alleged

19  in the FAC.

20

### EIGHTH DEFENSE

21      Plaintiffs are barred from recovery of any damages because of and to the extent of their

22  failure to mitigate damages, or alternatively any claimed injury or damage has been offset by

23  benefits received by Plaintiffs with respect to the challenged conduct.

24

### NINTH DEFENSE

25      Plaintiffs' claims for damages are barred because Plaintiffs have suffered no injury or

26  damages as a result of the matters alleged in the FAC, or alternatively, because the alleged

27  damages, if any, are speculative and because of the impossibility of ascertaining and allocating

28  those alleged damages.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1

TENTH DEFENSE

2        Any injuries or damages Plaintiffs may have suffered were not caused, either actually or

3  proximately, by the acts and omissions of the LG Entities.

4

ELEVENTH DEFENSE

5        Any injuries or damages Plaintiffs may have suffered were caused solely and proximately

6  by the acts and omissions of others.  The acts of others constitute intervening or superseding

7  causes of harm, if any, suffered by Plaintiffs.

8

TWELFTH DEFENSE

9        Plaintiffs' claims are barred to the extent injuries alleged in the FAC, which the LG

10  Entities deny, were contributed to by the statements, acts, and/or omissions of Plaintiffs and/or

11  third parties or entities, other than the LG Entities.

12

THIRTEENTH DEFENSE

13        Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' acquiescence and/or

14  confirmation of any and all conduct and/or omissions alleged as to the LG Entities.

15

FOURTEENTH DEFENSE

16        Plaintiffs' claims are barred because Plaintiffs have not suffered actual, cognizable injury

17  of the type antitrust laws are intended to remedy.

18

FIFTEENTH DEFENSE

19        To the extent that any actionable conduct occurred, Plaintiffs' claims against the LG

20  Entities are barred because all such conduct would have been committed by individuals acting

21  ultra vires.

22

SIXTEENTH DEFENSE

23        Plaintiffs' claims against the LG Entities are barred to the extent that they have agreed to

24  arbitration or chosen a different forum for the resolution of their claims.

25

SEVENTEENTH DEFENSE

26        Plaintiffs' claims are barred, in whole or in part, because the remedies sought are

27  unconstitutional, contrary to public policy, or are otherwise unauthorized.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to join indispensable parties.

NINETEENTH DEFENSE

Without admitting that Plaintiffs are entitled to recover damages in this matter, the LG Entities are entitled to set off from any recovery Plaintiffs may obtain against them by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

TWENTIETH DEFENSE

The LG Entities are separate and autonomous companies from LPD, and thus are not liable for Plaintiffs' damages resulting from LPD's actions.

TWENTY-FIRST DEFENSE

Any award of treble damages would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the state constitution.

**RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES**

The LG Entities adopt by reference any additional applicable defenses pleaded by any other Defendant in this action.  The LG Entities have not knowingly or intentionally waived any applicable defenses and explicitly reserve the right to assert any additional defenses and affirmative defenses as this action proceeds. The LG Entities further reserve the right to amend its Answer and/or defenses accordingly, and/or to delete defenses that it determines are not applicable as this action proceeds.  The LG Entities further reserve the right to assert affirmative defenses that are unique to one or a subset of the claims asserted under the state law at issue in this action.

WHEREFORE, the LG Entities pray as follows:

1.       That the Plaintiffs take nothing by way of the FAC, and the action be dismissed with prejudice;

2.       That judgment be entered in favor of the LG Entities and against Plaintiffs with respect to all causes of action in the FAC;

3.       That the Court award the LG Entities its attorneys' fees and all other costs reasonably incurred in defense of this action; and

4.      That the Court award such other relief as it may deem just and proper.

DATED:  November 4, 2013                    MUNGER, TOLLES & OLSON LLP
                                            WILLIAM D. TEMKO
                                            HOJOON HWANG
                                            BETHANY W. KRISTOVICH
                                            LAURA K. SULLIVAN


                                            By:        /s/ Hojoon Hwang
                                                   _____
                                                   HOJOON HWANG
                                            Attorneys for LG ELECTRONICS, INC., LG
                                            ELECRONICS USA, INC., AND LG ELECTRONICS
                                            TAIWAN TAIPEI CO., LTD

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

**PROOF OF SERVICE**

  I, Angela Balestrieri, the undersigned, declare that I am over the age of 18 and not

a party to the within cause.  I am employed by Munger, Tolles & Olson LLP in the County of San

Francisco, State of California.  My business address is 560 Mission Street, Twenty-Seventh

Floor, San Francisco, California  94105-2907.

  On November 4, 2013, I served upon the interested partyies in this action the

following document, a copy of which is attached to this Proof of Service:

**  ANSWER OF LG ELECTRONICS, INC. AND LG ELECTRONICS USA,
INC. TO FIRST AMENDED COMPLAINT BY BEST BUY CO., INC.;
BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES,
INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; AND
MAGNOLIA HI-FI, LLC**

☒ By placing ☐ the original(s) ☒ a true and correct copy via electronic Notice through ECF and/or, as set out below, in an addressed, sealed envelope(s) clearly labeled to identify the person(s) being served at the address(es) set forth on the attached service list.

☒ **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such envelope(s) to be placed in interoffice mail for collection and deposit in the United States Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on that same date, following ordinary business practices.  I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

☒ **TO BE SERVED ELECTRONICALLY VIA ECF THROUGH THE COURT'S NOTIFICATION SYSTEM.**

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

  Executed on November 4, 2013, at San Francisco, California.

  I declare under penalty of perjury that the foregoing is true and correct.  Executed

on November 4, 2013, at San Francisco, California.

        _____

          Angela Balestrieri

1

**PROOF OF SERVICE BY MAIL**

2

Case No.:  3:07-CV-05944-SC

3

SERVICE LIST

4

Charles H. Johnson
Charles H Johnson & Associates PA

5

2599 Mississippi Street
New Brighton, MN 55113

6

7

Clinton Paul Walker
Damrell, Nelson, Schrimp, Pallios, Pache & Silva

8

1601 "I" Street
Fifth Floor

9

Modesto, CA 95354

10

Donna F. Solen
Mason Law Firm-Washington

11

1225 19th Street, NW, Suite 500
Washington, DC 20036

12

13

Gregory D. Hull
Weil, Gotshal & Manges LLP

14

201 Redwood Shores Parkway
Redwood Shores, CA 94065

15

16

Issac L. Diel
Sharp McQueen

17

6900 College Boulevard, Suite 285
Overland Park, KS 66211

18

19

Jean B. Roth
Mansfield Tanick & Cohen

20

1700 U.S. Bank Plaza South
220 South Sixth Street

21

Minneapolis, MN 55402-4511

22

John G. Emerson
Emerson Poynter LLP

23

830 Apollo Lane
Houston, TX 77058

24

25

John Gressette Felder , Jr
McGowan Hood Felder and Johnson

26

1405 Calhoun Street
Columbia, SC 29201

27

28

22012232.1

1   Katherine Hamilton Wheaton
    300 North LaSalle Street
2   Chicago, IL 60654

3
    Krishna B. Narine
4   Schiffrin & Barroway, LLP
    Three Bala Plaza East
5   Suite 400
    Bala Cynwyd, PA 19004
6

7   Lawrence D. McCabe
    Murray Frank & Sailer LLP
8   275 Madison Avenue
    New York, NY 10016
9

10  Lawrence P. Schaefer
    Mansfield Tanick & Cohen
11  1700 U.S. Bank Plaza South
    220 South Sixth Street
12  Minneapolis, MN 55402-4511

13
    Lewis Titus LeClair
14  McKool Smith
    300 Crescent Ct #1500
15  Dallas, TX 75201

16  Lori A. Fanning
    Miller Law LLC
17  115 South LaSalle Street, Suite 2910
    Chicago, IL 60603
18

19  Mark Reinhardt
    Reinhardt Wendorf & Blanchfield
20  East 1000 First National Bank Building
    322 Minnesota Street
21  St. Paul, MN 55101

22
    Martin E. Grossman
23  Law Offices of Martin E. Grossman
    2121 Green Brier Drive
24  Villanova, PA 19085

25
    Matthew E. Van Tine
26  Miller Law LLC
    115 South LaSalle Street, Suite 2910
27  Chicago, IL 60603

28
                                    - 2 -

22012232.1

1  Melissa Willett
   Boies, Schiller & Flexner
2  5301 Wisconsin Ave. NW
   Suite 800
3  Washington, DC 20015

4
   Mike McKool , Jr
5  McKool Smith, P.C.
   300 Crescent Court Ste 1500
6  Dallas, TX 75201

7
   Neal A Eisenbraun
8  Neal A Eisenbraun, Chartered
   2599 Mississippi Street
9  New Brighton, MN 55113

10
   Niki B. Okcu
11 AT&T Services, Inc. Legal Dept.
   525 Market Street, 20th Floor
12 San Francisco, CA 94105

13
   Patricia A. Conners
14 Attorney General's Office
   Department of Legal Affairs
15 Antitrust Section
   PL-01 The Capitol
16 Tallahassee, FL 32399-1050

17
   Paul F Novak
18 Milberg LLP
   One Kennedy Square
19 777 Woodward Avenue, Suite 890
   Detroit, MI 48226
20
   Richard M. Hagstrom
21 Zelle Hofmann Voelbel Mason & Gette LLP
   500 Washington Avenue South, Suite 4000
22 Minneapolis, MN 55415

23
   Robert B. Gerard
24 Gerard Selden & Osuch
   1516 Front Street
25 San Diego, CA 92101

26

27

28

22012232.1

1   Roger Martin Schrimp
2   Damrell Nelson Schrimp Pallios Pacher & Silva
    1601 I Street 5th Floor
3   Modesto, CA 95354

4   Samuel J. Sharp
    701 13th Street NW
5   Washington, DC 20005

6   Steven A. Reiss
7   Weil Gotshal & Manges LLP
    767 Fifth Avenue
8   New York, NY 10153-0119

9   Traviss Levine Galloway
    Zelle Hofmann Voelbel Mason & Gette
10  44 Montgomery St #3400
    San Francisco, CA 94104
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

22012232.1