1   WILLIAM D. TEMKO (State Bar No. 98858)
    william.temko@mto.com
2   BETHANY W. KRISTOVICH (State Bar No. 241891)
    Bethany.Kristovich@mto.com
3   MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue
4   Thirty-Fifth Floor
    Los Angeles, CA 90071-1560
5   Telephone:     (213) 683-9100
    Facsimile:     (213) 687-3702
6
    HOJOON HWANG (State Bar No. 184950)
7   hojoon.hwang@mto.com
    LAURA K. SULLIVAN (State Bar No. 281542)
8   Laura.Sullivan@mto.com
    MUNGER, TOLLES & OLSON LLP
9   560 Mission Street
    Twenty-Seventh Floor
10  San Francisco, California 94105-2907
    Telephone:     (415) 512-4000
11  Facsimile:     (415) 512-4077

12  Attorneys for LG ELECTRONICS, INC., LG
    ELECRONICS USA, INC., AND LG
13  ELECTRONICS TAIWAN TAIPEI CO., LTD

14                        UNITED STATES DISTRICT COURT

15        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

16

17

18  COMPUCOM SYSTEMS, INC.,                  Case No. Master File No. 3:07-cv-05944-SC

        Plaintiff,                           MDL NO. 1917
19
        vs.                                  Individual Case no. 11-cv-06396
20
    HITACHI, LTD.; HITACHI DISPLAYS,         **ANSWER OF LG ELECTRONICS, INC.
21  LTD.; HITACHI AMERICA, LTD.;             AND LG ELECTRONICS USA, INC. TO
    HITACHI ASIA, LTD.; HITACHI              FIRST AMENDED COMPLAINT BY
22  ELECTRONIC DEVICES (USA), INC.;          COMPUCOM SYSTEMS, INC.**
    SHENZHEN SEG HITACHI COLOR
23  DISPLAY DEVICES, LTD.; IRICO GROUP
    CORPORATION; IRICO GROUP
24  ELECTRONICS CO., LTD.; IRICO
    DISPLAY DEVICES CO., LTD.; LG
25  ELECTRONICS, INC.; LG ELECTRONICS
    USA, INC.; LP DISPLAYS
26  INTERNATIONAL LTD.; PANASONIC
    CORPORATION; PANASONIC
27  CORPORATION OF NORTH AMERICA;
    MT PICTURE DISPLAY CO., LTD.;
28  BEIJING MATSUSHITA COLOR CRT CO.,

21976435.1

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

1   LTD.; KONINKLIJKE PHILIPS
    ELECTRONICS N.V.; PHILIPS
2   ELECTRONICS NORTH AMERICA
    CORPORATION; PHILIPS ELECTRONICS
3   INDUSTRIES (TAIWAN), LTD.; PHILIPS
    DA AMAZONIA INDUSTRIA
4   ELECTRONICA LTDA.; SAMSUNG SDI
    CO., LTD.; SAMSUNG SDI AMERICA,
5   INC.; SAMSUNG SDI MEXICO S.A. DE
    C.V.; SAMSUNG SDI BRASIL LTDA.;
6   SHENZHEN SAMSUNG SDI CO., LTD.;
    TIANJIN SAMSUNG SDI CO., LTD.;
7   SAMSUNG SDI (MALAYSIA) SDN. BHD.;
    SAMTEL COLOR LTD.; THAI CRT CO.,
8   LTD.; TOSHIBA CORPORATION;
    TOSHIBA AMERICA, INC.; TOSHIBA
9   AMERICA CONSUMER PRODUCTS,
    LLC; TOSHIBA AMERICA ELECTRONIC
10  COMPONENTS, INC.; TOSHIBA
    AMERICA INFORMATION SYSTEMS,
11  INC.; CHUNGHWA PICTURE TUBES,
    LTD.; CHUNGHWA PICTURE TUBES
12  (MALAYSIA).,

13              Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    Defendants LG ELECTRONICS, INC., and LG ELECTRONICS USA, INC. (the

2  "LG Entities"), through undersigned counsel, hereby answer the allegations contained in the First

3  Amended Complaint by Plaintiff CompuCom Systems, Inc. ("CompuCom" or "Plaintiff")

4  ("FAC").  Except as otherwise stated below, the LG Entities are without sufficient knowledge or

5  information to form a belief concerning the truth of the allegations in the FAC that are directed

6  toward other defendants.  The LG Entities' response to the allegations below are therefore limited

7  to the truth or falsity of the allegations as they pertain to the LG Entities only.  The LG Entities

8  deny all allegations in the FAC (including headings and captions) not specifically admitted in this

9  Answer.

10    1.    The LG Entities deny the allegations contained in Paragraph 1.

11    2.    The LG Entities admit that during the Relevant Period, LG Electronics, Inc.

12  manufactured CPTs, CDTs, and CRT Products, as the terms are defined in this Paragraph.  The

13  LG Entities object to Plaintiff's definition of "CRT Products," because this definition includes

14  products at different levels of the production chain and creates confusion in attempting to respond

15  to the allegations of the FAC, given that certain companies, including LG Electronics, Inc.

16  ("LGEI"), do not manufacture and sell cathode ray tubes, while other defendants (including LG

17  Electronics USA, Inc. ("LGEUSA")) do not manufacture either cathode ray tubes or finished

18  products (such as televisions or computer monitors).

19    3.    The LG Entities lack knowledge or information sufficient to form a belief as to the

20  truth of the allegations contained in Paragraph 3 and on that basis deny those allegations.

21    4.    The LG Entities admit that during the Relevant Period, the business of

22  manufacturing and selling CRTs was under significant pressure due to changes in technologies

23  and customer preference, among other factors.  The LG Entities deny the remaining allegations

24  contained in Paragraph 4.

25    5.    The LG Entities deny the allegations contained in Paragraph 5.

26    6.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

27  CRT business had discussions with other CRT manufacturers about prices and output for certain

28  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 6 as they pertain to the LG Entities.

7.      The LG Entities deny the allegations contained in Paragraph 7.

8.      Paragraph 8 recites actions of various governmental agencies that are matters of public record and no response is required.

9.      The LG Entities lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis deny them.

10.     Paragraph 10 characterizes Plaintiff's claims in the FAC and no response is required.

11.     Paragraph 11 characterizes Plaintiff's claims in the FAC and no response is required.

12.     The LG Entities admit that the Court has subject matter jurisdiction over CompuCom's federal antitrust claims, if any, that satisfy the requirements of the Foreign Trade and Antitrust Improvement Act ("FTAIA").  The remainder of Paragraph 12 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

13.     The LG Entities deny the allegations contained in Paragraph 13.

14.     Paragraph 14 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

15.     Paragraph 15 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

16.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis deny them.

17.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis deny them.

18.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

19.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19 and on that basis deny them.

20.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20 and on that basis deny them.

21.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 21 and on that basis deny them.

22.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 22 and on that basis deny them.

23.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 23 and on that basis deny them.

24.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 24 and on that basis deny them.

25.     Paragraph 25 describes the terminology used in the FAC and no response is required.

26.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 26 and on that basis deny them.

27.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 27 and on that basis deny them.

28.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 28 and on that basis deny them.

29.     Paragraph 29 describes the terminology used in the FAC and no response is required.

30.     The LG Entities admit that LGEI is a corporate entity organized under the laws of the Republic of Korea, and further admits the location of its headquarters as alleged in Paragraph 30.  LGEI admits that before July 2001, it spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1  Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays."

2  Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 30.

3      31.    The LG Entities admit that LGEUSA is a Delaware corporation which is a wholly-

4  owned subsidiary of LGEI and engaged in the marketing and sale of certain CRT Products during

5  the Relevant Period, and the location of its headquarters as alleged in Paragraph 31.  Except as so

6  admitted, the LG Entities deny the remaining allegations of Paragraph 31.

7      32.    Paragraph 32 describes the terminology used in the FAC and no response is

8  required.

9      33.    The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

10  and sales operations to a separate company which, effective July 2001, became part of a newly-

11  formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was

12  formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes

13  referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was

14  named "LP Displays" and that LGEI's interest in LP Displays was transferred to various third-

15  parties in the course of LP Displays' bankruptcy proceeding.  The remainder of the allegations of

16  Paragraph 33 are not directed at the LG Entities and therefore no response is required.  To the

17  extent that a response is required, the LG Entities lack information or knowledge sufficient to form

18  a belief as to the truth of the remaining allegations of Paragraph 33 and on that basis deny them.

19      34.    The LG Entities lack information or knowledge sufficient to form a belief as to the

20  truth of the allegations of Paragraph 34 and on that basis deny them.

21      35.    The LG Entities lack information or knowledge sufficient to form a belief as to the

22  truth of the allegations of Paragraph 35 and on that basis deny them.

23      36.    Paragraph 36 describes the terminology used in the FAC and no response is

24  required.

25      37.    The LG Entities lack information or knowledge sufficient to form a belief as to the

26  truth of the allegations of Paragraph 37 and on that basis deny them.

27      38.    The LG Entities lack information or knowledge sufficient to form a belief as to the

28  truth of the allegations of Paragraph 38 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

39.     The LG Entities admit that the new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  Except as so admitted, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 39 and on that basis deny them.

40.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 40 and on that basis deny them.

41.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 41 and on that basis deny them.

42.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 42 and on that basis deny them.

43.     Paragraph 43 describes the terminology used in the FAC and no response is required.

44.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 44 and on that basis deny them.

45.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 45 and on that basis deny them.

46.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 46 and on that basis deny them.

47.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 47 and on that basis deny them.

48.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 48 and on that basis deny them.

49.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 49 and on that basis deny them.

50.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 50 and on that basis deny them.

1    51.    Paragraph 51 describes the terminology used in the FAC and no response is
2  required.

3    52.    The LG Entities lack information or knowledge sufficient to form a belief as to the
4  truth of the allegations of Paragraph 52 and on that basis deny them.

5    53.    The LG Entities lack information or knowledge sufficient to form a belief as to the
6  truth of the allegations of Paragraph 53 and on that basis deny them.

7    54.    The LG Entities lack information or knowledge sufficient to form a belief as to the
8  truth of the allegations of Paragraph 54 and on that basis deny them.

9    55.    The LG Entities lack information or knowledge sufficient to form a belief as to the
10  truth of the allegations of Paragraph 55 and on that basis deny them.

11    56.    The LG Entities lack information or knowledge sufficient to form a belief as to the
12  truth of the allegations of Paragraph 56 and on that basis deny them.

13    57.    The LG Entities lack information or knowledge sufficient to form a belief as to the
14  truth of the allegations of Paragraph 57 and on that basis deny them.

15    58.    The LG Entities lack information or knowledge sufficient to form a belief as to the
16  truth of the allegations of Paragraph 58 and on that basis deny them.

17    59.    Paragraph 59 describes the terminology used in the FAC and no response is
18  required.

19    60.    The LG Entities lack information or knowledge sufficient to form a belief as to the
20  truth of the allegations of Paragraph 60 and on that basis deny them.

21    61.    The LG Entities lack information or knowledge sufficient to form a belief as to the
22  truth of the allegations of Paragraph 61 and on that basis deny them.

23    62.    Paragraph 62 describes the terminology used in the FAC and no response is
24  required.

25    63.    The LG Entities deny the allegations contained in Paragraph 63.

26    64.    The LG Entities deny the allegations contained in Paragraph 64.

27    65.    The LG Entities lack information or knowledge sufficient to form a belief as to the
28  truth of the allegations of Paragraph 65 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

66.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 66 and on that basis deny them.

67.     Paragraph 67 describes the terminology used in the FAC and no response is required.

68.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 68 and on that basis deny them.

69.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 69 and on that basis deny them.

70.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 70 and on that basis deny them.

71.     The LG Entities deny the allegations contained in Paragraph 71.

72.     The LG Entities deny the allegations contained in Paragraph 72.

73.     The LG Entities deny the allegations contained in Paragraph 73.

74.     Paragraph 74 contains only legal conclusions to which no response is required.  To the extent that a response is required, the LG Entities deny the allegations.

75.     To the extent that Paragraph 75 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 75 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 75.

76.     To the extent that Paragraph 76 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 76 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 76.

77.     To the extent that Paragraph 77 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 77 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 77.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

78.     To the extent that Paragraph 78 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 78 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 78.

79.     To the extent that Paragraph 79 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 79 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 79.

80.     To the extent that Paragraph 80 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 80 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 80.

81.     The LG Entities deny the allegations of Paragraph 81.

82.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 82 and on that basis deny them.

83.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 83 and on that basis deny them.

84.     The LG Entities deny the allegations of Paragraph 84.

85.     The LG Entities deny the allegations of Paragraph 85.

86.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 86 and on that basis deny them.

87.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 87 as they pertain to the LG Entities.

88.     The LG Entities admit that LGEI was a member of the Korea Display Industry Association.  To the extent that the remaining allegations contained in Paragraph 88 are directed to

1    other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to

2    the truth of the allegations contained in Paragraph 88 and on that basis deny those allegations. To

3    the extent that the remaining allegations contained in Paragraph 88 are directed to the LG Entities,

4    they are denied.

5            89.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

6    and sales operations to a separate company which, effective July 2001, became part of a newly

7    formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD

8    – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

9    (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring

10   and was renamed "LP Displays." To the extent that the remaining allegations contained in

11   Paragraph 89 are directed to other defendants, the LG Entities lack knowledge or information

12   sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and on that

13   basis deny those allegations. To the extent that the remaining allegations contained in Paragraph

14   89 are directed to the LG Entities, they are denied.

15           90.     The LG Entities deny the allegations contained in Paragraph 90.

16           91.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

17   and sales operations to a separate company which, effective July 2001, became part of a newly

18   formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD

19   –w as formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

20   (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring

21   and was renamed "LP Displays."  The LG Entities further admit that Hitachi, Ltd. and LGEI

22   formed a joint venture in 2000 for the development, design and marketing of optical disk drives.

23   The LG Entities further admit that in 1999, LGEI entered into a joint venture agreement with

24   Koninklijke Philips Electronics N.V. with respect to the manufacture, sale, and marketing of TFT-

25   LCD panels.  To the extent that the remaining allegations contained in Paragraph 90 are directed

26   to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to

27   the truth of the allegations contained in Paragraph 90 and on that basis deny those allegations. To

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

the extent that the remaining allegations contained in Paragraph 90 are directed to the LG Entities, they are denied.

92.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 92.

93.     The LG Entities deny the allegations contained in Paragraph 93.

94.     The LG Entities deny the allegations contained in Paragraph 94.

95.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 95.

96.     The LG Entities admit that CRTs were being rapidly replaced by TFT-LCD, plasma and other display technologies between 2000 and 2006.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 96.

97.     The LG Entities deny the allegations contained in Paragraph 97.

98.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and on that basis deny those allegations.

99.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and on that basis deny those allegations.

100.     To the extent that Paragraph 100 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 100 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 100.

101.     The LG Entities deny the allegations contained in Paragraph 101.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    102.    The LG Entities lack information or knowledge sufficient to form a belief as to the

2    truth of the allegations of Paragraph 102 and on that basis deny them.

3    103.    The LG Entities lack information or knowledge sufficient to form a belief as to the

4    truth of the allegations of Paragraph 103 and on that basis deny them.

5    104.    The LG Entities deny the allegations contained in Paragraph 104.

6    105.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

7    CRT business had discussions with other CRT manufacturers about prices and output for certain

8    types and sizes of CRTs over specified periods of time in certain geographic regions other than the

9    United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

10   allegations of Paragraph 105 as they pertain to the LG Entities.

11   106.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

12   CRT business had discussions with other CRT manufacturers about prices and output for certain

13   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

14   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

15   allegations of Paragraph 106 as they pertain to the LG Entities.

16   107.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

17   CRT business had discussions with other CRT manufacturers about prices and output for certain

18   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

19   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

20   allegations of Paragraph 107 as they pertain to the LG Entities.

21   108.    The LG Entities deny the allegations contained in Paragraph 108.

22   109.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

23   CRT business had discussions with other CRT manufacturers about prices and output for certain

24   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

25   United States.  The LG Entities further admit that some of the meetings at which such discussions

26   occurred were sometimes referred to by some participants as "glass meetings."  Except as

27   specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 109 as

28   they pertain to the LG Entities.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

110.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 110 as they pertain to the LG Entities.

111.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 111 as they pertain to the LG Entities.

112.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 112 as they pertain to the LG Entities.

113.    The allegations of Paragraph 113 are directed to other defendants, and the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 113 and on that basis deny them.

114.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 114 as they pertain to the LG Entities.

115.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  The LG Entities further admit that some of the meetings at which such discussions occurred were held in conjunction with a golf outing.  Except as specifically admitted in the

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1   foregoing, the LG Entities deny the allegations of Paragraph 115 as they pertain to the LG

2   Entities.

3        116.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

4   CRT business had discussions with other CRT manufacturers about prices and output for certain

5   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

6   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

7   allegations of Paragraph 116 as they pertain to the LG Entities.

8        117.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

9   CRT business had discussions with other CRT manufacturers about prices and output for certain

10  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

11  United States.  The LG Entities further admit that information was exchanged in advance of some

12  of the meetings at which such discussion occurred.  Except as specifically admitted in the

13  foregoing, the LG Entities deny the allegations of Paragraph 117 as they pertain to the LG

14  Entities.

15       118.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

16  CRT business had discussions with other CRT manufacturers about prices and output for certain

17  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

18  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

19  allegations of Paragraph 118 as they pertain to the LG Entities.

20       119.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

21  CRT business had discussions with other CRT manufacturers about prices and output for certain

22  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

23  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

24  allegations of Paragraph 119 as they pertain to the LG Entities.

25       120.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

26  CRT business had discussions with other CRT manufacturers about prices and output for certain

27  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

28

1  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

2  allegations of Paragraph 120 as they pertain to the LG Entities.

3          121.    The LG Entities deny the allegations of Paragraph 121.

4          122.    The LG Entities deny the allegations of Paragraph 122.

5          123.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

6  CRT business had discussions with other CRT manufacturers about prices and output for certain

7  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

8  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

9  allegations of Paragraph 123 as they pertain to the LG Entities.

10          124.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

11  CRT business had discussions with other CRT manufacturers about prices and output for certain

12  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

13  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

14  allegations of Paragraph 124 as they pertain to the LG Entities.

15          125.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

16  CRT business had discussions with other CRT manufacturers about prices and output for certain

17  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

18  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

19  allegations of Paragraph 125 as they pertain to the LG Entities.

20          126.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

21  CRT business had discussions with other CRT manufacturers about prices and output for certain

22  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

23  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

24  allegations of Paragraph 126 as they pertain to the LG Entities.

25          127.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

26  CRT business had discussions with other CRT manufacturers about prices and output for certain

27  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

28

- 14 -

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

2   allegations of Paragraph 127 as they pertain to the LG Entities.

3          128.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

4   CRT business had discussions with other CRT manufacturers about prices and output for certain

5   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

6   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

7   allegations of Paragraph 128 as they pertain to the LG Entities.

8          129.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

9   CRT business had discussions with other CRT manufacturers about prices and output for certain

10  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

11  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

12  allegations of Paragraph 129 as they pertain to the LG Entities.

13         130.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14  truth of the allegations of Paragraph 130 and on that basis deny them.

15         131.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16  truth of the allegations of Paragraph 131 and on that basis deny them.

17         132.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18  truth of the allegations of Paragraph 132 and on that basis deny them.

19         133.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

20  CRT business had discussions with other CRT manufacturers about prices and output for certain

21  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

22  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

23  allegations of Paragraph 133.  The LG Entities specifically deny that any individual employed by

24  LGPD – an independent company – attended meetings, participated in discussions, or entered

25  agreements with competitors on behalf of or at the direction of the LG Entities or any of them.

26  The LG Entities also deny that any individual employed by LGPD was simultaneously employed

27  by or reported to LGEI.

28         134.    The LG Entities deny the allegations contained in Paragraph 134.

1     135.    The LG Entities lack information or knowledge sufficient to form a belief as to the

2 truth of the allegations of Paragraph 135 and on that basis deny them.

3     136.    The LG Entities lack information or knowledge sufficient to form a belief as to the

4 truth of the allegations of Paragraph 136 and on that basis deny them.

5     137.    The LG Entities lack information or knowledge sufficient to form a belief as to the

6 truth of the allegations of Paragraph 137 and on that basis deny them.

7     138.    The LG Entities lack information or knowledge sufficient to form a belief as to the

8 truth of the allegations of Paragraph 138 and on that basis deny them.

9     139.    The LG Entities lack information or knowledge sufficient to form a belief as to the

10 truth of the allegations of Paragraph 139 and on that basis deny them.

11     140.    The LG Entities lack information or knowledge sufficient to form a belief as to the

12 truth of the allegations of Paragraph 140 and on that basis deny them.

13     141.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14 truth of the allegations of Paragraph 141 and on that basis deny them.

15     142.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16 truth of the allegations of Paragraph 142 and on that basis deny them.

17     143.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18 truth of the allegations of Paragraph 143 and on that basis deny them.

19     144.    The LG Entities lack information or knowledge sufficient to form a belief as to the

20 truth of the allegations of Paragraph 144 and on that basis deny them.

21     145.    The LG Entities lack information or knowledge sufficient to form a belief as to the

22 truth of the allegations of Paragraph 145 and on that basis deny them.

23     146.    The LG Entities lack information or knowledge sufficient to form a belief as to the

24 truth of the allegations of Paragraph 146 and on that basis deny them.

25     147.    The LG Entities lack information or knowledge sufficient to form a belief as to the

26 truth of the allegations of Paragraph 147 and on that basis deny them.

27     148.    The LG Entities lack information or knowledge sufficient to form a belief as to the

28 truth of the allegations of Paragraph 148 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

149.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 149 and on that basis deny them.

150.     To the extent that Paragraph 150 describes the use of terminology by Plaintiff in the FAC, no response is required.  The LG Entities deny the remaining allegations contained in Paragraph 150.

151.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 151 and on that basis deny them.

152.     To the extent that Paragraph 152 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 152 and on that basis deny them.

153.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 153 and on that basis deny them.

154.     To the extent that Paragraph 154 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations of Paragraph 154 as they pertain to the LG Entities.

155.     To the extent that Paragraph 155 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 155 and on that basis deny them.

156.     To the extent that Paragraph 156 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 156 and on that basis deny them.

157.     The LG Entities deny the allegations contained in Paragraph 157.

158.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 158 and on that basis deny them.

159.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 and on that basis deny those allegations.  To the extent that Paragraph 159 purports to describe the contents of a document, the document speaks for itself and no response is required.

160.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 160.

161.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 161.

162.     The LG Entities admit that the Antitrust Division of the United States Department of Justice commenced an investigation related to CRTs.  Except as specifically admitted in the foregoing, the LG Entities deny any remaining allegations contained in Paragraph 162.

163.     The LG Entities admit that the European Commission and Japan and South Korea's Fair Trade Commissions opened investigations related to CRTs.  Except as specifically admitted in the foregoing, the LG Entities deny any remaining allegations contained in Paragraph 163.

164.     To the extent that Paragraph 164 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 164 and on that basis deny them.

165.     To the extent that Paragraph 165 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 165 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

166.    To the extent that Paragraph 166 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 166 and on that basis deny them.

167.    To the extent that Paragraph 167 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 167 and on that basis deny them.

168.    To the extent that Paragraph 168 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 168 and on that basis deny them.

169.    To the extent that Paragraph 169 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 169 and on that basis deny them.

170.    To the extent that Paragraph 170 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 170 and on that basis deny them.

171.    To the extent that Paragraph 171 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1   sufficient to form a belief as to the truth of the allegations of Paragraph 171 and on that basis deny

2   them.

3          172.    To the extent that Paragraph 172 purports to describe the contents of a document,

4   the LG Entities respond that the document speaks for itself and no response is required.  To the

5   extent that a response is deemed necessary, the LG Entities lack information or knowledge

6   sufficient to form a belief as to the truth of the allegations of Paragraph 172 and on that basis deny

7   them.

8          173.    The LG Entities admit that the European Commission imposed fines in the amount

9   stated against the companies listed.  Except as specifically admitted in the foregoing, the LG

10  Entities deny any remaining allegations contained in Paragraph 173.

11         174.    The LG Entities lack information or knowledge sufficient to form a belief as to the

12  truth of the allegations of Paragraph 174 and on that basis deny them.

13         175.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14  truth of the allegations of Paragraph 175 and on that basis deny them.

15         176.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16  truth of the allegations of Paragraph 176 and on that basis deny them.

17         177.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18  truth of the allegations of Paragraph 177 and on that basis deny them.

19         178.    To the extent that Paragraph 178 purports to describe the contents of a document,

20  the LG Entities respond that the document speaks for itself and no response is required.  To the

21  extent that a response is deemed necessary, the LG Entities lack information or knowledge

22  sufficient to form a belief as to the truth of the allegations of Paragraph 178 and on that basis deny

23  them.

24         179.    To the extent that Paragraph 179 purports to describe the contents of a document,

25  the LG Entities respond that the document speaks for itself and no response is required.  To the

26  extent that a response is deemed necessary, the LG Entities lack information or knowledge

27  sufficient to form a belief as to the truth of the allegations of Paragraph 179 and on that basis deny

28  them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

180.     To the extent that Paragraph 180 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 180 and on that basis deny them.

181.     To the extent that Paragraph 181 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 181 and on that basis deny them.

182.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 182 and on that basis deny them.

183.     The LG Entities admit that LGEI was a member of Korean Display Equipment Material Industry Association and Electronic Display Industrial Research Association of Korea, and has participated in the Korea Display Conference.  Except as specifically admitted in the foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 183 and on that basis deny them.

184.     The LG Entities admit that LGEI was a member of Korean Display Equipment Material Industry Association and Electronic Display Industrial Research Association of Korea, and has participated in the Korea Display Conference.  Except as specifically admitted in the foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 184.

185.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 185 and on that basis deny them.

186.     The LG Entities deny the allegations of Paragraph 186.

187.     The LG Entities deny the allegations of Paragraph 187.

188.     To the extent that Paragraph 188 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1  extent that a response is deemed necessary, the LG Entities lack information or knowledge

2  sufficient to form a belief as to the truth of the allegations of Paragraph 188 and on that basis deny

3  them.

4       189.    The LG Entities lack information or knowledge sufficient to form a belief as to the

5  truth of the allegations of Paragraph 189 and on that basis deny them.

6       190.    The LG Entities lack information or knowledge sufficient to form a belief as to the

7  truth of the allegations of Paragraph 190 and on that basis deny them.

8       191.    The LG Entities lack information or knowledge sufficient to form a belief as to the

9  truth of the allegations of Paragraph 191 and on that basis deny them.

10      192.    The LG Entities lack information or knowledge sufficient to form a belief as to the

11  truth of the allegations of Paragraph 192 and on that basis deny them.

12      193.    To the extent that Paragraph 193 purports to describe the contents of a document,

13  the document speaks for itself and no response is required.  To the extent that a response is

14  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

15  the truth of the allegations of Paragraph 193 and on that basis deny them.  The LG Entities deny

16  any remaining allegations contained in Paragraph 193.

17      194.    To the extent that Paragraph 194 purports to describe the contents of a document,

18  the LG Entities respond that the document speaks for itself and no response is required.  To the

19  extent that a response is deemed necessary, the LG Entities lack information or knowledge

20  sufficient to form a belief as to the truth of the allegations of Paragraph 194 and on that basis deny

21  them.

22      195.    The LG Entities lack information or knowledge sufficient to form a belief as to the

23  truth of the allegations of Paragraph 195 and on that basis deny them.

24      196.    To the extent that Paragraph 196 purports to describe the contents of a document,

25  the document speaks for itself and no response is required.  To the extent that a response is

26  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

27  the truth of the allegations of Paragraph 196 and on that basis deny them.  The LG Entities deny

28  any remaining allegations contained in Paragraph 196.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

197.     To the extent that Paragraph 197 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 197 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 197.

198.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 198 and on that basis deny them.

199.     To the extent that Paragraph 199 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 199 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 199.

200.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 200 and on that basis deny them.

201.     The LG Entities deny the allegations contained in Paragraph 201.

202.     The LG Entities deny the allegations contained in Paragraph 202.

203.     The LG Entities deny the allegations contained in Paragraph 203.

204.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 204 and that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 204.

205.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 205 and on that basis deny them.

206.     To the extent that Paragraph 206 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 206 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 206.

207.     The LG Entities deny the allegations contained in Paragraph 207.

208.    The LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 208 and on that basis deny those allegations.  The LG Entities deny the remaining allegations contained in Paragraph 208.

209.    The LG Entities deny the allegations contained in Paragraph 209.

210.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 210 concerning Plaintiff's knowledge and on that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 210.

211.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 211 concerning Plaintiff's knowledge and on that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 211.

212.    The LG Entities deny the allegations contained in Paragraph 212.

213.    The LG Entities deny the allegations contained in Paragraph 213.

214.    The LG Entities deny the allegations contained in Paragraph 214.

215.    The LG Entities deny the allegations contained in Paragraph 215.

216.    The LG Entities deny the allegations contained in Paragraph 216.

217.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 217.

218.    The LG Entities deny the allegations contained in Paragraph 218.

219.    To the extent that Paragraph 219 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 219 and on that basis deny them.

220.    The LG Entities deny the allegations contained in Paragraph 220.

221.    The LG Entities deny the allegations contained in Paragraph 221.

222.    Paragraph 222 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

223.     The LG Entities admit that the Antitrust Division of the United States Department of Justice commenced an investigation related to CRTs.  The second sentence of Paragraph 223 consists of legal conclusions to which no response is required.  Except as specifically admitted in the foregoing, and to the extent that a response is deemed necessary, the LG Entities deny the allegations.

224.     To the extent that Paragraph 224 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that Paragraph 224 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 224 and on that basis deny them.

225.     Paragraph 225 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

226.     The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

227.     The LG Entities deny the allegations contained in Paragraph 227.

228.     The LG Entities deny the allegations contained in Paragraph 228.

229.     The LG Entities deny the allegations contained in Paragraph 229.

230.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 230 as they pertain to the LG Entities.

231.     The LG Entities deny the allegations contained in Paragraph 231.

232.     The LG Entities deny the allegations contained in Paragraph 232.

233.     The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

234.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 234 concerning Plaintiff's activities in California and on that

basis deny them.  To the extent that Paragraph 234 consists of legal conclusions, no response is required.

235.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 235 and on that basis deny them.

236.    To the extent that Paragraph 236 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 236.

237.    To the extent that Paragraph 237 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 237.

238.    The LG Entities deny the allegations contained in Paragraph 238.

239.    The LG Entities deny the allegations contained in Paragraph 239.

240.    The LG Entities deny the allegations contained in Paragraph 240.

241.    The LG Entities deny the allegations contained in Paragraph 241.

242.    The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

243.    To the extent that Paragraph 243 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 243.

244.    The LG Entities admit that CompuCom purports to bring its claims pursuant to Sections 17203 and 17204 of the California Business & Professions Code and has requested the relief described in Paragraph 244.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 244 as they pertain to the LG Entities and specifically deny that CompuCom is entitled to any relief.

245.    The LG Entities deny the allegations contained in Paragraph 245.

246.    To the extent that Paragraph 246 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 246.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

247.     To the extent that Paragraph 247 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 247.

248.     To the extent that Paragraph 248 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 248.

249.     The LG Entities deny the allegations contained in Paragraph 249.

250.     The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

251.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 251 concerning Plaintiff's activities in New York and on that basis deny them.  To the extent that Paragraph 251 consists of legal conclusions, no response is required.

252.     To the extent that Paragraph 252 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 252.

253.     The LG Entities deny the allegations contained in Paragraph 253.

254.     To the extent that Paragraph 254 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 254.

255.     The LG Entities deny the allegations contained in Paragraph 255.

## RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND

The paragraphs of the FAC following the header "Prayer for Relief" and "Jury Trial Demanded" do not require a response.  To the extent that those paragraphs require a response, the LG Entities deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

Without conceding that it bears the burden of proof as to any of these defenses, the LG Entities allege the following affirmative defenses to the allegations set forth in the FAC:

### FIRST DEFENSE

The FAC fails to state a claim upon which relief can be granted because Plaintiff's claims are ambiguous, vague, and/or unintelligible; because Plaintiff has failed to alleged fraud or fraudulent concealment with sufficient particularity; and/or because Plaintiff has failed to allege conspiracy with sufficient particularity.  The LG Entities aver that Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit the LG Entities to ascertain all defenses that may exist.

### SECOND DEFENSE

The claims set forth in the FAC are barred by the statute of limitations.

### THIRD DEFENSE

Without conceding the existence of any conspiracy, Plaintiff's claims are barred because the LG Entities effectively withdrew from any alleged conspiracy.

### FOURTH DEFENSE

The conduct alleged by Plaintiff in the FAC to form the basis of certain of Plaintiff's claims has not had a direct, substantial, and reasonably foreseeable effect on trade or commerce with the United States.  The Court therefore lacks subject matter jurisdiction.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they are based upon foreign sales by defendants, because Plaintiff has failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a and/or *Hartford Fire Ins. Co. v. California*, 509 U.S. 764 (1993).

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that it did not purchase CRTs directly from defendants, because they are indirect purchasers and barred from maintaining an action for alleged injuries in that capacity.

1

<u>SEVENTH DEFENSE</u>

2

Plaintiff's claims are barred because Plaintiff lacks standing to sue for the injuries alleged

3

in the FAC.

4

<u>EIGHTH DEFENSE</u>

5

Plaintiff is barred from recovery of any damages because of, and to the extent of, its failure

6

to mitigate damages, or alternatively any claimed injury or damage has been offset by benefits

7

received by Plaintiff with respect to the challenged conduct.

8

<u>NINTH DEFENSE</u>

9

Plaintiff's claims for damages are barred because Plaintiff has suffered no injury or

10

damages as a result of the matters alleged in the FAC, or alternatively, because the alleged

11

damages, if any, are speculative and because of the impossibility of ascertaining and allocating

12

those alleged damages.

13

<u>TENTH DEFENSE</u>

14

Any injuries or damages Plaintiff may have suffered were not caused, either actually or

15

proximately, by the acts and omissions of the LG Entities.

16

<u>ELEVENTH DEFENSE</u>

17

Any injuries or damages Plaintiff may have suffered were caused solely and proximately

18

by the acts and omissions of others.  The acts of others constitute intervening or superseding

19

causes of harm, if any, suffered by Plaintiff.

20

<u>TWELFTH DEFENSE</u>

21

Plaintiff's claims are barred to the extent injuries alleged in the FAC, which the LG

22

Entities deny, were contributed to by the statements, acts, and/or omissions of Plaintiff and/or

23

third parties or entities, other than the LG Entities.

24

<u>THIRTEENTH DEFENSE</u>

25

Plaintiff's claims are barred, in whole or in part, by Plaintiff's acquiescence and/or

26

confirmation of any and all conduct and/or omissions alleged as to the LG Entities.

27

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1

<u>FOURTEENTH DEFENSE</u>

2       Plaintiff's claims are barred because Plaintiff has not suffered actual, cognizable injury of

3 the type antitrust laws are intended to remedy.

4

<u>FIFTEENTH DEFENSE</u>

5       To the extent that any actionable conduct occurred, Plaintiff's claims against the LG

6 Entities are barred because all such conduct would have been committed by individuals acting

7 ultra vires.

8

<u>SIXTEENTH DEFENSE</u>

9       Plaintiff's claims against the LG Entities are barred to the extent that Plaintiff has agreed to

10 arbitration or chosen a different forum for the resolution of their claims.

11

<u>SEVENTEENTH DEFENSE</u>

12       Plaintiff's claims are barred, in whole or in part, because the remedies sought are

13 unconstitutional, contrary to public policy, or are otherwise unauthorized.

14

<u>EIGHTEENTH DEFENSE</u>

15       Plaintiff's claims are barred, in whole or in part, for failure to join indispensable parties.

16

<u>NINETEENTH DEFENSE</u>

17       Without admitting that Plaintiff is entitled to recover damages in this matter, the LG

18 Entities are entitled to set off from any recovery Plaintiff may obtain against them by any other

19 Defendants who have settled, or do settle, Plaintiff's claims in this matter.

20

<u>TWENTIETH DEFENSE</u>

21       The LG Entities are separate and autonomous companies from LPD, and thus are not liable

22 for Plaintiff's damages resulting from LPD's actions.

23

<u>TWENTY-FIRST DEFENSE</u>

24       Any award of treble damages would violate the Excessive Fines and Due Process Clauses

25 of the United States Constitution and equivalent clauses in the state constitution.

26

27

28

- 30 -

## <u>RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES</u>

The LG Entities adopt by reference any additional applicable defenses pleaded by any other Defendant in this action.  The LG Entities have not knowingly or intentionally waived any applicable defenses and explicitly reserve the right to assert any additional defenses and affirmative defenses as this action proceeds. The LG Entities further reserve the right to amend its Answer and/or defenses accordingly, and/or to delete defenses that it determines are not applicable as this action proceeds.  The LG Entities further reserve the right to assert affirmative defenses that are unique to one or a subset of the claims asserted under the state law at issue in this action.

WHEREFORE, the LG Entities pray as follows:

1.      That the Plaintiff takes nothing by way of the FAC, and the action be dismissed with prejudice;

2.      That judgment be entered in favor of the LG Entities and against Plaintiff with respect to all causes of action in the FAC;

3.      That the Court award the LG Entities its attorneys' fees and all other costs reasonably incurred in defense of this action; and

4.      That the Court award such other relief as it may deem just and proper.

DATED:  November 4, 2013          MUNGER, TOLLES & OLSON LLP
                                  WILLIAM D. TEMKO
                                  HOJOON HWANG
                                  BETHANY W. KRISTOVICH
                                  LAURA K. SULLIVAN


                                  By:  _____*/s/ Hojoon Hwang*_____
                                       HOJOON HWANG
                                  Attorneys for LG ELECTRONICS, INC., LG
                                  ELECRONICS USA, INC., AND LG ELECTRONICS
                                  TAIWAN TAIPEI CO., LTD

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1

## PROOF OF SERVICE

2          I, Angela Balestrieri, the undersigned, declare that I am over the age of 18 and not

3  a party to the within cause.  I am employed by Munger, Tolles & Olson LLP in the County of San

4  Francisco, State of California.  My business address is 560 Mission Street, Twenty-Seventh

5  Floor, San Francisco, California  94105-2907.

6          On November 4, 2013, I served upon the interested partyies in this action the

7  following document, a copy of which is attached to this Proof of Service:

8
           **ANSWER OF LG ELECTRONICS, INC. AND LG ELECTRONICS USA,**
9          **INC. TO FIRST AMENDED COMPLAINT BY COMPUCOM SYSTEMS,**
           **INC.**
10

11  ☒  By placing ☐ the original(s) ☒ a true and correct copy via electronic Notice through ECF
      and/or, as set out below, in an addressed, sealed envelope(s) clearly labeled to identify the
12     person(s) being served at the address(es) set forth on the attached service list.

13  ☒  **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such
      envelope(s) to be placed in interoffice mail for collection and deposit in the United States
14     Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on
      that same date, following ordinary business practices.  I am familiar with Munger, Tolles
15     & Olson LLP's practice for collection and processing correspondence for mailing with the
      United States Postal Service; in the ordinary course of business, correspondence placed in
16     interoffice mail is deposited with the United States Postal Service with first class postage
      thereon fully prepaid on the same day it is placed for collection and mailing.

17  ☒  **TO BE SERVED ELECTRONICALLY VIA ECF THROUGH THE COURT'S**
      **NOTIFICATION SYSTEM.**
18

19  ☒  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this
      court at whose direction the service was made.

20

21          Executed on November 4, 2013, at San Francisco, California.

22          I declare under penalty of perjury that the foregoing is true and correct.  Executed

23  on November 4, 2013, at San Francisco, California.

24

25                                     _____
                                              Angela Balestrieri
26

27

28

---

PROOF OF SERVICE; CASE NO. 3:07-CV-05944-SC

22012232.1

1

**PROOF OF SERVICE BY MAIL**

2

Case No.:  3:07-CV-05944-SC

3

SERVICE LIST

4

Charles H. Johnson
Charles H Johnson & Associates PA
2599 Mississippi Street
New Brighton, MN 55113

5

6

Clinton Paul Walker
Damrell, Nelson, Schrimp, Pallios, Pache & Silva
1601 "I" Street
Fifth Floor
Modesto, CA 95354

7

8

9

10

Donna F. Solen
Mason Law Firm-Washington
1225 19th Street, NW, Suite 500
Washington, DC 20036

11

12

13

Gregory D. Hull
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

14

15

16

Issac L. Diel
Sharp McQueen
6900 College Boulevard, Suite 285
Overland Park, KS 66211

17

18

19

Jean B. Roth
Mansfield Tanick & Cohen
1700 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4511

20

21

22

John G. Emerson
Emerson Poynter LLP
830 Apollo Lane
Houston, TX 77058

23

24

25

John Gressette Felder , Jr
McGowan Hood Felder and Johnson
1405 Calhoun Street
Columbia, SC 29201

26

27

28

22012232.1

1  Katherine Hamilton Wheaton
   300 North LaSalle Street
2  Chicago, IL 60654

3
   Krishna B. Narine
4  Schiffrin & Barroway, LLP
   Three Bala Plaza East
5  Suite 400
   Bala Cynwyd, PA 19004
6

7  Lawrence D. McCabe
   Murray Frank & Sailer LLP
8  275 Madison Avenue
   New York, NY 10016
9

10 Lawrence P. Schaefer
   Mansfield Tanick & Cohen
11 1700 U.S. Bank Plaza South
   220 South Sixth Street
12 Minneapolis, MN 55402-4511

13
   Lewis Titus LeClair
14 McKool Smith
   300 Crescent Ct #1500
15 Dallas, TX 75201

16 Lori A. Fanning
   Miller Law LLC
17 115 South LaSalle Street, Suite 2910
   Chicago, IL 60603
18

19 Mark Reinhardt
   Reinhardt Wendorf & Blanchfield
20 East 1000 First National Bank Building
   322 Minnesota Street
21 St. Paul, MN 55101

22
   Martin E. Grossman
23 Law Offices of Martin E. Grossman
   2121 Green Brier Drive
24 Villanova, PA 19085

25
   Matthew E. Van Tine
26 Miller Law LLC
   115 South LaSalle Street, Suite 2910
27 Chicago, IL 60603

28

PROOF OF SERVICE BY MAIL; CASE NO. 3:07-CV-05944-SC

22012232.1

1

Melissa Willett

2

Boies, Schiller & Flexner
5301 Wisconsin Ave. NW

3

Suite 800
Washington, DC 20015

4

5

Mike McKool , Jr
McKool Smith, P.C.

6

300 Crescent Court Ste 1500
Dallas, TX 75201

7

8

Neal A Eisenbraun
Neal A Eisenbraun, Chartered

9

2599 Mississippi Street
New Brighton, MN 55113

10

11

Niki B. Okcu
AT&T Services, Inc. Legal Dept.

12

525 Market Street, 20th Floor
San Francisco, CA 94105

13

14

Patricia A. Conners
Attorney General's Office

15

Department of Legal Affairs
Antitrust Section

16

PL-01 The Capitol
Tallahassee, FL 32399-1050

17

18

Paul F Novak
Milberg LLP

19

One Kennedy Square
777 Woodward Avenue, Suite 890

20

Detroit, MI 48226

21

Richard M. Hagstrom
Zelle Hofmann Voelbel Mason & Gette LLP

22

500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415

23

24

Robert B. Gerard
Gerard Selden & Osuch

25

1516 Front Street
San Diego, CA 92101

26

27

28

- 3 -

22012232.1

1  Roger Martin Schrimp
2  Damrell Nelson Schrimp Pallios Pacher & Silva
   1601 I Street 5th Floor
3  Modesto, CA 95354

4  Samuel J. Sharp
   701 13th Street NW
5  Washington, DC 20005

6  Steven A. Reiss
7  Weil Gotshal & Manges LLP
   767 Fifth Avenue
8  New York, NY 10153-0119

9  Traviss Levine Galloway
   Zelle Hofmann Voelbel Mason & Gette
10 44 Montgomery St #3400
   San Francisco, CA 94104

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

22012232.1