WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
BETHANY W. KRISTOVICH (State Bar No. 241891)
Bethany.Kristovich@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
LAURA K. SULLIVAN (State Bar No. 281542)
Laura.Sullivan@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

Attorneys for LG ELECTRONICS, INC., LG
ELECRONICS USA, INC., AND LG
ELECTRONICS TAIWAN TAIPEI CO., LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERBOND CORPORATION OF AMERICA., d/b/a BrandsMart USA,<br><br>Plaintiff,<br><br>vs.<br><br>HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LP DISPLAYS INTERNATIONAL LTD.; PANASONIC CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; MT PICTURE DISPLAY CO., LTD.; | Case No. Master File No. 3:07-cv-05944-SC<br><br>MDL NO. 1917<br><br>Individual Case no. 11-cv-06275<br><br>**ANSWER OF LG ELECTRONICS, INC. AND LG ELECTRONICS USA, INC. TO FIRST AMENDED COMPLAINT BY INTERBOND CORPORATION OF AMERICA., D/B/A BRANDSMART USA** |

BEIJING MATSUSHITA COLOR CRT CO., LTD.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; PHILIPS ELECTRONICS INDUSTRIES (TAIWAN), LTD.; PHILIPS DA AMAZONIA INDUSTRIA ELECTRONICA LTDA.; SAMSUNG SDI CO., LTD.; SAMSUNG SDI AMERICA, INC.; SAMSUNG SDI MEXICO S.A. DE C.V.; SAMSUNG SDI BRASIL LTDA.; SHENZHEN SAMSUNG SDI CO., LTD.; TIANJIN SAMSUNG SDI CO., LTD.; SAMSUNG SDI (MALAYSIA) SDN. BHD.; SAMTEL COLOR LTD.; THAI CRT CO., LTD.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; CHUNGHWA PICTURE TUBES, LTD.; CHUNGHWA PICTURE TUBES (MALAYSIA),

Defendants.

1    Defendants LG ELECTRONICS, INC., and LG ELECTRONICS USA, INC. (the

2    "LG Entities"), through undersigned counsel, hereby answer the allegations contained in the First

3    Amended Complaint by Plaintiff Interbond Corporation of America, d/b/a BrandsMart USA

4    ("Interbond" or "Plaintiff") ("FAC").  Except as otherwise stated below, the LG Entities are

5    without sufficient knowledge or information to form a belief concerning the truth of the

6    allegations in the FAC that are directed toward other defendants.  The LG Entities' response to the

7    allegations below are therefore limited to the truth or falsity of the allegations as they pertain to

8    the LG Entities only.  The LG Entities deny all allegations in the FAC (including headings and

9    captions) not specifically admitted in this Answer.

10        1.    The LG Entities deny the allegations contained in Paragraph 1.

11        2.    The LG Entities admit that during the Relevant Period, LG Electronics, Inc.

12   manufactured CPTs, CDTs, and CRT Products, as the terms are defined in this Paragraph.  The

13   LG Entities object to Plaintiff's definition of "CRT Products," because this definition includes

14   products at different levels of the production chain and creates confusion in attempting to respond

15   to the allegations of the FAC, given that certain companies, including LG Electronics, Inc.

16   ("LGEI"), do not manufacture and sell cathode ray tubes, while other defendants (including LG

17   Electronics USA, Inc. ("LGEUSA")) do not manufacture either cathode ray tubes or finished

18   products (such as televisions or computer monitors).

19        3.    The LG Entities lack knowledge or information sufficient to form a belief as to the

20   truth of the allegations contained in Paragraph 3 and on that basis deny those allegations.

21        4.    The LG Entities admit that during the Relevant Period, the business of

22   manufacturing and selling CRTs was under significant pressure due to changes in technologies

23   and customer preference, among other factors.  The LG Entities deny the remaining allegations

24   contained in Paragraph 4.

25        5.    The LG Entities deny the allegations contained in Paragraph 5.

26        6.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

27   CRT business had discussions with other CRT manufacturers about prices and output for certain

28   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 6 as they pertain to the LG Entities.

7.      The LG Entities deny the allegations contained in Paragraph 7.

8.      Paragraph 8 recites actions of various governmental agencies that are matters of public record and no response is required.

9.      The LG Entities lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis deny them.

10.     Paragraph 10 characterizes Plaintiff's claims in the FAC and no response is required.

11.     Paragraph 11 characterizes Plaintiff's claims in the FAC and no response is required.

12.     The LG Entities admit that the Court has subject matter jurisdiction over Plaintiff's federal antitrust claims, if any, that satisfy the requirements of the Foreign Trade and Antitrust Improvement Act ("FTAIA").  The remainder of Paragraph 12 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

13.     The LG Entities deny the allegations contained in Paragraph 13.

14.     Paragraph 14 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

15.     Paragraph 15 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

16.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis deny them.

17.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis deny them.

18.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

19.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19 and on that basis deny them.

20.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20 and on that basis deny them.

21.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 21 and on that basis deny them.

22.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 22 and on that basis deny them.

23.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 23 and on that basis deny them.

24.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 24 and on that basis deny them.

25.     Paragraph 25 describes the terminology used in the FAC and no response is required.

26.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 26 and on that basis deny them.

27.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 27 and on that basis deny them.

28.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 28 and on that basis deny them.

29.     Paragraph 29 describes the terminology used in the FAC and no response is required.

30.     The LG Entities admit that LGEI is a corporate entity organized under the laws of the Republic of Korea, and further admits the location of its headquarters as alleged in Paragraph 30.  LGEI admits that before July 2001, it spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1  Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays."

2  Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 30.

3          31.      The LG Entities admit that LGEUSA is a Delaware corporation which is a wholly-

4  owned subsidiary of LGEI and engaged in the marketing and sale of certain CRT Products during

5  the Relevant Period, and the location of its headquarters as alleged in Paragraph 31.  Except as so

6  admitted, the LG Entities deny the remaining allegations of Paragraph 31.

7          32.      Paragraph 32 describes the terminology used in the FAC and no response is

8  required.

9          33.      The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

10  and sales operations to a separate company which, effective July 2001, became part of a newly-

11  formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was

12  formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes

13  referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was

14  named "LP Displays" and that LGEI's interest in LP Displays was transferred to various third-

15  parties in the course of LP Displays' bankruptcy proceeding.  The remainder of the allegations of

16  Paragraph 33 are not directed at the LG Entities and therefore no response is required.  To the

17  extent that a response is required, the LG Entities lack information or knowledge sufficient to form

18  a belief as to the truth of the remaining allegations of Paragraph 33 and on that basis deny them.

19          34.      The LG Entities lack information or knowledge sufficient to form a belief as to the

20  truth of the allegations of Paragraph 34 and on that basis deny them.

21          35.      The LG Entities lack information or knowledge sufficient to form a belief as to the

22  truth of the allegations of Paragraph 35 and on that basis deny them.

23          36.      Paragraph 36 describes the terminology used in the FAC and no response is

24  required.

25          37.      The LG Entities lack information or knowledge sufficient to form a belief as to the

26  truth of the allegations of Paragraph 37 and on that basis deny them.

27          38.      The LG Entities lack information or knowledge sufficient to form a belief as to the

28  truth of the allegations of Paragraph 38 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1        39.     The LG Entities admit that the new entity – called LPD – was formed as a Dutch

2   joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as

3   "Royal Phillips").  Except as so admitted, the LG Entities lack information or knowledge

4   sufficient to form a belief as to the truth of the allegations of Paragraph 39 and on that basis deny

5   them.

6        40.     The LG Entities lack information or knowledge sufficient to form a belief as to the

7   truth of the allegations of Paragraph 40 and on that basis deny them.

8        41.     The LG Entities lack information or knowledge sufficient to form a belief as to the

9   truth of the allegations of Paragraph 41 and on that basis deny them.

10       42.     The LG Entities lack information or knowledge sufficient to form a belief as to the

11  truth of the allegations of Paragraph 42 and on that basis deny them.

12       43.     Paragraph 43 describes the terminology used in the FAC and no response is

13  required.

14       44.     The LG Entities lack information or knowledge sufficient to form a belief as to the

15  truth of the allegations of Paragraph 44 and on that basis deny them.

16       45.     The LG Entities lack information or knowledge sufficient to form a belief as to the

17  truth of the allegations of Paragraph 45 and on that basis deny them.

18       46.     The LG Entities lack information or knowledge sufficient to form a belief as to the

19  truth of the allegations of Paragraph 46 and on that basis deny them.

20       47.     The LG Entities lack information or knowledge sufficient to form a belief as to the

21  truth of the allegations of Paragraph 47 and on that basis deny them.

22       48.     The LG Entities lack information or knowledge sufficient to form a belief as to the

23  truth of the allegations of Paragraph 48 and on that basis deny them.

24       49.     The LG Entities lack information or knowledge sufficient to form a belief as to the

25  truth of the allegations of Paragraph 49 and on that basis deny them.

26       50.     The LG Entities lack information or knowledge sufficient to form a belief as to the

27  truth of the allegations of Paragraph 50 and on that basis deny them.

28

51.     Paragraph 51 describes the terminology used in the FAC and no response is required.

52.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 52 and on that basis deny them.

53.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 53 and on that basis deny them.

54.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 54 and on that basis deny them.

55.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 55 and on that basis deny them.

56.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 56 and on that basis deny them.

57.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 57 and on that basis deny them.

58.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 58 and on that basis deny them.

59.     Paragraph 59 describes the terminology used in the FAC and no response is required.

60.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 60 and on that basis deny them.

61.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 61 and on that basis deny them.

62.     Paragraph 62 describes the terminology used in the FAC and no response is required.

63.     The LG Entities deny the allegations contained in Paragraph 63.

64.     The LG Entities deny the allegations contained in Paragraph 64.

65.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 65 and on that basis deny them.

66.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 66 and on that basis deny them.

67.     Paragraph 67 describes the terminology used in the FAC and no response is required.

68.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 68 and on that basis deny them.

69.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 69 and on that basis deny them.

70.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 70 and on that basis deny them.

71.     The LG Entities deny the allegations contained in Paragraph 71.

72.     The LG Entities deny the allegations contained in Paragraph 72.

73.     The LG Entities deny the allegations contained in Paragraph 73.

74.     Paragraph 74 contains only legal conclusions to which no response is required.  To the extent that a response is required, the LG Entities deny the allegations.

75.     To the extent that Paragraph 75 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 75 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 75.

76.     To the extent that Paragraph 76 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 76 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 76.

77.     To the extent that Paragraph 77 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 77 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 77.

78.     To the extent that Paragraph 78 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 78 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 78.

79.     To the extent that Paragraph 79 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 79 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 79.

80.     To the extent that Paragraph 80 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 80 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 80.

81.     The LG Entities deny the allegations of Paragraph 81.

82.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 82 and on that basis deny them.

83.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 83 and on that basis deny them.

84.     The LG Entities deny the allegations of Paragraph 84.

85.     The LG Entities deny the allegations of Paragraph 85.

86.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 86 and on that basis deny them.

87.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 87 as they pertain to the LG Entities.

88.     The LG Entities admit that LGEI was a member of the Korea Display Industry Association.  To the extent that the remaining allegations contained in Paragraph 88 are directed to

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and on that basis deny those allegations. To the extent that the remaining allegations contained in Paragraph 88 are directed to the LG Entities, they are denied.

89.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V. (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring and was renamed "LP Displays." To the extent that the remaining allegations contained in Paragraph 89 are directed to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and on that basis deny those allegations. To the extent that the remaining allegations contained in Paragraph 89 are directed to the LG Entities, they are denied.

90.     The LG Entities deny the allegations contained in Paragraph 90.

91.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V. (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring and was renamed "LP Displays."  The LG Entities further admit that Hitachi, Ltd. and LGEI formed a joint venture in 2000 for the development, design and marketing of optical disk drives. The LG Entities further admit that in 1999, LG Electronics, Inc. entered into a joint venture agreement with Koninklijke Philips Electronics N.V. with respect to the manufacture, sale, and marketing of TFT-LCD panels.  To the extent that the remaining allegations contained in Paragraph 91 are directed to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and on that

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

basis deny those allegations. To the extent that the remaining allegations contained in Paragraph 91 are directed to the LG Entities, they are denied.

92.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 92.

93.     The LG Entities deny the allegations contained in Paragraph 93.

94.     The LG Entities deny the allegations contained in Paragraph 94.

95.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 95.

96.     The LG Entities admit that CRTs were being rapidly replaced by TFT-LCD, plasma and other display technologies between 2000 and 2006.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 96.

97.     The LG Entities deny the allegations contained in Paragraph 97.

98.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and on that basis deny those allegations.

99.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and on that basis deny those allegations.

100.    To the extent that Paragraph 100 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 100 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 100.

101.    The LG Entities deny the allegations contained in Paragraph 101.

1      102.    The LG Entities lack information or knowledge sufficient to form a belief as to the

2  truth of the allegations of Paragraph 102 and on that basis deny them.

3      103.    The LG Entities lack information or knowledge sufficient to form a belief as to the

4  truth of the allegations of Paragraph 103 and on that basis deny them.

5      104.    The LG Entities deny the allegations contained in Paragraph 104.

6      105.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

7  CRT business had discussions with other CRT manufacturers about prices and output for certain

8  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

9  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

10  allegations of Paragraph 105 as they pertain to the LG Entities.

11      106.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

12  CRT business had discussions with other CRT manufacturers about prices and output for certain

13  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

14  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

15  allegations of Paragraph 106 as they pertain to the LG Entities.

16      107.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

17  CRT business had discussions with other CRT manufacturers about prices and output for certain

18  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

19  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

20  allegations of Paragraph 107 as they pertain to the LG Entities.

21      108.    The LG Entities deny the allegations contained in Paragraph 108.

22      109.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

23  CRT business had discussions with other CRT manufacturers about prices and output for certain

24  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

25  United States.  The LG Entities further admit that some of the meetings at which such discussions

26  occurred were sometimes referred to by some participants as "glass meetings."  Except as

27  specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 109 as

28  they pertain to the LG Entities.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

110.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 110 as they pertain to the LG Entities.

111.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 111 as they pertain to the LG Entities.

112.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 112 as they pertain to the LG Entities.

113.    The allegations of Paragraph 113 are directed to other defendants, and the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 113 and on that basis deny them.

114.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 114 as they pertain to the LG Entities.

115.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  The LG Entities further admit that some of the meetings at which such discussions occurred were held in conjunction with a golf outing.  Except as specifically admitted in the

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

foregoing, the LG Entities deny the allegations of Paragraph 115 as they pertain to the LG Entities.

116.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 116 as they pertain to the LG Entities.

117.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  The LG Entities further admit that information was exchanged in advance of some of the meetings at which such discussion occurred.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 117 as they pertain to the LG Entities.

118.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 118 as they pertain to the LG Entities.

119.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 119 as they pertain to the LG Entities.

120.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the

1  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

2  allegations of Paragraph 120 as they pertain to the LG Entities.

3       121.    The LGE Entities deny the allegations of Paragraph 121.

4       122.    The LGE Entities deny the allegations of Paragraph 122.

5       123.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

6  CRT business had discussions with other CRT manufacturers about prices and output for certain

7  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

8  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

9  allegations of Paragraph 123 as they pertain to the LG Entities.

10       124.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

11  CRT business had discussions with other CRT manufacturers about prices and output for certain

12  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

13  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

14  allegations of Paragraph 124 as they pertain to the LG Entities.

15       125.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

16  CRT business had discussions with other CRT manufacturers about prices and output for certain

17  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

18  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

19  allegations of Paragraph 125 as they pertain to the LG Entities.

20       126.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

21  CRT business had discussions with other CRT manufacturers about prices and output for certain

22  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

23  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

24  allegations of Paragraph 126 as they pertain to the LG Entities.

25       127.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

26  CRT business had discussions with other CRT manufacturers about prices and output for certain

27  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

2  allegations of Paragraph 127 as they pertain to the LG Entities.

3          128.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

4  CRT business had discussions with other CRT manufacturers about prices and output for certain

5  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

6  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

7  allegations of Paragraph 128 as they pertain to the LG Entities.

8          129.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

9  CRT business had discussions with other CRT manufacturers about prices and output for certain

10  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

11  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

12  allegations of Paragraph 129 as they pertain to the LG Entities.

13          130.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14  truth of the allegations of Paragraph 130 and on that basis deny them.

15          131.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16  truth of the allegations of Paragraph 131 and on that basis deny them.

17          132.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18  truth of the allegations of Paragraph 132 and on that basis deny them.

19          133.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

20  CRT business had discussions with other CRT manufacturers about prices and output for certain

21  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

22  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

23  allegations of Paragraph 133.  The LG Entities specifically deny that any individual employed by

24  LGPD – an independent company – attended meetings, participated in discussions, or entered

25  agreements with competitors on behalf of or at the direction of the LG Entities or any of them.

26  The LG Entities also deny that any individual employed by LGPD was simultaneously employed

27  by or reported to LGEI.

28          134.    The LG Entities deny the allegations contained in Paragraph 134.

135.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 135 and on that basis deny them.

136.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 136 and on that basis deny them.

137.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 137 and on that basis deny them.

138.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 138 and on that basis deny them.

139.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 139 and on that basis deny them.

140.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 140 and on that basis deny them.

141.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 141 and on that basis deny them.

142.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 142 and on that basis deny them.

143.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 143 and on that basis deny them.

144.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 144 and on that basis deny them.

145.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 145 and on that basis deny them.

146.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 146 and on that basis deny them.

147.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 147 and on that basis deny them.

148.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 148 and on that basis deny them.

149.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 149 and on that basis deny them.

150.     To the extent that Paragraph 150 describes the use of terminology by Plaintiff in the FAC, no response is required.  The LG Entities deny the remaining allegations contained in Paragraph 150.

151.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 151 and on that basis deny them.

152.     To the extent that Paragraph 152 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 152 and on that basis deny them.

153.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 153 and on that basis deny them.

154.     To the extent that Paragraph 154 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations of Paragraph 154 as they pertain to the LG Entities.

155.     To the extent that Paragraph 155 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 155 and on that basis deny them.

156.     To the extent that Paragraph 156 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 156 and on that basis deny them.

157.     The LG Entities deny the allegations contained in Paragraph 157.

158.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 158 and on that basis deny them.

159.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 and on that basis deny those allegations.  To the extent that Paragraph 159 purports to describe the contents of a document, the document speaks for itself and no response is required.

160.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 160.

161.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 161.

162.    The LG Entities admit that the Antitrust Division of the United States Department of Justice commenced an investigation related to CRTs.  Except as specifically admitted in the foregoing, the LG Entities deny any remaining allegations contained in Paragraph 162.

163.    The LG Entities admit that the European Commission and Japan and South Korea's Fair Trade Commissions opened investigations related to CRTs.  Except as specifically admitted in the foregoing, the LG Entities deny any remaining allegations contained in Paragraph 163.

164.    To the extent that Paragraph 164 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 164 and on that basis deny them.

165.    To the extent that Paragraph 165 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 165 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

166.     To the extent that Paragraph 166 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 166 and on that basis deny them.

167.     To the extent that Paragraph 167 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 167 and on that basis deny them.

168.     To the extent that Paragraph 168 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 168 and on that basis deny them.

169.     To the extent that Paragraph 169 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 169 and on that basis deny them.

170.     To the extent that Paragraph 170 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 170 and on that basis deny them.

171.     To the extent that Paragraph 171 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge

1    sufficient to form a belief as to the truth of the allegations of Paragraph 171 and on that basis deny

2    them.

3            172.    To the extent that Paragraph 172 purports to describe the contents of a document,

4    the LG Entities respond that the document speaks for itself and no response is required.  To the

5    extent that a response is deemed necessary, the LG Entities lack information or knowledge

6    sufficient to form a belief as to the truth of the allegations of Paragraph 172 and on that basis deny

7    them.

8            173.    The LG Entities admit that the European Commission imposed fines in the amount

9    stated against the companies listed.  Except as specifically admitted in the foregoing, the LG

10   Entities deny any remaining allegations contained in Paragraph 173.

11           174.    The LG Entities lack information or knowledge sufficient to form a belief as to the

12   truth of the allegations of Paragraph 174 and on that basis deny them.

13           175.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14   truth of the allegations of Paragraph 175 and on that basis deny them.

15           176.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16   truth of the allegations of Paragraph 176 and on that basis deny them.

17           177.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18   truth of the allegations of Paragraph 177 and on that basis deny them.

19           178.    To the extent that Paragraph 178 purports to describe the contents of a document,

20   the LG Entities respond that the document speaks for itself and no response is required.  To the

21   extent that a response is deemed necessary, the LG Entities lack information or knowledge

22   sufficient to form a belief as to the truth of the allegations of Paragraph 178 and on that basis deny

23   them.

24           179.    To the extent that Paragraph 179 purports to describe the contents of a document,

25   the LG Entities respond that the document speaks for itself and no response is required.  To the

26   extent that a response is deemed necessary, the LG Entities lack information or knowledge

27   sufficient to form a belief as to the truth of the allegations of Paragraph 179 and on that basis deny

28   them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    180.    To the extent that Paragraph 180 purports to describe the contents of a document,

2 the LG Entities respond that the document speaks for itself and no response is required.  To the

3 extent that a response is deemed necessary, the LG Entities lack information or knowledge

4 sufficient to form a belief as to the truth of the allegations of Paragraph 180 and on that basis deny

5 them.

6    181.    To the extent that Paragraph 181 purports to describe the contents of a document,

7 the LG Entities respond that the document speaks for itself and no response is required.  To the

8 extent that a response is deemed necessary, the LG Entities lack information or knowledge

9 sufficient to form a belief as to the truth of the allegations of Paragraph 181 and on that basis deny

10 them.

11    182.    The LG Entities lack information or knowledge sufficient to form a belief as to the

12 truth of the allegations of Paragraph 182 and on that basis deny them.

13    183.    The LG Entities admit that LGEI was a member of Korean Display Equipment

14 Material Industry Association and Electronic Display Industrial Research Association of Korea,

15 and has participated in the Korea Display Conference.  Except as specifically admitted in the

16 foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth

17 of the allegations of Paragraph 183 and on that basis deny them.

18    184.    The LG Entities admit that LGEI was a member of Korean Display Equipment

19 Material Industry Association and Electronic Display Industrial Research Association of Korea,

20 and has participated in the Korea Display Conference.  Except as specifically admitted in the

21 foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth

22 of the allegations of Paragraph 184.

23    185.    The LG Entities lack information or knowledge sufficient to form a belief as to the

24 truth of the allegations of Paragraph 185 and on that basis deny them.

25    186.    The LG Entities deny the allegations of Paragraph 186.

26    187.    The LG Entities deny the allegations of Paragraph 187.

27    188.    To the extent that Paragraph 188 purports to describe the contents of a document,

28 the LG Entities respond that the document speaks for itself and no response is required.  To the

extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 188 and on that basis deny them.

189.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 189 and on that basis deny them.

190.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 190 and on that basis deny them.

191.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 191 and on that basis deny them.

192.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 192 and on that basis deny them.

193.   To the extent that Paragraph 193 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 193 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 193.

194.   To the extent that Paragraph 194 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 194 and on that basis deny them.

195.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 195 and on that basis deny them.

196.   To the extent that Paragraph 196 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 196 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 196.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

197.    To the extent that Paragraph 197 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 197 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 197.

198.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 198 and on that basis deny them.

199.    To the extent that Paragraph 199 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 199 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 199.

200.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 200 and on that basis deny them.

201.    The LG Entities deny the allegations contained in Paragraph 201.

202.    The LG Entities deny the allegations contained in Paragraph 202.

203.    The LG Entities deny the allegations contained in Paragraph 203.

204.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 204 and that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 204.

205.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 205 and on that basis deny them.

206.    To the extent that Paragraph 206 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 206 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 206.

207.    The LG Entities deny the allegations contained in Paragraph 207.

1      208.    The LG Entities lack knowledge or information sufficient to form a belief as to the

2    truth of the allegations contained in the first sentence of Paragraph 208 and on that basis deny

3    those allegations.  The LG Entities deny the remaining allegations contained in Paragraph 208.

4      209.    The LG Entities deny the allegations contained in Paragraph 209.

5      210.    The LG Entities lack information or knowledge sufficient to form a belief as to the

6    truth of the allegations of Paragraph 210 concerning Plaintiff's knowledge and on that basis deny

7    them.  The LG Entities deny the remaining allegations contained in Paragraph 210.

8      211.    The LG Entities lack information or knowledge sufficient to form a belief as to the

9    truth of the allegations of Paragraph 211 concerning Plaintiff's knowledge and on that basis deny

10    them.  The LG Entities deny the remaining allegations contained in Paragraph 211.

11      212.    The LG Entities deny the allegations contained in Paragraph 212.

12      213.    The LG Entities deny the allegations contained in Paragraph 213.

13      214.    The LG Entities deny the allegations contained in Paragraph 214.

14      215.    The LG Entities deny the allegations contained in Paragraph 215.

15      216.    The LG Entities deny the allegations contained in Paragraph 216.

16      217.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

17    declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

18    Paragraph 217.

19      218.    The LG Entities deny the allegations contained in Paragraph 218.

20      219.    To the extent that Paragraph 219 purports to describe the contents of a document,

21    the document speaks for itself and no response is required.  To the extent that a response is

22    deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

23    the truth of the allegations of Paragraph 219 and on that basis deny them.

24      220.    The LG Entities deny the allegations contained in Paragraph 220.

25      221.    The LG Entities deny the allegations contained in Paragraph 221.

26      222.    Paragraph 222 consists of legal conclusions to which no response is required.  To

27    the extent that a response is deemed necessary, the LG Entities deny the allegations.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

223.    The LG Entities admit that the Antitrust Division of the United States Department of Justice commenced an investigation related to CRTs.  The second sentence of Paragraph 223 consists of legal conclusions to which no response is required.  Except as specifically admitted in the foregoing, and to the extent that a response is deemed necessary, the LG Entities deny the allegations.

224.    To the extent that Paragraph 224 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that Paragraph 224 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 224 and on that basis deny them.

225.    Paragraph 225 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

226.    The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

227.    The LG Entities deny the allegations contained in Paragraph 227.

228.    The LG Entities deny the allegations contained in Paragraph 228.

229.    The LG Entities deny the allegations contained in Paragraph 229.

230.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 230 as they pertain to the LG Entities.

231.    The LG Entities deny the allegations contained in Paragraph 231.

232.    The LG Entities deny the allegations contained in Paragraph 232.

233.    The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

234.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 234 and on that basis deny them.

235. To the extent that Paragraph 235 consists of legal conclusions, no response is required. To the extent that a response is deemed necessary, the LG Entities deny the allegations contained in Paragraph 235.

236. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 236 concerning Plaintiff's activities in Florida and on that basis deny them. To the extent that Paragraph 236 consists of legal conclusions, no response is required.

237. The LG Entities deny the allegations contained in Paragraph 237.

238. Paragraph 238 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, the LG Entities deny the allegations.

239. The LG Entities deny the allegations contained in Paragraph 239.

240. The LG Entities deny the allegations contained in Paragraph 240.

## RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND

The paragraphs of the FAC following the header "Prayer for Relief" and "Jury Trial Demanded" do not require a response. To the extent that those paragraphs require a response, the LG Entities deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any of these defenses, the LG Entities allege the following affirmative defenses to the allegations set forth in the FAC:

## FIRST DEFENSE

The FAC fails to state a claim upon which relief can be granted because Plaintiff's claims are ambiguous, vague, and/or unintelligible; because Plaintiff has failed to alleged fraud or fraudulent concealment with sufficient particularity; and/or because Plaintiff has failed to allege conspiracy with sufficient particularity. The LG Entities aver that Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit the LG Entities to ascertain all defenses that may exist.

SECOND DEFENSE

The claims set forth in the FAC are barred by the statute of limitations.

THIRD DEFENSE

Without conceding the existence of any conspiracy, Plaintiff's claims are barred because the LG Entities effectively withdrew from any alleged conspiracy.

FOURTH DEFENSE

The conduct alleged by Plaintiff in the FAC to form the basis of certain of Plaintiff's claims has not had a direct, substantial, and reasonably foreseeable effect on trade or commerce with the United States.  The Court therefore lacks subject matter jurisdiction.

FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they are based upon foreign sales by defendants, because Plaintiff has failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a and/or *Hartford Fire Ins. Co. v. California*, 509 U.S. 764 (1993).

SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that it did not purchase CRTs directly from defendants, because they are indirect purchasers and barred from maintaining an action for alleged injuries in that capacity.

SEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff lacks standing to sue for the injuries alleged in the FAC.

EIGHTH DEFENSE

Plaintiff is barred from recovery of any damages because of, and to the extent of, its failure to mitigate damages, or alternatively any claimed injury or damage has been offset by benefits received by Plaintiff with respect to the challenged conduct.

NINTH DEFENSE

Plaintiff's claims for damages are barred because Plaintiff has suffered no injury or damages as a result of the matters alleged in the FAC, or alternatively, because the alleged

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1  damages, if any, are speculative and because of the impossibility of ascertaining and allocating

2  those alleged damages.

3  TENTH DEFENSE

4  Any injuries or damages Plaintiff may have suffered were not caused, either actually or

5  proximately, by the acts and omissions of the LG Entities.

6  ELEVENTH DEFENSE

7  Any injuries or damages Plaintiff may have suffered were caused solely and proximately

8  by the acts and omissions of others.  The acts of others constitute intervening or superseding

9  causes of harm, if any, suffered by Plaintiff.

10  TWELFTH DEFENSE

11  Plaintiff's claims are barred to the extent injuries alleged in the FAC, which the LG

12  Entities deny, were contributed to by the statements, acts, and/or omissions of Plaintiff and/or

13  third parties or entities, other than the LG Entities.

14  THIRTEENTH DEFENSE

15  Plaintiff's claims are barred, in whole or in part, by Plaintiff's acquiescence and/or

16  confirmation of any and all conduct and/or omissions alleged as to the LG Entities.

17  FOURTEENTH DEFENSE

18  Plaintiff's claims are barred because Plaintiff has not suffered actual, cognizable injury of

19  the type antitrust laws are intended to remedy.

20  FIFTEENTH DEFENSE

21  To the extent that any actionable conduct occurred, Plaintiff's claims against the LG

22  Entities are barred because all such conduct would have been committed by individuals acting

23  ultra vires.

24  SIXTEENTH DEFENSE

25  Plaintiff's claims against the LG Entities are barred to the extent that Plaintiff has agreed to

26  arbitration or chosen a different forum for the resolution of their claims.

27

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to join indispensable parties.

NINETEENTH DEFENSE

Without admitting that Plaintiff is entitled to recover damages in this matter, the LGE Entities are entitled to set off from any recovery Plaintiff may obtain against them by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

TWENTIETH DEFENSE

The LG Entities are separate and autonomous companies from LPD, and thus are not liable for Plaintiff's damages resulting from LPD's actions.

TWENTY-FIRST DEFENSE

Any award of treble damages would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the state constitution.

**RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES**

The LG Entities adopt by reference any additional applicable defenses pleaded by any other Defendant in this action.  The LG Entities have not knowingly or intentionally waived any applicable defenses and explicitly reserve the right to assert any additional defenses and affirmative defenses as this action proceeds. The LG Entities further reserve the right to amend its Answer and/or defenses accordingly, and/or to delete defenses that it determines are not applicable as this action proceeds.  The LG Entities further reserve the right to assert affirmative defenses that are unique to one or a subset of the claims asserted under the state law at issue in this action.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1        WHEREFORE, the LG Entities pray as follows:

2        1.      That the Plaintiff takes nothing by way of the FAC, and the action be dismissed

3    with prejudice;

4        2.      That judgment be entered in favor of the LG Entities and against Plaintiff with

5    respect to all causes of action in the FAC;

6        3.      That the Court award the LG Entities its attorneys' fees and all other costs

7    reasonably incurred in defense of this action; and

8        4.      That the Court award such other relief as it may deem just and proper.

9
     DATED:  November 4, 2013            MUNGER, TOLLES & OLSON LLP
10                                           WILLIAM D. TEMKO
                                             HOJOON HWANG
11                                           BETHANY W. KRISTOVICH
                                             LAURA K. SULLIVAN
12

13

14                                       By:  _____/s/ Hojoon Hwang_____
15                                           HOJOON HWANG
                                         Attorneys for LG ELECTRONICS, INC., LG
16                                       ELECRONICS USA, INC., AND LG ELECTRONICS
                                         TAIPEI TAIPEI CO., LTD
17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF LG ELECTRONICS *et al.*
                                                   Master File No. 3:07-cv-05944-SC

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I, Angela Balestrieri, the undersigned, declare that I am over the age of 18 and not |
| 3 | a party to the within cause.  I am employed by Munger, Tolles & Olson LLP in the County of San |
| 4 | Francisco, State of California.  My business address is 560 Mission Street, Twenty-Seventh |
| 5 | Floor, San Francisco, California  94105-2907. |
| 6 | On November 4, 2013, I served upon the interested partyies in this action the |
| 7 | following document, a copy of which is attached to this Proof of Service: |

**ANSWER OF LG ELECTRONICS, INC. AND LG ELECTRONICS USA, INC. TO FIRST AMENDED COMPLAINT BY INTERBOND CORPORATION OF AMERICA., D/B/A BRANDSMART USA**

☒  By placing ☐ the original(s) ☒ a true and correct copy via electronic Notice through ECF and/or, as set out below, in an addressed, sealed envelope(s) clearly labeled to identify the person(s) being served at the address(es) set forth on the attached service list.

☒  **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such envelope(s) to be placed in interoffice mail for collection and deposit in the United States Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on that same date, following ordinary business practices.  I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

☒  **TO BE SERVED ELECTRONICALLY VIA ECF THROUGH THE COURT'S NOTIFICATION SYSTEM.**

☒  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 4, 2013, at San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 4, 2013, at San Francisco, California.

Angela Balestrieri

22012232.1

1

**PROOF OF SERVICE BY MAIL**

2

Case No.:  3:07-CV-05944-SC

3

SERVICE LIST

Charles H. Johnson
4   Charles H Johnson & Associates PA
2599 Mississippi Street
5   New Brighton, MN 55113

6

Clinton Paul Walker
7   Damrell, Nelson, Schrimp, Pallios, Pache & Silva
1601 "I" Street
8   Fifth Floor
Modesto, CA 95354

9

Donna F. Solen
10  Mason Law Firm-Washington
1225 19th Street, NW, Suite 500
11  Washington, DC 20036

12

Gregory D. Hull
13  Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
14  Redwood Shores, CA 94065

15

Issac L. Diel
16  Sharp McQueen
6900 College Boulevard, Suite 285
17  Overland Park, KS 66211

18

Jean B. Roth
19  Mansfield Tanick & Cohen
1700 U.S. Bank Plaza South
20  220 South Sixth Street
Minneapolis, MN 55402-4511
21

22  John G. Emerson
Emerson Poynter LLP
23  830 Apollo Lane
Houston, TX 77058
24

25  John Gressette Felder , Jr
McGowan Hood Felder and Johnson
26  1405 Calhoun Street
Columbia, SC 29201
27

28

22012232.1

1  Katherine Hamilton Wheaton
   300 North LaSalle Street
2  Chicago, IL 60654

3
   Krishna B. Narine
4  Schiffrin & Barroway, LLP
   Three Bala Plaza East
5  Suite 400
   Bala Cynwyd, PA 19004
6
7  Lawrence D. McCabe
   Murray Frank & Sailer LLP
8  275 Madison Avenue
   New York, NY 10016
9
10 Lawrence P. Schaefer
   Mansfield Tanick & Cohen
11 1700 U.S. Bank Plaza South
   220 South Sixth Street
12 Minneapolis, MN 55402-4511

13
   Lewis Titus LeClair
14 McKool Smith
   300 Crescent Ct #1500
15 Dallas, TX 75201

16 Lori A. Fanning
   Miller Law LLC
17 115 South LaSalle Street, Suite 2910
   Chicago, IL 60603
18
19 Mark Reinhardt
   Reinhardt Wendorf & Blanchfield
20 East 1000 First National Bank Building
   322 Minnesota Street
21 St. Paul, MN 55101

22
   Martin E. Grossman
23 Law Offices of Martin E. Grossman
   2121 Green Brier Drive
24 Villanova, PA 19085

25
   Matthew E. Van Tine
26 Miller Law LLC
   115 South LaSalle Street, Suite 2910
27 Chicago, IL 60603

28
                                    - 2 -

22012232.1

1   Melissa Willett
    Boies, Schiller & Flexner
2   5301 Wisconsin Ave. NW
3   Suite 800
    Washington, DC 20015
4
    Mike McKool , Jr
5   McKool Smith, P.C.
    300 Crescent Court Ste 1500
6   Dallas, TX 75201
7
    Neal A Eisenbraun
8   Neal A Eisenbraun, Chartered
    2599 Mississippi Street
9   New Brighton, MN 55113
10
    Niki B. Okcu
11  AT&T Services, Inc. Legal Dept.
    525 Market Street, 20th Floor
12  San Francisco, CA 94105
13
    Patricia A. Conners
14  Attorney General's Office
    Department of Legal Affairs
15  Antitrust Section
    PL-01 The Capitol
16  Tallahassee, FL 32399-1050
17
    Paul F Novak
18  Milberg LLP
    One Kennedy Square
19  777 Woodward Avenue, Suite 890
    Detroit, MI 48226
20
    Richard M. Hagstrom
21  Zelle Hofmann Voelbel Mason & Gette LLP
    500 Washington Avenue South, Suite 4000
22  Minneapolis, MN 55415
23
    Robert B. Gerard
24  Gerard Selden & Osuch
    1516 Front Street
25  San Diego, CA 92101
26

27

28

22012232.1

1   Roger Martin Schrimp
    Damrell Nelson Schrimp Pallios Pacher & Silva
2   1601 I Street 5th Floor
3   Modesto, CA 95354

4   Samuel J. Sharp
    701 13th Street NW
5   Washington, DC 20005

6   Steven A. Reiss
7   Weil Gotshal & Manges LLP
    767 Fifth Avenue
8   New York, NY 10153-0119

9   Traviss Levine Galloway
    Zelle Hofmann Voelbel Mason & Gette
10  44 Montgomery St #3400
    San Francisco, CA 94104

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

PROOF OF SERVICE BY MAIL; CASE NO. 3:07-CV-05944-SC

22012232.1