Eliot A. Adelson (State Bar No. 205284)
James Maxwell Cooper (State Bar No. 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants,
HITACHI, LTD., HITACHI DISPLAYS, LTD.
(n/k/a JAPAN DISPLAY INC.), HITACHI AMERICA, LTD.,
HITACHI ASIA, LTD., AND
HITACHI ELECTRONIC DEVICES (USA), INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC |
| | MDL No.  1917 |
| This Document Relates To: | Individual Case No. 3:11-cv-05513-SC |
| The Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.com L.L.C., and Magnolia Hi-Fi, LLC Action | **ANSWER OF HITACHI, LTD., HITACHI DISPLAYS, LTD. (N/K/A JAPAN DISPLAY INC,), HITACHI AMERICA, LTD., HITACHI ASIA, LTD., and HITACHI ELECTRONIC DEVICES (USA), INC. TO BEST BUY CO., INC., BEST BUY PURCHASING LLC, BEST BUY ENTERPRISE SERVICES, INC., BEST BUY STORES, L.P., BESTBUY.COM L.L.C., and MAGNOLIA HI-FI, LLC'S FIRST AMENDED COMPLAINT** |

1        Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America,

2   Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively "the Hitachi

3   Defendants") through their undersigned counsel of record, answer and respond ("Answer") to Best

4   Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P.,

5   BestBuy.com L.L.C., and Magnolia Hi-Fi, LLC's ("plaintiffs") First Amended Complaint ("First

6   Amended Complaint") as follows.

7        As used in this Answer, and in the interest of brevity, the phrase deny or denies "for want of

8   information or belief" means that the answering defendants are without knowledge or information

9   sufficient to form a belief as to the trust of an averment of the Complaint, and deny that averment on

10  that basis.  The Hitachi Defendants deny all allegations in the Complaint (including headings and

11  captions) not specifically admitted in this Answer.

12       1.    The Hitachi Defendants deny each of the averments of Paragraph 1 of the First

13  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

14  Paragraph 1 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

15  Defendants deny, for want of information or belief, the averments of Paragraph 1 of the First

16  Amended Complaint.

17       2.    The Hitachi Defendants deny each of the averments of the first sentence of Paragraph

18  2 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

19  averments of the first sentence of Paragraph 2 of the First Amended Complaint do not pertain to the

20  Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

21  the first sentence of Paragraph  2 of the First Amended Complaint.  The remaining averments of

22  Paragraph 2 of the First Amended Complaint appear to be prefatory or definitional only, and not

23  ones calling for any response.  To the extent that the remaining averments of Paragraph 2 may be

24  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 2 of

25  the First Amended Complaint.

26       3.    The Hitachi Defendants deny each of the averments of Paragraph 3 of the First

27  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

28  Paragraph 3 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

Defendants deny, for want of information or belief, the averments of Paragraph 3 of the First Amended Complaint.

4.      The Hitachi Defendants deny each of the averments of Paragraph 4 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 4 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 4 of the First Amended Complaint.

5.      The Hitachi Defendants deny each of the averments of Paragraph 5 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 5 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 5 of the First Amended Complaint.

6.      The Hitachi Defendants deny each of the averments of Paragraph 6 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 6 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 6 of the First Amended Complaint.

7.      The Hitachi Defendants deny each of the averments of Paragraph 7 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 7 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 7 of the First Amended Complaint.

8.      The Hitachi Defendants deny, for want of information or belief, the averments in the first sentence of Paragraph 8 of the First Amended Complaint.  The remaining averments of Paragraph 8 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent the remaining averments of Paragraph 8 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants, and, to the extent the averments do not pertain to

the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the remaining averments of Paragraph 8 of the First Amended Complaint.

9.    The Hitachi Defendants deny each of the averments of Paragraph 9 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 9 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 9 of the First Amended Complaint.

10.    The averments of Paragraph 10 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 10 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 10 of the First Amended Complaint.

11.    The averments of Paragraph 11 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 11 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 11 of the First Amended Complaint.

12.    The averments of Paragraph 12 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 12 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 12 of the First Amended Complaint.

13.    The averments of Paragraph 13 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 13 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 13 of the First Amended Complaint.

14.    The averments of Paragraph 14 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 14 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 14 of the First Amended Complaint.

15.     The averments of Paragraph 15 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 15 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 15 of the First Amended Complaint.

16.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 16 of the First Amended Complaint.

17.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 17 of the First Amended Complaint.

18.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 18 of the First Amended Complaint.

19.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 19 of the First Amended Complaint.

20.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 20 of the First Amended Complaint.

21.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 21 of the First Amended Complaint.

22.     The Hitachi Defendants deny each of the averments of the first sentence of Paragraph 22 of First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of the first sentence of Paragraph 22 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 22 of the First Amended Complaint.  The averments of the second sentence of Paragraph 22 of the First Amended Complaint consist of conclusions of law to which no response is required. To the extent that the averments of Paragraph 22 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 22 of the First Amended Complaint.

23.     The Hitachi Defendants deny each of the averments of Paragraph 23 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 23 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

1   Defendants deny, for want of information or belief, the averments of Paragraph 23 of the First

2   Amended Complaint.

3          24.     The averments of Paragraph 24 of the First Amended Complaint consist of

4   conclusions of law to which no response is required.  To the extent that the averments of Paragraph

5   24 may be deemed to require a response, the Hitachi Defendants deny each of the averments of

6   Paragraph 24 of the First Amended Complaint.

7          25.     The Hitachi Defendants admit that Hitachi, Ltd. is a Japanese company with its

8   principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280, Japan.  The

9   Hitachi Defendants deny the remainder of the averments of Paragraph 25 of the First Amended

10  Complaint.

11         26.     The Hitachi Defendants admit that Hitachi Displays, Ltd. was a Japanese company

12  with its principal place of business at 3300, Hayano, Mobara-shi, Chiba-ken, 297-8622, Japan.  The

13  Hitachi Defendants deny the remainder of the averments of Paragraph 26 of the First Amended

14  Complaint.

15         27.     The Hitachi Defendants admit that Hitachi America, Ltd. is a New York company

16  with its principal place of business is located at 50 Prospect Avenue, Tarrytown, New York 10591.

17  The Hitachi Defendants admit that Hitachi America, Ltd. is a subsidiary of Defendant Hitachi, Ltd.

18  The Hitachi Defendants deny the remainder of the averments of Paragraph 27 of the First Amended

19  Complaint.

20         28.     The Hitachi Defendants admit that Hitachi Asia, Ltd. is a Singaporean company with

21  its principal place of business at 7 Tampines Grande, #08-01 Hitachi Square, Singapore 528736.

22  The Hitachi Defendants deny the remainder of the averments of Paragraph 28 of the First Amended

23  Complaint.

24         29.     The Hitachi Defendants admit that Hitachi Electronic Devices (USA), Inc. is a

25  Delaware corporation with its principal place of business is located at 208 Fairforest Way,

26  Greenville, South Carolina 29607.  The Hitachi Defendants deny the remainder of the averments of

27  Paragraph 29 of the First Amended Complaint.

28

1     30.     The Hitachi Defendants deny, for want of information or belief, the averments in the

2     first sentence of Paragraph 30 of the First Amended Complaint that "Defendant Shenzhen SEG

3     Hitachi Color Display Devices, Ltd. ('Hitachi Shenzhen') was a Chinese company with its principal

4     place of business located at 5001 Huanggang Road, Futian District, Shenzhen 518035, China."  To

5     the extent the remaining averments in Paragraph 30 of the First Amended Complaint are directed at

6     the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the

7     Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the

8     Hitachi Defendants deny, for want of information or belief, the averments in the rest of Paragraph 30

9     of the First Amended Complaint.

10     31.     The Hitachi Defendants deny each of the averments of Paragraph 31 of the First

11     Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

12     Paragraph 31 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

13     Defendants deny, for want of information or belief, the averments of Paragraph 31 of the First

14     Amended Complaint.

15     32.     The averments of Paragraph 32 of the First Amended Complaint are not directed at

16     the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 32 may

17     be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

18     each of the averments in Paragraph 32 of the First Amended Complaint.

19     33.     The averments of Paragraph 33 of the First Amended Complaint are not directed at

20     the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 33 may

21     be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

22     each of the averments in Paragraph 33 of the First Amended Complaint.

23     34.     The averments of Paragraph 34 of the First Amended Complaint are not directed at

24     the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 34 may

25     be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

26     each of the averments in Paragraph 34 of the First Amended Complaint.

27     35.     The averments of Paragraph 35 of the First Amended Complaint are not directed at

28     the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 35 may

1   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,
2   each of the averments in Paragraph 35 of the First Amended Complaint.

3       36.     The averments of Paragraph 36 of the First Amended Complaint are not directed at
4   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 36 may
5   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,
6   each of the averments in Paragraph 36 of the First Amended Complaint.

7       37.     The averments of Paragraph 37 of the First Amended Complaint are not directed at
8   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 37 may
9   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,
10  each of the averments in Paragraph 37 of the First Amended Complaint.

11      38.     The averments of Paragraph 38 of the First Amended Complaint are not directed at
12  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 38 may
13  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,
14  each of the averments in Paragraph 38 of the First Amended Complaint.

15      39.     The averments of Paragraph 39 of the First Amended Complaint are not directed at
16  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 39 may
17  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,
18  each of the averments in Paragraph 39 of the First Amended Complaint.

19      40.     The averments of Paragraph 40 of the First Amended Complaint are not directed at
20  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 40 may
21  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,
22  each of the averments in Paragraph 40 of the First Amended Complaint.

23      41.     The averments of Paragraph 41 of the First Amended Complaint are not directed at
24  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 41 may
25  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,
26  each of the averments in Paragraph 41 of the First Amended Complaint.

27      42.     The averments of Paragraph 42 of the First Amended Complaint are not directed at
28  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 42 may

1    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

2    each of the averments in Paragraph 42 of the First Amended Complaint.

3            43.     The averments of Paragraph 43 of the First Amended Complaint are not directed at

4    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 43 may

5    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

6    each of the averments in Paragraph 43 of the First Amended Complaint.

7            44.     The averments of Paragraph 44 of the First Amended Complaint are not directed at

8    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 44 may

9    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

10   each of the averments in Paragraph 44 of the First Amended Complaint.

11           45.     The averments of Paragraph 45 of the First Amended Complaint are not directed at

12   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 45 may

13   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

14   each of the averments in Paragraph 45 of the First Amended Complaint.

15           46.     The averments of Paragraph 46 of the First Amended Complaint are not directed at

16   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 46 may

17   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

18   each of the averments in Paragraph 46 of the First Amended Complaint.

19           47.     The averments of Paragraph 47 of the First Amended Complaint are not directed at

20   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 47 may

21   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

22   each of the averments in Paragraph 47 of the First Amended Complaint.

23           48.     The averments of Paragraph 48 of the First Amended Complaint are not directed at

24   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 48 may

25   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

26   each of the averments in Paragraph 48 of the First Amended Complaint.

27           49.     The averments of Paragraph 49 of the First Amended Complaint are not directed at

28   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 49 may

1   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

2   each of the averments in Paragraph 49 of the First Amended Complaint.

3       50.    The averments of Paragraph 50 of the First Amended Complaint are not directed at

4   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 50 may

5   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

6   each of the averments in Paragraph 50 of the First Amended Complaint.

7       51.    The averments of Paragraph 51 of the First Amended Complaint are not directed at

8   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 51 may

9   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

10   each of the averments in Paragraph 51 of the First Amended Complaint.

11       52.    The averments of Paragraph 52 of the First Amended Complaint are not directed at

12   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 52 may

13   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

14   each of the averments in Paragraph 52 of the First Amended Complaint.

15       53.    The averments of Paragraph 53 of the First Amended Complaint are not directed at

16   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 53 may

17   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

18   each of the averments in Paragraph 53 of the First Amended Complaint.

19       54.    The averments of Paragraph 54 of the First Amended Complaint are not directed at

20   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 54 may

21   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

22   each of the averments in Paragraph 54 of the First Amended Complaint.

23       55.    The averments of Paragraph 55 of the First Amended Complaint are not directed at

24   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 55 may

25   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

26   each of the averments in Paragraph 55 of the First Amended Complaint.

27       56.    The averments of Paragraph 56 of the First Amended Complaint are not directed at

28   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 56 may

1    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

2    each of the averments in Paragraph 56 of the First Amended Complaint.

3           57.    The averments of Paragraph 57 of the First Amended Complaint are not directed at

4    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 57 may

5    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

6    each of the averments in Paragraph 57 of the First Amended Complaint.

7           58.    The averments of Paragraph 58 of the First Amended Complaint are not directed at

8    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 58 may

9    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

10   each of the averments in Paragraph 58 of the First Amended Complaint.

11          59.    The averments of Paragraph 59 of the First Amended Complaint are not directed at

12   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 59 may

13   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

14   each of the averments in Paragraph 59 of the First Amended Complaint.

15          60.    The averments of Paragraph 60 of the First Amended Complaint consist of

16   conclusions of law to which no response is required.  To the extent Paragraph 60 may be deemed to

17   require a response, the Hitachi Defendants deny, for want of information or belief, each of the

18   averments in Paragraph 60 of the First Amended Complaint.

19          61.    The averments of Paragraph 61 of the First Amended Complaint consist of

20   conclusions of law to which no response is required.  To the extent Paragraph 61 may be deemed to

21   require a response, the Hitachi Defendants deny, for want of information or belief, each of the

22   averments in Paragraph 61 of the First Amended Complaint.

23          62.    The averments of Paragraph 62 of the First Amended Complaint consist of

24   conclusions of law to which no response is required.  To the extent Paragraph 62 may be deemed to

25   require a response, the Hitachi Defendants deny, for want of information or belief, each of the

26   averments in Paragraph 62 of the First Amended Complaint.

27          63.    The averments of Paragraph 63 of the First Amended Complaint are not directed at

28   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 63 may

1   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

2   each of the averments in Paragraph 63 of the First Amended Complaint.

3          64.   The averments of Paragraph 64 of the First Amended Complaint are not directed at

4   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 64 may

5   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

6   each of the averments in Paragraph 64 of the First Amended Complaint.

7          65.   The averments of Paragraph 65 of the First Amended Complaint are not directed at

8   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 65 may

9   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

10  each of the averments in Paragraph 65 of the First Amended Complaint.

11         66.   The averments of Paragraph 66 of the First Amended Complaint are not directed at

12  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 66 may

13  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

14  each of the averments in Paragraph 66 of the First Amended Complaint.

15         67.   The averments of Paragraph 67 of the First Amended Complaint are not directed at

16  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 67 may

17  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

18  each of the averments in Paragraph 67 of the First Amended Complaint.

19         68.   The averments of Paragraph 68 of the First Amended Complaint are not directed at

20  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 68 may

21  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

22  each of the averments in Paragraph 68 of the First Amended Complaint.

23         69.   The averments of Paragraph 69 of the First Amended Complaint are not directed at

24  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 69 may

25  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

26  each of the averments in Paragraph 69 of the First Amended Complaint.

27         70.   The averments of Paragraph 70 of the First Amended Complaint are not directed at

28  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 70 may

1   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

2   each of the averments in Paragraph 70 of the First Amended Complaint.

3        71.      The averments of Paragraph 71 of the First Amended Complaint are not directed at

4   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 71 may

5   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

6   each of the averments in Paragraph 71 of the First Amended Complaint.

7        72.      The averments of Paragraph 72 of the First Amended Complaint are not directed at

8   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 72 may

9   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

10  each of the averments in Paragraph 72 of the First Amended Complaint.

11       73.      The averments of Paragraph 73 of the First Amended Complaint are not directed at

12  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 73 may

13  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

14  each of the averments in Paragraph 73 of the First Amended Complaint.

15       74.      The averments of Paragraph 74 of the First Amended Complaint are not directed at

16  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 74 may

17  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

18  each of the averments in Paragraph 74 of the First Amended Complaint.

19       75.      The averments of Paragraph 75 of the First Amended Complaint are not directed at

20  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 75 may

21  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

22  each of the averments in Paragraph 75 of the First Amended Complaint.

23       76.      The averments of Paragraph 76 of the First Amended Complaint are not directed at

24  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 76 may

25  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

26  each of the averments in Paragraph 76 of the First Amended Complaint.

27       77.      The averments of Paragraph 77 of the First Amended Complaint are not directed at

28  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 77 may

1    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

2    each of the averments in Paragraph 77 of the First Amended Complaint.

3          78.    The averments of Paragraph 78 of the First Amended Complaint consist of

4    conclusions of law to which no response is required.  To the extent Paragraph 78 may be deemed to

5    require a response, the Hitachi Defendants deny, for want of information or belief, each of the

6    averments in Paragraph 78 of the First Amended Complaint.

7          79.    The averments of Paragraph 79 of the First Amended Complaint consist of

8    conclusions of law to which no response is required.  To the extent Paragraph 79 may be deemed to

9    require a response, the Hitachi Defendants deny, for want of information or belief, each of the

10   averments in Paragraph 79 of the First Amended Complaint.

11         80.    The averments of Paragraph 80 of the First Amended Complaint consist of

12   conclusions of law to which no response is required.  To the extent Paragraph 80 may be deemed to

13   require a response, the Hitachi Defendants deny, for want of information or belief, each of the

14   averments in Paragraph 80 of the First Amended Complaint.

15         81.    The averments of Paragraph 81 of the First Amended Complaint consist of

16   conclusions of law to which no response is required.  To the extent Paragraph 81 may be deemed to

17   require a response, the Hitachi Defendants deny, for want of information or belief, each of the

18   averments in Paragraph 81 of the First Amended Complaint.

19         82.    The averments of Paragraph 82 of the First Amended Complaint appear to be

20   prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 82

21   may be deemed to require a response, the Hitachi Defendants deny each of the averments of

22   Paragraph 82 of the First Amended Complaint.

23         83.    The averments of Paragraph 83 of the First Amended Complaint appear to be

24   prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 83

25   may be deemed to require a response, the Hitachi Defendants deny each of the averments of

26   Paragraph 83 of the First Amended Complaint.

27         84.    The averments of Paragraph 84 of the First Amended Complaint appear to be

28   prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 84

may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 84 of the First Amended Complaint.

85.    The averments of Paragraph 85 of the First Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 85 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 85 of the First Amended Complaint.

86.    The averments of Paragraph 86 of the First Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 86 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 86 of the First Amended Complaint.

87.    The averments of Paragraph 87 of the First Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 87 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 87 of the First Amended Complaint.

88.    The averments of Paragraph 88 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 88 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 88 of the First Amended Complaint.

89.    The averments of Paragraph 89 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 89 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 89 of the First Amended Complaint.

90.    The averments of Paragraph 90 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 90 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 90 of the First Amended Complaint.

91.    The averments of Paragraph 91 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 91 may be deemed to

1    require a response, the Hitachi Defendants deny, for want of information or belief, each of the

2    averments in Paragraph 91 of the First Amended Complaint.

3           92.    The averments of Paragraph 92 of the First Amended Complaint appear to be

4    prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 92

5    may be deemed to require a response, the Hitachi Defendants deny each of the averments of

6    Paragraph 92 of the First Amended Complaint.

7           93.    The averments of Paragraph 93 of the First Amended Complaint are not directed at

8    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 93 may

9    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

10   each of the averments in Paragraph 93 of the First Amended Complaint.

11          94.    The Hitachi Defendants deny, for want of information or belief, each of the

12   averments in Paragraph 94 of the First Amended Complaint.

13          95.    To the extent the averments of Paragraph 95 of the First Amended Complaint are

14   directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains

15   to the Hitachi Defendants, and, to the extent the averments do not pertain to the Hitachi Defendants,

16   the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 95 of the

17   First Amended Complaint.

18          96.    The averments of Paragraph 96 of the First Amended Complaint are not directed at

19   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 96 may

20   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

21   each of the averments in Paragraph 96 of the First Amended Complaint.

22          97.    The Hitachi Defendants deny, for want of information or belief, each of the

23   averments of Paragraph 97 of the First Amended Complaint.

24          98.    The averments of subparts a-h and j-k of Paragraph 98 of the First Amended

25   Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The

26   Hitachi Defendants deny the averments of Paragraph 98 of the First Amended Complaint, but admit

27   that in 2000 LG Electronics, Inc. and Hitachi, Ltd. entered into an agreement to establish a joint

28   venture company for the development, design and marketing of optical disk drives.

99.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 99 of the First Amended Complaint.

100.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 100 of the First Amended Complaint.

101.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 101 of the First Amended Complaint.

102.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 102 of the First Amended Complaint.

103.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 103 of the First Amended Complaint.

104.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 104 of the First Amended Complaint.

105.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 105 of the First Amended Complaint.

106.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 106 of the First Amended Complaint.

107.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 107 of the First Amended Complaint.

108.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 108 of the First Amended Complaint.

109.     The averments of the first sentence of Paragraph 109 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the first sentence of Paragraph 109 may be deemed to require a response, the Hitachi Defendants deny each of the averments of the first sentence of Paragraph 109 of the First Amended Complaint.  The Hitachi Defendants deny each of the remaining averments of Paragraph 109 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the remaining averments of Paragraph 109 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny,

for want of information or belief, the remaining averments of Paragraph 109 of the First Amended Complaint.

110.   The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 110 of the First Amended Complaint.

111.   The Hitachi Defendants deny each of the averments of Paragraph 111 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 111 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 111 of the First Amended Complaint.

112.   The averments of Paragraph 112 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 112 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 112 of the First Amended Complaint.

113.   To the extent the averments of Paragraph 113 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 113 of the First Amended Complaint.

114.   The averments of Paragraph 114 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 114 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 114 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 114 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 114 of the First Amended Complaint.

115.   The averments of Paragraph 115 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 115 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 115

of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 115 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 115 of the First Amended Complaint.

116.    To the extent the averments of Paragraph 116 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 116 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 116 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 116 of the First Amended Complaint.

117.    To the extent the averments of Paragraph 117 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 117 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 117 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 117 of the First Amended Complaint.

118.    To the extent the averments of Paragraph 118 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 118 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 118 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 118 of the First Amended Complaint.

119.    To the extent the averments of Paragraph 119 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 119 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 119 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 119 of the First Amended Complaint.

1      120.    To the extent the averments of Paragraph 120 of the First Amended Complaint are

2    directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

3    120 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

4    averments of Paragraph 120 of the First Amended Complaint do not pertain to the Hitachi

5    Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

6    Paragraph 120 of the First Amended Complaint.

7      121.    To the extent the averments of Paragraph 121 of the First Amended Complaint are

8    directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

9    121 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

10    averments of Paragraph 121 of the First Amended Complaint do not pertain to the Hitachi

11    Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

12    Paragraph 121 of the First Amended Complaint.

13      122.    To the extent the averments of Paragraph 122 of the First Amended Complaint are

14    directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

15    122 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

16    averments of Paragraph 122 of the First Amended Complaint do not pertain to the Hitachi

17    Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

18    Paragraph 122 of the First Amended Complaint.

19      123.    To the extent the averments of Paragraph 123 of the First Amended Complaint are

20    directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

21    123 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

22    averments of Paragraph 123 of the First Amended Complaint do not pertain to the Hitachi

23    Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

24    Paragraph 123 of the First Amended Complaint.

25      124.    To the extent the averments of Paragraph 124 of the First Amended Complaint are

26    directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

27    124 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

28    averments of Paragraph 124 of the First Amended Complaint do not pertain to the Hitachi

1    Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

2    Paragraph 124 of the First Amended Complaint.

3            125.    To the extent the averments of Paragraph 125 of the First Amended Complaint are

4    directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

5    125 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

6    averments of Paragraph 125 of the First Amended Complaint do not pertain to the Hitachi

7    Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

8    Paragraph 125 of the First Amended Complaint.

9            126.    To the extent the averments of Paragraph 126 of the First Amended Complaint are

10   directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

11   126 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

12   averments of Paragraph 126 of the First Amended Complaint do not pertain to the Hitachi

13   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

14   Paragraph 126 of the First Amended Complaint.

15           127.    The averments of Paragraph 127 of the First Amended Complaint consist of

16   conclusions of law to which no response is required.  To the extent that Paragraph 127 may be

17   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 127

18   of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

19   averments of Paragraph 127 of the First Amended Complaint do not pertain to the Hitachi

20   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

21   Paragraph 127 of the First Amended Complaint.

22           128.    To the extent the averments of Paragraph 128 are directed at the Hitachi Defendants,

23   the Hitachi Defendants deny each of the averments of Paragraph 128 of the First Amended

24   Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 128 of

25   the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny,

26   for want of information or belief, the averments of Paragraph 128 of the First Amended Complaint.

27           129.    To the extent the averments of Paragraph 129, including all subparts, of the First

28   Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

averments of Paragraph 129 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 129 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 129 of the First Amended Complaint.

130.    To the extent the averments of Paragraph 130 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 130 as it pertains to the Hitachi Defendants.  To the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 130 of the First Amended Complaint.

131.    The Hitachi Defendants deny each of the averments of Paragraph 131 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 131 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 131 of the First Amended Complaint.

132.    The Hitachi Defendants deny each of the averments of Paragraph 132 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 132 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 132 of the First Amended Complaint.

133.    The Hitachi Defendants deny each of the averments of Paragraph 133 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 133 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 133 of the First Amended Complaint.

134.    The averments of Paragraph 134 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent averments of Paragraph 134 of the First Amended Complaint may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 134 as it pertains to the Hitachi Defendants.  To the extent the

averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 134 of the First Amended Complaint.

135.   The Hitachi Defendants deny each of the averments of Paragraph 135 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 135 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 135 of the First Amended Complaint.

136.   The Hitachi Defendants deny each of the averments of Paragraph 136 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 136 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 136 of the First Amended Complaint.

137.   The Hitachi Defendants deny each of the averments in Paragraph 137 of the First Amended Complaint.

138.   The Hitachi Defendants deny each of the averments in Paragraph 138 of the First Amended Complaint.

139.   The averments of Paragraph 139 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 139 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 139 of the First Amended Complaint.

140.   The averments of Paragraph 140 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 140 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 140 of the First Amended Complaint.

141.   The averments of Paragraph 141 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 141 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 141 of the First Amended Complaint.

142.     The averments of Paragraph 142 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 142 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 142 of the First Amended Complaint.

143.     The averments of Paragraph 143 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 143 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 143 of the First Amended Complaint.

144.     The averments of Paragraph 144 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 144 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 144 of the First Amended Complaint.

145.     The averments of Paragraph 145 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 145 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 145 of the First Amended Complaint.

146.     The averments of Paragraph 146 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 146 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 146 of the First Amended Complaint.

147.     The averments of Paragraph 147 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 147 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 147 of the First Amended Complaint.

148.     The averments of Paragraph 148 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 148 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 148 of the First Amended Complaint.

149.    The averments of Paragraph 149 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 149 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 149 of the First Amended Complaint.

150.    The averments of Paragraph 150 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 150 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 150 of the First Amended Complaint.

151.    The averments of Paragraph 151 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 151 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 151 of the First Amended Complaint.

152.    The averments of Paragraph 152 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 152 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 152 of the First Amended Complaint.

153.    The averments of Paragraph 153 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 153 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 153 of the First Amended Complaint.

154.    The averments of Paragraph 154 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 154 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 154 of the First Amended Complaint.

155.    The averments of Paragraph 155 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 155 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 155 of the First Amended Complaint.

156.    The averments of Paragraph 156 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 156 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 156 of the First Amended Complaint.

157.    The averments of Paragraph 157 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 157 may be deemed to require a response, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 157 of the First Amended Complaint.

158.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 158 of the First Amended Complaint.

159.    The averments in Paragraph 159 of the First Amended Complaint purport to be derived from a Stanford Resources, Inc. report, and, therefore, no response is required.  To the extent that Paragraph 159 may be deemed to require a response, the Hitachi Defendants respond that the report speaks for itself and deny, for want of information or belief, the averments in Paragraph 159 of the First Amended Complaint.

160.    The Hitachi Defendants deny, for want of information or belief, each of the averments of the first and third sentences of Paragraph 160 of the First Amended Complaint.  The averments in the second sentence of Paragraph 160 of the First Amended Complaint purport to be derived from a Fuji Chimera Research report, and thus no response is required.  To the extent that the averments in the second sentence of Paragraph 160 may be deemed to require a response, the Hitachi Defendants respond that the report speaks for itself and deny, for want of information and belief, the averments in the second sentence of Paragraph 160 of the First Amended Complaint.

161.    To the extent the averments of Paragraph 161 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants,

1   the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 161 of

2   the First Amended Complaint.

3           162.    The averments of Paragraph 162 purport to be derived from an industry source, and

4   thus no response is required.  To the extent that Paragraph 162 may be deemed to require a response,

5   the Hitachi Defendants respond that the statements of the industry source speak for themselves and

6   deny, for want of information or belief, the averments of Paragraph 162 of the First Amended

7   Complaint.

8           163.    The Hitachi Defendants deny, for want of information or belief, each of the

9   averments in Paragraph 163 of the First Amended Complaint.

10          164.    The Hitachi Defendants deny, for want of information or belief, each of the

11  averments in the first sentence of Paragraph 164 of the First Amended Complaint.  The remainder of

12  the averments of Paragraph 164 purports to be derived from an Infotech Weekly article and thus no

13  response is required.  To the extent that the remainder of Paragraph 164 may be deemed to require a

14  response, the Hitachi Defendants respond that the Infotech Weekly article speaks for itself and deny,

15  for want of information or belief, the remainder of Paragraph 164 of the First Amended Complaint.

16          165.    The averments in Paragraph 165 of the First Amended Complaint purport to quote

17  and/or be derived from a BNET Business Network article, and thus no response is required.  To the

18  extent that the averments in Paragraph 165 may be deemed to require a response, the Hitachi

19  Defendants respond that the BNET Business Network article speaks for itself and deny, for want of

20  information or belief, the averments in Paragraph 165 of the First Amended Complaint.

21          166.    The averments in Paragraph 166 of the First Amended Complaint purport to quote

22  and/or be derived from a Techtree.com article, and thus no response is required.  To the extent that

23  the averments in Paragraph 166 may be deemed to require a response, the Hitachi Defendants

24  respond that the Techtree.com article speaks for itself and deny, for want of information or belief,

25  the averments in Paragraph 166 of the First Amended Complaint.

26          167.    The Hitachi Defendants deny each of the averments of Paragraph 167 of the First

27  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

28  Paragraph 167 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

1    Defendants deny, for want of information or belief, the averments of Paragraph 167 of the First

2    Amended Complaint.

3         168.    The Hitachi Defendants deny each of the averments of Paragraph 168 of the First

4    Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

5    Paragraph 168 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

6    Defendants deny, for want of information or belief, the averments of Paragraph 168 of the First

7    Amended Complaint.

8         169.    The averments in the first sentence of Paragraph 169 of the First Amended Complaint

9    consist of conclusions of law to which no response is required.  To the extent that the averments in

10   the first sentence of Paragraph 169 of the First Amended Complaint may be deemed to require a

11   response, the Hitachi Defendants deny each of the averments in the first sentence of Paragraph 169

12   as they apply to the Hitachi Defendants.  To the extent the averments in the first sentence of

13   Paragraph 169 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

14   Defendants deny, for want of information or belief, each of the averments in the first sentence of

15   Paragraph 169 of the First Amended Complaint.  The remainder of the averments in Paragraph 169

16   purports to quote from the President of Skyworth Macao Commercial Off Shore Co., Ltd., Finsen

17   Yu, and thus no response is required.  To the extent that the remainder of Paragraph 169 may be

18   deemed to require a response, the Hitachi Defendants respond that the statement of the President of

19   Skyworth Macao Commercial Off Shore Co., Ltd. speaks for itself and deny, for want of information

20   or belief, the remainder of the averments of Paragraph 169 of the First Amended Complaint.

21        170.    The Hitachi Defendants deny, for want of information or belief, each of the

22   averments of Paragraph 170 of the First Amended Complaint.

23        171.    The Hitachi Defendants deny, for want of information or belief, each of the

24   averments of Paragraph 171 of the First Amended Complaint.

25        172.    The averments of Paragraph 172 of the First Amended Complaint consist of

26   conclusions of law to which no response is required.  To the extent that Paragraph 172 may be

27   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 172

28   of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

averments of Paragraph 172 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 172 of the First Amended Complaint.

173.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 173 of the First Amended Complaint.

174.    The averments of Paragraph 174 of the First Amended Complaint are not directed at the Hitachi Defendants and purport to be derived from a Toshiba Annual Report, and, therefore, no response is required.  To the extent that the averments in Paragraph 174 may be deemed to require a response, the Hitachi Defendants respond that the Toshiba Annual Report speaks for itself and deny, for want of information or belief, the averments in Paragraph 174 of the First Amended Complaint.

175.    The averments of Paragraph 175 of the First Amended Complaint are not directed at the Hitachi Defendants and purport to be derived from a statement by a Hungarian Competition Authority, and, therefore, no response is required.  To the extent that the averments in Paragraph 175 may be deemed to require a response, the Hitachi Defendants respond that the statement by a Hungarian Competition Authority speaks for itself and deny, for want of information or belief, the averments in Paragraph 175 of the First Amended Complaint.

176.    The averments in Paragraph 176 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 176 of the First Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the extent the averments of Paragraph 176 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein.  The Hitachi Defendants admit that C.Y. Lin of Chunghwa Picture Tubes was indicted, the details of which are matters of public record.

177.    The averments in Paragraph 177 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 177 of the First Amended Complaint to

1  the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

2  specifically admitted herein.  To the extent the averments of Paragraph 177 of the First Amended

3  Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

4  averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted

5  herein.  The Hitachi Defendants admit that Tony Cheng of Chunghwa Picture Tubes was indicted,

6  the details of which are matters of public record.

7       178.  The averments in Paragraph 178 of the First Amended Complaint are not directed at

8  the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for

9  want of information or belief, the averments of Paragraph 188 of the First Amended Complaint to

10  the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

11  specifically admitted herein.  To the extent the averments of Paragraph 188 of the First Amended

12  Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

13  averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted

14  herein.  The Hitachi Defendants admit that Chung Cheng Yeh, an employee of a Taiwanese

15  company, was indicted, the details of which are matters of public record.

16       179.  The averments in Paragraph 179 of the First Amended Complaint are not directed at

17  the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for

18  want of information or belief, the averments of Paragraph 179 of the First Amended Complaint to

19  the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

20  specifically admitted herein.  To the extent the averments of Paragraph 179 of the First Amended

21  Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

22  averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted

23  herein.  The Hitachi Defendants admit that Seung-Kyu Lee, Yeong-Ug Yang, and Jae-Sik Kim were

24  indicted, the details of which are matters of public record.

25       180.  The averments of Paragraph 180 of the First Amended Complaint are not directed at

26  the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 180 of the

27  First Amended Complaint may be deemed to require a response, the Hitachi Defendants deny, for

28  want of information or belief, the averments of Paragraph 180 of the First Amended Complaint to

1  the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

2  specifically admitted herein.  To the extent the averments of Paragraph 180 of the First Amended

3  Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny the averments of

4  Paragraph 180 of the First Amended Complaint as it pertains to the Hitachi Defendants with the

5  exception of matters specifically admitted herein.  The Hitachi Defendants admit that the DOJ issued

6  a press release on March 18, 2011, the details of which are matters of public record.

7       181.    The averments of Paragraph 181 of the First Amended Complaint are not directed at

8  the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 181 may be

9  deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the

10  averments of Paragraph 181 of the First Amended Complaint to the extent they relate to defendants

11  other than the Hitachi Defendants.  To the extent the averments of Paragraph 181 of the First

12  Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

13  averments as it pertains to the Hitachi Defendants.

14       182.    The averments of Paragraph 182 of the First Amended Complaint are not directed at

15  the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 182 may be

16  deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the

17  averments of Paragraph 182 of the First Amended Complaint.

18       183.    The averments in Paragraph 183 of the First Amended Complaint are not directed at

19  the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for

20  want of information or belief, the averments of Paragraph 183 of the First Amended Complaint to

21  the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

22  specifically admitted herein.  To the extent the averments of Paragraph 183 of the First Amended

23  Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

24  averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted

25  herein.  The Hitachi Defendants admit that the European Commission made an announcement on

26  December 5, 2012, the details of which are matters of public record.

27       184.    The Hitachi Defendants deny each of the averments of Paragraph 184 of the First

28  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

Paragraph 184 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 184 of the First Amended Complaint.

185.    The averments of Paragraph 185 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 185 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 185 of the First Amended Complaint.

186.    The averments of Paragraph 186 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 186 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 186 of the First Amended Complaint.

187.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 187 of the First Amended Complaint.

188.    The averments of Paragraph 188 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 188 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 188 of the First Amended Complaint.

189.    The averments of Paragraph 189 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 189 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the

1    averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of

2    information or belief, the averments of Paragraph 189 of the First Amended Complaint.

3         190.    The averments of Paragraph 190 of the First Amended Complaint purport to be

4    derived from a DOJ press release, and, therefore, no response is required.  To the extent that the

5    averments of Paragraph 190 may be deemed to require a response, the Hitachi Defendants respond

6    that the DOJ press release speaks for itself and deny the averments of Paragraph 190, except admit

7    that Hitachi Displays, Ltd. entered into a plea agreement and paid a $31 million fine in connection

8    with allegations that it participated in a conspiracy to fix the prices of TFT-LCD panels sold to Dell,

9    Inc. for use in notebook computers from April 1, 2001, through March 31, 2004.

10        191.    The averments of Paragraph 191 of the First Amended Complaint purport to be

11   derived from plea agreements and thus no response is required.  To the extent that the averments of

12   Paragraph 191 may be deemed to require a response, the Hitachi Defendants respond that the plea

13   agreements speak for themselves and deny the averments of Paragraph 191 as they pertain to the

14   Hitachi Defendants.  To the extent the averments of Paragraph 191 do not pertain to the Hitachi

15   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

16   Paragraph 191 of the First Amended Complaint.

17        192.    The averments of the first sentence of Paragraph 192 of the First Amended Complaint

18   consist of conclusions of law to which no response is required.  To the extent that the first sentence

19   of Paragraph 192 may be deemed to require a response, the Hitachi Defendants deny each of the

20   averments of the first sentence of Paragraph 192 of the First Amended Complaint.  To the extent the

21   remaining averments of Paragraph 192 of the First Amended Complaint are directed at the Hitachi

22   Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi

23   Defendants deny, for want of information or belief, the averments of Paragraph 192 of the First

24   Amended Complaint.

25        193.    The averments in Paragraph 193 of the First Amended Complaint are not directed at

26   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 193

27   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

28   belief, each of the averments in Paragraph 193 of the First Amended Complaint.

194.    To the extent the averments of Paragraph 194 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny the averments of Paragraph 194 of the First Amended Complaint.  To the extent the averments of Paragraph 194 of the First Amended Complaint are not directed at the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 194 of the First Amended Complaint.

195.    To the extent the averments of Paragraph 195 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 195 of the First Amended Complaint.

196.    To the extent the averments of Paragraph 196 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 196 of the First Amended Complaint.

197.    To the extent the averments of Paragraph 197 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 197 of the First Amended Complaint.

198.    The averments in Paragraph 198 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 198 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 198 of the First Amended Complaint.

199.    The averments in Paragraph 199 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 199 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 199 of the First Amended Complaint.

200.     The averments in Paragraph 200 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 200 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 200 of the First Amended Complaint.

201.     The averments in Paragraph 201 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 201 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 201 of the First Amended Complaint.

202.     The averments in Paragraph 202 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 202 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 202 of the First Amended Complaint.

203.     The Hitachi Defendants deny, for want of information or belief, each of the averments in the first and fourth sentences of Paragraph 203 of the First Amended Complaint.  The remainder of the averments of Paragraph 203 purports to be derived from industry analysts, and thus no response is required.  To the extent the remainder of the averments of Paragraph 203 may be deemed to require a response, the Hitachi Defendants respond that the industry analysts speak for themselves and deny, for want of information or belief, the remainder of the averments of Paragraph 203 of the First Amended Complaint.

204.     The averments of Paragraph 204 purport to be derived from an industry source, and thus no response is required.  To the extent that Paragraph 204 may be deemed to require a response, the Hitachi Defendants respond that the statements of the industry source speak for themselves and deny, for want of information or belief, the averments of Paragraph 204 of the First Amended Complaint.

205.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 205 of the First Amended Complaint.

206.     The Hitachi Defendants deny, for want of information or belief, each of the averments in the second and third sentences of Paragraph 206 of the First Amended Complaint.  The

first sentence of Paragraph 206 purports to be derived from a CNET News.com article, and thus no response is required.  To the extent that the first sentence of Paragraph 206 may be deemed to require a response, the Hitachi Defendants respond that the statement from the article speaks for itself and deny, for want of information or belief, the averments of Paragraph 206 of the First Amended Complaint.

207.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 207 of the First Amended Complaint.  The remainder of the averments of Paragraph 207 purports to be derived from a keynote speaker at Asia Display, and thus no response is required.  To the extent that the remainder of the averments of Paragraph 207 may be deemed to require a response, the Hitachi Defendants respond that the statement by the keynote speaker at Asia Display speaks for itself and deny, for want of information and belief, the remainder of the averments of Paragraph 207 of the First Amended Complaint.

208.    The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 208 of the First Amended Complaint.

209.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 209 of the First Amended Complaint.  The remainder of the averments of Paragraph 209 purports to be derived from a March 13, 2007 article and thus no response is required.  To the extent that the remainder of Paragraph 209 may be deemed to require a response, the Hitachi Defendants respond that the March 13, 2007 article speaks for itself and deny, for want of information or belief, the remainder of Paragraph 209 of the First Amended Complaint.

210.    The averments in Paragraph 210 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 210 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 210 of the First Amended Complaint.

211.    The averments of the first sentence of Paragraph 211 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the averments of the first sentence of Paragraph 211 of the First Amended Complaint may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in

the first sentence of Paragraph 211 as they apply to the Hitachi Defendants.  To the extent the averments of the first sentence of Paragraph 211 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 211 of the First Amended Complaint.  The remainder of the averments in Paragraph 211 purport to quote the President of Skyworth Macao Commercial Off Shore Co., Ltd., Finsen Yu, and thus no response is required.  To the extent that the remainder of Paragraph 211 may be deemed to require a response, the Hitachi Defendants respond that the statement of the President of Skyworth Macao Commercial Off Shore Co., Ltd. speaks for itself and deny, for want of information or belief, the remainder of the averments of Paragraph 211 of the First Amended Complaint.

212.    The averments of Paragraph 212 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 212 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 212 of the First Amended Complaint.

213.    The averments of Paragraph 213, including all subparts, of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 213 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 213 of the First Amended Complaint.

214.    The averments of Paragraph 214 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 214 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 214 of the First Amended Complaint.

215.    The averments of Paragraph 215 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 215 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 215 of the First Amended Complaint.

216.    The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 216 of the First Amended Complaint.

217.    The Hitachi Defendants deny each of the averments of Paragraph 217 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 217 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 217 of the First Amended Complaint.

218.    The Hitachi Defendants deny each of the averments of Paragraph 218 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 218 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 218 of the First Amended Complaint.

219.    The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 219 of the First Amended Complaint.

220.    The averments of Paragraph 220 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 220 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 220 of the First Amended Complaint.

221.    The averments of Paragraph 221 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 221 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 221 of the First Amended Complaint.

222.    The averments of Paragraph 222 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 222 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 222 of the First Amended Complaint.

223.    The averments of Paragraph 223 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 223 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 223 of the First Amended Complaint.

1    224.    The averments of Paragraph 224 of the First Amended Complaint consist of

2    conclusions of law to which no response is required.  To the extent that Paragraph 224 may be

3    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 224

4    of the First Amended Complaint.

5    225.    The Hitachi Defendants deny each of the averments of Paragraph 225 of the First

6    Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

7    Paragraph 225 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

8    Defendants deny, for want of information or belief, the averments of Paragraph 225 of the First

9    Amended Complaint.

10    226.    The Hitachi Defendants deny each of the averments of Paragraph 226 of the First

11    Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

12    Paragraph 226 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

13    Defendants deny, for want of information or belief, the averments of Paragraph 226 of the First

14    Amended Complaint.

15    227.    The averments of Paragraph 227 of the First Amended Complaint consist of

16    conclusions of law to which no response is required.  To the extent that Paragraph 227 may be

17    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 227

18    of the First Amended Complaint.

19    228.    The averments of Paragraph 228 of the First Amended Complaint consist of

20    conclusions of law to which no response is required.  To the extent that Paragraph 228 may be

21    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 228

22    of the First Amended Complaint.

23    229.    The averments of Paragraph 229 of the First Amended Complaint consist of

24    conclusions of law to which no response is required.  To the extent that Paragraph 229 may be

25    deemed to require a response, the Hitachi Defendants respond that the statement of the Deputy

26    General Manager for an LG Electronics distributor speaks for itself and deny, for want of

27    information or belief, the averments in Paragraph 229 of the First Amended Complaint.

28

1    230.    The Hitachi Defendants deny each of the averments of Paragraph 230 of the First

2    Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

3    Paragraph 230 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

4    Defendants deny, for want of information or belief, the averments of Paragraph 230 of the First

5    Amended Complaint.

6    231.    The Hitachi Defendants deny each of the averments of Paragraph 231 of the First

7    Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

8    Paragraph 231 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

9    Defendants deny, for want of information or belief, the averments of Paragraph 231 of the First

10   Amended Complaint.

11   232.    The averments of Paragraph 232 of the First Amended Complaint consist of

12   conclusions of law to which no response is required.  To the extent that Paragraph 232 may be

13   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 232

14   of the First Amended Complaint.

15   233.    The averments of Paragraph 233 of the First Amended Complaint consist of

16   conclusions of law to which no response is required.  To the extent that Paragraph 233 may be

17   deemed to require a response, the Hitachi Defendants deny the averments in Paragraph 233 and, to

18   the extent applicable, incorporate by reference their responses, set forth in this Answer and as if set

19   forth fully herein, to the averments in Paragraphs 172-191.

20   234.    The averments of Paragraph 234 of the First Amended Complaint consist of

21   conclusions of law to which no response is required.  To the extent that Paragraph 234 may be

22   deemed to require a response, the Hitachi Defendants deny the averments in Paragraph 234.

23   235.    The averments of Paragraph 235 of the First Amended Complaint consist of

24   conclusions of law to which no response is required.  To the extent that Paragraph 235 may be

25   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 235

26   of the First Amended Complaint.

27

28

236.    Answering the averments of Paragraph 236 of the First Amended Complaint, the Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and as if set forth fully herein, to the averments of Paragraphs 1-235 of the First Amended Complaint.

237.    The averments of Paragraph 237 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 237 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 237 of the First Amended Complaint.

238.    The averments of Paragraph 238 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 238 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 238 of the First Amended Complaint.

239.    The averments of Paragraph 239 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 239 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 239 of the First Amended Complaint.

240.    The averments of Paragraph 240 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 240 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 240 of the First Amended Complaint.

241.    The averments of Paragraph 241 of the First Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 241 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 241 of the First Amended Complaint.

242.    The averments of Paragraph 242 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 242 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 242 of the First Amended Complaint.

1        243.     Answering the averments of Paragraph 243 of the First Amended Complaint, the

2   Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and

3   as if set forth fully herein, to the averments of Paragraphs 1-242 of the First Amended Complaint.

4        244.     The averments of Paragraph 244 of the First Amended Complaint consist of

5   conclusions of law to which no response is required.  To the extent that Paragraph 244 may be

6   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 244

7   of the First Amended Complaint.

8        245.     The averments of Paragraph 245 of the First Amended Complaint consist of

9   conclusions of law to which no response is required.  To the extent that Paragraph 245 may be

10  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 245

11  of the First Amended Complaint.

12       246.     The averments of Paragraph 246 of the First Amended Complaint, including all

13  subparts, consist of conclusions of law to which no response is required.  To the extent that

14  Paragraph 246 may be deemed to require a response, the Hitachi Defendants deny each of the

15  averments of Paragraph 246 of the First Amended Complaint.

16       247.     The averments of Paragraph 247 of the First Amended Complaint, including all

17  subparts, consist of conclusions of law to which no response is required.  To the extent that

18  Paragraph 247 may be deemed to require a response, the Hitachi Defendants deny each of the

19  averments of Paragraph 247 of the First Amended Complaint.

20       248.     The averments of Paragraph 248 of the First Amended Complaint consist of

21  conclusions of law to which no response is required.  To the extent that Paragraph 248 may be

22  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 248

23  of the First Amended Complaint.

24       249.     The averments of Paragraph 249 of the First Amended Complaint consist of

25  conclusions of law to which no response is required.  To the extent that Paragraph 249 may be

26  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 249

27  of the First Amended Complaint.

28

## PLAINTIFFS' PRAYER FOR RELIEF

The Hitachi Defendants deny each of the Averments of Paragraphs A through H of plaintiffs' Prayer for Relief in the First Amended Complaint, and aver that plaintiffs are not entitled to any relief of any kind for or as against any of the Hitachi Defendants.

## JURY TRIAL DEMAND

To the extent any response is required to the plaintiffs' Jury Trial Demand, the Hitachi Defendants admit that plaintiffs purport to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

Without assuming the burden of proof where it rests upon plaintiffs, the Hitachi Defendants aver the following as separate affirmative and/or additional defenses to plaintiffs' First Amended Complaint:

### FIRST DEFENSE

### (Failure to State a Claim)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the First Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

### (Statutes Of Limitations)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE

### (Withdrawal)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of the Hitachi Defendants' withdrawal from and/or abandonment of any alleged conspiracy.

### FOURTH DEFENSE

### (Claim Splitting And Election Of Remedies)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of claim splitting and by the doctrine of the election of remedies.

1

## FIFTH DEFENSE

2

### (Laches, Estoppel, Waiver, And/Or Unclean Hands)

3      Each of plaintiffs' claims or causes of action is barred, in whole or in part, under the

4 doctrines of laches, estoppel, waiver, and/or unclean hands.

5

## SIXTH DEFENSE

6

### (Reasonable Justification)

7      Each of plaintiffs' claims or causes of action is barred, in whole or in part, because all of the

8 actions of the Hitachi Defendants being challenged by plaintiffs were lawful, justified, pro-

9 competitive, constitute bona fide business competition, and were carried out in furtherance of the

10 Hitachi Defendants' legitimate business interests.

11

## SEVENTH DEFENSE

12

### (Ratification, Acquiescence, Agreement Or Consent)

13      Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of

14 plaintiffs' ratification of, or acquiescence, agreement or consent to the conduct of the Hitachi

15 Defendants.

16

## EIGHTH DEFENSE

17

### (Accord And Satisfaction, Release And Settlement)

18      Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the doctrines of

19 accord and satisfaction, release and settlement.

20

## NINTH DEFENSE

21

### (Government Privilege)

22      Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the

23 alleged conduct of the Hitachi Defendants that is the subject of the First Amended Complaint was

24 caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of

25 governments, governmental agencies and entities, and/or regulatory agencies, and such is non-

26 actionable or privileged.

27

28

**TENTH DEFENSE**

**(Lack of Standing)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs lack standing to bring the claims asserted in the First Amended Complaint.

**ELEVENTH DEFENSE**

**(Failure To Plead Fraud Particularly; Fed. R. Civ. P. 9(B))**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have failed to allege fraudulent concealment with particularity.

**TWELFTH DEFENSE**

**(Ultra Vires)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because, to the extent that any employee or agent of the Hitachi Defendants engaged in any unlawful act or omission, which unlawful act or omission the Hitachi Defendants expressly deny, any such actionable act or omission would have been committed by individuals acting ultra vires.

**THIRTEENTH DEFENSE**

**(Intervening Causes)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs' alleged injuries, if any, stemmed from intervening and/or superseding causes.

**FOURTEENTH DEFENSE**

**(Lack Of Antitrust Injury)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have not suffered an antitrust injury.

**FIFTEENTH DEFENSE**

**(No Act Of The Hitachi Defendants)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have not been injured in its business or property by reason of any action of the Hitachi Defendants.

## **SIXTEENTH DEFENSE**

### **(Speculative Damages)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the plaintiffs' alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

## **SEVENTEENTH DEFENSE**

### **(Failure To Mitigate Damages)**

Each of plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, because of and to the extent of plaintiffs' failure to mitigate damages.

## **EIGHTEENTH DEFENSE**

### **(Pass Through)**

Plaintiffs' claims or causes of action for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge, the existence of which the Hitachi Defendants expressly deny, was absorbed, in whole or in part, by others, and was not passed through to plaintiffs.

## **NINETEENTH DEFENSE**

### **(Restitution)**

Each of plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, to the extent that any restitution or award of damages to plaintiffs would be excessive and punitive, and disproportionate to any alleged injury suffered by plaintiffs.

## **TWENTIETH DEFENSE**

### **(Available Remedy At Law)**

Each of plaintiffs' claims or causes of action for injunction or other equitable relief is barred, in whole or in part, because plaintiffs have available an adequate remedy at law.

## **TWENTY-FIRST DEFENSE**

### **(Injunction)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs seek to enjoin alleged events that have already transpired and without the requisite showing of threatened future harm or continuing violation.

**TWENTY-SECOND DEFENSE**

**(Residency)**

To the extent plaintiffs seeks to assert claims or obtain relief under the laws of a state of which they are not a resident, those claims are barred by (i) constitutional rights of due process; (ii) choice of law principles; and (iii) the laws of the states under which plaintiffs asserts their claims.

**TWENTY-THIRD DEFENSE**

**(Unjust Enrichment)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the First Amended Complaint.

**TWENTY-FOURTH DEFENSE**

**(Improper Venue)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because venue does not lie in this Court.

**TWENTY-FIFTH DEFENSE**

**(Comparative Fault)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent the injuries alleged in the First Amended Complaint, the fact and extent of which are expressly denied by the Hitachi Defendants, were directly and proximately caused by or contributed to by the statements, acts or omissions of plaintiffs or third persons or entities unaffiliated with the Hitachi Defendants.

**TWENTY-SIXTH DEFENSE**

**(Res Judicata And/Or Collateral Estoppel)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**TWENTY-SEVENTH DEFENSE**

**(Foreign Trade Antitrust Improvements Act)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

**TWENTY-EIGHTH DEFENSE**

**(Foreign Sales)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent plaintiffs seek to recover damages, if any, based on sales outside of the United States.

**TWENTY-NINTH DEFENSE**

**(Improper Joinder)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs' claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to all defendants.

**THIRTIETH DEFENSE**

**(Failure To Exhaust Remedies)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs failed to exhaust all remedies against the parties with whom each plaintiff is in privity.

**THIRTY-FIRST DEFENSE**

**(No Multiple Recoveries)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent it would result in the Hitachi Defendants paying damages to more than one claimant for the same alleged overcharge, because such multiple recoveries would violate rights guaranteed to the Hitachi Defendants by applicable states' laws and the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

**THIRTY-SECOND DEFENSE**

**(Voluntary Payment Doctrine)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the voluntary payment doctrine, under which plaintiffs is not entitled to recover payments made with full knowledge of the facts.

**THIRTY-THIRD DEFENSE**

**(Incorporation Of Defenses Of Others)**

The Hitachi Defendants adopt by reference any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

**THIRTY-FOURTH DEFENSE**

**(Privilege)**

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of the Hitachi Defendants was justified, constituted *bona fide* business competition, and was taken in pursuit of its own legitimate business and economic interests and is therefore privileged.

**THIRTY-FIFTH DEFENSE**

**(Noerr-Pennington Doctrine)**

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, by the doctrine of Noerr-Pennington.

**THIRTY-SIXTH DEFENSE**

**(Forum Non Conveniens)**

The First Amended Complaint should be dismissed on the grounds of forum non conveniens.

**THIRTY-SEVENTH DEFENSE**

**(Improper Forum/Arbitration)**

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because plaintiffs has agreed to arbitration or chose a different forum for the resolution of their claims.

## THIRTY-EIGHTH DEFENSE

### (Intervening Conduct)

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of the Hitachi Defendants and/or were caused, if at all, solely and proximately by the conduct of third parties, including, without limitations, the prior, intervening or superseding conduct of such third parties.

## THIRTY-NINTH DEFENSE

### (Lack of Subject Matter Jurisdiction)

This Court lacks subject-matter jurisdiction over plaintiffs' claims and causes of action pursuant to, but not limited to, the Foreign Trade Antitrust Improvements Act.

## FORTIETH DEFENSE

### (Reservation of Other Defenses)

The Hitachi Defendants reserve the right to assert other defenses as this action proceeds up to and including the time of trial.

**WHEREFORE,** Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display, Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. each pray that:

1.      The Court dismiss with prejudice plaintiffs' First Amended Complaint;

2.      Plaintiffs recover no relief of any kind against defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display, Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., or any of them;

3.      Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display, Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of them, have and recover their respective costs of suit against plaintiffs; and

4.      The Court award to Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display, Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of them, such further relief as may be appropriate.

1    DATED:  November 4, 2013                Respectfully submitted,

2                                            KIRKLAND & ELLIS LLP

3
                                             _/s/ Eliot A. Adelson_
4                                            Eliot A. Adelson (State Bar No. 205284)
5                                            James Maxwell Cooper (State Bar No.
                                             284054)
6                                            KIRKLAND & ELLIS LLP
                                             555 California Street, 27th Floor
7                                            San Francisco, CA 94104
                                             Telephone: (415) 439-1400
8                                            Facsimile: (415) 439-1500
                                             Email: eadelson@kirkland.com
9                                            Email: max.cooper@kirkland.com

10
                                             James H. Mutchnik, P.C. (*pro hac vice*)
11                                           Kate Wheaton (*pro hac vice*)
                                             KIRKLAND & ELLIS LLP
12                                           300 North LaSalle
                                             Chicago, Illinois 60654
13                                           Telephone: (312) 862-2000
                                             Facsimile: (312) 862-2200
14                                           Email: jmutchnik@kirkland.com
                                             Email: kate.wheaton@kirkland.com
15

16                                           Attorneys for Defendants,
                                             HITACHI, LTD., HITACHI DISPLAYS,
17                                           LTD. (n/k/a JAPAN DISPLAY INC.),
                                             HITACHI AMERICA, LTD., HITACHI
18                                           ASIA, LTD., AND
                                             HITACHI ELECTRONIC DEVICES (USA),
19                                           INC.

20

21

22

23

24

25

26

27

28