Eliot A. Adelson (State Bar No. 205284)
James Maxwell Cooper (State Bar No. 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants,
HITACHI, LTD., HITACHI DISPLAYS, LTD.
(n/k/a JAPAN DISPLAY INC.), HITACHI AMERICA, LTD.,
HITACHI ASIA, LTD., AND
HITACHI ELECTRONIC DEVICES (USA), INC.

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

#### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC |
| | MDL No.  1917 |
| This Document Relates To: | Individual Case No. 11-cv-05502 |
| Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust Action | **ANSWER OF HITACHI, LTD., HITACHI DISPLAYS, LTD. (N/K/A JAPAN DISPLAY INC.), HITACHI AMERICA, LTD., HITACHI ASIA, LTD., and HITACHI ELECTRONIC DEVICES (USA), INC. TO ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST'S FIRST AMENDED COMPLAINT** |

THE HITACHI DEFENDANTS' ANSWER TO ALFRED H. SIEGEL, TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST'S FIRST AMENDED COMPLAINT

CASE NO. 3:07-cv-05944-SC
INDIVIDUAL CASE NO. 3:11-cv-05502-SC

1  Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America,

2  Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively "the Hitachi

3  Defendants") through their undersigned counsel of record, answer and respond ("Answer") to Alfred

4  H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust's ("plaintiff") First Amended

5  Complaint ("First Amended Complaint") as follows.

6  As used in this Answer, and in the interest of brevity, the phrase deny or denies "for want of

7  information or belief" means that the answering defendants are without knowledge or information

8  sufficient to form a belief as to the trust of an averment of the Complaint, and deny that averment on

9  that basis. The Hitachi Defendants deny all allegations in the Complaint (including headings and

10 captions) not specifically admitted in this Answer.

11  1.  The Hitachi Defendants deny each of the averments of Paragraph 1 of the First

12 Amended Complaint as it pertains to the Hitachi Defendants. To the extent the averments of

13 Paragraph 1 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

14 Defendants deny, for want of information or belief, the averments of Paragraph 1 of the First

15 Amended Complaint.

16  2.  The Hitachi Defendants deny each of the averments of the first sentence of Paragraph

17 2 of the First Amended Complaint as it pertains to the Hitachi Defendants. To the extent the

18 averments of the first sentence of Paragraph 2 of the First Amended Complaint do not pertain to the

19 Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

20 the first sentence of Paragraph 2 of the First Amended Complaint. The remaining averments of

21 Paragraph 2 of the First Amended Complaint appear to be prefatory or definitional only, and not

22 ones calling for any response. To the extent that the remaining averments of Paragraph 2 may be

23 deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 2 of

24 the First Amended Complaint.

25  3.  The Hitachi Defendants deny each of the averments of Paragraph 3 of the First

26 Amended Complaint as it pertains to the Hitachi Defendants. To the extent the averments of

27 Paragraph 3 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

28

THE HITACHI DEFENDANTS' ANSWER TO ALFRED H.
SIEGEL, TRUSTEE OF THE CIRCUIT CITY STORES, INC.
LIQUIDATING TRUST'S FIRST AMENDED COMPLAINT

1

CASE NO. 3:07-cv-05944-SC
INDIVIDUAL CASE NO. 3:11-cv-05502-SC

Defendants deny, for want of information or belief, the averments of Paragraph 3 of the First Amended Complaint.

4.      The Hitachi Defendants deny each of the averments of Paragraph 4 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 4 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 4 of the First Amended Complaint.

5.      The Hitachi Defendants deny each of the averments of Paragraph 5 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 5 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 5 of the First Amended Complaint.

6.      The Hitachi Defendants deny each of the averments of Paragraph 6 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 6 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 6 of the First Amended Complaint.

7.      The Hitachi Defendants deny each of the averments of Paragraph 7 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 7 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 7 of the First Amended Complaint.

8.      The Hitachi Defendants deny, for want of information or belief, the averments of the first sentence of Paragraph 8 of the First Amended Complaint.  The remaining averments of Paragraph 8 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent the remaining averments of Paragraph 8 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants, and, to the extent the averments do not pertain to

the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the remaining averments of Paragraph 8 of the First Amended Complaint.

9.      The Hitachi Defendants deny each of the averments of Paragraph 9 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 9 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 9 of the First Amended Complaint.

10.      The averments of Paragraph 10 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 10 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 10 of the First Amended Complaint.

11.      The Hitachi Defendants deny each of the averments of Paragraph 11 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 11 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 11 of the First Amended Complaint.

12.      The averments of Paragraph 12 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 12 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 12 of the First Amended Complaint.

13.      The averments of Paragraph 13 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 13 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 13 of the First Amended Complaint.

14.      The averments of Paragraph 14 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 14 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 14 of the First Amended Complaint.

15.      The averments of Paragraph 15 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 15 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 15 of the First Amended Complaint.

16.      The averments of Paragraph 16 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 16 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 16 of the First Amended Complaint.

17.      The averments of Paragraph 17 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 17 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 17 of the First Amended Complaint.

18.      The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 18 of the First Amended Complaint.

19.      The Hitachi Defendants deny each of the averments of Paragraph 19 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 19 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 19 of the First Amended Complaint.

20.      The Hitachi Defendants deny each of the averments of Paragraph 20 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 20 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 20 of the First Amended Complaint.

21.      Paragraph 21 of the First Amended Complaint consists of conclusions of law to which no response is required.  To the extent Paragraph 21 is deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 21 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 21 of the First

Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 21 of the First Amended Complaint.

22.     Paragraph 22 of the First Amended Complaint consists of conclusions of law to which no response is required.  To the extent Paragraph 22 is deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 22 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 22 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 22 of the First Amended Complaint.

23.     The Hitachi Defendants admit that Hitachi, Ltd. is a Japanese company with its principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280, Japan.  The Hitachi Defendants deny the remainder of the averments of Paragraph 23 of the First Amended Complaint.

24.     The Hitachi Defendants admit that Hitachi Displays, Ltd. was a Japanese company with its principal place of business at 3300, Hayano, Mobara-shi, Chiba-ken, 297-8622, Japan.  The Hitachi Defendants deny the remainder of the averments of Paragraph 24 of the First Amended Complaint.

25.     The Hitachi Defendants admit that Hitachi America, Ltd. is a New York company with its principal place of business is located at 50 Prospect Avenue, Tarrytown, New York 10591.  The Hitachi Defendants admit that Hitachi America, Ltd. is a subsidiary of Defendant Hitachi, Ltd.  The Hitachi Defendants deny the remainder of the averments of Paragraph 25 of the First Amended Complaint.

26.     The Hitachi Defendants admit that Hitachi Asia, Ltd. is a Singaporean company with its principal place of business at 7 Tampines Grande, #08-01 Hitachi Square, Singapore 528736.  The Hitachi Defendants deny the remainder of the averments of Paragraph 26 of the First Amended Complaint.

27.     The Hitachi Defendants admit that Hitachi Electronic Devices (USA), Inc. is a Delaware corporation, but deny that its principal place of business is located 1000 Hurricane Shoals Road Suite D-100, Lawrenceville, GA 30043.  Hitachi Electronic Devices (USA), Inc.'s principal

place of business is located at 208 Fairforest Way, Greenville, South Carolina 29607.  The Hitachi Defendants deny the remainder of the averments of Paragraph 27 of the First Amended Complaint.

28.      The Hitachi Defendants deny, for want of information or belief, the averments in the first sentence of Paragraph 28 of the First Amended Complaint that "Defendant Shenzhen SEG Hitachi Color Display Devices, Ltd. ('Hitachi Shenzhen') was a Chinese company with its principal place of business located at 5001 Huanggang Road, Futian District, Shenzhen 518035, China."  To the extent the remaining averments in Paragraph 28 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments in the rest of Paragraph 28 of the First Amended Complaint.

29.      The Hitachi Defendants deny each of the averments of Paragraph 29 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 29 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 29 of the First Amended Complaint.

30.      The averments of Paragraph 30 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 30 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 30 of the First Amended Complaint.

31.      The averments of Paragraph 31 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 31 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 31 of the First Amended Complaint.

32.      The averments of Paragraph 32 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 32 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 32 of the First Amended Complaint.

THE HITACHI DEFENDANTS' ANSWER TO ALFRED H.
SIEGEL, TRUSTEE OF THE CIRCUIT CITY STORES, INC.
LIQUIDATING TRUST'S FIRST AMENDED COMPLAINT

6

CASE NO. 3:07-cv-05944-SC
INDIVIDUAL CASE NO. 3:11-cv-05502-SC

33.     The averments of Paragraph 33 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 33 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 33 of the First Amended Complaint.

34.     The averments of Paragraph 34 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 34 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 34 of the First Amended Complaint.

35.     The averments of Paragraph 35 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 35 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 35 of the First Amended Complaint.

36.     The averments of Paragraph 36 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 36 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 36 of the First Amended Complaint.

37.     The averments of Paragraph 37 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 37 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 37 of the First Amended Complaint.

38.     The averments of Paragraph 38 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 38 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 38 of the First Amended Complaint.

39.     The averments of Paragraph 39 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 39 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 39 of the First Amended Complaint.

THE HITACHI DEFENDANTS' ANSWER TO ALFRED H.
SIEGEL, TRUSTEE OF THE CIRCUIT CITY STORES, INC.
LIQUIDATING TRUST'S FIRST AMENDED COMPLAINT

7

CASE NO. 3:07-cv-05944-SC
INDIVIDUAL CASE NO. 3:11-cv-05502-SC

1      40.    The averments of Paragraph 40 of the First Amended Complaint are not directed at

2   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 40 may

3   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

4   each of the averments in Paragraph 40 of the First Amended Complaint.

5      41.    The averments of Paragraph 41 of the First Amended Complaint are not directed at

6   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 41 may

7   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

8   each of the averments in Paragraph 41 of the First Amended Complaint.

9      42.    The averments of Paragraph 42 of the First Amended Complaint are not directed at

10  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 42 may

11  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

12  each of the averments in Paragraph 42 of the First Amended Complaint.

13     43.    The averments of Paragraph 43 of the First Amended Complaint are not directed at

14  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 43 may

15  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

16  each of the averments in Paragraph 43 of the First Amended Complaint.

17     44.    The averments of Paragraph 44 of the First Amended Complaint are not directed at

18  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 44 may

19  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

20  each of the averments in Paragraph 44 of the First Amended Complaint.

21     45.    The averments of Paragraph 45 of the First Amended Complaint are not directed at

22  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 45 may

23  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

24  each of the averments in Paragraph 45 of the First Amended Complaint.

25     46.    The averments of Paragraph 46 of the First Amended Complaint are not directed at

26  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 46 may

27  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

28  each of the averments in Paragraph 46 of the First Amended Complaint.

47.     The averments of Paragraph 47 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 47 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 47 of the First Amended Complaint.

48.     The averments of Paragraph 48 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 48 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 48 of the First Amended Complaint.

49.     The averments of Paragraph 49 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 49 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 49 of the First Amended Complaint.

50.     The averments of Paragraph 50 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 50 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 50 of the First Amended Complaint.

51.     The averments of Paragraph 51 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 51 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 51 of the First Amended Complaint.

52.     The averments of Paragraph 52 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 52 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 52 of the First Amended Complaint.

53.     The averments of Paragraph 53 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 53 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 53 of the First Amended Complaint.

1   54.     The averments of Paragraph 54 of the First Amended Complaint are not directed at

2   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 54 may

3   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

4   each of the averments in Paragraph 54 of the First Amended Complaint.

5   55.     The averments of Paragraph 55 of the First Amended Complaint are not directed at

6   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 55 may

7   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

8   each of the averments in Paragraph 55 of the First Amended Complaint.

9   56.     The averments of Paragraph 56 of the First Amended Complaint are not directed at

10  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 56 may

11  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

12  each of the averments in Paragraph 56 of the First Amended Complaint.

13  57.     The averments of Paragraph 57 of the First Amended Complaint are not directed at

14  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 57 may

15  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

16  each of the averments in Paragraph 57 of the First Amended Complaint.

17  58.     The averments of Paragraph 58 of the First Amended Complaint are not directed at

18  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 58 may

19  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

20  each of the averments in Paragraph 58 of the First Amended Complaint.

21  59.     The averments of Paragraph 59 of the First Amended Complaint are not directed at

22  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 59 may

23  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

24  each of the averments in Paragraph 59 of the First Amended Complaint.

25  60.     The averments of Paragraph 60 of the First Amended Complaint are not directed at

26  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 60 may

27  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

28  each of the averments in Paragraph 60 of the First Amended Complaint.

61.     The averments of Paragraph 61 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 61 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 61 of the First Amended Complaint.

62.     The averments of Paragraph 62 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 62 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 62 of the First Amended Complaint.

63.     The averments of Paragraph 63 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 63 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 63 of the First Amended Complaint.

64.     The averments of Paragraph 64 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 64 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 64 of the First Amended Complaint.

65.     The averments of Paragraph 65 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 65 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 65 of the First Amended Complaint.

66.     The averments of Paragraph 66 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 66 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 66 of the First Amended Complaint.

67.     The averments of Paragraph 67 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 67 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 67 of the First Amended Complaint.

68.     The averments of Paragraph 68 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 68 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 68 of the First Amended Complaint.

69.     The averments of Paragraph 69 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 69 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 69 of the First Amended Complaint.

70.     The averments of Paragraph 70 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 70 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 70 of the First Amended Complaint.

71.     The averments of Paragraph 71 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 71 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 71 of the First Amended Complaint.

72.     The averments of Paragraph 72 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 72 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 72 of the First Amended Complaint.

73.     The averments of Paragraph 73 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 73 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 73 of the First Amended Complaint.

74.     The averments of Paragraph 74 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 74 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 74 of the First Amended Complaint.

THE HITACHI DEFENDANTS' ANSWER TO ALFRED H. SIEGEL, TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST'S FIRST AMENDED COMPLAINT

12

CASE NO. 3:07-cv-05944-SC
INDIVIDUAL CASE NO. 3:11-cv-05502-SC

75.     The averments of Paragraph 75 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 75 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 75 of the First Amended Complaint.

76.     The averments of Paragraph 76 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 76 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 76 of the First Amended Complaint.

77.     The averments of Paragraph 77 of the First Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 77 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 77 of the First Amended Complaint.

78.     The averments of Paragraph 78 of the First Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 78 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 78 of the First Amended Complaint.

79.     The averments of Paragraph 79 of the First Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 79 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 79 of the First Amended Complaint.

80.     The averments of Paragraph 80 of the First Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 80 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 80 of the First Amended Complaint.

81.     The averments of Paragraph 81 of the First Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 81 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 81 of the First Amended Complaint.

82.     The averments of Paragraph 82 of the First Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 82 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 82 of the First Amended Complaint.

83.     The averments of Paragraph 83 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 83 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 83 of the First Amended Complaint.

84.     The averments of Paragraph 84 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 84 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 84 of the First Amended Complaint.

85.     The averments of Paragraph 85 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 85 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 85 of the First Amended Complaint.

86.     The averments of Paragraph 86 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 86 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 86 of the First Amended Complaint.

87.     The averments of Paragraph 87 of the First Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 87 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 87 of the First Amended Complaint.

88.     The averments of Paragraph 88 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 88 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 88 of the First Amended Complaint.

THE HITACHI DEFENDANTS' ANSWER TO ALFRED H.
SIEGEL, TRUSTEE OF THE CIRCUIT CITY STORES, INC.
LIQUIDATING TRUST'S FIRST AMENDED COMPLAINT

14

CASE NO. 3:07-cv-05944-SC
INDIVIDUAL CASE NO. 3:11-cv-05502-SC

89.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 89 of the First Amended Complaint.

90.     To the extent the averments of Paragraph 90 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants, and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 90 of the First Amended Complaint.

91.     The averments of Paragraph 91 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 91 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 91 of the First Amended Complaint.

92.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 92 of the First Amended Complaint.

93.     The averments of subparts a-h and j-k of Paragraph 93 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny the averments of Paragraph 93 of the First Amended Complaint, but admit that in 2000 LG Electronics, Inc. and Hitachi, Ltd. entered into an agreement to establish a joint venture company for the development, design and marketing of optical disk drives.

94.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 94 of the First Amended Complaint.

95.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 95 of the First Amended Complaint.

96.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 96 of the First Amended Complaint.

97.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 97 of the First Amended Complaint.

98.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 98 of the First Amended Complaint.

99.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 99 of the First Amended Complaint.

100.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 100 of the First Amended Complaint.

101.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 101 of the First Amended Complaint.

102.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 102 of the First Amended Complaint.

103.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 103 of the First Amended Complaint.

104.     The averments of the first sentence of Paragraph 104 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the first sentence of Paragraph 104 may be deemed to require a response, the Hitachi Defendants deny each of the averments of the first sentence of Paragraph 104 of the First Amended Complaint.  The Hitachi Defendants deny each of the remaining averments of Paragraph 104 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the remaining averments of Paragraph 104 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the remaining averments of Paragraph 104 of the First Amended Complaint.

105.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 105 of the First Amended Complaint.

106.     The Hitachi Defendants deny each of the averments of Paragraph 106 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 106 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 106 of the First Amended Complaint.

107.     The averments of Paragraph 107 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 107 may be deemed to

THE HITACHI DEFENDANTS' ANSWER TO ALFRED H. SIEGEL, TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST'S FIRST AMENDED COMPLAINT

16

CASE NO. 3:07-cv-05944-SC
INDIVIDUAL CASE NO. 3:11-cv-05502-SC

1    require a response, the Hitachi Defendants deny, for want of information or belief, each of the

2    averments in Paragraph 107 of the First Amended Complaint.

3            108.    To the extent the averments of Paragraph 108 of the First Amended Complaint are

4    directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains

5    to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants,

6    the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 108 of

7    the First Amended Complaint.

8            109.    The averments of Paragraph 109 of the First Amended Complaint consist of

9    conclusions of law to which no response is required.  To the extent that Paragraph 109 may be

10   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 109

11   of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

12   averments of Paragraph 109 of the First Amended Complaint do not pertain to the Hitachi

13   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

14   Paragraph 109 of the First Amended Complaint.

15           110.    The averments of Paragraph 110 of the First Amended Complaint consist of

16   conclusions of law to which no response is required.  To the extent that Paragraph 110 may be

17   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 110

18   of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

19   averments of Paragraph 110 of the First Amended Complaint do not pertain to the Hitachi

20   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

21   Paragraph 110 of the First Amended Complaint.

22           111.    To the extent the averments of Paragraph 111 of the First Amended Complaint are

23   directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

24   111 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

25   averments of Paragraph 111 of the First Amended Complaint do not pertain to the Hitachi

26   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

27   Paragraph 111 of the First Amended Complaint.

28

112.     To the extent the averments of Paragraph 112 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 112 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 112 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 112 of the First Amended Complaint.

113.     To the extent the averments of Paragraph 113 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 113 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 113 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 113 of the First Amended Complaint.

114.     To the extent the averments of Paragraph 114 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 114 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 114 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 114 of the First Amended Complaint.

115.     To the extent the averments of Paragraph 115 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 115 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 115 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 115 of the First Amended Complaint.

116.     To the extent the averments of Paragraph 116 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 116 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 116 of the First Amended Complaint do not pertain to the Hitachi

Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 116 of the First Amended Complaint.

117.   To the extent the averments of Paragraph 117 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 117 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 117 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 117 of the First Amended Complaint.

118.   To the extent the averments of Paragraph 118 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 118 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 118 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 118 of the First Amended Complaint.

119.   To the extent the averments of Paragraph 119 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 119 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 119 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 119 of the First Amended Complaint.

120.   To the extent the averments of Paragraph 120 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 120 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 120 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 120 of the First Amended Complaint.

121.   To the extent the averments of Paragraph 121 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

1   121 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

2   averments of Paragraph 121 of the First Amended Complaint do not pertain to the Hitachi

3   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

4   Paragraph 121 of the First Amended Complaint.

5          122.    The averments of Paragraph 122 of the First Amended Complaint consist of

6   conclusions of law to which no response is required.  To the extent that Paragraph 122 may be

7   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 122

8   of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

9   averments of Paragraph 122 of the First Amended Complaint do not pertain to the Hitachi

10  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

11  Paragraph 122 of the First Amended Complaint.

12         123.    To the extent the averments of Paragraph 123 of the First Amended Complaint are

13  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

14  123 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

15  averments of Paragraph 123 of the First Amended Complaint do not pertain to the Hitachi

16  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

17  Paragraph 123 of the First Amended Complaint.

18         124.    To the extent the averments of Paragraph 124, including all subparts, of the First

19  Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

20  averments of Paragraph 124 of the First Amended Complaint as it pertains to the Hitachi

21  Defendants.  To the extent the averments of Paragraph 124 of the First Amended Complaint do not

22  pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the

23  averments of Paragraph 124 of the First Amended Complaint.

24         125.    To the extent the averments of Paragraph 125 of the First Amended Complaint are

25  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

26  125 as it pertains to the Hitachi Defendants.  To the extent the averments do not pertain to the

27  Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

28  Paragraph 125 of the First Amended Complaint.

126.   To the extent the averments of Paragraph 126 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 126 as it pertains to the Hitachi Defendants.  To the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 126 of the First Amended Complaint.

127.   The Hitachi Defendants deny each of the averments of Paragraph 127 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 127 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 127 of the First Amended Complaint.

128.   The Hitachi Defendants deny each of the averments of Paragraph 128 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 128 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 128 of the First Amended Complaint.

129.   The Hitachi Defendants deny each of the averments of Paragraph 129 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 129 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 129 of the First Amended Complaint.

130.   The averments of Paragraph 130 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent averments of Paragraph 130 of the First Amended Complaint may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 130 as it pertains to the Hitachi Defendants.  To the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 130 of the First Amended Complaint.

131.   The Hitachi Defendants deny each of the averments of Paragraph 131 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

21

Paragraph 131 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 131 of the First Amended Complaint.

132.    The Hitachi Defendants deny each of the averments of Paragraph 132 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 132 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 132 of the First Amended Complaint.

133.    The Hitachi Defendants deny each of the averments in Paragraph 133 of the First Amended Complaint.

134.    The Hitachi Defendants deny each of the averments in Paragraph 134 of the First Amended Complaint.

135.    The averments of Paragraph 135 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 135 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 135 of the First Amended Complaint.

136.    The averments of Paragraph 136 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 136 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 136 of the First Amended Complaint.

137.    The averments of Paragraph 137 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 137 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 137 of the First Amended Complaint.

138.    The averments of Paragraph 138 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 138 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 138 of the First Amended Complaint.

139.    The averments of Paragraph 139 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 139 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 139 of the First Amended Complaint.

140.    The averments of Paragraph 140 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 140 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 140 of the First Amended Complaint.

141.    The averments of Paragraph 141 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 141 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 141 of the First Amended Complaint.

142.    The averments of Paragraph 142 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 142 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 142 of the First Amended Complaint.

143.    The averments of Paragraph 143 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 143 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 143 of the First Amended Complaint.

144.    The averments of Paragraph 144 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 144 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 144 of the First Amended Complaint.

145.    The averments of Paragraph 145 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 145 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 145 of the First Amended Complaint.

146.    The averments of Paragraph 146 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 146 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 146 of the First Amended Complaint.

147.    The averments of Paragraph 147 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 147 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 147 of the First Amended Complaint.

148.    The averments of Paragraph 148 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 148 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 148 of the First Amended Complaint.

149.    The averments of Paragraph 149 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 149 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 149 of the First Amended Complaint.

150.    The averments of Paragraph 150 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 150 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 150 of the First Amended Complaint.

151.    The averments of Paragraph 151 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 151 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 151 of the First Amended Complaint.

152.    The averments of Paragraph 152 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 152 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 152 of the First Amended Complaint.

THE HITACHI DEFENDANTS' ANSWER TO ALFRED H.
SIEGEL, TRUSTEE OF THE CIRCUIT CITY STORES, INC.
LIQUIDATING TRUST'S FIRST AMENDED COMPLAINT

24

CASE NO. 3:07-cv-05944-SC
INDIVIDUAL CASE NO. 3:11-cv-05502-SC

153.    The averments of Paragraph 153 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 153 may be deemed to require a response, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 153 of the First Amended Complaint.

154.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 154 of the First Amended Complaint.

155.    The averments in Paragraph 155 of the First Amended Complaint purport to be derived from a Stanford Resources, Inc. report, and, therefore, no response is required.  To the extent that Paragraph 155 may be deemed to require a response, the Hitachi Defendants respond that the report speaks for itself and deny, for want of information or belief, the averments in Paragraph 155 of the First Amended Complaint.

156.    The Hitachi Defendants deny, for want of information or belief, each of the averments of the first sentence and third sentences of Paragraph 156 of the First Amended Complaint.  The averments in the second sentence of Paragraph 156 of the First Amended Complaint purport to be derived from a Fuji Chimera Research report, and thus no response is required.  To the extent that the averments in the second sentence of Paragraph 156 may be deemed to require a response, the Hitachi Defendants respond that the report speaks for itself and deny, for want of information and belief, the averments in the second sentence of Paragraph 156 of the First Amended Complaint.

157.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the first and fourth sentences of Paragraph 157 of the First Amended Complaint.  The remainder of the averments in Paragraph 157 purport to be derived from industry analysts, and thus no response is required.  To the extent that the remainder of the averments in Paragraph 157 may be deemed to require a response, the Hitachi Defendants respond that the statements of the industry analysts speak for themselves and deny, for want of information or belief, the remainder of the averments of Paragraph 157 of the First Amended Complaint.

158.    The averments of Paragraph 158 purport to be derived from an industry source, and thus no response is required.  To the extent that Paragraph 158 may be deemed to require a response, the Hitachi Defendants respond that the statements of the industry source speak for themselves and deny, for want of information or belief, the averments of Paragraph 158 of the First Amended Complaint.

159.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 159 of the First Amended Complaint.

160.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 160 of the First Amended Complaint.  The remaining averments of Paragraph 160 purport to be derived from an Infotech Weekly article and thus no response is required.  To the extent that the remaining averments of Paragraph 160 may be deemed to require a response, the Hitachi Defendants respond that the Infotech Weekly article speaks for itself and deny, for want of information or belief, the remaining averments of Paragraph 160 of the First Amended Complaint.

161.    The averments in Paragraph 161 of the First Amended Complaint purport to quote and/or be derived from a BNET Business Network article, and thus no response is required.  To the extent that the averments in Paragraph 161 may be deemed to require a response, the Hitachi Defendants respond that the BNET Business Network article speaks for itself and deny, for want of information or belief, the averments in Paragraph 161 of the First Amended Complaint.

162.    The averments in Paragraph 162 of the First Amended Complaint purport to quote and/or be derived from a Techtree.com article, and thus no response is required.  To the extent that the averments in Paragraph 162 may be deemed to require a response, the Hitachi Defendants respond that the Techtree.com article speaks for itself and deny, for want of information or belief, the averments in Paragraph 162 of the First Amended Complaint.

163.    The Hitachi Defendants deny each of the averments of Paragraph 163 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 163 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

1   Defendants deny, for want of information or belief, the averments of Paragraph 163 of the First

2   Amended Complaint.

3         164.   The Hitachi Defendants deny each of the averments of Paragraph 164 of the First

4   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

5   Paragraph 164 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

6   Defendants deny, for want of information or belief, the averments of Paragraph 164 of the First

7   Amended Complaint.

8         165.   The averments in the first sentence of Paragraph 165 of the First Amended Complaint

9   consist of conclusions of law to which no response is required.  To the extent that the averments in

10   the first sentence of Paragraph 165 of the First Amended Complaint may be deemed to require a

11   response, the Hitachi Defendants deny each of the averments in the first sentence of Paragraph 165

12   as they apply to the Hitachi Defendants.  To the extent the averments in the first sentence of

13   Paragraph 165 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

14   Defendants deny, for want of information or belief, each of the averments in the first sentence of

15   Paragraph 165 of the First Amended Complaint.  The remainder of the averments in Paragraph 165

16   purports to quote from the President of Skyworth Macao Commercial Off Shore Co., Ltd., Finsen

17   Yu, and thus no response is required.  To the extent that the remainder of Paragraph 165 may be

18   deemed to require a response, the Hitachi Defendants respond that the statement of the President of

19   Skyworth Macao Commercial Off Shore Co., Ltd. speaks for itself and deny, for want of information

20   or belief, the remainder of the averments of Paragraph 165 of the First Amended Complaint.

21         166.   The Hitachi Defendants deny, for want of information or belief, each of the

22   averments of Paragraph 166 of the First Amended Complaint.

23         167.   The Hitachi Defendants deny, for want of information or belief, each of the

24   averments of Paragraph 167 of the First Amended Complaint.

25         168.   The averments of Paragraph 168 of the First Amended Complaint consist of

26   conclusions of law to which no response is required.  To the extent that Paragraph 168 may be

27   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 168

28   of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

averments of Paragraph 168 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 168 of the First Amended Complaint.

169.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 169 of the First Amended Complaint.

170.    The averments of Paragraph 170 of the First Amended Complaint are not directed at the Hitachi Defendants and purport to be derived from a Toshiba Annual Report, and, therefore, no response is required.  To the extent that the averments in Paragraph 170 may be deemed to require a response, the Hitachi Defendants respond that the Toshiba Annual Report speaks for itself and deny, for want of information or belief, the averments in Paragraph 170 of the First Amended Complaint.

171.    The averments of Paragraph 171 of the First Amended Complaint are not directed at the Hitachi Defendants and purport to be derived from a statement by a Hungarian Competition Authority, and, therefore, no response is required.  To the extent that the averments in Paragraph 171 may be deemed to require a response, the Hitachi Defendants respond that the statement by a Hungarian Competition Authority speaks for itself and deny, for want of information or belief, the averments in Paragraph 171 of the First Amended Complaint.

172.    The averments in Paragraph 172 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 172 of the First Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the extent the averments of Paragraph 172 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein.  The Hitachi Defendants admit that C.Y. Lin of Chunghwa Picture Tubes was indicted, the details of which are matters of public record.

173.    The averments in Paragraph 173 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 173 of the First Amended Complaint to

1    the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

2    specifically admitted herein.  To the extent the averments of Paragraph 173 of the First Amended

3    Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

4    averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted

5    herein.  The Hitachi Defendants admit that Tony Cheng of Chunghwa Picture Tubes was indicted,

6    the details of which are matters of public record.

7        174.    The averments in Paragraph 174 of the First Amended Complaint are not directed at

8    the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for

9    want of information or belief, the averments of Paragraph 174 of the First Amended Complaint to

10   the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

11   specifically admitted herein.  To the extent the averments of Paragraph 174 of the First Amended

12   Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

13   averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted

14   herein.  The Hitachi Defendants admit that Chung Cheng Yeh, an employee of a Taiwanese

15   company, was indicted, the details of which are matters of public record.

16       175.    The averments in Paragraph 175 of the First Amended Complaint are not directed at

17   the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for

18   want of information or belief, the averments of Paragraph 175 of the First Amended Complaint to

19   the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

20   specifically admitted herein.  To the extent the averments of Paragraph 175 of the First Amended

21   Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

22   averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted

23   herein.  The Hitachi Defendants admit that Seung-Kyu Lee, Yeong-Ug Yang, and Jae-Sik Kim were

24   indicted, the details of which are matters of public record.

25       176.    The averments in Paragraph 176 of the First Amended Complaint are not directed at

26   the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 176 may be

27   deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the

28   averments of Paragraph 176 of the First Amended Complaint to the extent they relate to defendants

1   other than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the

2   extent the averments of Paragraph 176 of the First Amended Complaint are directed at the Hitachi

3   Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi

4   Defendants with the exception of matters specifically admitted herein.  The Hitachi Defendants

5   admit that the DOJ issued a press release on March 18, 2011, the details of which are matters of

6   public record.

7          177.   The averments in Paragraph 177 of the First Amended Complaint are not directed at

8   the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 177 is

9   deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the

10  averments of Paragraph 177 of the First Amended Complaint to the extent they relate to defendants

11  other than the Hitachi Defendants.  To the extent the averments of Paragraph 177 of the First

12  Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

13  averments as it pertains to the Hitachi Defendants.

14         178.   The averments in Paragraph 178 of the First Amended Complaint are not directed at

15  the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 178 is

16  deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the

17  averments of Paragraph 178.

18         179.   The Hitachi Defendants deny each of the averments of Paragraph 179 of the First

19  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

20  Paragraph 179 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

21  Defendants deny, for want of information or belief, the averments of Paragraph 179 of the First

22  Amended Complaint.

23         180.   The averments of Paragraph 180 of the First Amended Complaint are not directed at

24  the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments

25  Paragraph 180 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi

26  Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the

27  averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of

28  information or belief, the averments of Paragraph 180 of the First Amended Complaint.

181.     The averments of Paragraph 181 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 181 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 181 of the First Amended Complaint.

182.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 182 of the First Amended Complaint.

183.     The averments of Paragraph 183 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 183 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 183 of the First Amended Complaint.

184.     The averments of Paragraph 184 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 184 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 184 of the First Amended Complaint.

185.     The averments of Paragraph 185 of the First Amended Complaint purport to be derived from a DOJ press release, and, therefore, no response is required.  To the extent that the averments of Paragraph 185 may be deemed to require a response, the Hitachi Defendants respond that the DOJ press release speaks for itself and deny the averments of Paragraph 185, except admit that Hitachi Displays, Ltd. entered into a plea agreement and paid a $31 million fine in connection with allegations that it participated in a conspiracy to fix the prices of TFT-LCD panels sold to Dell, Inc. for use in notebook computers from April 1, 2001, through March 31, 2004.

1

186.    The averments of Paragraph 186 of the First Amended Complaint purport to be

2

derived from plea agreements, and thus no response is required.  To the extent the averments of

3

Paragraph 186 may be deemed to require a response, the Hitachi Defendants respond that the plea

4

agreements speak for themselves and deny the averments of Paragraph 186 as they pertain to the

5

Hitachi Defendants.  To the extent the averments of Paragraph 186 do not pertain to the Hitachi

6

Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

7

Paragraph 186 of the First Amended Complaint.

8

187.    The averments of the first sentence of Paragraph 187 of the First Amended Complaint

9

consist of conclusions of law to which no response is required.  To the extent that the first sentence

10

of Paragraph 187 may be deemed to require a response, the Hitachi Defendants deny each of the

11

averments of the first sentence of Paragraph 187 of the First Amended Complaint.  To the extent the

12

remaining averments of Paragraph 187 of the First Amended Complaint are directed at the Hitachi

13

Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi

14

Defendants deny, for want of information or belief, the averments of Paragraph 187 of the First

15

Amended Complaint.

16

188.    The averments in Paragraph 188 of the First Amended Complaint are not directed at

17

the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 188

18

may be deemed to require a response, the Hitachi Defendants deny, for want of information or

19

belief, each of the averments in Paragraph 188 of the First Amended Complaint.

20

189.    To the extent the averments of Paragraph 189 of the First Amended Complaint are

21

directed at the Hitachi Defendants, the Hitachi Defendants deny the averments of Paragraph 189 of

22

the First Amended Complaint.  To the extent the averments of Paragraph 189 of the First Amended

23

Complaint are not directed at the Hitachi Defendants, the Hitachi Defendants deny, for want of

24

information or belief, the averments of Paragraph 189 of the First Amended Complaint.

25

190.    To the extent the averments of Paragraph 190 of the First Amended Complaint are

26

directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains

27

to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants,

28

THE HITACHI DEFENDANTS' ANSWER TO ALFRED H.
SIEGEL, TRUSTEE OF THE CIRCUIT CITY STORES, INC.
LIQUIDATING TRUST'S FIRST AMENDED COMPLAINT

32

CASE NO. 3:07-cv-05944-SC
INDIVIDUAL CASE NO. 3:11-cv-05502-SC

the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 190 of the First Amended Complaint.

191.    To the extent the averments of Paragraph 191 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 191 of the First Amended Complaint.

192.    To the extent the averments of Paragraph 192 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 192 of the First Amended Complaint.

193.    The averments in Paragraph 193 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 193 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 193 of the First Amended Complaint.

194.    The averments in Paragraph 194 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 194 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 194 of the First Amended Complaint.

195.    The averments in Paragraph 195 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 195 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 195 of the First Amended Complaint.

196.    The averments in Paragraph 196 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 196 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 196 of the First Amended Complaint.

197.    The averments in Paragraph 197 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 197 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 197 of the First Amended Complaint.

198.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the first, second, and fourth sentences of Paragraph 198 of the First Amended Complaint.  The remainder of the averments of Paragraph 198 purports to quote a statement made by an industry analyst for Market Intelligent Research Corporation, and thus no response is required. To the extent the remainder of the averments of Paragraph 198 may be deemed to require a response, the Hitachi Defendants respond that the statement by the industry analyst for Market Intelligent Research Corporation speaks for itself and deny, for want of information or belief, the remainder of the averments of Paragraph 198 of the First Amended Complaint.

199.    The averments of Paragraph 199 purport to be derived from an industry source, and thus no response is required.  To the extent that Paragraph 199 may be deemed to require a response, the Hitachi Defendants respond that the statements of the industry source speak for themselves and deny, for want of information or belief, the averments of Paragraph 199 of the First Amended Complaint.

200.    The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 200 of the First Amended Complaint.

201.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the second and third sentences of Paragraph 201 of the First Amended Complaint.  The first sentence of Paragraph 201 purports to be derived from a CNET News.com article, and thus no response is required.  To the extent that the first sentence of Paragraph 201 may be deemed to require a response, the Hitachi Defendants respond that the statement from the article speaks for itself and deny, for want of information or belief, the averments of Paragraph 201 of the First Amended Complaint.

202.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 202 of the First Amended Complaint.  The remainder of

the averments of Paragraph 202 purports to be derived from a keynote speaker at Asia Display, and thus no response is required.  To the extent that the remainder of the averments of Paragraph 202 may be deemed to require a response, the Hitachi Defendants respond that the statement by the keynote speaker at Asia Display speaks for itself and deny, for want of information and belief, the remainder of the averments of Paragraph 202 of the First Amended Complaint.

203.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 203 of the First Amended Complaint.

204.     The Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 204 of the First Amended Complaint.  The remainder of the averments of Paragraph 204 purports to be derived from March 13, 2000 article and thus no response is required.  To the extent that the remainder of Paragraph 204 may be deemed to require a response, the Hitachi Defendants respond that the March 13, 2000 article speaks for itself and deny, for want of information or belief, the remainder of Paragraph 204 of the First Amended Complaint.

205.     The averments in Paragraph 205 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 205 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 205 of the First Amended Complaint.

206.     The averments in the first sentence of Paragraph 206 of the First Amended Complaint consist of conclusions of law to which no response is required. To the extent that the averments in the first sentence of Paragraph 206 of the First Amended Complaint may be deemed to require a response, the Hitachi Defendants deny each of the averments in the first sentence of Paragraph 206 of the First Amended Complaint as it applies to the Hitachi Defendants. To the extent the averments in the first sentence of Paragraph 206 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 206 of the First Amended Complaint.  The remainder of the averments of Paragraph 206 purports to quote from the President of Skyworth Macao Commercial Off Shore Co., Ltd., Finsen Yu, and thus no response is required.  To the extent that the remainder of Paragraph 206 may be deemed to require a response, the Hitachi Defendants respond that the

statement of the President of Skyworth Macao Commercial Off Shore Co., Ltd. speaks for itself and deny, for want of information or belief, the remainder of the averments of Paragraph 206 of the First Amended Complaint.

207.    The averments of Paragraph 207 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 207 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 207 of the First Amended Complaint.

208.    The averments of Paragraph 208, including all subparts, of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 208 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 208 of the First Amended Complaint.

209.    The averments of Paragraph 209 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 209 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 209 of the First Amended Complaint.

210.    The averments of Paragraph 210 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 210 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 210 of the First Amended Complaint.

211.    The averments of Paragraph 211 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 211 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 211 of the First Amended Complaint.

212.    The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 212 of the First Amended Complaint.

213.    The Hitachi Defendants deny each of the averments of Paragraph 213 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 213 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

1    Defendants deny, for want of information or belief, the averments of Paragraph 213 of the First

2    Amended Complaint.

3        214.    The Hitachi Defendants deny each of the averments of Paragraph 214 of the First

4    Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

5    Paragraph 214 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

6    Defendants deny, for want of information or belief, the averments of Paragraph 214 of the First

7    Amended Complaint.

8        215.    The Hitachi Defendants deny, for want of information or belief, the averments of

9    Paragraph 215 of the First Amended Complaint.

10       216.    The averments of Paragraph 216 of the First Amended Complaint consist of

11   conclusions of law to which no response is required.  To the extent that Paragraph 216 may be

12   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 216

13   of the First Amended Complaint.

14       217.    The averments of Paragraph 217 of the First Amended Complaint consist of

15   conclusions of law to which no response is required.  To the extent that Paragraph 217 may be

16   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 217

17   of the First Amended Complaint.

18       218.    The averments of Paragraph 218 of the First Amended Complaint consist of

19   conclusions of law to which no response is required.  To the extent that Paragraph 218 may be

20   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 218

21   of the First Amended Complaint.

22       219.    The averments of Paragraph 219 of the First Amended Complaint consist of

23   conclusions of law to which no response is required.  To the extent that Paragraph 219 may be

24   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 219

25   of the First Amended Complaint.

26       220.    The averments of Paragraph 220 of the First Amended Complaint consist of

27   conclusions of law to which no response is required.  To the extent that Paragraph 220 may be

28

1   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 220

2   of the First Amended Complaint.

3   221.   The Hitachi Defendants deny each of the averments of Paragraph 221 of the First

4   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

5   Paragraph 221 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

6   Defendants deny, for want of information or belief, the averments of Paragraph 221 of the First

7   Amended Complaint.

8   222.   The Hitachi Defendants deny each of the averments of Paragraph 222 of the First

9   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

10  Paragraph 222 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

11  Defendants deny, for want of information or belief, the averments of Paragraph 222 of the First

12  Amended Complaint.

13  223.   The averments of Paragraph 223 of the First Amended Complaint consist of

14  conclusions of law to which no response is required.  To the extent that Paragraph 223 may be

15  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 223

16  of the First Amended Complaint.

17  224.   The averments of Paragraph 224 of the First Amended Complaint consist of

18  conclusions of law to which no response is required.  To the extent that Paragraph 224 may be

19  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 224

20  of the First Amended Complaint.

21  225.   The averments of Paragraph 225 of the First Amended Complaint consist of

22  conclusions of law to which no response is required.  To the extent that Paragraph 225 may be

23  deemed to require a response, the Hitachi Defendants respond that the statement of the Deputy

24  General Manager for an LG Electronics distributor speaks for itself and deny, for want of

25  information or belief, the averments in Paragraph 225 of the First Amended Complaint.

26  226.   The Hitachi Defendants deny each of the averments of Paragraph 226 of the First

27  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

28  Paragraph 226 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

1    Defendants deny, for want of information or belief, the averments of Paragraph 226 of the First
2    Amended Complaint.

3        227.    The Hitachi Defendants deny each of the averments of Paragraph 227 of the First
4    Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of
5    Paragraph 227 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi
6    Defendants deny, for want of information or belief, the averments of Paragraph 227 of the First
7    Amended Complaint.

8        228.    The averments of Paragraph 228 of the First Amended Complaint consist of
9    conclusions of law to which no response is required.  To the extent that Paragraph 228 may be
10   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 228
11   of the First Amended Complaint.

12       229.    The averments of Paragraph 229 of the First Amended Complaint consist of
13   conclusions of law to which no response is required.  To the extent that Paragraph 229 may be
14   deemed to require a response, the Hitachi Defendants deny the averments of Paragraph 229 and, to
15   the extent applicable, incorporate by this reference their responses, set forth in this Answer and as if
16   set forth fully herein, to the averments in Paragraphs 184-203.

17       230.    The averments of Paragraph 230 of the First Amended Complaint consist of
18   conclusions of law to which no response is required.  To the extent that Paragraph 230 may be
19   deemed to require a response, the Hitachi Defendants deny the averments in Paragraph 230 of the
20   First Amended Complaint.

21       231.    The averments of Paragraph 231 of the First Amended Complaint consist of
22   conclusions of law to which no response is required.  To the extent that Paragraph 231 may be
23   deemed to require a response, the Hitachi Defendants deny the averments in Paragraph 231.

24       232.    Answering the averments of Paragraph 232 of the First Amended Complaint, the
25   Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and
26   as if set forth fully herein, to the averments of Paragraphs 1-231 of the First Amended Complaint.

27       233.    The averments of Paragraph 233 of the First Amended Complaint consist of
28   conclusions of law to which no response is required.  To the extent that Paragraph 233 may be

1    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 233

2    of the First Amended Complaint.

3        234.    The averments of Paragraph 234 of the First Amended Complaint consist of

4    conclusions of law to which no response is required.  To the extent that Paragraph 234 may be

5    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 234

6    of the First Amended Complaint.

7        235.    The averments of Paragraph 235 of the First Amended Complaint consist of

8    conclusions of law to which no response is required.  To the extent that Paragraph 235 may be

9    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 235

10   of the First Amended Complaint.

11       236.    The averments of Paragraph 236 of the First Amended Complaint consist of

12   conclusions of law to which no response is required.  To the extent that Paragraph 236 may be

13   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 236

14   of the First Amended Complaint.

15       237.    The averments of Paragraph 237 of the First Amended Complaint, including all

16   subparts, consist of conclusions of law to which no response is required.  To the extent that

17   Paragraph 237 may be deemed to require a response, the Hitachi Defendants deny each of the

18   averments of Paragraph 237 of the First Amended Complaint.

19       238.    The averments of Paragraph 238 of the First Amended Complaint consist of

20   conclusions of law to which no response is required.  To the extent that Paragraph 238 may be

21   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 238

22   of the First Amended Complaint.

23       239.    Answering the averments of Paragraph 239 of the First Amended Complaint, the

24   Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and

25   as if set forth fully herein, to the averments of Paragraphs 1-238 of the First Amended Complaint.

26       240.    The averments of Paragraph 240 of the First Amended Complaint consist of

27   conclusions of law to which no response is required.  To the extent that Paragraph 240 may be

28

1   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 240

2   of the First Amended Complaint.

3        241.    The averments of Paragraph 241 of the First Amended Complaint are not directed at

4   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 241

5   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

6   belief, each of the averments in Paragraph 241 of the First Amended Complaint.

7        242.    The averments of Paragraph 242 of the First Amended Complaint consist of

8   conclusions of law to which no response is required.  To the extent that Paragraph 242 may be

9   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 242

10  of the First Amended Complaint.

11       243.    The averments of Paragraph 243 of the First Amended Complaint consist of

12  conclusions of law to which no response is required.  To the extent that Paragraph 243 may be

13  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 243

14  of the First Amended Complaint.

15       244.    The averments of Paragraph 244 of the First Amended Complaint, including all

16  subparts, consist of conclusions of law to which no response is required.  To the extent that

17  Paragraph 244 may be deemed to require a response, the Hitachi Defendants deny each of the

18  averments of Paragraph 244 of the First Amended Complaint.

19       245.    The averments of Paragraph 245 of the First Amended Complaint, including all

20  subparts, consist of conclusions of law to which no response is required.  To the extent that

21  Paragraph 245 may be deemed to require a response, the Hitachi Defendants deny each of the

22  averments of Paragraph 245 of the First Amended Complaint.

23       246.    The averments of Paragraph 246 of the First Amended Complaint consist of

24  conclusions of law to which no response is required.  To the extent that Paragraph 246 may be

25  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 246

26  of the First Amended Complaint.

27       247.    The averments of Paragraph 247 of the First Amended Complaint consist of

28  conclusions of law to which no response is required.  To the extent that Paragraph 247 may be

1   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 247

2   of the First Amended Complaint.

3          248.    Answering the averments of Paragraph 248 of the First Amended Complaint, the

4   Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and

5   as if set forth fully herein, to the averments of Paragraphs 1-247 of the First Amended Complaint.

6          249.    The averments of Paragraph 249 of the First Amended Complaint consist of

7   conclusions of law to which no response is required.  To the extent that Paragraph 249 may be

8   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 249

9   of the First Amended Complaint.

10         250.    The averments of Paragraph 250 of the First Amended Complaint consist of

11  conclusions of law to which no response is required.  To the extent that Paragraph 250 may be

12  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 250

13  of the First Amended Complaint.

14         251.    The averments of Paragraph 251 of the First Amended Complaint, including all

15  subparts, consist of conclusions of law to which no response is required.  To the extent that

16  Paragraph 251 may be deemed to require a response, the Hitachi Defendants deny each of the

17  averments of Paragraph 251 of the First Amended Complaint.

18         252.    The averments of Paragraph 252 of the First Amended Complaint, including all

19  subparts, consist of conclusions of law to which no response is required.  To the extent that

20  Paragraph 252 may be deemed to require a response, the Hitachi Defendants deny each of the

21  averments of Paragraph 252 of the First Amended Complaint.

22         253.    The averments of Paragraph 253 of the First Amended Complaint, including all

23  subparts, consist of conclusions of law to which no response is required.  To the extent that

24  Paragraph 253 may be deemed to require a response, the Hitachi Defendants deny each of the

25  averments of Paragraph 253 of the First Amended Complaint.

26         254.    The averments of Paragraph 254 of the First Amended Complaint, including all

27  subparts, consist of conclusions of law to which no response is required.  To the extent that

28

Paragraph 254 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 254 of the First Amended Complaint.

255.    The averments of Paragraph 255 of the First Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 255 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 255 of the First Amended Complaint.

256.    Answering the averments of Paragraph 256 of the First Amended Complaint, the Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and as if set forth fully herein, to the averments of Paragraphs 1-255 of the First Amended Complaint.

257.    The averments of Paragraph 257 of the First Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 257 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 257 of the First Amended Complaint.

258.    The averments of Paragraph 258 of the First Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 258 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 258 of the First Amended Complaint.

259.    The averments of Paragraph 259 of the First Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 259 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 259 of the First Amended Complaint.

260.    The averments of Paragraph 260 of the First Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 260 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 260 of the First Amended Complaint.

261.    The averments of Paragraph 261 of the First Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that

THE HITACHI DEFENDANTS' ANSWER TO ALFRED H. SIEGEL, TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST'S FIRST AMENDED COMPLAINT

43

CASE NO. 3:07-cv-05944-SC
INDIVIDUAL CASE NO. 3:11-cv-05502-SC

Paragraph 261 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 261 of the First Amended Complaint.

### PLAINTIFF'S PRAYER FOR RELIEF

The Hitachi Defendants deny each of the Averments of Paragraphs A through M of plaintiff's Prayer for Relief in the First Amended Complaint, and aver that plaintiff is not entitled to any relief of any kind for or as against any of the Hitachi Defendants.

### JURY TRIAL DEMAND

To the extent any response is required to the plaintiff's Jury Trial Demand, the Hitachi Defendants admit that plaintiff purports to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

### AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

Without assuming the burden of proof where it rests upon plaintiff, the Hitachi Defendants aver the following as separate affirmative and/or additional defenses to plaintiff's First Amended Complaint:

### FIRST DEFENSE

### (Failure To State A Claim)

Each of plaintiff's claims or causes of action is barred, in whole or in part, because the First Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

### (Statutes Of Limitations)

Each of plaintiff's claims or causes of action is barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE

### (Withdrawal)

Each of plaintiff's claims or causes of action is barred, in whole or in part, by reason of the Hitachi Defendants' withdrawal from and/or abandonment of any alleged conspiracy.

**FOURTH DEFENSE**

**(Claim Splitting And Election Of Remedies)**

Each of plaintiff's claims or causes of action is barred, in whole or in part, by reason of claim splitting and by the doctrine of the election of remedies.

**FIFTH DEFENSE**

**(Laches, Estoppel, Waiver, And/Or Unclean Hands)**

Each of plaintiff's claims or causes of action is barred, in whole or in part, under the doctrines of laches, estoppel, waiver, and/or unclean hands.

**SIXTH DEFENSE**

**(Reasonable Justification)**

Each of plaintiff's claims or causes of action is barred, in whole or in part, because all of the actions of the Hitachi Defendants being challenged by plaintiff were lawful, justified, pro-competitive, constitute bona fide business competition, and were carried out in furtherance of the Hitachi Defendants' legitimate business interests.

**SEVENTH DEFENSE**

**(Ratification, Acquiescence, Agreement Or Consent)**

Each of plaintiff's claims or causes of action is barred, in whole or in part, by reason of plaintiff's ratification of, or acquiescence, agreement or consent to the conduct of the Hitachi Defendants.

**EIGHTH DEFENSE**

**(Accord And Satisfaction, Release And Settlement)**

Each of plaintiff's claims or causes of action is barred, in whole or in part, by the doctrines of accord and satisfaction, release and settlement.

**NINTH DEFENSE**

**(Government Privilege)**

Each of plaintiff's claims or causes of action is barred, in whole or in part, because the alleged conduct of the Hitachi Defendants that is the subject of the First Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of

governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## TENTH DEFENSE

### (Lack of Standing)

Each of plaintiff's claims or causes of action is barred, in whole or in part, because plaintiff lacks standing to bring the claims asserted in the First Amended Complaint.

## ELEVENTH DEFENSE

### (Failure To Plead Fraud Particularly; Fed. R. Civ. P. 9(B))

Each of plaintiff's claims or causes of action is barred, in whole or in part, because plaintiff has failed to allege fraudulent concealment with particularity.

## TWELFTH DEFENSE

### (Ultra Vires)

Each of plaintiff's claims or causes of action is barred, in whole or in part, because, to the extent that any employee or agent of the Hitachi Defendants engaged in any unlawful act or omission, which unlawful act or omission the Hitachi Defendants expressly deny, any such actionable act or omission would have been committed by individuals acting ultra vires.

## THIRTEENTH DEFENSE

### (Intervening Causes)

Each of plaintiff's claims or causes of action is barred, in whole or in part, because plaintiff's alleged injuries, if any, stemmed from intervening and/or superseding causes.

## FOURTEENTH DEFENSE

### (Lack Of Antitrust Injury)

Each of plaintiff's claims or causes of action is barred, in whole or in part, because plaintiff has not suffered an antitrust injury.

## FIFTEENTH DEFENSE

### (No Act Of The Hitachi Defendants)

Each of plaintiff's claims or causes of action is barred, in whole or in part, because plaintiff has not been injured in its business or property by reason of any action of the Hitachi Defendants.

## SIXTEENTH DEFENSE

### (Speculative Damages)

Each of plaintiff's claims or causes of action is barred, in whole or in part, because the plaintiff's alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

## SEVENTEENTH DEFENSE

### (Failure To Mitigate Damages)

Each of plaintiff's claims or causes of action is barred from recovery of damages, in whole or in part, because of and to the extent of plaintiff's failure to mitigate damages.

## EIGHTEENTH DEFENSE

### (Pass Through)

Plaintiff's claims or causes of action for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge, the existence of which the Hitachi Defendants expressly deny, was absorbed, in whole or in part, by others, and was not passed through to plaintiff.

## NINETEENTH DEFENSE

### (Restitution)

Each of plaintiff's claims or causes of action is barred from recovery of damages, in whole or in part, to the extent that any restitution or award of damages to plaintiff would be excessive and punitive, and disproportionate to any alleged injury suffered by plaintiff.

## TWENTIETH DEFENSE

### (Available Remedy At Law)

Each of plaintiff's claims or causes of action for injunction or other equitable relief is barred, in whole or in part, because plaintiff has available an adequate remedy at law.

## TWENTY-FIRST DEFENSE

### (Injunction)

Each of plaintiff's claims or causes of action is barred, in whole or in part, because plaintiff seeks to enjoin alleged events that have already transpired and without the requisite showing of threatened future harm or continuing violation.

## TWENTY-SECOND DEFENSE

### (Residency)

To the extent plaintiff seeks to assert claims or obtain relief under the laws of a state of which it is not a resident, those claims are barred by (i) constitutional rights of due process; (ii) choice of law principles; and (iii) the laws of the states under which plaintiff asserts their claims.

## TWENTY-THIRD DEFENSE

### (Unjust Enrichment)

Each of plaintiff's claims or causes of action is barred, in whole or in part, because plaintiff would be unjustly enriched if it were allowed to recover any part of the damages alleged in the First Amended Complaint.

## TWENTY-FOURTH DEFENSE

### (Improper Venue)

Each of plaintiff's claims or causes of action is barred, in whole or in part, because venue does not lie in this Court.

## TWENTY-FIFTH DEFENSE

### (Comparative Fault)

Each of plaintiff's claims or causes of action is barred, in whole or in part, to the extent the injuries alleged in the First Amended Complaint, the fact and extent of which are expressly denied by the Hitachi Defendants, were directly and proximately caused by or contributed to by the statements, acts or omissions of plaintiff or third persons or entities unaffiliated with the Hitachi Defendants.

## TWENTY-SIXTH DEFENSE

### (Res Judicata And/Or Collateral Estoppel)

Each of plaintiff's claims or causes of action is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

THE HITACHI DEFENDANTS' ANSWER TO ALFRED H. SIEGEL, TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST'S FIRST AMENDED COMPLAINT

48

CASE NO. 3:07-cv-05944-SC
INDIVIDUAL CASE NO. 3:11-cv-05502-SC

## TWENTY-SEVENTH DEFENSE

### (Foreign Trade Antitrust Improvements Act)

Each of plaintiff's claims or causes of action is barred, in whole or in part, because plaintiff has failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## TWENTY-EIGHTH DEFENSE

### (Foreign Sales)

Each of plaintiff's claims or causes of action is barred, in whole or in part, to the extent plaintiff seeks to recover damages, if any, based on sales outside of the United States.

## TWENTY-NINTH DEFENSE

### (Improper Joinder)

Each of plaintiff's claims or causes of action is barred, in whole or in part, because plaintiff's claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to all defendants.

## THIRTIETH DEFENSE

### (Failure To Exhaust Remedies)

Each of plaintiff's claims or causes of action is barred, in whole or in part, because plaintiff failed to exhaust all remedies against the parties with whom plaintiff is in privity.

## THIRTY-FIRST DEFENSE

### (No Multiple Recoveries)

Each of plaintiff's claims or causes of action is barred, in whole or in part, to the extent it would result in the Hitachi Defendants paying damages to more than one claimant for the same alleged overcharge, because such multiple recoveries would violate rights guaranteed to the Hitachi Defendants by applicable states' laws and the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

## THIRTY-SECOND DEFENSE

### (Voluntary Payment Doctrine)

Each of plaintiff's claims or causes of action is barred, in whole or in part, by the voluntary payment doctrine, under which plaintiff is not entitled to recover payments made with full knowledge of the facts.

## THIRTY-THIRD DEFENSE

### (Incorporation Of Defenses Of Others)

The Hitachi Defendants adopt by reference any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

## THIRTY-FOURTH DEFENSE

### (Privilege)

Each of plaintiff's claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of the Hitachi Defendants was justified, constituted *bona fide* business competition, and was taken in pursuit of its own legitimate business and economic interests and is therefore privileged.

## THIRTY-FIFTH DEFENSE

### (Noerr-Pennington Doctrine)

Each of plaintiff's claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, by the doctrine of Noerr-Pennington.

## THIRTY-SIXTH DEFENSE

### (Forum Non Conveniens)

The First Amended Complaint should be dismissed on the grounds of forum non conveniens.

## THIRTY-SEVENTH DEFENSE

### (Improper Forum/Arbitration)

Each of plaintiff's claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because plaintiff has agreed to arbitration or chose a different forum for the resolution of its claims.

1

## THIRTY-EIGHTH DEFENSE

2

### (Intervening Conduct)

3       Each of plaintiff's claims or causes of action should be dismissed to the extent that they are

4 barred, in whole or in part, because any alleged injuries and damages were not legally or proximately

5 caused by any acts or omissions of the Hitachi Defendants and/or were caused, if at all, solely and

6 proximately by the conduct of third parties, including, without limitations, the prior, intervening or

7 superseding conduct of such third parties.

8

## THIRTY-NINTH DEFENSE

9

### (Lack of Subject Matter Jurisdiction)

10      This Court lacks subject-matter jurisdiction over plaintiff's claims and causes of action

11 pursuant to, but not limited to, the Foreign Trade Antitrust Improvements Act.

12

## FORTIETH DEFENSE

13

### (Reservation of Other Defenses)

14      The Hitachi Defendants reserve the right to assert other defenses as this action proceeds up to

15 and including the time of trial.

16

17      **WHEREFORE,** Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi

18 America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. each pray that:

19      1.      The Court dismiss with prejudice plaintiff's First Amended Complaint;

20      2.      Plaintiff recover no relief of any kind against defendants Hitachi, Ltd., Hitachi

21 Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi

22 Electronic Devices (USA), Inc., or any of them;

23      3.      Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi

24 America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of them,

25 have and recover their respective costs of suit against plaintiff; and

26      4.      The Court award to Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.),

27 Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of

28 them, such further relief as may be appropriate.

THE HITACHI DEFENDANTS' ANSWER TO ALFRED H.
SIEGEL, TRUSTEE OF THE CIRCUIT CITY STORES, INC.
LIQUIDATING TRUST'S FIRST AMENDED COMPLAINT

51

CASE NO. 3:07-cv-05944-SC
INDIVIDUAL CASE NO. 3:11-cv-05502-SC

1    DATED:  November 4, 2013                 Respectfully submitted,

2                                             KIRKLAND & ELLIS LLP

3
                                             */s/ Eliot A. Adelson*
4                                             _____
                                             Eliot A. Adelson (State Bar No. 205284)
5                                             James Maxwell Cooper (State Bar No. 284054)
                                             KIRKLAND & ELLIS LLP
6                                             555 California Street, 27th Floor
                                             San Francisco, CA 94104
7                                             Telephone: (415) 439-1400
                                             Facsimile: (415) 439-1500
8                                             Email: eadelson@kirkland.com
                                             Email: max.cooper@kirkland.com
9

10                                            James H. Mutchnik, P.C. (*pro hac vice*)
                                             Kate Wheaton (*pro hac vice*)
11                                            KIRKLAND & ELLIS LLP
                                             300 North LaSalle
12                                            Chicago, Illinois 60654
                                             Telephone: (312) 862-2000
13                                            Facsimile: (312) 862-2200
                                             Email: jmutchnik@kirkland.com
14                                            Email: kate.wheaton@kirkland.com

15
                                             Attorneys for Defendants,
16                                            HITACHI, LTD., HITACHI DISPLAYS, LTD.
                                             (n/k/a JAPAN DISPLAY INC.), HITACHI
17                                            AMERICA, LTD., HITACHI ASIA, LTD.,
                                             AND  HITACHI ELECTRONIC DEVICES
18                                            (USA), INC.

19

20

21

22

23

24

25

26

27

28