Eliot A. Adelson (State Bar No. 205284)
James Maxwell Cooper (State Bar No. 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants,
HITACHI, LTD., HITACHI DISPLAYS, LTD.
(n/k/a JAPAN DISPLAY INC.), HITACHI AMERICA, LTD.,
HITACHI ASIA, LTD., AND
HITACHI ELECTRONIC DEVICES (USA), INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>The Electrograph Systems, Inc. and Electrograph Technologies Corp. Action | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>Individual Case No. 11-cv-01656-SC<br><br>**ANSWER OF HITACHI, LTD., HITACHI DISPLAYS, LTD. (N/K/A JAPAN DISPLAY INC.), HITACHI AMERICA, LTD., HITACHI ASIA, LTD., and HITACHI ELECTRONIC DEVICES (USA), INC. TO ELECTROGRAPH SYSTEMS, INC.'S and ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT** |

Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively "the Hitachi Defendants") through their undersigned counsel of record, answer and respond ("Answer") to Electrograph Systems, Inc.'s and Electrograph Technologies Corp. Action's (collectively "plaintiffs") Second Amended Complaint ("Second Amended Complaint") as follows.

As used in this Answer, and in the interest of brevity, the phrase deny or denies "for want of information or belief" means that the answering defendants are without knowledge or information sufficient to form a belief as to the trust of an averment of the Second Amended Complaint, and deny that averment on that basis.  The Hitachi Defendants deny all allegations in the Second Amended Complaint (including headings and captions) not specifically admitted in this Answer.

1.      The Hitachi Defendants each of the averments of Paragraph 1 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 1 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 1 of the Second Amended Complaint.

2.      The Hitachi Defendants deny each of the averments of the first sentence of Paragraph 2 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of the first sentence of Paragraph 2 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of the first sentence of Paragraph  2 of the Second Amended Complaint.  The remaining averments of Paragraph 2 of the Second Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that the remaining averments of Paragraph 2 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 2 of the Second Amended Complaint.

3.      The Hitachi Defendants deny each of the averments of Paragraph 3 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 3 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

Defendants deny, for want of information or belief, the averments of Paragraph 3 of the Second Amended Complaint.

4.      The Hitachi Defendants deny each of the averments of Paragraph 4 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 4 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 4 of the Second Amended Complaint.

5.      The Hitachi Defendants deny each of the averments of Paragraph 5 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 5 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 5 of the Second Amended Complaint.

6.      The Hitachi Defendants deny each of the averments of Paragraph 6 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 6 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 6 of the Second Amended Complaint.

7.      The Hitachi Defendants deny each of the averments of Paragraph 7 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 7 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 7 of the Second Amended Complaint.

8.      The Hitachi Defendants deny, for want of information or belief, the averments in the first sentence of Paragraph 8 of the Second Amended Complaint.  The remaining averments of Paragraph 8 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent the remaining averments of Paragraph 8 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants, and, to the extent the averments do

not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the remaining averments of Paragraph 8 of the Second Amended Complaint.

9.     The Hitachi Defendants deny each of the averments of Paragraph 9 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 9 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 9 of the Second Amended Complaint.

10.     The averments of Paragraph 10 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 10 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 10 of the Second Amended Complaint.

11.     The averments of Paragraph 11 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 11 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 11 of the Second Amended Complaint.

12.     The averments of Paragraph 12 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 12 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 12 of the Second Amended Complaint.

13.     The averments of Paragraph 13 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 13 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 13 of the Second Amended Complaint.

14.     The averments of Paragraph 14 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 14 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 14 of the Second Amended Complaint.

15.     The averments of Paragraph 15 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 15 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 15 of the Second Amended Complaint.

16.     The averments of Paragraph 16 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 16 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 16 of the Second Amended Complaint.

17.     The averments of Paragraph 17 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 17 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 17 of the Second Amended Complaint.

18.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 18 of the Second Amended Complaint.

19.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 19 of the Second Amended Complaint.

20.     The Hitachi Defendants deny each of the averments of Paragraph 20 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 20 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 20 of the Second Amended Complaint.

21.     The Hitachi Defendants deny each of the averments of Paragraph 21 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 21 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 21 of the Second Amended Complaint.

22.     The Hitachi Defendants deny each of the averments of Paragraph 22 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

Paragraph 22 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 22 of the Second Amended Complaint.

23.     The Hitachi Defendants deny each of the averments of Paragraph 23 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 23 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 23 of the Second Amended Complaint.

24.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 24 of the Second Amended Complaint.

25.     The Hitachi Defendants deny each of the averments of Paragraph 25 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 25 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 25 of the Second Amended Complaint.

26.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 26 of the Second Amended Complaint.

27.     The Hitachi Defendants deny each of the averments of Paragraph 27 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 27 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 27 of the Second Amended Complaint.

28.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 28 of the Second Amended Complaint.

29.     The Hitachi Defendants deny each of the averments of Paragraph 29 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 29 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the

1   Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 29 of the

2   Second Amended Complaint.

3          30.    The Hitachi Defendants deny, for want of information or belief, each of the

4   averments in Paragraph 30 of the Second Amended Complaint.

5          31.    The Hitachi Defendants deny each of the averments of Paragraph 31 of the Second

6   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

7   Paragraph 31 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the

8   Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 31 of the

9   Second Amended Complaint.

10         32.    The Hitachi Defendants deny, for want of information or belief, each of the

11  averments in Paragraph 32 of the Second Amended Complaint.

12         33.    The averments in the first through fifth sentences of Paragraph 33 of the Second

13  Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is

14  required.  To the extent that the averments in the first through fifth sentences of Paragraph 33 may

15  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

16  each of the averments in the first through fifth sentences of Paragraph 33 of the Second Amended

17  Complaint.  The last sentence of Paragraph 33 of the Second Amended Complaint appears to be

18  prefatory or definitional only and not one calling for any response.  To the extent the last sentence of

19  Paragraph 33 may be deemed to require a response, the Hitachi Defendants deny each of the

20  averments of the last sentence of Paragraph 33 of the Second Amended Complaint as it pertains to

21  the Hitachi Defendants.   To the extent the remaining averments in Paragraph 33 of the Second

22  Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

23  averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to

24  the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the

25  averments in the rest of Paragraph 33 of the Second Amended Complaint.

26         34.    The Hitachi Defendants admit that Hitachi, Ltd. is a Japanese company with its

27  principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280, Japan.  The

28

Hitachi Defendants deny the remainder of the averments of Paragraph 34 of the Second Amended Complaint.

35.     The Hitachi Defendants admit that Hitachi Displays, Ltd. was a Japanese company with its principal place of business at 3300, Hayano, Mobara-shi, Chiba-ken, 297-8622, Japan.  The Hitachi Defendants deny the remainder of the averments of Paragraph 35 of the Second Amended Complaint.

36.     The Hitachi Defendants admit that Hitachi America, Ltd. is a New York company with its principal place of business is located at 50 Prospect Avenue, Tarrytown, New York 10591. The Hitachi Defendants admit that Hitachi America, Ltd. is a subsidiary of Defendant Hitachi, Ltd. The Hitachi Defendants deny the remainder of the averments of Paragraph 36 of the Second Amended Complaint.

37.     The Hitachi Defendants admit that Hitachi Asia, Ltd. is a Singaporean company with its principal place of business at 7 Tampines Grande, #08-01 Hitachi Square, Singapore 528736. The Hitachi Defendants deny the remainder of the averments of Paragraph 37 of the Second Amended Complaint.

38.     The Hitachi Defendants admit that Hitachi Electronic Devices (USA), Inc. is a Delaware corporation with its principal place of business is located at 208 Fairforest Way, Greenville, South Carolina 29607.  The Hitachi Defendants deny the remainder of the averments of Paragraph 38 of the Second Amended Complaint.

39.     The Hitachi Defendants deny, for want of information or belief, the averments in the first sentence of Paragraph 39 of the Second Amended Complaint that "Defendant Shenzhen SEG Hitachi Color Display Devices, Ltd. ('Hitachi Shenzhen') was a Chinese company with its principal place of business located at 5001 Huanggang Road, Futian District, Shenzhen 518035, China."  To the extent the remaining averments in Paragraph 39 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments in the rest of Paragraph 39 of the Second Amended Complaint.

40.     The Hitachi Defendants deny each of the averments of Paragraph 40 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 40 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 40 of the Second Amended Complaint.

41.     The averments of Paragraph 41 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 41 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 41 of the Second Amended Complaint.

42.     The averments of Paragraph 42 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 42 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 42 of the Second Amended Complaint.

43.     The averments of Paragraph 43 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 43 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 43 of the Second Amended Complaint.

44.     The averments of Paragraph 44 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 44 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 44 of the Second Amended Complaint.

45.     The averments of Paragraph 45 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 45 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 45 of the Second Amended Complaint.

46.     The averments of Paragraph 46 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 46 may

be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 46 of the Second Amended Complaint.

47.    The averments of Paragraph 47 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 47 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 47 of the Second Amended Complaint.

48.    The averments of Paragraph 48 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 48 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 48 of the Second Amended Complaint.

49.    The averments of Paragraph 49 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 49 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 49 of the Second Amended Complaint.

50.    The averments of Paragraph 50 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 50 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 50 of the Second Amended Complaint.

51.    The averments of Paragraph 51 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 51 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 51 of the Second Amended Complaint.

52.    The averments of Paragraph 52 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 52 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 52 of the Second Amended Complaint.

53.    The averments of Paragraph 53 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 53 may

1  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

2  each of the averments in Paragraph 53 of the Second Amended Complaint.

3       54.    The averments of Paragraph 54 of the Second Amended Complaint are not directed at

4  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 54 may

5  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

6  each of the averments in Paragraph 54 of the Second Amended Complaint.

7       55.    The averments of Paragraph 55 of the Second Amended Complaint are not directed at

8  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 55 may

9  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

10  each of the averments in Paragraph 55 of the Second Amended Complaint.

11       56.    The averments of Paragraph 56 of the Second Amended Complaint are not directed at

12  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 56 may

13  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

14  each of the averments in Paragraph 56 of the Second Amended Complaint.

15       57.    The averments of Paragraph 57 of the Second Amended Complaint are not directed at

16  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 57 may

17  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

18  each of the averments in Paragraph 57 of the Second Amended Complaint.

19       58.    The averments of Paragraph 58 of the Second Amended Complaint are not directed at

20  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 58 may

21  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

22  each of the averments in Paragraph 58 of the Second Amended Complaint.

23       59.    The averments of Paragraph 59 of the Second Amended Complaint are not directed at

24  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 59 may

25  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

26  each of the averments in Paragraph 59 of the Second Amended Complaint.

27       60.    The averments of Paragraph 60 of the Second Amended Complaint are not directed at

28  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 60 may

1   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

2   each of the averments in Paragraph 60 of the Second Amended Complaint.

3        61.    The averments of Paragraph 61 of the Second Amended Complaint are not directed at

4   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 61 may

5   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

6   each of the averments in Paragraph 61 of the Second Amended Complaint.

7        62.    The averments of Paragraph 62 of the Second Amended Complaint are not directed at

8   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 62 may

9   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

10  each of the averments in Paragraph 62 of the Second Amended Complaint.

11       63.    The averments of Paragraph 63 of the Second Amended Complaint are not directed at

12  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 63 may

13  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

14  each of the averments in Paragraph 63 of the Second Amended Complaint.

15       64.    The averments of Paragraph 64 of the Second Amended Complaint are not directed at

16  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 64 may

17  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

18  each of the averments in Paragraph 64 of the Second Amended Complaint.

19       65.    The averments of Paragraph 65 of the Second Amended Complaint are not directed at

20  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 65 may

21  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

22  each of the averments in Paragraph 65 of the Second Amended Complaint.

23       66.    The averments of Paragraph 66 of the Second Amended Complaint are not directed at

24  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 66 may

25  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

26  each of the averments in Paragraph 66 of the Second Amended Complaint.

27       67.    The averments of Paragraph 67 of the Second Amended Complaint are not directed at

28  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 67 may

1   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

2   each of the averments in Paragraph 67 of the Second Amended Complaint.

3          68.     The averments of Paragraph 68 of the Second Amended Complaint are not directed at

4   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 68 may

5   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

6   each of the averments in Paragraph 68 of the Second Amended Complaint.

7          69.     The averments of Paragraph 69 of the Second Amended Complaint are not directed at

8   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 69 may

9   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

10  each of the averments in Paragraph 69 of the Second Amended Complaint.

11         70.     The averments of Paragraph 70 of the Second Amended Complaint are not directed at

12  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 70 may

13  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

14  each of the averments in Paragraph 70 of the Second Amended Complaint.

15         71.     The averments of Paragraph 71 of the Second Amended Complaint are not directed at

16  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 71 may

17  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

18  each of the averments in Paragraph 71 of the Second Amended Complaint.

19         72.     The averments of Paragraph 72 of the Second Amended Complaint are not directed at

20  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 72 may

21  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

22  each of the averments in Paragraph 72 of the Second Amended Complaint.

23         73.     The averments of Paragraph 73 of the Second Amended Complaint are not directed at

24  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 73 may

25  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

26  each of the averments in Paragraph 73 of the Second Amended Complaint.

27         74.     The averments of Paragraph 74 of the Second Amended Complaint are not directed at

28  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 74 may

be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 74 of the Second Amended Complaint.

75.    The averments of Paragraph 75 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 75 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 75 of the Second Amended Complaint.

76.    The averments of Paragraph 76 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 76 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 76 of the Second Amended Complaint.

77.    The averments of Paragraph 77 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 77 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 77 of the Second Amended Complaint.

78.    The averments of Paragraph 78 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 78 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 78 of the Second Amended Complaint.

79.    The averments of Paragraph 79 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 79 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 79 of the Second Amended Complaint.

80.    The averments of Paragraph 80 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 80 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 80 of the Second Amended Complaint.

81.    The averments of Paragraph 81 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 81 may

be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 81 of the Second Amended Complaint.

82.     The averments of Paragraph 82 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 82 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 82 of the Second Amended Complaint.

83.     The averments of Paragraph 83 consist of conclusions of law to which no response is required.  To the extent Paragraph 83 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 83 to the extent they relate to the Hitachi Defendants.  To the extent the averments of Paragraph 83 do not relate to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 83.

84.     The averments of Paragraph 84 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 84 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 84 of the Second Amended Complaint.

85.     The averments of Paragraph 85 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 85 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 85 of the Second Amended Complaint.

86.     The averments of Paragraph 86 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 86 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 86 of the Second Amended Complaint.

87.     The averments of Paragraph 87 of the Second Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 87 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 87 of the Second Amended Complaint.

88.     The averments of Paragraph 88 of the Second Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 88 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 88 of the Second Amended Complaint.

89.     The averments of Paragraph 89 of the Second Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 89 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 89 of the Second Amended Complaint.

90.     The averments of Paragraph 90 of the Second Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 90 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 90 of the Second Amended Complaint.

91.     The averments of Paragraph 91 of the Second Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 91 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 91 of the Second Amended Complaint.

92.     The averments of Paragraph 92 of the Second Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 92 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 92 of the Second Amended Complaint.

93.     The averments of Paragraph 93 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 93 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 93 of the Second Amended Complaint.

94.     The averments of Paragraph 94 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 94 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 94 of the Second Amended Complaint.

95.     The averments of Paragraph 95 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 95 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 95 of the Second Amended Complaint.

96.     The averments of Paragraph 96 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 96 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 96 of the Second Amended Complaint.

97.     The averments of Paragraph 97 of the Second Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 97 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 97 of the Second Amended Complaint.

98.     The averments of Paragraph 98 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 98 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 98 of the Second Amended Complaint.

99.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 99 of the Second Amended Complaint.

100.    To the extent the averments of Paragraph 100 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi defendants, and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 100 of the Second Amended Complaint.

101.    The averments of Paragraph 101 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 101 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 101 of the Second Amended Complaint.

102.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 102 of the Second Amended Complaint.

103.    The averments of subparts a-h and j-k of Paragraph 103 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny the averments of Paragraph 103 of the Second Amended Complaint, but admit that in 2000 LG Electronics, Inc. and Hitachi, Ltd. entered into an agreement to establish a joint venture company for the development, design and marketing of optical disk drives.

104.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 104 of the Second Amended Complaint.

105.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 105 of the Second Amended Complaint.

106.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 106 of the Second Amended Complaint.

107.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 107 of the Second Amended Complaint.

108.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 108 of the Second Amended Complaint.

109.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 109 of the Second Amended Complaint.

110.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 110 of the Second Amended Complaint.

111.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 111 of the Second Amended Complaint.

112.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 112 of the Second Amended Complaint.

113.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 113 of the Second Amended Complaint.

114.     The averments of the first sentence of Paragraph 114 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the first sentence of Paragraph 114 may be deemed to require a response, the Hitachi Defendants deny each of the averments of the first sentence of Paragraph 114 of the Second Amended Complaint.  The Hitachi Defendants deny each of the remaining averments of Paragraph 114 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the remaining averments of Paragraph 114 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the remaining averments of Paragraph 114 of the Second Amended Complaint.

115.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 115 of the Second Amended Complaint.

116.     The Hitachi Defendants deny each of the averments of Paragraph 116 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 116 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 116 of the Second Amended Complaint.

117.     The averments of Paragraph 117 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 117 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 117 of the Second Amended Complaint.

118.     To the extent the averments of Paragraph 118 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 118 of the Second Amended Complaint.

119.     The averments of Paragraph 119 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 119 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 119

1   of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

2   averments of Paragraph 119 of the Second Amended Complaint do not pertain to the Hitachi

3   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

4   Paragraph 119 of the Second Amended Complaint.

5        120.   The averments of Paragraph 120 of the Second Amended Complaint consist of

6   conclusions of law to which no response is required.  To the extent that Paragraph 120 may be

7   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 120

8   of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

9   averments of Paragraph 120 of the Second Amended Complaint do not pertain to the Hitachi

10  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

11  Paragraph 120 of the Second Amended Complaint.

12       121.   To the extent the averments of Paragraph 121 of the Second Amended Complaint are

13  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

14  121 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

15  averments of Paragraph 121 of the Second Amended Complaint do not pertain to the Hitachi

16  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

17  Paragraph 121 of the Second Amended Complaint.

18       122.   To the extent the averments of Paragraph 122 of the Second Amended Complaint are

19  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

20  122 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

21  averments of Paragraph 122 of the Second Amended Complaint do not pertain to the Hitachi

22  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

23  Paragraph 122 of the Second Amended Complaint.

24       123.   To the extent the averments of Paragraph 123 of the Second Amended Complaint are

25  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

26  123 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

27  averments of Paragraph 123 of the Second Amended Complaint do not pertain to the Hitachi

28

Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 123 of the Second Amended Complaint.

124.    To the extent the averments of Paragraph 124 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 124 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 124 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 124 of the Second Amended Complaint.

125.    To the extent the averments of Paragraph 125 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 125 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 125 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 125 of the Second Amended Complaint.

126.    To the extent the averments of Paragraph 126 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 126 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 126 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 126 of the Second Amended Complaint.

127.    To the extent the averments of Paragraph 127 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 121 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 127 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 127 of the Second Amended Complaint.

128.    To the extent the averments of Paragraph 128 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

128 of the Second Amended Complaint as it pertains to the Hitachi Defendants. To the extent the averments of Paragraph 128 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 128 of the Second Amended Complaint.

129.     To the extent the averments of Paragraph 129 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 129 of the Second Amended Complaint as it pertains to the Hitachi Defendants. To the extent the averments of Paragraph 129 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 129 of the Second Amended Complaint.

130.     To the extent the averments of Paragraph 130 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 130 of the Second Amended Complaint as it pertains to the Hitachi Defendants. To the extent the averments of Paragraph 130 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 130 of the Second Amended Complaint.

131.     To the extent the averments of Paragraph 131 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 131 of the Second Amended Complaint as it pertains to the Hitachi Defendants. To the extent the averments of Paragraph 131 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 131 of the Second Amended Complaint.

132.     The averments of Paragraph 132 of the Second Amended Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 132 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 132 of the Second Amended Complaint as it pertains to the Hitachi Defendants. To the extent the averments of Paragraph 132 of the Second Amended Complaint do not pertain to the Hitachi

Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 132 of the Second Amended Complaint.

133.    To the extent the averments of Paragraph 133, including all subparts, of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 133 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 133 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 133 of the Second Amended Complaint.

134.    To the extent the averments of Paragraph 134 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 134 as it pertains to the Hitachi Defendants.  To the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 134 of the Second Amended Complaint.

135.    To the extent the averments of Paragraph 135 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 135 as it pertains to the Hitachi Defendants.  To the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 135 of the Second Amended Complaint.

136.    The Hitachi Defendants deny each of the averments of Paragraph 136 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 136 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 136 of the Second Amended Complaint.

137.    The Hitachi Defendants deny each of the averments of Paragraph 137 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 137 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 137 of the Second Amended Complaint.

138.    The Hitachi Defendants deny each of the averments of Paragraph 138 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 138 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 138 of the Second Amended Complaint.

139.    The averments of Paragraph 139 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent averments of Paragraph 139 of the Second Amended Complaint may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 139 as it pertains to the Hitachi Defendants.  To the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 139 of the Second Amended Complaint.

140.    The Hitachi Defendants deny each of the averments of Paragraph 140 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 140 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 140 of the Second Amended Complaint.

141.    The Hitachi Defendants deny each of the averments of Paragraph 141 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 141 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 141 of the Second Amended Complaint.

142.    The Hitachi Defendants deny each of the averments in Paragraph 142 of the Second Amended Complaint.

143.    The Hitachi Defendants deny each of the averments in Paragraph 143 of the Second Amended Complaint.

144.    The averments of Paragraph 144 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 144

may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 144 of the Second Amended Complaint.

145.    The averments of Paragraph 145 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 145 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 145 of the Second Amended Complaint.

146.    The averments of Paragraph 146 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 146 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 146 of the Second Amended Complaint.

147.    The averments of Paragraph 147 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 147 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 147 of the Second Amended Complaint.

148.    The averments of Paragraph 148 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 148 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 148 of the Second Amended Complaint.

149.    The averments of Paragraph 149 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 149 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 149 of the Second Amended Complaint.

150.    The averments of Paragraph 150 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 150 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 150 of the Second Amended Complaint.

151.    The averments of Paragraph 151 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 151

1    may be deemed to require a response, the Hitachi Defendants deny, for want of information or

2    belief, each of the averments in Paragraph 151 of the Second Amended Complaint.

3        152.    The averments of Paragraph 152 of the Second Amended Complaint are not directed

4    at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 152

5    may be deemed to require a response, the Hitachi Defendants deny, for want of information or

6    belief, each of the averments in Paragraph 152 of the Second Amended Complaint.

7        153.    The averments of Paragraph 153 of the Second Amended Complaint are not directed

8    at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 153

9    may be deemed to require a response, the Hitachi Defendants deny, for want of information or

10   belief, each of the averments in Paragraph 153 of the Second Amended Complaint.

11       154.    The averments of Paragraph 154 of the Second Amended Complaint are not directed

12   at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 154

13   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

14   belief, each of the averments in Paragraph 154 of the Second Amended Complaint.

15       155.    The averments of Paragraph 155 of the Second Amended Complaint are not directed

16   at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 155

17   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

18   belief, each of the averments in Paragraph 155 of the Second Amended Complaint.

19       156.    The averments of Paragraph 156 of the Second Amended Complaint are not directed

20   at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 156

21   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

22   belief, each of the averments in Paragraph 156 of the Second Amended Complaint.

23       157.    The averments of Paragraph 157 of the Second Amended Complaint are not directed

24   at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 157

25   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

26   belief, each of the averments in Paragraph 157 of the Second Amended Complaint.

27       158.    The averments of Paragraph 158 of the Second Amended Complaint are not directed

28   at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 158

may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 158 of the Second Amended Complaint.

159.    The averments of Paragraph 159 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 159 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 159 of the Second Amended Complaint.

160.    The averments of Paragraph 160 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 160 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 160 of the Second Amended Complaint.

161.    The averments of Paragraph 161 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 161 may be deemed to require a response, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 161 of the Second Amended complaint.

162.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 162 of the Second Amended Complaint.

163.    The averments in Paragraph 163 of the Second Amended Complaint purport to be derived from a Stanford Resources, Inc. report, and, therefore, no response is required.  To the extent that Paragraph 163 may be deemed to require a response, the Hitachi Defendants respond that the report speaks for itself and deny, for want of information or belief, the averments in Paragraph 167 of the Second Amended Complaint.

164.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 164 of the Second Amended Complaint as they relate to the Hitachi Defendants.  The averments in the second, third, and fourth sentences of Paragraph 164 of the Second Amended Complaint purport to be derived from a Fuji Chimera Research report, and thus no response is required.  To the extent that the averments in the second, third, and fourth

sentences of Paragraph 164 may be deemed to require a response, the Hitachi Defendants respond that the report speaks for itself and deny, for want of information and belief, the averments in the second, third, and fourth sentences of Paragraph 164 of the Second Amended Complaint.

165. The Hitachi Defendants deny, for want of information or belief, each of the averments in the first and fourth sentences of Paragraph 165 of the Second Amended Complaint. The remainder of the averments in Paragraph 165 purport to be derived from industry analysts, and thus no response is required. To the extent that the remainder of the averments in Paragraph 165 may be deemed to require a response, the Hitachi Defendants respond that the industry analysts speak for themselves and deny, for want of information or belief, the remainder of the averments of Paragraph 165 of the Second Amended Complaint.

166. The averments of Paragraph 166 purport to be derived from an industry source, and thus no response is required. To the extent that Paragraph 166 may be deemed to require a response, the Hitachi Defendants respond that the statements of the industry source speak for themselves and deny, for want of information or belief, the averments of Paragraph 166 of the Second Amended Complaint.

167. The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 167 of the Second Amended Complaint.

168. The Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 168 of the Second Amended Complaint. The remainder of the averments of Paragraph 168 purport to be derived from an Infotech Weekly article and thus no response is required. To the extent that the remainder of Paragraph 168 may be deemed to require a response, the Hitachi Defendants respond that the Infotech Weekly article speaks for itself and deny, for want of information or belief, the remainder of the averments of Paragraph 168 of the Second Amended Complaint.

169. The averments in Paragraph 169 of the Second Amended Complaint purport to quote and/or be derived from a BNET Business Network article, and thus no response is required. To the extent that the averments in Paragraph 169 may be deemed to require a response, the Hitachi

Defendants respond that the BNET Business Network article speaks for itself and deny, for want of information or belief, the averments in Paragraph 169 of the Second Amended Complaint.

170.    The averments in Paragraph 170 of the Second Amended Complaint purport to quote and/or be derived from a Techtree.com article, and thus no response is required.  To the extent that the averments in Paragraph 170 may be deemed to require a response, the Hitachi Defendants respond that the Techtree.com article speaks for itself and deny, for want of information or belief, the averments in Paragraph 170 of the Second Amended Complaint.

171.    The Hitachi Defendants deny each of the averments of Paragraph 171 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 171 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 171 of the Second Amended Complaint.

172.    The Hitachi Defendants deny each of the averments of Paragraph 172 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 172 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 172of the Second Amended Complaint.

173.    The averments in the first sentence of Paragraph 173 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the averments in the first sentence of Paragraph 173 of the Second Amended Complaint may be deemed to require a response, the Hitachi Defendants deny each of the averments in the first sentence of Paragraph 173 as they apply to the Hitachi Defendants.  To the extent the averments in the first sentence of Paragraph 173 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 173 of the Second Amended Complaint.  The remainder of the averments in Paragraph 173 purports to quote from the President of Skyworth Macao Commercial Off Shore Co., Ltd., Finsen Yu, and thus no response is required.  To the extent that the remainder of Paragraph 173 may be deemed to require a response, the Hitachi Defendants respond that the

1    statement of the President of Skyworth Macao Commercial Off Shore Co., Ltd. speaks for itself and

2    deny, for want of information or belief, the remainder of the averments of Paragraph 173 of the

3    Second Amended Complaint.

4          174.    The Hitachi Defendants deny, for want of information or belief, each of the

5    averments of Paragraph 174 of the Second Amended Complaint.

6          175.    The Hitachi Defendants deny, for want of information or belief, each of the

7    averments of Paragraph 175 of the Second Amended Complaint.

8          176.    The averments of Paragraph 176 of the Second Amended Complaint consist of

9    conclusions of law to which no response is required.  To the extent that Paragraph 176 may be

10   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 176

11   of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

12   averments of Paragraph 176 of the Second Amended Complaint do not pertain to the Hitachi

13   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

14   Paragraph 176 of the Second Amended Complaint.

15         177.    The Hitachi Defendants deny, for want of information or belief, each of the

16   averments of Paragraph 177 of the Second Amended Complaint.

17         178.    The averments of Paragraph 178 of the Second Amended Complaint are not directed

18   at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 178

19   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

20   belief, each of the averments in Paragraph 178 of the Second Amended Complaint.

21         179.    The averments of Paragraph 179 of the Second Amended Complaint are not directed

22   at the Hitachi Defendants and purport to be derived from a Kyodo News report, and therefore, no

23   response is required.  To the extent that the averments in Paragraph 179 may be deemed to require a

24   response, the Hitachi Defendants respond that the Kyodo News report speaks for itself and deny, for

25   want of information or belief, the averments in Paragraph 179 of the Second Amended Complaint.

26         180.    The averments of Paragraph 180 of the Second Amended Complaint are not directed

27   at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 180

28

1   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

2   belief, each of the averments in Paragraph 180 of the Second Amended Complaint.

3          181.    The averments of Paragraph 181 of the Second Amended Complaint are not directed

4   at the Hitachi Defendants and purport to be derived from an Asian Shimbun report, and therefore, no

5   response is required.  To the extent that the averments in Paragraph 181 may be deemed to require a

6   response, the Hitachi Defendants respond that the Asian Shimbun report speaks for itself and deny,

7   for want of information or belief, the averments in Paragraph 181 of the Second Amended

8   Complaint.

9          182.    The averments of Paragraph 182 of the Second Amended Complaint are not directed

10  at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 182

11  may be deemed to require a response, the Hitachi Defendants deny, for want of information or

12  belief, each of the averments in Paragraph 182 of the Second Amended Complaint.

13         183.    The averments of Paragraph 183 of the Second Amended Complaint are not directed

14  at the Hitachi Defendants and purport to be derived from a Toshiba Annual Report, and, therefore,

15  no response is required.  To the extent that the averments in Paragraph 183 may be deemed to

16  require a response, the Hitachi Defendants respond that the Toshiba Annual Report speaks for itself

17  and deny, for want of information or belief, the averments in Paragraph 183 of the Second Amended

18  Complaint.

19         184.    The averments of Paragraph 184 of the Second Amended Complaint are not directed

20  at the Hitachi Defendants and purport to be derived from a statement by the Hungarian Competition

21  Authority, and, therefore, no response is required.  To the extent that the averments in Paragraph 184

22  may be deemed to require a response, the Hitachi Defendants respond that the statement of the

23  Hungarian Competition Authority speaks for itself and deny, for want of information or belief, the

24  averments in Paragraph 184 of the Second Amended Complaint.

25         185.    The averments in Paragraph 185 of the Second Amended Complaint are not directed

26  at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for

27  want of information or belief, the averments of Paragraph 185 of the Second Amended Complaint to

28  the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

specifically admitted herein.  To the extent the averments of Paragraph 185 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein.  The Hitachi Defendants admit that C.Y. Lin of Chunghwa Picture Tubes was indicted, the details of which are matters of public record.

186.   The averments in Paragraph 186 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 186 of the Second Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the extent the averments of Paragraph 186 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein.  The Hitachi Defendants admit that Tony Cheng of Chunghwa Picture Tubes was indicted, the details of which are matters of public record.

187.   The averments in Paragraph 187 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 187 of the Second Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the extent the averments of Paragraph 187 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein.  The Hitachi Defendants admit that Chung Cheng Yeh, an employee of a Taiwanese company, was indicted, the details of which are matters of public record.

188.   The averments in Paragraph 188 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 188 of the Second Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the extent the averments of Paragraph 188 of the Second Amended

1  Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

2  averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted

3  herein.  The Hitachi Defendants admit that Seung-Kyu Lee, Yeong-Ug Yang, and Jae-Sik Kim were

4  indicted, the details of which are matters of public record.

5          189.    The averments in Paragraph 189 of the Second Amended Complaint are not directed

6  at the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 189 may

7  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the

8  averments of Paragraph 189 to the extent they relate to defendants other than the Hitachi Defendants

9  with the exception of matters specifically admitted herein.  To the extent the averments of Paragraph

10  189 are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it

11  pertains to the Hitachi Defendants with the exception of matters specifically admitted herein.  The

12  Hitachi Defendants admit that the DOJ issued a press release on March 18, 2011, the details of

13  which are matters of public record.

14          190.    The averments in Paragraph 190 of the Second Amended Complaint are not directed

15  at the Hitachi Defendants, and, therefore, no response is required.  To the extent the Paragraph 190

16  may be deemed to require a response, the Hitachi Defendants deny, for want of information or

17  belief, the averments of Paragraph 190 of the Second Amended Complaint to the extent they relate

18  to defendants other than the Hitachi Defendants.  To the extent the averments of Paragraph 190 of

19  the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny

20  each of the averments as it pertains to the Hitachi Defendants.

21          191.    The averments in Paragraph 191 of the Second Amended Complaint are not directed

22  at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for

23  want of information or belief, the averments of Paragraph 191 of the Second Amended Complaint to

24  the extent they relate to defendants other than the Hitachi Defendants.  To the extent the averments

25  of Paragraph 191 of the Second Amended Complaint are directed at the Hitachi Defendants, the

26  Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants.

27          192.    The averments in Paragraph 192 of the Second Amended Complaint are not directed

28  at the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 192 may

be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 192 of the Second Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the extent the averments of Paragraph 192 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein.  The Hitachi Defendants admit that the European Commission made an announcement on December 5, 2012, the details of which are matters of public record.

193.    The Hitachi Defendants deny each of the averments of Paragraph 193 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 193 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 193 of the Second Amended Complaint.

194.    The averments of Paragraph 194 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 194 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 194 of the Second Amended Complaint.

195.    The averments of Paragraph 195 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of Paragraph 195 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 195 of the Second Amended Complaint.

196.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 196 of the Second Amended Complaint.

1    197.    The averments of Paragraph 197 of the Second Amended Complaint are not directed

2    at the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of

3    Paragraph 197 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi

4    Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the

5    averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of

6    information or belief, the averments of Paragraph 197 of the Second Amended Complaint.

7    198.    The averments of Paragraph 198 of the Second Amended Complaint are not directed

8    at the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of

9    Paragraph 198 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi

10   Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the

11   averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of

12   information or belief, the averments of Paragraph 198 of the Second Amended Complaint.

13   199.    The averments of Paragraph 199 of the Second Amended Complaint purport to be

14   derived from a DOJ press release, and, therefore, no response is required.  To the extent that the

15   averments of Paragraph 199 may be deemed to require a response, the Hitachi Defendants respond

16   that the DOJ press release speaks for itself and deny the averments of Paragraph 199, except admit

17   that Hitachi Displays, Ltd. entered into a plea agreement and paid a $31 million fine in connection

18   with allegations that it participated in a conspiracy to fix the prices of TFT-LCD panels sold to Dell,

19   Inc. for use in notebook computers from April 1, 2001, through March 31, 2004.

20   200.    The averments of Paragraph 200 of the Second Amended Complaint purport to be

21   derived from indictments filed in the Northern District of California and thus no response is

22   required.  To the extent that the averments of Paragraph 200 may be deemed to require a response,

23   the Hitachi Defendants respond that the indictments speak for themselves and deny the averments of

24   Paragraph 200 as they pertain to the Hitachi defendants, except admit that an Information was filed

25   as to Hitachi Displays, Ltd. alleging that the conduct charged therein "was carried out, in part, in the

26   Northern District of California."  To the extent the averments of Paragraph 200 do not pertain to the

27   Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

28   Paragraph 200 of the Second Amended Complaint.

201.     The averments of the first sentence of Paragraph 201 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the first sentence of Paragraph 201 may be deemed to require a response, the Hitachi Defendants deny each of the averments of the first sentence of Paragraph 201 of the Second Amended Complaint.  To the extent the remaining averments of Paragraph 201 of the Second Amended Complaint are directed at the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 201 of the Second Amended Complaint.

202.     The averments in Paragraph 202 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 202 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 202 of the Second Amended Complaint.

203.     To the extent the averments of Paragraph 203 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny the averments of Paragraph 203 of the Second Amended Complaint.  To the extent the averments of Paragraph 203 of the Second Amended Complaint are not directed at the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 203 of the Second Amended Complaint.

204.     To the extent the averments of Paragraph 204 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 204 of the Second Amended Complaint.

205.     To the extent the averments of Paragraph 205 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 205 of the Second Amended Complaint.

206.     To the extent the averments of Paragraph 206 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 206 of the Second Amended Complaint.

207.     The averments in Paragraph 207 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 207 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 207 of the Second Amended Complaint.

208.     The averments in Paragraph 208 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 208 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 208 of the Second Amended Complaint.

209.     The averments in Paragraph 209 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 209 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 209 of the Second Amended Complaint.

210.     The averments in Paragraph 210 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 210 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 210 of the Second Amended Complaint.

211.     The averments in Paragraph 211 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 211 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 211 of the Second Amended Complaint.

212.     The Hitachi Defendants deny, for want of information or belief, deny each of the averments in the first and fourth sentences of Paragraph 212 of the Second Amended Complaint. The remainder of the averments of Paragraph 212 purports to be derived from industry analysts, and

thus no response is required.  To the extent the remainder of the averments of Paragraph 212 may be deemed to require a response, the Hitachi Defendants respond that the industry analysts speak for themselves and deny, for want of information or belief, the remainder of the averments of Paragraph 212 of the Second Amended Complaint.

213.    The averments of Paragraph 213 purport to be derived from an industry source, and thus no response is required.  To the extent that Paragraph 213 may be deemed to require a response, the Hitachi Defendants respond that the statements of the industry source speak for themselves and deny, for want of information or belief, the averments of Paragraph 213 of the Second Amended Complaint.

214.    The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 214 of the Second Amended Complaint.

215.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the second and third sentences of Paragraph 215 of the Second Amended Complaint. The first sentence of Paragraph 215 purports to be derived from a CNET News.com article, and thus no response is required.  To the extent that the first sentence of Paragraph 215 may be deemed to require a response, the Hitachi Defendants respond that the statement from the article speaks for itself and deny, for want of information or belief, the averments of Paragraph 215 of the Second Amended Complaint.

216.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 216 of the Second Amended Complaint.  The remainder of the averments of Paragraph 216 purports to be derived from a keynote speaker at Asia Display, and thus no response is required.  To the extent that the remainder of the averments of Paragraph 216 may be deemed to require a response, the Hitachi Defendants respond that the statement by the keynote speaker at Asia Display speaks for itself and deny, for want of information and belief, the remainder of the averments of Paragraph 216 of the Second Amended Complaint.

217.    The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 217 of the Second Amended Complaint.

218.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 218 of the Second Amended Complaint.  The remainder of the averments of Paragraph 218 purports to be derived from a March 13, 2000 article and thus no response is required.  To the extent that the remainder of Paragraph 218 may be deemed to require a response, the Hitachi Defendants respond that the March 13, 2000 article speaks for itself and deny, for want of information or belief, the remainder of Paragraph 218 of the Second Amended Complaint.

219.    The averments in Paragraph 219 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 219 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 219 of the Second Amended Complaint.

220.    The averments in the first sentence of Paragraph 220 of the Second Amended Complaint consist of conclusions of law to which no response is required. To the extent that the averments in the first sentence of Paragraph 220 of the Second Amended Complaint may be deemed to require a response, the Hitachi Defendants deny each of the averments in the first sentence of Paragraph 220 of the Second Amended Complaint as it applies to the Hitachi Defendants. To the extent the averments in the first sentence of Paragraph 220 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 220 of the Second Amended Complaint. The remainder of the averments of Paragraph 220 purports to quote from the President of Skyworth Macao Commercial Off Shore Co., Ltd., Finsen Yu, and thus no response is required.  To the extent that the remainder of Paragraph 220 may be deemed to require a response, the Hitachi Defendants respond that the statement of the President of Skyworth Macao Commercial Off Shore Co., Ltd. speaks for itself and deny, for want of information or belief, the remainder of the averments of Paragraph 220 of the Second Amended Complaint.

221.    The averments of Paragraph 221 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 221 may be

deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 221 of the Second Amended Complaint.

222.     The averments of Paragraph 222, including all subparts, of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 222 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 222 of the Second Amended Complaint.

223.     The averments of Paragraph 223 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 223 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 223 of the Second Amended Complaint.

224.     The averments of Paragraph 224 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 224 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 224 of the Second Amended Complaint.

225.     The averments of Paragraph 225 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 225 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 225 of the Second Amended Complaint.

226.     The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 226 of the Second Amended Complaint.

227.     The Hitachi Defendants deny each of the averments of Paragraph 227 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 227 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 227 of the Second Amended Complaint.

228.     The Hitachi Defendants deny each of the averments of Paragraph 228 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 228 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the

Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 228 of the Second Amended Complaint.

229.    The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 229 of the Second Amended Complaint.

230.    The averments of Paragraph 230 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 230 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 230 of the Second Amended Complaint.

231.    The averments of Paragraph 231 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 231 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 231 of the Second Amended Complaint.

232.    The averments of Paragraph 232 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 232 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 232 of the Second Amended Complaint.

233.    The averments of Paragraph 233 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 233 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 233 of the Second Amended Complaint.

234.    The averments of Paragraph 234 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 234 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 234 of the Second Amended Complaint.

235.    The Hitachi Defendants deny each of the averments of Paragraph 235 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 235 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the

1   Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 235 of the

2   Second Amended Complaint.

3        236.    The Hitachi Defendants deny each of the averments of Paragraph 236 of the Second

4   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

5   Paragraph 236 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the

6   Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 236 of the

7   Second Amended Complaint.

8        237.    The averments of Paragraph 237 of the Second Amended Complaint consist of

9   conclusions of law to which no response is required.  To the extent that Paragraph 237 may be

10   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 237

11   of the Second Amended Complaint.

12        238.    The averments of Paragraph 238 of the Second Amended Complaint consist of

13   conclusions of law to which no response is required.  To the extent that Paragraph 238 may be

14   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 238

15   of the Second Amended Complaint.

16        239.    The averments of Paragraph 239 of the Second Amended Complaint consist of

17   conclusions of law to which no response is required.  To the extent that Paragraph 239 may be

18   deemed to require a response, the Hitachi Defendants respond that the statement of the Deputy

19   General Manager for an LG Electronics distributor speaks for itself and deny, for want of

20   information or belief, the averments in Paragraph 239 of the Second Amended Complaint.

21        240.    The Hitachi Defendants deny each of the averments of Paragraph 240 of the Second

22   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

23   Paragraph 240 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the

24   Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 240 of the

25   Second Amended Complaint.

26        241.    The Hitachi Defendants deny each of the averments of Paragraph 241 of the Second

27   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

28   Paragraph 241 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the

1    Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 241 of the

2    Second Amended Complaint.

3         242.    The averments of Paragraph 242 of the Second Amended Complaint consist of

4    conclusions of law to which no response is required.  To the extent that Paragraph 242 may be

5    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 242

6    of the Second Amended Complaint.

7         243.    The averments of Paragraph 243 of the Second Amended Complaint consist of

8    conclusions of law to which no response is required.  To the extent that Paragraph 243 may be

9    deemed to require a response, the Hitachi Defendants deny the averments in Paragraph 243 and, to

10   the extent applicable, incorporate by reference their responses, set forth in this Answer and as if set

11   forth fully herein, to the averments in Paragraphs 185-191.

12        244.    The averments of Paragraph 244 of the Second Amended Complaint consist of

13   conclusions of law to which no response is required.  To the extent that Paragraph 244 may be

14   deemed to require a response, the Hitachi Defendants deny the averments in Paragraph 244.

15        245.    The averments of Paragraph 245 of the Second Amended Complaint consist of

16   conclusions of law to which no response is required.  To the extent that Paragraph 245 may be

17   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 245

18   of the Second Amended Complaint.

19        246.    Answering the averments of Paragraph 246 of the Second Amended Complaint, the

20   Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and

21   as if set forth fully herein, to the averments of Paragraphs 1-245 of the Second Amended Complaint.

22        247.    The averments of Paragraph 247 of the Second Amended Complaint consist of

23   conclusions of law to which no response is required.  To the extent that Paragraph 247 may be

24   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 247

25   of the Second Amended Complaint.

26        248.    The averments of Paragraph 248 of the Second Amended Complaint consist of

27   conclusions of law to which no response is required.  To the extent that Paragraph 248 may be

28

deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 248 of the Second Amended Complaint.

249.    The averments of Paragraph 249 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 249 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 249 of the Second Amended Complaint.

250.    The averments of Paragraph 250 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 250 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 250 of the Second Amended Complaint.

251.    The averments of Paragraph 251 of the Second Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 251 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 251 of the Second Amended Complaint.

252.    The averments of Paragraph 252 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 252 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 252 of the Second Amended Complaint.

253.    Answering the averments of Paragraph 253 of the Second Amended Complaint, the Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and as if set forth fully herein, to the averments of Paragraphs 1-252 of the Second Amended Complaint.

254.    The averments of Paragraph 254 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 254 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 254 of the Second Amended Complaint.

255.    The averments of Paragraph 255 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 255

may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 255 of the Second Amended Complaint.

256.    The averments of Paragraph 256 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 256 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 256 of the Second Amended Complaint.

257.    The averments of Paragraph 257 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 257 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 257 of the Second Amended Complaint.

258.    The averments of Paragraph 258 of the Second Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 258 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 258 of the Second Amended Complaint.

259.    The averments of Paragraph 259 of the Second Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 259 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 259 of the Second Amended Complaint.

260.    The averments of Paragraph 260 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 260 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 260 of the Second Amended Complaint.

261.    The averments of Paragraph 261 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 261 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 261 of the Second Amended Complaint.

262.    Answering the averments of Paragraph 262 of the Second Amended Complaint, the Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and as if set forth fully herein, to the averments of Paragraphs 1-261 of the Second Amended Complaint.

263.    The averments of Paragraph 263 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 263 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 263 of the Second Amended Complaint.

264.    The averments of Paragraph 264 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 264 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 264 of the Second Amended Complaint.

265.    The averments of Paragraph 265 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 265 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 265 of the Second Amended Complaint.

266.    The averments of Paragraph 266 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 266 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 266 of the Second Amended Complaint.

267.    The averments of Paragraph 267 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 267 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 267 of the Second Amended Complaint.

268.    The averments of Paragraph 268 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 268 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 268 of the Second Amended Complaint.

269.    The averments of Paragraph 269 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 269 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 269 of the Second Amended Complaint.

270.    The averments of Paragraph 270 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 270 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 270 of the Second Amended Complaint.

271.    Answering the averments of Paragraph 271 of the Second Amended Complaint, the Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and as if set forth fully herein, to the averments of Paragraphs 1-270 of the Second Amended Complaint.

272.    The averments of Paragraph 272 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 272 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 272 of the Second Amended Complaint.

273.    The averments of Paragraph 273 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 273 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 273 of the Second Amended Complaint.

274.    The averments of Paragraph 274 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 274 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 274 of the Second Amended Complaint.

275.    The averments of Paragraph 275 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 275 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 275 of the Second Amended Complaint.

276.     The averments of Paragraph 276 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 276 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 276 of the Second Amended Complaint.

277.     The averments of Paragraph 277 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 277 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 277 of the Second Amended Complaint.

278.     Answering the averments of Paragraph 278 of the Second Amended Complaint, the Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and as if set forth fully herein, to the averments of Paragraphs 1-277 of the Second Amended Complaint.

279.     The averments of Paragraph 279 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 279 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 279 of the Second Amended Complaint.

280.     The averments of Paragraph 280 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 280 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 280 of the Second Amended Complaint.

281.     The averments of Paragraph 281 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 281 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 281 of the Second Amended Complaint.

282.     The averments of Paragraph 282 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 282 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 282 of the Second Amended Complaint.

283.    The averments of Paragraph 283 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 283 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 283 of the Second Amended Complaint.

284.    The averments of Paragraph 284 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 284 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 284 of the Second Amended Complaint.

### PLAINTIFFS' PRAYER FOR RELIEF

The Hitachi Defendants deny each of the Averments of Paragraphs A through E of plaintiffs' Prayer for Relief in the Second Amended Complaint, and aver that plaintiffs are not entitled to any relief of any kind for or as against any of the Hitachi Defendants.

### JURY TRIAL DEMAND

To the extent any response is required to the plaintiffs' Jury Trial Demand, the Hitachi Defendants admit that plaintiffs purport to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

### AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

Without assuming the burden of proof where it rests upon plaintiffs, the Hitachi Defendants aver the following as separate affirmative and/or additional defenses to plaintiffs' Second Amended Complaint:

### FIRST DEFENSE

### (Failure To State A Claim)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the Second Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

### (Statutes Of Limitations)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the applicable statutes of limitations.

**THIRD DEFENSE**

**(Withdrawal)**

Each of Plaintiffs' claims is barred, in whole or in part, by reason of the Hitachi Defendants' withdrawal from and/or abandonment of any alleged conspiracy.

**FOURTH DEFENSE**

**(Claim Splitting And Election Of Remedies)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of claim splitting and by the doctrine of the election of remedies.

**FIFTH DEFENSE**

**(Laches, Estoppel, Waiver, And/Or Unclean Hands)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, under the doctrines of laches, estoppel, waiver, and/or unclean hands.

**SIXTH DEFENSE**

**(Reasonable Justification)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because all of the actions of the Hitachi Defendants being challenged by plaintiffs were lawful, justified, pro-competitive, constitute bona fide business competition, and were carried out in furtherance of the Hitachi Defendants' legitimate business interests.

**SEVENTH DEFENSE**

**(Ratification, Acquiescence, Agreement Or Consent)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of plaintiffs' ratification of, or acquiescence, agreement or consent to the conduct of the Hitachi Defendants.

**EIGHTH DEFENSE**

**(Accord And Satisfaction, Release And Settlement)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the doctrines of accord and satisfaction, release and settlement.

## NINTH DEFENSE

### (Government Privilege)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the alleged conduct of the Hitachi Defendants that is the subject of the Second Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## TENTH DEFENSE

### (Lack of Standing)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs lack standing to bring the claims asserted in the Second Amended Complaint.

## ELEVENTH DEFENSE

### (Failure To Plead Fraud Particularly; Fed. R. Civ. P. 9(B))

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have failed to allege fraudulent concealment with particularity.

## TWELFTH DEFENSE

### (Ultra Vires)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because, to the extent that any employee or agent of the Hitachi Defendants engaged in any unlawful act or omission, which unlawful act or omission the Hitachi Defendants expressly deny, any such actionable act or omission would have been committed by individuals acting ultra vires.

## THIRTEENTH DEFENSE

### (Intervening Causes)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs' alleged injuries, if any, stemmed from intervening and/or superseding causes.

**FOURTEENTH DEFENSE**

**(Lack Of Antitrust Injury)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because no plaintiff has suffered an antitrust injury.

**FIFTEENTH DEFENSE**

**(No Act Of The Hitachi Defendants)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because no plaintiff has been injured in its business or property by reason of any action of the Hitachi Defendants.

**SIXTEENTH DEFENSE**

**(Speculative Damages)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the plaintiffs' alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**SEVENTEENTH DEFENSE**

**(Failure To Mitigate Damages)**

Each of plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, because of and to the extent of plaintiffs' failure to mitigate damages.

**EIGHTEENTH DEFENSE**

**(Set-Off)**

Plaintiffs purchased products worth $1,073,817.01 from defendant Hitachi America, Ltd. in 2008 and 2009 on credit.  Plaintiffs never paid for those products.  Each of plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, by the doctrine of set-off.

**NINETEENTH DEFENSE**

**(Recoupment)**

Plaintiffs purchased products worth $1,073,817.01 from defendant Hitachi America, Ltd. in 2008 and 2009 on credit.  Plaintiffs never paid for those products.  Each of plaintiffs' claims or

causes of action is barred from recovery of damages, in whole or in part, by the doctrine of recoupment.

## TWENTIETH DEFENSE

### (Pass Through)

Plaintiffs' claims or causes of action for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge, the existence of which the Hitachi Defendants expressly deny, was absorbed, in whole or in part, by others, and was not passed through to plaintiffs.

## TWENTY-FIRST DEFENSE

### (Restitution)

Each of plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, to the extent that any restitution or award of damages to plaintiffs would be excessive and punitive, and disproportionate to any alleged injury suffered by plaintiffs.

## TWENTY-SECOND DEFENSE

### (Available Remedy At Law)

Each of plaintiffs' claims or causes of action for injunction or other equitable relief is barred, in whole or in part, because plaintiffs have available an adequate remedy at law.

## TWENTY-THIRD DEFENSE

### (Injunction)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs seek to enjoin alleged events that have already transpired and without the requisite showing of threatened future harm or continuing violation.

## TWENTY-FOURTH DEFENSE

### (Residency)

To the extent plaintiffs seek to assert claims or obtain relief under the laws of a state of which they are not a resident, those claims are barred by (i) constitutional rights of due process; (ii) choice of law principles; and (iii) the laws of the states under which plaintiffs assert their claims.

**TWENTY-FIFTH DEFENSE**

**(Unjust Enrichment)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Second Amended Complaint.

**TWENTY-SIXTH DEFENSE**

**(Improper Venue)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because venue does not lie in this Court.

**TWENTY-SEVENTH DEFENSE**

**(Comparative Fault)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent the injuries alleged in the Second Amended Complaint, the fact and extent of which are expressly denied by the Hitachi Defendants, were directly and proximately caused by or contributed to by the statements, acts or omissions of plaintiffs or third persons or entities unaffiliated with the Hitachi Defendants.

**TWENTY-EIGHTH DEFENSE**

**(Res Judicata And/Or Collateral Estoppel)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppels.

**TWENTY-NINTH DEFENSE**

**(Foreign Trade Antitrust Improvements Act)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## THIRTIETH DEFENSE

### (Foreign Sales)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent plaintiffs seek to recover damages, if any, based on sales outside of the United States.

## THIRTY-FIRST DEFENSE

### (Improper Joinder)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs' claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to all defendants.

## THIRTY-SECOND DEFENSE

### (Failure To Exhaust Remedies)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs failed to exhaust all remedies against the parties with whom each plaintiff is in privity.

## THIRTY-THIRD DEFENSE

### (No Multiple Recoveries)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent it would result in the Hitachi Defendants paying damages to more than one claimant for the same alleged overcharge, because such multiple recoveries would violate rights guaranteed to the Hitachi Defendants by applicable states' laws and the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

## THIRTY-FOURTH DEFENSE

### (Voluntary Payment Doctrine)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the voluntary payment doctrine, under which plaintiffs are not entitled to recover payments made with full knowledge of the facts.

**THIRTY-FIFTH DEFENSE**

**(Incorporation Of Defenses Of Others)**

The Hitachi Defendants adopt by reference any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

**THIRTY-SIXTH DEFENSE**

**(Privilege)**

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of the Hitachi Defendants was justified, constituted *bona fide* business competition, and was taken in pursuit of its own legitimate business and economic interests and is therefore privileged.

**THIRTY-SEVENTH DEFENSE**

**(Noerr-Pennington Doctrine)**

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, by the doctrine of Noerr-Pennington.

**THIRTY-EIGHTH DEFENSE**

**(Forum Non Conveniens)**

The Second Amended Complaint should be dismissed on the grounds of forum non conveniens.

**THIRTY-NINTH DEFENSE**

**(Improper Forum/Arbitration)**

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because plaintiffs have agreed to arbitration or chose a different forum for the resolution of their claims.

**FORTIETH DEFENSE**

**(Intervening Conduct)**

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of the Hitachi Defendants and/or were caused, if at all, solely and

1  proximately by the conduct of third parties, including, without limitations, the prior, intervening or

2  superseding conduct of such third parties.

### FORTY-FIRST DEFENSE

#### (Lack of Subject Matter Jurisdiction)

This Court lacks subject-matter jurisdiction over plaintiffs' claims and causes of action

pursuant to, but not limited to, the Foreign Trade Antitrust Improvements Act.

### FORTY-SECOND DEFENSE

#### (Reservation of Other Defenses)

The Hitachi Defendants reserve the right to assert other defenses as this action proceeds up to

and including the time of trial.

**WHEREFORE,** Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd. (n/k/a Japan

Display Inc.), Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. each pray that:

1.      The Court dismiss with prejudice plaintiffs' Second Amended Complaint;

2.      Plaintiffs recover no relief of any kind against defendants Hitachi, Ltd., Hitachi

Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi

Electronic Devices (USA), Inc., or any of them;

3.      Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi

America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of them,

have and recover their respective costs of suit against plaintiffs and each of them; and

4.      The Court award to Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.),

Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of

them, such further relief as may be appropriate.

DATED:  November 4, 2013                    Respectfully submitted,
                                            Kirkland & Ellis LLP


                                            /s/ *Eliot A. Adelson*
                                            _____
                                            Eliot A. Adelson (State Bar No. 205284)
                                            James Maxwell Cooper (State Bar No.
                                            284054)
                                            KIRKLAND & ELLIS LLP

555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants,
HITACHI, LTD., HITACHI DISPLAYS,
LTD. (n/k/a JAPAN DISPLAY INC.),
HITACHI AMERICA, LTD., HITACHI
ASIA, LTD., AND HITACHI ELECTRONIC
DEVICES (USA), INC.