Eliot A. Adelson (State Bar No. 205284)
James Maxwell Cooper (State Bar No. 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants,
HITACHI, LTD., HITACHI DISPLAYS, LTD.
(n/k/a JAPAN DISPLAY INC.), HITACHI AMERICA, LTD.,
HITACHI ASIA, LTD., AND
HITACHI ELECTRONIC DEVICES (USA), INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC |
| | MDL No.  1917 |
| This Document Relates To: | Individual Case No. 12-cv-02648 |
| P.C. Richard & Son Long Island Corporation; Marta Cooperative of America, Inc.; and ABC Appliance, Inc. Action | **ANSWER OF HITACHI, LTD., HITACHI DISPLAYS, LTD. (N/K/A JAPAN DISPLAY INC.), HITACHI AMERICA, LTD., HITACHI ASIA, LTD., and HITACHI ELECTRONIC DEVICES (USA), INC. TO THE FIRST AMENDED COMPLAINT OF P.C. RICHARD & SON LONG ISLAND CORPORATION; MARTA COOPERATIVE OF AMERICA, INC; and ABC APPLIANCE, INC.** |

1    Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America,

2   Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively "the Hitachi

3   Defendants") through their undersigned counsel of record, answer and respond ("Answer") P.C.

4   Richard & Son Long Island Corporation ("P.C. Richard"), MARTA Cooperative of America, Inc.

5   ("MARTA"), and ABC Appliance, Inc. d/b/a ABC Warehouse ("ABC Warehouse")  (collectively

6   "plaintiffs") First Amended Complaint ("Amended Complaint") as follows.

7    As used in this Answer, and in the interest of brevity, the phrase deny or denies "for want of

8   information or belief" means that the answering defendants are without knowledge or information

9   sufficient to form a belief as to the trust of an averment of the Complaint, and deny that averment on

10   that basis.  The Hitachi Defendants deny all allegations in the Complaint (including headings and

11   captions) not specifically admitted in this Answer.

12    1.    The Hitachi Defendants deny each of the averments of Paragraph 1 of the Amended

13   Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 1 of

14   the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for

15   want of information or belief, the averments of Paragraph 1 of the Amended Complaint.

16    2.    The Hitachi Defendants deny each of the averments of the first sentence of Paragraph

17   2 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

18   the first sentence of Paragraph 2 of the Amended Complaint do not pertain to the Hitachi

19   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of the first

20   sentence of Paragraph  2 of the Amended Complaint.  The remaining averments of Paragraph 2 of

21   the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any

22   response.  To the extent that the remaining averments of Paragraph 2 may be deemed to require a

23   response, the Hitachi Defendants deny each of the averments of Paragraph 2 of the Amended

24   Complaint.

25    3.    The Hitachi Defendants deny each of the averments of Paragraph 3 of the Amended

26   Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 3 of

27

28

the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 3 of the Amended Complaint.

4.      The Hitachi Defendants deny each of the averments of Paragraph 4 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 4 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 4 of the Amended Complaint.

5.      The Hitachi Defendants deny each of the averments of Paragraph 5 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 5 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 5 of the Amended Complaint.

6.      The Hitachi Defendants deny each of the averments of Paragraph 6 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 6 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 6 of the Amended Complaint.

7.      The Hitachi Defendants deny each of the averments of Paragraph 7 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 7 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 7 of the Amended Complaint.

8.      The Hitachi Defendants deny, for want of information and belief, the averments of the first sentence of Paragraph 8 of the Amended Complaint.  The remaining averments of Paragraph 8 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent the remaining averments of Paragraph 8 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the remaining averments of Paragraph 8 of the Amended Complaint.

9.      The Hitachi Defendants deny each of the averments of Paragraph 9 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 9 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 9 of the Amended Complaint.

10.     The averments of Paragraph 10 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 10 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 10 of the Amended Complaint.

11.     The averments of Paragraph 11 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 11 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 11 of the Amended Complaint.

12.     The averments of Paragraph 12 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 12 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 12 of the Amended Complaint.

13.     The averments of Paragraph 13 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 13 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 13 of the Amended Complaint.

14.     The averments of Paragraph 14 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 14 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 14 of the Amended Complaint.

15.     The averments of Paragraph 15 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 15 may be deemed to require a

response, the Hitachi Defendants deny each of the averments of Paragraph 15 of the Amended Complaint.

16.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 16 of the Amended Complaint.

17.     The Hitachi Defendants deny each of the averments of Paragraph 17 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 17 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 17 of the Amended Complaint.

18.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 18 of the Amended Complaint.

19.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 19 of the Amended Complaint.

20.     The Hitachi Defendants deny each of the averments of Paragraph 20 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 20 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 20 of the Amended Complaint.

21.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 21 of the Amended Complaint.

22.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 22 of the Amended Complaint.

23.     The Hitachi Defendants deny each of the averments of Paragraph 23 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 23 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 23 of the Amended Complaint.

24.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 24 of the Amended Complaint.

1  25.  The Hitachi Defendants admit that Hitachi, Ltd. is a Japanese company with its

2  principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280, Japan. The

3  Hitachi Defendants deny the remainder of the averments of Paragraph 25 of the Amended

4  Complaint.

5  26.  The Hitachi Defendants admit that Hitachi Displays, Ltd. was a Japanese company

6  with its principal place of business at 3300, Hayano, Mobara-shi, Chiba-ken, 297-8622, Japan.  The

7  Hitachi Defendants deny the remainder of the averments of Paragraph 26 of the Amended

8  Complaint.

9  27.  The Hitachi Defendants admit that Hitachi America, Ltd. is a New York company

10  with its principal place of business is located at 50 Prospect Avenue, Tarrytown, New York 10591.

11  The Hitachi Defendants admit that Hitachi America, Ltd. is a subsidiary of Defendant Hitachi, Ltd.

12  The Hitachi Defendants deny the remainder of the averments of Paragraph 27 of the Amended

13  Complaint.

14  28.  The Hitachi Defendants admit that Hitachi Asia, Ltd. is a Singaporean company with

15  its principal place of business at 7 Tampines Grande, #08-01 Hitachi Square, Singapore 528736.

16  The Hitachi Defendants deny the remainder of the averments of Paragraph 28 of the Amended

17  Complaint.

18  29.  The Hitachi Defendants admit that Hitachi Electronic Devices (USA), Inc. is a

19  Delaware corporation with its principal place of business is located at 208 Fairforest Way,

20  Greenville, South Carolina 29607.  The Hitachi Defendants deny the remainder of the averments of

21  Paragraph 29 of the Amended Complaint.

22  30.  The Hitachi Defendants deny, for want of information or belief, the averments in the

23  first sentence of Paragraph 30 of the Amended Complaint that "Defendant Shenzhen SEG Hitachi

24  Color Display Devices, Ltd. ('Hitachi Shenzhen') was a Chinese company with its principal place of

25  business located at 5001 Huanggang Road, Futian District, Shenzhen 518035, China."  To the extent

26  the remaining averments in Paragraph 30 of the Amended Complaint are directed at the Hitachi

27  Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi

28

Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments in the rest of Paragraph 30 of the Amended Complaint.

31.    The Hitachi Defendants deny each of the averments of Paragraph 31 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 31 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 31 of the Amended Complaint.

32.    The averments of Paragraph 32 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 32 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 32 of the Amended Complaint.

33.    The averments of Paragraph 33 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 33 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 33 of the Amended Complaint.

34.    The averments of Paragraph 34 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 34 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 34 of the Amended Complaint.

35.    The averments of Paragraph 35 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 35 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 35 of the Amended Complaint.

36.    The averments of Paragraph 36 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 36 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 36 of the Amended Complaint.

37.     The averments of Paragraph 37 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 37 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 37 of the Amended Complaint.

38.     The averments of Paragraph 38 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 38 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 38 of the Amended Complaint.

39.     The averments of Paragraph  39 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 39 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 39 of the Amended Complaint.

40.     The averments of Paragraph 40 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 40 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 40 of the Amended Complaint.

41.     The averments of Paragraph 41 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 41 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 41 of the Amended Complaint.

42.     The averments of Paragraph 42 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 42 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 42 of the Amended Complaint.

43.     The averments of Paragraph 43 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 43 may be

deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 43 of the Amended Complaint.

44.     The averments of Paragraph 44 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 44 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 44 of the Amended Complaint.

45.     The averments of Paragraph 45 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 45 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 45 of the Amended Complaint.

46.     The averments of Paragraph 46 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 46 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 46 of the Amended Complaint.

47.     The averments of Paragraph 47 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 47 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 47 of the Amended Complaint.

48.     The averments of Paragraph 48 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 48 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 48 of the Amended Complaint.

49.     The averments of Paragraph 49 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 49 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 49 of the Amended Complaint.

50.     The averments of Paragraph 50 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 50 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 50 of the Amended Complaint.

51.     The averments of Paragraph 51 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 51 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 51 of the Amended Complaint.

52.     The averments of Paragraph 52 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 52 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 52 of the Amended Complaint.

53.     The averments of Paragraph 53 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 53 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 53 of the Amended Complaint.

54.     The averments of Paragraph 54 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 54 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 54 of the Amended Complaint.

55.     The averments of Paragraph 55 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 55 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 55 of the Amended Complaint.

56.     The averments of Paragraph 56 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 56 may be

deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 56 of the Amended Complaint.

57.    The averments of Paragraph 57 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 57 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 57 of the Amended Complaint.

58.    The averments of Paragraph 58 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 58 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 58 of the Amended Complaint.

59.    The averments of Paragraph 59 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 59 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 59 of the Amended Complaint.

60.    The averments of Paragraph 60 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 60 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 60 of the Amended Complaint.

61.    The averments of Paragraph 61 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 61 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 61 of the Amended Complaint.

62.    The averments of Paragraph 62 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 62 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 62 of the Amended Complaint.

63.     The averments of Paragraph 63 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 63 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 63 of the Amended Complaint.

64.     The averments of Paragraph 64 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 64 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 64 of the Amended Complaint.

65.     The averments of Paragraph 65 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 65 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 65 of the Amended Complaint.

66.     The averments of Paragraph 66 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 66 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 66 of the Amended Complaint.

67.     The averments of Paragraph 67 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 67 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 67 of the Amended Complaint.

68.     The averments of Paragraph 68 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 68 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 68 of the Amended Complaint.

69.     The averments of Paragraph 69 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 69 may be deemed to require a

1    response, the Hitachi Defendants deny, for want of information or belief, each of the averments in

2    Paragraph 69 of the Amended Complaint.

3          70.    The averments of Paragraph 70 of the Amended Complaint consist of conclusions of

4    law to which no response is required.  To the extent Paragraph 70 may be deemed to require a

5    response, the Hitachi Defendants deny, for want of information or belief, each of the averments in

6    Paragraph 70 of the Amended Complaint.

7          71.    The averments of Paragraph 71 of the Amended Complaint consist of conclusions of

8    law to which no response is required.  To the extent Paragraph 71 may be deemed to require a

9    response, the Hitachi Defendants deny, for want of information or belief, each of the averments in

10   Paragraph 71 of the Amended Complaint.

11         72.    The averments of Paragraph 72 of the Amended Complaint are not directed at the

12   Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 72 may be

13   deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each

14   of the averments in Paragraph 72 of the Amended Complaint.

15         73.    The averments of Paragraph 73 of the Amended Complaint are not directed at the

16   Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 73 may be

17   deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each

18   of the averments in Paragraph 73 of the Amended Complaint.

19         74.    The averments of Paragraph 74 of the Amended Complaint are not directed at the

20   Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 74 may be

21   deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each

22   of the averments in Paragraph 74 of the Amended Complaint.

23         75.    The averments of Paragraph 75 of the Amended Complaint are not directed at the

24   Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 75 may be

25   deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each

26   of the averments in Paragraph 75 of the Amended Complaint.

27

28

76.     The averments of Paragraph 76 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 76 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 76 of the Amended Complaint.

77.     The averments of Paragraph 77 consist of conclusions of law to which no response is required.  To the extent Paragraph 77 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 77 to the extent they relate to the Hitachi Defendants.  To the extent the averments of Paragraph 77 do not relate to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 77.

78.     The averments of Paragraph 78 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 78 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 78 of the Amended Complaint.

79.     The averments of Paragraph 79 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 79 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 79 of the Amended Complaint.

80.     The averments of Paragraph 80 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 80 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 80 of the Amended Complaint.

81.     The averments of Paragraph 81 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 81 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 81 of the Amended Complaint.

82.     The averments of Paragraph 82 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 82 may be

deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 82 of the Amended Complaint.

83.    The averments of Paragraph 83 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 83 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 83 of the Amended Complaint.

84.    The averments of Paragraph 84 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 84  may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 84 of the Amended Complaint.

85.    The averments of Paragraph 85 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 85 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 85 of the Amended Complaint.

86.    The averments of Paragraph 86 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 86  may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 86 of the Amended Complaint.

87.    The averments of Paragraph 87 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 87 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 87 of the Amended Complaint.

88.    The averments of Paragraph 88 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 88 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 88 of the Amended Complaint.

89.     The averments of Paragraph 89 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 89 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 89 of the Amended Complaint.

90.     The averments of Paragraph 90 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 90 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 90 of the Amended Complaint.

91.     The averments of Paragraph 91 of the Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 91 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 91 of the Amended Complaint.

92.     The averments of Paragraph 92 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 92 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 92 of the Amended Complaint.

93.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 93 of the Amended Complaint.

94.     To the extent the averments of Paragraph 94 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi defendants, and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 94 of the Amended Complaint.

95.     The averments of Paragraph 95 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 95 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 95 of the Amended Complaint.

96.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 96 of the Amended Complaint.

97.     The averments of subparts a-h and j-k of Paragraph 97 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny the averments of Paragraph 97 of the Amended Complaint, but admit that in 2000 LG Electronics, Inc. and Hitachi, Ltd. entered into an agreement to establish a joint venture company for the development, design and marketing of optical disk drives.

98.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 98 of the Amended Complaint.

99.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 99 of the Amended Complaint.

100.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 100 of the Amended Complaint.

101.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 101 of the Amended Complaint.

102.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 102 of the Amended Complaint.

103.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 103 of the Amended Complaint.

104.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 104 of the Amended Complaint.

105.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 105 of the Amended Complaint.

106.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 106 of the Amended Complaint.

107.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 107 of the Amended Complaint.

108.    The averments of the first sentence of Paragraph 108 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the first sentence of Paragraph 108 may be deemed to require a response, the Hitachi Defendants deny each of the averments of the first sentence of Paragraph 108 of the Amended Complaint.  The Hitachi Defendants deny each of the remaining averments of Paragraph 108 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the remaining averments of Paragraph 108 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the remaining averments of Paragraph 108 of the Amended Complaint.

109.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 109 of the Amended Complaint.

110.    The Hitachi Defendants deny each of the averments of Paragraph 110 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 110 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 110 of the Amended Complaint.

111.    The averments of Paragraph 111 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 111 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 111 of the Amended Complaint.

112.    To the extent the averments of Paragraph 112 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 112 of the Amended Complaint.

113.    The averments of Paragraph 113 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 113 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 113 of the Amended

Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 113 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 113 of the Amended Complaint.

114.    The averments of Paragraph 114 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 114 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 114 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 114 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 114 of the Amended Complaint.

115.    To the extent the averments of Paragraph 115 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 115 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 115 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 115 of the Amended Complaint.

116.    To the extent the averments of Paragraph 116 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 116 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 116 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 116 of the Amended Complaint.

117.    To the extent the averments of Paragraph 117 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 117 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 117 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 117 of the Amended Complaint.

118.     To the extent the averments of Paragraph 118 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 118 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 118 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 118 of the Amended Complaint.

119.     To the extent the averments of Paragraph 119 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 119 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 119 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 119 of the Amended Complaint.

120.     To the extent the averments of Paragraph 120 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 120 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 120 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 120 of the Amended Complaint.

121.     To the extent the averments of Paragraph 121 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 121 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 121 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 121 of the Amended Complaint.

122.     To the extent the averments of Paragraph 122 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 122 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

Paragraph 122 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 122 of the Amended Complaint.

123.    To the extent the averments of Paragraph 123 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 123 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 123 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 123 of the Amended Complaint.

124.    To the extent the averments of Paragraph 124 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 124 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 124 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 124 of the Amended Complaint.

125.    To the extent the averments of Paragraph 125 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 125 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 125 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 125 of the Amended Complaint.

126.    The averments of Paragraph 126 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 126 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 126 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 126 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 126 of the Amended Complaint.

1    127.    To the extent the averments of Paragraph 127, including all subparts, of the Amended

2    Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

3    averments of Paragraph 127 of the Amended Complaint as it pertains to the Hitachi Defendants.  To

4    the extent the averments of Paragraph 127 of the Amended Complaint do not pertain to the Hitachi

5    Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

6    Paragraph 127 of the Amended Complaint.

7    128.    To the extent the averments of Paragraph 128 of the Amended Complaint are directed

8    at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 128 as it

9    pertains to the Hitachi Defendants.  To the extent the averments do not pertain to the Hitachi

10   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

11   Paragraph 128 of the Amended Complaint.

12   129.    To the extent the averments of Paragraph 129 of the Amended Complaint are directed

13   at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 129 as it

14   pertains to the Hitachi Defendants.  To the extent the averments do not pertain to the Hitachi

15   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

16   Paragraph 129 of the Amended Complaint.

17   130.    The Hitachi Defendants deny each of the averments of Paragraph 130 of the

18   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

19   Paragraph 130 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

20   Defendants deny, for want of information or belief, the averments of Paragraph 130 of the Amended

21   Complaint.

22   131.    The Hitachi Defendants deny each of the averments of Paragraph 131 of the

23   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

24   Paragraph 131 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

25   Defendants deny, for want of information or belief, the averments of Paragraph 131 of the Amended

26   Complaint.

27

28

132.     The Hitachi Defendants deny each of the averments of Paragraph 132 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 132 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 132 of the Amended Complaint.

133.     The averments of Paragraph 133 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent averments of Paragraph 133 of the Amended Complaint may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 133 as it pertains to the Hitachi Defendants.  To the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 133 of the Amended Complaint.

134.     The Hitachi Defendants deny each of the averments of Paragraph 134 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 134 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 134 of the Amended Complaint.

135.     The Hitachi Defendants deny each of the averments of Paragraph 135 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 135 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 135 of the Amended Complaint.

136.     The Hitachi Defendants deny each of the averments in Paragraph 136 of the Amended Complaint.

137.     The Hitachi Defendants deny each of the averments in Paragraph 137 of the Amended Complaint.

138.     The averments of Paragraph 138 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 138 may

be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 138 of the Amended Complaint.

139.    The averments of Paragraph 139 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 139 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 139 of the Amended Complaint.

140.    The averments of Paragraph 140 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 140 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 140 of the Amended Complaint.

141.    The averments of Paragraph 141 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 141 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 141 of the Amended Complaint.

142.    The averments of Paragraph 142 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 142 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 142 of the Amended Complaint.

143.    The averments of Paragraph 143 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 143 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 143 of the Amended Complaint.

144.    The averments of Paragraph 144 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 144 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 144 of the Amended Complaint.

145.    The averments of Paragraph 145 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 145 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 145 of the Amended Complaint.

146.    The averments of Paragraph 146 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 146 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 146 of the Amended Complaint.

147.    The averments of Paragraph 147 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 147 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 147 of the Amended Complaint.

148.    The averments of Paragraph 148 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 148 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 148 of the Amended Complaint.

149.    The averments of Paragraph 149 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 149 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 149 of the Amended Complaint.

150.    The averments of Paragraph 150 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 150 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 150 of the Amended Complaint.

151.    The averments of Paragraph 151 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 151 may

1   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

2   each of the averments in Paragraph 151 of the Amended Complaint.

3       152.    The averments of Paragraph 152 of the Amended Complaint are not directed at the

4   Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 152 may

5   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

6   each of the averments in Paragraph 152 of the Amended Complaint.

7       153.    The averments of Paragraph 153 of the Amended Complaint are not directed at the

8   Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 153 may

9   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

10  each of the averments in Paragraph 153 of the Amended Complaint.

11      154.    The averments of Paragraph 154 of the Amended Complaint are not directed at the

12  Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 154 may

13  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

14  each of the averments of Paragraph 154 of the Amended Complaint.

15      155.    The averments of Paragraph 155 of the Amended Complaint are not directed at the

16  Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 155 may

17  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

18  each of the averments in Paragraph 155 of the Amended Complaint.

19      156.    The averments of Paragraph 156 of the Amended Complaint are not directed at the

20  Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 156 may

21  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

22  each of the averments in Paragraph 156 of the Amended Complaint.

23      157.    The Hitachi Defendants deny, for want of information or belief, each of the

24  averments of Paragraph 157 of the Amended Complaint.

25      158.    The averments in Paragraph 158 of the Amended Complaint purport to be derived

26  from a Stanford Resources, Inc. report, and, therefore, no response is required.  To the extent that

27  Paragraph 158 may be deemed to require a response, the Hitachi Defendants respond that the report

28

speaks for itself and deny, for want of information or belief, the averments in Paragraph 158 of the Amended Complaint.

159.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 159 of the Amended Complaint as they relate to the Hitachi Defendants.  The averments in the second, third, and fourth sentences of Paragraph 159 of the Amended Complaint purport to be derived from a Fuji Chimera Research report, and thus no response is required.  To the extent that the averments in the second, third, and fourth sentences of Paragraph 159 may be deemed to require a response, the Hitachi Defendants respond that the report speaks for itself and deny, for want of information and belief, the averments in the second, third, and fourth sentences of Paragraph 159 of the Amended Complaint.

160.    The Hitachi Defendants deny, for want of information or belief, deny each of the averments in the second sentence of Paragraph 160 of the Amended Complaint.  The remainder of the averments of Paragraph 160 purports to be derived from industry analysts, and thus no response is required.  To the extent the remainder of the averments of Paragraph 160 may be deemed to require a response, the Hitachi Defendants respond that the industry analysts speak for themselves and deny, for want of information or belief, the remainder of the averments of Paragraph 160 of the Amended Complaint.

161.    The averments in Paragraph 161 of the Amended Complaint purport to quote and/or be derived from a BNET Business Network article, and thus no response is required.  To the extent that the averments in Paragraph 161 may be deemed to require a response, the Hitachi Defendants respond that the BNET Business Network article speaks for itself and deny, for want of information or belief, the averments in Paragraph 161 of the Amended Complaint.

162.    The averments in Paragraph 162 of the Amended Complaint purport to quote and/or be derived from a Techtree.com article, and thus no response is required.  To the extent that the averments in Paragraph 162 may be deemed to require a response, the Hitachi Defendants respond that the Techtree.com article speaks for itself and deny, for want of information or belief, the averments in Paragraph 162 of the Amended Complaint.

163.    The Hitachi Defendants deny each of the averments of Paragraph 163 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 163 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 163 of the Amended Complaint.

164.    The Hitachi Defendants deny each of the averments of Paragraph 164 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 164 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 164 of the Amended Complaint.

165.    The averments in the first sentence of Paragraph 165 of the Amended Complaint consist of conclusions of law to which no response is required. To the extent that the averments in the first sentence of Paragraph 165 of the Amended Complaint may be deemed to require a response, the Hitachi Defendants deny each of the averments in the first sentence of Paragraph 165 of the Amended Complaint as it applies to the Hitachi Defendants. To the extent the averments in the first sentence of Paragraph 165 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 165 of the Amended Complaint.  The remainder of the averments of Paragraph 165 purports to quote from the President of Skyworth Macao Commercial Off Shore Co., Ltd., Finsen Yu, and thus no response is required.  To the extent that the remainder of Paragraph 165 may be deemed to require a response, the Hitachi Defendants respond that the statement of the President of Skyworth Macao Commercial Off Shore Co., Ltd. speaks for itself and deny, for want of information or belief, the remainder of the averments of Paragraph 165 of the Amended Complaint.

166.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 166 of the Amended Complaint.

167.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 167 of the Amended Complaint.

168.    The averments of Paragraph 168 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 168 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 168 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 168 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 168 of the Amended Complaint.

169.    The averments of Paragraph 169 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 169 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 169 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 169 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 169 of the Amended Complaint.

170.    The averments of Paragraph 170 of the Amended Complaint are not directed at the Hitachi Defendants and purport to be derived from a Toshiba Annual Report, and, therefore, no response is required.  To the extent that the averments in Paragraph 170 may be deemed to require a response, the Hitachi Defendants respond that the Toshiba Annual Report speaks for itself and deny, for want of information or belief, the averments in Paragraph 170 of the Amended Complaint.

171.    The averments of Paragraph 171 of the Amended Complaint are not directed at the Hitachi Defendants and purport to be derived from a statement by a Hungarian Competition Authority, and, therefore, no response is required.  To the extent that the averments in Paragraph 171 may be deemed to require a response, the Hitachi Defendants respond that the statement by a Hungarian Competition Authority speaks for itself and deny, for want of information or belief, the averments in Paragraph 171 of the Amended Complaint.

172.    The averments in Paragraph 172 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for want

of information or belief, the averments of Paragraph 172 of the Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the extent the averments of Paragraph 172 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein.  The Hitachi Defendants admit that C.Y. Lin of Chunghwa Picture Tubes was indicted, the details of which are matters of public record.

173.    The averments in Paragraph 173 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 173 of the Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the extent the averments of Paragraph 173 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein.  The Hitachi Defendants admit that Tony Cheng of Chunghwa Picture Tubes was indicted, the details of which are matters of public record.

174.    The averments in Paragraph 174 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 174 of the Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the extent the averments of Paragraph 174 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein.  The Hitachi Defendants admit that Chung Cheng Yeh, an employee of a Taiwanese company, was indicted, the details of which are matters of public record.

175.    The averments in Paragraph 175 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for want

of information or belief, the averments of Paragraph 175 of the Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the extent the averments of Paragraph 175 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein.  The Hitachi Defendants admit that Seung-Kyu Lee, Yeong-Ug Yang, and Jae-Sik Kim were indicted, the details of which are matters of public record.

176.    The averments in Paragraph 176 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 176 of the Amended Complaint may be deemed to require a response, the The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 176 of the Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the extent the averments of Paragraph 176 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein.  The Hitachi Defendants admit that the DOJ issued a press release on March 18, 2011, the details of which are matters of public record.

177.    The averments in Paragraph 177 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 177 of the Amended Complaint may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 177 of the Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants.  To the extent the averments of Paragraph 177 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants.

178.    The averments in Paragraph 178 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 178 may be

1   deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the

2   averments of Paragraph 178 of the Amended Complaint.

3       179.    The averments in Paragraph 179 of the Amended Complaint are not directed at the

4   Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 179 may be

5   deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the

6   averments of Paragraph 179 of the Amended Complaint to the extent they relate to defendants other

7   than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the extent

8   the averments of Paragraph 179 of the Amended Complaint are directed at the Hitachi Defendants,

9   the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the

10  exception of matters specifically admitted herein.  The Hitachi Defendants admit that the European

11  Commission made an announcement on December 5, 2012, the details of which are matters of public

12  record.

13      180.    The Hitachi Defendants deny each of the averments of Paragraph 180 of the

14  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

15  Paragraph 180 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

16  Defendants deny, for want of information or belief, the averments of Paragraph 180 of the Amended

17  Complaint.

18      181.    The averments of Paragraph 181 of the Amended Complaint are not directed at the

19  Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of

20  Paragraph 181 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi

21  Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the

22  averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of

23  information or belief, the averments of Paragraph 181 of the Amended Complaint.

24      182.    The averments of Paragraph 182 of the Amended Complaint are not directed at the

25  Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of

26  Paragraph 182 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi

27  Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the

28

1   averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of

2   information or belief, the averments of Paragraph 182 of the Amended Complaint.

3       183.    The Hitachi Defendants deny, for want of information or belief, each of the

4   averments of Paragraph 183 of the Amended Complaint.

5       184.    The averments of Paragraph 184 of the Amended Complaint are not directed at the

6   Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of

7   Paragraph 184 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi

8   Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the

9   averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of

10  information or belief, the averments of Paragraph 184 of the Amended Complaint.

11      185.    The averments of Paragraph 185 of the Amended Complaint are not directed at the

12  Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of

13  Paragraph 185 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi

14  Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the

15  averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of

16  information or belief, the averments of Paragraph 185 of the Amended Complaint.

17      186.    The averments of Paragraph 186 of the Amended Complaint purport to be derived

18  from a DOJ press release, and, therefore, no response is required.  To the extent that the averments

19  of Paragraph 186 may be deemed to require a response, the Hitachi Defendants respond that the DOJ

20  press release speaks for itself and deny the averments of Paragraph 186, except admit that Hitachi

21  Displays, Ltd. entered into a plea agreement and paid a $31 million fine in connection with

22  allegations that it participated in a conspiracy to fix the prices of TFT-LCD panels sold to Dell, Inc.

23  for use in notebook computers from April 1, 2001, through March 31, 2004.

24      187.    The averments of Paragraph 187 of the Amended Complaint purport to be derived

25  from plea agreements and thus no response is required.  To the extent that the averments of

26  Paragraph 187 may be deemed to require a response, the Hitachi Defendants respond that the plea

27  agreements speak for themselves and deny the averments of Paragraph 187 as they pertain to the

28

Hitachi Defendants.  To the extent the averments of Paragraph 187 do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 187 of the Amended Complaint.

188.    The averments of the first sentence of Paragraph 188 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the first sentence of Paragraph 188 may be deemed to require a response, the Hitachi Defendants deny each of the averments of the first sentence of Paragraph 188 of the Amended Complaint.  To the extent the remaining averments of Paragraph 188 of the Amended Complaint are directed at the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 188 of the Amended Complaint.

189.    The averments in Paragraph 189 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 189 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 189 of the Amended Complaint.

190.    To the extent the averments of Paragraph 190 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny the averments of Paragraph 190 of the Amended Complaint.  To the extent the averments of Paragraph 190 of the Amended Complaint are not directed at the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 190 of the Amended Complaint.

191.    To the extent the averments of Paragraph 191 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 191 of the Amended Complaint.

192.    To the extent the averments of Paragraph 192 of the Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the

1    Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the

2    Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 192 of the

3    Amended Complaint.

4          193.    To the extent the averments of Paragraph 193 of the Amended Complaint are directed

5    at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the

6    Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the

7    Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 193 of the

8    Amended Complaint.

9          194.    The averments in Paragraph 194 of the Amended Complaint are not directed at the

10   Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 194 may

11   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

12   each of the averments in Paragraph 194 of the Amended Complaint.

13         195.    The averments in Paragraph 195 of the Amended Complaint are not directed at the

14   Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 195 may

15   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

16   each of the averments in Paragraph 195 of the Amended Complaint.

17         196.    The averments in Paragraph 196 of the Amended Complaint are not directed at the

18   Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 196 may

19   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

20   each of the averments in Paragraph 196 of the Amended Complaint.

21         197.    The averments in Paragraph 197 of the Amended Complaint are not directed at the

22   Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 197 may

23   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

24   each of the averments in Paragraph 197 of the Amended Complaint.

25         198.    The averments in Paragraph 198 of the Amended Complaint are not directed at the

26   Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 198 may

27

28

1   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

2   each of the averments in Paragraph 198 of the Amended Complaint.

3        199.    The Hitachi Defendants deny, for want of information or belief, the averments in the

4   first sentence of Paragraph 199 of the Amended Complaint. The remainder of the averments of

5   Paragraph 199 purports to be derived from industry analysts, and thus no response is required.  To

6   the extent the remainder of the averments of Paragraph 199 may be deemed to require a response,

7   the Hitachi Defendants respond that the industry analysts speak for themselves and deny, for want of

8   information or belief, the remainder of the averments of Paragraph 199 of the Amended Complaint.

9        200.    The averments of Paragraph 200 purport to be derived from an industry source, and

10  thus no response is required.  To the extent that Paragraph 200 may be deemed to require a response,

11  the Hitachi Defendants respond that the statements of the industry source speak for themselves and

12  deny, for want of information or belief, the averments of Paragraph 200 of the Amended Complaint.

13       201.    The Hitachi Defendants deny, for want of information or belief, each of the

14  averments in Paragraph 201 of the Amended Complaint.

15       202.    The Hitachi Defendants deny, for want of information or belief, each of the

16  averments in the second and third sentences of Paragraph 202 of the Amended Complaint.  The first

17  sentence of Paragraph 202 purports to be derived from a CNET News.com article, and thus no

18  response is required.  To the extent that the first sentence of Paragraph 202 may be deemed to

19  require a response, the Hitachi Defendants respond that the statement from the article speaks for

20  itself and deny, for want of information or belief, the averments of Paragraph 202 of the Amended

21  Complaint.

22       203.    The Hitachi Defendants deny, for want of information or belief, each of the

23  averments in the first sentence of Paragraph 203 of the Amended Complaint.  The remainder of the

24  averments of Paragraph 203 purports to be derived from a keynote speaker at Asia Display, and thus

25  no response is required.  To the extent that the remainder of the averments of Paragraph 203 may be

26  deemed to require a response, the Hitachi Defendants respond that the statement by the keynote

27

28

speaker at Asia Display speaks for itself and deny, for want of information and belief, the remainder of the averments of Paragraph 203 of the Amended Complaint.

204.    The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 204 of the Amended Complaint.

205.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 205 of the Amended Complaint.  The remainder of the averments of Paragraph 205 purports to be derived from a March 13, 2000 article and thus no response is required.  To the extent that the remainder of Paragraph 205 may be deemed to require a response, the Hitachi Defendants respond that the March 13, 2000 article article speaks for itself and deny, for want of information or belief, the remainder of Paragraph 205 of the Amended Complaint.

206.    The averments in Paragraph 206 of the Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 206 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 206 of the Amended Complaint.

207.    The averments of Paragraph 207 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 207 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 207 of the Amended Complaint.

208.    The averments of Paragraph 208, including all subparts, of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 208 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 208 of the Amended Complaint.

209.    The averments of Paragraph 209 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 209 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 209 of the Amended Complaint.

1    210.    The averments of Paragraph 210 of the Amended Complaint consist of conclusions of

2    law to which no response is required.  To the extent that Paragraph 210 may be deemed to require a

3    response, the Hitachi Defendants deny each of the averments of Paragraph 210 of the Amended

4    Complaint.

5    211.    The averments of Paragraph 211 of the Amended Complaint consist of conclusions of

6    law to which no response is required.  To the extent that Paragraph 211 may be deemed to require a

7    response, the Hitachi Defendants deny each of the averments of Paragraph 211 of the Amended

8    Complaint.

9    212.    The Hitachi Defendants deny, for want of information or belief, the averments of

10    Paragraph 212 of the Amended Complaint.

11    213.    The Hitachi Defendants deny each of the averments of Paragraph 213 of the

12    Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

13    Paragraph 213 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

14    Defendants deny, for want of information or belief, the averments of Paragraph 213 of the Amended

15    Complaint.

16    214.    The Hitachi Defendants deny each of the averments of Paragraph 214 of the

17    Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

18    Paragraph 214 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

19    Defendants deny, for want of information or belief, the averments of Paragraph 214 of the Amended

20    Complaint.

21    215.    The Hitachi Defendants deny, for want of information or belief, the averments of

22    Paragraph 215 of the Amended Complaint.

23    216.    The averments of Paragraph 216 of the Amended Complaint consist of conclusions of

24    law to which no response is required.  To the extent that Paragraph 216 may be deemed to require a

25    response, the Hitachi Defendants deny each of the averments of Paragraph 216 of the Amended

26    Complaint.

27

28

217.    The averments of Paragraph 217 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 217 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 217 of the Amended Complaint.

218.    The averments of Paragraph 218 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 218 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 218 of the Amended Complaint.

219.    The averments of Paragraph 219 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 219 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 219 of the Amended Complaint.

220.    The averments of Paragraph 220 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 220 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 220 of the Amended Complaint.

221.    The Hitachi Defendants deny each of the averments of Paragraph 221 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 221 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 221 of the Amended Complaint.

222.    The Hitachi Defendants deny each of the averments of Paragraph 222 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 222 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 222 of the Amended Complaint.

223.    The averments of Paragraph 223 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 223 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 223 of the Amended Complaint.

224.    The averments of Paragraph 224 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 224 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 224 of the Amended Complaint.

225.    The averments of Paragraph 225 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 225 may be deemed to require a response, the Hitachi Defendants respond that the statement of the Deputy General Manager for an LG Electronics distributor speaks for itself and deny, for want of information or belief, the averments in Paragraph 225 of the Amended Complaint.

226.    The Hitachi Defendants deny each of the averments of Paragraph 226 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 226 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 226 of the Amended Complaint.

227.    The Hitachi Defendants deny each of the averments of Paragraph 227 of the Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 227 of the Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 227 of the Amended Complaint.

228.    The averments of Paragraph 228 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 228 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 228 of the Amended Complaint.

229.     The averments of Paragraph 229 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 229 may be deemed to require a response, the Hitachi Defendants deny the averments in Paragraph 229 and, to the extent applicable, incorporate by this reference their responses, set forth in this Answer and as if set forth fully herein, to the averments in Paragraphs 172-178.

230.     The averments of Paragraph 230 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 230 may be deemed to require a response, the Hitachi Defendants deny the averments in Paragraph 230.

231.     The averments of Paragraph 231 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 231 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 231 of the Amended Complaint.

232.     Answering the averments of Paragraph 232 of the Amended Complaint, the Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and as if set forth fully herein, to the averments of Paragraphs 1-231 of the Amended Complaint.

233.     The averments of Paragraph 233 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 233 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 233 of the Amended Complaint.

234.     The averments of Paragraph 234 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 234 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 234 of the Amended Complaint.

235.     The averments of Paragraph 235 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 235 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 235 of the Amended Complaint.

236.     The averments of Paragraph 236 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 236 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 236 of the Amended Complaint.

237.     The averments of Paragraph 237 of the Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 237 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 237 of the Amended Complaint.

238.     The averments of Paragraph 238 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 238 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 238 of the Amended Complaint.

239.     Answering the averments of Paragraph 239 of the Amended Complaint, the Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and as if set forth fully herein, to the averments of Paragraphs 1-238 of the Amended Complaint.

240.     The averments of Paragraph 240 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 240 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 240 of the Amended Complaint.

241.     The averments of Paragraph 241 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 241 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 241 of the Amended Complaint.

242.     The averments of Paragraph 242 of the Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 242 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 242 of the Amended Complaint.

243.    The averments of Paragraph 243 of the Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 243 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 243 of the Amended Complaint.

244.    The averments of Paragraph 244 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 244 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 244 of the Amended Complaint.

245.    The averments of Paragraph 245 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 245 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 245 of the Amended Complaint.

246.    The averments of Paragraph 246, including all subparts, of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 246 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 246.

247.    The averments of Paragraph 247, including all subparts, of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 247 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 247.

248.    The averments of Paragraph 248, including all subparts, of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 248 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 248.

## PLAINTIFFS' PRAYER FOR RELIEF

The Hitachi Defendants deny each of the Averments of Paragraphs A through F of plaintiffs' Prayer for Relief in the Amended Complaint, and aver that plaintiffs are not entitled to any relief of any kind for or as against any of the Hitachi Defendants.

## JURY TRIAL DEMAND

To the extent any response is required to the plaintiffs' Jury Trial Demand, the Hitachi Defendants admit that plaintiffs purport to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

Without assuming the burden of proof where it rests upon plaintiffs, the Hitachi Defendants aver the following as separate affirmative and/or additional defenses to plaintiffs' Amended Complaint:

## FIRST DEFENSE

### (Failure to State a Claim)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

### (Statutes of Limitations)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

### (Withdrawal)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of the Hitachi Defendants' withdrawal from and/or abandonment of any alleged conspiracy.

## FOURTH DEFENSE

### (Claim Splitting and Election Of Remedies)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of claim splitting and by the doctrine of the election of remedies.

## FIFTH DEFENSE

### (Laches, Estoppel, Waiver, and/or Unclean Hands)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, under the doctrines of laches, estoppel, waiver, and/or unclean hands.

## SIXTH DEFENSE

### (Reasonable Justification)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because all of the actions of the Hitachi Defendants being challenged by plaintiffs were lawful, justified, pro-competitive, constitute bona fide business competition, and were carried out in furtherance of the Hitachi Defendants' legitimate business interests.

## SEVENTH DEFENSE

### (Ratification, Acquiescence, Agreement or Consent)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of plaintiffs' ratification of, or acquiescence, agreement or consent to the conduct of the Hitachi Defendants.

## EIGHTH DEFENSE

### (Accord and Satisfaction, Release and Settlement)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the doctrines of accord and satisfaction, release and settlement.

## NINTH DEFENSE

### (Government Privilege)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the alleged conduct of the Hitachi Defendants that is the subject of the Amended Complaint was caused

by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

### TENTH DEFENSE

### (Lack of Standing)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs lack standing to bring the claims asserted in the Amended Complaint.

### ELEVENTH DEFENSE

### (Failure to Plead Fraud Particularly; Fed. R. Civ. P. 9(B))

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have failed to allege fraudulent concealment with particularity.

### TWELFTH DEFENSE

### (Ultra Vires)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because, to the extent that any employee or agent of the Hitachi Defendants engaged in any unlawful act or omission, which unlawful act or omission the Hitachi Defendants expressly deny, any such actionable act or omission would have been committed by individuals acting ultra vires.

### THIRTEENTH DEFENSE

### (Intervening Causes)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs' alleged injuries, if any, stemmed from intervening and/or superseding causes.

### FOURTEENTH DEFENSE

### (Lack of Antitrust Injury)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because no plaintiff has suffered an antitrust injury.

**FIFTEENTH DEFENSE**

**(No Act of The Hitachi Defendants)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because no plaintiff has been injured in its business or property by reason of any action of the Hitachi Defendants.

**SIXTEENTH DEFENSE**

**(Speculative Damages)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the plaintiffs' alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**SEVENTEENTH DEFENSE**

**(Failure to Mitigate Damages)**

Each of plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, because of and to the extent of plaintiffs' failure to mitigate damages

**EIGHTEENTH DEFENSE**

**(Pass Through)**

Plaintiffs' claims or causes of action for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge, the existence of which the Hitachi Defendants expressly deny, was absorbed, in whole or in part, by others, and was not passed through to plaintiffs.

**NINETEENTH DEFENSE**

**(Restitution)**

Each of plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, to the extent that any restitution or award of damages to plaintiffs would be excessive and punitive, and disproportionate to any alleged injury suffered by plaintiffs.

## TWENTIETH DEFENSE

### (Available Remedy at Law)

Each of plaintiffs' claims or causes of action for injunction or other equitable relief is barred, in whole or in part, because plaintiffs have available an adequate remedy at law.

## TWENTY-FIRST DEFENSE

### (Injunction)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs seek to enjoin alleged events that have already transpired and without the requisite showing of threatened future harm or continuing violation.

## TWENTY-SECOND DEFENSE

### (Residency)

To the extent plaintiffs seek to assert claims or obtain relief under the laws of a state of which they are not a resident, those claims are barred by (i) constitutional rights of due process; (ii) choice of law principles; and (iii) the laws of the states under which plaintiffs assert their claims.

## TWENTY-THIRD DEFENSE

### (Unjust Enrichment)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Amended Complaint.

## TWENTY-FOURTH DEFENSE

### (Improper Venue)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because venue does not lie in this Court.

## TWENTY-FIFTH DEFENSE

### (Comparative Fault)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent the injuries alleged in the Amended Complaint, the fact and extent of which are expressly denied by the

Hitachi Defendants, were directly and proximately caused by or contributed to by the statements, acts or omissions of plaintiffs or third persons or entities unaffiliated with the Hitachi Defendants.

### TWENTY-SIXTH DEFENSE

### (Res Judicata and/or Collateral Estoppel)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### TWENTY-SEVENTH DEFENSE

### (Foreign Trade Antitrust Improvements Act)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

### TWENTY-EIGHTH DEFENSE

### (Foreign Sales)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent plaintiffs seek to recover damages, if any, based on sales outside of the United States.

### TWENTY-NINTH DEFENSE

### (Improper Joinder)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs' claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to all defendants.

### THIRTIETH DEFENSE

### (Failure To Exhaust Remedies)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs failed to exhaust all remedies against the parties with whom each plaintiff is in privity.

### THIRTY-FIRST DEFENSE

### (No Multiple Recoveries)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent it would result in the Hitachi Defendants paying damages to more than one claimant for the same alleged overcharge, because such multiple recoveries would violate rights guaranteed to the Hitachi Defendants by applicable states' laws and the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

### THIRTY-SECOND DEFENSE

### (Voluntary Payment Doctrine)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the voluntary payment doctrine, under which plaintiffs are not entitled to recover payments made with full knowledge of the facts.

### THIRTY-THIRD DEFENSE

### (Incorporation of Defenses of Others)

The Hitachi Defendants adopt by reference any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

### THIRTY-FOURTH DEFENSE

### (Privilege)

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of the Hitachi Defendants was justified, constituted *bona fide* business competition, and was taken in pursuit of its own legitimate business and economic interests and is therefore privileged.

### THIRTY-FIFTH DEFENSE

### (Noerr-Pennington Doctrine)

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, by the doctrine of Noerr-Pennington.

## THIRTY-SIXTH DEFENSE

### (Forum Non Conveniens)

The Amended Complaint should be dismissed on the grounds of forum non conveniens.

## THIRTY-SEVENTH DEFENSE

### (Improper Forum/Arbitration)

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because plaintiffs have agreed to arbitration or chose a different forum for the resolution of their claims.

## THIRTY-EIGHTH DEFENSE

### (Intervening Conduct)

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of the Hitachi Defendants and/or were caused, if at all, solely and proximately by the conduct of third parties, including, without limitations, the prior, intervening or superseding conduct of such third parties.

## THIRTY-NINTH DEFENSE

### (Lack of Subject Matter Jurisdiction)

This Court lacks subject-matter jurisdiction over plaintiffs' claims and causes of action pursuant to, but not limited to, the Foreign Trade Antitrust Improvements Act.

## FORTIETH DEFENSE

### (Reservation of Other Defenses)

The Hitachi Defendants reserve the right to assert other defenses as this action proceeds up to and including the time of trial.

**WHEREFORE,** Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. each pray that:

    1.     The Court dismiss with prejudice plaintiffs' Amended Complaint;

THE HITACHI DEFENDANTS' ANSWER TO P.C.      50      CASE NO. 3:07-cv-05944-SC
RICHARD & SON LONG ISLAND CORPORATION      INDIVIDUAL CASE NO. 3:12-cv-02648-SC
ET AL'S FIRST AMENDED COMPLAINT

1      2.     Plaintiffs recover no relief of any kind against defendants Hitachi, Ltd., Hitachi

2 Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi

3 Electronic Devices (USA), Inc., or any of them;

4      3.     Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi

5 America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of them,

6 have and recover their respective costs of suit against plaintiffs and each of them; and

7      4.     The Court award to Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.),

8 Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of

9 them, such further relief as may be appropriate.

10 DATED:  November 4, 2013          Respectfully submitted,

11                    KIRKLAND & ELLIS LLP

12                    */s/ Eliot A. Adelson*

13                    Eliot A. Adelson (State Bar No. 205284)
James Maxwell Cooper (State Bar No.

14                    284054)
KIRKLAND & ELLIS LLP

15                    555 California Street, 27th Floor
San Francisco, CA 94104

16                    Telephone: (415) 439-1400

17                    Facsimile: (415) 439-1500
Email: eadelson@kirkland.com

18                    Email: max.cooper@kirkland.com

19                    James H. Mutchnik, P.C. (*pro hac vice*)

20                    Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP

21                    300 North LaSalle
Chicago, Illinois 60654

22                    Telephone: (312) 862-2000

23                    Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com

24                    Email: kate.wheaton@kirkland.com

25                    Attorneys for Defendants,
HITACHI, LTD., HITACHI DISPLAYS,

26                    LTD. (n/k/a JAPAN DISPLAY INC.),
HITACHI AMERICA, LTD., HITACHI

27                    ASIA, LTD., AND HITACHI ELECTRONIC
DEVICES (USA), INC.

28