1  Eliot A. Adelson (State Bar No. 205284)
2  James Maxwell Cooper (State Bar No. 284054)
   KIRKLAND & ELLIS LLP
3  555 California Street, 27th Floor
   San Francisco, CA 94104
4  Telephone: (415) 439-1400
   Facsimile: (415) 439-1500
5  Email: eadelson@kirkland.com
   Email: max.cooper@kirkland.com
6
7  James H. Mutchnik, P.C. (*pro hac vice*)
   Kate Wheaton (*pro hac vice*)
8  KIRKLAND & ELLIS LLP
   300 North LaSalle
9  Chicago, Illinois 60654
   Telephone: (312) 862-2000
10 Facsimile: (312) 862-2200
   Email: jmutchnik@kirkland.com
11 Email: kate.wheaton@kirkland.com
12
   Attorneys for Defendants,
13 HITACHI, LTD., HITACHI DISPLAYS, LTD.
   (n/k/a JAPAN DISPLAY INC.), HITACHI AMERICA, LTD.,
14 HITACHI ASIA, LTD., AND
   HITACHI ELECTRONIC DEVICES (USA), INC.
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                       SAN FRANCISCO DIVISION
18

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC |
| | MDL No.  1917 |
| This Document Relates To: | Individual Case No. 3:11-cv-5514-SC |
| The Sears, Roebuck and Co. and KMart Corp. Action | **ANSWER OF HITACHI, LTD., HITACHI DISPLAYS, LTD. (N/K/A JAPAN DISPLAY INC.), HITACHI AMERICA, LTD., HITACHI ASIA, LTD., and HITACHI ELECTRONIC DEVICES (USA), INC. TO SEARS, ROEBUCK AND CO. and KMART CORP.'S SECOND AMENDED COMPLAINT** |

1    Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America,

2  Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively "the Hitachi

3  Defendants") through their undersigned counsel of record, answer and respond ("Answer") to Sears,

4  Roebuck and Co. and KMart Corp.'s ("plaintiffs") Second Amended Complaint ("Second Amended

5  Complaint") as follows.

6    As used in this Answer, and in the interest of brevity, the phrase deny or denies "for want of

7  information or belief" means that the answering defendants are without knowledge or information

8  sufficient to form a belief as to the trust of an averment of the Complaint, and deny that averment on

9  that basis.  The Hitachi Defendants deny all allegations in the Complaint (including headings and

10  captions) not specifically admitted in this Answer.

11    1.    The Hitachi Defendants deny each of the averments of the first, second, and third

12  sentences of Paragraph 1 of the Second Amended Complaint as it pertains to the Hitachi Defendants.

13  To the extent the averments of the first, second, and third sentences of Paragraph 1 of the Second

14  Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want

15  of information or belief, the averments of the first, second, and third sentences of Paragraph 1 of the

16  Second Amended Complaint.  The remaining averments of Paragraph 1 of the Second Amended

17  Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the

18  extent that the remaining averments of Paragraph 1 may be deemed to require a response, the Hitachi

19  Defendants deny each of the averments of Paragraph 1 of the Second Amended Complaint.

20    2.    The Hitachi Defendants deny each of the averments of Paragraph 2 of the Second

21  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

22  Paragraph 2 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

23  Defendants deny, for want of information or belief, the averments of Paragraph 2 of the Second

24  Amended Complaint.

25    3.    The Hitachi Defendants deny each of the averments of Paragraph 3 of the Second

26  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

27  Paragraph 3 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

28

1   Defendants deny, for want of information or belief, the averments of Paragraph 3 of the Second

2   Amended Complaint.

3          4.      The Hitachi Defendants deny each of the averments of Paragraph 4 of the Second

4   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

5   Paragraph 4 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

6   Defendants deny, for want of information or belief, the averments of Paragraph 4 of the Second

7   Amended Complaint.

8          5.      The Hitachi Defendants deny each of the averments of Paragraph 5 of the Second

9   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

10  Paragraph 5 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

11  Defendants deny, for want of information or belief, the averments of Paragraph 5 of the Second

12  Amended Complaint.

13         6.      The Hitachi Defendants deny each of the averments of Paragraph 6 of the Second

14  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

15  Paragraph 6 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

16  Defendants deny, for want of information or belief, the averments of Paragraph 6 of the Second

17  Amended Complaint.

18         7.      The Hitachi Defendants deny, for want of information or belief, the averments in the

19  first sentence of Paragraph 7 of the Second Amended Complaint.  The remaining averments of

20  Paragraph 7 of the Second Amended Complaint are not directed at the Hitachi Defendants, and,

21  therefore, no response is required.  To the extent the remaining averments of Paragraph 7 of the

22  Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny

23  each of the averments as it pertains to the Hitachi Defendants, and, to the extent the averments do

24  not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief,

25  the remaining averments of Paragraph 7 of the Second Amended Complaint.

26         8.      The averments in Paragraph 8 of the Second Amended Complaint are not directed at

27  the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 8 may be

28  deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the

averments of Paragraph 8 of the Second Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the extent the averments of Paragraph 8 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants.  The Hitachi Defendants admit that the DOJ issued a press release on March 18, 2011, the details of which are matters of public record.

9.      The Hitachi Defendants deny each of the averments of Paragraph 9 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 9 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 9 of the Second Amended Complaint.

10.     The averments of Paragraph 10 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 10 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 10 of the Second Amended Complaint.

11.     The averments of Paragraph 11 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 11 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 11 of the Second Amended Complaint.

12.     The averments of Paragraph 12 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 12 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 12 of the Second Amended Complaint.

13.     The averments of Paragraph 13 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 13 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 13 of the Second Amended Complaint.

14.     The averments of Paragraph 14 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 14 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 14 of the Second Amended Complaint.

15.     The averments of Paragraph 15 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 15 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 15 of the Second Amended Complaint.

16.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 16 of the Second Amended Complaint.

17.     The Hitachi Defendants deny each of the averments of Paragraph 17 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 17 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 17 of the Second Amended Complaint.

18.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 18 of the Second Amended Complaint.

19.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 19 of the Second Amended Complaint.

20.     The averments of Paragraph 20 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 20 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 20 of the Second Amended Complaint.

21.     The averments of Paragraph 21 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 21 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 21 of the Second Amended Complaint.

22.     The averments of Paragraph 22 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 22 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 22 of the Second Amended Complaint.

23.     The averments of Paragraph 23 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 23 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 23 of the Second Amended Complaint.

24.     The averments of Paragraph 24 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 24 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 24 of the Second Amended Complaint.

25.     The averments of Paragraph 25 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 25 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 25 of the Second Amended Complaint.

26.     The averments of Paragraph 26 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 26 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 26 of the Second Amended Complaint.

27.     The averments of Paragraph 27 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 27 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 27 of the Second Amended Complaint.

28.     The averments of Paragraph 28 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 28 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 28 of the Second Amended Complaint.

29.     The Hitachi Defendants admit that Hitachi, Ltd. is a Japanese company with its principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280, Japan.  The Hitachi Defendants deny the remainder of the averments of Paragraph 29 of the Second Amended Complaint.

30.     The Hitachi Defendants admit that Hitachi Displays, Ltd. was a Japanese company with its principal place of business at 3300, Hayano, Mobara-shi, Chiba-ken, 297-8622, Japan.  The Hitachi Defendants deny the remainder of the averments of Paragraph 30 of the Second Amended Complaint.

31.     The Hitachi Defendants admit that Hitachi America, Ltd. is a New York company with its principal place of business is located at 50 Prospect Avenue, Tarrytown, New York 10591. The Hitachi Defendants admit that Hitachi America, Ltd. is a subsidiary of Defendant Hitachi, Ltd. The Hitachi Defendants deny the remainder of the averments of Paragraph 31 of the Second Amended Complaint.

32.     The Hitachi Defendants admit that Hitachi Asia, Ltd. is a Singaporean company with its principal place of business at 7 Tampines Grande, #08-01 Hitachi Square, Singapore 528736. The Hitachi Defendants deny the remainder of the averments of Paragraph 32 of the Second Amended Complaint.

33.     The Hitachi Defendants admit that Hitachi Electronic Devices (USA), Inc. is a Delaware corporation with its principal place of business is located at 208 Fairforest Way, Greenville, South Carolina 29607.  The Hitachi Defendants deny the remainder of the averments of Paragraph 33 of the Second Amended Complaint.

34.     The Hitachi Defendants deny, for want of information or belief, the averments in the first sentence of Paragraph 34 of the Second Amended Complaint that "Defendant Shenzhen SEG Hitachi Color Display Devices, Ltd. ('Hitachi Shenzhen') was a Chinese company with its principal place of business located at 5001 Huanggang Road, Futian District, Shenzhen 518035, China."  To the extent the remaining averments in Paragraph 34 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the

Hitachi Defendants deny, for want of information or belief, the averments in the rest of Paragraph 34 of the Second Amended Complaint.

35.     The Hitachi Defendants deny each of the averments of Paragraph 35 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 35 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 35 of the Second Amended Complaint.

36.     The averments of Paragraph 36 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 36 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 36 of the Second Amended Complaint.

37.     The averments of Paragraph 37 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 37 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 37 of the Second Amended Complaint.

38.     The averments of Paragraph 38 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 38 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 38 of the Second Amended Complaint.

39.     The averments of Paragraph 39 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 39 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 39 of the Second Amended Complaint.

40.     The averments of Paragraph 40 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 40 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 40 of the Second Amended Complaint.

41.     The averments of Paragraph 41 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 41 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 41 of the Second Amended Complaint.

42.     The averments of Paragraph 42 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 42 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 42 of the Second Amended Complaint.

43.     The averments of Paragraph 43 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 43 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 43 of the Second Amended Complaint.

44.     The averments of Paragraph 44 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 44 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 44 of the Second Amended Complaint.

45.     The averments of Paragraph 45 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 45 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 45 of the Second Amended Complaint.

46.     The averments of Paragraph 46 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 46 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 46 of the Second Amended Complaint.

47.     The averments of Paragraph 47 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 47 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 47 of the Second Amended Complaint.

48.     The averments of Paragraph 48 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 48 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 48 of the Second Amended Complaint.

49.     The averments of Paragraph 49 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 49 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 49 of the Second Amended Complaint.

50.     The averments of Paragraph 50 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 50 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 50 of the Second Amended Complaint.

51.     The averments of Paragraph 51 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 51 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 51 of the Second Amended Complaint.

52.     The averments of Paragraph 52 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 52 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 52 of the Second Amended Complaint.

53.     The averments of Paragraph 53 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 53 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 53 of the Second Amended Complaint.

54.     The averments of Paragraph 54 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 54 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 54 of the Second Amended Complaint.

55.     The averments of Paragraph 55 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 55 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 55 of the Second Amended Complaint.

56.     The averments of Paragraph 56 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 56 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 56 of the Second Amended Complaint.

57.     The averments of Paragraph 57 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 57 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 57 of the Second Amended Complaint.

58.     The averments of Paragraph 58 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 58 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 58 of the Second Amended Complaint.

59.     The averments of Paragraph 59 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 59 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 59 of the Second Amended Complaint.

60.     The averments of Paragraph 60 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 60 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 60 of the Second Amended Complaint.

61.     The averments of Paragraph 61 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 61 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 61 of the Second Amended Complaint.

62.     The averments of Paragraph 62 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 62 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 62 of the Second Amended Complaint.

63.     The averments of Paragraph 63 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 63 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 63 of the Second Amended Complaint.

64.     The averments of Paragraph 64 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 64 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 64 of the Second Amended Complaint.

65.     The averments of Paragraph 65 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 65 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 65 of the Second Amended Complaint.

66.     The averments of Paragraph 66 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 66 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 66 of the Second Amended Complaint.

67.     The averments of Paragraph 67 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 67 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 67 of the Second Amended Complaint.

68.     The averments of Paragraph 68 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 68 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 68 of the Second Amended Complaint.

69.     The averments of Paragraph 69 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 69 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 69 of the Second Amended Complaint.

70.     The averments of Paragraph 70 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 70 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 70 of the Second Amended Complaint.

71.     The averments of Paragraph 71 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 71 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 71 of the Second Amended Complaint.

72.     The averments of Paragraph 72 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 72 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 72 of the Second Amended Complaint.

73.     The averments of Paragraph 73 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 73 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 73 of the Second Amended Complaint.

74.     The averments of Paragraph 74 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 74 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 74 of the Second Amended Complaint.

75.     The averments of Paragraph 75 consist of conclusions of law to which no response is required.  To the extent Paragraph 75 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 75 to the extent they relate to the Hitachi Defendants.  To

1   the extent the averments of Paragraph 75 do not relate to the Hitachi Defendants, the Hitachi

2   Defendants deny, for want of information or belief, each of the averments of Paragraph 75.

3          76.     The averments of Paragraph 76 of the Second Amended Complaint consist of

4   conclusions of law to which no response is required.  To the extent Paragraph 76 may be deemed to

5   require a response, the Hitachi Defendants deny, for want of information or belief, each of the

6   averments in Paragraph 76 of the Second Amended Complaint.

7          77.     The averments of Paragraph 77 of the Second Amended Complaint consist of

8   conclusions of law to which no response is required.  To the extent Paragraph 77 may be deemed to

9   require a response, the Hitachi Defendants deny, for want of information or belief, each of the

10  averments in Paragraph 77 of the Second Amended Complaint.

11         78.     The averments of Paragraph 78 of the Second Amended Complaint consist of

12  conclusions of law to which no response is required.  To the extent Paragraph 78 may be deemed to

13  require a response, the Hitachi Defendants deny, for want of information or belief, each of the

14  averments in Paragraph 78 of the Second Amended Complaint.

15         79.     The averments of Paragraph 79 of the Second Amended Complaint appear to be

16  prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 79

17  may be deemed to require a response, the Hitachi Defendants deny each of the averments of

18  Paragraph 79 of the Second Amended Complaint.

19         80.     The averments of Paragraph 80 of the Second Amended Complaint appear to be

20  prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 80

21  may be deemed to require a response, the Hitachi Defendants deny each of the averments of

22  Paragraph 80 of the Second Amended Complaint.

23         81.     The averments of Paragraph 81 of the Second Amended Complaint appear to be

24  prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 81

25  may be deemed to require a response, the Hitachi Defendants deny each of the averments of

26  Paragraph 81 of the Second Amended Complaint.

27         82.     The averments of Paragraph 82 of the Second Amended Complaint appear to be

28  prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 82

1   may be deemed to require a response, the Hitachi Defendants deny each of the averments of

2   Paragraph 82 of the Second Amended Complaint.

3           83.     The averments of Paragraph 83 of the Second Amended Complaint appear to be

4   prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 83

5   may be deemed to require a response, the Hitachi Defendants deny each of the averments of

6   Paragraph 83 of the Second Amended Complaint.

7           84.     The averments of Paragraph 84 of the Second Amended Complaint appear to be

8   prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 84

9   may be deemed to require a response, the Hitachi Defendants deny each of the averments of

10   Paragraph 84 of the Second Amended Complaint.

11           85.     The averments of Paragraph 85 of the Second Amended Complaint consist of

12   conclusions of law to which no response is required.  To the extent Paragraph 85 may be deemed to

13   require a response, the Hitachi Defendants deny, for want of information or belief, each of the

14   averments in Paragraph 85 of the Second Amended Complaint.

15           86.     The averments of Paragraph 86 of the Second Amended Complaint consist of

16   conclusions of law to which no response is required.  To the extent Paragraph 86 may be deemed to

17   require a response, the Hitachi Defendants deny, for want of information or belief, each of the

18   averments in Paragraph 86 of the Second Amended Complaint.

19           87.     The averments of Paragraph 87 of the Second Amended Complaint consist of

20   conclusions of law to which no response is required.  To the extent Paragraph 87 may be deemed to

21   require a response, the Hitachi Defendants deny, for want of information or belief, each of the

22   averments in Paragraph 87 of the Second Amended Complaint.

23           88.     The averments of Paragraph 88 of the Second Amended Complaint consist of

24   conclusions of law to which no response is required.  To the extent Paragraph 88 may be deemed to

25   require a response, the Hitachi Defendants deny, for want of information or belief, each of the

26   averments in Paragraph 88 of the Second Amended Complaint.

27           89.     The averments of Paragraph 89 of the Second Amended Complaint appear to be

28   prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 89

1    may be deemed to require a response, the Hitachi Defendants deny each of the averments of

2    Paragraph 89 of the Second Amended Complaint.

3         90.    The averments of Paragraph 90 of the Second Amended Complaint are not directed at

4    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 90 may

5    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

6    each of the averments in Paragraph 90 of the Second Amended Complaint.

7         91.    The Hitachi Defendants deny, for want of information or belief, each of the

8    averments in Paragraph 91 of the Second Amended Complaint.

9         92.    To the extent the averments of Paragraph 92 of the Second Amended Complaint are

10   directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains

11   to the Hitachi Defendants, and, to the extent the averments do not pertain to the Hitachi Defendants,

12   the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 92 of the

13   Second Amended Complaint.

14        93.    The averments of Paragraph 93 of the Second Amended Complaint are not directed at

15   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 93 may

16   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

17   each of the averments in Paragraph 93 of the Second Amended Complaint.

18        94.    The Hitachi Defendants deny, for want of information or belief, each of the

19   averments of Paragraph 94 of the Second Amended Complaint.

20        95.    The averments of subparts i-viii and x-xi of Paragraph 95 of the Second Amended

21   Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The

22   Hitachi Defendants deny the averments of Paragraph 95 of the Second Amended Complaint, but

23   admit that in 2000 LG Electronics, Inc. and Hitachi, Ltd. entered into an agreement to establish a

24   joint venture company for the development, design and marketing of optical disk drives.

25        96.    The Hitachi Defendants deny, for want of information or belief, each of the

26   averments of Paragraph 96 of the Second Amended Complaint.

27        97.    The Hitachi Defendants deny, for want of information or belief, each of the

28   averments of Paragraph 97 of the Second Amended Complaint.

98.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 98 of the Second Amended Complaint.

99.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 99 of the Second Amended Complaint.

100.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 100 of the Second Amended Complaint.

101.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 101 of the Second Amended Complaint.

102.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 102 of the Second Amended Complaint.

103.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 103 of the Second Amended Complaint.

104.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 104 of the Second Amended Complaint.

105.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 105 of the Second Amended Complaint.

106.    The averments of the first sentence of Paragraph 106 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the first sentence of Paragraph 106 may be deemed to require a response, the Hitachi Defendants deny each of the averments of the first sentence of Paragraph 106 of the Second Amended Complaint.  The Hitachi Defendants deny each of the remaining averments of Paragraph 106 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the remaining averments of Paragraph 106 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the remaining averments of Paragraph 106 of the Second Amended Complaint.

107.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 107 of the Second Amended Complaint.

108.    The Hitachi Defendants deny each of the averments of Paragraph 108 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 108 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 108 of the Second Amended Complaint.

109.    The averments of Paragraph 109 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 109 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 109 of the Second Amended Complaint.

110.    To the extent the averments of Paragraph 110 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 110 of the Second Amended Complaint.

111.    The averments of Paragraph 111 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 111 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 111 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 111 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 111 of the Second Amended Complaint.

112.    The averments of Paragraph 112 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 112 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 112 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 112 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 112 of the Second Amended Complaint.

1 113.    To the extent the averments of Paragraph 113 of the Second Amended Complaint are

2 directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

3 113 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

4 averments of Paragraph 113 of the Second Amended Complaint do not pertain to the Hitachi

5 Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

6 Paragraph 113 of the Second Amended Complaint.

7 114.    To the extent the averments of Paragraph 114 of the Second Amended Complaint are

8 directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

9 114 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

10 averments of Paragraph 114 of the Second Amended Complaint do not pertain to the Hitachi

11 Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

12 Paragraph 114 of the Second Amended Complaint.

13 115.    To the extent the averments of Paragraph 115 of the Second Amended Complaint are

14 directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

15 115 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

16 averments of Paragraph 115 of the Second Amended Complaint do not pertain to the Hitachi

17 Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

18 Paragraph 115 of the Second Amended Complaint.

19 116.    To the extent the averments of Paragraph 116 of the Second Amended Complaint are

20 directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

21 116 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

22 averments of Paragraph 116 of the Second Amended Complaint do not pertain to the Hitachi

23 Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

24 Paragraph 116 of the Second Amended Complaint.

25 117.    To the extent the averments of Paragraph 117 of the Second Amended Complaint are

26 directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

27 117 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

28 averments of Paragraph 117 of the Second Amended Complaint do not pertain to the Hitachi

1  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

2  Paragraph 117 of the Second Amended Complaint.

3          118.    To the extent the averments of Paragraph 118 of the Second Amended Complaint are

4  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

5  118 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

6  averments of Paragraph 118 of the Second Amended Complaint do not pertain to the Hitachi

7  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

8  Paragraph 118 of the Second Amended Complaint.

9          119.    To the extent the averments of Paragraph 119 of the Second Amended Complaint are

10  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

11  119 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

12  averments of Paragraph 119 of the Second Amended Complaint do not pertain to the Hitachi

13  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

14  Paragraph 119 of the Second Amended Complaint.

15          120.    To the extent the averments of Paragraph 120 of the Second Amended Complaint are

16  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

17  120 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

18  averments of Paragraph 120 of the Second Amended Complaint do not pertain to the Hitachi

19  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

20  Paragraph 120 of the Second Amended Complaint.

21          121.    To the extent the averments of Paragraph 121 of the Second Amended Complaint are

22  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

23  121 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

24  averments of Paragraph 121 of the Second Amended Complaint do not pertain to the Hitachi

25  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

26  Paragraph 121 of the Second Amended Complaint.

27          122.    To the extent the averments of Paragraph 122 of the Second Amended Complaint are

28  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

122 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 122 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 122 of the Second Amended Complaint.

123.    To the extent the averments of Paragraph 123 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 123 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 123 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 123 of the Second Amended Complaint.

124.    The averments of Paragraph 124 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 124 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 124 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 124 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 124 of the Second Amended Complaint.

125.    To the extent the averments of Paragraph 125 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 125 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 125 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 125 of the Second Amended Complaint.

126.    To the extent the averments of Paragraph 126, including all subparts, of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 126 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 126 of the Second Amended Complaint do

1    not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief,

2    the averments of Paragraph 126 of the Second Amended Complaint.

3          127.    To the extent the averments of Paragraph 127 of the Second Amended Complaint are

4    directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

5    127 as it pertains to the Hitachi Defendants.  To the extent the averments do not pertain to the

6    Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

7    Paragraph 127 of the Second Amended Complaint.

8          128.    To the extent the averments of Paragraph 128 of the Second Amended Complaint are

9    directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

10   128 as it pertains to the Hitachi Defendants.  To the extent the averments do not pertain to the

11   Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

12   Paragraph 128 of the Second Amended Complaint.

13         129.    The Hitachi Defendants deny each of the averments of Paragraph 129 of the Second

14   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

15   Paragraph 129 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the

16   Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 129 of the

17   Second Amended Complaint.

18         130.    The Hitachi Defendants deny each of the averments of Paragraph 130 of the Second

19   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

20   Paragraph 130 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the

21   Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 130 of the

22   Second Amended Complaint.

23         131.    The Hitachi Defendants deny each of the averments of Paragraph 131 of the Second

24   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

25   Paragraph 131 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the

26   Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 131 of the

27   Second Amended Complaint.

28

132.     The averments of Paragraph 132 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent averments of Paragraph 132 of the Second Amended Complaint may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 132 as it pertains to the Hitachi Defendants.  To the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 132 of the Second Amended Complaint.

133.     The Hitachi Defendants deny each of the averments of Paragraph 133 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 133 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 133 of the Second Amended Complaint.

134.     The Hitachi Defendants deny each of the averments of Paragraph 134 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 134 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 134 of the Second Amended Complaint.

135.     The Hitachi Defendants deny each of the averments in Paragraph 135 of the Second Amended Complaint.

136.     The Hitachi Defendants deny each of the averments in Paragraph 136 of the Second Amended Complaint.

137.     The averments of Paragraph 137 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 137 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 137 of the Second Amended Complaint.

138.     The averments of Paragraph 138 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 138 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 138 of the Second Amended Complaint.

139.   The averments of Paragraph 139 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 139 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 139 of the Second Amended Complaint.

140.   The averments of Paragraph 140 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 140 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 140 of the Second Amended Complaint.

141.   The averments of Paragraph 141 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 141 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 141 of the Second Amended Complaint.

142.   The averments of Paragraph 142 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 142 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 142 of the Second Amended Complaint.

143.   The averments of Paragraph 143 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 143 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 143 of the Second Amended Complaint.

144.   The averments of Paragraph 144 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 144 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 144 of the Second Amended Complaint.

145.   The averments of Paragraph 145 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 145 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 145 of the Second Amended Complaint.

146.    The averments of Paragraph 146 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 146 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 146 of the Second Amended Complaint.

147.    The averments of Paragraph 147 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 147 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 147 of the Second Amended Complaint.

148.    The averments of Paragraph 148 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 148 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 148 of the Second Amended Complaint.

149.    The averments of Paragraph 149 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 149 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 149 of the Second Amended Complaint.

150.    The averments of Paragraph 150 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 150 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 150 of the Second Amended Complaint.

151.    The averments of Paragraph 151 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 151 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 151 of the Second Amended Complaint.

152.    The averments of Paragraph 152 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 152 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 152 of the Second Amended Complaint.

153.    The averments of Paragraph 153 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 153 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 153 of the Second Amended Complaint.

154.    The averments of Paragraph 154 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 154 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 154 of the Second Amended Complaint.

155.    The averments of Paragraph 155 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 155 may be deemed to require a response, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants, and, to the extent to averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 155 of the Second Amended Complaint.

156.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 156 of the Second Amended Complaint.

157.    The averments in Paragraph 157 of the Second Amended Complaint purport to be derived from a Stanford Resources, Inc. report, and, therefore, no response is required.  To the extent that Paragraph 157 may be deemed to require a response, the Hitachi Defendants respond that the report speaks for itself and deny, for want of information or belief, the averments in Paragraph 157 of the Second Amended Complaint.

158.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 158 of the Second Amended Complaint as they relate to the Hitachi Defendants.  The averments in the second and third sentences of Paragraph 158 of the Second Amended Complaint purport to be derived from a Fuji Chimera Research report, and thus no response is required.  To the extent that the averments in the second and third sentences of Paragraph 158 may be deemed to require a response, the Hitachi Defendants respond that the report speaks for

1    itself and deny, for want of information and belief, the averments in the second and third sentences

2    of Paragraph 158 of the Second Amended Complaint.

3         159.   The Hitachi Defendants deny, for want of information or belief, each of the

4    averments in the first and fourth sentences of Paragraph 159 of the Second Amended Complaint.

5    The remainder of the averments in Paragraph 159 purport to be derived from industry analysts, and

6    thus no response is required.  To the extent that the remainder of the averments in Paragraph 159

7    may be deemed to require a response, the Hitachi Defendants respond that the industry analysts

8    speak for themselves and deny, for want of information or belief, the remainder of the averments of

9    Paragraph 159 of the Second Amended Complaint.

10        160.   The averments of Paragraph 160 purport to be derived from an industry source, and

11   thus no response is required.  To the extent that Paragraph 160 may be deemed to require a response,

12   the Hitachi Defendants respond that the statements of the industry source speak for themselves and

13   deny, for want of information or belief, the averments of Paragraph 160 of the Second Amended

14   Complaint.

15        161.   The Hitachi Defendants deny, for want of information or belief, each of the

16   averments of Paragraph 161 of the Second Amended Complaint.

17        162.   The Hitachi Defendants deny, for want of information or belief, each of the

18   averments in the first sentence of Paragraph 162 of the Second Amended Complaint.  The remainder

19   of the averments of Paragraph 162 purport to be derived from a March 13, 2000 article and thus no

20   response is required.  To the extent that the remainder of Paragraph 162 may be deemed to require a

21   response, the Hitachi Defendants respond that the March 13, 2000 article speaks for itself and deny,

22   for want of information or belief, the remainder of the averments of Paragraph 162 of the Second

23   Amended Complaint.

24        163.   The averments in Paragraph 163 of the Second Amended Complaint purport to quote

25   and/or be derived from a BNET Business Network article, and thus no response is required.  To the

26   extent that the averments in Paragraph 163 may be deemed to require a response, the Hitachi

27   Defendants respond that the BNET Business Network article speaks for itself and deny, for want of

28   information or belief, the averments in Paragraph 163 of the Second Amended Complaint.

164.    The averments in Paragraph 164 of the Second Amended Complaint purport to quote and/or be derived from a Techtree.com article, and thus no response is required.  To the extent that the averments in Paragraph 164 may be deemed to require a response, the Hitachi Defendants respond that the Techtree.com article speaks for itself and deny, for want of information or belief, the averments in Paragraph 164 of the Second Amended Complaint.

165.    The Hitachi Defendants deny each of the averments of Paragraph 165 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 165 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 165 of the Second Amended Complaint.

166.    The Hitachi Defendants deny each of the averments of Paragraph 166 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 166 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 166 of the Second Amended Complaint.

167.    The averments in the first sentence of Paragraph 167 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the averments in the first sentence of Paragraph 167 of the Second Amended Complaint may be deemed to require a response, the Hitachi Defendants deny each of the averments in the first sentence of Paragraph 167 as they apply to the Hitachi Defendants.  To the extent the averments in the first sentence of Paragraph 167 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 167 of the Second Amended Complaint.  The remainder of the averments in Paragraph 167 purports to quote from the President of Skyworth Macao Commercial Off Shore Co., Ltd., Finsen Yu, and thus no response is required.  To the extent that the remainder of Paragraph 167 may be deemed to require a response, the Hitachi Defendants respond that the statement of the President of Skyworth Macao Commercial Off Shore Co., Ltd. speaks for itself and

1   deny, for want of information or belief, the remainder of the averments of Paragraph 167 of the

2   Second Amended Complaint.

3          168.    The Hitachi Defendants deny, for want of information or belief, each of the

4   averments of Paragraph 168 of the Second Amended Complaint.

5          169.    The Hitachi Defendants deny, for want of information or belief, each of the

6   averments of Paragraph 169 of the Second Amended Complaint.

7          170.    The averments of Paragraph 170 of the Second Amended Complaint are not directed

8   at the Hitachi Defendants and purport to be derived from a statement by a Hungarian Competition

9   Authority, and, therefore, no response is required.  To the extent that the averments in Paragraph 170

10  may be deemed to require a response, the Hitachi Defendants respond that the statement by a

11  Hungarian Competition Authority speaks for itself and deny, for want of information or belief, the

12  averments in Paragraph 170 of the Second Amended Complaint.

13         171.    The averments in Paragraph 171 of the Second Amended Complaint are not directed

14  at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for

15  want of information or belief, the averments of Paragraph 171 of the Second Amended Complaint to

16  the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

17  specifically admitted herein.  To the extent the averments of Paragraph 171 of the Second Amended

18  Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

19  averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted

20  herein.  The Hitachi Defendants admit that C.Y. Lin of Chunghwa Picture Tubes was indicted, the

21  details of which are matters of public record.

22         172.    The averments in Paragraph 172 of the Second Amended Complaint are not directed

23  at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for

24  want of information or belief, the averments of Paragraph 172 of the Second Amended Complaint to

25  the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

26  specifically admitted herein.  To the extent the averments of Paragraph 172 of the Second Amended

27  Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

28  averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted

herein.  The Hitachi Defendants admit that Tony Cheng of Chunghwa Picture Tubes was indicted, the details of which are matters of public record.

173.    The averments in Paragraph 173 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 173 of the Second Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the extent the averments of Paragraph 173 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein.  The Hitachi Defendants admit that Chung Cheng Yeh, an employee of a Taiwanese company, was indicted, the details of which are matters of public record.

174.    The averments in Paragraph 174 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 174 of the Second Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the extent the averments of Paragraph 174 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein.  The Hitachi Defendants admit that Seung-Kyu Lee, Yeong-Ug Yang, and Jae-Sik Kim were indicted, the details of which are matters of public record.

175.    The averments in Paragraph 175 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 175 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 175 of the Second Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the extent the averments of Paragraph 175 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein.  The Hitachi

1   Defendants admit that the DOJ issued a press release on March 18, 2011, the details of which are

2   matters of public record.

3         176.    The averments in Paragraph 176 of the Second Amended Complaint are not directed

4   at the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 176 may

5   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the

6   averments of Paragraph 176 of the Second Amended Complaint to the extent they relate to

7   defendants other than the Hitachi Defendants with the exception of matters specifically admitted

8   herein.  To the extent the averments of Paragraph 176 of the Second Amended Complaint are

9   directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains

10  to the Hitachi Defendants.  The Hitachi Defendants admit that the European Commission made an

11  announcement on December 5, 2012, the details of which are matters of public record.

12        177.    The Hitachi Defendants deny each of the averments of Paragraph 177 of the Second

13  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

14  Paragraph 177 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the

15  Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 177 of the

16  Second Amended Complaint.

17        178.    The averments of Paragraph 178 of the Second Amended Complaint are not directed

18  at the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of

19  Paragraph 178 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi

20  Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the

21  averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of

22  information or belief, the averments of Paragraph 178 of the Second Amended Complaint.

23        179.    The averments of Paragraph 179 of the Second Amended Complaint are not directed

24  at the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of

25  Paragraph 179 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi

26  Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the

27  averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of

28  information or belief, the averments of Paragraph 179 of the Second Amended Complaint.

1    180.    The Hitachi Defendants deny, for want of information or belief, each of the

2    averments of Paragraph 180 of the Second Amended Complaint.

3    181.    The averments of Paragraph 181 of the Second Amended Complaint are not directed

4    at the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of

5    Paragraph 181 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi

6    Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the

7    averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of

8    information or belief, the averments of Paragraph 181 of the Second Amended Complaint.

9    182.    The averments of Paragraph 182 of the Second Amended Complaint are not directed

10   at the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of

11   Paragraph 182 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi

12   Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the

13   averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of

14   information or belief, the averments of Paragraph 182 of the Second Amended Complaint.

15   183.    The averments of Paragraph 183 of the Second Amended Complaint purport to be

16   derived from a DOJ press release, and, therefore, no response is required.  To the extent that the

17   averments of Paragraph 183 may be deemed to require a response, the Hitachi Defendants respond

18   that the DOJ press release speaks for itself and deny the averments of Paragraph 183, except admit

19   that Hitachi Displays, Ltd. entered into a plea agreement and paid a $31 million fine in connection

20   with allegations that it participated in a conspiracy to fix the prices of TFT-LCD panels sold to Dell,

21   Inc. for use in notebook computers from April 1, 2001, through March 31, 2004.

22   184.    The averments of Paragraph 184 of the Second Amended Complaint purport to be

23   derived from indictments of other defendants and thus no response is required.  To the extent that the

24   averments of Paragraph 184 may be deemed to require a response, the Hitachi Defendants respond

25   that the indictments speak for themselves and deny the averments of Paragraph 184 as they pertain to

26   the Hitachi Defendants.  To the extent the averments of Paragraph 184 do not pertain to the Hitachi

27   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

28   Paragraph 184 of the Second Amended Complaint.

185.    The averments of the first sentence of Paragraph 185 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the first sentence of Paragraph 185 may be deemed to require a response, the Hitachi Defendants deny each of the averments of the first sentence of Paragraph 185 of the Second Amended Complaint.  To the extent the remaining averments of Paragraph 185 of the Second Amended Complaint are directed at the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 185 of the Second Amended Complaint.

186.    The averments in Paragraph 186 of the Second Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 186 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 186 of the Second Amended Complaint.

187.    To the extent the averments of Paragraph 187 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny the averments of Paragraph 187 of the Second Amended Complaint.  To the extent the averments of Paragraph 187 of the Second Amended Complaint are not directed at the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 187 of the Second Amended Complaint.

188.    To the extent the averments of Paragraph 188 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 188 of the Second Amended Complaint.

189.    To the extent the averments of Paragraph 189 of the Second Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 189 of the Second Amended Complaint.

1      190.    To the extent the averments of Paragraph 190 of the Second Amended Complaint are

2   directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains

3   to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants,

4   the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 190 of

5   the Second Amended Complaint.

6      191.    The averments in Paragraph 191 of the Second Amended Complaint are not directed

7   at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 191

8   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

9   belief, each of the averments in Paragraph 191 of the Second Amended Complaint.

10     192.    The averments in Paragraph 192 of the Second Amended Complaint are not directed

11   at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 192

12   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

13   belief, each of the averments in Paragraph 192 of the Second Amended Complaint.

14     193.    The averments in Paragraph 193 of the Second Amended Complaint are not directed

15   at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 193

16   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

17   belief, each of the averments in Paragraph 193 of the Second Amended Complaint.

18     194.    The averments in Paragraph 194 of the Second Amended Complaint are not directed

19   at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 194

20   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

21   belief, each of the averments in Paragraph 194 of the Second Amended Complaint.

22     195.    The averments in Paragraph 195 of the Second Amended Complaint are not directed

23   at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 195

24   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

25   belief, each of the averments in Paragraph 195 of the Second Amended Complaint.

26     196.    The Hitachi Defendants deny, for want of information or belief, deny each of the

27   averments in the first, second, and fourth sentences of Paragraph 196 of the Second Amended

28   Complaint.  The remainder of the averments of Paragraph 196 purports to be derived from

statements made by an analyst for Market Intelligent Research Corporation, and thus no response is required. To the extent the remainder of the averments of Paragraph 196 may be deemed to require a response, the Hitachi Defendants respond that the statements of the analyst for Market Intelligence Research Corporation speak for themselves and deny, for want of information or belief, the remainder of the averments of Paragraph 196 of the Second Amended Complaint.

197.    The averments of Paragraph 197 purport to be derived from an industry source, and thus no response is required. To the extent that Paragraph 197 may be deemed to require a response, the Hitachi Defendants respond that the statements of the industry source speak for themselves and deny, for want of information or belief, the averments of Paragraph 197 of the Second Amended Complaint.

198.    The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 198 of the Second Amended Complaint.

199.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the second and third sentences of Paragraph 199 of the Second Amended Complaint. The first sentence of Paragraph 199 purports to be derived from a CNET News.com article, and thus no response is required. To the extent that the first sentence of Paragraph 199 may be deemed to require a response, the Hitachi Defendants respond that the statement from the article speaks for itself and deny, for want of information or belief, the averments of Paragraph 199 of the Second Amended Complaint.

200.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 200 of the Second Amended Complaint. The remainder of the averments of Paragraph 200 purports to be derived from a keynote speaker at Asia Display, and thus no response is required. To the extent that the remainder of the averments of Paragraph 200 may be deemed to require a response, the Hitachi Defendants respond that the statement by the keynote speaker at Asia Display speaks for itself and deny, for want of information and belief, the remainder of the averments of Paragraph 200 of the Second Amended Complaint.

201.    The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 201 of the Second Amended Complaint.

1    202.    The Hitachi Defendants deny, for want of information or belief, each of the

2  averments in the first sentence of Paragraph 202 of the Second Amended Complaint.  The remainder

3  of the averments of Paragraph 202 purports to be derived from an Infotech Weekly article and thus

4  no response is required.  To the extent that the remainder of Paragraph 202 may be deemed to

5  require a response, the Hitachi Defendants respond that the Infotech Weekly article speaks for itself

6  and deny, for want of information or belief, the remainder of Paragraph 202 of the Second Amended

7  Complaint.

8    203.    The averments in Paragraph 203 of the Second Amended Complaint are not directed

9  at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 203

10  may be deemed to require a response, the Hitachi Defendants deny, for want of information or

11  belief, each of the averments in Paragraph 203 of the Second Amended Complaint.

12    204.    The averments in the first sentence of Paragraph 204 of the Second Amended

13  Complaint consist of conclusions of law to which no response is required. To the extent that the

14  averments in the first sentence of Paragraph 204 of the Second Amended Complaint may be deemed

15  to require a response, the Hitachi Defendants deny each of the averments in the first sentence of

16  Paragraph 204 of the Second Amended Complaint as it applies to the Hitachi Defendants. To the

17  extent the averments in the first sentence of Paragraph 204 of the Second Amended Complaint do

18  not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief,

19  each of the averments in the first sentence of Paragraph 204 of the Second Amended Complaint.

20  The remainder of the averments of Paragraph 204 purports to quote from the President of Skyworth

21  Macao Commercial Off Shore Co., Ltd., Finsen Yu, and thus no response is required.  To the extent

22  that the remainder of Paragraph 204 may be deemed to require a response, the Hitachi Defendants

23  respond that the statement of the President of Skyworth Macao Commercial Off Shore Co., Ltd.

24  speaks for itself and deny, for want of information or belief, the remainder of the averments of

25  Paragraph 204 of the Second Amended Complaint.

26    205.    The averments of Paragraph 205 of the Second Amended Complaint consist of

27  conclusions of law to which no response is required.  To the extent that Paragraph 205 may be

28

1    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 205

2    of the Second Amended Complaint.

3         206.    The averments of Paragraph 206, including all subparts, of the Second Amended

4    Complaint consist of conclusions of law to which no response is required.  To the extent that

5    Paragraph 206 may be deemed to require a response, the Hitachi Defendants deny each of the

6    averments of Paragraph 206 of the Second Amended Complaint.

7         207.    The averments of Paragraph 207 of the Second Amended Complaint consist of

8    conclusions of law to which no response is required.  To the extent that Paragraph 207 may be

9    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 207

10   of the Second Amended Complaint.

11        208.    The averments of Paragraph 208 of the Second Amended Complaint consist of

12   conclusions of law to which no response is required.  To the extent that Paragraph 208 may be

13   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 208

14   of the Second Amended Complaint.

15        209.    The averments of Paragraph 209 of the Second Amended Complaint consist of

16   conclusions of law to which no response is required.  To the extent that Paragraph 209 may be

17   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 209

18   of the Second Amended Complaint.

19        210.    The Hitachi Defendants deny, for want of information or belief, the averments of

20   Paragraph 210 of the Second Amended Complaint.

21        211.    The Hitachi Defendants deny each of the averments of Paragraph 211 of the Second

22   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

23   Paragraph 211 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the

24   Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 211 of the

25   Second Amended Complaint.

26        212.    The Hitachi Defendants deny each of the averments of Paragraph 212 of the Second

27   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

28   Paragraph 212 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the

1   Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 212 of the

2   Second Amended Complaint.

3          213.   The Hitachi Defendants deny, for want of information or belief, the averments of

4   Paragraph 213 of the Second Amended Complaint.

5          214.   The averments of Paragraph 214 of the Second Amended Complaint consist of

6   conclusions of law to which no response is required.  To the extent that Paragraph 214 may be

7   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 214

8   of the Second Amended Complaint.

9          215.   The averments of Paragraph 215 of the Second Amended Complaint consist of

10  conclusions of law to which no response is required.  To the extent that Paragraph 215 may be

11  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 215

12  of the Second Amended Complaint.

13         216.   The averments of Paragraph 216 of the Second Amended Complaint consist of

14  conclusions of law to which no response is required.  To the extent that Paragraph 216 may be

15  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 216

16  of the Second Amended Complaint.

17         217.   The averments of Paragraph 217 of the Second Amended Complaint consist of

18  conclusions of law to which no response is required.  To the extent that Paragraph 217 may be

19  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 217

20  of the Second Amended Complaint.

21         218.   The averments of Paragraph 218 of the Second Amended Complaint consist of

22  conclusions of law to which no response is required.  To the extent that Paragraph 218 may be

23  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 218

24  of the Second Amended Complaint.

25         219.   The Hitachi Defendants deny each of the averments of Paragraph 219 of the Second

26  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

27  Paragraph 219 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the

28

Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 219 of the Second Amended Complaint.

220.   The Hitachi Defendants deny each of the averments of Paragraph 220 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 220 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 220 of the Second Amended Complaint.

221.   The averments of Paragraph 221 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 221 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 221 of the Second Amended Complaint.

222.   The averments of Paragraph 222 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 222 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 222 of the Second Amended Complaint.

223.   The averments of Paragraph 223 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 223 may be deemed to require a response, the Hitachi Defendants respond that the statement of the Deputy General Manager for an LG Electronics distributor speaks for itself and deny, for want of information or belief, the averments in Paragraph 223 of the Second Amended Complaint.

224.   The Hitachi Defendants deny each of the averments of Paragraph 224 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 224 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 224 of the Second Amended Complaint.

225.   The Hitachi Defendants deny each of the averments of Paragraph 225 of the Second Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 225 of the Second Amended Complaint do not pertain to the Hitachi Defendants, the

1    Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 225 of the

2    Second Amended Complaint.

3          226.    The averments of Paragraph 226 of the Second Amended Complaint consist of

4    conclusions of law to which no response is required.  To the extent that Paragraph 226 may be

5    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 226

6    of the Second Amended Complaint.

7          227.    The averments of Paragraph 227 of the Second Amended Complaint consist of

8    conclusions of law to which no response is required.  To the extent that Paragraph 227 may be

9    deemed to require a response, the Hitachi Defendants deny the averments in Paragraph 227 and, to

10   the extent applicable, incorporate by this reference their responses, set forth in this Answer and as if

11   set forth fully herein, to the averments in Paragraphs 183-187.

12         228.    The averments of Paragraph 228 of the Second Amended Complaint consist of

13   conclusions of law to which no response is required.  To the extent that Paragraph 228 may be

14   deemed to require a response, the Hitachi Defendants deny the averments in Paragraph 228 of the

15   Second Amended Complaint.

16         229.    The averments of Paragraph 229 of the Second Amended Complaint consist of

17   conclusions of law to which no response is required.  To the extent that Paragraph 229 may be

18   deemed to require a response, the Hitachi Defendants deny the averments in Paragraph 229.

19         230.    Answering the averments of Paragraph 230 of the Second Amended Complaint, the

20   Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and

21   as if set forth fully herein, to the averments of Paragraphs 1-229 of the Second Amended Complaint.

22         231.    The averments of Paragraph 231 of the Second Amended Complaint consist of

23   conclusions of law to which no response is required.  To the extent that Paragraph 231 may be

24   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 231

25   of the Second Amended Complaint.

26         232.    The averments of Paragraph 232 of the Second Amended Complaint consist of

27   conclusions of law to which no response is required.  To the extent that Paragraph 232 may be

28

1    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 232

2    of the Second Amended Complaint.

3        233.    The averments of Paragraph 233 of the Second Amended Complaint consist of

4    conclusions of law to which no response is required.  To the extent that Paragraph 233 may be

5    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 233

6    of the Second Amended Complaint.

7        234.    The averments of Paragraph 234 of the Second Amended Complaint consist of

8    conclusions of law to which no response is required.  To the extent that Paragraph 234 may be

9    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 234

10   of the Second Amended Complaint.

11       235.    The averments of Paragraph 235 of the Second Amended Complaint, including all

12   subparts, consist of conclusions of law to which no response is required.  To the extent that

13   Paragraph 235 may be deemed to require a response, the Hitachi Defendants deny each of the

14   averments of Paragraph 235 of the Second Amended Complaint.

15       236.    The averments of Paragraph 236 of the Second Amended Complaint consist of

16   conclusions of law to which no response is required.  To the extent that Paragraph 236 may be

17   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 236

18   of the Second Amended Complaint.

19       237.    Answering the averments of Paragraph 237 of the Second Amended Complaint, the

20   Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and

21   as if set forth fully herein, to the averments of Paragraphs 1-236 of the Second Amended Complaint.

22       238.    The averments of Paragraph 238 of the Second Amended Complaint consist of

23   conclusions of law to which no response is required.  To the extent that Paragraph 238 may be

24   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 238

25   of the Second Amended Complaint.

26       239.    The averments of Paragraph 239 of the Second Amended Complaint are not directed

27   at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 239

28

1   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

2   belief, each of the averments in Paragraph 239 of the Second Amended Complaint.

3          240.    The averments of Paragraph 240 of the Second Amended Complaint consist of

4   conclusions of law to which no response is required.  To the extent that Paragraph 240 may be

5   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 240

6   of the Second Amended Complaint.

7          241.    The averments of Paragraph 241 of the Second Amended Complaint consist of

8   conclusions of law to which no response is required.  To the extent that Paragraph 241 may be

9   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 241

10  of the Second Amended Complaint.

11         242.    The averments of Paragraph 242 of the Second Amended Complaint, including all

12  subparts, consist of conclusions of law to which no response is required.  To the extent that

13  Paragraph 242 may be deemed to require a response, the Hitachi Defendants deny each of the

14  averments of Paragraph 242 of the Second Amended Complaint.

15         243.    The averments of Paragraph 243 of the Second Amended Complaint, including all

16  subparts, consist of conclusions of law to which no response is required.  To the extent that

17  Paragraph 243 may be deemed to require a response, the Hitachi Defendants deny each of the

18  averments of Paragraph 243 of the Second Amended Complaint.

19         244.    The averments of Paragraph 244 of the Second Amended Complaint consist of

20  conclusions of law to which no response is required.  To the extent that Paragraph 244 may be

21  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 244

22  of the Second Amended Complaint.

23         245.    The averments of Paragraph 245 of the Second Amended Complaint consist of

24  conclusions of law to which no response is required.  To the extent that Paragraph 245 may be

25  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 245

26  of the Second Amended Complaint.

27

28

246.     Answering the averments of Paragraph 246 of the Second Amended Complaint, the Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and as if set forth fully herein, to the averments of Paragraphs 1-245 of the Second Amended Complaint.

247.     The averments of Paragraph 247 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 247 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 247 of the Second Amended Complaint.

248.     The averments of Paragraph 248 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 248 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 248 of the Second Amended Complaint.

249.     The averments of Paragraph 249 of the Second Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 249 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 249 of the Second Amended Complaint.

250.     The averments of Paragraph 250 of the Second Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 250 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 250 of the Second Amended Complaint.

251.     The averments of Paragraph 251 of the Second Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 251 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 251 of the Second Amended Complaint.

252.     The averments of Paragraph 252 of the Second Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 252 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 252 of the Second Amended Complaint.

253.     The averments of Paragraph 253 of the Second Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 253 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 253 of the Second Amended Complaint.

254.     The averments of Paragraph 254 of the Second Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 254 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 254 of the Second Amended Complaint.

255.     The averments of Paragraph 255 of the Second Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 255 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 255 of the Second Amended Complaint.

256.     The averments of Paragraph 256 of the Second Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 256 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 256 of the Second Amended Complaint.

257.     The averments of Paragraph 257 of the Second Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 257 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 257 of the Second Amended Complaint.

258.     The averments of Paragraph 258 of the Second Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 258 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 258 of the Second Amended Complaint.

259.     The averments of Paragraph 259 of the Second Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 259 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 259 of the Second Amended Complaint.

1    260.    The averments of Paragraph 260 of the Second Amended Complaint, including all

2    subparts, consist of conclusions of law to which no response is required.  To the extent that

3    Paragraph 260 may be deemed to require a response, the Hitachi Defendants deny each of the

4    averments of Paragraph 260 of the Second Amended Complaint.

5    261.    The averments of Paragraph 261 of the Second Amended Complaint, including all

6    subparts, consist of conclusions of law to which no response is required.  To the extent that

7    Paragraph 261 may be deemed to require a response, the Hitachi Defendants deny each of the

8    averments of Paragraph 261 of the Second Amended Complaint.

9    262.    The averments of Paragraph 262 of the Second Amended Complaint, including all

10   subparts, consist of conclusions of law to which no response is required.  To the extent that

11   Paragraph 262 may be deemed to require a response, the Hitachi Defendants deny each of the

12   averments of Paragraph 262 of the Second Amended Complaint.

13   263.    The averments of Paragraph 263 of the Second Amended Complaint, including all

14   subparts, consist of conclusions of law to which no response is required.  To the extent that

15   Paragraph 263 may be deemed to require a response, the Hitachi Defendants deny each of the

16   averments of Paragraph 263 of the Second Amended Complaint.

17   264.    The averments of Paragraph 264 of the Second Amended Complaint, including all

18   subparts, consist of conclusions of law to which no response is required.  To the extent that

19   Paragraph 264 may be deemed to require a response, the Hitachi Defendants deny each of the

20   averments of Paragraph 264 of the Second Amended Complaint.

21   265.    The averments of Paragraph 265 of the Second Amended Complaint, including all

22   subparts, consist of conclusions of law to which no response is required.  To the extent that

23   Paragraph 265 may be deemed to require a response, the Hitachi Defendants deny each of the

24   averments of Paragraph 265 of the Second Amended Complaint.

25                           **PLAINTIFFS' PRAYER FOR RELIEF**

26   The Hitachi Defendants deny each of the Averments of Paragraphs A through F of plaintiffs'

27   Prayer for Relief in the Second Amended Complaint, and aver that plaintiffs are not entitled to any

28   relief of any kind for or as against any of the Hitachi Defendants.

## JURY TRIAL DEMAND

To the extent any response is required to the plaintiffs' Jury Trial Demand, the Hitachi Defendants admit that plaintiffs purports to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

Without assuming the burden of proof where it rests upon plaintiffs, the Hitachi Defendants aver the following as separate affirmative and/or additional defenses to plaintiffs' Second Amended Complaint:

### FIRST DEFENSE

### (Failure To State A Claim)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the Second Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

### (Statutes Of Limitations)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE

### (Withdrawal)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of the Hitachi Defendants' withdrawal from and/or abandonment of any alleged conspiracy.

### FOURTH DEFENSE

### (Claim Splitting And Election Of Remedies)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of claim splitting and by the doctrine of the election of remedies.

### FIFTH DEFENSE

### (Laches, Estoppel, Waiver, And/Or Unclean Hands)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, under the doctrines of laches, estoppel, waiver, and/or unclean hands.

## SIXTH DEFENSE

### (Reasonable Justification)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because all of the actions of the Hitachi Defendants being challenged by plaintiffs were lawful, justified, pro-competitive, constitute bona fide business competition, and were carried out in furtherance of the Hitachi Defendants' legitimate business interests.

## SEVENTH DEFENSE

### (Ratification, Acquiescence, Agreement Or Consent)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of plaintiffs' ratification of, or acquiescence, agreement or consent to the conduct of the Hitachi Defendants.

## EIGHTH DEFENSE

### (Accord And Satisfaction, Release And Settlement)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the doctrines of accord and satisfaction, release and settlement.

## NINTH DEFENSE

### (Government Privilege)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the alleged conduct of the Hitachi Defendants that is the subject of the Second Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## TENTH DEFENSE

### (Lack of Standing)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs' lack standing to bring the claims asserted in the Second Amended Complaint.

**ELEVENTH DEFENSE**

**(Failure To Plead Fraud Particularly; Fed. R. Civ. P. 9(B))**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have failed to allege fraudulent concealment with particularity.

**TWELFTH DEFENSE**

**(Ultra Vires)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because, to the extent that any employee or agent of the Hitachi Defendants engaged in any unlawful act or omission, which unlawful act or omission the Hitachi Defendants expressly deny, any such actionable act or omission would have been committed by individuals acting ultra vires.

**THIRTEENTH DEFENSE**

**(Intervening Causes)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs' alleged injuries, if any, stemmed from intervening and/or superseding causes.

**FOURTEENTH DEFENSE**

**(Lack Of Antitrust Injury)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have not suffered an antitrust injury.

**FIFTEENTH DEFENSE**

**(No Act Of The Hitachi Defendants)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have not been injured in its business or property by reason of any action of the Hitachi Defendants.

**SIXTEENTH DEFENSE**

**(Speculative Damages)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the plaintiffs' alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**SEVENTEENTH DEFENSE**

**(Failure To Mitigate Damages)**

Each of plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, because of and to the extent of plaintiffs' failure to mitigate damages.

**EIGHTEENTH DEFENSE**

**(Pass Through)**

Plaintiffs' claims or causes of action for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge, the existence of which the Hitachi Defendants expressly deny, was absorbed, in whole or in part, by others, and was not passed through to plaintiffs.

**NINETEENTH DEFENSE**

**(Restitution)**

Each of plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, to the extent that any restitution or award of damages to plaintiffs would be excessive and punitive, and disproportionate to any alleged injury suffered by plaintiffs.

**TWENTIETH DEFENSE**

**(Available Remedy At Law)**

Each of plaintiffs' claims or causes of action for injunction or other equitable relief is barred, in whole or in part, because plaintiffs have available an adequate remedy at law.

**TWENTY-FIRST DEFENSE**

**(Injunction)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs seek to enjoin alleged events that have already transpired and without the requisite showing of threatened future harm or continuing violation.

**TWENTY-SECOND DEFENSE**

**(Residency)**

To the extent plaintiffs seek to assert claims or obtain relief under the laws of a state of which they are not a resident, those claims are barred by (i) constitutional rights of due process; (ii) choice of law principles; and (iii) the laws of the states under which plaintiffs assert their claims.

## TWENTY-THIRD DEFENSE

### (Unjust Enrichment)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Second Amended Complaint.

## TWENTY-FOURTH DEFENSE

### (Improper Venue)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because venue does not lie in this Court.

## TWENTY-FIFTH DEFENSE

### (Comparative Fault)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent the injuries alleged in the Second Amended Complaint, the fact and extent of which are expressly denied by the Hitachi Defendants, were directly and proximately caused by or contributed to by the statements, acts or omissions of plaintiffs or third persons or entities unaffiliated with the Hitachi Defendants.

## TWENTY-SIXTH DEFENSE

### (Res Judicata And/Or Collateral Estoppel)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## TWENTY-SEVENTH DEFENSE

### (Foreign Trade Antitrust Improvements Act)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## TWENTY-EIGHTH DEFENSE

### (Foreign Sales)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent plaintiffs seek to recover damages, if any, based on sales outside of the United States.

## TWENTY-NINTH DEFENSE

### (Improper Joinder)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs' claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to all defendants.

## THIRTIETH DEFENSE

### (Failure To Exhaust Remedies)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs failed to exhaust all remedies against the parties with whom each plaintiff is in privity.

## THIRTY-FIRST DEFENSE

### (No Multiple Recoveries)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent it would result in the Hitachi Defendants paying damages to more than one claimant for the same alleged overcharge, because such multiple recoveries would violate rights guaranteed to the Hitachi Defendants by applicable states' laws and the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

## THIRTY-SECOND DEFENSE

### (Voluntary Payment Doctrine)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the voluntary payment doctrine, under which plaintiffs are not entitled to recover payments made with full knowledge of the facts.

## THIRTY-THIRD DEFENSE

### (Incorporation Of Defenses Of Others)

The Hitachi Defendants adopt by reference any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

## THIRTY-FOURTH DEFENSE

### (Privilege)

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of the Hitachi Defendants was justified, constituted bona fide business competition, and was taken in pursuit of its own legitimate business and economic interests and is therefore privileged.

## THIRTY-FIFTH DEFENSE

### (Noerr-Pennington Doctrine)

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, by the doctrine of Noerr-Pennington.

## THIRTY-SIXTH DEFENSE

### (Forum Non Conveniens)

The Second Amended Complaint should be dismissed on the grounds of forum non conveniens.

## THIRTY-SEVENTH DEFENSE

### (Improper Forum/Arbitration)

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because plaintiffs have agreed to arbitration or chose a different forum for the resolution of their claims.

## THIRTY-EIGHTH DEFENSE

### (Intervening Conduct)

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of the Hitachi Defendants and/or were caused, if at all, solely and

proximately by the conduct of third parties, including, without limitations, the prior, intervening or superseding conduct of such third parties.

### THIRTY- NINTH DEFENSE

#### (Lack of Subject Matter Jurisdiction)

This Court lacks subject-matter jurisdiction over plaintiffs' claims and causes of action pursuant to, but not limited to, the Foreign Trade Antitrust Improvements Act.

### FORTIETH DEFENSE

#### (Reservation of Other Defenses)

The Hitachi Defendants reserve the right to assert other defenses as this action proceeds up to and including the time of trial.

**WHEREFORE,** Hitachi, Ltd., Hitachi Displays, Ltd (n/k/a Japan Display Inc.)., Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. each pray that:

1.      The Court dismiss with prejudice plaintiffs' Second Amended Complaint;

2.      Plaintiffs recover no relief of any kind against defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., or any of them;

3.      Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of them, have and recover their respective costs of suit against plaintiffs; and

4.      The Court award to Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of them, such further relief as may be appropriate.

DATED:  November 4, 2013                           Respectfully submitted,

                                                   KIRKLAND & ELLIS LLP


                                                   */s/ Eliot A. Adelson*
                                                   Eliot A. Adelson (State Bar No. 205284)
                                                   James Maxwell Cooper (State Bar No. 284054)
                                                   KIRKLAND & ELLIS LLP
                                                   555 California Street, 27th Floor

San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants,
HITACHI, LTD., HITACHI DISPLAYS, LTD.
(n/k/a JAPAN DISPLAY INC.), HITACHI
AMERICA, LTD., HITACHI ASIA, LTD.,
AND HITACHI ELECTRONIC DEVICES
(USA), INC.