SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com
              tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944-SC |
| | MDL No. 1917 |
| | (Individual Case No. 11-cv-05502) |
| This Document Relates to: 11-cv-05502 | **ANSWER OF DEFENDANTS SAMSUNG SDI AMERICA, INC., SAMSUNG SDI CO., LTD., SAMSUNG SDI (MALAYSIA) SDN. BHD., SAMSUNG SDI MEXICO S.A. DE C.V., SAMSUNG SDI BRASIL LTDA., SHENZHEN SAMSUNG SDI CO., LTD., AND TIANJIN SAMSUNG SDI CO., LTD. TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT** |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, | |
| Plaintiff, | |
| v. | |
| HITACHI, LTD., et al. | |
| Defendants. | |

1    Defendants Samsung SDI America, Inc. ("SDIA"), Samsung SDI Co., Ltd.

2  ("SDI Co."), Samsung SDI (Malaysia) Sdn Bhd. ("SDI Malaysia"), Samsung SDI Mexico

3  S.A. de C.V. ("SDI Mexico"), Samsung SDI Brasil Ltda. ("SDI Brasil"), Shenzhen

4  Samsung SDI Co. Ltd. ("SDI Shenzhen"), and Tianjin Samsung SDI Co., Ltd. ("SDI

5  Tianjin") (collectively "SDI" or the "Samsung SDI Defendants"), by and through their

6  undersigned counsel of record, answer Plaintiff Alfred H. Siegel, as trustee of the Circuit

7  City Stores, Inc. Liquidating Trust's ( "Plaintiff") First Amended Complaint (the

8  "Complaint") and allege additional or affirmative defenses as follows.  SDI denies each

9  and every allegation in the Complaint's section headings and in all portions of the

10  Complaint not contained in numbered paragraphs.  To the extent that the Complaint's

11  allegations concern persons and/or entities other than SDI, SDI denies that such allegations

12  support any claim for relief against SDI.

13    SDI responds to the Complaint in accordance with the former Special

14  Master's Report And Recommendations Regarding Defendants' Motions To Dismiss

15  Direct Action Complaints (Dkt. No. 1664); the Court's Order Adopting In Part And

16  Modifying In Part Special Master's Report And Recommendation On Defendants' Motion

17  To Dismiss The Direct Action Complaints (Dkt. No. 1856); and related orders dismissing

18  certain parties.  As a result of those orders, the Court dismissed, *inter alia*: (a) plaintiffs'

19  claims under the Massachusetts Consumer Protection Act, with leave to amend; (b)

20  plaintiffs' claims under the Washington Consumer Protection Act; (c) plaintiffs' claims

21  under California's laws for restitution and unjust enrichment; (d) plaintiffs' claims under

22  the law of New York based on pre-December 3, 1998 purchases; and (e) plaintiffs' claims

23  under claims the Nevada Unfair Trade Practices Act based on pre-October 1, 1999

24  purchases.

25  **I.    Introductory Allegations.**

26    1.    To the extent that the allegations of Paragraph 1 are definitional, SDI

27  avers that no response is required.  To the extent that the allegations of Paragraph 1

28  constitute legal contentions and/or conclusions, SDI avers that no response is required.  To

-1-

the extent that a response is required and to the extent that the allegations of Paragraph 1 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required as to matters relating to SDI, SDI denies all of the allegations of Paragraph 1 and all inferences arising therefrom.  Subject to the foregoing, SDI acknowledges that Plaintiff in the Complaint purports to refer to cathode ray tubes as "CRTs," and purports to refer to the period from at least March 1, 1995 through at least November 25, 2007 as the "Relevant Period," although SDI disputes the propriety of such definitions and any inferences arising therefrom.  SDI specifically denies that the conspiracy, which SDI denies the existence of, extended from March 1, 1995 through November 25, 2007.

2.      To the extent that the allegations of Paragraph 2 are definitional, SDI avers that no response is required.  To the extent that a response is required and to the extent that the allegations of Paragraph 2 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required as to matters relating to SDI, SDI denies all of the allegations of Paragraph 2 and all inferences arising therefrom.  Subject to the foregoing, SDI acknowledges that Plaintiff in the Complaint purports to refer to (i) color picture tubes as "CPTs," (ii) color display tubes as "CDTs," (iii) CPTs of all sizes and the products containing them collectively as "CPT Products," (iv) CDTs of all sizes and the products containing them collectively as "CDT Products," and (v) CDT Products and CPT Products collectively as "CRT Products" although SDI disputes the propriety of such definitions and any inferences arising therefrom.  SDI specifically denies that it manufactured any electronic devices containing CPTs or CDTs.

3.      SDI avers that the allegations of Paragraph 3 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, and to the extent the allegations of Paragraph 3 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent a response is required, and to the extent the

-2-

1    allegations of Paragraph 3 pertain to SDI, SDI denies all of the allegations of Paragraph 3.

2          4.    SDI avers that the allegations of Paragraph 4 constitute legal

3    contentions and/or conclusions to which no response is required, but SDI nonetheless

4    denies all of the allegations of Paragraph 4 to the extent they purport to pertain to SDI.

5    Further, to the extent that the allegations of Paragraph 4 relate to other defendants or other

6    persons, SDI lacks knowledge or information sufficient to form a belief as to their truth,

7    and therefore denies them.

8          5.    SDI avers that the allegations of Paragraph 5 and its subparts

9    constitute legal contentions and/or conclusions to which no response is required, but SDI

10   nonetheless denies all of the allegations of Paragraph 5 and its subparts to the extent they

11   purport to pertain to SDI.  SDI further denies all factual allegations of this Paragraph to the

12   extent such allegations pertain to SDI.  Further, to the extent that the allegations of

13   Paragraph 5 and its subparts relate to other defendants or other persons, SDI lacks

14   knowledge or information sufficient to form a belief as to their truth, and therefore denies

15   them.

16         6.    SDI avers that the allegations of Paragraph 6 constitute legal

17   contentions and/or conclusions to which no response is required, but SDI nonetheless

18   denies all of the allegations of Paragraph 6 to the extent they purport to pertain to SDI.

19   SDI further denies all factual allegations of this Paragraph to the extent such allegations

20   pertain to SDI.  Further, to the extent that the allegations of Paragraph 6 relate to other

21   defendants or other persons, SDI lacks knowledge or information sufficient to form a

22   belief as to their truth, and therefore denies them.

23         7.    SDI avers that the allegations of Paragraph 7 constitute legal

24   contentions and/or conclusions to which no response is required, but SDI nonetheless

25   denies all of the allegations of Paragraph 7 to the extent they purport to pertain to SDI.

26   SDI further denies all factual allegations of this Paragraph to the extent such allegations

27   pertain to SDI.  Further, to the extent that the allegations of Paragraph 7 relate to other

28   defendants or persons, SDI lacks knowledge or information sufficient to form a belief as to

-3-

1   their truth, and therefore denies them.

2           8.      With the exception of matters specifically admitted herein as follows,

3   SDI lacks knowledge or information sufficient to form a belief as to the truth of the

4   allegations in Paragraph 8, and therefore denies them.  SDI admits that the United States

5   Department of Justice ("DOJ") and other foreign competition authorities have announced

6   investigations relating to the cathode ray tubes industry.  SDI further admits on

7   information and belief that C.Y. Lin, the former Chairman and CEO of Defendant

8   Chunghwa Picture Tubes, Ltd., was indicted by a federal grand jury in connection with the

9   DOJ's investigation of the cathode ray tubes industry, the terms of which are matters of

10   public record.  SDI further admits on information and belief that five other individuals

11   have been indicted in connection with the DOJ's investigation of the color display tubes

12   industry.

13           9.      To the extent that the allegations of Paragraph 9 relate to other

14   plaintiff, other defendants or other entities, SDI lacks knowledge or information sufficient

15   to form a belief as to their truth, and therefore denies them.  To the extent that the

16   allegations of Paragraph 9 relate to SDI, SDI denies all of those allegations.

17           10.     SDI lacks knowledge or information sufficient to form a belief as to

18   the truth of the allegations of Paragraph 10, and therefore denies them.

19           11.     To the extent that the allegations of Paragraph 11 constitute legal

20   contentions and/or conclusions, SDI avers that no response is required.  To the extent a

21   response is required, SDI denies all of the allegations of Paragraph 11 to the extent they

22   purport to pertain to SDI.  To the extent that the allegations of Paragraph 11 relate to other

23   defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to

24   form a belief as to their truth, and therefore denies them.

25   **II.**     **Allegations Concerning Jurisdiction and Venue.**

26           12.     SDI admits that Plaintiff purports to invoke the cited statutory

27   provisions, but otherwise denies the allegations of Paragraph 12.

28           13.     SDI admits that Plaintiff purports to invoke the cited state laws, but

-4-

1   otherwise denies the allegations of Paragraph 13.

2            14.     SDI avers that the allegations of Paragraph 14 constitute legal

3   contentions and/or conclusions to which no response is required.  To the extent that a

4   response is required, and to the extent that allegations of Paragraph 14 relate to SDI, SDI

5   denies all of the allegations of Paragraph 14.  To the extent that the allegations of

6   Paragraph 14 relate to other defendants, SDI lacks knowledge or information sufficient to

7   form a belief as to the truth of those allegations, and therefore denies them.

8            15.     SDI avers that the allegations of Paragraph 15 constitute legal

9   contentions and/or conclusions to which no response is required.  To the extent that a

10  response is required, and to the extent that allegations of Paragraph 15 relate to SDI, SDI

11  denies all of the allegations of Paragraph 15.  To the extent that the allegations of

12  Paragraph 15 relate to other defendants, SDI lacks knowledge or information sufficient to

13  form a belief as to the truth of those allegations, and therefore denies them.

14           16.     SDI avers that the allegations of Paragraph 16 constitute legal

15  contentions and/or conclusions to which no response is required.  To the extent that a

16  response is required, and to the extent that allegations of Paragraph 16 relate to SDI, SDI

17  denies all of the allegations of Paragraph 16.  To the extent that the allegations of

18  Paragraph 16 relate to other defendants, SDI lacks knowledge or information sufficient to

19  form a belief as to the truth of those allegations, and therefore denies them.

20           17.     SDI avers that the allegations of Paragraph 17 regarding venue

21  constitute legal contentions and/or conclusions to which no response is required.  To the

22  extent that a response is required, and to the extent that allegations of Paragraph 17 relate

23  to SDI, SDI denies all of the allegations of Paragraph 17, with the exception of matters

24  specifically admitted herein as follows.  SDI admits that SDI Co., SDI Malaysia, SDI

25  Mexico, SDI Brazil, SDI Shenzen, and SDI Tianjin maintain principal places of business

26  in foreign countries.  SDI further admits that SDIA is licensed to and is doing business in

27  California.  To the extent that the allegations of Paragraph 17 relate to other defendants,

28  SDI lacks knowledge or information sufficient to form a belief as to the truth of those

-5-

1 | allegations, and therefore denies them.

2 | **III.    Allegations Concerning the Parties.**

3 | 18.    SDI lacks knowledge or information sufficient to form a belief as to
4 | the truth of the allegations of Paragraph 18, and therefore denies them.

5 | 19.    SDI avers that the allegations of Paragraph 19 constitute legal
6 | contentions and/or conclusions to which no response is required.  To the extent that a
7 | response is required, and to the extent that the allegations of Paragraph 19 relate to other
8 | defendants, or a plaintiff, or other persons, SDI lacks knowledge or information sufficient
9 | to form a belief as to their truth, and therefore denies them.  To the extent that a response is
10 | required, and to the extent that the allegations of Paragraph 19 relate to SDI, SDI denies all
11 | of those allegations.

12 | 20.    SDI lacks knowledge or information sufficient to form a belief as to
13 | the truth of the allegations of Paragraph 20, and therefore denies them.

14 | 21.    SDI lacks knowledge or information sufficient to form a belief as to
15 | the truth of the allegations of Paragraph 21, and therefore denies them.

16 | 22.    SDI lacks knowledge or information sufficient to form a belief as to
17 | the truth of the allegations of Paragraph 22, and therefore denies them.

18 | 23.    SDI lacks knowledge or information sufficient to form a belief as to
19 | the truth of the allegations of Paragraph 23, and therefore denies them.

20 | 24.    SDI lacks knowledge or information sufficient to form a belief as to
21 | the truth of the allegations of Paragraph 24, and therefore denies them.

22 | 25.    SDI lacks knowledge or information sufficient to form a belief as to
23 | the truth of the allegations of Paragraph 25, and therefore denies them.

24 | 26.    SDI lacks knowledge or information sufficient to form a belief as to
25 | the truth of the allegations of Paragraph 26, and therefore denies them.

26 | 27.    SDI lacks knowledge or information sufficient to form a belief as to
27 | the truth of the allegations of Paragraph 27, and therefore denies them.

28 | 28.    SDI lacks knowledge or information sufficient to form a belief as to

-6-

1  the truth of the allegations of Paragraph 28, and therefore denies them.

2          29.    SDI avers that the allegations of Paragraph 29 are definitional, to

3  which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

4  Hitachi Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., Shenzhen

5  SEG Hitachi Color Display Devices, Ltd., and Hitachi Electronic Devices (USA)

6  collectively in the Complaint as "Hitachi."

7          30.    SDI lacks knowledge or information sufficient to form a belief as to

8  the truth of the allegations of Paragraph 30, and therefore denies them.

9          31.    SDI lacks knowledge or information sufficient to form a belief as to

10  the truth of the allegations of Paragraph 31, and therefore denies them.

11          32.    SDI lacks knowledge or information sufficient to form a belief as to

12  the truth of the allegations of Paragraph 32, and therefore denies them.

13          33.    SDI avers that the allegations of Paragraph 33 are definitional, to

14  which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

15  Irico Group Corporation, Irico Group Electronics Co., Ltd., and Irico Display Devices Co.,

16  Ltd. collectively in the Complaint as "Irico."

17          34.    SDI lacks knowledge or information sufficient to form a belief as to

18  the truth of the allegations of Paragraph 34, and therefore denies them.

19          35.    SDI lacks knowledge or information sufficient to form a belief as to

20  the truth of the allegations of Paragraph 35, and therefore denies them.

21          36.    SDI lacks knowledge or information sufficient to form a belief as to

22  the truth of the allegations of Paragraph 36, and therefore denies them.

23          37.    SDI avers that the allegations of Paragraph 37 are definitional, to

24  which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

25  LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co.,

26  Ltd. collectively in the Complaint as "LG Electronics."

27          38.    SDI lacks knowledge or information sufficient to form a belief as to

28  the truth of the allegations of Paragraph 38, and therefore denies them.

-7-

1       39.     SDI lacks knowledge or information sufficient to form a belief as to

2 the truth of the allegations of Paragraph 39, and therefore denies them.

3       40.     SDI lacks knowledge or information sufficient to form a belief as to

4 the truth of the allegations of Paragraph 40, and therefore denies them.

5       41.     SDI avers that the allegations of Paragraph 41 are definitional, to

6 which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

7 Panasonic Corporation and Panasonic Corporation of North America collectively in the

8 Complaint as "Panasonic."

9       42.     SDI lacks knowledge or information sufficient to form a belief as to

10 the truth of the allegations of Paragraph 42, and therefore denies them.

11       43.     SDI lacks knowledge or information sufficient to form a belief as to

12 the truth of the allegations of Paragraph 43, and therefore denies them.

13       44.     SDI lacks knowledge or information sufficient to form a belief as to

14 the truth of the allegations of Paragraph 44, and therefore denies them.

15       45.     SDI lacks knowledge or information sufficient to form a belief as to

16 the truth of the allegations of Paragraph 45, and therefore denies them.

17       46.     SDI lacks knowledge or information sufficient to form a belief as to

18 the truth of the allegations of Paragraph 46, and therefore denies them.

19       47.     SDI lacks knowledge or information sufficient to form a belief as to

20 the truth of the allegations of Paragraph 47, and therefore denies them.

21       48.     SDI avers that the allegations of Paragraph 48 are definitional, to

22 which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

23 Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation,

24 Philips Electronics Industries (Taiwan), Ltd., and Philips da Amazonia Industria

25 Electronica Ltda. collectively in the Complaint as "Philips."

26       49.     SDI denies all of the allegations of Paragraph 49, with the exception

27 of matters specifically admitted herein.  SDI specifically denies that it has offices in

28 Chicago and San Diego.  SDI admits that SDI Co. is a publicly traded South Korean

-8-

company, but denies that its principal place of business is 575 Shin-dong, Youngtong-gu, Suwon, South Korea.  SDI admits that Samsung Electronics Co., Ltd. ("SEC") holds almost 20% of SDI Co.'s stock, but specifically denies that SEC dominated or controlled SDI Co.  The Samsung SDI Defendants aver that SDI Co. and SEC are independent, separately-owned, publicly traded corporations, and demand strict proof to the contrary.

50.     SDI denies each and every allegation of Paragraph 50.

51.     SDI denies all of the allegations of Paragraph 51, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Mexico is a wholly-owned subsidiary of Samsung SDI and that SDI Mexico manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled SDI Mexico.  SDI admits that SDI Mexico is a Mexican company with its principal place of business located at Blvd. Los Olivos, No. 21014, Parque Industrial El Florido, Tijuana, B.C. Mexico.

52.     SDI denies all of the allegations of Paragraph 52, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Brazil is a wholly-owned subsidiary of Samsung SDI and that SDI Brazil manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled SDI Brazil.   SDI admits that SDI Brasil is a Brazilian company with its principal place of business located at Av. Eixo Norte Sul, S/N, Distrito Industrial, 69088-480 Manaus, Amazonas, Brazil.

53.     SDI denies all of the allegations of Paragraph 53, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Shenzhen is a wholly-owned subsidiary of Samsung SDI and that SDI Shenzhen manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled SDI Shenzhen.  SDI admits that SDI Shenzhen is a Chinese company with its principal place of business located at Huanggang Bei Lu, Futian Gu, Shenzhen, China.

54.     SDI denies all of the allegations of Paragraph 54, with the exception

-9-

of matters specifically admitted herein as follows.  SDI specifically denies that SDI Tianjin is a wholly-owned subsidiary of Samsung SDI and that SDI Tianjin manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled SDI Tianjin.   SDI admits that SDI Tianjin is a Chinese company with its principal place of business located at Developing Zone of Yi-Xian Park, Wuqing County, Tianjin, China.

55.    SDI denies all of the allegations of Paragraph 55, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Malaysia is a wholly-owned subsidiary of Samsung SDI and that SDI Malaysia manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled SDI Malaysia.   SDI admits that SDI Malaysia is a Malaysian company with its principal place of business at Lots 635 & 660, Kawasan Perindustrian, Tuanku Jafaar, 71450 Sungai Gadut, Negeri Sembilan Darul Khusus, Malaysia.

56.    SDI avers that the allegations of Paragraph 56 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to SDI Co., SDIA, SDI Mexico, SDI Brasil, SDI Shenzhen, SDI Tianjin, and SDI Malaysia collectively in the Complaint as "Samsung," although SDI disputes the propriety of such reference and any inferences that may be drawn therefrom.

57.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and therefore denies them.

58.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58, and therefore denies them.

59.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59, and therefore denies them.

60.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60, and therefore denies them.

61.    SDI lacks knowledge or information sufficient to form a belief as to

-10-

1  the truth of the allegations of Paragraph 61, and therefore denies them.

2       62.   SDI lacks knowledge or information sufficient to form a belief as to

3  the truth of the allegations of Paragraph 62, and therefore denies them.

4       63.   SDI lacks knowledge or information sufficient to form a belief as to

5  the truth of the allegations of Paragraph 63, and therefore denies them.

6       64.   SDI avers that the allegations of Paragraph 64 are definitional, to

7  which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

8  Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC,

9  Toshiba America Electronic Components, Inc., and Toshiba America Information

10  Systems, Inc. collectively in the Complaint as "Toshiba."

11  **IV.   Allegations Concerning Supposed Agents and Co-Conspirators.**

12       65.   To the extent that the allegations of Paragraph 65 relate to other

13  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

14  and therefore denies them.  To the extent that the allegations of Paragraph 65 relate to SDI,

15  SDI denies all of those allegations.

16       66.   To the extent that the allegations of Paragraph 66 relate to other

17  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

18  and therefore denies them.  To the extent that the allegations of Paragraph 66 relate to SDI,

19  SDI denies all of those allegations.

20       67.   To the extent that the allegations of Paragraph 67 relate to other

21  defendants or other persons, SDI lacks knowledge or information sufficient to form a

22  belief as to their truth, and therefore denies them.  To the extent that the allegations of

23  Paragraph 67 relate to SDI, SDI denies all of those allegations.

24       68.   SDI lacks knowledge or information sufficient to form a belief as to

25  the truth of the allegations of Paragraph 68, and therefore denies them.

26       69.   SDI avers that the allegations of Paragraph 69 are definitional, to

27  which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

28  Daewoo Electronics Co., Ltd., Orion Electronic Co. and Daewoo-Orion Societe Anonyme

-11-

SAMSUNG SDI DEFENDANTS' ANSWER TO
CIRCUIT CITY'S FIRST AMENDED COMPLAINT

collectively in the Complaint as "Daewoo."

70.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70, and therefore denies them.

71.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71, and therefore denies them.

72.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72, and therefore denies them.

73.    To the extent that the allegations of Paragraph 73 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 73 relate to SDI, SDI denies all of those allegations.

**V.    Allegations Concerning Trade and Commerce.**

74.    SDI avers that the allegations of Paragraph 74 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 74 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 74 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

75.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75, and therefore denies them.

76.    SDI avers that the allegations of Paragraph 76 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 76 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 76 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

1    **VI.      Factual Allegations.**

2              77.      To the extent that the allegations of Paragraph 77 are definitional, SDI

3    avers that no response is required.  To the extent a response is required, SDI lacks

4    knowledge or information sufficient to form a belief as to the truth of the allegations of

5    Paragraph 77, and therefore denies them.

6              78.      SDI lacks knowledge or information sufficient to form a belief as to

7    the truth of the allegations of Paragraph 78, and therefore denies them.

8              79.      To the extent that the allegations of Paragraph 79 are definitional, SDI

9    avers that no response is required.  To the extent a response is required, SDI lacks

10   knowledge or information sufficient to form a belief as to the truth of the allegations of

11   Paragraph 79, and therefore denies them.

12             80.      SDI lacks knowledge or information sufficient to form a belief as to

13   the truth of the allegations of Paragraph 80, and therefore denies them.

14             81.      To the extent that the allegations of Paragraph 81 are definitional, SDI

15   avers that no response is required.  To the extent a response is required, SDI lacks

16   knowledge or information sufficient to form a belief as to the truth of the allegations of

17   Paragraph 81, and therefore denies them, with the exception of matters specifically

18   admitted herein as follows.  SDI admits that CRTs can be subdivided into CDTs and CPTs.

19   SDI further admits that CPTs are used primarily in televisions and related devices and that

20   CDTs are primarily used in computer monitors and similar devices.

21             82.      SDI lacks knowledge or information sufficient to form a belief as to

22   the truth of the allegations of Paragraph 82, and therefore denies them.

23             83.      SDI lacks knowledge or information sufficient to form a belief as to

24   the truth of the allegations of Paragraph 83, and therefore denies them.

25             84.      SDI avers that the allegations of Paragraph 84 constitute legal

26   contentions and/or conclusions to which no response is required, but SDI nonetheless

27   denies all of the allegations of Paragraph 84.

28             85.      SDI lacks knowledge or information sufficient to form a belief as to

-13-

the truth of the allegations in the first sentence of Paragraph 85, and therefore denies them. SDI denies the remaining allegations of Paragraph 85.

86.     SDI denies each and every allegation of Paragraph 86.

87.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87, and therefore denies them.

88.     To the extent that the allegations of Paragraph 88 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 88 relate to SDI, SDI denies all of those allegations.

89.     To the extent that the allegations of Paragraph 89 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 89 relate to SDI, SDI denies all of those allegations.

90.     To the extent that the allegations of Paragraph 90 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 90 relate to SDI, SDI denies all of those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that, during at least portions of the alleged period, SDI Co. was a member of EDIRAK (the Electronic Display Industrial Research Association of Korea) and KODEMIA (the Korean Display Equipment Material Industry Association).  SDI specifically denies that such trade associations furthered or in any way connected with the "conspiracy" alleged in Paragraph 90 of Complaint.

91.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91, and therefore denies them.

92.     To the extent that the allegations of Paragraph 92 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 92 relate to SDI, SDI denies all of those allegations.

-14-

93.     To the extent that the allegations of Paragraph 93 and its subparts relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 93 and its subparts relate to SDI, SDI denies all of those allegations.

94.     To the extent that the allegations of Paragraph 94 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 94 relate to SDI, SDI denies all of those allegations.

95.     To the extent that the allegations of Paragraph 95 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 95 relate to SDI, SDI denies all of those allegations.

96.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96, and therefore denies them.

97.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97, and therefore denies them.

98.     To the extent that the allegations of Paragraph 98 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 98 relate to SDI, SDI denies all of those allegations.

99.     To the extent that the allegations of Paragraph 99 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 99 relate to SDI, SDI denies all of those allegations.

100.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100, and therefore denies them.

101.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101, and therefore denies them.

SMRH:411582276.2
MDL No. 1917; Case No. 11-cv-05502

SAMSUNG SDI DEFENDANTS' ANSWER TO
CIRCUIT CITY'S FIRST AMENDED COMPLAINT

102.   To the extent that the allegations of Paragraph 102 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 102 relate to SDI, SDI denies all of those allegations.

103.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103, and therefore denies them.

104.   To the extent that the allegations of Paragraph 104 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 104 relate to SDI, SDI denies all of those allegations.

105.   To the extent that the allegations of Paragraph 105 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 105 relate to SDI, SDI denies all of those allegations.

106.   To the extent that the allegations of Paragraph 106 constitute legal contentions and/or conclusions, SDI avers that no response is required.  To the extent that a response is required and to the extent that the allegations of Paragraph 106 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required as to matters relating to SDI, SDI denies all of the allegations of Paragraph 106 and all inferences arising therefrom.

107.   To the extent that the allegations of Paragraph 107 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 107 relate to SDI, SDI denies all of those allegations.

108.   To the extent that the allegations of Paragraph 108 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 108

-16-

1  relate to SDI, SDI denies all of those allegations.

2         109.    To the extent that the allegations of Paragraph 109 relate to other

3  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 109

5  relate to SDI, SDI denies all of those allegations.

6         110.    SDI denies each and every allegation of Paragraph 110.

7         111.    To the extent that the allegations of Paragraph 111 relate to other

8  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

9  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 111

10  relate to SDI, SDI denies all of those allegations.

11         112.    To the extent that the allegations of Paragraph 112 relate to other

12  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

13  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 112

14  relate to SDI, SDI denies all of those allegations.

15         113.    To the extent that the allegations of Paragraph 113 relate to other

16  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

17  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 113

18  relate to SDI, SDI denies all of those allegations.

19         114.    To the extent that the allegations of Paragraph 114 relate to other

20  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

21  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 114

22  relate to SDI, SDI denies all of those allegations.

23         115.    To the extent that the allegations of Paragraph 115 relate to other

24  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

25  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 115

26  relate to SDI, SDI denies all of those allegations.

27         116.    To the extent that the allegations of Paragraph 116 relate to other

28  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

-17-

1    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 116

2    relate to SDI, SDI denies all of those allegations.

3              117.    To the extent that the allegations of Paragraph 117 relate to other

4    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

5    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 117

6    relate to SDI, SDI denies all of those allegations.

7              118.    To the extent that the allegations of Paragraph 118 relate to other

8    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

9    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 118

10   relate to SDI, SDI denies all of those allegations.

11             119.    To the extent that the allegations of Paragraph 119 relate to other

12   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

13   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 119

14   relate to SDI, SDI denies all of those allegations.

15             120.    To the extent that the allegations of Paragraph 120 relate to other

16   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

17   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 120

18   relate to SDI, SDI denies all of those allegations.

19             121.    To the extent that the allegations of Paragraph 121 relate to other

20   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

21   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 121

22   relate to SDI, SDI denies all of those allegations.

23             122.    To the extent that the allegations of Paragraph 122 relate to other

24   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

25   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 122

26   relate to SDI, SDI denies all of those allegations.

27             123.    To the extent that the allegations of Paragraph 123 relate to other

28   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

-18-

their truth, and therefore denies them.  To the extent that the allegations of Paragraph 123 relate to SDI, SDI denies all of those allegations.

124.    To the extent that the allegations of Paragraph 124 and its subparts relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 124 and its subparts relate to SDI, SDI denies all of those allegations.

125.    To the extent that the allegations of Paragraph 125 and its subparts relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 125 and its subparts relate to SDI, SDI denies all of those allegations.

126.    To the extent that the allegations of Paragraph 126 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 126 relate to SDI, SDI denies all of those allegations.

127.    To the extent that the allegations of Paragraph 127 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 127 relate to SDI, SDI denies all of those allegations.

128.    To the extent that the allegations of Paragraph 128 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 128 relate to SDI, SDI denies all of those allegations.

129.    To the extent that the allegations of Paragraph 129 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 129 relate to SDI, SDI denies all of those allegations.

130.    To the extent that the allegations of Paragraph 130 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

-19-

SAMSUNG SDI DEFENDANTS' ANSWER TO
CIRCUIT CITY'S FIRST AMENDED COMPLAINT

1 | their truth, and therefore denies them.  To the extent that the allegations of Paragraph 130

2 | relate to SDI, SDI denies all of those allegations.

3 |             131.    To the extent that the allegations of Paragraph 131 relate to other

4 | defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

5 | their truth, and therefore denies them.  To the extent that the allegations of Paragraph 131

6 | relate to SDI, SDI denies all of those allegations.

7 |             132.    To the extent that the allegations of Paragraph 132 relate to other

8 | defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

9 | their truth, and therefore denies them.  To the extent that the allegations of Paragraph 132

10 | relate to SDI, SDI denies all of those allegations.

11 |             133.    To the extent that the allegations of Paragraph 133 relate to other

12 | defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

13 | their truth, and therefore denies them.  To the extent that the allegations of Paragraph 133

14 | relate to SDI, SDI denies all of those allegations.

15 |             134.    To the extent that the allegations of Paragraph 134 relate to other

16 | defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

17 | their truth, and therefore denies them.  To the extent that the allegations of Paragraph 134

18 | relate to SDI, SDI denies all of those allegations.

19 |             135.    To the extent that the allegations of Paragraph 135 relate to other

20 | defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

21 | their truth, and therefore denies them.  To the extent that the allegations of Paragraph 135

22 | relate to SDI, SDI denies all of those allegations.

23 |             136.    To the extent that the allegations of Paragraph 136 relate to other

24 | defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

25 | their truth, and therefore denies them.  To the extent that the allegations of Paragraph 136

26 | relate to SDI, SDI denies all of those allegations.

27 |             137.    To the extent that the allegations of Paragraph 137 relate to other

28 | defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

-20-

their truth, and therefore denies them.  To the extent that the allegations of Paragraph 137 relate to SDI, SDI denies all of those allegations.

138.   To the extent that the allegations of Paragraph 138 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 138 relate to SDI, SDI denies all of those allegations.

139.   To the extent that the allegations of Paragraph 139 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 139 relate to SDI, SDI denies all of those allegations.

140.   To the extent that the allegations of Paragraph 140 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 140 relate to SDI, SDI denies all of those allegations.

141.   To the extent that the allegations of Paragraph 141 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 141 relate to SDI, SDI denies all of those allegations.

142.   To the extent that the allegations of Paragraph 142 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 142 relate to SDI, SDI denies all of those allegations.

143.   To the extent that the allegations of Paragraph 143 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 143 relate to SDI, SDI denies all of those allegations.

144.   To the extent that the allegations of Paragraph 144 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

SAMSUNG SDI DEFENDANTS' ANSWER TO
CIRCUIT CITY'S FIRST AMENDED COMPLAINT

1    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 144

2    relate to SDI, SDI denies all of those allegations.

3            145.    To the extent that the allegations of Paragraph 145 relate to other

4    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

5    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 145

6    relate to SDI, SDI denies all of those allegations.

7            146.    To the extent that the allegations of Paragraph 146 relate to other

8    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

9    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 146

10   relate to SDI, SDI denies all of those allegations.

11           147.    To the extent that the allegations of Paragraph 147 relate to other

12   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

13   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 147

14   relate to SDI, SDI denies all of those allegations.

15           148.    To the extent that the allegations of Paragraph 148 relate to other

16   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

17   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 148

18   relate to SDI, SDI denies all of those allegations.

19           149.    To the extent that the allegations of Paragraph 149 relate to other

20   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

21   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 149

22   relate to SDI, SDI denies all of those allegations.

23           150.    To the extent that the allegations of Paragraph 150 relate to other

24   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

25   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 150

26   relate to SDI, SDI denies all of those allegations.

27           151.    To the extent that the allegations of Paragraph 151 relate to other

28   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

-22-

1  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 151

2  relate to SDI, SDI denies all of those allegations.

3  152.  To the extent that the allegations of Paragraph 152 relate to other

4  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

5  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 152

6  relate to SDI, SDI denies all of those allegations.

7  153.  SDI denies each and every allegation of Paragraph 153.

8  154.  SDI lacks knowledge or information sufficient to form a belief as to

9  the truth of the allegations of Paragraph 154, and therefore denies them, with the exception

10  of matters specifically admitted herein as follows.  SDI admits that cathode ray tubes can

11  be used in certain television and computer monitor products.

12  155.  SDI lacks knowledge or information sufficient to form a belief as to

13  the truth of the allegations of Paragraph 155, and therefore denies them.

14  156.  SDI lacks knowledge or information sufficient to form a belief as to

15  the truth of the allegations of Paragraph 156, and therefore denies them.

16  157.  SDI denies each and every allegation in the first sentence of

17  Paragraph 157.  SDI lacks knowledge or information sufficient to form a belief as to the

18  truth of the remaining allegations of Paragraph 157, and therefore denies them.

19  158.  SDI lacks knowledge or information sufficient to form a belief as to

20  the truth of the allegations of Paragraph 158, and therefore denies them.

21  159.  SDI denies each and every allegation in the last sentence of Paragraph

22  159.  SDI lacks knowledge or information sufficient to form a belief as to the truth of the

23  remaining allegations of Paragraph 159, and therefore denies them.

24  160.  SDI lacks knowledge or information sufficient to form a belief as to

25  the truth of the allegations of Paragraph 160, and therefore denies them.

26  161.  SDI lacks knowledge or information sufficient to form a belief as to

27  the truth of the allegations of Paragraph 161, and therefore denies them.

28  162.  SDI lacks knowledge or information sufficient to form a belief as to

-23-

1   the truth of the allegations of Paragraph 162, and therefore denies them.

2           163.    To the extent that the allegations of Paragraph 163 relate to other

3   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

4   and therefore denies them.  To the extent that the allegations of Paragraph 163 relate to

5   SDI, SDI denies all of those allegations.

6           164.    SDI lacks knowledge or information sufficient to form a belief as to

7   the truth of the allegations of the first three sentences of Paragraph 164, and therefore

8   denies them.  To the extent that the allegations of the last sentence of Paragraph 164 relate

9   to other defendants, SDI lacks knowledge or information sufficient to form a belief as to

10   their truth, and therefore denies them.  To the extent that the allegations of the last sentence

11   of Paragraph 164 relate to SDI, SDI denies all of those allegations.

12           165.    SDI lacks knowledge or information sufficient to form a belief as to

13   the truth of the allegations of the last sentence of Paragraph 165, and therefore denies

14   them.  To the extent that the allegations of the first sentence of Paragraph 165 relate to

15   other defendants, SDI lacks knowledge or information sufficient to form a belief as to their

16   truth, and therefore denies them.  To the extent that the allegations of the first sentence of

17   Paragraph 165 relate to SDI, SDI denies all of those allegations.

18           166.    SDI lacks knowledge or information sufficient to form a belief as to

19   the truth of the allegations of Paragraph 166, and therefore denies them.

20           167.    SDI lacks knowledge or information sufficient to form a belief as to

21   the truth of the allegations of Paragraph 167, and therefore denies them.

22           168.    To the extent that the allegations of Paragraph 168 relate to SDI, SDI

23   denies all of those allegations.  To the extent that the allegations of Paragraph 168 relate to

24   other defendants, SDI lacks knowledge or information sufficient to form a belief as to their

25   truth, and therefore denies them.

26           169.    With the exception of matters specifically admitted herein as follows,

27   SDI lacks information sufficient to form a belief as to the truth of the allegations of

28   Paragraph 169, and therefore denies them.  SDI admits that antitrust authorities in Europe,

-24-

1    Japan and South Korea have announced investigations related to the cathode ray tubes

2    industry.

3          170.    SDI lacks knowledge or information sufficient to form a belief as to

4    the truth of the allegations of Paragraph 170, and therefore denies them.  With respect to

5    the report purportedly quoted from in Paragraph 170, SDI refers Plaintiff to the referenced

6    report for a description of its content.

7          171.    To the extent that the allegations of Paragraph 171 relate to other

8    defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

9    and therefore denies them.  To the extent that the allegations of Paragraph 171 relate to

10   SDI, SDI denies all of those allegations, with the exception of matters specifically

11   admitted herein as follows.  SDI admits that, in or about May, 2008, the Hungarian

12   Competition Authority ("HCA") announced its own investigation of the cathode ray tubes

13   industry.  With respect to the HCA announcement purportedly quoted from in

14   Paragraph 171, SDI refers Plaintiff to the referenced document for a description of its

15   content.

16         172.    With the exception of matters specifically admitted on information

17   and belief herein as follows, SDI lacks knowledge or information sufficient to form a

18   belief as to the truth of the allegations in Paragraph 172, and therefore denies them.  SDI

19   admits on information and belief that C.Y. Lin, the former Chairman and CEO of

20   Defendant Chunghwa Picture Tubes, Ltd., was indicted by a federal grand jury in

21   connection with the DOJ's investigation of the cathode ray tubes industry, the terms of

22   which are matters of public record.  With respect to the press release purportedly quoted

23   from in Paragraph 172, SDI refers Plaintiff to the referenced document for a description of

24   its content.

25         173.    With the exception of matters specifically admitted on information

26   and belief herein as follows, SDI lacks knowledge or information sufficient to form a

27   belief as to the truth of the allegations in Paragraph 173, and therefore denies them.  SDI

28   admits on information and belief that Wu Jen Cheng, formerly of Chunghwa Picture

-25-

Tubes, Ltd., was indicted by a federal grand jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms of which are matters of public record.  With respect to the press release purportedly characterized in Paragraph 173, SDI refers Plaintiff to the referenced document for a description of its content.

174.    With the exception of matters specifically admitted on information and belief herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174, and therefore denies them.  SDI admits on information and belief that Chung Cheng Yeh was indicted by a federal grand jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms of which are matters of public record.  With respect to the press release purportedly quoted from in Paragraph 174, SDI refers Plaintiff to the referenced document for a description of its content.

175.    With the exception of matters specifically admitted on information and belief herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175, and therefore denies them.  SDI admits on information and belief that Seung-Kyu Lee, Yeong-Ug Yang and Jae-Sik Kim were indicted by a federal grand jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms of which are matters of public record.  With respect to the press release purportedly quoted from in Paragraph 175, SDI refers Plaintiff to the referenced document for a description of its content.

176.    With the exception of matters specifically admitted herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176, and therefore denies them.  SDI admits that DOJ issued a press release on or about March 18, 2011 announcing SDI Co.'s agreement to plead guilty.  SDI refers Plaintiff to the referenced press release for a description of its content.

177.    SDI denies the allegations in Paragraph 177, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an amended plea agreement with the United States related to an investigation of the cathode

-26-

1   ray tubes industry, the terms of which are matters of public record.

2         178.   SDI denies the allegations in Paragraph 178, with the exception of

3   matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an

4   amended plea agreement with the United States related to an investigation of the cathode

5   ray tubes industry, the terms of which are matters of public record.

6         179.   To the extent that the allegations of Paragraph 179 relate to other

7   defendants or other persons, SDI lacks knowledge or information sufficient to form a

8   belief as to their truth, and therefore denies them.  To the extent that the allegations of

9   Paragraph 179 relate to SDI, SDI denies all of those allegations.

10         180.   To the extent that the allegations of Paragraph 180 relate to SDI, SDI

11   denies all of those allegations.  To the extent that the allegations of Paragraph 180 relate to

12   other defendants, SDI lacks knowledge or information sufficient to form a belief as to their

13   truth, and therefore denies them, with the exception of matters specifically admitted herein

14   as follows.  SDI admits on information and belief that Samsung Electronics Co., Ltd.

15   entered into a plea agreement with the United States related to an investigation of dynamic

16   random access memory, the terms of which are matters of public record.

17         181.   To the extent that the allegations of Paragraph 181 relate to SDI, SDI

18   denies all of those allegations.  To the extent that the allegations of Paragraph 181 relate to

19   other defendants or entities, SDI lacks knowledge or information sufficient to form a belief

20   as to their truth, and therefore denies them.

21         182.   SDI lacks knowledge or information sufficient to form a belief as to

22   the truth of the allegations of Paragraph 182, and therefore denies them.

23         183.   SDI lacks knowledge or information sufficient to form a belief as to

24   the truth of the allegations of Paragraph 183, and therefore denies them.

25         184.   With the exception of matters specifically admitted on information

26   and belief herein as follows, SDI lacks knowledge or information sufficient to form a

27   belief as to the truth of the allegations in Paragraph 184, and therefore denies them.  SDI

28   admits on information and belief that LG Display Co., Ltd., Sharp Corporation, and

-27-

1   Chunghwa Picture Tubes, Ltd. entered into plea agreements with the DOJ related to an

2   investigation of the TFT-LCD industry, the terms of which are matters of public record.

3            185.   With the exception of matters specifically admitted on information

4   and belief herein as follows, SDI lacks knowledge or information sufficient to form a

5   belief as to the truth of the allegations in Paragraph 185, and therefore denies them.  SDI

6   admits on information and belief that Hitachi, Ltd. entered into a plea agreement with the

7   DOJ related to an investigation of the TFT-LCD industry, the terms of which are matters

8   of public record.

9            186.   With the exception of matters specifically admitted on information

10  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

11  belief as to the truth of the allegations in Paragraph 186, and therefore denies them.  SDI

12  admits on information and belief that LG Display Co., Ltd., Sharp Corporation, Chunghwa

13  Picture Tubes, Ltd. and Hitachi, Ltd. entered into a plea agreements with the DOJ related

14  to an investigation of the TFT-LCD industry, the terms of which are matters of public

15  record.

16           187.   To the extent that the allegations of Paragraph 187 relate to other

17  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

18  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 187

19  relate to SDI, SDI denies all of those allegations, with the exception of matters specifically

20  admitted herein as follows.  SDI admits that, during at least portions of the alleged period,

21  SDI Co. attended the Korea Display Conference.  SDI specifically denies that such trade

22  associations furthered or in any way connected with the "collusive activities" alleged in

23  Paragraph 187 of Complaint.

24           188.   To the extent that the allegations of Paragraph 188 relate to other

25  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

26  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 188

27  relate to SDI, SDI denies all of those allegations, with the exception of matters specifically

28  admitted herein as follows.  SDI admits that, during at least portions of the alleged period,

-28-

1   SDI Co. attended the Korea Display Conference.  SDI further admits that, during at least

2   portions of the alleged period, SDI Co. was a member of KODEMIA and EDIRAK.  SDI

3   specifically denies that such trade associations furthered or in any way connected with the

4   "collusive activities" alleged in Paragraph 188 of Complaint.

5            189.    To the extent that the allegations of Paragraph 189 relate to other

6   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

7   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 189

8   relate to SDI, SDI denies all of those allegations, with the exception of matters specifically

9   admitted herein as follows.  SDI admits that, during at least portions of the alleged period,

10  H.K. Chung, Woo Jong Lee, Bae Choel-Han, Jung Ho-Gyun and H.C. Kim attended the

11  Korea Display Conference.

12           190.    To the extent that the allegations of Paragraph 190 relate to other

13  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

14  and therefore denies them. To the extent that the allegations of Paragraph 190 relate to

15  SDI, SDI denies all of those allegations.

16           191.    To the extent that the allegations of Paragraph 191 relate to other

17  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

18  and therefore denies them.  To the extent that the allegations of Paragraph 191 relate to

19  SDI, SDI denies all of those allegations.

20           192.    To the extent that the allegations of Paragraph 192 relate to other

21  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

22  and therefore denies them.  To the extent that the allegations of Paragraph 192 relate to

23  SDI, SDI denies all of those allegations.

24           193.    SDI lacks knowledge or information sufficient to form a belief as to

25  the truth of the allegations of Paragraph 193, and therefore denies them.

26           194.    SDI lacks knowledge or information sufficient to form a belief as to

27  the truth of the allegations of Paragraph 194, and therefore denies them.

28           195.    SDI lacks knowledge or information sufficient to form a belief as to

1   the truth of the allegations of Paragraph 195, and therefore denies them.

2   196.   SDI denies all the allegations of Paragraph 196, with the exception of

3   matters specifically admitted herein as follows.  SDI admits that, in late 2005, SDI closed

4   its cathode ray tube factory in Germany.

5   197.   SDI lacks knowledge or information sufficient to form a belief as to

6   the truth of the allegations of Paragraph 197, and therefore denies them.

7   198.   To the extent that the allegations of Paragraph 198 relate to other

8   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

9   and therefore denies them.  To the extent that the allegations of Paragraph 198 relate to

10   SDI, SDI denies all of those allegations.

11   199.   SDI lacks knowledge or information sufficient to form a belief as to

12   the truth of the allegations of Paragraph 199, and therefore denies them.

13   200.   SDI lacks knowledge or information sufficient to form a belief as to

14   the truth of the allegations of Paragraph 200, and therefore denies them.

15   201.   SDI denies the allegations in the last sentence of Paragraph 201.  SDI

16   lacks knowledge or information sufficient to form a belief as to the truth of the remaining

17   allegations of Paragraph 201, and therefore denies them.

18   202.   SDI lacks knowledge or information sufficient to form a belief as to

19   the truth of the allegations of Paragraph 202, and therefore denies them.

20   203.   SDI denies the allegations in the last sentence of Paragraph 203.  SDI

21   lacks knowledge or information sufficient to form a belief as to the truth of the remaining

22   allegations of Paragraph 203, and therefore denies them.

23   204.   SDI lacks knowledge or information sufficient to form a belief as to

24   the truth of the allegations of Paragraph 204, and therefore denies them.

25   205.   SDI lacks knowledge or information sufficient to form a belief as to

26   the truth of the allegations of Paragraph 205, and therefore denies them.

27   206.   SDI lacks knowledge or information sufficient to form a belief as to

28   the truth of the allegations of Paragraph 206, and therefore denies them.

1        207.    SDI denies each and every allegation of Paragraph 207.

2        208.    To the extent that the allegations of Paragraph 208 and its subparts

3 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief

4 as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph

5 208 and its subparts relate to SDI, SDI denies all of those allegations.

6 **VII.    Allegations Concerning Plaintiff's Alleged Injuries**

7        209.    To the extent the allegations of Paragraph 209 constitute legal

8 conclusions and/or contentions, SDI avers that no response is required.  To the extent that

9 a response is required, SDI denies all of the allegations of Paragraph 209.

10        210.    To the extent that the allegations of Paragraph 210 relate to other

11 defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to

12 form a belief as to their truth, and therefore denies them.  To the extent that the allegations

13 of Paragraph 210 relate to SDI, SDI denies all of those allegations.

14        211.    To the extent that the allegations of Paragraph 211 relate to other

15 defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to

16 form a belief as to their truth, and therefore denies them.  To the extent that the allegations

17 of Paragraph 211 relate to SDI, SDI denies all of those allegations.

18        212.    SDI lacks knowledge or information sufficient to form a belief as to

19 the truth of the allegations of Paragraph 212, and therefore denies them.

20        213.    To the extent that the allegations of Paragraph 213 relate to other

21 defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

22 and therefore denies them.  To the extent that the allegations of Paragraph 213 relate to

23 SDI, SDI denies all of those allegations.

24        214.    To the extent that the allegations of Paragraph 214 relate to other

25 defendants or other persons, SDI lacks knowledge or information sufficient to form a

26 belief as to their truth, and therefore denies them.  To the extent that the allegations of

27 Paragraph 214 relate to SDI, SDI denies all of those allegations.

28        215.    SDI denies each and every allegation of Paragraph 215.

SAMSUNG SDI DEFENDANTS' ANSWER TO
CIRCUIT CITY'S FIRST AMENDED COMPLAINT

**VIII.   Allegations Concerning Purported Fraudulent Concealment.**

216.   SDI denies each and every allegation of Paragraph 216.

217.   SDI denies each and every allegation of Paragraph 217.

218.   To the extent that the allegations of Paragraph 218 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 218 relate to SDI, SDI denies all of those allegations.

219.   SDI denies each and every allegation of Paragraph 219.

220.   SDI denies each and every allegation of Paragraph 220.

221.   To the extent that the allegations of Paragraph 221 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 221 relate to SDI, SDI denies all of those allegations.

222.   To the extent that the allegations of Paragraph 222 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 222 relate to SDI, SDI denies all of those allegations.

223.   SDI denies the allegations in the last sentence of Paragraph 223.  SDI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 223, and therefore denies them.

224.   SDI denies the allegations in the last sentence of Paragraph 224.  SDI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 224, and therefore denies them.

225.   To the extent that the allegations of Paragraph 225 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 225 relate to SDI, SDI denies all of those allegations.

226.   To the extent that the allegations of Paragraph 226 relate to other

-32-

1   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

2   and therefore denies them.  To the extent that the allegations of Paragraph 226 relate to

3   SDI, SDI denies all of those allegations.

4         227.   To the extent that the allegations of Paragraph 227 relate to other

5   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

6   and therefore denies them.  To the extent that the allegations of Paragraph 227 relate to

7   SDI, SDI denies all of those allegations.

8         228.   To the extent the allegations of Paragraph 228 constitute legal

9   conclusions and/or contentions, SDI avers that no response is required.  To the extent that

10  a response is required, SDI denies all of the allegations of Paragraph 228.

11  **IX.   Allegations Concerning Purported *American Pipe*, Government Action and**

12  **Cross-Jurisdictional Tolling**

13        229.   SDI repeats and incorporates by reference its responses to Paragraphs

14  172 to 178 of the Complaint with the same force and effect as if set forth herein at length.

15  SDI avers that the allegations of Paragraph 229 constitute legal contentions and/or

16  conclusions to which no response is required.  To the extent a response is required, SDI

17  denies the allegations of the second sentence of Paragraph 229.  To the extent a response is

18  required, and to the extent the first sentence of Paragraph 229 relates to other defendants or

19  entities, SDI lacks knowledge or information sufficient to form a belief as to their truth,

20  and therefore denies them.  To the extent a response is required, and to the extent the first

21  sentence of Paragraph 229 relates to SDI, SDI denies those allegations, with the exception

22  of matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an

23  amended plea agreement with the United States related to an investigation of the cathode

24  ray tubes industry, the terms of which are matters of public record.

25        230.   SDI avers that the allegations of Paragraph 230 constitute legal

26  contentions and/or conclusions to which no response is required.  To the extent a response

27  is required, SDI denies each and every allegation of Paragraph 230.

28        231.   SDI avers that the allegations of Paragraph 231 constitute legal

-33-

1   contentions and/or conclusions to which no response is required.  To the extent a response

2   is required, SDI lacks knowledge or information sufficient to form a belief as to the truth

3   of the allegations of Paragraph 231, and therefore denies them.

4   **X.      Allegations Concerning Claim for Alleged Violations**

5                           **First Claim for Relief**

6                   **(Alleged Violation of Section 1 of the Sherman Act)**

7                   232.    SDI repeats and incorporates by reference its responses to

8   Paragraphs 1 through 231 of the Complaint with the same force and effect as if set forth

9   herein at length.

10                  233.    SDI avers that the allegations of Paragraph 233 constitute legal

11  contentions and/or conclusions to which no response is required, but SDI nonetheless

12  denies all of those allegations.

13                  234.    SDI denies each and every allegation of Paragraph 234.

14                  235.    SDI denies each and every allegation of Paragraph 235.

15                  236.    SDI denies each and every allegation of Paragraph 236

16                  237.    SDI denies each and every allegation of Paragraph 237, including its

17  subparts.

18                  238.    SDI denies each and every allegation of Paragraph 238.

19                          **Second Claim for Relief**

20                  **(Alleged Violation of the California Cartwright Act)**

21                  239.    SDI repeats and incorporates by reference its responses to

22  Paragraphs 1 through 238 of the Complaint with the same force and effect as if set forth

23  herein at length.

24                  240.    To the extent that the allegations of Paragraph 240 constitute legal

25  contentions and/or conclusions, SDI avers that no response is required.  To the extent that

26  a response is required, SDI lacks knowledge or information sufficient to form a belief as to

27  the truth of the allegations of Paragraph 240, and therefore denies them.

28                  241.    To the extent that the allegations of Paragraph 241 relate to other

-34-

defendants or plaintiff, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 241 relate to SDI, SDI denies all of those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that SDIA maintained offices in California during at least portions of the alleged period.   SDI further admits that SDI Co. entered into an amended plea agreement with the United States related to an investigation of the cathode ray tubes industry, the terms of which are matters of public record.

242.   SDI denies each and every allegation of Paragraph 242.

243.   SDI denies each and every allegation of Paragraph 243.

244.   SDI denies each and every allegation of Paragraph 244, including its subparts.

245.   SDI denies each and every allegation of Paragraph 245, including its subparts.

246.   SDI denies each and every allegation of Paragraph 246.

247.   SDI denies each and every allegation of Paragraph 247.

**Third Claim for Relief**

**(Alleged Violation of the California Unfair Competition Law)**

248.   SDI repeats and incorporates by reference its responses to Paragraphs 1 through 247 of the Complaint with the same force and effect as if set forth herein at length.

249.   SDI denies each and every allegation of Paragraph 249.

250.   SDI admits that Plaintiff purports to invoke the cited state laws, but otherwise denies the allegations of Paragraph 250.

251.   SDI denies each and every allegation of Paragraph 251, including its subparts.

252.   SDI denies each and every allegation of Paragraph 252.

253.   SDI denies each and every allegation of Paragraph 253.

254.   SDI denies each and every allegation of Paragraph 254.

-35-

255.    SDI denies each and every allegation of Paragraph 255.

**Fourth Claim for Relief**

**(Alleged Violation of the Illinois Antitrust Act)**

256.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 255 of the Complaint with the same force and effect as if set forth herein at length.

257.    SDI denies the allegations of the second and third sentences of Paragraph 257.  To the extent that the allegations of the first sentence of Paragraph 257 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of the first sentence of Paragraph 257 relate to SDI, SDI denies those allegations.

258.    SDI avers that the allegations of Paragraph 258 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

259.    SDI denies the allegations of the first sentence of Paragraph 259.  SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 259, and therefore denies them.

260.    To the extent that the allegations of Paragraph 260 constitute legal contentions and/or conclusions, SDI avers that no response is required.  To the extent that a response is required, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 260, and therefore denies them.

261.    SDI avers that the allegations of Paragraph 261 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

**XI.    Allegations Concerning Plaintiff's Prayer for Relief.**

SDI denies that Plaintiff suffered any injury or incurred any damages by any act or omission of SDI as alleged in the Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the

-36-

1  Complaint.

## ADDITIONAL OR AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, SDI asserts the following additional and/or affirmative defenses to Plaintiff's Complaint:

## FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

## FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

## FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Remedies Unconstitutional, Unauthorized or Contrary to Public Policy)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

## SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Absence of Damages)

Plaintiff's claims should be dismissed because Plaintiff has suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent that

-37-

Plaintiff purportedly suffered injury or damage, which SDI specifically denies, SDI further contends that any such purported injury or damage was not by reason of any act or omission of SDI.

## SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Antitrust Injury)

Plaintiff's claims should be dismissed because Plaintiff has not suffered actual, cognizable antitrust injury of the type antitrust laws are intended to remedy.

## EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Uncertainty of Damages)

Plaintiff's claims should be dismissed because the alleged damages sought are too speculative and uncertain, and cannot be practicably ascertained or allocated.

## NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff failed to take all necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

## TENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

## ELEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff would be unjustly enriched if it were allowed to recover any part of the damages alleged in the Complaint.

## TWELFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, due to the absence of any injury or damage for which SDI's actions, conduct, or omissions were the proximate cause.

## THIRTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's claims for injunctive relief should be dismissed because Plaintiff has available an adequate remedy at law.

## FOURTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Privilege)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of SDI was justified, constituted bona fide business competition and was taken in pursuit of its own legitimate business and economic interests, and is therefore privileged.

## FIFTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Non-actionable or Governmental Privilege)

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of SDI that is the subject of the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## SIXTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

-39-

1

## SEVENTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

2

### (Comparative Fault)

3

Plaintiff's claims should be dismissed to the extent that they are barred, in

4 whole or in part, because any and all injuries alleged in the Complaint, the fact and extent

5 of which SDI specifically denies, were directly and proximately caused or contributed to

6 by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other

7 than SDI.

8

## EIGHTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

9

### (Acquiescence)

10

Plaintiff's claims should be dismissed to the extent that they are barred, in

11 whole or in part, by Plaintiff's acquiescence in and/or confirmation of any and all conduct

12 and/or omissions alleged as to SDI.

13

## NINETEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

14

### (Lack of Subject Matter Jurisdiction and/or Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

15

16

Plaintiff's claims based on foreign purchases, if any, should be dismissed to

17 the extent that they are barred, in whole or in part, because they are outside the Court's

18 subject matter jurisdiction as defined by the Foreign Trade Antitrust Improvements Act, 15

19 U.S.C. § 6a and/or analogous state authority.

20

## TWENTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

21

### (Uncertainty)

22

Plaintiff's claims should be dismissed for uncertainty and vagueness and

23 because their claims are ambiguous, and/or unintelligible.  SDI avers that Plaintiff's claims

24 do not describe the events or legal theories with sufficient particularity to permit SDI to

25 ascertain what other defenses may exist.  SDI therefore reserves the right to amend its

26 Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or

27 defenses upon the discovery of more definitive facts upon the completion of its

28

-40-

1  investigation and discovery.

2  ### TWENTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

3  ### (Lack of Standing to Sue for Injuries Alleged)

4  Plaintiff's claims should be dismissed, in whole or in part, to the extent

5  Plaintiff lacks standing to sue for the injuries alleged in the Complaint.  To the extent that

6  Plaintiff purchased products containing CRTs, as opposed to CRTs themselves, its alleged

7  injuries are even more speculative, derivative, indirect, and remote.  Plaintiff's damage

8  claims create an impermissible risk of duplicative recoveries and complex damage

9  apportionment.

10 ### TWENTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

11 ### (Competition Not Harmed)

12 Plaintiff's claims should be dismissed to the extent that they are barred, in

13 whole or in part, because SDI's actions did not lessen competition in the relevant

14 market(s).

15 ### TWENTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

16 ### (Intervening or Superseding Acts of Third Parties)

17 Plaintiff's damages, if any, resulted from the acts or omissions of third

18 parties over whom SDI had no control or responsibility.  The acts of such third parties

19 constitute intervening or superseding causes of harm, if any, suffered by Plaintiff.

20 ### TWENTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

21 ### (Injury or Damages Offset by Benefits Received)

22 Plaintiff's claims should be dismissed to the extent that they are barred, in

23 whole or in part, because any claimed injury or damage has been offset by benefits

24 Plaintiff received with respect to the challenged conduct.

25 ### TWENTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

26 ### (Increased Output and Lower Prices)

27 SDI, without admitting the existence of any contract, combination, or

28 conspiracy in restraint of trade as alleged in the Complaint, avers that the matters about

-41-

1  which Plaintiff complains resulted in increased output and lower prices for CRTs and/or

2  CRT Products.

3                    **TWENTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

4                                   **(Prices Fixed by Plaintiff)**

5          Plaintiff's claims should be dismissed to the extent they are barred, in whole

6  or in part, because the price of CRTs and/or CRT Products was fixed, if at all, by Plaintiff

7  and/or other purchasers of CRTs and/or CRT Products, either individually or collectively.

8                  **TWENTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

9          **(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)**

10         Plaintiff's claims should be dismissed to the extent that they are barred, in

11  whole or in part, because Plaintiff has failed to allege fraud or fraudulent concealment with

12  sufficient particularity.

13                   **TWENTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

14                    **(Failure to Plead Conspiracy with Particularity)**

15         Plaintiff's claims should be dismissed to the extent that they are barred, in

16  whole or in part, because Plaintiff has failed to allege conspiracy with sufficient

17  particularity.

18

19                    **TWENTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

20                                 **(No Detrimental Reliance)**

21         Plaintiff's claims should be dismissed to the extent that they are barred, in

22  whole or in part, because Plaintiff did not detrimentally rely upon any alleged deceptive

23  trade conduct as alleged in the Complaint.

24                     **THIRTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE**

25                                  **(Arbitration Agreements)**

26         Plaintiff's claims should be dismissed to the extent that they are barred, in

27  whole or in part, by agreements that require arbitration of the matters alleged in the

28  Complaint.

-42-

## THIRTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Settlement Set Off)

Without admitting that Plaintiff is entitled to recover damages in this matter, SDI is entitled to set off from any recovery Plaintiff may obtain against SDI any amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

## THIRTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Injunctive Relief)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

## THIRTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any alleged conduct of SDI occurred outside of the jurisdiction of the Court.

## THIRTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Damages Passed On)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint, which SDI specifically denies, was passed on to persons or entities other than the Plaintiff and/or was passed on by Plaintiff to other parties.

## THIRTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Damages Not Passed Through to Plaintiff)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiff, or was incurred by or passed on to persons or entities other than

-43-

1  Plaintiff.

2  ### THIRTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

3  ### (No Unreasonable Restraint Of Trade)

4  Plaintiff's claims are barred, in whole or in part, because the alleged conduct

5  of SDI did not unreasonably restrain trade.

6  ### THIRTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

7  ### (Ultra Vires)

8  To the extent that any actionable conduct may have occurred, Plaintiff's

9  claims against SDI are barred because all such alleged conduct would have been

10  committed by individuals acting ultra vires.

11  ### THIRTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

12  ### (Proportionality)

13  To the extent SDI is found liable for damages, the fact and extent of which

14  are expressly denied by SDI, those damages must be reduced in proportion to SDI's degree

15  of fault.

16

17  ### THIRTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

18  ### (Forum Non Conveniens)

19  Plaintiff's claims are barred, in whole or in part, because of the doctrine of

20  forum non conveniens.

21  ### FORTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

22  ### (Permitted By Law)

23  Plaintiff's claims are barred, in whole or in part, to the extent they are based

24  on alleged acts, conduct or statements that are specifically permitted by law.

25  ### FORTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

26  ### (Multiple Recoveries)

27  To the extent Plaintiff's claims would result in SDI paying damages to more

28  than one claimant for the same alleged overcharge, they are barred because such multiple

-44-

1   recoveries would violate rights guaranteed to SDI by the U.S. Constitution and other law,

2   including, without limitation, rights guaranteed under the Due Process Clause of the

3   Fourteenth Amendment.

4               **FORTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE**

5                        **(Improper Extraterritorial Application)**

6               Plaintiff's claims are barred, in whole or in part, by the U.S. Constitution

7   and/or other applicable law to the extent their claims seek the improper extraterritorial

8   application of the laws cited to any transactions occurring outside the United States.

9               **FORTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE**

10                         **(Acts Outside The Jurisdiction)**

11              Plaintiff's claims under the laws of the various States cited are barred, in

12  whole or in part, to the extent SDI's alleged conduct occurred outside the jurisdiction of

13  this Court and/or was neither directed to nor affected persons, entities, or commerce in the

14  various States cited.

15              **FORTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

16                                **(Market Power)**

17              Plaintiff's claims are barred, in whole or in part, to the extent they have

18  failed to allege or prove that SDI possessed or possesses market power in any legally

19  cognizable relevant market.

20              **FORTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

21                            **(Privity Of Contract)**

22              Plaintiff's claims are barred, in whole or in part, to the extent that privity of

23  contract is required to establish their claims.

24              **FORTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

25                                  **(Release)**

26              Plaintiff's claims are barred, in whole or in part, because they have been

27  released by Plaintiff and/or others.

28

## FORTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Voluntary Payment)

Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine, under which one cannot recover payments with full knowledge of the facts.

## FORTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Federal Trade Commission)

Any alleged conduct by SDI is, or if in interstate commerce would be, subject to and complies with the rules and regulations of, and the statutes administered by, the Federal Trade Commission or other official department, division, commission or agency of the United States as such rules, regulations, or statutes are interpreted by the Federal Trade Commission or such department, division, commission or agency of the federal courts.

## FORTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Intrastate Conduct)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff did not allege conduct and/or effects that are wholly or predominantly intrastate within the various States at issue.

## FIFTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Not Entitled To Seek Damages)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff is not entitled to seek damages under the laws of the various States cited.

## FIFTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Plead Special Damages With Specificity)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to plead special damages with specificity as required by the laws of the various

1  States cited.

2  ## FIFTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

3  ### (Other Defenses Incorporated by Reference)

4  SDI adopts and incorporates by reference any and all other additional or
5  affirmative defenses asserted or to be asserted by any other defendant in this proceeding to
6  the extent that SDI may share in such affirmative defenses.

7  ## FIFTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

8  ### (Reservation of Rights to Assert Additional Defenses)

9  SDI has not knowingly or intentionally waived any applicable defenses and
10  explicitly reserves the right to assert and rely on such other applicable defenses as may
11  become available or apparent during discovery proceedings.  SDI further reserves the right
12  to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it
13  determines are not applicable during the course of subsequent discovery.

14

15

16  WHEREFORE, the Samsung SDI Defendants pray for judgment as follows:

17  1.    That Plaintiff take nothing under the Complaint, and the Complaint be
dismissed with prejudice;

18
19  2.    That judgment be entered in favor of the Samsung SDI Defendants
and against Plaintiff on each and every cause of action set forth in the
20  Complaint;

21  3.    That the Samsung SDI Defendants recover their costs of suit and
attorneys' fees incurred herein; and

22  4.    That the Samsung SDI Defendants be granted such other and further
relief as the Court deems just and proper.
23

24  Dated:  November 4, 2013              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
25

26

27  By _____
                    /s/ Michael W. Scarborough
28

-47-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHAEL W. SCARBOROUGH

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

-48-

SAMSUNG SDI DEFENDANTS' ANSWER TO
CIRCUIT CITY'S FIRST AMENDED COMPLAINT