DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: david.yohai@weil.com

GREGORY D. HULL (57367)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: greg.hull@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: jkessler@winston.com

*Attorneys for Defendant Panasonic Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br><br>This Document Relates to:<br><br>CIRCUIT CITY ACTION<br>11-CV-05502 | **Case No. 07-5944 SC**<br>**MDL No. 1917**<br><br>**DEFENDANT PANASONIC CORPORATION'S (F/K/A MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.) ANSWER TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT** |

Defendant PANASONIC CORPORATION (F/K/A MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.) ("Panasonic"), by and through its attorneys, answers the allegations set forth in the First Amended Complaint filed on October 16, 2013 (the "Complaint") by plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Plaintiff"), and alleges additional or affirmative defenses as follows.  To the extent not specifically admitted herein, all allegations of the Complaint are denied.  Furthermore, the section headings included herein are included only for purposes of clarity and organization, and Panasonic does not admit, but rather hereby specifically denies, any factual or legal allegations in the headings used in the Complaint.

## I.      "INTRODUCTION"

1.      Panasonic denies the allegations contained in Paragraph 1 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

2.      The allegations contained in Paragraph 2 of the Complaint include characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies all of the allegations, except admits that color display tubes ("CDTs") can be used in computer monitors and certain other specialized applications, admits that color picture tubes ("CPTs") can be used in televisions, admits that CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various times certain affiliates of Panasonic manufactured some CRTs and some products containing CRTs.

3.      Panasonic denies the allegations contained in Paragraph 3 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4.      Panasonic denies the allegations contained in Paragraph 4 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

5.      Panasonic denies the allegations contained in Paragraph 5 of the Complaint as they

1

relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

6.      Panasonic denies the allegations contained in Paragraph 6 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7.      Panasonic denies the allegations contained in Paragraph 7 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8.      Panasonic denies the allegations contained in Paragraph 8 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by the United States Department of Justice ("DOJ"), and by certain foreign competition authorities, and that it has been publicly reported that individuals have been indicted in connection with the DOJ investigation.

9.      Panasonic denies the allegations contained in Paragraph 9 of the Complaint as they relate to Panasonic, except admits that at various times certain of its affiliates sold products containing CRTs to certain Circuit City entities.  Panasonic denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

10.      Panasonic denies the allegations contained in Paragraph 10 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

11.      Panasonic denies the allegations contained in Paragraph 11 of the Complaint as they relate to Panasonic, except admits that at various times certain of its affiliates sold products containing CRTs to certain Circuit City entities.  Panasonic denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## II.      "JURISDICTION AND VENUE"

12.      Panasonic denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to the federal statutes identified therein and seek the relief sought therein.

13.      Panasonic denies the allegations contained in Paragraph 13 of the Complaint,

except admits that Plaintiff purports to bring this action pursuant to various state laws identified therein and seeks the relief sought therein.

14.     The allegations contained in Paragraph 14 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 14 of the Complaint, except admits that Plaintiff purports to base subject matter jurisdiction on the federal statutes identified therein.

15.     Panasonic denies the allegations contained in Paragraph 15 of the Complaint as they relate to Panasonic, except admits that certain affiliates of Panasonic have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16.     The allegations contained in Paragraph 16 of the Complaint regarding jurisdiction constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations as they relate to Panasonic except admits that certain of its affiliates have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17.     The allegations contained in Paragraph 17 of the Complaint regarding venue constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations as they relate to Panasonic except admits that certain of its affiliates have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

III.     "PARTIES"

A.     "Plaintiff"

18.     Panasonic denies the allegations contained in Paragraph 18 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19.     Panasonic denies the allegations contained in Paragraph 19 of the Complaint as

3

they relate to Panasonic, except admits that at various times certain of its affiliates sold CRTs or products containing CRTs to certain Circuit City entities.  Panasonic denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20.     Panasonic denies the allegations contained in Paragraph 20 of the Complaint as they relate to Panasonic, except admits that certain of its affiliates have sold some products containing CRTs to certain Circuit City entities.  Panasonic denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

21.     Panasonic denies the allegations contained in Paragraph 21 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22.     Panasonic denies the allegations contained in Paragraph 22 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

B.     "**Defendants**"

1.     "**Hitachi Entities**"

23.     Panasonic denies the allegations contained in Paragraph 23 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24.     Panasonic denies the allegations contained in Paragraph 24 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25.     Panasonic denies the allegations contained in Paragraph 25 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26.     Panasonic denies the allegations contained in Paragraph 26 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

27.     Panasonic denies the allegations contained in Paragraph 27 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28.     Panasonic denies the allegations contained in Paragraph 28 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

29.     Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 29 of the Complaint collectively as "Hitachi."

2.     "**IRICO Entities**"

1      30.     Panasonic denies the allegations contained in Paragraph 30 of the Complaint for
2  lack of knowledge or information sufficient to form a belief as to the truth thereof.

3      31.     Panasonic denies the allegations contained in Paragraph 31 of the Complaint for
4  lack of knowledge or information sufficient to form a belief as to the truth thereof.

5      32.     Panasonic denies the allegations contained in Paragraph 32 of the Complaint for
6  lack of knowledge or information sufficient to form a belief as to the truth thereof.

7      33.     Panasonic admits that Plaintiff purports to refer to the entities identified in
8  Paragraph 33 of the Complaint collectively as "IRICO."

9          **3.**    **"LG Electronics Entities"**

10      34.     Panasonic denies the allegations contained in Paragraph 34 of the Complaint for
11  lack of knowledge or information sufficient to form a belief as to the truth thereof.

12      35.     Panasonic denies the allegations contained in Paragraph 35 of the Complaint for
13  lack of knowledge or information sufficient to form a belief as to the truth thereof.

14      36.     Panasonic denies the allegations contained in Paragraph 36 of the Complaint for
15  lack of knowledge or information sufficient to form a belief as to the truth thereof.

16      37.     Panasonic admits that Plaintiff purports to refer to the entities identified in
17  Paragraph 37 of the Complaint collectively as "LG Electronics."

18          **4.**    **"LP Displays"**

19      38.     Panasonic denies the allegations contained in Paragraph 38 of the Complaint for
20  lack of knowledge or information sufficient to form a belief as to the truth thereof.

21          **5.**    **"Panasonic Entities"**

22      39.     Panasonic denies the allegations contained in Paragraph 39 of the Complaint in
23  their entirety, except admits that it is a Japanese entity with an office in Osaka, Japan at the
24  address listed in Paragraph 39, and that it was known as Matsushita Electric Industrial Co., Ltd.
25  ("MEI") prior to October 1, 2008. Panasonic further admits that certain of its affiliates sold some
26  CRTs or products containing CRTs in the United States at various times during the purported
27  Relevant Period.

28      40.     Panasonic denies the allegations contained in Paragraph 40 of the Complaint in

5

Case 4:07-cv-05944-JST   Document 2124   Filed 11/04/13   Page 7 of 44

their entirety, except admits that Panasonic Corporation of North America ("PNA") is a Delaware corporation with its principal place of business formerly located at the address listed in Paragraph 40.  Panasonic avers that PNA's principal place of business is now located at Two Riverfront Plaza, Newark, New Jersey, 07102.  Panasonic further admits that PNA is a wholly-owned subsidiary of Panasonic.  Panasonic further admits that PNA or certain of affiliates of PNA sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period.

41.     Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 41 of the Complaint collectively as "Panasonic."

42.     Panasonic denies the allegations contained in Paragraph 42 of the Complaint in their entirety, except admits that MT Picture Display Co., Ltd., f/k/a/ Matsushita Toshiba Picture Display Co., Ltd. ("MTPD") was a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 42.  Panasonic further admits that MTPD was established as a joint venture between Panasonic and Toshiba Corporation ("Toshiba"), but avers that MTPD was formed in 2003, not 2002.  Panasonic further admits that it held 64.5% of MTPD at the time MTPD was formed in 2003.  Panasonic further admits that it acquired Toshiba's 35.5% interest in MTPD on March 30, 2007, that MTPD became a wholly-owned subsidiary of Panasonic, and that MTPD was renamed.  Panasonic further admits that certain affiliates of MTPD sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period.

43.     Panasonic denies the allegations contained in Paragraph 43 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is a Chinese entity with its headquarters in Beijing, China at the address listed in Paragraph 43.  Panasonic further admits that BMCC is a joint venture formed in 1987, and further admits that MTPD at one time had a 50% equity ownership interest in BMCC.

6.     "Philips Entities"

44.     Panasonic denies the allegations contained in Paragraph 44 of the Complaint for

6

1  lack of knowledge or information sufficient to form a belief as to the truth thereof.

2  45.    Panasonic denies the allegations contained in Paragraph 45 of the Complaint for

3  lack of knowledge or information sufficient to form a belief as to the truth thereof.

4  46.    Panasonic denies the allegations contained in Paragraph 46 of the Complaint for

5  lack of knowledge or information sufficient to form a belief as to the truth thereof.

6  47.    Panasonic denies the allegations contained in Paragraph 47 of the Complaint for

7  lack of knowledge or information sufficient to form a belief as to the truth thereof.

8  48.    Panasonic admits that Plaintiff purports to refer to the entities identified in

9  Paragraph 48 of the Complaint collectively as "Philips."

10      **7.    "Samsung Entities"**

11  49.    Panasonic denies the allegations contained in Paragraph 49 of the Complaint for

12  lack of knowledge or information sufficient to form a belief as to the truth thereof.

13  50.    Panasonic denies the allegations contained in Paragraph 50 of the Complaint for

14  lack of knowledge or information sufficient to form a belief as to the truth thereof.

15  51.    Panasonic denies the allegations contained in Paragraph 51 of the Complaint for

16  lack of knowledge or information sufficient to form a belief as to the truth thereof.

17  52.    Panasonic denies the allegations contained in Paragraph 52 of the Complaint for

18  lack of knowledge or information sufficient to form a belief as to the truth thereof.

19  53.    Panasonic denies the allegations contained in Paragraph 53 of the Complaint for

20  lack of knowledge or information sufficient to form a belief as to the truth thereof.

21  54.    Panasonic denies the allegations contained in Paragraph 54 of the Complaint for

22  lack of knowledge or information sufficient to form a belief as to the truth thereof.

23  55.    Panasonic denies the allegations contained in Paragraph 55 of the Complaint for

24  lack of knowledge or information sufficient to form a belief as to the truth thereof.

25  56.    Panasonic admits that Plaintiff purports to refer to the entities identified in

26  Paragraph 56 of the Complaint collectively as "Samsung."

27      **8.    "Samtel"**

28  57.    Panasonic denies the allegations contained in Paragraph 57 of the Complaint for

1  lack of knowledge or information sufficient to form a belief as to the truth thereof.

2           **9.**    **"Thai CRT"**

3       58.    Panasonic denies the allegations contained in Paragraph 58 of the Complaint for

4  lack of knowledge or information sufficient to form a belief as to the truth thereof.

5           **10.**    **"Toshiba Entities"**

6       59.    Panasonic denies the allegations contained in Paragraph 59 of the Complaint in

7  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

8  thereof, except admits that it entered into a joint venture with Toshiba to form MTPD, but avers

9  that MTPD was formed in 2003, not 2002.

10       60.    Panasonic denies the allegations contained in Paragraph 60 of the Complaint for

11  lack of knowledge or information sufficient to form a belief as to the truth thereof.

12       61.    Panasonic denies the allegations contained in Paragraph 61 of the Complaint for

13  lack of knowledge or information sufficient to form a belief as to the truth thereof.

14       62.    Panasonic denies the allegations contained in Paragraph 62 of the Complaint for

15  lack of knowledge or information sufficient to form a belief as to the truth thereof.

16       63.    Panasonic denies the allegations contained in Paragraph 63 of the Complaint for

17  lack of knowledge or information sufficient to form a belief as to the truth thereof.

18       64.    Panasonic admits that Plaintiff purports to refer to the entities identified in

19  Paragraph 64 of the Complaint collectively as "Toshiba."

20  **IV.**    **"AGENTS AND CO-CONSPIRATORS"**

21       65.    Panasonic denies the allegations contained in Paragraph 65 of the Complaint as

22  they relate to Panasonic and denies the remaining allegations in their entirety for lack of

23  knowledge or information sufficient to form a belief as to the truth thereof.

24       66.    Panasonic denies the allegations contained in Paragraph 66 of the Complaint as

25  they relate to Panasonic and denies the remaining allegations in their entirety for lack of

26  knowledge or information sufficient to form a belief as to the truth thereof.

27       67.    The allegations contained in Paragraph 67 of the Complaint include legal

28  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

8

1   response is required, Panasonic denies the allegations in their entirety for lack of knowledge or

2   information sufficient to form a belief as to the truth thereof.  Panasonic avers that the entity

3   formerly known as Matsushita Electronic Corporation (Malaysia) Sdn. Bhd. ("Matsushita

4   Malaysia") was dissolved on October 8, 2007.

5        68.   Panasonic denies the allegations contained in Paragraph 68 of the Complaint for

6   lack of knowledge or information sufficient to form a belief as to the truth thereof.

7        69.   Panasonic admits that Plaintiff purports to refer to the entities identified in

8   Paragraph 69 of the Complaint collectively as "Daewoo."

9        70.   Panasonic denies the allegations contained in Paragraph 70 of the Complaint in its

10  entirety, except admits that Matsushita Malaysia was a Malaysian entity that had an office located

11  at the address listed in Paragraph 70 in Shah Alam, Malaysia, and was a direct subsidiary of

12  Panasonic from 2001 until 2003, operating as Matsushita Display Devices (Malaysia) Sdn. Bhd.

13  Panasonic further admits that Matsushita Malaysia was transferred to MTPD in 2003, renamed as

14  MT Picture Display (Malaysia) Sdn. Bhd., and operated as a wholly-owned subsidiary of MTPD.

15  Panasonic avers that the entity formerly known as Matsushita Malaysia was dissolved on October

16  8, 2007.

17       71.   Panasonic denies the allegations contained in Paragraph 71 of the Complaint in

18  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

19  thereof, except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred

20  to MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia.  Panasonic further

21  avers that PT.MT Picture Display Indonesia discontinued its production on September 13, 2007,

22  and was dissolved on September 28, 2007.

23       72.   Panasonic denies the allegations contained in Paragraph 72 of the Complaint in

24  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

25  thereof, except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was

26  transferred to MTPD in 2003 and changed its name to MT Picture Display (Thailand) Co., Ltd.

27  ("MTPDT"), but denies that MTPDT was a wholly-owned subsidiary of MTPD.  Panasonic

28  further avers that MTPDT passed a resolution of dissolution on May 13, 2009, and is now

9

1    dissolved.

2        73.    Panasonic denies the allegations contained in Paragraph 73 of the Complaint as

3    they relate to Panasonic and denies the remaining allegations in their entirety for lack of

4    knowledge or information sufficient to form a belief as to the truth thereof.

5    **V.    "TRADE AND COMMERCE"**

6        74.    Panasonic denies the allegations contained in Paragraph 74 of the Complaint as

7    they relate to Panasonic, except admits that certain affiliates of Panasonic have sold some CRTs

8    or products containing CRTs in the United States at various times during the purported Relevant

9    Period, and denies the remaining allegations in their entirety for lack of knowledge or information

10   sufficient to form a belief as to the truth thereof.

11       75.    Panasonic denies the allegations contained in Paragraph 75 of the Complaint as

12   they relate to Panasonic and denies the remaining allegations in their entirety for lack of

13   knowledge or information sufficient to form a belief as to the truth thereof.

14       76.    Panasonic denies the allegations contained in Paragraph 76 of the Complaint as

15   they relate to Panasonic and denies the remaining allegations in their entirety for lack of

16   knowledge or information sufficient to form a belief as to the truth thereof.

17   **VI.   "FACTUAL ALLEGATIONS"**

18       **A.    "CRT Technology"**

19       77.    The allegations contained in Paragraph 77 of the Complaint constitute

20   characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

21   required.  To the extent that a response is required, Panasonic admits that the CRT is a specialized

22   vacuum tube in which images are produced when an electron beam strikes a phosphorescent

23   surface, but otherwise denies the allegations in their entirety for lack of knowledge or information

24   sufficient to form a belief as to the truth thereof.

25       78.    The allegations contained in Paragraph 78 of the Complaint constitute

26   characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

27   required.  To the extent that a response is required, Panasonic admits that CRT technology was

28   used in making tubes for televisions in the 1990's, but otherwise denies the allegations in their

10

1   entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

2        79.    The allegations contained in Paragraph 79 of the Complaint constitute

3   characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

4   required.  To the extent that a response is required, Panasonic admits that a lower quality CRT

5   produces a poor display, but otherwise denies the allegations contained in Paragraph 79 of the

6   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7        80.    The allegations contained in Paragraph 80 of the Complaint constitute

8   characterizations of Plaintiff's Complaint to which no responsive pleading is required.  To the

9   extent that a response is required, Panasonic admits that CRT production was refined over time,

10  but otherwise denies the allegations contained in Paragraph 80 of the Complaint for lack of

11  knowledge or information sufficient to form a belief as to the truth thereof.

12       81.    The allegations contained in Paragraph 81 of the Complaint constitute

13  characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

14  required.  To the extent that a response is required, Panasonic admits that CDTs and CPTs are

15  types of CRTs, admits that CDTs can be used in computer monitors and certain other specialized

16  applications, and admits that CPTs can be used in televisions, but otherwise denies the allegations

17  contained in Paragraph 81 of the Complaint for lack of knowledge or information sufficient to

18  form a belief as to the truth thereof.

19       82.    The allegations contained in Paragraph 82 of the Complaint constitute

20  characterizations of Plaintiff's Complaint to which no responsive pleading is required.  To the

21  extent that a response is required, Panasonic denies the allegations contained in

22  Paragraph 82 of the Complaint for lack of knowledge or information sufficient to form a belief as

23  to the truth thereof.

24       83.    The allegations contained in Paragraph 83 of the Complaint constitute legal

25  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

26  response is required, Panasonic denies the allegations contained in Paragraph 83 of the Complaint

27  for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28       84.    Panasonic denies the allegations contained in Paragraph 84 of the Complaint as

11

1    they relate to Panasonic and denies the remaining allegations for lack of knowledge or

2    information sufficient to form a belief as to the truth thereof.

3          85.    Panasonic denies the allegations contained in Paragraph 85 of the Complaint as

4    they relate to Panasonic and denies the remaining allegations for lack of knowledge or

5    information sufficient to form a belief as to the truth thereof.

6          86.    Panasonic denies the allegations contained in Paragraph 86 of the Complaint.

7          **B.    "Structure of the CRT Industry"**

8          87.    Panasonic denies the allegations contained in Paragraph 87 of the Complaint.

9                 **1.    "Market Concentration"**

10         88.    Panasonic denies the allegations contained in the second sentence of Paragraph 88

11   of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth

12   thereof, and denies the remaining allegations in their entirety.

13                **2.    "Information Sharing"**

14         89.    Panasonic denies the allegations contained in Paragraph 89 of the Complaint as

15   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

16   information sufficient to form a belief as to the truth thereof.

17         90.    Panasonic denies the allegations contained in Paragraph 90 of the Complaint as

18   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

19   information sufficient to form a belief as to the truth thereof.

20                **3.    "Consolidation"**

21         91.    Panasonic denies the allegations contained in Paragraph 91 of the Complaint as

22   they relate to Panasonic, except admits that a merger between Toshiba and Panasonic's CRT

23   businesses resulted in the creation of MTPD, and denies the remaining allegations for lack of

24   knowledge or information sufficient to form a belief as to the truth thereof.  Panasonic avers that

25   MTPD was created in 2003, not 2002.

26                **4.    "Multiple Interrelated Business Relationships"**

27         92.    Panasonic denies the allegations contained in Paragraph 92 of the Complaint.

28         93.    Panasonic denies the allegations contained in Paragraph 93 including its subparts,

12

1   for lack of knowledge or information sufficient to form a belief as to the truth thereof, with the

2   exception that Toshiba Corporation and Panasonic formed a CRT joint venture, MTPD, in 2003,

3   and that Toshiba Corporation and Panasonic formed a joint venture to manufacture TFT-LCD

4   panels.

5          **5.**    **"High Costs of Entry Into the Industry"**

6          94.    Panasonic denies the allegations contained in Paragraph 94 of the Complaint for

7   lack of knowledge or information sufficient to form a belief as to the truth thereof.

8          95.    Panasonic denies the allegations contained in the first sentence of Paragraph 95 of

9   the Complaint for lack of knowledge or information sufficient to form a belief as to the truth

10   thereof, and denies the remaining allegations in their entirety.

11          **6.**    **"The Maturity of the CRT Product Market"**

12          96.    Panasonic denies the allegations contained in Paragraph 96 of the Complaint for

13   lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

14   that the CRT market is mature.

15          97.    Panasonic denies the allegations contained in Paragraph 97 of the Complaint as

16   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

17   information sufficient to form a belief as to the truth thereof.

18          98.    Panasonic denies the allegations contained in Paragraph 98 of the Complaint as

19   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

20   information sufficient to form a belief as to the truth thereof.

21          99.    Panasonic denies the allegations contained in Paragraph 99 of the Complaint as

22   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

23   information sufficient to form a belief as to the truth thereof.

24          100.    Panasonic denies the allegations contained in Paragraph 100 of the Complaint for

25   lack of knowledge or information sufficient to form a belief as to the truth thereof.

26          101.    Panasonic denies the allegations contained in Paragraph 101 of the Complaint for

27   lack of knowledge or information sufficient to form a belief as to the truth thereof.

28          **7.**    **"Homogeneity of CRT Products"**

13

102. Panasonic denies the allegations contained in Paragraph 102 of the Complaint.

103. Panasonic denies the allegations contained in Paragraph 103 of the Complaint.

**C.** **"Pre-Conspiracy Market"**

104. Panasonic denies the allegations contained in Paragraph 104 of the Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

105. Panasonic denies the allegations contained in Paragraph 105 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**D.** **"Defendants' and Co-Conspirators' Illegal Agreements"**

106. Panasonic denies the allegations contained in Paragraph 106 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

107. Panasonic denies the allegations contained in Paragraph 107 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

108. Panasonic denies the allegations contained in Paragraph 108 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

109. Panasonic denies the allegations contained in Paragraph 109 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

110. Panasonic denies the allegations contained in Paragraph 110 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**1.** **"Glass Meetings"**

111. Panasonic denies the allegations contained in Paragraph 111 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

DEFENDANT PANASONIC CORPORATION'S
ANSWER TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL No. 1917

112.     Panasonic denies the allegations contained in Paragraph 112 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

113.     Panasonic denies the allegations contained in Paragraph 113 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

114.     Panasonic denies the allegations contained in Paragraph 114 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

115.     Panasonic denies the allegations contained in Paragraph 115 of the Complaint in their entirety as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

116.     Panasonic denies the allegations contained in Paragraph 116 of the Complaint in their entirety as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

117.     Panasonic denies the allegations contained in Paragraph 117 of the Complaint in their entirety as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

118.     Panasonic denies the allegations contained in Paragraph 118 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

119.     Panasonic denies the allegations contained in Paragraph 119 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

120.     Panasonic denies the allegations contained in Paragraph 120 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

121.     Panasonic denies the allegations contained in Paragraph 121 of the Complaint as

15

they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

122.    Panasonic denies the allegations contained in Paragraph 122 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

123.    Panasonic denies the allegations contained in Paragraph 123 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

124.    Panasonic denies the allegations contained in Paragraph 124 of the Complaint, including its subparts, as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

125.    Panasonic denies the allegations contained in Paragraph 125 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

126.    Panasonic denies the allegations contained in Paragraph 126 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 2.    "Bilateral Discussions"

127.    Panasonic denies the allegations contained in Paragraph 127 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

128.    Panasonic denies the allegations contained in Paragraph 128 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

129.    Panasonic denies the allegations contained in Paragraph 129 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

130.    Panasonic denies the allegations contained in Paragraph 130 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

131.   Panasonic denies the allegations contained in Paragraph 131 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

132.   Panasonic denies the allegations contained in Paragraph 132 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

3.   **"Defendants' and Co-Conspirators' Participation in Group and Bilateral Discussions"**

133.   Panasonic denies the allegations contained in Paragraph 133 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

134.   Panasonic denies the allegations contained in Paragraph 134 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

135.   Panasonic denies the allegations contained in Paragraph 135 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

136.   Panasonic denies the allegations contained in Paragraph 136 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

137.   Panasonic denies the allegations contained in Paragraph 137 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

138.   Panasonic denies the allegations contained in Paragraph 138 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

139.   Panasonic denies the allegations contained in Paragraph 139 of the Complaint in their entirety.

140. Panasonic denies the allegations contained in Paragraph 140 of the Complaint in their entirety.

141. Panasonic denies the allegations contained in Paragraph 141 of the Complaint in their entirety.

142. Panasonic denies the allegations contained in Paragraph 142 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

143. Panasonic denies the allegations contained in Paragraph 143 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

144. Panasonic denies the allegations contained in Paragraph 144 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

145. Panasonic denies the allegations contained in Paragraph 145 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

146. Panasonic denies the allegations contained in Paragraph 146 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

147. Panasonic denies the allegations contained in Paragraph 147 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

148. Panasonic denies the allegations contained in Paragraph 148 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

149. Panasonic denies the allegations contained in Paragraph 149 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1     150.    Panasonic denies the allegations contained in Paragraph 150 of the Complaint as

2 they relate to Panasonic and denies the remaining allegations for lack of knowledge or

3 information sufficient to form a belief as to the truth thereof.

4     151.    Panasonic denies the allegations contained in Paragraph 151 of the Complaint as

5 they relate to Panasonic and denies the remaining allegations for lack of knowledge or

6 information sufficient to form a belief as to the truth thereof.

7     152.    Panasonic denies the allegations contained in Paragraph 152 of the Complaint as

8 they relate to Panasonic and denies the remaining allegations for lack of knowledge or

9 information sufficient to form a belief as to the truth thereof.

10     153.    Panasonic denies the allegations contained in Paragraph 153 of the Complaint as

11 they relate to Panasonic and denies the remaining allegations for lack of knowledge or

12 information sufficient to form a belief as to the truth thereof.

13     **E.     "The CRT Market During the Conspiracy"**

14     154.    Panasonic denies the allegations contained in Paragraph 154 of the Complaint for

15 lack of knowledge or information sufficient to form a belief as to the truth thereof.

16     155.    Panasonic denies the allegations contained in Paragraph 155 of the Complaint for

17 lack of knowledge or information sufficient to form a belief as to the truth thereof.

18     156.    Panasonic denies the allegations contained in Paragraph 156 of the Complaint for

19 lack of knowledge or information sufficient to form a belief as to the truth thereof.

20     157.    Panasonic denies the allegations contained in Paragraph 157 of the Complaint in

21 their entirety as they relate to Panasonic and denies the remaining allegations for lack of

22 knowledge or information sufficient to form a belief as to the truth thereof.

23     158.    Panasonic denies the allegations contained in Paragraph 158 of the Complaint for

24 lack of knowledge or information sufficient to form a belief as to the truth thereof.

25     159.    Panasonic denies the allegations contained in Paragraph 159 of the Complaint for

26 lack of knowledge or information sufficient to form a belief as to the truth thereof.

27     160.    Panasonic denies the allegations contained in Paragraph 160 of the Complaint for

28 lack of knowledge or information sufficient to form a belief as to the truth thereof.

19

1       161.    Panasonic denies the allegations contained in Paragraph 161 of the Complaint for

2 lack of knowledge or information sufficient to form a belief as to the truth thereof.

3       162.    Panasonic denies the allegations contained in Paragraph 162 of the Complaint for

4 lack of knowledge or information sufficient to form a belief as to the truth thereof.

5       163.    Panasonic denies the allegations contained in Paragraph 163 of the Complaint as

6 they relate to Panasonic and denies the remaining allegations for lack of knowledge or

7 information sufficient to form a belief as to the truth thereof.

8       164.    Panasonic denies the allegations contained in Paragraph 164 of the Complaint as

9 they relate to Panasonic and denies the remaining allegations for lack of knowledge or

10 information sufficient to form a belief as to the truth thereof.

11       165.    Panasonic denies the allegations contained in Paragraph 165 of the Complaint as

12 they relate to Panasonic and denies the remaining allegations for lack of knowledge or

13 information sufficient to form a belief as to the truth thereof.

14       166.    Panasonic denies the allegations contained in Paragraph 166 of the Complaint for

15 lack of knowledge or information sufficient to form a belief as to the truth thereof.

16       167.    Panasonic denies the allegations contained in Paragraph 167 of the Complaint for

17 lack of knowledge or information sufficient to form a belief as to the truth thereof.

18     **F.**    **"<u>International Government Antitrust Investigations</u>"**

19       168.    Panasonic denies the allegations contained in Paragraph 168 of the Complaint for

20 lack of knowledge or information sufficient to form a belief as to the truth thereof.

21       169.    Panasonic denies the allegations contained in Paragraph 169 of the Complaint,

22 except admits that an alleged conspiracy concerning CRTs is or was being investigated by certain

23 foreign competition authorities.

24       170.    Panasonic denies the allegations contained in Paragraph 170 of the Complaint for

25 lack of knowledge or information sufficient to form a belief as to the truth thereof.

26       171.    Panasonic denies the allegations contained in Paragraph 171 of the Complaint for

27 lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

28 that on or around May 6, 2008, the Hungarian Competition Authority issued a press release

1  concerning its initiation of a competition supervision proceeding in connection with an alleged

2  conspiracy in the Hungarian market involving CRTs and respectfully refers the Court to that

3  document for a review of its contents.

4  172.   Panasonic denies the allegations contained in Paragraph 172 of the Complaint for

5  lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

6  that on or around February 10, 2009, the DOJ issued a press release concerning the indictment of

7  an executive of Chunghwa Picture Tubes, Ltd., and respectfully refers the Court to that document

8  for a review of its contents.

9  173.   Panasonic denies the allegations contained in Paragraph 173 of the Complaint for

10  lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

11  that on or around August 19, 2009, the DOJ issued a press release concerning the indictment of a

12  CDT industry executive and respectfully refers the Court to that document for a review of its

13  contents.

14  174.   Panasonic denies the allegations contained in Paragraph 174 of the Complaint for

15  lack of knowledge or information sufficient to form a belief as to the truth thereof, excepts admits

16  that on or around March 30, 2010, the DOJ issued a press release concerning the indictment of a

17  CDT industry executive and respectfully refers the Court to that document for a review of its

18  contents.

19  175.   Panasonic denies the allegations contained in Paragraph 175 of the Complaint for

20  lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

21  that on or around November 9, 2010, the DOJ issued a press release concerning the indictment of

22  a CDT industry executive and respectfully refers the Court to that document for a review of its

23  contents.

24  176.   Panasonic denies the allegations contained in Paragraph 176 of the Complaint for

25  lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

26  that on or around March 18, 2011, the DOJ issued a press release concerning a plea agreement

27  entered into by a CDT industry participant and respectfully refers the Court to that document for a

28  review of its contents.

21

177.    Panasonic denies the allegations contained in Paragraph 177 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

178.    Panasonic denies the allegations contained in Paragraph 178 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

179.    Panasonic denies the allegations contained in Paragraph 179 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

180.    Panasonic denies the allegations contained in Paragraph 180 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

181.    Panasonic denies the allegations contained in Paragraph 181 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

182.    Panasonic denies the allegations contained in Paragraph 182 of the Complaint, except admits that an alleged conspiracy concerning the TFT-LCD market is or was being investigated by the DOJ, and by certain other international competition authorities, and that this investigation was revealed on or around December 2006. Panasonic further avers that it is not a subject of these investigations.

183.    Panasonic denies the allegations contained in Paragraph 183 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

184.    Panasonic denies the allegations contained in Paragraph 184 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

185.    Panasonic denies the allegations contained in Paragraph 185 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

186.    Panasonic denies the allegations contained in Paragraph 186 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

G.    **"The Role of Trade Associations During the Relevant Period"**

187.    Panasonic denies the allegations contained in Paragraph 187 of the Complaint as

22

they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

188.    Panasonic denies the allegations contained in Paragraph 188 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

189.    Panasonic denies the allegations contained in Paragraph 189 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

190.    Panasonic denies the allegations contained in Paragraph 190 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

191.    Panasonic denies the allegations contained in Paragraph 191 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

H.    "**Effects of Defendants' Antitrust Violations**"

1.    "**Examples of Reductions in Manufacturing Capacity by Defendants**"

192.    The allegations contained in Paragraph 192 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 192 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

193.    Panasonic denies the allegations contained in Paragraph 193 of the Complaint, except admits that MTPD's subsidiary in New York ceased operations in December 2004, and admits that a press release contained the phrases quoted in Paragraph 193 of the Complaint.

194.    Panasonic denies the allegations contained in Paragraph 194 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

195.    Panasonic denies the allegations contained in Paragraph 195 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except avers that it was announced on November 30, 2005, not in December 2005, that MTPD's American subsidiary in Ohio and German subsidiary would discontinue operations.

196.    Panasonic denies the allegations contained in Paragraph 196 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

197.    Panasonic denies the allegations contained in Paragraph 197 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the closure of Matsushita Malaysia was announced in July 2006.

### 2.    "Examples of Collusive Pricing for CRTs"

198.    Panasonic denies the allegations contained in Paragraph 198 of the Complaint in their entirety as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

199.    Panasonic denies the allegations contained in Paragraph 199 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

200.    Panasonic denies the allegations contained in Paragraph 200 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

201.    Panasonic denies the allegations contained in Paragraph 201 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

202.    Panasonic denies the allegations contained in Paragraph 202 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

203.    Panasonic denies the allegations contained in Paragraph 203 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

204.    Panasonic denies the allegations contained in Paragraph 204 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

205.    Panasonic denies the allegations contained in Paragraph 205 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

206.    Panasonic denies the allegations contained in Paragraph 206 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

207.    Panasonic denies the allegations contained in Paragraph 207 of the Complaint as

24

they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 3. "Summary Of Effects Of The Conspiracy Involving CRTs"

208. Panasonic denies the allegations contained in Paragraph 208 of the Complaint, including its subparts, as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VII. "PLAINTIFF'S INJURIES"

209. Panasonic denies the allegations contained in Paragraph 209 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

210. Panasonic denies the allegations contained in Paragraph 210 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

211. The allegations contained in Paragraph 211 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

212. Panasonic denies the allegations contained in Paragraph 212 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

213. The allegations contained in Paragraph 213 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 213 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

214. Panasonic denies the allegations contained in Paragraph 214 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

1    information sufficient to form a belief as to the truth thereof.

2        215.    Panasonic denies the allegations contained in Paragraph 215 of the Complaint as

3    they relate to Panasonic and denies the remaining allegations for lack of knowledge or

4    information sufficient to form a belief as to the truth thereof.

5    **VIII.   "FRAUDULENT CONCEALMENT"**

6        216.    Panasonic denies the allegations contained in Paragraph 216 of the Complaint as

7    they relate to Panasonic and denies the remaining allegations for lack of knowledge or

8    information sufficient to form a belief as to the truth thereof.

9        217.    Panasonic denies the allegations contained in Paragraph 217 of the Complaint as

10   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

11   information sufficient to form a belief as to the truth thereof.

12       218.    Panasonic denies the allegations contained in Paragraph 218 of the Complaint as

13   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

14   information sufficient to form a belief as to the truth thereof.

15       219.    Panasonic denies the allegations contained in Paragraph 219 of the Complaint as

16   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

17   information sufficient to form a belief as to the truth thereof.

18       220.    Panasonic denies the allegations contained in Paragraph 220 of the Complaint as

19   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

20   information sufficient to form a belief as to the truth thereof.

21       221.    Panasonic denies the allegations contained in Paragraph 221 the Complaint as they

22   relate to Panasonic and denies the remaining allegations for lack of knowledge or information

23   sufficient to form a belief as to the truth thereof.

24       222.    Panasonic denies the allegations contained in Paragraph 222 of the Complaint as

25   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

26   information sufficient to form a belief as to the truth thereof.

27       223.    Panasonic denies the allegations contained in Paragraph 223 of the Complaint as

28   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

26

1  information sufficient to form a belief as to the truth thereof.

2       224.  Panasonic denies the allegations contained in Paragraph 224 of the Complaint as

3  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

4  information sufficient to form a belief as to the truth thereof.

5       225.  Panasonic denies the allegations contained in Paragraph 225 of the Complaint as

6  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

7  information sufficient to form a belief as to the truth thereof.

8       226.  Panasonic denies the allegations contained in Paragraph 226 of the Complaint as

9  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

10  information sufficient to form a belief as to the truth thereof.

11       227.  Panasonic denies the allegations contained in Paragraph 227 of the Complaint as

12  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

13  information sufficient to form a belief as to the truth thereof.

14       228.  Panasonic denies the allegations contained in Paragraph 228 of the Complaint as

15  they relate to Panasonic, and denies the remaining allegations for lack of knowledge or

16  information sufficient to form a belief as to the truth thereof.

17

18  IX.   "*AMERICAN PIPE*, GOVERNMENT ACTION AND CROSS-JURISDICTIONAL TOLLING"

19       229.  Panasonic incorporates and realleges its responses to Paragraphs 184-203 above, as

20  if fully set forth herein.  The allegations contained in Paragraph 229 of the Complaint constitute

21  legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

22  that a response is required, Panasonic denies the allegations contained in Paragraph 229 of the

23  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

24  or information sufficient to form a belief as to the truth thereof.

25       230.  The allegations contained in Paragraph 230 of the Complaint constitute legal

26  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

27  response is required, Panasonic denies the allegations contained in Paragraph 230 of the

28

27

Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

231.    The allegations contained in Paragraph 231 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 231 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## X.    "CLAIM FOR VIOLATIONS"

### "First Claim for Relief"

### "(Violation of Section 1 of the Sherman Act)"

232.    Panasonic incorporates and realleges its responses to Paragraphs 1-231 above, as if fully set forth herein.

233.    The allegations contained in Paragraph 233 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 233 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

234.    Panasonic denies the allegations contained in Paragraph 234 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

235.    Panasonic denies the allegations contained in Paragraph 235 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

236.    Panasonic denies the allegations contained in Paragraph 236 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

237.    Panasonic denies the allegations contained in Paragraph 237 of the Complaint,

28

1   including its subparts, as they relate to Panasonic, and denies the remaining allegations for lack of

2   knowledge or information sufficient to form a belief as to the truth thereof.

3        238.    Panasonic denies the allegations contained in Paragraph 238 of the Complaint as

4   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

5   information sufficient to form a belief as to the truth thereof.

6                            **"Second Claim for Relief"**

7                     **"(Violation of California Cartwright Act)"**

8        239.    Panasonic incorporates and realleges its responses to Paragraphs 1-238 above, as if

9   fully set forth herein.

10       240.    Panasonic denies the allegations contained in Paragraph 240 of the Complaint as

11  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

12  information sufficient to form a belief as to the truth thereof.

13       241.    Panasonic denies the allegations contained in Paragraph 241 of the Complaint they

14  relate to Panasonic, and denies the remaining allegations for lack of knowledge or information

15  sufficient to form a belief as to the truth thereof.

16       242.    The allegations contained in Paragraph 242 of the Complaint constitute legal

17  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

18  response is required, Panasonic denies the allegations contained in Paragraph 242 of the

19  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

20  or information sufficient to form a belief as to the truth thereof.

21       243.    The allegations contained in Paragraph 243 of the Complaint constitute legal

22  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

23  response is required, Panasonic denies the allegations contained in Paragraph 243 of the

24  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

25  or information sufficient to form a belief as to the truth thereof.

26       244.    Panasonic denies the allegations contained in Paragraph 244 of the Complaint,

27  including its subparts, as they relate to Panasonic and denies the remaining allegations for lack of

28  knowledge or information sufficient to form a belief as to the truth thereof.

29

1    245.    Panasonic denies the allegations contained in Paragraph 245 of the Complaint,

2    including its subparts, as they relate to Panasonic, and denies the remaining allegations for lack of

3    knowledge or information sufficient to form a belief as to the truth thereof.

4    246.    Panasonic denies the allegations contained in Paragraph 246 of the Complaint as

5    they relate to Panasonic and denies the remaining allegations for lack of knowledge or

6    information sufficient to form a belief as to the truth thereof.

7    247.    The allegations contained in Paragraph 247 of the Complaint constitute legal

8    contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

9    response is required, Panasonic denies the allegations contained in Paragraph 247 of the

10   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

11   or information sufficient to form a belief as to the truth thereof.

12                              **"Third Claim for Relief"**

13             **("Violation of California Unfair Competition Law")**

14   248.    Panasonic incorporates and realleges its responses to Paragraphs 1-247 above, as if

15   fully set forth herein.

16   249.    The allegations contained in Paragraph 249 of the Complaint constitute legal

17   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

18   response is required, Panasonic denies the allegations contained in Paragraph 249 of the

19   Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

20   or information sufficient to form a belief as to the truth thereof.

21   250.    The allegations contained in Paragraph 250 of the Complaint constitute legal

22   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

23   response is required, Panasonic denies the allegations contained in Paragraph 250 of the

24   Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

25   or information sufficient to form a belief as to the truth thereof.

26   251.    The allegations contained in Paragraph 251 of the Complaint constitute legal

27   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

28   response is required, Panasonic denies the allegations contained in Paragraph 251 of the

1  Complaint, including its subparts, as they relate to Panasonic, and denies the remaining

2  allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

3  252.   The allegations contained in Paragraph 252 of the Complaint constitute legal

4  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

5  response is required, Panasonic denies the allegations contained in Paragraph 252 of the

6  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

7  or information sufficient to form a belief as to the truth thereof.

8  253.   The allegations contained in Paragraph 253 of the Complaint constitute legal

9  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

10  response is required, Panasonic denies the allegations contained in Paragraph 253 of the

11  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

12  or information sufficient to form a belief as to the truth thereof.

13  254.   The allegations contained in Paragraph 254 of the Complaint constitute legal

14  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

15  response is required, Panasonic denies the allegations contained in Paragraph 254 of the

16  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

17  or information sufficient to form a belief as to the truth thereof.

18  255.   The allegations contained in Paragraph 255 of the Complaint constitute legal

19  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

20  response is required, Panasonic denies the allegations contained in Paragraph 255 of the

21  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

22  or information sufficient to form a belief as to the truth thereof.

23  **"Fourth Claim for Relief"**

24  **("Violation of of the Illinois Antitrust Act, 740 Illinois Code 10/1 *et seq.*")**

25  256.   Panasonic incorporates and realleges its responses to Paragraphs 1-255 above, as if

26  fully set forth herein.

27  257.   The allegations contained in Paragraph 257 of the Complaint constitute legal

28  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

31

1   response is required, Panasonic denies the allegations contained in Paragraph 257 of the
2   Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge
3   or information sufficient to form a belief as to the truth thereof.

4        258.   The allegations contained in Paragraph 258 of the Complaint constitute legal
5   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a
6   response is required, Panasonic denies the allegations contained in Paragraph 258 of the
7   Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge
8   or information sufficient to form a belief as to the truth thereof.

9        259.   The allegations contained in Paragraph 259 of the Complaint constitute legal
10  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a
11  response is required, Panasonic denies the allegations contained in Paragraph 259 of the
12  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge
13  or information sufficient to form a belief as to the truth thereof.

14       260.   Panasonic denies the allegations contained in Paragraph 260 of the Complaint as
15  they relate to Panasonic and denies the remaining allegations for lack of knowledge or
16  information sufficient to form a belief as to the truth thereof.

17       261.   The allegations contained in Paragraph 261 of the Complaint constitute legal
18  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a
19  response is required, Panasonic denies the allegations contained in Paragraph 261 of the
20  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge
21  or information sufficient to form a belief as to the truth thereof.

22  **XI.**   **"PRAYER FOR RELIEF"**

23       Panasonic denies that Plaintiff suffered any injury or incurred any damages by any
24  act or omission of Panasonic as alleged in the Complaint, and further denies that Plaintiff is
25  entitled to any relief under any theory by means of the allegations set forth in each of the
26  paragraphs and their subparts in the Complaint.

27  **XII.**   **"JURY TRIAL DEMAND"**

28

1     The allegations contained under the heading "Jury Trial Demand" contain no

2 factual assertions for which a response is required.  To the extent that a response is required,

3 Panasonic denies the allegations contained under the heading "Jury Trial Demand" in their

4 entirety, except admits that Plaintiff demands a trial by jury.

5                                                    **DEFENSES**

6     FURTHER, Panasonic asserts the following defenses and affirmative defenses to

7 the Complaint.  Panasonic does not concede that it has the burden of proof as to any of the

8 defenses listed below:

9                                              **FIRST DEFENSE**

10                                     (Failure to State a Claim for Relief)

11     Neither Plaintiff's Complaint nor any claim for relief asserted therein states facts

12 sufficient to constitute a claim for relief against Panasonic.

13                                            **SECOND DEFENSE**

14                                          (Statute of Limitations)

15     The relief sought by Plaintiff is barred, in whole or in part, by the applicable

16 statutes of limitations.

17                                             **THIRD DEFENSE**

18                                     (Actual and Proximate Injury)

19     The relief sought by Plaintiff is barred, in whole or in part, because the Plaintiff

20 was not actually and proximately injured in their business or property by reason of any action(s)

21 or omission(s) of Panasonic.

22                                            **FOURTH DEFENSE**

23                                              (No Damages)

24     The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

25 suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent

26 that Plaintiff purportedly suffered injury or damage, which Panasonic specifically denies,

27 Panasonic further contends that any such purported injury or damage was not by reason of any act

28 or omission of Panasonic.

33

1

## FIFTH DEFENSE

2

(No Antitrust Injury)

3      The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

4 failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to

5 remedy.

6

## SIXTH DEFENSE

7

(Speculative Damages)

8      The relief sought by Plaintiff is barred, in whole or in part, because the alleged

9 damages sought are too speculative and uncertain, and because of the impossibility of the

10 ascertainment and allocation of such alleged damages.

11

## SEVENTH DEFENSE

12

(Mitigation)

13      The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

14 failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

15

## EIGHTH DEFENSE

16

(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

17      The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

18 failed to allege fraud or fraudulent concealment with sufficient particularity.

19

## NINTH DEFENSE

20

(Failure to Plead Conspiracy with Particularity)

21      The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

22 failed to allege conspiracy with sufficient particularity.

23

## TENTH DEFENSE

24

(Lack of Standing to Sue for Injuries Alleged)

25      The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff lacks

26 standing to sue for the injuries alleged in the complaint.  To the extent that Plaintiff purchased

27 products containing CRTs, as opposed to CRTs themselves, its alleged injuries are even more

28

speculative, derivative, indirect, and remote.  Plaintiff's damage claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

### ELEVENTH DEFENSE

#### (Due Process)

To the extent Plaintiff's claims would result in Panasonic paying damages to more than one claimant for the same alleged overcharges to customers, they are barred because such multiple liability would violate rights guaranteed to Panasonic by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by applicable state law.

### TWELFTH DEFENSE

#### (Other/Superseding Causation)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's damages, if any, resulted from the acts or omissions of third parties over whom Panasonic had no control or responsibility.  The acts of such third parties constitute intervening or superseding cases of harm, if any, suffered by Plaintiff.

### THIRTEENTH DEFENSE

#### (Waiver and Estoppel)

The relief sought by Plaintiff is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### FOURTEENTH DEFENSE

#### (Laches)

The relief sought by Plaintiff is barred, in whole or in part, by the equitable doctrine of laches.

### FIFTEENTH DEFENSE

#### (Unclean Hands)

1    The relief sought by Plaintiff is barred, in whole or in part, by the equitable

2  doctrine of unclean hands.

3  ### SIXTEENTH DEFENSE

4  (Unjust Enrichment)

5    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff would

6  be unjustly enriched if it were allowed to recover any part of the damages alleged in the

7  Complaint.

8  ### SEVENTEENTH DEFENSE

9  (Adequate Remedy at Law)

10    The equitable relief sought by Plaintiff is barred, in whole or in part, because

11  Plaintiff has available an adequate remedy at law.

12  ### EIGHTEENTH DEFENSE

13  (Comparative Fault)

14    The relief sought by Plaintiff is barred, in whole or in part, because any and all

15  injuries alleged in the Complaint, the fact and extent of which Panasonic specifically denies, were

16  directly and proximately caused or contributed to by the statements, acts, and/or omissions of

17  Plaintiff and/or third parties or entities, other than Panasonic.

18  ### NINETEENTH DEFENSE

19  (Acquiescence)

20    The relief sought by Plaintiff is barred, in whole or in part, by Plaintiff's

21  acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to

22  Panasonic.

23  ### TWENTIETH DEFENSE

24  (No Detrimental Reliance)

25    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff did

26  not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

27  ### TWENTY-FIRST DEFENSE

28  (Set Off)

36

1      Without admitting that Plaintiff is entitled to recover damages in this matter,

2   Panasonic is entitled to set off from any recovery Plaintiff may obtain against Panasonic, any

3   amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims

4   in this matter.

5                          **TWENTY-SECOND DEFENSE**

6                        (Failure to State a Claim for Injunctive Relief)

7      The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

8   failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that

9   have already transpired without the requisite showing of threatened harm or continuing harm.

10                          **TWENTY-THIRD DEFENSE**

11                              (Lack of Jurisdiction)

12      The relief sought by Plaintiff is barred, in whole or in part, because any alleged

13   conduct of Panasonic occurred outside of the jurisdiction of the Court.

14                          **TWENTY-FOURTH DEFENSE**

15                     (Foreign Trade Antitrust Improvements Act)

16      The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

17   failed to make a single specific allegation to support the claim that the alleged conduct had "a

18   direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman

19   Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. §

20   6a.

21                          **TWENTY-FIFTH DEFENSE**

22                               (Foreign Conduct)

23      Plaintiff's claims are barred to the extent that they are based on conduct beyond the

24   territorial reach of the laws or courts of the United States.

25                          **TWENTY-SIXTH DEFENSE**

26                     (Damages Not Passed Through To Plaintiff)

27

28

DEFENDANT PANASONIC CORPORATION'S                                    Case No. 07-5944 SC
ANSWER TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT                     MDL No. 1917

1   The relief sought by Plaintiff is barred, in whole or in part, because any injury or

2   damage alleged in the Complaint was not incurred by or passed on to Plaintiff, or was incurred by

3   or passed on to persons or entities other than Plaintiff.

**TWENTY-SEVENTH DEFENSE**

(Damages Passed On)

6   The relief sought by Plaintiff is barred, in whole or in part, because any injury or

7   damage alleged in the Complaint, which Panasonic specifically denies, was passed on to persons

8   or entities other than the Plaintiff and/or was passed on by Plaintiff to other parties.

**TWENTY-EIGHTH DEFENSE**

(No Unreasonable Restraint Of Trade)

11  The relief sought by Plaintiff is barred, in whole or in part, because the alleged

12  conduct of Panasonic did not unreasonably restrain trade.

**TWENTY-NINTH DEFENSE**

(Acts Outside The Jurisdiction)

15  The relief sought by Plaintiff is barred, in whole or in part, to the extent

16  Panasonic's alleged conduct occurred outside the jurisdiction of this Court and/or was neither

17  directed to nor affected persons, entities, or commerce in the various States cited.

**THIRTIETH DEFENSE**

(Restitution Unmanageable And Inequitable)

20  The relief sought by Plaintiff is barred, in whole or in part, to the extent the

21  restitution sought in the Complaint is unmanageable and inequitable.

**THIRTY-FIRST DEFENSE**

(Lack of Standing as Indirect Purchasers)

24  The relief sought by Plaintiff is barred, in whole or in part, to the extent the various

25  States cited have not repealed the *Illinois Brick* doctrine.

**THIRTY-SECOND DEFENSE**

(Claims Barred)

28

38

1       The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff

2   has failed to exhaust all remedies against Panasonic.

3   ### THIRTY-THIRD DEFENSE

4   (Private Claim Cannot Be Brought In A Representative Capacity)

5       The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff

6   brings any claims in a representative capacity, to the extent a private claim may not be brought in

7   a representative capacity under the laws various states.

8   ### THIRTY-FOURTH DEFENSE

9   (Goods Not Purchased Primarily For Personal, Family, or Household Purposes)

10      The relief sought by Plaintiff is barred, in whole or in part, to the extent that Plaintiff did

11  not purchase goods primarily for personal, family, or household purposes.

12  ### THIRTY-FIFTH DEFENSE

13  (Independent, Legitimate Business and Economic Justification)

14      The relief sought by Plaintiff is barred, in whole or in part, because any conduct

15  engaged in by Panasonic was reasonable and based on independent, legitimate business and

16  economic justification.

17  ### THIRTY-SIXTH DEFENSE

18  (Attorneys' Fees)

19      Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is

20  not allowed under applicable federal or state law.

21  ### THIRTY-SEVENTH DEFENSE

22  (Lack of Sufficient Contacts to States)

23      The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's

24  claims lack sufficient contacts to the states under whose laws they are brought, in violation of

25  rights guaranteed to Panasonic by the United States Constitution, including, without limitation,

26  rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by other

27  applicable state and federal law.

28

**INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES**

Panasonic hereby incorporates by reference, as if set forth fully herein, all other defenses and affirmative defenses to the Complaint alleged by any other defendant.  Panasonic presently has insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, defenses.  Panasonic reserves the right to assert other defenses and affirmative defenses as this action proceeds, the right to file an amended answer asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event that discovery indicates that such pleadings are appropriate.

WHEREFORE, Panasonic prays for judgment as follows:

1.  That Plaintiff take nothing under the Complaint, and the Complaint be dismissed with prejudice;

2.  That judgment be entered in favor of Panasonic and against Plaintiff on each and every cause of action set forth in the Complaint;

3.  That Panasonic recover its costs of suit and attorneys' fees incurred herein; and

4.  That Panasonic be granted such other and further relief as the Court deems just and proper.

Dated: November 4, 2013

By: ___/s/ David L. Yohai_____
DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com
DAVID E. YOLKUT (*pro hac vice*)
E-mail: david.yolkut@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

GREGORY D. HULL (57367)
E-mail: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**

40

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

JEFFREY L. KESSLER (*pro hac vice*)
E-mail: jkessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
E-mail: pvictor@winston.com
ALDO A. BADINI (257086)
E-mail: abadini@winston.com
EVA W. COLE (*pro hac vice*)
E-mail: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
E-mail: mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-4692
Facsimile: (212) 294-4700

***Attorneys for Panasonic Corporation***

41

1   DAVID L. YOHAI (*pro hac vice*)
    ADAM C. HEMLOCK (*pro hac vice*)
2   DAVID E. YOLKUT (*pro hac vice*)
    **WEIL, GOTSHAL & MANGES LLP**
3   767 Fifth Avenue
    New York, New York 10153-0119
4   Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
5   E-mail: david.yohai@weil.com

6   GREGORY D. HULL (57367)
    **WEIL, GOTSHAL & MANGES LLP**
7   201 Redwood Shores Parkway
    Redwood Shores, California 94065-1175
8   Telephone: (650) 802-3000
    Facsimile: (650) 802-3100
9   E-mail: greg.hull@weil.com

10  JEFFREY L. KESSLER (*pro hac vice*)
    A. PAUL VICTOR (*pro hac vice*)
11  ALDO A. BADINI (257086)
    EVA W. COLE (*pro hac vice*)
12  MOLLY M. DONOVAN (*pro hac vice*)
    **WINSTON & STRAWN LLP**
13  200 Park Avenue
    New York, New York 10166-4193
14  Telephone: (212) 294-6700
    Facsimile: (212) 294-4700
15  E-mail: jkessler@winston.com

16
    *Attorneys for Defendants Panasonic Corporation,*
17  *Panasonic Corporation of North America, and*
    *Matsushita Toshiba Picture Display Co., Ltd.*

18

19                **UNITED STATES DISTRICT COURT**

20              **NORTHERN DISTRICT OF CALIFORNIA**

21                  **SAN FRANCISCO DIVISION**

22  **In re: CATHODE RAY TUBE (CRT)**
    **ANTITRUST LITIGATION**                    No.: 07-5944 SC
23                                              MDL NO. 1917
24  _____
    This Document Relates to:                   **CERTIFICATE OF SERVICE**
25
    CIRCUIT CITY ACTION
26  11-cv-05502

27

28

1

**CERTIFICATE OF SERVICE**

2          I declare that I am employed with the law firm of Weil, Gotshal & Manges LLP, whose address is 767 Fifth Avenue, New York, New York 10153. I am not a party to the within

3   cause, and I am over the age of eighteen years. I further declare that on November 4, 2013, I served a copy of:

4

5   **DEFENDANT PANASONIC CORPORATION'S (F/K/A MATUSHITA ELECTRIC INDUSTRIAL CO., LTD.) ANSWER TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT; DEFENDANT MATSUSHITA TOSHIBA PICTURE DISPLAY CO.,**

6   **LTD.'S ANSWER TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT; AND DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER TO**

7   **CIRCUIT CITY'S FIRST AMENDED COMPLAINT**

8          ☒     **BY ELECTRONIC FILING** by serving a true copy on this date of each

9   document listed above via the Court's ECF Document Filing System on all interested parties registered for electronic filing in this action.

10          Executed on November 4, 2013 at New York, New York. I declare under penalty

11   of perjury under the laws of the United States of America that the foregoing is true and correct.

12

13                                          Lara E. Veblen

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Certificate of Service
Individual Case No. 11-cv-05502

Case No. 07-5944 SC
MDL NO. 1917