SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com
              tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC., SAMSUNG
SDI CO., LTD., SAMSUNG SDI (MALAYSIA)
SDN. BHD., SAMSUNG SDI MEXICO S.A. DE
C.V., SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD., and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944-SC |
| | MDL No. 1917 |
| | (Individual Case No. 3:11-cv-06275-SC) |
| This Document Relates to: 3:11-cv-06275-SC | **ANSWER OF DEFENDANTS SAMSUNG SDI AMERICA, INC., SAMSUNG SDI CO., LTD., SAMSUNG SDI (MALAYSIA) SDN. BHD., SAMSUNG SDI MEXICO S.A. DE C.V., SAMSUNG SDI BRASIL LTDA., SHENZHEN SAMSUNG SDI CO., LTD., AND TIANJIN SAMSUNG SDI CO., LTD. TO INTERBOND CORPORATION OF AMERICA'S FIRST AMENDED COMPLAINT** |
| INTERBOND CORPORATION OF AMERICA, | |
|     Plaintiff, | |
|     v. | |
| HITACHI, LTD., et al. | |
|     Defendants. | |

Defendants Samsung SDI America, Inc. ("SDIA"), Samsung SDI Co., Ltd. ("SDI Co."), Samsung SDI (Malaysia) Sdn Bhd. ("SDI Malaysia"), Samsung SDI Mexico S.A. de C.V. ("SDI Mexico"), Samsung SDI Brasil Ltda. ("SDI Brasil"), Shenzhen Samsung SDI Co. Ltd. ("SDI Shenzhen"), and Tianjin Samsung SDI Co., Ltd. ("SDI Tianjin") (collectively "SDI" or the "Samsung SDI Defendants"), by and through their undersigned counsel of record, answer Plaintiff Interbond Corporation of America's ("Plaintiff") First Amended Complaint (the "Complaint") and allege additional or affirmative defenses as follows.  SDI denies each and every allegation in the Complaint's section headings and in all portions of the Complaint not contained in numbered paragraphs.  To the extent that the Complaint's allegations concern persons and/or entities other than SDI, SDI denies that such allegations support any claim for relief against SDI.

SDI responds to the Complaint in accordance with the former Special Master's Report And Recommendations Regarding Defendants' Motions To Dismiss Direct Action Complaints (Dkt. No. 1664); the Court's Order Adopting In Part And Modifying In Part Special Master's Report And Recommendation On Defendants' Motion To Dismiss The Direct Action Complaints (Dkt. No. 1856); and related orders dismissing certain parties.  As a result of those orders, the Court dismissed, *inter alia*: (a) plaintiffs' claims under the Massachusetts Consumer Protection Act, with leave to amend; (b) plaintiffs' claims under the Washington Consumer Protection Act; (c) plaintiffs' claims under California's laws for restitution and unjust enrichment; (d) plaintiffs' claims under the law of New York based on pre-December 3, 1998 purchases; and (e) plaintiffs' claims under claims the Nevada Unfair Trade Practices Act based on pre-October 1, 1999 purchases.

I.       **Introductory Allegations.**

1.       To the extent that the allegations of Paragraph 1 are definitional, SDI avers that no response is required.  To the extent that a response is required and to the extent that the allegations of Paragraph 1 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required as to matters relating to SDI, SDI denies all of the

-1-

allegations of Paragraph 1 and all inferences arising therefrom.  Subject to the foregoing, SDI acknowledges that Plaintiff in the Complaint purports to refer to cathode ray tubes as "CRTs" and purports to refer to the period from at least March 1, 1995 through at least November 25, 2007 as the "Relevant Period," although SDI disputes the propriety of such definitions and any inferences arising therefrom.  SDI specifically denies that the conspiracy, which SDI denies the existence of, extended from March 1, 1995 through November 25, 2007.

2.      To the extent that the allegations of Paragraph 2 are definitional, SDI avers that no response is required.  To the extent that a response is required and to the extent that the allegations of Paragraph 2 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required as to matters relating to SDI, SDI denies all of the allegations of Paragraph 2 and all inferences arising therefrom.  Subject to the foregoing, SDI acknowledges that Plaintiff in the Complaint purports to refer to (i) color picture tubes as "CPTs," (ii) color display tubes as "CDTs," (iii) CPTs of all sizes and the products containing them collectively as "CPT Products," (iv) CDTs of all sizes and the products containing them collectively as "CDT Products," and (v) CDT Products and CPT Products collectively as "CRT Products," although SDI disputes the propriety of such definitions and any inferences arising therefrom.  SDI specifically denies that it manufactured any electronic devices containing CPTs or CDTs.

3.      SDI avers that the allegations of Paragraph 3 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 3 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 3 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

4.      SDI avers that the allegations of Paragraph 4 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless

-2-

denies all of the allegations of Paragraph 4 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 4 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

5.     SDI avers that the allegations of Paragraph 5 and its subparts constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 5 and its subparts to the extent they purport to pertain to SDI.  SDI further denies all factual allegations of this Paragraph to the extent such allegations pertain to SDI.  Further, to the extent that the allegations of Paragraph 5 and its subparts relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

6.     SDI avers that the allegations of Paragraph 6 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 6 to the extent they purport to pertain to SDI. SDI further denies all factual allegations of this Paragraph to the extent such allegations pertain to SDI.  Further, to the extent that the allegations of Paragraph 6 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

7.     SDI avers that the allegations of Paragraph 7 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 7 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 7 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

8.     With the exception of matters specifically admitted herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies them.  SDI admits that the United States Department of Justice ("DOJ") and other foreign competition authorities have announced

investigations relating to the cathode ray tubes industry.  SDI admits on information and belief that C.Y. Lin, the former Chairman and CEO of Defendant Chunghwa Picture Tubes, Ltd., was indicted by a federal grand jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms of which are matters of public record.  SDI further admits on information and belief that five other individuals have been indicted in connection with the DOJ's investigation of the color display tubes industry.

9.      To the extent that the allegations of Paragraph 9 constitute legal contentions and/or conclusions, SDI avers that no response is required.  To the extent a response is required, SDI denies all of the allegations of Paragraph 9 to the extent they purport to pertain to SDI.  To the extent that the allegations of Paragraph 9 relate to other defendants, plaintiff, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

**II.      Allegations Concerning Jurisdiction and Venue.**

10.      SDI admits that Plaintiff purports to invoke the cited statutory provisions, but otherwise denies the allegations of Paragraph 10.

11.      SDI admits that Plaintiff purports to invoke the cited statutory provisions, but otherwise denies the allegations of Paragraph 11.

12.      SDI avers that the allegations of Paragraph 12 regarding subject matter jurisdiction and supplemental jurisdiction constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that allegations of Paragraph 12 relate to SDI, SDI denies all of the allegations of Paragraph 12.  To the extent that the allegations of Paragraph 12 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

13.      SDI avers that the allegations of Paragraph 13 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that allegations of Paragraph 13 relate to SDI, SDI denies all of the allegations of Paragraph 13.  To the extent that the allegations of

-4-

1    Paragraph 13 relate to other defendants, SDI lacks knowledge or information sufficient to

2    form a belief as to the truth of those allegations, and therefore denies them.

3           14.    SDI avers that the allegations of Paragraph 14 constitute legal

4    contentions and/or conclusions to which no response is required.  To the extent that a

5    response is required, and to the extent that allegations of Paragraph 14 relate to SDI, SDI

6    denies all of the allegations of Paragraph 14.  To the extent that the allegations of

7    Paragraph 14 relate to other defendants, SDI lacks knowledge or information sufficient to

8    form a belief as to the truth of those allegations, and therefore denies them.

9           15.    SDI avers that the allegations of Paragraph 15 regarding venue

10   constitute legal contentions and/or conclusions to which no response is required.  To the

11   extent that a response is required, and to the extent that allegations of Paragraph 15 relate

12   to SDI, SDI denies all of the allegations of Paragraph 15, with the exception of matters

13   specifically admitted herein as follows.  SDI admits that SDI Co., SDI Malaysia, SDI

14   Mexico, SDI Brazil, SDI Shenzen, and SDI Tianjin maintain principal places of business

15   in foreign countries.  SDI further admits that SDIA is licensed to and is doing business in

16   California.  To the extent that the allegations of Paragraph 15 relate to other defendants,

17   SDI lacks knowledge or information sufficient to form a belief as to the truth of those

18   allegations, and therefore denies them.

19   **III.    Allegations Concerning the Parties.**

20          16.    SDI lacks knowledge or information sufficient to form a belief as to

21   the truth of the allegations of Paragraph 16, and therefore denies them.

22          17.    To the extent that the allegations of Paragraph 17 relate to other

23   defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

24   to their truth, and therefore denies them.  To the extent the allegations of Paragraph 17

25   relate to SDI, SDI denies all of those allegations.

26          18.    To the extent that the allegations of Paragraph 18 relate to other

27   defendants, plaintiff, or other persons, SDI lacks knowledge or information sufficient to

28   form a belief as to their truth, and therefore denies them.  To the extent the allegations of

1 Paragraph 18 relate to SDI, SDI denies all of those allegations.

2          19.     SDI lacks knowledge or information sufficient to form a belief as to

3 the truth of the allegations of Paragraph 19, and therefore denies them.

4          20.     SDI lacks knowledge or information sufficient to form a belief as to

5 the truth of the allegations of Paragraph 20, and therefore denies them.

6          21.     SDI lacks knowledge or information sufficient to form a belief as to

7 the truth of the allegations of Paragraph 21, and therefore denies them.

8          22.     SDI lacks knowledge or information sufficient to form a belief as to

9 the truth of the allegations of Paragraph 22, and therefore denies them.

10          23.     SDI lacks knowledge or information sufficient to form a belief as to

11 the truth of the allegations of Paragraph 23, and therefore denies them.

12          24.     SDI lacks knowledge or information sufficient to form a belief as to

13 the truth of the allegations of Paragraph 24, and therefore denies them.

14          25.     SDI avers that the allegations of Paragraph 25 are definitional, to

15 which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

16 Hitachi Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., Shenzhen

17 SEG Hitachi Color Display Devices, Ltd., and Hitachi Electronic Devices (USA)

18 collectively in the Complaint as "Hitachi."

19          26.     SDI lacks knowledge or information sufficient to form a belief as to

20 the truth of the allegations of Paragraph 26, and therefore denies them.

21          27.     SDI lacks knowledge or information sufficient to form a belief as to

22 the truth of the allegations of Paragraph 27, and therefore denies them.

23          28.     SDI lacks knowledge or information sufficient to form a belief as to

24 the truth of the allegations of Paragraph 28, and therefore denies them.

25          29.     SDI avers that the allegations of Paragraph 29 are definitional, to

26 which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

27 Irico Group Corporation, Irico Group Electronics Co., Ltd., and Irico Display Devices Co.,

28 Ltd. collectively in the Complaint as "Irico."

30. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and therefore denies them.

31. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and therefore denies them.

32. SDI avers that the allegations of Paragraph 32 are definitional, to which no response is required. Nevertheless, SDI admits that Plaintiff purports to refer to LG Electronics, Inc. and LG Electronics USA, Inc. collectively in the Complaint as "LG Electronics."

33. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and therefore denies them.

34. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and therefore denies them.

35. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and therefore denies them.

36. SDI avers that the allegations of Paragraph 36 are definitional, to which no response is required. Nevertheless, SDI admits that Plaintiff purports to refer to Panasonic Corporation and Panasonic Corporation of North America collectively in the Complaint as "Panasonic."

37. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and therefore denies them.

38. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and therefore denies them.

39. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and therefore denies them.

40. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and therefore denies them.

41. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and therefore denies them.

1          42.      SDI lacks knowledge or information sufficient to form a belief as to

2    the truth of the allegations of Paragraph 42, and therefore denies them.

3          43.      SDI avers that the allegations of Paragraph 43 are definitional, to

4    which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

5    Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation,

6    Philips Electronics Industries (Taiwan), Ltd., and Philips da Amazonia Industria

7    Electronica Ltda. collectively in the Complaint as "Philips."

8          44.      SDI denies all of the allegations of paragraph 44, with the exception

9    of matters specifically admitted herein.  SDI specifically denies that it has offices in

10   Chicago and San Diego.  SDI admits that SDI Co. is a publicly traded South Korean

11   company, but denies that its principal place of business is 575 Shin-dong, Youngtong-gu,

12   Suwon, South Korea.  SDI admits that Samsung Electronics Co., Ltd. ("SEC") holds

13   almost 20% of SDI Co.'s stock, but specifically denies that SEC dominated or controlled

14   SDI Co.  The Samsung SDI Defendants aver that SDI Co. and SEC are independent,

15   separately owned, publicly traded corporations and demand strict proof to the contrary.

16         45.      SDI denies each and every allegation of Paragraph 45.

17         46.      SDI denies all of the allegations of Paragraph 46, with the exception

18   of matters specifically admitted herein as follows.  SDI specifically denies that SDI

19   Mexico is a wholly-owned subsidiary of Samsung SDI and that SDI Mexico manufactured,

20   marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated

21   and controlled Samsung SDI Mexico.   SDI admits that SDI Mexico is a Mexican company

22   with its principal place of business located at Blvd. Los Olivos, No. 21014, Parque

23   Industrial El Florido, Tijuana, B.C. Mexico.

24         47.      SDI denies all of the allegations of Paragraph 47, with the exception

25   of matters specifically admitted herein as follows.  SDI specifically denies that SDI Brazil

26   is a wholly-owned subsidiary of Samsung SDI and that SDI Brazil manufactured,

27   marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated

28   and controlled SDI Brazil.  SDI admits that SDI Brasil is a Brazilian company with its

1  principal place of business located at Av. Eixo Norte Sul, S/N, Distrito Industrial, 69088-

2  480 Manaus, Amazonas, Brazil.

3        48.    SDI denies all of the allegations of Paragraph 48, with the exception

4  of matters specifically admitted herein as follows.  SDI specifically denies that SDI

5  Shenzhen is a wholly-owned subsidiary of Samsung SDI and that SDI Shenzhen

6  manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that

7  SEC dominated and controlled SDI Shenzhen. SDI admits that SDI Shenzhen is a Chinese

8  company with its principal place of business located at Huanggang Bei Lu, Futian Gu,

9  Shenzhen, China.

10        49.    SDI denies all of the allegations of Paragraph 49, with the exception

11  of matters specifically admitted herein as follows.  SDI specifically denies that SDI Tianjin

12  is a wholly-owned subsidiary of Samsung SDI and that SDI Tianjin manufactured,

13  marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated

14  and controlled Samsung SDI Tianjin.  SDI admits that SDI Tianjin is a Chinese company

15  with its principal place of business located at Developing Zone of Yi-Xian Park, Wuqing

16  County, Tianjin, China.

17        50.    SDI denies all of the allegations of Paragraph 50, with the exception

18  of matters specifically admitted herein as follows.  SDI specifically denies that SDI

19  Malaysia is a wholly-owned subsidiary of Samsung SDI and that SDI Malaysia

20  manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that

21  SEC dominated and controlled SDI Malaysia.  SDI admits that SDI Malaysia is a

22  Malaysian company with its principal place of business at Lots 635 & 660, Kawasan

23  Perindustrian, Tuanku Jafaar, 71450 Sungai Gadut, Negeri Sembilan Darul Khusus,

24  Malaysia.

25        51.    SDI avers that the allegations of Paragraph 51 are definitional, to

26  which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

27  SDI Co., SDIA, SDI Mexico, SDI Brasil, SDI Shenzhen, SDI Tianjin, and SDI Malaysia

28  collectively in the Complaint as "Samsung," although SDI disputes the propriety of such

1    reference and any inferences that may be drawn therefrom.

2           52.    SDI lacks knowledge or information sufficient to form a belief as to

3    the truth of the allegations of Paragraph 52, and therefore denies them.

4           53.    SDI lacks knowledge or information sufficient to form a belief as to

5    the truth of the allegations of Paragraph 53, and therefore denies them.

6           54.    SDI lacks knowledge or information sufficient to form a belief as to

7    the truth of the allegations of Paragraph 54, and therefore denies them.

8           55.    SDI lacks knowledge or information sufficient to form a belief as to

9    the truth of the allegations of Paragraph 55, and therefore denies them.

10          56.    SDI lacks knowledge or information sufficient to form a belief as to

11   the truth of the allegations of Paragraph 56, and therefore denies them.

12          57.    SDI lacks knowledge or information sufficient to form a belief as to

13   the truth of the allegations of Paragraph 57, and therefore denies them.

14          58.    SDI lacks knowledge or information sufficient to form a belief as to

15   the truth of the allegations of Paragraph 58, and therefore denies them.

16          59.    SDI avers that the allegations of Paragraph 59 are definitional, to

17   which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to

18   Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC,

19   Toshiba America Electronic Components, Inc., and Toshiba America Information

20   Systems, Inc. collectively in the Complaint as "Toshiba."

21          60.    SDI lacks knowledge or information sufficient to form a belief as to

22   the truth of the allegations of Paragraph 60, and therefore denies them.

23          61.    SDI lacks knowledge or information sufficient to form a belief as to

24   the truth of the allegations of Paragraph 61, and therefore denies them.

25          62.    SDI avers that, to the extent the allegations of Paragraph 62 are

26   definitional, no response is required.  To the extent a response is required, SDI lacks

27   knowledge or information sufficient to form a belief as to the truth of the allegations of

28   Paragraph 62, and therefore denies them, with the exception of matters specifically

-10-

1  admitted herein as follows.  SDI admits that Plaintiff purports to refer to Chunghwa

2  Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. collectively in the

3  Complaint as "Chunghwa."

4  **IV.     Allegations Concerning Supposed Agents and Co-Conspirators.**

5           63.     To the extent that the allegations of Paragraph 63 relate to other

6  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

7  and therefore denies them.  To the extent that the allegations of Paragraph 63 relate to SDI,

8  SDI denies all of those allegations.

9           64.     To the extent that the allegations of Paragraph 64 relate to other

10 defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

11 and therefore denies them.  To the extent that the allegations of Paragraph 64 relate to SDI,

12 SDI denies all of those allegations.

13          65.     To the extent that the allegations of Paragraph 65 relate to other

14 defendants or other persons, SDI lacks knowledge or information sufficient to form a

15 belief as to their truth, and therefore denies them.  To the extent that the allegations of

16 Paragraph 65 relate to SDI, SDI denies all of those allegations.

17          66.     SDI lacks knowledge or information sufficient to form a belief as to

18 the truth of the allegations of Paragraph 66, and therefore denies them.

19          67.     SDI avers that the allegations of Paragraph 67 are definitional, to

20 which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

21 Daewoo Electronics Co., Ltd., Orion Electronic Co., and Daewoo-Orion Societe Anonyme

22 collectively in the Complaint as "Daewoo."

23          68.     SDI lacks knowledge or information sufficient to form a belief as to

24 the truth of the allegations of Paragraph 68, and therefore denies them.

25          69.     SDI lacks knowledge or information sufficient to form a belief as to

26 the truth of the allegations of Paragraph 69, and therefore denies them.

27          70.     SDI lacks knowledge or information sufficient to form a belief as to

28 the truth of the allegations of Paragraph 70, and therefore denies them.

71.     To the extent that the allegations of Paragraph 71 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 71 relate to SDI, SDI denies all of those allegations.

**V.     Allegations Concerning Trade and Commerce.**

72.     SDI avers that the allegations of Paragraph 72 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 72 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 72 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

73.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73, and therefore denies them.

74.     SDI avers that the allegations of Paragraph 74 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 74 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 74 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

**VI.     Factual Allegations.**

75.     To the extent that the allegations of Paragraph 75 are definitional, SDI avers that no response is required.  To the extent a response is required, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75, and therefore denies them.

76.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76, and therefore denies them.

77.     To the extent that the allegations of Paragraph 77 are definitional, SDI avers that no response is required.  To the extent a response is required, SDI lacks

1  knowledge or information sufficient to form a belief as to the truth of the allegations of

2  Paragraph 77, and therefore denies them.

3        78.    SDI lacks knowledge or information sufficient to form a belief as to

4  the truth of the allegations of Paragraph 78, and therefore denies them.

5        79.    To the extent that the allegations of Paragraph 79 are definitional, SDI

6  avers that no response is required.  To the extent a response is required, SDI lacks

7  knowledge or information sufficient to form a belief as to the truth of the allegations of

8  Paragraph 79, and therefore denies them, with the exception of matters specifically

9  admitted herein as follows.  SDI admits that CRTs can be subdivided into CDTs and CPTs.

10  SDI further admits that CPTs are used primarily in televisions and related devices and that

11  CDTs are primarily used in computer monitors and similar devices.

12        80.    SDI lacks knowledge or information sufficient to form a belief as to

13  the truth of the allegations of Paragraph 80, and therefore denies them.

14        81.    SDI lacks knowledge or information sufficient to form a belief as to

15  the truth of the allegations of Paragraph 81, and therefore denies them.

16        82.    SDI avers that the allegations of Paragraph 82 constitute legal

17  contentions and/or conclusions to which no response is required, but SDI nonetheless

18  denies all of the allegations of Paragraph 82.

19        83.    SDI denies the allegations in the second and third sentences of

20  Paragraph 83.  SDI lacks knowledge or information sufficient to form a belief as to the

21  truth of the remaining allegations of Paragraph 83.

22        84.    SDI denies each and every allegation of Paragraph 84.

23        85.    SDI lacks knowledge or information sufficient to form a belief as to

24  the truth of the allegations of Paragraph 85, and therefore denies them.

25        86.    To the extent that the allegations of Paragraph 86 relate to other

26  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

27  and therefore denies them.  To the extent that the allegations of Paragraph 86 relate to SDI,

28  SDI denies all of those allegations.

1    87.    To the extent that the allegations of Paragraph 87 relate to other

2    defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

3    and therefore denies them.  To the extent that the allegations of Paragraph 87 relate to SDI,

4    SDI denies all of those allegations.

5    88.    To the extent that the allegations of Paragraph 88 relate to other

6    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

7    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 88

8    relate to SDI, SDI denies all of those allegations, with the exception of matters specifically

9    admitted herein as follows.  SDI admits that, during at least portions of the alleged period,

10   SDI Co. was a member of EDIRAK (the Electronic Display Industrial Research

11   Association of Korea) and KODEMIA (the Korean Display Equipment Material Industry

12   Association).  SDI specifically denies that such trade associations furthered or in any way

13   connected with the "conspiracy" alleged in Paragraph 88 of Complaint.

14   89.    SDI lacks knowledge or information sufficient to form a belief as to

15   the truth of the allegations of Paragraph 89, and therefore denies them.

16   90.    To the extent that the allegations of Paragraph 90 relate to other

17   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

18   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 90

19   relate to SDI, SDI denies all of those allegations.

20   91.    To the extent that the allegations of Paragraph 91 and its subparts

21   relate to other defendants or entities, SDI lacks knowledge or information sufficient to

22   form a belief as to their truth, and therefore denies them.  To the extent that the allegations

23   of Paragraph 91 and its subparts relate to SDI, SDI denies all of those allegations.

24   92.    To the extent that the allegations of Paragraph 92 relate to other

25   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

26   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 92

27   relate to SDI, SDI denies all of those allegations.

28   93.    To the extent that the allegations of Paragraph 93 relate to other

1  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

2  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 93

3  relate to SDI, SDI denies all of those allegations.

4        94.    SDI lacks knowledge or information sufficient to form a belief as to

5  the truth of the allegations of Paragraph 94, and therefore denies them.

6        95.    SDI lacks knowledge or information sufficient to form a belief as to

7  the truth of the allegations of Paragraph 95, and therefore denies them.

8        96.    To the extent that the allegations of Paragraph 96 relate to other

9  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

10  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 96

11  relate to SDI, SDI denies all of those allegations.

12        97.    To the extent that the allegations of Paragraph 97 relate to other

13  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

14  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 97

15  relate to SDI, SDI denies all of those allegations.

16        98.    SDI lacks knowledge or information sufficient to form a belief as to

17  the truth of the allegations of Paragraph 98, and therefore denies them.

18        99.    SDI lacks knowledge or information sufficient to form a belief as to

19  the truth of the allegations of Paragraph 99, and therefore denies them.

20        100.   SDI lacks knowledge or information sufficient to form a belief as to

21  the truth of the allegations of Paragraph 100, and therefore denies them.

22        101.   SDI lacks knowledge or information sufficient to form a belief as to

23  the truth of the allegations of Paragraph 101, and therefore denies them.

24        102.   To the extent that the allegations of Paragraph 102 relate to other

25  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

26  and therefore denies them.  To the extent that the allegations of Paragraph 102 relate to

27  SDI, SDI denies all of those allegations.

28        103.   To the extent that the allegations of Paragraph 103 relate to other

-15-

1   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

2   and therefore denies them.  To the extent that the allegations of Paragraph 103 relate to

3   SDI, SDI denies all of those allegations.

4           104.    To the extent that the allegations of Paragraph 104 relate to other

5   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

6   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 104

7   relate to SDI, SDI denies all of those allegations.

8           105.    To the extent that the allegations of Paragraph 105 relate to other

9   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

10  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 105

11  relate to SDI, SDI denies all of those allegations.

12          106.    To the extent that the allegations of Paragraph 106 relate to other

13  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

14  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 106

15  relate to SDI, SDI denies all of those allegations.

16          107.    To the extent that the allegations of Paragraph 107 relate to other

17  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

18  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 107

19  relate to SDI, SDI denies all of those allegations.

20          108.    SDI denies each and every allegation of Paragraph 108.

21          109.    To the extent that the allegations of Paragraph 109 relate to other

22  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

23  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 109

24  relate to SDI, SDI denies all of those allegations.

25          110.    To the extent that the allegations of Paragraph 110 relate to other

26  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

27  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 110

28  relate to SDI, SDI denies all of those allegations.

111.    To the extent that the allegations of Paragraph 111 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 111 relate to SDI, SDI denies all of those allegations.

112.    To the extent that the allegations of Paragraph 112 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 112 relate to SDI, SDI denies all of those allegations.

113.    To the extent that the allegations of Paragraph 113 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 113 relate to SDI, SDI denies all of those allegations.

114.    To the extent that the allegations of Paragraph 114 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 114 relate to SDI, SDI denies all of those allegations.

115.    To the extent that the allegations of Paragraph 115 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 115 relate to SDI, SDI denies all of those allegations.

116.    To the extent that the allegations of Paragraph 116 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 116 relate to SDI, SDI denies all of those allegations.

117.    To the extent that the allegations of Paragraph 117 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 117 relate to SDI, SDI denies all of those allegations.

1            118.    To the extent that the allegations of Paragraph 118 relate to other

2    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

3    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 118

4    relate to SDI, SDI denies all of those allegations.

5            119.    To the extent that the allegations of Paragraph 119 relate to other

6    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

7    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 119

8    relate to SDI, SDI denies all of those allegations.

9            120.    To the extent that the allegations of Paragraph 120 relate to other

10   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

11   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 120

12   relate to SDI, SDI denies all of those allegations.

13           121.    To the extent that the allegations of Paragraph 121 and its subparts

14   relate to other defendants or entities, SDI lacks knowledge or information sufficient to

15   form a belief as to their truth, and therefore denies them.  To the extent that the allegations

16   of Paragraph 121 and its subparts relate to SDI, SDI denies all of those allegations.

17           122.    To the extent that the allegations of Paragraph 122 and its subparts

18   relate to other defendants or entities, SDI lacks knowledge or information sufficient to

19   form a belief as to their truth, and therefore denies them.  To the extent that the allegations

20   of Paragraph 122 and its subparts relate to SDI, SDI denies all of those allegations.

21           123.    To the extent that the allegations of Paragraph 123 relate to other

22   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

23   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 123

24   relate to SDI, SDI denies all of those allegations.

25           124.    To the extent that the allegations of Paragraph 124 relate to other

26   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

27   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 124

28   relate to SDI, SDI denies all of those allegations.

1       125.    To the extent that the allegations of Paragraph 125 relate to other

2 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

3 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 125

4 relate to SDI, SDI denies all of those allegations.

5       126.    To the extent that the allegations of Paragraph 126 relate to other

6 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

7 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 126

8 relate to SDI, SDI denies all of those allegations.

9       127.    To the extent that the allegations of Paragraph 127 relate to other

10 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

11 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 127

12 relate to SDI, SDI denies all of those allegations.

13       128.    To the extent that the allegations of Paragraph 128 relate to other

14 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

15 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 128

16 relate to SDI, SDI denies all of those allegations.

17       129.    To the extent that the allegations of Paragraph 129 relate to other

18 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

19 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 129

20 relate to SDI, SDI denies all of those allegations.

21       130.    To the extent that the allegations of Paragraph 130 relate to other

22 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

23 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 130

24 relate to SDI, SDI denies all of those allegations.

25       131.    To the extent that the allegations of Paragraph 131 relate to other

26 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

27 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 131

28 relate to SDI, SDI denies all of those allegations.

1       132.    To the extent that the allegations of Paragraph 132 relate to other

2   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

3   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 132

4   relate to SDI, SDI denies all of those allegations.

5       133.    To the extent that the allegations of Paragraph 133 relate to other

6   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

7   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 133

8   relate to SDI, SDI denies all of those allegations.

9       134.    To the extent that the allegations of Paragraph 134 relate to other

10  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

11  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 134

12  relate to SDI, SDI denies all of those allegations.

13      135.    To the extent that the allegations of Paragraph 135 relate to other

14  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

15  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 135

16  relate to SDI, SDI denies all of those allegations.

17      136.    To the extent that the allegations of Paragraph 136 relate to other

18  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

19  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 136

20  relate to SDI, SDI denies all of those allegations.

21      137.    To the extent that the allegations of Paragraph 137 relate to other

22  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

23  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 137

24  relate to SDI, SDI denies all of those allegations.

25      138.    To the extent that the allegations of Paragraph 138 relate to other

26  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

27  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 138

28  relate to SDI, SDI denies all of those allegations.

1        139.    To the extent that the allegations of Paragraph 139 relate to other

2   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

3   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 139

4   relate to SDI, SDI denies all of those allegations.

5        140.    To the extent that the allegations of Paragraph 140 relate to other

6   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

7   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 140

8   relate to SDI, SDI denies all of those allegations.

9        141.    To the extent that the allegations of Paragraph 141 relate to other

10  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

11  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 141

12  relate to SDI, SDI denies all of those allegations.

13       142.    To the extent that the allegations of Paragraph 142 relate to other

14  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

15  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 142

16  relate to SDI, SDI denies all of those allegations.

17       143.    To the extent that the allegations of Paragraph 143 relate to other

18  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

19  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 143

20  relate to SDI, SDI denies all of those allegations.

21       144.    To the extent that the allegations of Paragraph 144 relate to other

22  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

23  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 144

24  relate to SDI, SDI denies all of those allegations.

25       145.    To the extent that the allegations of Paragraph 145 relate to other

26  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

27  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 145

28  relate to SDI, SDI denies all of those allegations.

SAMSUNG SDI DEFENDANTS' ANSWER TO
INTERBOND'S FIRST AMENDED COMPLAINT

146.    To the extent that the allegations of Paragraph 146 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 146 relate to SDI, SDI denies all of those allegations.

147.    To the extent that the allegations of Paragraph 147 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 147 relate to SDI, SDI denies all of those allegations.

148.    To the extent that the allegations of Paragraph 148 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 148 relate to SDI, SDI denies all of those allegations.

149.    To the extent that the allegations of Paragraph 149 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 149 relate to SDI, SDI denies all of those allegations.

150.    SDI denies each and every allegation of Paragraph 150.

151.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151, and therefore denies them, with the exception of matters specifically admitted herein as follows.  SDI admits that cathode ray tubes can be used in certain television and computer monitor products.

152.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152, and therefore denies them.

153.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153, and therefore denies them.

154.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154, and therefore denies them.

155.    SDI lacks knowledge or information sufficient to form a belief as to

1  the truth of the allegations of Paragraph 155, and therefore denies them.

2        156.   SDI lacks knowledge or information sufficient to form a belief as to

3  the truth of the allegations of Paragraph 156, and therefore denies them.

4        157.   To the extent that the allegations of Paragraph 157 relate to other

5  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

6  and therefore denies them.  To the extent that the allegations of Paragraph 157 relate to

7  SDI, SDI denies all of those allegations.

8        158.   To the extent that the allegations of Paragraph 158 relate to other

9  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

10  and therefore denies them.  To the extent that the allegations of Paragraph 158 relate to

11  SDI, SDI denies all of those allegations.

12        159.   To the extent that the allegations of Paragraph 159 relate to other

13  defendants or other persons, SDI lacks knowledge or information sufficient to form a

14  belief as to their truth, and therefore denies them.  To the extent that the allegations of

15  Paragraph 159 relate to SDI, SDI denies all of those allegations.

16        160.   SDI lacks knowledge or information sufficient to form a belief as to

17  the truth of the allegations of Paragraph 160, and therefore denies them.

18        161.   SDI lacks knowledge or information sufficient to form a belief as to

19  the truth of the allegations of Paragraph 161, and therefore denies them.

20        162.   SDI denies each and every allegation of Paragraph 162.

21        163.   With the exception of matters specifically admitted herein as follows,

22  SDI lacks knowledge or information sufficient to form a belief as to the truth of the

23  allegations in Paragraph 163, and therefore denies them.  SDI admits that antitrust

24  authorities in Europe, Japan, and South Korea have announced investigations relating to

25  the cathode ray tubes industry.

26        164.   SDI lacks knowledge or information sufficient to form a belief as to

27  the truth of the allegations of Paragraph 164, and therefore denies them.  With respect to

28  the report purportedly quoted from in Paragraph 164, SDI refers Plaintiffs to the referenced

1   report for a description of its content.

2            165.    To the extent that the allegations of Paragraph 165 relate to other

3   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

4   and therefore denies them.  To the extent that the allegations of Paragraph 165 relate to

5   SDI, SDI denies all of those allegations, with the exception of matters specifically

6   admitted herein as follows.  SDI admits that, in or about May, 2008, the Hungarian

7   Competition Authority ("HCA") announced its own investigation of the cathode ray tubes

8   industry.  With respect to the HCA announcement purportedly quoted from in Paragraph

9   165, SDI refers Plaintiffs to the referenced document for a description of its content.

10            166.    With the exception of matters specifically admitted on information

11   and belief herein as follows, SDI lacks knowledge or information sufficient to form a

12   belief as to the truth of the allegations in Paragraph 166, and therefore denies them.  SDI

13   admits on information and belief that C.Y. Lin, the former Chairman and CEO of

14   Defendant Chunghwa Picture Tubes, Ltd., was indicted by a federal grand jury in

15   connection with the DOJ's investigation of the cathode ray tubes industry, the terms of

16   which are matters of public record.  With respect to the press release purportedly quoted

17   from in Paragraph 166, SDI refers Plaintiffs to the referenced document for a description

18   of its content.

19            167.    With the exception of matters specifically admitted on information

20   and belief herein as follows, SDI lacks knowledge or information sufficient to form a

21   belief as to the truth of the allegations in Paragraph 167, and therefore denies them.  SDI

22   admits on information and belief that Wu Jen Cheng, formerly of Chunghwa Picture

23   Tubes, Ltd., was indicted by a federal grand jury in connection with the DOJ's

24   investigation of the cathode ray tubes industry, the terms of which are matters of public

25   record.  With respect to the press release purportedly characterized in Paragraph 167, SDI

26   refers Plaintiffs to the referenced document for a description of its content.

27            168.    With the exception of matters specifically admitted on information

28   and belief herein as follows, SDI lacks knowledge or information sufficient to form a

1  belief as to the truth of the allegations in Paragraph 168, and therefore denies them.  SDI

2  admits on information and belief that Chung Cheng Yeh was indicted by a federal grand

3  jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms

4  of which are matters of public record.  With respect to the press release purportedly quoted

5  from in Paragraph 168, SDI refers Plaintiffs to the referenced document for a description

6  of its content.

7          169.    With the exception of matters specifically admitted on information

8  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

9  belief as to the truth of the allegations in Paragraph 169, and therefore denies them.  SDI

10  admits on information and belief that Seung-Kyu Lee, Yeong-Ug Yang and Jae-Sik Kim

11  were indicted by a federal grand jury in connection with the DOJ's investigation of the

12  cathode ray tubes industry, the terms of which are matters of public record.  With respect

13  to the press release purportedly quoted from in Paragraph 169, SDI refers Plaintiffs to the

14  referenced document for a description of its content.

15          170.    With the exception of matters specifically admitted on information

16  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

17  belief as to the truth of the allegations in Paragraph 170, and therefore denies them.  SDI

18  admits that DOJ issued a press release on or about March 18, 2011 announcing SDI Co.'s

19  agreement to plead guilty.  SDI refers Plaintiffs to the referenced press release for a

20  description of its content.

21          171.    SDI denies the allegations in Paragraph 171, with the exception of

22  matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an

23  amended plea agreement with the United States related to an investigation of the cathode

24  ray tubes industry, the terms of which are matters of public record.

25          172.    SDI denies the allegations in Paragraph 172, with the exception of

26  matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an

27  amended plea agreement with the United States related to an investigation of the cathode

28  ray tubes industry, the terms of which are matters of public record.

173.    With the exception of matters specifically admitted herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 173, and therefore denies them.  SDI admits that the European Commission has announced fines relating to its investigation into the Cathode Ray Tubes industry, and details regarding that announcement are matters of public record.  SDI admits that the European Commission fined SDI Co. in connection with its investigation. With respect to the document purportedly described in Paragraph 173, SDI refers Plaintiff to the referenced document for a description of its specific contents.

174.    To the extent that the allegations of Paragraph 174 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 174 relate to SDI, SDI denies all of those allegations.

175.    To the extent that the allegations of Paragraph 175 relate to SDI, SDI denies all of those allegations.  To the extent that the allegations of Paragraph 175 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them, with the exception of matters specifically admitted herein as follows.  SDI admits on information and belief that SEC entered into a plea agreement with the United States related to an investigation of dynamic random access memory, the terms of which are matters of public record.

176.    To the extent that the allegations of Paragraph 176 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 176 relate to SDI, SDI denies all of those allegations.

177.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177, and therefore denies them.

178.    To the extent that the allegations of Paragraph 178 relate to SDI, SDI denies all of those allegations.  To the extent that the allegations of Paragraph 178 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief

-26-

1   as to their truth, and therefore denies them.

2              179.   With the exception of matters specifically admitted on information

3   and belief herein as follows, SDI lacks knowledge or information sufficient to form a

4   belief as to the truth of the allegations in Paragraph 179, and therefore denies them.  SDI

5   admits on information and belief that LG Display Co., Ltd., Sharp Corporation, and

6   Chunghwa Picture Tubes, Ltd. entered into plea agreements with the DOJ related to an

7   investigation of the TFT-LCD industry, the terms of which are matters of public record.

8              180.   With the exception of matters specifically admitted on information

9   and belief herein as follows, SDI lacks knowledge or information sufficient to form a

10  belief as to the truth of the allegations in Paragraph 180, and therefore denies them.  SDI

11  admits on information and belief that Hitachi, Ltd. entered into a plea agreement with the

12  DOJ related to an investigation of the TFT-LCD industry, the terms of which are matters

13  of public record.

14             181.   With the exception of matters specifically admitted on information

15  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

16  belief as to the truth of the allegations in Paragraph 181, and therefore denies them.  SDI

17  admits on information and belief that LG Display Co., Ltd., Sharp Corporation, Chunghwa

18  Picture Tubes, Ltd. and Hitachi, Ltd. entered into a plea agreements with the DOJ related

19  to an investigation of the TFT-LCD industry, the terms of which are matters of public

20  record.

21             182.   To the extent that the allegations of Paragraph 182 relate to other

22  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

23  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 182

24  relate to SDI, SDI denies all of those allegations, with the exception of matters specifically

25  admitted herein as follows.  SDI admits that, during at least portions of the alleged period,

26  SDI Co. attended the Korea Display Conference.

27             183.   To the extent that the allegations of Paragraph 183 relate to other

28  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

-27-

their truth, and therefore denies them.  To the extent that the allegations of Paragraph 183 relate to SDI, SDI denies all of those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that, during at least portions of the alleged period, SDI Co. attended the Korea Display Conference.  SDI further admits that, during at least portions of the alleged period, SDI Co. was a member of KODEMIA and EDIRAK.    SDI specifically denies that such trade associations furthered or in any way connected with the "collusive activities" alleged in Paragraph 183 of Complaint.

184.    To the extent that the allegations of Paragraph 184 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 184 relate to SDI, SDI denies all of those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that, during at least portions of the alleged period, H.K. Chung, Woo Jong Lee, Bae Choel-Han, Jung Ho-Gyun and H.C. Kim attended the Korea Display Conference.

185.    To the extent that the allegations of Paragraph 185 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 185 relate to SDI, SDI denies all of those allegations.

186.    To the extent that the allegations of Paragraph 186 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 186 relate to SDI, SDI denies all of those allegations.

187.    To the extent that the allegations of Paragraph 187 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 187 relate to SDI, SDI denies all of those allegations.

188.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 188, and therefore denies them.

1          189.    SDI lacks knowledge or information sufficient to form a belief as to

2    the truth of the allegations of Paragraph 189, and therefore denies them.

3          190.    SDI lacks knowledge or information sufficient to form a belief as to

4    the truth of the allegations of Paragraph 190, and therefore denies them.

5          191.    SDI denies all the allegations of Paragraph 191, with the exception of

6    matters specifically admitted herein as follows.  SDI admits that, in late 2005, SDI closed

7    its cathode ray tube factory in Germany.

8          192.    SDI lacks knowledge or information sufficient to form a belief as to

9    the truth of the allegations of Paragraph 192, and therefore denies them.

10         193.    To the extent that the allegations of Paragraph 193 relate to other

11   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

12   and therefore denies them.  To the extent that the allegations of Paragraph 193 relate to

13   SDI, SDI denies all of those allegations.

14         194.    SDI lacks knowledge or information sufficient to form a belief as to

15   the truth of the allegations of Paragraph 194, and therefore denies them.

16         195.    SDI lacks knowledge or information sufficient to form a belief as to

17   the truth of the allegations of Paragraph 195, and therefore denies them.

18         196.    SDI denies the allegations in the last sentence of Paragraph 196.  SDI

19   lacks knowledge or information sufficient to form a belief as to the truth of the remaining

20   allegations of Paragraph 196, and therefore denies them.

21         197.    SDI lacks knowledge or information sufficient to form a belief as to

22   the truth of the allegations of Paragraph 197, and therefore denies them.

23         198.    SDI denies the allegations in the last sentence of Paragraph 198.  SDI

24   lacks knowledge or information sufficient to form a belief as to the truth of the remaining

25   allegations of Paragraph 198, and therefore denies them.

26         199.    SDI lacks knowledge or information sufficient to form a belief as to

27   the truth of the allegations of Paragraph 199, and therefore denies them.

28         200.    SDI lacks knowledge or information sufficient to form a belief as to

SAMSUNG SDI DEFENDANTS' ANSWER TO
                                                                   INTERBOND'S FIRST AMENDED COMPLAINT

1   the truth of the allegations of Paragraph 200, and therefore denies them.

2          201.   SDI denies each and every allegation of Paragraph 201.

3          202.   To the extent that the allegations of Paragraph 202 and its subparts

4   relate to other defendants, SDI lacks knowledge or information sufficient to form a belief

5   as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph

6   202 and its subparts relate to SDI, SDI denies all of those allegations.

7   **VII.    Allegations Concerning Plaintiff's Supposed Injuries.**

8          203.   To the extent the allegations of Paragraph 203 constitute legal

9   conclusions and/or contentions, SDI avers that no response is required.  To the extent that

10  a response is required, SDI denies all of the allegations of Paragraph 203.

11         204.   To the extent that the allegations of Paragraph 204 relate to other

12  defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to

13  form a belief as to their truth, and therefore denies them.  To the extent that the allegations

14  of Paragraph 204 relate to SDI, SDI denies all of those allegations.

15         205.   To the extent that the allegations of Paragraph 205 relate to other

16  defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to

17  form a belief as to their truth, and therefore denies them.  To the extent that the allegations

18  of Paragraph 205 relate to SDI, SDI denies all of those allegations.

19         206.   SDI lacks knowledge or information sufficient to form a belief as to

20  the truth of the allegations of Paragraph 206, and therefore denies them.

21         207.   To the extent that the allegations of Paragraph 207 relate to other

22  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

23  and therefore denies them.  To the extent that the allegations of Paragraph 207 relate to

24  SDI, SDI denies all of those allegations.

25         208.   To the extent that the allegations of Paragraph 208 relate to other

26  defendants or other persons, SDI lacks knowledge or information sufficient to form a

27  belief as to their truth, and therefore denies them.  To the extent that the allegations of

28  Paragraph 208 relate to SDI, SDI denies all of those allegations.

1        209.    SDI denies each and every allegation of Paragraph 209.

2    **VIII.    Allegations Concerning Supposed Fraudulent Concealment.**

3        210.    SDI denies each and every allegation of Paragraph 210.

4        211.    SDI denies each and every allegation of Paragraph 211.

5        212.    To the extent that the allegations of Paragraph 212 relate to other

6    defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

7    and therefore denies them.  To the extent that the allegations of Paragraph 212 relate to

8    SDI, SDI denies all of those allegations.

9        213.    SDI denies each and every allegation of Paragraph 213.

10       214.    SDI denies each and every allegation of Paragraph 214.

11       215.    To the extent that the allegations of Paragraph 215 relate to other

12   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

13   and therefore denies them.  To the extent that the allegations of Paragraph 215 relate to

14   SDI, SDI denies all of those allegations.

15       216.    To the extent that the allegations of Paragraph 216 relate to other

16   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

17   and therefore denies them.  To the extent that the allegations of Paragraph 216 relate to

18   SDI, SDI denies all of those allegations.

19       217.    SDI denies the allegations in the last sentence of Paragraph 217.  SDI

20   lacks knowledge or information sufficient to form a belief as to the truth of the remaining

21   allegations of Paragraph 217, and therefore denies them.

22       218.    SDI denies the allegations in the last sentence of Paragraph 218.  SDI

23   lacks knowledge or information sufficient to form a belief as to the truth of the remaining

24   allegations of Paragraph 218, and therefore denies them.

25       219.    To the extent that the allegations of Paragraph 219 relate to other

26   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

27   and therefore denies them.  To the extent that the allegations of Paragraph 219 relate to

28   SDI, SDI denies all of those allegations.

220.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 220, and therefore denies them.

221.    To the extent that the allegations of Paragraph 221 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 221 relate to SDI, SDI denies all of those allegations.

222.    SDI denies each and every allegation of Paragraph 222.

**IX.    Allegations Concerning Purported American Pipe, Government Action, and Cross-Jurisdictional Tolling**

223.    SDI repeats and incorporates by reference its responses to Paragraphs 166 to 172 of the Complaint with the same force and effect as if set forth herein at length. SDI avers that the allegations of Paragraph 223 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, SDI denies the allegations of the second sentence of Paragraph 223.  To the extent a response is required, and to the extent the first sentence of Paragraph 223 relates to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent a response is required, and to the extent the first sentence of Paragraph 223 relates to SDI, SDI denies those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an amended plea agreement with the United States related to an investigation of the cathode ray tubes industry, the terms of which are a matter of public record.

224.    SDI avers that the allegations of Paragraph 224 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 224, and therefore denies them.

225.    SDI avers that the allegations of Paragraph 225 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, SDI denies all of the allegations of Paragraph 225.

1    **X.      Allegations Concerning Claim for Violations**

2                            <u>**First Claim for Relief**</u>

3              <u>**(Alleged Violation of Section 1 of the Sherman Act)**</u>

4                  226.    SDI repeats and incorporates by reference its responses to Paragraphs

5    1 through 225 of the Complaint with the same force and effect as if set forth herein at

6    length.

7                  227.    SDI avers that the allegations of Paragraph 227 constitute legal

8    contentions and/or conclusions to which no response is required, but SDI nonetheless

9    denies all of those allegations.

10                 228.    SDI denies each and every allegation of Paragraph 228.

11                 229.    SDI denies each and every allegation of Paragraph 229.

12                 230.    SDI denies each and every allegation of Paragraph 230.

13                 231.    SDI denies each and every allegation of Paragraph 231, including its

14   subparts.

15                 232.    SDI denies each and every allegation of Paragraph 232.

16                           <u>**Second Claim for Relief**</u>

17           <u>**(Alleged Violation of the Florida Unfair Trade Practices Act)**</u>

18                 233.    SDI repeats and incorporates by reference its responses to Paragraphs

19   1 through 232 of the Complaint with the same force and effect as if set forth herein at

20   length.

21                 234.    To the extent that the allegations of Paragraph 234 constitute legal

22   conclusions and/or contentions, SDI avers that no response is required.  To the extent that

23   a response is required, SDI denies the allegations in the last sentence of Paragraph 234.  To

24   the extent that a response is required, and to the extent that the allegations in the first

25   sentence of Paragraph 234 relate to other defendants, a plaintiff, or other persons, SDI

26   lacks knowledge or information sufficient to form a belief as to their truth, and therefore

27   denies them.  To the extent that a response is required, and to the extent that the allegations

28   in the first sentence of Paragraph 234 relate to SDI, SDI denies all of those allegations.

-33-

1    235.    SDI avers that the allegations of Paragraph 235 constitute legal
2  contentions and/or conclusions to which no response is required, but SDI nonetheless
3  denies all of those allegations.

4    236.    SDI avers that the allegations of Paragraph 236 constitute legal
5  contentions and/or conclusions to which no response is required.  To the extent a response
6  is required, SDI lacks knowledge or information sufficient to form a belief as to their truth,
7  and therefore denies them.

8    237.    SDI denies each and every allegation of Paragraph 237.

9    238.    SDI admits that Plaintiffs purport to invoke the cited statutory
10  provisions, but otherwise denies the allegations of Paragraph 238.

11    239.    SDI denies each and every allegation of Paragraph 239, including its
12  subparts.

13    240.    SDI avers that the allegations of Paragraph 240 constitute legal
14  contentions and/or conclusions to which no response is required, but SDI nonetheless
15  denies all of those allegations.

16  **XI.**      **Allegations Concerning Plaintiff's Prayer for Relief.**

17        SDI denies that Plaintiff suffered any injury or incurred any damages by any
18  act or omission of SDI as alleged in the Complaint, and further denies that Plaintiff is
19  entitled to any relief under any theory by means of the allegations set forth in the
20  Complaint.

21

22        **<u>ADDITIONAL OR AFFIRMATIVE DEFENSES</u>**

23        Without assuming any burden it would not otherwise bear, SDI asserts the
24  following additional and/or affirmative defenses to Plaintiff's Complaint:

25

26

27

28

-34-

## FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

## FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

## FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Remedies Unconstitutional, Unauthorized or Contrary to Public Policy)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

## SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Absence of Damages)

Plaintiff's claims should be dismissed because Plaintiff has suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent that Plaintiff purportedly suffered injury or damage, which SDI specifically denies, SDI further contends that any such purported injury or damage was not by reason of any act or omission of SDI.

-35-

## SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Antitrust Injury)

Plaintiff's claims should be dismissed because Plaintiff has not suffered actual, cognizable antitrust injury of the type antitrust laws are intended to remedy.

## EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Uncertainty of Damages)

Plaintiff's claims should be dismissed because the alleged damages sought are too speculative and uncertain, and cannot be practicably ascertained or allocated.

## NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff failed to take all necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

## TENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

## ELEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff would be unjustly enriched if it were allowed to recover any part of the damages alleged in the Complaint.

## TWELFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, due to the absence of any injury or damage for which SDI's actions, conduct, or omissions were the proximate cause.

## THIRTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's claims for injunctive relief should be dismissed because Plaintiff has available an adequate remedy at law.

## FOURTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Privilege)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of SDI was justified, constituted bona fide business competition and was taken in pursuit of its own legitimate business and economic interests, and is therefore privileged.

## FIFTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Non-actionable or Governmental Privilege)

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of SDI that is the subject of the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## SIXTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

## SEVENTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which SDI specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than SDI.

## EIGHTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiff's acquiescence in and/or confirmation of any and all conduct and/or omissions alleged as to SDI.

## NINETEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction and/or Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiff's claims based on foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because they are outside the Court's subject matter jurisdiction as defined by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a and/or analogous state authority.

## TWENTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiff's claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous, and/or unintelligible.  SDI avers that Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit SDI to ascertain what other defenses may exist.  SDI therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

-38-

## TWENTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Standing to Sue for Injuries Alleged)

Plaintiff's claims should be dismissed, in whole or in part, to the extent that Plaintiff lacks standing to sue for the injuries alleged in the Complaint.  To the extent that Plaintiff purchased products containing CRTs, as opposed to CRTs themselves, its alleged injuries are even more speculative, derivative, indirect, and remote.  Plaintiff's damage claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

## TWENTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Competition Not Harmed)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because SDI's actions did not lessen competition in the relevant market(s).

## TWENTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Intervening or Superseding Acts of Third Parties)

Plaintiff's damages, if any, resulted from the acts or omissions of third parties over whom SDI had no control or responsibility.  The acts of such third parties constitute intervening or superseding causes of harm, if any, suffered by Plaintiff.

## TWENTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Injury or Damages Offset by Benefits Received)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiff received with respect to the challenged conduct.

## TWENTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Increased Output and Lower Prices)

SDI, without admitting the existence of any contract, combination, or conspiracy in restraint of trade as alleged in the Complaint, avers that the matters about which Plaintiff complains resulted in increased output and lower prices for CRTs and/or

-39-

CRT Products.

## TWENTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Prices Fixed by Plaintiffs)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because the price of CRTs and/or CRT Products was fixed, if at all, by Plaintiff and/or other purchasers of CRTs and/or CRT Products, either individually or collectively.

## TWENTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to allege fraud or fraudulent concealment with sufficient particularity.

## TWENTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Plead Conspiracy with Particularity)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to allege conspiracy with sufficient particularity.

## TWENTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Detrimental Reliance)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

## THIRTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Arbitration Agreements)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by agreements that require arbitration of the matters alleged in the Complaint.

-40-

## THIRTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Settlement Set Off)

Without admitting that Plaintiff is entitled to recover damages in this matter, SDI is entitled to set off from any recovery Plaintiff may obtain against SDI any amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

## THIRTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Injunctive Relief)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff have failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

## THIRTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any alleged conduct of SDI occurred outside of the jurisdiction of the Court.

## THIRTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Damages Passed On)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint, which SDI specifically denies, was passed on to persons or entities other than the Plaintiff and/or was passed on by Plaintiff to other parties.

## THIRTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Damages Not Passed Through to Plaintiff)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiff, or was incurred by or passed on to persons or entities other than

Plaintiff.

### THIRTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Unreasonable Restraint Of Trade)

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of SDI did not unreasonably restrain trade.

### THIRTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Ultra Vires)

To the extent that any actionable conduct may have occurred, Plaintiff's claims against SDI are barred because all such alleged conduct would have been committed by individuals acting ultra vires.

### THIRTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Proportionality)

To the extent SDI is found liable for damages, the fact and extent of which are expressly denied by SDI, those damages must be reduced in proportion to SDI's degree of fault.

### THIRTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Forum Non Conveniens)

Plaintiff's claims are barred, in whole or in part, because of the doctrine of forum non conveniens.

### FORTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Permitted By Law)

Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

### FORTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Multiple Recoveries)

To the extent Plaintiff's claims would result in SDI paying damages to more than one claimant for the same alleged overcharge, they are barred because such multiple recoveries would violate rights guaranteed to SDI by the U.S. Constitution and other law,

-42-

1  including, without limitation, rights guaranteed under the Due Process Clause of the

2  Fourteenth Amendment.

3  ### FORTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

4  ### (Improper Extraterritorial Application)

5  Plaintiff's claims are barred, in whole or in part, by the U.S. Constitution

6  and/or other applicable law to the extent their claims seek the improper extraterritorial

7  application of the laws cited to any transactions occurring outside the United States.

8  ### FORTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

9  ### (Acts Outside The Jurisdiction)

10  Plaintiff's claims under the laws of the various States cited are barred, in

11  whole or in part, to the extent SDI's alleged conduct occurred outside the jurisdiction of

12  this Court and/or was neither directed to nor affected persons, entities, or commerce in the

13  various States cited.

14

15  ### FORTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

16  ### (Market Power)

17  Plaintiff's claims are barred, in whole or in part, to the extent they have failed

18  to allege or prove that SDI possessed or possesses market power in any legally cognizable

19  relevant market.

20  ### FORTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

21  ### (Privity Of Contract)

22  Plaintiff's claims are barred, in whole or in part, to the extent that privity of

23  contract is required to establish its claims.

24  ### FORTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

25  ### (Release)

26  Plaintiff's claims are barred, in whole or in part, because they have been

27  released by Plaintiff.

28

-43-

1

## FORTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

2

### (Voluntary Payment)

3        Plaintiff's claims are barred, in whole or in part, by the voluntary payment

4  doctrine, under which one cannot recover payments with full knowledge of the facts.

5

## FORTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

6

### (Federal Trade Commission)

7        Any alleged conduct by SDI is, or if in interstate commerce would be,

8  subject to and complies with the rules and regulations of, and the statutes administered by,

9  the Federal Trade Commission or other official department, division, commission or

10  agency of the United States as such rules, regulations, or statutes are interpreted by the

11  Federal Trade Commission or such department, division, commission or agency of the

12  federal courts.

13

## FORTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

14

### (Intrastate Conduct)

15        Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff did not

16  allege conduct and/or effects that are wholly or predominantly intrastate within the various

17  States at issue.

18

## FIFTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

19

### (Not Entitled To Seek Damages)

20        Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff is not

21  entitled to seek damages under the laws of the various States cited.

22

## FIFTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

23

### (Failure To Allege Predicate Acts For Unfair Trade Practices Claims)

24        Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has

25  failed to allege predicate acts necessary to invoke application of the unfair trade practices

26  laws of the various States cited.

27

28

## FIFTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Other Defenses Incorporated by Reference)

SDI adopts and incorporates by reference any and all other additional or affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that SDI may share in such affirmative defenses.

## FIFTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

SDI has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings.  SDI further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

WHEREFORE, the Samsung SDI Defendants pray for judgment as follows:

1.  That Plaintiff take nothing under the Complaint, and the Complaint be dismissed with prejudice;

2.  That judgment be entered in favor of the Samsung SDI Defendants and against Plaintiffs on each and every cause of action set forth in the Complaint;

3.  That the Samsung SDI Defendants recover their costs of suit and attorneys' fees incurred herein; and

4.  That the Samsung SDI Defendants be granted such other and further relief as the Court deems just and proper.

Dated:  November 4, 2013          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By _____ /s/ Michael W. Scarborough

-45-

1

MICHAEL W. SCARBOROUGH

2

Attorneys for Defendants

3
SAMSUNG SDI AMERICA, INC., SAMSUNG
SDI CO., LTD., SAMSUNG SDI (MALAYSIA)

4
SDN. BHD., SAMSUNG SDI MEXICO S.A. DE
C.V., SAMSUNG SDI BRASIL LTDA.,

5
SHENZHEN SAMSUNG SDI CO., LTD. and

6
TIANJIN SAMSUNG SDI CO., LTD.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:410318758.2

SAMSUNG SDI DEFENDANTS' ANSWER TO
INTERBOND'S FIRST AMENDED COMPLAINT