DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: david.yohai@weil.com

GREGORY D. HULL (57367)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: greg.hull@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: jkessler@winston.com

*Attorneys for Defendant Panasonic Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>TARGET CORP. ACTION<br>11-CV-05514-SC | **Case No. 07-5944 SC**<br>**MDL No. 1917**<br><br>**DEFENDANT PANASONIC CORPORATION'S (F/K/A MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.) ANSWER TO TARGET CORPORATION'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

1    Defendant PANASONIC CORPORATION (F/K/A MATSUSHITA ELECTRIC

2  INDUSTRIAL CO., LTD.) ("Panasonic"), by and through its attorneys, answers the allegations

3  set forth in the Second Amended Complaint filed October 3, 2013 (the "Complaint") by plaintiff

4  Target Corporation ("Plaintiff"), and alleges additional or affirmative defenses as follows. To the

5  extent not specifically admitted herein, all allegations of the Complaint are denied. Furthermore,

6  the section headings included herein are included only for purposes of clarity and organization,

7  and Panasonic does not admit, but rather hereby specifically denies, any factual or legal

8  allegations in the headings used in the Complaint.

9  **I.    "INTRODUCTION"**

10    1.    The allegations contained in Paragraph 1 of the Complaint include

11  characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

12  required. To the extent that a response is required, Panasonic denies all of the allegations, except

13  admits that color display tubes ("CDTs") can be used in computer monitors and certain other

14  specialized applications, admits that color picture tubes ("CPTs") can be used in televisions,

15  admits that CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various

16  times certain affiliates of Panasonic manufactured some CRTs and some products containing

17  CRTs.

18    2.    Panasonic denies the allegations contained in Paragraph 2 of the Complaint as they

19  relate to Panasonic and denies the remaining allegations for lack of knowledge or information

20  sufficient to form a belief as to the truth thereof.

21    3.    Panasonic denies the allegations contained in Paragraph 3 of the Complaint as they

22  relate to Panasonic and denies the remaining allegations for lack of knowledge or information

23  sufficient to form a belief as to the truth thereof.

24    4.    Panasonic denies the allegations contained in Paragraph 4 of the Complaint as they

25  relate to Panasonic and denies the remaining allegations for lack of knowledge or information

26  sufficient to form a belief as to the truth thereof.

27    5.    Panasonic denies the allegations contained in Paragraph 5 of the Complaint as they

28  relate to Panasonic and denies the remaining allegations for lack of knowledge or information

1

1   sufficient to form a belief as to the truth thereof.

2         6.     Panasonic denies the allegations contained in Paragraph 6 of the Complaint as they

3   relate to Panasonic and denies the remaining allegations for lack of knowledge or information

4   sufficient to form a belief as to the truth thereof.

5         7.     Panasonic denies the allegations contained in Paragraph 7 of the Complaint, except

6   admits that an alleged conspiracy concerning CRTs is or was being investigated by the United

7   States Department of Justice ("DOJ"), and by certain foreign competition authorities, and that it

8   has been publicly reported that individuals have been indicted in connection with the DOJ

9   investigation.

10         8.     Panasonic denies the allegations contained in Paragraph 8 of the Complaint for

11   lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

12   that on or around March 18, 2011, the DOJ issued a press release concerning Samsung SDI

13   Company, Ltd. and that on or around May 17, 2011, an amended plea agreement was filed in an

14   action brought by the United States against Samsung SDI Company, Ltd.; Panasonic respectfully

15   refers the Court to those documents for a review of their contents.

16         9.     Panasonic denies the allegations contained in Paragraph 9 of the Complaint

17   for lack of knowledge or information sufficient to form a belief as to the truth thereof, except

18   admits that certain of its affiliates sold some products containing CRTs to Plaintiff or its affiliates.

19   **II.**    **"JURISDICTION AND VENUE"**

20         10.    Panasonic denies the allegations contained in Paragraph 10 of the Complaint,

21   except admits that Plaintiff purports to bring this action pursuant to the federal statutes identified

22   therein and seek the relief sought therein.

23         11.    Panasonic denies the allegations contained in Paragraph 11 of the Complaint,

24   except admits that Plaintiff purports to bring this action pursuant to the state statute identified

25   therein and seek the relief sought therein.

26         12.    The allegations contained in Paragraph 12 of the Complaint include legal

27   contentions and/or conclusions to which no response is required.  To the extent that a response is

28   required, Panasonic denies the allegations contained in Paragraph 12 of the Complaint, except

2

1    admits that Plaintiff purports to base subject matter jurisdiction on the federal statutes identified

2    therein.

3           13.    Panasonic denies the allegations contained in Paragraph 13 of the Complaint as

4    they relate to Panasonic, except admits that certain of its affiliates have done some business

5    within certain jurisdictions within the United States, and denies the remaining allegations for lack

6    of knowledge or information sufficient to form a belief as to the truth thereof.

7           14.    The allegations contained in Paragraph 14 of the Complaint regarding jurisdiction

8    include legal contentions and/or conclusions to which no response is required.  To the extent that

9    a response is required, Panasonic denies the allegations as they relate to Panasonic except admits

10   that certain of its affiliates have done some business within certain jurisdictions within the United

11   States, and denies the remaining allegations for lack of knowledge or information sufficient to

12   form a belief as to the truth thereof.

13          15.    The allegations contained in Paragraph 15 of the Complaint regarding venue

14   include legal contentions and/or conclusions to which no response is required.  To the extent that

15   a response is required, Panasonic denies the allegations as they relate to Panasonic except admits

16   that certain of its affiliates have done some business within certain jurisdictions within the United

17   States, and denies the remaining allegations for lack of knowledge or information sufficient to

18   form a belief as to the truth thereof.

19   III.   "PARTIES"

20          A.     "Plaintiff Target Corporation"

21          16.    Panasonic denies the allegations contained in Paragraph 16 of the Complaint for

22   lack of knowledge or information sufficient to form a belief as to the truth thereof.

23          17.    Panasonic denies the allegations contained in Paragraph 17 of the Complaint for

24   lack of knowledge or information sufficient to form a belief as to the truth thereof.

25          18.    Panasonic denies the allegations contained in Paragraph 18 of the Complaint for

26   lack of knowledge or information sufficient to form a belief as to the truth thereof.

27          B.     "Defendants"

28          1.     "IRICO Entities"

3

19.     Panasonic denies the allegations contained in Paragraph 19 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20.     Panasonic denies the allegations contained in Paragraph 20 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

21.     Panasonic denies the allegations contained in Paragraph 21 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22.     Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 22 of the Complaint collectively as "IRICO."

## 2.     "LG Electronics Entities"

23.     Panasonic denies the allegations contained in Paragraph 23 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24.     Panasonic denies the allegations contained in Paragraph 24 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25.     Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 25 of the Complaint collectively as "LG Electronics."

## 3.     "LP Displays"

26.     Panasonic denies the allegations contained in Paragraph 26 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## 4.     "Hitachi Entities"

27.     Panasonic denies the allegations contained in Paragraph 27 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28.     Panasonic denies the allegations contained in Paragraph 28 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

29.     Panasonic denies the allegations contained in Paragraph 29 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

30.     Panasonic denies the allegations contained in Paragraph 30 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

31.     Panasonic denies the allegations contained in Paragraph 31 of the Complaint for

4

lack of knowledge or information sufficient to form a belief as to the truth thereof.

32.    Panasonic denies the allegations contained in Paragraph 32 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33.    Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 33 of the Complaint collectively as "Hitachi."

## 5.    "**Panasonic Entities**"

34.    Panasonic denies the allegations contained in Paragraph 34 of the Complaint in their entirety, except admits that it is a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 34, and that it was known as Matsushita Electric Industrial Co., Ltd. ("MEI") prior to October 1, 2008.  Panasonic further admits that certain of its affiliates sold some CRTs in the United States at various times during the purported Relevant Period.

35.    Panasonic denies the allegations contained in Paragraph 35 of the Complaint in their entirety, except admits that Panasonic Corporation of North America ("PNA") is a Delaware corporation with its principal place of business formerly located at the address listed in Paragraph 35.  Panasonic avers that PNA's principal place of business is now located at Two Riverfront Plaza, Newark, New Jersey, 07102.  Panasonic further admits that PNA is a wholly-owned subsidiary of Panasonic.  Panasonic further admits that PNA or certain affiliates of PNA sold some CRTs in the United States at various times during the purported Relevant Period.

36.    Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 36 of the Complaint collectively as "Panasonic."

37.    Panasonic denies the allegations contained in Paragraph 37 of the Complaint in their entirety, except admits that MT Picture Display Co., Ltd., f/k/a/ Matsushita Toshiba Picture Display Co., Ltd. ("MTPD") was a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 37.  Panasonic further admits that MTPD was established as a joint venture between Panasonic and Toshiba Corporation ("Toshiba"), but avers that MTPD was formed in 2003, not 2002.  Panasonic further admits that it held 64.5% of MTPD at the time MTPD was formed in 2003.  Panasonic further admits that it acquired Toshiba's 35.5% interest in MTPD on March 30, 2007, that MTPD became a wholly-owned subsidiary of Panasonic, and that MTPD

5

was renamed.  Panasonic further admits that MTPD or certain affiliates of MTPD sold some CRTs in the United States at various times during the purported Relevant Period.

38.    Panasonic denies the allegations contained in Paragraph 38 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is a Chinese entity with its headquarters in Beijing, China at the address listed in Paragraph 38.  Panasonic further admits that BMCC is a joint venture formed in 1987, and further admits that MTPD at one time had a 50% equity ownership interest in BMCC.

**6.    "Philips Entities"**

39.    Panasonic denies the allegations contained in Paragraph 39 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

40.    Panasonic denies the allegations contained in Paragraph 40 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

41.    Panasonic denies the allegations contained in Paragraph 41 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

42.    Panasonic denies the allegations contained in Paragraph 42 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

43.    Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 43 of the Complaint collectively as "Philips."

**7.    "Samsung Entities"**

44.    Panasonic denies the allegations contained in Paragraph 44 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

45.    Panasonic denies the allegations contained in Paragraph 45 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

46.    Panasonic denies the allegations contained in Paragraph 46 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

47.    Panasonic denies the allegations contained in Paragraph 47 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1    48.    Panasonic denies the allegations contained in Paragraph 48 of the Complaint for
2  lack of knowledge or information sufficient to form a belief as to the truth thereof.
3    49.    Panasonic denies the allegations contained in Paragraph 49 of the Complaint for
4  lack of knowledge or information sufficient to form a belief as to the truth thereof.
5    50.    Panasonic denies the allegations contained in Paragraph 50 of the Complaint for
6  lack of knowledge or information sufficient to form a belief as to the truth thereof.
7    51.    Panasonic admits that Plaintiff purports to refer to the entities identified in
8  Paragraph 51 of the Complaint collectively as "Samsung.".

9         **8.    "Samtel"**

10    52.    Panasonic denies the allegations contained in Paragraph 52 of the Complaint for
11  lack of knowledge or information sufficient to form a belief as to the truth thereof.

12        **9.    "Thai CRT"**

13    53.    Panasonic denies the allegations contained in Paragraph 53 of the Complaint for
14  lack of knowledge or information sufficient to form a belief as to the truth thereof.

15        **10.    "Toshiba Entities"**

16    54.    Panasonic denies the allegations contained in Paragraph 54 of the Complaint in
17  their entirety for lack of knowledge or information sufficient to form a belief as to the truth
18  thereof, except admits that it entered into a joint venture with Toshiba to form MTPD, but avers
19  that MTPD was formed in 2003, not 2002.

20    55.    Panasonic denies the allegations contained in Paragraph 55 of the Complaint for
21  lack of knowledge or information sufficient to form a belief as to the truth thereof.

22    56.    Panasonic denies the allegations contained in Paragraph 56 of the Complaint for
23  lack of knowledge or information sufficient to form a belief as to the truth thereof.

24    57.    Panasonic denies the allegations contained in Paragraph 57 of the Complaint for
25  lack of knowledge or information sufficient to form a belief as to the truth thereof.

26    58.    Panasonic denies the allegations contained in Paragraph 58 of the Complaint for
27  lack of knowledge or information sufficient to form a belief as to the truth thereof.

28    59.    Panasonic admits that Plaintiff purports to refer to the entities identified in

7

Paragraph 59 of the Complaint collectively as "Toshiba."

### 11. "Chunghwa Entities"

60.     Panasonic denies the allegations contained in Paragraph 60 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

61.     Panasonic denies the allegations contained in Paragraph 61 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

62.     Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 62 of the Complaint collectively as "Chunghwa."

## IV. "AGENTS AND CO-CONSPIRATORS"

63.     Panasonic denies the allegations contained in Paragraph 63 of the Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

64.     Panasonic denies the allegations contained in Paragraph 64 of the Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

65.     The allegations contained in Paragraph 65 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.  Panasonic avers that the entity formerly known as Matsushita Electronic Corporation (Malaysia) Sdn. Bhd. ("Matsushita Malaysia") was dissolved on October 8, 2007.

66.     Panasonic denies the allegations contained in Paragraph 66 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

67.     Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 67 of the Complaint collectively as "Daewoo."

68.     Panasonic denies the allegations contained in Paragraph 68 of the Complaint in its entirety, except admits that Matsushita Malaysia was a Malaysian entity that had an office located at the address listed in Paragraph 68 in Shah Alam, Malaysia, and was a direct subsidiary of

8

Panasonic from 2001 until 2003, operating as Matsushita Display Devices (Malaysia) Sdn. Bhd. Panasonic further admits that Matsushita Malaysia was transferred to MTPD in 2003, renamed as MT Picture Display (Malaysia) Sdn. Bhd., and operated as a wholly-owned subsidiary of MTPD. Panasonic avers that the entity formerly known as Matsushita Malaysia was dissolved on October 8, 2007.

69.     Panasonic denies the allegations contained in Paragraph 69 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred to MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia.  Panasonic further avers that PT.MT Picture Display Indonesia discontinued its production on September 13, 2007, and was dissolved on September 28, 2007.

70.     Panasonic denies the allegations contained in Paragraph 70 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was transferred to MTPD in 2003 and changed its name to MT Picture Display (Thailand) Co., Ltd. ("MTPDT"), but denies that MTPDT was a wholly-owned subsidiary of MTPD.  Panasonic further avers that MTPDT passed a resolution of dissolution on May 13, 2009, and is now dissolved.

71.     Panasonic denies the allegations contained in Paragraph 71 of the Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

V.     **"TRADE AND COMMERCE"**

72.     Panasonic denies the allegations contained in Paragraph 72 of the Complaint as they relate to Panasonic, except admits that certain affiliates of Panasonic have sold some CRTs in the United States at various times during the purported Relevant Period, and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

73.     Panasonic denies the allegations contained in Paragraph 73 of the Complaint as

9

1    they relate to Panasonic and denies the remaining allegations in their entirety for lack of

2    knowledge or information sufficient to form a belief as to the truth thereof.

3        74.    Panasonic denies the allegations contained in Paragraph 74 of the Complaint as

4    they relate to Panasonic and denies the remaining allegations in their entirety for lack of

5    knowledge or information sufficient to form a belief as to the truth thereof.

6    **VI.    "FACTUAL ALLEGATIONS"**

7        **A.    "CRT Technology"**

8        75.    The allegations contained in Paragraph 75 of the Complaint constitute

9    characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

10   required.  To the extent that a response is required, Panasonic admits that the CRT is a specialized

11   vacuum tube in which images are produced when an electron beam strikes a phosphorescent

12   surface, but otherwise denies the allegations in their entirety for lack of knowledge or information

13   sufficient to form a belief as to the truth thereof.

14       76.    The allegations contained in Paragraph 76 of the Complaint constitute

15   characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

16   required.  To the extent that a response is required, Panasonic admits that CRT technology was

17   used in making tubes for televisions in the 1990's, but otherwise denies the allegations in their

18   entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19       77.    The allegations contained in Paragraph 77 of the Complaint constitute

20   characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

21   required.  To the extent that a response is required, Panasonic admits that a lower quality CRT

22   produces a poor display, but otherwise denies the allegations contained in Paragraph 77 of the

23   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24       78.    The allegations contained in Paragraph 78 of the Complaint constitute

25   characterizations of Plaintiff's Complaint to which no responsive pleading is required.  To the

26   extent that a response is required, Panasonic admits that CRT production was refined over time,

27   but otherwise denies the allegations contained in Paragraph 78 of the Complaint for lack of

28   knowledge or information sufficient to form a belief as to the truth thereof.

DEFENDANT PANASONIC CORPORATION'S                                    Case No. 07-5944 SC
ANSWER TO TARGET'S SECOND AMENDED COMPLAINT                          MDL NO. 1917

79.   The allegations in Paragraph 79 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic admits that CDTs and CPTs are types of CRTs, admits that CDTs can be used in computer monitors and certain other specialized applications, and admits that CPTs can be used in televisions, but denies the allegations contained in Paragraph 79 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

80.   The allegations contained in Paragraph 80 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 80 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

81.   The allegations contained in Paragraph 81 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 81 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

82.   Panasonic denies the allegations contained in Paragraph 82 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

83.   Panasonic denies the allegations contained in Paragraph 83 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

84.   Panasonic denies the allegations contained in Paragraph 84 of the Complaint.

**B.    "Structure of the CRT Industry"**

85.   Panasonic denies the allegations contained in Paragraph 85 of the Complaint.

**1.    "Market Concentration"**

86.   Panasonic denies the allegations contained in the second sentence of Paragraph 86 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

11

1

### 2. "Information Sharing"

2      87.    Panasonic denies the allegations contained in Paragraph 87 of the Complaint as

3 they relate to Panasonic and denies the remaining allegations for lack of knowledge or

4 information sufficient to form a belief as to the truth thereof.

5      88.    Panasonic denies the allegations contained in Paragraph 88 of the Complaint as

6 they relate to Panasonic and denies the remaining allegations for lack of knowledge or

7 information sufficient to form a belief as to the truth thereof.

8

### 3. "Consolidation"

9      89.    Panasonic denies the allegations contained in Paragraph 89 of the Complaint as

10 they relate to Panasonic, except admits that a merger between Toshiba and Panasonic's CRT

11 businesses resulted in the creation of MTPD, and denies the remaining allegations for lack of

12 knowledge or information sufficient to form a belief as to the truth thereof.  Panasonic avers that

13 MTPD was created in 2003, not 2002.

14

### 4. "Multiple Interrelated Business Relationships"

15      90.    Panasonic denies the allegations contained in Paragraph 90 of the Complaint.

16      91.    Panasonic denies the allegations contained in Paragraph 91, including its subparts,

17 for lack of knowledge or information sufficient to form a belief as to the truth thereof, with the

18 exception that Toshiba Corporation and Panasonic formed a CRT joint venture, MTPD, in 2003,

19 and that Toshiba Corporation and Panasonic formed a joint venture to manufacture TFT-LCD

20 panels.

21

### 5. "High Costs of Entry Into the Industry"

22      92.    Panasonic denies the allegations contained in Paragraph 92 of the Complaint for

23 lack of knowledge or information sufficient to form a belief as to the truth thereof.

24      93.    Panasonic denies the allegations contained in the first sentence of Paragraph 93 of

25 the Complaint for lack of knowledge or information sufficient to form a belief as to the truth

26 thereof, and denies the remaining allegations in their entirety.

27

### 6. "The Maturity of the CRT Product Market"

28      94.    Panasonic denies the allegations contained in Paragraph 94 of the Complaint for

12

1   lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

2   that the CRT market is mature.

3         95.     Panasonic denies the allegations contained in Paragraph 95 of the Complaint as

4   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

5   information sufficient to form a belief as to the truth thereof.

6         96.     Panasonic denies the allegations contained in Paragraph 96 of the Complaint as

7   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

8   information sufficient to form a belief as to the truth thereof.

9         97.     Panasonic denies the allegations contained in Paragraph 97 of the Complaint as

10  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

11  information sufficient to form a belief as to the truth thereof.

12        98.     Panasonic denies the allegations contained in Paragraph 98 of the Complaint for

13  lack of knowledge or information sufficient to form a belief as to the truth thereof.

14        99.     Panasonic denies the allegations contained in Paragraph 99 of the Complaint for

15  lack of knowledge or information sufficient to form a belief as to the truth thereof.

16        **7.**    **"Homogeneity of CRT Products"**

17        100.    Panasonic denies the allegations contained in Paragraph 100 of the Complaint.

18        101.    Panasonic denies the allegations contained in Paragraph 101 of the Complaint.

19        **C.**    **"Pre-Conspiracy Market"**

20        102.    Panasonic denies the allegations contained in Paragraph 102 of the Complaint as

21  they relate to Panasonic and denies the remaining allegations in their entirety for lack of

22  knowledge or information sufficient to form a belief as to the truth thereof.

23        103.    Panasonic denies the allegations contained in Paragraph 103of the Complaint for

24  lack of knowledge or information sufficient to form a belief as to the truth thereof.

25        **D.**    **"Defendants' and Co-Conspirators' Illegal Agreements"**

26        104.    Panasonic denies the allegations contained in Paragraph 104 of the Complaint as

27  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

28

1   information sufficient to form a belief as to the truth thereof.

2         105.   Panasonic denies the allegations contained in Paragraph 105 of the Complaint as

3   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

4   information sufficient to form a belief as to the truth thereof.

5         106.   Panasonic denies the allegations contained in Paragraph 106 of the Complaint for

6   lack of knowledge or information sufficient to form a belief as to the truth thereof.

7         107.   Panasonic denies the allegations contained in Paragraph 107 of the Complaint as

8   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

9   information sufficient to form a belief as to the truth thereof.

10         108.   Panasonic denies the allegations contained in Paragraph 108 of the Complaint as

11   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

12   information sufficient to form a belief as to the truth thereof.

13         **1.**    **"Glass Meetings"**

14         109.   Panasonic denies the allegations contained in Paragraph 109 of the Complaint as

15   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

16   information sufficient to form a belief as to the truth thereof.

17         110.   Panasonic denies the allegations contained in Paragraph 110 of the Complaint as

18   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

19   information sufficient to form a belief as to the truth thereof.

20         111.   Panasonic denies the allegations contained in Paragraph 111 of the Complaint as

21   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

22   information sufficient to form a belief as to the truth thereof.

23         112.   Panasonic denies the allegations contained in Paragraph 112 of the Complaint as

24   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

25   information sufficient to form a belief as to the truth thereof.

26         113.   Panasonic denies the allegations contained in Paragraph 113 of the Complaint in

27   their entirety as they relate to Panasonic and denies the remaining allegations for lack of

28   knowledge or information sufficient to form a belief as to the truth thereof.

14

114.   Panasonic denies the allegations contained in Paragraph 114 of the Complaint in their entirety as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

115.   Panasonic denies the allegations contained in Paragraph 115 of the Complaint in their entirety as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

116.   Panasonic denies the allegations contained in Paragraph 116 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

117.   Panasonic denies the allegations contained in Paragraph 117 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

118.   Panasonic denies the allegations contained in Paragraph 118 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

119.   Panasonic denies the allegations contained in Paragraph 119 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

120.   Panasonic denies the allegations contained in Paragraph 120 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

121.   Panasonic denies the allegations contained in Paragraph 121 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

122.   Panasonic denies the allegations contained in Paragraph 122 of the Complaint, including its subparts, as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

123.   Panasonic denies the allegations contained in Paragraph 123 of the Complaint,

15

1   including its subparts, as they relate to Panasonic and denies the remaining allegations for lack of
2   knowledge or information sufficient to form a belief as to the truth thereof.

3          124.   Panasonic denies the allegations contained in Paragraph 124 of the Complaint as
4   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
5   information sufficient to form a belief as to the truth thereof.

6                        **2.    "Bilateral Discussions"**

7          125.   Panasonic denies the allegations contained in Paragraph 125 of the Complaint as
8   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
9   information sufficient to form a belief as to the truth thereof.

10         126.   Panasonic denies the allegations contained in Paragraph 126 of the Complaint for
11   lack of knowledge or information sufficient to form a belief as to the truth thereof.

12         127.   Panasonic denies the allegations contained in Paragraph 127 of the Complaint for
13   lack of knowledge or information sufficient to form a belief as to the truth thereof.

14         128.   Panasonic denies the allegations contained in Paragraph 128 of the Complaint as
15   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
16   information sufficient to form a belief as to the truth thereof.

17         129.   Panasonic denies the allegations contained in Paragraph 129 of the Complaint as
18   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
19   information sufficient to form a belief as to the truth thereof.

20         130.   Panasonic denies the allegations contained in Paragraph 130 of the Complaint as
21   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
22   information sufficient to form a belief as to the truth thereof.

23                 **3.    "Defendants' and Co-Conspirators' Participation in Group and
24                         Bilateral Discussions"**

25         131.   Panasonic denies the allegations contained in Paragraph 131 of the Complaint as
26   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
27   information sufficient to form a belief as to the truth thereof.

28         132.   Panasonic denies the allegations contained in Paragraph 132 of the Complaint as

16

1    they relate to Panasonic and denies the remaining allegations for lack of knowledge or
2    information sufficient to form a belief as to the truth thereof.

3          133.    Panasonic denies the allegations contained in Paragraph 133 of the Complaint as
4    they relate to Panasonic and denies the remaining allegations for lack of knowledge or
5    information sufficient to form a belief as to the truth thereof.

6          134.    Panasonic denies the allegations contained in Paragraph 134 of the Complaint as
7    they relate to Panasonic and denies the remaining allegations for lack of knowledge or
8    information sufficient to form a belief as to the truth thereof.

9          135.    Panasonic denies the allegations contained in Paragraph 135 of the Complaint as
10   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
11   information sufficient to form a belief as to the truth thereof.

12         136.    Panasonic denies the allegations contained in Paragraph 136 of the Complaint as
13   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
14   information sufficient to form a belief as to the truth thereof.

15         137.    Panasonic denies the allegations contained in Paragraph 137 of the Complaint in
16   their entirety.

17         138.    Panasonic denies the allegations contained in Paragraph 138 of the Complaint in
18   their entirety.

19         139.    Panasonic denies the allegations contained in Paragraph 139 of the Complaint in
20   their entirety.

21         140.    Panasonic denies the allegations contained in Paragraph 140 of the Complaint as
22   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
23   information sufficient to form a belief as to the truth thereof.

24         141.    Panasonic denies the allegations contained in Paragraph 141 of the Complaint as
25   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
26   information sufficient to form a belief as to the truth thereof.

27         142.    Panasonic denies the allegations contained in Paragraph 142 of the Complaint as
28   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

17

1    information sufficient to form a belief as to the truth thereof.

2           143.    Panasonic denies the allegations contained in Paragraph 143 of the Complaint as
3    they relate to Panasonic and denies the remaining allegations for lack of knowledge or
4    information sufficient to form a belief as to the truth thereof.

5           144.    Panasonic denies the allegations contained in Paragraph 144 of the Complaint as
6    they relate to Panasonic and denies the remaining allegations for lack of knowledge or
7    information sufficient to form a belief as to the truth thereof.

8           145.    Panasonic denies the allegations contained in Paragraph 145 of the Complaint as
9    they relate to Panasonic and denies the remaining allegations for lack of knowledge or
10   information sufficient to form a belief as to the truth thereof.

11          146.    Panasonic denies the allegations contained in Paragraph 146 of the Complaint as
12   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
13   information sufficient to form a belief as to the truth thereof.

14          147.    Panasonic denies the allegations contained in Paragraph 147 of the Complaint as
15   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
16   information sufficient to form a belief as to the truth thereof.

17          148.    Panasonic denies the allegations contained in Paragraph 148 of the Complaint as
18   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
19   information sufficient to form a belief as to the truth thereof.

20          149.    Panasonic denies the allegations contained in Paragraph 149 of the Complaint as
21   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
22   information sufficient to form a belief as to the truth thereof.

23          150.    Panasonic denies the allegations contained in Paragraph 150 of the Complaint as
24   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
25   information sufficient to form a belief as to the truth thereof.

26          151.    Panasonic denies the allegations contained in Paragraph 151 of the Complaint as
27   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
28   information sufficient to form a belief as to the truth thereof.

1    **E.    "The CRT Market During the Conspiracy"**

2    152.    Panasonic denies the allegations contained in Paragraph 152 of the Complaint for

3    lack of knowledge or information sufficient to form a belief as to the truth thereof.

4    153.    Panasonic denies the allegations contained in Paragraph 153 of the Complaint for

5    lack of knowledge or information sufficient to form a belief as to the truth thereof.

6    154.    Panasonic denies the allegations contained in Paragraph 154 of the Complaint for

7    lack of knowledge or information sufficient to form a belief as to the truth thereof.

8    155.    Panasonic denies the allegations contained in Paragraph 155 of the Complaint in

9    their entirety as they relate to Panasonic and denies the remaining allegations for lack of

10   knowledge or information sufficient to form a belief as to the truth thereof.

11   156.    Panasonic denies the allegations contained in Paragraph 156 of the Complaint for

12   lack of knowledge or information sufficient to form a belief as to the truth thereof.

13   157.    Panasonic denies the allegations contained in Paragraph 157 of the Complaint for

14   lack of knowledge or information sufficient to form a belief as to the truth thereof.

15   158.    Panasonic denies the allegations contained in Paragraph 158 of the Complaint for

16   lack of knowledge or information sufficient to form a belief as to the truth thereof.

17   159.    Panasonic denies the allegations contained in Paragraph 159 of the Complaint for

18   lack of knowledge or information sufficient to form a belief as to the truth thereof.

19   160.    Panasonic denies the allegations contained in Paragraph 160 of the Complaint for

20   lack of knowledge or information sufficient to form a belief as to the truth thereof.

21   161.    Panasonic denies the allegations contained in Paragraph 161 of the Complaint as

22   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

23   information sufficient to form a belief as to the truth thereof.

24   162.    Panasonic denies the allegations contained in Paragraph 162 of the Complaint as

25   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

26   information sufficient to form a belief as to the truth thereof.

27   163.    Panasonic denies the allegations contained in Paragraph 163 of the Complaint as

28   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

19

1  information sufficient to form a belief as to the truth thereof.

2     164. Panasonic denies the allegations contained in Paragraph 164 of the Complaint for

3  lack of knowledge or information sufficient to form a belief as to the truth thereof.

4     165. Panasonic denies the allegations contained in Paragraph 165 of the Complaint for

5  lack of knowledge or information sufficient to form a belief as to the truth thereof.

6     **F.** "**International Government Antitrust Investigations**"

7     166. Panasonic denies the allegations contained in Paragraph 166 of the Complaint for

8  lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

9  that on or around May 6, 2008, the Hungarian Competition Authority issued a press release

10 concerning its initiation of a competition supervision proceeding in connection with an alleged

11 conspiracy in the Hungarian market involving CRTs and respectfully refers the Court to that

12 document for a review of its contents.

13    167. Panasonic denies the allegations contained in Paragraph 167 of the Complaint for

14 lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

15 that on or around February 10, 2009, the DOJ issued a press release concerning the indictment of

16 an executive of Chunghwa Picture Tubes, Ltd., and respectfully refers the Court to that document

17 for a review of its contents.

18    168. Panasonic denies the allegations contained in Paragraph 168 of the Complaint for

19 lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

20 that on or around August 19, 2009, the DOJ issued a press release concerning the indictment of a

21 CDT industry executive and respectfully refers the Court to that document for a review of its

22 contents.

23    169. Panasonic denies the allegations contained in Paragraph 169 of the Complaint for

24 lack of knowledge or information sufficient to form a belief as to the truth thereof, excepts admits

25 that on or around March 30, 2010, the DOJ issued a press release concerning the indictment of a

26 CDT industry executive and respectfully refers the Court to that document for a review of its

27 contents.

28    170. Panasonic denies the allegations contained in Paragraph 170 of the Complaint for

1    lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

2    that on or around November 9, 2010, the DOJ issued a press release concerning the indictment of

3    a CDT industry executive and respectfully refers the Court to that document for a review of its

4    contents.

5            171.    Panasonic denies the allegations contained in Paragraph 171 of the Complaint for

6    lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

7    that on or around March 18, 2011, the DOJ issued a press release concerning a plea agreement

8    entered into by a CDT industry participant and respectfully refers the Court to that document for a

9    review of its contents.

10           172.    Panasonic denies the allegations contained in Paragraph 172 of the Complaint for

11    lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

12    that on or around December 5, 2012, the European Commission issued an announcement of

13    certain fines relating to the CRT industry and respectfully refers the Court to that document for a

14    review of its contents.

15           173.    Panasonic denies the allegations contained in Paragraph 173 of the Complaint as

16    they relate to Panasonic and denies the remaining allegations for lack of knowledge or

17    information sufficient to form a belief as to the truth thereof.

18           174.    Panasonic denies the allegations contained in Paragraph 174 of the Complaint as

19    they relate to Panasonic and denies the remaining allegations for lack of knowledge or

20    information sufficient to form a belief as to the truth thereof.

21           175.    Panasonic denies the allegations contained in Paragraph 175 of the Complaint for

22    lack of knowledge or information sufficient to form a belief as to the truth thereof.

23           176.    Panasonic denies the allegations contained in Paragraph 176 of the Complaint,

24    except admits that an alleged conspiracy concerning the TFT-LCD market is or was being

25    investigated by the DOJ, and by certain other international competition authorities, and that this

26    investigation was revealed on or around December 2006. Panasonic further avers that it is not a

27    subject of these investigations.

28           177.    Panasonic denies the allegations contained in Paragraph 177 of the Complaint for

21

1 │ lack of knowledge or information sufficient to form a belief as to the truth thereof.

2 │    178. Panasonic denies the allegations contained in Paragraph 178 of the Complaint for

3 │ lack of knowledge or information sufficient to form a belief as to the truth thereof.

4 │    179. Panasonic denies the allegations contained in Paragraph 179 of the Complaint for

5 │ lack of knowledge or information sufficient to form a belief as to the truth thereof.

6 │    180. Panasonic denies the allegations contained in Paragraph 180 of the Complaint for

7 │ lack of knowledge or information sufficient to form a belief as to the truth thereof.

8 │   **G.** **"The Role of Trade Associations During the Relevant Period"**

9 │    181. Panasonic denies the allegations contained in Paragraph 181 of the Complaint as

10 │ they relate to Panasonic and denies the remaining allegations for lack of knowledge or

11 │ information sufficient to form a belief as to the truth thereof.

12 │    182. Panasonic denies the allegations contained in Paragraph 182 of the Complaint for

13 │ lack of knowledge or information sufficient to form a belief as to the truth thereof.

14 │    183. Panasonic denies the allegations contained in Paragraph 183 of the Complaint for

15 │ lack of knowledge or information sufficient to form a belief as to the truth thereof.

16 │    184. Panasonic denies the allegations contained in Paragraph 184 of the Complaint as

17 │ they relate to Panasonic and denies the remaining allegations for lack of knowledge or

18 │ information sufficient to form a belief as to the truth thereof.

19 │    185. Panasonic denies the allegations contained in Paragraph 185 of the Complaint as

20 │ they relate to Panasonic and denies the remaining allegations for lack of knowledge or

21 │ information sufficient to form a belief as to the truth thereof.

22 │   **H.** **"Effects of Defendants' Antitrust Violations"**

23 │    **1.** **"Examples of Reductions in Manufacturing Capacity by Defendants"**

24 │    186. The allegations contained in Paragraph 186 of the Complaint constitute

25 │ characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

26 │ required.  To the extent that a response is required, Panasonic denies the allegations contained in

27 │ Paragraph 186 of the Complaint as they relate to Panasonic and denies the remaining allegations

28 │ for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1    187.    Panasonic denies the allegations contained in Paragraph 187 of the Complaint,

2  except admits that MTPD's subsidiary in New York ceased operations in December 2004, and

3  admits that a press release contained the phrases quoted in Paragraph 198 of the Complaint.

4    188.    Panasonic denies the allegations contained in Paragraph 188 of the Complaint for

5  lack of knowledge or information sufficient to form a belief as to the truth thereof.

6    189.    Panasonic denies the allegations contained in Paragraph 189 of the Complaint for

7  lack of knowledge or information sufficient to form a belief as to the truth thereof, except avers

8  that it was announced on November 30, 2005, not in December 2005, that MTPD's American

9  subsidiary in Ohio and German subsidiary would discontinue operations.

10    190.    Panasonic denies the allegations contained in Paragraph 190 of the Complaint for

11  lack of knowledge or information sufficient to form a belief as to the truth thereof.

12    191.    Panasonic denies the allegations contained in Paragraph 191 of the Complaint for

13  lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

14  that the closure of Matsushita Malaysia was announced in July 2006.

15        **2.    "Examples of Collusive Pricing for CRTs"**

16    192.    Panasonic denies the allegations contained in Paragraph 192 of the Complaint in

17  their entirety as they relate to Panasonic and denies the remaining allegations for lack of

18  knowledge or information sufficient to form a belief as to the truth thereof.

19    193.    Panasonic denies the allegations contained in Paragraph 193 of the Complaint for

20  lack of knowledge or information sufficient to form a belief as to the truth thereof.

21    194.    Panasonic denies the allegations contained in Paragraph 194 of the Complaint for

22  lack of knowledge or information sufficient to form a belief as to the truth thereof.

23    195.    Panasonic denies the allegations contained in Paragraph 195 of the Complaint as

24  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

25  information sufficient to form a belief as to the truth thereof.

26    196.    Panasonic denies the allegations contained in Paragraph 196 of the Complaint for

27  lack of knowledge or information sufficient to form a belief as to the truth thereof.

28    197.    Panasonic denies the allegations contained in Paragraph 197 of the Complaint as

they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

198.    Panasonic denies the allegations contained in Paragraph 198 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

199.    Panasonic denies the allegations contained in Paragraph 199 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

200.    Panasonic denies the allegations contained in Paragraph 200 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

201.    Panasonic denies the allegations contained in Paragraph 201 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**H.    "Summary Of Effects Of The Conspiracy Involving CRTs"**

202.    Panasonic denies the allegations contained in Paragraph 202 of the Complaint, including its subparts, as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**VII.    "TARGET'S INJURIES"**

203.    Panasonic denies the allegations contained in Paragraph 203 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

204.    Panasonic denies the allegations contained in Paragraph 204 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

205.    The allegations contained in Paragraph 205 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 205 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1        206.    Panasonic denies the allegations contained in Paragraph 206 of the Complaint as

2   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

3   information sufficient to form a belief as to the truth thereof.

4        207.    The allegations contained in Paragraph 207 of the Complaint constitute legal

5   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

6   response is required, Panasonic denies the allegations contained in Paragraph 207 of the

7   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8        208.    Panasonic denies the allegations contained in Paragraph 208 of the Complaint as

9   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

10  information sufficient to form a belief as to the truth thereof.

11       209.    Panasonic denies the allegations contained in Paragraph 209 of the Complaint as

12  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

13  information sufficient to form a belief as to the truth thereof.

14  **IX.    "FRAUDULENT CONCEALMENT"**

15       210.    Panasonic denies the allegations contained in Paragraph 210 of the Complaint as

16  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

17  information sufficient to form a belief as to the truth thereof.

18       211.    Panasonic denies the allegations contained in Paragraph 211 of the Complaint as

19  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

20  information sufficient to form a belief as to the truth thereof.

21       212.    Panasonic denies the allegations contained in Paragraph 212 of the Complaint as

22  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

23  information sufficient to form a belief as to the truth thereof.

24       213.    Panasonic denies the allegations contained in Paragraph 213 of the Complaint as

25  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

26  information sufficient to form a belief as to the truth thereof.

27       214.    Panasonic denies the allegations contained in Paragraph 214 of the Complaint as

28  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

25

1   information sufficient to form a belief as to the truth thereof.

2   215.   Panasonic denies the allegations contained in Paragraph 215 the Complaint as they

3   relate to Panasonic and denies the remaining allegations for lack of knowledge or information

4   sufficient to form a belief as to the truth thereof.

5   216.   Panasonic denies the allegations contained in Paragraph 216 of the Complaint as

6   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

7   information sufficient to form a belief as to the truth thereof.

8   217.   Panasonic denies the allegations contained in Paragraph 217 of the Complaint as

9   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

10   information sufficient to form a belief as to the truth thereof.

11   218.   Panasonic denies the allegations contained in Paragraph 218 of the Complaint as

12   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

13   information sufficient to form a belief as to the truth thereof.

14   219.   Panasonic denies the allegations contained in Paragraph 219 of the Complaint as

15   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

16   information sufficient to form a belief as to the truth thereof.

17   220.   Panasonic denies the allegations contained in Paragraph 220 of the Complaint as

18   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

19   information sufficient to form a belief as to the truth thereof.

20   221.   Panasonic denies the allegations contained in Paragraph 221 of the Complaint as

21   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

22   information sufficient to form a belief as to the truth thereof.

23   222.   Panasonic denies the allegations contained in Paragraph 222 of the Complaint as

24   they relate to Panasonic, and denies the remaining allegations for lack of knowledge or

25   information sufficient to form a belief as to the truth thereof.

26

27   **IX.   "*AMERICAN PIPE*, GOVERNMENT ACTION AND CROSS-JURISDICTIONAL TOLLING"**

28

223.    Panasonic incorporates and realleges its responses to Paragraphs 181-195 above, as if fully set forth herein.  The allegations contained in Paragraph 223 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 223 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

224.    The allegations contained in Paragraph 224 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 224 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

225.    The allegations contained in Paragraph 225 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 225 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## X.    "CLAIM FOR VIOLATIONS"

### "First Claim for Relief"

### "(Violation of Section 1 of the Sherman Act)"

226.    Panasonic incorporates and realleges its responses to Paragraphs 1-225 above, as if fully set forth herein.

227.    The allegations contained in Paragraph 227 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 227 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

228.    Panasonic denies the allegations contained in Paragraph 228 of the Complaint as

27

1   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
2   information sufficient to form a belief as to the truth thereof.

3       229.   Panasonic denies the allegations contained in Paragraph 229 of the Complaint as
4   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
5   information sufficient to form a belief as to the truth thereof.

6       230.   Panasonic denies the allegations contained in Paragraph 230 of the Complaint as
7   they relate to Panasonic and denies the remaining allegations for lack of knowledge or
8   information sufficient to form a belief as to the truth thereof.

9       231.   Panasonic denies the allegations contained in Paragraph 231 of the Complaint,
10  including its subparts, as they relate to Panasonic, and denies the remaining allegations for lack of
11  knowledge or information sufficient to form a belief as to the truth thereof.

12      232.   Panasonic denies the allegations contained in Paragraph 232 of the Complaint as
13  they relate to Panasonic and denies the remaining allegations for lack of knowledge or
14  information sufficient to form a belief as to the truth thereof.

15                              **"Second Claim for Relief"**

16                      **"(Violation of the California Cartwright Act)"**

17      233.   Panasonic incorporates and realleges its responses to Paragraphs 1-232 above, as if
18  fully set forth herein.

19      234.   The allegations contained in Paragraph 234 of the Complaint constitute legal
20  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a
21  response is required, Panasonic denies the allegations contained in Paragraph 234 of the
22  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge
23  or information sufficient to form a belief as to the truth thereof.

24      235.   The allegations contained in Paragraph 235 of the Complaint constitute legal
25  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a
26  response is required, Panasonic denies the allegations contained in Paragraph 235 of the
27  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge
28  or information sufficient to form a belief as to the truth thereof.

28

1        236.   The allegations contained in Paragraph 236 of the Complaint constitute legal

2 contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

3 response is required, Panasonic denies the allegations contained in Paragraph 236 of the

4 Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

5 or information sufficient to form a belief as to the truth thereof.

6        237.   The allegations contained in Paragraph 237 of the Complaint constitute legal

7 contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

8 response is required, Panasonic denies the allegations contained in Paragraph 237 of the

9 Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

10 or information sufficient to form a belief as to the truth thereof.

11        238.   Panasonic denies the allegations contained in Paragraph 238 of the Complaint,

12 including its subparts, as they relate to Panasonic and denies the remaining allegations for lack of

13 knowledge or information sufficient to form a belief as to the truth thereof.

14        239.   Panasonic denies the allegations contained in Paragraph 239 of the Complaint,

15 including its subparts, as they relate to Panasonic, and denies the remaining allegations for lack of

16 knowledge or information sufficient to form a belief as to the truth thereof.

17        240.   Panasonic denies the allegations contained in Paragraph 240 of the Complaint as

18 they relate to Panasonic and denies the remaining allegations for lack of knowledge or

19 information sufficient to form a belief as to the truth thereof.

20        241.   The allegations contained in Paragraph 241 of the Complaint constitute legal

21 contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

22 response is required, Panasonic denies the allegations contained in Paragraph 241 of the

23 Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

24 or information sufficient to form a belief as to the truth thereof.

25 **"<u>Third Claim for Relief</u>"**

26 **"<u>(Violation of State Antitrust and Unfair Competition Laws)</u>"**

27        242.   Panasonic incorporates and realleges its responses to Paragraphs 1-241 above, as if

28 fully set forth herein.

243.    The allegations contained in Paragraph 243 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 243 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

244.    Panasonic denies the allegations contained in Paragraph 244 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

245.    Panasonic denies the allegations contained in Paragraph 245 of the Complaint, including its subparts, as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

246.    Panasonic denies the allegations contained in Paragraph 246 of the Complaint, including its subparts, as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

247.    Panasonic denies the allegations contained in Paragraph 247 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

248.    The allegations contained in Paragraph 248 of the Complaint, including its subparts, constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 248 of the Complaint, including its subparts, as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

249.    The allegations contained in Paragraph 249 of the Complaint, including its subparts, constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 249 of the Complaint, including its subparts, as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

250.    The allegations contained in Paragraph 250 of the Complaint, including its

30

subparts, constitute legal contentions and/or conclusions to which no response is required.  To the

extent that a response is required, Panasonic denies the allegations contained in Paragraph 250 of

the Complaint, including its subparts, as they relate to Panasonic and denies the remaining

allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

251.   The allegations contained in Paragraph 251 of the Complaint, including its

subparts, constitute legal contentions and/or conclusions to which no response is required.  To the

extent that a response is required, Panasonic denies the allegations contained in Paragraph 251 of

the Complaint, including its subparts, as they relate to Panasonic, and denies the remaining

allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

252.   The allegations contained in Paragraph 252 of the Complaint, including its

subparts, constitute legal contentions and/or conclusions to which no response is required.  To the

extent that a response is required, Panasonic denies the allegations contained in Paragraph 252 of

the Complaint, including its subparts, as they relate to Panasonic and denies the remaining

allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

253.   The allegations contained in Paragraph 253 of the Complaint, including its

subparts, constitute legal contentions and/or conclusions to which no response is required.  To the

extent that a response is required, Panasonic denies the allegations contained in Paragraph 253 of

the Complaint, including its subparts, as they relate to Panasonic and denies the remaining

allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

254.   The allegations contained in Paragraph 254 of the Complaint, including its

subparts, constitute legal contentions and/or conclusions to which no response is required.  To the

extent that a response is required, Panasonic denies the allegations contained in Paragraph 254 of

the Complaint, including its subparts, as they relate to Panasonic and denies the remaining

allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

255.   The allegations contained in Paragraph 255 of the Complaint, including its

subparts, constitute legal contentions and/or conclusions to which no response is required.  To the

extent that a response is required, Panasonic denies the allegations contained in Paragraph 255 of

the Complaint, including its subparts, as they relate to Panasonic and denies the remaining

1 allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

2     256. The allegations contained in Paragraph 256 of the Complaint, including its

3 subparts, constitute legal contentions and/or conclusions to which no response is required.  To the

4 extent that a response is required, Panasonic denies the allegations contained in Paragraph 256 of

5 the Complaint, including its subparts, as they relate to Panasonic and denies the remaining

6 allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7     257. The allegations contained in Paragraph 257 of the Complaint, including its

8 subparts, constitute legal contentions and/or conclusions to which no response is required.  To the

9 extent that a response is required, Panasonic denies the allegations contained in Paragraph 257 of

10 the Complaint, including its subparts, as they relate to Panasonic and denies the remaining

11 allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

12     258. The allegations contained in Paragraph 258 of the Complaint, including its

13 subparts, constitute legal contentions and/or conclusions to which no response is required.  To the

14 extent that a response is required, Panasonic denies the allegations contained in Paragraph 258 of

15 the Complaint, including its subparts, as they relate to Panasonic and denies the remaining

16 allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17 **XI.  "PRAYER FOR RELIEF"**

18     Panasonic denies that Plaintiff suffered any injury or incurred any damages by any

19 act or omission of Panasonic as alleged in the Complaint, and further denies that Plaintiff is

20 entitled to any relief under any theory by means of the allegations set forth in each of the

21 paragraphs and their subparts in the Complaint.

22 **XII.  "JURY TRIAL DEMAND"**

23     The allegations contained under the heading "Jury Trial Demand" contain no

24 factual assertions for which a response is required.  To the extent that a response is required,

25 Panasonic denies the allegations contained under the heading "Jury Trial Demand" in their

26 entirety, except admits that Plaintiff demand a trial by jury.

27 **DEFENSES**

28

32

1    FURTHER, Panasonic asserts the following defenses and affirmative defenses to

2  the Complaint.   Panasonic does not concede that it has the burden of proof as to any of the

3  defenses listed below:

4                                **FIRST DEFENSE**

5                        (Failure to State a Claim for Relief)

6    Neither Plaintiff's Complaint nor any claim for relief asserted therein states facts

7  sufficient to constitute a claim for relief against Panasonic.

8                                **SECOND DEFENSE**

9                          (Statute of Limitations)

10    The relief sought by Plaintiff is barred, in whole or in part, by the applicable

11  statutes of limitations.

12                                **THIRD DEFENSE**

13                        (Actual and Proximate Injury)

14    The relief sought by Plaintiff is barred, in whole or in part, because the Plaintiff

15  were not actually and proximately injured in their business or property by reason of any action(s)

16  or omission(s) of Panasonic.

17                                **FOURTH DEFENSE**

18                              (No Damages)

19    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

20  suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent

21  that Plaintiff purportedly suffered injury or damage, which Panasonic specifically denies,

22  Panasonic further contends that any such purported injury or damage was not by reason of any act

23  or omission of Panasonic.

24                                **FIFTH DEFENSE**

25                          (No Antitrust Injury)

26    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

27  failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to

28  remedy.

                                      33

**SIXTH DEFENSE**

(Speculative Damages)

The relief sought by Plaintiff is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

**SEVENTH DEFENSE**

(Mitigation)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

**EIGHTH DEFENSE**

(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to allege fraud or fraudulent concealment with sufficient particularity.

**NINTH DEFENSE**

(Failure to Plead Conspiracy with Particularity)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to allege conspiracy with sufficient particularity.

**TENTH DEFENSE**

(Lack of Standing to Sue for Injuries Alleged)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff lack standing to sue for the injuries alleged in the complaint.  To the extent that Plaintiff purchased products containing CRTs, as opposed to CRTs themselves, its alleged injuries are even more speculative, derivative, indirect, and remote.  Plaintiff's damage claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

**ELEVENTH DEFENSE**

(Due Process)

34

1      To the extent Plaintiff's claims would result in Panasonic paying damages to more

2   than one claimant for the same alleged overcharges to customers, they are barred because such

3   multiple liability would violate rights guaranteed to Panasonic by the United States Constitution,

4   including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth

5   Amendment, and by applicable state law.

6                               **TWELFTH DEFENSE**

7                          (Other/Superseding Causation)

8      The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's

9   damages, if any, resulted from the acts or omissions of third parties over whom Panasonic had no

10   control or responsibility.  The acts of such third parties constitute intervening or superseding cases

11   of harm, if any, suffered by Plaintiff.

12                            **THIRTEENTH DEFENSE**

13                           (Waiver and Estoppel)

14      The relief sought by Plaintiff is barred, in whole or in part, by the doctrines of

15   waiver and/or estoppel.

16                            **FOURTEENTH DEFENSE**

17                                  (Laches)

18      The relief sought by Plaintiff is barred, in whole or in part, by the equitable

19   doctrine of laches.

20                             **FIFTEENTH DEFENSE**

21                               (Unclean Hands)

22      The relief sought by Plaintiff is barred, in whole or in part, by the equitable

23   doctrine of unclean hands.

24                             **SIXTEENTH DEFENSE**

25                             (Unjust Enrichment)

26

27

28

DEFENDANT PANASONIC CORPORATION'S                                   Case No. 07-5944 SC
ANSWER TO TARGET'S SECOND AMENDED COMPLAINT                         MDL NO. 1917

1        The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff would

2 be unjustly enriched if they were allowed to recover any part of the damages alleged in the

3 Complaint.

### SEVENTEENTH DEFENSE

4

5 (Adequate Remedy at Law)

6        The equitable relief sought by Plaintiff is barred, in whole or in part, because

7 Plaintiff has available an adequate remedy at law.

### EIGHTEENTH DEFENSE

8

9 (Comparative Fault)

10        The relief sought by Plaintiff is barred, in whole or in part, because any and all

11 injuries alleged in the Complaint, the fact and extent of which Panasonic specifically denies, were

12 directly and proximately caused or contributed to by the statements, acts, and/or omissions of

13 Plaintiff and/or third parties or entities, other than Panasonic.

### NINETEENTH DEFENSE

14

15 (Acquiescence)

16        The relief sought by Plaintiff is barred, in whole or in part, by Plaintiff's

17 acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to

18 Panasonic.

### TWENTIETH DEFENSE

19

20 (No Detrimental Reliance)

21        The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff did

22 not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

### TWENTY-FIRST DEFENSE

23

24 (Set Off)

25

26

27

28

36

1           Without admitting that Plaintiff is entitled to recover damages in this matter,

2  Panasonic is entitled to set off from any recovery Plaintiff may obtain against Panasonic, any

3  amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims

4  in this matter.

5                  **TWENTY-SECOND DEFENSE**

6             (Failure to State a Claim for Injunctive Relief)

7           The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

8  failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that

9  have already transpired without the requisite showing of threatened harm or continuing harm.

10                 **TWENTY-THIRD DEFENSE**

11                (Lack of Jurisdiction)

12           The relief sought by Plaintiff is barred, in whole or in part, because any alleged

13  conduct of Panasonic occurred outside of the jurisdiction of the Court.

14                 **TWENTY-FOURTH DEFENSE**

15          (Foreign Trade Antitrust Improvements Act)

16           The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

17  failed to make a single specific allegation to support the claim that the alleged conduct had "a

18  direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman

19  Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. §

20  6a.

21                 **TWENTY-FIFTH DEFENSE**

22               (Foreign Conduct)

23          Plaintiff's claims are barred to the extent that they are based on conduct beyond the

24  territorial reach of the laws or courts of the United States.

25                 **TWENTY-SIXTH DEFENSE**

26          (Damages Not Passed Through To Plaintiff)

27

28

1   The relief sought by Plaintiff is barred, in whole or in part, because any injury or

2   damage alleged in the Complaint was not incurred by or passed on to Plaintiff, or was incurred by

3   or passed on to persons or entities other than Plaintiff.

### TWENTY-SEVENTH DEFENSE

(Damages Passed On)

6   The relief sought by Plaintiff is barred, in whole or in part, because any injury or

7   damage alleged in the Complaint, which Panasonic specifically denies, was passed on to persons

8   or entities other than the Plaintiff and/or was passed on by Plaintiff to other parties.

### TWENTY-EIGHTH DEFENSE

(No Unreasonable Restraint Of Trade)

11   The relief sought by Plaintiff is barred, in whole or in part, because the alleged

12   conduct of Panasonic did not unreasonably restrain trade.

### TWENTY-NINTH DEFENSE

(Acts Outside The Jurisdiction)

15   The relief sought by Plaintiff is barred, in whole or in part, to the extent

16   Panasonic's alleged conduct occurred outside the jurisdiction of this Court and/or was neither

17   directed to nor affected persons, entities, or commerce in the various States cited.

### THIRTIETH DEFENSE

(Restitution Unmanageable And Inequitable)

20   The relief sought by Plaintiff is barred, in whole or in part, to the extent the

21   restitution sought in the Complaint is unmanageable and inequitable.

### THIRTY-FIRST DEFENSE

(Lack of Standing as Indirect Purchasers)

24   The relief sought by Plaintiff is barred, in whole or in part, to the extent the various

25   States cited have not repealed the *Illinois Brick* doctrine.

### THIRTY-SECOND DEFENSE

(Claims Barred)

28

38

1    The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff

2  have failed to exhaust all remedies against Panasonic.

3                                **THIRTY-THIRD DEFENSE**

4                (Private Claim Cannot Be Brought In A Representative Capacity)

5    The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff

6  brings any claims in a representative capacity, to the extent a private claim may not be brought in

7  a representative capacity under the laws of the State of New York or the State of California.

8                                **THIRTY-FOURTH DEFENSE**

9          (Goods Not Purchased Primarily For Personal, Family, or Household Purposes)

10   The relief sought by Plaintiff is barred, in whole or in part, to the extent that any Plaintiff

11  did not purchase goods primarily for personal, family, or household purposes.

12                               **THIRTY-FIFTH DEFENSE**

13             (Independent, Legitimate Business and Economic Justification)

14   The relief sought by Plaintiff is barred, in whole or in part, because any conduct

15  engaged in by Panasonic was reasonable and based on independent, legitimate business and

16  economic justification.

17                               **THIRTY-SIXTH DEFENSE**

18                                  (Attorneys' Fees)

19   Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is

20  not allowed under applicable federal or state law.

21                               **THIRTY-SEVENTH DEFENSE**

22                        (Lack of Sufficient Contacts to States)

23   The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's

24  claims lack sufficient contacts to the states under whose laws they are brought, in violation of

25  rights guaranteed to Panasonic by the United States Constitution, including, without limitation,

26  rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by other

27  applicable state and federal law.

28

DEFENDANT PANASONIC CORPORATION'S                    Case No. 07-5944 SC
ANSWER TO TARGET'S SECOND AMENDED COMPLAINT          MDL NO. 1917

## INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES

Panasonic hereby incorporates by reference, as if set forth fully herein, all other defenses and affirmative defenses to the Complaint alleged by any other defendant.  Panasonic presently has insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, defenses.  Panasonic reserves the right to assert other defenses and affirmative defenses as this action proceeds, the right to file an amended answer asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event that discovery indicates that such pleadings are appropriate.

WHEREFORE, Panasonic prays for judgment as follows:

1.     That Plaintiff take nothing under the Complaint, and the Complaint be dismissed with prejudice;

2.     That judgment be entered in favor of Panasonic and against Plaintiff on each and every cause of action set forth in the Complaint;

3.     That Panasonic recover its costs of suit and attorneys' fees incurred herein; and

4.     That Panasonic be granted such other and further relief as the Court deems just and proper.

Dated: November 4, 2013

By:   ___/s/ David L. Yohai_____

DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com
DAVID E. YOLKUT (*pro hac vice*)
E-mail: david.yolkut@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

GREGORY D. HULL (57367)
E-mail: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**

40

1
2
3

201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

4
5
6
7
8
9
10
11
12

JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@winston.com
ALDO A. BADINI (257086)
Email: abadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-4692
Facsimile: (212) 294-4700

13

***Attorneys for Defendant Panasonic Corporation***

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

41

1 | DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
2 | DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
3 | 767 Fifth Avenue
New York, New York 10153-0119
4 | Telephone: (212) 310-8000
Facsimile: (212) 310-8007
5 | E-mail: david.yohai@weil.com

6 | GREGORY D. HULL (57367)
**WEIL, GOTSHAL & MANGES LLP**
7 | 201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
8 | Telephone: (650) 802-3000
Facsimile: (650) 802-3100
9 | E-mail: greg.hull@weil.com

10 | JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
11 | ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
12 | MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
13 | 200 Park Avenue
New York, New York 10166-4193
14 | Telephone: (212) 294-6700
Facsimile: (212) 294-4700
15 | E-mail: jkessler@winston.com

16 | *Attorneys for Defendants Panasonic Corporation,*
17 | *Panasonic Corporation of North America, and*
*Matsushita Toshiba Picture Display Co., Ltd.*
18 |

19 | **UNITED STATES DISTRICT COURT**

20 | **NORTHERN DISTRICT OF CALIFORNIA**

21 | **SAN FRANCISCO DIVISION**

22 | **In re: CATHODE RAY TUBE (CRT)**
23 | **ANTITRUST LITIGATION** | No.: 07-5944 SC
MDL NO. 1917

24 | This Document Relates to: | **CERTIFICATE OF SERVICE**

25 | TARGET CORP. ACTION
26 | 11-cv-05514

27 |
28 |

**CERTIFICATE OF SERVICE**

1

2          I declare that I am employed with the law firm of Weil, Gotshal & Manges LLP, whose address is 767 Fifth Avenue, New York, New York 10153.  I am not a party to the within cause, and I am over the age of eighteen years.  I further declare that on November 4, 2013, I

3    served a copy of:

4

**DEFENDANT PANASONIC CORPORATION'S ANSWER TO TARGET**

5    **CORPORATIONS'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEFENDANT MATSUSHITA TOSHIBA PICTURE DISPLAY**

6    **CO., LTD.'S ANSWER TO TARGET CORPORATION'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; AND DEFENDANT**

7    **PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER TO TARGET CORPORATION'S SECOND AMENDED COMPLAINT FOR DAMAGES AND**

8    **INJUNCTIVE RELIEF**

9

10          ☒    **BY ELECTRONIC FILING** by serving a true copy on this date of each document listed above via the Court's ECF Document Filing System on all interested parties registered for electronic filing in this action.

11

12          Executed on November 4, 2013 at New York, New York.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

13

14    _____
      Lara E. Veblen

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Certificate of Service
Individual Case No. 11-cv-05514

Case No. 07-5944 SC
MDL NO. 1917