1   SHEPPARD MULLIN RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
    GARY L. HALLING, Cal. Bar No. 66087
3   JAMES L. MCGINNIS, Cal. Bar No. 95788
    MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4   TYLER M. CUNNINGHAM, Cal. Bar No. 243694
    Four Embarcadero Center, 17th Floor
5   San Francisco, California  94111-4106
    Telephone:    415-434-9100
6   Facsimile:    415-434-3947
    E-mail:       ghalling@sheppardmullin.com
7                 jmcginnis@sheppardmullin.com
                  mscarborough@sheppardmullin.com
8                 tcunningham@sheppardmullin.com

9   Attorneys for Defendants
    SAMSUNG SDI AMERICA, INC., SAMSUNG
10  SDI CO., LTD., SAMSUNG SDI (MALAYSIA)
    SDN. BHD., SAMSUNG SDI MEXICO S.A. DE
11  C.V., SAMSUNG SDI BRASIL LTDA.,
    SHENZEN SAMSUNG SDI CO., LTD., and
12  TIANJIN SAMSUNG SDI CO., LTD.

13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                SAN FRANCISCO DIVISION

17

| | |
|---|---|
| 18  In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944-SC |
| 19 | MDL No. 1917 |
| 20 | (Individual Case No. 3:11-cv-06396-SC) |
| 21  This Document Relates to: 3:11-cv-06396-SC | **ANSWER OF DEFENDANTS SAMSUNG SDI AMERICA, INC., SAMSUNG SDI CO., LTD., SAMSUNG** |
| 22  COMPUCOM SYSTEMS, INC., | **SDI (MALAYSIA) SDN. BHD., SAMSUNG SDI MEXICO S.A. DE** |
| 23      Plaintiffs, | **C.V., SAMSUNG SDI BRASIL LTDA., SHENZHEN SAMSUNG SDI CO.,** |
| 24      v. | **LTD., AND TIANJIN SAMSUNG SDI CO., LTD. TO COMPUCOM** |
| 25  HITACHI, LTD., et al. | **SYSTEMS, INC.'S FIRST AMENDED** |
| 26      Defendants. | **COMPLAINT** |

27

28

1    Defendants Samsung SDI America, Inc. ("SDIA"), Samsung SDI Co., Ltd.

2  ("SDI Co."), Samsung SDI (Malaysia) Sdn Bhd. ("SDI Malaysia"), Samsung SDI Mexico

3  S.A. de C.V. ("SDI Mexico"), Samsung SDI Brasil Ltda. ("SDI Brasil"), Shenzhen

4  Samsung SDI Co. Ltd. ("SDI Shenzhen"), and Tianjin Samsung SDI Co., Ltd. ("SDI

5  Tianjin") (collectively "SDI" or the "Samsung SDI Defendants"), by and through their

6  undersigned counsel of record, answer Plaintiff CompuCom Systems, Inc.'s ("Plaintiff")

7  Complaint (the "Complaint") and allege additional or affirmative defenses as follows.  SDI

8  denies each and every allegation in the Complaint's section headings and in all portions of

9  the Complaint not contained in numbered paragraphs.  To the extent that the Complaint's

10  allegations concern persons and/or entities other than SDI, SDI denies that such allegations

11  support any claim for relief against SDI.

12    SDI responds to the Complaint in accordance with the former Special

13  Master's Report And Recommendations Regarding Defendants' Motions To Dismiss Direct

14  Action Complaints (Dkt. No. 1664); the Court's Order Adopting In Part And Modifying In

15  Part Special Master's Report And Recommendation On Defendants' Motion To Dismiss

16  The Direct Action Complaints (Dkt. No. 1856); and related orders dismissing certain

17  parties.  As a result of those orders, the Court dismissed, *inter alia*: (a) plaintiffs' claims

18  under the Massachusetts Consumer Protection Act, with leave to amend; (b) plaintiffs'

19  claims under the Washington Consumer Protection Act; (c) plaintiffs' claims under

20  California's laws for restitution and unjust enrichment; (d) plaintiffs' claims under the law

21  of New York based on pre-December 3, 1998 purchases; and (e) plaintiffs' claims under

22  claims the Nevada Unfair Trade Practices Act based on pre-October 1, 1999 purchases.

23  **I.    Introductory Allegations.**

24    1.    To the extent that the allegations of Paragraph 1 are definitional, SDI

25  avers that no response is required.  To the extent that a response is required and to the

26  extent that the allegations of Paragraph 1 relate to other defendants, SDI lacks knowledge

27  or information sufficient to form a belief as to their truth, and therefore denies them.  To

28  the extent that a response is required as to matters relating to SDI, SDI denies all of the

-1-

1  allegations of Paragraph 1 and all inferences arising therefrom.  Subject to the foregoing,

2  SDI acknowledges that Plaintiff in the Complaint purports to refer to cathode ray tubes as

3  "CRTs" and purports to refer to the period from at least March 1, 1995 through at least

4  November 25, 2007 as the "Relevant Period," although SDI disputes the propriety of such

5  definitions and any inferences arising therefrom.  SDI specifically denies that the

6  conspiracy, which SDI denies the existence of, extended from March 1, 1995 through

7  November 25, 2007.

8             2.       To the extent that the allegations of Paragraph 2 are definitional, SDI

9  avers that no response is required.  To the extent that a response is required and to the

10  extent that the allegations of Paragraph 2 relate to other defendants, SDI lacks knowledge

11  or information sufficient to form a belief as to their truth, and therefore denies them.  To

12  the extent that a response is required as to matters relating to SDI, SDI denies all of the

13  allegations of Paragraph 2 and all inferences arising therefrom.  Subject to the foregoing,

14  SDI acknowledges that Plaintiff in the Complaint purports to refer to (i) color picture tubes

15  as "CPTs," (ii) color display tubes as "CDTs," (iii) CPTs of all sizes and the products

16  containing them collectively as "CPT Products," (iv) CDTs of all sizes and the products

17  containing them collectively as "CDT Products," and (v) CDT Products and CPT Products

18  collectively as "CRT Products," although SDI disputes the propriety of such definitions

19  and any inferences arising therefrom.  SDI specifically denies that it manufactured any

20  electronic devices containing CPTs or CDTs.

21             3.       SDI avers that the allegations of Paragraph 3 constitute legal

22  contentions and/or conclusions to which no response is required, but SDI nonetheless

23  denies all of the allegations of Paragraph 3 to the extent they purport to pertain to SDI.

24  Further, to the extent that the allegations of Paragraph 3 relate to other defendants or other

25  persons, SDI lacks knowledge or information sufficient to form a belief as to their truth,

26  and therefore denies them.

27             4.       SDI avers that the allegations of Paragraph 4 constitute legal

28  contentions and/or conclusions to which no response is required, but SDI nonetheless

denies all of the allegations of Paragraph 4 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 4 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

5.     SDI avers that the allegations of Paragraph 5 and its subparts constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 5 and its subparts to the extent they purport to pertain to SDI.  SDI further denies all factual allegations of this Paragraph to the extent such allegations pertain to SDI. Further, to the extent that the allegations of Paragraph 5 and its subparts relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

6.     SDI avers that the allegations of Paragraph 6 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 6 to the extent they purport to pertain to SDI. SDI further denies all factual allegations of this Paragraph to the extent such allegations pertain to SDI.  Further, to the extent that the allegations of Paragraph 6 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

7.     SDI avers that the allegations of Paragraph 7 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 7 to the extent they purport to pertain to SDI. SDI further denies all factual allegations of this Paragraph to the extent such allegations pertain to SDI.  Further, to the extent that the allegations of Paragraph 7 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

8.     With the exception of matters specifically admitted herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies them.  SDI admits that the United States

-3-

Department of Justice ("DOJ") and other foreign competition authorities have announced investigations relating to the cathode ray tubes industry.  SDI admits on information and belief that C.Y. Lin, the former Chairman and CEO of Defendant Chunghwa Picture Tubes, Ltd., was indicted by a federal grand jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms of which are matters of public record.  SDI further admits on information and belief that five other individuals have been indicted in connection with the DOJ's investigation of the color display tubes industry.

9.      To the extent that the allegations of Paragraph 9 constitute legal contentions and/or conclusions, SDI avers that no response is required.  To the extent a response is required, SDI denies all of the allegations of Paragraph 9 to the extent they purport to pertain to SDI.  To the extent that the allegations of Paragraph 9 relate to other defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

**II.      Allegations Concerning Jurisdiction and Venue.**

10.      SDI admits that Plaintiffs purport to invoke the cited statutory provisions, but otherwise denies the allegations of Paragraph 10.

11.      SDI admits that Plaintiffs purport to invoke the cited state laws, but otherwise denies the allegations of Paragraph 11.

12.      SDI avers that the allegations of Paragraph 12 regarding subject matter jurisdiction and supplemental jurisdiction constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that allegations of Paragraph 12 relate to SDI, SDI denies all of the allegations of Paragraph 12.  To the extent that the allegations of Paragraph 12 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

13.      SDI avers that the allegations of Paragraph 13 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that allegations of Paragraph 13 relate to SDI, SDI

-4-

denies all of the allegations of Paragraph 13.  To the extent that the allegations of Paragraph 13 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

14.    SDI avers that the allegations of Paragraph 14 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that allegations of Paragraph 14 relate to SDI, SDI denies all of the allegations of Paragraph 14.  To the extent that the allegations of Paragraph 14 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

15.    SDI avers that the allegations of Paragraph 15 regarding venue constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that allegations of Paragraph 15 relate to SDI, SDI denies all of the allegations of Paragraph 15, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Co., SDI Malaysia, SDI Mexico, SDI Brazil, SDI Shenzen, and SDI Tianjin maintain principal places of business in foreign countries.  SDI further admits that SDIA is licensed to and is doing business in California.  To the extent that the allegations of Paragraph 15 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

III.    **Allegations Concerning the Parties.**

16.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore denies them.

17.    To the extent that the allegations of Paragraph 17 relate to other defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 17 relate to SDI, SDI denies all of those allegations.

18.    To the extent that the allegations of Paragraph 18 relate to other defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to

-5-

form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 18 relate to SDI, SDI denies all of those allegations.

19.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore denies them.

20.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore denies them.

21.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore denies them.

22.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies them.

23.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies them.

24.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies them.

25.     SDI avers that the allegations of Paragraph 25 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to Hitachi Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., Shenzhen SEG Hitachi Color Display Devices, Ltd., and Hitachi Electronic Devices (USA) collectively in the Complaint as "Hitachi."

26.      SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and therefore denies them.

27.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and therefore denies them.

28.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and therefore denies them.

29.     SDI avers that the allegations of Paragraph 29 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to Irico Group Corporation, Irico Group Electronics Co., Ltd., and Irico Display Devices Co.,

-6-

1    Ltd. collectively in the Complaint as "Irico."

2           30.    SDI lacks knowledge or information sufficient to form a belief as to

3    the truth of the allegations of Paragraph 30, and therefore denies them.

4           31.    SDI lacks knowledge or information sufficient to form a belief as to

5    the truth of the allegations of Paragraph 31, and therefore denies them.

6           32.    SDI avers that the allegations of Paragraph 32 are definitional, to

7    which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to

8    LG Electronics, Inc. and LG Electronics USA, Inc. collectively in the Complaint as "LG

9    Electronics."

10          33.    SDI lacks knowledge or information sufficient to form a belief as to

11   the truth of the allegations of Paragraph 33, and therefore denies them.

12          34.    SDI lacks knowledge or information sufficient to form a belief as to

13   the truth of the allegations of Paragraph 34, and therefore denies them.

14          35.    SDI lacks knowledge or information sufficient to form a belief as to

15   the truth of the allegations of Paragraph 35, and therefore denies them.

16          36.    SDI avers that the allegations of Paragraph 36 are definitional, to

17   which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

18   Panasonic Corporation and Panasonic Corporation of North America collectively in the

19   Complaint as "Panasonic."

20          37.    SDI lacks knowledge or information sufficient to form a belief as to

21   the truth of the allegations of Paragraph 37, and therefore denies them.

22          38.    SDI lacks knowledge or information sufficient to form a belief as to

23   the truth of the allegations of Paragraph 38, and therefore denies them.

24          39.    SDI lacks knowledge or information sufficient to form a belief as to

25   the truth of the allegations of Paragraph 39, and therefore denies them.

26          40.    SDI lacks knowledge or information sufficient to form a belief as to

27   the truth of the allegations of Paragraph 40, and therefore denies them.

28          41.    SDI lacks knowledge or information sufficient to form a belief as to

-7-

1   the truth of the allegations of Paragraph 41, and therefore denies them.

2          42.    SDI lacks knowledge or information sufficient to form a belief as to

3   the truth of the allegations of Paragraph 42, and therefore denies them.

4          43.    SDI avers that the allegations of Paragraph 43 are definitional, to

5   which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to

6   Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation,

7   Philips Electronics Industries (Taiwan), Ltd., and Philips da Amazonia Industria

8   Electronica Ltda. collectively in the Complaint as "Philips."

9          44.    SDI denies all of the allegations of Paragraph 44, with the exception

10  of matters specifically admitted herein.  SDI specifically denies that it has offices in

11  Chicago and San Diego.  SDI admits that SDI Co. is a publicly traded South Korean

12  company, but denies that its principal place of business is 575 Shin-dong, Youngtong-gu,

13  Suwon, South Korea.  SDI admits that Samsung Electronics Co., Ltd. ("SEC") holds

14  almost 20 percent of SDI Co.'s stock, but specifically denies that SEC dominated or

15  controlled SDI Co.  The Samsung SDI Defendants aver that SDI Co. and SEC are

16  independent, separately owned, publicly traded corporations and demand strict proof to the

17  contrary.

18         45.    SDI denies each and every allegation of Paragraph 45.

19         46.    SDI denies all of the allegations of Paragraph 46, with the exception

20  of matters specifically admitted herein as follows.  SDI specifically denies that Samsung

21  SDI Mexico is a wholly-owned subsidiary of Samsung SDI and that Samsung SDI Mexico

22  manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that

23  SEC dominated and controlled Samsung SDI Mexico.  SDI admits that SDI Mexico is a

24  Mexican company with its principal place of business located at Blvd. Los Olivos, No.

25  21014, Parque Industrial El Florido, Tijuana, B.C. Mexico.

26         47.    SDI denies all of the allegations of Paragraph 47, with the exception

27  of matters specifically admitted herein as follows.  SDI specifically denies that SDI Brazil

28  is a wholly-owned subsidiary of Samsung SDI and that SDI Brazil manufactured,

-8-

marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated

and controlled SDI Brazil.  SDI admits that SDI Brasil is a Brazilian company with its

principal place of business located at Av. Eixo Norte Sul, S/N, Distrito Industrial, 69088-

480 Manaus, Amazonas, Brazil.

48.     SDI denies all of the allegations of Paragraph 48, with the exception

of matters specifically admitted herein as follows.  SDI specifically denies that SDI

Shenzhen is a wholly-owned subsidiary of Samsung SDI and that SDI Shenzhen

manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that

SEC dominated and controlled SDI Shenzhen.  SDI admits that SDI Shenzhen is a Chinese

company with its principal place of business located at Huanggang Bei Lu, Futian Gu,

Shenzhen, China.

49.     SDI denies all of the allegations of Paragraph 49, with the exception

of matters specifically admitted herein as follows.  SDI specifically denies that SDI Tianjin

is a wholly-owned subsidiary of Samsung SDI and that SDI Tianjin manufactured,

marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated

and controlled SDI Tianjin.  SDI admits that SDI Tianjin is a Chinese company with its

principal place of business located at Developing Zone of Yi-Xian Park, Wuqing County,

Tianjin, China.

50.     SDI denies all of the allegations of Paragraph 50, with the exception

of matters specifically admitted herein as follows.  SDI specifically denies that SDI

Malaysia is a wholly-owned subsidiary of Samsung SDI and that SDI Malaysia

manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that

SEC dominated and controlled SDI Malaysia.   SDI admits that SDI Malaysia is a

Malaysian company with its principal place of business at Lots 635 & 660, Kawasan

Perindustrian, Tuanku Jafaar, 71450 Sungai Gadut, Negeri Sembilan Darul Khusus,

Malaysia.

51.     SDI avers that the allegations of Paragraph 51 are definitional, to

which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to

-9-

SAMSUNG SDI DEFENDANTS' ANSWER TO
COMPUCOM'S FIRST AMENDED COMPLAINT

SDI Co., SDIA, SDI Mexico, SDI Brasil, SDI Shenzhen, SDI Tianjin, and SDI Malaysia collectively in the Complaint as "Samsung," although SDI disputes the propriety of such reference and any inferences that may be drawn therefrom.

52.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52, and therefore denies them.

53.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and therefore denies them.

54.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and therefore denies them.

55.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and therefore denies them.

56.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and therefore denies them.

57.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and therefore denies them.

58.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58, and therefore denies them.

59.     SDI avers that the allegations of Paragraph 59 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc. collectively in the Complaint as "Toshiba."

60.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60, and therefore denies them.

61.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61, and therefore denies them.

62.      SDI avers that the allegations of Paragraph 62 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

-10-

Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. collectively in the Complaint as "Chunghwa."

**IV.    Allegations Concerning Supposed Agents and Co-Conspirators.**

63.    To the extent that the allegations of Paragraph 63 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 63 relate to SDI, SDI denies all of those allegations.

64.    To the extent that the allegations of Paragraph 64 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 64 relate to SDI, SDI denies all of those allegations.

65.    To the extent that the allegations of Paragraph 65 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 65 relate to SDI, SDI denies all of those allegations.

66.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66, and therefore denies them.

67.    SDI avers that the allegations of Paragraph 67 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to Daewoo Electronics Co., Ltd., Orion Electronic Co., and Daewoo-Orion Societe Anonyme collectively in the Complaint as "Daewoo."

68.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68, and therefore denies them.

69.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69, and therefore denies them.

70.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70, and therefore denies them.

71.    To the extent that the allegations of Paragraph 71 relate to other

-11-

defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 71 relate to SDI, SDI denies all of those allegations.

**V.      Allegations Concerning Trade and Commerce.**

72.      SDI avers that the allegations of Paragraph 72 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 72 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 72 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

73.      SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73, and therefore denies them.

74.      SDI avers that the allegations of Paragraph 74 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 74 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 74 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

**VI.     Factual Allegations.**

75.      To the extent that the allegations of Paragraph 75 are definitional, SDI avers that no response is required.  To the extent a response is required, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75, and therefore denies them.

76.      SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76, and therefore denies them.

77.      To the extent that the allegations of Paragraph 77 are definitional, SDI avers that no response is required.  To the extent a response is required, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

-12-

1    Paragraph 77, and therefore denies them.

2                78.    SDI lacks knowledge or information sufficient to form a belief as to

3    the truth of the allegations of Paragraph 78, and therefore denies them.

4                79.    To the extent that the allegations of Paragraph 79 are definitional, SDI

5    avers that no response is required.  To the extent a response is required, SDI lacks

6    knowledge or information sufficient to form a belief as to the truth of the allegations of

7    Paragraph 79, and therefore denies them, with the exception of matters specifically

8    admitted herein as follows.  SDI admits that CRTs can be subdivided into CDTs and CPTs.

9    SDI further admits that CPTs are used primarily in televisions and related devices and that

10   CDTs are primarily used in computer monitors and similar devices.

11               80.    SDI lacks knowledge or information sufficient to form a belief as to

12   the truth of the allegations of Paragraph 80, and therefore denies them.

13               81.    SDI lacks knowledge or information sufficient to form a belief as to

14   the truth of the allegations of Paragraph 81, and therefore denies them.

15               82.    SDI denies the allegations in the last sentence of Paragraph 82.  SDI

16   lacks knowledge or information sufficient to form a belief as to the truth of the remaining

17   allegations of Paragraph 82.

18               83.    SDI denies the allegations in the second and third sentences of

19   Paragraph 83.  SDI lacks knowledge or information sufficient to form a belief as to the

20   truth of the remaining allegations of Paragraph 83.

21               84.    SDI denies each and every allegation of Paragraph 84.

22               85.    SDI lacks knowledge or information sufficient to form a belief as to

23   the truth of the allegations of Paragraph 85, and therefore denies them.

24               86.    To the extent that the allegations of Paragraph 86 relate to other

25   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

26   and therefore denies them.  To the extent that the allegations of Paragraph 86 relate to SDI,

27   SDI denies all of those allegations.

28               87.    To the extent that the allegations of Paragraph 87 relate to other

-13-

1  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

2  and therefore denies them.  To the extent that the allegations of Paragraph 87 relate to SDI,

3  SDI denies all of those allegations.

4          88.    To the extent that the allegations of Paragraph 88 relate to other

5  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

6  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 88

7  relate to SDI, SDI denies all of those allegations, with the exception of matters specifically

8  admitted herein as follows.  SDI admits that, during at least portions of the alleged period,

9  SDI Co. was a member of the EDIRAK (the Electronic Display Industrial Research

10  Association of Korea) and KODEMIA (the Korean Display Equipment Material Industry

11  Association).  SDI specifically denies that such trade associations furthered or in any way

12  connected with the "conspiracy" alleged in Paragraph 88 of Complaint.

13          89.    SDI lacks knowledge or information sufficient to form a belief as to

14  the truth of the allegations of Paragraph 89, and therefore denies them.

15          90.    To the extent that the allegations of Paragraph 90 relate to other

16  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

17  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 90

18  relate to SDI, SDI denies all of those allegations.

19          91.    To the extent that the allegations of Paragraph 91 and its subparts

20  relate to other defendants or entities, SDI lacks knowledge or information sufficient to

21  form a belief as to their truth, and therefore denies them.  To the extent that the allegations

22  of Paragraph 91 and its subparts relate to SDI, SDI denies all of those allegations.

23          92.    To the extent that the allegations of Paragraph 92 relate to other

24  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

25  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 92

26  relate to SDI, SDI denies all of those allegations.

27          93.    To the extent that the allegations of Paragraph 93 relate to other

28  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

-14-

1  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 93

2  relate to SDI, SDI denies all of those allegations.

3          94.     SDI lacks knowledge or information sufficient to form a belief as to

4  the truth of the allegations of Paragraph 94, and therefore denies them.

5          95.     SDI lacks knowledge or information sufficient to form a belief as to

6  the truth of the allegations of Paragraph 95, and therefore denies them.

7          96.     To the extent that the allegations of Paragraph 96 relate to other

8  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

9  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 96

10  relate to SDI, SDI denies all of those allegations.

11          97.     To the extent that the allegations of Paragraph 97 relate to other

12  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

13  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 97

14  relate to SDI, SDI denies all of those allegations.

15          98.     SDI lacks knowledge or information sufficient to form a belief as to

16  the truth of the allegations of Paragraph 98, and therefore denies them.

17          99.     SDI lacks knowledge or information sufficient to form a belief as to

18  the truth of the allegations of Paragraph 99, and therefore denies them.

19          100.     SDI lacks knowledge or information sufficient to form a belief as to

20  the truth of the allegations of Paragraph 100, and therefore denies them.

21          101.     SDI lacks knowledge or information sufficient to form a belief as to

22  the truth of the allegations of Paragraph 101, and therefore denies them.

23          102.     To the extent that the allegations of Paragraph 102 relate to other

24  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

25  and therefore denies them.  To the extent that the allegations of Paragraph 102 relate to

26  SDI, SDI denies all of those allegations.

27          103.     To the extent that the allegations of Paragraph 103 relate to other

28  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

-15-

1  and therefore denies them.  To the extent that the allegations of Paragraph 103 relate to

2  SDI, SDI denies all of those allegations.

3          104.    To the extent that the allegations of Paragraph 104 relate to other

4  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

5  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 104

6  relate to SDI, SDI denies all of those allegations.

7          105.    To the extent that the allegations of Paragraph 105 relate to other

8  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

9  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 105

10  relate to SDI, SDI denies all of those allegations.

11          106.    To the extent that the allegations of Paragraph 106 relate to other

12  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

13  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 106

14  relate to SDI, SDI denies all of those allegations.

15          107.    To the extent that the allegations of Paragraph 107 relate to other

16  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

17  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 107

18  relate to SDI, SDI denies all of those allegations.

19          108.    SDI denies each and every allegation of Paragraph 108.

20          109.    To the extent that the allegations of Paragraph 109 relate to other

21  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

22  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 109

23  relate to SDI, SDI denies all of those allegations.

24          110.    To the extent that the allegations of Paragraph 110 relate to other

25  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

26  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 110

27  relate to SDI, SDI denies all of those allegations.

28          111.    To the extent that the allegations of Paragraph 111 relate to other

-16-

1    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

2    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 111

3    relate to SDI, SDI denies all of those allegations.

4              112.   To the extent that the allegations of Paragraph 112 relate to other

5    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

6    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 112

7    relate to SDI, SDI denies all of those allegations.

8              113.   To the extent that the allegations of Paragraph 113 relate to other

9    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

10   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 113

11   relate to SDI, SDI denies all of those allegations.

12             114.   To the extent that the allegations of Paragraph 114 relate to other

13   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

14   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 114

15   relate to SDI, SDI denies all of those allegations.

16             115.   To the extent that the allegations of Paragraph 115 relate to other

17   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

18   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 115

19   relate to SDI, SDI denies all of those allegations.

20             116.   To the extent that the allegations of Paragraph 116 relate to other

21   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

22   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 116

23   relate to SDI, SDI denies all of those allegations.

24             117.   To the extent that the allegations of Paragraph 117 relate to other

25   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

26   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 117

27   relate to SDI, SDI denies all of those allegations.

28             118.   To the extent that the allegations of Paragraph 118 relate to other

-17-

1   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

2   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 118

3   relate to SDI, SDI denies all of those allegations.

4           119.    To the extent that the allegations of Paragraph 119 relate to other

5   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

6   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 119

7   relate to SDI, SDI denies all of those allegations.

8           120.    To the extent that the allegations of Paragraph 120 relate to other

9   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

10  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 120

11  relate to SDI, SDI denies all of those allegations.

12          121.    To the extent that the allegations of Paragraph 121 and its subparts

13  relate to other defendants or entities, SDI lacks knowledge or information sufficient to

14  form a belief as to their truth, and therefore denies them.  To the extent that the allegations

15  of Paragraph 121 and its subparts relate to SDI, SDI denies all of those allegations.

16          122.    To the extent that the allegations of Paragraph 122 and its subparts

17  relate to other defendants or entities, SDI lacks knowledge or information sufficient to

18  form a belief as to their truth, and therefore denies them.  To the extent that the allegations

19  of Paragraph 122 and its subparts relate to SDI, SDI denies all of those allegations.

20          123.    To the extent that the allegations of Paragraph 123 relate to other

21  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

22  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 123

23  relate to SDI, SDI denies all of those allegations.

24          124.    To the extent that the allegations of Paragraph 124 relate to other

25  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

26  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 124

27  relate to SDI, SDI denies all of those allegations.

28          125.    To the extent that the allegations of Paragraph 125 relate to other

-18-

defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 125 relate to SDI, SDI denies all of those allegations.

126.    To the extent that the allegations of Paragraph 126 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 126 relate to SDI, SDI denies all of those allegations.

127.    To the extent that the allegations of Paragraph 127 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 127 relate to SDI, SDI denies all of those allegations.

128.    To the extent that the allegations of Paragraph 128 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 128 relate to SDI, SDI denies all of those allegations.

129.    To the extent that the allegations of Paragraph 129 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 129 relate to SDI, SDI denies all of those allegations.

130.    To the extent that the allegations of Paragraph 130 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 130 relate to SDI, SDI denies all of those allegations.

131.    To the extent that the allegations of Paragraph 131 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 131 relate to SDI, SDI denies all of those allegations.

132.    To the extent that the allegations of Paragraph 132 relate to other

-19-

1   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

2   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 132

3   relate to SDI, SDI denies all of those allegations.

4                    133.    To the extent that the allegations of Paragraph 133 relate to other

5   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

6   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 133

7   relate to SDI, SDI denies all of those allegations.

8                    134.    To the extent that the allegations of Paragraph 134 relate to other

9   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

10  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 134

11  relate to SDI, SDI denies all of those allegations.

12                   135.    To the extent that the allegations of Paragraph 135 relate to other

13  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

14  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 135

15  relate to SDI, SDI denies all of those allegations.

16                   136.    To the extent that the allegations of Paragraph 136 relate to other

17  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

18  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 136

19  relate to SDI, SDI denies all of those allegations.

20                   137.    To the extent that the allegations of Paragraph 137 relate to other

21  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

22  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 137

23  relate to SDI, SDI denies all of those allegations.

24                   138.    To the extent that the allegations of Paragraph 138 relate to other

25  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

26  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 138

27  relate to SDI, SDI denies all of those allegations.

28                   139.    To the extent that the allegations of Paragraph 139 relate to other

-20-

SAMSUNG SDI DEFENDANTS' ANSWER TO
COMPUCOM'S FIRST AMENDED COMPLAINT

defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 139 relate to SDI, SDI denies all of those allegations.

140.    To the extent that the allegations of Paragraph 140 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 140 relate to SDI, SDI denies all of those allegations.

141.    To the extent that the allegations of Paragraph 141 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 141 relate to SDI, SDI denies all of those allegations.

142.    To the extent that the allegations of Paragraph 142 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 142 relate to SDI, SDI denies all of those allegations.

143.    To the extent that the allegations of Paragraph 143 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 143 relate to SDI, SDI denies all of those allegations.

144.    To the extent that the allegations of Paragraph 144 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 144 relate to SDI, SDI denies all of those allegations.

145.    To the extent that the allegations of Paragraph 145 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 145 relate to SDI, SDI denies all of those allegations.

146.    To the extent that the allegations of Paragraph 146 relate to other

-21-

1  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

2  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 146

3  relate to SDI, SDI denies all of those allegations.

4          147.    To the extent that the allegations of Paragraph 147 relate to other

5  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

6  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 147

7  relate to SDI, SDI denies all of those allegations.

8          148.    To the extent that the allegations of Paragraph 148 relate to other

9  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

10  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 148

11  relate to SDI, SDI denies all of those allegations.

12          149.    To the extent that the allegations of Paragraph 149 relate to other

13  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

14  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 149

15  relate to SDI, SDI denies all of those allegations.

16          150.    SDI denies each and every allegation of Paragraph 150.

17          151.    SDI lacks knowledge or information sufficient to form a belief as to

18  the truth of the allegations of Paragraph 151, and therefore denies them, with the exception

19  of matters specifically admitted herein as follows.  SDI admits that cathode ray tubes can

20  be used in certain television and computer monitor products.

21          152.    SDI lacks knowledge or information sufficient to form a belief as to

22  the truth of the allegations of Paragraph 152, and therefore denies them.

23          153.    SDI lacks knowledge or information sufficient to form a belief as to

24  the truth of the allegations of Paragraph 153, and therefore denies them.

25          154.    SDI lacks knowledge or information sufficient to form a belief as to

26  the truth of the allegations of Paragraph 154, and therefore denies them.

27          155.    SDI lacks knowledge or information sufficient to form a belief as to

28  the truth of the allegations of Paragraph 155, and therefore denies them.

-22-

1    156. SDI lacks knowledge or information sufficient to form a belief as to

2 the truth of the allegations of Paragraph 156, and therefore denies them.

3    157. To the extent that the allegations of Paragraph 157 relate to other

4 defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

5 and therefore denies them.  To the extent that the allegations of Paragraph 157 relate to

6 SDI, SDI denies all of those allegations.

7    158. To the extent that the allegations of Paragraph 158 relate to other

8 defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

9 and therefore denies them.  To the extent that the allegations of Paragraph 158 relate to

10 SDI, SDI denies all of those allegations.

11    159. To the extent that the allegations of Paragraph 159 relate to other

12 defendants or other persons, SDI lacks knowledge or information sufficient to form a

13 belief as to their truth, and therefore denies them.  To the extent that the allegations of

14 Paragraph 159 relate to SDI, SDI denies all of those allegations.

15    160. SDI lacks knowledge or information sufficient to form a belief as to

16 the truth of the allegations of Paragraph 160, and therefore denies them.

17    161. SDI lacks knowledge or information sufficient to form a belief as to

18 the truth of the allegations of Paragraph 161, and therefore denies them.

19    162. SDI denies each and every allegation of Paragraph 162.

20    163. With the exception of matters specifically admitted on information

21 and belief herein as follows, SDI lacks knowledge or information sufficient to form a

22 belief as to the truth of the allegations in Paragraph 163, and therefore denies them.  SDI

23 admits that it was reported that antitrust authorities in Europe, Japan, and South Korea

24 conducted investigations relating to the cathode ray tube industry.

25    164. SDI lacks knowledge or information sufficient to form a belief as to

26 the truth of the allegations of Paragraph 164, and therefore denies them.  With respect to

27 the document purportedly quoted from in Paragraph 164, SDI refers Plaintiffs to the

28 referenced document for a description of its content.

-23-

1           165.   To the extent that the allegations of Paragraph 165 relate to other

2  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

3  and therefore denies them.  To the extent that the allegations of Paragraph 165 relate to

4  SDI, SDI denies all of those allegations, with the exception of matters specifically

5  admitted herein as follows.  SDI admits that, in or about May, 2008, the Hungarian

6  Competition Authority ("HCA") announced its own investigation of the cathode ray tubes

7  industry.  With respect to the HCA announcement purportedly quoted from in Paragraph

8  165, SDI refers Plaintiffs to the referenced document for a description of its content.

9           166.   With the exception of matters specifically admitted on information

10  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

11  belief as to the truth of the allegations in Paragraph 166, and therefore denies them.  SDI

12  admits on information and belief that C.Y. Lin, the former Chairman and CEO of

13  Defendant Chunghwa Picture Tubes, Ltd., was indicted by a federal grand jury in

14  connection with the DOJ's investigation of the cathode ray tubes industry, the terms of

15  which are matters of public record.  With respect to the press release purportedly quoted

16  from in Paragraph 166, SDI refers Plaintiffs to the referenced document for a description

17  of its content.

18           167.   With the exception of matters specifically admitted on information

19  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

20  belief as to the truth of the allegations in Paragraph 167, and therefore denies them.  SDI

21  admits on information and belief that Wu Jen Cheng, formerly of Chunghwa Picture

22  Tubes, Ltd., was indicted by a federal grand jury in connection with the DOJ's

23  investigation of the cathode ray tubes industry, the terms of which are matters of public

24  record.  With respect to the press release purportedly characterized in Paragraph 167, SDI

25  refers Plaintiffs to the referenced document for a description of its content.

26           168.   With the exception of matters specifically admitted on information

27  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

28  belief as to the truth of the allegations in Paragraph 168, and therefore denies them.  SDI

admits on information and belief that Chung Cheng Yeh was indicted by a federal grand jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms of which are matters of public record.  With respect to the press release purportedly quoted from in Paragraph 168, SDI refers Plaintiffs to the referenced document for a description of its content.

169.   With the exception of matters specifically admitted on information and belief herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169, and therefore denies them.  SDI admits on information and belief that Seung-Kyu Lee, Yeong-Ug Yang and Jae-Sik Kim were indicted by a federal grand jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms of which are matters of public record.  With respect to the press release purportedly quoted from in Paragraph 169, SDI refers Plaintiffs to the referenced document for a description of its content.

170.   SDI denies the allegations in Paragraph 170, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an amended plea agreement with the United States related to an investigation of the cathode ray tubes industry, the terms of which are matters of public record.  With respect to the documents purportedly described in Paragraph 170, SDI refers Plaintiff to the referenced documents for a description of their specific contents.

171.   SDI denies the allegations in Paragraph 171, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an amended plea agreement with the United States related to an investigation of the cathode ray tubes industry, the terms of which are matters of public record.  With respect to the documents purportedly described in Paragraph 171, SDI refers Plaintiff to the referenced documents for a description of their specific contents.

172.   SDI denies the allegations in Paragraph 172, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an amended plea agreement with the United States related to an investigation of the cathode

-25-

1  ray tubes industry, the terms of which are matters of public record.  With respect to the

2  documents purportedly described in Paragraph 172, SDI refers Plaintiff to the referenced

3  documents for a description of their specific contents.

4         173.    With the exception of matters specifically admitted herein as follows,

5  SDI lacks knowledge or information sufficient to form a belief as to the truth of the

6  allegations in Paragraph 173, and therefore denies them.  SDI admits that the European

7  Commission has announced fines relating to its investigation into the cathode ray tubes

8  industry, and the details regarding that announcement are matters of public record.  SDI

9  admits that the European Commission fined SDI Co. in connection with its investigation.

10  With respect to the document purportedly described in Paragraph 173, SDI refers Plaintiff

11  to the referenced document for a description of its specific contents.

12         174.    To the extent that the allegations of Paragraph 174 relate to other

13  defendants or other persons, SDI lacks knowledge or information sufficient to form a

14  belief as to their truth, and therefore denies them.  To the extent that the allegations of

15  Paragraph 174 relate to SDI, SDI denies all of those allegations.

16         175.    To the extent that the allegations of Paragraph 175 relate to SDI, SDI

17  denies all of those allegations.  To the extent that the allegations of Paragraph 175 relate to

18  other defendants, SDI lacks knowledge or information sufficient to form a belief as to their

19  truth, and therefore denies them, with the exception of matters specifically admitted herein

20  as follows.  SDI admits on information and belief that SEC entered into a plea agreement

21  with the United States related to an investigation of dynamic random access memory, the

22  terms of which are matters of public record.

23         176.    To the extent that the allegations of Paragraph 176 relate to SDI, SDI

24  denies all of those allegations.  To the extent that the allegations of Paragraph 176 relate to

25  other defendants, SDI lacks knowledge or information sufficient to form a belief as to their

26  truth, and therefore denies them.

27         177.    SDI lacks knowledge or information sufficient to form a belief as to

28  the truth of the allegations of Paragraph 177, and therefore denies them.

178.    To the extent that the allegations of Paragraph 178 relate to SDI, SDI denies all of those allegations.  To the extent that the allegations of Paragraph 178 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

179.    With the exception of matters specifically admitted on information and belief herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179, and therefore denies them.  SDI admits on information and belief that LG Display Co., Ltd., Sharp Corporation, and Chunghwa Picture Tubes, Ltd. entered into plea agreements with the DOJ related to an investigation of the TFT-LCD industry, the terms of which are matters of public record.

180.    With the exception of matters specifically admitted on information and belief herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180, and therefore denies them.  SDI admits on information and belief that Hitachi, Ltd. entered into a plea agreement with the DOJ related to an investigation of the TFT-LCD industry, the terms of which are matters of public record.

181.    To the extent that the allegations of Paragraph 181 relate to SDI, SDI denies all of those allegations.  To the extent that the allegations of Paragraph 181 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them, with the exception of matters specifically admitted on information and belief herein as follows.  SDI admits on information and belief that LG Display Co., Ltd., Sharp Corporation, Chunghwa Picture Tubes, Ltd., and Hitachi, Ltd. entered into plea agreements with the DOJ related to an investigation of the TFT-LCD industry, the terms of which are matters of public record.

182.    To the extent that the allegations of Paragraph 182 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 182 relate to SDI, SDI denies all of those allegations, with the exception of matters specifically

-27-

1   admitted herein as follows.  SDI admits that, during at least portions of the alleged period,

2   SDI Co. attended the Korea Display Conference.  SDI specifically denies that such trade

3   associations furthered or in any way connected with the "collusive activities" alleged in

4   Paragraph 182 of Complaint.

5           183.    To the extent that the allegations of Paragraph 183 relate to other

6   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

7   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 183

8   relate to SDI, SDI denies all of those allegations, with the exception of matters specifically

9   admitted herein as follows.  SDI admits that, during at least portions of the alleged period,

10  SDI Co. attended the Korea Display Conference.  SDI further admits that, during at least

11  portions of the alleged period, SDI Co. was a member of KODEMIA and EDIRAK.  SDI

12  specifically denies that such trade associations furthered or in any way connected with the

13  "collusive activities" alleged in Paragraph 183 of Complaint.

14          184.    To the extent that the allegations of Paragraph 184 relate to other

15  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 184

17  relate to SDI, SDI denies all of those allegations, with the exception of matters specifically

18  admitted herein as follows.  SDI admits that, during at least portions of the alleged period,

19  H.K. Chung, Woo Jong Lee, Bae Choel-Han, Jung Ho-Gyun and H.C. Kim attended the

20  Korea Display Conference.

21          185.    To the extent that the allegations of Paragraph 185 relate to other

22  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

23  and therefore denies them. To the extent that the allegations of Paragraph 185 relate to

24  SDI, SDI denies all of those allegations.

25          186.    To the extent that the allegations of Paragraph 186 relate to other

26  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

27  and therefore denies them.  To the extent that the allegations of Paragraph 186 relate to

28  SDI, SDI denies all of those allegations.

-28-

187.    To the extent that the allegations of Paragraph 187 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 187 relate to SDI, SDI denies all of those allegations.

188.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 188, and therefore denies them.

189.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 189, and therefore denies them.

190.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 190, and therefore denies them.

191.    SDI denies all the allegations of Paragraph 191, with the exception of matters specifically admitted herein as follows.  SDI admits that, in late 2005, SDI closed its cathode ray tube factory in Germany.

192.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 192, and therefore denies them.

193.    To the extent that the allegations of Paragraph 193 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 193 relate to SDI, SDI denies all of those allegations.

194.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 194, and therefore denies them.

195.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 195, and therefore denies them.

196.    SDI denies the allegations in the last sentence of Paragraph 196.  SDI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 196, and therefore denies them.

197.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 197, and therefore denies them.

198.   SDI denies the allegations in the last sentence of Paragraph 198.  SDI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 198, and therefore denies them.

199.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 199, and therefore denies them.

200.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 200, and therefore denies them.

201.   SDI denies each and every allegation of Paragraph 201.

202.   To the extent that the allegations of Paragraph 202 and its subparts relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 202 and its subparts relate to SDI, SDI denies all of those allegations.

## VII.   Allegations Concerning Plaintiff's Supposed Injuries.

203.   To the extent the allegations of Paragraph 203 constitute legal conclusions and/or contentions, SDI avers that no response is required.  To the extent that a response is required, SDI denies all of the allegations of Paragraph 203.

204.   To the extent that the allegations of Paragraph 204 relate to other defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 204 relate to SDI, SDI denies all of those allegations.

205.   To the extent that the allegations of Paragraph 205 relate to other defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 205 relate to SDI, SDI denies all of those allegations.

206.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 206, and therefore denies them.

207.   To the extent that the allegations of Paragraph 207 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

-30-

1  and therefore denies them.  To the extent that the allegations of Paragraph 207 relate to

2  SDI, SDI denies all of those allegations.

3        208.   To the extent that the allegations of Paragraph 208 relate to other

4  defendants or other persons, SDI lacks knowledge or information sufficient to form a

5  belief as to their truth, and therefore denies them.  To the extent that the allegations of

6  Paragraph 208 relate to SDI, SDI denies all of those allegations.

7        209.   SDI denies each and every allegation of Paragraph 209.

8  **VIII.   Allegations Concerning Supposed Fraudulent Concealment.**

9        210.   SDI denies each and every allegation of Paragraph 210.

10        211.   SDI denies each and every allegation of Paragraph 211.

11        212.   To the extent that the allegations of Paragraph 212 relate to other

12  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

13  and therefore denies them.  To the extent that the allegations of Paragraph 212 relate to

14  SDI, SDI denies all of those allegations.

15        213.   SDI denies each and every allegation of Paragraph 213.

16        214.   SDI denies each and every allegation of Paragraph 214.

17        215.   To the extent that the allegations of Paragraph 215 relate to other

18  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

19  and therefore denies them.  To the extent that the allegations of Paragraph 215 relate to

20  SDI, SDI denies all of those allegations.

21        216.   To the extent that the allegations of Paragraph 216 relate to other

22  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

23  and therefore denies them.  To the extent that the allegations of Paragraph 216 relate to

24  SDI, SDI denies all of those allegations.

25        217.   SDI denies the allegations in the last sentence of Paragraph 217.  SDI

26  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

27  allegations of Paragraph 217, and therefore denies them.

28        218.   SDI denies the allegations in the last sentence of Paragraph 218.  SDI

-31-

1  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

2  allegations of Paragraph 218, and therefore denies them.

3         219.   To the extent that the allegations of Paragraph 219 relate to other

4  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

5  and therefore denies them.  To the extent that the allegations of Paragraph 219 relate to

6  SDI, SDI denies all of those allegations.

7         220.   SDI lacks knowledge or information sufficient to form a belief as to

8  the truth of the allegations of Paragraph 220, and therefore denies them.

9         221.   To the extent that the allegations of Paragraph 221 relate to other

10  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

11  and therefore denies them.  To the extent that the allegations of Paragraph 221 relate to

12  SDI, SDI denies all of those allegations.

13         222.   SDI denies each and every allegation of Paragraph 222.

14  **IX.   Allegations Concerning Purported *American Pipe*, Government Action, and**

15  **Cross-Jurisdictional Tolling.**

16         223.   SDI repeats and incorporates by reference its responses to Paragraphs

17  166 to 172 of the Complaint with the same force and effect as if set forth herein at length.

18  SDI avers that the allegations of Paragraph 223 constitute legal contentions and/or

19  conclusions to which no response is required.  To the extent a response is required, SDI

20  denies the allegations of the second sentence of Paragraph 223.  To the extent a response is

21  required, and to the extent the first sentence of Paragraph 223 relates to other defendants or

22  entities, SDI lacks knowledge or information sufficient to form a belief as to their truth,

23  and therefore denies them.  To the extent a response is required, and to the extent the first

24  sentence of Paragraph 223 relates to SDI, SDI denies those allegations, with the exception

25  of matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an

26  amended plea agreement with the United States related to an investigation of the cathode

27  ray tubes industry, the terms of which are matters of public record.

28         224.   SDI avers that the allegations of Paragraph 224 constitute legal

-32-

1  contentions and/or conclusions to which no response is required.  To the extent a response

2  is required, SDI lacks knowledge or information sufficient to form a belief as to the truth

3  of the allegations of Paragraph 224, and therefore denies them.

4  　　　　225.　SDI avers that the allegations of Paragraph 225 constitute legal

5  contentions and/or conclusions to which no response is required.  To the extent a response

6  is required, SDI denies all of the allegations of Paragraph 225.

7  **X.　Allegations Concerning Claim for Violations**

8  <u>**First Claim for Relief**</u>

9  <u>**(Alleged Violation of Section 1 of the Sherman Act)**</u>

10  　　　　226.　SDI repeats and incorporates by reference its responses to Paragraphs

11  1 through 225 of the Complaint with the same force and effect as if set forth herein at

12  length.

13  　　　　227.　SDI avers that the allegations of Paragraph 227 constitute legal

14  contentions and/or conclusions to which no response is required, but SDI nonetheless

15  denies all of those allegations.

16  　　　　228.　SDI denies each and every allegation of Paragraph 228.

17  　　　　229.　SDI denies each and every allegation of Paragraph 229.

18  　　　　230.　SDI denies each and every allegation of Paragraph 230.

19  　　　　231.　SDI denies each and every allegation of Paragraph 231, including its

20  subparts.

21  　　　　232.　SDI denies each and every allegation of Paragraph 232.

22  <u>**Second Claim for Relief**</u>

23  <u>**(Alleged Violation of the California Cartwright Act)**</u>

24  　　　　233.　SDI repeats and incorporates by reference its responses to Paragraphs

25  1 through 232 of the Complaint with the same force and effect as if set forth herein at

26  length.

27  　　　　234.　To the extent that the allegations of Paragraph 234 constitute legal

28  conclusions and/or contentions, SDI avers that no response is required.  To the extent that

-33-

1  a response is required, and to the extent the allegations of Paragraph 234 relate to other

2  defendants, plaintiff, or other persons, SDI lacks knowledge or information sufficient to

3  form a belief as to their truth, and therefore denies them.  To the extent that the allegations

4  of Paragraph 234 relate to SDI, SDI denies all of those allegations.

5            235.    To the extent that the allegations of Paragraph 235 relate to other

6  defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

7  to their truth, and therefore denies them.  To the extent that the allegations of Paragraph

8  235 relate to SDI, SDI denies all of those allegations, with the exception of matters

9  specifically admitted herein as follows.  SDI admits that SDIA maintained offices in

10 California during at least portions of the alleged period.  SDI further admits that SDI Co.

11 entered into an amended plea agreement with the United States related to an investigation

12 of the cathode ray tubes industry, the terms of which are matters of public record.

13            236.    SDI denies each and every allegation of Paragraph 236.

14            237.    SDI denies each and every allegation of Paragraph 237.

15            238.    SDI denies each and every allegation of Paragraph 238, including its

16 subparts.

17            239.    SDI denies each and every allegation of Paragraph 239, including its

18 subparts.

19            240.    SDI denies each and every allegation of Paragraph 240.

20            241.    SDI denies each and every allegation of Paragraph 241.

21                          **Third Claim for Relief**

22              **(Alleged Violation of California Unfair Competition Law)**

23            242.    SDI repeats and incorporates by reference its responses to Paragraphs

24 1 through 241 of the Complaint with the same force and effect as if set forth herein at

25 length.

26            243.    SDI denies each and every allegation of Paragraph 243.

27            244.    SDI avers that the allegations of Paragraph 244 constitute legal

28 contentions and/or conclusions to which no response is required.  To the extent a response

-34-

1   is required, SDI denies the allegations of Paragraph 244, with the exception of matters

2   specifically admitted herein as follows. SDI admits that Plaintiffs purport to invoke the

3   cited statutory provisions.

4          245.   SDI denies each and every allegation of Paragraph 245, including its

5   subparts.

6          246.   SDI denies each and every allegation of Paragraph 246.

7          247.   SDI denies each and every allegation of Paragraph 247.

8          248.   SDI denies each and every allegation of Paragraph 248.

9          249.   SDI denies each and every allegation of Paragraph 249.

10   **Fourth Claim for Relief**

11   **(Alleged Violation of the New York Donnelly Act)**

12          250.   SDI repeats and incorporates by reference its responses to Paragraphs

13   1 through 249 of the Complaint with the same force and effect as if set forth herein at

14   length.

15          251.   To the extent that the allegations of Paragraph 251 relate to other

16   defendants or a plaintiff, SDI lacks knowledge or information sufficient to form a belief as

17   to their truth, and therefore denies them.  To the extent that the allegations of Paragraph

18   251 relate to SDI, SDI denies all of those allegations.

19          252.   SDI denies each and every allegation of Paragraph 252.

20          253.   SDI denies each and every allegation of Paragraph 253.

21          254.   SDI denies each and every allegation of Paragraph 254.

22          255.   SDI denies each and every allegation of Paragraph 255.  Further, in

23   light of the August 21, 2013 Order Adopting In Part And Modifying In Part Special

24   Master's Report And Recommendation On Defendants' Motion To Dismiss The Direct

25   Action Plaintiffs' Complaints (Dkt. No. 1856), Plaintiff's state law claims against SDI

26   under the laws of New York that are based on purchases that occurred before

27   December 23, 1998 have been dismissed.

28

SMRH:410291640.3
MDL No. 1917; Case No. 11-cv-06396

XI.     **Allegations Concerning Plaintiff's Prayer for Relief.**

SDI denies that Plaintiff suffered any injury or incurred any damages by any act or omission of SDI as alleged in the Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Complaint.

## ADDITIONAL OR AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, SDI asserts the following additional and/or affirmative defenses to Plaintiff's Complaint:

### FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

### FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

### FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Remedies Unconstitutional, Unauthorized or Contrary to Public Policy)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

-36-

## SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Absence of Damages)

Plaintiff's claims should be dismissed because Plaintiff has suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent that Plaintiff purportedly suffered injury or damage, which SDI specifically denies, SDI further contends that any such purported injury or damage was not by reason of any act or omission of SDI.

## SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Antitrust Injury)

Plaintiff's claims should be dismissed because Plaintiff has not suffered actual, cognizable antitrust injury of the type antitrust laws are intended to remedy.

## EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Uncertainty of Damages)

Plaintiff's claims should be dismissed because the alleged damages sought are too speculative and uncertain, and cannot be practicably ascertained or allocated.

## NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff failed to take all necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

## TENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

## ELEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff would be unjustly enriched if it were allowed to recover

-37-

1   any part of the damages alleged in the Complaint.

2   ## TWELFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

3   ### (Lack of Proximate Cause)

4   Plaintiff's claims should be dismissed to the extent that they are barred, in

5   whole or in part, due to the absence of any injury or damage for which SDI's actions,

6   conduct, or omissions were the proximate cause.

7   ## THIRTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

8   ### (Adequate Remedy at Law)

9   Plaintiff's claims for injunctive relief should be dismissed because Plaintiff

10  has available an adequate remedy at law.

11  ## FOURTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

12  ### (Privilege)

13  Plaintiff's claims should be dismissed to the extent that they are barred, in

14  whole or in part, because any action taken by or on behalf of SDI was justified, constituted

15  bona fide business competition and was taken in pursuit of its own legitimate business and

16  economic interests, and is therefore privileged.

17  ## FIFTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

18  ### (Non-actionable or Governmental Privilege)

19  Plaintiff's claims are barred, in whole or in part, because the alleged conduct

20  of SDI that is the subject of the Complaint was caused by, due to, based upon, or in

21  response to directives, laws, regulations, policies, and/or acts of governments,

22  governmental agencies and entities, and/or regulatory agencies, and such is non-actionable

23  or privileged.

24  ## SIXTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

25  ### (Failure to Join Indispensable Parties)

26  Plaintiff's claims should be dismissed to the extent that they are barred, in

27  whole or in part, for failure to join indispensable parties.

28

-38-

## SEVENTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which SDI specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than SDI.

## EIGHTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiff's acquiescence in and/or confirmation of any and all conduct and/or omissions alleged as to SDI.

## NINETEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction and/or Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiff's claims based on foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because they are outside the Court's subject matter jurisdiction as defined by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a and/or analogous state authority.

## TWENTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiff's claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous, and/or unintelligible.  SDI avers that Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit SDI to ascertain what other defenses may exist.  SDI therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

-39-

## TWENTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Standing to Sue for Injuries Alleged)

Plaintiff's claims should be dismissed, in whole or in part, to the extent Plaintiffs lack standing to sue for the injuries alleged in the Complaint.  To the extent that Plaintiff purchased products containing CRTs, as opposed to CRTs themselves, its alleged injuries are even more speculative, derivative, indirect, and remote.  Plaintiff's damage claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

## TWENTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Competition Not Harmed)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because SDI's actions did not lessen competition in the relevant market(s).

## TWENTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Intervening or Superseding Acts of Third Parties)

Plaintiff's damages, if any, resulted from the acts or omissions of third parties over whom SDI had no control or responsibility.  The acts of such third parties constitute intervening or superseding causes of harm, if any, suffered by Plaintiff.

## TWENTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Injury or Damages Offset by Benefits Received)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiff received with respect to the challenged conduct.

## TWENTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Increased Output and Lower Prices)

SDI, without admitting the existence of any contract, combination, or conspiracy in restraint of trade as alleged in the Complaint, avers that the matters about which Plaintiff complains resulted in increased output and lower prices for CRTs and/or

CRT Products.

## TWENTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Prices Fixed by Plaintiffs)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because the price of CRTs and/or CRT Products was fixed, if at all, by Plaintiff and/or other purchasers of CRTs and/or CRT Products, either individually or collectively.

## TWENTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to allege fraud or fraudulent concealment with sufficient particularity.

## TWENTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Plead Conspiracy with Particularity)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to allege conspiracy with sufficient particularity.

## TWENTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Detrimental Reliance)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

## THIRTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Arbitration Agreements)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by agreements that require arbitration of the matters alleged in the Complaint.

-41-

## THIRTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Settlement Set Off)

Without admitting that Plaintiff id entitled to recover damages in this matter, SDI is entitled to set off from any recovery Plaintiff may obtain against SDI any amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

## THIRTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Injunctive Relief)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

## THIRTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any alleged conduct of SDI occurred outside of the jurisdiction of the Court.

## THIRTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Damages Passed On)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint, which SDI specifically denies, was passed on to persons or entities other than the Plaintiff and/or was passed on by Plaintiff to other parties.

## THIRTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Damages Not Passed Through to Plaintiff)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiff, or was incurred by or passed on to persons or entities other than

-42-

SAMSUNG SDI DEFENDANTS' ANSWER TO
COMPUCOM'S FIRST AMENDED COMPLAINT

1  Plaintiff.

2  **THIRTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

3  **(No Unreasonable Restraint Of Trade)**

4  Plaintiff's claims are barred, in whole or in part, because the alleged conduct

5  of SDI did not unreasonably restrain trade.

6  **THIRTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

7  **(Ultra Vires)**

8  To the extent that any actionable conduct may have occurred, Plaintiff's

9  claims against SDI are barred because all such alleged conduct would have been

10  committed by individuals acting ultra vires.

11  **THIRTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

12  **(Proportionality)**

13  To the extent SDI is found liable for damages, the fact and extent of which

14  are expressly denied by SDI, those damages must be reduced in proportion to SDI's degree

15  of fault.

16  **THIRTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

17  **(Forum Non Conveniens)**

18  Plaintiff's claims are barred, in whole or in part, because of the doctrine of

19  forum non conveniens.

20  **FORTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE**

21  **(Permitted By Law)**

22  Plaintiff's claims are barred, in whole or in part, to the extent they are based

23  on alleged acts, conduct or statements that are specifically permitted by law.

24  **FORTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE**

25  **(Multiple Recoveries)**

26  To the extent Plaintiff's claims would result in SDI paying damages to more

27  than one claimant for the same alleged overcharge, they are barred because such multiple

28  recoveries would violate rights guaranteed to SDI by the U.S. Constitution and other law,

-43-

1  including, without limitation, rights guaranteed under the Due Process Clause of the

2  Fourteenth Amendment.

3  **FORTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE**

4  **(Improper Extraterritorial Application)**

5  Plaintiff's claims are barred, in whole or in part, by the U.S. Constitution

6  and/or other applicable law to the extent their claims seek the improper extraterritorial

7  application of the laws cited to any transactions occurring outside the United States.

8  **FORTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE**

9  **(Acts Outside The Jurisdiction)**

10  Plaintiff's claims under the laws of the various States cited are barred, in

11  whole or in part, to the extent SDI's alleged conduct occurred outside the jurisdiction of

12  this Court and/or was neither directed to nor affected persons, entities, or commerce in the

13  various States cited.

14  **FORTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

15  **(Restitution Unmanageable And Inequitable)**

16  Plaintiff's requests for relief are barred, in whole or in part, to the extent the

17  restitution sought in the Complaint is unmanageable and inequitable.

18  **FORTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

19  **(Market Power)**

20  Plaintiff's claims are barred, in whole or in part, to the extent they have failed

21  to allege or prove that SDI possessed or possesses market power in any legally cognizable

22  relevant market.

23  **FORTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

24  **(Privity Of Contract)**

25  Plaintiff's claims are barred, in whole or in part, to the extent that privity of

26  contract is required to establish its claims.

27

28

-44-

## FORTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Release)

Plaintiff's claims are barred, in whole or in part, because they have been
released by Plaintiff and/or others.

## FORTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Voluntary Payment)

Plaintiff's claims are barred, in whole or in part, by the voluntary payment
doctrine, under which one cannot recover payments with full knowledge of the facts.

## FORTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Federal Trade Commission)

Any alleged conduct by SDI is, or if in interstate commerce would be,
subject to and complies with the rules and regulations of, and the statutes administered by,
the Federal Trade Commission or other official department, division, commission or
agency of the United States as such rules, regulations, or statutes are interpreted by the
Federal Trade Commission or such department, division, commission or agency of the
federal courts.

## FIFTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Intrastate Conduct)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff does
not allege conduct and/or effects that are wholly or predominantly intrastate within the
various States at issue.

## FIFTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Not Entitled To Seek Damages)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff is not
entitled to seek damages under the laws of the various States cited.

## FIFTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Allege Predicate Acts For Unfair Competition Claims)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has

-45-

1  failed to allege predicate acts necessary to invoke application of the unfair competition

2  laws of the various States cited.

### FIFTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

#### (Failure To Plead Special Damages With Specificity)

5          Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has

6  failed to plead special damages with specificity as required by the laws of the various

7  States cited.

### FIFTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

#### (Improper Taking)

10         Any award of restitution or monetary recovery pursuant to California

11  Business and Professions Code §§ 17200, et seq. would constitute a taking of property

12  without just compensation in violation of the Takings Clause of the U.S. Constitution and

13  of Article 1, Section 19 of the California Constitution.

### FIFTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

#### (Improper Remedy)

16         To the extent Plaintiff seeks disgorgement of revenues and profits under the

17  California Business and Professions §§ 17200, et seq. beyond any monies Plaintiff directly

18  paid to SDI, if any, such remedy is not authorized by Section 17200, et seq.

### FIFTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

#### (Other Defenses Incorporated by Reference)

21         SDI adopts and incorporates by reference any and all other additional or

22  affirmative defenses asserted or to be asserted by any other defendant in this proceeding to

23  the extent that SDI may share in such affirmative defenses.

### FIFTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

#### (Reservation of Rights to Assert Additional Defenses)

26         SDI has not knowingly or intentionally waived any applicable defenses and

27  explicitly reserves the right to assert and rely on such other applicable defenses as may

28  become available or apparent during discovery proceedings.  SDI further reserves the right

-46-

SAMSUNG SDI DEFENDANTS' ANSWER TO
COMPUCOM'S FIRST AMENDED COMPLAINT

1   to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it

2   determines are not applicable during the course of subsequent discovery.

3

4                    WHEREFORE, the Samsung SDI Defendants pray for judgment as follows:

5             1.     That Plaintiff take nothing under the Complaint, and the Complaint be
                  dismissed with prejudice;

6             2.     That judgment be entered in favor of the Samsung SDI Defendants
7         and against Plaintiff on each and every cause of action set forth in the
          Complaint;

8             3.     That the Samsung SDI Defendants recover their costs of suit and
9         attorneys' fees incurred herein; and

10            4.     That the Samsung SDI Defendants be granted such other and further
          relief as the Court deems just and proper.

11

12

13   Dated:  November 4, 2013                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

14

15

16                                     By   _____
                                                 /s/ Michael W. Scarborough
17                                             MICHAEL W. SCARBOROUGH

18                                             Attorneys for Defendants
19                                       SAMSUNG SDI AMERICA, INC., SAMSUNG
                                         SDI CO., LTD., SAMSUNG SDI (MALAYSIA)
20                                       SDN. BHD., SAMSUNG SDI MEXICO S.A. DE
                                         C.V., SAMSUNG SDI BRASIL LTDA.,
21                                       SHENZHEN SAMSUNG SDI CO., LTD. and
22                                       TIANJIN SAMSUNG SDI CO., LTD.

23

24

25

26

27

28

-47-