SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
MONA SOLOUKI, Cal. Bar No. 215145
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com
              tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944-SC |
| | MDL No. 1917 |
| | (Individual Case No. 11-cv-06276-SC) |
| This Document Relates to:<br>    11-cv-06276-SC<br><br>OFFICE DEPOT, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>HITACHI, LTD., et al.<br><br>    Defendants. | **ANSWER OF DEFENDANTS SAMSUNG SDI AMERICA, INC., SAMSUNG SDI CO., LTD., SAMSUNG SDI (MALAYSIA) SDN. BHD., SAMSUNG SDI MEXICO S.A. DE C.V., SAMSUNG SDI BRASIL LTDA., SHENZHEN SAMSUNG SDI CO., LTD., AND TIANJIN SAMSUNG SDI CO., LTD. TO THE FIRST AMENDED COMPLAINT OF PLAINTIFF OFFICE DEPOT, INC.** |

Defendants Samsung SDI America, Inc. ("SDIA"), Samsung SDI Co., Ltd. ("SDI Co."), Samsung SDI (Malaysia) Sdn Bhd. ("SDI Malaysia"), Samsung SDI Mexico S.A. de C.V. ("SDI Mexico"), Samsung SDI Brasil Ltda. ("SDI Brasil"), Shenzhen Samsung SDI Co. Ltd. ("SDI Shenzhen"), and Tianjin Samsung SDI Co., Ltd. ("SDI Tianjin") (collectively "SDI" or the "Samsung SDI Defendants"), by and through their undersigned counsel of record, answer Plaintiff Office Depot, Inc.'s ("Plaintiff") First Amended Complaint (the "Complaint") and allege additional or affirmative defenses as follows.  SDI denies each and every allegation in the Complaint's section headings and in all portions of the Complaint not contained in numbered paragraphs.  To the extent that the Complaint's allegations concern persons and/or entities other than SDI, SDI denies that such allegations support any claim for relief against SDI.  SDI avers that Plaintiff's Complaint has omitted paragraphs 64 through 73, and that to the extent those paragraphs are missing, no response thereto is required.  Accordingly, SDI's answer follows the same erroneous numbering scheme as Plaintiff's Complaint.

SDI responds to the Complaint in accordance with the former Special Master's Report And Recommendations Regarding Defendants' Motions To Dismiss Direct Action Complaints (Dkt. No. 1664); the Court's Order Adopting In Part And Modifying In Part Special Master's Report And Recommendation On Defendants' Motion To Dismiss The Direct Action Complaints (Dkt. No. 1856); and related orders dismissing certain parties.  As a result of those orders, the Court dismissed, inter alia: (a) plaintiffs' claims under the Massachusetts Consumer Protection Act, with leave to amend; (b) plaintiffs' claims under the Washington Consumer Protection Act; (c) plaintiffs' claims under California's laws for restitution and unjust enrichment; (d) plaintiffs' claims under the law of New York based on pre-December 3, 1998 purchases; and (e) plaintiffs' claims under claims the Nevada Unfair Trade Practices Act based on pre-October 1, 1999 purchases.

I.      **Introductory Allegations.**

1.      To the extent that the allegations of Paragraph 1 are definitional, SDI

-1-

avers that no response is required.  To the extent that the allegations of Paragraph 1 constitute legal contentions and/or conclusions, SDI avers that no response is required.  To the extent that a response is required and to the extent that the allegations of Paragraph 1 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required as to matters relating to SDI, SDI denies all of the allegations of Paragraph 1 and all inferences arising therefrom.  Subject to the foregoing, SDI acknowledges that Plaintiff purports to refer to cathode ray tubes as "CRTs," and purports to refer to the period from at least March 1, 1995 through at least November 25, 2007 as the "Relevant Period," although SDI disputes the propriety of such definitions and any inferences arising therefrom.  SDI specifically denies that the conspiracy, which SDI denies the existence of, extended from March 1, 1995 through November 25, 2007.

> 2.     To the extent that the allegations of Paragraph 2 are definitional, SDI avers that no response is required.  To the extent that a response is required and to the extent that the allegations of Paragraph 2 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required as to matters relating to SDI, SDI denies all of the allegations of Paragraph 2 and all inferences arising therefrom.  Subject to the foregoing, SDI acknowledges that Plaintiff purports to refer to (i) color picture tubes as "CPTs," (ii) color display tubes as "CDTs," (iii) CPTs of all sizes and the products containing them collectively as "CPT Products," (iv) CDTs of all sizes and the products containing them collectively as "CDT Products," and (v) CDT Products and CPT Products collectively as "CRT Products" although SDI disputes the propriety of such definitions and any inferences arising therefrom.  SDI specifically denies that it manufactured any electronic devices containing CPTs or CDTs.

> 3.     SDI avers that the allegations of Paragraph 3 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, and to the extent the allegations of Paragraph 3 relate to other defendants or

-2-

other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent a response is required, and to the extent the allegations of Paragraph 3 purport to pertain to SDI, SDI denies all of the allegations of Paragraph 3.

4.     SDI avers that the allegations of Paragraph 4 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 4 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 4 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

5.     SDI avers that the allegations of Paragraph 5 and its subparts constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 5 and its subparts to the extent they purport to pertain to SDI.  SDI further denies all factual allegations of this Paragraph to the extent such allegations pertain to SDI.  Further, to the extent that the allegations of Paragraph 5 and its subparts relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

6.     SDI avers that the allegations of Paragraph 6 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 6 to the extent they purport to pertain to SDI. SDI further denies all factual allegations of this Paragraph to the extent such allegations pertain to SDI.  Further, to the extent that the allegations of Paragraph 6 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

7.     SDI avers that the allegations of Paragraph 7 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 7 to the extent they purport to pertain to SDI.

-3-

SDI further denies all factual allegations of this Paragraph to the extent such allegations pertain to SDI.  Further, to the extent that the allegations of Paragraph 7 relate to other defendants or persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

8. With the exception of matters specifically admitted herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies them.  SDI admits that the United States Department of Justice ("DOJ") announced an investigation relating to the cathode ray tubes industry.  SDI further admits on information and belief that C.Y. Lin, the former Chairman and CEO of Defendant Chunghwa Picture Tubes, Ltd., was indicted by a federal grand jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms of which are a matter of public record.  SDI further admits on information and belief that six individuals have been indicted in connection with the DOJ's investigation of the color display tubes industry.

9. To the extent that the allegations of Paragraph 9 constitute legal contentions and/or conclusions, SDI avers that no response is required.  To the extent a response is required, SDI denies all of the allegations of Paragraph 9 to the extent they purport to pertain to SDI.  To the extent that the allegations of Paragraph 9 relate to other defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

II.     **Allegations Concerning Jurisdiction and Venue.**

10. SDI admits that Plaintiff purport to invoke the cited statutory provisions, but otherwise denies the allegations of Paragraph 10.

11. SDI admits that Plaintiff purports to invoke the laws of various states, but otherwise denies the allegations of Paragraph 11.

12. SDI avers that the allegations of Paragraph 12 regarding subject matter and supplemental jurisdiction constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent

-4-

1   that allegations of Paragraph 12 purport to pertain to SDI, SDI denies all of the allegations

2   of Paragraph 12.  To the extent that the allegations of Paragraph 12 relate to other

3   defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth

4   of those allegations, and therefore denies them.

5          13.    SDI avers that the allegations of Paragraph 13 constitute legal

6   contentions and/or conclusions to which no response is required.  To the extent that a

7   response is required, and to the extent that allegations of Paragraph 13 purport to pertain to

8   SDI, SDI denies all of the allegations of Paragraph 13.  To the extent that the allegations of

9   Paragraph 13 relate to other defendants, SDI lacks knowledge or information sufficient to

10  form a belief as to the truth of those allegations, and therefore denies them.

11         14.    SDI avers that the allegations of Paragraph 14 constitute legal

12  contentions and/or conclusions to which no response is required.  To the extent that a

13  response is required, and to the extent that allegations of Paragraph 14 purport to pertain to

14  SDI, SDI denies all of the allegations of Paragraph 14.  To the extent that the allegations of

15  Paragraph 14 relate to other defendants, SDI lacks knowledge or information sufficient to

16  form a belief as to the truth of those allegations, and therefore denies them.

17         15.    SDI avers that the allegations of Paragraph 15 regarding venue

18  constitute legal contentions and/or conclusions to which no response is required.  To the

19  extent that a response is required, and to the extent that allegations of Paragraph 15 purport

20  to pertain to SDI, SDI denies all of the allegations of Paragraph 15, with the exception of

21  matters specifically admitted herein as follows.  SDI admits that SDI Co., SDI Malaysia,

22  SDI Mexico, SDI Brazil, SDI Shenzen, and SDI Tianjin maintain principal places of

23  business in foreign countries.  SDI further admits that SDIA is licensed to and is doing

24  business in California.  To the extent that the allegations of Paragraph 15 relate to other

25  defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth

26  of those allegations, and therefore denies them.

27  **III.   Allegations Concerning the Parties.**

28         16.    SDI lacks knowledge or information sufficient to form a belief as to

-5-

1    the truth of the allegations of Paragraph 16, and therefore denies them.

2              17.      To the extent that allegations of Paragraph 17 constitute legal

3    contentions and/or conclusions, SDI avers that no response is required.  To the extent that

4    a response is required, and to the extent that allegations of Paragraph 17 purport to pertain

5    to SDI, SDI denies all of the allegations of Paragraph 17.  To the extent that the allegations

6    of Paragraph 17 relate to other defendants, or Plaintiff, or other persons, SDI lacks

7    knowledge or information sufficient to form a belief as to their truth, and therefore denies

8    them.

9              18.      To the extent that allegations of Paragraph 18 constitute legal

10   contentions and/or conclusions, SDI avers that no response is required.  To the extent that

11   a response is required, and to the extent that allegations of Paragraph 18 purport to pertain

12   to SDI, SDI denies all of the allegations of Paragraph 18.  To the extent that the allegations

13   of Paragraph 18 relate to other defendants, or Plaintiff, or other persons, SDI lacks

14   knowledge or information sufficient to form a belief as to their truth, and therefore denies

15   them.

16             19.      To the extent that the allegations of Paragraph 19 relate to other

17   defendants, or a plaintiff, or other persons, SDI lacks knowledge or information sufficient

18   to form a belief as to their truth, and therefore denies them.  To the extent the allegations of

19   Paragraph 19 purport to pertain to SDI, SDI denies all of those allegations.

20             20.      SDI lacks knowledge or information sufficient to form a belief as to

21   the truth of the allegations of Paragraph 20, and therefore denies them.

22             21.      SDI lacks knowledge or information sufficient to form a belief as to

23   the truth of the allegations of Paragraph 21, and therefore denies them.

24             22.      SDI lacks knowledge or information sufficient to form a belief as to

25   the truth of the allegations of Paragraph 22, and therefore denies them.

26             23.      SDI lacks knowledge or information sufficient to form a belief as to

27   the truth of the allegations of Paragraph 23, and therefore denies them.

28             24.      SDI lacks knowledge or information sufficient to form a belief as to

-6-

1   the truth of the allegations of Paragraph 24, and therefore denies them.

2       25.   SDI lacks knowledge or information sufficient to form a belief as to

3   the truth of the allegations of Paragraph 25, and therefore denies them.

4       26.    SDI avers that the allegations of Paragraph 26 are definitional, to

5   which no response is required.  Nevertheless, SDI admits that Plaintiff purport to refer to

6   Hitachi Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., Hitachi

7   Electronic Devices (USA), and Shenzhen SEG Hitachi Color Display Devices, Ltd.

8   collectively in the Complaint as "Hitachi."

9       27.   SDI lacks knowledge or information sufficient to form a belief as to

10  the truth of the allegations of Paragraph 27, and therefore denies them.

11      28.   SDI lacks knowledge or information sufficient to form a belief as to

12  the truth of the allegations of Paragraph 28, and therefore denies them.

13      29.   SDI lacks knowledge or information sufficient to form a belief as to

14  the truth of the allegations of Paragraph 29, and therefore denies them.

15      30.   SDI avers that the allegations of Paragraph 30 are definitional, to

16  which no response is required.  Nevertheless, SDI admits that Plaintiff purport to refer to

17  Irico Group Corporation, Irico Group Electronics Co., Ltd., and Irico Display Devices Co.,

18  Ltd. collectively in the Complaint as "Irico."

19      31.   SDI lacks knowledge or information sufficient to form a belief as to

20  the truth of the allegations of Paragraph 31, and therefore denies them.

21      32.   SDI lacks knowledge or information sufficient to form a belief as to

22  the truth of the allegations of Paragraph 32, and therefore denies them.

23      33.   SDI avers that the allegations of Paragraph 33 are definitional, to

24  which no response is required.  Nevertheless, SDI admits that Plaintiff purport to refer to

25  LG Electronics, Inc., and LG Electronics USA, Inc. collectively in the Complaint as "LG

26  Electronics."

27      34.   SDI lacks knowledge or information sufficient to form a belief as to

28  the truth of the allegations of Paragraph 34, and therefore denies them.

1    35.    SDI lacks knowledge or information sufficient to form a belief as to

2    the truth of the allegations of Paragraph 35, and therefore denies them.

3    36.    SDI lacks knowledge or information sufficient to form a belief as to

4    the truth of the allegations of Paragraph 36, and therefore denies them.

5    37.    SDI avers that the allegations of Paragraph 37 are definitional, to

6    which no response is required.  Nevertheless, SDI admits that Plaintiff purport to refer to

7    Panasonic Corporation and Panasonic Corporation of North America collectively as

8    "Panasonic."

9    38.    SDI lacks knowledge or information sufficient to form a belief as to

10   the truth of the allegations of Paragraph 38, and therefore denies them.

11   39.    SDI lacks knowledge or information sufficient to form a belief as to

12   the truth of the allegations of Paragraph 39, and therefore denies them.

13   40.    SDI lacks knowledge or information sufficient to form a belief as to

14   the truth of the allegations of Paragraph 40, and therefore denies them.

15   41.    SDI lacks knowledge or information sufficient to form a belief as to

16   the truth of the allegations of Paragraph 41, and therefore denies them.

17   42.    SDI lacks knowledge or information sufficient to form a belief as to

18   the truth of the allegations of Paragraph 42, and therefore denies them.

19   43.    SDI lacks knowledge or information sufficient to form a belief as to

20   the truth of the allegations of Paragraph 43, and therefore denies them.

21   44.    SDI avers that the allegations of Paragraph 44 are definitional, to

22   which no response is required.  Nevertheless, SDI admits that Plaintiff purport to refer to

23   Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation,

24   Philips Electronics Industries (Taiwan), Ltd., and Philips da Amazonia Industria

25   Electronica Ltda. collectively in the Complaint as "Philips."

26   45.    SDI denies all of the allegations of Paragraph 45, with the exception

27   of matters specifically admitted herein.  SDI specifically denies that it has offices in

28   Chicago and San Diego. SDI admits that SDI Co. is a publicly traded South Korean

-8-

company, but denies that its principal place of business is 575 Shin-dong, Youngtong-gu, Suwon, South Korea.  SDI admits that Samsung Electronics Co., Ltd. ("SEC") holds almost 20% of SDI Co.'s stock, but specifically denies that SEC dominated or controlled SDI Co.  The Samsung SDI Defendants aver that SDI Co. and SEC are independent, separately-owned, publicly traded corporations, and demand strict proof to the contrary.

46.     SDI denies each and every allegation of Paragraph 46.

47.     SDI denies all of the allegations of Paragraph 47, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Mexico is a wholly-owned subsidiary of Samsung SDI and that SDI Mexico manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled Samsung SDI Mexico.    SDI admits that SDI Mexico is a Mexican company with its principal place of business located at Blvd. Los Olivos, No. 21014, Parque Industrial El Florido, Tijuana, B.C. Mexico.

48.     SDI denies all of the allegations of Paragraph 48, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that Samsung SDI Brazil is a wholly-owned subsidiary of Samsung SDI and that SDI Brazil manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled SDI Brazil.  SDI admits that SDI Brazil is a Brazilian company with its principal place of business located at Av. Eixo Norte Sul, S/N, Distrito Industrial, 69088-480 Manaus, Amazonas, Brazil.

49.     SDI denies all of the allegations of Paragraph 49, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Shenzhen is a wholly-owned subsidiary of Samsung SDI and that SDI Shenzhen manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled SDI Shenzhen.   SDI admits that SDI Shenzhen is a Chinese company with its principal place of business located at Huanggang Bei Lu, Futian Gu, Shenzhen, China.

50.     SDI denies all of the allegations of Paragraph 50, with the exception

-9-

of matters specifically admitted herein as follows.  SDI specifically denies that SDI Tianjin is a wholly-owned subsidiary of Samsung SDI and that SDI Tianjin manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled SDI Tianjin.  SDI admits that SDI Tianjin is a Chinese company with its principal place of business located at Developing Zone of Yi-Xian Park, Wuqing County, Tianjin, China.

51.     SDI denies all of the allegations of Paragraph 51, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Malaysia is a wholly-owned subsidiary of Samsung SDI and that SDI Malaysia manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled Samsung SDI Malaysia.  SDI admits that SDI Malaysia is a Malaysian company with its principal place of business at Lots 635 & 660, Kawasan Perindustrian, Tuanku Jafaar, 71450 Sungai Gadut, Negeri Sembilan Darul Khusus, Malaysia.

52.     SDI avers that the allegations of Paragraph 52 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiff purport to refer to SDI Co., SDIA, SDI Mexico, SDI Brasil, SDI Shenzhen, SDI Tianjin, and SDI Malaysia collectively in the Complaint as "Samsung," although SDI disputes the propriety of such reference and any inferences that may be drawn therefrom.

53.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and therefore denies them.

54.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and therefore denies them.

55.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and therefore denies them.

56.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and therefore denies them.

57.     SDI lacks knowledge or information sufficient to form a belief as to

-10-

1    the truth of the allegations of Paragraph 57, and therefore denies them.

2            58.    SDI lacks knowledge or information sufficient to form a belief as to

3    the truth of the allegations of Paragraph 58, and therefore denies them.

4            59.    SDI lacks knowledge or information sufficient to form a belief as to

5    the truth of the allegations of Paragraph 59, and therefore denies them.

6            60.    SDI avers that the allegations of Paragraph 60 are definitional, to

7    which no response is required.  Nevertheless, SDI admits that Plaintiff purport to refer to

8    Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC,

9    Toshiba America Electronic Components, Inc., and Toshiba America Information

10   Systems, Inc. collectively in the Complaint as "Toshiba."

11           61.    SDI lacks knowledge or information sufficient to form a belief as to

12   the truth of the allegations of Paragraph 61, and therefore denies them.

13           62.    SDI lacks knowledge or information sufficient to form a belief as to

14   the truth of the allegations of Paragraph 62, and therefore denies them.

15           63.    SDI avers that the allegations of Paragraph 63 are definitional, to

16   which no response is required.  Nevertheless, SDI admits that Plaintiff purport to refer to

17   Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

18   Collectively in the Complaint as "Chunghwa."

19   **IV.    Allegations Concerning Supposed Agents and Co-Conspirators.**

20           74.    To the extent that the allegations of Paragraph 74 relate to other

21   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

22   and therefore denies them.  To the extent that the allegations of Paragraph 74 purport to

23   pertain to SDI, SDI denies all of those allegations.

24           75.    To the extent that the allegations of Paragraph 75 relate to other

25   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

26   and therefore denies them.  To the extent that the allegations of Paragraph 75 purport to

27   pertain to SDI, SDI denies all of those allegations.

28           76.    To the extent that the allegations of Paragraph 76 relate to other

-11-

SAMSUNG SDI DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT OF PLAINTIFF OFFICE DEPOT

1   defendants or other persons, SDI lacks knowledge or information sufficient to form a

2   belief as to their truth, and therefore denies them.  To the extent that the allegations of

3   Paragraph 76 purport to pertain to SDI, SDI denies all of those allegations.

4            77.      SDI lacks knowledge or information sufficient to form a belief as to

5   the truth of the allegations of Paragraph 77, and therefore denies them.

6            78.      SDI avers that the allegations of Paragraph 78 are definitional, to

7   which no response is required.  Nevertheless, SDI admits that Plaintiff purport to refer to

8   Daewoo Electronics Co., Ltd., Orion Electronic Co. and Daewoo-Orion Societe Anonyme

9   collectively in the Complaint as "Daewoo."

10           79.      SDI lacks knowledge or information sufficient to form a belief as to

11   the truth of the allegations of Paragraph 79, and therefore denies them.

12           80.      SDI lacks knowledge or information sufficient to form a belief as to

13   the truth of the allegations of Paragraph 80, and therefore denies them.

14           81.      SDI lacks knowledge or information sufficient to form a belief as to

15   the truth of the allegations of Paragraph 81, and therefore denies them.

16           82.      To the extent that the allegations of Paragraph 82 relate to other

17   defendants or other persons, SDI lacks knowledge or information sufficient to form a

18   belief as to their truth, and therefore denies them.  To the extent that the allegations of

19   Paragraph 82 purport to pertain to SDI, SDI denies all of those allegations.

20

21   **V.      Allegations Concerning Trade and Commerce.**

22           83.      SDI avers that the allegations of Paragraph 83 constitute legal

23   contentions and/or conclusions to which no response is required, but SDI nonetheless

24   denies all of the allegations of Paragraph 83 to the extent they purport to pertain to SDI.

25   Further, to the extent that the allegations of Paragraph 83 relate to other defendants, SDI

26   lacks knowledge or information sufficient to form a belief as to their truth, and therefore

27   denies them.

28           84.      SDI lacks knowledge or information sufficient to form a belief as to

-12-

1    the truth of the allegations of Paragraph 84, and therefore denies them.

2            85.     SDI avers that the allegations of Paragraph 85 constitute legal

3    contentions and/or conclusions to which no response is required, but SDI nonetheless

4    denies all of the allegations of Paragraph 85 to the extent they purport to pertain to SDI.

5    Further, to the extent that the allegations of Paragraph 85 relate to other defendants, SDI

6    lacks knowledge or information sufficient to form a belief as to their truth, and therefore

7    denies them.

8    **VI.    Factual Allegations.**

9            86.     To the extent that the allegations of Paragraph 86 are definitional, SDI

10   avers that no response is required.  To the extent a response is required, SDI lacks

11   knowledge or information sufficient to form a belief as to the truth of the allegations of

12   Paragraph 86, and therefore denies them.

13           87.     SDI lacks knowledge or information sufficient to form a belief as to

14   the truth of the allegations of Paragraph 87, and therefore denies them.

15           88.     To the extent that the allegations of Paragraph 88 are definitional, SDI

16   avers that no response is required.  To the extent a response is required, SDI lacks

17   knowledge or information sufficient to form a belief as to the truth of the allegations of

18   Paragraph 88, and therefore denies them.

19           89.     SDI lacks knowledge or information sufficient to form a belief as to

20   the truth of the allegations of Paragraph 89, and therefore denies them.

21           90.     To the extent that the allegations of Paragraph 90 are definitional, SDI

22   avers that no response is required.  To the extent a response is required, SDI lacks

23   knowledge or information sufficient to form a belief as to the truth of the allegations of

24   Paragraph 90, and therefore denies them, with the exception of matters specifically

25   admitted herein as follows.  SDI admits that CRTs can be subdivided into CDTs and CPTs.

26   SDI further admits that CPTs are used primarily in televisions and related devices and that

27   CDTs are primarily used in computer monitors and similar devices.

28           91.     SDI lacks knowledge or information sufficient to form a belief as to

-13-

1    the truth of the allegations of Paragraph 91, and therefore denies them.

2            92.    SDI lacks knowledge or information sufficient to form a belief as to

3    the truth of the allegations of Paragraph 92, and therefore denies them.

4            93.    SDI avers that the allegations of Paragraph 93 constitute legal

5    contentions and/or conclusions to which no response is required, but SDI nonetheless

6    denies all of the allegations of Paragraph 93.

7            94.    SDI denies each and every allegation of Paragraph 94.

8            95.    SDI denies each and every allegation of Paragraph 95.

9            96.    SDI lacks knowledge or information sufficient to form a belief as to

10   the truth of the allegations of Paragraph 96, and therefore denies them.

11           97.    To the extent that the allegations of Paragraph 97 relate to other

12   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

13   and therefore denies them.  To the extent that the allegations of Paragraph 97 purport to

14   pertain to SDI, SDI denies all of those allegations.

15           98.    To the extent that the allegations of Paragraph 98 relate to other

16   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

17   and therefore denies them.  To the extent that the allegations of Paragraph 98 purport to

18   pertain to SDI, SDI denies all of those allegations.

19           99.    To the extent that the allegations of Paragraph 99 relate to other

20   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

21   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 99

22   purport to pertain to SDI, SDI denies all of those allegations, with the exception of matters

23   specifically admitted herein as follows.  SDI admits that, during at least portions of the

24   alleged period, SDI Co. was a member of EDIRAK (the Electronic Display Industrial

25   Research Association of Korea) and KODEMIA (the Korean Display Equipment Material

26   Industry Association).  SDI specifically denies that such trade associations furthered or in

27   any way connected with the "conspiracy" alleged in Paragraph 99 of Complaint.

28           100.   SDI lacks knowledge or information sufficient to form a belief as to

-14-

1    the truth of the allegations of Paragraph 100, and therefore denies them.

2           101.   To the extent that the allegations of Paragraph 101 relate to other

3    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 101

5    purport to pertain to SDI, SDI denies all of those allegations.

6           102.   To the extent that the allegations of Paragraph 102 and its subparts

7    relate to other defendants or entities, SDI lacks knowledge or information sufficient to

8    form a belief as to their truth, and therefore denies them.  To the extent that the allegations

9    of Paragraph 102 and its subparts purport to pertain to SDI, SDI denies all of those

10   allegations.

11          103.   To the extent that the allegations of Paragraph 103 relate to other

12   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

13   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 103

14   purport to pertain to SDI, SDI denies all of those allegations.

15          104.   To the extent that the allegations of Paragraph 104 relate to other

16   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

17   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 104

18   purport to pertain to SDI, SDI denies all of those allegations.

19          105.   SDI lacks knowledge or information sufficient to form a belief as to

20   the truth of the allegations of Paragraph 105, and therefore denies them.

21          106.   SDI lacks knowledge or information sufficient to form a belief as to

22   the truth of the allegations of Paragraph 106, and therefore denies them.

23          107.   To the extent that the allegations of Paragraph 107 relate to other

24   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

25   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 107

26   purport to pertain to SDI, SDI denies all of those allegations.

27          108.   To the extent that the allegations of Paragraph 108 relate to other

28   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

1   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 108
2   purport to pertain to SDI, SDI denies all of those allegations.

3          109.    To the extent that the allegations of Paragraph 109 relate to other
4   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,
5   and therefore denies them.  To the extent that the allegations of Paragraph 109 purport to
6   pertain to SDI, SDI denies all of those allegations.

7          110.    To the extent that the allegations of Paragraph 110 relate to other
8   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,
9   and therefore denies them.  To the extent that the allegations of Paragraph 110 purport to
10  pertain to SDI, SDI denies all of those allegations.

11         111.    To the extent that the allegations of Paragraph 111 relate to other
12  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to
13  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 111
14  purport to pertain to SDI, SDI denies all of those allegations.

15         112.    To the extent that the allegations of Paragraph 112 relate to other
16  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to
17  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 112
18  purport to pertain to SDI, SDI denies all of those allegations.

19         113.    To the extent that the allegations of Paragraph 113 relate to other
20  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to
21  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 113
22  purport to pertain to SDI, SDI denies all of those allegations.

23         114.    To the extent that the allegations of Paragraph 114 relate to other
24  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to
25  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 114
26  purport to pertain to SDI, SDI denies all of those allegations.

27         115.    To the extent that the allegations of Paragraph 115 relate to other
28  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

-16-

1  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 115
2  purport to pertain to SDI, SDI denies all of those allegations.

3       116.   To the extent that the allegations of Paragraph 116 relate to other
4  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to
5  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 116
6  purport to pertain to SDI, SDI denies all of those allegations.

7       117.   To the extent that the allegations of Paragraph 117 relate to other
8  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to
9  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 117
10  purport to pertain to SDI, SDI denies all of those allegations.

11       118.   To the extent that the allegations of Paragraph 118 relate to other
12  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to
13  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 118
14  purport to pertain to SDI, SDI denies all of those allegations.

15       119.   SDI denies each and every allegation of Paragraph 119.

16       120.   To the extent that the allegations of Paragraph 120 relate to other
17  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to
18  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 120
19  purport to pertain to SDI, SDI denies all of those allegations.

20       121.   To the extent that the allegations of Paragraph 121 relate to other
21  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to
22  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 121
23  purport to pertain to SDI, SDI denies all of those allegations.

24       122.   To the extent that the allegations of Paragraph 122 relate to other
25  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to
26  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 122
27  purport to pertain to SDI, SDI denies all of those allegations.

28       123.   To the extent that the allegations of Paragraph 123 relate to other

1    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

2    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 123

3    purport to pertain to SDI, SDI denies all of those allegations.

4          124.    To the extent that the allegations of Paragraph 124 relate to other

5    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

6    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 124

7    purport to pertain to SDI, SDI denies all of those allegations.

8          125.    To the extent that the allegations of Paragraph 125 relate to other

9    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

10   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 125

11   purport to pertain to SDI, SDI denies all of those allegations.

12         126.    To the extent that the allegations of Paragraph 126 relate to other

13   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

14   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 126

15   purport to pertain to SDI, SDI denies all of those allegations.

16         127.    To the extent that the allegations of Paragraph 127 relate to other

17   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

18   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 127

19   purport to pertain to SDI, SDI denies all of those allegations.

20         128.    To the extent that the allegations of Paragraph 128 relate to other

21   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

22   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 128

23   purport to pertain to SDI, SDI denies all of those allegations.

24         129.    To the extent that the allegations of Paragraph 129 relate to other

25   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

26   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 129

27   purport to pertain to SDI, SDI denies all of those allegations.

28         130.    To the extent that the allegations of Paragraph 130 relate to other

-18-

1  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

2  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 130

3  purport to pertain to SDI, SDI denies all of those allegations.

4         131.   To the extent that the allegations of Paragraph 131 relate to other

5  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

6  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 131

7  purport to pertain to SDI, SDI denies all of those allegations.

8         132.   To the extent that the allegations of Paragraph 132 and its subparts

9  relate to other defendants or entities, SDI lacks knowledge or information sufficient to

10  form a belief as to their truth, and therefore denies them.  To the extent that the allegations

11  of Paragraph 132 and its subparts purport to pertain to SDI, SDI denies all of those

12  allegations.

13         133.   To the extent that the allegations of Paragraph 133 and its subparts

14  relate to other defendants or entities, SDI lacks knowledge or information sufficient to

15  form a belief as to their truth, and therefore denies them.  To the extent that the allegations

16  of Paragraph 133 and its subparts purport to pertain to SDI, SDI denies all of those

17  allegations.

18         134.   To the extent that the allegations of Paragraph 134 relate to other

19  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 134

21  purport to pertain to SDI, SDI denies all of those allegations.

22         135.   To the extent that the allegations of Paragraph 135 relate to other

23  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 135

25  purport to pertain to SDI, SDI denies all of those allegations.

26         136.   To the extent that the allegations of Paragraph 136 relate to other

27  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 136

1    purport to pertain to SDI, SDI denies all of those allegations.

2                137.    To the extent that the allegations of Paragraph 137 relate to other

3    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 137

5    purport to pertain to SDI, SDI denies all of those allegations.

6                138.    To the extent that the allegations of Paragraph 138 relate to other

7    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 138

9    purport to pertain to SDI, SDI denies all of those allegations.

10               139.    To the extent that the allegations of Paragraph 139 relate to other

11   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 139

13   purport to pertain to SDI, SDI denies all of those allegations.

14               140.    To the extent that the allegations of Paragraph 140 relate to other

15   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 140

17   purport to pertain to SDI, SDI denies all of those allegations.

18               141.    To the extent that the allegations of Paragraph 141 relate to other

19   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 141

21   purport to pertain to SDI, SDI denies all of those allegations.

22               142.    To the extent that the allegations of Paragraph 142 relate to other

23   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 142

25   purport to pertain to SDI, SDI denies all of those allegations.

26               143.    To the extent that the allegations of Paragraph 143 relate to other

27   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 143

1  purport to pertain to SDI, SDI denies all of those allegations.

2          144.    To the extent that the allegations of Paragraph 144 relate to other

3  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 144

5  purport to pertain to SDI, SDI denies all of those allegations.

6          145.    To the extent that the allegations of Paragraph 145 relate to other

7  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 145

9  purport to pertain to SDI, SDI denies all of those allegations.

10          146.    To the extent that the allegations of Paragraph 146 relate to other

11  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 146

13  purport to pertain to SDI, SDI denies all of those allegations.

14          147.    To the extent that the allegations of Paragraph 147 relate to other

15  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 147

17  purport to pertain to SDI, SDI denies all of those allegations.

18          148.    To the extent that the allegations of Paragraph 148 relate to other

19  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 148

21  purport to pertain to SDI, SDI denies all of those allegations.

22          149.    To the extent that the allegations of Paragraph 149 relate to other

23  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 149

25  purport to pertain to SDI, SDI denies all of those allegations.

26          150.    To the extent that the allegations of Paragraph 150 relate to other

27  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 150

1   purport to pertain to SDI, SDI denies all of those allegations.

2         151.   To the extent that the allegations of Paragraph 151 relate to other

3   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 151

5   purport to pertain to SDI, SDI denies all of those allegations.

6         152.   To the extent that the allegations of Paragraph 152 relate to other

7   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 152

9   purport to pertain to SDI, SDI denies all of those allegations.

10         153.   To the extent that the allegations of Paragraph 153 relate to other

11   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 153

13   purport to pertain to SDI, SDI denies all of those allegations.

14         154.   To the extent that the allegations of Paragraph 154 relate to other

15   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 154

17   purport to pertain to SDI, SDI denies all of those allegations.

18         155.   To the extent that the allegations of Paragraph 155 relate to other

19   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 155

21   purport to pertain to SDI, SDI denies all of those allegations.

22         156.   To the extent that the allegations of Paragraph 156 relate to other

23   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 156

25   purport to pertain to SDI, SDI denies all of those allegations.

26         157.   To the extent that the allegations of Paragraph 157 relate to other

27   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 157

-22-

1   purport to pertain to SDI, SDI denies all of those allegations.

2        158.   To the extent that the allegations of Paragraph 158 relate to other

3   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 158

5   purport to pertain to SDI, SDI denies all of those allegations.

6        159.   To the extent that the allegations of Paragraph 159 relate to other

7   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 159

9   purport to pertain to SDI, SDI denies all of those allegations.

10        160.   To the extent that the allegations of Paragraph 160 relate to other

11   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 160

13   purport to pertain to SDI, SDI denies all of those allegations.

14        161.   SDI denies each and every allegation of Paragraph 161.

15        162.   SDI lacks knowledge or information sufficient to form a belief as to

16   the truth of the allegations of Paragraph 162, and therefore denies them, with the exception

17   of matters specifically admitted herein as follows.  SDI admits that cathode ray tubes can

18   be used in certain television and computer monitor products.

19        163.   SDI lacks knowledge or information sufficient to form a belief as to

20   the truth of the allegations of Paragraph 163, and therefore denies them.

21        164.   SDI lacks knowledge or information sufficient to form a belief as to

22   the truth of the allegations of Paragraph 164, and therefore denies them.

23        165.   To the extent that the allegations of Paragraph 165 relate to other

24   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

25   and therefore denies them.  To the extent that the allegations of Paragraph 165 purport to

26   pertain to SDI, SDI denies all of those allegations.

27        166.   SDI lacks knowledge or information sufficient to form a belief as to

28   the truth of the allegations of Paragraph 166, and therefore denies them.

1       167.    SDI lacks knowledge or information sufficient to form a belief as to

2 the truth of the allegations of Paragraph 167, and therefore denies them.

3       168.    SDI denies each and every allegation of Paragraph 168.

4       169.    To the extent that the allegations of Paragraph 169 relate to other

5 defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

6 and therefore denies them.  To the extent that the allegations of Paragraph 169 purport to

7 pertain to SDI, SDI denies all of those allegations.

8       170.    To the extent that the allegations of Paragraph 170 relate to other

9 defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

10 and therefore denies them.  To the extent that the allegations of Paragraph 170 purport to

11 pertain to SDI, SDI denies all of those allegations.

12      171.    SDI lacks knowledge or information sufficient to form a belief as to

13 the truth of the allegations of Paragraph 171, and therefore denies them.

14      172.    SDI lacks knowledge or information sufficient to form a belief as to

15 the truth of the allegations of Paragraph 172, and therefore denies them.

16      173.    To the extent that the allegations of Paragraph 173 relate to other

17 defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

18 and therefore denies them.  To the extent that the allegations of Paragraph 173 purport to

19 pertain to SDI, SDI denies all of those allegations, with the exception of matters

20 specifically admitted herein as follows.  SDI admits that the DOJ announced an

21 investigation relating to the cathode ray tubes industry.

22      174.    To the extent that the allegations of Paragraph 174 relate to other

23 defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

24 and therefore denies them.  To the extent that the allegations of Paragraph 174 purport to

25 pertain to SDI, SDI denies all of those allegations, with the exception of matters

26 specifically admitted herein as follows.  SDI admits that Korea's Fair Trade Commission

27 announced an investigation into the cathode ray tubes industry.  SDI further admits that the

28 European Commission announced an investigation into the cathode ray tubes industry.

-24-

1          175.    SDI lacks knowledge or information sufficient to form a belief as to

2   the truth of the allegations of Paragraph 175, and therefore denies them.

3          176.    To the extent that the allegations of Paragraph 176 relate to other

4   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

5   and therefore denies them.  To the extent that the allegations of Paragraph 176 purport to

6   pertain to SDI, SDI denies all of those allegations, with the exception of matters

7   specifically admitted herein as follows.  SDI admits that, in or about May, 2008, the

8   Hungarian Competition Authority ("HCA") announced its own investigation of the

9   cathode ray tubes industry.  With respect to the HCA announcement purportedly quoted

10  from in Paragraph 176, SDI refers Plaintiff to the referenced document for a description of

11  its content.

12         177.    With the exception of matters specifically admitted on information

13  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

14  belief as to the truth of the allegations in Paragraph 177, and therefore denies them.  SDI

15  admits on information and belief that C.Y. Lin, the former Chairman and CEO of

16  Defendant Chunghwa Picture Tubes, Ltd., was indicted by a federal grand jury in

17  connection with the DOJ's investigation of the cathode ray tubes industry, the terms of

18  which are a matter of public record.  With respect to the press release purportedly quoted

19  from Paragraph 177, SDI refers Plaintiff to the referenced document for a description of its

20  content.

21         178.    With the exception of matters specifically admitted on information

22  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

23  belief as to the truth of the allegations in Paragraph 178, and therefore denies them.  SDI

24  admits on information and belief that Wu Jen Cheng, formerly of Chunghwa Picture

25  Tubes, Ltd., was indicted by a federal grand jury in connection with the DOJ's

26  investigation of the cathode ray tubes industry, the terms of which are a matter of public

27  record.  With respect to the press release purportedly characterized in Paragraph 178, SDI

28  refers Plaintiff to the referenced document for a description of its content.

-25-

SAMSUNG SDI DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT OF PLAINTIFF OFFICE DEPOT

1        179.    With the exception of matters specifically admitted on information

2    and belief herein as follows, SDI lacks knowledge or information sufficient to form a

3    belief as to the truth of the allegations in Paragraph 179, and therefore denies them.  SDI

4    admits on information and belief that Chung Cheng Yeh was indicted by a federal grand

5    jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms

6    of which are a matter of public record.  With respect to the press release purportedly

7    quoted from in Paragraph 179, SDI refers Plaintiff to the referenced document for a

8    description of its content.

9        180.    With the exception of matters specifically admitted on information

10   and belief herein as follows, SDI lacks knowledge or information sufficient to form a

11   belief as to the truth of the allegations in Paragraph 180, and therefore denies them.  SDI

12   admits on information and belief that Seung-Kyu Lee, Yeong-Ug Yang, and Jae-Sik Kim

13   were indicted by the DOJ in connection with the DOJ's investigation of the cathode ray

14   tubes industry, the terms of which are a matter of public record.  With respect to the press

15   release purportedly quoted from in Paragraph 180, SDI refers Plaintiff to the referenced

16   document for a description of its content.

17       181.    SDI denies the allegations of Paragraph 181, with the exception of

18   matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an

19   amended plea agreement with the United States related to an investigation of the cathode

20   ray tubes industry, the terms of which are a matter of public record.  With respect to the

21   press release purportedly quoted and/or referenced in Paragraph 181, SDI refers Plaintiff to

22   the referenced document for a description of its specific contents.

23       182.    SDI denies the allegations of Paragraph 182, with the exception of

24   matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an

25   amended plea agreement with the United States related to an investigation of the cathode

26   ray tubes industry, the terms of which are a matter of public record.

27       183.    SDI denies the allegations of paragraph 183, with the exception of

28   matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an

-26-

1  amended plea agreement with the United States related to an investigation of the cathode

2  ray tubes industry, the terms of which are a matter of public record.

3          184.    With the exception of matters specifically admitted herein as follows,

4  SDI lacks knowledge or information sufficient to form a belief as to the truth of the

5  allegations in Paragraph 184, and therefore denies them.  SDI admits that the European

6  Commission has announced fines relating to its investigation into the cathode ray tubes

7  industry, and the details regarding that announcement are matters of public record.  With

8  respect to the documents and/or persons purported quoted and/or referenced in Paragraph

9  184, SDI refers Plaintiff to the referenced documents or statements for a description of

10  their content.

11          185.    To the extent that the allegations of Paragraph 185 relate to other

12  defendants or other persons, SDI lacks knowledge or information sufficient to form a

13  belief as to their truth, and therefore denies them.  To the extent that the allegations of

14  Paragraph 185 purport to pertain to SDI, SDI denies all of those allegations.

15          186.    To the extent that the allegations of Paragraph 186 purport to pertain

16  to SDI, SDI denies all of those allegations.  To the extent that the allegations of Paragraph

17  186 relate to other defendants or entities, SDI lacks knowledge or information sufficient to

18  form a belief as to their truth, and therefore denies them, with the exception of matters

19  specifically admitted herein as follows.  SDI admits on information and belief that SEC

20  entered into a plea agreement with the DOJ related to an investigation of dynamic random

21  access memory, the terms of which are a matter of public record.

22          187.    SDI lacks knowledge or information sufficient to form a belief as to

23  truth of the allegations in Paragraph 187, and therefore denies them.

24          188.    SDI lacks knowledge or information sufficient to form a belief as to

25  the truth of the allegations in Paragraph 188, and therefore denies them.

26          189.    SDI lacks knowledge or information sufficient to form a belief as to

27  the truth of the allegations in Paragraph 189, and therefore denies them.

28          190.    With the exception of matters specifically admitted on information

-27-

1  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

2  belief as to the truth of the allegations in Paragraph 190, and therefore denies them.  SDI

3  admits on information and belief that LG Display Co., Ltd., Sharp Corporation, and

4  Chunghwa Picture Tubes, Ltd. entered into plea agreements with the DOJ related to an

5  investigation of the TFT-LCD industry, the terms of which are matters of public record.

6        191.   With the exception of matters specifically admitted on information

7  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

8  belief as to the truth of the allegations in Paragraph 191, and therefore denies them.  SDI

9  admits on information and belief that Hitachi, Ltd. entered into a plea agreement with the

10  DOJ related to an investigation of the TFT-LCD industry, the terms of which are matters

11  of public record.

12        192.   With the exception of matters specifically admitted on information

13  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

14  belief as to the truth of the allegations in Paragraph 192, and therefore denies them.  SDI

15  admits on information and belief that LG Display Co., Ltd., Sharp Corporation, Chunghwa

16  Picture Tubes, Ltd., and Hitachi Ltd. entered into plea agreements with the DOJ related to

17  an investigation of the TFT-LCD industry, the terms of which are matters of public record.

18        193.   To the extent that the allegations of Paragraph 193 relate to other

19  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 193

21  purport to pertain to SDI, SDI denies all of those allegations, with the exception of matters

22  specifically admitted herein as follows.  SDI admits that, during at least portions of the

23  alleged period, SDI Co. attended the Korea Display Conference.  SDI specifically denies

24  that such trade associations furthered or in any way connected with the "collusive

25  activities" alleged in Paragraph 193 of Complaint.

26        194.   To the extent that the allegations of Paragraph 194 relate to other

27  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 194

-28-

1    purport to pertain to SDI, SDI denies all of those allegations, with the exception of matters

2    specifically admitted herein as follows.  SDI admits that, during at least portions of the

3    alleged period, SDI Co. attended the Korea Display Conference.  SDI further admits that,

4    during at least portions of the alleged period, SDI Co. was a member of KODEMIA and

5    EDIRAK.  SDI specifically denies that such trade associations furthered or in any way

6    connected with the "collusive activities" alleged in Paragraph 194 of Complaint.

7               195.    To the extent that the allegations of Paragraph 195 relate to other

8    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

9    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 195

10   purport to pertain to SDI, SDI denies all of those allegations, with the exception of matters

11   specifically admitted herein as follows.  SDI admits that, during at least portions of the

12   alleged period, H.K. Chung, Woo Jong Lee, Bae Choel-Han, Jung Ho-Gyun and H.C. Kim

13   attended the Korea Display Conference.

14              196.    To the extent that the allegations of Paragraph 196 relate to other

15   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

16   and therefore denies them. To the extent that the allegations of Paragraph 196 purport to

17   pertain to SDI, SDI denies all of those allegations.

18              197.    To the extent that the allegations of Paragraph 197 relate to other

19   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

20   and therefore denies them.  To the extent that the allegations of Paragraph 197 purport to

21   pertain to SDI, SDI denies all of those allegations.

22              198.    To the extent that the allegations of Paragraph 198 relate to other

23   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

24   and therefore denies them.  To the extent that the allegations of Paragraph 198 purport to

25   pertain to SDI, SDI denies all of those allegations.

26              199.    SDI lacks knowledge or information sufficient to form a belief as to

27   the truth of the allegations of Paragraph 199, and therefore denies them.

28              200.    SDI lacks knowledge or information sufficient to form a belief as to

1   the truth of the allegations of Paragraph 200, and therefore denies them.

2            201.    SDI lacks knowledge or information sufficient to form a belief as to

3   the truth of the allegations of Paragraph 201, and therefore denies them.

4            202.    SDI denies all the allegations of Paragraph 202, with the exception of

5   matters specifically admitted herein as follows.  SDI admits that, in late 2005, SDI closed

6   its cathode ray tube factory in Germany.

7            203.    SDI lacks knowledge or information sufficient to form a belief as to

8   the truth of the allegations of Paragraph 203, and therefore denies them.

9            204.    To the extent that the allegations of Paragraph 204 relate to other

10  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

11  and therefore denies them.  To the extent that the allegations of Paragraph 204 purport to

12  pertain to SDI, SDI denies all of those allegations.

13           205.    SDI lacks knowledge or information sufficient to form a belief as to

14  the truth of the allegations of Paragraph 205, and therefore denies them.

15           206.    SDI lacks knowledge or information sufficient to form a belief as to

16  the truth of the allegations of Paragraph 206, and therefore denies them.

17           207.    SDI denies the allegations in the last sentence of Paragraph 207.  SDI

18  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

19  allegations of Paragraph 207, and therefore denies them.

20           208.    SDI lacks knowledge or information sufficient to form a belief as to

21  the truth of the allegations of Paragraph 208, and therefore denies them.

22           209.    SDI denies the allegations in the last sentence of Paragraph 209.  SDI

23  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

24  allegations of Paragraph 209, and therefore denies them.

25           210.    SDI lacks knowledge or information sufficient to form a belief as to

26  the truth of the allegations of Paragraph 210, and therefore denies them.

27           211.    SDI lacks knowledge or information sufficient to form a belief as to

28  the truth of the allegations of Paragraph 211, and therefore denies them.

1         212.    SDI denies each and every allegation of Paragraph 212.

2         213.    To the extent that the allegations of Paragraph 213 and its subparts

3 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief

4 as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph

5 213 and its subparts purport to pertain to SDI, SDI denies all of those allegations.  SDI

6 specifically denies that Plaintiff has been injured as a result of any alleged act or omission

7 by SDI, or that Plaintiff is entitled to any relief or remedy based on the allegations of its

8 Complaint.

9 **VII.    Allegations Concerning Plaintiff's Purported Injuries.**

10        214.    To the extent the allegations of Paragraph 214 constitute legal

11 conclusions and/or contentions, SDI avers that no response is required.  To the extent that

12 a response is required, and the allegations of Paragraph 214 relate to other defendants,

13 Plaintiffs, or other persons, SDI lacks knowledge or information sufficient to form a belief

14 as to their truth, and therefore denies them. To the extent that the allegations of Paragraph

15 214 relate to SDI, SDI denies all of those allegations. SDI denies all of those allegations

16        215.    To the extent that the allegations of Paragraph 215 relate to other

17 defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to

18 form a belief as to their truth, and therefore denies them.  To the extent that the allegations

19 of Paragraph 215 purport to pertain to SDI, SDI denies all of those allegations.

20        216.    To the extent that the allegations of Paragraph 216 relate to other

21 defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to

22 form a belief as to their truth, and therefore denies them.  To the extent that the allegations

23 of Paragraph 216 purport to pertain to SDI, SDI denies all of those allegations.

24        217.    SDI lacks knowledge or information sufficient to form a belief as to

25 the truth of the allegations of Paragraph 217, and therefore denies them.

26        218.    To the extent that the allegations of Paragraph 218 relate to other

27 defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

28 and therefore denies them.  To the extent that the allegations of Paragraph 218 purport to

SAMSUNG SDI DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT OF PLAINTIFF OFFICE DEPOT

1   pertain to SDI, SDI denies all of those allegations.

2         219.    To the extent that the allegations of Paragraph 219 relate to other

3   defendants or other persons, SDI lacks knowledge or information sufficient to form a

4   belief as to their truth, and therefore denies them.  To the extent that the allegations of

5   Paragraph 219 purport to pertain to SDI, SDI denies all of those allegations.

6         220.    SDI denies each and every allegation of Paragraph 220.

7   **VIII.   Allegations Concerning Supposed Fraudulent Concealment.**

8         221.    SDI denies each and every allegation of Paragraph 221.

9         222.    SDI denies each and every allegation of Paragraph 222.

10         223.    To the extent that the allegations of Paragraph 223 relate to other

11   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

12   and therefore denies them.  To the extent that the allegations of Paragraph 223 purport to

13   pertain to SDI, SDI denies all of those allegations.

14         224.    SDI denies each and every allegation of Paragraph 224.

15         225.    SDI denies each and every allegation of Paragraph 225.

16         226.    To the extent that the allegations of Paragraph 226 relate to other

17   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

18   and therefore denies them.  To the extent that the allegations of Paragraph 226 purport to

19   pertain to SDI, SDI denies all of those allegations.

20         227.    To the extent that the allegations of Paragraph 227 relate to other

21   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

22   and therefore denies them.  To the extent that the allegations of Paragraph 227 purport to

23   pertain to SDI, SDI denies all of those allegations.

24         228.    SDI denies the allegations in the last sentence of Paragraph 228.  SDI

25   lacks knowledge or information sufficient to form a belief as to the truth of the remaining

26   allegations of Paragraph 228, and therefore denies them.

27         229.    SDI denies the allegations in the last sentence of Paragraph 229.  SDI

28   lacks knowledge or information sufficient to form a belief as to the truth of the remaining

1   allegations of Paragraph 229, and therefore denies them.

2   230.   To the extent that the allegations of Paragraph 230 relate to other

3   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

4   and therefore denies them.  To the extent that the allegations of Paragraph 230 purport to

5   pertain to SDI, SDI denies all of those allegations.

6   231.   To the extent that the allegations of Paragraph 231 relate to other

7   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

8   and therefore denies them.  To the extent that the allegations of Paragraph 231 purport to

9   pertain to SDI, SDI denies all of those allegations.

10   232.   To the extent that the allegations of Paragraph 232 to other

11   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

12   and therefore denies them.  To the extent that the allegations of Paragraph 232 purport to

13   pertain to SDI, SDI denies all of those allegations.

14   233.   To the extent the allegations of Paragraph 233 constitute legal

15   conclusions and/or contentions, SDI avers that no response is required.  To the extent that

16   a response is required, SDI denies all of the allegations of Paragraph 233.

17   **IX.   Allegations Concerning Purported *American Pipe*, Government Action, and**

18   **Cross-Jurisdictional Tolling.**

19   234.   SDI repeats and incorporates by reference its responses to Paragraphs

20   177-183 of the Complaint with the same force and effect as if set forth herein at length.

21   SDI avers that the allegations of Paragraph 234 constitute legal contentions and/or

22   conclusions to which no response is required.  To the extent a response is required, SDI

23   denies the allegations of the second sentence of Paragraph 234.  To the extent a response is

24   required, and to the extent the first sentence of Paragraph 234 relates to other defendants or

25   entities, SDI lacks knowledge or information sufficient to form a belief as to their truth,

26   and therefore denies them.  To the extent a response is required, and to the extent the first

27   sentence of Paragraph 234 purports to pertain to SDI, SDI denies those allegations, with

28   the exception of matters specifically admitted herein as follows.  SDI admits that SDI Co.

-33-

1  entered into an amended plea agreement with the United States related to an investigation

2  of the cathode ray tubes industry, the terms of which are a matter of public record.

3          235.    SDI avers that the allegations of Paragraph 235 constitute legal

4  contentions and/or conclusions to which no response is required.  To the extent a response

5  is required, SDI lacks knowledge or information sufficient to form a belief as to the truth

6  of the allegations of Paragraph 235, and therefore denies them.

7          236.    SDI avers that the allegations of Paragraph 236 constitute legal

8  conclusions and/or contentions to which no response is required.  To the extent that a

9  response is required, SDI denies all of the allegations of Paragraph 236.

10  **X.      Allegations Concerning Claim for Violations**

11                        **First Claim for Relief**

12          **(Alleged Violation of Section 1 of the Sherman Act)**

13          237.    SDI repeats and incorporates by reference its responses to

14  Paragraphs 1 through 236 of the Complaint with the same force and effect as if set forth

15  herein at length.

16          238.    SDI avers that the allegations of Paragraph 238 constitute legal

17  contentions and/or conclusions to which no response is required, but SDI nonetheless

18  denies all of those allegations.

19          239.    SDI denies each and every allegation of Paragraph 239.

20          240.    SDI denies each and every allegation of Paragraph 240.

21          241.    SDI denies each and every allegation of Paragraph 241.

22          242.    SDI denies each and every allegation of Paragraph 242, including its

23  subparts.

24          243.    SDI denies each and every allegation of Paragraph 243.

25                        **Second Claim for Relief**

26          **(Alleged Violation of the Florida Deceptive and Unfair Practices Act)**

27          244.    SDI repeats and incorporates by reference its responses to

28  Paragraphs 1 through 243 of the Complaint with the same force and effect as if set forth

-34-

1   herein at length.

2          245.   SDI avers that the allegations of Paragraph 245 constitute legal

3   contentions and/or conclusions to which no response is required.  To the extent that a

4   response is required, and to the extent the allegations of Paragraph 245 purport to pertain

5   to SDI, SDI denies all of those allegations.  To the extent the allegations of Paragraph 245

6   relate to other defendants or persons, SDI lacks knowledge of information to form a belief

7   as to their truth, and therefore denies all of those allegations.

8          246.   SDI denies each and every allegation of Paragraph 246.

9          247.   To the extent the allegations of paragraph 247 relate to Plaintiff or

10  other persons, SDI lacks knowledge or information to form a belief as to their truth, and

11  therefore denies all of those allegations.  To the extent the allegations of Paragraph 247

12  purport to pertain to SDI, SDI denies all of those allegations.  SDI specifically denies that

13  Plaintiff suffered any injury as a result of any alleged act or omission of SDI, or that

14  Plaintiffs is entitled to any relief or remedy based on the allegations of its Complaint.

15         248.   SDI denies each and every allegation of Paragraph 248.

16         249.   SDI denies each and every allegation of Paragraph 249.

17         250.   SDI denies each and every allegation of Paragraph 250.

18         251.   SDI denies each and every allegation of Paragraph 251.

19                          **Third Claim for Relief**

20              **(Alleged Violation of the California Cartwright Act)**

21         252.   SDI repeats and incorporates by reference its responses to Paragraphs

22  1 through 251 of the Complaint with the same force and effect as if set forth herein at

23  length.

24         253.   To the extent that the allegations of Paragraph 253 constitute legal

25  conclusions and/or contentions, SDI avers that no response is required.  To the extent that

26  a response is required, and to the extent the allegations of Paragraph 253 relate to other

27  defendants, Plaintiff, or other persons, SDI lacks knowledge or information sufficient to

28  form a belief as to their truth, and therefore denies them.  To the extent that the allegations

-35-

1   of Paragraph 253 purport to pertain to SDI, SDI denies all of those allegations.

2           254.    To the extent that the allegations of Paragraph 254 relate to other

3   defendants or Plaintiff, SDI lacks knowledge or information sufficient to form a belief as

4   to their truth, and therefore denies them.  To the extent that the allegations of Paragraph

5   254 purport to pertain to SDI, SDI denies all of those allegations, with the exception of

6   matters specifically admitted herein as follows.  SDI admits that SDIA maintained offices

7   in California during at least portions of the alleged period.

8           255.    SDI denies each and every allegation of Paragraph 255.

9           256.    SDI denies each and every allegation of Paragraph 256.

10          257.    SDI denies each and every allegation of Paragraph 257, including its

11  subparts.

12          258.    SDI denies each and every allegation of Paragraph 258, including its

13  subparts.

14          259.    SDI denies each and every allegation of Paragraph 259.

15          260.    SDI denies each and every allegation of Paragraph 260.

16                          **Fourth Claim for Relief**

17          **(Alleged Violation of California Unfair Competition Law)**

18          261.    SDI repeats and incorporates by reference its responses to Paragraphs

19  1 through 260 of the Complaint with the same force and effect as if set forth herein at

20  length.

21          262.    SDI denies each and every allegation of Paragraph 262.

22          263.    SDI avers that the allegations of Paragraph 263 constitute legal

23  contentions and/or conclusions to which no response is required.  To the extent a response

24  is required, SDI denies the allegations of Paragraph 263, with the exception of matters

25  specifically admitted herein as follows.  SDI admits that Plaintiffs purport to invoke the

26  cited statutory provisions.

27          264.    SDI denies each and every allegation of Paragraph 264, including its

28  subparts.

-36-

SAMSUNG SDI DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT OF PLAINTIFF OFFICE DEPOT

265.   SDI denies each and every allegation of Paragraph 265.

266.   SDI denies each and every allegation of Paragraph 266.

267.   SDI denies each and every allegation of Paragraph 267.

268.   SDI denies each and every allegation of Paragraph 268.

**XI.     Allegations Concerning Plaintiff's Prayer for Relief.**

SDI denies that Plaintiff suffered any injury or incurred any damages by any act or omission of SDI as alleged in the Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Complaint.

## ADDITIONAL OR AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, SDI asserts the following additional and/or affirmative defenses to Plaintiff's Complaint:

### FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

### FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

-37-

## FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Remedies Unconstitutional, Unauthorized or Contrary to Public Policy)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

## SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Absence of Damages)

Plaintiff's claims should be dismissed because Plaintiff has suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent that Plaintiff purportedly suffered injury or damage, which SDI specifically denies, SDI further contends that any such purported injury or damage was not by reason of any act or omission of SDI.

## SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Antitrust Injury)

Plaintiff's claims should be dismissed because Plaintiff has not suffered actual, cognizable antitrust injury of the type antitrust laws are intended to remedy.

## EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Uncertainty of Damages)

Plaintiff's claims should be dismissed because the alleged damages sought are too speculative and uncertain, and cannot be practicably ascertained or allocated.

## NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff failed to take all necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

## TENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

Plaintiff's claims should be dismissed to the extent that they are barred, in

-38-

1  whole or in part, by the applicable statute(s) of limitations.

2  **ELEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

3  **(Unjust Enrichment)**

4  Plaintiff's claims should be dismissed to the extent that they are barred, in

5  whole or in part, because Plaintiff would be unjustly enriched if it was allowed to recover

6  any part of the damages alleged in the Complaint.

7  **TWELFTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

8  **(Lack of Proximate Cause)**

9  Plaintiff's claims should be dismissed to the extent that they are barred, in

10  whole or in part, due to the absence of any injury or damage for which SDI's actions,

11  conduct, or omissions were the proximate cause.

12  **THIRTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

13  **(Adequate Remedy at Law)**

14  Plaintiff's claims for injunctive relief should be dismissed because Plaintiff

15  has available an adequate remedy at law.

16  **FOURTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

17  **(Privilege)**

18  Plaintiff's claims should be dismissed to the extent that they are barred, in

19  whole or in part, because any action taken by or on behalf of SDI was justified, constituted

20  bona fide business competition and was taken in pursuit of its own legitimate business and

21  economic interests, and is therefore privileged.

22

23

24

25

26

27

28

-39-

## FIFTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Non-actionable or Governmental Privilege)

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of SDI that is the subject of the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## SIXTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

## SEVENTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which SDI specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than SDI.

## EIGHTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiff's acquiescence in and/or confirmation of any and all conduct and/or omissions alleged as to SDI.

## NINETEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction and/or Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiff's claims based on foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because they are outside the Court's

-40-

SAMSUNG SDI DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT OF PLAINTIFF OFFICE DEPOT

1  subject matter jurisdiction as defined by the Foreign Trade Antitrust Improvements Act, 15

2  U.S.C. § 6a and/or analogous state authority.

3  **TWENTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE**

4  **(Uncertainty)**

5  Plaintiff's claims should be dismissed for uncertainty and vagueness and

6  because its claims are ambiguous, and/or unintelligible.  SDI avers that Plaintiff's claims

7  do not describe the events or legal theories with sufficient particularity to permit SDI to

8  ascertain what other defenses may exist.  SDI therefore reserves the right to amend its

9  Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or

10  defenses upon the discovery of more definitive facts upon the completion of its

11  investigation and discovery.

12  **TWENTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE**

13  **(Lack of Standing to Sue for Injuries Alleged)**

14  Plaintiff's claims should be dismissed, in whole or in part, to the extent

15  Plaintiff lacks standing to sue for the injuries alleged in the Complaint.  To the extent that

16  Plaintiff purchased products containing CRTs, as opposed to CRTs themselves, its alleged

17  injuries are even more speculative, derivative, indirect, and remote.  Plaintiff's damage

18  claims create an impermissible risk of duplicative recoveries and complex damage

19  apportionment.

20  **TWENTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE**

21  **(Competition Not Harmed)**

22  Plaintiff's claims should be dismissed to the extent that they are barred, in

23  whole or in part, because SDI's actions did not lessen competition in the relevant

24  market(s).

25  **TWENTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE**

26  **(Intervening or Superseding Acts of Third Parties)**

27  Plaintiff's damages, if any, resulted from the acts or omissions of third parties

28  over whom SDI had no control or responsibility.  The acts of such third parties constitute

-41-

1  intervening or superseding causes of harm, if any, suffered by Plaintiff.

2  **TWENTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

3  **(Injury or Damages Offset by Benefits Received)**

4  Plaintiff's claims should be dismissed to the extent that they are barred, in

5  whole or in part, because any claimed injury or damage has been offset by benefits

6  Plaintiff received with respect to the challenged conduct.

7  **TWENTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

8  **(Increased Output and Lower Prices)**

9  SDI, without admitting the existence of any contract, combination, or

10  conspiracy in restraint of trade as alleged in the Complaint, avers that the matters about

11  which Plaintiff complains resulted in increased output and lower prices for CRTs and/or

12  CRT Products.

13  **TWENTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

14  **(Prices Fixed by Plaintiff)**

15  Plaintiff's claims should be dismissed to the extent they are barred, in whole

16  or in part, because the price of CRTs and/or CRT Products was fixed, if at all, by Plaintiff

17  and/or other purchasers of CRTs and/or CRT Products, either individually or collectively.

18  **TWENTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

19  **(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)**

20  Plaintiff's claims should be dismissed to the extent that they are barred, in

21  whole or in part, because Plaintiff has failed to allege fraud or fraudulent concealment with

22  sufficient particularity.

23  **TWENTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

24  **(Failure to Plead Conspiracy with Particularity)**

25  Plaintiff's claims should be dismissed to the extent that they are barred, in

26  whole or in part, because Plaintiff has failed to allege conspiracy with sufficient

27  particularity.

28

-42-

## TWENTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Detrimental Reliance)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

## THIRTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Arbitration Agreements)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by agreements that require arbitration of the matters alleged in the Complaint.

## THIRTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Settlement Set Off)

Without admitting that Plaintiff is entitled to recover damages in this matter, SDI is entitled to set off from any recovery Plaintiff may obtain against SDI any amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

## THIRTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Injunctive Relief)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

## THIRTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any alleged conduct of SDI occurred outside of the jurisdiction of the Court.

-43-

## THIRTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Damages Passed On)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint, which SDI specifically denies, was passed on to persons or entities other than the Plaintiff and/or was passed on by Plaintiff to other parties.

## THIRTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Damages Not Passed Through to Plaintiff)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiff, or was incurred by or passed on to persons or entities other than Plaintiff.

## THIRTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Unreasonable Restraint Of Trade)

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of SDI did not unreasonably restrain trade.

## THIRTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Ultra Vires)

To the extent that any actionable conduct may have occurred, Plaintiff's claims against SDI are barred because all such alleged conduct would have been committed by individuals acting ultra vires.

## THIRTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Proportionality)

To the extent SDI is found liable for damages, the fact and extent of which are expressly denied by SDI, those damages must be reduced in proportion to SDI's degree of fault.

## THIRTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Forum Non Conveniens)

Plaintiff's claims are barred, in whole or in part, because of the doctrine of forum non conveniens.

## FORTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Permitted By Law)

Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

## FORTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Multiple Recoveries)

To the extent Plaintiff's claims would result in SDI paying damages to more than one claimant for the same alleged overcharge, they are barred because such multiple recoveries would violate rights guaranteed to SDI by the U.S. Constitution and other law, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

## FORTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Improper Extraterritorial Application)

Plaintiff's claims are barred, in whole or in part, by the U.S. Constitution and/or other applicable law to the extent Plaintiff claims seek the improper extraterritorial application of the laws cited to any transactions occurring outside the United States.

## FORTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Acts Outside The Jurisdiction)

Plaintiff's claims under the laws of the various States cited are barred, in whole or in part, to the extent SDI's alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor affected persons, entities, or commerce in the various States cited.

1   ## FORTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

2   ### (Restitution Unmanageable or Inequitable)

3   Plaintiff's requests for relief are barred, in whole or in part, to the extent the

4   restitution sought in the Complaint is unmanageable and inequitable.

5   ## FORTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

6   ### (Market Power)

7   Plaintiff's claims are barred, in whole or in part, to the extent it has failed to

8   allege or prove that SDI possessed or possesses market power in any legally cognizable

9   relevant market.

10   ## FORTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

11   ### (Privity Of Contract)

12   Plaintiff's claims are barred, in whole or in part, to the extent that privity of

13   contract is required to establish its claims.

14   ## FORTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

15   ### (Release)

16   Plaintiff's claims are barred, in whole or in part, because they have been

17   released by Plaintiff and/or others.

18   ## FORTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

19   ### (Voluntary Payment)

20   Plaintiff's claims are barred, in whole or in part, by the voluntary payment

21   doctrine, under which one cannot recover payments with full knowledge of the facts.

22   ## FORTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

23   ### (Federal Trade Commission)

24   Any alleged conduct by SDI is, or if in interstate commerce would be,

25   subject to and complies with the rules and regulations of, and the statutes administered by,

26   the Federal Trade Commission or other official department, division, commission or

27   agency of the United States as such rules, regulations, or statutes are interpreted by the

28   Federal Trade Commission or such department, division, commission or agency of the

-46-

federal courts.

## FIFTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Intrastate Conduct)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff does not allege conduct and/or effects that are wholly or predominantly intrastate within the various States at issue.

## FIFTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Not Entitled To Seek Damages)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff is not entitled to seek damages under the laws of the various States cited.

## FIFTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Allege Predicate Acts For Unfair Competition Claims)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to allege predicate acts necessary to invoke application of the unfair competition laws of the various States cited.

## FIFTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Plead Special Damages With Specificity)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to plead special damages with specificity as required by the laws of the various States cited.

## FIFTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Improper Taking)

Any award of restitution or monetary recovery pursuant to California Business and Professions Code §§ 17200, et seq. would constitute a taking of property without just compensation in violation of the Takings Clause of the U.S. Constitution and of Article 1, Section 19 of the California Constitution.

-47-

## FIFTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Improper Remedy)

To the extent Plaintiff seeks disgorgement of revenues and profits under the California Business and Professions §§ 17200, et seq. beyond any monies Plaintiff directly paid to SDI, if any, such remedy is not authorized by Section 17200, et seq.

## FIFTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Other Defenses Incorporated by Reference)

SDI adopts and incorporates by reference any and all other additional or affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that SDI may share in such affirmative defenses.

## FIFTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

SDI has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings.  SDI further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

WHEREFORE, the Samsung SDI Defendants pray for judgment as follows:

1.     That Plaintiff take nothing under the Complaint, and the Complaint be dismissed with prejudice;

2.     That judgment be entered in favor of the Samsung SDI Defendants and against Plaintiff on each and every cause of action set forth in the Complaint;

3.     That the Samsung SDI Defendants recover their costs of suit and attorneys' fees incurred herein; and

4.     That the Samsung SDI Defendants be granted such other and further relief as the Court deems just and proper.

SMRH:410578676.2
MDL No. 1917; Case No. 11-cv-06276
SAMSUNG SDI DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT OF PLAINTIFF OFFICE DEPOT

1

2   Dated:  November 4, 2013          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4

5                                             By _____
                                                        /s/ Michael W. Scarborough

6                                                    MICHAEL W. SCARBOROUGH

7                                                     Attorneys for Defendants
                                                  SAMSUNG SDI AMERICA, INC.,
8                                                    SAMSUNG SDI CO., LTD.,
                                              SAMSUNG SDI (MALAYSIA) SDN. BHD.,
9                                             SAMSUNG SDI MEXICO S.A. DE C.V.,
                                                  SAMSUNG SDI BRASIL LTDA.,
10                                            SHENZEN SAMSUNG SDI CO., LTD. and
                                               TIANJIN SAMSUNG SDI CO., LTD.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-49-