SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com
              tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944-SC |
| | MDL No. 1917 |
| | (Individual Case No. 12-cv-02648) |
| This Document Relates to: 12-cv-02648 | **ANSWER OF DEFENDANTS SAMSUNG SDI AMERICA, INC., SAMSUNG SDI CO., LTD., SAMSUNG SDI (MALAYSIA) SDN. BHD., SAMSUNG SDI MEXICO S.A. DE C.V., SAMSUNG SDI BRASIL LTDA., SHENZHEN SAMSUNG SDI CO., LTD., AND TIANJIN SAMSUNG SDI CO., LTD. TO P.C. RICHARD PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| P.C. RICHARD & SON LONG ISLAND CORPORATION; MARTA COOPERATIVE OF AMERICA, INC.; and ABC APPLIANCE, INC., | |
| Plaintiffs, | |
| v. | |
| HITACHI, LTD., et al. | |
| Defendants. | |

1    Defendants Samsung SDI America, Inc. ("SDIA"), Samsung SDI Co., Ltd.

2  ("SDI Co."), Samsung SDI (Malaysia) Sdn Bhd. ("SDI Malaysia"), Samsung SDI Mexico

3  S.A. de C.V. ("SDI Mexico"), Samsung SDI Brasil Ltda. ("SDI Brasil"), Shenzhen

4  Samsung SDI Co. Ltd. ("SDI Shenzhen"), and Tianjin Samsung SDI Co., Ltd. ("SDI

5  Tianjin") (collectively "SDI" or the "Samsung SDI Defendants"), by and through their

6  undersigned counsel of record, answer Plaintiffs P.C. Richard & Son Long Island

7  Corporation, MARTA Cooperative of America, Inc. and ABC Appliance, Inc., d/b/a ABC

8  Warehouse's (collectively "Plaintiffs") First Amended Complaint (the "Complaint") and

9  allege additional or affirmative defenses as follows.  SDI denies each and every allegation

10  in the Complaint's section headings and in all portions of the Complaint not contained in

11  numbered paragraphs.  To the extent that the Complaint's allegations concern persons

12  and/or entities other than SDI, SDI denies that such allegations support any claim for relief

13  against SDI.

14    SDI responds to the Complaint in accordance with the former Special

15  Master's Report And Recommendations Regarding Defendants' Motions To Dismiss

16  Direct Action Complaints (Dkt. No. 1664); the Court's Order Adopting In Part And

17  Modifying In Part Special Master's Report And Recommendation On Defendants' Motion

18  To Dismiss The Direct Action Complaints (Dkt. No. 1856); and related orders dismissing

19  certain parties.  As a result of those orders, the Court dismissed, *inter alia*: (a) plaintiffs'

20  claims under the Massachusetts Consumer Protection Act, with leave to amend; (b)

21  plaintiffs' claims under the Washington Consumer Protection Act; (c) plaintiffs' claims

22  under California's laws for restitution and unjust enrichment; (d) plaintiffs' claims under

23  the law of New York based on pre-December 3, 1998 purchases; and (e) plaintiffs' claims

24  under claims the Nevada Unfair Trade Practices Act based on pre-October 1, 1999

25  purchases.

26  **I.    Introductory Allegations.**

27    1.    To the extent that the allegations of Paragraph 1 are definitional, SDI

28  avers that no response is required.  To the extent that the allegations of Paragraph 1

SAMSUNG SDI DEFENDANTS' ANSWER TO P.C. RICHARD
PLAINTIFFS' FIRST AMENDED COMPLAINT

constitute legal contentions and/or conclusions, SDI avers that no response is required.  To the extent that a response is required and to the extent that the allegations of Paragraph 1 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required as to matters relating to SDI, SDI denies all of the allegations of Paragraph 1 and all inferences arising therefrom.  Subject to the foregoing, SDI acknowledges that Plaintiffs in the Complaint purport to refer to cathode ray tubes as "CRTs," and purport to refer to the period from at least March 1, 1995 through at least November 25, 2007 as the "Relevant Period," although SDI disputes the propriety of such definitions and any inferences arising therefrom.  SDI specifically denies that the conspiracy, which SDI denies the existence of, extended from March 1, 1995 through November 25, 2007.

2.      To the extent that the allegations of Paragraph 2 are definitional, SDI avers that no response is required.  To the extent that a response is required and to the extent that the allegations of Paragraph 2 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required as to matters relating to SDI, SDI denies all of the allegations of Paragraph 2 and all inferences arising therefrom.  Subject to the foregoing, SDI acknowledges that Plaintiffs in the Complaint purport to refer to (i) color picture tubes as "CPTs," (ii) color display tubes as "CDTs," (iii) CPTs of all sizes and the products containing them collectively as "CPT Products," (iv) CDTs of all sizes and the products containing them collectively as "CDT Products," and (v) CDT Products and CPT Products collectively as "CRT Products" although SDI disputes the propriety of such definitions and any inferences arising therefrom.  SDI specifically denies that it manufactured any electronic devices containing CPTs or CDTs.

3.      SDI avers that the allegations of Paragraph 3 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, and to the extent the allegations of Paragraph 3 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their

SAMSUNG SDI DEFENDANTS' ANSWER TO P.C. RICHARD
PLAINTIFFS' FIRST AMENDED COMPLAINT

1   truth, and therefore denies them.  To the extent a response is required, and to the extent the

2   allegations of Paragraph 3 pertain to SDI, SDI denies all of the allegations of Paragraph 3.

3           4.      SDI avers that the allegations of Paragraph 4 constitute legal

4   contentions and/or conclusions to which no response is required, but SDI nonetheless

5   denies all of the allegations of Paragraph 4 to the extent they purport to pertain to SDI.

6   Further, to the extent that the allegations of Paragraph 4 relate to other defendants or other

7   persons, SDI lacks knowledge or information sufficient to form a belief as to their truth,

8   and therefore denies them.

9           5.      SDI avers that the allegations of Paragraph 5 and its subparts

10  constitute legal contentions and/or conclusions to which no response is required, but SDI

11  nonetheless denies all of the allegations of Paragraph 5 and its subparts to the extent they

12  purport to pertain to SDI.  SDI further denies all factual allegations of this Paragraph to the

13  extent such allegations pertain to SDI.  Further, to the extent that the allegations of

14  Paragraph 5 and its subparts relate to other defendants or other persons, SDI lacks

15  knowledge or information sufficient to form a belief as to their truth, and therefore denies

16  them.

17          6.      SDI avers that the allegations of Paragraph 6 constitute legal

18  contentions and/or conclusions to which no response is required, but SDI nonetheless

19  denies all of the allegations of Paragraph 6 to the extent they purport to pertain to SDI.

20  SDI further denies all factual allegations of this Paragraph to the extent such allegations

21  pertain to SDI.  Further, to the extent that the allegations of Paragraph 6 relate to other

22  defendants or other persons, SDI lacks knowledge or information sufficient to form a

23  belief as to their truth, and therefore denies them.

24          7.      SDI avers that the allegations of Paragraph 7 constitute legal

25  contentions and/or conclusions to which no response is required, but SDI nonetheless

26  denies all of the allegations of Paragraph 7 to the extent they purport to pertain to SDI. SDI

27  further denies all factual allegations of this Paragraph to the extent such allegations pertain

28  to SDI.  Further, to the extent that the allegations of Paragraph 7 relate to other defendants

-3-

1   or persons, SDI lacks knowledge or information sufficient to form a belief as to their truth,

2   and therefore denies them.

3           8.      With the exception of matters specifically admitted herein as follows,

4   SDI lacks knowledge or information sufficient to form a belief as to the truth of the

5   allegations in Paragraph 8, and therefore denies them.  SDI admits that the United States

6   Department of Justice ("DOJ") and other foreign competition authorities have announced

7   investigations relating to the cathode ray tubes industry.  SDI further admits on

8   information and belief that C.Y. Lin, the former Chairman and CEO of Defendant

9   Chunghwa Picture Tubes, Ltd., was indicted by a federal grand jury in connection with the

10  DOJ's investigation of the cathode ray tubes industry, the terms of which are matters of

11  public record.  SDI further admits on information and belief that five other individuals

12  have been indicted in connection with the DOJ's investigation of the color display tubes

13  industry.

14          9.      To the extent that the allegations of Paragraph 9 constitute legal

15  contentions and/or conclusions, SDI avers that no response is required.  To the extent a

16  response is required, SDI denies all of the allegations of Paragraph 9 to the extent they

17  purport to pertain to SDI.  To the extent that the allegations of Paragraph 9 relate to other

18  defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to

19  form a belief as to their truth, and therefore denies them.

20  **II.     Allegations Concerning Jurisdiction and Venue.**

21          10.     SDI admits that Plaintiffs purport to invoke the cited statutory

22  provisions, but otherwise denies the allegations of Paragraph 10.

23          11.     SDI admits that Plaintiffs purport to invoke the cited state laws, but

24  otherwise denies the allegations of Paragraph 11.

25          12.     SDI avers that the allegations of Paragraph 12 constitute legal

26  contentions and/or conclusions to which no response is required.  To the extent that a

27  response is required, and to the extent that allegations of Paragraph 12 relate to SDI, SDI

28  denies all of the allegations of Paragraph 12.  To the extent that the allegations of

-4-

1  Paragraph 12 relate to other defendants, SDI lacks knowledge or information sufficient to

2  form a belief as to the truth of those allegations, and therefore denies them.

3          13.     SDI avers that the allegations of Paragraph 13 constitute legal

4  contentions and/or conclusions to which no response is required.  To the extent that a

5  response is required, and to the extent that allegations of Paragraph 13 relate to SDI, SDI

6  denies all of the allegations of Paragraph 13.  To the extent that the allegations of

7  Paragraph 13 relate to other defendants, SDI lacks knowledge or information sufficient to

8  form a belief as to the truth of those allegations, and therefore denies them.

9          14.     SDI avers that the allegations of Paragraph 14 constitute legal

10  contentions and/or conclusions to which no response is required.  To the extent that a

11  response is required, and to the extent that allegations of Paragraph 14 relate to SDI, SDI

12  denies all of the allegations of Paragraph 14.  To the extent that the allegations of

13  Paragraph 14 relate to other defendants, SDI lacks knowledge or information sufficient to

14  form a belief as to the truth of those allegations, and therefore denies them.

15          15.     SDI avers that the allegations of Paragraph 15 regarding venue

16  constitute legal contentions and/or conclusions to which no response is required.  To the

17  extent that a response is required, and to the extent that allegations of Paragraph 15 relate

18  to SDI, SDI denies all of the allegations of Paragraph 15, with the exception of matters

19  specifically admitted herein as follows.  SDI admits that SDI Co., SDI Malaysia, SDI

20  Mexico, SDI Brazil, SDI Shenzen, and SDI Tianjin maintain principal places of business

21  in foreign countries.  SDI further admits that SDIA is licensed to and is doing business in

22  California.  To the extent that the allegations of Paragraph 15 relate to other defendants,

23  SDI lacks knowledge or information sufficient to form a belief as to the truth of those

24  allegations, and therefore denies them.

25  **III.     Allegations Concerning the Parties.**

26          16.     SDI lacks knowledge or information sufficient to form a belief as to

27  the truth of the allegations of Paragraph 16, and therefore denies them.

28          17.     SDI avers that the allegations of Paragraph 17 constitute legal

contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that the allegations of Paragraph 17 relate to other defendants, or a plaintiff, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required, and to the extent that the allegations of Paragraph 17 relate to SDI, SDI denies all of those allegations.

18.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and therefore denies them.

19.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore denies them.

20.   SDI avers that the allegations of Paragraph 20 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that the allegations of Paragraph 20 relate to other defendants, or a plaintiff, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required, and to the extent that the allegations of Paragraph 20 relate to SDI, SDI denies all of those allegations.

21.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore denies them.

22.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies them.

23.   SDI avers that the allegations of Paragraph 23 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that the allegations of Paragraph 23 relate to other defendants, or a plaintiff, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required, and to the extent that the allegations of Paragraph 23 relate to SDI, SDI denies all of those allegations.

-6-

1    24.    SDI lacks knowledge or information sufficient to form a belief as to

2 the truth of the allegations of Paragraph 24, and therefore denies them.

3    25.    SDI lacks knowledge or information sufficient to form a belief as to

4 the truth of the allegations of Paragraph 25, and therefore denies them.

5    26.    SDI lacks knowledge or information sufficient to form a belief as to

6 the truth of the allegations of Paragraph 26, and therefore denies them.

7    27.    SDI lacks knowledge or information sufficient to form a belief as to

8 the truth of the allegations of Paragraph 27, and therefore denies them.

9    28.    SDI lacks knowledge or information sufficient to form a belief as to

10 the truth of the allegations of Paragraph 28, and therefore denies them.

11    29.    SDI lacks knowledge or information sufficient to form a belief as to

12 the truth of the allegations of Paragraph 29, and therefore denies them.

13    30.    SDI lacks knowledge or information sufficient to form a belief as to

14 the truth of the allegations of Paragraph 30, and therefore denies them.

15    31.    SDI avers that the allegations of Paragraph 31 are definitional, to

16 which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to

17 Hitachi Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., Shenzhen

18 SEG Hitachi Color Display Devices, Ltd., and Hitachi Electronic Devices (USA)

19 collectively in the Complaint as "Hitachi."

20    32.    SDI lacks knowledge or information sufficient to form a belief as to

21 the truth of the allegations of Paragraph 32, and therefore denies them.

22    33.    SDI lacks knowledge or information sufficient to form a belief as to

23 the truth of the allegations of Paragraph 33, and therefore denies them.

24    34.    SDI lacks knowledge or information sufficient to form a belief as to

25 the truth of the allegations of Paragraph 34, and therefore denies them.

26    35.    SDI avers that the allegations of Paragraph 35 are definitional, to

27 which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to

28 Irico Group Corporation, Irico Group Electronics Co., Ltd., and Irico Display Devices Co.,

SMRH:410922477.2
MDL No. 1917; Case No. 12-cv-02648

SAMSUNG SDI DEFENDANTS' ANSWER TO P.C. RICHARD
PLAINTIFFS' FIRST AMENDED COMPLAINT

1  Ltd. collectively in the Complaint as "Irico."

2           36.    SDI lacks knowledge or information sufficient to form a belief as to
3  the truth of the allegations of Paragraph 36, and therefore denies them.

4           37.    SDI lacks knowledge or information sufficient to form a belief as to
5  the truth of the allegations of Paragraph 37, and therefore denies them.

6           38.    SDI avers that the allegations of Paragraph 38 are definitional, to
7  which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to
8  LG Electronics, Inc. and LG Electronics USA, Inc. collectively in the Complaint as "LG
9  Electronics."

10          39.    SDI lacks knowledge or information sufficient to form a belief as to
11 the truth of the allegations of Paragraph 39, and therefore denies them.

12          40.    SDI lacks knowledge or information sufficient to form a belief as to
13 the truth of the allegations of Paragraph 40, and therefore denies them.

14          41.    SDI lacks knowledge or information sufficient to form a belief as to
15 the truth of the allegations of Paragraph 41, and therefore denies them.

16          42.    SDI avers that the allegations of Paragraph 42 are definitional, to
17 which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to
18 Panasonic Corporation and Panasonic Corporation of North America collectively in the
19 Complaint as "Panasonic."

20          43.    SDI lacks knowledge or information sufficient to form a belief as to
21 the truth of the allegations of Paragraph 43, and therefore denies them.

22          44.    SDI lacks knowledge or information sufficient to form a belief as to
23 the truth of the allegations of Paragraph 44, and therefore denies them.

24          45.    SDI lacks knowledge or information sufficient to form a belief as to
25 the truth of the allegations of Paragraph 45, and therefore denies them.

26          46.    SDI lacks knowledge or information sufficient to form a belief as to
27 the truth of the allegations of Paragraph 46, and therefore denies them.

28          47.    SDI lacks knowledge or information sufficient to form a belief as to

1  the truth of the allegations of Paragraph 47, and therefore denies them.

2          48.     SDI lacks knowledge or information sufficient to form a belief as to

3  the truth of the allegations of Paragraph 48, and therefore denies them.

4          49.     SDI avers that the allegations of Paragraph 49 are definitional, to

5  which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to

6  Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation,

7  Philips Electronics Industries (Taiwan), Ltd., and Philips da Amazonia Industria

8  Electronica Ltda. collectively in the Complaint as "Philips."

9          50.     SDI denies all of the allegations of Paragraph 50, with the exception

10  of matters specifically admitted herein.  SDI specifically denies that it has offices in

11  Chicago and San Diego.  SDI admits that SDI Co. is a publicly traded South Korean

12  company, but denies that its principal place of business is 575 Shin-dong, Youngtong-gu,

13  Suwon, South Korea.  SDI admits that Samsung Electronics Co., Ltd. ("SEC") holds

14  almost 20% of SDI Co.'s stock, but specifically denies that SEC dominated or controlled

15  SDI Co.  The Samsung SDI Defendants aver that SDI Co. and SEC are independent,

16  separately-owned, publicly traded corporations, and demand strict proof to the contrary.

17          51.     SDI denies each and every allegation of Paragraph 51.

18          52.     SDI denies all of the allegations of Paragraph 52, with the exception

19  of matters specifically admitted herein as follows.  SDI specifically denies that SDI

20  Mexico is a wholly-owned subsidiary of Samsung SDI and that SDI Mexico manufactured,

21  marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated

22  and controlled SDI Mexico.  SDI admits that SDI Mexico is a Mexican company with its

23  principal place of business located at Blvd. Los Olivos, No. 21014, Parque Industrial El

24  Florido, Tijuana, B.C. Mexico.

25          53.     SDI denies all of the allegations of Paragraph 53, with the exception

26  of matters specifically admitted herein as follows.  SDI specifically denies that SDI Brazil

27  is a wholly-owned subsidiary of Samsung SDI and that SDI Brazil manufactured,

28  marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated

-9-

and controlled SDI Brazil.   SDI admits that SDI Brazil is a Brazilian company with its principal place of business located at Av. Eixo Norte Sul, S/N, Distrito Industrial, 69088-480 Manaus, Amazonas, Brazil.

54.     SDI denies all of the allegations of Paragraph 54, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Shenzhen is a wholly-owned subsidiary of Samsung SDI and that SDI Shenzhen manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled SDI Shenzhen.  SDI admits that SDI Shenzhen is a Chinese company with its principal place of business located at Huanggang Bei Lu, Futian Gu, Shenzhen, China.

55.     SDI denies all of the allegations of Paragraph 55, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Tianjin is a wholly-owned subsidiary of Samsung SDI and that SDI Tianjin manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled SDI Tianjin.   SDI admits that SDI Tianjin is a Chinese company with its principal place of business located at Developing Zone of Yi-Xian Park, Wuqing County, Tianjin, China.

56.     SDI denies all of the allegations of Paragraph 56, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Malaysia is a wholly-owned subsidiary of Samsung SDI and that SDI Malaysia manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled SDI Malaysia.   SDI admits that SDI Malaysia is a Malaysian company with its principal place of business at Lots 635 & 660, Kawasan Perindustrian, Tuanku Jafaar, 71450 Sungai Gadut, Negeri Sembilan Darul Khusus, Malaysia.

57.     SDI avers that the allegations of Paragraph 57 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to SDI Co., SDIA, SDI Mexico, SDI Brasil, SDI Shenzhen, SDI Tianjin, and SDI Malaysia

-10-

1  collectively in the Complaint as "Samsung," although SDI disputes the propriety of such

2  reference and any inferences that may be drawn therefrom.

3          58.     SDI lacks knowledge or information sufficient to form a belief as to

4  the truth of the allegations of Paragraph 58, and therefore denies them.

5          59.     SDI lacks knowledge or information sufficient to form a belief as to

6  the truth of the allegations of Paragraph 59, and therefore denies them.

7          60.     SDI lacks knowledge or information sufficient to form a belief as to

8  the truth of the allegations of Paragraph 60, and therefore denies them.

9          61.     SDI lacks knowledge or information sufficient to form a belief as to

10  the truth of the allegations of Paragraph 61, and therefore denies them.

11          62.     SDI lacks knowledge or information sufficient to form a belief as to

12  the truth of the allegations of Paragraph 62, and therefore denies them.

13          63.     SDI lacks knowledge or information sufficient to form a belief as to

14  the truth of the allegations of Paragraph 63, and therefore denies them.

15          64.     SDI lacks knowledge or information sufficient to form a belief as to

16  the truth of the allegations of Paragraph 64, and therefore denies them.

17          65.     SDI avers that the allegations of Paragraph 65 are definitional, to

18  which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to

19  Toshiba Corporation, Toshiba America Consumer Products, LLC, Toshiba America

20  Electronic Components, Inc., and Toshiba America Information Systems, Inc. collectively

21  in the Complaint as "Toshiba."

22          66.     SDI lacks knowledge or information sufficient to form a belief as to

23  the truth of the allegations of Paragraph 66, and therefore denies them.

24          67.     SDI lacks knowledge or information sufficient to form a belief as to

25  the truth of the allegations of Paragraph 67, and therefore denies them.

26          68.     SDI avers that the allegations of Paragraph 68 are definitional, to

27  which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to

28  Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

-11-

1  collectively in the Complaint as "Chunghwa."

2  **IV.     Allegations Concerning Supposed Agents and Co-Conspirators.**

3           69.     To the extent that the allegations of Paragraph 69 relate to other

4  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

5  and therefore denies them.  To the extent that the allegations of Paragraph 69 relate to SDI,

6  SDI denies all of those allegations.

7           70.     To the extent that the allegations of Paragraph 70 relate to other

8  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

9  and therefore denies them.  To the extent that the allegations of Paragraph 70 relate to SDI,

10  SDI denies all of those allegations.

11          71.     To the extent that the allegations of Paragraph 71 relate to other

12  defendants or other persons, SDI lacks knowledge or information sufficient to form a

13  belief as to their truth, and therefore denies them.  To the extent that the allegations of

14  Paragraph 71 relate to SDI, SDI denies all of those allegations.

15          72.     SDI lacks knowledge or information sufficient to form a belief as to

16  the truth of the allegations of Paragraph 72, and therefore denies them.

17          73.     SDI avers that the allegations of Paragraph 73 are definitional, to

18  which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to

19  Daewoo Electronics Co., Ltd., Orion Electronic Co. and Daewoo-Orion Societe Anonyme

20  collectively in the Complaint as "Daewoo."

21          74.     SDI lacks knowledge or information sufficient to form a belief as to

22  the truth of the allegations of Paragraph 74, and therefore denies them.

23          75.     SDI lacks knowledge or information sufficient to form a belief as to

24  the truth of the allegations of Paragraph 75, and therefore denies them.

25          76.     SDI lacks knowledge or information sufficient to form a belief as to

26  the truth of the allegations of Paragraph 76, and therefore denies them.

27          77.     To the extent that the allegations of Paragraph 77 relate to other

28  defendants or other persons, SDI lacks knowledge or information sufficient to form a

-12-

1    belief as to their truth, and therefore denies them.  To the extent that the allegations of

2    Paragraph 77 relate to SDI, SDI denies all of those allegations.

3    **V.      Allegations Concerning Trade and Commerce.**

4            78.     SDI avers that the allegations of Paragraph 78 constitute legal

5    contentions and/or conclusions to which no response is required, but SDI nonetheless

6    denies all of the allegations of Paragraph 78 to the extent they purport to pertain to SDI.

7    Further, to the extent that the allegations of Paragraph 78 relate to other defendants, SDI

8    lacks knowledge or information sufficient to form a belief as to their truth, and therefore

9    denies them.

10          79.     SDI lacks knowledge or information sufficient to form a belief as to

11   the truth of the allegations of Paragraph 79, and therefore denies them.

12          80.     SDI avers that the allegations of Paragraph 80 constitute legal

13   contentions and/or conclusions to which no response is required, but SDI nonetheless

14   denies all of the allegations of Paragraph 80 to the extent they purport to pertain to SDI.

15   Further, to the extent that the allegations of Paragraph 80 relate to other defendants, SDI

16   lacks knowledge or information sufficient to form a belief as to their truth, and therefore

17   denies them.

18   **VI.     Factual Allegations.**

19          81.     To the extent that the allegations of Paragraph 81 are definitional, SDI

20   avers that no response is required.  To the extent a response is required, SDI lacks

21   knowledge or information sufficient to form a belief as to the truth of the allegations of

22   Paragraph 81, and therefore denies them.

23          82.     SDI lacks knowledge or information sufficient to form a belief as to

24   the truth of the allegations of Paragraph 82, and therefore denies them.

25          83.     To the extent that the allegations of Paragraph 83 are definitional, SDI

26   avers that no response is required.  To the extent a response is required, SDI lacks

27   knowledge or information sufficient to form a belief as to the truth of the allegations of

28   Paragraph 83, and therefore denies them.

-13-

84.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84, and therefore denies them.

85.     To the extent that the allegations of Paragraph 85 are definitional, SDI avers that no response is required.  To the extent a response is required, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85, and therefore denies them, with the exception of matters specifically admitted herein as follows.  SDI admits that CRTs can be subdivided into CDTs and CPTs. SDI further admits that CPTs are used primarily in televisions and related devices and that CDTs are primarily used in computer monitors and similar devices.

86.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86, and therefore denies them.

87.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87, and therefore denies them.

88.     SDI avers that the allegations of Paragraph 88 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 88.

89.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 89, and therefore denies them. SDI denies the remaining allegations of Paragraph 89.

90.     SDI denies each and every allegation of Paragraph 90.

91.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91, and therefore denies them.

92.     To the extent that the allegations of Paragraph 92 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 92 relate to SDI, SDI denies all of those allegations.

93.     To the extent that the allegations of Paragraph 93 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

-14-

SAMSUNG SDI DEFENDANTS' ANSWER TO P.C. RICHARD
PLAINTIFFS' FIRST AMENDED COMPLAINT

1   and therefore denies them.  To the extent that the allegations of Paragraph 93 relate to SDI,

2   SDI denies all of those allegations.

3          94.     To the extent that the allegations of Paragraph 94 relate to other

4   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

5   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 94

6   relate to SDI, SDI denies all of those allegations, with the exception of matters specifically

7   admitted herein as follows.  SDI admits that, during at least portions of the alleged period,

8   SDI Co. was a member of EDIRAK (the Electronic Display Industrial Research

9   Association of Korea) and KODEMIA (the Korean Display Equipment Material Industry

10  Association).  SDI specifically denies that such trade associations furthered or in any way

11  connected with the "conspiracy" alleged in Paragraph 94 of Complaint.

12         95.     SDI lacks knowledge or information sufficient to form a belief as to

13  the truth of the allegations of Paragraph 95, and therefore denies them.

14         96.     To the extent that the allegations of Paragraph 96 relate to other

15  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 96

17  relate to SDI, SDI denies all of those allegations.

18         97.     To the extent that the allegations of Paragraph 97 and its subparts

19  relate to other defendants or entities, SDI lacks knowledge or information sufficient to

20  form a belief as to their truth, and therefore denies them.  To the extent that the allegations

21  of Paragraph 97 and its subparts relate to SDI, SDI denies all of those allegations.

22         98.     To the extent that the allegations of Paragraph 98 relate to other

23  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 98

25  relate to SDI, SDI denies all of those allegations.

26         99.     To the extent that the allegations of Paragraph 99 relate to other

27  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 99

SMRH:410922477.2
MDL No. 1917; Case No. 12-cv-02648

SAMSUNG SDI DEFENDANTS' ANSWER TO P.C. RICHARD
PLAINTIFFS' FIRST AMENDED COMPLAINT

1  relate to SDI, SDI denies all of those allegations.

2         100.    SDI lacks knowledge or information sufficient to form a belief as to

3  the truth of the allegations of Paragraph 100, and therefore denies them.

4         101.    SDI lacks knowledge or information sufficient to form a belief as to

5  the truth of the allegations of Paragraph 101, and therefore denies them.

6         102.    To the extent that the allegations of Paragraph 102 relate to other

7  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 102

9  relate to SDI, SDI denies all of those allegations.

10        103.    To the extent that the allegations of Paragraph 103 relate to other

11  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 103

13  relate to SDI, SDI denies all of those allegations.

14        104.    SDI lacks knowledge or information sufficient to form a belief as to

15  the truth of the allegations of Paragraph 104, and therefore denies them.

16        105.    SDI lacks knowledge or information sufficient to form a belief as to

17  the truth of the allegations of Paragraph 105, and therefore denies them.

18        106.    To the extent that the allegations of Paragraph 106 relate to other

19  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 106

21  relate to SDI, SDI denies all of those allegations.

22        107.    SDI lacks knowledge or information sufficient to form a belief as to

23  the truth of the allegations of Paragraph 107, and therefore denies them.

24        108.    To the extent that the allegations of Paragraph 108 relate to other

25  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

26  and therefore denies them. To the extent that the allegations of Paragraph 108 relate to

27  SDI, SDI denies all of those allegations.

28        109.    To the extent that the allegations of Paragraph 109 relate to other

-16-

1  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

2  and therefore denies them.  To the extent that the allegations of Paragraph 109 relate to

3  SDI, SDI denies all of those allegations.

4         110.  To the extent that the allegations of Paragraph 110 constitute legal

5  contentions and/or conclusions, SDI avers that no response is required.  To the extent that

6  a response is required and to the extent that the allegations of Paragraph 110 relate to other

7  defendants or other persons, SDI lacks knowledge or information sufficient to form a

8  belief as to their truth, and therefore denies them.  To the extent that a response is required

9  as to matters relating to SDI, SDI denies all of the allegations of Paragraph 110 and all

10  inferences arising therefrom.

11         111.  To the extent that the allegations of Paragraph 111 relate to other

12  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

13  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 111

14  relate to SDI, SDI denies all of those allegations.

15         112.  To the extent that the allegations of Paragraph 112 relate to other

16  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

17  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 112

18  relate to SDI, SDI denies all of those allegations.

19         113.  To the extent that the allegations of Paragraph 113 relate to other

20  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

21  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 113

22  relate to SDI, SDI denies all of those allegations.

23         114.  SDI denies each and every allegation of Paragraph 114.

24         115.  To the extent that the allegations of Paragraph 115 relate to other

25  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

26  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 115

27  relate to SDI, SDI denies all of those allegations.

28         116.  To the extent that the allegations of Paragraph 116 relate to other

-17-

SAMSUNG SDI DEFENDANTS' ANSWER TO P.C. RICHARD
PLAINTIFFS' FIRST AMENDED COMPLAINT

1   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

2   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 116

3   relate to SDI, SDI denies all of those allegations.

4           117.    To the extent that the allegations of Paragraph 117 relate to other

5   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

6   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 117

7   relate to SDI, SDI denies all of those allegations.

8           118.    To the extent that the allegations of Paragraph 118 relate to other

9   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

10  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 118

11  relate to SDI, SDI denies all of those allegations.

12          119.    To the extent that the allegations of Paragraph 119 relate to other

13  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

14  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 119

15  relate to SDI, SDI denies all of those allegations.

16          120.    To the extent that the allegations of Paragraph 120 relate to other

17  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

18  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 120

19  relate to SDI, SDI denies all of those allegations.

20          121.    To the extent that the allegations of Paragraph 121 relate to other

21  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

22  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 121

23  relate to SDI, SDI denies all of those allegations.

24          122.    To the extent that the allegations of Paragraph 122 relate to other

25  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

26  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 122

27  relate to SDI, SDI denies all of those allegations.

28          123.    To the extent that the allegations of Paragraph 123 relate to other

-18-

1  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

2  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 123

3  relate to SDI, SDI denies all of those allegations.

4           124.    To the extent that the allegations of Paragraph 124 relate to other

5  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

6  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 124

7  relate to SDI, SDI denies all of those allegations.

8           125.    To the extent that the allegations of Paragraph 125 relate to other

9  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

10  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 125

11  relate to SDI, SDI denies all of those allegations.

12           126.    To the extent that the allegations of Paragraph 126 relate to other

13  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

14  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 126

15  relate to SDI, SDI denies all of those allegations.

16           127.    To the extent that the allegations of Paragraph 127 and its subparts

17  relate to other defendants or entities, SDI lacks knowledge or information sufficient to

18  form a belief as to their truth, and therefore denies them.  To the extent that the allegations

19  of Paragraph 127 and its subparts relate to SDI, SDI denies all of those allegations.

20           128.    To the extent that the allegations of Paragraph 128 relate to other

21  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

22  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 128

23  relate to SDI, SDI denies all of those allegations.

24           129.    To the extent that the allegations of Paragraph 129 and its subparts

25  relate to other defendants or entities, SDI lacks knowledge or information sufficient to

26  form a belief as to their truth, and therefore denies them.  To the extent that the allegations

27  of Paragraph 129 and its subparts relate to SDI, SDI denies all of those allegations.

28           130.    To the extent that the allegations of Paragraph 130 relate to other

-19-

1    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

2    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 130

3    relate to SDI, SDI denies all of those allegations.

4            131.    To the extent that the allegations of Paragraph 131 relate to other

5    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

6    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 131

7    relate to SDI, SDI denies all of those allegations.

8            132.    To the extent that the allegations of Paragraph 132 relate to other

9    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

10   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 132

11   relate to SDI, SDI denies all of those allegations.

12           133.    To the extent that the allegations of Paragraph 133 relate to other

13   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

14   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 133

15   relate to SDI, SDI denies all of those allegations.

16           134.    To the extent that the allegations of Paragraph 134 relate to other

17   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

18   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 134

19   relate to SDI, SDI denies all of those allegations.

20           135.    To the extent that the allegations of Paragraph 135 relate to other

21   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

22   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 135

23   relate to SDI, SDI denies all of those allegations.

24           136.    To the extent that the allegations of Paragraph 136 relate to other

25   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

26   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 136

27   relate to SDI, SDI denies all of those allegations.

28           137.    To the extent that the allegations of Paragraph 137 relate to other

-20-

1   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

2   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 137

3   relate to SDI, SDI denies all of those allegations.

4              138.    To the extent that the allegations of Paragraph 138 relate to other

5   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

6   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 138

7   relate to SDI, SDI denies all of those allegations.

8              139.    To the extent that the allegations of Paragraph 139 relate to other

9   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

10  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 139

11  relate to SDI, SDI denies all of those allegations.

12             140.    To the extent that the allegations of Paragraph 140 relate to other

13  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

14  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 140

15  relate to SDI, SDI denies all of those allegations.

16             141.    To the extent that the allegations of Paragraph 141 relate to other

17  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

18  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 141

19  relate to SDI, SDI denies all of those allegations.

20             142.    To the extent that the allegations of Paragraph 142 relate to other

21  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

22  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 142

23  relate to SDI, SDI denies all of those allegations.

24             143.    To the extent that the allegations of Paragraph 143 relate to other

25  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

26  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 143

27  relate to SDI, SDI denies all of those allegations.

28             144.    To the extent that the allegations of Paragraph 144 relate to other

1  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

2  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 144

3  relate to SDI, SDI denies all of those allegations.

4          145.    To the extent that the allegations of Paragraph 145 relate to other

5  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

6  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 145

7  relate to SDI, SDI denies all of those allegations.

8          146.    To the extent that the allegations of Paragraph 146 relate to other

9  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

10  their truth, and therefore denies them.  To the extent the allegations of Paragraph 146

11  relate to SDI, SDI denies all of those allegations.

12          147.    To the extent that the allegations of Paragraph 147 relate to other

13  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

14  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 147

15  relate to SDI, SDI denies all of those allegations.

16          148.    To the extent that the allegations of Paragraph 148 relate to other

17  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

18  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 148

19  relate to SDI, SDI denies all of those allegations.

20          149.    To the extent that the allegations of Paragraph 149 relate to other

21  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

22  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 149

23  relate to SDI, SDI denies all of those allegations.

24          150.    To the extent that the allegations of Paragraph 150 relate to other

25  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

26  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 150

27  relate to SDI, SDI denies all of those allegations.

28          151.    To the extent that the allegations of Paragraph 151 relate to other

-22-

1    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

2    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 151

3    relate to SDI, SDI denies all of those allegations.

4            152.   To the extent that the allegations of Paragraph 152 relate to other

5    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

6    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 152

7    relate to SDI, SDI denies all of those allegations.

8            153.   To the extent that the allegations of Paragraph 153 relate to other

9    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

10   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 153

11   relate to SDI, SDI denies all of those allegations.

12           154.   To the extent that the allegations of Paragraph 154 relate to other

13   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

14   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 154

15   relate to SDI, SDI denies all of those allegations.

16           155.   To the extent that the allegations of Paragraph 155 relate to other

17   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

18   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 155

19   relate to SDI, SDI denies all of those allegations.

20           156.   SDI denies each and every allegation of Paragraph 156.

21           157.   SDI lacks knowledge or information sufficient to form a belief as to

22   the truth of the allegations of Paragraph 157, and therefore denies them, with the exception

23   of matters specifically admitted herein as follows.  SDI admits that cathode ray tubes can

24   be used in certain television and computer monitor products.

25           158.   SDI lacks knowledge or information sufficient to form a belief as to

26   the truth of the allegations of Paragraph 158, and therefore denies them.

27           159.   SDI lacks knowledge or information sufficient to form a belief as to

28   the truth of the allegations of Paragraph 159, and therefore denies them.

-23-

1          160.   SDI lacks knowledge or information sufficient to form a belief as to

2  the truth of the allegations of Paragraph 160, and therefore denies them.

3          161.   SDI lacks knowledge or information sufficient to form a belief as to

4  the truth of the allegations of Paragraph 161, and therefore denies them.

5          162.   SDI lacks knowledge or information sufficient to form a belief as to

6  the truth of the allegations of Paragraph 162, and therefore denies them.

7          163.   To the extent that the allegations of Paragraph 163 relate to other

8  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

9  and therefore denies them.  To the extent that the allegations of Paragraph 163 relate to

10  SDI, SDI denies all of those allegations.

11          164.   SDI lacks knowledge or information sufficient to form a belief as to

12  the truth of the allegations of the first three sentences of Paragraph 164, and therefore

13  denies them.  To the extent that the allegations of the last sentence of Paragraph 164 relate

14  to other defendants, SDI lacks knowledge or information sufficient to form a belief as to

15  their truth, and therefore denies them.  To the extent that the allegations of the last sentence

16  of Paragraph 164 relate to SDI, SDI denies all of those allegations.

17          165.   SDI lacks knowledge or information sufficient to form a belief as to

18  the truth of the allegations of the last sentence of Paragraph 165, and therefore denies

19  them.  To the extent that the allegations of the first sentence of Paragraph 165 relate to

20  other defendants, SDI lacks knowledge or information sufficient to form a belief as to their

21  truth, and therefore denies them.  To the extent that the allegations of the first sentence of

22  Paragraph 165 relate to SDI, SDI denies all of those allegations.

23          166.   SDI lacks knowledge or information sufficient to form a belief as to

24  the truth of the allegations of Paragraph 166, and therefore denies them.

25          167.   SDI lacks knowledge or information sufficient to form a belief as to

26  the truth of the allegations of Paragraph 167, and therefore denies them.

27          168.   To the extent that the allegations of Paragraph 168 relate to SDI, SDI

28  denies all of those allegations.  To the extent that the allegations of Paragraph 168 relate to

-24-

1   other defendants, SDI lacks knowledge or information sufficient to form a belief as to their

2   truth, and therefore denies them.

3          169.   With the exception of matters specifically admitted herein as follows,

4   SDI lacks information sufficient to form a belief as to the truth of the allegations of

5   Paragraph 169, and therefore denies them.  SDI admits that antitrust authorities in Europe,

6   Japan and South Korea have announced investigations related to the cathode ray tubes

7   industry.

8          170.   SDI lacks knowledge or information sufficient to form a belief as to

9   the truth of the allegations of Paragraph 170, and therefore denies them.  With respect to

10  the report purportedly quoted from in Paragraph 170, SDI refers Plaintiffs to the referenced

11  report for a description of its content.

12         171.   To the extent that the allegations of Paragraph 171 relate to other

13  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

14  and therefore denies them.  To the extent that the allegations of Paragraph 171 relate to

15  SDI, SDI denies all of those allegations, with the exception of matters specifically

16  admitted herein as follows.  SDI admits that, in or about May, 2008, the Hungarian

17  Competition Authority ("HCA") announced its own investigation of the cathode ray tubes

18  industry.  With respect to the HCA announcement purportedly quoted from in

19  Paragraph 171, SDI refers Plaintiffs to the referenced document for a description of its

20  content.

21         172.   With the exception of matters specifically admitted on information

22  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

23  belief as to the truth of the allegations in Paragraph 172, and therefore denies them.  SDI

24  admits on information and belief that C.Y. Lin, the former Chairman and CEO of

25  Defendant Chunghwa Picture Tubes, Ltd., was indicted by a federal grand jury in

26  connection with the DOJ's investigation of the cathode ray tubes industry, the terms of

27  which are matters of public record.  With respect to the press release purportedly quoted

28  from in Paragraph 172, SDI refers Plaintiffs to the referenced document for a description

1   of its content.

2       173.    With the exception of matters specifically admitted on information

3   and belief herein as follows, SDI lacks knowledge or information sufficient to form a

4   belief as to the truth of the allegations in Paragraph 173, and therefore denies them.  SDI

5   admits on information and belief that Wu Jen Cheng, formerly of Chunghwa Picture

6   Tubes, Ltd., was indicted by a federal grand jury in connection with the DOJ's

7   investigation of the cathode ray tubes industry, the terms of which are matters of public

8   record.  With respect to the press release purportedly characterized in Paragraph 173, SDI

9   refers Plaintiffs to the referenced document for a description of its content.

10      174.    With the exception of matters specifically admitted on information

11  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

12  belief as to the truth of the allegations in Paragraph 174, and therefore denies them.  SDI

13  admits on information and belief that Chung Cheng Yeh was indicted by a federal grand

14  jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms

15  of which are matters of public record.  With respect to the press release purportedly quoted

16  from in Paragraph 174, SDI refers Plaintiffs to the referenced document for a description

17  of its content.

18      175.    With the exception of matters specifically admitted on information

19  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

20  belief as to the truth of the allegations in Paragraph 175, and therefore denies them.  SDI

21  admits on information and belief that Seung-Kyu Lee, Yeong-Ug Yang and Jae-Sik Kim

22  were indicted by a federal grand jury in connection with the DOJ's investigation of the

23  cathode ray tubes industry, the terms of which are matters of public record.  With respect

24  to the press release purportedly quoted from in Paragraph 175, SDI refers Plaintiffs to the

25  referenced document for a description of its content.

26      176.    With the exception of matters specifically admitted herein as follows,

27  SDI lacks knowledge or information sufficient to form a belief as to the truth of the

28  allegations in Paragraph 176, and therefore denies them.  SDI admits that DOJ issued a

1   press release on or about March 18, 2011 announcing SDI Co.'s agreement to plead guilty.

2   SDI refers Plaintiffs to the referenced press release for a description of its content.

3          177.   SDI denies the allegations in Paragraph 177, with the exception of

4   matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an

5   amended plea agreement with the United States related to an investigation of the cathode

6   ray tubes industry, the terms of which are matters of public record.

7          178.   SDI denies the allegations in Paragraph 178, with the exception of

8   matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an

9   amended plea agreement with the United States related to an investigation of the cathode

10  ray tubes industry, the terms of which are matters of public record.

11         179.   With the exception of matters specifically admitted herein as follows,

12  SDI lacks knowledge or information sufficient to form a belief as to the truth of the

13  allegations of Paragraph 179, and therefore denies them.  SDI admits that the European

14  Commission has announced fines relating to its investigation into the cathode ray tubes

15  industry, and details regarding that announcement are matters of public record.  SDI

16  admits that the European Commission fined SDI Co. in connection with its investigation.

17  With respect to the document purportedly described in Paragraph 179, SDI refers Plaintiff

18  to the referenced document for a description of its specific contents.

19         180.   To the extent that the allegations of Paragraph 180 relate to other

20  defendants or other persons, SDI lacks knowledge or information sufficient to form a

21  belief as to their truth, and therefore denies them.  To the extent that the allegations of

22  Paragraph 180 relate to SDI, SDI denies all of those allegations.

23         181.   To the extent that the allegations of Paragraph 181 relate to SDI, SDI

24  denies all of those allegations.  To the extent that the allegations of Paragraph 181 relate

25  other defendants, SDI lacks knowledge or information sufficient to form a belief as to their

26  truth, and therefore denies them, with the exception of matters specifically admitted herein

27  as follows.  SDI admits on information and belief that SEC entered into a plea agreement

28  with the United States related to an investigation of dynamic random access memory, the

1   terms of which are matters of public record.

2           182.    To the extent that the allegations of Paragraph 182 relate to SDI, SDI

3   denies all of those allegations.  To the extent that the allegations of Paragraph 182 relate to

4   other defendants, SDI lacks knowledge or information sufficient to form a belief as to their

5   truth, and therefore denies them.

6           183.    SDI lacks knowledge or information sufficient to form a belief as to

7   the truth of the allegations of Paragraph 183, and therefore denies them.

8           184.    SDI lacks knowledge or information sufficient to form a belief as to

9   the truth of the allegations of Paragraph 184, and therefore denies them.

10          185.    With the exception of matters specifically admitted on information

11  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

12  belief as to the truth of the allegations in Paragraph 185, and therefore denies them.  SDI

13  admits on information and belief that LG Display Co., Ltd., Sharp Corporation, and

14  Chunghwa Picture Tubes, Ltd. entered into plea agreements with the DOJ related to an

15  investigation of the TFT-LCD industry, the terms of which are matters of public record.

16          186.    With the exception of matters specifically admitted on information

17  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

18  belief as to the truth of the allegations in Paragraph 186, and therefore denies them.  SDI

19  admits on information and belief that Hitachi, Ltd. entered into a plea agreement with the

20  DOJ related to an investigation of the TFT-LCD industry, the terms of which are matters

21  of public record.

22          187.    With the exception of matters specifically admitted on information

23  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

24  belief as to the truth of the allegations in Paragraph 187, and therefore denies them.  SDI

25  admits on information and belief that LG Display Co., Ltd., Sharp Corporation, Chunghwa

26  Picture Tubes, Ltd. and Hitachi, Ltd. entered into a plea agreements with the DOJ related

27  to an investigation of the TFT-LCD industry, the terms of which are matters of public

28  record.

188.   To the extent that the allegations of Paragraph 188 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 188 relate to SDI, SDI denies all of those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that, during at least portions of the alleged period, SDI Co. attended the Korea Display Conference.  SDI specifically denies that such trade associations furthered or in any way connected with the "collusive activities" alleged in Paragraph 188 of Complaint.

189.   To the extent that the allegations of Paragraph 189 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 189 relate to SDI, SDI denies all of those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that, during at least portions of the alleged period, SDI Co. attended the Korea Display Conference.  SDI further admits that, during at least portions of the alleged period, SDI Co. was a member of KODEMIA and EDIRAK.  SDI specifically denies that such trade associations furthered or in any way connected with the "collusive activities" alleged in Paragraph 189 of Complaint.

190.   To the extent that the allegations of Paragraph 190 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 190 relate to SDI, SDI denies all of those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that, during at least portions of the alleged period, H.K. Chung, Woo Jong Lee, Bae Choel-Han, Jung Ho-Gyun and H.C. Kim attended the Korea Display Conference.

191.   To the extent that the allegations of Paragraph 191 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 191 relate to SDI, SDI denies all of those allegations.

-29-

192.    To the extent that the allegations of Paragraph 192 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 192 relate to SDI, SDI denies all of those allegations.

193.    To the extent that the allegations of Paragraph 193 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 193 relate to SDI, SDI denies all of those allegations.

194.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 194, and therefore denies them.

195.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 195, and therefore denies them.

196.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 196, and therefore denies them.

197.    SDI denies all the allegations of Paragraph 197, with the exception of matters specifically admitted herein as follows.  SDI admits that, in late 2005, SDI closed its cathode ray tube factory in Germany.

198.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 198, and therefore denies them.

199.    To the extent that the allegations of Paragraph 199 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 199 relate to SDI, SDI denies all of those allegations.

200.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 200, and therefore denies them.

201.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 201, and therefore denies them.

202.    SDI denies the allegations in the last sentence of Paragraph 202.  SDI

1  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

2  allegations of Paragraph 202, and therefore denies them.

3          203.   SDI lacks knowledge or information sufficient to form a belief as to

4  the truth of the allegations of Paragraph 203, and therefore denies them.

5          204.   SDI denies the allegations in the last sentence of Paragraph 204.  SDI

6  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

7  allegations of Paragraph 204, and therefore denies them.

8          205.   SDI lacks knowledge or information sufficient to form a belief as to

9  the truth of the allegations of Paragraph 205, and therefore denies them.

10          206.   SDI lacks knowledge or information sufficient to form a belief as to

11  the truth of the allegations of Paragraph 206, and therefore denies them.

12          207.   SDI denies each and every allegation of Paragraph 207.

13          208.   To the extent that the allegations of Paragraph 208 and its subparts

14  relate to other defendants, SDI lacks knowledge or information sufficient to form a belief

15  as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph

16  208 and its subparts relate to SDI, SDI denies all of those allegations.

17  **VII.   Allegations Concerning Plaintiffs' Alleged Injuries**

18          209.   To the extent the allegations of Paragraph 209 constitute legal

19  conclusions and/or contentions, SDI avers that no response is required.  To the extent that

20  a response is required, SDI denies all of the allegations of Paragraph 209.

21          210.   To the extent that the allegations of Paragraph 210 relate to other

22  defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to

23  form a belief as to their truth, and therefore denies them.  To the extent that the allegations

24  of Paragraph 210 relate to SDI, SDI denies all of those allegations.

25          211.   To the extent that the allegations of Paragraph 211 relate to other

26  defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to

27  form a belief as to their truth, and therefore denies them.  To the extent that the allegations

28  of Paragraph 211 relate to SDI, SDI denies all of those allegations.

212. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 212, and therefore denies them.

213. To the extent that the allegations of Paragraph 213 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 213 relate to SDI, SDI denies all of those allegations.

214. To the extent that the allegations of Paragraph 214 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 214 relate to SDI, SDI denies all of those allegations.

215. SDI denies each and every allegation of Paragraph 215.

**VIII.   Allegations Concerning Purported Fraudulent Concealment.**

216. SDI denies each and every allegation of Paragraph 216.

217. SDI denies each and every allegation of Paragraph 217.

218. To the extent that the allegations of Paragraph 218 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 218 relate to SDI, SDI denies all of those allegations.

219. SDI denies each and every allegation of Paragraph 219.

220. SDI denies each and every allegation of Paragraph 220.

221. To the extent that the allegations of Paragraph 221 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 221 relate to SDI, SDI denies all of those allegations.

222. To the extent that the allegations of Paragraph 222 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 222 relate to SDI, SDI denies all of those allegations.

-32-

223.    SDI denies the allegations in the last sentence of Paragraph 223.  SDI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 223, and therefore denies them.

224.    SDI denies the allegations in the last sentence of Paragraph 224.  SDI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 224, and therefore denies them.

225.    To the extent that the allegations of Paragraph 225 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 225 relate to SDI, SDI denies all of those allegations.

226.    To the extent that the allegations of Paragraph 226 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 226 relate to SDI, SDI denies all of those allegations.

227.    To the extent that the allegations of Paragraph 227 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 227 relate to SDI, SDI denies all of those allegations.

228.    To the extent the allegations of Paragraph 228 constitute legal conclusions and/or contentions, SDI avers that no response is required.  To the extent that a response is required, SDI denies all of the allegations of Paragraph 228.

IX.    **Allegations Concerning Purported *American Pipe*, Government Action and Cross-Jurisdictional Tolling**

229.    SDI repeats and incorporates by reference its responses to Paragraphs 172 to 178 of the Complaint with the same force and effect as if set forth herein at length. SDI avers that the allegations of Paragraph 229 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, SDI denies the allegations of the second sentence of Paragraph 229.  To the extent a response is

-33-

1  required, and to the extent the first sentence of Paragraph 229 relates to other defendants or

2  entities, SDI lacks knowledge or information sufficient to form a belief as to their truth,

3  and therefore denies them.  To the extent a response is required, and to the extent the first

4  sentence of Paragraph 229 relates to SDI, SDI denies those allegations, with the exception

5  of matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an

6  amended plea agreement with the United States related to an investigation of the cathode

7  ray tubes industry, the terms of which are matters of public record.

8          230.    SDI avers that the allegations of Paragraph 230 constitute legal

9  contentions and/or conclusions to which no response is required.  To the extent a response

10  is required, SDI lacks knowledge or information sufficient to form a belief as to the truth

11  of the allegations of Paragraph 230, and therefore denies them.

12          231.    SDI avers that the allegations of Paragraph 231 constitute legal

13  contentions and/or conclusions to which no response is required.  To the extent a response

14  is required, SDI denies all of the allegations of Paragraph 231.

15  **X.     Allegations Concerning Claim for Alleged Violations**

16                      **First Claim for Relief**

17           **(Alleged Violation of Section 1 of the Sherman Act)**

18          232.    SDI repeats and incorporates by reference its responses to

19  Paragraphs 1 through 231 of the Complaint with the same force and effect as if set forth

20  herein at length.

21          233.    SDI avers that the allegations of Paragraph 233 constitute legal

22  contentions and/or conclusions to which no response is required, but SDI nonetheless

23  denies all of those allegations.

24          234.    SDI denies each and every allegation of Paragraph 234.

25          235.    SDI denies each and every allegation of Paragraph 235.

26          236.    SDI denies each and every allegation of Paragraph 236

27          237.    SDI denies each and every allegation of Paragraph 237, including its

28  subparts.

-34-

238.  SDI denies each and every allegation of Paragraph 238.

**Second Claim for Relief**

**(Alleged Violation of State Antitrust Laws)**

239.  SDI repeats and incorporates by reference its responses to Paragraphs 1 through 238 of the Complaint with the same force and effect as if set forth herein at length.

240.  SDI avers that the allegations of Paragraph 240 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

241.  SDI avers that the allegations of Paragraph 241 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

242.  SDI avers that the allegations of Paragraph 242 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations, including their subparts.

243.  SDI denies each and every allegation of Paragraph 243, including its subparts.

244.  SDI denies each and every allegation of Paragraph 244.

245.  SDI avers that the allegations of Paragraph 245 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations, including their subparts.

246.  SDI avers that the allegations of Paragraph 246 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations, including their subparts.

247.  SDI avers that the allegations of Paragraph 247 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations, including their subparts.

248.  SDI avers that the allegations of Paragraph 248 constitute legal

-35-

contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations, including their subparts.   Further, in light of the August 21, 2013 Order Adopting In Part And Modifying In Part Special Master's Report And Recommendation On Defendants' Motion To Dismiss The Direct Action Plaintiffs' Complaints (Dkt. No. 1856), Plaintiffs' state law claims against SDI under the laws of New York that are based on purchases that occurred before December 23, 1998 have been dismissed.

**XI.     Allegations Concerning Plaintiffs' Prayer for Relief.**

SDI denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of SDI as alleged in the Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Complaint.

## ADDITIONAL OR AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, SDI asserts the following additional and/or affirmative defenses to Plaintiffs' Complaint:

## FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

## FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

## FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Remedies Unconstitutional, Unauthorized or Contrary to Public Policy)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

## SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Absence of Damages)

Plaintiffs' claims should be dismissed because Plaintiffs have suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent that Plaintiffs purportedly suffered injury or damage, which SDI specifically denies, SDI further contends that any such purported injury or damage was not by reason of any act or omission of SDI.

## SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Antitrust Injury)

Plaintiffs' claims should be dismissed because Plaintiffs have not suffered actual, cognizable antitrust injury of the type antitrust laws are intended to remedy.

## EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Uncertainty of Damages)

Plaintiffs' claims should be dismissed because the alleged damages sought are too speculative and uncertain, and cannot be practicably ascertained or allocated.

## NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs failed to take all necessary, reasonable, and appropriate actions to mitigate their alleged

-37-

1    damages, if any.

2                    **TENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

3                              **(Statutes of Limitation)**

4                Plaintiffs' claims should be dismissed to the extent that they are barred, in

5    whole or in part, by the applicable statute(s) of limitations.

6                  **ELEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

7                              **(Unjust Enrichment)**

8                Plaintiffs' claims should be dismissed to the extent that they are barred, in

9    whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to

10   recover any part of the damages alleged in the Complaint.

11                  **TWELFTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

12                            **(Lack of Proximate Cause)**

13               Plaintiffs' claims should be dismissed to the extent that they are barred, in

14   whole or in part, due to the absence of any injury or damage for which SDI's actions,

15   conduct, or omissions were the proximate cause.

16                 **THIRTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

17                            **(Adequate Remedy at Law)**

18               Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs

19   have available an adequate remedy at law.

20                 **FOURTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

21                                  **(Privilege)**

22               Plaintiffs' claims should be dismissed to the extent that they are barred, in

23   whole or in part, because any action taken by or on behalf of SDI was justified, constituted

24   bona fide business competition and was taken in pursuit of its own legitimate business and

25   economic interests, and is therefore privileged.

26                  **FIFTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

27                    **(Non-actionable or Governmental Privilege)**

28               Plaintiffs' claims are barred, in whole or in part, because the alleged conduct

-38-

1  of SDI that is the subject of the Complaint was caused by, due to, based upon, or in

2  response to directives, laws, regulations, policies, and/or acts of governments,

3  governmental agencies and entities, and/or regulatory agencies, and such is non-actionable

4  or privileged.

5  <u>**SIXTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**</u>

6  **(Failure to Join Indispensable Parties)**

7         Plaintiffs' claims should be dismissed to the extent that they are barred, in

8  whole or in part, for failure to join indispensable parties.

9  <u>**SEVENTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**</u>

10  **(Comparative Fault)**

11         Plaintiffs' claims should be dismissed to the extent that they are barred, in

12  whole or in part, because any and all injuries alleged in the Complaint, the fact and extent

13  of which SDI specifically denies, were directly and proximately caused or contributed to

14  by the statements, acts, and/or omissions of Plaintiffs and/or third parties or entities, other

15  than SDI.

16  <u>**EIGHTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**</u>

17  **(Acquiescence)**

18         Plaintiffs' claims should be dismissed to the extent that they are barred, in

19  whole or in part, by Plaintiffs' acquiescence in and/or confirmation of any and all conduct

20  and/or omissions alleged as to SDI.

21  <u>**NINETEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**</u>

22  **(Lack of Subject Matter Jurisdiction and/or Failure to State a Claim Under the
   Foreign Trade Antitrust Improvements Act)**

23

24         Plaintiffs' claims based on foreign purchases, if any, should be dismissed to

   the extent that they are barred, in whole or in part, because they are outside the Court's

25

26  subject matter jurisdiction as defined by the Foreign Trade Antitrust Improvements Act, 15

   U.S.C. § 6a and/or analogous state authority.

27

28

## TWENTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous, and/or unintelligible.  SDI avers that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit SDI to ascertain what other defenses may exist.  SDI therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

## TWENTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Standing to Sue for Injuries Alleged)

Plaintiffs' claims should be dismissed, in whole or in part, to the extent Plaintiffs lack standing to sue for the injuries alleged in the Complaint.  To the extent that Plaintiffs purchased products containing CRTs, as opposed to CRTs themselves, their alleged injuries are even more speculative, derivative, indirect, and remote.  Plaintiffs' damage claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

## TWENTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Competition Not Harmed)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because SDI's actions did not lessen competition in the relevant market(s).

## TWENTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Intervening or Superseding Acts of Third Parties)

Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom SDI had no control or responsibility.  The acts of such third parties constitute intervening or superseding causes of harm, if any, suffered by Plaintiffs.

-40-

1        **TWENTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

2              **(Injury or Damages Offset by Benefits Received)**

3              Plaintiffs' claims should be dismissed to the extent that they are barred, in

4    whole or in part, because any claimed injury or damage has been offset by benefits

5    Plaintiffs received with respect to the challenged conduct.

6        **TWENTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

7                   **(Increased Output and Lower Prices)**

8              SDI, without admitting the existence of any contract, combination, or

9    conspiracy in restraint of trade as alleged in the Complaint, avers that the matters about

10   which Plaintiffs complain resulted in increased output and lower prices for CRTs and/or

11   CRT Products.

12       **TWENTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

13                    **(Prices Fixed by Plaintiffs)**

14             Plaintiffs' claims should be dismissed to the extent they are barred, in whole

15   or in part, because the price of CRTs and/or CRT Products was fixed, if at all, by Plaintiffs

16   and/or other purchasers of CRTs and/or CRT Products, either individually or collectively.

17       **TWENTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

18       **(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)**

19             Plaintiffs' claims should be dismissed to the extent that they are barred, in

20   whole or in part, because Plaintiffs have failed to allege fraud or fraudulent concealment

21   with sufficient particularity.

22       **TWENTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

23             **(Failure to Plead Conspiracy with Particularity)**

24             Plaintiffs' claims should be dismissed to the extent that they are barred, in

25   whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient

26   particularity.

27

28

SAMSUNG SDI DEFENDANTS' ANSWER TO P.C. RICHARD
PLAINTIFFS' FIRST AMENDED COMPLAINT

## TWENTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Detrimental Reliance)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

## THIRTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Arbitration Agreements)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by agreements that require arbitration of the matters alleged in the Complaint.

## THIRTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Settlement Set Off)

Without admitting that plaintiffs are entitled to recover damages in this matter, SDI is entitled to set off from any recovery Plaintiffs may obtain against SDI any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

## THIRTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Injunctive Relief)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to state a claim for injunctive relief insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

## THIRTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any alleged conduct of SDI occurred outside of the jurisdiction of the Court.

1

## THIRTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

2

### (Damages Passed On)

3      Plaintiffs' claims should be dismissed to the extent they are barred, in whole

4  or in part, because any injury or damage alleged in the Complaint, which SDI specifically

5  denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on

6  by Plaintiffs to other parties.

7

## THIRTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

8

### (Damages Not Passed Through to Plaintiffs)

9      Plaintiffs' claims should be dismissed to the extent they are barred, in whole

10  or in part, because any injury or damage alleged in the Complaint was not incurred by or

11  passed on to Plaintiffs, or was incurred by or passed on to persons or entities other than

12  Plaintiffs.

13

## THIRTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

14

### (No Unreasonable Restraint Of Trade)

15      Plaintiffs' claims are barred, in whole or in part, because the alleged conduct

16  of SDI did not unreasonably restrain trade.

17

## THIRTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

18

### (Ultra Vires)

19      To the extent that any actionable conduct may have occurred, Plaintiffs'

20  claims against SDI are barred because all such alleged conduct would have been

21  committed by individuals acting ultra vires.

22

## THIRTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

23

### (Proportionality)

24      To the extent SDI is found liable for damages, the fact and extent of which

25  are expressly denied by SDI, those damages must be reduced in proportion to SDI's degree

26  of fault.

27

28

1     ## THIRTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

2     ### (Forum Non Conveniens)

3          Plaintiffs' claims are barred, in whole or in part, because of the doctrine of

4     forum non conveniens.

5     ## FORTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

6     ### (Permitted By Law)

7          Plaintiffs' claims are barred, in whole or in part, to the extent they are based

8     on alleged acts, conduct or statements that are specifically permitted by law.

9     ## FORTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

10    ### (Multiple Recoveries)

11         To the extent Plaintiffs' claims would result in SDI paying damages to more

12    than one claimant for the same alleged overcharge, they are barred because such multiple

13    recoveries would violate rights guaranteed to SDI by the U.S. Constitution and other law,

14    including, without limitation, rights guaranteed under the Due Process Clause of the

15    Fourteenth Amendment.

16    ## FORTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

17    ### (Improper Extraterritorial Application)

18         Plaintiffs' claims are barred, in whole or in part, by the U.S. Constitution

19    and/or other applicable law to the extent their claims seek the improper extraterritorial

20    application of the laws cited to any transactions occurring outside the United States.

21    ## FORTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

22    ### (Acts Outside The Jurisdiction)

23         Plaintiffs' claims under the laws of the various States cited are barred, in

24    whole or in part, to the extent SDI's alleged conduct occurred outside the jurisdiction of

25    this Court and/or was neither directed to nor affected persons, entities, or commerce in the

26    various States cited.

27

28

-44-

1  **FORTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

2  **(Market Power)**

3        Plaintiffs' claims are barred, in whole or in part, to the extent they have

4  failed to allege or prove that SDI possessed or possesses market power in any legally

5  cognizable relevant market.

6  **FORTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

7  **(Privity Of Contract)**

8        Plaintiffs' claims are barred, in whole or in part, to the extent that privity of

9  contract is required to establish their claims.

10  **FORTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

11  **(Release)**

12        Plaintiffs' claims are barred, in whole or in part, because they have been

13  released by Plaintiffs and/or others.

14  **FORTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

15  **(Voluntary Payment)**

16        Plaintiffs' claims are barred, in whole or in part, by the voluntary payment

17  doctrine, under which one cannot recover payments with full knowledge of the facts.

18  **FORTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

19  **(Federal Trade Commission)**

20        Any alleged conduct by SDI is, or if in interstate commerce would be,

21  subject to and complies with the rules and regulations of, and the statutes administered by,

22  the Federal Trade Commission or other official department, division, commission or

23  agency of the United States as such rules, regulations, or statutes are interpreted by the

24  Federal Trade Commission or such department, division, commission or agency of the

25  federal courts.

26

27

28

SMRH:410922477.2
MDL No. 1917; Case No. 12-cv-02648

## FORTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Intrastate Conduct)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs did not allege conduct and/or effects that are wholly or predominantly intrastate within the various States at issue.

## FIFTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Not Entitled To Seek Damages)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs are not entitled to seek damages under the laws of the various States cited.

## FIFTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Plead Special Damages With Specificity)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to plead special damages with specificity as required by the laws of the various States cited.

## FIFTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Other Defenses Incorporated by Reference)

SDI adopts and incorporates by reference any and all other additional or affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that SDI may share in such affirmative defenses.

## FIFTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

SDI has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings.  SDI further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

SMRH:410922477.2
MDL No. 1917; Case No. 12-cv-02648

SAMSUNG SDI DEFENDANTS' ANSWER TO P.C. RICHARD
PLAINTIFFS' FIRST AMENDED COMPLAINT

1          WHEREFORE, the Samsung SDI Defendants pray for judgment as follows:

2          1.      That Plaintiffs take nothing under the Complaint, and the Complaint
be dismissed with prejudice;

3

4          2.      That judgment be entered in favor of the Samsung SDI Defendants
and against Plaintiffs on each and every cause of action set forth in the
Complaint;

5

6          3.      That the Samsung SDI Defendants recover their costs of suit and
attorneys' fees incurred herein; and

7          4.      That the Samsung SDI Defendants be granted such other and further
relief as the Court deems just and proper.

8

9  Dated:  November 4, 2013           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

10

11

12                                  By _____/s/ Michael W. Scarborough_____

13                                        MICHAEL W. SCARBOROUGH

14                                        Attorneys for Defendants
                                         SAMSUNG SDI AMERICA, INC.,
15                                        SAMSUNG SDI CO., LTD.,
                                  SAMSUNG SDI (MALAYSIA) SDN. BHD.,
16                                  SAMSUNG SDI MEXICO S.A. DE C.V.,
                                         SAMSUNG SDI BRASIL LTDA.,
17                                  SHENZEN SAMSUNG SDI CO., LTD. and
                                   TIANJIN SAMSUNG SDI CO., LTD.
18

19

20

21

22

23

24

25

26

27

28

-47-