1   SHEPPARD MULLIN RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2       Including Professional Corporations
    GARY L. HALLING, Cal. Bar No. 66087
3   JAMES L. MCGINNIS, Cal. Bar No. 95788
    MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4   TYLER M. CUNNINGHAM, Cal. Bar No. 243694
    Four Embarcadero Center, 17th Floor
5   San Francisco, California  94111-4106
    Telephone:    415-434-9100
6   Facsimile:    415-434-3947
    E-mail:        ghalling@sheppardmullin.com
7                  jmcginnis@sheppardmullin.com
                   mscarborough@sheppardmullin.com
8                  tcunningham@sheppardmullin.com

9   Attorneys for Defendants
    SAMSUNG SDI AMERICA, INC.,
10  SAMSUNG SDI CO., LTD.,
    SAMSUNG SDI (MALAYSIA) SDN. BHD.,
11  SAMSUNG SDI MEXICO S.A. DE C.V.,
    SAMSUNG SDI BRASIL LTDA.,
12  SHENZEN SAMSUNG SDI CO., LTD. and
    TIANJIN SAMSUNG SDI CO., LTD.

13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16               SAN FRANCISCO DIVISION

17

18  In re: CATHODE RAY TUBE (CRT)        | Master File No. 3:07-cv-5944-SC
    ANTITRUST LITIGATION                  |
19                                         | MDL No. 1917
                                           |
                                           | (Individual Case No. 12-cv-02649)
20  _____
                                           | ANSWER OF DEFENDANTS
21  This Document Relates to:              | SAMSUNG SDI AMERICA, INC.,
         12-cv-02649                       | SAMSUNG SDI CO., LTD., SAMSUNG
                                           | SDI (MALAYSIA) SDN. BHD.,
22  SCHULTZE AGENCY SERVICES, LLC          | SAMSUNG SDI MEXICO S.A. DE
    on behalf of TWEETER OPCO, LLC and     | C.V., SAMSUNG SDI BRASIL LTDA.,
23  TWEETER NEWCO, LLC,                    | SHENZHEN SAMSUNG SDI CO.,
                                           | LTD., AND TIANJIN SAMSUNG SDI
24       Plaintiff,                        | CO., LTD. TO SCHULTZE AGENCY
                                           | SERVICES, LLC'S FIRST AMENDED
25       v.                                | COMPLAINT
26  HITACHI, LTD., et al.
27       Defendants.
28

1   Defendants Samsung SDI America, Inc. ("SDIA"), Samsung SDI Co., Ltd.
2   ("SDI Co."), Samsung SDI (Malaysia) Sdn Bhd. ("SDI Malaysia"), Samsung SDI Mexico
3   S.A. de C.V. ("SDI Mexico"), Samsung SDI Brasil Ltda. ("SDI Brasil"), Shenzhen
4   Samsung SDI Co. Ltd. ("SDI Shenzhen"), and Tianjin Samsung SDI Co., Ltd. ("SDI
5   Tianjin") (collectively "SDI" or the "Samsung SDI Defendants"), by and through their
6   undersigned counsel of record, answer Plaintiff Schultze Agency Services, LLC on behalf
7   of Tweeter Opco, LLC and Tweeter Newco, LLC's (collectively "Plaintiff") First
8   Amended Complaint (the "Complaint") and allege additional or affirmative defenses as
9   follows.  SDI denies each and every allegation in the Complaint's section headings and in
10  all portions of the Complaint not contained in numbered paragraphs.  To the extent that the
11  Complaint's allegations concern persons and/or entities other than SDI, SDI denies that
12  such allegations support any claim for relief against SDI.

13   SDI responds to the Complaint in accordance with the former Special
14  Master's Report And Recommendations Regarding Defendants' Motions To Dismiss
15  Direct Action Complaints (Dkt. No. 1664); the Court's Order Adopting In Part And
16  Modifying In Part Special Master's Report And Recommendation On Defendants' Motion
17  To Dismiss The Direct Action Complaints (Dkt. No. 1856); and related orders dismissing
18  certain parties.  As a result of those orders, the Court dismissed, *inter alia*: (a) plaintiffs'
19  claims under the Massachusetts Consumer Protection Act, with leave to amend; (b)
20  plaintiffs' claims under the Washington Consumer Protection Act; (c) plaintiffs' claims
21  under California's laws for restitution and unjust enrichment; (d) plaintiffs' claims under
22  the law of New York based on pre-December 3, 1998 purchases; and (e) plaintiffs' claims
23  under claims the Nevada Unfair Trade Practices Act based on pre-October 1, 1999
24  purchases.

25  **I.    Introductory Allegations.**

26   1.    To the extent that the allegations of Paragraph 1 are definitional, SDI
27  avers that no response is required.  To the extent that the allegations of Paragraph 1
28  constitute legal contentions and/or conclusions, SDI avers that no response is required.  To

-1-

SAMSUNG SDI DEFENDANTS' ANSWER TO
TWEETER'S FIRST AMENDED COMPLAINT

1  the extent that a response is required and to the extent that the allegations of Paragraph 1

2  relate to other defendants or other persons, SDI lacks knowledge or information sufficient

3  to form a belief as to their truth, and therefore denies them.  To the extent that a response is

4  required as to matters relating to SDI, SDI denies all of the allegations of Paragraph 1 and

5  all inferences arising therefrom.  Subject to the foregoing, SDI acknowledges that Plaintiff

6  in the Complaint purports to refer to Tweeter Home Entertainment Group, Inc. and its

7  affiliated companies as "Tweeter," purports to refer to cathode ray tubes as "CRTs," and

8  purports to refer to the period from at least March 1, 1995 through at least November 25,

9  2007 as the "Relevant Period," although SDI disputes the propriety of such definitions and

10 any inferences arising therefrom.  SDI specifically denies that the conspiracy, which SDI

11 denies the existence of, extended from March 1, 1995 through November 25, 2007.

12         2.     To the extent that the allegations of Paragraph 2 are definitional, SDI

13 avers that no response is required.  To the extent that a response is required and to the

14 extent that the allegations of Paragraph 2 relate to other defendants or other persons, SDI

15 lacks knowledge or information sufficient to form a belief as to their truth, and therefore

16 denies them.  To the extent that a response is required as to matters relating to SDI, SDI

17 denies all of the allegations of Paragraph 2 and all inferences arising therefrom.  Subject to

18 the foregoing, SDI acknowledges that Plaintiff in the Complaint purports to refer to

19 (i) color picture tubes as "CPTs," (ii) color display tubes as "CDTs," (iii) CPTs of all sizes

20 and the products containing them collectively as "CPT Products," (iv) CDTs of all sizes

21 and the products containing them collectively as "CDT Products," and (v) CDT Products

22 and CPT Products collectively as "CRT Products" although SDI disputes the propriety of

23 such definitions and any inferences arising therefrom.  SDI specifically denies that it

24 manufactured any electronic devices containing CPTs or CDTs.

25         3.     SDI avers that the allegations of Paragraph 3 constitute legal

26 contentions and/or conclusions to which no response is required.  To the extent a response

27 is required, and to the extent the allegations of Paragraph 3 relate to other defendants or

28 other persons, SDI lacks knowledge or information sufficient to form a belief as to their

-2-

SAMSUNG SDI DEFENDANTS' ANSWER TO
TWEETER'S FIRST AMENDED COMPLAINT

1   truth, and therefore denies them.  To the extent a response is required, and to the extent the

2   allegations of Paragraph 3 pertain to SDI, SDI denies all of the allegations of Paragraph 3.

3            4.     SDI avers that the allegations of Paragraph 4 constitute legal

4   contentions and/or conclusions to which no response is required, but SDI nonetheless

5   denies all of the allegations of Paragraph 4 to the extent they purport to pertain to SDI.

6   Further, to the extent that the allegations of Paragraph 4 relate to other defendants or other

7   persons, SDI lacks knowledge or information sufficient to form a belief as to their truth,

8   and therefore denies them.

9            5.     SDI avers that the allegations of Paragraph 5 and its subparts

10  constitute legal contentions and/or conclusions to which no response is required, but SDI

11  nonetheless denies all of the allegations of Paragraph 5 and its subparts to the extent they

12  purport to pertain to SDI.  SDI further denies all factual allegations of this Paragraph to the

13  extent such allegations pertain to SDI. Further, to the extent that the allegations of

14  Paragraph 5 and its subparts relate to other defendants or other persons, SDI lacks

15  knowledge or information sufficient to form a belief as to their truth, and therefore denies

16  them.

17           6.     SDI avers that the allegations of Paragraph 6 constitute legal

18  contentions and/or conclusions to which no response is required, but SDI nonetheless

19  denies all of the allegations of Paragraph 6 to the extent they purport to pertain to SDI.

20  SDI further denies all factual allegations of this Paragraph to the extent such allegations

21  pertain to SDI.  Further, to the extent that the allegations of Paragraph 6 relate to other

22  defendants or other persons, SDI lacks knowledge or information sufficient to form a

23  belief as to their truth, and therefore denies them.

24           7.     SDI avers that the allegations of Paragraph 7 constitute legal

25  contentions and/or conclusions to which no response is required, but SDI nonetheless

26  denies all of the allegations of Paragraph 7 to the extent they purport to pertain to SDI.

27  SDI further denies all factual allegations of this Paragraph to the extent such allegations

28  pertain to SDI.  Further, to the extent that the allegations of Paragraph 7 relate to other

-3-

1  defendants or persons, SDI lacks knowledge or information sufficient to form a belief as to

2  their truth, and therefore denies them.

3            8.      With the exception of matters specifically admitted herein as follows,

4  SDI lacks knowledge or information sufficient to form a belief as to the truth of the

5  allegations in Paragraph 8, and therefore denies them.  SDI admits that the United States

6  Department of Justice ("DOJ") and other foreign competition authorities have announced

7  investigations relating to the cathode ray tubes industry.  SDI further admits on

8  information and belief that C.Y. Lin, the former Chairman and CEO of Defendant

9  Chunghwa Picture Tubes, Ltd., was indicted by a federal grand jury in connection with the

10  DOJ's investigation of the cathode ray tubes industry, the terms of which are matters of

11  public record.  SDI further admits on information and belief that five other individuals

12  have been indicted in connection with the DOJ's investigation of the color display tubes

13  industry.

14            9.      To the extent that the allegations of Paragraph 9 constitute legal

15  contentions and/or conclusions, SDI avers that no response is required.  To the extent a

16  response is required, SDI denies all of the allegations of Paragraph 9 to the extent they

17  purport to pertain to SDI.  To the extent that the allegations of Paragraph 9 relate to other

18  defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to

19  form a belief as to their truth, and therefore denies them.

20  **II.    Allegations Concerning Jurisdiction and Venue.**

21            10.     SDI admits that Plaintiff purports to invoke the cited statutory

22  provisions, but otherwise denies the allegations of Paragraph 10.

23            11.     SDI admits that Plaintiff purports to invoke the cited state laws, but

24  otherwise denies the allegations of Paragraph 11.

25            12.     SDI avers that the allegations of Paragraph 12 constitute legal

26  contentions and/or conclusions to which no response is required.  To the extent that a

27  response is required, and to the extent that allegations of Paragraph 12 relate to SDI, SDI

28  denies all of the allegations of Paragraph 12.  To the extent that the allegations of

-4-

Paragraph 12 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

13.     SDI avers that the allegations of Paragraph 13 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that allegations of Paragraph 13 relate to SDI, SDI denies all of the allegations of Paragraph 13.  To the extent that the allegations of Paragraph 13 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

14.     SDI avers that the allegations of Paragraph 14 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that allegations of Paragraph 14 relate to SDI, SDI denies all of the allegations of Paragraph 14.  To the extent that the allegations of Paragraph 14 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

15.     SDI avers that the allegations of Paragraph 15 regarding venue constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that allegations of Paragraph 15 relate to SDI, SDI denies all of the allegations of Paragraph 15, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Co., SDI Malaysia, SDI Mexico, SDI Brazil, SDI Shenzen, and SDI Tianjin maintain principal places of business in foreign countries.  SDI further admits that SDIA is licensed to and is doing business in California.  To the extent that the allegations of Paragraph 15 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

III.     **Allegations Concerning the Parties.**

16.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore denies them.

17.     SDI lacks knowledge or information sufficient to form a belief as to

-5-

1  the truth of the allegations of Paragraph 17, and therefore denies them.

2          18.    SDI lacks knowledge or information sufficient to form a belief as to

3  the truth of the allegations of Paragraph 18, and therefore denies them.  With respect to the

4  document purportedly quoted from in Paragraph 18, SDI refers Plaintiff to the referenced

5  document for a description of its content.

6          19.    SDI lacks knowledge or information sufficient to form a belief as to

7  the truth of the allegations of Paragraph 19, and therefore denies them.

8          20.    To the extent that the allegations of Paragraph 20 constitute legal

9  contentions and/or conclusions, SDI avers that no response is required.  To the extent a

10  response is required, SDI lacks knowledge or information sufficient to form a belief as to

11  the truth of the allegations of Paragraph 20, and therefore denies them.

12          21.    SDI avers that the allegations of Paragraph 21 constitute legal

13  contentions and/or conclusions to which no response is required.  To the extent that a

14  response is required, and to the extent that the allegations of Paragraph 21 relate to other

15  defendants, or a plaintiff, or other persons, SDI lacks knowledge or information sufficient

16  to form a belief as to their truth, and therefore denies them.  To the extent that a response is

17  required, and to the extent that the allegations of Paragraph 21 relate to SDI, SDI denies all

18  of those allegations.

19          22.    SDI lacks knowledge or information sufficient to form a belief as to

20  the truth of the allegations of Paragraph 22, and therefore denies them.

21          23.    SDI lacks knowledge or information sufficient to form a belief as to

22  the truth of the allegations of Paragraph 23, and therefore denies them.

23          24.    SDI lacks knowledge or information sufficient to form a belief as to

24  the truth of the allegations of Paragraph 24, and therefore denies them.

25          25.    SDI lacks knowledge or information sufficient to form a belief as to

26  the truth of the allegations of Paragraph 25, and therefore denies them.

27          26.    SDI lacks knowledge or information sufficient to form a belief as to

28  the truth of the allegations of Paragraph 26, and therefore denies them.

-6-

1      27.    SDI lacks knowledge or information sufficient to form a belief as to

2   the truth of the allegations of Paragraph 27, and therefore denies them.

3      28.    SDI lacks knowledge or information sufficient to form a belief as to

4   the truth of the allegations of Paragraph 28, and therefore denies them.

5      29.    SDI avers that the allegations of Paragraph 29 are definitional, to

6   which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

7   Hitachi Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., Shenzhen

8   SEG Hitachi Color Display Devices, Ltd., and Hitachi Electronic Devices (USA)

9   collectively in the Complaint as "Hitachi."

10      30.    SDI lacks knowledge or information sufficient to form a belief as to

11   the truth of the allegations of Paragraph 30, and therefore denies them.

12      31.    SDI lacks knowledge or information sufficient to form a belief as to

13   the truth of the allegations of Paragraph 31, and therefore denies them.

14      32.    SDI lacks knowledge or information sufficient to form a belief as to

15   the truth of the allegations of Paragraph 32, and therefore denies them.

16      33.    SDI avers that the allegations of Paragraph 33 are definitional, to

17   which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

18   Irico Group Corporation, Irico Group Electronics Co., Ltd., and Irico Display Devices Co.,

19   Ltd. collectively in the Complaint as "Irico."

20      34.    SDI lacks knowledge or information sufficient to form a belief as to

21   the truth of the allegations of Paragraph 34, and therefore denies them.

22      35.    SDI lacks knowledge or information sufficient to form a belief as to

23   the truth of the allegations of Paragraph 35, and therefore denies them.

24      36.    SDI avers that the allegations of Paragraph 36 are definitional, to

25   which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

26   LG Electronics, Inc. and LG Electronics USA, Inc. collectively in the Complaint as "LG

27   Electronics."

28      37.    SDI lacks knowledge or information sufficient to form a belief as to

-7-

1    the truth of the allegations of Paragraph 37, and therefore denies them.

2             38.     SDI lacks knowledge or information sufficient to form a belief as to

3    the truth of the allegations of Paragraph 38, and therefore denies them.

4             39.     SDI lacks knowledge or information sufficient to form a belief as to

5    the truth of the allegations of Paragraph 39, and therefore denies them.

6             40.     SDI avers that the allegations of Paragraph 40 are definitional, to

7    which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

8    Panasonic Corporation and Panasonic Corporation of North America collectively in the

9    Complaint as "Panasonic."

10            41.     SDI lacks knowledge or information sufficient to form a belief as to

11   the truth of the allegations of Paragraph 41, and therefore denies them.

12            42.     SDI lacks knowledge or information sufficient to form a belief as to

13   the truth of the allegations of Paragraph 42, and therefore denies them.

14            43.     SDI lacks knowledge or information sufficient to form a belief as to

15   the truth of the allegations of Paragraph 43, and therefore denies them.

16            44.     SDI lacks knowledge or information sufficient to form a belief as to

17   the truth of the allegations of Paragraph 44, and therefore denies them.

18            45.     SDI lacks knowledge or information sufficient to form a belief as to

19   the truth of the allegations of Paragraph 45, and therefore denies them.

20            46.     SDI lacks knowledge or information sufficient to form a belief as to

21   the truth of the allegations of Paragraph 46, and therefore denies them.

22            47.     SDI avers that the allegations of Paragraph 47 are definitional, to

23   which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

24   Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation,

25   Philips Electronics Industries (Taiwan), Ltd., and Philips da Amazonia Industria

26   Electronica Ltda. collectively in the Complaint as "Philips."

27            48.     SDI denies all of the allegations of Paragraph 48, with the exception

28   of matters specifically admitted herein.  SDI specifically denies that it has offices in

-8-

SAMSUNG SDI DEFENDANTS' ANSWER TO
TWEETER'S FIRST AMENDED COMPLAINT

1   Chicago and San Diego.  SDI admits that SDI Co. is a publicly traded South Korean

2   company, but denies that its principal place of business is 575 Shin-dong, Youngtong-gu,

3   Suwon, South Korea.  SDI admits that Samsung Electronics Co., Ltd. ("SEC") holds

4   almost 20% of SDI Co.'s stock, but specifically denies that SEC dominated or controlled

5   SDI Co.  The Samsung SDI Defendants aver that SDI Co. and SEC are independent,

6   separately-owned, publicly traded corporations, and demand strict proof to the contrary.

7             49.    SDI denies each and every allegation of Paragraph 49.

8             50.    SDI denies all of the allegations of Paragraph 50, with the exception

9   of matters specifically admitted herein as follows.  SDI specifically denies that SDI

10  Mexico is a wholly-owned subsidiary of Samsung SDI and that SDI Mexico manufactured,

11  marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated

12  and controlled SDI Mexico.  SDI admits that SDI Mexico is a Mexican company with its

13  principal place of business located at Blvd. Los Olivos, No. 21014, Parque Industrial El

14  Florido, Tijuana, B.C. Mexico.

15            51.    SDI denies all of the allegations of Paragraph 51, with the exception

16  of matters specifically admitted herein as follows.  SDI specifically denies that SDI Brazil

17  is a wholly-owned subsidiary of Samsung SDI and that SDI Brazil manufactured,

18  marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated

19  and controlled SDI Brazil.  SDI admits that SDI Brasil is a Brazilian company with its

20  principal place of business located at Av. Eixo Norte Sul, S/N, Distrito Industrial, 69088-

21  480 Manaus, Amazonas, Brazil.

22            52.    SDI denies all of the allegations of Paragraph 52, with the exception

23  of matters specifically admitted herein as follows.  SDI specifically denies that SDI

24  Shenzhen is a wholly-owned subsidiary of Samsung SDI and that SDI Shenzhen

25  manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that

26  SEC dominated and controlled SDI Shenzhen.  SDI admits that SDI Shenzhen is a Chinese

27  company with its principal place of business located at Huanggang Bei Lu, Futian Gu,

28  Shenzhen, China.

53.     SDI denies all of the allegations of Paragraph 53, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Tianjin is a wholly-owned subsidiary of Samsung SDI and that SDI Tianjin manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled SDI Tianjin.    SDI admits that SDI Tianjin is a Chinese company with its principal place of business located at Developing Zone of Yi-Xian Park, Wuqing County, Tianjin, China.

54.     SDI denies all of the allegations of Paragraph 54, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Malaysia is a wholly-owned subsidiary of Samsung SDI and that SDI Malaysia manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled SDI Malaysia.  SDI admits that SDI Malaysia is a Malaysian company with its principal place of business at Lots 635 & 660, Kawasan Perindustrian, Tuanku Jafaar, 71450 Sungai Gadut, Negeri Sembilan Darul Khusus, Malaysia.

55.     SDI avers that the allegations of Paragraph 55 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to SDI Co., SDIA, SDI Mexico, SDI Brasil, SDI Shenzhen, SDI Tianjin, and SDI Malaysia collectively in the Complaint as "Samsung," although SDI disputes the propriety of such reference and any inferences that may be drawn therefrom.

56.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and therefore denies them.

57.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and therefore denies them.

58.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58, and therefore denies them.

59.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59, and therefore denies them.

-10-

1    60.    SDI lacks knowledge or information sufficient to form a belief as to

2    the truth of the allegations of Paragraph 60, and therefore denies them.

3    61.    SDI lacks knowledge or information sufficient to form a belief as to

4    the truth of the allegations of Paragraph 61, and therefore denies them.

5    62.    SDI lacks knowledge or information sufficient to form a belief as to

6    the truth of the allegations of Paragraph 62, and therefore denies them.

7    63.    SDI avers that the allegations of Paragraph 63 are definitional, to

8    which no response is required. Nevertheless, SDI admits that Plaintiff purports to refer to

9    Toshiba Corporation, Toshiba America Consumer Products, LLC, Toshiba America

10   Electronic Components, Inc., and Toshiba America Information Systems, Inc. collectively

11   in the Complaint as "Toshiba."

12   64.    SDI lacks knowledge or information sufficient to form a belief as to

13   the truth of the allegations of Paragraph 64, and therefore denies them.

14   65.    SDI lacks knowledge or information sufficient to form a belief as to

15   the truth of the allegations of Paragraph 65, and therefore denies them.

16   66.    SDI avers that the allegations of Paragraph 66 are definitional, to

17   which no response is required. Nevertheless, SDI admits that Plaintiff purports to refer to

18   Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

19   collectively in the Complaint as "Chunghwa."

20   **IV.    Allegations Concerning Supposed Agents and Co-Conspirators.**

21   67.    To the extent that the allegations of Paragraph 67 relate to other

22   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

23   and therefore denies them. To the extent that the allegations of Paragraph 67 relate to SDI,

24   SDI denies all of those allegations.

25   68.    To the extent that the allegations of Paragraph 68 relate to other

26   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

27   and therefore denies them. To the extent that the allegations of Paragraph 68 relate to SDI,

28   SDI denies all of those allegations.

-11-

69.     To the extent that the allegations of Paragraph 69 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 69 relate to SDI, SDI denies all of those allegations.

70.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70, and therefore denies them.

71.     SDI avers that the allegations of Paragraph 71 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to Daewoo Electronics Co., Ltd., Orion Electronic Co. and Daewoo-Orion Societe Anonyme collectively in the Complaint as "Daewoo."

72.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72, and therefore denies them.

73.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73, and therefore denies them.

74.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74, and therefore denies them.

75.     To the extent that the allegations of Paragraph 75 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 75 relate to SDI, SDI denies all of those allegations.

**V.      Allegations Concerning Trade and Commerce.**

76.     SDI avers that the allegations of Paragraph 76 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 76 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 76 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

77.     SDI lacks knowledge or information sufficient to form a belief as to

-12-

1 the truth of the allegations of Paragraph 77, and therefore denies them.

2       78.    SDI avers that the allegations of Paragraph 78 constitute legal

3 contentions and/or conclusions to which no response is required, but SDI nonetheless

4 denies all of the allegations of Paragraph 78 to the extent they purport to pertain to SDI.

5 Further, to the extent that the allegations of Paragraph 78 relate to other defendants, SDI

6 lacks knowledge or information sufficient to form a belief as to their truth, and therefore

7 denies them.

8 **VI.    Factual Allegations.**

9       79.    To the extent that the allegations of Paragraph 79 are definitional, SDI

10 avers that no response is required.  To the extent a response is required, SDI lacks

11 knowledge or information sufficient to form a belief as to the truth of the allegations of

12 Paragraph 79, and therefore denies them.

13       80.    SDI lacks knowledge or information sufficient to form a belief as to

14 the truth of the allegations of Paragraph 80, and therefore denies them.

15       81.    To the extent that the allegations of Paragraph 81 are definitional, SDI

16 avers that no response is required.  To the extent a response is required, SDI lacks

17 knowledge or information sufficient to form a belief as to the truth of the allegations of

18 Paragraph 81, and therefore denies them.

19       82.    SDI lacks knowledge or information sufficient to form a belief as to

20 the truth of the allegations of Paragraph 82, and therefore denies them.

21       83.    To the extent that the allegations of Paragraph 83 are definitional, SDI

22 avers that no response is required.  To the extent a response is required, SDI lacks

23 knowledge or information sufficient to form a belief as to the truth of the allegations of

24 Paragraph 83, and therefore denies them, with the exception of matters specifically

25 admitted herein as follows.  SDI admits that CRTs can be subdivided into CDTs and CPTs.

26 SDI further admits that CPTs are used primarily in televisions and related devices and that

27 CDTs are primarily used in computer monitors and similar devices.

28       84.    SDI lacks knowledge or information sufficient to form a belief as to

1    the truth of the allegations of Paragraph 84, and therefore denies them.

2            85.    SDI lacks knowledge or information sufficient to form a belief as to

3    the truth of the allegations of Paragraph 85, and therefore denies them.

4            86.    SDI avers that the allegations of Paragraph 86 constitute legal

5    contentions and/or conclusions to which no response is required, but SDI nonetheless

6    denies all of the allegations of Paragraph 86.

7            87.    SDI lacks knowledge or information sufficient to form a belief as to

8    the truth of the allegations in the first sentence of Paragraph 87, and therefore denies them.

9    SDI denies the remaining allegations of Paragraph 87.

10           88.    SDI denies each and every allegation of Paragraph 88.

11           89.    SDI lacks knowledge or information sufficient to form a belief as to

12   the truth of the allegations of Paragraph 89, and therefore denies them.

13           90.    To the extent that the allegations of Paragraph 90 relate to other

14   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

15   and therefore denies them.  To the extent that the allegations of Paragraph 90 relate to SDI,

16   SDI denies all of those allegations.

17           91.    To the extent that the allegations of Paragraph 91 relate to other

18   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

19   and therefore denies them.  To the extent that the allegations of Paragraph 91 relate to SDI,

20   SDI denies all of those allegations.

21           92.    To the extent that the allegations of Paragraph 92 relate to other

22   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

23   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 92

24   relate to SDI, SDI denies all of those allegations, with the exception of matters specifically

25   admitted herein as follows.  SDI admits that, during at least portions of the alleged period,

26   SDI Co. was a member of EDIRAK (the Electronic Display Industrial Research

27   Association of Korea) and KODEMIA (the Korean Display Equipment Material Industry

28   Association).  SDI specifically denies that such trade associations furthered or in any way

-14-

1    connected with the "conspiracy" alleged in Paragraph 92 of Complaint.

2          93.    SDI lacks knowledge or information sufficient to form a belief as to

3    the truth of the allegations of Paragraph 93, and therefore denies them.

4          94.    To the extent that the allegations of Paragraph 94 relate to other

5    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

6    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 94

7    relate to SDI, SDI denies all of those allegations.

8          95.    To the extent that the allegations of Paragraph 95 and its subparts

9    relate to other defendants or entities, SDI lacks knowledge or information sufficient to

10   form a belief as to their truth, and therefore denies them.  To the extent that the allegations

11   of Paragraph 95 and its subparts relate to SDI, SDI denies all of those allegations.

12         96.    To the extent that the allegations of Paragraph 96 relate to other

13   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

14   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 96

15   relate to SDI, SDI denies all of those allegations.

16         97.    To the extent that the allegations of Paragraph 97 relate to other

17   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

18   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 97

19   relate to SDI, SDI denies all of those allegations.

20         98.    SDI lacks knowledge or information sufficient to form a belief as to

21   the truth of the allegations of Paragraph 98, and therefore denies them.

22         99.    SDI lacks knowledge or information sufficient to form a belief as to

23   the truth of the allegations of Paragraph 99, and therefore denies them.

24         100.   To the extent that the allegations of Paragraph 100 relate to other

25   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

26   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 100

27   relate to SDI, SDI denies all of those allegations.

28         101.   To the extent that the allegations of Paragraph 101 relate to other

-15-

defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 101 relate to SDI, SDI denies all of those allegations.

102.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102, and therefore denies them.

103.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103, and therefore denies them.

104.    To the extent that the allegations of Paragraph 104 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 104 relate to SDI, SDI denies all of those allegations.

105.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105, and therefore denies them.

106.    To the extent that the allegations of Paragraph 106 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 106 relate to SDI, SDI denies all of those allegations.

107.    To the extent that the allegations of Paragraph 107 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 107 relate to SDI, SDI denies all of those allegations.

108.    To the extent that the allegations of Paragraph 108 constitute legal contentions and/or conclusions, SDI avers that no response is required.  To the extent that a response is required and to the extent that the allegations of Paragraph 108 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required as to matters relating to SDI, SDI denies all of the allegations of Paragraph 108 and all inferences arising therefrom.

-16-

109.    To the extent that the allegations of Paragraph 109 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 109 relate to SDI, SDI denies all of those allegations.

110.    To the extent that the allegations of Paragraph 110 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 110 relate to SDI, SDI denies all of those allegations.

111.    To the extent that the allegations of Paragraph 111 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 111 relate to SDI, SDI denies all of those allegations.

112.    SDI denies each and every allegation of Paragraph 112.

113.    To the extent that the allegations of Paragraph 113 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 113 relate to SDI, SDI denies all of those allegations.

114.    To the extent that the allegations of Paragraph 114 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 114 relate to SDI, SDI denies all of those allegations.

115.    To the extent that the allegations of Paragraph 115 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 115 relate to SDI, SDI denies all of those allegations.

116.    To the extent that the allegations of Paragraph 116 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 116

-17-

1  relate to SDI, SDI denies all of those allegations.

2          117.    To the extent that the allegations of Paragraph 117 relate to other

3  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 117

5  relate to SDI, SDI denies all of those allegations.

6          118.    To the extent that the allegations of Paragraph 118 relate to other

7  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 118

9  relate to SDI, SDI denies all of those allegations.

10          119.    To the extent that the allegations of Paragraph 119 relate to other

11  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 119

13  relate to SDI, SDI denies all of those allegations.

14          120.    To the extent that the allegations of Paragraph 120 relate to other

15  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 120

17  relate to SDI, SDI denies all of those allegations.

18          121.    To the extent that the allegations of Paragraph 121 relate to other

19  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 121

21  relate to SDI, SDI denies all of those allegations.

22          122.    To the extent that the allegations of Paragraph 122 relate to other

23  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 122

25  relate to SDI, SDI denies all of those allegations.

26          123.    To the extent that the allegations of Paragraph 123 relate to other

27  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 123

-18-

relate to SDI, SDI denies all of those allegations.

124.    To the extent that the allegations of Paragraph 124 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 124 relate to SDI, SDI denies all of those allegations.

125.    To the extent that the allegations of Paragraph 125 and its subparts relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 125 and its subparts relate to SDI, SDI denies all of those allegations.

126.    To the extent that the allegations of Paragraph 126 and its subparts relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 126 and its subparts relate to SDI, SDI denies all of those allegations.

127.    To the extent that the allegations of Paragraph 127 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 127 relate to SDI, SDI denies all of those allegations.

128.    To the extent that the allegations of Paragraph 128 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 128 relate to SDI, SDI denies all of those allegations.

129.    To the extent that the allegations of Paragraph 129 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 129 relate to SDI, SDI denies all of those allegations.

130.    To the extent that the allegations of Paragraph 130 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 130

-19-

1 | relate to SDI, SDI denies all of those allegations.

2 |            131.   To the extent that the allegations of Paragraph 131 relate to other

3 | defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4 | their truth, and therefore denies them.  To the extent that the allegations of Paragraph 131

5 | relate to SDI, SDI denies all of those allegations.

6 |            132.   To the extent that the allegations of Paragraph 132 relate to other

7 | defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8 | their truth, and therefore denies them.  To the extent that the allegations of Paragraph 132

9 | relate to SDI, SDI denies all of those allegations.

10 |            133.   To the extent that the allegations of Paragraph 133 relate to other

11 | defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12 | their truth, and therefore denies them.  To the extent that the allegations of Paragraph 133

13 | relate to SDI, SDI denies all of those allegations.

14 |            134.   To the extent that the allegations of Paragraph 134 relate to other

15 | defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16 | their truth, and therefore denies them.  To the extent that the allegations of Paragraph 134

17 | relate to SDI, SDI denies all of those allegations.

18 |            135.   To the extent that the allegations of Paragraph 135 relate to other

19 | defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20 | their truth, and therefore denies them.  To the extent that the allegations of Paragraph 135

21 | relate to SDI, SDI denies all of those allegations.

22 |            136.   To the extent that the allegations of Paragraph 136 relate to other

23 | defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24 | their truth, and therefore denies them.  To the extent that the allegations of Paragraph 136

25 | relate to SDI, SDI denies all of those allegations.

26 |            137.   To the extent that the allegations of Paragraph 137 relate to other

27 | defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28 | their truth, and therefore denies them.  To the extent that the allegations of Paragraph 137

SMRH:411205676.2
MDL No. 1917; Case No. 12-cv-02649

SAMSUNG SDI DEFENDANTS' ANSWER TO
TWEETER'S FIRST AMENDED COMPLAINT

1   relate to SDI, SDI denies all of those allegations.

2        138.   To the extent that the allegations of Paragraph 138 relate to other

3   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 138

5   relate to SDI, SDI denies all of those allegations.

6        139.   To the extent that the allegations of Paragraph 139 relate to other

7   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 139

9   relate to SDI, SDI denies all of those allegations.

10       140.   To the extent that the allegations of Paragraph 140 relate to other

11   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 140

13   relate to SDI, SDI denies all of those allegations.

14       141.   To the extent that the allegations of Paragraph 141 relate to other

15   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 141

17   relate to SDI, SDI denies all of those allegations.

18       142.   To the extent that the allegations of Paragraph 142 relate to other

19   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 142

21   relate to SDI, SDI denies all of those allegations.

22       143.   To the extent that the allegations of Paragraph 143 relate to other

23   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 143

25   relate to SDI, SDI denies all of those allegations.

26       144.   To the extent that the allegations of Paragraph 144 relate to other

27   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 144

-21-

1  relate to SDI, SDI denies all of those allegations.

2  145.   To the extent that the allegations of Paragraph 145 relate to other

3  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 145

5  relate to SDI, SDI denies all of those allegations.

6  146.   To the extent that the allegations of Paragraph 146 relate to other

7  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 146

9  relate to SDI, SDI denies all of those allegations.

10  147.   To the extent that the allegations of Paragraph 147 relate to other

11  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 147

13  relate to SDI, SDI denies all of those allegations.

14  148.   To the extent that the allegations of Paragraph 148 relate to other

15  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 148

17  relate to SDI, SDI denies all of those allegations.

18  149.   To the extent that the allegations of Paragraph 149 relate to other

19  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 149

21  relate to SDI, SDI denies all of those allegations.

22  150.   To the extent that the allegations of Paragraph 150 relate to other

23  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 150

25  relate to SDI, SDI denies all of those allegations.

26  151.   To the extent that the allegations of Paragraph 151 relate to other

27  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 151

-22-

1    relate to SDI, SDI denies all of those allegations.

2            152.    To the extent that the allegations of Paragraph 152 relate to other

3    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 152

5    relate to SDI, SDI denies all of those allegations.

6            153.    To the extent that the allegations of Paragraph 153 relate to other

7    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 153

9    relate to SDI, SDI denies all of those allegations.

10           154.    SDI denies each and every allegation of Paragraph 154.

11           155.    SDI lacks knowledge or information sufficient to form a belief as to

12   the truth of the allegations of Paragraph 155, and therefore denies them, with the exception

13   of matters specifically admitted herein as follows.  SDI admits that cathode ray tubes can

14   be used in certain television and computer monitor products.

15           156.    SDI lacks knowledge or information sufficient to form a belief as to

16   the truth of the allegations of Paragraph 156, and therefore denies them.

17           157.    SDI lacks knowledge or information sufficient to form a belief as to

18   the truth of the allegations of Paragraph 157, and therefore denies them.

19           158.    SDI lacks knowledge or information sufficient to form a belief as to

20   the truth of the allegations of Paragraph 158, and therefore denies them.

21           159.    SDI lacks knowledge or information sufficient to form a belief as to

22   the truth of the allegations of Paragraph 159, and therefore denies them.

23           160.    SDI lacks knowledge or information sufficient to form a belief as to

24   the truth of the allegations of Paragraph 160, and therefore denies them.

25           161.    To the extent that the allegations of Paragraph 161 relate to other

26   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

27   and therefore denies them.  To the extent that the allegations of Paragraph 161 relate to

28   SDI, SDI denies all of those allegations.

SMRH:411205676.2
MDL No. 1917; Case No. 12-cv-02649

SAMSUNG SDI DEFENDANTS' ANSWER TO
TWEETER'S FIRST AMENDED COMPLAINT

162.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences of Paragraph 162, and therefore denies them.  To the extent that the allegations of the last sentence of Paragraph 162 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of the last sentence of Paragraph 162 relate to SDI, SDI denies all of those allegations.

163.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of Paragraph 163, and therefore denies them.  To the extent that the allegations of the first sentence of Paragraph 163 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of the first sentence of Paragraph 163 relate to SDI, SDI denies all of those allegations.

164.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 164, and therefore denies them.

165.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 165, and therefore denies them.

166.    To the extent that the allegations of Paragraph 166 relate to SDI, SDI denies all of those allegations.  To the extent that the allegations of Paragraph 166 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

167.    With the exception of matters specifically admitted herein as follows, SDI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 167, and therefore denies them.  SDI admits that antitrust authorities in Europe, Japan and South Korea have announced investigations related to the cathode ray tubes industry.

168.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 168, and therefore denies them.  With respect to the report purportedly quoted from in Paragraph 168, SDI refers Plaintiff to the referenced

-24-

1    report for a description of its content.

2         169.    To the extent that the allegations of Paragraph 169 relate to other

3    defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

4    and therefore denies them.  To the extent that the allegations of Paragraph 169 relate to

5    SDI, SDI denies all of those allegations, with the exception of matters specifically

6    admitted herein as follows.  SDI admits that, in or about May, 2008, the Hungarian

7    Competition Authority ("HCA") announced its own investigation of the cathode ray tubes

8    industry.  With respect to the HCA announcement purportedly quoted from in

9    Paragraph 169, SDI refers Plaintiff to the referenced document for a description of its

10   content.

11        170.    With the exception of matters specifically admitted on information

12   and belief herein as follows, SDI lacks knowledge or information sufficient to form a

13   belief as to the truth of the allegations in Paragraph 170, and therefore denies them.  SDI

14   admits on information and belief that C.Y. Lin, the former Chairman and CEO of

15   Defendant Chunghwa Picture Tubes, Ltd., was indicted by a federal grand jury in

16   connection with the DOJ's investigation of the cathode ray tubes industry, the terms of

17   which are matters of public record.  With respect to the press release purportedly quoted

18   from in Paragraph 170, SDI refers Plaintiff to the referenced document for a description of

19   its content.

20        171.    With the exception of matters specifically admitted on information

21   and belief herein as follows, SDI lacks knowledge or information sufficient to form a

22   belief as to the truth of the allegations in Paragraph 171, and therefore denies them.  SDI

23   admits on information and belief that Wu Jen Cheng, formerly of Chunghwa Picture

24   Tubes, Ltd., was indicted by a federal grand jury in connection with the DOJ's

25   investigation of the cathode ray tubes industry, the terms of which are matters of public

26   record.  With respect to the press release purportedly characterized in Paragraph 171, SDI

27   refers Plaintiff to the referenced document for a description of its content.

28        172.    With the exception of matters specifically admitted on information

-25-

and belief herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172, and therefore denies them.  SDI admits on information and belief that Chung Cheng Yeh was indicted by a federal grand jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms of which are matters of public record.  With respect to the press release purportedly quoted from in Paragraph 172, SDI refers Plaintiff to the referenced document for a description of its content.

173.    With the exception of matters specifically admitted on information and belief herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173, and therefore denies them.  SDI admits on information and belief that Seung-Kyu Lee, Yeong-Ug Yang and Jae-Sik Kim were indicted by a federal grand jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms of which are matters of public record.  With respect to the press release purportedly quoted from in Paragraph 173, SDI refers Plaintiff to the referenced document for a description of its content.

174.    With the exception of matters specifically admitted herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174, and therefore denies them.  SDI admits that DOJ issued a press release on or about March 18, 2011 announcing SDI Co.'s agreement to plead guilty.  SDI refers Plaintiff to the referenced press release for a description of its content.

175.    SDI denies the allegations in Paragraph 175, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an amended plea agreement with the United States related to an investigation of the cathode ray tubes industry, the terms of which are matters of public record.

176.    SDI denies the allegations in Paragraph 176, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an amended plea agreement with the United States related to an investigation of the cathode ray tubes industry, the terms of which are matters of public record.

177.    With the exception of matters specifically admitted herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 177, and therefore denies them.  SDI admits that the European Commission has announced fines relating to its investigation into the cathode ray tubes industry, and details regarding that announcement are matters of public record.  SDI admits that the European Commission fined SDI Co. in connection with its investigation. With respect to the document purportedly described in Paragraph 177, SDI refers Plaintiff to the referenced document for a description of its specific contents.

178.    To the extent that the allegations of Paragraph 178 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 178 relate to SDI, SDI denies all of those allegations.

179.    To the extent that the allegations of Paragraph 179 relate to SDI, SDI denies all of those allegations.  To the extent that the allegations of Paragraph 179 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them, with the exception of matters specifically admitted herein as follows.  SDI admits on information and belief that SEC entered into a plea agreement with the United States related to an investigation of dynamic random access memory, the terms of which are matters of public record.

180.    To the extent that the allegations of Paragraph 180 relate to SDI, SDI denies all of those allegations.  To the extent that the allegations of Paragraph 180 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

181.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 181, and therefore denies them.

182.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 182, and therefore denies them.

183.    With the exception of matters specifically admitted on information

1  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

2  belief as to the truth of the allegations in Paragraph 183, and therefore denies them.  SDI

3  admits on information and belief that LG Display Co., Ltd., Sharp Corporation, and

4  Chunghwa Picture Tubes, Ltd. entered into plea agreements with the DOJ related to an

5  investigation of the TFT-LCD industry, the terms of which are matters of public record.

6     184. With the exception of matters specifically admitted on information

7  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

8  belief as to the truth of the allegations in Paragraph 184, and therefore denies them.  SDI

9  admits on information and belief that Hitachi, Ltd. entered into a plea agreement with the

10  DOJ related to an investigation of the TFT-LCD industry, the terms of which are matters

11  of public record.

12     185. With the exception of matters specifically admitted on information

13  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

14  belief as to the truth of the allegations in Paragraph 185, and therefore denies them.  SDI

15  admits on information and belief that LG Display Co., Ltd., Sharp Corporation, Chunghwa

16  Picture Tubes, Ltd. and Hitachi, Ltd. entered into a plea agreements with the DOJ related

17  to an investigation of the TFT-LCD industry, the terms of which are matters of public

18  record.

19     186. To the extent that the allegations of Paragraph 186 relate to other

20  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

21  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 186

22  relate to SDI, SDI denies all of those allegations, with the exception of matters specifically

23  admitted herein as follows.  SDI admits that, during at least portions of the alleged period,

24  SDI Co. attended the Korea Display Conference.  SDI specifically denies that such trade

25  associations furthered or in any way connected with the "collusive activities" alleged in

26  Paragraph 186 of Complaint.

27     187. To the extent that the allegations of Paragraph 187 relate to other

28  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

-28-

their truth, and therefore denies them.  To the extent that the allegations of Paragraph 187 relate to SDI, SDI denies all of those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that, during at least portions of the alleged period, SDI Co. attended the Korea Display Conference.  SDI further admits that, during at least portions of the alleged period, SDI Co. was a member of KODEMIA and EDIRAK.  SDI specifically denies that such trade associations furthered or in any way connected with the "collusive activities" alleged in Paragraph 186 of Complaint.

188.    To the extent that the allegations of Paragraph 188 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 188 relate to SDI, SDI denies all of those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that, during at least portions of the alleged period, H.K. Chung, Woo Jong Lee, Bae Choel-Han, Jung Ho-Gyun and H.C. Kim attended the Korea Display Conference.

189.    To the extent that the allegations of Paragraph 189 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 189 relate to SDI, SDI denies all of those allegations.

190.    To the extent that the allegations of Paragraph 190 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 190 relate to SDI, SDI denies all of those allegations.

191.    To the extent that the allegations of Paragraph 191 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 191 relate to SDI, SDI denies all of those allegations.

192.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 192, and therefore denies them.

1          193.    SDI lacks knowledge or information sufficient to form a belief as to

2    the truth of the allegations of Paragraph 193, and therefore denies them.

3          194.    SDI lacks knowledge or information sufficient to form a belief as to

4    the truth of the allegations of Paragraph 194, and therefore denies them.

5          195.    SDI denies all the allegations of Paragraph 195, with the exception of

6    matters specifically admitted herein as follows.  SDI admits that, in late 2005, SDI closed

7    its cathode ray tube factory in Germany.

8          196.    SDI lacks knowledge or information sufficient to form a belief as to

9    the truth of the allegations of Paragraph 196, and therefore denies them.

10         197.    To the extent that the allegations of Paragraph 197 relate to other

11   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

12   and therefore denies them.  To the extent that the allegations of Paragraph 197 relate to

13   SDI, SDI denies all of those allegations.

14         198.    SDI lacks knowledge or information sufficient to form a belief as to

15   the truth of the allegations of Paragraph 198, and therefore denies them.

16         199.    SDI lacks knowledge or information sufficient to form a belief as to

17   the truth of the allegations of Paragraph 199, and therefore denies them.

18         200.    SDI denies the allegations in the last sentence of Paragraph 200.  SDI

19   lacks knowledge or information sufficient to form a belief as to the truth of the remaining

20   allegations of Paragraph 200, and therefore denies them.

21         201.    SDI lacks knowledge or information sufficient to form a belief as to

22   the truth of the allegations of Paragraph 201, and therefore denies them.

23         202.    SDI denies the allegations in the last sentence of Paragraph 202.  SDI

24   lacks knowledge or information sufficient to form a belief as to the truth of the remaining

25   allegations of Paragraph 202, and therefore denies them.

26         203.    SDI lacks knowledge or information sufficient to form a belief as to

27   the truth of the allegations of Paragraph 203, and therefore denies them.

28         204.    SDI lacks knowledge or information sufficient to form a belief as to

-30-

the truth of the allegations of Paragraph 204, and therefore denies them.

205.    SDI denies each and every allegation of Paragraph 205.

206.    To the extent that the allegations of Paragraph 206 and its subparts relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 206 and its subparts relate to SDI, SDI denies all of those allegations.

**VII.    Allegations Concerning Plaintiff's Alleged Injuries**

207.    To the extent the allegations of Paragraph 207 constitute legal conclusions and/or contentions, SDI avers that no response is required.  To the extent that a response is required, SDI denies all of the allegations of Paragraph 207.

208.    To the extent that the allegations of Paragraph 208 relate to other defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 208 relate to SDI, SDI denies all of those allegations.

209.    To the extent that the allegations of Paragraph 209 relate to other defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 209 relate to SDI, SDI denies all of those allegations.

210.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 210, and therefore denies them.

211.    To the extent that the allegations of Paragraph 211 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 211 relate to SDI, SDI denies all of those allegations.

212.    To the extent that the allegations of Paragraph 212 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 212 relate to SDI, SDI denies all of those allegations.

-31-

1          213.   SDI denies each and every allegation of Paragraph 213.

2  **VIII.   Allegations Concerning Purported Fraudulent Concealment.**

3          214.   SDI denies each and every allegation of Paragraph 214.

4          215.   SDI denies each and every allegation of Paragraph 215.

5          216.   To the extent that the allegations of Paragraph 216 relate to other

6  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

7  and therefore denies them.  To the extent that the allegations of Paragraph 216 relate to

8  SDI, SDI denies all of those allegations.

9          217.   SDI denies each and every allegation of Paragraph 217.

10         218.   SDI denies each and every allegation of Paragraph 218.

11         219.   To the extent that the allegations of Paragraph 219 relate to other

12  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

13  and therefore denies them.  To the extent that the allegations of Paragraph 219 relate to

14  SDI, SDI denies all of those allegations.

15         220.   To the extent that the allegations of Paragraph 220 relate to other

16  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

17  and therefore denies them.  To the extent that the allegations of Paragraph 220 relate to

18  SDI, SDI denies all of those allegations.

19         221.   SDI denies the allegations in the last sentence of Paragraph 221.  SDI

20  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

21  allegations of Paragraph 221, and therefore denies them.

22         222.   SDI denies the allegations in the last sentence of Paragraph 222.  SDI

23  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

24  allegations of Paragraph 222, and therefore denies them.

25         223.   To the extent that the allegations of Paragraph 223 relate to other

26  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

27  and therefore denies them.  To the extent that the allegations of Paragraph 223 relate to

28  SDI, SDI denies all of those allegations.

224.    To the extent that the allegations of Paragraph 224 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 224 relate to SDI, SDI denies all of those allegations.

225.    To the extent the allegations of Paragraph 225 constitute legal conclusions and/or contentions, SDI avers that no response is required.  To the extent a response is required, SDI denies all of the allegations of the last sentence of Paragraph 225.  To the extent a response is required, and to the extent that the allegations of first sentence of Paragraph 225 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required, and to the extent that the allegations of the first sentence of Paragraph 225 relate to SDI, SDI denies all of those allegations.

IX.    **Allegations Concerning Purported *American Pipe*, Government Action and Cross-Jurisdictional Tolling**

226.    SDI repeats and incorporates by reference its responses to Paragraphs 170 to 176 of the Complaint with the same force and effect as if set forth herein at length. To the extent that the allegations of Paragraph 226 constitute legal contentions and/or conclusions, SDI avers that no response is required.  To the extent a response is required, SDI denies the allegations of the second sentence of Paragraph 226.  To the extent a response is required, and to the extent the first sentence of Paragraph 226 relates to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent a response is required, and to the extent the first sentence of Paragraph 226 relates to SDI, SDI denies those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an amended plea agreement with the United States related to an investigation of the cathode ray tubes industry, the terms of which are matters of public record.

227.    SDI avers that the allegations of Paragraph 227 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response

-33-

1   is required, SDI lacks knowledge or information sufficient to form a belief as to the truth

2   of the allegations of Paragraph 227, and therefore denies them.

3         228.   SDI avers that the allegations of Paragraph 228 constitute legal

4   contentions and/or conclusions to which no response is required.  To the extent a response

5   is required, SDI denies all of the allegations of Paragraph 228.

6   **X.    Allegations Concerning Claim for Alleged Violations**

7   **First Claim for Relief**

8   **(Alleged Violation of Section 1 of the Sherman Act)**

9         229.   SDI repeats and incorporates by reference its responses to

10  Paragraphs 1 through 228 of the Complaint with the same force and effect as if set forth

11  herein at length.

12        230.   SDI avers that the allegations of Paragraph 230 constitute legal

13  contentions and/or conclusions to which no response is required, but SDI nonetheless

14  denies all of those allegations.

15        231.   SDI denies each and every allegation of Paragraph 231.

16        232.   SDI denies each and every allegation of Paragraph 232.

17        233.   SDI denies each and every allegation of Paragraph 233.

18        234.   SDI denies each and every allegation of Paragraph 234, including its

19  subparts.

20        235.   SDI denies each and every allegation of Paragraph 235.

21  **Second Claim for Relief**

22  **(Alleged Violation of Massachusetts General Laws Chapter 93A, §§ 2, *et seq*.)**

23        236.   SDI repeats and incorporates by reference its responses to

24  Paragraphs 1 through 235 of the Complaint with the same force and effect as if set forth

25  herein at length.

26        237.   To the extent that the allegations of Paragraph 237 constitute legal

27  conclusions and/or contentions, SDI avers that no response is required.  To the extent that

28  a response is required, and to the extent that Paragraph 237 relates to other defendants or

-34-

1    entities, SDI lacks knowledge or information sufficient to form a belief as to their truth,

2    and therefore denies them.  To the extent that a response is required, and to the extent that

3    Paragraph 237 relates to SDI, SDI denies those allegations.

4            238.    SDI avers that the allegations of Paragraph 238 constitute legal

5    contentions and/or conclusions to which no response is required, but SDI nonetheless

6    denies all of those allegations.

7            239.    SDI avers that the allegations of Paragraph 239 constitute legal

8    contentions and/or conclusions to which no response is required, but SDI nonetheless

9    denies all of those allegations.

10           240.    SDI avers that the allegations of Paragraph 240 constitute legal

11   contentions and/or conclusions to which no response is required, but SDI nonetheless

12   denies all of those allegations, including their subparts.

13           241.    SDI denies each and every allegation of Paragraph 241, including its

14   subparts.

15           242.    SDI denies each and every allegation of Paragraph 242.

16           243.    SDI avers that the allegations of Paragraph 243 constitute legal

17   contentions and/or conclusions to which no response is required, but SDI nonetheless

18   denies all of those allegations, including their subparts.

19           244.    SDI avers that the allegations of Paragraph 244 constitute legal

20   contentions and/or conclusions to which no response is required.  To the extent that a

21   response is required, SDI denies all of the allegations of Paragraph 244, with the exception

22   of matters specifically admitted herein as follows.  SDI admits that Plaintiff purports to

23   invoke the cited statute.  With respect to the statutory provision purportedly quoted from in

24   Paragraph 244, SDI refers Plaintiff to the referenced statute for a description of its specific

25   content.

26           245.    SDI lacks knowledge or information sufficient to form a belief as to

27   the truth of the allegations of Paragraph 245, and therefore denies them.

28           246.    SDI lacks knowledge or information sufficient to form a belief as to

-35-

the truth of the allegations of Paragraph 246, and therefore denies them.

247.    SDI avers that the allegations of Paragraph 247, including the associated footnote, constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 247, and therefore denies them.

248.    SDI avers that the allegations of Paragraph 248 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, SDI denies those allegations.

249.    SDI avers that the allegations of Paragraph 249 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that Paragraph 249 relates to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required, and to the extent that Paragraph 249 relates to SDI, SDI denies those allegations, with the exception of matters specifically admitted herein.  SDI admits that it received letters from Plaintiff purporting to make a written demand for relief.  With respect to the substance of the letters purportedly described in Paragraph 249, SDI refers Plaintiff to the referenced letters for a description of their content.

250.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 250, and therefore denies them.

251.    SDI avers that the allegations of Paragraph 251 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that Paragraph 251 relates to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required, and to the extent that Paragraph 251 relates to SDI, SDI denies those allegations, with the exception of matters specifically admitted herein.  SDI admits that it received letters from Plaintiff purporting to

-36-

1  make a written demand for relief.  With respect to the substance of the letters purportedly

2  described in Paragraph 251, SDI refers Plaintiff to the referenced letters for a description

3  of their content.

4          252.    SDI lacks knowledge or information sufficient to form a belief as to

5  the truth of the allegations of Paragraph 252, and therefore denies them.

6          253.    SDI avers that the allegations of Paragraph 253 constitute legal

7  contentions and/or conclusions to which no response is required, but SDI nonetheless

8  denies all of those allegations.

9  **XI.    Allegations Concerning Plaintiff's Prayer for Relief.**

10         SDI denies that Plaintiff suffered any injury or incurred any damages by any

11  act or omission of SDI as alleged in the Complaint, and further denies that Plaintiff is

12  entitled to any relief under any theory by means of the allegations set forth in the

13  Complaint.

14                 **ADDITIONAL OR AFFIRMATIVE DEFENSES**

15         Without assuming any burden it would not otherwise bear, SDI asserts the

16  following additional and/or affirmative defenses to Plaintiff's Complaint:

17            **FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE**

18                      **(Failure to State a Claim)**

19         The Complaint fails to state a claim upon which relief can be granted.

20           **SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE**

21                      **(Waiver and Estoppel)**

22         Plaintiff's claims should be dismissed to the extent that they are barred, in

23  whole or in part, by the doctrines of waiver and/or estoppel.

24            **THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE**

25                            **(Laches)**

26         Plaintiff's claims should be dismissed to the extent that they are barred, in

27  whole or in part, by the equitable doctrine of laches.

28

-37-

## FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

## FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Remedies Unconstitutional, Unauthorized or Contrary to Public Policy)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

## SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Absence of Damages)

Plaintiff's claims should be dismissed because Plaintiff has suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent that Plaintiff purportedly suffered injury or damage, which SDI specifically denies, SDI further contends that any such purported injury or damage was not by reason of any act or omission of SDI.

## SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Antitrust Injury)

Plaintiff's claims should be dismissed because Plaintiff has not suffered actual, cognizable antitrust injury of the type antitrust laws are intended to remedy.

## EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Uncertainty of Damages)

Plaintiff's claims should be dismissed because the alleged damages sought are too speculative and uncertain, and cannot be practicably ascertained or allocated.

## NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff failed to take all necessary, reasonable, and appropriate actions to mitigate its alleged

-38-

1  damages, if any.

## TENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

## ELEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff would be unjustly enriched if it were allowed to recover any part of the damages alleged in the Complaint.

## TWELFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, due to the absence of any injury or damage for which SDI's actions, conduct, or omissions were the proximate cause.

## THIRTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's claims for injunctive relief should be dismissed because Plaintiff has available an adequate remedy at law.

## FOURTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Privilege)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of SDI was justified, constituted bona fide business competition and was taken in pursuit of its own legitimate business and economic interests, and is therefore privileged.

## FIFTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Non-actionable or Governmental Privilege)

Plaintiff's claims are barred, in whole or in part, because the alleged conduct

-39-

of SDI that is the subject of the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## SIXTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

## SEVENTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which SDI specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than SDI.

## EIGHTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiff's acquiescence in and/or confirmation of any and all conduct and/or omissions alleged as to SDI.

## NINETEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction and/or Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiff's claims based on foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because they are outside the Court's subject matter jurisdiction as defined by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a and/or analogous state authority.

-40-

## TWENTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiff's claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous, and/or unintelligible.  SDI avers that Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit SDI to ascertain what other defenses may exist.  SDI therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

## TWENTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Standing to Sue for Injuries Alleged)

Plaintiff's claims should be dismissed, in whole or in part, to the extent Plaintiff lacks standing to sue for the injuries alleged in the Complaint.  To the extent that Plaintiff purchased products containing CRTs, as opposed to CRTs themselves, its alleged injuries are even more speculative, derivative, indirect, and remote.  Plaintiff's damage claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

## TWENTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Competition Not Harmed)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because SDI's actions did not lessen competition in the relevant market(s).

## TWENTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Intervening or Superseding Acts of Third Parties)

Plaintiff's damages, if any, resulted from the acts or omissions of third parties over whom SDI had no control or responsibility.  The acts of such third parties constitute intervening or superseding causes of harm, if any, suffered by Plaintiff.

-41-

## TWENTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Injury or Damages Offset by Benefits Received)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiff received with respect to the challenged conduct.

## TWENTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Increased Output and Lower Prices)

SDI, without admitting the existence of any contract, combination, or conspiracy in restraint of trade as alleged in the Complaint, avers that the matters about which Plaintiff complains resulted in increased output and lower prices for CRTs and/or CRT Products.

## TWENTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Prices Fixed by Plaintiff)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because the price of CRTs and/or CRT Products was fixed, if at all, by Plaintiff and/or other purchasers of CRTs and/or CRT Products, either individually or collectively.

## TWENTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to allege fraud or fraudulent concealment with sufficient particularity.

## TWENTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Plead Conspiracy with Particularity)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to allege conspiracy with sufficient particularity.

SMRH:411205676.2
MDL No. 1917; Case No. 12-cv-02649

SAMSUNG SDI DEFENDANTS' ANSWER TO
TWEETER'S FIRST AMENDED COMPLAINT

<b><u>TWENTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE</u></b>

<b>(No Detrimental Reliance)</b>

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

<b><u>THIRTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE</u></b>

<b>(Arbitration Agreements)</b>

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by agreements that require arbitration of the matters alleged in the Complaint.

<b><u>THIRTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE</u></b>

<b>(Settlement Set Off)</b>

Without admitting that Plaintiff is entitled to recover damages in this matter, SDI is entitled to set off from any recovery Plaintiff may obtain against SDI any amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

<b><u>THIRTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE</u></b>

<b>(Failure to State a Claim for Injunctive Relief)</b>

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

<b><u>THIRTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE</u></b>

<b>(Lack of Jurisdiction)</b>

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any alleged conduct of SDI occurred outside of the jurisdiction of the Court.

-43-

1

## THIRTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

2

### (Damages Passed On)

3      Plaintiff's claims should be dismissed to the extent they are barred, in whole

4  or in part, because any injury or damage alleged in the Complaint, which SDI specifically

5  denies, was passed on to persons or entities other than the Plaintiff and/or was passed on

6  by Plaintiff to other parties.

7

## THIRTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

8

### (Damages Not Passed Through to Plaintiff)

9      Plaintiff's claims should be dismissed to the extent they are barred, in whole

10 or in part, because any injury or damage alleged in the Complaint was not incurred by or

11 passed on to Plaintiff, or was incurred by or passed on to persons or entities other than

12 Plaintiff.

13

## THIRTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

14

### (No Unreasonable Restraint Of Trade)

15      Plaintiff's claims are barred, in whole or in part, because the alleged conduct

16 of SDI did not unreasonably restrain trade.

17

## THIRTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

18

### (Ultra Vires)

19      To the extent that any actionable conduct may have occurred, Plaintiff's

20 claims against SDI are barred because all such alleged conduct would have been

21 committed by individuals acting ultra vires.

22

## THIRTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

23

### (Proportionality)

24      To the extent SDI is found liable for damages, the fact and extent of which

25 are expressly denied by SDI, those damages must be reduced in proportion to SDI's degree

26 of fault.

27

28

-44-

1       <u>**THIRTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE**</u>

2       **(Forum Non Conveniens)**

3       Plaintiff's claims are barred, in whole or in part, because of the doctrine of

4 forum non conveniens.

5       <u>**FORTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE**</u>

6       **(Permitted By Law)**

7       Plaintiff's claims are barred, in whole or in part, to the extent they are based

8 on alleged acts, conduct or statements that are specifically permitted by law.

9       <u>**FORTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE**</u>

10       **(Multiple Recoveries)**

11       To the extent Plaintiff's claims would result in SDI paying damages to more

12 than one claimant for the same alleged overcharge, they are barred because such multiple

13 recoveries would violate rights guaranteed to SDI by the U.S. Constitution and other law,

14 including, without limitation, rights guaranteed under the Due Process Clause of the

15 Fourteenth Amendment.

16       <u>**FORTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE**</u>

17       **(Improper Extraterritorial Application)**

18       Plaintiff's claims are barred, in whole or in part, by the U.S. Constitution

19 and/or other applicable law to the extent its claims seek the improper extraterritorial

20 application of the laws cited to any transactions occurring outside the United States.

21       <u>**FORTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE**</u>

22       **(Acts Outside The Jurisdiction)**

23       Plaintiff's claims under the laws of the various States cited are barred, in

24 whole or in part, to the extent SDI's alleged conduct occurred outside the jurisdiction of

25 this Court and/or was neither directed to nor affected persons, entities, or commerce in the

26 various States cited.

27

28

SMRH:411205676.2
MDL No. 1917; Case No. 12-cv-02649

SAMSUNG SDI DEFENDANTS' ANSWER TO
TWEETER'S FIRST AMENDED COMPLAINT

## FORTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Market Power)

Plaintiff's claims are barred, in whole or in part, to the extent it has failed to allege or prove that SDI possessed or possesses market power in any legally cognizable relevant market.

## FORTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Privity Of Contract)

Plaintiff's claims are barred, in whole or in part, to the extent that privity of contract is required to establish their claims.

## FORTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Release)

Plaintiff's claims are barred, in whole or in part, because they have been released by Plaintiff and/or others.

## FORTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Voluntary Payment)

Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine, under which one cannot recover payments with full knowledge of the facts.

## FORTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Federal Trade Commission)

Any alleged conduct by SDI is, or if in interstate commerce would be, subject to and complies with the rules and regulations of, and the statutes administered by, the Federal Trade Commission or other official department, division, commission or agency of the United States as such rules, regulations, or statutes are interpreted by the Federal Trade Commission or such department, division, commission or agency of the federal courts.

SMRH:411205676.2
MDL No. 1917; Case No. 12-cv-02649

SAMSUNG SDI DEFENDANTS' ANSWER TO
TWEETER'S FIRST AMENDED COMPLAINT

## FORTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Intrastate Conduct)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff did not allege conduct and/or effects that are wholly or predominantly intrastate within the various States at issue.

## FIFTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Not Entitled To Seek Damages)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff is not entitled to seek damages under the laws of the various States cited.

## FIFTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Plead Special Damages With Specificity)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to plead special damages with specificity as required by the laws of the various States cited.

## FIFTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Other Defenses Incorporated by Reference)

SDI adopts and incorporates by reference any and all other additional or affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that SDI may share in such affirmative defenses.

## FIFTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

SDI has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings.  SDI further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

-47-

1    WHEREFORE, the Samsung SDI Defendants pray for judgment as follows:

2    1.    That Plaintiff take nothing under the Complaint, and the Complaint be dismissed with prejudice;

3

4    2.    That judgment be entered in favor of the Samsung SDI Defendants and against Plaintiff on each and every cause of action set forth in the Complaint;

5

6    3.    That the Samsung SDI Defendants recover their costs of suit and attorneys' fees incurred herein; and

7    4.    That the Samsung SDI Defendants be granted such other and further relief as the Court deems just and proper.

8

9

Dated:  November 4, 2013          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

10

11

12                                   By    _____/s/ Michael W. Scarborough_____

13                                              MICHAEL W. SCARBOROUGH

14                                            Attorneys for Defendants
15                                       SAMSUNG SDI AMERICA, INC.,
                                              SAMSUNG SDI CO., LTD.,
16                                   SAMSUNG SDI (MALAYSIA) SDN. BHD.,
                                        SAMSUNG SDI MEXICO S.A. DE C.V.,
17                                          SAMSUNG SDI BRASIL LTDA.,
                                        SHENZEN SAMSUNG SDI CO., LTD. and
18                                      TIANJIN SAMSUNG SDI CO., LTD.

19

20

21

22

23

24

25

26

27

28

SMRH:411205676.2
MDL No. 1917; Case No. 12-cv-02649

SAMSUNG SDI DEFENDANTS' ANSWER TO
TWEETER'S FIRST AMENDED COMPLAINT