DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: david.yohai@weil.com

GREGORY D. HULL (57367)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: greg.hull@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: jkessler@winston.com

*Attorneys for Defendant Panasonic Corporation of North America*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>SEARS ACTION<br>11-CV-05514-SC | **Case No. 07-5944 SC**<br>**MDL No. 1917**<br><br>**DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER TO SEARS ROEBUCK AND KMART PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Defendant PANASONIC CORPORATION OF NORTH AMERICA ("PNA"), by and through its attorneys, answers the allegations set forth in the Second Amended Complaint For Damages and Injunctive Relief filed on October 3, 2013 (the "Complaint") by plaintiffs Sears, Roebuck and Company, and Kmart Corp. (collectively "Plaintiffs"), and alleges additional or affirmative defenses as follows. To the extent not specifically admitted herein, all allegations of the Complaint are denied. Furthermore, the section headings included herein are included only for purposes of clarity and organization, and PNA does not admit, but rather hereby specifically denies, any factual or legal allegations in the headings used in the Complaint.

## I.    "INTRODUCTION"

1.     The allegations contained in Paragraph 1 of the Complaint include characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required. To the extent that a response is required, PNA denies all of the allegations, except admits that color display tubes ("CDTs") can be used in computer monitors and certain other specialized applications, admits that color picture tubes ("CPTs") can be used in televisions, admits that CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various times certain affiliates of PNA manufactured some CRTs and some products containing CRTs.

2.     PNA denies the allegations contained in Paragraph 2 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

3.     PNA denies the allegations contained in Paragraph 3 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4.     PNA denies the allegations contained in Paragraph 4 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

5.     PNA denies the allegations contained in Paragraph 5 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

6.     PNA denies the allegations contained in Paragraph 6 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7.     PNA denies the allegations contained in Paragraph 7 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by the United States Department of Justice ("DOJ"), and by certain foreign competition authorities, and that it has been publicly reported that individuals have been indicted in connection with the DOJ investigation.

8.     PNA denies the allegations contained in Paragraph 8 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around March 18, 2011, the DOJ issued a press release concerning Samsung SDI Company, Ltd. and that on or around May 17, 2011, an amended plea agreement was filed in an action brought by the United States against Samsung SDI Company, Ltd.; PNA respectfully refers the Court to those documents for a review of their contents.

9.     PNA denies the allegations contained in Paragraph 9 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that PNA sold some products containing CRTs to certain of Plaintiffs or their affiliates.

## II.    "JURISDICTION AND VENUE"

10.     PNA denies the allegations contained in Paragraph 10 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the federal statutes identified therein and seek the relief sought therein.

11.     PNA denies the allegations contained in Paragraph 11 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the state statute identified therein and seek the relief sought therein.

12.     The allegations contained in Paragraph 12 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiffs purport to base subject matter jurisdiction on the federal statutes identified therein.

2

13. PNA denies the allegations contained in Paragraph 13 of the Complaint as they relate to PNA, except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

14. The allegations contained in Paragraph 14 of the Complaint regarding jurisdiction include legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15. The allegations contained in Paragraph 15 of the Complaint regarding venue include legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

III.   **"PARTIES"**

A.   **"Plaintiffs"**

16. PNA denies the allegations contained in Paragraph 16 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17. PNA denies the allegations contained in Paragraph 17 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

18. PNA denies the allegations contained in Paragraph 18 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19. PNA denies the allegations contained in Paragraph 19 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

B.   **"Defendants"**

1.   **"IRICO Entities"**

20. PNA denies the allegations contained in Paragraph 20 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

3

21.     PNA denies the allegations contained in Paragraph 21 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22.     PNA denies the allegations contained in Paragraph 22 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

23.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 23 of the Complaint collectively as "IRICO."

### 2.     **"LG Electronics Entities"**

24.     PNA denies the allegations contained in Paragraph 24 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25.     PNA denies the allegations contained in Paragraph 25 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26.     PNA denies the allegations contained in Paragraph 26 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

27.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 27 of the Complaint collectively as "LG Electronics."

### 3.     **"LP Displays"**

28.     PNA denies the allegations contained in Paragraph 28 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 4.     **"Hitachi Entities"**

29.     PNA denies the allegations contained in Paragraph 29 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

30.     PNA denies the allegations contained in Paragraph 30 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

31.     PNA denies the allegations contained in Paragraph 31 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

32.     PNA denies the allegations contained in Paragraph 32 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33.     PNA denies the allegations contained in Paragraph 33 of the Complaint for lack of

4

1   knowledge or information sufficient to form a belief as to the truth thereof.

2        34.   PNA denies the allegations contained in Paragraph 34 of the Complaint for lack of

3   knowledge or information sufficient to form a belief as to the truth thereof.

4        35.   PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 35

5   of the Complaint collectively as "Hitachi."

6                  **5.**   **"Panasonic Entities"**

7        36.   PNA denies the allegations contained in Paragraph 36 of the Complaint in their

8   entirety, except admits that Panasonic Corporation is a Japanese entity with an office in Osaka,

9   Japan at the address listed in Paragraph 36, and that it was known as Matsushita Electric Industrial

10   Co., Ltd. ("MEI") prior to October 1, 2008.   PNA further admits that certain affiliates of

11   Panasonic Corporation sold some CRTs in the United States at various times during the purported

12   Relevant Period.

13        37.   PNA denies the allegations contained in Paragraph 37 of the Complaint in their

14   entirety, except admits that PNA is a Delaware corporation with its principal place of business

15   formerly located at the address listed in Paragraph 37.   PNA avers that its principal place of

16   business is now located at Two Riverfront Plaza, Newark, New Jersey, 07102.   PNA further

17   admits that PNA is a wholly-owned subsidiary of Panasonic Corporation.   PNA further admits

18   that it or certain of its affiliates sold some CRTs in the United States at various times during the

19   purported Relevant Period.

20        38.   PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 38

21   of the Complaint collectively as "Panasonic."

22        39.   PNA denies the allegations contained in Paragraph 39 of the Complaint in their

23   entirety, except admits that MT Picture Display Co., Ltd., f/k/a/ Matsushita Toshiba Picture

24   Display Co., Ltd. ("MTPD") was a Japanese entity with an office in Osaka, Japan at the address

25   listed in Paragraph 39.   PNA further admits that MTPD was established as a joint venture between

26   Panasonic Corporation and Toshiba Corporation ("Toshiba"), but avers that MTPD was formed in

27   2003, not 2002.   PNA further admits that Panasonic Corporation held 64.5% of MTPD at the time

28   MTPD was formed in 2003.   PNA further admits that Panasonic Corporation acquired Toshiba's

5

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S       Case No. 07-5944 SC
ANSWER TO SEARS PLAINTIFFS' SECOND AMENDED COMPLAINT      MDL No. 1917

1   35.5% interest in MTPD on March 30, 2007, that MTPD became a wholly-owned subsidiary of

2   Panasonic Corporation, and that MTPD was renamed.  PNA further admits that certain affiliates

3   of MTPD sold some CRTs in the United States at various times during the purported Relevant

4   Period.

5         40.   PNA denies the allegations contained in Paragraph 40 of the Complaint in their

6   entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

7   except admits that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is a Chinese entity

8   with its headquarters in Beijing, China at the address listed in Paragraph 40.  PNA further admits

9   that BMCC is a joint venture formed in 1987, and further admits that MTPD at one time had a

10   50% equity ownership interest in BMCC.

11         **6.**   **"Philips Entities"**

12         41.   PNA denies the allegations contained in Paragraph 41 of the Complaint for lack of

13   knowledge or information sufficient to form a belief as to the truth thereof.

14         42.   PNA denies the allegations contained in Paragraph 42 of the Complaint for lack of

15   knowledge or information sufficient to form a belief as to the truth thereof.

16         43.   PNA denies the allegations contained in Paragraph 43 of the Complaint for lack of

17   knowledge or information sufficient to form a belief as to the truth thereof.

18         44.   PNA denies the allegations contained in Paragraph 44 of the Complaint for lack of

19   knowledge or information sufficient to form a belief as to the truth thereof.

20         45.   PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 45

21   of the Complaint collectively as "Philips."

22         **7.**   **"Samsung Entities"**

23         46.   PNA denies the allegations contained in Paragraph 46 of the Complaint for lack of

24   knowledge or information sufficient to form a belief as to the truth thereof.

25         47.   PNA denies the allegations contained in Paragraph 47 of the Complaint for lack of

26   knowledge or information sufficient to form a belief as to the truth thereof.

27         48.   PNA denies the allegations contained in Paragraph 48 of the Complaint for lack of

28   knowledge or information sufficient to form a belief as to the truth thereof.

49.     PNA denies the allegations contained in Paragraph 49 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

50.     PNA denies the allegations contained in Paragraph 50 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

51.     PNA denies the allegations contained in Paragraph 51 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

52.     PNA denies the allegations contained in Paragraph 52 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

53.     PNA denies the allegations contained in Paragraph 53 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

54.     PNA denies the allegations contained in Paragraph 54 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

55.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 55 of the Complaint collectively as "Samsung."

### 8.     "Samtel"

56.     PNA denies the allegations contained in Paragraph 56 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 9.     "Thai CRT"

57.     PNA denies the allegations contained in Paragraph 57 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 10.     "Toshiba Entities"

58.     PNA denies the allegations contained in Paragraph 58 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Panasonic Corporation entered into a joint venture with Toshiba to form MTPD, but avers that MTPD was formed in 2003, not 2002.

59.     PNA denies the allegations contained in Paragraph 59 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

60.     PNA denies the allegations contained in Paragraph 60 of the Complaint for lack of

7

1   knowledge or information sufficient to form a belief as to the truth thereof.

2   61.   PNA denies the allegations contained in Paragraph 61 of the Complaint for lack of

3   knowledge or information sufficient to form a belief as to the truth thereof.

4   62.   PNA denies the allegations contained in Paragraph 62 of the Complaint for lack of

5   knowledge or information sufficient to form a belief as to the truth thereof.

6   63.   PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 63

7   of the Complaint collectively as "Toshiba."

8   **11.   "Chunghwa Entities"**

9   64.   PNA denies the allegations contained in Paragraph 64 of the Complaint for lack of

10   knowledge or information sufficient to form a belief as to the truth thereof.

11   65.   PNA denies the allegations contained in Paragraph 65 of the Complaint for lack of

12   knowledge or information sufficient to form a belief as to the truth thereof.

13   66.   PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 66

14   of the Complaint collectively as "Chunghwa."

15   **IV.   "AGENTS AND CO-CONSPIRATORS"**

16   67.   PNA denies the allegations contained in Paragraph 67 of the Complaint as they

17   relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

18   information sufficient to form a belief as to the truth thereof.

19   68.   PNA denies the allegations contained in Paragraph 68 of the Complaint as they

20   relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

21   information sufficient to form a belief as to the truth thereof.

22   69.   The allegations contained in Paragraph 69 of the Complaint constitute legal

23   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

24   response is required, PNA denies the allegations in their entirety for lack of knowledge or

25   information sufficient to form a belief as to the truth thereof.  PNA avers that the entity formerly

26   known as Matsushita Electronic Corporation (Malaysia) Sdn. Bhd. ("Matsushita Malaysia") was

27   dissolved on October 8, 2007.

28   70.   PNA denies the allegations contained in Paragraph 70 of the Complaint for lack of

8

1    knowledge or information sufficient to form a belief as to the truth thereof.

2        71.    PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 71

3    of the Complaint collectively as "Daewoo."

4        72.    PNA denies the allegations contained in Paragraph 72 of the Complaint in its

5    entirety, except admits that Matsushita Malaysia was a Malaysian entity that had an office located

6    at the address listed in Paragraph 72 in Shah Alam, Malaysia, and was a direct subsidiary of

7    Panasonic Corporation from 2001 until 2003, operating as Matsushita Display Devices (Malaysia)

8    Sdn. Bhd.  PNA further admits that Matsushita Malaysia was transferred to MTPD in 2003,

9    renamed as MT Picture Display (Malaysia) Sdn. Bhd., and operated as a wholly-owned subsidiary

10   of MTPD.  PNA avers that the entity formerly known as Matsushita Malaysia was dissolved on

11   October 8, 2007.

12       73.    PNA denies the allegations contained in Paragraph 73 of the Complaint in their

13   entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

14   except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred to

15   MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia.  PNA further avers

16   that PT.MT Picture Display Indonesia discontinued its production on September 13, 2007, and

17   was dissolved on September 28, 2007.

18       74.    PNA denies the allegations contained in Paragraph 74 of the Complaint in their

19   entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

20   except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was transferred

21   to MTPD in 2003 and changed its name to MT Picture Display (Thailand) Co., Ltd. ("MTPDT"),

22   but denies that MTPDT was a wholly-owned subsidiary of MTPD.  PNA further avers that

23   MTPDT passed a resolution of dissolution on May 13, 2009, and is now dissolved.

24       75.    PNA denies the allegations contained in Paragraph 75 of the Complaint as they

25   relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

26   information sufficient to form a belief as to the truth thereof.

27   **V.    "TRADE AND COMMERCE"**

28           76.    PNA denies the allegations contained in Paragraph 76 of the Complaint as

9

they relate to PNA, except admits that PNA or certain of its affiliates sold some CRTs in the United States at various times during the purported Relevant Period, and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

77.     PNA denies the allegations contained in Paragraph 77 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

78.     PNA denies the allegations contained in Paragraph 78 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

VI.     **"FACTUAL ALLEGATIONS"**

   A.     **"CRT Technology"**

79.     The allegations contained in Paragraph 79 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that the CRT is a specialized vacuum tube in which images are produced when an electron beam strikes a phosphorescent surface, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

80.     The allegations contained in Paragraph 80 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that CRT technology was used in making tubes for televisions in the 1990's, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

81.     The allegations contained in Paragraph 81 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that a lower quality CRT produces a poor display, but otherwise denies the allegations contained in Paragraph 81 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

10

82.     The allegations contained in Paragraph 82 of the Complaint constitute characterizations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that CRT production was refined over time, but otherwise denies the allegations contained in Paragraph 82 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

83.     The allegations contained in Paragraph 83 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that CDTs and CPTs are types of CRTs, admits that CDTs can be used in computer monitors and certain other specialized applications, and admits that CPTs can be used in televisions, but otherwise denies the allegations contained in Paragraph 83 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

84.     The allegations contained in Paragraph 84 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 84 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

85.     The allegations contained in Paragraph 85 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 85 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

86.     PNA denies the allegations contained in Paragraph 86 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

87.     PNA denies the allegations contained in Paragraph 87 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

88.     PNA denies the allegations contained in Paragraph 88 of the Complaint.

11

**B.    "Structure of the CRT Industry"**

89.    PNA denies the allegations contained in Paragraph 89 of the Complaint.

**1.    "Market Concentration"**

90.    PNA denies the allegations contained in the second sentence of Paragraph 90 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

**2.    "Information Sharing"**

91.    PNA denies the allegations contained in Paragraph 91 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

92.    PNA denies the allegations contained in Paragraph 92 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**3.    "Consolidation"**

93.    PNA denies the allegations contained in Paragraph 93 of the Complaint as they relate to PNA, except admits that a merger between Toshiba and Panasonic Corporation's CRT businesses resulted in the creation of MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  PNA avers that MTPD was created in 2003, not 2002.

**4.    "Multiple Interrelated Business Relationships"**

94.    PNA denies the allegations contained in Paragraph 94 of the Complaint.

95.    PNA denies the allegations contained in Paragraph 95, including its subparts, for lack of knowledge or information sufficient to form a belief as to the truth thereof, with the exception that Toshiba Corporation and Panasonic Corporation formed a CRT joint venture, MTPD, in 2003, and that Toshiba Corporation and Panasonic Corporation formed a joint venture to manufacture TFT-LCD panels.

**5.    "High Costs of Entry Into the Industry"**

96.    PNA denies the allegations contained in Paragraph 96 of the Complaint for lack of

12

1    knowledge or information sufficient to form a belief as to the truth thereof.

2           97.     PNA denies the allegations contained in the first sentence of Paragraph 97 of the

3    Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof,

4    and denies the remaining allegations in their entirety.

5                   **6.     "The Maturity of the CRT Product Market"**

6           98.     PNA denies the allegations contained in Paragraph 98 of the Complaint for lack of

7    knowledge or information sufficient to form a belief as to the truth thereof, except admits that the

8    CRT market is mature.

9           99.     PNA denies the allegations contained in Paragraph 99 of the Complaint as they

10   relate to PNA and denies the remaining allegations for lack of knowledge or information

11   sufficient to form a belief as to the truth thereof.

12          100.    PNA denies the allegations contained in Paragraph 100 of the Complaint as they

13   relate to PNA and denies the remaining allegations for lack of knowledge or information

14   sufficient to form a belief as to the truth thereof.

15          101.    PNA denies the allegations contained in Paragraph 101 of the Complaint as they

16   relate to PNA and denies the remaining allegations for lack of knowledge or information

17   sufficient to form a belief as to the truth thereof.

18          102.    PNA denies the allegations contained in Paragraph 102 of the Complaint for lack

19   of knowledge or information sufficient to form a belief as to the truth thereof.

20          103.    PNA denies the allegations contained in Paragraph 103 of the Complaint for lack

21   of knowledge or information sufficient to form a belief as to the truth thereof.

22                  **7.     "Homogeneity of CRT Products"**

23          104.    PNA denies the allegations contained in Paragraph 104 of the Complaint.

24          105.    PNA denies the allegations contained in Paragraph 105 of the Complaint.

25   **C.      "Pre-Conspiracy Market"**

26          106.    PNA denies the allegations contained in Paragraph 106 of the Complaint as they

27   relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

28

13

information sufficient to form a belief as to the truth thereof.

107. PNA denies the allegations contained in Paragraph 107 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**D.** **"Defendants' and Co-Conspirators' Illegal Agreements"**

108. PNA denies the allegations contained in Paragraph 108 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

109. PNA denies the allegations contained in Paragraph 109 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

110. PNA denies the allegations contained in Paragraph 110 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

111. PNA denies the allegations contained in Paragraph 111 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

112. PNA denies the allegations contained in Paragraph 112 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**1.** **"Glass Meetings"**

113. PNA denies the allegations contained in Paragraph 113 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

114. PNA denies the allegations contained in Paragraph 114 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

115. PNA denies the allegations contained in Paragraph 115 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

14

116.    PNA denies the allegations contained in Paragraph 116 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

117.    PNA denies the allegations contained in Paragraph 117 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

118.    PNA denies the allegations contained in Paragraph 118 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

119.    PNA denies the allegations contained in Paragraph 119 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

120.    PNA denies the allegations contained in Paragraph 120 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

121.    PNA denies the allegations contained in Paragraph 121 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

122.    PNA denies the allegations contained in Paragraph 122 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

123.    PNA denies the allegations contained in Paragraph 123 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

124.    PNA denies the allegations contained in Paragraph 124 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

125.    PNA denies the allegations contained in Paragraph 125 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

15

sufficient to form a belief as to the truth thereof.

126.    PNA denies the allegations contained in Paragraph 126 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

127.    PNA denies the allegations contained in Paragraph 127 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

128.    PNA denies the allegations contained in Paragraph 128 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## 2.    "Bilateral Discussions"

129.    PNA denies the allegations contained in Paragraph 129 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

130.    PNA denies the allegations contained in Paragraph 130 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

131.    PNA denies the allegations contained in Paragraph 131 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

132.    PNA denies the allegations contained in Paragraph 132 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

133.    PNA denies the allegations contained in Paragraph 133 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

134.    PNA denies the allegations contained in Paragraph 134 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 3. **"Defendants' and Co-Conspirators' Participation in Group and Bilateral Discussions"**

135.    PNA denies the allegations contained in Paragraph 135 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

136.    PNA denies the allegations contained in Paragraph 136 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

137.    PNA denies the allegations contained in Paragraph 137 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

138.    PNA denies the allegations contained in Paragraph 138 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

139.    PNA denies the allegations contained in Paragraph 139 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

140.    PNA denies the allegations contained in Paragraph 140 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

141.    PNA denies the allegations contained in Paragraph 141 of the Complaint in their entirety.

142.    PNA denies the allegations contained in Paragraph 142 of the Complaint in their entirety.

143.    PNA denies the allegations contained in Paragraph 143 of the Complaint in their entirety.

144.    PNA denies the allegations contained in Paragraph 144 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

1   sufficient to form a belief as to the truth thereof.

2   145.   PNA denies the allegations contained in Paragraph 145 of the Complaint as they

3   relate to PNA and denies the remaining allegations for lack of knowledge or information

4   sufficient to form a belief as to the truth thereof.

5   146.   PNA denies the allegations contained in Paragraph 146 of the Complaint as they

6   relate to PNA and denies the remaining allegations for lack of knowledge or information

7   sufficient to form a belief as to the truth thereof.

8   147.   PNA denies the allegations contained in Paragraph 147 of the Complaint as they

9   relate to PNA and denies the remaining allegations for lack of knowledge or information

10   sufficient to form a belief as to the truth thereof.

11   148.   PNA denies the allegations contained in Paragraph 148 of the Complaint as they

12   relate to PNA and denies the remaining allegations for lack of knowledge or information

13   sufficient to form a belief as to the truth thereof.

14   149.   PNA denies the allegations contained in Paragraph 149 of the Complaint as they

15   relate to PNA and denies the remaining allegations for lack of knowledge or information

16   sufficient to form a belief as to the truth thereof.

17   150.   PNA denies the allegations contained in Paragraph 150 of the Complaint as they

18   relate to PNA and denies the remaining allegations for lack of knowledge or information

19   sufficient to form a belief as to the truth thereof.

20   151.   PNA denies the allegations contained in Paragraph 151 of the Complaint as they

21   relate to PNA and denies the remaining allegations for lack of knowledge or information

22   sufficient to form a belief as to the truth thereof.

23   152.   PNA denies the allegations contained in Paragraph 152 of the Complaint as they

24   relate to PNA and denies the remaining allegations for lack of knowledge or information

25   sufficient to form a belief as to the truth thereof.

26   153.   PNA denies the allegations contained in Paragraph 153 of the Complaint as they

27   relate to PNA and denies the remaining allegations for lack of knowledge or information

28   sufficient to form a belief as to the truth thereof.

1    154.    PNA denies the allegations contained in Paragraph 154 of the Complaint as they

2    relate to PNA and denies the remaining allegations for lack of knowledge or information

3    sufficient to form a belief as to the truth thereof.

4    155.    PNA denies the allegations contained in Paragraph 155 of the Complaint as they

5    relate to PNA and denies the remaining allegations for lack of knowledge or information

6    sufficient to form a belief as to the truth thereof.

7    **E.    "The CRT Market During the Conspiracy"**

8    156.    PNA denies the allegations contained in Paragraph 156 of the Complaint for lack

9    of knowledge or information sufficient to form a belief as to the truth thereof.

10    157.    PNA denies the allegations contained in Paragraph 157 of the Complaint for lack

11    of knowledge or information sufficient to form a belief as to the truth thereof.

12    158.    PNA denies the allegations contained in Paragraph 158 of the Complaint for lack

13    of knowledge or information sufficient to form a belief as to the truth thereof.

14    159.    PNA denies the allegations contained in Paragraph 159 of the Complaint in their

15    entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or

16    information sufficient to form a belief as to the truth thereof.

17    160.    PNA denies the allegations contained in Paragraph 160 of the Complaint for lack

18    of knowledge or information sufficient to form a belief as to the truth thereof.

19    161.    PNA denies the allegations contained in Paragraph 161 of the Complaint for lack

20    of knowledge or information sufficient to form a belief as to the truth thereof.

21    162.    PNA denies the allegations contained in Paragraph 162 of the Complaint for lack

22    of knowledge or information sufficient to form a belief as to the truth thereof.

23    163.    PNA denies the allegations contained in Paragraph 163 of the Complaint for lack

24    of knowledge or information sufficient to form a belief as to the truth thereof.

25    164.    PNA denies the allegations contained in Paragraph 164 of the Complaint for lack

26    of knowledge or information sufficient to form a belief as to the truth thereof.

27    165.    PNA denies the allegations contained in Paragraph 165 of the Complaint as they

28    relate to PNA and denies the remaining allegations for lack of knowledge or information

19

1   sufficient to form a belief as to the truth thereof.

2        166.   PNA denies the allegations contained in Paragraph 166 of the Complaint as they

3   relate to PNA and denies the remaining allegations for lack of knowledge or information

4   sufficient to form a belief as to the truth thereof.

5        167.   PNA denies the allegations contained in Paragraph 167 of the Complaint as they

6   relate to PNA and denies the remaining allegations for lack of knowledge or information

7   sufficient to form a belief as to the truth thereof.

8        168.   PNA denies the allegations contained in Paragraph 168 of the Complaint for lack

9   of knowledge or information sufficient to form a belief as to the truth thereof.

10        169.   PNA denies the allegations contained in Paragraph 169 of the Complaint for lack

11   of knowledge or information sufficient to form a belief as to the truth thereof.

12       **F.**   **"<u>International Government Antitrust Investigations</u>"**

13        170.   PNA denies the allegations contained in Paragraph 170 of the Complaint for lack

14   of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

15   on or around May 6, 2008, the Hungarian Competition Authority issued a press release

16   concerning its initiation of a competition supervision proceeding in connection with an alleged

17   conspiracy in the Hungarian market involving CRTs and respectfully refers the Court to that

18   document for a review of its contents.

19        171.   PNA denies the allegations contained in Paragraph 171 of the Complaint for lack

20   of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

21   on or around February 10, 2009, the DOJ issued a press release concerning the indictment of an

22   executive of Chunghwa Picture Tubes, Ltd., and respectfully refers the Court to that document for

23   a review of its contents.

24        172.   PNA denies the allegations contained in Paragraph 172 of the Complaint for lack

25   of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

26   on or around August 19, 2009, the DOJ issued a press release concerning the indictment of a CDT

27   industry executive and respectfully refers the Court to that document for a review of its contents.

28        173.   PNA denies the allegations contained in Paragraph 173 of the Complaint for lack

20

1  of knowledge or information sufficient to form a belief as to the truth thereof, excepts admits that

2  on or around March 30, 2010, the DOJ issued a press release concerning the indictment of a CDT

3  industry executive and respectfully refers the Court to that document for a review of its contents.

4        174.    PNA denies the allegations contained in Paragraph 174 of the Complaint for lack

5  of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

6  on or around November 9, 2010, the DOJ issued a press release concerning the indictment of a

7  CDT industry executive and respectfully refers the Court to that document for a review of its

8  contents.

9        175.    PNA denies the allegations contained in Paragraph 175 of the Complaint for lack

10  of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

11  on or around March 18, 2011, the DOJ issued a press release concerning a plea agreement entered

12  into by a CDT industry participant and respectfully refers the Court to that document for a review

13  of its contents.

14        176.    PNA denies the allegations contained in Paragraph 176 of the Complaint for lack

15  of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

16  on or around December 5, 2012, the European Commission issued an announcement of certain

17  fines relating to the CRT industry and respectfully refers the Court to that document for a review

18  of its contents.

19        177.    PNA denies the allegations contained in Paragraph 177 of the Complaint as they

20  relate to PNA and denies the remaining allegations for lack of knowledge or information

21  sufficient to form a belief as to the truth thereof.

22        178.    PNA denies the allegations contained in Paragraph 178 of the Complaint as they

23  relate to PNA and denies the remaining allegations for lack of knowledge or information

24  sufficient to form a belief as to the truth thereof.

25        179.    PNA denies the allegations contained in Paragraph 179 of the Complaint for lack

26  of knowledge or information sufficient to form a belief as to the truth thereof.

27        180.    PNA denies the allegations contained in Paragraph 180 of the Complaint, except

28  admits that an alleged conspiracy concerning the TFT-LCD market is or was being investigated

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S        Case No. 07-5944 SC
ANSWER TO SEARS PLAINTIFFS' SECOND AMENDED COMPLAINT        MDL No. 1917

by the DOJ, and by certain other international competition authorities, and that this investigation was revealed on or around December 2006. PNA further avers that it is not a subject of these investigations.

181.    PNA denies the allegations contained in Paragraph 181 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

182.    PNA denies the allegations contained in Paragraph 182 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

183.    PNA denies the allegations contained in Paragraph 183 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

184.    PNA denies the allegations contained in Paragraph 184 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### G.    "The Role of Trade Associations During the Relevant Period"

185.    PNA denies the allegations contained in Paragraph 185 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

186.    PNA denies the allegations contained in Paragraph 186 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

187.    PNA denies the allegations contained in Paragraph 187 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

188.    PNA denies the allegations contained in Paragraph 188 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

189.    PNA denies the allegations contained in Paragraph 189 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### H.    "Effects of Defendants' Antitrust Violations"

#### 1.    "Examples of Reductions in Manufacturing Capacity by Defendants"

190.    The allegations contained in Paragraph 190 of the Complaint constitute

22

characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.   To the extent that a response is required, PNA denies the allegations contained in Paragraph 190 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

191.   PNA denies the allegations contained in Paragraph 191 of the Complaint, except admits that MTPD's subsidiary in New York ceased operations in December 2004, and admits that a press release contained the phrases quoted in Paragraph 191 of the Complaint.

192.   PNA denies the allegations contained in Paragraph 192 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

193.   PNA denies the allegations contained in Paragraph 193 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except avers that it was announced on November 30, 2005, not in December 2005, that MTPD's American subsidiary in Ohio and German subsidiary would discontinue operations.

194.   PNA denies the allegations contained in Paragraph 194 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

195.   PNA denies the allegations contained in Paragraph 195 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the closure of Matsushita Malaysia was announced in July 2006.

### 2.   "Examples of Collusive Pricing for CRTs"

196.   PNA denies the allegations contained in Paragraph 196 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

197.   PNA denies the allegations contained in Paragraph 197 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

198.   PNA denies the allegations contained in Paragraph 198 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

199.   PNA denies the allegations contained in Paragraph 199 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

23

1   sufficient to form a belief as to the truth thereof.

2   200.   PNA denies the allegations contained in Paragraph 200 of the Complaint for lack

3   of knowledge or information sufficient to form a belief as to the truth thereof.

4   201.   PNA denies the allegations contained in Paragraph 201 of the Complaint as they

5   relate to PNA and denies the remaining allegations for lack of knowledge or information

6   sufficient to form a belief as to the truth thereof.

7   202.   PNA denies the allegations contained in Paragraph 202 of the Complaint for lack

8   of knowledge or information sufficient to form a belief as to the truth thereof.

9   203.   PNA denies the allegations contained in Paragraph 203 of the Complaint for lack

10   of knowledge or information sufficient to form a belief as to the truth thereof.

11   204.   PNA denies the allegations contained in Paragraph 204 of the Complaint for lack

12   of knowledge or information sufficient to form a belief as to the truth thereof.

13   205.   PNA denies the allegations contained in Paragraph 205 of the Complaint as they

14   relate to PNA and denies the remaining allegations for lack of knowledge or information

15   sufficient to form a belief as to the truth thereof.

16   **H.**   **"Summary Of Effects Of The Conspiracy Involving CRTs"**

17   206.   PNA denies the allegations contained in Paragraph 206 of the Complaint, including

18   its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or

19   information sufficient to form a belief as to the truth thereof.

20   **VII.**   **"PLAINTIFFS' INJURIES"**

21   207.   PNA denies the allegations contained in Paragraph 207 of the Complaint as they

22   relate to PNA and denies the remaining allegations for lack of knowledge or information

23   sufficient to form a belief as to the truth thereof.

24   208.   PNA denies the allegations contained in Paragraph 208 of the Complaint as they

25   relate to PNA and denies the remaining allegations for lack of knowledge or information

26   sufficient to form a belief as to the truth thereof.

27   209.   The allegations contained in Paragraph 209 of the Complaint constitute legal

28

contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

210.    PNA denies the allegations contained in Paragraph 210 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

211.    The allegations contained in Paragraph 211 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 211 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

212.    PNA denies the allegations contained in Paragraph 212 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

213.    PNA denies the allegations contained in Paragraph 213 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

IX.    **"<u>FRAUDULENT CONCEALMENT</u>"**

214.    PNA denies the allegations contained in Paragraph 214 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

215.    PNA denies the allegations contained in Paragraph 215 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

216.    PNA denies the allegations contained in Paragraph 216 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

217.    PNA denies the allegations contained in Paragraph 217 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

1  sufficient to form a belief as to the truth thereof.

2  218.   PNA denies the allegations contained in Paragraph 218 of the Complaint as they

3  relate to PNA and denies the remaining allegations for lack of knowledge or information

4  sufficient to form a belief as to the truth thereof.

5  219.   PNA denies the allegations contained in Paragraph 219 the Complaint as they

6  relate to PNA and denies the remaining allegations for lack of knowledge or information

7  sufficient to form a belief as to the truth thereof.

8  220.   PNA denies the allegations contained in Paragraph 220 of the Complaint as they

9  relate to PNA and denies the remaining allegations for lack of knowledge or information

10  sufficient to form a belief as to the truth thereof.

11  221.   PNA denies the allegations contained in Paragraph 221 of the Complaint as they

12  relate to PNA and denies the remaining allegations for lack of knowledge or information

13  sufficient to form a belief as to the truth thereof.

14  222.   PNA denies the allegations contained in Paragraph 222 of the Complaint as they

15  relate to PNA and denies the remaining allegations for lack of knowledge or information

16  sufficient to form a belief as to the truth thereof.

17  223.   PNA denies the allegations contained in Paragraph 223 of the Complaint as they

18  relate to PNA and denies the remaining allegations for lack of knowledge or information

19  sufficient to form a belief as to the truth thereof.

20  224.   PNA denies the allegations contained in Paragraph 224 of the Complaint as they

21  relate to PNA and denies the remaining allegations for lack of knowledge or information

22  sufficient to form a belief as to the truth thereof.

23  225.   PNA denies the allegations contained in Paragraph 225 of the Complaint as they

24  relate to PNA and denies the remaining allegations for lack of knowledge or information

25  sufficient to form a belief as to the truth thereof.

26  226.   PNA denies the allegations contained in Paragraph 226 of the Complaint as they

27  relate to PNA, and denies the remaining allegations for lack of knowledge or information

28  sufficient to form a belief as to the truth thereof.

1

2
IX.     **"*AMERICAN PIPE*, GOVERNMENT ACTION, AND CROSS-JURISDICTIONAL TOLLING"**

3
         227.     PNA incorporates and realleges its responses to Paragraphs 1-226 above, as if fully

4
set forth herein.  The allegations contained in Paragraph 227 of the Complaint constitute legal

5
contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

6
response is required, PNA denies the allegations contained in Paragraph 227 of the Complaint as

7
they relate to PNA, and denies the remaining allegations for lack of knowledge or information

8
sufficient to form a belief as to the truth thereof.

9
         228.     The allegations contained in Paragraph 228 of the Complaint constitute legal

10
contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

11
response is required, PNA denies the allegations contained in Paragraph 228 of the Complaint as

12
they relate to PNA, and denies the remaining allegations for lack of knowledge or information

13
sufficient to form a belief as to the truth thereof.

14
         229.     The allegations contained in Paragraph 229 of the Complaint constitute legal

15
contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

16
response is required, PNA denies the allegations contained in Paragraph 229 of the Complaint as

17
they relate to PNA, and denies the remaining allegations for lack of knowledge or information

18
sufficient to form a belief as to the truth thereof.

19

20
X.     **<u>"CLAIM FOR VIOLATIONS"</u>**

21
**<u>"First Claim for Relief"</u>**

22
**<u>"(Violation of Section 1 of the Sherman Act)"</u>**

23
         230.     PNA incorporates and realleges its responses to Paragraphs 1-229 above, as if fully

24
set forth herein.

25
         231.     The allegations contained in Paragraph 231 of the Complaint constitute legal

26
contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

27
response is required, PNA denies the allegations contained in Paragraph 231 of the Complaint as

28
they relate to PNA, and denies the remaining allegations for lack of knowledge or information

1    sufficient to form a belief as to the truth thereof.

2         232.   PNA denies the allegations contained in Paragraph 232 of the Complaint as they

3    relate to PNA and denies the remaining allegations for lack of knowledge or information

4    sufficient to form a belief as to the truth thereof.

5         233.   PNA denies the allegations contained in Paragraph 233 of the Complaint as they

6    relate to PNA and denies the remaining allegations for lack of knowledge or information

7    sufficient to form a belief as to the truth thereof.

8         234.   PNA denies the allegations contained in Paragraph 234 of the Complaint as they

9    relate to PNA and denies the remaining allegations for lack of knowledge or information

10   sufficient to form a belief as to the truth thereof.

11        235.   PNA denies the allegations contained in Paragraph 235 of the Complaint, including

12   its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or

13   information sufficient to form a belief as to the truth thereof.

14        236.   PNA denies the allegations contained in Paragraph 236 of the Complaint as they

15   relate to PNA and denies the remaining allegations for lack of knowledge or information

16   sufficient to form a belief as to the truth thereof.

17                         **"Second Claim for Relief"**

18                   **"(Violation of the California Cartwright Act)"**

19        237.   PNA incorporates and realleges its responses to Paragraphs 1-236 above, as if fully

20   set forth herein.

21        238.   The allegations contained in Paragraph 238 of the Complaint constitute legal

22   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

23   response is required, PNA denies the allegations contained in Paragraph 238 of the Complaint as

24   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

25   sufficient to form a belief as to the truth thereof.

26        239.   The allegations contained in Paragraph 239 of the Complaint constitute legal

27   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

28   response is required, PNA denies the allegations contained in Paragraph 239 of the Complaint as

1    they relate to PNA, and denies the remaining allegations for lack of knowledge or information

2    sufficient to form a belief as to the truth thereof.

3        240.   The allegations contained in Paragraph 240 of the Complaint constitute legal

4    contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

5    response is required, PNA denies the allegations contained in Paragraph 240 of the Complaint as

6    they relate to PNA, and denies the remaining allegations for lack of knowledge or information

7    sufficient to form a belief as to the truth thereof.

8            241.   The allegations contained in Paragraph 241 of the Complaint constitute

9    legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

10   that a response is required, PNA denies the allegations contained in Paragraph 241 of the

11   Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or

12   information sufficient to form a belief as to the truth thereof.

13       242.   PNA denies the allegations contained in Paragraph 242 of the Complaint, including

14   its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or

15   information sufficient to form a belief as to the truth thereof.

16       243.   PNA denies the allegations contained in Paragraph 243 of the Complaint, including

17   its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or

18   information sufficient to form a belief as to the truth thereof.

19       244.   PNA denies the allegations contained in Paragraph 244 of the Complaint as they

20   relate to PNA and denies the remaining allegations for lack of knowledge or information

21   sufficient to form a belief as to the truth thereof.

22       245.   The allegations contained in Paragraph 245 of the Complaint constitute legal

23   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

24   response is required, PNA denies the allegations contained in Paragraph 245 of the Complaint as

25   they relate to PNA and denies the remaining allegations for lack of knowledge or information

26   sufficient to form a belief as to the truth thereof.

27                              **"Third Claim for Relief"**

28                   **"(Violation of State Antitrust and Unfair Competition Laws)"**

29

246.     PNA incorporates and realleges its responses to Paragraphs 1-245 above, as if fully set forth herein.

247.     The allegations contained in Paragraph 247 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 247 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

248.     PNA denies the allegations contained in Paragraph 248 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

249.     PNA denies the allegations contained in Paragraph 249 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

250.     PNA denies the allegations contained in Paragraph 250 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

251.     PNA denies the allegations contained in Paragraph 251 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

252.     The allegations contained in Paragraph 252 of the Complaint, including its subparts, constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 252 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

253.     The allegations contained in Paragraph 253 of the Complaint, including its subparts, constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 253 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for

30

1   lack of knowledge or information sufficient to form a belief as to the truth thereof.

2       254.    The allegations contained in Paragraph 254 of the Complaint constitute legal

3   contentions and/or conclusions to which no response is required.  To the extent that a response is

4   required, PNA denies the allegations contained in Paragraph 254 of the Complaint, including its

5   subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or

6   information sufficient to form a belief as to the truth thereof.

7       255.    The allegations contained in Paragraph 255 of the Complaint constitute legal

8   contentions and/or conclusions to which no response is required.  To the extent that a response is

9   required, PNA denies the allegations contained in Paragraph 255 of the Complaint, including its

10  subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or

11  information sufficient to form a belief as to the truth thereof.

12      256.    The allegations contained in Paragraph 256 of the Complaint constitute legal

13  contentions and/or conclusions to which no response is required.  To the extent that a response is

14  required, PNA denies the allegations contained in Paragraph 256 of the Complaint, including its

15  subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or

16  information sufficient to form a belief as to the truth thereof.

17      257.    The allegations contained in Paragraph 257 of the Complaint constitute legal

18  contentions and/or conclusions to which no response is required.  To the extent that a response is

19  required, PNA denies the allegations contained in Paragraph 257 of the Complaint, including its

20  subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or

21  information sufficient to form a belief as to the truth thereof.

22      258.    The allegations contained in Paragraph 258 of the Complaint constitute legal

23  contentions and/or conclusions to which no response is required.  To the extent that a response is

24  required, PNA denies the allegations contained in Paragraph 258 of the Complaint, including its

25  subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or

26  information sufficient to form a belief as to the truth thereof.

27      259.    The allegations contained in Paragraph 259 of the Complaint constitute legal

28  contentions and/or conclusions to which no response is required.  To the extent that a response is

31

required, PNA denies the allegations contained in Paragraph 259 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

260.   The allegations contained in Paragraph 260 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 260 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

261.   The allegations contained in Paragraph 261 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 261 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

262.   The allegations contained in Paragraph 262 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 262 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

263.   The allegations contained in Paragraph 263 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 263 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

264.   The allegations contained in Paragraph 264 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 264 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

32

1    265.   The allegations contained in Paragraph 265 of the Complaint constitute legal

2    contentions and/or conclusions to which no response is required.  To the extent that a response is

3    required, PNA denies the allegations contained in Paragraph 265 of the Complaint, including its

4    subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or

5    information sufficient to form a belief as to the truth thereof.

6    **XI.    "<u>PRAYER FOR RELIEF</u>"**

7         PNA denies that Plaintiffs suffered any injury or incurred any damages by any act

8    or omission of PNA as alleged in the Complaint, and further denies that Plaintiffs are entitled to

9    any relief under any theory by means of the allegations set forth in each of the paragraphs and

10   their subparts in the Complaint.

11   **XII.    "<u>JURY TRIAL DEMAND</u>"**

12        The allegations contained under the heading "Jury Trial Demand" contain no

13   factual assertions for which a response is required.  To the extent that a response is required, PNA

14   denies the allegations contained under the heading "Jury Trial Demand" in their entirety, except

15   admits that Plaintiffs demand a trial by jury.

16                                        <u>**DEFENSES**</u>

17        FURTHER, PNA asserts the following defenses and affirmative defenses to the

18   Complaint.  PNA does not concede that it has the burden of proof as to any of the defenses listed

19   below:

20                                     <u>**FIRST DEFENSE**</u>

21                          (Failure to State a Claim for Relief)

22        Neither Plaintiffs' Complaint nor any claim for relief asserted therein states facts

23   sufficient to constitute a claim for relief against PNA.

24                                   <u>**SECOND DEFENSE**</u>

25                             (Statute of Limitations)

26        The relief sought by Plaintiffs is barred, in whole or in part, by the applicable

27   statutes of limitations.

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S              Case No. 07-5944 SC
ANSWER TO SEARS PLAINTIFFS' SECOND AMENDED COMPLAINT            MDL No. 1917

### THIRD DEFENSE

(Actual and Proximate Injury)

The relief sought by Plaintiffs is barred, in whole or in part, because the Plaintiffs were not actually and proximately injured in their business or property by reason of any action(s) or omission(s) of PNA.

### FOURTH DEFENSE

(No Damages)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent that Plaintiffs purportedly suffered injury or damage, which PNA specifically denies, PNA further contends that any such purported injury or damage was not by reason of any act or omission of PNA.

### FIFTH DEFENSE

(No Antitrust Injury)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to remedy.

### SIXTH DEFENSE

(Speculative Damages)

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

### SEVENTH DEFENSE

(Mitigation)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

### EIGHTH DEFENSE

(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

34

1       The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

2   failed to allege fraud or fraudulent concealment with sufficient particularity.

3   **NINTH DEFENSE**

4   (Failure to Plead Conspiracy with Particularity)

5       The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

6   failed to allege conspiracy with sufficient particularity.

7   **TENTH DEFENSE**

8   (Lack of Standing to Sue for Injuries Alleged)

9       The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs lack

10  standing to sue for the injuries alleged in the complaint.  To the extent that Plaintiffs purchased

11  products containing CRTs, as opposed to CRTs themselves, their alleged injuries are even more

12  speculative, derivative, indirect, and remote.  Plaintiffs' damage claims create an impermissible

13  risk of duplicative recoveries and complex damage apportionment.

14  **ELEVENTH DEFENSE**

15  (Due Process)

16      To the extent Plaintiffs' claims would result in PNA paying damages to more than

17  one claimant for the same alleged overcharges to customers, they are barred because such

18  multiple liability would violate rights guaranteed to PNA by the United States Constitution,

19  including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth

20  Amendment, and by applicable state law.

21  **TWELFTH DEFENSE**

22  (Other/Superseding Causation)

23      The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs'

24  damages, if any, resulted from the acts or omissions of third parties over whom PNA had no

25  control or responsibility.  The acts of such third parties constitute intervening or superseding cases

26  of harm, if any, suffered by Plaintiffs.

27  **THIRTEENTH DEFENSE**

28  (Waiver and Estoppel)

35

1    The relief sought by Plaintiffs is barred, in whole or in part, by the doctrines of

2  waiver and/or estoppel.

3                                **FOURTEENTH DEFENSE**

4                                        (Laches)

5    The relief sought by Plaintiffs is barred, in whole or in part, by the equitable

6  doctrine of laches.

7                                 **FIFTEENTH DEFENSE**

8                                    (Unclean Hands)

9    The relief sought by Plaintiffs is barred, in whole or in part, by the equitable

10  doctrine of unclean hands.

11                                 **SIXTEENTH DEFENSE**

12                                  (Unjust Enrichment)

13    The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs

14  would be unjustly enriched if they were allowed to recover any part of the damages alleged in the

15  Complaint.

16                               **SEVENTEENTH DEFENSE**

17                               (Adequate Remedy at Law)

18    The equitable relief sought by Plaintiffs is barred, in whole or in part, because

19  Plaintiffs have available an adequate remedy at law.

20                                **EIGHTEENTH DEFENSE**

21                                  (Comparative Fault)

22    The relief sought by Plaintiffs is barred, in whole or in part, because any and all

23  injuries alleged in the Complaint, the fact and extent of which PNA specifically denies, were

24  directly and proximately caused or contributed to by the statements, acts, and/or omissions of

25  Plaintiffs and/or third parties or entities, other than PNA.

26                                **NINETEENTH DEFENSE**

27                                    (Acquiescence)

28

1   The relief sought by Plaintiffs is barred, in whole or in part, by Plaintiffs'

2   acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to PNA.

3                              **TWENTIETH DEFENSE**

4                              (No Detrimental Reliance)

5   The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs did

6   not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

7                              **TWENTY-FIRST DEFENSE**

8                              (Set Off)

9   Without admitting that Plaintiffs are entitled to recover damages in this matter,

10  PNA is entitled to set off from any recovery Plaintiffs may obtain against PNA, any amount paid

11  to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this

12  matter.

13                             **TWENTY-SECOND DEFENSE**

14                             (Failure to State a Claim for Injunctive Relief)

15  The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

16  failed to state a claim for injunctive relief insofar as Plaintiffs seek to enjoin alleged events that

17  have already transpired without the requisite showing of threatened harm or continuing harm.

18                             **TWENTY-THIRD DEFENSE**

19                             (Lack of Jurisdiction)

20  The relief sought by Plaintiffs is barred, in whole or in part, because any alleged

21  conduct of PNA occurred outside of the jurisdiction of the Court.

22                             **TWENTY-FOURTH DEFENSE**

23                             (Foreign Trade Antitrust Improvements Act)

24  The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

25  failed to make a single specific allegation to support the claim that the alleged conduct had "a

26  direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman

27  Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. §

28  6a.

**TWENTY-FIFTH DEFENSE**

(Foreign Conduct)

Plaintiffs' claims are barred to the extent that they are based on conduct beyond the territorial reach of the laws or courts of the United States.

**TWENTY-SIXTH DEFENSE**

(Damages Not Passed Through To Plaintiffs)

The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiffs, or was incurred by or passed on to persons or entities other than Plaintiffs.

**TWENTY-SEVENTH DEFENSE**

(Damages Passed On)

The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Complaint, which PNA specifically denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

**TWENTY-EIGHTH DEFENSE**

(No Unreasonable Restraint Of Trade)

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged conduct of PNA did not unreasonably restrain trade.

**TWENTY-NINTH DEFENSE**

(Acts Outside The Jurisdiction)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent PNA's alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor affected persons, entities, or commerce in the various States cited.

**THIRTIETH DEFENSE**

(Restitution Unmanageable And Inequitable)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent the restitution sought in the Complaint is unmanageable and inequitable.

1

**THIRTY-FIRST DEFENSE**

2

(Lack of Standing as Indirect Purchasers)

3

The relief sought by Plaintiffs is barred, in whole or in part, to the extent the

4

various States cited have not repealed the *Illinois Brick* doctrine.

5

**THIRTY-SECOND DEFENSE**

6

(Unjust Enrichment Claims Barred)

7

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs

8

have failed to exhaust all remedies against PNA.

9

**THIRTY-THIRD DEFENSE**

10

(Private Claim Cannot Be Brought In A Representative Capacity)

11

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs

12

bring any claims in a representative capacity, to the extent a private claim may not be brought in a

13

representative capacity under the laws of various states.

14

**THIRTY-FOURTH DEFENSE**

15

(Goods Not Purchased Primarily For Personal, Family, or Household Purposes)

16

The relief sought by Plaintiffs is barred, in whole or in part, to the extent that any Plaintiff

17

did not purchase goods primarily for personal, family, or household purposes.

18

**THIRTY-FIFTH DEFENSE**

19

(Independent, Legitimate Business and Economic Justification)

20

The relief sought by Plaintiffs is barred, in whole or in part, because any conduct

21

engaged in by PNA was reasonable and based on independent, legitimate business and economic

22

justification.

23

**THIRTY-SIXTH DEFENSE**

24

(Attorneys' Fees)

25

Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is

26

not allowed under applicable federal or state law.

27

**THIRTY-SEVENTH DEFENSE**

28

(Lack of Sufficient Contacts to States)

1       The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs'

2    claims lack sufficient contacts to the states under whose laws they are brought, in violation of

3    rights guaranteed to PNA by the United States Constitution, including, without limitation, rights

4    guaranteed by the Due Process Clause of the Fourteenth Amendment, and by other applicable

5    state and federal law.

6        **<u>INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES</u>**

7       PNA hereby incorporates by reference, as if set forth fully herein, all other

8    defenses and affirmative defenses to the Complaint alleged by any other defendant.   PNA

9    presently has insufficient knowledge or information on which to form a belief as to whether it

10   may have available additional, as yet unstated, defenses.   PNA reserves the right to assert other

11   defenses and affirmative defenses as this action proceeds, the right to file an amended answer

12   asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event

13   that discovery indicates that such pleadings are appropriate.

14      WHEREFORE, PNA prays for judgment as follows:

15       1. That Plaintiffs take nothing under the Complaint, and the Complaint be

16        dismissed with prejudice;

17       2. That judgment be entered in favor of PNA and against Plaintiffs on each

18        and every cause of action set forth in the Complaint;

19       3. That PNA recover its costs of suit and attorneys' fees incurred herein; and

20       4. That PNA be granted such other and further relief as the Court deems just

21        and proper.

22

23   Dated: November 4, 2013    By:  ___*/s/ David L. Yohai*_____

24             DAVID L. YOHAI (*pro hac vice*)
               E-mail: david.yohai@weil.com

25             ADAM C. HEMLOCK (*pro hac vice*)
               E-mail: adam.hemlock@weil.com

26             DAVID E. YOLKUT (*pro hac vice*)
               E-mail: david.yolkut@weil.com

27             **WEIL, GOTSHAL & MANGES LLP**
               767 Fifth Avenue

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S   Case No. 07-5944 SC
ANSWER TO SEARS PLAINTIFFS' SECOND AMENDED COMPLAINT   MDL No. 1917

New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

GREGORY D. HULL (57367)
E-mail: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

JEFFREY L. KESSLER (*pro hac vice*)
E-mail: jkessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
E-mail: pvictor@winston.com
ALDO A. BADINI (257086)
E-mail: abadini@winston.com
EVA W. COLE (*pro hac vice*)
E-mail: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
E-mail: mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-4692
Facsimile: (212) 294-4700

***Attorneys for Defendant Panasonic Corporation of
North America***

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S
ANSWER TO SEARS PLAINTIFFS' SECOND AMENDED COMPLAINT

Case No. 07-5944 SC
MDL No. 1917

1   DAVID L. YOHAI (*pro hac vice*)
    ADAM C. HEMLOCK (*pro hac vice*)
2   DAVID E. YOLKUT (*pro hac vice*)
    **WEIL, GOTSHAL & MANGES LLP**
3   767 Fifth Avenue
    New York, New York 10153-0119
4   Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
5   E-mail: david.yohai@weil.com

6   GREGORY D. HULL (57367)
    **WEIL, GOTSHAL & MANGES LLP**
7   201 Redwood Shores Parkway
    Redwood Shores, California 94065-1175
8   Telephone: (650) 802-3000
    Facsimile: (650) 802-3100
9   E-mail: greg.hull@weil.com

10  JEFFREY L. KESSLER (*pro hac vice*)
    A. PAUL VICTOR (*pro hac vice*)
11  ALDO A. BADINI (257086)
    EVA W. COLE (*pro hac vice*)
12  MOLLY M. DONOVAN (*pro hac vice*)
    **WINSTON & STRAWN LLP**
13  200 Park Avenue
    New York, New York 10166-4193
14  Telephone: (212) 294-6700
    Facsimile: (212) 294-4700
15  E-mail: jkessler@winston.com

16
    *Attorneys for Defendants Panasonic Corporation,*
17  *Panasonic Corporation of North America, and*
    *Matsushita Toshiba Picture Display Co., Ltd.*
18

19                 **UNITED STATES DISTRICT COURT**

20                **NORTHERN DISTRICT OF CALIFORNIA**

21                    **SAN FRANCISCO DIVISION**

22  **In re: CATHODE RAY TUBE (CRT)**
    **ANTITRUST LITIGATION**
23                                              No.: 07-5944 SC
                                                MDL NO. 1917
24  ─────────────────────────────────
    This Document Relates to:                   **CERTIFICATE OF SERVICE**
25
    SEARS ACTION
26  11-cv-05514-SC

27

28

**CERTIFICATE OF SERVICE**

1

2          I declare that I am employed with the law firm of Weil, Gotshal & Manges LLP, whose address is 767 Fifth Avenue, New York, New York 10153.  I am not a party to the within cause, and I am over the age of eighteen years.  I further declare that on November 4, 2013, I served a copy of:

3

4

**DEFENDANT PANASONIC CORPORATION'S (F/K/A MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.) ANSWER TO SEARS ROEBUCK AND KMART PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEFENDANT MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.'S ANSWER TO SEARS ROEBUCK AND KMART PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; AND DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER TO SEARS ROEBUCK AND KMART PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

5

6

7

8

9

10      ☒      **BY ELECTRONIC FILING** by serving a true copy on this date of each document listed above via the Court's ECF Document Filing System on all interested parties registered for electronic filing in this action.

11

12          Executed on November 4, 2013 at New York, New York.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

13

14

15                                                          Lara E. Veblen

16

17

18

19

20

21

22

23

24

25

26

27

28