DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: david.yohai@weil.com

GREGORY D. HULL (57367)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: greg.hull@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: jkessler@winston.com

*Attorneys for Defendant Panasonic Corporation of North America*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br><br>This Document Relates to:<br><br>CIRCUIT CITY ACTION<br>11-CV-05502 | **Case No. 07-5944 SC**<br>**MDL No. 1917**<br><br>**DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT** |

Defendant PANASONIC CORPORATION OF NORTH AMERICA ("PNA"), by and through its attorneys, answers the allegations set forth in the First Amended Complaint filed on October 16, 2013 (the "Complaint") by plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Plaintiff"), and alleges additional or affirmative defenses as follows.  To the extent not specifically admitted herein, all allegations of the Complaint are denied.  Furthermore, the section headings included herein are included only for purposes of clarity and organization, and PNA does not admit, but rather hereby specifically denies, any factual or legal allegations in the headings used in the Complaint.

I.      "**INTRODUCTION**"

1.      PNA denies the allegations contained in Paragraph 1 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

2.      The allegations contained in Paragraph 2 of the Complaint include characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA denies all of the allegations, except admits that color display tubes ("CDTs") can be used in computer monitors and certain other specialized applications, admits that color picture tubes ("CPTs") can be used in televisions, admits that CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various times certain affiliates of PNA manufactured some CRTs and some products containing CRTs.

3.      PNA denies the allegations contained in Paragraph 3 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4.      PNA denies the allegations contained in Paragraph 4 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

5.      PNA denies the allegations contained in Paragraph 5 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1

6.      PNA denies the allegations contained in Paragraph 6 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7.      PNA denies the allegations contained in Paragraph 7 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8.      PNA denies the allegations contained in Paragraph 8 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by the United States Department of Justice ("DOJ"), and by certain foreign competition authorities, and that it has been publicly reported that individuals have been indicted in connection with the DOJ investigation.

9.      PNA denies the allegations contained in Paragraph 9 of the Complaint as they relate to PNA, except admits that at various times it sold products containing CRTs to certain Circuit City entities.  PNA denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

10.     PNA denies the allegations contained in Paragraph 10 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

11.     PNA denies the allegations contained in Paragraph 11 of the Complaint as they relate to PNA, except admits that at various times it sold some products containing CRTs to Plaintiff or its affiliates.  PNA denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

II.     "JURISDICTION AND VENUE"

12.     PNA denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to the federal statutes identified therein and seek the relief sought therein.

13.     PNA denies the allegations contained in Paragraph 13 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to various state laws identified therein and seek the relief sought therein.

2

14.     The allegations contained in Paragraph 14 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 14 of the Complaint, except admits that Plaintiff purports to base subject matter jurisdiction on the federal statutes identified therein.

15.     PNA denies the allegations contained in Paragraph 15 of the Complaint as they relate to PNA, except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16.     The allegations contained in Paragraph 16 of the Complaint regarding jurisdiction constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17.     The allegations contained in Paragraph 17 of the Complaint regarding venue constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

III.    "PARTIES"

A.      "Plaintiff"

18.     PNA denies the allegations contained in Paragraph 18 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19.     PNA denies the allegations contained in Paragraph 19 of the Complaint as they relate to PNA, except admits that at various times it sold products containing CRTs to certain Circuit City entities.  PNA denies the remaining allegations for lack of knowledge or information

3

1   sufficient to form a belief as to the truth thereof.

2       20.     PNA denies the allegations contained in Paragraph 20 of the Complaint as they

3   relate to PNA, except admits that has PNA sold some products containing CRTs to certain Circuit

4   City entities.   PNA denies the remaining allegations for lack of knowledge or information

5   sufficient to form a belief as to the truth thereof.

6       21.     PNA denies the allegations contained in Paragraph 21 of the Complaint for lack of

7   knowledge or information sufficient to form a belief as to the truth thereof.

8       22.     PNA denies the allegations contained in Paragraph 22 of the Complaint for lack of

9   knowledge or information sufficient to form a belief as to the truth thereof.

10      **B.      "Defendants"**

11          **1.      "Hitachi Entities"**

12      23.     PNA denies the allegations contained in Paragraph 23 of the Complaint for lack of

13  knowledge or information sufficient to form a belief as to the truth thereof.

14      24.     PNA denies the allegations contained in Paragraph 24 of the Complaint for lack of

15  knowledge or information sufficient to form a belief as to the truth thereof.

16      25.     PNA denies the allegations contained in Paragraph 25 of the Complaint for lack of

17  knowledge or information sufficient to form a belief as to the truth thereof.

18      26.     PNA denies the allegations contained in Paragraph 26 of the Complaint for lack of

19  knowledge or information sufficient to form a belief as to the truth thereof.

20      27.     PNA denies the allegations contained in Paragraph 27 of the Complaint for lack of

21  knowledge or information sufficient to form a belief as to the truth thereof.

22      28.     PNA denies the allegations contained in Paragraph 28 of the Complaint for lack of

23  knowledge or information sufficient to form a belief as to the truth thereof.

24      29.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 29

25  of the Complaint collectively as "Hitachi."

26          **2.      "IRICO Entities"**

27      30.     PNA denies the allegations contained in Paragraph 30 of the Complaint for lack of

28  knowledge or information sufficient to form a belief as to the truth thereof.

4

31.     PNA denies the allegations contained in Paragraph 31 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

32.     PNA denies the allegations contained in Paragraph 32 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 33 of the Complaint collectively as "IRICO."

### 3.     "LG Electronics Entities"

34.     PNA denies the allegations contained in Paragraph 34 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

35.     PNA denies the allegations contained in Paragraph 35 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

36.     PNA denies the allegations contained in Paragraph 36 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

37.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 37 of the Complaint collectively as "LG Electronics."

### 4.     "LP Displays"

38.     PNA denies the allegations contained in Paragraph 38 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 5.     "Panasonic Entities"

39.     PNA denies the allegations contained in Paragraph 39 of the Complaint in their entirety, except admits that Panasonic Corporation ("Panasonic") is a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 39, and that it was known as Matsushita Electric Industrial Co., Ltd. ("MEI") prior to October 1, 2008.  PNA further admits that certain affiliates of Panasonic sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period.

40.     PNA denies the allegations contained in Paragraph 40 of the Complaint in their entirety, except admits that PNA is a Delaware corporation with its principal place of business formerly located at the address listed in Paragraph 40.  PNA avers that its principal place of

5

business is now located at Two Riverfront Plaza, Newark, New Jersey, 07102.  PNA further admits that PNA is a wholly-owned subsidiary of Panasonic.  PNA further admits that it or certain of its affiliates sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period.

41.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 41 of the Complaint collectively as "Panasonic."

42.     PNA denies the allegations contained in Paragraph 42 of the Complaint in their entirety, except admits that MT Picture Display Co., Ltd., f/k/a/ Matsushita Toshiba Picture Display Co., Ltd. ("MTPD") was a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 42.  PNA further admits that MTPD was established as a joint venture between Panasonic and Toshiba Corporation ("Toshiba"), but avers that MTPD was formed in 2003, not 2002.  PNA further admits that Panasonic held 64.5% of MTPD at the time MTPD was formed in 2003.  PNA further admits that Panasonic acquired Toshiba's 35.5% interest in MTPD on March 30, 2007, that MTPD became a wholly-owned subsidiary of Panasonic, and that MTPD was renamed.  PNA further admits that certain affiliates of MTPD sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period.

43.     PNA denies the allegations contained in Paragraph 43 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is a Chinese entity with its headquarters in Beijing, China at the address listed in Paragraph 43.  PNA further admits that BMCC is a joint venture formed in 1987, and further admits that MTPD at one time had a 50% equity ownership interest in BMCC.

### 6.     "Philips Entities"

44.     PNA denies the allegations contained in Paragraph 44 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

45.     PNA denies the allegations contained in Paragraph 45 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

46.     PNA denies the allegations contained in Paragraph 46 of the Complaint for lack of

6

1   knowledge or information sufficient to form a belief as to the truth thereof.

2       47.     PNA denies the allegations contained in Paragraph 47 of the Complaint for lack of

3   knowledge or information sufficient to form a belief as to the truth thereof.

4       48.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 48

5   of the Complaint collectively as "Philips."

6               **7.     "Samsung Entities"**

7       49.     PNA denies the allegations contained in Paragraph 49 of the Complaint for lack of

8   knowledge or information sufficient to form a belief as to the truth thereof.

9       50.     PNA denies the allegations contained in Paragraph 50 of the Complaint for lack of

10  knowledge or information sufficient to form a belief as to the truth thereof.

11      51.     PNA denies the allegations contained in Paragraph 51 of the Complaint for lack of

12  knowledge or information sufficient to form a belief as to the truth thereof.

13      52.     PNA denies the allegations contained in Paragraph 52 of the Complaint for lack of

14  knowledge or information sufficient to form a belief as to the truth thereof.

15      53.     PNA denies the allegations contained in Paragraph 53 of the Complaint for lack of

16  knowledge or information sufficient to form a belief as to the truth thereof.

17      54.     PNA denies the allegations contained in Paragraph 54 of the Complaint for lack of

18  knowledge or information sufficient to form a belief as to the truth thereof.

19      55.     PNA denies the allegations contained in Paragraph 55 of the Complaint for lack of

20  knowledge or information sufficient to form a belief as to the truth thereof.

21      56.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 56

22  of the Complaint collectively as "Samsung."

23              **8.     "Samtel"**

24      57.     PNA denies the allegations contained in Paragraph 57 of the Complaint for lack of

25  knowledge or information sufficient to form a belief as to the truth thereof.

26              **9.     "Thai CRT"**

27      58.     PNA denies the allegations contained in Paragraph 58 of the Complaint for lack of

28  knowledge or information sufficient to form a belief as to the truth thereof.

7

### 10.   "<u>Toshiba Entities</u>"

59.     PNA denies the allegations contained in Paragraph 59 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Panasonic entered into a joint venture with Toshiba to form MTPD, but avers that MTPD was formed in 2003, not 2002.

60.     PNA denies the allegations contained in Paragraph 60 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

61.     PNA denies the allegations contained in Paragraph 61 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

62.     PNA denies the allegations contained in Paragraph 62 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

63.     PNA denies the allegations contained in Paragraph 63 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

64.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 64 of the Complaint collectively as "Toshiba."

### IV.   "<u>AGENTS AND CO-CONSPIRATORS</u>"

65.     PNA denies the allegations contained in Paragraph 65 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

66.     PNA denies the allegations contained in Paragraph 66 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

67.     The allegations contained in Paragraph 67 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.  PNA avers that the entity formerly known as Matsushita Electronic Corporation (Malaysia) Sdn. Bhd. ("Matsushita Malaysia") was dissolved on October 8, 2007.

68.     PNA denies the allegations contained in Paragraph 68 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

69.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 69 of the Complaint collectively as "Daewoo."

70.     PNA denies the allegations contained in Paragraph 70 of the Complaint in its entirety, except admits that Matsushita Malaysia was a Malaysian entity that had an office located at the address listed in Paragraph 70 in Shah Alam, Malaysia, and was a direct subsidiary of Panasonic from 2001 until 2003, operating as Matsushita Display Devices (Malaysia) Sdn. Bhd. PNA further admits that Matsushita Malaysia was transferred to MTPD in 2003, renamed as MT Picture Display (Malaysia) Sdn. Bhd., and operated as a wholly-owned subsidiary of MTPD. PNA avers that the entity formerly known as Matsushita Malaysia was dissolved on October 8, 2007.

71.     PNA denies the allegations contained in Paragraph 71 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred to MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia.  PNA further avers that PT.MT Picture Display Indonesia discontinued its production on September 13, 2007, and was dissolved on September 28, 2007.

72.     PNA denies the allegations contained in Paragraph 72 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was transferred to MTPD in 2003 and changed its name to MT Picture Display (Thailand) Co., Ltd. ("MTPDT"), but denies that MTPDT was a wholly-owned subsidiary of MTPD.  PNA further avers that MTPDT passed a resolution of dissolution on May 13, 2009, and is now dissolved.

73.     PNA denies the allegations contained in Paragraph 73 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

V.     "TRADE AND COMMERCE"

9

74.     PNA denies the allegations contained in Paragraph 74 of the Complaint as they relate to PNA, except admits that PNA or certain affiliates of PNA sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period, and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

75.     PNA denies the allegations contained in Paragraph 75 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

76.     PNA denies the allegations contained in Paragraph 76 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

VI.     **"FACTUAL ALLEGATIONS"**

A.     **"CRT Technology"**

77.     The allegations contained in Paragraph 77 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that the CRT is a specialized vacuum tube in which images are produced when an electron beam strikes a phosphorescent surface, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

78.     The allegations contained in Paragraph 78 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that CRT technology was used in making tubes for televisions in the 1990's, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

79.     The allegations contained in Paragraph 79 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that a lower quality CRT produces a poor display, but otherwise denies the allegations contained in Paragraph 79 of the

10

1   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

2         80.    The allegations contained in Paragraph 80 of the Complaint constitute

3   characterizations of Plaintiff's Complaint to which no responsive pleading is required.  To the

4   extent that a response is required, PNA admits that CRT production was refined over time, but

5   otherwise denies the allegations contained in Paragraph 80 of the Complaint for lack of

6   knowledge or information sufficient to form a belief as to the truth thereof.

7         81.    The allegations contained in Paragraph 81 of the Complaint constitute

8   characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

9   required.  To the extent that a response is required, PNA admits that CDTs and CPTs are types of

10  CRTs, admits that CDTs can be used in computer monitors and certain other specialized

11  applications, and admits that CPTs can be used in televisions, but otherwise denies the allegations

12  contained in Paragraph 81 of the Complaint for lack of knowledge or information sufficient to

13  form a belief as to the truth thereof.

14        82.    The allegations contained in Paragraph 82 of the Complaint constitute

15  characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

16  required.  To the extent that a response is required, PNA denies the allegations contained in

17  Paragraph 82 of the Complaint for lack of knowledge or information sufficient to form a belief as

18  to the truth thereof.

19        83.    The allegations contained in Paragraph 83 of the Complaint constitute legal

20  contentions and/or conclusions to which to which no responsive pleading is required.  To the

21  extent that a response is required, PNA denies the allegations contained in Paragraph 83 of the

22  Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

23        84.    PNA denies the allegations contained in Paragraph 84 of the Complaint as they

24  relate to PNA and denies the remaining allegations for lack of knowledge or information

25  sufficient to form a belief as to the truth thereof.

26        85.    PNA denies the allegations contained in Paragraph 85 of the Complaint as they

27  relate to PNA and denies the remaining allegations for lack of knowledge or information

28  sufficient to form a belief as to the truth thereof.

86.     PNA denies the allegations contained in Paragraph 86 of the Complaint.

**B.      "Structure of the CRT Industry"**

87.     PNA denies the allegations contained in Paragraph 87 of the Complaint.

**1.      "Market Concentration"**

88.     PNA denies the allegations contained in the second sentence of Paragraph 88 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

**2.      "Information Sharing"**

89.     PNA denies the allegations contained in Paragraph 89 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

90.     PNA denies the allegations contained in Paragraph 90 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**3.      "Consolidation"**

91.     PNA denies the allegations contained in Paragraph 91 of the Complaint as they relate to PNA, except admits that a merger between Toshiba and Panasonic's CRT businesses resulted in the creation of MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  PNA avers that MTPD was created in 2003, not 2002.

**4.      "Multiple Interrelated Business Relationships"**

92.     PNA denies the allegations contained in Paragraph 92 of the Complaint.

93.     PNA denies the allegations contained in Paragraph 93, including its subparts, for lack of knowledge or information sufficient to form a belief as to the truth thereof, with the exception that Toshiba Corporation and Panasonic formed a CRT joint venture, MTPD, in 2003, and that Toshiba Corporation and Panasonic formed a joint venture to manufacture TFT-LCD panels.

**5.      "High Costs of Entry Into the Industry"**

12

94.     PNA denies the allegations contained in Paragraph 94 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

95.     PNA denies the allegations contained in the first sentence of Paragraph 95 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

### 6.     "The Maturity of the CRT Product Market"

96.     PNA denies the allegations contained in Paragraph 96 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the CRT market is mature.

97.     PNA denies the allegations contained in Paragraph 97 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

98.     PNA denies the allegations contained in Paragraph 98 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

99.     PNA denies the allegations contained in Paragraph 99 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

100.     PNA denies the allegations contained in Paragraph 100 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

101.     PNA denies the allegations contained in Paragraph 101 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 7.     "Homogeneity of CRT Products"

102.     PNA denies the allegations contained in Paragraph 102 of the Complaint.

103.     PNA denies the allegations contained in Paragraph 103 of the Complaint.

### C.     "Pre-Conspiracy Market"

104.     PNA denies the allegations contained in Paragraph 104 of the Complaint as they

1  relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or
2  information sufficient to form a belief as to the truth thereof.

3      105.   PNA denies the allegations contained in Paragraph 105 of the Complaint for lack
4  of knowledge or information sufficient to form a belief as to the truth thereof.

5      **D.     "Defendants' and Co-Conspirators' Illegal Agreements"**

6      106.   PNA denies the allegations contained in Paragraph 106 of the Complaint as they
7  relate to PNA and denies the remaining allegations for lack of knowledge or information
8  sufficient to form a belief as to the truth thereof.

9      107.   PNA denies the allegations contained in Paragraph 107 of the Complaint as they
10 relate to PNA and denies the remaining allegations for lack of knowledge or information
11 sufficient to form a belief as to the truth thereof.

12     108.   PNA denies the allegations contained in Paragraph 108 of the Complaint for lack
13 of knowledge or information sufficient to form a belief as to the truth thereof.

14     109.   PNA denies the allegations contained in Paragraph 109 of the Complaint as they
15 relate to PNA and denies the remaining allegations for lack of knowledge or information
16 sufficient to form a belief as to the truth thereof.

17     110.   PNA denies the allegations contained in Paragraph 110 of the Complaint as they
18 relate to PNA and denies the remaining allegations for lack of knowledge or information
19 sufficient to form a belief as to the truth thereof.

20      **1.     "Glass Meetings"**

21     111.   PNA denies the allegations contained in Paragraph 111 of the Complaint as they
22 relate to PNA and denies the remaining allegations for lack of knowledge or information
23 sufficient to form a belief as to the truth thereof.

24     112.   PNA denies the allegations contained in Paragraph 112 of the Complaint as they
25 relate to PNA and denies the remaining allegations for lack of knowledge or information
26 sufficient to form a belief as to the truth thereof.

27     113.   PNA denies the allegations contained in Paragraph 113 of the Complaint as they
28 relate to PNA and denies the remaining allegations for lack of knowledge or information

1    sufficient to form a belief as to the truth thereof.

2         114.    PNA denies the allegations contained in Paragraph 114 of the Complaint as they

3    relate to PNA and denies the remaining allegations for lack of knowledge or information

4    sufficient to form a belief as to the truth thereof.

5         115.    PNA denies the allegations contained in Paragraph 115 of the Complaint in their

6    entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or

7    information sufficient to form a belief as to the truth thereof.

8         116.    PNA denies the allegations contained in Paragraph 116 of the Complaint in their

9    entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or

10   information sufficient to form a belief as to the truth thereof.

11        117.    PNA denies the allegations contained in Paragraph 117 of the Complaint in their

12   entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or

13   information sufficient to form a belief as to the truth thereof.

14        118.    PNA denies the allegations contained in Paragraph 118 of the Complaint in their

15   entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16        119.    PNA denies the allegations contained in Paragraph 119 of the Complaint as they

17   relate to PNA and denies the remaining allegations for lack of knowledge or information

18   sufficient to form a belief as to the truth thereof.

19        120.    PNA denies the allegations contained in Paragraph 120 of the Complaint as they

20   relate to PNA and denies the remaining allegations for lack of knowledge or information

21   sufficient to form a belief as to the truth thereof.

22        121.    PNA denies the allegations contained in Paragraph 121 of the Complaint as they

23   relate to PNA and denies the remaining allegations for lack of knowledge or information

24   sufficient to form a belief as to the truth thereof.

25        122.    PNA denies the allegations contained in Paragraph 122 of the Complaint as they

26   relate to PNA and denies the remaining allegations for lack of knowledge or information

27   sufficient to form a belief as to the truth thereof.

28        123.    PNA denies the allegations contained in Paragraph 123 of the Complaint as they

15

relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

124.    PNA denies the allegations contained in Paragraph 124 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

125.    PNA denies the allegations contained in Paragraph 125 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

126.    PNA denies the allegations contained in Paragraph 126 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 2.    "Bilateral Discussions"

127.    PNA denies the allegations contained in Paragraph 127 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

128.    PNA denies the allegations contained in Paragraph 128 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

129.    PNA denies the allegations contained in Paragraph 129 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

130.    PNA denies the allegations contained in Paragraph 130 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

131.    PNA denies the allegations contained in Paragraph 131 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

132.    PNA denies the allegations contained in Paragraph 132 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

3.     **"Defendants' and Co-Conspirators' Participation in Group and Bilateral Discussions"**

133.    PNA denies the allegations contained in Paragraph 133 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

134.    PNA denies the allegations contained in Paragraph 134 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

135.    PNA denies the allegations contained in Paragraph 135 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

136.    PNA denies the allegations contained in Paragraph 136 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

137.    PNA denies the allegations contained in Paragraph 137 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

138.    PNA denies the allegations contained in Paragraph 138 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

139.    PNA denies the allegations contained in Paragraph 139 of the Complaint in their entirety.

140.    PNA denies the allegations contained in Paragraph 140 of the Complaint in their entirety.

141.    PNA denies the allegations contained in Paragraph 141 of the Complaint in their entirety.

142.    PNA denies the allegations contained in Paragraph 142 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

17

1   sufficient to form a belief as to the truth thereof.

2   143.   PNA denies the allegations contained in Paragraph 143 of the Complaint as they
3   relate to PNA and denies the remaining allegations for lack of knowledge or information
4   sufficient to form a belief as to the truth thereof.

5   144.   PNA denies the allegations contained in Paragraph 144 of the Complaint as they
6   relate to PNA and denies the remaining allegations for lack of knowledge or information
7   sufficient to form a belief as to the truth thereof.

8   145.   PNA denies the allegations contained in Paragraph 145 of the Complaint as they
9   relate to PNA and denies the remaining allegations for lack of knowledge or information
10  sufficient to form a belief as to the truth thereof.

11  146.   PNA denies the allegations contained in Paragraph 146 of the Complaint as they
12  relate to PNA and denies the remaining allegations for lack of knowledge or information
13  sufficient to form a belief as to the truth thereof.

14  147.   PNA denies the allegations contained in Paragraph 147 of the Complaint as they
15  relate to PNA and denies the remaining allegations for lack of knowledge or information
16  sufficient to form a belief as to the truth thereof.

17  148.   PNA denies the allegations contained in Paragraph 148 of the Complaint as they
18  relate to PNA and denies the remaining allegations for lack of knowledge or information
19  sufficient to form a belief as to the truth thereof.

20  149.   PNA denies the allegations contained in Paragraph 149 of the Complaint as they
21  relate to PNA and denies the remaining allegations for lack of knowledge or information
22  sufficient to form a belief as to the truth thereof.

23  150.   PNA denies the allegations contained in Paragraph 150 of the Complaint as they
24  relate to PNA and denies the remaining allegations for lack of knowledge or information
25  sufficient to form a belief as to the truth thereof.

26  151.   PNA denies the allegations contained in Paragraph 151 of the Complaint as they
27  relate to PNA and denies the remaining allegations for lack of knowledge or information
28  sufficient to form a belief as to the truth thereof.

1   152.   PNA denies the allegations contained in Paragraph 152 of the Complaint as they

2   relate to PNA and denies the remaining allegations for lack of knowledge or information

3   sufficient to form a belief as to the truth thereof.

4   153.   PNA denies the allegations contained in Paragraph 153 of the Complaint as they

5   relate to PNA and denies the remaining allegations for lack of knowledge or information

6   sufficient to form a belief as to the truth thereof.

7   **E.**   **"The CRT Market During the Conspiracy"**

8   154.   PNA denies the allegations contained in Paragraph 154 of the Complaint for lack

9   of knowledge or information sufficient to form a belief as to the truth thereof.

10   155.   PNA denies the allegations contained in Paragraph 155 of the Complaint for lack

11   of knowledge or information sufficient to form a belief as to the truth thereof.

12   156.   PNA denies the allegations contained in Paragraph 156 of the Complaint for lack

13   of knowledge or information sufficient to form a belief as to the truth thereof.

14   157.   PNA denies the allegations contained in Paragraph 157 of the Complaint in their

15   entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or

16   information sufficient to form a belief as to the truth thereof.

17   158.   PNA denies the allegations contained in Paragraph 158 of the Complaint for lack

18   of knowledge or information sufficient to form a belief as to the truth thereof.

19   159.   PNA denies the allegations contained in Paragraph 159 of the Complaint for lack

20   of knowledge or information sufficient to form a belief as to the truth thereof.

21   160.   PNA denies the allegations contained in Paragraph 160 of the Complaint for lack

22   of knowledge or information sufficient to form a belief as to the truth thereof.

23   161.   PNA denies the allegations contained in Paragraph 161 of the Complaint for lack

24   of knowledge or information sufficient to form a belief as to the truth thereof.

25   162.   PNA denies the allegations contained in Paragraph 162 of the Complaint for lack

26   of knowledge or information sufficient to form a belief as to the truth thereof.

27   163.   PNA denies the allegations contained in Paragraph 163 of the Complaint as they

28   relate to PNA and denies the remaining allegations for lack of knowledge or information

19

1   sufficient to form a belief as to the truth thereof.

2       164.    PNA denies the allegations contained in Paragraph 164 of the Complaint as they

3   relate to PNA and denies the remaining allegations for lack of knowledge or information

4   sufficient to form a belief as to the truth thereof.

5       165.    PNA denies the allegations contained in Paragraph 165 of the Complaint as they

6   relate to PNA and denies the remaining allegations for lack of knowledge or information

7   sufficient to form a belief as to the truth thereof.

8       166.    PNA denies the allegations contained in Paragraph 166 of the Complaint for lack

9   of knowledge or information sufficient to form a belief as to the truth thereof.

10      167.    PNA denies the allegations contained in Paragraph 167 of the Complaint for lack

11  of knowledge or information sufficient to form a belief as to the truth thereof.

12      **F.    "International Government Antitrust Investigations"**

13      168.    PNA denies the allegations contained in Paragraph 168 of the Complaint for lack

14  of knowledge or information sufficient to form a belief as to the truth thereof.

15      169.    PNA denies the allegations contained in Paragraph 169 of the Complaint, except

16  admits that an alleged conspiracy concerning CRTs is or was being investigated by certain foreign

17  competition authorities.

18      170.    PNA denies the allegations contained in Paragraph 170 of the Complaint for lack

19  of knowledge or information sufficient to form a belief as to the truth thereof.

20      171.    PNA denies the allegations contained in Paragraph 171 of the Complaint for lack

21  of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

22  on or around May 6, 2008, the Hungarian Competition Authority issued a press release

23  concerning its initiation of a competition supervision proceeding in connection with an alleged

24  conspiracy in the Hungarian market involving CRTs and respectfully refers the Court to that

25  document for a review of its contents.

26      172.    PNA denies the allegations contained in Paragraph 172 of the Complaint for lack

27  of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

28  on or around February 10, 2009, the DOJ issued a press release concerning the indictment of an

20

1   executive of Chunghwa Picture Tubes, Ltd., and respectfully refers the Court to that document for

2   a review of its contents.

3         173.   PNA denies the allegations contained in Paragraph 173 of the Complaint for lack

4   of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

5   on or around August 19, 2009, the DOJ issued a press release concerning the indictment of a CDT

6   industry executive and respectfully refers the Court to that document for a review of its contents.

7         174.   PNA denies the allegations contained in Paragraph 174 of the Complaint for lack

8   of knowledge or information sufficient to form a belief as to the truth thereof, excepts admits that

9   on or around March 30, 2010, the DOJ issued a press release concerning the indictment of a CDT

10   industry executive and respectfully refers the Court to that document for a review of its contents.

11         175.   PNA denies the allegations contained in Paragraph 175 of the Complaint for lack

12   of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

13   on or around November 9, 2010, the DOJ issued a press release concerning the indictment of a

14   CDT industry executive and respectfully refers the Court to that document for a review of its

15   contents.

16         176.   PNA denies the allegations contained in Paragraph 176 of the Complaint for lack

17   of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

18   on or around March 18, 2011, the DOJ issued a press release concerning a plea agreement entered

19   into by a CDT industry participant and respectfully refers the Court to that document for a review

20   of its contents.

21         177.   PNA denies the allegations contained in Paragraph 177 of the Complaint as they

22   relate to PNA and denies the remaining allegations for lack of knowledge or information

23   sufficient to form a belief as to the truth thereof.

24         178.   PNA denies the allegations contained in Paragraph 178 of the Complaint for lack

25   of knowledge or information sufficient to form a belief as to the truth thereof.

26         179.   PNA denies the allegations contained in Paragraph 179 of the Complaint as they

27   relate to PNA and denies the remaining allegations for lack of knowledge or information

28   sufficient to form a belief as to the truth thereof.

180.   PNA denies the allegations contained in Paragraph 180 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

181.   PNA denies the allegations contained in Paragraph 181 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

182.   PNA denies the allegations contained in Paragraph 182 of the Complaint, except admits that an alleged conspiracy concerning the TFT-LCD market is or was being investigated by the DOJ, and by certain other international competition authorities, and that this investigation was revealed on or around December 2006. PNA further avers that it is not a subject of these investigations.

183.   PNA denies the allegations contained in Paragraph 183 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

184.   PNA denies the allegations contained in Paragraph 184 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

185.   PNA denies the allegations contained in Paragraph 185 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

186.   PNA denies the allegations contained in Paragraph 186 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**G.     "The Role of Trade Associations During the Relevant Period"**

187.   PNA denies the allegations contained in Paragraph 187 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

188.   PNA denies the allegations contained in Paragraph 188 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

189.   PNA denies the allegations contained in Paragraph 189 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

190.   PNA denies the allegations contained in Paragraph 190 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

22

1   sufficient to form a belief as to the truth thereof.

2       191.   PNA denies the allegations contained in Paragraph 191 of the Complaint as they

3   relate to PNA and denies the remaining allegations for lack of knowledge or information

4   sufficient to form a belief as to the truth thereof.

5       H.     **"Effects of Defendants' Antitrust Violations"**

6             1.    **"Examples of Reductions in Manufacturing Capacity by Defendants"**

7       192.   The allegations contained in Paragraph 192 of the Complaint constitute

8   characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

9   required.   To the extent that a response is required, PNA denies the allegations contained in

10  Paragraph 192 of the Complaint as they relate to PNA and denies the remaining allegations for

11  lack of knowledge or information sufficient to form a belief as to the truth thereof.

12      193.   PNA denies the allegations contained in Paragraph 193 of the Complaint, except

13  admits that MTPD's subsidiary in New York ceased operations in December 2004, and admits

14  that a press release contained the phrases quoted in Paragraph 193 of the Complaint.

15      194.   PNA denies the allegations contained in Paragraph 194 of the Complaint for lack

16  of knowledge or information sufficient to form a belief as to the truth thereof.

17      195.   PNA denies the allegations contained in Paragraph 195 of the Complaint for lack

18  of knowledge or information sufficient to form a belief as to the truth thereof, except avers that it

19  was announced on November 30, 2005, not in December 2005, that MTPD's American subsidiary

20  in Ohio and German subsidiary would discontinue operations.

21      196.   PNA denies the allegations contained in Paragraph 196 of the Complaint for lack

22  of knowledge or information sufficient to form a belief as to the truth thereof.

23      197.   PNA denies the allegations contained in Paragraph 197 of the Complaint for lack

24  of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

25  the closure of Matsushita Malaysia was announced in July 2006.

26            2.    **"Examples of Collusive Pricing for CRTs"**

27      198.   PNA denies the allegations contained in Paragraph 198 of the Complaint in their

28  entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or

23

information sufficient to form a belief as to the truth thereof.

199.    PNA denies the allegations contained in Paragraph 199 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

200.    PNA denies the allegations contained in Paragraph 200 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

201.    PNA denies the allegations contained in Paragraph 201 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

202.    PNA denies the allegations contained in Paragraph 202 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

203.    PNA denies the allegations contained in Paragraph 203 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

204.    PNA denies the allegations contained in Paragraph 204 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

205.    PNA denies the allegations contained in Paragraph 205 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

206.    PNA denies the allegations contained in Paragraph 206 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

207.    PNA denies the allegations contained in Paragraph 207 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**3.      "Summary Of Effects Of The Conspiracy Involving CRTs"**

208.    PNA denies the allegations contained in Paragraph 208 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**VII.    "PLAINTIFF'S INJURIES"**

209.    PNA denies the allegations contained in Paragraph 209 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

210.    PNA denies the allegations contained in Paragraph 210 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

211.    The allegations contained in Paragraph 211 of the Complaint constitute legal contentions and/or conclusions to which to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

212.    PNA denies the allegations contained in Paragraph 212 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

213.    The allegations contained in Paragraph 213 of the Complaint constitute legal contentions and/or conclusions to which to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 213 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

214.    PNA denies the allegations contained in Paragraph 214 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

215.    PNA denies the allegations contained in Paragraph 215 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VIII.    "__FRAUDULENT CONCEALMENT__"

216.    PNA denies the allegations contained in Paragraph 216 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25

217.    PNA denies the allegations contained in Paragraph 217 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

218.    PNA denies the allegations contained in Paragraph 218 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

219.    PNA denies the allegations contained in Paragraph 219 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

220.    PNA denies the allegations contained in Paragraph 220 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

221.    PNA denies the allegations contained in Paragraph 221 the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

222.    PNA denies the allegations contained in Paragraph 222 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

223.    PNA denies the allegations contained in Paragraph 223 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

224.    PNA denies the allegations contained in Paragraph 224 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

225.    PNA denies the allegations contained in Paragraph 225 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

226.    PNA denies the allegations contained in Paragraph 226 of the Complaint as they

1   relate to PNA and denies the remaining allegations for lack of knowledge or information

2   sufficient to form a belief as to the truth thereof.

3        227.   PNA denies the allegations contained in Paragraph 227 of the Complaint as they

4   relate to PNA and denies the remaining allegations for lack of knowledge or information

5   sufficient to form a belief as to the truth thereof.

6        228.   PNA denies the allegations contained in Paragraph 228 of the Complaint as they

7   relate to PNA, and denies the remaining allegations for lack of knowledge or information

8   sufficient to form a belief as to the truth thereof.

9

10   IX.    "*AMERICAN PIPE*, GOVERNMENT ACTION AND CROSS-JURISDICTIONAL TOLLING"

11        229.   PNA incorporates and realleges its responses to Paragraphs 184-203 above, as if

12   fully set forth herein.  The allegations contained in Paragraph 229 of the Complaint constitute

13   legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

14   that a response is required, PNA denies the allegations contained in Paragraph 229 of the

15   Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or

16   information sufficient to form a belief as to the truth thereof.

17        230.   The allegations contained in Paragraph 230 of the Complaint constitute legal

18   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

19   response is required, PNA denies the allegations contained in Paragraph 230 of the Complaint as

20   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

21   sufficient to form a belief as to the truth thereof.

22        231.   The allegations contained in Paragraph 231 of the Complaint constitute legal

23   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

24   response is required, PNA denies the allegations contained in Paragraph 231 of the Complaint as

25   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

26   sufficient to form a belief as to the truth thereof.

27

28   X.    "CLAIM FOR VIOLATIONS"

27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**"First Claim for Relief"**

**"(Violation of Section 1 of the Sherman Act)"**

232.    PNA incorporates and realleges its responses to Paragraphs 1-231 above, as if fully set forth herein.

233.    The allegations contained in Paragraph 233 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 233 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

234.    PNA denies the allegations contained in Paragraph 234 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

235.    PNA denies the allegations contained in Paragraph 235 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

236.    PNA denies the allegations contained in Paragraph 236 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

237.    PNA denies the allegations contained in Paragraph 237 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

238.    PNA denies the allegations contained in Paragraph 238 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Second Claim for Relief"**

**"(Violation of California Cartwright Act)"**

239.    PNA incorporates and realleges its responses to Paragraphs 1-238 above, as if fully set forth herein.

28

1     240.    PNA denies the allegations contained in Paragraph 240 of the Complaint as they

2   relate to PNA and denies the remaining allegations for lack of knowledge or information

3   sufficient to form a belief as to the truth thereof.

4     241.    PNA denies the allegations contained in Paragraph 241 of the Complaint as they

5   relate to PNA and denies the remaining allegations for lack of knowledge or information

6   sufficient to form a belief as to the truth thereof.

7     242.    The allegations contained in Paragraph 242 of the Complaint constitute legal

8   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

9   response is required, PNA denies the allegations contained in Paragraph 242 of the Complaint as

10   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

11   sufficient to form a belief as to the truth thereof.

12     243.    The allegations contained in Paragraph 243 of the Complaint constitute legal

13   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

14   response is required, PNA denies the allegations contained in Paragraph 243 of the Complaint as

15   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

16   sufficient to form a belief as to the truth thereof.

17     244.    PNA denies the allegations contained in Paragraph 244 of the Complaint, including

18   its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or

19   information sufficient to form a belief as to the truth thereof.

20     245.    PNA denies the allegations contained in Paragraph 245 of the Complaint, including

21   its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or

22   information sufficient to form a belief as to the truth thereof.

23     246.    PNA denies the allegations contained in Paragraph 246 of the Complaint as they

24   relate to PNA and denies the remaining allegations for lack of knowledge or information

25   sufficient to form a belief as to the truth thereof.

26     247.    The allegations contained in Paragraph 247 of the Complaint constitute legal

27   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

28   response is required, PNA denies the allegations contained in Paragraph 247 of the Complaint as

they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### **"Third Claim for Relief"**

### **("Violation of California Unfair Competition Law")**

248.    PNA incorporates and realleges its responses to Paragraphs 1-247 above, as if fully set forth herein.

249.    The allegations contained in Paragraph 249 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 249 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

250.    The allegations contained in Paragraph 250 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 250 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

251.    The allegations contained in Paragraph 251 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 251 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

252.    The allegations contained in Paragraph 252 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 252 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

253.    The allegations contained in Paragraph 253 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

1   response is required, PNA denies the allegations contained in Paragraph 253 of the Complaint as

2   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

3   sufficient to form a belief as to the truth thereof.

4          254.    The allegations contained in Paragraph 254 of the Complaint constitute legal

5   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

6   response is required, PNA denies the allegations contained in Paragraph 254 of the Complaint as

7   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

8   sufficient to form a belief as to the truth thereof.

9          255.    The allegations contained in Paragraph 255 of the Complaint constitute legal

10  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

11  response is required, PNA denies the allegations contained in Paragraph 255 of the Complaint as

12  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

13  sufficient to form a belief as to the truth thereof.

14                            **"Fourth Claim for Relief"**

15          **("Violation of of the Illinois Antitrust Act, 740 Illinois Code 10/1 *et seq.*")**

16          256.    PNA incorporates and realleges its responses to Paragraphs 1-255 above, as if fully

17  set forth herein.

18          257.    The allegations contained in Paragraph 257 of the Complaint constitute legal

19  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

20  response is required, PNA denies the allegations contained in Paragraph 257 of the Complaint as

21  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

22  sufficient to form a belief as to the truth thereof.

23          258.    The allegations contained in Paragraph 258 of the Complaint constitute legal

24  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

25  response is required, PNA denies the allegations contained in Paragraph 258 of the Complaint as

26  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

27  sufficient to form a belief as to the truth thereof.

28          259.    The allegations contained in Paragraph 259 of the Complaint constitute legal

31

contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 259 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

260.   PNA denies the allegations contained in Paragraph 260 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

261.   The allegations contained in Paragraph 261 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 261 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## XI.   "PRAYER FOR RELIEF"

PNA denies that Plaintiff suffered any injury or incurred any damages by any act or omission of PNA as alleged in the Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in each of the paragraphs and their subparts in the Complaint.

## XII.   "JURY TRIAL DEMAND"

The allegations contained under the heading "Jury Trial Demand" contain no factual assertions for which a response is required.  To the extent that a response is required, PNA denies the allegations contained under the heading "Jury Trial Demand" in their entirety, except admits that Plaintiff demands a trial by jury.

## DEFENSES

FURTHER, PNA asserts the following defenses and affirmative defenses to the Complaint.  PNA does not concede that it has the burden of proof as to any of the defenses listed below:

## FIRST DEFENSE

(Failure to State a Claim for Relief)

1          Neither Plaintiff's Complaint nor any claim for relief asserted therein states facts

2   sufficient to constitute a claim for relief against PNA.

3                                **SECOND DEFENSE**

4                                (Statute of Limitations)

5          The relief sought by Plaintiff is barred, in whole or in part, by the applicable

6   statutes of limitations.

7                                **THIRD DEFENSE**

8                              (Actual and Proximate Injury)

9          The relief sought by Plaintiff is barred, in whole or in part, because the Plaintiff

10  was not actually and proximately injured in their business or property by reason of any action(s)

11  or omission(s) of PNA.

12                               **FOURTH DEFENSE**

13                                  (No Damages)

14         The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

15  suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent

16  that Plaintiff purportedly suffered injury or damage, which PNA specifically denies, PNA further

17  contends that any such purported injury or damage was not by reason of any act or omission of

18  PNA.

19                               **FIFTH DEFENSE**

20                              (No Antitrust Injury)

21         The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

22  failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to

23  remedy.

24                               **SIXTH DEFENSE**

25                              (Speculative Damages)

26

27

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                Case No. 07-5944 SC
ANSWER TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT                  MDL No. 1917

1  The relief sought by Plaintiff is barred, in whole or in part, because the alleged

2  damages sought are too speculative and uncertain, and because of the impossibility of the

3  ascertainment and allocation of such alleged damages.

**SEVENTH DEFENSE**

(Mitigation)

6  The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

7  failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

**EIGHTH DEFENSE**

(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

10  The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

11  failed to allege fraud or fraudulent concealment with sufficient particularity.

**NINTH DEFENSE**

(Failure to Plead Conspiracy with Particularity)

14  The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

15  failed to allege conspiracy with sufficient particularity.

**TENTH DEFENSE**

(Lack of Standing to Sue for Injuries Alleged)

18  The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff lacks

19  standing to sue for the injuries alleged in the complaint.  To the extent that Plaintiff purchased

20  products containing CRTs, as opposed to CRTs themselves, its alleged injuries are even more

21  speculative, derivative, indirect, and remote.  Plaintiff's damage claims create an impermissible

22  risk of duplicative recoveries and complex damage apportionment.

**ELEVENTH DEFENSE**

(Due Process)

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                 Case No. 07-5944 SC
ANSWER TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT                          MDL No. 1917

To the extent Plaintiff's claims would result in PNA paying damages to more than one claimant for the same alleged overcharges to customers, they are barred because such multiple liability would violate rights guaranteed to PNA by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by applicable state law.

## TWELFTH DEFENSE

(Other/Superseding Causation)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's damages, if any, resulted from the acts or omissions of third parties over whom PNA had no control or responsibility.  The acts of such third parties constitute intervening or superseding cases of harm, if any, suffered by Plaintiff.

## THIRTEENTH DEFENSE

(Waiver and Estoppel)

The relief sought by Plaintiff is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## FOURTEENTH DEFENSE

(Laches)

The relief sought by Plaintiff is barred, in whole or in part, by the equitable doctrine of laches.

## FIFTEENTH DEFENSE

(Unclean Hands)

The relief sought by Plaintiff is barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTEENTH DEFENSE

(Unjust Enrichment)

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S
ANSWER TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL No. 1917

1    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff would

2    be unjustly enriched if it were allowed to recover any part of the damages alleged in the

3    Complaint.

4                                    **SEVENTEENTH DEFENSE**

5                                      (Adequate Remedy at Law)

6    The equitable relief sought by Plaintiff is barred, in whole or in part, because

7    Plaintiff has available an adequate remedy at law.

8                                     **EIGHTEENTH DEFENSE**

9                                       (Comparative Fault)

10   The relief sought by Plaintiff is barred, in whole or in part, because any and all

11   injuries alleged in the Complaint, the fact and extent of which PNA specifically denies, were

12   directly and proximately caused or contributed to by the statements, acts, and/or omissions of

13   Plaintiff and/or third parties or entities, other than PNA.

14                                    **NINETEENTH DEFENSE**

15                                         (Acquiescence)

16   The relief sought by Plaintiff is barred, in whole or in part, by Plaintiff's

17   acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to PNA.

18                                     **TWENTIETH DEFENSE**

19                                     (No Detrimental Reliance)

20   The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff did

21   not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

22                                   **TWENTY-FIRST DEFENSE**

23                                          (Set Off)

24   Without admitting that Plaintiff is entitled to recover damages in this matter, PNA

25   is entitled to set off from any recovery Plaintiff may obtain against PNA, any amount paid to

26   Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

27                                   **TWENTY-SECOND DEFENSE**

28                                (Failure to State a Claim for Injunctive Relief)

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                    Case No. 07-5944 SC
ANSWER TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT                       MDL No. 1917

1    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

2  failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that

3  have already transpired without the requisite showing of threatened harm or continuing harm.

4                              **TWENTY-THIRD DEFENSE**

5                                 (Lack of Jurisdiction)

6    The relief sought by Plaintiff is barred, in whole or in part, because any alleged

7  conduct of PNA occurred outside of the jurisdiction of the Court.

8                              **TWENTY-FOURTH DEFENSE**

9                        (Foreign Trade Antitrust Improvements Act)

10    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

11  failed to make a single specific allegation to support the claim that the alleged conduct had "a

12  direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman

13  Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. §

14  6a.

15                              **TWENTY-FIFTH DEFENSE**

16                                 (Foreign Conduct)

17    Plaintiff's claims are barred to the extent that they are based on conduct beyond the

18  territorial reach of the laws or courts of the United States.

19                              **TWENTY-SIXTH DEFENSE**

20                        (Damages Not Passed Through To Plaintiff)

21    The relief sought by Plaintiff is barred, in whole or in part, because any injury or

22  damage alleged in the Complaint was not incurred by or passed on to Plaintiff, or was incurred by

23  or passed on to persons or entities other than Plaintiff.

24                              **TWENTY-SEVENTH DEFENSE**

25                                 (Damages Passed On)

26

27

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                     Case No. 07-5944 SC
ANSWER TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT                         MDL No. 1917

1    The relief sought by Plaintiff is barred, in whole or in part, because any injury or

2 damage alleged in the Complaint, which PNA specifically denies, was passed on to persons or

3 entities other than the Plaintiff and/or was passed on by Plaintiff to other parties.

4                                    **TWENTY-EIGHTH DEFENSE**

5                              (No Unreasonable Restraint Of Trade)

6    The relief sought by Plaintiff is barred, in whole or in part, because the alleged

7 conduct of PNA did not unreasonably restrain trade.

8                                     **TWENTY-NINTH DEFENSE**

9                               (Acts Outside The Jurisdiction)

10    The relief sought by Plaintiff is barred, in whole or in part, to the extent PNA's

11 alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor

12 affected persons, entities, or commerce in the various States cited.

13                                     **THIRTIETH DEFENSE**

14                          (Restitution Unmanageable And Inequitable)

15    The relief sought by Plaintiff is barred, in whole or in part, to the extent the

16 restitution sought in the Complaint is unmanageable and inequitable.

17                                    **THIRTY-FIRST DEFENSE**

18                          (Lack of Standing as Indirect Purchasers)

19    The relief sought by Plaintiff is barred, in whole or in part, to the extent the various

20 States cited have not repealed the *Illinois Brick* doctrine.

21                                   **THIRTY-SECOND DEFENSE**

22                                     (Claims Barred)

23    The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff

24 has failed to exhaust all remedies against PNA.

25                                    **THIRTY-THIRD DEFENSE**

26                (Private Claim Cannot Be Brought In A Representative Capacity)

27    The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff

28 brings any claims in a representative capacity, to the extent a private claim may not be brought in

38

a representative capacity under the laws of various states.

## THIRTY-FOURTH DEFENSE

### (Goods Not Purchased Primarily For Personal, Family, or Household Purposes)

The relief sought by Plaintiff is barred, in whole or in part, to the extent that Plaintiff did not purchase goods primarily for personal, family, or household purposes.

## THIRTY-FIFTH DEFENSE

### (Independent, Legitimate Business and Economic Justification)

The relief sought by Plaintiff is barred, in whole or in part, because any conduct engaged in by PNA was reasonable and based on independent, legitimate business and economic justification.

## THIRTY-SIXTH DEFENSE

### (Attorneys' Fees)

Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is not allowed under applicable federal or state law.

## THIRTY-SEVENTH DEFENSE

### (Lack of Sufficient Contacts to States)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's claims lack sufficient contacts to the states under whose laws they are brought, in violation of rights guaranteed to PNA by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by other applicable state and federal law.

## INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES

PNA hereby incorporates by reference, as if set forth fully herein, all other defenses and affirmative defenses to the Complaint alleged by any other defendant. PNA presently has insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, defenses. PNA reserves the right to assert other defenses and affirmative defenses as this action proceeds, the right to file an amended answer

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                    Case No. 07-5944 SC
ANSWER TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT                      MDL No. 1917

1    asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event

2    that discovery indicates that such pleadings are appropriate.

3            WHEREFORE, PNA prays for judgment as follows:

4        1.    That Plaintiff take nothing under the Complaint, and the Complaint be

5              dismissed with prejudice;

6        2.    That judgment be entered in favor of PNA and against Plaintiff on each and

7              every cause of action set forth in the Complaint;

8        3.    That PNA recover its costs of suit and attorneys' fees incurred herein; and

9        4.    That PNA be granted such other and further relief as the Court deems just

10             and proper.

11

12   Dated: November 4, 2013                   By: ___/s/ David L. Yohai_____
                                               DAVID L. YOHAI (*pro hac vice*)
13                                             E-mail: david.yohai@weil.com
                                               ADAM C. HEMLOCK (*pro hac vice*)
14                                             E-mail: adam.hemlock@weil.com
                                               DAVID E. YOLKUT (*pro hac vice*)
15                                             E-mail: david.yolkut@weil.com
                                               **WEIL, GOTSHAL & MANGES LLP**
16                                             767 Fifth Avenue
                                               New York, New York 10153-0119
17                                             Telephone: (212) 310-8000
                                               Facsimile: (212) 310-8007
18

19                                             GREGORY D. HULL (57367)
                                               E-mail: greg.hull@weil.com
20                                             **WEIL, GOTSHAL & MANGES LLP**
                                               201 Redwood Shores Parkway
21                                             Redwood Shores, California 94065-1175
                                               Telephone: (650) 802-3000
22                                             Facsimile: (650) 802-3100

23

24                                             JEFFREY L. KESSLER (*pro hac vice*)
                                               E-mail: jkessler@winston.com
25                                             A. PAUL VICTOR (*pro hac vice*)
                                               E-mail: pvictor@winston.com
26                                             ALDO A. BADINI (257086)
                                               E-mail: abadini@winston.com
27                                             EVA W. COLE (*pro hac vice*)

28

                                        40

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E-mail: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
E-mail: mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-4692
Facsimile: (212) 294-4700

***Attorneys for Panasonic Corporation of
North America***

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S
ANSWER TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL No. 1917

DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: david.yohai@weil.com

GREGORY D. HULL (57367)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: greg.hull@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: jkessler@winston.com

*Attorneys for Defendants Panasonic Corporation,*
*Panasonic Corporation of North America, and*
*Matsushita Toshiba Picture Display Co., Ltd.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | No.: 07-5944 SC MDL NO. 1917 |
| This Document Relates to: | **CERTIFICATE OF SERVICE** |
| CIRCUIT CITY ACTION 11-cv-05502 | |

**CERTIFICATE OF SERVICE**

1

2        I declare that I am employed with the law firm of Weil, Gotshal & Manges LLP, whose address is 767 Fifth Avenue, New York, New York 10153. I am not a party to the within cause, and I am over the age of eighteen years. I further declare that on November 4, 2013, I

3    served a copy of:

4

5    **DEFENDANT PANASONIC CORPORATION'S (F/K/A MATUSHITA ELECTRIC INDUSTRIAL CO., LTD.) ANSWER TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT; DEFENDANT MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.'S ANSWER TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT; AND DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER TO CIRCUIT CITY'S FIRST AMENDED COMPLAINT**

6

7

8        ☒    **BY ELECTRONIC FILING** by serving a true copy on this date of each document listed above via the Court's ECF Document Filing System on all interested parties

9    registered for electronic filing in this action.

10        Executed on November 4, 2013 at New York, New York. I declare under penalty

11    of perjury under the laws of the United States of America that the foregoing is true and correct.

12

13                                    Lara E. Veblen

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28