DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: david.yohai@weil.com

GREGORY D. HULL (57367)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: greg.hull@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: jkessler@winston.com

*Attorneys for Defendant Panasonic Corporation of North America*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** <br><br> This Document Relates to: <br><br> TARGET CORP. ACTION 11-CV-05514-SC | **Case No. 07-5944 SC** <br> **MDL No. 1917** <br><br> **DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER TO TARGET CORPORATION'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

1      Defendant PANASONIC CORPORATION OF NORTH AMERICA ("PNA"), by and

2  through its attorneys, answers the allegations set forth in the Second Amended Complaint for

3  Damages and Injunctive Relief filed on October 3, 2013 (the "Complaint") by plaintiff Target

4  Corporation ("Plaintiff"), and alleges additional or affirmative defenses as follows.  To the extent

5  not specifically admitted herein, all allegations of the Complaint are denied.  Furthermore, the

6  section headings included herein are included only for purposes of clarity and organization, and

7  PNA does not admit, but rather hereby specifically denies, any factual or legal allegations in the

8  headings used in the Complaint.

9  **I.**     **"INTRODUCTION"**

10      1.     The allegations contained in Paragraph 1 of the Complaint include

11  characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

12  required.  To the extent that a response is required, PNA denies all of the allegations, except

13  admits that color display tubes ("CDTs") can be used in computer monitors and certain other

14  specialized applications, admits that color picture tubes ("CPTs") can be used in televisions,

15  admits that CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various

16  times certain affiliates of PNA manufactured some CRTs and some products containing CRTs.

17      2.     PNA denies the allegations contained in Paragraph 2 of the Complaint as they

18  relate to PNA and denies the remaining allegations for lack of knowledge or information

19  sufficient to form a belief as to the truth thereof.

20      3.     PNA denies the allegations contained in Paragraph 3 of the Complaint as they

21  relate to PNA and denies the remaining allegations for lack of knowledge or information

22  sufficient to form a belief as to the truth thereof.

23      4.     PNA denies the allegations contained in Paragraph 4 of the Complaint as they

24  relate to PNA and denies the remaining allegations for lack of knowledge or information

25  sufficient to form a belief as to the truth thereof.

26      5.     PNA denies the allegations contained in Paragraph 5 of the Complaint as they

27  relate to PNA and denies the remaining allegations for lack of knowledge or information

28  sufficient to form a belief as to the truth thereof.

1

6.      PNA denies the allegations contained in Paragraph 6 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7.      PNA denies the allegations contained in Paragraph 7 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by the United States Department of Justice ("DOJ"), and by certain foreign competition authorities, and that it has been publicly reported that individuals have been indicted in connection with the DOJ investigation.

8.      PNA denies the allegations contained in Paragraph 8 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around March 18, 2011, the DOJ issued a press release concerning Samsung SDI Company, Ltd. and that on or around May 17, 2011, an amended plea agreement was filed in an action brought by the United States against Samsung SDI Company, Ltd.; PNA respectfully refers the Court to those documents for a review of their content.

9.      PNA denies the allegations contained in Paragraph 9 of the Complaint as they relate to PNA, except admits that at various times it sold some products containing CRTs to Plaintiff or its affiliates.   PNA denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

II.     **"JURISDICTION AND VENUE"**

10.     PNA denies the allegations contained in Paragraph 10 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to the federal statutes identified therein and seek the relief sought therein.

11.     PNA denies the allegations contained in Paragraph 11 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to the state statute identified therein and seek the relief sought therein.

12.     The allegations contained in Paragraph 12 of the Complaint include legal contentions and/or conclusions to which no response is required, PNA denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiff purports to base subject

2

1  matter jurisdiction on the federal statutes identified therein.

2      13.    PNA denies the allegations contained in Paragraph 13 of the Complaint as they

3  relate to PNA, except admits that it has done some business within certain jurisdictions within the

4  United States, and denies the remaining allegations for lack of knowledge or information

5  sufficient to form a belief as to the truth thereof.

6      14.    The allegations contained in Paragraph 14 of the Complaint regarding jurisdiction

7  include legal contentions and/or conclusions to which no response is required.  To the extent that

8  a response is required, PNA denies the allegations as they relate to PNA except admits that it has

9  done some business within certain jurisdictions within the United States, and denies the remaining

10  allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

11      15.    The allegations contained in Paragraph 15 of the Complaint regarding venue

12  include legal contentions and/or conclusions to which no response is required.  To the extent that

13  a response is required, PNA denies the allegations as they relate to PNA except admits that it has

14  done some business within certain jurisdictions within the United States, and denies the remaining

15  allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16  **III.**    **"<u>PARTIES</u>"**

17      **A.**    **"<u>Plaintiff Target Corporation</u>"**

18      16.    PNA denies the allegations contained in Paragraph 16 of the Complaint for lack of

19  knowledge or information sufficient to form a belief as to the truth thereof.

20      17.    PNA denies the allegations contained in Paragraph 17 of the Complaint for lack of

21  knowledge or information sufficient to form a belief as to the truth thereof.

22      18.    PNA denies the allegations contained in Paragraph 18 of the Complaint for lack of

23  knowledge or information sufficient to form a belief as to the truth thereof.

24      **B.**    **"<u>Defendants</u>"**

25      **1.**    **"<u>IRICO Entities</u>"**

26      19.    PNA denies the allegations contained in Paragraph 19 of the Complaint for lack of

27  knowledge or information sufficient to form a belief as to the truth thereof.

28      20.    PNA denies the allegations contained in Paragraph 20 of the Complaint for lack of

1    knowledge or information sufficient to form a belief as to the truth thereof.

2        21.    PNA denies the allegations contained in Paragraph 21 of the Complaint for lack of

3    knowledge or information sufficient to form a belief as to the truth thereof.

4        22.    PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 22

5    of the Complaint collectively as "IRICO."

6            **2.    "LG Electronics Entities"**

7        23.    PNA denies the allegations contained in Paragraph 23 of the Complaint for lack of

8    knowledge or information sufficient to form a belief as to the truth thereof.

9        24.    PNA denies the allegations contained in Paragraph 24 of the Complaint for lack of

10   knowledge or information sufficient to form a belief as to the truth thereof.

11       25.    PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 25

12   of the Complaint collectively as "LG Electronics."

13           **3.    "LP Displays"**

14       26.    PNA denies the allegations contained in Paragraph 26 of the Complaint for lack of

15   knowledge or information sufficient to form a belief as to the truth thereof.

16           **4.    "Hitachi Entities"**

17       27.    PNA denies the allegations contained in Paragraph 27 of the Complaint for lack of

18   knowledge or information sufficient to form a belief as to the truth thereof.

19       28.    PNA denies the allegations contained in Paragraph 28 of the Complaint for lack of

20   knowledge or information sufficient to form a belief as to the truth thereof.

21       29.    PNA denies the allegations contained in Paragraph 29 of the Complaint for lack of

22   knowledge or information sufficient to form a belief as to the truth thereof.

23       30.    PNA denies the allegations contained in Paragraph 30 of the Complaint for lack of

24   knowledge or information sufficient to form a belief as to the truth thereof.

25       31.    PNA denies the allegations contained in Paragraph 31 of the Complaint for lack of

26   knowledge or information sufficient to form a belief as to the truth thereof.

27       32.    PNA denies the allegations contained in Paragraph 32 of the Complaint for lack of

28   knowledge or information sufficient to form a belief as to the truth thereof.

33.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 33 of the Complaint collectively as "Hitachi."

### 5.     "Panasonic Entities"

34.     PNA denies the allegations contained in Paragraph 34 of the Complaint in their entirety, except admits that Panasonic Corporation ("Panasonic") is a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 34, and that it was known as Matsushita Electric Industrial Co., Ltd. ("MEI") prior to October 1, 2008.  PNA further admits that certain affiliates of Panasonic sold some CRTs in the United States at various times during the purported Relevant Period.

35.     PNA denies the allegations contained in Paragraph 35 of the Complaint in their entirety, except admits that PNA is a Delaware corporation with its principal place of business formerly located at the address listed in Paragraph 35.  PNA avers that its principal place of business is now located at Two Riverfront Plaza, Newark, New Jersey, 07102.  PNA further admits that PNA is a wholly-owned subsidiary of Panasonic.  PNA further admits that it or certain of its affiliates sold some CRTs in the United States at various times during the purported Relevant Period.

36.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 36 of the Complaint collectively as "Panasonic."

37.     PNA denies the allegations contained in Paragraph 37 of the Complaint in their entirety, except admits that MT Picture Display Co., Ltd., f/k/a/ Matsushita Toshiba Picture Display Co., Ltd. ("MTPD") was a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 37.  PNA further admits that MTPD was established as a joint venture between Panasonic and Toshiba Corporation ("Toshiba"), but avers that MTPD was formed in 2003, not 2002.  PNA further admits that Panasonic held 64.5% of MTPD at the time MTPD was formed in 2003.  PNA further admits that Panasonic acquired Toshiba's 35.5% interest in MTPD on March 30, 2007, that MTPD became a wholly-owned subsidiary of Panasonic, and that MTPD was renamed.  PNA further admits that MTPD or certain affiliates of MTPD sold some CRTs in the United States at various times during the purported Relevant Period.

38.     PNA denies the allegations contained in Paragraph 38 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is a Chinese entity with its headquarters in Beijing, China at the address listed in Paragraph 38.  PNA further admits that BMCC is a joint venture formed in 1987, and further admits that MTPD at one time had a 50% equity ownership interest in BMCC.

**6.     "Philips Entities"**

39.     PNA denies the allegations contained in Paragraph 39 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

40.     PNA denies the allegations contained in Paragraph 40 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

41.     PNA denies the allegations contained in Paragraph 41 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

42.     PNA denies the allegations contained in Paragraph 42 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

43.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 43 of the Complaint collectively as "Philips."

**7.     "Samsung Entities"**

44.     PNA denies the allegations contained in Paragraph 44 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

45.     PNA denies the allegations contained in Paragraph 45 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

46.     PNA denies the allegations contained in Paragraph 46 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

47.     PNA denies the allegations contained in Paragraph 47 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

48.     PNA denies the allegations contained in Paragraph 48 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

49.     PNA denies the allegations contained in Paragraph 49 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

50.     PNA denies the allegations contained in Paragraph 50 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

51.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 51 of the Complaint collectively as "Samsung."

**8.     "Samtel"**

52.     PNA denies the allegations contained in Paragraph 52 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**9.     "Thai CRT"**

53.     PNA denies the allegations contained in Paragraph 53 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**10.     "Toshiba Entities"**

54.     PNA denies the allegations contained in Paragraph 54 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Panasonic entered into a joint venture with Toshiba to form MTPD, but avers that MTPD was formed in 2003, not 2002.

55.     PNA denies the allegations contained in Paragraph 55 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

56.     PNA denies the allegations contained in Paragraph 56 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

57.     PNA denies the allegations contained in Paragraph 57 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

58.     PNA denies the allegations contained in Paragraph 58 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

59.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 59 of the Complaint collectively as "Toshiba."

**11.     "Chunghwa Entities"**

7

60.     PNA denies the allegations contained in Paragraph 60 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

61.     PNA denies the allegations contained in Paragraph 61 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

62.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 62 of the Complaint collectively as "Chunghwa."

IV.     **"AGENTS AND CO-CONSPIRATORS"**

63.     PNA denies the allegations contained in Paragraph 63 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

64.     PNA denies the allegations contained in Paragraph 64 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

65.     The allegations contained in Paragraph 65 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.  PNA avers that the entity formerly known as Matsushita Electronic Corporation (Malaysia) Sdn. Bhd. ("Matsushita Malaysia") was dissolved on October 8, 2007.

66.     PNA denies the allegations contained in Paragraph 66 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

67.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 67 of the Complaint collectively as "Daewoo."

68.     PNA denies the allegations contained in Paragraph 68 of the Complaint in its entirety, except admits that Matsushita Malaysia was a Malaysian entity that had an office located at the address listed in Paragraph 68 in Shah Alam, Malaysia, and was a direct subsidiary of Panasonic from 2001 until 2003, operating as Matsushita Display Devices (Malaysia) Sdn. Bhd. PNA further admits that Matsushita Malaysia was transferred to MTPD in 2003, renamed as MT

8

1   Picture Display (Malaysia) Sdn. Bhd., and operated as a wholly-owned subsidiary of MTPD.

2   PNA avers that the entity formerly known as Matsushita Malaysia was dissolved on October 8,

3   2007

4         69.    PNA denies the allegations contained in Paragraph 69 of the Complaint in their

5   entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

6   except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred to

7   MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia.  PNA further avers

8   that PT.MT Picture Display Indonesia discontinued its production on September 13, 2007, and

9   was dissolved on September 28, 2007.

10         70.    PNA denies the allegations contained in Paragraph 70 of the Complaint in their

11   entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

12   except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was transferred

13   to MTPD in 2003 and changed its name to MT Picture Display (Thailand) Co., Ltd. ("MTPDT"),

14   but denies that MTPDT was a wholly-owned subsidiary of MTPD.  PNA further avers that

15   MTPDT passed a resolution of dissolution on May 13, 2009, and is now dissolved.

16         71.    PNA denies the allegations contained in Paragraph 71 of the Complaint as they

17   relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

18   information sufficient to form a belief as to the truth thereof.

19   **V.**    **"TRADE AND COMMERCE"**

20         72.    PNA denies the allegations contained in Paragraph 72 of the Complaint as they

21   relate to PNA, except admits that PNA or certain of its affiliates sold some CRTs in the United

22   States at various times during the purported Relevant Period, and denies the remaining allegations

23   in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

24   thereof.

25         73.    PNA denies the allegations contained in Paragraph 73 of the Complaint as they

26   relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

27   information sufficient to form a belief as to the truth thereof.

28         74.    PNA denies the allegations contained in Paragraph 74 of the Complaint as they

9

1  relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

2  information sufficient to form a belief as to the truth thereof.

3  **VI.    "<u>FACTUAL ALLEGATIONS</u>"**

4      **A.    "<u>CRT Technology</u>"**

5      75.    The allegations contained in Paragraph 75 of the Complaint constitute

6  characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

7  required.  To the extent that a response is required, PNA admits that the CRT is a specialized

8  vacuum tube in which images are produced when an electron beam strikes a phosphorescent

9  surface, but otherwise denies the allegations in their entirety for lack of knowledge or information

10  sufficient to form a belief as to the truth thereof.

11      76.    The allegations contained in Paragraph 76 of the Complaint constitute

12  characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

13  required.  To the extent that a response is required, PNA admits that CRT technology was used in

14  making tubes for televisions in the 1990's, but otherwise denies the allegations in their entirety for

15  lack of knowledge or information sufficient to form a belief as to the truth thereof.

16      77.    The allegations contained in Paragraph 77 of the Complaint constitute

17  characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

18  required.   To the extent that a response is required, PNA admits that a lower quality CRT

19  produces a poor display, but otherwise denies the allegations contained in Paragraph 77 of the

20  Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

21      78.    The allegations contained in Paragraph 78 of the Complaint constitute

22  characterizations of Plaintiff's Complaint to which no responsive pleading is required.  To the

23  extent that a response is required, PNA admits that CRT production was refined over time, but

24  otherwise denies the allegations contained in Paragraph 78 of the Complaint for lack of

25  knowledge or information sufficient to form a belief as to the truth thereof.

26      79.    The allegations contained in Paragraph 79 of the Complaint constitute

27  characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

28  required.  To the extent that a response is required, PNA admits that CDTs and CPTs are types of

CRTs, admits that CDTs can be used in computer monitors and certain other specialized applications, and admits that CPTs can be used in televisions, but denies the allegations contained in Paragraph 79 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

80.     The allegations contained in Paragraph 80 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.   To the extent that a response is required, PNA denies the allegations contained in Paragraph 80 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

81.     The allegations contained in Paragraph 81 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 81 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

82.     PNA denies the allegations contained in Paragraph 82 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

83.     PNA denies the allegations contained in Paragraph 83 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

84.     PNA denies the allegations contained in Paragraph 84 of the Complaint.

**B.     "Structure of the CRT Industry"**

85.     PNA denies the allegations contained in Paragraph 85 of the Complaint.

**1.     "Market Concentration"**

86.     PNA denies the allegations contained in the second sentence of Paragraph 86 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

**2.     "Information Sharing"**

87.     PNA denies the allegations contained in Paragraph 87 of the Complaint as they

11

1    relate to PNA and denies the remaining allegations for lack of knowledge or information

2    sufficient to form a belief as to the truth thereof.

3        88.    PNA denies the allegations contained in Paragraph 88 of the Complaint as they

4    relate to PNA and denies the remaining allegations for lack of knowledge or information

5    sufficient to form a belief as to the truth thereof.

6            **3.    "Consolidation"**

7        89.    PNA denies the allegations contained in Paragraph 89 of the Complaint as they

8    relate to PNA, except admits that a merger between Toshiba and Panasonic's CRT businesses

9    resulted in the creation of MTPD, and denies the remaining allegations for lack of knowledge or

10   information sufficient to form a belief as to the truth thereof.  PNA avers that MTPD was created

11   in 2003, not 2002.

12           **4.    "Multiple Interrelated Business Relationships"**

13       90.    PNA denies the allegations contained in Paragraph 90 of the Complaint.

14       91.    PNA denies the allegations contained in Paragraph 91, including its subparts, for

15   lack of knowledge or information sufficient to form a belief as to the truth thereof, with the

16   exception that Toshiba Corporation and Panasonic formed a CRT joint venture, MTPD, in 2003,

17   and that Toshiba Corporation and Panasonic formed a joint venture to manufacture TFT-LCD

18   panels.

19           **5.    "High Costs of Entry Into the Industry"**

20       92.    PNA denies the allegations contained in Paragraph 92 of the Complaint for lack of

21   knowledge or information sufficient to form a belief as to the truth thereof.

22       93.    PNA denies the allegations contained in the first sentence of Paragraph 93 of the

23   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof,

24   and denies the remaining allegations in their entirety.

25           **6.    "The Maturity of the CRT Product Market"**

26       94.    PNA denies the allegations contained in Paragraph 94 of the Complaint for lack of

27   knowledge or information sufficient to form a belief as to the truth thereof, except admits that the

28   CRT market is mature.

12

95.     PNA denies the allegations contained in Paragraph 95 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

96.     PNA denies the allegations contained in Paragraph 96 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

97.     PNA denies the allegations contained in Paragraph 97 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

98.     PNA denies the allegations contained in Paragraph 98 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

99.     PNA denies the allegations contained in Paragraph 99 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**7.     "Homogeneity of CRT Products"**

100.    PNA denies the allegations contained in Paragraph 100 of the Complaint.

101.    PNA denies the allegations contained in Paragraph 101 of the Complaint.

**C.     "Pre-Conspiracy Market"**

102.    PNA denies the allegations contained in Paragraph 102 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

103.    PNA denies the allegations contained in Paragraph 103 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**D.     "Defendants' and Co-Conspirators' Illegal Agreements"**

104.    PNA denies the allegations contained in Paragraph 104 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

105.    PNA denies the allegations contained in Paragraph 105 of the Complaint as they

13

relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

106.    PNA denies the allegations contained in Paragraph 106 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

107.    PNA denies the allegations contained in Paragraph 107 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

108.    PNA denies the allegations contained in Paragraph 108 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 1.    "Glass Meetings"

109.    PNA denies the allegations contained in Paragraph 109 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

110.    PNA denies the allegations contained in Paragraph 110 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

111.    PNA denies the allegations contained in Paragraph 111 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

112.    PNA denies the allegations contained in Paragraph 112 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

113.    PNA denies the allegations contained in Paragraph 113 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

114.    PNA denies the allegations contained in Paragraph 114 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or

14

1   information sufficient to form a belief as to the truth thereof.

2         115.    PNA denies the allegations contained in Paragraph 115 of the Complaint in their

3   entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or

4   information sufficient to form a belief as to the truth thereof.

5         116.    PNA denies the allegations contained in Paragraph 116 of the Complaint in their

6   entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7         117.    PNA denies the allegations contained in Paragraph 117 of the Complaint as they

8   relate to PNA and denies the remaining allegations for lack of knowledge or information

9   sufficient to form a belief as to the truth thereof.

10        118.    PNA denies the allegations contained in Paragraph 118 of the Complaint as they

11  relate to PNA and denies the remaining allegations for lack of knowledge or information

12  sufficient to form a belief as to the truth thereof.

13        119.    PNA denies the allegations contained in Paragraph 119 of the Complaint as they

14  relate to PNA and denies the remaining allegations for lack of knowledge or information

15  sufficient to form a belief as to the truth thereof.

16        120.    PNA denies the allegations contained in Paragraph 120 of the Complaint as they

17  relate to PNA and denies the remaining allegations for lack of knowledge or information

18  sufficient to form a belief as to the truth thereof.

19        121.    PNA denies the allegations contained in Paragraph 121 of the Complaint as they

20  relate to PNA and denies the remaining allegations for lack of knowledge or information

21  sufficient to form a belief as to the truth thereof.

22        122.    PNA denies the allegations contained in Paragraph 122 of the Complaint, including

23  its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or

24  information sufficient to form a belief as to the truth thereof.

25        123.    PNA denies the allegations contained in Paragraph 123 of the Complaint, including

26  its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or

27  information sufficient to form a belief as to the truth thereof.

28        124.    PNA denies the allegations contained in Paragraph 124 of the Complaint as they

15

relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## 2.   "Bilateral Discussions"

125.   PNA denies the allegations contained in Paragraph 125 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

126.   PNA denies the allegations contained in Paragraph 126 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

127.   PNA denies the allegations contained in Paragraph 127 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

128.   PNA denies the allegations contained in Paragraph 128 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

129.   PNA denies the allegations contained in Paragraph 129 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

130.   PNA denies the allegations contained in Paragraph 130 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## 3.   "Defendants' and Co-Conspirators' Participation in Group and Bilateral Discussions"

131.   PNA denies the allegations contained in Paragraph 131 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

132.   PNA denies the allegations contained in Paragraph 132 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

133.   PNA denies the allegations contained in Paragraph 133 of the Complaint as they

16

1    relate to PNA and denies the remaining allegations for lack of knowledge or information

2    sufficient to form a belief as to the truth thereof.

3           134.    PNA denies the allegations contained in Paragraph 134 of the Complaint as they

4    relate to PNA and denies the remaining allegations for lack of knowledge or information

5    sufficient to form a belief as to the truth thereof.

6           135.    PNA denies the allegations contained in Paragraph 135 of the Complaint as they

7    relate to PNA and denies the remaining allegations for lack of knowledge or information

8    sufficient to form a belief as to the truth thereof.

9           136.    PNA denies the allegations contained in Paragraph 136 of the Complaint as they

10   relate to PNA and denies the remaining allegations for lack of knowledge or information

11   sufficient to form a belief as to the truth thereof.

12          137.    PNA denies the allegations contained in Paragraph 137 of the Complaint in their

13   entirety.

14          138.    PNA denies the allegations contained in Paragraph 138 of the Complaint in their

15   entirety.

16          139.    PNA denies the allegations contained in Paragraph 139 of the Complaint in their

17   entirety.

18          140.    PNA denies the allegations contained in Paragraph 140 of the Complaint as they

19   relate to PNA and denies the remaining allegations for lack of knowledge or information

20   sufficient to form a belief as to the truth thereof.

21          141.    PNA denies the allegations contained in Paragraph 141 of the Complaint as they

22   relate to PNA and denies the remaining allegations for lack of knowledge or information

23   sufficient to form a belief as to the truth thereof.

24          142.    PNA denies the allegations contained in Paragraph 142 of the Complaint as they

25   relate to PNA and denies the remaining allegations for lack of knowledge or information

26   sufficient to form a belief as to the truth thereof.

27          143.    PNA denies the allegations contained in Paragraph 143 of the Complaint as they

28   relate to PNA and denies the remaining allegations for lack of knowledge or information

1  sufficient to form a belief as to the truth thereof.

2  144.    PNA denies the allegations contained in Paragraph 144 of the Complaint as they

3  relate to PNA and denies the remaining allegations for lack of knowledge or information

4  sufficient to form a belief as to the truth thereof.

5  145.    PNA denies the allegations contained in Paragraph 145 of the Complaint as they

6  relate to PNA and denies the remaining allegations for lack of knowledge or information

7  sufficient to form a belief as to the truth thereof.

8  146.    PNA denies the allegations contained in Paragraph 146 of the Complaint as they

9  relate to PNA and denies the remaining allegations for lack of knowledge or information

10  sufficient to form a belief as to the truth thereof.

11  147.    PNA denies the allegations contained in Paragraph 147 of the Complaint as they

12  relate to PNA and denies the remaining allegations for lack of knowledge or information

13  sufficient to form a belief as to the truth thereof.

14  148.    PNA denies the allegations contained in Paragraph 148 of the Complaint as they

15  relate to PNA and denies the remaining allegations for lack of knowledge or information

16  sufficient to form a belief as to the truth thereof.

17  149.    PNA denies the allegations contained in Paragraph 149 of the Complaint as they

18  relate to PNA and denies the remaining allegations for lack of knowledge or information

19  sufficient to form a belief as to the truth thereof.

20  150.    PNA denies the allegations contained in Paragraph 150 of the Complaint as they

21  relate to PNA and denies the remaining allegations for lack of knowledge or information

22  sufficient to form a belief as to the truth thereof.

23  151.    PNA denies the allegations contained in Paragraph 151 of the Complaint as they

24  relate to PNA and denies the remaining allegations for lack of knowledge or information

25  sufficient to form a belief as to the truth thereof.

26  **E.    "The CRT Market During the Conspiracy"**

27  152.    PNA denies the allegations contained in Paragraph 152 of the Complaint for lack

28  of knowledge or information sufficient to form a belief as to the truth thereof.

18

1      153.    PNA denies the allegations contained in Paragraph 153 of the Complaint for lack

2   of knowledge or information sufficient to form a belief as to the truth thereof.

3      154.    PNA denies the allegations contained in Paragraph 154 of the Complaint for lack

4   of knowledge or information sufficient to form a belief as to the truth thereof.

5      155.    PNA denies the allegations contained in Paragraph 155 of the Complaint in their

6   entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or

7   information sufficient to form a belief as to the truth thereof.

8      156.    PNA denies the allegations contained in Paragraph 156 of the Complaint for lack

9   of knowledge or information sufficient to form a belief as to the truth thereof.

10      157.    PNA denies the allegations contained in Paragraph 157 of the Complaint for lack

11   of knowledge or information sufficient to form a belief as to the truth thereof.

12      158.    PNA denies the allegations contained in Paragraph 158 of the Complaint for lack

13   of knowledge or information sufficient to form a belief as to the truth thereof.

14      159.    PNA denies the allegations contained in Paragraph 159 of the Complaint for lack

15   of knowledge or information sufficient to form a belief as to the truth thereof.

16      160.    PNA denies the allegations contained in Paragraph 160 of the Complaint for lack

17   of knowledge or information sufficient to form a belief as to the truth thereof.

18      161.    PNA denies the allegations contained in Paragraph 161 of the Complaint as they

19   relate to PNA and denies the remaining allegations for lack of knowledge or information

20   sufficient to form a belief as to the truth thereof.

21      162.    PNA denies the allegations contained in Paragraph 162 of the Complaint as they

22   relate to PNA and denies the remaining allegations for lack of knowledge or information

23   sufficient to form a belief as to the truth thereof.

24      163.    PNA denies the allegations contained in Paragraph 163 of the Complaint as they

25   relate to PNA and denies the remaining allegations for lack of knowledge or information

26   sufficient to form a belief as to the truth thereof.

27      164.    PNA denies the allegations contained in Paragraph 164 of the Complaint for lack

28   of knowledge or information sufficient to form a belief as to the truth thereof.

19

165.   PNA denies the allegations contained in Paragraph 165 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

F.   **"<u>International Government Antitrust Investigations</u>"**

166.   PNA denies the allegations contained in Paragraph 166 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around May 6, 2008, the Hungarian Competition Authority issued a press release concerning its initiation of a competition supervision proceeding in connection with an alleged conspiracy in the Hungarian market involving CRTs and respectfully refers the Court to that document for a review of its contents.

167.   PNA denies the allegations contained in Paragraph 167 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around February 10, 2009, the DOJ issued a press release concerning the indictment of an executive of Chunghwa Picture Tubes, Ltd., and respectfully refers the Court to that document for a review of its contents.

168.   PNA denies the allegations contained in Paragraph 168 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around August 19, 2009, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

169.   PNA denies the allegations contained in Paragraph 169 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, excepts admits that on or around March 30, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

170.   PNA denies the allegations contained in Paragraph 170 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around November 9, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

171.   PNA denies the allegations contained in Paragraph 171 of the Complaint for lack

20

1  of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

2  on or around March 18, 2011, the DOJ issued a press release concerning a plea agreement entered

3  into by a CDT industry participant and respectfully refers the Court to that document for a review

4  of its contents.

5       172.   PNA denies the allegations contained in Paragraph 172 of the Complaint for lack

6  of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

7  on or around December 5, 2012, the European Commission issued an announcement of certain

8  fines relating to the CRT industry and respectfully refers the Court to that document for a review

9  of its contents.

10      173.   PNA denies the allegations contained in Paragraph 173 of the Complaint as they

11  relate to PNA and denies the remaining allegations for lack of knowledge or information

12  sufficient to form a belief as to the truth thereof.

13      174.   PNA denies the allegations contained in Paragraph 174 of the Complaint as they

14  relate to PNA and denies the remaining allegations for lack of knowledge or information

15  sufficient to form a belief as to the truth thereof.

16      175.   PNA denies the allegations contained in Paragraph 175 of the Complaint for lack

17  of knowledge or information sufficient to form a belief as to the truth thereof.

18      176.   PNA denies the allegations contained in Paragraph 176 of the Complaint, except

19  admits that an alleged conspiracy concerning the TFT-LCD market is or was being investigated

20  by the DOJ, and by certain other international competition authorities, and that this investigation

21  was revealed on or around December 2006. PNA further avers that it is not a subject of these

22  investigations.

23      177.   PNA denies the allegations contained in Paragraph 177 of the Complaint for lack

24  of knowledge or information sufficient to form a belief as to the truth thereof.

25      178.   PNA denies the allegations contained in Paragraph 178 of the Complaint for lack

26  of knowledge or information sufficient to form a belief as to the truth thereof.

27      179.   PNA denies the allegations contained in Paragraph 179 of the Complaint for lack

28  of knowledge or information sufficient to form a belief as to the truth thereof.

21

180.   PNA denies the allegations contained in Paragraph 180 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**G.   "The Role of Trade Associations During the Relevant Period"**

181.   PNA denies the allegations contained in Paragraph 181 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

182.   PNA denies the allegations contained in Paragraph 182 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

183.   PNA denies the allegations contained in Paragraph 183 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

184.   PNA denies the allegations contained in Paragraph 184 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

185.   PNA denies the allegations contained in Paragraph 185 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**H.   "Effects of Defendants' Antitrust Violations"**

**1.   "Examples of Reductions in Manufacturing Capacity by Defendants"**

186.   The allegations contained in Paragraph 186 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.   To the extent that a response is required, PNA denies the allegations contained in Paragraph 186 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

187.   PNA denies the allegations contained in Paragraph 187 of the Complaint, except admits that MTPD's subsidiary in New York ceased operations in December 2004, and admits that a press release contained the phrases quoted in Paragraph 187 of the Complaint.

188.   PNA denies the allegations contained in Paragraph 188 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

189.   PNA denies the allegations contained in Paragraph 189 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except avers that it was announced on November 30, 2005, not in December 2005, that MTPD's American subsidiary in Ohio and German subsidiary would discontinue operations.

190.   PNA denies the allegations contained in Paragraph 190 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

191.   PNA denies the allegations contained in Paragraph 191 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the closure of Matsushita Malaysia was announced in July 2006.

### 2.   "Examples of Collusive Pricing for CRTs"

192.   PNA denies the allegations contained in Paragraph 192 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

193.   PNA denies the allegations contained in Paragraph 193 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

194.   PNA denies the allegations contained in Paragraph 194 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

195.   PNA denies the allegations contained in Paragraph 195 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

196.   PNA denies the allegations contained in Paragraph 196 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

197.   PNA denies the allegations contained in Paragraph 197 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

198.   PNA denies the allegations contained in Paragraph 198 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

199.   PNA denies the allegations contained in Paragraph 199 of the Complaint for lack

23

of knowledge or information sufficient to form a belief as to the truth thereof.

200.    PNA denies the allegations contained in Paragraph 200 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

201.    PNA denies the allegations contained in Paragraph 201 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### H.    "Summary Of Effects Of The Conspiracy Involving CRTs"

202.    PNA denies the allegations contained in Paragraph 202 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VII.    "TARGET'S INJURIES"

203.    PNA denies the allegations contained in Paragraph 203 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

204.    PNA denies the allegations contained in Paragraph 204 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

205.    The allegations contained in Paragraph 205 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

206.    PNA denies the allegations contained in Paragraph 206 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

207.    The allegations contained in Paragraph 207 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 207 of the Complaint for

24

1    lack of knowledge or information sufficient to form a belief as to the truth thereof.

2            208.    PNA denies the allegations contained in Paragraph 208 of the Complaint as they

3    relate to PNA and denies the remaining allegations for lack of knowledge or information

4    sufficient to form a belief as to the truth thereof.

5            209.    PNA denies the allegations contained in Paragraph 209 of the Complaint as they

6    relate to PNA and denies the remaining allegations for lack of knowledge or information

7    sufficient to form a belief as to the truth thereof.

8    **IX.    "FRAUDULENT CONCEALMENT"**

9            210.    PNA denies the allegations contained in Paragraph 210 of the Complaint as they

10   relate to PNA and denies the remaining allegations for lack of knowledge or information

11   sufficient to form a belief as to the truth thereof.

12           211.    PNA denies the allegations contained in Paragraph 211 of the Complaint as they

13   relate to PNA and denies the remaining allegations for lack of knowledge or information

14   sufficient to form a belief as to the truth thereof.

15           212.    PNA denies the allegations contained in Paragraph 212 of the Complaint as they

16   relate to PNA and denies the remaining allegations for lack of knowledge or information

17   sufficient to form a belief as to the truth thereof.

18           213.    PNA denies the allegations contained in Paragraph 213 of the Complaint as they

19   relate to PNA and denies the remaining allegations for lack of knowledge or information

20   sufficient to form a belief as to the truth thereof.

21           214.    PNA denies the allegations contained in Paragraph 214 of the Complaint as they

22   relate to PNA and denies the remaining allegations for lack of knowledge or information

23   sufficient to form a belief as to the truth thereof.

24           215.    PNA denies the allegations contained in Paragraph 215 the Complaint as they

25   relate to PNA and denies the remaining allegations for lack of knowledge or information

26   sufficient to form a belief as to the truth thereof.

27           216.    PNA denies the allegations contained in Paragraph 216 of the Complaint as they

28   relate to PNA and denies the remaining allegations for lack of knowledge or information

sufficient to form a belief as to the truth thereof.

217.   PNA denies the allegations contained in Paragraph 217 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

218.   PNA denies the allegations contained in Paragraph 218 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

219.   PNA denies the allegations contained in Paragraph 219 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

220.   PNA denies the allegations contained in Paragraph 220 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

221.   PNA denies the allegations contained in Paragraph 221 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

222.   PNA denies the allegations contained in Paragraph 222 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## IX.   "*AMERICAN PIPE*, GOVERNMENT ACTION AND CROSS-JURISDICTIONAL TOLLING"

223.   PNA incorporates and realleges its responses to Paragraphs 181-195 above, as if fully set forth herein.  The allegations contained in Paragraph 223 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 223 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

224.    The allegations contained in Paragraph 224 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 224 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

225.    The allegations contained in Paragraph 225 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 225 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## X.    "CLAIM FOR VIOLATIONS"

### "First Claim for Relief"

### "(Violation of Section 1 of the Sherman Act)"

226.    PNA incorporates and realleges its responses to Paragraphs 1-225 above, as if fully set forth herein.

227.    The allegations contained in Paragraph 227 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 227 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

228.    PNA denies the allegations contained in Paragraph 228 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

229.    PNA denies the allegations contained in Paragraph 229 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

230.    PNA denies the allegations contained in Paragraph 230 of the Complaint as they

relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

231.    PNA denies the allegations contained in Paragraph 231 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

232.    PNA denies the allegations contained in Paragraph 232 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## "Second Claim for Relief"

## "(Violation of the California Cartwright Act)"

233.    PNA incorporates and realleges its responses to Paragraphs 1-232 above, as if fully set forth herein.

234.    The allegations contained in Paragraph 234 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 234 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

235.    The allegations contained in Paragraph 235 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 235 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

236.    The allegations contained in Paragraph 236 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 236 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

237.    The allegations contained in Paragraph 237 of the Complaint constitute legal

28

contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 237 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

238.   PNA denies the allegations contained in Paragraph 238 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

239.   PNA denies the allegations contained in Paragraph 239 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

240.   PNA denies the allegations contained in Paragraph 240 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

241.   The allegations contained in Paragraph 241 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 241 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### "Third Claim for Relief"

### "(Violation of State Antitrust and Unfair Competition Laws)"

242.   PNA incorporates and realleges its responses to Paragraphs 1-241 above, as if fully set forth herein.

243.   The allegations contained in Paragraph 243 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 243 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

244.   PNA denies the allegations contained in Paragraph 244 of the Complaint as they

29

relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

245.     PNA denies the allegations contained in Paragraph 245 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

246.     PNA denies the allegations contained in Paragraph 246 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

247.     PNA denies the allegations contained in Paragraph 247 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

248.     The allegations contained in Paragraph 248 of the Complaint, including its subparts, constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 248 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

249.     The allegations contained in Paragraph 249 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 249 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

250.     The allegations contained in Paragraph 250 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 250 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

251.     The allegations contained in Paragraph 251 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is

30

required, PNA denies the allegations contained in Paragraph 251 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

252.   The allegations contained in Paragraph 252 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 252 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

253.   The allegations contained in Paragraph 253 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 253 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

254.   The allegations contained in Paragraph 254 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 254 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

255.   The allegations contained in Paragraph 255 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 255 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

256.   The allegations contained in Paragraph 256 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 256 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

31

257.   The allegations contained in Paragraph 257 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 257 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

258.   The allegations contained in Paragraph 258 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 258 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## XI.   **"PRAYER FOR RELIEF"**

PNA denies that Plaintiff suffered any injury or incurred any damages by any act or omission of PNA as alleged in the Complaint, and further denies that Plaintiff are entitled to any relief under any theory by means of the allegations set forth in each of the paragraphs and their subparts in the Complaint.

## XII.   **"JURY TRIAL DEMAND"**

The allegations contained under the heading "Jury Trial Demand" contain no factual assertions for which a response is required.  To the extent that a response is required, PNA denies the allegations contained under the heading "Jury Trial Demand" in their entirety, except admits that Plaintiff demands a trial by jury.

### DEFENSES

FURTHER, PNA asserts the following defenses and affirmative defenses to the Complaint.  PNA does not concede that it has the burden of proof as to any of the defenses listed below:

### FIRST DEFENSE

(Failure to State a Claim for Relief)

Neither Plaintiff's Complaint nor any claim for relief asserted therein states facts sufficient to constitute a claim for relief against PNA.

1

## SECOND DEFENSE

2

(Statute of Limitations)

3      The relief sought by Plaintiff is barred, in whole or in part, by the applicable

4  statutes of limitations.

5

## THIRD DEFENSE

6

(Actual and Proximate Injury)

7      The relief sought by Plaintiff is barred, in whole or in part, because the Plaintiff

8  was not actually and proximately injured in their business or property by reason of any action(s)

9  or omission(s) of PNA.

10

## FOURTH DEFENSE

11

(No Damages)

12      The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

13  suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent

14  that Plaintiff purportedly suffered injury or damage, which PNA specifically denies, PNA further

15  contends that any such purported injury or damage was not by reason of any act or omission of

16  PNA.

17

## FIFTH DEFENSE

18

(No Antitrust Injury)

19      The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

20  failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to

21  remedy.

22

## SIXTH DEFENSE

23

(Speculative Damages)

24      The relief sought by Plaintiff is barred, in whole or in part, because the alleged

25  damages sought are too speculative and uncertain, and because of the impossibility of the

26  ascertainment and allocation of such alleged damages.

27

## SEVENTH DEFENSE

28

(Mitigation)

33

1    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

2 failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

3                                    **EIGHTH DEFENSE**

4                      (Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

5    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

6 failed to allege fraud or fraudulent concealment with sufficient particularity.

7                                    **NINTH DEFENSE**

8                          (Failure to Plead Conspiracy with Particularity)

9    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

10 failed to allege conspiracy with sufficient particularity.

11                                    **TENTH DEFENSE**

12                        (Lack of Standing to Sue for Injuries Alleged)

13    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff lacks

14 standing to sue for the injuries alleged in the complaint.  To the extent that Plaintiff purchased

15 products containing CRTs, as opposed to CRTs themselves, its alleged injuries are even more

16 speculative, derivative, indirect, and remote.  Plaintiff's damage claims create an impermissible

17 risk of duplicative recoveries and complex damage apportionment.

18                                    **ELEVENTH DEFENSE**

19                                        (Due Process)

20    To the extent Plaintiff's claims would result in PNA paying damages to more than

21 one claimant for the same alleged overcharges to customers, they are barred because such

22 multiple liability would violate rights guaranteed to PNA by the United States Constitution,

23 including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth

24 Amendment, and by applicable state law.

25                                    **TWELFTH DEFENSE**

26                                (Other/Superseding Causation)

27

28

34

1    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's

2  damages, if any, resulted from the acts or omissions of third parties over whom PNA had no

3  control or responsibility.  The acts of such third parties constitute intervening or superseding cases

4  of harm, if any, suffered by Plaintiff.

**THIRTEENTH DEFENSE**

(Waiver and Estoppel)

7    The relief sought by Plaintiff is barred, in whole or in part, by the doctrines of

8  waiver and/or estoppel.

**FOURTEENTH DEFENSE**

(Laches)

11    The relief sought by Plaintiff is barred, in whole or in part, by the equitable

12  doctrine of laches.

**FIFTEENTH DEFENSE**

(Unclean Hands)

15    The relief sought by Plaintiff is barred, in whole or in part, by the equitable

16  doctrine of unclean hands.

**SIXTEENTH DEFENSE**

(Unjust Enrichment)

19    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff would

20  be unjustly enriched if they were allowed to recover any part of the damages alleged in the

21  Complaint.

**SEVENTEENTH DEFENSE**

(Adequate Remedy at Law)

24    The equitable relief sought by Plaintiff is barred, in whole or in part, because

25  Plaintiff has available an adequate remedy at law.

**EIGHTEENTH DEFENSE**

(Comparative Fault)

28    The relief sought by Plaintiff is barred, in whole or in part, because any and all

35

injuries alleged in the Complaint, the fact and extent of which PNA specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than PNA.

## NINETEENTH DEFENSE

### (Acquiescence)

The relief sought by Plaintiff is barred, in whole or in part, by Plaintiff's acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to PNA.

## TWENTIETH DEFENSE

### (No Detrimental Reliance)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

## TWENTY-FIRST DEFENSE

### (Set Off)

Without admitting that Plaintiff is entitled to recover damages in this matter, PNA is entitled to set off from any recovery Plaintiff may obtain against PNA, any amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

## TWENTY-SECOND DEFENSE

### (Failure to State a Claim for Injunctive Relief)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

## TWENTY-THIRD DEFENSE

### (Lack of Jurisdiction)

The relief sought by Plaintiff is barred, in whole or in part, because any alleged conduct of PNA occurred outside of the jurisdiction of the Court.

## TWENTY-FOURTH DEFENSE

### (Foreign Trade Antitrust Improvements Act)

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S
ANSWER TO TARGET'S SECOND AMENDED COMPLAINT

Case No. 07-5944 SC
MDL No. 1917

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to make a single specific allegation to support the claim that the alleged conduct had "a direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a.

### TWENTY-FIFTH DEFENSE

#### (Foreign Conduct)

Plaintiff's claims are barred to the extent that they are based on conduct beyond the territorial reach of the laws or courts of the United States.

### TWENTY-SIXTH DEFENSE

#### (Damages Not Passed Through To Plaintiff)

The relief sought by Plaintiff is barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiff, or was incurred by or passed on to persons or entities other than Plaintiff.

### TWENTY-SEVENTH DEFENSE

#### (Damages Passed On)

The relief sought by Plaintiff is barred, in whole or in part, because any injury or damage alleged in the Complaint, which PNA specifically denies, was passed on to persons or entities other than the Plaintiff and/or was passed on by Plaintiff to other parties.

### TWENTY-EIGHTH DEFENSE

#### (No Unreasonable Restraint Of Trade)

The relief sought by Plaintiff is barred, in whole or in part, because the alleged conduct of PNA did not unreasonably restrain trade.

### TWENTY-NINTH DEFENSE

#### (Acts Outside The Jurisdiction)

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S
ANSWER TO TARGET'S SECOND AMENDED COMPLAINT

Case No. 07-5944 SC
MDL No. 1917

1    The relief sought by Plaintiff is barred, in whole or in part, to the extent PNA's

2 alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor

3 affected persons, entities, or commerce in the various States cited.

### THIRTIETH DEFENSE

(Restitution Unmanageable And Inequitable)

6    The relief sought by Plaintiff is barred, in whole or in part, to the extent the

7 restitution sought in the Complaint is unmanageable and inequitable.

### THIRTY-FIRST DEFENSE

(Lack of Standing as Indirect Purchasers)

10    The relief sought by Plaintiff is barred, in whole or in part, to the extent the various

11 States cited have not repealed the *Illinois Brick* doctrine.

### THIRTY-SECOND DEFENSE

(Claims Barred)

14    The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff

15 has failed to exhaust all remedies against PNA.

### THIRTY-THIRD DEFENSE

(Private Claim Cannot Be Brought In A Representative Capacity)

18    The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff

19 bring any claims in a representative capacity, to the extent a private claim may not be brought in a

20 representative capacity under the laws of various states.

### THIRTY-FOURTH DEFENSE

(Goods Not Purchased Primarily For Personal, Family, or Household Purposes)

23    The relief sought by Plaintiff is barred, in whole or in part, to the extent that any Plaintiff

24 did not purchase goods primarily for personal, family, or household purposes.

### THIRTY-FIFTH DEFENSE

(Independent, Legitimate Business and Economic Justification)

27

28

The relief sought by Plaintiff is barred, in whole or in part, because any conduct engaged in by PNA was reasonable and based on independent, legitimate business and economic justification.

### THIRTY-SIXTH DEFENSE

(Attorneys' Fees)

Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is not allowed under applicable federal or state law.

### THIRTY-SEVENTH DEFENSE

(Lack of Sufficient Contacts to States)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's claims lack sufficient contacts to the states under whose laws they are brought, in violation of rights guaranteed to PNA by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by other applicable state and federal law.

### INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES

PNA hereby incorporates by reference, as if set forth fully herein, all other defenses and affirmative defenses to the Complaint alleged by any other defendant.   PNA presently has insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, defenses.   PNA reserves the right to assert other defenses and affirmative defenses as this action proceeds, the right to file an amended answer asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event that discovery indicates that such pleadings are appropriate.

WHEREFORE, PNA prays for judgment as follows:

1. That Plaintiff take nothing under the Complaint, and the Complaint be dismissed with prejudice;

2. That judgment be entered in favor of PNA and against Plaintiff on each and every cause of action set forth in the Complaint;

3. That PNA recover its costs of suit and attorneys' fees incurred herein; and

39

1              4.       That PNA be granted such other and further relief as the Court deems just

2         and proper.

3

4 Dated: November 4, 2013              By: ___*/s/ David L. Yohai*_____

5                          DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com

6                          ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com

7                          DAVID E. YOLKUT (*pro hac vice*)
E-mail: david.yolkut@weil.com

8                          **WEIL, GOTSHAL & MANGES LLP**

9                          767 Fifth Avenue
New York, New York 10153-0119

10                          Telephone: (212) 310-8000
Facsimile: (212) 310-8007

11

12                          GREGORY D. HULL (57367)
E-mail: greg.hull@weil.com

13                          **WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway

14                          Redwood Shores, California 94065-1175
Telephone: (650) 802-3000

15                          Facsimile: (650) 802-3100

16                          JEFFREY L. KESSLER (*pro hac vice*)
E-mail: jkessler@winston.com

17                          A. PAUL VICTOR (*pro hac vice*)
E-mail: pvictor@winston.com

18                          ALDO A. BADINI (257086)
E-mail: abadini@winston.com

19                          EVA W. COLE (*pro hac vice*)
E-mail: ewcole@winston.com

20                          MOLLY M. DONOVAN (*pro hac vice*)
E-mail: mmdonovan@winston.com

21                          **WINSTON & STRAWN LLP**

22                          200 Park Avenue
New York, New York 10166-4193

23                          Telephone: (212) 294-4692

24                          Facsimile: (212) 294-4700

25                          ***Attorneys for Defendant Panasonic Corporation of***

26                          ***North America***

27

28

1   DAVID L. YOHAI (*pro hac vice*)
    ADAM C. HEMLOCK (*pro hac vice*)
2   DAVID E. YOLKUT (*pro hac vice*)
    **WEIL, GOTSHAL & MANGES LLP**
3   767 Fifth Avenue
    New York, New York 10153-0119
4   Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
5   E-mail: david.yohai@weil.com

6   GREGORY D. HULL (57367)
    **WEIL, GOTSHAL & MANGES LLP**
7   201 Redwood Shores Parkway
    Redwood Shores, California 94065-1175
8   Telephone: (650) 802-3000
    Facsimile: (650) 802-3100
9   E-mail: greg.hull@weil.com

10  JEFFREY L. KESSLER (*pro hac vice*)
    A. PAUL VICTOR (*pro hac vice*)
11  ALDO A. BADINI (257086)
    EVA W. COLE (*pro hac vice*)
12  MOLLY M. DONOVAN (*pro hac vice*)
    **WINSTON & STRAWN LLP**
13  200 Park Avenue
    New York, New York 10166-4193
14  Telephone: (212) 294-6700
    Facsimile: (212) 294-4700
15  E-mail: jkessler@winston.com

16
    *Attorneys for Defendants Panasonic Corporation,*
17  *Panasonic Corporation of North America, and*
    *Matsushita Toshiba Picture Display Co., Ltd.*
18

19                **UNITED STATES DISTRICT COURT**

20              **NORTHERN DISTRICT OF CALIFORNIA**

21                 **SAN FRANCISCO DIVISION**

22  **In re: CATHODE RAY TUBE (CRT)**
    **ANTITRUST LITIGATION**                  No.: 07-5944 SC
23                                            MDL NO. 1917

24  _____
    This Document Relates to:                **CERTIFICATE OF SERVICE**
25
    TARGET CORP. ACTION
26  11-cv-05514

27

28

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Weil, Gotshal & Manges LLP, whose address is 767 Fifth Avenue, New York, New York 10153. I am not a party to the within cause, and I am over the age of eighteen years. I further declare that on November 4, 2013, I served a copy of:

**DEFENDANT PANASONIC CORPORATION'S ANSWER TO TARGET CORPORATIONS'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEFENDANT MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.'S ANSWER TO TARGET CORPORATION'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; AND DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER TO TARGET CORPORATION'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

☒ **BY ELECTRONIC FILING** by serving a true copy on this date of each document listed above via the Court's ECF Document Filing System on all interested parties registered for electronic filing in this action.

Executed on November 4, 2013 at New York, New York. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Lara E. Veblen

Certificate of Service
Individual Case No. 11-cv-05514

Case No. 07-5944 SC
MDL NO. 1917