1   DAVID L. YOHAI (*pro hac vice*)
    ADAM C. HEMLOCK (*pro hac vice*)
2   DAVID E. YOLKUT (*pro hac vice*)
    **WEIL, GOTSHAL & MANGES LLP**
3   767 Fifth Avenue
    New York, New York 10153-0119
4   Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
5   E-mail: david.yohai@weil.com

6   GREGORY D. HULL (57367)
    **WEIL, GOTSHAL & MANGES LLP**
7   201 Redwood Shores Parkway
    Redwood Shores, California 94065-1175
8   Telephone: (650) 802-3000
    Facsimile: (650) 802-3100
9   E-mail: greg.hull@weil.com

10  JEFFREY L. KESSLER (*pro hac vice*)
    A. PAUL VICTOR (*pro hac vice*)
11  ALDO A. BADINI (257086)
    EVA W. COLE (*pro hac vice*)
12  MOLLY M. DONOVAN (*pro hac vice*)
    **WINSTON & STRAWN LLP**
13  200 Park Avenue
    New York, New York 10166-4193
14  Telephone: (212) 294-6700
    Facsimile: (212) 294-4700
15  E-mail: jkessler@winston.com

16  *Attorneys for Defendant Panasonic Corporation of North America*

17

18              **IN THE UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
19                    **SAN FRANCISCO DIVISION**

20
    **In re: CATHODE RAY TUBE (CRT)**          **Case No. 07-5944 SC**
21  **ANTITRUST LITIGATION**                   **MDL No. 1917**

22                                             **DEFENDANT PANASONIC**
                                               **CORPORATION OF NORTH**
23                                             **AMERICA'S ANSWER TO TWEETER'S**
    This Document Relates to:                  **FIRST AMENDED COMPLAINT**
24
    TWEETER ACTION
25  12-cv-02649

26

27

28

---

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S          Case No. 07-5944 SC
ANSWER TO TWEETER'S FIRST AMENDED COMPLAINT                 MDL No. 1917

1    Defendant PANASONIC CORPORATION OF NORTH AMERICA ("PNA"), by and

2  through its attorneys, answers the allegations set forth in the First Amended Complaint filed on

3  October 3, 2013 (the "Complaint") by plaintiff Schultze Agency Services, LLC on behalf of

4  Tweeter Opco, LLC and Tweeter Newco, LLC ("Plaintiff"), and alleges additional or affirmative

5  defenses as follows.   To the extent not specifically admitted herein, all allegations of the

6  Complaint are denied.   Furthermore, the section headings included herein are included only for

7  purposes of clarity and organization, and PNA does not admit, but rather hereby specifically

8  denies, any factual or legal allegations contained in the headings used in the Complaint.

9  **I.    "INTRODUCTION"**

10    1.    PNA denies the allegations contained in Paragraph 1 of the Complaint as they

11  relate to PNA and denies the remaining allegations for lack of knowledge or information

12  sufficient to form a belief as to the truth thereof.

13    2.    The allegations contained in Paragraph 2 of the Complaint constitute

14  characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

15  required.   To the extent that a response is required, PNA denies all of the allegations, except

16  admits that color display tubes ("CDTs") can be used in computer monitors and certain other

17  specialized applications, admits that color picture tubes ("CPTs") can be used in televisions,

18  admits that CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various

19  times certain affiliates of PNA manufactured some CRTs and some products containing CRTs.

20    3.    PNA denies the allegations contained in Paragraph 3 of the Complaint as they

21  relate to PNA and denies the remaining allegations for lack of knowledge or information

22  sufficient to form a belief as to the truth thereof.

23    4.    PNA denies the allegations contained in Paragraph 4 of the Complaint as they

24  relate to PNA and denies the remaining allegations for lack of knowledge or information

25  sufficient to form a belief as to the truth thereof.

26    5.    PNA denies the allegations contained in Paragraph 5 of the Complaint as they

27  relate to PNA and denies the remaining allegations for lack of knowledge or information

28  sufficient to form a belief as to the truth thereof.

6.    PNA denies the allegations contained in Paragraph 6 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7.    PNA denies the allegations contained in Paragraph 7 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8.    PNA denies the allegations contained in Paragraph 8 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by the United States Department of Justice ("DOJ"), and by certain foreign competition authorities, and that it has been publicly reported that individuals have been indicted in connection with the DOJ investigation.

9.    PNA denies the allegations contained in Paragraph 9 of the Complaint as they relate to PNA, except admits that at various times it sold some products containing CRTs to Plaintiff or its affiliates.   PNA denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## II.    "JURISDICTION AND VENUE"

10.    PNA denies the allegations contained in Paragraph 10 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to the federal statutes identified therein and seek the relief sought therein.

11.    PNA denies the allegations contained in Paragraph 11 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to the state statute identified therein and seek the relief sought therein.

12.    The allegations contained in Paragraph 12 of the Complaint include legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiff purports to base subject matter jurisdiction on the federal statutes identified therein.

13.    PNA denies the allegations contained in Paragraph 13 of the Complaint as they

2

relate to PNA, except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

14.     The allegations contained in Paragraph 14 of the Complaint regarding jurisdiction include legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA, except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15.     The allegations contained in Paragraph 15 of the Complaint regarding venue include legal contentions and/or conclusions to which no responsive pleading required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA, except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

III.    **"PARTIES"**

    A.    **"Plaintiff"**

16.     PNA denies the allegations contained in Paragraph 16 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17.     PNA denies the allegations contained in Paragraph 17 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

18.     PNA denies the allegations contained in Paragraph 18 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19.     PNA denies the allegations contained in Paragraph 19 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20.     PNA denies the allegations contained in Paragraph 20 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

21.     PNA denies the allegations contained in Paragraph 21 of the Complaint as they

relate to PNA, except admits that PNA sold some products containing CRTs to Plaintiff or its affiliates.  PNA denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22.     PNA denies the allegations contained in Paragraph 22 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**B.     "Defendants"**

**1.     "Hitachi Entities"**

23.     PNA denies the allegations contained in Paragraph 23 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24.     PNA denies the allegations contained in Paragraph 24 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25.     PNA denies the allegations contained in Paragraph 25 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26.     PNA denies the allegations contained in Paragraph 26 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

27.     PNA denies the allegations contained in Paragraph 27 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28.     PNA denies the allegations contained in Paragraph 28 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

29.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 29 of the Complaint collectively as "Hitachi."

**2.     "IRICO Entities"**

30.     PNA denies the allegations contained in Paragraph 30 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

31.     PNA denies the allegations contained in Paragraph 31 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

32.     PNA denies the allegations contained in Paragraph 32 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 33 of the Complaint collectively as "IRICO."

### 3.     "LG Electronics Entities"

34.     PNA denies the allegations contained in Paragraph 34 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

35.     PNA denies the allegations contained in Paragraph 35 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

36.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 36 of the Complaint collectively as "LG Electronics."

### 4.     "LP Displays"

37.     PNA denies the allegations contained in Paragraph 37 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 5.     "Panasonic Entities"

38.     PNA denies the allegations contained in Paragraph 38 of the Complaint in their entirety, except admits that Panasonic Corporation ("Panasonic") is a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 38, and that it was known as Matsushita Electric Industrial Co., Ltd. ("MEI") prior to October 1, 2008.  PNA further admits that certain affiliates of Panasonic sold some products containing CRTs in the United States during the purported Relevant Period.

39.     PNA denies the allegations contained in Paragraph 39 of the Complaint in their entirety, except admits that PNA is a Delaware corporation with its principal place of business formerly located at the address listed in Paragraph 39.  PNA avers that its principal place of business is now located at Two Riverfront Plaza, Newark, New Jersey, 07102.  PNA further admits that PNA is a wholly-owned subsidiary of Panasonic.  PNA further admits that it sold some products containing CRTs in the United States during the purported Relevant Period.

40.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 40 of the Complaint collectively as "Panasonic."

41.     PNA denies the allegations contained in Paragraph 41 of the Complaint in their

5

entirety, except admits that MT Picture Display Co., Ltd., f/k/a/ Matsushita Toshiba Picture Display Co., Ltd. ("MTPD") was a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 41.  PNA further admits that MTPD was established as a joint venture between Panasonic and Toshiba Corporation ("Toshiba"), but avers that MTPD was formed in 2003, not 2002.  PNA further admits that Panasonic held 64.5% of MTPD at the time MTPD was formed in 2003.  PNA further admits that Panasonic acquired Toshiba's 35.5% interest in MTPD on March 30, 2007, that MTPD became a wholly-owned subsidiary of Panasonic, and that MTPD was renamed.  PNA further admits that certain affiliates of MTPD sold CRTs in the United States during the purported Relevant Period.

42.    PNA denies the allegations contained in Paragraph 42 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is a Chinese entity with its headquarters in Beijing, China at the address listed in Paragraph 42.  PNA further admits that BMCC is a joint venture formed in 1987, and further admits that MTPD at one time had a 50% equity ownership interest in BMCC.

### 6.    "Philips Entities"

43.    PNA denies the allegations contained in Paragraph 43 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

44.    PNA denies the allegations contained in Paragraph 44 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

45.    PNA denies the allegations contained in Paragraph 45 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

46.    PNA denies the allegations contained in Paragraph 46 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

47.    PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 47 of the Complaint collectively as "Philips."

### 7.    "Samsung Entities"

48.    PNA denies the allegations contained in Paragraph 48 of the Complaint for lack of

6

1    knowledge or information sufficient to form a belief as to the truth thereof.

2         49.    PNA denies the allegations contained in Paragraph 49 of the Complaint for lack of

3    knowledge or information sufficient to form a belief as to the truth thereof.

4         50.    PNA denies the allegations contained in Paragraph 50 of the Complaint for lack of

5    knowledge or information sufficient to form a belief as to the truth thereof.

6         51.    PNA denies the allegations contained in Paragraph 51 of the Complaint for lack of

7    knowledge or information sufficient to form a belief as to the truth thereof.

8         52.    PNA denies the allegations contained in Paragraph 52 of the Complaint for lack of

9    knowledge or information sufficient to form a belief as to the truth thereof.

10        53.    PNA denies the allegations contained in Paragraph 53 of the Complaint for lack of

11   knowledge or information sufficient to form a belief as to the truth thereof.

12        54.    PNA denies the allegations contained in Paragraph 54 of the Complaint for lack of

13   knowledge or information sufficient to form a belief as to the truth thereof.

14        55.    PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 55

15   of the Complaint collectively as "Samsung."

16             **8.    "Samtel"**

17        56.    PNA denies the allegations contained in Paragraph 56 of the Complaint for lack of

18   knowledge or information sufficient to form a belief as to the truth thereof.

19             **9.    "Thai CRT"**

20        57.    PNA denies the allegations contained in Paragraph 57 of the Complaint for lack of

21   knowledge or information sufficient to form a belief as to the truth thereof.

22             **10.    "Toshiba Entities"**

23        58.    PNA denies the allegations contained in Paragraph 58 of the Complaint in their

24   entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

25   except admits that Panasonic entered into a joint venture with Toshiba to form MTPD, but avers

26   that MTPD was formed in 2003, not 2002.

27        59.    PNA denies the allegations contained in Paragraph 59 of the Complaint for lack of

28   knowledge or information sufficient to form a belief as to the truth thereof.

7

1      60.     PNA denies the allegations contained in Paragraph 60 of the Complaint for lack of
2  knowledge or information sufficient to form a belief as to the truth thereof.

3      61.     PNA denies the allegations contained in Paragraph 61 of the Complaint for lack of
4  knowledge or information sufficient to form a belief as to the truth thereof.

5      62.     PNA denies the allegations contained in Paragraph 62 of the Complaint for lack of
6  knowledge or information sufficient to form a belief as to the truth thereof.

7      63.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 63
8  of the Complaint collectively as "Toshiba."

9              **11.    "Chunghwa Entities"**

10     64.     PNA denies the allegations contained in Paragraph 64 of the Complaint for lack of
11  knowledge or information sufficient to form a belief as to the truth thereof.

12     65.     PNA denies the allegations contained in Paragraph 65 of the Complaint for lack of
13  knowledge or information sufficient to form a belief as to the truth thereof.

14     66.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 66
15  of the Complaint collectively as "Chunghwa."

16  **IV.    "AGENTS AND CO-CONSPIRATORS"**

17     67.     PNA denies the allegations contained in Paragraph 67 of the Complaint as they
18  relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or
19  information sufficient to form a belief as to the truth thereof.

20     68.     PNA denies the allegations contained in Paragraph 68 of the Complaint as they
21  relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or
22  information sufficient to form a belief as to the truth thereof.

23     69.     The allegations contained in Paragraph 69 of the Complaint constitute legal
24  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a
25  response is required, PNA denies the allegations in their entirety for lack of knowledge or
26  information sufficient to form a belief as to the truth thereof.  PNA avers that the entity formerly
27  known as Matsushita Electronic Corporation (Malaysia) Sdn. Bhd. ("Matsushita Malaysia") was
28  dissolved on October 8, 2007.

8

70.     PNA denies the allegations contained in Paragraph 70 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

71.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 71 of the Complaint collectively as "Daewoo."

72.     PNA denies the allegations contained in Paragraph 72 of the Complaint in its entirety, except admits that Matsushita Malaysia was a Malaysian entity that had an office located at the address listed in Paragraph 72 in Shah Alam, Malaysia, and was a direct subsidiary of Panasonic Corporation from 2001 until 2003, operating as Matsushita Display Devices (Malaysia) Sdn. Bhd., and operated as a wholly-owned subsidiary of MTPD.  PNA avers that the entity formerly known as Matsushita Malaysia was dissolved on October 8, 2007.

73.     PNA denies the allegations contained in Paragraph 73 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred to MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia.  PNA further avers that PT.MT Picture Display Indonesia discontinued its production on September 13, 2007, and was dissolved on September 28, 2007.

74.     PNA denies the allegations contained in Paragraph 74 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was transferred to MTPD in 2003 and changed its name to MT Picture Display (Thailand) Co., Ltd. ("MTPDT"), but denies that MTPDT was a wholly-owned subsidiary of MTPD.  PNA further avers that MTPDT passed a resolution of dissolution on May 13, 2009, and is now dissolved.

75.     PNA denies the allegations contained in Paragraph 75 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

V.     "TRADE AND COMMERCE"

76.     PNA denies the allegations contained in Paragraph 76 of the Complaint as they relate to PNA, except admits that PNA sold some products containing CRTs in the United States

9

during the purported Relevant Period, and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

77.     PNA denies the allegations contained in Paragraph 77 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

78.     PNA denies the allegations contained in Paragraph 78 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VI.   "<u>FACTUAL ALLEGATIONS</u>"

### A.   "<u>CRT Technology</u>"

79.     The allegations contained in Paragraph 79 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that the CRT is a specialized vacuum tube in which images are produced when an electron beam strikes a phosphorescent surface, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

80.     The allegations contained in Paragraph 80 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that CRT technology was used in making tubes for televisions in the 1990's, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

81.     The allegations contained in Paragraph 81 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that a lower quality CRT produces a poor display, but otherwise denies the allegations contained in Paragraph 81 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

82.     The allegations contained in Paragraph 82 of the Complaint constitute characterizations of Plaintiff's Complaint to which no responsive pleading is required.  To the

10

extent that a response is required, PNA admits that CRT production was refined over time, but otherwise denies the allegations contained in Paragraph 82 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

83.     The allegations contained in Paragraph 83 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that CDTs and CPTs are types of CRTs, admits that CDTs can be used in computer monitors and certain other specialized applications, and admits that CPTs can be used in televisions, but denies the allegations contained in Paragraph 83 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

84.     The allegations contained in Paragraph 84 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 84 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

85.     The allegations contained in Paragraph 85 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 85 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

86.     PNA denies the allegations contained in Paragraph 86 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

87.     PNA denies the allegations contained in Paragraph 87 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

88.     PNA denies the allegations contained in Paragraph 88 of the Complaint.

**B.     "<u>Structure of the CRT Industry</u>"**

89.     PNA denies the allegations contained in Paragraph 89 of the Complaint.

11

1

          **1.**    **"Market Concentration"**

2

          90.    PNA denies the allegations contained in the second sentence of Paragraph 90 of the

3

Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof,

4

and denies the remaining allegations in their entirety.

5

          **2.**    **"Information Sharing"**

6

          91.    PNA denies the allegations contained in Paragraph 91 of the Complaint as they

7

relate to PNA and denies the remaining allegations for lack of knowledge or information

8

sufficient to form a belief as to the truth thereof.

9

          92.    PNA denies the allegations contained in Paragraph 92 of the Complaint as they

10

relate to PNA and denies the remaining allegations for lack of knowledge or information

11

sufficient to form a belief as to the truth thereof.

12

          **3.**    **"Consolidation"**

13

          93.    PNA denies the allegations contained in Paragraph 93 of the Complaint as they

14

relate to PNA, except admits that a merger between Toshiba and Panasonic's CRT businesses

15

resulted in the creation of MTPD, and denies the remaining allegations for lack of knowledge or

16

information sufficient to form a belief as to the truth thereof.  PNA avers that MTPD was created

17

in 2003, not 2002.

18

          **4.**    **"Multiple Interrelated Business Relationships"**

19

          94.    PNA denies the allegations contained in Paragraph 94 of the Complaint.

20

          95.    PNA denies the allegations contained in Paragraph 95 of the Complaint, and its

21

subparts, for lack of knowledge or information sufficient to form a belief as to the truth thereof,

22

with the exception that Toshiba and Panasonic formed a CRT joint venture, MTPD, in 2003, and

23

that Toshiba and Panasonic formed a joint venture to manufacture TFT-LCD panels.

24

          **5.**    **"High Costs of Entry Into the Industry"**

25

          96.    PNA denies the allegations contained in Paragraph 96 of the Complaint for lack of

26

knowledge or information sufficient to form a belief as to the truth thereof.

27

          97.    PNA denies the allegations contained in the first sentence of Paragraph 97 of the

28

Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof,

12

1 | and denies the remaining allegations in their entirety.

2 | **6.    "The Maturity of the CRT Product Market"**

3 | 98.    PNA denies the allegations contained in Paragraph 98 of the Complaint for lack of

4 | knowledge or information sufficient to form a belief as to the truth thereof, except admits that the

5 | CRT market is mature.

6 | 99.    PNA denies the allegations contained in Paragraph 99 of the Complaint as they

7 | relate to PNA and denies the remaining allegations for lack of knowledge or information

8 | sufficient to form a belief as to the truth thereof.

9 | 100.    PNA denies the allegations contained in Paragraph 100 of the Complaint as they

10 | relate to PNA and denies the remaining allegations for lack of knowledge or information

11 | sufficient to form a belief as to the truth thereof.

12 | 101.    PNA denies the allegations contained in Paragraph 101 of the Complaint as they

13 | relate to PNA and denies the remaining allegations for lack of knowledge or information

14 | sufficient to form a belief as to the truth thereof.

15 | 102.    PNA denies the allegations contained in Paragraph 102 of the Complaint for lack

16 | of knowledge or information sufficient to form a belief as to the truth thereof.

17 | 103.    PNA denies the allegations contained in Paragraph 103 of the Complaint for lack

18 | of knowledge or information sufficient to form a belief as to the truth thereof.

19 | **7.    "Homogeneity of CRT Products"**

20 | 104.    PNA denies the allegations contained in Paragraph 104 of the Complaint.

21 | 105.    PNA denies the allegations contained in Paragraph 105 of the Complaint.

22 | **C.    "Pre-Conspiracy Market"**

23 | 106.    PNA denies the allegations contained in Paragraph 106 of the Complaint as they

24 | relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

25 | information sufficient to form a belief as to the truth thereof.

26 | 107.    PNA denies the allegations contained in Paragraph 107 of the Complaint for lack

27 | of knowledge or information sufficient to form a belief as to the truth thereof.

28 |

### D.     "Defendants' and Co-Conspirators' Illegal Agreements"

108.    PNA denies the allegations contained in Paragraph 108 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

109.    PNA denies the allegations contained in Paragraph 109 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

110.    PNA denies the allegations contained in Paragraph 110 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

111.    PNA denies the allegations contained in Paragraph 111 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

112.    PNA denies the allegations contained in Paragraph 112 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 1.     "Glass Meetings"

113.    PNA denies the allegations contained in Paragraph 113 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

114.    PNA denies the allegations contained in Paragraph 114 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

115.    PNA denies the allegations contained in Paragraph 115 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

116.    PNA denies the allegations contained in Paragraph 116 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

14

117.    PNA denies the allegations contained in Paragraph 117 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

118.    PNA denies the allegations contained in Paragraph 118 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

119.    PNA denies the allegations contained in Paragraph 119 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

120.    PNA denies the allegations contained in Paragraph 120 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

121.    PNA denies the allegations contained in Paragraph 121 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

122.    PNA denies the allegations contained in Paragraph 122 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

123.    PNA denies the allegations contained in Paragraph 123 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

124.    PNA denies the allegations contained in Paragraph 124 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

125.    PNA denies the allegations contained in Paragraph 125 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

126.    PNA denies the allegations contained in Paragraph 126 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or

15

1   information sufficient to form a belief as to the truth thereof.

2         127.    PNA denies the allegations contained in Paragraph 127 of the Complaint as they

3   relate to PNA and denies the remaining allegations for lack of knowledge or information

4   sufficient to form a belief as to the truth thereof.

5                  **2.     "Bilateral Discussions"**

6         128.    PNA denies the allegations contained in Paragraph 128 of the Complaint as they

7   relate to PNA and denies the remaining allegations for lack of knowledge or information

8   sufficient to form a belief as to the truth thereof.

9         129.    PNA denies the allegations contained in Paragraph 129 of the Complaint for lack

10  of knowledge or information sufficient to form a belief as to the truth thereof.

11        130.    PNA denies the allegations contained in Paragraph 130 of the Complaint for lack

12  of knowledge or information sufficient to form a belief as to the truth thereof.

13        131.    PNA denies the allegations contained in Paragraph 131 of the Complaint as they

14  relate to PNA and denies the remaining allegations for lack of knowledge or information

15  sufficient to form a belief as to the truth thereof.

16        132.    PNA denies the allegations contained in Paragraph 132 of the Complaint as they

17  relate to PNA and denies the remaining allegations for lack of knowledge or information

18  sufficient to form a belief as to the truth thereof.

19        133.    PNA denies the allegations contained in Paragraph 133 of the Complaint as they

20  relate to PNA and denies the remaining allegations for lack of knowledge or information

21  sufficient to form a belief as to the truth thereof.

22                  **3.     "Defendants' and Co-Conspirators' Participation in Group and**
23                           **Bilateral Discussions"**

24        134.    PNA denies the allegations contained in Paragraph 134 of the Complaint as they

25  relate to PNA and denies the remaining allegations for lack of knowledge or information

26  sufficient to form a belief as to the truth thereof.

27        135.    PNA denies the allegations contained in Paragraph 135 of the Complaint as they

28  relate to PNA and denies the remaining allegations for lack of knowledge or information

16

1   sufficient to form a belief as to the truth thereof.

2          136.   PNA denies the allegations contained in Paragraph 136 of the Complaint as they

3   relate to PNA and denies the remaining allegations for lack of knowledge or information

4   sufficient to form a belief as to the truth thereof.

5          137.   PNA denies the allegations contained in Paragraph 137 of the Complaint as they

6   relate to PNA and denies the remaining allegations for lack of knowledge or information

7   sufficient to form a belief as to the truth thereof.

8          138.   PNA denies the allegations contained in Paragraph 138 of the Complaint as they

9   relate to PNA and denies the remaining allegations for lack of knowledge or information

10  sufficient to form a belief as to the truth thereof.

11         139.   PNA denies the allegations contained in Paragraph 139 of the Complaint as they

12  relate to PNA and denies the remaining allegations for lack of knowledge or information

13  sufficient to form a belief as to the truth thereof.

14         140.   PNA denies the allegations contained in Paragraph 140 of the Complaint in their

15  entirety.

16         141.   PNA denies the allegations contained in Paragraph 141 of the Complaint in their

17  entirety.

18         142.   PNA denies the allegations contained in Paragraph 142 of the Complaint in their

19  entirety.

20         143.   PNA denies the allegations contained in Paragraph 143 of the Complaint as they

21  relate to PNA and denies the remaining allegations for lack of knowledge or information

22  sufficient to form a belief as to the truth thereof.

23         144.   PNA denies the allegations contained in Paragraph 144 of the Complaint as they

24  relate to PNA and denies the remaining allegations for lack of knowledge or information

25  sufficient to form a belief as to the truth thereof.

26         145.   PNA denies the allegations contained in Paragraph 145 of the Complaint as they

27  relate to PNA and denies the remaining allegations for lack of knowledge or information

28  sufficient to form a belief as to the truth thereof.

17

146.    PNA denies the allegations contained in Paragraph 146 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

147.    PNA denies the allegations contained in Paragraph 147 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

148.    PNA denies the allegations contained in Paragraph 148 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

149.    PNA denies the allegations contained in Paragraph 149 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

150.    PNA denies the allegations contained in Paragraph 150 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

151.    PNA denies the allegations contained in Paragraph 151 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

152.    PNA denies the allegations contained in Paragraph 152 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

153.    PNA denies the allegations contained in Paragraph 153 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

154.    PNA denies the allegations contained in Paragraph 154 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**E.**    **"The CRT Market During the Conspiracy"**

18

155.    PNA denies the allegations contained in Paragraph 155 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

156.    PNA denies the allegations contained in Paragraph 156 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

157.    PNA denies the allegations contained in Paragraph 157 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

158.    PNA denies the allegations contained in Paragraph 158 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

159.    PNA denies the allegations contained in Paragraph 159 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

160.    PNA denies the allegations contained in Paragraph 160 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

161.    PNA denies the allegations contained in Paragraph 161 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

162.    PNA denies the allegations contained in Paragraph 162 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

163.    PNA denies the allegations contained in Paragraph 163 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

164.    PNA denies the allegations contained in Paragraph 164 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

165.    PNA denies the allegations contained in Paragraph 165 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

F.    "International Government Antitrust Investigations"

166.    PNA denies the allegations contained in Paragraph 166 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19

167.    PNA denies the allegations contained in Paragraph 167 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by certain foreign competition authorities.

168.    PNA denies the allegations contained in Paragraph 168 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

169.    PNA denies the allegations contained in Paragraph 169 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around May 6, 2008, the Hungarian Competition Authority issued a press release concerning its initiation of a competition supervision proceeding in connection with an alleged conspiracy in the Hungarian market involving CRTs and respectfully refers the Court to that document for a review of its contents.

170.    PNA denies the allegations contained in Paragraph 170 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around February 10, 2009, the DOJ issued a press release concerning the indictment of an executive of Chunghwa Picture Tubes, Ltd., and respectfully refers the Court to that document for a review of its contents.

171.    PNA denies the allegations contained in Paragraph 171 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around August 19, 2009, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

172.    PNA denies the allegations contained in Paragraph 172 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, excepts admits that on or around March 30, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

173.    PNA denies the allegations contained in Paragraph 173 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around November 9, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its

20

1    contents.

2    174.   PNA denies the allegations contained in Paragraph 174 of the Complaint for lack

3    of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

4    on or around March 18, 2011, the DOJ issued a press release concerning a plea agreement entered

5    into by a CDT industry participant and respectfully refers the Court to that document for a review

6    of its contents.

7    175.   PNA denies the allegations contained in Paragraph 175 of the Complaint as they

8    relate to PNA and denies the remaining allegations for lack of knowledge or information

9    sufficient to form a belief as to the truth thereof.

10    176.   PNA denies the allegations contained in Paragraph 176 of the Complaint for lack

11    of knowledge or information sufficient to form a belief as to the truth thereof.

12    177.   PNA denies the allegations contained in Paragraph 177 of the Complaint for lack

13    of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

14    on or around December 5, 2012, the European Commission issued a press release relating to the

15    CRT industry and respectfully refers to the Court to that document for a review of its contents.

16    178.   PNA denies the allegations contained in Paragraph 178 of the Complaint as they

17    relate to PNA and denies the remaining allegations for lack of knowledge or information

18    sufficient to form a belief as to the truth thereof.

19    179.   PNA denies the allegations contained in Paragraph 179 of the Complaint as they

20    relate to PNA and denies the remaining allegations for lack of knowledge or information

21    sufficient to form a belief as to the truth thereof.

22    180.   PNA denies the allegations contained in Paragraph 180 of the Complaint for lack

23    of knowledge or information sufficient to form a belief as to the truth thereof.

24    181.   PNA denies the allegations contained in Paragraph 181 of the Complaint, except

25    admits that an alleged conspiracy concerning the TFT-LCD market is or was being investigated

26    by the DOJ, and by certain other international competition authorities, and that this investigation

27    was revealed on or around December 2006.  PNA further avers that it is not a subject of these

28    investigations.

182.   PNA denies the allegations contained in Paragraph 182 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

183.   PNA denies the allegations contained in Paragraph 183 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

184.   PNA denies the allegations contained in Paragraph 184 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

185.   PNA denies the allegations contained in Paragraph 185 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

G.   **"The Role of Trade Associations During the Relevant Period"**

186.   PNA denies the allegations contained in Paragraph 186 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

187.   PNA denies the allegations contained in Paragraph 187 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

188.   PNA denies the allegations contained in Paragraph 188 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

189.   PNA denies the allegations contained in Paragraph 189 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

190.   PNA denies the allegations contained in Paragraph 190 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

H.   **"Effects of Defendants' Antitrust Violations"**

1.   **"Examples of Reductions in Manufacturing Capacity by Defendants"**

191.   The allegations contained in Paragraph 191 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.   To the extent that a response is required, PNA denies the allegations contained in Paragraph 191 of the Complaint as they relate to PNA and denies the remaining allegations for

22

1   lack of knowledge or information sufficient to form a belief as to the truth thereof.

2         192.    PNA denies the allegations contained in Paragraph 192 of the Complaint, except

3   admits that MTPD's subsidiary in New York ceased operations in December 2004, and admits

4   that a press release contained the phrases quoted in Paragraph 192 of the Complaint.

5         193.    PNA denies the allegations contained in Paragraph 193 of the Complaint for lack

6   of knowledge or information sufficient to form a belief as to the truth thereof.

7         194.    PNA denies the allegations contained in Paragraph 194 of the Complaint for lack

8   of knowledge or information sufficient to form a belief as to the truth thereof, except avers that it

9   was announced on November 30, 2005, not in December 2005, that MTPD's American subsidiary

10  in Ohio and German subsidiary would discontinue operations.

11        195.    PNA denies the allegations contained in Paragraph 195 of the Complaint for lack

12  of knowledge or information sufficient to form a belief as to the truth thereof.

13        196.    PNA denies the allegations contained in Paragraph 196 of the Complaint for lack

14  of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

15  the closure of Matsushita Malaysia was announced in July 2006.

16         **2.    "Examples of Collusive Pricing for CRTs"**

17        197.    PNA denies the allegations contained in Paragraph 197 of the Complaint in their

18  entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or

19  information sufficient to form a belief as to the truth thereof.

20        198.    PNA denies the allegations contained in Paragraph 198 of the Complaint for lack

21  of knowledge or information sufficient to form a belief as to the truth thereof.

22        199.    PNA denies the allegations contained in Paragraph 199 of the Complaint for lack

23  of knowledge or information sufficient to form a belief as to the truth thereof.

24        200.    PNA denies the allegations contained in Paragraph 200 of the Complaint as they

25  relate to PNA and denies the remaining allegations for lack of knowledge or information

26  sufficient to form a belief as to the truth thereof.

27        201.    PNA denies the allegations contained in Paragraph 201 of the Complaint for lack

28  of knowledge or information sufficient to form a belief as to the truth thereof.

202.    PNA denies the allegations contained in Paragraph 202 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

203.    PNA denies the allegations contained in Paragraph 203 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

204.    PNA denies the allegations contained in Paragraph 204 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

205.    PNA denies the allegations contained in Paragraph 205 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

I.      **"Summary Of Effects Of The Conspiracy Involving CRTs"**

206.    PNA denies the allegations contained in Paragraph 206 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

VII.    **"PLAINTIFF'S INJURIES"**

207.    PNA denies the allegations contained in Paragraph 207 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

208.    PNA denies the allegations contained in Paragraph 208 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

209.    The allegations contained in Paragraph 209 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

210.    PNA denies the allegations contained in Paragraph 210 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

24

1   sufficient to form a belief as to the truth thereof.

2   211.   The allegations contained in Paragraph 211 of the Complaint constitute legal

3   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

4   response is required, PNA denies the allegations contained in Paragraph 211 of the Complaint for

5   lack of knowledge or information sufficient to form a belief as to the truth thereof.

6   212.   PNA denies the allegations contained in Paragraph 212 of the Complaint as they

7   relate to PNA and denies the remaining allegations for lack of knowledge or information

8   sufficient to form a belief as to the truth thereof.

9   213.   PNA denies the allegations contained in Paragraph 213 of the Complaint as they

10   relate to PNA and denies the remaining allegations for lack of knowledge or information

11   sufficient to form a belief as to the truth thereof.

12   **VIII.   "FRAUDULENT CONCEALMENT"**

13   214.   PNA denies the allegations contained in Paragraph 214 of the Complaint as they

14   relate to PNA and denies the remaining allegations for lack of knowledge or information

15   sufficient to form a belief as to the truth thereof.

16   215.   PNA denies the allegations contained in Paragraph 215 of the Complaint as they

17   relate to PNA and denies the remaining allegations for lack of knowledge or information

18   sufficient to form a belief as to the truth thereof.

19   216.   PNA denies the allegations contained in Paragraph 216 of the Complaint as they

20   relate to PNA and denies the remaining allegations for lack of knowledge or information

21   sufficient to form a belief as to the truth thereof.

22   217.   PNA denies the allegations contained in Paragraph 217 of the Complaint as they

23   relate to PNA and denies the remaining allegations for lack of knowledge or information

24   sufficient to form a belief as to the truth thereof.

25   218.   PNA denies the allegations contained in Paragraph 218 of the Complaint as they

26   relate to PNA and denies the remaining allegations for lack of knowledge or information

27   sufficient to form a belief as to the truth thereof.

28   219.   PNA denies the allegations contained in Paragraph 219 the Complaint as they

25

relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

220.   PNA denies the allegations contained in Paragraph 220 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

221.   PNA denies the allegations contained in Paragraph 221 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

222.   PNA denies the allegations contained in Paragraph 222 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

223.   PNA denies the allegations contained in Paragraph 223 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

224.   PNA denies the allegations contained in Paragraph 224 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

225.   PNA denies the allegations contained in Paragraph 225 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Plaintiff purports to toll the applicable statute of limitations.

IX.   "*AMERICAN PIPE*, GOVERNMENT ACTION, AND CROSS JURISDICTIONAL TOLLING"

226.   PNA incorporates and realleges its responses to Paragraphs 170-176, as if fully set forth herein.   The allegations contained in Paragraph 226 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.   To the extent that a

26

response is required, PNA denies the allegations contained in Paragraph 226 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

227.    The allegations contained in Paragraph 227 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 227 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

228.    The allegations contained in Paragraph 228 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 228 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

X.    **"CLAIM FOR VIOLATIONS"**

**"First Claim for Relief"**

**"(Violation of Section 1 of the Sherman Act)"**

229.    PNA incorporates and realleges its responses to Paragraphs 1-228 above, as if fully set forth herein.

230.    The allegations contained in Paragraph 230 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 230 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

231.    PNA denies the allegations contained in Paragraph 231 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

232.    PNA denies the allegations contained in Paragraph 232 of the Complaint as they

27

relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

233.    PNA denies the allegations contained in Paragraph 233 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

234.    PNA denies the allegations contained in Paragraph 234 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

235.    PNA denies the allegations contained in Paragraph 235 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## "Second Claim for Relief"

### "(Violation of Massachusetts General Laws Chapter 93A, §§ 2, *et seq.*)"

236.    PNA incorporates and realleges its responses to Paragraphs 1-235 above, as if fully set forth herein.

237.    PNA denies the allegations contained in Paragraph 237 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that PNA sold some products containing CRTs to Plaintiff or its affiliates.

238.    The allegations contained in Paragraph 238 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 238 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

239.    The allegations contained in Paragraph 239 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 239 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28

240.    PNA denies the allegations contained in Paragraph 240 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

241.    PNA denies the allegations contained in Paragraph 241 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

242.    PNA denies the allegations contained in Paragraph 242 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

243.    The allegations contained in Paragraph 243 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 243 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

244.    The allegations contained in Paragraph 244 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 244 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

245.    PNA denies the allegations contained in Paragraph 245 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that it is registered to do business in the Commonwealth of Massachusetts.

246.    PNA denies the allegations contained in Paragraph 246 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

247.    The allegations contained in Paragraph 247 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 247 of the Complaint as

29

1    they relate to PNA and denies the remaining allegations for lack of knowledge or information

2    sufficient to form a belief as to the truth thereof.

3         248.   The allegations contained in Paragraph 248 of the Complaint constitute legal

4    contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

5    response is required, PNA denies the allegations contained in Paragraph 248 of the Complaint as

6    they relate to PNA and denies the remaining allegations for lack of knowledge or information

7    sufficient to form a belief as to the truth thereof.

8         249.   The allegations contained in Paragraph 249 of the Complaint constitute legal

9    contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

10    response is required, PNA denies the allegations contained in Paragraph 249 of the Complaint,

11    including its subparts, as they relate to PNA, except admits that its counsel received

12    correspondence from Plaintiff's counsel dated November 11, 2011 which demanded an

13    undetermined sum of damages for an alleged violation of the Massachusetts Consumer Protection

14    Statute.  PNA denies the remaining allegations contained in Paragraph 249 for lack of knowledge

15    or information sufficient to form a belief as to the truth thereof.

16         250.   PNA denies the allegations contained in Paragraph 250 of the Complaint as they

17    relate to PNA, and avers that it responded to Plaintiff's purported "First Demands" by letter to

18    Philip J. Iovieno dated December 9, 2011.  PNA denies the remaining allegations contained in

19    Paragraph 250 for lack of knowledge or information sufficient to form a belief as to the truth

20    thereof.

21         251.   The allegations contained in Paragraph 251 of the Complaint constitute legal

22    contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

23    response is required, PNA denies the allegations contained in Paragraph 251 of the Complaint,

24    including its subparts, as they relate to PNA and denies the remaining allegations for lack of

25    knowledge or information sufficient to form a belief as to the truth thereof.

26         252.   PNA denies the allegations contained in Paragraph 252 of the Complaint as they

27    relate to PNA and denies the remaining allegations for lack of knowledge or information

28    sufficient to form a belief as to the truth thereof.

253.    PNA denies the allegations contained in Paragraph 253 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## XI.    "**PRAYER FOR RELIEF**"

PNA denies that Plaintiff suffered any injury or incurred any damages by any act or omission of PNA as alleged in the Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in each of the paragraphs and their subparts in the Complaint.

## XII.    "**JURY TRIAL DEMAND**"

The allegations contained under the heading "Jury Trial Demand" contain no factual assertions for which a response is required.  To the extent that a response is required, PNA denies the allegations contained under the heading "Jury Trial Demand" in their entirety, except admits that Plaintiff demands a trial by jury.

## DEFENSES

FURTHER, PNA asserts the following defenses and affirmative defenses to the Complaint.  PNA does not concede that it has the burden of proof as to any of the defenses listed below:

## FIRST DEFENSE

(Failure to State a Claim for Relief)

Neither Plaintiff's Complaint nor any claim for relief asserted therein states facts sufficient to constitute a claim for relief against PNA.

## SECOND DEFENSE

(Statute of Limitations)

The relief sought by Plaintiff is barred, in whole or in part, by the applicable statutes of limitations.

31

1

**THIRD DEFENSE**

2

(Actual and Proximate Injury)

3    The relief sought by Plaintiff is barred, in whole or in part, because the Plaintiff

4  was not actually and proximately injured in its business or property by reason of any action(s) or

5  omission(s) of PNA.

6

**FOURTH DEFENSE**

7

(No Damages)

8    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

9  suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent

10  that Plaintiff purportedly suffered injury or damage, which PNA specifically denies, PNA further

11  contends that any such purported injury or damage was not by reason of any act or omission of

12  PNA.

13

**FIFTH DEFENSE**

14

(No Antitrust Injury)

15    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

16  failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to

17  remedy.

18

**SIXTH DEFENSE**

19

(Speculative Damages)

20    The relief sought by Plaintiff is barred, in whole or in part, because the alleged

21  damages sought are too speculative and uncertain, and because of the impossibility of the

22  ascertainment and allocation of such alleged damages.

23

**SEVENTH DEFENSE**

24

(Mitigation)

25    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

26  failed to take appropriate and necessary steps to mitigate its alleged damages, if any.

27

28

32

**EIGHTH DEFENSE**

(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to allege fraud or fraudulent concealment with sufficient particularity.

**NINTH DEFENSE**

(Failure to Plead Conspiracy with Particularity)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to allege conspiracy with sufficient particularity.

**TENTH DEFENSE**

(Lack of Standing to Sue for Injuries Alleged)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff lacks standing to sue for the injuries alleged in the Complaint.  To the extent that Plaintiff purchased products containing CRTs, as opposed to CRTs themselves, its alleged injuries are even more speculative, derivative, indirect, and remote.  Plaintiff's damage claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

**ELEVENTH DEFENSE**

(Due Process)

To the extent Plaintiff's claims would result in PNA paying damages to more than one claimant for the same alleged overcharges to customers, they are barred because such multiple liability would violate rights guaranteed to PNA by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by applicable state law.

**TWELFTH DEFENSE**

(Other/Superseding Causation)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's damages, if any, resulted from the acts or omissions of third parties over whom PNA had no control or responsibility.  The acts of such third parties constitute intervening or superseding cases of harm, if any, suffered by Plaintiff.

33

1

### THIRTEENTH DEFENSE

2

(Waiver and Estoppel)

3
4

The relief sought by Plaintiff is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

5

### FOURTEENTH DEFENSE

6

(Laches)

7
8

The relief sought by Plaintiff is barred, in whole or in part, by the equitable doctrine of laches.

9

### FIFTEENTH DEFENSE

10

(Unclean Hands)

11
12

The relief sought by Plaintiff is barred, in whole or in part, by the equitable doctrine of unclean hands.

13

### SIXTEENTH DEFENSE

14

(Unjust Enrichment)

15
16
17

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff would be unjustly enriched if it were allowed to recover any part of the damages alleged in the Complaint.

18

### SEVENTEENTH DEFENSE

19

(Adequate Remedy at Law)

20
21

The equitable relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has available an adequate remedy at law.

22

### EIGHTEENTH DEFENSE

23

(Comparative Fault)

24
25
26
27

The relief sought by Plaintiff is barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which PNA specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than PNA.

28

1

### NINETEENTH DEFENSE

2

(Acquiescence)

3        The relief sought by Plaintiff is barred, in whole or in part, by Plaintiff's

4    acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to PNA.

5

### TWENTIETH DEFENSE

6

(No Detrimental Reliance)

7        The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff did

8    not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

9

### TWENTY-FIRST DEFENSE

10

(Set Off)

11        Without admitting that Plaintiff is entitled to recover damages in this matter, PNA

12    is entitled to set off from any recovery Plaintiff may obtain against PNA any amount paid to

13    Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

14

### TWENTY-SECOND DEFENSE

15

(Failure to State a Claim for Injunctive Relief)

16        The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

17    failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that

18    have already transpired without the requisite showing of threatened harm or continuing harm.

19

### TWENTY-THIRD DEFENSE

20

(Lack of Jurisdiction)

21        The relief sought by Plaintiff is barred, in whole or in part, because any alleged

22    conduct of PNA occurred outside of the jurisdiction of the Court.

23

### TWENTY-FOURTH DEFENSE

24

(Foreign Trade Antitrust Improvements Act)

25        The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

26    failed to make a single specific allegation to support the claim that the alleged conduct had "a

27    direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman

28

35

1   Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. §
2   6a.

### TWENTY-FIFTH DEFENSE

(Foreign Conduct)

Plaintiff's claims are barred to the extent that they are based on conduct beyond the territorial reach of the laws or courts of the United States.

### TWENTY-SIXTH DEFENSE

(Damages Not Passed Through To Plaintiff)

The relief sought by Plaintiff is barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiff, or was incurred by or passed on to persons or entities other than Plaintiff.

### TWENTY-SEVENTH DEFENSE

(Damages Passed On)

The relief sought by Plaintiff is barred, in whole or in part, because any injury or damage alleged in the Complaint, which PNA specifically denies, was passed on to persons or entities other than the Plaintiff and/or was passed on by Plaintiff to other parties.

### TWENTY-EIGHTH DEFENSE

(No Unreasonable Restraint Of Trade)

The relief sought by Plaintiff is barred, in whole or in part, because the alleged conduct of PNA did not unreasonably restrain trade.

### TWENTY-NINTH DEFENSE

(Acts Outside The Jurisdiction)

The relief sought by Plaintiff is barred, in whole or in part, to the extent PNA's alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor affected persons, entities, or commerce in the United States and/or Massachusetts.

### THIRTIETH DEFENSE

(Restitution Unmanageable and Inequitable)

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S
ANSWER TO TWEETER'S FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL No. 1917

1    The relief sought by Plaintiff is barred, in whole or in part, to the extent the
2  restitution sought in the Complaint is unmanageable and inequitable.

3    **THIRTY-FIRST DEFENSE**

4    (Lack of Standing as Indirect Purchasers)

5    The relief sought by Plaintiff is barred, in whole or in part, to the extent the State
6  law cited has not repealed the *Illinois Brick* doctrine.

7    **THIRTY-SECOND DEFENSE**

8    (Unjust Enrichment Claims Barred)

9    The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff
10  has failed to exhaust all remedies against PNA.

11    **THIRTY-THIRD DEFENSE**

12    (Private Claim Cannot Be Brought In A Representative Capacity)

13    The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff
14  brings any claims in a representative capacity, to the extent a private claim may not be brought in
15  a representative capacity under the state law cited.

16    **THIRTY-FOURTH DEFENSE**

17    (Goods Not Purchased Primarily For Personal, Family, or Household Purposes)

18    The relief sought by Plaintiff is barred, in whole or in part, to the extent that Plaintiff did
19  not purchase goods primarily for personal, family, or household purposes.

20    **THIRTY-FIFTH DEFENSE**

21    (Independent, Legitimate Business and Economic Justification)

22    The relief sought by Plaintiff is barred, in whole or in part, because any conduct
23  engaged in by PNA was reasonable and based on independent, legitimate business and economic
24  justification.

25    **THIRTY-SIXTH DEFENSE**

26    (Attorneys' Fees)

27    Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is
28  not allowed under applicable federal or state law.

1

**THIRTY-SEVENTH DEFENSE**

2

(Lack of Sufficient Contacts to States)

3        The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's

4  claims lack sufficient contacts to the states under whose laws they are brought, in violation of

5  rights guaranteed to PNA by the United States Constitution, including, without limitation, rights

6  guaranteed by the Due Process Clause of the Fourteenth Amendment, and by other applicable

7  state and federal law.

8

**THIRTY-EIGHTH DEFENSE**

9

(Inadequate Pre-Litigation Demand Under Massachusetts Law)

10        The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff failed

11  to comply with Massachusetts law requiring Plaintiff to serve a pre-litigation demand upon PNA,

12  or because any purported pre-litigation demand was substantively or procedurally deficient.

13

**INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES**

14        PNA hereby incorporates by reference, as if set forth fully herein, all other

15  defenses and affirmative defenses to the Complaint alleged by any other defendant.   PNA

16  presently has insufficient knowledge or information on which to form a belief as to whether it

17  may have available additional, as yet unstated, defenses.  PNA reserves the right to assert other

18  defenses and affirmative defenses as this action proceeds, the right to file an amended answer

19  asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event

20  that discovery indicates that such pleadings are appropriate.

21        WHEREFORE, PNA prays for judgment as follows:

22        1.        That Plaintiff take nothing under the Complaint, and the Complaint be

23                   dismissed with prejudice;

24        2.        That judgment be entered in favor of PNA and against Plaintiff on each and

25                   every cause of action set forth in the Complaint;

26        3.        That PNA recover its costs of suit and attorneys' fees incurred herein; and

27        4.        That PNA be granted such other and further relief as the Court deems just

28                   and proper.

38

1

2     Dated: November 4, 2013            By: ___/s/ David L. Yohai_____

3                                       DAVID L. YOHAI (*pro hac vice*)
                                      E-mail: david.yohai@weil.com

4                                       ADAM C. HEMLOCK (*pro hac vice*)
                                      E-mail: adam.hemlock@weil.com

5                                       DAVID E. YOLKUT (*pro hac vice*)
                                      E-mail: david.yolkut@weil.com

6                                       **WEIL, GOTSHAL & MANGES LLP**

7                                       767 Fifth Avenue
                                      New York, New York 10153-0119

8                                       Telephone: (212) 310-8000
                                      Facsimile: (212) 310-8007

9

10                                       GREGORY D. HULL (57367)
                                      E-mail: greg.hull@weil.com

11                                       **WEIL, GOTSHAL & MANGES LLP**
                                      201 Redwood Shores Parkway

12                                       Redwood Shores, California 94065-1175
                                      Telephone: (650) 802-3000

13                                       Facsimile: (650) 802-3100

14                                       JEFFREY L. KESSLER (*pro hac vice*)
                                      E-mail: jkessler@winston.com

15                                       A. PAUL VICTOR (*pro hac vice*)
                                      E-mail: pvictor@winston.com

16                                       ALDO A. BADINI (257086)
                                      E-mail: abadini@winston.com

17                                       EVA W. COLE (*pro hac vice*)
                                      E-mail: ewcole@winston.com

18                                       MOLLY M. DONOVAN (*pro hac vice*)
                                      E-mail: mmdonovan@winston.com

19                                       **WINSTON & STRAWN LLP**

20                                       200 Park Avenue
                                      New York, New York 10166-4193

21                                       Telephone: (212) 294-4692
                                      Facsimile: (212) 294-4700

22

23                                       ***Attorneys for Panasonic Corporation of***

24                                       ***North America***

25

26

27

28

39

1

2  DAVID L. YOHAI (*pro hac vice*)
   ADAM C. HEMLOCK (*pro hac vice*)
3  DAVID E. YOLKUT (*pro hac vice*)
   **WEIL, GOTSHAL & MANGES LLP**
   767 Fifth Avenue
4  New York, New York 10153-0119
   Telephone: (212) 310-8000
5  Facsimile: (212) 310-8007
   E-mail: david.yohai@weil.com
6
   GREGORY D. HULL (57367)
7  **WEIL, GOTSHAL & MANGES LLP**
   201 Redwood Shores Parkway
8  Redwood Shores, California 94065-1175
   Telephone: (650) 802-3000
9  Facsimile: (650) 802-3100
   E-mail: greg.hull@weil.com
10
   JEFFREY L. KESSLER (*pro hac vice*)
11 A. PAUL VICTOR (*pro hac vice*)
   ALDO A. BADINI (257086)
12 EVA W. COLE (*pro hac vice*)
   MOLLY M. DONOVAN (*pro hac vice*)
13 **WINSTON & STRAWN LLP**
   200 Park Avenue
14 New York, New York 10166-4193
   Telephone: (212) 294-6700
15 Facsimile: (212) 294-4700
   E-mail: jkessler@winston.com
16
17 *Attorneys for Defendants Panasonic Corporation,*
   *Panasonic Corporation of North America, and*
18 *Matsushita Toshiba Picture Display Co., Ltd.*
19
20              **UNITED STATES DISTRICT COURT**

              **NORTHERN DISTRICT OF CALIFORNIA**
21
                 **SAN FRANCISCO DIVISION**
22

23 **In re: CATHODE RAY TUBE (CRT)**      No.: 07-5944 SC
   **ANTITRUST LITIGATION**             MDL NO. 1917
24
   _____
25 This Document Relates to:           **CERTIFICATE OF SERVICE**

26 TWEETER ACTION
   12-cv-02649
27
28
                            1

**CERTIFICATE OF SERVICE**

1

2          I declare that I am employed with the law firm of Weil, Gotshal & Manges LLP, whose address is 767 Fifth Avenue, New York, New York 10153. I am not a party to the within cause, and I am over the age of eighteen years. I further declare that on November 4, 2013, I

3    served a copy of:

4

**DEFENDANT PANASONIC CORPORATION'S ANSWER TO TWEETER'S FIRST**
5    **AMENDED COMPLAINT; DEFENDANT MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.'S ANSWER TO TWEETER'S FIRST AMENDED COMPLAINT;**
6    **AND DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER TO TWEETER'S FIRST AMENDED COMPLAINT**

7

8          ☒     **BY ELECTRONIC FILING** by serving a true copy on this date of each document listed above via the Court's ECF Document Filing System on all interested parties

9    registered for electronic filing in this action.

10          Executed on November 4, 2013 at New York, New York. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

11

12                                                    _____
                                                     Lara E. Veblen
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Certificate of Service
Individual Case No. 12-cv-02649

Case No. 07-5944 SC
MDL NO. 1917