1  DAVID L. YOHAI (*pro hac vice*)
   ADAM C. HEMLOCK (*pro hac vice*)
2  DAVID E. YOLKUT (*pro hac vice*)
   **WEIL, GOTSHAL & MANGES LLP**
3  767 Fifth Avenue
   New York, New York 10153-0119
4  Telephone: (212) 310-8000
   Facsimile: (212) 310-8007
5  E-mail: david.yohai@weil.com

6  GREGORY D. HULL (57367)
   **WEIL, GOTSHAL & MANGES LLP**
7  201 Redwood Shores Parkway
   Redwood Shores, California 94065-1175
8  Telephone: (650) 802-3000
   Facsimile: (650) 802-3100
9  E-mail: greg.hull@weil.com

10 JEFFREY L. KESSLER (*pro hac vice*)
   A. PAUL VICTOR (*pro hac vice*)
11 ALDO A. BADINI (257086)
   EVA W. COLE (*pro hac vice*)
12 MOLLY M. DONOVAN (*pro hac vice*)
   **WINSTON & STRAWN LLP**
13 200 Park Avenue
   New York, New York 10166-4193
14 Telephone: (212) 294-6700
   Facsimile: (212) 294-4700
15 E-mail: jkessler@winston.com

16 *Attorneys for Defendant Matsushita Toshiba Picture Display Co., Ltd.*

17

**IN THE UNITED STATES DISTRICT COURT**
18       **NORTHERN DISTRICT OF CALIFORNIA**
                **SAN FRANCISCO DIVISION**
19

20
                                    | **Case No. 07-5944 SC**
21                                  | **MDL No. 1917**

22  **In re: CATHODE RAY TUBE (CRT)** | **DEFENDANT MATSUSHITA TOSHIBA**
    **ANTITRUST LITIGATION**          | **PICTURE DISPLAY CO., LTD.'S**
23                                    | **ANSWER TO THE FIRST AMENDED**
                                      | **TWEETER COMPLAINT**
24
    This Document Relates to:
25
    TWEETER ACTION
26  12-cv-02649

27

28

---

Defendant MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD. ("MTPD"), by and through its attorneys, answers the allegations set forth in the First Amended Complaint filed on October 3, 2013 (the "Complaint") by plaintiff  Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC ("Plaintiff"), and alleges additional or affirmative defenses as follows.   To the extent not specifically admitted herein, all allegations of the Complaint are denied.   Furthermore, the section headings included herein are included only for purposes of clarity and organization, and MTPD does not admit, but rather hereby specifically denies, any factual or legal allegations contained in the headings used in the Complaint.

## I.   "INTRODUCTION"

1.      MTPD denies the allegations contained in Paragraph 1 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

2.      The allegations contained in Paragraph 2 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.   To the extent that a response is required, MTPD denies all of the allegations, except admits that color display tubes ("CDTs") can be used in computer monitors and certain other specialized applications, admits that color picture tubes ("CPTs") can be used in televisions, admits that CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various times certain affiliates of MTPD manufactured some CRTs and some products containing CRTs.

3.      MTPD denies the allegations contained in Paragraph 3 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4.      MTPD denies the allegations contained in Paragraph 4 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

5.      MTPD denies the allegations contained in Paragraph 5 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1

6.      MTPD denies the allegations contained in Paragraph 6 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7.      MTPD denies the allegations contained in Paragraph 7 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8.      MTPD denies the allegations contained in Paragraph 8 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by the United States Department of Justice ("DOJ"), and by certain foreign competition authorities, and that it has been publicly reported that individuals have been indicted in connection with the DOJ investigation.

9.      MTPD denies the allegations contained in Paragraph 9 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

II.     **"JURISDICTION AND VENUE"**

10.     MTPD denies the allegations contained in Paragraph 10 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to the federal statutes identified therein and seek the relief sought therein.

11.     MTPD denies the allegations contained in Paragraph 11 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Plaintiff purports to bring this action pursuant to the state statute identified therein and seek the relief sought therein.

12.     The allegations contained in Paragraph 12 of the Complaint include legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiff purports to base subject matter jurisdiction on the federal statutes identified therein.

13.     MTPD denies the allegations contained in Paragraph 13 of the Complaint as they relate to MTPD, except admits that certain of its affiliates have done some business within certain

2

jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

14.     The allegations contained in Paragraph 14 of the Complaint regarding jurisdiction include legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations as they relate to MTPD, except admits that certain of its affiliates have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15.     The allegations contained in Paragraph 15 of the Complaint regarding venue include legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations as they relate to MTPD except admits that certain of its affiliates have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

III.   **"PARTIES"**

A.     **"Plaintiff"**

16.     MTPD denies the allegations contained in Paragraph 16 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17.     MTPD denies the allegations contained in Paragraph 17 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

18.     MTPD denies the allegations contained in Paragraph 18 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19.     MTPD denies the allegations contained in Paragraph 19 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20.     MTPD denies the allegations contained in Paragraph 20 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

21.     MTPD denies the allegations contained in Paragraph 21 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

3

1   sufficient to form a belief as to the truth thereof.

2          22.     MTPD denies the allegations contained in Paragraph 22 of the Complaint for lack

3   of knowledge or information sufficient to form a belief as to the truth thereof.

4       **B.**    "**Defendants**"

5            **1.**    "**Hitachi Entities**"

6          23.     MTPD denies the allegations contained in Paragraph 23 of the Complaint for lack

7   of knowledge or information sufficient to form a belief as to the truth thereof.

8          24.     MTPD denies the allegations contained in Paragraph 24 of the Complaint for lack

9   of knowledge or information sufficient to form a belief as to the truth thereof.

10         25.     MTPD denies the allegations contained in Paragraph 25 of the Complaint for lack

11  of knowledge or information sufficient to form a belief as to the truth thereof.

12         26.     MTPD denies the allegations contained in Paragraph 26 of the Complaint for lack

13  of knowledge or information sufficient to form a belief as to the truth thereof.

14         27.     MTPD denies the allegations contained in Paragraph 27 of the Complaint for lack

15  of knowledge or information sufficient to form a belief as to the truth thereof.

16         28.     MTPD denies the allegations contained in Paragraph 28 of the Complaint for lack

17  of knowledge or information sufficient to form a belief as to the truth thereof.

18         29.     MTPD admits that Plaintiff purports to refer to the entities identified in Paragraph

19  29 of the Complaint collectively as "Hitachi."

20           **2.**    "**IRICO Entities**"

21         30.     MTPD denies the allegations contained in Paragraph 30 of the Complaint for lack

22  of knowledge or information sufficient to form a belief as to the truth thereof.

23         31.     MTPD denies the allegations contained in Paragraph 31 of the Complaint for lack

24  of knowledge or information sufficient to form a belief as to the truth thereof.

25         32.     MTPD denies the allegations contained in Paragraph 32 of the Complaint for lack

26  of knowledge or information sufficient to form a belief as to the truth thereof.

27         33.     MTPD admits that Plaintiff purports to refer to the entities identified in Paragraph

28  33 of the Complaint collectively as "IRICO."

4

### 3.   "LG Electronics Entities"

34.   MTPD denies the allegations contained in Paragraph 34 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

35.   MTPD denies the allegations contained in Paragraph 35 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

36.   MTPD admits that Plaintiff purports to refer to the entities identified in Paragraph 36 of the Complaint collectively as "LG Electronics."

### 4.   "LP Displays"

37.   MTPD denies the allegations contained in Paragraph 37 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 5.   "Panasonic Entities"

38.   MTPD denies the allegations contained in Paragraph 38 of the Complaint in their entirety, except admits that Panasonic Corporation ("Panasonic") is a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 38, and that it was known as Matsushita Electric Industrial Co., Ltd. ("MEI") prior to October 1, 2008.  MTPD further admits that certain affiliates of Panasonic sold some CRTs or products containing CRTs in the United States during the purported Relevant Period.

39.   MTPD denies the allegations contained in Paragraph 39 of the Complaint in their entirety, except admits that Panasonic Corporation of North America ("PNA") is a Delaware corporation with its principal place of business formerly located at the address listed in Paragraph 39.  MPTD avers that PNA's principal place of business is now located at Two Riverfront Plaza, Newark, New Jersey, 07102.  MTPD further admits that PNA is a wholly-owned subsidiary of Panasonic.  MTPD further admits that PNA sold some products containing CRTs in the United States during the purported Relevant Period.

40.   MTPD admits that Plaintiff purports to refer to the entities identified in Paragraph 40 of the Complaint collectively as "Panasonic."

41.   MTPD denies the allegations contained in Paragraph 41 of the Complaint in their entirety, except admits that it was a Japanese entity with an office in Osaka, Japan at the address

listed in Paragraph 41. MTPD further admits that it was established as a joint venture between Panasonic and Toshiba Corporation ("Toshiba"), but avers that MTPD was formed in 2003, not 2002. MTPD further admits that Panasonic held 64.5% of MTPD at the time MTPD was formed in 2003. MTPD further admits that Panasonic acquired Toshiba's 35.5% interest in MTPD on March 30, 2007, that MTPD became a wholly-owned subsidiary of Panasonic, and that MTPD was renamed. MTPD further admits that certain affiliates of MTPD sold some products containing CRTs in the United States during the purported Relevant Period.

42. MTPD denies the allegations contained in Paragraph 42 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is a Chinese entity with its headquarters in Beijing, China at the address listed in Paragraph 42. MTPD further admits that BMCC is a joint venture formed in 1987, and further admits that MTPD at one time had a 50% equity ownership interest in BMCC.

### 6. "Philips Entities"

43. MTPD denies the allegations contained in Paragraph 43 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

44. MTPD denies the allegations contained in Paragraph 44 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

45. MTPD denies the allegations contained in Paragraph 45 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

46. MTPD denies the allegations contained in Paragraph 46 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

47. MTPD admits that Plaintiff purports to refer to the entities identified in Paragraph 47 of the Complaint collectively as "Philips."

### 7. "Samsung Entities"

48. MTPD denies the allegations contained in Paragraph 48 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

49. MTPD denies the allegations contained in Paragraph 49 of the Complaint for lack

DEFENDANT MT PICTURE DISPLAY'S
ANSWER TO TWEETER'S FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

1    of knowledge or information sufficient to form a belief as to the truth thereof.

2         50.     MTPD denies the allegations contained in Paragraph 50 of the Complaint for lack

3    of knowledge or information sufficient to form a belief as to the truth thereof.

4         51.     MTPD denies the allegations contained in Paragraph 51 of the Complaint for lack

5    of knowledge or information sufficient to form a belief as to the truth thereof.

6         52.     MTPD denies the allegations contained in Paragraph 52 of the Complaint for lack

7    of knowledge or information sufficient to form a belief as to the truth thereof.

8         53.     MTPD denies the allegations contained in Paragraph 53 of the Complaint for lack

9    of knowledge or information sufficient to form a belief as to the truth thereof.

10         54.     MTPD denies the allegations contained in Paragraph 54 of the Complaint for lack

11    of knowledge or information sufficient to form a belief as to the truth thereof.

12         55.     MTPD admits that Plaintiff purports to refer to the entities identified in Paragraph

13    55 of the Complaint collectively as "Samsung."

14          **8.**     **"Samtel"**

15         56.     MTPD denies the allegations contained in Paragraph 56 of the Complaint for lack

16    of knowledge or information sufficient to form a belief as to the truth thereof.

17          **9.**     **"Thai CRT"**

18         57.     MTPD denies the allegations contained in Paragraph 57 of the Complaint for lack

19    of knowledge or information sufficient to form a belief as to the truth thereof.

20          **10.**     **"Toshiba Entities"**

21         58.     MTPD denies the allegations contained in Paragraph 58 of the Complaint in their

22    entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

23    except admits that Panasonic entered into a joint venture with Toshiba to form MTPD, but avers

24    that MTPD was formed in 2003, not 2002.

25         59.     MTPD denies the allegations contained in Paragraph 59 of the Complaint for lack

26    of knowledge or information sufficient to form a belief as to the truth thereof.

27         60.     MTPD denies the allegations contained in Paragraph 60 of the Complaint for lack

28    of knowledge or information sufficient to form a belief as to the truth thereof.

7

61.     MTPD denies the allegations contained in Paragraph 61 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

62.     MTPD denies the allegations contained in Paragraph 62 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

63.     MTPD admits that Plaintiff purports to refer to the entities identified in Paragraph 63 of the Complaint collectively as "Toshiba."

**11.     "Chunghwa Entities"**

64.     MTPD denies the allegations contained in Paragraph 64 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

65.     MTPD denies the allegations contained in Paragraph 65 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

66.     MTPD admits that Plaintiff purports to refer to the entities identified in Paragraph 66 of the Complaint collectively as "Chunghwa."

**IV.     "AGENTS AND CO-CONSPIRATORS"**

67.     MTPD denies the allegations contained in Paragraph 67 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

68.     MTPD denies the allegations contained in Paragraph 68 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

69.     The allegations contained in Paragraph 69 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.  MTPD avers that the entity formerly known as Matsushita Electronic Corporation (Malaysia) Sdn. Bhd. ("Matsushita Malaysia") was dissolved on October 8, 2007.

70.     MTPD denies the allegations contained in Paragraph 70 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8

71.     MTPD admits that Plaintiff purports to refer to the entities identified in Paragraph 71 of the Complaint collectively as "Daewoo."

72.     MTPD denies the allegations contained in Paragraph 72 of the Complaint in its entirety, except admits that Matsushita Malaysia was a Malaysian entity that had an office located at the address listed in Paragraph 75 in Shah Alam, Malaysia, and was a direct subsidiary of Panasonic from 2001 until 2003, operating as Matsushita Display Devices (Malaysia) Sdn. Bhd. MTPD further admits that Matsushita Malaysia was transferred to MTPD in 2003, renamed as MT Picture Display (Malaysia) Sdn. Bhd., and operated as a wholly-owned subsidiary of MTPD. MTPD avers that the entity formerly known as Matsushita Malaysia was dissolved on October 8, 2007.

73.     MTPD denies the allegations contained in Paragraph 73 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred to MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia.  MTPD further avers that PT.MT Picture Display Indonesia discontinued its production on September 13, 2007, and was dissolved on September 28, 2007.

74.     MTPD denies the allegations contained in Paragraph 74 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was transferred to MTPD in 2003 and changed its name to MT Picture Display (Thailand) Co., Ltd. ("MTPDT"), but denies that MTPDT was a wholly-owned subsidiary of MTPD.  MTPD further avers that MTPDT passed a resolution of dissolution on May 13, 2009, and is now dissolved.

75.     MTPD denies the allegations contained in Paragraph 75 of the Complaint as they relate to MTPD, and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

V.     **"TRADE AND COMMERCE"**

76.     MTPD denies the allegations contained in Paragraph 76 of the Complaint as they relate to MTPD, except admits that it or its affiliates sold CRTs or products containing CRTs in

9

the United States during the purported Relevant Period, and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

77.     MTPD denies the allegations contained in Paragraph 77 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

78.     MTPD denies the allegations contained in Paragraph 78 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**VI.     "FACTUAL ALLEGATIONS"**

**A.     "CRT Technology"**

79.     The allegations contained in Paragraph 79 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, MTPD admits that the CRT is a specialized vacuum tube in which images are produced when an electron beam strikes a phosphorescent surface, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

80.     The allegations contained in Paragraph 80 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, MTPD admits that CRT technology was used in making tubes for televisions in the 1990's, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

81.     The allegations contained in Paragraph 81 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, MTPD admits that a lower quality CRT produces a poor display, but otherwise denies the allegations contained in Paragraph 81 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

82.     The allegations contained in Paragraph 82 of the Complaint constitute

characterizations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, MTPD admits that CRT production was refined over time, but otherwise denies the allegations contained in Paragraph 82 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

83.  The allegations contained in Paragraph 83 of the Complaint constitute characterizations of allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, MTPD admits that CDTs can be used in computer monitors and certain other specialized applications, and admits that CPTs can be used in televisions, but denies the allegations contained in Paragraph 83 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

84.  The allegations contained in Paragraph 84 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 84 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

85.  The allegations contained in Paragraph 85 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 85 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

86.  MTPD denies the allegations contained in Paragraph 86 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

87.  MTPD denies the allegations contained in Paragraph 87 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

88.  MTPD denies the allegations contained in Paragraph 88 of the Complaint.

**B.  "Structure of the CRT Industry"**

89.  MTPD denies the allegations contained in Paragraph 89 of the Complaint.

1        **1.     "Market Concentration"**

2        90.     MTPD denies the allegations contained in the second sentence of Paragraph 90 of

3   the Complaint for lack of knowledge or information sufficient to form a belief as to the truth

4   thereof, and denies the remaining allegations in their entirety.

5        **2.     "Information Sharing"**

6        91.     MTPD denies the allegations contained in Paragraph 91 of the Complaint as they

7   relate to MTPD and denies the remaining allegations for lack of knowledge or information

8   sufficient to form a belief as to the truth thereof.

9        92.     MTPD denies the allegations contained in Paragraph 92 of the Complaint as they

10  relate to MTPD and denies the remaining allegations for lack of knowledge or information

11  sufficient to form a belief as to the truth thereof.

12       **3.     "Consolidation"**

13       93.     MTPD denies the allegations contained in Paragraph 93 of the Complaint as they

14  relate to MTPD, except admits that a merger between Toshiba and Panasonic's CRT businesses

15  resulted in the creation of MTPD, and denies the remaining allegations for lack of knowledge or

16  information sufficient to form a belief as to the truth thereof.   MTPD avers that MTPD was

17  created in 2003, not 2002.

18       **4.     "Multiple Interrelated Business Relationships"**

19       94.     MTPD denies the allegations contained in Paragraph 94 of the Complaint.

20       95.     MTPD denies the allegations contained in Paragraph 95 of the Complaint,

21  including its subparts, for lack of knowledge or information sufficient to form a belief as to the

22  truth thereof, with the exception that Toshiba and Panasonic formed a CRT joint venture, MTPD,

23  in 2003, and that Toshiba and Panasonic formed a joint venture to manufacture TFT-LCD panels.

24       **5.     "High Costs of Entry Into the Industry"**

25       96.     MTPD denies the allegations contained in Paragraph 96 of the Complaint for lack

26  of knowledge or information sufficient to form a belief as to the truth thereof.

27       97.     MTPD denies the allegations contained in the first sentence of Paragraph 97 of the

28  Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof,

1    and denies the remaining allegations in their entirety.

2                    **6.      "The Maturity of the CRT Product Market"**

3        98.    MTPD denies the allegations contained in Paragraph 98 of the Complaint for lack

4    of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

5    the CRT market is mature.

6        99.    MTPD denies the allegations contained in Paragraph 99 of the Complaint as they

7    relate to MTPD and denies the remaining allegations for lack of knowledge or information

8    sufficient to form a belief as to the truth thereof.

9        100.   MTPD denies the allegations contained in Paragraph 100 of the Complaint as they

10   relate to MTPD and denies the remaining allegations for lack of knowledge or information

11   sufficient to form a belief as to the truth thereof.

12       101.   MTPD denies the allegations contained in Paragraph 101 of the Complaint as they

13   relate to MTPD and denies the remaining allegations for lack of knowledge or information

14   sufficient to form a belief as to the truth thereof.

15       102.   MTPD denies the allegations contained in Paragraph 102 of the Complaint for lack

16   of knowledge or information sufficient to form a belief as to the truth thereof.

17       103.   MTPD denies the allegations contained in Paragraph 103 of the Complaint for lack

18   of knowledge or information sufficient to form a belief as to the truth thereof.

19                    **7.      "Homogeneity of CRT Products"**

20       104.   MTPD denies the allegations contained in Paragraph 104 of the Complaint.

21       105.   MTPD denies the allegations contained in Paragraph 105 of the Complaint.

22   **C.    "Pre-Conspiracy Market"**

23       106.   MTPD denies the allegations contained in Paragraph 106 of the Complaint as they

24   relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or

25   information sufficient to form a belief as to the truth thereof.

26       107.   MTPD denies the allegations contained in Paragraph 107 of the Complaint for lack

27   of knowledge or information sufficient to form a belief as to the truth thereof.

28

1        **D.      "Defendants' and Co-Conspirators' Illegal Agreements"**

2        108.    MTPD denies the allegations contained in Paragraph 108 of the Complaint as they

3    relate to MTPD and denies the remaining allegations for lack of knowledge or information

4    sufficient to form a belief as to the truth thereof.

5        109.    MTPD denies the allegations contained in Paragraph 109 of the Complaint as they

6    relate to MTPD and denies the remaining allegations for lack of knowledge or information

7    sufficient to form a belief as to the truth thereof.

8        110.    MTPD denies the allegations contained in Paragraph 110 of the Complaint for lack

9    of knowledge or information sufficient to form a belief as to the truth thereof.

10       111.    MTPD denies the allegations contained in Paragraph 111 of the Complaint as they

11   relate to MTPD and denies the remaining allegations for lack of knowledge or information

12   sufficient to form a belief as to the truth thereof.

13       112.    MTPD denies the allegations contained in Paragraph 112 of the Complaint as they

14   relate to MTPD and denies the remaining allegations for lack of knowledge or information

15   sufficient to form a belief as to the truth thereof.

16       **1.      "Glass Meetings"**

17       113.    MTPD denies the allegations contained in Paragraph 113 of the Complaint as they

18   relate to MTPD and denies the remaining allegations for lack of knowledge or information

19   sufficient to form a belief as to the truth thereof.

20       114.    MTPD denies the allegations contained in Paragraph 114 of the Complaint as they

21   relate to MTPD and denies the remaining allegations for lack of knowledge or information

22   sufficient to form a belief as to the truth thereof.

23       115.    MTPD denies the allegations contained in Paragraph 115 of the Complaint as they

24   relate to MTPD and denies the remaining allegations for lack of knowledge or information

25   sufficient to form a belief as to the truth thereof.

26       116.    MTPD denies the allegations contained in Paragraph 116 of the Complaint as they

27   relate to MTPD and denies the remaining allegations for lack of knowledge or information

28   sufficient to form a belief as to the truth thereof.

117. MTPD denies the allegations contained in Paragraph 117 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

118. MTPD denies the allegations contained in Paragraph 118 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

119. MTPD denies the allegations contained in Paragraph 119 of the Complaint in their entirety as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

120. MTPD denies the allegations contained in Paragraph 120 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

121. MTPD denies the allegations contained in Paragraph 121 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

122. MTPD denies the allegations contained in Paragraph 122 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

123. MTPD denies the allegations contained in Paragraph 123 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

124. MTPD denies the allegations contained in Paragraph 124 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

125. MTPD denies the allegations contained in Paragraph 125 of the Complaint, including its subparts, as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

126. MTPD denies the allegations contained in Paragraph 126 of the Complaint, including its subparts, as they relate to MTPD and denies the remaining allegations for lack of

knowledge or information sufficient to form a belief as to the truth thereof.

127.   MTPD denies the allegations contained in Paragraph 127 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 2.   "Bilateral Discussions"

128.   MTPD denies the allegations contained in Paragraph 128 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

129.   MTPD denies the allegations contained in Paragraph 129 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

130.   MTPD denies the allegations contained in Paragraph 130 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

131.   MTPD denies the allegations contained in Paragraph 131 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

132.   MTPD denies the allegations contained in Paragraph 132 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

133.   MTPD denies the allegations contained in Paragraph 133 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 3.   "Defendants' and Co-Conspirators' Participation in Group and Bilateral Discussions"

134.   MTPD denies the allegations contained in Paragraph 134 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

135.   MTPD denies the allegations contained in Paragraph 135 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

16

1    sufficient to form a belief as to the truth thereof.

2        136.    MTPD denies the allegations contained in Paragraph 136 of the Complaint as they

3    relate to MTPD and denies the remaining allegations for lack of knowledge or information

4    sufficient to form a belief as to the truth thereof.

5        137.    MTPD denies the allegations contained in Paragraph 137 of the Complaint as they

6    relate to MTPD and denies the remaining allegations for lack of knowledge or information

7    sufficient to form a belief as to the truth thereof.

8        138.    MTPD denies the allegations contained in Paragraph 138 of the Complaint as they

9    relate to MTPD and denies the remaining allegations for lack of knowledge or information

10   sufficient to form a belief as to the truth thereof.

11       139.    MTPD denies the allegations contained in Paragraph 139 of the Complaint as they

12   relate to MTPD and denies the remaining allegations for lack of knowledge or information

13   sufficient to form a belief as to the truth thereof.

14       140.    MTPD denies the allegations contained in Paragraph 140 of the Complaint in their

15   entirety.

16       141.    MTPD denies the allegations contained in Paragraph 141 of the Complaint in their

17   entirety.

18       142.    MTPD denies the allegations contained in Paragraph 142 of the Complaint in their

19   entirety.

20       143.    MTPD denies the allegations contained in Paragraph 143 of the Complaint as they

21   relate to MTPD and denies the remaining allegations for lack of knowledge or information

22   sufficient to form a belief as to the truth thereof.

23       144.    MTPD denies the allegations contained in Paragraph 144 of the Complaint as they

24   relate to MTPD and denies the remaining allegations for lack of knowledge or information

25   sufficient to form a belief as to the truth thereof.

26       145.    MTPD denies the allegations contained in Paragraph 145 of the Complaint as they

27   relate to MTPD and denies the remaining allegations for lack of knowledge or information

28   sufficient to form a belief as to the truth thereof.

146.   MTPD denies the allegations contained in Paragraph 146 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

147.   MTPD denies the allegations contained in Paragraph 147 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

148.   MTPD denies the allegations contained in Paragraph 148 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

149.   MTPD denies the allegations contained in Paragraph 149 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

150.   MTPD denies the allegations contained in Paragraph 150 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

151.   MTPD denies the allegations contained in Paragraph 151 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

152.   MTPD denies the allegations contained in Paragraph 152 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

153.   MTPD denies the allegations contained in Paragraph 153 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

154.   MTPD denies the allegations contained in Paragraph 154 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

E.   **"The CRT Market During the Conspiracy"**

18

155.    MTPD denies the allegations contained in Paragraph 155 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

156.    MTPD denies the allegations contained in Paragraph 156 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

157.    MTPD denies the allegations contained in Paragraph 157 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

158.    MTPD denies the allegations contained in Paragraph 158 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

159.    MTPD denies the allegations contained in Paragraph 159 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

160.    MTPD denies the allegations contained in Paragraph 160 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

161.    MTPD denies the allegations contained in Paragraph 161 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

162.    MTPD denies the allegations contained in Paragraph 162 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

163.    MTPD denies the allegations contained in Paragraph 163 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

164.    MTPD denies the allegations contained in Paragraph 164 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

165.    MTPD denies the allegations contained in Paragraph 165 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

F.      **"International Government Antitrust Investigations"**

166.    MTPD denies the allegations contained in Paragraph 166 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19

167.   MTPD denies the allegations contained in Paragraph 167 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by certain foreign competition authorities.

168.   MTPD denies the allegations contained in Paragraph 168 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

169.   MTPD denies the allegations contained in Paragraph 169 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around May 6, 2008, the Hungarian Competition Authority issued a press release concerning its initiation of a competition supervision proceeding in connection with an alleged conspiracy in the Hungarian market involving CRTs, and respectfully refers the Court to that document for a review of its contents.

170.   MTPD denies the allegations contained in Paragraph 170 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around February 10, 2009, the DOJ issued a press release concerning the indictment of an executive of Chunghwa Picture Tubes, Ltd., and respectfully refers the Court to that document for a review of its contents.

171.   MTPD denies the allegations contained in Paragraph 171 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around August 19, 2009, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

172.   MTPD denies the allegations contained in Paragraph 172 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, excepts admits that on or around March 30, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

173.   MTPD denies the allegations contained in Paragraph 173 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around November 9, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its

1 | contents.

2 | 174.   MTPD denies the allegations contained in Paragraph 174 of the Complaint for lack

3 | of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

4 | on or around March 18, 2011, the DOJ issued a press release concerning a plea agreement entered

5 | into by a CDT industry participant and respectfully refers the Court to that document for a review

6 | of its contents.

7 | 175.   MTPD denies the allegations contained in Paragraph 175 of the Complaint as they

8 | relate to MTPD and denies the remaining allegations for lack of knowledge or information

9 | sufficient to form a belief as to the truth thereof.

10 | 176.   MTPD denies the allegations contained in Paragraph 176 of the Complaint for lack

11 | of knowledge or information sufficient to form a belief as to the truth thereof.

12 | 177.   MTPD denies the allegations contained in Paragraph 177 of the Complaint for lack

13 | of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

14 | on or around December 5, 2012, the European Commission issued an announcement of certain

15 | fines relating to the CRT industry and respectfully refers the Court to that document for a review

16 | of its contents.

17 | 178.   MTPD denies the allegations contained in Paragraph 178 of the Complaint as they

18 | relate to MTPD and denies the remaining allegations for lack of knowledge or information

19 | sufficient to form a belief as to the truth thereof.

20 | 179.   MTPD denies the allegations contained in Paragraph 179 of the Complaint as they

21 | relate to MTPD and denies the remaining allegations for lack of knowledge or information

22 | sufficient to form a belief as to the truth thereof.

23 | 180.   MTPD denies the allegations contained in Paragraph 180 of the Complaint for lack

24 | of knowledge or information sufficient to form a belief as to the truth thereof.

25 | 181.   MTPD denies the allegations contained in Paragraph 181 of the Complaint, except

26 | admits that an alleged conspiracy concerning the TFT-LCD market is or was being investigated

27 | by the DOJ, and by certain other international competition authorities, and that this investigation

28 | was revealed on or around December 2006.  MTPD further avers that it is not a subject of these

DEFENDANT MT PICTURE DISPLAY'S                                                  Case No. 07-5944 SC
ANSWER TO TWEETER'S FIRST AMENDED COMPLAINT                      MDL NO. 1917

1  investigations.

2        182.    MTPD denies the allegations contained in Paragraph 182 of the Complaint for lack

3  of knowledge or information sufficient to form a belief as to the truth thereof.

4        183.    MTPD denies the allegations contained in Paragraph 183 of the Complaint for lack

5  of knowledge or information sufficient to form a belief as to the truth thereof.

6        184.    MTPD denies the allegations contained in Paragraph 184 of the Complaint for lack

7  of knowledge or information sufficient to form a belief as to the truth thereof.

8        185.    MTPD denies the allegations contained in Paragraph 185 of the Complaint for lack

9  of knowledge or information sufficient to form a belief as to the truth thereof.

10       **G.**    "**The Role of Trade Associations During the Relevant Period**"

11       186.    MTPD denies the allegations contained in Paragraph 186 of the Complaint as they

12  relate to MTPD and denies the remaining allegations for lack of knowledge or information

13  sufficient to form a belief as to the truth thereof.

14       187.    MTPD denies the allegations contained in Paragraph 187 of the Complaint for lack

15  of knowledge or information sufficient to form a belief as to the truth thereof.

16       188.    MTPD denies the allegations contained in Paragraph 188 of the Complaint for lack

17  of knowledge or information sufficient to form a belief as to the truth thereof.

18       189.    MTPD denies the allegations contained in Paragraph 189 of the Complaint as they

19  relate to MTPD and denies the remaining allegations for lack of knowledge or information

20  sufficient to form a belief as to the truth thereof.

21       190.    MTPD denies the allegations contained in Paragraph 190 of the Complaint as they

22  relate to MTPD and denies the remaining allegations for lack of knowledge or information

23  sufficient to form a belief as to the truth thereof.

24       **H.**    "**Effects of Defendants' Antitrust Violations**"

25            **1.**    "**Examples of Reductions in Manufacturing Capacity by Defendants**"

26       191.    The allegations contained in Paragraph 191 of the Complaint constitute

27  characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

28  required.  To the extent that a response is required, MTPD denies the allegations contained in

22

1   Paragraph 191 of the Complaint as they relate to MTPD and denies the remaining allegations for

2   lack of knowledge or information sufficient to form a belief as to the truth thereof.

3        192.    MTPD denies the allegations contained in Paragraph 192 of the Complaint, except

4   admits that its subsidiary in New York ceased operations in December 2004, and admits that a

5   press release contained the phrases quoted in Paragraph 192 of the Complaint.

6        193.    MTPD denies the allegations contained in Paragraph 193 of the Complaint for lack

7   of knowledge or information sufficient to form a belief as to the truth thereof.

8        194.    MTPD denies the allegations contained in Paragraph 194 of the Complaint for lack

9   of knowledge or information sufficient to form a belief as to the truth thereof, except avers that it

10  was announced on November 30, 2005, not in December 2005, that MTPD's American subsidiary

11  in Ohio and German subsidiary would discontinue operations.

12       195.    MTPD denies the allegations contained in Paragraph 195 of the Complaint for lack

13  of knowledge or information sufficient to form a belief as to the truth thereof.

14       196.    MTPD denies the allegations contained in Paragraph 196 of the Complaint for lack

15  of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

16  the closure of Matsushita Malaysia was announced in July 2006.

17               **2.    "Examples of Collusive Pricing for CRTs"**

18       197.    MTPD denies the allegations contained in Paragraph 197 of the Complaint in their

19  entirety as they relate to MTPD and denies the remaining allegations for lack of knowledge or

20  information sufficient to form a belief as to the truth thereof.

21       198.    MTPD denies the allegations contained in Paragraph 198 of the Complaint for lack

22  of knowledge or information sufficient to form a belief as to the truth thereof.

23       199.    MTPD denies the allegations contained in Paragraph 199 of the Complaint for lack

24  of knowledge or information sufficient to form a belief as to the truth thereof.

25       200.    MTPD denies the allegations contained in Paragraph 200 of the Complaint as they

26  relate to MTPD and denies the remaining allegations for lack of knowledge or information

27  sufficient to form a belief as to the truth thereof.

28       201.    MTPD denies the allegations contained in Paragraph 201 of the Complaint for lack

1  of knowledge or information sufficient to form a belief as to the truth thereof.

2      202.   MTPD denies the allegations contained in Paragraph 202 of the Complaint as they

3  relate to MTPD and denies the remaining allegations for lack of knowledge or information

4  sufficient to form a belief as to the truth thereof.

5      203.   MTPD denies the allegations contained in Paragraph 203 of the Complaint for lack

6  of knowledge or information sufficient to form a belief as to the truth thereof.

7      204.   MTPD denies the allegations contained in Paragraph 204 of the Complaint for lack

8  of knowledge or information sufficient to form a belief as to the truth thereof.

9      205.   MTPD denies the allegations contained in Paragraph 205 of the Complaint as they

10  relate to MTPD and denies the remaining allegations for lack of knowledge or information

11  sufficient to form a belief as to the truth thereof.

12      **I.**   **"Summary Of Effects Of The Conspiracy Involving CRTs"**

13      206.   MTPD denies the allegations contained in Paragraph 206 of the Complaint,

14  including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of

15  knowledge or information sufficient to form a belief as to the truth thereof.

16  **VII.**   **"PLAINTIFF'S INJURIES"**

17      207.   MTPD denies the allegations contained in Paragraph 207 of the Complaint as they

18  relate to MTPD and denies the remaining allegations for lack of knowledge or information

19  sufficient to form a belief as to the truth thereof.

20      208.   MTPD denies the allegations contained in Paragraph 208 of the Complaint as they

21  relate to MTPD and denies the remaining allegations for lack of knowledge or information

22  sufficient to form a belief as to the truth thereof.

23      209.   The allegations contained in Paragraph 209 of the Complaint constitute legal

24  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

25  response is required, MTPD denies the allegations as they relate to MTPD and denies the

26  remaining allegations for lack of knowledge or information sufficient to form a belief as to the

27  truth thereof.

28

210.   MTPD denies the allegations contained in Paragraph 210 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

211.   The allegations contained in Paragraph 211 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 211 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

212.   MTPD denies the allegations contained in Paragraph 212 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

213.   MTPD denies the allegations contained in Paragraph 213 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VIII.   "FRAUDULENT CONCEALMENT"

214.   MTPD denies the allegations contained in Paragraph 214 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

215.   MTPD denies the allegations contained in Paragraph 215 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

216.   MTPD denies the allegations contained in Paragraph 216 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

217.   MTPD denies the allegations contained in Paragraph 217 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

218.   MTPD denies the allegations contained in Paragraph 218 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

1  sufficient to form a belief as to the truth thereof.

2       219.    MTPD denies the allegations contained in Paragraph 219 the Complaint as they

3  relate to MTPD and denies the remaining allegations for lack of knowledge or information

4  sufficient to form a belief as to the truth thereof.

5       220.    MTPD denies the allegations contained in Paragraph 220 of the Complaint as they

6  relate to MTPD and denies the remaining allegations for lack of knowledge or information

7  sufficient to form a belief as to the truth thereof.

8       221.    MTPD denies the allegations contained in Paragraph 221 of the Complaint as they

9  relate to MTPD and denies the remaining allegations for lack of knowledge or information

10  sufficient to form a belief as to the truth thereof.

11       222.    MTPD denies the allegations contained in Paragraph 222 of the Complaint as they

12  relate to MTPD and denies the remaining allegations for lack of knowledge or information

13  sufficient to form a belief as to the truth thereof.

14       223.    MTPD denies the allegations contained in Paragraph 223 of the Complaint as they

15  relate to MTPD and denies the remaining allegations for lack of knowledge or information

16  sufficient to form a belief as to the truth thereof.

17       224.    MTPD denies the allegations contained in Paragraph 224 of the Complaint as they

18  relate to MTPD and denies the remaining allegations for lack of knowledge or information

19  sufficient to form a belief as to the truth thereof.

20       225.    MTPD admits that Plaintiff purports to toll the applicable statute of limitations, but

21  otherwise denies the allegations contained in Paragraph 225 of the Complaint as they relate to

22  MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to

23  form a belief as to the truth thereof.

24

25  IX.    "*AMERICAN PIPE*, GOVERNMENT ACTION, AND CROSS JURISDICTIONAL
        TOLLING"

26

27       226.    MTPD incorporates and realleges its responses to Paragraphs 170-176 above, as if

28  fully set forth herein.  The allegations contained in Paragraph 226 of the Complaint constitute

legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 226 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

227.   The allegations contained in Paragraph 227 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 227 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

228.   The allegations contained in Paragraph 228 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 228 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

X.   **"CLAIM FOR VIOLATIONS"**

**"First Claim for Relief"**

**"(Violation of Section 1 of the Sherman Act)"**

229.   MTPD incorporates and realleges its responses to Paragraphs 1-228 above, as if fully set forth herein.

230.   The allegations contained in Paragraph 230 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 230 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

231.   MTPD denies the allegations contained in Paragraph 231 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

232.    MTPD denies the allegations contained in Paragraph 232 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

233.    MTPD denies the allegations contained in Paragraph 233 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

234.    MTPD denies the allegations contained in Paragraph 234 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

235.    MTPD denies the allegations contained in Paragraph 235 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Second Claim for Relief"**

**"(Violation of Massachusetts General Laws Chapter 93A, §§ 2, *et seq.*)"**

236.    MTPD incorporates and realleges its responses to Paragraphs 1-235 above, as if fully set forth herein.

237.    MTPD denies the allegations contained in Paragraph 237 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

238.    The allegations contained in Paragraph 238 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 238 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

239.    The allegations contained in Paragraph 239 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 239 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

28

1    sufficient to form a belief as to the truth thereof.

2    240.    MTPD denies the allegations contained in Paragraph 240 of the Complaint,

3    including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of

4    knowledge or information sufficient to form a belief as to the truth thereof.

5    241.    MTPD denies the allegations contained in Paragraph 241 of the Complaint,

6    including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of

7    knowledge or information sufficient to form a belief as to the truth thereof.

8    242.    MTPD denies the allegations contained in Paragraph 242 of the Complaint as they

9    relate to MTPD, and denies the remaining allegations for lack of knowledge or information

10   sufficient to form a belief as to the truth thereof.

11   243.    The allegations contained in Paragraph 243 of the Complaint, including its

12   subparts, constitute legal contentions and/or conclusions to which no responsive pleading is

13   required.  To the extent that a response is required, MTPD denies the allegations contained in

14   Paragraph 243 of the Complaint, including its subparts, as they relate to MTPD, and denies the

15   remaining allegations for lack of knowledge or information sufficient to form a belief as to the

16   truth thereof.

17   244.    The allegations contained in Paragraph 244 of the Complaint constitute legal

18   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

19   response is required, MTPD denies the allegations contained in Paragraph 244 of the Complaint

20   as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

21   sufficient to form a belief as to the truth thereof.

22   245.    MTPD denies the allegations contained in Paragraph 245 of the Complaint as they

23   relate to MTPD, and denies the remaining allegations for lack of knowledge or information

24   sufficient to form a belief as to the truth thereof.

25   246.    MTPD denies the allegations contained in Paragraph 246 of the Complaint as they

26   relate to MTPD and denies the remaining allegations for lack of knowledge or information

27   sufficient to form a belief as to the truth thereof.

28   247.    The allegations contained in Paragraph 247 of the Complaint constitute legal

contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 247 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

248.    The allegations contained in Paragraph 248 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 248 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

249.    The allegations contained in Paragraph 249 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 249 of the Complaint, including its subparts, as they relate to MTPD, except admits that its counsel received correspondence from Plaintiff's counsel dated November 11, 2011 which demanded an undetermined sum of damages for an alleged violation of the Massachusetts Consumer Protection Statute.  MTPD denies the remaining allegations contained in Paragraph 249 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

250.    MTPD denies the allegations contained in Paragraph 250 of the Complaint as they relate to MTPD, and avers that it responded to Plaintiff's purported "First Demands" by letter to Philip J. Iovieno dated December 9, 2011.  MTPD denies the remaining allegations contained in Paragraph 250 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

251.    The allegations contained in Paragraph 251 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 251 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

252.    MTPD denies the allegations contained in Paragraph 252 of the Complaint as they

1   relate to MTPD and denies the remaining allegations for lack of knowledge or information

2   sufficient to form a belief as to the truth thereof.

3        253.   MTPD denies the allegations contained in Paragraph 253 of the Complaint as they

4   relate to MTPD and denies the remaining allegations for lack of knowledge or information

5   sufficient to form a belief as to the truth thereof.

6   **XI.   "PRAYER FOR RELIEF"**

7        MTPD denies that Plaintiff suffered any injury or incurred any damages by any act

8   or omission of MTPD as alleged in the Complaint, and further denies that Plaintiff is entitled to

9   any relief under any theory by means of the allegations set forth in each of the paragraphs and

10  their subparts in the Complaint.

11  **XII.   "JURY TRIAL DEMAND"**

12       The allegations contained under the heading "Jury Trial Demand" contain no

13  factual assertions for which a response is required.   To the extent that a response is required,

14  MTPD denies the allegations contained under the heading "Jury Trial Demand" in their entirety,

15  except admits that Plaintiff demand a trial by jury.

16         **DEFENSES**

17       FURTHER, MTPD asserts the following defenses and affirmative defenses to the

18  Complaint.   MTPD does not concede that it has the burden of proof as to any of the defenses

19  listed below:

20         **FIRST DEFENSE**

21         (Failure to State a Claim for Relief)

22       Neither Plaintiff's Complaint nor any claim for relief asserted therein states facts

23  sufficient to constitute a claim for relief against MTPD.

24         **SECOND DEFENSE**

25         (Statute of Limitations)

26       The relief sought by Plaintiff is barred, in whole or in part, by the applicable

27  statutes of limitations.

28

DEFENDANT MT PICTURE DISPLAY'S                Case No. 07-5944 SC
ANSWER TO TWEETER'S FIRST AMENDED COMPLAINT     MDL NO. 1917

**THIRD DEFENSE**

(Actual and Proximate Injury)

The relief sought by Plaintiff is barred, in whole or in part, because the Plaintiff was not actually and proximately injured in its business or property by reason of any action(s) or omission(s) of MTPD.

**FOURTH DEFENSE**

(No Damages)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has suffered no injury or damages as a result of the matters alleged in the Complaint. To the extent that Plaintiff purportedly suffered injury or damage, which MTPD specifically denies, MTPD further contends that any such purported injury or damage was not by reason of any act or omission of MTPD.

**FIFTH DEFENSE**

(No Antitrust Injury)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to remedy.

**SIXTH DEFENSE**

(Speculative Damages)

The relief sought by Plaintiff is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

**SEVENTH DEFENSE**

(Mitigation)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to take appropriate and necessary steps to mitigate its alleged damages, if any.

**EIGHTH DEFENSE**

(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

1    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

2    failed to allege fraud or fraudulent concealment with sufficient particularity.

3    **NINTH DEFENSE**

4    (Failure to Plead Conspiracy with Particularity)

5    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

6    failed to allege conspiracy with sufficient particularity.

7    **TENTH DEFENSE**

8    (Lack of Standing to Sue for Injuries Alleged)

9    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff lacks

10   standing to sue for the injuries alleged in the Complaint.  To the extent that Plaintiff purchased

11   products containing CRTs, as opposed to CRTs themselves, its alleged injuries are even more

12   speculative, derivative, indirect, and remote.  Plaintiff's damage claims create an impermissible

13   risk of duplicative recoveries and complex damage apportionment.

14   **ELEVENTH DEFENSE**

15   (Due Process)

16   To the extent Plaintiff's claims would result in MTPD paying damages to more

17   than one claimant for the same alleged overcharges to customers, they are barred because such

18   multiple liability would violate rights guaranteed to MTPD by the United States Constitution,

19   including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth

20   Amendment, and by applicable state law.

21   **TWELFTH DEFENSE**

22   (Other/Superseding Causation)

23   The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's

24   damages, if any, resulted from the acts or omissions of third parties over whom MTPD had no

25   control or responsibility.  The acts of such third parties constitute intervening or superseding cases

26   of harm, if any, suffered by Plaintiff.

27   **THIRTEENTH DEFENSE**

28   (Waiver and Estoppel)

1        The relief sought by Plaintiff is barred, in whole or in part, by the doctrines of

2   waiver and/or estoppel.

3   ### FOURTEENTH DEFENSE

4   (Laches)

5        The relief sought by Plaintiff is barred, in whole or in part, by the equitable

6   doctrine of laches.

7   ### FIFTEENTH DEFENSE

8   (Unclean Hands)

9        The relief sought by Plaintiff is barred, in whole or in part, by the equitable

10  doctrine of unclean hands.

11  ### SIXTEENTH DEFENSE

12  (Unjust Enrichment)

13       The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff would

14  be unjustly enriched if it were allowed to recover any part of the damages alleged in the

15  Complaint.

16  ### SEVENTEENTH DEFENSE

17  (Adequate Remedy at Law)

18       The equitable relief sought by Plaintiff is barred, in whole or in part, because

19  Plaintiff has available an adequate remedy at law.

20  ### EIGHTEENTH DEFENSE

21  (Comparative Fault)

22       The relief sought by Plaintiff is barred, in whole or in part, because any and all

23  injuries alleged in the Complaint, the fact and extent of which MTPD specifically denies, were

24  directly and proximately caused or contributed to by the statements, acts, and/or omissions of

25  Plaintiff and/or third parties or entities, other than MTPD.

26  ### NINETEENTH DEFENSE

27  (Acquiescence)

28

34

The relief sought by Plaintiff is barred, in whole or in part, by Plaintiff's acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to MTPD.

### TWENTIETH DEFENSE

(No Detrimental Reliance)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

### TWENTY-FIRST DEFENSE

(Set Off)

Without admitting that Plaintiff is entitled to recover damages in this matter, MTPD is entitled to set off from any recovery Plaintiff may obtain against MTPD any amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

### TWENTY-SECOND DEFENSE

(Failure to State a Claim for Injunctive Relief)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

### TWENTY-THIRD DEFENSE

(Lack of Jurisdiction)

The relief sought by Plaintiff is barred, in whole or in part, because any alleged conduct of MTPD occurred outside of the jurisdiction of the Court.

### TWENTY-FOURTH DEFENSE

(Foreign Trade Antitrust Improvements Act)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to make a single specific allegation to support the claim that the alleged conduct had "a direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a.

1

## TWENTY-FIFTH DEFENSE

2
(Foreign Conduct)

3          Plaintiff's claims are barred to the extent that they are based on conduct beyond the

4   territorial reach of the laws or courts of the United States.

5

## TWENTY-SIXTH DEFENSE

6
(Damages Not Passed Through To Plaintiff)

7          The relief sought by Plaintiff is barred, in whole or in part, because any injury or

8   damage alleged in the Complaint was not incurred by or passed on to Plaintiff, or was incurred by

9   or passed on to persons or entities other than Plaintiff.

10

## TWENTY-SEVENTH DEFENSE

11
(Damages Passed On)

12          The relief sought by Plaintiff is barred, in whole or in part, because any injury or

13   damage alleged in the Complaint, which MTPD specifically denies, was passed on to persons or

14   entities other than the Plaintiff and/or was passed on by Plaintiff to other parties.

15

## TWENTY-EIGHTH DEFENSE

16
(No Unreasonable Restraint Of Trade)

17          The relief sought by Plaintiff is barred, in whole or in part, because the alleged

18   conduct of MTPD did not unreasonably restrain trade.

19

## TWENTY-NINTH DEFENSE

20
(Acts Outside The Jurisdiction)

21          The relief sought by Plaintiff is barred, in whole or in part, to the extent MTPD's

22   alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor

23   affected persons, entities, or commerce in Massachusetts.

24

## THIRTIETH DEFENSE

25
(Restitution Unmanageable and Inequitable)

26          The relief sought by Plaintiff is barred, in whole or in part, to the extent the

27   restitution sought in the Complaint is unmanageable and inequitable.

28

36

1

## THIRTY-FIRST DEFENSE

2

(Lack of Standing as Indirect Purchasers)

3

The relief sought by Plaintiff is barred, in whole or in part, to the extent the State

4

law cited has not repealed the *Illinois Brick* doctrine.

5

## THIRTY-SECOND DEFENSE

6

(Unjust Enrichment Claims Barred)

7

The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff

8

has failed to exhaust all remedies against MTPD.

9

## THIRTY-THIRD DEFENSE

10

(Private Claim Cannot Be Brought In A Representative Capacity)

11

The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff

12

brings any claims in a representative capacity, to the extent a private claim may not be brought in

13

a representative capacity under the State law cited.

14

## THIRTY-FOURTH DEFENSE

15

(Goods Not Purchased Primarily For Personal, Family, or Household Purposes)

16

The relief sought by Plaintiff is barred, in whole or in part, to the extent that Plaintiff did

17

not purchase goods primarily for personal, family, or household purposes.

18

## THIRTY-FIFTH DEFENSE

19

(Independent, Legitimate Business and Economic Justification)

20

The relief sought by Plaintiff is barred, in whole or in part, because any conduct

21

engaged in by MTPD was reasonable and based on independent, legitimate business and

22

economic justification.

23

## THIRTY-SIXTH DEFENSE

24

(Attorneys' Fees)

25

Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is

26

not allowed under applicable federal or state law.

27

28

DEFENDANT MT PICTURE DISPLAY'S
ANSWER TO TWEETER'S FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

1

**THIRTY-SEVENTH DEFENSE**

2

(Lack of Sufficient Contacts to States)

3      The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's

4  claims lack sufficient contacts to the states under whose laws they are brought, in violation of

5  rights guaranteed to MTPD by the United States Constitution, including, without limitation, rights

6  guaranteed by the Due Process Clause of the Fourteenth Amendment, and by other applicable

7  state and federal law.

8

**THIRTY-EIGHTH DEFENSE**

9

(Inadequate Pre-Litigation Demand Under Massachusetts Law)

10      The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff failed

11  to comply with Massachusetts law requiring Plaintiff to serve a pre-litigation demand upon

12  MTPD, or because any purported pre-litigation demand was substantively or procedurally

13  deficient.

14

**INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES**

15      MTPD hereby incorporates by reference, as if set forth fully herein, all other

16  defenses and affirmative defenses to the Complaint alleged by any other defendant.  MTPD

17  presently has insufficient knowledge or information on which to form a belief as to whether it

18  may have available additional, as yet unstated, defenses.  MTPD reserves the right to assert other

19  defenses and affirmative defenses as this action proceeds, the right to file an amended answer

20  asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event

21  that discovery indicates that such pleadings are appropriate.

22      WHEREFORE, MTPD prays for judgment as follows:

23      1.      That Plaintiff take nothing under the Complaint, and the Complaint be

24              dismissed with prejudice;

25      2.      That judgment be entered in favor of MTPD and against Plaintiff on each

26              and every cause of action set forth in the Complaint;

27      3.      That MTPD recover its costs of suit and attorneys' fees incurred herein;

28  and

DEFENDANT MT PICTURE DISPLAY'S                                    Case No. 07-5944 SC
ANSWER TO TWEETER'S FIRST AMENDED COMPLAINT                       MDL NO. 1917

1              4.      That MTPD be granted such other and further relief as the Court deems just

2         and proper.

3

4  Dated: November 4, 2013          By: ___*/s/ David L. Yohai*_____

5                              DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com

6                              ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com

7                              DAVID E. YOLKUT (*pro hac vice*)
E-mail: david.yolkut@weil.com

8                              **WEIL, GOTSHAL & MANGES LLP**

9                              767 Fifth Avenue
New York, New York 10153-0119

10                            Telephone: (212) 310-8000
Facsimile: (212) 310-8007

11

12                              GREGORY D. HULL (57367)
E-mail: greg.hull@weil.com

13                              **WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway

14                              Redwood Shores, California 94065-1175
Telephone: (650) 802-3000

15                              Facsimile: (650) 802-3100

16                              JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@winston.com

17                              A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@winston.com

18                              ALDO A. BADINI (257086)
Email: abadini@winston.com

19                              EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com

20                              MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com

21                              **WINSTON & STRAWN LLP**
200 Park Avenue

22                              New York, New York 10166-4193
Telephone: (212) 294-4692

23                              Facsimile: (212) 294-4700

24

25                              ***Attorneys for Matsushita Toshiba Picture Display Co., Ltd. ("MTPD")***

26

27

28

1

2   DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)

3   DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**

4   767 Fifth Avenue
New York, New York 10153-0119

5   Telephone: (212) 310-8000
Facsimile: (212) 310-8007

6   E-mail: david.yohai@weil.com

7   GREGORY D. HULL (57367)
**WEIL, GOTSHAL & MANGES LLP**

8   201 Redwood Shores Parkway
Redwood Shores, California 94065-1175

9   Telephone: (650) 802-3000
Facsimile: (650) 802-3100

10   E-mail: greg.hull@weil.com

11   JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)

12   ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)

13   MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**

14   200 Park Avenue
New York, New York 10166-4193

15   Telephone: (212) 294-6700
Facsimile: (212) 294-4700

16   E-mail: jkessler@winston.com

17   *Attorneys for Defendants Panasonic Corporation,*
*Panasonic Corporation of North America, and*

18   *Matsushita Toshiba Picture Display Co., Ltd.*

19

20             **UNITED STATES DISTRICT COURT**

21          **NORTHERN DISTRICT OF CALIFORNIA**

22             **SAN FRANCISCO DIVISION**

23   **In re: CATHODE RAY TUBE (CRT)**
**ANTITRUST LITIGATION**

24

25   This Document Relates to:

26   TWEETER ACTION
12-cv-02649

27

28

No.: 07-5944 SC
MDL NO. 1917

**CERTIFICATE OF SERVICE**

Case No. 07-5944 SC
MDL NO. 1917

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Weil, Gotshal & Manges LLP, whose address is 767 Fifth Avenue, New York, New York 10153.  I am not a party to the within cause, and I am over the age of eighteen years.  I further declare that on November 4, 2013, I served a copy of:

**DEFENDANT PANASONIC CORPORATION'S ANSWER TO TWEETER'S FIRST AMENDED COMPLAINT; DEFENDANT MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD.'S ANSWER TO TWEETER'S FIRST AMENDED COMPLAINT; AND DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER TO TWEETER'S FIRST AMENDED COMPLAINT**

☒     **BY ELECTRONIC FILING** by serving a true copy on this date of each document listed above via the Court's ECF Document Filing System on all interested parties registered for electronic filing in this action.

Executed on November 4, 2013 at New York, New York.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Lara E. Veblen

Certificate of Service
Individual Case No. 12-cv-02649

Case No. 07-5944 SC
MDL NO. 1917