BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile:  (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Philips Electronics North America Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 11-cv-06275 |
| | Master File No. 3:07-cv-05944-SC |
| This Document Relates To Individual Case No. 11-cv-06275 | MDL No. 1917 |
| INTERBOND CORPORATION OF AMERICA., d/b/a BrandsMart USA | |
|          Plaintiff, |  **ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO INTERBOND CORPORATION OF AMERICA., d/b/a BrandsMart USA'S FIRST AMENDED COMPLAINT** |
|     vs. | |
| HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; | **Trial Date: None Set** |

MDL 1917

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO INTERBOND
CORPORATION OF AMERICA., d/b/a BrandsMart USA'S FIRST AMENDED COMPLAINT

1  SHENZHEN SEG HITACHI COLOR
DISPLAY DEVICES, LTD.; IRICO GROUP
2  CORPORATION; IRICO GROUP
ELECTRONICS CO., LTD.; IRICO DISPLAY
3  DEVICES CO., LTD.; LG
ELECTRONICS, INC.; LG ELECTRONICS
4  USA, INC.; LP DISPLAYS
INTERNATIONAL LTD.; PANASONIC
5  CORPORATION; PANASONIC
CORPORATION OF NORTH AMERICA;
6  MT PICTURE DISPLAY CO., LTD.;
BEIJING MATSUSHITA COLOR CRT CO.,
7  LTD.; KONINKLIJKE PHILIPS
ELECTRONICS N.V.; PHILIPS
8  ELECTRONICS NORTH AMERICA
CORPORATION; PHILIPS ELECTRONICS
9  INDUSTRIES (TAIWAN), LTD.; PHILIPS
DA AMAZONIA INDUSTRIA
10  ELECTRONICA LTDA.; SAMSUNG SDI
CO., LTD.; SAMSUNG SDI AMERICA,
11  INC.; SAMSUNG SDI MEXICO S.A. DE
C.V.; SAMSUNG SDI BRASIL LTDA.;
12  SHENZHEN SAMSUNG SDI CO., LTD.;
TIANJIN SAMSUNG SDI CO., LTD.;
13  SAMSUNG SDI (MALAYSIA) SDN. BHD.;
SAMTEL COLOR LTD.; THAI CRT CO.,
14  LTD.; TOSHIBA CORPORATION;
TOSHIBA AMERICA, INC.; TOSHIBA
15  AMERICA CONSUMER PRODUCTS,
LLC; TOSHIBA AMERICA ELECTRONIC
16  COMPONENTS, INC.; TOSHIBA
AMERICA INFORMATION SYSTEMS,
17  INC.; CHUNGHWA PICTURE TUBES,
LTD.; CHUNGHWA PICTURE TUBES
18  (MALAYSIA),

19  Defendants.

20

21

22

23     Defendant Koninklijke Philips N.V. ("PENAC"), by and through its undersigned counsel

24  of record, answers INTERBOND CORPORATION OF AMERICA., d/b/a BrandsMart USA's

25  ("Plaintiff") First Amended Complaint (the "Amended Complaint") and alleges additional or

26  affirmative defenses as follows.  PENAC denies each and every allegation in the Amended

27  Complaint's section headings asserted herein and in all portions of the Amended Complaint not

28                                                        1                              MDL 1917

contained in numbered paragraphs.  To the extent that the Amended Complaint's allegations concern persons and/or entities other than PENAC, PENAC denies that such allegations support any claim for relief against PENAC.  PENAC denies any allegations not explicitly admitted herein.

## I.      INTRODUCTION[1]

1.      To the extent that the allegations in Paragraph 1 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 1 are definitional, no response is required.  To the extent that the allegations in Paragraph 1 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 1 relate to PENAC, PENAC denies all of the allegations.

2.      To the extent that the allegations in Paragraph 2 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 2 are definitional, no response is required.  PENAC avers that the use of the terms "CPTs," "CDTs," "CPT Products," "CDT Products," and "CRT Products," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Amended Complaint indefinite and uncertain.  To the extent that the allegations in Paragraph 2 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 2 relate to PENAC, PENAC denies all of the allegations.

3.      To the extent that the allegations in Paragraph 3 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 3 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the allegations in Paragraph 3 relate to PENAC, PENAC denies all of the allegations.

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the Amended Complaint.

4.      To the extent that the allegations in Paragraph 4 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 4 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 4 relate to PENAC, PENAC denies all of the allegations.

5.      To the extent that the allegations in Paragraph 5 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 5 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 5 relate to PENAC, PENAC denies all of the allegations.

6.      To the extent that the allegations in Paragraph 6 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 6 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 6 relate to PENAC, PENAC denies all of the allegations.

7.      To the extent that the allegations in Paragraph 7 state legal contentions, no response is required.  PENAC lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 7 and, on that basis, denies them. To the extent the allegations in Paragraph 7 relate to PENAC, PENAC denies all of the allegations.

8.      PENAC admits that government authorities in the United States and other countries have commenced investigations of the CRT industry, the details of which are matters of public record and such records speak for themselves.  PENAC admits that an indictment was issued against C.Y. Lin, the details of which are matters of public record and such records speak for themselves.  PENAC admits that other individuals have been indicted by the DOJ, the details of which are matters of public record and such records speak for themselves.

9.      To the extent that the allegations in Paragraph 9 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 9 relate to Plaintiff, PENAC

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO INTERBOND
CORPORATION OF AMERICA., d/b/a BrandsMart USA'S FIRST AMENDED COMPLAINT

lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 9 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 9 relate to PENAC, PENAC denies all of the allegations.  PENAC denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 9.

## II.   ALLEGATIONS CONCERNING JURISDICTION AND VENUE

10.   The allegations in Paragraph 10 state legal contentions to which no response is required. PENAC admits that Plaintiff purports to bring this action to obtain injunctive relief under Section 16 of the Clayton Act, and to recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1), but denies that Plaintiff is entitled to any relief under those statutes.

11.   PENAC admits that Plaintiff purports to bring this action pursuant to various state laws, but denies that Plaintiff is entitled to any relief under those laws.  PENAC denies any remaining allegations in Paragraph 11.

12.   The allegations in Paragraph 12 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that the allegations in Paragraph 12 require a response, PENAC denies that this district has subject matter jurisdiction based on the conduct of PENAC as alleged in the Amended Complaint.

13.   The allegations in Paragraph 13 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 13 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 13 relate to PENAC, PENAC denies these allegations.

14.   The allegations in Paragraph 14 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 14 relate to other defendants, PENAC lacks knowledge or information sufficient to

4   MDL 1917

form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 14 relate to PENAC, PENAC denies that this district has subject matter jurisdiction based on the conduct of PENAC as alleged in the Amended Complaint.

15.     The allegations in Paragraph 15 regarding venue constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 15 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 15 relate to PENAC, PENAC denies these allegations and denies that venue lies with this district based on the conduct of PENAC as alleged in the Amended Complaint.

### III.     ALLEGATIONS CONCERNING THE PARTIES

16.     To the extent that the allegations in Paragraph 16 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 16 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 16 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 16 relate to PENAC, PENAC denies them.

17.     To the extent that the allegations in Paragraph 17 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 17 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 17 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 17 relate to PENAC, PENAC denies all of the allegations.

18.     To the extent that the allegations in Paragraph 18 state legal contentions, no

5

response is required.  To the extent that the allegations in Paragraph 18 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 18 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 18 relate to PENAC, PENAC denies all of the allegations.

19.     The allegations in Paragraph 19 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies them.

20.     The allegations in Paragraph 20 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies them.

21.     The allegations in Paragraph 21 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, denies them.

22.     The allegations in Paragraph 22 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies them.

23.     The allegations in Paragraph 23 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies them.

24.     The allegations in Paragraph 24 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies them.

25.     The allegations in Paragraph 25 are an explanation of terminology, for which no response is required.

26.     The allegations in Paragraph 26 are not directed at PENAC and, therefore, no

response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies them.

27.    The allegations in Paragraph 27 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, on that basis, denies them.

28.    The allegations in Paragraph 28 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, on that basis, denies them.

29.    The allegations in Paragraph 29 are an explanation of terminology, for which no response is required.

30.    To the extent that the allegations in Paragraph 30 state legal contentions, no response is required.  PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and Koninklijke Philips N.V. ("KPNV") transferred its entire CRT business into the 50/50 CRT joint venture.  The remaining allegations in Paragraph 30 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and, on that basis, denies them.

31.    The allegations in Paragraph 31 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, on that basis, denies them.

32.    The allegations in Paragraph 32 are an explanation of terminology, for which no response is required.

33.    To the extent that the allegations in Paragraph 33 state legal contentions, no response is required.  PENAC admits that in 2001 LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 CRT joint venture.  The remaining allegations in Paragraph 33 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and, on that basis, denies them.

34.     The allegations in Paragraph 34 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, denies them.

35.     The allegations in Paragraph 35 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, on that basis, denies them.

36.     The allegations in Paragraph 36 are an explanation of terminology, for which no response is required.

37.     The allegations in Paragraph 37 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, denies them.

38.     The allegations in Paragraph 38 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, denies them.

39.     To the extent that the allegations in Paragraph 39 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 39 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and, on that basis, denies them.  PENAC admits that KPNV is a Dutch entity with its principal place of business at Brenner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands, but avers that KPNV legally changed its corporate name to Koninklijke Philips N.V.  PENAC admits that Philips & Co. was founded in 1891 but denies the remaining allegations found in the second and third sentences of Paragraph 39.  PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.   PENAC denies that it manufactured, marketed, sold and/or distributed CRT products on behalf of KPNV in the United States.    PENAC lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 and, on that basis, denies them.

40.     PENAC admits that it is a Delaware corporation with its principal place of business at 1251 Avenue of the Americas, New York, New York, 10020.  PENAC admits that it is an indirect subsidiary of KPNV.  Owing to the vagueness of "CRT Products," PENAC denies the third sentence of Paragraph 40.  PENAC denies that KPNV dominated or controlled its finances, policies, and affairs.  KPNV denies any remaining allegations in Paragraph 40.

41.     The allegations in Paragraph 41 are not directed at PENAC, and therefore no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, denies them.

42.     The allegations in Paragraph 42 are not directed at PENAC, and therefore no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, denies them.

43.     The allegations in Paragraph 43 are an explanation of terminology, for which no response is required.  PENAC avers, however, that Paragraph 43 renders the Amended Complaint indefinite and uncertain as to PENAC.

44.     The allegations in Paragraph 44 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, on that basis, denies them.

45.     The allegations in Paragraph 45 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, denies them.

46.     The allegations in Paragraph 46 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies them.

47.     The allegations in Paragraph 47 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 47 and, on that basis, denies them.

48.     The allegations in Paragraph 48 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, on that basis, denies them.

49.     The allegations in Paragraph 49 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies them.

50.     The allegations in Paragraph 50 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies them.

51.     The allegations in Paragraph 51 are an explanation of terminology, for which no response is required.

52.     The allegations in Paragraph 52 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies them.

53.     The allegations in Paragraph 53 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies them.

54.     The allegations in Paragraph 54 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies them.

55.     The allegations in Paragraph 55 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, denies them.

56.     The allegations in Paragraph 56 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, on that basis, denies them.

57.     The allegations in Paragraph 57 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, on that basis, denies them.

58.     The allegations in Paragraph 58 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, denies them.

59.     The allegations in Paragraph 59 are an explanation of terminology, for which no response is required.

60.     The allegations in Paragraph 60 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, denies them.

61.     The allegations in Paragraph 61 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies them.

62.     The allegations in Paragraph 62 are an explanation of terminology, for which no response is required.

**IV.     ALLEGATIONS CONCERNING AGENTS AND CO-CONSPIRATORS**

63.     The allegations of Paragraph 63 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 63 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 63 relate to PENAC, PENAC denies all of the allegations.

64.     The allegations in Paragraph 64 are ambiguous and/or unintelligible. To the extent that the allegations in Paragraph 64 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 64 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 64 relate to

PENAC, PENAC denies all of the allegations.

65.     The allegations in Paragraph 65 are not directed at PENAC and, therefore, no response is required.  The allegations in Paragraph 65 also state legal contentions, for which no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 65 relate to PENAC, PENAC denies all of the allegations.

66.     The allegations in Paragraph 66 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, on that basis, denies them.

67.     The allegations in Paragraph 67 are an explanation of terminology, for which no response is required.

68.     The allegations in Paragraph 68 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies them.

69.     The allegations in Paragraph 69 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies them.

70.     The allegations in Paragraph 70 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies them.

71.     The allegations of Paragraph 71 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 71 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 71 relate to PENAC, PENAC denies all of the allegations.

## V.    ALLEGATIONS CONCERNING TRADE AND COMMERCE

72.    The allegations in Paragraph 72 regarding "continuous and uninterrupted flow of interstate commerce and foreign commerce" are legal contentions to which no response is required. To the extent that the allegations in Paragraph 72 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the remaining allegations in Paragraph 72 require a response, PENAC denies all of the allegations.

73.    The allegations in Paragraph 73 state legal contentions to which no response is required. To the extent a response is required and the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73, and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 73 relate to PENAC, PENAC denies them.

74.    The allegations in Paragraph 74 state legal contentions to which no response is required. To the extent a response is required and the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74, and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 74 relate to PENAC, PENAC denies them.

## VI.    FACTUAL ALLEGATIONS

75.    PENAC admits that the allegations in Paragraph 75 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

76.    PENAC admits that the allegations in Paragraph 76 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

77.    PENAC admits that the allegations in Paragraph 77 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

78.    PENAC admits that the allegations in Paragraph 78 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

79.    PENAC admits that the allegations in Paragraph 79 purport to describe CRT

technology, but PENAC denies that such descriptions are accurate or complete.

80.     PENAC admits that the allegations in Paragraph 80 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

81.     To the extent that the allegations in Paragraph 81 state legal contentions, no response is required.  PENAC admits that the allegations in Paragraph 81 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

82.     To the extent that the allegations in Paragraph 82 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 82 relate to other defendants or Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 82 relate to PENAC, PENAC denies all of the allegations.  In particular, PENAC denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 82.

83.     To the extent that the allegations in Paragraph 83 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 83 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent that the allegations in Paragraph 83 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent that the allegations in Paragraph 83 relate to PENAC, PENAC denies all of the allegations.

84.     To the extent that the allegations in Paragraph 84 state legal contentions, no response is required.  PENAC denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 84.

85.     The allegations in Paragraph 85 are legal contentions to which no response is required.  To the extent that a response is required, PENAC denies every allegation in Paragraph 85.

86.     The allegations in Paragraph 86 are legal contentions to which no response is

required.  To the extent a response is required and the allegations in Paragraph 86 relate to defendants other than PENAC, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 86 relate to PENAC, PENAC denies all allegations.

87.     To the extent that the allegations in Paragraph 87 state legal contentions, no response is required.  To the extent that the other allegations in Paragraph 87 relate to defendants other than PENAC, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 87 relate to PENAC, PENAC denies all of the allegations.

88.     The allegations in Paragraph 88 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 88 are not directed at PENAC, and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, on that basis, denies them.

89.     PENAC avers that the use of the term "Philips" in Paragraph 89 renders the Amended Complaint indefinite and uncertain as to PENAC.  The allegations in Paragraph 89 are legal contentions to which no response is required.  To the extent that a response is required, PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  To the extent that the allegations in Paragraph 89 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies any remaining allegations in Paragraph 89.

90.     The allegations in Paragraph 90 are legal contentions to which no response is required.  To the extent a response is required, PENAC denies the allegations in Paragraph 90.

91.     PENAC avers that the use of the term "Philips" in Paragraph 91 renders the Amended Complaint indefinite and uncertain as to PENAC.  To the extent that the allegations in Paragraph 91 and its subparts state legal contentions, no response is required.  PENAC admits

that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture. PENAC admits that LG.Philips LCD Co., Ltd. was formed in 1999.  PENAC denies that it was supplied "CRTs" from Samtel.  To the extent that the remaining allegations in Paragraph 91 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 91 and its subparts relate to PENAC, PENAC denies them.

92.     The allegations in Paragraph 92 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 92 require a response, PENAC denies all of the allegations.

93.     The allegations in Paragraph 93 are legal contentions to which no response is required.  To the extent a response is required and that the allegations in Paragraph 93 relate to defendants other than PENAC, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 93 require a response, PENAC denies all of the allegations.

94.     The allegations in Paragraph 94 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 94 require a response, PENAC denies all of the allegations.

95.     The allegation in the second sentence of Paragraph 95 is a legal contention to which no response is required.  PENAC otherwise lacks knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 95 and, on that basis, denies them.

96.     The allegation in the second sentence of Paragraph 96 is a legal contention to which no response is required.  PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in the first and third sentences of Paragraph 96 and, on that basis, denies them.  To the extent a response is required and the remaining allegations in Paragraph 96 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required

and the remaining allegations in Paragraph 96 relate to PENAC, PENAC denies all of the allegations.

97.     The allegations in Paragraph 97 are legal contentions to which no response is required.  To the extent a response is required and the allegations relate to other defendants, PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 97 and, on that basis, denies them.  To the extent a response is required and the allegations relate to PENAC, PENAC denies all of the allegations in Paragraph 97.

98.     The allegations in Paragraph 98 are legal contentions to which no response is required.  To the extent a response is required, PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 98 and, on that basis, denies them.

99.     The allegations in Paragraph 99 are legal contentions to which no response is required.  To the extent a response is required, PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 99 and, on that basis, denies them.

100.     The allegations in Paragraph 100 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 100 relate to defendants other than PENAC, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 100 relate to PENAC, PENAC denies all of the allegations.

101.     The allegations in Paragraph 101 are legal contentions to which no response is required.  To the extent a response is required, PENAC denies all of the allegations in Paragraph 101.

102.     To the extent that the allegations in Paragraph 102 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 102 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 102 relate to PENAC, PENAC denies all of the allegations.

103.     The allegations in Paragraph 103 are not directed at PENAC and, therefore, no

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO INTERBOND CORPORATION OF AMERICA., d/b/a BrandsMart USA'S FIRST AMENDED COMPLAINT

response is required.  To the extent a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and, on that basis, denies them.

104.    To the extent that the allegations in Paragraph 104 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 104 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 104 relate to PENAC, PENAC denies all of the allegations.

105.    PENAC avers that the use of the term "Philips" in Paragraph 105 renders the Amended Complaint indefinite and uncertain as to PENAC.  To the extent that the allegations in Paragraph 105 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 105 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 105 concern PENAC, PENAC denies them.

106.    The allegations in Paragraph 106 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and, on that basis, denies them.

107.    To the extent that the allegations in Paragraph 107 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 107 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 107 relate to PENAC, PENAC denies them.

108.    The allegations in Paragraph 108 state legal contentions to which no response is required.  To the extent a response is required, PENAC denies all of the allegations of Paragraph 108.

109.    To the extent that the allegations in Paragraph 109 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 109 relate to other

defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 109 relate to PENAC, PENAC denies all of the allegations.

110.    To the extent that the allegations in Paragraph 110 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 110 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 110 relate to PENAC, PENAC denies all of the allegations.

111.    To the extent that the allegations in Paragraph 111 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 111 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 111 relate to PENAC, PENAC denies all of the allegations.

112.    To the extent that the allegations in Paragraph 112 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 112 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 112 relate to PENAC, PENAC denies all of the allegations.

113.    To the extent that the allegations in Paragraph 113 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 113 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 113 relate to PENAC, PENAC denies all of the allegations.

114.    PENAC avers that the use of the term "Philips" in Paragraph 114 renders the Amended Complaint indefinite and uncertain as to PENAC.  To the extent that the allegations in Paragraph 114 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 114 relate to other defendants, PENAC lacks knowledge or information sufficient to

1  form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in

2  Paragraph 114 relate to PENAC, PENAC denies all of the allegations.

3       115.    To the extent that the allegations in Paragraph 115 state legal contentions, no

4  response is required.  To the extent that the allegations in Paragraph 115 relate to other

5  defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

6  and, on that basis, denies them.  To the extent that the allegations in Paragraph 115 relate to

7  PENAC, PENAC denies all of the allegations.

8       116.    To the extent that the allegations in Paragraph 116 state legal contentions, no

9  response is required.  To the extent that the allegations in Paragraph 116 relate to other

10  defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

11  and, on that basis, denies them.  To the extent that the allegations in Paragraph 116 relate to

12  PENAC, PENAC denies all of the allegations.

13       117.    To the extent that the allegations in Paragraph 117 state legal contentions, no

14  response is required.  To the extent that the allegations in Paragraph 117 relate to other

15  defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

16  and, on that basis, denies them.  To the extent that the allegations in Paragraph 117 relate to

17  PENAC, PENAC denies all of the allegations.

18       118.    To the extent that the allegations in Paragraph 118 state legal contentions, no

19  response is required.  To the extent that the allegations in Paragraph 118 relate to other

20  defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

21  and, on that basis, denies them.  To the extent that the allegations in Paragraph 118 relate to

22  PENAC, PENAC denies all of the allegations.

23       119.    The allegations in Paragraph 119 state legal contentions to which no response is

24  required.  To the extent that a response is required and the allegations in Paragraph 119 relate to

25  other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their

26  truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 119 relate to

27  PENAC, PENAC denies all of the allegations.

28

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO INTERBOND
CORPORATION OF AMERICA., d/b/a BrandsMart USA'S FIRST AMENDED COMPLAINT

120.     To the extent that the allegations in Paragraph 120 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 120 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 120 relate to PENAC, PENAC denies all of the allegations.

121.     To the extent that the allegations in Paragraph 121 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 121 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 121 and its subparts relate to PENAC, PENAC denies all of the allegations.

122.     To the extent that the allegations in Paragraph 122 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 122 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 122 relate to PENAC, PENAC denies all of the allegations.

123.     To the extent that the allegations in Paragraph 123 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 123 refer to public statements by government authorities, those statements speak from themselves and no response is required.  To the extent that the allegations in Paragraph 123 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 123 relate to PENAC, PENAC denies all of the allegations.

124.     To the extent that the allegations in Paragraph 124 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 124 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 124 relate to PENAC, PENAC denies all of the allegations.

125.    To the extent that the allegations in Paragraph 125 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 125 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 125 relate to PENAC, PENAC denies all of the allegations.

126.    To the extent that the allegations in Paragraph 126 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 126 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 126 relate to PENAC, PENAC denies all of the allegations.

127.    To the extent that the allegations in Paragraph 127 state legal contentions, no response is required.  With respect to the third sentence in Paragraph 127, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 127 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 127 relate to PENAC, PENAC denies all of the allegations.

128.    To the extent that the allegations in Paragraph 128 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 128 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 128 relate to PENAC, PENAC denies all of the allegations.

129.    To the extent that the allegations in Paragraph 129 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 129 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 129 relate to PENAC, PENAC denies all of the allegations.

130.    The allegations in Paragraph 130 state legal contentions, no response is required. Additionally, the allegations in Paragraph 130 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 130 relate to PENAC, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and, on that basis, denies them.

131.    The allegations in Paragraph 131 state legal contentions, no response is required. Additionally, the allegations in Paragraph 131 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 131 relate to PENAC, PENAC denies them.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and, on that basis, denies them.

132.    The allegations in Paragraph 132 state legal contentions, no response is required. Additionally, the allegations in Paragraph 132 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 132 relate to PENAC, PENAC denies them.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and, on that basis, denies them.

133.    PENAC avers that the use of the term "Philips" in Paragraph 133 renders the Amended Complaint indefinite and uncertain as to PENAC.  The allegations in Paragraph 133 state legal contentions, no response is required.  Additionally, the allegations in Paragraph 133 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 133 relate to PENAC, PENAC denies them.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and, on that basis, denies them.

134.    The allegations in Paragraph 134 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 134 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 134 relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and, on

that basis, denies them.

135.    PENAC avers that the use of the term "Philips" in Paragraph 135 renders the Amended Complaint indefinite and uncertain as to PENAC.  To the extent that the allegations in Paragraph 135 state legal contentions, no response is required.  To the extent the allegations in Paragraph 135 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent the allegations in Paragraph 135 relate to PENAC, PENAC denies all of the allegations.  PENAC specifically denies that any employee of LP Displays or LG.Philips Displays previously attended any meeting described in this Paragraph on its behalf.

136.    The allegations in Paragraph 136 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 136 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 136 relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and, on that basis, denies them.

137.    The allegations in Paragraph 137 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 137 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 137 relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and, on that basis, denies them.

138.    The allegations in Paragraph 138 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 138 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 138 relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, on that basis, denies them.

139.    The allegations in Paragraph 139 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 139 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 139 relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and, on that basis, denies them.

140.    PENAC avers that the use of the term "Philips" renders the Amended Complaint indefinite and uncertain as to PENAC.  To the extent that the allegations in Paragraph 140 state legal contentions, no response is required.   PENAC denies that it participated in any such "Glass meetings" or "bilateral discussions" after 2001 "through" LG.Philips Displays.  To the extent that the allegations in Paragraph 140 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  In all other respects, PENAC denies the allegations in Paragraph 140.

141.    To the extent that the allegations in Paragraph 141 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 141 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 141 relate to PENAC, PENAC denies them.

142.    The allegations in Paragraph 142 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 142 are not directed at PENAC and, therefore, no response is required.  To the extent the allegations in Paragraph 142 relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and, on that basis, denies them.

143.    The allegations in Paragraph 143 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 143 are not directed at PENAC and, therefore, no response is required.  To the extent the allegations in Paragraph 143 relate to

PENAC, PENAC denies all of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, denies them.

144.    The allegations in Paragraph 144 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 144 are not directed at PENAC and, therefore, no response is required.  To the extent the allegations in Paragraph 144 relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, on that basis, denies them.

145.    The allegations in Paragraph 145 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 145 are not directed at PENAC and, therefore, no response is required.  To the extent the allegations in Paragraph 145 relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and, on that basis, denies them.

146.    The allegations in Paragraph 146 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 146 are not directed at PENAC and, therefore, no response is required.  To the extent the allegations in Paragraph 146 relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and, on that basis, denies them.

147.    The allegations in Paragraph 147 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 147 are not directed at PENAC and, therefore, no response is required.  To the extent the allegations in Paragraph 147 relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and, on that basis, denies them.

148.    The allegations in Paragraph 148 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 148 are not directed at PENAC and, therefore, no response is required.  To the extent the allegations in Paragraph 148 relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and, on that basis, denies them.

149.    The allegations in Paragraph 149 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 149 are not directed at PENAC and, therefore, no response is required.  To the extent the allegations in Paragraph 149 relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, denies them.

150.    To the extent that the allegations in sentence one of Paragraph 150 are an explanation of terminology, no response is required.  To the extent that the allegations in Paragraph 150 state legal contentions, no response is required.  PENAC, however, avers that Plaintiff's reference to "a corporate family or companies by a single name in its allegations of participation in the conspiracy" renders the Amended Complaint indefinite and uncertain.  To the extent that the remaining allegations in Paragraph 150 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the remaining allegations in Paragraph 150 relate to PENAC, PENAC denies all of the allegations.

151.    To the extent that the allegations in Paragraph 151 state legal contentions, no response is required.  PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and, on that basis, denies them.

152.    The allegations in Paragraph 152 are vague and ambiguous, as they do not identify any underlying product or service and, on that basis, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 152 and, on that basis, denies them.  To the extent that the allegations contained in Paragraph 152 are derived from an analyst report, that report speaks for itself and no response is required.

153.    To the extent that the allegations in Paragraph 153 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 153 are derived from analyst reports, those reports speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and, on that basis, denies them.

154.    With regard to the allegations in the first sentence of Paragraph 154, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.  With regard to the allegation in the last sentence of Paragraph 154, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies any remaining allegations contained in Paragraph 154.

155.    To the extent the allegations contained in Paragraph 155 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, on that basis, denies them.

156.    To the extent that the allegations in Paragraph 156 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 156 are derived from or purport to quote published statements, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 156 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC otherwise denies all of the allegations in Paragraph 156.

157.    The allegations in Paragraph 157 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 157 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

denies them.  To the extent that the allegations in Paragraph 157 relate to PENAC, PENAC denies all of the allegations.

158.    The allegations in Paragraph 158 are legal contentions to which no response is required.   To the extent that the allegations in Paragraph 158 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 158 relate to PENAC, PENAC denies all of the allegations.

159.    To the extent the allegations of Paragraph 159 state legal contentions, no response is required.  To the extent that the allegations in the third sentence of Paragraph 159 are derived from or purport to quote published statements made by the President of Skyworth Macao Commercial Offshore Co., Ltd., those published statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 159 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 159 relate to PENAC, PENAC denies all of the allegations.

160.    To the extent the allegations in Paragraph 160 state legal contentions, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and, on that basis, denies them.

161.    The allegations in Paragraph 161 are legal contentions to which no response is required.   To the extent that a response is required, PENAC denies the allegations in Paragraph 161.

162.    The allegations in Paragraph 162 are legal contentions to which no response is required. To the extent the allegations contained in Paragraph 162 refer to public filings by government authorities, those filings speak for themselves and no response is required. To the extent that a response is required, PENAC denies the allegations in Paragraph 162.

163.    To the extent the allegations contained in Paragraph 163 refer to public filings by government authorities, those filings speak for themselves and no response is required.

164.     To the extent the allegations contained in Paragraph 164 refer to a public statement by Toshiba, that statement speaks for itself and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and, on that basis, denies them.

165.     To the extent that the allegations in Paragraph 165 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 165 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 165 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 165 relate to PENAC, PENAC denies them.

166.     To the extent that the allegations contained in Paragraph 166 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and, on that basis, denies them.

167.     To the extent that the allegations contained in Paragraph 167 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and, on that basis, denies them.

168.     To the extent that the allegations contained in Paragraph 168 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and, on that basis, denies them.

169.     To the extent that the allegations contained in Paragraph 169 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and, on that basis, denies them.

170.     To the extent that the allegations contained in Paragraph 170 refer to public

statements by government authorities, those statements speak for themselves and no response is required.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and, on that basis, denies them.

171.    To the extent that the allegations contained in Paragraph 171 refer to public statements by Samsung, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 171 state legal contentions, no response is required. To the extent that the allegations in Paragraph 171 relate to PENAC, PENAC denies them. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and, on that basis, denies them.

172.    To the extent that the allegations contained in Paragraph 172 refer to public filings by government authorities, those filings speak for themselves and no response is required.   To the extent that the allegations in Paragraph 172 state legal contentions, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and, on that basis, denies them.

173.    To the extent that the allegations in Paragraph 173 refer to public filings and statements by government authorities, those filings and statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 173 purport to quote a press release, that press release speaks for itself and no response is required.  PENAC denies any remaining allegations in Paragraph 173.

174.    The allegations in Paragraph 174 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 174 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 174 relate to PENAC, PENAC denies them.

175.    To the extent that the allegations in the first sentence of Paragraph 175 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 175 refer to public statements by government authorities, those statements speak for themselves and

no response is required.  To the extent that the allegations in Paragraph 175 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 175 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

176.     The allegations in Paragraph 176 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 176 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

177.     To the extent the allegations contained in Paragraph 177 refer to public filings by government authorities, those filings speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 177 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

178.     PENAC avers that the use of the term "Philips" in Paragraph 178 renders the Amended Complaint indefinite and uncertain as to PENAC.  To the extent the allegations contained in Paragraph 178 refer to news reports, those reports speak for themselves and no response is required.  To the extent that the allegations in Paragraph 178 relate to the other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 178 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

179.     To the extent the allegations contained in Paragraph 179 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 179 relate to other defendants, PENAC lacks

knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

them.  PENAC denies the allegation and implication that the allegations in Paragraph 179 have

any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

180.    To the extent the allegations contained in Paragraph 180 refer to public statements

by government authorities, those statements speak for themselves and no response is required.  To

the extent that the allegations in Paragraph 180 relate to the other defendants, PENAC lacks

knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

them.  PENAC denies the allegation and implication that the allegations in Paragraph 180 have

any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

181.    To the extent that the allegations in Paragraph 181 state legal contentions, no

response is required.  To the extent the allegations contained in Paragraph 181 refer to public

filings by government authorities, those filings speak for themselves and no response is required.

To the extent that the allegations in Paragraph 181 relate to the other defendants, PENAC lacks

knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

them.  PENAC denies the allegation and implication that the allegations in Paragraph 181 have

any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

182.    To the extent that the allegations in Paragraph 182 state legal contentions, no

response is required.  To the extent the allegations contained in Paragraph 182 refer to public

statements there listed, those statements speak for themselves and no response is required.

PENAC admits the existence of the trade associations Korea Display Conference, Korean Display

Equipment Material Industry Association, and Electronic Display Industrial Research Association

of Korea, but PENAC denies that such descriptions are accurate or complete.  To the extent that

the allegations in Paragraph 182 relate to other defendants, PENAC lacks knowledge or

information sufficient to form a belief as to their truth and, on that basis, denies them.  To the

extent that the allegations in Paragraph 182 relate to PENAC, PENAC denies them.

183.    The allegations in Paragraph 183 are not directed at PENAC and, on that basis, no

response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 183 and, on that basis, denies them.

184.     The allegations in Paragraph 184 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 and, on that basis, denies them.

185.     To the extent that the allegations in Paragraph 185 state legal contentions, no response is required.  PENAC admits the existence of the Society for Information Display, but PENAC denies that such descriptions are accurate or complete.  To the extent that the allegations in Paragraph 185 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 185 relate to PENAC, PENAC denies all of the allegations.

186.     To the extent that the allegations in Paragraph 186 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 186 relate of other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 186 relate to PENAC, PENAC denies all of the allegations.

187.     The allegations in Paragraph 187 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 187 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 187 relate to PENAC, PENAC denies all of the allegations.

188.     The allegations in Paragraph 188 are not directed at PENAC and, on that basis, no response is required.  To the extent that the allegations in Paragraph 188 purport to quote statements by Panasonic, those statements speaks for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and, on that basis, denies them.

189.     The allegations in Paragraph 189 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 189 and, on that basis, denies them.

190.    The allegations in Paragraph 190 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and, on that basis, denies them.

191.    The allegations in Paragraph 191 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and, on that basis, denies them.

192.    The allegations in Paragraph 192 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and, on that basis, denies them.

193.    The allegation in the first sentence of Paragraph 193 is a legal contention to which no response is required.  With regard to the allegations in the second sentence, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.   PENAC denies any remaining allegations contained in Paragraph 193.

194.    To the extent that the allegations in Paragraph 194 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.

195.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 and, on that basis, denies them.

196.    To the extent that the allegations in Paragraph 196 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 196 are derived from or purport to quote an industry news article, that article speaks for itself and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 and, on that basis, denies them.  To the extent that the allegations in Paragraph 196 relate to PENAC, PENAC denies all of the allegations.

197.    To the extent the allegations contained in Paragraph 197 are derived from or purport to quote a keynote speaker at a conference, that speaker speaks for himself and no

response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 and, on that basis, denies them.

198.     With regard to the first and second sentences of Paragraph 198, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  The third sentence of Paragraph 198 states legal contentions to which no response is required.  To the extent that the allegations in Paragraph 198 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 198 relate to PENAC, PENAC denies all of the allegations.

199.     To the extent that the allegations in Paragraph 199 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 and, on that basis, denies them.  To the extent that the allegations in Paragraph 199 relate to PENAC, PENAC denies all of the allegations.

200.     The allegations in Paragraph 200 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 and, on that basis, denies them.

201.     To the extent the allegations of Paragraph 201 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 201 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 201 relate to PENAC, PENAC denies all of the allegations.

202.     To the extent the allegations of Paragraph 202 and its subparts state legal contentions, no response is required.  To the extent a response is required, PENAC denies all of the allegations in Paragraph 202, including its subparts.

## VII.   ALLEGATIONS CONCERNING PLAINTIFF'S INJURIES

203.   The allegations in Paragraph 203 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 203 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 203 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 203 relate to PENAC, PENAC denies them.  PENAC denies that Plaintiff suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Amended Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint.

204.   The allegations in Paragraph 204 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 204 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 204 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 204  relate to PENAC, PENAC denies them.

205.   The allegations in Paragraph 205 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 205 relate to other defendants and Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 205  relate to PENAC, PENAC denies them.  PENAC denies that Plaintiff suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Amended Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint.

206.   The allegations in Paragraph 206 state legal contentions, for which no response is

required. PENAC admits that the allegations in Paragraph 206 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

207. The allegations in Paragraph 207 state legal contentions, for which no response is required. To the extent that the allegations in Paragraph 207 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent that the allegations in Paragraph 207 relate to PENAC, PENAC denies all of the allegations.

208. The allegations in Paragraph 208 state legal contentions, for which no response is required. To the extent that a response is required and the allegations in Paragraph 208 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 208 relate to PENAC, PENAC denies them.

209. To the extent that the allegations in Paragraph 209 relate to Plaintiff, PENAC lacks knowledge or information sufficient as to form a belief as to their truth and, on that basis, denies them. PENAC denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 209.

**VIII.  ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT**

210. To the extent that the allegations in Paragraph 210 state legal contentions, no response is required. To the extent that the allegations in Paragraph 210 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 210 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 210 relate to PENAC, PENAC denies all of the allegations.

211. To the extent that the allegations in Paragraph 211 state legal contentions, no response is required. To the extent that the allegations in Paragraph 211 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that

basis, denies them   To the extent that the allegations in Paragraph 211 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 211 relate to PENAC, PENAC denies all of the allegations.

212.    To the extent that the allegations in Paragraph 212 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 212 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 212 relate to PENAC, PENAC denies all of the allegations.

213.    To the extent that the allegations in Paragraph 213 state legal contentions, no response is required.   PENAC otherwise denies all of the allegations in Paragraph 213.

214.    To the extent that the allegations in Paragraph 214 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 214 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 214 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 214 relate to PENAC, PENAC denies all of the allegations.

215.    To the extent that the allegations in Paragraph 215 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 215 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 215 relate to PENAC, PENAC denies all of the allegations.

216.    To the extent that the allegations in Paragraph 216 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 216 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 216 relate to

PENAC, PENAC denies all of the allegations.

217.    With regard to the first and second sentences of Paragraph 217, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.  The allegations in the third sentence of Paragraph 217 state legal contentions, for which no response is required.  To the extent a response is required and the allegations in the third sentence relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 217 relate to PENAC, PENAC denies all of the allegations.

218.    With regard to the first sentence and second sentences of Paragraph 218, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.  The allegations in the second and third sentences of Paragraph 218 state legal contentions, for which no response is required.  To the extent that the third sentence of Paragraph 218 requires a response, PENAC denies all of the allegations.

219.    PENAC avers that the use of the term "Philips" in Paragraph 219 renders the allegations indefinite and uncertain as to PENAC.  To the extent that the allegations in Paragraph 219 are derived from or purport to quote published statements made by a Deputy General Manager for an LG Electronics distributor, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 219 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 219 relate to PENAC, PENAC denies all of the allegations.

220.    The allegations in Paragraph 220 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 220 relate to PENAC, PENAC denies all of the

allegations.

221.    To the extent that the allegations in Paragraph 221 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 221 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 221 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 221 relate to PENAC, PENAC denies all of the allegations.

222.    The allegations in Paragraph 222 state legal contentions to which no response is required.  To the extent the allegations in Paragraph 222 require a response, PENAC denies them.

## IX.    AMERICAN PIPE, GOVERNMENT ACTION, AND CROSS-JURISDICTIONAL TOLLING

223.    To the extent that the allegations in the first sentence of Paragraph 223 refer to public filings by government authorities discussed in Paragraphs 166-172, those filings speak for themselves and no response is required.  The allegations in the second sentence of Paragraph 223 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 223 relate to PENAC, PENAC denies them.

224.    The allegations in Paragraph 224 state legal contentions to which no response is required.

225.    The allegations in Paragraph 225 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 225 require a response, PENAC denies all allegations.

## X.    ALLEGATIONS CONCERNING CLAIM FOR VIOLATIONS

226.    PENAC repeats and incorporates by reference its responses to Paragraph 1 through 225 of the Amended Complaint with the same force and effect as if set forth herein at length.

227.    The allegations in Paragraph 227 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 227 require a response,

1   PENAC denies all allegations.

2       228.    The allegations in Paragraph 228 constitute legal contentions and/or conclusions to

3   which no response is required.  To the extent the allegations in Paragraph 228 require a response

4   PENAC denies all allegations.

5       229.    The allegations in Paragraph 229 constitute legal contentions and/or conclusions to

6   which no response is required.  To the extent the allegations in Paragraph 229 require a response

7   PENAC denies all allegations.

8       230.    The allegations in Paragraph 230 constitute legal contentions and/or conclusions to

9   which no response is required.  To the extent the allegations in Paragraph 230 require a response

10  PENAC denies all allegations.

11      231.    The allegations in Paragraph 231 and its subparts constitute legal contentions

12  and/or conclusions to which no response is required.  To the extent the allegations in Paragraph

13  231 and its subparts require a response, PENAC denies all allegations.

14      232.    The allegations in Paragraph 232 constitute legal contentions and/or conclusions to

15  which no response is required.  To the extent the allegations in Paragraph 232 require a response,

16  PENAC denies all allegations.

17      233.    PENAC repeats and incorporates by reference its responses to Paragraph 1 through

18  232 of the Amended Complaint with the same force and effect as if set forth herein at length.

19      234.    To the extent that the allegations in Paragraph 234 state legal contentions and/or

20  conclusions, no response is required.  To the extent that the allegations in Paragraph 234 relate to

21  other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their

22  truth and, on that basis, denies them.  To the extent the allegations in Paragraph 234 relate to

23  PENAC, PENAC denies all of the allegations.

24      235.    The allegations in Paragraph 235 constitute legal contentions and/or conclusions to

25  which no response is required.  To the extent the allegations in Paragraph 235 require a response,

26  PENAC denies them.

27      236.    To the extent that the allegations in Paragraph 236 state legal contentions, no

28

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO INTERBOND
CORPORATION OF AMERICA., d/b/a BrandsMart USA'S FIRST AMENDED COMPLAINT

response is required.  To the extent that the allegations in Paragraph 236 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 236 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 236 relate to PENAC, PENAC denies them. In particular, PENAC denies that Plaintiff suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Amended Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint.

237.    The allegations in Paragraph 237 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 237 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 237 relate to PENAC, PENAC denies all of the allegations.

238.    The allegations in Paragraph 238 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 238 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 238 relate to PENAC, PENAC denies all of the allegations.

239.    The allegations in Paragraph 239 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 239 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 239 relate to PENAC, PENAC denies all of the allegations.

240.    The allegations in Paragraph 240 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 240 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 240 relate to PENAC, PENAC denies all of the allegations.

## XI.    ALLEGATIONS CONCERNING PRAYER FOR RELIEF

With respect to Plaintiff's allegations concerning prayer for relief, PENAC denies that Plaintiff suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Amended Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint. All allegations of the Amended Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

## XII.    ALLEGATION CONCERNING JURY TRIAL DEMAND

To the extent any response is required to Plaintiff's Jury Trial Demand, PENAC admits that Plaintiff purports to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, PENAC asserts the following additional and/or affirmative defenses to Plaintiff's Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Amended Complaint, and each of its claims for relief, fails to state sufficient facts upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

The conduct alleged to provide a basis for the claims of Plaintiff did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States.

The Court, therefore, lacks subject matter jurisdiction of the claims of Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiff's claims for any foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

### FOURTH AFFIRMATIVE DEFENSE

### (Vagueness of Claims)

Plaintiff's claims should be dismissed for uncertainty and vagueness and because its claims are ambiguous and/or unintelligible.  PENAC avers that Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit PENAC to ascertain what other defenses may exist.  PENAC therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to Plead Conspiracy with Particularity)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to allege conspiracy with sufficient particularity.

### SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

### (Unilateral Action)

Plaintiff's claims are barred, in whole or in part, because the actions or practices of PENAC that are the subject of the Amended Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of PENAC's independent interests, and were not the

product of any contract, combination or conspiracy between PENAC and any other person or entity.

## EIGHTH AFFIRMATIVE DEFENSE

### (Rule of Reason)

Plaintiff's claims are barred, in whole or in part, because any acts or practices of PENAC that are the subject of the Amended Complaint were adopted in furtherance of legitimate business interests of PENAC and do not unreasonable restrain competition.

## NINTH AFFIRMATIVE DEFENSE

### (Competition)

Plaintiff's claims are barred, in whole or in part, because any acts or practices of PENAC that are the subject of the Amended Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

## TENTH AFFIRMATIVE DEFENSE

### (Non-actionable or Governmental Privilege)

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of PENAC that is the subject of the Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Act of PENAC)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has not been injured in its business or property by reason of any action of PENAC.

## TWELFTH AFFIRMATIVE DEFENSE

### (Intervening Conduct)

Plaintiff's claims are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of PENAC and/or were

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO INTERBOND CORPORATION OF AMERICA., d/b/a BrandsMart USA'S FIRST AMENDED COMPLAINT

caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (*Ultra Vires*)

To the extent that any actionable conduct occurred, Plaintiff's claims against PENAC are barred because all such conduct would have been committed by individuals acting *ultra vires*.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Damages Passed On)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Amended Complaint, which PENAC specifically denies, was passed on to persons or entities other than Plaintiff and/or was passed on by Plaintiff to other parties.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Withdrawal)

To the extent that any actionable conduct occurred for which PENAC is liable, some or all of Plaintiff's claims against PENAC are barred because PENAC withdrew from and/or abandoned any alleged conspiracy prior to the commencement of the limitations period set forth in applicable statutes of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff failed to take all necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Unjust Enrichment)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff would be unjustly enriched if it was allowed to recover any part of the damages alleged in the Amended Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Set Off)

Without admitting that Plaintiff is entitled to recover damages in this matter, PENAC is entitled to set off from any recovery Plaintiff may obtain against PENAC any amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Legal Acts)

Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiff's acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to PENAC.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO INTERBOND
CORPORATION OF AMERICA., d/b/a BrandsMart USA'S FIRST AMENDED COMPLAINT

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Improper Forum/Arbitration)

Plaintiff's claims against PENAC are barred to the extent that Plaintiff has agreed to arbitration or chosen a different forum for the resolution of its claims.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's claims for injunctive relief should be dismissed because Plaintiff has available an adequate remedy at law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Due Process)

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Due Process clause of the Fifth Amendment of the United States Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Due Process)

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Due Process provision of the Fourteenth Amendment of the United States Constitution.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO INTERBOND
CORPORATION OF AMERICA., d/b/a BrandsMart USA'S FIRST AMENDED COMPLAINT

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Equal Protection)

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States Constitution.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Double Jeopardy)

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Excessive Fines)

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Excessive Fines provision of the Eighth Amendment of the United States Constitution.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Unconstitutional Multiplicity)

To the extent any recovery by Plaintiff would be duplicative of recovery by other plaintiffs and other lawsuits, subjecting PENAC to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Foreign Sales)

Plaintiff's claims are barred, in whole or in part, because Plaintiff may not recover damages, if any, based on sales outside of the United States.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Amended Complaint, the fact and extent of which PENAC specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than PENAC.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure To Plead Damages With Specificity)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to plead damages with specificity as required by the federal laws cited.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Injury or Damages Offset by Benefits Received)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiff received with respect to the challenged conduct.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Proportionality)

To the extent PENAC is found liable for damages, the fact and extent of which are expressly denied by PENAC, those damages must be reduced in proportion to PENAC's degree of fault.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Release)

The claims of one or more of the persons or entities Plaintiff purports to represent are barred because they have been released.

## FORTIETH AFFIRMATIVE DEFENSE

### (No 'Full Consideration' Damages)

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to "full

consideration" damages.

### FORTY-FIRST AFFIRMATIVE DEFENSE

#### (Other Defenses Incorporated by Reference)

PENAC adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that PENAC may share in such affirmative defenses.

### FORTY-SECOND AFFIRMATIVE DEFENSE

#### (Reservation of Rights to Assert Additional Defenses)

PENAC  has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. PENAC further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

**WHEREFORE**, PENAC prays as follows:

1.      That Plaintiff takes nothing by way of the Amended Complaint and the Amended Complaint be dismissed with prejudice;

2.      That judgment be entered in favor of PENAC and against Plaintiff on each and every claim for relief set forth in the Complaint;

3.      That PENAC recover its costs of suit and attorneys' fees incurred herein; and

4.      That PENAC be granted such other and further relief as the Court deems just and proper.

Dated: November 4, 2013                               Respectfully Submitted:

                                                      By: /s/ Jon V. Swenson_____
                                                      Jon V. Swenson

*Attorney for Defendant Philips Electronics North America Corporation*

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO INTERBOND
CORPORATION OF AMERICA., d/b/a BrandsMart USA'S FIRST AMENDED COMPLAINT