1   GIBSON, DUNN & CRUTCHER LLP
    JOEL S. SANDERS, SBN 107234
2   JSanders@gibsondunn.com
    RACHEL S. BRASS, SBN 219301
3   RBrass@gibsondunn.com
    AUSTIN SCHWING, SBN 211696
4   ASchwing@gibsondunn.com
    555 Mission Street, Suite 3000
5   San Francisco, California 94105-2933
    Telephone: 415.393.8200
6   Facsimile: 415.393.8306

7   Attorneys for Defendant
    CHUNGHWA PICTURE TUBES, LTD.

8

9                    UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  IN RE: CATHODE RAY TUBE (CRT)          CASE NO. 3:07-CV-5944 SC
    ANTITRUST LITIGATION
                                           MDL NO. 1917
13
    This Document Relates to:
14  Individual Case No. 12-cv-02648        **ANSWER OF DEFENDANT
                                           CHUNGHWA PICTURE TUBES, LTD.
15  P.C. RICHARD & SON LONG ISLAND         TO P.C. RICHARD & SON LONG
    CORPORATION; MARTA COOPERATIVE         ISLAND CORPORATION ET AL.'S
16  OF AMERICA, INC.; and ABC              FIRST AMENDED COMPLAINT**
    APPLIANCE, INC.,
17
                Plaintiffs,
18
         vs.
19
    HITACHI, LTD.; HITACHI DISPLAYS,
20  LTD.; HITACHI AMERICA, LTD.;
    HITACHI ASIA, LTD.; HITACHI
21  ELECTRONIC DEVICES (USA), INC.;
    SHENZHEN SEG HITACHI COLOR
22  DISPLAY DEVICES, LTD.; IRICO GROUP
    CORPORATION; IRICO GROUP
23  ELECTRONICS CO., LTD.; IRICO
    DISPLAY DEVICES CO., LTD.; LG
24  ELECTRONICS, INC.; LG ELECTRONICS
    INTERNATIONAL LTD.; PANASONIC
25  CORPORATION; PANASONIC
    CORPORATION OF NORTH AMERICA;
26  MT PICTURE DISPLAY CO., LTD.;
    BEIJING MATSUSHITA COLOR CRT CO.,
27  LTD.; KONINKLIJKE PHILIPS
    ELECTRONICS N.V.; PHILIPS
28  ELECTRONICS NORTH AMERICA
    CORPORATION; PHILIPS ELECTRONICS

Gibson, Dunn &
Crutcher LLP

-1-

1 | INDUSTRIES (TAIWAN), LTD.; PHILIPS DA AMAZONIA INDUSTRIA
2 | ELECTRONICA LTDA.; SAMSUNG SDI CO., LTD.; SAMSUNG SDI AMERICA,
3 | INC.; SAMSUNG SDI MEXICO S.A. DE C.V.; SAMSUNG SDI BRASIL LTDA.;
4 | SHENZHEN SAMSUNG SDI CO., LTD.; TIANJIN SAMSUNG SDI CO., LTD.;
5 | SAMSUNG SDI (MALAYSIA) SDN. BHD.; SAMTEL COLOR LTD.; THAI CRT CO.,
6 | LTD.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; TOSHIBA
7 | AMERICA CONSUMER PRODUCTS, LLC; TOSHIBA AMERICA ELECTRONIC
8 | COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS,
9 | INC.; CHUNGHWA PICTURE TUBES, LTD.; CHUNGHWA PICTURE TUBES
10 | (MALAYSIA),

11 |                    Defendants.

Defendant Chunghwa Picture Tubes, Ltd. ("CPT"),[1] by and through its undersigned counsel, hereby files its Answer to P.C. Richard & Son Long Island Corporation, Marta Cooperative of America, Inc., and ABC Appliance, Inc.'s ("Plaintiffs") First Amended Complaint ("Complaint"), filed October 3, 2013, admitting, denying, or otherwise averring as follows:

1.     To the extent the allegations contained in Paragraph 1 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 1 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and, on that basis, denies such allegations.

2.     CPT admits that it manufactured color picture tubes and color display tubes, that color picture tubes are used in some color televisions, and that color display tubes are used in some color computer monitors.  CPT states that the allegations contained in the second, third, and fourth sentences of Paragraph 2 define the terms of the Complaint and are not averments of fact for which a response is required.  CPT admits that the Complaint defines a term as set forth in the second sentence of Paragraph 2, but CPT denies the characterization of "CPT Products" as referring to all

---

[1]   Unless otherwise specified, "CPT" refers collectively to Chunghwa Picture Tubes, Ltd. and the now defunct Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

Gibson, Dunn &
Crutcher LLP

types of color picture tubes and all products containing color picture tubes.  CPT admits that the Complaint defines a term as set forth in the third sentence of Paragraph 2, but CPT denies the characterization of "CDT Products" as referring to all types of color display tubes and all products containing color display tubes.  CPT admits that the Complaint defines a term as set forth in the fourth sentence of Paragraph 2, but CPT denies the characterization of "CRT Products" as referring to all types of color picture tubes, all types of color display tubes, all products containing color picture tubes, and all products containing color display tubes.  As used herein, CPT will use the terms "CRT Products" to describe only products that contain color picture or color display tubes and "CRTs" as referring to the tubes themselves.  CPT avers that the second through fourth sentences of Paragraph 2 render the Complaint indefinite and uncertain as to the distinction between color picture tubes and color display tubes and the distinction between such tubes and end products containing such tubes.  To the extent a further response is required, CPT denies the allegations contained in the second through fourth sentences of Paragraph 2.

3.     To the extent the allegations contained in Paragraph 3 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 3 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and, on that basis, denies such allegations.

4.     To the extent Paragraph 4 states a legal conclusion, CPT is not required to respond.  To the extent a further response is required, CPT admits that the CRT industry faced pressure as a result of other emerging technologies.  Except as expressly admitted, CPT denies the allegations contained in Paragraph 4.

5.     CPT admits that certain CPT employees attended meetings with their counterparts from certain cathode ray tube ("CRT") manufacturers from 1995 to early 2007.  CPT further admits that at certain of those meetings, certain agreements were reached with respect to certain sizes of color picture tubes or color display tubes.  Except as expressly admitted, to the extent the allegations contained in Paragraph 5 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 5 do not pertain to CPT, CPT is without

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

Gibson, Dunn &
Crutcher LLP

1  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

2  Paragraph 5, and, on that basis, denies such allegations.

3        6.     CPT admits that certain CPT employees attended certain bilateral and group meetings

4  with representatives of certain CRT manufacturers from 1995 to early 2007.  CPT further admits that

5  such meetings grew more organized with time.  CPT further admits that CPT employees attended

6  such meetings in Taiwan, South Korea, Indonesia, Thailand, Singapore, Malaysia, China, the United

7  Kingdom, and Europe.  CPT further admits that employees who attended on behalf of Chunghwa

8  Picture Tubes, Ltd. included employees at various levels within the company.  Except as expressly

9  admitted, to the extent the allegations contained in Paragraph 6 pertain to CPT, CPT denies such

10  allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 6 do

11  not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the

12  truth of the allegations contained in Paragraph 6, and, on that basis, denies such allegations

13        7.     CPT is without knowledge or information sufficient to form a belief as to the truth of

14  the allegations contained in Paragraph 7, and, on that basis, denies such allegations.

15        8.     CPT states that the indictment of C.Y. Lin speaks for itself.  CPT refers the Court to

16  that document for a full and complete statement of its contents.  To the extent a further response is

17  required, CPT admits that C.Y. Lin was indicted for two counts of violating Section 1 of the Sherman

18  Act.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a

19  belief as to the truth of the allegations contained in Paragraph 8, and, on that basis, denies such

20  allegations.

21        9.     CPT denies that CPT sold CRT Products to Plaintiffs, or that Plaintiffs purchased CRT

22  Products directly from CPT.  To the extent not specifically denied, CPT is without knowledge or

23  information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and,

24  on that basis, denies such allegations.

25        10.    CPT admits that Plaintiffs purport to bring this action to obtain injunctive relief and to

26  recover treble damages, costs of suit, and reasonable attorneys' fees arising from violations of

27  Section 1 of the Sherman Act (15 U.S.C. § 1).  Except as expressly admitted, CPT denies the

28  allegations contained in Paragraph 10.

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

11.     CPT admits that Plaintiffs purport to bring this action pursuant to various state laws. Except as expressly admitted, to the extent the allegations contained in Paragraph 11 pertain to CPT, CPT denies that Plaintiffs purchased CRT Products directly from CPT in Arizona, Illinois, Michigan, or New York.  Except as expressly admitted, to the extent the allegations contained in Paragraph 11 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and, on that basis, denies such allegations.

12.     To the extent Paragraph 12 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 12.

13.     To the extent Paragraph 13 states legal conclusions, CPT is not required to respond. To the extent the allegations contained in Paragraph 13 pertain to CPT, CPT denies such allegations. To the extent the allegations contained in Paragraph 13 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and, on that basis, denies such allegations.

14.     To the extent Paragraph 14 states legal conclusions, CPT is not required to respond. Except as expressly admitted, to the extent the allegations contained in Paragraph 14 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 14 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and, on that basis, denies such allegations.

15.     To the extent Paragraph 15 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and, on that basis, denies such allegations.

16.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and, on that basis, denies such allegations.

17.     To the extent Paragraph 17 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies that Plaintiffs purchased CRT Products directly from CPT.  To the extent the allegations contained in Paragraph 17 pertain to CPT, CPT

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

denies such allegations.  To the extent the allegations contained in Paragraph 17 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and, on that basis, denies such allegations.

18.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and, on that basis, denies such allegations.

19.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and, on that basis, denies such allegations.

20.     To the extent Paragraph 18 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies that Plaintiffs purchased CRT Products directly from CPT.  To the extent the allegations contained in Paragraph 18 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 18 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and, on that basis, denies such allegations

21.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and, on that basis, denies such allegations.

22.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and, on that basis, denies such allegations.

23.     To the extent Paragraph 23 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies that Plaintiffs purchased CRT Products directly from CPT.  To the extent the allegations contained in Paragraph 23 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 23 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and, on that basis, denies such allegations

24.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and, on that basis, denies such allegations.

25.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and, on that basis, denies such allegations.

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD. TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC INDIVIDUAL CASE NO. 12-CV-02648

26.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and, on that basis, denies such allegations.

27.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and, on that basis, denies such allegations.

28.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and, on that basis, denies such allegations.

29.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and, on that basis, denies such allegations.

30.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and, on that basis, denies such allegations.

31.     CPT states that the allegations contained in Paragraph 31 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31, and, on that basis, denies such allegations.

32.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and, on that basis, denies such allegations.

33.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and, on that basis, denies such allegations.

34.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and, on that basis, denies such allegations.

35.     CPT states that the allegations contained in Paragraph 35 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35, and, on that basis, denies such allegations.

36.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and, on that basis, denies such allegations.

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

37.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and, on that basis, denies such allegations.

38.     CPT states that the allegations contained in Paragraph 38 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38, and, on that basis, denies such allegations.

39.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and, on that basis, denies such allegations.

40.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and, on that basis, denies such allegations.

41.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, and, on that basis, denies such allegations.

42.     CPT states that the allegations contained in Paragraph 42 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42, and, on that basis, denies such allegations.

43.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and, on that basis, denies such allegations.

44.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, and, on that basis, denies such allegations.

45.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, and, on that basis, denies such allegations.

46.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, and, on that basis, denies such allegations.

47.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and, on that basis, denies such allegations.

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

48.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, and, on that basis, denies such allegations.

49.     CPT states that the allegations contained in Paragraph 49 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49, and, on that basis, denies such allegations.

50.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50, and, on that basis, denies such allegations.

51.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, and, on that basis, denies such allegations.

52.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, and, on that basis, denies such allegations.

53.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and, on that basis, denies such allegations.

54.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and, on that basis, denies such allegations.

55.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, and, on that basis, denies such allegations.

56.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and, on that basis, denies such allegations.

57.     CPT states that the allegations contained in Paragraph 57 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57, and, on that basis, denies such allegations.

58.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, and, on that basis, denies such allegations.

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

59.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, and, on that basis, denies such allegations.

60.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, and, on that basis, denies such allegations.

61.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, and, on that basis, denies such allegations.

62.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and, on that basis, denies such allegations.

63.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63, and, on that basis, denies such allegations.

64.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, and, on that basis, denies such allegations.

65.     CPT states that the allegations contained in Paragraph 65 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 65, and, on that basis, denies such allegations.

66.     CPT admits that Chunghwa Picture Tubes, Ltd. is headquartered at 1127 Heping Rd., Bade City, Taoyuan, Taiwan, 334 R.O.C. and that it manufactures CRTs.  CPT admits that Tatung Corporation established CPT in 1971.  CPT further admits that Chunghwa Picture Tubes Ltd. sold a modest number of CRTs in the United States during the Relevant Period.  Except as expressly admitted, CPT denies the allegations contained in Paragraph 66.

67.     To the extent Paragraph 67 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT states that Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. is not named in the Complaint.  To the extent a further response is required, CPT admits that the now defunct Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. was a Malaysian company with its principal place of business at Lot I, Subang Hi-Tech, Industrial Park, Batu Tiga, 4000 Shah Alam, Selangor Darul Ehsan, Malaysia.  CPT further admits that Chunghwa Picture Tubes (Malaysia) Sdn.

-10-

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.                    MASTER FILE NO. 3:07-CV-5944 SC
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT              INDIVIDUAL CASE NO. 12-CV-02648

Bhd. was a wholly owned subsidiary of Chunghwa Picture Tubes, Ltd.  CPT further admits that Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. manufactured, sold, and distributed CRTs.  CPT expressly denies that Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. sold CRT Products to Plaintiffs, or that Plaintiffs purchased CRT Products directly from Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.  Except as expressly admitted or denied, CPT denies the allegations contained in Paragraph 61.

68.     CPT states that Paragraph 68 defines the terms of the Complaint and does not contain averments of fact for which a response is required.  To the extent a further response is required, CPT denies the allegations in Paragraph 68.

69.     To the extent Paragraph 69 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 69.

70.     To the extent Paragraph 70 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 70.

71.     To the extent the allegations contained in Paragraph 71 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 71 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, and, on that basis, denies such allegations.

72.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72, and, on that basis, denies such allegations.

73.     CPT states that the allegations contained in Paragraph 73 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 73, and, on that basis, denies such allegations.

74.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74, and, on that basis, denies such allegations.

75.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75, and, on that basis, denies such allegations.

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

76.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76, and, on that basis, denies such allegations.

77.     To the extent Paragraph 77 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 77.

78.     CPT admits that it sold a modest number of CRTs in the United States during the Relevant Period.  Except as expressly admitted, to the extent the allegations contained in Paragraph 78 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 78 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78, and, on that basis, denies such allegations.

79.     CPT denies the allegations contained in Paragraph 79.

80.     To the extent the allegations contained in Paragraph 80 state legal conclusions, CPT is not required to respond.  To the extent a further response is required, CPT denies the allegations contained in Paragraph 80.

81.     CPT admits paragraph 81.

82.     CPT admits that CRT technology was developed well before the company was founded in 1972.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82, and, on that basis, denies such allegations.

83.     CPT admits that the quality of a CRT can affect the quality of the CRT display.  CPT denies that a CRT defines the whole CRT product.  Except as expressly admitted or denied, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83, and, on that basis, denies such allegations

84.     CPT admits that there have been refinements and advancements in CRT technology since its introduction.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84, and, on that basis, denies such allegations.

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

85.     CPT admits that both color display tubes and color picture tubes are types of CRTs. CPT further admits that color picture tubes are used in televisions and color display tubes are used in computer monitors.  CPT further admits that color display tubes yield a higher resolution image. Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85, and, on that basis, denies such allegations.

86.     CPT admits that CRTs have value as components for CRT Products.  Except as expressly admitted, CPT denies the allegations contained in Paragraph 86.

87.     CPT denies the allegations contained in Paragraph 87.

88.     To the extent Paragraph 88 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies that it sold CRT Products directly to Plaintiffs or that Plaintiffs purchased CRT Products directly from CPT.  CPT further denies that the market for CRT Products is the same as the market for CRTs.  Except as expressly denied, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88, and, on that basis, denies such allegations.

89.     To the extent Paragraph 89 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies that it sold CRT Products directly to Plaintiffs or that Plaintiffs purchased CRT Products directly from CPT.  CPT further denies that the market for CRT Products is the same as the market for CRTs.  Except as expressly denied, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89, and, on that basis, denies such allegations.

90.     To the extent Paragraph 90 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 90.

91.     CPT denies the allegations contained in Paragraph 91.

92.     CPT denies the allegation contained in Paragraph 92, except as to the allegation regarding the collective share of the global CRT market, as to which CPT is without knowledge or information sufficient to form a belief as to the truth of the allegation, and, on that basis, denies such allegation.

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

93.     To the extent the allegations contained in Paragraph 93 pertain to CPT, CPT denies such allegations.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93, and, on that basis, denies such allegations.

94.     To the extent the allegations contained in Paragraph 94 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 94 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94, and, on that basis, denies such allegations.

95.     On information and belief, CPT admits that Philips and LG Electronics' established a CRT joint venture in 2001, and that Toshiba and Panasonic combined their CRT businesses into MTPD.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95, and, on that basis, denies such allegations.

96.     To the extent the allegations contained in Paragraph 96 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 96 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96, and, on that basis, denies such allegations.

97.     As to section (a), upon information and belief, CPT admits that Philips and LG Electronics formed a CRT joint venture in 2001.  As to section (b), upon information and belief, CPT admits that LG Electronics and Philips formed a joint venture in the TFT-LCD industry.  As to section (c), upon information and belief, CPT admits that Toshiba and Panasonic combined their CRT businesses.  Except as expressly admitted, to the extent the allegations contained in Paragraph 97 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 97 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97, and, on that basis, denies such allegations.

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

98.     CPT admits that it requires time, resources, and industry knowledge to manufacture CRTs.  CPT further admits that it is extremely unlikely that a new producer will begin to manufacture CRTs.  Except as expressly admitted, CPT denies the allegations contained in Paragraph 98.

99.     To the extent Paragraph 99 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99, and, on that basis, denies such allegations.

100.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100, and, on that basis, denies such allegations.

101.    CPT admits that demand for CRTs declined during the Relevant Period.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101, and, on that basis, denies such allegations.

102.    CPT admits that TFT-LCD and plasma display technology were replacing CRT televisions and computer monitors during the Relevant Period.  Except as expressly admitted, to the extent the allegations contained in Paragraph 102 pertain to CPT, CPT denies such allegations. Except as expressly admitted, to the extent the allegations contained in Paragraph 102 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102, and, on that basis, denies such allegations.

103.    To the extent the allegations contained in Paragraph 103 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 103 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103, and, on that basis, denies such allegations.

104.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104, and, on that basis, denies such allegations.

105.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105, and, on that basis, denies such allegations.

106.    CPT admits that CRTs are generally manufactured in standardized sizes.  Except as expressly admitted, to the extent the allegations contained in Paragraph 106 pertain to CPT, CPT

denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 106 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106, and, on that basis, denies such allegations.

107.    To the extent Paragraph 107 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 107.

108.    CPT admits that in the 1980s some of its employees would on occasion encounter employees of other CRT manufacturers when visiting common customers.  Except as expressly admitted, to the extent the allegations contained in Paragraph 108 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 108 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108, and, on that basis, denies such allegations.

109.    CPT admits that certain employees of Samsung, Daewoo, or Orion visited CPT in the early 1990s.  CPT further admits that discussions during certain of those meetings included price. Except as expressly admitted, to the extent the allegations contained in Paragraph 109 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 109 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109, and, on that basis, denies such allegations.

110.    To the extent Paragraph 110 states a legal conclusion, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 110.

111.    CPT admits that certain of its employees met one-on-one with their counterparts at certain other CRT manufacturers including Samsung, LG, and Orion.  CPT further admits that those visits were generally bilateral, informal, and ad hoc.  CPT further admits that those meetings took place in Taiwan, Malaysia, and Thailand.  Except as expressly admitted, to the extent the allegations contained in Paragraph 111 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 111 do not pertain to CPT, CPT is

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

1   without knowledge or information sufficient to form a belief as to the truth of the allegations

2   contained in Paragraph 111, and, on that basis, denies such allegations.

3          112.    CPT admits that certain of its employees attended meetings attended by employees of

4   Samsung, LG and Orion in 1995 and 1996.  CPT further admits that price of CRTs was discussed at

5   these meetings.  Except as expressly admitted, to the extent the allegations contained in Paragraph

6   112 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the

7   allegations contained in Paragraph 112 do not pertain to CPT, CPT is without knowledge or

8   information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112,

9   and, on that basis, denies such allegations.

10         113.    To the extent Paragraph 113 states a legal conclusion, CPT is not required to respond.

11  CPT admits that certain employees attended some group meetings in 1997 with employees of certain

12  other CRT manufacturers at which either small and medium sized color picture tubes or color display

13  tubes were discussed.  As used in this Answer, "small and medium sized color picture tubes" are

14  those 21" or smaller.  CPT further admits that the meetings its employees attended regarding either

15  small and medium sized color picture tubes or color display tubes became more organized and

16  systematic over time.  Except as expressly admitted, to the extent the allegations contained in

17  Paragraph 113 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the

18  extent the allegations contained in Paragraph 113 do not pertain to CPT, CPT is without knowledge

19  or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113,

20  and, on that basis, denies such allegations.

21         114.    To the extent Paragraph 114 states a legal conclusion, CPT is not required to respond.

22  To the extent a response is required, CPT denies the allegations contained in Paragraph 114.

23         115.    CPT admits that the terms "glass meetings" or "GSM" refer to meetings regarding

24  either small and medium sized color picture tubes or color display tubes.  CPT further admits that the

25  glass meetings were attended by employees at various levels of the attending manufacturers.  Except

26  as expressly admitted, to the extent the allegations contained in Paragraph 115 pertain to CPT, CPT

27  denies such allegations.  Except as expressly admitted, to the extent the allegations contained in

28  Paragraph 115 do not pertain to CPT, CPT is without knowledge or information sufficient to form a

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

1  belief as to the truth of the allegations contained in Paragraph 115, and, on that basis, denies such

2  allegations.

3        116.   CPT admits that the term "top meetings" refers to meetings regarding either small and

4  medium sized color picture tubes or color display tubes that were generally attended by more senior

5  company executives.  CPT further admits that "top meetings" occurred infrequently.  Except as

6  expressly admitted, to the extent the allegations contained in Paragraph 116 pertain to CPT, CPT

7  denies such allegations.  Except as expressly admitted, to the extent the allegations contained in

8  Paragraph 116 do not pertain to CPT, CPT is without knowledge or information sufficient to form a

9  belief as to the truth of the allegations contained in Paragraph 116, and, on that basis, denies such

10  allegations.

11        117.   CPT admits that the term "management meetings" refers to meetings regarding either

12  small and medium sized color picture tubes or color display tubes that were generally attended by

13  sales managers.  CPT further admits that "management meetings" occurred more frequently than "top

14  meetings."  Except as expressly admitted, to the extent the allegations contained in Paragraph 117

15  pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the

16  allegations contained in Paragraph 117 do not pertain to CPT, CPT is without knowledge or

17  information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117,

18  and, on that basis, denies such allegations.

19        118.   CPT admits that the term "working level meetings" refers to meetings regarding either

20  small and medium sized color picture tubes or color display tubes attended by low level sales or

21  marketing employees.  CPT further admits that "working level meetings" generally occurred more

22  frequently than "top meetings."  CPT further admits that the attendees of "working level meetings"

23  lacked authority to enter into agreements.  CPT further admits that the CPT employees who attended

24  working level meetings related to either small and medium sized color picture tubes or color display

25  tubes typically prepared written reports of those meetings for internal use.  Except as expressly

26  admitted, to the extent the allegations contained in Paragraph 118 pertain to CPT, CPT denies such

27  allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 118 do

28

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.                          MASTER FILE NO. 3:07-CV-5944 SC
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT     INDIVIDUAL CASE NO. 12-CV-02648

1  not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the

2  truth of the allegations contained in Paragraph 118, and, on that basis, denies such allegations.

3       119.    CPT admits that certain employees attended group meetings in China regarding color

4  display tubes from approximately 1998 to 2001.  CPT further admits that at certain meetings in

5  China, prior glass meetings regarding color display tubes were discussed.  CPT further admits that

6  attendees at the China meetings included employees of its factory based in Fuzhou, China, as well as

7  employees of IRICO, BMCC, Hitachi Shenzhen, Samsung SDI Shenzhen, and Samsung SDI Tianjin.

8  Except as expressly admitted, to the extent the allegations contained in Paragraph 119 pertain to CPT,

9  CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in

10  Paragraph 119 do not pertain to CPT, CPT is without knowledge or information sufficient to form a

11  belief as to the truth of the allegations contained in Paragraph 119, and, on that basis, denies such

12  allegations.

13       120.    CPT admits that certain of its employees attended glass meetings in various European

14  countries regarding small and medium color picture tubes.  CPT further admits that employees of

15  Philips, LG Electronics, LP Displays, Samsung and DOSA attended certain of the meetings attended

16  by CPT employees in Europe.  Except as expressly admitted, to the extent the allegations contained

17  in Paragraph 120 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the

18  extent the allegations contained in Paragraph 120 do not pertain to CPT, CPT is without knowledge

19  or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120,

20  and, on that basis, denies such allegations.

21       121.    CPT admits that the term "green meetings" refers to meetings held on golf courses.

22  CPT further admits that certain CPT employees attended such meetings.  Except as expressly

23  admitted, to the extent the allegations contained in Paragraph 121 pertain to CPT, CPT denies such

24  allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 121 do

25  not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the

26  truth of the allegations contained in Paragraph 121, and, on that basis, denies such allegations.

27       122.    CPT admits that glass meetings occurred in Taiwan, South Korea, Europe, China,

28  Singapore, Japan, Indonesia, Thailand, and Malaysia.  Except as expressly admitted, to the extent the

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

allegations contained in Paragraph 122 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 122 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122, and, on that basis, denies such allegations.

123.    CPT admits that participants shared competitively sensitive information prior to certain glass meetings regarding color display tubes.  CPT further admits its employees shared competitively sensitive information at certain glass meetings.  Except as expressly admitted, to the extent the allegations contained in Paragraph 123 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 123 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123, and, on that basis, denies such allegations.

124.    CPT admits that participants at certain glass meetings exchanged information regarding small and medium color picture tubes or regarding color display tubes.  CPT admits that the information sometimes related to pricing, sales volume, inventory levels, production capacity, exports, customer orders, and price trends and forecasts for either small and medium color picture tubes or color display tubes.  CPT further admits that at certain meetings, information regarding those sizes of small and medium CPTs or CDTs discussed at a previous meeting was updated.  CPT further admits that a "Chairman" sometimes wrote information on a white board.  CPT further admits that the participants would discuss the information shared.  CPT further admits that its employees reached agreements regarding small and medium CPTs or 14", 15" and 17" CDTs at glass meetings, and that those agreements sometimes included agreements regarding target prices, price increases, "bottom prices" or price ranges for specifically discussed sizes of CPTs or CDTs.  Except as expressly admitted, to the extent the allegations contained in Paragraph 124 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 124 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124, and, on that basis, denies such allegations.

125.    CPT admits that during periods of oversupply, attendees of meetings regarding color picture tubes reached agreements to attempt to achieve controlled and coordinated price reductions.

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

CPT further admits that employees attending the color display tube-related glass meetings sometimes used the phrase "bottom price" to describe price related agreements in a period of oversupply. Except as expressly admitted, to the extent the allegations contained in Paragraph 125 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 125 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125, and, on that basis, denies such allegations.

126.    To the extent Paragraph 126 states a legal conclusion, CPT is not required to respond. To the extent a further response is required, CPT admits that at certain meetings regarding either small and medium sized color picture tubes or color display tubes, attendees reached agreement regarding prices for sales to specific customers, including those with a corporate affiliation or relationship with a participating CRT manufacturer.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126, and, on that basis, denies such allegations.

127.    CPT admits that its employees sometimes reached agreements with employees of certain other manufacturers of either small and medium sized color picture tubes or of color display tubes regarding prices, and that those agreements sometimes included agreements regarding target prices, "bottom" prices, price ranges or price guidelines.  CPT further admits that its employees sometimes reached agreements with employees of certain other manufacturers of either small and medium sized color picture tubes or of color display tubes regarding price differentials on certain small and medium sized color picture tubes or color display tubes that reflected quality or technical specifications.  CPT further admits that its employees sometimes reached agreements with employees of certain other manufacturers of either small and medium sized color picture tubes or of color display tubes regarding sales to specific small and medium sized color picture tube or color display tubes that were affiliated with a company attending the specific glass meeting.  CPT further admits that its employees sometimes reached agreements with employees of certain other manufacturers of either small and medium sized color picture tubes or of color display tubes regarding what to tell customers about the reason for a specific price.  CPT further admits that its employees sometimes

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

Gibson, Dunn &
Crutcher LLP

reached agreements with employees of certain other manufacturers of small and medium sized color

picture tubes regarding coordination with manufacturers of small and medium sized color picture

tubes that had not joined the glass meetings.  CPT further admits that its employees sometimes

reached agreements with employees of certain other manufacturers of color display tubes regarding

coordination with manufacturers of color display tubes that had not joined the glass meetings.  CPT

further admits that its employees sometimes reached agreements with employees of certain other

manufacturers of small and medium sized color picture tubes regarding coordination with

manufacturers or small and medium sized color picture tubes in Brazil, Europe and India.  CPT

further admits that its employees sometimes reached agreements with employees of certain other

manufacturers of either small and medium sized color picture tubes or of color display tubes to

exchange information regarding shipments, capacity, production, prices and customer demands.  CPT

further admits that its employees sometimes reached agreements with employees of certain other

manufacturers of either small and medium sized color picture tubes or of color display tubes

regarding public statements on market and industry conditions.  CPT further admits that its

employees sometimes reached agreements with employees of certain other manufacturers of color

display tubes regarding allocation of market shares or shares of a particular customer's purchases.

CPT further admits that its employees sometimes reached agreements with employees of certain other

manufacturers of either small and medium sized color picture tubes or color display tubes to allocate

customers.  CPT further admits that its employees sometimes reached agreements with employees of

certain other manufacturers of color display tubes regarding output.  CPT further admits that its

employees sometimes reached agreements with employees of certain other manufacturers of color

display tubes to audit agreements regarding output.  CPT further admits that its employees sometimes

reached agreements with employees of certain other manufacturers of either small and medium sized

color picture tubes or color display tubes regarding the secrecy of glass meetings.   Except as

expressly admitted, CPT denies the allegations contained in Paragraph 127.

128.   CPT admits the allegations of Paragraph 128 insofar as it admits to "agreements"

alleged in paragraph 127.  Except as expressly admitted, to the extent the allegations contained in

Paragraph 128 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

1    extent the allegations contained in Paragraph 128 do not pertain to CPT, CPT is without knowledge

2    or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128,

3    and, on that basis, denies such allegations.

4        129.    CPT admits that glass meetings became less frequent beginning in 2005 and that CPT

5    employees stopped attending meetings related to color picture tubes in 2006 and related to small and

6    medium sized color display tubes in early 2007.  CPT further admits that it received a grand jury

7    subpoena in December 2006 related to an investigation regarding the TFT-LCD industry.  Except as

8    expressly admitted, to the extent the allegations contained in Paragraph 129 pertain to CPT, CPT

9    denies such allegations.  Except as expressly admitted, to the extent the allegations contained in

10   Paragraph 129 do not pertain to CPT, CPT is without knowledge or information sufficient to form a

11   belief as to the truth of the allegations contained in Paragraph 129, and, on that basis, denies such

12   allegations.

13       130.    CPT admits that certain CPT employees met one-on-one with employees of certain

14   CRT manufacturers during the Relevant Period.  CPT further admits that such discussions were more

15   informal and ad hoc.  CPT further admits that such discussions could occur between sales or

16   marketing employees via in-person meetings, telephone contacts, and rarely emails.  Except as

17   expressly admitted, to the extent the allegations contained in Paragraph 130 pertain to CPT, CPT

18   denies such allegations.  Except as expressly admitted, to the extent the allegations contained in

19   Paragraph 130 do not pertain to CPT, CPT is without knowledge or information sufficient to form a

20   belief as to the truth of the allegations contained in Paragraph 130, and, on that basis, denies such

21   allegations.

22       131.    CPT admits that CPT employees met one-on-one with employees of certain CRT

23   manufacturers in Malaysia, Indonesia, Taiwan, China, the United Kingdom, Singapore, South Korea,

24   and Japan.  Except as expressly admitted, to the extent the allegations contained in Paragraph 131

25   pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the

26   allegations contained in Paragraph 131 do not pertain to CPT, CPT is without knowledge or

27   information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131,

28   and, on that basis, denies such allegations.

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

132.    CPT admits that certain CPT employees discussed information at one-on-one meetings with employees of certain CRT manufacturers including past and future pricing, production levels, and sales orders or small and medium sized color picture tubes or color display tubes.  Except as expressly admitted, to the extent the allegations contained in Paragraph 132 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 132 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132, and, on that basis, denies such allegations.

133.    To the extent the allegations contained in Paragraph 133 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 133 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133, and, on that basis, denies such allegations.

134.    To the extent the allegations contained in Paragraph 134 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 134 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134, and, on that basis, denies such allegations.

135.    CPT admits that certain CPT employees had some one-on-one meetings with certain employees of Hitachi, Toshiba, Panasonic and Samtel regarding small and medium sized color picture tubes or color display tubes.  Except as expressly admitted, to the extent the allegations contained in Paragraph 135 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 135 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135, and, on that basis, denies such allegations.

136.    CPT admits that certain CPT employees met occasionally with certain Hitachi employees to discuss certain color display tubes.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136, and, on that basis, denies such allegations.

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

137.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137, and, on that basis, denies such allegations.

138.    CPT admits that certain CPT employees met with certain IRICO employees at meetings regarding color display tubes in China between 1998 and 2001.  CPT further admits that certain CPT employees met occasionally one-on-one with certain IRICO employees regarding small and medium color picture tubes.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138, and, on that basis, denies such allegations.

139.    CPT admits that certain CPT employees attended certain glass meetings with employees of LG Electronics at which agreements were sometimes reached regarding prices for small and medium sized color picture tubes or color display tubes.  CPT further admits that certain CPT employees met one on one with certain LG Electronics employees to discuss small and medium sized color picture tubes or color display tubes.  CPT further admits that after its formation, certain employees of LP Displays attended certain glass meetings with employees of CPT at which agreements were sometimes reached regarding prices for small and medium sized color picture tubes or color display tubes.  Except as expressly admitted, to the extent the allegations contained in Paragraph 139 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 139 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139, and, on that basis, denies such allegations.

140.    CPT admits that after its formation, certain employees of LP Displays attended certain glass meetings with employees of CPT at which agreements were sometimes reached regarding prices for small and medium sized color picture tubes or color display tubes.  CPT further admits that certain CPT employees met one on one with certain LP Displays employees to discuss color picture tubes.  Except as expressly admitted, to the extent the allegations contained in Paragraph 140 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 140 do not pertain to CPT, CPT is without knowledge or information

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

1   sufficient to form a belief as to the truth of the allegations contained in Paragraph 140, and, on that

2   basis, denies such allegations.

3         141.   To the extent the allegations contained in Paragraph 141 pertain to CPT, CPT denies

4   such allegations.  To the extent the allegations contained in Paragraph 141 do not pertain to CPT,

5   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

6   contained in Paragraph 141, and, on that basis, denies such allegations.

7         142.   CPT admits that certain CPT employees met one on one with employees of Matsushita

8   Malaysia to discuss small and medium sized color picture tubes and color display tubes.  CPT further

9   admits that after the formation of MTPD, certain MTPD employees attended certain glass meetings

10   with certain CPT employees regarding small and medium sized color picture tubes and that

11   agreements regarding price were sometimes reached.  Except as expressly admitted, to the extent the

12   allegations contained in Paragraph 142 pertain to CPT, CPT denies such allegations.  Except as

13   expressly admitted, to the extent the allegations contained in Paragraph 142 do not pertain to CPT,

14   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

15   contained in Paragraph 142, and, on that basis, denies such allegations.

16         143.   To the extent the allegations contained in Paragraph 143 pertain to CPT, CPT denies

17   such allegations.  To the extent the allegations contained in Paragraph 143 do not pertain to CPT,

18   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

19   contained in Paragraph 143, and, on that basis, denies such allegations.

20         144.   CPT admits that after the formation of MTPD, certain MTPD employees attended

21   certain class meetings with certain CPT employees regarding small and medium sized color picture

22   tubes and that agreements regarding price were sometimes reached.  CPT further admits that an

23   MTPD employee served as chair of the certain meetings regarding small and medium color picture

24   tubes from 2003 to 2006.  Except as expressly admitted, to the extent the allegations contained in

25   Paragraph 144 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the

26   extent the allegations contained in Paragraph 144 do not pertain to CPT, CPT is without knowledge

27   or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144,

28   and, on that basis, denies such allegations.

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.                                    MASTER FILE NO. 3:07-CV-5944 SC
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT            INDIVIDUAL CASE NO. 12-CV-02648

145.   CPT admits that certain CPT employees attended glass meetings in China regarding color display tubes with certain BMCC employees from 1998 to 2001.  Except as expressly admitted, to the extent the allegations contained in Paragraph 145 pertain to CPT, CPT denies such allegations. Except as expressly admitted, to the extent the allegations contained in Paragraph 145 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145, and, on that basis, denies such allegations.

146.   CPT admits that certain CPT employees attended certain glass meetings with employees of Philips at which agreements were sometimes reached regarding prices for small and medium sized color picture tubes or color display tubes.  CPT further admits that after its formation, certain employees of LP Displays attended certain glass meetings with employees of CPT at which agreements were sometimes reached regarding prices for small and medium sized color picture tubes or color display tubes.  Except as expressly admitted, to the extent the allegations contained in Paragraph 146 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 146 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146, and, on that basis, denies such allegations.

147.   To the extent the allegations contained in Paragraph 147 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 147 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147, and, on that basis, denies such allegations.

148.   CPT admits that certain CPT employees attended certain glass meetings with employees of various Samsung SDI entities at which agreements were sometimes reached regarding prices for small and medium sized color picture tubes or color display tubes.  CPT further admits that certain CPT employees met one on one with certain Samsung employees to discuss small and medium sized color picture tubes or color display tubes.  Except as expressly admitted, to the extent the allegations contained in Paragraph 148 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 148 do not pertain to CPT,

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

1   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

2   contained in Paragraph 148, and, on that basis, denies such allegations.

3       149.   To the extent the allegations contained in Paragraph 149 pertain to CPT, CPT denies

4   such allegations.  To the extent the allegations contained in Paragraph 149 do not pertain to CPT,

5   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

6   contained in Paragraph 149, and, on that basis, denies such allegations.

7       150.   CPT admits that certain CPT employees met one or two times with certain Samtel

8   employees regarding small and medium sized color picture tubes.  Except as expressly admitted, to

9   the extent the allegations contained in Paragraph 150 pertain to CPT, CPT denies such allegations.

10  Except as expressly admitted, to the extent the allegations contained in Paragraph 150 do not pertain

11  to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the

12  allegations contained in Paragraph 150, and, on that basis, denies such allegations.

13      151.   CPT admits that certain CPT employees attended certain glass meetings regarding

14  small and medium sized color picture tubes with employees of Thai CRT at which agreements were

15  sometimes reached regarding prices for small and medium sized color picture tubes.  Except as

16  expressly admitted, to the extent the allegations contained in Paragraph 151 pertain to CPT, CPT

17  denies such allegations.  Except as expressly admitted, to the extent the allegations contained in

18  Paragraph 151 do not pertain to CPT, CPT is without knowledge or information sufficient to form a

19  belief as to the truth of the allegations contained in Paragraph 151, and, on that basis, denies such

20  allegations.

21      152.   To the extent the allegations contained in Paragraph 152 pertain to CPT, CPT denies

22  such allegations.  To the extent the allegations contained in Paragraph 152 do not pertain to CPT,

23  CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

24  contained in Paragraph 152, and, on that basis, denies such allegations.

25      153.   To the extent the allegations contained in Paragraph 153 pertain to CPT, CPT denies

26  such allegations.  To the extent the allegations contained in Paragraph 153 do not pertain to CPT,

27  CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

28  contained in Paragraph 153, and, on that basis, denies such allegations.

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.                    MASTER FILE NO. 3:07-CV-5944 SC
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT       INDIVIDUAL CASE NO. 12-CV-02648

154.     CPT admits that it attended glass meetings at all levels.  CPT further admits that executives, including its former Chairman and CEO C.Y. Lin, attended some of the glass meetings. CPT further admits that it engaged in bilateral discussions with other CRT manufacturers throughout the Relevant Period.  Except as expressly admitted, CPT denies the allegations contained in Paragraph 154.

155.     To the extent the allegations contained in Paragraph 155 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 155 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155, and, on that basis, denies such allegations.

156.     CPT states that the allegations contained in Paragraph 156 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT admits that its employees did not always know the corporate affiliation of other companies' employees.  Except as expressly admitted, to the extent the allegations contained in Paragraph 156 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 156 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156, and, on that basis, denies such allegations.

157.     CPT admits that CRTs were the dominant technology used in displays until sometime after the year 2000.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157, and, on that basis, denies such allegations.

158.     CPT states that the Stanford Resources, Inc. reports referenced in Paragraph 158 speak for themselves.  CPT refers the Court to those documents for a full and complete statement of their contents.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158, and, on that basis, denies such allegations.

159.     CPT states that the Fuji Chimera Research report referenced in Paragraph 159 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To

-29-

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

1   the extent a further response is required, CPT is without knowledge or information sufficient to form

2   a belief as to the truth of the allegations contained in Paragraph 159, and, on that basis, denies such

3   allegations.

4   160.   CPT is without knowledge or information sufficient to form a belief as to the truth of

5   the allegations contained in Paragraph 160, and, on that basis, denies such allegations.

6   161.   CPT states that the article referenced in Paragraph 161 speaks for itself.  CPT refers

7   the Court to that document for a full and complete statement of its contents.  To the extent a further

8   response is required, CPT is without knowledge or information sufficient to form a belief as to the

9   truth of the allegations contained in Paragraph 161, and, on that basis, denies such allegations.

10   162.   CPT states that the article referenced in Paragraph 162 speaks for itself.  CPT refers

11   the Court to that document for a full and complete statement of its contents.  To the extent a further

12   response is required, CPT is without knowledge or information sufficient to form a belief as to the

13   truth of the allegations contained in Paragraph 162, and, on that basis, denies such allegations.

14   163.   To the extent the allegations contained in Paragraph 163 pertain to CPT, CPT denies

15   such allegations.  To the extent the allegations contained in Paragraph 163 do not pertain to CPT,

16   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

17   contained in Paragraph 163, and, on that basis, denies such allegations.

18   164.   To the extent the allegations contained in Paragraph 164 pertain to CPT, CPT denies

19   such allegations.  To the extent the allegations contained in Paragraph 164 do not pertain to CPT,

20   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

21   contained in Paragraph 164, and, on that basis, denies such allegations.

22   165.   To the extent the allegations contained in Paragraph 165 pertain to CPT, CPT denies

23   such allegations.  To the extent the allegations contained in Paragraph 165 do not pertain to CPT,

24   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

25   contained in Paragraph 165, and, on that basis, denies such allegations.

26   166.   CPT admits that prices of CRTs sometimes increased during the Relevant Period.

27   Except as expressly admitted, to the extent the allegations contained in Paragraph 166 pertain to CPT,

28   CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

Paragraph 166 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166, and, on that basis, denies such allegations.

167.    CPT denies the allegations contained in Paragraph 167.

168.    To the extent the allegations contained in Paragraph 168 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 168 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168, and, on that basis, denies such allegations.

169.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169, and, on that basis, denies such allegations.

170.    CPT states that the report referenced in Paragraph 170 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170, and, on that basis, denies such allegations.

171.    CPT states that the document referenced in Paragraph 171 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171, and, on that basis, denies such allegations.

172.    CPT states that the documents referenced in Paragraph 172 speak for themselves. CPT refers the Court to those documents for a full and complete statement of their contents.  To the extent a further response is required, CPT admits that the Department of Justice indicted C.Y. Lin on February 10, 2009, for his alleged participation in conspiracies related to CRTs.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172, and, on that basis, denies such allegations.

173.    CPT states that the documents referenced in Paragraph 173 speak for themselves. CPT refers the Court to those documents for a full and complete statement of their contents.  To the extent a further response is required, upon information and belief CPT admits that the Department of Justice indicted Tony Cheng on August 19, 2009, for his alleged participation in conspiracies related

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

to CRTs.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173, and, on that basis, denies such allegations.

174.    CPT states that the documents referenced in Paragraph 174 speak for themselves. CPT refers the Court to those documents for a full and complete statement of their contents.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174, and, on that basis, denies such allegations.

175.    CPT states that the documents referenced in Paragraph 175 speak for themselves. CPT refers the Court to those documents for a full and complete statement of their contents.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175, and, on that basis, denies such allegations.

176.    CPT states that the press release referenced in Paragraph 176 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176, and, on that basis, denies such allegations.

177.    CPT states that the plea agreement referenced in Paragraph 177 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177, and, on that basis, denies such allegations.

178.    CPT states that the plea agreement referenced in Paragraph 178 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178, and, on that basis, denies such allegations.

179.    CPT states that the press release referenced in Paragraph 179 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To the extent a further response is required and to the extent the allegations contained in Paragraph 179 pertain to

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 179 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179, and, on that basis, denies such allegations.

180.     To the extent the allegations contained in Paragraph 180 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 180 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180, and, on that basis, denies such allegations.

181.     To the extent the allegations contained in Paragraph 181 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 181 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181, and, on that basis, denies such allegations.

182.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182, and, on that basis, denies such allegations.

183.     To the extent the allegations contained in Paragraph 183 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 183 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183, and, on that basis, denies such allegations.

184.     CPT states that the news reports referenced in Paragraph 184 speak for themselves.  CPT refers the Court to those documents for a full and complete statement of their contents.  To the extent a further response is required and to the extent the allegations contained in Paragraph 184 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 184 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184, and, on that basis, denies such allegations.

185.     CPT admits that it entered into a plea agreement with the U.S. Department of Justice on or about November 10, 2008 regarding TFT-LCD panels, the content of which speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  CPT further admits that it agreed to plead to a one-count information charging it with participating in a conspiracy to suppress and eliminate competition by fixing the prices of Large Area TFT-LCD panels sold in the

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

United States and elsewhere, from on or about September 14, 2001, to on or about December 1, 2006, in violation of Section 1 of the Sherman Act and to pay a fine of $65 million.  CPT further states that the plea agreements entered into by LG Display Co. Ltd., LG Display America, Inc., and Sharp Corporation also speak for themselves.  CPT refers the Court to those documents for a full and complete statement of their contents.  CPT admits that LG Display Co. Ltd. (together with LG Display America, Inc.) and Sharp Corporation agreed to plead guilty to informations charging each with violating Section 1 the Sherman Act and agreed to pay $400 million and $120 million, respectively, in fines.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185, and, on that basis, denies such allegations.

186.    CPT states that the plea agreement entered into by Hitachi Displays speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  CPT admits that Hitachi Displays agreed to plead guilty to an information charging it with violating Section 1 the Sherman Act and agreed to pay $31 million in fines.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186, and, on that basis, denies such allegations

187.    CPT states that the plea agreements entered into by CPT, LG Display Co. Ltd., LG Display America, Inc., and Sharp Corporation speak for themselves.  CPT refers the Court to those documents for a full and complete statement of their contents.  CPT admits that acts in furtherance of the violation of the Sherman Act related to Large Area TFT-LCDs to which it pleaded guilty were carried out within the Northern District of California.  Except as expressly admitted, to the extent the allegations contained in Paragraph 187 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187, and, on that basis, denies such allegations.

188.    CPT states that the documents and statements referenced in Paragraph 188 speak for themselves.  CPT refers the Court to those documents for a full and complete statement of their contents.  To the extent a further response is required, to the extent the allegations contained in Paragraph 188 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained

-34-

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

in Paragraph 188 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188, and, on that basis, denies such allegations.

189.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189, and, on that basis, denies such allegations.

190.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190, and, on that basis, denies such allegations.

191.    To the extent the allegations contained in Paragraph 191 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 191 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191, and, on that basis, denies such allegations.

192.    To the extent the allegations contained in Paragraph 192 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 192 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192, and, on that basis, denies such allegations.

193.    To the extent the allegations contained in Paragraph 193 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 193 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193, and, on that basis, denies such allegations.

194.    CPT states that the statements referenced in Paragraph 194 speak for themselves.  CPT refers the Court to those documents for a full and complete statement of their contents.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194, and, on that basis, denies such allegations.

195.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195, and, on that basis, denies such allegations.

196.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196, and, on that basis, denies such allegations.

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

1   197. CPT is without knowledge or information sufficient to form a belief as to the truth of

2 the allegations contained in Paragraph 197, and, on that basis, denies such allegations.

3   198. CPT is without knowledge or information sufficient to form a belief as to the truth of

4 the allegations contained in Paragraph 198, and, on that basis, denies such allegations.

5   199. CPT states that the documents and statements referenced in Paragraph 199 speak for

6 themselves.  CPT refers the Court to those documents for a full and complete statement of their

7 contents.  To the extent a further response is required and to the extent the allegations contained in

8 Paragraph 199 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained

9 in Paragraph 199 do not pertain to CPT, CPT is without knowledge or information sufficient to form

10 a belief as to the truth of the allegations contained in Paragraph 199, and, on that basis, denies such

11 allegations.

12   200. CPT states that the statement referenced in Paragraph 200 speaks for itself.  CPT

13 refers the Court to that document for a full and complete statement of its contents.  To the extent a

14 further response is required, CPT is without knowledge or information sufficient to form a belief as to

15 the truth of the allegations contained in Paragraph 200, and, on that basis, denies such allegations.

16   201. CPT is without knowledge or information sufficient to form a belief as to the truth of

17 the allegations contained in Paragraph 201, and, on that basis, denies such allegations.

18   202. CPT states that the article referenced in Paragraph 202 speaks for itself.  CPT refers

19 the Court to that document for a full and complete statement of its contents.  To the extent a further

20 response is required and to the extent the allegations contained in Paragraph 202 pertain to CPT, CPT

21 denies such allegations.  To the extent the allegations contained in Paragraph 202 do not pertain to

22 CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the

23 allegations contained in Paragraph 202, and, on that basis, denies such allegations.

24   203. CPT states that the statement referenced in Paragraph 203 speaks for itself.  CPT

25 refers the Court to that document for a full and complete statement of its contents.  To the extent a

26 further response is required, CPT admits that the prices for CRT monitors fell as a result of the Asian

27 economic crisis of 1998.  Except as expressly admitted, CPT is without knowledge or information

28

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

sufficient to form a belief as to the truth of the allegations contained in Paragraph 203, and, on that basis, denies such allegations.

204.     To the extent the allegations contained in Paragraph 204 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 204 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204, and, on that basis, denies such allegations.

205.     CPT states that the article referenced in Paragraph 205 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205, and, on that basis, denies such allegations.

206.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206, and, on that basis, denies such allegations.

207.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 207, and, on that basis, denies such allegations.  CPT denies the allegations contained in the second and third sentences of Paragraph 207.

208.     To the extent Paragraph 208 states legal conclusions, CPT is not required to respond.  To the extent a further response is required, CPT denies the allegations contained in Paragraph 208.

209.     To the extent Paragraph 209 states legal conclusions, CPT is not required to respond.  To the extent a further response is required, CPT denies the allegations contained in Paragraph 209.

210.     To the extent the allegations contained in Paragraph 210 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 210 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210, and, on that basis, denies such allegations.

211.     To the extent Paragraph 211 states legal conclusions, CPT is not required to respond.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211, and, on that basis, denies such allegations.

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

212.     CPT denies the allegations contained in the first two sentences of Paragraph 212.  CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 212, and, on that basis, denies such allegations.

213.     To the extent Paragraph 213 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in the first sentence of Paragraph 213.  CPT admits that CRTs have value as components for CRT Products.  Except as expressly admitted, CPT denies the allegations contained in the second sentence of Paragraph 213.

214.     To the extent Paragraph 214 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 214.

215.     To the extent Paragraph 215 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 215, and, on that basis, denies such allegations.

216.     To the extent Paragraph 216 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 216 to the extent such allegations pertain to CPT.  To the extent the allegations contained in Paragraph 216 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

217.     To the extent Paragraph 217 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 217 to the extent such allegations pertain to CPT.  To the extent the allegations contained in Paragraph 217 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

218.     To the extent Paragraph 218 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. that attended glass meetings took steps to conceal the existence of the glass meetings. Except as expressly admitted, to the extent the allegations contained in Paragraph 218 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in

Gibson, Dunn & Crutcher LLP

Paragraph 218 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

219.   To the extent Paragraph 219 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. that attended glass meetings took steps to conceal the existence of the glass meetings. Except as expressly admitted, to the extent the allegations contained in Paragraph 219 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 219 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

220.   To the extent Paragraph 220 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. that attended glass meetings took steps to conceal the existence of the glass meetings. Except as expressly admitted, to the extent the allegations contained in Paragraph 220 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 220 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

221.   CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. that attended glass meetings took steps to conceal the existence of the glass meetings.  Except as expressly admitted, to the extent the allegations contained in Paragraph 221 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 221 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

222.   To the extent the allegations contained in Paragraph 222 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 222 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

223.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 223, and, on that basis, denies such allegations.  CPT denies the allegations contained in the third sentence of Paragraph 223.

224.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 224, and, on that basis, denies such allegations.  CPT denies the allegations contained in the third sentence of Paragraph 224.

225.     CPT states that the statement referenced in Paragraph 225 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 225, and, on that basis, denies such allegations

226.     CPT states that the press statements referenced in Paragraph 226 speak for themselves.  CPT refers the Court to those documents for a full and complete statement of their contents.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 226, and, on that basis, denies such allegations

227.     CPT denies the allegations contained in the Paragraph 227.

228.     To the extent Paragraph 228 states legal conclusions, CPT is not required to respond.  To the extent a further response is required, CPT denies the allegations contained in Paragraph 228.

229.     To the extent Paragraph 229 states legal conclusions, CPT is not required to respond.  To the extent a further response is required, CPT admits that the U.S. Department of Justice instituted criminal proceedings and investigations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 229 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 229 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

230.     To the extent Paragraph 230 states legal conclusions, CPT is not required to respond.  To the extent a further response is required, CPT is without knowledge or information sufficient to

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

1    form a belief as to the truth of the allegations contained in Paragraph 230, and, on that basis, denies

2    such allegations.

3         231.    To the extent Paragraph 231 states legal conclusions, CPT is not required to respond.

4    To the extent a further response is required, CPT denies the allegations contained in Paragraph 231.

5         232.    CPT hereby incorporates, as though fully set forth herein, each and every denial,

6    admission, and averment set forth in the preceding paragraphs of this Answer.

7         233.    To the extent Paragraph 233 states a legal conclusion, CPT is not required to respond.

8    To the extent a response is required, CPT denies the allegations contained in Paragraph 233.

9         234.    To the extent Paragraph 234 states a legal conclusion, CPT is not required to respond.

10   To the extent a response is required, CPT denies the allegations contained in Paragraph 234.

11        235.    To the extent Paragraph 235 states a legal conclusion, CPT is not required to respond.

12   To the extent a response is required, CPT denies the allegations contained in Paragraph 235.

13        236.    To the extent Paragraph 236 states a legal conclusion, CPT is not required to respond.

14   To the extent a response is required, CPT denies the allegations contained in Paragraph 236.

15        237.    CPT denies the allegations contained in Paragraph 237.

16        238.    To the extent Paragraph 238 states a legal conclusion, CPT is not required to respond.

17   To the extent a response is required, CPT denies the allegations contained in Paragraph 238.

18        239.    CPT hereby incorporates, as though fully set forth herein, each and every denial,

19   admission, and averment set forth in the preceding paragraphs of this Answer.

20        240.    To the extent Paragraph 240 states a legal conclusion, CPT is not required to respond.

21   To the extent a response is required, CPT denies the allegations contained in Paragraph 240.

22        241.    To the extent Paragraph 241 states a legal conclusion, CPT is not required to respond.

23   To the extent a response is required, CPT denies the allegations contained in Paragraph 241.

24        242.    To the extent Paragraph 242 states a legal conclusion, CPT is not required to respond.

25   To the extent a response is required, CPT denies the allegations contained in Paragraph 242.

26        243.    To the extent Paragraph 243 states a legal conclusion, CPT is not required to respond.

27   To the extent a response is required, CPT denies the allegations contained in Paragraph 243.

28

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.                    MASTER FILE NO. 3:07-CV-5944 SC
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT      INDIVIDUAL CASE NO. 12-CV-02648

244.    To the extent Paragraph 244 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 244.

245.    To the extent Paragraph 245 states legal conclusions, CPT is not required to respond. To the extent a response is required, CPT denies that Plaintiffs purchased CRT Products directly from CPT in Arizona.  To the extent the allegations contained in Paragraph 245 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 245 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 245, and, on that basis, denies such allegations.

246.    To the extent Paragraph 246 states legal conclusions, CPT is not required to respond. To the extent a response is required, CPT denies that Plaintiffs purchased CRT Products directly from CPT in Illinois.  To the extent the allegations contained in Paragraph 246 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 246 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 246, and, on that basis, denies such allegations.

247.    To the extent Paragraph 247 states legal conclusions, CPT is not required to respond. To the extent a response is required, CPT denies that Plaintiffs purchased CRT Products directly from CPT in Michigan.  To the extent the allegations contained in Paragraph 247 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 247 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 247, and, on that basis, denies such allegations.

248.    To the extent Paragraph 248 states legal conclusions, CPT is not required to respond. To the extent a response is required, CPT denies that Plaintiffs purchased CRT Products directly from CPT in New York.  To the extent the allegations contained in Paragraph 248 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 248 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 248, and, on that basis, denies such allegations.

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### PRAYER FOR RELIEF

In answer to the Prayer for Relief, CPT denies each and every allegation in the Prayer and further specifically denies that Plaintiffs are entitled to any of the relief described or to any remedy whatsoever against CPT.

All allegations of the Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

### ADDITIONAL DEFENSES

Without assuming any burden that it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, CPT asserts the following affirmative or additional defenses:

### FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE

Plaintiffs have failed to allege fraudulent concealment with particularity.

### THIRD ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered cognizable antitrust injury.

### FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no injury in fact.

### FIFTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint does not adequately define the relevant market or products allegedly affected by the alleged conduct of CPT that is the subject of the Complaint.

### SIXTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not have standing.

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SEVENTH ADDITIONAL DEFENSE

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

## EIGHTH ADDITIONAL DEFENSE

To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to Plaintiffs and to the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred, in whole or in part, to the extent that such overcharge was passed on, in whole or in part, to others, and was not absorbed by Plaintiffs.

## NINTH ADDITIONAL DEFENSE

Any award of treble damages, punitive damages and/or restitution to Plaintiffs would be duplicative and would violate the Excessive Fines Clause of the United States Constitution.

## TENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of CPT that is the subject of the Complaint occurred outside of the jurisdiction of the Court.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support jurisdiction under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. section 6a, for any claim in the Complaint.

## TWELFTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek to recover damages, if any, based on sales outside the United States.

## THIRTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because those claims are subject to arbitration.

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

1

### FOURTEENTH ADDITIONAL DEFENSE

2

CPT hereby adopts and incorporates by reference any additional defenses asserted by the

3

other Defendants in this proceeding insofar as those defenses may properly be asserted by CPT.

4

### FIFTEENTH ADDITIONAL DEFENSE

5

CPT reserves the right to assert any additional defenses that may be applicable to any claim

6

asserted by Plaintiffs.

7

### SIXTEENTH ADDITIONAL DEFENSE

8

Plaintiffs' claims are barred, in whole or in part, because there is no sufficient nexus between

9

the transactions at issue and Arizona trade or commerce.

10

### SEVENTEENTH ADDITIONAL DEFENSE

11

Plaintiffs' claims are barred, in whole or in part, because they do not establish that Plaintiffs'

12

nationwide purchases of CRT Products had the substantial contacts with Arizona necessary to satisfy

13

Due Process.

14

### EIGHTEENTH ADDITIONAL DEFENSE

15

Plaintiffs' claims are barred, in whole or in part, because there is no sufficient nexus between

16

the transactions at issue and Illinois trade or commerce.

17

### NINETEENTH ADDITIONAL DEFENSE

18

Plaintiffs' claims are barred, in whole or in part, because they do not establish that Plaintiffs'

19

nationwide purchases of CRT Products had the substantial contacts with Illinois necessary to satisfy

20

Due Process.

21

### TWENTIETH ADDITIONAL DEFENSE

22

Plaintiffs' claims are barred, in whole or in part, because there is no sufficient nexus between

23

the transactions at issue and Michigan trade or commerce.

24

### TWENTY-FIRST ADDITIONAL DEFENSE

25

Plaintiffs' claims are barred, in whole or in part, because they do not establish that Plaintiffs'

26

nationwide purchases of CRT Products had the substantial contacts with Michigan necessary to

27

satisfy Due Process.

28

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

**TWENTY-SECOND ADDITIONAL DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because there is no sufficient nexus between the transactions at issue and New York trade or commerce.

**TWENTY-THIRD ADDITIONAL DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they do not establish that Plaintiffs' nationwide purchases of CRT Products had the substantial contacts with New York necessary to satisfy Due Process.


DATED:  November 4, 2013

GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS
RACHEL S. BRASS
AUSTIN V. SCHWING


By:   /s/ Joel S. Sanders

Joel S. Sanders (SBN 107234)
Rachel S. Brass (SBN 219301)
Austin Schwing (SBN 211696)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
(415) 393.8200 (Phone)
(415) 393.8306 (Facsimile)
*jsanders@gibsondunn.com*

Attorneys for Defendant
CHUNGHWA PICTURE TUBES, LTD.

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO P.C. RICHARD & SON LONG ISLAND CORP. ET AL.'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02648

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn & Crutcher LLP

# DECLARATION OF SERVICE

I, Catherine Chiang, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State.  On the date below, I served the within:

**ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD. TO P.C. RICHARD & SON LONG ISLAND CORPORATION ET AL.'S FIRST AMENDED COMPLAINT**

to all named counsel of record as follows:



**BY ECF (ELECTRONIC CASE FILING)**:  I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on November 4, 2013.  Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on November 4, 2013, at San Francisco, California.

<u>        /s/ *Catherine Chiang*        </u>
Catherine Chiang

-47-