1  JEFFREY L. KESSLER (*pro hac vice*)
   A. PAUL VICTOR (*pro hac vice*)
2  ALDO A. BADINI (257086)
   EVA W. COLE (*pro hac vice*)
3  MOLLY M. DONOVAN (*pro hac vice*)
   **WINSTON & STRAWN LLP**
4  200 Park Avenue
   New York, New York 10166-4193
5  Telephone: (212) 294-6700
   Facsimile: (212) 294-4700
6  Email: jkessler@winston.com

7  STEVEN A. REISS (*pro hac vice*)
   DAVID L. YOHAI (*pro hac vice*)
8  ADAM C. HEMLOCK (*pro hac vice*)
   **WEIL, GOTSHAL & MANGES LLP**
9  767 Fifth Avenue
   New York, New York 10153-0119
10 Telephone: (212) 310-8000
   Facsimile: (212) 310-8007
11 Email: steven.reiss@weil.com

12 *Attorneys for Defendant Panasonic Corporation*
   *(f/k/a Matsushita Electric Industrial Co., Ltd.)*

13

14

15  **IN THE UNITED STATES DISTRICT COURT**
    **NORTHERN DISTRICT OF CALIFORNIA**
16  **SAN FRANCISCO DIVISION**

17

18

|  |  |
|---|---|
| | **Case No. 07-5944 SC** |
| | **MDL No. 1917** |
| **In re: CATHODE RAY TUBE (CRT)** | |
| **ANTITRUST LITIGATION** | **DEFENDANT PANASONIC** |
| | **CORPORATION'S ANSWER TO** |
| | **INTERBOND'S FIRST AMENDED** |
| | **COMPLAINT** |
| This Document Relates to: | |
| INTERBOND ACTION | |
| 11-CV-006275 | |

19

20

21

22

23

24

25

26

27

28

1            Defendant PANASONIC CORPORATION ("Panasonic"), by and through its

2    attorneys, answers the allegations set forth in the First Amended Complaint (the "Complaint")

3    filed by plaintiff Interbond Corporation of America, d/b/a BrandsMart USA ("Plaintiff"), and

4    alleges additional or affirmative defenses as follows.  To the extent not specifically admitted

5    herein, all allegations of the Complaint are denied.  Furthermore, the section headings included

6    herein are included only for purposes of clarity and organization, and Panasonic does not admit,

7    but rather hereby specifically denies, any factual or legal allegations in the headings used in the

8    Complaint.

9    **I.    "INTRODUCTION"**

10          1.    Panasonic denies the allegations contained in Paragraph 1 of the Complaint

11   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

12   information sufficient to form a belief as to the truth thereof.

13          2.    The allegations in Paragraph 2 of the Complaint constitute characterizations

14   of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the

15   extent that a response is required, Panasonic denies all of the allegations, except admits that color

16   display tubes ("CDTs") can be used in computer monitors and certain other specialized

17   applications, admits that color picture tubes ("CPTs") can be used in televisions, admits that

18   CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various times certain

19   affiliates of Panasonic manufactured some CRTs and some products containing CRTs.

20          3.    Panasonic denies the allegations contained in Paragraph 3 of the Complaint

21   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

22   information sufficient to form a belief as to the truth thereof.

23          4.    Panasonic denies the allegations contained in Paragraph 4 of the Complaint

24   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

25   information sufficient to form a belief as to the truth thereof.

26          5.    Panasonic denies the allegations contained in Paragraph 5 of the Complaint

27   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

28   information sufficient to form a belief as to the truth thereof.

6.      Panasonic denies the allegations contained in Paragraph 6 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7.      Panasonic denies the allegations contained in Paragraph 7 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8.      Panasonic denies the allegations contained in Paragraph 8 of the Complaint, except admits that an alleged conspiracy concerning CRTs is being investigated by the United States Department of Justice ("DOJ"), and by certain foreign competition authorities, and that it has been publicly reported that individuals have been indicted in connection with the DOJ investigation.

9.      Panasonic denies the allegations contained in Paragraph 9 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that certain affiliates of Panasonic have sold some products containing CRTs to Plaintiff.

## II.      "JURISDICTION AND VENUE"

10.      Panasonic denies the allegations contained in Paragraph 10 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to the federal statutes identified therein and seek the relief sought therein.

11.      Panasonic denies the allegations contained in Paragraph 11 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to the state statute identified therein and seek the relief sought therein.

12.      The allegations contained in Paragraph 12 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiff purports to base subject matter jurisdiction on the federal statutes identified therein.

13.      Panasonic denies the allegations contained in Paragraph 13 of the

2

Complaint as they relate to Panasonic, except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

14.     The allegations of Paragraph 14 of the Complaint regarding jurisdiction constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations as they relate to Panasonic except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15.     The allegations of Paragraph 15 of the Complaint regarding venue constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations as they relate to Panasonic except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## III.    "PARTIES"

### A.    "Plaintiff"

16.     Panasonic denies the allegations contained in Paragraph 16 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17.     Panasonic denies the allegations contained in Paragraph 17 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that certain affiliates of Panasonic have sold some products containing CRTs to Plaintiff.

18.     Panasonic denies the allegations contained in Paragraph 18 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### B.    "Defendants"

1          **1.       "Hitachi Entities"**

2          19.     Panasonic denies the allegations contained in Paragraph 19 of the

3   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

4   the truth thereof.

5          20.     Panasonic denies the allegations contained in Paragraph 20 of the

6   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

7   the truth thereof.

8          21.     Panasonic denies the allegations contained in Paragraph 21 of the

9   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

10  the truth thereof.

11         22.     Panasonic denies the allegations contained in Paragraph 22 of the

12  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

13  the truth thereof.

14         23.     Panasonic denies the allegations contained in Paragraph 23 of the

15  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

16  the truth thereof.

17         24.     Panasonic denies the allegations contained in Paragraph 24 of the

18  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

19  the truth thereof.

20         25.     Panasonic admits that Plaintiff purports to refer to the entities identified in

21  Paragraph 25 of the Complaint collectively as "Hitachi."

22         **2.       "IRICO Entities"**

23         26.     Panasonic denies the allegations contained in Paragraph 26 of the

24  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

25  the truth thereof.

26         27.     Panasonic denies the allegations contained in Paragraph 27 of the

27  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

28  the truth thereof.

4

28.     Panasonic denies the allegations contained in Paragraph 28 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

29.     Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 29 of the Complaint collectively as "IRICO."

**3.      "LG Electronics Entities"**

30.     Panasonic denies the allegations contained in Paragraph 30 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

31.     Panasonic denies the allegations contained in Paragraph 31 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

32.     Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 32 of the Complaint collectively as "LG Electronics."

**4.      "LP Displays"**

33.     Panasonic denies the allegations contained in Paragraph 33 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**5.      "Panasonic Entities"**

34.     Panasonic denies the allegations contained in Paragraph 34 of the Complaint in their entirety, except admits that it is a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 34, and that it was known as Matsushita Electric Industrial Co., Ltd. ("MEI") prior to October 1, 2008.  Panasonic further admits that certain of its affiliates sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period.

35.     Panasonic denies the allegations contained in Paragraph 35 of the Complaint in their entirety, except admits that Panasonic Corporation of North America ("PNA") is a Delaware corporation with its principal place of business formerly located at the address listed

in Paragraph 35. Panasonic avers that PNA's principal place of business is now located at Two Riverfront Plaza, Newark, New Jersey, 07102. Panasonic further admits that PNA is a wholly-owned subsidiary of Panasonic. Panasonic further admits that PNA or certain affiliates of PNA sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period.

36. Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 36 of the Complaint collectively as "Panasonic."

37. Panasonic denies the allegations contained in Paragraph 37 of the Complaint in their entirety, except admits that MT Picture Display Co., Ltd., f/k/a/ Matsushita Toshiba Picture Display Co., Ltd. ("MTPD") was a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 37. Panasonic further admits that MTPD was established as a joint venture between Panasonic and Toshiba Corporation ("Toshiba"), but avers that MTPD was formed in 2003, not 2002. Panasonic further admits that it held 64.5% of MTPD at the time MTPD was formed in 2003. Panasonic further admits that it acquired Toshiba's 35.5% interest in MTPD on March 30, 2007, that MTPD became a wholly-owned subsidiary of Panasonic, and that MTPD was renamed. Panasonic further admits that certain affiliates of MTPD sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period.

38. Panasonic denies the allegations contained in Paragraph 38 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is a Chinese entity with its headquarters in Beijing, China at the address listed in Paragraph 38. Panasonic further admits that BMCC is a joint venture formed in 1987, and further admits that MTPD at one time had a 50% equity ownership interest in BMCC.

### 6. "Philips Entities"

39. Panasonic denies the allegations contained in Paragraph 39 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

40.     Panasonic denies the allegations contained in Paragraph 40 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

41.     Panasonic denies the allegations contained in Paragraph 41 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

42.     Panasonic denies the allegations contained in Paragraph 42 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

43.     Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 43 of the Complaint collectively as "Philips."

**7.     "Samsung Entities"**

44.     Panasonic denies the allegations contained in Paragraph 44 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

45.     Panasonic denies the allegations contained in Paragraph 45 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

46.     Panasonic denies the allegations contained in Paragraph 46 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

47.     Panasonic denies the allegations contained in Paragraph 47 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

48.     Panasonic denies the allegations contained in Paragraph 48 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

49.     Panasonic denies the allegations contained in Paragraph 49 of the

Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

50. Panasonic denies the allegations contained in Paragraph 50 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

51. Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 51 of the Complaint collectively as "Samsung."

**8.** **"Samtel"**

52. Panasonic denies the allegations contained in Paragraph 52 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**9.** **"Thai CRT"**

53. Panasonic denies the allegations contained in Paragraph 53 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**10.** **"Toshiba Entities"**

54. Panasonic denies the allegations contained in Paragraph 54 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that it entered into a joint venture with Toshiba to form MTPD, but avers that MTPD was formed in 2003, not 2002.

55. Panasonic denies the allegations contained in Paragraph 55 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

56. Panasonic denies the allegations contained in Paragraph 56 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

57. Panasonic denies the allegations contained in Paragraph 57 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

1   the truth thereof.

2              58.     Panasonic denies the allegations contained in Paragraph 58 of the

3   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

4   the truth thereof.

5              59.     Panasonic admits that Plaintiff purports to refer to the entities identified in

6   Paragraph 59 of the Complaint collectively as "Toshiba."

7              **11.    "Chunghwa Entities"**

8              60.     Panasonic denies the allegations contained in Paragraph 60 of the

9   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

10  the truth thereof.

11             61.     Panasonic denies the allegations contained in Paragraph 61 of the

12  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

13  the truth thereof.

14             62.     Panasonic admits that Plaintiff purports to refer to the entities identified in

15  Paragraph 62 of the Complaint collectively as "Chunghwa."

16  **IV.    "AGENTS AND CO-CONSPIRATORS"**

17             63.     Panasonic denies the allegations contained in Paragraph 63 of the

18  Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for

19  lack of knowledge or information sufficient to form a belief as to the truth thereof.

20             64.     Panasonic denies the allegations contained in Paragraph 64 of the

21  Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for

22  lack of knowledge or information sufficient to form a belief as to the truth thereof.

23             65.     The allegations contained in Paragraph 65 of the Complaint constitute legal

24  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

25  response is required, Panasonic denies the allegations in their entirety for lack of knowledge or

26  information sufficient to form a belief as to the truth thereof.  Panasonic avers that the entity

27  formerly known as Matsushita Electronic Corporation (Malaysia) Sdn. Bhd. ("Matsushita

28  Malaysia") was dissolved on October 8, 2007.

66.     Panasonic denies the allegations contained in Paragraph 66 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

67.     Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 67 of the Complaint collectively as "Daewoo."

68.     Panasonic denies the allegations contained in Paragraph 68 of the Complaint in its entirety, except admits that Matsushita Malaysia was a Malaysian entity that had an office located at the address listed in Paragraph 68 in Shah Alam, Malaysia, and was a direct subsidiary of Panasonic from 2001 until 2003, operating as Matsushita Display Devices (Malaysia) Sdn. Bhd.  Panasonic further admits that Matsushita Malaysia was transferred to MTPD in 2003, renamed as MT Picture Display (Malaysia) Sdn. Bhd., and operated as a wholly-owned subsidiary of MTPD.  Panasonic avers that the entity formerly known as Matsushita Malaysia was dissolved on October 8, 2007.

69.     Panasonic denies the allegations contained in Paragraph 69 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred to MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia. Panasonic further avers that PT.MT Picture Display Indonesia discontinued its production on September 13, 2007, and was dissolved on September 28, 2007.

70.     Panasonic denies the allegations contained in Paragraph 70 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was transferred to MTPD in 2003 and changed its name to MT Picture Display (Thailand) Co., Ltd. ("MTPDT"), but denies that MTPDT was a wholly-owned subsidiary of MTPD.  Panasonic further avers that MTPDT passed a resolution of dissolution on May 13, 2009, and is now dissolved.

71.     Panasonic denies the allegations contained in Paragraph 71 of the Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for

1 | lack of knowledge or information sufficient to form a belief as to the truth thereof.

2 | **V.     "TRADE AND COMMERCE"**

3 |          72.     Panasonic denies the allegations contained in Paragraph 72 of the
4 | Complaint as they relate to Panasonic, except admits that certain affiliates of Panasonic sold some
5 | CRTs or products containing CRTs in the United States at various times during the purported
6 | Relevant Period, and denies the remaining allegations in their entirety for lack of knowledge or
7 | information sufficient to form a belief as to the truth thereof.

8 |          73.     Panasonic denies the allegations contained in Paragraph 73 of the
9 | Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for
10 | lack of knowledge or information sufficient to form a belief as to the truth thereof.

11 |          74.     Panasonic denies the allegations contained in Paragraph 74 of the
12 | Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for
13 | lack of knowledge or information sufficient to form a belief as to the truth thereof.

14 | **VI.    "FACTUAL ALLEGATIONS"**

15 |        **A.     "CRT Technology"**

16 |          75.     The allegations in Paragraph 75 of the Complaint constitute
17 | characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is
18 | required.  To the extent that a response is required, Panasonic admits that the CRT is a specialized
19 | vacuum tube in which images are produced when an electron beam strikes a phosphorescent
20 | surface, but otherwise denies the allegations in their entirety for lack of knowledge or information
21 | sufficient to form a belief as to the truth thereof.

22 |          76.     The allegations in Paragraph 76 of the Complaint constitute
23 | characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is
24 | required.  To the extent that a response is required, Panasonic admits that CRT technology was
25 | used in making tubes for televisions in the 1990s, but otherwise denies the allegations in their
26 | entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

27 |          77.     The allegations in Paragraph 77 of the Complaint constitute
28 | characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

required.  To the extent that a response is required, Panasonic admits that a lower quality CRT produces a poor display, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

78.     The allegations in Paragraph 78 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic admits that CRT production was refined over time, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

79.     The allegations in Paragraph 79 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic admits that CDTs and CPTs are types of CRTs, admits that CDTs can be used in computer monitors and certain other specialized applications, and admits that CPTs can be used in televisions, but denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

80.     The allegations in Paragraph 80 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 80 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

81.     The allegations of Paragraph 81 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 81 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

82.     Panasonic denies the allegations contained in Paragraph 82 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

83.     Panasonic denies the allegations contained in Paragraph 83 of the

DEFENDANT PANASONIC CORPORATION'S ANSWER                    Case No. 07-5944 SC
TO INTERBOND'S FIRST AMENDED COMPLAINT                      MDL NO. 1917

1   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge
2   or information sufficient to form a belief as to the truth thereof.

3       84.  Panasonic denies the allegations contained in Paragraph 84 of the
4   Complaint.

5     **B.**  **"Structure of the CRT Industry"**

6       85.  Panasonic denies the allegations contained in Paragraph 85 of the
7   Complaint.

8       **1.**  **"Market Concentration"**

9       86.  Panasonic denies the allegations contained in the second sentence of
10   Paragraph 86 of the Complaint for lack of knowledge or information sufficient to form a belief as
11   to the truth thereof, and denies the remaining allegations in their entirety.

12       **2.**  **"Information Sharing"**

13       87.  Panasonic denies the allegations contained in Paragraph 87 of the
14   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge
15   or information sufficient to form a belief as to the truth thereof.

16       88.  Panasonic denies the allegations contained in Paragraph 88 of the
17   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge
18   or information sufficient to form a belief as to the truth thereof.

19       **3.**  **"Consolidation"**

20       89.  Panasonic denies the allegations contained in Paragraph 89 of the
21   Complaint as they relate to Panasonic, except admits that a merger between Toshiba and
22   Panasonic's CRT businesses resulted in the creation of MTPD, and denies the remaining
23   allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.
24   Panasonic avers that MTPD was created in 2003, not 2002.

25       **4.**  **"Multiple Interrelated Business Relationships"**

26       90.  Panasonic denies the allegations contained in Paragraph 90 of the
27   Complaint.

28       91.  Panasonic denies the allegations contained in Paragraph 91, including its

DEFENDANT PANASONIC CORPORATION'S ANSWER     Case No. 07-5944 SC
TO INTERBOND'S FIRST AMENDED COMPLAINT     MDL NO. 1917

subparts, for lack of knowledge or information sufficient to form a belief as to the truth thereof, with the exception that Toshiba and Panasonic Corporation formed a CRT joint venture, MTPD, in 2003, and that Toshiba and Panasonic Corporation formed a joint venture to manufacture TFT-LCD panels.

### 5.   "High Costs of Entry Into the Industry"

92.   Panasonic denies the allegations contained in Paragraph 92 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

93.   Panasonic denies the allegations contained in the first sentence of Paragraph 93 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

### 6.   "The Maturity of the CRT Product Market"

94.   Panasonic denies the allegations contained in Paragraph 94 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the CRT market is mature.

95.   Panasonic denies the allegations contained in Paragraph 95 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

96.   Panasonic denies the allegations contained in Paragraph 96 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

97.   Panasonic denies the allegations contained in Paragraph 97 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

98.   Panasonic denies the allegations contained in Paragraph 98 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

99.   Panasonic denies the allegations contained in Paragraph 99 of the

Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 7.    "**Homogeneity of CRT Products**"

100.    Panasonic denies the allegations contained in Paragraph 100 of the Complaint.

101.    Panasonic denies the allegations contained in Paragraph 101 of the Complaint.

### C.    "**Pre-Conspiracy Market**"

102.    Panasonic denies the allegations contained in Paragraph 102 of the Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

103.    Panasonic denies the allegations contained in Paragraph 103 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### D.    "**Defendants' and Co-Conspirators' Illegal Agreements**"

104.    Panasonic denies the allegations contained in Paragraph 104 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

105.    Panasonic denies the allegations contained in Paragraph 105 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

106.    Panasonic denies the allegations contained in Paragraph 106 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

107.    Panasonic denies the allegations contained in Paragraph 107 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

108.    Panasonic denies the allegations contained in Paragraph 108 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**1.    "Glass Meetings"**

109.    Panasonic denies the allegations contained in Paragraph 109 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

110.    Panasonic denies the allegations contained in Paragraph 110 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

111.    Panasonic denies the allegations contained in Paragraph 111 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

112.    Panasonic denies the allegations contained in Paragraph 112 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

113.    Panasonic denies the allegations contained in Paragraph 113 of the Complaint in their entirety as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

114.    Panasonic denies the allegations contained in Paragraph 114 of the Complaint in their entirety as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

115.    Panasonic denies the allegations contained in Paragraph 115 of the Complaint in their entirety as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

116.    Panasonic denies the allegations contained in Paragraph 116 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

117.     Panasonic denies the allegations contained in Paragraph 117 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

118.     Panasonic denies the allegations contained in Paragraph 118 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

119.     Panasonic denies the allegations contained in Paragraph 119 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

120.     Panasonic denies the allegations contained in Paragraph 120 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

121.     Panasonic denies the allegations contained in Paragraph 121 of the Complaint, including its subparts, as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

122.     Panasonic denies the allegations contained in Paragraph 122 of the Complaint, including its subparts, as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

123.     Panasonic denies the allegations contained in Paragraph 123 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**2.     "Bilateral Discussions"**

124.     Panasonic denies the allegations contained in Paragraph 124 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

125.     Panasonic denies the allegations contained in Paragraph 125 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

126.   Panasonic denies the allegations contained in Paragraph 126 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

127.   Panasonic denies the allegations contained in Paragraph 127 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

128.   Panasonic denies the allegations contained in Paragraph 128 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

129.   Panasonic denies the allegations contained in Paragraph 129 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**3.   "Defendants' and Co-Conspirators' Participation in Group and Bilateral Discussions"**

130.   Panasonic denies the allegations contained in Paragraph 130 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

131.   Panasonic denies the allegations contained in Paragraph 131 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

132.   Panasonic denies the allegations contained in Paragraph 132 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

133.   Panasonic denies the allegations contained in Paragraph 133 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

134.   Panasonic denies the allegations contained in Paragraph 134 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

1 | or information sufficient to form a belief as to the truth thereof.

2 |     135.   Panasonic denies the allegations contained in Paragraph 135 of the

3 | Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

4 | or information sufficient to form a belief as to the truth thereof.

5 |     136.   Panasonic denies the allegations contained in Paragraph 136 of the

6 | Complaint.

7 |     137.   Panasonic denies the allegations contained in Paragraph 137 of the

8 | Complaint.

9 |     138.   Panasonic denies the allegations contained in Paragraph 138 of the

10 | Complaint.

11 |     139.   Panasonic denies the allegations contained in Paragraph 139 of the

12 | Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

13 | or information sufficient to form a belief as to the truth thereof.

14 |     140.   Panasonic denies the allegations contained in Paragraph 140 of the

15 | Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

16 | or information sufficient to form a belief as to the truth thereof.

17 |     141.   Panasonic denies the allegations contained in Paragraph 141 of the

18 | Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

19 | or information sufficient to form a belief as to the truth thereof.

20 |     142.   Panasonic denies the allegations contained in Paragraph 142 of the

21 | Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

22 | or information sufficient to form a belief as to the truth thereof.

23 |     143.   Panasonic denies the allegations contained in Paragraph 143 of the

24 | Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

25 | or information sufficient to form a belief as to the truth thereof.

26 |     144.   Panasonic denies the allegations contained in Paragraph 144 of the

27 | Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

28 | or information sufficient to form a belief as to the truth thereof.

19

145.   Panasonic denies the allegations contained in Paragraph 145 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

146.   Panasonic denies the allegations contained in Paragraph 146 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

147.   Panasonic denies the allegations contained in Paragraph 147 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

148.   Panasonic denies the allegations contained in Paragraph 148 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

149.   Panasonic denies the allegations contained in Paragraph 149 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

150.   Panasonic denies the allegations contained in Paragraph 150 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**E.     "The CRT Market During the Conspiracy"**

151.   Panasonic denies the allegations contained in Paragraph 151 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

152.   Panasonic denies the allegations contained in Paragraph 152 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

153.   Panasonic denies the allegations contained in Paragraph 153 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

154.   Panasonic denies the allegations contained in Paragraph 154 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

155.   Panasonic denies the allegations contained in Paragraph 155 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

156.   Panasonic denies the allegations contained in Paragraph 156 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

157.   Panasonic denies the allegations contained in Paragraph 157 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

158.   Panasonic denies the allegations contained in Paragraph 158 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

159.   Panasonic denies the allegations contained in Paragraph 159 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

160.   Panasonic denies the allegations contained in Paragraph 160 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

161.   Panasonic denies the allegations contained in Paragraph 161 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

F.   "**International Government Antitrust Investigations**"

162.   Panasonic denies the allegations contained in Paragraph 162 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

1   the truth thereof.

2           163.    Panasonic denies the allegations contained in Paragraph 163 of the

3   Complaint, except admits that an alleged conspiracy concerning CRTs is being investigated by

4   certain foreign competition authorities.

5           164.    Panasonic denies the allegations contained in Paragraph 164 of the

6   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

7   the truth thereof.

8           165.    Panasonic denies the allegations contained in Paragraph 165 of the

9   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

10  the truth thereof, except admits that on or around May 6, 2008, the Hungarian Competition

11  Authority issued a press release concerning its initiation of a competition supervision proceeding

12  in connection with an alleged conspiracy in the Hungarian market involving CRTs and

13  respectfully refers the Court to that document for a review of its contents.

14          166.    Panasonic denies the allegations contained in Paragraph 166 of the

15  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

16  the truth thereof, except admits that on or around February 10, 2009, the DOJ issued a press

17  release concerning the indictment of an executive of Chunghwa Picture Tubes, Ltd., and

18  respectfully refers the Court to that document for a review of its contents.

19          167.    Panasonic denies the allegations contained in Paragraph 167 of the

20  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

21  the truth thereof, except admits that on or around August 19, 2009, the DOJ issued a press release

22  concerning the indictment of a CDT industry executive and respectfully refers the Court to that

23  document for a review of its contents.

24          168.    Panasonic denies the allegations contained in Paragraph 168 of the

25  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

26  the truth thereof, except admits that on or around March 30, 2010, the DOJ issued a press release

27  concerning the indictment of a CDT industry executive and respectfully refers the Court to that

28  document for a review of its contents.

169.   Panasonic denies the allegations contained in Paragraph 169 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around November 9, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

170.   Panasonic denies the allegations contained in Paragraph 170 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around March 18, 2011, the DOJ issued a press release concerning a plea agreement entered into by a CDT industry participant and respectfully refers the Court to that document for a review of its contents.

171.   Panasonic denies the allegations contained in Paragraph 171 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

172.   Panasonic denies the allegations contained in Paragraph 172 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

173.   Panasonic denies the allegations contained in Paragraph 173 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around December 5, 2012, the European Commission issued an announcement of certain fines relating to the CRT industry and respectfully refers the Court to that document for a review of its contents.

174.   Panasonic denies the allegations contained in Paragraph 174 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

175.   Panasonic denies the allegations contained in Paragraph 175 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

176.   Panasonic denies the allegations contained in Paragraph 176 of the

1   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

2   the truth thereof.

3          177.   Panasonic denies the allegations contained in Paragraph 177 of the

4   Complaint, except admits that an alleged conspiracy concerning the TFT-LCD market is being

5   investigated by the DOJ, and by certain other international competition authorities, and that this

6   investigation was revealed on or around December 2006.  Panasonic further avers that it is not a

7   subject of these investigations.

8          178.   Panasonic denies the allegations contained in Paragraph 178 of the

9   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

10   the truth thereof.

11          179.   Panasonic denies the allegations contained in Paragraph 179 of the

12   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

13   the truth thereof.

14          180.   Panasonic denies the allegations contained in Paragraph 180 of the

15   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

16   the truth thereof.

17          181.   Panasonic denies the allegations contained in Paragraph 181 of the

18   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

19   the truth thereof.

20       **G.**   **"The Role of Trade Associations During the Relevant Period"**

21          182.   Panasonic denies the allegations contained in Paragraph 182 of the

22   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

23   or information sufficient to form a belief as to the truth thereof.

24          183.   Panasonic denies the allegations contained in Paragraph 183 of the

25   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

26   the truth thereof.

27          184.   Panasonic denies the allegations contained in Paragraph 184 of the

28   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

1    the truth thereof.

2          185.    Panasonic denies the allegations contained in Paragraph 185 of the

3    Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

4    or information sufficient to form a belief as to the truth thereof.

5          186.    Panasonic denies the allegations contained in Paragraph 186 of the

6    Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

7    or information sufficient to form a belief as to the truth thereof.

8      **H.**     **"Effects of Defendants' Antitrust Violations"**

9            **1.**     **"Examples of Reductions in Manufacturing Capacity by Defendants"**

10          187.    The allegations in Paragraph 187 of the Complaint constitute

11   characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

12   required.  To the extent that a response is required, Panasonic denies the allegations contained in

13   Paragraph 187 of the Complaint as they relate to Panasonic and denies the remaining allegations

14   for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15          188.    Panasonic denies the allegations contained in Paragraph 188 of the

16   Complaint, except admits that MTPD's subsidiary in New York ceased operations in December

17   2004, and admits that a press release contained the phrases quoted in Paragraph 188 of the

18   Complaint.

19          189.    Panasonic denies the allegations contained in Paragraph 189 of the

20   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

21   the truth thereof.

22          190.    Panasonic denies the allegations contained in Paragraph 190 of the

23   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

24   the truth thereof, except avers that it was announced on November 30, 2005, not in December

25   2005, that MTPD's American subsidiary in Ohio and German subsidiary would discontinue

26   operations.

27          191.    Panasonic denies the allegations contained in Paragraph 191 of the

28   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

1   the truth thereof.

2        192.   Panasonic denies the allegations contained in Paragraph 192 of the

3   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

4   the truth thereof, except admits that the closure of Matsushita Malaysia was announced in July

5   2006.

6        **2.     "Examples of Collusive Pricing for CRTs"**

7        193.   Panasonic denies the allegations contained in Paragraph 193 of the

8   Complaint in their entirety as they relate to Panasonic and denies the remaining allegations for

9   lack of knowledge or information sufficient to form a belief as to the truth thereof.

10       194.   Panasonic denies the allegations contained in Paragraph 194 of the

11  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

12  the truth thereof.

13       195.   Panasonic denies the allegations contained in Paragraph 195 of the

14  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

15  the truth thereof.

16       196.   Panasonic denies the allegations contained in Paragraph 196 of the

17  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

18  or information sufficient to form a belief as to the truth thereof.

19       197.   Panasonic denies the allegations contained in Paragraph 197 of the

20  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

21  the truth thereof.

22       198.   Panasonic denies the allegations contained in Paragraph 198 of the

23  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

24  or information sufficient to form a belief as to the truth thereof.

25       199.   Panasonic denies the allegations contained in Paragraph 199 of the

26  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

27  the truth thereof.

28       200.   Panasonic denies the allegations contained in Paragraph 200 of the

Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

201.     Panasonic denies the allegations contained in Paragraph 201 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**H.     "Summary Of Effects Of The Conspiracy Involving CRTs"**

202.     Panasonic denies the allegations contained in Paragraph 202 of the Complaint, including its subparts, as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VII.   "PLAINTIFF'S INJURIES"

203.     Panasonic denies the allegations contained in Paragraph 203 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

204.     Panasonic denies the allegations contained in Paragraph 204 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

205.     The allegations of Paragraph 205 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

206.     Panasonic denies the allegations contained in Paragraph 206 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

207.     The allegations of Paragraph 207 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 207 of the

Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof

208.    Panasonic denies the allegations contained in Paragraph 208 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

209.    Panasonic denies the allegations contained in Paragraph 209 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VIII.   "FRAUDULENT CONCEALMENT"

210.    Panasonic denies the allegations contained in Paragraph 210 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

211.    Panasonic denies the allegations contained in Paragraph 211 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

212.    Panasonic denies the allegations contained in Paragraph 212 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

213.    Panasonic denies the allegations contained in Paragraph 213 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

214.    Panasonic denies the allegations contained in Paragraph 214 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

215.    Panasonic denies the allegations contained in Paragraph 215 the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

216.    Panasonic denies the allegations contained in Paragraph 216 of the

Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

217.   Panasonic denies the allegations contained in Paragraph 217 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

218.   Panasonic denies the allegations contained in Paragraph 218 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

219.   Panasonic denies the allegations contained in Paragraph 219 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

220.   Panasonic denies the allegations contained in Paragraph 220 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

221.   Panasonic denies the allegations contained in Paragraph 221 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

222.   Panasonic denies the allegations contained in Paragraph 222 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## IX.   "*AMERICAN PIPE*, GOVERNMENT ACTION AND CROSS-JURISDICTIONAL TOLLING"

223.   Panasonic incorporates and realleges its responses to Paragraphs 166-172 above, as if fully set forth herein.  The allegations contained in Paragraph 223 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 223 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

224.    The allegations contained in Paragraph 224 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 224 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

225.    The allegations contained in Paragraph 225 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 225 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

X.      **"CLAIM FOR VIOLATIONS"**

**"First Claim for Relief"**

**"(Violation of Section 1 of the Sherman Act)"**

226.    Panasonic incorporates and realleges its responses to Paragraphs 1-225 above, as if fully set forth herein.

227.    The allegations in Paragraph 227 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 227 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

228.    Panasonic denies the allegations contained in Paragraph 228 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

229.    Panasonic denies the allegations contained in Paragraph 229 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

230.    Panasonic denies the allegations contained in Paragraph 230 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

1 | or information sufficient to form a belief as to the truth thereof.

2 | 231. Panasonic denies the allegations contained in Paragraph 231 of the Complaint, including its subparts, as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

232. Panasonic denies the allegations contained in Paragraph 232 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Second Claim for Relief"**

**"(Violation of the Florida Deceptive and Unfair Trade Practices Act)"**

233. Panasonic incorporates and realleges its responses to Paragraphs 1-232 above, as if fully set forth herein.

234. Panasonic denies the allegations contained in Paragraph 234 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

235. The allegations in Paragraph 235 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 235 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

236. The allegations in Paragraph 236 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

237. The allegations in Paragraph 237 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 237 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

DEFENDANT PANASONIC CORPORATION'S ANSWER
TO INTERBOND'S FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

238.    The allegations in Paragraph 238 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 238 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

239.    The allegations in Paragraph 239 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 239 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

240.    The allegations in Paragraph 240 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 240 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## XI.    **"PRAYER FOR RELIEF"**

Panasonic denies that Plaintiff suffered any injury or incurred any damages by any action(s) or omission(s) of Panasonic as alleged in the Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in each of the paragraphs and their subparts in the Complaint.

## XII.    **"JURY TRIAL DEMAND"**

The allegations contained under the heading "Jury Trial Demand" contain no factual assertions for which a response is required.  To the extent that a response is required, Panasonic denies the allegations contained under the heading "Jury Trial Demand" in their entirety, except admits that Plaintiff demands a trial by jury.

## **DEFENSES**

FURTHER, Panasonic asserts the following defenses and affirmative defenses to the Complaint.  Panasonic does not concede that it has the burden of proof as to any of the defenses listed below:

### FIRST DEFENSE

(Failure to State a Claim for Relief)

Neither Plaintiff's Complaint nor any claim for relief asserted therein states facts sufficient to constitute a claim for relief against Panasonic.

### SECOND DEFENSE

(Statute of Limitations)

The relief sought by Plaintiff is barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE

(Actual and Proximate Injury)

The relief sought by Plaintiff is barred, in whole or in part, because the Plaintiff was not actually and proximately injured in its business or property by reason of any action(s) or omission(s) of Panasonic.

### FOURTH DEFENSE

(No Damages)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent that Plaintiff purportedly suffered injury or damage, which Panasonic specifically denies, Panasonic further contends that any such purported injury or damage was not by reason of any action(s) or omission(s) of Panasonic.

### FIFTH DEFENSE

(No Antitrust Injury)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to remedy.

**SIXTH DEFENSE**

(Speculative Damages)

The relief sought by Plaintiff is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

**SEVENTH DEFENSE**

(Mitigation)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to take appropriate and necessary steps to mitigate its alleged damages, if any.

**EIGHTH DEFENSE**

(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to allege fraud or fraudulent concealment with sufficient particularity.

**NINTH DEFENSE**

(Failure to Plead Conspiracy with Particularity)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to allege conspiracy with sufficient particularity.

**TENTH DEFENSE**

(Lack of Standing to Sue for Injuries Alleged)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff lacks standing to sue for the injuries alleged in the complaint. To the extent that Plaintiff purchased products containing CRTs, as opposed to CRTs themselves, their alleged injuries are even more speculative, derivative, indirect, and remote. Plaintiff's damage claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

**ELEVENTH DEFENSE**

(Due Process)

DEFENDANT PANASONIC CORPORATION'S ANSWER
TO INTERBOND'S FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

1    To the extent Plaintiff's claims would result in Panasonic paying damages to more

2    than one claimant for the same alleged overcharges to customers, they are barred because such

3    multiple liability would violate rights guaranteed to Panasonic by the United States Constitution,

4    including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth

5    Amendment, and by applicable state law.

6    **TWELFTH DEFENSE**

7    (Other/Superseding Causation)

8    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's

9    damages, if any, resulted from the acts or omissions of third parties over whom Panasonic had no

10   control or responsibility.  The acts of such third parties constitute intervening or superseding cases

11   of harm, if any, suffered by Plaintiff.

12   **THIRTEENTH DEFENSE**

13   (Waiver and Estoppel)

14   The relief sought by Plaintiff is barred, in whole or in part, by the doctrines of

15   waiver and/or estoppel.

16   **FOURTEENTH DEFENSE**

17   (Laches)

18   The relief sought by Plaintiff is barred, in whole or in part, by the equitable

19   doctrine of laches.

20   **FIFTEENTH DEFENSE**

21   (Unclean Hands)

22   The relief sought by Plaintiff is barred, in whole or in part, by the equitable

23   doctrine of unclean hands.

24   **SIXTEENTH DEFENSE**

25   (Unjust Enrichment)

26

27

28

DEFENDANT PANASONIC CORPORATION'S ANSWER                           Case No. 07-5944 SC
TO INTERBOND'S FIRST AMENDED COMPLAINT                             MDL NO. 1917

1    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff would

2    be unjustly enriched if it were allowed to recover any part of the damages alleged in the

3    Complaint.

4    **SEVENTEENTH DEFENSE**

5    (Adequate Remedy at Law)

6    The equitable relief sought by Plaintiff is barred, in whole or in part, because

7    Plaintiff has available an adequate remedy at law.

8    **EIGHTEENTH DEFENSE**

9    (Comparative Fault)

10    The relief sought by Plaintiff is barred, in whole or in part, because any and all

11    injuries alleged in the Complaint, the fact and extent of which Panasonic specifically denies, were

12    directly and proximately caused or contributed to by the statements, acts, and/or omissions of

13    Plaintiff and/or third parties or entities, other than Panasonic.

14    **NINETEENTH DEFENSE**

15    (Acquiescence)

16    The relief sought by Plaintiff is barred, in whole or in part, by Plaintiff's

17    acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to

18    Panasonic.

19    **TWENTIETH DEFENSE**

20    (No Detrimental Reliance)

21    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff did

22    not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

23    **TWENTY-FIRST DEFENSE**

24    (Set Off)

25

26

27

28

36

1    Without admitting that Plaintiff is entitled to recover damages in this matter,

2  Panasonic is entitled to set off from any recovery Plaintiff may obtain against Panasonic, any

3  amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims

4  in this matter.

5  ### TWENTY-SECOND DEFENSE

6  (Failure to State a Claim for Injunctive Relief)

7    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

8  failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that

9  have already transpired without the requisite showing of threatened harm or continuing harm.

10  ### TWENTY-THIRD DEFENSE

11  (Lack of Jurisdiction)

12    The relief sought by Plaintiff is barred, in whole or in part, because any alleged

13  conduct of Panasonic occurred outside of the jurisdiction of the Court.

14  ### TWENTY-FOURTH DEFENSE

15  (Foreign Trade Antitrust Improvements Act)

16    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

17  failed to make a single specific allegation to support the claim that the alleged conduct had "a

18  direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman

19  Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. §

20  6a.

21  ### TWENTY-FIFTH DEFENSE

22  (Foreign Conduct)

23    Plaintiff's claims are barred to the extent that they are based on conduct beyond the

24  territorial reach of the laws or courts of the United States.

25  ### TWENTY-SIXTH DEFENSE

26  (Damages Not Passed Through to Plaintiff)

27

28

DEFENDANT PANASONIC CORPORATION'S ANSWER                    Case No. 07-5944 SC
TO INTERBOND'S FIRST AMENDED COMPLAINT                      MDL NO. 1917

The relief sought by Plaintiff is barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiff, or was incurred by or passed on to persons or entities other than Plaintiff.

### TWENTY-SEVENTH DEFENSE

#### (Damages Passed On)

The relief sought by Plaintiff is barred, in whole or in part, because any injury or damage alleged in the Complaint, which Panasonic specifically denies, was passed on to persons or entities other than the Plaintiff and/or was passed on by Plaintiff to other parties.

### TWENTY-EIGHTH DEFENSE

#### (No Unreasonable Restraint of Trade)

The relief sought by Plaintiff is barred, in whole or in part, because the alleged conduct of Panasonic did not unreasonably restrain trade.

### TWENTY-NINTH DEFENSE

#### (Acts Outside the Jurisdiction)

The relief sought by Plaintiff is barred, in whole or in part, to the extent Panasonic's alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor affected persons, entities, or commerce in the various States cited.

### THIRTIETH DEFENSE

#### (Restitution Unmanageable and Inequitable)

The relief sought by Plaintiff is barred, in whole or in part, to the extent the restitution sought in the Complaint is unmanageable and inequitable.

### THIRTY-FIRST DEFENSE

#### (Lack of Standing as Indirect Purchasers)

The relief sought by Plaintiff is barred, in whole or in part, to the extent the various States cited have not repealed the *Illinois Brick* doctrine.

### THIRTY-SECOND DEFENSE

#### (Unjust Enrichment Claims Barred)

DEFENDANT PANASONIC CORPORATION'S ANSWER
TO INTERBOND'S FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff has failed to exhaust all remedies against Panasonic.

### THIRTY-THIRD DEFENSE

(Goods Not Purchased Primarily for Personal, Family, or Household Purposes)

The relief sought by Plaintiff is barred, in whole or in part, to the extent that any Plaintiff did not purchase goods primarily for personal, family, or household purposes.

### THIRTY-FOURTH DEFENSE

(Independent, Legitimate Business and Economic Justification)

The relief sought by Plaintiff is barred, in whole or in part, because any conduct engaged in by Panasonic was reasonable and based on independent, legitimate business and economic justification.

### THIRTY-FIFTH DEFENSE

(Private Claim Cannot Be Brought In a Representative Capacity)

The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff brings any claims in a representative capacity, to the extent a private claim may not be brought in a representative capacity under the laws of the State of Florida.

### THIRTY-SIXTH DEFENSE

(Lack of Sufficient Contacts to the State of Florida)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's claims lack sufficient contacts to the state under whose laws they are brought, in violation of rights guaranteed to Panasonic by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by other applicable state and federal law.

### THIRTY-SEVENTH DEFENSE

(Attorneys' Fees)

Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is not allowed under applicable federal or state law.

DEFENDANT PANASONIC CORPORATION'S ANSWER
TO INTERBOND'S FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

1    **<u>INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES</u>**

2           Panasonic hereby incorporates by reference, as if set forth fully herein, all other

3    defenses and affirmative defenses to the Complaint alleged by any other defendant.  Panasonic

4    presently has insufficient knowledge or information on which to form a belief as to whether it

5    may have available additional, as yet unstated, defenses.  Panasonic reserves the right to assert

6    other defenses and affirmative defenses as this action proceeds, the right to file an amended

7    answer asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the

8    event that discovery indicates that such pleadings are appropriate.

9           WHEREFORE, Panasonic prays for judgment as follows:

10          1.      That Plaintiff takes nothing under the Complaint, and the Complaint be

11                  dismissed with prejudice;

12          2.      That judgment be entered in favor of Panasonic and against Plaintiff on

13                  each and every cause of action set forth in the Complaint;

14          3.      That Panasonic recover its costs of suit and attorneys' fees incurred herein;

15                  and

16          4.      That Panasonic be granted such other and further relief as the Court deems

17                  just and proper.

18

19   Dated: November 4, 2013              By: */s/  Jeffrey L. Kessler*

20                                        JEFFREY L. KESSLER (*pro hac vice*)
                                          Email: jkessler@winston.com

21                                        A. PAUL VICTOR (*pro hac vice*)
                                          Email: pvictor@winston.com

22                                        ALDO A. BADINI (257086)
                                          Email: abadini@winston.com

23                                        EVA W. COLE (*pro hac vice*)
                                          Email: ewcole@winston.com

24                                        MOLLY M. DONOVAN (*pro hac vice*)
                                          Email: mmdonovan@winston.com

25                                        **WINSTON & STRAWN LLP**

26                                        200 Park Avenue
                                          New York, New York 10166-4193

27                                        Telephone: (212) 294-4692
                                          Facsimile: (212) 294-4700

28

DEFENDANT PANASONIC CORPORATION'S ANSWER                          Case No. 07-5944 SC
TO INTERBOND'S FIRST AMENDED COMPLAINT                           MDL NO. 1917

STEVEN A. REISS (*pro hac vice*)
E-mail: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com
DAVID E. YOLKUT (*pro hac vice*)
E-mail: david.yolkut@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

GREGORY D. HULL (57367)
E-mail: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

***Attorneys for Defendant Panasonic Corporation
(f/k/a Matsushita Electric Industrial Co., Ltd.)***

DEFENDANT PANASONIC CORPORATION'S ANSWER                    Case No. 07-5944 SC
TO INTERBOND'S FIRST AMENDED COMPLAINT                      MDL NO. 1917

1

2

3

4

## **CERTIFICATE OF SERVICE**

On November 4, 2013, I caused a copy of "DEFENDANT PANASONIC CORPORATION'S ANSWER TO INTERBOND'S FIRST AMENDED COMPLAINT" to be served via ECF on the other parties in this action.

By:   */s/ Jeffrey L. Kessler*

Jeffrey L. Kessler (*pro hac vice*)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28