1  JEFFREY L. KESSLER (*pro hac vice*)
   A. PAUL VICTOR (*pro hac vice*)
2  ALDO A. BADINI (257086)
   EVA W. COLE (*pro hac vice*)
3  MOLLY M. DONOVAN (*pro hac vice*)
   **WINSTON & STRAWN LLP**
4  200 Park Avenue
   New York, New York 10166-4193
5  Telephone: (212) 294-6700
   Facsimile: (212) 294-4700
6  E-mail: jkessler@winston.com

7  STEVEN A. REISS (*pro hac vice*)
   DAVID L. YOHAI (*pro hac vice*)
8  ADAM C. HEMLOCK (*pro hac vice*)
   **WEIL, GOTSHAL & MANGES LLP**
9  767 Fifth Avenue
   New York, New York 10153-0119
10 Telephone: (212) 310-8000
   Facsimile: (212) 310-8007
11 E-mail: steven.reiss@weil.com

12 *Attorneys for Defendant Panasonic Corporation*

13

14            **IN THE UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
15                **SAN FRANCISCO DIVISION**

16
                                    | **Case No. 07-5944 SC**
17                                  | **MDL No. 1917**
18 **In re: CATHODE RAY TUBE (CRT)**  | **DEFENDANT PANASONIC**
   **ANTITRUST LITIGATION**           | **CORPORATION'S ANSWER TO OFFICE**
19                                  | **DEPOT'S FIRST AMENDED**
                                    | **COMPLAINT**
20 This Document Relates to:
21
   OFFICE DEPOT ACTION
22 11-CV-06276-SC
23
24
25
26
27
28

1          Defendant PANASONIC CORPORATION ("Panasonic"), by and through its

2    attorneys, answers the allegations set forth in the First Amended Complaint (the "Complaint")

3    filed by Plaintiff Office Depot, Inc. ("Office Depot"), and alleges additional or affirmative

4    defenses as follows.  To the extent not specifically admitted herein, all allegations of the

5    Complaint are denied.  Furthermore, the section headings included herein are included only for

6    purposes of clarity and organization, and Panasonic does not admit, but rather hereby specifically

7    denies, any factual or legal allegations in the headings used in the Complaint.

8    **I.  "INTRODUCTION"**

9          1.  Panasonic denies the allegations contained in Paragraph 1 of the Complaint

10   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

11   information sufficient to form a belief as to the truth thereof.

12         2.  The allegations contained in Paragraph 2 of the Complaint constitute

13   characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

14   required.  To the extent that a response is required, Panasonic denies all of the allegations, except

15   admits that color display tubes ("CDTs") can be used in computer monitors and certain other

16   specialized applications, admits that color picture tubes ("CPTs") can be used in televisions,

17   admits that CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various

18   times certain affiliates of Panasonic manufactured some CRTs and some products containing

19   CRTs.

20         3.  Panasonic denies the allegations contained in Paragraph 3 of the Complaint

21   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

22   information sufficient to form a belief as to the truth thereof.

23         4.  Panasonic denies the allegations contained in Paragraph 4 of the Complaint

24   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

25   information sufficient to form a belief as to the truth thereof.

26         5.  Panasonic denies the allegations contained in Paragraph 5 of the Complaint

27   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

28   information sufficient to form a belief as to the truth thereof.

1    6.    Panasonic denies the allegations contained in Paragraph 6 of the Complaint

2    as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

3    information sufficient to form a belief as to the truth thereof.

4    7.    Panasonic denies the allegations contained in Paragraph 7 of the Complaint

5    as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

6    information sufficient to form a belief as to the truth thereof.

7    8.    Panasonic denies the allegations contained in Paragraph 8 of the Complaint,

8    except admits that an alleged conspiracy concerning CRTs is or was being investigated by the

9    United States Department of Justice ("DOJ"), and by certain foreign competition authorities, and

10   that it has been publicly reported that individuals have been indicted in connection with the DOJ

11   investigation.

12   9.    Panasonic denies the allegations contained in Paragraph 9 of the Complaint

13   in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

14   thereof, except admits that certain affiliates of Panasonic have sold some products containing

15   CRTs to Plaintiff.

16   **II.   "JURISDICTION AND VENUE"**

17   10.   Panasonic denies the allegations contained in Paragraph 10 of the

18   Complaint, except admits that Plaintiff purports to bring this action pursuant to the federal statutes

19   identified therein and seeks the relief sought therein.

20   11.   Panasonic denies the allegations contained in Paragraph 11 of the

21   Complaint, except admits that Plaintiff purports to bring this action pursuant to various state laws

22   identified therein and seeks the relief sought therein.

23   12.   The allegations contained in Paragraph 12 of the Complaint constitute legal

24   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

25   response is required, Panasonic denies the allegations contained in Paragraph 12 of the Complaint,

26   except admits that Plaintiff purports to base subject matter jurisdiction on the federal statutes

27   identified therein.

28   13.   Panasonic denies the allegations contained in Paragraph 13 of the

2

1   Complaint as they relate to Panasonic, except admits that certain affiliates of Panasonic have done

2   some business within certain jurisdictions within the United States, and denies the remaining

3   allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4          14.    The allegations of Paragraph 14 of the Complaint regarding jurisdiction

5   constitute legal contentions and/or conclusions to which no responsive pleading is required.  To

6   the extent that a response is required, Panasonic denies the allegations as they relate to Panasonic

7   except admits that certain affiliates of Panasonic have done some business within certain

8   jurisdictions within the United States, and denies the remaining allegations for lack of knowledge

9   or information sufficient to form a belief as to the truth thereof.

10          15.    The allegations of Paragraph 15 of the Complaint regarding venue

11  constitute legal contentions and/or conclusions to which no responsive pleading is required.  To

12  the extent that a response is required, Panasonic denies the allegations as they relate to Panasonic

13  except admits that certain affiliates of Panasonic have done some business within certain

14  jurisdictions within the United States, and denies the remaining allegations for lack of knowledge

15  or information sufficient to form a belief as to the truth thereof.

16  **III.    "PARTIES"**

17      **A.    "Plaintiff"**

18          16.    Panasonic denies the allegations contained in Paragraph 16 of the

19  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

20  the truth thereof.

21          17.    Panasonic denies the allegations contained in Paragraph 17 of the

22  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

23  the truth thereof, except admits that certain affiliates of Panasonic sold some products containing

24  CRTs to Plaintiff.

25          18.    Panasonic denies the allegations contained in Paragraph 18 of the

26  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

27  the truth thereof.

28          19.    Panasonic denies the allegations contained in Paragraph 19 of the

1   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge
2   or information sufficient to form a belief as to the truth thereof.

3        **B.**     **"Defendants"**

4              **1.**     **"Hitachi Entities"**

5              20.     Panasonic denies the allegations contained in Paragraph 20 of the
6   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to
7   the truth thereof.

8              21.     Panasonic denies the allegations contained in Paragraph 21 of the
9   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to
10  the truth thereof.

11             22.     Panasonic denies the allegations contained in Paragraph 22 of the
12  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to
13  the truth thereof.

14             23.     Panasonic denies the allegations contained in Paragraph 23 of the
15  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to
16  the truth thereof.

17             24.     Panasonic denies the allegations contained in Paragraph 24 of the
18  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to
19  the truth thereof.

20             25.     Panasonic denies the allegations contained in Paragraph 25 of the
21  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to
22  the truth thereof.

23             26.     Panasonic admits that Plaintiff purports to refer to the entities identified in
24  Paragraph 26 of the Complaint collectively as "Hitachi."

25             **2.**     **"IRICO Entities"**

26             27.     Panasonic denies the allegations contained in Paragraph 27 of the
27  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to
28  the truth thereof.

4

28.     Panasonic denies the allegations contained in Paragraph 28 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

29.     Panasonic denies the allegations contained in Paragraph 29 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

30.     Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 30 of the Complaint collectively as "IRICO."

### 3.     "LG Electronics Entities"

31.     Panasonic denies the allegations contained in Paragraph 31 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

32.     Panasonic denies the allegations contained in Paragraph 32 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33.     Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 33 of the Complaint collectively as "LG Electronics."

### 4.     "LP Displays"

34.     Panasonic denies the allegations contained in Paragraph 34 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 5.     "Panasonic Entities"

35.     Panasonic denies the allegations contained in Paragraph 35 of the Complaint in their entirety, except admits that it is a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 35, and that it was known as Matsushita Electric Industrial Co., Ltd. ("MEI") prior to October 1, 2008.  Panasonic further admits that certain of its affiliates sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period.

1    36.    Panasonic denies the allegations contained in Paragraph 36 of the

2    Complaint in their entirety, except admits that Panasonic Corporation of North America ("PNA")

3    is a Delaware corporation with its principal place of business formerly located at the address listed

4    in Paragraph 36.  Panasonic avers that PNA's principal place of business is now located at Two

5    Riverfront Plaza, Newark, New Jersey, 07102.  Panasonic further admits that PNA is a wholly-

6    owned subsidiary of Panasonic.  Panasonic further admits that PNA or certain affiliates of PNA

7    sold some CRTs or products containing CRTs in the United States at various times during the

8    purported Relevant Period.

9    37.    Panasonic admits that Plaintiff purports to refer to the entities identified in

10    Paragraph 37 of the Complaint collectively as "Panasonic."

11    38.    Panasonic denies the allegations contained in Paragraph 38 of the

12    Complaint in their entirety, except admits that MT Picture Display Co., Ltd., f/k/a Matsushita

13    Toshiba Picture Display Co., Ltd. ("MTPD"), was a Japanese entity with an office in Osaka,

14    Japan at the address listed in Paragraph 38.  Panasonic further admits that MTPD was established

15    as a joint venture between Panasonic and Toshiba Corporation ("Toshiba"), but avers that MTPD

16    was formed in 2003, not 2002.  Panasonic further admits that it held 64.5% of MTPD at the time

17    MTPD was formed in 2003.  Panasonic further admits that it acquired Toshiba's 35.5% interest in

18    MTPD on March 30, 2007, that MTPD became a wholly-owned subsidiary of Panasonic, and that

19    MTPD was renamed.  Panasonic further admits that certain affiliates of MTPD sold some CRTs

20    or products containing CRTs in the United States at various times during the purported Relevant

21    Period.

22    39.    Panasonic denies the allegations contained in Paragraph 39 of the

23    Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

24    the truth thereof, except admits that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is

25    a Chinese entity with its headquarters in Beijing, China at the address listed in Paragraph 39.

26    Panasonic further admits that BMCC is a joint venture formed in 1987, and further admits that

27    MTPD at one time had a 50% equity ownership interest in BMCC.

28    **6.    "Philips Entities"**

40.     Panasonic denies the allegations contained in Paragraph 40 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

41.     Panasonic denies the allegations contained in Paragraph 41 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

42.     Panasonic denies the allegations contained in Paragraph 42 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

43.     Panasonic denies the allegations contained in Paragraph 43 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

44.     Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 44 of the Complaint collectively as "Philips."

**7.     "<u>Samsung Entities</u>"**

45.     Panasonic denies the allegations contained in Paragraph 45 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

46.     Panasonic denies the allegations contained in Paragraph 46 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

47.     Panasonic denies the allegations contained in Paragraph 47 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

48.     Panasonic denies the allegations contained in Paragraph 48 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

49.     Panasonic denies the allegations contained in Paragraph 49 of the

1  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

2  the truth thereof.

3          50.     Panasonic denies the allegations contained in Paragraph 50 of the

4  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

5  the truth thereof.

6          51.     Panasonic denies the allegations contained in Paragraph 51 of the

7  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

8  the truth thereof.

9          52.     Panasonic admits that Plaintiff purports to refer to the entities identified in

10  Paragraph 52 of the Complaint collectively as "Samsung."

11          **8.     "Samtel"**

12          53.     Panasonic denies the allegations contained in Paragraph 53 of the

13  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

14  the truth thereof.

15          **9.     "Thai CRT"**

16          54.     Panasonic denies the allegations contained in Paragraph 54 of the

17  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

18  the truth thereof.

19          **10.     "Toshiba Entities"**

20          55.     Panasonic denies the allegations contained in Paragraph 55 of the

21  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

22  the truth thereof, except admits that it entered into a joint venture with Toshiba to form MTPD,

23  but avers that MTPD was formed in 2003, not 2002.

24          56.     Panasonic denies the allegations contained in Paragraph 56 of the

25  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

26  the truth thereof.

27          57.     Panasonic denies the allegations contained in Paragraph 57 of the

28  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

8

the truth thereof.

58.     Panasonic denies the allegations contained in Paragraph 58 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

59.     Panasonic denies the allegations contained in Paragraph 59 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

60.     Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 60 of the Complaint collectively as "Toshiba."

**11.    "Chunghwa Entities"**

61.     Panasonic denies the allegations contained in Paragraph 61 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

62.     Panasonic denies the allegations contained in Paragraph 62 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

63.     Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 63 of the Complaint collectively as "Chunghwa."

**IV.    "AGENTS AND CO-CONSPIRATORS"**

74.     Panasonic denies the allegations contained in Paragraph 74[1] of the Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

75.     Panasonic denies the allegations contained in Paragraph 75 of the Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

76.     The allegations contained in Paragraph 76 of the Complaint include legal

---

[1] The Complaint appears to be missing or skips over Paragraphs 64 through 73; for ease of reference, Panasonic has likewise omitted those Paragraphs and avers that no further response is required.

DEFENDANT PANASONIC CORPORATION'S ANSWER                            Case No. 07-5944 SC
TO OFFICE DEPOT'S FIRST AMENDED COMPLAINT                          MDL NO. 1917

contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.  Panasonic avers that the entity formerly known as Matsushita Electronic Corporation (Malaysia) Sdn. Bhd. ("Matsushita Malaysia") was dissolved on October 8, 2007.

77.     Panasonic denies the allegations contained in Paragraph 77 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

78.     Panasonic admits that Plaintiff purports to refer to the entities identified in Paragraph 78 of the Complaint collectively as "Daewoo."

79.     Panasonic denies the allegations contained in Paragraph 79 of the Complaint in their entirety, except admits that Matsushita Malaysia was a Malaysian entity that had an office located at the address listed in Paragraph 79 in Shah Alam, Malaysia, and was a direct subsidiary of Panasonic from 2001 until 2003, operating as Matsushita Display Devices (Malaysia) Sdn. Bhd.  Panasonic further admits that Matsushita Malaysia was transferred to MTPD in 2003, renamed as MT Picture Display (Malaysia) Sdn. Bhd., and operated as a wholly-owned subsidiary of MTPD.  Panasonic avers that the entity formerly known as Matsushita Malaysia was dissolved on October 8, 2007.

80.     Panasonic denies the allegations contained in Paragraph 80 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred to MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia. Panasonic further avers that PT.MT Picture Display Indonesia discontinued its production on September 13, 2007, and was dissolved on September 28, 2007.

81.     Panasonic denies the allegations contained in Paragraph 81 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was transferred to MTPD in 2003 and changed its name to MT Picture Display

(Thailand) Co., Ltd. ("MTPDT"), but denies that MTPDT was a wholly-owned subsidiary of MTPD.  Panasonic further avers that MTPDT passed a resolution of dissolution on May 13, 2009, and is now dissolved.

82.    Panasonic denies the allegations contained in Paragraph 82 of the Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## V.    "TRADE AND COMMERCE"

83.    Panasonic denies the allegations contained in Paragraph 83 of the Complaint as they relate to Panasonic, except admits that certain affiliates of Panasonic sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period, and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

84.    Panasonic denies the allegations contained in Paragraph 84 of the Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

85.    Panasonic denies the allegations contained in Paragraph 85 of the Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VI.    "FACTUAL ALLEGATIONS"

### A.    "CRT Technology"

86.    The allegations in Paragraph 86 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic admits that the CRT is a specialized vacuum tube in which images are produced when an electron beam strikes a phosphorescent surface, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

87.    The allegations in Paragraph 87 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

required.  To the extent that a response is required, Panasonic admits that CRT technology was used in making tubes for televisions in the 1990s, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

88.     The allegations in Paragraph 88 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic admits that a lower-quality CRT produces a poor display, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

89.     The allegations in Paragraph 89 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic admits that CRT production was refined over time, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

90.     The allegations in Paragraph 90 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic admits that CDTs and CPTs are types of CRTs, admits that CDTs can be used in computer monitors and certain other specialized applications, and admits that CPTs can be used in televisions, but denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

91.     The allegations in Paragraph 91 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 91 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

92.     The allegations of Paragraph 92 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 92 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

thereof.

93.     Panasonic denies the allegations contained in Paragraph 93 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

94.     Panasonic denies the allegations contained in Paragraph 94 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

95.     Panasonic denies the allegations contained in Paragraph 95 of the Complaint.

B.     "**Structure of the CRT Industry**"

96.     Panasonic denies the allegations contained in Paragraph 96 of the Complaint.

1.     "**Market Concentration**"

97.     Panasonic denies the allegations contained in the second sentence of Paragraph 97 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

2.     "**Information Sharing**"

98.     Panasonic denies the allegations contained in Paragraph 98 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

99.     Panasonic denies the allegations contained in Paragraph 99 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

3.     "**Consolidation**"

100.     Panasonic denies the allegations contained in Paragraph 100 of the Complaint as they relate to Panasonic, except admits that a merger between Toshiba's and Panasonic's CRT businesses resulted in the creation of MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

Panasonic avers that MTPD was created in 2003, not 2002.

**4.    "Multiple Interrelated Business Relationships"**

101.    Panasonic denies the allegations contained in Paragraph 101 of the Complaint.

102.    Panasonic denies the allegations contained in Paragraph 102, including its subparts, for lack of knowledge or information sufficient to form a belief as to the truth thereof, with the exception that Toshiba and Panasonic formed a CRT joint venture, MTPD, in 2003, and that Toshiba and Panasonic formed a joint venture to manufacture TFT-LCD panels.

**5.    "High Costs of Entry Into the Industry"**

103.    Panasonic denies the allegations contained in Paragraph 103 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

104.    Panasonic denies the allegations contained in the first sentence of Paragraph 104 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

**6.    "The Maturity of the CRT Product Market"**

105.    Panasonic denies the allegations contained in Paragraph 105 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the CRT market is mature.

106.    Panasonic denies the allegations contained in Paragraph 106 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

107.    Panasonic denies the allegations contained in Paragraph 107 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

108.    Panasonic denies the allegations contained in Paragraph 108 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1             109.    Panasonic denies the allegations contained in Paragraph 109 of the

2   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

3   the truth thereof.

4             110.    Panasonic denies the allegations contained in Paragraph 110 of the

5   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

6   the truth thereof.

7          **7.**    **"Homogeneity of CRT Products"**

8             111.    Panasonic denies the allegations contained in Paragraph 111 of the

9   Complaint.

10            112.    Panasonic denies the allegations contained in Paragraph 112 of the

11  Complaint.

12      **C.**    **"Pre-Conspiracy Market"**

13            113.    Panasonic denies the allegations contained in Paragraph 113 of the

14  Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for

15  lack of knowledge or information sufficient to form a belief as to the truth thereof.

16            114.    Panasonic denies the allegations contained in Paragraph 114 of the

17  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

18  the truth thereof.

19      **D.**    **"Defendants' and Co-Conspirators' Illegal Agreements"**

20            115.    Panasonic denies the allegations contained in Paragraph 115 of the

21  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

22  or information sufficient to form a belief as to the truth thereof.

23            116.    Panasonic denies the allegations contained in Paragraph 116 of the

24  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

25  or information sufficient to form a belief as to the truth thereof.

26            117.    Panasonic denies the allegations contained in Paragraph 117 of the

27  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

28  the truth thereof.

118.    Panasonic denies the allegations contained in Paragraph 118 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

119.    Panasonic denies the allegations contained in Paragraph 119 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**1.    "Glass Meetings"**

120.    Panasonic denies the allegations contained in Paragraph 120 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

121.    Panasonic denies the allegations contained in Paragraph 121 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

122.    Panasonic denies the allegations contained in Paragraph 122 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

123.    Panasonic denies the allegations contained in Paragraph 123 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

124.    Panasonic denies the allegations contained in Paragraph 124 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

125.    Panasonic denies the allegations contained in Paragraph 125 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

126.    Panasonic denies the allegations contained in Paragraph 126 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1    127.    Panasonic denies the allegations contained in Paragraph 127 of the

2    Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

3    the truth thereof.

4    128.    Panasonic denies the allegations contained in Paragraph 128 of the

5    Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

6    or information sufficient to form a belief as to the truth thereof.

7    129.    Panasonic denies the allegations contained in Paragraph 129 of the

8    Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

9    or information sufficient to form a belief as to the truth thereof.

10    130.    Panasonic denies the allegations contained in Paragraph 130 of the

11    Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

12    or information sufficient to form a belief as to the truth thereof.

13    131.    Panasonic denies the allegations contained in Paragraph 131 of the

14    Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

15    or information sufficient to form a belief as to the truth thereof.

16    132.    Panasonic denies the allegations contained in Paragraph 132 of the

17    Complaint, including its subparts, as they relate to Panasonic and denies the remaining allegations

18    for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19    133.    Panasonic denies the allegations contained in Paragraph 133 of the

20    Complaint, including its subparts, as they relate to Panasonic and denies the remaining allegations

21    for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22    134.    Panasonic denies the allegations contained in Paragraph 134 of the

23    Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

24    or information sufficient to form a belief as to the truth thereof.

25    **2.    "Bilateral Discussions"**

26    135.    Panasonic denies the allegations contained in Paragraph 135 of the

27    Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

28    or information sufficient to form a belief as to the truth thereof.

136.    Panasonic denies the allegations contained in Paragraph 136 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

137.    Panasonic denies the allegations contained in Paragraph 137 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

138.    Panasonic denies the allegations contained in Paragraph 138 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

139.    Panasonic denies the allegations contained in Paragraph 139 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

140.    Panasonic denies the allegations contained in Paragraph 140 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**3.    "Defendants' and Co-Conspirators' Participation in Group and Bilateral Discussions"**

141.    Panasonic denies the allegations contained in Paragraph 141 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

142.    Panasonic denies the allegations contained in Paragraph 142 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

143.    Panasonic denies the allegations contained in Paragraph 143 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

144.    Panasonic denies the allegations contained in Paragraph 144 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

18

1   or information sufficient to form a belief as to the truth thereof.

2      145. Panasonic denies the allegations contained in Paragraph 145 of the

3   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

4   or information sufficient to form a belief as to the truth thereof.

5      146. Panasonic denies the allegations contained in Paragraph 146 of the

6   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

7   or information sufficient to form a belief as to the truth thereof.

8      147. Panasonic denies the allegations contained in Paragraph 147 of the

9   Complaint.

10     148. Panasonic denies the allegations contained in Paragraph 148 of the

11  Complaint.

12     149. Panasonic denies the allegations contained in Paragraph 149 of the

13  Complaint.

14     150. Panasonic denies the allegations contained in Paragraph 150 of the

15  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

16  or information sufficient to form a belief as to the truth thereof.

17     151. Panasonic denies the allegations contained in Paragraph 151 of the

18  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

19  or information sufficient to form a belief as to the truth thereof.

20     152. Panasonic denies the allegations contained in Paragraph 152 of the

21  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

22  or information sufficient to form a belief as to the truth thereof.

23     153. Panasonic denies the allegations contained in Paragraph 153 of the

24  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

25  or information sufficient to form a belief as to the truth thereof.

26     154. Panasonic denies the allegations contained in Paragraph 154 of the

27  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

28  or information sufficient to form a belief as to the truth thereof.

155.   Panasonic denies the allegations contained in Paragraph 155 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

156.   Panasonic denies the allegations contained in Paragraph 156 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

157.   Panasonic denies the allegations contained in Paragraph 157 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

158.   Panasonic denies the allegations contained in Paragraph 158 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

159.   Panasonic denies the allegations contained in Paragraph 159 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

160.   Panasonic denies the allegations contained in Paragraph 160 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

161.   Panasonic denies the allegations contained in Paragraph 161 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**E.     "The CRT Market During the Conspiracy"**

162.   Panasonic denies the allegations contained in Paragraph 162 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

163.   Panasonic denies the allegations contained in Paragraph 163 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

164.    Panasonic denies the allegations contained in Paragraph 164 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

165.    Panasonic denies the allegations contained in Paragraph 165 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

166.    Panasonic denies the allegations contained in Paragraph 166 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

167.    Panasonic denies the allegations contained in Paragraph 167 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

168.    Panasonic denies the allegations contained in Paragraph 168 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

169.    Panasonic denies the allegations contained in Paragraph 169 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

170.    Panasonic denies the allegations contained in Paragraph 170 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

171.    Panasonic denies the allegations contained in Paragraph 171 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

172.    Panasonic denies the allegations contained in Paragraph 172 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**F.    "International Government Antitrust Investigations"**

1    173.    Panasonic denies the allegations contained in Paragraph 173 of the

2    Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

3    the truth thereof.

4    174.    Panasonic denies the allegations contained in Paragraph 174 of the

5    Complaint, except admits that an alleged conspiracy concerning CRTs is or was being

6    investigated by certain foreign competition authorities.

7    175.    Panasonic denies the allegations contained in Paragraph 175 of the

8    Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

9    the truth thereof.

10   176.    Panasonic denies the allegations contained in Paragraph 176 of the

11   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

12   the truth thereof, except admits that on or around May 6, 2008, the Hungarian Competition

13   Authority issued a press release concerning its initiation of a competition supervision proceeding

14   in connection with an alleged conspiracy in the Hungarian market involving CRTs and

15   respectfully refers the Court to that document for a review of its contents.

16   177.    Panasonic denies the allegations contained in Paragraph 177 of the

17   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

18   the truth thereof, except admits that on or around February 10, 2009, the DOJ issued a press

19   release concerning the indictment of an executive of Chunghwa Picture Tubes, Ltd., and

20   respectfully refers the Court to that document for a review of its contents.

21   178.    Panasonic denies the allegations contained in Paragraph 178 of the

22   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

23   the truth thereof, except admits that on or around August 19, 2009, the DOJ issued a press release

24   concerning the indictment of a CDT industry executive and respectfully refers the Court to that

25   document for a review of its contents.

26   179.    Panasonic denies the allegations contained in Paragraph 179 of the

27   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

28   the truth thereof, except admits that on or around March 30, 2010, the DOJ issued a press release

1    concerning the indictment of a CDT industry executive and respectfully refers the Court to that

2    document for a review of its contents.

3              180.    Panasonic denies the allegations contained in Paragraph 180 of the

4    Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

5    the truth thereof, except admits that on or around November 9, 2010, the DOJ issued a press

6    release concerning the indictment of a CDT industry executive and respectfully refers the Court to

7    that document for a review of its contents.

8              181.    Panasonic denies the allegations contained in Paragraph 181 of the

9    Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

10   the truth thereof, except admits that on or around March 18, 2011, the DOJ issued a press release

11   concerning a plea agreement entered into by a CDT industry participant and respectfully refers the

12   Court to that document for a review of its contents.

13             182.    Panasonic denies the allegations contained in Paragraph 182 of the

14   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

15   or information sufficient to form a belief as to the truth thereof.

16             183.    Panasonic denies the allegations contained in Paragraph 183 of the

17   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

18   the truth thereof.

19             184.    Panasonic denies the allegations contained in Paragraph 184 of the

20   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

21   the truth thereof, except admits that on or around December 5, 2012, the European Commission

22   issued an announcement of certain fines relating to the CRT industry and respectfully refers the

23   Court to that document for a review of its content.

24             185.    Panasonic denies the allegations contained in Paragraph 185 of the

25   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

26   or information sufficient to form a belief as to the truth thereof.

27             186.    Panasonic denies the allegations contained in Paragraph 186 of the

28   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

1    or information sufficient to form a belief as to the truth thereof.

2              187.    Panasonic denies the allegations contained in Paragraph 187 of the

3    Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

4    the truth thereof.

5              188.    Panasonic denies the allegations contained in Paragraph 188 of the

6    Complaint, except admits that an alleged conspiracy concerning the TFT-LCD market is or was

7    being investigated by the DOJ, and by certain other international competition authorities, and that

8    this investigation was revealed on or around December 2006.  Panasonic further avers that it is not

9    a subject of these investigations.

10             189.    Panasonic denies the allegations contained in Paragraph 189 of the

11   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

12   the truth thereof.

13             190.    Panasonic denies the allegations contained in Paragraph 190 of the

14   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

15   the truth thereof.

16             191.    Panasonic denies the allegations contained in Paragraph 191 of the

17   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

18   the truth thereof.

19             192.    Panasonic denies the allegations contained in Paragraph 192 of the

20   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

21   the truth thereof.

22        **G.    "The Role of Trade Associations During the Relevant Period"**

23             193.    Panasonic denies the allegations contained in Paragraph 193 of the

24   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

25   or information sufficient to form a belief as to the truth thereof.

26             194.    Panasonic denies the allegations contained in Paragraph 194 of the

27   Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

28   the truth thereof.

DEFENDANT PANASONIC CORPORATION'S ANSWER                              Case No. 07-5944 SC
TO OFFICE DEPOT'S FIRST AMENDED COMPLAINT                            MDL NO. 1917

195.   Panasonic denies the allegations contained in Paragraph 195 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

196.   Panasonic denies the allegations contained in Paragraph 196 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

197.   Panasonic denies the allegations contained in Paragraph 197 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**H.**     **"Effects of Defendants' Antitrust Violations"**

      **1.**     **"Examples of Reductions in Manufacturing Capacity by Defendants"**

198.   The allegations in Paragraph 198 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 198 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

199.   Panasonic denies the allegations contained in Paragraph 199 of the Complaint, except admits that MTPD's subsidiary in New York ceased operations in December 2004, and admits that a press release contained the phrases quoted in Paragraph 199 of the Complaint.

200.   Panasonic denies the allegations contained in Paragraph 200 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

201.   Panasonic denies the allegations contained in Paragraph 201 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except avers that it was announced on November 30, 2005, not in December 2005, that MTPD's American subsidiary in Ohio and German subsidiary would discontinue operations.

202.   Panasonic denies the allegations contained in Paragraph 202 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

203.   Panasonic denies the allegations contained in Paragraph 203 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the closure of Matsushita Malaysia was announced in July 2006.

**2.   "Examples of Collusive Pricing for CRTs"**

204.   Panasonic denies the allegations contained in Paragraph 204 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

205.   Panasonic denies the allegations contained in Paragraph 205 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

206.   Panasonic denies the allegations contained in Paragraph 206 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

207.   Panasonic denies the allegations contained in Paragraph 207 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

208.   Panasonic denies the allegations contained in Paragraph 208 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

209.   Panasonic denies the allegations contained in Paragraph 209 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

210.   Panasonic denies the allegations contained in Paragraph 210 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

1  the truth thereof.

2         211.   Panasonic denies the allegations contained in Paragraph 211 of the

3  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

4  the truth thereof.

5         212.   Panasonic denies the allegations contained in Paragraph 212 of the

6  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

7  or information sufficient to form a belief as to the truth thereof.

8         **3.     "Summary Of Effects Of The Conspiracy Involving CRTs"**

9         213.   Panasonic denies the allegations contained in Paragraph 213 of the

10  Complaint, including its subparts, as they relate to Panasonic, and denies the remaining

11  allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

12  **VII.   "PLAINTIFF'S INJURIES"**

13         214.   Panasonic denies the allegations contained in Paragraph 214 of the

14  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

15  or information sufficient to form a belief as to the truth thereof.

16         215.   Panasonic denies the allegations contained in Paragraph 215 of the

17  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

18  or information sufficient to form a belief as to the truth thereof.

19         216.   The allegations of Paragraph 216 of the Complaint constitute legal

20  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

21  response is required, Panasonic denies the allegations as they relate to Panasonic and denies the

22  remaining allegations for lack of knowledge or information sufficient to form a belief as to the

23  truth thereof.

24         217.   Panasonic denies the allegations contained in Paragraph 217 of the

25  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

26  or information sufficient to form a belief as to the truth thereof.

27         218.   The allegations of Paragraph 218 of the Complaint constitute legal

28  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

1  response is required, Panasonic denies the allegations contained in Paragraph 218 of the

2  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

3  the truth thereof.

4        219.  Panasonic denies the allegations contained in Paragraph 219 of the

5  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

6  or information sufficient to form a belief as to the truth thereof.

7        220.  Panasonic denies the allegations contained in Paragraph 220 of the

8  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

9  or information sufficient to form a belief as to the truth thereof.

10  **VIII.  "FRAUDULENT CONCEALMENT"**

11        221.  Panasonic denies the allegations contained in Paragraph 221 of the

12  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

13  or information sufficient to form a belief as to the truth thereof.

14        222.  Panasonic denies the allegations contained in Paragraph 222 of the

15  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

16  or information sufficient to form a belief as to the truth thereof.

17        223.  Panasonic denies the allegations contained in Paragraph 223 of the

18  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

19  or information sufficient to form a belief as to the truth thereof.

20        224.  Panasonic denies the allegations contained in Paragraph 224 of the

21  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

22  or information sufficient to form a belief as to the truth thereof.

23        225.  Panasonic denies the allegations contained in Paragraph 225 of the

24  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

25  or information sufficient to form a belief as to the truth thereof.

26        226.  Panasonic denies the allegations contained in Paragraph 226 the Complaint

27  as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

28  information sufficient to form a belief as to the truth thereof.

227. Panasonic denies the allegations contained in Paragraph 227 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

228. Panasonic denies the allegations contained in Paragraph 228 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

229. Panasonic denies the allegations contained in Paragraph 229 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

230. Panasonic denies the allegations contained in Paragraph 230 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

231. Panasonic denies the allegations contained in Paragraph 231 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

232. Panasonic denies the allegations contained in Paragraph 232 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

233. Panasonic denies the allegations contained in Paragraph 233 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## IX.    "*AMERICAN PIPE*, GOVERNMENT ACTION, AND CROSS-JURISDICTIONAL TOLLING"

234. Panasonic incorporates and realleges its responses to Paragraphs 177-183 above, as if fully set forth herein.  The allegations contained in Paragraph 234 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 234 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of

1  knowledge or information sufficient to form a belief as to the truth thereof.

2  235.    The allegations contained in Paragraph 235 of the Complaint constitute

3  legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

4  that a response is required, Panasonic denies the allegations contained in Paragraph 235 of the

5  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

6  or information sufficient to form a belief as to the truth thereof.

7  236.    The allegations contained in Paragraph 236 of the Complaint constitute

8  legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

9  that a response is required, Panasonic denies the allegations contained in Paragraph 236 of the

10  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

11  or information sufficient to form a belief as to the truth thereof.

12  **X.    "CLAIM FOR VIOLATIONS"**

13  **"First Claim for Relief"**

14  **"(Violation of Section 1 of the Sherman Act)"**

15  237.    Panasonic incorporates and realleges its responses to Paragraphs 1-236

16  above, as if fully set forth herein.

17  238.    The allegations contained in Paragraph 238 of the Complaint constitute

18  legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

19  that a response is required, Panasonic denies the allegations contained in Paragraph 238 of the

20  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

21  or information sufficient to form a belief as to the truth thereof.

22  239.    Panasonic denies the allegations contained in Paragraph 239 of the

23  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

24  or information sufficient to form a belief as to the truth thereof.

25  240.    Panasonic denies the allegations contained in Paragraph 240 of the

26  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

27  or information sufficient to form a belief as to the truth thereof.

28  241.    Panasonic denies the allegations contained in Paragraph 241 of the

30

1    Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

2    or information sufficient to form a belief as to the truth thereof.

3            242.    Panasonic denies the allegations contained in Paragraph 242 of the

4    Complaint, including its subparts, as they relate to Panasonic, and denies the remaining

5    allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

6            243.    Panasonic denies the allegations contained in Paragraph 243 of the

7    Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

8    or information sufficient to form a belief as to the truth thereof.

9                            **"Second Claim for Relief"**

10            **"(Violation of the Florida Deceptive and Unfair Trade Practices Act)"**

11            244.    Panasonic incorporates and realleges its responses to Paragraphs 1-243

12    above, as if fully set forth herein.

13            245.    Panasonic denies the allegations contained in Paragraph 245 of the

14    Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

15    or information sufficient to form a belief as to the truth thereof.

16            246.    The allegations contained in Paragraph 246 of the Complaint constitute

17    legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

18    that a response is required, Panasonic denies the allegations contained in Paragraph 246 of the

19    Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

20    or information sufficient to form a belief as to the truth thereof.

21            247.    The allegations contained in Paragraph 247 of the Complaint constitute

22    legal contentions and/or conclusions to which no responsive is required.  To the extent that a

23    response is required, Panasonic denies the allegations for lack of knowledge or information

24    sufficient to form a belief as to the truth thereof.

25            248.    The allegations contained in Paragraph 248 of the Complaint constitute

26    legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

27    that a response is required, Panasonic denies the allegations contained in Paragraph 248 of the

28    Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

DEFENDANT PANASONIC CORPORATION'S ANSWER                    Case No. 07-5944 SC
TO OFFICE DEPOT'S FIRST AMENDED COMPLAINT                   MDL NO. 1917

1  or information sufficient to form a belief as to the truth thereof.

2          249.   The allegations contained in Paragraph 249 of the Complaint constitute

3  legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

4  that a response is required, Panasonic denies the allegations contained in Paragraph 249 of the

5  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

6  or information sufficient to form a belief as to the truth thereof.

7          250.   The allegations contained in Paragraph 250 of the Complaint include legal

8  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

9  response is required, Panasonic denies the allegations contained in Paragraph 250 of the

10  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

11  or information sufficient to form a belief as to the truth thereof.

12          251.   The allegations contained in Paragraph 251 of the Complaint constitute

13  legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

14  that a response is required, Panasonic denies the allegations contained in Paragraph 251 of the

15  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

16  or information sufficient to form a belief as to the truth thereof.

17                              **"Third Claim for Relief"**

18                      **"(Violation of the California Cartwright Act)"**

19          252.   Panasonic incorporates and realleges its responses to Paragraphs 1-251

20  above, as if fully set forth herein.

21          253.   The allegations contained in Paragraph 253 of the Complaint include legal

22  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

23  response is required, Panasonic denies the allegations contained in Paragraph 253 of the

24  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

25  or information sufficient to form a belief as to the truth thereof.

26          254.   Panasonic denies the allegations contained in Paragraph 254 of the

27  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

28  or information sufficient to form a belief as to the truth thereof.

255.    The allegations contained in Paragraph 255 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 255 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

256.    The allegations contained in Paragraph 256 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 256 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

257.    Panasonic denies the allegations contained in Paragraph 257 of the Complaint, including its subparts, as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

258.    Panasonic denies the allegations contained in Paragraph 258 of the Complaint, including its subparts, as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

259.    Panasonic denies the allegations contained in Paragraph 259 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

260.    The allegations contained in Paragraph 260 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 260 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Fourth Claim for Relief"**

**"(Violation of California Unfair Competition Law)"**

261.    Panasonic incorporates and realleges its responses to Paragraphs 1-260 above, as if fully set forth herein.

1   262.    The allegations contained in Paragraph 262 of the Complaint constitute

2   legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

3   that a response is required, Panasonic denies the allegations contained in Paragraph 262 of the

4   Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

5   or information sufficient to form a belief as to the truth thereof.

6   263.    The allegations contained in Paragraph 263 of the Complaint constitute

7   legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

8   that a response is required, Panasonic denies the allegations contained in Paragraph 263 of the

9   Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

10   or information sufficient to form a belief as to the truth thereof.

11   264.    The allegations contained in Paragraph 264 of the Complaint, including its

12   subparts, constitute legal contentions and/or conclusions to which no responsive pleading is

13   required.  To the extent that a response is required, Panasonic denies the allegations contained in

14   Paragraph 264 of the Complaint, including its subparts, as they relate to Panasonic, and denies the

15   remaining allegations for lack of knowledge or information sufficient to form a belief as to the

16   truth thereof.

17   265.    The allegations contained in Paragraph 265 of the Complaint constitute

18   legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

19   that a response is required, Panasonic denies the allegations contained in Paragraph 265 of the

20   Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

21   or information sufficient to form a belief as to the truth thereof.

22   266.    The allegations contained in Paragraph 266 of the Complaint constitute

23   legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

24   that a response is required, Panasonic denies the allegations contained in Paragraph 266 of the

25   Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

26   or information sufficient to form a belief as to the truth thereof.

27   267.    The allegations contained in Paragraph 267 of the Complaint constitute

28   legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

that a response is required, Panasonic denies the allegations contained in Paragraph 267 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

268.    The allegations contained in Paragraph 268 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 268 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## XI.    "**PRAYER FOR RELIEF**"

Panasonic denies that Plaintiff suffered any injury or incurred any damages by any action(s) or omission(s) of Panasonic as alleged in the Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in each of the paragraphs and their subparts in the Complaint.

## XII.   "**JURY TRIAL DEMAND**"

The allegations contained under the heading "Jury Trial Demand" contain no factual assertions for which a response is required.  To the extent that a response is required, Panasonic denies the allegations contained under the heading "Jury Trial Demand" in their entirety, except admits that Plaintiff demands a trial by jury.

## **DEFENSES**

FURTHER, Panasonic asserts the following defenses and affirmative defenses to the Complaint.  Panasonic does not concede that it has the burden of proof as to any of the defenses listed below:

## **FIRST DEFENSE**

(Failure to State a Claim for Relief)

Neither Plaintiff's Complaint nor any claim for relief asserted therein states facts sufficient to constitute a claim for relief against Panasonic.

## **SECOND DEFENSE**

(Statute of Limitations)

35

1    The relief sought by Plaintiff is barred, in whole or in part, by the applicable
2 statutes of limitations.

3                                    **THIRD DEFENSE**

4                              (Actual and Proximate Injury)

5    The relief sought by Plaintiff is barred, in whole or in part, because the Plaintiff
6 was not actually and proximately injured in its business or property by reason of any action(s) or
7 omission(s) of Panasonic.

8                                   **FOURTH DEFENSE**

9                                      (No Damages)

10   The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has
11 suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent
12 that Plaintiff purportedly suffered injury or damage, which Panasonic specifically denies,
13 Panasonic further contends that any such purported injury or damage was not by reason of any
14 action(s) or omission(s) of Panasonic.

15                                   **FIFTH DEFENSE**

16                                 (No Antitrust Injury)

17   The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has
18 failed to allege "antitrust injury" – i.e., injury that is of the type the antitrust laws were intended to
19 remedy.

20                                   **SIXTH DEFENSE**

21                               (Speculative Damages)

22   The relief sought by Plaintiff is barred, in whole or in part, because the alleged
23 damages sought are too speculative and uncertain, and because of the impossibility of the
24 ascertainment and allocation of such alleged damages.

25                                  **SEVENTH DEFENSE**

26                                      (Mitigation)

27

28

DEFENDANT PANASONIC CORPORATION'S ANSWER                Case No. 07-5944 SC
TO OFFICE DEPOT'S FIRST AMENDED COMPLAINT                MDL NO. 1917

1    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

2  failed to take appropriate and necessary steps to mitigate its alleged damages, if any.

3  **EIGHTH DEFENSE**

4  (Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

5    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

6  failed to allege fraud or fraudulent concealment with sufficient particularity.

7  **NINTH DEFENSE**

8  (Failure to Plead Conspiracy with Particularity)

9    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

10  failed to allege conspiracy with sufficient particularity.

11  **TENTH DEFENSE**

12  (Lack of Standing to Sue for Injuries Alleged)

13    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff lacks

14  standing to sue for the injuries alleged in the complaint.  To the extent that Plaintiff purchased

15  products containing CRTs, as opposed to CRTs themselves, its alleged injuries are even more

16  speculative, derivative, indirect, and remote.  Plaintiff's damage claims create an impermissible

17  risk of duplicative recoveries and complex damage apportionment.

18  **ELEVENTH DEFENSE**

19  (Due Process)

20    To the extent Plaintiff's claims would result in Panasonic paying damages to more

21  than one claimant for the same alleged overcharges to customers, they are barred because such

22  multiple liability would violate rights guaranteed to Panasonic by the United States Constitution,

23  including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth

24  Amendment, and by applicable state law.

25  **TWELFTH DEFENSE**

26  (Other/Superseding Causation)

27

28

37

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's damages, if any, resulted from the acts or omissions of third parties over whom Panasonic had no control or responsibility.  The acts of such third parties constitute intervening or superseding cases of harm, if any, suffered by Plaintiff.

### THIRTEENTH DEFENSE

### (Waiver and Estoppel)

The relief sought by Plaintiff is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### FOURTEENTH DEFENSE

### (Laches)

The relief sought by Plaintiff is barred, in whole or in part, by the equitable doctrine of laches.

### FIFTEENTH DEFENSE

### (Unclean Hands)

The relief sought by Plaintiff is barred, in whole or in part, by the equitable doctrine of unclean hands.

### SIXTEENTH DEFENSE

### (Unjust Enrichment)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff would be unjustly enriched if it were allowed to recover any part of the damages alleged in the Complaint.

### SEVENTEENTH DEFENSE

### (Adequate Remedy at Law)

The equitable relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has available an adequate remedy at law.

### EIGHTEENTH DEFENSE

### (Comparative Fault)

The relief sought by Plaintiff is barred, in whole or in part, because any and all

injuries alleged in the Complaint, the fact and extent of which Panasonic specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than Panasonic.

## NINETEENTH DEFENSE

### (Acquiescence)

The relief sought by Plaintiff is barred, in whole or in part, by Plaintiff's acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to Panasonic.

## TWENTIETH DEFENSE

### (No Detrimental Reliance)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

## TWENTY-FIRST DEFENSE

### (Set Off)

Without admitting that Plaintiff is entitled to recover damages in this matter, Panasonic is entitled to set off from any recovery Plaintiff may obtain against Panasonic, any amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

## TWENTY-SECOND DEFENSE

### (Failure to State a Claim for Injunctive Relief)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

## TWENTY-THIRD DEFENSE

### (Lack of Jurisdiction)

The relief sought by Plaintiff is barred, in whole or in part, because any alleged conduct of Panasonic occurred outside of the jurisdiction of the Court.

## TWENTY-FOURTH DEFENSE

(Foreign Trade Antitrust Improvements Act)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to make a single specific allegation to support the claim that the alleged conduct had "a direct, substantial, and reasonably foreseeable effect" on United States commerce giving rise to a Sherman Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a.

## TWENTY-FIFTH DEFENSE

(Foreign Conduct)

Plaintiff's claims are barred to the extent that they are based on conduct beyond the territorial reach of the laws or courts of the United States.

## TWENTY-SIXTH DEFENSE

(Damages Not Passed Through to Plaintiff)

The relief sought by Plaintiff is barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiff, or was incurred by or passed on to persons or entities other than Plaintiff.

## TWENTY-SEVENTH DEFENSE

(Damages Passed On)

The relief sought by Plaintiff is barred, in whole or in part, because any injury or damage alleged in the Complaint, which Panasonic specifically denies, was passed on to persons or entities other than the Plaintiff and/or was passed on by Plaintiff to other parties.

## TWENTY-EIGHTH DEFENSE

(No Unreasonable Restraint of Trade)

The relief sought by Plaintiff is barred, in whole or in part, because the alleged conduct of Panasonic did not unreasonably restrain trade.

## TWENTY-NINTH DEFENSE

(Acts Outside The Jurisdiction)

DEFENDANT PANASONIC CORPORATION'S ANSWER
TO OFFICE DEPOT'S FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

The relief sought by Plaintiff is barred, in whole or in part, to the extent Panasonic's alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor affected persons, entities, or commerce in the various States cited.

<u>**THIRTIETH DEFENSE**</u>

(Restitution Unmanageable and Inequitable)

The relief sought by Plaintiff is barred, in whole or in part, to the extent the restitution sought in the Complaint is unmanageable and inequitable.

<u>**THIRTY-FIRST DEFENSE**</u>

(Lack of Standing as Indirect Purchasers)

The relief sought by Plaintiff is barred, in whole or in part, to the extent the various States cited have not repealed the *Illinois Brick* doctrine.

<u>**THIRTY-SECOND DEFENSE**</u>

(Unjust Enrichment Claims Barred)

The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff has failed to exhaust all remedies against Panasonic.

<u>**THIRTY-THIRD DEFENSE**</u>

(Goods Not Purchased Primarily for Personal, Family, or Household Purposes)

The relief sought by Plaintiff is barred, in whole or in part, to the extent that Plaintiff did not purchase goods primarily for personal, family, or household purposes.

<u>**THIRTY-FOURTH DEFENSE**</u>

(Independent, Legitimate Business and Economic Justification)

The relief sought by Plaintiff is barred, in whole or in part, because any conduct engaged in by Panasonic was reasonable and based on independent, legitimate business and economic justification.

<u>**THIRTY-FIFTH DEFENSE**</u>

(Private Claim Cannot Be Brought In A Representative Capacity)

DEFENDANT PANASONIC CORPORATION'S ANSWER
TO OFFICE DEPOT'S FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff brings any claims in a representative capacity, to the extent a private claim may not be brought in a representative capacity under the laws of various states.

## THIRTY-SIXTH DEFENSE

### (Lack of Sufficient Contacts to States)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's claims lack sufficient contacts to the states under whose laws they are brought, in violation of rights guaranteed to Panasonic by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by other applicable state and federal law.

## THIRTY-SEVENTH DEFENSE

### (Attorneys' Fees)

Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is not allowed under applicable federal or state law.

## INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES

Panasonic hereby incorporates by reference, as if set forth fully herein, all other defenses and affirmative defenses to the Complaint alleged by any other defendant.  Panasonic presently has insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, defenses.  Panasonic reserves the right to assert other defenses and affirmative defenses as this action proceeds, the right to file an amended answer asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event that discovery indicates that such pleadings are appropriate.

WHEREFORE, Panasonic prays for judgment as follows:

1.  That Plaintiff take nothing under the Complaint, and the Complaint be dismissed with prejudice;

2.  That judgment be entered in favor of Panasonic and against Plaintiff on each and every cause of action set forth in the Complaint;

1           3.     That Panasonic recover its costs of suit and attorneys' fees incurred herein;

2           and

3           4.     That Panasonic be granted such other and further relief as the Court deems

4           just and proper.

5

Dated: November 4, 2013          By: ___*/s/ Jeffrey L. Kessler*_____

6           JEFFREY L. KESSLER (*pro hac vice*)
           E-mail: jkessler@winston.com

7           A. PAUL VICTOR (*pro hac vice*)
           E-mail: pvictor@winston.com

8           ALDO A. BADINI (257086)
           E-mail: abadini@winston.com

9           EVA W. COLE (*pro hac vice*)
           E-mail: ewcole@winston.com

10          MOLLY M. DONOVAN (*pro hac vice*)
           E-mail: mmdonovan@winston.com

11          **WINSTON & STRAWN LLP**

12          200 Park Avenue
           New York, New York 10166-4193

13          Telephone: (212) 294-4692
           Facsimile: (212) 294-4700

14

15          STEVEN A. REISS (*pro hac vice*)
           E-mail: steven.reiss@weil.com

16          DAVID L. YOHAI (*pro hac vice*)
           E-mail: david.yohai@weil.com

17          ADAM C. HEMLOCK (*pro hac vice*)
           E-mail: adam.hemlock@weil.com

18          DAVID E. YOLKUT (*pro hac vice*)
           E-mail: david.yolkut@weil.com

19          **WEIL, GOTSHAL & MANGES LLP**

20          767 Fifth Avenue
           New York, New York 10153-0119

21          Telephone: (212) 310-8000
           Facsimile: (212) 310-8007

22

23          GREGORY D. HULL (57367)
           E-mail: greg.hull@weil.com

24          **WEIL, GOTSHAL & MANGES LLP**

25          201 Redwood Shores Parkway
           Redwood Shores, California 94065-1175

26          Telephone: (650) 802-3000
           Facsimile: (650) 802-3100

27

28          ***Attorneys for Defendant Panasonic Corporation***

43

1

**<u>CERTIFICATE OF SERVICE</u>**

2

On November 4, 2013, I caused a copy of "DEFENDANT PANASONIC

3

CORPORATION'S ANSWER TO OFFICE DEPOT'S FIRST AMENDED COMPLAINT" to be

4

served via ECF on the other parties in this action.

5

By:   */s/ Jeffrey L. Kessler*

6

Jeffrey L. Kessler (*pro hac vice*)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28