JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendant MT Picture Display Co., Ltd.*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>OFFICE DEPOT ACTION<br>11-CV-06276-SC | **Case No. 07-5944 SC**<br>**MDL No. 1917**<br><br>**DEFENDANT MT PICTURE DISPLAY CO., LTD.'S ANSWER TO OFFICE DEPOT'S FIRST AMENDED COMPLAINT** |

Defendant MT Picture Display Co., Ltd., f/k/a/ Matsushita Toshiba Picture Display Co., Ltd. ("MTPD"), by and through its attorneys, answers the allegations set forth in the First Amended Complaint (the "Complaint") filed by Plaintiff Office Depot, Inc. ("Office Depot"), and alleges additional or affirmative defenses as follows.  To the extent not specifically admitted herein, all allegations of the Complaint are denied.  Furthermore, the section headings included herein are included only for purposes of clarity and organization, and MTPD does not admit, but rather hereby specifically denies, any factual or legal allegations in the headings used in the Complaint.

## I.  "INTRODUCTION"

1.  MTPD denies the allegations contained in Paragraph 1 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

2.  The allegations contained in Paragraph 2 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, MTPD denies all of the allegations, except admits that color display tubes ("CDTs") can be used in computer monitors and certain other specialized applications, admits that color picture tubes ("CPTs") can be used in televisions, admits that CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various times certain affiliates of MTPD manufactured some CRTs and some products containing CRTs.

3.  MTPD denies the allegations contained in Paragraph 3 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4.  MTPD denies the allegations contained in Paragraph 4 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

5.  MTPD denies the allegations contained in Paragraph 5 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

6.      MTPD denies the allegations contained in Paragraph 6 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7.      MTPD denies the allegations contained in Paragraph 7 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8.      MTPD denies the allegations contained in Paragraph 8 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by the United States Department of Justice ("DOJ"), and by certain foreign competition authorities, and that it has been publicly reported that individuals have been indicted in connection with the DOJ investigation.

9.      MTPD denies the allegations contained in Paragraph 9 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## II.    "JURISDICTION AND VENUE"

10.     MTPD denies the allegations contained in Paragraph 10 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to the federal statutes identified therein and seeks the relief sought therein.

11.     MTPD denies the allegations contained in Paragraph 11 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to various state laws identified therein and seeks the relief sought therein.

12.     The allegations contained in Paragraph 12 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiff purports to base subject matter jurisdiction on the federal statutes identified therein.

13.     MTPD denies the allegations contained in Paragraph 13 of the Complaint as they relate to MTPD, except admits that certain affiliates of MTPD have done some business

2

within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

14.     The allegations of Paragraph 14 of the Complaint regarding jurisdiction constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations as they relate to MTPD except admits that certain affiliates of MTPD have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15.     The allegations of Paragraph 15 of the Complaint regarding venue constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations as they relate to MTPD except admits that certain affiliates of MTPD have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**III.     "PARTIES"**

   **A.     "Plaintiff"**

16.     MTPD denies the allegations contained in Paragraph 16 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17.     MTPD denies the allegations contained in Paragraph 17 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

18.     MTPD denies the allegations contained in Paragraph 18 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19.     MTPD denies the allegations contained in Paragraph 19 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

3

B.     **"Defendants"**

      1.     **"Hitachi Entities"**

      20.     MTPD denies the allegations contained in Paragraph 20 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

      21.     MTPD denies the allegations contained in Paragraph 21 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

      22.     MTPD denies the allegations contained in Paragraph 22 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

      23.     MTPD denies the allegations contained in Paragraph 23 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

      24.     MTPD denies the allegations contained in Paragraph 24 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

      25.     MTPD denies the allegations contained in Paragraph 25 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

      26.     MTPD admits that Plaintiff purports to refer to the entities identified in Paragraph 26 of the Complaint collectively as "Hitachi."

      2.     **"IRICO Entities"**

      27.     MTPD denies the allegations contained in Paragraph 27 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

      28.     MTPD denies the allegations contained in Paragraph 28 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

1    thereof.

2              29.    MTPD denies the allegations contained in Paragraph 29 of the Complaint in

3    their entirety for lack of knowledge or information sufficient to form a belief as to the truth

4    thereof.

5              30.    MTPD admits that Plaintiff purports to refer to the entities identified in

6    Paragraph 30 of the Complaint collectively as "IRICO."

7              **3.    "LG Electronics Entities"**

8              31.    MTPD denies the allegations contained in Paragraph 31 of the Complaint in

9    their entirety for lack of knowledge or information sufficient to form a belief as to the truth

10   thereof.

11             32.    MTPD denies the allegations contained in Paragraph 32 of the Complaint in

12   their entirety for lack of knowledge or information sufficient to form a belief as to the truth

13   thereof.

14             33.    MTPD admits that Plaintiff purports to refer to the entities identified in

15   Paragraph 33 of the Complaint collectively as "LG Electronics."

16             **4.    "LP Displays"**

17             34.    MTPD denies the allegations contained in Paragraph 34 of the Complaint in

18   their entirety for lack of knowledge or information sufficient to form a belief as to the truth

19   thereof.

20             **5.    "Panasonic Entities"**

21             35.    MTPD denies the allegations contained in Paragraph 35 of the Complaint in

22   their entirety, except admits that Panasonic Corporation is a Japanese entity with an office in

23   Osaka, Japan at the address listed in Paragraph 35, and that it was known as Matsushita Electric

24   Industrial Co., Ltd. ("MEI") prior to October 1, 2008.  MTPD further admits that certain affiliates

25   of Panasonic Corporation sold some CRTs or products containing CRTs in the United States at

26   various times during the purported Relevant Period.

27             36.    MTPD denies the allegations contained in Paragraph 36 of the Complaint in

28   their entirety, except admits that Panasonic Corporation of North America ("PNA") is a Delaware

corporation with its principal place of business formerly located at the address listed in Paragraph 36.  MTPD avers that PNA's principal place of business is now located at Two Riverfront Plaza, Newark, New Jersey, 07102.  MTPD further admits that PNA is a wholly-owned subsidiary of Panasonic Corporation.

37.  MTPD admits that Plaintiff purports to refer to the entities identified in Paragraph 37 of the Complaint collectively as "Panasonic."

38.  MTPD denies the allegations contained in Paragraph 38 of the Complaint in their entirety, except admits that it was formerly known as Matsushita Toshiba Picture Display Co., Ltd., and it is a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 38.  MTPD further admits that it was established as a joint venture between Panasonic Corporation and Toshiba Corporation ("Toshiba"), but avers that MTPD was formed in 2003, not 2002.  MTPD further admits that Panasonic Corporation held 64.5% of MTPD at the time MTPD was formed in 2003.  MTPD further admits that Panasonic Corporation acquired Toshiba's 35.5% interest in MTPD on March 30, 2007, that MTPD became a wholly-owned subsidiary of Panasonic Corporation, and that MTPD was renamed.  MTPD further admits that certain of its affiliates sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period.

39.  MTPD denies the allegations contained in Paragraph 39 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is a Chinese entity with its headquarters in Beijing, China at the address listed in Paragraph 39.  MTPD further admits that BMCC is a joint venture formed in 1987, and further admits that it at one time had a 50% equity ownership interest in BMCC.

**6.   "Philips Entities"**

40.  MTPD denies the allegations contained in Paragraph 40 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

41.  MTPD denies the allegations contained in Paragraph 41 of the Complaint in

6

1  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

2  thereof.

3       42.     MTPD denies the allegations contained in Paragraph 42 of the Complaint in

4  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

5  thereof.

6       43.     MTPD denies the allegations contained in Paragraph 43 of the Complaint in

7  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

8  thereof.

9       44.     MTPD admits that Plaintiff purports to refer to the entities identified in

10  Paragraph 44 of the Complaint collectively as "Philips."

11       **7.     "Samsung Entities"**

12       45.     MTPD denies the allegations contained in Paragraph 45 of the Complaint in

13  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

14  thereof.

15       46.     MTPD denies the allegations contained in Paragraph 46 of the Complaint in

16  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

17  thereof.

18       47.     MTPD denies the allegations contained in Paragraph 47 of the Complaint in

19  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

20  thereof.

21       48.     MTPD denies the allegations contained in Paragraph 48 of the Complaint in

22  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

23  thereof.

24       49.     MTPD denies the allegations contained in Paragraph 49 of the Complaint in

25  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

26  thereof.

27       50.     MTPD denies the allegations contained in Paragraph 50 of the Complaint in

28  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

thereof.

51.     MTPD denies the allegations contained in Paragraph 51 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

52.     MTPD admits that Plaintiff purports to refer to the entities identified in Paragraph 52 of the Complaint collectively as "Samsung."

**8.     "Samtel"**

53.     MTPD denies the allegations contained in Paragraph 53 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**9.     "Thai CRT"**

54.     MTPD denies the allegations contained in Paragraph 54 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**10.     "Toshiba Entities"**

55.     MTPD denies the allegations contained in Paragraph 55 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Panasonic Corporation entered into a joint venture with Toshiba to form MTPD, but avers that MTPD was formed in 2003, not 2002.

56.     MTPD denies the allegations contained in Paragraph 56 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

57.     MTPD denies the allegations contained in Paragraph 57 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

58.     MTPD denies the allegations contained in Paragraph 58 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

59.     MTPD denies the allegations contained in Paragraph 59 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

60.     MTPD admits that Plaintiff purports to refer to the entities identified in Paragraph 60 of the Complaint collectively as "Toshiba."

**11.     "Chunghwa Entities"**

61.     MTPD denies the allegations contained in Paragraph 61 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

62.     MTPD denies the allegations contained in Paragraph 62 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

63.     MTPD admits that Plaintiff purports to refer to the entities identified in Paragraph 63 of the Complaint collectively as "Chunghwa."

**IV.     "AGENTS AND CO-CONSPIRATORS"**

74.     MTPD denies the allegations contained in Paragraph 74[1] of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

75.     MTPD denies the allegations contained in Paragraph 75 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

76.     The allegations contained in Paragraph 76 of the Complaint include legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.  MTPD avers that the entity formerly known as Matsushita Electronic Corporation (Malaysia) Sdn. Bhd. ("Matsushita Malaysia") was

---

[1] The Complaint appears to be missing or skips over Paragraphs 64 through 73; for ease of reference, MTPD has likewise omitted those Paragraphs and avers that no further response is required.

DEFENDANT MTPD'S ANSWER TO OFFICE                    Case No. 07-5944 SC
DEPOT'S FIRST AMENDED COMPLAINT                      MDL NO. 1917

1  dissolved on October 8, 2007.

2         77.    MTPD denies the allegations contained in Paragraph 77 of the Complaint in

3  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

4  thereof.

5         78.    MTPD admits that Plaintiff purports to refer to the entities identified in

6  Paragraph 78 of the Complaint collectively as "Daewoo."

7         79.    MTPD denies the allegations contained in Paragraph 79 of the Complaint in

8  their entirety, except admits that Matsushita Malaysia was a Malaysian entity that had an office

9  located at the address listed in Paragraph 79 in Shah Alam, Malaysia, and was a direct subsidiary

10  of Panasonic Corporation from 2001 until 2003, operating as Matsushita Display Devices

11  (Malaysia) Sdn. Bhd.  MTPD further admits that Matsushita Malaysia was transferred to MTPD

12  in 2003, renamed as MT Picture Display (Malaysia) Sdn. Bhd., and operated as a wholly-owned

13  subsidiary of MTPD.  MTPD avers that the entity formerly known as Matsushita Malaysia was

14  dissolved on October 8, 2007.

15         80.    MTPD denies the allegations contained in Paragraph 80 of the Complaint in

16  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

17  thereof, except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred

18  to MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia.  MTPD further

19  avers that PT.MT Picture Display Indonesia discontinued its production on September 13, 2007,

20  and was dissolved on September 28, 2007.

21         81.    MTPD denies the allegations contained in Paragraph 81 of the Complaint in

22  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

23  thereof, except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was

24  transferred to MTPD in 2003 and changed its name to MT Picture Display (Thailand) Co., Ltd.

25  ("MTPDT"), but denies that MTPDT was a wholly-owned subsidiary of MTPD.  MTPD further

26  avers that MTPDT passed a resolution of dissolution on May 13, 2009, and is now dissolved.

27         82.    MTPD denies the allegations contained in Paragraph 82 of the Complaint

28  as they relate to MTPD and denies the remaining allegations in their entirety for lack of

1  knowledge or information sufficient to form a belief as to the truth thereof.

2  **V.      "<u>TRADE AND COMMERCE</u>"**

3           83.     MTPD denies the allegations contained in Paragraph 83 of the Complaint

4  as they relate to MTPD, and denies the remaining allegations in their entirety for lack of

5  knowledge or information sufficient to form a belief as to the truth thereof.

6           84.     MTPD denies the allegations contained in Paragraph 84 of the Complaint

7  as they relate to MTPD and denies the remaining allegations in their entirety for lack of

8  knowledge or information sufficient to form a belief as to the truth thereof.

9           85.     MTPD denies the allegations contained in Paragraph 85 of the Complaint

10  as they relate to MTPD and denies the remaining allegations in their entirety for lack of

11  knowledge or information sufficient to form a belief as to the truth thereof.

12  **VI.    "<u>FACTUAL ALLEGATIONS</u>"**

13      **A.      "<u>CRT Technology</u>"**

14           86.     The allegations in Paragraph 86 of the Complaint constitute

15  characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

16  required.  To the extent that a response is required, MTPD admits that the CRT is a specialized

17  vacuum tube in which images are produced when an electron beam strikes a phosphorescent

18  surface, but otherwise denies the allegations in their entirety for lack of knowledge or information

19  sufficient to form a belief as to the truth thereof.

20           87.     The allegations in Paragraph 87 of the Complaint constitute

21  characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

22  required.  To the extent that a response is required, MTPD admits that CRT technology was used

23  in making tubes for televisions in the 1990s, but otherwise denies the allegations in their entirety

24  for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25           88.     The allegations in Paragraph 88 of the Complaint constitute

26  characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

27  required.  To the extent that a response is required, MTPD admits that a lower quality CRT

28  produces a poor display, but otherwise denies the allegations in their entirety for lack of

1  knowledge or information sufficient to form a belief as to the truth thereof.

2          89.    The   allegations   in   Paragraph   89   of   the   Complaint   constitute

3  characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

4  required.  To the extent that a response is required, MTPD admits that CRT production was

5  refined over time, but otherwise denies the allegations in their entirety for lack of knowledge or

6  information sufficient to form a belief as to the truth thereof.

7          90.    The   allegations   in   Paragraph   90   of   the   Complaint   constitute

8  characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

9  required.  To the extent that a response is required, MTPD admits that CDTs and CPTs are types

10  of CRTs, admits that CDTs can be used in computer monitors and certain other specialized

11  applications, and admits that CPTs can be used in televisions, but denies the remaining allegations

12  for lack of knowledge or information sufficient to form a belief as to the truth thereof.

13          91.    The   allegations   in   Paragraph   91   of   the   Complaint   constitute

14  characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

15  required.  To the extent that a response is required, MTPD denies the allegations contained in

16  Paragraph 91 of the Complaint in their entirety for lack of knowledge or information sufficient to

17  form a belief as to the truth thereof.

18          92.    The allegations of Paragraph 92 of the Complaint constitute legal

19  contentions and/or conclusions to which no responsive pleading is required. To the extent that a

20  response is required, MTPD denies the allegations contained in Paragraph 92 of the Complaint in

21  their entirety for lack of knowledge or information sufficient to form a belief as to the truth

22  thereof.

23          93.    MTPD denies the allegations contained in Paragraph 93 of the Complaint

24  as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

25  sufficient to form a belief as to the truth thereof.

26          94.    MTPD denies the allegations contained in Paragraph 94 of the Complaint

27  as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

28  sufficient to form a belief as to the truth thereof.

95.     MTPD denies the allegations contained in Paragraph 95 of the Complaint.

B.      **"Structure of the CRT Industry"**

96.     MTPD denies the allegations contained in Paragraph 96 of the Complaint.

1.      **"Market Concentration"**

97.     MTPD denies the allegations contained in the second sentence of Paragraph 97 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

2.      **"Information Sharing"**

98.     MTPD denies the allegations contained in Paragraph 98 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

99.     MTPD denies the allegations contained in Paragraph 99 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

3.      **"Consolidation"**

100.    MTPD denies the allegations contained in Paragraph 100 of the Complaint as they relate to MTPD, except admits that a merger between Toshiba's and Panasonic Corporation's CRT businesses resulted in the creation of MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof. MTPD avers that it was created in 2003, not 2002.

4.      **"Multiple Interrelated Business Relationships"**

101.    MTPD denies the allegations contained in Paragraph 101 of the Complaint.

102.    MTPD denies the allegations contained in Paragraph 102, including its subparts, for lack of knowledge or information sufficient to form a belief as to the truth thereof, with the exception that it was formed by Toshiba and Panasonic Corporation as a CRT joint venture in 2003, and that Toshiba and Panasonic Corporation formed a joint venture to manufacture TFT-LCD panels.

5.      **"High Costs of Entry Into the Industry"**

13

103.     MTPD denies the allegations contained in Paragraph 103 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

104.     MTPD denies the allegations contained in the first sentence of Paragraph 104 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

### 6.     "<u>The Maturity of the CRT Product Market</u>"

105.     MTPD denies the allegations contained in Paragraph 105 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the CRT market is mature.

106.     MTPD denies the allegations contained in Paragraph 106 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

107.     MTPD denies the allegations contained in Paragraph 107 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

108.     MTPD denies the allegations contained in Paragraph 108 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

109.     MTPD denies the allegations contained in Paragraph 109 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

110.     MTPD denies the allegations contained in Paragraph 110 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 7.     "<u>Homogeneity of CRT Products</u>"

111.     MTPD denies the allegations contained in Paragraph 111 of the Complaint.

112.     MTPD denies the allegations contained in Paragraph 112 of the Complaint.

14

C.      **"Pre-Conspiracy Market"**

113.    MTPD denies the allegations contained in Paragraph 113 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

114.    MTPD denies the allegations contained in Paragraph 114 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

D.      **"Defendants' and Co-Conspirators' Illegal Agreements"**

115.    MTPD denies the allegations contained in Paragraph 115 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

116.    MTPD denies the allegations contained in Paragraph 116 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

117.    MTPD denies the allegations contained in Paragraph 117 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

118.    MTPD denies the allegations contained in Paragraph 118 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

119.    MTPD denies the allegations contained in Paragraph 119 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1.      **"Glass Meetings"**

120.    MTPD denies the allegations contained in Paragraph 120 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

121.    MTPD denies the allegations contained in Paragraph 121 of the Complaint

as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

122.    MTPD denies the allegations contained in Paragraph 122 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

123.    MTPD denies the allegations contained in Paragraph 123 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

124.    MTPD denies the allegations contained in Paragraph 124 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

125.    MTPD denies the allegations contained in Paragraph 125 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

126.    MTPD denies the allegations contained in Paragraph 126 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

127.    MTPD denies the allegations contained in Paragraph 127 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

128.    MTPD denies the allegations contained in Paragraph 128 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

129.    MTPD denies the allegations contained in Paragraph 129 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

130.    MTPD denies the allegations contained in Paragraph 130 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

1   sufficient to form a belief as to the truth thereof.

2          131.   MTPD denies the allegations contained in Paragraph 131 of the Complaint

3   as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

4   sufficient to form a belief as to the truth thereof.

5          132.   MTPD denies the allegations contained in Paragraph 132 of the Complaint,

6   including its subparts, as they relate to MTPD and denies the remaining allegations for lack of

7   knowledge or information sufficient to form a belief as to the truth thereof.

8          133.   MTPD denies the allegations contained in Paragraph 133 of the Complaint,

9   including its subparts, as they relate to MTPD and denies the remaining allegations for lack of

10   knowledge or information sufficient to form a belief as to the truth thereof.

11          134.   MTPD denies the allegations contained in Paragraph 134 of the Complaint

12   as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

13   sufficient to form a belief as to the truth thereof.

14         **2.**     **"Bilateral Discussions"**

15          135.   MTPD denies the allegations contained in Paragraph 135 of the Complaint

16   as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

17   sufficient to form a belief as to the truth thereof.

18          136.   MTPD denies the allegations contained in Paragraph 136 of the Complaint

19   in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

20   thereof.

21          137.   MTPD denies the allegations contained in Paragraph 137 of the Complaint

22   in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

23   thereof.

24          138.   MTPD denies the allegations contained in Paragraph 138 of the Complaint

25   as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

26   sufficient to form a belief as to the truth thereof.

27          139.   MTPD denies the allegations contained in Paragraph 139 of the Complaint

28   as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

1    sufficient to form a belief as to the truth thereof.

2          140.    MTPD denies the allegations contained in Paragraph 140 of the Complaint

3    as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

4    sufficient to form a belief as to the truth thereof.

5          **3.    "Defendants' and Co-Conspirators' Participation in Group and**

6          **Bilateral Discussions"**

7          141.    MTPD denies the allegations contained in Paragraph 141 of the Complaint

8    as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

9    sufficient to form a belief as to the truth thereof.

10          142.    MTPD denies the allegations contained in Paragraph 142 of the Complaint

11    as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

12    sufficient to form a belief as to the truth thereof.

13          143.    MTPD denies the allegations contained in Paragraph 143 of the Complaint

14    as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

15    sufficient to form a belief as to the truth thereof.

16          144.    MTPD denies the allegations contained in Paragraph 144 of the Complaint

17    as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

18    sufficient to form a belief as to the truth thereof.

19          145.    MTPD denies the allegations contained in Paragraph 145 of the Complaint

20    as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

21    sufficient to form a belief as to the truth thereof.

22          146.    MTPD denies the allegations contained in Paragraph 146 of the Complaint

23    as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

24    sufficient to form a belief as to the truth thereof.

25          147.    MTPD denies the allegations contained in Paragraph 147 of the Complaint

26    in their entirety.

27          148.    MTPD denies the allegations contained in Paragraph 148 of the Complaint

28    in their entirety.

149.     MTPD denies the allegations contained in Paragraph 149 of the Complaint in their entirety.

150.     MTPD denies the allegations contained in Paragraph 150 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

151.     MTPD denies the allegations contained in Paragraph 151 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

152.     MTPD denies the allegations contained in Paragraph 152 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

153.     MTPD denies the allegations contained in Paragraph 153 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

154.     MTPD denies the allegations contained in Paragraph 154 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

155.     MTPD denies the allegations contained in Paragraph 155 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

156.     MTPD denies the allegations contained in Paragraph 156 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

157.     MTPD denies the allegations contained in Paragraph 157 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

158.     MTPD denies the allegations contained in Paragraph 158 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

sufficient to form a belief as to the truth thereof.

159.    MTPD denies the allegations contained in Paragraph 159 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

160.    MTPD denies the allegations contained in Paragraph 160 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

161.    MTPD denies the allegations contained in Paragraph 161 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**E.      "The CRT Market During the Conspiracy"**

162.    MTPD denies the allegations contained in Paragraph 162 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

163.    MTPD denies the allegations contained in Paragraph 163 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

164.    MTPD denies the allegations contained in Paragraph 164 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

165.    MTPD denies the allegations contained in Paragraph 165 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

166.    MTPD denies the allegations contained in Paragraph 166 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

167.    MTPD denies the allegations contained in Paragraph 167 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

1    thereof.

2         168.   MTPD denies the allegations contained in Paragraph 168 of the Complaint

3    as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

4    sufficient to form a belief as to the truth thereof.

5         169.   MTPD denies the allegations contained in Paragraph 169 of the Complaint

6    as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

7    sufficient to form a belief as to the truth thereof.

8         170.   MTPD denies the allegations contained in Paragraph 170 of the Complaint

9    as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

10   sufficient to form a belief as to the truth thereof.

11        171.   MTPD denies the allegations contained in Paragraph 171 of the Complaint

12   in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

13   thereof.

14        172.   MTPD denies the allegations contained in Paragraph 172 of the Complaint

15   in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

16   thereof.

17        **F.**    **"International Government Antitrust Investigations"**

18        173.   MTPD denies the allegations contained in Paragraph 173 of the Complaint

19   in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

20   thereof.

21        174.   MTPD denies the allegations contained in Paragraph 174 of the Complaint,

22   except admits that an alleged conspiracy concerning CRTs is or was being investigated by certain

23   foreign competition authorities.

24        175.   MTPD denies the allegations contained in Paragraph 175 of the Complaint

25   in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

26   thereof.

27        176.   MTPD denies the allegations contained in Paragraph 176 of the Complaint

28   in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

21

thereof, except admits that on or around May 6, 2008, the Hungarian Competition Authority issued a press release concerning its initiation of a competition supervision proceeding in connection with an alleged conspiracy in the Hungarian market involving CRTs and respectfully refers the Court to that document for a review of its contents.

177.   MTPD denies the allegations contained in Paragraph 177 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around February 10, 2009, the DOJ issued a press release concerning the indictment of an executive of Chunghwa Picture Tubes, Ltd., and respectfully refers the Court to that document for a review of its contents.

178.   MTPD denies the allegations contained in Paragraph 178 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around August 19, 2009, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

179.   MTPD denies the allegations contained in Paragraph 179 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around March 30, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

180.   MTPD denies the allegations contained in Paragraph 180 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around November 9, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

181.   MTPD denies the allegations contained in Paragraph 181 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around March 18, 2011, the DOJ issued a press release concerning a plea agreement entered into by a CDT industry participant and respectfully refers the

Court to that document for a review of its contents.

182. MTPD denies the allegations contained in Paragraph 182 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

183. MTPD denies the allegations contained in Paragraph 183 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

184. MTPD denies the allegations contained in Paragraph 184 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around December 5, 2012, the European Commission issued an announcement of certain fines relating to the CRT industry and respectfully refers the Court to that document for a review of its content.

185. MTPD denies the allegations contained in Paragraph 185 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

186. MTPD denies the allegations contained in Paragraph 186 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

187. MTPD denies the allegations contained in Paragraph 187 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

188. MTPD denies the allegations contained in Paragraph 188 of the Complaint, except admits that an alleged conspiracy concerning the TFT-LCD market is or was being investigated by the DOJ, and by certain other international competition authorities, and that this investigation was revealed on or around December 2006.  MTPD further avers that it is not a subject of these investigations.

189. MTPD denies the allegations contained in Paragraph 189 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

1    thereof.

2             190.    MTPD denies the allegations contained in Paragraph 190 of the Complaint

3    in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

4    thereof.

5             191.    MTPD denies the allegations contained in Paragraph 191 of the Complaint

6    in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

7    thereof.

8             192.    MTPD denies the allegations contained in Paragraph 192 of the Complaint

9    in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

10   thereof.

11        **G.    "The Role of Trade Associations During the Relevant Period"**

12            193.    MTPD denies the allegations contained in Paragraph 193 of the Complaint

13   as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

14   sufficient to form a belief as to the truth thereof.

15            194.    MTPD denies the allegations contained in Paragraph 194 of the Complaint

16   in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

17   thereof.

18            195.    MTPD denies the allegations contained in Paragraph 195 of the Complaint

19   in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

20   thereof.

21            196.    MTPD denies the allegations contained in Paragraph 196 of the Complaint

22   as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

23   sufficient to form a belief as to the truth thereof.

24            197.    MTPD denies the allegations contained in Paragraph 197 of the Complaint

25   as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

26   sufficient to form a belief as to the truth thereof.

27        **H.    "Effects of Defendants' Antitrust Violations"**

28                 **1.    "Examples of Reductions in Manufacturing Capacity by Defendants"**

198.     The allegations in Paragraph 198 of the Complaint constitute characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 198 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

199.     MTPD denies the allegations contained in Paragraph 199 of the Complaint, except admits that its subsidiary in New York ceased operations in December 2004, and admits that a press release contained the phrases quoted in Paragraph 199 of the Complaint.

200.     MTPD denies the allegations contained in Paragraph 200 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

201.     MTPD denies the allegations contained in Paragraph 201 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except avers that it was announced on November 30, 2005, not in December 2005, that its American subsidiary in Ohio and German subsidiary would discontinue operations.

202.     MTPD denies the allegations contained in Paragraph 202 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

203.     MTPD denies the allegations contained in Paragraph 203 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the closure of Matsushita Malaysia was announced in July 2006.

### 2.     **"Examples of Collusive Pricing for CRTs"**

204.     MTPD denies the allegations contained in Paragraph 204 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

205.     MTPD denies the allegations contained in Paragraph 205 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

DEFENDANT MTPD'S ANSWER TO OFFICE
DEPOT'S FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

1        206.     MTPD denies the allegations contained in Paragraph 206 of the Complaint

2  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

3  thereof.

4        207.     MTPD denies the allegations contained in Paragraph 207 of the Complaint

5  as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

6  sufficient to form a belief as to the truth thereof.

7        208.     MTPD denies the allegations contained in Paragraph 208 of the Complaint

8  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

9  thereof.

10        209.     MTPD denies the allegations contained in Paragraph 209 of the Complaint

11  as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

12  sufficient to form a belief as to the truth thereof.

13        210.     MTPD denies the allegations contained in Paragraph 210 of the Complaint

14  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

15  thereof.

16        211.     MTPD denies the allegations contained in Paragraph 211 of the Complaint

17  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

18  thereof.

19        212.     MTPD denies the allegations contained in Paragraph 212 of the Complaint

20  as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

21  sufficient to form a belief as to the truth thereof.

22        **3.**     **"Summary Of Effects Of The Conspiracy Involving CRTs"**

23        213.     MTPD denies the allegations contained in Paragraph 213 of the Complaint,

24  including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of

25  knowledge or information sufficient to form a belief as to the truth thereof.

26  **VII.**   **"PLAINTIFF'S INJURIES"**

27        214.     MTPD denies the allegations contained in Paragraph 214 of the Complaint

28

as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

215.   MTPD denies the allegations contained in Paragraph 215 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

216.   The allegations of Paragraph 216 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

217.   MTPD denies the allegations contained in Paragraph 217 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

218.   The allegations of Paragraph 218 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 218 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

219.   MTPD denies the allegations contained in Paragraph 219 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

220.   MTPD denies the allegations contained in Paragraph 220 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VIII.   "**FRAUDULENT CONCEALMENT**"

221.   MTPD denies the allegations contained in Paragraph 221 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1       222.    MTPD denies the allegations contained in Paragraph 222 of the Complaint

2 as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

3 sufficient to form a belief as to the truth thereof.

4       223.    MTPD denies the allegations contained in Paragraph 223 of the Complaint

5 as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

6 sufficient to form a belief as to the truth thereof.

7       224.    MTPD denies the allegations contained in Paragraph 224 of the Complaint

8 as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

9 sufficient to form a belief as to the truth thereof.

10      225.    MTPD denies the allegations contained in Paragraph 225 of the Complaint

11 as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

12 sufficient to form a belief as to the truth thereof.

13      226.    MTPD denies the allegations contained in Paragraph 226 of the Complaint

14 as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

15 sufficient to form a belief as to the truth thereof.

16      227.    MTPD denies the allegations contained in Paragraph 227 of the Complaint

17 as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

18 sufficient to form a belief as to the truth thereof.

19      228.    MTPD denies the allegations contained in Paragraph 228 of the Complaint

20 as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

21 sufficient to form a belief as to the truth thereof.

22      229.    MTPD denies the allegations contained in Paragraph 229 of the Complaint

23 as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

24 sufficient to form a belief as to the truth thereof.

25      230.    MTPD denies the allegations contained in Paragraph 230 of the Complaint

26 as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

27 sufficient to form a belief as to the truth thereof.

28      231.    MTPD denies the allegations contained in Paragraph 231 of the Complaint

as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

232. MTPD denies the allegations contained in Paragraph 232 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

233. MTPD denies the allegations contained in Paragraph 233 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## IX. "*AMERICAN PIPE*, GOVERNMENT ACTION, AND CROSS-JURISDICTIONAL TOLLING"

234. MTPD incorporates and realleges its responses to Paragraphs 177-183 above, as if fully set forth herein. The allegations contained in Paragraph 234 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required. To the extent that a response is required, MTPD denies the allegations contained in Paragraph 234 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

235. The allegations contained in Paragraph 235 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required. To the extent that a response is required, MTPD denies the allegations contained in Paragraph 235 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

236. The allegations contained in Paragraph 236 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required. To the extent that a response is required, MTPD denies the allegations contained in Paragraph 236 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## X. "CLAIM FOR VIOLATIONS"

### "First Claim for Relief"

29

**"(Violation of Section 1 of the Sherman Act)"**

237.    MTPD incorporates and realleges its responses to Paragraphs 1-236 above, as if fully set forth herein.

238.    The allegations contained in Paragraph 238 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 238 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

239.    MTPD denies the allegations contained in Paragraph 239 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

240.    MTPD denies the allegations contained in Paragraph 240 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

241.    MTPD denies the allegations contained in Paragraph 241 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

242.    MTPD denies the allegations contained in Paragraph 242 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

243.    MTPD denies the allegations contained in Paragraph 243 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Second Claim for Relief"**

**"(Violation of the Florida Deceptive and Unfair Trade Practices Act)"**

244.    MTPD incorporates and realleges its responses to Paragraphs 1-243 above, as if fully set forth herein.

245.    MTPD denies the allegations contained in Paragraph 245 of the Complaint

as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

246.    The allegations contained in Paragraph 246 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 246 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

247.    The allegations contained in Paragraph 247 of the Complaint constitute legal contentions and/or conclusions to which no responsive is required.  To the extent that a response is required, MTPD denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

248.    The allegations contained in Paragraph 248 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 248 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

249.    The allegations contained in Paragraph 249 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 249 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

250.    The allegations contained in Paragraph 250 of the Complaint include legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 250 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

251.    The allegations contained in Paragraph 251 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

31

1    that a response is required, MTPD denies the allegations contained in Paragraph 251 of the

2    Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or

3    information sufficient to form a belief as to the truth thereof.

**"Third Claim for Relief"**

**"(Violation of the California Cartwright Act)"**

6            252.    MTPD incorporates and realleges its responses to Paragraphs 1-251 above,

7    as if fully set forth herein.

8            253.    The allegations contained in Paragraph 253 of the Complaint include legal

9    contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

10   response is required, MTPD denies the allegations contained in Paragraph 253 of the Complaint

11   as they relate to MTPD, and denies the remaining allegations for lack of knowledge or

12   information sufficient to form a belief as to the truth thereof.

13           254.    MTPD denies the allegations contained in Paragraph 254 of the Complaint

14   as they relate to MTPD and denies the remaining allegations for lack of knowledge or information

15   sufficient to form a belief as to the truth thereof.

16           255.    The allegations contained in Paragraph 255 of the Complaint constitute

17   legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

18   that a response is required, MTPD denies the allegations contained in Paragraph 255 of the

19   Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or

20   information sufficient to form a belief as to the truth thereof.

21           256.    The allegations contained in Paragraph 256 of the Complaint constitute

22   legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

23   that a response is required, MTPD denies the allegations contained in Paragraph 256 of the

24   Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or

25   information sufficient to form a belief as to the truth thereof.

26           257.    MTPD denies the allegations contained in Paragraph 257 of the Complaint,

27   including its subparts, as they relate to MTPD and denies the remaining allegations for lack of

28   knowledge or information sufficient to form a belief as to the truth thereof.

258.     MTPD denies the allegations contained in Paragraph 258 of the Complaint, including its subparts, as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

259.     MTPD denies the allegations contained in Paragraph 259 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

260.     The allegations contained in Paragraph 260 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 260 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## "**Fourth Claim for Relief**"

### "**(Violation of California Unfair Competition Law)**"

261.     MTPD incorporates and realleges its responses to Paragraphs 1-260 above, as if fully set forth herein.

262.     The allegations contained in Paragraph 262 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 262 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

263.     The allegations contained in Paragraph 263 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 263 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

264.     The allegations contained in Paragraph 264 of the Complaint, including its subparts, constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in

33

Paragraph 264 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

265.   The allegations contained in Paragraph 265 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 265 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

266.   The allegations contained in Paragraph 266 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 266 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

267.   The allegations contained in Paragraph 267 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 267 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

268.   The allegations contained in Paragraph 268 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 268 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## XI.   **"PRAYER FOR RELIEF"**

MTPD denies that Plaintiff suffered any injury or incurred any damages by any action(s) or omission(s) of MTPD as alleged in the Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in each of the paragraphs and their subparts in the Complaint.

## XII.   "JURY TRIAL DEMAND"

The allegations contained under the heading "Jury Trial Demand" contain no factual assertions for which a response is required.  To the extent that a response is required, MTPD denies the allegations contained under the heading "Jury Trial Demand" in their entirety, except admits that Plaintiff demands a trial by jury.

## DEFENSES

FURTHER, MTPD asserts the following defenses and affirmative defenses to the Complaint.  MTPD does not concede that it has the burden of proof as to any of the defenses listed below:

## FIRST DEFENSE

### (Failure to State a Claim for Relief)

Neither Plaintiff's Complaint nor any claim for relief asserted therein states facts sufficient to constitute a claim for relief against MTPD.

## SECOND DEFENSE

### (Statute of Limitations)

The relief sought by Plaintiff is barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

### (Actual and Proximate Injury)

The relief sought by Plaintiff is barred, in whole or in part, because the Plaintiff was not actually and proximately injured in its business or property by reason of any action(s) or omission(s) of MTPD.

## FOURTH DEFENSE

### (No Damages)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent that Plaintiff purportedly suffered injury or damage, which MTPD specifically denies, MTPD

further contends that any such purported injury or damage was not by reason of any action(s) or omission(s) of MTPD.

### FIFTH DEFENSE

(No Antitrust Injury)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to allege "antitrust injury" – i.e., injury that is of the type the antitrust laws were intended to remedy.

### SIXTH DEFENSE

(Speculative Damages)

The relief sought by Plaintiff is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

### SEVENTH DEFENSE

(Mitigation)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to take appropriate and necessary steps to mitigate its alleged damages, if any.

### EIGHTH DEFENSE

(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to allege fraud or fraudulent concealment with sufficient particularity.

### NINTH DEFENSE

(Failure to Plead Conspiracy with Particularity)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has failed to allege conspiracy with sufficient particularity.

### TENTH DEFENSE

(Lack of Standing to Sue for Injuries Alleged)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff lacks standing to sue for the injuries alleged in the complaint.  To the extent that Plaintiff purchased

36

products containing CRTs, as opposed to CRTs themselves, its alleged injuries are even more speculative, derivative, indirect, and remote.  Plaintiff's damage claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

## ELEVENTH DEFENSE

### (Due Process)

To the extent Plaintiff's claims would result in MTPD paying damages to more than one claimant for the same alleged overcharges to customers, they are barred because such multiple liability would violate rights guaranteed to MTPD by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by applicable state law.

## TWELFTH DEFENSE

### (Other/Superseding Causation)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's damages, if any, resulted from the acts or omissions of third parties over whom MTPD had no control or responsibility.  The acts of such third parties constitute intervening or superseding cases of harm, if any, suffered by Plaintiff.

## THIRTEENTH DEFENSE

### (Waiver and Estoppel)

The relief sought by Plaintiff is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## FOURTEENTH DEFENSE

### (Laches)

The relief sought by Plaintiff is barred, in whole or in part, by the equitable doctrine of laches.

## FIFTEENTH DEFENSE

### (Unclean Hands)

DEFENDANT MTPD'S ANSWER TO OFFICE
DEPOT'S FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

1    The relief sought by Plaintiff is barred, in whole or in part, by the equitable

2  doctrine of unclean hands.

3  ### SIXTEENTH DEFENSE

4  (Unjust Enrichment)

5    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff would

6  be unjustly enriched if it were allowed to recover any part of the damages alleged in the

7  Complaint.

8  ### SEVENTEENTH DEFENSE

9  (Adequate Remedy at Law)

10    The equitable relief sought by Plaintiff is barred, in whole or in part, because

11  Plaintiff has available an adequate remedy at law.

12  ### EIGHTEENTH DEFENSE

13  (Comparative Fault)

14    The relief sought by Plaintiff is barred, in whole or in part, because any and all

15  injuries alleged in the Complaint, the fact and extent of which MTPD specifically denies, were

16  directly and proximately caused or contributed to by the statements, acts, and/or omissions of

17  Plaintiff and/or third parties or entities, other than MTPD.

18  ### NINETEENTH DEFENSE

19  (Acquiescence)

20    The relief sought by Plaintiff is barred, in whole or in part, by Plaintiff's

21  acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to MTPD.

22  ### TWENTIETH DEFENSE

23  (No Detrimental Reliance)

24    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff did

25  not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

26

27  ### TWENTY-FIRST DEFENSE

28  (Set Off)

38

1    Without admitting that Plaintiff is entitled to recover damages in this matter,

2    MTPD is entitled to set off from any recovery Plaintiff may obtain against MTPD, any amount

3    paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this

4    matter.

### TWENTY-SECOND DEFENSE

(Failure to State a Claim for Injunctive Relief)

7    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

8    failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that

9    have already transpired without the requisite showing of threatened harm or continuing harm.

### TWENTY-THIRD DEFENSE

(Lack of Jurisdiction)

12    The relief sought by Plaintiff is barred, in whole or in part, because any alleged

13    conduct of MTPD occurred outside of the jurisdiction of the Court.

### TWENTY-FOURTH DEFENSE

(Foreign Trade Antitrust Improvements Act)

16    The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has

17    failed to make a single specific allegation to support the claim that the alleged conduct had "a

18    direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman

19    Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C.

20    § 6a.

### TWENTY-FIFTH DEFENSE

(Foreign Conduct)

23    Plaintiff's claims are barred to the extent that they are based on conduct beyond the

24    territorial reach of the laws or courts of the United States.

### TWENTY-SIXTH DEFENSE

(Damages Not Passed Through to Plaintiff)

DEFENDANT MTPD'S ANSWER TO OFFICE                                      Case No. 07-5944 SC
DEPOT'S FIRST AMENDED COMPLAINT                                        MDL NO. 1917

1   The relief sought by Plaintiff is barred, in whole or in part, because any injury or

2   damage alleged in the Complaint was not incurred by or passed on to Plaintiff, or was incurred by

3   or passed on to persons or entities other than Plaintiff.

### TWENTY-SEVENTH DEFENSE

(Damages Passed On)

6   The relief sought by Plaintiff is barred, in whole or in part, because any injury or

7   damage alleged in the Complaint, which MTPD specifically denies, was passed on to persons or

8   entities other than the Plaintiff and/or was passed on by Plaintiff to other parties.

### TWENTY-EIGHTH DEFENSE

(No Unreasonable Restraint of Trade)

11   The relief sought by Plaintiff is barred, in whole or in part, because the alleged

12   conduct of MTPD did not unreasonably restrain trade.

### TWENTY-NINTH DEFENSE

(Acts Outside The Jurisdiction)

15   The relief sought by Plaintiff is barred, in whole or in part, to the extent MTPD's

16   alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor

17   affected persons, entities, or commerce in the various States cited.

### THIRTIETH DEFENSE

(Restitution Unmanageable and Inequitable)

20   The relief sought by Plaintiff is barred, in whole or in part, to the extent the

21   restitution sought in the Complaint is unmanageable and inequitable.

### THIRTY-FIRST DEFENSE

(Lack of Standing as Indirect Purchasers)

24   The relief sought by Plaintiff is barred, in whole or in part, to the extent the various

25   States cited have not repealed the *Illinois Brick* doctrine.

### THIRTY-SECOND DEFENSE

(Unjust Enrichment Claims Barred)

28

DEFENDANT MTPD'S ANSWER TO OFFICE                               Case No. 07-5944 SC
DEPOT'S FIRST AMENDED COMPLAINT                                 MDL NO. 1917

The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff has failed to exhaust all remedies against MTPD.

## THIRTY-THIRD DEFENSE

(Goods Not Purchased Primarily for Personal, Family, or Household Purposes)

The relief sought by Plaintiff is barred, in whole or in part, to the extent that Plaintiff did not purchase goods primarily for personal, family, or household purposes.

## THIRTY-FOURTH DEFENSE

(Independent, Legitimate Business and Economic Justification)

The relief sought by Plaintiff is barred, in whole or in part, because any conduct engaged in by MTPD was reasonable and based on independent, legitimate business and economic justification.

## THIRTY-FIFTH DEFENSE

(Private Claim Cannot Be Brought In a Representative Capacity)

The relief sought by Plaintiff is barred, in whole or in part, to the extent Plaintiff brings any claims in a representative capacity, to the extent a private claim may not be brought in a representative capacity under the laws of various states.

## THIRTY-SIXTH DEFENSE

(Lack of Sufficient Contacts to States)

The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff's claims lack sufficient contacts to the state under whose laws they are brought, in violation of rights guaranteed to MTPD by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by other applicable state and federal law.

## THIRTY-SEVENTH DEFENSE

(Attorneys' Fees)

Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is not allowed under applicable federal or state law.

41

## INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES

MTPD hereby incorporates by reference, as if set forth fully herein, all other defenses and affirmative defenses to the Complaint alleged by any other defendant.  MTPD presently has insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, defenses.  MTPD reserves the right to assert other defenses and affirmative defenses as this action proceeds, the right to file an amended answer asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event that discovery indicates that such pleadings are appropriate.

WHEREFORE, MTPD prays for judgment as follows:

1.      That Plaintiff take nothing under the Complaint, and the Complaint be dismissed with prejudice;

2.      That judgment be entered in favor of MTPD and against Plaintiff on each and every cause of action set forth in the Complaint;

3.      That MTPD recover its costs of suit and attorneys' fees incurred herein; and

4.      That MTPD be granted such other and further relief as the Court deems just and proper.


Dated: November 4, 2013                   By:   /s/ Jeffrey L. Kessler
                                          JEFFREY L. KESSLER (*pro hac vice*)
                                          Email: jkessler@winston.com
                                          A. PAUL VICTOR (*pro hac vice*)
                                          Email: pvictor@winston.com
                                          ALDO A. BADINI (257086)
                                          Email: abadini@winston.com
                                          EVA W. COLE (*pro hac vice*)
                                          Email: ewcole@winston.com
                                          MOLLY M. DONOVAN (*pro hac vice*)
                                          Email: mmdonovan@winston.com
                                          **WINSTON & STRAWN LLP**
                                          200 Park Avenue
                                          New York, New York 10166-4193
                                          Telephone: (212) 294-4692
                                          Facsimile: (212) 294-4700

1

2
STEVEN A. REISS (*pro hac vice*)
E-mail: steven.reiss@weil.com

3
DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com

4
ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com

5
DAVID E. YOLKUT (*pro hac vice*)
E-mail: david.yolkut@weil.com

6
**WEIL, GOTSHAL & MANGES LLP**

7
767 Fifth Avenue
New York, New York 10153-0119

8
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

9

10
GREGORY D. HULL (57367)
E-mail: greg.hull@weil.com

11
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway

12
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000

13
Facsimile: (650) 802-3100

14
***Attorneys for Defendant MT Picture Display Co.,***

15
***Ltd.***

16

17

18

19

20

21

22

23

24

25

26

27

28

43

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

On November 4, 2013, I caused a copy of "DEFENDANT MT PICTURE DISPLAY CO., LTD.'S ANSWER TO OFFICE DEPOT'S FIRST AMENDED COMPLAINT" to be served via ECF on the other parties in this action.

By:   _/s/ Jeffrey L. Kessler_
      Jeffrey L. Kessler (*pro hac vice*)