JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendant Panasonic Corporation of North America*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>ELECTROGRAPH ACTION<br>11-CV-01656 SC | **Case No. 07-5944 SC**<br>**MDL No. 1917**<br><br>**DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER TO THE ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendant PANASONIC CORPORATION OF NORTH AMERICA ("PNA"), by and through its attorneys, answers the allegations set forth in the Second Amended Complaint (the "Complaint") filed by plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corporation ("Plaintiffs"), and alleges additional or affirmative defenses as follows.  To the extent not specifically admitted herein, all allegations of the Complaint are denied.  Furthermore, the section headings included herein are included only for purposes of clarity and organization, and PNA does not admit, but rather hereby specifically denies, any factual or legal allegations in the headings used in the Complaint.

## I.    "INTRODUCTION"

1.     PNA denies the allegations contained in Paragraph 1 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

2.     The allegations in Paragraph 2 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA denies all of the allegations, except admits that color display tubes ("CDTs") can be used in computer monitors and certain other specialized applications, admits that color picture tubes ("CPTs") can be used in televisions, admits that CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various times certain affiliates of PNA manufactured some CRTs and some products containing CRTs.

3.     PNA denies the allegations contained in Paragraph 3 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4.     PNA denies the allegations contained in Paragraph 4 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

5.     PNA denies the allegations contained in Paragraph 5 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient

to form a belief as to the truth thereof.

6.     PNA denies the allegations contained in Paragraph 6 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7.     PNA denies the allegations contained in Paragraph 7 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8.     PNA denies the allegations contained in Paragraph 8 of the Complaint, except admits that an alleged conspiracy concerning cathode ray tubes ("CRTs") is or was being investigated by the United States Department of Justice ("DOJ"), and by certain other international competition authorities, and that it has been publicly reported that individuals have been indicted in connection with the DOJ investigation.

9.     PNA denies the allegations contained in Paragraph 9 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that PNA has sold some products containing CRTs to Electrograph Systems, Inc.

## II.     "JURISDICTION AND VENUE"

10.     PNA denies the allegations contained in Paragraph 10 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the federal statutes identified therein and seek the relief sought therein.

11.     PNA denies the allegations contained in Paragraph 11 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the state statutes identified therein and seek the relief sought therein.

12.     PNA denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the state statutes identified therein and seek the relief sought therein.

13.     The allegations contained in Paragraph 13 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

response is required, PNA denies the allegations contained in Paragraph 13 of the Complaint, except admits that Plaintiffs purport to base subject matter jurisdiction on the federal and state statutes identified therein.

14. PNA denies the allegations contained in Paragraph 14 of the Complaint as they relate to PNA, except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15. PNA denies the allegations contained in Paragraph 15 of the Complaint as they relate to PNA, except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16. The allegations of Paragraph 16 of the Complaint regarding jurisdiction constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17. The allegations of Paragraph 17 of the Complaint regarding venue constitute legal contentions and/or conclusions to which no response is required.  Further the allegations of Paragraph 17 of the Complaint are moot because this matter is no longer in the Eastern District of New York.  To the extent that a response is required, PNA denies the allegations as they relate to PNA except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## III.   "PARTIES"

### A.   "Plaintiffs"

18. PNA denies the allegations contained in Paragraph 18 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19.     PNA denies the allegations contained in Paragraph 19 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20.     PNA denies the allegations contained in Paragraph 20 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that PNA has sold some products containing CRTs to Electrograph Systems, Inc.

**B.**     **"Plaintiffs' Corporate History"**

21.     PNA denies the allegations contained in Paragraph 21 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22.     PNA denies the allegations contained in Paragraph 22 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that PNA has sold some products containing CRTs to Electrograph Systems, Inc.

23.     PNA denies the allegations contained in Paragraph 23 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24.     PNA denies the allegations contained in Paragraph 24 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25.     PNA denies the allegations contained in Paragraph 25 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26.     PNA denies the allegations contained in Paragraph 26 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

27.     PNA denies the allegations contained in Paragraph 27 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28.     PNA denies the allegations contained in Paragraph 28 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

29.     PNA denies the allegations contained in Paragraph 29 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

30.     PNA denies the allegations contained in Paragraph 30 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

31.     PNA denies the allegations contained in Paragraph 31 of the Complaint in

their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

32.      PNA denies the allegations contained in Paragraph 32 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33.      PNA denies the allegations contained in Paragraph 33 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

C.      "**Defendants**"

1.      "**Hitachi Entities**"

34.      PNA denies the allegations contained in Paragraph 34 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

35.      PNA denies the allegations contained in Paragraph 35 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

36.      PNA denies the allegations contained in Paragraph 36 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

37.      PNA denies the allegations contained in Paragraph 37 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

38.      PNA denies the allegations contained in Paragraph 38 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

39.      PNA denies the allegations contained in Paragraph 39 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

40.      PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 40 of the Complaint collectively as "Hitachi."

2.      "**IRICO Entities**"

41.      PNA denies the allegations contained in Paragraph 41 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

42.      PNA denies the allegations contained in Paragraph 42 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

43.      PNA denies the allegations contained in Paragraph 43 of the Complaint in

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER                   Case No. 07-5944 SC
TO THE ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT                   MDL NO. 1917

their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

44.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 44 of the Complaint collectively as "IRICO."

**3.     "LG Electronics Entities"**

45.     PNA denies the allegations contained in Paragraph 45 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

46.     PNA denies the allegations contained in Paragraph 46 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

47.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 47 of the Complaint collectively as "LG Electronics."

**4.     "LP Displays"**

48.     PNA denies the allegations contained in Paragraph 48 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**5.     "Panasonic Entities"**

49.     PNA denies the allegations contained in Paragraph 49 of the Complaint in their entirety, except admits that Panasonic Corporation is a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 49, and that it was known as Matsushita Electric Industrial Co., Ltd. ("MEI") prior to October 1, 2008.  PNA further admits that certain affiliates of Panasonic Corporation sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period.

50.     PNA denies the allegations contained in Paragraph 50 of the Complaint in their entirety, except admits that PNA is a Delaware corporation with its principal place of business formerly located at the address listed in Paragraph 50.  PNA avers that its principal place of business is now located at Two Riverfront Plaza, Newark, New Jersey, 07102.  PNA further admits that PNA is a wholly-owned subsidiary of Panasonic Corporation.  PNA further admits that it or certain of its affiliates sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period.

51.     PNA admits that Plaintiffs purport to refer to the entities identified in

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER                    Case No. 07-5944 SC
TO THE ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT                    MDL NO. 1917

1    Paragraph 51 of the Complaint collectively as "Panasonic."

2    52.    PNA denies the allegations contained in Paragraph 52 of the Complaint in

3    their entirety, except admits that MT Picture Display Co., Ltd., f/k/a/ Matsushita Toshiba Picture

4    Display Co., Ltd. ("MTPD") is a Japanese entity with an office in Osaka, Japan at the address listed

5    in Paragraph 52.   PNA further admits that MTPD was established as a joint venture between

6    Panasonic Corporation and Toshiba Corporation ("Toshiba"), but avers that MTPD was formed in

7    2003, not 2002.  PNA further admits that Panasonic Corporation held 64.5% of MTPD at the time

8    when MTPD was formed in 2003.   PNA further admits that Panasonic Corporation acquired

9    Toshiba's 35.5% interest in MTPD on March 30, 2007, that MTPD became a wholly-owned

10   subsidiary of Panasonic Corporation, and that MTPD was renamed.  PNA further admits that certain

11   affiliates of MTPD sold some CRTs or products containing CRTs in the United States at various

12   times during the purported Relevant Period.

13   53.    PNA denies the allegations contained in Paragraph 53 of the Complaint for

14   lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

15   that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is a Chinese entity with its

16   headquarters in Beijing, China at the address listed in Paragraph 53.  PNA further admits that

17   BMCC is a joint venture formed in 1987, and further admits that MTPD at one time had a 50%

18   equity ownership interest in BMCC.

19   **6.    "<u>Philips Entities</u>"**

20   54.    PNA denies the allegations contained in Paragraph 54 of the Complaint in

21   their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22   55.    PNA denies the allegations contained in Paragraph 55 of the Complaint in

23   their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24   56.    PNA denies the allegations contained in Paragraph 56 of the Complaint in

25   their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26   57.    PNA denies the allegations contained in Paragraph 57 of the Complaint in

27   their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28   58.    PNA admits that Plaintiffs purport to refer to the entities identified in

7

1   Paragraph 58 of the Complaint collectively as "Philips."

2   **7.   "Samsung Entities"**

3   59.   PNA denies the allegations contained in Paragraph 59 of the Complaint in
4   their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

5   60.   PNA denies the allegations contained in Paragraph 60 of the Complaint in
6   their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7   61.   PNA denies the allegations contained in Paragraph 61 of the Complaint in
8   their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

9   62.   PNA denies the allegations contained in Paragraph 62 of the Complaint in
10  their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

11  63.   PNA denies the allegations contained in Paragraph 63 of the Complaint in
12  their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

13  64.   PNA denies the allegations contained in Paragraph 64 of the Complaint in
14  their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15  65.   PNA denies the allegations contained in Paragraph 65 of the Complaint in
16  their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17  66.   PNA admits that Plaintiffs purport to refer to the entities identified in
18  Paragraph 66 of the Complaint collectively as "Samsung."

19  **8.   "Samtel"**

20  67.   PNA denies the allegations contained in Paragraph 67 of the Complaint in
21  their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22  **9.   "Thai CRT"**

23  68.   PNA denies the allegations contained in Paragraph 68 of the Complaint in
24  their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25  **10.   "Toshiba Entities"**

26  69.   PNA denies the allegations contained in Paragraph 69 of the Complaint for
27  lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits
28  that Panasonic Corporation entered into a joint venture with Toshiba Corporation ("Toshiba") to

8

1    form MTPD, but avers that MTPD was formed in 2003, not 2002.

2          70.    PNA denies the allegations contained in Paragraph 70 of the Complaint in
3    their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4          71.    PNA denies the allegations contained in Paragraph 71 of the Complaint in
5    their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

6          72.    PNA denies the allegations contained in Paragraph 72 of the Complaint in
7    their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8          73.    PNA denies the allegations contained in Paragraph 73 of the Complaint in
9    their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

10          74.    PNA admits that Plaintiffs purport to refer to the entities identified in
11   Paragraph 74 of the Complaint collectively as "Toshiba."

12   **IV.    "AGENTS AND CO-CONSPIRATORS"**

13          75.    PNA denies the allegations contained in Paragraph 75 of the Complaint as
14   they relate to PNA and denies the remaining allegations for lack of knowledge or information
15   sufficient to form a belief as to the truth thereof.

16          76.    PNA denies the allegations contained in Paragraph 76 of the Complaint as
17   they relate to PNA and denies the remaining allegations for lack of knowledge or information
18   sufficient to form a belief as to the truth thereof.

19          77.    The allegations contained in Paragraph 77 of the Complaint constitute legal
20   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a
21   response is required, PNA denies the allegations for lack of knowledge or information sufficient to
22   form a belief as to the truth thereof.  PNA avers that the entity formerly known as Matsushita
23   Electronic Corporation (Malaysia) Sdn. Bhd. ("Matsushita Malaysia") was dissolved on October 8,
24   2007.

25          78.    PNA denies the allegations contained in Paragraph 78 of the Complaint in
26   their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

27          79.    PNA admits that Plaintiffs purport to refer to the entities identified in
28

Paragraph 79 of the Complaint collectively as "Daewoo."

80.    PNA denies the allegations contained in Paragraph 80 of the Complaint in their entirety, except admits that Matsushita Malaysia was a Malaysian entity that had an office located at the address listed in Paragraph 75 in Shah Alam, Malaysia, and was a direct subsidiary of Panasonic Corporation from 2001 until 2003, operating as Matsushita Display Devices (Malaysia) Sdn. Bhd.   PNA further admits that Matsushita Malaysia was transferred to MTPD in 2003, renamed as MT Picture Display (Malaysia) Sdn. Bhd., and operated as a wholly-owned subsidiary of MTPD.   PNA avers that the entity formerly known as Matsushita Malaysia was dissolved on October 8, 2007.

81.    PNA denies the allegations contained in Paragraph 81 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred to MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia.   PNA further avers that PT.MT Picture Display Indonesia discontinued its production on September 13, 2007, and was dissolved on September 28, 2007.

82.    PNA denies the allegations contained in Paragraph 82 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was transferred to MTPD in 2003 and changed its name to MT Picture Display (Thailand) Co., Ltd. ("MTPDT"), but denies that MTPDT was a wholly-owned subsidiary of MTPD.   PNA further avers that MTPDT passed a resolution of dissolution on May 13, 2009, and is now dissolved.

83.    PNA denies the allegations contained in Paragraph 83 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## V.    "TRADE AND COMMERCE"

84.    PNA denies the allegations contained in Paragraph 84 of the Complaint as they relate to PNA, except admits that it or certain of its affiliates sold some CRTs or products

containing CRTs in the United States at various times during the purported Relevant Period, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

85.     PNA denies the allegations contained in Paragraph 85 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

86.     PNA denies the allegations contained in Paragraph 86 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VII.   "FACTUAL ALLEGATIONS"

### A.     "CRT Technology"

87.     The allegations in Paragraph 87 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that the CRT is a specialized vacuum tube in which images are produced when an electron beam strikes a phosphorescent surface, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

88.     The allegations in Paragraph 88 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that CRT technology was used in making tubes for televisions in the 1990's, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

89.     The allegations in Paragraph 89 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that a lower quality CRT produces a poor display, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

90.     The allegations in Paragraph 90 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that CRT production was refined over time, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

91.     The allegations in Paragraph 91 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that CDTs and CPTs are types of CRTs, admits that CDTs can be used in computer monitors and certain other specialized applications, and admits that CPTs can be used in televisions, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

92.     The allegations in Paragraph 92 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 92 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

93.     The allegations of Paragraph 93 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 93 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

94.     PNA denies the allegations contained in Paragraph 94 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

95.     PNA denies the allegations contained in Paragraph 95 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

96.     PNA denies the allegations contained in Paragraph 96 of the Complaint.

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER          Case No. 07-5944 SC
TO THE ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT          MDL NO. 1917

**B.**     "**Structure of the CRT Industry**"

97.     PNA denies the allegations contained in Paragraph 97 of the Complaint.

**1.**     "**Market Concentration**"

98.     PNA denies the allegations contained in the second sentence of Paragraph 98 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

**2.**     "**Information Sharing**"

99.     PNA denies the allegations contained in Paragraph 99 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

100.     PNA denies the allegations contained in Paragraph 100 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**3.**     "**Consolidation**"

101.     PNA denies the allegations contained in Paragraph 101 of the Complaint as they relate to PNA, except admits that a merger between Toshiba's and Panasonic Corporation's CRT businesses resulted in the creation of MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  PNA avers that MTPD was created in 2003, not 2002.

**4.**     "**Multiple Interrelated Business Relationships**"

102.     PNA denies the allegations contained in Paragraph 102 of the Complaint.

103.     PNA denies the allegations contained in Paragraph 103, including its subparts, for lack of knowledge or information sufficient to form a belief as to the truth thereof, with the exception that Toshiba and Panasonic Corporation formed a CRT joint venture, MTPD, in 2003, and that Toshiba and Panasonic Corporation formed a joint venture to manufacture TFT-LCD panels.

**5.**     "**High Costs of Entry Into the Industry**"

104.     PNA denies the allegations contained in Paragraph 104 of the Complaint in

1    their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

2    105.    PNA denies the allegations contained in the first sentence of Paragraph 105

3    of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth

4    thereof, and denies the remaining allegations in their entirety.

5    **6.    "The Maturity of the CRT Product Market"**

6    106.    PNA denies the allegations contained in Paragraph 106 of the Complaint in

7    their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

8    except admits that the CRT market is mature.

9    107.    PNA denies the allegations contained in Paragraph 107 of the Complaint as

10   they relate to PNA and denies the remaining allegations for lack of knowledge or information

11   sufficient to form a belief as to the truth thereof.

12   108.    PNA denies the allegations contained in Paragraph 108 of the Complaint as

13   they relate to PNA and denies the remaining allegations for lack of knowledge or information

14   sufficient to form a belief as to the truth thereof.

15   109.    PNA denies the allegations contained in Paragraph 109 of the Complaint as

16   they relate to PNA and denies the remaining allegations for lack of knowledge or information

17   sufficient to form a belief as to the truth thereof.

18   110.    PNA denies the allegations contained in Paragraph 110 of the Complaint in

19   their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20   111.    PNA denies the allegations contained in Paragraph 111 of the Complaint in

21   their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22   **7.    "Homogeneity of CRT Products"**

23   112.    PNA denies the allegations contained in Paragraph 112 of the Complaint.

24   113.    PNA denies the allegations contained in Paragraph 113 of the Complaint.

25   **C.    "Pre-Conspiracy Market"**

26   114.    PNA denies the allegations contained in Paragraph 114 of the Complaint as

27   they relate to PNA and denies the remaining allegations for lack of knowledge or information

28

14

sufficient to form a belief as to the truth thereof.

115.    PNA denies the allegations contained in Paragraph 115 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**D.    "Defendants' and Co-Conspirators' Illegal Agreements"**

116.    PNA denies the allegations contained in Paragraph 116 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

117.    PNA denies the allegations contained in Paragraph 117 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

118.    PNA denies the allegations contained in Paragraph 118 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

119.    PNA denies the allegations contained in Paragraph 119 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

120.    PNA denies the allegations contained in Paragraph 120 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**1.    "Glass Meetings"**

121.    PNA denies the allegations contained in Paragraph 121 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

122.    PNA denies the allegations contained in Paragraph 122 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

123.    PNA denies the allegations contained in Paragraph 123 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

sufficient to form a belief as to the truth thereof.

124.    PNA denies the allegations contained in Paragraph 124 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

125.    PNA denies the allegations contained in Paragraph 125 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

126.    PNA denies the allegations contained in Paragraph 126 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

127.    PNA denies the allegations contained in Paragraph 127 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

128.    PNA denies the allegations contained in Paragraph 128 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

129.    PNA denies the allegations contained in Paragraph 129 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

130.    PNA denies the allegations contained in Paragraph 130 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

131.    PNA denies the allegations contained in Paragraph 131 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

132.    PNA denies the allegations contained in Paragraph 132 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

133.    PNA denies the allegations contained in Paragraph 133 of the Complaint,

16

including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

134.    PNA denies the allegations contained in Paragraph 134 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

135.    PNA denies the allegations contained in Paragraph 135 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## 2.    "Bilateral Discussions"

136.    PNA denies the allegations contained in Paragraph 136 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

137.    PNA denies the allegations contained in Paragraph 137 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

138.    PNA denies the allegations contained in Paragraph 138 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

139.    PNA denies the allegations contained in Paragraph 139 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

140.    PNA denies the allegations contained in Paragraph 140 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

141.    PNA denies the allegations contained in Paragraph 141 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## 3.    "Defendants' and Co-Conspirators' Participation in Group and Bilateral Discussions"

142.    PNA denies the allegations contained in Paragraph 142 of the Complaint as

17

1   they relate to PNA and denies the remaining allegations for lack of knowledge or information

2   sufficient to form a belief as to the truth thereof.

3          143.    PNA denies the allegations contained in Paragraph 143 of the Complaint as

4   they relate to PNA and denies the remaining allegations for lack of knowledge or information

5   sufficient to form a belief as to the truth thereof.

6          144.    PNA denies the allegations contained in Paragraph 144 of the Complaint as

7   they relate to PNA and denies the remaining allegations for lack of knowledge or information

8   sufficient to form a belief as to the truth thereof.

9          145.    PNA denies the allegations contained in Paragraph 145 of the Complaint as

10  they relate to PNA and denies the remaining allegations for lack of knowledge or information

11  sufficient to form a belief as to the truth thereof.

12         146.    PNA denies the allegations contained in Paragraph 146 of the Complaint as

13  they relate to PNA and denies the remaining allegations for lack of knowledge or information

14  sufficient to form a belief as to the truth thereof.

15         147.    PNA denies the allegations contained in Paragraph 147 of the Complaint as

16  they relate to PNA and denies the remaining allegations for lack of knowledge or information

17  sufficient to form a belief as to the truth thereof.

18         148.    PNA denies the allegations contained in Paragraph 148 of the Complaint.

19         149.    PNA denies the allegations contained in Paragraph 149 of the Complaint.

20         150.    PNA denies the allegations contained in Paragraph 150 of the Complaint.

21         151.    PNA denies the allegations contained in Paragraph 151 of the Complaint as

22  they relate to PNA and denies the remaining allegations for lack of knowledge or information

23  sufficient to form a belief as to the truth thereof.

24         152.    PNA denies the allegations contained in Paragraph 152 of the Complaint as

25  they relate to PNA and denies the remaining allegations for lack of knowledge or information

26  sufficient to form a belief as to the truth thereof.

27         153.    PNA denies the allegations contained in Paragraph 153 of the Complaint as

28  they relate to PNA and denies the remaining allegations for lack of knowledge or information

1    sufficient to form a belief as to the truth thereof.

2              154.    PNA denies the allegations contained in Paragraph 154 of the Complaint as

3    they relate to PNA and denies the remaining allegations for lack of knowledge or information

4    sufficient to form a belief as to the truth thereof.

5              155.    PNA denies the allegations contained in Paragraph 155 of the Complaint as

6    they relate to PNA and denies the remaining allegations for lack of knowledge or information

7    sufficient to form a belief as to the truth thereof.

8              156.    PNA denies the allegations contained in Paragraph 156 of the Complaint as

9    they relate to PNA and denies the remaining allegations for lack of knowledge or information

10   sufficient to form a belief as to the truth thereof.

11             157.    PNA denies the allegations contained in Paragraph 157 of the Complaint as

12   they relate to PNA and denies the remaining allegations for lack of knowledge or information

13   sufficient to form a belief as to the truth thereof.

14             158.    PNA denies the allegations contained in Paragraph 158 of the Complaint as

15   they relate to PNA and denies the remaining allegations for lack of knowledge or information

16   sufficient to form a belief as to the truth thereof.

17             159.    PNA denies the allegations contained in Paragraph 159 of the Complaint as

18   they relate to PNA and denies the remaining allegations for lack of knowledge or information

19   sufficient to form a belief as to the truth thereof.

20             160.    PNA denies the allegations contained in Paragraph 160 of the Complaint as

21   they relate to PNA and denies the remaining allegations for lack of knowledge or information

22   sufficient to form a belief as to the truth thereof.

23             161.    PNA denies the allegations contained in Paragraph 161 of the Complaint as

24   they relate to PNA and denies the remaining allegations for lack of knowledge or information

25   sufficient to form a belief as to the truth thereof.

26        E.    "**The CRT Market During the Conspiracy**"

27             162.    PNA denies the allegations contained in Paragraph 162 of the Complaint in

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER          Case No. 07-5944 SC
TO THE ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT           MDL NO. 1917

their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

163.    PNA denies the allegations contained in Paragraph 163 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

164.    PNA denies the allegations contained in Paragraph 164 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

165.    PNA denies the allegations contained in Paragraph 165 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

166.    PNA denies the allegations contained in Paragraph 166 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

167.    PNA denies the allegations contained in Paragraph 167 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

168.    PNA denies the allegations contained in Paragraph 168 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

169.    PNA denies the allegations contained in Paragraph 169 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

170.    PNA denies the allegations contained in Paragraph 170 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

171.    PNA denies the allegations contained in Paragraph 171 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

172.    PNA denies the allegations contained in Paragraph 172 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

173.    PNA denies the allegations contained in Paragraph 173 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

174.    PNA denies the allegations contained in Paragraph 174 of the Complaint in

their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

175.    PNA denies the allegations contained in Paragraph 175 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**F.      "Internationl Government Antitrust Investigations"**

176.    PNA denies the allegations contained in Paragraph 176 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

177.    PNA denies the allegations contained in Paragraph 177 for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around November 8, 2007, certain offices of Panasonic-affiliated entities were the subject of investigation by antitrust authorities.

178.    PNA admits that MTPD's offices were visited by Japan's Fair Trade Commission.

179.    PNA denies the allegations contained in Paragraph 179 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

180.    PNA denies the allegations contained in Paragraph 180 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

181.    PNA denies the allegations contained in Paragraph 181 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

182.    PNA denies the allegations contained in Paragraph 182 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

183.    PNA denies the allegations contained in Paragraph 183 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

184.    PNA denies the allegations contained in Paragraph 184 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around May 6, 2008, the Hungarian Competition Authority issued a press release concerning its initiation of a competition supervision proceeding in connection with an alleged conspiracy in the Hungarian market involving CRTs and respectfully refers the Court to that

1   document for a review of its contents.

2            185.   PNA denies the allegations contained in Paragraph 185 of the Complaint in

3   their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

4   except admits that on or around February 10, 2009, the DOJ issued a press release concerning the

5   indictment of an executive of Chunghwa Picture Tubes, Ltd., and respectfully refers the Court to

6   that document for a review of its contents.

7            186.   PNA denies the allegations contained in Paragraph 186 of the Complaint in

8   their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

9   except admits that on or around August 19, 2009, the DOJ issued a press release concerning the

10  indictment of a CDT industry executive and respectfully refers the Court to that document for a

11  review of its contents.

12           187.   PNA denies the allegations contained in Paragraph 187 of the Complaint in

13  their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

14  except admits that on or around March 30, 2010, the DOJ issued a press release concerning the

15  indictment of a CDT industry executive and respectfully refers the Court to that document for a

16  review of its contents.

17           188.   PNA denies the allegations contained in Paragraph 188 of the Complaint in

18  their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

19  except admits that on or around November 9, 2010, the DOJ issued a press release concerning the

20  indictment of a CDT industry executive and respectfully refers the Court to that document for a

21  review of its contents.

22           189.   PNA denies the allegations contained in Paragraph 189 of the Complaint in

23  their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

24  except admits that on or around March 18, 2011, the DOJ issued a press release concerning a plea

25  agreement entered into by a CDT industry participant and respectfully refers the Court to that

26  document for a review of its contents.

27           190.   PNA denies the allegations contained in Paragraph 190 of the Complaint as

28  they relate to PNA and denies the remaining allegations for lack of knowledge or information

1  sufficient to form a belief as to the truth thereof.

2       191.    PNA denies the allegations contained in Paragraph 191 of the Complaint in

3  their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4       192.    PNA denies the allegations contained in Paragraph 192 of the Complaint in

5  their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

6  except admits that on or around December 5, 2012, the European Commission issued an

7  announcement of certain fines relating to the CRT industry and respectfully refers the Court to that

8  document for a review of its contents.

9       193.    PNA denies the allegations contained in Paragraph 193 of the Complaint as

10  they relate to PNA and denies the remaining allegations for lack of knowledge or information

11  sufficient to form a belief as to the truth thereof.

12       194.    PNA denies the allegations contained in Paragraph 194 of the Complaint as

13  they relate to PNA and denies the remaining allegations for lack of knowledge or information

14  sufficient to form a belief as to the truth thereof.

15       195.    PNA denies the allegations contained in Paragraph 195 of the Complaint in

16  their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17       196.    PNA denies the allegations contained in Paragraph 196 of the Complaint,

18  except admits that an alleged conspiracy concerning the TFT-LCD market is or was being

19  investigated by the DOJ, and by certain other international competition authorities, and that this

20  investigation was revealed on or around December 2006.  PNA further avers that it is not a subject

21  of these investigations.

22       197.    PNA denies the allegations contained in Paragraph 197 of the Complaint in

23  their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24       198.    PNA denies the allegations contained in Paragraph 198 of the Complaint in

25  their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26       199.    PNA denies the allegations contained in Paragraph 199 of the Complaint in

27  their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28       200.    PNA denies the allegations contained in Paragraph 200 of the Complaint in

their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**G.     "The Role of Trade Associations During the Relevant Period"**

201.    PNA denies the allegations contained in Paragraph 201 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

202.    PNA denies the allegations contained in Paragraph 202 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

203.    PNA denies the allegations contained in Paragraph 203 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

204.    PNA denies the allegations contained in Paragraph 204 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

205.    PNA denies the allegations contained in Paragraph 205 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**H.     "Effects of Defendants' Antitrust Violations"**

**1.     "Examples of Reductions in Manufacturing Capacity by Defendants"**

206.    The allegations in Paragraph 206 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.   To the extent that a response is required, PNA denies the allegations contained in Paragraph 206 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

207.    PNA denies the allegations contained in Paragraph 207 of the Complaint, except admits that MTPD's subsidiary in New York ceased operations in December 2004, and admits that a press release contained the phrases quoted in Paragraph 207 of the Complaint.

208.    PNA denies the allegations contained in Paragraph 208 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

209.    PNA denies the allegations contained in Paragraph 209 of the Complaint in

their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except avers that it was announced on November 30, 2005, not in December 2005, that MTPD's American subsidiary in Ohio and German subsidiary would discontinue operations.

210. PNA denies the allegations contained in Paragraph 210 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

211. PNA denies the allegations contained in Paragraph 211 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the closure of Matsushita Malaysia was announced in July 2006.

### 2. "Examples of Collusive Pricing for CRT Products"

212. PNA denies the allegations contained in Paragraph 212 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

213. PNA denies the allegations contained in Paragraph 213 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

214. PNA denies the allegations contained in Paragraph 214 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

215. PNA denies the allegations contained in Paragraph 215 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

216. PNA denies the allegations contained in Paragraph 216 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

217. PNA denies the allegations contained in Paragraph 217 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

218. PNA denies the allegations contained in Paragraph 218 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

219. PNA denies the allegations contained in Paragraph 219 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1    220.    PNA denies the allegations contained in Paragraph 220 of the Complaint in

2    their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

3    221.    PNA denies the allegations contained in Paragraph 221 of the Complaint as

4    they relate to PNA and denies the remaining allegations for lack of knowledge or information

5    sufficient to form a belief as to the truth thereof.

6    **H.    "Summary Of Effects Of The Conspiracy Involving CRT Products"**

7    222.    PNA denies the allegations contained in Paragraph 222 of the Complaint,

8    including its subparts, as they relate to PNA, and denies the remaining allegations for lack of

9    knowledge or information sufficient to form a belief as to the truth thereof.

10   **VII.   "PLAINTIFFS' INJURIES"**

11   223.    PNA denies the allegations contained in Paragraph 223 of the Complaint as

12   they relate to PNA and denies the remaining allegations for lack of knowledge or information

13   sufficient to form a belief as to the truth thereof.

14   224.    PNA denies the allegations contained in Paragraph 224 of the Complaint as

15   they relate to PNA and denies the remaining allegations for lack of knowledge or information

16   sufficient to form a belief as to the truth thereof.

17   225.    The allegations of Paragraph 225 of the Complaint constitute legal

18   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

19   response is required, PNA denies the allegations as they relate to PNA and denies the remaining

20   allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

21   226.    PNA denies the allegations contained in Paragraph 226 of the Complaint as

22   they relate to PNA and denies the remaining allegations for lack of knowledge or information

23   sufficient to form a belief as to the truth thereof.

24   227.    The allegations of Paragraph 227 of the Complaint constitute legal

25   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

26   response is required, PNA denies the allegations contained in Paragraph 227 of the Complaint in

27   their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER          Case No. 07-5944 SC
TO THE ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT           MDL NO. 1917

228.    PNA denies the allegations contained in Paragraph 228 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

229.    PNA denies the allegations contained in Paragraph 229 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VIII.   "FRAUDULENT CONCEALMENT"

230.    PNA denies the allegations contained in Paragraph 230 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

231.    PNA denies the allegations contained in Paragraph 231 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

232.    PNA denies the allegations contained in Paragraph 232 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

233.    PNA denies the allegations contained in Paragraph 233 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

234.    PNA denies the allegations contained in Paragraph 234 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

235.    PNA denies the allegations contained in Paragraph 235 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

236.    PNA denies the allegations contained in Paragraph 236 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

1   sufficient to form a belief as to the truth thereof.

2          237.   PNA denies the allegations contained in Paragraph 237 of the Complaint as

3   they relate to PNA and denies the remaining allegations for lack of knowledge or information

4   sufficient to form a belief as to the truth thereof.

5          238.   PNA denies the allegations contained in Paragraph 238 of the Complaint as

6   they relate to PNA and denies the remaining allegations for lack of knowledge or information

7   sufficient to form a belief as to the truth thereof.

8          239.   PNA denies the allegations contained in Paragraph 239 of the Complaint as

9   they relate to PNA and denies the remaining allegations for lack of knowledge or information

10  sufficient to form a belief as to the truth thereof.

11          240.   PNA denies the allegations contained in Paragraph 240 of the Complaint as

12  they relate to PNA and denies the remaining allegations for lack of knowledge or information

13  sufficient to form a belief as to the truth thereof.

14          241.   PNA denies the allegations contained in Paragraph 241 of the Complaint as

15  they relate to PNA and denies the remaining allegations for lack of knowledge or information

16  sufficient to form a belief as to the truth thereof.

17          242.   PNA denies the allegations in Paragraph 242 of the Complaint as they relate

18  to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to

19  form a belief as to the truth thereof.

20  IX.   "*AMERICAN PIPE*, GOVERNMENT ACTION, AND CROSS-JURISDICTIONAL

21  TOLLING"

22          243.   PNA incorporates and realleges its responses to Paragraphs 185-191 above,

23  as if fully set forth herein.  The allegations contained in Paragraph 243 of the Complaint constitute

24  legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that

25  a response is required, PNA denies the allegations contained in Paragraph 243 of the Complaint as

26  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

27  sufficient to form a belief as to the truth thereof.

28          244.   The allegations contained in Paragraph 244 of the Complaint constitute legal

1   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

2   response is required, PNA denies the allegations contained in Paragraph 244 of the Complaint as

3   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

4   sufficient to form a belief as to the truth thereof.

5           245.    The allegations contained in Paragraph 245 of the Complaint constitute legal

6   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

7   response is required, PNA denies the allegations contained in Paragraph 245 of the Complaint as

8   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

9   sufficient to form a belief as to the truth thereof.

10  **X.      "CLAIM FOR VIOLATIONS"**

11                          **"First Claim for Relief**

12                  **(Violation of Section 1 of the Sherman Act)"**

13          246.    PNA incorporates and realleges its responses to Paragraphs 1-245 above, as if

14  fully set forth herein.

15          247.    The allegations in Paragraph 237 of the Complaint constitute legal

16  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

17  response is required, PNA denies the allegations contained in Paragraph 237 of the Complaint as

18  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

19  sufficient to form a belief as to the truth thereof.

20          248.    PNA denies the allegations contained in Paragraph 248 of the Complaint as

21  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

22  sufficient to form a belief as to the truth thereof.

23          249.    PNA denies the allegations contained in Paragraph 249 of the Complaint as

24  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

25  sufficient to form a belief as to the truth thereof.

26          250.    PNA denies the allegations contained in Paragraph 250 of the Complaint as

27  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

28  sufficient to form a belief as to the truth thereof.

251.   PNA denies the allegations contained in Paragraph 251 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

252.   PNA denies the allegations contained in Paragraph 252 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## "Second Claim for Relief

## (Violation of the California Cartwright Act)"

253.   PNA incorporates and realleges its responses to Paragraphs 1-253 above, as if fully set forth herein.

254.   The allegations in Paragraph 254 of the Complaint constitue legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

255.   PNA denies the allegations contained in Paragraph 255 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

256.   The allegations in Paragraph 256 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

257.   The allegations in Paragraph 257 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

258.   PNA denies the allegations contained in Paragraph 258 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

259.    PNA denies the allegations contained in Paragraph 259 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

260.    PNA denies the allegations contained in Paragraph 260 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

261.    The allegations in Paragraph 261 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 261 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## "Third Claim for Relief

### (Violation of California Unfair Competition Law)"

262.    PNA incorporates and realleges its responses to Paragraphs 1-261 above, as if fully set forth herein.

263.    The allegations in Paragraph 263 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 263 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

264.    The allegations in Paragraph 264 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 264 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

265.    The allegations in Paragraph 265 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 265 of the Complaint as

31

1   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

2   sufficient to form a belief as to the truth thereof.

3            266.   The allegations in Paragraph 266 of the Complaint constitute legal

4   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

5   response is required, PNA denies the allegations contained in Paragraph 266 of the Complaint as

6   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

7   sufficient to form a belief as to the truth thereof.

8            267.   The allegations in Paragraph 267 of the Complaint constitute legal

9   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

10  response is required, PNA denies the allegations contained in Paragraph 267 of the Complaint as

11  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

12  sufficient to form a belief as to the truth thereof.

13           268.   The allegations in Paragraph 268 of the Complaint constitute legal

14  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

15  response is required, PNA denies the allegations contained in Paragraph 268 of the Complaint as

16  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

17  sufficient to form a belief as to the truth thereof.

18           269.   PNA denies the allegations contained in Paragraph 269 of the Complaint as

19  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

20  sufficient to form a belief as to the truth thereof.

21           270.   The allegations in Paragraph 270 of the Complaint constitute legal

22  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

23  response is required, PNA denies the allegations contained in Paragraph 270 of the Complaint as

24  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

25  sufficient to form a belief as to the truth thereof.

26                          **"Fourth Claim for Relief**

27                  **(Violation of the New York Donnelly Act)"**

28           271.   PNA incorporates and realleges its responses to Paragraphs 1-270 above, as if

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER                    Case No. 07-5944 SC
TO THE ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT                     MDL NO. 1917

1   fully set forth herein.

2           272.    The allegations in Paragraph 272 of the Complaint constitute legal

3   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

4   response is required, PNA denies the allegations contained in Paragraph 272 of the Complaint as

5   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

6   sufficient to form a belief as to the truth thereof.

7           273.    The allegations in Paragraph 273 of the Complaint constitute legal

8   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

9   response is required, PNA denies the allegations contained in Paragraph 273 of the Complaint as

10  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

11  sufficient to form a belief as to the truth thereof.

12          274.    PNA denies the allegations contained in Paragraph 274 of the Complaint as

13  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

14  sufficient to form a belief as to the truth thereof.

15          275.    The allegations in Paragraph 275 of the Complaint constitute legal

16  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

17  response is required, PNA denies the allegations contained in Paragraph 275 of the Complaint as

18  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

19  sufficient to form a belief as to the truth thereof.

20          276.    The allegations in Paragraph 276 of the Complaint constitute legal

21  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

22  response is required, PNA denies the allegations contained in Paragraph 276 of the Complaint as

23  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

24  sufficient to form a belief as to the truth thereof.

25          277.    The allegations in Paragraph 277 of the Complaint constitute legal

26  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

27  response is required, PNA denies the allegations contained in Paragraph 277 of the Complaint as

28  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

1  sufficient to form a belief as to the truth thereof.

2  **"Fifth Claim for Relief**

3  **(Violation of New York Unfair Competition Law)"**

4  278.    PNA incorporates and realleges its responses to Paragraphs 1-277 above, as if

5  fully set forth herein.

6  279.    PNA denies the allegations contained in Paragraph 279 of the Complaint as

7  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

8  sufficient to form a belief as to the truth thereof.

9  280.    The allegations in Paragraph 280 of the Complaint constitute legal

10  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

11  response is required, PNA denies the allegations contained in Paragraph 280 of the Complaint as

12  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

13  sufficient to form a belief as to the truth thereof.

14  281.    PNA denies the allegations contained in Paragraph 281 of the Complaint as

15  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

16  sufficient to form a belief as to the truth thereof.

17  282.    PNA denies the allegations contained in Paragraph 282 of the Complaint as

18  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

19  sufficient to form a belief as to the truth thereof.

20  283.    PNA denies the allegations contained in Paragraph 283 of the Complaint in

21  their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

22  except admits that PNA directly or indirectly sold some products containing CRTs in New York

23  during the purported Relevant Period.

24  284.    The allegations in Paragraph 284 of the Complaint constitute legal

25  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

26  response is required, PNA denies the allegations contained in Paragraph 284 of the Complaint as

27  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

28  sufficient to form a belief as to the truth thereof.

## XI.   "PRAYER FOR RELIEF"

PNA denies that Plaintiffs suffered any injury or incurred any damages by any action(s) or omission(s) of PNA as alleged in the Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in each of the paragraphs and their subparts in the Complaint.

## XII.   "JURY TRIAL DEMAND"

The allegations contained under the heading "Jury Trial Demand" contain no factual assertions for which a response is required.  To the extent that a response is required, PNA denies the allegations contained under the heading "Jury Trial Demand" in their entirety, except admits that Plaintiffs demand a trial by jury.

### DEFENSES

FURTHER, PNA asserts the following defenses and affirmative defenses to the Complaint.  PNA does not concede that it has the burden of proof as to any of the defenses listed below:

### FIRST DEFENSE

(Failure to State a Claim for Relief)

Neither Plaintiffs' Complaint nor any claim for relief asserted therein states facts sufficient to constitute a claim for relief against PNA.

### SECOND DEFENSE

(Statute of Limitations)

The relief sought by Plaintiffs is barred, in whole or in part, by the applicable statutes of limitations.

1

### THIRD DEFENSE

2

(Actual and Proximate Injury)

3     The relief sought by Plaintiffs is barred, in whole or in part, because the Plaintiffs

4 were not actually and proximately injured in their business or property by reason of any action(s) or

5 omission(s) of PNA.

6

### FOURTH DEFENSE

7

(No Damages)

8     The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

9 suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent that

10 Plaintiffs purportedly suffered injury or damage, which PNA specifically denies, PNA further

11 contends that any such purported injury or damage was not by reason of any action(s) or

12 omission(s) of PNA.

13

### FIFTH DEFENSE

14

(No Antitrust Injury)

15     The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

16 failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to

17 remedy.

18

### SIXTH DEFENSE

19

(Speculative Damages)

20     The relief sought by Plaintiffs is barred, in whole or in part, because the alleged

21 damages sought are too speculative and uncertain, and because of the impossibility of the

22 ascertainment and allocation of such alleged damages.

23

### SEVENTH DEFENSE

24

(Mitigation)

25     The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

26 failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

27

### EIGHTH DEFENSE

28

(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to allege fraud or fraudulent concealment with sufficient particularity.

### NINTH DEFENSE

(Failure to Plead Conspiracy with Particularity)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

### TENTH DEFENSE

(Lack of Standing to Sue for Injuries Alleged)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs lack standing to sue for the injuries alleged in the complaint.  To the extent that Plaintiffs purchased products containing CRTs, as opposed to CRTs themselves, their alleged injuries are even more speculative, derivative, indirect, and remote.  Plaintiffs' damage claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

### ELEVENTH DEFENSE

(Due Process)

To the extent Plaintiffs' claims would result in PNA paying damages to more than one claimant for the same alleged overcharges to customers, they are barred because such multiple liability would violate rights guaranteed to PNA by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by applicable state law.

### TWELFTH DEFENSE

(Other/Superseding Causation)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom PNA had no control or responsibility.  The acts of such third parties constitute intervening or superseding cases of harm, if any, suffered by Plaintiffs.

### THIRTEENTH DEFENSE

(Waiver and Estoppel)

1    The relief sought by Plaintiffs is barred, in whole or in part, by the doctrines of

2  waiver and/or estoppel.

3  **FOURTEENTH DEFENSE**

4  (Laches)

5    The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine

6  of laches.

7  **FIFTEENTH DEFENSE**

8  (Unclean Hands)

9    The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine

10  of unclean hands.

11  **SIXTEENTH DEFENSE**

12  (Unjust Enrichment)

13    The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs would

14  be unjustly enriched if they were allowed to recover any part of the damages alleged in the

15  Complaint.

16  **SEVENTEENTH DEFENSE**

17  (Adequate Remedy at Law)

18    The equitable relief sought by Plaintiffs is barred, in whole or in part, because

19  Plaintiffs have available an adequate remedy at law.

20  **EIGHTEENTH DEFENSE**

21  (Comparative Fault)

22    The relief sought by Plaintiffs is barred, in whole or in part, because any and all

23  injuries alleged in the Complaint, the fact and extent of which PNA specifically denies, were

24  directly and proximately caused or contributed to by the statements, acts, and/or omissions of

25  Plaintiffs and/or third parties or entities, other than PNA.

26  **NINETEENTH DEFENSE**

27  (Acquiescence)

28

38

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER          Case No. 07-5944 SC
TO THE ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT          MDL NO. 1917

The relief sought by Plaintiffs is barred, in whole or in part, by Plaintiffs' acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to PNA.

## TWENTIETH DEFENSE

### (No Detrimental Reliance)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

## TWENTY-FIRST DEFENSE

### (Set Off)

Without admitting that Plaintiffs are entitled to recover damages in this matter, PNA is entitled to set off from any recovery Plaintiffs may obtain against PNA, any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

## TWENTY-SECOND DEFENSE

### (Failure to State a Claim for Injunctive Relief)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to state a claim for injunctive relief insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

## TWENTY-THIRD DEFENSE

### (Lack of Jurisdiction)

The relief sought by Plaintiffs is barred, in whole or in part, because any alleged conduct of PNA occurred outside of the jurisdiction of the Court.

## TWENTY-FOURTH DEFENSE

### (Foreign Trade Antitrust Improvements Act)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to make a single specific allegation to support the claim that the alleged conduct had "a direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a.

1

## TWENTY-FIFTH DEFENSE

2

(Foreign Conduct)

3       Plaintiffs' claims are barred to the extent that they are based on conduct beyond the

4   territorial reach of the laws or courts of the United States.

5

## TWENTY-SIXTH DEFENSE

6

(Damages Not Passed Through to Plaintiffs)

7       The relief sought by Plaintiffs is barred, in whole or in part, because any injury or

8   damage alleged in the Complaint was not incurred by or passed on to Plaintiffs, or was incurred by

9   or passed on to persons or entities other than Plaintiffs.

10

## TWENTY-SEVENTH DEFENSE

11

(Damages Passed On)

12       The relief sought by Plaintiffs is barred, in whole or in part, because any injury or

13   damage alleged in the Complaint, which PNA specifically denies, was passed on to persons or

14   entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

15

## TWENTY-EIGHTH DEFENSE

16

(No Unreasonable Restraint of Trade)

17       The relief sought by Plaintiffs is barred, in whole or in part, because the alleged

18   conduct of PNA did not unreasonably restrain trade.

19

## TWENTY-NINTH DEFENSE

20

(Acts Outside the Jurisdiction)

21       The relief sought by Plaintiffs is barred, in whole or in part, to the extent PNA's

22   alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor

23   affected persons, entities, or commerce in the various States cited.

24

## THIRTIETH DEFENSE

25

(Restitution Unmanageable and Inequitable)

26       The relief sought by Plaintiffs is barred, in whole or in part, to the extent the

27   restitution sought in the Complaint is unmanageable and inequitable.

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER                    Case No. 07-5944 SC
TO THE ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT                     MDL NO. 1917

1

**THIRTY-FIRST DEFENSE**

2

(Lack of Standing as Indirect Purchasers)

3

The relief sought by Plaintiffs is barred, in whole or in part, to the extent the various

4

States cited have not repealed the *Illinois Brick* doctrine.

5

**THIRTY-SECOND DEFENSE**

6

(Unjust Enrichment Claims Barred)

7

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs

8

have failed to exhaust all remedies against PNA.

9

**THIRTY-THIRD DEFENSE**

10

(Goods Not Purchased Primarily for Personal, Family, or Household Purposes)

11

The relief sought by Plaintiffs is barred, in whole or in part, to the extent that any Plaintiff

12

did not purchase goods primarily for personal, family, or household purposes.

13

**THIRTY-FOURTH DEFENSE**

14

(Independent, Legitimate Business and Economic Justification)

15

The relief sought by Plaintiffs is barred, in whole or in part, because any conduct

16

engaged in by PNA was reasonable and based on independent, legitimate business and economic

17

justification.

18

**THIRTY-FIFTH DEFENSE**

19

(Private Claim Cannot Be Brought In A Representative Capacity)

20

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs

21

bring any claims in a representative capacity, to the extent a private claim may not be brought in a

22

representative capacity under the laws of various states.

23

**THIRTY-SIXTH DEFENSE**

24

(Lack of Sufficient Contacts to States)

25

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs'

26

claims lack sufficient contacts to the states under whose laws they are brought, in violation of rights

27

guaranteed to PNA by the United States Constitution, including, without limitation, rights

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER     Case No. 07-5944 SC
TO THE ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT     MDL NO. 1917

1  guaranteed by the Due Process Clause of the Fourteenth Amendment, and by other applicable state

2  and federal law.

3  ### THIRTY-SEVENTH DEFENSE

4  (Attorneys' Fees)

5  Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is

6  not allowed under applicable federal or state law.

7  ### INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES

8  PNA hereby incorporates by reference, as if set forth fully herein, all other defenses

9  and affirmative defenses to the Complaint alleged by any other defendant.  PNA presently has

10  insufficient knowledge or information on which to form a belief as to whether it may have available

11  additional, as yet unstated, defenses.  PNA reserves the right to assert other defenses and affirmative

12  defenses as this action proceeds, the right to file an amended answer asserting additional defenses or

13  affirmative defenses, and/or file a cross-complaint, in the event that discovery indicates that such

14  pleadings are appropriate.

15  WHEREFORE, PNA prays for judgment as follows:

16  1.  That Plaintiffs take nothing under the Complaint, and the Complaint be

17  dismissed with prejudice;

18  2.  That judgment be entered in favor of PNA and against Plaintiffs on each and

19  every cause of action set forth in the Complaint;

20  3.  That PNA recover its costs of suit and attorneys' fees incurred herein; and

21  4.  That PNA be granted such other and further relief as the Court deems just

22  and proper.

23  Dated: November 4, 2013                    By:  __/s/ Jeffrey L. Kessler__

24                                             JEFFREY L. KESSLER (*pro hac vice*)
                                               Email: jkessler@winston.com

25                                             A. PAUL VICTOR (*pro hac vice*)
                                               Email: pvictor@winston.com

26                                             ALDO A. BADINI (257086)
                                               Email: abadini@winston.com

27                                             EVA W. COLE (*pro hac vice*)
                                               Email: ewcole@winston.com

28

42

MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-4692
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
E-mail: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com
DAVID E. YOLKUT (*pro hac vice*)
E-mail: david.yolkut@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

GREGORY D. HULL (57367)
E-mail: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

***Attorneys for Defendant Panasonic Corporation of
North America***

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER
TO THE ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

1

**CERTIFICATE OF SERVICE**

2          On November 4, 2013, I caused a copy of "DEFENDANT PANASONIC

3    CORPORATION OF NORTH AMERICA'S ANSWER TO THE ELECTROGRAPH

4    PLAINTIFFS' SECOND AMENDED COMPLAINT" to be served via ECF on the other parties in

5    this action.

6                              By:   _/s/ Jeffrey L. Kessler___
                                     Jeffrey L. Kessler (*pro hac vice*)
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28