BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile:  (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 11-cv-01656-SC |
| | Master File No. 3:07-cv-05944-SC |
| This Document Relates To Individual Case No. 11-cv-01656-SC | MDL No. 1917 |
| ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP., | **ANSWER OF KONINKLIJKE PHILIPS N.V.  TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT** |
| Plaintiffs, | |
| vs. | **Trial Date: None Set** |
| HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LP | |

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

DISPLAYS INTERNATIONAL LTD.;
PANASONIC CORPORATION; PANASONIC
CORPORATION OF NORTH AMERICA; MT
PICTURE DISPLAY CO., LTD.; BEIJING
MATSUSHITA COLOR CRT CO., LTD.;
KONINKLIJKE PHILIPS ELECTRONICS N.V.;
PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION; PHILIPS ELECTRONICS
INDUSTRIES (TAIWAN), LTD.; PHILIPS DA
AMAZONIA INDUSTRIA ELECTRONICA
LTDA.; SAMSUNG SDI CO., LTD.; SAMSUNG
SDI AMERICA, INC.; SAMSUNG SDI
MEXICO S.A. DE C.V.; SAMSUNG SDI
BRASIL LTDA.; SHENZHEN SAMSUNG SDI
CO., LTD.; TIANJIN SAMSUNG SDI CO.,
LTD.; SAMSUNG SDI (MALAYSIA) SDN.
BHD.; SAMTEL COLOR LTD.; THAI CRT CO.,
LTD.; TOSHIBA CORPORATION; TOSHIBA
AMERICA, INC.; TOSHIBA AMERICA
CONSUMER PRODUCTS, LLC; TOSHIBA
AMERICA ELECTRONIC COMPONENTS,
INC.; TOSHIBA AMERICA INFORMATION
SYSTEMS, INC.,

   Defendants.

Defendant Koninklijke Philips N.V. ("KPNV"), by and through its undersigned counsel of record, answers Electrograph Systems, Inc.; Electrograph Technologies Corp.'s (collectively "Plaintiffs") Second Amended Complaint (the "Second Amended Complaint") and alleges additional or affirmative defenses as follows.  KPNV denies each and every allegation in the Second Amended Complaint's section headings asserted herein and in all portions of the Second Amended Complaint not contained in numbered paragraphs.  To the extent that the Second Amended Complaint's allegations concern persons and/or entities other than KPNV, KPNV denies that such allegations support any claim for relief against KPNV.  KPNV denies any allegations not explicitly admitted herein.

## I.  INTRODUCTION[1]

1.  To the extent that the allegations in Paragraph 1 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 1 are definitional, no

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the Second Amended Complaint.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

response is required.  To the extent that the allegations in Paragraph 1 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 1 relate to KPNV, KPNV denies all of the allegations.

2.      To the extent that the allegations in Paragraph 2 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 2 are definitional, no response is required.  KPNV avers that the use of the terms "CPTs," "CDTs," "CPT Products," "CDT Products," and "CRT Products," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Second Amended Complaint indefinite and uncertain.  To the extent that the allegations in Paragraph 2 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 2 relate to KPNV, KPNV denies all of the allegations.

3.      To the extent that the allegations in Paragraph 3 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 3 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the allegations in Paragraph 3 relate to KPNV, KPNV denies all of the allegations.

4.      To the extent that the allegations in Paragraph 4 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 4 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 4 relate to KPNV, KPNV denies all of the allegations.

5.      To the extent that the allegations in Paragraph 5 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 5 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

basis, denies them.  To the extent the allegations in Paragraph 5 relate to KPNV, KPNV denies all of the allegations.

6. To the extent that the allegations in Paragraph 6 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 6 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 6 relate to KPNV, KPNV denies all of the allegations.

7. To the extent that the allegations in Paragraph 7 state legal contentions, no response is required.  KPNV lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 7 and, on that basis, denies them. To the extent that the allegations in Paragraph 7 relate to KPNV, KPNV denies them.

8. KPNV admits that government authorities in the United States and other countries have commenced investigations of the CRT industry, the details of which are matters of public record and such records speak for themselves.  KPNV admits that an indictment was issued against C.Y. Lin, the details of which are matters of public record and such records speak for themselves.  KPNV admits that other individuals have been indicted by the DOJ, the details of which are matters of public record and such records speak for themselves.

9. To the extent that the allegations in Paragraph 9 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 9 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 9 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 9 relate to KPNV, KPNV denies all of the allegations.  KPNV denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint and alleged in Paragraph 9.

## II.  ALLEGATIONS CONCERNING JURISDICTION AND VENUE

10. The allegations in Paragraph 10 state legal contentions to which no response is

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

required.  KPNV admits that Plaintiffs purport to bring this action to obtain injunctive relief under Section 16 of the Clayton Act, and to recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1), but denies that Plaintiffs are entitled to any relief under those statutes.

11.     To the extent that the allegations in Paragraph 11 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV admits that Plaintiffs purport to bring this action pursuant to California state laws, but denies that Plaintiffs are entitled to any relief under those laws.  KPNV denies any remaining allegations in Paragraph 11.

12.     To the extent that the allegations in Paragraph 12 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV admits that Plaintiffs purport to bring this action pursuant to New York state laws, but denies that Plaintiffs are entitled to any relief under those laws.  KPNV denies any remaining allegations in Paragraph 12.

13.     The allegations in Paragraph 13 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that the allegations in Paragraph 13 require a response, KPNV denies that this district has subject matter jurisdiction based on the conduct of KPNV as alleged in the Second Amended Complaint.

14.     The allegations in Paragraph 14 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 13 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 14 relate to KPNV, KPNV denies these allegations.

15.     The allegations in Paragraph 15 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 15 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

and the allegations in Paragraph 15 relate to KPNV, KPNV denies these allegations.

16.     The allegations in Paragraph 16 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 16 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 16 relate to KPNV, KPNV denies that this district has subject matter jurisdiction based on the conduct of KPNV as alleged in the Second Amended Complaint.

17.     The allegations in Paragraph 17 regarding venue constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 17 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 17 relate to KPNV, KPNV denies these allegations and denies that venue lies in this Court based on the conduct of KPNV as alleged in the Second Amended Complaint.

### III.     ALLEGATIONS CONCERNING THE PARTIES

18.     To the extent that the allegations in Paragraph 18 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 18 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies them.

19.     To the extent that the allegations in Paragraph 19 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 19 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies them.

20.     To the extent that the allegations in Paragraph 20 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 20 relate to Plaintiffs, KPNV

lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 20 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 20 relate to KPNV, KPNV denies them.

21.     To the extent that the allegations in Paragraph 21 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 21 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 21 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 21 relate to KPNV, KPNV denies them.

22.     To the extent that the allegations in Paragraph 22 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 22 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 22 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 22 relate to KPNV, KPNV denies them.

23.     To the extent that the allegations in Paragraph 23 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 23 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 23 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 23 relate to KPNV, KPNV denies them.

24.     To the extent that the allegations in Paragraph 24 state legal contentions, no

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

response is required.  To the extent that the allegations in Paragraph 24 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies them.

25.     To the extent that the allegations in Paragraph 25 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 25 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 25 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 25 relate to KPNV, KPNV denies them.

26.     To the extent that the allegations in Paragraph 26 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 26 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies them.

27.     To the extent that the allegations in Paragraph 27 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 27 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 27 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 27 relate to KPNV, KPNV denies them.

28.     To the extent that the allegations in Paragraph 28 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 28 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to

1   the truth of the allegations in Paragraph 28 and, on that basis, denies them.

2         29.    To the extent that the allegations in Paragraph 29 state legal contentions, no

3   response is required.  To the extent that the allegations in Paragraph 29 relate to Plaintiffs, KPNV

4   lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

5   denies them.  To the extent that the allegations in Paragraph 29 relate to other defendants, KPNV

6   lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

7   denies them.  To the extent that the allegations in Paragraph 29  relate to KPNV, KPNV denies

8   them.

9         30.    To the extent that the allegations in Paragraph 30 state legal contentions, no

10   response is required.  To the extent that the allegations in Paragraph 30 relate to Plaintiffs, KPNV

11   lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

12   denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to

13   the truth of the allegations in Paragraph 30 and, on that basis, denies them.

14         31.    To the extent that the allegations in Paragraph 31 state legal contentions, no

15   response is required.  To the extent that the allegations in Paragraph 31 relate to Plaintiffs, KPNV

16   lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

17   denies them.  To the extent that the allegations in Paragraph 31 relate to other defendants, KPNV

18   lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

19   denies them.  To the extent that the allegations in Paragraph 31 relate to KPNV, KPNV denies

20   them.

21         32.    To the extent that the allegations in Paragraph 32 state legal contentions, no

22   response is required.  To the extent that the allegations in Paragraph 32 relate to Plaintiffs, KPNV

23   lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

24   denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to

25   the truth of the allegations in Paragraph 32 and, on that basis, denies them.

26         33.    To the extent that the allegations in Paragraph 33 state legal contentions, no

27   response is required.  To the extent that the allegations in Paragraph 33 relate to Plaintiffs, KPNV

28                                       8

lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 33 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 33 relate to KPNV, KPNV denies them.

34. The allegations in Paragraph 34 are not directed at KPNV and, therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, denies them.

35. The allegations in Paragraph 35 are not directed at KPNV and, therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, on that basis, denies them.

36. The allegations in Paragraph 36 are not directed at KPNV and, therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, denies them.

37. The allegations in Paragraph 37 are not directed at KPNV and, therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, denies them.

38. The allegations in Paragraph 38 are not directed at KPNV and, therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, denies them.

39. The allegations in Paragraph 39 are not directed at KPNV and, therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies them.

40. The allegations in Paragraph 40 are an explanation of terminology, for which no response is required.

41. The allegations in Paragraph 41 are not directed at KPNV and, therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

as to the truth of the allegations in Paragraph 41 and, on that basis, denies them.

42. The allegations in Paragraph 42 are not directed at KPNV and, therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, denies them.

43. The allegations in Paragraph 43 are not directed at KPNV and, therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, denies them.

44. The allegations in Paragraph 44 are an explanation of terminology, for which no response is required.

45. To the extent that the allegations in Paragraph 45 state legal contentions, no response is required. KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 CRT joint venture. The remaining allegations in Paragraph 45 are not directed at KPNV and, therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and, on that basis, denies them.

46. The allegations in Paragraph 46 are not directed at KPNV and, therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies them.

47. The allegations in Paragraph 47 are an explanation of terminology, for which no response is required.

48. To the extent that the allegations in Paragraph 48 state legal contentions, no response is required. KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture. KPNV admits that its shareholdings in the joint venture were relinquished to financial institutions and private equity firms. To the extent the allegations in Paragraph 48 are not directed at KPNV, no response is required. KPNV otherwise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, on that basis, denies them.  KPNV denies that it exerted control over LG.Philips Displays or over LP Displays International, Ltd.  To the extent that the remaining allegations in Paragraph 48 relate to KPNV, KPNV denies them.

49.     The allegations in Paragraph 49 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies them.

50.     The allegations in Paragraph 50 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies them.

51.     The allegations in Paragraph 51 are an explanation of terminology, for which no response is required.

52.     The allegations in Paragraph 52 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies them.

53.     The allegations in Paragraph 53 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies them.

54.     To the extent that the allegations in Paragraph 54 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 54 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth, and, on that basis, denies them.  KPNV admits that it is a Dutch entity with its principal place of business at Brenner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands, but avers that KPNV legally changed its corporate name to Koninklijke Philips N.V.  KPNV admits that Philips & Co. was founded in 1891 but denies the remaining allegations found in the second and third sentences of Paragraph 54.  KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT

business into the 50/50 joint venture.  KPNV admits that in 2005 it wrote off the book value for LG.Philips Displays and announced that KPNV would not inject further capital into LG.Philips Displays, but KPNV denies the remaining allegations found in the fifth sentence of Paragraph 54. KPNV denies that it manufactured, marketed, sold and/or distributed CRT products, either directly or through its subsidiaries or affiliates, throughout the United States.   KPNV denies any remaining allegations in Paragraph 54.

55.      KPNV admits that Philips Electronics North America Corporation ("PENAC") is a Delaware corporation with its principal place of business at 1251 Avenue of the Americas, New York, New York, 10020.  KPNV admits that PENAC is an indirect subsidiary of KPNV.  Owing to the vagueness of "CRT Products," KPNV denies the third sentence of Paragraph 55.  KPNV denies that it dominated or controlled the finances, policies, and affairs of PENAC and any remaining allegations in Paragraph 55.

56.      KPNV admits Philips Electronics Industries (Taiwan), Ltd. is a Taiwanese company with its principal place of business located at 15F 3-1 Yuanqu Street, Nangang District, Taipei, Taiwan but avers that Philips Electronics Industries (Taiwan), Ltd. was merged into Philips Taiwan Ltd.  KPNV admits that Philips Taiwan, Ltd. is an indirect subsidiary of KPNV. Owing to the vagueness of "CRT Products," KPNV denies the third sentence of Paragraph 56. KPNV denies that it dominated or controlled the finances, policies, and affairs of Philips Taiwan, Ltd. and any remaining allegations in Paragraph 56.

57.      KPNV admits that Philips da Amazonia Industria Electronica Ltda. ("Philips da Amazonia") is a Brazilian company with its principal place of business located at Av Torquato Tapajos 2236, 1 andar (parte 1), Flores, Manaus, AM 39048-660, Brazil.  KPNV admits that Philips da Amazonia Industria Electronica Ltda. is an indirect subsidiary of KPNV.  Owing to the vagueness of "CRT Products," KPNV denies the third sentence of Paragraph 57.  KPNV denies that it dominated or controlled the finances, policies and affairs of Philips da Amazonia and any remaining allegations in Paragraph 57.

58.      The allegations in Paragraph 58 are an explanation of terminology, for which no

response is required.  KPNV avers, however, that Paragraph 58 renders the Second Amended Complaint indefinite and uncertain as to KPNV.

59.     The allegations in Paragraph 59 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, on that basis, denies them.

60.     The allegations in Paragraph 60 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, denies them.

61.     The allegations in Paragraph 61 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies them.

62.     The allegations in Paragraph 62 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, on that basis, denies them.

63.     The allegations in Paragraph 63 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, on that basis, denies them.

64.     The allegations in Paragraph 64 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, on that basis, denies them.

65.     The allegations in Paragraph 65 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, on that basis, denies them.

66.     The allegations in Paragraph 66 are an explanation of terminology, for which no response is required.

67.     The allegations in Paragraph 67 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

as to the truth of the allegations in Paragraph 67 and, on that basis, denies them.

68.     The allegations in Paragraph 68 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies them.

69.     The allegations in Paragraph 69 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies them.

70.     The allegations in Paragraph 70 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies them.

71.     The allegations in Paragraph 71 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, on that basis, denies them.

72.     The allegations in Paragraph 72 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, on that basis, denies them.

73.     The allegations in Paragraph 73 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, on that basis, denies them.

74.     The allegations in Paragraph 74 are an explanation of terminology, for which no response is required.

**IV.     ALLEGATIONS CONCERNING AGENTS AND CO-CONSPIRATORS**

75.     The allegations of Paragraph 75 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 75 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 75 relate to KPNV, KPNV denies all of the allegations.

76.     The allegations in Paragraph 76 are ambiguous and/or unintelligible. To the extent that the allegations in Paragraph 76 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 76 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 76 relate to KPNV, KPNV denies all of the allegations.

77.     The allegations in Paragraph 77 state legal contentions, for which no response is required.  The allegations in Paragraph 77 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, on that basis, denies them.

78.     The allegations in Paragraph 78 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, on that basis, denies them.

79.     The allegations in Paragraph 79 are an explanation of terminology, for which no response is required.

80.     The allegations in Paragraph 80 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, on that basis, denies them.

81.     The allegations in Paragraph 81 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, on that basis, denies them.

82.     The allegations in Paragraph 82 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, on that basis, denies them.

83.     The allegations of Paragraph 83 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 83 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

on that basis, denies them.  To the extent a response is required and the allegations in Paragraph

83 relate to KPNV, KPNV denies all of the allegations.

## V.      ALLEGATIONS CONCERNING TRADE AND COMMERCE

84.      The allegations in Paragraph 84 regarding "continuous and uninterrupted flow of

interstate commerce and foreign commerce" are legal contentions to which no response is

required. To the extent that the allegations in Paragraph 84 relate to other defendants, KPNV

lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

denies them.  To the extent that the remaining allegations in Paragraph 84 require a response,

KPNV denies all of the allegations.

85.      The allegations in Paragraph 85 state legal contentions to which no response is

required.  To the extent a response is required and the allegations relate to other defendants,

KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations

of Paragraph 85 and, on that basis, denies them.  To the extent a response is required and the

allegations in Paragraph 85 relate to KPNV, KPNV denies them.

86.      The allegations in Paragraph 86 state legal contentions to which no response is

required.  To the extent a response is required and the allegations relate to other defendants,

KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations

of Paragraph 86 and, on that basis, denies them.  To the extent a response is required and the

allegations in Paragraph 86 relate to KPNV, KPNV denies them.

## VI.      FACTUAL ALLEGATIONS

87.      KPNV admits that the allegations in Paragraph 87 purport to describe CRT

technology, but KPNV denies that such descriptions are accurate or complete.

88.      KPNV admits that the allegations in Paragraph 88 purport to describe CRT

technology, but KPNV denies that such descriptions are accurate or complete.

89.      KPNV admits that the allegations in Paragraph 89 purport to describe CRT

technology, but KPNV denies that such descriptions are accurate or complete.

90.      KPNV admits that the allegations in Paragraph 90 purport to describe CRT

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

technology, but KPNV denies that such descriptions are accurate or complete.

91.     KPNV admits that the allegations in Paragraph 91 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

92.     KPNV admits that the allegations in Paragraph 92 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

93.     The allegations in Paragraph 93 state legal contentions to which no response is required.  KPNV admits that the allegations in Paragraph 93 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

94.     To the extent that the allegations in Paragraph 94 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 94 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 94 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 94 relate to KPNV, KPNV denies all of the allegations.  In particular, KPNV denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint and alleged in Paragraph 94.

95.     To the extent that the allegations in Paragraph 95 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 95 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 95 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 95 relate to KPNV, KPNV denies all of the allegations.

96.     To the extent that the allegations in Paragraph 96 state legal contentions, no response is required.  KPNV denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint and alleged in Paragraph 96.

97. The allegations in Paragraph 97 are legal contentions to which no response is required. To the extent that a response is required, KPNV denies every allegation in Paragraph 97.

98. The allegations in Paragraph 98 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 98 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 98 relate to KPNV, KPNV denies all allegations.

99. To the extent that the allegations in Paragraph 99 state legal contentions, no response is required. To the extent that the other allegations in Paragraph 99 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 99 relate to KPNV, KPNV denies all of the allegations.

100. The allegations in Paragraph 100 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 100 are not directed at KPNV, and, therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and, on that basis, denies them.

101. KPNV avers that the use of the term "Philips" in Paragraph 101 renders the Second Amended Complaint indefinite and uncertain as to KPNV. The allegations in Paragraph 101 are legal contentions to which no response is required. To the extent that a response is required, KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture. To the extent that the allegations in Paragraph 101 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 101 relate to KPNV, KPNV denies all of the allegations.

102. The allegations in Paragraph 102 are legal contentions to which no response is

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

required.  To the extent a response is required, KPNV denies the allegations in Paragraph 102.

103.    KPNV avers that the use of the term "Philips" in Paragraph 103 renders the Second Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 103 and its subparts state legal contentions, no response is required. KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  KPNV admits that LG.Philips LCD Co., Ltd. was formed in 1999.  KPNV denies that it was supplied "CRTs" from Samtel.  To the extent that the remaining allegations in Paragraph 103 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 103 and its subparts relate to KPNV, KPNV denies them.

104.    The allegations in Paragraph 104 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 104 require a response, KPNV denies all of the allegations

105.    The allegations in Paragraph 105 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 105 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 105 require a response, KPNV denies all of the allegations.

106.    The allegations in Paragraph 106 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 106 require a response, KPNV denies all of the allegations.

107.    The allegation in the second sentence of Paragraph 107 is a legal contention to which no response is required.  KPNV otherwise lacks knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 107 and, on that basis, denies them.

108.    The allegation in the second sentence of Paragraph 108 is a legal contention to which no response is required.  KPNV lacks knowledge or information to form a belief as to the

truth of the allegations contained in the first and third sentences of Paragraph 108 and, on that basis, denies them.  To the extent a response is required and the remaining allegations in Paragraph 108 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the remaining allegations in Paragraph 108 relate to KPNV, KPNV denies all of the allegations.

109.    The allegations in Paragraph 109 are legal contentions to which no response is required.  To the extent a response is required and the allegations relate to other defendants, KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 109 and, on that basis, denies them.  To the extent a response is required and the allegations relate to KPNV, KPNV denies all of the allegations in Paragraph 109.

110.    The allegations in Paragraph 110 are legal contentions to which no response is required.  To the extent a response is required, KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 110 and, on that basis, denies them.

111.    The allegations in Paragraph 111 are legal contentions to which no response is required.  To the extent a response is required, KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 111 and, on that basis, denies them.

112.    The allegations in Paragraph 112 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 112 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 112 relate to KPNV, KPNV denies all of the allegations.

113.    The allegations in Paragraph 113 are legal contentions to which no response is required.  To the extent a response is required, KPNV denies all of the allegations in Paragraph 113.

114.    To the extent that the allegations in Paragraph 114 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 114 relate to other

defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 114 relate to KPNV, KPNV denies all of the allegations.

115. The allegations in Paragraph 115 are not directed at KPNV and, therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and, on that basis, denies them.

116. To the extent that the allegations in Paragraph 116 state legal contentions, no response is required. To the extent that the allegations in Paragraph 116 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 116 relate to KPNV, KPNV denies all of the allegations.

117. KPNV avers that the use of the term "Philips" in Paragraph 117 renders the Second Amended Complaint indefinite and uncertain as to KPNV. To the extent that the allegations in Paragraph 117 state legal contentions, no response is required. To the extent that the allegations in Paragraph 117 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the remaining allegations in Paragraph 117 concern KPNV, KPNV denies them.

118. The allegations in Paragraph 118 are not directed at KPNV and, therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and, on that basis, denies them.

119. To the extent that the allegations in Paragraph 119 state legal contentions, no response is required. To the extent that the allegations in Paragraph 119 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 119 relate to KPNV, KPNV denies them.

120. The allegations in Paragraph 120 state legal contentions to which no response is required. To the extent a response is required, KPNV denies all of the allegations in Paragraph

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

120.

121.    To the extent that the allegations in Paragraph 121 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 121 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 121 relate to KPNV, KPNV denies all of the allegations.

122.    To the extent that the allegations in Paragraph 122 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 122 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 122 relate to KPNV, KPNV denies all of the allegations.

123.    To the extent that the allegations in Paragraph 123 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 123 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 123 relate to KPNV, KPNV denies all of the allegations.

124.    To the extent that the allegations in Paragraph 124 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 124 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 124 relate to KPNV, KPNV denies all of the allegations.

125.    To the extent that the allegations in Paragraph 125 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 125 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 125 relate to KPNV, KPNV denies all of the allegations.

126.    KPNV avers that the use of the term "Philips" in Paragraph 126 renders the

Second Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 126 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 126 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 126 relate to KPNV, KPNV denies all of the allegations.

127.    To the extent that the allegations in Paragraph 127 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 127 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 127 relate to KPNV, KPNV denies all of the allegations.

128.    To the extent the allegations in Paragraph 128 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 128 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 128 relate to KPNV, KPNV denies all of the allegations.

129.    To the extent that the allegations in Paragraph 129 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 129 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 129 relate to KPNV, KPNV denies all of the allegations.

130.    To the extent that the allegations in Paragraph 130 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 130 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 130 relate to KPNV, KPNV denies all of the allegations.

131.    To the extent that the allegations in Paragraph 131 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 131 relate to other

defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 131 relate to KPNV, KPNV denies all of the allegations.

132.    To the extent that the allegations in Paragraph 132 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 132 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 132 relate to KPNV, KPNV denies all of the allegations.

133.    To the extent that the allegations in Paragraph 133 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 133 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 133 and its subparts relate to KPNV, KPNV denies all of the allegations.

134.    To the extent that the allegations in Paragraph 134 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 134 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 134 relate to KPNV, KPNV denies all of the allegations.

135.    To the extent that the allegations in Paragraph 135 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 135 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 135 relate to KPNV, KPNV denies all of the allegations.

136.    To the extent that the allegations in Paragraph 136 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 136 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 136 relate to KPNV,

KPNV denies all of the allegations.

137.    To the extent that the allegations in Paragraph 137 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 137 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 137 relate to KPNV, KPNV denies all of the allegations.

138.    To the extent that the allegations in Paragraph 138 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 138 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 138 relate to KPNV, KPNV denies all of the allegations.

139.    To the extent that the allegations in Paragraph 139 state legal contentions, no response is required.  With respect to the third sentence in Paragraph 139, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 139 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 139 relate to KPNV, KPNV denies all of the allegations.

140.    To the extent that the allegations in Paragraph 140 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 140 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 140 relate to KPNV, KPNV denies all of the allegations.

141.    To the extent that the allegations in Paragraph 141 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 141 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 141 relate to KPNV,

1    KPNV denies all of the allegations.

2        142.    The allegations in Paragraph 142 state legal contentions, for which no response is

3    required.  Additionally, the allegations in Paragraph 142 are not directed at KPNV and, therefore,

4    no response is required.  To the extent that the allegations in Paragraph 142 relate to KPNV,

5    KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief

6    as to the truth of the allegations in Paragraph 142 and, on that basis, denies them.

7        143.    The allegations in Paragraph 143 state legal contentions, for which no response is

8    required.  Additionally, the allegations in Paragraph 143 are not directed at KPNV and, therefore,

9    no response is required.  To the extent that the allegations in Paragraph 143 relate to KPNV,

10   KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief

11   as to the truth of the allegations in Paragraph 143 and, on that basis, denies them.

12       144.    The allegations in Paragraph 144 state legal contentions, for which no response is

13   required.  Additionally, the allegations in Paragraph 144 are not directed at KPNV and, therefore,

14   no response is required.  To the extent that the allegations in Paragraph 144 relate to KPNV,

15   KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief

16   as to the truth of the allegations in Paragraph 144 and, on that basis, denies them.

17       145.    KPNV avers that the use of the term "Philips" in Paragraph 145 renders the

18   Second Amended Complaint indefinite and uncertain as to KPNV.  The allegations in Paragraph

19   145 also state legal contentions to which no response is required.  Additionally, the allegations in

20   Paragraph 145 are not directed at KPNV and, therefore, no response is required.  To the extent

21   that the allegations in Paragraph 145 relate to KPNV, KPNV denies them.  KPNV otherwise lacks

22   knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

23   145 and, on that basis, denies them.

24       146.    The allegations in Paragraph 146 state legal contentions to which no response is

25   required.  Additionally, the allegations in Paragraph 146 are not directed at KPNV and, therefore,

26   no response is required.  To the extent that the allegations in Paragraph 146 relate to KPNV,

27   KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief

28                                         26                              MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

as to the truth of the allegations in Paragraph 146 and, on that basis, denies them.

147.    KPNV avers that the use of the term "Philips" in Paragraph 147 renders the Second Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 147 state legal contentions, no response is required.  To the extent the allegations in Paragraph 147 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent the allegations in Paragraph 147 relate to KPNV, KPNV denies all of the allegations.  KPNV specifically denies that any employee of LP Displays or LG.Philips Displays previously attended any meeting described in this Paragraph on its behalf.

148.    The allegations in Paragraph 148 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 148 are not directed at KPNV and, therefore, no response is required. To the extent that the allegations in Paragraph 148 relate to KPNV, KPNV denies them.   KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and, on that basis, denies them.

149.    The allegations in Paragraph 149 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 149 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 149 relate to KPNV, KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, denies them.

150.    The allegations in Paragraph 150 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 150 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 145 relate to KPNV, KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and, on that basis, denies them.

151.    The allegations in Paragraph 151 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 151 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 151 relate to KPNV,

KPNV denies them. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and, on that basis, denies them.

152. KPNV avers that the use of the term "Philips" in Paragraph 152 renders the Second Amended Complaint indefinite and uncertain as to KPNV. To the extent that the allegations in Paragraph 152 state legal contentions, no response is required. KPNV denies that it participated in, engaged in or was represented at any "Glass Meetings" or "bilateral discussions" at which agreements were reached on prices and supply levels for CRTs. KPNV denies that it participated in any such "Glass meetings" or "bilateral discussions" after 2001 "through" LG.Philips Displays. To the extent that the allegations in Paragraph 152 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. In all other respects, KPNV denies the allegations in Paragraph 152.

153. To the extent that the allegations in Paragraph 153 state legal contentions, no response is required. To the extent that the allegations in Paragraph 153 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 153 relate to KPNV, KPNV denies them.

154. The allegations in Paragraph 154 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 154 are not directed at KPNV and, therefore, no response is required. To the extent that the allegations in Paragraph 154 relate to KPNV, KPNV denies them. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, on that basis, denies them.

155. The allegations in Paragraph 155 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 155 are not directed at KPNV and, therefore, no response is required. To the extent that the allegations in Paragraph 155 relate to KPNV, KPNV denies them. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, on that basis, denies them.

156. The allegations in Paragraph 156 state legal contentions to which no response is

required.  Additionally, the allegations in Paragraph 156 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 156 relate to KPNV, KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and, on that basis, denies them.

157.    The allegations in Paragraph 157 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 157 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 157 relate to KPNV, KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and, on that basis, denies them.

158.    The allegations in Paragraph 158 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 158 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 158 relate to KPNV, KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, on that basis, denies them.

159.    The allegations in Paragraph 159 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 159 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 159 relate to KPNV, KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and, on that basis, denies them.

160.    The allegations in Paragraph 160 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 160 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 160 relate to KPNV, KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and, on that basis, denies them.

161.    To the extent that the allegations in sentence one of Paragraph 161 are an explanation of terminology, no response is required.  To the extent that the allegations in Paragraph 161 state legal contentions, no response is required.  KPNV avers that Plaintiffs'

reference to "a corporate family or companies by a single name in its allegations of participation in the conspiracy" renders the Second Amended Complaint indefinite and uncertain.  To the extent that the remaining allegations in Paragraph 161 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the remaining allegations in Paragraph 161 relate to KPNV, KPNV denies all of the allegations.

162.    To the extent that the allegations in Paragraph 162 state legal contentions, no response is required.   KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and, on that basis, denies them.

163.    The allegations in Paragraph 163 are vague and ambiguous, as they do not identify any underlying product or service and, on that basis, KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and, on that basis, denies them.  To the extent that the allegations contained in Paragraph 163 are derived from an analyst report, that report speaks for itself and no response is required.

164.    To the extent that the allegations in Paragraph 164 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 164 are derived from analyst reports, those reports speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and, on that basis, denies them.

165.    The allegation in the first sentence of Paragraph 165 is a legal contention to which no response is required.  With regard to the allegations in the second and third sentence, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.   KPNV denies any remaining allegations contained in Paragraph 165.

166.    To the extent that the allegations in Paragraph 166 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 166 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

167.    With regard to the first and second sentence of Paragraph 167, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  To the extent the third sentence of Paragraph 167 states legal contentions, no response is required.  To the extent that the allegations in Paragraph 167 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 167 relate to KPNV, KPNV denies all of the allegations.

168.    To the extent that the allegations in Paragraph 168 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.   KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and, on that basis, denies them.  To the extent that the allegations in Paragraph 168 relate to KPNV, KPNV denies all of the allegations.

169.    To the extent the allegations contained in Paragraph 169 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and, on that basis, denies them.

170.    To the extent that the allegations in Paragraph 170 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 170 are derived from or purport to quote published statements, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 170 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 170 relate to KPNV, KPNV denies all of the allegations.

171.    The allegations in Paragraph 171 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 171 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 171 relate to KPNV, KPNV denies

all of the allegations.

172.     The allegations in Paragraph 172 are legal contentions to which no response is required.   To the extent that the allegations in Paragraph 172 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 172 relate to KPNV, KPNV denies all of the allegations.

173.     To the extent the allegations of Paragraph 173 state legal contentions, no response is required.  To the extent that the allegations in the third sentence of Paragraph 173 are derived from or purport to quote published statements made by the President of Skyworth Macao Commercial Offshore Co., Ltd., those published statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 173 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 173 relate to KPNV, KPNV denies all of the allegations.

174.     To the extent the allegations in Paragraph 174 state legal contentions, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and, on that basis, denies them.

175.     The allegations in Paragraph 175 are legal contentions to which no response is required.   To the extent that a response is required, KPNV denies the allegations in Paragraph 175.

176.     To the extent that the allegations in Paragraph 176 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 176 refer to public filings by government authorities, those filings speak for themselves and no response is required.  Additionally, to the extent that the allegations in Paragraph 176 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 176 relate to KPNV, KPNV denies them.

177.     To the extent the allegations in Paragraph 177 relate to other defendants, KPNV lacks knowledge and information sufficient to form a belief as to their truth and , on that basis, denies them.  To the extent the allegations in Paragraph 177 relate to KPNV, KPNV denies them.

178.     The allegations in Paragraph 178 are not directed at KPNV, and therefore no response is required.  To the extent a response is required, KPNV lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 178.

179.     To the extent that the allegations in Paragraph 179 are derived from or purport a news article, that article speaks for itself and no response is required.  The allegations in Paragraph 179 are not directed at KPNV and therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 and, on that basis, denies them.

180.     The allegations in Paragraph 180 are not directed at KPNV and therefore, no response is required.  To the extent a response is required, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and, on that basis, denies them.

181.     To the extent that the allegations in Paragraph 181 are derived from or purport a news article, that article speaks for itself and no response is required.  The allegations in Paragraph 181 are not directed at KPNV and therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and, on that basis, denies them.

182.     To the extent that the allegations in Paragraph 182 are derived from a news article, that article speaks for itself and no response is required. KPNV otherwise denies the allegations in Paragraph 182.

183.     To the extent that the allegations in Paragraph 183 are derived from or purport to quote Toshiba's Annual Report, that report speaks for itself and no response is required.  The allegations in Paragraph 183 are not directed at KPNV and therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

allegations in Paragraph 183 and, on that basis, denies them.

184.    To the extent that the allegations in Paragraph 184 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 184 refer to public statements by government authorities, those statements speak for themselves and no response is required.  Additionally, to the extent that the allegations in Paragraph 184 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 184 relate to KPNV, KPNV denies them.

185.    To the extent that the allegations contained in Paragraph 185 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 and, on that basis, denies them.

186.    To the extent that the allegations contained in Paragraph 186 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and, on that basis, denies them.

187.    To the extent that the allegations contained in Paragraph 187 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and, on that basis, denies them.

188.    To the extent that the allegations contained in Paragraph 188 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and, on that basis, denies them.

189.    To the extent that the allegations contained in Paragraph 189 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

truth of the allegations in Paragraph 189 and, on that basis, denies them.

190.    To the extent that the allegations contained in Paragraph 190 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and, on that basis, denies them.

191.    To the extent that the allegations contained in Paragraph 191 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and, on that basis, denies them.

192.    To the extent that the allegations in Paragraph 192 refer to public filings and statements by government authorities, those filings and statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 192 purport to quote a press release, that press release speaks for itself and no response is required.  KPNV denies any remaining allegations in Paragraph 192.

193.    The allegations in Paragraph 193 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 193 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 193 relate to KPNV, KPNV denies them.

194.    To the extent that the allegations in the first sentence of Paragraph 194 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 194 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 194 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 194 relate to KPNV, KPNV denies them.   KPNV denies the allegation and implication that the allegations in Paragraph 194 have any relevance to the Amended Complaint or the purported acts or missions of

KPNV.

195.    The allegations in Paragraph 195 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 195 have any relevance to the Second Amended Complaint or the purported acts or omissions of KPNV.

196.    To the extent the allegations contained in Paragraph 196 refer to public filings by government authorities, those filings speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 196 have any relevance to the Second Amended Complaint or the purported acts or omissions of KPNV.

197.    KPNV avers that the use of the term "Philips" in Paragraph 197 renders the Second Amended Complaint indefinite and uncertain as to KPNV.   To the extent the allegations contained in Paragraph 197 refer to news reports, those reports speak for themselves and no response is required.  To the extent that the allegations in Paragraph 197 relate to the other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 197 have any relevance to the Second Amended Complaint or the purported acts or omissions of KPNV.

198.    To the extent the allegations contained in Paragraph 198 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 198 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 198 have any relevance to the Second Amended Complaint or the purported acts or omissions of KPNV.

199.    To the extent the allegations contained in Paragraph 199 refer to public statements

by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 199 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 199 have any relevance to the Second Amended Complaint or the purported acts or omissions of KPNV.

200.     To the extent that the allegations in Paragraph 200 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 200 refer to public filings by government authorities, those filings speak for themselves and no response is required.  To the extent that the allegations in Paragraph 200 relate to the other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 200 have any relevance to the Second Amended Complaint or the purported acts or omissions of KPNV.

201.     To the extent that the allegations in Paragraph 201 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 201 refer to public statements there listed, those statements speak for themselves and no response is required.  KPNV admits the existence of the trade associations Korea Display Conference, Korean Display Equipment Material Industry Association, and Electronic Display Industrial Research Association of Korea, but KPNV denies that such descriptions are accurate or complete.  To the extent that the allegations in Paragraph 201 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 201 relate to KPNV, KPNV denies them.

202.     The allegations in Paragraph 202 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 and, on that basis, denies them.

203.     The allegations in Paragraph 203 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and, on that basis, denies them.

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

204.    To the extent that the allegations in Paragraph 204 state legal contentions, no response is required.  KPNV admits the existence of the Society for Information Display, but KPNV denies that such descriptions are accurate or complete.  To the extent that the allegations in Paragraph 204 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 204 relate to KPNV, KPNV denies all of the allegations.

205.    To the extent that the allegations in Paragraph 205 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 205 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 205 relate to KPNV, KPNV denies all of the allegations.

206.    The allegations in Paragraph 206 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 206 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 206 relate to KPNV, KPNV denies all of the allegations.

207.    The allegations in Paragraph 207 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 and, on that basis, denies them.

208.    The allegations in Paragraph 208 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 and, on that basis, denies them.

209.    The allegations in Paragraph 209 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and, on that basis, denies them.

210.    The allegations in Paragraph 210 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 210 and, on that basis, denies them.

211.    The allegations in Paragraph 211 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 and, on that basis, denies them.

212.    The allegation in the first sentence of Paragraph 212 is a legal contention to which no response is required.  With regard to the allegations in the second sentence, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.   KPNV denies any remaining allegations contained in Paragraph 212.

213.    To the extent that the allegations in Paragraph 213 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.

214.    KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 and, on that basis, denies them.

215.    To the extent that the allegations in Paragraph 215 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 215 are derived from or purport to quote an industry news article, that article speaks for itself and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 and, on that basis, denies them.  To the extent that the allegations in Paragraph 215 relate to KPNV, KPNV denies all of the allegations.

216.    To the extent the allegations contained in Paragraph 216 are derived from or purport to quote a keynote speaker at a conference, that speaker speaks for himself and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 and, on that basis, denies them.

217.    With regard to the first and second sentence of Paragraph 217, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  To the extent the third sentence of Paragraph 217 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 217 relate to other

defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 217 relate to KPNV, KPNV denies all of the allegations.

218.    To the extent that the allegations in Paragraph 218 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.   KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and, on that basis, denies them.  To the extent that the allegations in Paragraph 218 relate to KPNV, KPNV denies all of the allegations.

219.    The allegations in Paragraph 219 are not directed at KPNV and, therefore, no response is required.  To the extent that a response is required, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 and, on that basis, denies them.

220.    To the extent the allegations of Paragraph 220 state legal contentions, no response is required.  To the extent that the allegations in the third sentence of Paragraph 220 are derived from or purport to quote published statements made by the President of Skyworth Macao Commercial Offshore Co., Ltd., those published statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 220 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 220 relate to KPNV, KPNV denies all of the allegations.

221.    To the extent the allegations of Paragraph 221 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 221 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 221 relate to KPNV, KPNV denies all of the allegations.

222.     To the extent the allegations of Paragraph 222 and its subparts state legal contentions, no response is required.  To the extent a response is required, KPNV denies all

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

allegations in Paragraph 222, including its subparts.

## VII.    ALLEGATIONS CONCERNING PLAINTIFFS' INJURIES

223.    The allegations in Paragraph 223 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 223 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 223 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 223 relate to KPNV, KPNV denies them.  KPNV denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Second Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

224.    The allegations in Paragraph 224 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 224 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 224 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 224 relate to KPNV, KPNV denies them.

225.    The allegations in Paragraph 225 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 225 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 225 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 225 relate to KPNV, KPNV denies them.  KPNV denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of KPNV as alleged

in the Second Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

226.    The allegations in Paragraph 226 state legal contentions, for which no response is required.  KPNV admits that the allegations in Paragraph 226 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

227.    The allegations in Paragraph 227 state legal contentions, for which no response is required.  To the extent that the allegations in Paragraph 227 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent that the allegations in Paragraph 227 relate to KPNV, KPNV denies all of the allegations.

228.    The allegations in Paragraph 228 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 228 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 228 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 228 relate to KPNV, KPNV denies them.

229.    To the extent that the allegations in Paragraph 229 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint and alleged in Paragraph 229.

## VIII.   ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT

230.    To the extent that the allegations in Paragraph 230 state legal contentions, no response is required.  To the extent that a response is required and the allegations in Paragraph 230 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 230

relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 230 relate to KPNV, KPNV denies all of the allegations.

231.    To the extent that the allegations in Paragraph 231 state legal contentions, no response is required.  To the extent that a response is required and the allegations in Paragraph 231 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 231 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 231 relate to KPNV, KPNV denies all of the allegations.

232.    To the extent that the allegations in Paragraph 232 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 232 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 232 relate to KPNV, KPNV denies all of the allegations.

233.    To the extent that the allegations in Paragraph 233 state legal contentions, no response is required.   KPNV otherwise denies all of the allegations in Paragraph 233.

234.    To the extent that the allegations in Paragraph 234 state legal contentions, no response is required.  To the extent that a response is required and the allegations in Paragraph 234 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 234 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 234 relate to KPNV, KPNV denies all of the allegations.

235.    To the extent that the allegations in Paragraph 235 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 235 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

on that basis, denies them.  To the extent that the allegations in Paragraph 235 relate to KPNV, KPNV denies all of the allegations.

236.    To the extent that the allegations in Paragraph 236 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 236 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 236 relate to KPNV, KPNV denies all of the allegations.

237.    With regard to the first sentence and second sentence of Paragraph 237, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.  The allegations in the third sentence of Paragraph 237 state legal contentions, for which no response is required.  To the extent a response is required and the allegations in the third sentence relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in the third sentence of Paragraph 237 relate to KPNV, KPNV denies all of the allegations.

238.    With regard to the first sentence and second sentence of Paragraph 238, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.  The allegations in the third sentence of Paragraph 238 state legal contentions, for which no response is required.  To the extent that the third sentence of Paragraph 238 requires a response, KPNV denies all of the allegations.

239.    KPNV avers that the use of the term "Philips" in Paragraph 239 renders the allegations indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 239 are derived from or purport to quote published statements made by a Deputy General Manager for an LG Electronics distributor, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 239 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 239 relate to KPNV, KPNV

denies all of the allegations.

240.    The allegations in Paragraph 240 are not directed at KPNV and, therefore, no response is required.  To the extent that a response is required and the allegations relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 240 relate to KPNV, KPNV denies all of the allegations.

241.    To the extent that the allegations in Paragraph 241 state legal contentions, no response is required.  To the extent that a response is required and the allegations in Paragraph 241 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 241 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 241 relate to KPNV, KPNV denies all of the allegations.

242.    The allegations in Paragraph 242 state legal contentions to which no response is required.  To the extent the allegations in Paragraph 242 require a response, KPNV denies them.

## IX.    ALLEGATIONS CONCERNING AMERICAN PIPE, GOVERNMENT ACTION, AND CROSS-JURISDICTIONAL TOLLING

243.    To the extent that the allegations in the first sentence of Paragraph 243 refer to public filings by government authorities discussed in Paragraphs 181-191, those filings speak for themselves and no response is required.  To the extent that the allegations in the second sentence of Paragraph 243 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 243 relate to KPNV, KPNV denies them.

244.    To the extent that the allegations in Paragraph 244 state legal contentions, no response is required.

245.    The allegations in Paragraph 245 state legal contentions, for which no response is required.  To the extent that a response is required, KPNV denies all the allegations in Paragraph 245.

1          X.     **ALLEGATIONS CONCERNING CLAIM FOR VIOLATIONS**

2          246.    KPNV repeats and incorporates by reference its responses to Paragraph 1 through

3   245 of the Second Amended Complaint with the same force and effect as if set forth herein at

4   length.

5          247.    The allegations in Paragraph 247 constitute legal contentions and/or conclusions to

6   which no response is required.  To the extent the allegations in Paragraph 247 require a response,

7   KPNV denies all allegations.

8          248.    The allegations in Paragraph 248 constitute legal contentions and/or conclusions to

9   which no response is required.  To the extent the allegations in Paragraph 248 require a response,

10  KPNV denies all allegations.

11         249.    The allegations in Paragraph 249 constitute legal contentions and/or conclusions to

12  which no response is required.  To the extent the allegations in Paragraph 249 require a response,

13  KPNV denies all allegations.

14         250.    The allegations in Paragraph 250 constitute legal contentions and/or conclusions to

15  which no response is required.  To the extent the allegations in Paragraph 250 require a response,

16  KPNV denies all allegations.

17         251.    The allegations in Paragraph 251 and its subparts constitute legal contentions

18  and/or conclusions to which no response is required.  To the extent the allegations in Paragraph

19  251 and its subparts require a response, KPNV denies all allegations.

20         252.    The allegations in Paragraph 252 constitute legal contentions and/or conclusions to

21  which no response is required.  To the extent the allegations in Paragraph 252 require a response,

22  KPNV denies all allegations.

23         253.    KPNV repeats and incorporates by reference its responses to Paragraph 1 through

24  252 of the Second Amended Complaint with the same force and effect as if set forth herein at

25  length.

26         254.    To the extent that the allegations in Paragraph 254 state legal contentions, no

27  response is required.  To the extent that the allegations in Paragraph 254 relate to other

28                                          46                          MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 254 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 254 relate to KPNV, KPNV denies all of the allegations.  In particular, KPNV denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Second Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

255.    To the extent that the allegations in Paragraph 255 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 255 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 255 relate to KPNV, KPNV denies them.  In particular, KPNV denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Second Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

256.    To the extent that the allegations in Paragraph 256 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 256 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 256 relate to KPNV, KPNV denies them.

257.    The allegations in Paragraph 257 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 257 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 257 relate to KPNV, KPNV denies all of the allegations.

258.    To the extent that the allegations in Paragraph 258 and its subparts state legal

contentions, no response is required.  To the extent that the allegations in Paragraph 258 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 258 and its subparts relate to KPNV, KPNV denies them.

259.    To the extent that the allegations in Paragraph 259 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 259 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 259 and its subparts relate to KPNV, KPNV denies them.

260.    The allegations in Paragraph 260 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 260 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 260 relate to KPNV, KPNV denies all of the allegations.

261.    The allegations in Paragraph 261 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 261 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 261 relate to KPNV, KPNV denies all of the allegations. In particular, KPNV denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

262.    KPNV repeats and incorporates by reference its responses to Paragraph 1 through 261 of the Second Amended Complaint with the same force and effect as if set forth herein at length.

263.    To the extent that the allegations in Paragraph 263 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 263 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

on that basis, denies them. To the extent that the allegations in Paragraph 263 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 263 relate to KPNV, KPNV denies all of the allegations. In particular, KPNV denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Second Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

264. The allegations in Paragraph 264 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 248 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 264 relate to KPNV, KPNV denies all of the allegations.

265. The allegations in Paragraph 265 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 265 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 265 relate to KPNV, KPNV denies all of the allegations.

266. The allegations in Paragraph 266 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 266 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 266 relate to KPNV, KPNV denies all of the allegations.

267. The allegations in Paragraph 267 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 267 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 267 relate to KPNV, KPNV denies all of the allegations.

268.     The allegations in Paragraph 268 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 268 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 268 relate to KPNV, KPNV denies all of the allegations.

269.     The allegations in Paragraph 269 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 269 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 269 relate to KPNV, KPNV denies all of the allegations.

270.     The allegations in Paragraph 270 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 270 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 270 relate to KPNV, KPNV denies all of the allegations.

271.     KPNV repeats and incorporates by reference its responses to Paragraph 1 through 270 of the Second Amended Complaint with the same force and effect as if set forth herein at length.

272.     To the extent the allegations in Paragraph 272 constitute legal contentions and/or conclusions, no response is required.  To the extent the allegations in Paragraph 272 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 272 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 272 relate to KPNV, KPNV denies all of the allegations.

273.     The allegations in Paragraph 273 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

Paragraph 273 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 273 relate to KPNV, KPNV denies all of the allegations.

274.    The allegations in Paragraph 274 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 274 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 274 relate to KPNV, KPNV denies all of the allegations.

275.    The allegations in Paragraph 275 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 275 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 275 relate to KPNV, KPNV denies all of the allegations.

276.    The allegations in Paragraph 276 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 276 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 276 relate to KPNV, KPNV denies all of the allegations.

277.    The allegations in Paragraph 277 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 270 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 277 relate to KPNV, KPNV denies all of the allegations.

278.    KPNV repeats and incorporates by reference its responses to Paragraph 1 through 277 of the Second Amended Complaint with the same force and effect as if set forth herein at length.

279.    The allegations in Paragraph 279 constitute legal contentions and/or conclusions to

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

which no response is required.  To the extent that a response is required and the allegations in Paragraph 279 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 279 relate to KPNV, KPNV denies all of the allegations.

280.     The allegations in Paragraph 280 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 280 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 280 relate to KPNV, KPNV denies all of the allegations.

281.     The allegations in Paragraph 281 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 281 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 281 relate to KPNV, KPNV denies all of the allegations.

282.     The allegations in Paragraph 282 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 282 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 282 relate to KPNV, KPNV denies all of the allegations.

283.     The allegations in Paragraph 283 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 283 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 283 relate to KPNV, KPNV denies all of the allegations.

284.     The allegations in Paragraph 284 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 284 relate to other defendants, KPNV lacks knowledge or information sufficient to

form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 284 relate to KPNV, KPNV denies all of the allegations.

## XI. ALLEGATIONS CONCERNING PRAYER FOR RELIEF

With respect to Plaintiffs' prayer for relief, KPNV denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Second Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint. All allegations of the Second Amended Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

## XII. ALLEGATION CONCERNING JURY TRIAL DEMAND

To the extent any response is required to Plaintiffs' Jury Trial Demand, KPNV admits that Plaintiff purports to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, KPNV asserts the following additional and/or affirmative defenses to Plaintiffs' Second Amended Complaint:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

The Second Amended Complaint, and each of its claims for relief, fails to state sufficient facts upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Lack of Subject Matter Jurisdiction)

The conduct alleged to provide a basis for the claims of Plaintiffs did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States. The Court, therefore, lacks subject matter jurisdiction of the claims of Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

they are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## FOURTH AFFIRMATIVE DEFENSE

### (Vagueness of Claims)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because its claims are ambiguous and/or unintelligible.  KPNV avers that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit KPNV to ascertain what other defenses may exist.  KPNV therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Plead Conspiracy with Particularity)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitation)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unilateral Action)

Plaintiffs' claims are barred, in whole or in part, because the actions or practices of KPNV that are the subject of the Second Amended Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of KPNV's independent interests, and were not the product of any contract, combination or conspiracy between KPNV and any other person or entity.

## EIGHTH AFFIRMATIVE DEFENSE

### (Rule of Reason)

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of KPNV

that are the subject of the Second Amended Complaint were adopted in furtherance of legitimate business interests of KPNV and do not unreasonable restrain competition.

## NINTH AFFIRMATIVE DEFENSE

### (Competition)

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of KPNV that are the subject of the Second Amended Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

## TENTH AFFIRMATIVE DEFENSE

### (Non-actionable or Governmental Privilege)

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of KPNV that is the subject of the Second Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Act of KPNV)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have not been injured in its business or property by reason of any action of KPNV.

## TWELFTH AFFIRMATIVE DEFENSE

### (Intervening Conduct)

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of KPNV and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

### (*Ultra Vires*)

3    To the extent that any actionable conduct occurred, Plaintiffs' claims against KPNV are

4    barred because all such conduct would have been committed by individuals acting *ultra vires*.

5

## FOURTEENTH AFFIRMATIVE DEFENSE

6

### (Damages Passed On)

7    Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part,

8    because any injury or damage alleged in the Second Amended Complaint, which KPNV

9    specifically denies, was passed on to persons or entities other than Plaintiffs and/or was passed on

10   by Plaintiffs to other parties.

11

## FIFTEENTH AFFIRMATIVE DEFENSE

12

### (Withdrawal)

13   To the extent that any actionable conduct occurred for which KPNV is liable, some or all

14   of Plaintiffs' claims against KPNV are barred because KPNV withdrew from and/or abandoned

15   any alleged conspiracy prior to the commencement of the limitations period set forth in applicable

16   statutes of limitations.

17

## SIXTEENTH AFFIRMATIVE DEFENSE

18

### (Failure to Mitigate Damages)

19   Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs failed to take

20   all necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

21

## SEVENTEENTH AFFIRMATIVE DEFENSE

22

### (Unjust Enrichment)

23   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

24   part, because Plaintiffs would be unjustly enriched if it was allowed to recover any part of the

25   damages alleged in the Second Amended Complaint.

26

27

28

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2

### (Set Off)

3

Without admitting that Plaintiffs are entitled to recover damages in this matter, KPNV is

4

entitled to set off from any recovery Plaintiffs may obtain against KPNV any amount paid to

5

Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

6

## NINETEENTH AFFIRMATIVE DEFENSE

7

### (Legal Acts)

8

Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged

9

acts, conduct or statements that are specifically permitted by law.

10

## TWENTIETH AFFIRMATIVE DEFENSE

11

### (Waiver and Estoppel)

12

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

13

part, by the doctrines of waiver and/or estoppel.

14

## TWENTY-FIRST AFFIRMATIVE DEFENSE

15

### (Laches)

16

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

17

part, by the equitable doctrine of laches.

18

## TWENTY-SECOND AFFIRMATIVE DEFENSE

19

### (Unclean Hands)

20

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

21

part, by the equitable doctrine of unclean hands.

22

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23

### (Acquiescence)

24

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

25

part, by Plaintiffs' acquiescence and/or confirmation of any and all conduct and/or omissions

26

alleged as to KPNV.

27

28

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

1

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

2

### **(Accord and Satisfaction)**

3

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

4

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

5

### **(*Forum Non Conveniens*)**

6

The Second Amended Complaint should be dismissed on the grounds of *forum non*

7

*conveniens*.

8

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

9

### **(Improper Forum/Arbitration)**

10

Plaintiffs' claims against KPNV are barred to the extent that Plaintiffs have agreed to

11

arbitration or chosen a different forum for the resolution of its claims.

12

## **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

13

### **(Adequate Remedy at Law)**

14

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs have

15

available an adequate remedy at law.

16

## **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

17

### **(Failure to Join Indispensable Parties)**

18

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

19

part, for failure to join indispensable parties.

20

## **TWENTY-NINTH AFFIRMATIVE DEFENSE**

21

### **(Due Process)**

22

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper

23

multiple punitive award for a single wrong because such an award would violate KPNV's rights

24

guaranteed by the Due Process clause of the Fifth Amendment of the United States Constitution.

25

## **THIRTIETH AFFIRMATIVE DEFENSE**

26

### **(Due Process)**

27

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper

28

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Due Process provision of the Fourteenth Amendment of the United States Constitution.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Equal Protection)

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States Constitution.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Double Jeopardy)

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Excessive Fines)

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Excessive Fines provision of the Eighth Amendment of the United States Constitution.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Unconstitutional Multiplicity)

To the extent any recovery by Plaintiffs would be duplicative of recovery by other plaintiffs and other lawsuits, subjecting KPNV to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

59

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Foreign Sales)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover damages, if any, based on sales outside of the United States.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Second Amended Complaint, the fact and extent of which KPNV specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs and/or third parties or entities, other than KPNV.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure To Plead Damages With Specificity)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to plead damages with specificity as required by the federal laws cited.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Injury or Damages Offset by Benefits Received)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiffs received with respect to the challenged conduct.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Proportionality)

To the extent KPNV is found liable for damages, the fact and extent of which are expressly denied by KPNV, those damages must be reduced in proportion to KPNV's degree of fault.

## FORTIETH AFFIRMATIVE DEFENSE

### (Release)

The claims of one or more of the persons or entities Plaintiffs purport to represent are

barred because they have been released.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (No 'Full Consideration' Damages)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to "full consideration" damages.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Other Defenses Incorporated by Reference)

KPNV adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that KPNV may share in such affirmative defenses.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

KPNV  has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. KPNV further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

**WHEREFORE**, KPNV prays as follows:

1.      That Plaintiffs take nothing by way of the Second Amended Complaint and the Second Amended Complaint be dismissed with prejudice;

2.      That judgment be entered in favor of KPNV and against Plaintiffs on each and every claim for relief set forth in the Complaint;

3.      That KPNV recover its costs of suit and attorneys' fees incurred herein; and

4.      That KPNV be granted such other and further relief as the Court deems just and proper.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

1

2     Dated: November 4, 2013                    Respectfully Submitted:

3

4                                               By: /s/ Jon v. Swenson_____
                                                Jon V. Swenson

5

6

7                                               *Attorney for Defendant Koninklijke Philips N.V.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        62                           MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH
TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT