JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendant Panasonic Corporation*
*(f/k/a Matsushita Electric Industrial Co., Ltd.)*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** <br><br><br> This Document Relates to: <br><br> ELECTROGRAPH ACTION <br> 11-CV-01656 SC | **Case No. 07-5944 SC** <br> **MDL No. 1917** <br><br> **DEFENDANT PANASONIC CORPORATION'S ANSWER TO THE ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendant PANASONIC CORPORATION ("Panasonic"), by and through its attorneys, answers the allegations set forth in the Second Amended Complaint (the "Complaint") filed by plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corporation ("Plaintiffs"), and alleges additional or affirmative defenses as follows.  To the extent not specifically admitted herein, all allegations of the Complaint are denied.  Furthermore, the section headings included herein are included only for purposes of clarity and organization, and Panasonic does not admit, but rather hereby specifically denies, any factual or legal allegations in the headings used in the Complaint.

## I.   "INTRODUCTION"

1.      Panasonic denies the allegations contained in Paragraph 1 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

2.      The allegations in Paragraph 2 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies all of the allegations, except admits that color display tubes ("CDTs") can be used in computer monitors and certain other specialized applications, admits that color picture tubes ("CPTs") can be used in televisions, admits that CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various times certain affiliates of Panasonic manufactured some CRTs and some products containing CRTs.

3.      Panasonic denies the allegations contained in Paragraph 3 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4.      Panasonic denies the allegations contained in Paragraph 4 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

5.      Panasonic denies the allegations contained in Paragraph 5 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

6.    Panasonic denies the allegations contained in Paragraph 6 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7.    Panasonic denies the allegations contained in Paragraph 7 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8.    Panasonic denies the allegations contained in Paragraph 8 of the Complaint, except admits that an alleged conspiracy concerning cathode ray tubes ("CRTs") is or was being investigated by the United States Department of Justice ("DOJ"), and by certain other international competition authorities, and that it has been publicly reported that individuals have been indicted in connection with the DOJ investigation.

9.    Panasonic denies the allegations contained in Paragraph 9 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that certain affiliates of Panasonic have sold some products containing CRTs to Electrograph Systems, Inc.

## II.    "JURISDICTION AND VENUE"

10.    Panasonic denies the allegations contained in Paragraph 10 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the federal statutes identified therein and seek the relief sought therein.

11.    Panasonic denies the allegations contained in Paragraph 11 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the state statutes identified therein and seek the relief sought therein.

12.    Panasonic denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the state statutes identified therein and seek the relief sought therein.

13.    The allegations contained in Paragraph 13 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

response is required, Panasonic denies the allegations contained in Paragraph 13 of the Complaint, except admits that Plaintiffs purport to base subject matter jurisdiction on the federal and state statutes identified therein.

14.     Panasonic denies the allegations contained in Paragraph 14 of the Complaint as they relate to Panasonic, except admits that certain affiliates of Panasonic have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15.     Panasonic denies the allegations contained in Paragraph 15 of the Complaint as they relate to Panasonic, except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16.     The allegations of Paragraph 16 of the Complaint regarding jurisdiction constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, Panasonic denies the allegations as they relate to Panasonic except admits that certain affiliates of Panasonic have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17.     The allegations of Paragraph 17 of the Complaint regarding venue constitute legal contentions and/or conclusions to which no response is required.  Further the allegations of Paragraph 17 of the Complaint are moot because this matter is no longer in the Eastern District of New York.  To the extent that a response is required, Panasonic denies the allegations as they relate to Panasonic except admits that certain affiliates of Panasonic have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

III.    "**PARTIES**"

A.     "**Plaintiffs**"

18.     Panasonic denies the allegations contained in Paragraph 18 of the Complaint

3

in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19.     Panasonic denies the allegations contained in Paragraph 19 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20.     Panasonic denies the allegations contained in Paragraph 20 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that certain affiliates of Panasonic have sold some products containing CRTs to Electrograph Systems, Inc.

**B.     "Plaintiffs' Corporate History"**

21.     Panasonic denies the allegations contained in Paragraph 21 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22.     Panasonic denies the allegations contained in Paragraph 22 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Panasonic has sold some products containing CRTs to Electrograph Systems, Inc.

23.     Panasonic denies the allegations contained in Paragraph 23 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24.     Panasonic denies the allegations contained in Paragraph 24 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25.     Panasonic denies the allegations contained in Paragraph 25 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26.     Panasonic denies the allegations contained in Paragraph 26 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

DEFENDANT PANASONIC CORPORATION'S ANSWER TO THE
ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

thereof.

27.     Panasonic denies the allegations contained in Paragraph 27 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28.     Panasonic denies the allegations contained in Paragraph 28 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

29.     Panasonic denies the allegations contained in Paragraph 29 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

30.     Panasonic denies the allegations contained in Paragraph 30 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

31.     Panasonic denies the allegations contained in Paragraph 31 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

32.     Panasonic denies the allegations contained in Paragraph 32 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33.     Panasonic denies the allegations contained in Paragraph 33 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

C.     **"Defendants"**

1.     **"Hitachi Entities"**

34.     Panasonic denies the allegations contained in Paragraph 34 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

35.     Panasonic denies the allegations contained in Paragraph 35 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

36.     Panasonic denies the allegations contained in Paragraph 36 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

37.     Panasonic denies the allegations contained in Paragraph 37 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

38.     Panasonic denies the allegations contained in Paragraph 38 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

39.     Panasonic denies the allegations contained in Paragraph 39 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

40.     Panasonic admits that Plaintiffs purport to refer to the entities identified in Paragraph 40 of the Complaint collectively as "Hitachi."

**2.     "IRICO Entities"**

41.     Panasonic denies the allegations contained in Paragraph 41 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

42.     Panasonic denies the allegations contained in Paragraph 42 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

43.     Panasonic denies the allegations contained in Paragraph 43 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

44.     Panasonic admits that Plaintiffs purport to refer to the entities identified in

1  Paragraph 44 of the Complaint collectively as "IRICO."

2          **3.**    **"LG Electronics Entities"**

3          45.    Panasonic denies the allegations contained in Paragraph 45 of the Complaint

4  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

5  thereof.

6          46.    Panasonic denies the allegations contained in Paragraph 46 of the Complaint

7  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

8  thereof.

9          47.    Panasonic admits that Plaintiffs purport to refer to the entities identified in

10  Paragraph 47 of the Complaint collectively as "LG Electronics."

11          **4.**    **"LP Displays"**

12          48.    Panasonic denies the allegations contained in Paragraph 48 of the Complaint

13  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

14  thereof.

15          **5.**    **"Panasonic Entities"**

16          49.    Panasonic denies the allegations contained in Paragraph 49 of the Complaint

17  in their entirety, except admits that it is a Japanese entity with an office in Osaka, Japan at the

18  address listed in Paragraph 49, and that it was known as Matsushita Electric Industrial Co., Ltd.

19  ("MEI") prior to October 1, 2008.  Panasonic further admits that certain of its affiliates sold some

20  CRTs or products containing CRTs in the United States at various times during the purported

21  Relevant Period.

22          50.    Panasonic denies the allegations contained in Paragraph 50 of the Complaint

23  in their entirety, except admits that Panasonic Corporation of North America ("PNA") is a

24  Delaware corporation with its principal place of business formerly located at the address listed in

25  Paragraph 50.  Panasonic avers that PNA's principal place of business is now located at Two

26  Riverfront Plaza, Newark, New Jersey, 07102.  Panasonic further admits that PNA is a wholly-

27  owned subsidiary of Panasonic Corporation.  Panasonic further admits that PNA or certain affiliates

28  of PNA sold some CRTs or products containing CRTs in the United States at various times during

DEFENDANT PANASONIC CORPORATION'S ANSWER TO THE             Case No. 07-5944 SC
ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT       MDL NO. 1917

1   the purported Relevant Period.

2   51.   Panasonic admits that Plaintiffs purport to refer to the entities identified in

3   Paragraph 51 of the Complaint collectively as "Panasonic."

4   52.   Panasonic denies the allegations contained in Paragraph 52 of the Complaint

5   in their entirety, except admits that MT Picture Display Co., Ltd., f/k/a/ Matsushita Toshiba Picture

6   Display Co., Ltd. ("MTPD") is a Japanese entity with an office in Osaka, Japan at the address listed

7   in Paragraph 52.  Panasonic further admits that MTPD was established as a joint venture between

8   Panasonic and Toshiba Corporation ("Toshiba"), but avers that MTPD was formed in 2003, not

9   2002.  Panasonic further admits that it held 64.5% of MTPD at the time when MTPD was formed in

10  2003.  Panasonic further admits that it acquired Toshiba's 35.5% interest in MTPD on March 30,

11  2007, that MTPD became a wholly-owned subsidiary of Panasonic Corporation, and that MTPD

12  was renamed.  Panasonic further admits that certain affiliates of MTPD sold some CRTs or products

13  containing CRTs in the United States at various times during the purported Relevant Period.

14  53.   Panasonic denies the allegations contained in Paragraph 53 of the Complaint

15  for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

16  that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is a Chinese entity with its

17  headquarters in Beijing, China at the address listed in Paragraph 53.  Panasonic further admits that

18  BMCC is a joint venture formed in 1987, and further admits that MTPD at one time had a 50%

19  equity ownership interest in BMCC.

20  **6.   "Philips Entities"**

21  54.   Panasonic denies the allegations contained in Paragraph 54 of the Complaint

22  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

23  thereof.

24  55.   Panasonic denies the allegations contained in Paragraph 55 of the Complaint

25  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

26  thereof.

27  56.   Panasonic denies the allegations contained in Paragraph 56 of the Complaint

28  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

DEFENDANT PANASONIC CORPORATION'S ANSWER TO THE
ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

1  thereof.

2          57.    Panasonic denies the allegations contained in Paragraph 57 of the Complaint

3  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

4  thereof.

5          58.    Panasonic admits that Plaintiffs purport to refer to the entities identified in

6  Paragraph 58 of the Complaint collectively as "Philips."

7          **7.    "Samsung Entities"**

8          59.    Panasonic denies the allegations contained in Paragraph 59 of the Complaint

9  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

10  thereof.

11          60.    Panasonic denies the allegations contained in Paragraph 60 of the Complaint

12  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

13  thereof.

14          61.    Panasonic denies the allegations contained in Paragraph 61 of the Complaint

15  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

16  thereof.

17          62.    Panasonic denies the allegations contained in Paragraph 62 of the Complaint

18  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

19  thereof.

20          63.    Panasonic denies the allegations contained in Paragraph 63 of the Complaint

21  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

22  thereof.

23          64.    Panasonic denies the allegations contained in Paragraph 64 of the Complaint

24  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

25  thereof.

26          65.    Panasonic denies the allegations contained in Paragraph 65 of the Complaint

27  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

28  thereof.

66.     Panasonic admits that Plaintiffs purport to refer to the entities identified in Paragraph 66 of the Complaint collectively as "Samsung."

**8.     "Samtel"**

67.     Panasonic denies the allegations contained in Paragraph 67 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**9.     "Thai CRT"**

68.     Panasonic denies the allegations contained in Paragraph 68 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**10.     "Toshiba Entities"**

69.     Panasonic denies the allegations contained in Paragraph 69 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that it entered into a joint venture with Toshiba to form MTPD, but avers that MTPD was formed in 2003, not 2002.

70.     Panasonic denies the allegations contained in Paragraph 70 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

71.     Panasonic denies the allegations contained in Paragraph 71 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

72.     Panasonic denies the allegations contained in Paragraph 72 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

73.     Panasonic denies the allegations contained in Paragraph 73 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

74.     Panasonic admits that Plaintiffs purport to refer to the entities identified in

10

Paragraph 74 of the Complaint collectively as "Toshiba."

IV. **"AGENTS AND CO-CONSPIRATORS"**

75. Panasonic denies the allegations contained in Paragraph 75 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

76. Panasonic denies the allegations contained in Paragraph 76 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

77. The allegations contained in Paragraph 77 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof. Panasonic avers that the entity formerly known as Matsushita Electronic Corporation (Malaysia) Sdn. Bhd. ("Matsushita Malaysia") was dissolved on October 8, 2007.

78. Panasonic denies the allegations contained in Paragraph 78 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

79. Panasonic admits that Plaintiffs purport to refer to the entities identified in Paragraph 79 of the Complaint collectively as "Daewoo."

80. Panasonic denies the allegations contained in Paragraph 80 of the Complaint in their entirety, except admits that Matsushita Malaysia was a Malaysian entity that had an office located at the address listed in Paragraph 75 in Shah Alam, Malaysia, and was a direct subsidiary of Panasonic Corporation from 2001 until 2003, operating as Matsushita Display Devices (Malaysia) Sdn. Bhd. Panasonic further admits that Matsushita Malaysia was transferred to MTPD in 2003, renamed as MT Picture Display (Malaysia) Sdn. Bhd., and operated as a wholly-owned subsidiary of MTPD. Panasonic avers that the entity formerly known as Matsushita Malaysia was dissolved on October 8, 2007.

1    81.    Panasonic denies the allegations contained in Paragraph 81 of the Complaint

2  for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

3  that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred to MTPD in 2003, and

4  its name changed to PT.MT Picture Display Indonesia.  Panasonic further avers that PT.MT Picture

5  Display Indonesia discontinued its production on September 13, 2007, and was dissolved on

6  September 28, 2007.

7    82.    Panasonic denies the allegations contained in Paragraph 82 of the Complaint

8  for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

9  that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was transferred to MTPD in

10  2003 and changed its name to MT Picture Display (Thailand) Co., Ltd. ("MTPDT"), but denies that

11  MTPDT was a wholly-owned subsidiary of MTPD.  Panasonic further avers that MTPDT passed a

12  resolution of dissolution on May 13, 2009, and is now dissolved.

13    83.    Panasonic denies the allegations contained in Paragraph 83 of the Complaint

14  as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

15  information sufficient to form a belief as to the truth thereof.

16  **V.    "<u>TRADE AND COMMERCE</u>"**

17    84.    Panasonic denies the allegations contained in Paragraph 84 of the Complaint

18  as they relate to Panasonic, except admits that certain of its affiliates sold some CRTs or products

19  containing CRTs in the United States at various times during the purported Relevant Period, and

20  denies the remaining allegations for lack of knowledge or information sufficient to form a belief as

21  to the truth thereof.

22    85.    Panasonic denies the allegations contained in Paragraph 85 of the Complaint

23  as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

24  information sufficient to form a belief as to the truth thereof.

25    86.    Panasonic denies the allegations contained in Paragraph 86 of the Complaint

26  as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

27  information sufficient to form a belief as to the truth thereof.

28

DEFENDANT PANASONIC CORPORATION'S ANSWER TO THE                    Case No. 07-5944 SC
ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT                  MDL NO. 1917

1

2      VII.    "**FACTUAL ALLEGATIONS**"

3
           A.      "**CRT Technology**"
4
                87.     The allegations in Paragraph 87 of the Complaint constitute characterizations
5
       of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the
6
       extent that a response is required, Panasonic admits that the CRT is a specialized vacuum tube in
7
       which images are produced when an electron beam strikes a phosphorescent surface, but otherwise
8
       denies the allegations in their entirety for lack of knowledge or information sufficient to form a
9
       belief as to the truth thereof.
10
                88.     The allegations in Paragraph 88 of the Complaint constitute characterizations
11
       of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the
12
       extent that a response is required, Panasonic admits that CRT technology was used in making tubes
13
       for televisions in the 1990's, but otherwise denies the allegations in their entirety for lack of
14
       knowledge or information sufficient to form a belief as to the truth thereof.
15
                89.     The allegations in Paragraph 89 of the Complaint constitute characterizations
16
       of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the
17
       extent that a response is required, Panasonic admits that a lower quality CRT produces a poor
18
       display, but otherwise denies the allegations in their entirety for lack of knowledge or information
19
       sufficient to form a belief as to the truth thereof.
20
                90.     The allegations in Paragraph 90 of the Complaint constitute characterizations
21
       of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the
22
       extent that a response is required, Panasonic admits that CRT production was refined over time, but
23
       otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to
24
       form a belief as to the truth thereof.
25
                91.     The allegations in Paragraph 91 of the Complaint constitute characterizations
26
       of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the
27
       extent that a response is required, Panasonic admits that CDTs and CPTs are types of CRTs, admits
28

that CDTs can be used in computer monitors and certain other specialized applications, and admits that CPTs can be used in televisions, but otherwise denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

92. The allegations in Paragraph 92 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 92 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

93. The allegations of Paragraph 93 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 93 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

94. Panasonic denies the allegations contained in Paragraph 94 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

95. Panasonic denies the allegations contained in Paragraph 95 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

96. Panasonic denies the allegations contained in Paragraph 96 of the Complaint.

**B.**  **"Structure of the CRT Industry"**

97. Panasonic denies the allegations contained in Paragraph 97 of the Complaint.

**1.**  **"Market Concentration"**

98. Panasonic denies the allegations contained in the second sentence of Paragraph 98 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

**2.**  **"Information Sharing"**

99. Panasonic denies the allegations contained in Paragraph 99 of the Complaint

1    as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

2    information sufficient to form a belief as to the truth thereof.

3         100.     Panasonic denies the allegations contained in Paragraph 100 of the Complaint

4    as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

5    information sufficient to form a belief as to the truth thereof.

6         **3.    "Consolidation"**

7         101.     Panasonic denies the allegations contained in Paragraph 101 of the Complaint

8    as they relate to Panasonic, except admits that a merger between Toshiba's and Panasonic

9    Corporation's CRT businesses resulted in the creation of MTPD, and denies the remaining

10    allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

11    Panasonic avers that MTPD was created in 2003, not 2002.

12         **4.    "Multiple Interrelated Business Relationships"**

13         102.     Panasonic denies the allegations contained in Paragraph 102 of the

14    Complaint.

15         103.     Panasonic denies the allegations contained in Paragraph 103, including its

16    subparts, for lack of knowledge or information sufficient to form a belief as to the truth thereof,

17    with the exception that Toshiba and Panasonic Corporation formed a CRT joint venture, MTPD, in

18    2003, and that Toshiba and Panasonic Corporation formed a joint venture to manufacture TFT-LCD

19    panels.

20         **5.    "High Costs of Entry Into the Industry"**

21         104.     Panasonic denies the allegations contained in Paragraph 104 of the Complaint

22    in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

23    thereof.

24         105.     Panasonic denies the allegations contained in the first sentence of Paragraph

25    105 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth

26    thereof, and denies the remaining allegations in their entirety.

27         **6.    "The Maturity of the CRT Product Market"**

28         106.     Panasonic denies the allegations contained in Paragraph 106 of the Complaint

in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the CRT market is mature.

107.    Panasonic denies the allegations contained in Paragraph 107 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

108.    Panasonic denies the allegations contained in Paragraph 108 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

109.    Panasonic denies the allegations contained in Paragraph 109 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

110.    Panasonic denies the allegations contained in Paragraph 110 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

111.    Panasonic denies the allegations contained in Paragraph 111 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**7.    "Homogeneity of CRT Products"**

112.    Panasonic denies the allegations contained in Paragraph 112 of the Complaint.

113.    Panasonic denies the allegations contained in Paragraph 113 of the Complaint.

**C.    "Pre-Conspiracy Market"**

114.    Panasonic denies the allegations contained in Paragraph 114 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

115.    Panasonic denies the allegations contained in Paragraph 115 of the Complaint

in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**D.    "Defendants' and Co-Conspirators' Illegal Agreements"**

116.    Panasonic denies the allegations contained in Paragraph 116 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

117.    Panasonic denies the allegations contained in Paragraph 117 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

118.    Panasonic denies the allegations contained in Paragraph 118 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

119.    Panasonic denies the allegations contained in Paragraph 119 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

120.    Panasonic denies the allegations contained in Paragraph 120 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**1.    "Glass Meetings"**

121.    Panasonic denies the allegations contained in Paragraph 121 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

122.    Panasonic denies the allegations contained in Paragraph 122 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

123.    Panasonic denies the allegations contained in Paragraph 123 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

1   information sufficient to form a belief as to the truth thereof.

2           124.    Panasonic denies the allegations contained in Paragraph 124 of the Complaint

3   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

4   information sufficient to form a belief as to the truth thereof.

5           125.    Panasonic denies the allegations contained in Paragraph 125 of the Complaint

6   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

7   information sufficient to form a belief as to the truth thereof.

8           126.    Panasonic denies the allegations contained in Paragraph 126 of the Complaint

9   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

10  information sufficient to form a belief as to the truth thereof.

11          127.    Panasonic denies the allegations contained in Paragraph 127 of the Complaint

12  as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

13  information sufficient to form a belief as to the truth thereof.

14          128.    Panasonic denies the allegations contained in Paragraph 128 of the Complaint

15  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

16  thereof.

17          129.    Panasonic denies the allegations contained in Paragraph 129 of the Complaint

18  as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

19  information sufficient to form a belief as to the truth thereof.

20          130.    Panasonic denies the allegations contained in Paragraph 130 of the Complaint

21  as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

22  information sufficient to form a belief as to the truth thereof.

23          131.    Panasonic denies the allegations contained in Paragraph 131 of the Complaint

24  as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

25  information sufficient to form a belief as to the truth thereof.

26          132.    Panasonic denies the allegations contained in Paragraph 132 of the Complaint

27  as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

28  information sufficient to form a belief as to the truth thereof.

133.   Panasonic denies the allegations contained in Paragraph 133 of the Complaint, including its subparts, as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

134.   Panasonic denies the allegations contained in Paragraph 134 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

135.   Panasonic denies the allegations contained in Paragraph 135 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**2.   "Bilateral Discussions"**

136.   Panasonic denies the allegations contained in Paragraph 136 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

137.   Panasonic denies the allegations contained in Paragraph 137 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

138.   Panasonic denies the allegations contained in Paragraph 138 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

139.   Panasonic denies the allegations contained in Paragraph 139 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

140.   Panasonic denies the allegations contained in Paragraph 140 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

141.   Panasonic denies the allegations contained in Paragraph 141 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19

3.    **"Defendants' and Co-Conspirators' Participation in Group and Bilateral Discussions"**

142.    Panasonic denies the allegations contained in Paragraph 142 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

143.    Panasonic denies the allegations contained in Paragraph 143 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

144.    Panasonic denies the allegations contained in Paragraph 144 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

145.    Panasonic denies the allegations contained in Paragraph 145 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

146.    Panasonic denies the allegations contained in Paragraph 146 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

147.    Panasonic denies the allegations contained in Paragraph 147 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

148.    Panasonic denies the allegations contained in Paragraph 148 of the Complaint.

149.    Panasonic denies the allegations contained in Paragraph 149 of the Complaint.

150.    Panasonic denies the allegations contained in Paragraph 150 of the Complaint.

151.    Panasonic denies the allegations contained in Paragraph 151 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

1   information sufficient to form a belief as to the truth thereof.

2              152.    Panasonic denies the allegations contained in Paragraph 152 of the Complaint

3   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

4   information sufficient to form a belief as to the truth thereof.

5              153.    Panasonic denies the allegations contained in Paragraph 153 of the Complaint

6   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

7   information sufficient to form a belief as to the truth thereof.

8              154.    Panasonic denies the allegations contained in Paragraph 154 of the Complaint

9   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

10   information sufficient to form a belief as to the truth thereof.

11              155.    Panasonic denies the allegations contained in Paragraph 155 of the Complaint

12   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

13   information sufficient to form a belief as to the truth thereof.

14              156.    Panasonic denies the allegations contained in Paragraph 156 of the Complaint

15   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

16   information sufficient to form a belief as to the truth thereof.

17              157.    Panasonic denies the allegations contained in Paragraph 157 of the Complaint

18   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

19   information sufficient to form a belief as to the truth thereof.

20              158.    Panasonic denies the allegations contained in Paragraph 158 of the Complaint

21   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

22   information sufficient to form a belief as to the truth thereof.

23              159.    Panasonic denies the allegations contained in Paragraph 159 of the Complaint

24   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

25   information sufficient to form a belief as to the truth thereof.

26              160.    Panasonic denies the allegations contained in Paragraph 160 of the Complaint

27   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

28   information sufficient to form a belief as to the truth thereof.

161.    Panasonic denies the allegations contained in Paragraph 161 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**E.    "The CRT Market During the Conspiracy"**

162.    Panasonic denies the allegations contained in Paragraph 162 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

163.    Panasonic denies the allegations contained in Paragraph 163 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

164.    Panasonic denies the allegations contained in Paragraph 164 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

165.    Panasonic denies the allegations contained in Paragraph 165 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

166.    Panasonic denies the allegations contained in Paragraph 166 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

167.    Panasonic denies the allegations contained in Paragraph 167 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

168.    Panasonic denies the allegations contained in Paragraph 168 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

169.    Panasonic denies the allegations contained in Paragraph 169 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

thereof.

170.    Panasonic denies the allegations contained in Paragraph 170 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

171.    Panasonic denies the allegations contained in Paragraph 171 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

172.    Panasonic denies the allegations contained in Paragraph 172 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

173.    Panasonic denies the allegations contained in Paragraph 173 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

174.    Panasonic denies the allegations contained in Paragraph 174 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

175.    Panasonic denies the allegations contained in Paragraph 175 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**F.**     **"International Government Antitrust Investigations"**

176.    Panasonic denies the allegations contained in Paragraph 176 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

177.    Panasonic denies the allegations contained in Paragraph 177 for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around November 8, 2007, certain offices of Panasonic-affiliated entities were the subject of investigation by antitrust authorities.

1           178.     Panasonic admits that MTPD's offices were visited by Japan's Fair Trade

2  Commission.

3           179.     Panasonic denies the allegations contained in Paragraph 179 of the Complaint

4  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

5  thereof.

6           180.     Panasonic denies the allegations contained in Paragraph 180 of the Complaint

7  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

8  thereof.

9           181.     Panasonic denies the allegations contained in Paragraph 181 of the Complaint

10  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

11  thereof.

12           182.     Panasonic denies the allegations contained in Paragraph 182 of the Complaint

13  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

14  thereof.

15           183.     Panasonic denies the allegations contained in Paragraph 183 of the Complaint

16  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

17  thereof.

18           184.     Panasonic denies the allegations contained in Paragraph 184 of the Complaint

19  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

20  thereof, except admits that on or around May 6, 2008, the Hungarian Competition Authority issued

21  a press release concerning its initiation of a competition supervision proceeding in connection with

22  an alleged conspiracy in the Hungarian market involving CRTs and respectfully refers the Court to

23  that document for a review of its contents.

24           185.     Panasonic denies the allegations contained in Paragraph 185 of the Complaint

25  in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

26  thereof, except admits that on or around February 10, 2009, the DOJ issued a press release

27  concerning the indictment of an executive of Chunghwa Picture Tubes, Ltd., and respectfully refers

28  the Court to that document for a review of its contents.

DEFENDANT PANASONIC CORPORATION'S ANSWER TO THE        Case No. 07-5944 SC
ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT        MDL NO. 1917

186.     Panasonic denies the allegations contained in Paragraph 186 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around August 19, 2009, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

187.     Panasonic denies the allegations contained in Paragraph 187 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around March 30, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

188.     Panasonic denies the allegations contained in Paragraph 188 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around November 9, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

189.     Panasonic denies the allegations contained in Paragraph 189 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around March 18, 2011, the DOJ issued a press release concerning a plea agreement entered into by a CDT industry participant and respectfully refers the Court to that document for a review of its contents.

190.     Panasonic denies the allegations contained in Paragraph 190 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

191.     Panasonic denies the allegations contained in Paragraph 191 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

192.     Panasonic denies the allegations contained in Paragraph 192 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

thereof, except admits that on or around December 5, 2012, the European Commission issued an announcement of certain fines relating to the CRT industry and respectfully refers the Court to that document for a review of its contents.

193. Panasonic denies the allegations contained in Paragraph 193 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

194. Panasonic denies the allegations contained in Paragraph 194 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

195. Panasonic denies the allegations contained in Paragraph 195 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

196. Panasonic denies the allegations contained in Paragraph 196 of the Complaint, except admits that an alleged conspiracy concerning the TFT-LCD market is or was being investigated by the DOJ, and by certain other international competition authorities, and that this investigation was revealed on or around December 2006. Panasonic further avers that it is not a subject of these investigations.

197. Panasonic denies the allegations contained in Paragraph 197 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

198. Panasonic denies the allegations contained in Paragraph 198 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

199. Panasonic denies the allegations contained in Paragraph 199 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

200. Panasonic denies the allegations contained in Paragraph 200 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

thereof.

**G.**     **"The Role of Trade Associations During the Relevant Period"**

201.     Panasonic denies the allegations contained in Paragraph 201 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

202.     Panasonic denies the allegations contained in Paragraph 202 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

203.     Panasonic denies the allegations contained in Paragraph 203 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

204.     Panasonic denies the allegations contained in Paragraph 204 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

205.     Panasonic denies the allegations contained in Paragraph 205 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**H.**     **"Effects of Defendants' Antitrust Violations"**

**1.**     **"Examples of Reductions in Manufacturing Capacity by Defendants"**

206.     The allegations in Paragraph 206 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 206 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

207.     Panasonic denies the allegations contained in Paragraph 207 of the Complaint, except admits that MTPD's subsidiary in New York ceased operations in December 2004, and admits that a press release contained the phrases quoted in Paragraph 207 of the Complaint.

208.    Panasonic denies the allegations contained in Paragraph 208 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

209.    Panasonic denies the allegations contained in Paragraph 209 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except avers that it was announced on November 30, 2005, not in December 2005, that MTPD's American subsidiary in Ohio and German subsidiary would discontinue operations.

210.    Panasonic denies the allegations contained in Paragraph 210 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

211.    Panasonic denies the allegations contained in Paragraph 211 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the closure of Matsushita Malaysia was announced in July 2006.

**2.    "Examples of Collusive Pricing for CRT Products"**

212.    Panasonic denies the allegations contained in Paragraph 212 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

213.    Panasonic denies the allegations contained in Paragraph 213 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

214.    Panasonic denies the allegations contained in Paragraph 214 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

215.    Panasonic denies the allegations contained in Paragraph 215 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

216.    Panasonic denies the allegations contained in Paragraph 216 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

thereof.

217.    Panasonic denies the allegations contained in Paragraph 217 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

218.    Panasonic denies the allegations contained in Paragraph 218 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

219.    Panasonic denies the allegations contained in Paragraph 219 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

220.    Panasonic denies the allegations contained in Paragraph 220 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

221.    Panasonic denies the allegations contained in Paragraph 221 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**H.    "Summary Of Effects Of The Conspiracy Involving CRT Products"**

222.    Panasonic denies the allegations contained in Paragraph 222 of the Complaint, including its subparts, as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**VII.    "PLAINTIFFS' INJURIES"**

223.    Panasonic denies the allegations contained in Paragraph 223 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

224.    Panasonic denies the allegations contained in Paragraph 224 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

225.    The allegations of Paragraph 225 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

226.    Panasonic denies the allegations contained in Paragraph 226 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

227.    The allegations of Paragraph 227 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 227 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

228.    Panasonic denies the allegations contained in Paragraph 228 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

229.    Panasonic denies the allegations contained in Paragraph 229 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VIII.   "FRAUDULENT CONCEALMENT"

230.    Panasonic denies the allegations contained in Paragraph 230 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

231.    Panasonic denies the allegations contained in Paragraph 231 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

232.    Panasonic denies the allegations contained in Paragraph 232 of the Complaint

1    as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

2    information sufficient to form a belief as to the truth thereof.

3         233.    Panasonic denies the allegations contained in Paragraph 233 of the Complaint

4    as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

5    information sufficient to form a belief as to the truth thereof.

6         234.    Panasonic denies the allegations contained in Paragraph 234 of the Complaint

7    as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

8    information sufficient to form a belief as to the truth thereof.

9         235.    Panasonic denies the allegations contained in Paragraph 235 of the Complaint

10   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

11   information sufficient to form a belief as to the truth thereof.

12        236.    Panasonic denies the allegations contained in Paragraph 236 of the Complaint

13   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

14   information sufficient to form a belief as to the truth thereof.

15        237.    Panasonic denies the allegations contained in Paragraph 237 of the Complaint

16   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

17   information sufficient to form a belief as to the truth thereof.

18        238.    Panasonic denies the allegations contained in Paragraph 238 of the Complaint

19   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

20   information sufficient to form a belief as to the truth thereof.

21        239.    Panasonic denies the allegations contained in Paragraph 239 of the Complaint

22   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

23   information sufficient to form a belief as to the truth thereof.

24        240.    Panasonic denies the allegations contained in Paragraph 240 of the Complaint

25   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

26   information sufficient to form a belief as to the truth thereof.

27        241.    Panasonic denies the allegations contained in Paragraph 241 of the Complaint

28   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

1  information sufficient to form a belief as to the truth thereof.

2         242.   Panasonic denies the allegations in Paragraph 242 of the Complaint as they

3  relate to Panasonic, and denies the remaining allegations for lack of knowledge or information

4  sufficient to form a belief as to the truth thereof.

5  IX.    "*AMERICAN PIPE*, GOVERNMENT ACTION, AND CROSS-JURISDICTIONAL

6  TOLLING"

7         243.   Panasonic incorporates and realleges its responses to Paragraphs 185-191

8  above, as if fully set forth herein.  The allegations contained in Paragraph 243 of the Complaint

9  constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the

10  extent that a response is required, Panasonic denies the allegations contained in Paragraph 243 of

11  the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of

12  knowledge or information sufficient to form a belief as to the truth thereof.

13         244.   The allegations contained in Paragraph 244 of the Complaint constitute legal

14  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

15  response is required, Panasonic denies the allegations contained in Paragraph 244 of the Complaint

16  as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or

17  information sufficient to form a belief as to the truth thereof.

18         245.   The allegations contained in Paragraph 245 of the Complaint constitute legal

19  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

20  response is required, Panasonic denies the allegations contained in Paragraph 245 of the Complaint

21  as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or

22  information sufficient to form a belief as to the truth thereof.

23  X.    "<u>CLAIM FOR VIOLATIONS</u>"

24                        "<u>First Claim for Relief</u>

25                  (<u>Violation of Section 1 of the Sherman Act</u>)"

26         246.   Panasonic incorporates and realleges its responses to Paragraphs 1-245

27  above, as if fully set forth herein.

28         247.   The allegations in Paragraph 237 of the Complaint constitute legal

1   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

2   response is required, Panasonic denies the allegations contained in Paragraph 237 of the Complaint

3   as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or

4   information sufficient to form a belief as to the truth thereof.

5                248.    Panasonic denies the allegations contained in Paragraph 248 of the Complaint

6   as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or

7   information sufficient to form a belief as to the truth thereof.

8                249.    Panasonic denies the allegations contained in Paragraph 249 of the Complaint

9   as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or

10  information sufficient to form a belief as to the truth thereof.

11               250.    Panasonic denies the allegations contained in Paragraph 250 of the Complaint

12  as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or

13  information sufficient to form a belief as to the truth thereof.

14               251.    Panasonic denies the allegations contained in Paragraph 251 of the

15  Complaint, including its subparts, as they relate to Panasonic, and denies the remaining allegations

16  for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17               252.    Panasonic denies the allegations contained in Paragraph 252 of the Complaint

18  as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or

19  information sufficient to form a belief as to the truth thereof.

20                          **"Second Claim for Relief**

21                     **(Violation of the California Cartwright Act)"**

22               253.    Panasonic incorporates and realleges its responses to Paragraphs 1-253

23  above, as if fully set forth herein.

24               254.    The allegations in Paragraph 254 of the Complaint constitute legal

25  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

26  response is required, Panasonic denies the allegations for lack of knowledge or information

27  sufficient to form a belief as to the truth thereof.

28               255.    Panasonic denies the allegations contained in Paragraph 255 of the Complaint

as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

256.   The allegations in Paragraph 256 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

257.   The allegations in Paragraph 257 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

258.   Panasonic denies the allegations contained in Paragraph 258 of the Complaint, including its subparts, as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

259.   Panasonic denies the allegations contained in Paragraph 259 of the Complaint, including its subparts, as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

260.   Panasonic denies the allegations contained in Paragraph 260 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

261.   The allegations in Paragraph 261 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 261 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## "**Third Claim for Relief**

### (**Violation of California Unfair Competition Law**)"

262.   Panasonic incorporates and realleges its responses to Paragraphs 1-261 above, as if fully set forth herein.

263.    The allegations in Paragraph 263 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 263 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

264.    The allegations in Paragraph 264 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 264 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

265.    The allegations in Paragraph 265 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 265 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

266.    The allegations in Paragraph 266 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 266 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

267.    The allegations in Paragraph 267 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 267 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

268.    The allegations in Paragraph 268 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 268 of the Complaint

35

1    as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or

2    information sufficient to form a belief as to the truth thereof.

3            269.    Panasonic denies the allegations contained in Paragraph 269 of the Complaint

4    as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or

5    information sufficient to form a belief as to the truth thereof.

6            270.    The allegations in Paragraph 270 of the Complaint constitute legal

7    contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

8    response is required, Panasonic denies the allegations contained in Paragraph 270 of the Complaint

9    as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or

10   information sufficient to form a belief as to the truth thereof.

11                           **"Fourth Claim for Relief**

12                       **(Violation of the New York Donnelly Act)"**

13           271.    Panasonic incorporates and realleges its responses to Paragraphs 1-270

14   above, as if fully set forth herein.

15           272.    The allegations in Paragraph 272 of the Complaint constitute legal

16   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

17   response is required, Panasonic denies the allegations contained in Paragraph 272 of the Complaint

18   as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or

19   information sufficient to form a belief as to the truth thereof.

20           273.    The allegations in Paragraph 273 of the Complaint constitute legal

21   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

22   response is required, Panasonic denies the allegations contained in Paragraph 273 of the Complaint

23   as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or

24   information sufficient to form a belief as to the truth thereof.

25           274.    Panasonic denies the allegations contained in Paragraph 274 of the Complaint

26   as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or

27   information sufficient to form a belief as to the truth thereof.

28           275.    The allegations in Paragraph 275 of the Complaint constitute legal

contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 275 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

276.   The allegations in Paragraph 276 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 276 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

277.   The allegations in Paragraph 277 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 277 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## "Fifth Claim for Relief

## (Violation of New York Unfair Competition Law)"

278.   Panasonic incorporates and realleges its responses to Paragraphs 1-277 above, as if fully set forth herein.

279.   Panasonic denies the allegations contained in Paragraph 279 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

280.   The allegations in Paragraph 280 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 280 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

281.   Panasonic denies the allegations contained in Paragraph 281 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or

information sufficient to form a belief as to the truth thereof.

282.     Panasonic denies the allegations contained in Paragraph 282 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

283.     Panasonic denies the allegations contained in Paragraph 283 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that certain affiliates of Panasonic directly or indirectly sold some products containing CRTs in New York during the purported Relevant Period.

284.     The allegations in Paragraph 284 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 284 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## XI.     "PRAYER FOR RELIEF"

Panasonic denies that Plaintiffs suffered any injury or incurred any damages by any action(s) or omission(s) of Panasonic as alleged in the Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in each of the paragraphs and their subparts in the Complaint.

## XII.     "JURY TRIAL DEMAND"

The allegations contained under the heading "Jury Trial Demand" contain no factual assertions for which a response is required.  To the extent that a response is required, Panasonic denies the allegations contained under the heading "Jury Trial Demand" in their entirety, except admits that Plaintiffs demand a trial by jury.

### DEFENSES

FURTHER, Panasonic asserts the following defenses and affirmative defenses to the Complaint.  Panasonic does not concede that it has the burden of proof as to any of the defenses listed below:

## FIRST DEFENSE

### (Failure to State a Claim for Relief)

Neither Plaintiffs' Complaint nor any claim for relief asserted therein states facts sufficient to constitute a claim for relief against Panasonic.

## SECOND DEFENSE

### (Statute of Limitations)

The relief sought by Plaintiffs is barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

### (Actual and Proximate Injury)

The relief sought by Plaintiffs is barred, in whole or in part, because the Plaintiffs were not actually and proximately injured in their business or property by reason of any action(s) or omission(s) of Panasonic.

## FOURTH DEFENSE

### (No Damages)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent that Plaintiffs purportedly suffered injury or damage, which Panasonic specifically denies, Panasonic further contends that any such purported injury or damage was not by reason of any action(s) or omission(s) of Panasonic.

## FIFTH DEFENSE

### (No Antitrust Injury)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to remedy.

## SIXTH DEFENSE

### (Speculative Damages)

39

1    The relief sought by Plaintiffs is barred, in whole or in part, because the alleged

2  damages sought are too speculative and uncertain, and because of the impossibility of the

3  ascertainment and allocation of such alleged damages.

4                                    **SEVENTH DEFENSE**

5                                        (Mitigation)

6    The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

7  failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

8                                     **EIGHTH DEFENSE**

9            (Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

10   The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

11  failed to allege fraud or fraudulent concealment with sufficient particularity.

12                                     **NINTH DEFENSE**

13                     (Failure to Plead Conspiracy with Particularity)

14   The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

15  failed to allege conspiracy with sufficient particularity.

16                                     **TENTH DEFENSE**

17                    (Lack of Standing to Sue for Injuries Alleged)

18   The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs lack

19  standing to sue for the injuries alleged in the complaint.  To the extent that Plaintiffs purchased

20  products containing CRTs, as opposed to CRTs themselves, their alleged injuries are even more

21  speculative, derivative, indirect, and remote.  Plaintiffs' damage claims create an impermissible risk

22  of duplicative recoveries and complex damage apportionment.

23                                   **ELEVENTH DEFENSE**

24                                       (Due Process)

25   To the extent Plaintiffs' claims would result in Panasonic paying damages to more

26  than one claimant for the same alleged overcharges to customers, they are barred because such

27  multiple liability would violate rights guaranteed to Panasonic by the United States Constitution,

28  including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth

40

Amendment, and by applicable state law.

## TWELFTH DEFENSE

### (Other/Superseding Causation)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom Panasonic had no control or responsibility.  The acts of such third parties constitute intervening or superseding cases of harm, if any, suffered by Plaintiffs.

## THIRTEENTH DEFENSE

### (Waiver and Estoppel)

The relief sought by Plaintiffs is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## FOURTEENTH DEFENSE

### (Laches)

The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine of laches.

## FIFTEENTH DEFENSE

### (Unclean Hands)

The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTEENTH DEFENSE

### (Unjust Enrichment)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Complaint.

## SEVENTEENTH DEFENSE

### (Adequate Remedy at Law)

DEFENDANT PANASONIC CORPORATION'S ANSWER TO THE
ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

The equitable relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have available an adequate remedy at law.

**EIGHTEENTH DEFENSE**

(Comparative Fault)

The relief sought by Plaintiffs is barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which Panasonic specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs and/or third parties or entities, other than Panasonic.

**NINETEENTH DEFENSE**

(Acquiescence)

The relief sought by Plaintiffs is barred, in whole or in part, by Plaintiffs' acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to Panasonic.

**TWENTIETH DEFENSE**

(No Detrimental Reliance)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

**TWENTY-FIRST DEFENSE**

(Set Off)

Without admitting that Plaintiffs are entitled to recover damages in this matter, Panasonic is entitled to set off from any recovery Plaintiffs may obtain against Panasonic, any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

**TWENTY-SECOND DEFENSE**

(Failure to State a Claim for Injunctive Relief)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to state a claim for injunctive relief insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

**TWENTY-THIRD DEFENSE**

(Lack of Jurisdiction)

The relief sought by Plaintiffs is barred, in whole or in part, because any alleged conduct of Panasonic occurred outside of the jurisdiction of the Court.

**TWENTY-FOURTH DEFENSE**

(Foreign Trade Antitrust Improvements Act)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to make a single specific allegation to support the claim that the alleged conduct had "a direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a.

**TWENTY-FIFTH DEFENSE**

(Foreign Conduct)

Plaintiffs' claims are barred to the extent that they are based on conduct beyond the territorial reach of the laws or courts of the United States.

**TWENTY-SIXTH DEFENSE**

(Damages Not Passed Through to Plaintiffs)

The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiffs, or was incurred by or passed on to persons or entities other than Plaintiffs.

**TWENTY-SEVENTH DEFENSE**

(Damages Passed On)

The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Complaint, which Panasonic specifically denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

**TWENTY-EIGHTH DEFENSE**

(No Unreasonable Restraint of Trade)

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged

43

1  conduct of Panasonic did not unreasonably restrain trade.

2                                 **TWENTY-NINTH DEFENSE**

3                                 (Acts Outside the Jurisdiction)

4          The relief sought by Plaintiffs is barred, in whole or in part, to the extent Panasonic's

5  alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor

6  affected persons, entities, or commerce in the various States cited.

7                                 **THIRTIETH DEFENSE**

8                          (Restitution Unmanageable and Inequitable)

9          The relief sought by Plaintiffs is barred, in whole or in part, to the extent the

10 restitution sought in the Complaint is unmanageable and inequitable.

11                                **THIRTY-FIRST DEFENSE**

12                         (Lack of Standing as Indirect Purchasers)

13         The relief sought by Plaintiffs is barred, in whole or in part, to the extent the various

14 States cited have not repealed the *Illinois Brick* doctrine.

15                                **THIRTY-SECOND DEFENSE**

16                            (Unjust Enrichment Claims Barred)

17         The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs

18 have failed to exhaust all remedies against Panasonic.

19                                **THIRTY-THIRD DEFENSE**

20     (Goods Not Purchased Primarily for Personal, Family, or Household Purposes)

21         The relief sought by Plaintiffs is barred, in whole or in part, to the extent that any Plaintiff

22 did not purchase goods primarily for personal, family, or household purposes.

23                                **THIRTY-FOURTH DEFENSE**

24              (Independent, Legitimate Business and Economic Justification)

25         The relief sought by Plaintiffs is barred, in whole or in part, because any conduct

26 engaged in by Panasonic was reasonable and based on independent, legitimate business and

27 economic justification.

28                                **THIRTY-FIFTH DEFENSE**

DEFENDANT PANASONIC CORPORATION'S ANSWER TO THE                Case No. 07-5944 SC
ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT              MDL NO. 1917

1      (Private Claim Cannot Be Brought In A Representative Capacity)

2          The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs

3   bring any claims in a representative capacity, to the extent a private claim may not be brought in a

4   representative capacity under the laws of various states.

5                          **THIRTY-SIXTH DEFENSE**

6                      (Lack of Sufficient Contacts to States)

7          The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs'

8   claims lack sufficient contacts to the states under whose laws they are brought, in violation of rights

9   guaranteed to Panasonic by the United States Constitution, including, without limitation, rights

10  guaranteed by the Due Process Clause of the Fourteenth Amendment, and by other applicable state

11  and federal law.

12                         **THIRTY-SEVENTH DEFENSE**

13                          (Attorneys' Fees)

14         Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is

15  not allowed under applicable federal or state law.

16  **INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES**

17         Panasonic hereby incorporates by reference, as if set forth fully herein, all other

18  defenses and affirmative defenses to the Complaint alleged by any other defendant.  Panasonic

19  presently has insufficient knowledge or information on which to form a belief as to whether it may

20  have available additional, as yet unstated, defenses.  Panasonic reserves the right to assert other

21  defenses and affirmative defenses as this action proceeds, the right to file an amended answer

22  asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event that

23  discovery indicates that such pleadings are appropriate.

24         WHEREFORE, Panasonic prays for judgment as follows:

25         1.      That Plaintiffs take nothing under the Complaint, and the Complaint be

26                 dismissed with prejudice;

27         2.      That judgment be entered in favor of Panasonic and against Plaintiffs on each

28                 and every cause of action set forth in the Complaint;

1          3.      That Panasonic recover its costs of suit and attorneys' fees incurred herein;

2                  and

3          4.      That Panasonic be granted such other and further relief as the Court deems

4                  just and proper.

5   Dated: November 4, 2013                 By:   */s/ Jeffrey L. Kessler*
                                            JEFFREY L. KESSLER (*pro hac vice*)
6                                           Email: jkessler@winston.com
                                            A. PAUL VICTOR (*pro hac vice*)
7                                           Email: pvictor@winston.com
                                            ALDO A. BADINI (257086)
8                                           Email: abadini@winston.com
                                            EVA W. COLE (*pro hac vice*)
9                                           Email: ewcole@winston.com
                                            MOLLY M. DONOVAN (*pro hac vice*)
10                                          Email: mmdonovan@winston.com
                                            **WINSTON & STRAWN LLP**
11
                                            200 Park Avenue
12                                          New York, New York 10166-4193
                                            Telephone: (212) 294-4692
13                                          Facsimile: (212) 294-4700

14

15                                          STEVEN A. REISS (*pro hac vice*)
                                            E-mail: steven.reiss@weil.com
16                                          DAVID L. YOHAI (*pro hac vice*)
                                            E-mail: david.yohai@weil.com
17                                          ADAM C. HEMLOCK (*pro hac vice*)
                                            E-mail: adam.hemlock@weil.com
18                                          DAVID E. YOLKUT (*pro hac vice*)
                                            E-mail: david.yolkut@weil.com
19                                          **WEIL, GOTSHAL & MANGES LLP**
20                                          767 Fifth Avenue
                                            New York, New York 10153-0119
21                                          Telephone: (212) 310-8000
                                            Facsimile: (212) 310-8007
22

23                                          GREGORY D. HULL (57367)
                                            E-mail: greg.hull@weil.com
24                                          **WEIL, GOTSHAL & MANGES LLP**
                                            201 Redwood Shores Parkway
25                                          Redwood Shores, California 94065-1175
                                            Telephone: (650) 802-3000
26                                          Facsimile: (650) 802-3100

27                                          ***Attorneys for Defendant Panasonic Corporation***
                                            ***(f/k/a Matsushita Electric Industrial Co., Ltd.)***
28

46

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

On November 4, 2013, I caused a copy of "DEFENDANT PANASONIC CORPORATION'S ANSWER TO THE ELECTROGRAPH PLAINTIFFS' SECOND AMENDED COMPLAINT" to be served via ECF on the other parties in this action.

By:   _/s/ Jeffrey L. Kessler_
          Jeffrey L. Kessler (*pro hac vice*)