BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile:  (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Philips Electronics North
America Corporation*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC |
| | MDL No. 1917 |
| | Individual Case No. CV 11-5514 |
| SEARS, ROEBUCK AND CO. and KMART CORP., <br><br> Plaintiffs <br> v. <br><br> CHUNGHWA PICTURE TUBES, LTD.; CHUNGHWA PICTURE TUBES (MALAYSIA); IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LG ELECTRONICS TAIWAN TAIPEI CO., LTD.; LP DISPLAYS INTERNATIONAL LTD.; HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), | **ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO SEARS, ROEBUCK AND CO. and KMART CORP.'S SECOND AMENDED COMPLAINT** <br><br> **Trial Date: None Set** |

MDL 1917

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION  TO SEARS, ROEBUCK AND CO. and KMART CORP.'S SECOND AMENDED COMPLAINT

1 INC.; SHENZHEN SEG HITACHI COLOR
DISPLAY DEVICES, LTD.;  PANASONIC
CORPORATION; PANASONIC
2 CORPORATION OF NORTH AMERICA; MT
PICTURE DISPLAY CO., LTD.; BEIJING
3 MATSUSHITA COLOR CRT CO., LTD.;
KONINKLIJKE PHILIPS ELECTRONICS N.V.;
4 PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION; PHILIPS ELECTRONICS
5 INDUSTRIES (TAIWAN), LTD.; PHILIPS DA
AMAZONIA INDUSTRIA ELECTRONICA
6 LTDA.; SAMSUNG ELECTRONICS CO., LTD.;
SAMSUNG ELECTRONICS AMERICA, INC.;
7 SAMSUNG SDI CO., LTD.; SAMSUNG SDI
AMERICA, INC.; SAMSUNG SDI MEXICO
8 S.A. DE C.V.;  SAMSUNG SDI BRASIL LTDA.;
SHENZHEN SAMSUNG SDI CO., LTD.;
9 TIANJIN SAMSUNG SDI CO., LTD.;
SAMSUNG SDI (MALAYSIA) SDN. BHD.;
10 SAMTEL COLOR LTD.; THAI CRT CO., LTD.;
TOSHIBA CORPORATION; TOSHIBA
11 AMERICA, INC.; TOSHIBA AMERICA
CONSUMER PRODUCTS, LLC; TOSHIBA
12 AMERICA ELECTRONIC COMPONENTS,
INC.; TOSHIBA AMERICA INFORMATION
13 SYSTEMS, INC.,

Defendants

Defendant Philips Electronics North America Corporation ("PENAC"), by and through its

undersigned counsel of record, answers Sears, Roebuck and Co. and Kmart Corp.'s (collectively

"Plaintiffs") Second Amended Complaint (the "Second Amended Complaint") and alleges

additional or affirmative defenses as follows.  PENAC denies each and every allegation in the

Second Amended Complaint's section headings asserted herein and in all portions of the Second

Amended Complaint not contained in numbered paragraphs.  To the extent that the Second

Amended Complaint's allegations concern persons and/or entities other than PENAC, PENAC

denies that such allegations support any claim for relief against PENAC.  PENAC denies any

allegations not explicitly admitted herein.

## I.    INTRODUCTION[1]

1.      To the extent that the allegations in Paragraph 1 state legal contentions, no

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the Second Amended Complaint.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION  TO SEARS, ROEBUCK AND
CO. and KMART CORP.'S SECOND AMENDED COMPLAINT

response is required.  To the extent that the allegations in Paragraph 1 are definitional, no response is required.  PENAC avers that the use of the terms "CPTs," "CDTs," and "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Second Amended Complaint indefinite and uncertain.  To the extent that the allegations in Paragraph 1 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 1 relate to PENAC, PENAC denies all of the allegations.

2.     To the extent that the allegations in Paragraph 2 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 2 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the allegations in Paragraph 2 relate to PENAC, PENAC denies all of the allegations.

3.     To the extent that the allegations in Paragraph 3 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 3 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 3 relate to PENAC, PENAC denies all of the allegations.

4.     To the extent that the allegations in Paragraph 4 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 4 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 4 relate to PENAC, PENAC denies all of the allegations.

5.     To the extent that the allegations in Paragraph 5 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 5 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

denies them.  To the extent the allegations in Paragraph 5 relate to PENAC, PENAC denies all of the allegations.

6.     To the extent that the allegations in Paragraph 6 state legal contentions, no response is required.  PENAC lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 6 and, on that basis, denies them.

7.     PENAC admits that government authorities in the United States and other countries have commenced investigations of the CRT industry, the details of which are matters of public record and such records speak for themselves.  PENAC admits that an indictment was issued against C.Y. Lin, the details of which are matters of public record and such records speak for themselves.  PENAC admits that other individuals have been indicted by the DOJ, the details of which are matters of public record and such records speak for themselves.

8.     To the extent that the allegations in Paragraph 8 refer to public statements and filings by government authorities, those statements and filings speak for themselves and no response is required.  To the extent that the allegations in Paragraph 8 relate to other defendants, PENAC lacks knowledge or information to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 8 relate to PENAC, PENAC denies them.

9.     To the extent that the allegations in Paragraph 9 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 9 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 9 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 9 relate to PENAC, PENAC denies all of the allegations.  PENAC denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint and alleged in Paragraph 9.

## II.     ALLEGATIONS CONCERNING JURISDICTION AND VENUE

10.    PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities,

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION  TO SEARS, ROEBUCK AND CO. and KMART CORP.'S SECOND AMENDED COMPLAINT

uses, technologies, and products at different points in the production chain) together, renders the allegations of the Second Amended Complaint indefinite and uncertain.  The allegations in Paragraph 10 state legal contentions to which no response is required.  PENAC admits that Plaintiffs purport to bring this action to obtain injunctive relief under Section 16 of the Clayton Act, and to recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1), but denies that Plaintiffs are entitled to any relief under those statutes.

11.     To the extent that the allegations in Paragraph 11 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC admits that Plaintiffs purport to bring this action pursuant to various state laws, but denies that Plaintiffs are entitled to any relief under those laws.  PENAC denies any remaining allegations in Paragraph 11.

12.     The allegations in Paragraph 12 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that the allegations in Paragraph 12 require a response, PENAC denies that this district has subject matter jurisdiction based on the conduct of PENAC as alleged in the Second Amended Complaint.

13.     The allegations in Paragraph 13 regarding jurisdiction constitute legal contentions to which no response is required.  PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Second Amended Complaint indefinite and uncertain.  To the extent that a response is required and the allegations in Paragraph 13 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 13 relate to PENAC, PENAC denies these allegations.

14.     The allegations in Paragraph 14 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 14 relate to other defendants, PENAC lacks knowledge or information sufficient to

form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 14 relate to PENAC, PENAC denies that this district has subject matter jurisdiction based on the conduct of PENAC as alleged in the Second Amended Complaint.

15.     The allegations in Paragraph 15 regarding venue constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 15 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 15 relate to PENAC, PENAC denies these allegations and denies that venue lies in this Court based on the conduct of PENAC as alleged in the Second Amended Complaint.

### III.     ALLEGATIONS CONCERNING THE PARTIES

16.     To the extent that the allegations in Paragraph 16 state legal contentions, no response is required.  PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 16 indefinite and uncertain.  To the extent that the allegations in Paragraph 16 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 16 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 16 relate to PENAC, PENAC denies them.

17.     To the extent that the allegations in Paragraph 17 state legal contentions, no response is required.  PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 17 indefinite and uncertain.  To the extent that the allegations in

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION  TO SEARS, ROEBUCK AND
CO. and KMART CORP.'S SECOND AMENDED COMPLAINT

Paragraph 17 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 17 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 17 relate to PENAC, PENAC denies all of the allegations.

18.     To the extent that the allegations in Paragraph 18 state legal contentions, no response is required.  PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 18 indefinite and uncertain.  To the extent that the allegations in Paragraph 18 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

19.     To the extent that the allegations in Paragraph 19 state legal contentions, no response is required.  PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 19 indefinite and uncertain.  To the extent that the allegations in Paragraph 19 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

20.     The allegations in Paragraph 20 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies them.

21.     The allegations in Paragraph 21 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, denies them.

22.     The allegations in Paragraph 22 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies them.

23.     The allegations in Paragraph 23 are an explanation of terminology, for which no response is required.

24.     To the extent that the allegations in Paragraph 24 state legal contentions, no response is required.  PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and Koninklijke Philips N.V. ("KPNV") transferred its entire CRT business into the 50/50 CRT joint venture.  The remaining allegations in Paragraph 24 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and, on that basis, denies them.

25.     The allegations in Paragraph 25 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies them.

26.     The allegations in Paragraph 26 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies them.

27.     The allegations in Paragraph 27 are an explanation of terminology, for which no response is required.

28.     To the extent that the allegations in Paragraph 28 state legal contentions, no response is required.  PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  The remaining allegations in Paragraph 28 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and that the allegations in Paragraph 28 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 28 relate to PENAC, PENAC denies them..

29.     The allegations in Paragraph 29 are not directed at PENAC and, therefore, no

1   response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

2   belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies them.

3       30.     The allegations in Paragraph 30 are not directed at PENAC and, therefore, no

4   response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

5   belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies them.

6       31.     The allegations in Paragraph 31 are not directed at PENAC and, therefore, no

7   response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

8   belief as to the truth of the allegations in Paragraph 31 and, on that basis, denies them.

9       32.     The allegations in Paragraph 32 are not directed at PENAC and, therefore, no

10  response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

11  belief as to the truth of the allegations in Paragraph 32 and, on that basis, denies them.

12      33.     The allegations in Paragraph 33 are not directed at PENAC and, therefore, no

13  response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

14  belief as to the truth of the allegations in Paragraph 33 and, on that basis, denies them.

15      34.     The allegations in Paragraph 34 are not directed at PENAC and, therefore, no

16  response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

17  belief as to the truth of the allegations in Paragraph 34 and, on that basis, denies them.

18      35.     The allegations in Paragraph 35 are an explanation of terminology, for which no

19  response is required.

20      36.     The allegations in Paragraph 36 are not directed at PENAC and, therefore, no

21  response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

22  belief as to the truth of the allegations in Paragraph 36 and, on that basis, denies them.

23      37.     The allegations in Paragraph 37 are not directed at PENAC and, therefore, no

24  response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

25  belief as to the truth of the allegations in Paragraph 37 and, on that basis, denies them.

26      38.     The allegations in Paragraph 38 are an explanation of terminology, for which no

27  response is required.

28

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION  TO SEARS, ROEBUCK AND
CO. and KMART CORP.'S SECOND AMENDED COMPLAINT

39.     The allegations in Paragraph 39 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies them.

40.     The allegations in Paragraph 40 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, denies them.

41.     To the extent that the allegations in Paragraph 41 state legal contentions, no response is required.  PENAC admits that KPNV is a Dutch entity with its principal place of business at Brenner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands, but avers that KPNV legally changed its corporate name to Koninklijke Philips N.V.  PENAC admits that Philips & Co. was founded in 1891 but denies the remaining allegations found in the second and third sentences of Paragraph 41.  PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  PENAC denies that it manufactured, marketed, sold and/or distributed CRT products on behalf of KPNV in the United States.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41 and, on that basis, denies them.

42.     PENAC admits that it is a Delaware corporation with its principal place of business at 1251 Avenue of the Americas, New York, New York, 10020.  PENAC admits that it is an indirect subsidiary of PENAC.  Owing to the vagueness of "CRT Products," PENAC denies the third sentence of Paragraph 42.  PENAC denies that KPNV dominated or controlled its finances, policies, and affairs.  PENAC denies any remaining allegations in Paragraph 42.

43.     The allegations in Paragraph 43 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, denies them.

44.     The allegations in Paragraph 44 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 44 and, on that basis, denies them.

45.    The allegations in Paragraph 45 are an explanation of terminology, for which no response is required.  PENAC avers, however, that Paragraph 45 renders the Second Amended Complaint indefinite and uncertain as to PENAC.

46.    The allegations in Paragraph 46 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies them.

47.    The allegations in Paragraph 47 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, on that basis, denies them.

48.    The allegations in Paragraph 48 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, on that basis, denies them.

49.    The allegations in Paragraph 49 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies them.

50.    The allegations in Paragraph 50 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies them.

51.    The allegations in Paragraph 51 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, on that basis, denies them.

52.    The allegations in Paragraph 52 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies them.

53.    The allegations in Paragraph 53 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies them.

54.     The allegations in Paragraph 54 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies them.

55.     The allegations in Paragraph 55 are an explanation of terminology, no which no response is required.

56.     The allegations in Paragraph 56 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, on that basis, denies them.

57.     The allegations in Paragraph 57 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, on that basis, denies them.

58.     The allegations in Paragraph 58 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, denies them.

59.     The allegations in Paragraph 59 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, on that basis, denies them.

60.     The allegations in Paragraph 60 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, denies them.

61.     The allegations in Paragraph 61 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies them.

62.     The allegations in Paragraph 62 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, on that basis, denies them.

63.     The allegations in Paragraph 63 are an explanation of terminology, for which no response is required.

64.     The allegations in Paragraph 64 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, on that basis, denies them.

65.     The allegations in Paragraph 65 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, on that basis, denies them.

66.     The allegations in Paragraph 66 are an explanation of terminology, for which no response is required.

**IV.     ALLEGATIONS CONCERNING AGENTS AND CO-CONSPIRATORS**

67.     The allegations of Paragraph 67 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 67 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 67 relate to PENAC, PENAC denies all of the allegations.

68.     The allegations in Paragraph 68 are ambiguous and/or unintelligible. To the extent that the allegations in Paragraph 68 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 68 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 68 relate to PENAC, PENAC denies all of the allegations.

69.     The allegations in Paragraph 69 are not directed at PENAC and, therefore, no response is required.  Additionally, the allegations in Paragraph 69 state legal contentions, for which no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 69 relate to PENAC, PENAC

denies all of the allegations.

70.     The allegations in Paragraph 70 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies them.

71.      The allegations in Paragraph 71 are an explanation of terminology, for which no response is required.

72.     The allegations in Paragraph 72 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, on that basis, denies them.

73.     The allegations in Paragraph 73 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, on that basis, denies them.

74.     The allegations in Paragraph 74 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, on that basis, denies them.

75.     The allegations of Paragraph 75 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 75 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 75 relate to PENAC, PENAC denies all of the allegations.

## V.     <u>ALLEGATIONS CONCERNING TRADE AND COMMERCE</u>

76.     The allegations in Paragraph 76 regarding "continuous and uninterrupted flow of interstate commerce and foreign commerce" are legal contentions to which no response is required. To the extent that the allegations in Paragraph 76 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 76 require a response, PENAC denies all of the allegations.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION  TO SEARS, ROEBUCK AND CO. and KMART CORP.'S SECOND AMENDED COMPLAINT

77.     The allegations in Paragraph 77 state legal contentions to which no response is required.  To the extent a response is required and the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77, and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 77 relate to PENAC, PENAC denies them.

78.     The allegations in Paragraph 78 state legal contentions to which no response is required.  To the extent a response is required and the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78, and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 78 relate to PENAC, PENAC denies them.

## VI.     FACTUAL ALLEGATIONS

79.     PENAC admits that the allegations in Paragraph 79 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

80.     PENAC admits that the allegations in Paragraph 80 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

81.     PENAC admits that the allegations in Paragraph 81 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

82.     PENAC admits that the allegations in Paragraph 82 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

83.     PENAC admits that the allegations in Paragraph 83 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

84.     PENAC admits that the allegations in Paragraph 84 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

85.     To the extent that the allegations in Paragraph 85 state legal contentions, no response is required.  PENAC admits that the allegations in Paragraph 85 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

86.     To the extent that the allegations in Paragraph 86 state legal contentions, no

response is required.  PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 86 indefinite and uncertain.  To the extent that the allegations in Paragraph 86 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 86 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.To the extent that the allegations in Paragraph 86 relate to PENAC, PENAC denies all of the allegations. In particular, PENAC denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint and alleged in Paragraph 86.

87.     To the extent that the allegations in Paragraph 87 state legal contentions, no response is required.  PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 87 indefinite and uncertain.  To the extent that the allegations in Paragraph 87 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 87 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 87 relate to PENAC, PENAC denies all of the allegations.

88.     To the extent that the allegations in Paragraph 88 state legal contentions, no response is required.  PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 88 indefinite and uncertain.  PENAC denies that Plaintiffs are entitled to

any relief under any theory by means of the allegations set forth in the Second Amended Complaint and alleged in Paragraph 88.

89.     The allegations in Paragraph 89 are legal contentions to which no response is required.  To the extent that a response is required, PENAC denies every allegation in Paragraph 89.

90.     The allegations in Paragraph 90 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 90 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 90 relate to PENAC, PENAC denies all allegations.

91.     To the extent that the allegations in Paragraph 91 state legal contentions, no response is required.  To the extent that the other allegations in Paragraph 91 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 91 relate to PENAC, PENAC denies all of the allegations.

92.     The allegations in Paragraph 92 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 92 are not directed at PENAC, and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, on that basis, denies them.

93.     PENAC avers that the use of the term "Philips" in Paragraph 93 renders the Second Amended Complaint indefinite and uncertain as to PENAC.  The allegations in Paragraph 93 are legal contentions to which no response is required.  To the extent that a response is required, PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  To the extent that the allegations in Paragraph 93 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that

basis, denies them.  PENAC denies any remaining allegations in Paragraph 93.

94.    The allegations in Paragraph 94 are legal contentions to which no response is required.  To the extent a response is required, PENAC denies the allegations in Paragraph 94.

95.    PENAC avers that the use of the term "Philips" in Paragraph 95 renders the Second Amended Complaint indefinite and uncertain as to PENAC.  To the extent that the allegations in Paragraph 95 and its subparts state legal contentions, no response is required.  PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  PENAC admits that LG.Philips LCD Co., Ltd. was formed in 1999.  PENAC denies that it was supplied "CRTs" from Samtel.  To the extent that the remaining allegations in Paragraph 95 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 95 and its subparts relate to PENAC, PENAC denies them.

96.    The allegations in Paragraph 96 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 96 require a response, PENAC denies all of the allegations.

97.    The allegations in Paragraph 97 are legal contentions to which no response is required.  To the extent a response is required and that the allegations in Paragraph 97 relate to other  defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 97 require a response, PENAC denies all of the allegations.

98.    The allegations in Paragraph 98 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 98 require a response, PENAC denies all of the allegations.

99.    The allegation in the second sentence of Paragraph 99 is a legal contention to which no response is required.  PENAC otherwise lacks knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 99 and, on that basis, denies them.

100.    The allegation in the second sentence of Paragraph 100 is a legal contention to which no response is required.  PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in the first and third sentences of Paragraph 100 and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 100 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the remaining allegations in Paragraph 100 relate to PENAC, PENAC denies all of the allegations.

101.    The allegations in Paragraph 101 are legal contentions to which no response is required.  To the extent a response is required, PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 101 and, on that basis, denies them.

102.    The allegations in Paragraph 102 are legal contentions to which no response is required.  To the extent a response is required, PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 102 and, on that basis, denies them.

103.    The allegations in Paragraph 103 are legal contentions to which no response is required.  To the extent a response is required, PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 103 and, on that basis, denies them.

104.    The allegations in Paragraph 104 are legal contentions to which no response is required.  PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 104 indefinite and uncertain.  To the extent a response is required and the allegations in Paragraph 104 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 104 relate to PENAC, PENAC denies all of the allegations.

105.    The allegations in Paragraph 105 are legal contentions to which no response is required.  To the extent a response is required, PENAC denies all of the allegations in Paragraph

1    105.

2       106.    To the extent that the allegations in Paragraph 106 state legal contentions, no

3    response is required.  To the extent that the allegations in Paragraph 106 relate to other

4    defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

5    and, on that basis, denies them.  To the extent the allegations in Paragraph 106 relate to PENAC,

6    PENAC denies all of the allegations.

7       107.    The allegations in Paragraph 107 are not directed at PENAC and, therefore, no

8    response is required.  To the extent a response is required, PENAC lacks knowledge or

9    information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and, on

10   that basis, denies them.

11      108.    The allegations in Paragraph 108 state legal contentions to which no response is

12   required.  To the extent that the allegations in Paragraph 108 relate to other defendants, PENAC

13   lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

14   denies them.  To the extent the allegations in Paragraph 108 relate to PENAC, PENAC denies all

15   of the allegations.

16      109.    PENAC avers that the use of the term "Philips" in Paragraph 109 renders the

17   Second Amended Complaint indefinite and uncertain as to PENAC.  To the extent that the

18   allegations in Paragraph 109 state legal contentions, no response is required.  To the extent that

19   the allegations in Paragraph 109 relate to other defendants, PENAC lacks knowledge or

20   information sufficient to form a belief as to their truth and, on that basis, denies them.  To the

21   extent that the remaining allegations in Paragraph 109 concern PENAC, PENAC denies them.

22      110.    The allegations in Paragraph 110 are not directed at PENAC and, therefore, no

23   response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

24   belief as to the truth of the allegations in Paragraph 110 and, on that basis, denies them.

25      111.    To the extent that the allegations in Paragraph 111 state legal contentions, no

26   response is required.  To the extent that the allegations in Paragraph 111 relate to other

27   defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

28                                                    19                        MDL 1917

and, on that basis, denies them.  To the extent that the allegations in Paragraph 111 relate to PENAC, PENAC denies them.

112.    The allegations in Paragraph 112 state legal contentions to which no response is required.  To the extent a response is required, PENAC denies all the allegations of Paragraph 112.

113.    To the extent that the allegations in Paragraph 113 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 113 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 113 relate to PENAC, PENAC denies all of the allegations.

114.    To the extent that the allegations in Paragraph 114 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 114 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 114 relate to PENAC, PENAC denies all of the allegations.

115.    To the extent that the allegations in Paragraph 115 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 115 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 115 relate to PENAC, PENAC denies all of the allegations.

116.    To the extent that the allegations in Paragraph 116 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 116 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 116 relate to PENAC, PENAC denies all of the allegations.

117.    To the extent that the allegations in Paragraph 117 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 117 relate to other

1   defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

2   and, on that basis, denies them.  To the extent that the allegations in Paragraph 117 relate to

3   PENAC, PENAC denies all of the allegations.

4        118.    PENAC avers that the use of the term "Philips" in Paragraph 118 renders the

5   Second Amended Complaint indefinite and uncertain as to PENAC.  To the extent that the

6   allegations in Paragraph 118 state legal contentions, no response is required.  To the extent that

7   the allegations in Paragraph 118 relate to other defendants, PENAC lacks knowledge or

8   information sufficient to form a belief as to their truth and, on that basis, denies them.  To the

9   extent that the allegations in Paragraph 118 relate to PENAC, PENAC denies all of the

10  allegations.

11       119.    To the extent that the allegations in Paragraph 119 state legal contentions, no

12  response is required.  To the extent that the allegations in Paragraph 119 relate to other

13  defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

14  and, on that basis, denies them.  To the extent that the allegations in Paragraph 119 relate to

15  PENAC, PENAC denies all of the allegations.

16       120.    To the extent that the allegations in Paragraph 120 state legal contentions, no

17  response is required.  To the extent that the allegations in Paragraph 120 relate to other

18  defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

19  and, on that basis, denies them.  To the extent that the allegations in Paragraph 120 relate to

20  PENAC, PENAC denies all of the allegations.

21       121.    To the extent that the allegations in Paragraph 121 state legal contentions, no

22  response is required.  To the extent that the allegations in Paragraph 121 relate to other

23  defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

24  and, on that basis, denies them.  To the extent that the allegations in Paragraph 121 relate to

25  PENAC, PENAC denies all of the allegations.  PENAC denies any remaining allegations in

26  Paragraph 121.

27       122.    To the extent that the allegations in Paragraph 122 state legal contentions, no

28                                                    21                              MDL 1917

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION  TO SEARS, ROEBUCK AND
CO. and KMART CORP.'S SECOND AMENDED COMPLAINT

response is required.  To the extent that the allegations in Paragraph 122 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 122 relate to PENAC, PENAC denies all of the allegations.

123.    The allegations in Paragraph 123 state legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 123 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 123 relate to PENAC, PENAC denies all of the allegations.

124.    To the extent that the allegations in Paragraph 124 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 124 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 124 relate to PENAC, PENAC denies all of the allegations.

125.    To the extent that the allegations in Paragraph 125 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 125 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 125 relate to PENAC, PENAC denies all of the allegations.

126.    To the extent that the allegations in Paragraph 126 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 126 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 126 and its subparts relate to PENAC, PENAC denies all of the allegations.

127.    To the extent that the allegations in Paragraph 127 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 127 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

and, on that basis, denies them.  To the extent that the allegations in Paragraph 127 relate to PENAC, PENAC denies all of the allegations.

128.    To the extent that the allegations in Paragraph 128 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 128 refer to public filings by government authorities, those filings speak from themselves and no response is required.  To the extent that the allegations in Paragraph 128 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 128 relate to PENAC, PENAC denies all of the allegations.

129.    To the extent that the allegations in Paragraph 129 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 129 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 129 relate to PENAC, PENAC denies all of the allegations.

130.    To the extent that the allegations in Paragraph 130 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 130 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 130 relate to PENAC, PENAC denies all of the allegations.

131.    To the extent that the allegations in Paragraph 131 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 131 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 131 relate to PENAC, PENAC denies all of the allegations.

132.    To the extent that the allegations in Paragraph 132 state legal contentions, no response is required.  With respect to the third sentence in Paragraph 132, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that

23

basis, denies them.  To the extent that the remaining allegations in Paragraph 132 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 132 relate to PENAC, PENAC denies all of the allegations.

133.    To the extent that the allegations in Paragraph 133 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 133 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 133 relate to PENAC, PENAC denies all of the allegations.

134.    To the extent that the allegations in Paragraph 134 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 134 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 134 relate to PENAC, PENAC denies all of the allegations.

135.    To the extent that the allegations in Paragraph 135 state legal contentions, no response is required.  The allegations in Paragraph 135 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 135 relate to PENAC, PENAC denies all of the allegations.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and, on that basis, denies them.

136.    To the extent that the allegations in Paragraph 136 state legal contentions, no response is required.  The allegations in Paragraph 136 are not directed at PENAC and, therefore, no response is required.   To the extent that the allegations in Paragraph 136 relate to PENAC, PENAC denies all of the allegations.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and, on that basis, denies them.

137.    To the extent that the allegations in Paragraph 137 state legal contentions, no

response is required.  The allegations in Paragraph 137 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 137 relate to PENAC, PENAC denies all of the allegations.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and, on that basis, denies them.

138.    PENAC avers that the use of the term "Philips" in Paragraph 138 renders the Second Amended Complaint indefinite and uncertain as to PENAC.  The allegations in Paragraph 138 also state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 138 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 138 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, on that basis, denies them.

139.    The allegations in Paragraph 139 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 139 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 139 relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and, on that basis, denies them.

140.    PENAC avers that the use of the term "Philips" in Paragraph 140 renders the Second Amended Complaint indefinite and uncertain as to PENAC.  To the extent that the allegations in Paragraph 140 state legal contentions, no response is required.  To the extent the allegations in Paragraph 140 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent the allegations in Paragraph 140 relate to PENAC, PENAC denies all of the allegations.  PENAC specifically denies that any employee of LP Displays or LG.Philips Displays previously attended any meeting described in this Paragraph on its behalf.

141.    The allegations in Paragraph 141 state legal contentions to which no response is

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION  TO SEARS, ROEBUCK AND CO. and KMART CORP.'S SECOND AMENDED COMPLAINT

required. Additionally, the allegations in Paragraph 141 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 141 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and, on that basis, denies them.

142. The allegations in Paragraph 142 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 142 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 142 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and, on that basis, denies them.

143. The allegations in Paragraph 143 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 143 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 143 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, denies them.

144. The allegations in Paragraph 144 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 144 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 144 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, on that basis, denies them.

145. PENAC avers that the use of the term "Philips" in Paragraph 145 renders the Second Amended Complaint indefinite and uncertain as to PENAC. To the extent that the allegations in Paragraph 145 state legal contentions, no response is required. PENAC denies that it participated in any such "Glass meetings" or "bilateral discussions" after 2001 "through"

LG.Philips Displays.  To the extent that the allegations in Paragraph 145 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  In all other respects, PENAC denies the allegations in Paragraph 145.

146.    To the extent that the allegations in Paragraph 146 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 146 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 146 relate to PENAC, PENAC denies them.

147.    The allegations in Paragraph 147 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 147 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and, on that basis, denies them. To the extent the allegations in Paragraph 147 relate to PENAC, PENAC denies all of the allegations.

148.    The allegations in Paragraph 148 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 148 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and, on that basis, denies them. To the extent the allegations in Paragraph 148 relate to PENAC, PENAC denies all of the allegations.

149.    The allegations in Paragraph 149 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 149 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, denies them. To the extent the allegations in Paragraph 149 relate to PENAC, PENAC denies all of the allegations.

150.     The allegations in Paragraph 150 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 150 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and, on that basis, denies them. To the extent the allegations in Paragraph 150 relate to PENAC, PENAC denies all of the allegations.

151.     The allegations in Paragraph 151 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 151 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and, on that basis, denies them. To the extent the allegations in Paragraph 151 relate to PENAC, PENAC denies all of the allegations.

152.     The allegations in Paragraph 152 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 152 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and, on that basis, denies them. To the extent the allegations in Paragraph 152 relate to PENAC, PENAC denies all of the allegations.

153.     The allegations in Paragraph 153 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 153 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and, on that basis, denies them. To the extent the allegations in Paragraph 153 relate to PENAC, PENAC denies all of the allegations.

154.     The allegations in Paragraph 154 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 154 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 154 and, on that basis, denies them. To the extent the allegations in Paragraph 154 relate to PENAC, PENAC denies all of the allegations.

155.    To the extent that the allegations in sentence one of Paragraph 155 are an explanation of terminology, no response is required.  To the extent that the allegations in Paragraph 155 state legal contentions, no response is required.  PENAC avers that Plaintiffs' reference to "a corporate family or companies by a single name in its allegations of participation in the conspiracy" renders the Second Amended Complaint indefinite and uncertain.  To the extent that the remaining allegations in Paragraph 155 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the remaining allegations in Paragraph 155 relate to PENAC, PENAC denies all of the allegations.

156.    The allegations in Paragraph 156 state legal contentions to which no response is required.  PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and, on that basis, denies them.

157.    The allegations in Paragraph 157 are vague and ambiguous, as they do not identify any underlying product or service and, on that basis, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and, on that basis, denies them.  To the extent that the allegations contained in Paragraph 157 are derived from an analyst report, that report speaks for itself and no response is required.

158.    To the extent that the allegations in Paragraph 158 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 158 are derived from analyst reports, those reports speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, on that basis, denies them.

159.    The allegation in the first sentence of Paragraph 159 is a legal contention to which

29

no response is required.  With regard to the allegations in the second and third sentence, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.   PENAC denies any remaining allegations contained in Paragraph 159.

160.    To the extent that the allegations in Paragraph 160 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.

161.    With regard to the first and second sentence of Paragraph 161, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  The third sentence of Paragraph 161 states legal contentions to which no response is required.  To the extent that the allegations in Paragraph 161 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 161 relate to PENAC, PENAC denies all of the allegations.

162.    To the extent that the allegations in Paragraph 162 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and, on that basis, denies them.  To the extent that the allegations in Paragraph 162 relate to PENAC, PENAC denies all of the allegations.

163.    To the extent the allegations contained in Paragraph 163 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and, on that basis, denies them.

164.    To the extent that the allegations in Paragraph 164 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 164 are derived from or purport to quote published statements, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 164 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

denies them.  PENAC otherwise denies all of the allegations in Paragraph 164.

165.    The allegations in Paragraph 165 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 165 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 165 relate to PENAC, PENAC denies all of the allegations.

166.    The allegations in Paragraph 166 are legal contentions to which no response is required.   To the extent that the allegations in Paragraph 166 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 166 relate to PENAC, PENAC denies all of the allegations.

167.    To the extent the allegations of Paragraph 167 state legal contentions, no response is required.  To the extent that the allegations in the third sentence of Paragraph 167 are derived from or purport to quote published statements made by the President of Skyworth Macao Commercial Offshore Co., Ltd., those published statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 167 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 167 relate to PENAC, PENAC denies all of the allegations.

168.    To the extent the allegations in Paragraph 168 state legal contentions, no response is required.  PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 168 indefinite and uncertain.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and, on that basis, denies them.

169.    The allegations in Paragraph 169 are legal contentions to which no response is

1   required.   To the extent that a response is required, PENAC denies the allegations in Paragraph

2   169.

3   170.   To the extent that the allegations in Paragraph 170 state legal contentions, no

4   response is required.  To the extent that the allegations in Paragraph 170 refer to public statements

5   by government authorities, those statements speak for themselves and no response is required.

6   Additionally, to the extent that the allegations in Paragraph 170 relate to other defendants,

7   PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that

8   basis, denies them.  To the extent that the allegations in Paragraph 170 relate to PENAC, PENAC

9   denies them.

10   171.   To the extent that the allegations contained in Paragraph 171 refer to public

11   statements by government authorities, those statements speak for themselves and no response is

12   required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

13   truth of the allegations in Paragraph 171 and, on that basis, denies them.

14   172.   To the extent that the allegations contained in Paragraph 172 refer to public

15   statements by government authorities, those statements speak for themselves and no response is

16   required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

17   truth of the allegations in Paragraph 172 and, on that basis, denies them.

18   173.   To the extent that the allegations contained in Paragraph 173 refer to public

19   statements by government authorities, those statements speak for themselves and no response is

20   required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

21   truth of the allegations in Paragraph 173 and, on that basis, denies them.

22   174.   To the extent that the allegations contained in Paragraph 174 refer to public

23   statements by government authorities, those statements speak for themselves and no response is

24   required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

25   truth of the allegations in Paragraph 174 and, on that basis, denies them.

26   175.   To the extent that the allegations contained in Paragraph 175 refer to public

27   statements by government authorities, those statements speak for themselves and no response is

28

required.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and, on that basis, denies them.

176.     To the extent that the allegations in Paragraph 176 refer to public filings and statements by government authorities, those filings and statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 176 purport to quote a press release, that press release speaks for itself and no response is required.  PENAC denies any remaining allegations in Paragraph 176.

177.     The allegations in Paragraph 177 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 177 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 177 relate to PENAC, PENAC denies them.

178.     To the extent that the allegations in the first sentence of Paragraph 178 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 178 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 178 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   PENAC denies the allegation and implication that the allegations in Paragraph 179 have any relevance to the Second  Amended Complaint or the purported acts or omissions of PENAC.

179.     The allegations in Paragraph 179 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 179 have any relevance to the Second  Amended Complaint or the purported acts or omissions of PENAC.

180.     To the extent the allegations contained in Paragraph 180 refer to public filings by government authorities, those filings speak for themselves and no response is required.  PENAC

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 180 have any relevance to the Second Amended Complaint or the purported acts or omissions of PENAC.

181.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and, on that basis, denies them.  To the extent the allegations contained in Paragraph 181 refer to news reports, those reports speak for themselves and no response is required.  To the extent that the allegations in Paragraph 181 relate to the other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 181 have any relevance to the Second Amended Complaint or the purported acts or omissions of PENAC.

182.    To the extent the allegations contained in Paragraph 182 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 182 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 182 have any relevance to the Second Amended Complaint or the purported acts or omissions of PENAC.

183.    To the extent the allegations contained in Paragraph 183 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 183 relate to the other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 183 have any relevance to the Second Amended Complaint or the purported acts or omissions of PENAC.

184.    To the extent that the allegations in Paragraph 184 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 184 refer to public filings by government authorities, those filings speak for themselves and no response is required.

To the extent that the allegations in Paragraph 184 relate to the other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 184 have any relevance to the Second Amended Complaint or the purported acts or omissions of PENAC.

185.    To the extent that the allegations in Paragraph 185 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 185 refer to public statements there listed, those statements speak for themselves and no response is required. PENAC admits the existence of the trade associations Korea Display Conference, Korean Display Equipment Material Industry Association, and Electronic Display Industrial Research Association of Korea, but PENAC denies that such descriptions are accurate or complete.  To the extent that the allegations in Paragraph 185 relate to PENAC, PENAC denies them.

186.    The allegations in Paragraph 186 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and, on that basis, denies them.

187.    The allegations in Paragraph 187 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and, on that basis, denies them.

188.    To the extent that the allegations in Paragraph 188 state legal contentions, no response is required.  PENAC admits the existence of the Society for Information Display, but PENAC denies that such descriptions are accurate or complete.  To the extent that the allegations in Paragraph 188 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 188 relate to PENAC, PENAC denies all of the allegations.

189.    To the extent that the allegations in Paragraph 189 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 189 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 189 relate to

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION  TO SEARS, ROEBUCK AND CO. and KMART CORP.'S SECOND AMENDED COMPLAINT

PENAC, PENAC denies all of the allegations.

190.    The allegations in Paragraph 190 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 190 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 190 relate to PENAC, PENAC denies all of the allegations.

191.    The allegations in Paragraph 191 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and, on that basis, denies them.

192.    The allegations in Paragraph 192 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and, on that basis, denies them.

193.    The allegations in Paragraph 193 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 and, on that basis, denies them.

194.    The allegations in Paragraph 194 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and, on that basis, denies them.

195.    The allegations in Paragraph 195 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 and, on that basis, denies them.

196.    The allegation in the first sentence of Paragraph 196 is a legal contention to which no response is required.  With regard to the allegations in the second sentence, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.   PENAC denies any remaining allegations contained in Paragraph 196.

197.    To the extent that the allegations in Paragraph 197 are derived from or purport to

quote an analyst report, that report speaks for itself and no response is required. PENAC denies any remaining allegations in Paragraph 197.

198. PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 198 indefinite and uncertain. PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and, on that basis, denies them.

199. To the extent that the allegations in Paragraph 199 state legal contentions, no response is required. To the extent that the allegations in Paragraph 199 are derived from or purport to quote an industry news article, that article speaks for itself and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 and, on that basis, denies them. To the extent that the allegations in Paragraph 199 relate to PENAC, PENAC denies all of the allegations.

200. To the extent the allegations contained in Paragraph 200 are derived from or purport to quote a keynote speaker at a conference, that speaker speaks for himself and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 and, on that basis, denies them.

201. PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 201 indefinite and uncertain. With regard to the first and second sentences of Paragraph 201, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. To the extent the second and third sentences of Paragraph 201 state legal contentions, no response is required. To the extent that the allegations in Paragraph 201 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the

allegations in Paragraph 201 relate to PENAC, PENAC denies all of the allegations.

202.     PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 202 indefinite and uncertain.  To the extent that the allegations in Paragraph 202 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 and, on that basis, denies them. To the extent that the allegations in Paragraph 202 relate to PENAC, PENAC denies all of the allegations.

203.     The allegations in Paragraph 203 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and, on that basis, denies them.

204.     PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 204 indefinite and uncertain.  To the extent the allegations of Paragraph 204 state legal contentions, no response is required.  To the extent that the allegations in the third sentence of Paragraph 204 are derived from or purport to quote published statements made by the President of Skyworth Macao Commercial Offshore Co., Ltd., those published statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 204 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 204 relate to PENAC, PENAC denies all of the allegations.

205.     PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities,

1  uses, technologies, and products at different points in the production chain) together, renders the

2  allegations in Paragraph 205 indefinite and uncertain.  To the extent the allegations of Paragraph

3  205 state legal contentions, no response is required.  To the extent a response is required and the

4  allegations in Paragraph 205 relate to other defendants, PENAC lacks knowledge or information

5  sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a

6  response is required and the allegations in Paragraph 205 relate to PENAC, PENAC denies all of

7  the allegations.

8      206.    PENAC avers that the use of the term "CRTs," which improperly conflate

9  numerous distinct and non-substitutable products (of, among other things, various sizes, qualities,

10  uses, technologies, and products at different points in the production chain) together, renders the

11  allegations in Paragraph 206 and its subparts indefinite and uncertain.  To the extent the

12  allegations of Paragraph 206 and its subparts state legal contentions, no response is required.  To

13  the extent a response is required, PENAC denies all the allegations in Paragraph 206, including its

14  subparts.

15  **VII.    ALLEGATIONS CONCERNING PLAINTIFFS' INJURIES**

16      207.    PENAC avers that the use of the term "CRTs," which improperly conflate

17  numerous distinct and non-substitutable products (of, among other things, various sizes, qualities,

18  uses, technologies, and products at different points in the production chain) together, renders the

19  allegations in Paragraph 207 indefinite and uncertain.  The allegations in Paragraph 207 state

20  legal contentions, for which no response is required.  To the extent that a response is required and

21  the allegations in Paragraph 207 relate to other defendants, PENAC lacks knowledge or

22  information sufficient to form a belief as to their truth and, on that basis, denies them.  To the

23  extent that a response is required and the allegations in Paragraph 207 relate to Plaintiffs, PENAC

24  lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

25  denies them.  To the extent that a response is required and the allegations in Paragraph 207  relate

26  to PENAC, PENAC denies them.  PENAC denies that Plaintiffs suffered any injury or incurred

27  any damages by any act or omission of PENAC as alleged in the Second Amended Complaint,

28

and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

208.    PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 208 indefinite and uncertain.  The allegations in Paragraph 208 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 208 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 208 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 208 relate to PENAC, PENAC denies them.

209.    PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 209 indefinite and uncertain.  The allegations in Paragraph 209 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 209 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 209 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 209 relate to PENAC, PENAC denies them.  PENAC denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Second Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

210.     PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 210 indefinite and uncertain.  The allegations in Paragraph 210 state legal contentions, for which no response is required.  PENAC admits that the allegations in Paragraph 210 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

211.     The allegations in Paragraph 211 state legal contentions, for which no response is required.  To the extent that the allegations in Paragraph 211 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent that the allegations in Paragraph 211 relate to PENAC, PENAC denies all of the allegations.

212.     The allegations in Paragraph 212 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 212 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 212 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 212 relate to PENAC, PENAC denies them.

213.     PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 213 indefinite and uncertain.  To the extent that the allegations in Paragraph 213 relate to Plaintiff, PENAC lacks knowledge or information sufficient as to form a belief as to their truth and, on that basis, denies them.   PENAC denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint and alleged in Paragraph 213.

1

## VIII.   ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT

2       214.    To the extent that the allegations in Paragraph 214 state legal contentions, no

3   response is required.  To the extent that the allegations in Paragraph 214 relate to other

4   defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

5   and, on that basis, denies them.  To the extent that the allegations in Paragraph 214 relate to

6   PENAC, PENAC denies all of the allegations.

7       215.    To the extent that the allegations in Paragraph 215 state legal contentions, no

8   response is required.  To the extent that the allegations in Paragraph 215 relate to other

9   defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

10  and, on that basis, denies them.  To the extent that the allegations in Paragraph 215 relate to

11  PENAC, PENAC denies all of the allegations.

12      216.    To the extent that the allegations in Paragraph 216 state legal contentions, no

13  response is required.  To the extent that the allegations in Paragraph 216 relate to other

14  defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

15  and, on that basis, denies them.  To the extent that the allegations in Paragraph 216 relate to

16  PENAC, PENAC denies all of the allegations.

17      217.    To the extent that the allegations in Paragraph 217 state legal contentions, no

18  response is required.   PENAC otherwise denies all of the allegations in Paragraph 217.

19      218.    To the extent that the allegations in Paragraph 218 state legal contentions, no

20  response is required.  To the extent that the allegations in Paragraph 218 relate to other

21  defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

22  and, on that basis, denies them.  To the extent that the allegations in Paragraph 218 relate to

23  PENAC, PENAC denies all of the allegations.

24      219.    To the extent that the allegations in Paragraph 219 state legal contentions, no

25  response is required.  To the extent that the allegations in Paragraph 219 relate to other

26  defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

27  and, on that basis, denies them.  To the extent that the allegations in Paragraph 219 relate to

28

PENAC, PENAC denies all of the allegations.

220.     To the extent that the allegations in Paragraph 220 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 220 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 220 relate to PENAC, PENAC denies all of the allegations.

221.     PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 221 indefinite and uncertain.  With regard to the first and second sentences of Paragraph 221, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.  The allegations in the third sentence of Paragraph 221 state legal contentions, for which no response is required.  To the extent a response is required and the allegations in the third sentence relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 221 relate to PENAC, PENAC denies all of the allegations.

222.     With regard to the first sentence and second sentence of Paragraph 222, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.  The allegations in the second and third sentences of Paragraph 222 state legal contentions, for which no response is required.  To the extent that the second and third sentences of Paragraph 222 require a response, PENAC denies all of the allegations.

223.     PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 223 indefinite and uncertain.  PENAC avers that the use of the term "Philips" in Paragraph 223 renders the allegations indefinite and uncertain as to PENAC.  To the

MDL 1917

extent that the allegations in Paragraph 223 are derived from or purport to quote published statements made by a Deputy General Manager for an LG Electronics distributor, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 223 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 223 relate to PENAC, PENAC denies all of the allegations.

224.	The allegations in Paragraph 224 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 224 relate to PENAC, PENAC denies all of the allegations.

225.	To the extent that the allegations in Paragraph 225 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 225 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 225 relate to PENAC, PENAC denies all of the allegations.

226.	The allegations in Paragraph 226 state legal contentions to which no response is required.  To the extent the allegations in Paragraph 226 require a response, PENAC denies them.

## IX.	ALLEGATIONS CONCERNING AMERICAN PIPE, GOVERNMENT ACTION, AND CROSS-JURISDICTIONAL TOLLING

227.	To the extent that the allegations in the first sentence of Paragraph 227 refer to public filings by government authorities discussed in Paragraphs 183-187, those filings speak for themselves and no response is required.  The allegations in the second sentence of Paragraph 227 state legal contentions to which no response is required.  To the extent that the allegations in Paragraph 227 relate to PENAC, PENAC denies all of the allegations.

228.	The allegations in Paragraph 228 state legal contentions, for which no response is

required.  To the extent that a response is required, PENAC denies all the allegations in Paragraph 228.

229.    To the extent that the allegations in Paragraph 229 state legal contentions, no response is required.

## X.    ALLEGATIONS CONCERNING CLAIM FOR VIOLATIONS

230.    PENAC repeats and incorporates by reference its responses to Paragraph 1 through 229 of the Second Amended Complaint with the same force and effect as if set forth herein at length.

231.    The allegations in Paragraph 231 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 231 require a response, PENAC denies all allegations.

232.    The allegations in Paragraph 232 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 232 require a response, PENAC denies all allegations.

233.    The allegations in Paragraph 233 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 233 require a response, PENAC denies all allegations.

234.    The allegations in Paragraph 234 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 234 require a response, PENAC denies all allegations.

235.    The allegations in Paragraph 235 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 235 and its subparts require a response, PENAC denies all allegations.

236.    PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 236 indefinite and uncertain.  The allegations in Paragraph 236 constitute

legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 236 require a response, PENAC denies all allegations.

237.    PENAC repeats and incorporates by reference its responses to Paragraph 1 through 236 of the Second Amended Complaint with the same force and effect as if set forth herein at length.

238.    PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 238 indefinite and uncertain.  To the extent that the allegations in Paragraph 238 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 238 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 238 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 238 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 238 relate to PENAC, PENAC denies all of the allegations.  In particular, PENAC denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Second Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

239.    To the extent that the allegations in Paragraph 239 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 239 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 239 relate to PENAC, PENAC denies them.  In particular, PENAC denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Second Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means

of the allegations set forth in the Second Amended Complaint.

240.     To the extent that the allegations in Paragraph 240 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 240 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 240 relate to PENAC, PENAC denies them.

241.     The allegations in Paragraph 241 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 241 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 241 relate to PENAC, PENAC denies all of the allegations.

242.     To the extent that the allegations in Paragraph 242 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 242 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 242 and its subparts relate to PENAC, PENAC denies them.

243.     PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 243 indefinite and uncertain.  To the extent that the allegations in Paragraph 243 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 243 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 243 and its subparts relate to PENAC, PENAC denies them.

244.     PENAC avers that the use of the term "CRTs," which improperly conflate

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION  TO SEARS, ROEBUCK AND CO. and KMART CORP.'S SECOND AMENDED COMPLAINT

1  numerous distinct and non-substitutable products (of, among other things, various sizes, qualities,

2  uses, technologies, and products at different points in the production chain) together, renders the

3  allegations in Paragraph 244 indefinite and uncertain.  The allegations in Paragraph 244 constitute

4  legal contentions and/or conclusions to which no response is required.  To the extent that a

5  response is required and the allegations in Paragraph 244 relate to other defendants, PENAC lacks

6  knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

7  them.  To the extent that a response is required and the allegations in Paragraph 244 relate to

8  PENAC, PENAC denies all of the allegations.

9       245.    PENAC avers that the use of the term "CRTs," which improperly conflate

10 numerous distinct and non-substitutable products (of, among other things, various sizes, qualities,

11 uses, technologies, and products at different points in the production chain) together, renders the

12 allegations in Paragraph 245 indefinite and uncertain.  The allegations in Paragraph 245 constitute

13 legal contentions and/or conclusions to which no response is required.  To the extent that a

14 response is required and the allegations in Paragraph 245 relate to other defendants, PENAC lacks

15 knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

16 them.  To the extent that a response is required and the allegations in Paragraph 245 relate to

17 PENAC, PENAC denies all of the allegations.  In particular, PENAC denies that Plaintiffs are

18 entitled to any relief under any theory by means of the allegations set forth in the Second

19 Amended Complaint.

20      246.    PENAC repeats and incorporates by reference its responses to Paragraph 1 through

21 245 of the Second Amended Complaint with the same force and effect as if set forth herein at

22 length.

23      247.    The allegations in Paragraph 247 constitute legal contentions and/or conclusions to

24 which no response is required.  To the extent that a response is required and the allegations in

25 Paragraph 247 relate to other defendants, PENAC lacks knowledge or information sufficient to

26 form a belief as to their truth and, on that basis, denies them.  To the extent that a response is

27 required and the allegations in Paragraph 247 relate to PENAC, PENAC denies all of the

28

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION  TO SEARS, ROEBUCK AND
CO. and KMART CORP.'S SECOND AMENDED COMPLAINT

allegations.

248.    The allegations in Paragraph 248 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 248 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 248 relate to PENAC, PENAC denies all of the allegations.

249.    The allegations in Paragraph 249 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 249 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 249 and its subparts relate to PENAC, PENAC denies all of the allegations.

250.    PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 250 indefinite and uncertain.  The allegations in Paragraph 250 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 250 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 250 and its subparts relate to PENAC, PENAC denies all of the allegations.

251.    PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 251 indefinite and uncertain.  The allegations in Paragraph 251 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a

1   response is required and the allegations in Paragraph 251 relate to other defendants, PENAC lacks

2   knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

3   them.  To the extent that a response is required and the allegations in Paragraph 251 relate to

4   PENAC, PENAC denies all of the allegations.

5        252.    PENAC avers that the use of the term "CRTs," which improperly conflate

6   numerous distinct and non-substitutable products (of, among other things, various sizes, qualities,

7   uses, technologies, and products at different points in the production chain) together, renders the

8   allegations in Paragraph 252 indefinite and uncertain.  The allegations in Paragraph 252 and its

9   subparts constitute legal contentions and/or conclusions to which no response is required.  To the

10  extent that a response is required and the allegations in Paragraph 252 and its subparts relate to

11  other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their

12  truth and, on that basis, denies them.  To the extent that a response is required and the allegations

13  in Paragraph 252 and its subparts relate to PENAC, PENAC denies all of the allegations.

14       253.    PENAC avers that the use of the term "CRTs," which improperly conflate

15  numerous distinct and non-substitutable products (of, among other things, various sizes, qualities,

16  uses, technologies, and products at different points in the production chain) together, renders the

17  allegations in Paragraph 253 indefinite and uncertain.  The allegations in Paragraph 253 and its

18  subparts constitute legal contentions and/or conclusions to which no response is required.  To the

19  extent that a response is required and the allegations in Paragraph 253 and its subparts relate to

20  other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their

21  truth and, on that basis, denies them.  To the extent that a response is required and the allegations

22  in Paragraph 253 and its subparts relate to PENAC, PENAC denies all of the allegations.

23       254.    PENAC avers that the use of the term "CRTs," which improperly conflate

24  numerous distinct and non-substitutable products (of, among other things, various sizes, qualities,

25  uses, technologies, and products at different points in the production chain) together, renders the

26  allegations in Paragraph 254 indefinite and uncertain.  The allegations in Paragraph 254 and its

27  subparts constitute legal contentions and/or conclusions to which no response is required.  To the

28

extent that a response is required and the allegations in Paragraph 254 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 254 and its subparts relate to PENAC, PENAC denies all of the allegations.

255.    PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 255 indefinite and uncertain.  The allegations in Paragraph 255 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 255 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 255 and its subparts relate to PENAC, PENAC denies all of the allegations.

256.    PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 256 indefinite and uncertain.  The allegations in Paragraph 256 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 256 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 256 and its subparts relate to PENAC, PENAC denies all of the allegations.

257.    PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 257 indefinite and uncertain.  The allegations in Paragraph 257 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the

extent that a response is required and the allegations in Paragraph 257 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 257 and its subparts relate to PENAC, PENAC denies all of the allegations.

258.    PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 258 indefinite and uncertain.  The allegations in Paragraph 258 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 258 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 258 and its subparts relate to PENAC, PENAC denies all of the allegations.

259.    PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 259 indefinite and uncertain.  The allegations in Paragraph 259 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 259 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 259 and its subparts relate to PENAC, PENAC denies all of the allegations.

260.    PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 260 indefinite and uncertain.  The allegations in Paragraph 260 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the

extent that a response is required and the allegations in Paragraph 260 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 260 and its subparts relate to PENAC, PENAC denies all of the allegations.

261. PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 261 indefinite and uncertain. The allegations in Paragraph 261 and its subparts constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 261 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 261 and its subparts relate to PENAC, PENAC denies all of the allegations.

262. PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 262 indefinite and uncertain. The allegations in Paragraph 262 and its subparts constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 262 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 262 and its subparts relate to PENAC, PENAC denies all of the allegations.

263. PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 263 indefinite and uncertain. The allegations in Paragraph 263 and its subparts constitute legal contentions and/or conclusions to which no response is required. To the

extent that a response is required and the allegations in Paragraph 263 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 263 and its subparts relate to PENAC, PENAC denies all of the allegations.

264.    PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 264 indefinite and uncertain.  The allegations in Paragraph 264 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 264 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 264 and its subparts relate to PENAC, PENAC denies all of the allegations.

265.    PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 265 indefinite and uncertain.  The allegations in Paragraph 265 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 265 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 265 and its subparts relate to PENAC, PENAC denies all of the allegations.

## XI.    ALLEGATIONS CONCERNING PRAYER FOR RELIEF

With respect to Plaintiffs' prayer for relief, PENAC denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Second Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint. All allegations of the

54                                    MDL 1917

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION  TO SEARS, ROEBUCK AND
CO. and KMART CORP.'S SECOND AMENDED COMPLAINT

Second Amended Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

## XII.   JURY TRIAL DEMAND

To the extent any response is required to Plaintiffs' Jury Trial Demand, PENAC admits that Plaintiffs purport to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, PENAC asserts the following additional and/or affirmative defenses to Plaintiffs' Second Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Claim)

The Second Amended Complaint, and each of its claims for relief, fails to state sufficient facts upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

## (Lack of Subject Matter Jurisdiction)

The conduct alleged to provide a basis for the claims of Plaintiffs did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States. The Court, therefore, lacks subject matter jurisdiction of the claims of Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

## (Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## FOURTH AFFIRMATIVE DEFENSE

## (Vagueness of Claims)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because its claims are ambiguous and/or unintelligible.  PENAC avers that Plaintiffs' claims do not describe

the events or legal theories with sufficient particularity to permit PENAC to ascertain what other defenses may exist.  PENAC therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Plead Conspiracy with Particularity)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitation)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unilateral Action)**

Plaintiffs' claims are barred, in whole or in part, because the actions or practices of PENAC that are the subject of the Second Amended Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of PENAC's independent interests, and were not the product of any contract, combination or conspiracy between PENAC and any other person or entity.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Rule of Reason)**

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of PENAC that are the subject of the Amended Complaint were adopted in furtherance of legitimate business interests of PENAC and do not unreasonable restrain competition.

**NINTH AFFIRMATIVE DEFENSE**

**(Competition)**

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of PENAC

that are the subject of the Second Amended Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

## TENTH AFFIRMATIVE DEFENSE

### (Non-actionable or Governmental Privilege)

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of PENAC that is the subject of the Second Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Act of PENAC)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have not been injured in its business or property by reason of any action of PENAC.

## TWELFTH AFFIRMATIVE DEFENSE

### (Intervening Conduct)

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of PENAC and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (*Ultra Vires*)

To the extent that any actionable conduct occurred, Plaintiffs' claims against PENAC are barred because all such conduct would have been committed by individuals acting *ultra vires*.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Damages Passed On)

Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part,

because any injury or damage alleged in the Second Amended Complaint, which PENAC specifically denies, was passed on to persons or entities other than Plaintiffs and/or was passed on by Plaintiffs to other parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Withdrawal)

To the extent that any actionable conduct occurred for which PENAC is liable, some or all of Plaintiffs' claims against PENAC are barred because PENAC withdrew from and/or abandoned any alleged conspiracy prior to the commencement of the limitations period set forth in applicable statutes of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs failed to take all necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs would be unjustly enriched if it was allowed to recover any part of the damages alleged in the Second Amended Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Set Off)

Without admitting that Plaintiffs are entitled to recover damages in this matter, PENAC is entitled to set off from any recovery Plaintiffs may obtain against PENAC any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Legal Acts)

Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Acquiescence)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiffs' acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to PENAC.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Improper Forum/Arbitration)**

Plaintiffs' claims against PENAC are barred to the extent that Plaintiffs have agreed to arbitration or chosen a different forum for the resolution of its claims.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs have

available an adequate remedy at law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Due Process)

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Due Process clause of the Fifth Amendment of the United States Constitution.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Due Process)

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Due Process provision of the Fourteenth Amendment of the United States Constitution.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Equal Protection)

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States Constitution.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Double Jeopardy)

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United States

Constitution.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Excessive Fines)

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Excessive Fines provision of the Eighth Amendment of the United States Constitution.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Unconstitutional Multiplicity)

To the extent any recovery by Plaintiffs would be duplicative of recovery by other plaintiffs and other lawsuits, subjecting PENAC to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Foreign Sales)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover damages, if any, based on sales outside of the United States.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Second Amended Complaint, the fact and extent of which PENAC specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs and/or third parties or entities, other than PENAC.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure To Plead Damages With Specificity)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to plead damages with specificity as required by the federal laws cited.

1

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

2

### (Injury or Damages Offset by Benefits Received)

3     Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

4    part, because any claimed injury or damage has been offset by benefits Plaintiffs received with

5    respect to the challenged conduct.

6

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

7

### (Proportionality)

8     To the extent PENAC is found liable for damages, the fact and extent of which are

9    expressly denied by PENAC, those damages must be reduced in proportion to PENAC's degree

10   of fault.

11

## THIRTY-NINTH AFFIRMATIVE DEFENSE

12

### (Release)

13     The claims of one or more of the persons or entities Plaintiffs purport to represent are

14   barred because they have been released.

15

## FORTIETH AFFIRMATIVE DEFENSE

16

### (No 'Full Consideration' Damages)

17     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to "full

18   consideration" damages.

19

## FORTY-FIRST AFFIRMATIVE DEFENSE

20

### (Other Defenses Incorporated by Reference)

21     PENAC adopts and incorporates by reference any and all other affirmative defenses

22   asserted or to be asserted by any other defendant in this proceeding to the extent that PENAC may

23   share in such affirmative defenses.

24

## FORTY-SECOND AFFIRMATIVE DEFENSE

25

### (Reservation of Rights to Assert Additional Defenses)

26     PENAC  has not knowingly or intentionally waived any applicable defenses and explicitly

27   reserves the right to assert and rely on such other applicable defenses as may become available or

28

1   apparent during discovery proceedings. PENAC further reserves the right to amend its Answer

2   and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable

3   during the course of subsequent discovery.

4

5        **WHEREFORE**, PENAC prays as follows:

6        1.       That Plaintiffs takes nothing by way of the Second Amended Complaint and the

7   Second Amended Complaint be dismissed with prejudice;

8        2.       That judgment be entered in favor of PENAC and against Plaintiffs on each and

9   every claim for relief set forth in the Second Amended Complaint;

10       3.       That PENAC recover its costs of suit and attorneys' fees incurred herein; and

11       4.       That PENAC be granted such other and further relief as the Court deems just and

12  proper.

13

14

15  Dated: November 4, 2013                     Respectfully Submitted:

16

17                                             By: /s/ Jon V. Swenson
                                               Jon V. Swenson

18

19                                             *Attorney for Defendant Philips Electronics*
                                               *North America Corporation*

20

21

22

23

24

25

26

27

28

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION  TO SEARS, ROEBUCK AND
CO. and KMART CORP.'S SECOND AMENDED COMPLAINT