BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile:  (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.  Master File No. 3:07-cv-05944-SC |
| | MDL No. 1971 |
| | Individual Case No. 3:11-cv-05513-SC |
| BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, LLC, | **ANSWER OF KONINKLIJKE PHILIPS N.V.  TO BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, LLC' S FIRST AMENDED COMPLAINT** |
| Plaintiffs, | |
| v. | **Trial Date: None Set** |
| HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY | |

1  DEVICES CO., LTD.; LG ELECTRONICS,
   INC.; LG ELECTRONICS USA, INC.; LP
2  DISPLAYS INTERNATIONAL LTD.;
   PANASONIC CORPORATION; PANASONIC
3  CORPORATION OF NORTH AMERICA; MT
   PICTURE DISPLAY CO., LTD.; BEIJING
4  MATSUSHITA COLOR CRT CO., LTD.;
   KONINKLIJKE PHILIPS ELECTRONICS N.V.;
5  PHILIPS ELECTRONICS NORTH AMERICA
   CORPORATION; PHILIPS ELECTRONICS
6  INDUSTRIES (TAIWAN), LTD.; PHILIPS DA
   AMAZONIA INDUSTRIA ELECTRONICA
7  LTDA.; SAMTEL COLOR LTD.; THAI CRT
   CO., LTD.; TOSHIBA CORPORATION;
8  TOSHIBA AMERICA, INC.; TOSHIBA
   AMERICA CONSUMER PRODUCTS, LLC;
9  TOSHIBA AMERICA ELECTRONIC
   COMPONENTS, INC.; TOSHIBA AMERICA
10 INFORMATION SYSTEMS, INC.;
   CHUNGHWA PICTURE TUBES, LTD.;
11 CHUNGHWA PICTURE TUBES (MALAYSIA);

12 Defendants.

13       Defendant Koninklijke Philips N.V. ("KPNV"), by and through its undersigned counsel of

14 record, answers Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services,

15 Inc.; Best  Buy Stores, L.P.; BestBuy.com, L.L.C.; and Magnolia Hi-Fi, LLC's (collectively

16 "Plaintiffs") First Amended Complaint (the "Amended Complaint") and alleges additional or

17 affirmative defenses as follows.  KPNV denies each and every allegation in the Amended

18 Complaint's section headings asserted herein and in all portions of the Amended Complaint not

19 contained in numbered paragraphs.  To the extent that the Amended Complaint's allegations

20 concern persons and/or entities other than KPNV, KPNV denies that such allegations support any

21 claim for relief against KPNV.  KPNV denies any allegations not explicitly admitted herein.

## I.     INTRODUCTION[1]

22

23       1.     To the extent that the allegations in Paragraph 1 state legal contentions, no

24 response is required.  To the extent that the allegations in Paragraph 1 are definitional, no

25 response is required.  To the extent that the allegations in Paragraph 1 relate to other defendants,

26

27

28 _____
   [1] For ease of reference, the headings in this Answer correspond to the headings in the Amended Complaint.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED
COMPLAINT

KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 1 relate to KPNV, KPNV denies all of the allegations.

2.      To the extent that the allegations in Paragraph 2 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 2 are definitional, no response is required.  KPNV avers that the use of the terms "CPTs," "CDTs," "CPT Products," "CDT Products," and "CRT Products," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Amended Complaint indefinite and uncertain.  To the extent that the allegations in Paragraph 2 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 2 relate to KPNV, KPNV denies all of the allegations.

3.      To the extent that the allegations in Paragraph 3 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 3 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the allegations in Paragraph 3 relate to KPNV, KPNV denies all of the allegations.

4.      To the extent that the allegations in Paragraph 4 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 4 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 4 relate to KPNV, KPNV denies all of the allegations.

5.      To the extent that the allegations in Paragraph 5 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 5 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 5 relate to KPNV, KPNV denies all

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

of the allegations.

6.      To the extent that the allegations in Paragraph 6 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 6 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 6 relate to KPNV, KPNV denies all of the allegations.

7.      To the extent that the allegations in Paragraph 7 state legal contentions, no response is required.  KPNV lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 7 and, on that basis, denies them.  To the extent that the allegations in Paragraph 7 relate to KPNV, KPNV denies them.

8.      KPNV admits that government authorities in the United States and other countries have commenced investigations of the CRT industry, the details of which are matters of public record and such records speak for themselves.  KPNV admits that an indictment was issued against C.Y. Lin, the details of which are matters of public record and such records speak for themselves.  KPNV admits that other individuals have been indicted by the DOJ, the details of which are matters of public record and such records speak for themselves.

9.      To the extent that the allegations in Paragraph 9 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 9 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 9 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 9 relate to KPNV, KPNV denies all of the allegations.  KPNV denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 9.

## II.      ALLEGATIONS CONCERNING JURISDICTION AND VENUE

10.      The allegations in Paragraph 10 state legal contentions to which no response is required. KPNV admits that Plaintiffs purport to bring this action to obtain injunctive relief under

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED
COMPLAINT

Section 16 of the Clayton Act, and to recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1), but denies that Plaintiffs are entitled to any relief under those statutes.

11.     KPNV admits that Plaintiffs purport to bring this action pursuant to various state laws, but denies that Plaintiff are entitled to any relief under Minnesota laws.  KPNV denies any remaining allegations in Paragraph 11.

12.     The allegations in Paragraph 12 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that the allegations in Paragraph 12 require a response, KPNV denies that this district has subject matter jurisdiction based on the conduct of KPNV as alleged in the Amended Complaint.

13.     The allegations in Paragraph 13 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 13 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 13 relate to KPNV, KPNV denies these allegations.

14.     The allegations in Paragraph 14 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 14 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 14 relate to KPNV, KPNV denies that this district has subject matter jurisdiction based on the conduct of KPNV as alleged in the Amended Complaint.

15.     The allegations in Paragraph 15 regarding venue constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 15 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 15 relate to KPNV, KPNV denies these allegations and denies that venue lies with this district based on the conduct of KPNV as alleged in the Amended

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

Complaint.

## III.    ALLEGATIONS CONCERNING THE PARTIES

16.    To the extent that the allegations in Paragraph 16 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 16 relate to a Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

17.    To the extent that the allegations in Paragraph 17 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 17 relate to a Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

18.    To the extent that the allegations in Paragraph 18 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 18 relate to a Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

19.    To the extent that the allegations in Paragraph 19 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 19 relate to a Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

20.    To the extent that the allegations in Paragraph 20 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 20 relate to a Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

21.    To the extent that the allegations in Paragraph 21 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 21 relate to a Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

22.    To the extent that the allegations in Paragraph 22 state legal contentions, no

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED
COMPLAINT

response is required. To the extent that the allegations in Paragraph 22 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 22 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 22 relate to KPNV, KPNV denies all of the allegations.

23. To the extent that the allegations in Paragraph 23 state legal contentions, no response is required. To the extent that the allegations in Paragraph 23 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

24. To the extent that the allegations in Paragraph 24 state legal contentions, no response is required. To the extent that the allegations in Paragraph 24 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. KPNV denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 24.

25. The allegations in Paragraph 25 are not directed at KPNV and, therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies them.

26. The allegations in Paragraph 26 are not directed at KPNV and, therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies them.

27. The allegations in Paragraph 27 are not directed at KPNV and, therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, on that basis, denies them.

28. The allegations in Paragraph 28 are not directed at KPNV and, therefore, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, on that basis, denies them.

MDL 1917
ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's FIRST AMENDED COMPLAINT

29.     The allegations in Paragraph 29 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies them.

30.     The allegations in Paragraph 30 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies them.

31.     The allegations in Paragraph 31 are an explanation of terminology, for which no response is required.

32.     The allegations in Paragraph 32 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, on that basis, denies them.

33.     The allegations in Paragraph 33 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, on that basis, denies them.

34.     The allegations in Paragraph 34 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, denies them.

35.     The allegations in Paragraph 35 are an explanation of terminology, for which no response is required.

36.     To the extent that the allegations in Paragraph 36 state legal contentions, no response is required.  KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 CRT joint venture.  The remaining allegations in Paragraph 36 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and, on that basis, denies them.

37.     The allegations in Paragraph 37 are not directed at KPNV and, therefore, no

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, denies them.

38.     The allegations in Paragraph 38 are an explanation of terminology, for which no response is required.

39.     To the extent that the allegations in Paragraph 39 state legal contentions, no response is required.  KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  KPNV admits that its shareholdings in the joint venture were relinquished to financial institutions and private equity firms.  To the extent the allegations in Paragraph 34 are not directed at KPNV, no response is required  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies them.  KPNV denies that it exerted control over LG.Philips Displays or over LP Displays International, Ltd.  To the extent that the remaining allegations in Paragraph 39 relate to KPNV, KPNV denies them.

40.     The allegations in Paragraph 40 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, denies them.

41.     The allegations in Paragraph 41 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, denies them.

42.     The allegations in Paragraph 42 are an explanation of terminology, for which no response is required.

43.     The allegations in Paragraph 43 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, denies them.

44.     The allegations in Paragraph 44 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

1    as to the truth of the allegations in Paragraph 44 and, on that basis, denies them.

2         45.    To the extent that the allegations in Paragraph 45 state legal contentions, no

3    response is required.  To the extent that the allegations in Paragraph 45 relate to other defendants,

4    KPNV lacks knowledge or information sufficient to form a belief as to their truth, and, on that

5    basis, denies them.  KPNV admits that it is a Dutch entity with its principal place of business at

6    Brenner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands, but avers that KPNV

7    legally changed its corporate name to Koninklijke Philips N.V.  KPNV admits that Philips & Co.

8    was founded in 1891 but denies the remaining allegations found in the second and third sentences

9    of Paragraph 45.  KPNV admits that in 2001, LG.Philips Displays was formed when LG

10   Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT

11   business into the 50/50 joint venture.  KPNV admits that in 2005 it wrote off the book value for

12   LG.Philips Displays and announced that KPNV would not inject further capital into LG.Philips

13   Displays, but KPNV denies the remaining allegations found in the fifth sentence of Paragraph 40.

14   KPNV denies that it manufactured, marketed, sold and/or distributed CRT products, either

15   directly or through its subsidiaries or affiliates, throughout the United States.    KPNV denies any

16   remaining allegations in Paragraph 45.

17        46.    KPNV admits that Philips Electronics North America Corporation ("PENAC") is

18   a Delaware corporation with its principal place of business at 1251 Avenue of the Americas, New

19   York, New York, 10020.  KPNV admits that PENAC is an indirect subsidiary of KPNV.  Owing

20   to the vagueness of "CRT Products," KPNV denies the third sentence of Paragraph 46.  KPNV

21   denies that it dominated or controlled the finances, policies, and affairs of PENAC and any

22   remaining allegations in Paragraph 46.

23        47.    KPNV admits Philips Electronics Industries (Taiwan), Ltd. is a Taiwanese

24   company with its principal place of business located at 15F 3-1 Yuanqu Street, Nangang District,

25   Taipei, Taiwan but avers that Philips Electronics Industries (Taiwan), Ltd. was merged into

26   Philips Taiwan Ltd.  KPNV admits that Philips Taiwan, Ltd. is an indirect subsidiary of KPNV.

27   Owing to the vagueness of "CRT Products," KPNV denies the third sentence of Paragraph 47.

28

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED
COMPLAINT

KPNV denies that it dominated or controlled the finances, policies, and affairs of Philips Taiwan, Ltd. and any remaining allegations in Paragraph 47.

48.     KPNV admits that Philips da Amazonia Industria Electronica Ltda. ("Philips da Amazonia") is a Brazilian company with its principal place of business located at Av Torquato Tapajos 2236, 1 andar (parte 1), Flores, Manaus, AM 39048-660, Brazil.  KPNV admits that Philips da Amazonia Industria Electronica Ltda. is an indirect subsidiary of KPNV.  Owing to the vagueness of "CRT Products," KPNV denies the third sentence of Paragraph 48.  KPNV denies that it dominated or controlled the finances, policies and affairs of Philips da Amazonia and any remaining allegations in Paragraph 48.

49.     The allegations in Paragraph 49 are an explanation of terminology, for which no response is required.  KPNV avers, however, that Paragraph 49 renders the Amended Complaint indefinite and uncertain as to KPNV.

50.     The allegations in Paragraph 50 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies them.

51.     The allegations in Paragraph 51 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, on that basis, denies them.

52.     The allegations in Paragraph 52 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies them.

53.     The allegations in Paragraph 53 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies them.

54.     The allegations in Paragraph 54 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies them.

55.     The allegations in Paragraph 55 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, denies them.

56.     The allegations in Paragraph 56 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, on that basis, denies them.

57.     The allegations in Paragraph 57 are an explanation of terminology, for which no response is required.

58.     The allegations in Paragraph 58 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, denies them.

59.     The allegations in Paragraph 59 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, on that basis, denies them.

**IV.     ALLEGATIONS CONCERNING AGENTS AND CO-CONSPIRATORS**

60.     The allegations of Paragraph 60 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 60 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 60 relate to KPNV, KPNV denies all of the allegations.

61.     The allegations in Paragraph 61 are ambiguous and/or unintelligible. To the extent that the allegations in Paragraph 61 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 61 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 61 relate to KPNV, KPNV denies all of the allegations.

62.     The allegations in Paragraph 62 are not directed at KPNV and, therefore, no

response is required.  The allegations in Paragraph 62 also state legal contentions, for which no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 62 relate to KPNV, KPNV denies all of the allegations.

63.     The allegations in Paragraph 63 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, on that basis, denies them.

64.     The allegations in Paragraph 64 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, on that basis, denies them.

65.     The allegations in Paragraph 65 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, on that basis, denies them.

66.     The allegations in Paragraph 66 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, on that basis, denies them.

67.     The allegations in Paragraph 67 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, on that basis, denies them.

68.     The allegations in Paragraph 68 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies them.

69.     The allegations in Paragraph 69 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies them.

70.     The allegations in Paragraph 70 are not directed at KPNV and, therefore, no

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies them.

71.     The allegations in Paragraph 71 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, on that basis, denies them.

72.     The allegations in Paragraph 72 are an explanation of terminology, for which no response is required.

73.     The allegations in Paragraph 73 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, on that basis, denies them.

74.     The allegations in Paragraph 74 are an explanation of terminology, for which no response is required.

75.     The allegations in Paragraph 75 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, on that basis, denies them.

76.     The allegations in Paragraph 76 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, on that basis, denies them.

77.     The allegations in Paragraph 77 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, on that basis, denies them.

78.     The allegations of Paragraph 78 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 78 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 78 relate to KPNV, KPNV denies all of the allegations.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

## V.     ALLEGATIONS CONCERNING TRADE AND COMMERCE

79.     The allegations in Paragraph 79 regarding "continuous and uninterrupted flow of interstate commerce and foreign commerce" are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 79 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 79 require a response, KPNV denies all of the allegations.

80.     The allegations in Paragraph 80 state legal contentions to which no response is required.  To the extent a response is required and the allegations relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 80 relate to KPNV, KPNV denies them.

81.     The allegations in Paragraph 81 state legal contentions to which no response is required.  To the extent a response is required and the allegations relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81, and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 81 relate to KPNV, KPNV denies them.

## VI.     FACTUAL ALLEGATIONS

82.     KPNV admits that the allegations in Paragraph 82 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

83.     KPNV admits that the allegations in Paragraph 83 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

84.     KPNV admits that the allegations in Paragraph 84 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

85.     KPNV admits that the allegations in Paragraph 85 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

86.     KPNV admits that the allegations in Paragraph 86 purport to describe CRT

technology, but KPNV denies that such descriptions are accurate or complete.

87.     KPNV admits that the allegations in Paragraph 87 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

88.     To the extent that the allegations in Paragraph 88 state legal contentions, no response is required.  KPNV admits that the allegations in Paragraph 88 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

89.     To the extent that the allegations in Paragraph 89 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 89 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 89 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 83 relate to KPNV, KPNV denies all of the allegations.  In particular, KPNV denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 89.

90.     To the extent that the allegations in Paragraph 90 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 90 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 90 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 90 relate to KPNV, KPNV denies all of the allegations.

91.     To the extent that the allegations in Paragraph 91 state legal contentions, no response is required.  KPNV denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 91.

92.     The allegations in Paragraph 92 are legal contentions to which no response is required.  To the extent that a response is required, KPNV denies every allegation in Paragraph

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

92.

93.     The allegations in Paragraph 93 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 93 relate to defendants other than KPNV, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 93 relate to KPNV, KPNV denies all allegations.

94.     To the extent that the allegations in Paragraph 94 state legal contentions, no response is required.  To the extent that the other allegations in Paragraph 94 relate to defendants other than KPNV, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 94 relate to KPNV, KPNV denies all of the allegations.

95.     The allegations in Paragraph 95 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 95 are not directed at KPNV, and, therefore, no response is required.  To the extent that a response is required, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and, on that basis, denies them.

96.     KPNV avers that the use of the term "Philips" in Paragraph 96 renders the Amended Complaint indefinite and uncertain as to KPNV.  The allegations in Paragraph 96 are legal contentions to which no response is required.  To the extent that a response is required, KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  To the extent that the allegations in Paragraph 96 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies any remaining allegations in Paragraph 96.

97.     The allegations in Paragraph 97 are legal contentions to which no response is required.  To the extent a response is required, KPNV denies the allegations in Paragraph 97.

98.     KPNV avers that the use of the term "Philips" in Paragraph 98 renders the

Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 98 and its subparts state legal contentions, no response is required.  KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  KPNV admits that LG.Philips LCD Co., Ltd. was formed in 1999.  KPNV denies that it was supplied "CRTs" from Samtel.  To the extent that the remaining allegations in Paragraph 98 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 98 and its subparts relate to KPNV, KPNV denies them.

99.    The allegations in Paragraph 99 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 99 require a response, KPNV denies all of the allegations.

100.    The allegations in Paragraph 100 are legal contentions to which no response is required.  To the extent a response is required and that the allegations in Paragraph 100 relate to defendants other than KPNV, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 100 require a response, KPNV denies all of the allegations.

101.    The allegations in Paragraph 101 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 101 require a response, KPNV denies all of the allegations.

102.    The allegation in the second sentence of Paragraph 102 is a legal contention to which no response is required.  KPNV otherwise lacks knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 102 and, on that basis, denies them.

103.    The allegation in the second sentence of Paragraph 103 is a legal contention to which no response is required.  KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in the first and third sentences of Paragraph 103 and, on that basis, denies them.  To the extent a response is required and the remaining allegations in

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

Paragraph 103 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the remaining allegations in Paragraph 103 relate to KPNV, KPNV denies all of the allegations.

104.    The allegations in Paragraph 104 are legal contentions to which no response is required.  To the extent a response is required and the allegations relate to other defendants, KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 104 and, on that basis, denies them. To the extent a response is required and the allegations relate to KPNV, KPNV denies all of the allegations in Paragraph 104.

105.    The allegations in Paragraph 105 are legal contentions to which no response is required.  To the extent a response is required, KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 105 and, on that basis, denies them.

106.    The allegations in Paragraph 106 are legal contentions to which no response is required.  To the extent a response is required, KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 106 and, on that basis, denies them.

107.    The allegations in Paragraph 107 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 107 relate to defendants other than KPNV, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 107 relate to KPNV, KPNV denies all of the allegations.

108.    The allegations in Paragraph 108 are legal contentions to which no response is required.  To the extent a response is required, KPNV denies all of the allegations in Paragraph 108.

109.    To the extent that the allegations in Paragraph 109 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 109 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 109 relate to KPNV, KPNV

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

denies all of the allegations.

110.    The allegations in Paragraph 110 are not directed at KPNV and, therefore, no response is required.  To the extent a response is required, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and, on that basis, denies them.

111.    To the extent that the allegations in Paragraph 111 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 111 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 111 relate to KPNV, KPNV denies all of the allegations.

112.    KPNV avers that the use of the term "Philips" in Paragraph 112 renders the Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 112 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 112 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 112 concern KPNV, KPNV denies them.

113.    The allegations in Paragraph 113 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and, on that basis, denies them.

114.    To the extent that the allegations in Paragraph 114 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 114 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 114 relate to KPNV, KPNV denies them.

115.    The allegations in Paragraph 115 state legal contentions to which no response is required.  To the extent a response is required, KPNV denies each and every allegation of Paragraph 115.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED
COMPLAINT

116. To the extent that the allegations in Paragraph 116 state legal contentions, no response is required. To the extent that the allegations in Paragraph 116 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 116 relate to KPNV, KPNV denies all of the allegations.

117. To the extent that the allegations in Paragraph 117 state legal contentions, no response is required. To the extent that the allegations in Paragraph 117 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 117 relate to KPNV, KPNV denies all of the allegations.

118. To the extent that the allegations in Paragraph 118 state legal contentions, no response is required. To the extent that the allegations in Paragraph 118 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 118 relate to KPNV, KPNV denies all of the allegations.

119. To the extent that the allegations in Paragraph 119 state legal contentions, no response is required. To the extent that the allegations in Paragraph 119 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 119 relate to KPNV, KPNV denies all of the allegations.

120. To the extent that the allegations in Paragraph 120 state legal contentions, no response is required. To the extent that the allegations in Paragraph 120 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 120 relate to KPNV, KPNV denies all of the allegations.

121. KPNV avers that the use of the term "Philips" in Paragraph 121 renders the Amended Complaint indefinite and uncertain as to KPNV. To the extent that the allegations in

Paragraph 121 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 121 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 121 relate to KPNV, KPNV denies all of the allegations.

122.    To the extent that the allegations in Paragraph 122 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 122 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 122 relate to KPNV, KPNV denies all of the allegations.

123.    To the extent that the allegations in Paragraph 123 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 123 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 123 relate to KPNV, KPNV denies all of the allegations.

124.    To the extent that the allegations in Paragraph 124 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 124 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 124 relate to KPNV, KPNV denies all of the allegations.

125.    To the extent that the allegations in Paragraph 125 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 125 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 125 relate to KPNV, KPNV denies all of the allegations.

126.    The allegations in Paragraph 126 state legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 126 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their

truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 126 relate to KPNV, KPNV denies all of the allegations.

127.    To the extent that the allegations in Paragraph 127 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 127 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 127 relate to KPNV, KPNV denies all of the allegations.

128.    To the extent that the allegations in Paragraph 128 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 128 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 128 relate to KPNV, KPNV denies all of the allegations.

129.    To the extent that the allegations in Paragraph 129 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 129 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 129 and its subparts relate to KPNV, KPNV denies all of the allegations.

130.    To the extent that the allegations in Paragraph 130 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 130 refer to public statements by government authorities, those statements speak from themselves and no response is required.  To the extent that the allegations in Paragraph 130 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 130 relate to KPNV, KPNV denies all of the allegations.

131.    To the extent that the allegations in Paragraph 131 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 131 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

on that basis, denies them.  To the extent that the allegations in Paragraph 131 relate to KPNV, KPNV denies all of the allegations.

132.    To the extent that the allegations in Paragraph 132 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 132 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 132 relate to KPNV, KPNV denies all of the allegations.

133.    To the extent that the allegations in Paragraph 133 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 133 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 133 relate to KPNV, KPNV denies all of the allegations.

134.    To the extent that the allegations in Paragraph 134 state legal contentions, no response is required.  With respect to the third sentence in Paragraph 134, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 134 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 134 relate to KPNV, KPNV denies all of the allegations.

135.    To the extent that the allegations in Paragraph 135 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 135 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 135 relate to KPNV, KPNV denies all of the allegations.

136.    To the extent that the allegations in Paragraph 136 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 136 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

1   on that basis, denies them. To the extent that the allegations in Paragraph 136 relate to KPNV,

2   KPNV denies all of the allegations.

3       137.    The allegations in Paragraph 137 state legal contentions, no response is required.

4   Additionally, the allegations in Paragraph 137 are not directed at KPNV and, therefore, no

5   response is required. To the extent that the allegations in Paragraph 137 relate to KPNV, KPNV

6   denies them. KPNV otherwise lacks knowledge or information sufficient to form a belief as to

7   the truth of the allegations in Paragraph 137 and, on that basis, denies them.

8       138.    The allegations in Paragraph 138 state legal contentions, no response is required.

9   Additionally, the allegations in Paragraph 138 are not directed at KPNV and, therefore, no

10  response is required. To the extent that the allegations in Paragraph 138 relate to KPNV, KPNV

11  denies them. KPNV otherwise lacks knowledge or information sufficient to form a belief as to

12  the truth of the allegations in Paragraph 138 and, on that basis, denies them.

13      139.    The allegations in Paragraph 139 state legal contentions, no response is required.

14  Additionally, the allegations in Paragraph 139 are not directed at KPNV and, therefore, no

15  response is required. To the extent that the allegations in Paragraph 139 relate to KPNV, KPNV

16  denies them. KPNV otherwise lacks knowledge or information sufficient to form a belief as to

17  the truth of the allegations in Paragraph 139 and, on that basis, denies them.

18      140.    KPNV avers that the use of the term "Philips" in Paragraph 140 renders the

19  Amended Complaint indefinite and uncertain as to KPNV. The allegations in Paragraph 140 also

20  state legal contentions to which no response is required. Additionally, the allegations in

21  Paragraph 140 are not directed at KPNV and, therefore, no response is required. To the extent

22  that the allegations in Paragraph 140 relate to KPNV, KPNV denies all of the allegations. KPNV

23  otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

24  allegations in Paragraph 140 and, on that basis, denies them.

25      141.    The allegations in Paragraph 141 state legal contentions to which no response is

26  required. Additionally, the allegations in Paragraph 141 are not directed at KPNV and, therefore,

27  no response is required. To the extent the allegations in Paragraph 141 relate to KPNV, KPNV

28

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED
COMPLAINT

denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and, on that basis, denies them.

142.    KPNV avers that the use of the term "Philips" in Paragraph 142 renders the Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 142 state legal contentions, no response is required.  To the extent the allegations in Paragraph 142 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent the allegations in Paragraph 142 relate to KPNV, KPNV denies all of the allegations.  KPNV specifically denies that any employee of LP Displays or LG.Philips Displays previously attended any meeting described in this Paragraph on its behalf.

143.    The allegations in Paragraph 143 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 143 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 143 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, denies them.

144.    The allegations in Paragraph 144 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 144 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 144 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, on that basis, denies them.

145.    The allegations in Paragraph 145 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 145 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 145 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and, on that basis, denies them.

146.    The allegations in Paragraph 146 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 146 are not directed at KPNV and, therefore,

no response is required.  To the extent the allegations in Paragraph 146 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and, on that basis, denies them.

147.    KPNV avers that the use of the term "Philips" in Paragraph 147 renders the Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 147 state legal contentions, no response is required.   KPNV denies that it participated in, engaged in or was represented at any "Glass Meetings" or "bilateral discussions" at which agreements were reached on prices and supply levels for CRTs.  KPNV denies that it participated in any such "Glass meetings" or "bilateral discussions" after 2001 "through" LG.Philips Displays. To the extent that the allegations in Paragraph 147 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  In all other respects, KPNV denies the allegations in Paragraph 147.

148.    To the extent that the allegations in Paragraph 148 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 148 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 148 relate to KPNV, KPNV denies them.

149.    The allegations in Paragraph 149 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 149 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 149 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, denies them.

150.    The allegations in Paragraph 150  state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 150 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 150 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and, on that basis, denies them.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

151.    The allegations in Paragraph 151 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 151 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 151 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and, on that basis, denies them.

152.    The allegations in Paragraph 152 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 152 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 152 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and, on that basis, denies them.

153.    The allegations in Paragraph 153 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 153 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 153 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and, on that basis, denies them.

154.    The allegations in Paragraph 154 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 154 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 154 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, on that basis, denies them.

155.    The allegations in Paragraph 155 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 155 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 155 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, on that basis, denies them.

156.    The allegations in Paragraph 156 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 156 are not directed at KPNV and, therefore,

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED
COMPLAINT

no response is required.  To the extent the allegations in Paragraph 156 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and, on that basis, denies them.

157.     To the extent that the allegations in sentence one of Paragraph 157 are an explanation of terminology, no response is required.  To the extent that the allegations in Paragraph 157 state legal contentions, no response is required.  KPNV, however, avers that Plaintiffs' reference to "a corporate family or companies by a single name in its allegations of participation in the conspiracy" renders the Amended Complaint indefinite and uncertain.  To the extent that the remaining allegations in Paragraph 157 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the remaining allegations in Paragraph 157 relate to KPNV, KPNV denies all of the allegations.

158.     To the extent that the allegations in Paragraph 158 state legal contentions, no response is required.  KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, on that basis, denies them.

159.     The allegations in Paragraph 159 are vague and ambiguous, as they do not identify any underlying product or service and, on that basis, KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and, on that basis, denies them.  To the extent that the allegations contained in Paragraph 159 are derived from an analyst report, that report speaks for itself and no response is required.

160.     To the extent that the allegations in Paragraph 160 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 160 are derived from analyst reports, those reports speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and, on that basis, denies them.

161.     The allegation in the first sentence of Paragraph 161 is a legal contention to which no response is required.  With regard to the allegations in the second and third sentence of

Paragraph 161, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.   With regard to the allegations in the last of Paragraph 161, KPNV lacks knowledge or information sufficient to form a belief as to the truth and, on that basis, denies them.  KPNV denies any remaining allegations contained in Paragraph 194.

162.     To the extent that the allegations in Paragraph 162 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.

163.     With regard to the first and second sentence of Paragraph 163, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  The third sentence of Paragraph 163 state legal contentions to which no response is required.  To the extent that the allegations in Paragraph 163 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 163 relate to KPNV, KPNV denies all of the allegations.

164.     To the extent that the allegations in Paragraph 164 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.   KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and, on that basis, denies them.  To the extent that the allegations in Paragraph 164 relate to KPNV, KPNV denies all of the allegations.

165.     To the extent the allegations contained in Paragraph 165 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and, on that basis, denies them.

166.     To the extent that the allegations in Paragraph 166 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 166 are derived from or purport to quote published statements, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 166 relate to other defendants, KPNV

lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV otherwise denies all of the allegations in Paragraph 166.

167.    The allegations in Paragraph 167 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 167 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 167 relate to KPNV, KPNV denies all of the allegations.

168.    The allegations in Paragraph 168 are legal contentions to which no response is required.   To the extent that the allegations in Paragraph 168 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 168 relate to KPNV, KPNV denies all of the allegations.

169.    To the extent the allegations of Paragraph 169 state legal contentions, no response is required.  To the extent that the allegations in the third sentence of Paragraph 169 are derived from or purport to quote published statements made by the President of Skyworth Macao Commercial Offshore Co., Ltd., those published statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 169 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 169 relate to KPNV, KPNV denies all of the allegations.

170.    To the extent the allegations in Paragraph 170 state legal contentions, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and, on that basis, denies them.

171.    The allegations in Paragraph 171 are legal contentions to which no response is required.   To the extent that a response is required, KPNV denies the allegations in Paragraph 171.

172.    The allegations in Paragraph 172 are legal contentions to which no response is

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

required. To the extent the allegations contained in Paragraph 172 refer to public filings by government authorities, those filings speak for themselves and no response is required. To the extent that a response is required, KPNV denies the allegations in Paragraph 172.

173.    To the extent the allegations contained in Paragraph 173 refer to public filings by government authorities, those filings speak for themselves and no response is required.

174.    To the extent the allegations contained in Paragraph 174 refer to a public statement by Toshiba, that statement speaks for itself and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and, on that basis, denies them.

175.    To the extent that the allegations in Paragraph 175 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 175 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 175 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 175 relate to KPNV, KPNV denies them.

176.    To the extent that the allegations contained in Paragraph 176 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and, on that basis, denies them.

177.    To the extent that the allegations contained in Paragraph 177 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and, on that basis, denies them.

178.    To the extent that the allegations contained in Paragraph 178 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 and, on that basis, denies them.

179.     To the extent that the allegations contained in Paragraph 179 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 and, on that basis, denies them.

180.     To the extent that the allegations contained in Paragraph 180 refer to public statements by government authorities, those statements speak for themselves and no response is required.   KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and, on that basis, denies them.

181.     To the extent that the allegations contained in Paragraph 181 refer to public statements by Samsung, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 181 state legal contentions, no response is required. To the extent that the allegations in Paragraph 181 relate to KPNV, KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and, on that basis, denies them.

182.     To the extent that the allegations contained in Paragraph 182 refer to public filings by government authorities, those filings speak for themselves and no response is required.   To the extent that the allegations in Paragraph 182 state legal contentions, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and, on that basis, denies them.

183.     To the extent that the allegations in Paragraph 183 refer to public filings and statements by government authorities, those filings and statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 183 purport to quote a press release, that press release speaks for itself and no response is required.  KPNV denies any remaining allegations in Paragraph 183.

184.     The allegations in Paragraph 184 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 184 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

on that basis, denies them.  To the extent that the allegations in Paragraph 184 relate to KPNV, KPNV denies them.

185.    To the extent that the allegations in the first sentence of Paragraph 185 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 185 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 185 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 185 have any relevance to the Amended Complaint or the purported acts or omissions of KPNV.

186.    The allegations in Paragraph 186 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 186 have any relevance to the Amended Complaint or the purported acts or omissions of KPNV.

187.    To the extent the allegations contained in Paragraph 187 refer to public filings by government authorities, those filings speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 187 have any relevance to the Amended Complaint or the purported acts or omissions of KPNV.

188.    KPNV avers that the use of the term "Philips" in Paragraph 188 renders the Amended Complaint indefinite and uncertain as to KPNV.  To the extent the allegations contained in Paragraph 188 refer to news reports, those reports speak for themselves and no response is required.  To the extent that the allegations in Paragraph 188 relate to the other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in

Paragraph 188 have any relevance to the Amended Complaint or the purported acts or omissions of KPNV.

189.    To the extent the allegations contained in Paragraph 189 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 189 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 189 have any relevance to the Amended Complaint or the purported acts or omissions of KPNV.

190.    To the extent the allegations contained in Paragraph 190 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 190 relate to the other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 190 have any relevance to the Amended Complaint or the purported acts or omissions of KPNV.

191.    To the extent that the allegations in Paragraph 191 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 191 refer to public filings by government authorities, those filings speak for themselves and no response is required.  To the extent that the allegations in Paragraph 191 relate to the other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 182 have any relevance to the Amended Complaint or the purported acts or omissions of KPNV.

192.    To the extent that the allegations in Paragraph 192 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 192 refer to public statements there listed, those statements speak for themselves and no response is required.  KPNV admits the existence of the trade associations Korea Display Conference, Korean Display Equipment Material Industry Association, and Electronic Display Industrial Research Association of Korea, but KPNV denies that such descriptions are accurate or complete.  To the extent that the

allegations in Paragraph 192 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 192 relate to KPNV, KPNV denies them.

193. The allegations in Paragraph 193 are not directed at KPNV and, on that basis, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 and, on that basis, denies them.

194. The allegations in Paragraph 194 are not directed at KPNV and, on that basis, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and, on that basis, denies them.

195. To the extent that the allegations in Paragraph 195 state legal contentions, no response is required. KPNV admits the existence of the Society for Information Display, but KPNV denies that such descriptions are accurate or complete. To the extent that the allegations in Paragraph 195 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 195 relate to KPNV, KPNV denies all of the allegations.

196. To the extent that the allegations in Paragraph 196 state legal contentions, no response is required. To the extent that the allegations in Paragraph 196 relate of other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 196 relate to KPNV, KPNV denies all of the allegations.

197. The allegations in Paragraph 197 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 197 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 197 relate to KPNV, KPNV denies all of the allegations.

198. The allegations in Paragraph 198 are not directed at KPNV and, on that basis, no response is required. To the extent that the allegations in Paragraph 198 purport to quote

statements by Panasonic, those statements speaks for themselves and no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and, on that basis, denies them.

199.    The allegations in Paragraph 199 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 and, on that basis, denies them.

200.    The allegations in Paragraph 200 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 and, on that basis, denies them.

201.    The allegations in Paragraph 201 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 and, on that basis, denies them.

202.    The allegations in Paragraph 202 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 and, on that basis, denies them.

203.    The allegation in the first sentence of Paragraph 203 is a legal contention to which no response is required.  With regard to the allegations in the second and third sentence, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.   KPNV denies any remaining allegations contained in Paragraph 203.

204.    To the extent that the allegations in Paragraph 204 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.

205.    KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 and, on that basis, denies them.

206.    To the extent that the allegations in Paragraph 206 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 206 are derived from or purport to quote an industry news article, that article speaks for itself and no response is required.

KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 and, on that basis, denies them.  To the extent that the allegations in Paragraph 206 relate to KPNV, KPNV denies all of the allegations.

207.    To the extent the allegations contained in Paragraph 207 are derived from or purport to quote a keynote speaker at a conference, that speaker speaks for himself and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 and, on that basis, denies them.

208.    With regard to the first and second sentence of Paragraph 208, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  To the extent the third sentence of Paragraph 208 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 208 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 208 relate to KPNV, KPNV denies all of the allegations.

209.    To the extent that the allegations in Paragraph 209 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.   KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and, on that basis, denies them.  To the extent that the allegations in Paragraph 209 relate to KPNV, KPNV denies all of the allegations.

210.    The allegations in Paragraph 210 are not directed at KPNV and, therefore, no response is required.  To the extent that a response is required, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 and, on that basis, denies them.

211.    To the extent the allegations of Paragraph 211 state legal contentions, no response is required.  To the extent that the allegations in the third sentence of Paragraph 211 are derived from or purport to quote published statements made by the President of Skyworth Macao Commercial Offshore Co., Ltd., those published statements speak for themselves and no response

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

is required.  To the extent that the allegations in Paragraph 211 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 211 relate to KPNV, KPNV denies all of the allegations.

212.    To the extent the allegations of Paragraph 212 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 212 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 212 relate to KPNV, KPNV denies all of the allegations.

213.    To the extent the allegations of Paragraph 213 and its subparts state legal contentions, no response is required.  To the extent a response is required, KPNV denies all of the allegations in Paragraph 213, including its subparts.

## VII.    ALLEGATIONS CONCERNING PLAINTIFFS' INJURIES

214.    The allegations in Paragraph 214 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 214 relate to other Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 214 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 214 relate to KPNV, KPNV denies them.  KPNV denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint.

215.    The allegations in Paragraph 215 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 215 relate to other Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in

Paragraph 215 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 215  relate to KPNV, KPNV denies them.

216.    The allegations in Paragraph 216 state legal contentions, for which no response is required.  KPNV admits that the allegations in Paragraph 216 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

217.    The allegations in Paragraph 217 state legal contentions, for which no response is required.  To the extent that the allegations in Paragraph 217 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent that the allegations in Paragraph 217 relate to KPNV, KPNV denies all of the allegations.

218.    The allegations in Paragraph 218 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 218 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 218  relate to KPNV, KPNV denies them.

219.    To the extent that the allegations in Paragraph 219 relate to Plaintiffs, KPNV lacks knowledge or information sufficient as to form a belief as to their truth and, on that basis, denies them.  KPNV denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 219.

**VIII.   ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT**

220.    To the extent that the allegations in Paragraph 220 state legal contentions, no response is required.  To the extent that a response is required and the allegations in Paragraph 220 relate to other Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 220 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 220

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

relate to KPNV, KPNV denies all of the allegations.

221.    To the extent that the allegations in Paragraph 221 state legal contentions, no response is required.  To the extent that a response is required and the allegations in Paragraph 214 relate to other Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 221 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 221 relate to KPNV, KPNV denies all of the allegations.

222.    To the extent that the allegations in Paragraph 222 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 222 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 222 relate to KPNV, KPNV denies all of the allegations.

223.    To the extent that the allegations in Paragraph 223 state legal contentions, no response is required.   KPNV otherwise denies all of the allegations in Paragraph 223.

224.    To the extent that the allegations in Paragraph 224 state legal contentions, no response is required.  To the extent that a response is required and the allegations in Paragraph 224 relate to other Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 224 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 224 relate to KPNV, KPNV denies all of the allegations.

225.    To the extent that the allegations in Paragraph 225 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 225 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 225 relate to KPNV, KPNV denies all of the allegations.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

226.     To the extent that the allegations in Paragraph 226 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 226 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 226 relate to KPNV, KPNV denies all of the allegations.

227.     With regard to the first and second sentences of Paragraph 227, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.  The allegations in the third sentence of Paragraph 227 state legal contentions, for which no response is required.  To the extent a response is required and the allegations in the third sentence relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 227 relate to KPNV, KPNV denies all of the allegations.

228.     With regard to the first sentence and second sentence of Paragraph 228, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.  The allegations in the second and third sentences of Paragraph 228 state legal contentions, for which no response is required.  To the extent that the third sentence of Paragraph 228 requires a response, KPNV denies all of the allegations.

229.     KPNV avers that the use of the term "Philips" in Paragraph 229 renders the allegations indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 229 are derived from or purport to quote published statements made by a Deputy General Manager for an LG Electronics distributor, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 229 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 229 relate to KPNV, KPNV denies all of the allegations.

230.     The allegations in Paragraph 230 are not directed at KPNV and, therefore, no

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

response is required. To the extent that a response is required and the allegations relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230 and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 230 relate to KPNV, KPNV denies all of the allegations.

231. To the extent that the allegations in Paragraph 231 state legal contentions, no response is required. To the extent that a response is required and the allegations in Paragraph 214 relate to other Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 231 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 231 relate to KPNV, KPNV denies all of the allegations.

232. The allegations in Paragraph 232 state legal contentions to which no response is required. To the extent the allegations in Paragraph 232 require a response, KPNV denies them.

## IX. ALLEGATIONS CONCERNING AMERICAN PIPE, GOVERNMENT ACTION AND CROSS- JURISDICTIONAL TOLLING

233. To the extent that the allegations in the first sentence of Paragraph 233 refer to public filings by government authorities discussed in Paragraphs 172-191, those filings speak for themselves and no response is required. The allegations in the second sentence of Paragraph 233 state legal contentions to which no response is required. To the extent that the allegations in Paragraph 233 relate to KPNV, KPNV denies them.

234. The allegations in Paragraph 234 state legal contentions to which no response is required.

235. The allegations in Paragraph 235 constitute legal contentions and/or conclusions to which no response is required. To the extent the allegations in Paragraph 235 require a response, KPNV denies all allegations.

## X. ALLEGATIONS CONCERNING CLAIM FOR VIOLATIONS

236. KPNV repeats and incorporates by reference its responses to Paragraph 1 through

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

235 of the Amended Complaint with the same force and effect as if set forth herein at length.

237.    The allegations in Paragraph 237 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 237 require a response, KPNV denies all allegations.

238.    The allegations in Paragraph 238 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 238 require a response KPNV denies all of the allegations.

239.    The allegations in Paragraph 239 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 239 require a response KPNV denies all of the allegations.

240.    The allegations in Paragraph 240 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 240 require a response KPNV denies all of the allegations.

241.    The allegations in Paragraph 241 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 241 and its subparts require a response, KPNV denies all of the allegations.

242.    The allegations in Paragraph 242 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 242 require a response, KPNV denies all of the allegations.

243.    KPNV repeats and incorporates by reference its responses to Paragraph 1 through 242 of the Amended Complaint with the same force and effect as if set forth herein at length.

244.    The allegations in Paragraph 244 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 244 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 244 relate to KPNV, KPNV denies all of the allegations.

245.    The allegations in Paragraph 245 constitute legal contentions and/or conclusions to

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

which no response is required.  To the extent that a response is required and the allegations in Paragraph 245 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 245 relate to KPNV, KPNV denies all of the allegations.

246.    The allegations in Paragraph 246 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 246 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 246 and its subparts relate to KPNV, KPNV denies all of the allegations.

247.    The allegations in Paragraph 247 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 247 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 247 and its subparts relate to KPNV, KPNV denies all of the allegations.

248.    The allegations in Paragraph 248 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 248 relate to other Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 248 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 248 relate to KPNV, KPNV denies all of the allegations.

249.    The allegations in Paragraph 249 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 249 relate to other Plaintiffs, KPNV lacks knowledge or information sufficient to form

a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 249 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 249 relate to KPNV, KPNV denies all of the allegations.

## XI.     ALLEGATIONS CONCERNING PRAYER FOR RELIEF

With respect to Plaintiffs' allegations concerning prayer for relief, KPNV denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint. All allegations of the Amended Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

## XII.     ALLEGATION CONCERNING JURY TRIAL DEMAND

To the extent any response is required to Plaintiffs' Jury Trial Demand, KPNV admits that Plaintiffs purport to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, KPNV asserts the following additional and/or affirmative defenses to Plaintiffs' Amended Complaint:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

The Amended Complaint, and each of its claims for relief, fails to state sufficient facts upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Lack of Subject Matter Jurisdiction)

The conduct alleged to provide a basis for the claims of Plaintiffs did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States.

The Court, therefore, lacks subject matter jurisdiction of the claims of Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

### FOURTH AFFIRMATIVE DEFENSE

### (Vagueness of Claims)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because its claims are ambiguous and/or unintelligible. KPNV avers that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit KPNV to ascertain what other defenses may exist. KPNV therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to Plead Conspiracy with Particularity)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

### SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitation)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

### (Unilateral Action)

Plaintiffs' claims are barred, in whole or in part, because the actions or practices of KPNV that are the subject of the Amended Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of KPNV's independent interests, and were not the product of any

contract, combination or conspiracy between KPNV and any other person or entity.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Rule of Reason)

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of KPNV that are the subject of the Amended Complaint were adopted in furtherance of legitimate business interests of KPNV and do not unreasonable restrain competition.

### NINTH AFFIRMATIVE DEFENSE

#### (Competition)

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of KPNV that are the subject of the Amended Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

### TENTH AFFIRMATIVE DEFENSE

#### (Non-actionable or Governmental Privilege)

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of KPNV that is the subject of the Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (No Act of KPNV)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have not been injured in its business or property by reason of any action of KPNV.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Intervening Conduct)

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of KPNV and/or were caused, if at all, solely and proximately by the conduct of third parties including, without

limitations, the prior, intervening or superseding conduct of such third parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (*Ultra Vires*)

To the extent that any actionable conduct occurred, Plaintiffs' claims against KPNV are barred because all such conduct would have been committed by individuals acting *ultra vires*.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Damages Passed On)

Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Amended Complaint, which KPNV specifically denies, was passed on to persons or entities other than Plaintiffs and/or was passed on by Plaintiffs to other parties.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Withdrawal)

To the extent that any actionable conduct occurred for which KPNV is liable, some or all of Plaintiffs' claims against KPNV are barred because KPNV withdrew from and/or abandoned any alleged conspiracy prior to the commencement of the limitations period set forth in applicable statutes of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs failed to take all necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Unjust Enrichment)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs would be unjustly enriched if it was allowed to recover any part of the damages alleged in the Amended Complaint.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED
COMPLAINT

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Set Off)

Without admitting that Plaintiffs are entitled to recover damages in this matter, KPNV is entitled to set off from any recovery Plaintiffs may obtain against KPNV any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Legal Acts)

Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's FIRST AMENDED COMPLAINT

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiffs' acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to KPNV.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (*Forum Non Conveniens*)

The Amended Complaint should be dismissed on the grounds of *forum non conveniens*.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Improper Forum/Arbitration)

Plaintiffs' claims against KPNV are barred to the extent that Plaintiffs have agreed to arbitration or chosen a different forum for the resolution of its claims.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs have available an adequate remedy at law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Due Process)

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights

guaranteed by the Due Process clause of the Fifth Amendment of the United States Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Due Process)

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Due Process provision of the Fourteenth Amendment of the United States Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Equal Protection)

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States Constitution.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Double Jeopardy)

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Excessive Fines)

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Excessive Fines provision of the Eighth Amendment of the United States Constitution.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Unconstitutional Multiplicity)

To the extent any recovery by Plaintiffs would be duplicative of recovery by other plaintiffs and other lawsuits, subjecting KPNV to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Foreign Sales)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover damages, if any, based on sales outside of the United States.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Amended Complaint, the fact and extent of which KPNV specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs and/or third parties or entities, other than KPNV.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure To Plead Damages With Specificity)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to plead damages with specificity as required by the federal laws cited.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Injury or Damages Offset by Benefits Received)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiffs received with respect to the challenged conduct.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Proportionality)

To the extent KPNV is found liable for damages, the fact and extent of which are

expressly denied by KPNV, those damages must be reduced in proportion to KPNV's degree of fault.

### FORTIETH AFFIRMATIVE DEFENSE

#### (Release)

The claims of one or more of the persons or entities Plaintiffs purport to represent are barred because they have been released.

### FORTY-FIRST AFFIRMATIVE DEFENSE

#### (No 'Full Consideration' Damages)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to "full consideration" damages.

### FORTY-SECOND AFFIRMATIVE DEFENSE

#### (Other Defenses Incorporated by Reference)

KPNV adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that KPNV may share in such affirmative defenses.

### FORTY-THIRD AFFIRMATIVE DEFENSE

#### (Reservation of Rights to Assert Additional Defenses)

KPNV  has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. KPNV further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

**WHEREFORE**, KPNV prays as follows:

1.     That Plaintiffs take nothing by way of the Amended Complaint and the Amended Complaint be dismissed with prejudice;

2.     That judgment be entered in favor of KPNV and against Plaintiffs on each and every claim for relief set forth in the Complaint;

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED COMPLAINT

1        3.      That KPNV recover its costs of suit and attorneys' fees incurred herein; and

2        4.      That KPNV be granted such other and further relief as the Court deems just and

3 proper.

6 Dated: November 4, 2013              Respectfully Submitted:

8                             By: /s/ Jon V. Swenson
                             Jon V. Swenson

10                             *Attorney for Defendant Koninklijke Philips N.V.*

54

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO BEST BUY CO., INC ET AL's  FIRST AMENDED
COMPLAINT