1  BAKER BOTTS L.L.P.
   Jon V. Swenson (SBN 233054)
2  1001 Page Mill Road
   Building One, Suite 200
3  Palo Alto, CA 94304-1007
   Telephone: (650) 739-7500
4  Facsimile:  (650) 739-7699
   Email: jon.swenson@bakerbotts.com
5
   BAKER BOTTS L.L.P.
6  John M. Taladay (*pro hac vice*)
   Joseph Ostoyich  (*pro hac vice*)
7  Erik T. Koons (*pro hac vice*)
   Charles M. Malaise (*pro hac vice*)
8  1299 Pennsylvania Avenue, N.W.
   Washington, D.C. 20004-2400
9  Telephone: (202) 639-7700
   Facsimile:  (202) 639-7890
10 Email: john.taladay@bakerbotts.com
   Email: joseph.ostoyich@bakerbotts.com
11 Email: erik.koons@bakerbotts.com
   Email: charles.malaise@bakerbotts.com
12
   *Attorneys for Defendant Koninklijke Philips N.V.*
13

14            **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
15              **SAN FRANCISCO DIVISION**

16

17 In re: CATHODE RAY TUBE (CRT)        Master File No. 3:07-cv-05944-SC
   ANTITRUST LITIGATION
18                                      MDL No. 1917

19                                      Individual Case No. 3:11-cv-05514
   TARGET CORP.
20
                Plaintiff
21                                      **ANSWER OF KONINKLIJKE PHILIPS**
                                        **N.V.  TO TARGET CORP.'S SECOND**
22       v.                             **AMENDED COMPLAINT**

23 CHUNGHWA PICTURE TUBES, LTD.;        **Trial Date: None Set**
   CHUNGHWA PICTURE TUBES (MALAYSIA);
24 IRICO GROUP CORPORATION; IRICO
   GROUP ELECTRONICS CO., LTD.; IRICO
25 DISPLAY DEVICES CO., LTD.; LG
   ELECTRONICS, INC.; LG ELECTRONICS
26 USA, INC.; LP DISPLAYS INTERNATIONAL
   LTD.; HITACHI, LTD.; HITACHI DISPLAYS,
27 LTD.; HITACHI AMERICA, LTD.; HITACHI

28                                                              MDL 1917

   ANSWER OF KONINKLIJKE PHILIPS N.V. TO TARGET CORP.'S SECOND AMENDED COMPLAINT

1   ASIA, LTD.; HITACHI ELECTRONIC
    DEVICES (USA), INC.; SHENZHEN SEG
2   HITACHI COLOR DISPLAY DEVICES, LTD.;
    PANASONIC CORPORATION; PANASONIC
3   CORPORATION OF NORTH AMERICA; MT
    PICTURE DISPLAY CO., LTD.; BEIJING
4   MATSUSHITA COLOR CRT CO., LTD.;
    KONINKLIJKE PHILIPS ELECTRONICS N.V.;
5   PHILIPS ELECTRONICS NORTH AMERICA
    CORPORATION; PHILIPS ELECTRONICS
6   INDUSTRIES (TAIWAN), LTD.; PHILIPS DA
    AMAZONIA INDUSTRIAL ELECTRONICA
7   LTDA.; SAMSUNG SDI CO., LTD.; SAMSUNG
    SDI AMERICA, INC.; SAMSUNG SDI
8   MEXICO S.A. DE C.V.; SAMSUNG SDI
    BRASIL LTDA.; SHENZHEN SAMSUNG SDI
9   CO., LTD.; TIANJIN SAMSUNG SDI CO.,
    LTD.; SAMSUNG SDI (MALAYSIA) SDN.
10  BHD.; SAMTEL COLOR LTD.; THAI CRT CO.,
    LTD.; TOSHIBA CORPORATION; TOSHIBA
11  AMERICA, INC.; TOSHIBA AMERICA
    CONSUMER PRODUCTS, LLC; TOSHIBA
12  AMERICA ELECTRONIC COMPONENTS,
    INC.; TOSHIBA AMERICA INFORMATION
13  SYSTEMS, INC.
14
         Defendants
15

16

17          Defendant Koninklijke Philips N.V. ("KPNV"), by and through its undersigned counsel of

18  record, answers Target Corp.'s ("Plaintiff") Second Amended Complaint (the "Second Amended

19  Complaint") and alleges additional or affirmative defenses as follows.  KPNV denies each and

20  every allegation in the Second Amended Complaint's section headings asserted herein and in all

21  portions of the Second Amended Complaint not contained in numbered paragraphs.  To the extent

22  that the Second Amended Complaint's allegations concern persons and/or entities other than

23  KPNV, KPNV denies that such allegations support any claim for relief against KPNV.  KPNV

24  denies any allegations not explicitly admitted herein.

25

26

27

28                                            1                                        MDL 1917

# I.      INTRODUCTION[1]

1.      To the extent that the allegations in Paragraph 1 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 1 are definitional, no response is required.  KPNV avers that the use of the terms "CPTs," "CDTs," and "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Second Amended Complaint indefinite and uncertain.  To the extent that the allegations in Paragraph 1 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 1 relate to KPNV, KPNV denies all of the allegations.

2.      To the extent that the allegations in Paragraph 2 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 2 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the allegations in Paragraph 2 relate to KPNV, KPNV denies all of the allegations.

3.      To the extent that the allegations in Paragraph 3 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 3 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 3 relate to KPNV, KPNV denies all of the allegations.

4.       To the extent that the allegations in Paragraph 4 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 4 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 4 relate to KPNV, KPNV denies all of the allegations.

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the Second Amended Complaint.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TARGET CORP.'S SECOND AMENDED COMPLAINT

5.      To the extent that the allegations in Paragraph 5 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 5 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 5 relate to KPNV, KPNV denies all of the allegations.

6.      To the extent that the allegations in Paragraph 6 state legal contentions, no response is required.  KPNV lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 6 and, on that basis, denies them. To the extent that the allegations in Paragraph 6 relate to KPNV, KPNV denies them.

7.      KPNV admits that government authorities in the United States and other countries have commenced investigations of the CRT industry, the details of which are matters of public record and such records speak for themselves.  KPNV admits that an indictment was issued against C.Y. Lin, the details of which are matters of public record and such records speak for themselves.  KPNV admits that other individuals have been indicted by the DOJ, the details of which are matters of public record and such records speak for themselves.

8.      To the extent that the allegations in Paragraph 8 refer to public statements and filings by government authorities, those statements and filings speak for themselves and no response is required.  To the extent that the allegations in Paragraph 8 relate to other defendants, KPNV lacks knowledge or information to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 8 relate to other KPNV, KPNV denies them.

9.      To the extent that the allegations in Paragraph 9 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 9 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 9 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 9 relate to KPNV, KPNV denies all of the allegations.  KPNV denies that Plaintiff is entitled to any relief under any theory by means of the

allegations set forth in the Second Amended Complaint and alleged in Paragraph 9.

## II.    ALLEGATIONS CONCERNING JURISDICTION AND VENUE

10.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Second Amended Complaint indefinite and uncertain.  The allegations in Paragraph 10 state legal contentions to which no response is required.  KPNV admits that Plaintiff purports to bring this action to obtain injunctive relief under Section 16 of the Clayton Act, and to recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1), but denies that Plaintiff is entitled to any relief under those statutes.

11.    To the extent that the allegations in Paragraph 11 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV admits that Plaintiff purports to bring this action pursuant to various state laws, but denies that Plaintiff is entitled to any relief under those laws.  KPNV denies any remaining allegations in Paragraph 11.

12.    The allegations in Paragraph 12 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that the allegations in Paragraph 12 require a response, KPNV denies that this district has subject matter jurisdiction based on the conduct of KPNV as alleged in the Second Amended Complaint.

13.    The allegations in Paragraph 13 regarding jurisdiction constitute legal contentions to which no response is required.  KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Second Amended Complaint indefinite and uncertain.  To the extent that a response is required and the allegations in Paragraph 13 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations

in Paragraph 13 relate to KPNV, KPNV denies these allegations.

14.     The allegations in Paragraph 14 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 14 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 14 relate to KPNV, KPNV denies that this district has subject matter jurisdiction based on the conduct of KPNV as alleged in the Second Amended Complaint.

15.     The allegations in Paragraph 15 regarding venue constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 15 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 15 relate to KPNV, KPNV denies these allegations and denies that venue lies in this Court based on the conduct of KPNV as alleged in the Second Amended Complaint.

### III.     ALLEGATIONS CONCERNING THE PARTIES

16.     To the extent that the allegations in Paragraph 16 state legal contentions, no response is required.  KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Second Amended Complaint indefinite and uncertain.  To the extent that the allegations in Paragraph 16 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 16 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 16 relate to KPNV, KPNV denies them.

17.     To the extent that the allegations in Paragraph 17 state legal contentions, no response is required.  KPNV avers that the use of the term "CRTs," which improperly conflate

numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Second Amended Complaint indefinite and uncertain.  To the extent that the allegations in Paragraph 17 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

18.     To the extent that the allegations in Paragraph 18 state legal contentions, no response is required.  KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Second Amended Complaint indefinite and uncertain.  To the extent that the allegations in Paragraph 18 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

19.     The allegations in Paragraph 19 are not directed at KPNV and, therefore, no response is required.  KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Second Amended Complaint indefinite and uncertain.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies them.

20.     The allegations in Paragraph 20 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies them.

21.     The allegations in Paragraph 21 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, denies them.

22.     The allegations in Paragraph 22 are an explanation of terminology, for which no response is required.

MDL 1917

23.     To the extent that the allegations in Paragraph 23 state legal contentions, no response is required.  KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 CRT joint venture.  The remaining allegations in Paragraph 23 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and, on that basis, denies them.

24.     The allegations in Paragraph 24 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies them.

25.     The allegations in Paragraph 25 are an explanation of terminology, for which no response is required.

26.     To the extent that the allegations in Paragraph 26 state legal contentions, no response is required.  KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  KPNV admits that its shareholdings in the joint venture were relinquished to financial institutions and private equity firms.  To the extent the allegations in Paragraph 26 are not directed at KPNV, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies them.  KPNV denies that it exerted control over LG.Philips Displays or over LP Displays International, Ltd.  To the extent that the remaining allegations in Paragraph 26 relate to KPNV, KPNV denies them.

27.     The allegations in Paragraph 27 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, on that basis, denies them.

28.     The allegations in Paragraph 28 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TARGET CORP.'S SECOND AMENDED COMPLAINT

as to the truth of the allegations in Paragraph 28 and, on that basis, denies them.

29.     The allegations in Paragraph 29 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies them.

30.     The allegations in Paragraph 30 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies them.

31.     The allegations in Paragraph 31 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, on that basis, denies them.

32.     The allegations in Paragraph 32 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, on that basis, denies them.

33.     The allegations in Paragraph 33 are an explanation of terminology, for which no response is required.

34.     The allegations in Paragraph 34 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, denies them.

35.     The allegations in Paragraph 35 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, on that basis, denies them.

36.     The allegations in Paragraph 36 are an explanation of terminology, for which no response is required.

37.     The allegations in Paragraph 37 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, denies them.

38.     The allegations in Paragraph 38 are not directed at KPNV and, therefore, no

1   response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief

2   as to the truth of the allegations in Paragraph 38 and, on that basis, denies them.

3        39.     To the extent that the allegations in Paragraph 39 state legal contentions, no

4   response is required.  To the extent that the allegations in Paragraph 39 relate to other defendants,

5   KPNV lacks knowledge or information sufficient to form a belief as to their truth, and, on that

6   basis, denies them.  KPNV admits that it is a Dutch entity with its principal place of business at

7   Brenner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands, but avers that KPNV

8   legally changed its corporate name to Koninklijke Philips N.V.  KPNV admits that Philips & Co.

9   was founded in 1891 but denies the remaining allegations found in the second and third sentences

10  of Paragraph 39.  KPNV admits that in 2001, LG.Philips Displays was formed when LG

11  Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT

12  business into the 50/50 joint venture.  KPNV admits that in 2005 it wrote off the book value for

13  LG.Philips Displays and announced that KPNV would not inject further capital into LG.Philips

14  Displays, but KPNV denies the remaining allegations found in the fifth sentence of Paragraph 39.

15  KPNV denies that it manufactured, marketed, sold and/or distributed CRTs, either directly or

16  through its subsidiaries or affiliates, throughout the United States.    KPNV denies any remaining

17  allegations in Paragraph 39.

18       40.     KPNV admits that Philips Electronics North America Corporation ("PENAC") is a

19  Delaware corporation with its principal place of business at 1251 Avenue of the Americas, New

20  York, New York, 10020.  KPNV admits that PENAC is an indirect subsidiary of KPNV.  Owing

21  to the vagueness of "CRTs," KPNV denies the third sentence of Paragraph 40.  KPNV denies that

22  it dominated or controlled the finances, policies, and affairs of PENAC and any remaining

23  allegations in Paragraph 40.

24       41.     KPNV admits Philips Electronics Industries (Taiwan), Ltd. is a Taiwanese

25  company with its principal place of business located at 15F 3-1 Yuanqu Street, Nangang District,

26  Taipei, Taiwan but avers that Philips Electronics Industries (Taiwan), Ltd. was merged into

27  Philips Taiwan Ltd.  KPNV admits that Philips Taiwan, Ltd. is an indirect subsidiary of KPNV.

28

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TARGET CORP.'S SECOND AMENDED COMPLAINT

Owing to the vagueness of "CRTs," KPNV denies the third sentence of Paragraph 41.  KPNV denies that it dominated or controlled the finances, policies, and affairs of Philips Taiwan, Ltd. and any remaining allegations in Paragraph 41.

42.     KPNV admits that Philips da Amazonia Industria Electronica Ltda. ("Philips da Amazonia") is a Brazilian company with its principal place of business located at Av Torquato Tapajos 2236, 1 andar (parte 1), Flores, Manaus, AM 39048-660, Brazil.  KPNV admits that Philips da Amazonia Industria Electronica Ltda. is an indirect subsidiary of KPNV.  Owing to the vagueness of "CRTs," KPNV denies the third sentence of Paragraph 42.  KPNV denies that it dominated or controlled the finances, policies and affairs of Philips da Amazonia and any remaining allegations in Paragraph 42.

43.     The allegations in Paragraph 43 are an explanation of terminology, for which no response is required.  KPNV avers, however, that Paragraph 43 renders the Second Amended Complaint indefinite and uncertain as to KPNV.

44.     The allegations in Paragraph 44 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, on that basis, denies them.

45.     The allegations in Paragraph 45 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, denies them.

46.     The allegations in Paragraph 46 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies them.

47.     The allegations in Paragraph 47 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, on that basis, denies them.

48.     The allegations in Paragraph 48 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 48 and, on that basis, denies them.

49.     The allegations in Paragraph 49 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies them.

50.     The allegations in Paragraph 50 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies them.

51.     The allegations in Paragraph 51 are an explanation of terminology, no which no response is required.

52.     The allegations in Paragraph 52 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies them.

53.     The allegations in Paragraph 53 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies them.

54.     The allegations in Paragraph 54 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies them.

55.     The allegations in Paragraph 55 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, denies them.

56.     The allegations in Paragraph 56 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, on that basis, denies them.

57.     The allegations in Paragraph 57 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, on that basis, denies them.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TARGET CORP.'S SECOND AMENDED COMPLAINT

58.     The allegations in Paragraph 58 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, denies them.

59.     The allegations in Paragraph 59 are an explanation of terminology, for which no response is required.

60.     The allegations in Paragraph 60 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, denies them.

61.     The allegations in Paragraph 61 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies them.

62.     The allegations in Paragraph 62 are an explanation of terminology, for which no response is required.

## IV.     ALLEGATIONS CONCERNING AGENTS AND CO-CONSPIRATORS

63.     The allegations of Paragraph 63 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 63 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 63 relate to KPNV, KPNV denies all of the allegations.

64.     The allegations in Paragraph 64 are ambiguous and/or unintelligible. To the extent that the allegations in Paragraph 64 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 64 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 64 relate to KPNV, KPNV denies all of the allegations.

65.     The allegations in Paragraph 65 are not directed at KPNV and, therefore, no response is required.  Additionally, the allegations in Paragraph 65 state legal contentions, for

which no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, on that basis, denies them.

66.     The allegations in Paragraph 66 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, on that basis, denies them.

67.     The allegations in Paragraph 67 are an explanation of terminology, for which no response is required.

68.     The allegations in Paragraph 68 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies them.

69.     The allegations in Paragraph 69 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies them.

70.     The allegations in Paragraph 70 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies them.

71.     The allegations of Paragraph 71 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 71 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 71 relate to KPNV, KPNV denies all of the allegations.

## V.      ALLEGATIONS CONCERNING TRADE AND COMMERCE

72.     The allegations in Paragraph 72 regarding "continuous and uninterrupted flow of interstate commerce and foreign commerce" are legal contentions to which no response is required. To the extent that the allegations in Paragraph 72 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 72 require a response,

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TARGET CORP.'S SECOND AMENDED COMPLAINT

KPNV denies all of the allegations.

73.     The allegations in Paragraph 73 state legal contentions to which no response is required.  To the extent a response is required and the allegations relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73, and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 73 relate to KPNV, KPNV denies them.

74.     The allegations in Paragraph 74 state legal contentions to which no response is required.  To the extent a response is required and the allegations relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74, and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 74 relate to KPNV, KPNV denies them.

## VI.     FACTUAL ALLEGATIONS

75.     KPNV admits that the allegations in Paragraph 75 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

76.     KPNV admits that the allegations in Paragraph 76 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

77.     KPNV admits that the allegations in Paragraph 77 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

78.     KPNV admits that the allegations in Paragraph 78 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

79.     KPNV admits that the allegations in Paragraph 79 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

80.     KPNV admits that the allegations in Paragraph 80 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

81.     To the extent the allegations in Paragraph 81 state legal contentions, no response is required. KPNV admits that the allegations in Paragraph 81 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

82.     To the extent that the allegations in Paragraph 82 state legal contentions, no response is required.  KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 82 indefinite and uncertain.  To the extent that the allegations in Paragraph 82 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 82 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 82 relate to KPNV, KPNV denies all of the allegations.  In particular, KPNV denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint and alleged in Paragraph 82.

83.     To the extent that the allegations in Paragraph 83 state legal contentions, no response is required.  KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 83 indefinite and uncertain.  To the extent that the allegations in Paragraph 83 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 83 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 83 relate to KPNV, KPNV denies all of the allegations.

84.     To the extent that the allegations in Paragraph 84 state legal contentions, no response is required.  KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the

allegations in Paragraph 84 indefinite and uncertain.  KPNV denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Second  Amended Complaint and alleged in Paragraph 84.

85.     The allegations in Paragraph 85 are legal contentions to which no response is required.  To the extent that a response is required, KPNV denies every allegation in Paragraph 85.

86.     The allegations in Paragraph 86 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 86 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 86 relate to KPNV, KPNV denies all allegations.

87.     To the extent that the allegations in Paragraph 87 state legal contentions, no response is required.  To the extent that the other allegations in Paragraph 87 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 87 relate to KPNV, KPNV denies all of the allegations.

88.     The allegations in Paragraph 88 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 88 are not directed at KPNV, and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, on that basis, denies them.

89.     KPNV avers that the use of the term "Philips" in Paragraph 89 renders the Second Amended Complaint indefinite and uncertain as to KPNV.  The allegations in Paragraph 89 are legal contentions to which no response is required.  To the extent that a response is required, KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  To the extent that the allegations in Paragraph 89 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TARGET CORP.'S SECOND AMENDED COMPLAINT

denies them.  To the extent that the allegations in Paragraph 89 relate to KPNV, KPNV denies all of the allegations.

90.     The allegations in Paragraph 90 are legal contentions to which no response is required.  To the extent a response is required, KPNV denies the allegations in Paragraph 90.

91.     KPNV avers that the use of the term "Philips" in Paragraph 91 renders the Second Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 91 and its subparts state legal contentions, no response is required.  KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  KPNV admits that LG.Philips LCD Co., Ltd. was formed in 1999.  KPNV denies that it was supplied "CRTs" from Samtel.  To the extent that the remaining allegations in Paragraph 91 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 91 and its subparts relate to KPNV, KPNV denies them.

92.     The allegations in Paragraph 92 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 92 require a response, KPNV denies all of the allegations.

93.     The allegations in Paragraph 93 are legal contentions to which no response is required.  To the extent a response is required and that the allegations in Paragraph 93 relate to other  defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and that the allegations in Paragraph 93 relate to KPNV, KPNV denies all of the allegations.

94.     The allegations in Paragraph 94 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 94 require a response, KPNV denies all of the allegations.

95.     The allegation in the second sentence of Paragraph 95 is a legal contention to which no response is required.  KPNV otherwise lacks knowledge or information to form a belief

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TARGET CORP.'S SECOND AMENDED COMPLAINT

as to the truth of the remaining allegations in Paragraph 95 and, on that basis, denies them.

96.     The allegation in the second sentence of Paragraph 96 is a legal contention to which no response is required.  KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in the first and third sentences of Paragraph 96 and, on that basis, denies them.  To the extent a response is required and the remaining allegations in Paragraph 96 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the remaining allegations in Paragraph 96 relate to KPNV, KPNV denies all of the allegations.

97.     The allegations in Paragraph 97 are legal contentions to which no response is required.  To the extent a response is required and the allegations relate to other defendants, KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 97 and, on that basis, denies them.  To the extent a response is required and the allegations relate to KPNV, KPNV denies all of the allegations in Paragraph 97.

98.     The allegations in Paragraph 98 are legal contentions to which no response is required.  To the extent a response is required, KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 98 and, on that basis, denies them.

99.     The allegations in Paragraph 99 are legal contentions to which no response is required.  To the extent a response is required, KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 99 and, on that basis, denies them.

100.     The allegations in Paragraph 100 are legal contentions to which no response is required.  KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 100 indefinite and uncertain.  To the extent a response is required and the allegations in Paragraph 100 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TARGET CORP.'S SECOND AMENDED COMPLAINT

response is required and the allegations in Paragraph 100 relate to KPNV, KPNV denies all of the allegations.

101.    The allegations in Paragraph 101 are legal contentions to which no response is required.  To the extent a response is required, KPNV denies all of the allegations in Paragraph 101.

102.    To the extent that the allegations in Paragraph 102 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 102 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 102 relate to KPNV, KPNV denies all of the allegations.

103.    The allegations in Paragraph 103 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and, on that basis, denies them.

104.    The allegations in Paragraph 104 state legal contentions to which no response is required.  To the extent that the allegations in Paragraph 104 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 104 relate to KPNV, KPNV denies all of the allegations.

105.    KPNV avers that the use of the term "Philips" in Paragraph 105 renders the Second Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 105 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 105 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 105 concern KPNV, KPNV denies them.

106.    The allegations in Paragraph 106 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and, on that basis, denies them.

107.    To the extent that the allegations in Paragraph 107 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 107 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 107 relate to KPNV, KPNV denies them.

108.    The allegations in Paragraph 108 state legal contentions to which no response is required.  To the extent a response is required, KPNV denies each and every allegation of Paragraph 108.

109.    To the extent that the allegations in Paragraph 109 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 109 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 109 relate to KPNV, KPNV denies all of the allegations.

110.    To the extent that the allegations in Paragraph 110 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 110 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 110 relate to KPNV, KPNV denies all of the allegations.

111.    To the extent that the allegations in Paragraph 111 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 111 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 111 relate to KPNV, KPNV denies all of the allegations.

112.    To the extent that the allegations in Paragraph 112 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 112 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 112 relate to KPNV,

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TARGET CORP.'S SECOND AMENDED COMPLAINT

1    KPNV denies all of the allegations.

2        113.    To the extent that the allegations in Paragraph 113 state legal contentions, no

3    response is required.  To the extent that the allegations in Paragraph 113 relate to other

4    defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

5    on that basis, denies them.  To the extent that the allegations in Paragraph 113 relate to KPNV,

6    KPNV denies all of the allegations.

7        114.    KPNV avers that the use of the term "Philips" in Paragraph 114 renders the

8    Second Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the

9    allegations in Paragraph 114 state legal contentions, no response is required.  To the extent that

10   the allegations in Paragraph 114 relate to other defendants, KPNV lacks knowledge or

11   information sufficient to form a belief as to their truth and, on that basis, denies them.  To the

12   extent that the allegations in Paragraph 114 relate to KPNV, KPNV denies all of the allegations.

13       115.    To the extent that the allegations in Paragraph 115 state legal contentions, no

14   response is required.  To the extent that the allegations in Paragraph 115 relate to other

15   defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

16   on that basis, denies them.  To the extent that the allegations in Paragraph 115 relate to KPNV,

17   KPNV denies all of the allegations.

18       116.    To the extent that the allegations in Paragraph 116 state legal contentions, no

19   response is required.  To the extent that the allegations in Paragraph 116 relate to other

20   defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

21   on that basis, denies them.  To the extent that the allegations in Paragraph 116 relate to KPNV,

22   KPNV denies all of the allegations.

23       117.    To the extent that the allegations in Paragraph 117 state legal contentions, no

24   response is required.  To the extent that the allegations in Paragraph 117 relate to other

25   defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

26   on that basis, denies them.  To the extent that the allegations in Paragraph 117 relate to KPNV,

27   KPNV denies all of the allegations.

28

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TARGET CORP.'S SECOND AMENDED COMPLAINT

118.     To the extent that the allegations in Paragraph 118 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 118 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 118 relate to KPNV, KPNV denies all of the allegations.

119.     The allegations in Paragraph 119 state legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 119 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 119 relate to KPNV, KPNV denies all of the allegations.

120.     To the extent that the allegations in Paragraph 120 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 120 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 120 relate to KPNV, KPNV denies all of the allegations.

121.     To the extent that the allegations in Paragraph 121 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 121 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the remaining allegations in Paragraph 121 relate to KPNV, KPNV denies all of the allegations.

122.     To the extent that the allegations in Paragraph 122 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 122 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 122 and its subparts relate to KPNV, KPNV denies all of the allegations.

123.     To the extent that the allegations in Paragraph 123 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 123 relate to other

defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 123 relate to KPNV, KPNV denies all of the allegations.

124.    To the extent that the allegations in Paragraph 124 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 124 refer to public filings by government authorities, those filings speak from themselves and no response is required.  To the extent that the allegations in Paragraph 124 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 124 relate to KPNV, KPNV denies all of the allegations.

125.    To the extent that the allegations in Paragraph 125 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 125 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 125 relate to KPNV, KPNV denies all of the allegations.

126.    To the extent that the allegations in Paragraph 126 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 126 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 126 relate to KPNV, KPNV denies all of the allegations.

127.    To the extent that the allegations in Paragraph 127 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 127 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 127 relate to KPNV, KPNV denies all of the allegations.

128.    To the extent that the allegations in Paragraph 128 state legal contentions, no response is required.  With respect to the third sentence in Paragraph 128, KPNV lacks

knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 128 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 128 relate to KPNV, KPNV denies all of the allegations.

129.    To the extent that the allegations in Paragraph 129 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 129 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 129 relate to KPNV, KPNV denies all of the allegations.

130.    To the extent that the allegations in Paragraph 130 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 130 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 130 relate to KPNV, KPNV denies all of the allegations.

131.    To the extent that the allegations in Paragraph 131 state legal contentions, no response is required.  The allegations in Paragraph 131 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 131 relate to KPNV, KPNV denies of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and, on that basis, denies them.

132.    To the extent that the allegations in Paragraph 132 state legal contentions, no response is required.  The allegations in Paragraph 132 are not directed at KPNV and, therefore, no response is required.   To the extent that the allegations in Paragraph 132 relate to KPNV, KPNV denies of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and, on that basis, denies them.

133.    To the extent that the allegations in Paragraph 133 state legal contentions, no response is required.  The allegations in Paragraph 133 are not directed at KPNV and, therefore,

no response is required.  To the extent that the allegations in Paragraph 133 relate to KPNV, KPNV denies of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and, on that basis, denies them.

134.    KPNV avers that the use of the term "Philips" in Paragraph 134 renders the Second Amended Complaint indefinite and uncertain as to KPNV.  The allegations in Paragraph 134 also state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 134 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 134 relate to KPNV, KPNV denies of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and, on that basis, denies them.

135.    The allegations in Paragraph 135 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 135 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 135 relate to KPNV, KPNV denies of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and, on that basis, denies them.

136.    KPNV avers that the use of the term "Philips" in Paragraph 136 renders the Second Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 136 state legal contentions, no response is required.  To the extent the allegations in Paragraph 136 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent the allegations in Paragraph 136 relate to KPNV, KPNV denies all of the allegations.  KPNV specifically denies that any employee of LP Displays or LG.Philips Displays previously attended any meeting described in this Paragraph on its behalf.

137.    The allegations in Paragraph 137 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 137 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 137 relate to KPNV, KPNV denies of the allegations.  KPNV otherwise lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 137 and, on that basis, denies them.

138.    The allegations in Paragraph 138 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 138 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 138 relate to KPNV, KPNV denies of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, on that basis, denies them.

139.    The allegations in Paragraph 139 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 139 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 139 relate to KPNV, KPNV denies of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and, on that basis, denies them.

140.    The allegations in Paragraph 140 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 140 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 140 relate to KPNV, KPNV denies of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and, on that basis, denies them.

141.    KPNV avers that the use of the term "Philips" in Paragraph 141 renders the Second Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 141 state legal contentions, no response is required.   KPNV denies that it participated in, engaged in or was represented at any "Glass Meetings" or "bilateral discussions" at which agreements were reached on prices and supply levels for CRTs.  KPNV denies that it participated in any such "Glass meetings" or "bilateral discussions" after 2001 "through" LG.Philips Displays.  To the extent that the allegations in Paragraph 141 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  In all other respects, KPNV denies the allegations in Paragraph 141.

142.    To the extent that the allegations in Paragraph 142 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 142 relate to other

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TARGET CORP.'S SECOND AMENDED COMPLAINT

defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 142 relate to KPNV, KPNV denies them.

143.    The allegations in Paragraph 143 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 143 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 143 relate to KPNV, KPNV denies of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, denies them.

144.    The allegations in Paragraph 144 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 144 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 144 relate to KPNV, KPNV denies of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, on that basis, denies them.

145.    The allegations in Paragraph 145 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 145 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 145 relate to KPNV, KPNV denies of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and, on that basis, denies them.

146.    The allegations in Paragraph 146 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 146 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 146 relate to KPNV, KPNV denies of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and, on that basis, denies them.

147.    The allegations in Paragraph 147 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 147 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 147 relate to KPNV, KPNV denies of the allegations.  KPNV otherwise lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 147 and, on that basis, denies them.

148.    The allegations in Paragraph 148 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 148 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 148 relate to KPNV, KPNV denies of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and, on that basis, denies them.

149.    The allegations in Paragraph 149 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 149 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 149 relate to KPNV, KPNV denies of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, denies them.

150.    The allegations in Paragraph 150 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 150 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 150 relate to KPNV, KPNV denies of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and, on that basis, denies them.

151.    To the extent that the allegations in sentence one of Paragraph 151 are an explanation of terminology, no response is required.  To the extent that the allegations in Paragraph 151 state legal contentions, no response is required.  KPNV avers that Plaintiff's reference to "a corporate family or companies by a single name in its allegations of participation in the conspiracy" renders the Second Amended Complaint indefinite and uncertain.  To the extent that the remaining allegations in Paragraph 151 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the remaining allegations in Paragraph 151 relate to KPNV, KPNV denies all of the allegations.

152.    To the extent that the allegations in Paragraph 152 state legal contentions, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 152 and, on that basis, denies them.

153.     The allegations in Paragraph 153 are vague and ambiguous, as they do not identify any underlying product or service and, on that basis, KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and, on that basis, denies them.  To the extent that the allegations contained in Paragraph 153 are derived from an analyst report, that report speaks for itself and no response is required.

154.     To the extent that the allegations in Paragraph 154 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 154 are derived from analyst reports, those reports speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, on that basis, denies them.

155.     The allegation in the first sentence of Paragraph 155 is a legal contention to which no response is required.  With regard to the allegations in the second and third sentence, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.   KPNV denies any remaining allegations contained in Paragraph 155.

156.     To the extent that the allegations in Paragraph 156 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 156 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.  KPNV denies any remaining allegations in Paragraph 156.

157.     With regard to the first and second sentence of Paragraph 157, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  The third sentence of Paragraph 157 states legal contentions to which no response is required.  To the extent that the allegations in Paragraph 157 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 157 relate to KPNV, KPNV denies all of the allegations.

158.     To the extent that the allegations in Paragraph 158 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.   KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, on that basis, denies them.  To the extent that the allegations in Paragraph 158 relate to KPNV, KPNV denies all of the allegations.

159.     To the extent the allegations contained in Paragraph 159 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and, on that basis, denies them.

160.     To the extent that the allegations in Paragraph 160 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 160 are derived from or purport to quote published statements, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 160 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 160 relate to KPNV, KPNV denies all of the allegations.

161.     The allegations in Paragraph 161 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 161 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 161 relate to KPNV, KPNV denies all of the allegations.

162.     The allegations in Paragraph 162 are legal contentions to which no response is required.   To the extent that the allegations in Paragraph 162 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 162 relate to KPNV, KPNV denies all of the allegations.

163.     To the extent the allegations of Paragraph 163 state legal contentions, no response

is required.  To the extent that the allegations in the third sentence of Paragraph 163 are derived from or purport to quote published statements made by the President of Skyworth Macao Commercial Offshore Co., Ltd., those published statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 163 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 163 relate to KPNV, KPNV denies all of the allegations.

164.    To the extent the allegations in Paragraph 164 state legal contentions, no response is required.  KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 164 indefinite and uncertain.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and, on that basis, denies them.

165.    The allegations in Paragraph 165 are legal contentions to which no response is required.   To the extent that a response is required, KPNV denies the allegations in Paragraph 165.

166.    To the extent that the allegations in Paragraph 166 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 166 refer to public statements by government authorities, those statements speak for themselves and no response is required.  Additionally, to the extent that the allegations in Paragraph 166 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 166 relate to KPNV, KPNV denies them.

167.    To the extent that the allegations contained in Paragraph 167 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 167 and, on that basis, denies them.

168.   To the extent that the allegations contained in Paragraph 168 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and, on that basis, denies them.

169.   To the extent that the allegations contained in Paragraph 169 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and, on that basis, denies them.

170.   To the extent that the allegations contained in Paragraph 170 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and, on that basis, denies them.

171.   To the extent that the allegations contained in Paragraph 171 refer to public statements by government authorities, those statements speak for themselves and no response is required.   KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and, on that basis, denies them.

172.   To the extent that the allegations in Paragraph 172 refer to public filings and statements by government authorities, those filings and statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 172 purport to quote a press release, that press release speaks for itself and no response is required.  KPNV denies any remaining allegations in Paragraph 172.

173.   The allegations in Paragraph 173 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 173 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 173 relate to KPNV, KPNV denies them.

174.     To the extent that the allegations in the first sentence of Paragraph 174 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 174 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 174 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 174 relate to KPNV, KPNV denies them.   KPNV denies the allegation and implication that the allegations in Paragraph 174 have any relevance to the Second Amended Complaint or the purported acts or omissions of KPNV.

175.     The allegations in Paragraph 175 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 175 have any relevance to the Second Amended Complaint or the purported acts or omissions of KPNV.

176.     To the extent the allegations contained in Paragraph 176 refer to public filings by government authorities, those filings speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 176 have any relevance to the Second Amended Complaint or the purported acts or omissions of KPNV.

177.     KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and, on that basis, denies them.  To the extent the allegations contained in Paragraph 177 refer to news reports, those reports speak for themselves and no response is required.  To the extent that the allegations in Paragraph 177 relate to the other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 177 have any relevance to the Second Amended Complaint or the purported acts or

omissions of KPNV.

178.     To the extent the allegations contained in Paragraph 178 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 178 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 178 have any relevance to the Second Amended Complaint or the purported acts or omissions of KPNV.

179.     To the extent the allegations contained in Paragraph 179 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 179 relate to the other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 179 have any relevance to the Second Amended Complaint or the purported acts or omissions of KPNV.

180.     To the extent that the allegations in Paragraph 180 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 180 refer to public filings by government authorities, those filings speak for themselves and no response is required.  To the extent that the allegations in Paragraph 180 relate to the other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 180 have any relevance to the Second Amended Complaint or the purported acts or omissions of KPNV.

181.     To the extent that the allegations in Paragraph 181 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 181 refer to public statements there listed, those statements speak for themselves and no response is required.  KPNV admits the existence of the trade associations Korea Display Conference, Korean Display Equipment Material Industry Association, and Electronic Display Industrial Research Association of Korea, but KPNV denies that such descriptions are accurate or complete.  To the extent that the allegations in Paragraph 181 relate to other defendants, KPNV lacks knowledge or information

sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 181 relate to KPNV, KPNV denies them.

182.     The allegations in Paragraph 182 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and, on that basis, denies them.

183.     The allegations in Paragraph 183 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and, on that basis, denies them.

184.     To the extent that the allegations in Paragraph 184 state legal contentions, no response is required.  KPNV admits the existence of the Society for Information Display, but KPNV denies that such descriptions are accurate or complete.  To the extent that the allegations in Paragraph 184 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 184 relate to KPNV, KPNV denies all of the allegations.

185.     To the extent that the allegations in Paragraph 185 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 185 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 185 relate to KPNV, KPNV denies all of the allegations.

186.     The allegations in Paragraph 186 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 186 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 186 relate to KPNV, KPNV denies all of the allegations.

187.     The allegations in Paragraph 187 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and, on that basis, denies them.

188.    The allegations in Paragraph 188 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and, on that basis, denies them.

189.    The allegations in Paragraph 189 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and, on that basis, denies them.

190.    The allegations in Paragraph 190 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and, on that basis, denies them.

191.    The allegations in Paragraph 191 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and, on that basis, denies them.

192.    The allegation in the first sentence of Paragraph 192 is a legal contention to which no response is required.  With regard to the allegations in the second sentence, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.   KPNV denies any remaining allegations contained in Paragraph 192.

193.    To the extent that the allegations in Paragraph 193 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.

194.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 194 indefinite and uncertain.  KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and, on that basis, denies them.

195.    To the extent that the allegations in Paragraph 195 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 195 are derived from or

purport to quote an industry news article, that article speaks for itself and no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 and, on that basis, denies them. To the extent that the allegations in Paragraph 195 relate to KPNV, KPNV denies all of the allegations.

196.    To the extent the allegations contained in Paragraph 196 are derived from or purport to quote a keynote speaker at a conference, that speaker speaks for himself and no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 and, on that basis, denies them.

197.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 197 indefinite and uncertain. With regard to the first and second sentence of Paragraph 197, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. To the extent the third sentence of Paragraph 197 state legal contentions, no response is required. To the extent that the allegations in Paragraph 197 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 197 relate to KPNV, KPNV denies all of the allegations.

198.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 198 indefinite and uncertain. To the extent that the allegations in Paragraph 198 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and, on that basis, denies them.

199.    The allegations in Paragraph 199 are not directed at KPNV and, therefore, no response is required. To the extent that a response is required, KPNV lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 199 and, on that basis, denies them.

200.   KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 200 indefinite and uncertain.  To the extent the allegations of Paragraph 200 state legal contentions, no response is required.  To the extent that the allegations in the third sentence of Paragraph 200 are derived from or purport to quote published statements made by the President of Skyworth Macao Commercial Offshore Co., Ltd., those published statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 200 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 200 relate to KPNV, KPNV denies all of the allegations.

201.   KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 201 indefinite and uncertain.  To the extent the allegations of Paragraph 201 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 201 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 201 relate to KPNV, KPNV denies all of the allegations.

202.   KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 202 and its subparts indefinite and uncertain.  To the extent the allegations of Paragraph 202 and its subparts state legal contentions, no response is required.  To

the extent a response is required, KPNV denies each and every allegation in Paragraph 202, including its subparts.

## VII.   ALLEGATIONS CONCERNING PLAINTIFF'S INJURIES

203.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 203 indefinite and uncertain.  The allegations in Paragraph 203 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 203 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 203 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 203 relate to KPNV, KPNV denies them.  KPNV denies that Plaintiff suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Second Amended Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

204.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 204 indefinite and uncertain.  The allegations in Paragraph 204 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 204 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 204 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 204 relate

to KPNV, KPNV denies them.

205.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 205 indefinite and uncertain.  The allegations in Paragraph 205 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 205 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 205 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 205 relate to KPNV, KPNV denies them.  KPNV denies that Plaintiff suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Second Amended Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

206.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 206 indefinite and uncertain.  The allegations in Paragraph 206 state legal contentions, for which no response is required.  KPNV admits that the allegations in Paragraph 206 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

207.    The allegations in Paragraph 207 state legal contentions, for which no response is required.  To the extent that the allegations in Paragraph 207 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent that the allegations in Paragraph 207 relate to KPNV, KPNV denies all of the allegations.

208.    The allegations in Paragraph 208 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 208 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 208 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 208 relate to KPNV, KPNV denies them.

209.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 209 indefinite and uncertain.  To the extent that the allegations in Paragraph 209 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint and alleged in Paragraph 209.

## VIII.   ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT

210.    To the extent that the allegations in Paragraph 210 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 210 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 210 relate to KPNV, KPNV denies all of the allegations.

211.    To the extent that the allegations in Paragraph 211 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 211 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 211 relate to KPNV, KPNV denies all of the allegations.

212.    To the extent that the allegations in Paragraph 212 state legal contentions, no

response is required.  To the extent that the allegations in Paragraph 212 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 212 relate to KPNV, KPNV denies all of the allegations.

213.    To the extent that the allegations in Paragraph 213 state legal contentions, no response is required.   KPNV otherwise denies all of the allegations in Paragraph 213.

214.    To the extent that the allegations in Paragraph 214 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 214 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 214 relate to KPNV, KPNV denies all of the allegations.

215.    To the extent that the allegations in Paragraph 215 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 215 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 215 relate to KPNV, KPNV denies all of the allegations.

216.    To the extent that the allegations in Paragraph 216 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 216 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 216 relate to KPNV, KPNV denies all of the allegations.

217.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 217 indefinite and uncertain.  With regard to the first and second sentences of Paragraph 217, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.  The allegations in the second and third

sentences of Paragraph 217 state legal contentions, for which no response is required. To the extent a response is required and the allegations in the third sentence relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 217 relate to KPNV, KPNV denies all of the allegations.

218.    With regard to the first and second sentences of Paragraph 218, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them. The allegations in the third sentence of Paragraph 218 state legal contentions, for which no response is required. To the extent that the second and third sentences of Paragraph 218 require a response, KPNV denies all of the allegations.

219.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 219 indefinite and uncertain. KPNV avers that the use of the term "Philips" in Paragraph 219 renders the allegations indefinite and uncertain as to KPNV. To the extent that the allegations in Paragraph 219 are derived from or purport to quote published statements made by a Deputy General Manager for an LG Electronics distributor, those statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 219 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 219 relate to KPNV, KPNV denies all of the allegations.

220.    The allegations in Paragraph 220 are not directed at KPNV and, therefore, no response is required. To the extent that a response is required and the allegations relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 220 relate to KPNV, KPNV denies all of the allegations.

221.    To the extent that the allegations in Paragraph 221 state legal contentions, no

response is required. To the extent that a response is required and the allegations in Paragraph 221 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 221 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 221 relate to KPNV, KPNV denies all of the allegations.

222. The allegations in Paragraph 222 state legal contentions to which no response is required. To the extent the allegations in Paragraph 222 require a response, KPNV denies them.

## IX. AMERICAN PIPE, GOVERNMENT ACTION AND CROSS-JURISDICTIONAL TOLLING

223. To the extent that the allegations in the first sentence of Paragraph 223 refer to public filings by government authorities discussed in Paragraphs 181-195, those filings speak for themselves and no response is required. The allegations in the second sentence of Paragraph 223 state legal contentions to which no response is required. To the extent a response is required, KPNV denies all of the allegations in Paragraph 223. To the extent that the allegations in Paragraph 223 relate to KPNV, KPNV denies them.

224. The allegations in Paragraph 224 state legal contentions, for which no response is required. To the extent that a response is required, KPNV denies all the allegations in Paragraph 224.

225. To the extent that the allegations in Paragraph 225 state legal contentions, no response is required.

## X. ALLEGATIONS CONCERNING CLAIM FOR VIOLATIONS

226. KPNV repeats and incorporates by reference its responses to Paragraph 1 through 225 of the Second Amended Complaint with the same force and effect as if set forth herein at length.

227. The allegations in Paragraph 227 constitute legal contentions and/or conclusions to which no response is required. To the extent the allegations in Paragraph 227 require a response,

KPNV denies all allegations.

228.    The allegations in Paragraph 228 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 228 require a response, KPNV denies all allegations.

229.    The allegations in Paragraph 229 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 229 require a response, KPNV denies all allegations.

230.    The allegations in Paragraph 230 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 230 require a response, KPNV denies all allegations.

231.    The allegations in Paragraph 231 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that the allegations in Paragraph 231 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 231 relate to KPNV, KPNV denies all of the allegations.

232.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 232 indefinite and uncertain.  The allegations in Paragraph 232 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 232 require a response, KPNV denies all the allegations.

233.    KPNV repeats and incorporates by reference its responses to Paragraph 1 through 232 of the Second Amended Complaint with the same force and effect as if set forth herein at length.

234.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the

allegations in Paragraph 234 indefinite and uncertain.  To the extent that the allegations in Paragraph 234 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 234 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 234 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 234 relate to KPNV, KPNV denies all of the allegations.  In particular, KPNV denies that Plaintiff suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Second Amended Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

235.    To the extent that the allegations in Paragraph 235 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 235 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 235 relate to KPNV, KPNV denies them.  In particular, KPNV denies that Plaintiff suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Second Amended Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

236.    To the extent that the allegations in Paragraph 236 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 236 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 236 relate to KPNV, KPNV denies them.

237.    The allegations in Paragraph 237 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 237 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is

required and the allegations in Paragraph 237 relate to KPNV, KPNV denies all of the allegations.

238. To the extent that the allegations in Paragraph 238 and its subparts state legal contentions, no response is required. To the extent that the allegations in Paragraph 238 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 238 and its subparts relate to KPNV, KPNV denies them.

239. KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 239 indefinite and uncertain. To the extent that the allegations in Paragraph 239 and its subparts state legal contentions, no response is required. To the extent that the allegations in Paragraph 239 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 239 and its subparts relate to KPNV, KPNV denies them.

240. KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 240 indefinite and uncertain. The allegations in Paragraph 240 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 240 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 240 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 240 relate to KPNV, KPNV denies all of the allegations.

241. KPNV avers that the use of the term "CRTs," which improperly conflate numerous

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TARGET CORP.'S SECOND AMENDED COMPLAINT

distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 241 indefinite and uncertain.  The allegations in Paragraph 241 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 241 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 241 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 241 relate to KPNV, KPNV denies all of the allegations.  In particular, KPNV denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

242.    KPNV repeats and incorporates by reference its responses to Paragraph 1 through 241 of the Second Amended Complaint with the same force and effect as if set forth herein at length.

243.    The allegations in Paragraph 243 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 243 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 243 relate to KPNV, KPNV denies all of the allegations.

244.    The allegations in Paragraph 244 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 244 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 244 relate to KPNV, KPNV denies all of the allegations.

245.    The allegations in Paragraph 245 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and

the allegations in Paragraph 245 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 245 and its subparts relate to KPNV, KPNV denies all of the allegations.

246.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 246 indefinite and uncertain.  The allegations in Paragraph 246 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 246 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 246 and its subparts relate to KPNV, KPNV denies all of the allegations.

247.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 247 indefinite and uncertain.  The allegations in Paragraph 247 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 247 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 247 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 247 relate to KPNV, KPNV denies all of the allegations.

248.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the

allegations in Paragraph 248 indefinite and uncertain.  The allegations in Paragraph 248 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 248 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 248 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 248 relate to KPNV, KPNV denies all of the allegations.

249.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 249 indefinite and uncertain.  The allegations in Paragraph 249 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 249 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 249 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 249 relate to KPNV, KPNV denies all of the allegations.

250.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 250 indefinite and uncertain.  The allegations in Paragraph 250 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 250 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 250 relate to

other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 250 relate to KPNV, KPNV denies all of the allegations.

251.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 251 indefinite and uncertain.  The allegations in Paragraph 251 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 251 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 251 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 251 relate to KPNV, KPNV denies all of the allegations.

252.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 252 indefinite and uncertain.  The allegations in Paragraph 252 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 252 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 252 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 252 relate to KPNV, KPNV denies all of the allegations.

253.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses,

technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 253 indefinite and uncertain. The allegations in Paragraph 253 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 253 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 253 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 253 relate to KPNV, KPNV denies all of the allegations.

254.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 254 indefinite and uncertain. The allegations in Paragraph 254 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 254 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 254 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 254 relate to KPNV, KPNV denies all of the allegations.

255.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 255 indefinite and uncertain. The allegations in Paragraph 255 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 255 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

them.  To the extent that a response is required and the allegations in Paragraph 255 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 255 relate to KPNV, KPNV denies all of the allegations.

256.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 256 indefinite and uncertain.  The allegations in Paragraph 256 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 256 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 256 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 256 relate to KPNV, KPNV denies all of the allegations.

257.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 257 indefinite and uncertain.  The allegations in Paragraph 257 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 257 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 257 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 257 relate to KPNV, KPNV denies all of the allegations.

258.    KPNV avers that the use of the term "CRTs," which improperly conflate numerous

distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 258 indefinite and uncertain.  The allegations in Paragraph 258 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 258 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 258 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 258 relate to KPNV, KPNV denies all of the allegations.

## XI.  ALLEGATIONS CONCERNING PRAYER FOR RELIEF

With respect to Plaintiff's prayer for relief, KPNV denies that Plaintiff suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Second Amended Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint. All allegations of the Second Amended Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

## XII.  ALLEGATION CONCERNING JURY TRIAL DEMAND

To the extent any response is required to Plaintiff's Jury Trial Demand, KPNV admits that Plaintiff purports to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, KPNV asserts the following additional and/or affirmative defenses to Plaintiff's Second Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Second Amended Complaint, and each of its claims for relief, fails to state sufficient

facts upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

The conduct alleged to provide a basis for the claims of Plaintiff did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States. The Court, therefore, lacks subject matter jurisdiction of the claims of Plaintiff.


## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiff's claims for any foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## FOURTH AFFIRMATIVE DEFENSE

### (Vagueness of Claims)

Plaintiff's claims should be dismissed for uncertainty and vagueness and because its claims are ambiguous and/or unintelligible.  KPNV avers that Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit KPNV to ascertain what other defenses may exist.  KPNV therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Plead Conspiracy with Particularity)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to allege conspiracy with sufficient particularity.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitation)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in

1   part, by the applicable statute(s) of limitations.

2   **SEVENTH AFFIRMATIVE DEFENSE**

3   **(Unilateral Action)**

4   Plaintiff's claims are barred, in whole or in part, because the actions or practices of KPNV

5   that are the subject of the Second Amended Complaint were undertaken unilaterally for legitimate

6   business reasons and in pursuit of KPNV's independent interests, and were not the product of any

7   contract, combination or conspiracy between KPNV and any other person or entity.

8   **EIGHTH AFFIRMATIVE DEFENSE**

9   **(Rule of Reason)**

10   Plaintiff's claims are barred, in whole or in part, because any acts or practices of KPNV

11   that are the subject of the Second Amended Complaint were adopted in furtherance of legitimate

12   business interests of KPNV and do not unreasonable restrain competition.

13   **NINTH AFFIRMATIVE DEFENSE**

14   **(Competition)**

15   Plaintiff's claims are barred, in whole or in part, because any acts or practices of KPNV

16   that are the subject of the Second Amended Complaint were cost justified or otherwise

17   economically justified and resulted from a good faith effort to meet competition or market

18   conditions.

19   **TENTH AFFIRMATIVE DEFENSE**

20   **(Non-actionable or Governmental Privilege)**

21   Plaintiff's claims are barred, in whole or in part, because the alleged conduct of KPNV

22   that is the subject of the Second Amended Complaint was caused by, due to, based upon, or in

23   response to directives, laws, regulations, policies, and/or acts of governments, governmental

24   agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

25   **ELEVENTH AFFIRMATIVE DEFENSE**

26   **(No Act of KPNV)**

27   Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in

28

part, because Plaintiff has not been injured in its business or property by reason of any action of KPNV.

## TWELFTH AFFIRMATIVE DEFENSE

### (Intervening Conduct)

Plaintiff's claims are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of KPNV and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (*Ultra Vires*)

To the extent that any actionable conduct occurred, Plaintiff's claims against KPNV are barred because all such conduct would have been committed by individuals acting *ultra vires*.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Damages Passed On)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Second Amended Complaint, which KPNV specifically denies, was passed on to persons or entities other than Plaintiff and/or was passed on by Plaintiff to other parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Withdrawal)

To the extent that any actionable conduct occurred for which KPNV is liable, some or all of Plaintiff's claims against KPNV are barred because KPNV withdrew from and/or abandoned any alleged conspiracy prior to the commencement of the limitations period set forth in applicable statutes of limitations.

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

### (Failure to Mitigate Damages)

3    Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff failed to take

4    all necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

5

## SEVENTEENTH AFFIRMATIVE DEFENSE

6

### (Unjust Enrichment)

7    Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in

8    part, because Plaintiff would be unjustly enriched if it was allowed to recover any part of the

9    damages alleged in the Second Amended Complaint.

10

## EIGHTEENTH AFFIRMATIVE DEFENSE

11

### (Set Off)

12    Without admitting that Plaintiff is entitled to recover damages in this matter, KPNV is

13    entitled to set off from any recovery Plaintiff may obtain against KPNV any amount paid to

14    Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

15

## NINETEENTH AFFIRMATIVE DEFENSE

16

### (Legal Acts)

17    Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged

18    acts, conduct or statements that are specifically permitted by law.

19

## TWENTIETH AFFIRMATIVE DEFENSE

20

### (Waiver and Estoppel)

21    Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in

22    part, by the doctrines of waiver and/or estoppel.

23

## TWENTY-FIRST AFFIRMATIVE DEFENSE

24

### (Laches)

25    Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in

26    part, by the equitable doctrine of laches.

27

28

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiff's acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to KPNV.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (*Forum Non Conveniens*)

The Second Amended Complaint should be dismissed on the grounds of *forum non conveniens*.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Improper Forum/Arbitration)

Plaintiff's claims against KPNV are barred to the extent that Plaintiff has agreed to arbitration or chosen a different forum for the resolution of its claims.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's claims for injunctive relief should be dismissed because Plaintiff has available an adequate remedy at law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in

part, for failure to join indispensable parties.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Due Process)

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Due Process clause of the Fifth Amendment of the United States Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Due Process)

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Due Process provision of the Fourteenth Amendment of the United States Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Equal Protection)

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States Constitution.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Double Jeopardy)

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Excessive Fines)

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper

1   multiple punitive award for a single wrong because such an award would violate KPNV's rights

2   guaranteed by the Excessive Fines provision of the Eighth Amendment of the United States

3   Constitution.

4   ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

5   **(Unconstitutional Multiplicity)**

6   To the extent any recovery by Plaintiff would be duplicative of recovery by other

7   plaintiffs and other lawsuits, subjecting KPNV to the possibility of multiple recoveries, such

8   recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

9   ### THIRTY-FIFTH AFFIRMATIVE DEFENSE

10   **(Foreign Sales)**

11   Plaintiff's claims are barred, in whole or in part, because Plaintiff may not recover

12   damages, if any, based on sales outside of the United States.

13   ### THIRTY-SIXTH AFFIRMATIVE DEFENSE

14   **(Comparative Fault)**

15   Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in

16   part, because any and all injuries alleged in the Second Amended Complaint, the fact and extent

17   of which KPNV specifically denies, were directly and proximately caused or contributed to by the

18   statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than KPNV.

19   ### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

20   **(Failure To Plead Damages With Specificity)**

21   Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to plead

22   damages with specificity as required by the federal laws cited.

23   ### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

24   **(Injury or Damages Offset by Benefits Received)**

25   Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in

26   part, because any claimed injury or damage has been offset by benefits Plaintiff received with

27   respect to the challenged conduct.

28

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Proportionality)

To the extent KPNV is found liable for damages, the fact and extent of which are expressly denied by KPNV, those damages must be reduced in proportion to KPNV's degree of fault.

### FORTIETH AFFIRMATIVE DEFENSE

### (Release)

The claims of one or more of the persons or entities Plaintiff purports to represent are barred because they have been released.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (No 'Full Consideration' Damages)

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to "full consideration" damages.

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (Other Defenses Incorporated by Reference)

KPNV adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that KPNV may share in such affirmative defenses.

### FORTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

KPNV  has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. KPNV further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

1    **WHEREFORE**, KPNV prays as follows:

2          1.       That Plaintiff takes nothing by way of the Second Amended Complaint and the

3    Second Amended Complaint be dismissed with prejudice;

4          2.       That judgment be entered in favor of KPNV and against Plaintiff on each and

5    every claim for relief set forth in the Complaint;

6          3.       That KPNV recover its costs of suit and attorneys' fees incurred herein; and

7          4.       That KPNV be granted such other and further relief as the Court deems just and

8    proper.

9

10

11   Dated: November 4, 2013                    Respectfully Submitted:

12

13                                              By: /s/ Jon V. Swenson_____
                                                Jon V. Swenson

14

15                                              *Attorney for Defendant Koninklijke Philips N.V.*

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        63                            MDL 1917
     ANSWER OF KONINKLIJKE PHILIPS N.V. TO TARGET CORP.'S SECOND AMENDED COMPLAINT