BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile:  (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Philips Electronics
North America Corporation*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 11-cv-01656-SC |
| | Master File No. 3:07-cv-05944-SC |
| This Document Relates To Individual Case No. 11-cv-01656-SC | MDL No. 1917 |
| ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP., | |
|      Plaintiffs, | **ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT** |
|   vs. | |
| HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, | **Trial Date: None Set** |

MDL 1917

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO ELECTROGRAPH
SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

INC.; LG ELECTRONICS USA, INC.; LP
DISPLAYS INTERNATIONAL LTD.;
PANASONIC CORPORATION; PANASONIC
CORPORATION OF NORTH AMERICA; MT
PICTURE DISPLAY CO., LTD.; BEIJING
MATSUSHITA COLOR CRT CO., LTD.;
KONINKLIJKE PHILIPS ELECTRONICS N.V.;
PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION; PHILIPS ELECTRONICS
INDUSTRIES (TAIWAN), LTD.; PHILIPS DA
AMAZONIA INDUSTRIA ELECTRONICA
LTDA.; SAMSUNG SDI CO., LTD.; SAMSUNG
SDI AMERICA, INC.; SAMSUNG SDI
MEXICO S.A. DE C.V.; SAMSUNG SDI
BRASIL LTDA.; SHENZHEN SAMSUNG SDI
CO., LTD.; TIANJIN SAMSUNG SDI CO.,
LTD.; SAMSUNG SDI (MALAYSIA) SDN.
BHD.; SAMTEL COLOR LTD.; THAI CRT CO.,
LTD.; TOSHIBA CORPORATION; TOSHIBA
AMERICA, INC.; TOSHIBA AMERICA
CONSUMER PRODUCTS, LLC; TOSHIBA
AMERICA ELECTRONIC COMPONENTS,
INC.; TOSHIBA AMERICA INFORMATION
SYSTEMS, INC.,

Defendants.

Defendant Philips Electronics North America Corporation ("PENAC"), by and through its

undersigned counsel of record, answers Electrograph Systems, Inc.; Electrograph Technologies

Corp.'s (collectively "Plaintiffs") Second Amended Complaint (the "Second Amended

Complaint") and alleges additional or affirmative defenses as follows.  PENAC denies each and

every allegation in the Second Amended Complaint's section headings asserted herein and in all

portions of the Second Amended Complaint not contained in numbered paragraphs.  To the extent

that the Second Amended Complaint's allegations concern persons and/or entities other than

PENAC, PENAC denies that such allegations support any claim for relief against PENAC.

PENAC denies any allegations not explicitly admitted herein.

## I.    INTRODUCTION[1]

1.    To the extent that the allegations in Paragraph 1 state legal contentions, no

response is required.  To the extent that the allegations in Paragraph 1 are definitional, no

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the Second Amended Complaint.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO ELECTROGRAPH
SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

response is required.  To the extent that the allegations in Paragraph 1 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 1 relate to PENAC, PENAC denies all of the allegations.

2.      To the extent that the allegations in Paragraph 2 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 2 are definitional, no response is required.  PENAC avers that the use of the terms "CPTs," "CDTs," "CPT Products," "CDT Products," and "CRT Products," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Second Amended Complaint indefinite and uncertain.  To the extent that the allegations in Paragraph 2 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 2 relate to PENAC, PENAC denies all of the allegations.

3.      To the extent that the allegations in Paragraph 3 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 3 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the allegations in Paragraph 3 relate to PENAC, PENAC denies all of the allegations.

4.      To the extent that the allegations in Paragraph 4 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 4 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 4 relate to PENAC, PENAC denies all of the allegations.

5.      To the extent that the allegations in Paragraph 5 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 5 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO ELECTROGRAPH
SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

basis, denies them.  To the extent the allegations in Paragraph 5 relate to PENAC, PENAC denies all of the allegations.

6.      To the extent that the allegations in Paragraph 6 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 6 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 6 relate to PENAC, PENAC denies all of the allegations.

7.      To the extent that the allegations in Paragraph 7 state legal contentions, no response is required.  PENAC lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 7 and, on that basis, denies them. To the extent that the allegations in Paragraph 7 relate to PENAC, PENAC denies them.

8.      PENAC admits that government authorities in the United States and other countries have commenced investigations of the CRT industry, the details of which are matters of public record and such records speak for themselves.  PENAC admits that an indictment was issued against C.Y. Lin, the details of which are matters of public record and such records speak for themselves.  PENAC admits that other individuals have been indicted by the DOJ, the details of which are matters of public record and such records speak for themselves.

9.      To the extent that the allegations in Paragraph 9 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 9 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 9 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 9 relate to PENAC, PENAC denies all of the allegations.  PENAC denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint and alleged in Paragraph 9.

## II.      ALLEGATIONS CONCERNING JURISDICTION AND VENUE

10.     The allegations in Paragraph 10 state legal contentions to which no response is

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

required.  PENAC admits that Plaintiffs purport to bring this action to obtain injunctive relief under Section 16 of the Clayton Act, and to recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1), but denies that Plaintiffs are entitled to any relief under those statutes.

11.     To the extent that the allegations in Paragraph 11 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC admits that Plaintiffs purport to bring this action pursuant to California state laws, but denies that Plaintiffs are entitled to any relief under those laws.  PENAC denies any remaining allegations in Paragraph 11.

12.     To the extent that the allegations in Paragraph 12 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC admits that Plaintiffs purport to bring this action pursuant to New York state laws, but denies that Plaintiffs are entitled to any relief under those laws.  PENAC denies any remaining allegations in Paragraph 12.

13.     The allegations in Paragraph 13 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that the allegations in Paragraph 13 require a response, PENAC denies that this district has subject matter jurisdiction based on the conduct of PENAC as alleged in the Second Amended Complaint.

14.     The allegations in Paragraph 14 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 13 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 14 relate to PENAC, PENAC denies these allegations.

15.     The allegations in Paragraph 15 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 15 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO ELECTROGRAPH
SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

required and the allegations in Paragraph 15 relate to PENAC, PENAC denies these allegations.

16.     The allegations in Paragraph 16 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 16 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 16 relate to PENAC, PENAC denies that this district has subject matter jurisdiction based on the conduct of PENAC as alleged in the Second Amended Complaint.

17.     The allegations in Paragraph 17 regarding venue constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 17 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 17 relate to PENAC, PENAC denies these allegations and denies that venue lies in this Court based on the conduct of PENAC as alleged in the Second Amended Complaint.

### III.   ALLEGATIONS CONCERNING THE PARTIES

18.     To the extent that the allegations in Paragraph 18 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 18 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies them.

19.     To the extent that the allegations in Paragraph 19 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 19 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies them.

20.     To the extent that the allegations in Paragraph 20 state legal contentions, no

5

response is required.  To the extent that the allegations in Paragraph 20 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 20 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 20 relate to PENAC, PENAC denies them.

21.     To the extent that the allegations in Paragraph 21 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 21 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 21 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 21 relate to PENAC, PENAC denies them.

22.     To the extent that the allegations in Paragraph 22 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 22 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 22 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 22 relate to PENAC, PENAC denies them.

23.     To the extent that the allegations in Paragraph 23 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 23 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 23 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 23 relate to PENAC, PENAC denies them.

24.     To the extent that the allegations in Paragraph 24 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 24 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies them.

25.     To the extent that the allegations in Paragraph 25 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 25 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 25 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 25 relate to PENAC, PENAC denies them.

26.     To the extent that the allegations in Paragraph 26 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 26 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies them.

27.     To the extent that the allegations in Paragraph 27 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 27 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 27 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 27 relate to PENAC, PENAC denies them.

28.     To the extent that the allegations in Paragraph 28 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 28 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that

basis, denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, on that basis, denies them.

29.     To the extent that the allegations in Paragraph 29 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 29 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 29 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 29 relate to PENAC, PENAC denies them.

30.     To the extent that the allegations in Paragraph 30 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 30 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies them.

31.     To the extent that the allegations in Paragraph 31 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 31 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 31 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 31 relate to PENAC, PENAC denies them.

32.     To the extent that the allegations in Paragraph 32 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 32 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, on that basis, denies them.

33.     To the extent that the allegations in Paragraph 33 state legal contentions, no

response is required.  To the extent that the allegations in Paragraph 33 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 33 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 33 relate to PENAC, PENAC denies them.

34.     The allegations in Paragraph 34 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, denies them.

35.     The allegations in Paragraph 35 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, on that basis, denies them.

36.     The allegations in Paragraph 36 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, denies them.

37.     The allegations in Paragraph 37 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, denies them.

38.     The allegations in Paragraph 38 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, denies them.

39.     The allegations in Paragraph 39 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies them.

40.     The allegations in Paragraph 40 are an explanation of terminology, for which no response is required.

41.     The allegations in Paragraph 41 are not directed at PENAC and, therefore, no

response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, denies them.

42.     The allegations in Paragraph 42 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, denies them.

43.     The allegations in Paragraph 43 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, denies them.

44.     The allegations in Paragraph 44 are an explanation of terminology, for which no response is required.

45.     To the extent that the allegations in Paragraph 45 state legal contentions, no response is required.  PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and Koninklijke Philips N.V. ("KPNV") transferred its entire CRT business into the 50/50 CRT joint venture.  The remaining allegations in Paragraph 45 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and, on that basis, denies them.

46.     The allegations in Paragraph 46 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies them.

47.     The allegations in Paragraph 47 are an explanation of terminology, for which no response is required.

48.     To the extent that the allegations in Paragraph 48 state legal contentions, no response is required.  PENAC admits that in 2001 LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 CRT joint venture.  The remaining allegations in Paragraph 48 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and, on that basis, denies them.

49.     The allegations in Paragraph 49 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies them.

50.     The allegations in Paragraph 50 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies them.

51.     The allegations in Paragraph 51 are an explanation of terminology, for which no response is required.

52.     The allegations in Paragraph 52 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies them.

53.     The allegations in Paragraph 53 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies them.

54.     To the extent that the allegations in Paragraph 54 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 54 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and, on that basis, denies them.  PENAC admits that KPNV is a Dutch entity with its principal place of business at Brenner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands, but avers that KPNV legally changed its corporate name to Koninklijke Philips N.V.  PENAC admits that Philips & Co. was founded in 1891 but denies the remaining allegations found in the second and third sentences of Paragraph 54.  PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.   PENAC denies that it manufactured, marketed, sold and/or distributed CRT products on behalf of KPNV in the United States.    PENAC lacks

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 54 and, on that basis, denies them.

55.     PENAC admits that it is a Delaware corporation with its principal place of business at 1251 Avenue of the Americas, New York, New York, 10020.  PENAC admits that it is an indirect subsidiary of KPNV.  Owing to the vagueness of "CRT Products," PENAC denies the third sentence of Paragraph 55.  PENAC denies that KPNV dominated or controlled its finances, policies, and affairs.  KPNV denies any remaining allegations in Paragraph 55.

56.     The allegations in Paragraph 56 are not directed at PENAC, and therefore no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, on that basis, denies them.

57.     The allegations in Paragraph 57 are not directed at PENAC, and therefore no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, on that basis, denies them.

58.     The allegations in Paragraph 58 are an explanation of terminology, for which no response is required.  PENAC avers, however, that Paragraph 58 renders the Second Amended Complaint indefinite and uncertain as to PENAC.

59.     The allegations in Paragraph 59 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, on that basis, denies them.

60.     The allegations in Paragraph 60 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, denies them.

61.     The allegations in Paragraph 61 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies them.

62.     The allegations in Paragraph 62 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

1    belief as to the truth of the allegations in Paragraph 62 and, on that basis, denies them.

2         63.    The allegations in Paragraph 63 are not directed at PENAC and, therefore, no

3    response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

4    belief as to the truth of the allegations in Paragraph 63 and, on that basis, denies them.

5         64.    The allegations in Paragraph 64 are not directed at PENAC and, therefore, no

6    response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

7    belief as to the truth of the allegations in Paragraph 64 and, on that basis, denies them.

8         65.    The allegations in Paragraph 65 are not directed at PENAC and, therefore, no

9    response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

10   belief as to the truth of the allegations in Paragraph 65 and, on that basis, denies them.

11        66.    The allegations in Paragraph 66 are an explanation of terminology, for which no

12   response is required.

13        67.    The allegations in Paragraph 67 are not directed at PENAC and, therefore, no

14   response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

15   belief as to the truth of the allegations in Paragraph 67 and, on that basis, denies them.

16        68.    The allegations in Paragraph 68 are not directed at PENAC and, therefore, no

17   response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

18   belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies them.

19        69.    The allegations in Paragraph 69 are not directed at PENAC and, therefore, no

20   response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

21   belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies them.

22        70.    The allegations in Paragraph 70 are not directed at PENAC and, therefore, no

23   response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

24   belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies them.

25        71.    The allegations in Paragraph 71 are not directed at PENAC and, therefore, no

26   response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

27   belief as to the truth of the allegations in Paragraph 71 and, on that basis, denies them.

28

72.     The allegations in Paragraph 72 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, on that basis, denies them.

73.     The allegations in Paragraph 73 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, on that basis, denies them.

74.     The allegations in Paragraph 74 are an explanation of terminology, for which no response is required.

**IV.     ALLEGATIONS CONCERNING AGENTS AND CO-CONSPIRATORS**

75.     The allegations of Paragraph 75 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 75 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 75 relate to PENAC, PENAC denies all of the allegations.

76.     The allegations in Paragraph 76 are ambiguous and/or unintelligible. To the extent that the allegations in Paragraph 76 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 76 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 76 relate to PENAC, PENAC denies all of the allegations.

77.     The allegations in Paragraph 77 state legal contentions, for which no response is required.  The allegations in Paragraph 77 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, on that basis, denies them.

78.     The allegations in Paragraph 78 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, on that basis, denies them.

79.     The allegations in Paragraph 79 are an explanation of terminology, for which no response is required.

80.     The allegations in Paragraph 80 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, on that basis, denies them.

81.     The allegations in Paragraph 81 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, on that basis, denies them.

82.     The allegations in Paragraph 82 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, on that basis, denies them.

83.     The allegations of Paragraph 83 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 83 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 83 relate to PENAC, PENAC denies all of the allegations.

**V.      ALLEGATIONS CONCERNING TRADE AND COMMERCE**

84.     The allegations in Paragraph 84 regarding "continuous and uninterrupted flow of interstate commerce and foreign commerce" are legal contentions to which no response is required. To the extent that the allegations in Paragraph 84 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 84 require a response, PENAC denies all of the allegations.

85.     The allegations in Paragraph 85 state legal contentions to which no response is required.  To the extent a response is required and the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 and, on that basis, denies them.  To the extent a response is required

1    and the allegations in Paragraph 85 relate to PENAC, PENAC denies them.

2         86.    The allegations in Paragraph 86 state legal contentions to which no response is

3    required.  To the extent a response is required and the allegations relate to other defendants,

4    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

5    allegations of Paragraph 86 and, on that basis, denies them.  To the extent a response is required

6    and the allegations in Paragraph 86 relate to PENAC, PENAC denies them.

7                        **VI.    <u>FACTUAL ALLEGATIONS</u>**

8         87.    PENAC admits that the allegations in Paragraph 87 purport to describe CRT

9    technology, but PENAC denies that such descriptions are accurate or complete.

10        88.    PENAC admits that the allegations in Paragraph 88 purport to describe CRT

11   technology, but PENAC denies that such descriptions are accurate or complete.

12        89.    PENAC admits that the allegations in Paragraph 89 purport to describe CRT

13   technology, but PENAC denies that such descriptions are accurate or complete.

14        90.    PENAC admits that the allegations in Paragraph 90 purport to describe CRT

15   technology, but PENAC denies that such descriptions are accurate or complete.

16        91.    PENAC admits that the allegations in Paragraph 91 purport to describe CRT

17   technology, but PENAC denies that such descriptions are accurate or complete.

18        92.    PENAC admits that the allegations in Paragraph 92 purport to describe CRT

19   technology, but PENAC denies that such descriptions are accurate or complete.

20        93.    To the extent that the allegations in Paragraph 93 state legal contentions, no

21   response is required.  PENAC admits that the allegations in Paragraph 93 purport to describe

22   CRT technology, but PENAC denies that such descriptions are accurate or complete.

23        94.    To the extent that the allegations in Paragraph 94 state legal contentions, no

24   response is required.  To the extent that the allegations in Paragraph 94 relate to Plaintiffs,

25   PENAC lacks knowledge or information sufficient to form a belief as to the truth of those

26   allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 94

27   relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as

28                                    16                          MDL 1917

to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 94 relate to PENAC, PENAC denies all of the allegations.  In particular, PENAC denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint and alleged in Paragraph 94.

95.     To the extent that the allegations in Paragraph 95 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 95 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 95 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 95 relate to PENAC, PENAC denies all of the allegations.

96.     To the extent that the allegations in Paragraph 96 state legal contentions, no response is required.  PENAC denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint and alleged in Paragraph 96.

97.     The allegations in Paragraph 97 are legal contentions to which no response is required.  To the extent that a response is required, PENAC denies every allegation in Paragraph 97.

98.     The allegations in Paragraph 98 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 98 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 98 relate to PENAC, PENAC denies all allegations.

99.     To the extent that the allegations in Paragraph 99 state legal contentions, no response is required.  To the extent that the other allegations in Paragraph 99 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 99 relate to PENAC, PENAC denies all of the allegations.

100.     The allegations in Paragraph 100 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 100 are not directed at PENAC, and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and, on that basis, denies them.

101.     PENAC avers that the use of the term "Philips" in Paragraph 101 renders the Second Amended Complaint indefinite and uncertain as to PENAC.  The allegations in Paragraph 101 are legal contentions to which no response is required.  To the extent that a response is required, PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  To the extent that the allegations in Paragraph 101 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 101 relate to PENAC, PENAC denies all of the allegations.

102.     The allegations in Paragraph 102 are legal contentions to which no response is required.  To the extent a response is required, PENAC denies the allegations in Paragraph 102.

103.     PENAC avers that the use of the term "Philips" in Paragraph 103 renders the Second Amended Complaint indefinite and uncertain as to PENAC.  To the extent that the allegations in Paragraph 103 and its subparts state legal contentions, no response is required.  PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  PENAC admits that LG.Philips LCD Co., Ltd. was formed in 1999.  PENAC denies that it was supplied "CRTs" from Samtel.  To the extent that the remaining allegations in Paragraph 103 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 103 and its subparts relate to PENAC, PENAC denies them.

104.     The allegations in Paragraph 104 are legal contentions to which no response is

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

required.  To the extent that the allegations in Paragraph 104 require a response, PENAC denies all of the allegations

105.    The allegations in Paragraph 105 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 105 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 105 require a response, PENAC denies all of the allegations.

106.    The allegations in Paragraph 106 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 106 require a response, PENAC denies all of the allegations.

107.    The allegation in the second sentence of Paragraph 107 is a legal contention to which no response is required.  PENAC otherwise lacks knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 107 and, on that basis, denies them.

108.    The allegation in the second sentence of Paragraph 108 is a legal contention to which no response is required.  PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in the first and third sentences of Paragraph 108 and, on that basis, denies them.  To the extent a response is required and the remaining allegations in Paragraph 108 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the remaining allegations in Paragraph 108 relate to PENAC, PENAC denies all of the allegations.

109.    The allegations in Paragraph 109 are legal contentions to which no response is required.  To the extent a response is required and the allegations relate to other defendants, PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 109 and, on that basis, denies them.  To the extent a response is required and the allegations relate to PENAC, PENAC denies all of the allegations in Paragraph 109.

110.    The allegations in Paragraph 110 are legal contentions to which no response is

required.  To the extent a response is required, PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 110 and, on that basis, denies them.

111.    The allegations in Paragraph 111 are legal contentions to which no response is required.  To the extent a response is required, PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 111 and, on that basis, denies them.

112.    The allegations in Paragraph 112 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 112 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 112 relate to PENAC, PENAC denies all of the allegations.

113.    The allegations in Paragraph 113 are legal contentions to which no response is required.  To the extent a response is required, PENAC denies all of the allegations in Paragraph 113.

114.    To the extent that the allegations in Paragraph 114 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 114 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 114 relate to PENAC, PENAC denies all of the allegations.

115.    The allegations in Paragraph 115 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and, on that basis, denies them.

116.    To the extent that the allegations in Paragraph 116 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 116 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 116 relate to PENAC, PENAC denies all of the allegations.

117.    PENAC avers that the use of the term "Philips" in Paragraph 117 renders the

Second Amended Complaint indefinite and uncertain as to PENAC. To the extent that the allegations in Paragraph 117 state legal contentions, no response is required. To the extent that the allegations in Paragraph 117 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the remaining allegations in Paragraph 117 concern PENAC, PENAC denies them.

118.    The allegations in Paragraph 118 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and, on that basis, denies them.

119.    To the extent that the allegations in Paragraph 119 state legal contentions, no response is required. To the extent that the allegations in Paragraph 119 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 119 relate to PENAC, PENAC denies them.

120.    The allegations in Paragraph 120 state legal contentions to which no response is required. To the extent a response is required, PENAC denies each and every allegation of Paragraph 120.

121.    To the extent that the allegations in Paragraph 121 state legal contentions, no response is required. To the extent that the allegations in Paragraph 121 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 121 relate to PENAC, PENAC denies all of the allegations.

122.    To the extent that the allegations in Paragraph 122 state legal contentions, no response is required. To the extent that the allegations in Paragraph 122 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 122 relate to PENAC, PENAC denies all of the allegations.

123.    To the extent that the allegations in Paragraph 123 state legal contentions, no

response is required.  To the extent that the allegations in Paragraph 123 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 123 relate to PENAC, PENAC denies all of the allegations.

124.    To the extent that the allegations in Paragraph 124 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 124 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 124 relate to PENAC, PENAC denies all of the allegations.

125.    To the extent that the allegations in Paragraph 125 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 125 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 125 relate to PENAC, PENAC denies all of the allegations.

126.    PENAC avers that the use of the term "Philips" in Paragraph 126 renders the Second Amended Complaint indefinite and uncertain as to PENAC.  To the extent that the allegations in Paragraph 126 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 126 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 126 relate to PENAC, PENAC denies all of the allegations.

127.    To the extent that the allegations in Paragraph 127 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 127 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 127 relate to PENAC, PENAC denies all of the allegations.

128.    To the extent the allegations in Paragraph 128 state legal contentions, no response

is required.  To the extent that the allegations in Paragraph 128 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 128 relate to PENAC, PENAC denies all of the allegations.

129.  To the extent that the allegations in Paragraph 129 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 129 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 129 relate to PENAC, PENAC denies all of the allegations.

130.  To the extent that the allegations in Paragraph 130 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 130 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 130 relate to PENAC, PENAC denies all of the allegations.

131.  To the extent that the allegations in Paragraph 131 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 131 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 131 relate to PENAC, PENAC denies all of the allegations.

132.  To the extent that the allegations in Paragraph 132 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 132 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 132 relate to PENAC, PENAC denies all of the allegations.

133.  To the extent that the allegations in Paragraph 133 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 133 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a

belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 133 and its subparts relate to PENAC, PENAC denies all of the allegations.

134.   To the extent that the allegations in Paragraph 134 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 134 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 134 relate to PENAC, PENAC denies all of the allegations.

135.   To the extent that the allegations in Paragraph 135 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 135 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 135 relate to PENAC, PENAC denies all of the allegations.

136.   To the extent that the allegations in Paragraph 136 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 136 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 136 relate to PENAC, PENAC denies all of the allegations.

137.   To the extent that the allegations in Paragraph 137 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 137 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 137 relate to PENAC, PENAC denies all of the allegations.

138.   To the extent that the allegations in Paragraph 138 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 138 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 138 relate to PENAC, PENAC denies all of the allegations.

139.    To the extent that the allegations in Paragraph 139 state legal contentions, no response is required.  With respect to the third sentence in Paragraph 139, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 139 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 139 relate to PENAC, PENAC denies all of the allegations.

140.    To the extent that the allegations in Paragraph 140 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 140 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 140 relate to PENAC, PENAC denies all of the allegations.

141.    To the extent that the allegations in Paragraph 141 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 141 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 141 relate to PENAC, PENAC denies all of the allegations.

142.    The allegations in Paragraph 142 state legal contentions, for which no response is required.  Additionally, the allegations in Paragraph 142 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 142 relate to PENAC, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and, on that basis, denies them.

143.    The allegations in Paragraph 143 state legal contentions, for which no response is required.  Additionally, the allegations in Paragraph 143 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 143 relate to PENAC, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, denies them.

144.    The allegations in Paragraph 144 state legal contentions, for which no response is required.  Additionally, the allegations in Paragraph 144 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 144 relate to PENAC, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, on that basis, denies them.

145.    PENAC avers that the use of the term "Philips" in Paragraph 145 renders the Second Amended Complaint indefinite and uncertain as to PENAC.  The allegations in Paragraph 145 also state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 145 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 145 relate to PENAC, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and, on that basis, denies them.

146.    The allegations in Paragraph 146 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 146 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 146 relate to PENAC, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and, on that basis, denies them.

147.    PENAC avers that the use of the term "Philips" in Paragraph 147 renders the Second Amended Complaint indefinite and uncertain as to PENAC.  To the extent that the allegations in Paragraph 147 state legal contentions, no response is required.  To the extent the allegations in Paragraph 147 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent the allegations in Paragraph 147 relate to PENAC, PENAC denies all of the allegations.  PENAC specifically denies that any employee of LP Displays or LG.Philips Displays previously attended any meeting described in this Paragraph on its behalf.

148.    The allegations in Paragraph 148 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 148 are not directed at PENAC and,

therefore, no response is required. To the extent that the allegations in Paragraph 148 relate to PENAC, PENAC denies them. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and, on that basis, denies them.

149. The allegations in Paragraph 149 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 149 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 149 relate to PENAC, PENAC denies them. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, denies them.

150. The allegations in Paragraph 150 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 150 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 145 relate to PENAC, PENAC denies them. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and, on that basis, denies them.

151. The allegations in Paragraph 151 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 151 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 151 relate to PENAC, PENAC denies them. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and, on that basis, denies them.

152. PENAC avers that the use of the term "Philips" in Paragraph 152 renders the Second Amended Complaint indefinite and uncertain as to PENAC. To the extent that the allegations in Paragraph 152 state legal contentions, no response is required. PENAC denies that it participated in any such "Glass meetings" or "bilateral discussions" after 2001 "through" LG.Philips Displays. To the extent that the allegations in Paragraph 152 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. In all other respects, PENAC denies the allegations in Paragraph 152.

153. To the extent that the allegations in Paragraph 153 state legal contentions, no

response is required.  To the extent that the allegations in Paragraph 153 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 153 relate to PENAC, PENAC denies them.

154.    The allegations in Paragraph 154 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 154 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 154 relate to PENAC, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, on that basis, denies them.

155.    The allegations in Paragraph 155 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 155 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 155 relate to PENAC, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, on that basis, denies them.

156.    The allegations in Paragraph 156 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 156 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 156 relate to PENAC, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and, on that basis, denies them.

157.    The allegations in Paragraph 157 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 157 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 157 relate to PENAC, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and, on that basis, denies them.

158.    The allegations in Paragraph 158 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 158 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 158 relate to

PENAC, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, on that basis, denies them.

159.    The allegations in Paragraph 159 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 159 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 159 relate to PENAC, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and, on that basis, denies them.

160.    The allegations in Paragraph 160 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 160 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 160 relate to PENAC, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and, on that basis, denies them.

161.    To the extent that the allegations in sentence one of Paragraph 161 are an explanation of terminology, no response is required.  To the extent that the allegations in Paragraph 161 state legal contentions, no response is required.  PENAC avers that Plaintiffs' reference to "a corporate family or companies by a single name in its allegations of participation in the conspiracy" renders the Second Amended Complaint indefinite and uncertain.  To the extent that the remaining allegations in Paragraph 161 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the remaining allegations in Paragraph 161 relate to PENAC, PENAC denies all of the allegations.

162.    To the extent that the allegations in Paragraph 162 state legal contentions, no response is required.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and, on that basis, denies them.

163.    The allegations in Paragraph 163 are vague and ambiguous, as they do not identify any underlying product or service and, on that basis, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 163 and, on that basis, denies them.  To the extent that the allegations contained in Paragraph 163 are derived from an analyst report, that report speaks for itself and no response is required.

164.    To the extent that the allegations in Paragraph 164 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 164 are derived from analyst reports, those reports speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and, on that basis, denies them.

165.    The allegation in the first sentence of Paragraph 165 is a legal contention to which no response is required.  With regard to the allegations in the second and third sentence, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.   PENAC denies any remaining allegations contained in Paragraph 165.

166.    To the extent that the allegations in Paragraph 166 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 166 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.

167.    With regard to the first and second sentence of Paragraph 167, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  To the extent the third sentence of Paragraph 167 states legal contentions, no response is required.  To the extent that the allegations in Paragraph 167 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 167 relate to PENAC, PENAC denies all of the allegations.

168.    To the extent that the allegations in Paragraph 168 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and, on that basis, denies them.  To the extent that the allegations in

Paragraph 168 relate to PENAC, PENAC denies all of the allegations.

169.     To the extent the allegations contained in Paragraph 169 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and, on that basis, denies them.

170.     To the extent that the allegations in Paragraph 170 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 170 are derived from or purport to quote published statements, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 170 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 170 relate to PENAC, PENAC denies all of the allegations.

171.     The allegations in Paragraph 171 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 171 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 171 relate to PENAC, PENAC denies all of the allegations.

172.     The allegations in Paragraph 172 are legal contentions to which no response is required.   To the extent that the allegations in Paragraph 172 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 172 relate to PENAC, PENAC denies all of the allegations.

173.     To the extent the allegations of Paragraph 173 state legal contentions, no response is required.  To the extent that the allegations in the third sentence of Paragraph 173 are derived from or purport to quote published statements made by the President of Skyworth Macao Commercial Offshore Co., Ltd., those published statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 173 relate to other defendants,

31

PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 173 relate to PENAC, PENAC denies all of the allegations.

174.    To the extent the allegations in Paragraph 174 state legal contentions, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and, on that basis, denies them.

175.    The allegations in Paragraph 175 are legal contentions to which no response is required.   To the extent that a response is required, PENAC denies the allegations in Paragraph 175.

176.    To the extent that the allegations in Paragraph 176 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 176 refer to public filings by government authorities, those filings speak for themselves and no response is required. Additionally, to the extent that the allegations in Paragraph 176 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 176 relate to PENAC, PENAC denies them.

177.    To the extent the allegations in Paragraph 177 relate to other defendants, PENAC lacks knowledge and information sufficient to form a belief as to their truth and , on that basis, denies them.  To the extent the allegations in Paragraph 177 relate to PENAC, PENAC denies them.

178.    The allegations in Paragraph 178 are not directed at PENAC, and therefore no response is required.  To the extent a response is required, PENAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 178.

179.    To the extent that the allegations in Paragraph 179 are derived from or purport a news article, that article speaks for itself and no response is required.  The allegations in Paragraph 179 are not directed at PENAC and therefore, no response is required. -PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 179 and, on that basis, denies them.

180.     The allegations in Paragraph 180 are not directed at PENAC and therefore, no response is required.  To the extent a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and, on that basis, denies them.

181.     To the extent that the allegations in Paragraph 181 are derived from or purport a news article, that article speaks for itself and no response is required.  The allegations in Paragraph 181 are not directed at PENAC and therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and, on that basis, denies them.

182.     To the extent that the allegations in Paragraph 182 are derived from a news article, that article speaks for itself and no response is required. PENAC otherwise denies the allegations in Paragraph 182.

183.     To the extent that the allegations in Paragraph 183 are derived from or purport to quote Toshiba's Annual Report, that report speaks for itself and no response is required.  The allegations in Paragraph 183 are not directed at PENAC and therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and, on that basis, denies them.

184.     To the extent that the allegations in Paragraph 184 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 184 refer to public statements by government authorities, those statements speak for themselves and no response is required.  Additionally, to the extent that the allegations in Paragraph 184 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 184 relate to PENAC, PENAC denies them.

185.     To the extent that the allegations contained in Paragraph 185 refer to public statements by government authorities, those statements speak for themselves and no response is

required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 and, on that basis, denies them.

186.     To the extent that the allegations contained in Paragraph 186 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and, on that basis, denies them.

187.     To the extent that the allegations contained in Paragraph 187 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and, on that basis, denies them.

188.     To the extent that the allegations contained in Paragraph 188 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and, on that basis, denies them.

189.     To the extent that the allegations contained in Paragraph 189 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and, on that basis, denies them.

190.     To the extent that the allegations contained in Paragraph 190 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and, on that basis, denies them.

191.     To the extent that the allegations contained in Paragraph 191 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and, on that basis, denies them.

192.     To the extent that the allegations in Paragraph 192 refer to public filings and

statements by government authorities, those filings and statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 192 purport to quote a press release, that press release speaks for itself and no response is required.  PENAC denies any remaining allegations in Paragraph 192.

193.    The allegations in Paragraph 193 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 193 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 193 relate to PENAC, PENAC denies them.

194.    To the extent that the allegations in the first sentence of Paragraph 194 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 194 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 194 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 194 relate to PENAC, PENAC denies them.   PENAC denies the allegation and implication that the allegations in Paragraph 194 have any relevance to the Second Amended Complaint or the purported acts or missions of PENAC.

195.    The allegations in Paragraph 195 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 195 have any relevance to the Second Amended Complaint or the purported acts or omissions of PENAC.

196.    To the extent the allegations contained in Paragraph 196 refer to public filings by government authorities, those filings speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 and, on that basis, denies them.  PENAC denies the allegation and

implication that the allegations in Paragraph 196 have any relevance to the Second Amended Complaint or the purported acts or omissions of PENAC.

197.   PENAC avers that the use of the term "Philips" in Paragraph 197 renders the Second Amended Complaint indefinite and uncertain as to PENAC.   To the extent the allegations contained in Paragraph 197 refer to news reports, those reports speak for themselves and no response is required.  To the extent that the allegations in Paragraph 197 relate to the other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 197 have any relevance to the Second Amended Complaint or the purported acts or omissions of PENAC.

198.   To the extent the allegations contained in Paragraph 198 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 198 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 198 have any relevance to the Second Amended Complaint or the purported acts or omissions of PENAC.

199.   To the extent the allegations contained in Paragraph 199 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 199 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 199 have any relevance to the Second Amended Complaint or the purported acts or omissions of PENAC.

200.   To the extent that the allegations in Paragraph 200 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 200 refer to public filings by government authorities, those filings speak for themselves and no response is required. To the extent that the allegations in Paragraph 200 relate to the other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

them.  PENAC denies the allegation and implication that the allegations in Paragraph 200 have any relevance to the Second Amended Complaint or the purported acts or omissions of PENAC.

201.    To the extent that the allegations in Paragraph 201 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 201 refer to public statements there listed, those statements speak for themselves and no response is required.  PENAC admits the existence of the trade associations Korea Display Conference, Korean Display Equipment Material Industry Association, and Electronic Display Industrial Research Association of Korea, but PENAC denies that such descriptions are accurate or complete.  To the extent that the allegations in Paragraph 201 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 201 relate to PENAC, PENAC denies them.

202.    The allegations in Paragraph 202 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 and, on that basis, denies them.

203.    The allegations in Paragraph 203 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and, on that basis, denies them.

204.    To the extent that the allegations in Paragraph 204 state legal contentions, no response is required.  PENAC admits the existence of the Society for Information Display, but PENAC denies that such descriptions are accurate or complete.  To the extent that the allegations in Paragraph 204 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 204 relate to PENAC, PENAC denies all of the allegations.

205.    To the extent that the allegations in Paragraph 205 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 205 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 205 relate to

PENAC, PENAC denies all of the allegations.

206. The allegations in Paragraph 206 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 206 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 206 relate to PENAC, PENAC denies all of the allegations.

207. The allegations in Paragraph 207 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 and, on that basis, denies them.

208. The allegations in Paragraph 208 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 and, on that basis, denies them.

209. The allegations in Paragraph 209 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and, on that basis, denies them.

210. The allegations in Paragraph 210 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 and, on that basis, denies them.

211. The allegations in Paragraph 211 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 and, on that basis, denies them.

212. The allegation in the first sentence of Paragraph 212 is a legal contention to which no response is required.  With regard to the allegations in the second sentence, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.   PENAC denies any remaining allegations contained in Paragraph 212.

213. To the extent that the allegations in Paragraph 213 are derived from or purport to

quote an analyst report, that report speaks for itself and no response is required.

214.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 and, on that basis, denies them.

215.    To the extent that the allegations in Paragraph 215 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 215 are derived from or purport to quote an industry news article, that article speaks for itself and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 and, on that basis, denies them.  To the extent that the allegations in Paragraph 215 relate to PENAC, PENAC denies all of the allegations.

216.    To the extent the allegations contained in Paragraph 216 are derived from or purport to quote a keynote speaker at a conference, that speaker speaks for himself and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 and, on that basis, denies them.

217.    With regard to the first and second sentence of Paragraph 217, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  To the extent the third sentence of Paragraph 217 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 217 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 217 relate to PENAC, PENAC denies all of the allegations.

218.    To the extent that the allegations in Paragraph 218 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 and, on that basis, denies them.  To the extent that the allegations in Paragraph 218 relate to PENAC, PENAC denies all of the allegations.

219.    The allegations in Paragraph 219 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required, PENAC lacks knowledge or

1    information sufficient to form a belief as to the truth of the allegations in Paragraph 219 and, on

2    that basis, denies them.

3         220.    To the extent the allegations of Paragraph 220 state legal contentions, no response

4    is required.  To the extent that the allegations in the third sentence of Paragraph 220 are derived

5    from or purport to quote published statements made by the President of Skyworth Macao

6    Commercial Offshore Co., Ltd., those published statements speak for themselves and no response

7    is required.  To the extent that the allegations in Paragraph 220 relate to other defendants,

8    PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that

9    basis, denies them.  To the extent that the allegations in Paragraph 220 relate to PENAC, PENAC

10   denies all of the allegations.

11        221.    To the extent the allegations of Paragraph 221 state legal contentions, no response

12   is required.  To the extent a response is required and the allegations in Paragraph 221 relate to

13   other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their

14   truth and, on that basis, denies them.  To the extent a response is required and the allegations in

15   Paragraph 221 relate to PENAC, PENAC denies all of the allegations.

16        222.     To the extent the allegations of Paragraph 222 and its subparts state legal

17   contentions, no response is required.  To the extent a response is required, PENAC denies all

18   allegations in Paragraph 222, including its subparts.

19        **VII.    ALLEGATIONS CONCERNING PLAINTIFFS' INJURIES**

20        223.    The allegations in Paragraph 223 state legal contentions, for which no response is

21   required.  To the extent that a response is required and the allegations in Paragraph 223 relate to

22   other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their

23   truth and, on that basis, denies them.  To the extent that a response is required and the allegations

24   in Paragraph 223 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a

25   belief as to their truth and, on that basis, denies them.  To the extent that a response is required

26   and the allegations in Paragraph 223 relate to PENAC, PENAC denies them.  PENAC denies that

27   Plaintiffs suffered any injury or incurred any damages by any act or omission of PENAC as

28                                                           40                          MDL 1917

alleged in the Second Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

224.    The allegations in Paragraph 224 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 224 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 224 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 224 relate to PENAC, PENAC denies them.

225.    The allegations in Paragraph 225 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 225 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 225 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 225 relate to PENAC, PENAC denies them.  PENAC denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Second Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

226.    The allegations in Paragraph 226 state legal contentions, for which no response is required.  PENAC admits that the allegations in Paragraph 226 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

227.    The allegations in Paragraph 227 state legal contentions, for which no response is required.  To the extent that the allegations in Paragraph 227 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent that the allegations in Paragraph 227 relate to PENAC, PENAC denies all of the allegations.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO ELECTROGRAPH SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

228.    The allegations in Paragraph 228 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 228 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 228 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 228 relate to PENAC, PENAC denies them.

229.    To the extent that the allegations in Paragraph 229 relate to Plaintiff, PENAC lacks knowledge or information sufficient as to form a belief as to their truth and, on that basis, denies them.  PENAC denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint and alleged in Paragraph 229.

**VIII.    ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT**

230.    To the extent that the allegations in Paragraph 230 state legal contentions, no response is required.  To the extent that a response is required and the allegations in Paragraph 230 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 230 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 230 relate to PENAC, PENAC denies all of the allegations.

231.    To the extent that the allegations in Paragraph 231 state legal contentions, no response is required.  To the extent that a response is required and the allegations in Paragraph 231 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 231 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 231 relate to PENAC, PENAC denies all of the allegations.

232.    To the extent that the allegations in Paragraph 232 state legal contentions, no

response is required.  To the extent that the allegations in Paragraph 232 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 232 relate to PENAC, PENAC denies all of the allegations.

233.    To the extent that the allegations in Paragraph 233 state legal contentions, no response is required.   PENAC otherwise denies all of the allegations in Paragraph 233.

234.    To the extent that the allegations in Paragraph 234 state legal contentions, no response is required.  To the extent that a response is required and the allegations in Paragraph 234 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 234 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 234 relate to PENAC, PENAC denies all of the allegations.

235.    To the extent that the allegations in Paragraph 235 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 235 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 235 relate to PENAC, PENAC denies all of the allegations.

236.    To the extent that the allegations in Paragraph 236 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 236 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 236 relate to PENAC, PENAC denies all of the allegations.

237.    With regard to the first sentence and second sentence of Paragraph 237, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.  The allegations in the third sentence of Paragraph 237 state legal contentions, for which no response is required.  To the extent a response is required and the

allegations in the third sentence relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in the third sentence of Paragraph 237 relate to PENAC, PENAC denies all of the allegations.

238.    With regard to the first sentence and second sentence of Paragraph 238, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.  The allegations in the third sentence of Paragraph 238 state legal contentions, for which no response is required.  To the extent that the third sentence of Paragraph 238 requires a response, PENAC denies all of the allegations.

239.    PENAC avers that the use of the term "Philips" in Paragraph 239 renders the allegations indefinite and uncertain as to PENAC.  To the extent that the allegations in Paragraph 239 are derived from or purport to quote published statements made by a Deputy General Manager for an LG Electronics distributor, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 239 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 239 relate to PENAC, PENAC denies all of the allegations.

240.    The allegations in Paragraph 240 are not directed at PENAC and, therefore, no response is required.  To the extent that a response is required and the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 240 relate to PENAC, PENAC denies all of the allegations.

241.    To the extent that the allegations in Paragraph 241 state legal contentions, no response is required.  To the extent that a response is required and the allegations in Paragraph 241 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 241

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO ELECTROGRAPH
SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 241 relate to PENAC, PENAC denies all of the allegations.

242.    The allegations in Paragraph 242 state legal contentions to which no response is required.  To the extent the allegations in Paragraph 242 require a response, PENAC denies them.

### IX.    ALLEGATIONS CONCERNING AMERICAN PIPE, GOVERNMENT ACTION, AND CROSS-JURISDICTIONAL TOLLING

243.    To the extent that the allegations in the first sentence of Paragraph 243 refer to public filings by government authorities discussed in Paragraphs 181-191, those filings speak for themselves and no response is required.  To the extent that the allegations in the second sentence of Paragraph 243 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 243 relate to PENAC, PENAC denies them.

244.    To the extent that the allegations in Paragraph 244 state legal contentions, no response is required.

245.    The allegations in Paragraph 245 state legal contentions, for which no response is required.  To the extent that a response is required, PENAC denies all the allegations in Paragraph 245.

### X.    ALLEGATIONS CONCERNING CLAIM FOR VIOLATIONS

246.    PENAC repeats and incorporates by reference its responses to Paragraph 1 through 245 of the Second Amended Complaint with the same force and effect as if set forth herein at length.

247.    The allegations in Paragraph 247 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 247 require a response, PENAC denies all allegations.

248.    The allegations in Paragraph 248 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 248 require a response, PENAC denies all allegations.

249.     The allegations in Paragraph 249 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 249 require a response, PENAC denies all allegations.

250.     The allegations in Paragraph 250 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 250 require a response, PENAC denies all allegations.

251.     The allegations in Paragraph 251 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 251 and its subparts require a response, PENAC denies all allegations.

252.     The allegations in Paragraph 252 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 252 require a response, PENAC denies all allegations.

253.     PENAC repeats and incorporates by reference its responses to Paragraph 1 through 252 of the Second Amended Complaint with the same force and effect as if set forth herein at length.

254.     To the extent that the allegations in Paragraph 254 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 254 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 254 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 254 relate to PENAC, PENAC denies all of the allegations.  In particular, PENAC denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Second Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

255.     To the extent that the allegations in Paragraph 255 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 255 relate to other

defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 255 relate to PENAC, PENAC denies them.  In particular, PENAC denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Second Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

256.    To the extent that the allegations in Paragraph 256 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 256 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 256 relate to PENAC, PENAC denies them.

257.    The allegations in Paragraph 257 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 257 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 257 relate to PENAC, PENAC denies all of the allegations.

258.    To the extent that the allegations in Paragraph 258 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 258 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 258 and its subparts relate to PENAC, PENAC denies them.

259.    To the extent that the allegations in Paragraph 259 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 259 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 259 and its subparts relate to PENAC, PENAC denies them.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO ELECTROGRAPH
SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

260.     The allegations in Paragraph 260 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 260 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 260 relate to PENAC, PENAC denies all of the allegations.

261.     The allegations in Paragraph 261 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 261 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 261 relate to PENAC, PENAC denies all of the allegations.  In particular, PENAC denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

262.     PENAC repeats and incorporates by reference its responses to Paragraph 1 through 261 of the Second Amended Complaint with the same force and effect as if set forth herein at length.

263.     To the extent that the allegations in Paragraph 263 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 263 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 263 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 263 relate to PENAC, PENAC denies all of the allegations.  In particular, PENAC denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Second Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint.

264.     The allegations in Paragraph 264 constitute legal contentions and/or conclusions to

which no response is required.  To the extent that a response is required and the allegations in Paragraph 248 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 264 relate to PENAC, PENAC denies all of the allegations.

265.    The allegations in Paragraph 265 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 265 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 265 relate to PENAC, PENAC denies all of the allegations.

266.    The allegations in Paragraph 266 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 266 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 266 relate to PENAC, PENAC denies all of the allegations.

267.    The allegations in Paragraph 267 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 267 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 267 relate to PENAC, PENAC denies all of the allegations.

268.    The allegations in Paragraph 268 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 268 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is

required and the allegations in Paragraph 268 relate to PENAC, PENAC denies all of the allegations.

269.   The allegations in Paragraph 269 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 269 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 269 relate to PENAC, PENAC denies all of the allegations.

270.   The allegations in Paragraph 270 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 270 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 270 relate to PENAC, PENAC denies all of the allegations.

271.   PENAC repeats and incorporates by reference its responses to Paragraph 1 through 270 of the Second Amended Complaint with the same force and effect as if set forth herein at length.

272.   To the extent the allegations in Paragraph 272 constitute legal contentions and/or conclusions, no response is required.  To the extent the allegations in Paragraph 272 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 272 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 272 relate to PENAC, PENAC denies all of the allegations.

273.   The allegations in Paragraph 273 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 273 relate to other defendants, PENAC lacks knowledge or information sufficient to

form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 273 relate to PENAC, PENAC denies all of the allegations.

274.    The allegations in Paragraph 274 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 274 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 274 relate to PENAC, PENAC denies all of the allegations.

275.    The allegations in Paragraph 275 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 275 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 275 relate to PENAC, PENAC denies all of the allegations.

276.    The allegations in Paragraph 276 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 276 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 276 relate to PENAC, PENAC denies all of the allegations.

277.    The allegations in Paragraph 277 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 270 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 277 relate to PENAC, PENAC denies all of the allegations.

278.     PENAC repeats and incorporates by reference its responses to Paragraph 1 through 277 of the Second Amended Complaint with the same force and effect as if set forth herein at length.

279.     The allegations in Paragraph 279 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 279 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 279 relate to PENAC, PENAC denies all of the allegations.

280.     The allegations in Paragraph 280 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 280 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 280 relate to PENAC, PENAC denies all of the allegations.

281.     The allegations in Paragraph 281 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 281 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 281 relate to PENAC, PENAC denies all of the allegations.

282.     The allegations in Paragraph 282 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 282 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 282 relate to PENAC, PENAC denies all of the allegations.

283.    The allegations in Paragraph 283 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 283 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 283 relate to PENAC, PENAC denies all of the allegations.

284.    The allegations in Paragraph 284 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 284 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 284 relate to PENAC, PENAC denies all of the allegations.

## XI.    ALLEGATIONS CONCERNING PRAYER FOR RELIEF

With respect to Plaintiffs' prayer for relief, PENAC denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Second Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Second Amended Complaint. All allegations of the Second Amended Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

## XII.    ALLEGATION CONCERNING JURY TRIAL DEMAND

To the extent any response is required to Plaintiffs' Jury Trial Demand, PENAC admits that Plaintiff purports to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, PENAC asserts the following additional and/or affirmative defenses to Plaintiffs' Second Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Second Amended Complaint, and each of its claims for relief, fails to state sufficient facts upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

The conduct alleged to provide a basis for the claims of Plaintiffs did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States. The Court, therefore, lacks subject matter jurisdiction of the claims of Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## FOURTH AFFIRMATIVE DEFENSE

### (Vagueness of Claims)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because its claims are ambiguous and/or unintelligible.  PENAC avers that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit PENAC to ascertain what other defenses may exist.  PENAC therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Plead Conspiracy with Particularity)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitation)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unilateral Action)

Plaintiffs' claims are barred, in whole or in part, because the actions or practices of PENAC that are the subject of the Second Amended Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of PENAC's independent interests, and were not the product of any contract, combination or conspiracy between PENAC and any other person or entity.

## EIGHTH AFFIRMATIVE DEFENSE

### (Rule of Reason)

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of PENAC that are the subject of the Second Amended Complaint were adopted in furtherance of legitimate business interests of PENAC and do not unreasonable restrain competition.

## NINTH AFFIRMATIVE DEFENSE

### (Competition)

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of PENAC that are the subject of the Second Amended Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

## TENTH AFFIRMATIVE DEFENSE

### (Non-actionable or Governmental Privilege)

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of PENAC that is the subject of the Second Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental

agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Act of PENAC)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have not been injured in its business or property by reason of any action of PENAC.

## TWELFTH AFFIRMATIVE DEFENSE

### (Intervening Conduct)

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of PENAC and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (*Ultra Vires*)

To the extent that any actionable conduct occurred, Plaintiffs' claims against PENAC are barred because all such conduct would have been committed by individuals acting *ultra vires*.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Damages Passed On)

Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Second Amended Complaint, which PENAC specifically denies, was passed on to persons or entities other than Plaintiffs and/or was passed on by Plaintiffs to other parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Withdrawal)

To the extent that any actionable conduct occurred for which PENAC is liable, some or all of Plaintiffs' claims against PENAC are barred because PENAC withdrew from and/or abandoned any alleged conspiracy prior to the commencement of the limitations period set forth

1    in applicable statutes of limitations.

2    <center>**SIXTEENTH AFFIRMATIVE DEFENSE**</center>

3    <center>**(Failure to Mitigate Damages)**</center>

4    Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs failed to take

5    all necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

6    <center>**SEVENTEENTH AFFIRMATIVE DEFENSE**</center>

7    <center>**(Unjust Enrichment)**</center>

8    Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

9    part, because Plaintiffs would be unjustly enriched if it was allowed to recover any part of the

10   damages alleged in the Second Amended Complaint.

11   <center>**EIGHTEENTH AFFIRMATIVE DEFENSE**</center>

12   <center>**(Set Off)**</center>

13   Without admitting that Plaintiffs are entitled to recover damages in this matter, PENAC is

14   entitled to set off from any recovery Plaintiffs may obtain against PENAC any amount paid to

15   Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

16   <center>**NINETEENTH AFFIRMATIVE DEFENSE**</center>

17   <center>**(Legal Acts)**</center>

18   Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged

19   acts, conduct or statements that are specifically permitted by law.

20   <center>**TWENTIETH AFFIRMATIVE DEFENSE**</center>

21   <center>**(Waiver and Estoppel)**</center>

22   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

23   part, by the doctrines of waiver and/or estoppel.

24

25

26

27

28

<center>57</center>                                                      MDL 1917

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Acquiescence)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiffs' acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to PENAC.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Improper Forum/Arbitration)**

Plaintiffs' claims against PENAC are barred to the extent that Plaintiffs have agreed to arbitration or chosen a different forum for the resolution of its claims.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs have available an adequate remedy at law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Join Indispensable Parties)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

1  part, for failure to join indispensable parties.

2  **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

3  **(Due Process)**

4  Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper

5  multiple punitive award for a single wrong because such an award would violate PENAC's rights

6  guaranteed by the Due Process clause of the Fifth Amendment of the United States Constitution.

7  **TWENTY-NINTH AFFIRMATIVE DEFENSE**

8  **(Due Process)**

9  Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper

10  multiple punitive award for a single wrong because such an award would violate PENAC's rights

11  guaranteed by the Due Process provision of the Fourteenth Amendment of the United States

12  Constitution.

13  **THIRTIETH AFFIRMATIVE DEFENSE**

14  **(Equal Protection)**

15  Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper

16  multiple punitive award for a single wrong because such an award would violate PENAC's rights

17  guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States

18  Constitution.

19  **THIRTY-FIRST AFFIRMATIVE DEFENSE**

20  **(Double Jeopardy)**

21  Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper

22  multiple punitive award for a single wrong because such an award would violate PENAC's rights

23  guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United States

24  Constitution.

25  **THIRTY-SECOND AFFIRMATIVE DEFENSE**

26  **(Excessive Fines)**

27  Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper

28

1  multiple punitive award for a single wrong because such an award would violate PENAC's rights

2  guaranteed by the Excessive Fines provision of the Eighth Amendment of the United States

3  Constitution.

4  **THIRTY-THIRD AFFIRMATIVE DEFENSE**

5  **(Unconstitutional Multiplicity)**

6      To the extent any recovery by Plaintiffs would be duplicative of recovery by other

7  plaintiffs and other lawsuits, subjecting PENAC to the possibility of multiple recoveries, such

8  recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

9  **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

10  **(Foreign Sales)**

11      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover

12  damages, if any, based on sales outside of the United States.

13  **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

14  **(Comparative Fault)**

15      Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

16  part, because any and all injuries alleged in the Second Amended Complaint, the fact and extent

17  of which PENAC specifically denies, were directly and proximately caused or contributed to by

18  the statements, acts, and/or omissions of Plaintiffs and/or third parties or entities, other than

19  PENAC.

20  **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

21  **(Failure To Plead Damages With Specificity)**

22      Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to

23  plead damages with specificity as required by the federal laws cited.

24  **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

25  **(Injury or Damages Offset by Benefits Received)**

26      Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

27  part, because any claimed injury or damage has been offset by benefits Plaintiffs received with

28

1   respect to the challenged conduct.

2   **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

3   **(Proportionality)**

4   To the extent PENAC is found liable for damages, the fact and extent of which are

5   expressly denied by PENAC, those damages must be reduced in proportion to PENAC's degree

6   of fault.

7   **THIRTY-NINTH AFFIRMATIVE DEFENSE**

8   **(Release)**

9   The claims of one or more of the persons or entities Plaintiffs purport to represent are

10   barred because they have been released.

11   **FORTIETH AFFIRMATIVE DEFENSE**

12   **(No 'Full Consideration' Damages)**

13   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to "full

14   consideration" damages.

15   **FORTY-FIRST AFFIRMATIVE DEFENSE**

16   **(Other Defenses Incorporated by Reference)**

17   PENAC adopts and incorporates by reference any and all other affirmative defenses

18   asserted or to be asserted by any other defendant in this proceeding to the extent that PENAC may

19   share in such affirmative defenses.

20   **FORTY-SECOND AFFIRMATIVE DEFENSE**

21   **(Reservation of Rights to Assert Additional Defenses)**

22   PENAC has not knowingly or intentionally waived any applicable defenses and explicitly

23   reserves the right to assert and rely on such other applicable defenses as may become available or

24   apparent during discovery proceedings. PENAC further reserves the right to amend its Answer

25   and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable

26   during the course of subsequent discovery.

27

28

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO ELECTROGRAPH
SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT

1    **WHEREFORE**, PENAC prays as follows:

2    1.    That Plaintiffs take nothing by way of the Second Amended Complaint and the

3    Second Amended Complaint be dismissed with prejudice;

4    2.    That judgment be entered in favor of PENAC and against Plaintiffs on each and

5    every claim for relief set forth in the Complaint;

6    3.    That PENAC recover its costs of suit and attorneys' fees incurred herein; and

7    4.    That PENAC be granted such other and further relief as the Court deems just and

8    proper.

9

10

11

12    Dated: November 4, 2013                    Respectfully Submitted:

13

14                                             By: /s/ Jon V. Swenson_____
                                               Jon V. Swenson

15

16                                             *Attorney for Defendant Philips Electronics*
                                               *North America Corporation*

17

18

19

20

21

22

23

24

25

26

27

28
ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO ELECTROGRAPH
SYSTEMS, INC.; ELECTROGRAPH TECHNOLOGIES CORP.'S SECOND AMENDED COMPLAINT