BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile:  (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V., and*
*Philips Electronics North America Corporation*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 12-cv-02649 |
| | Master File No. 3:07-cv-05944-SC |
| | MDL No. 1917 |
| This Document Relates To Individual Case No. 12-cv-02649-SC | **JOINDER OF DEFENDANTS KONINKLIJKE PHILIPS N.V. AND PHILIPS ELECTRONICS NORTH AMERICA CORPORATION IN THE TOSHIBA DEFENDANTS' MOTION TO DISMISS SCHULTZE AGENCY SERVICES, LLC'S FIRST AMENDED COMPLAINT** |
| SCHULTZE AGENCY SERVICES, LLC on behalf of TWEETER OPCO, LLC and TWEETER NEWCO, | |
| Plaintiffs, | |
| vs. | Date:    December 20, 2013 |
| HITACHI, LTD., et al., | Time:    10:00 a.m. |
| Defendants. | Before:  Hon. Samuel Conti |

MDL 1917

1    Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation

2  (collectively the "Philips Defendants")[1], by and through their undersigned counsel of record,

3  hereby join in the Toshiba Defendants'[2] Motion to Dismiss Schulze Agency Services, LLC's

4  First Amended Complaint.  (Dkt. No. 2108, Nov. 4, 2013).

5    The Philips Defendants are identically situated to the Toshiba Defendants with respect to

6  the issues raised in the Toshiba Defendants' motion to dismiss.  Like the Toshiba Defendants, the

7  Philips Defendants are named in Schultze Agency Services, LLC's First Amended Complaint,

8  which asserts claims on behalf of Tweeter Opo, LLC and Tweeter Newco, LLC (collectively, the

9  "Plaintiffs" or "Tweeter").  The Philips and Toshiba Defendants are both alleged to be members

10  of a conspiracy to fix the price of cathode ray tubes.  *See* Am. Compl. (Dkt. No. 1980, Oct. 3,

11  2013) ¶¶ 43, 44, 58–63.  Like the Toshiba Defendants, Tweeter has failed to allege sufficient facts

12  to establish its standing to assert claims against the Philips Defendants for violation of Section 1

13  of the Sherman Act (15 U.S.C. §  1) and for violation of Massachusetts General Laws Chapter

14  93A, § §  2, *et seq.* (the "Massachusetts Consumer Protection Act" or "MCPA").  Therefore, for

15  the reasons described in the Toshiba Defendants' motion to dismiss, the Court should also

16  dismiss Tweeter's claims against the Philips Defendants.

17    First, like the Toshiba Defendants, Tweeter has failed to allege sufficient facts to support

18  standing under the "ownership or control" exception to *Illinois Brick Co. v. Illinois*, 431 U.S. 720

19  (1977) to bring indirect purchaser claims against the Philips Defendants.  There are no allegations

20  in the Amended Complaint that Tweeter purchased any CRTs or CRT products from any Philips

21  entity or any entity owned or controlled by the Philips Defendants.  Instead, Tweeter merely

22  alleges that it purchased CRT products from unspecified "Defendants, and/or the Defendants'

23  subsidiaries and affiliates and/or any agents the Defendants or Defendants' subsidiaries and

24

25  [1]  Philips Electronics Industries (Taiwan), Ltd. and Philips da Amazonia Industria Electronica
Ltda. do not join this motion as neither entity has been served in this action, and the assertion of
personal jurisdiction over either would not comport with due process.

26

27  [2]  Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products,
LLC, Toshiba America Information Systems, Inc., and Toshiba America Electronic Components,
Inc. joined in the motion to dismiss.

28                                                              1                         MDL 1917

affiliates controlled." *See* Am. Compl. ¶ 21.  Tweeter also alleges that it "purchased CRT Products from original equipment manufacturers ("OEMs"), as well as other suppliers, which contained CRT panels [sic] that had been purchased from Defendants and their co-conspirators." *Id.*  Such non-specific, conclusory allegations are insufficient to establish standing as they do not identify the entities that actually sold CRT Products to Tweeter and do not establish whether these entities were either owned or controlled by one of the defendants or by Tweeter.  *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1049–50 (9th Cir. 2008) (affirming district court dismissal of Section 1 claims where plaintiffs failed to plead sufficient facts to qualify for an *Illinois Brick* exception).

Second, like the Toshiba Defendants, Tweeter does not have standing to bring a claim against the Philips Defendants under the MCPA.  Tweeter does not have standing to bring a claim under Section 11 of this act because it is an indirect purchaser and—as explained above—has not sufficiently alleged that it would be entitled to one of the exceptions to *Illinois Brick*'s prohibition of indirect purchaser claims.  Nor can Tweeter bring a claim under Section 9 of the Act because indirect claims under this section are limited to consumers—not those engaged in "trade or commerce."  *See Ciardi v. Hoffman-LaRoche, Ltd.*, 762 N.E.2d 303 (Mass. 2002).[3]

Therefore, for the reasons expressed above and more fully detailed in the Toshiba Defendants' motion to dismiss, Tweeter's claims against Koninklijke Philips N.V. and Philips

---

[3] Even if Tweeter could properly assert a claim under Section 9, its MCPA claim must be dismissed for failure to satisfy Section 9's demand requirement.  As previously addressed in the Defendants' Joint Motion to Dismiss and for Judgment on the Pleadings as to Certain Direct Action Plaintiffs' Claims and Reply (Dkt. No. 1317, Aug. 17, 2012), plaintiffs seeking to assert claims under Section 9 must make a "written demand for relief" thirty days before filing their complaint.  *See* Mass. Gen Laws ch. 93A, § 9(3).  In its Amended Complaint, Tweeter concedes that it did not send out written demand letters until November 14, 2011, the same day it filed its initial complaint—not the required thirty days before.  *See* Am. Compl. ¶ 249.  Further, the Court should decline to even consider this untimely demand letter which was deficient on its face.  *See* Defendants' Joint Motion to Adopt Portions of the Report and Recommendations Regarding Defendants' Motions to Dismiss Direct Action Complaints (Dkt. No. 1752, June 28, 2013) at 18–19 (noting that demand letter Tweeter produced to Court that was allegedly sent to Philips Defendants contained incomplete and undeliverable address: "Philips Electronics North America Corporation, 1251 Avenue of the Americas, NY, NY 0").  Finally, Tweeter's allegation that it belatedly sent demand letters to defendants on August 23, 2013, *see* Am. Compl. ¶ 251, does not cure its failure to make a written demand *before* filing this action.

JOINDER OF PHILIPS DEFENDANTS IN TOSHIBA DEFENDANTS MOTION TO DISMISS SCHULTZE AGENCY SERVICES, LLC'S FIRST AMENDED COMPLAINT, Case No. 07-5944 SC, MDL No. 1917

Electronics North America Corporation should be dismissed.

Dated: November 4, 2013

Respectfully Submitted:

By: /s/ Jon v. Swenson_____
Jon V. Swenson

*Attorneys for Defendants Koninklijke Philips N.V., and  Philips Electronics North America Corporation*

JOINDER OF PHILIPS DEFENDANTS IN TOSHIBA DEFENDANTS MOTION TO DISMISS SCHULTZE AGENCY SERVICES, LLC'S FIRST AMENDED COMPLAINT, Case No. 07-5944 SC, MDL No. 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

On November 4, 2013, I caused a copy of "JOINDER OF DEFENDANTS KONINKLIJKE PHILIPS N.V. AND, PHILIPS ELECTRONICS NORTH AMERICA CORPORATION IN THE TOSHIBA DEFENDANTS' MOTION TO DISMISS SCHULTZE AGENCY SERVICES, LLC'S FIRST AMENDED COMPLAINT" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

_____
Jon V. Swenson (SBN 233054)

4

MDL 1917

JOINDER OF PHILIPS DEFENDANTS IN TOSHIBA DEFENDANTS MOTION TO DISMISS SCHULTZE
AGENCY SERVICES, LLC'S FIRST AMENDED COMPLAINT, Case No. 07-5944 SC, MDL No. 1917