

100 SPEAR STREET, 18TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105

TELEPHONE (415) 371-8500
FACSIMILE (415) 371-0500
WWW.KERRWAGSTAFFE.COM

WAGSTAFFE@KERRWAGSTAFFE.COM

November 5, 2013

**VIA ECF AND OVERNIGHT DELIVERY**

The Honorable Samuel Conti
Senior United States District Judge
United States District Court
Northern District of California
Courtroom No. 1, 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

> Re:   *In re: Cathode Ray Tube (CRT) Antitrust Litigation* (07-cv-05944-SC)
>        Reply in Support of Motion Seeking Discovery Order and to Strike Errata

Dear Judge Conti**:**

Plaintiffs write in reply to Toshiba's October 29, 2013 letter responding to Plaintiffs' Motion for Discovery Order and to Strike Errata ("Toshiba's Response"). Toshiba does not seek to defend its counsel's improper objections prior to the conference call with Judge Legge.[1] Rather, Toshiba argues that remedial relief would be unnecessary because counsel has now modified their behavior. This premise is false. Toshiba's counsel continued to assert numerous improper objections during the depositions of Messrs. Yasuki Yamamoto and Jae In Lee, even after Judge Legge's admonitory instructions.[2] In light of this continuing misconduct and to prevent future misconduct, Plaintiffs urge the Court for an order limiting counsel to "objection to form."

As for Mr. Yamamoto's errata sheet, Toshiba misstates Ninth Circuit law by suggesting that Rule 30(e) permits contradictory changes to deposition testimony so long as there is a plausible explanation for the contradiction. But, plausible or not, the Ninth Circuit does not permit the type of contradictory changes that Toshiba made to Mr. Yamamoto's testimony.

**I.   Toshiba's Conduct Justifies Limiting Objections to "Objection to Form"**

   **a. Toshiba Continued to Lodge Frivolous Objections after Judge Legge's Instructions**

---

[1] (*See* Toshiba Resp. at 3).
[2] (Yamamoto Dep. at 257:21-258:2 (Ex. A to Decl. of James M. Wagstaffe in Support of Dell's Motion for Discovery Order and to Strike Errata ("Wagstaffe Decl."))).

The genesis of this discovery dispute can be traced to Toshiba's counsel's disruptive objections made at depositions. For example, Toshiba's counsel made five to six objections to a single question, and each of those objections had to be interpreted into Japanese or Korean before the witness could answer the question.



Toshiba responded that, after hearing Judge Legge's guidance, Toshiba made a reasonable number of objections consistent with Judge Legge's comments. But the record undermines this claim. The purpose of these objections was merely to waste time and disrupt the deposition. The very fact that Toshiba considers this overwhelming number of objections to be "reasonable" underscores the need for judicial intervention. Indeed, Toshiba continued "wasting time" by making "a litany of potential objections" to basic, foundational questions, flouting Judge Legge's specific instructions (*id.*):



But Toshiba's filibustering was not limited to Mr. Yamamoto's deposition. Several weeks later, Toshiba's counsel attended the deposition of Samsung witness Mr. Lee by phone and separately objected *1,263* times. (Wagstaffe Reply Decl. ¶ 5). While Toshiba correctly notes that Toshiba may be held liable for its co-conspirators' actions, its potential liability does not excuse the negative impact of its counsel's blunderbuss objections at a deposition defended by another attorney.

Toshiba now does not even bother to defend that statement and instead summarily claims that its objections at Mr. Lee's deposition were appropriate. They were not. Here are some examples of the objections Toshiba lodged:



The record is clear: Toshiba's counsel continued to lodge facially improper objections even after receiving clear direction from Judge Legge. Under these circumstances, Plaintiffs could have sought sanctions.[4] Instead, Plaintiffs merely seek an order limiting counsel to "objection to form."

### b. Limiting Objections to "Objection to Form" Does Not Prejudice Toshiba

Toshiba's claim of prejudice has no basis in fact. By objecting to form, Toshiba is protected and will not risk waiving a specific form objection by failing to state the basis for it. This protection is true even for cases remanded to other jurisdictions because that court would adopt this Court's pre-trial decision to preserve all form objections with "objection to form." *See In re Ford Motor Co.*, 591 F.3d 406, 411-12 (5th Cir. 2009) (explaining that transferor court cannot revisit pre-trial MDL court orders unless clearly erroneous because overturning MDL court decisions frustrates purpose of MDL). For example, in the *ODD* case (which Toshiba failed to distinguish), the MDL court limited objections to form without concern for prejudice in the transferor courts. *See* Civil Standing Order for Magistrate Judge Joseph C. Spero ¶ 16 (N.D. Cal.) ("Deposition objections must be as to privilege or form only."). Toshiba will suffer no prejudice if objections are limited to "objection to form."[5]

---

[3] Toshiba half-heartedly suggests that Plaintiffs should have filed a motion with Judge Legge earlier. But, after Mr. Lee's deposition, Plaintiffs met and conferred with various Defendants, including Toshiba, in an attempt to come to an amicable resolution without involving the Court.

[4] Toshiba curiously claims that Plaintiffs' precedent is "inapposite" because those cases involved sanctions. (Toshiba's Resp. at 6). But, if courts take the extreme measure of sanctioning behavior like Toshiba's here, then merely limiting objections to "objection to form" is plainly warranted. *See, e.g., Craig v. St. Anthony's Med. Ctr.*, 384 F. App'x 531, 533 (8th Cir. 2010) (highlighting that "excessive" or "unnecessary objections" may warrant sanctions).

[5] In its Response, Toshiba again referenced "giggling and scoffing" by Plaintiffs' counsel. Plaintiffs wholly deny these allegations. In any event, the parties have not met and conferred on this issue, and it is not before the Court.

**II.     Toshiba's Contradictory Yamamoto Errata Changes Should Be Stricken Pursuant to Well-Settled Ninth Circuit Precedent**

Toshiba's Response to Plaintiffs' errata sheet argument is premised on a misinterpretation of Ninth Circuit precedent. Toshiba wrongly clings to the "form or substance" language of Rule 30(e)[6] by citing a pre-*Hambleton* district court case and claims that Rule 30(e) permits errata changes "where there is a plausible explanation for the contradiction." (Toshiba Resp. at 7 (quoting *Herring v. Teradyne, Inc.*, No. 01CV1835, 2002 WL 32068318, at *2 (S.D. Cal. Nov. 4, 2002))). Toshiba ignores the Ninth Circuit's holding in *Hambleton Brothers Lumber Co. v. Balkin Enterprises, Inc.*, which makes clear that Rule 30(e) cannot be used for contradictory changes, plausible or not. 397 F.3d 1217, 1226 (9th Cir. 2005). Further, *Hambleton* is not limited, as Toshiba suggests, to instances where the errata sheets are a sham to avoid summary judgment. *Teleshuttle Techs., LLC v. Microsoft Corp.*, No. C04-02927, 2005 WL 3259992, at *2 (N.D. Cal. Nov. 29, 2005) (rejecting argument that "*Hambleton* should be construed narrowly and applied only in the summary judgment context"). Accordingly, if the Court finds that Toshiba's changes were not "corrective," but instead substantively change and contradict Mr. Yamamoto's testimony under oath, then those changes must be stricken.



As outlined in Plaintiffs' Motion, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But this argument ignores that Toshiba also completely changed Mr. Yamamoto's testimony from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This change is not "corrective"; it corrects nothing. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Toshiba also now claims that the change from ▮▮▮▮▮▮▮▮▮▮ (again ignoring the complete rewriting of the other sentence) was a translation error. But Toshiba labeled the change a "Clarification," not a translation error (as it had with other entries), and the Ninth Circuit requires "strict compliance" with Rule 30(e)'s "requirement of a statement of reasons." *Tourgeman*, 2010 WL 4817990, at *2 (citing *Hambleton*, 397 F.3d at 1224-26). More importantly, Toshiba's "check" interpreter, present for the specific purpose of disputing the official interpretation as she deems appropriate, did not object to the official interpretation of "followed" at the deposition. An errata sheet is not a "take home examination"[7] by which Toshiba can re-interpret sworn deposition testimony, particularly here where its "check" interpreter had every opportunity to make sure the record was correct. Plaintiffs would be

---

[6] *Hambleton* greatly limited that language: "Although the Rule, by its terms, allows changes in 'form or substance,' Fed. R. Civ. P. 30(e)(1)(B), Ninth Circuit authority limits the Rule's application to 'corrective, and not contradictory, changes.'" *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-CV-1392, 2010 WL 4817990, at *2 (S.D. Cal. Nov. 22, 2010) (citing *Hambleton*, 397 F.3d at 1226).
[7] *Hambleton*, 397 F.3d at 1225.

greatly prejudiced if Toshiba (or any Defendant) could unilaterally re-write an official interpretation after the deposition is closed when Toshiba's own "check" interpreter did not object to the translation at the deposition.

### b. Exchange of CRT Production Information

Similarly, Mr. Yamamoto's sworn testimony that the



### c. Deletion of "Yes" or "Right" from Mr. Yamamoto's Responses

Toshiba also claims that its deletion of "Yes" or "Right" from various responses does not amount to a contradiction. But "[d]eleting part of an answer, on its face, substantively changes the scope of an answer" in violation of Rule 30(e). *Teleshuttle*, 2005 WL 3259992, at *2. "Changing 'yes' to 'no,'" is a "paradigmatic example[] contradiction, rather than correction." *Tourgeman*, 2010 WL 4817990, at *2. While Toshiba was not so bold as to add a "No" to Mr. Yamamoto's responses, it significantly altered his testimony by removing "Yes" or "Right."

To borrow Toshiba's own example (Toshiba's Resp. at 10), This is a "paradigmatic example[] contradiction." *Tourgeman*, 2010 WL 4817990, at *2. (*See also* Plaintiffs' Motion at 8 n.8 (discussing a similar example)). Accordingly, the Court should strike the contradictory deletions of "Yes" and "Right" from Mr. Yamamoto's errata sheet.

Very truly yours,

JAMES M. WAGSTAFFE