Michael P. Kenny, Esq.
mike.kenny@alston.com
Debra D. Bernstein, Esq.
debra.bernstein@alston.com
Matthew D. Kent
matthew.kent@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Facsimile: (404) 881-7777

James M. Wagstaffe, Esq. (SBN 95535)
wagstaffe@kerrwagstaffe.com
KERR & WAGSTAFFE LLP
100 Spear Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Facsimile: (415) 371-0500

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DELL INC. and DELL PRODUCTS L.P., <br><br> Plaintiffs, <br><br> v. <br><br> HITACHI, LTD., et al., <br><br> Defendants. | Master File No. 3:07-cv-05944-SC <br><br> MDL No. 1917 <br><br> Individual Case No. 3:13-cv-02171-SC <br><br> DELL INC. AND DELL PRODUCTS L.P.'S BRIEF IN OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION TO DISMISS DELL'S FIRST AMENDED COMPLAINT <br><br> Date: December 20, 2013 <br> Time: 10:00 a.m. <br> Crtrm.: 1 <br> Judge: Honorable Samuel Conti |

i

**TABLE OF CONTENTS**

I. STATEMENT OF THE ISSUES TO BE DECIDED ........................................................1

II. INTRODUCTION .............................................................................................................1

III. FACTUAL BACKGROUND............................................................................................2

IV. STANDARD OF REVIEW...............................................................................................4

V. ARGUMENT AND AUTHORITY ..................................................................................5

    A. Toshiba's Motion Is Precluded by the October 1 Stipulation................................5

    B. Dell's Allegations Are Sufficient to Support Standing ...........................................6

    C. If the Court Grants Toshiba's Motion, Dell Should Be Given Leave to Amend ...10

VI. CONCLUSION ................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Am. Title Ins. Co. v. Lacelaw Corp.*,
  861 F.2d 224 (9th Cir. 1988) ................................................................................................. 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................... 5

*Barker v. Riverside Cnty. Office of Educ.*,
  584 F.3d 821 (9th Cir. 2009) ................................................................................................. 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................... 4, 5

*Braden v. Wal-Mart Stores, Inc.*,
  588 F.3d 585 (8th Cir. 2009) ................................................................................................. 5

*Broam v. Bogan*,
  320 F.3d 1023 (9th Cir. 2003) ............................................................................................... 4

*City of Moundridge v. Exxon Mobil Corp.*,
  471 F. Supp. 2d 20 (D.D.C. 2007) ..................................................................................... 7, 8

*Erickson v. Pardus*,
  551 U.S. 89 (2007) ............................................................................................................ 4, 6

*Illinois Brick Co. v. Illinois*,
  431 U.S. 720 (1977) ....................................................................................................... passim

*In re ATM Fee Antitrust Litig.*,
  686 F.3d 741 (9th Cir. 2012) ................................................................................................. 6

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
  738 F. Supp. 2d 1011 (N.D. Cal. 2010) ................................................................................. 4

*In re G-Fees Antitrust Litig.*,
  584 F. Supp. 2d 26 (D.D.C. 2008) ......................................................................................... 7

*In re Mercedes-Benz Antitrust Litig.*,
  157 F. Supp. 2d 355 (D.N.J. 2001) ........................................................................................ 7

*In re Mushroom Direct Purchaser Antitrust Litig.*,
  No. 06-cv-0620, 2008 WL 583906 (E.D. Pa. Mar. 3, 2008) ................................................. 7

*In re TFT-LCD (Flat Panel) Antitrust Litig. (Best Buy)*,
  No. 07-1827, 2013 WL 254873 (N.D. Cal. Jan. 23, 2013) ................................................... 7

ii

DELL'S BRIEF IN OPPOSITION TO                            MASTER FILE NO. 3:07-CV-05944-SC
TO TOSHIBA'S MOTION TO DISMISS                    MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

*In re TFT-LCD (Flat Panel) Antitrust Litig. (Viewsonic)*,
  No. 07-1827, 2012 WL 5949585 (N.D. Cal. Nov. 28, 2012) .............................................. 7, 9

*Kendall v. Visa U.S.A., Inc.*,
  518 F.3d 1042 (9th Cir. 2008) ........................................................................................ 8

*Kendall v. Visa U.S.A. Inc.*,
  No. 04-cv-04276, Dkt. No. 91 (June 17, 2005) ............................................................... 8

*Lopez v. Smith*,
  203 F.3d 1122 (9th Cir. 2000) ........................................................................................ 10

*Lormand v. US Unwired, Inc.*,
  565 F. 3d 228 (5th Cir. 2009) ......................................................................................... 4

*Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*,
  140 F.3d 1228 (9th Cir. 1998) ........................................................................................ 9

*Mayes v. Leipziger*,
  729 F.2d 605 (9th Cir. 1984) .......................................................................................... 10

*Nextdoor.Com, Inc. v. Abhyanker*,
  No. C-12-5667 EMC, 2013 WL 3802526 (N.D. Cal. July 19, 2013) ............................. 5

*Paper Sys. Inc. v. Nippon Paper Indus. Co.*,
  281 F.3d 629 (7th Cir. 2002) .......................................................................................... 9

*Prince Heaton Enters. v Buffalo's Franchise Concepts, Inc.*,
  117 F. Supp. 2d 1357 (N.D. Ga. 2000) ........................................................................... 7

*Rescuecom Corp. v. Google, Inc.*,
  562 F.3d 123 (2d Cir. 2009) ........................................................................................... 5

*Royal Printing Co. v. Kimberly Clark Corp.*,
  621 F.2d 323 (9th Cir. 1980) .......................................................................................... 3, 9

*Tex. Indus. Inc. v. Radcliff Materials, Inc.*,
  451 U.S. 630 (1981) ....................................................................................................... 9

*Udom v. Fonseca*,
  846 F.2d 1236 (9th Cir. 1988) ........................................................................................ 10

*Villegas v. J.P. Morgan Chase & Co.*,
  No. C 09-00261 SBA, 2009 EL 605833, at *2 (N.D. Cal. Mar. 9, 2009) ....................... 5

*William O. Gilley Enters., Inc. v. Atl. Richfield Co.*,
  588 F.3d 659 (9th Cir. 2009) .......................................................................................... 5

iii

DELL'S BRIEF IN OPPOSITION TO                    MASTER FILE NO. 3:07-CV-05944-SC
TO TOSHIBA'S MOTION TO DISMISS                   MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

**RULES**

Fed. R. Civ. P. 8(a)(2) .................................................................................................................. passim

Fed. R. Civ. P. 12(b)(6) ........................................................................................................................ 4

## I. STATEMENT OF THE ISSUES TO BE DECIDED

Toshiba Corporation, Toshiba American Information Systems, Inc., and Toshiba America Electronic Components, Inc. (collectively, "Toshiba") have moved to dismiss Dell's First Amended Complaint ("FAC"). Toshiba argues that Dell's FAC fails to allege facts to support standing under the ownership or control exception to *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). As set forth below, Toshiba's Motion is without merit and should be denied.

## II. INTRODUCTION

As a threshold matter, Toshiba's Motion—notably not joined by any other Defendant—ignores the fact that this Court has already addressed the availability of the ownership or control exception in numerous orders in this multi-district litigation ("MDL") and has held that the Plaintiffs have standing to proceed. *See, e.g.*, Order Granting In Part and Denying In Part Defs.' Joint Mot. for Summary Judgment ("Summary Judgment Order"), MDL Dkt. No. 1470 (November 29, 2012) (holding that Plaintiffs that purchased finished CRT Products from companies in an ownership or control relationship with Defendants and co-conspirators have standing under *Illinois Brick*); Order Adopting in Part and Modifying in Part Special Master's Report & Recommendation on Defs.' Motion to Dismiss the Direct Action Plaintiffs' Complaints ("DAP Motion to Dismiss Order"), MDL Dkt. No. 1856 (August 21, 2013) (denying Defendants' Joint Motion to Dismiss DAP Complaints under *Illinois Brick*).

Toshiba's Motion is also off the mark because counsel for Toshiba specifically negotiated a stipulation and accompanying order with Dell addressing the application of the ownership or control exception to Dell's claims. *See* Stip. and Proposed Order setting Schedule for Defs' to Answer or Otherwise Respond to the Dell Amended Complaint, Sharp Complaint, and Tech Data Amended Complaint ("October 1 Stipulation"), MDL Dkt. No. 1969. The Stipulation is clear: the Court's prior ownership and control orders govern the Dell case. Toshiba's Motion to Dismiss should be denied on this basis alone.

Despite the Court's prior and unambiguous rulings on ownership and control and the October 1 Stipulation, Toshiba seeks to rehash these settled issues with meritless arguments.[1] In its Motion, Toshiba attempts to rewrite the pleading standards of Rule 8 and thereby impose false hurdles for Dell to overcome. The barriers Toshiba seeks to create, however, have already been rejected by this Court and others courts in the Northern District of California. Toshiba, moreover, cannot in good faith argue that, after six years in this MDL with access to voluminous documents, deposition transcripts and a substantial record, it does not have notice of Dell's claims. For all of these reasons, Toshiba's Motion to Dismiss should be denied.

### III. FACTUAL BACKGROUND

This litigation has been ongoing since 2007 when the first Direct Purchaser Plaintiffs ("DPP") and Indirect Purchaser Plaintiffs ("IPP") class action complaints were filed. Before Dell filed a complaint in this action, Dell produced electronic data describing Dell's purchases of CRT Products in response to a third-party subpoena from the IPP class, which were provided to the Defendants. Declaration of Debra D. Bernstein in Support of Plaintiffs Dell Inc. and Dell Products L.P.'s Brief in Opposition to Toshiba's Motion to Dismiss ("Bernstein Decl.") ¶ 4. Dell has also provided additional information regarding this data in response to two subpoenas served on Dell in October 2012 by Defendant Samsung SDI. *Id.* ¶ 5. Defendants and third party CRT Product manufacturers have also produced their own sales data, including data identifying sales to Dell. *Id.* ¶ 6. Toshiba had access to this data, even though Dell—a non-party prior to May 2013—did not. *Id.* ¶ 7.

Dell filed its original Complaint in February 2013 and became a party to this MDL in May 2013. Dell Dkt. No. 7. Dell's FAC mirrors the allegations set forth by the DPPs and DAPs on ownership and control. Specifically, Dell alleges that it "purchased . . . CRT Products directly from Defendants and their co-conspirators, and/or Defendants' or their co-conspirators' subsidiaries and affiliates, and/or through agents the Defendants and their co-conspirators or Defendants' and their co-conspirators' subsidiaries and affiliates controlled." FAC ¶ 10. Dell also alleges that it "purchased

---

[1] Dell and Toshiba are in the midst of discovery on Dell's claims and evidence already produced demonstrates factual support for Dell's standing under the ownership or control exception. Bernstein Decl. ¶ 8.

CRT Products that incorporated price-fixed CRTs directly from Defendants and co-conspirators, and/or Defendants' and co-conspirators' subsidiaries and affiliates, and/or any agents controlled by Defendants, Defendants' subsidiaries and affiliates, co-conspirators or co-conspirators' subsidiaries and affiliates. . . . As such, Dell suffered injury as a result of Defendants' and co-conspirators' unlawful conduct." *Id.* ¶ 20. Finally, Dell alleges that it "frequently held in-person negotiations on the price and volume of CRT Products it purchased with Defendants and co-conspirators, and/or Defendants' and co-conspirators' subsidiaries, affiliates, and/or agents controlled by Defendants, Defendants' subsidiaries and affiliates, co-conspirators or co-conspirators' subsidiaries and affiliates." *Id.* ¶ 21. These allegations clearly put all Defendants, including Toshiba, on notice that Dell is pursuing claims under the ownership or control exception to *Illinois Brick*.

When Dell became a party to this litigation, the Court had already issued a substantive order denying Defendants' Joint Motion for Summary Judgment against the DPPs on the ownership and control exception to *Illinois Brick*. *See* Summary Judgment Order at 23. The Court specifically "conclude[d] that the ownership-and-control exception of *Royal Printing* does apply" and that "the Named DPPs have standing to sue for alleged overcharges passed on to them when they purchased [a Finished Product] containing an allegedly price-fixed CRT from an entity allegedly owned or controlled by any allegedly conspiring Defendant." *Id.* The Court affirmed its prior holding and reiterated the application of that holding to the Direct Action Plaintiffs. *See* DAP Motion to Dismiss Order at 5 (denying Defendants' motion to dismiss "to the extent that it challenges the DAPs' right to proceed under the ownership or control exception"). After the Court issued that Order, counsel for Toshiba drafted a stipulation regarding the schedule for answering or moving to dismiss Dell's FAC and the subject matter of any motions to dismiss.[2] Bernstein Decl. ¶ 9. This Stipulation, which this Court entered on October 1, 2013, ordered that:

---

[2] Dell and Defendants agreed to an extension of the deadline for responding to the FAC, pending this Court's resolution of the objections to the Special Master's Report and Recommendation dismissing certain claims asserted by the other DAP complaints since the complaints raise the same issues. Order on Stipulation and Order re: First Amended Complaint, MDL Dkt. No. 1763 (July 3, 2013).

4. The Stipulating Plaintiffs and Defendants agree that the issues addressed by the Court's August 21, 2013 Order regarding the *Illinois Brick* exceptions apply to the Stipulating Plaintiffs' actions;

. . .

6. The undersigned Defendants' request to dismiss the Stipulating Plaintiffs' right to proceed under the 'ownership or control' exception to *Illinois Brick* is denied for the reasons set forth in the August 21, 2013 Order.

October 1 Stip. at 4. The parties entered the Stipulation to allow these cases to move forward without wasting judicial resources on issues this Court has already decided. Despite Toshiba's request for this Stipulation and draft of the same, Toshiba filed this Motion on the very issue it stipulated had already been decided.

## IV. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim, Dell need only allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As this Court has recognized, "'[s]pecific facts are not necessary; the statement need only give the defendant[s] fair notice of what . . . the claim is and the grounds upon which it rests.'" *See* Order Approving and Adopting Special Master's Report, Recommendations and Tentative Rulings re: Defendants' Motions to Dismiss, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 738 F. Supp. 2d 1011, 1017 (N.D. Cal. 2010), MDL Dkt. No. 665 ("Class MTD Order") (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted)). Indeed, courts view Rule 12(b)(6) motions with "disfavor" because of the lesser role pleadings play in federal practice and the liberal policy regarding amendment. *See, e.g.*, *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (Rule 12(b)(6) dismissal with prejudice proper only in "extraordinary" cases); *Lormand v. US Unwired, Inc.*, 565 F. 3d 228, 232 (5th Cir. 2009) (Rule 12(b)(6) motions are "viewed with disfavor [and] rarely granted").

To successfully state a claim under Section 1 of the Sherman Act, a plaintiff need only meet the notice pleading standard articulated in Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'" *William O. Gilley Enters., Inc. v. Atl. Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Rule 8 does not require detailed factual allegations and "*Twombly* did not signal a switch to fact-pleading in the federal courts." *Villegas v. J.P. Morgan Chase & Co.*, No. C 09–00261 SBA, 2009 WL 605833, at *2 (N.D. Cal. Mar. 9, 2009); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667-78 (2009). Under *Twombly*'s construction of Rule 8, a plaintiff merely has to "nudge[] [its] claims . . . 'across the line from conceivable to plausible.'" 550 U.S. at 570.

Subject to the requirement that the complaint show a "plausible" claim for relief, the court must accept as true all material factual allegations in the complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally. *See Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009); *Rescuecom Corp. v. Google, Inc.*, 562 F.3d 123, 127 (2d Cir. 2009).

## V. ARGUMENT AND AUTHORITY

### A. Toshiba's Motion Is Precluded by the October 1 Stipulation

There is no doubt that "stipulations and admissions in the pleadings are generally binding on the parties and the Court." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (internal quotation marks omitted); *Nextdoor.Com, Inc. v. Abhyanker*, No. C-12-5667 EMC, 2013 WL 3802526, at *8 (N.D. Cal. July 19, 2013). In order to conserve judicial resources and avoid duplicative motions to dismiss, Dell (and the other Stipulating Plaintiffs) agreed to enter into the October 1 Stipulation. Dell understood that by entering into this stipulation, Defendants agreed they would not move to dismiss Dell's FAC on the ownership or control exception, because it already had been the subject of prior orders by this Court.[3] *See* Bernstein Decl. ¶¶ 10-12.

Toshiba's Motion to Dismiss Dell's FAC violates the very Stipulation that it drafted and executed. The October 1 Stipulation clearly provides that "the issues addressed by the Court's August 21, 2013 Order regarding the *Illinois Brick* exceptions apply to the Stipulating Plaintiffs' actions" and

---

[3] Given that no other Defendant joined Toshiba's Motion, the other Defendants apparently either agree with Dell's interpretation that the October 1 Stipulation precludes this argument or agree that Toshiba's Motion lacks any basis in law, as explained below.

5

that Defendants' Motion to Dismiss based on plaintiffs' "right to proceed under the 'ownership or control' exception to *Illinois Brick* is denied." October 1 Stip. at 4. Nonetheless, Toshiba is now trying to resurrect arguments about the ownership or control exception that are connected to the Court's prior orders on the issue and precluded by the October 1 Stipulation.[4]

### B. Dell's Allegations Are Sufficient to Support Standing

Toshiba's Motion should be denied for the independent reason that Dell's allegations are sufficient under Rule 8's notice pleading requirements. Rule 8 does not require pleading of specific facts. *See* Class MTD Order at 5. Instead, "'the statement need only give the defendant[s] fair notice of what . . . the claim is and the grounds upon which it rests.'" *Id.* (quoting *Erickson*, 551 U.S. at 93 (2007). Dell has satisfied this standard. Dell alleges that it purchased CRT Products from Defendants and co-conspirators, "subsidiaries and affiliates" of Defendants and co-conspirators, and/or from "agents controlled by" those subsidiaries and affiliates or by Defendants.[5] FAC ¶¶ 10, 20, 21. These allegations are sufficient to put Toshiba on notice that Dell is seeking damages for its purchases of CRT Products from Defendants and co-conspirators directly and from their subsidiaries, affiliates and agents thereof. By referring to "subsidiaries", "affiliates", and "agents", Toshiba is on notice that Dell is seeking claims based on ownership or control. Toshiba admits as much in its Motion. Toshiba Mot. at 3 (recognizing that Dell purchased CRT Products and that those purchases were from, among other sources, "'Defendants' and co-conspirators' subsidiaries and affiliates'" (quoting FAC ¶ 20)).

---

[4] In the DAP Motion to Dismiss Order, the Court "expresse[d] no view as to whether the DAPs will be able to prove what is needed to establish the ownership or control exception" and made "no ruling on the adequacy of the DAPs' allegations of ownership and control." DAP Mot. to Dismiss Order at 5. Toshiba relies on this language to argue that "the question of whether Dell has made appropriate allegations of ownership or control is properly before the Court." Mot. at 6. Notably, Toshiba did not challenge the adequacy of the ownership or control allegations in at least 10 other DAP complaints, even though the ownership or control allegations in those amended complaints are identical to the allegations in Dell's FAC. *See* MDL Dkt. Nos. 2042 – 2091 (Toshiba filing answers to DAP amended complaints and not moving to dismiss). Toshiba's decision to rehash ownership and control issues with Dell's complaint—and not other DAPs that make the same allegations—is also at odds with the intent and purpose of the October 1 Stipulation, which was to avoid additional motions on *Illinois Brick* grounds. *See* Bernstein Decl. ¶¶ 10-12. Toshiba makes no effort to explain why its Motion is not prohibited by the October 1 Stipulation.

[5] Based on these allegations, Dell is not (as Toshiba suggests) asserting standing "solely on the ground that it 'purchase[d] directly from the alleged violator.'" Mot. at 11 (quoting *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 755 n.7 (9th Cir. 2012)). Dell clearly alleges that it purchased CRT Products from Defendants and from subsidiaries, affiliates, and agents of Defendants. FAC ¶¶ 10, 20.

As a matter of law, Toshiba is incorrect in its argument that Dell "must allege which alleged Defendants or co-conspirators were initial 'sellers' of CRTs and name which Defendants, co-conspirators, OEMs or 'other suppliers' were the 'direct purchasers' that ultimately sold finished CRT Products to Dell." Mot. at 6. Toshiba argued this very same point in the *TFT-LCD Antitrust Litigation* on two occasions, and Judge Illston denied both motions. *In re TFT-LCD (Flat Panel) Antitrust Litig. (Viewsonic)*, No. 07-1827, 2012 WL 5949585, at * 3 (N.D. Cal. Nov. 28, 2012); *In re TFT-LCD (Flat Panel) Antitrust Litig. (Best Buy)*, No. 07-1827, 2013 WL 254873, at *3-4 (N.D. Cal. Jan. 23, 2013). In *TFT-LCD Antitrust Litigation*, the court specifically rejected Toshiba's argument that plaintiffs must allege more detailed factual allegations regarding the entities from which a plaintiff purchased price-fixed goods: "The Court also rejects defendants' argument that [plaintiff] is required to identify with specificity who it purchased finished LCD products from." *TFT-LCD Antitrust Litig.*, 2012 WL 5949585, at *3.

The very argument Toshiba makes here has been rejected by other courts as well. *See Prince Heaton Enters. v Buffalo's Franchise Concepts, Inc.*, 117 F. Supp. 2d 1357, 1364 (N.D. Ga. 2000) (denying motion to dismiss under *Illinois Brick* where plaintiffs did not make an explicit allegation of ownership or control, because "some degree of control may be implied" and noting that this issue is more appropriate for a motion for summary judgment); *In re G-Fees Antitrust Litig.*, 584 F. Supp. 2d 26, 35 (D.D.C. 2008) (denying a motion to dismiss on the grounds that ownership or control exception to *Illinois Brick* was sufficiently pleaded); *In re Mushroom Direct Purchaser Antitrust Litig.*, No. 06-cv-0620, 2008 WL 583906, at *3 (E.D. Pa. Mar. 3, 2008) (denying motion to dismiss for failure to allege ownership or control exception "[because] plaintiffs' amended complaint sufficiently alleges that Topco acted as [plaintiffs'] agent in purchasing mushrooms from defendants and that there existed economic unity among Topco and its 'owner-members.'"); *City of Moundridge v. Exxon Mobil Corp.*, 471 F. Supp. 2d 20, 31-32 (D.D.C. 2007) (denying motion to dismiss when plaintiffs generally alleged that "[d]efendants own or control a number of transmission lines, as well as natural gas marketing entities for the sale and transportation of natural gas produced by them"); *In re Mercedes-Benz Antitrust Litig.*, 157 F. Supp. 2d 355, 367 (D.N.J. 2001) (denying motion to dismiss for failure to allege

7

facts to support ownership or control exception and noting that Defendants may renew their argument after a factual record has been developed).

Toshiba's recycled arguments fall flat here as well. Dell was not privy to the facts that Toshiba insists that Dell plead regarding ownership or control. Although Dell had knowledge of the companies from which it purchased CRT Products, it did not have access to the detailed facts regarding the relationships between those companies and the Defendants and co-conspirators prior to joining the MDL.[6] Dell had sufficient information to allege that at least some of the companies from which it purchased CRTs were subsidiaries or affiliates of Defendants and co-conspirators, but it could not have asserted more detailed factual allegations as to those relationships without the benefit of discovery. Having adequately alleged a conspiracy to fix prices of CRTs and that Dell purchased CRT Products that incorporated those price-fixed CRTs directly from Defendants and co-conspirators, and from subsidiaries, affiliates and agents thereof, Dell is not required to allege even more details at the pleading stage.[7] *See City of Moundridge*, 471 F. Supp. 2d at 32 ("At this stage of the lawsuit, the [plaintiffs] have sufficiently pled control even though they have failed to specify the nature of the alleged control.").

Toshiba appears to argue that Dell can only have standing to assert claims against Toshiba if Dell alleges (and ultimately proves) that it purchased CRT Products from a Toshiba entity or that it purchased CRT Products containing a CRT manufactured by Toshiba. This argument is invalid for two reasons. First, Rule 8 does not require this level of detail in a complaint. Second, once a defendant joins a price-fixing conspiracy, it is jointly and severally liable for any action taken by a co-

---

[6] In fact, discovery on this issue is ongoing. Dell served discovery related to the ownership or control exception on the Philips and LGE Defendants in May 2013; other DAPs served similar discovery on the remaining Defendants. Bernstein Decl. ¶ 8.

[7] The only case Toshiba cites to support its position that Dell must plead specific facts regarding ownership or control did not even address the ownership or control exception. In *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008), the Ninth Circuit dismissed plaintiffs' claims against various credit card consortiums because plaintiffs were "indirect purchasers" and had not alleged sufficient facts to establish an exception to *Illinois Brick*. *Kendall*, 518 F.3d at 1049-1050. Unlike here, however, the plaintiffs in *Kendall* never asserted that the middlemen Banks were owned or controlled by the Consortiums. *See id.* at 1049-1051 (not referring to ownership or control); *see also* Plf. Mem. In Opp. to All Defs.' Motions to Dismiss, *Kendall v. Visa U.S.A. Inc.*, No. 04-cv-04276, Dkt. No. 91 (June 17, 2005) (failing to assert ownership or control). Instead, they asserted the Banks were co-conspirators of the Consortium. *Kendall*, 518 F.3d at 1050.

conspirator in furtherance of the conspiracy. *See, e.g.*, *Tex. Indus. Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 646 (1981); *Paper Sys. Inc. v. Nippon Paper Indus. Co.*, 281 F.3d 629, 633 (7th Cir. 2002) ("Joint and several liability is [a] vital instrument for maximizing deterrence."). In *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323 (9th Cir. 1980), the Ninth Circuit held that a plaintiff suing under the ownership or control exception to *Illinois Brick* can sue the manufacturers of the products the plaintiff purchased, along with the other conspiring manufacturers under a joint and several liability theory. *Id.* at 327 (holding that plaintiff could sue the appellees that manufactured products sold to plaintiff and "all the other appellees on a theory of joint and several liability"). Thus, Dell has standing to sue Toshiba—an alleged price-fixing co-conspirator—under a theory of joint and several liability for purchases Dell made from other Defendants or from companies owned or controlled by other Defendants. Because Dell has alleged that it purchased CRT Products from Defendants and affiliates, subsidiaries and agents of Defendants, FAC ¶¶ 10, 20, 21, Dell has standing to pursue its claim against Toshiba.

Importantly, data and documents that Defendants have produced already show that there is no doubt that Dell purchased CRT Products and that it purchased those Products from entities controlled by certain Defendants. Bernstein Decl. ¶ 8. Indeed, this MDL has been ongoing for more than six years and Dell and the other plaintiffs are diligently conducting discovery on liability issues and ownership and control issues. As the court held in *TFT-LCD Antitrust Litigation*, "where significant evidence of the alleged conspiracy is in the public record, there is no reason to require [plaintiff] to provide this information [regarding the identity of who it purchased from] at the pleading stage." 2012 WL 5949585, at *3. Accordingly, Dell is not and should not be required to allege factual details regarding its suppliers. It is sufficient that Dell has alleged that it purchased CRT Products from Defendants and co-conspirators and from subsidiaries, affiliates and agents of Defendants and co-conspirators.[8]

---

[8] Indirect purchasers who have not satisfied an exception to *Illinois Brick* still have standing to pursue injunctive relief. *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 140 F.3d 1228, 1235 (9th Cir. 1998) ("[I]ndirect purchasers are not barred from bringing an antitrust claim for injunctive relief against manufacturers."). Thus, even if this Court were inclined to require more detailed factual allegations regarding Dell's standing under the ownership or control exception to *Illinois Brick*,

9

**C.     If the Court Grants Toshiba's Motion, Dell Should Be Given Leave to Amend**

If the Court determines that Dell should include additional factual allegations on ownership or control, Dell requests that the Court grant it leave to amend the FAC.  The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted); *see also*, *Mayes v. Leipziger*, 729 F.2d 605, 608 (9th Cir. 1984) (holding that the court "court abused its discretion in not allowing an amendment" permitting the plaintiff to plead that the statute of limitations was tolled); *Udom v. Fonseca*, 846 F.2d 1236, 1238 (9th Cir. 1988) (reversible error for court to deny leave to amend even though plaintiff missed the deadline to file an amended complaint and noting that "leave should have been freely granted since amendment was not shown to be futile" (internal quotation and citation omitted)).

If the Court believes that Dell should provide additional details regarding its purchases of CRT Products, as explained above, Dell can amend the FAC to include additional factual allegations regarding the entities from which Dell purchased and the facts of which it is currently aware regarding the relationship between those entities and Defendants and co-conspirators.

**VI.   CONCLUSION**

For the foregoing reasons, Dell respectfully requests that this Court deny Toshiba's Motion to Dismiss.

Date:  November 6, 2013

Respectfully submitted,

By:   */s/ Debra D. Bernstein*
       Michael P. Kenny, Esq. (GA Bar No. 415064)
       mike.kenny@alston.com
       Debra D. Bernstein, Esq. (GA Bar No. 054998)
       debra.bernstein@alston.com
       Matthew D. Kent, Esq. (GA Bar No. 526272)
       matthew.kent@alston.com

---

Toshiba's Motion to Dismiss should still be denied because Dell has alleged sufficient facts to establish standing to pursue its injunctive relief claim.  FAC ¶¶ 11, 228.

10

DELL'S BRIEF IN OPPOSITION TO                                          MASTER FILE NO. 3:07-CV-05944-SC
TO TOSHIBA'S MOTION TO DISMISS                              MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

Melissa Mahurin Whitehead, Esq. (GA Bar No. 667932)
melissa.whitehead@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
Tel: (404) 881-7000
Facsimile: (404) 881-7777

James M. Wagstaffe, Esq. (SBN 95535)
wagstaffe@kerrwagstaffe.com
KERR & WAGSTAFFE LLP
100 Spear Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Facsimile: (415) 371-0500

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*