# **A**TTACHMENT **3**

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation,
Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944 (SC) <br><br> MDL No. 1917 <br><br> **DECLARATION OF KAZUTO YAMAMOTO IN SUPPORT OF SHARP'S OPPOSITION TO TOSHIBA DEFENDANTS' MOTION TO DISMISS** |
| This Document Relates To: <br><br> *Sharp Electronics Corp.*, et al. *v. Hitachi Ltd.*, et al., Case No. C 13-1173 (SC) | |

I, Kazuto Yamamoto, hereby declare as follows:

1. My name is Kazuto Yamamoto. I am a licensed attorney at Daiichi Law Office, P.C. in Osaka, Japan. I received my bachelors of law at Kyoto University in 1997 and my LL.M. degree at Northwestern University School of Law in 2008. Since the years 2000 and 2009, I have been a member of the bars of Japan and the state of New York, respectively. I am competent to provide the legal opinions contained herein.

2. I have reviewed the Basic Transaction Agreement ("BTA") between Sharp Corporation and Toshiba Corporation, executed in 1977. I have also reviewed the legal arguments of Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc. ("Toshiba Defendants") in their Motion to Dismiss Sharp's Complaint.

3. It is my legal opinion that Osaka District Court would not have jurisdiction over Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (the "Sharp Plaintiffs")'s U.S. antitrust claims against Toshiba Defendants.

4. As a threshold matter, under Japanese laws the forum selection clause of the BTA would be applied only to the signatories of the BTA, i.e., Sharp Corporation and Toshiba Corporation, and would not be applied to Sharp Plaintiffs, which are non-signatories of the BTA. As Sharp Corporation and Toshiba Corporation entered into the BTA under Japanese laws, the BTA, including the forum selection clause, would be governed and construed by Japanese laws. Under Japanese laws, a forum selection clause of an agreement would be applied only to signatories of the agreement. I am unaware of any case where a Japanese court has ever applied a forum selection clause to non-signatories of the agreement, including subsidiaries or affiliate companies of signatories of such agreement.

5. The forum selection clause of the BTA would not create jurisdiction in the Osaka District Court over Sharp Plaintiffs' U.S. antitrust claims against Toshiba Defendants.

6. Even if the Osaka District Court could have jurisdiction over Sharp Plaintiffs' action against the Toshiba Defendants, that court could not award treble damages. Treble damages would not be awarded by any Japanese court, since it is regarded against Japanese

1  public policy. The Supreme Court of Japan has held that a plaintiff can recover only its actual
2  damages but cannot recover damages that are deemed punitive, since it is regarded as a matter
3  against Japanese public policy. Ore. State Union No-so-kon I v. Mansei Ko-gyo Co., 51 Minsu
4  2573 (Sup. Ct., July 11, 1997). This would include treble damages.

5   7. For the foregoing reasons, I conclude that the Osaka District Court would not
6  have jurisdiction over Sharp Plaintiffs' U.S. antitrust claims against Toshiba Defendants.

8  I declare under penalty of perjury under the laws of the United States of America that the
9  foregoing is true and correct.
10 Executed this 3rd day of November, 2013 in Osaka, Japan

*/s/ Kazuto Yamamoto*
Kazuto Yamamoto