# ATTACHMENT 1

I, Vince Sampietro, hereby declare as follows:

1. My name is Vince Sampietro, and I am currently employed as Associate Director of Procurement at Sharp Manufacturing Company of America ("SMCA"), a division of Sharp Electronics Corporation ("SEC"). I have worked at SMCA since January 1980. I was personally involved in the purchasing of cathode ray tubes ("CRTs") at SMCA during the time period at issue and have personal knowledge of the facts stated herein.

2. Through the year 2000, SEC, through its division SMCA, purchased CRTs for the televisions manufactured by SMCA in Memphis, TN. Toshiba America Electronics Company ("TAEC") was among SMCA's suppliers of CRTs.

3. SMCA purchased CRTs from TAEC using Purchase Orders that incorporated Terms and Conditions. Attached to this affidavit as Exhibit A is a true and correct copy of an exemplary Purchase Order between SMCA and TAEC pertaining to CRTs. I have worked in the Procurement Department since 1993, including during the time period when the CRT Purchase Orders were issued from SMCA to TAEC.

4. The Purchase Orders were a standard form agreement that SMCA used for its purchases of CRTs in Tennessee. The Purchase Orders contained various essential terms of the sale including the seller, buyer, part number, description, quantity, due date, and pricing information. The Purchase Orders are the only documents I am aware of governing SMCA's purchase of CRTs.

5. I was never informed about, nor otherwise knew of, a Basic Transaction Agreement between Sharp Corporation and Toshiba Corporation that purported to apply to our purchases of CRTs at SMCA. None of the Purchase Orders between SMCA and TAEC contained any reference to a 1977 Basic Transaction Agreement between Japan-based Sharp Corporation and Japan-based Toshiba Corporation. At no time during my involvement with procurement did I or anyone, to my knowledge, with whom I worked at SMCA understand any such Basic Transaction Agreement to apply to its purchases of CRTs from TAEC or any other Toshiba entity.

6. Pursuant to the terms of its Purchase Orders, SMCA intended for its purchases of CRTs from TAEC to be governed by "the case and statutory laws of the state of Tennessee" as stated in attached Term and Condition (13).

7. Pursuant to the terms of its Purchase Orders, SMCA intended that any dispute with TAEC relating to SMCA's CRT purchases would be governed solely by the Purchase Orders and be resolved in a United States court pursuant to Tennessee state law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30 day of October, 2013 in Memphis, Tennessee, United States.

*[signature]*

Vince Sampietro

# EXHIBIT A

**(LODGED UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5 AND STIPULATED PROTECTIVE ORDER )**