1  Robert W. Turken
2  Scott N. Wagner
   Mitchell E. Widom
3  BILZIN SUMBERG BAENA PRICE &
   AXELROD LLP
4  1450 Brickell Ave., Suite 2300
   Miami, Florida 33131-3456
5  Telephone:     305-374-7580
   Facsimile:     305-374-7593
6  E-mail:        rturken@bilzin.com; swagner@bilzin.com
7                 mwidom@bilzin.com

8  Stuart H. Singer
   BOIES, SCHILLER, & FLEXNER LLP
9  401 East Las Olas Boulevard, Suite 1200
   Fort Lauderdale, Florida 33301
10 Telephone:     (954) 356-0011
11 Facsimile:     (954) 356-0022
   E-mail:        ssinger@bsfllp.com
12
   [Additional counsel listed on signature page]
13

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL  33131-3456

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944 SC (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to Individual Case No. 13-CV-00157-SC | **PLAINTIFFS TECH DATA CORPORATION AND TECH DATA PRODUCT MANAGEMENT, INC.'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS CERTAIN DIRECT ACTION PLAINTIFFS' CLAIMS** |
| TECH DATA CORPORATION; TECH DATA PRODUCT MANAGEMENT, INC., | |
| Plaintiffs, vs. | |
| HITACHI, LTD; *et al.* | Judge: Hon. Samuel P. Conti |
| Defendants. | Court: Courtroom 1, 17th Floor |
| | Date: December 20, 2013, 10 a.m. |

TECH DATA'S OPPOSITION TO DEFENDANTS'
JOINT MOTION TO DISMISS CERTAIN DIRECT
ACTION PLAINTIFFS' CLAIMS

MASTER FILE NO. 07-5944 SC (N.D. CAL.)
INDIVIDUAL CASE NO. 13-CV-00157 SC

**TABLE OF CONTENTS**

| | Page |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | i |
| MEMORANDUM OF POINTS AND AUTHORITIES | 1 |
| QUESTION PRESENTED | 1 |
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 3 |
|     I. FRAUDULENT CONCEALMENT | 3 |
|     II. THE FILING OF DIRECT PURCHASER CLASS ACTION COMPLAINTS AND THE DPP CONSOLIDATED AMENDED COMPLAINT TOLLED TECH DATA'S FDUTPA CLAIM | 5 |
|     III. THE STATE OF FLORIDA'S COMPLAINT TOLLED TECH DATA'S FDUTPA CLAIM | 8 |
|     IV. TECH DATA'S CALIFORNIA CLAIMS WERE TOLLED BY AN EARLY FILED INDIRECT PURCHASER CLASS ACTION THAT INCLUDED TECH DATA WITHIN THE DEFINED CLASS | 9 |
| CONCLUSION | 10 |

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

TECH DATA'S OPPOSITION TO DEFENDANTS'
JOINT MOTION TO DISMISS CERTAIN DIRECT
ACTION PLAINTIFFS' CLAIMS

-i-

MASTER FILE NO. 07-5944 SC (N.D. CAL.)
INDIVIDUAL CASE NO. 13-CV-00157 SC

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*American Pipe and Construction Co. v. Utah*,
  414 U.S. 538 (1974) ("*American Pipe*") ................................................................... passim

*Clemens v. DaimlerChrysler Corp.*,
  534 F.3d 1017 (9th Cir. 2008) ....................................................................................... 6

*Crown, Cork & Seal Co. v. Parker*,
  462 U.S. 345 (1983) ............................................................................................... 5, 6, 7

*Florida Dep't of Health and Rehab. Servs. v. S.A.P.*,
  835 So. 2d 1091 (Fla. 2002) ...................................................................................... 4, 5

*Hromyak v. Tyco Int'l Ltd.*,
  942 So.2d 1022 (Fla. 4th DCA 2006) ....................................................................... 7, 9

*In re Vitamins Antitrust Litigation*,
  No. Misc. 99-197 (TFH), 2000 WL 33975412 (D.D.C. Oct, 26, 2000) ....................... 4

*Major League Baseball v. Morsani*,
  790 So. 2d 1071 (Fla. 2001) .......................................................................................... 4

*Raie v. Cheminova, Inc., et. al.*,
  336 F.3d 1278 (11th Cir. 2003) ............................................................................ 7, 8, 9

*Wade v. Danek Medical, Inc.*,
  182 F.3d 281 (4th Cir. 1999) ........................................................................................ 7

**OTHER**

28 U.S.C. § 1331 ................................................................................................................ 7

Fla. Stat. § 95.051 .............................................................................................................. 9

Fla. Stat. § 501.07 .............................................................................................................. 8

Fla. Stat. § 501.203 ............................................................................................................ 6

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

TECH DATA'S OPPOSITION TO DEFENDANTS'
JOINT MOTION TO DISMISS CERTAIN DIRECT
ACTION PLAINTIFFS' CLAIMS            -ii-    MASTER FILE NO. 07-5944 SC (N.D. CAL.)
                                              INDIVIDUAL CASE NO. 13-CV-00157 SC

# MEMORANDUM OF POINTS AND AUTHORITIES

## QUESTION PRESENTED

Whether Tech Data's claims under the Florida Unfair and Deceptive Trade Practices Act ("FDUTPA") and the California Cartwright Act and California Unfair Competition Law ("UCL") are time barred notwithstanding the allegations in Tech Data's First Amended Complaint ("FAC") that the statutes of limitations governing Tech Data's state law claims were tolled by Defendants' fraudulent concealment of the conspiracy and: (a) the filing of numerous direct purchaser class action complaints beginning in November 2007 and the DPP Consolidated Amended Complaint; (b) the filing of a complaint alleging violations of FDUTPA by the State of Florida on behalf of businesses in Florida; and/or (c) an early indirect purchaser complaint that included Tech Data within the class definition.

## PRELIMINARY STATEMENT

In their Joint Motion to Dismiss Certain Direct Action Plaintiffs' Claims (the "Motion"), Defendants assert that Tech Data's claims under Florida and California law should be dismissed because they are untimely. Defendants' primary argument as to Tech Data[1] is that in order for Tech Data's state law claims to have been timely filed, Tech Data must establish that Defendants fraudulently concealed the CRT price-fixing conspiracy until December 11, 2008 and that Tech Data cannot plead plausible facts to demonstrate this fact. Defendants contend further that Tech Data cannot rely on any other principals to toll the statute of limitations. Specifically, Defendants assert that Florida law does not recognize class action tolling under the doctrine established by the Supreme Court in *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974) ("*American Pipe*"), and that the tolling afforded by the DOJ's criminal proceedings does not extend to Tech Data's Florida and California state law claims.

Defendants are wrong. As a threshold matter, Tech Data does not contend that Defendants fraudulently concealed their participation in the price-fixing conspiracy until December 2008. Rather, Tech Data accepts the determination by the Special Master and this Court that there are sufficient facts alleged to support the claim that Defendants fraudulent concealment extended through November 2007.

---
[1] Tech Data Corporation and Tech Data Product Management, Inc. are referred to collectively herein as "Tech Data."

TECH DATA'S OPPOSITION TO DEFENDANTS' JOINT
MOTION TO DISMISS CERTAIN DIRECT ACTION
PLAINTIFFS' CLAIMS                                  - 1 -                         MASTER FILE NO. 07-5944 SC (N.D. CAL.)
                                                                                  INDIVIDUAL CASE NO. 13-CV-00157 SC

Tech Data also does not assert tolling for its state law claims based on the DOJ's criminal investigation. Tech Data agrees with Defendants that the criminal investigation only tolls the statute of limitations on Tech Data's Sherman Act claim. Finally, Tech Data also agrees with Defendants that the statute of limitations for Tech Data's claim under FDUTPA and the California Cartwright Act and UCL is four years.

The actual question for the Court to decide, therefore, is whether there are any bases for tolling Tech Data's state law claims beyond the end of 2011. The answer to that question is a definitive "yes."

First, the statute of limitations for Tech Data's FDUTPA claim was tolled by the filing of several direct purchaser class action complaints in November 2007 as well as by the Direct Purchaser Consolidated Amended Complaint (collectively, "the DPP Class Complaints"). Contrary to Defendants' assertion, the Supreme Court has held that application of *American Pipe* tolling does not require that the individual action assert the same cause of action as the prior class complaint. Rather, the test is whether the substance of the claims is the same. Here, they are. The DPP Class Complaints are predicated on Defendants' violation of Section 1 of the Sherman Act. So is Tech Data's FDUTPA claim. In fact, Tech Data's First Amended Complaint expressly alleges as the basis for its FDUTPA claim the same violation of the Sherman Act that the DPPs alleged against Defendants in the DPP Class Complaints.

Second, again contrary to Defendants' contentions, Florida law recognizes class action tolling under *American Pipe* and does so explicitly. The only requirement is that the claims in the class action and the subsequently filed individual action must be the same. And, once again, in this case Tech Data's FDUTPA claim is identical to the Sherman Act violation alleged in the DPP Class Actions.

Third, the State of Florida filed a complaint in 2007 alleging that Defendants' unlawful price-fixing conspiracy violated FDUTPA. The State of Florida brought its complaint on behalf of "consumers, businesses, and governmental entities in Florida, including direct and indirect purchasers." Like its argument with respect to the DPP Class Complaints, Defendants rely on their contention that Florida law does not permit class action tolling under *American Pipe* to argue that the State of Florida action does not toll Tech Data's FDUTPA claim. And, here as well, the Florida courts' explicit recognition of the doctrine defeats Defendants' assertion.

Finally, the filing of an indirect purchaser complaint alleging violations of the California Cartwright Act and UCL tolled the statutes of limitations with respect to Tech Data's California claims. The complaint filed in *Gonalez v. Chunghwa Picture Tubes, Ltd., et. al.*, Case No. C08 01108 (N.D. Cal.) ("*Gonzalez*"), alleges that Defendants' price-fixing conspiracy violated the Cartwright Act and UCL. The *Gonzalez* complaint was filed on behalf of a class of indirect purchasers defined as follows: "All persons and entities residing in the United States, who from January 1, 1995 through the present, purchased CRT Products in the United States indirectly from Defendants." The *Gonalez* complaint included resellers, such as Tech Data, within the class definition.

For these reasons, which we discuss in detail below, Defendants' Motion should be denied in its entirety.

**ARGUMENT**

**I.  FRAUDULENT CONCEALMENT**

Defendants devote much of their Motion to the issue of fraudulent concealment. It is a red herring.

As Defendants acknowledge, both the Special Master and the Court determined that the statute of limitations on plaintiffs' claims did not begin running until sometime after November 14, 2007. *See* Motion at 7. As Defendants further concede, Special Master Legge's recommendation relied, in part, on his conclusion that it was "'highly unlikely' that plaintiffs 'could reasonably have found and examined the relevant evidence as to whether each plaintiff had a cause of action, and then have filed their complaints – all within six days.'" *Id.* at 7 (quoting Special Master's Report and Recommendations Regarding Defendants' Motions to Dismiss Direct Action Complaints, Dkt. No.[2] 1664, at 7 (the "DAP R&R")). Special Master Legge thus found that the DAP's allegations that they could not have reasonably discovered the facts supporting their cause of action within the applicable limitations period were sufficient. DAP R&R at 7.

Defendants also acknowledge that the Court adopted the Special Master's DAP R&R on this issue. "The Court does not find Defendants' arguments persuasive. They remain reliant on disputed facts. The Court therefore finds the Special Master's conclusions correct and ADOPTS them." Order

---

[2] "Dkt. No." refers to the docket entry number in the MDL, 07-5944 SC, MDL No. 1917 (N.D. Cal.).

Adopting in Part and Modifying in Part Special Master's Report and Recommendation on Defendants' Motion to Dismiss the Direct Action Plaintiffs' Complaints, Dkt. No. 1856, at 8 (the "DAP Order").

Tech Data's fraudulent concealment allegations are perfectly in line with this Court's ruling. Contrary to Defendants' suggestion, Tech Data does not allege that Defendants fraudulently concealed their price-fixing conspiracy until December 2008. Rather, Tech Data's allegations of fraudulent concealment mirror the allegations contained in the complaints that were the subject of the DAP Order. *Compare* FAC, Dkt. No. 1911, *with Office Depot, Inc. v. Hitachi, Ltd., et al.*, (November 14, 2011), ¶¶ 215-227, appended to the Declaration of Scott N. Wagner ("Wagner Decl.", filed concurrently herewith) as Exhibit 1, *Sigel v. Hitachi, Ltd., et al.*, (November 14, 2011), ¶¶ 222-33, Exhibit 2 to Wagner Decl., *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, (November 14, 2011), ¶¶223-34, Exhibit 3 to Wagner Decl., *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, (November 14, 2011), ¶¶ 160-72, Exhibit 4 to Wagner Decl., and *Best Buy Co., Inc. v. Hitachi, Ltd., et al.*, (November 14, 2011), ¶¶ 223-34, Exhibit 5 to Wagner Decl.

Defendants contend in a footnote that fraudulent concealment cannot serve as a basis for tolling Tech Data's FDUTPA claim because fraudulent concealment is not recognized under Florida law. *See* Motion at 18, n.28. Defendants relegate this argument to a footnote for good reason. Defendants rely solely on an unpublished, out of state opinion—*In re Vitamins Antitrust Litigation*, No. Misc. 99-197 (TFH), 2000 WL 33975412 (D.D.C. Oct, 26, 2000)—to support their position. Notably, throughout its 2000 decision in *Vitamins*, the court remarked that the Florida Supreme Court had not spoken definitely on the issue of whether fraudulent concealment is available under Florida law. *In re Vitamins Antitrust Litig.*, 2000 WL 33975412, at *4-5.

Defendants' footnote, however, fails to acknowledge two Florida Supreme Court decisions that were issued subsequent to *Vitamins*. In both cases the Florida Supreme Court held it is "well settled" that statutes of limitation "can be deflected by the doctrine of equitable estoppel" and that active concealment of a claim is a fundamental basis to assert equitable estoppel. *Florida Dep't of Health and Rehab. Servs. v. S.A.P.*, 835 So. 2d 1091, 1097-1100 (Fla. 2002); *see Major League Baseball v. Morsani*, 790 So. 2d 1071, 1076-1080 (Fla. 2001). "To allow the department to do as alleged—i.e., to negligently supervise and monitor S.A.P.'s placement, to conceal the resulting abuse for years, and then

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

to invoke the statute of limitations to escape liability—would violate the basic principles underlying chapter 768 and make a mockery of section 768.28(13)." *Florida Dep't of Health and Rehab. Servs. v. S.A.P.*, 835 So. 2d at 1100.

## II. THE FILING OF DIRECT PURCHASER CLASS ACTION COMPLAINTS AND THE DPP CONSOLIDATED AMENDED COMPLAINT TOLLED TECH DATA'S FDUTPA CLAIM

Beginning in November 2007 direct purchaser class action complaints were filed asserting claims on behalf of all person and entities, like Tech Data that purchased CRTs or products containing CRTs. *See Crago, Inc. v. Chunghwa Picture Tubes, Ltd., et. al.*, CV 07-5944, (N.D. Cal.), Exhibit 6 to Wagner Decl.; *Art's TV & Appliance v. Chunghwa Picture Tubes, Ltd., et. al.*, CV 07-641, (N.D. Cal), Exhibit 7 to Wagner Decl.; *Hawel A. Hawel d/b/a City Electronics v. Chunghwa Picture Tubes, Ltd., et. al.*, CV 07-6279, (N.D. Cal.), Exhibit 8 to Wagner Decl. On March 16, 2009, the DPP Consolidated Amended Complaint was filed, which also included Tech Data within the class definition. Dkt. No. 436. These direct purchaser actions operated to toll Tech Data's FDUTPA claim through December 11, 2012, when Tech Data filed its Complaint in the United States District Court for the Middle District of Florida.

Defendants offer two reasons why they contend the DPP Class Actions do not toll Tech Data's state law claims. They first purport to quote from Justice Powell's concurrence in *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354-55 (1983) to argue that "*American Pipe* does not toll statutes of limitations for claims that are 'different [from] or peripheral [to]' the claims asserted in the class action itself." (Motion at 15). Defendants assert that because the DPP Class Actions did not include Tech Data's state law claims Tech Data cannot rely on *American Pipe* to toll these claims.

Defendants, however, fail to include Justice Powell's complete statement in *Crown, Cork & Seal Co.* When Justice Powell's discussion is viewed in its entirety, it is clear that the test is not whether the same cause of action is alleged in both cases, but whether the substance of the claims is the same. As Justice Powell explained, "[i]t is important to make certain, however, that *American Pipe* is not abused by the assertion of claims that differ from those raised in the original class suit. As Justice BLACKMUN noted, a district court should deny intervention under Rule 24(b) to 'preserve a defendant whole against prejudice arising from claims for which he has received no prior notice.' Similarly, when

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

a plaintiff invokes *American Pipe* in support of a separate lawsuit, the district court should take care to ensure that the suit raises claims that 'concern the same evidence, memories, and witnesses as the subject matter of the original class suit,' so that 'the defendant will not be prejudiced.'" *Id.* at 355 (internal citations omitted).

Especially with respect to Tech Data's FDUTPA claim, there can be no question that the claim meets Justice Powell's standard for application of *American Pipe* tolling.

By its terms a violation of FDUTPA is defined as a violation of the rules and standards promulgated by the Federal Trade Commission or "[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices." Fla. Stat. § 501.203(c). Thus, in order to state a claim under FDUTPA, a claimant must first allege a violation of another competition protection statute or rule. In this case the statute that Tech Data relies on as the basis for its FDUTPA claim is Section 1 of the Sherman Act—the very section alleged in the DPP Class Actions—and the facts Tech Data alleges to support its claim that Defendants violated Section 1 of the Sherman Act are the same facts alleged by the DPPs to support their Sherman Act claim. In short, not only does Tech Data's FDUTPA claim "concern the same evidence, memories, and witnesses" as the Sherman Act claim alleged in the DPP Class Actions, Tech Data's FDUTPA claim is in every respect identical to the DPPs' Sherman Act claim.

Because Tech Data's FDUTPA claim and the Sherman Act claim alleged in the DPP Class Actions are one in the same, Defendants' alternative argument for why they the DPP Class Actions do not toll Tech Data's FDUTPA claim fails as well. According to Defendants, Tech Data's assertion of a state law FDUTPA claim makes this a question of "cross-jurisdictional" tolling that is dependent on state law tolling rules. Defendants contend further that Florida law does not recognize class action tolling under *American Pipe*.

Defendants are incorrect on both counts. As the Ninth Circuit explained in *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008), cross-jurisdictional tolling arises when a plaintiff filing suit in state court in one jurisdiction seeks to toll the statute of limitations based on a class action filed in federal court in another jurisdiction, or vice versa.[3] Here of course, both this action

---

[3] Cross-jurisdictional also has been found to arise in the case of two federal actions where subject

and the DPP Class Actions were filed in federal court under 28 U.S.C. § 1331. Thus, the federal standard for application of class action tolling should apply.

However, even if it were determined that Florida law governed this question, the result would be exactly the same. As support for their contention that Florida law does not recognize class action tolling under *American Pipe,* Defendants rely on two unpublished federal court decisions (from the D.C. Circuit and the Southern District of New York) interpreting Florida law. Defendants' avoidance of controlling authority from the Eleventh Circuit and the Florida state courts is not surprising.

As the Eleventh Circuit observed, "[t]here is no dispute that *American Pipe* has been followed in Florida state courts." *Raie v. Cheminova, Inc., et. al.*, 336 F.3d 1278, 1282 (11th Cir. 2003); *see Hromyak v. Tyco Int'l Ltd.*, 942 So.2d 1022, 1023 (Fla. 4th DCA 2006). The only requirement is—just as under *Crown, Cork & Seal Co.*—that the substance of the claims has to be the same.

In *Raie*, the personal representatives of a decedent brought a wrongful death action against Cheminova, Inc. claiming that the cause of the decedent's death was Cheminova's insecticide, Fyfanon, which was sprayed in the decedent's neighborhood. 336 F.3d at 1279. The plaintiffs argued that their wrongful death claims were entitled to *American Pipe* tolling based on an earlier filed product liability class action against Cheminova related to Fyfanon. The Eleventh Circuit disagreed. Although it confirmed that *American Pipe* tolling was available under Florida law, the court noted that "a wrongful death action under Florida law is different in kind from any action based on a defective product." *Id.* at 1283. The court concluded that "[b]ecause of this difference, a class action asserting primarily product liability claims would not include wrongful death claims unless wrongful death claims were explicitly included in the class action." *Id.*

The Florida Fourth District Court of Appeal employed the same analysis in *Hromyak*. In that case, a stockholder filed suit against Tyco International, Ltd. alleging violations of the Securities Exchange Act of 1934 and the Securities Act of 1933. The trial court determined that the plaintiff's claims were barred by the statutes of limitations and thus dismissed the plaintiff's action. *Id.* at 1022. The question on appeal was whether the plaintiff was entitled to tolling under *American Pipe* based on

---

matter jurisdiction in the second action is predicated on diversity. *See Wade v. Danek Medical, Inc.*, 182 F.3d 281, 287-88 (4th Cir. 1999).

an earlier filed class action.

The Fourth District Court of Appeal began its discussion with a review of the Supreme Court's holdings in *American Pipe* and *Crown, Cork & Seal Co. Id.* at 1023. It observed that the policy underlying the decisions was that earlier filed class action "operated to give timely and adequate notice to the defendant of the claims asserted and number of members asserting such rights. Moreover, it served to satisfy efficiency and economy in the courts." *Id.* The court then compared the claims asserted in the two cases. *Id.* Although both actions asserted claims under the 1933 Act and 1934 Act, the court noted that the claims related to different transactions. *Id.* "In the federal action, the 1933 Act claim related to the merger with AMP, and the Exchange Act claim concerned the U.S. Surgical acquisition. In this action, in contrast, the 1933 Act claim relates to the merger with U.S. Surgical Corporation." *Id.* The court stated that "the *American Pipe* holding requires that the claims in the later action be the same as those alleged in the earlier action," and thus concluded that the plaintiff's action did not meet this requirement. *Id.*

As discussed above, in this case Tech Data's FDUTPA claim is in every respect identical to the DPPs' claims in the DPP Class Actions. In fact, the success of Tech Data's FDUTPA claim is entirely dependent on its ability to prove the same Sherman Act violations alleged in the DPP Class Complaints. Therefore, under *American Pipe*—as interpreted by the Supreme Court, the Eleventh Circuit and the Florida state appellate courts—Tech Data's FDUTPA claim is tolled by the DPP Class Actions, and is timely.

### III. THE STATE OF FLORIDA'S COMPLAINT TOLLED TECH DATA'S FDUTPA CLAIM

The State of Florida filed a complaint in 2007 alleging that the defendants' unlawful price-fixing conspiracy violated FDUTPA. Section 501.07(1)(c) of the Florida Statutes authorizes the State of Florida to bring an action "on behalf of one or more consumers or governmental entities for the actual damages caused by an act or practice in violation of" FDUTPA. Pursuant to this authority, the State of Florida brought its complaint on behalf of "consumers, businesses, and governmental entities in Florida, including direct and indirect purchasers." State of Florida Amended Complaint, at ¶ 11, Exhibit 9 to Wagner Decl.

1   Tech Data alleges in its Complaint that its principal place of business is in Clearwater, Florida.
2   *See* FAC at ¶ 17. Thus, the State of Florida's complaint clearly encompassed Tech Data within the
3   class of individuals and businesses on whose behalf it asserted a FDUTPA claim against Defendants.

4   Defendants argue that the Tech Data is not entitled to tolling based on the State of Florida's
5   complaint because class action tolling is not one the enumerated bases for tolling found in Fla. Stat. §
6   95.051(1). However, as discussed previously, class action tolling under *American Pipe* has been firmly
7   recognized under Florida law. *See, e.g., Raie*, 336 F.3d at 1282; *Hromyak*, 942 So.2d at 1023.

8   Therefore, the State of Florida's complaint brought on behalf of businesses in Florida such as
9   Tech Data provides another, independent basis upon which to toll Tech Data's FDUTPA claim.

### IV. TECH DATA'S CALIFORNIA CLAIMS WERE TOLLED BY AN EARLY FILED INDIRECT PURCHASER CLASS ACTION THAT INCLUDED TECH DATA WITHIN THE DEFINED CLASS

12  In their Motion, Defendants make the blanket statement that "[t]he class action tolling doctrine
13  is inapplicable because Tech Data . . . [is] not [a] member[] of the purported class described in the
14  indirect purchaser class-action complaints." Motion at 14. Defendants then point to the class definition
15  included in the IPPs' Fourth Consolidated Amended Complaint to support their contention that
16  resellers, such as Tech Data, were written out of the IPP class definitions.

17  Defendants, however, fail to recognize that an early-filed indirect purchaser complaint includes
18  Tech Data within the class definition. The complaint filed in *Gonalez v. Chunghwa Picture Tubes, Ltd.,*
19  *et. al.*, Case No. C08 01108 (N.D. Cal.) ("*Gonzalez*"), Exhibit 10 to Wagner Decl., alleges that
20  Defendants' price-fixing conspiracy violated the Cartwright Act and UCL. The *Gonzalez* complaint
21  was filed on behalf of a class of indirect purchasers defined as: "All persons and entities residing in the
22  United States, who from January 1, 1995 through the present, purchased CRT Products in the United
23  States indirectly from Defendants." The *Gonzalez* complaint included resellers, such as Tech Data,
24  within the class definition. As such, Tech Data was a member of the indirect class as of February 25,
25  2008—the date the *Gonzalez* complaint was filed. And, Tech Data remained a member of the indirect
26  class—at least with respect to its claims under the Cartwright Act and UCL—until the filing of the
27  IPPs' Consolidated and Amended Complaint on March 16, 2009.

28  The *Gonzalez* complaint provides Tech Data with 385 days of tolling. As a result, Tech Data's

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL  33131-3456

1 claims are timely if the Court determines, for the purposes of Defendants' Motion, that the statute of
2 limitations on Tech Data's indirect claims started running on or after November 23, 2007. The Court
3 has already held that state law claims pre-dating November 14, 2007 are not barred by the relevant
4 four-year statutes of limitations. DAP Order at 8. In reaching that conclusion, the Court relied on
5 Judge Legge's determination that the issue at the motion to dismiss stage was "whether the Court can
6 say <u>as a matter of law</u> that plaintiffs had notice by November 8, 2007 and could have filed their
7 complaint within the six day period up to November 14, 2007. Even with the most diligent of plaintiffs
8 and law firms, it is highly unlikely that they could reasonably have found and examined the relevant
9 evidence as to whether each plaintiff had a cause of action, and then have filed their complaints – all
10 within six days." DAP R&R at 6-7.

11 The analysis and conclusion should be no different here. The difference between six days and
12 fifteen days is of no moment when considering how likely it is that a plaintiff could reasonably have
13 found and examined the relevant evidence to determine whether it had a cause of action in this
14 complex, decade's long price-fixing conspiracy. Therefore, the *Gonzalez* complaint provides the
15 necessary tolling to defeat Defendants' claim that Tech Data's California claims are barred by the
16 statute of limitations.

## **CONCLUSION**

18 Defendants ask this Court to dismiss Tech Data's state law claims on statute of limitations
19 grounds. Defendants' arguments, however, disregard well-settled authority under federal and state law
20 that supports the application of fraudulent concealment and *American Pipe* tolling to Tech Data's state
21 law claims. Accordingly, for the reasons stated above, Tech Data respectfully requests that Defendants'
22 Motion be denied in its entirety.

23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

Dated:  November 6, 2013

Respectfully Submitted,

  /s/Scott N. Wagner
ROBERT W. TURKEN
SCOTT N. WAGNER
MITCHELL E. WIDOM
BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
1450 Brickell Ave., Suite 2300
Miami, Florida 33131-3456
Telephone:  (305) 374-7580
Facsimile:  (305) 374-7593
E-mail:         rturken@bilzin.com
                    swagner@bilzin.com
                    mwidom@bilzin.com

STUART H. SINGER
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
E-mail:          ssinger@bsfllp.com

WILLIAM A. ISAACSON
MELISSA WILLETT
BOIES, SCHILLER & FLEXNER
5301 Wisconsin Ave. NW, Suite 800
Washington, DC 20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
E-mail:          wisaacson@bsfllp.com
                    mwillett@bsfllp.com

PHILIP J. IOVIENO
BOIES, SCHILLER & FLEXNER
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
E-mail:          piovieno@bsfllp.com

*Counsel for Plaintiffs Tech
Data Corporation and Tech Data Product
Management, Inc.*

TECH DATA'S OPPOSITION TO DEFENDANTS' JOINT
MOTION TO DISMISS CERTAIN DIRECT ACTION
PLAINTIFFS' CLAIMS

- 11 -

MASTER FILE NO. 07-5944 SC (N.D. CAL.)
INDIVIDUAL CASE NO. 13-CV-00157 SC

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing document was electronically served upon the parties and counsel of record through the Court's ECF system on November 6, 2012.

/s/Scott N. Wagner
Scott N. Wagner
*Attorney for Plaintiffs*
*Tech Data Corporation and*
*Tech Data Product Management, Inc.*

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456