BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br>Case No. C 11-6397 SC<br>COSTCO WHOLESALE CORPORATION,<br>                    Plaintiff,<br>    v.<br>HITACHI, LTD., et al.,<br>                    Defendants, | **THE PHILIPS DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:     December 6, 2013<br>Time:    10:00 a.m.<br>Crtrm.:  1<br>Judge:   Honorable Samuel Conti |

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................- 1 -

II.   ARGUMENT ...............................................................................................................- 3 -

    A.    Costco Does Not Dispute That The Mandatory Arbitration Agreement Applies To Costco's Claims ................................................................................................- 3 -

    B.    The Philips Defendants Have Not Waived Their Right to Arbitrate ........................- 4 -

        1.    Finding waiver of arbitration rights is disfavored and Costco bears a heavy burden of proof. ...................................................................................- 4 -

        2.    The Philips Defendants did not discover their right to compel arbitration until Costco belatedly produced the Arbitration Documents. ......- 4 -

        3.    The Philips Defendants' actions have been wholly consistent with their contractual right to arbitration. ...................................................................- 7 -

        4.    Costco has not suffered any prejudice as a result of the Philips Defendants' alleged delay in seeking arbitration and any prejudice it experienced was self-inflicted.................................................................- 10 -

III.  CONCLUSION...........................................................................................................- 15 -

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*ATSA of Cal., Inc. v. Cont'l Ins. Co.*,
  702 F.2d 172 (9th Cir. 1983) ...................................................................................................10

*Blau v. AT&T Mobility, LLC*,
  No. C 11-00541 CRB, 2012 WL 566565 (N.D. Cal. Feb. 21, 2012) ........................................9

*Brown v. Dillard's, Inc.*,
  430 F.3d 1004 (9th Cir. 2005) ...................................................................................................9

*Edwards v. First Am. Corp.*,
  289 F.R.D. 296 (C.D. Cal. 2012) ...............................................................................................9

*Estrella v. Freedom Fin.*,
  No. C 09-03156 SI, 2011 WL 2633643 (N.D. Cal. July 5, 2011) .............................................4

*Fisher v. A.G. Becker Paribas Inc.*,
  791 F.2d 691 (9th Cir. 1986) ..................................................................1, 4, 5, 6, 7, 10, 12, 15

*George S. Hofmeister Family Trust v. FGH Industries, LLC*,
  No. 06-CV-13984-DT, 2007 WL 2984188 (E.D. Mich. Oct. 12, 2007) ...................................7

*Herko v. Metropolitan Life Ins. Co.*,
  978 F. Supp. 141 (W.D.N.Y. 1997) ...........................................................................................9

*In re TFT-LCD (Flat Panel) Antitrust Litig. (Costco Wholesale Corp. v. AU Optronics Corp.)*,
  No. M 07-1827 SI, 2011 WL 4017961 (N.D. Cal. Sept. 9, 2011) ..........................1, 3, 9, 12, 13

*In re TFT-LCD (Flat Panel) Antitrust Litig. (Nokia Corp. v. AU Optronics Corp.)*,
  No. M 07-1827 SI, 2011 WL 2650689 (N.D. Cal. July 6, 2011) ...................7, 9, 10, 11, 13, 14

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
  No. M 07-1827 SI, 2011 WL 1753784 (N.D. Cal. May 9, 2011).............................................5

*Karol v. Bear Stearns & Co.*,
  708 F. Supp. 199 (N.D. Ill. 1989) ..............................................................................................7

*Kingsbury v. U.S. Greenfiber, LLC*,
  No. CV08-00151-AHM, 2012 WL 2775022 (C.D. Cal. June 29, 2012)...................................8

*Letizia v. Prudential Bache Secs., Inc.*,
  802 F.2d 1185 (9th Cir. 1986) ............................................................................................8, 12

*Lyzwa v. Chu*,
  No. C-97-20053, 1998 WL 326768 (N.D. Cal. Feb. 2, 1998) ...................................................9

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) .................................................................................................4, 10, 15

*Rankin v. Allstate Ins. Co.*,
  336 F.3d 8 (1st Cir. 2003) ..................................................................................................10

*Sharif v. Wellness Int'l Network, Ltd.*,
  376 F.3d 720 (7th Cir. 2004) ...............................................................................................9

*Shinto Shipping Co. v. Fibrex & Shipping Co.*,
  572 F.2d 1328 (9th Cir. 1987) .....................................................................................10, 14

*Sovak v. Chugai Pharm. Co.*,
  280 F.3d 1266 (9th Cir. 2002) ........................................................................................9, 11

*Van Ness Townhouses v. Mar Indus. Corp.*,
  862 F.2d 754 (9th Cir. 1988) ...............................................................................................9

**STATUTES**

9 U.S.C. § 4 ...............................................................................................................................3

Defendants Koninklijke Philips N.V. ("KPNV") and Philips Electronics North America Corporation ("PENAC") (collectively, "the Philips Defendants") respectfully submit their Reply in support of their motion to compel arbitration and in response to the Opposition ("Opp.") filed by Costco Wholesale Corporation ("Costco" or "Plaintiff") (Dkt. No. 2021, Oct. 21, 2013). For the reasons below and those in the motion to compel (Dkt. No. 1668, May 9, 2013) ("Motion" or "Mot."), the motion to compel should be granted and Costco's claims based on its alleged purchases of CRTs from the Philips Defendants should be dismissed.

## I.   INTRODUCTION

Costco does not challenge that its purchase of CRT Products from a Philips-related entity is governed by a mandatory arbitration agreement contained in Costco's Vendor Agreement and Standard Terms (the "Arbitration Documents" or "Arbitration Agreement"). Nor does it challenge that Costco's claims against the Philips Defendants are subject to that agreement. These concessions are not surprising given that this Court and Judge Illston in the *TFT-LCD* MDL have compelled Costco to arbitrate similar claims based on virtually identical arbitration clauses. *See* Order Adopting Special Master's Report and Recommendation Regarding Toshiba Defs.' Mot. to Compel Arbitration (Dkt. No. 1543, Jan. 28, 2013) ("CRT Arbitration Order"); *In re TFT-LCD (Flat Panel) Antitrust Litig. (Costco Wholesale Corp. v. AU Optronics Corp.)* ("*Costco*"), No. M 07-1827 SI, 2011 WL 4017961 (N.D. Cal. Sept. 9, 2011) .

Costco instead spends almost the entirety of its Opposition attempting to divert attention away from these primary issues by arguing that: (i) the Philips Defendants somehow waived their right to arbitration; and (ii) its claims against the Philips Defendants based on joint and several liability for Costco's purchases from other defendants must remain in the litigation (the "joint and several liability claims").

In order to prove waiver, however, Costco must establish: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). Costco cannot establish any of these requirements, let alone satisfy the "heavy burden" courts impose to justify waiver.

First, the Philips Defendants did not have knowledge of their right to compel arbitration until Costco belatedly produced the Arbitration Documents nine months after the Philips Defendants requested such documents. This lack of knowledge is not surprising given that the Philips Defendants had exited the TV manufacturing business long before Costco filed its complaint and thus had no reason to retain these documents. Indeed, the Philips Defendants had previously searched for such documents on multiple occasions, but could not locate them. Even if the Philips Defendants were on constructive notice of a potential arbitration right, they could not seek arbitration until Costco finally produced the Arbitration Documents and the Philips Defendants were able to determine that the Arbitration Agreement covered Costco's claims and mandated arbitration.

Second, the Philips Defendants' actions have been wholly consistent with their arbitration rights. The Arbitration Documents make clear that the arbitration clause applies unless the parties mutually agreed otherwise ***in writing***. The Philips Defendants have never agreed to waive their arbitration rights and certainly have not done so in writing. In addition, once Costco produced the Arbitration Documents, the Philips Defendants acted promptly to demand arbitration and—when Costco refused to comply with the requirements of its contract—file the motion to compel arbitration. Actions the Philips Defendants took prior to receiving the Arbitration Documents and learning of their right to arbitrate are irrelevant to the waiver analysis. Further, Costco argues that its joint and several liability claims will remain in the case regardless of whether Costco's claims against the Philips Defendants are arbitrated.[1] Costco, however, fails to recognize that because the Philips Defendants would purportedly remain parties in this litigation, they would have engaged in the exact same motions practice and requested the exact same discovery no matter whether or when the motion to compel was filed.

Finally, any alleged prejudice to Costco is pure fiction. Any prejudice Costco suffered is entirely a result of Costco's own outrageous disregard of the mandatory arbitration provision, which Costco admittedly knew about and consciously disregarded when filing its complaint. *See* Opp. at 9

---

[1] The Philips Defendants recognize that this was the Court's decision on the Toshiba Defendants' motion to compel arbitration, but reserve the right to challenge this ruling on appeal. The Philips Defendants further reserve the right to move to compel Costco's claims against them based on joint and several liability, if warranted by additional discovery.

1  (conceding that, in filing its complaint, Costco "made a conscious decision that arbitration was not
2  the best method for resolving its claims"). Indeed, it was Costco's own "gamesmanship" in filing a
3  civil action and failing to timely produce the Arbitration Documents that caused the delay in the
4  Philips Defendants' ability to seek arbitration. Further, given Costco's argument that the Philips
5  Defendants should *remain* in this litigation regardless of whether the Court compels arbitration,
6  Costco would have been subject to the same discovery obligations and motions practice. Finally, all
7  of the discovery sought by the Philips Defendants was part of a joint effort by numerous defendants
8  that would have occurred even if the Philips Defendants were not in the litigation. There is simply
9  no prejudice here, and certainly insufficient prejudice to overcome the strong federal policy in favor
10 of arbitration. Costco should be compelled to arbitrate its claims against the Philips Defendants and
11 these claims should be dismissed.

12 **II.      ARGUMENT**

13          **A.      Costco Does Not Dispute That The Mandatory Arbitration Agreement Applies
                      To Costco's Claims**

15          Costco does not contest that the Arbitration Documents contain a broad and mandatory
16 arbitration provision. *See* Koons Decl. (Dkt. No. 1669, May 9, 2013), Exs. B–E ¶ 20 (requiring
17 arbitration of "all claims and disputes . . . aris[ing] out of or relat[ing]" to the Vendor Agreement).
18 Nor does Costco challenge, for purposes of this motion, that the Arbitration Agreement applies to all
19 of its claims against the Philips Defendants. This Court and Judge Illston in the *TFT-LCD* MDL
20 have already recognized that these claims are arbitrable under virtually identical Costco arbitration
21 provisions. *See* CRT Arbitration Order at 2; *Costco*, 2011 WL 4017961, at *3–4. Costco also does
22 not contest that it must arbitrate its claims against both Philips Defendants. *See* CRT Arbitration
23 Order at 9 ("Plaintiff must arbitrate its claims against the Toshiba Defendants whose affiliates -- in
24 this case, TACP -- have arbitration agreements with Plaintiff"); *Costco*, 2011 WL 4017961, at *6
25 ("Costco must arbitrate its claims against those defendants whose affiliates have arbitration
26 agreements with Costco").

27          Therefore, pursuant to the Federal Arbitration Act ("FAA"), the Court "shall make an order"
28 directing Costco to arbitrate its claims. *See* 9 U.S.C. § 4 ("[T]he court shall make an order directing

the parties to proceed to arbitration in accordance with the terms of the agreement"); *Estrella v. Freedom Fin.*, No. C 09-03156 SI, 2011 WL 2633643, at *2 (N.D. Cal. July 5, 2011) ("Upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration.").

### B. The Philips Defendants Have Not Waived Their Right to Arbitrate

Conceding that the mandatory Arbitration Agreement applies to its claims against the Philips Defendants, Costco instead resorts to the argument that the Philips Defendants have waived their arbitration rights. The Court should reject this argument as Costco fails to sustain its heavy burden to establish waiver and overcome the strong federal policy in favor of arbitration.

#### 1. Finding waiver of arbitration rights is disfavored and Costco bears a heavy burden of proof.

The FAA establishes a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983); *see also* CRT Arbitration Order at 4 ("[T]he FAA embodies a policy that generally favors arbitration agreements."). Pursuant to this policy, agreements to arbitrate are to be vigorously enforced, *id.* at 24–25, and "[w]aiver of a contractual right to arbitration is not favored." *Fisher*, 791 F.2d at 694. Thus, a party arguing waiver "bears a heavy burden of proof," *id.*, and any doubt as to whether waiver has occurred must be decided in favor of arbitration. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25. Costco, bearing this "heavy burden," must establish *each* of three requirements: (1) the Philips Defendants knew of their existing right to compel arbitration; (2) the Philips Defendants engaged in acts inconsistent with that right; *and* (3) Costco was prejudiced as a result of these inconsistent acts. *See Fisher*, 791 F.2d at 694 (the "*Fisher* requirements"). The Court must assess the facts related to these requirements "in light of the strong federal policy favoring enforcement of arbitration agreements." *Id.* (citing *Moses H. Cone Hospital*, 460 U.S. at 24–25).

#### 2. The Philips Defendants did not discover their right to compel arbitration until Costco belatedly produced the Arbitration Documents.

As to the first *Fisher* requirement, the Philips Defendants made clear in their motion that they did not learn of their arbitration rights until Costco belatedly produced the Arbitration Documents on

February 11, 2013—***nine months*** after PENAC requested that such documents be produced.[2] *See* Mot. at 4, 5. The Philips Defendants had diligently searched for such documents after the Toshiba Defendants filed their motion to compel arbitration and again after Costco's Rule 30(b)(6) deposition, but were unable to locate any such documents. *See* Declaration of Charles M. Malaise ¶¶ 7, 8. This is not at all surprising given that Philips had exited the TV manufacturing business (which would have manufactured the CRT TVs sold to Costco) long before Costco filed its complaint in this action. *See* Malaise Decl. ¶ 11, Ex. A p. 6 (excerpt of Koninklijke Philips Electronics N.V.'s Form 20-F for the year ending December 31, 2008, indicating that Funai Electric Company of Japan "will assume responsibility for all Philips-branded consumer television activities in the United States and Canada"). The Philips Defendants could not have sought arbitration prior to receiving these documents and learning of their specific arbitration rights. Thus, the time before Costco's belated production cannot be asserted against the Philips Defendants for purposes of determining waiver, especially given the Philips Defendants' diligence in seeking to determine their arbitration rights.

In opposition, Costco asserts that the Philips Defendants have known of their arbitration rights for almost twenty years, since the time the first Vendor Agreement was signed. Opp. at 7. Costco also asserts that the Philips Defendants were put on notice of the Arbitration Agreement by the Toshiba Defendants' motion to compel arbitration coupled with Costco's document production showing that Costco sold various models of Philips CRT televisions. *Id.* at 9.

Even if Costco's arguments are correct (which they are not) and the Philips Defendants were put on notice of their potential arbitration right, this is irrelevant because the Philips Defendants did not have the Arbitration Documents. As Costco's own authority makes clear, the Philips Defendants could not move to compel arbitration until they had a copy of these documents.[3] *See In re TFT-LCD*

---

[2] On May 15, 2012, PENAC served document requests on Costco seeking, among other things: "all contracts, purchase orders, agreements or memoranda of understanding, or any other Document that contains any term or condition of sale, including all exclusive contracts, master purchase agreements, purchase orders, invoices, cost-plus contracts and most favored nation contracts, and purchase order acknowledgements." Koons Decl., Ex. H.

[3] Given the federal presumption in favor of arbitration, the first *Fisher* requirement should be interpreted so that it is only satisfied if there is proof that the party seeking to compel arbitration had ***actual*** knowledge of its arbitration rights. An actual knowledge requirement is especially proper for

THE PHILIPS DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

*(Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2011 WL 1753784, at *6 (N.D. Cal. May 9, 2011) (cited by Opp. at 7) (requiring that defendants produce arbitration agreements for each plaintiff against whom they sought to compel arbitration). The Philips Defendants could not have credibly moved to compel arbitration before this Court without possessing the Arbitration Agreement and knowing its terms—*i.e.*, whether the arbitration provision was mandatory or permissive, the scope of the provision, and whether some or all of Costco's claims fell within the provision. That is the very reason that PENAC asked Costco to specifically search for and produce vendor agreements and other documents containing an arbitration provision. *See* Weiss Decl. (Dkt. No. 2024, Oct. 21, 2013), Ex. J (counsel for PENAC requesting this production so that defendants could "assess their rights to seek arbitration with Costco").

Further, Costco conveniently ignores the corollary propositions to its argument: (1) that Costco also must have known of the mandatory arbitration provisions in the Arbitration Agreement, and (2) Costco blatantly abridged these provisions by filing its complaint instead of seeking arbitration. Indeed, Costco confesses that it knew it was required to arbitrate its claims when it filed its complaint. *See* Opp. at 9 (conceding that, in filing its Complaint, Costco "made a conscious decision that arbitration was not the best method for resolving its claims"). Given this knowledge and complete disregard of the mandatory nature of its Arbitration Agreement, Costco should be equitably estopped from arguing that the Philips Defendants' "imputed" knowledge of the Arbitration Agreement somehow justifies waiver of their arbitration rights.

Finally, even if the Court inaptly finds that the signing of the Vendor Agreement nearly twenty years ago can be imputed as knowledge of the Arbitration Agreement, its location, and its specific terms, this first requirement of the *Fisher* test is not dispositive where, as here, the other requirements are not met. *See Fisher*, 791 F.2d at 694 (finding no waiver even though first *Fisher* requirement was satisfied).

---

a corporation of Philips' size and structure and where, as here, the arbitration documents are as many as twenty years old. It cannot be assumed that companies would retain records for this long or that, if retained, the entire company would know of a single vendor agreement signed by a division of the company twenty years ago.

- 6 -      MDL 1917

THE PHILIPS DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

### 3. The Philips Defendants' actions have been wholly consistent with their contractual right to arbitration.

Costco next asserts that the Philips Defendants' actions in this litigation have been inconsistent with their right to arbitration. This is simply false.

As an initial matter, the Arbitration Documents make clear that the arbitration clause applies unless the parties mutually agreed otherwise *in writing*. *See* Koons Decl., Exs. B–E Preamble (stating that the Standard Terms including the Arbitration Agreement would apply "unless otherwise agreed in writing and signed by [Costco] and by Vendor"); Ex. A, § F ("The [Arbitration Documents] can be amended only in a writing signed by an authorized official of [Costco and Vendor]."). Courts regularly give effect to such non-waiver clauses in determining that a party has not waived its arbitration rights. *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig. (Nokia Corp. v. AU Optronics Corp.)* ("*Nokia*"), No. M 07-1827 SI, 2011 WL 2650689, at *8 (N.D. Cal. July 6, 2011) ("Moreover, the existence of a written waiver requirement in the [parties' agreement] weighs against a finding of implicit waiver.").[4] The Philips Defendants have never waived their arbitration rights in writing. Thus, Costco's unsupported argument that the Philips Defendants somehow implicitly accepted Costco's "open and obvious offer to modify the [arbitration] agreement," Opp. at 9, must be rejected. The only way for Costco to make such an "offer to modify" was in writing, which it did not do.

In addition, all of the motions practice and discovery of which Costco complains were initiated *before* Costco produced the Arbitration Documents. Given that the Court must assess the facts "in light of the strong federal policy favoring enforcement of arbitration agreements," *Fisher*, 791 F.2d at 694, any actions prior to this disclosure cannot be inconsistent with the Philips Defendants' arbitration rights because—unlike Costco—they did not know they had such rights.[5]

---

[4] *See also Karol v. Bear Stearns & Co.*, 708 F. Supp. 199, 202 (N.D. Ill. 1989) (finding no waiver where parties' arbitration agreement required that all waivers be in writing); *George S. Hofmeister Family Trust v. FGH Industries, LLC*, No. 06-CV-13984-DT, 2007 WL 2984188, at *5–6 (E.D. Mich. Oct. 12, 2007) (holding that defendants did not waive their right to arbitration where parties' agreement required any waiver of a contractual provision to be in writing, and record contained no written waiver).

[5] The Philips Defendants' intent to enforce their arbitration rights is further supported by the fact that they searched for any agreements governing the sale of CRT Products after the Toshiba Defendants filed their motion to compel arbitration and again after Costco's Rule 30(b)(6) deposition. *See* Malaise Decl. ¶¶ 7, 8. The Philips Defendants thus diligently sought to determine

1  Once Costco finally produced the Arbitration Documents on February 11, 2013, the Philips
2  Defendants acted quickly and consistently to enforce their rights. On April 9, 2013, less than two
3  months after receiving the Arbitration Documents, the Philips Defendants sent a letter to Costco
4  requesting that Costco stipulate to arbitrate its claims. Koons Decl., Ex. K. When Costco refused to
5  abide by the terms of its own contract, the Philips Defendants promptly filed this motion. No further
6  discovery of Costco by the Philips Defendants took place in the interim. Every action the Philips
7  Defendants have taken since they learned of the Arbitration Agreement has been fully consistent
8  with their arbitration rights and thus no waiver has occurred. *See Letizia v. Prudential Bache Secs.,*
9  *Inc.*, 802 F.2d 1185, 1187 n.3 (9th Cir. 1986) (finding no waiver where "Defendants actively
10 pursued their right to arbitrate as soon as they believed, in good faith, that they had such a right");
11 *Kingsbury v. U.S. Greenfiber, LLC*, No. CV08-00151-AHM, 2012 WL 2775022, at *3 (C.D. Cal.
12 June 29, 2012) ("[I]f a party lacks knowledge of an existing right to arbitrate then even extensive
13 litigation conduct is not inconsistent with its arbitration rights.").

14 Further, even if the Court finds that the Philips Defendants can be charged with knowledge of
15 the Arbitration Agreement prior to Costco's production, the Philips Defendants' actions still are fully
16 consistent with their arbitration rights. Costco argues that even if it is compelled to arbitrate its
17 direct claims against the Philips Defendants, its joint and several liability claims should remain in
18 this litigation. *See* Opp. at 18–19. If they will remain defendants regardless of the outcome of this
19 motion, then the Philips Defendants would have engaged in the same discovery and motions
20 practice, no matter when they filed the motion to compel arbitration. They still would have sought
21 the full dismissal of all of the direct action purchasers' ("DAPs") claims as such a motion would
22 remove the Philips Defendants' liability for even Costco's joint and several liability claims. Further,
23 the Philips Defendants still would have sought and been entitled to receive Costco's document
24 productions and written discovery responses. Costco wholly ignores this issue—even though it is
25 obvious on the face of its own Opposition—which renders its argument and authorities inapposite.

---

their arbitration rights, but could not assert those rights until Costco produced the Arbitration
Documents.

1       In addition, while Costco cites out-of-circuit precedent holding that the filing of a motion to
2  dismiss can result in waiver, the "Ninth Circuit has held that even where a party files a motion to
3  dismiss, this alone will not be sufficient to constitute a waiver of the right to compel arbitration."
4  *Nokia*, 2011 WL 2650689, at *7 (citing *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1270–71 (9th
5  Cir. 2002)); *see also Blau v. AT&T Mobility, LLC*, No. C 11-00541 CRB, 2012 WL 566565, at *2
6  (N.D. Cal. Feb. 21, 2012) ("Moreover, 'it is well-established that a party does not waive its right to
7  arbitrate merely by filing a motion to dismiss.'" (quoting *Sharif v. Wellness Int'l Network, Ltd.*, 376
8  F.3d 720, 726 (7th Cir. 2004))). This is especially true where it was the plaintiff that filed the action
9  in disregard of its contractual obligation to arbitrate. *See Brown v. Dillard's, Inc.*, 430 F.3d 1004,
10 1012 (9th Cir. 2005) ("Unsurprisingly, courts are reluctant to find prejudice to the plaintiff who has
11 chosen to litigate, simply because the defendant litigated briefly (e.g., by filing a motion to dismiss
12 or requesting limited discovery) before moving to compel arbitration.").[6]

13      Nor do Costco's scant in-Circuit authorities support a finding of waiver. The Philips
14 Defendants' actions in this matter and the posture of the case when the motion to compel was filed
15 are vastly different from these cases. This is not a case where the motion to compel was filed the
16 day before trial, *see Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 756 (9th Cir. 1988),
17 or after an appeal has been taken and denied, *see Edwards v. First Am. Corp.*, 289 F.R.D. 296, 307
18 (C.D. Cal. 2012).[7] Indeed, the Philips Defendants' actions in this case are at least as consistent with
19 their arbitration rights as were AUO's actions in the *TFT-LCD* MDL, which Judge Illston held did
20 not constitute waiver. *See Nokia*, 2011 WL 2650689, at *7–8. As Judge Illston noted in her
21 opinion, the trial in that action was not scheduled to begin for two years after AUO filed its motion
22 to compel. *Id.* at *7. Similarly, here the trial is not scheduled to begin until March 2015, almost two

---

[6] Similarly, Judge Illston in the *TFT-LCD* MDL found that participating in discovery and taking part in the meet-and-confer process were not "inherently inconsistent" with AU Optronics Corporation's ("AUO") arbitration rights so as to warrant waiver. *Nokia*, 2011 WL 2650689, at *7. *Accord Herko v. Metropolitan Life Ins. Co.*, 978 F. Supp. 141, 148 (W.D.N.Y. 1997) (finding no waiver even though defendant's answer failed to assert right to arbitration, defendant waited eighteen months after answering to move to compel arbitration, and both sides had engaged in discovery).

[7] *See also Lyzwa v. Chu*, No. C-97-20053, 1998 WL 326768 (N.D. Cal. Feb. 2, 1998) (finding waiver where defendant had filed two motions for summary judgment, discovery was complete, and trial date was one month away).

1  years after the motion to compel arbitration was filed. This litigation had not even reached the point
2  for the Philips Defendants to answer Costco's complaint when the motion to compel was filed.
3  Courts have rejected cries of waiver when arbitration was raised in a defendant's answer, let alone
4  six months beforehand as is the case here. *See, e.g.*, *id.*, at *8; *ATSA of Cal., Inc. v. Cont'l Ins. Co.*,
5  702 F.2d 172, 175 (9th Cir. 1983), *amended by* 754 F.2d 1394 (1985). The Philips Defendants'
6  filing of the motion to compel even before filing their answer lays to rest any suggestion that they
7  have waived their arbitration rights. None of Costco's authorities can be read to suggest otherwise.

8  Costco, therefore, has not sustained its "heavy burden" to establish that the Philips
9  Defendants acted inconsistently with their arbitration rights so as to overcome the strong federal
10  policy in favor of arbitration. *See Fisher*, 791 F.2d at 694; *Moses H. Cone Mem'l Hosp.*, 460 U.S. at
11  24–25. To the extent the Court has any doubt whether waiver has occurred, it must decide in favor
12  of arbitration. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25.

### 4. Costco has not suffered any prejudice as a result of the Philips Defendants' alleged delay in seeking arbitration and any prejudice it experienced was self-inflicted.

Even if the Court were to find that the Philips Defendants' actions were inconsistent with their arbitration rights, inconsistent acts alone are insufficient to establish waiver unless Costco has been prejudiced by these acts. *See ATSA*, 702 F.2d at 175 ("[I]nconsistent behavior alone is not sufficient; the party opposing the motion to compel arbitration must have suffered prejudice." (citing *Shinto Shipping Co. v. Fibrex & Shipping Co.*, 572 F.2d 1328, 1330 (9th Cir. 1987))). Costco cannot sustain its "heavy burden"[8] of establishing prejudice because: (1) it would have expended the exact same time and resources regardless of when the motion to compel was filed, (2) any complained prejudice resulted from Costco's own actions, and (3) it has greatly benefited from the Philips Defendants' involvement in the litigation.

---

[8] Costco asserts that it need only show a "modicum of prejudice" to justify waiver. *See* Opp. at 13 (quoting *Rankin v. Allstate Ins. Co.*, 336 F.3d 8, 12 (1st Cir. 2003)). Costco, however, fails to cite any Ninth Circuit precedent adopting such a standard and the Philips Defendants are aware of none. The Court should apply the Ninth Circuit's "heavy burden" standard—which Costco fails to mention—to the prejudice requirement.

1    Costco asserts that it has been prejudiced "[m]ost egregiously" by having to defend against
2 the Philips Defendants' motion to dismiss, which "Costco should never have had to oppose." Opp.
3 at 13. The Ninth Circuit has made clear, however, that having to respond to a motion to dismiss is
4 insufficient prejudice to warrant waiver. *See Sovak*, 280 F.3d at 1270–71. Further, as explained in
5 the previous section, based on Costco's argument, the Philips Defendants would have filed the
6 motion to dismiss regardless of when the motion to compel arbitration was filed in order to seek the
7 dismissal of Costco's joint and several liability claims. Thus, Costco's expenditures—if any[9]—
8 responding to the motion to dismiss would have been spent regardless of when the motion to compel
9 was filed and cannot constitute sufficient prejudice. *See Nokia*, 2011 WL 2650689, at *8 (finding
10 insufficient prejudice where "Nokia would likely still have been required to answer the motion to
11 dismiss"). This is indisputably true given that Defendants LG Electronics, Inc. and LG Electronics
12 USA, Inc. joined in the motion to dismiss. (Dkt. No. 1320, Aug. 20, 2012). There is no reason to
13 believe that Costco would not have had to respond to the exact same type of motion by these
14 defendants even if Costco's claims against the Philips Defendants were fully in arbitration. *See*
15 *Nokia*, 2011 WL 2650689, at *8.

16    Costco also complains about the Philips Defendants' "forty-five discovery requests" which
17 "forced Costco's lawyers to spend dozens of hours and thousands of dollars reviewing the document
18 requests, communicating with Costco's employees, preparing responses and objections to the
19 requests, and engaging in numerous meet-and-confers with counsel for the Philips Defendants."
20 Opp. at 15–16. This argument—like the argument about responding to the motion to dismiss—
21 ignores the fact that, based on Costco's own argument, the Philips Defendants would have remained
22 in this litigation no matter when they filed the motion to compel and thus would have sought and
23 been entitled to the exact same discovery. Given this fact, Costco cannot establish prejudice.[10] *See*

---

[9] Costco has not established that it expended a prejudicial amount of resources defending against the motion to dismiss. This motion was directed against all the DAPs—not just Costco. The opposition briefs were filed by counsel for Best Buy. Costco has not presented any declaration or other evidence establishing any actual prejudice it sustained in "responding" to this motion. Such unsubstantiated claims of prejudice cannot satisfy Costco's "heavy burden" to establish waiver.

[10] Further, Costco's argument that this discovery would not have been available in arbitration is mere speculation. The Arbitration Agreement plainly allows for the production of documents and the taking of depositions. *See* Koons Decl., Ex. E ¶ 20 (requiring the sharing of documents and

THE PHILIPS DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

*Fisher*, 791 F.2d at 697. In *Fisher*, even though there had been "extensive discovery," the Ninth Circuit held that there was insufficient prejudice because the discovery was, at least in part, applicable to nonarbitrable claims that would "remain in federal court." *Id.*; *Letizia*, 802 F.2d at 1187 n.3 (same). *Fisher* is directly applicable here. The discovery requested of Costco was equally applicable to Costco's joint and several liability claims that Costco asserts would "remain in federal court," and thus there is no cognizable prejudice. Indeed, it was only through this discovery (about which Costco now complains) that the Philips Defendants uncovered the existence of the Arbitration Agreement that Costco knew about all along—a fact which itself should preclude Costco from claiming "prejudice."

Costco's complaints about the discovery it produced also misrepresents its actual production. While Costco complains of the prejudicial burden of producing documents to the Philips Defendants, the truth is that the overwhelming majority of documents that Costco has produced simply replicates what Costco had ***already produced*** to the Indirect Purchaser Plaintiffs ("IPPs").[11] *See* Malaise Decl. ¶¶ 6, 10; *see also* Opp. at 3 (conceding that the IPPs had previously "subpoenaed Costco and requested that Costco produce transaction data related to purchase and sale of CRT televisions and monitors ("CRT Products") during the conspiracy"). Costco did not produce any material information on the merits of its claims beyond that which it had previously produced. *See* Malaise Decl. ¶ 10. Indeed, the little additional information Costco produced consisted almost entirely of its belated production of vendor agreements and standard terms that are directly relevant to Defendants' arbitration rights. *Id.* Costco's production of such information has already been found insufficient to warrant waiver. *Costco*, 2011 WL 4017961, at *5 (finding no waiver where defendants sought "discovery to matters involving the arbitrability of Costco's claims once the issue of arbitration arose").

---

information relevant to the claim and allowing the arbitrator to permit "such depositions or other discovery deemed necessary for a fair hearing"). Such speculation cannot satisfy Costco's "heavy burden" to establish waiver.

[11] Costco does not assert that the Philips Defendants had any involvement in the IPPs' document requests or that these requests would not have been served if the Philips Defendants had sought arbitration sooner.

- 12 -  MDL 1917

THE PHILIPS DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

Costco's complaints of prejudice also ignore the nature of this litigation. PENAC did not serve discovery requests on Costco on its own behalf or merely for its own benefit, but rather on behalf of numerous defendants that Costco named in its complaint. It is illogical to believe that if the Philips Defendants had not taken the lead in seeking discovery from Costco that some other defendant would not have done so.[12] Costco would have been required to produce the exact same discovery regardless of whether the Philips Defendants had been able to seek to compel arbitration sooner. Judge Illston in the *TFT-LCD* MDL rejected this very argument on multiple occasions. In granting AUO's motion to compel arbitration against Nokia, Judge Illston noted that AUO was only one of numerous defendants, which meant that Nokia would have been required to comply with discovery requests regardless of whether AUO had sought to compel arbitration sooner. *Nokia*, 2011 WL 2650689, at *8; *see also Costco*, 2011 WL 4017961, at *5 (same). Therefore, the time spent on producing documents, answering written discovery, and providing a witness for deposition would have happened regardless of the timing of the motion to compel and cannot satisfy the heavy burden of prejudice that Costco must establish.[13]

Costco also makes the exceedingly hypocritical argument that the Philips Defendants engaged in "gamesmanship" by filing the motion to compel in the alternative to their motion to dismiss. *See* Opp. at 14. After all, it was Costco who—knowing that it had a ***mandatory*** arbitration agreement with the Philips Defendants that required a written waiver—disregarded its contractual obligations and filed this action without seeking the Philips Defendants' written waiver. Indeed, Costco blithely dismisses its obligation to arbitrate its claims, stating that it "made a conscious

---

[12] The interrogatories and document requests of which Costco complains were jointly issued by Toshiba America Electronic Components, Inc. ("TAEC"). *See* Weiss Decl., Exs. B, C; Malaise Decl. ¶¶ 3, 4. There is no reason to believe that TAEC would not have issued these discovery requests if PENAC's claims were in arbitration. In addition, other defendants served nearly identical discovery requests on other DAPs on the very same day that PENAC and TAEC served their discovery requests on Costco, clearly establishing that this was a joint discovery effort. Malaise Decl. ¶¶ 3, 4. Finally, that same day, other defendants also served discovery requests on Costco. *Id.* ¶ 5. There is no reason to believe that these discovery requests would not have been served if the Philips Defendants had sought to compel arbitration sooner.

[13] Costco's reliance on its production of a witness for a Rule 30(b)(6) deposition is particularly unpersuasive. As Costco itself recognizes, this deposition was taken for the purpose of allowing defendants to oppose the IPPs' motion for class certification. *See* Opp. at 5. Given that numerous defendants joined in this opposition, it is without question that another defendant would have taken this deposition even in the Philips Defendants' absence.

- 13 - MDL 1917

THE PHILIPS DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

decision that arbitration was not the best method for resolving its claims," even though it did not inform defendants (or the Court) of this choice when filing its complaint. *See id.* at 9. It was then Costco that delayed and obstructed the Philips Defendants' ability to obtain the Arbitration Documents for nine months. And it was Costco—knowing that the Philips Defendants had not waived their rights under the Arbitration Agreement—who never sought a protective order to prevent the disclosure of the materials that it now claims to have prejudiced its case. *See Shinto Shipping Co.*, 572 F.2d at 1330–31 (finding that "[t]he lack of prejudice [to the party opposing arbitration] becomes even more apparent" given that it never sought "any sort of protective order . . . to limit the known improper discovery"). This is the relevant gamesmanship and any alleged delay in the filing of the motion to compel arbitration rests solely with Costco. The Philips Defendants' decision to file their motion to compel in the alternative to their motion to dismiss, which Costco criticizes, was wholly appropriate given that the motion to dismiss had already been filed, was targeted against all of the DAPs, and would remove the Philips Defendants' liability for even Costco's joint and several liability claim.[14]

Costco also fails to mention the immense benefits it has received and will continue to receive by the Philips Defendants' participation in this litigation. Costco has received thousands of pages of documents from the Philips Defendants, a Rule 30(b)(6) deposition, and reams of the Philips Defendants' highly sensitive data—entirely by free-riding off of the efforts of *other* plaintiffs. Far from being burdened by discovery, Costco will benefit in the arbitration by its access to the full discovery record in this action. *See Nokia*, 2011 WL 2650689, at *8 (finding Nokia could not demonstrate requisite prejudice because of its benefitted from involvement in litigation as it "may be able to use some of the information i[t] has obtained in the arbitration").

Costco has not been prejudiced in this case and certainly cannot meet its "heavy burden" to establish prejudice sufficient to overcome the strong federal policy in favor of arbitration. *See Fisher*, 791 F.2d at 694; *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25. Again, to the extent the

---

[14] Costco's reliance on cases where a motion to compel arbitration was filed after an unfavorable result in litigation are inapplicable. *See* Opp. at 14–15. The Philips Defendants filed the motion to compel arbitration prior to this Court's ruling on their motion to dismiss and after Special Master Legge had recommended that the motion to dismiss ***be granted***.

Court has any doubt whether waiver has occurred, it must decide in favor of arbitration. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25.

### III. CONCLUSION

For the foregoing reasons and those expressed in the Philips Defendants' memorandum in support of their motion to compel arbitration, the Philips Defendants respectfully request that the Court enter an order compelling Costco to arbitrate its claims against the Philips Defendants and dismissing Costco's claims based on its alleged purchase of CRTs from the Philips Defendants.

Dated: November 13, 2013

Respectfully submitted,

By: /s/ Erik T. Koons
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
**BAKER BOTTS L.L.P.**
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostyoich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

***Attorneys for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation***

1

**CERTIFICATE OF SERVICE**

2   On November 13, 2013, I caused a true and correct copy of "THE PHILIPS DEFENDANTS'
3   REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION" to be
4   electronically filed via the Court's Electronic Case Filing System, which constitutes service in this
5   action pursuant to the Court's order of September 29, 2008.

6

7    /s/ Erik T. Koons

8    Erik T. Koons (appearing *pro hac vice*)