1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   GARY L. HALLING, Cal. Bar No. 66087
3  JAMES L. McGINNIS, Cal. Bar No. 95788
   MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4  TYLER M. CUNNINGHAM, Cal. Bar No. 243694
   Four Embarcadero Center, 17th Floor
5  San Francisco, California  94111-4106
   Telephone:    415-434-9100
6  Facsimile:    415-434-3947
   E-mail:       ghalling@sheppardmullin.com
7                jmcginnis@sheppardmullin.com
                 mscarborough@sheppardmullin.com
8                tcunningham@sheppardmullin.com

9  Attorneys for Defendants
   SAMSUNG SDI AMERICA, INC.,
10 SAMSUNG SDI CO., LTD.,
   SAMSUNG SDI (MALAYSIA) SDN. BHD.,
11 SAMSUNG SDI MEXICO S.A. DE C.V.,
   SAMSUNG SDI BRASIL LTDA.,
12 SHENZEN SAMSUNG SDI CO., LTD. and
   TIANJIN SAMSUNG SDI CO., LTD.

13

14                    UNITED STATES DISTRICT COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16                         SAN FRANCISCO DIVISION

17 | | Case No. 07-5944 SC |
   In re: CATHODE RAY TUBE (CRT)
18 ANTITRUST LITIGATION                    MDL No. 1917

19                                         **DECLARATION OF TYLER M.
                                           CUNNINGHAM IN SUPPORT OF
20                                         DIRECT PURCHASER PLAINTIFFS'
   This Document Relates to:               ADMINISTRATIVE MOTION TO SEAL
21                                         DOCUMENTS PURSUANT TO CIVIL
     DIRECT PURCHASER ACTIONS              LOCAL RULES 7-11 AND 79-5(d)**
22
                                           [re Samsung SDI documents]
23

24

25

26

27

28

I, TYLER M. CUNNINGHAM, do declare and state as follows:

1. I am a member of the bar of the State of California and an associate with Sheppard, Mullin, Richter & Hampton LLP, counsel of record for defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd. (collectively "SDI") in these actions. I make this declaration in support of Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. No. 2208) ("Motion to Seal"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306) ("Protective Order").

3. I have reviewed the Reply Brief In Support of Direct Purchaser Plaintiffs' Motion for Class Certification, ("Reply"), the Declaration of Geoffrey C. Rushing in Support of Reply Brief in Support of Direct Purchaser Plaintiffs' Motion for Class Certification ("Rushing Declaration"), the exhibits thereto, and the Reply Expert Report of Dr. Jeffrey J. Leitzinger, Ph.D. ("Leitzinger Reply Report"), all of which were lodged on November 11, 2013.

4. Pursuant to Civil Local Rules 7-11 and 79-5, this Court's General Order No. 62, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Protective Order, I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal the following documents, which quote from, contain, reflect or describe documents or information designated by SDI as "Confidential" or "Highly Confidential:" (i) Exhibit 1 to the Rushing Declaration (Direct Purchaser Plaintiffs' Supplemental Responses to Samsung SDI America, Inc.'s First Set of Interrogatories to Direct Purchaser Plaintiffs); (ii) Exhibit 5 to the Rushing Declaration (Memorandum of Law in Support of Defendants' Motion to Strike the

1  Proposed Expert Testimony of Dr. Janet S. Netz); (iii) Exhibit 7 to the Rushing Declaration
2  (excerpts from the deposition of Jae In Lee, who was designated as a Fed. R. Civ. P. 30(b)(6)
3  witness for SDI); (iv) portions of the Reply that quote from, contain, reflect or describe documents
4  or information designated by SDI as "Confidential" or "Highly Confidential"; and (v) portions of
5  the Leitzinger Reply Report that quote from, contain, reflect or describe documents or information
6  designated by SDI as "Confidential" or "Highly Confidential."

7        5.    **Exhibit 1.**  Rushing Declaration Exhibit 1 is Direct Purchaser Plaintiffs'
8  Supplemental Responses to Samsung SDI America, Inc.'s First Set of Interrogatories to Direct
9  Purchaser Plaintiffs.  Exhibit 1 quotes from, contains, reflects or describes documents or
10 information designated by SDI as "Confidential" or "Highly Confidential," including documents
11 or information concerning SDI's production methods, capabilities and strategies, and SDI's
12 analysis of display market and competitive positions.  I am informed and believe that this is
13 sensitive information, and public disclosure of such information risks undermining SDI's business
14 relationships, causing it harm with respect to its competitors and customers, and/or putting SDI at
15 a competitive disadvantage.  Substantial portions of Exhibit 1 repeat verbatim portions of Direct
16 Purchaser Plaintiffs' Motion for Class Certification, which the Court previously ordered sealed.
17 *See* Dkt. No. 1698.  Accordingly, SDI requests that the Court order that Exhibit 1 be maintained
18 under seal.

19       6.    **Exhibit 5.**  Rushing Declaration Exhibit 5 is a Memorandum of Law in
20 Support of Defendants' Motion to Strike the Proposed Expert Testimony of Dr. Janet S. Netz.
21 Exhibit 5 quotes from, contains, reflects or describes documents or information designated by SDI
22 as "Confidential" or "Highly Confidential," including documents or information concerning SDI's
23 production methods, capabilities and strategies, and SDI's pricing practices and business practices.
24 I am informed and believe that this is sensitive information, and public disclosure of such
25 information would risk undermining SDI's business relationships, causing it harm with respect to
26 its competitors and customers, and/or putting SDI at a competitive disadvantage.  The Court
27 previously sealed portions of Exhibit 5.  *See* Dkt. No. 1512.  Accordingly, SDI requests that the
28

1  Court order that Exhibit 5 be maintained under seal.

2         7.      **Exhibit 7.**  Rushing Declaration Exhibit 7 is an excerpt from the deposition
3  of Jae In Lee, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for SDI.  SDI designated
4  these excerpts of the deposition transcript "Highly Confidential" under the Protective Order.  This
5  excerpt contains information concerning SDI's pricing strategies and procedures.  I am informed
6  and believe that this is sensitive information, and public disclosure of such information would risk
7  undermining SDI's business relationships, causing it harm with respect to its competitors and
8  customers, and/or putting SDI at a competitive disadvantage.  Accordingly, SDI requests that the
9  Court order that Exhibit 7 be maintained under seal.

10         8.      The Reply and the Leitzinger Reply Report quote from, contain, reflect or
11  describe documents or information designated by SDI as "Confidential" or "Highly Confidential."
12  I am informed and believe that SDI considers any such statement in the Reply or Leitzinger Reply
13  Report to be confidential, and that public disclosure of such information would risk undermining
14  SDI's business relationships, causing it harm with respect to its competitors and customers, and/or
15  putting SDI at a competitive disadvantage.   Accordingly, SDI requests that the Court order that all
16  portions of the Reply and the Leitzinger Reply Report that quote from, contain, reflect or describe
17  documents or information designated by SDI as "Confidential" or "Highly Confidential"  be
18  maintained under seal.

19       I declare under penalty of perjury of the laws of the United States that the foregoing
20  is true and correct.

21       Executed on November 15, 2013 at San Francisco, California.

22                                */s/ Tyler M. Cunningham*
23                                TYLER M. CUNNINGHAM