Eliot A. Adelson (State Bar No. 205284)
James Maxwell Cooper (State Bar No. 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants,
HITACHI, LTD.; HITACHI DISPLAYS, LTD. (n/k/a/ JAPAN DISPLAY INC.); HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; AND HITACHI ELECTRONIC DEVICES (USA), INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE NO. 07-5944 SC |
| | MDL NO. 1917 |
| This Document Relates To: ALL DIRECT PURCHASER ACTIONS | **DECLARATION OF ELIOT A. ADELSON IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

I, Eliot Adelson, declare as follows:

1. I am a member of the bar of the State of California and an attorney at the law firm of Kirkland & Ellis LLP, counsel for defendants Hitachi, Ltd. ("HTL"), Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd. ("HAL"), Hitachi Asia, Ltd. ("HAS"), and Hitachi Electronic Devices (USA), Inc. ("HED(US)") (collectively, the "Hitachi Defendants") in these actions.

2. I make this declaration in support of the Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. No. 2208) ("Motion to Seal").  Except for those matters stated on information and belief, which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

3. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. No. 306).

4. The Hitachi Defendants have disclosed or produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5. I have reviewed the Reply Brief in Support of Direct Purchaser Plaintiffs' Motion for Class Certification ("Reply"), the Declaration of Geoffrey C. Rushing in Support of the Reply Brief in Support of Direct Purchaser Plaintiffs' Motion for Class Certification ("Rushing Declaration"), the exhibits thereto, and the Reply Expert Report of Dr. Jeffrey J. Leitzinger, Ph.D. ("Leitzinger Reply Report"), all of which were lodged on November 11, 2013.

6. Pursuant to Civil Local Rules 7-11 and 79-5, this Court's General Order No. 62, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, I make this declaration on behalf of the Hitachi Defendants to provide the Court with a basis to maintain under seal the following documents, which quote from, contain, reflect, or describe documents or information designated by the Hitachi Defendants as "Confidential" or "Highly Confidential":

a. Exhibit 1 to the Rushing Declaration which is the Direct Purchaser Plaintiffs' Supplemental Responses to Samsung SDI America, Inc.'s First Set of Interrogatories to Direct Purchaser Plaintiffs that cites to and quotes from documents that the Hitachi Defendants have designated "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order;

b. The numerous redacted paragraphs and footnotes from Exhibit 5 to the Rushing Declaration which is a previously sealed Memorandum of Law in Support of Defendants' Motion to Strike the Proposed Testimony of Dr. Janet S. Netz that describes, quotes from, and/or summarizes information from documents and the transcripts of depositions that the Hitachi Defendants have designated "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order; and

c. The Reply and Leitzinger Reply Report, which, upon information and belief, quote from, reference, or describe documents or information designated as "Confidential" or "Highly Confidential" by the Hitachi Defendants pursuant to the Stipulated Protective Order.

7. Each of the documents listed in Paragraph 6 consist of, quote from, and/or contain confidential, non-public, proprietary, and highly sensitive business information. The documents contain confidential, nonpublic information about the Hitachi Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies that remain important to the Hitachi Defendants' competitive positions. Upon information and belief, the public disclosure of this sensitive information presents a risk of undermining the Hitachi Defendants' relationships and would put the Hitachi Defendants at a competitive disadvantage.

8. I am informed and believe that the Hitachi Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in the documents listed in Paragraph 6.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 15th day of November, 2013, at San Francisco, California.

                                        */s/ Eliot A. Adelson*
                                        Eliot A. Adelson