# ATTACHMENT 4

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to<br>Case No. 13-cv-1173-SC (N.D. Cal.)<br><br>SHARP ELECTRONICS CORPORATION., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HITACHI, LTD., *et al.*,<br><br>Defendants. | **DECLARATION OF MATTHEW N. FRUTIG IN SUPPORT OF THE TOSHIBA DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS SHARP'S FIRST AMENDED COMPLAINT** |

DECLARATION OF MATTHEW N. FRUTIG IN SUPPORT OF THE TOSHIBA DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION TO DISMISS SHARP'S FIRST AMENDED COMPLAINT
Case No. C 07-5944-SC
MDL No. 1917

I, Matthew N. Frutig, hereby declare as follows:

1. I am attorney with the law firm of White & Case LLP, counsel for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc. (collectively, the "Toshiba Defendants").

2. I submit this declaration in support of the Toshiba Defendants' Reply in Support of their Motion to Dismiss Sharp's First Amended Complaint, filed contemporaneously herewith. I have personal knowledge of the facts stated herein, and I could and would competently testify thereto if called as a witness.

3. Attached hereto as Exhibit A is a true and correct copy of excerpts from the Defendants' Joint Notice of Motion and Motion to Compel Arbitration, *In re TFT-LCD Antitrust Litigation*, No. 11-00058, (N.D. Cal. July 25, 2011), ECF No. 31.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th Day of November, 2013, in Washington, D.C.


Matthew N. Frutig

DECLARATION OF MATTHEW N. FRUTIG IN SUPPORT OF THE TOSHIBA DEFENDANTS'
REPLY IN SUPPORT OF THEIR MOTION TO DISMISS SHARP'S FIRST AMENDED COMPLAINT
Case No. C 07-5944-SC
MDL No. 1917

# Exhibit A to the Frutig Declaration

1  John H. Chung (*pro hac vice*)
   WHITE & CASE LLP
2  1155 Avenue of the Americas
   New York, NY 10036
3  Telephone: (212) 819-8200
   Facsimile: (212) 354-8113
4
   Christopher M. Curran (*pro hac vice*)
5  Kristen J. McAhren (*pro hac vice*)
   WHITE & CASE LLP
6  701 Thirteenth Street, NW
   Washington, DC 20005
7  Telephone: (202) 626-3600
   Facsimile: (202) 639-9355
8
9  *Attorneys for Toshiba Corporation, Toshiba
   Mobile Display Co., Ltd., Toshiba America
10 Electronic Components, Inc. and Toshiba
   America Information Systems, Inc.*
11

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. 3:07-md-1827-SI<br>MDL No. 1827 |
| This Document Relates to:<br>Case No. 3:11-cv-00058-SI | **DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**<br>**ORAL ARGUMENT REQUESTED** |
| COSTCO WHOLESALE CORPORATION,<br>Plaintiff,<br>v.<br>AU OPTRONICS CORPORATION, et al.,<br>Defendants. | Date: August 26, 2011<br>Time: 9:00 a.m.<br>Dept.: Courtroom 10, 19th Floor<br>Judge: Hon. Susan Illston |

claims brought by Costco have been found to be arbitrable. *See Mendez v. Palm Harbor Homes, Inc.*, 45 P.3d 594, 599 (Wash. Ct. App. 2002) ("In Washington it is well settled that [Consumer Protection Act] and other statutory claims are subject to arbitration under the FAA."); *Crown Homes, Inc. v. Landes*, 22 Cal. App. 4th 1273, 1280 (Cal. Ct. App. 1994) ("[T]here is nothing in the arbitration statutes or the Cartwright Act which indicates that an antitrust claim is not arbitrable."); *Aztec Med. Servs., Inc. v. Burger*, 792 So.2d 617, 622 (Fla. Dist. Ct. App. 2001). There is no reason to believe that Costco's Illinois or Arizona state-law claims are not arbitrable as both States' laws favor the enforcement of arbitration agreements. *See D.E. Wright Elec., Inc. v. Henry Ross Const. Co., Inc.*, 538 N.E.2d 1182 (Ill. App. Ct. 1989) ("Arbitration is a favored method of resolving disputes in Illinois."); *U.S. Insulation, Inc. v. Hilro Const. Co., Inc.*, 705 P.2d 490, 498 (Ariz. Ct. App. 1985).

### E. All of Costco's Claims Against All Defendants Must Be Arbitrated

Costco must arbitrate its claims with Samsung Electronics America, Inc. and Sharp Electronics Corp.—Defendants with which it indisputably entered into express agreements to arbitrate. *See Amsil Holdings Ltd. v. Clarium Capital Mgmt.*, 622 F. Supp. 2d 825, 830 (N.D. Cal. 2007).

Costco similarly must arbitrate with Defendants whose affiliates entered into arbitration agreements with Costco—the other named Samsung and Sharp Defendants, as well as the named Epson, Toshiba and LG Defendants—as a Plaintiff is estopped from refusing to arbitrate with a corporate family member alleged to be liable for overcharges incurred on an affiliate's contract. *See Fujian Pacific Elec. Co., Ltd v. Bechtel Power Corp.*, No. C 04-3126 MHP, 2004 WL 2645974 at * 6 (N.D. Cal. Nov. 19, 2004) (stating that "[w]hen the charges against a parent company and its subsidiary are based on the same facts and are inherently inseparable, a court may refer claims against the parent to arbitration even though the parent is not formally a party to the arbitration agreement") (quoting *J.J. Ryan & Sons, Inc. v. Rhose Poulenc Textile, S.A.*, 863 F.2d 315, 321-22 (4th Cir. 1988)); *JLM*, 387 F.3d at 177-78. While that alone would be enough for these Defendants to require Costco to abide by its own arbitration terms, Costco moreover alleges that all members of corporate families were "active, knowing participants" in

the alleged conspiracy (Compl. ¶ 50) and treats all corporate family members as a single entity, claiming that "the conspiracy was implemented by subsidiaries and distributors within a corporate family." (Costco Opp. at 15.) Because Costco alleges that all members of Defendants' corporate families are liable for their affiliates' alleged actions, Costco must arbitrate with the named Defendants even where their agreement to arbitrate was with a non-named affiliate of that Defendant.

The fact that not all Defendants are signatories to a Vendor Agreement with Costco does not mean they are not entitled to arbitrate Costco's claims against them. "[A]n obligation to arbitrate does not attach *only* to those who actually signed the agreement to arbitrate." *Amisil*, 662 F. Supp. 2d at 830; *JLM*, 387 F.3d at 177 ("under principles of estoppel, a non-signatory to an arbitration agreement may compel a signatory to that agreement to arbitrate"). A signatory to an agreement to arbitrate, like Costco, can be compelled to arbitrate claims where it has been alleged that the non-signatory parties are agents or that their liability is otherwise intertwined with the agreement to arbitrate. *See Mundi v. Union Security Life Ins. Co.*, 555 F.3d 1042, 1046 (9th Cir. 2009); *Fujian Pac. Elec. Co. Ltd.*, 2004 WL 2645974, at *6 ("A signatory cannot . . . have it both ways: it cannot one the one hand, seek to hold the non-signatory liable pursuant to the duties imposed by the agreement, which contains an arbitration provision, but on the other hand, deny the arbitration provision's applicability because the defendants is a non-signatory."); *Hawkins v. KPMG, LLP*, 423 F. Supp. 2d 1038, 1050-52 (N.D. Cal. 2006) (same, quoting *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999)); *Hansen v. KPMG, LLP*, No. CV 04-10525-GLT, 2005 WL 6051705, at *3 (C.D. Cal. Mar. 29, 2005) (compelling a plaintiff signatory to arbitration where "[p]laintiff's allegations plead interdependent and concerted misconduct" by a signatory and non-signatory defendants). Since Costco has already agreed to arbitrate all claims related to its LCD purchasing contracts, the only issue for the Court to decide is whether Costco's claims relate to its purchases of LCD products.

Here, Costco alleges that interdependent and concerted conduct by all Defendants, acting as one, caused injury to Costco for its purchases under all of its LCD Vendor Agreements. It alleges that all Defendants participated in a single conspiracy. (Compl. ¶ 1.) It alleges that each

## V. CONCLUSION

For these reasons, Defendants respectfully request that the Court compel Costco to arbitrate its claims against all Defendants and stay this action in its entirety.

Respectfully submitted,

Dated: July 22, 2011  WHITE & CASE LLP

By: /s/ Kristen J. McAhren
    John H. Chung (*pro hac vice*)
    WHITE & CASE LLP
    1155 Avenue of the Americas
    New York, NY 10036
    Telephone:(212) 819-8200
    Facsimile: (212) 354-8113

    Christopher M. Curran (*pro hac vice*)
    Kristen J. McAhren (*pro hac vice*)
    WHITE & CASE LLP
    701 Thirteenth Street, NW
    Washington, DC 20005
    Telephone: (202) 626-3600
    Facsimile: (202) 639-9355

*Attorneys for Toshiba Corporation, Toshiba Mobile Display Co., Ltd., Toshiba America Electronic Components, Inc. and Toshiba America Information Systems, Inc.*

By: /s/ Christopher A. Nedeau
    Christopher A. Nedeau (SBN 81297)
    Carl L. Blumenstein (SBN 124158)
    Allison Dibley (SBN 213104)
    NOSSAMAN LLP
    50 California Street, 34th Floor
    San Francisco, CA 94111
    (415) 398-3600 (Phone)
    (415) 398-2438 (Facsimile)
    cnedeau@nossaman.com

*Attorneys for AU Optronics Corporation and AU Optronics Corporation America*

|     |                                                                                                   |
|-----|---------------------------------------------------------------------------------------------------|
| 1   | By: /s/ Christopher B. Hockett                                                                    |
| 2   | Christopher B. Hockett (SBN 121539)<br>Neal A. Potischman (SBN 254862)                            |
| 3   | Sandra West (SBN 250389)<br>Samantha H. Knox (SBN 254427)                                         |
| 4   | Micah G. Block (SBN 270712)<br>1600 El Camino Real                                                |
| 5   | Menlo Park, California 94025<br>(650) 752-2000 / (650) 752-2111                                   |
| 6   | chris.hockett@davispolk.com<br>neal.potischman@davispolk.com                                      |
| 7   | sandra.west@davispolk.com<br>samantha.knox@davispolk.com                                          |
| 8   | micah.block@davispolk.com                                                                         |
| 9   | Jonathan D. Martin (admitted pro hac vice)<br>Bradley R. Hansen (admitted pro hac vice)           |
| 10  | DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue                                                 |
| 11  | New York, NY 10017<br>(212) 450-4000 / (212) 701-5800                                             |
| 12  | jonathan.martin@davispolk.com<br>bradley.hansen@davispolk.com                                     |
| 13  |                                                                                                   |
| 14  | *Attorneys for Defendants Chimei Innolux Corporation (f/k/a Chi Mei Optoelectronics Corp.),*      |
| 15  | *Chi Mei Optoelectronics USA, Inc., and CMO Japan Co., Ltd.*                                      |
| 16  | By: /s/ Stephen P. Freccero                                                                       |
| 17  | Melvin R. Goldman (CA SBN 34097)<br>Stephen P. Freccero (CA SBN 131093)                           |
| 18  | Derek F. Foran (CA SBN 224569)<br>MORRISON & FOERSTER LLP                                         |
| 19  | 425 Market Street<br>San Francisco, CA 94105-2482                                                 |
| 20  | (415) 268-7000 (Phone)<br>(415) 268-7522 (Facsimile)                                              |
| 21  | sfreccero@mofo.com                                                                                |
| 22  | *Attorneys for Epson Imaging Devices Corporation and Epson Electronics America, Inc.*             |
| 23  |                                                                                                   |
| 24  |                                                                                                   |
| 25  |                                                                                                   |
| 26  |                                                                                                   |
| 27  |                                                                                                   |
| 28  |                                                                                                   |

| | |
|---|---|
| 1 | By: /s/ Ramona M. Emerson |
| 2 | Hugh F. Bangasser (*pro hac vice*) |
|   | Ramona M. Emerson (*pro hac vice*) |
| 3 | K&L GATES LLP |
|   | 925 Fourth Avenue, Suite 2900 |
| 4 | Seattle, WA 98004-1158 |
|   | (206) 623-7580 (Phone) |
| 5 | (206) 623-7022 (Facsimile) |
|   | Ramona.Emerson@klgates.com |

Jeffrey L. Bornstein, (CA SBN 99358)
K&L GATES LLP
55 Second Street, Suite 1700
San Francisco, CA, 94105-3493
Phone:  (415) 882-8200
Fax:    (415) 882-8220

*Counsel for Defendant HannStar Display Corporation*

By: /s/ Kent M. Roger
Kent M. Roger (State Bar No. 95987)
Michelle Kim-Szrom (State Bar No. 252901)
MORGAN LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
(415) 442-1000 (Phone)
(415) 442-1001 (Facsimile)
kroger@morganlewis.com

*Attorneys for Hitachi, Ltd., Hitachi Displays, Ltd. and Hitachi Electronic Devices (USA), Inc.*

By: /s/ Michael R. Lazerwitz
Michael R. Lazerwitz (PRO HAC VICE)
Jeremy J. Calsyn (State Bar No. 205062)
Lee F. Berger (State Bar No. 222756)
CLEARY GOTTLIEB
STEEN & HAMILTON LLP
2000 Pennsylvania Ave., NW
Washington, DC 20006
(202) 974-1500 (Phone)
(202) 974-1999 (Facsimile)
mlazerwitz@cgsh.com

*Attorneys for LG Display Co., Ltd., and LG Display America, Inc.*

| | |
|---|---|
| 1 | By: /s/ Robert Wick |
| 2 | Robert Wick (pro hac vice) |
| | Neil Roman (pro hac vice) |
| 3 | Derek Ludwin (pro hac vice) |
| | COVINGTON & BURLING LLP |
| 4 | 1201 Pennsylvania Ave., NW |
| | Washington, DC 20004 |
| 5 | (202) 662-6000 (Phone) |
| | (202) 662-6291 (Facsimile) |
| 6 | rwick@cov.com |

Attorneys for Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc. and Samsung Electronics America, Inc.

By: /s/ John M. Grenfell
John M. Grenfell (State Bar No. 88500)
Jacob R. Sorensen (State Bar No. 209134)
Fusae Nara (pro hac vice)
Andrew D. Lanphere (State Bar No. 191479)
PILLSBURY WINTHROP
SHAW PITTMAN LLP
50 Fremont Street
San Francisco, CA 94105
(415) 983-1000 (Phone)
(415) 983-1200 (Facsimile)
john.grenfell@pillsburylaw.com

Attorneys for Sharp Corporation and Sharp Electronics Corp.

By: /s/ Rachel S. Brass
Rachel S. Brass (State Bar No. 219301)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
Suite 3000
San Francisco, California 94105-2933
Telephone: (415) 393-8200
Facsimile: (415) 393-8306
RBrass@gibsondunn.com

Attorneys for Chunghwa Picture Tubes, Ltd. and Tatung Co. of America, Inc.

Attestation: The filer of this document asserts that the concurrence of the signatories thereto has been obtained.