1  Christopher M. Curran (*pro hac vice*)
   ccurran@whitecase.com
2  Lucius B. Lau (*pro hac vice*)
3  alau@whitecase.com
   Dana E. Foster (*pro hac vice*)
4  defoster@whitecase.com
5  White & Case LLP
   701 Thirteenth Street, N.W.
6  Washington, DC  20005
7  Telephone:  (202) 626-3600
   Facsimile:  (202) 639-9355
8

9  *Counsel to Defendants Toshiba Corporation,*
   *Toshiba America Information Systems, Inc.,*
10 *and Toshiba America Electronic Components, Inc.*

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to<br>Case No. 13-cv-02171-SC<br><br>DELL INC. and DELL PRODUCTS L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>HITACHI, LTD., *et al.*,<br><br>Defendants. | **THE TOSHIBA DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS DELL'S FIRST AMENDED COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:   December 20, 2013<br>Time:   10:00 a.m.<br>Before: Hon. Samuel Conti |

**TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................................1

ARGUMENT.........................................................................................................................2

I.    Dell's Complaint Should Be Dismissed With Respect To The Toshiba Defendants Because Dell Has Failed To Allege Facts Sufficient To Confer Standing Under The "Ownership Or Control" Exception To *Illinois Brick*......................2

    A.    Dell Fails To Sufficiently Plead Facts To Confer Standing For Its Alleged CRT Product Purchases From "OEMs" And "Other Suppliers" ..................................................................................................................2

    B.    Dell's Allegations Of Conspiracy By "Group Pleading" Fail To Adequately Establish Standing ............................................................................3

    C.    The October 1, 2013 Stipulation Preserves The Ability Of The Toshiba Defendants To Argue That Dell's First Amended Complaint Does Not Contain Sufficient Allegations Of "Ownership Or Control" ...............6

CONCLUSION.......................................................................................................................8

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

# TABLE OF AUTHORITIES

Cases                                                                                                    Page

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................... 3

*Bray v. Safeway Stores, Inc.*,
    392 F. Supp. 851 (N.D. Cal. 1975) .................................................................... 6

*Conley v. Gibson*,
    355 U.S. 41 (1957) ............................................................................................. 3

*Illinois Brick Co. v. Illinois*,
    431 U.S. 720 (1977) ........................................................................................... 3

*In re ATM Fee Antitrust Litig.*,
    686 F.3d 741 (9th Cir. 2012) ......................................................................... 1, 4

*In re: CRT Antitrust Litig.*,
    MDL No. 07-5944 (N.D. Cal. Aug. 21, 2013) ................................................. 1

*In re G-Fees Antitrust Litig.*,
    584 F. Supp. 2d 26 (D.D.C. 2008) .................................................................... 5

*In re Mercedes-Benz Antitrust Litig.*,
    157 F. Supp. 2d 355 (D.N.J. 2001) ................................................................... 5

*In re Mushroom Direct Purchaser Antitrust Litig.*,
    No. 06-cv-0620, 2008 WL 583906 (E.D. Pa. Mar. 3, 2008) ............................ 5

*In re New Motor Vehicles Canadian Export Antitrust Litig.*,
    522 F.3d 6 (1st Cir. 2008) ................................................................................. 6

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    No. M 07-1827 SI, 2013 WL 1164897 (N.D. Cal Mar. 20, 2013) ................... 2

*Kendall v. Visa U.S.A., Inc.*,
    518 F.3d 1042 (9th Cir. 2008) ............................................................. 1, 3, 4, 5

*Marder v. Lopez,*
    450 F.3d 445 (9th Cir. 2006) ............................................................................ 7

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

*Operating Eng'rs' Pension Trust Fund v. Clark's Welding & Machine*,
  688 F. Supp. 2d 902 (N.D. Cal. 2010) ............................................................................. 7

*Papasan v. Allain*,
  478 U.S. 265 (1986) ......................................................................................................... 3

*Prince Heaton Enters. v. Buffalo's Franchise Concepts, Inc.*,
  117 F. Supp. 2d 1357 (N.D. Ga. 2000) ............................................................................ 5

*Scognamillo v. Credit Suisse First Boston LLC*,
  No. C03-2061 TEH, 2005 WL 2045807 (N.D. Cal. Aug. 25, 2005) ................................ 2

*United States v. Oregon State Medical Soc.*,
  343 U.S. 326 (1952) ......................................................................................................... 6

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTRODUCTION**

In their opposition, Plaintiffs Dell Inc. and Dell Products L.P. (collectively, "Dell") make little effort to defend the deficiencies in their First Amended Complaint ("FAC"). Dell completely ignores the FAC's failure to include any facts supporting the application of the "ownership or control" exception to Dell's purchases from "OEMs" and "other suppliers." The Court should treat this failure as a concession by Dell that it does not have standing to recover damages based on these purchases. Rather than rely upon its own complaint as a defense, Dell provides a declaration of its counsel. Even if the Court were to consider this document, it should still grant the Toshiba Defendants' motion to dismiss because the declaration is as conclusory and superficial as the FAC itself. As to its "group pleading" allegations (whereby Dell fails to name the defendants from which it purchased CRT Products and makes its "ownership or control" allegations by mere reference to "subsidiaries," "affiliates," and "agents"), Dell cannot reconcile its position with the Ninth Circuit's pronouncements in *In re ATM Fee Antitrust Litig.*, 686 F.3d 741 (9th Cir. 2012), and *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008). Finally, Dell argues that the briefing stipulation between the parties somehow precludes the issue addressed by our motion to dismiss. In fact, that stipulation was entered so the Court would not have to re-address issues that it had already decided in the Court's August 21, 2013 order. That order specifically stated that "[t]he Court also makes no ruling on the adequacy of the DAPs' allegations of ownership and control." Order Adopting In Part And Modifying In Part Special Master's Report And Recommendation On Defendants' Motion To Dismiss The Direct Action Plaintiffs' Complaints. *In re: CRT Antitrust Litig.*, MDL No. 07-5944 (N.D. Cal. Aug. 21, 2013), ECF No. 1856 ("August 21, 2013 Order"). Thus, the issue presented in Toshiba's motion to dismiss is properly before the Court, and warrants dismissal of Dell's claims against the Toshiba Defendants.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

## ARGUMENT

**I. Dell's Complaint Should Be Dismissed With Respect To The Toshiba Defendants Because Dell Has Failed To Allege Facts Sufficient To Confer Standing Under The "Ownership Or Control" Exception To *Illinois Brick***

**A. Dell Fails To Sufficiently Plead Facts To Confer Standing For Its Alleged CRT Product Purchases From "OEMs" And "Other Suppliers"**

Dell's FAC states that it suffered injury as a result of its purchase of "CRT Products from original equipment manufacturer ('OEMs'), as well as other suppliers, which contained CRTs that had been purchased from Defendants and their co-conspirators." FAC ¶ 20; *see also* FAC ¶ 88 (further defining them as "non-Defendant OEMs and others"). In our motion to dismiss, we noted that the FAC is devoid of any allegations regarding the relationship between the named parties in this case — be it Dell or any Defendants — and these "OEMs" or "other suppliers." Toshiba Mot. at 9. In its brief, Dell makes no attempt to justify its lack of allegations concerning "OEMs" and "other suppliers" or to otherwise explain why these indirect purchases should be included as part of its Sherman Act claim. Dell's failure to respond to this argument operates as a concession. *See Scognamillo v. Credit Suisse First Boston LLC*, No. C03-2061 TEH, 2005 WL 2045807 at *11 (N.D. Cal. Aug. 25, 2005) ("The Court construes Plaintiffs' failure to respond, either in their papers or at oral argument, as a concession, and the Court therefore GRANTS the motion to dismiss this claim against Shell and Longinotti with prejudice."). Consequently, the Court should conclude that Dell has made insufficient allegations of ownership or control with respect to its purchases of CRT products from "OEMs" and "other suppliers."

In our motion to dismiss, we also provided an extensive discussion of *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2013 WL 1164897 (N.D. Cal Mar. 20, 2013) ("*LCD*"). Toshiba Mot. at 9. In that case, the Court considered a motion to dismiss concerning plaintiff Proview Technology Inc. ("PTI") and three of its affiliated OEMs. Although PTI alleged in its complaint that it had "control of" its affiliated OEMs, the Court nonetheless held that these allegations were conclusory in nature and insufficient to satisfy the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

pleading standard for the ownership or control exception. As we noted in our motion to dismiss, Dell's FAC fails to make even this conclusory allegation and Dell's brief provides no explanation whatsoever as to why its indirect purchases would fall under an exception to *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). Nor does Dell even mention or try to distinguish the *LCD* decision. Again, Dell's failure to respond to the *LCD* decision operates as a concession. *Scognamillo*, 2005 WL 2045807, at *11. It should not escape notice that the *Scognamillo* Court, when faced with a conceded argument, responded by dismissing the challenged claim with prejudice. The Court should take the same approach here.

### B. Dell's Allegations Of Conspiracy By "Group Pleading" Fail To Adequately Establish Standing

As we established in our motion to dismiss, Dell must allege facts sufficient to demonstrate that it has standing to pursue its claims for damages under federal law, which, at a bare minimum, requires the identification of the entities from whom it allegedly purchased CRT Products. This result is compelled by the Ninth Circuit's ruling in *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1049-50 (9th Cir 2008) (affirming dismissal where plaintiffs did not allege facts to support standing under *Illinois Brick*). Dell suggests that it "had sufficient information to allege that at least some of the companies from which it purchased CRTs were subsidiaries or affiliates of Defendants and co-conspirators" (Dell Br. at 8), yet includes no such information anywhere in its FAC. As a result, Dell does not allege facts sufficient to put the Toshiba Defendants on notice as to the relief that it seeks. *Accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that Rule 8 requires that a complaint provide "fair notice of what the . . . claim is and the grounds upon which it rests") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dell's conclusory allegations that it purchased CRT Products from "Defendants and co-conspirators, and/or Defendants' and co-conspirators' subsidiaries and affiliates, and/or any agents controlled by Defendants, Defendants' subsidiaries and affiliates, co-conspirators or co-conspirators' subsidiaries and affiliates" (FAC ¶ 20) are exactly the sort of "labels and conclusions" that *Twombly* found insufficient. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

In support of its position, Dell relies upon decisions issued by Judge Illston in the *LCD* case that accepted the "group pleading" approach. Dell Br. at 7. We recognized this adverse authority in our motion to dismiss (Toshiba Mot. at 7) and then went on to explain why the Court should not reach the same result in this case. First and foremost, we relied upon the Ninth Circuit's decision in *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 755 n.7 (9th Cir. 2012), where the Ninth Circuit noted that a purchaser of finished products cannot establish standing solely on the basis it "purchase[d] directly from the alleged violator." Dell attempts to distinguish its allegations by stating that it "clearly alleges that it purchased CRT Products from Defendants and from subsidiaries, affiliates, and agents of Defendants." Dell Br. at 6 n.5. Dell's argument, however, only highlights the problem of group pleading. Making general allegations that a plaintiff purchased CRT Products from "subsidiaries, affiliates, and agents" of Defendants does not answer the key questions that every complaint needs to address: "who, did what, to whom (or with whom), where, and when?" *Kendall*, 518 F.3d at 1048. *Kendall* is the second case we cited in support of our position. In its FAC, Dell does not allege that it purchased CRT Products from any of the Toshiba Defendants or that it purchased CRT Products containing an allegedly price-fixed CRT manufactured by any of the Toshiba Defendants. Dell, as an experienced and sophisticated corporation, should know the answer to these questions. Mere use of the words "subsidiaries," "affiliates," and "agents" does not give the Toshiba Defendants sufficient notice of Dell's claims. *Accord Kendall*, 518 F.3d at 1047 ("A bare allegation of a conspiracy is almost impossible to defend against, particularly where the defendants are large institutions with hundreds of employees entering into contracts and agreements daily.").

Dell admits that it "had knowledge of the companies from which it purchased CRT Products" (Dell Br. at 8), yet curiously chose not to include these facts in its complaint, even after amending it. Dell also asserts that "data and documents that Defendants have produced already show that there is no doubt that Dell purchased CRT Products and that it purchased those Products from entities controlled by certain Defendants." Dell Br. at 9. The declaration that Dell relies upon in support of this proposition, however, is as conclusory as the FAC.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

That declaration does not name any defendants from whom Dell purchased CRT Products nor does it contain any *facts* that would even arguably support allegations of ownership or control.

Dell cites to several decisions in support of its position, but none of these decisions is instructive. Not only are all of the cases outside this jurisdiction, but some of these cited cases even pre-date *Twombly*. *See*, *e.g.*, *Prince Heaton Enters. v. Buffalo's Franchise Concepts, Inc.*, 117 F. Supp. 2d 1357 (N.D. Ga. 2000); *In re Mercedes-Benz Antitrust Litig.*, 157 F. Supp. 2d 355 (D.N.J. 2001). Dell's other cases are similarly unsupportive because the plaintiffs in those cases supported their conclusory allegations of ownership or control by providing detailed *facts* about the nature of the relationship between the defendant and the intermediary purchaser from whom plaintiffs purchased. *See In re G-Fees Antitrust Litig.*, 584 F. Supp. 2d 26, 33 (D.D.C. 2008) (noting that the plaintiffs provided "support [for] their legal conclusions" by alleging specific facts). In one such case, the plaintiffs even do exactly what Dell claims it need not do: they expressly identified the entity from which it purchased the product at issue. *See In re Mushroom Direct Purchaser Antitrust Litig.*, No. 06-cv-0620, 2008 WL 583906, at *1 (E.D. Pa. Mar. 3, 2008) ("Plaintiffs allege that most if not all of these mushrooms are purchased from defendants the Eastern Mushroom Marketing Cooperative and its members . . . through plaintiff Topco.").

According to Dell, the concept of joint-and-several liability somehow justifies the conclusory allegations of the FAC. Dell Br. at 8. This argument is readily dismissed. *Kendall* itself involved a Sherman Act Section 1 claim. Yet that decision specifically held that a plaintiff must plead "evidentiary facts" in order to state a Sherman Act claim. *Kendall* also involved an assertion that an *Illinois Brick* exception applied. The plaintiffs in that case "simply allege[d] the Consortiums are coconspirators, without providing any facts to support such an allegation, despite having deposed executives from both MasterCard and Visa." 518 F.3d at 1050. Since the filing of its original complaint, counsel for Dell have attended numerous depositions in this case, including depositions of Toshiba employees. Despite this fact, the FAC and the declaration of Dell's counsel (which is presumably a proffer of what Dell could allege if given the chance to amend its complaint) are both as vague as the

complaint considered and rejected by the *Kendall* Court. Neither the FAC nor the declaration of Dell's counsel provide evidentiary facts. The absence of such key information mandates dismissal of Dell's deficient complaint.

Dell argues that, even if it has not established standing under an exception to *Illinois Brick*, it can still pursue a claim for injunctive relief. Dell Br. at 9 n.8. This argument is unpersuasive. Dell's FAC alleges a conspiracy "from as early as March 1, 1995 through at least November 26, 2007." FAC ¶ 1. Dell makes no allegation that the alleged conspiracy is ongoing, a fact that favors denying Dell's request for injunctive relief. *See United States v. Oregon State Medical Soc.*, 343 U.S. 326, 333-34 (1952) (denying injunction for an alleged violation of the Sherman Act because "[t]he sole function of an action for injunction is to forestall future violations" and "[t]he record discloses no threat or probability of resumption of the [challenged actions]"); *Bray v. Safeway Stores, Inc.*, 392 F. Supp. 851, 868 (N.D. Cal. 1975) (finding that "the plaintiffs have . . . failed to meet their 'heavy burden of persuasion'" in demonstrating a continued threat of danger, because the conspiracy ended, and although the conspiracy could be renewed at some future date, "the Court has been provided with no evidence that [the defendant] presents such a continuing threat to the plaintiffs"); *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 522 F.3d 6, 14 (1st Cir. 2008) (dismissing the injunctive relief claim because the factors that allegedly led to the violations "ceased long ago," and the plaintiffs accordingly "failed to establish the continuing presence of the requisite threatened injury"). Dell's request for an injunction is simply moot.

### C. The October 1, 2013 Stipulation Preserves The Ability Of The Toshiba Defendants To Argue That Dell's First Amended Complaint Does Not Contain Sufficient Allegations Of "Ownership Or Control"

Contrary to Dell's argument, the October 1, 2013 briefing stipulation between the parties does not preclude the Toshiba Defendants from arguing that Dell's FAC failed to contain adequate allegations of ownership or control with respect to the Toshiba Defendants. In its brief, Dell omits that part of the stipulation that states that Defendants' challenge to Plaintiffs' "right to proceed under the 'ownership or control' exception to *Illinois Brick* is

denied *for the reasons set forth in the August 21, 2013 Order*." Oct. 1, 2013 Stip. at 5 (emphasis added). As Dell recognizes in footnote 4 of its brief, the August 21, 2013 Order expressly reserved judgment on whether the DAPs, including Dell, adequately *alleged* ownership or control. Dell Br. at 6 n.4; *see also* August 21, 2013 Order at 5 ("The Court also makes no ruling on the adequacy of the DAPs' *allegations* of ownership and control.") (emphasis added). According to the declaration of Dell's counsel, "Dell understood that Defendants were not planning to file motions to dismiss under *Illinois Brick*." Decl. of Debra D. Bernstein, dated Nov. 6, 2013, at ¶ 12. Such an understanding, however, is misguided and not supported by the plain language of the stipulation itself. The language in the October 1, 2013 Stipulation shows that the Defendants did not stipulate that DAPs sufficiently pleaded ownership or control in its FAC. Toshiba's conduct in suggesting the stipulation is consistent with this understanding. By proposing a stipulation that "closely follows Judge Conti's ruling on the issue" (Dell Br., Exhibit A), Toshiba intended to exclude stipulating on the ownership or control issue because the Order expressly did not rule on it.

Stipulations are "governed by the same principles applicable to any other contractual agreement." *Operating Eng'rs' Pension Trust Fund v. Clark's Welding & Machine*, 688 F. Supp. 2d 902, 910 (N.D. Cal. 2010) (citing *Marder v. Lopez,* 450 F.3d 445, 449 (9th Cir. 2006)). Under California contract law, "the court must give effect to the plain and ordinary meaning of the language used by the parties," and "[w]here contract language is clear and explicit and does not lead to absurd results, the court ascertains intent from the written terms and goes no further." *Id*. (internal citations omitted). Here, the plain and ordinary meaning of the briefing stipulation reveals that the Toshiba Defendants may properly challenge Dell's allegations of ownership or control. That stipulation indicates that the parties sought to resolve issues surrounding *Illinois Brick* "in a manner that conserves the resources of the Court." Oct. 1, 2013 Stip. at 4. Thus, the parties agreed "that the issues addressed by the Court's August 21, 2013 Order regarding the *Illinois Brick* exceptions apply to the Stipulating Plaintiffs' actions" and that the Stipulating Defendants' "request to dismiss the Stipulating Plaintiffs' Complaints as they pertain to the Stipulating Plaintiffs' right to proceed under the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

'ownership or control' exception to *Illinois Brick* is denied **for the reasons set forth in the August 21, 2013 Order**." Oct. 1, 2013 Stip. at 4, 5 (emphasis added). In the August 21, 2013 Order, the Court specifically noted that it was making "no ruling on the adequacy of the DAPs' allegations of ownership and control." Thus, a challenge to Dell's allegations of ownership or control is a proper subject of Toshiba's motion to dismiss.

## CONCLUSION

For these reasons and the reasons contained in our motion to dismiss, the Court should grant our motion and dismiss Dell's First Amended Complaint as it pertains to the Toshiba Defendants.

Respectfully submitted,

Dated: November 20, 2013

**WHITE & CASE LLP**

By: */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America Information Systems, Inc. and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CERTIFICATE OF SERVICE**

On November 20, 2013, I caused a copy of "THE TOSHIBA DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS DELL'S FIRST AMENDED COMPLAINT" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

                                           */s/ Lucius B. Lau*
                                           Lucius B. Lau

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS DELL'S FIRST AMENDED COMLAINT
Case No. 07-5944 SC
MDL No. 1917