JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

Additional Moving Defendants and Counsel Listed on Signature Pages

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | **Case No. 07-5944 SC** |
| | **MDL No. 1917** |
| This Document Relates to: | |
| *Tech Data Corp. v. Hitachi, Ltd.*, No. 13-cv-00157; | **DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS CERTAIN DIRECT ACTION PLAINTIFFS' CLAIMS** |
| *Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-01173; | Judge: Hon. Samuel P. Conti |
| *Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.*, No. 13-cv-02776. | Court: Courtroom 1, 17th Floor<br>Date:  December 20, 2013, 10:00 a.m. |

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ................................................................................................. iii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 3

I.   THE DPP CLASS ACTION DID NOT TOLL TECH DATA'S AND
SHARP'S CLAIMS UNDER EITHER *AMERICAN PIPE* OR EQUITABLE
TOLLING THEORIES ............................................................................................ 3

    A.   *American Pipe* Does Not Toll Tech Data's and Sharp's State Law Claims ............. 4

    B.   Cross-Jurisdictional and Equitable Tolling Do Not Apply to the State
Law Claims at Issue .................................................................................... 5

II.   THE STATE OF FLORIDA'S COMPLAINT DID NOT TOLL TECH
DATA'S FDUTPA CLAIM ..................................................................................... 11

III.   THE EARLIER-FILED IPP CLASS ACTIONS DO NOT TOLL SHARP'S
AND TECH DATA'S STATE LAW CLAIMS ........................................................ 12

    A.   The Early End-User Indirect Purchaser Class Action Complaints
Excluded Resellers Like Tech Data and Sharp ...................................... 12

    B.   Even If Tech Data's and Sharp's California Claims Were Tolled By the
*Gonzalez* Complaint, Those Claims Are Still Untimely ......................... 13

IV.   THE FEDERAL GOVERNMENT'S CRIMINAL ACTIONS DO NOT SAVE
SHARP'S UNTIMELY DONNELLY ACT CLAIM ................................................ 14

CONCLUSION ................................................................................................................. 15

# TABLE OF AUTHORITIES

CASES                                                                                      PAGE(S)

*Am. Pipe & Constr. Co. v. Utah*,
    414 U.S. 538 (1974) ...........................................................................................passim

*Barrier v. Benninger*,
    No. C 98 0650 CAL, 1998 WL 846599 (N.D. Cal. Dec. 1, 1998)...........................8

*Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*,
    878 F. Supp. 2d 1009 (C.D. Cal. 2011) ...............................................................5, 8

*Chardon v. Soto*,
    462 U.S. 650 (1983) ...............................................................................................14

*Clemens v. Daimlerchrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) ......................................................................2, 7, 10

*Clifton Knolls Sewerage Disposal Co. v. Aulenbach*,
    451 N.Y.S.2d 907 (N.Y. App. Div. 1982) ..............................................................9

*Crown, Cork & Seal Co. v. Parker*,
    462 U.S. 345 (1983) .......................................................................................4, 5, 13

*Del Sontro v. Cendant Corp.*,
    223 F. Supp. 2d 563 (D.N.J. 2002)....................................................................9, 14

*Dungan v. Morgan Drive-Away, Inc.*,
    570 F.2d 867 (9th Cir. 1978) .................................................................................15

*Eichman v. Fotomat Corp.*,
    880 F.2d 149 (9th Cir. 1989) ...................................................................................7

*Fla. Dep't of Health & Rehab. Servs. v. S.A.P.*,
    835 So. 2d 1091 (Fla. 2003) ..................................................................................11

*Griffin v. Singletary*,
    17 F.3d 356 (11th Cir. 1994) .................................................................................12

*Hatfield v. Halifax PLC*,
    564 F.3d 1177 (9th Cir. 2009) .................................................................................7

*HCA Health Servs. of Fla., Inc. v. Hillman*,
    906 So. 2d 1094 (Fla. Dist. Ct. App. 2004) ..........................................................11

*Hinds Cnty., Miss. v. Wachovia Bank N.A.*,
    885 F. Supp. 2d 617 (S.D.N.Y. 2012) ..................................................................15

*Hromyak v. Tyco Int'l Ltd.*,
   942 So. 2d 1022 (Fla. Dist. Ct. App. 2006) ...........................................................8, 9, 11, 12

*Huebner v. Caldwell & Cook, Inc.*,
   526 N.Y.S.2d 356 (N.Y. Sup. Ct. 1988) ...............................................................................9

*In re Aredia & Zometa Prods. Liab. Litig.*,
   754 F. Supp. 2d 939 (M.D. Tenn. 2010) .............................................................................10

*In re Copper Antitrust Litig.*,
   436 F.3d 782 (7th Cir. 2006) ................................................................................................5

*In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*,
   No. 2:11-ML-00265-MRP, 2012 WL 1097244 (C.D. Cal. Mar. 9, 2012) ..............................6

*In re Enron Corp. Sec., Deriv. & ERISA Litig.*,
   465 F. Supp. 2d 687 (S.D. Tex. 2006) ..................................................................................6

*In re Fosamax Prods. Liab. Litig.*,
   694 F. Supp. 2d 253 (S.D.N.Y. 2010) .............................................................................6, 10

*In re Linerboard Antitrust Litig.*,
   223 F.R.D. 335 (E.D. Pa. 2004) ...................................................................................6, 10, 11

*In re Methionine Antitrust Litig.*,
   204 F.R.D. 161 (N.D. Cal. 2001) ........................................................................................13

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   MDL No. 1827, 2012 WL 149632 (N.D. Cal. Jan. 18, 2012)...........................................8, 14

*In re Urethane Antitrust Litig.*,
   663 F. Supp. 2d 1067 (D. Kan. 2009)..............................................................................6, 11

*In re Vertrue Mktg. & Sales Practices Litig.*,
   712 F. Supp. 2d 703 (N.D. Ohio 2010) .................................................................................5

*Johnson v. Ry. Express Agency, Inc.*,
   421 U.S. 454 (1975) ........................................................................................................5, 13

*Jolly v. Eli Lilly & Co.*,
   751 P.2d 923 (Cal. 1988).......................................................................................................7

*Kaufman v. Sirius XM Radio, Inc.*,
   No. 650420/2013, 2013 WL 5429364 (N.Y. Sup. Ct. Sept. 17, 2013) ..................................10

*Lopez v. Geico Cas. Co.*,
   No. 13-80650, 2013 WL 4854492 (S.D. Fla. Sept. 5, 2013)................................................11

*Maestas v. Sofamor Danek Grp., Inc.*,
   33 S.W.3d 805 (Tenn. 2000) .........................................................................................10, 11

iv

*Mir v. Little Co. of Mary Hosp.*,
  844 F.2d 646 (9th Cir. 1988) ....................................................................................7

*Naylor v. Flavan*,
  No. CV 08-03746-GAF, 2009 WL 1468708 (C.D. Cal. May 19, 2009)..................8

*Raie v. Chimenova*,
  336 F.3d 1278 (11th Cir. 2003) ........................................................................8, 11, 12

*Redwing v. Catholic Bishop for Diocese of Memphis*,
  363 S.W.3d 436 (Tenn. 2012) ..................................................................................10

*Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*,
  642 F.3d 560 (7th Cir. 2011) .....................................................................................7

*Shriners Hosps. for Children v. Qwest Commc'ns Int'l Inc.*,
  No. 04-cv-00781-REB-KLM, 2007 WL 2801494 (D. Colo. Sept. 24, 2007)..........5

*Soward v. Deutsche Bank AG*,
  814 F. Supp. 2d 272 (S.D.N.Y. 2011) ......................................................................10

*Staub v. Eastman Kodak Co.*,
  726 A.2d 955 (N.J. Super. Ct. App. Div. 1999) ........................................................9

*Sutton Carpet Cleaners v. Firemen's Ins. Co.*,
  68 N.Y.S.2d 218 (N.Y. Sup. Ct. 1947), *aff'd*, 78 N.Y.S.2d 565 (N.Y. App. Div. 1948),
  *aff'd*, 87 N.E.2d 53 (N.Y. 1949)..............................................................................9

*Tigg v. Pirelli Tire Corp.*,
  232 S.W.3d 28 (Tenn. 2007) ....................................................................................11

*Vincent v. Money Store*,
  915 F. Supp. 2d 553 (S.D.N.Y. 2013) .....................................................................7, 8

*Wade v. Danek Med., Inc.*,
  182 F.3d 281 (4th Cir. 1999) .....................................................................................6

*Williams v. Boeing Co.*,
  517 F.3d 1120 (9th Cir. 2008) ...................................................................................5

*Williams v. Dow Chem. Co.*,
  No. 01 Civ. 4307, 2004 WL 1348932 (S.D.N.Y. June 16, 2004) ............................9

*Yollin v. Holland Am. Cruises, Inc.*,
  468 N.Y.S.2d 873 (N.Y. App. Div. 1983)..................................................................9

**STATUTES**

Florida Statute § 95.051(1) ..................................................................................3, 11, 12

Florida Statute § 95.051(2) ........................................................................................11

N.Y. Gen. Bus. Law § 342-c ...........................................................................2, 3, 14, 15

**RULES**

Fed. R. Civ. P. 12(b)(6) .............................................................................................15

## INTRODUCTION

As demonstrated in defendants' Motion to Dismiss Certain Direct Action Plaintiffs' Claims, Oct. 7, 2013 (Dkt. No. 1992) ("Motion"), the California, Florida, New Jersey, New York, and Tennessee state law claims asserted by plaintiffs Tech Data Corporation and Tech Data Product Management, Inc. (collectively, "Tech Data") and plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively, "Sharp") must be dismissed as untimely.[1]

Tech Data and Sharp both now concede in their oppositions[2] that they have not adequately alleged any fraudulent concealment by defendants beyond the European Commission's announcement of its investigation into CRT manufacturers on November 8, 2007, and thus had actual notice of their claims as of November 2007. TD Opp'n at 3; Sharp Opp'n at 1; *see also* Sharp Compl. ¶ 232 ("[p]laintiffs did not discover . . . the existence of the conspiracy alleged herein until November 2007"). Accordingly, the only way that Tech Data's and Sharp's state law claims are timely is if they are entitled to rely upon some theory of tolling extending from November 2007 to the time they filed their complaints on December 11, 2012 and March 19, 2013, respectively.[3] Tech Data contends that its Florida and California claims are entitled to

---

[1] Specifically, Tech Data asserts claims under the Cartwright Act, California Unfair Competition Law ("UCL"), and Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). *Tech Data Corp. v. Hitachi, Ltd.*, No. 13-CV-001257 (N.D. Cal.) (Dec. 12, 2012), as amended Sept. 9, 2013, No. 7-CV-5944 (Dkt. No. 1911) ("Tech Data Complaint"). Sharp asserts claims under the Cartwright Act, California UCL, New York Donnelly Act, New York UCL, New Jersey Antitrust Act, and Tennessee Antitrust Act. *Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-01173 (N.D. Cal.) (Mar. 15, 2013), as amended Oct. 28, 2013, No. 7-CV-5944 (Dkt. No. 2030-3) ("Sharp Complaint"). Sharp asserts these claims separately against defendants Koninklijke Philips N.V., Philips Electronics Industries (Taiwan) Ltd., Philips Electronics North America Corporation, Philips Consumer Electronics Co., Philips Da Amazonia Industria Electronica Ltda., and Orion Engineering & Service, Inc. in *Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.*, No. 13-cv-02776 (N.D. Cal.) (June 17, 2013) ("Philips Complaint").

[2] Tech Data's Opp'n to Defs.' Joint Mot. to Dismiss Certain Direct Action Pls.' Claims, Nov. 6, 2013 (Dkt. No. 2197) ("TD Opposition"); Sharp's Opp'n to Defs.' Joint Mot. to Dismiss Certain Direct Action Pls.' Claims, Nov. 6, 2013 (Dkt. No. 2194) ("Sharp Opposition").

[3] November 14, 2007 is the latest date by which this Court has acknowledged that claims were timely filed. Because Tech Data and Sharp concede that they had actual knowledge of their claims by November 2007 and allege nothing in their complaints to justify any tolling beyond

1

1    tolling based on the earlier-filed direct and indirect purchaser class actions, respectively, and that

2    its FDUTPA claim was tolled by the State of Florida's December 2011 complaint. Sharp likewise

3    contends that its California, New Jersey, New York, and Tennessee claims were tolled by the

4    earlier-filed direct and indirect purchaser class actions, and that its New York Donnelly Act claim

5    was tolled under N.Y. Gen. Bus. Law § 342-c as a result of certain actions by the federal

6    government. None of these tolling theories saves Tech Data's and Sharp's state law claims from

7    being dismissed as untimely for the following reasons:

8        **First**, the earlier-filed direct purchaser class actions – which only assert federal antitrust

9    claims on behalf of direct purchasers – do not toll Tech Data's and Sharp's state law claims under

10   the Supreme Court's class action tolling doctrine set forth in *American Pipe & Construction Co.*

11   *v. Utah*, 414 U.S. 538 (1974). To the extent their state law claims are based on indirect purchases

12   of finished CRT products, neither Tech Data nor Sharp were members of the putative classes on

13   behalf of which those direct purchaser complaints were filed. Further, because *American Pipe*

14   applies only to toll claims identical to those asserted in the original action, the direct purchaser

15   complaints, which asserted claims only under federal antitrust law, would not apply to Sharp's

16   state law claims based on purchases of CRTs directly from defendants.

17       **Second**, whether *American Pipe* applies cross-jurisdictionally to toll Tech Data's and

18   Sharp's state law claims based on a federal class action is a question of state law. Because

19   California, Florida, New Jersey, New York, and Tennessee have rejected equitable or "cross-

20   jurisdictional" class action tolling in these circumstances, this Court should "decline[] to import

21   the doctrine into state law where it did not previously exist." *Clemens v. Daimlerchrysler Corp.*,

22   534 F.3d 1017, 1025 (9th Cir. 2008). Thus, Tech Data's and Sharp's state law claims also cannot

23   be tolled by the direct or indirect purchaser class actions under a theory of cross-jurisdictional

24   tolling.

25       **Third**, because tolling under Florida law is limited to the exclusive list of statutory

26

27   November 14, 2007 based on fraudulent concealment, *see* Motion at 5-6, defendants calculate
     November 14, 2007 as the date by which the statute of limitations began to run.

28

grounds set forth in Florida Statute section 95.051(1), which does not include class action tolling, the State of Florida's December 2011 complaint on behalf of indirect purchasers of finished CRT products did not operate to toll Tech Data's FDUTPA claim.

**Fourth**, the indirect purchaser class action complaints relied upon by Tech Data and Sharp did not toll their state law claims because those actions were brought only on behalf of end-user consumers, in a putative class that excluded resellers such as Tech Data and Sharp.  Additionally, even if the indirect purchaser complaints could theoretically toll Tech Data's and Sharp's claims in some circumstances, any such tolling period would have ceased upon the filing of the IPPs' Consolidated Amended Complaint, which expressly excluded resellers.

**Finally**, even accepting Sharp's contention that its New York Donnelly Act claim was tolled for a year by N.Y. Gen. Bus. Law § 342-c, following the Department of Justice's criminal proceedings, its claim would still be untimely because Sharp's complaint was filed more than one year after the applicable four-year statute of limitations had already expired and Sharp alleges nothing as to the pendency of any criminal proceeding that would extend that tolling period.

<u>**ARGUMENT**</u>

**I.     THE DPP CLASS ACTION DID NOT TOLL TECH DATA'S AND SHARP'S CLAIMS UNDER EITHER *AMERICAN PIPE* OR EQUITABLE TOLLING THEORIES**

As an initial matter, *American Pipe* tolling does not save Tech Data's and Sharp's untimely claims because, to the extent their claims are based on finished CRT products purchased indirectly from defendants, Tech Data and Sharp were not members of the putative direct purchaser class.[4]  Moreover, even if Sharp were a member of the putative direct purchaser class, its tolling theory still fails because Sharp's state law claims are not identical to the federal claims asserted in the direct purchaser class actions on which it relies.  Because Tech Data's and Sharp's state law claims were not asserted in the earlier-filed direct purchaser actions, those claims would be entitled to tolling only if California, Florida, New Jersey, New York, and Tennessee had

---

[4] Sharp asserts claims based on purchases of CRTs directly from defendants, as well as based on purchases of finished CRT products indirectly from defendants.

1    adopted *American Pipe* cross-jurisdictional or equitable tolling theories, but each of those states

2    has rejected the application of such tolling theories in these circumstances.

3          **A.   *American Pipe* Does Not Toll Tech Data's and Sharp's State Law Claims**

4          Tech Data and Sharp speciously argue that the direct purchaser class action complaints

5    filed in November 2007 tolled their state law claims[5] through December 11, 2012 and July 23,

6    2012, respectively.   Under *American Pipe*, however, the direct purchaser complaints toll the

7    statute of limitations only for the claims they actually assert.   *See Crown, Cork & Seal Co. v.*

8    *Parker*, 462 U.S. 345, 354 (1983).   Here, the relevant direct purchaser complaints excluded Tech

9    Data's and Sharp's claims in two respects.   First, the complaints relied upon were expressly

10   brought on behalf of direct purchasers only.   *See* Compl. ¶ 37, *Crago, Inc. v. Chunghwa Picture*

11   *Tubes, Ltd.*, No. 07-cv-5944 (N.D. Cal.) (Nov. 26, 2007); Compl. ¶ 39, *Art's TV & Appliance v.*

12   *Chunghwa Picture Tubes, Ltd.*, No. 07-cv-6416 (N.D. Cal.) (Dec. 19, 2007); Compl. ¶ 37, *Hawel*

13   *A. Hawel d/b/a City Elecs. v. Chunghwa Picture Tubes, Ltd.*, No. 07-cv-6279 (N.D. Cal.) (Dec.

14   12, 2007).   Second, the complaints only asserted claims under federal antitrust law, not state law

15   claims.[6]   Compl. ¶¶ 107-113, *Crago*, No. 07-cv-5944; Compl. ¶¶ 91-97, *Art's TV*, No. 07-cv-

16   6416; Compl. ¶¶ 86-92, *Hawel*, No. 07-cv-6279.

17         Tech Data attempts to evade this deficiency in its tolling theory by implying that

18   defendants have misrepresented the Supreme Court's decision in *Crown, Cork*, 462 U.S. at 354-

19   55, contending that, when taken as a whole, the decision is "clear that the test is not whether the

20   same cause of action is alleged in both cases, but whether the substance of the claims is the

21   same."   TD Opp'n at 5; *see also* Sharp Opp'n at 13.   But Tech Data's interpretation of *Crown,*

22   *Cork* cannot be reconciled with the subsequent applications of *American Pipe*, which recognize

23   that "the tolling effect given to the timely prior filings in *American Pipe* . . . depended heavily on

24

25   [5] Specifically, Tech Data asserts that its FDUTPA claim was tolled by the direct purchaser
     actions; Sharp contends that its California, New Jersey, New York, and Tennessee claims were
26   tolled by the direct purchaser actions.

27   [6] Thus, even to the extent that Sharp asserts claims based on its purchase of CRT products directly
     from defendants, *see, e.g.*, Sharp Compl. ¶ 11, Philips Compl. ¶ 11, those claims are likewise not
28   subject to *American Pipe* tolling.

1   the fact that those filings involved exactly the same cause of action subsequently asserted."

2   *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 467 (1975); *see also Crown, Cork*, 462 U.S. at

3   354 (concurring, J. Powell) (*American Pipe* does not "leav[e] a plaintiff free to raise different or

4   peripheral claims following denial of class status"); *Williams v. Boeing Co.*, 517 F.3d 1120, 1136

5   (9th Cir. 2008); *In re Vertrue Mktg. & Sales Practices Litig.*, 712 F. Supp. 2d 703, 718-19 (N.D.

6   Ohio 2010) ("only the claims expressly alleged in a previous federal lawsuit are subject to

7   tolling").[7]   These well-reasoned opinions acknowledge the "significant limitation" on *American*

8   *Pipe* tolling:  the limitations period is tolled "only for claims that are identical to the claims

9   asserted in the putative class action complaint."  *Shriners Hosps. for Children v. Qwest Commc'ns*

10  *Int'l Inc.*, No. 04-cv-00781-REB-KLM, 2007 WL 2801494, at *3 (D. Colo. Sept. 24, 2007).

11  Under *American Pipe*, therefore, the direct purchaser complaints did not toll Tech Data's and

12  Sharp's state law claims, and, in particular, did not toll their indirect purchaser claims.

13      **B.   Cross-Jurisdictional and Equitable Tolling Do Not Apply to the State Law Claims**
14          **at Issue**

15          The equitable and cross-jurisdictional tolling doctrines invoked by Sharp and Tech Data

16  do not lead to a different result.  First, Tech Data erroneously argues that no issue of "cross-

17  jurisdictional tolling" is presented here because "both this action and the DPP Class Actions were

18  filed in federal court."  TD Opp'n at 6-7.  Tech Data, however, is playing word games.  Whenever

19  a plaintiff pursues claims afforded by the law of one jurisdiction in the courts of another

20  jurisdiction, the question arises whether the jurisdiction affording the cause of action intends the

21  limitations periods applicable to its cause of action to be tolled by the filing of that cause of action

22  in the foreign court system.  Thus, when state law claims are filed in federal court, federal courts

23  characterize the state law tolling issues that arise as "cross-jurisdictional" and look to the state law

24  implicated to assess tolling.  *See, e.g.*, *Centaur Classic Convertible Arbitrage Fund Ltd. v.*

25  *Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1017 (C.D. Cal. 2011) ("Because California does

26

27  ───────────────────
    [7] *In re Copper Antitrust Litig.*, 436 F.3d 782, 793-97 (7th Cir. 2006) (action asserting federal law
28  claims not tolled by class action asserting state law claims).

not recognize cross-jurisdictional tolling, this Court has no authority to apply *American Pipe* to toll the state statutes of limitation here."). This is so even where a class action and subsequent individual action are both filed in federal court. *See, e.g.*, *Wade v. Danek Med., Inc.*, 182 F.3d 281, 286-88 (4th Cir. 1999) (holding that state law claims were not tolled based on the filing of a prior federal court class action); *In re Fosamax Prods. Liab. Litig.*, 694 F. Supp. 2d 253, 258 (S.D.N.Y. 2010) (same); *In re Urethane Antitrust Litig.*, 663 F. Supp. 2d 1067, 1080 (D. Kan. 2009) (key issue was "whether that state's courts would apply the *American Pipe* class-action tolling rule in a 'cross-jurisdictional' context . . . following the filing of a class action in federal court"); *In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 465 F. Supp. 2d 687, 718-22 (S.D. Tex. 2006) (rejecting "cross-jurisdictional" tolling as to Texas state law claims filed in federal court by opt-out class members of an earlier-filed federal court class action case asserting the same claims). Accordingly, whether Tech Data's and Sharp's state law claims are tolled here is a question of state law, regardless of whether both the direct purchaser class actions and their complaints were filed in federal court.

Sharp, on the other hand, relies on *In re Linerboard Antitrust Litigation*, 223 F.R.D. 335 (E.D. Pa. 2004), inaccurately asserting that the decision contains "the most comprehensive discussion of cross-jurisdictional tolling." Sharp Opp'n at 13. Contrary to Sharp's implication, there is nothing to suggest that *Linerboard*—a Pennsylvania district court decision—is an opinion that is controlling, or even persuasive, here. *See, e.g.*, *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, No. 2:11-ML-00265-MRP, 2012 WL 1097244, at *8 (C.D. Cal. Mar. 9, 2012) (rejecting plaintiffs' position that *Linerboard* dictates "[w]hen state law claims rely on the same evidence as the federal claims in a class action complaint, *American Pipe* tolls the state as well as the federal claims"); *Urethane*, 663 F. Supp. 2d. at 1081-82 (rejecting *Linerboard* factors and holding that "state law alone must govern the application of a tolling principle to a state's statute of limitations"). Moreover, even if the factors identified in *Linerboard* were to be applied here, Sharp's argument that defendants were put on notice of their state law claims when the first federal law-based direct purchaser complaint was filed is inapposite. As the Seventh Circuit has explained, "state and federal antitrust laws differ. They create different legal claims. That the

6

1   period of limitations may be tolled for one claim (state antitrust law) does not imply that it is

2   tolled for another (federal antitrust law)."   *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*,

3   642 F.3d 560, 562 (7th Cir. 2011).

4          For these reasons, Sharp's and Tech Data's state law claims, which are governed by state

5   law statutes of limitations and state law tolling principles, are untimely.  Indeed, none of the states

6   at issue recognizes *American Pipe* cross-jurisdictional tolling as a matter of state law.

7          **California.**   Relying on *Hatfield v. Halifax PLC*, 564 F.3d 1177 (9th Cir. 2009), Sharp

8   contends that "California has not ruled specifically on cross-jurisdictional tolling in the antitrust

9   context," and instead argues for the application of "equitable tolling" under California law.  Sharp

10  Opp'n at 16.  But not only does *Hatfield* acknowledge that the Ninth Circuit's decision in

11  *Clemens* "foreclose[s] application of *American Pipe*" to cross-jurisdictional actions in California,[8]

12  *Hatfield*'s purported equitable tolling doctrine has been expressly rejected in these very

13  circumstances.  *Hatfield*, 564 F.3d at 1187 (citing *Clemens*, 534 F.3d at 1025).  Indeed, in

14  *Eichman v. Fotomat Corp.*, the Ninth Circuit declined to apply equitable tolling to a plaintiff's

15  federal antitrust claims based on an earlier-filed action for state law antitrust claims.  880 F.2d

16  149, 155-56 (9th Cir. 1989).  In so doing, the court held that a plaintiff that has both state and

17  federal law antitrust claims "has the discretion to pursue a remedy in state or federal court," and

18  "may not invoke the doctrine of equitable tolling" after choosing to assert one such claim first.  *Id.*

19  at 156; *see also Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("The statute

20  of limitations is tolled in antitrust actions only if the previous action was the case at bar and not

21  merely a related action on the same facts.").  There is thus no basis to apply equitable tolling to

22  Sharp's state law claims here based on the earlier-filed direct purchaser class actions asserting

23  only federal claims.[9]

24  _____

    [8] 534 F.3d at 1025 ("the weight of authority and California's interest in managing its own judicial
25  system counsel us not to import the doctrine of cross-jurisdictional tolling into California law");
    *see also Vincent v. Money Store*, 915 F. Supp. 2d 553, 569 (S.D.N.Y. 2013) ("California has not
26  adopted cross-jurisdictional *American Pipe* tolling and there is no basis to do so in this case.");
    *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 935-36 (Cal. 1988) (declining to apply class action tolling
27  under *American Pipe*).

28  [9] Further, as this Court has previously recognized, "*Hatfield* [] held only that California residents

Moreover, equitable tolling under California law does not apply where, as here, the plaintiffs seek to file a subsequent action in the same court as the prior action. *See Centaur*, 878 F. Supp. 2d at 1018 ("California's equitable tolling doctrine does not apply in this case because this case and *Argent* were filed in the same forum:  this Court."); *see also Naylor v. Flavan*, No. CV 08-03746-GAF, 2009 WL 1468708, at *6 (C.D. Cal. May 19, 2009) ("plaintiff is not entitled to equitable tolling under California law because [the prior class action] and this case were both filed in this court, that is, in the same forum"); *Barrier v. Benninger*, No. C 98 0650 CAL, 1998 WL 846599, at *9 (N.D. Cal. Dec. 1, 1998) (to apply equitable tolling where a plaintiff attempts to bring a subsequent action in the same forum, "would effectively allow plaintiff to prosecute his argument against these defendants in perpetuity").  Because Sharp seeks to pursue its action in the same court as the earlier-filed direct purchaser actions it relies upon, "[u]nder clear California precedent, equitable tolling is unavailable." *Vincent*, 915 F. Supp. 2d at 570-71.

*Florida.*  Tech Data relies on *Raie v. Chimenova*, 336 F.3d 1278 (11th Cir. 2003), and *Hromyak v. Tyco Int'l Ltd.*, 942 So. 2d 1022 (Fla. Dist. Ct. App. 2006), as support for its contention that Florida state courts would apply *American Pipe* tolling in these circumstances. Contrary to Tech Data's assertion, these cases actually support the opposite conclusion.  In *Raie*, the Eleventh Circuit rejected plaintiffs' request for *American Pipe* tolling, finding instead that to benefit from the doctrine, plaintiffs "must demonstrate that their wrongful death [claim] was included in the [earlier-filed] class action." 336 F.3d at 1283.  In other words, the court held that *American Pipe* tolling does not apply where, as here, plaintiffs assert a different, yet related claim. *See id.*

Similarly, in *Hromyak*, the Florida District Court of Appeal upheld the trial court's rejection of the plaintiff's attempt to rely on *American Pipe* tolling, "agree[ing] that the *American Pipe* holding requires that the claims in the later action be the same as those alleged in the earlier

---

could take advantage of equitable tolling based upon class actions filed in other jurisdictions." *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2012 WL 149632, at *3 (N.D. Cal. Jan. 18, 2012).  Of the plaintiffs here, only Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") alleges that it is a California resident.  *See* Tech Data Compl. ¶ 17, Sharp Compl. ¶¶ 22, 24, Philips Compl. ¶¶ 22, 24.  Thus, even if equitable tolling were to apply here (it does not), only SEMA could try to invoke this doctrine.

DEFS.' REPLY MEMORANDUM OF LAW I/S/O THEIR
MOT. TO DISMISS CERTAIN DIRECT ACTION PLS.' CLAIMS

Case No. 07-5944
MDL NO. 1917

1   action."  942 So. 2d at 1023 ("Because plaintiff's claims do not satisfy that essential ingredient for

2   *American Pipe* tolling, the trial court committed no error in dismissing his claim on limitations

3   grounds.").  Accordingly, these authorities simply underscore the conclusion that Florida will not

4   apply *American Pipe* tolling beyond the narrow circumstances where a member of an earlier-filed

5   class action asserts the *same cause of action* in a later filed case.

6       **New Jersey.**  Sharp relies on *Staub v. Eastman Kodak Co.*, 726 A.2d 955 (N.J. Super. Ct.

7   App. Div. 1999), for its assertion that "New Jersey state courts have adopted *American Pipe*

8   cross-jurisdictional tolling."  Sharp Opp'n at 17-18.  The *Staub* court, however, merely held that,

9   consistent with *American Pipe*, "from the filing of a putative class action until the entry of an

10  order denying class certification, the applicable statute of limitations will be tolled for the claim of

11  a plaintiff who would be a member of the asserted class if the class were certified."  *Staub*, 726

12  A.2d at 967.  Any tolling under *Staub* thus applies only to the claims of those members of the

13  putative class in the earlier-filed action.  *See Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563,

14  581 (D.N.J. 2002) ("Like *American Pipe* tolling, *Staub* tolling does not apply where a party may

15  have thought he was a purported class member but was, in reality, excluded from the class

16  definition.").  Further, "*Staub* tolling is available to former class members only to the extent their

17  claims were raised in the original putative class action."  *Id.*  Therefore, just as *American Pipe*

18  does not toll Sharp's New Jersey law claims that were not asserted in the direct purchaser class

19  actions, *Staub* does not rescue Sharp's untimely claims.

20      **New York.**  In support of its argument that New York courts would likely apply *American*

21  *Pipe* cross-jurisdictional tolling to Sharp's New York UCL and Donnelly Act claims, Sharp cites

22  a string of New York decisions, none of which actually adopts *American Pipe*,[10] that it contends

---

[10] Further, none of the cases relied upon by Sharp indicates how New York courts would address *American Pipe* in the cross-jurisdictional context; rather, they merely contemplate whether a class action tolled claims of actual putative class members that later seek to assert *the same claims*.  *See Yollin v. Holland Am. Cruises, Inc.*, 468 N.Y.S.2d 873, 874 (N.Y. App. Div. 1983); *Huebner v. Caldwell & Cook, Inc.*, 526 N.Y.S.2d 356, 359-60 (N.Y. Sup. Ct. 1988); *Clifton Knolls Sewerage Disposal Co. v. Aulenbach*, 451 N.Y.S.2d 907, 908 (N.Y. App. Div. 1982); *Sutton Carpet Cleaners v. Firemen's Ins. Co.*, 68 N.Y.S.2d 218, 224 (N.Y. Sup. Ct. 1947), *aff'd*, 78 N.Y.S.2d 565 (N.Y. App. Div. 1948), *aff'd*, 87 N.E.2d 53 (N.Y. 1949).  While the court in *Williams v. Dow Chemical Co.*, No. 01 Civ. 4307, 2004 WL 1348932, at *10-12 (S.D.N.Y. June 16, 2004), did

are more persuasive than the holding in *Soward v. Deutsche Bank AG*, which "decline[d] to import the [*American Pipe*] doctrine into New York's law" in the face of "overwhelming precedent." 814 F. Supp. 2d 272, 281-82 (S.D.N.Y. 2011).  While it is true that New York's body of law on this issue is unsettled, *see Kaufman v. Sirius XM Radio, Inc.*, No. 650420/2013, 2013 WL 5429364, at *5 (N.Y. Sup. Ct. Sept. 17, 2013), like the *Soward* court and many other federal courts, this Court should decline "to extend the doctrine [of cross-jurisdictional tolling] into a state that has yet to consider it." *Soward*, 814 F. Supp. 2d at 181; *see also Clemens*, 534 F.3d at 1025; *Fosamax*, 694 F. Supp. 2d at 258 ("federal courts generally have been disinclined to import cross-jurisdictional tolling into the law of a state that has not ruled on the issue").

**Tennessee.**  Sharp deceptively states that "no Tennessee court has spoken to the issue of cross-jurisdictional tolling."  Sharp Opp'n at 19.  In fact, the highest court in Tennessee has expressly declined to apply cross-jurisdictional tolling – as Sharp's citation to *Linerboard* acknowledges.  *See Linerboard*, 223 F.R.D. at 350-51 (citing *Maestas v. Sofamor Danek Grp., Inc.*, 33 S.W.3d 805, 808 (Tenn. 2000)).  Indeed, not only do defendants cite to *Maestas* in their opening brief, but Sharp ignores cases following *Maestas* and describing the ill-fated status of cross-jurisdictional tolling in Tennessee.  *See Clemens*, 534 F.3d at 1025 (acknowledging that Tennessee has not adopted cross-jurisdictional tolling) (citing *Maestas*); *In re Aredia & Zometa Prods. Liab. Litig.*, 754 F. Supp. 2d 939, 941 (M.D. Tenn. 2010) ("Plaintiff cannot claim the benefit of a cross-jurisdictional tolling doctrine to save his claims from the applicable Tennessee statute of limitations.") (citing *Maestas*); *see also Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 460 (Tenn. 2012) (Tennessee has "declined to recognize" equitable and cross-jurisdictional tolling).

In an effort to convince the court to take a different path in the context of an antitrust action, Sharp relies again on *Linerboard*.  Sharp Opp'n at 19.  Sharp's suggested approach, however, has already been rejected by one federal court and should likewise be rejected here.  *See*

---

discuss whether New York would adopt *American Pipe* to toll state law claims based on a previously filed federal action, the court's cursory analysis was pure *dicta* in light of its determination that Illinois law governed plaintiffs' request for tolling.

DEFS.' REPLY MEMORANDUM OF LAW I/S/O THEIR                                    Case No. 07-5944
MOT. TO DISMISS CERTAIN DIRECT ACTION PLS.' CLAIMS                            MDL NO. 1917

*Urethane*, 663 F. Supp. 2d at 1081.   In *Urethane*, the District of Kansas "reject[ed] the conclusions by the *Linerboard* court," holding instead that the decision in *Maestas* was not limited to certain types of cases and noting that the Tennessee Supreme Court had since reaffirmed its holding based on the same principled reasons set forth in *Maestas*. *Id.* (citing *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 33-36 (Tenn. 2007)).   As in *Urethane*, "[i]n the absence of a Tennessee decision compelling the opposite result," this Court should "decline[] to import a tolling doctrine into Tennessee state law where it previously did not exist." *Id.*

## II.   THE STATE OF FLORIDA'S COMPLAINT DID NOT TOLL TECH DATA'S FDUTPA CLAIM

Tech Data likewise relies on *American Pipe* to assert that its FDUTPA claim was tolled by the State of Florida's complaint, which was filed on December 9, 2011 and dismissed 367 days later.   TD Opp'n at 8-9; *see* Stip. and Order Dismissing the Claims of Pl. State of Florida, Dec. 11, 2012 (Dkt. No. 1483).   In making this argument, Tech Data ignores clear precedent from the Supreme Court of Florida that Florida Statute § 95.051(1) provides "the exclusive list of conditions that can 'toll' the running of the statute of limitations," and, under Florida Statute § 95.051(2), "no other condition can toll the statute of limitations." *Fla. Dep't of Health & Rehab. Servs. v. S.A.P.*, 835 So. 2d 1091, 1096 n.7 (Fla. 2003); *see also Lopez v. Geico Cas. Co.*, No. 13-80650, 2013 WL 4854492, at *3 (S.D. Fla. Sept. 5, 2013) ("Equitable tolling is unavailable outside of the administrative context.").   In enacting these provisions, Florida's legislature "made clear its intent to exclude all tolling exceptions not listed in the statute." *HCA Health Servs. of Fla., Inc. v. Hillman*, 906 So. 2d 1094, 1098 (Fla. Dist. Ct. App. 2004).   Tech Data does not (and cannot) argue that class action tolling is included in section 95.051(1); accordingly, Tech Data's FDUTPA claim is untimely and must be dismissed.

Tech Data asks this Court to ignore the Florida legislature's unequivocal direction on the basis of two cases that it claims "firmly recognize[]" class action tolling under Florida law.   TD Opp'n at 9.   As discussed above, *see* Section I.B *supra*, neither *Raie* nor *Hromyak* even addresses whether class action tolling of Florida state law claims is permissible.   In *Hromyak*, the Court considered only whether class action tolling applied to toll federal securities claims – not state law

claims. 942 So. 2d at 1022. In *Raie*, the Eleventh Circuit refused to toll the statute of limitations pursuant to *American Pipe*, while observing in *dicta* that Florida courts have applied *American Pipe*'s class action tolling doctrine. 336 F.3d at 1282. The only such case cited by the *Raie* court is *Griffin v. Singletary*, 17 F.3d 356 (11th Cir. 1994), in which the Eleventh Circuit, like the *Hromyak* court, was faced only with federal, not state law, claims. Accordingly, unlike here, Florida Statute § 95.051(1) did not apply to the claims at issue in those opinions and did not preclude the application of a tolling doctrine under federal law to federal claims. Tech Data points to nothing that can alter the unequivocal fact that class action tolling is impermissible under Florida law – a fact that Judge Legge has already recognized in this action and thus is the law of this MDL. *See* Report and Recommendations Regarding Defs.' Mot. to Dismiss the Compl. of the State of Florida at 5-6, Nov. 16, 2012 (Dkt. No. 1451).[11]

## III. THE EARLIER-FILED IPP CLASS ACTIONS DO NOT TOLL SHARP'S AND TECH DATA'S STATE LAW CLAIMS

Sharp and Tech Data also assert that their California state law claims based on indirect purchases of finished CRT products were tolled by the earlier-filed indirect purchaser class actions. Specifically, Sharp relies on *Juetten v. Chunghwa Picture Tubes, Ltd.*, No. 07-cv-6225 (N.D. Cal.) (Dec. 10, 2007), and both Sharp and Tech Data rely on *Gonzalez v. Chunghwa Pictures Tubes, Ltd.*, No. 08-cv-01108 (N.D. Cal.) (Feb. 25, 2008), as having tolled their claims. Neither *Juetten* nor *Gonzalez*, however, can rescue their untimely claims.[12]

### A. The Early End-User Indirect Purchaser Class Action Complaints Excluded Resellers Like Tech Data and Sharp

As an initial matter, the *Juetten* complaint could not possibly have tolled any claims by

---

[11] Importantly, even if Tech Data did benefit from tolling based on the State of Florida's complaint, it would have tolled the statute of limitations for only 367 days, which still renders Tech Data's FDUTPA claim untimely. *See* Section III.B *infra*.

[12] As discussed above, whether any California state law claims were tolled by a previously filed federal class action is a question of California state law. *See* Section I.B *supra*. Accordingly, Tech Data and Sharp are not entitled to any tolling based on the previously filed indirect purchaser class actions because California has expressly declined to adopt such cross-jurisdictional tolling. *Id.*

DEFS.' REPLY MEMORANDUM OF LAW I/S/O THEIR                          Case No. 07-5944
MOT. TO DISMISS CERTAIN DIRECT ACTION PLS.' CLAIMS                  MDL NO. 1917

resellers such as Sharp and Tech Data because it expressly excluded such resellers from its class definition.[13]   Compl. ¶ 84, *Juetten*, No. 07-cv-6225 (asserting claims on behalf of persons and entities that indirectly purchased CRTs from defendants "*for their own use and not for resale*") (emphasis added).   Moreover, even without a specific textual exclusion of resellers from the class definitions, it is clear from the *Gonzalez* complaint that the named plaintiff was an end-user consumer who could only assert, and only intended to assert, claims on behalf of other end-user consumers – not resellers such as Tech Data and Sharp (on behalf of which the named plaintiff had no standing to bring claims).   As an end-user consumer, the named plaintiff had conflicting interests with retailers such as Tech Data, self-described as "the world's second largest wholesale distributor of information technology products" (Tech Data Compl. ¶ 18), and Sharp.   *See, e.g.*, *In re Methionine Antitrust Litig.*, 204 F.R.D. 161, 167 (N.D. Cal. 2001) (noting that an intermediary plaintiff has an interest in proving that it absorbed all the costs of increased prices of products it purchased from suppliers, while consumers have an interest in proving that all costs were passed on).   Thus, the *Juetten* and *Gonzalez* complaints cited by Tech Data and Sharp could not serve to toll their indirect purchaser claims as resellers of finished CRT products.[14]

### B.   Even If Tech Data's and Sharp's California Claims Were Tolled By the *Gonzalez* Complaint, Those Claims Are Still Untimely

Even if the Court were to find that the *Gonzalez* complaint tolled Tech Data's and Sharp's California law claims, these claims would still be untimely.   Tech Data's claims are time-barred unless it is able to demonstrate that these claims were tolled for at least 392 days between November 14, 2007 and December 11, 2012.   Similarly, Sharp's claims are time-barred unless it

---

[13] Indeed, Sharp concedes that it was not a putative class member in the *Juetten* action.   Sharp Opp'n at 16.

[14] Regardless, assuming *arguendo* that Tech Data's and Sharp's interpretation of the *Gonzalez* class definition is correct, the *Gonzalez* complaint asserts claims only under the California Cartwright Act and Unfair Competition law.   Therefore, even if Sharp and Tech Data were entitled to tolling based on that complaint (and they are not), Tech Data's Florida claim, and Sharp's New Jersey, New York, and Tennessee claims would not be tolled.   *See Crown, Cork*, 462 U.S. at 354-55; *Johnson*, 421 U.S. at 467; Section I.A *supra*.

DEFS.' REPLY MEMORANDUM OF LAW I/S/O THEIR
MOT. TO DISMISS CERTAIN DIRECT ACTION PLS.' CLAIMS

Case No. 07-5944
MDL NO. 1917

1    can demonstrate that its claims were tolled for at least 486 days between November 14, 2007 and

2    March 19, 2013.  Neither Tech Data nor Sharp can do so.

3         The *Gonzalez* complaint was filed on February 25, 2008.  Because the IPP Consolidated

4    Amended Complaint expressly excluded such resellers as Sharp and Tech Data from its class

5    definition (IPP Am. Compl. ¶ 240, Mar. 16, 2009 (Dkt. No. 437)), any tolling of their California

6    claims would have ceased when the IPP Consolidated Amended Complaint was filed on March

7    19, 2009.  The law is clear that the applicability of *American Pipe* tolling is determined on the

8    basis of the allegations in the *currently pending* or operative complaint.  *Chardon v. Soto*, 462

9    U.S. 650, 654 (1983) (citing *American Pipe*, 414 U.S. 538); *Del Sontro*, 223 F. Supp. 2d at 581

10   ("[U]nder *American Pipe* the limitations period applicable to [plaintiff's claims] could have been

11   tolled only until such time as he was no longer a class member, that is . . . when the [amended

12   complaint] in the consolidated class actions was filed."); *In re TFT-LCD (Flat Panel) Antitrust*

13   *Litig.*, 2012 WL 149632, at *4 (plaintiff entitled to tolling only until class action complaints

14   superseded by the IPP Consolidated Amended Complaint and class definition narrowed).  Thus,

15   any class action tolling based on the *Gonzalez* complaint terminated when it was superseded by

16   the IPP Consolidated Amended Complaint 385 days later.  Because both Tech Data and Sharp

17   filed their complaints asserting California state law claims more than 385 days after the applicable

18   four-year statute of limitations had run in November 2011, their claims under California law are

19   time-barred even if they were tolled during the 385 days between the filing of the *Gonzalez*

20   complaint and the filing of the IPP Consolidated Amended Complaint.

21   **IV.    THE FEDERAL GOVERNMENT'S CRIMINAL ACTIONS DO NOT SAVE
            SHARP'S UNTIMELY DONNELLY ACT CLAIM**

22

23        Finally, Sharp contends that its New York Donnelly Act claim benefits from tolling as of

24   February 2009 as a result of N.Y. Gen. Bus. Law § 342-c, and that it "is still being tolled due to

25   ongoing federal criminal proceedings."  Sharp Opp'n at 11-12.  Even if Sharp were entitled to

26   tolling under N.Y. Gen. Bus. Law § 342-c, which permits one year of tolling plus the pendency of

27   any criminal proceeding, its Donnelly Act claim would still be untimely because any such tolling

28

1    ceased before it filed its complaint.[15]

2            Sharp alleges only that "the DOJ instituted criminal proceedings and investigations against

3    several [d]efendants and co-conspirators commencing on at least November 2007" and that, as a

4    result, its claims "have been tolling during these criminal proceedings pursuant to . . . N.Y. Gen.

5    Bus. Law § 342-c."  Sharp Compl. ¶ 230; Philips Compl. ¶ 234.  Numerous cases, however, reject

6    Sharp's position and hold that tolling commences only as of the date an indictment is filed and

7    lasts through the pendency of prosecution.  *See, e.g.*, *Hinds Cnty., Miss. v. Wachovia Bank N.A.*,

8    885 F. Supp. 2d 617, 628 (S.D.N.Y. 2012) (filing of indictment triggers tolling through "the

9    pendency of the [criminal] prosecution"); *see also Dungan v. Morgan Drive-Away, Inc.*, 570 F.2d

10   867, 871 (9th Cir. 1978) (affirming summary judgment for defendant because indictment, not

11   empanelling of grand jury, started the antitrust tolling provision).  In this case, although Sharp

12   points to several indictments, it has alleged nothing as to the duration of any such criminal

13   proceedings identified in its complaint other than the 55 days between March 18, 2011, when the

14   Department of Justice ("DOJ") announced that Samsung SDI Co., Ltd. had agreed to enter into a

15   plea agreement, and May 12, 2011, when Samsung SDI Co., Ltd. entered into its amended plea

16   agreement with the DOJ.  *See* Sharp Compl. ¶ 10; Philips Compl. ¶ 10.  Even if Sharp's Donnelly

17   Act claim were tolled for an additional one year and 55 days beyond the four-year statute of

18   limitations period, which began to run in November 2007, Sharp's March 2013 complaint would

19   still be untimely.  Sharp's tolling argument thus finds no basis in the pleadings and therefore must

20   fail.

21                                    **CONCLUSION**

22           For the foregoing reasons, as well as those set forth in defendants' opening brief, the

23   aforementioned state law claims asserted by Tech Data and Sharp should be dismissed with

24   prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

25   _____
     [15] Sharp's claim that defendants have "conceded elsewhere in this litigation" that New York
26   Donnelly Act claims by other DAPs were tolled to meet the statute of limitations is inapposite.
     Sharp Opp'n at 12.  Defendants' position on tolling under N.Y. Gen. Bus. Law § 342-c was
27   previously stated only with respect to certain different DAP complaints filed in November 2011,
     more than 15 months before March 16, 2013, when Sharp asserted its untimely claims.
28

1    DATED:  November 20, 2013          WINSTON & STRAWN LLP

2

3                                       By: /s/ Jeffrey L. Kessler
                                        JEFFREY L. KESSLER (*pro hac vice*)
                                        Email: JKessler@winston.com
4                                       A. PAUL VICTOR (*pro hac vice*)
                                        Email: PVictor@winston.com
5                                       ALDO A. BADINI (SBN 257086)
                                        Email: ABadini@winston.com
6                                       EVA W. COLE (*pro hac vice*)
                                        Email: EWCole@winston.com
7                                       MOLLY M. DONOVAN
                                        Email: MMDonovan@winston.com
8                                       **WINSTON & STRAWN LLP**
                                        200 Park Avenue
9                                       New York, NY 10166
                                        Telephone: (212) 294-6700
10                                      Facsimile: (212) 294-4700

11                                      STEVEN A. REISS (*pro hac vice*)
                                        Email: steven.reiss@weil.com
12                                      DAVID L. YOHAI (*pro hac vice*)
                                        Email: david.yohai@weil.com
13                                      ADAM C. HEMLOCK (*pro hac vice*)
                                        Email: adam.hemlock@weil.com
14                                      **WEIL, GOTSHAL & MANGES LLP**
                                        767 Fifth Avenue
15                                      New York, NY 10153-0119
                                        Telephone: (212) 310-8000
16                                      Facsimile: (212) 310-8007

17                                      *Attorneys for Defendants Panasonic Corporation
                                        (f/k/a Matsushita Electric Industrial Co., Ltd.),*
18                                      *Panasonic Corporation of North America, and MT
                                        Picture Display Co., Ltd.*
19
                                        WHITE & CASE LLP
20

21                                      By: /s/ Lucius B. Lau
                                        CHRISTOPHER M. CURRAN (*pro hac vice*)
                                        Email: ccurran@whitecase.com
22                                      LUCIUS B. LAU (*pro hac vice*)
                                        Email: alau@whitecase.com
23                                      DANA E. FOSTER (*pro hac vice*)
                                        Email: defoster@whitecase.com
24                                      **WHITE & CASE LLP**
                                        701 Thirteenth Street, N.W.
25                                      Washington, DC 20005
                                        Telephone: (202) 626-3600
26                                      Facsimile: (202) 639-9355

27                                      *Attorneys for Defendants Toshiba Corporation,
                                        Toshiba America, Inc., Toshiba America Information*
28                                      *Systems, Inc., Toshiba America Consumer Products,*

DEFS.' REPLY MEMORANDUM OF LAW I/S/O THEIR                              Case No. 07-5944
MOT. TO DISMISS CERTAIN DIRECT ACTION PLS.' CLAIMS                     MDL NO. 1917

1    *L.L.C., and Toshiba America Electronic
     Components, Inc.*

2
     BAKER BOTTS LLP
3
     By: /s/ Jon V. Swenson
4    JON V. SWENSON (SBN 233054)
     Email: jon.swenson@bakerbotts.com
5    **BAKER BOTTS LLP**
     1001 Page Mill Road
6    Building One, Suite 200
     Palo Alto, CA 94304
7    Telephone: (650) 739-7500
     Facsimile: (650) 739-7699
8
     JOHN M. TALADAY (*pro hac vice*)
9    Email: john.taladay@bakerbotts.com
     JOSEPH OSTOYICH (*pro hac vice*)
10   Email: joseph.ostoyich@bakerbotts.com
     ERIK T. KOONS (*pro hac vice*)
11   Email: erik.koons@bakerbotts.com
     CHARLES M. MALAISE (*pro hac vice*)
12   Email: charles.malaise@bakerbotts.com
     **BAKER BOTTS LLP**
13   1299 Pennsylvania Avenue, N.W.
     Washington, DC 20004-2400
14   Telephone: (202) 639-7700
     Facsimile: (202) 639-7890
15
     *Attorneys for Defendants Koninklijke Philips N.V.*
16   *and Philips Electronics North America Corporation*

17   MUNGER, TOLLES & OLSON LLP

18
     By: /s/ Hojoon Hwang
19   HOJOON HWANG (SBN 184950)
     Email: Hojoon.Hwang@mto.com
20   **MUNGER, TOLLES & OLSON LLP**
     560 Mission Street, Twenty-Seventh Floor
21   San Francisco, CA 94105-2907
     Telephone: (415) 512-4000
22   Facsimile: (415) 512-4077

23   WILLIAM D. TEMKO (SBN 098858)
     Email: William.Temko@mto.com
24   JONATHAN E. ALTMAN (SBN 170607)
     Email: Jonathan.Altman@mto.com
25   BETHANY W. KRISTOVICH (SBN 241891)
     Email: Bethany.Kristovich@mto.com
26   **MUNGER, TOLLES & OLSON LLP**
     355 South Grand Avenue, Thirty-Fifth Floor
27   Los Angeles, CA 90071-1560
     Telephone: (213) 683-9100
28   Facsimile: (213) 687-3702

                                   17

1

2        *Attorneys for Defendants LG Electronics, Inc.; LG,*
         *LG Electronics USA, Inc.; and LG Electronics*
3        *Taiwan Taipei Co., Ltd.*

4        KIRKLAND & ELLIS LLP

5        By: /s/ Eliot A. Adelson
         ELIOT A. ADELSON (SBN 205284)
6        Email: eadelson@kirkland.com
         **KIRKLAND & ELLIS LLP**
7        555 California Street
         27th Floor
8        San Francisco, CA 94104
         Telephone: (415) 439-1413
9        Facsimile: (415) 439-1500

10       *Attorneys for Defendants Hitachi, Ltd., Hitachi*
         *Displays, Ltd. (n/k/a Japan Display East, Inc.),*
11       *Hitachi Asia, Ltd., Hitachi America, Ltd., and*
         *Hitachi Electronic Devices (USA), Inc.*

12       SHEPPARD MULLIN RICHTER & HAMPTON

13       By: /s/ Gary L. Halling
         GARY L. HALLING (SBN 66087)
14       Email: ghalling@sheppardmullin.com
         JAMES L. MCGINNIS (SBN 95788)
15       Email: jmcginnis@sheppardmullin.com
         MICHAEL W. SCARBOROUGH, (SBN 203524)
16       Email: mscarborough@sheppardmullin.com
         **SHEPPARD MULLIN RICHTER & HAMPTON**
17       Four Embarcadero Center, 17th Floor
         San Francisco, CA 94111
18       Telephone: (415) 434-9100
         Facsimile: (415) 434-3947
19

20       *Attorneys for Defendants Samsung SDI America,*
         *Inc.; Samsung SDI Co., Ltd.; Samsung SDI*
21       *(Malaysia) SDN. BHD.; Samsung SDI Mexico S.A.*
         *DE C.V.; Samsung SDI Brasil Ltda.; Shenzen*
22       *Samsung SDI Co., Ltd. and Tianjin Samsung SDI*
         *Co., Ltd.*

23

24           Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this

25   document has been obtained from each of the above signatories.

26

27

28