1  **Counsel Listed On Signature Block**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC |
|---|---|
| | MDL No. 1917 |
| This Document Relates to:<br>ALL DIRECT PURCHASER ACTIONS | **STIPULATION AND** [PROPOSED] **ORDER REGARDING SCHEDULING OF DIRECT PURCHASER ACTIONS** |

1

2   WHEREAS, on September 13, 2013, the Court entered a minute order (Dkt.
3   No. 1931) (1) requesting that the parties in the DAP actions and IPP actions submit a new
4   stipulated scheduling order for those cases; and (2) maintaining the trial date in the DPP
5   actions; and

6   WHEREAS, on October 7, 2013, the Court entered a Stipulation and Order
7   Regarding Scheduling (Dkt. No. 1991) setting a revised schedule for the IPP actions and
8   DAP actions; and

9   WHEREAS, on November 4, 2013, the Court entered an Order on Trial
10  Schedule for the Direct Purchaser Action (Dkt. No. 2096)[1] in which it (1) clarified that the
11  deadlines in the DPP actions for expert discovery, fact discovery, dispositive motion
12  practice and  mediation were to have remained the same as those set in the Court's March
13  13, 2013 order (Dkt. No. 1595), and (2) modified all other deadlines in the DPP actions to
14  conform with the Court's October 7, 2013 scheduling order for the IPP and DAP actions
15  (Dkt. No. 1991), including setting the DPP actions for trial on March 9, 2015, the same
16  date as the IPP and DAP actions; and

17  WHEREAS, the schedule set by the Court's March 13, 2013 order (Dkt. No.
18  1595) would have required the Direct Purchaser Plaintiffs to serve their merits expert
19  reports by October 23, 2013 (which had already passed), with Defendants' expert reports
20  due on November 22, 2013; and

21  WHEREAS, in light of continuing settlement negotiations, the Direct
22  Purchaser Plaintiffs have not yet served their opening expert reports and require additional
23  time to prepare those reports, while the Defendants in the DPP actions are unable to
24  finalize their expert reports until they have received Plaintiffs' reports; and

25

---

[1] On the same day, the Court entered an Amended Order on Trial Schedule for Direct Purchaser Action (Dkt. No. 2105) to correct a "typographical error" in Docket No. 2096.

-1-

MDL No. 1917

STIPULATION AND [PROPOSED] ORDER RE SCHEDULING OF DIRECT PURCHASER ACTIONS

WHEREAS, the parties agree that the current deadlines in the DAP actions and IPP actions <u>for the service of expert reports and close of expert discovery only</u>, as set in the Court's October 7, 2013 order (Dkt. No. 1991) are reasonable and should also apply to the DPP actions;

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the undersigned parties in the DPP actions, as follows:

1. January 21, 2014 shall be the last day for the Direct Purchaser Plaintiffs to serve opening expert reports on the merits, and the last day for Defendants in the DPP actions to serve opening expert reports on affirmative defenses.

2. April 22, 2014 shall be the last day for Defendants in the DPP actions to serve opposition expert reports on the merits, and the last day for the Direct Purchaser Plaintiffs to serve opposition expert reports on affirmative defenses.

3. July 22, 2014 shall be the last day for the Direct Purchaser Plaintiffs to serve rebuttal expert reports on the merits and the last day for the Defendants in the DPP actions to serve rebuttal expert reports on affirmative defenses.

4. The close of expert discovery in the DPP actions shall be September 5, 2014.

5. All other deadlines in the DPP actions shall remain the same as set in the Court's November 4, 2013 Order and Amended Order on Trial Schedule for Direct Purchaser Action (Dkt. Nos. 2096 & 2105).

The undersigned parties jointly and respectfully request that the Court enter this stipulation as an order.

| | |
|---|---|
| Dated:  November 21, 2013 | By:  __/s/ James L. McGinnis__<br>GARY L. HALLING (SBN 66087)<br>Email: ghalling@sheppardmullin.com<br>JAMES L. MCGINNIS (SBN 95788)<br>Email: jmcginnis@sheppardmullin.com<br>MICHAEL SCARBOROUGH (SBN 203524)<br>Email: mscarborough@sheppardmullin.com<br>**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111-4109<br>Telephone: 415-434-9100<br>Facsimile: 415-434-3947<br><br>*Attorneys for Defendants*<br>*Samsung SDI America, Inc,.*<br>*Samsung SDI Co., Ltd.,*<br>*Samsung SDI (Malaysia) Sdn. Bhd.,*<br>*Samsung SDI Mexico S.A. de C.V.,*<br>*Samsung SDI Brasil Ltda.,*<br>*Shenzen Samsung SDI Co., Ltd., and*<br>*Tianjin Samsung SDI Co., Ltd.,* |
| | By:  __/ Guido Saveri__<br>GUIDO SAVERI (41059)<br>guido@saveri.com<br>R. ALEXANDER SAVERI (173102)<br>rick@saveri.com<br>CADIO ZIRPOLI (179108)<br>cadio@saveri.com<br>**SAVERI & SAVERI INC.**<br>706 Sansome Street<br>San Francisco, California 94111<br>Telephone:  (415) 217-6810<br>Facsimile:  (415) 217-6813<br><br>*Interim Lead Counsel for the Direct Purchaser Plaintiffs* |

1 | **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3 | DATED:_____     _____

4 |                                            Hon. Samuel Conti
                                                United States District Judge