# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| AUDIO MPEG, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 05-0565 |
| THOMSON S.A., et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER**

This matter comes before the Court on Defendant Thomson S.A.'s Motion to Dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to join indispensable parties. See Fed. R. Civ. P. 12(b)(1), (6), (7). The Court finds that it does not have personal jurisdiction over Thomson S.A. and that Thomson S.A.'s Motion to Dismiss should be granted. Accordingly, Thomson S.A.'s arguments on lack of subject matter jurisdiction and failure to join indispensable parties are rendered moot and will not be discussed in this Order.

Plaintiff, Audio MPEG, Inc., is a corporation organized under the laws of the Commonwealth of Virginia and whose principal place of business is in the Commonwealth of Virginia. Defendant Thomson S.A. is a corporation organized under the laws of France and whose principal place of business is in France.

Defendant Thomson, Inc. is a corporation organized under the laws of the State of Indiana and whose principal place of business is in the State of Indiana. In the present matter, Plaintiff claims that Defendants infringed upon certain patents to which Plaintiff has an exclusive license. See 35 U.S.C. §§ 271, 281 (2000). Plaintiff seeks both monetary damages and injunctive relief.

Personal jurisdiction analysis with regards to foreign corporations in patent infringement cases consists of two parts. First, does the state long-arm statute grant personal jurisdiction. See Graphic Controls Corp. v. Utah Med. Prods., Inc., 149 F.3d 1382, 1385-86 (Fed. Cir. 1998). Second, if jurisdiction is appropriate under the state long-arm statute, is it consistent with federal due process standards. Id.

The Virginia long-arm statute provides that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's: [t]ransacting any business in [Virginia]; [or] [c]ontracting to supply services or things in [Virginia]." Va. Code Ann. § 8.01-328.1 (1950). The Virginia Supreme Court has held that the Virginia long-arm statute "extend[s] personal jurisdiction to the full extent permitted by the Due Process Clause." Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners, 229 F.3d 448, 450 (4th Cir. 2000). Therefore, "in determining the reach of the [Virginia] long-arm statute, the

2

statutory and constitutional inquiries coalesce into the question of whether [the defendant] had sufficient minimum contacts with Virginia to satisfy due process requirements." Id.

Federal due process requires that foreign corporations have a meaningful relationship with the forum state, so that the exercise of personal jurisdiction does not offend the traditional notions of fair play and substantial justice. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985); Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1565 (Fed. Cir. 1994). This "meaningful relationship" can create general or specific personal jurisdiction. General jurisdiction arises when a defendant has continuous and systematic contact with the forum state. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-17 (1984). Specific jurisdiction arises when a defendant has minimum contacts with the forum state and the issues in the case arise from those minimum contacts. See Asahi Metal Indus. Co., Ltd. v. Superior Ct. of Cal., Solano County, 480 U.S. 102, 108-09 (1987). The presence of either general or specific jurisdiction satisfies the constitutional requirements of the Due Process Clause.

While there is no established test to determine whether a court has general jurisdiction, LSI Indus., Inc. v. Hubbell Lighting, Inc., 232 F.3d 1369, 1375 (Fed. Cir. 2000), the facts of this case do not support a finding that Thomson S.A. has

3

continuous and systematic contacts with Virginia. Thomson S.A. is a corporation registered under the laws of France and does not own any property or maintain any bank accounts, offices, or business operations in Virginia. Thomson S.A. does not offer services in Virginia or sell its products to individuals or entities in Virginia. Furthermore, Thomson S.A. does not employ anyone in Virginia.

Likewise, the facts of this case do not support a finding of specific jurisdiction. The Federal Circuit has established a three prong test for determining whether there is specific jurisdiction: whether the defendant purposefully directed its activities at residents of the forum; whether the claim arises out of or relates to these activities; and whether assertion of personal jurisdiction is reasonable and fair. Akro Corp. v. Luker, 45 F.3d 1541, 1545-56 (Fed. Cir. 1995) (citing Burger King, 471 U.S. at 471-76). The first two factors establish the minimum contacts requirement while the third prevents violation of "traditional concepts of fair play and substantial justice." Int'l Shoe Co. v. Wash., 326 U.S. 310, 320 (1945).

Thomson S.A. has not purposefully directed its activities towards Virginia. Thomson S.A. does not manufacture any products for any distributor or any retailer in Virginia. While products produced by Thomson S.A. may enter Virginia through the stream of commerce, this does not satisfy the first prong of the test

4

because Thomson S.A. has not engaged in activity purposefully directed towards Virginia. See Lesnick v. Hollingsworth Vose Co., 35 F.3d 939, 946-47 (4th Cir. 1994) (finding that mere placement of a product in the stream of commerce does not purposefully direct activity toward the forum state).

If the first prong fails, the second prong also fails. There can be no relation between Plaintiff's claims of patent infringement and Thomson S.A.'s alleged activities purposefully directed towards Virginia when this Court determines that Thomson S.A. did not engage in such activities. As to the third prong, personal jurisdiction in this matter is not reasonable or fair. Thomson S.A. has not engaged in activities purposefully directed towards Virginia and could not reasonably be expected to anticipate having to defend itself in the Eastern District of Virginia.

Plaintiff also argues that jurisdiction is appropriate because Thomson, Inc., as an alleged agent of Thomson S.A., has minimum contacts with Virginia. Whether or not this Court has personal jurisdiction over Thomson, Inc. is irrelevant because the Court finds that there is insufficient evidence that Thomson, Inc. is an agent or alter ego of Thomson S.A. See Black & Decker (U.S.) Inc. v. Pro-Tech Power Inc., 26 F. Supp. 2d 834, 843 (E.D. Va. 1998). Thomson S.A. and Thomson, Inc. are separate corporations in form and fact. They have separate corporate

5

offices, officers, and bank accounts. Thomson, Inc. is independently responsible for selling, marketing, and distributing its products. Id. It appearing to the Court that there is no personal jurisdiction in this matter as to Defendant Thomson S.A., it is hereby

ORDERED that Defendant Thomson S.A.'s Motion to Dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to join indispensable parties is GRANTED due to a lack of personal jurisdiction and this case is DISMISSED as to Defendant Thomson S.A.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
October 17, 2005