# EXHIBIT A

1  LIDIA MAHER (CSBN 222253)
   BARBARA J. NELSON (CSBN 87952)
2  JEANE M. HAMILTON (CSBN 157834)
   ANNA TRYON PLETCHER (CSBN 239730)
3  MAY LEE HEYE (CSBN 209366)
   Antitrust Division
4  U.S. Department of Justice
   450 Golden Gate Avenue
5  Box 36046, Room 10-0101
   San Francisco, CA 94102
6  Telephone: (415) 436-6660

7  Attorneys for the United States

8
                    UNITED STATES DISTRICT COURT
9
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                       SAN FRANCISCO DIVISION
11

12 UNITED STATES OF AMERICA            )   No. CR 09 0131
                                       )   INDICTMENT
13          v.                         )
                                       )
14 CHENG YUAN LIN, a.k.a. C.Y. LIN,    )   VIOLATIONS:
                                       )   Title 15, United States Code,
15                                     )   Section 1 (Conspiracy in Restraint of Trade)
                                       )
16          Defendant.                 )   San Francisco Venue
                                       )
17

18      The Grand Jury charges:

19 COUNT ONE: 15 U.S.C. § 1 (Conspiracy in Restraint of Trade)

20                                 I.

21                     DESCRIPTION OF THE OFFENSE

22      1.    CHENG YUAN LIN, a.k.a. C.Y. LIN, is hereby indicted and made a defendant on

23 the charge stated below.

24      2.    Beginning at least as early as January 28, 1997, until at least as late as April 7,

25 2003, the exact dates being unknown to the Grand Jury, the defendant CHENG YUAN LIN and

26 coconspirators joined, entered into, and engaged in a combination and conspiracy to suppress and

27 eliminate competition by fixing prices, reducing output, and allocating market shares of color

28 display tubes ("CDTs") to be sold in the United States and elsewhere. The combination and

INDICTMENT – PAGE 1

conspiracy engaged in by the defendant and coconspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

3. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and coconspirators, the substantial terms of which were to agree to fix prices, reduce output, and allocate market shares of CDTs to be sold in the United States and elsewhere for use in computer monitors and other products with similar technological requirements.

## II.

## MEANS AND METHODS OF THE CONSPIRACY

4. For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and coconspirators did those things that they combined and conspired to do, including, among other things:

(a) attended meetings and engaged in conversations and communications in Taiwan, Korea, Malaysia, China, and elsewhere to discuss the prices, output, and market shares of CDTs;

(b) agreed during those meetings, conversations, and communications to charge prices of CDTs at certain target levels or ranges;

(c) agreed during those meetings, conversations, and communications to reduce output of CDTs by shutting down CDT production lines for certain periods of time;

(d) agreed during those meetings, conversations, and communications to allocate target market shares for the CDT market overall and for certain CDT customers;

(e) exchanged CDT sales, production, market share, and pricing information for the purpose of implementing, monitoring, and enforcing adherence to the agreed-upon prices, output reduction, and market share allocation;

INDICTMENT – PAGE 2

(f) implemented an auditing system that permitted coconspirators to visit each other's production facilities to verify that CDT production lines had been shut down as agreed;

(g) authorized and approved the participation of subordinate employees in the conspiracy;

(h) issued price quotations and reduced output in accordance with the agreements reached; and

(i) took steps to conceal the conspiracy and conspiratorial contacts through various means.

### III.

### DEFENDANT AND COCONSPIRATORS

5. Defendant CHENG YUAN LIN is a resident of Taiwan, Republic of China. During the period covered by this Indictment, CHENG YUAN LIN was Chairman and Chief Executive Officer of Chunghwa Picture Tubes, Ltd. ("Chunghwa"). During the period covered by this Indictment, Chunghwa was a Taiwanese company engaged in the business of producing and selling, among other things, CDTs to customers in the United States and elsewhere.

6. Various corporations and individuals not made defendants in Count One of this Indictment participated as coconspirators in the offenses charged in Count One of this Indictment and performed acts and made statements in furtherance of it.

7. Whenever in this Indictment reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

### IV.

### TRADE AND COMMERCE

8. CDTs are a type of cathode ray tube. Cathode ray tubes consist of evacuated glass envelopes that contain an electron gun and a phosphorescent screen. When electrons strike the screen, light is emitted, creating an image on the screen. CDTs are the specialized cathode ray

INDICTMENT – PAGE 3

1  tubes manufactured for use in computer monitors and other products with similar technological
2  requirements.
3     9.    During the period covered by Count One of this Indictment, the defendant and
4  coconspirators sold and distributed substantial quantities of CDTs in a continuous and
5  uninterrupted flow of interstate and foreign trade and commerce to customers located in states or
6  countries other than the states or countries in which the defendant and coconspirators produced
7  CDTs. In addition, payments for CDTs traveled in interstate and foreign trade and commerce.
8     10.   During the period covered by Count One of this Indictment, the business activities
9  of the defendant and coconspirators that are the subject of Count One of this Indictment were
10 within the flow of, and substantially affected, interstate and foreign trade and commerce.

V.

JURISDICTION AND VENUE

13    11.   The combination and conspiracy charged in Count One of this Indictment was
14 carried out, in part, in the Northern District of California, within the five years preceding the filing
15 of this Indictment, excluding the period during which the running of the statute of limitations was
16 suspended pursuant to agreement with defendant CHENG YUAN LIN.
17 COUNT TWO: 15 U.S.C. § 1 (Conspiracy in Restraint of Trade)

VI.

DESCRIPTION OF THE OFFENSE

20    12.   CHENG YUAN LIN, a.k.a. C.Y. LIN, is hereby indicted and made a defendant on
21 the charge stated below.
22    13.   Beginning at least as early as March 12, 1997, until at least as late as April 7, 2003,
23 the exact dates being unknown to the Grand Jury, the defendant CHENG YUAN LIN and
24 coconspirators joined, entered into, and engaged in a combination and conspiracy to suppress and
25 eliminate competition by fixing the prices of color picture tubes ("CPTs") to be sold in the United
26 States and elsewhere. The combination and conspiracy engaged in by the defendant and
27 coconspirators was in unreasonable restraint of interstate and foreign trade and commerce in
28 violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

INDICTMENT – PAGE 4

14. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and coconspirators, the substantial terms of which were to agree to fix the prices of CPTs to be sold in the United States and elsewhere for use in television sets.

## VII.

## MEANS AND METHODS OF THE CONSPIRACY

15. For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and coconspirators did those things that they combined and conspired to do, including, among other things:

    (a) attended meetings and engaged in conversations and communications in Taiwan, Korea, Malaysia, China, Thailand, Indonesia, and elsewhere to discuss the prices of CPTs;

    (b) agreed during those meetings, conversations, and communications to charge prices of CPTs at certain target levels or ranges;

    (c) exchanged CPT pricing information for the purpose of implementing, monitoring, and enforcing adherence to the agreed-upon prices;

    (d) authorized and approved the participation of subordinate employees in the conspiracy;

    (e) issued price quotations in accordance with the agreements reached; and

    (f) took steps to conceal the conspiracy and conspiratorial contacts through various means.

## VIII.

## DEFENDANT AND COCONSPIRATORS

16. Defendant CHENG YUAN LIN is a resident of Taiwan, Republic of China. During the period covered by this Indictment, CHENG YUAN LIN was Chairman and Chief Executive Officer of Chunghwa. During the period covered by this Indictment, Chunghwa was a Taiwanese company engaged in the business of producing and selling, among other things, CPTs to customers in the United States and elsewhere.

INDICTMENT – PAGE 5

17. Various corporations and individuals not made defendants in Count Two of this Indictment participated as coconspirators in the offenses charged in Count Two of this Indictment and performed acts and made statements in furtherance of it.

18. Whenever in this Indictment reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## IX.

## TRADE AND COMMERCE

19. CPTs are a type of cathode ray tube. Cathode ray tubes consist of evacuated glass envelopes that contain an electron gun and a phosphorescent screen. When electrons strike the screen, light is emitted, creating an image on the screen. CPTs are the specialized cathode ray tubes manufactured for use in television sets.

20. During the period covered by Count Two of this Indictment, the defendant and coconspirators sold and distributed substantial quantities of CPTs in a continuous and uninterrupted flow of interstate and foreign trade and commerce to customers located in states or countries other than the states or countries in which the defendant and coconspirators produced CPTs. In addition, payments for CPTs traveled in interstate and foreign trade and commerce.

21. During the period covered by Count Two of this Indictment, the business activities of the defendant and coconspirators that are the subject of Count Two of this Indictment were within the flow of, and substantially affected, interstate and foreign trade and commerce.

## X.

## JURISDICTION AND VENUE

22. The combination and conspiracy charged in Count Two of this Indictment was carried out, in part, in the Northern District of California, within the five years preceding the filing of this Indictment, excluding the period during which the running of the statute of limitations was suspended pursuant to agreement with defendant CHENG YUAN LIN.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

INDICTMENT – PAGE 6

| | |
|---|---|
| DATED: 2/10/09 | A TRUE BILL |
| | |
| /s/ Scott D. Hammond | /s/ FOREPERSON |
| Scott D. Hammond | |
| Acting Assistant Attorney General | |
| | /s/ Phillip H. Warren |
| /s/ Marc Siegel | Phillip H. Warren |
| Marc Siegel | Chief, San Francisco Office |
| Director of Criminal Enforcement | |
| | /s/ Niall E. Lynch |
| United States Department of Justice | Niall E. Lynch |
| Antitrust Division | Assistant Chief, San Francisco Office |
| | |
| /s/ Joseph P. Russoniello (FM JPR) | /s/ Lidia Maher |
| Joseph P. Russoniello | Lidia Maher |
| United States Attorney | Barbara J. Nelson |
| Northern District of California | Jeane M. Hamilton |
| | Anna Tryon Pletcher |
| | May Lee Heye |
| | Attorneys |
| | United States Department of Justice |
| | Antitrust Division |
| | 450 Golden Gate Avenue |
| | Box 36046, Room 10-0101 |
| | San Francisco, CA 94102 |
| | (415) 436-6660 |

INDICTMENT – PAGE 7