PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL   (1946-1956)
SIMON H. RIFKIND   (1950-1995)
LOUIS S. WEISS     (1927-1950)
JOHN F. WHARTON    (1927-1977)

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU, CHAOYANG DISTRICT
BEIJING 100020, PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(202) 223-7343

WRITER'S DIRECT FACSIMILE
(202) 223-7410

WRITER'S DIRECT E-MAIL ADDRESS
cbenson@paulweiss.com

PARTNERS RESIDENT IN WASHINGTON
DAVID J. BALL            MARK F. MENDELSOHN
CRAIG A. BENSON          ALEX YOUNG K. OH
PATRICK S. CAMPBELL      JOSEPH J. SIMONS
CHARLES E. DAVIDOW       ALEXANDRA M. WALSH
KENNETH A. GALLO         BETH A. WILKINSON
JEH C. JOHNSON

PARTNERS NOT RESIDENT IN WASHINGTON
[partner listing omitted]

*NOT AN ACTIVE MEMBER OF THE DC BAR

December 3, 2013

Via ECF and Hand Delivery

The Honorable Samuel Conti
United States District Court
Northern District of California
Courtroom No. 1, 17th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

REDACTED VERSION OF DOCUMENT
SOUGHT TO BE SEALED

In re: Cathode Ray Tube (CRT) Antitrust Litigation, No. 3:07-cv-05944,
No. 3:13-cv-1174

Dear Judge Conti:

    After Sharp[1] filed its opt-out lawsuit in March of 2013, it reviewed the existing discovery record, and propounded narrow, tailored Interrogatories on the defendants. The Interrogatories sought information uniquely relevant to Sharp's claims for purchases of color picture tubes ("CPTs") in the United States. The Toshiba and Panasonic

---

[1] Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Samuel Conti                                                                                                         2

Defendants[2] have refused to respond to these Interrogatories.  They have instead merely referred Sharp to their responses to different interrogatories seeking much less refined information.  The Toshiba and Panasonic Defendants maintain that the discovery rules obligate Sharp to figure out the answer to its separate, narrower question on its own.  They are wrong.  Sharp therefore seeks an order pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37 compelling the Toshiba and Panasonic Defendants to respond to Sharp's Interrogatories.[3]

## I. **BACKGROUND**

The Toshiba and Panasonic defendants have been in these CRT lawsuits for more than six years.   One of their primary defenses in the case is that any arguably anticompetitive conduct had no impact in the United States.  (Expert Report of Robert D. Willig, Dec. 17, 2012, Ex. A to the Declaration of Craig A. Benson ("Benson Decl.") at 27-28 ("Conduct Directed at CRT Prices Outside the United States Need Not Have Elevated CRT Market Prices in the United States").)

The Direct Purchaser Plaintiffs class propounded interrogatories over three years ago, asking defendants to identify *all actual or proposed agreements* between CRT producers relating to CRT prices, production, or inventory levels (Interrogatory 4), and *any meetings or communications* between CRT producers regarding CRT prices, terms or conditions or sale, profits or market share, production levels (Interrogatory 5).  Direct Purchaser Plaintiffs First Set of Interrogatories, Ex. B to Benson Decl.



---

[2] The Toshiba Defendants are Toshiba Corporation, Toshiba America Electronic Components, Inc., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.  The Panasonic Defendants are Panasonic Corp. of North America, MT Picture Display Co., Ltd., and Panasonic Corporation.

[3] Sharp files this letter brief in lieu of a motion pursuant to this Court's instruction to follow the same procedures in place for discovery disputes that were utilized before Judge Legge.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Samuel Conti                                                              3



      Sharp filed this opt-out lawsuit in March 2013.  Unlike many of the plaintiffs in the MDL, Sharp's claims overwhelmingly relate to purchases in the United States of CPTs from defendants (instead of finished CRT product purchases).  Consistent with its obligations as an opt-out plaintiff under the discovery protocol, Sharp reviewed the existing discovery record to learn the state of the record before propounding discovery.  Thereafter, it issued non-duplicative Interrogatories, seeking from defendants information on two narrow questions.  Sharp asked defendants to identify communications and meetings between CRT manufacturers regarding the sales, production, and/or prices of CPTs:

- "in and/or for the United States, Mexico, and/or Brazil" but excluding "any Communications and/or Meetings occurring solely in the context of a Customer-supplier relationship," (Sharp Interrogatory 2, Ex. F to Benson Decl.); or

- "where at least one party to the Communication was employed in and/or based out of the U.S., Mexico, and/or Brazil." (Sharp Interrogatory 3, Ex. F to Benson Decl.).[4]

      Instead of responding, the Toshiba and Panasonic Defendants merely referred Sharp to their previous responses to the admittedly different, broader interrogatory responses.[5]  They acknowledge that their descriptions of the communications in those

---

[4] Sharp also included a standard interrogatory asking for the identity of anyone who participating in answering the interrogatory.  (Sharp Interrogatory 1, Ex. F to Benson Decl.)  Toshiba refused to answer even this standard question.  (Ex. G to Benson Decl. at 6.)

[5] Toshiba filed four separate responses for each of four Toshiba defendants.  (*See* Exs. G-J to Benson Decl.)  Toshiba refused to provide *any* information in response to Sharp's Interrogatories.  (*E.*g., Toshiba Corp. Responses, Ex. G to Benson Decl. at 7.)

The Honorable Samuel Conti                                                                                                                4

interrogatory responses lack detail sufficient to make this determination on their own, and that it is necessary to review the actual documents.[6]  (Exs. L, N, O to Benson Decl.)  They assert that, even though the Toshiba and Panasonic Defendants had been in the case for six years and had lived with this evidence since then, Sharp was in as advantageous a position as they were to identify which documents and communications were responsive to Sharp's Interrogatories.

In meet and confers, Sharp sought to understand whether either Toshiba or Panasonic had done any work since they responded to these interrogatories that would enable the defendants to answer Sharp's Interrogatories without having to conduct an entirely independent review of underlying documents or meeting descriptions (which Sharp would have to do).  This would include, for instance, if Toshiba or Panasonic had created indices of, coding for, or translations of, documents based on their prior review.  Toshiba refused to respond.  (Exs. L & N to Benson Decl.)  Panasonic responded that it did have work product relating to the meetings and communications, including English language translations of some documents.  Nonetheless, Panasonic asserts that "Sharp is now in at least as good a position as Panasonic to review the documents and to identify" which materials are responsive to Sharp's specific interrogatories.[7]  (Ex. P to Benson Decl. at 1.)

## II. ARGUMENT

### A.   Legal Standard

The Toshiba and Panasonic Defendants' responses are inadequate.  Answers to interrogatories should be complete on their own and should be clear that they have been answered completely without detailed comparison of answers in other interrogatories.  7 Moore's Federal Practice § 33.103 (Matthew Bender 3d Ed.); *DCFS USA, LLC v. District of Columbia*, 803 F. Supp. 2d 29, 35-36 (D.D.C. 2011).  A party responding to interrogatories cannot generally refer to other discovery, especially if the receiving party



[6]  Moreover, the Toshiba Defendants' responses to the DPP Interrogatories include two lists: one a list of Bates numbers of documents, and one a list of meetings and communications.  Toshiba confirmed that the list of documents is unrelated to the separate list of meetings.

[7]  Sharp also has contacted the Direct Purchaser Plaintiffs in attempts to obtain materials from that plaintiff class that would be helpful in evaluating the Toshiba and Panasonic Defendants' responses, but to date the Direct Purchaser Plaintiffs have not provided any such materials or information to Sharp.  (Benson Decl. ¶ 3.)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Samuel Conti                                                                                          5

cannot determine if the interrogatory has been answered completely by referring to previous discovery.  7 Moore's Federal Practice § 33.103.

Nor can a responding party require the receiving party to "rummage" through other discovery materials in order to find its answer.  *Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F.3d 88, 93 (1st Cir. 2012); *see also Harlem River Consumers Co-op v. Assoc. Grocers of Harlem, Inc.*, 64 F.R.D. 459, 463 (S.D.N.Y. 1974) ("A broad statement that the information sought is available from a mass of documents and that the documents are available for inspection simply is not a sufficient response to satisfy the aims of discovery.").

Finally, a party responding to an interrogatory cannot create an unequal burden for the receiving party by producing a "mass of records" capable of deciphering only by the producing party.  *Sadofsky v. Fiesta Prods.*, 252 F.R.D. 143, 148 (E.D.N.Y. 2008).  Even reference to a small number of documents can be unduly burdensome on the receiving party when the contents of the documents are not clear to the receiving party.  *Id*.  And the burden in responding to a discovery request is not equal, as between the receiving and responding party, where the answer is either readily available to the producing party or ascertainable without much labor, or where the producing party would need to do the work itself anyhow to prepare its own case.  7 Moore's Federal Practice § 33.103; 8B Wright, Miller & Marcus, Federal Practice and Procedure § 2174.

    **B.**    **Toshiba's and Panasonic's Previous Responses are Inadequate to Provide Sharp the Information it Seeks, and the Burden is Not Equal on Sharp To Identify That Information**

The Panasonic and Toshiba Defendants lose under these standards.

*First*, the information provided by Panasonic and Toshiba in their DPP Interrogatory responses is insufficient for Sharp to determine which communications are responsive to its Interrogatories. [REDACTED]

Panasonic's responses are even less helpful: [REDACTED]

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Samuel Conti                                                                                              6

*Second*, there is no question that the burden to identify responsive communications would be greater for Sharp than it would be for Panasonic or Toshiba. In order to learn which communications are responsive to its requests, Sharp would need to review each of the thousands of documents the Defendants identified, and each of the thousands of meetings the Defendants identified, to identify whether the Defendants' prior responses are responsive to Sharp's Interrogatories. This is all the more burdensome on Sharp since both Panasonic and Toshiba have acknowledged that not all meeting descriptions are substantiated by or matched up with disclosed documents. For those descriptions, Sharp would have to review the entire discovery record. Moreover, over 1,000 documents identified by Panasonic are in a foreign language, as are many by Toshiba, of which English language translations do not exist for over 500 of these documents. In order to meaningfully review them, Sharp would need to commission translations of these several hundred documents.

Panasonic and Toshiba, however, have lived with these documents for many years. They have already reviewed them. Panasonic acknowledges that it has English language translations of documents disclosed in its response. It also acknowledges that it has work product related to its review of those documents, in connection with its preparation of its defense in this case. (Toshiba has refused even to acknowledge this.) In order to justify their position, Toshiba and Panasonic must show that they cannot respond to Sharp's Interrogatories with minimal labor and that they would not need to engage in the exercise otherwise in preparation for their case. *See Fagan v. District of Columbia*, 136 F.R.D. 5, 7 (D.D.C. 1991) (granting plaintiffs' motion to compel interrogatory responses when responding required defendants to cull files and tabulate information that was "accessible in defendants' files"); *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 256, 259 (N.D. Ill. 1979) (granting plaintiff's motion to compel defendant's answers to interrogatories because, in part, it was information the defendant "would gather in the preparation of its own case"); *PHE, Inc. v. Dep't of Justice*, 139 F.R.D. 249, 257 (D.D.C. 1991) (granting motion to compel responses to interrogatories where "with little effort" the responding party could "retrieve the necessary and appropriate information"). Especially given Toshiba's and Panasonic's defense that the conspiracy did not impact the United States, it simply is not plausible that they cannot answer Sharp's U.S.-focused Interrogatories with minimal effort, or have not already done this work in preparing their own cases.

The Honorable Samuel Conti 7

### III. CONCLUSION

Sharp respectfully requests that the Court order the Toshiba and Panasonic defendants to respond fully to Sharp's First Set of Interrogatories, including that Toshiba and Panasonic must separately respond to Sharp's First Set of Interrogatories independent of references to their responses to other discovery in this action.

Very truly yours,

*/s/ Craig A. Benson*

Craig A. Benson

Attachments