# EXHIBIT B

GUIDO SAVERI (22349)
  *guido@saveri.com*
R. ALEXANDER SAVERI (173102)
  *rick@saveri.com*
GEOFFREY C. RUSHING (126910)
  *grushing@saveri.com*
CADIO ZIRPOLI (179108)
  *cadio@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111-5619
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Lead Counsel for*
*Direct Purchaser Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944 SC |
| | MDL No. 1917 |
| | **DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| This Document Relates to: | Judge: Hon. Samuel Conti |
| ALL DIRECT PURCHASER ACTIONS | |

1    Pursuant to Federal Rules of Civil Procedure 33, direct purchaser plaintiffs, through their

2    counsel, request that each defendant answer the following interrogatories within thirty (30) days of

3    service and supplement its interrogatory answers, as necessary, to comply with Federal Rule of

4    Civil Procedure 26(e).

5                                       **DEFINITIONS**

6        1.    The term "Defendant" means defendants named in the Direct Purchaser Plaintiffs'

7    Consolidated Amended Complaint and their present or former employees, officers, directors,

8    agents, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, or any other person

9    acting on their behalf.

10       2.    The term "Person" or "Persons" is defined to mean any natural person, corporation,

11   or partnership, proprietorship, joint venture, or any business, legal, or government entity,

12   organization, or association.

13       3.    The terms "You," "Your," and "Yourself" means defendant as defined herein.

14       4.    The term "Document" includes all documents and electronically stored information

15   as defined in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate

16   document within the meaning of this term.

17       5.    The term "Employee" means any individual currently in the employ of, or at any

18   time employed by, or acting as the agent of a defendant as defined herein.

19       6.    The term "CRT" means cathode ray tube(s) and "CRT Products" means products

20   containing cathode ray tubes.

21       7.    Unless otherwise noted, the term "Relevant Time Period" means the period from

22   January 1, 1995 through the present.

23       8.    The term "Communication" means without limitation, oral or written

24   communications of any kind, such as electronic communications, e-mails, facsimiles, telephone

25   communications, correspondence, exchange of written or recorded information, or face-to-face

26   meetings. The phrase "communication between" is defined to include instances where one party

27   addresses the other party but the other party does not necessarily respond.

28

DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES;
Master File No. 07-5944 SC

9.     The term "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

10.     The term "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

## INSTRUCTIONS

1.     When asked to identify a natural person, state the person's name, employer, position dates of employment/tenure, and home address for all times during the Relevant Time Period. If any of such information has changed during the relevant time period, specify the time period to which the information provided in your answer pertains.

2.     When asked to identify any entity other than a natural person, state the name and address of the principal office or headquarters. If any of the information has changed during the Relevant Time Period, specify the time period to which the information provided in your answer pertains.

3.     If the responding party elects to produce business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d), the responding party shall produce the records as they are kept in the usual course of business or shall organize and label them to corresponding with the interrogatory. If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify to the interrogatories to which the document is responsive. If the document is not being produced in electronic form, identify the document using the applicable bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent. For all documents produced pursuant to Rule 33(d), identify the name of the employee, officer, or agent certifying the documents as business records.

DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES;
Master File No. 07-5944 SC

# INTERROGATORIES

**Interrogatory No. 1**

State the name, address, and relationship to You of each person who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**Interrogatory No. 2**

Identify each current and former employee who has or had any managerial responsibility for recommending, reviewing, setting or approving prices, bids, quotes, or rebates for Your CRT and/or CRT Products during the Relevant Time Period. For each person identified, include his or her name, address, title, location, the division or unit of the company where he or she worked, and a description of his or her responsibilities throughout the Relevant Time Period.

**Interrogatory No. 3**

Identify each employee with pricing authority who attended any trade association during the Relevant Time Period relating to CRT and/or CRT Products and state with respect to each employee:

        (a)    the trade association attended;

        (b)    the dates of attendance;

        (c)    any offices, chairs or committee positions held in each of the trade associations; and

        (d)    the dates which those offices, chairs or committee positions were held.

**Interrogatory No. 4**

Identify each actual or proposed agreement between You and any producer of CRT and/or CRT Products, including the named defendants in this coordinated proceeding, relating to prices, pricing, production or inventory levels of CRT and/or CRT Products during the relevant time period. Agreements shall include drafts. For every such actual or prosed agreement state:

        (a)    the identity of the participants and all persons with knowledge thereof;

        (b)    when such agreement was entered into;

        (c)    where such agreement was entered into;

- 3 -

1
      (d)   the terms of such agreement; and

2
      (e)   when, how and which of your officers, directors or employees discovered

3
          the existence of such agreement.

**Interrogatory No. 5**

Identify any meeting or communication between You and other producers of CRT and/or CRT Products during the Relevant Time Period, including the named Defendants in this coordinated proceeding, regarding CRT and/or CRT Product pricing, price increase announcements, terms or conditions of sales, profit margins or market share, production levels, inventory, customers, auctions, reverse auctions, dynamic bidding events, or sales, and for each such meeting or communication:

      (a)   provide the date and location of the meeting or communication;

      (b)   identify the person(s) who initiated, called, organized, attended or participated in the meeting or communication;

      (c)   describe the subject matter discussed and any information you provided or received;

      (d)   describe every action taken by you as a result of the meeting or communication; and

      (e)   identify all persons with knowledge relating to the meeting or communication.

**Interrogatory No. 6**

Identify each instance during the Relevant Time Period in which You or any other producer of CRT and/or CRT Products, including the named defendants in this coordinated proceeding, instituted a price increase or decrease for CRT and/or CRT Products, and for each such instance:

      (a)   when such price increase or decrease was announced publicly;

      (b)   when such price increase or decrease was implemented;

      (c)   the amount of the price increase or decrease;

      (d)   whether such price increase or decrease was withdrawn;

- 4 -
DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES;
Master File No. 07-5944 SC

1        (e)     each person with responsibility for implementing such price increase or

2                  decrease or its withdrawal; and

3        (f)      any explanation given for such price increase or decrease or withdrawal.

4 **Interrogatory No. 7**

5      Identify and describe all joint ventures, partnerships or other cooperative business

6 relationships, during the Relevant Time Period, relating to CRT and/or CRT Products between You

7 and any other CRT or CRT Products producer.

8 **Interrogatory No. 8**

9      Identify every channel used by You to sell, market, or distribute CRT and/or CRT Products

10 during the Relevant Time Period. If You used different channels at different points within the

11 Relevant Time Period, identify when You used each channel to sell, market, or distribute CRT

12 and/or CRT Products.

13 **Interrogatory No. 9**

14      Identify every channel used by you to purchase CRT and/or CRT Products during the

15 Relevant Time Period. If You used different channels at different points within the Relevant Time

16 Period, identify when You used each channel to purchase CRT or CRT Products.

17 **Interrogatory No. 10**

18      Identify the CRT and/or CRT Products that You manufactured or produced for each month

19 within the Relevant Time Period, including the brand name, product number, and intended use.

20 **Interrogatory No. 11**

21      Identify the CRT and/or CRT Products You sold, marketed, or distributed for each month

22 within the Relevant Time Period, including the brand name, product number, and intended use.

23 **Interrogatory No. 12**

24      Provide Your sales of CRT and/or CRT Products to the United States and globally for each

25 month from January 1, 1991 to the present.  For each month during this period, state the volume of

26 sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce CRT and/or

27 CRT Products, the per unit cost to distribute CRT and/or CRT Products (including overseas freight,

28

DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES;
Master File No. 07-5944 SC

1    tariff, customs, duties, inland freight, storage, insurance, dealer commissions), and the per unit

2    profit earned.

3    **Interrogatory No. 13**

4          If You offered different prices to different markets, or on a spot market versus contract

5    basis, during the Relevant Time Period, so indicate in the statistical data supplied in response to

6    Interrogatory No. 6.

7    **Interrogatory No. 14**

8          Provide Your aggregate purchases (in both number of units and revenue in U.S. dollars) of

9    CRT and/or CRT Products for each month from January 1, 1991 to the present.

10    **Interrogatory No. 15**

11          Provide Your aggregate purchases (in units and U.S. dollars) of CRT or CRT Products from

12    each of the other named defendants in this coordinated proceeding, for the purpose of resale, for

13    each month during from January 1, 1991 to the present.

14    **Interrogatory No. 16**

15          State whether any documents or information responsive to this set of interrogatories were

16    destroyed, discarded, erased, deleted, purged, or otherwise lost.  If Your answer is in any way in

17    the affirmative:

18               (a)     describe in detail the contents of each such document or information and the

19                        date it was destroyed, discarded, erased, deleted, purged or lost;

20               (b)     identify each person who had any role or responsibility in destroying,

21                        discarding, erasing, purging, deleting or losing of each such document or

22                        information; and

23

24

25

26

27

28

DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES;
Master File No. 07-5944 SC

1

         (c)      describe in detail the circumstances under which each such document or

2

                  information was destroyed, discarded, erased, deleted, purged, or lost.

3

4   DATED:  March 12, 2010                Respectfully submitted,

5

6                                   By: _____

                                      Guido Saveri (22349)

7                                       R. Alexander Saveri (173102)

                                      Geoffrey C. Rushing (126910)

8                                       Cadio Zirpoli (179108)

                                      SAVERI & SAVERI, INC.

9                                       706 Sansome Street

                                      San Francisco, CA  94111

10                                     Telephone: (415) 217-6810

11

12                                     *Interim Lead Counsel for*

                                    *Direct Purchaser Plaintiffs*

13

14

15   crt.249

16

17

18

19

20

21

22

23

24

25

26

27

28

DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES;
Master File No. 07-5944 SC