# **E**XHIBIT **F**

1  Stephen E. Taylor (SBN 058452)
   Jonathan A. Patchen (SBN 237346)
2  **TAYLOR & COMPANY LAW OFFICES, LLP**
   One Ferry Building, Suite 355
3  San Francisco, California 94111
   Telephone:  (415) 788-8200
4  Facsimile:  (415) 788-8208
   Email: staylor@tcolaw.com
5  Email: jpatchen@tcolaw.com

6  Kenneth A. Gallo (*pro hac vice*)
   Joseph J. Simons (*pro hac vice*)
7  Craig A. Benson (*pro hac vice*)
   **PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
8  2001 K Street, NW
   Washington, DC  20006
9  Telephone: (202) 223-7300
   Facsimile: (202) 223-7420
10 kgallo@paulweiss.com
   jsimons@paulweiss.com
11 cbenson@paulweiss.com

12 *Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

13

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

14

15

| | |
|---|---|
| 16  **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 13-cv-01173 SC<br>Case No. 13-cv-02776 SC<br>Case No. 07-cv-05944 SC |
| 17  This Document Relates to: Individual Case No. 13-cv-01173 SC; Individual Case No. 13-cv-02776 SC | MDL No. 1917 |
| 18 | |
| 19  SHARP ELECTRONICS CORPORATION; SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC., | **SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS** |
| 20 | |
| 21  Plaintiffs,<br>  v. | |
| 22  HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LG ELECTRONICS TAIWAN TAIPEI CO., LTD.; LP DISPLAYS INTERNATIONAL, LTD.; MERIDIAN SOLAR & DISPLAY CO., LTD.; LG.PHILIPS DISPLAYS HOLDING B.V.; LG.PHILIPS DISPLAYS INTERNATIONAL B.V.; PANASONIC CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; PANASONIC CONSUMER ELECTRONICS CO.; | **DATE:**  September 19, 2013 |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14 | MT PICTURE DISPLAY CO., LTD.; MATSUSHITA ELECTRONIC CORPORATION (MALAYSIA) SDN BHD.; BEIJING MATSUSHITA COLOR CRT CO., LTD.; SAMSUNG SDI CO., LTD.; SAMSUNG SDI AMERICA, INC.; SAMSUNG SDI (MALAYSIA) SDN BHD.; SAMSUNG SDI MEXICO S.A. DE C.V.; SAMSUNG SDI BRASIL LTDA.; SHENZHEN SAMSUNG SDI CO., LTD.; TIANJIN SAMSUNG SDI CO., LTD.; SAMSUNG SDI (HONG KONG), LTD.; TOSHIBA CORPORATION; PT.MT PICTURE DISPLAY INDONESIA; TOSHIBA AMERICA, INC.; TOSHIBA AMERICA CONSUMER PRODUCTS LLC; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; TOSHIBA DISPLAY DEVICES (THAILAND) COMPANY, LTD.; THOMSON SA (N/K/A TECHNICOLOR SA); THOMSON CONSUMER ELECTRONICS, INC. (N/K/A TECHNICOLOR USA, INC.); VIDEOCON INDUSTRIES, LTD.; TECHNOLOGIES DISPLAYS AMERICAS LLC; TECHNOLOGIES DISPLAYS MEXICANA, S.A. DE C.V.<br><br>Defendants. |
| 15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24 | SHARP ELECTRONICS CORPORATION; SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.,<br><br>Plaintiffs,<br>v.<br>KONINKLIJKE PHILIPS ELECTRONICS N.V., A/K/A ROYAL PHILIPS ELECTRONICS; PHILIPS ELECTRONICS INDUSTRIES (TAIWAN) LTD.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; PHILIPS CONSUMER ELECTRONICS CO.; PHILIPS DA AMAZONIA INDUSTRIA ELECTRONICA LTDA.; AND ORION ENGINEERING & SERVICE, INC.<br><br>Defendants. |

| | | |
|---|---|---|
| 25 | | |
| 26 | **PROPOUNDING PARTIES:** | Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. |
| 27 | | |
| 28 | **RESPONDING PARTIES:** | Hitachi, Ltd.; Hitachi Displays, Ltd.; Hitachi America, Ltd.; Hitachi Asia, Ltd.; Hitachi Electronic |

- 2 -

|   |   |
|---|---|
|   | Devices (USA), Inc.; LG Electronics, Inc.; LG Electronics USA, Inc.; LG Electronics Taiwan Taipei Co., Ltd.; Panasonic Corporation; Panasonic Corporation of North America; MT Picture Display Co., Ltd.; Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI (Malaysia) Sdn Bhd.; Samsung SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co. Ltd.; Tianjin Samsung SDI Co., Ltd.; Samsung SDI (Hong Kong), Ltd.; Toshiba Corporation; Toshiba America, Inc.; Toshiba America Electronic Components, Inc.; Toshiba America Information Systems, Inc.; Technologies Displays Americas LLC; Koninklijke Philips Electronics N.V.; and Philips Electronics North America Corporation |
| **SET NO.:** | One |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc., through their undersigned counsel, request that each Defendant answer the following Interrogatories within thirty (30) days of service and supplement its Interrogatory answers, as necessary, to comply with Federal Rule of Civil Procedure 26(e). Defendants are directed to serve verified answers at PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP, Attn: Craig A. Benson, 2001 K St., N.W., Washington, DC 20006, or at another time and place as may be mutually agreed upon by counsel for the parties.

## **DEFINITIONS**

1. The term "Defendant" and "Defendants" means any defendant named in the Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. Complaints in this MDL action and their present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on their behalf.

2. The term "Person" or "Persons" is defined to mean any natural person, corporation, or partnership, proprietorship, joint venture, or any business, legal, or government entity, organization, or association.

3.     The terms "You," "Your," and "Yourself" mean Hitachi, Ltd.; Hitachi Displays, Ltd.; Hitachi America, Ltd.; Hitachi Asia, Ltd.; Hitachi Electronic Devices (USA), Inc.; LG Electronics, Inc.; LG Electronics USA, Inc.; LG Electronics Taiwan Taipei Co., Ltd.; Panasonic Corporation; Panasonic Corporation of North America; MT Picture Display Co., Ltd.; Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI (Malaysia) Sdn Bhd.; Samsung SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co. Ltd.; Tianjin Samsung SDI Co., Ltd.; Samsung SDI (Hong Kong), Ltd.; Toshiba Corporation; Toshiba America, Inc.; Toshiba America Electronic Components, Inc.; Toshiba America Information Systems, Inc.; Technologies Displays Americas LLC; Koninklijke Philips Electronics N.V.; and/or Philips Electronics North America Corporation, and present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on Your behalf.

4.     The term "Employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent of a Defendant as defined herein.

5.     The term "CRT(s)" means cathode ray tube(s).

6.     The term "CPT(s)" means color picture tube(s).

7.     The term "CRT Manufacturer" means any entity that manufactures CRTs.

8.     Unless otherwise noted, the term "Relevant Time Period" means the period from March 1, 1995 through December 31, 2007.

9.     The term "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

10.    The term "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

11. The term "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

12. The term "Customer" means, without limitation, any individual, entity, organization, business, company, corporation, or partnership to which You sold, transfer, gifted, assigned, or otherwise conveyed CRTs, as those terms are defined herein.

13. The term "Competitor" means, without limitation, any individual, entity, organization, business, company, corporation or partnership that sold or otherwise conveyed CRTs in the same markets as You and against whom You competed for Customers of CRTs.

14. "All" shall be construed as all, each, any, and every.

15. The terms "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope of the Interrogatories all information that might otherwise be construed to be outside of their scope.

## INSTRUCTIONS

1. Answers to these Interrogatories are to be based upon all knowledge or information available to You, including without limitation all information or knowledge possessed by any person, including without limitation any Employee, agent, attorney, expert witness, representative, or other advisor subject to Your instruction, direction, or control.

2. Where an Interrogatory cannot be answered due to insufficient knowledge, specify the nature of the inquiries made in an attempt to answer the Interrogatory.

3. You should answer each Interrogatory fully, unless it is objected to. When making any objection, state with specificity the reasons for the objection.

4. Where a complete answer to an Interrogatory is not possible, the Interrogatory should be answered to the extent possible, and a statement should be provided stating why an incomplete answer is given, along with the identity of any sources from which more complete information may be obtained.

5. Any claim of ambiguity in interpreting a particular Interrogatory or a definition or instruction shall not be utilized as a basis for refusing to answer. Rather, You shall specify the

language deemed to be ambiguous and the interpretation utilized in the response to the Interrogatory.

6. When asked to identify a natural person, state the person's name, employer, position, dates of employment or tenure, and home address for all times during the Relevant Period. If any of such information has changed during the Relevant Period, specify the time period to which the information provided in Your answer pertains.

7. When asked to identify any entity other than a natural person, state the name and address of the principal office or headquarters. If any of the information has changed during the Relevant Period, specify the time period to which the information provided in Your answer pertains.

8. If the responding party elects to produce business records in response to an Interrogatory pursuant to Federal Rule of Civil Procedure 33(d), the responding party shall produce the records as they are kept in the usual course of business or shall organize and label them to correspond with the Interrogatory. If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify the Interrogatories to which the document is responsive. If the document is not being produced in electronic form, identify the document using the applicable bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent. For all documents produced pursuant to Rule 33(d), identify the name of the employee, officer, or agent certifying the documents as business records.

## **INTERROGATORIES**

**Interrogatory No. 1:**

State the name, address, and relationship to You of each Person who prepared or assisted in the preparation of the responses to these Interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**Interrogatory No. 2:**

Identify all Communications and/or Meetings with CRT Manufacturers regarding the sales, production, and/or prices of CPTs in and/or for the United States, Mexico, and/or Brazil during the Relevant Time Period, excluding any Communications and/or Meetings occurring solely in the context of a Customer-supplier relationship between You and a Customer, and for each such Communication and/or Meeting:

    (a)    provide the Date and location of the Meeting and/or Communication;

    (b)    identify the Person(s) who initiated, called, organized, attended, or participated in the Meeting and/or Communication;

    (c)    describe the subject matter(s) of the Meeting and/or Communication, including details of any information provided, received, or exchanged;

    (d)    identify all Persons with knowledge relating to the Meeting and/or Communication;

    (e)    describe the type and dimensions of the CPTs discussed;

    (f)    identify whether the attendees at the Meeting and/or persons involved in the Communication reached any agreement concerning CPT sales, production, and/or prices.

**Interrogatory No. 3:**

To the extent not previously identified in response to Interrogatory No. 2, identify all Communications and/or Meetings regarding the sales, production, and/or prices of CPTs during the Relevant Time Period, where at least one party to the Communication was employed in and/or based out of the U.S., Mexico, and/or Brazil at the time of the Communication, excluding any Communications and/or Meetings conducted solely in the context of a Customer-supplier relationship between You and a Customer, and for each such Communication and/or Meeting:

    (a)    provide the Date and location of the Meeting and/or Communication;

    (b)    identify the Person(s) who initiated, called, organized, attended, or participated in the Meeting and/or Communication;

1         (c)    describe the subject matter(s) of the Meeting and/or Communication,
2 including details of any information provided, received, and/or exchanged;
3         (d)    identify all Persons with knowledge relating to the Meeting and/or
4 Communication;
5         (e)    describe the type and dimensions of the CPTs discussed;
6         (f)    identify whether the attendees at the Meeting and/or persons involved in
7 the Communication reached any agreement concerning CPT sales, production and/or prices.
8         This request includes instances where Communications with outside parties are
9 forwarded to, or subsequently shared with, persons based in the United States, Mexico, and/or
10 Brazil, or employed by affiliated entities of Defendants in the United States, Mexico, and/or
11 Brazil.

DATED: September 19, 2013    By: */s/ Craig A. Benson*

> Stephen E. Taylor (SBN 058452)
> Jonathan A. Patchen (SBN 237346)
> **TAYLOR & COMPANY LAW OFFICES, LLP**
> One Ferry Building, Suite 355
> San Francisco, California 94111
> Telephone: (415) 788-8200
> Facsimile: (415) 788-8208
> Email: staylor@tcolaw.com
> Email: jpatchen@tcolaw.com
>
> Kenneth A. Gallo (*pro hac vice*)
> Joseph J. Simons (*pro hac vice*)
> Craig A. Benson (*pro hac vice*)
> **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
> 2001 K Street, NW
> Washington, DC 20006
> Telephone: (202) 223-7300
> Facsimile: (202) 223-7420
> kgallo@paulweiss.com
> jsimons@paulweiss.com
> cbenson@paulweiss.com
>
> *Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

- 8 -

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
FIRST SET OF INTERROGATORIES TO DEFENDANTS -- Case Nos. 13-cv-1173 and 13-cv-2776; MDL No. 1917