# EXHIBIT G

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

Counsel to Defendant Toshiba Corporation

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to<br>Case No. 13-cv-1173-SC (N.D. Cal.)<br><br>SHARP ELECTRONICS CORPORATION;<br>SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HITACHI, LTD., *et al.*,<br><br>Defendants. | **TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's September 12, 2008 Order for a Limited Discovery Stay (as modified by the Court on February 5, 2009, June 8, 2009, January 5, 2010, and October 27, 2010) (collectively, the "Stay Order")), Defendant Toshiba Corporation hereby submits the following Objections and Responses to Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.'s (collectively, "Sharp") First Set of Interrogatories to Defendants (the "Interrogatories").

Each of the following responses is made only for purposes of this action. Each response is subject to all objections as to relevance, materiality and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All evidentiary objections and grounds are expressly reserved.

## GENERAL OBJECTIONS

1. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case Management Protocol, Docket number 1128 in the MDL.

2. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California or to the extent they are outside the scope of any order or opinion of this Court.

3. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for the production of documents or information that relate to matters not raised by the pleadings, to the extent they are not material and necessary to the prosecution or defense of this action and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are overly broad, unduly burdensome, vague and/or ambiguous.

5.  Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

6.  Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information or documents protected by the attorney attorney-client privilege, work-product doctrine or any other applicable privilege, protection, immunity or rule (collectively, "Privileged Information"). Toshiba Corp. will not disclose any Privileged Information in response to any Interrogatory. Toshiba Corp. does not intend by these Objections and Responses to waive any claim of privilege or immunity. Any inadvertent production of such material or information is not intended to, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently produced or the subject matter thereof. Nor is any inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

7.  Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws. In providing any responses, Toshiba Corp. does so only to the extent allowable under applicable law.

8.  Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent that they seek confidential, proprietary or trade secret information.

9.  Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between Toshiba Corp. and third parties.

10.  Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are unduly burdensome and oppressive, or

constitute an abuse of process in light of the costs imposed on the Toshiba Corp. weighed against Plaintiffs' need for the information.

11. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information not reasonably accessible to Toshiba Corp.

12. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that are not within Toshiba Corp.'s possession, custody or control.

13. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to the Toshiba Corp., or which have already been produced by other parties.

14. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are cumulative to, or duplicative of, other Interrogatories or Document Requests.

15. Toshiba Corp.'s responses to the Interrogatories are not intended to be, and shall not be construed as, an agreement or concurrence by Toshiba Corp. with Plaintiffs' characterization of any facts, circumstances or legal obligations. Toshiba Corp. reserves the right to contest any such characterization. Toshiba Corp. further objects to the Interrogatories to the extent that they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

16. Toshiba Corp. objects to the Interrogatories to the extent that they call for speculation or call for a conclusion on an issue of law.

17. Toshiba Corp. objects to the definition of "you," "your," and "yourself," on the grounds that it purports to include numerous separate corporate entities, which renders each Interrogatory incorporating the defined terms "you," "your," and "yourself" as overly broad and unduly burdensome because they call for information that is not relevant to the claim or defense of any party, are not relevant to the subject matter involved in this action, are not reasonably calculated to lead to the discovery of admissible evidence, and because they

improperly purport to seek information from distinct parties not controlled by Toshiba Corp.

18. Toshiba Corp. objects to the definition of "Relevant Period" because it is overly broad and unduly burdensome, not relevant to any party's claim or defense, and not reasonably calculated to lead to the discovery of admissible evidence. Toshiba Corp. further objects to the definition of "Relevant Period" because is well beyond the relevant statute of limitations.

19. Toshiba Corp. objects to the definition of "Customer" because it is overly broad and unduly burdensome because it calls for information that is not relevant to the claim or defense of any party, are not relevant to the subject matter in this action, are not reasonably calculated to lead to the discovery of admissible evidence, and because it improperly purports to seek information from distinct parties not controlled by Toshiba Corp.

20. Toshiba Corp. objects to the definition of "Competitor" because it is overly broad and burdensome because it calls for information that is not relevant to the claim or defense of any party, are not relevant to the subject matter in this action, are not reasonably calculated to lead to the discovery of admissible evidence, and because it improperly purports to seek information from distinct parties not controlled by Toshiba Corp.

21. Discovery is ongoing. This response is being made after reasonable inquiry into the relevant facts, and is based upon the information presently known to Toshiba Corp. Further investigation and discovery may result in the identification of additional information or contentions, and Toshiba Corp. expressly reserves all rights to amend their responses and objections to the Interrogatories as necessary. Toshiba Corp.'s responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit Toshiba Corp.'s use of any additional evidence that may be developed.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

**Interrogatory No. 1:**

State the name, address, and relationship to You of each Person who prepared or assisted in the preparation of the responses to these Interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**Response to Interrogatory No. 1:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 1 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Toshiba Corp. also objects to Interrogatory No. 1 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located. Toshiba Corp. also objects to Interrogatory No. 1 to the extent it purports to seek information on persons beyond those who provided factual information in response to these Interrogatories.

**Interrogatory No. 2:**

Identify all Communications and/or Meetings with CRT Manufacturers regarding he sales, production, and/or prices of CPTs in and/or for the United States, Mexico, and/or Brazil during the Relevant Time Period, excluding any Communications and/or Meetings occurring solely in the context of a Customer-supplier relationship between You and a Customer, and for each such Communication and/or Meeting:

    (a)    provide the Date and location of the Meeting and/or Communication;

    (b)    identify the Person(s) who initiated, called, organized, attended, or participated in the Meeting and/or Communication;

    (c)    describe the subject matter(s) of the Meeting and/or Communication, including details of any information provided, received, or exchanged;

    (d)    identify all Persons with knowledge relating to the Meeting and/or Communication;

(e)   describe the type and dimensions of the CPTs discussed;

(f)   identify whether the attendees at the Meeting and/or persons involved in the Communication reached any agreement concerning CPT sales, production, and/or prices.

**Response to Interrogatory No. 2:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 2 because it is unreasonably cumulative and duplicative of other discovery requested from Defendants by Plaintiffs. Toshiba Corp. further objects to Interrogatory No. 2 because it seeks information that was already provided to Plaintiffs in this litigation and is therefore in violation of the April 3, 2012 Order re Discovery and Case Management Protocol, docket number 1128, in the MDL.

Subject to, and without waving the objections above, Toshiba Corp. refers Sharp to Toshiba Corporation's Objections and Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories and Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**Interrogatory No. 3:**

To the extent not previously identified in response to Interrogatory No. 2, identify all Communications and/or Meetings regarding the sales, production, and/or prices of CPTs during the Relevant Time Period, where at least one party to the Communication was employed in and/or based out of the U.S., Mexico, and/or Brazil at the time of the Communication, excluding any Communications and/or Meetings conducted solely in the context of a Customer-supplier relationship between You and a Customer, and for each such Communication and/or Meeting:

(a)   provide the Date and location of the Meeting and/or Communication;

(b)   identify the Person(s) who initiated, called, organized, attended, or participated in the Meeting and/or Communication;

(c)   describe the subject matter(s) of the Meeting and/or Communication, including details of any information provided, received, and/or exchanged;

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

(d) identify all Persons with knowledge relating to the Meeting and/or Communications

(e) describe the type and dimensions of the CPTs discussed;

(f) identify whether the attendees at the Meeting and/or persons involved in the Communication reached any agreement concerning CPT sales, production and/or prices.

This request includes instances where Communications with outside parties are forwarded to, or subsequently shared with, persons based in the United States, Mexico, and/or Brazil, or employed by affiliated entities of Defendants in the United States, Mexico, and/or Brazil.

**Response to Interrogatory No. 3:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 3 because it is unreasonably cumulative and duplicative of other discovery requested from Defendants by Plaintiffs. Toshiba Corp. further objects to Interrogatory No. 3 because it seeks information that was already provided to Plaintiffs in this litigation and is therefore in violation of the April 3, 2012 Order re Discovery and Case Management Protocol, docket number 1128, in the MDL.

Subject to, and without waving the objections above, Toshiba Corp. refers Sharp to its response to Interrogatory No. 2 above.

Dated: October 24, 2013

WHITE & CASE LLP

By: _____
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant Toshiba Corporation*

## CERTIFICATE OF SERVICE

On October 24, 2013, I caused a copy of "TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO SHARP ELECTRONIC CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC'S FIRST SET OF INTERROGAQTORIES TO DEFENDANTS" to be served via e-mail upon cbenson@paulweiss.com, guido@saveri.com, rick@saveri.com, piovieno@bsfllp.com, anardacci@bfsllp.com, malioto@tatp.com, laurenrussell@tatp.com, emilio.varanini@doj.ca.gov, as well as counsel for the defendants who have entered an appearance in this case.

Lucius B. Lau

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO
SHARP'S FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917