# **E**XHIBIT **M**

**WHITE & CASE**

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel  + 1 212 819 8200
Fax + 1 212 354 8113
whitecase.com

Direct Dial + 202-637-6181     defoster@whitecase.com

November 5, 2013

VIA E-MAIL

Blaise Warren, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington, DC  20006-1047

Re:   *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, No. 3:11-cv-05530 SC, MDL No. 1917 (N.D. Cal.):  Response to November 1, 2013 Letter

Dear Blaise:

I write to correct some misstatements in your November 1, 2013 letter purporting to memorialize our October 30, 2013 call concerning Sharp's interrogatories.

*First*, Toshiba Corp.'s responses to previous discovery requests propounded by the class plaintiffs — including its responses to the Direct Purchaser Plaintiffs' First Set of Interrogatories — are responsive to Interrogatory Nos. 2 and 3 of Sharp's First Set of Interrogatories.  The information that Sharp seeks with its interrogatories, *i.e.*, "Communications and/or Meetings with CRT Manufacturers regarding the sales, production, and/or prices of CPTs," is among the categories of information previously sought by and produced to the class plaintiffs.  Although you had an issue with the format of Toshiba Corp.'s previous discovery responses, you did not argue that they were not responsive to Sharp's interrogatories.  In fact, you acknowledged that the information that Sharp seeks is within the previous responses, but asserted that Toshiba Corp. should go back and narrow its responses in some way.

*Second*, there still seems to be some confusion on your part about the class plaintiffs' previous discovery requests.  As I explained during the call, Interrogatory No. 4 of the Direct Purchaser Plaintiffs' First Set of Interrogatories requested the identification of "each actual or proposed *agreement* between You and any producer of CRT and/or CRT Products . . . ." (emphasis added).  On the other hand, Interrogatory No. 5 asked the defendants to identify "any *meeting or communication* between You and other producers of CRT and/or CRT Products . . . ." (emphasis added).  The interrogatories request different information; therefore, attempting to somehow cross-reference the responses will not assist you, not because the responses contain

ABU DHABI  ALMATY  ANKARA  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUCHAREST  BUDAPEST  DOHA  DÜSSELDORF  FRANKFURT  GENEVA
HAMBURG  HELSINKI  HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MEXICO CITY  MIAMI  MILAN  MONTERREY  MOSCOW  MUNICH
NEW YORK  PARIS  PRAGUE  RIYADH  SÃO PAULO  SHANGHAI  SILICON VALLEY  SINGAPORE  STOCKHOLM  TOKYO  WARSAW  WASHINGTON, DC

Blaise Warren, Esq.

November 5, 2013

**WHITE & CASE**

information outside the scope of Sharp's interrogatories but because they ask for fundamentally different information.

Your focus on Toshiba Corp.'s response to Interrogatory No. 4 of the Direct Purchaser Plaintiffs' First Set of Interrogatories is even more confusing because Sharp's interrogatories do not request any information regarding agreements.

***Third***, it is not accurate that we have not "pointed Sharp to the location and identity of documents that would enable Sharp" to identify the information sought in its interrogatories. To the contrary, Toshiba Corp.'s previous discovery responses — including its responses to Interrogatory No. 5 of the Direct Purchaser Plaintiffs' First Set of Interrogatories — identify specific information, including dates, participant names, entity names, locations, and the subject matter of communications and meetings. Considering the incredible breadth of Sharp's requests, this specific information should be very useful in identifying the previously produced information sought by Sharp.

***Fourth***, in your letter you mis-identify the burden involved in Sharp's discovery requests. As I explained during the call, according to paragraph XV.F of the Order re Discovery and Case Management Protocol (Dkt. No. 1128) (the "Discovery Protocol"):

> The Individual Action Plaintiffs may propound additional discovery on the Defendants provided that the Individual Action Plaintiffs (1) ***demonstrate good cause as to why the information they seek is not contained in the documents previously produced in MDL No. 1917***; and (2) identify the information they seek as specifically as possible. In propounding any additional discovery requests, the ***Individual Action Plaintiffs (not the undersigned Defendants) bear the burden of determining what was previously produced in MDL No. 1917***.

(emphasis added); *see also id.* at ¶ XV.G ("Defendants may refer to their previously produced discovery in response to any discovery propounded by the Individual Action Plaintiffs or State Attorneys General if, and to the extent that, the previously-produced materials are responsive to the Individual Action Plaintiffs' or State Attorney General's discovery requests."). Because of the enormous time, energy, and expense that has gone into discovery in this case, the Court rightfully placed the burden on Sharp (and other individual action plaintiffs) — not the defendants — to show good cause that any new discovery request it seeks to propound "is not contained in the documents previously produced in MDL No. 1917." As you acknowledged during our call, the information Sharp seeks is within the previously produced discovery; therefore, Sharp has not satisfied this requirement.

***Fifth***, during the call you asserted that you had legal authority supporting your position that, contrary to the Court's clear direction in the Discovery Protocol, it is Toshiba Corp.'s burden to re-do discovery in this case in order to respond to Sharp's interrogatories. As I requested during the call, please send us any authority that you believe supports your position.

2

Blaise Warren, Esq.

November 5, 2013

**WHITE & CASE**

*Finally*, enclosed with this letter are the copies of the discovery responses you mentioned that you were missing during the call.

I look forward to hearing from you and resolving any other issues you many have with the Toshiba Defendants' responses to Sharp's interrogatories. Please feel free to call me if you have any questions about anything in this letter.

Sincerely,

Dana E. Foster

Enclosures