# **E**XHIBIT **P**

BY E-MAIL

**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Lara E. Veblen**
+1 212 310 8967
lara.veblen@weil.com

November 13, 2013

Blaise Warren, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006-1047

Re: *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 3:07-cv-5944-SC, MDL No. 1917

Dear Blaise:

This letter responds to your letter of November 7, 2013 regarding Panasonic defendants' (Panasonic Corp., Panasonic Corp. of North America, and MT Picture Display Co., Ltd., collectively "Panasonic") October 24, 2013 responses to Sharp plaintiffs' (Sharp Electronics Corp. and Sharp Electronics Manufacturing Co. of America, Inc., collectively "Sharp") First Set of Interrogatories and purporting to memorialize our November 6, 2013 telephonic meet and confer discussion regarding those responses. As an initial matter, we note that your letter mischaracterizes a number of items from that discussion. We will not respond to every individual issue raised in your letter, but rather we write in an effort to clarify our position.

As we have indicated previously including in the November 6 meet and confer, the information requested in Sharp's interrogatories is included in Panasonic's responses to DPPs' Interrogatories Nos. 4 and 5 (the "Responses to the DPPs"). As a result, Sharp is already in possession of the information it is asking for. Further, the Responses to the DPPs reflect a tremendous amount of client and attorney time and substantial expense and burden to Panasonic. The material in the Responses to the DPPs includes information pertaining to communications and meetings throughout the relevant time period and without geographic scope limitation, and therefore includes the specific geographical regions requested by Sharp. As we have also explained, many of the documents at issue are ambiguous with respect to geographic scope and Panasonic included geographic information in our Responses to DPPs to the extent it was reasonably able to do so. In any event, Sharp is now in at least as good a position as Panasonic to review the documents and to identify those materials that Sharp is now interested in.

With respect to your assertions regarding existing work product and translations of foreign-language documents, we can represent to you again, as we did during the meet and confer, that Panasonic does not have translations or work product that would allow it to complete the review work more quickly or more efficiently than Sharp can itself. In any event, Sharp and Paul Weiss certainly have the resources and capability to conduct a review of the documents as all the other parties have done in this case.

Blaise Warren, Esq.  
November 13, 2013  
Page 2

**Weil, Gotshal & Manges LLP**

Finally, we learned from you during the meet and confer that Sharp has not communicated with DPPs regarding the information and documents Panasonic identified in its Responses to the DPPs. Our understanding is that the DPPs have performed a review and analysis of those documents. Sharp is required to coordinate with other plaintiffs regarding discovery matters in order to avoid unnecessary duplication and burden, as set forth in the Court's Discovery Protocol.

Sincerely,

*/s/ Lara E. Veblen*

Lara E. Veblen

cc: Craig A. Benson, Esq., Paul, Weiss, Rifkind, Wharton & Garrison LLP  
      Adam C. Hemlock, Esq.  
      Kevin B. Goldstein, Esq.