United States District Court
For the Northern District of California

1

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    IN RE: CATHODE RAY TUBE (CRT)      )  MDL No. 1917
     ANTITRUST LITIGATION               )
                                        )  Case No. C-07-5944-SC
10   _____  )
                                        )  ORDER GRANTING IN PART AND
11   This Order Relates To:             )  DENYING IN PART THE PHILIPS
                                        )  DEFENDANTS' MOTION TO
12      Case No. C-11-6397 SC           )  COMPEL ARBITRATION
                                        )
13   COSTCO WHOLESALE CORP.,            )
                                        )
14                      Plaintiff,      )
                                        )
15           v.                         )
                                        )
16   HITACHI LTD., et al,               )
                                        )
17                      Defendants.     )
                                        )
18   _____  )

19

20   I.   **INTRODUCTION**

21       Now before the Court is the motion of Defendants Koninklijke

22   Philips N.V. ("KPE") and Philips Electronics North America

23   Corporation ("PENAC") (collectively the "Philips Defendants") to

24   compel arbitration against Plaintiff Costco Wholesale Corporation

25   ("Plaintiff").  ECF No. 1735 ("Mot.").  The matter is fully

26   briefed, ECF Nos. 2021 ("Opp'n"), 2217 ("Reply"), and appropriate

27   for resolution without oral argument per Civil Local Rule 7-1(b).

28   For the reasons explained below, the Court GRANTS in part and

**United States District Court**
For the Northern District of California

1  DENIES in part the Philips Defendants' motion.

2

3  **II.**   **BACKGROUND**

4      This matter is related to the Cathode Ray Tube ("CRT")

5  Antitrust Multi-District Litigation ("MDL"), which involves

6  allegations of a worldwide antitrust conspiracy to fix prices on

7  cathode ray tubes and related products.  Plaintiff had been a

8  member of the MDL direct purchaser plaintiffs' class action, but it

9  opted out to pursue its own claims.  The opt-out case was

10  transferred to this Court, as part of the MDL, on December 6, 2011.

11  No. 11-cv-06397-SC, ECF No. 4 ("Conditional Transfer Order").

12  Plaintiff's complaint alleges that the Philips Defendants, along

13  with the other defendants named in the case, "formed an

14  international cartel that conducted a conspiracy . . . for the

15  purpose and to the effect of raising or maintaining prices and

16  reducing capacity and output for cathode ray tubes."  Compl. ¶ 1.

17  Plaintiff's complaint includes claims under federal and state

18  antitrust laws.  Id. ¶¶ 174-201.

19      Underlying the present matter is an arbitration clause in the

20  so-called Vendor Agreement between Plaintiff and the Philips

21  Consumer Electronics Corporation ("PCEC"), a division of PENAC.

22  ECF No. 1736 ("Koons Decl.") Ex. A.  The Vendor Agreement with PCEC

23  incorporates by reference Plaintiff's "Standard Terms," which

24  include the following provision on arbitration:

25

26          All claims and disputes that (1) are between Vendor
        [the Philips Defendants] and PriceCostco[1] and (2)
        arise out of or relate to these Standard Terms or
27      any agreement between Vendor and PriceCostco or to

28  ─────────────────
[1] The Standard Terms use "PriceCostco" to refer to Plaintiff.

**United States District Court**
For the Northern District of California

> their performance or breach (including any text or statutory claim) . . . shall be arbitrated under the Commercial Arbitration Rules of the American Arbitration Association ("AAA") in English at Seattle, Washington . . . Notwithstanding the above, PriceCostco or Vendor may bring court proceedings or claims against each other (i) solely as part of separate litigation commenced by an unrelated third party . . . .

Koons Decl., Ex. B, ¶ 20.

The parties make much of this particular motion's procedural posture.  The Philips Defendants originally filed it on May 9, 2013, in the alternative to an August 17, 2012 motion to dismiss claims asserted by the Direct Action Plaintiffs' ("DAPs"), including Plaintiff.  ECF No. 1668.  At that time, a court-appointed Special Master oversaw certain motion practice in this case.  On May 2, 2013, the Special Master recommended that the Court grant the motion to dismiss, but in advance of their motion to adopt those recommendations, Plaintiff and the Philips Defendant stipulated to resume briefing on the motion to compel arbitration only after the Court's ruling on the Special Master's recommendations regarding the motion to dismiss the DAP claims.  ECF No. 1699.  On August 21, 2013, the Court granted in part and denied in part the motion to dismiss, ECF No. 1856, leaving undisturbed Plaintiff's claims against the Philips Defendants, so the parties resumed briefing on the motion to compel arbitration pursuant to their stipulation.

This timeline is a point of contention in the parties' present motion because, throughout 2012, the Philips Defendants engaged in discovery related to Plaintiff's November 14, 2011 opt-out complaint.  Specifically, the Philips Defendants served Plaintiff with interrogatories and document requests, and also deposed one of

1　Plaintiff's key witnesses.  As this discovery was ongoing, the

2　Toshiba Defendants, who had joined in the Philips Defendants'

3　discovery requests, moved on August 24, 2012 to compel arbitration

4　against Plaintiff, relying on the same Vendor Agreement and

5　Standard Terms now at issue.  <u>See</u> ECF No. 1332.  The Court granted

6　the Toshiba Defendants' motion on January 28, 2013.

7　　　Defendants changed their discovery strategy on January 10,

8　2013, requesting that Plaintiff produce Vendor Agreements and other

9　contracts containing arbitration provisions.  Plaintiff contends

10　that the Philips Defendants must have known about such contracts

11　all along, given the Toshiba Defendants' motion, Plaintiff's

12　significant business relationship with the Philips Defendants

13　(including three separate updates to the Vendor Agreements since

14　the first one in 1995), and their Rule 30(b)(6) deposition of

15　Plaintiff's witness.  But the Philips Defendants maintain that they

16　did not obtain for themselves copies of the relevant arbitration

17　provision until February 11, 2013, and that the earliest they had

18　learned of the possibility of arbitration was in December 2012,

19　during the Rule 30(b)(6) deposition.  Plaintiffs contend that the

20　Philips Defendants have engaged in gamesmanship, deliberately

21　delaying their motion to compel arbitration while pursuing

22　discovery and their motion to dismiss.  This, according to

23　Plaintiffs, constitutes a waiver of the Philips Defendants'

24　opportunity to compel arbitration.

25　　　The Philips Defendants disagree.  The Philips Defendants also

26　ask the Court to dismiss Plaintiff's claims for joint and several

27　liability.

28　///

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**III.  LEGAL STANDARD**

Section 4 of the Federal Arbitration Act ("FAA") permits "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for any order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4.  The FAA embodies a policy that generally favors arbitration agreements.  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). Federal courts must enforce arbitration agreements rigorously.  See Hall Street Assoc., L.L.C. v. Mattel, Inc., 552 U.S. 576, 581 (2008).  Courts must also resolve any "ambiguities as to the scope of the arbitration clause itself . . . in favor of arbitration." Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ., 489 U.S. 468, 476 (1989).  These policies all "appl[y] with special force in the field of international commerce." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 631 (1985).

**IV.  DISCUSSION**

The parties' dispute mainly concerns whether the Philips Defendants waived their right to compel arbitration.  The Court finds that they did not.

Given the FAA's arbitration-friendly standards and the fact that courts must vigorously enforce arbitration agreements, Moses, 460 U.S. at 24-25, "[w]aiver of a contractual right to arbitration is not favored." Fisher v. A.G. Becker Paribas, Inc., 791 F.2d 691, 694 (9th Cir. 1986); Shinto Shipping Co., Ltd. v. Fibrex & Shipping Co., 572 F.2d 1328, 1330 (9th Cir. 1978)).  Accordingly,

"any party arguing waiver of arbitration bears a heavy burden of proof." Id. "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." Id. (citing Shinto Shipping, 572 F. 2d at 1330)). The Court's analysis of these three factors must be undertaken in light of the strong federal policy in favor of enforcing arbitration agreements. Id. (citing Moses, 460 U.S. at 24-25).

**A.   Knowledge of an Existing Right to Compel Arbitration**

Plaintiff contends that the Philips Defendants had knowledge of their arbitration right long before they filed their motion in May 2013. Plaintiff notes that the first Vendor Agreement between Plaintiff and the Philips Defendants was signed in 1995, and that the Philips Defendants must also have received three separate revisions to the Standard Terms in 1997, 2000, and 2004. Opp'n at 7-8 (citing ECF No. 2022 ("Shavey Decl.") ¶¶ 5-6).

Further, Plaintiff contends that the Philips Defendants should have been on notice of their Vendor Agreements with Plaintiff -- a major customer of the Philips Defendants for many years -- at least by 2010, when Plaintiff produced transactional data pursuant to a third-party subpoena in the Indirect Purchaser Plaintiffs' case. See Opp'n at 8 (citing ECF No. 2024 ("Weiss Decl.") Ex. A). The Philips Defendants must have known of this data, according to Plaintiff, since they referenced and received it several times between 2010 and 2012. Id. Given the existence of the Vendor Agreements and the revised terms, the discovery requests, and the

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  Toshiba Defendants' motion to compel arbitration, Plaintiff submits
2  that the Philips Defendants cannot credibly state that they were
3  unaware of a basis for compelling arbitration until the February
4  2013 production of the actual Vendor Agreement.

5       The Philips Defendants claim that they searched diligently for
6  arbitration-related documents after the Toshiba Defendants' motion
7  was filed, and after the Rule 30(b)(6) deposition.  Reply Ex. 1
8  ("Malaise Decl.") ¶¶ 7-8.  They state that any delay would be
9  reasonable given the Philips Defendants' exit from the CRT business
10 before Plaintiff ever filed a complaint.  Reply at 5-6 (citing
11 Malaise Decl. ¶ 11 & Ex. A at 6).  Since the Philips Defendants did
12 not have the actual Vendor Agreement in hand until early 2013, they
13 argue that they could not reasonably have moved to compel
14 arbitration despite their existing business relationship with
15 Costco and the Toshiba Defendants' earlier motion to compel
16 arbitration.  Id. at 5-6.  Further, the Philips Defendants contend
17 that Plaintiff should be estopped from asserting this line of
18 argument, since they filed their complaint instead of pursuing
19 arbitration (despite apparently knowing of the agreement).  Id. at
20 6.

21      The Court finds that this Fisher factor favors the Philips
22 Defendants.  The facts show that the Philips Defendants may have
23 had a hint of the possibility of an arbitration clause in some
24 agreement with Plaintiff, but they also appear to have been
25 genuinely unsure of whether such an arbitration provision applied
26 to their dispute with Plaintiff, and in any event, there appears to
27 be no dispute that Plaintiff did not actually produce the relevant
28 Vendor Agreement until February 2013.  These facts do not merit a

**United States District Court**
For the Northern District of California

1  finding of preexisting knowledge.  <u>Fisher</u>, 791 F.2d at 694.

2      **B.   <u>Acts Inconsistent with an Existing Right</u>**

3      Plaintiff argues that the Philips Defendants' pursuit of

4  discovery and a motion to dismiss -- the "machinery of litigation"

5  -- was inconsistent with an existing right to arbitration, and the

6  Court should find waiver.  Opp'n at 10-12.  In support of this

7  argument, Plaintiff cites an array of out-of-circuit authority, and

8  relies heavily on the "scope and frequency" of the Philips

9  Defendants' discovery requests and responses, as well as their Rule

10  30(b)(6) deposition.  <u>See</u> <u>id.</u>  The one Ninth Circuit case Plaintiff

11  cites in support of its waiver argument, <u>Van Ness Townhouses v. Mar</u>

12  <u>Industries Corp.</u>, 862 F.2d 754, 758 (9th Cir. 1988), states that

13  significant delays may indicate an intent to waive arbitration

14  rights.  Specifically, in that case, the moving party had waited

15  two years to file its motion to compel.  <u>Id.</u>  Worse, it had filed

16  its motion after the trial's originally scheduled start date.  <u>Id.</u>

17      The Court finds that the Philips Defendants have not shown

18  behavior inconsistent with an intention to arbitrate.  First, the

19  Philips Defendants filed their motion in May 2013, very soon after

20  their receipt of the Vendor Agreement.  <u>See</u> <u>Van Ness</u>, 862 F.2d at

21  758.  It is true that Plaintiff filed its complaint nearly eighteen

22  months before the Philips Defendants moved to compel arbitration,

23  <u>see</u> Opp'n at 16, but given the circumstances surrounding the

24  complexity of this action and the Philips Defendants' late receipt

25  of the actual Vendor Agreements, the Court finds this fact

26  uncompelling.

27      Second, the Philips Defendants filed their motion within a

28  year of their serving discovery requests on Plaintiff and well in

1  advance of this case's scheduled 2015 trial date.  See id.

2  Compared to Van Ness, this is no great delay.

3       Third, as in the In re TFT-LCD MDL, the Philips Defendants are

4  just one group among many defendants in a complex MDL, just as

5  Plaintiff is one of numerous plaintiffs.  See No. M 07-1827 SI,

6  2011 WL 2650689, at *7-8 (N.D. Cal. July 6, 2011).  This counts

7  against finding that the Philips Defendants' participation in

8  litigation indicates their intent not to arbitrate.  See id.

9       Finally, the Ninth Circuit has made clear that filing a motion

10 to dismiss is not sufficient to constitute a waiver of the right to

11 compel arbitration.  See Sovak v. Chugai Pharma. Co., 280 F.3d

12 1266, 1270 (9th Cir. 2002).  The Philips Defendants' reasonable

13 discovery activities, in addition to their motion to dismiss, do

14 not push this case over that bar.  See Kingsbury v. U.S.

15 Greenfiber, LLC, No. CV 08-00151 AHM, 2012 WL 2775022, at *3 (C.D.

16 Cal. June 29, 2012) ("[I]f a party lacks knowledge of an existing

17 right to arbitrate then even extensive litigation conduct is not

18 inconsistent with its arbitration rights.").  The Philips

19 Defendants have not even answered the complaint yet.  See In re

20 TFT-LCD, 2011 WL 2650689, at *8.  And the Standard Terms clearly

21 require a written waiver requirement, further cutting against a

22 finding of implicit waiver.  Id.

23      Taking all of these facts together, the Court finds that the

24 second Fisher prong weighs against finding waiver.

25      **C.   Prejudice**

26      Finally, even if the Court had found that the Philips

27 Defendants knew of their arbitration right and acted inconsistently

28 with it, Plaintiff would have to show that it was prejudiced as a

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

result.  Factors involved in the prejudice analysis include delay
in filing the motion to compel and the costs and expenses incurred
in litigation.  See Brown v. Dillard's, Inc., 430 F.3d 1004, 1012
(9th Cir. 2005).  The Ninth Circuit has indicated that if there is
no showing of prejudice, there will likely be no waiver of
arbitration rights.  See Sovak, 280 F.3d at 1270; In re TFT-LCD,
2011 WL 2650689, at *8.

Plaintiff claims that it has been prejudiced by the Philips
Defendants' actions because (1) it has had to spend time and money
defending against the motion to dismiss before both the Special
Master and the Court; (2) responding to discovery has been
burdensome; and (3) the Philips Defendants moved for arbitration in
the alternative to their motion to dismiss, suggesting that their
motive was gamesmanship because they only wanted to pursue
arbitration if they lost on their motion to dismiss.  See Opp'n at
13-17.

The Court does not find these arguments compelling.  First, as
the Philips Defendants note, they would have remained in the case
to seek dismissal of Plaintiff's joint and several liability
claims, so Plaintiff would have had to respond to a motion to
dismiss at some point, regardless of the motion to compel
arbitration.  Moreover, since the Philips Defendants were not the
only parties on that motion, it does not appear that Plaintiff was
unduly burdened in handling it.  Second, the Court does not find
that Plaintiff has been unduly burdened in responding to discovery,
since -- as with the motion to dismiss -- the profusion of parties
to this case guarantees that Plaintiff would have had to comply
with discovery requests and otherwise engage in litigation.  See In

**United States District Court**
For the Northern District of California

1   re TFT-LCD, 2011 WL 2650689, at *8 (finding similarly).  This is

2   particularly salient because the plaintiffs and defendants in this

3   huge, long-running case are so interconnected.  Third, the Court

4   does not find Plaintiff's accusation of gamesmanship relevant or

5   convincing under these circumstances.  The Philips Defendants'

6   filing their motion to compel in the alternative is not

7   impermissible, especially since they filed it before the Court had

8   ruled on the motion to dismiss and after the Special Master

9   recommended that it be granted.  This does not suggest that the

10  Philips Defendants were attempting to cheat the system.

11       Considering these three factors together, the Court finds that

12  Plaintiff has failed to carry the heavy burden of proving that the

13  Philips Defendants waived their right to arbitration, especially

14  considering the strong federal policy of enforcing arbitration

15  agreements in the field of international commercial disputes.

16       However, as in its ruling on the Toshiba Defendants' motion to

17  compel arbitration, ECF No. 1543 ("Toshiba Order"), the Court

18  declines to dismiss Plaintiff's claims for co-conspirator or joint

19  and several liability at this time.  Those claims are outside the

20  scope of the present arbitration agreement.  See Moses, 460 U.S. at

21  20 ("[F]ederal law requires piecemeal resolution when necessary to

22  give effect to an arbitration agreement."); see also Toshiba Order

23  at 5 (adopting Special Master's R&R that co-conspirator or joint

24  and several liability claims are not subject to arbitration in this

25  case).

26  ///

27  ///

28  ///

**V.    CONCLUSION**

     As explained above, the Court GRANTS the Philips Defendants' motion to compel arbitration, with the exception of Plaintiff's claims for co-conspirator or joint and several liability based on Plaintiff Costco's purchase of products from defendants other than the Philips Defendants.  To that extent, the motion is DENIED.


     IT IS SO ORDERED.


Dated:   December 13, 2013

UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California