BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Philips Electronics North America Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

---

COSTCO WHOLESALE CORPORATION,

Plaintiff,

v.

HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS,

Master File No. 3:07-cv-05944-SC

MDL No. 1917

Individual Case No. 3:11-cv-06397

(Originally filed in W.D. Wash., No. 2:11-cv-01909-RSM)

**ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO COSTCO WHOLESALE CORPORATION' S FIRST AMENDED COMPLAINT**

**Trial Date: None Set**

INC.; LG ELECTRONICS USA, INC.; LG ELECTRONICS TAIWAN TAIPEI CO., LTD.; LP DISPLAYS INTERNATIONAL LTD.; BEIJING MATSUSHITA COLOR CRT CO., LTD.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; PHILIPS ELECTRONICS INDUSTRIES (TAIWAN), LTD.; PHILIPS DA AMAZONIA INDUSTRIA ELECTRONICA LTDA.; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SDI CO., LTD.; SAMSUNG SDI AMERICA, INC.; SAMSUNG SDI MEXICO S.A. DE C.V.; SAMSUNG SDI BRASIL LTDA.; SHENZHEN SAMSUNG SDI CO., LTD.; TIANJIN SAMSUNG SDI CO., LTD.; SAMSUNG SDI (MALAYSIA) SDN. BHD.; SAMTEL COLOR LTD.; THAI CRT CO., LTD.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; CHUNGHWA PICTURE TUBES, LTD.; CHUNGHWA PICTURE TUBES (MALAYSIA).

Defendants.

Defendant Philips Electronics North America Corporation ("PENAC"), by and through its undersigned counsel of record, answers Costco Wholesale Corporation's ("Plaintiff") First Amended Complaint (the "Amended Complaint") and alleges additional or affirmative defenses as follows. PENAC denies each and every allegation in the Amended Complaint's section headings asserted herein and in all portions of the Amended Complaint not contained in numbered paragraphs. To the extent that the Amended Complaint's allegations concern persons and/or entities other than PENAC, PENAC denies that such allegations support any claim for relief against PENAC. PENAC denies any allegations not explicitly admitted herein.

## I. INTRODUCTION[1]

1. To the extent that the allegations in Paragraph 1 state legal contentions, no response is required. To the extent that the allegations in Paragraph 1 are definitional, no response is required. To the extent that the allegations in Paragraph 1 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 1 relate to PENAC, PENAC denies all of the allegations.

2. To the extent that the allegations in Paragraph 2 state legal contentions, no response is required. To the extent that the allegations in Paragraph 2 are definitional, no response is required. PENAC avers that the use of the terms "CPTs," "CDTs," "CPT Products," "CDT Products," and "CRT Products," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Amended Complaint indefinite and uncertain. To the extent that the allegations in Paragraph 2 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 2 relate to PENAC, PENAC denies all of the allegations.

3. To the extent that the allegations in Paragraph 3 state legal contentions, no response is required. To the extent that the allegations in Paragraph 3 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them. To the extent that the allegations in Paragraph 3 relate to PENAC, PENAC denies all of the allegations.

4. To the extent that the allegations in Paragraph 4 state legal contentions, no response is required. To the extent that the allegations in Paragraph 4 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 4 relate to PENAC, PENAC denies

[1] For ease of reference, the headings in this Answer correspond to the headings in the First Amended Complaint.

all of the allegations.

5. To the extent that the allegations in Paragraph 5 state legal contentions, no response is required. To the extent that the allegations in Paragraph 5 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 5 relate to PENAC, PENAC denies all of the allegations.

6. To the extent that the allegations in Paragraph 6 state legal contentions, no response is required. To the extent that the allegations in Paragraph 6 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 6 relate to PENAC, PENAC denies all of the allegations.

7. To the extent that the allegations in Paragraph 7 state legal contentions, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 7 and, on that basis, denies them.

8. PENAC admits that government authorities in the United States and other countries have commenced investigations of the CRT industry, the details of which are matters of public record and such records speak for themselves. PENAC admits that an indictment was issued against C.Y. Lin, the details of which are matters of public record and such records speak for themselves. PENAC admits that other individuals have been indicted by the DOJ, the details of which are matters of public record and such records speak for themselves.

9. To the extent that the allegations in Paragraph 9 state legal contentions, no response is required. To the extent that the allegations in Paragraph 9 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 9 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 9 relate to PENAC, PENAC denies all of the allegations.

10. To the extent that the allegations in Paragraph 10 state legal contentions, no response is required. To the extent that the allegations in Paragraph 10 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 10 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 10 relate to PENAC, PENAC denies all of the allegations. PENAC denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 10.

## II. ALLEGATIONS CONCERNING THE PARTIES

11. To the extent that the allegations in Paragraph 11 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

12. To the extent that the allegations in Paragraph 12 state legal contentions, no response is required. To the extent that the allegations in Paragraph 12 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

13. To the extent that the allegations in Paragraph 13 state legal contentions, no response is required. To the extent that the allegations in Paragraph 13 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

14. To the extent that the allegations in Paragraph 14 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

15. To the extent that the allegations in Paragraph 15 state legal contentions, no response is required. To the extent that the allegations in Paragraph 15 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

denies them.

16. To the extent that the allegations in Paragraph 16 state legal contentions, no response is required. To the extent that the allegations in Paragraph 16 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 16 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 16 relate to PENAC, PENAC denies them.

17. The allegations in Paragraph 17 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, denies them.

18. The allegations in Paragraph 18 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies them.

19. The allegations in Paragraph 19 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies them.

20. The allegations in Paragraph 20 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies them.

21. The allegations in Paragraph 21 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, denies them.

22. The allegations in Paragraph 22 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies them.

23. The allegations in Paragraph 23 are an explanation of terminology, for which no

response is required.

24. The allegations in Paragraph 24 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies them.

25. The allegations in Paragraph 25 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies them.

26. The allegations in Paragraph 26 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies them.

27. The allegations in Paragraph 27 are an explanation of terminology, for which no response is required.

28. To the extent that the allegations in Paragraph 28 state legal contentions, no response is required. PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and Koninklijke Philips N.V. ("KPNV") transferred its entire CRT business into the 50/50 CRT joint venture. The remaining allegations in Paragraph 28 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and, on that basis, denies them.

29. The allegations in Paragraph 29 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies them.

30. The allegations in Paragraph 30 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies them.

31. The allegations in Paragraph 31 are an explanation of terminology, for which no response is required.

32. To the extent that the allegations in Paragraph 32 state legal contentions, no response is required. PENAC admits that in 2001 LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 CRT joint venture. The remaining allegations in Paragraph 32 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and, on that basis, denies them.

33. The allegations in Paragraph 33 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, on that basis, denies them.

34. To the extent that the allegations in Paragraph 34 state legal contentions, no response is required. To the extent that the allegations in Paragraph 34 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and, on that basis, denies them. PENAC admits that KPNV is a Dutch entity with its principal place of business at Brenner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands, but avers that KPNV legally changed its corporate name to Koninklijke Philips N.V. PENAC admits that Philips & Co. was founded in 1891 but denies the remaining allegations found in the second and third sentences of Paragraph 34. PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture. PENAC denies that it manufactured, marketed, sold and/or distributed CRT products on behalf of KPNV in the United States. PENAC lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 34 and, on that basis, denies them.

35. PENAC admits that it is a Delaware corporation with its principal place of business at 1251 Avenue of the Americas, New York, New York, 10020. PENAC admits that it is an indirect subsidiary of KPNV. Owing to the vagueness of “CRT Products,” PENAC denies the third sentence of Paragraph 35. PENAC denies that KPNV dominated or controlled its

finances, policies, and affairs. KPNV denies any remaining allegations in Paragraph 35.

36. The allegations in Paragraph 36 are not directed at PENAC, and therefore no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, denies them.

37. The allegations in Paragraph 37 are not directed at PENAC, and therefore no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, denies them.

38. The allegations in Paragraph 38 are an explanation of terminology, for which no response is required. PENAC avers, however, that Paragraph 38 renders the Amended Complaint indefinite and uncertain as to PENAC.

39. The allegations in Paragraph 39 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies them.

40. The allegations in Paragraph 40 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, denies them.

41. The allegations in Paragraph 41 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, denies them.

42. The allegations in Paragraph 42 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, denies them.

43. The allegations in Paragraph 43 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, denies them.

44. The allegations in Paragraph 44 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 44 and, on that basis, denies them.

45. The allegations in Paragraph 45 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, denies them.

46. The allegations in Paragraph 46 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies them.

47. The allegations in Paragraph 47 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, on that basis, denies them.

48. The allegations in Paragraph 48 are an explanation of terminology, for which no response is required.

49. The allegations in Paragraph 49 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies them.

50. The allegations in Paragraph 50 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies them.

51. The allegations in Paragraph 51 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, on that basis, denies them.

52. The allegations in Paragraph 52 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies them.

53. The allegations in Paragraph 53 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies them.

54. The allegations in Paragraph 54 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies them.

55. The allegations in Paragraph 55 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, denies them.

56. The allegations in Paragraph 56 are an explanation of terminology for which no response is required.

57. The allegations in Paragraph 57 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, on that basis, denies them.

58. The allegations in Paragraph 58 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, denies them.

59. The allegations in Paragraph 59 are an explanation of terminology for which no response is required.

60. The allegations of Paragraph 60 state legal contentions to which no response is required. To the extent a response is required and the allegations in Paragraph 60 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 60 relate to PENAC, PENAC denies all of the allegations.

61. The allegations in Paragraph 61 are ambiguous and/or unintelligible. To the extent that the allegations in Paragraph 61 state legal contentions, no response is required. To the extent a response is required and the allegations in Paragraph 61 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 61 relate to PENAC, PENAC denies all of the allegations.

62. To the extent that the allegations in sentence one of Paragraph 62 are an explanation of terminology, no response is required. To the extent that the allegations in Paragraph 62 state legal contentions, no response is required. PENAC, however, avers that Plaintiff's reference to "a corporate family or companies by a single name in its allegations of participation in the conspiracy" renders the Amended Complaint indefinite and uncertain. To the extent that the remaining allegations in Paragraph 62 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the remaining allegations in Paragraph 62 relate to PENAC, PENAC denies all of the allegations.

63. To the extent that the allegations in Paragraph 63 state legal contentions, no response is required. To the extent that the remaining allegations in Paragraph 63 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the remaining allegations in Paragraph 63 relate to PENAC, PENAC denies all of the allegations.

64. The allegations in Paragraph 64 state legal contentions, for which no response is required. The allegations in Paragraph 64 also are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 64 relate to PENAC, PENAC denies all of the allegations.

## III. ALLEGATIONS CONCERNING JURISDICTION AND VENUE

65. The allegation in Paragraph 65 state legal contentions to which no response is required. PENAC admits that Plaintiff purports to bring this action to obtain injunctive relief under Section 16 of the Clayton Act, and to recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1) and the antitrust laws of California, Washington, Arizona, and Illinois, but denies that Plaintiff is entitled to any relief under those statutes.

66. The allegations in Paragraph 66 regarding jurisdiction constitute legal contentions

to which no response is required. To the extent that a response is required and the allegations in Paragraph 66 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 66 relate to PENAC, PENAC denies that this district has subject matter jurisdiction based on the conduct of PENAC as alleged in the Amended Complaint.

67. The allegations in Paragraph 67 regarding venue constitute legal contentions to which no response is required. To the extent that a response is required and the allegations in Paragraph 67 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 67 relate to PENAC, PENAC denies these allegations and denies that venue lies with this district based on the conduct of PENAC as alleged in the Amended Complaint.

68. The allegations in Paragraph 68 regarding jurisdiction constitute legal contentions to which no response is required. To the extent that a response is required and the allegations in Paragraph 68 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 68 relate to PENAC, PENAC denies that this district has jurisdiction based on the conduct of PENAC as alleged in the Amended Complaint.

69. The allegations in Paragraph 69 regarding jurisdiction constitute legal contentions to which no response is required.

## IV. ALLEGATIONS CONCERNING FACTS AND BACKGROUND

70. PENAC admits that the allegations in Paragraph 70 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

71. PENAC admits that the allegations in Paragraph 71 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

72. PENAC admits that the allegations in Paragraph 72 purport to describe CRT

technology, but PENAC denies that such descriptions are accurate or complete.

73. PENAC admits that the allegations in Paragraph 73 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

74. PENAC admits that the allegations in Paragraph 74 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

75. PENAC admits that the allegations in Paragraph 75 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

76. PENAC admits that the allegations in Paragraph 76 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete. To the extent that the allegations in Paragraph 76 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent that the allegations in Paragraph 76 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent that the allegations in Paragraph 76 relate to PENAC, PENAC denies all of the allegations.

77. The allegations in Paragraph 77 state legal contentions, for which no response is required. To the extent that a response is required and the allegations in Paragraph 77 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 77 relate to PENAC, PENAC denies them. PENAC denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 77.

78. The allegations in Paragraph 78 are legal contentions to which no response is required. To the extent that a response is required, PENAC denies every allegation in Paragraph 78.

79. The allegations in Paragraph 79 are legal contentions to which no response is required. To the extent a response is required and the allegations in Paragraph 79 relate to other

defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 79 relate to PENAC, PENAC denies all allegations.

80. To the extent that the allegations in Paragraph 80 state legal contentions, no response is required. To the extent that the other allegations in Paragraph 80 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 80 relate to PENAC, PENAC denies all of the allegations.

81. The allegations in Paragraph 81 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 81 are not directed at PENAC, and, therefore, no response is required. To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, on that basis, denies them.

82. PENAC avers that the use of the term "Philips" renders the Amended Complaint indefinite and uncertain as to PENAC. The allegations in Paragraph 82 are legal contentions to which no response is required. To the extent that a response is required, PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture. To the extent that the allegations in Paragraph 82 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. PENAC denies any remaining allegations in Paragraph 82.

83. The allegations in Paragraph 83 are legal contentions to which no response is required. To the extent a response is required, PENAC denies the allegations in Paragraph 83.

84. PENAC avers that the use of the term "Philips" in Paragraph 84 renders the Amended Complaint indefinite and uncertain as to PENAC. To the extent that the allegations in Paragraph 84 and its subparts state legal contentions, no response is required. PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire

CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture. PENAC admits that LG.Philips LCD Co., Ltd. was formed in 1999. PENAC denies that it was supplied “CRTs” from Samtel. To the extent that the remaining allegations in Paragraph 84 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 84 and its subparts relate to PENAC, PENAC denies them.

85. The allegations in Paragraph 85 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 85 require a response, PENAC denies all of the allegations.

86. The allegations in Paragraph 86 are legal contentions to which no response is required. To the extent a response is required and that the allegations in Paragraph 86 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 86 require a response, PENAC denies all of the allegations.

87. The allegations in Paragraph 87 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 87 require a response, PENAC denies all of the allegations.

88. The allegation in the second sentence of Paragraph 88 is a legal contention to which no response is required. PENAC otherwise lacks knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 88 and, on that basis, denies them.

89. The allegation in the second sentence of Paragraph 89 is a legal contention to which no response is required. PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in the first and third sentences of Paragraph 89 and, on that basis, denies them. To the extent a response is required and the remaining allegations in Paragraph 89 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and the remaining allegations in Paragraph 89 relate to PENAC, PENAC denies all of the

allegations.

90. The allegations in Paragraph 90 are legal contentions to which no response is required. To the extent a response is required and the allegations relate to other defendants, PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 90 and, on that basis, denies them. To the extent a response is required and the allegations relate to PENAC, PENAC denies all of the allegations in Paragraph 90.

91. The allegations in Paragraph 91 are legal contentions to which no response is required. To the extent a response is required, PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 91 and, on that basis, denies them.

92. The allegations in Paragraph 92 are legal contentions to which no response is required. To the extent a response is required, PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 92 and, on that basis, denies them.

93. The allegations in Paragraph 93 are legal contentions to which no response is required. To the extent a response is required and the allegations in Paragraph 93 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 93 relate to other defendants PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 93 relate to PENAC, PENAC denies all of the allegations.

94. The allegations in Paragraph 94 are legal contentions to which no response is required. To the extent a response is required, PENAC denies all of the allegations in Paragraph 94.

95. To the extent that the allegations in Paragraph 95 state legal contentions, no response is required. To the extent that the allegations in Paragraph 95 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 95 relate to PENAC, PENAC denies all of the allegations.

96. The allegations in Paragraph 96 are not directed at PENAC and, therefore, no response is required. To the extent a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and, on that basis, denies them.

97. To the extent that the allegations in Paragraph 97 state legal contentions, no response is required. To the extent that the allegations in Paragraph 97 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 97 relate to PENAC, PENAC denies all of the allegations.

98. To the extent that the allegations in Paragraph 98 state legal contentions, no response is required. To the extent that the allegations in Paragraph 98 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the remaining allegations in Paragraph 98 concern PENAC, PENAC denies them.

99. The allegations in Paragraph 99 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and, on that basis, denies them.

100. To the extent that the allegations in Paragraph 100 state legal contentions, no response is required. To the extent that the allegations in Paragraph 100 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 100 relate to PENAC, PENAC denies them.

101. The allegations in Paragraph 101 state legal contentions to which no response is required. To the extent a response is required, PENAC denies all the allegations of Paragraph 101.

102. To the extent that the allegations in Paragraph 102 state legal contentions, no response is required. To the extent that the allegations in Paragraph 102 relate to other

defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 102 relate to PENAC, PENAC denies all of the allegations.

103. To the extent that the allegations in Paragraph 103 state legal contentions, no response is required. To the extent that the allegations in Paragraph 103 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 103 relate to PENAC, PENAC denies all of the allegations.

104. To the extent that the allegations in Paragraph 104 state legal contentions, no response is required. To the extent that the allegations in Paragraph 104 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 104 relate to PENAC, PENAC denies all of the allegations.

105. To the extent that the allegations in Paragraph 105 state legal contentions, no response is required. To the extent that the allegations in Paragraph 105 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 105 relate to PENAC, PENAC denies all of the allegations.

106. To the extent that the allegations in Paragraph 106 state legal contentions, no response is required. To the extent that the allegations in Paragraph 106 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 106 relate to PENAC, PENAC denies all of the allegations.

107. PENAC avers that the use of the term “Philips” in Paragraph 107 renders the Amended Complaint indefinite and uncertain as to PENAC. To the extent that the allegations in Paragraph 107 state legal contentions, no response is required. To the extent that the allegations in Paragraph 107 relate to other defendants, PENAC lacks knowledge or information sufficient to

form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 107 relate to PENAC, PENAC denies all of the allegations.

108. To the extent that the allegations in Paragraph 108 state legal contentions, no response is required. To the extent that the allegations in Paragraph 108 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 108 relate to PENAC, PENAC denies all of the allegations.

109. To the extent that the allegations in Paragraph 109 state legal contentions, no response is required. To the extent that the allegations in Paragraph 109 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 109 relate to PENAC, PENAC denies all of the allegations.

110. To the extent that the allegations in Paragraph 110 state legal contentions, no response is required. To the extent that the allegations in Paragraph 110 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 110 relate to PENAC, PENAC denies all of the allegations.

111. To the extent that the allegations in Paragraph 111 state legal contentions, no response is required. To the extent that the allegations in Paragraph 111 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 111 relate to PENAC, PENAC denies all of the allegations.

112. To the extent that the allegations in Paragraph 112 state legal contentions, no response is required. To the extent that the allegations in Paragraph 112 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 112 relate to PENAC, PENAC denies all of the allegations.

113. To the extent that the allegations in Paragraph 113 state legal contentions, no response is required. To the extent that the allegations in Paragraph 113 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 113 relate to PENAC, PENAC denies all of the allegations.

114. To the extent that the allegations in Paragraph 114 state legal contentions, no response is required. To the extent that the allegations in Paragraph 114 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 114 relate to PENAC, PENAC denies all of the allegations.

115. To the extent that the allegations in Paragraph 115 and its subparts state legal contentions, no response is required. To the extent that the allegations in Paragraph 115 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 115 and its subparts relate to PENAC, PENAC denies all of the allegations.

116. To the extent that the allegations in Paragraph 116 state legal contentions, no response is required. To the extent that the allegations in Paragraph 116 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 116 relate to PENAC, PENAC denies all of the allegations.

117. To the extent that the allegations in Paragraph 117 state legal contentions, no response is required. To the extent that the allegations contained in Paragraph 117 refer to public statements by government authorities, those statements speak from themselves and no response is required. To the extent that the allegations in Paragraph 117 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 117 relate to PENAC, PENAC denies all of the allegations.

118. To the extent that the allegations in Paragraph 118 state legal contentions, no response is required. To the extent that the allegations in Paragraph 118 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 118 relate to PENAC, PENAC denies all of the allegations.

119. To the extent that the allegations in Paragraph 119 state legal contentions, no response is required. To the extent that the allegations in Paragraph 119 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 119 relate to PENAC, PENAC denies all of the allegations.

120. To the extent that the allegations in Paragraph 120 state legal contentions, no response is required. To the extent that the allegations in Paragraph 120 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 120 relate to PENAC, PENAC denies all of the allegations.

121. To the extent that the allegations in Paragraph 121 state legal contentions, no response is required. With respect to the third sentence in Paragraph 121, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them. To the extent that the remaining allegations in Paragraph 121 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the remaining allegations in Paragraph 121 relate to PENAC, PENAC denies all of the allegations.

122. To the extent that the allegations in Paragraph 122 state legal contentions, no response is required. To the extent that the allegations in Paragraph 122 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 122 relate to PENAC, PENAC denies all of the allegations.

123. To the extent that the allegations in Paragraph 123 state legal contentions, no response is required. To the extent that the allegations in Paragraph 123 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 123 relate to PENAC, PENAC denies all of the allegations.

124. The allegations in Paragraph 124 state legal contentions, no response is required. Additionally, the allegations in Paragraph 124 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 124 relate to PENAC, PENAC denies them. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and, on that basis, denies them.

125. The allegations in Paragraph 125 state legal contentions, no response is required. Additionally, the allegations in Paragraph 125 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 125 relate to PENAC, PENAC denies them. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and, on that basis, denies them.

126. The allegations in Paragraph 126 state legal contentions, no response is required. Additionally, the allegations in Paragraph 126 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 126 relate to PENAC, PENAC denies them. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and, on that basis, denies them.

127. PENAC avers that the use of the term "Philips" in Paragraph 127 renders the Amended Complaint indefinite and uncertain as to PENAC. The allegations in Paragraph 127 also state legal contentions to which no response is required. Additionally, the allegations in Paragraph 127 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 127 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and, on that basis, denies them.

128. The allegations in Paragraph 128 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 128 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 128 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and, on that basis, denies them.

129. PENAC avers that the use of the term "Philips" in Paragraph 129 renders the Amended Complaint indefinite and uncertain as to PENAC. To the extent that the allegations in Paragraph 129 state legal contentions, no response is required. To the extent the allegations in Paragraph 129 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 129 relate to PENAC, PENAC denies all of the allegations. PENAC specifically denies that any employee of LP Displays or LG.Philips Displays previously attended any meeting described in this Paragraph on its behalf.

130. The allegations in Paragraph 130 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 130 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 130 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and, on that basis, denies them.

131. The allegations in Paragraph 131 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 131 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 131 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and, on that basis, denies them.

132. The allegations in Paragraph 132 state legal contentions to which no response is

required. Additionally, the allegations in Paragraph 132 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 132 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and, on that basis, denies them.

133. The allegations in Paragraph 133 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 133 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 133 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and, on that basis, denies them.

134. PENAC avers that the use of the term "Philips" in Paragraph 134 renders the Amended Complaint indefinite and uncertain as to PENAC. To the extent that the allegations in Paragraph 134 state legal contentions, no response is required. PENAC denies that it participated in, engaged in or was represented at any "Glass Meetings" or "bilateral discussions" at which agreements were reached on prices and supply levels for CRTs. PENAC denies that it participated in any such "Glass meetings" or "bilateral discussions" after 2001 "through" LG.Philips Displays. To the extent that the allegations in Paragraph 134 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. In all other respects, PENAC denies the allegations in Paragraph 134.

135. To the extent that the allegations in Paragraph 135 state legal contentions, no response is required. To the extent that the allegations in Paragraph 135 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 135 relate to PENAC, PENAC denies them.

136. The allegations in Paragraph 136 state legal contentions to which no response is

required. Additionally, the allegations in Paragraph 136 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 136 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and, on that basis, denies them.

137. The allegations in Paragraph 137 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 137 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 137 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and, on that basis, denies them.

138. The allegations in Paragraph 138 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 138 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 138 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, on that basis, denies them.

139. The allegations in Paragraph 139 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 139 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 139 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and, on that basis, denies them.

140. The allegations in Paragraph 140 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 140 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 140 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and, on that basis, denies them.

141. The allegations in Paragraph 141 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 141 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 141 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and, on that basis, denies them.

142. The allegations in Paragraph 142 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 142 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 142 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and, on that basis, denies them.

143. The allegations in Paragraph 143 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 143 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 143 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, denies them.

144. To the extent that the allegations in sentence one of Paragraph 144 are an explanation of terminology, no response is required. To the extent that the allegations in Paragraph 144 state legal contentions, no response is required. PENAC avers that Plaintiff's reference to "a corporate family or companies by a single name in its allegations of participation in the conspiracy" renders the Amended Complaint indefinite and uncertain. To the extent that the remaining allegations in Paragraph 144 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the

extent the remaining allegations in Paragraph 144 relate to PENAC, PENAC denies all of the allegations.

145. To the extent that allegations in Paragraph 145 state legal contentions, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and, on that basis, denies them.

146. To the extent that the allegations in Paragraph 146 state legal contentions, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and, on that basis, denies them.

147. To the extent that the allegations in Paragraph 147 state legal contentions, no response is required. To the extent that the allegations in Paragraph 147 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 147 relate to PENAC, PENAC denies all allegations.

148. To the extent the allegations contained in Paragraph 148 refer to public filings by government authorities, those filings speak for themselves and no response is required.

149. To the extent the allegations contained in Paragraph 149 refer to a public statement by another defendant, that statement speaks for itself and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, denies them.

150. To the extent that the allegations in Paragraph 150 state legal contentions, no response is required. To the extent that the allegations in Paragraph 150 refer to public statements by government authorities, those statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 150 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 150 relate to PENAC, PENAC denies them.

151. To the extent that the allegations contained in Paragraph 151 refer to public statements by government authorities, those statements speak for themselves and no response is

required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and, on that basis, denies them.

152. To the extent that the allegations contained in Paragraph 152 refer to public statements by government authorities, those statements speak for themselves and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and, on that basis, denies them.

153. To the extent that the allegations contained in Paragraph 153 refer to public statements by government authorities, those statements speak for themselves and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and, on that basis, denies them.

154. To the extent that the allegations contained in Paragraph 154 refer to public statements by government authorities, those statements speak for themselves and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, on that basis, denies them.

155. To the extent that the allegations contained in Paragraph 155 refer to public statements by government authorities, those statements speak for themselves and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, on that basis, denies them.

156. To the extent that the allegations in Paragraph 156 refer to public filings and statements by government authorities, those filings and statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 156 purport to quote a press release, that press release speaks for itself and no response is required. PENAC denies any remaining allegations in Paragraph 156.

157. To the extent that the allegations in the first sentence of Paragraph 157 state legal contentions, no response is required. To the extent the allegations contained in Paragraph 157 refer to public statements by government authorities, those statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 157 relate to other

defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. PENAC denies the allegation and implication that the allegations in Paragraph 157 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

158. The allegations in Paragraph 158 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, on that basis, denies them. PENAC denies the allegation and implication that the allegations in Paragraph 158 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

159. To the extent the allegations contained in Paragraph 159 refer to public filings by government authorities, those filings speak for themselves and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and, on that basis, denies them. PENAC denies the allegation and implication that the allegations in Paragraph 159 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

160. To the extent the allegations contained in Paragraph 160 refer to public statements by government authorities, those statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 160 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. PENAC denies the allegation and implication that the allegations in Paragraph 160 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

161. To the extent the allegations contained in Paragraph 161 refer to public statements by government authorities, those statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 161 relate to the other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. PENAC denies the allegation and implication that the allegations in Paragraph 161 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

162. To the extent that the allegations in Paragraph 162 state legal contentions, no response is required. To the extent the allegations contained in Paragraph 162 refer to public statements there listed, those statements speak for themselves and no response is required. PENAC admits the existence of the trade associations Korea Display Conference, Korean Display Equipment Material Industry Association, and Electronic Display Industrial Research Association of Korea, but PENAC denies that such descriptions are accurate or complete. To the extent that the allegations in Paragraph 162 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 162 relate to PENAC, PENAC denies them.

163. The allegations in Paragraph 163 are not directed at PENAC and, on that basis, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and, on that basis, denies them.

164. The allegations in Paragraph 164 are not directed at PENAC and, on that basis, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and, on that basis, denies them.

165. To the extent that the allegations in Paragraph 165 state legal contentions, no response is required. PENAC admits the existence of the Society for Information Display, but PENAC denies that such descriptions are accurate or complete. To the extent that the allegations in Paragraph 165 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 165 relate to PENAC, PENAC denies all of the allegations.

166. To the extent that the allegations in Paragraph 166 state legal contentions, no response is required. To the extent that the allegations in Paragraph 166 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 166 relate to PENAC, PENAC denies all of the allegations.

167. To the extent that the allegations in Paragraph 167 and its subparts state legal

contentions, no response is required. To the extent that the allegations in Paragraph 167 and its subparts relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 167 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 167 and its subparts relate to PENAC, PENAC denies all of the allegations.

168. To the extent that the allegations in Paragraph 168 state legal contentions, no response is required. To the extent that the allegations in Paragraph 168 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 168 relate to PENAC, PENAC denies all of the allegations.

169. The allegations in Paragraph 169 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 169 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 169 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 169 relate to PENAC, PENAC denies all of the allegations.

## V. ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT

170. To the extent that the allegations in Paragraph 170 state legal contentions, no response is required. To the extent that the allegations in Paragraph 170 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 170 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 170 relate to PENAC, PENAC denies all of the allegations.

171. To the extent that the allegations in Paragraph 171 state legal contentions, no response is required. To the extent that the allegations in Paragraph 171 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 171 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 171 relate to PENAC, PENAC denies all of the allegations.

172. To the extent that the allegations in Paragraph 172 state legal contentions, no response is required. To the extent that the allegations in Paragraph 172 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 172 relate to PENAC, PENAC denies all of the allegations.

173. To the extent that the allegations in Paragraph 173 state legal contentions, no response is required. PENAC otherwise denies all of the allegations in Paragraph 173.

174. To the extent that the allegations in Paragraph 174 state legal contentions, no response is required. To the extent that the allegations in Paragraph 174 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 174 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 174 relate to PENAC, PENAC denies all of the allegations.

175. To the extent that the allegations in Paragraph 175 state legal contentions, no response is required. To the extent that the allegations in Paragraph 175 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 175 relate to PENAC, PENAC denies all of the allegations.

176. To the extent that the allegations in Paragraph 176 state legal contentions, no

response is required. To the extent that the allegations in Paragraph 176 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 176 relate to PENAC, PENAC denies all of the allegations.

177. To the extent that the allegations in Paragraph 177 state legal contentions, no response is required. To the extent that the allegations in Paragraph 177 are derived from or purport to quote an industry news article, that article speaks for itself and no response is required To the extent that the allegations in Paragraph 177 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and, on that basis, denies them.

178. With regard to the first and second sentences of Paragraph 178, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. To the extent the third sentence of Paragraph 178 state legal contentions, no response is required. To the extent that the allegations in Paragraph 178 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 178 relate to PENAC, PENAC denies all of the allegations.

179. With regard to the first and second sentences of Paragraph 179, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them. The allegations in the second and third sentences of Paragraph 179 state legal contentions, for which no response is required. To the extent that the third sentence of Paragraph 179 requires a response, PENAC denies all of the allegations.

180. PENAC avers that the use of the term “Philips” in Paragraph 180 renders the allegations indefinite and uncertain as to PENAC. To the extent that the allegations in Paragraph 180 are derived from or purport to quote published statements made by a Deputy General Manager for an LG Electronics distributor, those statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 180 relate to other

defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 180 relate to PENAC, PENAC denies all of the allegations.

181. The allegations in Paragraph 181 are not directed at PENAC and, therefore, no response is required. To the extent that a response is required and the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 181 relate to PENAC, PENAC denies all of the allegations

182. To the extent that the allegations in Paragraph 182 state legal contentions, no response is required. To the extent that a response is required and the allegations in Paragraph 182 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 182 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 182 relate to PENAC, PENAC denies all of the allegations.

183. The allegations in Paragraph 183 state legal contentions to which no response is required. To the extent the allegations in Paragraph 183 require a response, PENAC denies them.

## VI. AMERICAN PIPE, GOVERNMENT ACTION, AND CROSS-JURISDICTIONAL TOLLING

184. To the extent that the allegations in the first sentence of Paragraph 184 refer to public filings by government authorities discussed in Paragraphs 158-72, those filings speak for themselves and no response is required. The allegations in the second sentence of Paragraph 184 state legal contentions to which no response is required. To the extent a response is required and the allegations in Paragraph 184 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 184 relate to PENAC, PENAC

denies them.

185. The allegations in Paragraph 185 constitute legal contentions and/or conclusions to which no response is required. To the extent the allegations in Paragraph 185 require a response, PENAC denies all allegations.

186. The allegations in Paragraph 186 state legal contentions to which no response is required.

## VII. ALLEGATIONS CONCERNING FIRST CAUSE OF ACTION

187. PENAC repeats and incorporates by reference its responses to Paragraph 1 through 186 of the Amended Complaint with the same force and effect as if set forth herein at length.

188. The allegations in Paragraph 188 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 188 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 188 relate to PENAC, PENAC denies all of the allegations.

189. The allegations in Paragraph 189 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 189 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 189 relate to PENAC, PENAC denies all of the allegations.

190. The allegations in Paragraph 190 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 190 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 190 relate to PENAC, PENAC denies all of the allegations.

191. The allegations in Paragraph 191 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 191 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 191 relate to PENAC, PENAC denies all of the allegations.

192. The allegations in Paragraph 192 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 192 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 192 relate to PENAC, PENAC denies all of the allegations.

193. The allegations in Paragraph 193 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 193 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 193 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 193 relate to PENAC, PENAC denies all of the allegations.

## VIII. ALLEGATIONS CONCERNING SECOND CAUSE OF ACTION

194. PENAC repeats and incorporates by reference its responses to Paragraph 1 through 193 of the Amended Complaint with the same force and effect as if set forth herein at length.

195. The allegations in Paragraph 195 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 195 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is

required and the allegations in Paragraph 195 relate to PENAC, PENAC denies all of the allegations.

196. The allegations in Paragraph 196 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 196 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 196 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 196 relate to PENAC, PENAC denies all of the allegations.

197. The allegations in Paragraph 197 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 197 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 197 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 197 relate to PENAC, PENAC denies all of the allegations.

## IX. ALLEGATIONS CONCERNING THIRD CAUSE OF ACTION

198. PENAC repeats and incorporates by reference its responses to Paragraph 1 through 197 of the Amended Complaint with the same force and effect as if set forth herein at length.

199. The allegations in Paragraph 199 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 199 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 199 relate to PENAC, PENAC denies all of the allegations.

200. The allegations in Paragraph 200 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 200 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 200 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 200 relate to PENAC, PENAC denies all of the allegations.

201. The allegations in Paragraph 201 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 201 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 201 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 201 relate to PENAC, PENAC denies all of the allegations.

## X. ALLEGATIONS CONCERNING FOURTH CAUSE OF ACTION

202. PENAC repeats and incorporates by reference its responses to Paragraph 1 through 202 of the Amended Complaint with the same force and effect as if set forth herein at length.

203. The allegations in Paragraph 203 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 203 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 203 relate to PENAC, PENAC denies all of the allegations.

204. The allegations in Paragraph 204 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in

Paragraph 204 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 204 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 204 relate to PENAC, PENAC denies all of the allegations.

205. The allegations in Paragraph 205 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 205 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 205 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 205 relate to PENAC, PENAC denies all of the allegations.

## XI. ALLEGATIONS CONCERNING FIFTH CAUSE OF ACTION

206. PENAC repeats and incorporates by reference its responses to Paragraph 1 through 205 of the Amended Complaint with the same force and effect as if set forth herein at length.

207. The allegations in Paragraph 207 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 207 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 207 relate to PENAC, PENAC denies all of the allegations.

208. The allegations in Paragraph 208 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 208 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is

required and the allegations in Paragraph 208 relate to PENAC, PENAC denies all of the allegations.

209. The allegations in Paragraph 209 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 209 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 209 relate to PENAC, PENAC denies all of the allegations.

210. The allegations in Paragraph 210 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 210 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 210 relate to PENAC, PENAC denies all of the allegations.

211. The allegations in Paragraph 211 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 211 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 211 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 211 relate to PENAC, PENAC denies all of the allegations.

212. The allegations in Paragraph 212 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 212 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 212 relate to other defendants, PENAC lacks knowledge or

information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 212 relate to PENAC, PENAC denies all of the allegations.

**XII. ALLEGATIONS CONCERNING SIXTH CAUSE OF ACTION**

213. PENAC repeats and incorporates by reference its responses to Paragraph 1 through 213 of the Amended Complaint with the same force and effect as if set forth herein at length.

214. The allegations in Paragraph 214 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 214 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 214 relate to PENAC, PENAC denies all of the allegations.

215. The allegations in Paragraph 215 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 215 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 215 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 215 relate to PENAC, PENAC denies all of the allegations.

216. The allegations in Paragraph 216 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 216 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 216 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 216 relate to PENAC, PENAC

denies all of the allegations.

**XIII. ALLEGATION CONCERNING JURY DEMAND**

To the extent any response is required to Plaintiff's Jury Trial Demand, PENAC admits that Plaintiff purports to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

**XIV. ALLEGATION CONCERNING RELIEF**

With respect to Plaintiff's allegations concerning prayer for relief, PENAC denies that Plaintiff suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Amended Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint. All allegations of the Amended Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

**AFFIRMATIVE DEFENSES**

Without assuming any burden it would not otherwise bear, PENAC asserts the following additional and/or affirmative defenses to Plaintiff's Amended Complaint:

**FIRST AFFIRMATIVE DEFENSE**

**(Improper Forum/Arbitration)**

Plaintiff's claims against PENAC are barred because they are subject to the broad and mandatory arbitration agreement that Plaintiff imposed in its Vendor Agreement, which required mandatory arbitration of "all claims and disputes . . . aris[ing] out of or relat[ing]" to the Vendor Agreement with PENAC.[2]

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Amended Complaint, and each of its claims for relief, fails to state sufficient facts upon which relief can be granted.

[2] *See* the Philips' Defendants' Motion, in the Alternative to Dismissal, to Compel Arbitration and Supporting Memorandum, May 9, 2013, Dkt. 1668, at 3-4, and Declaration of Erik T. Koons in Support of Philips' Defendants' Motion, in the Alternative to Dismissal, to Compel Arbitration, May 9, 2013, Dkt. 1669, at 2-3.

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

The conduct alleged to provide a basis for the claims of Plaintiff did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States. The Court, therefore, lacks subject matter jurisdiction of the claims of Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)**

Plaintiff's claims for any foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

**FIFTH AFFIRMATIVE DEFENSE**

**(Vagueness of Claims)**

Plaintiff's claims should be dismissed for uncertainty and vagueness and because its claims are ambiguous and/or unintelligible. PENAC avers that Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit PENAC to ascertain what other defenses may exist. PENAC therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Plead Conspiracy with Particularity)**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to allege conspiracy with sufficient particularity.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unilateral Action)**

Plaintiff's claims are barred, in whole or in part, because the actions or practices of PENAC that are the subject of the Amended Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of PENAC's independent interests, and were not the product of any contract, combination or conspiracy between PENAC and any other person or entity.

**NINTH AFFIRMATIVE DEFENSE**

**(Rule of Reason)**

Plaintiff's claims are barred, in whole or in part, because any acts or practices of PENAC that are the subject of the Amended Complaint were adopted in furtherance of legitimate business interests of PENAC and do not unreasonable restrain competition.

**TENTH AFFIRMATIVE DEFENSE**

**(Competition)**

Plaintiff's claims are barred, in whole or in part, because any acts or practices of PENAC that are the subject of the Amended Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Non-actionable or Governmental Privilege)**

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of PENAC that is the subject of the Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Act of PENAC)**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has not been injured in its business or property by reason of any action of

PENAC.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Intervening Conduct)**

Plaintiff's claims are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of PENAC and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(*Ultra Vires*)**

To the extent that any actionable conduct occurred, Plaintiff's claims against PENAC are barred because all such conduct would have been committed by individuals acting *ultra vires*.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Damages Passed On)**

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Amended Complaint, which PENAC specifically denies, was passed on to persons or entities other than Plaintiff and/or was passed on by Plaintiff to other parties.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Withdrawal)**

To the extent that any actionable conduct occurred for which PENAC is liable, some or all of Plaintiff's claims against PENAC are barred because PENAC withdrew from and/or abandoned any alleged conspiracy prior to the commencement of the limitations period set forth in applicable statutes of limitations.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff failed to take all necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff would be unjustly enriched if it was allowed to recover any part of the damages alleged in the Amended Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Set Off)**

Without admitting that Plaintiff is entitled to recover damages in this matter, PENAC is entitled to set off from any recovery Plaintiff may obtain against PENAC any amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Legal Acts)**

Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Acquiescence)**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiff's acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to PENAC.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiff's claims for injunctive relief should be dismissed because Plaintiff has available an adequate remedy at law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Join Indispensable Parties)**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Due Process)**

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Due Process clause of the Fifth Amendment of the United States Constitution.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Due Process)**

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Due Process provision of the Fourteenth Amendment of the United States Constitution.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Equal Protection)**

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States Constitution.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Double Jeopardy)**

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Excessive Fines provision of the Eighth Amendment of the United States Constitution.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Unconstitutional Multiplicity)**

To the extent any recovery by Plaintiff would be duplicative of recovery by other plaintiffs and other lawsuits, subjecting PENAC to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Foreign Sales)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff may not recover damages, if any, based on sales outside of the United States.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Amended Complaint, the fact and extent of which PENAC specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than PENAC.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Failure To Plead Damages With Specificity)**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to plead damages with specificity as required by the federal laws cited.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Injury or Damages Offset by Benefits Received)**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiff received with respect to the challenged conduct.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Proportionality)**

To the extent PENAC is found liable for damages, the fact and extent of which are expressly denied by PENAC, those damages must be reduced in proportion to PENAC's degree of fault.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Release)**

The claims of one or more of the persons or entities Plaintiff purports to represent are barred because they have been released.

**FORTIETH AFFIRMATIVE DEFENSE**

**(No 'Full Consideration' Damages)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to "full

consideration" damages.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Other Defenses Incorporated by Reference)**

PENAC adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that PENAC may share in such affirmative defenses.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Reservation of Rights to Assert Additional Defenses)**

PENAC has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. PENAC further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

**WHEREFORE**, PENAC prays as follows:

1. That Plaintiff takes nothing by way of the Amended Complaint and the Amended Complaint be dismissed with prejudice;

2. That judgment be entered in favor of PENAC and against Plaintiff on each and every claim for relief set forth in the Complaint;

3. That PENAC recover its costs of suit and attorneys' fees incurred herein; and

4. That PENAC be granted such other and further relief as the Court deems just and proper.

Dated: December 16, 2013

Respectfully Submitted:

By: /s/ Jon V. Swenson
Jon V. Swenson (SBN 233054)
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorney for Defendant Philips Electronics North America Corporation*