BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile:  (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V.*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC |
| | MDL No. 1917 |
| COSTCO WHOLESALE CORPORATION, | Individual Case No. 3:11-cv-06397 |
| Plaintiff, | (Originally filed in W.D. Wash., No. 2:11-cv-01909-RSM) |
| v. | |
| HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO | **ANSWER OF KONINKLIJKE PHILIPS N.V.  TO COSTCO WHOLESALE CORPORATION' S FIRST AMENDED COMPLAINT**  <br><br>**Trial Date: None Set** |

MDL 1917

GROUP CORPORATION; IRICO GROUP
ELECTRONICS CO., LTD.; IRICO DISPLAY
DEVICES CO., LTD.; LG ELECTRONICS,
INC.; LG ELECTRONICS USA, INC.; LG
ELECTRONICS TAIWAN TAIPEI CO., LTD.;
LP DISPLAYS INTERNATIONAL LTD.;
BEIJING MATSUSHITA COLOR CRT CO.,
LTD.; KONINKLIJKE PHILIPS ELECTRONICS
N.V.; PHILIPS ELECTRONICS NORTH
AMERICA  CORPORATION; PHILIPS
ELECTRONICS  INDUSTRIES (TAIWAN),
LTD.; PHILIPS DA AMAZONIA INDUSTRIA
ELECTRONICA LTDA.; SAMSUNG
ELECTRONICS CO.,  LTD.; SAMSUNG
ELECTRONICS AMERICA,  INC.; SAMSUNG
SDI CO., LTD.; SAMSUNG  SDI AMERICA,
INC.; SAMSUNG SDI  MEXICO S.A. DE C.V.;
SAMSUNG SDI  BRASIL LTDA.; SHENZHEN
SAMSUNG SDI  CO., LTD.; TIANJIN
SAMSUNG SDI CO.,  LTD.; SAMSUNG SDI
(MALAYSIA) SDN.  BHD.; SAMTEL COLOR
LTD.; THAI CRT  CO., LTD.; TOSHIBA
CORPORATION;  TOSHIBA AMERICA, INC.;
TOSHIBA  AMERICA CONSUMER
PRODUCTS, LLC;  TOSHIBA AMERICA
ELECTRONIC  COMPONENTS, INC.;
TOSHIBA AMERICA  INFORMATION
SYSTEMS, INC.;  CHUNGHWA PICTURE
TUBES, LTD.; CHUNGHWA PICTURE TUBES
(MALAYSIA).

Defendants.

Defendant Koninklijke Philips N.V. ("KPNV"), by and through its undersigned counsel of record, answers Costco Wholesale Corporation's ("Plaintiff") First Amended Complaint (the "Amended Complaint") and alleges additional or affirmative defenses as follows.  KPNV denies each and every allegation in the Amended Complaint's section headings asserted herein and in all portions of the Amended Complaint not contained in numbered paragraphs.  To the extent that the Amended Complaint's allegations concern persons and/or entities other than KPNV, KPNV denies that such allegations support any claim for relief against KPNV.  KPNV denies any

allegations not explicitly admitted herein.

# I. <u>INTRODUCTION</u>[1]

1.      To the extent that the allegations in Paragraph 1 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 1 are definitional, no response is required.  To the extent that the allegations in Paragraph 1 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 1 relate to KPNV, KPNV denies all of the allegations.

2.      To the extent that the allegations in Paragraph 2 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 2 are definitional, no response is required.  KPNV avers that the use of the terms "CPTs," "CDTs," "CPT Products," "CDT Products," and "CRT Products," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Amended Complaint indefinite and uncertain.  To the extent that the allegations in Paragraph 2 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 2 relate to KPNV, KPNV denies all of the allegations.

3.      To the extent that the allegations in Paragraph 3 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 3 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the allegations in Paragraph 3 relate to KPNV, KPNV denies all of the allegations.

4.      To the extent that the allegations in Paragraph 4 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 4 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that

[1]For ease of reference, the headings in this Answer correspond to the headings in the First Amended Complaint.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST AMENDED COMPLAINT

basis, denies them.  To the extent the allegations in Paragraph 4 relate to KPNV, KPNV denies all of the allegations.

5.     To the extent that the allegations in Paragraph 5 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 5 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 5 relate to KPNV, KPNV denies all of the allegations.

6.     To the extent that the allegations in Paragraph 6 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 6 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 6 relate to KPNV, KPNV denies all of the allegations.

7.     To the extent that the allegations in Paragraph 7 state legal contentions, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 7 and, on that basis, denies them.

8.     KPNV admits that government authorities in the United States and other countries have commenced investigations of the CRT industry, the details of which are matters of public record and such records speak for themselves.  KPNV admits that an indictment was issued against C.Y. Lin, the details of which are matters of public record and such records speak for themselves.  KPNV admits that other individuals have been indicted by the DOJ, the details of which are matters of public record and such records speak for themselves.

9.     To the extent that the allegations in Paragraph 9 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 9 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 9 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 9 relate to KPNV, KPNV denies all of the

ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST
AMENDED COMPLAINT

allegations.

10.     To the extent that the allegations in Paragraph 10 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 10 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 10 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 10 relate to KPNV, KPNV denies all of the allegations.  KPNV denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 10.

## II. <u>ALLEGATIONS CONCERNING THE PARTIES</u>

11.     To the extent that the allegations in Paragraph 11 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

12.     To the extent that the allegations in Paragraph 12 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 12 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

13.     To the extent that the allegations in Paragraph 13 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 13 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

14.     To the extent that the allegations in Paragraph 14 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

15.     To the extent that the allegations in Paragraph 15 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 15 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

denies them.

16.     To the extent that the allegations in Paragraph 16 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 16 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 16 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 16 relate to KPNV, KPNV denies them.

17.     The allegations in Paragraph 17 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, denies them.

18.     The allegations in Paragraph 18 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies them.

19.     The allegations in Paragraph 19 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies them.

20.     The allegations in Paragraph 20 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies them.

21.     The allegations in Paragraph 21 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, denies them.

22.     The allegations in Paragraph 22 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies them.

23.     The allegations in Paragraph 23 are an explanation of terminology, for which no

ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST AMENDED COMPLAINT

response is required.

24.     The allegations in Paragraph 24 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies them.

25.     The allegations in Paragraph 25 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies them.

26.     The allegations in Paragraph 26 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies them.

27.     The allegations in Paragraph 27 are an explanation of terminology, for which no response is required.

28.     To the extent that the allegations in Paragraph 28 state legal contentions, no response is required.  KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 CRT joint venture.  The remaining allegations in Paragraph 28 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and, on that basis, denies them.

29.     The allegations in Paragraph 29 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies them.

30.     The allegations in Paragraph 30 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies them.

31.     The allegations in Paragraph 31 are an explanation of terminology, for which no response is required.

6

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST AMENDED COMPLAINT

32.     To the extent that the allegations in Paragraph 32 state legal contentions, no response is required.  KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  KPNV admits that its shareholdings in the joint venture were relinquished to financial institutions and private equity firms.  To the extent the allegations in Paragraph 32 are not directed at KPNV, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, on that basis, denies them.  KPNV denies that it exerted control over LG.Philips Displays or over LP Displays International, Ltd.  To the extent that the remaining allegations in Paragraph 32 relate to KPNV, KPNV denies them.

33.     The allegations in Paragraph 33 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, on that basis, denies them.

34.     To the extent that the allegations in Paragraph 34 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 34 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth, and, on that basis, denies them.  KPNV admits that it is a Dutch entity with its principal place of business at Brenner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands, but avers that KPNV legally changed its corporate name to Koninklijke Philips N.V.  KPNV admits that Philips & Co. was founded in 1891 but denies the remaining allegations found in the second and third sentences of Paragraph 34.  KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  KPNV admits that in 2005 it wrote off the book value for LG.Philips Displays and announced that KPNV would not inject further capital into LG.Philips Displays, but KPNV denies the remaining allegations found in the fifth sentence of Paragraph 34.  KPNV denies that it manufactured, marketed, sold and/or distributed CRT products, either directly or through its subsidiaries or affiliates, throughout the United States.   KPNV denies any

remaining allegations in Paragraph 34.

35.     KPNV admits that Philips Electronics North America Corporation ("PENAC") is a Delaware corporation with its principal place of business at 1251 Avenue of the Americas, New York, New York, 10020.  KPNV admits that PENAC is an indirect subsidiary of KPNV.  Owing to the vagueness of "CRT Products," KPNV denies the third sentence of Paragraph 35.  KPNV denies that it dominated or controlled the finances, policies, and affairs of PENAC and any remaining allegations in Paragraph 35.

36.     KPNV admits Philips Electronics Industries (Taiwan), Ltd. is a Taiwanese company with its principal place of business located at 15F 3-1 Yuanqu Street, Nangang District, Taipei, Taiwan but avers that Philips Electronics Industries (Taiwan), Ltd. was merged into Philips Taiwan Ltd.  KPNV admits that Philips Taiwan, Ltd. is an indirect subsidiary of KPNV. Owing to the vagueness of "CRT Products," KPNV denies the third sentence of Paragraph 36. KPNV denies that it dominated or controlled the finances, policies, and affairs of Philips Taiwan, Ltd. and any remaining allegations in Paragraph 36.

37.     KPNV admits that Philips da Amazonia Industria Electronica Ltda. ("Philips da Amazonia") is a Brazilian company with its principal place of business located at Av Torquato Tapajos 2236, 1 andar (parte 1), Flores, Manaus, AM 39048-660, Brazil.  KPNV admits that Philips da Amazonia Industria Electronica Ltda. is an indirect subsidiary of KPNV.  Owing to the vagueness of "CRT Products," KPNV denies the third sentence of Paragraph 37.  KPNV denies that it dominated or controlled the finances, policies and affairs of Philips da Amazonia and any remaining allegations in Paragraph 37.

38.     The allegations in Paragraph 38 are an explanation of terminology, for which no response is required.  KPNV avers, however, that Paragraph 38 renders the Amended Complaint indefinite and uncertain as to KPNV.

39.     The allegations in Paragraph 39 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies them.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST AMENDED COMPLAINT

40.     The allegations in Paragraph 40 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, denies them.

41.     The allegations in Paragraph 41 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, denies them.

42.     The allegations in Paragraph 42 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, denies them.

43.     The allegations in Paragraph 43 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, denies them.

44.     The allegations in Paragraph 44 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, on that basis, denies them.

45.     The allegations in Paragraph 45 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, denies them.

46.     The allegations in Paragraph 46 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies them.

47.     The allegations in Paragraph 47 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, on that basis, denies them.

48.     The allegations in Paragraph 48 are an explanation of terminology, for which no response is required.

49.     The allegations in Paragraph 49 are not directed at KPNV and, therefore, no

response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies them.

50.    The allegations in Paragraph 50 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies them.

51.    The allegations in Paragraph 51 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, on that basis, denies them.

52.    The allegations in Paragraph 52 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies them.

53.    The allegations in Paragraph 53 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies them.

54.    The allegations in Paragraph 54 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies them.

55.    The allegations in Paragraph 55 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, denies them.

56.    The allegations in Paragraph 56 are an explanation of terminology for which no response is required.

57.    The allegations in Paragraph 57 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, on that basis, denies them.

58.    The allegations in Paragraph 58 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST AMENDED COMPLAINT

1   as to the truth of the allegations in Paragraph 58 and, on that basis, denies them.

2        59.    The allegations in Paragraph 59 are an explanation of terminology for which no

3   response is required.

4        60.    The allegations of Paragraph 60 state legal contentions to which no response is

5   required.  To the extent a response is required and the allegations in Paragraph 60 relate to other

6   defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

7   on that basis, denies them.  To the extent a response is required and the allegations in Paragraph

8   60 relate to KPNV, KPNV denies all of the allegations.

9        61.    The allegations in Paragraph 61 are ambiguous and/or unintelligible. To the extent

10  that the allegations in Paragraph 61 state legal contentions, no response is required.  To the extent

11  a response is required and the allegations in Paragraph 61 relate to other defendants, KPNV lacks

12  knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

13  them.  To the extent a response is required and the allegations in Paragraph 61 relate to KPNV,

14  KPNV denies all of the allegations.

15       62.    To the extent that the allegations in sentence one of Paragraph 62 are an

16  explanation of terminology, no response is required.  To the extent that the allegations in

17  Paragraph 62 state legal contentions, no response is required.  KPNV, however, avers that

18  Plaintiff's reference to "a corporate family or companies by a single name in its allegations of

19  participation in the conspiracy" renders the Amended Complaint indefinite and uncertain.  To the

20  extent that the remaining allegations in Paragraph 62 relate to other defendants, KPNV lacks

21  knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

22  them.  To the extent the remaining allegations in Paragraph 62 relate to KPNV, KPNV denies all

23  of the allegations.

24       63.    To the extent that the allegations in Paragraph 63 state legal contentions, no

25  response is required.  To the extent that the remaining allegations in Paragraph 63 relate to other

26  defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

27  on that basis, denies them.  To the extent the remaining allegations in Paragraph 63 relate to

28

1   KPNV, KPNV denies all of the allegations.

2       64.     The allegations in Paragraph 64  state legal contentions, for which no response is

3   required.  The allegations in Paragraph 64 also are not directed at KPNV and, therefore, no

4   response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief

5   as to the truth of the allegations in Paragraph 64 and, on that basis, denies them.  To the extent a

6   response is required and the allegations in Paragraph 64 relate to KPNV, KPNV denies all of the

7   allegations.

8               **III. <u>ALLEGATIONS CONCERNING JURISDICTION AND VENUE</u>**

9       65.     The allegation in Paragraph 65 state legal contentions to which no response is

10  required.  KPNV admits that Plaintiff purports to bring this action to obtain injunctive relief under

11  Section 16 of the Clayton Act, and to recover damages for alleged violations of Section 1 of the

12  Sherman Act (15 U.S.C. § 1) and the antitrust laws of California, Washington, Arizona, and

13  Illinois, but denies that Plaintiff is entitled to any relief under those statutes.

14      66.     The allegations in Paragraph 66 regarding jurisdiction constitute legal contentions

15  to which no response is required.  To the extent that a response is required and the allegations in

16  Paragraph 66 relate to other defendants, KPNV lacks knowledge or information sufficient to form

17  a belief as to their truth and, on that basis, denies them.  To the extent that a response is required

18  and the allegations in Paragraph 66 relate to KPNV, KPNV denies that this district has subject

19  matter jurisdiction based on the conduct of KPNV as alleged in the Amended Complaint.

20      67.     The allegations in Paragraph 67 regarding venue constitute legal contentions to

21  which no response is required.  To the extent that a response is required and the allegations in

22  Paragraph 67 relate to other defendants, KPNV lacks knowledge or information sufficient to form

23  a belief as to their truth and, on that basis, denies them.  To the extent that a response is required

24  and the allegations in Paragraph 67 relate to KPNV, KPNV denies these allegations and denies

25  that venue lies with this district based on the conduct of KPNV as alleged in the Amended

26  Complaint.

27      68.     The allegations in Paragraph 68 regarding jurisdiction constitute legal contentions

28

ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST
AMENDED COMPLAINT

to which no response is required.  To the extent that a response is required and the allegations in Paragraph 68 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 68 relate to KPNV, KPNV denies that this district has jurisdiction based on the conduct of KPNV as alleged in the Amended Complaint.

69.     The allegations in Paragraph 69 regarding jurisdiction constitute legal contentions to which no response is required.

## IV. ALLEGATIONS CONCERNING FACTS AND BACKGROUND

70.     KPNV admits that the allegations in Paragraph 70 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

71.     KPNV admits that the allegations in Paragraph 71 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

72.     KPNV admits that the allegations in Paragraph 72 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

73.     KPNV admits that the allegations in Paragraph 73 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

74.     KPNV admits that the allegations in Paragraph 74 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

75.     KPNV admits that the allegations in Paragraph 75 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

76.     KPNV admits that the allegations in Paragraph 76 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete. To the extent that the allegations in Paragraph 76 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 76 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 76 relate to KPNV, KPNV denies all

of the allegations.

77.     The allegations in Paragraph 77 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 77 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 77 relate to KPNV, KPNV denies them.  KPNV denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 77.

78.     The allegations in Paragraph 78 are legal contentions to which no response is required.  To the extent that a response is required, KPNV denies every allegation in Paragraph 78.

79.     The allegations in Paragraph 79 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 79 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 79 relate to KPNV, KPNV denies all allegations.

80.     To the extent that the allegations in Paragraph 80 state legal contentions, no response is required.  To the extent that the other allegations in Paragraph 80 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 80 relate to KPNV, KPNV denies all of the allegations.

81.     The allegations in Paragraph 81 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 81 are not directed at KPNV, and, therefore, no response is required.  To the extent that a response is required, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, on that basis, denies them.

82.     KPNV avers that the use of the term "Philips" renders the Amended Complaint

indefinite and uncertain as to KPNV.  The allegations in Paragraph 82 are legal contentions to which no response is required.  To the extent that a response is required, KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  To the extent that the allegations in Paragraph 82 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies any remaining allegations in Paragraph 82.

83.     The allegations in Paragraph 83 are legal contentions to which no response is required.  To the extent a response is required, KPNV denies the allegations in Paragraph 83.

84.     KPNV avers that the use of the term "Philips" in Paragraph 84 and its subparts renders the Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 84 and its subparts state legal contentions, no response is required.  KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  KPNV admits that LG.Philips LCD Co., Ltd. was formed in 1999.  KPNV denies that it was supplied "CRTs" from Samtel.  To the extent that the remaining allegations in Paragraph 84 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 84 and its subparts relate to KPNV, KPNV denies them.

85.     The allegations in Paragraph 85 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 85 require a response, KPNV denies all of the allegations.

86.     The allegations in Paragraph 86 are legal contentions to which no response is required.  To the extent a response is required and that the allegations in Paragraph 86 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 86 require a response, KPNV denies all of the allegations.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST AMENDED COMPLAINT

87.     The allegations in Paragraph 87 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 87 require a response, KPNV denies all of the allegations.

88.     The allegation in the second sentence of Paragraph 88 is a legal contention to which no response is required. KPNV otherwise lacks knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 88 and, on that basis, denies them.

89.     The allegation in the second sentence of Paragraph 89 is a legal contention to which no response is required. KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in the first and third sentences of Paragraph 89 and, on that basis, denies them. To the extent a response is required and the remaining allegations in Paragraph 89 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and the remaining allegations in Paragraph 89 relate to KPNV, KPNV denies all of the allegations.

90.     The allegations in Paragraph 90 are legal contentions to which no response is required. To the extent a response is required and the allegations relate to other defendants, KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 90 and, on that basis, denies them. To the extent a response is required and the allegations relate to KPNV, KPNV denies all of the allegations in Paragraph 90.

91.     The allegations in Paragraph 91 are legal contentions to which no response is required. To the extent a response is required, KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 91 and, on that basis, denies them.

92.     The allegations in Paragraph 92 are legal contentions to which no response is required. To the extent a response is required, KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 92 and, on that basis, denies them.

93.     The allegations in Paragraph 93 are legal contentions to which no response is required. To the extent a response is required and the allegations in Paragraph 93 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 93 relate to other defendants KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 93 relate to KPNV, KPNV denies all of the allegations.

94.     The allegations in Paragraph 94 are legal contentions to which no response is required.  To the extent a response is required, KPNV denies all of the allegations in Paragraph 94.

95.     To the extent that the allegations in Paragraph 95 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 95 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 95 relate to KPNV, KPNV denies all of the allegations.

96.     The allegations in Paragraph 96 are not directed at KPNV and, therefore, no response is required.  To the extent a response is required, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and, on that basis, denies them.

97.     To the extent that the allegations in Paragraph 97 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 97 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 97 relate to KPNV, KPNV denies all of the allegations.

98.     To the extent that the allegations in Paragraph 98 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 98 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 98 concern KPNV, KPNV denies them.

99.     The allegations in Paragraph 99 are not directed at KPNV and, therefore, no

ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST AMENDED COMPLAINT

response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and, on that basis, denies them.

100.    To the extent that the allegations in Paragraph 100 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 100 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 100 relate to KPNV, KPNV denies them.

101.    The allegations in Paragraph 101 state legal contentions to which no response is required.  To the extent a response is required, KPNV denies all the allegations of Paragraph 101.

102.    To the extent that the allegations in Paragraph 102 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 102 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 102 relate to KPNV, KPNV denies all of the allegations.

103.    To the extent that the allegations in Paragraph 103 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 103 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 103 relate to KPNV, KPNV denies all of the allegations.

104.    To the extent that the allegations in Paragraph 104 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 104 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 104 relate to KPNV, KPNV denies all of the allegations.

105.    To the extent that the allegations in Paragraph 105 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 105 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

on that basis, denies them.  To the extent that the allegations in Paragraph 105 relate to KPNV, KPNV denies all of the allegations.

106.    To the extent that the allegations in Paragraph 106 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 106 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 106 relate to KPNV, KPNV denies all of the allegations.

107.    KPNV avers that the use of the term "Philips" in Paragraph 107 renders the Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 107 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 107 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 107 relate to KPNV, KPNV denies all of the allegations.

108.    To the extent that the allegations in Paragraph 108 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 108 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 108 relate to KPNV, KPNV denies all of the allegations.

109.    To the extent that the allegations in Paragraph 109 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 109 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 109 relate to KPNV, KPNV denies all of the allegations.

110.    To the extent that the allegations in Paragraph 110 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 110 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 110 relate to KPNV,

KPNV denies all of the allegations.

111.    To the extent that the allegations in Paragraph 111 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 111 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 111 relate to KPNV, KPNV denies all of the allegations.

112.    To the extent that the allegations in Paragraph 112 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 112 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 112 relate to KPNV, KPNV denies all of the allegations.

113.    To the extent that the allegations in Paragraph 113 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 113 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 113 relate to KPNV, KPNV denies all of the allegations.

114.    To the extent that the allegations in Paragraph 114 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 114 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 114 relate to KPNV, KPNV denies all of the allegations.

115.    To the extent that the allegations in Paragraph 115 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 115 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 115 and its subparts relate to KPNV, KPNV denies all of the allegations.

116.    To the extent that the allegations in Paragraph 116 state legal contentions, no

response is required.  To the extent that the allegations in Paragraph 116 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 116 relate to KPNV, KPNV denies all of the allegations.

117.    To the extent that the allegations in Paragraph 117 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 117 refer to public statements by government authorities, those statements speak from themselves and no response is required.  To the extent that the allegations in Paragraph 117 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 117 relate to KPNV, KPNV denies all of the allegations.

118.    To the extent that the allegations in Paragraph 118 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 118 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 118 relate to KPNV, KPNV denies all of the allegations.

119.    To the extent that the allegations in Paragraph 119 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 119 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 119 relate to KPNV, KPNV denies all of the allegations.

120.    To the extent that the allegations in Paragraph 120 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 120 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 120 relate to KPNV, KPNV denies all of the allegations.

121.    To the extent that the allegations in Paragraph 121 state legal contentions, no

response is required. With respect to the third sentence in Paragraph 121, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them. To the extent that the remaining allegations in Paragraph 121 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the remaining allegations in Paragraph 121 relate to KPNV, KPNV denies all of the allegations.

122.    To the extent that the allegations in Paragraph 122 state legal contentions, no response is required. To the extent that the allegations in Paragraph 122 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 122 relate to KPNV, KPNV denies all of the allegations.

123.    To the extent that the allegations in Paragraph 123 state legal contentions, no response is required. To the extent that the allegations in Paragraph 123 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 123 relate to KPNV, KPNV denies all of the allegations.

124.    The allegations in Paragraph 124 state legal contentions, no response is required. Additionally, the allegations in Paragraph 124 are not directed at KPNV and, therefore, no response is required. To the extent that the allegations in Paragraph 124 relate to KPNV, KPNV denies them. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and, on that basis, denies them.

125.    The allegations in Paragraph 125 state legal contentions, no response is required. Additionally, the allegations in Paragraph 125 are not directed at KPNV and, therefore, no response is required. To the extent that the allegations in Paragraph 125 relate to KPNV, KPNV denies them. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and, on that basis, denies them.

126.    The allegations in Paragraph 126 state legal contentions, no response is required.

Additionally, the allegations in Paragraph 126 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 126 relate to KPNV, KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and, on that basis, denies them.

127.    KPNV avers that the use of the term "Philips" in Paragraph 127 renders the Amended Complaint indefinite and uncertain as to KPNV.  The allegations in Paragraph 127 also state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 127 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 127 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and, on that basis, denies them.

128.    The allegations in Paragraph 128 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 128 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 128 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and, on that basis, denies them.

129.    KPNV avers that the use of the term "Philips" in Paragraph 129 renders the Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 129 state legal contentions, no response is required.  To the extent the allegations in Paragraph 129 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent the allegations in Paragraph 129 relate to KPNV, KPNV denies all of the allegations.  KPNV specifically denies that any employee of LP Displays or LG.Philips Displays previously attended any meeting described in this Paragraph on its behalf.

130.    The allegations in Paragraph 130 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 130 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 130 relate to KPNV,

ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST AMENDED COMPLAINT

KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and, on that basis, denies them.

131.    The allegations in Paragraph 131 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 131 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 131 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and, on that basis, denies them.

132.    The allegations in Paragraph 132 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 132 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 132 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and, on that basis, denies them.

133.    The allegations in Paragraph 133 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 133 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 133 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and, on that basis, denies them.

134.    KPNV avers that the use of the term "Philips" in Paragraph 134 renders the Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 134 state legal contentions, no response is required.   KPNV denies that it participated in, engaged in or was represented at any "Glass Meetings" or "bilateral discussions" at which agreements were reached on prices and supply levels for CRTs.  KPNV denies that it participated in any such "Glass meetings" or "bilateral discussions" after 2001 "through" LG.Philips Displays. To the extent that the allegations in Paragraph 134 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  In all other respects, KPNV denies the allegations in Paragraph 134.

135.    To the extent that the allegations in Paragraph 135 state legal contentions, no

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST AMENDED COMPLAINT

response is required.  To the extent that the allegations in Paragraph 135 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 135 relate to KPNV, KPNV denies them.

136.    The allegations in Paragraph 136 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 136 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 136 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and, on that basis, denies them.

137.    The allegations in Paragraph 137 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 137 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 137 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and, on that basis, denies them.

138.    The allegations in Paragraph 138 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 138 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 138 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, on that basis, denies them.

139.    The allegations in Paragraph 139 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 139 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 139 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and, on that basis, denies them.

140.    The allegations in Paragraph 140 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 140 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 140 relate to KPNV,

KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and, on that basis, denies them.

141.    The allegations in Paragraph 141 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 141 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 141 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and, on that basis, denies them.

142.    The allegations in Paragraph 142 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 142 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 142 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and, on that basis, denies them.

143.    The allegations in Paragraph 143 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 143 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 143 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, denies them.

144.    To the extent that the allegations in sentence one of Paragraph 144 are an explanation of terminology, no response is required.  To the extent that the allegations in Paragraph 144 state legal contentions, no response is required.  KPNV avers that Plaintiff's reference to "a corporate family or companies by a single name in its allegations of participation in the conspiracy" renders the Amended Complaint indefinite and uncertain.  To the extent that the remaining allegations in Paragraph 144 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the remaining allegations in Paragraph 144 relate to KPNV, KPNV denies all of the allegations.

145.    To the extent that allegations in Paragraph 145 state legal contentions, no response

is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and, on that basis, denies them.

146.    To the extent that the allegations in Paragraph 146 state legal contentions, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and, on that basis, denies them.

147.    To the extent that the allegations in Paragraph 147 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 147 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 147 relate to KPNV, KPNV denies all allegations.

148.    To the extent the allegations contained in Paragraph 148 refer to public filings by government authorities, those filings speak for themselves and no response is required.

149.    To the extent the allegations contained in Paragraph 149 refer to a public statement by another defendant, that statement speaks for itself and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, denies them.

150.    To the extent that the allegations in Paragraph 150 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 150 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 150 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 150 relate to KPNV, KPNV denies them.

151.    To the extent that the allegations contained in Paragraph 151 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and, on that basis, denies them.

152.    To the extent that the allegations contained in Paragraph 152 refer to public

statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and, on that basis, denies them.

153.    To the extent that the allegations contained in Paragraph 153 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and, on that basis, denies them.

154.    To the extent that the allegations contained in Paragraph 154 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, on that basis, denies them.

155.    To the extent that the allegations contained in Paragraph 155 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, on that basis, denies them.

156.    To the extent that the allegations in Paragraph 156 refer to public filings and statements by government authorities, those filings and statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 156 purport to quote a press release, that press release speaks for itself and no response is required.  KPNV denies any remaining allegations in Paragraph 156.

157.    To the extent that the allegations in the first sentence of Paragraph 157 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 157 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 157 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 157 have any relevance to the Amended Complaint or the purported acts or omissions

of KPNV.

158.    The allegations in Paragraph 158 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 158 have any relevance to the Amended Complaint or the purported acts or omissions of KPNV.

159.    To the extent the allegations contained in Paragraph 159 refer to public filings by government authorities, those filings speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 159 have any relevance to the Amended Complaint or the purported acts or omissions of KPNV.

160.    To the extent the allegations contained in Paragraph 160 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 160 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 160 have any relevance to the Amended Complaint or the purported acts or omissions of KPNV.

161.    To the extent the allegations contained in Paragraph 161 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 161 relate to the other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 161 have any relevance to the Amended Complaint or the purported acts or omissions of KPNV.

162.    To the extent that the allegations in Paragraph 162 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 162 refer to public statements there listed, those statements speak for themselves and no response is required.  KPNV

admits the existence of the trade associations Korea Display Conference, Korean Display Equipment Material Industry Association, and Electronic Display Industrial Research Association of Korea, but KPNV denies that such descriptions are accurate or complete.  To the extent that the allegations in Paragraph 162 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 162 relate to KPNV, KPNV denies them.

163.    The allegations in Paragraph 163 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and, on that basis, denies them.

164.    The allegations in Paragraph 164 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and, on that basis, denies them.

165.    To the extent that the allegations in Paragraph 165 state legal contentions, no response is required.  KPNV admits the existence of the Society for Information Display, but KPNV denies that such descriptions are accurate or complete.  To the extent that the allegations in Paragraph 165 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 165 relate to KPNV, KPNV denies all of the allegations.

166.    To the extent that the allegations in Paragraph 166 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 166 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 166 relate to KPNV, KPNV denies all of the allegations.

167.    To the extent that the allegations in Paragraph 167 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 167 and its subparts relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 167 and

its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 167 and its subparts relate to KPNV, KPNV denies all of the allegations.

168.    To the extent that the allegations in Paragraph 168 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 168 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 168 relate to KPNV, KPNV denies all of the allegations.

169.    The allegations in Paragraph 169 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 169 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 169 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 169 relate to KPNV, KPNV denies all of the allegations.

## V. ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT

170.    To the extent that the allegations in Paragraph 170 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 170 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 170 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 170 relate to KPNV, KPNV denies all of the allegations.

171.    To the extent that the allegations in Paragraph 171 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 171 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

denies them.  To the extent that the allegations in Paragraph 171 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 171 relate to KPNV, KPNV denies all of the allegations.

172.    To the extent that the allegations in Paragraph 172 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 172 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 172 relate to KPNV, KPNV denies all of the allegations.

173.    To the extent that the allegations in Paragraph 173 state legal contentions, no response is required.   KPNV otherwise denies all of the allegations in Paragraph 173.

174.    To the extent that the allegations in Paragraph 174 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 174 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 174 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 174 relate to KPNV, KPNV denies all of the allegations.

175.    To the extent that the allegations in Paragraph 175 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 175  relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 175 relate to KPNV, KPNV denies all of the allegations.

176.    To the extent that the allegations in Paragraph 176 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 176 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 176 relate to KPNV,

ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST AMENDED COMPLAINT

KPNV denies all of the allegations.

177.    To the extent that the allegations in Paragraph 177 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 177 are derived from or purport to quote an industry news article, that article speaks for itself and no response is required To the extent that the allegations in Paragraph 177 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and, on that basis, denies them.

178.    With regard to the first and second sentences of Paragraph 178, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  To the extent the third sentence of Paragraph 178 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 178 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 178 relate to KPNV, KPNV denies all of the allegations.

179.    With regard to the first and second sentences of Paragraph 179, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.  The allegations in the second and third sentences of Paragraph 179 state legal contentions, for which no response is required.  To the extent that the third sentence of Paragraph 179 requires a response, KPNV denies all of the allegations.

180.    KPNV avers that the use of the term "Philips" in Paragraph 180 renders the allegations indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 180 are derived from or purport to quote published statements made by a Deputy General Manager for an LG Electronics distributor, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 180 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 180 relate to KPNV, KPNV denies all of the allegations.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST AMENDED COMPLAINT

181.    The allegations in Paragraph 181 are not directed at KPNV and, therefore, no response is required.  To the extent that a response is required and the allegations relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 181 relate to KPNV, KPNV denies all of the allegations

182.    To the extent that the allegations in Paragraph 182 state legal contentions, no response is required.  To the extent that a response is required and the allegations in Paragraph 182 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 182 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 182 relate to KPNV, KPNV denies all of the allegations.

183.    The allegations in Paragraph 183 state legal contentions to which no response is required.  To the extent the allegations in Paragraph 183 require a response, KPNV denies them.

## VI.  AMERICAN PIPE, GOVERNMENT ACTION, AND CROSS-JURISDICTIONAL TOLLING

184.    To the extent that the allegations in the first sentence of Paragraph 184 refer to public filings by government authorities discussed in Paragraphs 158-72, those filings speak for themselves and no response is required.  The allegations in the second sentence of Paragraph 184 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 184 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 184 relate to KPNV, KPNV denies them.

185.    The allegations in Paragraph 185 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 185 require a response, KPNV denies all allegations.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST AMENDED COMPLAINT

186.     The allegations in Paragraph 186 state legal contentions to which no response is required.

## VII. ALLEGATIONS CONCERNING FIRST CAUSE OF ACTION

187.     KPNV repeats and incorporates by reference its responses to Paragraph 1 through 186 of the Amended Complaint with the same force and effect as if set forth herein at length.

188.     The allegations in Paragraph 188 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 188 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 188 relate to KPNV, KPNV denies all of the allegations.

189.     The allegations in Paragraph 189 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 189 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 189 relate to KPNV, KPNV denies all of the allegations.

190.     The allegations in Paragraph 190 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 190 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 190 relate to KPNV, KPNV denies all of the allegations.

191.     The allegations in Paragraph 191 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 191 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 191 relate to KPNV, KPNV denies all of the allegations.

192.     The allegations in Paragraph 192 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in

Paragraph 192 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 192 relate to KPNV, KPNV denies all of the allegations.

193.    The allegations in Paragraph 193 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 193 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 193 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 193 relate to KPNV, KPNV denies all of the allegations.

### VIII.   ALLEGATIONS CONCERNING SECOND CAUSE OF ACTION

194.    KPNV repeats and incorporates by reference its responses to Paragraph 1 through 193 of the Amended Complaint with the same force and effect as if set forth herein at length.

195.    The allegations in Paragraph 195 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 195 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 195 relate to KPNV, KPNV denies all of the allegations.

196.    The allegations in Paragraph 196 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 196 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 196 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 196 relate to KPNV, KPNV denies all of the allegations.

197.    The allegations in Paragraph 197 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 197 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 197 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 197 relate to KPNV, KPNV denies all of the allegations.

## IX. ALLEGATIONS CONCERNING THIRD CAUSE OF ACTION

198.    KPNV repeats and incorporates by reference its responses to Paragraph 1 through 197 of the Amended Complaint with the same force and effect as if set forth herein at length.

199.    The allegations in Paragraph 199 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 199 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 199 relate to KPNV, KPNV denies all of the allegations.

200.    The allegations in Paragraph 200 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 200 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 200 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 200 relate to KPNV, KPNV denies all of the allegations.

201.    The allegations in Paragraph 201 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 201 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a

belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 201 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 201 relate to KPNV, KPNV denies all of the allegations.

## X. ALLEGATIONS CONCERNING FOURTH CAUSE OF ACTION

202.    KPNV repeats and incorporates by reference its responses to Paragraph 1 through 202 of the Amended Complaint with the same force and effect as if set forth herein at length.

203.    The allegations in Paragraph 203 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 203 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 203 relate to KPNV, KPNV denies all of the allegations.

204.    The allegations in Paragraph 204 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 204 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 204 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 204 relate to KPNV, KPNV denies all of the allegations.

205.    The allegations in Paragraph 205 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 205 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 205 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the

extent that a response is required and the allegations in Paragraph 205 relate to KPNV, KPNV denies all of the allegations.

## XI. ALLEGATIONS CONCERNING FIFTH CAUSE OF ACTION

206.     KPNV repeats and incorporates by reference its responses to Paragraph 1 through 205 of the Amended Complaint with the same force and effect as if set forth herein at length.

207.     The allegations in Paragraph 207 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 207 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 207 relate to KPNV, KPNV denies all of the allegations.

208.     The allegations in Paragraph 208 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 208 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 208 relate to KPNV, KPNV denies all of the allegations.

209.     The allegations in Paragraph 209 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 209 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 209 relate to KPNV, KPNV denies all of the allegations.

210.     The allegations in Paragraph 210 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 210 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 210 relate to KPNV, KPNV denies all of the allegations.

211.     The allegations in Paragraph 211 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in

Paragraph 211 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 211 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 211 relate to KPNV, KPNV denies all of the allegations.

212.    The allegations in Paragraph 212 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 212 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 212 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 212 relate to KPNV, KPNV denies all of the allegations.

## XII. ALLEGATIONS CONCERNING SIXTH CAUSE OF ACTION

213.    KPNV repeats and incorporates by reference its responses to Paragraph 1 through 213 of the Amended Complaint with the same force and effect as if set forth herein at length.

214.    The allegations in Paragraph 214 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 214 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 214 relate to KPNV, KPNV denies all of the allegations.

215.    The allegations in Paragraph 215 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 215 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 215 relate to other defendants, KPNV lacks knowledge or

1   information sufficient to form a belief as to their truth and, on that basis, denies them.  To the

2   extent that a response is required and the allegations in Paragraph 215 relate to KPNV, KPNV

3   denies all of the allegations.

4         216.    The allegations in Paragraph 216 constitute legal contentions and/or conclusions to

5   which no response is required.  To the extent that a response is required and the allegations in

6   Paragraph 216 relate to Plaintiff, KPNV lacks knowledge or information sufficient to form a

7   belief as to their truth and, on that basis, denies them. To the extent that a response is required and

8   the allegations in Paragraph 216 relate to other defendants, KPNV lacks knowledge or

9   information sufficient to form a belief as to their truth and, on that basis, denies them.  To the

10   extent that a response is required and the allegations in Paragraph 216 relate to KPNV, KPNV

11   denies all of the allegations.

12   ### XIII. ALLEGATION CONCERNING JURY DEMAND

13         To the extent any response is required to Plaintiff's Jury Trial Demand, KPNV admits that

14   Plaintiff purports to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

15   ### XIV. ALLEGATION CONCERNING RELIEF

16         With respect to Plaintiff's allegations concerning prayer for relief, KPNV denies that

17   Plaintiff suffered any injury or incurred any damages by any act or omission of KPNV as alleged

18   in the Amended Complaint, and further denies that Plaintiff is entitled to any relief under any

19   theory by means of the allegations set forth in the Amended Complaint. All allegations of the

20   Amended Complaint not heretofore admitted or denied are here and now denied as though

21   specifically denied herein.

22   ### AFFIRMATIVE DEFENSES

23         Without assuming any burden it would not otherwise bear, KPNV asserts the following

24   additional and/or affirmative defenses to Plaintiff's Amended Complaint:

25   ### FIRST AFFIRMATIVE DEFENSE

26   **(Improper Forum/Arbitration)**

27   Plaintiff's claims against KPNV are barred because they are subject to the broad and

28

ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST
AMENDED COMPLAINT

mandatory arbitration agreement that Plaintiff imposed in its Vendor Agreement, which required

mandatory arbitration of "all claims and disputes . . . aris[ing] out of or relat[ing]" to the Vendor

Agreement.[2]

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Amended Complaint, and each of its claims for relief, fails to state sufficient facts

upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

The conduct alleged to provide a basis for the claims of Plaintiff did not have a direct,

substantial, and reasonably foreseeable effect on trade or commerce within the United States.

The Court, therefore, lacks subject matter jurisdiction of the claims of Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiff's claims for any foreign purchases, if any, should be dismissed to the extent that

they are barred, in whole or in part, because Plaintiff has failed to allege facts sufficient to support

a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## FIFTH AFFIRMATIVE DEFENSE

### (Vagueness of Claims)

Plaintiff's claims should be dismissed for uncertainty and vagueness and because its

claims are ambiguous and/or unintelligible.  KPNV avers that Plaintiff's claims do not describe

the events or legal theories with sufficient particularity to permit KPNV to ascertain what other

defenses may exist.  KPNV therefore reserves the right to amend its Answer to assert additional

defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of

more definitive facts upon the completion of its investigation and discovery.

---

[2] *See* the Philips' Defendants' Motion, in the Alternative to Dismissal, to Compel Arbitration and Supporting Memorandum, May 9, 2013, Dkt. 1668, at 3-4, and Declaration of Erik T. Koons in Support of Philips' Defendants' Motion, in the Alternative to Dismissal, to Compel Arbitration, May 9, 2013, Dkt. 1669,  at 2-3.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST
AMENDED COMPLAINT

1

**SIXTH AFFIRMATIVE DEFENSE**

2

**(Failure to Plead Conspiracy with Particularity)**

3

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in

4

part, because Plaintiff has failed to allege conspiracy with sufficient particularity.

5

**SEVENTH AFFIRMATIVE DEFENSE**

6

**(Statute of Limitations)**

7

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in

8

part, by the applicable statute(s) of limitations.

9

**EIGHTH AFFIRMATIVE DEFENSE**

10

**(Unilateral Action)**

11

Plaintiff's claims are barred, in whole or in part, because the actions or practices of KPNV

12

that are the subject of the Amended Complaint were undertaken unilaterally for legitimate

13

business reasons and in pursuit of KPNV's independent interests, and were not the product of any

14

contract, combination or conspiracy between KPNV and any other person or entity.

15

**NINTH AFFIRMATIVE DEFENSE**

16

**(Rule of Reason)**

17

Plaintiff's claims are barred, in whole or in part, because any acts or practices of KPNV

18

that are the subject of the Amended Complaint were adopted in furtherance of legitimate business

19

interests of KPNV and do not unreasonable restrain competition.

20

**TENTH AFFIRMATIVE DEFENSE**

21

**(Competition)**

22

Plaintiff's claims are barred, in whole or in part, because any acts or practices of KPNV

23

that are the subject of the Amended Complaint were cost justified or otherwise economically

24

justified and resulted from a good faith effort to meet competition or market conditions.

25

**ELEVENTH AFFIRMATIVE DEFENSE**

26

**(Non-actionable or Governmental Privilege)**

27

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of KPNV

28

ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST
AMENDED COMPLAINT

that is the subject of the Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Act of KPNV)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has not been injured in its business or property by reason of any action of KPNV.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Intervening Conduct)

Plaintiff's claims are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of KPNV and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (*Ultra Vires*)

To the extent that any actionable conduct occurred, Plaintiff's claims against KPNV are barred because all such conduct would have been committed by individuals acting *ultra vires*.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Damages Passed On)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Amended Complaint, which KPNV specifically denies, was passed on to persons or entities other than Plaintiff and/or was passed on by Plaintiff to other parties.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Withdrawal)

To the extent that any actionable conduct occurred for which KPNV is liable, some or all

of Plaintiff's claims against KPNV are barred because KPNV withdrew from and/or abandoned any alleged conspiracy prior to the commencement of the limitations period set forth in applicable statutes of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff failed to take all necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff would be unjustly enriched if it was allowed to recover any part of the damages alleged in the Amended Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Set Off)

Without admitting that Plaintiff is entitled to recover damages in this matter, KPNV is entitled to set off from any recovery Plaintiff may obtain against KPNV any amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Legal Acts)

Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiff's acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to KPNV.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (*Forum Non Conveniens*)

The Amended Complaint should be dismissed on the grounds of *forum non conveniens*.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's claims for injunctive relief should be dismissed because Plaintiff has available an adequate remedy at law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Due Process)

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Due Process clause of the Fifth Amendment of the United States Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Due Process)

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Due Process provision of the Fourteenth Amendment of the United States Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Equal Protection)

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States Constitution.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Double Jeopardy)

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Excessive Fines)

Plaintiff's claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights

guaranteed by the Excessive Fines provision of the Eighth Amendment of the United States Constitution.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Unconstitutional Multiplicity)

To the extent any recovery by Plaintiff would be duplicative of recovery by other plaintiffs and other lawsuits, subjecting KPNV to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (Foreign Sales)

Plaintiff's claims are barred, in whole or in part, because Plaintiff may not recover damages, if any, based on sales outside of the United States.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### (Comparative Fault)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Amended Complaint, the fact and extent of which KPNV specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than KPNV.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Failure To Plead Damages With Specificity)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to plead damages with specificity as required by the federal laws cited.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Injury or Damages Offset by Benefits Received)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiff received with respect to the challenged conduct.

1

## THIRTY-NINTH AFFIRMATIVE DEFENSE

2

### (Proportionality)

3     To the extent KPNV is found liable for damages, the fact and extent of which are

4 expressly denied by KPNV, those damages must be reduced in proportion to KPNV's degree of

5 fault.

6

## FORTIETH AFFIRMATIVE DEFENSE

7

### (Release)

8     The claims of one or more of the persons or entities Plaintiff purports to represent are

9 barred because they have been released.

10

## FORTY-FIRST AFFIRMATIVE DEFENSE

11

### (No 'Full Consideration' Damages)

12     Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to "full

13 consideration" damages.

14

## FORTY-SECOND AFFIRMATIVE DEFENSE

15

### (Other Defenses Incorporated by Reference)

16     KPNV adopts and incorporates by reference any and all other affirmative defenses

17 asserted or to be asserted by any other defendant in this proceeding to the extent that KPNV may

18 share in such affirmative defenses.

19

## FORTY-THIRD AFFIRMATIVE DEFENSE

20

### (Reservation of Rights to Assert Additional Defenses)

21     KPNV  has not knowingly or intentionally waived any applicable defenses and explicitly

22 reserves the right to assert and rely on such other applicable defenses as may become available or

23 apparent during discovery proceedings. KPNV further reserves the right to amend its Answer

24 and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable

25 during the course of subsequent discovery.

26

27

28

49

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST
AMENDED COMPLAINT

1        **WHEREFORE**, KPNV prays as follows:

2        1.      That Plaintiff takes nothing by way of the Amended Complaint and the Amended

3   Complaint be dismissed with prejudice;

4        2.      That judgment be entered in favor of KPNV and against Plaintiff on each and

5   every claim for relief set forth in the Complaint;

6        3.      That KPNV recover its costs of suit and attorneys' fees incurred herein; and

7        4.      That KPNV be granted such other and further relief as the Court deems just and

8   proper.

9

10

11  Dated: December 16, 2013                    Respectfully Submitted:

12

13                                     By: /s/ Jon V. Swenson_____
                                       Jon V. Swenson (SBN 233054)
14                                     BAKER BOTTS L.L.P.
                                       1001 Page Mill Road
15                                     Building One, Suite 200
                                       Palo Alto, CA 94304
16                                     Telephone: (650) 739-7500
                                       Facsimile: (650) 739-7699
17                                     Email: jon.swenson@bakerbotts.com

18
                                       BAKER BOTTS L.L.P.
19                                     John M. Taladay (*pro hac vice*)
                                       Joseph Ostoyich  (*pro hac vice*)
20                                     Erik T. Koons (*pro hac vice*)
                                       Charles M. Malaise (*pro hac vice*)
21                                     1299 Pennsylvania Avenue, N.W.
                                       Washington, D.C. 20004-2400
22                                     Telephone: (202) 639-7700
                                       Facsimile:  (202) 639-7890
23                                     Email: john.taladay@bakerbotts.com
                                       Email: joseph.ostoyich@bakerbotts.com
24                                     Email: erik.koons@bakerbotts.com
                                       Email: charles.malaise@bakerbotts.com
25

26

27                                     *Attorney for Defendant Koninklijke Philips N.V.*

28                                        50                          MDL 1917
    ANSWER OF KONINKLIJKE PHILIPS N.V. TO COSTCO WHOLESALE CORPORATION'S FIRST
                                AMENDED COMPLAINT