IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>ALL CASES | MDL No. 1917<br><br>Case No. C-07-5944-SC<br><br>ORDER APPOINTING SPECIAL <u>MASTER FOR DISCOVERY</u> |

    The Court has suggested the appointment of the Honorable Vaughn Walker (Ret.) as discovery master for this case per Federal Rule of Civil Procedure 53(a) and (b). The Court asked the parties to submit objections to or statements in support of this appointment. All parties consent. ECF Nos. 2204, 2205. The Court finds that consideration of fairness, the prevention of undue delay and the amount of judicial resources expended adjudicating discovery disputes in this case constitute "exceptional circumstances" which require the appointment of a special master to oversee discovery. See <u>Harmston v. City & Cnty. of S.F.</u>, No. 07-01186 SI, 2007 WL 3306526, *9 (N.D. Cal. Nov. 6, 2007); <u>Nat'l Ass'n of Radiation Survivors v. Turnage</u>, 115 F.R.D. 543, 560 (N.D.Cal. 1987).

IT IS HEREBY ORDERED that, pursuant to Federal Rule of Civil Procedure 53, Hon. Vaughn Walker (Ret.) is appointed as Special Master to supervise and preside over all discovery in this case. The Special Master has filed a declaration under 28 U.S.C. § 455 stating that there is no ground for disqualification.

1. Scope of Duties:  The Special Master shall adjudicate all pretrial discovery disputes in this case, including disputes arising during the course of depositions.  This Order shall apply to all cases currently pending in MDL No. 1917 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings").  This Order is binding on all parties and their counsel in all cases currently pending or subsequently made part of these proceedings and shall govern each case in the proceedings unless it explicitly states that it relates to specific cases.

2. Scope of Authority:  The Special Master shall have all the authority provided in Federal Rule of Civil Procedure 53(c), including, but not limited to, the authority to set the date, time, and place for all hearings determined by the Special Master to be necessary; to direct the issuance of subpoenas; to make rulings on objections or otherwise resolve disputes arising during the course of depositions; to preside over hearings (whether telephonic or in-person); to take evidence in connection with discovery disputes; to award fee allocations and non-contempt sanctions provided

by Federal Rules of Civil Procedure 37 and 45; and to recommend contempt sanctions. Any motion pursuant to Federal Rule of Civil Procedure 37 or Civil Local Rule 37-1 for sanctions for violations of the Special Master's orders shall be decided by the Special Master.

3. <u>Procedures for Briefing Submitted to Special Master</u>: The Special Master may resolve disputes presented orally, in person or by telephone, in a letter brief, or in formal motions. In the case of discovery disputes that are to be resolved by letter brief or written motions, all papers will be submitted directly to the Special Master by email with a courtesy copy by United States Mail or overnight courier, as directed by the Special Master. Briefing schedules will be determined by the Special Master.

4. <u>Meet and Confer Required</u>: In the event of a discovery dispute, the parties shall first meet and confer in good faith to attempt to resolve the dispute. In the event the parties are not able to reach an agreement, the dispute will be resolved by the Special Master. The Special Master shall devise procedures for the parties to follow in seeking his intervention.

5. <u>Preservation of Record</u>: Pursuant to Federal Rule of Civil Procedure 53(b)(2)(c), the Special Master shall maintain files consisting of all documents submitted by the parties and any written orders, findings, and/or recommendations. Any order issued by the Special Master shall be emailed to the parties. Such emailing shall fulfill the Special Master's duty to serve the order on the parties. In

1 addition, any order issued by the Special Master shall be
2 filed with the Court via Electronic Case Filing (ECF) in a
3 notice of ruling by the moving party.  Any records of the
4 Special Master's activities other than written orders,
5 findings, and/or recommendations shall be filed in
6 accordance with paragraph 6(a) of this Order.

7 6. Action on Special Master's Orders, Reports, or
8 Recommendations:
9 a. Pursuant to Federal Rule of Civil Procedure
10 53(b)(2)(D), the procedure described in paragraphs
11 6(b) and 6(c) herein shall govern any action on the
12 Special Master's orders, reports and/or
13 recommendations.
14 b. Time Limits for Review.  Any party wishing to file
15 objections to the Special Master's orders, reports
16 and/or recommendations must file such objection with
17 the Court within fourteen (14) days from the day the
18 Special Master's order, report and/or recommendation
19 is filed.  Review of the Special Master's orders will
20 be subject to the same procedures as review of orders
21 of a Magistrate Judge, except as otherwise provided
22 herein.  See Civ. L.R. 72-2.
23 c. Filing the Record for Review.  The party filing the
24 objection shall submit with such objection any record
25 necessary for the Court to review the Special Master's
26 order, report, and/or recommendation, including any
27 transcripts of proceedings before the Special Master
28 and any documents submitted by the parties in

      connection with the Special Master's order, report, and/or recommendation. Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion.

7. <u>Ex Parte Communications.</u> To facilitate the fulfillment of his duties under this Order, the Special Master may communicate ex parte to the Court to the extent that he deems necessary and appropriate. In addition, the Special Master may have ex parte communications with a party, but such communications shall be limited to administrative matters such as scheduling hearings, telephone calls or briefing, if such arrangements cannot be made in a timely manner by contacting the Special Master's administrative assistant.

8. <u>Compensation:</u> The Special Master's hourly fee shall be $800.00. The Special Master shall, in his discretion, allocate and assess the payment of his fees among the parties, including allocation of all of his fees to one party should he determine that the party has acted in bad faith. The parties shall pay the Special Master's fees within ten (10) calendar days of assessment, unless otherwise excused by the Special Master or the Court.

9. <u>Diligence:</u> Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence in performing these duties.

///

///

At their earliest discretion, all parties with pending discovery disputes shall contact the Special Master to discuss the execution of his duties in connection with this order.

For scheduling purposes, the parties are to call (605) 475-4350, using code 215 2442 #.

IT IS SO ORDERED.

Dated: December 17, 2013



UNITED STATES DISTRICT JUDGE