| | |
|---|---|
| BAKER BOTTS L.L.P.<br>Jon V. Swenson (SBN 233054)<br>1001 Page Mill Road<br>Building One, Suite 200<br>Palo Alto, CA 94304-1007<br>Telephone: (650) 739-7500<br>Facsimile:  (650) 739-7699<br>Email: jon.swenson@bakerbotts.com<br><br>BAKER BOTTS L.L.P.<br>John M. Taladay (*pro hac vice*)<br>Joseph Ostoyich  (*pro hac vice*)<br>Erik T. Koons (*pro hac vice*)<br>Charles M. Malaise (*pro hac vice*)<br>1299 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004-2400<br>Telephone: (202) 639-7700<br>Facsimile:  (202) 639-7890<br>Email: john.taladay@bakerbotts.com<br>Email: joseph.ostoyich@bakerbotts.com<br>Email: erik.koons@bakerbotts.com<br>Email: charles.malaise@bakerbotts.com<br><br>*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation* | |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>―――――――――――――――――<br><br>This Document Relates To Individual Case No. 12-cv-02649-SC<br><br>SCHULTZE AGENCY SERVICES, LLC on behalf of TWEETER OPCO, LLC and TWEETER NEWCO,<br><br>   Plaintiffs,<br><br>   vs.<br><br>HITACHI, LTD., et al.,<br><br>   Defendants. | Case No. 12-cv-02649<br><br>Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>**DEFENDANTS KONINKLIJKE PHILIPS N.V. AND PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF THEIR JOINDER IN THE TOSHIBA DEFENDANTS' MOTION TO DISMISS SCHULTZE AGENCY SERVICES, LLC'S FIRST AMENDED COMPLAINT**<br><br>Date:    December 20, 2013<br>Time:    10:00 a.m.<br>Before:  Hon. Samuel Conti |

MDL 1917

**DEFENDANTS KONINKLIJKE PHILIPS N.V. AND PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF THEIR JOINDER IN THE TOSHIBA DEFENDANTS' MOTION TO DISMISS SCHULTZE AGENCY SERVICES, LLC'S FIRST AMENDED COMPLAINT**

Defendants Koninklijke Philips N.V. ("KPNV") and Philips Electronics North America Corporation ("PENAC") (collectively the "Philips Defendants") submit this reply memorandum in support of their joinder in Toshiba's Motion to Dismiss the Schulze Agency Services, LLC's First Amended Complaint. The Philips Defendants adopt the arguments in Toshiba's reply memorandum in support of their motion to dismiss (Dkt. No. 2281, Dec. 20, 2013),[1] and file this reply to address arguments raised in Schulze Agency Services, LLC's ("Tweeter") opposition specific to the Philips Defendants' joinder.

**I. INTRODUCTION**

Tweeter's claim against the Philips Defendants under Section 9 of the Massachusetts Consumer Protection Act ("MCPA") must be dismissed for failure to comply with the mandatory demand letter requirements of ch. 93A. "An adequate demand letter is a jurisdictional prerequisite to any claim brought under ch. 93A by a consumer plaintiff." *Manning v. State Farm Ins. Co.*, 1997 Mass. App. Div. 184 (Dist. Ct. 1997). Tweeter failed to satisfy this "jurisdictional prerequisite." Although Tweeter now alleges it sent a demand letter on November 14, 2011 ("Original Demand Letter"), the Philips Defendants did not receive any such letter until August 23, 2013 (the "Supplemental Demand Letter")—nearly 22 months after the letter should have been sent. This Supplemental Demand Letter was not authorized by the Court and cannot cure Tweeter's prior failure to timely comply with the demand letter requirement.

**II. ARGUMENT**

    **A. The Original Demand Letter was Defective and Never Served**

Before bringing suit under ch. 93A, a plaintiff must mail the defendant a "written demand for relief." Mass. Gen. Laws ch. 93A, § 9(3). This notification must be furnished *no fewer* than thirty days prior to filing suit and received by the defendant to satisfy the statutory requirement. *Id.*; *Smith v. Jenkins*, 777 F. Supp. 2d 264, 267–68 (D. Mass. 2011) (dismissing ch. 93A claim where there was "no evidence that the demand letter was ever *received* by defendant") (emphasis

---

[1] *See* "The Toshiba Defendants' Reply Memorandum in Support of Their Motion to Dismiss Schultze Agency Services LLC's First Amended Complaint" filed on December 20, 2013.

1      MDL 1917

**DEFENDANTS KONINKLIJKE PHILIPS N.V. AND PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF THEIR JOINDER IN THE TOSHIBA DEFENDANTS' MOTION TO DISMISS SCHULTZE AGENCY SERVICES, LLC'S FIRST AMENDED COMPLAINT**

added). This "requirement is not merely a procedural nicety, but, rather, 'a prerequisite to suit.' Furthermore, 'as a special element' of the cause of action, [compliance with the notice requirement] must be alleged in the plaintiff's complaint." *Rodi v. S. New England Sch. Of Law*, 389 F.3d 5, 19 (1st Cir. 2004) (quoting *Entrialgo v. Twin City Dodge, Inc.,* 368 Mass. 812, 333 N.E.2d 202, 204 (1975)).

Tweeter's MCPA claim fails because the Philips Defendants never received the Original Demand Letter Tweeter alleges it sent on November 14, 2011. Opp. at 19. Since Tweeter asserts that the alleged conspiracy ended by November 25, 2007, the demand letter needed to be sent and the complaint filed by November 25, 2011. *See Schultze Agency Servs., LLC v. Hitachi, Ltd.*, No. 12-cv-02649 (N.D. Cal.) [Dkt. No. 1980] (Oct. 3, 2013) ("Am. Compl.") ¶ 238. But the first demand letter that either Philips Defendant received was the Supplemental Demand Letter on August 23, 2013—nearly 22 months after it was required.

Tweeter has previously asserted that it complied with the notice requirement and provided the Court with a series of Original Demand Letters purportedly mailed on November 11, 2011.[2] But Tweeter's prior purported notice was of no effect. Tweeter mailed these demand letters to an address in New York City ***with no zip code***.[3] The Philips Defendants never received these demand letters.

In its opposition here, Tweeter argues that it actually sent a demand letter with a complete and accurate address on November 11, 2011. Opp. at 19. Tweeter claims that a "mail merge feature of the document malfunctioned and eliminated portions of the zip code" only when it attempted to provide the letters to the Court. *Id.* at 19, fn. 11. Even if the Court entertained this late-breaking argument, it does not change the fact that the Philips Defendants never *received* the letter. Tweeter apparently did not serve the purported demand letter through registered mail or any other method of delivery with receipt confirmation and the Philips Defendants have no record of receiving any alleged demand. Critically, Tweeter "bears the burden of proving the timely

---

[2] *See* Exs. 18-21 to Direct Action Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss and For Judgment on the Pleadings as to Certain Direct Action Plaintiffs' Claims [Docket 1384-2].

[3] *See id.* The address for every Philips entity was: 1251 Avenue of the Americas, NY, NY ***0***.

2  MDL 1917

**DEFENDANTS KONINKLIJKE PHILIPS N.V. AND PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF THEIR JOINDER IN THE TOSHIBA DEFENDANTS' MOTION TO DISMISS SCHULTZE AGENCY SERVICES, LLC'S FIRST AMENDED COMPLAINT**

sending of a letter complying with the statutory specification." *Hugenberge v. Alpha Mgmt. Corp.*, 83 App. Ct. 910, 911, 990 N.E.2d 104, 106 (2013). "If no demand letter is sent or if [Tweeter] does not allege and *prove* it was sent, [its] action . . . pursuant to § 9 is barred." *Piscatelli v. Fitzgerald*, 2013 Mass. App. Div. 55, at *1 (Dist. Ct. 2013) (emphasis added).

Therefore, the "Original Demand Letters" attached to Tweeter's opposition are insignificant as Tweeter still fails to satisfy its burden to show that it sent these letters *and* that the Philips Defendants received them. *See Univ. Emergency Med. Found v. Rapier Inv., Ltd.*, 197 F.3d 18, 23 (1st Cir. 1999) (refusing to apply mailbox rule when party sent document "to the wrong address and there was no delivery [to the intended recipient]"). "Because there is no evidence the demand letters were ever *received* by the" Philips Defendants, Tweeter's November 14, 2011 complaint was defective as a matter of law. *Id*. (granting motion for judgment as matter of law where plaintiff did not satisfy burden to prove defendant actually received demand letter).

### B. The Supplemental Letter Does Not Cure Tweeter's Prior Failure

Tweeter argues that even if the original demand letter was defective, "any purported defect in the letter was cured on August 23, 2013, when Tweeter sent supplemental demand letters to the Defendants."[4] Opp. at 19. The Court, however, did not authorize this Supplemental Demand Letter and it cannot cure Tweeter's failure to timely comply with the demand letter requirement.

The Court's August 21, 2013 Order did not permit Tweeter to issue a "supplemental" demand letter to cure its failure to comply with ch. 93A's notice requirements. The Court held that the "complaints do not plead that any DAP bringing an MCPA claim sent notice, and the DAPs do not claim that they did."[5] The Court provided the DAPs leave to amend their *complaints* "to the extent that the DAPs claim that they can cure their pleading defect [and]

---

[4] The fact that Tweeter sent the Supplemental Demand Letter suggests that Tweeter knew its Original Demand Letter was defective.

[5] Order Adopting in Part and Modifying in Part Special Master's Report and Recommendation on Defendants' Motion to Dismiss The Direct Action Plaintiffs' Complaints at 35, *In re: CRT Antitrust Litig.*, No. 07-5944, at 26-27 (N.D. Cal. Aug. 21, 2013), ECF No. 1856 ("Aug. 21, 2013 Order").

3    MDL 1917

**DEFENDANTS KONINKLIJKE PHILIPS N.V. AND PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF THEIR JOINDER IN THE TOSHIBA DEFENDANTS' MOTION TO DISMISS SCHULTZE AGENCY SERVICES, LLC'S FIRST AMENDED COMPLAINT**

show that they followed the law."[6] Tweeter thus was only permitted to amend its complaint to plead the impossible—that it had complied with the demand requirement and timely delivered its demand letter to the Philips Defendants before filing the original complaint. It was not permitted to cure its jurisdictional defect by belatedly serving a demand letter.

Moreover, Tweeter's Supplemental Demand Letter does not cure its failure to deliver the original demand letter. Massachusetts courts have held that a plaintiff may file a demand letter *after* filing a complaint in two circumstances: (1) when a plaintiff makes a mistake in not first filing the demand letter before filing his complaint but promptly cures that mistake, or (2) when the original complaint does not allege a ch. 93A claim and the plaintiff later amends his complaint to include a ch. 93A claim, 30 days after he files the demand letter. *See Burns ex rel Office of Pub. Guardian v. Hale & Dorr LLP ("Burns")*, 445 F. Supp. 2d 94, 97 (D. Mass. 2006); *Tarpey v. Cresent Ridge Dairy, Inc.*, 47 Mass. App. Ct. 380, 391-391, 713 N.E.2d 975, 983 (1999).

Despite Tweeter's reliance on *Burns*, the circumstances it requires do not exist here. While Tweeter purports to have sent the Original Demand Letter on November 14, 2011, this letter was not received by the Philips Defendants. Nor does the Supplemental Demand Letter allege a new or different ch. 93A claim than the Original Demand Letter. Finally, Tweeter failed to promptly cure its failure to serve a demand letter, waiting until after the August 21, 2013 Order to correct its mistake—nearly 22 months after a demand letter was required. Since neither of the exceptions permitting a plaintiff to cure with a supplemental demand letter are present, Tweeter must rely on its Original (although never delivered) Demand Letter. As detailed above, the Original Demand Letter cannot save Tweeter's MCPA action from being dismissed as untimely.

### C. Tweeter Was Required to Send a Demand Letter to PENAC and KPNV

It is undisputed that Tweeter failed to comply with the requirement to send a demand letter to PENAC and KPNV, which warrants dismissal of Tweeter's MCPA claim against both defendants. "Plaintiffs are exempt from [the demand] requirement only if 'the prospective respondent does not maintain a place of business or does not keep assets within

---

[6] *Id.* at 27.

**DEFENDANTS KONINKLIJKE PHILIPS N.V. AND PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF THEIR JOINDER IN THE TOSHIBA DEFENDANTS' MOTION TO DISMISS SCHULTZE AGENCY SERVICES, LLC'S FIRST AMENDED COMPLAINT**

[Massachusetts].'" *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 359 (1st Cir. 2013) (quoting Mass. Gen. Laws ch. 93A, § 9(3)). Tweeter alleges that PENAC "maintains a place of business in Massachusetts," and thus Tweeter was required to serve a demand letter on PENAC. Am. Compl. ¶ 246. This obligation extends to KPNV—PENAC's parent corporation—due to Tweeter's allegation that the Philips Defendants should be treated as a collective unit in its complaint.[7] For example, Tweeter alleges that "[e]ach Defendant and co-conspirator that is a subsidiary of a foreign parent acts as the United States agent for CRTs and/or CRT Products made by its parent company." *Id.* ¶ 68. Tweeter also alleges that KPNV "dominated and controlled the finances, policies and affairs of" PENAC." *Id.* ¶ 44. Tweeter thus completely ignores corporate separateness and conflates KPNV and PENAC as a single entity. While the Philips Defendants disagree with this representation, Tweeter cannot allege that the Philips Defendants are one entity for purposes of establishing liability, but then treat them as distinct for purpose of the demand letter requirement. Therefore, Tweeter's obligation to send a demand letter to PENAC applies to KPNV as well.

**III. CONCLUSION**

For the foregoing reasons and those contained in Toshiba Defendants' motion to dismiss and reply memorandum, Tweeter's claims against KPNV and PENAC should be dismissed.

Dated: December 20, 2013

Respectfully Submitted:

By: /s/ Jon V. Swenson
Jon V. Swenson (SBN 233054)
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

---

[7] KPNV and PENAC dispute this contention, but the requirement of a demand letter, nonetheless, applies as a consequence of Tweeter's allegation.

| | |
|---|---|
| 1 | BAKER BOTTS L.L.P.<br>John M. Taladay (*pro hac vice*) |
| 2 | Erik T. Koons (*pro hac vice*)<br>Charles M. Malaise (*pro hac vice*) |
| 3 | 1299 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004-2400 |
| 4 | Telephone: (202) 639-7700<br>Facsimile: (202) 639-7890 |
| 5 | Email: john.taladay@bakerbotts.com<br>Email: erik.koons@bakerbotts.com<br>Email: charles.malaise@bakerbotts.com |
| 6 | |
| 7 | *Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation* |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**DEFENDANTS KONINKLIJKE PHILIPS N.V. AND PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF THEIR JOINDER IN THE TOSHIBA DEFENDANTS' MOTION TO DISMISS SCHULTZE AGENCY SERVICES, LLC'S FIRST AMENDED COMPLAINT**