BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Electrograph Systems, Inc. et at. v. Technicolor SA, et al.,* No. 13-cv-05724-SC;<br><br>*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727-SC;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726-SC<br><br>*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725-SC;<br><br>*Schultze Agency Services, LLC v. Technicolor* | Case No. 07-5944 SC<br>MDL No. 1917<br><br>**DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF CERTAIN DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

1 | *SA, et al.,* No. 13-cv-05668-SC
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

MDL 1917

DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF CERTAIN DIRECT ACTION PLAINTIFFS MOTION TO SEAL

I, Charles M. Malaise, hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, the "Philips Defendants"). I am a member of the bar of the District of Columbia and I am admitted to practice before this Court *pro hac vice.*

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order"). On December 20, 2013, Plaintiffs Electrograph Systems, Inc., Electrograph Technologies Corp. ("Electrograph"), Interbond Corporation of America ("BrandsMart"), Office Depot, Inc. ("Office Depot"), P.C. Richard & Son Long Island Corporation ("P.C. Richard"), MARTA Cooperative of America, Inc. ("MARTA"), ABC Appliance, Inc. ("ABC Warehouse"), and Schultze Agency Services ("Tweeter") (collectively, "DAP Plaintiffs") filed an Administrative Motion to Seal (Dkt. 2279), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), portions of the following documents that contain information from documents that the Philips Defendants have designated "Confidential" or "Highly Confidential:"

   a. Electrograph's First Amended Complaint;
   b. BrandsMart's First Amended Complaint;
   c. Office Depot's First Amended Complaint;
   d. P.C. Richard's MARTA's, and ABC Warehouse's First Amended Complaint; and
   e. Tweeter's First Amended Complaint.

4. The Philips Defendants have produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5. The documents and information quoted from, describe, or otherwise summarized in Paragraph 152 and its subparts, Paragraph 153 and its subparts, and Paragraph 239 and its subparts

of the Electrograph First Amended Complaint relies on documents designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because the documents contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' competitors and customers, and would put the Philips Defendants at a competitive disadvantage.

6.   The documents and information quoted from, describe, or otherwise summarized in Paragraph 137 and its subparts, Paragraph 138 and its subparts, and Paragraph 224 and its subparts of the BrandsMart First Amended Complaint relies on documents designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because the documents contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' competitors and customers, and would put the Philips Defendants at a competitive disadvantage.

7.   The documents and information quoted from, describe, or otherwise summarized in Paragraph 138 and its subparts, Paragraph 140 and its subparts, and Paragraph 227 and its subparts of the Office Depot First Amended Complaint relies on documents designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because the documents contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies (including customers

DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF CERTAIN DIRECT ACTION PLAINTIFFS MOTION TO SEAL

1 and vendors) that remain important to the Philips Defendants' competitive positions. Publicly
2 disclosing this sensitive information presents a risk of undermining the Philips Defendants'
3 relationships, would cause harm with respect to the Philips Defendants' competitors and customers,
4 and would put the Philips Defendants at a competitive disadvantage.

5     8. The documents and information quoted from, describe, or otherwise summarized in
6 Paragraph 142 and its subparts, Paragraph 144 and its subparts, and Paragraph 230 and its subparts
7 of the P.C. Richard, MARTA, and ABC Warehouse First Amended Complaint relies on documents
8 designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to
9 the Stipulated Protective Order because the documents contain confidential, nonpublic, and highly
10 sensitive business information about the Philips Defendants' sales practices, business and supply
11 agreements, and competitive positions. The documents describe relationships with companies
12 (including customers and vendors) that remain important to the Philips Defendants' competitive
13 positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips
14 Defendants' relationships, would cause harm with respect to the Philips Defendants' competitors and
15 customers, and would put the Philips Defendants at a competitive disadvantage.

16     9. The documents and information quoted from, describe, or otherwise summarized in
17 Paragraph 141 and its subparts, Paragraph 143 and its subparts, and Paragraph 229 and its subparts
18 of the Tweeter First Amended Complaint relies on documents designated by the Philips Defendants
19 as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order
20 because the documents contain confidential, nonpublic, and highly sensitive business information
21 about the Philips Defendants' sales practices, business and supply agreements, and competitive
22 positions. The documents describe relationships with companies (including customers and vendors)
23 that remain important to the Philips Defendants' competitive positions. Publicly disclosing this
24 sensitive information presents a risk of undermining the Philips Defendants' relationships, would
25 cause harm with respect to the Philips Defendants' competitors and customers, and would put the
26 Philips Defendants at a competitive disadvantage.

27
28

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 23, 2013 in Washington, D.C.


By: /s/ Charles M. Malaise
Charles M. Malaise

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*