JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL. No. 1917 |
| This Document Relates to:<br><br>*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724-SC;<br><br>*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727-SC;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726-SC;<br><br>*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725-SC; and<br><br>*Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668-SC | **DECLARATION OF JENNIFER M. STEWART IN SUPPORT OF CERTAIN DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)**<br><br>**[re Panasonic Documents]** |

- 1 -

I, Jennifer M. Stewart, declare as follows:

1. I am an attorney with Winston & Strawn LLP, counsel for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306). On December 20, 2013, direct action plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp. ("Electrograph"), Interbond Corporation of America ("BrandsMart"), Office Depot, Inc. ("Office Depot"), P.C. Richard & Son Long Island Corporation ("P.C. Richard"), MARTA Cooperative of America, Inc. ("MARTA"), ABC Appliance, Inc. ("ABC Warehouse"), and Schultze Agency Services, LLC ("Tweeter") (collectively, "Plaintiffs") filed an Administrative Motion to Seal (Dkt. 2279), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), portions of Plaintiffs' respective First Amended Complaints ("FACs") that contain information from documents or deposition testimony that the Panasonic Defendants have designated "Confidential" or "Highly Confidential."

3. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal certain documents and information quoted from, described, or otherwise summarized in the FACs that have been designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

4. The documents and information quoted from, described, or otherwise summarized in Paragraphs 153, 154, 156, 159, 238 and 239 of the Electrograph FAC consist of, cite to, or identify confidential, nonpublic, proprietary, and highly sensitive business information about the Panasonic Defendants' business practices, pricing practices, confidential business agreements and competitive

positions. The documents describe relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

5. The documents and information quoted from, described, or otherwise summarized in Paragraphs 138, 139, 141, 144, 223 and 224 of the BrandsMart FAC consist of, cite to, or identify confidential, nonpublic, proprietary, and highly sensitive business information about the Panasonic Defendants' business practices, pricing practices, confidential business agreements and competitive positions. The documents describe relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

6. The documents and information quoted from, described, or otherwise summarized in Paragraphs 140, 141, 143, 146, 226 and 227 of the Office Depot FAC consist of, cite to, or identify confidential, nonpublic, proprietary, and highly sensitive business information about the Panasonic Defendants' business practices, pricing practices, confidential business agreements and competitive positions. The documents describe relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

7. The documents and information quoted from, described, or otherwise summarized in Paragraphs 144, 145, 147, 150, 229 and 230 of the P.C. Richard, MARTA and ABC Warehouse FAC consist of, cite to, or identify confidential, nonpublic, proprietary, and highly sensitive business information about the Panasonic Defendants' business practices, pricing practices, confidential

business agreements and competitive positions. The documents describe relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

8. The documents and information quoted from, described, or otherwise summarized in Paragraphs 143, 144, 146, 149, 228 and 229 of the Tweeter FAC consist of, cite to, or identify confidential, nonpublic, proprietary, and highly sensitive business information about the Panasonic Defendants' business practices, pricing practices, confidential business agreements and competitive positions. The documents describe relationships with companies that remain important to the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

9. In addition, the Court recently granted a motion to seal several substantially similar paragraphs in a complaint filed by Sharp Electronics Corp. and Sharp Electronics Manufacturing Corp. *See* Order Regarding Administrative Motion to Seal Portions of Plaintiffs' First Amended Complaint (Dkt. No. 2211).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: December 24, 2013

By: /s/ *Jennifer M. Stewart*
JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@winston.com
ALDO A. BADINI (257086)
Email: abadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com

MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
JENNIFER M. STEWART (*pro hac vice*)
Email: jstewart@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

BAMBO OBARO (Bar No. 267683)
Email: bambo.obaro@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

DECL. OF JENNIFER M. STEWART I/S/O
CERTAIN DAPS' MOTION TO SEAL

Case No. 07-5944 SC
MDL NO. 1917