PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU, CHAOYANG DISTRICT
BEIJING 100020, PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(202) 223-7343

WRITER'S DIRECT FACSIMILE
(202) 223-7410

WRITER'S DIRECT E-MAIL ADDRESS
cbenson@paulweiss.com

PARTNERS RESIDENT IN WASHINGTON
DAVID J. BALL                MARK F. MENDELSOHN
CRAIG A. BENSON              ALEX YOUNG K. OH
PATRICK S. CAMPBELL          JOSEPH J. SIMONS
CHARLES E. DAVIDOW           ALEXANDRA M. WALSH
KENNETH A. GALLO             BETH A. WILKINSON
JEH C. JOHNSON

PARTNERS NOT RESIDENT IN WASHINGTON
MATTHEW W. ABBOTT*           MEREDITH J. KANE*
ALLAN J. ARFFA*              ROBERTA A. KAPLAN*
ROBERT A. ATKINS*            BRAD S. KARP*
JOHN F. BAUGHMAN*            JOHN C. KENNEDY*
LYNN B. BAYARD*              ALAN W. KORNBERG
DANIEL J. BELLER             DANIEL J. KRAMER*
MITCHELL L. BERG*            DAVID K. LAKHDHIR
MARK S. BERGMAN              STEPHEN P. LAMB*
BRUCE BIRENBOIM*             JOHN E. LANGE*
H. CHRISTOPHER BOEHNING*     DANIEL J. LEFFELL*
ANGELO BONVINO*              XIAOYU GREG LIU*
JAMES L. BROCHIN*            JEFFREY D. MARELL*
RICHARD J. BRONSTEIN*        MARCO V. MASOTTI*
DAVID W. BROWN*              EDWIN S. MAYNARD*
SUSANNA M. BUERGEL*          DAVID M. MAYO*
JESSICA S. CAREY*            ELIZABETH R. MCCOLM*
JEANETTE K. CHAN*            WILLIAM B. MICHAEL*
YVONNE Y. F. CHAN*           TOBY S. MYERSON*
LEWIS R. CLAYTON             CATHERINE NYARADY*
JAY COHEN                    JOHN J. O'NEIL
KELLEY A. CORNISH*           BRAD R. OKUN*
CHRISTOPHER J. CUMMINGS*     KELLEY D. PARKER*
DOUGLAS R. DAVIS*            MARC E. PERLMUTTER*
THOMAS V. DE LA BASTIDE III* VALERIE E. RADWANER*
ARIEL J. DECKELBAUM*         CARL L. REISNER*
ALICE BELISLE EATON*         WALTER G. RICCIARDI*
ANDREW J. EHRLICH*           WALTER RIEMAN*
GREGORY A. EZRING*           RICHARD A. ROSEN*
LESLIE GORDON FAGEN          ANDREW N. ROSENBERG*
MARC FALCONE*                JACQUELINE P. RUBIN*
ANDREW C. FINCH              RAPHAEL M. RUSSO*
BRAD J. FINKELSTEIN*         JEFFREY D. SAFERSTEIN*
ROBERTO FINZI                JEFFREY B. SAMUELS*
PETER E. FISCH*              DALE M. SARRO
ROBERT C. FLEDER*            TERRY E. SCHIMEK*
MARTIN FLUMENBAUM            KENNETH M. SCHNEIDER*
ANDREW J. FOLEY*             ROBERT B. SCHUMER*
HARRIS B. FREIDUS*           JAMES H. SCHWAB*
MANUEL S. FREY*              JOHN M. SCOTT*
ANDREW L. GAINES*            STEPHEN J. SHIMSHAK*
MICHAEL E. GERTZMAN*         DAVID R. SICULAR*
PAUL D. GINSBERG*            MOSES SILVERMAN*
ADAM M. GIVERTZ*             STEVEN SIMKIN*
SALVATORE GOGLIORMELLA*      MARILYN SOBEL*
ROBERT D. GOLDBAUM*          AUDRA J. SOLOWAY*
NEIL GOLDMAN*                TARUN M. STEWART*
ERIC S. GOLDSTEIN*           ERIC ALAN STONE*
ERIC GOODISON*               AIDAN SYNNOTT*
CHARLES H. GOOGE, JR.*       ROBYN F. TARNOFSKY*
ANDREW G. GORDON*            MONICA K. THURMOND*
UDI GROFMAN*                 DANIEL J. TOAL*
NICHOLAS GROOMBRIDGE*        LIZA M. VELAZQUEZ*
BRUCE A. GUTENPLAN*          MARIA T. VULLO*
GAINES GWATHMEY, III*        LAWRENCE G. WEE*
ALAN S. HALPERIN*            THEODORE V. WELLS, JR.
JUSTIN G. HAMILL*            STEVEN J. WILLIAMS*
CLAUDIA HAMMERMAN*           LAWRENCE I. WITDORCHIC*
GERARD E. HARPER             MARK B. WLAZLO*
BRIAN S. HERMANN*            JULIA T.M. WOOD
ROBERT M. HIRSH*             JORDAN E. YARETT*
MICHELE HIRSHMAN*            KAYE N. YOSHINO*
MICHAEL S. HONG*             TONG YU*
JOYCE S. HUANG*              TRACEY A. ZACCONE*
DAVID S. HUNTINGTON*         T. ROBERT ZOCHOWSKI, JR.*
LORETTA A. IPPOLITO*

*NOT AN ACTIVE MEMBER OF THE DC BAR

December 24, 2013

Via ECF and Electronic Mail

The Honorable Vaughn Walker
c/o Mr. Jay Weil
Federal Arbitration, Inc.
228 Hamilton Avenue, 3rd Floor
Palo Alto, California 94301
jay.weil@fedarb.com

In re Cathode Ray Tube (CRT) Antitrust Litigation, United States District Court, Northern District of California, Case No. 3:07-cv-05944, Related to 3:13-cv-1173

Dear Judge Walker:

        Sharp moved to compel Panasonic and Toshiba[1] to respond to two narrow and specific Interrogatories regarding meetings and communications with competitors in or about the United States. Panasonic and Toshiba do not dispute that they have not provided substantive responses to Sharp's Interrogatories and have merely referred Sharp

---

[1] "Panasonic" refers to Panasonic Corp. of North America, MT Picture Display Co., Ltd., and Panasonic Corporation. "Toshiba" refers to Toshiba Corporation, Toshiba America Electronic Components, Inc., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Vaughn Walker 2

to responses to earlier interrogatories seeking different information, which would necessitate Sharp's reviewing thousands of documents to determine which are responsive. Instead, they emphasize the non-controversial but irrelevant proposition that the Discovery Protocol in this multidistrict litigation requires the parties to coordinate and not duplicate discovery. That protocol, of course, was never intended to excuse defendants – or any party for that matter – from complying with the discovery obligations they would have in any case. Sharp respectfully requests that the Court grant its motion to compel.

Panasonic and Toshiba make two primary arguments: (1) they argue that the parties did not adequately meet and confer regarding this dispute, and (2) they state that their inadequate responses satisfy Rule 33 obligations. *See* Dkt. No. 2271 ("Pan. Opp."); Dkt. No. 2270 ("Toshiba Opp."). They are wrong on both arguments.[2]

### I. Sharp Adequately Conferred With Panasonic and Toshiba

The most central issue in this case is the extent to which information exchanges and price-fixing by defendants affected plaintiffs, like Sharp, in the United States. After Sharp opted out of the yet-uncertified direct purchaser class in March 2013, it reviewed the existing discovery record, and learned that defendants had never been asked to identify meetings and communications with competitors in or relating to the United States. They had only ever been asked much broader questions, seeking information on all communications with competitors. When Toshiba and Panasonic responded to those earlier discovery requests over a year ago, they identified thousands of communications, but disclaimed that many of the communications did not relate to the United States and that many were additionally made in the context of a supplier-customer relationship. The responses themselves did not clearly identify which communications were not about the U.S. or which were customer-supplier communications. Sharp thus served two narrow Interrogatories seeking to answer these questions.

Toshiba and Panasonic served their responses on October 24, 2013. Sharp immediately informed Toshiba and Panasonic that it considered their responses insufficient and so sought to meet and confer. Sharp conferred with Toshiba on October 30, 2013. Dkt. No. 2242, Declaration of Craig A. Benson ("Benson Decl."), Exh. L. Panasonic indicated that it could not confer to discuss their responses for another week. Benson Decl., Exh. O.

---

[2] Panasonic and Toshiba also argue that Sharp's filing of a letter brief is procedurally improper. (Pan. Opp. at 2 n.6; Toshiba Opp. at 2.) This argument was invalid when made but has since been determined conclusively by the Court's appointment of Judge Vaughn Walker as the Special Discovery Master and the Court's establishment of procedures for discovery disputes that require letter briefing before Judge Walker. (Dkt. No. 2272.)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Vaughn Walker                                                                                      3

Toshiba and Panasonic declined to respond substantively to the discovery request, arguing that it was Sharp's burden to excavate Toshiba's and Panasonic's earlier responses to the interrogatories served in 2010 by the direct purchaser plaintiff class ("DPP") to find what it needed.[3] They also suggested that Sharp was in as advantageous a position as they were to undertake such an exercise. Accordingly, in the meet and confers, Sharp sought to understand whether the burden on Sharp would be equal to the burden on Toshiba and Panasonic to identify the relevant meetings and communications. This included understanding whether Toshiba or Panasonic had done any work since they responded to the DPP interrogatories that would enable them to answer Sharp's Interrogatories without having to conduct an entirely independent review of underlying documents or meeting descriptions.

Neither Panasonic nor Toshiba explained how their burdens would be the same as or greater than Sharp's.[4] Sharp asked Toshiba to explain how or why Toshiba's burden would be the same as the burden on Sharp to review the information Toshiba identified in response to the DPP interrogatories and the mass of records Toshiba produced. Benson Decl., Exh. L at 2; Exh. N at 2. Toshiba did not answer Sharp's questions, instead again pointing Sharp to Toshiba's previous responses to the DPP interrogatories. Benson Decl., Exh. M at 2. Sharp asked the same questions of Panasonic. Benson Decl., Exh. O at 2. In its response, Panasonic also pointed Sharp to its responses to the DPP interrogatories, and stated that Sharp should be in at least as good a position as Panasonic to review those documents and identify answers to Sharp's Interrogatories. Benson Decl., Exh. P. Panasonic and Toshiba did not provide any additional support for their arguments or give any indication that they were willing to answer in any way other than to refer Sharp to their DPP interrogatory responses. After waiting three weeks for Panasonic and Toshiba to provide additional information, Sharp filed its motion to compel on December 3, in an attempt to resolve this dispute quickly while there is still time to incorporate responses into expert materials.

Sharp conferred in good faith with Panasonic and Toshiba. Benson Decl. ¶ 3. Those conferences did not resolve the parties' disputes (unlike they did for other defendants), and, faced with a looming deadline for completion of expert reports in January 2014, Sharp moved to compel after reaching an impasse. Federal Rule 37 requires nothing more.

---

[3] Other defendants also responded to Sharp's Interrogatories, and Sharp initiated meet-and-confer processes with each of them too. The other defendants provided specific responses to Sharp's Interrogatories, or explained why such information did not exist in their custody; only Panasonic and Toshiba refused to provide any specific answers, and only with Panasonic and Toshiba has Sharp reached an impasse.

[4] Panasonic and Toshiba argue that Sharp should have obtained DPP work product before receiving Panasonic's and Toshiba's Interrogatory responses. The DPP class, however, is under no obligation to share its work with Sharp, and, in any event, has not provided such information to Sharp upon Sharp's request.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Vaughn Walker                                                                                                                   4

## II. Panasonic's and Toshiba's Responses Are Inadequate

Panasonic and Toshiba acknowledge that significant effort is required to distill from their previous interrogatory responses the information that Sharp seeks. (Indeed, Panasonic describes responding to Sharp's Interrogatories as "terribly burdensome." Pan. Opp. at 3.) They argue that the effort should be Sharp's, not theirs, however, because there is a Discovery Protocol entered for purposes of the MDL (Dkt. No. 1128) that requires that defendants produce to the plaintiffs discovery previously produced in the MDL and that plaintiffs not duplicate interrogatories. Discovery Protocol ¶¶ XV.E, XV.F. The Discovery Protocol also specifically permits additional discovery by individual action plaintiffs like Sharp, so long as the propounding party shows good cause why the information is not contained in existing discovery, and the propounding party identifies what is sought as specifically as possible. *Id.* XV.F.

Sharp satisfied these requirements. Sharp has been very clear about what specifically it wants. When Toshiba and Panasonic identified thousands of (often foreign language) documents, meetings, and communications in response to the DPPs' earlier interrogatories, they noted very clearly in introductory paragraphs that their responses included "customer and supplier communications" and included geographies outside the U.S., Mexico, and Brazil. Benson Decl., Exh. C at 15, Exh. E (Second Supp. Resp. at 4). Their interrogatory responses did not identify which *are* about the U.S. and which are not merely customer communications. So Sharp asked for just this information. Sharp has also shown good cause. Even Toshiba and Panasonic maintain that it would take significant amounts of work and involve reviewing many thousands of documents for Sharp to learn what it needs to from their previous interrogatory responses.

The Discovery Protocol is a red herring here. That protocol was meant to avoid having multiple plaintiffs unduly burden defendants by all asking *for the same information*. That is not what is happening here. What matters most is what is sought, not who is seeking it. Certainly, the DPPs would have been within their rights to ask a follow-up narrow interrogatory seeking information specific to the United States and to non-customer communications, and would not have been prevented by the Discovery Protocol. Thus, Sharp's request for narrow information does not somehow become invalid merely because Sharp is one of many plaintiffs in an MDL.[5] The protocol was not meant to create an unequal burden on plaintiffs like Sharp by incentivizing defendants to produce a "mass of records" and then arguing that follow-up is prohibited because responsive information is already somewhere in the record. *Sadofsky v. Fiesta Prods., LLC*, 252 F.R.D. 143, 148 (E.D.N.Y. 2008).

Toshiba's and Panasonic's responses leave the ultimate question here unanswered: would it be easier for them to answer the Interrogatories than it would be for Sharp to review the information on its own to learn the answer? In some

---

[5] Sharp notes, in this regard, that all the other direct action plaintiffs have joined in this request and, consequently, this dispute. Dkt. No. 2266.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Vaughn Walker                                                                 5

circumstances, where the burden in responding to discovery is equal as between parties, a responding party can shift that burden to the propounding party.  But the burden in responding to a discovery request is not equal where the answer is either readily available to the producing party or ascertainable without much labor, or where the producing party would need to do the work itself anyhow to prepare its own case.  Mot. to Compel at 5-6.

Panasonic and Toshiba have not explained how the burden on Sharp to find the answers to its Interrogatories is the same as or less than it is for Panasonic and Toshiba.  To the contrary, Toshiba states that Sharp should be required to "review the entire discovery record" even though Toshiba has already devoted "numerous hours" to responding to previous discovery and undoubtedly has work product that would enable Toshiba to more quickly and easily make this determination than Sharp.  Toshiba Opp. at 5.[6]  Furthermore, Toshiba acknowledges that the list of documents it provided in its responses to the DPP interrogatories (in DPP interrogatory No. 4) do not correspond to the list of meetings and communications it provided in response to DPP interrogatory No. 5, which does not refer to documents.  Toshiba Opp. at 6; Benson Decl., Exh. C at 9-13, 16-63.  So if Sharp wants to know details about the communications and meetings Toshiba listed, it has to search through the millions of documents produced in this litigation.

Panasonic and Toshiba already have culled through their documents, spoken with custodians, worked with witnesses, and translated documents.  They should be able to respond to Sharp's narrower Interrogatories by researching the work they have already done.  Sharp cannot.  As it stands, Sharp must compare the vague information that has been provided to a record of millions of documents, many of which are in a foreign language.[7]

The authorities cited by Toshiba and Panasonic are inapposite.  Toshiba cited *Stoltenberg v. UNUM Life Ins. Co. of Am.*, No. 8:04CV288, 2005 WL 6934456 (D. Nev. Dec. 12, 2005), for the proposition that the "mere fact that an answer refers to other discovery is not, on that basis alone, non-responsive."  *Id.* at *5.  In *Stoltenberg*, the

---

[6] Toshiba suggests that Sharp asked for copies of its work product.  Toshiba Opp. at 8.  Sharp never sought work product.  Sharp merely wished to understand whether Toshiba had tools Toshiba could utilize (like coding or indexes) to respond to Sharp's interrogatories short of conducting a completely independent document review.

[7] Panasonic avers that foreign language translation should be no problem because "Sharp" is a Japanese company.  The Sharp Plaintiffs in this litigation are U.S. companies:  Sharp Electronics Corporation is based in New Jersey, and Sharp Electronics Manufacturing Company of America, Inc. is based in California.  In any event, the issue is not whether Sharp could have the thousands of documents Panasonic identified in its previous interrogatory response translated – it plainly can.  The issue is that if Panasonic has already translated these documents, the burden on them to review them and respond to Sharp's interrogatory is less than it is on Sharp.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Vaughn Walker        6

propounding party did not provide the court with either its previous interrogatory or the defendant's response to it, making it impossible for the court to determine whether the defendant's reference to its previous responses was sufficient. *Id.* at *5. Sharp has established far more here, showing specifically why Panasonic's and Toshiba's answers to previous discovery do not answer Sharp's Interrogatories. *McConnell v. PacifiCorp Inc.*, No. C 07-2382 WHA(JL), 2008 WL 3843003, at *3 (N.D. Cal. Aug. 15, 2008), supports Sharp's position that it is not permissible to merely refer to prior discovery responses "where the referral does not lead to enlightening information." And *Equal Rights Center v. Post Properties, Inc.*, 246 F.R.D. 29, 33 (D.D.C. 2007), is inapposite because in that case there was no concern that the propounding party could not determine which subset of previous discovery responses was responsive to its later interrogatory – unlike here where Sharp cannot determine which of Panasonic's and Toshiba's previous answers are responsive to Sharp's Interrogatories.

         The other authorities cited by Toshiba and Panasonic do not concern issues similar to this case. *Johnson v. Mission Support*, No. 2:08-CV-00877, 2013 WL 174433, at *3 (D. Utah Jan. 16, 2013), discussed the defendant's responses to document requests under Rule 34, not interrogatories, and also did not include any discussion of the propounding party not being able to determine which previously produced documents were responsive to its request. *Richlin v. Sigma Design W., Ltd.*, 88 F.R.D. 634, 636 (E.D. Cal. 1980), deals with interrogatories that were served after parties had already been deposed for several days, and the interrogatories were, by the defendant's own admission, largely duplicative of the deposition questions. In *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49 (D.N.J. 1985), the court struck interrogatories that were "so similar that they would adduce identical information." *Id.* at 56. Here, clearly Sharp is not seeking "identical information" to what it already has; if it were, Toshiba and Panasonic would presumably have just said so.

         Very truly yours,

         */s/ Craig A. Benson*

         Craig A. Benson

cc: All Counsel (via ECF)