Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944 SC<br>MDL No. 1917 |
| This Document Relates to<br>Case No. C 13-1173 SC (N.D. Cal.)<br><br>SHARP ELECTRONICS CORPORATION;<br>SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HITACHI, LTD.; *et al.*,<br><br>Defendants. | **DECLARATION OF DANA E. FOSTER IN SUPPORT OF SHARP'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(d)** |

I, Dana E. Foster, hereby declare as follows:

1. I am an attorney with the law firm of White & Case LLP, attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Electronic Components, Inc. ("TAEC"), and Toshiba America Information Systems, Inc. (collectively, the "Toshiba Defendants"). I make this declaration in support of Sharp's Administrative Motion to File Under Seal Pursuant to Civil Local Rule 79-5(d) (Dkt. No. 2289) (the "Motion to Seal").

2. Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order").

4. The Toshiba Defendants have produced in this action certain documents and information designated as "Confidential" pursuant to the Stipulated Protective Order.

5. On December 23, 2013, Sharp filed the Motion to Seal, and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), Sharp's Opposition to Thomson S.A.'s Motion to Dismiss Sharp's First Amended Complaint ("Opposition").

6. On December 23, 2013, Sharp filed the Declaration of Craig A. Benson in support of the Motion to Seal (the "Benson Decl.") (Dkt. No. 2289-1), which states that the redacted portions of the Opposition refer to, or contain excerpts from, documents that Defendants have designated as "Confidential" under the Stipulated Protective Order.

7. Pursuant to Civil Local Rules 7-11 and 79-5, and the Stipulated Protective Order, the following redacted portions of the Opposition, should be maintained under seal:

    a. The numerous redacted paragraphs on page 9 of the Opposition that refer to, or contain excerpts from, documents that TAEC has designated either "Confidential" or "Highly Confidential"; and

b. The redacted portion of page 21 of the Opposition that quotes from documents that TAEC has designated either "Confidential" or "Highly Confidential."

8. Each of the documents referenced in Paragraph 7 consist of, quote from, and/or contain confidential, non-public, proprietary and highly sensitive business information. The documents contain confidential, non-public information about the Toshiba Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies — including customers and vendors — that remain important to the Toshiba Defendants' competitive positions. Upon information and belief, publicly disclosing this sensitive information presents a risk of undermining the Toshiba Defendants' relationships, would cause harm with respect to the Toshiba Defendants' competitors and customers, and would put the Toshiba Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of December, 2013, in Washington, D.C.

_____
Dana E. Foster

# CERTIFICATE OF SERVICE

On December 30, 2013, I caused a copy of "DECLARATION OF DANA E. FOSTER IN SUPPORT OF SHARP'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(d)" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

_____
Dana E. Foster