SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com
              tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944-SC |
| | MDL No. 1917 |
| | (Individual Case No. 3:11-cv-06397-SC) |
| This Document Relates to: 3:11-cv-06397-SC | **SAMSUNG SDI DEFENDANTS' ANSWER TO COSTCO WHOLESALE CORPORATION'S FIRST AMENDED COMPLAINT** |
| COSTCO WHOLESALE CORPORATION, | |
| Plaintiff, | |
| v. | |
| HITACHI, LTD., et al. | |
| Defendants. | |

1    Defendants Samsung SDI America, Inc. ("SDIA"), Samsung SDI Co., Ltd.

2   ("SDI Co."), Samsung SDI (Malaysia) Sdn Bhd. ("SDI Malaysia"), Samsung SDI Mexico

3   S.A. de C.V. ("SDI Mexico"), Samsung SDI Brasil Ltda. ("SDI Brasil"), Shenzhen

4   Samsung SDI Co. Ltd. ("SDI Shenzhen"), and Tianjin Samsung SDI Co., Ltd. ("SDI

5   Tianjin") (collectively "SDI" or the "Samsung SDI Defendants"), by and through their

6   undersigned counsel of record, answer Plaintiff Costco Wholesale Corporation's

7   ("Plaintiff" or "Costco") First Amended Complaint (the "Complaint") and allege

8   additional or affirmative defenses as follows.  SDI denies each and every allegation in the

9   Complaint's section headings and in all portions of the Complaint not contained in

10  numbered paragraphs.  To the extent that the Complaint's allegations concern persons

11  and/or entities other than SDI, SDI denies that such allegations support any claim for relief

12  against SDI.

13    SDI responds to the Complaint in accordance with the former Special

14  Master's Report And Recommendations Regarding Defendants' Motions To Dismiss

15  Direct Action Complaints (Dkt. No. 1664); the Court's Order Adopting In Part And

16  Modifying In Part Special Master's Report And Recommendation On Defendants' Motion

17  To Dismiss The Direct Action Complaints (Dkt. No. 1856); related orders dismissing

18  certain parties; and the Court's Stipulation and Order Regarding Dismissal of Costco's

19  State-Law Claims Against Samsung SDI (Dkt. No. 2262).  As a result of those orders, the

20  Court dismissed, *inter alia*: (a) plaintiffs' claims under the Massachusetts Consumer

21  Protection Act, with leave to amend; (b) plaintiffs' claims under the Washington

22  Consumer Protection Act; (c) plaintiffs' claims under California's laws for restitution and

23  unjust enrichment; (d) plaintiffs' claims under the law of New York based on pre-

24  December 3, 1998 purchases; (e) plaintiffs' claims under claims the Nevada Unfair Trade

25  Practices Act based on pre-October 1, 1999 purchases; (f) Plaintiff's claims against SDI

26  under the California Cartwright Act; (g) Plaintiff's claims against SDI under the Arizona

27  Antitrust Act; (h) Plaintiff's claims against SDI under the Florida Deceptive and Unfair

28  Trade Practices Act; and (i) Plaintiff's claims against SDI under the Illinois Antitrust Act.

-1-

# I.      Introductory Allegations.

1.      To the extent that the allegations of Paragraph 1 are definitional, SDI avers that no response is required.  To the extent that a response is required and to the extent that the allegations of Paragraph 1 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required as to matters relating to SDI, SDI denies all of the allegations of Paragraph 1 and all inferences arising therefrom.  Subject to the foregoing, SDI acknowledges that Plaintiff in the Complaint purports to refer to cathode ray tubes as "CRTs" and purports to refer to the period from at least March 1, 1995 through at least November 25, 2007 as the "Relevant Period," although SDI disputes the propriety of such definitions and any inferences arising therefrom.  SDI specifically denies that the conspiracy, which SDI denies the existence of, extended from March 1, 1995 through November 25, 2007.

2.      To the extent that the allegations of Paragraph 2 are definitional, SDI avers that no response is required.  To the extent that a response is required and to the extent that the allegations of Paragraph 2 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required as to matters relating to SDI, SDI denies all of the allegations of Paragraph 2 and all inferences arising therefrom.  Subject to the foregoing, SDI acknowledges that Plaintiff in the Complaint purports to refer to (i) color picture tubes as "CPTs," (ii) color display tubes as "CDTs," (iii) CPTs of all sizes and the products containing them collectively as "CPT Products," (iv) CDTs of all sizes and the products containing them collectively as "CDT Products," and (v) CDT Products and CPT Products collectively as "CRT Products," although SDI disputes the propriety of such definitions and any inferences arising therefrom.  SDI specifically denies that it manufactured any electronic devices containing CPTs or CDTs.

3.      SDI avers that the allegations of Paragraph 3 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless

-2-

denies all of the allegations of Paragraph 3 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 3 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

4.     SDI avers that the allegations of Paragraph 4 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 4 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 4 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

5.     SDI avers that the allegations of Paragraph 5 and its subparts constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 5 and its subparts to the extent they purport to pertain to SDI.  SDI further denies all factual allegations of this Paragraph to the extent such allegations pertain to SDI.  Further, to the extent that the allegations of Paragraph 5 and its subparts relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

6.     SDI avers that the allegations of Paragraph 6 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 6 to the extent they purport to pertain to SDI. SDI further denies all factual allegations of this Paragraph to the extent such allegations pertain to SDI.  Further, to the extent that the allegations of Paragraph 6 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

7.     SDI avers that the allegations of Paragraph 7 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 7 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 7 relate to other defendants, SDI

-3-

1  lacks knowledge or information sufficient to form a belief as to their truth, and therefore

2  denies them.

3            8.       With the exception of matters specifically admitted herein as follows,

4  SDI lacks knowledge or information sufficient to form a belief as to the truth of the

5  allegations in Paragraph 8, and therefore denies them.  SDI admits that the United States

6  Department of Justice ("DOJ") and foreign competition authorities have announced

7  investigations relating to the cathode ray tubes industry.  SDI admits on information and

8  belief that C.Y. Lin, the former Chairman and CEO of Defendant Chunghwa Picture

9  Tubes, Ltd., was indicted by a federal grand jury in connection with the DOJ's

10  investigation of the cathode ray tubes industry, the terms of which are matters of public

11  record.  SDI further admits on information and belief that five other individuals have been

12  indicted in connection with the DOJ's investigation of the color display tubes industry.

13            9.       SDI avers that the allegations of Paragraph 9 constitute legal

14  contentions and/or conclusions to which no response is required, but SDI nonetheless

15  denies all of the allegations of Paragraph 9 to the extent they purport to pertain to SDI.

16  Further, to the extent that the allegations of Paragraph 9 relate to other defendants, SDI

17  lacks knowledge or information sufficient to form a belief as to their truth, and therefore

18  denies them.

19            10.      To the extent that the allegations of Paragraph 10 constitute legal

20  contentions and/or conclusions, SDI avers that no response is required.  To the extent a

21  response is required, SDI denies all of the allegations of Paragraph 10 to the extent they

22  purport to pertain to SDI.  To the extent that the allegations of Paragraph 10 relate to other

23  defendants, plaintiff, or other persons, SDI lacks knowledge or information sufficient to

24  form a belief as to their truth, and therefore denies them.

25  **II.      Allegations Concerning the Parties.**

26            11.      SDI lacks knowledge or information sufficient to form a belief as to

27  the truth of the allegations of Paragraph 11, and therefore denies them.

28

12. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore denies them.

13. SDI denies the allegations in the first sentence of Paragraph 13. SDI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13, and therefore denies them.

14. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and therefore denies them.

15. SDI denies each and every allegation of Paragraph 15.

16. To the extent that the allegations of Paragraph 16 constitute legal contentions and/or conclusions, SDI avers that no response is required. To the extent a response is required, SDI denies all of the allegations of Paragraph 16 to the extent they purport to pertain to SDI. To the extent that the allegations of Paragraph 16 relate to other defendants, plaintiff, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

17. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and therefore denies them.

18. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and therefore denies them.

19. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore denies them.

20. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore denies them.

21. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore denies them.

22. SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies them.

23. SDI avers that the allegations of Paragraph 23 are definitional, to which no response is required. Nevertheless, SDI admits that Plaintiff purports to refer to

-5-

Hitachi Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., Shenzhen SEG Hitachi Color Display Devices, Ltd., and Hitachi Electronic Devices (USA) collectively in the Complaint as "Hitachi."

24.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies them.

25.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and therefore denies them.

26.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and therefore denies them.

27.     SDI avers that the allegations of Paragraph 27 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to Irico Group Corporation, Irico Group Electronics Co., Ltd., and Irico Display Devices Co., Ltd. collectively in the Complaint as "Irico."

28.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and therefore denies them.

29.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and therefore denies them.

30.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and therefore denies them.

31.     SDI avers that the allegations of Paragraph 31 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd. collectively in the Complaint as "LG Electronics."

32.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and therefore denies them.

33.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and therefore denies them.

34.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and therefore denies them.

35.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and therefore denies them.

36.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and therefore denies them.

37.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and therefore denies them.

38.     SDI avers that the allegations of Paragraph 38 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to Kononlijke Philips Electronics N.V. a/k/a Royal Philips Electronics, Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., and Philips da Amazonia Industria Electronica Ltda. collectively in the Complaint as "Philips."

39.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and therefore denies them.

40.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and therefore denies them.

41.     SDI denies all of the allegations of paragraph 41, with the exception of matters specifically admitted herein.  SDI admits that SDI Co. is a publicly traded South Korean company, but denies that its principal place of business is 575 Shin-dong, Youngtong-gu, Suwon, South Korea.  SDI specifically denies that Samsung Electronics Co., Ltd. ("SEC") dominated or controlled SDI Co.  SDI avers that SDI Co. and SEC are independent, separately owned, publicly traded corporations, and demands strict proof to the contrary.

42.     SDI denies each and every allegation of Paragraph 42.

43.     SDI denies all of the allegations of Paragraph 43, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Mexico is a wholly-owned subsidiary of Samsung SDI.  SDI further denies that SEC

-7-

SAMSUNG SDI DEFENDANTS' ANSWER TO
COSTCO'S FIRST AMENDED COMPLAINT

dominated and controlled Samsung SDI Mexico.   SDI admits that SDI Mexico is a Mexican company with its principal place of business located at Blvd. Los Olivos, No. 21014, Parque Industrial El Florido, Tijuana, B.C. Mexico.

44.    SDI denies all of the allegations of Paragraph 44, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Brazil is a wholly-owned subsidiary of Samsung SDI.  SDI further denies that SEC dominated and controlled SDI Brazil.  SDI admits that SDI Brasil is a Brazilian company with its principal place of business located at Av. Eixo Norte Sul, S/N, Distrito Industrial, 69088-480 Manaus, Amazonas, Brazil.

45.    SDI denies all of the allegations of Paragraph 45, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Shenzhen is a wholly-owned subsidiary of Samsung SDI.  SDI further denies that SEC dominated and controlled SDI Shenzhen. SDI admits that SDI Shenzhen is a Chinese company with its principal place of business located at Huanggang Bei Lu, Futian Gu, Shenzhen, China.

46.    SDI denies all of the allegations of Paragraph 46, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Tianjin is a wholly-owned subsidiary of Samsung SDI.  SDI further denies that SEC dominated and controlled Samsung SDI Tianjin.  SDI admits that SDI Tianjin is a Chinese company with its principal place of business located at Developing Zone of Yi-Xian Park, Wuqing County, Tianjin, China.

47.    SDI denies all of the allegations of Paragraph 47, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Malaysia is a wholly-owned subsidiary of Samsung SDI.  SDI further denies that SEC dominated and controlled SDI Malaysia.  SDI admits that SDI Malaysia is a Malaysian company with its principal place of business at Lots 635 & 660, Kawasan Perindustrian, Tuanku Jafaar, 71450 Sungai Gadut, Negeri Sembilan Darul Khusus, Malaysia.

-8-

48.     SDI avers that the allegations of Paragraph 48 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to SEC, Samsung Electronics America, Inc., SDI Co., SDIA, SDI Mexico, SDI Brasil, SDI Shenzhen, SDI Tianjin, and SDI Malaysia collectively in the Complaint as "Samsung," although SDI disputes the propriety of such reference and any inferences that may be drawn therefrom.

49.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and therefore denies them.

50.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and therefore denies them.

51.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and therefore denies them.

52.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52, and therefore denies them.

53.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and therefore denies them.

54.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and therefore denies them.

55.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and therefore denies them.

56.     SDI avers that the allegations of Paragraph 56 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc. collectively in the Complaint as "Toshiba."

57.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and therefore denies them.

58.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58, and therefore denies them.

59.     SDI avers that, to the extent the allegations of Paragraph 59 are definitional, no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. collectively in the Complaint as "Chunghwa."

60.     To the extent that the allegations of Paragraph 60 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 60 relate to SDI, SDI denies all of those allegations.

61.     To the extent that the allegations of Paragraph 61 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 61 relate to SDI, SDI denies all of those allegations.

62.     SDI denies each and every allegation of Paragraph 62.

63.     To the extent that the allegations of Paragraph 63 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 63 relate to SDI, SDI denies all of those allegations.

64.     To the extent that the allegations of Paragraph 64 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 64 relate to SDI, SDI denies all of those allegations.

III.    **Allegations Concerning Jurisdiction and Venue**

65.     SDI admits that Plaintiff purports to invoke the cited statutory provisions, but otherwise denies the allegations of Paragraph 65.

66.     SDI avers that the allegations of Paragraph 66 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a

-10-

1   response is required, and to the extent that allegations of Paragraph 66 relate to SDI, SDI

2   denies all of the allegations of Paragraph 66. To the extent that the allegations of

3   Paragraph 66 relate to other defendants, SDI lacks knowledge or information sufficient to

4   form a belief as to the truth of those allegations, and therefore denies them.

5           67.     SDI avers that the allegations of Paragraph 67 concerning venue

6   constitute legal contentions and/or conclusions to which no response is required. To the

7   extent that a response is required, and to the extent that allegations of Paragraph 67 relate

8   to SDI, SDI denies all of the allegations of Paragraph 67. To the extent that the allegations

9   of Paragraph 67 relate to other defendants, SDI lacks knowledge or information sufficient

10  to form a belief as to the truth of those allegations, and therefore denies them.

11          68.     SDI avers that the allegations of Paragraph 68 constitute legal

12  contentions and/or conclusions to which no response is required. To the extent that a

13  response is required, and to the extent that allegations of Paragraph 68 relate to SDI, SDI

14  denies all of the allegations of Paragraph 68. To the extent that the allegations of

15  Paragraph 68 relate to other defendants, SDI lacks knowledge or information sufficient to

16  form a belief as to the truth of those allegations, and therefore denies them.

17          69.     To the extent that the allegations of Paragraph 69 constitute legal

18  contentions and/or conclusions, SDI avers that no response is required. To the extent a

19  response is required, SDI denies all of the allegations of Paragraph 69 with the exception

20  of matters specifically admitted herein as follows. SDI admits that certain lawsuits have

21  been coordinated for pretrial purposes in *In re Cathode Ray Tube (CRT) Antitrust*

22  *Litigation*, MDL No. 1917, in the Northern District of California.

23  **IV.    Allegations Concerning Purported Facts and Background**

24          70.     To the extent that the allegations of Paragraph 70 are definitional, SDI

25  avers that no response is required. To the extent a response is required, SDI lacks

26  knowledge or information sufficient to form a belief as to the truth of the allegations of

27  Paragraph 70, and therefore denies them.

28

-11-

1      71.      SDI lacks knowledge or information sufficient to form a belief as to
2  the truth of the allegations of Paragraph 71, and therefore denies them.

3      72.      To the extent that the allegations of Paragraph 72 are definitional, SDI
4  avers that no response is required.  To the extent a response is required, SDI lacks
5  knowledge or information sufficient to form a belief as to the truth of the allegations of
6  Paragraph 72, and therefore denies them.

7      73.      SDI lacks knowledge or information sufficient to form a belief as to
8  the truth of the allegations of Paragraph 73, and therefore denies them.

9      74.      To the extent that the allegations of Paragraph 74 are definitional, SDI
10  avers that no response is required.  To the extent a response is required, SDI lacks
11  knowledge or information sufficient to form a belief as to the truth of the allegations of
12  Paragraph 74, and therefore denies them, with the exception of matters specifically
13  admitted herein as follows.  SDI admits that CRTs can be subdivided into CDTs and CPTs.
14  SDI further admits that CPTs are used primarily in televisions and related devices and that
15  CDTs are primarily used in computer monitors and similar devices.

16      75.      SDI lacks knowledge or information sufficient to form a belief as to
17  the truth of the allegations of Paragraph 75, and therefore denies them.

18      76.      SDI lacks knowledge or information sufficient to form a belief as to
19  the truth of the allegations of Paragraph 76, and therefore denies them.

20      77.      SDI avers that the allegations of Paragraph 77 constitute legal
21  contentions and/or conclusions to which no response is required, but SDI nonetheless
22  denies all of the allegations of Paragraph 77.

23      78.      SDI lacks knowledge or information sufficient to form a belief as to
24  the truth of the allegations of Paragraph 78, and therefore denies them.

25      79.      To the extent that the allegations of Paragraph 79 relate to other
26  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,
27  and therefore denies them.  To the extent that the allegations of Paragraph 79 relate to SDI,
28  SDI denies all of those allegations.

-12-

80.     To the extent that the allegations of Paragraph 80 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 80 relate to SDI, SDI denies all of those allegations.

81.     To the extent that the allegations of Paragraph 81 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 81 relate to SDI, SDI denies all of those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that, during at least portions of the alleged period, SDI Co. was a member of EDIRAK (the Electronic Display Industrial Research Association of Korea) and KODEMIA (the Korean Display Equipment Material Industry Association).  SDI specifically denies that such trade associations furthered or are in any way connected with the "conspiracy" alleged in Paragraph 81 of Complaint.

82.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82, and therefore denies them.

83.     To the extent that the allegations of Paragraph 83 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 83 relate to SDI, SDI denies all of those allegations.

84.     To the extent that the allegations of Paragraph 84 and its subparts relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 84 and its subparts relate to SDI, SDI denies all of those allegations.

85.     To the extent that the allegations of Paragraph 85 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 85 relate to SDI, SDI denies all of those allegations.

-13-

86.     To the extent that the allegations of Paragraph 86 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 86 relate to SDI, SDI denies all of those allegations.

87.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87, and therefore denies them.

88.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88, and therefore denies them.

89.     To the extent that the allegations of Paragraph 89 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 89 relate to SDI, SDI denies all of those allegations.

90.     To the extent that the allegations of Paragraph 90 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 90 relate to SDI, SDI denies all of those allegations.

91.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91, and therefore denies them.

92.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92, and therefore denies them.

93.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93, and therefore denies them.

94.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94, and therefore denies them.

95.     To the extent that the allegations of Paragraph 95 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 95 relate to SDI, SDI denies all of those allegations.

-14-

96.    To the extent that the allegations of Paragraph 96 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 96 relate to SDI, SDI denies all of those allegations.

97.    To the extent that the allegations of Paragraph 97 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 97 relate to SDI, SDI denies all of those allegations.

98.    To the extent that the allegations of Paragraph 98 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 98 relate to SDI, SDI denies all of those allegations.

99.    To the extent that the allegations of Paragraph 99 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 99 relate to SDI, SDI denies all of those allegations.

100.    To the extent that the allegations of Paragraph 100 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 100 relate to SDI, SDI denies all of those allegations.

101.    SDI denies each and every allegation of Paragraph 101.

102.    To the extent that the allegations of Paragraph 102 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 102 relate to SDI, SDI denies all of those allegations.

103.    To the extent that the allegations of Paragraph 103 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 103

-15-

1  relate to SDI, SDI denies all of those allegations.

2      104.   To the extent that the allegations of Paragraph 104 relate to other

3  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 104

5  relate to SDI, SDI denies all of those allegations.

6      105.   To the extent that the allegations of Paragraph 105 relate to other

7  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 105

9  relate to SDI, SDI denies all of those allegations.

10      106.   To the extent that the allegations of Paragraph 106 relate to other

11  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 106

13  relate to SDI, SDI denies all of those allegations.

14      107.   To the extent that the allegations of Paragraph 107 relate to other

15  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 107

17  relate to SDI, SDI denies all of those allegations.

18      108.   To the extent that the allegations of Paragraph 108 relate to other

19  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 108

21  relate to SDI, SDI denies all of those allegations.

22      109.   To the extent that the allegations of Paragraph 109 relate to other

23  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 109

25  relate to SDI, SDI denies all of those allegations.

26      110.   To the extent that the allegations of Paragraph 110 relate to other

27  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 110

-16-

1   relate to SDI, SDI denies all of those allegations.

2         111.   To the extent that the allegations of Paragraph 111 relate to other

3   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 111

5   relate to SDI, SDI denies all of those allegations.

6         112.   To the extent that the allegations of Paragraph 112 relate to other

7   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 112

9   relate to SDI, SDI denies all of those allegations.

10        113.   To the extent that the allegations of Paragraph 113 relate to other

11  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 113

13  relate to SDI, SDI denies all of those allegations.

14        114.   To the extent that the allegations of Paragraph 114 relate to other

15  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 114

17  relate to SDI, SDI denies all of those allegations.

18        115.   To the extent that the allegations of Paragraph 115 and its subparts

19  relate to other defendants or entities, SDI lacks knowledge or information sufficient to

20  form a belief as to their truth, and therefore denies them.  To the extent that the allegations

21  of Paragraph 115 and its subparts relate to SDI, SDI denies all of those allegations.

22        116.   To the extent that the allegations of Paragraph 116 and its subparts

23  relate to other defendants or entities, SDI lacks knowledge or information sufficient to

24  form a belief as to their truth, and therefore denies them.  To the extent that the allegations

25  of Paragraph 116 and its subparts relate to SDI, SDI denies all of those allegations.

26        117.   To the extent that the allegations of Paragraph 117 relate to other

27  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 117

-17-

1   relate to SDI, SDI denies all of those allegations.

2       118.    To the extent that the allegations of Paragraph 118 relate to other

3   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 118

5   relate to SDI, SDI denies all of those allegations.

6       119.    To the extent that the allegations of Paragraph 119 relate to other

7   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 119

9   relate to SDI, SDI denies all of those allegations.

10      120.    To the extent that the allegations of Paragraph 120 relate to other

11  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 120

13  relate to SDI, SDI denies all of those allegations.

14      121.    To the extent that the allegations of Paragraph 121 relate to other

15  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 121

17  relate to SDI, SDI denies all of those allegations.

18      122.    To the extent that the allegations of Paragraph 122 relate to other

19  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 122

21  relate to SDI, SDI denies all of those allegations.

22      123.    To the extent that the allegations of Paragraph 123 relate to other

23  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 123

25  relate to SDI, SDI denies all of those allegations.

26      124.    To the extent that the allegations of Paragraph 124 relate to other

27  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 124

-18-

1    relate to SDI, SDI denies all of those allegations.

2        125.    To the extent that the allegations of Paragraph 125 relate to other

3    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 125

5    relate to SDI, SDI denies all of those allegations.

6        126.    To the extent that the allegations of Paragraph 126 relate to other

7    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 126

9    relate to SDI, SDI denies all of those allegations.

10       127.    To the extent that the allegations of Paragraph 127 relate to other

11   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 127

13   relate to SDI, SDI denies all of those allegations.

14       128.    To the extent that the allegations of Paragraph 128 relate to other

15   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 128

17   relate to SDI, SDI denies all of those allegations.

18       129.    To the extent that the allegations of Paragraph 129 relate to other

19   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 129

21   relate to SDI, SDI denies all of those allegations.

22       130.    To the extent that the allegations of Paragraph 130 relate to other

23   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 130

25   relate to SDI, SDI denies all of those allegations.

26       131.    To the extent that the allegations of Paragraph 131 relate to other

27   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 131

-19-

1   relate to SDI, SDI denies all of those allegations.

2   132.   To the extent that the allegations of Paragraph 132 relate to other

3   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 132

5   relate to SDI, SDI denies all of those allegations.

6   133.   To the extent that the allegations of Paragraph 133 relate to other

7   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 133

9   relate to SDI, SDI denies all of those allegations.

10   134.   To the extent that the allegations of Paragraph 134 relate to other

11   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 134

13   relate to SDI, SDI denies all of those allegations.

14   135.   To the extent that the allegations of Paragraph 135 relate to other

15   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 135

17   relate to SDI, SDI denies all of those allegations.

18   136.   To the extent that the allegations of Paragraph 136 relate to other

19   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 136

21   relate to SDI, SDI denies all of those allegations.

22   137.   To the extent that the allegations of Paragraph 137 relate to other

23   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 137

25   relate to SDI, SDI denies all of those allegations.

26   138.   To the extent that the allegations of Paragraph 138 relate to other

27   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 138

relate to SDI, SDI denies all of those allegations.

139.    To the extent that the allegations of Paragraph 139 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 139 relate to SDI, SDI denies all of those allegations.

140.    To the extent that the allegations of Paragraph 140 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 140 relate to SDI, SDI denies all of those allegations.

141.    To the extent that the allegations of Paragraph 141 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 141 relate to SDI, SDI denies all of those allegations.

142.    To the extent that the allegations of Paragraph 142 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 142 relate to SDI, SDI denies all of those allegations.

143.    To the extent that the allegations of Paragraph 143 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 143 relate to SDI, SDI denies all of those allegations.

144.    SDI denies each and every allegation of Paragraph 144.

145.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145, and therefore denies them, with the exception of matters specifically admitted herein as follows.  SDI admits that cathode ray tubes can be used in certain television and computer monitor products.

146.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146, and therefore denies them.

-21-

1    147.   SDI denies each and every allegation of Paragraph 147.

2    148.   With the exception of matters specifically admitted herein as follows,

3  SDI lacks knowledge or information sufficient to form a belief as to the truth of the

4  allegations in Paragraph 148, and therefore denies them.  SDI admits that antitrust

5  authorities in Europe, Japan, and South Korea have announced investigations relating to

6  the cathode ray tubes industry.

7    149.   SDI lacks knowledge or information sufficient to form a belief as to

8  the truth of the allegations of Paragraph 149, and therefore denies them.  With respect to

9  the report purportedly quoted from in Paragraph 149, SDI refers Plaintiffs to the referenced

10  report for a description of its content.

11    150.   To the extent that the allegations of Paragraph 150 relate to other

12  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

13  and therefore denies them.  To the extent that the allegations of Paragraph 150 relate to

14  SDI, SDI denies all of those allegations, with the exception of matters specifically

15  admitted herein as follows.  SDI admits that, in or about May 2008, the Hungarian

16  Competition Authority ("HCA") announced its own investigation of the cathode ray tubes

17  industry.  With respect to the HCA announcement purportedly quoted from in Paragraph

18  150, SDI refers Plaintiffs to the referenced document for a description of its content.

19    151.   With the exception of matters specifically admitted on information

20  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

21  belief as to the truth of the allegations in Paragraph 151, and therefore denies them.  SDI

22  admits on information and belief that C.Y. Lin, the former Chairman and CEO of

23  Defendant Chunghwa Picture Tubes, Ltd., was indicted by a federal grand jury in

24  connection with the DOJ's investigation of the cathode ray tubes industry, the terms of

25  which are matters of public record.  With respect to the press release purportedly quoted

26  from in Paragraph 151, SDI refers Plaintiffs to the referenced document for a description

27  of its content.

28

SAMSUNG SDI DEFENDANTS' ANSWER TO
COSTCO'S FIRST AMENDED COMPLAINT

152.     With the exception of matters specifically admitted on information and belief herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152, and therefore denies them.  SDI admits on information and belief that Wu Jen Cheng, formerly of Chunghwa Picture Tubes, Ltd., was indicted by a federal grand jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms of which are matters of public record.  With respect to the press release purportedly characterized in Paragraph 152, SDI refers Plaintiffs to the referenced document for a description of its content.

153.     With the exception of matters specifically admitted on information and belief herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153, and therefore denies them.  SDI admits on information and belief that Chung Cheng Yeh was indicted by a federal grand jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms of which are matters of public record.  With respect to the press release purportedly quoted from in Paragraph 153, SDI refers Plaintiffs to the referenced document for a description of its content.

154.     With the exception of matters specifically admitted on information and belief herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154, and therefore denies them.  SDI admits on information and belief that Seung-Kyu Lee, Yeong-Ug Yang and Jae-Sik Kim were indicted by a federal grand jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms of which are matters of public record.  With respect to the press release purportedly quoted from in Paragraph 154, SDI refers Plaintiffs to the referenced document for a description of its content.

155.     With the exception of matters specifically admitted on information and belief herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155, and therefore denies them.  SDI admits that DOJ issued a press release on or about March 18, 2011 announcing SDI Co.'s

-23-

agreement to plead guilty.  SDI refers Plaintiffs to the referenced press release for a description of its content.  SDI admits that SDI Co. entered into an amended plea agreement with the United States related to an investigation of the cathode ray tubes industry, the terms of which are matters of public record.

156.    With the exception of matters specifically admitted herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 156, and therefore denies them.  SDI admits that the European Commission has announced fines relating to its investigation into the Cathode Ray Tubes industry, and details regarding that announcement are matters of public record.  SDI admits that the European Commission fined SDI Co. in connection with its investigation.  With respect to the document purportedly described in Paragraph 156, SDI refers Plaintiff to the referenced document for a description of its specific contents.

157.    To the extent that the allegations of Paragraph 157 relate to SDI, SDI denies all of those allegations.  To the extent that the allegations of Paragraph 157 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them, with the exception of matters specifically admitted herein as follows.  SDI admits on information and belief that SEC entered into a plea agreement with the United States related to an investigation of dynamic random access memory, the terms of which are matters of public record.

158.    To the extent that the allegations of Paragraph 158 relate to SDI, SDI denies all of those allegations.  To the extent that the allegations of Paragraph 158 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

159.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and therefore denies them.

160.    With the exception of matters specifically admitted on information and belief herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160, and therefore denies them.  SDI

-24-

1  admits on information and belief that LG Display Co., Ltd., Sharp Corporation, and

2  Chunghwa Picture Tubes, Ltd. entered into plea agreements with the DOJ related to an

3  investigation of the TFT-LCD industry, the terms of which are matters of public record.

4        161.   With the exception of matters specifically admitted on information

5  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

6  belief as to the truth of the allegations in Paragraph 161, and therefore denies them.  SDI

7  admits on information and belief that Hitachi, Ltd. entered into a plea agreement with the

8  DOJ related to an investigation of the TFT-LCD industry, the terms of which are matters

9  of public record.

10        162.   To the extent that the allegations of Paragraph 162 relate to other

11  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 162

13  relate to SDI, SDI denies all of those allegations, with the exception of matters specifically

14  admitted herein as follows.  SDI admits that, during at least portions of the alleged period,

15  SDI Co. attended the Korea Display Conference.  SDI specifically denies that such trade

16  associations furthered or are in any way connected with the "collusive activities" alleged in

17  Paragraph 162 of Complaint.

18        163.   To the extent that the allegations of Paragraph 163 relate to other

19  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 163

21  relate to SDI, SDI denies all of those allegations, with the exception of matters specifically

22  admitted herein as follows.  SDI admits that, during at least portions of the alleged period,

23  SDI Co. attended the Korea Display Conference.  SDI further admits that, during at least

24  portions of the alleged period, SDI Co. was a member of KODEMIA and EDIRAK.

25        164.   To the extent that the allegations of Paragraph 164 relate to other

26  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

27  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 164

28  relate to SDI, SDI denies all of those allegations, with the exception of matters specifically

admitted herein as follows.  SDI admits that, during at least portions of the alleged period, H.K. Chung, Woo Jong Lee, Bae Choel-Han, Jung Ho-Gyun and H.C. Kim attended the Korea Display Conference.

165.    To the extent that the allegations of Paragraph 165 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 165 relate to SDI, SDI denies all of those allegations.

166.    To the extent that the allegations of Paragraph 166 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 166 relate to SDI, SDI denies all of those allegations.

167.    To the extent that the allegations of Paragraph 167 and its subparts relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 167 and its subparts relate to SDI, SDI denies all of those allegations.

168.    SDI denies each and every allegation of Paragraph 168.

169.    SDI denies each and every allegation of Paragraph 169.

**V.    Allegations Concerning Supposed Fraudulent Concealment.**

170.    SDI denies each and every allegation of Paragraph 170.

171.    SDI denies each and every allegation of Paragraph 171.

172.    To the extent that the allegations of Paragraph 172 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 172 relate to SDI, SDI denies all of those allegations.

173.    SDI denies each and every allegation of Paragraph 173.

174.    SDI denies each and every allegation of Paragraph 174.

175.    To the extent that the allegations of Paragraph 175 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

-26-

1  and therefore denies them.  To the extent that the allegations of Paragraph 175 relate to

2  SDI, SDI denies all of those allegations.

3       176.  To the extent that the allegations of Paragraph 176 relate to other

4  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

5  and therefore denies them.  To the extent that the allegations of Paragraph 176 relate to

6  SDI, SDI denies all of those allegations.

7       177.  SDI denies the allegations in the last sentence of Paragraph 177.  SDI

8  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

9  allegations of Paragraph 177, and therefore denies them.  With respect to the article

10  purportedly quoted from in Paragraph 177, SDI refers Plaintiff to the referenced report for

11  a description of its content.

12       178.  SDI denies the allegations in the last sentence of Paragraph 178. SDI

13  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

14  allegations of Paragraph 178, and therefore denies them.

15       179.  SDI denies the allegations in the last sentence of Paragraph 179. SDI

16  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

17  allegations of Paragraph 179, and therefore denies them.

18       180.  To the extent that the allegations of Paragraph 180 relate to other

19  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

20  and therefore denies them.  To the extent that the allegations of Paragraph 180 relate to

21  SDI, SDI denies all of those allegations.

22       181.  SDI lacks knowledge or information sufficient to form a belief as to

23  the truth of the allegations of Paragraph 181, and therefore denies them.

24       182.  To the extent that the allegations of Paragraph 182 relate to other

25  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

26  and therefore denies them.  To the extent that the allegations of Paragraph 182 relate to

27  SDI, SDI denies all of those allegations.

28       183.  SDI denies each and every allegation of Paragraph 183.

**VI.     Allegations Concerning Purported American Pipe, Government Action, and Cross-Jurisdictional Tolling.**

184.    SDI repeats and incorporates by reference its responses to Paragraphs 158 to 172 of the Complaint with the same force and effect as if set forth herein at length. SDI avers that the allegations of Paragraph 184 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, SDI denies the allegations of the second sentence of Paragraph 184.  To the extent a response is required, and to the extent the first sentence of Paragraph 184 relates to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent a response is required, and to the extent the first sentence of Paragraph 184 relates to SDI, SDI denies those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an amended plea agreement with the United States related to an investigation of the cathode ray tubes industry, the terms of which are a matter of public record.

185.    SDI avers that the allegations of Paragraph 185 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, SDI denies all of the allegations of Paragraph 185.

186.    SDI avers that the allegations of Paragraph 186 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 186, and therefore denies them.

**VII.    Allegations Concerning Claim for Violations**

**First Cause of Action**

**(Alleged Violation of Section 1 of the Sherman Act)**

187.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 173 of the Complaint with the same force and effect as if set forth herein at length.

SMRH:413657997.2
MDL No. 1917; Case No. 3:11-cv-06397-SC

SAMSUNG SDI DEFENDANTS' ANSWER TO
COSTCO'S FIRST AMENDED COMPLAINT

188.    SDI avers that the allegations of Paragraph 188 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

189.    SDI denies each and every allegation of Paragraph 189.

190.    SDI denies each and every allegation of Paragraph 190.

191.    SDI denies each and every allegation of Paragraph 191.

192.    SDI denies each and every allegation of Paragraph 192, including its subparts.

193.    SDI denies each and every allegation of Paragraph 193.

## Second Cause of Action

## (Alleged Violation of the California Cartwright Act)

194.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 180 of the Complaint with the same force and effect as if set forth herein at length.

195.    SDI avers that the allegations of Paragraph 195 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.  Further, as a result of the Court's Stipulation and Order Regarding Dismissal of Costco's State-Law Claims Against Samsung SDI (Dkt. No. 2262), Plaintiff's claims against SDI under the California Cartwright Act have been dismissed.

196.    SDI avers that the allegations of Paragraph 196 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

197.    To the extent that the allegations of Paragraph 197 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 197 relate to SDI, SDI denies all of those allegations.

**Third Cause of Action**

**(Alleged Violation of the Washington Consumer Protection Act)**

198.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 184 of the Complaint with the same force and effect as if set forth herein at length.

199.    SDI avers that the allegations of Paragraph 199 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.  Further, as a result of the Court's Order Adopting In Part And Modifying In Part Special Master's Report And Recommendation On Defendants' Motion To Dismiss The Direct Action Complaints (Dkt. No. 1856), Plaintiff's claims under the Washington Consumer Protection Act have been dismissed.

200.    SDI avers that the allegations of Paragraph 200 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

201.    To the extent that the allegations of Paragraph 201 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 201 relate to SDI, SDI denies all of those allegations.

**Fourth Cause of Action**

**(Alleged Violation of Arizona Antitrust Act)**

202.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 188 of the Complaint with the same force and effect as if set forth herein at length.

203.    SDI avers that the allegations of Paragraph 203 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.  Further, as a result of the Court's Stipulation and Order Regarding Dismissal of Costco's State-Law Claims Against Samsung SDI (Dkt. No. 2262), Plaintiff's claims against SDI under the Arizona Antitrust Act have been dismissed.

-30-

204. SDI avers that the allegations of Paragraph 204 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

205. To the extent that the allegations of Paragraph 205 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 205 relate to SDI, SDI denies all of those allegations.

**Fifth Cause of Action**

**(Alleged Violation of Florida Deceptive and Unfair Trade Practices Act)**

206. SDI repeats and incorporates by reference its responses to Paragraphs 1 through 192 of the Complaint with the same force and effect as if set forth herein at length.

207. SDI avers that the allegations of Paragraph 207 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations. Further, as a result of the Court's Stipulation and Order Regarding Dismissal of Costco's State-Law Claims Against Samsung SDI (Dkt. No. 2262), Plaintiff's claims against SDI under the Florida Deceptive and Unfair Trade Practices Act have been dismissed.

208. SDI avers that the allegations of Paragraph 208 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

209. SDI avers that the allegations of Paragraph 209 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

210. To the extent that the allegations of Paragraph 210 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 210 relate to SDI, SDI denies all of those allegations.

211.   SDI avers that the allegations of Paragraph 211 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

212.   To the extent that the allegations of Paragraph 212 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 212 relate to SDI, SDI denies all of those allegations.

**Sixth Cause of Action**

**(Alleged Violation of Illinois Antitrust Act)**

213.   SDI repeats and incorporates by reference its responses to Paragraphs 1 through 209 of the Complaint with the same force and effect as if set forth herein at length.

214.   SDI avers that the allegations of Paragraph 214 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.  Further, as a result of the Court's Stipulation and Order Regarding Dismissal of Costco's State-Law Claims Against Samsung SDI (Dkt. No. 2262), Plaintiff's claims against SDI under the Illinois Antitrust Act have been dismissed.

215.   SDI avers that the allegations of Paragraph 215 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

216.   To the extent that the allegations of Paragraph 216 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 216 relate to SDI, SDI denies all of those allegations.

**VIII.        Allegations Concerning Plaintiff's Prayer for Relief.**

SDI denies that Plaintiff suffered any injury or incurred any damages by any act or omission of SDI as alleged in the Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the

-32-

1   Complaint.

2   **ADDITIONAL OR AFFIRMATIVE DEFENSES**

3   Without assuming any burden it would not otherwise bear, SDI asserts the

4   following additional and/or affirmative defenses to Plaintiff's Complaint:

5   **FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE**

6   **(Failure to State a Claim)**

7   The Complaint fails to state a claim upon which relief can be granted.

8   **SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE**

9   **(Waiver and Estoppel)**

10   Plaintiff's claims should be dismissed to the extent that they are barred, in

11   whole or in part, by the doctrines of waiver and/or estoppel.

12   **THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE**

13   **(Laches)**

14   Plaintiff's claims should be dismissed to the extent that they are barred, in

15   whole or in part, by the equitable doctrine of laches.

16   **FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

17   **(Unclean Hands)**

18   Plaintiff's claims should be dismissed to the extent that they are barred, in

19   whole or in part, by the equitable doctrine of unclean hands.

20   **FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

21   **(Absence of Damages)**

22   Plaintiff's claims should be dismissed because Plaintiff has suffered no

23   injury or damages as a result of the matters alleged in the Complaint.  To the extent that

24   Plaintiff purportedly suffered injury or damage, which SDI specifically denies, SDI further

25   contends that any such purported injury or damage was not by reason of any act or

26   omission of SDI.

27

28

-33-

## SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Antitrust Injury)

Plaintiff's claims should be dismissed because Plaintiff has not suffered actual, cognizable antitrust injury of the type antitrust laws are intended to remedy.

## SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Uncertainty of Damages)

Plaintiff's claims should be dismissed because the alleged damages sought are too speculative and uncertain, and cannot be practicably ascertained or allocated.

## EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff failed to take all necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

## NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

## TENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff would be unjustly enriched if it were allowed to recover any part of the damages alleged in the Complaint.

## ELEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, due to the absence of any injury or damage for which SDI's actions, conduct, or omissions were the proximate cause.

## TWELFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's claims for injunctive relief should be dismissed because Plaintiff has available an adequate remedy at law.

## THIRTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Privilege)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of SDI was justified, constituted bona fide business competition and was taken in pursuit of its own legitimate business and economic interests, and is therefore privileged.

## FOURTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Non-actionable or Governmental Privilege)

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of SDI that is the subject of the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## FIFTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

## SIXTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which SDI specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than SDI.

## SEVENTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiff's acquiescence in and/or confirmation of any and all conduct and/or omissions alleged as to SDI.

## EIGHTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction and/or Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiff's claims based on foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because they are outside the Court's subject matter jurisdiction as defined by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a and/or analogous state authority.

## NINETEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiff's claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous, and/or unintelligible. SDI avers that Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit SDI to ascertain what other defenses may exist. SDI therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

-36-

## TWENTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Standing to Sue for Injuries Alleged)

Plaintiff's claims should be dismissed, in whole or in part, to the extent Plaintiff lacks standing to sue for the injuries alleged in the Complaint.  To the extent that Plaintiff purchased products containing CRTs, as opposed to CRTs themselves, its alleged injuries are even more speculative, derivative, indirect, and remote.  Plaintiff's damage claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

## TWENTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Competition Not Harmed)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because SDI's actions did not lessen competition in the relevant market(s).

## TWENTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Intervening or Superseding Acts of Third Parties)

Plaintiff's damages, if any, resulted from the acts or omissions of third parties over whom SDI had no control or responsibility.  The acts of such third parties constitute intervening or superseding causes of harm, if any, suffered by Plaintiff.

## TWENTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Injury or Damages Offset by Benefits Received)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiff received with respect to the challenged conduct.

## TWENTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Increased Output and Lower Prices)

SDI, without admitting the existence of any contract, combination, or conspiracy in restraint of trade as alleged in the Complaint, avers that the matters about which Plaintiff complains resulted in increased output and lower prices for CRTs and/or

-37-

1  CRT Products.

2  ## TWENTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

3  ### (Prices Fixed by Plaintiffs)

4  Plaintiff's claims should be dismissed to the extent they are barred, in whole

5  or in part, because the price of CRTs and/or CRT Products was fixed, if at all, by Plaintiff

6  and/or other purchasers of CRTs and/or CRT Products, either individually or collectively.

7  ## TWENTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

8  ### (Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

9  Plaintiff's claims should be dismissed to the extent that they are barred, in

10  whole or in part, because Plaintiff has failed to allege fraud or fraudulent concealment with

11  sufficient particularity.

12  ## TWENTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

13  ### (Failure to Plead Conspiracy with Particularity)

14  Plaintiff's claims should be dismissed to the extent that they are barred, in

15  whole or in part, because Plaintiff has failed to allege conspiracy with sufficient

16  particularity.

17  ## TWENTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

18  ### (No Detrimental Reliance)

19  Plaintiff's claims should be dismissed to the extent that they are barred, in

20  whole or in part, because Plaintiff did not detrimentally rely upon any alleged deceptive

21  trade conduct as alleged in the Complaint.

22  ## TWENTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

23  ### (Arbitration Agreements)

24  Plaintiff's claims should be dismissed to the extent that they are barred, in

25  whole or in part, by agreements that require arbitration of the matters alleged in the

26  Complaint.

27

28

## THIRTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Settlement Set Off)

Without admitting that Plaintiff is entitled to recover damages in this matter, SDI is entitled to set off from any recovery Plaintiff may obtain against SDI any amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

## THIRTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Injunctive Relief)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff have failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

## THIRTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any alleged conduct of SDI occurred outside of the jurisdiction of the Court.

## THIRTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Damages Passed On)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint, which SDI specifically denies, was passed on to persons or entities other than the Plaintiff and/or was passed on by Plaintiff to other parties.

## THIRTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Damages Not Passed Through to Plaintiff)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiff, or was incurred by or passed on to persons or entities other than

-39-

1   Plaintiff.

2   ## THIRTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

3   ### (**No** Unreasonable Restraint Of Trade)

4   Plaintiff's claims are barred, in whole or in part, because the alleged conduct

5   of SDI did not unreasonably restrain trade.

6   ## THIRTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

7   ### (Ultra Vires)

8   To the extent that any actionable conduct may have occurred, Plaintiff's

9   claims against SDI are barred because all such alleged conduct would have been

10  committed by individuals acting ultra vires.

11  ## THIRTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

12  ### (Proportionality)

13  To the extent SDI is found liable for damages, the fact and extent of which

14  are expressly denied by SDI, those damages must be reduced in proportion to SDI's degree

15  of fault.

16  ## THIRTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

17  ### (Permitted By Law)

18  Plaintiff's claims are barred, in whole or in part, to the extent they are based

19  on alleged acts, conduct or statements that are specifically permitted by law.

20  ## THIRTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

21  ### (Multiple Recoveries)

22  To the extent Plaintiff's claims would result in SDI paying damages to more

23  than one claimant for the same alleged overcharge, they are barred because such multiple

24  recoveries would violate rights guaranteed to SDI by the U.S. Constitution and other law,

25  including, without limitation, rights guaranteed under the Due Process Clause of the

26  Fourteenth Amendment.

27

28

SMRH:413657997.2
MDL No. 1917; Case No. 3:11-cv-06397-SC

SAMSUNG SDI DEFENDANTS' ANSWER TO
COSTCO'S FIRST AMENDED COMPLAINT

## FORTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Improper Extraterritorial Application)

Plaintiff's claims are barred, in whole or in part, by the U.S. Constitution and/or other applicable law to the extent their claims seek the improper extraterritorial application of the laws cited to any transactions occurring outside the United States.

## FORTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Market Power)

Plaintiff's claims are barred, in whole or in part, to the extent they have failed to allege or prove that SDI possessed or possesses market power in any legally cognizable relevant market.

## FORTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Release)

Plaintiff's claims are barred, in whole or in part, because they have been released by Plaintiff.

## FORTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Voluntary Payment)

Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine, under which one cannot recover payments with full knowledge of the facts.

## FORTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Other Defenses Incorporated by Reference)

SDI adopts and incorporates by reference any and all other additional or affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that SDI may share in such affirmative defenses.

## FORTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

SDI has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings.  SDI further reserves the right

-41-

1   to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it

2   determines are not applicable during the course of subsequent discovery.

3

4            WHEREFORE, the Samsung SDI Defendants pray for judgment as follows:

5            1.      That Plaintiff take nothing under the Complaint, and the Complaint be
             dismissed with prejudice;

6

7            2.      That judgment be entered in favor of the Samsung SDI Defendants
             and against Plaintiffs on each and every cause of action set forth in the
             Complaint;

8

9            3.      That the Samsung SDI Defendants recover their costs of suit and
             attorneys' fees incurred herein; and

10           4.      That the Samsung SDI Defendants be granted such other and further
             relief as the Court deems just and proper.

11

12   Dated:  January 8, 2014

13

14                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

15

16                      By       _____/s/ Michael W. Scarborough_____
                                     MICHAEL W. SCARBOROUGH

17                                    Attorneys for Defendants
18                              SAMSUNG SDI AMERICA, INC.,
                                    SAMSUNG SDI CO., LTD.,
19                            SAMSUNG SDI (MALAYSIA) SDN. BHD.,
20                             SAMSUNG SDI MEXICO S.A. DE C.V.,
                                  SAMSUNG SDI BRASIL LTDA.,
21                            SHENZEN SAMSUNG SDI CO., LTD. and
22                              TIANJIN SAMSUNG SDI CO., LTD.

23

24

25

26

27

28

-42-