Squire Sanders (US) LLP
Nathan Lane III  (CA State Bar # 50961)
nathan.lane@squiresanders.com
Mark C. Dosker (CA State Bar # 114789)
mark.dosker@squiresanders.com
275 Battery Street, Suite 2600
San Francisco, California  94111
Telephone:     +1 415 954 0200
Facsimile:      +1 415 393 9887

Attorneys for Defendant
TECHNOLOGIES DISPLAYS AMERICAS, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Master File No. 3:07-5944-SC<br>Individual Docket No. 13-cv-1173-SC<br><br>MDL No. 1917<br><br>**TECHNOLOGIES DISPLAYS AMERICAS, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS SHARP'S FIRST AMENDED COMPLAINT**<br><br>Date:         February 7, 2014<br>Time:         10:00 A.M.<br>Courtroom:  1, 17th Floor<br>Judge:        Hon. Samuel Conti |
| This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173 | |
**SQUIRE SANDERS (US) LLP**
**275 Battery Street, Suite 2600**
**San Francisco, California  94111**

TDA'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT – Master File #3:07-5944-SC; MDL #1917; Case #13-cv-01173

**TABLE OF CONTENTS**

                                                           **Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ................................................................................................................................ 1

ARGUMENT ........................................................................................................................................ 1

    I.     Sharp Fails to State a Claim Against TDA. ............................................................................ 1

    II.    Sharp's Claims Against TDA Are Untimely and Must Be Dismissed. ............................... 5

          A.     TDA Does Not Concede Fraudulent Concealment. .................................................. 5

          B.     *American Pipe* Does Not Toll Sharp's Sherman Act Claim. .................................. 5

          C.     *American Pipe* Does Not Toll Sharp's State Law Claims. ..................................... 6

          D.     Sharp Cannot Establish Tolling Based on Government Proceedings. ..................... 8

    III.   *Illinois Brick* Bars Sharp from Asserting Claims for Damages for Indirect Purchases of CRTs and CRT Products Under Federal and New Jersey Law. ........................................ 11

CONCLUSION .................................................................................................................................. 11

**SQUIRE SANDERS (US) LLP**
275 Battery Street, Suite 2600
San Francisco, California 94111

i

TDA'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT – Master File #3:07-5944-SC; MDL #1917; Case #13-cv-01173

# TABLE OF AUTHORITIES

*Am. Pipe & Constr. Co. v. Utah*,
    414 U.S. 538, 554 (1974) .................................................................................................... 6

*Ariz. State Bd. for Charter Schools v. U.S. Dep't of Educ.*,
    464 F.3d 1003 (9th Cir. 2006) ........................................................................................... 10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................ 2, 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................ 2, 3

*Biotech. Value Fund, LP v. Celera Corp.*,
    No. 13-3248, 2013 U.S. Dist. LEXIS 179172 (N.D. Cal. Dec. 20, 2013) .......................... 5

*Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*,
    878 F. Supp. 2d 1009 (C.D. Cal. 2011) .............................................................................. 7

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) ......................................................................................... 7, 8

*Credit Suisse Secs. (USA) LLC v. Simmonds*,
    132 S.Ct. 1414 (2012) ....................................................................................................... 10

*Del Sontro v. Cendant Corp.*,
    223 F. Supp. 2d 563, 581 (D.N.J. 2002) ............................................................................. 8

*Gilmore v. Am. Mortg. Network*,
    No. 12-7935, 2012 U.S. Dist. LEXIS 176194 (C.D. Cal. Dec. 10, 2012) .......................... 3

*Greyhound Corp. v. Mt. Hood Stages, Inc.*,
    437 U.S. 322, 334 (1978) .................................................................................................. 10

*Hinton v. Pac. Enters.*,
    5 F.3d 391 (9th Cir. 1993) ............................................................................................... 5, 7

*In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*,
    No. 11-265, 2012 U.S. Dist. LEXIS 60776 (C.D. Cal. Mar. 9, 2012) ................................ 7

*In re Elevator Antitrust Litig.*,
    502 F.3d 47 (2d Cir. 2007) ................................................................................................. 2

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    586 F. Supp. 2d 1109 (N.D. Cal. 2008) .............................................................................. 2

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    No. 07-1827, 2013 U.S. Dist. LEXIS 9903 (N.D. Cal. Jan. 23, 2013) ............................... 6

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    No. 07-1827, 2013 U.S. Dist. LEXIS 39606 (N.D. Cal. Mar. 20, 2013) .......................... 11

*J.M. Dungan v. Morgan Drive-Away, Inc.*,
    570 F.2d 867 (9th Cir. 1987) ............................................................................................ 10

**SQUIRE SANDERS (US) LLP**
275 Battery Street, Suite 2600
San Francisco, California 94111

ii

TDA'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT – Master File #3:07-5944-SC; MDL #1917; Case #13-cv-01173

*Kendall v. Visa U.S.A., Inc.*,
    518 F.3d 1042 (9th Cir. 2008) ........................................................................................ 3

*Kirby v. Illinois*,
    406 U.S. 682 (1972) ........................................................................................................ 9

*Maestas v. Sofamor Danek Group, Inc.*,
    33 S.W.3d 805 (Tenn. 2000) .......................................................................................... 8

*Naylor v. Flavan*,
    No. 08-3746, 2009 U.S. Dist. LEXIS 132295 (C.D. Cal. Apr. 7, 2009) ......................... 7

*Soward v. Deutsche Bank AG*,
    814 F. Supp. 2d 272 (S.D.N.Y. 2011) ............................................................................ 8

*Williams v. Boeing Co.*,
    517 F.3d 1120 (9th Cir. 2008) ........................................................................................ 6

**SQUIRE SANDERS (US) LLP**
275 Battery Street, Suite 2600
San Francisco, California 94111

iii

TDA'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT – Master File
#3:07-5944-SC; MDL #1917; Case #13-cv-01173

Defendant Technologies Displays Americas LLC ("TDA") respectfully submits this Reply to Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.'s (collectively, "Sharp") Opposition to TDA's Motion to Dismiss Sharp's First Amended Complaint filed on October 28, 2013 ("FAC").

## INTRODUCTION

Like the FAC, Sharp's Opposition seeks to justify its claims against TDA with sweeping generalities seeking to tie TDA to an alleged conspiracy that began long before TDA even existed. Sharp makes virtually no effort at all to point to **facts** alleged in the FAC, as opposed to conclusory statements, that could support a finding that TDA ever joined, or even knew about, any conspiracy involving CRTs. Rather, Sharp falls back on arguments made as to other defendants that have nothing to do with TDA. As a matter of law, the allegations of the FAC are inadequate to require TDA, a small company with only a single employee, to participate in this massive litigation that apparently has involved millions of pages of documents, numerous depositions and countless reams of other discovery.

Nor does Sharp's Opposition provide any explanation why Sharp waited more than five and a half years after it admittedly knew about the purported conspiracy to name TDA as a defendant. The only reasonable inference from Sharp's unconscionable delay is that it never had any basis to join TDA as a defendant. Nothing in the Opposition argues otherwise, even though Sharp had the benefit of responses to its broad document requests and interrogatories to TDA well before its Opposition was filed. The consequence of Sharp's delay is that all applicable statute of limitations have run as to TDA. Sharp's attempt to avoid this result by making tolling arguments is neither factually supported nor legally viable.

The FAC must be dismissed with prejudice as to TDA.

## ARGUMENT

### I. Sharp Fails to State a Claim Against TDA.

Sharp contends that surviving a motion to dismiss requires only that it "plead facts that plausibly suggest the existence of a conspiracy." (Opp. at 10.) Sharp misunderstands its burden under *Twombly* and its progeny. Whether Sharp's cookie-cutter FAC—merely copying earlier

SQUIRE SANDERS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1

TDA'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT – Master File #3:07-5944-SC; MDL #1917; Case #13-cv-01173

filed complaints that did not name TDA—plausibly suggests the existence of a conspiracy is not the issue. What is at issue is the adequacy of Sharp's pleading as to **TDA**, and whether Sharp's FAC plausibly suggests **TDA's** involvement in the alleged conspiracy.

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). A complaint must instead identify the time, place and persons involved in the alleged conspiracy with some degree of specificity. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007). In other words, Sharp "must allege that *each individual defendant* joined the conspiracy and played some role in it." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008) (emphasis added); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50-51 (2d Cir. 2007) (a complaint lacking "specification of any particular activities by any particular defendant" is nothing more than a list of "conclusory allegations of agreement" that "do not supply facts adequate to show illegality"). The Court previously addressed this pleading requirement when it granted Thomson Consumer's motion to dismiss:

> At this point in this litigation, Plaintiffs simply fail to elucidate why and how Defendant should be part of this case.

(Sept. 26, 2013 Order at 4.) Sharp—as outlined in TDA's Motion—fails to answer these questions with respect to TDA. (*See* Motion at 2-7.)

Sharp argues in its Opposition that it "has alleged that TDA participated in the conspiracy in its own right" and that "TDA was dominated or controlled by its parent for purposes of its participation in the conspiracy." (Opp. at 12.) Sharp mischaracterizes its complaint. Sharp alleges only "[u]pon information and belief" that TDA, between 2005 and 2007, "knowingly participated in conspiracy meetings and/or [was] part[y] to the agreements entered at them, individually and through [its] parent company Videocon." (FAC ¶199.) This is a conclusory allegation of agreement—a bare assertion of conspiracy—unsupported by any evidentiary facts. Sharp points to no meetings in which TDA participated (knowingly or otherwise) and makes no effort to specify what agreements TDA entered into at any such meetings. Both the Supreme

**SQUIRE SANDERS (US) LLP**
275 Battery Street, Suite 2600
San Francisco, California 94111

2

TDA'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT – Master File #3:07-5944-SC; MDL #1917; Case #13-cv-01173

Court and Ninth Circuit reject such rote allegations as insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555; *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008).

As TDA noted in its Motion—and Sharp fails to address—nowhere in the 303 paragraphs of the 79-page FAC does Sharp allege what, if anything, TDA agreed to do, or actually did, at any time in furtherance of, or even consistent with, defendants' alleged conspiracy, *i.e.*, the supposed "information" that informs Sharp's "belief" that TDA conspired. Nor does Sharp allege how or in what manner Videocon allegedly "dominated" or "controlled" TDA. Relying on "information and belief" allegations is inadequate when, like here, the plaintiff "pleads no facts to support such an allegation." *Gilmore v. Am. Mortg. Network*, No. 12-7935, 2012 U.S. Dist. LEXIS 176194, at *19 (C.D. Cal. Dec. 10, 2012).

It is telling, moreover, that while Sharp pleads other defendants' alleged participation in conspiratorial meetings from 2005-2007, *see* FAC at ¶¶ 184, 187, 188, 189, 191, it fails to allege any *facts* of *TDA's* alleged participation. The absence of such allegations is telling, especially given that Sharp "gained access to discovery" from previously filed complaints against other defendants and was in receipt of *all* written discovery from TDA *three weeks before* filing the FAC. There is a reason why TDA had not previously been named as a defendant in the putative class actions, why Sharp did not allege *facts* concerning TDA's alleged participation in its FAC, and why Sharp does not argue in its Opposition (as it did in opposition to Thomson Consumer's motion to dismiss) that it has "direct evidence" that TDA "participated in bilateral and multilateral meetings with CRT co-conspirators": there is no evidence that TDA ever knew of, let alone participated in, any conspiracy alleged by Sharp.

Stripped of the rhetoric, Sharp's only *factual* allegations as to TDA amount to nothing more than: TDA entered the CRT business in 2005, and sold and marketed CRT Products in North America from 2005 through 2007. Such threadbare allegations are insufficient to state a plausible claim against TDA. (Sept. 26, 2013 Order at 5.)

Sharp contends that the Court should nevertheless deny TDA's motion to dismiss because it "has already determined that complaints virtually identical to Sharp's are more than satisfactory to pass *Twombly* muster." (Opp. at 11.) The Court recently rejected this reasoning:

SQUIRE SANDERS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

3

TDA'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT – Master File #3:07-5944-SC; MDL #1917; Case #13-cv-01173

> The Court does not find that rote comparison of this complaint's basic allegations to older, established complaints can render Plaintiffs' allegations plausible. Plaintiffs are not wrong that, in the past, the Court has permitted other plaintiffs to proceed not with detailed, defendant-by-defendant allegations but with more general – but still plausible – contentions that each defendant participated in the alleged conspiracy. However, the situation that confronted the Court's judicial experience and common sense in 2010 is not entirely comparable to this case's posture, presented three years later.

(Sept. 26, 2013 Order at 5 (internal citations omitted).)[1]

Sharp's claims must be evaluated on the basis of Sharp's allegations (or absence thereof) regarding TDA at this stage of the litigation, not the allegations made years ago by *other plaintiffs* in *separate actions* regarding *other defendants*. Evaluated in that context, Sharp has not pled a claim against TDA. Sharp fails to advance a single, well-pleaded allegation plausibly supporting TDA's involvement in any unlawful conspiracy. This Court previously observed that Sharp, "[s]o many years after this MDL's inception . . . should be able to provide something more than boilerplate allegations about alleged conspirators." (*Id.*) Sharp has not met this minimal standard as to TDA, and obviously cannot do so. Its claims should be dismissed with prejudice.[2]

---

[1] Sharp contends that its claims against TDA should survive because "there has been no meaningful discovery against TDA and no previous proceedings against TDA . . ." (Opp. at 13 n.5.) Sharp's argument is puzzling as it is inconsistent with the Supreme Court's admonition that a plaintiff may no longer merely allege "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" with the hope that discovery might later uncover some factual basis to support a claim for relief. *Iqbal*, 556 U.S. at 678. Sharp, moreover, was in receipt of TDA's written discovery responses, including documents, interrogatory answers, and responses to requests for production, more than *three weeks before* it filed the FAC. There is no evidence—either in TDA's records or the other discovery to which Sharp admits it gained access—that TDA ever knew of, let alone participated in, any conspiracy alleged by Sharp.

[2] Sharp requests in the last sentence of a footnote that it "be allowed to amend the complaint to address the Court's ruling" in the event "the Court does grant TDA's motion to dismiss." (Opp. at 13 n.5.) Sharp has had more than five years to file its complaint, it has had the benefit of discovery responses from the putative class actions, it was already given the opportunity to amend its complaint, and it was in possession of TDA's discovery responses before amending its pleading. Sharp should be accorded no further bites at the apple, especially given that it fails to identify what additional facts it would allege to address the pleading deficiencies outlined in TDA's Motion.

SQUIRE SANDERS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

4

TDA'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT – Master File #3:07-5944-SC; MDL #1917; Case #13-cv-01173

## II. Sharp's Claims Against TDA Are Untimely and Must Be Dismissed.

Sharp effectively concedes that its claims are barred by the applicable statutes of limitation in the absence of a basis for tolling the limitation periods. It is Sharp's burden to "alleg[e] facts which would give rise to tolling . . . ." *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993). Sharp fails to do so.

### A. TDA Does Not Concede Fraudulent Concealment.

Sharp mischaracterizes TDA's Motion by contending that TDA "effectively concedes" that "Sharp's allegations show the defendants fraudulently concealed the CRT conspiracy from Sharp, and from government enforcement agencies, through at least November 2007." (Opp. at 15.) TDA makes no such concession. To the contrary, TDA argued in its Motion: "Although the FAC alleges no facts at all, much less facts pleaded with particularity, to support a claim of fraudulent concealment as to TDA, this ground for tolling is inapplicable, because Sharp's complaint against TDA was filed outside the limitations periods even if its claims were tolled through November 2007." (Mot. at 8 n.4.)

### B. *American Pipe* Does Not Toll Sharp's Sherman Act Claim.

*American Pipe* tolling does not apply to a party who was not a defendant in the previously filed, putative class action. *See, e.g.*, *Biotech. Value Fund, LP v. Celera Corp.*, No. 13-3248, 2013 U.S. Dist. LEXIS 179172, at *27 (N.D. Cal. Dec. 20, 2013) (American Pipe "cannot apply to Credit Suisse . . . [b]ecause Credit Suisse was not a defendant in either of the two putative class actions").[3] Sharp acknowledges that TDA was not named as a defendant in any direct or indirect purchaser putative class actions upon which Sharp basis its class-action tolling argument. (Opp. at 20.) *American Pipe* tolling inapplicable.

Sharp nevertheless argues that its claims against TDA should be tolled based on its speculation that TDA had "notice of the class complaints when they were filed." (Opp. at 21.)

---

[3] Sharp struggles to distinguish case law TDA cites in its Motion holding that class action tolling does not apply to a defendant who was not named in the putative class action. (*See* Mot. at 8-9.) Sharp argues that these cases are not on point because they did not involve the assertion of "antitrust claims," yet Sharp offers no case law to suggest that the applicability of *American Pipe* tolling varies depending on the subject matter of the claims asserted. (*Id.*)

SQUIRE SANDERS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

Sharp offers no facts in its Opposition—let alone identify facts actually alleged in its FAC—suggesting that TDA had actual notice of the class actions before being served with Sharp's initial complaint in April 2013. TDA—as reflected in the discovery responses served on Sharp *three weeks* before the filing of the FAC—first learned of the putative class action lawsuits (in which it was not a named party) when it was served with Sharp's initial complaint in April 2013.

Sharp's argument for why the Court can "infer that TDA was on notice of potential claims against it" is likewise unconvincing. Sharp theorizes that TDA should have been on notice of lawsuits filed beginning in November 2007 because TDA purchased assets from Thomson in 2005, two former Thomson employees allegedly became employees of TDA in 2005, and Thomson was named as a defendant in a 2008 lawsuit. These unconnected facts provide no basis for concluding that TDA knew of the lawsuits or the conspiracy that they alleged.

### C. *American Pipe* Does Not Toll Sharp's State Law Claims.

Sharp speciously argues that the putative class action lawsuits, including the consolidated DPP and IPP actions, tolled the limitations period for Sharp's state law claims. (Opp. at 21.)

As an initial matter, Sharp cannot rely on any direct purchaser action to toll its state law claims because those actions only assert *federal* antitrust claims. (*See, e.g.*, Direct Purchaser Pls.' Consol. Am. Compl., Dkt. No. 436.) It is well established that *American Pipe* tolls the limitations period only for claims that are identical to the claims asserted in the putative class action complaint. *See Williams v. Boeing Co.*, 517 F.3d 1120, 1135-36 (9th Cir. 2008); *see also In re TFT-LCD (Flat Panel) Antitrust Litig.* No. 07-1827, 2013 U.S. Dist. LEXIS 9903 at *49 (N.D. Cal. Jan. 23, 2013) ("declin[ing] to interpret *American Pipe* as allowing tolling for claims that were not asserted in the class action").

Sharp's reliance on indirect purchaser actions is equally misplaced. Even assuming that such complaints asserted one or more of the state law claims Sharp asserts—a fact not alleged by Sharp in its FAC—*American Pipe* would nevertheless be inapplicable. The doctrine only tolls the applicable statute of limitations "as to all asserted members of the class." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). Sharp is not a member of the indirect purchaser class, because that class only includes "persons and or entities who or which indirectly purchased in the United

SQUIRE SANDERS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

6

TDA'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT – Master File #3:07-5944-SC; MDL #1917; Case #13-cv-01173

States *for their own use and not for resale*, CRT Products manufactured and/or sold by the Defendants . . . ." (Indirect Purchaser Pls.' Consol. Am. Compl. ¶ 240, Dkt. No. 437 (emphasis added). )

Sharp, relying on *In re Linerboard Antitrust Litigation*, nevertheless argues in favor of cross-jurisdictional tolling because the "putative class action complaints were based on identical factual allegations as Sharp's state law claims." (Opp. at 21.) Notwithstanding Sharp's assertion, there is nothing to suggest that *Linerboard*—a Pennsylvania district court decision—is controlling or persuasive. To the contrary, at least one federal court in California explicitly rejected the argument that *Linerboard* dictates that "[w]hen state law claims rely on the same evidence as the federal claims in a class action complaint, *American Pipe* tolls the state as well as the federal claims." *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, No. 11-265, 2012 U.S. Dist. LEXIS 60776 at *30-31 (C.D. Cal. Mar. 9, 2012). Indeed, *Linerboard* is contrary to *controlling* Ninth Circuit precedent. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008) (holding that *American Pipe* does not mandate cross-jurisdictional tolling as a matter of state procedure," and observing that "federal courts have declined to import the doctrine into state law where it did not previously exist").

Sharp fails to plead that any of the states whose laws it invokes recognizes cross-jurisdictional tolling, and the arguments that it raises in its Opposition are unavailing.

**California.** Sharp can identify no California authority adopting cross-jurisdictional tolling. Indeed, the Ninth Circuit observed that California had not adopted cross-jurisdictional tolling, and refrained from "importing" the doctrine into California law in the absence of California authority. *Clemens*, 534 F.3d at 1025.[4]

---

[4] Sharp alludes to "equitable tolling" but stops short of arguing that the doctrine applies here. This is unsurprising. Sharp does not assert equitable tolling in its FAC nor does it allege sufficient facts to warrant application of equitable tolling. *See Hinton*, 5 F.3d at 395 (plaintiff must allege facts in the complaint that give rise to tolling). Regardless, the doctrine is inapplicable here, as a matter of law, because Sharp filed its action in the same court as the prior action. *See Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009 (C.D. Cal. 2011); *see also Naylor v. Flavan*, No. 08-3746, 2009 U.S. Dist. LEXIS 132295, at *15-16 (C.D. Cal. Apr. 7, 2009), *adopted at* 2009 U.S. Dist. LEXIS 44011 (C.D. Cal. May 19, 2009).

SQUIRE SANDERS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

7

TDA'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT – Master File #3:07-5944-SC; MDL #1917; Case #13-cv-01173

**New Jersey.** Sharp relies on *Staub v. Eastman Kodak Co.* for its assertion that "New Jersey state courts have adopted *American Pipe* cross-jurisdictional tolling." (Opp. at 23.) Tolling under *Staub*, like *American Pipe*, however, applies only if the putative class member's claim was asserted in the original putative class action. *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 581 (D.N.J. 2002). For the reasons articulated *supra*, *Staub* does not rescue Sharp's untimely claims under New Jersey law.

**New York.** Sharp contends that New York courts "have not rejected *American Pipe* cross-jurisdictional tolling" (Opp. at 23), yet fails to identify any New York case that actually adopts the doctrine. Sharp dismisses *Soward v. Deutsche Bank AG*, 814 F. Supp. 2d 272 (S.D.N.Y. 2011) (declining to import *American Pipe* into New York's law) as unpersuasive, yet relies on *dicta* from an earlier decision from the Southern District of New York, *Williams v. Dow Chem. Co.* (holding that Illinois law governed plaintiff's tolling request). Given the absence of New York state authority, Ninth Circuit precedent warrants this Court taking the approach in *Soward*. *See Clemens*, 534 F.3d at 1025.

**Tennessee.** The Tennessee Supreme Court expressly declined to adopt cross-jurisdictional tolling. *Maestas v. Sofamor Danek Group, Inc.*, 33 S.W.3d 805, 808 (Tenn. 2000). Sharp identifies no *Tennessee* authority suggesting that *Maestas* was limited to certain types of cases or that the Tennessee Supreme Court intended to exclude antitrust cases when it rejected cross-jurisdictional tolling.

Sharp cannot rely on *American Pipe* cross-jurisdictional tolling to resuscitate its time-barred state claims.

**D.    Sharp Cannot Establish Tolling Based on Government Proceedings.**

Sharp does not dispute that government proceedings do not toll claims under California law, New Jersey law, Tennessee law, or the New York Unfair Competition Law. These claims are time-barred and should be dismissed with prejudice.

Sharp references the indictment of Samsung SDI Co. Ltd. in its FAC as an alleged "government proceeding" that triggers tolling under the Clayton Act, 15 U.S.C. § 16(i) and New York Donnelly Act, N.Y. Gen. Bus. Law § 342-C. Sharp, however, appears to acknowledge that

SQUIRE SANDERS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

8

TDA'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT – Master File #3:07-5944-SC; MDL #1917; Case #13-cv-01173

this government proceeding cannot salvage its federal or New York antitrust claims. Sharp focuses its Opposition instead on antitrust indictments that the United States filed against six Taiwanese and Korean nationals between February 2009 and November 2010.[5] (*See* Opp. at 15-19.) As noted in TDA's Motion, and as Sharp fails to address, Sharp fails to compare these complaints with the FAC or to even argue that TDA participated in any of the specific acts alleged in the indictments. Motion at 10-11. Moreover, none of the six indicted individuals ever appeared in court, and there is no indication or expectation that they will ever be extradited or voluntarily appear. *See, e.g.*, Order at 2, *U.S. v. Yeh*, No. 3:10-cr-00231 (N.D. Cal. May 15, 2013).

The fugitive indictments, therefore, should not be deemed to trigger government action tolling under 15 U.S.C. § 16(i) or the New York Donnelly Act.

First, an indictment without an arraignment or the reasonable expectation of an arraignment does not "institute" a criminal proceeding. According to the Supreme Court, "[t]he initiation of judicial criminal proceedings is not a mere formalism. It is the starting point of our whole system of adversary criminal justice. For it is only then that the government has committed itself to prosecute, and only then that the adverse positions of government and defendant has solidified. It is then that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law." *Kirby v. Illinois*, 406 U.S. 682, 690 (1972). Here, the formality of an indictment, without an arraignment or expectation of defendants' appearance at court, did not "solidify" adverse positions or "immerse" the defendants in the intricacies of criminal law and, thus, did not "institute" a criminal proceeding.

Second, even if filing the indictments "instituted" a criminal proceeding, there is no "pendency" of any "criminal proceeding." Two years after the first indictment, the United States

---

[5] *See United States v. Cheng Yuan Lin*, No. 09-cr-00131 (N.D. Cal. Feb. 10, 2009) (Taiwanese resident); *United States v. Wen Jun Cheng*, No. 09-cr-00836 (N.D. Cal. Aug. 18, 2009) (Taiwanese resident); *United States v. Chung Cheng Yeh*, No. 10-cr-00231 (N.D. Cal. Mar. 30, 2010) (Taiwanese resident); *United States v. Seung-Kyu Lee et al.*, No. 10-cr-00817 (N.D. Cal. Nov. 9, 2010) (three Korean residents).

**SQUIRE SANDERS (US) LLP**
275 Battery Street, Suite 2600
San Francisco, California 94111

9

TDA'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT – Master File #3:07-5944-SC; MDL #1917; Case #13-cv-01173

recognized the futility of the cases. On January 4, 2011, the district court entered an order in each case, stating, "The U.S. Attorney has advised the court that all of the defendants in the related cases are currently fugitives." Order at 2, *United States v. Yeh*, No. 3:10-cr-00231 (N.D. Cal. Jan. 4, 2011).

Third, if these indictments toll the statute of limitations, the limitations period will never end. This is contrary to the Congressional purpose of government action tolling. Congress's "most obvious purpose" in creating § 16(i) was "to ensure that private litigants would have the benefit of prior Government antitrust enforcement efforts." *Greyhound Corp. v. Mt. Hood Stages, Inc.*, 437 U.S. 322, 334 (1978). Indefinitely tolling the limitations period while the claims against fugitive foreign nationals lie dormant would frustrate, not serve, Congress' purpose. There are no government enforcement efforts from which the civil plaintiffs may benefit. Congress did not intend tolling to create "undue prolongation" of claims; rather, it believed the statute would "shorten the period over which price treble-damages actions will extend." *Id.* at 335. Applying government action tolling in this case would contravene this goal; it would prolong the limitations period indefinitely, a result inconsistent with the purposes of statutes of limitations. *Credit Suisse Secs. (USA) LLC v. Simmonds*, 132 S.Ct. 1414, 1420 (2012) (confirming that tolling doctrines should not extend limitations periods indefinitely).

The Ninth Circuit directed courts to interpret Section 16(i) consistent with its purpose, and the purpose of limitations periods, and further recognized that courts must consider the facts in individual cases "to strike the exquisite balance" inherent in Section 16(i). *J.M. Dungan v. Morgan Drive-Away, Inc.*, 570 F.2d 867, 872 (9th Cir. 1987). Allowing the fugitive indictments to toll the limitations period indefinitely would not serve the purposes of the government action tolling – there are no government proceedings – and would ill-serve the finality accomplished by limitations periods. It would be an absurd result, which this Court should avoid. *See Ariz. State Bd. for Charter Schools v. U.S. Dep't of Educ.*, 464 F.3d 1003, 1008 (9th Cir. 2006).

Sharp has been aware of its claim since 2007. The fact that the government indicted, but never prosecuted, foreign nationals who have no connection to TDA provides no reason to toll the statute.

**SQUIRE SANDERS (US) LLP**
275 Battery Street, Suite 2600
San Francisco, California 94111

10

TDA'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT – Master File #3:07-5944-SC; MDL #1917; Case #13-cv-01173

**III.** ***Illinois Brick* Bars Sharp from Asserting Claims for Damages for Indirect Purchases of CRTs and CRT Products Under Federal and New Jersey Law.**

Sharp concedes that it must plead "ownership and control" to have standing under *Illinois Brick* to assert claims under Federal and New Jersey law based on alleged indirect purchases of CRTs and CRT Products. (Opp. at 24.). Sharp plainly fails to satisfy its pleading obligation, requiring dismissal of its indirect claims under Federal and New Jersey law.

In its Opposition, Sharp relies solely on its allegations that it purchased CRT Products from affiliated entities. (Opp. at 24; *see also* FAC ¶ 30.) Sharp does not own these affiliated entities; rather, Sharp and the affiliated entities are merely "owned by the same ultimate parent company." (FAC ¶ 30.) This is an insufficient allegation of ownership to satisfy the *Illinois Brick* exception. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-1827, 2013 U.S. Dist. LEXIS 39606, at *50 (N.D. Cal. Mar. 20, 2013) ("Paradigmatic examples of 'situations where an ownership or control relationship between an indirect purchaser and a direct purchaser' may exist include parent-subsidiary relationships or one company's stock ownership of another"). Absent from the FAC is any allegation that Sharp controls the affiliates.

It is apparent from the pleading that Sharp lacks federal antitrust standing—and standing under New Jersey law—with respect to its purchases of CRT Products. TDA's motion to dismiss should be granted.

**CONCLUSION**

Sharp waited more than five years to name TDA as a defendant. It had every opportunity to marshal facts to support its claims—including discovery from the putative class actions and from TDA, yet Sharp neither pleads nor cites in its Opposition facts that could support an antitrust claim against TDA. To maintain a complex antitrust lawsuit against a small, one-employee entity which has not been in the CRT business for more than five years, requires that Sharp allege more than its boilerplate, conclusory allegations. All applicable statutes of limitation have run as to the

/ / /

/ / /

/ / /

SQUIRE SANDERS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

11

TDA'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT – Master File #3:07-5944-SC; MDL #1917; Case #13-cv-01173

conclusory claims that Sharp asserts against TDA. The FAC must be dismissed with prejudice as to TDA.

Dated: January 10, 2014          Respectfully submitted,

Squire Sanders (US) LLP

By: */s/ Nathan Lane III*
    Nathan Lane III

Attorneys for Defendant
TECHNOLOGIES DISPLAYS AMERICAS, LLC

**SQUIRE SANDERS (US) LLP**
**275 Battery Street, Suite 2600**
**San Francisco, California 94111**

12

TDA'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT – Master File #3:07-5944-SC; MDL #1917; Case #13-cv-01173