Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,
Toshiba America, Inc., Toshiba America
Information Systems, Inc., and Toshiba America
Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| This Document Relates to Case No. 13-cv-1173-SC (N.D. Cal.) SHARP ELECTRONICS CORPORATION; SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC., Plaintiffs, v. HITACHI, LTD., *et al.*, Defendants. | **THE TOSHIBA DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL REPLY IN SUPPORT OF THEIR AMENDED MOTION TO DISMISS SHARP'S COMPLAINT** |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc. (the "Toshiba Defendants") hereby move the Court for an order granting the Toshiba Defendants leave to file their Supplemental Reply in Support of Their Amended Motion to Dismiss Sharp's Complaint.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, and such other materials and information that the Court may properly consider.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## **MEMORANDUM OF POINTS AND AUTHORITIES**

1    The Toshiba Defendants, by and through their undersigned counsel, hereby

2    respectfully submit this Memorandum in Support of their Motion for Leave to File

3    Supplemental Reply in Support of the Toshiba Defendants' Amended Motion to Dismiss

4    Sharp's Complaint ("Motion for Leave").  As reflected in the Toshiba Defendants' proposed

5    supplemental reply — attached hereto as Exhibit A — the Toshiba Defendants seek leave as

6    required under Civil Local Rule 7-3(d) to file a supplemental reply to bring new factual

7    evidence to this Court's attention in ruling on the Toshiba Defendants' Amended Motion to

8    Dismiss Sharp's Complaint.

9    Good cause exists for permitting the supplemental reply because it is limited to

10   admissions made by the Sharp Plaintiffs in interrogatory responses — attached as Exhibit 1

11   to the proposed supplemental reply — which were served *after* the briefing on the Toshiba

12   Defendants' motion to dismiss was completed.

13   On November 6, 2013, the Sharp Plaintiffs filed their Opposition to the Toshiba

14   Defendants' Motion to Dismiss.  *See* Dkt. No. 2195.  In it, the Sharp Plaintiffs make several

15   factual assertions in an attempt to distance themselves from their ultimate parent company,

16   Sharp Corporation, for purposes of avoiding the BTA's forum-selection clause.  *See, e.g.*, *id.*

17   at 1 ("Sharp Corporation is not a party to this lawsuit and none of the claims at issue are for

18   Sharp Corporation purchases from Toshiba Corporation."), 2 ("The BTA relates only to

19   domestic Japanese transactions between Toshiba Corporation and Sharp Corporation.  The

20   claims here, by contrast, arise out of purchases of CRTs or CRT Products made by the Sharp

21   Plaintiffs solely in the United States.").

22   On December 18, 2013, the Toshiba Defendants filed their final brief on their motion

23   to dismiss.  *See* The Toshiba Defendants' Amended Notice of Motion and Motion to

24   Dismiss Sharp's Complaint, Dkt. No. 2274.

25   Two days later, on December 20, 2013, the Sharp Plaintiffs served their Responses

26   and Objections to Defendants MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s

27   First Set of Interrogatories.  In the responses, ████████████████████████████████

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████

3 ██████████████████████████████

4      The Sharp Plaintiffs' effort to have it both ways, *i.e.*, to divorce themselves from

5 Sharp Corporation to avoid the BTA's forum-selection clause and ████████████████

6 ████████████████████████████████████████████████, is relevant to this

7 Court's consideration of the pending motion.

8      District Courts are "accorded substantial flexibility in evaluating a *forum non*

9 *conveniens* motion" and may consider materials outside the pleadings.  *See Van*

10 *Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988) (citing *Piper Aircraft Co. v. Reyno*, 454

11 U.S. 235, 249 (1981)) (noting that affidavits will frequently be considered in ruling on

12 *forum non conveniens* motions); *see also Ioannidis/RIGA v. M/V Sea Concert*, 132 F. Supp.

13 2d 847, 852 (D. Or. 2001) ("Therefore, in reviewing [defendant's] Motion to Dismiss based

14 on the forum selection clause and *forum non conveniens* doctrine, the court need not accept

15 the pleadings as true and may consider facts outside the pleadings.").

16      The Sharp Plaintiffs will not be prejudiced should the Court grant the Toshiba

17 Defendants' Motion for Leave to File because the factual information in the supplemental

18 reply is limited only to Sharp's own statements offered in this case.  As such, there is no

19 unfair surprise to the Sharp Plaintiffs.  *See Cambridge Elecs. Corp. v. MG Elecs., Inc.*, 227

20 F.R.D. 313, 323-24 (C.D. Cal. 2004) (finding unfair surprise to defendants when plaintiffs

21 included factual material in its opposition to a motion for summary judgment which was not

22 included in prior discovery responses and which was central to plaintiffs' liability theories).

23 Because the Sharp Plaintiffs included extra-Complaint factual information about Sharp

24 Corporation in its Opposition, they should not be heard to complain that this Court should

25 not consider their other factual assertions about the relationship between Sharp Corporation

26 and the Sharp Plaintiffs.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    For these reasons, this Court should grant the Toshiba Defendants' Motion for Leave

2    to File a Supplemental Reply.

3                                              Respectfully submitted,

4    Dated:  January 13, 2014               **WHITE & CASE** LLP

5

6                                  By: */s/ Lucius B. Lau*
                                       Christopher M. Curran (*pro hac vice*)
7                                      ccurran@whitecase.com
                                       Lucius B. Lau (*pro hac vice*)
8                                      alau@whitecase.com
                                       Dana E. Foster (*pro hac vice*)
9                                      defoster@whitecase.com
10                                     701 Thirteenth Street, N.W.
                                       Washington, DC  20005
11                                     tel.: (202) 626-3600
                                       fax: (202) 639-9355
12

13                                     *Counsel to Defendants Toshiba*
14                                     *Corporation, Toshiba America, Inc.,*
                                       *Toshiba America Information Systems,*
15                                     *Inc., and Toshiba America Electronic*
                                       *Components, Inc.*
16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

On January 13, 2014, I caused a copy of "THE TOSHIBA DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLMENTAL REPLY IN SUPPORT OF THEIR AMENDED MOTION TO DISMISS SHARP'S COMPLAINT" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

_/s/ Lucius B. Lau_
Lucius B. Lau