Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to<br>Case No. 13-cv-1173-SC (N.D. Cal.)<br><br>SHARP ELECTRONICS CORPORATION; SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HITACHI, LTD., *et al.*,<br><br>Defendants. | **THE TOSHIBA DEFENDANTS' SUPPLEMENTAL REPLY IN SUPPORT OF THEIR AMENDED MOTION TO DISMISS SHARP'S COMPLAINT** |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

## ARGUMENT

In their Opposition, the Sharp Plaintiffs state that the BTA cannot be enforced against the Sharp Plaintiffs because, among other reasons: (1) signatory Sharp Corporation is not a party to the case; (2) the Sharp Plaintiffs do not assert any claims on behalf of Sharp Corporation; and (3) the Toshiba Defendants' alter-ego argument connecting the Sharp Plaintiffs to Sharp Corporation lacks a sufficient factual predicate. *See, e.g.*, Opp. at 1 ("Sharp Corporation is not a party to this lawsuit and none of the claims at issue are for Sharp Corporation purchases from Toshiba Corporation."), 2 ("The BTA relates only to domestic Japanese transactions between Toshiba Corporation and Sharp Corporation. The claims here, by contrast, arise out of purchases of CRTs or CRT Products made by the Sharp Plaintiffs solely in the United States."), 3 ("Japan-based Sharp Corporation is the ultimate parent corporation for the Sharp Plaintiffs. Sharp Corporation is not a party to this lawsuit, however, and it does not make purchases in the United States of CRTs or CRT Products.").

These statements are flatly contradicted by discovery responses recently served by the Sharp Plaintiffs. In discovery responses served after the briefing on Toshiba's motion concluded, the Sharp Plaintiffs responded to an interrogatory requesting the identity of entities from whom the Sharp Plaintiffs made purchases purportedly qualifying for the "ownership or control" exception to the bar on federal indirect purchaser claims in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), [REDACTED]

THE TOSHIBA DEFENDANTS' SUPPLEMENTAL REPLY IN
SUPPORT OF THEIR AMENDED MOTION TO DISMISS SHARP'S COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

These statements undermine the Sharp Plaintiffs' factual assertions and arguments in their Opposition that their claims "arise out of purchases of CRTs or CRT Products made by the Sharp Plaintiffs solely in the United States" (Opp. at 2) and that there is an insufficient factual predicate to show that Sharp Corporation controls the Sharp Plaintiffs for purposes of applying the BTA (*id.* at 11). The Sharp Plaintiffs cannot have it both ways. They cannot argue that Sharp Corporation is out of this case when they want to avoid the BTA's forum-selection clause, but then assert that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

In deciding the Toshiba Defendants' motion to dismiss, this Court should consider the Sharp Plaintiffs' interrogatory responses. As supported by the Sharp Plaintiffs' admissions in their interrogatory responses, the BTA should be enforced against the Sharp Plaintiffs because their claims are based on their close relationship with signatory Sharp Corporation; therefore, this Court should find that forum-selection clause requires the Sharp Plaintiffs to pursue any claims in the Osaka District Court.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## CONCLUSION

For these reasons and the reasons contained in our amended notice of motion and motion to dismiss, this Court should grant the Toshiba Defendants' Amended Motion to Dismiss and Dismiss the Sharp Plaintiffs' First Amended Complaint as it pertains to the Toshiba Defendants.

Dated: January 13, 2014　　　　　　　　　　　　Respectfully submitted,

**WHITE & CASE** LLP

By: */s/ Lucius B. Lau*
　　Christopher M. Curran (*pro hac vice*)
　　ccurran@whitecase.com
　　Lucius B. Lau (*pro hac vice*)
　　alau@whitecase.com
　　Dana E. Foster (*pro hac vice*)
　　defoster@whitecase.com
　　701 Thirteenth Street, N.W.
　　Washington, DC  20005
　　tel.: (202) 626-3600
　　fax: (202) 639-9355

　　*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

## **CERTIFICATE OF SERVICE**

On January 13, 2014, I caused a copy of "THE TOSHIBA DEFENDANTS' SUPPLEMENTAL REPLY IN SUPPORT OF THEIR AMENDED MOTION TO DISMISS" to be served via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

        */s/ Lucius B. Lau*
        Lucius B. Lau

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' SUPPLEMENTAL REPLY IN
SUPPORT OF THEIR AMENDED MOTION TO DISMISS SHARP'S COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

# EXHIBIT 1
# (Filed Under Seal)