KAMALA D. HARRIS
Attorney General of California
MARK BRECKLER
Chief Assistant Attorney General
KATHLEEN FOOTE
Senior Assistant Attorney General
State Bar No. 65819
EMILIO E. VARANINI
Deputy Attorney General
State Bar No. 163952
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5908
Fax: (415) 703-5480
E-mail: Emilio.Varanini@doj.ca.gov

*Attorneys for* State of California *et al*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION,<br><br>This Documents Relates To:<br><br>ALL ACTIONS | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>**REDACTED VERSION OF DECLARATION OF EMILIO E. VARANINI IN SUPPORT OF THE ADMINISTRATIVE MOTION FOR ORDER ISSUING LETTER OF REQUEST FOR DEPOSITION OF LEO MINK** |

1. I am a Deputy Attorney General with the California Attorney General's Office and am lead counsel for the California Attorney General in the state court case of *State of California et. al. v. Samsung SDI, Co., Ltd.,* Case No. 11-51584 (California Superior Court, San Francisco). This case has been coordinated with this Court's MDL No. 1917 for purposes of fact and expert discovery as well as mediation and settlement. I am admitted to this Court and could, if called as a witness, testify competently to the matters set forth herein. I make this declaration under penalty of perjury under the laws of the United States and the State of California.

2. Besides this case, I have led other international price-fixing and unfair competition cases involving the State of California. I also have an extensive background on international antitrust and related issues involving the European Union and China.

3. Plaintiffs, including the Attorney General, the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, and the Direct Action Plaintiffs, all have alleged the existence of an international price-fixing conspiracy with multilateral and bilateral meetings taking place in Asia and Europe.

4. The European Union has, in its summary of findings regarding this global CRT price-fixing cartel, found that multi-lateral and bi-lateral meetings involving the fixing of prices occurred in Europe and Asia, with more organized meetings occurring from 1999-on. Those findings were based on cooperation furnished by some of the cartel participants, including Philips. A true and accurate copy of that summary of findings, dated December 5, 2012, is attached hereto to this Declaration as Exhibit 1.

5. Plaintiffs' allegations, as supported by the summary of findings of the European Union, necessitate deposing current and former European and Asian employees of the Defendants who may have knowledge of these meeting during the relevant time period of 1995 to 2007. Leo Mink was a sales manager for Philips in Europe from 1996 to 2001 regarding CRTs, and then was a sales manager for the successor joint venture, LG Philips Display ("LPD"), in Europe from 2001 to 2004 regarding CRTs. Though Leo Mink retired from LPD in 2004, he continued to serve LPD as a consultant until 2005.

6. 

7. Additional information provided by Defendants supports the taking of Leo Mink's deposition, as set forth in Samsung SDI's contention interrogatory responses and in documents

REDACTED VARANINI DECL. ISO ADMIN MOTION FOR ORDER ISSUING LETTER
(Master File No. CV-07-5944-SC)

provided by Philips. [REDACTED]

8. Philips does not object to this motion or to the issuance of a subpoena through the proposed letter of request for the deposition of Leo Mink.

9. According to information provided by Philips, Leo Mink lives at [REDACTED]. It is required under the laws of the Netherlands that a letter of request issue out of, and under the seal of, this Court for a notice of deposition to be served on Leo Mink so that he may be deposed in the Netherlands. But under the laws of the Netherlands, Leo Mink is not obligated to appear, and if he refuses to appear, to take an oath, to give his word of honor or to give evidence, he would not incur any penalty or measure of any kind, either in the Netherlands or in the State where the proceedings are instituted.

10. Philips has informed us that Leo Mink requires the service of a notice of deposition in accordance with the laws of the Netherlands, i.e., by serving a letter of request as set out in the Hague Convention in accompanying the notice of deposition of Leo Mink. Philips has also informed us that Leo Mink is likely to cooperate with a notice of deposition if it is served in accordance with the laws of the Netherlands as set out in this paragraph subject to the caveat in the paragraph below.

11. Philips has also informed us that Leo Mink has concerns about potentially incriminating himself by testifying at a deposition. Based on those concerns, the Attorney General has offered use immunity to Leo Mink for any testimony he gives in the course of his deposition in response to her questions or questions asked by other Plaintiffs as she is empowered to do under California's antitrust laws, the Cartwright Act. *See* Cal. Bus. & Prof. Code §16758; *Daly v. Sup. Ct.*, 560 P.2d 1193 (Cal. 1977); *People v. Sup. Ct. (Kaufman)*, 525 P.2d 716 (Cal. 1971). It is anticipated that this offer not only will aid in Leo Mink's voluntarily testifying but also will aid in obtaining the consent of the Netherlands to this deposition.

12. The request made to this Court through the filing of a motion under Civil Local Rule 7.11 is an urgent one: the letter of request, if executed by this Court, must be promptly

delivered to the relevant authorities in the Netherlands so that the deposition of Leo Mink may be taken as scheduled on March 31 and April 1, 2014.

Dated: January 16, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California

*/s/ Emilio Varanini*
EMILIO VARANINI
Deputy Attorney General
*Attorneys for the State of California et al.*