KAMALA D. HARRIS
Attorney General of California
MARK BRECKLER
Chief Assistant Attorney General
KATHLEEN E. FOOTE
Senior Assistant Attorney General
State Bar No. 65819
EMILIO VARANINI
Deputy Attorney General
State Bar No. 163952
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5908
  Fax:  (415) 703-5480
  E-mail:  Emilio.Varanini@doj.ca.gov

*Attorneys for the State of California et al.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>**REDACTED VERSION OF ADMINISTRATIVE MOTION FOR ORDER ISSUING LETTER OF REQUEST FOR DEPOSITION OF LEO MINK** |
| This Documents Relates To:<br><br>ALL ACTIONS | |

1

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 7.11, Plaintiff the Attorney General of the State of California,[1] joined by the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, and the Direct Action Plaintiffs, all collectively referred to as "Plaintiffs," respectfully moves this Court pursuant to Federal Rule of Civil Procedure 28(b)(1) and the Hague Convention for an order issuing the letter of request accompanying the proposed order to the relevant authorities in the Netherlands ("Letter of Request"). The Letter of Request is accompanied by a Notice of Deposition, and if granted by the relevant authorities in the Netherlands, would allow the deposition of Leo Mink to take place on March 31 and April 1, 2014, in the city of Amsterdam in the Netherlands as set out in the Notice of Deposition and Subpoena. Leo Mink is an ex-employee of one of the Defendants in this action, Philips. As explained in the accompanying memorandum, the issuance of this letter of request is an administrative act that warrants the use of Civil Local Rule 7.11. The use of Civil Local Rule 7.11 is also justified by the urgency of this request in that the Letter of Request, if executed by this Court, must be promptly delivered to the relevant authorities in the Netherlands so that the deposition of Leo Mink may be taken as scheduled on March 31 and April 1, 2014. *See id.* at ¶ 12. This administrative motion is based on this notice, the accompanying memorandum of points and authorities, the declaration of Emilio E. Varanini along with attached exhibits, and the record in this matter. Defendant Philips does not object to this request. *See id.* at ¶ 8.[2]

---

[1] Even though the Attorney General's case was filed in state court, the Attorney General is also a participant in this case because she agreed to coordinate discovery in her case with discovery in the above entitled action. This Court approved the coordination by entering of the discovery protocol governing this case. Order Regarding Discovery and Case Management Protocol, *In re CRT Antitrust Antitrust Litig.*, MDL No. 1917 (Apr. 3, 2012) [Docket No. 1128].

[2] The Attorney General is aware of this Court's order appointing a Special Master for purposes of discovery. Order Appointing Special Master for Discovery, *In re CRT Antirust Litig.*, MDL No. 1917 (Dec. 17, 2013) [Docket No. 2272]. However, only this Court has the authority to execute the proposed letter of request allowing Plaintiffs to depose Leo Mink. Fed. R. Civ. P. 28(b)(2). Moreover, the instant matter is an urgent one. Decl. of Emilio E. Varanini at ¶ 12. Finally, the issuance of a letter of request is, as the Attorney General explains in the memorandum, virtually administrative in nature such that it does not present the kind of discovery dispute for which a Special Master was thought to be necessary.

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Civil Procedure 28(b)(1) provides that a deposition may be taken in a foreign country under a letter of request. In turn, Federal Rule of Civil Procedure 28(b)(2) provides not only that this Court may issue a letter of request upon receipt of an application and notice but also that no showing is required that another means of deposing the witness would be impractical or inconvenient. This Court is eminently justified in issuing the proposed letter of request for the deposition of Leo Mink, an ex-employee of Philips, in the Netherlands under Federal Rule of Civil Procedure 28(b) based on the discovery protocol and others in effect, the facts of this case as they bear on Plaintiffs' claims, and the case law.

First, the deposition protocol itself contemplates that the Plaintiffs can choose which witnesses they want to depose, without restriction, so long as they do not breach the total number set forth therein. Order Appointing Special Master for Discovery, *In re CRT Antirust Litig.*, MDL No. 1917 (Dec. 17, 2013) [Docket No. 2272]. Moreover, the former Special Master ruled that the Attorney General could depose up to 10 witnesses of her own without constraining her in any respect. Report and Recommendations Regarding Scheduling Order and Discovery and Case Management Protocol at 5-6, *In re CRT Antirust Litig.*, MDL No. 1917 (Mar. 19, 2012) [Docket No. 1092]. No objections were filed to this recommendation as required by Federal Rule of Civil Procedure 53(f)(2). Consequently, the discovery protocol and associated order support the issuance of the proposed letter of request.

Second, the case law provides that issuing a letter of request for a deposition is particularly appropriate, though not limited to, circumstances in which the witness in question is a foreign nonparty who is beyond the jurisdiction of this Court. *In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 364 (D. Kan. 2010); *accord, Upper Deck Intern. B.V. v. Upper Deck Co.*, 2013 WL 3746086, *1 (S.D. Cal. July 12, 2013); *see also Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct.*, 482 U.S. 522, 540-41 & n.26 (1987). As an ex-employee of Philips who resides in the Netherlands, Decl. of Emilio E. Varanini at ¶ 5, Leo Mink fits in this category. Set against this backdrop, the issuance of a letter of request would constitute an

3

administrative act equivalent to the issuance of a Federal Rule of Civil Procedure 45 notice of deposition here in the United States. *See In re Urethane Antitrust Litig.*, 267 F.R.D. at 364-65 (observing that the Hague Convention itself assumes that a person whose deposition is noticed will testify, asserting any privileges that may apply in the course of his or her deposition).[3] The underlying notice of deposition, the one attached to the letter of request, is indeed being issued under Federal Rule of Civil Procedure 45. Thus, Defendants have no standing to challenge the taking of such a deposition unless they can show a personal right or privilege that is somehow being infringed. *See, e.g., Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 523 (D. Co. 2003) (citing cases). Rather, as explained below, the Defendant for whom Leo Mink used to work, Philips, has provided information that supports the issuance of the Letter of Request. *See* Decl. of Emilio E. Varanini at ¶ 6. Furthermore, the European Union, which encompasses the Netherlands, has acted against the cartel alleged in this case, imposing fines, based in part on information supplied by Philips. *See* Summary of Commission Decision of 5 December 2012, Case Comp./39.437, C 303/13 O.J., http://eur-lex.europa.eu/LexUriServ/LexUriServ.do?uri=OJ:C:2013:303:0013:0016:EN:PDF, attached as Exhibit 1 to the Declaration of Emilio E. Varanini. Consequently, in the absence of any objectors meeting their burden of showing good reason why the Letter of Request should *not* issue, *In re Urethane Antitrust Litig.*, 267 F.R.D. at 365 n.17 (citing cases); *see Upper Deck Intern. B.V.*, 2013 WL 3746086 at *2, this Court may proceed and issue this Letter of Request without any further showing on the part of Plaintiffs.

Nonetheless, the Attorney General provides additional information in support of the issuance of the Letter of Request as to how Leo Mink possesses knowledge relevant to the claims in this case in order to assure the Court that the requested administrative act is proper. *Compare*

---

[3] As set out in the letter of request, the Attorney General has offered use immunity to Leo Mink for any testimony he gives in the course of his deposition in response to her questions or questions asked by other plaintiffs as she is empowered to do under California's antitrust laws, the Cartwright Act. *See* Cal. Bus. & Prof. Code §16758; *Daly v. Sup. Ct.*, 560 P.2d 1193 (Cal. 1977); *People v. Sup. Ct. (Kaufman)*, 525 P.2d 716 (Cal. 1971). It is anticipated that this offer not only will aid in Leo Mink's voluntarily testifying but also will aid in obtaining the consent of the Netherlands to this deposition. Decl. of Emilio E. Varanini at ¶ 11.

*id.* at 364 (noting that it is beyond dispute that the ex-employees in Germany sought to be deposed in that case had knowledge relevant to the claims or defenses at issue in that case).

As this Court is aware, Plaintiffs have alleged the existence of an international price-fixing conspiracy with multilateral and bilateral meetings taking place in Asia and Europe. *See, e.g.,* Decl. of Emilio E. Varanini at ¶ 3. This necessitates that current and former European and Asian employees of the Defendants who may have knowledge of these meeting during the relevant time period of 1995 to 2007 need be deposed. *See id.* at ¶ 5. Leo Mink was a sales manager for Philips in Europe from 1996 to 2001 regarding CRTs, and then was a sales manager for the successor joint venture, LG Philips Display ("LPD"), in Europe from 2001 to 2004 regarding CRTs. Decl. of Emilio E. Varanini at ¶ 5. Though Leo Mink retired from LPD in 2004, he continued to serve LPD as a consultant until 2005. *Id.*

In turn, the European Union has, in its summary of findings regarding the CRT price-fixing cartel, found that multi-lateral and bi-lateral meetings occurred in Europe and Asia, with more organized meetings occurring from 1999-on in Europe. *See* Summary of Commission Decision of 5 December 2012, Case Comp./39.437, C 303/13 O.J. (12), http://eur-lex.europa.eu/LexUriServ/LexUriServ.do?uri=OJ:C:2013:303:0013:0016:EN:PDF, attached as Exhibit 1 to the Declaration of Emilio E. Varanini. Those findings were based on cooperation furnished by some of the cartel participants, including Philips. *See* Summary of Commission Decision of 5 December 2012, Case Comp./39.437, C 303/13 O.J. (28), http://eur-lex.europa.eu/LexUriServ/LexUriServ.do?uri=OJ:C:2013:303:0013:0016:EN:PDF, attached as Exhibit 1 to the Declaration of Emilio E. Varanini.

This set of facts alone supports the inference that someone like Leo Mink, who worked for Philips in Europe in selling CRTs, may be able to provide relevant information as to the activities of the cartel. But the Attorney General offers additional facts to support the conclusion that Leo Mink specifically may be able to provide relevant information as to the activities of the cartel. [REDACTED]

Decl. of Emilio E. Varanini at ¶ 6. [REDACTED]

1  [REDACTED]
2  [REDACTED]
3  [REDACTED] *Id.* Philips does not object to this motion or to the issuance of
4  this subpoena. *Id.* at ¶ 8.
5      Yet, even aside from the cooperation provided by Philips, there is evidence in the form of
6  interrogatory responses and documents that supports the conclusion that Leo Mink has knowledge
7  pertinent to the activities of the cartel. [REDACTED]
8–13  [REDACTED]
14      This request thus presents exactly the kind of case in which the proposed letter of
15  request should issue from this Court. *In re Urethane Antitrust Litig.*, 267 F.R.D. at 364-65.
16      For the foregoing reasons, the Attorney General, joined by the Direct Purchaser Plaintiffs,
17  the Indirect Purchaser Plaintiffs, and the Direct Action Plaintiffs, hereby requests a court order
18  issuing the attached Letter of Request.

20  Dated: January 16, 2014    Respectfully submitted,

21  KAMALA D. HARRIS
    Attorney General of California

24      /s/ Emilio Varanini
    EMILIO VARANINI
    Deputy Attorney General
25  *Attorneys for the State of California*

26  SF2011203501