SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com
              tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TYLER M. CUNNINGHAM IN SUPPORT OF CALIFORNIA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[re Samsung SDI documents] |
| This Document Relates to:<br><br>ALL ACTIONS | |

I, TYLER M. CUNNINGHAM, do declare and state as follows:

1. I am a member of the bar of the State of California and an associate with Sheppard, Mullin, Richter & Hampton LLP, counsel of record for defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd. (collectively "SDI") in these actions. I make this declaration in support of the State of California's Administrative Motion to File Under Seal (Dkt. No. 2327) ("Motion to Seal"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306) ("Protective Order").

3. I have reviewed the Administrative Motion for Order Issuing Letter of Request for Deposition of Leo Mink ("Motion for Letter of Request"), the Declaration of Emilio E. Varanini in support thereof ("Varanini Declaration"), and the exhibits thereto, all of which were lodged on January 16, 2014.

4. Pursuant to Civil Local Rules 7-11 and 79-5, this Court's General Order No. 62, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Protective Order, I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal Varanini Declaration Exhibit 2.

5. Varanini Declaration Exhibit 2 is the Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, which SDI designated "Confidential" pursuant to the Protective Order. Exhibit 2 is a voluminous document; however, it is only briefly discussed in California's Motion for Letter of Request. Where confidential documents or information are not material to the disposition of the underlying motion, the documents and information should be kept under seal. *See, e.g., The Wilderness Society v.*

1 *Wisely*, 524 F. Supp. 2d 1285, 1296 (D. Colo. 2007) (ordering documents to be kept under seal "[b]ecause the Court has not considered the [documents] in reaching its decisions in this case, [thus] there is no public interest to be served by providing access to them"); *McConnell v. Fed. Election Comm.*, 251 F. Supp. 2d 919, 937, 943 (D.D.C. 2003) (ordering documents and information not relied upon by the court be kept under seal); *Davis v. Miner*, 2007 WL 1237924, at *3 n.8 (M.D. Penn. April 26, 2007) (same).

6. Varanini Declaration Exhibit 2 contains confidential, nonpublic, proprietary and sensitive business information about SDI's sales processes, business practices, negotiating tactics and competitive positions, including as to relationships with companies that remain important to SDI's competitive position. I am informed and believe that public disclosure of this document would risk undermining SDI's business relationships, causing harm with respect to its competitors and/or putting SDI at a competitive disadvantage. Sealing Exhibit 2 is particularly appropriate where there is no need to release the entire exhibit. Accordingly, the Court has already ordered on three different occasions that previous versions of these same interrogatory responses should be maintained under seal. *See* Order Granting Direct Purchaser Plaitniffs' Administrative Motion to Seal Documents (Dkt. No. 1120); Order Re Administrative Motions to File Under Seal (Dkt. No. 1512); Order Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents (MDL No. 1698).

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on January 21, 2014 at San Francisco, California.

      */s/ Tyler M. Cunningham*
      TYLER M. CUNNINGHAM