BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br><br>ALL ACTIONS | Case No. 3:07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF STATE OF CALIFORNIA'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

I, Charles M. Malaise, hereby declare as follows:

1. I am a senior associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, the "Philips Defendants"). I am a member of the bar of the District of Columbia and I am admitted to practice before this Court *pro hac vice.*

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order"). On January 16, 2014, Plaintiff the Attorney General of the State of California (the "State of California"), joined by the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, and the Direct Action Plaintiffs, (collectively the "Plaintiffs") filed an Administrative Motion to Seal (Dkt. 2327), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), portions of the following documents that contain information from documents that the Philips Defendants have designated "Confidential" or "Highly Confidential:"

   a. Administrative Motion for Order Issuing Letter of Request for Deposition of Leo Mink ("Administrative Motion");

   b. English Version of Letter of Request to [Proposed] Order Granting Administrative Motion for Order Issuing Letter of Request for Deposition of Leo Mink ("English Letter of Request");

   c. Dutch Version of Letter of Request to [Proposed] Order Granting Administrative Motion for Order Issuing Letter of Request for Deposition of Leo Mink ("Dutch Letter of Request");

   d. Exhibit 2 to Declaration of Emilio E. Varanini in Support of the Administrative Motion for Order Issuing Letter of Request for Deposition of Leo Mink; and

   e. Exhibit 3 to Declaration of Emilio E. Varanini in Support of the Administrative Motion for Order Issuing Letter of Request for Deposition of Leo Mink ("Exhibit 3").

1     4. The Philips Defendants have produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

    5. The documents and information identified by the Plaintiffs for redaction quotes from, describes, or otherwise summarizes confidential information received from the Philips Defendants pursuant to a cooperation agreement between the Philips Defendants and the State of California that is protected from disclosure under Federal Rule of Evidence 408 and its California state analog California Evidence Code 452. The Philips Defendants designated these documents as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because the documents and information provided contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents and information provided describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' competitors and customers, and would put the Philips Defendants at a competitive disadvantage.

    6. The documents and information quoted from, described, or otherwise summarized in the English Letter Request and Dutch Letter Request relies on confidential information received from the Philips Defendants pursuant to a cooperation agreement between the Philips Defendants and the State of California that is protected from disclosure under Federal Rule of Evidence 408 and its California state analog California Evidence Code 452. The Philips Defendants designated the documents as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because the documents and information provided contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents and information provided describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips

DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF STATE OF CALIFORNIA'S MOTION TO SEAL

1  Defendants' competitors and customers, and would put the Philips Defendants at a competitive
2  disadvantage.
3      7.      The documents and information quoted from, described, or otherwise summarized in
4  Exhibit 3 relies on documents designated by the Philips Defendants as either "Confidential" or
5  "Highly Confidential" pursuant to the Stipulated Protective Order because the documents provided
6  contain confidential, nonpublic, and highly sensitive business information about the Philips
7  Defendants' sales practices, business and supply agreements, and competitive positions.  The
8  documents provided describe relationships with companies (including customers and vendors) that
9  remain important to the Philips Defendants' competitive positions.  Publicly disclosing this sensitive
10 information presents a risk of undermining the Philips Defendants' relationships, would cause harm
11 with respect to the Philips Defendants' competitors and customers, and would put the Philips
12 Defendants at a competitive disadvantage.
13     I declare under penalty of perjury under the laws of the United States of America that the
14 foregoing is true and correct.
15     Executed on January 21, 2014 in Washington, D.C.

_____
Charles M. Malaise