Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131-3456
Telephone:    305-374-7580
Facsimile:    305-374-7593
E-mail:       rturken@bilzin.com;
              swagner@bilzin.com
              mwidom@bilzin.com

Stuart H. Singer
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone:    (954) 356-0011
Facsimile:    (954) 356-0022
E-mail:       ssinger@bsfllp.com

*Counsel for Plaintiffs Tech
Data Corporation and Tech Data Product
Management, Inc.*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944 SC (N.D. Cal.) |
| | MDL No. 1917 |
| _____ | |
| This Document Relates to Individual Case No. 13-CV-00157-SC | **PLAINTIFFS TECH DATA CORPORATION AND TECH DATA PRODUCT MANAGEMENT, INC.'S SUPPLEMENTAL BRIEF IN FURTHER OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS CERTAIN DIRECT ACTION PLAINTIFFS' CLAIMS** |
| TECH DATA CORPORATION; TECH DATA PRODUCT MANAGEMENT, INC., | |
| Plaintiffs, vs. | |
| HITACHI, LTD; *et al.* | |
| Defendants. | Judge: Hon. Samuel Conti |

TECH DATA'S SUPPLEMENTAL BRIEF IN FURTHER OPP'N TO DEFENDANTS' JOINT MOTION TO DISMISS CERTAIN DIRECT ACTION PLAINTIFFS' CLAIMS

MASTER FILE NO. 07-5944 SC (N.D. CAL.)
INDIVIDUAL CASE NO.: 13-CV-00157 SC

On January 8, 2014 the Court issued an order directing the parties to provide supplemental briefs in connection with the Defendants' Joint Motion to Dismiss Certain Direct Action Plaintiffs' Claims. Order Re: Supplemental Briefing, [Dkt. No. 2307][1]. Specifically, the Court asked the parties to clarify the specific dates with regard to the filing and dismissal of the State of Florida's complaint and discuss how those dates impact the timeliness of the Florida claims included in Tech Data's complaint.

As an initial matter, Tech Data inadvertently referred to the State of Florida complaint as being filed in 2007. This was in error. The State of Florida complaint actually was filed on December 9, 2011.[2] Tech Data humbly apologizes for any confusion.

In order to avoid any further uncertainty, following is a recitation of the relevant dates in respect of the State of Florida's complaint and the filing of Tech Data's complaint:

- December 9, 2011– The State of Florida files its initial complaint, appended to the Declaration of Scott N. Wagner ("Wagner Decl.") filed concurrently herewith, as **Exhibit 1**.

- December 10, 2012 – The State of Florida and Defendants file a stipulation asking the Court to approve their agreement that the claims asserted by the State of Florida be dismissed. [Dkt. No. 1480], **Exhibit 2** to Wagner Decl. (the "Florida Dismissal Stipulation").

- December 11, 2012 − Tech Data files it is initial complaint, which expressly alleges that the State of Florida complaint tolled Tech Data's claims.[3] *Tech Data*

---

[1] "Dkt. No." refers to the docket entry number in the MDL, 07-5944 SC, MDL No. 1917 (N.D. Cal.).

[2] The Court also correctly assumes that Tech Data intended to cite to Florida Statutes Section 501.207(1)(c) where it cited Section 501.07(1)(c).

[3] Identical language appears in Tech Data's Amended Complaint [Dkt. No. 1911 at ¶ 244].

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

*Corp. v. Hitachi, Ltd.*, Case No. 8:12-CV-02795 (M.D. Fla.)[4] at ¶ 237, **Exhibit 3** to Wagner Decl.

- December 11, 2012 – Special Master Legge recommends approval of the stipulation and the dismissal of the State of Florida complaint. [Dkt. No. 1483], **Exhibit 4** to Wagner Decl.

- December 27, 2012 – The Court approves the stipulation and orders that the State of Florida complaint is dismissed. [Dkt. No. 1511], **Exhibit 5** to Wagner Decl.

Having addressed the Court's first inquiry, the question now turns to what effect these dates have on the timeliness of Tech Data's Florida claims. In footnote 11 of Defendants' Reply Brief, Defendants assert that "even if Tech Data did benefit from tolling based on the State of Florida's complaint, it would have tolled the statute of limitations for only 367 days, which still renders Tech Data's FDUTPA claim untimely." This was the first time Defendants suggested in any fashion that the tolling effect of the State of Florida complaint would be insufficient to bring Tech Data's claims within the statute of limitations. In their Motion to Dismiss, Defendants' sole argument was the misplaced assertion that Florida law does not recognize class action tolling.

Although Defendants do not articulate why the tolling provided by the State of Florida complaint is inadequate, they presumably will argue that the State of Florida complaint itself was untimely because it was filed three weeks after the DAP Complaints.[5] There is a reason, however, why Defendants have never made this argument and why they relegated their suggestion of insufficient tolling to a footnote in their reply brief.

As the Special Master recognized in his ruling on Defendants' Motion to Dismiss the DAP complaints—which this Court adopted—neither the report of an alleged price-fixing

---

[4] The case was subsequently transferred to the Northern District of California, Case No. 13-CV-001257.

[5] The DAP Complaints include: *Office Depot, Inc. v. Hitachi, Ltd., et al.*, (November 14, 2011); *Sigel v. Hitachi, Ltd., et al.*, (November 14, 2011); *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, (November 14, 2011); *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, (November 14, 2011); and *Best Buy Co., Inc. v. Hitachi, Ltd., et al.*, (November 14, 2011).

TECH DATA'S SUPPLEMENTAL BRIEF IN FURTHER OPP'N TO DEFENDANTS' JOINT MOTION TO DISMISS CERTAIN DIRECT ACTION PLAINTIFFS' CLAIMS

-2-

MASTER FILE NO. 07-5944 SC (N.D. CAL.)
INDIVIDUAL CASE NO.: 13-CV-00157 SC

1  conspiracy nor the initial filing of civil actions can be deemed, as a matter of law, to place every
2  prospective plaintiff on notice of a claim on the date of the report or filing.  *See* Special Master's
3  Report and Recommendations Regarding Defendants' Motions to Dismiss Direct Action
4  Complaints [Dkt. No. 1664, at 7] ("Special Master's R&R"), **Exhibit 6** to Wagner Decl; *see also*
5  Order Adopting In Part and Modifying In Part Special Master's Report and Recommendation on
6  Defendants' Motion to Dismiss the Direct Action Plaintiffs' Complaints [Dkt. No. 1856, at 8],
7  **Exhibit 7** to Wagner Decl.  Rather, the issue of constructive notice is inherently a factual
8  question that requires consideration of more than just the date of a report or filing.  Special
9  Master's R& R at 7.

10  Thus, for the same reason that the Special Master and this Court could not conclude as a
11  matter of law that the DAP Complaints were untimely just because they were filed four years and
12  one week after the first reports of the alleged CRT price-fixing conspiracy, that same logic
13  should apply to the State of Florida complaint which was filed three weeks later.

14  Accordingly, because the statute of limitations on Tech Data's FDUTPA claim was tolled
15  unbroken between the filing of the State of Florida complaint and the filing of Tech Data's
16  Complaint, Tech Data's FDUTPA claim is timely and Defendants' Motion to Dismiss should be
17  denied.

19  Dated:  January 21, 2014.

20  Respectfully Submitted,

21   /s/Scott N. Wagner
22  ROBERT W. TURKEN
    SCOTT N. WAGNER
23  MITCHELL E. WIDOM
    BILZIN SUMBERG BAENA PRICE &
24  AXELROD LLP
    1450 Brickell Ave., Suite 2300
25  Miami, Florida 33131-3456
    Telephone:  (305) 374-7580
26  Facsimile:  (305) 374-7593
27  E-mail:       rturken@bilzin.com
                  swagner@bilzin.com
28                mwidom@bilzin.com

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

    /s/ Philip J. Iovieno
STUART H. SINGER
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
E-mail:  ssinger@bsfllp.com

WILLIAM A. ISAACSON
MELISSA WILLETT
BOIES, SCHILLER & FLEXNER
5301 Wisconsin Ave. NW, Suite 800
Washington, DC 20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
E-mail:  wisaacson@bsfllp.com
        mwillett@bsfllp.com

PHILIP J. IOVIENO
BOIES, SCHILLER & FLEXNER
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
E-mail:  piovieno@bsfllp.com

*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing document was electronically served upon the parties and counsel of record through the Court's ECF system on January 21, 2014.

/s/Scott N. Wagner
Scott N. Wagner
*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

TECH DATA'S SUPPLEMENTAL BRIEF IN FURTHER OPP'N TO DEFENDANTS' JOINT MOTION TO DISMISS CERTAIN DIRECT ACTION PLAINTIFFS' CLAIMS

MASTER FILE NO. 07-5944 SC (N.D. CAL.)
INDIVIDUAL CASE NO.: 13-CV-00157 SC