SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:     415-434-3947
E-mail:          ghalling@sheppardmullin.com
                     jmcginnis@sheppardmullin.com
                     mscarborough@sheppardmullin.com
                     tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513-SC<br><br>*Target Corp. v. Chunghwa, et al.,* No. 11-cv-05514-SC<br><br>*Tech Data v. Hitachi, Ltd., et al.,* No. 13-cv-00157-SC | **DECLARATION OF TYLER M. CUNNINGHAM IN SUPPORT OF PLAINTIFFS BEST BUY, TECH DATA, AND TARGET'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5**<br><br>[re Samsung SDI documents] |

I, TYLER M. CUNNINGHAM, do declare and state as follows:

1. I am a member of the bar of the State of California and an associate with Sheppard, Mullin, Richter & Hampton LLP, counsel of record for defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd. (collectively "SDI") in these actions. I make this declaration in support of Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing, LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; Bestbuy.com, LLC; Magnolia Hi-Fi, LLC; Target Corp.; Tech Data Corporation and Tech Data Product Management, Inc.'s (collectively, "Plaintiffs") Administrative Motion for File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5 (Dkt. No. 2339) ("Motion to Seal"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306) ("Protective Order").

3. I have reviewed Plaintiffs' Consolidated Opposition to Defendant Beijing Matsushita Color CRT Co., Ltd.'s Motion to Dismiss Certain Direct Action Purchaser Complaints ("Opposition"), the Declaration of Vincent S. Loh in support thereof ("Loh Declaration"), and Loh Declaration exhibits E and CC.

4. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal Loh Declaration exhibits E and CC.

5. Loh Declaration Exhibit E contains the Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, which SDI designated "Confidential" pursuant to the Protective Order. Exhibit E is a voluminous document, numbering 102 pages. However, it is only briefly discussed in the Opposition, at pp. 6:25-28 and 15:28-16:2. Where confidential documents or information are not material to the

-1-

MDL No. 1917; Case No. 3:07-cv-05944-SC           CUNNINGHAM DECLARATION I/S/O BEST BUY, TECH DATA AND TARGET'S MOTION TO SEAL

1  disposition of the underlying motion, the documents and information should be kept under seal.
2  *See, e.g., The Wilderness Society v. Wisely*, 524 F. Supp. 2d 1285, 1296 (D. Colo. 2007) (ordering
3  documents to be kept under seal "[b]ecause the Court has not considered the [documents] in
4  reaching its decisions in this case, [thus] there is no public interest to be served by providing
5  access to them"); *McConnell v. Fed. Election Comm.*, 251 F. Supp. 2d 919, 937, 943 (D.D.C.
6  2003) (ordering documents and information not relied upon by the court be kept under seal); *Davis
7  v. Miner*, 2007 WL 1237924, at *3 n.8 (M.D. Penn. April 26, 2007) (same).

8        6.    Loh Declaration Exhibit E contains confidential, nonpublic, proprietary and
9  sensitive business information about SDI's sales processes, business practices, negotiating tactics
10 and competitive positions, including as to relationships with companies that remain important to
11 SDI's competitive position.  I am informed and believe that public disclosure of this document
12 would risk undermining SDI's business relationships, causing harm with respect to its competitors
13 and/or putting SDI at a competitive disadvantage.  Sealing Exhibit E is particularly appropriate
14 where there is no need to release the entire exhibit.  Accordingly, the Court has already ordered on
15 at least three occasions that these interrogatory responses should be maintained under seal.  *See*
16 Order Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents (Dkt. No.
17 1120); Order Re Administrative Motions to File Under Seal (Dkt. No. 1512); Order Granting
18 Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents (MDL No. 1698).

19       7.    Exhibit E also contains several documents produced by SDI and designated
20 "Highly Confidential" under the Protective Order, and purported translations thereof (but no
21 certificates of translation).  These documents are not described in the Loh Declaration, nor are
22 they referenced in the Opposition.  It therefore appears that Plaintiffs appended these documents to
23 Exhibit E in error.  The documents are Bates labeled SDCRT-0002526 to 28; Translation:
24 SDCRT-002526.01 to 28; SDCRT-0002582; Translation: SDCRT-0002582; SDCRT-0006041 to
25 42; and SDCRT-0006041T to 42T (the "Mistakenly Appended Documents").

26       8.    Because neither the Opposition nor the Loh Declaration refers to the
27 Mistakenly Appended Documents, it appears that Plaintiffs do not submit them as a basis for
28

-2-

MDL No. 1917; Case No. 3:07-cv-05944-SC      CUNNINGHAM DECLARATION I/S/O BEST BUY, TECH DATA AND TARGET'S MOTION TO SEAL

determining the underlying motion.  Where confidential documents or information are not material to the disposition of the underlying motion, the documents and information should be kept under seal.  *See* ¶ 5, *supra*.

9. The Mistakenly Appended Documents appear to be internal SDI reports that contain, cite and/or refer to confidential business information about SDI's market analyses, strategies, business and supply plans, and/or relationships with companies that remain important to SDI's competitive position.  I am informed and believe that public disclosure of these documents would risk undermining SDI's business relationships, causing harm with respect to its competitors or placing SDI at a competitive disadvantage.  For this additional reason, the Mistakenly Appended Documents should be kept under seal.

10. Loh Declaration Exhibit CC consists of excerpts from the deposition of Jae In Lee, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for SDI.  SDI designated these excerpts of the deposition transcript "Highly Confidential" under the Protective Order.  These excerpts contain information concerning SDI's sales and marketing practices.  I am informed and believe that this is sensitive information, and public disclosure of such information would risk undermining SDI's business relationships, causing it harm with respect to its competitors and customers, and/or putting SDI at a competitive disadvantage.  For these reasons, the Court has previously sealed excerpts from this deposition.  *See, e.g.,* Order Granting Sharp Plaintiffs' Administrative Motion to Seal Documents (Dkt. No. 1852); Order Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. No. 1698).

11. For the above reasons, SDI respectfully requests that the Court maintain under seal Loh Declaration exhibits E and CC.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on January 27, 2014 at San Francisco, California.

　　　　　　　　　　　　　　　　　　*/s/ Tyler M. Cunningham*
　　　　　　　　　　　　　　　　　　TYLER M. CUNNINGHAM