JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

Additional Moving Defendants and Counsel Listed on Signature Pages

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | **Case No. 07-5944 SC** |
| | **MDL No. 1917** |
| This Document Relates to: | |
| *Tech Data Corp. v. Hitachi, Ltd.*, No. 13-cv-00157; | **DEFENDANTS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS CERTAIN DIRECT ACTION PLAINTIFFS' CLAIMS** |
| *Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-01173; | |
| *Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.*, No. 13-cv-02776. | |

The short answer to the Court's inquiry regarding how the dates at issue here impact the timeliness of Tech Data's[1] Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim is that they do not. As an initial matter, Tech Data's FDUTPA claim cannot be tolled based on the State of Florida's December 9, 2011 complaint because Florida state law does not recognize class action tolling under *American Pipe Construction Co. v. Utah*, 414 U.S. 538 (1974), which in any event applies to class actions, not *parens patriae* suits. But, even if *American Pipe* presented a viable theory of tolling here, which it does not, Tech Data's FDUTPA claim would still be untimely because any tolling based on Florida's complaint is insufficient to bridge the more than five-year period of delay by Tech Data in filing its complaint. Finally, although Tech Data attempts to cloud the relevant analysis here by injecting the issue of constructive notice, whether and when Tech Data had notice of its claims is irrelevant under *American Pipe*. What is relevant is the timeliness of that underlying complaint, and where, as here, the underlying complaint is itself untimely, it cannot serve as the basis for tolling any later-filed claims.

## I. TECH DATA HAS NOT DEMONSTRATED ANY LEGAL BASIS FOR TOLLING ITS FDUTPA CLAIM BASED ON THE STATE OF FLORIDA'S COMPLAINT

Tech Data relies on the State of Florida's complaint as the basis for tolling its FDUTPA claim under the class action tolling principles articulated in *American Pipe*. Tech Data, however, provides no support for its assertion that *American Pipe* is a legally recognized tolling doctrine under Florida state law. *See* Tech Data's Opp'n to Defs.' Joint Mot. to Dismiss at 2, Nov. 6, 2013 (Dkt. No. 2197) (citing only two cases, both of which addressed the application of the federal tolling doctrine to federal law claims); *see also* Reply Br. in Supp. of Defs.' Joint Mot. to Dismiss at 5-6, Nov. 20, 2013 (Dkt. No. 2231) (explaining that whether *American Pipe* applies cross-jurisdictionally is a question of state law). It is not. *See* Reply Br. at 11-12. Instead, Judge Legge has already recognized that Florida Statute § 95.051(1) reflects the only bases for tolling under Florida law. *See* R&R[2] at 6 ("There is substantial authority that those stated types of tolling are

---

[1] Tech Data Corporation and Tech Data Product Management, Inc. are referred to collectively herein as "Tech Data."

[2] Report and Recommendations Regarding Defs.' Mot. to Dismiss the Compl. of the State of

1

DEFS.' SUPPLEMENTAL BRIEF IN FURTHER SUPP. OF THEIR   Case No. 07-5944
MOT. TO DISMISS CERTAIN DIRECT ACTION PLS.' CLAIMS   MDL NO. 1917

1  exclusive, and that no other tolling doctrine may be applied to Florida's claims."); *see also Fla.*
2  *Dep't of Health & Rehab. Servs. v. S.A.P.*, 835 So. 2d 1091, 1096 n.7 (Fla. 2003) (Florida Statute
3  § 95.051(1) provides "an exclusive list of conditions that can 'toll' the running of the statute of
4  limitations"); *HCA Health Servs. of Fla., Inc. v. Hillman*, 906 So. 2d 1094, 1098 (Fla. Dist. Ct.
5  App. 2004) (Florida's legislature "made clear its intent to exclude all tolling exceptions not listed
6  in the statute"). Not surprisingly, neither *American Pipe* nor any other type of class action or
7  cross-jurisdictional tolling is among them.

8  Putting aside whether *American Pipe* would apply here based on an earlier-filed class
9  action complaint asserting identical FDUTPA claims, Tech Data offers no authority whatsoever
10 for its apparent assumption that *American Pipe* would somehow apply to toll later-filed claims
11 that were first asserted by a state attorney general *parens patriae* on behalf of state consumers and
12 businesses. An action brought *parens patriae* is not a class action, and there is no indication from
13 Tech Data as to how or why class action tolling applies here. *See Miss. ex rel. Hood v. AU*
14 *Optronics Corp.*, 134 S. Ct. 736 (2014), *rev'g*, 701 F.3d 796, 799 (5th Cir. 2012) (reiterating
15 Court of Appeals' conclusion that a suit brought by attorney general *parens patriae* "did not
16 qualify as a 'class action' because it was 'not brought pursuant to Federal Rule of Civil Procedure
17 23 or a 'similar State statute or rule of judicial procedure'"). Instead, Tech Data simply assumes,
18 without legal support, that the doctrine in *American Pipe* is on point. In the absence of a legally
19 recognized basis for tolling under Florida law, the questions of when Florida's complaint was
20 filed, how long Tech Data may or may not be entitled to tolling, or whether Florida's complaint
21 was even timely to begin with, are irrelevant.

22 **II.   TECH DATA'S COMPLAINT IS UNTIMELY EVEN IF IT IS ENTITLED TO TOLLING BASED ON FLORIDA'S EARLIER-FILED COMPLAINT**
23 
24 Even if the State of Florida's complaint could somehow toll Tech Data's FDUTPA claim,
25 that claim would still be untimely because any such tolling would be insufficient to bridge the

---

Florida, Nov. 16, 2012 (Dkt. No. 1451). Importantly, Florida did not object to the Special Master's ruling, which remains effective absent any further action from the parties and is thus the law of this multi-district litigation. *See* Order Appointing Special Master ¶ 17, June 16, 2008 (Dkt. No. 302).

2

DEFS.' SUPPLEMENTAL BRIEF IN FURTHER SUPP. OF THEIR                    Case No. 07-5944
MOT. TO DISMISS CERTAIN DIRECT ACTION PLS.' CLAIMS                      MDL NO. 1917

1  more than five-year gap between the time the statute of limitations began to run and the filing of
2  Tech Data's complaint.  In its supplemental brief, Tech Data sets forth for the Court the date that
3  Florida's complaint was filed, as well as the various dates of the Florida parties' stipulation of
4  dismissal, Judge Legge's approval of the stipulation, and the Court's subsequent approval,
5  purportedly "to avoid any further uncertainty."  Tech Data's Supplemental Br. in Opp'n to Defs.'
6  Mot. to Dismiss at 1-2, Jan. 21, 2014 (Dkt. No. 2348).  Yet Tech Data, for obvious reasons, fails
7  to explain how those dates provide it with an adequate tolling period to render its complaint, filed
8  more than a year after the other differently-situated DAPs in this litigation, timely.

9  If anything, Tech Data's claim would be tolled for only 367 days based on Florida's
10 complaint, which is insufficient to bring its belated complaint within the applicable four-year
11 limitations period.  This calculation accounts for the period of time between the filing of Florida's
12 complaint on December 9, 2011, and the filing of Tech Data's own complaint on December 11,
13 2012.  The parties need not debate, and the Court need not address, the dates of the State of
14 Florida's and defendants' stipulation of dismissal of Florida's claims and the subsequent
15 approvals of that stipulation, as they are immaterial to the present inquiry because any tolling
16 based on Florida's complaint definitively ended on December 11, 2012, when Tech Data filed its
17 own claims obviating the need for any further tolling.

18 In order for Tech Data's FDUTPA claim to be timely, it therefore must have been filed
19 within four years and 367 days of the date the limitations period began to run at some point in
20 November 2007.[3]  Even giving Tech Data the benefit of the doubt, and assuming that the
21 limitations period began to run on the last day of November 2007, it would have expired by
22 November 30, 2011.  There is no question, therefore, that Tech Data's complaint, which was filed
23 more than 367 days after November 30, 2011, is untimely.

---

[3] Defendants use November 2007 as starting the statute of limitations, as Tech Data concedes that its allegations mirror those set forth in the other DAP complaints, which allege fraudulent concealment only up to November 14, 2007, and Tech Data has neither argued nor alleged that there was any fraudulent concealment beyond that time.  See Opp'n Br. at 4.

## III. CONSTRUCTIVE NOTICE IS INAPPLICABLE HERE BECAUSE FLORIDA'S COMPLAINT ITSELF WAS UNTIMELY

Tech Data's theory of tolling based on the State of Florida's complaint is based entirely on the application of *American Pipe*. Yet in its supplemental brief, Tech Data raises the issue of constructive notice, arguing that it is equally-situated with the other DAPs. *See* Supplemental Br. at 2-3. Tech Data argues that because its allegations of fraudulent concealment "mirror the allegations contained in the complaints that were the subject of the DAP Order," the Court should reach the same conclusion that it did in assessing the timeliness of those complaints, even though Tech Data waited over a year later to bring its claims. Opp'n Br. at 4. Indeed, according to Tech Data, it doesn't matter how late it filed its complaint, because the issue of when it had constructive notice of its claims turns on disputed facts and cannot be assessed at this time.[4] Supplemental Br. at 2-3.

Tech Data, however, is obfuscating the issue at hand. Whether and when Tech Data had constructive notice of its claims has no bearing under *American Pipe* (which, again, has nothing to do with state attorney general actions). *American Pipe* simply provides that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe*, 414 U.S. at 554. The statute of limitations remains tolled for all such putative class members until class certification is denied, at which time they may choose to file their own suits or to intervene as plaintiffs in the pending action. *Crown, Cork, & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354 (1983). The doctrine has nothing to do with when Tech Data had constructive, or even actual notice of its claims.

Tech Data's focus on constructive notice is no doubt an attempt to distract this Court from the conclusion that the State of Florida's complaint cannot serve to toll Tech Data's FDUTPA claim at all, as this Court has already recognized that Florida's complaint itself was untimely. *See*

---

[4] Additionally, despite Tech Data's assertions to the contrary, it is not in the same position as the other DAPs in this litigation. Tech Data filed its complaint on December 11, 2012, more than a year after the vast majority of those DAP complaints were filed on November 14, 2011. *See* Joint Mot. to Dismiss Certain Direct Action Pls.' Claims at 2, Oct. 7, 2013 (Dkt. No. 1992).

1  R&R at 7 (recommending dismissal of Florida's complaint on statute of limitations grounds).
2  Simple logic dictates that if the underlying earlier-filed complaint is untimely, it cannot operate to
3  toll any later-filed claims.  *See, e.g.*, *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 474-
4  75 (1975) (Marshall, J., dissenting) ("[i]n *American Pipe* we held that initiation of a *timely* class
5  action tolled the running of the limitation period as to individual members of the class . . . .")
6  (emphasis added); *see also Hood v. New Jersey Dept. of Civil Serv.*, 680 F.2d 955, 959 (3d Cir.
7  1982) (holding that "in order for the statute to be tolled, the original complaint must have been
8  timely filed" and dismissing later-filed claims); *Haas v. Pittsburgh Nat'l Bank*, 526 F.2d 1083,
9  1097 (3d Cir. 1975) ("*American Pipe* holds that the timely commencement of a class action tolls
10 the applicable statute of limitations . . . .").

11 As stated above, even if Tech Data were entitled to tolling based on Florida's complaint,
12 the tolling period is insufficient to rescue its untimely complaint.  But the fact of the matter is
13 Tech Data cannot benefit from any tolling based on Florida's complaint because there is no such
14 tolling doctrine recognized under Florida state law, and Florida's complaint was untimely to begin
15 with.  For the reasons set forth herein, as well those set forth in Defendants' Joint Motion to
16 Dismiss Certain Direct Action Plaintiffs' Claims (Dkt. No. 1992) and Reply Memorandum of
17 Law (Dkt. No. 2231), Tech Data's FDUTPA claim was filed beyond the applicable statute of
18 limitations and must be dismissed as untimely.

19 DATED:  January 28, 2014                WINSTON & STRAWN LLP
20
21                                          By: /s/ Jeffrey L. Kessler
                                            JEFFREY L. KESSLER (*pro hac vice*)
22                                          Email: JKessler@winston.com
                                            A. PAUL VICTOR (*pro hac vice*)
23                                          Email: PVictor@winston.com
                                            ALDO A. BADINI (SBN 257086)
24                                          Email: ABadini@winston.com
                                            EVA W. COLE (*pro hac vice*)
25                                          Email: EWCole@winston.com
                                            MOLLY M. DONOVAN
26                                          Email: MMDonovan@winston.com
                                            JENNIFER M. STEWART
27                                          Email: JStewart@winston.com
                                            **WINSTON & STRAWN LLP**
28                                          200 Park Avenue

New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

WHITE & CASE LLP

By: /s/ Lucius B. Lau
CHRISTOPHER M. CURRAN (*pro hac vice*)
Email: ccurran@whitecase.com
LUCIUS B. LAU (*pro hac vice*)
Email: alau@whitecase.com
DANA E. FOSTER (*pro hac vice*)
Email: defoster@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

BAKER BOTTS LLP

By: /s/ Jon V. Swenson
JON V. SWENSON (SBN 233054)
Email: jon.swenson@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699

JOHN M. TALADAY (*pro hac vice*)
Email: john.taladay@bakerbotts.com
JOSEPH OSTOYICH (*pro hac vice*)
Email: joseph.ostoyich@bakerbotts.com
ERIK T. KOONS (*pro hac vice*)
Email: erik.koons@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)
Email: charles.malaise@bakerbotts.com
**BAKER BOTTS LLP**
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

*Attorneys for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation*

MUNGER, TOLLES & OLSON LLP

By: /s/ Hojoon Hwang
HOJOON HWANG (SBN 184950)
Email: Hojoon.Hwang@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

WILLIAM D. TEMKO (SBN 098858)
Email: William.Temko@mto.com
JONATHAN E. ALTMAN (SBN 170607)
Email: Jonathan.Altman@mto.com
BETHANY W. KRISTOVICH (SBN 241891)
Email: Bethany.Kristovich@mto.com
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd.*

KIRKLAND & ELLIS LLP

By: /s/ Eliot A. Adelson
ELIOT A. ADELSON (SBN 205284)
Email: eadelson@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street
27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1413

Facsimile: (415) 439-1500

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display, Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

SHEPPARD MULLIN RICHTER & HAMPTON

By: /s/ Gary L. Halling
GARY L. HALLING (SBN 66087)
Email: ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
Email: jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (SBN 203524)
Email: mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON**
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) SDN. BHD., Samsung SDI Mexico S.A. DE C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.