Eliot A. Adelson (State Bar No. 205284)
James Maxwell Cooper (State Bar No. 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants
HITACHI, LTD., HITACHI DISPLAYS, LTD.
(n/k/a JAPAN DISPLAY INC.), HITACHI
AMERICA, LTD., HITACHI ASIA, LTD.,
AND HITACHI ELECTRONIC DEVICES
(USA), INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Cathode Ray Tube (CRT) Antitrust Litigation*, | NO. 07-CV-5944-SC<br>MDL NO. 1917 |
| This Document Relates To: | |
| *Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724; | **DECLARATION OF JAMES MAXWELL COOPER IN SUPPORT OF THOMSON SA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al.*, No. 13-cv-00141; | |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | [Civil L.R. 79-5(d)] |
| *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727; | |
| *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726; | |

*Costco Wholesale Corporation v. Technicolor SA, et al.,* No. 13-cv-05723;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, *et al.,* No. 3:13-cv-05262;

*Target Corp. v. Technicolor SA, et al.,* No. 13-cv-05686

I, James Maxwell Cooper, declare as follows:

1.  I am a member of the bar of the State of California and an attorney at the law firm of Kirkland & Ellis LLP, counsel for defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi Defendants").

2.  Except for those matters stated on information and belief, about which I am informed and believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

3.  On June 18, 2008, the Court approved a "Stipulated Protective Order" (Dkt No. 306).

4.  On January 27, 2014, specially appearing Defendant Thomson SA ("Thomson") filed an Administrative Motion to Seal (Dkt. No. 2355), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), portions of Thomson's Notice of Motion and Motion to Dismiss Newly Filed Direct Action Plaintiffs' Complaints ("Motion") that contain information from documents or deposition testimony that the Hitachi Defendants have designated "Confidential" or "Highly Confidential."

5.  Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Hitachi Defendants to provide the basis for the Court to maintain under seal certain documents and

information quoted from, described, or otherwise summarized in the Motion that have been designated by the Hitachi Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

6. Specifically, the Motion references or quotes directly from portions of Office Depot, Inc.'s First Amended Complaint in this matter (Dkt. No. 2279-7) designated by the Hitachi Defendants as "Confidential" or "Highly Confidential" under the terms of the Stipulated Protective Order and previously subject to administrative motions to file under seal in this case that the Court has granted.

7. I am informed and believe that page 9 lines 15-19 of the Motion quotes from, describes, or otherwise summarizes portions of Office Depot, Inc.'s First Amended Complaint that quote from, describe, or otherwise summarize documents or information that the Hitachi Defendants have designated as "Confidential" or "Highly Confidential," and previously subject to administrative motions to file under seal in this case that the court has granted.

8. I am informed and believe that the documents and information quoted from, described, or otherwise summarized in the Motion consist of, cite to, or identify confidential, nonpublic, proprietary, and highly sensitive business information about the Hitachi Defendants' business practices, pricing practices, confidential business agreements, and competitive positions. The documents describe relationships with companies that remain important to the Hitachi Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Hitachi Defendants' business relationships, would cause them harm with respect to their competitors and customers, and would put the Hitachi Defendants at a competitive disadvantage.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 3rd day of February, 2014, at San Francisco, California.

*/s/ James Maxwell Cooper*
James Maxwell Cooper