Eliot A. Adelson (State Bar No. 205284)
James Maxwell Cooper (State Bar No. 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants
HITACHI, LTD., HITACHI DISPLAYS, LTD.
(n/k/a JAPAN DISPLAY INC.), HITACHI
AMERICA, LTD., HITACHI ASIA, LTD.,
AND HITACHI ELECTRONIC DEVICES
(USA), INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In re Cathode Ray Tube (CRT) Antitrust Litigation*, | MASTER FILE NO. 3:07-MD-05944-SC |
| This Document Relates To: *Best Buy Co, Inc. v. Technicolor SA, et al.*, No.13-cv-05264; *Siegel v. Technicolor SA, et al.*, No. 13-cv-00141; *Costco Wholesale Corp. v. Technicolor SA, et al.*, No. 13-cv-05723; *Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724; *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727; | **DECLARATION OF JAMES MAXWELL COOPER IN SUPPORT OF DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THEIR OPPOSITION TO MITSUBISHI'S MOTION TO DISMISS PURSUANT TO CIVIL 7-11 AND 79-5(d)** |

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Sears, Roebuck & Co. v. Technicolor SA, et al.*, No. 13-cv-05262;

*Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Target Corp. v. Technicolor SA, et al.,* No. 13-cv-05686

I, James Maxwell Cooper, declare as follows:

1.  I am a member of the bar of the State of California and an attorney at the law firm of Kirkland & Ellis LLP, counsel for defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi Defendants").

2.  Except for those matters stated on information and belief, about which I am informed and believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

3.  On June 18, 2008, the Court approved a "Stipulated Protective Order" (Dkt No. 306). On January 27, 2014, Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.com, L.L.C., Magnolia Hi-Fi, LLC ("Best Buy"), Alfred H. Siegel (as trustee of the Circuit City Stores, Inc. Liquidating Trust) ("Circuit City"), Costco Wholesale Corporation ("Costco"), Electrograph Systems, Inc., Electrograph Technologies Corp. ("Electrograph"), Interbond Corporation of America ("BrandsMart"), Office Depot, Inc. ("Office Depot"), P.C. Richard & Son Long Island Corporation ("P.C. Richard"), MARTA Cooperative of America, Inc. ("MARTA"), ABC Appliance, Inc. ("ABC Warehouse"), Sears Roebuck and Co., and Kmart Corp. ("Sears"), Schultze Agency Services ("Tweeter"), and Target

1  Corp. ("Target") filed an Administrative Motion to Seal (Dkt. No. 2358), and lodged conditionally
2  under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), portions of the Direct Action Plaintiffs'
3  Opposition to Mitsubishi's Motion to Dismiss Complaints ("Opposition") that contain information
4  from documents or deposition testimony that the Hitachi Defendants have designated "Confidential"
5  or "Highly Confidential."

6      4.    Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Hitachi
7  Defendants to provide the basis for the Court to maintain under seal certain documents and
8  information quoted from, described, or otherwise summarized in the Opposition that have been
9  designated by the Hitachi Defendants as "Confidential" or "Highly Confidential" pursuant to the
10 Stipulated Protective Order.

11     5.    Specifically, the Opposition references or quotes directly from portions of
12 BrandsMart's First Amended Complaint in this matter (Dkt. No. 2279-6) designated by the Hitachi
13 Defendants as "Confidential" or "Highly Confidential" under the terms of the Stipulated Protective
14 Order and previously subject to administrative motions to file under seal in this case that the Court
15 has granted.

16     6.    I am informed and believe that the following portions of the Opposition quote from,
17 describe, or otherwise summarize the following portions of BrandsMart's First Amended Complaint
18 that quote from, describe, or otherwise summarize documents or information that the Hitachi
19 Defendants have designated as "Confidential" or "Highly Confidential":

20         a.    Page 4, Lines 23-27; and
21         b.    Page 10, Lines 15-20.

22     7.    I am informed and believe that the documents and information quoted from,
23 described, or otherwise summarized in the Opposition consist of, cite to, or identify confidential,
24 nonpublic, proprietary, and highly sensitive business information about the Hitachi Defendants'
25 business practices, pricing practices, confidential business agreements, and competitive positions.
26 The documents describe relationships with companies that remain important to the Hitachi
27 Defendants' competitive position. I am informed and believe that this is sensitive information and
28

COOPER DECLARATION IN SUPPORT OF DIRECT         3        Master File No. 3:07-md-05944-SC
ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO
SEAL

1  public disclosure of this information presents a risk of undermining the Hitachi Defendants' business
2  relationships, would cause them harm with respect to their competitors and customers, and would
3  put the Hitachi Defendants at a competitive disadvantage.
4      I declare under penalty of perjury, under the laws of the United States of America, that the
5  foregoing is true and correct.
6      Executed this 3rd day of February, 2014, at San Francisco, California.

*/s/ James Maxwell Cooper*
James Maxwell Cooper

COOPER DECLARATION IN SUPPORT OF DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL     4     Master File No. 3:07-md-05944-SC