Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation,*
*Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944 (SC) |
| | MDL No. 1917 |
| This Document Relates To: *Sharp Electronics Corp.,* et al. *v. Hitachi Ltd.*, et al., Case No. C 13-1173 (SC) | **DECLARATION OF CRAIG A. BENSON IN SUPPORT OF TOSHIBA'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(b)** |

I, Craig A. Benson, hereby declare as follows:

1. I am a Partner with the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively, "Sharp"). I am a member of the bars of the State of Maryland, the State of New York, and the District of Columbia, and I am admitted to practice before this court *pro hac vice*. I submit this declaration in support of Toshiba's Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5(d) (*see* Dkt. No. 2370). Except where matters are stated on information and belief, I have personal knowledge of the matters set forth herein and, if called to testify as a witness, could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. No. 306) (the "Protective Order").

3. On January 13, 2014, the Toshiba Defendants filed an administrative motion to seal portions of their Motion for Leave to File Supplemental Reply in Support of Their Motion to Dismiss Sharp's Complaint, and related documents (*see* Dkt. No. 2321). Subsequently, I filed a Declaration in Support of Toshiba Defendants' Administrative Motion to File Under Seal (*see* Dkt. No. 2326). On January 21, 2014, the Court granted Toshiba's administrative motion to seal (*see* Dkt. No. 2343).

4. On January 17, 2014, the Court granted the Toshiba Defendants' Motion for Leave to File Supplemental Reply in Support of Their Motion to Dismiss Sharp's Complaint (*see* Dkt. No. 2331).

5. On January 17, 2014, the Toshiba Defendants filed an administrative motion to seal redacted portions of their Supplemental Reply in Support of Their Amended Motion to Dismiss Sharp's Complaint (*see* Dkt. No. 2334). Subsequently, I filed a Declaration in Support of Toshiba Defendants' Administrative Motion to File Under Seal (*see* Dkt. No. 2346). That motion remains pending.

6. On February 4, 2014, the Toshiba defendants filed a third administrative motion to seal redacted portions of the Toshiba Defendants' Opposition to Sharp's Motion for Leave to File Response to the Toshiba Defendants' Supplemental Reply Brief pursuant to Local Civil Rules 7-11 and 79-5(d) (*see* Dkt. No. 2370).

7. The redacted portions of the Toshiba Defendants' Opposition to Sharp's Motion for Leave to File Response to the Toshiba Defendants' Supplemental Reply Brief contain information that has been designated by Sharp as "Confidential" pursuant to the Protective Order because it is confidential, nonpublic, and highly sensitive business information. In particular, the redacted portions contain information derived from interrogatory responses by Sharp, which contain confidential and nonpublic information concerning Sharp's business practices, including its manufacturing, purchasing, warehousing, shipping, and sales processes. Because the redacted portions contain "information copied or extracted" from the confidential information in Sharp's interrogatory responses, and because the Court has granted the Toshiba Defendants' prior motion to seal this information (*see* Dkt. No. 2343), the redacted portions of the Toshiba Defendants' Opposition to Sharp's Motion for Leave to File Response to the Toshiba Defendants' Supplemental Reply Brief are properly sealable pursuant to Section 3 of the Protective Order.

8. I am informed and believe that the information contained in Exhibit 1 and the Toshiba Defendants' Supplemental Reply in Support of Their Amended Motion to Dismiss Sharp's Complaint is sensitive information, and public disclosure of this information presents a risk of undermining Sharp's business relationships, causing Sharp harm with respect to its competitors and customers, and/or competitively disadvantaging Sharp.

9. For these reasons, pursuant to Civil Local Rules 7-11 and 79-5(d) and the Protective Order, the confidential information at issue—Toshiba Defendants' Opposition to Sharp's Motion for Leave to File Response to the Toshiba Defendants' Supplemental Reply Brief—should be maintained under seal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of February, 2014, in Washington, DC.

*/s/*_____

Craig A. Benson

-3-

DECLARATION OF CRAIG A. BENSON IN SUPPORT OF TOSHIBA'S ADMINISTRATIVE MOTION
TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(b)
Case No. 07-cv-5944, MDL No. 1917; Case No. 13-cv-1173

**CERTIFICATE OF SERVICE**

On February 6, 2014, I caused a copy of "DECLARATION OF CRAIG A. BENSON IN SUPPORT OF TOSHIBA'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(b)" to be electronically filed via the Court's Electronic Case Filing System.

/s/
Craig A. Benson