# EXHIBIT 1

```
>
-----BEGIN PRIVACY-ENHANCED MESSAGE-----
Proc-Type: 2001,MIC-CLEAR
Originator-Name: webmaster@www.sec.gov
Originator-Key-Asymmetric:
 MFgwCgYEVQgBAQICAf8DSgAwRwJAW2sNKK9AVtBzYZmr6aGjlWyK3XmZv3dTINen
 TWSM7vrzLADbmYQaionwg5sDW3P6oaM5D3tdezXMm7zlT+B+twIDAQAB
MIC-Info: RSA-MD5, RSA,
 T8orof6G7AwmnOC9fIg4KVrLiQQlyhezDPUNvL42iu9UlmyipLMLoDMbjXtt63c1
 HS6b9NrmZXry6AemG5Jy/A==

<SEC-DOCUMENT>0000927946-00-000018.txt : 20000209
<SEC-HEADER>0000927946-00-000018.hdr.sgml : 20000209
ACCESSION NUMBER:                      0000927946-00-000018
CONFORMED SUBMISSION TYPE:             SC 13D/A
PUBLIC DOCUMENT COUNT:                 3
FILED AS OF DATE:                      20000208

SUBJECT COMPANY:

        COMPANY DATA:
                COMPANY CONFORMED NAME:                GEMSTAR INTERNATIONAL GROUP LTD
                CENTRAL INDEX KEY:                     0000923282
                STANDARD INDUSTRIAL CLASSIFICATION:    HOUSEHOLD AUDIO & VIDEO EQUIPMENT [3651]
                IRS NUMBER:                            980139960
                FISCAL YEAR END:                       0331

        FILING VALUES:
                FORM TYPE:             SC 13D/A
                SEC ACT:
                SEC FILE NUMBER:       005-50973
                FILM NUMBER:           526192

        BUSINESS ADDRESS:
                STREET 1:              135 NORTH LOS ROBLES AVE
                STREET 2:              STE 800
                CITY:                  PASADENA
                STATE:                 CA
                ZIP:                   91101
                BUSINESS PHONE:        8187925700

        MAIL ADDRESS:
                STREET 1:              135 N LOS ROBLES AVE
                STREET 2:              STE 800
                CITY:                  PASADENA
                STATE:                 CA
                ZIP:                   91101

FILED BY:

        COMPANY DATA:
                COMPANY CONFORMED NAME:                THOMSON MULTIMEDIA
                CENTRAL INDEX KEY:                     0001080259
                STANDARD INDUSTRIAL CLASSIFICATION:    HOUSEHOLD AUDIO & VIDEO EQUIPMENT [3651]

        FILING VALUES:
                FORM TYPE:             SC 13D/A

        BUSINESS ADDRESS:
                STREET 1:              46 QUAI A LE GALLO
                STREET 2:              92100
                CITY:                  BOULOGNEFRANCE
                STATE:                 IO

        MAIL ADDRESS:
                STREET 1:              46 QUAI A LE GALLO
                CITY:                  BOULOGNE FRANCE
                STATE:                 IO
</SEC-HEADER>
<DOCUMENT>
<TYPE>SC 13D/A
<SEQUENCE>1
<DESCRIPTION>SC 13D/A
<TEXT>
```

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

SCHEDULE 13D

Under the Securities Exchange Act of 1934
(Amendment No. 1)


GEMSTAR INTERNATIONAL GROUP LIMITED
(Name of Issuer)


Ordinary Shares, par value $.01 per share
(Title or Class of Securities)


G-3788-V106
(CUSIP Number)


Philippe Andrau
THOMSON multimedia S.A.
46 Quai A. LeGallo
92100 Boulogne

FRANCE
331-4126-5174

(Name, Address and Telephone Number of Person
Authorized to Receive Notices and Communications)


October 3, 1999
(Date of Event Which Requires Filing of this Statement)



If the filing person has previously filed on Schedule 13G to report the
acquisition which is the subject of this Schedule 13D, and is filing this
schedule because of Rule 13d-1(b)(3) or (4), check the following box |_|.

Page 1 of 22

<PAGE>


CUSIP No.  G-3788-V106

1.      NAME OF REPORTING PERSON
        I.R.S. IDENTIFICATION NO. OF ABOVE PERSON (ENTITIES ONLY)

            THOMSON multimedia S.A.

2.      CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP
                    (a)      |_|
                    (b)      |X|

3.      SEC USE ONLY

4.      SOURCE OF FUNDS

            WC

5.      CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED
        PURSUANT TO ITEMS 2(d) OR 2(e) |_|

6.      CITIZENSHIP OR PLACE OF ORGANIZATION

            France

NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH

```
7.    SOLE VOTING POWER................................None
8.    SHARED VOTING POWER.......................12,307,464
9.    SOLE DISPOSITIVE POWER..........................None
10.   SHARED DISPOSITIVE POWER..................12,307,464
```

11.   AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON

             12,307,464

12.   CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN
      SHARES  |_|

13.   PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW 11

             6.1%

14.   TYPE OF REPORTING PERSON
             CO

                            Page 2 of 22


<PAGE>


CUSIP No.  G-3788-V106

1.    NAME OF REPORTING PERSON
      I.R.S. IDENTIFICATION NO. OF ABOVE PERSON (ENTITIES ONLY)

             Thomson S.A.

2.    CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP
                       (a)        |_|
                       (b)        |X|

3.    SEC USE ONLY

4.    SOURCE OF FUNDS

             AF

5.    CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED
      PURSUANT TO ITEMS 2(d) OR 2(e) |_|

6.    CITIZENSHIP OR PLACE OF ORGANIZATION

             France

NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH

```
7.    SOLE VOTING POWER................................None
8.    SHARED VOTING POWER.......................12,307,464
9.    SOLE DISPOSITIVE POWER..........................None
10.   SHARED DISPOSITIVE POWER..................12,307,464
```

11.   AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON

             12,307,464

12.   CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN
      SHARES  |_|

13.   PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW 11

             6.1%

14.   TYPE OF REPORTING PERSON
             CO

                            Page 3 of 22


<PAGE>

SCHEDULE 13D
AMENDMENT NO. 1

The following information updates and revises the material contained in the original Schedule 13D report, filed April 23, 1998 (the "Original 13D") by THOMSON multimedia S.A., a French societe anonyme (the "Company"), relating to the voting Ordinary Shares, par value $.01 per share (the "Ordinary Shares"), of Gemstar International Group Limited, a British Virgin Islands corporation ("Gemstar").

Item 1.  Security and Issuer.

This Schedule 13D relates to the Ordinary Shares of Gemstar, with principal executive offices located at 135 North Los Robles Avenue, Suite 800, Pasadena, California 91101.

Item 2.  Identity and Background.

This Schedule 13D is being filed jointly by the Company and Thomson S.A., a French societe anonyme. The Company's principal business involves the manufacture and distribution of consumer electronics products. The Company is organized under the laws of France and has its principal executive offices at 46 Quai A. Le Gallo, 92100 Boulogne, France. The Company is a wholly-owned subsidiary of Thomson S.A.

Thomson S.A.'s principal executive offices are at 173 Boulevard Haussmann 75008 Paris, France. Thomson S.A. principally acts as a holding company for the French government. All of the outstanding shares of Thomson S.A. are owned by the French government.

Schedules A, B, C and D respectively, attached hereto and incorporated herein by reference, set forth the name, business address, present principal occupation or employment of the executive officers and directors of the Company and Thomson S.A. and the name, principal business and address of any company or organization in which such employment is carried on, and the citizenship of each director, executive officer and controlling person of the Company and Thomson S.A.

During the last five years, none of the Company, Thomson S.A. or any of the persons named on the attached Schedules A, B, C or D has been convicted in a criminal proceeding (excluding traffic violations or similar misdemeanors) or was a party to a civil proceeding of a judicial or administrative body of competent jurisdiction as a result of which any such person was or is subject to a judgment, decree or final order enjoining future violations of, or prohibiting or mandating activities subject to, federal or state securities laws or finding any violation with respect to such laws.

Page 4 of 22

<PAGE>

Item 3.  Sources and Amount of Funds or Other Consideration.

2,020,666 Ordinary Shares were acquired by the Company as a result of the merger of Starsight Telecast, Inc. ("Starsight"), in which the Company held shares, with a subsidiary of Gemstar on May 8, 1997 (the "Merger"). At the time of the Merger, the Company also held two warrants to purchase Starsight shares which were converted into warrants to purchase Ordinary Shares as a result of the Merger. Each warrant entitled the Company to purchase an additional 606,200 Ordinary Shares, the first at a purchase price of $12.30 per share and the second at a purchase price of $16.50 per share.

On February 12, 1998, the Company purchased 600,000 Ordinary Shares from Viacom International Inc. ("Viacom") at an aggregate price of $19,200,000 (equal to $32.00 per Ordinary Share) pursuant to a Letter Agreement dated February 7, 1998, between the Company and Viacom (the "Letter Agreement"). The purchase was consummated using the Company's general corporate funds.

Item 4.  Purposes of Transaction.

The shares reported were acquired in connection with the Merger and the transaction described in Item 3 and are held for investment purposes.

On October 4, 1999, Gemstar, TV Guide, Inc., a Delaware corporation ("TV Guide") , and G Acquisition Subsidiary Corp., a Delaware corporation

("Sub"), entered into an Agreement and Plan of Merger (the "Merger Agreement"), pursuant to which upon consummation of the transactions contemplated therein, TV Guide will become a wholly owned subsidiary of Gemstar. Concurrently with the execution of the Merger Agreement, the Company entered into an agreement (the "Voting Agreement") pursuant to which the Company agreed to vote its shares in favor of the transactions contemplated by the Merger Agreement (including the issuance of Gemstar's Ordinary Shares in connection with the Merger and the redomestication of Gemstar from the British Virgin Islands to the State of Delaware) and against any inconsistent proposals or transactions. In addition, the Company granted an irrevocable proxy to certain officers of TV Guide and appointed such officers as its attorney-in-fact to vote all the shares beneficially owned by the Company in accordance with the provisions of the Voting Agreement. The Voting Agreement is attached hereto as Exhibit 99.1.

Although the Company may, from time to time, purchase and sell Ordinary Shares in public or private transactions, other than as described above and as contemplated by the Voting Agreement, neither the Company or Thomson S.A. has present plans or proposals which may relate to or would result in (a) the acquisition or disposition of additional securities of Gemstar; (b) an extraordinary corporate transaction, such as a merger, reorganization or liquidation, involving Gemstar or any of its subsidiaries; (c) a sale or transfer of a material amount of assets of Gemstar or any of its subsidiaries; (d) any change in the present Board of Directors or management of Gemstar, including any plans or proposals to change the number or term of directors or to fill any existing vacancies on the Board; (e) any material change in the present capitalization or dividend policy of Gemstar; (f) any other material change in Gemstar's business or corporate

Page 5 of 22

<PAGE>

structure; (g) changes in Gemstar's charter, by- laws or instruments corresponding thereto or other actions which may impede the acquisition of control of Gemstar by any person; (h) causing a class of securities of Gemstar to be delisted from a national securities exchange or to cease to be authorized to be quoted in an inter-dealer quotation system of a registered national securities association; (i) a class of equity securities of Gemstar becoming eligible for termination of a registration pursuant to section 12(g)(4) of the Securities Exchange Act of 1934, as amended; or (j) any action similar to any of those enumerated above.

Item 5.   Interest in Securities of the Issuer.

The Company beneficially owns 12,307,464 Ordinary Shares, which represent approximately 6.1% of the Ordinary Shares of Gemstar outstanding on September 30, 1999, as reported on Gemstar's Form 10-Q report for the quarter ended as of September 30, 1999, with this number of Ordinary Shares outstanding adjusted for Gemstar's two-for-one stock split paid in December 1999. On January 30, 1998, the Company agreed to the cancellation of the first of the two warrants to purchase 606,200 Ordinary Shares in exchange for a payment from Gemstar of $12,807,700 or $21.13 per Ordinary Share. In January 1999, the Company exercised the remaining warrant for 606,200 Ordinary Shares, paying Gemstar $10,002,300 or $16.50 per Ordinary Share. In April and May of 1999, the Company sold Ordinary Shares of Gemstar in open market transactions on the New York Stock Exchange as follows:

| Date of Sale | Number of Ordinary Shares Sold | Price per Ordinary Share |
| --- | --- | --- |
| April 22, 1999 | 5,000 | $102.1250 |
| April 23, 1999 | 45,000 | 100.6000 |
| April 26, 1999 | 50,000 | 110.0000 |
| April 27, 1999 | 25,000 | 120.5375 |
| May 6, 1999 | 15,000 | 125.1000 |
| May 12, 1999 | 10,000 | 125.0000 |

In April 1999, Gemstar's Board of Directors approved a two-for-one stock split in the form of a stock dividend which was paid in May 1999 to shareholders of record as of May 14, 1999.

In November 1999, Gemstar's Board of Directors approved a second two-for-one stock split in the form of a stock dividend which was paid in December 1999 to shareholders of record as of November 29, 1999.

Page 6 of 22

<PAGE>

         The Company shares voting and investment power with respect to all
shares reported with Thomson S.A. as the Company's majority shareholder. Thomson
S.A., as the majority shareholder of the Company, may be deemed to be the
beneficial owner of all of the Ordinary Shares owned by the Company.

Item 6. Contracts, Arrangements, Understandings or Relationships with Respect to
Securities of the Issuer.

         The Company entered into the Voting Agreement on October 3, 1999.

Item 7. Material to be Filed as Exhibits.

         99.1     Voting Agreement dated October 3, 1999 between TV Guide, Inc.
                  and THOMSON multimedia S.A.(The number of Ordinary Shares
                  beneficially owned by the Company as stated on Schedule 1 to
                  the Voting Agreement does not reflect the sale of 150,000
                  Ordinary Shares by the Company in April and May of 1999 or
                  the two-for-one stock split paid in December 1999.)

         99.2     Agreement relating to filing of joint statements as required
                  by Rule 13d-1(k).

                                    Page 7 of 22

<PAGE>

                                    SIGNATURE

         After reasonable inquiry and to the best of my knowledge and belief, I
certify that the information set forth in this statement is true, complete and
correct.

Date:  February 7, 2000

                                         THOMSON MULTIMEDIA S.A.


                                         By:/s/ Jim Meyer
                                            Jim Meyer
                                            Senior Executive Vice
                                            President


                                         THOMSON S.A.


                                         By:/s/ Patrice Maynial
                                            Patrice Maynial
                                            Corporate Secretary



                                    Page 8 of 22

<PAGE>



                                    SCHEDULE A
                            THOMSON MULTIMEDIA S.A.
                               EXECUTIVE OFFICERS

```
<TABLE>
<CAPTION>
```

| NAME | BUSINESS ADDRESS | PRINCIPAL OCCUPATION OR EMPLOYMENT (Reported positions are with THOMSON multimedia S.A.) | CITIZENSHIP |
|---|---|---|---|
| `<S>` | `<C>` | `<C>` | `<C>` |
| Thierry Breton | 46 Quai A. LeGallo 92100 Boulogne France | Chairman of the Board and Chief Executive Officer | French |
| Patrice Maynial | 46 Quai A. LeGallo 92100 Boulogne France | Senior Vice President, Corporate Secretary and Legal Counsel | French |
| Olivier Mallet | 46 Quai A. LeGallo 92100 Boulogne France | Senior Vice President of Finance | French |
| Olivier Barberot | 46 Quai A. LeGallo 92100 Boulogne France | Senior Vice President of Human Resources | French |
| Herve Hannebicque | 46 Quai A. LeGallo 92100 Boulogne France | Senior Vice President of Entrepreneurship | French |
| Christophe Ripert | 46 Quai A. LeGallo 92100 Boulogne France | Senior Executive Vice President of SBU Europe | French |
| Jim Meyer | 10330 N. Meridian St. Indianapolis, IN USA | Senior Executive Vice President of SBUs Americas, Multimedia Products and New Media Services | American |
| Alain Carlotti | 1000 Toa Payoh North Singapore 31899 | Executive Vice President of SBU Asia | French |

```
<PAGE>
```

| Al Arras | 10330 N. Meridian St. Indianapolis, IN USA | Executive Vice President of SBU Audio and Communications | American |
|---|---|---|---|
| Gilles Taldu | 46 Quai A. LeGallo 92100 Boulogne France | Executive Vice President of SBU Displays and Key Components | French |
| John Neville | 46 Quai A. LeGallo 92100 Boulogne France | Intellectual Property Coordination (Senior Executive Vice President) | American |
| Charles Dehelly | 46 Quai A. LeGallo 92100 Boulogne France | Senior Executive Vice President of Operations Coordination | French |
| Frank Dangeard | 46 Quai A. LeGallo 92100 Boulogne France | Senior Executive Vice President of Corporate Coordination | French |
| Michael O'Hara | 10330 N. Meridian St. Indianapolis, IN USA | Senior Vice President of SBU Americas | American |
| Enrique Rodriguez | 10330 N. Meridian St. Indianapolis, IN USA | Vice President of SBU Multimedia Products | Mexican |

</TABLE>

Page 10 of 22

<PAGE>

SCHEDULE B
THOMSON MULTIMEDIA S.A.
DIRECTORS

<TABLE>
<CAPTION>

| NAME | BUSINESS ADDRESS | PRINCIPAL OCCUPATION OR EMPLOYMENT | CITIZENSHIP |
|------|------------------|-----------------------------------|-------------|
| <S> | <C> | <C> | <C> |
| Thierry Breton | 46 Quai A. LeGallo 92100 Boulogne France | Chairman of the Board and Chief Executive Officer of THOMSON multimedia S.A. | French |
| Emmanuel Caquot | Le Bervil - 12 rue Villiot Digitip 3 75572 Paris Cedex 12 France | Section Head, French Department of Industry | French |
| Jacques-Louis Lions | 3, rue d'Anjou 75008 Paris France | Professor Emeritus at College de France | French |
| Stephane Pallez | 139 rue de Berry - Teledoc 227 75231 Paris Cedex 05 France | Deputy Director, French Department of Treasury | French |
| Marcel Roulet | 11, rue d'Anjou 75008 Paris France | Former Chairman and CEO of Thomson S.A., Former Chairman and CEO of France Telecom | French |
| Frank Dangeard | 46 Quai A. LeGallo 92100 Boulogne France | Senior Executive Vice President of THOMSON multimedia S.A., Senior Executive Vice President of Thomson S.A. | French |
| Pierre Cabanes | 173, Bd Haussmann 75008 Paris France | Senior Executive Vice President of Thomson S.A. | French |

Page 11 of 22

<PAGE>

| Jacques Dunogue | 54 rue de la Boelie 75008 Paris France | Secretary General, Alcatel S.A. | French |
| Eddy W. Hartenstein | 2230 East Imperial Highway El Segundo, CA 90245 USA | Corporate Senior Vice President of Hughes Electronics Corporation, President of DIRECTV | American |
| Bernard Vergnes | 92977 Paris Le Defense Cedex, France | Chairman of Microsoft, Europe | French |

| | | | |
|---|---|---|---|
| Iwao Shinohara | 7-1, Shiba 5-Chome Minato-Ku Tokyo 108-01 - Japan | Senior Vice President of NEC Corporation | Japanese |
| Gerard Meymarian | 46 Quai A. LeGallo 92100 Boulogne France | General Manager, Europe TV Profit Center, THOMSON multimedia S.A. | French |
| Jean de Rotalier | 46 Quai A. LeGallo 92100 Boulogne France | Sales Planning Manager of THOMSON multimedia S.A. | French |
| Catherine Cavallari | 46 Quai A. LeGallo 92100 Boulogne France | Financial Controller of THOMSON multimedia S.A. | French |

</TABLE>

Page 12 of 22

<PAGE>

SCHEDULE C
THOMSON S.A.
EXECUTIVE OFFICERS

<TABLE>
<CAPTION>

| NAME | BUSINESS ADDRESS | PRINCIPAL OCCUPATION OR EMPLOYMENT | CITIZENSHIP |
|---|---|---|---|
| <S> | <C> | <C> | <C> |
| Thierry Breton | 173 Boulevard Haussmann, 75008 Paris, France | Chairman and Chief Executive Officer of Thomson S.A. | French |
| Pierre Cabanes | 173 Boulevard Haussmann, 75008 Paris, France | Senior Executive Vice President of Thomson S.A. | French |
| Frank Dangeard | 46 Quai A. LeGallo 92100 Boulogne France | Senior Executive Vice President of Thomson S.A. | French |
| Patrice Maynial | 46 Quai A. LeGallo 92100 Boulogne France | Corporate Secretary of Thomson S.A. | French |

</TABLE>

Page 13 of 22

<PAGE>

SCHEDULE D
THOMSON S.A.
DIRECTORS

<TABLE>
<CAPTION>

| NAME | BUSINESS ADDRESS | PRINCIPAL OCCUPATION OR EMPLOYMENT | CITIZENSHIP |
|---|---|---|---|
| <S> | <C> | <C> | <C> |
| Thierry Breton | 46 Quai A. LeGallo 92100 Boulogne France | Chairman of the Board and Chief Executive Officer of THOMSON multimedia S.A. | French |

| | | | |
|---|---|---|---|
| Jean-Paul Gillyboeuf | 26, Bd. Victor 00460 Paris Armees France | Adjoint au Delegue General pour l'Armement Delegation Generale pour l'Armement (French government) | French |
| Jean-Pierre Noblanc | 31/33 rue de la Federation 75752 Paris, Cedex 15 France | Directeur aupres du President de CEA Industrie, charge des Composants President du Conseil de Surveillance de SGS-THOMSON (Semiconductor company) | French |
| Paul Hamon | 17, Boulevard Gaston-Birge BP 826 49808 Anges Cedex France | Operateur for Thomson Television Angers, a subsidiary of Thomson S.A. | French |
| Serge Bourget | 17, Boulevard Gaston-Birge BP 826 49808 Anges Cedex France | Analyste programmer, Thomson Television Angers, a subsidiary of Thomson S.A. | French |

Page 14 of 22

<PAGE>

| | | | |
|---|---|---|---|
| M. Didier Bureau | Le Bervil - 12 rue Villiot DIGITIP 3 75572 Paris Cedex 12 France | Ministere De L'Economie, Des Finances Et De L'Industrie - Secretariat A L'Industrie (French Government) | French |
| M. Michel Colin | 16, avenue de Saint-Cloud 78018 Versailles Cedex France | Tresoner Payeur General des Yvelines Tresorere Generale Des Yvelnes (French Government) | French |
| M. Jerome Haas | 139 rue de Bercy - Teledoc 227 75572 Paris Cedex 12 France | Sous-Directeur au Service des Participations a la Direction du Tresor Ministere De L'Economie, Des Finances Et De L'Industrie (French Government) | French |
| M. Guy de Monchy | 139 rue de Berch - Teledoc 653 75572 Paris Cedex 12 France | Chef de Service Direction de la Prevision Ministere De L'Economie, Des Finances Et De L'Industrie (French Government) | French |
| M. Marc Tessier | 7 Esplanada Henri de France 75907 Paris Cedex 165 France | President de FRANCE Television (television broadcasting company) | French |
| M. Thierry Aulagnon | 2 rue Pilet-Will 75009 Paris France | Directeur General du G.A.N. Direction Generale Deleguee Finances et Logistique | French |
| M. Bernard Larrouturou | Domaine de Voluceau Rocquencourt - BP 105 78153 Le Chesnay Cedex, France | President Directeur General de INRIA (French Government) | French |

Page 15 of 22

<PAGE>

| | | | |
|---|---|---|---|
| M. Guy de Panafieu | Bureau 59A64 – 68 route de Versailles BP 434 78434 Louveciennes Cedex, France | President Directeur General du Groupe BULL (computer equipment and information services company) | French |
| M Ervin Rosenberg | Direction des Grandes Entreprises 2 rue Laffitte 75450 Paris Cedex 09 | Membre du Cornite de Direction Generale de la B.N.P. (financial institution) | French |
| M. Jean-Marie Duboc | 46, Quai Alphonse Le Gallo 92100 Boulogne France | Representant des salaries Thomson Multimedia S.A. | French |
| M. Alain Rocoplan | Route de Dole 21110 Genlis France | Representant des salaries Thomson Tubes & Display | French |
| M. Gilles Bujot | Rue Du Gatinais BP 3 77167 Bagneaux Sur Long France | Representant des salaries Thomson Videoglass | French |
| M. Berirand Le Menestrel | 14 rue Saint-Dominque 00450 Paris Armees France | Controleur General des Armees Groupe de Controle des Services et des Industries d'Armement (French Government) | French |
| M. Thierry Colin | Tour Franatome Cedex 16 92084 Paris La Defense France | Commissaire aux Comptes titulaire Cabinet Mazars & Guerard (French Government) | French |
| M. Christian Chiarasini | 41 rue Ybry 92576 Neuilly Sur Seine Cedex, France | Commissaire aux Comptes titulaire Cabinet Barbier Frinault & Autres (French Government) | French |

Page 16 of 22

<PAGE>

| | | | |
|---|---|---|---|
| M. Patrick de Cambourg | Tour Framatome Cedex 16 92084 Paris La Defense France | Commissaire aux Comptes suppleant Cabinet Mazars & Guerard (French Government) | French |
| M. Alain Grosmahn | 41, rue Ybry 92576 Neully Sur Seine Cedex, France | Commissaire aux Comptes suppleant Cabinet Barbier Frinault & Autres (French Government) | French |

</TABLE>

Page 17 of 22

</TEXT>
</DOCUMENT>
<DOCUMENT>
<TYPE>EX-99.1

<SEQUENCE>2
<DESCRIPTION>EXHIBIT 99.1
<TEXT>

Exhibit 99.1

October 3, 1999

TV Guide, Inc.
7140 S. Lewis Avenue
Tulsa, Oklahoma 74136-5422

Re:      Agreement of Principal Stockholder Concerning Transfer and
         Voting of Shares of Gemstar International Group Limited

        The undersigned understands that TV Guide, Inc., A Delaware corporation
("TV Guide"), and Gemstar  International Group Limited, a British Virgin Islands
corporation ("Gemstar"), of which the undersigned is a stockholder, are prepared
to enter  into an  agreement  for the merger  (the  "Merger")  of G  Acquisition
Subsidiary  Corp., a  Delaware  corporation  ("Sub"),  into TV Guide, but that TV
Guide has  conditioned  its  willingness to proceed  with such  agreement  (the
"Merger Agreement") upon receipt from the undersigned of assurances satisfactory
to TV Guide of the  undersigned's  support of and  commitment to the Merger.  In
order to  evidence  such  commitment  and to induce  TV Guide to enter  into the
Merger Agreement, the undersigned hereby represents and warrants to TV Guide and
agrees with TV Guide as follows:

        1.  Voting.  The  undersigned  will  vote or  cause  to be voted at any
meeting  of the  stockholders  of Gemstar  and in any  action by consent by the
stockholders  of Gemstar all shares of capital  stock of Gemstar owned of record
or  beneficially  owned or held in any capacity by the  undersigned or under the
control of the undersigned in favor of the Merger and the issuance of the Parent
Common Stock in connection with the Merger and other  transactions  provided for
in or  contemplated  by the Merger  Agreement  (including  the  domestication  of
Gemstar from the British Virgin  Islands to the State of Delaware),  and against
any inconsistent proposals or transactions.

        2. Ownership.  As of the date hereof,  Schedule 1 hereto sets forth the
shares  of  Parent  Common  Stock  owned  by the  undersigned  of record  or
beneficially,  including  shares  issuable  upon the exercise or  conversion  of
options or convertible securities of Gemstar (collectively, the "Shares").

        3. No  Ownership  Interest.  Except as set forth in Section 1,  nothing
contained in this Voting  Agreement shall be deemed to vest in anyone other than
the undersigned any direct or indirect ownership or incidents of ownership of or
with respect to any Shares.  All rights,  ownership and economic benefits of and
relating to the Shares  shall remain and belong to the  undersigned,  and no one
shall have any  authority to manage,  direct,  restrict,  regulate,  govern,  or
administer any of the policies or operations of Gemstar or exercise any power or
authority  to direct the voting of any of the Shares as a result of this  Voting
Agreement, except to the extent otherwise expressly provided herein.

                            Page 18 of 22

<PAGE>

        4.  Restrictions  on Transfer.  During the period from the date of the
Merger  Agreement  and  continuing  until the earlier of (i) September 30, 2000;
(ii) the termination of the Merger Agreement pursuant to its terms; or (iii) the
Effective Time (as defined in the Merger Agreement),  the undersigned  will not
sell, transfer, pledge or otherwise dispose of any of the Shares or any interest
therein or agree to sell,  transfer,  pledge or otherwise  dispose of any of the
Shares or any interest therein, without your express written consent, unless the
transferee of the  Shares  agrees in writing  to be bound by the terms of this
Voting Agreement;  provided, however, that (x) the undersigned may, without your
consent,  sell  up to 15% of  the  Shares  owned,  in  the  aggregate,  by the
undersigned,  and (y) the  undersigned may pledge the Shares to secure bona fide
indebtedness or bona fide monetization transactions or to secure the obligations
of  a  person  in  connection  with  derivative  transactions  and  settlement

obligations thereunder (including, without limitation, puts, calls, collars, swaps, etc.) with respect to the Shares of Common Stock, provided that the terms of such derivative transaction permit cash settlement of a party's obligations thereunder and do not restrict our obligations to vote their pledged Shares in accordance with Section 1 hereof. The provisions of Section 5 of this Agreement shall not apply to Shares disposed of under clause (x) of the preceding sentence of this Section 4.

    5.  Grant of Irrevocable Proxy; Appointment of Proxy.

    (a) The undersigned hereby irrevocably grants to, and appoints, Peter Boylan and Joe Kiener, in their respective capacities as officers of the TV Guide, any individual who hereafter shall succeed to any such office of TV Guide, and each of them individually, the undersigned's proxy and attorney-in-fact (with full power of substitution), for and in the undersigned's name, place and stead, to vote the Shares, or grant a consent or approval in respect of such Shares, in accordance with our covenants in Section 1 hereof.

    (b) The undersigned represents that any proxies heretofore given in respect of the Shares are not irrevocable, and that all such proxies are hereby revoked.

    (c) The undersigned hereby affirms that the irrevocable proxy set forth in this Section 5 is given in connection with the execution of the Merger Agreement, and that such irrevocable proxy is given to secure the performance of the undersigned's duties under this Agreement. The undersigned hereby further affirms that the irrevocable proxy is coupled with an interest an may under no circumstances be revoked. The undersigned hereby ratifies and confirms all that such irrevocable proxy may lawfully do or cause to be done by virtue hereof.

    6.  Termination. This letter agreement and the undersigned's obligations hereunder will terminate upon the earlier to occur of (i) the Effective Time as defined in the Merger Agreement; (ii) the date on which the Merger Agreement is terminated; or (iii) September 30, 2000.

<div align="center">Page 19 of 22</div>

&lt;PAGE&gt;

    7.  Effective Date; Succession; Remedies. Upon your acceptance and execution of the Agreement, this letter agreement shall mutually bind and benefit you and the undersigned, any of the undersigned's heirs, successors and assigns any of your successors. You will not assign the benefit of this letter agreement other than to a wholly owned subsidiary. The undersigned agrees that in light of the inadequacy of damages as a remedy, specific performances shall be available to you, in addition to any other remedies you may have for the violation of this letter agreement.

    8.  Nature of Holdings; Shares. All references herein to our holdings of the Shares shall be deemed to include Shares held or controlled by any of us, individually, jointly (as community property or otherwise), or in any capacity, and shall extend to any securities issued to any of us in respect of the Shares.

    9.  Defined Terms. All capitalized terms used herein shall have the meaning ascribed to such term in the Merger Agreement, unless otherwise defined herein.

    10.  Specific Performance. The parties hereto agree that irreparable damage would occur in the event any provision of this Agreement was not performed in accordance with the terms hereof and that the parties shall be entitled to specific performance of the terms hereof, in addition to any other remedy at law or equity.

                     Very truly yours,

                     Principal Stockholder

                     THOMSON multimedia S.A.

                     By:  /s/ J.E. Meyer

                     Name: J.E. Meyer

```
                                              Its:  Senior Executive
                                                    Vice President

ACCEPTED:
TV GUIDE, INC.


By:   /s/ Peter C. Boylan III
Name: Peter C. Boylan III
Its:  President

                              Page 20 of 22


<PAGE>



                              Schedule 1


Beneficial Owner                       Ordinary Shares Owned
- -----------------------              ----------------------
THOMSON multimedia S.A.                      6,453,732


                              Page 21 of 22


</TEXT>
</DOCUMENT>
<DOCUMENT>
<TYPE>EX-99.2
<SEQUENCE>3
<DESCRIPTION>EXHIBIT 99.2
<TEXT>

                                              EXHIBIT 99.2

                         AGREEMENT

        Each of the undersigned persons hereby agrees that any statement on
Schedule 13D, including any amendments thereto, filed by any of such persons
with the Securities and Exchange Commission pursuant to Section 13(d) under the
Securities Exchange Act of 1934, as amended, in respect of the beneficial
ownership of equity securities of Gemstar International Group Limited. shall be
deemed to be filed on behalf of each of such persons.

        IN WITNESS WHEREOF, this Agreement has been executed by the parties
hereto effective on the 7th day of February, 2000.

                                        THOMSON S.A.


                                        By:/s/Patrice Maynial
                                           Patrice Maynial
                                           Corporate Secretary


                                        THOMSON MULTIMEDIA S.A.


                                        By:/s/ Jim Meyer
                                           Jim Meyer
                                           Senior Executive Vice
                                           President



                              Page 22 of 22
```

```
</TEXT>
</DOCUMENT>
</SEC-DOCUMENT>
-----END PRIVACY-ENHANCED MESSAGE-----
```