Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California  90071
Telephone:  213 239-5100
Facsimile:   213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone:   312 222-9350
Facsimile:    312 527-0484
ttruax@jenner.com
mbrody@jenner.com

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and Mitsubishi Electric Visual Solutions America, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re: Cathode Ray Tube (CRT) Antitrust Litigation | Case No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates To: | |
| *Electrograph Systems, Inc. et al. v. Technicolor SA, et al., No. 13-cv-05724;* | **MITSUBISHI ELECTRIC CORPORATION, MITSUBISHI ELECTRIC US, INC., AND MITSUBISHI ELECTRIC VISUAL SOLUTIONS AMERICA, INC.'S MOTION TO SEAL PORTIONS OF THEIR REPLY IN SUPPORT OF THEIR MOTION TO DISMISS LATE-FILED COMPLAINTS ON TIMING GROUNDS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |
| *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al., No. 13-cv-05261;* | |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al., No. 13-cv-05264;* | |
| *Interbond Corporation of America v. Technicolor SA, et al., No. 13-cv-05727;* | Date:    February 7, 2014<br>Time:    10 a.m. |

1

2    *Office Depot, Inc. v. Technicolor SA, et al., No.*
     *13-cv-05726;*

3
     *Costco  Wholesale Corporation v. Technicolor*
4    *SA, et al., No. 13-cv-05723;*

5    *P.C. Richard & Son Long Island Corporation, et*
     *al. v. Technicolor SA, et al., No. 31:cv-05725;*

6
     *Schultze Agency Services, LLC, o/b/o Tweeter*
7    *Opco, LLC, et al. v. Technicolor SA, Ltd., et al.,*
     *No. 13-cv-05668;*

8
     *Sears, Roebuck and Co. and Kmart Corp. v.*
9    *Technicolor SA, No. 3:13-cv-05262;*

10   *Target Corp. v. Technicolor SA, et al., No. 13-cv-*
     *05686*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Judge:   Honorable Samuel Conti

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc., (collectively "Mitsubishi Electric") hereby respectfully submit this administrative motion for an order permitting Mitsubishi Electric to file under seal the highlighted portions of the following documents:

- Reply in Support of Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc., to Dismiss Late-Filed Complaints on Timing Grounds ("Reply").

Mitsubishi Electric submits this application as the party wishing to file documents referencing, containing, or analyzing, in whole or in part, the document described above. Mitsubishi Electric attaches hereto the Declaration of Shaun M. Van Horn in support of this application. *See* Civ. L.R. 79-5(e).

Mitsubishi Electric requests that the highlighted portions of its Reply be filed under seal pursuant to Civil Local Rule 79-5(d) because they refer to and contain excerpts of and/or statements derived from documents and testimony that have been designated "confidential" or "highly confidential" pursuant to the Stipulated Protective Order entered in this litigation [Dkt. 306, June 18, 2009] ("Stipulated Protective Order").  The confidential/highly confidential designations have been made by certain of the defendants in this litigation.  To qualify under the Stipulated Protective Order as "confidential" or "highly confidential," information must contain trade secrets or other confidential research, development or commercial information or other private or competitively sensitive information. Stipulated Protective Order at ¶ 1.

1   Mitsubishi Electric seeks to file the above material under seal in good faith in order to

2   comply with the Protective Order in this action and the applicable Local Rules. Because certain

3   defendants contend that the material they have designated is confidential in nature, it is their burden

4   to establish that the designated information is sealable. Civil L.R. 79-5(e); *see Kamakana v. City of*

5   *Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).  Mitsubishi Electric leaves it to this Court's

6   discretion to determine whether the above material should be filed under seal.

7   Mitsubishi Electric is filing herewith a redacted copy of its Reply, in accordance with Civil

8   Local Rule 79-5.  Mitsubishi Electric is also filing herewith under seal an unredacted version of its

9   Reply, which indicates in highlighting the portions of the Reply that have been omitted from the

10   redacted version due to "confidential" or "highly confidential" designations.

11   Contemporaneous with the filing of this administrative motion, Mitsubishi Electric is giving

12   notice to the Plaintiffs in the CRT Antitrust MDL of this motion and of the Reply to be filed in this

13   case.  Mitsubishi Electric's request is narrowly tailored to include the sealing of only the

14   information that may require confidentiality pursuant to the provisions of the Stipulated Protective

15   Order.

16   Accordingly, Mitsubishi Electric requests that the Court grant this Administrative Motion to

17   Seal Portions of its Reply.

Dated: February 7, 2014

Respectfully Submitted,

By: /s/ Terrence J. Truax
Terrence J. Truax

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California  90071
Telephone:  213 239-5100
Facsimile:   213 239-5199
bcaslin@jenner.com

Terrence J. Truax  (*pro hac vice*)
Michael T. Brody  (*pro hac vice*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and Mitsubishi Electric Visual Solutions America, Inc.*