Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California  90071
Telephone:  213 239-5100
Facsimile:   213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone:   312 222-9350
Facsimile:    312 527-0484
ttruax@jenner.com
mbrody@jenner.com

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and Mitsubishi Electric Visual Solutions America, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re: Cathode Ray Tube (CRT) Antitrust Litigation<br><br>This Document Relates To:<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727; | Case No. 3:07-cv-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF SHAUN M. VAN HORN IN SUPPORT OF MITSUBISHI ELECTRIC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF REPLY IN SUPPORT OF MITSUBISHI ELECTRIC'S MOTION TO DISMISS LATE-FILED COMPLAINTS**<br><br>Date:    February 7, 2014<br>Time:   10 a.m.<br>Judge:  Honorable Samuel Conti |

1
2  *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;
3
4  *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;
5  *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 31:cv-05725;
6
7  *Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;
8
9  *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;
10
11  *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686

I, SHAUN M. VAN HORN, declare as follows:

1.  I am an associate at the law firm Jenner & Block LLP, counsel for defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc., and I am licensed to practice law in the State of Illinois. Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts recited in this declaration and, if called upon to do so, I would competently testify under oath thereto.

2.  I submit this Declaration in support Mitsubishi Electric's motion to file the highlighted portions of the following documents under seal pursuant to Civil Local Rules 7-11 and 79-5(d): Reply In Support Of Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., And Mitsubishi Electric Visual Solutions America, Inc. To Dismiss Late-Filed Complaints On Timing Grounds ("Reply").

3.  Portions of Mitsubishi Electric's Reply in this case contain excerpts from and/or statements derived from documents and testimony which have been designated "confidential" or "highly confidential" pursuant to the Stipulated Protective Order governing this litigation [Dkt. 306, June 18, 2008] ("Stipulated Protective Order"). The confidential/highly confidential designations were made by certain defendants in this litigation. To qualify as confidential or highly confidential under the Stipulated Protective Order, information must contain trade secrets or other confidential research, development or commercial information or private or competitively sensitive information. Stipulated Protective Order at ¶ 1.

4.  The Stipulated Protective Order requires that a party may not file any confidential material in the public record. Stipulated Protective Order at ¶ 10. The Stipulated Protective Order further provides that any party seeking to file any confidential material under seal must comply with Civil Local Rule 79-5. Stipulated Protective Order at ¶¶ 1, 10.

5. The highlighted portions of Mitsubishi Electric's Reply contain such material, and, pursuant to Local Rule 79-5(e), Mitsubishi Electric seeks to submit this material under seal in good faith in order to comply with the Stipulated Protective Order and the applicable Local Rules.

6. The highlighted portions of Mitsubishi Electric's Reply refer or relate to statements made in the Direct Action Purchasers' Opposition to Mitsubishi Electric's Motion To Dismiss Late-Filed Complaints that also were filed under seal.

7. Therefore, Mitsubishi Electric respectfully requests an order sealing portions of Mitsubishi Electric's Reply.

/s/ *Shaun M. Van Horn*

Shaun M. Van Horn