Eliot A. Adelson (State Bar No. 205284)
James Maxwell Cooper (State Bar No. 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants
HITACHI, LTD., HITACHI DISPLAYS, LTD.
(n/k/a JAPAN DISPLAY INC.), HITACHI
AMERICA, LTD., HITACHI ASIA, LTD.,
AND HITACHI ELECTRONIC DEVICES
(USA), INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In re Cathode Ray Tube (CRT) Antitrust Litigation*, | MASTER FILE NO. 3:07-MD-05944-SC |
| This Document Relates To: | |
| *Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724; | **DECLARATION OF JAMES MAXWELL COOPER IN SUPPORT OF DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULES 7-11 AND 79-5(d)** |
| *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al.*, No. 13-cv-05261; | |
| *Best Buy Co, Inc. v. Technicolor SA, et al.*, No. 13-cv-05264; | [Civil L.R. 79-5(d)] |
| *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727: | |
| *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726; | |

*Costco Wholesale Corp. v. Technicolor SA, et al.,* No. 13-cv-05723;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Sears, Roebuck & Co. v. Technicolor SA, et al.,* No. 13-cv-05262;

*Target Corp. v. Technicolor SA, et al.,* No. 13-cv-05686

I, James Maxwell Cooper, declare as follows:

1. I am a member of the bar of the State of California and an attorney at the law firm of Kirkland & Ellis LLP, counsel for defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi Defendants").

2. Except for those matters stated on information and belief, about which I am informed and believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

3. On June 18, 2008, the Court approved a "Stipulated Protective Order" (Dkt No. 306).

4. On February 10, 2014, Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.com, L.L.C., Magnolia Hi-Fi, LLC ("Best Buy"), Alfred H. Siegel (as trustee of the Circuit City Stores, Inc. Liquidating Trust) ("Circuit City"), Costco Wholesale Corporation ("Costco"), Electrograph Systems, Inc., Electrograph Technologies Corp. ("Electrograph"), Interbond Corporation of America ("BrandsMart"), Office Depot, Inc. ("Office Depot"), P.C. Richard & Son Long Island Corporation ("P.C. Richard"), MARTA Cooperative of America, Inc. ("MARTA"), ABC Appliance, Inc. ("ABC Warehouse"), Sears Roebuck and Co., and Kmart Corp. ("Sears"), Schultze Agency Services ("Tweeter"), and Target Corp. ("Target") filed an Administrative Motion to Seal (Dkt. No. 2378), and lodged

conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d) portions of their Opposition to Thomson SA's Motion to Dismiss ("Opposition"), as well as Exhibits A through H and O through U, attached to the Declaration of Vincent S. Loh in Support of the Opposition ("Designated Exhibits") in their entirety.

5. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Hitachi Defendants to provide the basis for the Court to maintain under seal (1) Designated Exhibit U, which has been designated by the Hitachi Defendants as "Confidential" pursuant to the Stipulated Protective Order; and (2) page 3, lines 5-7 of the Opposition, which quotes from, describes, and otherwise summarizes Designated Exhibit U.

6. I am informed and believe that Designated Exhibit U consists of, cites to, or identifies confidential, nonpublic, proprietary, and highly sensitive business information about the Hitachi Defendants' business practices, pricing practices, confidential business agreements, and competitive positions. The document describes relationships with companies that remain important to the Hitachi Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Hitachi Defendants' business relationships, would cause them harm with respect to their competitors and customers, and would put the Hitachi Defendants at a competitive disadvantage.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 14th day of February, 2014, at San Francisco, California.

*/s/ James Maxwell Cooper*
James Maxwell Cooper

COOPER DECLARATION IN SUPPORT OF DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL     3     Master File No. 3:07-md-05944-SC