SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com
              tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-5944-SC  <br> MDL No. 1917 |
| This Document Relates to: <br><br> *Best Buy Co., Inc., v. Technicolor SA, et al.,* No. 13-cv-05264 <br><br> *Siegel v. Technicolor SA, et al.,* No. 13-cv-05261 <br><br> *Costco Wholesale Corp. v. Technicolor SA, et al.,* No. 13-cv-05723 <br><br> *Electrograph Systems, Inc. v. Technicolor SA, et al.*, No. 13-cv-05724 <br><br> *Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727 | **DECLARATION OF TYLER M. CUNNINGHAM IN SUPPORT OF DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** <br><br> **[Re Samsung SDI Documents]** |

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726

*P.C. Richard & Son Long Island Corp. v. Technicolor SA, et al.*, No. 13-cv-05725

*Sears, Roebuck & Co. v. Technicolor SA, et al.*, No. 13-cv-05262

*Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686

I, TYLER M. CUNNINGHAM, do declare and state as follows:

1. I am a member of the bar of the State of California and an associate with Sheppard, Mullin, Richter & Hampton LLP, counsel of record for defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd. (collectively "SDI") in these actions. I make this declaration in support of Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing, LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; Bestbuy.com, LLC; Magnolia Hi-Fi, LLC; Alfred H. Siegel (as trustee of the Circuit City Stores, Inc. Liquidating Trust); Electrograph Systems, Inc.; Electrograph Technologies Corp.; Interbond Corporation of America; Office Depot, Inc.; Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation; ABC Appliance, Inc.; MARTA Cooperative of America, Inc.; Schultze Agency Services, LLC (on behalf of Tweeter Opco, LLC , and Tweeter Newco, LLC); Sears Roebuck and Co.; Kmart Corp.; and Target Corp.'s (collectively, "Plaintiffs") Administrative Motion to File Documents Under Seal Pursuant to Rules 7-11 and 79-5 (Dkt. No. 2378) ("Motion to Seal"). Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306) ("Protective Order").

3. I have reviewed Plaintiffs' Opposition to Thomson SA's Motion to Dismiss ("Opposition") and exhibits A, B, D, F and G to the Declaration of Vincent S. Loh in support of the Opposition ("Loh Declaration"), which were filed with the Court on February 10, 2014.

4. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal the following documents and information designated by SDI as "Confidential" or "Highly Confidential:" Loh Declaration Ex. A (SDCRT-0006632 to 33 and SDCRT-0006632E to 33E); *Id*. Ex. B (Samsung SDI Defendants'

Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5); *Id*. Ex. F (SDCRT-0002526 to 28 and SDCRT-0002526E to 28E); *Id*. Ex. G (SDCRT-0002585 to 87 and SDCRT-00021585E to 87E); and Opposition pp. 3:23-4:1, 4:5-11, 4:24-27, 7:27-8:7 and 14:14-19.

5.  The Loh Declaration also attaches as Exhibit D a document produced by SDI bearing Bates label SDCRT-0088604 to 28. SDI does not object to the filing of Exhibit D to the Loh Declaration, or any portion of the Opposition purporting to discuss or summarize Exhibit D, in the public record.

6.  Loh Declaration Exhibits A, F and G are documents that SDI has produced in discovery, and purported English translations. SDI designated these documents "Highly Confidential" under the Protective Order. These documents are internal reports that contain, cite and/or refer to confidential business information about SDI's market analyses, sales strategy, business and supply plans, and relationships with companies that remain important to SDI's competitive position. I am informed and believe that public disclosure of these documents would risk undermining SDI's business relationships, causing it harm with respect to its competitors or putting SDI at a competitive disadvantage.

7.  The Court has previously sealed the documents submitted as Loh Declaration Exhibits A, F and G. *See* Order Granting Sharp Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. No. 1852).

8.  Loh Declaration Exhibit B is an excerpt from the Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, designated by SDI as "Confidential" under the Protective Order. Exhibit B is a voluminous fifty-six (56) page document lodged under seal by Plaintiffs; however, it is only briefly discussed in the Opposition, at pp. 3:25-4:1 and p. 8:2-7. Where confidential documents or information are not material to the disposition of the underlying motion, the documents and information should be kept under seal. *See, e.g., The Wilderness Society v. Wisely*, 524 F. Supp. 2d 1285, 1296 (D. Colo. Aug. 6, 2007) (ordering documents to be kept under seal "[b]ecause the Court has not considered

the [documents] in reaching its decisions in this case, [thus] there is no public interest to be served by providing access to them"); *McConnell v. Fed. Election Comm.*, 251 F. Supp. 2d 919, 937, 943 (D.D.C. 2003) (ordering documents and information not relied upon by the Court to be kept under seal); *Davis v. Miner*, 2007 WL 1237924, at *3 n.8 (M.D. Penn. Apr. 26, 2007) (same). Exhibit B contains confidential, nonpublic, proprietary and highly sensitive business information about SDI's sales processes, business practices, negotiating tactics and competitive positions, including as to relationships with companies that remain important to SDI's competitive position. I am informed and believe that public disclosure of this document would present a risk of undermining SDI's business relationships, would cause it harm with respect to its competitors and would put SDI at a competitive disadvantage. Sealing Exhibit B is particularly appropriate where there is no need to release the entire fifty-six (56) page exhibit.

9. The Court has, on at least three occasions, ordered that the document submitted as Loh Declaration Exhibit B be sealed. *See* Order Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents (Dkt. No. 1120); Order Re Administrative Motions to File Under Seal (Dkt. No. 1512); Order Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents (Dkt. No. 1698).

10. Plaintiffs' Opposition quotes from or describes documents or information designated as "Confidential" or "Highly Confidential" by SDI pursuant to the Protective Order, including Loh Declaration exhibits A, B, F and G. As with the exhibits themselves, I understand that SDI considers any statements in the Opposition purporting to summarize these exhibits or any other documents or information designated "Confidential" or "Highly Confidential" by SDI to be confidential.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on February 14, 2014 at San Francisco, California.

                                        */s/ Tyler M. Cunningham*
                                        TYLER M. CUNNINGHAM