Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Best Buy Co, Inc. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-00141;<br><br>*Costco Wholesale Corp. v. Technicolor SA, et al.*, No. 13-cv-05723;<br><br>*Electrograph Systems, Inc. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727; | **DECLARATION OF DANA E. FOSTER IN SUPPORT OF DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULES 7-11 AND 79-5** |

1   *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

2   

3   *P.C. Richard & Son Long Island Corp. v. Technicolor SA, et al.*, No. 13-cv-05725;

4   

5   *Sears, Roebuck & Co. v. Technicolor SA, et al.*, No. 13-cv-05262;

6   

7   *Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668; and

8   

9   *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DECLARATION OF DANA E. FOSTER IN SUPPORT OF
DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE
DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULES 7-11 AND 79-5
Case No. 07-5944 SC, MDL No. 1917

I, Dana E. Foster, hereby declare as follows:

1. I am an attorney with the law firm of White & Case LLP, attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Electronic Components, Inc. ("TAEC"), and Toshiba America Information Systems, Inc. (collectively, the "Toshiba Defendants"). I make this declaration in support of Direct Action Plaintiffs' Administrative Motion to File Documents Under Seal Pursuant to Local Rules 7-11 and 79-5 (Dkt. No. 2378) (the "Motion to Seal").

2. Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order").

4. The Toshiba Defendants have produced in this action certain documents and information designated as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order.

5. On February 10, 2014, certain Direct Action Plaintiffs filed the Motion to Seal, and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), their Opposition to Thomson SA's Motion to Dismiss (the "Opposition") (Dkt. No. 2378-3).

6. On February 10, 2014, certain Direct Action Plaintiffs filed the Declaration of Vincent S. Loh in support of the Motion to Seal (Dkt. No. 2378-1), which states that the redacted portions of the Opposition and the sealed exhibits thereto refer to, contain, or reflect excerpts from, documents that Defendants have designated as "Confidential" or "Highly Confidential" under the Stipulated Protective Order.

7. Pursuant to Civil Local Rules 7-11 and 79-5, and the Stipulated Protective Order, the following redacted portions of the Opposition should be maintained under seal:

DECLARATION OF DANA E. FOSTER IN SUPPORT OF
DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE
DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULES 7-11 AND 79-5
Case No. 07-5944 SC, MDL No. 1917

3

a. The numerous references and citations on pages 4, 5, and 6 to documents that TAEC has designated as "Confidential" or "Highly Confidential" under the Stipulated Protective Order;

b. Exhibit C to the Opposition, which is a document produced by TAEC in this litigation and designated "Highly Confidential" under the Stipulated Protective Order;

c. Exhibit O to the Opposition, which is a document produced by TAEC in this litigation and designated "Highly Confidential" under the Stipulated Protective Order;

d. Exhibit P to the Opposition, which is a document produced by TAEC in this litigation and designated "Confidential" under the Stipulated Protective Order;

e. Exhibit Q to the Opposition, which is a document produced by TAEC in this litigation and designated "Highly Confidential" under the Stipulated Protective Order;

f. Exhibit R to the Opposition, which is a document produced by TAEC in this litigation and designated "Highly Confidential" under the Stipulated Protective Order;

g. Exhibit S to the Opposition, which is a document produced by TAEC in this litigation and designated "Highly Confidential" under the Stipulated Protective Order; and

h. Exhibit T to the Opposition, which is a document produced by TAEC in this litigation and designated "Confidential" under the Stipulated Protective Order.

8. The sealed exhibits listed in Paragraph 7 and excerpted in the Opposition consist of, quote from, and/or contain confidential, non-public, proprietary and highly sensitive business information. The sealed exhibits contain confidential, non-public information about the Toshiba Defendants' sales practices, business and supply

agreements, and competitive positions. They describe relationships with companies — including customers and vendors — that remain important to the Toshiba Defendants' competitive positions. Upon information and belief, publicly disclosing this sensitive information presents a risk of undermining the Toshiba Defendants' relationships, would cause harm with respect to the Toshiba Defendants' competitors and customers, and would put the Toshiba Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of February, 2014, in Washington, D.C.

_____
Dana E. Foster

DECLARATION OF DANA E. FOSTER IN SUPPORT OF
DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE
DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULES 7-11 AND 79-5
Case No. 07-5944 SC, MDL No. 1917

5

# CERTIFICATE OF SERVICE

On February 18, 2014, I caused a copy of "DECLARATION OF DANA E. FOSTER IN SUPPORT OF DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULES 7-11 AND 79-5" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

*/s/ Dana E. Foster*
Dana E. Foster

DECLARATION OF DANA E. FOSTER IN SUPPORT OF
DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE
DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULES 7-11 AND 79-5
Case No. 07-5944 SC, MDL No. 1917