Daniel A. Sasse (CA Bar No. 236234)
dsasse@crowell.com
Deborah E. Arbabi (CA Bar No. 167275)
darbabi@crowell.com
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: 949-263-8400
Facsimile: 949-263-8414

*Counsel for Old Comp Inc.,
RadioShack Corporation, and
ViewSonic Corporation*

Jessica L. Meyer (CA Bar No. 249064)
jmeyer@lindquist.com
James M. Lockhart (Admitted Pro Hac Vice)
jlockhart@lindquist.com
LINDQUIST & VENNUM LLP
4200 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
Telephone: 612-371-3953
Facsimile: 612-371-3207

*Counsel for Unisys Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Direct Purchaser Actions | Master Docket No. 3:07-cv-05944-SC<br>MDL No. 1917<br><br>**OPT-IN PLAINTIFFS' NOTICE OF MOTION AND MOTION TO WITHDRAW REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASSES AND TO JOIN THE CLASS SETTLEMENTS** |

CASE NO. 3:07-CV-05944-SC

OPT-IN PLAINTIFFS' NOTICE OF MOTION AND MOTION TO WITHDRAW REQUESTS FOR EXCLUSION
FROM THE SETTLEMENT CLASSES AND TO JOIN THE CLASS SETTLEMENTS

# NOTICE OF MOTION AND MOTION

**TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that, on April 4, 2014, at 10:00 AM in Courtroom 1 of the United States Courthouse for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102, Old Comp Inc., on behalf of itself and its affiliates and predecessors (collectively, "Old Comp"), RadioShack Corporation, on behalf of itself and its affiliates and predecessors (collectively, "RadioShack"), Unisys Corporation, on behalf of itself and its affiliates and predecessors (collectively, "Unisys"), and ViewSonic Corporation, on behalf of itself and its affiliates and predecessors (collectively, "ViewSonic") (together, "Opt-In Plaintiffs") will and hereby do move this Court for an order allowing Opt-In Plaintiffs to withdraw their requests for exclusion from the direct and indirect purchaser settlement classes in the above-captioned matter and to allow Opt-In Plaintiffs to participate in those class settlements. Opt-In Plaintiffs bring this Motion on the grounds that the parties will be saved the significant expenses of litigating separate opt-out cases if Opt-In Plaintiffs are allowed to participate in the settlements; judicial economy and efficiency will also be served by avoiding numerous separate actions. In addition, there will be no prejudice to any party or direct or indirect class member if Opt-In Plaintiffs are allowed to rejoin the settlement classes.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the papers on file in this action, and on such oral argument and documentary evidence as the Court may consider at the hearing of this Motion. Counsel have met and conferred in good faith regarding the substance of this motion, and this motion is made following conferences of counsel on December 12, 2013 and January 22, 2014.

CROWELL & MORING LLP
ATTORNEYS AT LAW

-1-   CASE NO. 3:07-CV-05944-SC
OPT-IN PLAINTIFFS' NOTICE OF MOTION AND MOTION TO WITHDRAW REQUESTS FOR EXCLUSION
FROM THE SETTLEMENT CLASSES AND TO JOIN THE CLASS SETTLEMENTS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

By this motion, Old Comp Inc., on behalf of itself and its affiliates and predecessors (collectively, "Old Comp"), RadioShack Corporation, on behalf of itself and its affiliates and predecessors (collectively, "RadioShack"), Unisys Corporation, on behalf of itself and its affiliates and predecessors (collectively, "Unisys"), and ViewSonic Corporation, on behalf of itself and its affiliates and predecessors (collectively, "ViewSonic") (together, "Opt-In Plaintiffs") seek to streamline this litigation by including their claims in the direct and indirect purchaser settlement classes in the above-captioned matter, thus avoiding additional costly opt-out actions against the Defendants. By granting this motion, the Court will allow the parties to avoid further costly litigation and will eliminate from the Court's docket future redundant litigation in this action. More importantly, as courts have repeatedly made clear, and despite direct class counsel's misplaced assertions to the contrary, the interests of the other class members who are participating in the settlements will not be prejudiced by granting this motion.

On behalf of themselves and their affiliates and predecessors, Opt-In Plaintiffs variously requested exclusion from certain classes certified in connection with the following settlements: (1) the direct purchaser settlement reached with Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, "CPT") and Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., and Philips Da Amazonia Industria Electronica Ltda. (collectively, "Philips"); (2) the direct purchaser settlement reached with Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd. (collectively, "Panasonic"); (3) the direct purchaser settlement reached with LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd. (collectively, "LG"); (4) the direct purchaser settlement reached with Toshiba Corporation, Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc. (collectively, "Toshiba"); and (5) the indirect purchaser settlement

reached with Chunghwa Picture Tubes Ltd. ("Chunghwa").[1]  See Ex. A.  After fully investigating their purchases of Cathode Ray Tubes ("CRT"), and continuously assessing their options in the best interests of their shareholders, Opt-In Plaintiffs have determined that the class settlements achieved by direct and indirect class counsel are fair and reasonable.[2]  Accordingly, Opt-In Plaintiffs seek to participate in the settlements listed above as class members, having determined that they do not wish to engage in separate litigations with CPT, Philips, Panasonic, LG, Toshiba, and Chunghwa (the "Settling Defendants").  Opt-In Plaintiffs are thus requesting that the Court allow them to withdraw their exclusions from the direct and indirect purchaser settlement classes.

As yet, there has been no distribution of the settlement proceeds, pending further negotiations with those Defendants who have not settled.  The entire amount of the settlements remain in the Net Settlement Fund, which includes the settlement proceeds and interest, awaiting distribution to the settlement classes once all settlement negotiations have concluded.  In fact, no claim deadline has even been announced for any of the settlements, and therefore claims administration would not be hindered in any way by allowing Opt-In Plaintiffs to withdraw their requests for exclusion.  Thus, at this early stage, because claims administration has not yet begun, the settlement fund has not yet been distributed to class members, and further settlement negotiations are ongoing, there is no harm in allowing Opt-In Plaintiffs to withdraw their requests for exclusion from the direct and indirect purchaser settlement classes.

If Opt-In Plaintiffs' motion is denied, separate litigation by Opt-In Plaintiffs against the Settling Defendants would consume more Court resources and require the parties to expend more resources litigating numerous actions.  However, those expenses can be avoided if the Court permits Opt-In Plaintiffs to participate in the settlements and submit the appropriate claims.  Accordingly, Opt-In Plaintiffs respectfully request that the Court grant this Motion and allow

---

[1] Specifically, Old Comp requested exclusion from the Chunghwa indirect purchaser settlement class; RadioShack requested exclusion from the Chunghwa indirect purchaser settlement class; Unisys requested exclusion from the CPT/Philips, Panasonic, LG, and Toshiba direct purchaser settlement classes; and ViewSonic requested exclusion from all five settlement classes.

[2] Both Old Comp and RadioShack sought to withdraw their requests for exclusion on March 18 and April 30, 2013, respectively, via letter to CRT Indirect Exclusions.  See Ex. B.

them to withdraw their exclusions from the classes listed above.

## ARGUMENT

In class actions, the Court retains its equitable powers when settlement funds have not yet been distributed. *Zients v. Lamorte*, 459 F.2d 628, 630 (2d Cir. 1972). Courts have consistently used their equitable powers to permit parties to withdraw requests to opt out of class actions. *In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2008 WL 5215980, at *1 (D. Kan. Dec. 12, 2008) (citations omitted). A "claim for inclusion in an opt-in class action lacks the potentially detrimental effect on the process of settlement from which a claim for exclusion from an opt-out class action suffers." *In re Orthopedic Bone Screw Prods. Liability Litig.*, 246 F.3d 315, 326 (3d Cir. 2001). Accordingly, courts have granted requests to rejoin a class when there is no prejudice to the defendants or other class members. *See In re Urethane Antitrust Litig.*, 2008 WL 5215980 at *1-3.

Opt-In Plaintiffs request that the Court allow them to withdraw their exclusions from the settlement classes so that Opt-In Plaintiffs may participate in the settlements as class members rather than filing separate opt-out claims. There is no prejudice here to the Settling Defendants if Opt-In Plaintiffs rejoin the classes. Indeed, each of the Settling Defendants have confirmed they do not object to Opt-In Plaintiffs' requests to reenter the settlement classes. Declaration of Deborah E. Arbabi at ¶ 3. In fact, the Settling Defendants would be prejudiced if Opt-In Plaintiffs do not reenter the class, as Opt-In Plaintiffs would then be forced to relitigate the same issues against the Settling Defendants, exposing them to additional damages and the cost to defend claims in separate cases. Unless the parties agree otherwise, inclusion of Opt-In Plaintiffs will have no effect on the amount the Settling Defendants will pay to the settlement classes. *See In re Orthopedic Bone Screw*, 246 F.3d at 323.

Nor is there prejudice for the other class members. As the court in *In re Elec. Carbon Prods. Antitrust Litig.*, 447 F. Supp. 2d 389, 397 (D.N.J. 2006), explained: "It cannot be said that any class member relied, to its detriment, on the [opt-in plaintiffs'] original decision to opt out, since that development was contemporaneous with all other decisions and could not have been a factor in the decision of any particular class members to participate." Similarly, courts have

1  found that plaintiffs who filed timely claims had no justifiable expectation in any particular pay-

2  out. *In re "Agent Orange" Prod. Liability Litig.*, 689 F. Supp. 1250, 1263 (E.D.N.Y. 1998). In

3  essence, "the loss of a windfall [for class plaintiffs] is not prejudicial." *In re Orthopedic Bone*

4  *Screw*, 246 F.3d at 324 (citation omitted).

5        Nonetheless, direct class counsel assert that members of the settlement classes would be

6  prejudiced because the settlements were entered into in reliance on Opt-In Plaintiffs' opt-out

7  notices. This assertion is unpersuasive. First, class members could not have relied on any opt-out

8  notices when negotiating the CPT/Philips settlement because it was reached before Opt-In

9  Plaintiffs issued any opt-out notices. For subsequent settlements, the assertion is equally

10 unconvincing because class members may independently decide whether to request exclusion

11 from each settlement that is reached. It would have been unreasonable for class members to

12 expect an Opt-In Plaintiff to opt out of every settlement because it opted out of one.

13       Further, allowing Opt-In Plaintiffs to withdraw their exclusions would not prejudice class

14 members based on a class member's expectation of a particular settlement amount. At this early

15 stage in the claims process, the claims period is ongoing, claims are not public, and the claims

16 administrator has not determined the appropriate allocation among class members who have filed

17 claims. Since all purchasers of CRT are entitled to submit claims, at most, class members are

18 entitled to their pro rata share of the settlement assuming all purchasers file claims. In any event,

19 in most class actions, the claims rate is such that the pro rata sharing usually results in a higher

20 share to class members because not all eligible purchasers will file claims. Thus, class members

21 will most likely receive a much larger share of the settlement than that to which they are entitled.

22 And even if Opt-In Plaintiffs' request would somehow result in significantly smaller settlement

23 payments to class members—which it would not—courts have made clear that the "loss of a

24 windfall" to class members is not prejudicial.

25       The policy behind Fed. R. Civ. P. 23 further supports Opt-In Plaintiffs' Motion. "The

26 policy embodied in Rule 23 is the prevention of multiple relitigation of the same factual and legal

27 issues." *In re Elec. Weld Steel Tubing Antitrust Litig.*, No. 81-4737, 1982 WL 1873, at *2 (E.D.

28 Pa. June 30, 1982) (citation omitted). Allowing Opt-In Plaintiffs to reenter the settlement classes

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-  
CASE NO. 3:07-CV-05944-SC  
OPT-IN PLAINTIFFS' NOTICE OF MOTION AND MOTION TO WITHDRAW REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASSES AND TO JOIN THE CLASS SETTLEMENTS

would "avoid needless relitigation." *Id.* at *3.

## CONCLUSION

For these reasons, Opt-In Plaintiffs respectfully request that the Court allow Opt-In Plaintiffs to withdraw their requests for exclusion from the direct and indirect purchaser settlement classes in the above-captioned matter and to join those class settlements.

Dated: February 20, 2014                  Respectfully submitted,


                                                                /s/ Daniel A. Sasse

Daniel A. Sasse (CA Bar No. 236234)
dsasse@crowell.com
Deborah E. Arbabi (CA Bar No. 167275)
darbabi@crowell.com
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: 949-263-8400
Facsimile: 949-263-8414

*Counsel for Old Comp Inc.,
RadioShack Corporation, and
ViewSonic Corporation*

Jessica L. Meyer (CA Bar No. 249064)
jmeyer@lindquist.com
James M. Lockhart (Admitted Pro Hac Vice)
jlockhart@lindquist.com
LINDQUIST & VENNUM LLP
4200 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
Telephone: 612-371-3953
Facsimile: 612-371-3207

*Counsel for Unisys Corporation*