# EXHIBIT C

PUBLIC COPY

## BRIEF FOR PLAINTIFF-APPELLANT THOMSON S.A.

IN THE

# United States Court of Appeals

FOR THE FEDERAL CIRCUIT

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP 29 1997

JAN HORBALY
CLERK

Appeal No. 97-1485

THOMSON S.A.,

*Plaintiff-Appellant,*

—v—

QUIXOTE CORPORATION and DISC MANUFACTURING, INC.,

*Defendants-Appellees.*

ON APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE IN 94-CV-83-LON
ENTERED JUNE 24, 1997

CHIEF JUDGE JOSEPH J. LONGOBARDI

George E. Badenoch
Richard L. Mayer
John Flock
Robert F. Perry
KENYON & KENYON
One Broadway
New York, New York 10004
(212) 425-7200

*Attorneys for Plaintiff-Appellant*
*THOMSON S.A.*

September 29, 1997

absent expert witness as if they were fact evidence that could be relied upon in their own right to support the verdict.

The four patents-in-suit cover optical storage products including digital audio compact discs ("CDs").[1] The patents are based on a common disclosure which describes two different inventions used in CDs. The '808, '183 and '725 patents claim an invention used by CDs for storing and playing back information, while the '743 patent claims an invention used by CDs to enable the disc player to follow the track. Although both inventions are described in the same specification, they are separate and distinct, and there is no legal requirement that the Court reach the same decision on the representative claims for the two different inventions.

The prior invention defense with respect to both inventions was based on an optical video disc allegedly tested internally at a company in California called MCA Discovision Inc. ("MCA") in June 1972, two months before plaintiff's priority date.

2. **Parties**

Plaintiff appellant, Thomson SA, is a large multi-national defense and consumer electronics firm with headquarters in France and a consumer electronics subsidiary that owns and operates the former consumer electronic business of General Electric Company and RCA in the United States. *A 248-250 [Tr. 162-164]*. Plaintiff does not make

---

[1] The four patents are U.S. Patent Nos. 4,868,808 (the "'808 patent" -- *A 1414-1425)*, 4,196,183 *(the "'183 patent" -- A 1426-1440)*, 4,175,725 *(the "'725 patent"-- A 1441-1455)* and 5,182,743 (the "'743 patent" -- *A 1456-1465)*.

2

CDs, but it makes and markets CD players, and it successfully licensed the patents-in-suit to CD manufacturers until the decision below. Defendant-appellee, Quixote Corp. ("Quixote"), is a holding company in Chicago which until recently owned defendant-appellee Disc Manufacturing Inc. ("DMI"), a contract maker of video and audio compact discs.

### 3. The Patented Inventions

The patents-in-suit describe and claim two important inventions in the field of optical storage discs. The first invention, the "reading invention," relates to the shape and arrangement of structures on the disc that enable storage and playback of information in a certain way. The second invention, the "tracking invention," relates to the shape and arrangement of structures on the disc that enable the reading light spot of the disc player to follow one optical track at a time during playback.

Plaintiff's patents are based on work by its inventor, Claude Tinet, in France in 1972. The original application for the patents was filed in France on August 25, 1972, and the parties agree that August 25, 1972 is plaintiff's priority date for purposes of the prior invention issues. *A 6 [Memorandum Opinion, footnote 4]*. The U.S. application was filed a year later, but the patents did not issue until between 1989 and 1993, after extended prosecution.

#### a. *The Reading Invention*

The common specification of the patents-in-suit teaches making an optical storage disc with a series of microscopic projections or depressions in the surface. These projections or depressions, referred to as "bumps" or "pits" at trial and hereafter, are aligned

3

## CONCLUSION

The District Court's decision denying plaintiff's motion for JMOL and/or new trial rests on an erroneous construction of the claims, and erroneous reliance on uncorroborated oral testimony to establish prior invention, and an erroneous treatment of the Slaten claim charts as if they were fact evidence. When the claims are properly construed, there is no evidence to support the jury's verdict that the alleged prior invention met all of the claim elements.

The portion of the judgment below that invalidated plaintiff's patents should be vacated, and the case remanded to the District Court with directions to enter judgment for plaintiff on the liability issues and for further proceedings on the damages issues.

Respectfully submitted,

George E. Badenoch
Kenyon & Kenyon
One Broadway
New York, New York 10004
(212) 425-7200