1  GUIDO SAVERI (22349)
       *guido@saveri.com*
2  R. ALEXANDER SAVERI (173102)
       *rick@saveri.com*
3  GEOFFREY C. RUSHING (126910)
       *grushing@saveri.com*
4  CADIO ZIRPOLI (179108)
       *cadio@saveri.com*
5  TRAVIS L. MANFREDI (281779)
       *travis@saveri.com*
6  SAVERI & SAVERI, INC.
7  706 Sansome Street
   San Francisco, CA  94111-5619
8  Telephone:  (415) 217-6810
9  Facsimile:  (415) 217-6813

*Interim Lead Counsel for
Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944-SC<br><br>MDL No. 1917 |
| This Document Relates To:<br><br>DIRECT PURCHASER CLASS ACTIONS | **DECLARATION OF GEOFFREY C. RUSHING IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO OPT-IN PLAINTIFFS' MOTION TO WITHDRAW REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASSES AND TO JOIN THE CLASS SETTLEMENTS**<br><br>Judge: Honorable Samuel Conti<br>Date:   April 4, 2014<br>Time:   10:00 a.m.<br>Ctrm:   1, 17th floor |

I, GEOFFREY C. RUSHING, declare:

1. I am of counsel to the law firm of Saveri & Saveri, Inc., which the Court has appointed to act as interim lead counsel on behalf of the Direct Purchaser Plaintiffs ("Plaintiffs") in this action. I submit this declaration in support of Direct Purchaser Plaintiffs' Opposition to Opt-In Plaintiffs' Motion to Withdraw Requests for Exclusion from the Settlement Classes and to Join the Class Settlements. Except as otherwise noted, I make this declaration of my own personal knowledge, and if called upon to do so, could and would testify competently to the facts contained herein.

2. On February 28, 2014, I telephoned Deborah Arbabi, counsel for ViewSonic. I asked her if she could quantify her client's claim. She said she could not, but said that it was "substantial." I informed her that it was DPPs' understanding that ViewSonic was claiming from $1 to 1.5 billion in purchases. Ms. Arbabi said she did not know and repeated that the claim was "substantial." She did not rule out the possibility that it was in that range.

3. On February 28, 2014, I telephoned James Lockhart, counsel for Unisys. I asked him if he could quantify his client's claim. He stated that his client had approximately $100 million in purchases of finished products.

4. Attached hereto as <u>Exhibit 1</u> is a true and correct copy of an Order in *In re Hydrogen Peroxide Antitrust Litig.*, No. 05-cv-00666 SD, Dkt. No. 560, at *4-5 (E.D. Pa. May 29, 2009) that was downloaded from PACER.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 6th day of March, 2014 at San Francisco, California.

                */s/ Geoffrey C. Rushing*
                  Geoffrey C. Rushing

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)**

I, Guido Saveri, attest that concurrence in the filing of this document has been obtained from all signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 6, 2014, at San Francisco, California.

          /s/ Guido Saveri

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| IN RE: HYDROGEN PEROXIDE ANTITRUST LITIGATION | : : : : | CIVIL ACTION NO. 05-666 |
| THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER ACTIONS | : : : : | MDL DOCKET NO. 1682 |

ORDER

AND NOW, this 29th day of May, 2009, upon consideration of Chem-Way Corporation's motion to dismiss its claims against the remaining defendants and rejoin the class (docket entry # 524), class plaintiffs' corrected response (docket entry # 530), and the reply (docket entry # 534), and the Court finding that:

(a)  Citing Fed. R. Civ. Proc. 23(c)(1)(C) and 60(b)(6), Chem-Way Corp. ("Chem-Way") moves to (1) dismiss its claims against defendants Arkema S.A. and Arkema, Inc. (together "Arkema") and FMC Corp. ("FMC") without prejudice to its participation in the class action against Arkema and FMC, and (2) withdraw its opting out from the settlements with Evonik Degussa Corp. and Evonik DeGussa GmbH (collectively, "Evonik Degussa") and Solvay Interox, Inc., Solvay S.A., Solvay Chemicals, Inc., and

Solvay America, Inc. (collectively, "Solvay"), dismiss its claims against them, and re-enter the settlement classes and participate in the class settlements that class counsel reached with Evonik Degussa and Solvay;

      (b)   Defendants do not oppose Chem-Way's motion;

      (c)   The class plaintiffs do not oppose Chem-Way's motion with respect to Arkema and FMC, and we will grant Chem-Way's motion as to those defendants;

      (d)   But class plaintiffs vigorously object to Chem-Way's motion with respect to Evonik Degussa and Solvay;

      (e)   On November 16, 2007, we entered a final judgment and order of dismissal and approved the class action settlement with Evonik Degussa (docket entry # 393)[1];

      (f)   On July 23, 2008, we entered a final judgment and order of dismissal and approved the class action settlement with Solvay (docket entry # 488);

      (g)   Chem-Way opted out of the settlements with Evonik Degussa and Solvay but now seeks to rejoin the class for those settlements;

---

[1] We modified this judgment on February 7, 2008 and April 29, 2008, after receiving an unopposed motion and joint request, respectively.

(h) Class plaintiffs argue that we should deny Chem-Way's motion because it has not given us a "compelling, <u>bona fide</u> justification" to upset our judgments and permit Chem-Way to rejoin the class;

(i) They contend that Chem-Way should have to abide by its considered choice, advised by competent counsel, to opt out from the class for the Evonik Degussa and Solvay settlements;

(j) In fact, Chem-Way already has a separate settlement agreement with Solvay that involves both class claims and other claims, Chem-Way Brief at 2 n.2;

(k) Chem-Way contends that we should grant its motion because this will "facilitate a global resolution of the controversy and save judicial resources," Chem-Way Brief at 6;

(l) Chem-Way also argues that granting its motion will not prejudice other class members because Chem-Way was still a member of the class when it settled with Evonik Degussa and Solvay, and current class members will not recover any less than they would have if Chem-Way had remained a member of the class throughout the litigation (<u>i.e.</u>, if Chem-Way had not opted out);

(m) Chem-Way contends that our Court "previously granted a nearly identical motion in a case involving similar

3

circumstances," <u>In re Electric Weld Steel Tubing Antitrust Litigation</u>, 1982 WL 1873 (E.D. Pa. 1982), Chem-Way Brief at 3;

(n)  In <u>In re Electric</u>, our Court permitted a party that had opted out of a class and negotiated a separate settlement agreement with the defendants to rejoin the class, participate in the class's settlement, and receive an additional payment for non-class claims, 1982 WL 1873 at *1-2 (the party "received settlement dollars from the defendants above the class action settlement, allegedly in settlement of claims distinct from the claims asserted by the class");

(o)  But Chem-Way's settlement with Solvay is for both class and non-class claims, and the sum that Solvay will pay to Chem-Way "is not attributed to either [class] or non-[class] claims," Chem-Way Brief at 2 n.2;

(p)  It appears, therefore, that if we granted Chem-Way's motion with regard to Solvay, Chem-Way would receive some undefined payment from Solvay for class claims in addition to the amount that it would receive as a class member;

(q)  Class plaintiffs also note that if we grant Chem-Way's motion, class members who declined to opt out would receive less than they would as the class now stands, and this concern

4

could balloon if others who have opted out seek to rejoin the class now that it has achieved significant settlements;

(r) As the parties well know, we strongly favor the conservation of judicial resources, but we are also concerned about protecting the finality of our judgments and ensuring that <u>this</u> litigation moves forward in an orderly and efficient manner;

(s) Upon consideration of these issues and pursuant to the broad discretion we have under both Rule 23(c)(1)(C) and Rule 60(b)(6), we will not reopen our previous judgments and permit Chem-Way to re-enter the class with regard to the class settlements with Evonik Degussa and Solvay;

It is hereby ORDERED that:

1. Chem-Way's motion (docket entry # 524) is GRANTED IN PART;

2. Chem-Way's claims are DISMISSED as to Arkema and FMC without prejudice to its participation in the class action against Arkema and FMC; and

      3.    Chem-Way's motion to rejoin the class with respect to defendants Evonik Degussa and Solvay, and to dismiss its claims against these defendants, is DENIED.

                                        BY THE COURT:

                                        <u>/s/ Stewart Dalzell, J.</u>