# BOIES, SCHILLER & FLEXNER LLP

30 SOUTH PEARL STREET * 11th FLOOR * ALBANY, NY 12207 * 518-434-0600 * FAX 518-434-0665

March 11, 2014

<u>VIA ECF AND HAND DELIVERY</u>

The Honorable Samuel P. Conti
United States District Court
Northern District of California
Courtroom No. 1, 17th Fl.
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *In re Cathode Ray Tube ("CRT") Antitrust Litigation*
            Case No. 07-5944 SC; MDL No. 1917

Dear Judge Conti:

      The Direct Action Plaintiffs ("DAPs") that are subject to Mitsubishi's recent Motion to Dismiss [Dkt. 2299], as well as similar motions filed by Thomson SA [Dkt. 2355] and Thomson Consumer Electronics, Inc. [Dkt. 2353] (collectively, "Thomson"),[1] wish to bring to the Court's attention newly obtained information that is pertinent to the resolution of these Motions, all of which currently stand submitted for the Court's resolution.

      Subsequent to the filing of the Direct Action Plaintiffs' Oppositions to the Motions on January 27, 2014 (with respect to the Mitsubishi motion to dismiss) and February 10, 2014 (with respect to the Thomson motions to dismiss), the DAPs learned that the direct purchaser class had previously entered into tolling agreements with Thomson and Mitsubishi. Specifically, lead class counsel for the Direct Purchaser Plaintiffs has stated that the Thomson and Mitsubishi tolling agreements were executed on November 4 and 7, 2011, respectively, and have remained in effect ever since.

      This information is directly relevant to the Motions, in which Mitsubishi and Thomson argue that the relevant statutes of limitations have run on the DAPs' claims against Mitsubishi and Thomson. In response to those arguments, the DAPs' Oppositions to the Motions set forth

---

[1] Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.com L.L.C., and Magnolia Hi-Fi, L.L.C.; Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Costco Wholesale Corp.; Electrograph Systems, Inc. and Electrograph Technologies Corp.; Interbond Corporation of America, Office Depot, Inc., P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc.; Sears, Roebuck & Co. and Kmart Corp.; Schultze Agency Services, LLC; and Target Corp.

Hon. Samuel P. Conti
Page 2 of 2
March 11, 2014

several tolling doctrines pursuant to which the DAPs' claims were tolled.  The newly discovered tolling agreements provide an additional, independent basis on which the statutes of limitations on the DAPs' claims against Mitsubishi and Thomson were tolled prior to the date that the DAPs filed their complaints against Mitsubishi and Thomson.

Because the DAPs' original complaints in this litigation, which were filed in or before November 2011, did not name Mitsubishi and Thomson as defendants, the DAPs remained in the direct purchaser class with respect to Mitsubishi and Thomson.  The class's tolling agreements therefore tolled the statutes of limitations on the DAPs' claims against Mitsubishi and Thomson from November 2011 through November 2013, when the DAPs filed their suits against Mitsubishi and Thomson.

In light of this new information, which directly relates to the arguments raised by the parties, the DAPs respectfully request that the Court grant them leave to submit supplemental briefing in order to address these newly discovered facts.[2]

Sincerely,

/s/ Philip J. Iovieno

Philip J. Iovieno

*Liaison Counsel for Direct Action Plaintiffs*

---

[2] The DAPs believe a five-page limit would be appropriate for this supplemental briefing, and the DAPs would not object to any request by Mitsubishi and Thomson to submit responsive briefing.

The supplemental briefing requested by DAPs would be consistent with past decisions of courts in this district, which have found supplemental briefing warranted when pertinent newly discovered evidence comes to light after the submission of an opposition to a motion.  *See Mitchel v. Holder*, 2010 WL 816761 (N.D. Cal. Mar. 9, 2010) ("[I]n response to a letter Plaintiff's counsel submitted to the Court on May 27, 2009, regarding newly-discovered evidence relevant to Defendant's exhaustion of administrative remedies argument, the Court granted Plaintiff leave to file a declaration with the newly-discovered evidence, and also granted the parties leave to file supplemental briefs addressing such evidence."); *Swinerton Builders v. American Home Insurance Co.*, No. C-12-6047 EMC, Dkt. 31, Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (N.D. Cal. Mar. 15, 2013) ("The Court reserves ruling on this issue, and orders the parties to submit supplemental briefing on the significance of the newly discovered evidence to the motion to stay this case pending arbitration.").