**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>Dell Inc. v. Hitachi Ltd., No. 13-cv-2171 | ) Case No. C 07-5944 SC<br>)<br>) MDL No. 1917<br>)<br>) ORDER DENYING TOSHIBA'S MOTION<br>) TO DISMISS DELL'S FIRST AMENDED<br>) <u>COMPLAINT</u><br>)<br>)<br>)<br>) |

I.    **INTRODUCTION**

Now before the Court is the Toshiba Defendants'[1] Rule 12(b)(6) motion to dismiss Plaintiffs Dell Inc. and Dell Products L.P.'s ("Plaintiffs") first amended complaint.  ECF No. 1726 ("FAC").  The motion is fully briefed.  ECF Nos. 1998 ("Mot."), 2193 ("Opp'n"), 2230 ("Reply").  The Court finds it appropriate for resolution without oral argument, Civ. L.R. 7-1(b), and DENIES it.

II.   **BACKGROUND**

The parties are familiar with the general facts of this case, which is an antitrust action concerning the alleged price-fixing of

---

[1] The Toshiba Defendants are Toshiba Corporation, Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

**United States District Court**
For the Northern District of California

1  cathode-ray tubes ("CRTs").  A brief factual summary relevant to

2  the instant motion follows.

3      The Toshiba Defendants are companies that are all alleged to

4  have manufactured, marketed, sold, or distributed CRT Products in

5  the United States, either directly or through subsidiaries or

6  affiliates.  FAC ¶¶ 61-64.  Plaintiffs allege that the Toshiba

7  Defendants participated in an international conspiracy to fix the

8  prices of CRTs, and that they never effectively withdrew from it.

9  Id. ¶¶ 149-51.  Plaintiffs also contend that the Toshiba Defendants

10  and other Defendants were highly interrelated, as when they formed

11  CRT-related joint ventures.  See id ¶¶ 95-96.  Plaintiffs state

12  that they bought price-fixed CRT Products "directly from Defendants

13  and co-conspirators, and/or Defendants' and co-conspirators'

14  subsidiaries and affiliates, and/or any agents controlled by

15  Defendants, Defendants' subsidiaries and affiliates, co-

16  conspirators or co-conspirators' affiliates," as well as from

17  original equipment manufacturers ("OEMs") and other suppliers.  See

18  id. ¶¶ 20, 61-64.  The Toshiba Defendants now move to dismiss.

19

20  **III.   LEGAL STANDARD**

21      A motion to dismiss under Federal Rule of Civil Procedure

22  12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.

23  Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

24  on the lack of a cognizable legal theory or the absence of

25  sufficient facts alleged under a cognizable legal theory."

26  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

27  1988).  "When there are well-pleaded factual allegations, a court

28  should assume their veracity and then determine whether they

**United States District Court**
For the Northern District of California

plausibly give rise to an entitlement to relief." <u>Ashcroft v.</u>
<u>Iqbal</u>, 556 U.S. 662, 664 (2009).  However, "the tenet that a court
must accept as true all of the allegations contained in a complaint
is inapplicable to legal conclusions.  Threadbare recitals of the
elements of a cause of action, supported by mere conclusory
statements, do not suffice." <u>Id.</u> at 678 (citing <u>Bell Atl. Corp. v.</u>
<u>Twombly</u>, 550 U.S. 544, 555 (2007)).  The allegations made in a
complaint must be both "sufficiently detailed to give fair notice
to the opposing party of the nature of the claim so that the party
may effectively defend against it" and "sufficiently plausible"
such that "it is not unfair to require the opposing party to be
subjected to the expense of discovery." <u>Starr v. Baca</u>, 652 F.3d
1202, 1216 (9th Cir. 2011).

Claims sounding in fraud are subject to the heightened
pleading requirements of Federal Rule of Civil Procedure 9(b),
which requires that a plaintiff alleging fraud "must state with
particularity the circumstances constituting fraud." <u>See</u> <u>Kearns v.</u>
<u>Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009).  "To satisfy
Rule 9(b), a pleading must identify the who, what, when, where, and
how of the misconduct charged, as well as what is false or
misleading about [the purportedly fraudulent] statement, and why it
is false." <u>United States ex rel Cafasso v. Gen. Dynamics C4 Sys.,</u>
<u>Inc.</u>, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks
and citations omitted).

**IV.   <u>DISCUSSION</u>**

The Toshiba Defendants argue that Plaintiffs have failed to
allege facts that would support standing under the "ownership or

control" exception of <u>Illinois Brick v. Illinois</u>, 431 U.S. 720 (1977).  That case, now quite familiar to all parties in this MDL,[2] set forth several exceptions to the general rule that plaintiffs who purchased allegedly price-fixed goods indirectly -- i.e., not from the ultimate price-fixer -- lack standing to bring a federal antitrust case.  <u>See</u> <u>In re ATM Fee Antitrust Litig.</u>, 686 F.3d 741, 749 (9th Cir. 2012).  One exception, the "ownership or control" exception, provides for standing when a plaintiff bought the allegedly price-fixed good from an entity owned or controlled by the ultimate price-fixer.  <u>Id.</u>

Plaintiffs respond that the Toshiba Defendants had previously stipulated not to raise this argument on a motion to dismiss, and in any event that their allegations are enough to support standing at this time.

Plaintiffs and the Toshiba Defendants entered the stipulation in question on October 1, 2013, ECF No. 1969 ("Stip."), after the Court issued its August 21, 2013 Order on the Defendants' Joint Motion to Dismiss Certain Direct Action Plaintiffs' ("DAP") Complaints, ECF No. 1856 ("Aug. 21 Order").  The relevant parts of the Stipulation read as follows:

> The Stipulating Plaintiffs' Complaints do not seek to proceed under the "cost-plus" and "co-conspirator" exceptions to Illinois Brick;
>
> The undersigned Defendants' request to dismiss the Stipulating Plaintiff's Complaints as they pertain to the Stipulating Plaintiffs' right to proceed under the "ownership or control" exception to Illinois Brick is denied for the reasons set forth in the August 21, 2013 Order; and

---

[2] <u>See, e.g.</u>, ECF No. 1470 ("Order Re: Defs.' Joint Mot. for S.J.") ("S.J. Order.")).

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

> By virtue of this Stipulation, the undersigned
> Defendants and the Stipulating Plaintiffs do not waive
> any of their appeal rights to the Illinois Brick issues
> addressed and resolved in this Stipulation.

Stip. ¶¶ 5-7.

In support of their argument that the Stipulation bars the

Toshiba Defendants from raising the ownership or control issue on a

motion to dismiss, Plaintiffs also include an email from the

Toshiba Defendants' counsel concerning the Stipulation:

> Certain of the defendants are planning on moving to
> dismiss the Sharp, Dell, and Tech Data complaints on the
> basis of <u>Illinois Brick</u>.  Recall that Judge Conti
> previously granted similar motions with respect to the
> "cost-plus" and "coconspirator" exceptions to Illinois
> Brick, while denying such motions with respect to the
> "ownership and control" exception.
>
> Rather than briefing this issue, we propose resolving
> this issue in the attached stipulation.  We could add
> language to the stipulation that closely follows Judge
> Conti's ruling on the issue. Everyone would preserve
> their appeal rights. Please let me know what you think.

ECF No. 2193-1 ("Bernstein Decl.") Ex. A ("Lau Ltr.").

The Toshiba Defendants read the Stipulation and the Lau Letter

to permit them to base a motion to dismiss on the inadequacy of

Plaintiffs' pleadings.  Here they point to the August 21 Order,

which granted Defendants' motion to dismiss to the extent that it

challenged the DAPs' right to proceed under <u>Illinois Brick</u>'s "cost-

plus" or "co-conspirator" exceptions, but denied it to the extent

that it challenged the DAPs' rights to proceed under the ownership

or control exception.  Aug. 21 Order at 5.

The Court's decision there was based on Defendants' statement

that they raised the issue in their motion to dismiss only to

preserve it for appeal, not to brief and argue it fully.  <u>See</u> ECF

Nos. 1664 ("R&R on Joint MTD") at 4-5, 1706 ("Joint Obj'ns to R&R")

**United States District Court**
For the Northern District of California

at 24.  Defendants' litigation position was based on their

contention that the Court's ruling on ownership or control was

wrong as a matter of law, so far as it held that the exception can

apply to "the purchase of a finished product from an entity

allegedly owned or controlled by an allegedly conspiring

Defendant."  Joint Obj'ns to R&R at 24.  Recognizing that the

Court's earlier holding as to the availability of the ownership or

control exception constituted the law of the case, Defendants did

not attempt to re-litigate it.  Id.  In a footnote, Defendants

clarified further that the issue of proving the exception is a

different question, and noted that the adequacy of the DAPs'

pleading of the exception were not before the case's former Special

Master at the hearing on that motion.  Id. at 24 n.21.

Accordingly, the Court stated in its August 21 Order that it

expressed "no view as to whether the DAPs will be able to prove

what is needed to establish the ownership or control exception" and

made "no ruling on the adequacy of the DAPs' allegations of

ownership and control."  Aug. 21 Order at 5.  The Toshiba

Defendants' position is apparently that since the Court made no

ruling as to how a party should plead the ownership or control

exception, its holding only extends to the legal issue of whether

the exception applies at all in a fact pattern like this one.

The Court finds for Plaintiffs.  The stipulation and the

Court's prior orders all indicate that the ownership or control

exception was not to be re-litigated.  In any event, the Court

finds Plaintiffs' allegations sufficient to entitle them to the

ownership or control exception at this time.  Plaintiffs pled that

they purchased CRT Products from Toshiba, Toshiba's affiliates or

**United States District Court**
For the Northern District of California

agents, or any agents that Toshiba or its subsidiaries controlled, and that it was injured when it paid artificially high prices for those products.  This is sufficient to entitle them to the ownership or control exception as a pleading matter.  Whether they have the facts to prove it is a different issue.  Toshiba's motion is accordingly DENIED on these grounds.

V.    **CONCLUSION**

As explained above, the Toshiba Defendants' motion to dismiss Plaintiffs Dell Inc. and Dell Products L.P.'s first amended complaint is DENIED.

IT IS SO ORDERED.

Dated: March 13, 2014                    _____

                                        UNITED STATES DISTRICT JUDGE