IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. C 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to: | ORDER GRANTING IN PART AND DENYING IN PART MITSUBISHI'S MOTION TO DISMISS SHARP'S FIRST AMENDED COMPLAINT |
| Electrograph Systems, Inc. v. Technicolor SA, No. 13-cv-05724; | |
| Alfred H. Siegel v. Technicolor SA, No. 13-cv-05261; | |
| Best Buy Co., Inc. v. Technicolor SA, No. 13-cv-05264; | |
| Interbond Corporation of America v. Technicolor SA, No. 13-cv-05727; | |
| Office Depot, Inc. v. Technicolor SA, No. 13-cv-05726; | |
| Costco Wholesale Corporation v. Technicolor SA, No. 13-cv-05723; | |
| P.C. Richard & Son Long Island Corporation v. Technicolor SA, No. 13-cv-05725; | |
| Schultze Agency Services, LLC v. Technicolor SA, Ltd., No. 13-cv-05668; | |
| Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, No. 3:13-cv-05262; | |
| Target Corp. v. Technicolor SA, No. 13-cv-05686 | |

## I.  INTRODUCTION

Now before the Court is Defendant Mitsubishi's[1] ("Mitsubishi" or "Defendant") motion to dismiss various Direct Action Purchaser Plaintiffs' ("Plaintiffs" or "DAPs") complaints.[2] ECF No. 2299 ("MTD"). The matter is fully briefed, ECF Nos. 2358-4 ("Opp'n") (filed under seal), 2374-4 ("Reply") (filed under seal), and appropriate for decision without oral argument, per Civil Local Rule 7-1(b). As explained below, the motion is GRANTED in part and DENIED in part.

## II.  BACKGROUND

Mitsubishi is a relatively new defendant in this case, the basic facts of which are familiar to all parties. The DAPs first named the Mitsubishi entities as defendants in November 2013, though in March 2013 they had sought leave from the Court to amend

---

[1] "Mitsubishi" refers collectively to Mitsubishi Electric US, Inc., f.k.a. Mitsubishi Electric & Electronics, USA, Inc.; Mitsubishi Electric Corporation; and Mitsubishi Electric Visual Solutions America, Inc.

[2] Mitsubishi specifically moves to dismiss the complaints in the following actions: Best Buy Co, Inc. v. Technicolor SA, No. 13-cv-05264; Siegel v. Technicolor SA, No. 13-cv-00141; Costco Wholesale Corp. v. Technicolor SA (f/kla Thomson SA) et al., No. 13-cv-05723; Electrograph Systems, Inc. v. Technicolor SA, No. 2: 13-cv-05724; Interbond Corp. of Am. v. Technicolor SA, No. 13-cv-05727; Office Depot, Inc. v. Technicolor SA, No. 13-cv-05726; P.C. Richard & Son Long Island Corp. v. Technicolor SA, No. 13-cv-05725; Sears, Roebuck & Co. v. Technicolor SA, No. 13-cv-05262; Schultze Agency Services, LLC v. Technicolor SA, No. 13-cv-05668; and Target Corp. v. Technicolor SA, No. 13-cv-05686. Two other cases purport to name Mitsubishi as defendants, but these plaintiffs have not previously requested leave to amend, nor have they served their amended complaints on any Mitsubishi entity: Tech Data Corp. et al. v. Hitachi, Ltd. et al., No. 13-cv-00157 (Sept. 9, 2013), ECF No. 1911; Dell Inc. et al. v. Hitachi, Ltd. et al., No. 3:13-cv-02171, (Jun. 10, 2013), ECF No. 1726.

their initial complaints to include Mitsubishi Electric.  ECDF Nos. 1609, 1610.  The Court denied that motion on September 26, 2013, because at the time, Plaintiffs had presented no compelling reason as to why Mitsubishi should be part of this case.  See ECF No. 1959 ("Order Denying Amendment").  Mitsubishi had never been indicted in the United States or anywhere else, had never received a grand jury subpoena in any investigation, and had never even been the subject of any government investigation into CRT price-fixing.  Further, Mitsubishi had last been alleged to have participated in the CRT conspiracy in 2004, though it had exited the market for color picture tubes ("CPTs," which are used in televisions) in 1998 and stopped shipping color display tubes ("CDTs," which are used in computer monitors) to the United States in September 2003.  Since Mitsubishi asserts that its role in the CRT market was very small, and since it was a purchaser of CRTs itself, Mitsubishi contends that it should not be part of this case: after all, according to Mitsubishi, its participation in the overall market was de minimis, and it would not have participated in a conspiracy that caused it to pay higher prices.  See MTD at 2-3.

Mitsubishi accordingly moves to dismiss the DAPs' complaints, arguing first that laches applies because the DAPs have possessed the relevant information for some time, they unreasonably delayed filing their complaints against Mitsubishi, causing Mitsubishi prejudice by forcing it to enter long-running, complex litigation at a very late date.  Mitsubishi argues further that if the Court does not find that laches bars the DAPs' complaints, they are still untimely per all relevant statutes of limitations and are not tolled by any tolling doctrine.

**III.   LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." See Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009).  "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and

4

how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false."  United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks and citations omitted).

## IV. DISCUSSION

### A. Laches

Laches is an equitable time limitation on a party's right to bring suit that requires a showing of (1) unreasonable delay in filing the suit and (2) prejudice to Defendant.  Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835 (9th Cir. 2002).  A laches defense raised at the motion to dismiss posture requires exclusive reliance on the factual allegations in the complaint. Kourtis v. Cameron, 419 F.3d 989, 1000 (9th Cir. 2005), overruled on other grounds, Taylor v. Sturgell, 553 U.S. 880 (2008).  Courts have noted that this requirement poses a nearly insurmountable obstacle to the favorable resolution of a defendant's fact-dependent laches claim at the pleadings stage.  See Mishewal Wappo Tribe of Alexander Valley v. Salazar, No. 09-cv-02502-EJD, 2011 WL 5038356, at *7 (N.D. Cal. Oct. 24, 2011); Italia Marittima, S.P.A. v. Seaside Transp. Servs., LLC, No. C-10-0803-PJH, 2010 WL 3504834, at *6 (N.D. Cal. Sept. 7, 2010).

In considering the complaints, it is difficult not to find some delay -- especially given the Order Denying Amendment -- but new facts have arisen since the Court considered the DAPs' motion for leave to add Mitsubishi as a defendant.  The previous request and proposed complaints were all factually deficient, but the facts

5

and the DAPs' arguments have changed at this point.

One defendant in this case recently gave extensive details regarding Mitsubishi's participation in the conspiracy, which had, until November 2013, been kept secret. The defendant stated very specifically that Mitsubishi executives participated directly in the conspiracy, and that they agreed to keep their participation secret, including by using coded references to the participating companies. See, e.g., ECF No. 2279-6 ("BrandsMart FAC") (filed under seal) ¶¶ 144-45. This late-arising evidence weighs against finding laches at this point, which the Court is not inclined to do in any event, given the lack of a strong factual record concerning these parties at this point. See Sensible Foods, LLC v. World Gourmet, Inc., No. 11-2819 SC, 2011 WL 5244716, at *5 (N.D. Cal. Nov. 3, 2011). Mitsubishi can, of course, raise laches at a later point, when the record is more developed.

**B.    Tolling Doctrines Apply for the DAPs' Federal Claims**

The doctrine of fraudulent concealment focuses on actions that a defendant took to prevent a plaintiff from learning of grounds for filing a suit. See Lukovsky v. City & Cnty. of S.F., 535 F.3d 1044, 1051 (9th Cir. 2008). To invoke the doctrine, plaintiffs must allege facts demonstrating that they could not have discovered the alleged violations by exercising reasonable diligence. Rosenfeld v. JPMorgan Chase Bank N.A., 732 F. Supp. 2d 952, 964 (N.D. Cal. 2010). A fraudulent concealment claim must be alleged with particularity under Rule 9(b). Noll v. eBay, Inc., 282 F.R.D. 462, 468 (N.D. Cal. 2012).

The Court finds that the DAPs' complaints have sufficiently pled fraudulent concealment until November 14, 2007, the latest

date this Court has held to provide actual or inquiry notice to the DAPs. See In re Cathode Ray Tube (CRT) Antitrust Litig., No. C-07-5944, 2013 WL 4505701, at *3 (N.D. Cal. Aug. 21, 2013); see also In re Rubber Chems. Antitrust Litig., 504 F. Supp. 2d 777, 789 (N.D. Cal. 2007) ("[I]t is generally inappropriate to resolve the fact-intensive allegations of fraudulent concealment at the motion to dismiss stage, particularly where the proof relating to the extent of the fraudulent concealment is alleged to be largely in the hands of the alleged conspirators."). However, given their late filing date, this still renders their claims time-barred unless they are able to invoke a tolling doctrine or some equivalent that would cover the time period from November 14, 2007 to the filing of the present complaints. The Court is not persuaded by Mitsubishi's arguments that it withdrew from the CRT business by 2005, if not later, since that is a fact-sensitive dispute not suitable to resolution at this posture. Similarly, the Court declines to find that any fraudulent concealment ceased prior to November 14, 2007, since the DAPs' allegations make clear that Mitsubishi worked to hide its involvement in the conspiracy throughout all relevant times.

      **i.**    **American Pipe Tolling**

American Pipe & Const. Co. v. Utah, 414 U.S. 538 (1974), held that commencement of a class action suspends the statute of limitation as to all putative members of the class up to and until class certification is denied or the plaintiff opts out of the class. Id. at 554; Williams v. Boeing Co., 517 F.3d 1120, 1136 (9th Cir. 2008); Emp'rs-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors, 498 F.3d 920, 925 (9th Cir.

7

2007). "Tolling is fair in such a case because when the complaint is filed defendants have notice of the 'substantive claims being brought against them.'" Williams, 517 F.3d at 1136 (quoting Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 352-53 (1983)).

Mitsubishi was not a defendant in any of the previously filed cases. This is enough for the Court to hold American Pipe tolling inapplicable in this case. See Biotech. Value Fund, L.P. v. Celera Corp., -- F. Supp. 2d --, 2013 WL 6731900, at *8 (N.D. Cal. Dec. 20, 2013) (not applying American Pipe to a defendant not named in any putative class action); Tech Data Corp. v. AU Optronics Corp., No. 07-MD-1827, 2012 WL 3236065, at *5 (N.D. Cal. Aug. 6, 2012) (same). The DAPs argue that the Court should apply American Pipe tolling anyway, contending that this would comport with the spirit of American Pipe and equitable tolling doctrines. Opp'n at 13-14. The Court is not convinced: the parts of American Pipe that the DAPs quote refer to the protection of "all asserted members of the class who would have been parties had the suit been permitted to continue as a class action," but this refers to plaintiffs, not defendants -- rightly so, since the point of American Pipe tolling is partly to preserve the interests of plaintiffs who would have claims against certain defendants, partly to prevent a rush to the courthouse by plaintiffs seeking to preserve their individual claims in the event of class claim denials, and partly to provide notice to defendants against whom claims are tolled. See American Pipe, 414 U.S. at 553-54. The Court will not make new law on this point: Mitsubishi is a new defendant, and American Pipe tolls no claims against it.

1  The only remaining question is whether any other tolling
2  doctrine applies as to any of Mitsubishi's state or federal claims.

### ii.  Governmental Action

Sharp argues that its claims are also tolled by 15 U.S.C. § 16(i), which reads:

> Whenever any civil or criminal proceeding is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, but not including an action under section 15a of this title, the running of the statute of limitations in respect to every private or State right of action arising under said laws and based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof and for one year thereafter . . . .

In concurrently filed orders on other motions to dismiss, the Court notes that § 16(i) tolls only federal claims, not state claims. 15 U.S.C. § 12 (stating that the statute only applies to an express list of federal laws); Nashville Milk Co. v. Carnation Co., 355 U.S. 373, 376 (1958) ("[T]he definition contained in [Section] 1 of the Clayton Act is exclusive. Therefore it is of no moment . . . that [a statute] may be colloquially described as an 'anti-trust' statute."). However, New York's Donnelly Act includes a provision modeled after § 16(i), which applies to the same degree if the Court finds governmental action tolling per § 16(i).

The Court finds that § 16(i) tolling applies based on the open indictments in this case. It is undisputed that one criminal matter, pending between March 18, 2011 until its closure in August 30, 2012, tolls claims under § 16(i) for that time period plus a year. See Reply at 12-13. A "comparison of the two complaints on their face[s]" shows in this case that there is a significant overlap between the two actions, such "that the matters complained

1  of in the government suit bear a real relation to the private
2  plaintiff's claim for relief." Leh v. Gen. Petro. Grp., 382 U.S.
3  54, 59 (1965).
4  　　　However, Mitsubishi argues that the other indictments, opened
5  around February 2009 and still pending, should not be applied to
6  toll the DAPs' claims under § 16(i).  Mitsubishi contends that
7  permitting tolling based on those indictments would contravene both
8  the purposes of government-action tolling and the purposes of
9  statutes of limitation in general.  See id. at 13-14.  As noted in
10 concurrently filed orders, the Court disagrees.  Based on J.M.
11 Dungan v. Morgan Drive-Away, Inc., 570 F.2d 867 (9th Cir. 1978),
12 tolling under § 16(i) begins at least at the indictment stage,
13 though that case had the benefit of at least one completed criminal
14 case.  As Mitsubishi notes, Dungan's holding was, in part, that
15 empanelling a grand jury did not "institute" proceedings, but
16 contrary to Mitsubishi's reading of Dungan, the Ninth Circuit's
17 holding was in fact based on the court's reasoning that the return
18 of a grand jury indictment fits the statutory language of § 16(i)
19 more comfortably than empanelling alone would, since the purpose of
20 an indictment is the prevention, restraint, or punishment of
21 antitrust violations.
22 　　　The Court declines to adopt Mitsubishi's arguments that
23 equitable doctrines or alternative views of a criminal proceeding
24 should apply here to require the Court to consider the open
25 indictments effectively closed.  As noted in other orders, filed
26 concurrently, the Court cannot presume, as Mitsubishi and other
27 Defendants do, that those open (but in some cases unassigned)
28 criminal cases should be ignored for tolling purposes.  The Court

finds that the DAPs' federal and New York Donnelly Act claims are tolled from February 10, 2009 to the present.

## V. CONCLUSION

As explained above, the DAPs' state law claims are DISMISSED WITH PREJUDICE, except their Donnelly Act claims, which remain in the case.  All federal claims are undisturbed.

IT IS SO ORDERED.

Dated: March 13, 2014

UNITED STATES DISTRICT JUDGE