GUIDO SAVERI (22349)
  guido@saveri.com
R. ALEXANDER SAVERI (173102)
  rick@saveri.com
GEOFFREY C. RUSHING (126910)
  grushing@saveri.com
CADIO ZIRPOLI (179108)
  cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111-5619
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Interim Lead Counsel for
Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944-SC<br><br>MDL No. 1917 |
| This Document Relates To:<br><br>ALL DIRECT PURCHASER ACTIONS | **DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs hereby request that each Defendant respond to each of the following requests for production of Documents, and produce all responsive Documents for inspection and copying within 30 days.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, these Document requests are continuing in nature so that if Defendants, their directors, officers, Employees, agents, representatives or any person acting, or purporting to act, on behalf of any Defendant, discover any Document(s) requested or required to be produced, Defendants shall make such Document(s) available.

## DEFINITIONS

As used herein, the following terms are defined as follows:

1.    "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

2.    "Any" shall be construed to mean "any and all."

3.    "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face Meetings.  The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

4.    "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5.    "Defendant" means any company, organization, entity or person presently or subsequently named as a Defendant in this litigation.

6.    "Document" means without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure.  This definition includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports,

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of Meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

7. "Electronic Data" includes, without limitation, the following:

a. activity listings of electronic mail receipts and/or transmittals;

b. output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger™ (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

c. any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant, *e.g.*, Palm Pilot, R.I.M., Blackberry, or similar device, and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all Documents requested herein.

8. "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent or other person who is or was employed by a Defendant.

9. "Including" is used to emphasize certain types of Documents requested and should not be construed as limiting the request in any way.

10. "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

11.    "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively.  In other words, "or" and "and" should be read as "and/or."

12.    "Person" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity.

13.    "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation, the following concepts:  discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

14.    "CRT" means cathode ray tube(s) and "CRT Products" means products containing cathode ray tubes.

15.    "You," "Your," or "Your Company" mean the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, officers, Employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant.

## INSTRUCTIONS

1.    Unless otherwise noted, the Relevant Time Period for these Document requests is January 1, 1995 through the present (the "Relevant Time Period").  These Document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

2.    To the extent Documents responsive to any of these Document requests have already been produced to plaintiffs, there is no need to produce those Documents a second time.  Instead, please provide the bates numbers of any responsive Documents already produced.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

3.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Document requests are continuing in nature so that if You subsequently discover or obtain possession, custody, or control of any Document covered by these requests, You shall promptly make any such Document available to plaintiffs.

4.      In producing Documents and other materials, You are to furnish all Documents or things in Your possession, custody or control, regardless of whether such Documents or materials are possessed directly by You or Your Employees, agents, parent company(ies), subsidiaries, affiliates, investigators or by Your attorneys or their Employees, agents or investigators.

5.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business.  All Documents shall be produced in the file folder, envelope or other container in which the Documents are kept or maintained.  If for any reason the container cannot be produced, You should produce copies of all labels or other identifying marks which may be present on the container.

6.      Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document(s) custodian(s).

7.      Documents attached to one another should not be separated.  If any portion of any Document is responsive to any portion of the Document requests below, then the entire Document must be produced.

8.      If a Document once existed and subsequently has been lost, destroyed or is otherwise missing, You should provide sufficient information to identify the Document and state, in writing, the details, including whether the Document:

        a.      is lost or missing;

        b.      has been destroyed and, if so, by whom at whose request;

        c.      has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose request; and/or

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

1          d.     has been otherwise disposed of.

2       9.     In each instance in which a Document once existed and subsequently is lost, missing,

3 destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the

4 Document, including, but not limited to:

5          a.     the identity of the Person or entity who last possessed the Document;

6          b.     the date or approximate date of the Documents disposition; and

7          c.     the identity of all Persons who have or had knowledge of the Document's

8 contents.

9       10.    If any Document responsive to any of these requests is privileged, and the Document

10 or any portion of the Document requested is withheld based on a claim of privilege pursuant to Rule

11 26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and all

12 facts relied upon in support of that claim, including the following information:

13         a.     the reason for withholding the Document;

14         b.     the date of such communication;

15         c.     the medium of such communication;

16         d.     the general subject matter of such communication (such description shall not

17 be considered a waiver of Your claimed privilege);

18         e.     the identity of any Document that was the subject of such communication and

19 the present location of any such Document;

20         f.     the identity of the Persons involved in such communication;

21         g.     the identity of any Document which records, refers, or relates to such

22 communication and present location of any such Document;

23         h.     the paragraph or paragraphs of these requests for production of Documents to

24 which such information is responsive.

25       11.    Each Document requested herein should be produced in its entirety and without

26 deletion, redaction or excisions, except as qualified by Instruction 10 above, regardless of whether

27 You consider the entire Document or only part of it to be relevant or responsive to these Document

28

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS; Master File No. 07-5944 SC

requests.  If You have redacted any portion of a Document, stamp the word "REDACTED" beside the redacted information on each page of the Document which You have redacted.  Any redactions to Documents produced should be identified in accordance with Instruction 10 above.

12.    All Documents produced in paper form should be Bates numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the Document.

13.    Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), the responding party must produce any electronically stored information ("ESI") in its native format. If ESI in its native format can only be accessed by proprietary or legacy software, or is password protected, or encrypted, the responding party must meet and confer with plaintiffs' lead counsel so the receiving party shall receive all information and software necessary to access the ESI.

## DOCUMENT REQUESTS

### Request No. 1

Documents sufficient to show Your corporate structure or organization throughout the relevant period, including, but not limited to, departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units that were engaged during any part of the relevant period in the manufacture, marketing, sale or distribution of CRT or CRT Products in the United States, including, where applicable, the percentage of any stock or other interests owned by each entity in the chain.

### Request No. 2

As to each of Your divisions, subdivisions, departments, units, subsidiaries, parents, affiliates and joint ventures, Documents sufficient to identify each executive or Employee with managerial authority who had responsibilities or duties with respect to each of the following:

(a)    the manufacturing or production of CRT or CRT Products;

(b)    the marketing of CRT or CRT Products;

(c)    the pricing of CRT or CRT Products;

(d)    the sale or distribution of CRT or CRT Products;

(e)    maintaining any electronic database(s), including archives, of e-mail or other electronic Documents relating to CRT or CRT Products.

6

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 3**

Documents sufficient to describe Your policies or practices with respect to the retention or destruction of Documents during the period January 1, 1991 through the present, and, if such policy or practice has been different with respect to any category of Documents or over different times, Documents sufficient to identify each such category or time period and to describe Your retention policy or practice with respect to each such category or time period.

**Request No. 4**

Documents sufficient to show the manner in which You have maintained records relating to CRT or CRT Products during the period January 1, 1991 through the present, including Documents sufficient to describe all electronic data processing systems, programs and outputs used to record, store, compute, analyze or retrieve electronically stored information relating to Your pricing, production, distribution, marketing or sale of CRT or CRT Products in the United States.

**Request No. 5**

All Documents and electronic data relating to Your sales of CRT or CRT Products during the period January 1, 1991 through the present, including, but not limited to:

a)   customer names, customer billing addresses, and customer ship-to addresses;

b)   sales terms;

c)   sales dates and shipment dates;

d)   product type, class, category, description, and respective use;

e)   sales volumes;

f)   unit price information, gross price, and actual net prices;

g)   discounts, credits, and rebates;

h)   shipping charges and terms;

i)   any other related charges; and

j)   amounts paid, dates paid, invoice numbers, and purchase order numbers.

If such data are not kept, or have not been kept, in electronic form in the ordinary course of Your business or are otherwise not available in electronic form, please produce such data in hard copy.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 6**

All software instructions, programs, manuals, or other Documents necessary to operate, run or understand any of the programs maintained on the computer-related equipment or system utilized by You to maintain, gain access to or read data produced in response to Request Nos. 4-5, including all record laYouts, field codes or other descriptions.

**Request No. 7**

All Documents relating to policies, methods, formulas or factors to be used in determining, computing or quoting prices, including any rebates or discounts, in connection with the sale of CRT or CRT Products.

**Request No. 8**

All Documents relating to any published prices for CRT or CRT Products during the period January 1, 1991 through the present, including price announcements, price lists, price schedules, or price changes communicated to customers in the United States.

**Request No. 9**

All Documents relating to contracts, offers or proposals for CRT or CRT Products sales during the period January 1, 1991 through the present.

**Request No. 10**

Documents sufficient to identify each of Your facilities that produced CRT or CRT Products from January 1, 1991 through the present, and for each such facility, all Documents relating to:

a)      capacity, rated capacity, production and capacity utilization during each year of the Relevant Time Period;

b)      any proposed or actual change in the capacity to produce CRT or CRT Products;

c)      any reason for changes in each facility's actual production of CRT or CRT Products;

d)      the identity of all persons who had decision-making or supervisory responsibility regarding CRT or CRT Products production;

e)      each type, class, category and respective use of CRT or CRT Products produced and the amounts of each produced during each month of the relevant period;

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

f)      any production shutdowns or slowdowns of CRT or CRT Products production and reasons for such shutdowns or slowdowns; and

g)      any projected production forecasts;

h)      any future plans to construct, joint venture or purchase fabrication plants used to manufacture or produce CRT or CRT Products.

**Request No. 11**

Documents sufficient to describe the processes for producing CRT or CRT Products, including but not limited to, any industry standards.

**Request No. 12**

All Documents relating to the cost of manufacturing, marketing, selling, and distributing CRT or CRT Products during the period January 1, 1991 through the present.

**Request No. 13**

Documents sufficient to show Your inventory levels of CRT or CRT Products for each month, quarter, calendar year or fiscal year from January 1, 1991 through the present.

**Request No. 14**

Documents sufficient to identify and quantify all swaps, trades, sales, purchases or transfers of CRT or CRT Products between You and any of Your affiliates, or between You and any other producer of CRT or CRT Products, and the price or any other consideration involved in every such sale, swap, trade, purchase or transfer.

**Request No. 15**

All Documents relating to any relationship between prices for CRT or CRT Products and any costs of producing, marketing, selling, or distributing CRT or CRT Products during the period January 1, 1991 through the present.

**Request No. 16**

All of Your internal and public annual, quarterly and monthly financial statements, summaries or analyses, including profit-and-loss statements and comparisons to budget that relate to CRT or CRT Products.

9

**Request No. 17**

All business plans, planning analyses, budgets, forecasts, or sales or profit projections relating to CRT or CRT Products.

**Request No. 18**

Documents sufficient to show the identity of all other producers and sellers of CRT or CRT Products during any portion of the relevant period.

**Request No. 19**

All Documents relating to Your percentage or share of industry production, capacity, sales or shipments of CRT or CRT Products, or the percentage or share of industry production, capacity, sales or shipments of any other producer or seller of CRT or CRT Products at any time during the period January 1, 1991 through the present.

**Request No. 20**

All Documents showing the dollar volume or quantity of sales or shipments of CRT or CRT Products (by type or category, if available) by You or by other producers or sellers of CRT or CRT Products by month, quarter, calendar year or fiscal year during the period January 1, 1991 through the present.

**Request No. 21**

All Documents that compare or contrast each type, class, or category of CRT or CRT Products produced or sold by You with that of any other producer or seller of CRT or CRT Products and all Documents that relate to any industry standards regarding types, classes, or categories of CRT or CRT Products.

**Request No. 22**

Documents sufficient to show the regions or territories in which each type, class, or category of CRT or CRT Products are sold in the United States.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 23**

All Documents relating to conditions of supply or demand for CRT or CRT Products, including, but not limited to, any market studies or industry reports during the period January 1, 1991 through the present.

**Request No. 24**

All Documents relating to any contemplated, proposed, planned, pending or executed purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spin-offs or any other change in ownership of any assets, liabilities, subsidiaries, departments, units or other subdivisions of Your or another company relating to production, distribution, marketing, pricing, sale or resale of CRT or CRT Products during the Relevant Time Period.

**Request No. 25**

All Documents relating to any communications between You and any parent, subsidiary, affiliated company, joint venturer, or partner regarding the production, pricing, marketing, sale or distribution of CRT or CRT Products.

**Request No. 26**

All Documents relating to communications regarding CRT or CRT Products between or among manufacturers of CRT or CRT Products, including Defendants.

**Request No. 27**

All Documents relating to any Meeting attended by You or any other Defendant or any manufacturer of CRT or CRT Products during which there was any communication concerning the production, marketing, pricing, distribution, inventory levels or sale of CRT or CRT Products, including, but not limited to the notes of any such Meetings.

**Request No. 28**

For each of Your Employees who has or had any non-clerical responsibility for recommending, reviewing, setting or approving prices, price increase announcements, bids or quotes for the sale of CRT or CRT Products, or any other involvement in the marketing or sale of CRT or CRT Products:

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

a.      all copies of electronic and manual diaries, calendars, appointment books, "to do" lists, day timers or appointment notes;

b.      all copies of trip and travel logs, records or other supporting Documents;

c.      all copies of expense reports or other supporting Documents;

d.      all copies of telephone number logs, directories, notebooks, Rolodex cards or related memoranda;

e.      all bills, statements, records and supporting Documents concerning long distance or cellular telephone calls;

f.      all Documents relating to membership in any trade association or industry group; and

g.      the complete personnel file for that Employee.

**Request No. 29**

Documents sufficient to show the name and address of each trade association (including committees and subcommittees) relating to CRT or CRT Products of which You or any of Your Employees are or have been a member, as well as Documents sufficient to show dates of membership and dates of participation in committees or subcommittees.

**Request No. 30**

All Documents relating to Meetings of each trade association and each of its committees or subcommittees relating to CRT or CRT Products, including all Documents relating to any such Meeting attended by You and any other CRT or CRT Products manufacturer and Documents sufficient to identify individuals from Your company who attended, the dates of attendance, and the subject matters discussed.

**Request No. 31**

All studies, analyses, communications, presentations or other Documents that You have submitted to or received from any trade association regarding CRT or CRT Products.

**Request No. 32**

All statements, announcements, disclosures or press releases issued by You or any of Your competitors relating to CRT or CRT Products.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 33**

All Documents relating to Your policies or practices directed toward compliance with the United States antitrust laws, including any statements signed by Your Employees with pricing, sales or marketing responsibility for CRT or CRT Products, acknowledging their receipt of and compliance with Your antitrust compliance policy.

**Request No. 34**

All Documents relating to, prepared for, submitted to, or received from any foreign governmental or legislative investigative body, including the Canadian Competition Bureau, the European Commission, any agency or representative body of any foreign country, state or other political subdivision, or any law enforcement agency, authority or commission in any foreign country, relating to the production, sale, marketing, pricing or distribution of CRT or CRT Products. This request includes all Documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that You produced to any foreign governmental agency or foreign grand jury, including any Documents produced as part of any plea bargain negotiations or in connection with any application for or grant of amnesty.

**Request No. 35**

All Documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that You produced or were seized by any foreign governmental agency in Italy, Canada, the European Union, India, Hong Kong, Hungary, Thailand, Malaysia, Korea, Japan, Singapore, China or Taiwan.

**Request No. 36**

Copies of all subpoenas or requests for production of Documents issued by any foreign governmental or legislative investigative body referring or relating to CRT or CRT Products during the relevant period.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 37**

All Documents relating to, prepared for, submitted to, or received by You as a result of any investigation or research conducted either internally or by an outside entity with respect to price fixing, price manipulation or manipulation of production or capacity of CRT or CRT Products.

**Request No. 38**

All Documents relating to the termination, retirement, discipline, discharge or suspension of any director, officer, or Employee who had any responsibility relating to the production, manufacture, distribution, marketing, pricing or sale of CRT or CRT Products.

**Request No. 39**

All Documents referring to or relating to plaintiffs in this litigation.

**Request No. 40**

All Documents that You claim would have been available to the plaintiffs or any purchaser of CRT or CRT Products prior to November 2007, which should have caused the plaintiffs or any such purchaser to investigate whether there was a conspiracy to fix, raise, maintain or stabilize the prices or to control or restrict sales of CRT or CRT Products in the United States.

DATED:  March 12, 2010

Respectfully submitted,
SAVERI & SAVERI, INC.

By _____
Guido Saveri
R. Alexander Saveri
Geoffrey C. Rushing
Cadio Zirpoli
706 Sansome Street
San Francisco, CA  94111-5619
Phone:  (415) 217-6810
Fax:  (415) 217-6813

**Direct Purchaser Plaintiffs' Interim Lead Counsel**

crt.250

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC