IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: FLAT GLASS ANTITRUST ) | Civil Action No. 08-mc-180 |
| LITIGATION (II) ) | MDL No. 1942 |
| ) | |
| This Document Relates to: ) | |
| All Actions ) | |

AMBROSE, Chief District Judge

## MEMORANDUM ORDER OF COURT

Class Plaintiffs have filed a Motion to Compel Defendant Guardian Industries Corp. Production of all Documents Responsive to Plaintiffs' First Request for Production of Documents Request Numbers 1-4. (Docket No. 169). Defendant Guardian has objected, arguing that the requests are overly broad, unreasonably burdensome and violative of principles of international comity. (Docket No. 179). After careful consideration of all submissions, Class Plaintiffs' Motion to Compel (Docket No. 169) is granted.

In antitrust cases, courts have traditionally taken a liberal view of relevance in determining the scope of discovery. I agree that liberal discovery is necessary in an alleged antitrust conspiracy case where the alleged wrongdoing is generally covert. I further agree with Class Plaintiffs that the documents sought could be relevant to motive and opportunity for defendants to conspire in the United States, the scope and nature of any such conspiracy and how defendants may have concealed any unlawful activities. Furthermore, these documents may assist Class Plaintiffs in identifying witnesses for their case.

While Defendant contends that the production would impose on it a substantial burden, that may or may not be so. But, when the requests are within the scope of allegations, Class Plaintiffs having specifically alleged the relevance and significance of the EC investigation and a direct temporal link between the EC cartel and the alleged United States cartel, that is a burden that must be assumed.

As to principles of international comity, I find that the production would not violate such principles. Most of the documents are in Defendant's possession, the EC investigation has concluded, and Defendant Guardian has already produced an unredacted version of the EC decision. Furthermore, a protective order is in effect.

The parties shall meet and agree on a time frame for the production. In the event no agreement on the time frame is reached, the court will impose one.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge