# EXHIBIT D



**EUROPEAN COMMISSION**
DG Competition

Cartels Directorate
G-5

Brussels, **1 1 FEV. 2014**
COMP/G-5/KT/vb/2014/012756

**Chunghwa Picture Tubes Co., Ltd.**

**Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.**

**CPTF Optronics Co., Ltd.**

*Via*

**David Wood**
*Gibson, Dunn & Crutcher LLP*
Avenue Louise 480
1050 Brussels
Belgium
*By email:*
DWood@gibsondunn.com

Subject:  **Pending litigation before the US Federal Arbitration, Inc. ,Palo Alto, California 94301,** *in re Cathode Ray Tube (CRT) Antitrust Litigation,* **MDL No. 1917; Case No. 07-cv-5944 SC (N.D. Cal.)**

Dear Sir,

You informed us of the discovery motions filed in a pending litigation before the US Federal Arbitration, Inc., Palo Alto, California 94301, *In re: re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917; Case No. 07-cv-5944 SC (N.D. Cal.)*. In the pending discovery request the plaintiffs ask that *"the Court order Defendants to produce the Decision of the EC"*, among the defendants being also Chunghwa Picture Tubes.

The purpose of this letter is to draw your attention to the fact that any such disclosure of the European Commission's Decision of 5 December 2012 in the TV and computer monitor tubes case (hereinafter the "Decision") would be made in contravention of Commission rules and stated policy on this issue. This letter presents the position of the Commission services in this respect.

The Decision as received by its addressees contains confidential information of commercial and personal nature concerning both addressees and non addressees of the

Commission européenne, DG COMP GREFFE ANTITRUST, B-1049 Bruxelles, Belgique
Europese Commissie, DG COMP GREFFE ANTITRUST, B-1049 Brussel, België

Tel: (32-2) 299 11 11, Fax: (32-2) 295 01 28, e-mail: COMP-GREFFE-ANTITRUST@ec.europa.eu

decision and also certain information stemming from the cooperation by a number of parties under the Commission's leniency programme set out in its Leniency Notice[1] and information otherwise voluntarily supplied by the parties in the course of the Commission's investigation. The Commission would strongly object to the disclosure to third parties, including the plaintiffs in the above litigation, of both of these categories of information.

As regards confidential information, Article 337 of the Treaty of the Functioning of the European Union and Article 28 of Regulation 1/2003 obliges the Commission not to disclose any confidential information that it receives in carrying out its duties. The Commission is under the duty to ensure that confidential information it receives, including that contained in its Decision is not disclosed to third parties. In this respect, I would also like to note that any disclosure of confidential information in the Decision by any of its addressees may result in their potential liability towards the originators of that confidential information.

Concerning information submitted under the leniency programme and other voluntarily provided information, the Commission requires a high level of protection for information that has been specifically prepared by the parties for voluntary submission to the Commission. The Commission's leniency programme is a cornerstone of its cartel detection and enforcement, which is often carried out in cooperation with public authorities from jurisdictions around the world, as indeed occurred in this case with for example the United States Department of Justice. Its optimal functioning requires that a party that comes forward and cooperates with the Commission does not find itself worse-off vis-à-vis the non-cooperating cartel members as a result of doing so. For this reason, the Commission has put in place stringent rules to protect information that the Commission receives from cooperating companies. If the addressees are compelled to provide the un-redacted decision, it makes these guarantees meaningless and could seriously undermine the leniency programme.

In view of these obligations and interests, the Commission would thus strongly oppose any disclosure or unauthorised use of the Decision in its confidential version. This version has been addressed only to the companies who were found in it to have violated EU cartel rules. The Commission is currently in the process of establishing a non-confidential version of the decision, which will be made public in the near future. The Commission has, nevertheless, published a summary of the Decision in the Official Journal of the European Union C 303, 19.10.2013, p. 13-16.

I would like to inform you that the Commission authorises the disclosure of this letter to Judge Walker of US Federal Arbitration, Inc. in the pending litigation mentioned above. In this respect I would like to request you to keep the Commission duly informed of any developments in the litigation as regards any documents received from, or exchanged with, the Commission in the course its investigation in the TV and computer monitor tubes case. If necessary the Commission would wish to have the opportunity to consider taking whatever action may be warranted to protect its interests as an enforcement

---

[1] Commission notice on immunity from fines and reduction of fines in cartel cases, Official Journal C 298, 8.12.2006, p. 17.

authority, including presenting its interests and comity concerns directly to Judge Walker of US Federal Arbitration, Inc., as it has done before a number of courts in the United States in the past.[2] I refer also to the Commission explanations of its position in the relevant public fora, for instance with its submission to the United States Antitrust Modernization Commission.[3]

Finally, I would like to clarify that the present letter does not aim to support any party in the arbitration, but only to safeguard the interests of the European Commission as an enforcement authority.

Yours sincerely

Eric VAN GINDERACHTER
Director

---

[2] Most recently the Commission services have intervened in the *Air Cargo Shipping Services Antitrust Litigation, M.D.L. No. 1775 (E.D.N.Y)*. See also, notably, the Commission's intervention in *re Flat Glass Antitrust Litig. (Flat Glass II), No. 08-mc-180 (Doc. No. 200-1, 200-2, 200-3)*, following which the parties entered into a consent order that vacated the original order of the District Court, which had ruled against non-disclosure, and substituted it with one that substantially reflected the Commission's submission (whereby the Commission inter alia objected on disclosure of the Decision and the Statement of Objections). Furthermore, see Commission' successful interventions in (i) *re TFT-LCD (Flat Panel) Antitrust Litigation, No. M: 07-1827* (N.D. Cal. 2011), *Special Master's Order Denying Motion of Direct Purchaser Plaintiffs to Compel Hitachi to Produce Foreign Regulatory Documents, No. M:07-cv-01827-si (April 26, 2011)* in which, following the intervention of the Commission and the Japanese Fair Trade Commission, the Special Master rejected the plaintiff's motion to compel disclosure of a number of documents exchanged between a party and the Commission. The Commission has also intervened in other cases before the US courts (ii) *Re Vitamins Antitrust Litigation*, Misc. No. 99-197, Docket No. 3079 (D.D.C. May 20, 2002); (iii) *Re: Methionine Antitrust Litigation*, No. C-99-3491, MDL no. 1311 (N.D. Cal. June 17, 2002).

[3] See the DG COMP submission to the Antitrust Modernization Commission (Apr. 4, 2006), available at http://govinfo.library.unt.edu/amc/public_studies_fr28902/international_pdf/060406_DGComp_Intl.pdf. See also the Commission staff working paper accompanying the Communication from the Commission to the European Parliament and Council - Report on the functioning of Regulation 1/2003 {COM(2009)206 final}, SEC/2009/0574 final, available at http://eur-lex.europa.eu/LexUriServ/LexUriServ.do?uri=CELEX:52009SC0574:EN:NOT