# EXHIBIT I

Case C-139/07 P

**European Commission**

v

**Technische Glaswerke Ilmenau GmbH**

(Appeals – Access to documents of the institutions – Regulation (EC) No 1049/2001 – Documents relating to procedures for reviewing State aid – Exception concerning protection of the purposes of investigations – Duty of the institution concerned to carry out a concrete, individual examination of the content of the documents covered by the application for access)

Summary of the Judgment

*European Communities – Institutions – Right of public access to documents – Regulation No 1049/2001 – Exceptions to the right of access to documents*
*(Art. 255 EC; European Parliament and Council Regulation No 1049/2001, Art. 4(2), third indent; Council Regulation No 659/1999, Art. 20)*

In order to justify refusal of access to a document the disclosure of which has been requested, it is not sufficient, in principle, for that document to fall within an activity mentioned in Article 4(2) of Regulation No 1049/2001 regarding public access to European Parliament, Council and Commission documents. The institution concerned must also supply explanations as to how access to that document could specifically and effectively undermine the interest protected by an exception laid down in that article. However, the Court has acknowledged that it is, in principle, open to the Community institution to base its decisions in that regard on general presumptions which apply to certain categories of documents, as considerations of a generally similar kind are likely to apply to requests for disclosure relating to documents of the same nature. It is, in principle, open to the Commission to base its decisions in that regard on general presumptions which apply to certain categories of documents, as considerations of a generally similar kind are likely to apply to requests for disclosure relating to documents of the same nature.

As regards procedures for reviewing State aid, such general presumptions may arise from Regulation No 659/1999 laying down detailed rules for the application of Article [88 EC] and from the case-law concerning the right to consult documents on the Commission's administrative file. Regulation No 659/1999, and, in particular, Article 20 thereof, does not lay down any right of access to documents in the Commission's administrative file for interested parties, with the exception of the Member State which granted the aid. If those interested parties were able to obtain access, on the basis of Regulation No 1049/2001, to the documents in the Commission's administrative file, the system for the review of State aid would be called into question.

Thus, for the purposes of interpreting the exception laid down in Article 4(2), third indent, of Regulation No 1049/2001, account should be taken of the fact that interested parties other than the Member State concerned in the procedures for reviewing State aid do not have the right to consult the documents in the Commission's administrative file, and, therefore, the existence of a general presumption should be acknowledged that disclosure of documents in the administrative file in principle undermines protection of the objectives of investigation activities.

That general presumption does not exclude the right of those interested parties to demonstrate that a given document disclosure of which has been requested is not covered by that presumption, or that there is a higher public interest justifying the disclosure of the document concerned by virtue of Article 4(2) of Regulation No 1049/2001.

(see paras 53-56, 58, 61-62)

JUDGMENT OF THE COURT (Grand Chamber)

29 June 2010 (*)

(Appeals – Access to documents of the institutions – Regulation (EC) No 1049/2001 – Documents relating to procedures for reviewing State aid – Exception concerning protection of the purposes of investigations – Duty of the institution concerned to carry out a concrete, individual examination of the content of the documents covered by the application for access)

In Case C‑139/07 P,

APPEAL under Article 56 of the Statute of the Court of Justice, brought on 28 February 2007,

**European Commission,** represented by V. Kreuschitz, P. Aalto and C. Docksey, acting as Agents, with an address for service in Luxembourg,

appellant,

the other parties to the proceedings being:

**Technische Glaswerke Ilmenau GmbH,** established in Ilmenau (Germany), represented by C. Arhold and N. Wimmer, Rechtsanwälte,

applicant at first instance,

supported by:

**Kingdom of Denmark,** represented by B. Weis Fogh, acting as Agent, with an address for service in Luxembourg,

intervener in the appeal,

**Republic of Finland,** represented by J. Heliskoski, acting as Agent, with an address for service in Luxembourg,

**Kingdom of Sweden,** represented by K. Wistrand, S. Johannesson and K. Petkovska, acting as Agents,

interveners at first instance,

THE COURT (Grand Chamber),

composed of V. Skouris, President, A. Tizzano, J.N. Cunha Rodrigues, K. Lenaerts, R. Silva de Lapuerta and C. Toader, Presidents of Chambers, A. Rosas, K. Schiemann, E. Juhász, G. Arestis (Rapporteur) and T. von Danwitz, Judges,

Advocate General: J. Kokott,

Registrars: H. von Holstein, Deputy Registrar, and B. Fülöp, Administrator,

having regard to the written procedure and further to the hearing on 16 June 2009,

after hearing the Opinion of the Advocate General at the sitting on 8 September 2009,

gives the following

## Judgment

1. By its appeal, the Commission of the European Communities seeks the annulment of the judgment of the Court of First Instance of the European Communities (now 'the General Court') of 14 December 2006 in Case T‑237/02 *Technische Glaswerke Ilmenau* v *Commission* [2006] ECR II‑5131 ('the judgment under appeal'), whereby that court annulled the Commission's decision of 28 May 2002 ('the contested decision') in so far as it refused access to documents concerning procedures for reviewing State aid granted to Technische Glaswerke Ilmenau GmbH ('TGI').

### Legal context

2. Article 255 EC confers on any citizen of the Union, and any natural or legal person residing or having its registered office in a Member State, a right of access to European Parliament, Council and Commission documents, subject to the principles and the conditions laid down by the Council for reasons of public or private interest.

3. European Parliament and Council Regulation (EC) No 1049/2001 of 30 May 2001 regarding public access to European Parliament, Council and Commission documents (OJ 2001 L 145, p. 43) was adopted on the basis of Article 255(2) EC.

4. Recitals 4, 6 and 11 of that regulation read as follows:

    '(4)   The purpose of this Regulation is to give the fullest possible effect to the right of public access to documents and to lay down the general principles and limits on such access in accordance with Article 255(2) of the EC Treaty.

    …

    (6)    Wider access should be granted to documents in cases where the institutions are acting in their legislative capacity, including under delegated powers, while at the same time preserving the effectiveness of the institutions' decision-making process. Such documents should be made directly accessible to the greatest possible extent.

    …

    (11)   In principle, all documents of the institutions should be accessible to the public. However, certain public and private interests should be protected by way of exceptions. The institutions should be entitled to protect their internal consultations and deliberations where necessary to safeguard their ability to carry out their tasks. …'

5. Under the heading 'Purpose', Article 1 of Regulation No 1049/2001 states, in point (a), that the regulation aims to 'define the principles, conditions and limits on grounds of public or private interest governing the right of access to European Parliament, Council and Commission (hereinafter referred to as "the institutions") documents provided for in Article 255 of the EC Treaty in such a way as to ensure the widest possible access to documents'.

6       Under the heading 'Beneficiaries and scope', Article 2(1) of the same regulation acknowledges the right of any citizen of the Union, and any natural or legal person residing or having its registered office in a Member State, to have access to documents of the institutions, 'subject to the principles, conditions and limits defined in this Regulation'. Article 2(3) provides that the regulation is to apply to all documents held by an institution, that is to say, documents drawn up or received by it and in its possession, 'in all areas of activity of the European Union'.

7       According to Article 3(a) of Regulation No 1049/2001, for the purposes of the regulation, 'document' means 'any content whatever its medium (written on paper or stored in electronic form or as a sound, visual or audiovisual recording) concerning a matter relating to the policies, activities and decisions falling within the institution's sphere of responsibility'.

8       Under the heading 'Exceptions', Article 4 of Regulation No 1049/2001 provides:

'…

2.   The institutions shall refuse access to a document where disclosure would undermine the protection of:

–   …

–   court proceedings and legal advice,

–   the purpose of inspections, investigations and audits,

unless there is an overriding public interest in disclosure.

3.   Access to a document, drawn up by an institution for internal use or received by an institution, which relates to a matter where the decision has not been taken by the institution, shall be refused if disclosure of the document would seriously undermine the institution's decision-making process, unless there is an overriding public interest in disclosure.

Access to a document containing opinions for internal use as part of deliberations and preliminary consultations within the institution concerned shall be refused even after the decision has been taken if disclosure of the document would seriously undermine the institution's decision-making process, unless there is an overriding public interest in disclosure.

…

6.   If only parts of the requested document are covered by any of the exceptions, the remaining parts of the document shall be released.

7.   The exceptions as laid down in paragraphs 1 to 3 shall only apply for the period during which protection is justified on the basis of the content of the document …'

9       Article 6 of Regulation No 1049/2001, headed 'Applications', provides, in paragraph (1), that 'applications for access to a document shall be made … in a sufficiently precise manner to enable the institution to identify the document', and that 'the applicant is not obliged to state reasons for the application'. Article 6(2) provides that '[i]f an application is not sufficiently precise, the institution shall ask the applicant to clarify the application and shall assist the applicant in doing so'. Article 6(3) states that 'in the event of an application relating to a very long document or to a very large number of documents, the institution concerned may confer with the applicant informally, with a view to finding a fair solution'.

10       Also with relevance to this case, Council Regulation (EC) No 659/1999 of 22 March 1999 laying down detailed rules for the application of Article [88] of the EC Treaty (OJ 1999 L 83, p. 1), defines the procedures

which apply to the exercise, by the Commission, of the power conferred upon it by Article 88 EC to rule on the compatibility of State aid with the common market.

11    Under the heading 'Rights of interested parties', Article 20 of Regulation No 659/1999 provides:

'1.    Any interested party may submit comments pursuant to Article 6 following a Commission decision to initiate the formal investigation procedure. Any interested party which has submitted such comments and any beneficiary of individual aid shall be sent a copy of the decision taken by the Commission pursuant to Article 7.

2.    Any interested party may inform the Commission of any alleged unlawful aid and any alleged misuse of aid. Where the Commission considers that on the basis of the information in its possession there are insufficient grounds for taking a view on the case, it shall inform the interested party thereof. Where the Commission takes a decision on a case concerning the subject matter of the information supplied, it shall send a copy of that decision to the interested party.

3.    At its request, any interested party shall obtain a copy of any decision pursuant to Articles 4 and 7, Article 10(3) and Article 11.'

**Factual background to the dispute**

12    By letter of 1 December 1998, the Federal Republic of Germany notified the Commission of various measures designed to consolidate TGI's financial position, including a partial waiver of payment and a bank loan.

13    On 4 April 2000, the Commission initiated the formal investigation procedure under Article 88(2) EC concerning the said payment waiver and loan, which procedure was given the reference C 19/2000.

14    By a decision of 12 June 2001, in which it confined its assessment to the payment waiver alone, the Commission held that that measure constituted State aid incompatible with the common market. TGI challenged that decision by bringing an action for annulment before the General Court on 28 August 2001, which was dismissed by the judgment of 8 July 2004 in Case T-198/01 *Technische Glaswerke Ilmenau* v *Commission* [2004] ECR II 2717, confirmed on appeal by the Court of Justice on 11 January 2007 in Case C-404/04 P.

15    On 3 July 2001, the Commission opened a second formal investigation procedure pursuant to Article 88(2) EC, under reference C 44/2001, concerning in particular the bank loan.

16    By letter of 24 October 2001, TGI submitted its observations in respect of the second formal investigation procedure and requested the Commission to give it access to a non-confidential version of the file and the opportunity to submit, subsequently, further observations. That request was rejected by the Commission by letter of 23 November 2001.

17    By letter of 1 March 2002, TGI applied, on the basis of Regulation No 1049/2001, for access to all documents in the Commission's files in all the aid cases concerning TGI, particularly in aid case C 44/2001, and to all documents in the Commission's files concerning State aid for the undertaking Schott Glas, save for business secrets relating to other undertakings.

18    By letter of 27 March 2002, the Commission rejected that application for access stating, in particular, that the documents sought were covered by the exception in Article 4(2) of Regulation No 1049/2001. The Commission also stated that the documents concerning TGI were documents forming part of the current formal investigation procedure C 44/2001.

19    By letter of 15 April 2002, TGI sent the Secretary-General of the Commission a confirmatory application for

access to the same documents, pursuant to Article 7(2) of Regulation No 1049/2001.

20      By the contested decision, the Secretary-General rejected the application for access, confirming the refusal already given to TGI on the ground that disclosure of those various documents would be likely to undermine the protection of the purpose of inspections and investigations, that exception from the right of access being expressly provided for by Article 4(2), third indent, of Regulation No 1049/2001.

21      That decision further indicates that, since TGI's application implied giving it access to a document containing a detailed description of a project of Schott Glas, that would be likely seriously to harm the commercial interests of that company, that interest being expressly protected by an exception to the right of access, laid down in Article 4(2) of the said regulation. Whilst the possibility had been considered of making accessible the parts of the requested documents which were not covered by those exceptions, it had been found that those documents could not be divided into confidential and non-confidential parts. Furthermore, there was no overriding public interest justifying disclosure of the documents in question.

22      On 2 October 2002, at the conclusion of the second formal investigation procedure under reference C 44/2001, the Commission adopted Decision C(2002) 2147 final concluding, in particular, that the bank loan granted to TGI constituted State aid incompatible with the common market. TGI challenged that decision by bringing an action for annulment before the General Court on 17 December 2002 (Case T-378/02), that case having been since removed from the register by an order of 16 May 2007.

### The procedure before the General Court and the judgment under appeal

23      By application lodged at the Registry of the General Court on 8 August 2002, TGI brought an action for the annulment of the contested decision, save in so far as the latter refused access to documents directly connected with the procedure currently in progress concerning the review of State aid concerning Schott Glas. The Kingdom of Sweden and the Republic of Finland applied for leave to intervene in support of the form of order sought by TGI.

24      The Commission, supported by Schott Glas, contended that the General Court should dismiss the action as unfounded.

25      By the judgment under appeal, the General Court, first, dismissed the action as inadmissible in so far as it sought annulment of an alleged implicit refusal of access to documents concerning 'the concluded aid procedure or procedures in connection with the privatisation of Jenaer Schott Glas' and, secondly, annulled the contested decision in so far as it refused access to documents relating to procedures for reviewing State aid granted to TGI.

26      In particular, in the context of the plea by TGI alleging infringement of Article 4 of Regulation No 1049/2001 as regards the exception to the right of access based on the protection of the purpose of inspections, investigations and audits, the General Court held, in paragraph 76 of the judgment under appeal, that the documents referred to in the application for access did indeed relate to an 'investigation', within the meaning of the third indent of Article 4(2), and held, in paragraph 77 of that judgment that the mere fact that a document concerns an interest protected by an exception cannot justify application of that exception. It added that such application may, in principle, be justified only if the institution has previously assessed, firstly, whether access to the document would specifically and actually undermine the protected interest and, secondly, in the circumstances referred to in Article 4(2) and (3) of Regulation No 1049/2001, whether there was no overriding public interest in disclosure. The Court concluded that the examination which the institution must, in principle, undertake in order to apply an exception must be carried out in a concrete manner and must be apparent from the reasons for the decision.

27      The General Court then stated, in paragraph 78 of that judgment, that it follows from Regulation No 1049/2001 that all the exceptions in paragraphs 1 to 3 of Article 4 thereof are stated as having to apply 'to a document'. It further held, in the same paragraph, that the said concrete examination must be carried out in

respect of each document covered by the application (Case T 2/03 *Verein für Konsumenteninformation* v *Commission* [2005] ECR II 1121, paragraph 70).

28      With further reference to that last-cited judgment, the General Court held, in paragraph 79 of the judgment under appeal, that only a concrete, individual examination, as opposed to an abstract, overall examination, could enable the institution to assess the possibility of granting the applicant partial access under Article 4(6) of Regulation No 1049/2001, and that, as regards the application on a temporal basis of the exceptions to the right of access, Article 4(7) of Regulation No 1049/2001 provides that the exceptions as laid down by paragraphs 1 to 3 of that article are to apply only for the period during which protection is justified on the basis 'of the content of the document'. It then held, in paragraph 80 of the judgment, that, in the case at issue, it is not clear from the statement of reasons in the contested decision that the Commission undertook a concrete, individual assessment of the content of the documents covered by the application for access.

29      The General Court further stated, in paragraph 85 of the judgment under appeal, that the obligation for an institution to undertake a concrete, individual assessment of the content of the documents covered in the application for access is an approach to be adopted as a matter of principle, which applies to all the exceptions in paragraphs 1 to 3 of Article 4 of Regulation No 1049/2001, whatever may be the field to which the documents sought relate, and which concerns, in particular, that of cartels or the control of public subsidies.

30     The General Court added, however, in paragraph 86 of the judgment under appeal, that such an examination might not be necessary where, due to the particular circumstances of the individual case, it was obvious that access to the documents must be refused or, on the contrary, granted. Such could be the case, inter alia, if certain documents were either, first, manifestly covered in their entirety by an exception to the right of access or, conversely, manifestly accessible in their entirety, or, finally, had already been the subject of a concrete, individual assessment by the Commission in similar circumstances.

31      For the purposes of examining, as set out in paragraph 87 of the judgment under appeal, whether TGI's application covered documents for which, due to the circumstances of the individual case, it was not necessary to undertake such a concrete, individual examination, the General Court held, in paragraph 88 of the judgment, that, in the contested decision, the Commission justified the application of the exception based on the protection of the purpose of inspections and investigations by maintaining that, in the context of current investigations into the compatibility of State aid with the single market, cooperation in good faith and mutual confidence between the Commission, the Member State and the undertakings concerned are indispensable in order to enable the different 'parties' to express themselves freely and that the disclosure of documents relating to those investigations 'could undermine the conduct of the examination of [the] complaint by compromising that dialogue'.

32      The General Court held, in paragraph 89 of the judgment under appeal, that so general an assessment, applying to the entire administrative file relating to procedures for reviewing State aid granted to TGI, did not demonstrate that there were special circumstances of the individual case permitting the conclusion that it was not necessary to undertake a concrete, individual examination of the documents which comprised it. In particular, it did not establish that those documents were manifestly covered in their entirety by an exception to the right of access.

33     Moreover, in paragraph 92 of the judgment under appeal, the General Court found it paradoxical to evoke the necessity for a free and direct dialogue between the Commission, the Member State and the 'undertakings concerned', in the context of a climate of cooperation in good faith and mutual confidence, in order, precisely, to refuse one of the 'parties' concerned access to any information directly touching the very subject of the discussions.

34      Finally, the General Court concluded, in paragraph 100 of the judgment under appeal, that the complaint based on the lack of a concrete, individual examination of the documents referred to in the application for access had to be upheld and that the Commission's pure and simple refusal of access to the applicant was,

consequently, vitiated by an error of law. The General Court therefore ruled, in point 1 of the operative part of the judgment under appeal, that the Commission had infringed Article 4(2) of Regulation No 1049/2001 and that the contested decision, in so far as it refused access to documents relating to procedures for reviewing State aid granted to TGI, therefore had to be annulled, without there being any need to examine the other pleas for annulment raised by TGI and the Kingdom of Sweden. In point 3 of the operative part of the judgment, the Court ordered to Commission to bear its own costs and to pay three quarters of those incurred by TGI.

### Forms of order sought before the Court of Justice

35   By its appeal, the Commission seeks, first, the annulment of the judgment under appeal in so far as it annuls the contested decision, and, secondly, an order that TGI pay the costs.

36   TGI, the Republic of Finland and the Kingdom of Sweden contend that the appeal should be dismissed, and that the Commission should be ordered to pay the costs.

37   By order of the President of the Court of Justice of 4 March 2008, the Kingdom of Denmark was granted leave to intervene in support of the form of order sought by TGI, pursuant to Article 93(7) of the Rules of Procedure, that it to say solely by way of observations at the time of the oral procedure.

### The appeal

38   In support of its appeal, the Commission makes five pleas, claiming, first, misinterpretation of Article 4(2) of Regulation No 1049/2001; second, disregard of the intention of the legislature; third, disregard of the wording of Article 4 of that regulation; fourth, infringement of Article 255 EC having regard to the provisions and the purpose of the said regulation; and, fifth, the existence of other errors of law in the judgment under appeal.

39   The first plea raised by the Commission, claiming misinterpretation of Article 4(2) of Regulation No 1049/2001, falls into two parts.

*Arguments of the parties*

40   In the first part of its first plea, the Commission accuses the General Court of misinterpreting Article 4(2) of Regulation No 1049/2001 by holding, in paragraphs 87 to 89 of the judgment under appeal, that there were no 'particular circumstances of the individual case', as referred to in paragraph 86 of the judgment, supporting the view that it was not necessary to carry out a concrete, individual examination of the documents covered by the request for access made by TGI pursuant to the said regulation.

41   In the Commission's view, there were indeed 'particular circumstances of the individual case' by reason of which it was obvious that the access sought by TGI should be refused. The Commission considers, in that respect, that the absence of a right to consult the file for interested parties other than the Member State concerned in the State aid procedures, as is shown by the consistent case-law of the Court of Justice and the General Court, must be recognised as a 'particular circumstance of the individual case', unless Regulation No 1049/2001 were to contradict that case-law.

42   It follows, in the Commission's argument, that the 'particular circumstances of the individual case' clearly show that access had to be refused to 'all documents in the Commission's files in all the aid cases concerning TGI', without first carrying out a concrete, individual examination of those documents, and that those latter were clearly covered by the exception to the right of access laid down in Article 4(2) of Regulation No 1049/2001.

43   Moreover, the Commission maintains that there is a contradiction between paragraphs 86 and 89 of the judgment under appeal. In the latter paragraph, the General Court sought evidence of the existence of

particular circumstances in order to demonstrate that a concrete, individual examination of the documents was not necessary, whereas it held, in paragraph 86, that those circumstances must be manifest and do not have to be proved.

44     TGI, the Kingdom of Denmark, the Republic of Finland and the Kingdom of Sweden maintain that the Commission's arguments in the first part of its first plea are without foundation, and should be dismissed.

45     TGI considers that the fact that interested parties other than the Member State concerned in the State aid control procedures do not have the right to consult the file cannot, in itself, prevent there being a right of access to documents pursuant to Regulation No 1049/2001. It argues that the fact that the documents in question concern a procedure for reviewing State aid does not justify any specific treatment. Similarly, the fact that Regulation No 659/1999 does not acknowledge any right for the said interested parties in that type of procedure to consult the file is also not sufficiently specific for it not to be possible to carry out an individual examination of the documents covered by a request for access brought under Regulation No 1049/2001.

46     Moreover, TGI argues that the 'particular circumstances of the individual case' must go beyond the mere fact that the case in question concerns the area of State aid. According to TGI, it must mean the particular circumstances 'of the case', rather than common circumstances generally encountered in State aid matters. Otherwise, that would constitute a categorical exemption for procedures for reviewing State aid, and thus the inapplicability of Regulation No 1049/2001 in the context of the latter, which the Commission had denied.

47     The Republic of Finland adds that it is immaterial whether the applicant is the recipient of State aid or another person referred to in Article 2(1) of Regulation No 1049/2001. Since the latter provision applies without distinction to all applications for access, it does not reserve for the said recipient a less favourable position than that granted to other applicants when an application is handled for access to documents concerning a procedure for reviewing State aid.

48     The Kingdom of Sweden argues that the principle of openness, ensured by Regulation No 1049/2001, and the principle of the rights of the defence, which covers the right to consult the file in procedures for reviewing State aid, are two distinct principles which do not pursue the same objective, and that, therefore, the case-law concerning rights of the defence in those procedures cannot be relevant to the handling of a request for access to documents of the institutions brought pursuant to the said regulation.

49     Moreover, TGI considers that it was for the Commission to adduce evidence of the existence of particular circumstances, since it was the Commission which relied on an exception to a rule of principle that there must be a concrete, individual examination of the documents covered by the request for access. In consequence, it was not for the General Court to investigate of its own motion whether such circumstances existed.

*Findings of the Court*

50     As a preliminary observation, it should be noted that the application made by TGI concerns the whole of the administrative file regarding procedures for reviewing the State aid granted to it.

51     It should be remembered that, having been adopted on the basis of Article 255(2) EC, Regulation No 1049/2001 is designed, as recital 4 and Article 1 thereof indicate, to confer on the public as wide a right of access as possible to documents of the institutions. It is also apparent from the said regulation, in particular from recital 11 and from Article 4 thereof, which lays down a regime of exceptions in that regard, that that right of access is nevertheless subject to certain limits based on reasons of public or private interest.

52     In this case, the Commission had refused, precisely, to communicate to TGI documents relating to procedures for reviewing State aid which had been granted to it, invoking the exception to the right of access laid down in Article 4(2), third indent, of Regulation No 1049/2001, based on protection of the purposes of inspections, investigations and audits. As is apparent from paragraph 76 of the judgment under appeal, those documents, such as covered by the application for access brought by TGI on the basis of that regulation, do indeed fall within an activity of 'investigation', within the meaning of that provision.

53     It is true that, in order to justify refusal of access to a document the disclosure of which has been requested, it is not sufficient, in principle, for that document to fall within an activity mentioned in Article 4(2) of Regulation No 1049/2001. The institution concerned must also supply explanations as to how access to that document could specifically and effectively undermine the interest protected by an exception laid down in that article (Joined Cases C‑39/05 P and C‑52/05 P *Sweden and Turco* v *Council* [2008] ECR I‑4723, paragraph 49).

54     However, the Court has acknowledged that it is, in principle, open to the Community institution to base its decisions in that regard on general presumptions which apply to certain categories of documents, as considerations of a generally similar kind are likely to apply to requests for disclosure relating to documents of the same nature (*Sweden and Turco*, paragraph 50).

55     As regards procedures for reviewing State aid, such general presumptions may arise from Regulation No 659/1999 and from the case-law concerning the right to consult documents on the Commission's administrative file. In that regard, it should be noted that, according to recital 2 thereof, Regulation No 659/1999 is designed to codify the consistent practice of the Commission in applying Article 88 EC, that practice having been developed and established in conformity with the case-law.

56     Regulation No 659/1999, and, in particular, Article 20 thereof, do not lay down any right of access to documents in the Commission's administrative file for interested parties in the context of the review procedure opened in accordance with Article 88(2) EC.

57     By contrast, Article 6(2) of the said regulation provides that comments received by the Commission in the context of the said review procedure are to be submitted to the Member State concerned, the latter then having the opportunity to reply to those comments within a given time-limit. The procedure for reviewing State aid is, in view of its general scheme, a procedure initiated in respect of the Member State responsible for granting the aid, and the Commission cannot, without infringing the rights of the defence, use in its final decision information on which that Member State was not afforded an opportunity to comment (Joined Cases C‑74/00 P and C‑75/00 P *Falck and Acciaierie di Bolzano* v *Commission* [2002] ECR I-7869, paragraph 81).

58     It follows from the above that the interested parties, except for the Member State responsible for granting the aid, do not have a right under the procedure for reviewing State aid to consult the documents on the Commission's administrative file. Account must be taken of that fact for the purposes of interpreting the exception laid down by Article 4(2), third indent, of Regulation No 1049/2001. If those interested parties were able to obtain access, on the basis of Regulation No 1049/2001, to the documents in the Commission's administrative file, the system for the review of State aid would be called into question.

59     It is true that the right to consult the administrative file in the context of a review procedure, opened in accordance with Article 88(2) EC, and the right of access to documents, pursuant to Regulation No 1049/2001 are legally distinct, but the fact remains that they lead to a comparable situation from a practical point of view. Whatever the legal basis on which it is granted, access to the file enables the interested parties to obtain all the observations and documents submitted to the Commission, and, where appropriate, adopt a position on those matters in their own observations, which is likely to modify the nature of such a procedure.

60     Moreover, it is important to note that, in contrast with cases where the Community institutions act in the capacity of a legislature, in which wider access to documents should be authorised pursuant to recital 6 of Regulation No 1049/2001, as was the case in *Sweden and Turco* v *Council*, documents relating to procedures for reviewing State aid, such as those requested by TGI, fall within the framework of administrative functions specifically allocated to the said institutions by Article 88 EC.

61     It follows from the above considerations as a whole that, for the purposes of interpreting the exception laid down in Article 4(2), third indent, of Regulation No 1049/2001, the General Court should, in the judgment under appeal, have taken account of the fact that interested parties other than the Member State concerned in the procedures for reviewing State aid do not have the right to consult the documents in the Commission's

administrative file, and, therefore, have acknowledged the existence of a general presumption that disclosure of documents in the administrative file in principle undermines protection of the objectives of investigation activities.

62    That general presumption does not exclude the right of those interested parties to demonstrate that a given document disclosure of which has been requested is not covered by that presumption, or that there is a higher public interest justifying the disclosure of the document concerned by virtue of Article 4(2) of Regulation No 1049/2001.

63    By failing to take that fact into consideration, and by wrongly holding, in paragraphs 87 to 89 of the judgment under appeal, that it was not obvious in this case that access to all the documents relating to procedures for reviewing State aid covered by TGI's request for access on the basis of Regulation No 1049/2001 had to be refused, without first carrying out a concrete, individual examination of those documents, the General Court erred in its interpretation of Article 4(2), third indent, of the said regulation.

64    Consequently, the first part of the Commission's first plea must be upheld, and the judgment under appeal must be set aside in so far as it annulled the contested decision, without there being any need to examine the second part of that plea or the Commission's other pleas in support of its appeal.

**The action before the General Court**

65    In accordance with the first paragraph, second sentence, of Article 61 of the Statute of the Court of Justice of the European Union, where the judgment under appeal has been annulled, the Court of Justice may itself give final judgment in the matter, where the state of the proceedings so permits. That is so in this case.

66    The action by TGI before the General Court, in so far as it has not yet been definitively determined by that Court, sought the annulment of the contested decision in so far as it refused access to documents relating to procedures for the review of State aid granted to TGI and was based on an infringement, by the Commission, of Article 4 of Regulation No 1049/2001. In support of that plea for annulment, TGI had raised a number of branches. First, TGI argued that the Commission had refused access to the documents requested without carrying out a concrete examination of each of them. Secondly, the Commission wrongly based its argument on case-law solutions concerning the refusal of access to documents concerning procedures for failure to fulfil obligations against a Member State, which are not comparable with procedures for reviewing State aid. Thirdly, the Commission disregarded the right to partial access. Fourthly, the balancing of interests, provided for in Article 4(2), should have led to the disclosure of the documents requested.

67    Concerning the first branch, it is clear from paragraphs 61 and 63 of this judgment that, in this case, the Commission was able, pursuant to Article 4(2), third indent, of Regulation No 1049/2001, to refuse access to all the documents relating to procedures for the review of State aid covered by TGI's request for access on the basis of that regulation, and could do so without first making a concrete, individual examination of those documents.

68    In the absence of evidence emerging from the action, capable of rebutting the general presumption previously referred to in paragraph 61 of this judgment, TGI cannot claim that the Commission must carry out such an examination, and therefore this first branch must be dismissed.

69    It follows from the above that the second branch is ineffective. Given that Article 4(2), third indent, of Regulation No 1049/2001 allows in principle for access to the documents constituting the file of a procedure for reviewing State aid to be refused, a reasoning for the refusal which is also inspired by aspects relating to procedures against a Member State for failure to fulfil its obligations cannot make the refusal unlawful.

70    The third and fourth branches are unfounded. In its action, TGI neither argues that part of the documents covered by its request were not covered by the general presumption previously referred to in paragraph 61 of this judgment, nor states what higher public interest might justify the disclosure of the documents concerned.

As is apparent from its action, it relies merely on its interest as the beneficiary of the State aid concerned by review procedures.

71    Consequently, the action brought by TGI before the General Court seeking annulment of the contested decision in so far as it refuses access to documents relating to procedures for reviewing State aid granted to TGI must be dismissed.

**Costs**

72    Under the first paragraph of Article 122 of the Rules of Procedure, where the appeal is well founded and the Court itself gives final judgment in the case, the Court shall make a decision as to costs. Article 69(2) of the Rules of Procedure, which applies to appeal proceedings by virtue of Article 118 thereof, provides that the unsuccessful party is to be ordered to pay the costs if they have been applied for in the successful party's pleadings. The first paragraph of Article 69(4) of the Rules of Procedure provides that Member States which intervene in the proceedings are to bear their own costs.

73    Since the Commission's appeal has been upheld and TGI's action before the General Court has been dismissed, TGI must be ordered to bear its own costs and pay those incurred by the Commission both at first instance and on appeal, as the Commission has pleaded.

74    The Kingdom of Denmark, the Republic of Finland and the Kingdom of Sweden must be ordered to bear their own costs.

On those grounds, the Court (Grand Chamber) hereby:

1.    **Annuls points 1 and 3 of the operative part of the judgment of the Court of First Instance of the European Communities of 14 December 2006 in Case T-237/02 *Technische Glaswerke Ilmenau* v *Commission*;**

2.    **Dismisses the action brought before the Court of First Instance of the European Communities for annulment of the decision of the Commission of the European Communities of 28 May 2002 in so far as it refuses access to documents relating to procedures for reviewing State aid granted to Technische Glaswerke Ilmenau GmbH;**

3.    **Orders Technische Glaswerke Ilmenau GmbH to bear its own costs and pay those incurred by the European Commission, both at first instance and on appeal;**

4.    **Orders the Kingdom of Denmark, the Republic of Finland and the Kingdom of Sweden to bear their own costs.**

[Signatures]

---

[*](#) Language of the case: German.