1  Daniel A. Sasse (CA Bar No. 236234)
   dsasse@crowell.com
2  Deborah E. Arbabi (CA Bar No. 167275)
   darbabi@crowell.com
3  CROWELL & MORING LLP
   3 Park Plaza, 20th Floor
4  Irvine, CA 92614
   Telephone: 949-263-8400
5  Facsimile: 949-263-8414

6  *Counsel for Old Comp Inc.,*
   *RadioShack Corporation, and*
7  *ViewSonic Corporation*

8  Jessica L. Meyer (CA Bar No. 249064)
   jmeyer@lindquist.com
9  James M. Lockhart (Admitted Pro Hac Vice)
   jlockhart@lindquist.com
10 LINDQUIST & VENNUM LLP
   4200 IDS Center, 80 S 8th Street
11 Minneapolis, MN 55402
   Telephone: 612-371-3953
12 Facsimile: 612-371-3207

13 *Counsel for Unisys Corporation*

14

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17              SAN FRANCISCO DIVISION

18

19 In re CATHODE RAY TUBE (CRT)        Master Docket No. 3:07-cv-05944-SC
   ANTITRUST LITIGATION                MDL No. 1917
20
   This Document Relates To:          **REPLY MEMORANDUM OF POINTS
21                                     AND AUTHORITIES IN SUPPORT
   All Direct Purchaser Actions       OF OPT-IN PLAINTIFFS' MOTION
22                                     TO WITHDRAW REQUESTS FOR
                                       EXCLUSION FROM THE
23                                     SETTLEMENT CLASSES AND TO
                                       JOIN THE CLASS SETTLEMENTS**
24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

CASE NO. 3:07-CV-05944-SC

REPLY ISO OPT-IN PLAINTIFFS' MOTION TO WITHDRAW REQUESTS FOR EXCLUSION
FROM THE SETTLEMENT CLASSES AND TO JOIN THE CLASS SETTLEMENTS

**INTRODUCTION**

Granting the Opt-In Plaintiffs' Motion to Withdraw Requests for Exclusion from the Settlement Classes ("Motion") will (1) eliminate the need for four separate opt-out cases, (2) promote judicial economy, and (3) permit efficient claims administration without prejudicing other settlement class members.  The Indirect Purchaser Plaintiffs ("IPPs") and Settling Defendants have no objection to the Opt-In Plaintiffs rejoining class settlements.  Thus, Old Comp's, RadioShack's, and ViewSonic's requests to rejoin the IPP settlements are completely unopposed and should be granted.

The Direct Purchaser Plaintiffs' ("DPPs'") counsel is the only party opposing the remainder of this Motion.   DPPs' Opposition is premised on misapplication of Fed. R. Civ. P. 60(b), which is not at issue here because there is no final judgment, and cases fully litigated on the merits simply are not analogous to letters mailed to a class action claims administrator.

DPPs fail to establish that any prejudice will result from Opt-In Plaintiffs' re-entry into the class.  They disingenuously suggest that the exclusions by ViewSonic and Unisys reduced the Philips settlement fund – when in fact those exclusions had no effect on the amount of that settlement or any other.  And their argument that the sheer size of Opt-in Plaintiffs' claims will harm the class by reducing existing class members' pro rata shares is simply contrary to existing law providing that "the loss of a windfall [for class plaintiffs] is not prejudicial." *In re Orthopedic Bone Screw Prods. Liability Litig.*, 246 F.3d 315, 324 (3d Cir. 2001).

In fact, as Opt-In Plaintiffs show, there is no prejudice to the class and substantial benefits will be gained by granting this Motion.  Accordingly, the Opt-In Plaintiffs respectfully request that this Court permit withdrawal of their requests for exclusion, and allow them to join the DPP and IPP class settlements.

///

///

///

///

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

CASE NO. 3:07-CV-05944-SC

REPLY ISO OPT-IN PLAINTIFFS' MOTION TO WITHDRAW REQUESTS FOR EXCLUSION
FROM THE SETTLEMENT CLASSES AND TO JOIN THE CLASS SETTLEMENTS

# ARGUMENT

**A.      Opt-In Plaintiffs' Previous Requests to Be Excluded from the Class Are Not Final Orders under Rule 60(b).**

This Court may exercise its equitable powers to permit the Opt-In Plaintiffs to withdraw their requests for exclusion from the settlement classes.  Motion at 4.  Contrary to what is suggested in the DPPs' Opposition, this is not a modification of a final judgment requiring a Fed. R. Civ. P. 60(b) analysis.  There is no authority suggesting that administrative opt-out requests are final judgments governed by Fed. R. Civ. P. 60(b), nor could they be because letters mailed to the CRT claims administrators did not ultimately dispose of or resolve either the Opt-In Plaintiffs' claims against the settling defendants or any class members' claims.  Far from seeking to "re-open" a case, as DPPs suggest, the Opt-In Plaintiffs are merely attempting to participate in a more efficient resolution of the current existing matter, prior to its final resolution.

The Federal Rules of Civil Procedure do not provide a uniform single standard by which to evaluate a request to rejoin a class settlement.  *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-1819 CW, 2013 WL 1222690, at *1 (N.D. Cal. Mar. 25, 2013).  Instead of applying Rule 60(b), courts have routinely permitted plaintiffs to opt back into settlement classes so long as (1) the initial opt-out decision was not exploitative and (2) there is no prejudice to the settlement class.  *See, e.g.*, *id.* (permitting opt-in after final approval of class settlements without referencing Fed. R. Civ. P. 60); *In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2008 WL 5215980, at *1 (D. Kan. Dec. 12, 2008) (allowing opt-in based on court's traditional equitable powers concerning settlement funds).

The Opposition repeatedly cites cases fully litigated on their merits that refer to Fed. R. Civ. P. 60(b), but those cases are clearly inapposite to the Opt-In Plaintiffs' request.  *See Cook v. Ryan*, 688 F.3d 598 (9th Cir. 2012) (dealing with prisoner seeking habeas corpus relief, not a case related to withdrawing class exclusion); *Harvest v. Castro*, 531 F.3d 737 (9th Cir. 2008) (same); *Delay v. Gordon*, 475 F.3d 1039 (9th Cir. 2007) (determining whether an unnamed defendant should be liable for breach of contract judgment, not a class settlement).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-                                    CASE NO. 3:07-CV-05944-SC

REPLY ISO OPT-IN PLAINTIFFS' MOTION TO WITHDRAW REQUESTS FOR EXCLUSION
FROM THE SETTLEMENT CLASSES AND TO JOIN THE CLASS SETTLEMENTS

In fact, the Opposition fails to identify authority contrary to the general principle that "[i]n large, multidistrict antitrust class actions, . . . courts have repeatedly allowed putative class members to rejoin a class at the settlement stage." *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 2013 WL 1222690, at *1.[1]  The cases cited by DPP are not relevant to this Motion.  First, the *In re WorldCom Inc. Securities Litigation* court considered the deleterious effect of untimely submissions on claims administration.  237 F.R.D. 541, 544 (S.D.N.Y. 2006). No equivalent concerns exist here because the CRT claims administrators have not even solicited proofs of claim.  Second, the prospective opt-in plaintiff in *In re Hydrogen Peroxide Antitrust Litigation* litigated its case through expert discovery.  *See* Mem. of Pl. Chem-Way Corp. in Support of Mot. To Dismiss its Opt-Out Claims Against Remaining Def.'s and Rejoin Class at 2, *In re Hydrogen Peroxide Antitrust Litig.*, No. 05-666 (E.D. Pa. Nov. 4, 2008), ECF No. 524-1 (attached as Exhibit 1 to the accompanying Arbabi Decl.).  Thus, the cost-saving and judicial efficiency rationales applicable to the Opt-In Plaintiffs' Motion did not apply.

In sum, the Opposition's misdirected focus on Fed. R. Civ. P. 60(b) is simply a smokescreen to distract from the equitable considerations favoring the Opt-In Plaintiffs' Motion.

**B.      Class Counsel's Misleading References to "Take Down" and "Blow" Provisions Fail to Demonstrate Any Prejudice to Class Claimants from Allowing ViewSonic and Unisys to Opt Back In to These Settlement Classes.**

Opt-in requests are not difficult inquiries.  Courts' real concerns are avoiding exploitation and prejudice to the settlement classes.  *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 2013 WL 1222690, at *1.  Here, the DPPs' Opposition is incapable of showing either.

Class Counsel's insinuation that the Opt-In Plaintiffs' initial exclusions lowered class

---

[1] The Opposition's attempts to distinguish the present Motion from this body of case law are also unpersuasive.  Opp'n at 5-6.  Most notably, the fact that the courts in *In re Electrical Carbon Products Antitrust Litigation*, *In re "Agent Orange" Product Liability Litigation*, *In re Urethane Antitrust Litigation*, and *In re Static Random Access Memory (SRAM) Antitrust Litigation* did not apply the DPPs' Fed. R. Civ. P. 60 analysis actually <u>supports</u> the Opt-In Plaintiffs' argument that the DPPs are misapplying this rule.  Other distinctions, like the fact that class counsel failed to oppose the opt-in motion in *In re Urethane Antitrust Liti*gation, provide no reason to discount these courts' utilization of their equitable powers to allow opt-ins to rejoin class settlements.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

settlements is misleading and wrong.  Opp'n at 7.  Faced with no actual evidence of harm to the class, the DPPs' reference a "take-down provision" in the Philips settlement agreement.  That provision operated to reduce the value of the agreement when class members accounting for 62.7% of Philips's CRT sales opted out.  DPPs' Mem. For Final Approval Of Class Action Settlements With Chunghwa and Philips, at 7, ECF 1323.  But the Opposition fails to mention that ViewSonic and Unisys were not responsible for *any part* of this reduction because ***neither made any purchases*** from Philips during the relevant time period–a fact that Philips disclosed to the DPPs as a condition of their settlement agreement.  Arbabi Decl. ¶ 3; Lockhart Decl. ¶ 3; Philips Settlement Agreement ¶ 18, ECF 1115-1.[2]  Similarly, no defendant utilized "blow provisions" to cancel any CRT settlement agreements due to the Opt-In Plaintiffs' exclusions.  Opp'n at 7.  In short, any argument that the Opt-In Plaintiffs' requests for exclusion somehow lowered DPP class settlements has no basis in fact.  With the clarification of this point, DPPs have provided the Court with absolutely no evidence of prejudice that would result from allowing ViewSonic and Unisys to participate in the class settlement.

Beyond DPPs' misleading references to the "take down" and "blow" provisions, none of which were actually impacted or affected by ViewSonic or Unisys, it is clear that the Opt-In Plaintiffs satisfy the judicial standards to opt back into these settlements.  First, there is no dispute that ViewSonic and Unisys were victims of the price-fixing cartel that formed the basis of these settlements.  Courts have recognized that it is prejudicial to prevent such victims from participating in class settlements which provide an efficient resolution of their claims.  As a result, requests to rejoin class settlements are denied only if an opposing party shows that the initial opt out was exploitative.  *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 2013 WL 1222690, at *2.  The DPPs' Opposition offers no such evidence.  Nor could it, since the Opt-In Plaintiffs never solicited larger settlements from the Settling Defendants or special benefits for rejoining the class.  Arbabi Decl. ¶ 2; Lockhart Decl. ¶ 2.

[2] Even if this argument were persuasive, it is only applicable to the Philips settlement. The DPPs' settlements with other defendants include no similar take-down provisions.

Crowell & Moring LLP Attorneys At Law

REPLY ISO OPT-IN PLAINTIFFS' MOTION TO WITHDRAW REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASSES AND TO JOIN THE CLASS SETTLEMENTS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Second, allowing the Opt-In Plaintiffs to rejoin the class settlements will not prejudice existing class members. Arguments regarding the anticipated volume of the Opt-In Plaintiffs' CRT claims completely miss the mark. Opp'n at 7. Current class members have no right or legitimate expectation to the Opt-In Plaintiffs' pro rata share of these settlements. Motion at 4-5. Extra benefits incurred from others opting out is mere "windfall," the loss of which cannot be considered prejudicial. *Id.*

Third, the insinuation of current class members' detrimental reliance on previous opt-out decisions falls flat. Opp'n at 7. All parties made requests for exclusion from the settlements, or the lack thereof, contemporaneously. Motion at 4-5. Thus, existing class members had no guarantee that they would receive the Opt-In Plaintiffs' pro rata share of purchases from the settling defendants when they decided to remain in the class.

Finally, the DPPs' remaining objections based on future class action proceedings are obvious straw man arguments. The Opt-In Plaintiffs are not advocating for a rule that allows class members to withdraw requests for exclusion in virtually every instance. Opp'n at 8. The Opt-In Plaintiffs simply contend that their request to rejoin the class is appropriate prior to the initiation of claims administration, when their inclusion will not prejudice other class members, and save the parties significant time and costs.

The DPPs' fear that sophisticated parties will be encouraged to "game the system" is similarly unfounded. Opp'n at 9. Litigants have been aware of opt-in procedures since at least 1982. *See In re Electric Weld Steel Tubing Antitrust Litig.*, No. 81-4737, 1982 WL 1873 (E.D. Pa June 30, 1982). Thirty years later, there are still only "a small handful of cases" where litigants have attempted to opt back in to a class. *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 2013 WL 1222690, at *1. Consequently, there is simply no reason to believe that granting this Motion will open a Pandora's box of class action gamesmanship. Moreover, there is no evidence or even an assertion that the Opt-In Plaintiffs are involved in any attempt to "game the system" here.

In sum, this Motion furthers the policy embodied in Fed. R. Civ. P. 23 by preventing

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

CASE NO. 3:07-CV-05944-SC

REPLY ISO OPT-IN PLAINTIFFS' MOTION TO WITHDRAW REQUESTS FOR EXCLUSION
FROM THE SETTLEMENT CLASSES AND TO JOIN THE CLASS SETTLEMENTS

"multiple relitigation of the same factual and legal issues." *In re Electric Weld Steel Tubing Antitrust Litig.*, No. 81-4737, 1982 WL 1873, *2 (E.D. Pa. Jun. 30, 1982) (citation omitted).  Its timing also ensures efficient claims administration, while avoiding prejudice to settlement class members.  Since the countervailing considerations raised by the DPPs are either unsupported or immaterial, equity strongly supports the Opt-In Plaintiffs' request.

## CONCLUSION

For these reasons, the Opt-In Plaintiffs respectfully request that the Court allow the Opt-In Plaintiffs to withdraw their requests for exclusion from the DPP and IPP settlement classes in the above-captioned matter and to join those class settlements.

Dated: March 13, 2014                    Respectfully submitted,

                                        /s/ Daniel A. Sasse

                                        Daniel A. Sasse (CA Bar No. 236234)
                                        dsasse@crowell.com
                                        Deborah E. Arbabi (CA Bar No. 167275)
                                        darbabi@crowell.com
                                        CROWELL & MORING LLP
                                        3 Park Plaza, 20th Floor
                                        Irvine, CA 92614
                                        Telephone:  949-263-8400
                                        Facsimile:  949-263-8414

                                        *Counsel for Old Comp Inc.,*
                                        *RadioShack Corporation, and*
                                        *ViewSonic Corporation*

                                        Jessica L. Meyer (CA Bar No. 249064)
                                        James M. Lockhart (Admitted Pro Hac Vice)
                                        jmeyer@lindquist. com
                                        jlockhart@lindquist.com
                                        LINDQUIST & VENNUM LLP
                                        4200 IDS Center, 80 S 8th Street
                                        Minneapolis, MN 55402
                                        Telephone:  612.371.3953
                                        Facsimile:  612.371.3207

                                        *Counsel for Unisys Corporation*