1  Daniel A. Sasse (CA Bar No. 236234)
   dsasse@crowell.com
2  Deborah E. Arbabi (CA Bar No. 167275)
   darbabi@crowell.com
3  CROWELL & MORING LLP
   3 Park Plaza, 20th Floor
4  Irvine, CA 92614
   Telephone:  949-263-8400
5  Facsimile:  949-263-8414

6  *Counsel for Old Comp Inc.,*
   *RadioShack Corporation, and*
7  *ViewSonic Corporation*

8  Jessica L. Meyer (CA Bar No. 249064)
   jmeyer@lindquist.com
9  James M. Lockhart (Admitted Pro Hac Vice)
   jlockhart@lindquist.com
10 LINDQUIST & VENNUM LLP
   4200 IDS Center, 80 S 8th Street
11 Minneapolis, MN 55402
   Telephone:  612-371-3953
12 Facsimile:  612-371-3207

13 *Counsel for Unisys Corporation*

14

15               UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                 SAN FRANCISCO DIVISION

18

19 In re CATHODE RAY TUBE (CRT)        | Master Docket No. 3:07-cv-05944-SC
   ANTITRUST LITIGATION                | MDL No. 1917
20
   This Document Relates To:           | **DECLARATION OF DEBORAH E.**
21                                      | **ARBABI IN SUPPORT OF REPLY**
   All Direct Purchaser Actions        | **MEMORANDUM OF POINTS AND**
22                                      | **AUTHORITIES IN SUPPORT OF**
                                        | **OPT-IN PLAINTIFFS' MOTION TO**
23                                      | **WITHDRAW REQUESTS FOR**
                                        | **EXCLUSION FROM THE**
24                                      | **SETTLEMENT CLASSES AND TO**
                                        | **JOIN THE CLASS SETTLEMENTS**
25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

CASE NO. 3:07-CV-05944-SC

1

## DECLARATION OF DEBORAH E. ARBABI

2    I, Deborah E. Arbabi, declare as follows:

3    1.    I am an attorney at the law firm of Crowell & Moring LLP and one of the

4    attorneys of record for Old Comp Inc., RadioShack Corporation, and ViewSonic Corporation

5    (together with Unisys Corporation, the "Opt-In Plaintiffs").  I have personal knowledge of the

6    facts set forth herein, and, if called to testify as a witness, could and would do so under oath.

7    2.    The Opt-In Plaintiffs have variously requested exclusion from certain classes

8    certified in connection with the following settlements: (1) the direct purchaser settlement reached

9    with Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

10   (collectively, "CPT") and Koninklijke Philips Electronics N.V., Philips Electronics North

11   America Corporation, Philips Electronics Industries (Taiwan), Ltd., and Philips Da Amazonia

12   Industria Electronica Ltda. (collectively, "Philips"); (2) the direct purchaser settlement reached

13   with Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic

14   Corporation of North America, and MT Picture Display Co., Ltd. (collectively, "Panasonic");

15   (3) the direct purchaser settlement reached with LG Electronics, Inc., LG Electronics USA, Inc.,

16   and LG Electronics Taiwan Taipei Co., Ltd. (collectively, "LG"); (4) the direct purchaser

17   settlement reached with Toshiba Corporation, Toshiba America Information Systems, Inc.,

18   Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.

19   (collectively, "Toshiba"); and (5) the indirect purchaser settlement reached with Chunghwa

20   Picture Tubes Ltd. ("Chunghwa").  Specifically, Old Comp requested exclusion from the

21   Chunghwa indirect purchaser settlement class; RadioShack requested exclusion from the

22   Chunghwa indirect purchaser settlement class; Unisys requested exclusion from the CPT/Philips,

23   Panasonic, LG, and Toshiba direct purchaser settlement classes; and ViewSonic requested

24   exclusion from all five settlement classes.

25   3.    The Opt-In Plaintiffs' Motion to Withdraw Requests for Exclusion from the

26   Settlement Classes ("Motion") asks this Court for permission to withdraw these requests for

27   exclusion because it will (1) eliminate the need for five separate opt-out cases, (2) promote

28   judicial economy, and (3) permit efficient claims administration without prejudicing other

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-                                    CASE NO. 3:07-CV-05944-SC

DECLARATION OF DEBORAH E. ARBABI IN SUPPORT OF OPT-IN PLAINTIFFS' REPLY ISO MOTION TO WITHDRAW REQUESTS
FOR EXCLUSION FROM THE SETTLEMENT CLASSES AND TO JOIN THE CLASS SETTLEMENTS
DOCS-#4026797-v1

1   settlement class members.  The defendants and Indirect Purchaser Plaintiffs ("IPPs") do not

2   oppose this Motion.  The Direct Purchaser Plaintiffs' ("DPPs'") counsel is the only party that

3   filed an Opposition.

4          4.      Courts weighing the equity of opt-in requests often analyze whether a plaintiff

5   unfairly exploited its initial opt-out request.  Here, Old Comp Inc., RadioShack Corporation, and

6   ViewSonic Corporation have not made any side-deals with the CRT defendants that would

7   provide extra benefits for rejoining the class settlement.  In fact, my Opt-In Plaintiff clients never

8   entered into any type of opt-out settlement negotiations with the CRT defendants.  Similarly, my

9   Opt-In Plaintiff clients have not requested or received any special benefit from DPPs' or IPPs'

10  counsel as an incentive to rejoin these class settlements.  The Opt-In Plaintiffs are simply

11  requesting the opportunity to receive the same pro rata share as any other member of the DPP and

12  IPP settlement classes.

13         5.      Courts considering opt-in requests often analyze potential prejudice to existing

14  settlement class members. The DPPs' Opposition incorrectly argues that the Opt-In Plaintiffs'

15  initial exclusions lowered class settlement values.  The DPPs' Opposition then references a take-

16  down provision that could only be triggered by Philips customers opting out of the Philips

17  settlement.  Diligent review of ViewSonic's purchase data shows that it made no purchases from

18  Philips.  Thus, based on my diligent review of the information presently available, ViewSonic's

19  opt-out did not reduce the value of the DPPs' settlement with Philips, nor any settlement with any

20  of the Defendants.

21         6.      The DPPs' Opposition cites *In re Hydrogen Peroxide Antitrust Litigation*, No. 05-

22  cv-00666 SD, Dkt. No. 560, at *5 (E.D. Pa. May 29, 2009) ("Hydrogen Peroxide") (attached as

23  Exhibit 1 to the Declaration of Geoffrey C. Rushing) as an example of a court denying an opt-in

24  request.  A true and correct copy of the Memo of Plaintiff Chem-Way Corp. filed in support of its

25  Motion To Dismiss its Opt-Out Claims Against the Remaining Defendants and Rejoin the Class

26  in *In re Hydrogen Peroxide Antitrust Litigation*, No. 05-666 (E.D. Pa. Nov. 4, 2008) at ECF No.

27  524-1 is attached as **Exhibit 1** to my declaration.  The third page of Exhibit 1 states that this

28  prospective opt-in plaintiff had litigated this case through expert discovery.  This demonstrates

Crowell & Moring LLP Attorneys At Law

1  that the cost-saving and judicial efficiency justifications supporting the Opt-In Plaintiffs' Motion

2  did not apply.

3        I declare under penalty of perjury that the foregoing is true and correct.  Executed this 13th

4  day of March, 2014 at Irvine, California.

5

6                           */s/ Deborah E. Arbabi*
                         Deborah E. Arbabi

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-             CASE NO. 3:07-CV-05944-SC
DECLARATION OF DEBORAH E. ARBABI IN SUPPORT OF OPT-IN PLAINTIFFS' MOTION TO WITHDRAW REQUESTS
FOR EXCLUSION FROM THE SETTLEMENT CLASSES AND TO JOIN THE CLASS SETTLEMENTS

DOCS-#4026797-v1

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: HYDROGEN PEROXIDE ANTITRUST LITIGATION | CIVIL ACTION NO. 05-666 |
| THIS DOCUMENT RELATES TO: | |
| *Chem-Way Corporation v. Arkema, Inc., et al.,* | MDL DOCKET NO. 1682 |

**MEMORANDUM OF PLAINTIFF CHEM-WAY CORPORATION IN SUPPORT OF MOTION TO DISMISS ITS OPT-OUT CLAIMS AGAINST REMAINING DEFENDANTS AND REJOIN CLASS**

Plaintiff Chem-Way Corporation ("Chem-Way") seeks to effect a final resolution of its opt-out action, and accordingly has moved the Court to dismiss its claims against the remaining defendants in this case (the Arkema, Evonik Degussa, FMC, and Solvay defendants) (i) without prejudice to Chem-Way's participation in the class action against Arkema and FMC, and (ii) permitting Chem-Way to participate in the Evonik Degussa and Solvay class settlements. Each of the remaining defendants has indicated that it does not object to this motion. Chem-Way has discussed the motion with counsel for the Plaintiff Class, but has not been told what their position will be. Granting Chem-Way's motion would avoid the need for a separate trial in the Western District of North Carolina and for any further proceedings in its opt-out action, including the consideration of *Daubert* and summary judgment motions.

## I. FACTS

Chem-Way filed the complaint in its opt-out action in 2007, in the Western District of North Carolina, asserting claims based on its purchases of Hydrogen Peroxide. On July 13, 2007, Chem-Way's action was transferred to this MDL action. A month later, in August 2007,

the Court granted preliminary approval to the Class Plaintiff's settlement with Evonik Degussa, from which Chem-Way opted out before the October 15, 2007 deadline.[1]  In June 2008, Chem-Way opted out of the Solvay Class Settlement.  Chem-Way also opted out of the Eka settlement with the class, and then resolved its claims against Eka in July 2008.[2]  Not having opted out of the Kemira settlement class, Chem-Way currently has outstanding claims against the Arkema, Evonik Degussa, FMC, and Solvay defendants, none of which would remain following an order granting this motion.  As the Court noted in its order of September 4, 2008, "members of the plaintiff class have not yet been obliged to decide whether to opt out or remain members of the class for resolution of their claims."  (Order, at 1-2.)

During the course of its participation in the case, Chem-Way has produced initial and rebuttal reports by its expert witness, economist Dr. Robert McCormick, has produced documents, taken depositions, produced a 30(b)(6) witness of its own for deposition by defendants, and provided its own detailed responses to defendants' contention interrogatories, as well as objections to defendants' documents.

## II.  ARGUMENT

**1.  Precedent from this Court Favors Granting Chem-Way's Motion.**

This Court has broad discretion to amend its Order granting Final Approval for the Settlement Class.  Federal Rule of Civil Procedure 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment."  Additionally, Federal Rule of Civil Procedure 60(b)(6) allows this Court to, "[o]n motion and

---

[1] Chem-Way and Evonik Degussa are parties to a stand-still agreement, under which Evonik Degussa agreed to accept service of the complaint if efforts to resolve the case fail.  If the instant motion is granted, Chem-Way will have no need to invoke that provision and bring Evonik Degussa back as a party to HP-related litigation.

[2] Chem-Way has entered a settlement agreement with Solvay that addresses both HP and non-HP claims.  Under the agreement, Solvay pays Chem-Way a sum (which is not attributed to either HP or non-HP claims), and Chem-Way bears the risk that this motion will be denied.  Chem-Way does not have any agreement regarding the resolution of this case with Arkema, Evonik Degussa, or FMC, however; in contrast to its Solvay claims, Chem-Way may continue its actions against those three defendants if the instant motion is denied.

just terms, . . . relieve a party . . . from a final . . . order . . . [for] any . . . reason that justifies relief." Plaintiff brings this timely Motion to Rejoin the Settlement Class since the "time limit for amendments of a class certification order . . . is flexible," MOORE'S FEDERAL PRACTICE § 23.87 (3d ed.), and funds have yet to be distributed to members of the class. "Until the fund created by the settlement is actually distributed, the court retains its traditional equity powers." *Zients v. LaMorte*, 459 F.2d 628, 630 (2d Cir. 1972) (overturning district court's exclusion of late-filing claimants from class action settlement). The flexibility to amend certification orders before final judgment "is particularly important in protracted litigation in which there may be a number of separate decisions on the merits." MOORE'S FEDERAL PRACTICE, *supra*, § 23.87.

Citing the above referenced Rules of Civil Procedure 23 and 60, this Court in *In re Electric Weld Steel Tubing Antitrust Litigation*, 1982 WL 1873 (E.D. Pa. 1982) (attached as Exhibit A) previously granted a nearly identical motion in a case involving similar circumstances. In *In re Electric Weld Steel Tubing*, plaintiff Master Juvenile had filed a timely request for exclusion from a class settlement with defendants Hofman and Berger. *Id.* at *1. The Court approved the Hoffman and Berger class settlement and certified it as a final judgment. *Id.* Over five months later, Master Juvenile and Hofman and Berger reached a settlement that called for Master Juvenile to rejoin the settlement class (and for Hofman and Berger to pay Master Juvenile an additional sum, based on claims Master Juvenile asserted that were not included in the class settlement). *Id.* Master Juvenile informed the Court that it wished to rejoin the finalized Hofman and Berger class settlement. *Id.* Over the objection of class counsel, the Court permitted Master Juvenile to rejoin the class settlement. *Id.*

The *In re Electric Weld Steel Tubing Antitrust Litigation* Court explained that "[t]he issue before me is whether a member of a settlement class who opts out of a settlement may reenter the

settlement class after judgment has been entered on the settlement." *Id.* at *2. This Court answered the question in the affirmative, holding that "Rules 23 and 60 of the Federal Rules of Civil Procedure permit [re-entry] if there is justification." *Id.* at *3. The Court found there was such justification: First, "[n]o judgment on the merits was ever reached." The motion therefore did not present the unfairness of allowing "absent parties to intervene after a decision favorable to their interests." *Id.* at *2. Second, neither of the settling defendants opposed the motion, and no other defendant "commented on the motion." *Id.* at *3. Third, although counsel for the class members objected, the Court determined that the class members would not be prejudiced:

> When the settlement was initially reached, Master Juvenile was a member of the settlement class and entitled to its share of the fund. If Master Juvenile is permitted back into the settlement class, the remaining members will receive no less than what they would have received had Master Juvenile never opted out.

*Id.* Fourth, the fact that Master Juvenile "obtained additional settlement monies" did not warrant rejection of the motion, because "the additional funds which have been or will be paid to it by the defendants …. are compensation for settlement of Master Juvenile's" non-class claims *Id.* Finally, the Court determined that granting the motion "will further the policy of Rule 23 to avoid needless relitigation." *Id.*

*In re Electric Weld Steel Tubing* remains good law, cited by NEWBERG ON CLASS ACTIONS for the proposition that, when "class members who have opted out of the suit but who wish to reenter the suit in the event of settlement" request to do so, "reentry has been permitted by the courts." 5 NEWBERG ON CLASS ACTIONS § 16:18 (4th ed. 2008). Other cases have cited *In re Electric Weld Steel Tubing* favorably as well. *See In re Brand Name Prescription Drugs Antitrust Litigation*, 115 F.3d 456, 457 (7th Cir. 1997) ("Although it would be peculiar for an opt-out to seek to opt back in, this is occasionally sought and allowed."); *Klein v. Robert's Am.*

4

*Gourmet Food, Inc.*, 28 A.D.3d 63, 68 (N.Y. App. Div. 2006) ("Although it is unusual for one who has opted out of a class to opt back in, it does happen occasionally and has been allowed.")

**2. Granting the Motion Will Not Prejudice Members of the Class, Will Facilitate a Global Resolution of the Controversy and Will Save Judicial Resources.**

All the factors that supported the result in *In re Electric Weld Steel Tubing* are present here: there has been no decision on the merits; none of the defendants have objected to the motion; Chem-Way was a member of the settlement class at the time the Evonik Degussa and Solvay settlements were negotiated; and granting the motion will avoid relitigation. Further, in the case of Solvay, Chem-Way is releasing claims unrelated to the class claims. This Court should grant Chem-Way's Motion in order to facilitate a global resolution of the hydrogen peroxide price fixing controversy and thereby, without unfairly prejudicing other class members, conserve judicial resources over multiple venues. Granting the motion will resolve Chem-Way's opt-out case, streamline the MDL direct purchaser action and avoid a separate trial in the Western District of North Carolina, while obviating the need for further action against Evonik Degussa.

The primary goal of class action litigation is to facilitate resolution of the controversies and to save judicial resources. As the Supreme Court has explained, "efficiency and economy of litigation . . . is a principal purpose of the [class action] procedure." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974); *see also* Moore's Federal Practice § 23.02 (3d ed.) ("One primary purpose [of Rule 23] is to promote judicial economy and efficiency by avoiding multiple adjudications of the same issues."); *id.* § 23.03 ("The class action device was designed to promote judicial efficiency . . . as well as to protect the interests of absentee class members and defendants."). Granting Chem-Way's Motion will "insure effectuation of the purposes of litigative efficiency and economy." *Am. Pipe & Constr. Co.*, 414 U.S. at 556. Ending Chem-

Way's opt-out action and allowing the company to rejoin the class settlements will "further the policy of Rule 23 [by] avoid[ing] needless relitigation." *In re Electric Weld Steel Tubing*, 1982 WL 1873, at *2.

Finally, granting Chem-Way's Motion will not prejudice the members of the class. Because the Evonik Degussa and Solvay settlements were negotiated prior to giving members of the class the opportunity to opt out, no class member could have relied on Chem-Way's decision to opt out of either of the settlements—that decision was made contemporaneously with the decisions made by the other class members and was not publicized until the opt-out periods were over. As in *Electric Weld Steel Tubing*, "the remaining members will receive no less than what they would have received had" Chem-Way "not opted out." 1982 WL 1873, at *3. Further, because members of the plaintiff class have not yet been provided an opportunity to opt out of the litigation as a whole, if Chem-Way is granted permission to rejoin the Evonik Degussa and Solvay settlement classes, it can simply elect not to opt out of the direct purchaser class action as to FMC and Arkema, as of right. The members of the plaintiff class will therefore suffer no undue prejudice as a result of granting Chem-Way's Motion.

### III. CONCLUSION

As in *In re Electric Weld Steel Tubing Antitrust Litigation*, Chem-Way opted out of the settlement class with respect to Evonik Degussa and Solvay. It is undoubtedly within this Court's power to allow Chem-Way to reenter the class settlements. Allowing Chem-Way to do so will facilitate a global resolution of the controversy and save judicial resources. For all of the foregoing reasons, Chem-Way's motion should be granted.

This 4th day of November, 2008.


   s/ Lawrence C. Moore, III
Everett J. Bowman
N.C. Bar No. 9132
Lawrence C. Moore, III
N.C. Bar No. 21731

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
ebowman@rbh.com
lmoore@rbh.com

Attorneys for Plaintiff Chem-Way Corporation

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **MEMORANDUM OF PLAINTIFF CHEM-WAY CORPORATION IN SUPPORT OF MOTION TO DISMISS ITS OPT-OUT CLAIMS AGAINST REMAINING DEFENDANTS AND REJOIN CLASS**  has been filed electronically and is available for viewing and downloading on the CM/ECF system of the United States District Court for the Eastern District of Pennsylvania.  Notice of this filing will be sent by e-mail to all parties by operation of the CM/ECF system.

This 4th day of November, 2008.

 s/ Lawrence C. Moore, III
Lawrence C. Moore, III
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
Telephone:     (704) 377-2536
Facsimile:     (704) 378-4000
lmoore@rbh.com