Daniel A. Sasse (CA Bar No. 236234)
dsasse@crowell.com
Deborah E. Arbabi (CA Bar No. 167275)
darbabi@crowell.com
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone:  949-263-8400
Facsimile:  949-263-8414

*Counsel for Old Comp Inc.,
RadioShack Corporation, and
ViewSonic Corporation*

Jessica L. Meyer (CA Bar No. 249064)
jmeyer@lindquist.com
James M. Lockhart (Admitted Pro Hac Vice)
jlockhart@lindquist.com
LINDQUIST & VENNUM LLP
4200 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
Telephone:  612-371-3953
Facsimile:  612-371-3207

*Counsel for Unisys Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Docket No. 3:07-cv-05944-SC MDL No. 1917 |
| This Document Relates To: | **DECLARATION OF JAMES M. LOCKHART IN SUPPORT OF REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPT-IN PLAINTIFFS' MOTION TO WITHDRAW REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASSES AND TO JOIN THE CLASS SETTLEMENTS** |
| All Direct Purchaser Actions | |

CASE NO. 3:07-CV-05944-SC

DECLARATION OF JAMES M. LOCKHART IN SUPPORT OF OPT-IN PLAINTIFFS' REPLY ISO MOTION TO WITHDRAW REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASSES AND TO JOIN THE CLASS SETTLEMENTS
DOCS-#4026797-v1

## <u>DECLARATION OF JAMES M. LOCKHART</u>

I, James M. Lockhart, declare as follows:

1.     I am an attorney at the law firm of Lindquist & Vennum LLP and am one of the attorneys of record for Unisys Corporation ("Unisys") (together with Old Comp Inc., RadioShack Corporation, and ViewSonic Corporation, the "Opt-In Plaintiffs").  I have personal knowledge of the facts set forth herein, and, if called to testify as a witness, could and would do so under oath.

2.     The Opt-In Plaintiffs have variously requested exclusion from certain classes certified in connection with the following settlements: (1) the direct purchaser settlement reached with Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, "CPT") and Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., and Philips Da Amazonia Industria Electronica Ltda. (collectively, "Philips"); (2) the direct purchaser settlement reached with Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd. (collectively, "Panasonic"); (3) the direct purchaser settlement reached with LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd. (collectively, "LG"); (4) the direct purchaser settlement reached with Toshiba Corporation, Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc. (collectively, "Toshiba"); and (5) the indirect purchaser settlement reached with Chunghwa Picture Tubes Ltd. ("Chunghwa").  Specifically, Old Comp requested exclusion from the Chunghwa indirect purchaser settlement class; RadioShack requested exclusion from the Chunghwa indirect purchaser settlement class; Unisys requested exclusion from the CPT/Philips, Panasonic, LG, and Toshiba direct purchaser settlement classes; and ViewSonic requested exclusion from all five settlement classes.

3.     The Opt-In Plaintiffs' Motion to Withdraw Requests for Exclusion from the Settlement Classes ("Motion") asks this Court for permission to withdraw these requests for exclusion because it will (1) eliminate the need for five separate opt-out cases, (2) promote

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DECLARATION OF JAMES M. LOCKHART IN SUPPORT OF OPT-IN PLAINTIFFS' REPLY ISO MOTION TO WITHDRAW REQUESTS
FOR EXCLUSION FROM THE SETTLEMENT CLASSES AND TO JOIN THE CLASS SETTLEMENTS
DOCS-#4026797-v1

judicial economy, and (3) permit efficient claims administration without prejudicing other settlement class members.  The defendants and Indirect Purchaser Plaintiffs ("IPPs") do not oppose this Motion.  The Direct Purchaser Plaintiffs' ("DPPs'") counsel is the only party that filed an Opposition.

4.      Courts weighing the equity of opt-in requests often analyze whether a plaintiff unfairly exploited its initial opt-out request.  Here, Unisys has not made any side-deals with the CRT defendants that would provide extra benefits for rejoining the class settlement.  In fact, Unisys never entered into any type of opt-out settlement negotiations with the CRT defendants.  Similarly, Unisys has not requested or received any special benefit from DPPs' or IPPs' counsel as an incentive to rejoin these class settlements.  Unisys is simply requesting the opportunity to receive the same pro rata share as any other member of the DPP and IPP settlement classes.

5.      Courts considering opt-in requests often analyze potential prejudice to existing settlement class members. The DPPs' Opposition incorrectly argues that the Opt-In Plaintiffs' initial exclusions lowered class settlement values.  The DPPs' Opposition then references a take-down provision that could only be triggered by Philips customers opting out of the Philips settlement.  Diligent review of Unisys' purchase data shows that it made no purchases from Philips.  Thus, based on my diligent review of the information presently available, Unisys' opt-out did not reduce the value of the DPPs' settlement with Philips, nor any settlement with any of the Defendants.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 13th day of March, 2014 at Minneapolis, Minnesota.


*/s/ James M. Lockhart*
James M. Lockhart

CASE NO. 3:07-CV-05944-SC

DECLARATION OF JAMES M. LOCKHART IN SUPPORT OF OPT-IN PLAINTIFFS' MOTION TO WITHDRAW REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASSES AND TO JOIN THE CLASS SETTLEMENTS

DOCS-#4026797-v1

CROWELL
& MORING LLP
ATTORNEYS AT LAW