Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
T: (415) 871-2888
F: (415) 871-2890
E: vrw@judgewalker.com
Special Master

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No 1917 |
| This Order Relates To: | **REPORT AND RECOMMENDATION** |
| Case No C-07-5944-SC | |

As a result of letters submitted to Judge Conti by James M Wagstaffe, representing direct action plaintiffs Dell, Inc and Dell Products, LP, dated October 15 and November 5, 2013, and a letter to Judge Conti by Lucius B Lau, representing defendant Toshiba, dated October 29, 2013, the undersigned on March 10, 2014, conducted a teleconference with the foregoing counsel. Also included in the teleconference were Debra Bernstein (Toshiba), Lauren Capurro (indirect purchaser class) and Pamela Pham (State of California).

The teleconference centered on two subjects: (1) proper objections allowed at depositions and (2) two entries on Toshiba's errata sheet for the deposition of Yasuki Yamamoto on July 1-3, 2013, specifically a purported "Clarification" on page 312 and a second such on page 431 of the Yamamoto deposition transcript, see Wagstaffe October 15 letter, Exhibit F at 3-4.

With regard to subject (1), the undersigned declined to interpret the directives of the prior special master. Instead, the undersigned noted his January 27 Report and Recommendation to Judge Conti regarding deposition conduct and observed that the next deposition scheduled in the litigation is set for March 11, 2014 in San Francisco at a location near where the undersigned will be working. The undersigned offered to attend the deposition, if necessary, and observe first-hand the conduct of that deposition.

Regarding subject (2), the undersigned watched the video excerpts of the Yamamoto deposition submitted by Toshiba's counsel. The transcript at page and lines 312:4-21 appears to be an accurate transcription of the testimony of the witness as given through the interpreter. Nonetheless, Toshiba seeks to "clarify" that the witness in using the verb "to follow" meant that word in one particular of its various meanings. The witness' testimony was transcribed as follows:

> As I said earlier, we believed that the movements of the competitors was very valuable information, and we *watched* it very carefully. We *followed* it very carefully.
>
> And, furthermore, what the information source is of this, I have no idea even if I were to form a personal opinion.  * * *
>
> And so this type of information was important information for our price setting, and we tried to *follow* the price trends, and we tried to *follow* the price trends of our competitor because this was important information for us in setting prices.

Toshiba proposes to change *followed* italicized and highlighted in red in the first quoted paragraph to "watched" and to insert a period after "price setting" and substitute for the highlighted phrase beginning "and we tried * * *" the following: "The price trends of our competitors was important information for our price setting." Toshiba's purported clarification must be rejected.

In English, of course, the transitive verb "to follow" has several meanings. Merriam-Webster OnLine Dictionary, http://www.merriam-webster.com/, visited March 10, 2014. The first, and presumably most common, definition is "to go, proceed, or come after." The third definition is "to be or act in accordance with" and the eighth definition is "to watch steadily." Dell seeks to give the witness' testimony the third definition while Toshiba suggests that the eighth definition is appropriate. Certainly, Toshiba's interpretation is plausible given the repeated references in the witness' testimony to competitors' prices as information. But the appropriate course for Toshiba in taking this position is not an attempt to change the witness' testimony under the guise of a clarification. Toshiba has at least two other courses it may follow if (as seems unlikely) the matter assumes enough importance: (1) at trial or a further deposition, the witness may be asked what he meant by the use of the words he used at this deposition; or (2) Toshiba may introduce the testimony of a Japanese language interpreter who can refer to the Japanese word or construction the witness used and testify that its English equivalent more precisely aligns with the eighth definition of "to follow" than the third definition, if in fact it does so align. Or, in any event, Toshiba may simply rest on the context of the witness' remarks and the references to prices as information to argue that the reasonable interpretation of the witness' testimony is the eighth definition of "to follow." Toshiba thus is not without recourse. Changing the words of the witness' testimony by a purported clarification is not, however, available to Toshiba.

Next, Toshiba attempts another clarification at page and lines 431:12-13 of Yamamoto's deposition transcript. The witness' testimony was transcribed as follows:

So due to those two reasons, for the 3Q – and I think that's the third quarter – July through September will continue to have a tight supply. And that is what – that was the same opinion that each of the companies had. So it is saying that – that each of the companies had about the supply that was in harmony, in alignment. And I think that this is reporting that all of the companies were of the same opinion.[i]

Toshiba seeks to substitute the following for the highlighted portion of the witness' testimony:

estimate each of the companies had about the supply was in alignment.

Toshiba's change would, of course, eliminate the discomfiting (to Toshiba) noun "harmony" and add the comforting one "estimate." It goes without saying that lawyers almost never think that witnesses use just the right words or turn of phrase. But this unhappy circumstance affords no ground for a lawyer putting words in a witness' mouth under the guise of clarification.

Toshiba's proposed "clarifications" should be DENIED.

IT IS SO REPORTED AND RECOMMENDED.

Dated: March 11, 2014

_____
Hon Vaughn R Walker
United States District Judge (Ret)
Special Master

The Report and Recommendation is **Accepted and Ordered** / Denied / Modified.

Dated: March 26, 2014

_____
Hon Samuel Conti
United States District Judge

---

[i] Wagstaffe's letter slightly, but not materially, misquotes the transcript. Wagstaffe October 15 letter at 7.