BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile:  (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE No. 13-cv-02776 |
| | Master File No. 07-5944 SC |
| This Document Relates To Individual Case No. 13-cv-02776 | MDL No. 1917 |
| SHARP ELECTRONICS CORPORATION; and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC., | **ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT** |
| Plaintiffs, vs. | |
| KONINKLIJKE PHILIPS ELECTRONICS N.V., a/k/a ROYAL PHILIPS ELECTRONICS; PHILIPS ELECTRONICS INDUSTRIES (TAIWAN) LTD.; PHILIPS ELECTRONICS | |

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP
ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.' S COMPLAINT

NORTH AMERICA CORPORATION; PHILIPS
CONSUMER  ELECTRONICS CO.; PHILIPS
DA AMAZONIA INDUSTRIA ELECTRONICA
LTDA.; and ORION ENGINEERING &
SERVICE, INC.,

Defendants.

Defendant Koninklijke Philips N.V. ("KPNV"), by and through its undersigned counsel of
record, answers Sharp Electronics Corporation's and Sharp Electronics Manufacturing Company
of America, Inc.'s ("Plaintiffs") Complaint (the "Complaint") and alleges additional or
affirmative defenses as follows.  KPNV denies each and every allegation in the Complaint's
section headings asserted herein and in all portions of the Complaint not contained in numbered
paragraphs.  To the extent that the Complaint's allegations concern persons and/or entities other
than KPNV, KPNV denies that such allegations support any claim for relief against KPNV.
KPNV denies any allegations not explicitly admitted herein.

## I.    INTRODUCTION[1]

1.      To the extent that the allegations in Paragraph 1 state legal contentions, no
response is required.  To the extent that the allegations in Paragraph 1 are definitional, no
response is required.  To the extent that the allegations in Paragraph 1 relate to other defendants,
KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that
basis, denies them.  To the extent that the allegations in Paragraph 1 relate to KPNV, KPNV
denies all of the allegations.

2.      To the extent that the allegations in Paragraph 2 state legal contentions, no
response is required.  To the extent that the allegations in Paragraph 2 are definitional, no
response is required.  To the extent that the allegations in Paragraph 2 relate to other defendants,
KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that
basis, denies them.  To the extent that the allegations in Paragraph 2 relate to KPNV, KPNV
denies all of the allegations.

[1] For ease of reference, the headings in this Answer correspond to the headings in the Complaint.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP
ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

3.     To the extent that the allegations in Paragraph 3 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 3 are definitional, no response is required.  KPNV avers that the use of the terms "CPTs," "CDTs," "CPT Products," "CDT Products," and "CRT Products," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Complaint indefinite and uncertain.  To the extent that the allegations in Paragraph 3 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 3 relate to KPNV, KPNV denies all of the allegations.

4.     To the extent that the allegations in Paragraph 4 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 4 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the allegations in Paragraph 4 relate to KPNV, KPNV denies all of the allegations.

5.     To the extent that the allegations in Paragraph 5 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 5 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the allegations in Paragraph 5 relate to KPNV, KPNV denies all of the allegations.

6.     To the extent that the allegations in Paragraph 6 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 6 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the allegations in Paragraph 6 relate to KPNV, KPNV denies all of the allegations.

7.     To the extent that the allegations in Paragraph 7 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 7 relate to other defendants,

KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the allegations in Paragraph 7 relate to KPNV, KPNV denies all of the allegations.

8.     To the extent that the allegations in Paragraph 8 state legal contentions, no response is required.  KPNV lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 8 and, on that basis, denies them. To the extent the allegations in Paragraph 8 relate to KPNV, KPNV denies all of the allegations.

9.     KPNV admits that government authorities in the United States and other countries have commenced investigations of the CRT industry, the details of which are matters of public record and such records speak for themselves.  KPNV admits that an indictment was issued against C.Y. Lin, the details of which are matters of public record and such records speak for themselves.  KPNV admits that other individuals have been indicted by the DOJ, the details of which are matters of public record and such records speak for themselves.

10.     To the extent that the allegations in Paragraph 10 refer to public filings and statements by government authorities, those filings and statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 10 are derived from or purport to quote a press release, that press release speaks for itself and no response is required. KPNV denies any remaining allegations in Paragraph 10.

11.     To the extent that the allegations in Paragraph 11 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 11 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 11 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 11 relate to KPNV, KPNV denies all of the allegations.  KPNV denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Complaint and alleged in Paragraph 11.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

## II. ALLEGATIONS CONCERNING JURISDICTION AND VENUE

12. To the extent that the allegations in Paragraph 12 constitute legal contentions, no response is required. To the extent that the allegations in Paragraph 12 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. KPNV admits that Plaintiffs purport to bring this action to obtain injunctive relief under Section 16 of the Clayton Act, and to recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1), but denies that Plaintiffs are entitled to any relief under those statutes. To the extent that a response is required and the allegations in Paragraph 12 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 12 relate to KPNV, KPNV denies them.

13. To the extent that the allegations in Paragraph 13 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 13 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required. KPNV admits that Plaintiffs purport to bring this action pursuant to California state laws, but denies that Plaintiffs are entitled to any relief under those laws. To the extent that a response is required and the allegations in Paragraph 13 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 13 relate to KPNV, KPNV denies them.

14. To the extent that the allegations in Paragraph 14 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 14 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required. KPNV admits that Plaintiffs purport to bring this action pursuant to New York state laws, but denies that Plaintiffs are entitled to any relief under those laws. To the extent that a

response is required and the allegations in Paragraph 14 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 14 relate to KPNV, KPNV denies them.

15.   The allegations in Paragraph 15 relate to some of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), and, therefore, no response is required.

16.   The allegations in Paragraph 16 relate to some of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), and, therefore, no response is required.

17.   The allegations in Paragraph 17 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent the allegations in Paragraph 17 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.  To the extent that the allegations in Paragraph 17 require a response, KPNV denies that this district has subject matter jurisdiction based on the conduct of KPNV as alleged in the Complaint.

18.   The allegations in Paragraph 18 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 18 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 18 relate to KPNV, KPNV denies that this district has subject matter jurisdiction based on the conduct of KPNV as alleged in the Complaint.

19.   The allegations in Paragraph 19 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent the allegations in Paragraph 19 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.  To the extent that a response is required and the allegations in Paragraph 19 relate to other defendants, KPNV lacks knowledge or information sufficient to form

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 19 relate to KPNV, KPNV denies that this district has subject matter jurisdiction based on the conduct of KPNV as alleged in the Complaint.

20.     The allegations in Paragraph 20 regarding venue constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 20 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 20 relate to KPNV, KPNV denies these allegations and denies that venue lies with this district based on the conduct of KPNV as alleged in the Complaint.

## III.     ALLEGATIONS CONCERNING MULTIDISTRICT AND INTRADISTRICT ASSIGNMENT

21.     The allegations in Paragraph 21 constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 21 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 21 relate to KPNV, KPNV denies these allegations.

## IV.     ALLEGATIONS CONCERNING THE PARTIES

22.     To the extent that the allegations in Paragraph 22 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies them.

23.     To the extent that the allegations in Paragraph 23 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies them.

24.     To the extent that the allegations in Paragraph 24 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 24 relate to Plaintiffs, KPNV

lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies them.

25.     To the extent that the allegations in Paragraph 25 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 25 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies them.

26.     The allegations in Paragraph 26 are an explanation of terminology, for which no response is required.

27.     To the extent that the allegations in Paragraph 27 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 27 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 27 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 27 relate to KPNV, KPNV denies all of the allegations.

28.     To the extent that the allegations in Paragraph 28 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 28 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 28 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 28 relate to KPNV, KPNV denies all of the allegations.

29.     To the extent that the allegations in Paragraph 29 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 29 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

denies them.  To the extent that the allegations in Paragraph 29 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 29 relate to KPNV, KPNV denies all of the allegations.

30.     To the extent that the allegations in Paragraph 30 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 30 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 30 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 30 relate to KPNV, KPNV denies all of the allegations.

31.     To the extent that the allegations in Paragraph 31 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 31 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, on that basis, denies them.

32.     To the extent that the allegations in Paragraph 32 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 32 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth, and, on that basis, denies them.  KPNV admits that it is a Dutch entity with its principal place of business at Brenner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands, but avers that KPNV legally changed its corporate name to Koninklijke Philips N.V.  KPNV admits that Philips & Co. was founded in 1891 but denies the remaining allegations found in the second and third sentences of Paragraph 32.   KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  KPNV admits that in 2005 it wrote off the book value for LG.Philips Displays and announced that KPNV would not inject further capital into LG.Philips

Displays, but KPNV denies the remaining allegations found in the fifth sentence of Paragraph 32. KPNV denies that it manufactured, marketed, sold and/or distributed CRT products, either directly or through its subsidiaries or affiliates, throughout the United States.   KPNV denies any remaining allegations in Paragraph 32.

33.     KPNV admits Philips Electronics Industries (Taiwan), Ltd. is a Taiwanese company with its principal place of business located at 15F 3-1 Yuanqu Street, Nangang District, Taipei, Taiwan but avers that Philips Electronics Industries (Taiwan), Ltd. was merged into Philips Taiwan Ltd.  KPNV admits that Philips Taiwan, Ltd. is an indirect subsidiary of KPNV. Owing to the vagueness of "CRT Products," KPNV denies the third sentence of Paragraph 33. KPNV denies that it dominated or controlled the finances, policies, and affairs of Philips Taiwan, Ltd. and any remaining allegations in Paragraph 33.

34.     KPNV admits that Philips Electronics North America Corporation ("PENAC") is a Delaware corporation with its principal place of business at 1251 Avenue of the Americas, New York, New York, 10020.  KPNV admits that PENAC is an indirect subsidiary of KPNV.  Owing to the vagueness of "CRT Products," KPNV denies the third sentence of Paragraph 34.  KPNV denies that it dominated or controlled the finances, policies, and affairs of PENAC and any remaining allegations in Paragraph 34.

35.     KPNV denies all of the allegations in Paragraph 35.

36.     KPNV admits that Philips da Amazonia Industria Electronica Ltda. ("Philips da Amazonia") is a Brazilian company with its principal place of business located at Av Torquato Tapajos 2236, 1 andar (parte 1), Flores, Manaus, AM 39048-660, Brazil.  KPNV admits that Philips da Amazonia Industria Electronica Ltda. is an indirect subsidiary of KPNV.  Owing to the vagueness of "CRT Products," KPNV denies the third sentence of Paragraph 36.  KPNV denies that it dominated or controlled the finances, policies and affairs of Philips da Amazonia and any remaining allegations in Paragraph 36.

37.     The allegations in Paragraph 37 are an explanation of terminology, for which no response is required.  KPNV avers, however, that Paragraph 37 renders the Complaint indefinite and uncertain as to KPNV.

38.     The allegations in Paragraph 38 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, denies them.

39.     The allegations in Paragraph 39 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies them.

40.     The allegations in Paragraph 40 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, denies them.

41.     The allegations in Paragraph 41 are an explanation of terminology, for which no response is required.

**V.      ALLEGATIONS CONCERNING OTHER AGENTS AND CO-CONSPIRATORS**

42.     The allegations of Paragraph 42 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 42 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 42 relate to KPNV, KPNV denies all of the allegations.

43.     The allegations in Paragraph 43 are ambiguous and/or unintelligible. To the extent that the allegations in Paragraph 43 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 43 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 43 relate to KPNV, KPNV denies all of the allegations.

44.     The allegations in Paragraph 44 are ambiguous and/or unintelligible. To the extent that the allegations in Paragraph 44 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 44 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 44 relate to KPNV, KPNV denies all of the allegations.

45.     To the extent that the allegations in Paragraph 45 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 45 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 45 relate to KPNV, KPNV denies all of the allegations.

46.     The allegations in Paragraph 46 are not directed at KPNV and, therefore, no response is required.  The allegations in Paragraph 46 also state legal contentions, for which no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 46 relate to KPNV, KPNV denies all of the allegations.

47.     The allegations in Paragraph 47 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, on that basis, denies them.

48.     The allegations in Paragraph 48 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, on that basis, denies them.

49.     The allegations in Paragraph 49 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies them.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

50.     The allegations in Paragraph 50 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies them.

51.     The allegations in Paragraph 51 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, on that basis, denies them.

52.     The allegations in Paragraph 52 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies them.

53.     The allegations in Paragraph 53 are an explanation of terminology, for which no response is required.

54.     To the extent that the allegations in Paragraph 54 state legal contentions, no response is required.  KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 CRT joint venture.  The remaining allegations in Paragraph 54 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and, on that basis, denies them.

55.     The allegations in Paragraph 55 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, denies them.

56.     The allegations in Paragraph 56 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, on that basis, denies them.

57.     The allegations in Paragraph 57 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, on that basis, denies them.

58.     To the extent that the allegations in Paragraph 58 state legal contentions, no response is required.  KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  KPNV admits that its shareholdings in the joint venture were relinquished to financial institutions and private equity firms.  To the extent the allegations in Paragraph 58 are not directed at KPNV, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, denies them.  KPNV denies that it exerted control over LG.Philips Displays or over LP Displays International, Ltd.  To the extent that the remaining allegations in Paragraph 58 relate to KPNV, KPNV denies them.

59.     To the extent that the allegations in Paragraph 59 state legal contentions, no response is required.  KPNV admits that in 2001, LG.Philips Displays Holding was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  To the extent the allegations in Paragraph 59 are not directed at KPNV, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 59 relate to KPNV, KPNV denies them.

60.     The allegations in Paragraph 60 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, denies them.

61.     To the extent the allegations in Paragraph 61 state legal contentions, no response is required. KPNV denies that it dominated and/or controlled the finances, policies, and/or affairs of LG.Philips Displays USA Inc.   To the extent the allegations in Paragraph 61 are not directed at KPNV, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies them.

62.     To the extent the allegations in Paragraph 62 state legal contentions, no response is required. KPNV denies that it dominated and/or controlled the finances, policies, and/or affairs of LG.Philips Displays Korea Co. Ltd.    To the extent the allegations in Paragraph 62 are not directed at KPNV, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 and, on that basis, denies them.

63.     The allegations in Paragraph 63 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, on that basis, denies them.

64.     To the extent the allegations in Paragraph 64 state legal contentions, no response is required. KPNV denies that it dominated and/or controlled the finances, policies, and/or affairs of LG.Philips Displays Mexico S.A. de C.V.   To the extent the allegations in Paragraph 64 are not directed at KPNV, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, on that basis, denies them.

65.     To the extent the allegations in Paragraph 65 state legal contentions, no response is required. KPNV denies that it dominated and/or controlled the finances, policies, and/or affairs of LG.Philips Displays Brasil Ltda.   To the extent the allegations in Paragraph 65 are not directed at KPNV, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, on that basis, denies them.

66.     The allegations in Paragraph 66 are an explanation of terminology, for which no response is required.

67.     The allegations in Paragraph 67 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, on that basis, denies them.

68.     The allegations in Paragraph 68 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies them.

69.     The allegations in Paragraph 69 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies them.

70.     The allegations in Paragraph 70 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies them.

71.     The allegations in Paragraph 71 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, on that basis, denies them.

72.     The allegations in Paragraph 72 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, on that basis, denies them.

73.     The allegations in Paragraph 73 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, on that basis, denies them.

74.     The allegations in Paragraph 74 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, on that basis, denies them.

75.     The allegations in Paragraph 75 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, on that basis, denies them.

76.     The allegations in Paragraph 76 are an explanation of terminology, for which no response is required.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

77.     The allegations in Paragraph 77 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, on that basis, denies them.

78.     The allegations in Paragraph 78 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, on that basis, denies them.

79.     The allegations in Paragraph 79 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, on that basis, denies them.

80.     The allegations in Paragraph 80 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, on that basis, denies them.

81.     The allegations in Paragraph 81 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, on that basis, denies them.

82.     The allegations in Paragraph 82 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, on that basis, denies them.

83.     The allegations in Paragraph 83 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and, on that basis, denies them.

84.     The allegations in Paragraph 84 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and, on that basis, denies them.

85.     The allegations in Paragraph 85 are an explanation of terminology, for which no response is required.

86.     The allegations in Paragraph 86 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, on that basis, denies them.

87.     The allegations in Paragraph 87 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and, on that basis, denies them.

88.     The allegations in Paragraph 88 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, on that basis, denies them.

89.     The allegations in Paragraph 89 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and, on that basis, denies them.

90.     The allegations in Paragraph 90 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and, on that basis, denies them.

91.     The allegations in Paragraph 91 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and, on that basis, denies them.

92.     The allegations in Paragraph 92 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, on that basis, denies them.

93.     The allegations in Paragraph 93 are an explanation of terminology, for which no response is required.

94.     The allegations in Paragraph 94 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and, on that basis, denies them.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

95.     The allegations in Paragraph 95 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and, on that basis, denies them.

96.     The allegations in Paragraph 96 are an explanation of terminology, for which no response is required.

97.     The allegations in Paragraph 97 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and, on that basis, denies them.

98.     The allegations in Paragraph 98 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and, on that basis, denies them.

99.     The allegations in Paragraph 99 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and, on that basis, denies them.

100.    The allegations in Paragraph 100 are an explanation of terminology, for which no response is required.

101.    The allegations in Paragraph 101 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and, on that basis, denies them.

102.    The allegations in Paragraph 102 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and, on that basis, denies them.

103.    The allegations in Paragraph 103 are an explanation of terminology, for which no response is required.

104.    The allegations in Paragraph 104 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and, on that basis, denies them.

105.     The allegations in Paragraph 105 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and, on that basis, denies them.

106.     The allegations in Paragraph 106 state legal contentions, no response is required. Additionally, the allegations in Paragraph 106 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 106 relate to KPNV, KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and, on that basis, denies them.

107.     The allegations in Paragraph 107 are an explanation of terminology, for which no response is required.

108.     The allegations in Paragraph 108 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and, on that basis, denies them.

109.     The allegations in Paragraph 109 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and, on that basis, denies them.

110.     The allegations in Paragraph 110 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and, on that basis, denies them.

111.     The allegations in Paragraph 111 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and, on that basis, denies them.

112.     The allegations in Paragraph 112 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and, on that basis, denies them.

113.     The allegations in Paragraph 113 are an explanation of terminology, for which no response is required.

1

## VI.   ALLEGATIONS CONCERNING TRADE AND COMMERCE

2      114.    The allegations in Paragraph 114 regarding **"continuous and uninterrupted flow of

3  interstate commerce and foreign commerce"** are legal contentions to which no response is

4  required.  To the extent that the allegations in Paragraph 114 relate to other defendants, KPNV

5  lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

6  denies them.  To the extent that the remaining allegations in Paragraph 114 require a response,

7  KPNV denies all of the allegations.

8      115.    The allegations in Paragraph 115 state legal contentions to which no response is

9  required.  To the extent a response is required and the allegations relate to other defendants,

10  KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations

11  of Paragraph 115, and, on that basis, denies them.  To the extent a response is required and the

12  allegations in Paragraph 115 relate to KPNV, KPNV denies them.

13      116.    The allegations in Paragraph 116 state legal contentions to which no response is

14  required.  To the extent a response is required and the allegations relate to other defendants,

15  KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations

16  of Paragraph 116, and, on that basis, denies them.  To the extent a response is required and the

17  allegations in Paragraph 116 relate to KPNV, KPNV denies them.

18

## VII.   ALLEGATIONS CONCERNING FACTUAL ALLEGATIONS

19      117.    KPNV admits that the allegations in Paragraph 117 purport to describe CRT

20  technology, but KPNV denies that such descriptions are accurate or complete.

21      118.    KPNV admits that the allegations in Paragraph 118 purport to describe CRT

22  technology, but KPNV denies that such descriptions are accurate or complete.

23      119.    KPNV admits that the allegations in Paragraph 119 purport to describe CRT

24  technology, but KPNV denies that such descriptions are accurate or complete.

25      120.    KPNV admits that the allegations in Paragraph 120 purport to describe CRT

26  technology, but KPNV denies that such descriptions are accurate or complete.

27

28

121.    KPNV admits that the allegations in Paragraph 121 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

122.    KPNV admits that the allegations in Paragraph 122 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

123.    To the extent that the allegations in Paragraph 123 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 123 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 123 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 123 relate to KPNV, KPNV denies all of the allegations.  In particular, KPNV denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Complaint and alleged in Paragraph 123.

124.    The allegations in Paragraph 124 are legal contentions to which no response is required.  To the extent that a response is required, KPNV denies every allegation in Paragraph 124.

125.    The allegations in Paragraph 125 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 125 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 125 relate to KPNV, KPNV denies all allegations.

126.    To the extent that the allegations in Paragraph 126 state legal contentions, no response is required.  To the extent that the other allegations in Paragraph 126 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 126 relate to KPNV, KPNV denies all of the allegations.

127.   KPNV avers that the use of the term **"Philips"** renders the Complaint indefinite and uncertain as to KPNV.  The allegations in Paragraph 127 are legal contentions to which no response is required.  To the extent that a response is required, KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  To the extent that the allegations in Paragraph 127 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies any remaining allegations in Paragraph 127.

128.   The allegations in Paragraph 128 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 128 require a response, KPNV denies all of the allegations.

129.   The allegations in Paragraph 129 are legal contentions to which no response is required.  To the extent a response is required and that the allegations in Paragraph 129 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 129 require a response, KPNV denies all of the allegations.

130.   The allegations in Paragraph 130 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 130 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 130 relate to KPNV, KPNV denies all of the allegations.

131.   The allegations in Paragraph 131 are legal contentions to which no response is required.  To the extent a response is required, KPNV denies all of the allegations in Paragraph 131.

132.   To the extent that the allegations contained in Paragraph 132 refer to public filings by government authorities, those filings speak for themselves and no response is required.  KPNV

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and, on that basis, denies them.

133.    To the extent that the allegations contained in Paragraph 133 refer to public filings by government authorities, those filings speak for themselves and no response is required. To the extent that the allegations in Paragraph 133 purport to quote a press release, that press release speaks for itself and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and, on that basis, denies them.

134.    To the extent that the allegations contained in Paragraph 134 refer to public statements by government authorities, those statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 134 are derived from or purport to quote a press release or news article, that press release or article speaks for itself and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and, on that basis, denies them.

135.    To the extent that the allegations contained in Paragraph 135 refer to public statements or filings by other defendants, those statements or filings speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and, on that basis, denies them.

136.    To the extent that the allegations contained in Paragraph 136 refer to public statements by a Samsung spokesperson, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and, on that basis, denies them.

137.    To the extent that the allegations contained in Paragraph 137 refer to public statements by Chunghwa, those statements speak for themselves and no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and, on that basis, denies them.

138.     KPNV avers that the use of the term **"Philips"** renders the Complaint indefinite and uncertain as to KPNV.  To the extent that allegations in Paragraph 138 relate to a new article, that article speaks for itself and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, on that basis, denies them.

139.     To the extent the allegations contained in Paragraph 139 refer to a public statement by Toshiba, that statement speaks for itself and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and, on that basis, denies them.

140.     To the extent that the allegations contained in Paragraph 140 refer to public statements and filings by government authorities, those statements and filings speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and, on that basis, denies them.

141.     To the extent that the allegations contained in Paragraph 141 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and, on that basis, denies them.

142.     To the extent that the allegations contained in Paragraph 142 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and, on that basis, denies them.

143.     To the extent that the allegations contained in Paragraph 143 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, denies them.

144.    To the extent that the allegations contained in Paragraph 144 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, on that basis, denies them.

145.    To the extent that the allegations contained in Paragraph 145 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and, on that basis, denies them.

146.    To the extent that the allegations contained in Paragraph 146 refer to public statements or filings by government authorities, those statements or filings speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and, on that basis, denies them.

147.    KPNV avers that the use of the term **"Philips"** renders the Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations contained in Paragraph 147 refer to public statements or filings by government authorities, those statements or filings speak for themselves and no response is required.  KPNV admits that the European Commission fined seven companies, the details of which are matters of public record and such records speak for themselves.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and, on that basis, denies them.

148.    To the extent that the allegations in Paragraph 148 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 148 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 148 relate to KPNV, KPNV denies all of the allegations.

149.    The allegations in Paragraph 149 are not directed at KPNV and, therefore, no response is required.  To the extent a response is required, KPNV lacks knowledge or information

1   sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis,

2   denies them.

3       150.   To the extent that the allegations in Paragraph 150 state legal contentions, no

4   response is required.   To the extent that the allegations in Paragraph 150 relate to other

5   defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

6   on that basis, denies them.   To the extent the allegations in Paragraph 150 relate to KPNV, KPNV

7   denies all of the allegations.

8       151.   KPNV avers that the use of the term **"Philips"** renders the Complaint indefinite

9   and uncertain as to KPNV.   To the extent that the allegations in Paragraph 151 state legal

10  contentions, no response is required.   To the extent that the allegations in Paragraph 151 relate to

11  other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their

12  truth and, on that basis, denies them.   To the extent that the remaining allegations in Paragraph

13  151 concern KPNV, KPNV denies them.

14      152.   To the extent that the allegations in Paragraph 152 state legal contentions, no

15  response is required.   To the extent that the allegations in Paragraph 152 relate to other

16  defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

17  on that basis, denies them.   To the extent that the remaining allegations in Paragraph 152 concern

18  KPNV, KPNV denies them.

19      153.   The allegations in Paragraph 153 are not directed at KPNV and, therefore, no

20  response is required.   KPNV otherwise lacks knowledge or information sufficient to form a belief

21  as to the truth of the allegations in Paragraph 153 and, on that basis, denies them.

22      154.   To the extent that the allegations in Paragraph 154 state legal contentions, no

23  response is required.   To the extent that the allegations in Paragraph 154 relate to other

24  defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

25  on that basis, denies them.   To the extent that the allegations in Paragraph 154 relate to KPNV,

26  KPNV denies them.

27

28

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP
ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

155.    To the extent that the allegations in Paragraph 155 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 155 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 155 relate to KPNV, KPNV denies all of the allegations.

156.    The allegations in Paragraph 156 state legal contentions to which no response is required.  To the extent a response is required, KPNV denies each and every allegation of Paragraph 156.

157.    To the extent that the allegations in Paragraph 157 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 157 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 157 relate to KPNV, KPNV denies all of the allegations.

158.    To the extent that the allegations in Paragraph 158 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 158 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 158 relate to KPNV, KPNV denies all of the allegations.

159.    To the extent that the allegations in Paragraph 159 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 159 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 159 and its subparts relate to KPNV, KPNV denies all of the allegations.

160.    To the extent that the allegations in Paragraph 160 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 160 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

1   on that basis, denies them.  To the extent that the allegations in Paragraph 160 relate to KPNV,

2   KPNV denies all of the allegations.

3       161.   KPNV avers that the use of the term **"Philips"** renders the Complaint indefinite

4   and uncertain as to KPNV.  To the extent that the allegations in Paragraph 161 state legal

5   contentions, no response is required.  To the extent that the allegations in Paragraph 161 relate to

6   other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their

7   truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 161 relate to

8   KPNV, KPNV denies all of the allegations.

9       162.   To the extent that the allegations in Paragraph 162 state legal contentions, no

10  response is required.  To the extent that the allegations in Paragraph 162 relate to other

11  defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

12  on that basis, denies them.  To the extent that the allegations in Paragraph 162 relate to KPNV,

13  KPNV denies all of the allegations.

14      163.   To the extent that the allegations in Paragraph 163 state legal contentions, no

15  response is required.  To the extent that the allegations in Paragraph 163 relate to other

16  defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

17  on that basis, denies them.  To the extent that the allegations in Paragraph 163 relate to KPNV,

18  KPNV denies all of the allegations.

19      164.   To the extent that the allegations in Paragraph 164 state legal contentions, no

20  response is required.  To the extent that the allegations in Paragraph 164 relate to other

21  defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

22  on that basis, denies them.  To the extent that the allegations in Paragraph 164 relate to KPNV,

23  KPNV denies all of the allegations.

24      165.   To the extent that the allegations in Paragraph 165 state legal contentions, no

25  response is required.  To the extent that the allegations in Paragraph 165 relate to other

26  defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

27

28

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP
ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

1   on that basis, denies them.  To the extent that the allegations in Paragraph 165 relate to KPNV,

2   KPNV denies all of the allegations.

3        166.   To the extent that the allegations in Paragraph 166 state legal contentions, no

4   response is required.   To the extent that the allegations in Paragraph 166 relate to other

5   defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

6   on that basis, denies them.  To the extent that the allegations in Paragraph 166 relate to KPNV,

7   KPNV denies all of the allegations.

8        167.   To the extent that the allegations in Paragraph 167 state legal contentions, no

9   response is required.   To the extent that the allegations in Paragraph 167 relate to other

10  defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

11  on that basis, denies them.  To the extent that the allegations in Paragraph 167 relate to KPNV,

12  KPNV denies all of the allegations.

13       168.   To the extent that the allegations in Paragraph 168 state legal contentions, no

14  response is required.   To the extent that the allegations in Paragraph 168 relate to other

15  defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

16  on that basis, denies them.  To the extent that the allegations in Paragraph 168 relate to KPNV,

17  KPNV denies all of the allegations.

18       169.   To the extent that the allegations in Paragraph 169 state legal contentions, no

19  response is required.   To the extent that the allegations in Paragraph 169 relate to other

20  defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

21  on that basis, denies them.  To the extent that the allegations in Paragraph 169 relate to KPNV,

22  KPNV denies all of the allegations.

23       170.   To the extent that the allegations in Paragraph 170 state legal contentions, no

24  response is required.   To the extent that the allegations in Paragraph 170 relate to other

25  defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

26  on that basis, denies them.  To the extent that the allegations in Paragraph 170 relate to KPNV,

27  KPNV denies all of the allegations.

28

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP
ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

171.    To the extent that the allegations in Paragraph 171 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 171 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 171 relate to KPNV, KPNV denies all of the allegations.

172.    To the extent that the allegations in Paragraph 172 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 172 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 172 relate to KPNV, KPNV denies all of the allegations.

173.    To the extent that the allegations in Paragraph 173 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 173 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 173 relate to KPNV, KPNV denies all of the allegations.

174.    To the extent that the allegations in Paragraph 174 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 174 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 174 relate to KPNV, KPNV denies all of the allegations.

175.    To the extent that the allegations in Paragraph 175 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 175 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 175 relate to KPNV, KPNV denies all of the allegations.

176.    To the extent that the allegations in Paragraph 176 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 176 and its

subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 176 and its subparts relate to KPNV, KPNV denies all of the allegations.

177.   To the extent that the allegations in Paragraph 177 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 177 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 177 relate to KPNV, KPNV denies all of the allegations.

178.   To the extent that the allegations in Paragraph 178 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 178 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 178 relate to KPNV, KPNV denies all of the allegations.

179.   To the extent that the allegations in Paragraph 179 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 179 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 179 relate to KPNV, KPNV denies all of the allegations.

180.   To the extent that the allegations in Paragraph 180 state legal contentions, no response is required.   With respect to the third sentence in Paragraph 180, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.   To the extent that the remaining allegations in Paragraph 180 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the remaining allegations in Paragraph 180 relate to KPNV, KPNV denies all of the allegations.

181.   To the extent that the allegations in Paragraph 181 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 181 relate to other

defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 181 relate to KPNV, KPNV denies all of the allegations.

182.    To the extent that the allegations in sentence one of Paragraph 182 are an explanation of terminology, no response is required.  To the extent that the allegations in Paragraph 182 state legal contentions, no response is required.  KPNV, however, avers that Plaintiffs' reference to "a corporate family or companies by a single name in its allegations of participation in the conspiracy" renders the Complaint indefinite and uncertain.  To the extent that the remaining allegations in Paragraph 182 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the remaining allegations in Paragraph 182 relate to KPNV, KPNV denies all of the allegations.

183.    The allegations in Paragraph 183 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 183 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 183 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and, on that basis, denies them.

184.    The allegations in Paragraph 184 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 184 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 184 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 and, on that basis, denies them.

185.    KPNV avers that the use of the term "Philips" renders the Complaint indefinite and uncertain as to KPNV.  The allegations in Paragraph 185 state legal contentions, no response is required.  Additionally, the allegations in Paragraph 185 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 185 relate to

KPNV, KPNV denies them.    KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 and, on that basis, denies them.

186.    The allegations in Paragraph 186 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 186 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 186 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and, on that basis, denies them.

187.    KPNV avers that the use of the term "Philips" renders the Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 187 state legal contentions, no response is required.  To the extent the allegations in Paragraph 187 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent the allegations in Paragraph 187 relate to KPNV, KPNV denies all of the allegations.  KPNV specifically denies that any employee of LP Displays or LG.Philips Displays previously attended any meeting described in this Paragraph on its behalf.

188.    The allegations in Paragraph 188 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 188 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 188 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and, on that basis, denies them.

189.    The allegations in Paragraph 189 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 189 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 189 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and, on that basis, denies them.

190.    The allegations in Paragraph 190 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 190 are not directed at KPNV and, therefore,

no response is required.  To the extent the allegations in Paragraph 190 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and, on that basis, denies them.

191.    The allegations in Paragraph 191 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 191 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 191 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and, on that basis, denies them.

192.    The allegations in Paragraph 192 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 192 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 192 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and, on that basis, denies them.

193.    The allegations in Paragraph 193 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 193 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 193 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 and, on that basis, denies them.

194.    KPNV avers that the use of the term "Philips" renders the Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 194 state legal contentions, no response is required.   KPNV denies that it participated in, engaged in or was represented at any "bilateral" or "group meetings" at which agreements were reached on prices and supply levels for CRTs.  KPNV denies that it participated in any such "bilateral" or "group meetings" after 2001 "through" LG.Philips Displays.  To the extent that the allegations in Paragraph 194 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  In all other respects, KPNV denies the allegations in Paragraph 194.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

195.    To the extent that the allegations in Paragraph 195 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 195 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 195 relate to KPNV, KPNV denies them.

196.    The allegations in Paragraph 196 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 196 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 196 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 and, on that basis, denies them.

197.    The allegations in Paragraph 197 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 197 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 197 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 and, on that basis, denies them.

198.    The allegations in Paragraph 198 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 198 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 198 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and, on that basis, denies them.

199.    The allegations in Paragraph 199 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 199 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 199 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 and, on that basis, denies them.

200.    The allegations in Paragraph 200 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 200 are not directed at KPNV and, therefore,

no response is required.  To the extent the allegations in Paragraph 200 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 and, on that basis, denies them.

201.    The allegations in Paragraph 201 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 201 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 201 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 and, on that basis, denies them.

202.    The allegations in Paragraph 202 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 202 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 202 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 and, on that basis, denies them.  .

203.    The allegations in Paragraph 203 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 203 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 203 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and, on that basis, denies them.

204.    The allegations in Paragraph 204 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 204 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 204 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 and, on that basis, denies them.

205.    The allegations in Paragraph 205 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 205 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 205 relate to KPNV,

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 and, on that basis, denies them.

206.    The allegations in Paragraph 206 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 206 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 206 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 and, on that basis, denies them.

207.    The allegations in Paragraph 207 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 207 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 207 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 and, on that basis, denies them.

208.    The allegations in Paragraph 208 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 208 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 208 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 and, on that basis, denies them.

209.    The allegations in Paragraph 209 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 209 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 209 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and, on that basis, denies them.

210.    The allegations in Paragraph 210 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 210 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 210 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 and, on that basis, denies them.  .

211.    To the extent that the allegations in Paragraph 211 state legal contentions, no response is required.  KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 and, on that basis, denies them.

212.    The allegations in Paragraph 212 are vague and ambiguous, as they do not identify any underlying product or service and, on that basis, KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 and, on that basis, denies them.  To the extent that the allegations contained in Paragraph 212 are derived from an analyst report, that report speaks for itself and no response is required.

213.    To the extent that the allegations in Paragraph 213 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 213 are derived from analyst reports, those reports speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 and, on that basis, denies them.

214.    To the extent the allegations of Paragraph 214 state legal contentions, no response is required.  To the extent that the allegations in the third sentence of Paragraph 214 are derived from or purport to quote published statements made by the President of Skyworth Macao Commercial Offshore Co., Ltd., those published statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 214 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 214 relate to KPNV, KPNV denies all of the allegations.

215.    The allegation in the first sentence of Paragraph 215 is a legal contention to which no response is required.  With regard to the allegations in the second sentence, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.   KPNV denies any remaining allegations contained in Paragraph 215.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP
ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

1

2

3

4

216.    To the extent that the allegations in the first sentence of Paragraph 216 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required. KPNV lacks the knowledge to form a belief as to the truth of the allegation in the second sentence of Paragraph 216 and, on that basis, denies them.

5

6

7

8

9

10

11

217.    With regard to the first and second sentences of Paragraph 217, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  The third sentence of Paragraph 217 states legal contentions to which no response is required.   To the extent that the allegations in Paragraph 217 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 217 relate to KPNV, KPNV denies all of the allegations.

12

13

14

15

16

218.    To the extent that the allegations in Paragraph 218 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.   KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 and, on that basis, denies them.  To the extent that the allegations in Paragraph 218 relate to KPNV, KPNV denies all of the allegations.

17

18

19

20

219.    To the extent the allegations in Paragraph 219 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 and, on that basis, denies them.

21

22

23

24

25

26

220.    To the extent that the allegations in Paragraph 220 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 220 are derived from or purport to quote published statements, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 220 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV otherwise denies all of the allegations in Paragraph 220.

27

28

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

221.    The allegations in Paragraph 221 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 221 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 221 relate to KPNV, KPNV denies all of the allegations.

222.    The allegations in Paragraph 222 are legal contentions to which no response is required.   To the extent that the allegations in Paragraph 222 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 222 relate to KPNV, KPNV denies all of the allegations.

223.    The allegations in Paragraph 223 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223 and, on that basis, denies them.

224.    The allegations in Paragraph 224 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 and, on that basis, denies them.

225.    The allegations in Paragraph 225 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 and, on that basis, denies them.

226.    The allegations in Paragraph 226 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 and, on that basis, denies them.

227.    The allegations in Paragraph 227 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227 and, on that basis, denies them.

228.    To the extent the allegations of Paragraph 228 and its subparts state legal contentions, no response is required.  To the extent a response is required, KPNV denies each and every allegation in Paragraph 228, including its subparts.

## VIII.   ALLEGATIONS CONCERNING PLAINTIFFS' INJURIES

229.    The allegations in Paragraph 229 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 229 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 229 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 229 relate to KPNV, KPNV denies them.  KPNV denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Complaint.

230.    The allegations in Paragraph 230 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 230 relate to KPNV, KPNV denies them.

231.    The allegations in Paragraph 231 state legal contentions, for which no response is required.   KPNV admits that the allegations in Paragraph 231 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

232.    The allegations in Paragraph 232 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 232 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 232 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 232 relate to KPNV, KPNV denies them.

233.     The allegations in Paragraph 233 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 233 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 233 relate to KPNV, KPNV denies them.

## IX.     ALLEGATIONS CONCERNING TOLLING

234.     The allegations in Paragraph 234 state legal contentions to which no response is required.

235.     The allegations in Paragraph 235 state legal contentions to which no response is required. To the extent the allegations in Paragraph 235 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required. To the extent the allegations in Paragraph 235 require a response, KPNV denies them.

## X.     ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT

236.     To the extent that the allegations in Paragraph 236 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 236 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 236 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 236 relate to KPNV, KPNV denies all of the allegations.

237.     To the extent that the allegations in Paragraph 237 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 237 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 237 relate to KPNV, KPNV denies all of the allegations.

238.     To the extent that the allegations in Paragraph 238 state legal contentions, no response is required.   KPNV otherwise denies all of the allegations in Paragraph 238.

239.    To the extent that the allegations in Paragraph 239 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 239 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 239 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 239 relate to KPNV, KPNV denies all of the allegations.

240.    To the extent that the allegations in Paragraph 240 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 240 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 240 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 240 relate to KPNV, KPNV denies all of the allegations.

241.    To the extent that the allegations in Paragraph 241 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 241 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 241 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 241 relate to KPNV, KPNV denies all of the allegations.

242.    With regard to the first and second sentences of Paragraph 242, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.  The allegations in the third sentence of Paragraph 242 state legal contentions, for which no response is required.  To the extent a response is required and the allegations in the third sentence relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a

response is required and the allegations in the third sentence in Paragraph 242 relate to KPNV, KPNV denies all of the allegations.

243.   With regard to the first and second sentences of Paragraph 243, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.  The allegations in the second and third sentences of Paragraph 243 state legal contentions, for which no response is required.  To the extent that the third sentence of Paragraph 243 requires a response, KPNV denies all of the allegations.

244.   KPNV avers that the use of the term **"Philips"** in Paragraph 244 renders the allegations indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 244 are derived from or purport to quote published statements made by a Deputy General Manager for an LG Electronics distributor, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 244 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 244 relate to KPNV, KPNV denies all of the allegations.

245.   The allegations in Paragraph 245 are not directed at KPNV and, therefore, no response is required.  To the extent that a response is required and the allegations relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245 and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 245 relate to KPNV, KPNV denies all of the allegations.

246.   To the extent that the allegations in Paragraph 246 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 246 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 246 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 246 relate to KPNV, KPNV denies all of the allegations.

247.    The allegations in Paragraph 247 state legal contentions to which no response is required. To the extent the allegations in Paragraph 247 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required. To the extent the allegations in Paragraph 247 require a response, KPNV denies them.

## XI.    ALLEGATIONS CONCERNING CLAIM FOR VIOLATIONS

248.    KPNV repeats and incorporates by reference its responses to Paragraph 1 through 247 of the Complaint with the same force and effect as if set forth herein at length.

249.    The allegations in Paragraph 249 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 249 require a response, KPNV denies all allegations.

250.    The allegations in Paragraph 250 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 250 require a response, KPNV denies all allegations.

251.    The allegations in Paragraph 251 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 251 require a response, KPNV denies each and every allegation.

252.    The allegations in Paragraph 252 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 252 require a response, KPNV denies each and every allegation.

253.    The allegations in Paragraph 253 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that the allegations in Paragraph 253 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 253 and its subparts relate to KPNV, KPNV denies all of the allegations.

254.    The allegations in Paragraph 254 constitute legal contentions and/or conclusions to which no response is required.  To the extent that the allegations in Paragraph 254 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

on that basis, denies them.  To the extent that the allegations in Paragraph 254 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 254 relate to KPNV, KPNV denies all of the allegations.

255.    KPNV repeats and incorporates by reference its responses to Paragraph 1 through 254 of the Complaint with the same force and effect as if set forth herein at length.

256.    To the extent that the allegations in Paragraph 256 state legal contentions, no response is required.  To the extent the allegations in Paragraph 256 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required. To the extent that the allegations in Paragraph 256 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 256 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 256 relate to KPNV, KPNV denies all of the allegations.  In particular, KPNV denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Complaint.

257.    To the extent that the allegations in Paragraph 257 state legal contentions, no response is required.  To the extent the allegations in Paragraph 257 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required. To the extent that the allegations in Paragraph 257 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 257 relate to KPNV, KPNV denies them.  In particular, KPNV denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Complaint, and further denies that

MDL 1917

Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Complaint.

258. To the extent that the allegations in Paragraph 258 state legal contentions, no response is required. To the extent the allegations in Paragraph 258 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required. To the extent that the allegations in Paragraph 258 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 258 relate to KPNV, KPNV denies them.

259. The allegations in Paragraph 259 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 259 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required. To the extent that a response is required and the allegations in Paragraph 259 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 259 relate to KPNV, KPNV denies all of the allegations.

260. The allegations in Paragraph 260 constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 260 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required. To the extent that a response is required and the allegations in Paragraph 260 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 260 relate to KPNV, KPNV denies all of the allegations.

261. To the extent that the allegations in Paragraph 261 and its subparts state legal contentions, no response is required. To the extent the allegations in Paragraph 261 relate to any

of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required. To the extent that the allegations in Paragraph 261 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 261 and its subparts relate to KPNV, KPNV denies them.

262.    To the extent that the allegations in Paragraph 262 and its subparts state legal contentions, no response is required.  To the extent the allegations in Paragraph 262 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required. To the extent that the allegations in Paragraph 262 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 262 and its subparts relate to KPNV, KPNV denies them.

263.    The allegations in Paragraph 263 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 263 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required. To the extent that a response is required and the allegations in Paragraph 263 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 263 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 263 relate to KPNV, KPNV denies all of the allegations.

264.    The allegations in Paragraph 264 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 264 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required. To the extent that a response is required and the allegations in Paragraph 264 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a

belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 264 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 264 relate to KPNV, KPNV denies all of the allegations.  In particular, KPNV denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Complaint.

265.    KPNV repeats and incorporates by reference its responses to Paragraph 1 through 264 of the Second Complaint with the same force and effect as if set forth herein at length.

266.    To the extent that the allegations in Paragraph 266 state legal contentions, no response is required.  To the extent the allegations in Paragraph 266 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required. To the extent that the allegations in Paragraph 266 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 266 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 266 relate to KPNV, KPNV denies all of the allegations.  In particular, KPNV denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Complaint.

267.    The allegations in Paragraph 267 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations in Paragraph 267 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required. To the extent that a response is required and the allegations in Paragraph 267 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

them.  To the extent that a response is required and the allegations in Paragraph 267 relate to KPNV, KPNV denies all of the allegations.

268.    The allegations in Paragraph 268 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations in Paragraph 268 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.  To the extent that a response is required and the allegations in Paragraph 268 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 268 relate to KPNV, KPNV denies all of the allegations.

269.    The allegations in Paragraph 269 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations in Paragraph 269 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.To the extent that a response is required and the allegations in Paragraph 269 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 269 relate to KPNV, KPNV denies all of the allegations.

270.    The allegations in Paragraph 270 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations in Paragraph 270 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.  To the extent that a response is required and the allegations in Paragraph 270 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 270 relate to KPNV, KPNV denies all of the allegations.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

271.    The allegations in Paragraph 271 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations in Paragraph 271 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.  To the extent that a response is required and the allegations in Paragraph 271 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 271 relate to KPNV, KPNV denies all of the allegations.

272.    The allegations in Paragraph 272 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations in Paragraph 272 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.  To the extent that a response is required and the allegations in Paragraph 272 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 272 relate to KPNV, KPNV denies all of the allegations.

273.    The allegations in Paragraph 273 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations in Paragraph 273 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.  To the extent that a response is required and the allegations in Paragraph 273 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 273 relate to KPNV, KPNV denies all of the allegations.

274.    KPNV repeats and incorporates by reference its responses to Paragraph 1 through 273 of the Complaint with the same force and effect as if set forth herein at length.

275.     To the extent the allegations in Paragraph 275 constitute legal contentions and/or conclusions, no response is required.  To the extent the allegations in Paragraph 275 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 275 and, on that basis, denies them

276.     The allegations in Paragraph 276 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 276 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 276 relate to KPNV, KPNV denies all of the allegations.

277.     The allegations in Paragraph 277 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 277 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 277 relate to KPNV, KPNV denies all of the allegations.

278.     The allegations in Paragraph 278 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 278 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 278 relate to KPNV, KPNV denies all of the allegations.

279.     The allegations in Paragraph 279 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 279 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 279 relate to KPNV, KPNV denies all of the allegations.

280.     The allegations in Paragraph 280 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in

Paragraph 280 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 280 relate to KPNV, KPNV denies all of the allegations.

281 - 287.  KPNV repeats and incorporates by reference its responses to Paragraph 1 through 280 of the Complaint with the same force and effect as if set forth herein at length.  The allegations in Paragraphs 281 through 287 relate to some of  Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433) and, therefore, require no response.

288 - 294.  KPNV repeats and incorporates by reference its responses to Paragraph 1 through 287 of the Complaint with the same force and effect as if set forth herein at length.  The allegations in Paragraphs 288 through 294 relate to some of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433) and, therefore, require no response.

295 - 300.  KPNV repeats and incorporates by reference its responses to Paragraph 1 through 294 of the Complaint with the same force and effect as if set forth herein at length.  The allegations in Paragraphs 295 through 300 relate to some of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433) and, therefore, require no response.

## XII.    ALLEGATIONS CONCERNING DAMAGES

301.  The allegations in Paragraph 301 constitute legal contentions and/or conclusions to which no response is required.  To the extent that the allegations in Paragraph 301 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 301 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 301 relate to KPNV, KPNV denies all of the allegations.

### XIII.   ALLEGATIONS CONCERNING PRAYER FOR RELIEF

With respect to Plaintiffs' allegations concerning prayer for relief, KPNV denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Complaint. All allegations of the Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.  To the extent that Plaintiffs' prayer for relief relates to their state law claims which  were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

### XIV.   ALLEGATION CONCERNING JURY TRIAL DEMAND

To the extent any response is required to Plaintiffs' Jury Trial Demand, KPNV admits that Plaintiffs purports to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

### AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, KPNV asserts the following additional and/or affirmative defenses to Plaintiffs' Complaint:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint, and each of its claims for relief, fails to state sufficient facts upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

The conduct alleged to provide a basis for the claims of Plaintiffs did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States. The Court, therefore, lacks subject matter jurisdiction of the claims of Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that

they are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## FOURTH AFFIRMATIVE DEFENSE

### (Vagueness of Claims)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because its claims are ambiguous and/or unintelligible.  KPNV avers that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit KPNV to ascertain what other defenses may exist.  KPNV therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Plead Conspiracy with Particularity)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitation)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unilateral Action)

Plaintiffs' claims are barred, in whole or in part, because the actions or practices of KPNV that are the subject of the Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of KPNV's independent interests, and were not the product of any contract, combination or conspiracy between KPNV and any other person or entity.

## EIGHTH AFFIRMATIVE DEFENSE

### (Rule of Reason)

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of KPNV

that are the subject of the Complaint were adopted in furtherance of legitimate business interests of KPNV and do not unreasonable restrain competition.

### NINTH AFFIRMATIVE DEFENSE

**(Competition)**

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of KPNV that are the subject of the Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

### TENTH AFFIRMATIVE DEFENSE

**(Non-actionable or Governmental Privilege)**

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of KPNV that is the subject of the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

### ELEVENTH AFFIRMATIVE DEFENSE

**(No Act of KPNV)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have not been injured in its business or property by reason of any action of KPNV.

### TWELFTH AFFIRMATIVE DEFENSE

**(Intervening Conduct)**

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of KPNV and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(*Ultra Vires*)**

To the extent that any actionable conduct occurred, Plaintiffs' claims against KPNV are

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

barred because all such conduct would have been committed by individuals acting *ultra vires*.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Damages Passed On)

Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint, which KPNV specifically denies, was passed on to persons or entities other than Plaintiffs and/or was passed on by Plaintiffs to other parties.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Withdrawal)

To the extent that any actionable conduct occurred for which KPNV is liable, some or all of Plaintiffs' claims against KPNV are barred because KPNV withdrew from and/or abandoned any alleged conspiracy prior to the commencement of the limitations period set forth in applicable statutes of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs failed to take all necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Unjust Enrichment)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs would be unjustly enriched if it was allowed to recover any part of the damages alleged in the Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Set Off)

Without admitting that Plaintiffs are entitled to recover damages in this matter, KPNV is entitled to set off from any recovery Plaintiffs may obtain against KPNV any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP
ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

## NINETEENTH AFFIRMATIVE DEFENSE

### (Legal Acts)

Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiffs' acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to KPNV.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (*Forum Non Conveniens*)

The Complaint should be dismissed on the grounds of *forum non conveniens*.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

### (Improper Forum/Arbitration)

3    Plaintiffs' claims against KPNV are barred to the extent that Plaintiffs have agreed to

4    arbitration or chosen a different forum for the resolution of its claims.

5

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

6

### (Adequate Remedy at Law)

7    Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs have

8    available an adequate remedy at law.

9

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

10

### (Failure to Join Indispensable Parties)

11    Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

12    part, for failure to join indispensable parties.

13

## TWENTY-NINTH AFFIRMATIVE DEFENSE

14

### (Due Process)

15    Plaintiffs' claims are barred, in whole or in part, to the extent it seeks an improper

16    multiple punitive award for a single wrong because such an award would violate KPNV's rights

17    guaranteed by the Due Process clause of the Fifth Amendment of the United States Constitution.

18

## THIRTIETH AFFIRMATIVE DEFENSE

19

### (Due Process)

20    Plaintiffs' claims are barred, in whole or in part, to the extent it seeks an improper

21    multiple punitive award for a single wrong because such an award would violate KPNV's rights

22    guaranteed by the Due Process provision of the Fourteenth Amendment of the United States

23    Constitution.

24

## THIRTY-FIRST AFFIRMATIVE DEFENSE

25

### (Equal Protection)

26    Plaintiffs' claims are barred, in whole or in part, to the extent it seeks an improper

27    multiple punitive award for a single wrong because such an award would violate KPNV's rights

28

guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States Constitution.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Double Jeopardy)

Plaintiffs' claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Excessive Fines)

Plaintiffs' claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Excessive Fines provision of the Eighth Amendment of the United States Constitution.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Unconstitutional Multiplicity)

To the extent any recovery by Plaintiffs would be duplicative of recovery by other Plaintiffs and other lawsuits, subjecting KPNV to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (Foreign Sales)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover damages, if any, based on sales outside of the United States.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### (Comparative Fault)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which KPNV

1  specifically denies, were directly and proximately caused or contributed to by the statements,

2  acts, and/or omissions of Plaintiffs and/or third parties or entities, other than KPNV.

3  **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

4  **(Failure To Plead Damages With Specificity)**

5  Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to

6  plead damages with specificity as required by the federal laws cited.

7  **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

8  **(Injury or Damages Offset by Benefits Received)**

9  Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

10  part, because any claimed injury or damage has been offset by benefits Plaintiffs received with

11  respect to the challenged conduct.

12  **THIRTY-NINTH AFFIRMATIVE DEFENSE**

13  **(Proportionality)**

14  To the extent KPNV is found liable for damages, the fact and extent of which are

15  expressly denied by KPNV, those damages must be reduced in proportion to KPNV's degree of

16  fault.

17  **FORTIETH AFFIRMATIVE DEFENSE**

18  **(Release)**

19  The claims of one or more of the persons or entities Plaintiffs purport to represent are

20  barred because they have been released.

21  **FORTY-FIRST AFFIRMATIVE DEFENSE**

22  **(No 'Full Consideration' Damages)**

23  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to "full

24  consideration" damages.

25

26

27

28

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP
ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Other Defenses Incorporated by Reference)

KPNV adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that KPNV may share in such affirmative defenses.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

KPNV  has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. KPNV further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.


**WHEREFORE**, KPNV prays as follows:

1.      That Plaintiffs take nothing by way of the Complaint and the Second Complaint be dismissed with prejudice;

2.      That judgment be entered in favor of KPNV and against Plaintiffs on each and every claim for relief set forth in the Complaint;

3.      That KPNV recover its costs of suit and attorneys' fees incurred herein; and

4.      That KPNV be granted such other and further relief as the Court deems just and proper.


Dated: March 26, 2014                              Respectfully Submitted:


                                                   By: /s/ Jon V. Swenson_____
                                                   Jon V. Swenson (SBN 233054)
                                                   BAKER BOTTS L.L.P.

                                                   *Attorney for Defendant Koninklijke Philips N.V.*

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT