BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile:  (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE No. 13-CV-00157 SI |
| | Master File No. 3:07-cv-05944-SC |
| This Document Relates To Individual Case No. 13-CV-00157 SI | MDL No. 1917 |
| TECH DATA CORPORATION; TECH DATA PRODUCT MANAGEMENT, INC., | **ANSWER OF KONINKLIJKE PHILIPS N.V.  TO TECH DATA CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT** |
| Plaintiffs, | |
| vs. | |
| HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP | |

ELECTRONICS CO., LTD.; IRICO DISPLAY
DEVICES CO., LTD.; LG ELECTRONICS,
INC.; LG ELECTRONICS USA, INC.; LG
ELECTRONICS TAIWAN TAIPEI CO., LTD.;
LP DISPLAYS INTERNATIONAL LTD.;
MITSUBISHI ELECTRIC CORPORATION;
MITSUBISHI DIGITAL ELECTRONICS
AMERICA, INC.; MITSUBISHI ELECTRIC &
ELECTRONICS, USA, INC.; PANASONIC
CORPORATION; PANASONIC
CORPORATION OF NORTH AMERICA; MT
PICTURE DISPLAY CO., LTD.; BEIJING
MATSUSHITA COLOR CRT CO., LTD.;
KONINKLIJKE PHILIPS ELECTRONICS N.V.;
PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION; PHILIPS ELECTRONICS
INDUSTRIES (TAIWAN), LTD.; PHILIPS DA
AMAZONIA INDUSTRIA ELECTRONICA
LTDA.; SAMSUNG SDI CO., LTD.; SAMSUNG
SDI AMERICA, INC.; SAMSUNG SDI
MEXICO S.A. DE C.V.; SAMSUNG SDI
BRASIL LTDA.; SHENZHEN SAMSUNG SDI
CO., LTD.; TIANJIN SAMSUNG SDI CO.,
LTD.; SAMSUNG SDI (MALAYSIA) SDN.
BHD.; SAMTEL COLOR LTD.; THAI CRT CO.,
LTD.; TECHNICOLOR SA; THOMSON SA;
TECHNICOLOR USA, INC.; THOMSON
CONSUMER ELECTRONICS, INC.; TOSHIBA
CORPORATION; TOSHIBA AMERICA, INC.;
TOSHIBA AMERICA CONSUMER
PRODUCTS, LLC; TOSHIBA AMERICA
ELECTRONIC COMPONENTS, INC.;
TOSHIBA AMERICA INFORMATION
SYSTEMS, INC.; CHUNGHWA PICTURE
TUBES, LTD.; CHUNGHWA PICTURE TUBES
(MALAYSIA),

                    Defendants.

Defendant Koninklijke Philips N.V. ("KPNV"), by and through its undersigned counsel of

record, answers Tech Data Corporation's and Tech Data Product Management, Inc.'s

("Plaintiffs") First Amended Complaint (the "Amended Complaint") and alleges additional or

affirmative defenses as follows.  KPNV denies each and every allegation in the Amended

Complaint's section headings asserted herein and in all portions of the Amended Complaint not

2

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

1   contained in numbered paragraphs.  To the extent that the Amended Complaint's allegations

2   concern persons and/or entities other than KPNV, KPNV denies that such allegations support any

3   claim for relief against KPNV.  KPNV denies any allegations not explicitly admitted herein.

4                           **I.      INTRODUCTION[1]**

5          1.      To the extent that the allegations in Paragraph 1 state legal contentions, no

6   response is required.   To the extent that the allegations in Paragraph 1 are definitional, no

7   response is required.  To the extent that the allegations in Paragraph 1 relate to other defendants,

8   KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that

9   basis, denies them.  To the extent that the allegations in Paragraph 1 relate to KPNV, KPNV

10  denies all of the allegations.

11         2.      To the extent that the allegations in Paragraph 2 state legal contentions, no

12  response is required.   To the extent that the allegations in Paragraph 2 are definitional, no

13  response is required.  KPNV avers that the use of the terms "CPTs," "CDTs," "CPT Products,"

14  "CDT Products," and "CRT Products," which improperly conflate numerous distinct and non-

15  substitutable products (of, among other things, various sizes, qualities, uses, technologies, and

16  products at different points in the production chain) together, renders the allegations of the

17  Amended Complaint indefinite and uncertain.  To the extent that the allegations in Paragraph 2

18  relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to

19  their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 2 relate

20  to KPNV, KPNV denies all of the allegations.

21         3.      To the extent that the allegations in Paragraph 3 state legal contentions, no

22  response is required.  To the extent that the allegations in Paragraph 3 relate to other defendants,

23  KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations,

24  and, on that basis, denies them.  To the extent that the allegations in Paragraph 3 relate to KPNV,

25  KPNV denies all of the allegations.

26

27

28
---
[1] For ease of reference, the headings in this Answer correspond to the headings in the Amended Complaint.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

1    4.    To the extent that the allegations in Paragraph 4 state legal contentions, no

2 response is required.  To the extent that the allegations in Paragraph 4 relate to other defendants,

3 KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that

4 basis, denies them.  To the extent the allegations in Paragraph 4 relate to KPNV, KPNV denies all

5 of the allegations.

6    5.    To the extent that the allegations in Paragraph 5 state legal contentions, no

7 response is required.  To the extent that the allegations in Paragraph 5 relate to other defendants,

8 KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that

9 basis, denies them.  To the extent the allegations in Paragraph 5 relate to KPNV, KPNV denies all

10 of the allegations.

11    6.    To the extent that the allegations in Paragraph 6 state legal contentions, no

12 response is required.  To the extent that the allegations in Paragraph 6 relate to other defendants,

13 KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that

14 basis, denies them.  To the extent the allegations in Paragraph 6 relate to KPNV, KPNV denies all

15 of the allegations.

16    7.    To the extent that the allegations in Paragraph 7 state legal contentions, no

17 response is required.  KPNV lacks knowledge or information sufficient to form a belief as to the

18 truth of any remaining allegations in Paragraph 7 and, on that basis, denies them. To the extent

19 the allegations in Paragraph 7 relate to KPNV, KPNV denies all of the allegations.

20    8.    KPNV admits that government authorities in the United States and other countries

21 have commenced investigations of the CRT industry, the details of which are matters of public

22 record and such records speak for themselves.  KPNV admits that an indictment was issued

23 against C.Y. Lin, the details of which are matters of public record and such records speak for

24 themselves.  KPNV admits that other individuals have been indicted by the DOJ, the details of

25 which are matters of public record and such records speak for themselves.

26    9.    To the extent that the allegations in Paragraph 9 state legal contentions, no

27 response is required.  To the extent that the allegations in Paragraph 9 relate to Plaintiffs, KPNV

28 lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

denies them.  To the extent that the allegations in Paragraph 9 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 9 relate to KPNV, KPNV denies all of the allegations.  KPNV denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 9.

10.    To the extent that the allegations in Paragraph 10 refer to public filings and statements by government authorities, those filings and statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 10 purport to quote a press release, that press release speaks for itself and no response is required.  KPNV denies any remaining allegations in Paragraph 10.

## II.    ALLEGATIONS CONCERNING JURISDICTION AND VENUE

11.    The allegations in Paragraph 11 state legal contentions to which no response is required. KPNV admits that Plaintiffs purport to bring this action to obtain injunctive relief under Section 16 of the Clayton Act, and to recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1), but denies that Plaintiffs are entitled to any relief under those statutes.

12.    The allegations in Paragraph 12 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), and, therefore, no response is required.

13.    The allegations in Paragraph 13 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that the allegations in Paragraph 13 require a response, KPNV denies that this district has subject matter jurisdiction based on the conduct of KPNV as alleged in the Amended Complaint. To the extent that the allegations in Paragraph 13 relate to the Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433 ), no response is required.

14.    The allegations in Paragraph 14 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 14 relate to other defendants, KPNV lacks knowledge or information sufficient to form

1    a belief as to their truth and, on that basis, denies them.  To the extent that a response is required

2    and the allegations in Paragraph 14 relate to KPNV, KPNV denies these allegations.

3         15.    The allegations in Paragraph 15 regarding jurisdiction constitute legal contentions

4    to which no response is required.  To the extent that a response is required and the allegations in

5    Paragraph 15 relate to other defendants, KPNV lacks knowledge or information sufficient to form

6    a belief as to their truth and, on that basis, denies them.  To the extent that a response is required

7    and the allegations in Paragraph 15 relate to KPNV, KPNV denies that this district has subject

8    matter jurisdiction based on the conduct of KPNV as alleged in the Amended Complaint.

9         16.    The allegations in Paragraph 16 regarding venue constitute legal contentions to

10   which no response is required.  To the extent that a response is required and the allegations in

11   Paragraph 16 relate to other defendants, KPNV lacks knowledge or information sufficient to form

12   a belief as to their truth and, on that basis, denies them.  To the extent that a response is required

13   and the allegations in Paragraph 16 relate to KPNV, KPNV denies these allegations and denies

14   that venue lies with this district based on the conduct of KPNV as alleged in the Amended

15   Complaint.

16              ### III.  ALLEGATIONS CONCERNING THE PARTIES

17        17.    To the extent that the allegations in Paragraph 17 state legal contentions, no

18   response is required.  To the extent that the allegations in Paragraph 17 relate to Plaintiffs, KPNV

19   lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

20   denies them.

21        18.    To the extent that the allegations in Paragraph 18 state legal contentions, no

22   response is required.  To the extent that the allegations in Paragraph 18 relate to Plaintiffs, KPNV

23   lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

24   denies them.  To the extent that the allegations in Paragraph 18 relate to other defendants, KPNV

25   lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

26   denies them.  To the extent the allegations in Paragraph 18 relate to KPNV, KPNV denies all of

27   the allegations.

28

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

19.     To the extent that the allegations in Paragraph 19 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 19 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 19 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 19 relate to KPNV, KPNV denies all of the allegations.

20.     To the extent that the allegations in Paragraph 20 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 20 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 20 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 20 relate to KPNV, KPNV denies all of the allegations.

21.     To the extent that the allegations in Paragraph 21 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 21 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 21 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 21 relate to KPNV, KPNV denies all of the allegations.

22.     The allegations in Paragraph 22 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies them.

23.     The allegations in Paragraph 23 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies them.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

24.     The allegations in Paragraph 24 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies them.

25.     The allegations in Paragraph 25 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies them.

26.     The allegations in Paragraph 26 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies them.

27.     The allegations in Paragraph 27 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, on that basis, denies them.

28.     The allegations in Paragraph 28 are an explanation of terminology, for which no response is required.

29.     The allegations in Paragraph 29 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies them.

30.     The allegations in Paragraph 30 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies them.

31.     The allegations in Paragraph 31 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, on that basis, denies them.

32.     The allegations in Paragraph 32 are an explanation of terminology, for which no response is required.

33.      To the extent that the allegations in Paragraph 33 state legal contentions, no response is required.  KPNV admits that in 2001, LG.Philips Displays was formed when LG

Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 CRT joint venture.  The remaining allegations in Paragraph 33 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and, on that basis, denies them.

34.     The allegations in Paragraph 34 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, denies them.

35.     The allegations in Paragraph 35 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, on that basis, denies them.

36.     The allegations in Paragraph 36 are an explanation of terminology, for which no response is required.

37.     To the extent that the allegations in Paragraph 37 state legal contentions, no response is required.  KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  KPNV admits that its shareholdings in the joint venture were relinquished to financial institutions and private equity firms.  To the extent the allegations in Paragraph 37 are not directed at KPNV, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, denies them.  KPNV denies that it exerted control over LG.Philips Displays or over LP Displays International, Ltd.  To the extent that the remaining allegations in Paragraph 37 relate to KPNV, KPNV denies them.

38.     The allegations in Paragraph 38 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, denies them.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

39.     The allegations in Paragraph 39 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies them.

40.     The allegations in Paragraph 40 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, denies them.

41.     The allegations in Paragraph 41 are an explanation of terminology, for which no response is required.

42.     The allegations in Paragraph 42 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, denies them.

43.     The allegations in Paragraph 43 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, denies them.

44.     The allegations in Paragraph 44 are an explanation of terminology, for which no response is required.

45.     The allegations in Paragraph 45 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, denies them.

46.     The allegations in Paragraph 46 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies them.

47.     To the extent that the allegations in Paragraph 47 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 47 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth, and, on that basis, denies them.  KPNV admits that it is a Dutch entity with its principal place of business at Brenner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands, but avers that KPNV legally changed its corporate name to Koninklijke Philips N.V.  KPNV admits that Philips & Co.

10

was founded in 1891 but denies the remaining allegations found in the second and third sentences of Paragraph 47.  KPNV admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.  KPNV admits that in 2005 it wrote off the book value for LG.Philips Displays and announced that KPNV would not inject further capital into LG.Philips Displays, but KPNV denies the remaining allegations found in the fifth sentence of Paragraph 47. KPNV denies that it manufactured, marketed, sold and/or distributed CRT products, either directly or through its subsidiaries or affiliates, throughout the United States.   KPNV denies any remaining allegations in Paragraph 47.

48.    KPNV admits that Philips Electronics North America Corporation ("PENAC") is a Delaware corporation with its principal place of business at 1251 Avenue of the Americas, New York, New York, 10020.  KPNV admits that PENAC is an indirect subsidiary of KPNV.  Owing to the vagueness of "CRT Products," KPNV denies the third sentence of Paragraph 48.  KPNV denies that it dominated or controlled the finances, policies, and affairs of PENAC and any remaining allegations in Paragraph 48.

49.    KPNV admits Philips Electronics Industries (Taiwan), Ltd. is a Taiwanese company with its principal place of business located at 15F 3-1 Yuanqu Street, Nangang District, Taipei, Taiwan but avers that Philips Electronics Industries (Taiwan), Ltd. was merged into Philips Taiwan Ltd.  KPNV admits that Philips Taiwan, Ltd. is an indirect subsidiary of KPNV. Owing to the vagueness of "CRT Products," KPNV denies the third sentence of Paragraph 49. KPNV denies that it dominated or controlled the finances, policies, and affairs of Philips Taiwan, Ltd. and any remaining allegations in Paragraph 49.

50.    KPNV admits that Philips da Amazonia Industria Electronica Ltda. ("Philips da Amazonia") is a Brazilian company with its principal place of business located at Av Torquato Tapajos 2236, 1 andar (parte 1), Flores, Manaus, AM 39048-660, Brazil.  KPNV admits that Philips da Amazonia Industria Electronica Ltda. is an indirect subsidiary of KPNV.  Owing to the vagueness of "CRT Products," KPNV denies the third sentence of Paragraph 50.  KPNV denies

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

that it dominated or controlled the finances, policies and affairs of Philips da Amazonia and any remaining allegations in Paragraph 50.

51.    The allegations in Paragraph 51 are an explanation of terminology, for which no response is required.  KPNV avers, however, that Paragraph 51 renders the Amended Complaint indefinite and uncertain as to KPNV.

52.    The allegations in Paragraph 52 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies them.

53.    The allegations in Paragraph 53 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies them.

54.    The allegations in Paragraph 54 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies them.

55.    The allegations in Paragraph 55 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, denies them.

56.    The allegations in Paragraph 56 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, on that basis, denies them.

57.    The allegations in Paragraph 57 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, on that basis, denies them.

58.    The allegations in Paragraph 58 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, denies them.

59.    The allegations in Paragraph 59 are an explanation of terminology, for which no response is required.

MDL 1917

60.     The allegations in Paragraph 60 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, denies them.

61.     The allegations in Paragraph 61 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies them.

62.     The allegations in Paragraph 62 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, on that basis, denies them.

63.     The allegations in Paragraph 63 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, on that basis, denies them.

64.     The allegations in Paragraph 64 are an explanation of terminology, for which no response is required.

65.     The allegations in Paragraph 65 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, on that basis, denies them.

66.     The allegations in Paragraph 66 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, on that basis, denies them.

67.     The allegations in Paragraph 67 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, on that basis, denies them.

68.     The allegations in Paragraph 68 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies them.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

69.     The allegations in Paragraph 69 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies them.

70.     The allegations in Paragraph 70 are an explanation of terminology, for which no response is required.

71.     The allegations in Paragraph 71 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, on that basis, denies them.

72.     The allegations in Paragraph 72 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, on that basis, denies them.

## IV.     ALLEGATIONS CONCERNING AGENTS AND CO-CONSPIRATORS

73.     The allegations of Paragraph 73 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 73 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 73 relate to KPNV, KPNV denies all of the allegations.

74.     The allegations in Paragraph 74 are ambiguous and/or unintelligible. To the extent that the allegations in Paragraph 74 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 74 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 74 relate to KPNV, KPNV denies all of the allegations.

75.     The allegations in Paragraph 75 are not directed at KPNV and, therefore, no response is required.  The allegations in Paragraph 75 also state legal contentions, for which no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, on that basis, denies them.  To the extent a

1  response is required and the allegations in Paragraph 75 relate to KPNV, KPNV denies all of the

2  allegations.

3      76.     The allegations in Paragraph 76 are not directed at KPNV and, therefore, no

4  response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief

5  as to the truth of the allegations in Paragraph 76 and, on that basis, denies them.

6      77.     The allegations in Paragraph 77 are an explanation of terminology, for which no

7  response is required.

8      78.     The allegations in Paragraph 78 are not directed at KPNV and, therefore, no

9  response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief

10  as to the truth of the allegations in Paragraph 78 and, on that basis, denies them.

11      79.     The allegations in Paragraph 79 are not directed at KPNV and, therefore, no

12  response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief

13  as to the truth of the allegations in Paragraph 79 and, on that basis, denies them.

14      80.     The allegations in Paragraph 80 are not directed at KPNV and, therefore, no

15  response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief

16  as to the truth of the allegations in Paragraph 80 and, on that basis, denies them.

17      81.     The allegations in Paragraph 81 are not directed at KPNV and, therefore, no

18  response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief

19  as to the truth of the allegations in Paragraph 81 and, on that basis, denies them.

20      82.     The allegations in Paragraph 82 are not directed at KPNV and, therefore, no

21  response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief

22  as to the truth of the allegations in Paragraph 82 and, on that basis, denies them.

23      83.     The allegations of Paragraph 83 state legal contentions to which no response is

24  required. To the extent a response is required and the allegations in Paragraph 83 relate to other

25  defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

26  on that basis, denies them. To the extent a response is required and the allegations in Paragraph

27  83 relate to KPNV, KPNV denies all of the allegations.

28

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

## V.     ALLEGATIONS CONCERNING TRADE AND COMMERCE

84.     The allegations in Paragraph 84 regarding "continuous and uninterrupted flow of interstate commerce and foreign commerce" are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 84 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 84 require a response, KPNV denies all of the allegations.

85.     The allegations in Paragraph 85 state legal contentions to which no response is required.  To the extent a response is required and the allegations relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85, and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph  85 relate to KPNV, KPNV denies them.

86.     The allegations in Paragraph 86 state legal contentions to which no response is required.  To the extent a response is required and the allegations relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86, and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 86 relate to KPNV, KPNV denies them.

## VI.    ALLEGATIONS CONCERNING FACTUAL ALLEGATIONS

87.     KPNV admits that the allegations in Paragraph 87 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

88.     KPNV admits that the allegations in Paragraph 88 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

89.     KPNV admits that the allegations in Paragraph 89 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

90.     KPNV admits that the allegations in Paragraph 90 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

91.     KPNV admits that the allegations in Paragraph 91 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

92.     KPNV admits that the allegations in Paragraph 92 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

93.     KPNV admits that the allegations in Paragraph 93 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

94.     To the extent that the allegations in Paragraph 94 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 94 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 94 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 94 relate to KPNV, KPNV denies all of the allegations.  In particular, KPNV denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 94.

95.     To the extent that the allegations in Paragraph 95 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 95 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent that the allegations in Paragraph 95 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent that the allegations in Paragraph 95 relate to KPNV, KPNV denies all of the allegations.

96.     To the extent that the allegations in Paragraph 96 state legal contentions, no response is required.  KPNV denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 96.

97.     The allegations in Paragraph 97 are legal contentions to which no response is required.  To the extent that a response is required, KPNV denies every allegation in Paragraph 97.

98.     The allegations in Paragraph 98 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 98 relate to other

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

1   defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

2   on that basis, denies them.  To the extent a response is required and the allegations in Paragraph

3   98 relate to KPNV, KPNV denies all allegations.

4      99. To the extent that the allegations in Paragraph 99 state legal contentions, no

5   response is required.  To the extent that the other allegations in Paragraph 99 relate to other

6   defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

7   on that basis, denies them.  To the extent that the allegations in Paragraph 99 relate to KPNV,

8   KPNV denies all of the allegations.

9      100. The allegations in Paragraph 100 state legal contentions to which no response is

10  required.  Additionally, the allegations in Paragraph 100 are not directed at KPNV, and, therefore,

11  no response is required.  To the extent that a response is required, KPNV lacks knowledge or

12  information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and, on

13  that basis, denies them.

14     101. KPNV avers that the use of the term "Philips" renders the Amended Complaint

15  indefinite and uncertain as to KPNV.  The allegations in Paragraph 101 are legal contentions to

16  which no response is required.  To the extent that a response is required, KPNV admits that in

17  2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT

18  business and KPNV transferred its entire CRT business into the 50/50 joint venture.  To the

19  extent that the allegations in Paragraph 101 relate to other defendants, KPNV lacks knowledge or

20  information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV

21  denies any remaining allegations in Paragraph 101.

22     102. The allegations in Paragraph 102 are legal contentions to which no response is

23  required.  To the extent a response is required, KPNV denies the allegations in Paragraph 102.

24     103. KPNV avers that the use of the term "Philips" renders the Amended Complaint

25  indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 103 and its

26  subparts state legal contentions, no response is required.  KPNV admits that in 2001, LG.Philips

27  Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV

28  transferred its entire CRT business into the 50/50 joint venture.  KPNV admits that LG.Philips

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

LCD Co., Ltd. was formed in 1999.  KPNV denies that it was supplied "CRTs" from Samtel.  To the extent that the remaining allegations in Paragraph 103 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 103 and its subparts relate to KPNV, KPNV denies them.

104.    The allegations in Paragraph 104 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 104 require a response, KPNV denies all of the allegations.

105.    The allegations in Paragraph 105 are legal contentions to which no response is required.  To the extent a response is required and that the allegations in Paragraph 105 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 105 require a response, KPNV denies all of the allegations.

106.    The allegations in Paragraph 106 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 106 require a response, KPNV denies all of the allegations.

107.    The allegation in the second sentence of Paragraph 107 is a legal contention to which no response is required.  KPNV otherwise lacks knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 107 and, on that basis, denies them.

108.    The allegation in the second sentence of Paragraph 108 is a legal contention to which no response is required.  KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in the first and third sentences of Paragraph 108 and, on that basis, denies them.  To the extent a response is required and the remaining allegations in Paragraph 108 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the remaining allegations in Paragraph 108 relate to KPNV, KPNV denies all of the allegations.

109.    The allegations in Paragraph 109 are legal contentions to which no response is required.  To the extent a response is required and the allegations relate to other defendants, KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 109 and, on that basis, denies them.  To the extent a response is required and the allegations relate to KPNV, KPNV denies all of the allegations in Paragraph 109.

110.    The allegations in Paragraph 110 are legal contentions to which no response is required.  To the extent a response is required, KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 110 and, on that basis, denies them.

111.    The allegations in Paragraph 111 are legal contentions to which no response is required.  To the extent a response is required, KPNV lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 111 and, on that basis, denies them.

112.    The allegations in Paragraph 112 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 112 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 112 relate to KPNV, KPNV denies all of the allegations.

113.    The allegations in Paragraph 113 are legal contentions to which no response is required.  To the extent a response is required, KPNV denies all of the allegations in Paragraph 113.

114.    To the extent that the allegations in Paragraph 114 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 114 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 114 relate to KPNV, KPNV denies all of the allegations.

115.    The allegations in Paragraph 115 are not directed at KPNV and, therefore, no response is required.  To the extent a response is required, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and, on that basis, denies them.

116.    To the extent that the allegations in Paragraph 116 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 116 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 116 relate to KPNV, KPNV denies all of the allegations.

117.    KPNV avers that the use of the term "Philips" renders the Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 117 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 117 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 117 relate to KPNV, KPNV denies them.

118.    The allegations in Paragraph 118 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and, on that basis, denies them.

119.    To the extent that the allegations in Paragraph 119 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 119 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 107 relate to KPNV, KPNV denies them.

120.    The allegations in Paragraph 120 state legal contentions to which no response is required.   To the extent a response is required, KPNV denies each and every allegation of Paragraph 120.

121.    To the extent that the allegations in Paragraph 121 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 121 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 121 relate to KPNV, KPNV denies all of the allegations.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

122.    To the extent that the allegations in Paragraph 122 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 122 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 122 relate to KPNV, KPNV denies all of the allegations.

123.    To the extent that the allegations in Paragraph 123 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 123 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 123 relate to KPNV, KPNV denies all of the allegations.

124.    To the extent that the allegations in Paragraph 124 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 124 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 124 relate to KPNV, KPNV denies all of the allegations.

125.    To the extent that the allegations in Paragraph 125 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 125 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 125 relate to KPNV, KPNV denies all of the allegations.

126.    KPNV avers that the use of the term "Philips" renders the Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 126 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 126 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 126 relate to KPNV, KPNV denies all of the allegations.

127.    To the extent that the allegations in Paragraph 127 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 127 relate to other

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

1    defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

2    on that basis, denies them.  To the extent that the allegations in Paragraph 127 relate to KPNV,

3    KPNV denies all of the allegations.

4         128.    To the extent that the allegations in Paragraph 128 state legal contentions, no

5    response is required.    To the extent that the allegations in Paragraph 128 relate to other

6    defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

7    on that basis, denies them.  To the extent that the allegations in Paragraph 128 relate to KPNV,

8    KPNV denies all of the allegations.

9         129.    To the extent that the allegations in Paragraph 129 state legal contentions, no

10   response is required.    To the extent that the allegations in Paragraph 129 relate to other

11   defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

12   on that basis, denies them.  To the extent that the allegations in Paragraph 129 relate to KPNV,

13   KPNV denies all of the allegations.

14        130.    To the extent that the allegations in Paragraph 130 state legal contentions, no

15   response is required.    To the extent that the allegations in Paragraph 130 relate to other

16   defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

17   on that basis, denies them.  To the extent that the allegations in Paragraph 130 relate to KPNV,

18   KPNV denies all of the allegations.

19        131.    The allegations in Paragraph 131 state legal contentions to which no response is

20   required.  To the extent that a response is required and the allegations in Paragraph 131 relate to

21   other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their

22   truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 131 relate to

23   KPNV, KPNV denies all of the allegations.

24        132.    To the extent that the allegations in Paragraph 132 state legal contentions, no

25   response is required.    To the extent that the allegations in Paragraph 132 relate to other

26   defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

27   on that basis, denies them.  To the extent that the allegations in Paragraph 132 relate to KPNV,

28   KPNV denies all of the allegations.

133.    To the extent that the allegations in Paragraph 133 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 133 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 133 and its subparts relate to KPNV, KPNV denies all of the allegations.

134.    To the extent that the allegations in Paragraph 134 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 134 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 134 relate to KPNV, KPNV denies all of the allegations.

135.    To the extent that the allegations in Paragraph 135 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 135 refer to public statements by government authorities, those statements speak from themselves and no response is required.  To the extent that the allegations in Paragraph 135 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 135 relate to KPNV, KPNV denies all of the allegations.

136.    To the extent that the allegations in Paragraph 136 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 136 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 136 relate to KPNV, KPNV denies all of the allegations.

137.    To the extent that the allegations in Paragraph 137 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 137 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 137 relate to KPNV, KPNV denies all of the allegations.

138.    To the extent that the allegations in Paragraph 138 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 138 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 138 relate to KPNV, KPNV denies all of the allegations.

139.    To the extent that the allegations in Paragraph 139 state legal contentions, no response is required.   With respect to the third sentence in Paragraph 139, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 139 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 139 relate to KPNV, KPNV denies all of the allegations.

140.    To the extent that the allegations in Paragraph 140 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 140 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 140 relate to KPNV, KPNV denies all of the allegations.

141.    To the extent that the allegations in Paragraph 141 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 141 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 141 relate to KPNV, KPNV denies all of the allegations.

142.    The allegations in Paragraph 142 state legal contentions, no response is required. Additionally, the allegations in Paragraph 142 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 142 relate to KPNV, KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and, on that basis, denies them.

143.     The allegations in Paragraph 143 state legal contentions, no response is required. Additionally, the allegations in Paragraph 143 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 130 relate to KPNV, KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, denies them.

144.     The allegations in Paragraph 144 state legal contentions, no response is required. Additionally, the allegations in Paragraph 144 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 144 relate to KPNV, KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, on that basis, denies them.

145.     KPNV avers that the use of the term "Philips" renders the Amended Complaint indefinite and uncertain as to KPNV.  The allegations in Paragraph 145 state legal contentions, no response is required.  Additionally, the allegations in Paragraph 145 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 145 relate to KPNV, KPNV denies them.    KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and, on that basis, denies them.

146.     The allegations in Paragraph 146 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 146 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 146 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and, on that basis, denies them.

147.     KPNV avers that the use of the term "Philips" renders the Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 147 state legal contentions, no response is required.  To the extent the allegations in Paragraph 147 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.    To the extent the allegations in Paragraph 147 relate to KPNV, KPNV denies all of the allegations.  KPNV specifically denies that any employee of LP

Displays or LG.Philips Displays previously attended any meeting described in this Paragraph on its behalf.

148.    The allegations in Paragraph 148 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 148 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 148 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and, on that basis, denies them.

149.    The allegations in Paragraph 149 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 149 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 149 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, denies them.

150.    The allegations in Paragraph 150 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 150 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 150 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and, on that basis, denies them.

151.    The allegations in Paragraph 151 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 151 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 151 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and, on that basis, denies them.

152.    The allegations in Paragraph 152 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 152 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 152 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and, on that basis, denies them.

153.     KPNV avers that the use of the term "Philips" renders the Amended Complaint indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 153 state legal contentions, no response is required.   KPNV denies that it participated in, engaged in or was represented at any "Glass Meetings" or "bilateral discussions" at which agreements were reached on prices and supply levels for CRTs.  KPNV denies that it participated in any such "Glass meetings" or "bilateral discussions" after 2001 "through" LG.Philips Displays.  To the extent that the allegations in Paragraph 153 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  In all other respects, KPNV denies the allegations in Paragraph 153.

154.     To the extent that the allegations in Paragraph 154 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 154 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 154 relate to KPNV, KPNV denies them.

155.     The allegations in Paragraph 155 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 155 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 155 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, on that basis, denies them.

156.     The allegations in Paragraph 156 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 156 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 156 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and, on that basis, denies them.

157.     The allegations in Paragraph 157 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 157 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 157 relate to KPNV,

KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and, on that basis, denies them.

158.    The allegations in Paragraph 158 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 158 are not directed at KPNV and, therefore, no response is required.  To the extent that the allegations in Paragraph 158 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, on that basis, denies them.

159.    The allegations in Paragraph 159 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and, on that basis, denies them.

160.    The allegations in Paragraph 160 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 160 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 160 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and, on that basis, denies them.

161.    The allegations in Paragraph 161 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 161 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 161 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and, on that basis, denies them.

162.    The allegations in Paragraph 162 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 162 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 162 relate to KPNV, KPNV denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and, on that basis, denies them.

163.    The allegations in Paragraph 163 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 163 are not directed at KPNV and, therefore, no response is required.  To the extent the allegations in Paragraph 163 relate to KPNV, KPNV

1    denies all of the allegations.  KPNV otherwise lacks knowledge or information sufficient to form

2    a belief as to the truth of the allegations in Paragraph 163 and, on that basis, denies them.

3            164.    To the extent that the allegations in sentence one of Paragraph 164 are an

4    explanation of terminology, no response is required.  To the extent that the allegations in

5    Paragraph 164 state legal contentions, no response is required.  KPNV, however, avers that

6    Plaintiff's reference to "a corporate family or companies by a single name in its allegations of

7    participation in the conspiracy" renders the Amended Complaint indefinite and uncertain.  To the

8    extent that the remaining allegations in Paragraph 164 relate to other defendants, KPNV lacks

9    knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

10   them.  To the extent the remaining allegations in Paragraph 164 relate to KPNV, KPNV denies all

11   of the allegations.

12           165.    To the extent that the allegations in Paragraph 165 state legal contentions, no

13   response is required.  KPNV lacks knowledge or information sufficient to form a belief as to the

14   truth of the allegations in Paragraph 165 and, on that basis, denies them.

15           166.    The allegations in Paragraph 166 are vague and ambiguous, as they do not identify

16   any underlying product or service and, on that basis, KPNV denies them.  KPNV otherwise lacks

17   knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

18   166 and, on that basis, denies them.  To the extent that the allegations contained in Paragraph 166

19   are derived from an analyst report, that report speaks for itself and no response is required.

20           167.    To the extent that the allegations in Paragraph 167 state legal contentions, no

21   response is required.  To the extent that the allegations contained in Paragraph 167 are derived

22   from analyst reports, those reports speak for themselves and no response is required.  KPNV

23   otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

24   allegations in Paragraph 167 and, on that basis, denies them.

25           168.    With regard to the allegations in the first sentence of Paragraph 168, to the extent

26   that these allegations are derived from or purport to quote analyst reports, those reports speak for

27   themselves and no response is required.  With regard to the allegation in the last sentence of

28   Paragraph 168, KPNV lacks knowledge or information sufficient to form a belief as to their truth

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

and, on that basis, denies them.  KPNV denies any remaining allegations contained in Paragraph 168.

169.     To the extent the allegations in Paragraph 169 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and, on that basis, denies them.

170.     To the extent that the allegations in Paragraph 170 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 170 are derived from or purport to quote published statements, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 170 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV otherwise denies all of the allegations in Paragraph 170.

171.     The allegations in Paragraph 171 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 171 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 171 relate to KPNV, KPNV denies all of the allegations.

172.     The allegations in Paragraph 172 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 172 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 172 relate to KPNV, KPNV denies all of the allegations.

173.     To the extent the allegations of Paragraph 173 state legal contentions, no response is required.  To the extent that the allegations in the third sentence of Paragraph 173 are derived from or purport to quote published statements made by the President of Skyworth Macao Commercial Offshore Co., Ltd., those published statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 173 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

1   denies them.  To the extent that the allegations in Paragraph 173 relate to KPNV, KPNV denies
2   all of the allegations.

3       174.    To the extent the allegations in Paragraph 174 state legal contentions, no response
4   is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the
5   truth of the allegations in Paragraph 174 and, on that basis, denies them.

6       175.    The allegations in Paragraph 175 are legal contentions to which no response is
7   required.  To the extent that a response is required, KPNV denies the allegations in Paragraph
8   175.

9       176.    The allegations in Paragraph 176 are legal contentions to which no response is
10  required. To the extent the allegations contained in Paragraph 176 refer to public filings by
11  government authorities, those filings speak for themselves and no response is required. To the
12  extent that a response is required, KPNV denies the allegations in Paragraph 176.

13      177.    To the extent the allegations contained in Paragraph 177 refer to public filings by
14  government authorities, those filings speak for themselves and no response is required.

15      178.    To the extent the allegations contained in Paragraph 178 refer to a public statement
16  by Toshiba, that statement speaks for itself and no response is required.  KPNV otherwise lacks
17  knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph
18  178 and, on that basis, denies them.

19      179.    To the extent that the allegations in Paragraph 179 state legal contentions, no
20  response is required.  To the extent that the allegations in Paragraph 179 refer to public statements
21  by government authorities, those statements speak for themselves and no response is required.  To
22  the extent that the allegations in Paragraph 179 relate to other defendants, KPNV lacks
23  knowledge or information sufficient to form a belief as to their truth and, on that basis, denies
24  them.  To the extent that the allegations in Paragraph 179 relate to KPNV, KPNV denies them.

25      180.    To the extent that the allegations contained in Paragraph 180 refer to public
26  statements by government authorities, those statements speak for themselves and no response is
27  required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the
28  truth of the allegations in Paragraph 180 and, on that basis, denies them.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

181.     To the extent that the allegations contained in Paragraph 181 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and, on that basis, denies them.

182.     To the extent that the allegations contained in Paragraph 182 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and, on that basis, denies them.

183.     To the extent that the allegations contained in Paragraph 183 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and, on that basis, denies them.

184.     To the extent that the allegations contained in Paragraph 184 refer to public statements by government authorities, those statements speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 and, on that basis, denies them.

185.     To the extent that the allegations contained in Paragraph 185 refer to public statements by Samsung, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 185 state legal contentions, no response is required. To the extent that the allegations in Paragraph 185 relate to KPNV, KPNV denies them.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 and, on that basis, denies them.

186.     To the extent that the allegations contained in Paragraph 186 refer to public filings by government authorities, those filings speak for themselves and no response is required.  To the extent that the allegations in Paragraph 186 state legal contentions, no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and, on that basis, denies them.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

187.    To the extent that the allegations in Paragraph 187 refer to public filings and statements by government authorities, those filings and statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 187 purport to quote a press release, that press release speaks for itself and no response is required.  KPNV denies any remaining allegations in Paragraph 187.

188.    The allegations in Paragraph 188 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 188 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 188 relate to KPNV, KPNV denies them.

189.    To the extent that the allegations in the first sentence of Paragraph 189 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 189 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 189 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 189 have any relevance to the Amended Complaint or the purported acts or omissions of KPNV.

190.    The allegations in Paragraph 190 are not directed at KPNV and, therefore, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 190 have any relevance to the Amended Complaint or the purported acts or omissions of KPNV.

191.    To the extent the allegations contained in Paragraph 191 refer to public filings by government authorities, those filings speak for themselves and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and, on that basis, denies them.  KPNV denies the allegation and

implication that the allegations in Paragraph 191 have any relevance to the Amended Complaint or the purported acts or omissions of KPNV.

192.    KPNV avers that the use of the term "Philips" renders the Amended Complaint indefinite and uncertain as to KPNV.  To the extent the allegations contained in Paragraph 192 refer to news reports, those reports speak for themselves and no response is required.  To the extent that the allegations in Paragraph 192 relate to the other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 192 have any relevance to the Amended Complaint or the purported acts or omissions of KPNV.

193.    To the extent the allegations contained in Paragraph 193 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 193 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 193 have any relevance to the Amended Complaint or the purported acts or omissions of KPNV.

194.    To the extent the allegations contained in Paragraph 194 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 194 relate to the other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 194 have any relevance to the Amended Complaint or the purported acts or omissions of KPNV.

195.    To the extent the allegations contained in Paragraph 195 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 195 relate to the other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  KPNV denies the allegation and implication that the allegations in Paragraph 195 have any relevance to the Amended Complaint or the purported acts or omissions of KPNV.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

196.    To the extent that the allegations in Paragraph 196 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 196 refer to public statements there listed, those statements speak for themselves and no response is required.  KPNV admits the existence of the trade associations Korea Display Conference, Korean Display Equipment Material Industry Association, and Electronic Display Industrial Research Association of Korea, but KPNV denies that such descriptions are accurate or complete.  To the extent that the allegations in Paragraph 196 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 196 relate to KPNV, KPNV denies them.

197.    The allegations in Paragraph 197 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 and, on that basis, denies them.

198.    The allegations in Paragraph 198 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and, on that basis, denies them.

199.    To the extent that the allegations in Paragraph 199 state legal contentions, no response is required.  KPNV admits the existence of the Society for Information Display, but KPNV denies that such descriptions are accurate or complete.  To the extent that the allegations in Paragraph 199 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 199 relate to KPNV, KPNV denies all of the allegations.

200.    To the extent that the allegations in Paragraph 200 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 200 relate of other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 200 relate to KPNV, KPNV denies all of the allegations.

201.    The allegations in Paragraph 201 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 201 relate to other defendants, KPNV

lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 201 relate to KPNV, KPNV denies all of the allegations.

202.    The allegations in Paragraph 202 are not directed at KPNV and, on that basis, no response is required.  To the extent that the allegations in Paragraph 202 purport to quote statements by Panasonic, those statements speaks for themselves and no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 and, on that basis, denies them.

203.    The allegations in Paragraph 203 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and, on that basis, denies them.

204.    The allegations in Paragraph 204 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 and, on that basis, denies them.

205.    The allegations in Paragraph 205 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 and, on that basis, denies them.

206.    The allegations in Paragraph 206 are not directed at KPNV and, on that basis, no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 and, on that basis, denies them.

207.    The allegation in the first sentence of Paragraph 207 is a legal contention to which no response is required.  With regard to the allegations in the second sentence, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.  KPNV denies any remaining allegations contained in Paragraph 207.

208.    To the extent that the allegations in Paragraph 208 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

209.    KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and, on that basis, denies them.

210.    To the extent that the allegations in Paragraph 210 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 210 are derived from or purport to quote an industry news article, that article speaks for itself and no response is required. KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 and, on that basis, denies them.  To the extent that the allegations in Paragraph 210 relate to KPNV, KPNV denies all of the allegations.

211.    To the extent the allegations contained in Paragraph 211 are derived from or purport to quote a keynote speaker at a conference, that speaker speaks for himself and no response is required.  KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 and, on that basis, denies them.

212.    With regard to the first and second sentences of Paragraph 212, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  The third sentence of Paragraph 212 states legal contentions to which no response is required.  To the extent that the allegations in Paragraph 212 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 212 relate to KPNV, KPNV denies all of the allegations.

213.    To the extent that the allegations in Paragraph 213 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.    KPNV otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 and, on that basis, denies them.  To the extent that the allegations in Paragraph 213 relate to KPNV, KPNV denies all of the allegations.

214.    The allegations in Paragraph 214 are not directed at KPNV and, therefore, no response is required.   To the extent that a response is required, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 and, on that basis, denies them.

215.    To the extent the allegations of Paragraph 215 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 215 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 215 relate to KPNV, KPNV denies all of the allegations.

216.    To the extent the allegations of Paragraph 216 and its subparts state legal contentions, no response is required.  To the extent a response is required, KPNV denies each and every allegation in Paragraph 216, including its subparts.

## VII.    ALLEGATIONS CONCERNING PLAINTIFFS' INJURIES

217.    The allegations in Paragraph 217 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 217 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 217 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 217 relate to KPNV, KPNV denies them.  KPNV denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint.

218.    The allegations in Paragraph 218 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 218 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 218 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 218  relate to KPNV, KPNV denies them.

219.    The allegations in Paragraph 219 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 219 relate to

MDL 1917

Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 219 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 219 relate to KPNV, KPNV denies them.  KPNV denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of KPNV as alleged in the Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint.

220.    The allegations in Paragraph 220 state legal contentions, for which no response is required.   KPNV admits that the allegations in Paragraph 220 purport to describe CRT technology, but KPNV denies that such descriptions are accurate or complete.

221.    The allegations in Paragraph 221 state legal contentions, for which no response is required.  To the extent that the allegations in Paragraph 221 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent that the allegations in Paragraph 221 relate to KPNV, KPNV denies all of the allegations.

222.    The allegations in Paragraph 222 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 222 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 222 relate to KPNV, KPNV denies them.

223.    KPNV denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 223.

## VIII. ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT

224.    To the extent that the allegations in Paragraph 224 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 224 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 224 relate to other defendants,

1    KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that

2    basis, denies them.  To the extent that the allegations in Paragraph 224 relate to KPNV, KPNV

3    denies all of the allegations.

4         225.    To the extent that the allegations in Paragraph 225 state legal contentions, no

5    response is required.  To the extent that the allegations in Paragraph 225 relate to Plaintiffs,

6    KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that

7    basis, denies them.  To the extent that the allegations in Paragraph 225 relate to other defendants,

8    KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that

9    basis, denies them.  To the extent that the allegations in Paragraph 225 relate to KPNV, KPNV

10   denies all of the allegations.

11        226.    To the extent that the allegations in Paragraph 226 state legal contentions, no

12   response is required.  To the extent that the allegations in Paragraph 226 relate to other

13   defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

14   on that basis, denies them.  To the extent that the allegations in Paragraph 226 relate to KPNV,

15   KPNV denies all of the allegations.

16        227.    To the extent that the allegations in Paragraph 227 state legal contentions, no

17   response is required.  KPNV otherwise denies all of the allegations in Paragraph 227.

18        228.    To the extent that the allegations in Paragraph 228 state legal contentions, no

19   response is required.  To the extent that the allegations in Paragraph 228 relate to Plaintiffs,

20   KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that

21   basis, denies them.  To the extent that the allegations in Paragraph 228 relate to other defendants,

22   KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that

23   basis, denies them.  To the extent that the allegations in Paragraph 228 relate to KPNV, KPNV

24   denies all of the allegations.

25        229.    To the extent that the allegations in Paragraph 229 state legal contentions, no

26   response is required.  To the extent that the allegations in Paragraph 229 relate to other

27   defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and,

28

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

on that basis, denies them.  To the extent that the allegations in Paragraph 229 relate to KPNV, KPNV denies all of the allegations.

230.   To the extent that the allegations in Paragraph 230 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 230 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 230 relate to KPNV, KPNV denies all of the allegations.

231.   With regard to the first and second sentences of Paragraph 231, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.  The allegations in the third sentence of Paragraph 231 state legal contentions, for which no response is required.  To the extent a response is required and the allegations in the third sentence relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 231 relate to KPNV, KPNV denies all of the allegations.

232.   With regard to the first and second sentences of Paragraph 232, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.  The allegations in the second and third sentences of Paragraph 232 state legal contentions, for which no response is required.  To the extent that the third sentence of Paragraph 232 requires a response, KPNV denies all of the allegations.

233.   KPNV avers that the use of the term "Philips" in Paragraph 233 renders the allegations indefinite and uncertain as to KPNV.  To the extent that the allegations in Paragraph 233 are derived from or purport to quote published statements made by a Deputy General Manager for an LG Electronics distributor, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 233 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 233 relate to KPNV, KPNV denies all of the allegations.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

234.    The allegations in Paragraph 234 are not directed at KPNV and, therefore, no response is required.  To the extent that a response is required and the allegations relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 234 relate to KPNV, KPNV denies all of the allegations.

235.    To the extent that the allegations in Paragraph 235 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 235 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 235 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 235 relate to KPNV, KPNV denies all of the allegations.

## IX.    ALLEGATIONS CONCERNING TOLLING

236.    The allegations in Paragraph 236 state legal contentions to which no response is required.  To the extent the allegations in Paragraph 236 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.  To the extent the allegations in Paragraph 236 require a response, KPNV denies them.

237.    The allegations in Paragraph 237 state legal contentions to which no response is required.  To the extent the allegations in Paragraph 237 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.  To the extent the allegations in Paragraph 237 require a response, KPNV denies them.

238.    The allegations in Paragraph 238 state legal contentions to which no response is required.  To the extent the allegations in Paragraph 238 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.  To the extent the allegations in Paragraph 238 require a response, KPNV denies them.

239.    The allegations in Paragraph 239 state legal contentions to which no response is required.  To the extent the allegations in Paragraph 239 relate to Plaintiffs' state claims which

were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.  To the extent the allegations in Paragraph 239 require a response, KPNV denies them.

240.     The allegations in Paragraph 240 state legal contentions to which no response is required.  To the extent the allegations in Paragraph 240 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.  To the extent the allegations in Paragraph 240 require a response, KPNV denies them.

241.     The allegations in Paragraph 241 state legal contentions to which no response is required.  To the extent the allegations in Paragraph 241 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.  To the extent the allegations in Paragraph 241 require a response, KPNV denies them.

242.     The allegations in Paragraph 242 state legal contentions to which no response is required.  To the extent the allegations in Paragraph 242 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.  To the extent the allegations in Paragraph 242 require a response, KPNV denies them.

243.     The allegations in Paragraph 243 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), and, therefore, require no response.

244.     The allegations in Paragraph 244 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), and, therefore, require no response.

## X.  ALLEGATIONS CONCERNING CLAIM FOR VIOLATIONS

245.     KPNV repeats and incorporates by reference its responses to Paragraph 1 through 245 of the Amended Complaint with the same force and effect as if set forth herein at length.

246.     The allegations in Paragraph 246 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 246 require a response, KPNV denies all allegations.

247.    The allegations in Paragraph 247 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 247 require a response, KPNV denies all allegations.

248.    The allegations in Paragraph 248 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 248 require a response, KPNV denies each and every allegation.

249.    The allegations in Paragraph 249 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 249 require a response, KPNV denies each and every allegation.

250.    The allegations in Paragraph 250 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that the allegations in Paragraph 250 and its subparts relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 250 and its subparts relate to KPNV, KPNV denies all of the allegations.

251.    The allegations in Paragraph 251 constitute legal contentions and/or conclusions to which no response is required.  To the extent that the allegations in Paragraph 251 relate to Plaintiffs, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 251 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 251 relate to KPNV, KPNV denies all of the allegations.

252 - 259.  KPNV repeats and incorporates by reference its responses to Paragraph 1 through 251 of the Amended Complaint with the same force and effect as if set forth herein at length.  The allegations in Paragraphs 252 through 259 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433) and, therefore, require no response.

260 - 268.  KPNV repeats and incorporates by reference its responses to Paragraph 1 through 259 of the Amended Complaint with the same force and effect as if set forth herein at

1  length.  The allegations in Paragraphs 260 through 268 relate to Plaintiffs' state claims which

2  were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433) and, therefore,

3  require no response.

4  269 - 276.  KPNV repeats and incorporates by reference its responses to Paragraph 1

5  through 268 of the Amended Complaint with the same force and effect as if set forth herein at

6  length.  The allegations in Paragraphs 269 through 276, including their subparts, relate to

7  Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

8  No. 2433) and, therefore, require no response.

9  ## XI.  ALLEGATIONS CONCERNING PRAYER FOR RELIEF

10  With respect to Plaintiffs' allegations concerning prayer for relief, KPNV denies that

11  Plaintiffs suffered any injury or incurred any damages by any act or omission of KPNV as alleged

12  in the Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any

13  theory by means of the allegations set forth in the Amended Complaint. All allegations of the

14  Amended Complaint not heretofore admitted or denied are here and now denied as though

15  specifically denied herein.  To the extent that Plaintiffs' prayer for relief relates to their state law

16  claims which  were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no

17  response is required.

18  ## XII. ALLEGATION CONCERNING JURY TRIAL DEMAND

19  To the extent any response is required to Plaintiffs' Jury Trial Demand, KPNV admits that

20  Plaintiffs purports to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

21  ## AFFIRMATIVE DEFENSES

22  Without assuming any burden it would not otherwise bear, KPNV asserts the following

23  additional and/or affirmative defenses to Plaintiffs' Amended Complaint:

24  ## FIRST AFFIRMATIVE DEFENSE

25  ### (Failure to State a Claim)

26  The Amended Complaint, and each of its claims for relief, fails to state sufficient facts

27  upon which relief can be granted.

28  ## SECOND AFFIRMATIVE DEFENSE

MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

1   **(Lack of Subject Matter Jurisdiction)**

2   The conduct alleged to provide a basis for the claims of Plaintiffs did not have a direct,

3   substantial, and reasonably foreseeable effect on trade or commerce within the United States.

4   The Court, therefore, lacks subject matter jurisdiction of the claims of Plaintiffs.

5   **THIRD AFFIRMATIVE DEFENSE**

6   **(Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)**

7   Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that

8   they are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to

9   support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

10   **FOURTH AFFIRMATIVE DEFENSE**

11   **(Vagueness of Claims)**

12   Plaintiffs' claims should be dismissed for uncertainty and vagueness and because its

13   claims are ambiguous and/or unintelligible.  KPNV avers that Plaintiffs' claims do not describe

14   the events or legal theories with sufficient particularity to permit KPNV to ascertain what other

15   defenses may exist.  KPNV therefore reserves the right to amend its Answer to assert additional

16   defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of

17   more definitive facts upon the completion of its investigation and discovery.

18   **FIFTH AFFIRMATIVE DEFENSE**

19   **(Failure to Plead Conspiracy with Particularity)**

20   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

21   part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

22   **SIXTH AFFIRMATIVE DEFENSE**

23   **(Statute of Limitation)**

24   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

25   part, by the applicable statute(s) of limitations.

26   **SEVENTH AFFIRMATIVE DEFENSE**

27   **(Unilateral Action)**

28   Plaintiffs' claims are barred, in whole or in part, because the actions or practices of KPNV

47   MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

that are the subject of the Amended Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of KPNV's independent interests, and were not the product of any contract, combination or conspiracy between KPNV and any other person or entity.

## EIGHTH AFFIRMATIVE DEFENSE

### (Rule of Reason)

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of KPNV that are the subject of the Amended Complaint were adopted in furtherance of legitimate business interests of KPNV and do not unreasonable restrain competition.

## NINTH AFFIRMATIVE DEFENSE

### (Competition)

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of KPNV that are the subject of the Amended Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

## TENTH AFFIRMATIVE DEFENSE

### (Non-actionable or Governmental Privilege)

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of KPNV that is the subject of the Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Act of KPNV)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have not been injured in its business or property by reason of any action of KPNV.

## TWELFTH AFFIRMATIVE DEFENSE

### (Intervening Conduct)

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of KPNV and/or were

1  caused, if at all, solely and proximately by the conduct of third parties including, without

2  limitations, the prior, intervening or superseding conduct of such third parties.

3                    **THIRTEENTH AFFIRMATIVE DEFENSE**

4                              (*Ultra Vires*)

5      To the extent that any actionable conduct occurred, Plaintiffs' claims against KPNV are

6  barred because all such conduct would have been committed by individuals acting *ultra vires*.

7

8                   **FOURTEENTH AFFIRMATIVE DEFENSE**

9                          **(Damages Passed On)**

10     Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part,

11 because any injury or damage alleged in the Amended Complaint, which KPNV specifically

12 denies, was passed on to persons or entities other than Plaintiffs and/or was passed on by

13 Plaintiffs to other parties.

14                   **FIFTEENTH AFFIRMATIVE DEFENSE**

15                            **(Withdrawal)**

16     To the extent that any actionable conduct occurred for which KPNV is liable, some or all

17 of Plaintiffs' claims against KPNV are barred because KPNV withdrew from and/or abandoned

18 any alleged conspiracy prior to the commencement of the limitations period set forth in applicable

19 statutes of limitations.

20                   **SIXTEENTH AFFIRMATIVE DEFENSE**

21                      **(Failure to Mitigate Damages)**

22     Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs failed to take

23 all necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

24                   **SEVENTEENTH AFFIRMATIVE DEFENSE**

25                          **(Unjust Enrichment)**

26     Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

27 part, because Plaintiffs would be unjustly enriched if it was allowed to recover any part of the

28 damages alleged in the Amended Complaint.        49                    MDL 1917

1

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

2

### **(Set Off)**

3      Without admitting that Plaintiffs are entitled to recover damages in this matter, KPNV is

4  entitled to set off from any recovery Plaintiffs may obtain against KPNV any amount paid to

5  Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

6

7

## **NINETEENTH AFFIRMATIVE DEFENSE**

8

### **(Legal Acts)**

9      Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged

10  acts, conduct or statements that are specifically permitted by law.

11

## **TWENTIETH AFFIRMATIVE DEFENSE**

12

### **(Waiver and Estoppel)**

13      Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

14  part, by the doctrines of waiver and/or estoppel.

15

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

16

### **(Laches)**

17      Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

18  part, by the equitable doctrine of laches.

19

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

20

### **(Unclean Hands)**

21      Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

22  part, by the equitable doctrine of unclean hands.

23

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

24

### **(Acquiescence)**

25      Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

26  part, by Plaintiffs' acquiescence and/or confirmation of any and all conduct and/or omissions

27  alleged as to KPNV.

28

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

**(Accord and Satisfaction)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(*Forum Non Conveniens*)**

The Amended Complaint should be dismissed on the grounds of *forum non conveniens*.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Improper Forum/Arbitration)**

Plaintiffs' claims against KPNV are barred to the extent that Plaintiffs have agreed to arbitration or chosen a different forum for the resolution of its claims.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs have available an adequate remedy at law.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Join Indispensable Parties)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Due Process)**

Plaintiffs' claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Due Process clause of the Fifth Amendment of the United States Constitution.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Due Process)**

Plaintiffs' claims are barred, in whole or in part, to the extent it seeks an improper multiple punitive award for a single wrong because such an award would violate KPNV's rights guaranteed by the Due Process provision of the Fourteenth Amendment of the United States Constitution.

1

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

2

**(Equal Protection)**

3      Plaintiffs' claims are barred, in whole or in part, to the extent it seeks an improper

4    multiple punitive award for a single wrong because such an award would violate KPNV's rights

5    guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States

6    Constitution.

7

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

8

**(Double Jeopardy)**

9      Plaintiffs' claims are barred, in whole or in part, to the extent it seeks an improper

10    multiple punitive award for a single wrong because such an award would violate KPNV's rights

11    guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United States

12    Constitution.

13

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

14

**(Excessive Fines)**

15      Plaintiffs' claims are barred, in whole or in part, to the extent it seeks an improper

16    multiple punitive award for a single wrong because such an award would violate KPNV's rights

17    guaranteed by the Excessive Fines provision of the Eighth Amendment of the United States

18    Constitution.

19

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

20

**(Unconstitutional Multiplicity)**

21      To the extent any recovery by Plaintiffs would be duplicative of recovery by other

22    plaintiffs and other lawsuits, subjecting KPNV to the possibility of multiple recoveries, such

23    recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

24

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

25

**(Foreign Sales)**

26      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover

27    damages, if any, based on sales outside of the United States.

28

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Amended Complaint, the fact and extent of which KPNV specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs and/or third parties or entities, other than KPNV.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Failure To Plead Damages With Specificity)**

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to plead damages with specificity as required by the federal laws cited.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Injury or Damages Offset by Benefits Received)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiffs received with respect to the challenged conduct.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Proportionality)**

To the extent KPNV is found liable for damages, the fact and extent of which are expressly denied by KPNV, those damages must be reduced in proportion to KPNV's degree of fault.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Release)**

The claims of one or more of the persons or entities Plaintiffs purport to represent are barred because they have been released.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(No 'Full Consideration' Damages)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to "full consideration" damages.

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

1

## FORTY-SECOND AFFIRMATIVE DEFENSE

2

### (Other Defenses Incorporated by Reference)

3          KPNV adopts and incorporates by reference any and all other affirmative defenses

4   asserted or to be asserted by any other defendant in this proceeding to the extent that KPNV may

5   share in such affirmative defenses.

6

## FORTY-THIRD AFFIRMATIVE DEFENSE

7

### (Reservation of Rights to Assert Additional Defenses)

8          KPNV  has not knowingly or intentionally waived any applicable defenses and explicitly

9   reserves the right to assert and rely on such other applicable defenses as may become available or

10  apparent during discovery proceedings. KPNV further reserves the right to amend its Answer

11  and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable

12  during the course of subsequent discovery.

13

14          **WHEREFORE**, KPNV prays as follows:

15          1.          That Plaintiffs take nothing by way of the Amended Complaint and the Second

16  Amended Complaint be dismissed with prejudice;

17          2.          That judgment be entered in favor of KPNV and against Plaintiffs on each and

18  every claim for relief set forth in the Complaint;

19          3.          That KPNV recover its costs of suit and attorneys' fees incurred herein; and

20          4.          That KPNV be granted such other and further relief as the Court deems just and

21  proper.

22

23  Dated: March 26, 2014                              Respectfully Submitted:

24

25                                                   By: /s/ Jon V. Swenson_____
                                                     Jon V. Swenson (SBN 233054)
26                                                   BAKER BOTTS L.L.P.

27                                                   *Attorney for Defendant Koninklijke Philips N.V.*

28

ANSWER OF KONINKLIJKE PHILIPS N.V. TO TECH DATA CORPORATION'S AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT