BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile:  (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Philips Electronics
North America Corporation*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE No. 13-CV-00157 SI |
| | Master File No. 3:07-cv-05944-SC |
| This Document Relates To Individual Case No. 13-CV-00157 SI | MDL No. 1917 |
| TECH DATA CORPORATION; TECH DATA PRODUCT MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO | **ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT** |

MDL 1917

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA
CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

1  GROUP CORPORATION; IRICO GROUP
   ELECTRONICS CO., LTD.; IRICO DISPLAY
2  DEVICES CO., LTD.; LG ELECTRONICS,
   INC.; LG ELECTRONICS USA, INC.; LG
3  ELECTRONICS TAIWAN TAIPEI CO., LTD.;
   LP DISPLAYS INTERNATIONAL LTD.;
4  MITSUBISHI ELECTRIC CORPORATION;
   MITSUBISHI DIGITAL ELECTRONICS
5  AMERICA, INC.; MITSUBISHI ELECTRIC &
   ELECTRONICS, USA, INC.; PANASONIC
6  CORPORATION; PANASONIC
   CORPORATION OF NORTH AMERICA; MT
7  PICTURE DISPLAY CO., LTD.; BEIJING
   MATSUSHITA COLOR CRT CO., LTD.;
8  KONINKLIJKE PHILIPS ELECTRONICS N.V.;
9  PHILIPS ELECTRONICS NORTH AMERICA
   CORPORATION; PHILIPS ELECTRONICS
10 INDUSTRIES (TAIWAN), LTD.; PHILIPS DA
   AMAZONIA INDUSTRIA ELECTRONICA
11 LTDA.; SAMSUNG SDI CO., LTD.; SAMSUNG
12 SDI AMERICA, INC.; SAMSUNG SDI
   MEXICO S.A. DE C.V.; SAMSUNG SDI
13 BRASIL LTDA.; SHENZHEN SAMSUNG SDI
   CO., LTD.; TIANJIN SAMSUNG SDI CO.,
14 LTD.; SAMSUNG SDI (MALAYSIA) SDN.
15 BHD.; SAMTEL COLOR LTD.; THAI CRT CO.,
   LTD.; TECHNICOLOR SA; THOMSON SA;
16 TECHNICOLOR USA, INC.; THOMSON
   CONSUMER ELECTRONICS, INC.; TOSHIBA
17 CORPORATION; TOSHIBA AMERICA, INC.;
18 TOSHIBA AMERICA CONSUMER
   PRODUCTS, LLC; TOSHIBA AMERICA
19 ELECTRONIC COMPONENTS, INC.;
   TOSHIBA AMERICA INFORMATION
20 SYSTEMS, INC.; CHUNGHWA PICTURE
   TUBES, LTD.; CHUNGHWA PICTURE TUBES
21 (MALAYSIA),
22                                 Defendants.
23

24       Defendant Philips Electronics North America Corporation ("PENAC"), by and through its

25 undersigned counsel of record, answers Tech Data Corporation's and Tech Data Product

26 Management, Inc.'s ("Plaintiffs") First Amended Complaint (the "Amended Complaint") and

27 alleges additional or affirmative defenses as follows.  PENAC denies each and every allegation in

28                                         2                                    MDL 1917

the Amended Complaint's section headings asserted herein and in all portions of the Amended Complaint not contained in numbered paragraphs.  To the extent that the Amended Complaint's allegations concern persons and/or entities other than PENAC, PENAC denies that such allegations support any claim for relief against PENAC.  PENAC denies any allegations not explicitly admitted herein.

## I.    INTRODUCTION[1]

1.    To the extent that the allegations in Paragraph 1 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 1 are definitional, no response is required.  To the extent that the allegations in Paragraph 1 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 1 relate to PENAC, PENAC denies all of the allegations.

2.    To the extent that the allegations in Paragraph 2 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 2 are definitional, no response is required.  PENAC avers that the use of the terms "CPTs," "CDTs," "CPT Products," "CDT Products," and "CRT Products," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Amended Complaint indefinite and uncertain.  To the extent that the allegations in Paragraph 2 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 2 relate to PENAC, PENAC denies all of the allegations.

3.    To the extent that the allegations in Paragraph 3 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 3 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the allegations in Paragraph 3

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the Amended Complaint.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

relate to PENAC, PENAC denies all of the allegations.

4.     To the extent that the allegations in Paragraph 4 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 4 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 4 relate to PENAC, PENAC denies all of the allegations.

5.     To the extent that the allegations in Paragraph 5 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 5 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 5 relate to PENAC, PENAC denies all of the allegations.

6.     To the extent that the allegations in Paragraph 6 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 6 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 6 relate to PENAC, PENAC denies all of the allegations.

7.     To the extent that the allegations in Paragraph 7 state legal contentions, no response is required.  PENAC lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 7 and, on that basis, denies them. To the extent the allegations in Paragraph 7 relate to PENAC, PENAC denies all of the allegations.

8.     PENAC admits that government authorities in the United States and other countries have commenced investigations of the CRT industry, the details of which are matters of public record and such records speak for themselves.  PENAC admits that an indictment was issued against C.Y. Lin, the details of which are matters of public record and such records speak for themselves.  PENAC admits that other individuals have been indicted by the DOJ, the details of which are matters of public record and such records speak for themselves.

9.     To the extent that the allegations in Paragraph 9 state legal contentions, no

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA
CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

1   response is required.  To the extent that the allegations in Paragraph 9 relate to Plaintiffs, PENAC

2   lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

3   denies them.  To the extent that the allegations in Paragraph 9 relate to other defendants, PENAC

4   lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

5   denies them.  To the extent the allegations in Paragraph 9 relate to PENAC, PENAC denies all of

6   the allegations.  PENAC denies that Plaintiffs are entitled to any relief under any theory by means

7   of the allegations set forth in the Amended Complaint and alleged in Paragraph 9.

8        10.    To the extent that the allegations in Paragraph 10 refer to public filings and

9   statements by government authorities, those filings and statements speak for themselves and no

10  response is required.  To the extent that the allegations in Paragraph 10 purport to quote a press

11  release, that press release speaks for itself and no response is required.  PENAC denies any

12  remaining allegations in Paragraph 10.

13      **II.**       **ALLEGATIONS CONCERNING JURISDICTION AND VENUE**

14       11.    The allegations in Paragraph 11 state legal contentions to which no response is

15  required. PENAC admits that Plaintiffs purport to bring this action to obtain injunctive relief

16  under Section 16 of the Clayton Act, and to recover damages for alleged violations of Section 1

17  of the Sherman Act (15 U.S.C. § 1), but denies that Plaintiffs are entitled to any relief under those

18  statutes.

19       12.    The allegations in Paragraph 12 relate to Plaintiffs' state claims which were

20  dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), and, therefore, no

21  response is required.

22       13.    The allegations in Paragraph 13 regarding jurisdiction constitute legal contentions

23  to which no response is required.  To the extent that the allegations in Paragraph 13 require a

24  response, PENAC denies that this district has subject matter jurisdiction based on the conduct of

25  PENAC as alleged in the Amended Complaint. To the extent that the allegations in Paragraph 13

26  relate to the Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

27  order (Dkt. No. 2433), no response is required.

28

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA
CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

14.     The allegations in Paragraph 14 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 14 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 14 relate to PENAC, PENAC denies these allegations.

15.     The allegations in Paragraph 15 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 15 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 15 relate to PENAC, PENAC denies that this district has subject matter jurisdiction based on the conduct of PENAC as alleged in the Amended Complaint.

16.     The allegations in Paragraph 16 regarding venue constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 16 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 16 relate to PENAC, PENAC denies these allegations and denies that venue lies with this district based on the conduct of PENAC as alleged in the Amended Complaint.

### III. ALLEGATIONS CONCERNING THE PARTIES

17.     To the extent that the allegations in Paragraph 17 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 17 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

18.     To the extent that the allegations in Paragraph 18 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 18 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that

basis, denies them.  To the extent that the allegations in Paragraph 18 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 18 relate to PENAC, PENAC denies all of the allegations.

19.    To the extent that the allegations in Paragraph 19 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 19 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 19 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 19 relate to PENAC, PENAC denies all of the allegations.

20.    To the extent that the allegations in Paragraph 20 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 20 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 20 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 20 relate to PENAC, PENAC denies all of the allegations.

21.    To the extent that the allegations in Paragraph 21 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 21 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 21 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 21 relate to PENAC, PENAC denies all of the allegations.

22.    The allegations in Paragraph 22 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA
CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

1  belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies them.

2       23.     The allegations in Paragraph 23 are not directed at PENAC and, therefore, no
3  response is required.  PENAC otherwise lacks knowledge or information sufficient to form a
4  belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies them.

5       24.     The allegations in Paragraph 24 are not directed at PENAC and, therefore, no
6  response is required.  PENAC otherwise lacks knowledge or information sufficient to form a
7  belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies them.

8       25.     The allegations in Paragraph 25 are not directed at PENAC and, therefore, no
9  response is required.  PENAC otherwise lacks knowledge or information sufficient to form a
10  belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies them.

11       26.     The allegations in Paragraph 26 are not directed at PENAC and, therefore, no
12  response is required.  PENAC otherwise lacks knowledge or information sufficient to form a
13  belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies them.

14       27.     The allegations in Paragraph 27 are not directed at PENAC and, therefore, no
15  response is required.  PENAC otherwise lacks knowledge or information sufficient to form a
16  belief as to the truth of the allegations in Paragraph 27 and, on that basis, denies them.

17       28.     The allegations in Paragraph 28 are an explanation of terminology, for which no
18  response is required.

19       29.     The allegations in Paragraph 29 are not directed at PENAC and, therefore, no
20  response is required.  PENAC otherwise lacks knowledge or information sufficient to form a
21  belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies them.

22       30.     The allegations in Paragraph 30 are not directed at PENAC and, therefore, no
23  response is required.  PENAC otherwise lacks knowledge or information sufficient to form a
24  belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies them.

25       31.     The allegations in Paragraph 31 are not directed at PENAC and, therefore, no
26  response is required.  PENAC otherwise lacks knowledge or information sufficient to form a
27  belief as to the truth of the allegations in Paragraph 31 and, on that basis, denies them.

28

32.     The allegations in Paragraph 32 are an explanation of terminology, for which no response is required.

33**.**     To the extent that the allegations in Paragraph 33 state legal contentions, no response is required.  PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and Koninklijke Philips N.V. ("KPNV") transferred its entire CRT business into the 50/50 CRT joint venture.  The remaining allegations in Paragraph 33 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and, on that basis, denies them.

34.     The allegations in Paragraph 34 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, denies them.

35.     The allegations in Paragraph 35 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, on that basis, denies them.

36.     The allegations in Paragraph 36 are an explanation of terminology, for which no response is required.

37.     To the extent that the allegations in Paragraph 37 state legal contentions, no response is required.  PENAC admits that in 2001 LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 CRT joint venture.  The remaining allegations in Paragraph 37 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and, on that basis, denies them.

38.     The allegations in Paragraph 38 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, denies them.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA
CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

39.     The allegations in Paragraph 39 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies them.

40.     The allegations in Paragraph 40 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, denies them.

41.     The allegations in Paragraph 41 are an explanation of terminology, for which no response is required.

42.     The allegations in Paragraph 42 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, denies them.

43.     The allegations in Paragraph 43 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, denies them.

44.     The allegations in Paragraph 44 are an explanation of terminology, for which no response is required.

45.     The allegations in Paragraph 45 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, denies them.

46.     The allegations in Paragraph 46 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies them.

47.     To the extent that the allegations in Paragraph 47 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 47 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and, on that basis, denies them.  PENAC admits that KPNV is a Dutch entity with its principal place of business at Brenner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands, but avers that

1  KPNV legally changed its corporate name to Koninklijke Philips N.V.  PENAC admits that

2  Philips & Co. was founded in 1891 but denies the remaining allegations found in the second and

3  third sentences of Paragraph 47.  PENAC admits that in 2001, LG.Philips Displays was formed

4  when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire

5  CRT business into the 50/50 joint venture.   PENAC denies that it manufactured, marketed, sold

6  and/or distributed CRT products on behalf of KPNV in the United States.     PENAC lacks

7  knowledge or information sufficient to form a belief as to the truth of the balance of the

8  allegations of Paragraph 47 and, on that basis, denies them.

9       48.     PENAC admits that it is a Delaware corporation with its principal place of

10 business at 1251 Avenue of the Americas, New York, New York, 10020.  PENAC admits that it

11 is an indirect subsidiary of KPNV.  Owing to the vagueness of "CRT Products," PENAC denies

12 the third sentence of Paragraph 48.  PENAC denies that KPNV dominated or controlled its

13 finances, policies, and affairs.  KPNV denies any remaining allegations in Paragraph 48.

14      49.     The allegations in Paragraph 49 are not directed at PENAC, and therefore no

15 response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

16 belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies them.

17      50.     The allegations in Paragraph 50 are not directed at PENAC, and therefore no

18 response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

19 belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies them.

20      51.     The allegations in Paragraph 51 are an explanation of terminology, for which no

21 response is required.  PENAC avers, however, that Paragraph 51 renders the Amended Complaint

22 indefinite and uncertain as to PENAC.

23      52.     The allegations in Paragraph 52 are not directed at PENAC and, therefore, no

24 response is required.   PENAC otherwise lacks knowledge or information sufficient to form a

25 belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies them.

26      53.     The allegations in Paragraph 53 are not directed at PENAC and, therefore, no

27 response is required.  PENAC otherwise lacks knowledge or information sufficient to form a

28

1    belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies them.

2        54.    The allegations in Paragraph 54 are not directed at PENAC and, therefore, no
3    response is required.  PENAC otherwise lacks knowledge or information sufficient to form a
4    belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies them.

5        55.    The allegations in Paragraph 55 are not directed at PENAC and, therefore, no
6    response is required.  PENAC otherwise lacks knowledge or information sufficient to form a
7    belief as to the truth of the allegations in Paragraph 55 and, on that basis, denies them.

8        56.    The allegations in Paragraph 56 are not directed at PENAC and, therefore, no
9    response is required.  PENAC otherwise lacks knowledge or information sufficient to form a
10   belief as to the truth of the allegations in Paragraph 56 and, on that basis, denies them.

11       57.    The allegations in Paragraph 57 are not directed at PENAC and, therefore, no
12   response is required.  PENAC otherwise lacks knowledge or information sufficient to form a
13   belief as to the truth of the allegations in Paragraph 57 and, on that basis, denies them.

14       58.    The allegations in Paragraph 58 are not directed at PENAC and, therefore, no
15   response is required.  PENAC otherwise lacks knowledge or information sufficient to form a
16   belief as to the truth of the allegations in Paragraph 58 and, on that basis, denies them.

17       59.    The allegations in Paragraph 59 are an explanation of terminology, for which no
18   response is required.

19       60.    The allegations in Paragraph 60 are not directed at PENAC and, therefore, no
20   response is required.  PENAC otherwise lacks knowledge or information sufficient to form a
21   belief as to the truth of the allegations in Paragraph 60 and, on that basis, denies them.

22       61.    The allegations in Paragraph 61 are not directed at PENAC and, therefore, no
23   response is required.  PENAC otherwise lacks knowledge or information sufficient to form a
24   belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies them.

25       62.    The allegations in Paragraph 62 are not directed at PENAC and, therefore, no
26   response is required.  PENAC otherwise lacks knowledge or information sufficient to form a
27   belief as to the truth of the allegations in Paragraph 62 and, on that basis, denies them.

28

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA
CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

63. The allegations in Paragraph 63 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, on that basis, denies them.

64. The allegations in Paragraph 64 are an explanation of terminology, for which no response is required.

65. The allegations in Paragraph 65 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, on that basis, denies them.

66. The allegations in Paragraph 66 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, on that basis, denies them.

67. The allegations in Paragraph 67 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, on that basis, denies them.

68. The allegations in Paragraph 68 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies them.

69. The allegations in Paragraph 69 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies them.

70. The allegations in Paragraph 70 are an explanation of terminology, for which no response is required.

71. The allegations in Paragraph 71 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, on that basis, denies them.

72. The allegations in Paragraph 72 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 72 and, on that basis, denies them.

## IV.   ALLEGATIONS CONCERNING AGENTS AND CO-CONSPIRATORS

73.   The allegations of Paragraph 73 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 73 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 73 relate to PENAC, PENAC denies all of the allegations.

74.   The allegations in Paragraph 74 are ambiguous and/or unintelligible. To the extent that the allegations in Paragraph 74 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 74 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 74 relate to PENAC, PENAC denies all of the allegations.

75.   The allegations in Paragraph 75 are not directed at PENAC and, therefore, no response is required.  The allegations in Paragraph 75 also state legal contentions, for which no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 75 relate to PENAC, PENAC denies all of the allegations.

76.   The allegations in Paragraph 76 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, on that basis, denies them.

77.   The allegations in Paragraph 77 are an explanation of terminology, for which no response is required.

78.   The allegations in Paragraph 78 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, on that basis, denies them.

79.     The allegations in Paragraph 79 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, on that basis, denies them.

80.     The allegations in Paragraph 80 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, on that basis, denies them.

81.     The allegations in Paragraph 81 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, on that basis, denies them.

82.     The allegations in Paragraph 82 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, on that basis, denies them.

83.     The allegations of Paragraph 83 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 83 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 83 relate to PENAC, PENAC denies all of the allegations.

## V.     ALLEGATIONS CONCERNING TRADE AND COMMERCE

84.     The allegations in Paragraph 84 regarding "continuous and uninterrupted flow of interstate commerce and foreign commerce" are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 84 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 84 require a response, PENAC denies all of the allegations.

85.     The allegations in Paragraph 85 state legal contentions to which no response is required.  To the extent a response is required and the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA
CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

allegations of Paragraph 85, and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph  85 relate to PENAC, PENAC denies them.

86.     The allegations in Paragraph 86 state legal contentions to which no response is required.  To the extent a response is required and the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86, and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 86 relate to PENAC, PENAC denies them.

## VI.     ALLEGATIONS CONCERNING FACTUAL ALLEGATIONS

87.     PENAC admits that the allegations in Paragraph 87 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

88.     PENAC admits that the allegations in Paragraph 88 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

89.     PENAC admits that the allegations in Paragraph 89 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

90.     PENAC admits that the allegations in Paragraph 90 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

91.     PENAC admits that the allegations in Paragraph 91 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

92.     PENAC admits that the allegations in Paragraph 92 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

93.     PENAC admits that the allegations in Paragraph 93 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

94.     To the extent that the allegations in Paragraph 94 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 94 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 94 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as

to the truth of those allegations and, on that basis, denies them.  To the extent that the allegations in Paragraph 94 relate to PENAC, PENAC denies all of the allegations.  In particular, PENAC denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 94.

95.    To the extent that the allegations in Paragraph 95 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 95 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent that the allegations in Paragraph 95 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. To the extent that the allegations in Paragraph 95 relate to PENAC, PENAC denies all of the allegations.

96.    To the extent that the allegations in Paragraph 96 state legal contentions, no response is required.  PENAC denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 96.

97.    The allegations in Paragraph 97 are legal contentions to which no response is required.  To the extent that a response is required, PENAC denies every allegation in Paragraph 97.

98.    The allegations in Paragraph 98 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 98 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 98 relate to PENAC, PENAC denies all allegations.

99.    To the extent that the allegations in Paragraph 99 state legal contentions, no response is required.  To the extent that the other allegations in Paragraph 99 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 99 relate to PENAC, PENAC denies all of the allegations.

1    100.    The allegations in Paragraph 100 state legal contentions to which no response is

2    required.    Additionally, the allegations in Paragraph 100 are not directed at PENAC, and,

3    therefore, no response is required.    To the extent that a response is required, PENAC lacks

4    knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

5    100 and, on that basis, denies them.

6    101.    PENAC avers that the use of the term "Philips" renders the Amended Complaint

7    indefinite and uncertain as to PENAC.    The allegations in Paragraph 101 are legal contentions to

8    which no response is required.    To the extent that a response is required, PENAC admits that in

9    2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT

10    business and KPNV transferred its entire CRT business into the 50/50 joint venture.    To the

11    extent that the allegations in Paragraph 101 relate to other defendants, PENAC lacks knowledge

12    or information sufficient to form a belief as to their truth and, on that basis, denies them.    PENAC

13    denies any remaining allegations in Paragraph 101.

14    102.    The allegations in Paragraph 102 are legal contentions to which no response is

15    required.  To the extent a response is required, PENAC denies the allegations in Paragraph 102.

16    103.    PENAC avers that the use of the term "Philips" renders the Amended Complaint

17    indefinite and uncertain as to PENAC.    To the extent that the allegations in Paragraph 103 and its

18    subparts state legal contentions, no response is required.  PENAC admits that in 2001, LG.Philips

19    Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV

20    transferred its entire CRT business into the 50/50 joint venture.    PENAC admits that LG.Philips

21    LCD Co., Ltd. was formed in 1999.    PENAC denies that it was supplied "CRTs" from Samtel.

22    To the extent that the remaining allegations in Paragraph 103 and its subparts relate to other

23    defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

24    and, on that basis, denies them.    To the extent that the allegations in Paragraph 103 and its

25    subparts relate to PENAC, PENAC denies them.

26    104.    The allegations in Paragraph 104 are legal contentions to which no response is

27    required.  To the extent that the allegations in Paragraph 104 require a response, PENAC denies

28

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA
CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

1     all of the allegations.

2          105.    The allegations in Paragraph 105 are legal contentions to which no response is

3     required.  To the extent a response is required and that the allegations in Paragraph 105 relate to

4     other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their

5     truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 105 require a

6     response, PENAC denies all of the allegations.

7          106.    The allegations in Paragraph 106 are legal contentions to which no response is

8     required.  To the extent that the allegations in Paragraph 106 require a response, PENAC denies

9     all of the allegations.

10         107.    The allegation in the second sentence of Paragraph 107 is a legal contention to

11    which no response is required.  PENAC otherwise lacks knowledge or information to form a

12    belief as to the truth of the remaining allegations in Paragraph 107 and, on that basis, denies them.

13         108.    The allegation in the second sentence of Paragraph 108 is a legal contention to

14    which no response is required.  PENAC lacks knowledge or information to form a belief as to the

15    truth of the allegations contained in the first and third sentences of Paragraph 108 and, on that

16    basis, denies them.   To the extent a response is required and the remaining allegations in

17    Paragraph 108 relate to other defendants, PENAC lacks knowledge or information sufficient to

18    form a belief as to their truth and, on that basis, denies them.  To the extent a response is required

19    and the remaining allegations in Paragraph 108 relate to PENAC, PENAC denies all of the

20    allegations.

21         109.    The allegations in Paragraph 109 are legal contentions to which no response is

22    required.  To the extent a response is required and the allegations relate to other defendants,

23    PENAC lacks knowledge or information to form a belief as to the truth of the allegations

24    contained in Paragraph 109 and, on that basis, denies them.  To the extent a response is required

25    and the allegations relate to PENAC, PENAC denies all of the allegations in Paragraph 109.

26         110.    The allegations in Paragraph 110 are legal contentions to which no response is

27    required.  To the extent a response is required, PENAC lacks knowledge or information to form a

28

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA
CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

belief as to the truth of the allegations contained in Paragraph 110 and, on that basis, denies them.

111.    The allegations in Paragraph 111 are legal contentions to which no response is required.  To the extent a response is required, PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 111 and, on that basis, denies them.

112.    The allegations in Paragraph 112 are legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 112 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 112 relate to PENAC, PENAC denies all of the allegations.

113.    The allegations in Paragraph 113 are legal contentions to which no response is required.  To the extent a response is required, PENAC denies all of the allegations in Paragraph 113.

114.    To the extent that the allegations in Paragraph 114 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 114 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 114 relate to PENAC, PENAC denies all of the allegations.

115.    The allegations in Paragraph 115 are not directed at PENAC and, therefore, no response is required.  To the extent a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and, on that basis, denies them.

116.    To the extent that the allegations in Paragraph 116 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 116 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 116 relate to PENAC, PENAC denies all of the allegations.

117.    PENAC avers that the use of the term "Philips" renders the Amended Complaint

indefinite and uncertain as to PENAC.  To the extent that the allegations in Paragraph 117 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 117 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 117 relate to PENAC, PENAC denies them.

118.    The allegations in Paragraph 118 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and, on that basis, denies them.

119.    To the extent that the allegations in Paragraph 119 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 119 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 107 relate to PENAC, PENAC denies them.

120.    The allegations in Paragraph 120 state legal contentions to which no response is required.  To the extent a response is required, PENAC denies each and every allegation of Paragraph 120.

121.    To the extent that the allegations in Paragraph 121 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 121 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 121 relate to PENAC, PENAC denies all of the allegations.

122.    To the extent that the allegations in Paragraph 122 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 122 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 122 relate to PENAC, PENAC denies all of the allegations.

123.    To the extent that the allegations in Paragraph 123 state legal contentions, no

response is required.   To the extent that the allegations in Paragraph 123 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 123 relate to PENAC, PENAC denies all of the allegations.

124.   To the extent that the allegations in Paragraph 124 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 124 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 124 relate to PENAC, PENAC denies all of the allegations.

125.   To the extent that the allegations in Paragraph 125 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 125 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 125 relate to PENAC, PENAC denies all of the allegations.

126.   PENAC avers that the use of the term "Philips" renders the Amended Complaint indefinite and uncertain as to PENAC.   To the extent that the allegations in Paragraph 126 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 126 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 126 relate to PENAC, PENAC denies all of the allegations.

127.   To the extent that the allegations in Paragraph 127 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 127 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 127 relate to PENAC, PENAC denies all of the allegations.

128.   To the extent that the allegations in Paragraph 128 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 128 relate to other

1    defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

2    and, on that basis, denies them.  To the extent that the allegations in Paragraph 128 relate to

3    PENAC, PENAC denies all of the allegations.

4         129.    To the extent that the allegations in Paragraph 129 state legal contentions, no

5    response is required.   To the extent that the allegations in Paragraph 129 relate to other

6    defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

7    and, on that basis, denies them.  To the extent that the allegations in Paragraph 129 relate to

8    PENAC, PENAC denies all of the allegations.

9         130.    To the extent that the allegations in Paragraph 130 state legal contentions, no

10   response is required.   To the extent that the allegations in Paragraph 130 relate to other

11   defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

12   and, on that basis, denies them.  To the extent that the allegations in Paragraph 130 relate to

13   PENAC, PENAC denies all of the allegations.

14        131.    The allegations in Paragraph 131 state legal contentions to which no response is

15   required.  To the extent that a response is required and the allegations in Paragraph 131 relate to

16   other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their

17   truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 131 relate to

18   PENAC, PENAC denies all of the allegations.

19        132.    To the extent that the allegations in Paragraph 132 state legal contentions, no

20   response is required.   To the extent that the allegations in Paragraph 132 relate to other

21   defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

22   and, on that basis, denies them.  To the extent that the allegations in Paragraph 132 relate to

23   PENAC, PENAC denies all of the allegations.

24        133.    To the extent that the allegations in Paragraph 133 and its subparts state legal

25   contentions, no response is required.  To the extent that the allegations in Paragraph 133 and its

26   subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a

27   belief as to their truth and, on that basis, denies them.  To the extent that the allegations in

28

Paragraph 133 and its subparts relate to PENAC, PENAC denies all of the allegations.

134.    To the extent that the allegations in Paragraph 134 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 134 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 134 relate to PENAC, PENAC denies all of the allegations.

135.    To the extent that the allegations in Paragraph 135 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 135 refer to public statements by government authorities, those statements speak from themselves and no response is required.  To the extent that the allegations in Paragraph 135 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 135 relate to PENAC, PENAC denies all of the allegations.

136.    To the extent that the allegations in Paragraph 136 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 136 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 136 relate to PENAC, PENAC denies all of the allegations.

137.    To the extent that the allegations in Paragraph 137 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 137 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 137 relate to PENAC, PENAC denies all of the allegations.

138.    To the extent that the allegations in Paragraph 138 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 138 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in Paragraph 138 relate to

PENAC, PENAC denies all of the allegations.

139.    To the extent that the allegations in Paragraph 139 state legal contentions, no response is required.  With respect to the third sentence in Paragraph 139, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 139 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 139 relate to PENAC, PENAC denies all of the allegations.

140.    To the extent that the allegations in Paragraph 140 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 140 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 140 relate to PENAC, PENAC denies all of the allegations.

141.    To the extent that the allegations in Paragraph 141 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 141 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 141 relate to PENAC, PENAC denies all of the allegations.

142.    The allegations in Paragraph 142 state legal contentions, no response is required. Additionally, the allegations in Paragraph 142 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 142 relate to PENAC, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and, on that basis, denies them.

143.    The allegations in Paragraph 143 state legal contentions, no response is required. Additionally, the allegations in Paragraph 143 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 130 relate to PENAC, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 143 and, on that basis, denies them.

144.    The allegations in Paragraph 144 state legal contentions, no response is required. Additionally, the allegations in Paragraph 144 are not directed at PENAC and, therefore, no response is required.   To the extent that the allegations in Paragraph 144 relate to PENAC, PENAC denies them.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, on that basis, denies them.

145.    PENAC avers that the use of the term "Philips" renders the Amended Complaint indefinite and uncertain as to PENAC.   The allegations in Paragraph 145 state legal contentions, no response is required.   Additionally, the allegations in Paragraph 145 are not directed at PENAC and, therefore, no response is required.   To the extent that the allegations in Paragraph 145 relate to PENAC, PENAC denies them.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and, on that basis, denies them.

146.    The allegations in Paragraph 146 state legal contentions to which no response is required.   Additionally, the allegations in Paragraph 146 are not directed at PENAC and, therefore, no response is required.   To the extent that the allegations in Paragraph 146 relate to PENAC, PENAC denies all of the allegations.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and, on that basis, denies them.

147.    PENAC avers that the use of the term "Philips" renders the Amended Complaint indefinite and uncertain as to PENAC.   To the extent that the allegations in Paragraph 147 state legal contentions, no response is required.  To the extent the allegations in Paragraph 147 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.    To the extent the allegations in Paragraph 147 relate to PENAC, PENAC denies all of the allegations.  PENAC specifically denies that any employee of LP Displays or LG.Philips Displays previously attended any meeting described in this Paragraph on its behalf.

148.    The allegations in Paragraph 148 state legal contentions to which no response is required.    Additionally, the allegations in Paragraph 148 are not directed at PENAC and, therefore, no response is required.    To the extent that the allegations in Paragraph 148 relate to PENAC, PENAC denies all of the allegations.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and, on that basis, denies them.

149.    The allegations in Paragraph 149 state legal contentions to which no response is required.    Additionally, the allegations in Paragraph 149 are not directed at PENAC and, therefore, no response is required.    To the extent that the allegations in Paragraph 149 relate to PENAC, PENAC denies all of the allegations.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, denies them.

150.    The allegations in Paragraph 150 state legal contentions to which no response is required.    Additionally, the allegations in Paragraph 150 are not directed at PENAC and, therefore, no response is required.    To the extent that the allegations in Paragraph 150 relate to PENAC, PENAC denies all of the allegations.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and, on that basis, denies them.

151.    The allegations in Paragraph 151 state legal contentions to which no response is required.    Additionally, the allegations in Paragraph 151 are not directed at PENAC and, therefore, no response is required.    To the extent that the allegations in Paragraph 151 relate to PENAC, PENAC denies all of the allegations.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and, on that basis, denies them.

152.    The allegations in Paragraph 152 state legal contentions to which no response is required.    Additionally, the allegations in Paragraph 152 are not directed at PENAC and, therefore, no response is required.    To the extent that the allegations in Paragraph 152 relate to

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA
CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

PENAC, PENAC denies all of the allegations.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and, on that basis, denies them.

153.   PENAC avers that the use of the term "Philips" renders the Amended Complaint indefinite and uncertain as to PENAC.  To the extent that the allegations in Paragraph 153 state legal contentions, no response is required.   PENAC denies that it participated in any such "Glass meetings" or "bilateral discussions" after 2001 "through" LG.Philips Displays.  To the extent that the allegations in Paragraph 153 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  In all other respects, PENAC denies the allegations in Paragraph 153.

154.   To the extent that the allegations in Paragraph 154 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 154 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 154 relate to PENAC, PENAC denies them.

155.   The allegations in Paragraph 155 state legal contentions to which no response is required.   Additionally, the allegations in Paragraph 155 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 155 relate to PENAC, PENAC denies all of the allegations.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, on that basis, denies them.

156.   The allegations in Paragraph 156 state legal contentions to which no response is required.   Additionally, the allegations in Paragraph 156 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 156 relate to PENAC, PENAC denies all of the allegations.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and, on that basis, denies them.

157.    The allegations in Paragraph 157 state legal contentions to which no response is required.    Additionally, the allegations in Paragraph 157 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 157 relate to PENAC, PENAC denies all of the allegations.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and, on that basis, denies them.

158.    The allegations in Paragraph 158 state legal contentions to which no response is required.    Additionally, the allegations in Paragraph 158 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 158 relate to PENAC, PENAC denies all of the allegations.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, on that basis, denies them.

159.    The allegations in Paragraph 159 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and, on that basis, denies them.

160.    The allegations in Paragraph 160 state legal contentions to which no response is required.    Additionally, the allegations in Paragraph 160 are not directed at PENAC and, therefore, no response is required.  To the extent the allegations in Paragraph 160 relate to PENAC, PENAC denies all of the allegations.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and, on that basis, denies them.

161.    The allegations in Paragraph 161 state legal contentions to which no response is required.    Additionally, the allegations in Paragraph 161 are not directed at PENAC and, therefore, no response is required.  To the extent the allegations in Paragraph 161 relate to PENAC, PENAC denies all of the allegations.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and, on that basis, denies them.

162.    The allegations in Paragraph 162 state legal contentions to which no response is required.    Additionally, the allegations in Paragraph 162 are not directed at PENAC and, therefore, no response is required.   To the extent the allegations in Paragraph 162 relate to PENAC, PENAC denies all of the allegations.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and, on that basis, denies them.

163.    The allegations in Paragraph 163 state legal contentions to which no response is required.    Additionally, the allegations in Paragraph 163 are not directed at PENAC and, therefore, no response is required.   To the extent the allegations in Paragraph 163 relate to PENAC, PENAC denies all of the allegations.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and, on that basis, denies them.

164.    To the extent that the allegations in sentence one of Paragraph 164 are an explanation of terminology, no response is required.   To the extent that the allegations in Paragraph 164 state legal contentions, no response is required.   PENAC, however, avers that Plaintiff's reference to "a corporate family or companies by a single name in its allegations of participation in the conspiracy" renders the Amended Complaint indefinite and uncertain.  To the extent that the remaining allegations in Paragraph 164 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the remaining allegations in Paragraph 164 relate to PENAC, PENAC denies all of the allegations.

165.    To the extent that the allegations in Paragraph 165 state legal contentions, no response is required.  PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and, on that basis, denies them.

166.    The allegations in Paragraph 166 are vague and ambiguous, as they do not identify any underlying product or service and, on that basis, PENAC denies them.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 166 and, on that basis, denies them.  To the extent that the allegations contained in Paragraph 166 are derived from an analyst report, that report speaks for itself and no response is required.

167.    To the extent that the allegations in Paragraph 167 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 167 are derived from analyst reports, those reports speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and, on that basis, denies them.

168.    With regard to the allegations in the first sentence of Paragraph 168, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.  With regard to the allegation in the last sentence of Paragraph 168, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies any remaining allegations contained in Paragraph 168.

169.    To the extent the allegations in Paragraph 169 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and, on that basis, denies them.

170.    To the extent that the allegations in Paragraph 170 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 170 are derived from or purport to quote published statements, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 170 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC otherwise denies all of the allegations in Paragraph 170.

171.    The allegations in Paragraph 171 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 171 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

1   denies them.   To the extent that the allegations in Paragraph 171 relate to PENAC, PENAC

2   denies all of the allegations.

3         172.    The allegations in Paragraph 172 are legal contentions to which no response is

4   required.  To the extent that the allegations in Paragraph 172 relate to other defendants, PENAC

5   lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

6   denies them.  To the extent that the remaining allegations in Paragraph 172 relate to PENAC,

7   PENAC denies all of the allegations.

8         173.    To the extent the allegations of Paragraph 173 state legal contentions, no response

9   is required.  To the extent that the allegations in the third sentence of Paragraph 173 are derived

10  from or purport to quote published statements made by the President of Skyworth Macao

11  Commercial Offshore Co., Ltd., those published statements speak for themselves and no response

12  is required.   To the extent that the allegations in Paragraph 173 relate to other defendants,

13  PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that

14  basis, denies them.  To the extent that the allegations in Paragraph 173 relate to PENAC, PENAC

15  denies all of the allegations.

16        174.    To the extent the allegations in Paragraph 174 state legal contentions, no response

17  is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to

18  the truth of the allegations in Paragraph 174 and, on that basis, denies them.

19        175.    The allegations in Paragraph 175 are legal contentions to which no response is

20  required.  To the extent that a response is required, PENAC denies the allegations in Paragraph

21  175.

22        176.    The allegations in Paragraph 176 are legal contentions to which no response is

23  required. To the extent the allegations contained in Paragraph 176 refer to public filings by

24  government authorities, those filings speak for themselves and no response is required. To the

25  extent that a response is required, PENAC denies the allegations in Paragraph 176.

26        177.    To the extent the allegations contained in Paragraph 177 refer to public filings by

27  government authorities, those filings speak for themselves and no response is required.

28

178.    To the extent the allegations contained in Paragraph 178 refer to a public statement by Toshiba, that statement speaks for itself and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 and, on that basis, denies them.

179.    To the extent that the allegations in Paragraph 179 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 179 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 179 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 179 relate to PENAC, PENAC denies them.

180.    To the extent that the allegations contained in Paragraph 180 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and, on that basis, denies them.

181.    To the extent that the allegations contained in Paragraph 181 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and, on that basis, denies them.

182.    To the extent that the allegations contained in Paragraph 182 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and, on that basis, denies them.

183.    To the extent that the allegations contained in Paragraph 183 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and, on that basis, denies them.

184.    To the extent that the allegations contained in Paragraph 184 refer to public

1   statements by government authorities, those statements speak for themselves and no response is

2   required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

3   truth of the allegations in Paragraph 184 and, on that basis, denies them.

4   185.   To the extent that the allegations contained in Paragraph 185 refer to public

5   statements by Samsung, those statements speak for themselves and no response is required.  To

6   the extent that the allegations in Paragraph 185 state legal contentions, no response is required.

7   To the extent that the allegations in Paragraph 185 relate to PENAC, PENAC denies them.

8   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

9   allegations in Paragraph 185 and, on that basis, denies them.

10   186.   To the extent that the allegations contained in Paragraph 186 refer to public filings

11   by government authorities, those filings speak for themselves and no response is required.  To the

12   extent that the allegations in Paragraph 186 state legal contentions, no response is required.

13   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

14   allegations in Paragraph 186 and, on that basis, denies them.

15   187.   To the extent that the allegations in Paragraph 187 refer to public filings and

16   statements by government authorities, those filings and statements speak for themselves and no

17   response is required.  To the extent that the allegations in Paragraph 187 purport to quote a press

18   release, that press release speaks for itself and no response is required.  PENAC denies any

19   remaining allegations in Paragraph 187.

20   188.   The allegations in Paragraph 188 are legal contentions to which no response is

21   required.  To the extent a response is required and the allegations in Paragraph 188 relate to other

22   defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

23   and, on that basis, denies them.  To the extent that the allegations in Paragraph 188 relate to

24   PENAC, PENAC denies them.

25   189.   To the extent that the allegations in the first sentence of Paragraph 189 state legal

26   contentions, no response is required.  To the extent the allegations contained in Paragraph 189

27   refer to public statements by government authorities, those statements speak for themselves and

28

no response is required.   To the extent that the allegations in Paragraph 189 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 189 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

190.    The allegations in Paragraph 190 are not directed at PENAC and, therefore, no response is required.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 190 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

191.    To the extent the allegations contained in Paragraph 191 refer to public filings by government authorities, those filings speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 191 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

192.    PENAC avers that the use of the term "Philips" renders the Amended Complaint indefinite and uncertain as to PENAC.  To the extent the allegations contained in Paragraph 192 refer to news reports, those reports speak for themselves and no response is required.   To the extent that the allegations in Paragraph 192 relate to the other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 192 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

193.    To the extent the allegations contained in Paragraph 193 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 193 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

them.  PENAC denies the allegation and implication that the allegations in Paragraph 193 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

194.    To the extent the allegations contained in Paragraph 194 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 194 relate to the other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 194 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

195.    To the extent the allegations contained in Paragraph 195 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 195 relate to the other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 195 have any relevance to the Amended Complaint or the purported acts or omissions of PENAC.

196.    To the extent that the allegations in Paragraph 196 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 196 refer to public statements there listed, those statements speak for themselves and no response is required. PENAC admits the existence of the trade associations Korea Display Conference, Korean Display Equipment Material Industry Association, and Electronic Display Industrial Research Association of Korea, but PENAC denies that such descriptions are accurate or complete.  To the extent that the allegations in Paragraph 196 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 196 relate to PENAC, PENAC denies them.

197.    The allegations in Paragraph 197 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 and, on that basis, denies them.

198.    The allegations in Paragraph 198 are not directed at PENAC and, on that basis, no

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA
CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

1   response is required.   PENAC otherwise lacks knowledge or information sufficient to form a

2   belief as to the truth of the allegations in Paragraph 198 and, on that basis, denies them.

3   199.   To the extent that the allegations in Paragraph 199 state legal contentions, no

4   response is required.   PENAC admits the existence of the Society for Information Display, but

5   PENAC denies that such descriptions are accurate or complete.   To the extent that the allegations

6   in Paragraph 199 relate to other defendants, PENAC lacks knowledge or information sufficient to

7   form a belief as to their truth and, on that basis, denies them.   To the extent that the allegations in

8   Paragraph 199 relate to PENAC, PENAC denies all of the allegations.

9   200.   To the extent that the allegations in Paragraph 200 state legal contentions, no

10   response is required.   To the extent that the allegations in Paragraph 200 relate of other

11   defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

12   and, on that basis, denies them.   To the extent that the allegations in Paragraph 200 relate to

13   PENAC, PENAC denies all of the allegations.

14   201.   The allegations in Paragraph 201 are legal contentions to which no response is

15   required. To the extent that the allegations in Paragraph 201 relate to other defendants, PENAC

16   lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

17   denies them.   To the extent that the allegations in Paragraph 201 relate to PENAC, PENAC

18   denies all of the allegations.

19   202.   The allegations in Paragraph 202 are not directed at PENAC and, on that basis, no

20   response is required.   To the extent that the allegations in Paragraph 202 purport to quote

21   statements by Panasonic, those statements speaks for themselves and no response is required.

22   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

23   allegations in Paragraph 202 and, on that basis, denies them.

24   203.   The allegations in Paragraph 203 are not directed at PENAC and, on that basis, no

25   response is required.   PENAC otherwise lacks knowledge or information sufficient to form a

26   belief as to the truth of the allegations in Paragraph 203 and, on that basis, denies them.

27   204.   The allegations in Paragraph 204 are not directed at PENAC and, on that basis, no

28

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA
CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 and, on that basis, denies them.

205.    The allegations in Paragraph 205 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 and, on that basis, denies them.

206.    The allegations in Paragraph 206 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 and, on that basis, denies them.

207.    The allegation in the first sentence of Paragraph 207 is a legal contention to which no response is required.  With regard to the allegations in the second sentence, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.  PENAC denies any remaining allegations contained in Paragraph 207.

208.    To the extent that the allegations in Paragraph 208 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.

209.    PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and, on that basis, denies them.

210.    To the extent that the allegations in Paragraph 210 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 210 are derived from or purport to quote an industry news article, that article speaks for itself and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 and, on that basis, denies them.  To the extent that the allegations in Paragraph 210 relate to PENAC, PENAC denies all of the allegations.

211.    To the extent the allegations contained in Paragraph 211 are derived from or purport to quote a keynote speaker at a conference, that speaker speaks for himself and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 and, on that basis, denies them.

212.   With regard to the first and second sentences of Paragraph 212, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.   The third sentence of Paragraph 212 states legal contentions to which no response is required.   To the extent that the allegations in Paragraph 212 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 212 relate to PENAC, PENAC denies all of the allegations.

213.   To the extent that the allegations in Paragraph 213 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 and, on that basis, denies them.  To the extent that the allegations in Paragraph 213 relate to PENAC, PENAC denies all of the allegations.

214.   The allegations in Paragraph 214 are not directed at PENAC and, therefore, no response is required.   To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 and, on that basis, denies them.

215.   To the extent the allegations of Paragraph 215 state legal contentions, no response is required.   To the extent a response is required and the allegations in Paragraph 215 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent a response is required and the allegations in Paragraph 215 relate to PENAC, PENAC denies all of the allegations.

216.   To the extent the allegations of Paragraph 216 and its subparts state legal contentions, no response is required.   To the extent a response is required, PENAC denies each and every allegation in Paragraph 216, including its subparts.

## VII.   ALLEGATIONS CONCERNING PLAINTIFFS' INJURIES

217.   The allegations in Paragraph 217 state legal contentions, for which no response is required.   To the extent that a response is required and the allegations in Paragraph 217 relate to

1   Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and,

2   on that basis, denies them.  To the extent that a response is required and the allegations in

3   Paragraph 217 relate to other defendants, PENAC lacks knowledge or information sufficient to

4   form a belief as to their truth and, on that basis, denies them.  To the extent that a response is

5   required and the allegations in Paragraph 217 relate to PENAC, PENAC denies them.  PENAC

6   denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of

7   PENAC as alleged in the Amended Complaint, and further denies that Plaintiffs are entitled to

8   any relief under any theory by means of the allegations set forth in the Amended Complaint.

9           218.    The allegations in Paragraph 218 state legal contentions, for which no response is

10   required.  To the extent that a response is required and the allegations in Paragraph 218 relate to

11   Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and,

12   on that basis, denies them.  To the extent that a response is required and the allegations in

13   Paragraph 218 relate to other defendants, PENAC lacks knowledge or information sufficient to

14   form a belief as to their truth and, on that basis, denies them.  To the extent that a response is

15   required and the allegations in Paragraph 218  relate to PENAC, PENAC denies them.

16          219.    The allegations in Paragraph 219 state legal contentions, for which no response is

17   required.  To the extent that a response is required and the allegations in Paragraph 219 relate to

18   Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and,

19   on that basis, denies them.  To the extent that a response is required and the allegations in

20   Paragraph 219 relate to other defendants, PENAC lacks knowledge or information sufficient to

21   form a belief as to their truth and, on that basis, denies them.  To the extent that a response is

22   required and the allegations in Paragraph 219 relate to PENAC, PENAC denies them.  PENAC

23   denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of

24   PENAC as alleged in the Amended Complaint, and further denies that Plaintiffs are entitled to

25   any relief under any theory by means of the allegations set forth in the Amended Complaint.

26          220.    The allegations in Paragraph 220 state legal contentions, for which no response is

27   required.  PENAC admits that the allegations in Paragraph 220 purport to describe CRT

28

technology, but PENAC denies that such descriptions are accurate or complete.

221.    The allegations in Paragraph 221 state legal contentions, for which no response is required.  To the extent that the allegations in Paragraph 221 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent that the allegations in Paragraph 221 relate to PENAC, PENAC denies all of the allegations.

222.    The allegations in Paragraph 222 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 222 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 222 relate to PENAC, PENAC denies them.

223.    PENAC denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint and alleged in Paragraph 223.

**VIII. <u>ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT</u>**

224.    To the extent that the allegations in Paragraph 224 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 224 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 224 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 224 relate to PENAC, PENAC denies all of the allegations.

225.    To the extent that the allegations in Paragraph 225 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 225 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 225 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 225 relate to PENAC, PENAC

1   denies all of the allegations.

2          226.    To the extent that the allegations in Paragraph 226 state legal contentions, no

3   response is required.   To the extent that the allegations in Paragraph 226 relate to other

4   defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

5   and, on that basis, denies them.  To the extent that the allegations in Paragraph 226 relate to

6   PENAC, PENAC denies all of the allegations.

7          227.    To the extent that the allegations in Paragraph 227 state legal contentions, no

8   response is required.  PENAC otherwise denies all of the allegations in Paragraph 227.

9          228.    To the extent that the allegations in Paragraph 228 state legal contentions, no

10  response is required.   To the extent that the allegations in Paragraph 228 relate to Plaintiffs,

11  PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that

12  basis, denies them.  To the extent that the allegations in Paragraph 228 relate to other defendants,

13  PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that

14  basis, denies them.  To the extent that the allegations in Paragraph 228 relate to PENAC, PENAC

15  denies all of the allegations.

16         229.    To the extent that the allegations in Paragraph 229 state legal contentions, no

17  response is required.   To the extent that the allegations in Paragraph 229 relate to other

18  defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

19  and, on that basis, denies them.   To the extent that the allegations in Paragraph 229 relate to

20  PENAC, PENAC denies all of the allegations.

21         230.    To the extent that the allegations in Paragraph 230 state legal contentions, no

22  response is required.   To the extent that the allegations in Paragraph 230 relate to other

23  defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

24  and, on that basis, denies them.   To the extent that the allegations in Paragraph 230 relate to

25  PENAC, PENAC denies all of the allegations.

26         231.    With regard to the first and second sentences of Paragraph 231, PENAC lacks

27  knowledge or information sufficient to form a belief as to the truth of the allegations and,

28

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA
CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

therefore, denies them.   The allegations in the third sentence of Paragraph 231 state legal contentions, for which no response is required.   To the extent a response is required and the allegations in the third sentence relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent a response is required and the allegations in Paragraph 231 relate to PENAC, PENAC denies all of the allegations.

232.   With regard to the first and second sentences of Paragraph 232, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.   The allegations in the second and third sentences of Paragraph 232 state legal contentions, for which no response is required.   To the extent that the third sentence of Paragraph 232 requires a response, PENAC denies all of the allegations.

233.   PENAC avers that the use of the term "Philips" in Paragraph 233 renders the allegations indefinite and uncertain as to PENAC.   To the extent that the allegations in Paragraph 233 are derived from or purport to quote published statements made by a Deputy General Manager for an LG Electronics distributor, those statements speak for themselves and no response is required.   To the extent that the allegations in Paragraph 233 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent the allegations in Paragraph 233 relate to PENAC, PENAC denies all of the allegations.

234.   The allegations in Paragraph 234 are not directed at PENAC and, therefore, no response is required.   To the extent that a response is required and the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 and, on that basis, denies them.   To the extent that a response is required and the allegations in Paragraph 234 relate to PENAC, PENAC denies all of the allegations.

235.   To the extent that the allegations in Paragraph 235 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 235 relate to Plaintiffs,

1    PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that

2    basis, denies them.  To the extent that the allegations in Paragraph 235 relate to other defendants,

3    PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that

4    basis, denies them.  To the extent the allegations in Paragraph 235 relate to PENAC, PENAC

5    denies all of the allegations.

6              **IX.     ALLEGATIONS CONCERNING TOLLING**

7              236.    The allegations in Paragraph 236 state legal contentions to which no response is

8    required.  To the extent the allegations in Paragraph 236 relate to Plaintiffs' state claims which

9    were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is

10   required.  To the extent the allegations in Paragraph 236 require a response, PENAC denies them.

11             237.    The allegations in Paragraph 237 state legal contentions to which no response is

12   required.  To the extent the allegations in Paragraph 237 relate to Plaintiffs' state claims which

13   were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is

14   required.  To the extent the allegations in Paragraph 237 require a response, PENAC denies them.

15             238.    The allegations in Paragraph 238 state legal contentions to which no response is

16   required.  To the extent the allegations in Paragraph 238 relate to Plaintiffs' state claims which

17   were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is

18   required.  To the extent the allegations in Paragraph 238 require a response, PENAC denies them.

19             239.    The allegations in Paragraph 239 state legal contentions to which no response is

20   required.  To the extent the allegations in Paragraph 239 relate to Plaintiffs' state claims which

21   were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is

22   required.  To the extent the allegations in Paragraph 239 require a response, PENAC denies them.

23             240.    The allegations in Paragraph 240 state legal contentions to which no response is

24   required.  To the extent the allegations in Paragraph 240 relate to Plaintiffs' state claims which

25   were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is

26   required.  To the extent the allegations in Paragraph 240 require a response, PENAC denies them.

27             241.    The allegations in Paragraph 241 state legal contentions to which no response is

28

required.  To the extent the allegations in Paragraph 241 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.  To the extent the allegations in Paragraph 241 require a response, PENAC denies them.

242.    The allegations in Paragraph 242 state legal contentions to which no response is required.  To the extent the allegations in Paragraph 242 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.  To the extent the allegations in Paragraph 242 require a response, PENAC denies them.

243.    The allegations in Paragraph 243 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), and, therefore, require no response.

244.    The allegations in Paragraph 244 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), and, therefore, require no response.

## X.  ALLEGATIONS CONCERNING CLAIM FOR VIOLATIONS

245.    PENAC repeats and incorporates by reference its responses to Paragraph 1 through 245 of the Amended Complaint with the same force and effect as if set forth herein at length.

246.    The allegations in Paragraph 246 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 246 require a response, PENAC denies all allegations.

247.    The allegations in Paragraph 247 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 247 require a response, PENAC denies all allegations.

248.    The allegations in Paragraph 248 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 248 require a response, PENAC denies each and every allegation.

249.    The allegations in Paragraph 249 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 249 require a response,

PENAC denies each and every allegation.

250.    The allegations in Paragraph 250 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that the allegations in Paragraph 250 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 250 and its subparts relate to PENAC, PENAC denies all of the allegations.

251.    The allegations in Paragraph 251 constitute legal contentions and/or conclusions to which no response is required.  To the extent that the allegations in Paragraph 251 relate to Plaintiffs, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 251 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 251 relate to PENAC, PENAC denies all of the allegations.

252 - 259.  PENAC repeats and incorporates by reference its responses to Paragraph 1 through 251 of the Amended Complaint with the same force and effect as if set forth herein at length.  The allegations in Paragraphs 252 through 259 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433) and, therefore, require no response.

260 - 268.  PENAC repeats and incorporates by reference its responses to Paragraph 1 through 259 of the Amended Complaint with the same force and effect as if set forth herein at length.  The allegations in Paragraphs 260 through 268 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433) and, therefore, require no response.

269 - 276.  PENAC repeats and incorporates by reference its responses to Paragraph 1 through 268 of the Amended Complaint with the same force and effect as if set forth herein at length.  The allegations in Paragraphs 269 through 276, including their subparts, relate to

1   Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

2   No. 2433) and, therefore, require no response.

3                   **XI.  ALLEGATIONS CONCERNING PRAYER FOR RELIEF**

4           With respect to Plaintiffs' allegations concerning prayer for relief, PENAC denies that

5   Plaintiffs suffered any injury or incurred any damages by any act or omission of PENAC as

6   alleged in the Amended Complaint, and further denies that Plaintiffs are entitled to any relief

7   under any theory by means of the allegations set forth in the Amended Complaint. All allegations

8   of the Amended Complaint not heretofore admitted or denied are here and now denied as though

9   specifically denied herein.  To the extent that Plaintiffs' prayer for relief relates to their state law

10  claims which  were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no

11  response is required.

12                  **XII. ALLEGATION CONCERNING JURY TRIAL DEMAND**

13          To the extent any response is required to Plaintiffs' Jury Trial Demand, PENAC admits

14  that Plaintiffs purports to demand a trial by jury pursuant to Federal Rule of Civil Procedure

15  38(b).

16                             **AFFIRMATIVE DEFENSES**

17          Without assuming any burden it would not otherwise bear, PENAC asserts the following

18  additional and/or affirmative defenses to Plaintiffs' Second Amended Complaint:

19                          **FIRST AFFIRMATIVE DEFENSE**

20                            **(Failure to State a Claim)**

21          The Second Amended Complaint, and each of its claims for relief, fails to state sufficient

22  facts upon which relief can be granted.

23                         **SECOND AFFIRMATIVE DEFENSE**

24                      **(Lack of Subject Matter Jurisdiction)**

25          The conduct alleged to provide a basis for the claims of Plaintiffs did not have a direct,

26  substantial, and reasonably foreseeable effect on trade or commerce within the United States.

27  The Court, therefore, lacks subject matter jurisdiction of the claims of Plaintiffs.

28

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)**

Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

**FOURTH AFFIRMATIVE DEFENSE**

**(Vagueness of Claims)**

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because its claims are ambiguous and/or unintelligible.  PENAC avers that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit PENAC to ascertain what other defenses may exist.  PENAC therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Plead Conspiracy with Particularity)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitation)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unilateral Action)**

Plaintiffs' claims are barred, in whole or in part, because the actions or practices of PENAC that are the subject of the Second Amended Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of PENAC's independent interests, and were not the product of any contract, combination or conspiracy between PENAC and any other person or

entity.

## EIGHTH AFFIRMATIVE DEFENSE

### (Rule of Reason)

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of PENAC that are the subject of the Second Amended Complaint were adopted in furtherance of legitimate business interests of PENAC and do not unreasonable restrain competition.

## NINTH AFFIRMATIVE DEFENSE

### (Competition)

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of PENAC that are the subject of the Second Amended Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

## TENTH AFFIRMATIVE DEFENSE

### (Non-actionable or Governmental Privilege)

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of PENAC that is the subject of the Second Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Act of PENAC)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have not been injured in its business or property by reason of any action of PENAC.

## TWELFTH AFFIRMATIVE DEFENSE

### (Intervening Conduct)

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of PENAC and/or were

1  caused, if at all, solely and proximately by the conduct of third parties including, without

2  limitations, the prior, intervening or superseding conduct of such third parties.

3  **THIRTEENTH AFFIRMATIVE DEFENSE**

4  (*Ultra Vires*)

5  To the extent that any actionable conduct occurred, Plaintiffs' claims against PENAC are

6  barred because all such conduct would have been committed by individuals acting *ultra vires*.

7  **FOURTEENTH AFFIRMATIVE DEFENSE**

8  **(Damages Passed On)**

9  Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part,

10  because any injury or damage alleged in the Second Amended Complaint, which PENAC

11  specifically denies, was passed on to persons or entities other than Plaintiffs and/or was passed on

12  by Plaintiffs to other parties.

13  **FIFTEENTH AFFIRMATIVE DEFENSE**

14  **(Withdrawal)**

15  To the extent that any actionable conduct occurred for which PENAC is liable, some or all

16  of Plaintiffs' claims against PENAC are barred because PENAC withdrew from and/or

17  abandoned any alleged conspiracy prior to the commencement of the limitations period set forth

18  in applicable statutes of limitations.

19  **SIXTEENTH AFFIRMATIVE DEFENSE**

20  **(Failure to Mitigate Damages)**

21  Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs failed to take

22  all necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

23  **SEVENTEENTH AFFIRMATIVE DEFENSE**

24  **(Unjust Enrichment)**

25  Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

26  part, because Plaintiffs would be unjustly enriched if it was allowed to recover any part of the

27  damages alleged in the Second Amended Complaint.

28

<table><tbody><tr><td>1</td><td></td></tr><tr><td>2</td><td></td></tr></tbody></table>

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Set Off)**

Without admitting that Plaintiffs are entitled to recover damages in this matter, PENAC is entitled to set off from any recovery Plaintiffs may obtain against PENAC any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Legal Acts)**

Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Acquiescence)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiffs' acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to PENAC.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

**(Accord and Satisfaction)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Improper Forum/Arbitration)**

Plaintiffs' claims against PENAC are barred to the extent that Plaintiffs have agreed to arbitration or chosen a different forum for the resolution of its claims.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs have available an adequate remedy at law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Join Indispensable Parties)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Due Process)**

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Due Process clause of the Fifth Amendment of the United States Constitution.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Due Process)**

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Due Process provision of the Fourteenth Amendment of the United States Constitution.

**THIRTIETH AFFIRMATIVE DEFENSE**

1

**(Equal Protection)**

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States Constitution.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Double Jeopardy)**

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

Plaintiffs' claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Excessive Fines provision of the Eighth Amendment of the United States Constitution.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Unconstitutional Multiplicity)**

To the extent any recovery by Plaintiffs would be duplicative of recovery by other plaintiffs and other lawsuits, subjecting PENAC to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Foreign Sales)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover damages, if any, based on sales outside of the United States.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Second Amended Complaint, the fact and extent of which PENAC specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs and/or third parties or entities, other than PENAC.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(Failure To Plead Damages With Specificity)**

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to plead damages with specificity as required by the federal laws cited.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

**(Injury or Damages Offset by Benefits Received)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiffs received with respect to the challenged conduct.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

**(Proportionality)**

To the extent PENAC is found liable for damages, the fact and extent of which are expressly denied by PENAC, those damages must be reduced in proportion to PENAC's degree of fault.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

**(Release)**

The claims of one or more of the persons or entities Plaintiffs purport to represent are barred because they have been released.

### FORTIETH AFFIRMATIVE DEFENSE

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

**(No 'Full Consideration' Damages)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to "full consideration" damages.

## FORTY-FIRST AFFIRMATIVE DEFENSE

**(Other Defenses Incorporated by Reference)**

PENAC adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that PENAC may share in such affirmative defenses.

## FORTY-SECOND AFFIRMATIVE DEFENSE

**(Reservation of Rights to Assert Additional Defenses)**

PENAC has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. PENAC further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

**WHEREFORE**, PENAC prays as follows:

1.   That Plaintiffs take nothing by way of the Second Amended Complaint and the Second Amended Complaint be dismissed with prejudice;

2.   That judgment be entered in favor of PENAC and against Plaintiffs on each and every claim for relief set forth in the Complaint;

3.   That PENAC recover its costs of suit and attorneys' fees incurred herein; and

4.   That PENAC be granted such other and further relief as the Court deems just and proper.

Dated: March 26, 2014                    Respectfully Submitted:

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: /s/ Jon V. Swenson
Jon V. Swenson (SBN 233054)
BAKER BOTTS L.L.P.

*Attorney for Defendant Philips Electronics
North America Corporation*

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO TECH DATA
CORPORATION'S AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT