Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys Specially Appearing for Defendants*
*Philips Taiwan Limited and Philips do Brasil Ltda.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) Case No. 07-5944-SC <br> ) <br> ) MDL No. 1917 <br> ) <br> ) **PHILIPS TAIWAN LIMITED'S AND** <br> ) **PHILIPS DO BRASIL LTDA.'S MOTION** <br> ) **TO DISMISS FOR INSUFFICIENT** <br> ) **SERVICE OF PROCESS AND LACK OF** <br> ) **PERSONAL JURISDICTION** |
| This Document Relates to: <br><br> ALL INDIRECT PURCHASER ACTIONS | ) <br> ) Date:          May 30, 2014 <br> ) Time:         10:00 a.m. <br> ) Place:        Hon. Samuel P. Conti <br> ) Special Master: Hon. Vaughn R. Walker, <br> )                      U.S. District Judge (Ret.) <br> ) <br> ) <br> ) |

1

## <u>NOTICE OF MOTION AND MOTION</u>

2    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3            PLEASE TAKE NOTICE that on May 30, 2014, at 10:00 a.m., or as soon as the matter may be

4    heard by the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the

5    Northern District of California, Courtroom No. 1, 17th Floor, 450 Golden Gate Avenue, San Francisco,

6    California 94102, Defendants Philips Taiwan Limited ("PTL") and Philips do Brasil Ltda. ("PDBL")[1]

7    will and hereby do move this Court, in accordance with Federal Rules of Civil Procedure 12(b)(5) and

8    12(b)(2), for an Order dismissing with prejudice the claims asserted by the Indirect Purchaser Plaintiffs

9    ("IPPs") against them.  The IPPs failed to serve PTL and PDBL in the almost five years since these

10   defendants were named in the IPPs' First Consolidated Amended Complaint—far outside the 120 days

11   allowed for service under the Federal Rules.  The Court should not permit this inexcusable delay.  To

12   allow these defendants to be added at this late stage would surely require additional discovery, greatly

13   prejudice PTL and PDBL's ability to prepare their defense, and further delay the Court's trial schedule.

14   The IPPs' claims against PTL and PDBL should be dismissed for untimely service of process and

15   failure to prosecute.

16           Further, when the IPPs finally attempted to serve these defendants, the service was insufficient

17   as a matter of law because the IPPs failed to obtain a Court order allowing service outside the letters

18   rogatory process.  For these reasons, the IPPs' attempted service must be quashed, and their claims

19   against PTL and PDBL must be dismissed for insufficient service of process under Rule 12(b)(5).

20   Further, even if the IPPs had sufficiently served PTL and PDBL with process, the IPPs' claims against

21   these defendants must be dismissed under Rule 12(b)(2) because the IPPs have failed to adequately

22   allege that the Court has personal jurisdiction over PTL and PDBL.

23

24

---

25   [1] Indirect Purchaser Plaintiffs' Amended Complaints name Philips Electronics Industries (Taiwan),
26   Ltd. and Philips da Amazonia Industria Electronica Ltda. as defendants.  These entities have been
     merged into PTL and PDBL, respectively.  This motion will refer to these entities by their current
27   names.

28

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, Declaration of Erik T. Koons, and related exhibits, argument of counsel, and such other matters as the Court may consider.

1

## **TABLE OF CONTENTS**

2  NOTICE OF MOTION AND MOTION ........................................................................................i

3  MEMORANDUM OF POINTS AND AUTHORITIES ..............................................................1

4  ISSUES TO BE DECIDED .......................................................................................................1

5  INTRODUCTION .....................................................................................................................2

6  BACKGROUND .......................................................................................................................3

7  ARGUMENT .............................................................................................................................4

8
   I.       The IPPs' Claims Against PTL and PDBL Should Be Dismissed For
9            Failure to Timely Serve These Defendants ....................................................................4

10  II.      The IPPs' Purported Service Is Insufficient As A Matter Of Law ................................6

11  III.     The Court Should Not Allow The IPPs To Serve PTL And PDBL Through
12           Counsel For Separately Appearing Defendants .............................................................8

13  CONCLUSION .........................................................................................................................9

14  CERTIFICATE OF SERVICE ................................................................................................11

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

CASES

4

*Bolden v. City of Topeka,*
   441 F.3d 1129 (10th Cir. 2006) ............................................................................ 4

5

*Brockmeyer v. May,*
6   383 F.3d 798 (9th Cir. 2004) ................................................................................ 7

7

*Fujitsu Limited v. Belkin Int'l, Inc.,*
   782 F. Supp. 2d 868 (N.D. Cal. 2011) .................................................................. 8

8

*Kowalski v. Anova Food, LLC,*
9   Civil No. 11-00795 HG-RLP, 2012 WL 3308886 (D. Hi. Aug. 10, 2012) ........... 7, 9

10

*Kuklachev v. Gelfman,*
   No. 08-CV-2214, 2008 WL 5068860 (E.D.N.Y. Nov. 24, 2008) .......................... 8

11

*Lucas v. Natoli,*
12   936 F.2d 432 (9th Cir. 1991) ................................................................................ 6

13

*Montalbano v. Easco Hand Tools, Inc.,*
   766 F.2d 737 (2d Cir. 1985) .................................................................................. 6

14

*NCS Pearson, Inc. v. Measurement Inc.,*
15   No. Civ. 02-382, 2003 WL 21010965 (D. Minn. May 2, 2003) ............................ 5

16

*Nylok Corp. v. Fastener World Inc.,*
   396 F.3d 805 (7th Cir. 2005) ................................................................................ 6

17

*Rio Properties v. Rio Int'l Interlink,*
18   284 F.3d 1007 (9th Cir. 2002) ........................................................................ 7, 8, 9

19

*Ritts v. Dealers Alliance Credit Corp.,*
   989 F. Supp. 1475 (N.D. Ga. 1997) ...................................................................... 5

20

OTHER AUTHORITIES

21

5B Charles Alan Wright & Arthur Miller,
22   *Federal Practice and Procedure* § 1353 (3d ed. 2004) ....................................... 5

23

Federal Rule of Civil Procedure 4(f) ............................................................... 5, 6, 7, 8, 9

24

Federal Rule of Civil Procedure 4(h) ....................................................................... 6

25

Federal Rule of Civil Procedure 4(m) .............................................................. 4, 5, 6

26

Federal Rule of Civil Procedure 12(b) .............................................................. 1, 4, 8

27

Federal Rule of Civil Procedure 41(b) .................................................................. 1, 5

28

## MEMORANDUM OF POINTS AND AUTHORITIES

In accordance with Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2), Philips Taiwan Limited ("PTL") and Philips do Brasil Ltda. ("PDBL"), appearing specially through undersigned counsel,[2] hereby file this memorandum in support of their motion to dismiss the Indirect Purchaser Plaintiffs' ("IPPs") Fourth Consolidated Amended Complaint for insufficient service of process and lack of personal jurisdiction.[3]

## ISSUES TO BE DECIDED

1)   Whether the IPPs' claims against PTL and PDBL must be dismissed for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) and failure to prosecute under Federal Rule of Civil Procedure 41(b), where the IPPs failed to attempt service on PTL and PDBL for almost five years after the IPPs' First Consolidated Amended Complaint was filed.

2)   Whether the IPPs' claims against PTL and PDBL must be dismissed for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5), where the IPPs did not serve PTL and PDBL through the letters rogatory process and did not obtain an order of the Court allowing service on PTL and PDBL through counsel for these defendants' parent and sister companies.

3)   Whether the IPPs have sufficiently alleged that the Court can exercise personal jurisdiction over PTL and PDBL.

---

[2] Undersigned counsel are only appearing to assert PTL and PDBL's motion to dismiss for insufficient service of process and lack of personal jurisdiction. This appearance is not meant to, and does not, constitute a general appearance or a waiver of any objections PTL and PDBL have to the sufficiency of the IPPs' service of process and allegations related to personal jurisdiction.

[3] As explained below, *see infra* p. 3, PTL and PDBL filed a motion to dismiss the IPPs' First Consolidated Amended Complaint for lack of personal jurisdiction on May 18, 2009. That motion is still pending and is incorporated into this motion. A copy of the motion and related filings is attached as Exhibit A to the accompanying Declaration of Erik T. Koons ("Koons Decl.").

**<u>INTRODUCTION</u>**

The IPPs waited almost five years since the filing of their First Consolidated Amended Complaint before attempting to serve PTL and PDBL.  After sitting on their hands for so long, it is only now—at the very end of discovery—that the IPPs purport to serve these entities and bring them into the litigation.  These entities' only unique involvement in the IPPs' action to date has been to contest jurisdiction and process—a live motion that itself was filed almost five years ago and to which the IPPs have not responded.  The Court should not condone this inexplicable delay.  The die has been cast; the parties are nearing the end of discovery and are preparing in earnest for trial.  Indeed, the deadline for PTL and PDBL to submit expert reports on any affirmative defenses is in less than three weeks.  To allow these defendants to be added at this late stage would surely require additional discovery, greatly prejudice these parties' ability to prepare their defense and join in any expert reports, and further delay the Court's trial schedule.  The IPPs' claims against PTL and PDBL should be dismissed for untimely service of process and failure to prosecute.

The IPPs' tardiness is only compounded by the insufficiency of their purported service on PTL and PDBL.  The IPPs purport to serve these entities by sending their Fourth Consolidated Amended Complaint and the summons to U.S. counsel who has not appeared on behalf of these defendants and is not authorized to accept service on their behalf.  This purported service is insufficient as a matter of law as it was obtained without court order.  The Court should not lend its imprimatur to the IPPs' delinquency by now approving this inadequate service on the U.S. counsel for PTL and PDBL's parent and sister companies as doing so at this late juncture will prejudice these defendants' abilities to effectively defend against the IPPs' claims.

Finally, even if service had been timely and sufficient, the IPPs have failed to adequately allege that the Court has personal jurisdiction over PTL and PDBL.  The IPPs' sole basis for invoking the Court's jurisdiction is a wholly unsupported, boilerplate allegation—despite years' worth of discovery—that PTL and PDBL "sold and distributed CRT Products either directly or through its subsidiaries or affiliates throughout the United States."  IPP 4th Cons. Am. Compl. ¶¶ 9, 56, 57.  This Court should not credit such unsupported allegations regarding these entities' purported contacts with

1    the United States in order to justify the exercise of jurisdiction over these foreign entities.  *See* Koons

2    Decl. ¶ 2, Ex. A (attaching PTL and PDBL's earlier-filed motion to dismiss and supporting

3    declarations).

4                                                **BACKGROUND**

5          The IPPs filed their First Consolidated Amended Complaint on March 16, 2009.  *See* Dkt. No.

6    437, ¶¶ 58, 59.  On March 19, 2009, the Court issued a summons for PTL and PDBL.  *See* Dkt. No.

7    439; *see also* Amended Summons, Dkt. No. 443 (Mar. 24, 2009).  Yet, for the next four years and

8    eleven months, the IPPs took no action to serve this summons and complaint—or any of the IPPs' later

9    amended complaints—on PTL or PDBL.  This includes the Fourth Consolidated Amended Complaint,

10   which was filed over fourteen months ago.  *See* Dkt. No. 1526 (Jan. 10, 2013).

11         On May 18, 2009, PTL and PDBL specially appeared in order to file a motion to dismiss for

12   lack of personal jurisdiction and insufficient service of process.  *See* Koons Decl., Ex. A.  In that

13   motion, PTL and PDBL expressly noted that they had never been properly served, but were submitting

14   the motion and joining other defendants' motions only because of the Court's Order regarding the

15   briefing of motions to dismiss.  *See id.* at 6 n.1.

16         On May 20, 2010, Special Master Legge issued a Report Regarding Case Management

17   Conference, noting that the parties had stipulated to the suspension of personal jurisdiction motions to

18   dismiss, pending further proceedings.  *See* Dkt. No. 718 at 2; *see also* Order Adopting Special Master's

19   Report, Dkt. No. 724 (June 3, 2010).  While Special Master Legge further believed that the parties

20   agreed that these motions would be withdrawn without prejudice, *see* dkt. no. 718 at 2, specially-

21   appearing counsel for PTL and PDBL clarified that "the parties have agreed to suspend all further

22   briefing and argument on these motions until such time as either the direct or indirect purchaser

23   plaintiffs decide to oppose said motions," but that the motions to dismiss should remain pending to

24   preserve PTL and PDBL's objection to personal jurisdiction.  *See* Dkt. No. 720 (May 25, 2010), Koons

25   Decl. ¶ 4, Ex. B (attaching Dkt. No. 720).

26         In February 2014, almost five years after the filing of the IPPs' First Consolidated Amended

27   Complaint, counsel for the IPPs contacted outside counsel for Koninklijke Philips N.V. ("KPNV") and

28

-3-

PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS
AND LACK OF PERSONAL JURISDICTION (3:07-CV-05944 SC, MDL NO. 1917)

1   Philips Electronics North America Corporation ("PENAC") and asked if he would accept service on

2   behalf of PTL and PDBL.  *See* Koons Decl. ¶ 7.[4]  Counsel for KPNV and PENAC informed counsel

3   for the IPPs that he was not authorized to accept service on behalf of PTL and PDBL and that the IPPs

4   would need to serve these defendants through proper channels.  *Id.*  The IPPs disregarded these

5   representations and proceeded to deliver a copy of the IPPs' Fourth Consolidated Amended Complaint

6   and summons on this U.S. counsel for KPNV and PENAC by certified mail dated February 18, 2014,

7   which the IPPs assert constitutes service of process on PTL and PDBL.  *Id.* ¶¶ 8, 9, Ex. C.

8                                            **ARGUMENT**

9   **I.      THE IPPS' CLAIMS AGAINST PTL AND PDBL SHOULD BE DISMISSED
            FOR FAILURE TO TIMELY SERVE THESE DEFENDANTS**

10

11          The IPPs' First Consolidated Amended Complaint was filed almost five years ago.  The IPPs'

12   Fourth Consolidated Amended Complaint was filed fourteen months ago.   Yet, the IPPs did not

13   attempt to serve PTL and PDBL with any complaint until February 18, 2014.  This service is untimely

14   and is indicative of the IPPs' utter failure to prosecute their claims against PTL and PDBL over the last

15   five years.   The Court should exercise its discretion and dismiss the IPPs' claims against these

16   defendants for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).

17          Federal Rule of Civil Procedure 4(m) gives district courts the discretion to dismiss complaints

18   that are not served within 120 days of their filing. Fed. R. Civ. P. 4(m).  This 120-day period begins to

19   run the first time a defendant is named in a complaint, and does not restart when an amended

20   complaint is filed.  *See Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006).  Thus, the 120-

21   day limit for the IPPs to serve PTL and PDBL began running when the IPPs' First Consolidated

22   Amended Complaint was filed on March 16, 2009, s*ee* dkt. no. 437, ¶¶ 58, 59, and expired on July 14,

23   2009—four years and seven months before the IPPs' purported service.  Even if the IPPs' subsequent

24   complaints somehow extended the time limit for service—which they did not—the 120-day period for

25   ---

    [4] This communication occurred almost three months after a prior communication with the IPPs, in
26   which counsel for the IPPs stated that they were considering whether to pursue claims against PTL and
    PDBL or simply dismiss these entities.  *See* Koons Decl. ¶ 6.  The IPPs did nothing to effect service on
27   PTL and PDBL between these two communications.

28

the IPPs' Fourth Consolidated Amended Complaint expired on May 10, 2013, over ten months before the IPPs' purported service.  The IPPs' service on PTL and PDBL is simply untimely and must be dismissed for insufficient service of process and failure to prosecute.  *See* Fed R. Civ. P. 4(m); 12(b)(5); 41(b) (allowing a court to dismiss a plaintiff's claim if the plaintiff "fails to prosecute" the claim); *see also* 5B Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2004) (noting that the scope of Rule 12(b)(5) motions to dismiss for insufficient service of process include objections to the timeliness of service under Rule 4(m) (citing *Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475 (N.D. Ga. 1997); *NCS Pearson, Inc. v. Measurement Inc.*, No. Civ. 02-382, 2003 WL 21010965 (D. Minn. May 2, 2003))).

Further, while Rule 4(m) allows courts to extend the time limit for service beyond the 120-day limit, the Court should not condone the IPPs' tardiness, *especially* given that the IPPs have no good cause for this delay.  *See* Fed. R. Civ. P. 4(m) (allowing an extension of the time limit for service "if the plaintiff shows good cause" for the failure to timely serve).  The IPPs have had almost *five years* to serve PTL and PDBL, either by initiating the letters rogatory process or asking the Court to order an alternative method of service, but have simply failed to do so.  *See* Fed. R. Civ. P. 4(f).  Instead, the IPPs seek to serve these defendants and bring them into their case now—with less than seven months before the close of discovery.  Such eleventh-hour brinksmanship should not be allowed by the Court. These defendants have not been involved in the years-long discovery that has occurred in the IPPs' case.  To bring them in now would subject these defendants to the IPPs' extraordinarily broad document requests and interrogatories.  Given the short time period prior to the close of discovery, PTL and PDBL will certainly be prejudiced in their ability to develop their case and defend themselves against the IPPs' claims, including the development and submission of timely expert reports.[5]  The IPPs' tardiness will also almost certainly affect the Court's pre-trial and trial schedule or require an entirely separate track, placing significant burdens and inefficiencies on the Court.  The IPPs—not the

---

[5] To the extent this motion to dismiss is denied, PTL and PDBL reserve the right to submit expert reports in support of any affirmative defenses they may have.

1  Court and not PTL and PDBL—should be required to live with the consequences of their inexplicable

2  delay and their failure to prosecute their claims against PTL and PDBL.  The IPPs' claims against

3  these defendants should be dismissed.

4         Finally, it is of no consequence that PTL and PDBL are foreign companies.  While Rule 4(m)

5  "does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)," Fed. R. Civ. P. 4(m), the

6  IPPs in this case never attempted to serve these companies "in a foreign country," but instead

7  attempted to serve them by mail to an attorney in *Washington, D.C.*  Koons Decl. ¶ 8.  Rule 4(m)'s

8  exception for service in a foreign country recognizes that "the timeliness of foreign service is often out

9  of the plaintiff's control" because of the length of time service may take under the Hague Convention

10  or the letters rogatory process.  *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005).

11  Such concerns clearly do not apply if service is purportedly effected by sending the summons and

12  complaint via the United States Postal Service to Washington, D.C., especially given that the IPPs did

13  not even *initiate* the process for years after filing.  Thus, Rule 4(m)'s exception does not apply to the

14  IPPs' purported service in this case and the IPPs' claims against PTL and PDBL should be dismissed

15  for failure to timely effect service and failure to prosecute.  *See Montalbano v. Easco Hand Tools, Inc.*,

16  766 F.2d 737, 740 (2d Cir. 1985) (finding "foreign country" exception to Rule 4(m) predecessor

17  inapplicable where plaintiff attempted to serve foreign company's U.S. agent).[6]

## II.     THE IPPS' PURPORTED SERVICE IS INSUFFICIENT AS A MATTER OF LAW

18

19

20         Not only did the IPPs fail to timely serve PTL and PDBL—and fail to prosecute their claims

21  against these defendants for the past five years—but the IPPs' February 2014 service is insufficient as

22  a matter of law.

23         PTL is a Taiwanese company and PDBL is a Brazilian company.  Pursuant to Federal Rule of

24  Civil Procedure 4(f) and 4(h), if these companies are to be served "at a place not within any judicial

25  ─────────────────

26  [6] The Ninth Circuit's holding in *Lucas v. Natoli*, 936 F.2d 432 (9th Cir. 1991), in which it
   distinguished *Montalbano*, is not to the contrary as *Lucas* deals only with the situation in which service

27  is made "in a foreign country," a situation not present here.

28

district of the United States," then they must be served pursuant to (1) the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, (2) the letters rogatory process, or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f), 4(h).

PTL and PDBL are both located in countries that have not joined the Hague Convention and thus must be served by the letters rogatory process. *See* http://www.hcch.net/ index_ en.php?act= conventions.status&cid=17 (status table).  The IPPs, however, failed to serve PTL and PDBL through this process in the almost five years since the filing of their First Consolidated Amended Complaint. Instead, on February 18, 2014, the IPPs mailed the summons and Fourth Consolidated Amended Complaint to outside counsel for KPNV and PENAC, even though the attorney had not appeared on behalf of either PTL or PDBL, informed the IPPs that he was not authorized to accept service on these defendants' behalf, and instructed the IPPs that they should formally serve these defendants.  *See* Koons Decl. ¶¶ 7–10, Ex. C.  Ignoring these identified deficiencies in their service, the IPPs assert in the cover letter to their purported service that they are serving PTL and PDBL "pursuant to the Court's Order Granting Indirect Purchaser Plaintiffs' Motion to Authorize Service on Certain Foreign Defendants Pursuant to Fed. R. Civ. P. 4(f)(3) (Dkt. No. 374)." *Id.* ¶ 9, Ex. C; *see also* Dkt. No. 2460 (Mar. 25, 2014) (IPPs' purported Proof of Service of Summons and Complaint).

This service is insufficient as a matter of law because the IPPs have never sought the Court's approval of this service.  Rule 4(f)(3) allows service "by other means not prohibited by international agreement, *as the court orders*."  Fed. R. Civ. P. 4(f)(3) (emphasis added).  The Court has never entered an order allowing service of process on PTL and PDBL through U.S. counsel representing separate companies in this action.  As the Ninth Circuit has clearly stated, "service under Rule 4(f)(3) must be . . . directed by the court."  *Rio Properties v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).  Thus, in *Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004), the Ninth Circuit held that Rule 4(f)(3) could not salvage plaintiffs' service because they had failed to "obtain prior court approval for the alternative method of service of process" that plaintiffs had attempted. *Id.* at 806.  Similarly, in *Kowalski v. Anova Food, LLC*, Civil No. 11-00795 HG-RLP, 2012 WL 3308886 (D. Hi. Aug. 10, 2012), the court denied the plaintiffs' request to deem as sufficient their prior service on defendant's

1  U.S. counsel under Rule 4(f)(3) because the plaintiffs "did not obtain a court order authorizing such

2  service prior to attempting to serve [defendant's] counsel. Accordingly, such attempted service was

3  invalid under the Federal Rules." *Id.* at *2; *accord Fujitsu Limited v. Belkin Int'l, Inc.*, 782 F. Supp. 2d

4  868, 874 n.5 (N.D. Cal. 2011) ("Rule 4(f)(3) does not apply because the Court has not directed or

5  ordered service in this case.").

6        The Court's September 3, 2008 Order does not authorize the IPPs to serve PTL and PDBL and,

7  indeed, could not have authorized such service given that PTL and PDBL were not even named as

8  defendants until the filing of the First Consolidated Amended Complaint six months later. The Court's

9  Order related solely to Defendants KPNV and Toshiba Corporation. *See* Dkt. No. 374 at 1 (Sept. 3,

10  2008). Because the Court's prior Order does not permit service on PTL and PDBL through outside

11  counsel for these defendants' parent and sister companies, the IPPs' belated service of process is

12  insufficient as a matter of law and should be quashed, and the IPPs' claims against PTL and PDBL

13  should be dismissed under Rule 12(b)(5).

14      **III.    THE COURT SHOULD NOT ALLOW THE IPPS TO SERVE PTL AND PDBL THROUGH COUNSEL FOR SEPARATELY APPEARING DEFENDANTS**

15

16        The Court should not only find that the IPPs' current service is insufficient as a matter of law,

17  but it should also refuse to allow the IPPs to serve PTL and PDBL through counsel for these

defendants' parent and sister companies under Rule 4(f)(3).[7]

18        The Ninth Circuit has made clear that in determining whether to authorize alternative service

19  under Rule 4(f)(3), courts must look at whether "the particularities and necessities of a given case

20  require alternate service of process." *Rio Props.*, 284 F.3d at 1016. This determination is "commit[ed]

21

22

23  [7] PTL and PDBL do not believe that service on outside U.S. counsel for a U.S. sister company can ever effectuate service under Rule 4(f)(3), which specifically applies to service "at a place not within any

24  judicial district of the United States." Fed. R. Civ. P. 4(f)(3); *see also Kuklachev v. Gelfman*, No. 08-CV-2214, 2008 WL 5068860, at *3 n.3 (E.D.N.Y. Nov. 24, 2008) (disagreeing with prior decision

25  allowing domestic service under Rule 4(f)(3), finding that the propriety of such service must be determined under Rule 4(e)). PTL and PDBL disagree with the holding in *Rio Properties* and

26  specifically reserve the right to challenge the applicability of Rule 4(f)(3) to service on U.S. counsel on

27  appeal.

28

1   to the sound discretion of the district court," and any notice must be "reasonably calculated, under all

2   the circumstances, to apprise interested parties of the pendency of the action and afford them an

3   opportunity to present their objections." *Id.* at 1016–17.

4   "[T]he particularities and necessities" of the IPPs' case do not "require alternate service of

5   process." *Rio Props.*, 284 F.3d at 1016.  The IPPs have had five years to serve PTL and PDBL

6   through the letters rogatory process and have failed to do so.  The IPPs surely could have completed

7   the letters rogatory process in this five-year period—there was no "necessity" warranting the present

8   use of Rule 4(f)(3).  Nor did the IPPs timely come to this Court and ask for an order allowing service

9   on PTL or PDBL through an alternate method under Rule 4(f)(3), or present any justification for their

10  failure to timely serve PTL and PDBL.  This is not a case where the defendants have evaded service or

11  where service has been thwarted for some other reason; the IPPs simply have been delinquent in

12  serving these defendants.  *See Rio Props.*, 284 F.3d at 1016 (noting that the plaintiff presented to the

13  district court "its inability to serve an elusive international defendant, striving to evade service of

14  process"); *Kowalski*, 2012 WL 3308886, at *2 (denying a request to serve under Rule 4(f)(3), in part,

15  because "[p]laintiffs have not presented any facts to suggest that [defendant] is evading service").

16  Further, bringing these defendants into the IPPs' action now—at the very end of discovery—

17  would most certainly deprive them of the "opportunity to present their objections" to the IPPs' claims.

18  *Rio Props.*, 284 F.3d at 1017.  As explained above, such a late start in the IPPs' litigation will

19  substantially prejudice PTL and PDBL's ability to prepare their defenses and engage in adequate

20  discovery.  It would thus be inequitable to allow the IPPs at this late hour to serve PTL and PDBL

21  through the counsel for KPNV and PENAC and the Court should not exercise its discretion to accept

22  service made (inadequately) to counsel for separately appearing defendants.

23                                          **CONCLUSION**

24  For the foregoing reasons, the Court should quash the IPPs' attempted service and dismiss the

25  IPPs' claims against PTL and PDBL with prejudice.

26

27

28

1   Dated: March 26, 2014                    By: /s/ Erik T. Koons
                                             Jon V. Swenson (SBN 233054)
2                                            BAKER BOTTS LLP
                                             1001 Page Mill Road
3                                            Building One, Suite 200
                                             Palo Alto, CA 94304-1007
4                                            Telephone: (650) 739-7500
                                             Facsimile: (650) 739-7699
5                                            Email: jon.swenson@bakerbotts.com
6
7                                            John M. Taladay (*pro hac vice*)
                                             Joseph Ostoyich (*pro hac vice*)
8                                            Erik T. Koons (*pro hac vice*)
                                             Charles M. Malaise (*pro hac vice*)
9                                            BAKER BOTTS LLP
                                             1299 Pennsylvania Ave., N.W.
10                                           Washington, DC 20004-2400
                                             Telephone: (202) 639-7700
11                                           Facsimile: (202) 639-7890
                                             Email: john.taladay@bakerbotts.com
12                                           Email: joseph.ostoyich@bakerbotts.com
                                             Email: erik.koons@bakerbotts.com
13                                           Email: charles.malaise@bakerbotts.com
14
15                                           *Attorneys Specially Appearing for Defendants Philips*
                                             *Taiwan Limited and Philips do Brasil Ltda.*
16
17
18
19
20
21
22
23
24
25
26
27
28

PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS
AND LACK OF PERSONAL JURISDICTION (3:07-CV-05944 SC, MDL NO. 1917)

1

## **CERTIFICATE OF SERVICE**

2        I hereby certify that on March 26, 2014, I electronically filed the foregoing Philips Taiwan

3  Limited's and Philips do Brasil Ltda.'s Motion to Dismiss for Insufficient Service of Process and

4  Lack of Personal Jurisdiction, the Declaration of Erik T. Koons, and related exhibits with the Clerk

5  of the Court using the CM/ECF system, which will send notification of such filing to the counsel

6  of record in this matter who are registered on the CM/ECF system.

7

8                                 By:  /s/ Erik T. Koons
                                       Erik T. Koons

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS
AND LACK OF PERSONAL JURISDICTION (3:07-CV-05944 SC, MDL NO. 1917)