FILED

MAR 27 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

March 19, 2014

Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Ave, 16th Floor
San Francisco, CA 94102

Mario N. Alioto
Trump, Alioto, Trump & Prescott LLP
2280 Union Street
San Francisco, CA 94123

Hojoon Hwang
Munger Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105

Re: *In re Cathode Ray Tube (CRT) Antitrust Litigation,* MDL No. 1917

Dear Sirs:

      On behalf of Jill K. Cannata ("the Objector"), I hereby transmit to the above-named addressees this letter setting forth written Objections to the settlement of the above-named class action. Objector indirectly purchased in the U.S., for her own use and not for resale, from March 1, 1995 through November 25, 2007, a CRT Product made by Defendants or their co-conspirators. Please find attached hereto, Exhibit A, identifying Objector's CRT Product. Please consider the following detailed Objections:

1.     The Notice of Settlement to the class does not disclose the specific amount of Attorneys' fees that will be requestedby Class Counsel, nor does it disclose any specific information to justify any particular fee in any particular amount. Instead, the Notice states vaguely that "[a]t a future time, Class Counsel will ask the Court for attorneys' fees not to exceed one-third (1/3) of the $25,000,000 Settlement Fund plus reimbursement of their costs and expenses, in accordance with the provisions of the Settlement."

2.     Because the Notice of Settlement does not contain any meaningful information about the amount of the fee or the basis for an amount of fee, when the Motion for Fees, is presented to the Court, after the Fairness Hearing on April 18, 2013 and this Settlement becomes final, as noted in the Settlement Agreement with LG Products in Paragraph 22, <u>Class Counsel's Attorneys' Fees and Reimbursement of Expenses</u>; the Class Members must be fully noticed in writing to the entire Class pursuant to the same procedures and methodology for Notice of the underlying settlement. This formal Notice of the fee request must also include a reasonable time period within which class members may object to the fee request, and/or opt out of the settlement.

3.     Federal Rule of Civil Procedure 23(H) provides:

> (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. **Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.**

> (2) A class member, or a party from whom payment is sought, **may object to the motion.** (Emphasis added.)

4. In this case, the Notice of Settlement imposes an Objection deadline of **March 20, 2014**. Class Counsel will file its Motion for Award of Attorneys' Fees after this Settlement becomes final without providing notice to class members in a reasonable manner and does not require a full notice in writing to the entire Class pursuant to the same procedures and methodology for Notice of the underlying settlement. Therefore, pursuant to Civil Rule 23(H), all of the class members must receive notice of the Motion for Attorneys' Fees when it is filed, and all of the class members must be afforded a reasonable time in which to object to said award of fees.

5. Because this case is so complex, involves many plaintiffs' firms and many attorneys who are seeking fees, this Objector and her counsel hereby request leave of Court to review the time records of class counsel so as to determine 1) to what extent there is any repetitive or unnecessary work; 2) to what extent billable time has been incurred by "contract attorneys" who have been hired on a temporary basis for this case only and who are being paid very low hourly fees; 3) whether any of the billable hours have been incurred by clerks, summer associates, paralegals, or secretaries, etc.; 4) to what extent hourly work has been incurred after the settlement has already been arrived at or finalized; and 5) to what extent the expenses sought for reimbursement are fully documented and justified.

6. In paragraph 20 of the Notice of Settlement, it is stated that "class counsel will ask the Court for attorneys' fees not to exceed one-third (1/3) of the $25,000,000 Settlement Fund plus reimbursement of their costs and expenses". Paragraph 10 of the Notice of Settlement goes on to state that Class Counsel "intends to request that the Court allow them to use up to $5 million from the settlement fund to pay expenses incurred, or to be incurred, in this litigation." It is apparent that Settlement Class Members will not receive any benefit, other than maybe some injunctive relief, in this Settlement.

7. Paragraph 16 also states that "[S]ubject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, defendant LG shall pay the Settlement Amount of $25,000,000 in United States Dollars (the "Settlement Amount"). This statement is clearly misleading to the class, as it is well-known that a settling defendant, such as LG in this case, will budget an entire amount for settlement that includes both the settlement money to the class and the attorneys' fees paid by class counsel. Accordingly, the less money that is necessary to be paid to class counsel as attorneys' fees; the more that is available to be paid to the Class. To state that any amount of fees awarded to the class counsel is irrelevant to the amount that can be obtained for the class in settlement is simply not true; that statement ignores all the laws of economics applicable to negotiating the settlement of a class action. Any future written notice to class members setting forth the details of a fee request should also correct this misstatement in the class notice already set out; the new notice should make it clear that the amount of attorneys' fees awarded and/or expected to be paid can have an effect on the amount of the underlying settlement benefits.

8. Notwithstanding, given the size of the Class and the Settlement Fund created for the Class Members benefit, the Attorneys' Fees should be no more than 10% of the cash portion of the settlement and possibly nothing at this point since the Class Members are not receiving any portion of the Settlement Fund; Ninth Circuit and Supreme Court rulings dictate otherwise. The cash fund of the settlement will be approximately $25 million. However, if the total payment to Class Counsel is $8.3 million plus Expenses plus $5 million for future litigation, and "[n]o money will be distributed to Settlement Class Members yet," it appears the only parties benefiting are the Defendants and Class Counsel!

9. If this Court finds that 10% of the Settlement Fund will adequately compensate Class Counsel, the difference from the requested amount ($8.34 million) and the suggested fee ($2.5 million) or $5.83 million should be returned to the Settlement Fund to be distributed accordingly to the Class Members. The request for additional $5 million for Class Counsels' fees and costs in the future should remain in the Settlement Fund and be distributed to the Class Members as well.

10. Objectors play an important role in assuring that settlements and attorneys' fees are reasonable and fair, which is why their existence is assured and guaranteed under Rule 23(e)(5). Several cases have discussed why objectors are necessary to the class settlement process, including *Vollmer v. Selden*, 350 F.3d 656 (7th Cir. 2003):

> Class counsel, for instance, might settle claims for significantly less than they are worth, not because they think it is in the class's best interest, but instead because they are satisfied with the fees they will take away. [Citation]. Intervenors counteract any inherent objectionable tendencies by reintroducing an adversarial relationship into the settlement process and thereby improving the chances that a claim will be settled for its fair value.... The slightness of individual recovery does not make the counsel's purpose invalid nor his role as objector less vital. 350 F. 3d at 660 (emphasis added).

11. Objectors provide a benefit to the Class Action Settlement. Independent information provided by Objector's counsel complements the Court's fiduciary role in protecting the class members, rather than detracting from it, and prevents a rubber stamp of a settlement which may not have resolved the issues in favor of class members.

12. Objectors respectfully adopt and incorporate into these Objections all other well-taken, timely filed Objections that are not inconsistent with these Objections. Objectors also reserve the right to supplement these Objections with other and fuller objections.

13. The Class Members have a legally protectable interest in this litigation. That interest will be impacted by the proposed settlement agreement, and the legal fees that are proposed to be paid.

14. These Objections, presented to the Court as a matter of right, are properly and timely filed by the Objector. All of the legally required prerequisites material to these objections have been met.

15. Objectors will rely on these written Objections, as well as the supplemental Objections to be filed addressing the specific fee request. Objectors do not plan to attend the fairness hearing, but rather will rely on their written Objections.

WHEREFORE, Objectors respectfully request that this Court:

   A. Sustain these Objections in full;
   B. Deny approval of the settlement, for the reasons stated herein;
   C. Continue the issue of attorneys' fees and expense reimbursement for further review and a separate hearing;
   D. Upon completion of the fairness hearing, enter such orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of this settlement.

Sincerely,

SAM P. CANNATA (Ohio Bar No. 0078621)
30799 Pinetree Rd., #254
Cleveland, Ohio 44124
(216) 214-0796 Voice
spc@cplpa.com

Counsel for Objector

# EXHIBIT A





To Whom It May Concern:

I have read and approve the attached Objections and direct my attorney to file them.

Very Truly Yours,

Dated: 3/19/14

*Jill K. Cannata*
Jill K. Cannata
14944 Hillbrook Dr.
Chagrin Falls, Ohio 44022

(216) 214-0802

16

CANNATA
(216) 214-0796
THE UPS STORE #1015
30799 PINETREE RD
PEPPER PIKE OH 44124-5903

1 LBS   1 OF 1
SHP WT: 1 LBS
DATE: 20 MAR 2014

SHIP  NORTHERN DISTRICT OF CALIFORNIA
TO:   UNITED STATES DISTRICT COURT
      16TH FLOOR
      FL 16
      450 GOLDEN GATE AVE
      SAN FRANCISCO CA 94102-3426

CA 941 9-31




UPS GROUND
TRACKING #: 1Z 4X4 346 03 2998 8958



BILLING: P/P

ISH 13.00N ZZP 450 40.5U 1/2014

450 GOLDEN GATE AVE
FL 16
SAN FRANCISCO CA 94102-3946

P:3GRAY  S:51D  I:344

FED-FL 3

1Z4X4346032998 8958
SAT08485 Mar 26 03:47:36 2014
US 9411 HIPPS 13.1.1 SAT08485sL

Sealed Air
Jiffy® Padded #5
Cushioned Mailer