Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| This Document Relates to:<br><br>*Tech Data Corporation, et al. v. Hitachi, Ltd., et al.*<br><br>Civil Action No. 3:13-00157-SI | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO TECH DATA CORPORATION AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT**<br><br>The Honorable Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

For its Answer to Tech Data Corporation and Tech Data Product Management, Inc.'s First Amended Complaint ("FAC"), Defendant Toshiba America Electronic Components, Inc. ("TAEC") states as follows:

## I.    INTRODUCTION[1]

1.     The allegations contained in Paragraph 1 consist of Plaintiffs' characterization of their claims and an explanation of defined terms used in their FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 1.  To the extent that the allegations contained in Paragraph 1 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations in Paragraph 1 are directed at TAEC, TAEC denies these allegations.

2.     To the extent that the allegations contained in the first sentence of Paragraph 2 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the first sentence of Paragraph 2 are directed to TAEC, TAEC denies these allegations.  The remainder of Paragraph 2 consists of explanations of defined terms used in their FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in the remainder of Paragraph 2.

3.     To the extent that the allegations contained in Paragraph 3 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 3 are directed to TAEC, TAEC denies these allegations.

4.     To the extent that the allegations contained in Paragraph 4 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the FAC.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S
ANSWER TO TECH DATA CORPORATION AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 4 are directed to TAEC, TAEC denies these allegations.

5.     To the extent that the allegations contained in Paragraph 5 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 5 are directed to TAEC, TAEC denies these allegations.

6.     To the extent that the allegations contained in Paragraph 6 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 6 are directed to TAEC, TAEC denies these allegations.

7.     To the extent that the allegations contained in Paragraph 7 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 7 are directed to TAEC, TAEC denies these allegations.

8.     To the extent that Paragraph 8 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 8 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 8 may be deemed to require a response from TAEC, TAEC denies these allegations.

9.     Paragraph 9 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 9 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 9 may be deemed to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## II.   JURISDICTION AND VENUE

10.     The allegations contained in Paragraph 10 consist of Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 10.

11.     The allegations contained in Paragraph 11 consist of Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 11 and notes that the claim described in Paragraph 11 was dismissed by the Court on March 13, 2014.

12.     The allegations contained in Paragraph 12 consist of Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 12.

13.     To the extent that the allegations contained in the first sentence in Paragraph 13 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the first sentence in Paragraph 13 relate to TAEC, TAEC denies the allegations.  TAEC denies the remaining allegations of Paragraph 13.

14.     The first and third sentences of Paragraph 14 are legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 14.  To the extent that the allegations contained in Paragraph 14 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 14 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

15.    The allegations in Paragraph 15 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 15.

16.    The allegations in Paragraph 16 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 16.

## III.  THE PARTIES

### A.    Plaintiffs

17.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies the allegations.

18.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies the allegations.

19.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies the allegations.

20.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the allegations.

21.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies the allegations.

### B.    Defendants

#### 1.    Hitachi Entities

22.    Paragraph 22 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies the allegations.

23.    Paragraph 23 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

24.     Paragraph 24 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies the allegations.

25.     Paragraph 25 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies the allegations.

26.     Paragraph 26 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies the allegations.

27.     Paragraph 27 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies the allegations.

28.     Paragraph 28 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 28.

## 2.     IRICO Entities

29.     Paragraph 29 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies the allegations.

30.     Paragraph 30 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies the allegations.

31.     Paragraph 31 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

32.     Paragraph 32 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 32.

### 3.     LG Electronics Entities

33.     Paragraph 33 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 33.

34.     Paragraph 34 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

35.     Paragraph 35 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies the allegations.

36.     Paragraph 36 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 36.

### 4.     LP Displays

37.     Paragraph 37 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies the allegations.

### 5.     Mitsubishi Entities

38.     Paragraph 38 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, denies the allegations.

39.     Paragraph 39 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies the allegations.

A

40.     Paragraph 40 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies the allegations.

41.     Paragraph 41 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 41.

### 6.     Panasonic Entities

42.     Paragraph 42 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies the allegations.

43.     Paragraph 43 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies the allegations.

44.     Paragraph 44 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 44.

45.     Paragraph 45 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies the allegations.

46.     Paragraph 46 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies the allegations.

### 7.     Phillips Entities

47.     Paragraph 47 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

48.     Paragraph 48 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, denies the allegations.

49.     Paragraph 49 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, denies the allegations.

50.     Paragraph 50 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

51.     Paragraph 51 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 51.

**8.     Samsung**

52.     Paragraph 52 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies the allegations.

53.     Paragraph 53 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies the allegations.

54.     Paragraph 54 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, denies the allegations.

55.     Paragraph 55 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

56.     Paragraph 56 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies the allegations.

57.     Paragraph 57 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, denies the allegations.

58.     Paragraph 58 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, denies the allegations.

59.     Paragraph 59 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 59.

**9.    Samtel**

60.     Paragraph 60 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and, therefore, denies the allegations.

**10.   Thai CRT**

61.     Paragraph 61 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and, therefore, denies the allegations.

**11.   Thomson Entities**

62.     Paragraph 62 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and, therefore, denies the allegations.

63.     Paragraph 63 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

64.     Paragraph 64 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 64.

**12.    Toshiba Entities**

65.     Paragraph 65 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65, and therefore denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 65.

66.     Paragraph 66 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, therefore, denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 66.

67.     Paragraph 67 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, therefore, denies the allegations.

68.     TAEC denies the allegations in Paragraph 68, except that TAEC avers that its business address is 9740 Irvine Boulevard, Irvine, CA 92618-1697 and that it is a wholly-owned subsidiary of Toshiba America, Inc.  TAEC avers that it sold cathode ray tubes and certain electronic devices containing cathode ray tubes during the Relevant Period.

69.     Paragraph 69 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, denies the allegations.

70.     Paragraph 70 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 70.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 13. Chunghwa Entities

71.    Paragraph 71 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and, therefore, denies the allegations.

72.    Paragraph 72 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, therefore, denies the allegations.

## IV.   AGENTS AND CO-CONSPIRATORS

73.    To the extent that the allegations contained in Paragraph 73 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.    To the extent that the allegations contained in Paragraph 73 are directed to TAEC, TAEC denies these allegations.

74.    To the extent that the allegations contained in Paragraph 74 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.    To the extent that the allegations contained in Paragraph 74 are directed to TAEC, TAEC denies these allegations.

75.    Paragraph 75 relates to other companies.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, therefore, denies the allegations.

76.    Paragraph 76 relates to other companies.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, therefore, denies the allegations.

77.    Paragraph 77 consists of Plaintiffs' explanation of a defined term used in the FAC, to which no response is required.    To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 77.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

78.     Paragraph 78 relates to another company.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

79.     Paragraph 79 relates to another company.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

80.     Paragraph 80 relates to other companies.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

81.     Paragraph 81 relates to other companies.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

82.     Paragraph 82 relates to another company.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

83.     To the extent that the allegations contained in Paragraph 83 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 71 are directed to TAEC, TAEC denies these allegations.

**V.     TRADE AND COMMERCE**

84.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and, therefore, denies the allegations.

85.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

86.     Paragraph 86 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 86.

## VI.  FACTUAL ALLEGATIONS

### A.  CRT Technology

87.     TAEC admits the allegations contained in Paragraph 87.

88.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, therefore, denies the allegations.

89.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, denies the allegations.

90.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, therefore, denies the allegations.

91.     To the extent that Paragraph 91 describes CRT technology generally, and claims that that CDTs and CPTs are separate products, TAEC admits the allegations in Paragraph 91, but avers that the allegations do not describe comprehensively or accurately all variants of CRT technology.  TAEC denies the remaining allegations in Paragraph 91.

92.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, denies the allegations.

93.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, therefore, denies the allegations.

94.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations. The second sentence of Paragraph 94 consists of argument and Plaintiffs' characterization of their claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in the second sentence of Paragraph 94.

95.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

The second sentence of Paragraph 95 consists of argument and Plaintiffs' characterization of their claims, to which no response is required. To the extent that a response is deemed required, TAEC denies the allegations contained in the second sentence of Paragraph 95.

96. Paragraph 96 consists of argument and Plaintiffs' characterization of their claims, to which no response is required. To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 96.

**B.     Structure of the CRT Industry**

97. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, denies the allegations.

**1.     Market Concentration**

98. To the extent that the allegations contained in Paragraph 98 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 98 are directed to TAEC, TAEC denies these allegations.

**2.     Information Sharing**

99. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and, therefore, denies the allegations.

100. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, denies the allegations.

**3.     Consolidation**

101. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

**4.     Multiple Interrelated Business Relationships**

102. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations.

103. To the extent that the allegations contained in Paragraph 103 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 94 are directed to TAEC, TAEC denies these allegations.

### 5. High Costs of Entry Into the Industry

104. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and, therefore, denies the allegations.

105. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and, therefore, denies the allegations.

### 6. The Maturity of the CRT Product Market

106. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and, therefore, denies the allegations.

107. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and, therefore, denies the allegations.

108. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and, therefore, denies the allegations.

109. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and, therefore, denies the allegations.

110. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and, therefore, denies the allegations.

111. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and, therefore, denies the allegations.

### 7. Homogeneity of CRT Products

112. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 and, therefore, denies the allegations.

113. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### C.   Pre-Conspiracy Market

114.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 and, therefore, denies the allegations.

115.   Paragraph 115 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and, therefore, denies the allegations.

### D.   Defendants' and Co-Conspirators' Illegal Agreements

116.   To the extent that the allegations contained in Paragraph 116 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 116 are directed to TAEC, TAEC denies these allegations.

117.   To the extent that the allegations contained in Paragraph 117 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 117 are directed to TAEC, TAEC denies these allegations.

118.   Paragraph 118 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 and, therefore, denies the allegations.

119.   To the extent that the allegations contained in Paragraph 119 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 119 are directed to TAEC, TAEC denies these allegations.

120.   To the extent that the allegations contained in Paragraph 120 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  belief as to the truth of these allegations and, therefore, denies these allegations. To the

2  extent that the allegations contained in Paragraph 120 are directed to TAEC, TAEC denies

3  these allegations.

4        1.    "Glass Meetings"

5        121.   To the extent that the allegations contained in Paragraph 121 relate to other

6  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

7  belief as to the truth of these allegations and, therefore, denies these allegations. To the

8  extent that the allegations contained in Paragraph 121 are directed to TAEC, TAEC denies

9  these allegations.

10       122.   To the extent that the allegations contained in Paragraph 122 relate to other

11  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

12  belief as to the truth of these allegations and, therefore, denies these allegations. To the

13  extent that the allegations contained in Paragraph 122 are directed to TAEC, TAEC denies

14  these allegations.

15       123.   To the extent that the allegations contained in Paragraph 123 relate to other

16  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

17  belief as to the truth of these allegations and, therefore, denies these allegations. To the

18  extent that the allegations contained in Paragraph 123 are directed to TAEC, TAEC denies

19  these allegations.

20       124.   To the extent that the allegations contained in Paragraph 124 relate to other

21  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

22  belief as to the truth of these allegations and, therefore, denies these allegations. To the

23  extent that the allegations contained in Paragraph 124 are directed to TAEC, TAEC denies

24  these allegations.

25       125.   To the extent that the allegations contained in Paragraph 125 relate to other

26  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

27  belief as to the truth of these allegations and, therefore, denies these allegations. To the

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   extent that the allegations contained in Paragraph 125 are directed to TAEC, TAEC denies

2   these allegations.

3       126.    To the extent that the allegations contained in Paragraph 126 relate to other

4   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

5   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

6   extent that the allegations contained in Paragraph 126 are directed to TAEC, TAEC denies

7   these allegations.

8       127.    To the extent that the allegations contained in Paragraph 127 relate to other

9   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

10  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

11  extent that the allegations contained in Paragraph 127 are directed to TAEC, TAEC denies

12  these allegations.

13      128.    To the extent that the allegations contained in Paragraph 128 relate to other

14  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

15  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

16  extent that the allegations contained in Paragraph 128 are directed to TAEC, TAEC denies

17  these allegations.

18      129.    To the extent that the allegations contained in Paragraph 129 relate to other

19  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

20  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

21  extent that the allegations contained in Paragraph 129 are directed to TAEC, TAEC denies

22  these allegations.

23      130.    To the extent that the allegations contained in Paragraph 130 relate to other

24  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

25  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

26  extent that the allegations contained in Paragraph 130 are directed to TAEC, TAEC denies

27  these allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

131.   To the extent that the allegations contained in Paragraph 131 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 131 are directed to TAEC, TAEC denies these allegations.

132.   To the extent that the allegations contained in Paragraph 132 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 132 are directed to TAEC, TAEC denies these allegations.

133.   To the extent that the allegations contained in Paragraph 133 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 133 are directed to TAEC, TAEC denies these allegations.

134.   To the extent that the allegations contained in Paragraph 134 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 134 are directed to TAEC, TAEC denies these allegations.

135.   To the extent that the allegations contained in Paragraph 135 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 135 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

2.    **Bilateral Discussions**

136.    To the extent that the allegations contained in Paragraph 136 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 136 are directed to TAEC, TAEC denies these allegations.

137.    To the extent that the allegations contained in Paragraph 137 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 137 are directed to TAEC, TAEC denies these allegations.

138.    To the extent that the allegations contained in Paragraph 138 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 138 are directed to TAEC, TAEC denies these allegations.

139.    To the extent that the allegations contained in Paragraph 139 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 139 are directed to TAEC, TAEC denies these allegations.

140.    To the extent that the allegations contained in Paragraph 140 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 140 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

141.    To the extent that the allegations contained in Paragraph 141 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 141 are directed to TAEC, TAEC denies these allegations.

> ### 3.    Defendants' And Co-Conspirators' Participation In Group And Bilateral Discussions

142.    Paragraph 142 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 and, therefore, denies the allegations.

143.    Paragraph 143 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and, therefore, denies the allegations.

144.    Paragraph 144 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 and, therefore, denies the allegations.

145.    Paragraph 145 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 and, therefore, denies the allegations.

146.    Paragraph 146 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 and, therefore, denies the allegations.

147.    Paragraph 147 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 and, therefore, denies the allegations.

148.    Paragraph 148 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

149.   Paragraph 149 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 and, therefore, denies the allegations.

150.   Paragraph 150 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 and, therefore, denies the allegations.

151.   Paragraph 151 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 and, therefore, denies the allegations.

152.   Paragraph 152 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 and, therefore, denies the allegations.

153.   Paragraph 153 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 and, therefore, denies the allegations.

154.   Paragraph 154 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 and, therefore, denies the allegations.

155.   Paragraph 155 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 and, therefore, denies the allegations.

156.   Paragraph 156 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 and, therefore, denies the allegations.

157.   Paragraph 157 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

158.    Paragraph 158 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 and, therefore, denies the allegations.

159.    Paragraph 159 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 and, therefore, denies the allegations.

160.    To the extent that the allegations contained in Paragraph 160 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 160 are directed to TAEC, TAEC denies these allegations.

161.    To the extent that the allegations contained in Paragraph 161 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 161 are directed to TAEC, TAEC denies these allegations.

162.    Paragraph 162 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 and, therefore, denies the allegations.

163.    Paragraph 163 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 and, therefore, denies the allegations.

164.    To the extent that Paragraph 164 consists of Plaintiffs' characterization of their claims and Plaintiffs' explanation of a defined term used in the FAC, no response is required.  To the extent that the allegations contained in Paragraph 164 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

extent that the allegations contained in Paragraph 164 may be deemed to require a response from TAEC, TAEC denies these allegations.

**E.    The CRT Market During the Conspiracy**

165.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 and, therefore, denies the allegations.

166.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 and, therefore, denies the allegations.

167.    To the extent that Paragraph 167 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 167 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 167 may be deemed to require a response from TAEC, TAEC denies these allegations.

168.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 and, therefore, denies the allegations.

169.    To the extent that Paragraph 169 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 169 may be deemed to require a response from TAEC, TAEC denies these allegations.

170.    To the extent that Paragraph 170 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 170 may be deemed to require a response from TAEC, TAEC denies these allegations.

171.    To the extent that the allegations contained in Paragraph 171 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   extent that the allegations contained in Paragraph 171 are directed to TAEC, TAEC denies

2   these allegations.

3       172.    To the extent that Paragraph 172 consists of purported statements in news

4   reports or statements in public documents, those statements speak for themselves and no

5   response is required.  To the extent that the allegations contained in Paragraph 172 relate to

6   other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

7   a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

8   extent that the allegations contained in Paragraph 172 are directed to TAEC, TAEC denies

9   these allegations.

10      173.    To the extent that Paragraph 173 consists of purported statements in news

11  reports or statements in public documents, those statements speak for themselves and no

12  response is required.  To the extent that the allegations contained in Paragraph 173 relate to

13  other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

14  a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

15  extent that the allegations contained in Paragraph 173 are directed to TAEC, TAEC denies

16  these allegations.

17      174.    To the extent that Paragraph 174 consists of purported statements in news

18  reports or statements in public documents, those statements speak for themselves and no

19  response is required.  To the extent that the allegations contained in Paragraph 174 relate to

20  other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

21  a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

22  extent that the allegations contained in Paragraph 174 are directed to TAEC, TAEC denies

23  these allegations.

24      175.    To the extent that the allegations contained in Paragraph 175 relate to other

25  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

26  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  extent that the allegations contained in Paragraph 175 are directed to TAEC, TAEC denies

2  these allegations.

3  **F.  International Government Antitrust Investigations**

4  176.  To the extent that Paragraph 176 consists of purported statements by

5  government authorities or statements in public documents, those statements speak for

6  themselves and no response is required.  To the extent that the allegations contained in

7  Paragraph 176 relate to other Defendants or third parties, TAEC lacks knowledge or

8  information sufficient to form a belief as to the truth of these allegations and, therefore,

9  denies these allegations.  To the extent that the allegations contained in Paragraph 176 are

10  directed to TAEC, TAEC denies these allegations.

11  177.  To the extent that Paragraph 177 consists of purported statements by

12  government authorities or statements in public documents, those statements speak for

13  themselves and no response is required.  To the extent that the allegations contained in

14  Paragraph 177 relate to other Defendants or third parties, TAEC lacks knowledge or

15  information sufficient to form a belief as to the truth of these allegations and, therefore,

16  denies these allegations.  To the extent that the allegations contained in Paragraph 177 may

17  be deemed to require a response from TAEC, TAEC denies these allegations.

18  178.  The allegations contained in Paragraph 178 refer to a public annual report,

19  which is the best evidence of its contents.  To the extent that the allegations contained in

20  Paragraph 178 may be deemed to require a response from TAEC, TAEC denies these

21  allegations.

22  179.  To the extent that Paragraph 179 consists of purported statements by

23  government authorities or statements in public documents, those statements speak for

24  themselves and no response is required.  To the extent that the allegations contained in

25  Paragraph 179 relate to other Defendants or third parties, TAEC lacks knowledge or

26  information sufficient to form a belief as to the truth of these allegations and, therefore,

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   denies these allegations.  To the extent that the allegations contained in Paragraph 179 may

2   be deemed to require a response from TAEC, TAEC denies these allegations.

3       180.   To the extent that Paragraph 180 consists of purported statements by

4   government authorities or statements in public documents, those statements speak for

5   themselves and no response is required.  To the extent that the allegations contained in

6   Paragraph 180 relate to other Defendants or third parties, TAEC lacks knowledge or

7   information sufficient to form a belief as to the truth of these allegations and, therefore,

8   denies these allegations.  To the extent that the allegations contained in Paragraph 180 may

9   be deemed to require a response from TAEC, TAEC denies these allegations.

10      181.   To the extent that Paragraph 181 consists of purported statements by

11  government authorities and/or statements in public documents, those statements speak for

12  themselves and no response is required.  To the extent that the allegations contained in

13  Paragraph 181 relate to other Defendants and/or third parties, TAEC lacks knowledge or

14  information sufficient to form a belief as to the truth of these allegations and, therefore,

15  denies these allegations.  To the extent that the allegations contained in Paragraph 181 may

16  be deemed to require a response from TAEC, TAEC denies these allegations.

17      182.   To the extent that Paragraph 182 consists of purported statements by

18  government authorities and/or statements in public documents, those statements speak for

19  themselves and no response is required.  To the extent that the allegations contained in

20  Paragraph 182 relate to other Defendants or third parties, TAEC lacks knowledge or

21  information sufficient to form a belief as to the truth of these allegations and, therefore,

22  denies these allegations.  To the extent that the allegations contained in Paragraph 182 may

23  be deemed to require a response from TAEC, TAEC denies these allegations.

24      183.   To the extent that Paragraph 183 consists of purported statements by

25  government authorities and/or statements in public documents, those statements speak for

26  themselves and no response is required.  To the extent that the allegations contained in

27  Paragraph 183 relate to other Defendants or third parties, TAEC lacks knowledge or

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    information sufficient to form a belief as to the truth of these allegations and, therefore,

2    denies these allegations.  To the extent that the allegations contained in Paragraph 183 may

3    be deemed to require a response from TAEC, TAEC denies these allegations.

4        184.    To the extent that Paragraph 184 consists of purported statements by

5    government authorities and/or statements in public documents, those statements speak for

6    themselves and no response is required.  To the extent that the allegations contained in

7    Paragraph 184 relate to other Defendants or third parties, TAEC lacks knowledge or

8    information sufficient to form a belief as to the truth of these allegations and, therefore,

9    denies these allegations.  To the extent that the allegations contained in Paragraph 184 may

10   be deemed to require a response from TAEC, TAEC denies these allegations.

11       185.    To the extent that Paragraph 185 consists of purported statements by

12   government authorities and/or statements in public documents, those statements speak for

13   themselves and no response is required.  To the extent that the allegations contained in

14   Paragraph 185 relate to other Defendants or third parties, TAEC lacks knowledge or

15   information sufficient to form a belief as to the truth of these allegations and, therefore,

16   denies these allegations.  To the extent that the allegations contained in Paragraph 185 may

17   be deemed to require a response from TAEC, TAEC denies these allegations.

18       186.    To the extent that Paragraph 186 consists of purported statements by

19   government authorities and/or statements in public documents, those statements speak for

20   themselves and no response is required.  To the extent that the allegations contained in

21   Paragraph 186 relate to other Defendants or third parties, TAEC lacks knowledge or

22   information sufficient to form a belief as to the truth of these allegations and, therefore,

23   denies these allegations.  To the extent that the allegations contained in Paragraph 186 may

24   be deemed to require a response from TAEC, TAEC denies these allegations.

25       187.    To the extent that Paragraph 187 consists of purported statements by

26   government authorities and/or statements in public documents, those statements speak for

27   themselves and no response is required.  To the extent that the allegations contained in

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Paragraph 187 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 187 may be deemed to require a response from TAEC, TAEC denies these allegations.

188.　TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 and, therefore, denies these allegations.

189.　To the extent that the allegations contained in Paragraph 189 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 189 are directed to TAEC, TAEC denies these allegations.

190.　To the extent that the allegations contained in Paragraph 190 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 190 are directed to TAEC, TAEC denies these allegations.

191.　TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 and, therefore, denies these allegations.

192.　To the extent that Paragraph 192 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 192 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 192 may be deemed to require a response from TAEC, TAEC denies these allegations.

193.　To the extent that Paragraph 193 consists of purported statements by government authorities or statements in public documents, those statements speak for

themselves and no response is required.  To the extent that the allegations contained in Paragraph 193 may be deemed to require a response from TAEC, TAEC denies these allegations.

194.   To the extent that Paragraph 194 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 194 may be deemed to require a response from TAEC, TAEC denies these allegations.

195.   To the extent that Paragraph 195 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 195 may be deemed to require a response from TAEC, TAEC denies these allegations.

**G.     The Role of Trade Associations During the Relevant Period**

196.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 and, therefore, denies these allegations.

197.   Paragraph 197 relates to other Defendants or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197 and, therefore, denies these allegations.

198.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 and, therefore, denies these allegations.

199.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 and, therefore, denies these allegations.

200.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**H.    Effects of Defendants' Antitrust Violations**

    **1.    Examples of Reductions in Manufacturing Capacity by Defendants**

201.    To the extent that the allegations contained in Paragraph 201 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 201 are directed to TAEC, TAEC denies these allegations.

202.    Paragraph 202 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 and, therefore, denies these allegations.

203.    Paragraph 203 relates to other Defendants or third parties.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 and, therefore, denies these allegations.

204.    Paragraph 204 relates to other Defendants or third parties.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 and, therefore, denies these allegations.

205.    Paragraph 205 relates to other Defendants or third parties.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 and, therefore, denies these allegations.

206.    Paragraph 206 relates to other Defendants or third parties.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206 and, therefore, denies these allegations.

    **2.    Examples of Collusive Pricing for CRT Products**

207.    To the extent that Paragraph 207 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 207 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  a belief as to the truth of these allegations and, therefore, denies these allegations.  To the
2  extent that the allegation contained in Paragraph 207 may be deemed to require a response
3  from TAEC, TAEC denies these allegations.

4      208.   To the extent that Paragraph 208 consists of purported statements in news
5  reports or statements in public documents, those statements speak for themselves and no
6  response is required.  To the extent that the allegations contained in Paragraph 208 relate to
7  other Defendants or third parties, TAEC lacks knowledge or information sufficient to form
8  a belief as to the truth of these allegations and, therefore, denies these allegations.  To the
9  extent that the allegation contained in Paragraph 208 may be deemed to require a response
10  from TAEC, TAEC denies these allegations.

11      209.   To the extent that the allegations contained in Paragraph 209 relate to other
12  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a
13  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
14  extent that the allegations contained in Paragraph 209 are directed to TAEC, TAEC denies
15  these allegations.

16      210.   To the extent that Paragraph 210 consists of purported statements in news
17  reports or statements in public documents, those statements speak for themselves and no
18  response is required.  To the extent that the allegations contained in Paragraph 210 relate to
19  other Defendants or third parties, TAEC lacks knowledge or information sufficient to form
20  a belief as to the truth of these allegations and, therefore, denies these allegations.  To the
21  extent that the allegations contained in Paragraph 210 may be deemed to require a response
22  from TAEC, TAEC denies these allegations.

23      211.   To the extent that Paragraph 211 consists of purported statements in news
24  reports or statements in public documents, those statements speak for themselves and no
25  response is required.  To the extent that the allegations contained in Paragraph 211 relate to
26  other Defendants or third parties, TAEC lacks knowledge or information sufficient to form
27  a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   extent that the allegations contained in Paragraph 211 may be deemed to require a response

2   from TAEC, TAEC denies these allegations.

3       212.   To the extent that the allegations contained in Paragraph 212 relate to other

4   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

5   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

6   extent that the allegations contained in Paragraph 212 are directed to TAEC, TAEC denies

7   these allegations.

8       213.   To the extent that Paragraph 213 consists of purported statements in news

9   reports or statements in public documents, those statements speak for themselves and no

10  response is required.  To the extent that the allegations contained in Paragraph 213 relate to

11  other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

12  a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

13  extent that the allegations contained in Paragraph 213 may be deemed to require a response

14  from TAEC, TAEC denies these allegations.

15      214.   Paragraph 214 relates to another Defendant.   Accordingly, TAEC lacks

16  knowledge or information sufficient to form a belief as to the truth of the allegations

17  contained in Paragraph 214 and, therefore, denies these allegations.

18      215.   To the extent that the allegations contained in Paragraph 215 relate to other

19  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

20  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

21  extent that the allegations contained in Paragraph 215 are directed to TAEC, TAEC denies

22  these allegations.

23          **3.      Summary of Effects of the Conspiracy Involving CRT Products**

24      216.   Paragraph 216 consists of argument, Plaintiffs' characterization of their

25  claims, or legal conclusions, to which no response is required.  To the extent that the

26  allegations contained in Paragraph 216 relate to other Defendants or third parties, TAEC

27  lacks knowledge or information sufficient to form a belief as to the truth of these

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 216 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## VII.  PLAINTIFFS' INJURIES

217.  To the extent that Paragraph 217 contains argument, Plaintiffs' characterization of their claims, or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 217 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 217 are directed to TAEC, TAEC denies these allegations.

218.  To the extent that the allegations contained in Paragraph 218 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 218 are directed to TAEC, TAEC denies these allegations.

219.  To the extent that Paragraph 219 contains argument or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 219 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 219 are directed to TAEC, TAEC denies these allegations.

220.  To the extent that Paragraph 220 contains argument or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 220 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  extent that the allegations contained in Paragraph 220 are directed to TAEC, TAEC denies

2  these allegations.

3        221.   To the extent that Paragraph 221 contains argument or legal conclusions, no

4  response is required.  To the extent that the allegations contained in Paragraph 221 relate to

5  other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

6  a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

7  extent that the allegations contained in Paragraph 221 are directed to TAEC, TAEC denies

8  these allegations.

9        222.   Paragraph 222 consists of argument, Plaintiffs' characterization of their

10 claims, or legal conclusions, to which no response is required.  To the extent that the

11 allegations contained in Paragraph 222 relate to other Defendants or third parties, TAEC

12 lacks knowledge or information sufficient to form a belief as to the truth of these

13 allegations and, therefore, denies these allegations.  To the extent that the allegations

14 contained in Paragraph 222 may be deemed to require a response from TAEC, TAEC lacks

15 knowledge or information sufficient to form the belief as to the truth of these allegations

16 and, therefore, denies these allegations.

17       223.   Paragraph 223 consists of argument, Plaintiffs' characterization of their

18 claims, or legal conclusions, to which no response is required.  To the extent that the

19 allegations contained in Paragraph 223 relate to other Defendants or third parties, TAEC

20 lacks knowledge or information sufficient to form a belief as to the truth of these

21 allegations and, therefore, denies these allegations.  To the extent that the allegations

22 contained in Paragraph 223 may be deemed to require a response from TAEC, TAEC lacks

23 knowledge or information sufficient to form the belief as to the truth of these allegations

24 and, therefore, denies these allegations.

25 **VIII. FRAUDULENT CONCEALMENT**

26       224.   Paragraph 224 consists of argument, Plaintiffs' characterization of their

27 claims, or legal conclusions, to which no response is required.  To the extent that the

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    allegations contained in Paragraph 224 relate to other Defendants or third parties, TAEC

2    lacks knowledge or information sufficient to form a belief as to the truth of these

3    allegations and, therefore, denies these allegations.   To the extent that the allegations

4    contained in Paragraph 224 may be deemed to require a response from TAEC, TAEC lacks

5    knowledge or information sufficient to form a belief as to the truth of these allegations and,

6    therefore, denies these allegations.

7         225.    Paragraph 225 consists of argument, Plaintiffs' characterization of their

8    claims, or legal conclusions, to which no response is required.   To the extent that the

9    allegations contained in Paragraph 225 relate to other Defendants or third parties, TAEC

10   lacks knowledge or information sufficient to form a belief as to the truth of these

11   allegations and, therefore, denies these allegations.   To the extent that the allegations

12   contained in Paragraph 225 may be deemed to require a response from TAEC, TAEC lacks

13   knowledge or information sufficient to form a belief as to the truth of these allegations and,

14   therefore, denies these allegations.

15        226.    Paragraph 226 consists of argument, Plaintiffs' characterization of their

16   claims, or legal conclusions, to which no response is required.   To the extent that the

17   allegations contained in Paragraph 226 relate to other Defendants or third parties, TAEC

18   lacks knowledge or information sufficient to form a belief as to the truth of these

19   allegations and, therefore, denies these allegations.   To the extent that the allegations

20   contained in Paragraph 226 may be deemed to require a response from TAEC, TAEC lacks

21   knowledge or information sufficient to form a belief as to the truth of these allegations and,

22   therefore, denies these allegations.

23        227.    Paragraph 227 consists of argument, Plaintiffs' characterization of their

24   claims, or legal conclusions, to which no response is required.   To the extent that the

25   allegations contained in Paragraph 227 relate to other Defendants or third parties, TAEC

26   lacks knowledge or information sufficient to form a belief as to the truth of these

27   allegations and, therefore, denies these allegations.   To the extent that the allegations

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

contained in Paragraph 227 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

228.    Paragraph 228 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 228 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 228 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

229.    Paragraph 229 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 229 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 229 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

230.    Paragraph 230 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 230 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 230 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

231.   Paragraph 231 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 231 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 231 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

232.   Paragraph 232 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 232 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 232 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

233.   Paragraph 233 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 233 and, therefore, denies the allegations.

234.   Paragraph 234 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 234 and, therefore, denies the allegations.

235.   Paragraph 235 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 235 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   contained in Paragraph 235 may be deemed to require a response from TAEC, TAEC lacks

2   knowledge or information sufficient to form a belief as to the truth of these allegations and,

3   therefore, denies these allegations.

4   **IX.  TOLLING**

5       236.    Paragraph 236 consists of argument, Plaintiffs' characterization of their

6   claims, or legal conclusions, to which no response is required.  To the extent that the

7   allegations contained in Paragraph 236 relate to other Defendants or third parties, TAEC

8   lacks knowledge or information sufficient to form a belief as to the truth of these

9   allegations and, therefore, denies these allegations.  To the extent that the allegations

10  contained in Paragraph 236 may be deemed to require a response from TAEC, TAEC lacks

11  knowledge or information sufficient to form a belief as to the truth of these allegations and,

12  therefore, denies these allegations.

13      237.    Paragraph 237 consists of argument, Plaintiffs' characterization of their

14  claims, or legal conclusions, to which no response is required.  To the extent that the

15  allegations contained in Paragraph 237 relate to other Defendants or third parties, TAEC

16  lacks knowledge or information sufficient to form a belief as to the truth of these

17  allegations and, therefore, denies these allegations.  To the extent that the allegations

18  contained in Paragraph 237 may be deemed to require a response from TAEC, TAEC lacks

19  knowledge or information sufficient to form a belief as to the truth of these allegations and,

20  therefore, denies these allegations.

21      238.    Paragraph 238 consists of argument, Plaintiffs' characterization of their

22  claims, or legal conclusions, to which no response is required.  To the extent that the

23  allegations contained in Paragraph 238 relate to other Defendants or third parties, TAEC

24  lacks knowledge or information sufficient to form a belief as to the truth of these

25  allegations and, therefore, denies these allegations.  To the extent that the allegations

26  contained in Paragraph 238 may be deemed to require a response from TAEC, TAEC lacks

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  knowledge or information sufficient to form a belief as to the truth of these allegations and,

2  therefore, denies these allegations.

3      239.    Paragraph 239 consists of argument, Plaintiffs' characterization of their

4  claims, or legal conclusions, to which no response is required.  To the extent that the

5  allegations contained in Paragraph 239 relate to other Defendants or third parties, TAEC

6  lacks knowledge or information sufficient to form a belief as to the truth of these

7  allegations and, therefore, denies these allegations.  To the extent that the allegations

8  contained in Paragraph 239 may be deemed to require a response from TAEC, TAEC lacks

9  knowledge or information sufficient to form a belief as to the truth of these allegations and,

10  therefore, denies these allegations.

11      240.    Paragraph 240 consists of argument, Plaintiffs' characterization of their

12  claims, or legal conclusions, to which no response is required.  To the extent that the

13  allegations contained in Paragraph 240 relate to other Defendants or third parties, TAEC

14  lacks knowledge or information sufficient to form a belief as to the truth of these

15  allegations and, therefore, denies these allegations.  To the extent that the allegations

16  contained in Paragraph 240 may be deemed to require a response from TAEC, TAEC lacks

17  knowledge or information sufficient to form a belief as to the truth of these allegations and,

18  therefore, denies these allegations.

19      241.    Paragraph 241 consists of argument, Plaintiffs' characterization of their

20  claims, or legal conclusions, to which no response is required.  To the extent that the

21  allegations contained in Paragraph 241 relate to other Defendants or third parties, TAEC

22  lacks knowledge or information sufficient to form a belief as to the truth of these

23  allegations and, therefore, denies these allegations.  To the extent that the allegations

24  contained in Paragraph 241 may be deemed to require a response from TAEC, TAEC lacks

25  knowledge or information sufficient to form a belief as to the truth of these allegations and,

26  therefore, denies these allegations.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

242.    Paragraph 242 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 242 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 242 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

243.    Paragraph 243 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 243 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 243 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

244.    Paragraph 244 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 244 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 244 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

## X.    CLAIM FOR VIOLATIONS

### First Claim for Relief

### (Violation of Section 1 of the Sherman Act)

245.    TAEC hereby incorporates by reference its responses to Paragraphs 1-244 of the FAC, as set forth above.

246.    Paragraph 246 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 246 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 246 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

247.    Paragraph 247 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 247 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 247 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

248.    Paragraph 248 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 248 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 248 may be deemed to require a response from TAEC, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  knowledge or information sufficient to form a belief as to the truth of these allegations and,

2  therefore, denies these allegations.

3      249.    Paragraph 249 consists of argument, Plaintiffs' characterization of their

4  claims, or legal conclusions, to which no response is required.   To the extent that the

5  allegations contained in Paragraph 249 relate to other Defendants or third parties, TAEC

6  lacks knowledge or information sufficient to form a belief as to the truth of these

7  allegations and, therefore, denies these allegations.   To the extent that the allegations

8  contained in Paragraph 249 may be deemed to require a response from TAEC, TAEC lacks

9  knowledge or information sufficient to form a belief as to the truth of these allegations and,

10  therefore, denies these allegations.

11      250.    Paragraph 250 consists of argument, Plaintiffs' characterization of their

12  claims, or legal conclusions, to which no response is required.   To the extent that the

13  allegations contained in Paragraph 250 relate to other Defendants or third parties, TAEC

14  lacks knowledge or information sufficient to form a belief as to the truth of these

15  allegations and, therefore, denies these allegations.   To the extent that the allegations

16  contained in Paragraph 250 may be deemed to require a response from TAEC, TAEC lacks

17  knowledge or information sufficient to form a belief as to the truth of these allegations and,

18  therefore, denies these allegations.

19      251.    Paragraph 251 consists of argument, Plaintiffs' characterization of their

20  claims, or legal conclusions, to which no response is required.   To the extent that the

21  allegations contained in Paragraph 251 relate to other Defendants or third parties, TAEC

22  lacks knowledge or information sufficient to form a belief as to the truth of these

23  allegations and, therefore, denies these allegations.   To the extent that the allegations

24  contained in Paragraph 251 may be deemed to require a response from TAEC, TAEC lacks

25  knowledge or information sufficient to form a belief as to the truth of these allegations and,

26  therefore, denies these allegations.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Second Claim for Relief

### (Violation of the Florida Deceptive and Unfair Trade Practice Act ("FDUTPA"))

252.    TAEC hereby incorporates by reference its responses to Paragraphs 1-251 of the FAC, as set forth above.

253.    Paragraph 253 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 253 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 253 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' Florida claim against TAEC on March 13, 2014.

254.    Paragraph 254 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 254 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 254 are directed to TAEC, TAEC denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' Florida claim against TAEC on March 13, 2014.

255.    Paragraph 255 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 255 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 255 may be deemed to require a response from TAEC, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' Florida claim against TAEC on March 13, 2014.

256.   Paragraph 256 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 256 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 256 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' Florida claim against TAEC on March 13, 2014.

257.   Paragraph 257 consists of argument, Plaintiffs' characterization of their claims or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 257 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 257 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' Florida claim against TAEC on March 13, 2014.

258.   Paragraph 258 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 258 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 258 may be deemed to require a response from TAEC, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' Florida claim against TAEC on March 13, 2014.

259.   Paragraph 259 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 259 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 259 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' Florida claim against TAEC on March 13, 2014.

### Third Claim for Relief

### (Violation of the California Cartwright Act.)

260.   TAEC hereby incorporates by reference its responses to Paragraphs 1-259 of the FAC, as set forth above.

261.   Paragraph 261 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 261 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 261 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' California claims against TAEC on March 13, 2014.

262.   Paragraph 262 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

allegations contained in Paragraph 262 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 262 are directed to TAEC, TAEC denies these allegations, except that TAEC avers that it maintained offices in California during the Relevant Period.  TAEC further states that the Court dismissed with prejudice Plaintiffs' California claims against TAEC on March 13, 2014.

263.  Paragraph 263 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 263 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 263 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' California claims against TAEC on March 13, 2014.

264.  Paragraph 264 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 264 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 264 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' California claims against TAEC on March 13, 2014.

265.  Paragraph 265 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7

allegations contained in Paragraph 265 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 265 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' California claims against TAEC on March 13, 2014.

8
9
10
11
12
13
14
15
16

266.     Paragraph 266 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 266 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 266 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' California claims against TAEC on March 13, 2014.

17
18
19
20
21
22
23
24
25

267.     Paragraph 267 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 267 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 267 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' California claims against TAEC on March 13, 2014.

26
27

268.     Paragraph 268 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

allegations contained in Paragraph 268 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 268 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' California claims against TAEC on March 13, 2014.

**Fourth Claim for Relief**

**(Violation of California Unfair Competition Law)**

269.   TAEC hereby incorporates by reference its responses to Paragraphs 1-268 of the FAC, as set forth above.

270.   Paragraph 270 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 270 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 270 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' California claims against TAEC on March 13, 2014.

271.   Paragraph 271 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 271 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 271 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and,

therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' California claims against TAEC on March 13, 2014.

272.  Paragraph 272 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 272 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 272 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' California claims against TAEC on March 13, 2014.

273.  Paragraph 273 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 273 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 273 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' California claims against TAEC on March 13, 2014.

274.  Paragraph 274 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 274 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 274 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  therefore, denies these allegations.  TAEC further states that the Court dismissed with

2  prejudice Plaintiffs' California claims against TAEC on March 13, 2014.

3      275.  Paragraph 275 consists of argument, Plaintiffs' characterization of their

4  claims, or legal conclusions, to which no response is required.  To the extent that the

5  allegations contained in Paragraph 275 relate to other Defendants or third parties, TAEC

6  lacks knowledge or information sufficient to form a belief as to the truth of these

7  allegations and, therefore, denies these allegations.  To the extent that the allegations

8  contained in Paragraph 275 may be deemed to require a response from TAEC, TAEC lacks

9  knowledge or information sufficient to form a belief as to the truth of these allegations and,

10  therefore, denies these allegations.  TAEC further states that the Court dismissed with

11  prejudice Plaintiffs' California claims against TAEC on March 13, 2014.

12  **XI.  PRAYER FOR RELIEF**

13      In answer to the Prayer for Relief, TAEC denies each and every allegation in the

14  Prayer and further specifically denies that Plaintiffs is entitled to any of the relief requested

15  or any remedy whatsoever against TAEC.

16      All allegations of the FAC not heretofore admitted or denied are here and now denied

17  as though specifically denied herein.

18                    **DEFENSES/AFFIRMATIVE DEFENSES**

19      Without assuming any burden it would not otherwise bear, and reserving its right to

20  amend its Answer to assert additional defenses as they may become known during

21  discovery, TAEC asserts the following separate and additional defenses:

22                           **FIRST DEFENSE**

23      Plaintiffs' claims are barred, in whole or in part, by the Foreign Trade Antitrust

24  Improvements Act, 15 U.S.C. § 6a.

25                          **SECOND DEFENSE**

26      Plaintiffs have failed to plead fraudulent concealment with the particularity required

27  by Rule 9(b) of the Federal Rules of Civil Procedure.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring or maintain the claims set forth in the FAC.

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent they did not purchase CRTs directly from Defendants, because they are indirect purchasers and barred from maintaining an action under 15 U.S.C. § 1 for alleged injuries in that capacity.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no antitrust injury.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations, including but not limited to:  15 U.S.C. § 15b; Cal. Bus. & Prof. Code § 17208; Cal. Bus. & Prof. Code § 16750.1; Cal. Civ. Proc. Code §§ 337-340; and Fla. Stat. § 95.11(f).

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not been injured in their business or property by reason of any action of TAEC.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of TAEC or were caused, if at all, solely and proximately by the conduct of third parties including, without limitation, the prior, intervening or superseding conduct of such third parties.

**NINTH DEFENSE**

To the extent that any actionable conduct occurred, Plaintiffs' claims against TAEC are barred because all such conduct would have been committed by individuals acting *ultra vires*.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs has suffered no damages as a result of any actions taken by TAEC and/or the other Defendants.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any actions or practices of TAEC that are the subject of the FAC were undertaken unilaterally for legitimate business reasons and in pursuit of TAEC's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between TAEC and any other person or entity.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the FAC were adopted in furtherance of legitimate business interests of TAEC and of its customers and did not unreasonably restrain competition.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the FAC were cost justified or otherwise economically justified and resulted from a good-faith effort to meet competition or market conditions.

**FIFTEENTH DEFENSE**

To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to the indirect purchasers.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because, as indirect purchasers, they fail to meet their burden of proving that they were damaged in fact by the conduct of which complaint is here made, including the burden of proving that any so-called overcharge of which complaint is made and which was not absorbed by predecessors to Plaintiffs in the chain of distribution was not passed on to a third party.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## NINETEENTH DEFENSE

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs have available an adequate remedy at law.

## TWENTIETH DEFENSE

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, TAEC contends that it is entitled to set off any amounts paid to Plaintiffs by any Defendants other than TAEC who have settled, or do settle, Plaintiffs' claims against them in this action.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims for injunctive relief are barred, in whole or in part, insofar as Plaintiffs seeks to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## TWENTY-SECOND DEFENSE

Plaintiffs lack standing to prosecute their state antitrust claims, in whole or in part, under, without limitation, the following statutes:  Cal. Bus. & Prof. Code §§ 16700, *et seq.*; and Cal. Bus. & Prof. Code §§ 17200, *et seq.*

## TWENTY-THIRD DEFENSE

Plaintiffs lack standing to prosecute their state consumer protection claims, in whole or in part, under, without limitation, the following statutes:  Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and Fla. Stat. §§ 501.201, *et seq.*

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the claims are based on California law and any of the alleged events took place outside the state of California without impact on California residents.

## TWENTY-FIFTH DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 based upon asserted interests or injuries of Plaintiffs would violate the Excessive Fines Clause of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and Article I, Section 17 of the California Constitution.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims for monetary relief under Cal. Bus. & Prof. Code § 17203 are barred, in whole or in part, because TAEC did not acquire any money or property from Plaintiffs.

## TWENTY-SEVENTH DEFENSE

Any finding of liability under Cal. Bus. & Prof. Code §§ 17200, 17203 or 17204 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, permitting retroactive,

random, arbitrary and capricious punishment that serves no legitimate governmental interest.

### TWENTY-EIGHTH DEFENSE

Any award of restitution to Plaintiffs under Cal. Bus. & Prof. Code § 17203 would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution) and Article I, Section 19 of the California Constitution.

### TWENTY-NINTH DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 to persons who refuse to execute an acknowledgement that the payment is in full settlement of claims against Defendants would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### THIRTIETH DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq*., are barred, in whole or in part, because the application of §§ 16700, *et seq.*, to wholly interstate or foreign commerce violates the Commerce Clause of the United States Constitution.

### THIRTY-FIRST DEFENSE

Any award of treble damages, punitive damages or restitution pursuant to Cal. Bus. & Prof. Code §§ 16720, 16727, 16750, or 16761 would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the California Constitution.

### THIRTY-SECOND DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of TAEC occurring outside of California.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**THIRTY-THIRD DEFENSE**

Plaintiffs' claims for unjust enrichment brought under California law are barred, in whole or in part, because TAEC did not receive a benefit from Plaintiffs, TAEC did not retain any benefit, or the receipt of any benefit was not unjust.

**THIRTY-FOURTH DEFENSE**

Plaintiffs' claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because pursuant to § 501.202(3), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") must be construed in a manner consistent with federal antitrust laws. Because Plaintiffs' injuries are too speculative, derivative, indirect, and remote to confer standing under federal antitrust law, they also do not confer standing under FDUTPA.

**THIRTY-FIFTH DEFENSE**

Plaintiff's claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because Plaintiff cannot establish actual damages.

**THIRTY-SIXTH DEFENSE**

TAEC adopts by reference any applicable defense pleaded by any other Defendant not otherwise expressly set forth herein.

**THIRTY-SEVENTH DEFENSE**

TAEC reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

**TAEC'S PRAYER FOR RELIEF**

WHEREFORE, TAEC prays for judgment as follows:

1.  That Plaintiffs take nothing by reason of the FAC, and that the action be dismissed with prejudice;

2.  That the Court enter judgment in favor of TAEC and against Plaintiffs with respect to all causes of action in the FAC;

3.  That the Court award TAEC its attorneys' fees and other costs reasonably incurred in the defense of this action; and

4.  That the Court order such other further relief for TAEC as the Court may deem just and proper.

Dated:  March 27, 2014                    Respectfully submitted,

**WHITE & CASE** LLP

By:   _/s/ Lucius B. Lau_
     Christopher M. Curran (*pro hac vice*)
     ccurran@whitecase.com
     Lucius B. Lau (*pro hac vice*)
     alau@whitecase.com
     Dana E. Foster (*pro hac vice*)
     defoster@whitecase.com
     701 Thirteenth Street, N.W.
     Washington, DC  20005
     tel.: (202) 626-3600
     fax: (202) 639-9355

     *Counsel to Defendant*
     *Toshiba America Electronic Components, Inc.*

1

<u>**CERTIFICATE OF SERVICE**</u>

2

On March 27, 2014, I caused a copy of the "TOSHIBA AMERICA ELECTRONIC

3

COMPONENTS, INC.'S ANSWER TO TECH DATA CORPORATION AND TECH

4

DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT FIRST

5

AMENDED COMPLAINT" to be served via ECF on the other parties in this action.

6

7

8

9

By:  */s/ Lucius B. Lau*
Lucius B. Lau (*pro hac vice*)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S
ANSWER TO TECH DATA CORPORATION AND TECH DATA
PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917