1  Eliot A. Adelson (State Bar No. 205284)
   James Maxwell Cooper (State Bar No. 284054)
2  KIRKLAND & ELLIS LLP
   555 California Street, 27th Floor
3  San Francisco, CA 94104
   Telephone: (415) 439-1400
4  Facsimile: (415) 439-1500
   Email: eadelson@kirkland.com
5  Email: max.cooper@kirkland.com

6  James H. Mutchnik, P.C. (*pro hac vice*)
   Kate Wheaton (*pro hac vice*)
7  KIRKLAND & ELLIS LLP
   300 North LaSalle
8  Chicago, Illinois 60654
   Telephone: (312) 862-2000
9  Facsimile: (312) 862-2200
   Email: jmutchnik@kirkland.com
10 Email: kate.wheaton@kirkland.com

11 Attorneys for Defendants,
   HITACHI, LTD., HITACHI DISPLAYS, LTD.
12 (n/k/a JAPAN DISPLAY INC.), HITACHI AMERICA, LTD.,
   HITACHI ASIA, LTD., AND
13 HITACHI ELECTRONIC DEVICES (USA), INC.

14

                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16
                      SAN FRANCISCO DIVISION
17

18 | IN RE:  CATHODE RAY TUBE (CRT) | )  Master File No. 3:07-cv-05944-SC
   | ANTITRUST LITIGATION | )
   |   | )  MDL No.  1917
19 | This Document Relates To: | )
   |   | )  Individual Case No. 3:13-cv-01173-SC
20 | The Sharp Electronics Corporation, and | )
   | Sharp Electronics Manufacturing Company | )  **ANSWER OF HITACHI, LTD., HITACHI**
21 | of America, Inc. Action | )  **DISPLAYS, LTD. (N/K/A JAPAN DISPLAY**
   |   | )  **INC.), HITACHI AMERICA, LTD.,**
22 |   | )  **HITACHI ASIA, LTD., AND HITACHI**
   |   | )  **ELECTRONIC DEVICES (USA), INC. TO**
23 |   | )  **SHARP ELECTRONICS CORPORATION,**
   |   | )  **AND SHARP ELECTRONICS**
24 |   | )  **MANUFACTURING COMPANY OF**
   |   | )  **AMERICA INC.'S FIRST AMENDED**
25 |   | )  **COMPLAINT**
   |   | )
26 

27

28

1       Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America,

2   Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively "the Hitachi

3   Defendants") through their undersigned counsel of record, answer and respond ("Answer") to Sharp

4   Electronics Corporation, and Sharp Electronics Manufacturing Company of America, Inc.

5   ("plaintiffs") First Amended Complaint ("First Amended Complaint") as follows.

6       As used in this Answer, and in the interest of brevity, the phrase deny or denies "for want of

7   information or belief" means that the answering defendants are without knowledge or information

8   sufficient to form a belief as to the trust of an averment of the First Amended Complaint, and deny

9   that averment on that basis.  The Hitachi Defendants deny all allegations in the First Amended

10   Complaint (including headings and captions) not specifically admitted in this Answer.

11       1.      The averments of Paragraph 1 of the First Amended Complaint consist of conclusions

12   of law to which no response is required.  To the extent that Paragraph 1 may be deemed to require a

13   response, the Hitachi Defendants deny each of the averments of Paragraph 1 of the First Amended

14   Complaint.

15       2.      The Hitachi Defendants deny each of the averments of Paragraph 2 of the First

16   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

17   Paragraph 2 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

18   Defendants deny, for want of information or belief, the averments of Paragraph 2 of the First

19   Amended Complaint.

20       3.      The Hitachi Defendants deny each of the averments of the first sentence of Paragraph

21   3 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

22   averments of the first sentence of Paragraph 3 of the First Amended Complaint do not pertain to the

23   Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

24   the first sentence of Paragraph  3 of the First Amended Complaint.  The remaining averments of

25   Paragraph 3 of the First Amended Complaint appear to be prefatory or definitional only, and not

26   ones calling for any response.  To the extent that the remaining averments of Paragraph 3 may be

27   deemed to require a response, the Hitachi Defendants deny each of the remaining averments of

28   Paragraph 3 of the First Amended Complaint.

1      4.      The Hitachi Defendants deny each of the averments of Paragraph 4 of the First

2  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

3  Paragraph 4 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

4  Defendants deny, for want of information or belief, the averments of Paragraph 4 of the First

5  Amended Complaint.

6      5.      The Hitachi Defendants deny each of the averments of Paragraph 5 of the First

7  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

8  Paragraph 5 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

9  Defendants deny, for want of information or belief, the averments of Paragraph 5 of the First

10  Amended Complaint.

11      6.      The Hitachi Defendants deny each of the averments of Paragraph 6 of the First

12  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

13  Paragraph 6 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

14  Defendants deny, for want of information or belief, the averments of Paragraph 6 of the First

15  Amended Complaint.

16      7.      The Hitachi Defendants deny each of the averments of Paragraph 7 of the First

17  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

18  Paragraph 7 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

19  Defendants deny, for want of information or belief, the averments of Paragraph 7 of the First

20  Amended Complaint.

21      8.      The Hitachi Defendants deny each of the averments of Paragraph 8 of the First

22  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

23  Paragraph 8 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

24  Defendants deny, for want of information or belief, the averments of Paragraph 8 of the First

25  Amended Complaint.

26      9.      The Hitachi Defendants deny, for want of information or belief, the averments in the

27  first sentence of Paragraph 9 of the First Amended Complaint.  The remaining averments of

28  Paragraph 9 of the First Amended Complaint are not directed at the Hitachi Defendants, and,

therefore, no response is required.  To the extent the remaining averments of Paragraph 9 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants, and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the remaining averments of Paragraph 9 of the First Amended Complaint.

10.    The averments of Paragraph 10 of the First Amended Complaint purport to be derived from a U.S. Department of Justice ("DOJ") press release, and, therefore, no response is required.  To the extent that the averments of Paragraph 10 may be deemed to require a response, the Hitachi Defendants respond that the DOJ press release speaks for itself and deny the averments of Paragraph 10.

11.    The Hitachi Defendants deny each of the averments of Paragraph 11 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 11 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 11 of the First Amended Complaint.

12.    The averments of Paragraph 12 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 12 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 12 of the First Amended Complaint.

13.    The averments of Paragraph 13 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 13 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 13 of the First Amended Complaint.

14.    The averments of Paragraph 14 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 14 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 14 of the First Amended Complaint.

15.     The averments of Paragraph 15 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 15 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 15 of the First Amended Complaint.

16.     The averments of Paragraph 16 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 16 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 16 of the First Amended Complaint.

17.     The averments of Paragraph 17 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 17 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 17 of the First Amended Complaint.

18.     The averments of Paragraph 18 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 18 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 18 of the First Amended Complaint.

19.     The averments of Paragraph 19 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 19 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 19 of the First Amended Complaint.

20.     The averments of Paragraph 20 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 20 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 20 of the First Amended Complaint.

21.     The averments of Paragraph 21 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 21 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 21 of the First Amended Complaint.

22.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 22 of the First Amended Complaint.

23.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 23 of the First Amended Complaint.

24.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 24 of the First Amended Complaint.

25.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 25 of the First Amended Complaint.

26.     The averments of Paragraph 26 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 26 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 26 of the First Amended Complaint.

27.     The Hitachi Defendants deny each of the averments of the first sentence of Paragraph 27 of First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of the first sentence of Paragraph 27 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of the first sentence of Paragraph 27 of the First Amended Complaint.  The averments of the second sentence of Paragraph 27 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the averments of the second sentence of Paragraph 27 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 27 of the First Amended Complaint.

28.     The Hitachi Defendants deny each of the averments of the first two sentences of Paragraph 28 of First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of the first two sentences of Paragraph 28 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 28 of the First Amended Complaint.  The averments of the last sentence of Paragraph 28 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the averments of the last sentence of Paragraph 28 may be deemed to

require a response, the Hitachi Defendants deny each of the averments of the last sentence Paragraph 28 of the First Amended Complaint.

29.     The Hitachi Defendants deny each of the averments of the first five sentences of Paragraph 29 of First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of the first five sentences of Paragraph 29 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of the first five sentences of Paragraph 29 of the First Amended Complaint.  The averments of the last sentence of Paragraph 29 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the averments of Paragraph 29 may be deemed to require a response, the Hitachi Defendants deny each of the averments of the last sentence of Paragraph 29 of the First Amended Complaint.

30.     The Hitachi Defendants deny each of the averments of the first four sentences of Paragraph 30 of First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of the first four sentences of Paragraph 30 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 30 of the First Amended Complaint.  The averments of the last four sentences of Paragraph 30 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the averments of Paragraph 30 may be deemed to require a response, the Hitachi Defendants deny each of the averments of the last four sentences of Paragraph 30 of the First Amended Complaint.

31.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 31 of the First Amended Complaint.

32.     The Hitachi Defendants admit that Hitachi, Ltd. is a Japanese company with its principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280, Japan.  The Hitachi Defendants deny the remainder of the averments of Paragraph 32 of the First Amended Complaint.

33.     The Hitachi Defendants deny that Hitachi Displays, Ltd. is a Japanese company with its principal place of business located at AKS Building 5F, Kanda Neribei-cho 3, Chiyoda-ku,

1   Tokyo, 101-0022, Japan, but admit that Hitachi Displays, Ltd. was a Japanese company with its

2   principal place of business at 3300, Hayano, Mobara-shi, Chiba-ken, 297-8622, Japan.  The Hitachi

3   Defendants deny the remainder of the averments of Paragraph 33 of the First Amended Complaint.

4        34.    The Hitachi Defendants admit that Hitachi America, Ltd. is a New York company

5   with its principal place of business at 50 Prospect Avenue, Tarrytown, New York 10591.  The

6   Hitachi Defendants admit that Hitachi America, Ltd. is a subsidiary of Hitachi, Ltd.  The Hitachi

7   Defendants deny the remainder of the averments of Paragraph 34 of the First Amended Complaint.

8        35.    The Hitachi Defendants admit that Hitachi Asia, Ltd. is a Singaporean company with

9   its principal place of business at 7 Tampines Grande, #08-01 Hitachi Square, Singapore 528736.

10  The Hitachi Defendants deny the remainder of the averments of Paragraph 35 of the First Amended

11  Complaint.

12       36.    The Hitachi Defendants admit that Hitachi Electronic Devices (USA), Inc. is a

13  Delaware corporation with its principal place of business at 208 Fairforest Way, Greenville, South

14  Carolina 29607.  The Hitachi Defendants deny the remainder of the averments of Paragraph 36 of

15  the First Amended Complaint.

16       37.    The Hitachi Defendants deny, for want of information or belief, the averments in the

17  first sentence of Paragraph 37 of the First Amended Complaint that "Defendant Shenzhen SEG

18  Hitachi Color Display Devices, Ltd. ('Hitachi Shenzhen') was a Chinese company with its principal

19  place of business at 5001 Huanggang Road, Futian District, Shenzhen 518035, China."  To the

20  extent the remaining averments in Paragraph 37 of the First Amended Complaint are directed at the

21  Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi

22  Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi

23  Defendants deny, for want of information or belief, the averments in the rest of Paragraph 37 of the

24  First Amended Complaint.

25       38.    The Hitachi Defendants deny each of the averments of Paragraph 38 of the First

26  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

27  Paragraph 38 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

28  Defendants deny, for want of information or belief, the averments of Paragraph 38 of the First

1   Amended Complaint.

2       39.   The averments of Paragraph 39 of the First Amended Complaint are not directed at

3   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 39 may

4   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

5   each of the averments in Paragraph 39 of the First Amended Complaint.

6       40.   The averments of Paragraph 40 of the First Amended Complaint are not directed at

7   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 40 may

8   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

9   each of the averments in Paragraph 40 of the First Amended Complaint.

10       41.   The averments of Paragraph 41 of the First Amended Complaint are not directed at

11   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 41 may

12   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

13   each of the averments in Paragraph 41 of the First Amended Complaint.

14       42.   The averments of Paragraph 42 of the First Amended Complaint are not directed at

15   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 42 may

16   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

17   each of the averments in Paragraph 42 of the First Amended Complaint.

18       43.   The averments of Paragraph 43 of the First Amended Complaint are not directed at

19   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 43 may

20   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

21   each of the averments in Paragraph 43 of the First Amended Complaint.

22       44.   The averments of Paragraph 44 of the First Amended Complaint are not directed at

23   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 44 may

24   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

25   each of the averments in Paragraph 44 of the First Amended Complaint.

26       45.   The averments of Paragraph 45 of the First Amended Complaint are not directed at

27   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 45 may

28   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

each of the averments in Paragraph 45 of the First Amended Complaint.

46.   The averments of Paragraph 46 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 46 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 46 of the First Amended Complaint.

47.   The averments of Paragraph 47 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 47 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 47 of the First Amended Complaint.

48.   The averments of Paragraph 48 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 48 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 48 of the First Amended Complaint.

49.   The averments of Paragraph 49 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 49 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 49 of the First Amended Complaint.

50.   The averments of Paragraph 50 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 50 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 50 of the First Amended Complaint.

51.   The averments of Paragraph 51 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 51 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 51 of the First Amended Complaint.

52.   The averments of Paragraph 52 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 52 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

each of the averments in Paragraph 52 of the First Amended Complaint.

53.    The averments of Paragraph 53 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 53 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 53 of the First Amended Complaint.

54.    The averments of Paragraph 54 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 54 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 54 of the First Amended Complaint.

55.    The averments of Paragraph 55 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 55 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 55 of the First Amended Complaint.

56.    The averments of Paragraph 56 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 56 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 56 of the First Amended Complaint.

57.    The averments of Paragraph 57 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 57 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 57 of the First Amended Complaint.

58.    The averments of Paragraph 58 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 58 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 58 of the First Amended Complaint.

59.    The averments of Paragraph 59 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 59 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

each of the averments in Paragraph 59 of the First Amended Complaint.

60.     The averments of Paragraph 60 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 60 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 60 of the First Amended Complaint.

61.     The averments of Paragraph 61 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 61 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 61 of the First Amended Complaint.

62.     The averments of Paragraph 62 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 62 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 62 of the First Amended Complaint.

63.     The averments of Paragraph 63 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 63 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 63 of the First Amended Complaint.

64.     The averments of Paragraph 64 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 64 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 64 of the First Amended Complaint.

65.     The averments of Paragraph 65 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 65 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 65 of the First Amended Complaint.

66.     The averments of Paragraph 66 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 66 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

1    each of the averments in Paragraph 66 of the First Amended Complaint.

2        67.    The averments of Paragraph 67 of the First Amended Complaint are not directed at

3    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 67 may

4    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

5    each of the averments in Paragraph 67 of the First Amended Complaint.

6        68.    The averments of Paragraph 68 of the First Amended Complaint are not directed at

7    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 68 may

8    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

9    each of the averments in Paragraph 68 of the First Amended Complaint.

10       69.    The averments of Paragraph 69 of the First Amended Complaint are not directed at

11   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 69 may

12   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

13   each of the averments in Paragraph 69 of the First Amended Complaint.

14       70.    The averments of Paragraph 70 of the First Amended Complaint are not directed at

15   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 70 may

16   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

17   each of the averments in Paragraph 70 of the First Amended Complaint.

18       71.    The averments of Paragraph 71 of the First Amended Complaint are not directed at

19   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 71 may

20   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

21   each of the averments in Paragraph 71 of the First Amended Complaint.

22       72.    The averments of Paragraph 72 of the First Amended Complaint are not directed at

23   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 72 may

24   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

25   each of the averments in Paragraph 72 of the First Amended Complaint.

26       73.    The averments of Paragraph 73 of the First Amended Complaint consist of

27   conclusions of law to which no response is required.  To the extent Paragraph 73 may be deemed to

28   require a response, the Hitachi Defendants deny, for want of information or belief, each of the

1   averments in Paragraph 73 of the First Amended Complaint.

2       74.     The averments of Paragraph 74 of the First Amended Complaint are not directed at

3   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 74 may

4   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

5   each of the averments in Paragraph 74 of the First Amended Complaint.

6       75.     The averments of Paragraph 75 of the First Amended Complaint are not directed at

7   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 75 may

8   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

9   each of the averments in Paragraph 75 of the First Amended Complaint.

10      76.     The averments of Paragraph 76 of the First Amended Complaint are not directed at

11  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 76 may

12  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

13  each of the averments in Paragraph 76 of the First Amended Complaint.

14      77.     The averments of Paragraph 77 of the First Amended Complaint consist of

15  conclusions of law to which no response is required.  To the extent Paragraph 77 may be deemed to

16  require a response, the Hitachi Defendants deny, for want of information or belief, each of the

17  averments in Paragraph 77 of the First Amended Complaint.

18      78.     The averments of Paragraph 78 of the First Amended Complaint consist of

19  conclusions of law to which no response is required.  To the extent Paragraph 78 may be deemed to

20  require a response, the Hitachi Defendants deny, for want of information or belief, each of the

21  averments in Paragraph 78 of the First Amended Complaint.

22      79.     The averments of Paragraph 79 of the First Amended Complaint consist of

23  conclusions of law to which no response is required.  To the extent Paragraph 79 may be deemed to

24  require a response, the Hitachi Defendants deny, for want of information or belief, each of the

25  averments in Paragraph 79 of the First Amended Complaint.

26      80.     The averments of Paragraph 80 of the First Amended Complaint consist of

27  conclusions of law to which no response is required.  To the extent Paragraph 80 may be deemed to

28  require a response, the Hitachi Defendants deny, for want of information or belief, each of the

averments in Paragraph 80 of the First Amended Complaint.

81.     The averments of Paragraph 81 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 81 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 81 of the First Amended Complaint.

82.     The averments of Paragraph 82 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 82 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 82 of the First Amended Complaint.

83.     The averments of Paragraph 83 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 83 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 83 of the First Amended Complaint.

84.     The averments of Paragraph 84 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 84 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 84 of the First Amended Complaint.

85.     The averments of Paragraph 85 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 85 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 85 of the First Amended Complaint.

86.     The averments of Paragraph 86 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 86 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 86 of the First Amended Complaint.

87.     The averments of Paragraph 87 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 87 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

1    each of the averments in Paragraph 87 of the First Amended Complaint.

2        88.    The averments of Paragraph 88 of the First Amended Complaint are not directed at

3    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 88 may

4    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

5    each of the averments in Paragraph 88 of the First Amended Complaint.

6        89.    The averments of Paragraph 89 of the First Amended Complaint are not directed at

7    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 89 may

8    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

9    each of the averments in Paragraph 89 of the First Amended Complaint.

10        90.    The averments of Paragraph 90 of the First Amended Complaint are not directed at

11    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 90 may

12    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

13    each of the averments in Paragraph 90 of the First Amended Complaint.

14        91.    The averments of Paragraph 91 of the First Amended Complaint are not directed at

15    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 91 may

16    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

17    each of the averments in Paragraph 91 of the First Amended Complaint.

18        92.    The averments of Paragraph 92 of the First Amended Complaint are not directed at

19    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 92 may

20    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

21    each of the averments in Paragraph 92 of the First Amended Complaint.

22        93.    The averments of Paragraph 93 of the First Amended Complaint are not directed at

23    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 93 may

24    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

25    each of the averments in Paragraph 93 of the First Amended Complaint.

26        94.    The averments of Paragraph 94 of the First Amended Complaint are not directed at

27    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 94 may

28    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

each of the averments in Paragraph 94 of the First Amended Complaint.

95.     The averments of Paragraph 95 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 95 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 95 of the First Amended Complaint.

96.     The averments of Paragraph 96 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 96 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 96 of the First Amended Complaint.

97.     The averments of Paragraph 97 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 97 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 97 of the First Amended Complaint.

98.     The averments of Paragraph 98 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 98 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 98 of the First Amended Complaint.

99.     The averments of Paragraph 99 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 99 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 99 of the First Amended Complaint.

100.     The averments of Paragraph 100 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 100 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 100 of the First Amended Complaint.

101.     The averments of Paragraph 101 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 101 may be deemed to require a response, the Hitachi Defendants deny, for want of information or

1    belief, each of the averments in Paragraph 101 of the First Amended Complaint.

2         102.    The averments of Paragraph 102 of the First Amended Complaint are not directed at

3    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 102

4    may be deemed to require a response, the Hitachi Defendants deny, for want of information or

5    belief, each of the averments in Paragraph 102 of the First Amended Complaint.

6         103.    The averments of Paragraph 103 of the First Amended Complaint are not directed at

7    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 103

8    may be deemed to require a response, the Hitachi Defendants deny, for want of information or

9    belief, each of the averments in Paragraph 103 of the First Amended Complaint.

10        104.    The averments of Paragraph 104 of the First Amended Complaint are not directed at

11   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 104

12   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

13   belief, each of the averments in Paragraph 104 of the First Amended Complaint.

14        105.    The averments of Paragraph 105 of the First Amended Complaint are not directed at

15   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 105

16   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

17   belief, each of the averments in Paragraph 105 of the First Amended Complaint.

18        106.    The averments of Paragraph 106 of the First Amended Complaint are not directed at

19   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 106

20   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

21   belief, each of the averments in Paragraph 106 of the First Amended Complaint.

22        107.    The averments of Paragraph 107 of the First Amended Complaint are not directed at

23   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 107

24   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

25   belief, each of the averments in Paragraph 107 of the First Amended Complaint.

26        108.    The averments of Paragraph 108 of the First Amended Complaint are not directed at

27   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 108

28   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

1    belief, each of the averments in Paragraph 108 of the First Amended Complaint.

2            109.    The averments of Paragraph 109 of the First Amended Complaint are not directed at

3    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 109

4    may be deemed to require a response, the Hitachi Defendants deny, for want of information or

5    belief, each of the averments in Paragraph 109 of the First Amended Complaint.

6            110.    The averments of Paragraph 110 of the First Amended Complaint consist of

7    conclusions of law to which no response is required.  To the extent Paragraph 110 may be deemed to

8    require a response, the Hitachi Defendants deny, for want of information or belief, each of the

9    averments in Paragraph 110 of the First Amended Complaint.

10           111.    The averments of Paragraph 111 of the First Amended Complaint consist of

11   conclusions of law to which no response is required.  To the extent Paragraph 111 may be deemed to

12   require a response, the Hitachi Defendants deny, for want of information or belief, each of the

13   averments in Paragraph 111 of the First Amended Complaint.

14           112.    The averments of Paragraph 112 of the First Amended Complaint consist of

15   conclusions of law to which no response is required.  To the extent Paragraph 112 may be deemed to

16   require a response, the Hitachi Defendants deny, for want of information or belief, each of the

17   averments in Paragraph 112 of the First Amended Complaint.

18           113.    The averments of Paragraph 113 of the First Amended Complaint appear to be

19   prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph

20   113 may be deemed to require a response, the Hitachi Defendants deny each of the averments of

21   Paragraph 113 of the First Amended Complaint.

22           114.    The averments of Paragraph 114 of the First Amended Complaint appear to be

23   prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph

24   114 may be deemed to require a response, the Hitachi Defendants deny each of the averments of

25   Paragraph 114 of the First Amended Complaint.

26           115.    The averments of Paragraph 115 of the First Amended Complaint appear to be

27   prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph

28   115 may be deemed to require a response, the Hitachi Defendants deny each of the averments of

Paragraph 115 of the First Amended Complaint.

116.    The averments of Paragraph 116 of the First Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 116 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 116 of the First Amended Complaint.

117.    The averments of Paragraph 117 of the First Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 117 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 117 of the First Amended Complaint.

118.    The averments of Paragraph 118 of the First Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 118 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 118 of the First Amended Complaint.

119.    The averments of Paragraph 119 of the Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 119 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 119 of the Amended Complaint.

120.    The averments of Paragraph 120 of the First Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 120 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 120 of the First Amended Complaint.

121.    The averments of Paragraph 121 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 121 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 121 of the First Amended Complaint.

122.    The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 122 of the First Amended Complaint.

123.    The averments of Paragraph 123 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 123 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 123 of the First Amended Complaint.

124.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 124 of the First Amended Complaint.

125.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 125 of the First Amended Complaint.

126.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 126 of the First Amended Complaint.

127.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 127 of the First Amended Complaint.

128.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 128 of the First Amended Complaint.

129.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 129 of the First Amended Complaint.

130.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 130 of the First Amended Complaint, but admit that the European Commission issued a press release on November 8, 2007, the details of which are matters of public record.

131.    The averments in Paragraph 131 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 131 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 131 of the First Amended Complaint.

132.    The averments in Paragraph 132 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 133 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 132 of the First Amended Complaint.

1     133.    The averments in Paragraph 133 of the First Amended Complaint are not directed at

2     the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 133

3     may be deemed to require a response, the Hitachi Defendants deny, for want of information or

4     belief, each of the averments in Paragraph 133 of the First Amended Complaint.

5     134.    The averments in Paragraph 134 of the First Amended Complaint purport to quote

6     and/or be derived from an *International Herald Tribune* report, and thus no response is required.  To

7     the extent that the averments in Paragraph 134 may be deemed to require a response, the Hitachi

8     Defendants respond that the *International Herald Tribune* report speaks for itself and deny, for want

9     of information or belief, the averments in Paragraph 134 of the First Amended Complaint.

10    135.    The averments in Paragraph 135 of the First Amended Complaint purport to quote

11    and/or be derived from a Toshiba Annual Report, and thus no response is required.  To the extent

12    that the averments in Paragraph 135 may be deemed to require a response, the Hitachi Defendants

13    respond that the Toshiba Annual Report speaks for itself and deny, for want of information or belief,

14    the averments in Paragraph 135 of the First Amended Complaint.

15    136.    The averments in Paragraph 136 of the First Amended Complaint are not directed at

16    the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for

17    want of information or belief, the averments of Paragraph 136 of the First Amended Complaint to

18    the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

19    specifically admitted herein.  To the extent the averments of Paragraph 136 of the First Amended

20    Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

21    averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted

22    herein.  The Hitachi Defendants admit that C.Y. Lin of Chunghwa Picture Tubes was indicted, the

23    details of which are matters of public record.

24    137.    The averments in Paragraph 137 of the First Amended Complaint are not directed at

25    the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for

26    want of information or belief, the averments of Paragraph 137 of the First Amended Complaint to

27    the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

28    specifically admitted herein.  To the extent the averments of Paragraph 137 of the First Amended

Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein. The Hitachi Defendants admit that Tony Cheng of Chunghwa Picture Tubes was indicted, the details of which are matters of public record.

138. The averments in Paragraph 138 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required. To the extent Paragraph 138 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 143 of the First Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants. To the extent the averments of Paragraph 138 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants.

139. The averments in Paragraph 139 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required. The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 139 of the First Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants with the exception of matters specifically admitted herein. To the extent the averments of Paragraph 139 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein. The Hitachi Defendants admit that Chung Cheng Yeh, an employee of a Taiwanese company, was indicted, the details of which are matters of public record.

140. The averments in Paragraph 140 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required. The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 140 of the First Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants with the exception of matters specifically admitted herein. To the extent the averments of Paragraph 140 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein. The Hitachi Defendants admit that Seung-Kyu Lee, Yeong-Ug Yang, and Jae-Sik Kim were

1   indicted, the details of which are matters of public record.

2           141.    The averments of Paragraph 141 of the First Amended Complaint are not directed at

3   the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 141 of the

4   First Amended Complaint may be deemed to require a response, the Hitachi Defendants deny, for

5   want of information or belief, the averments of Paragraph 141 of the First Amended Complaint to

6   the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

7   specifically admitted herein.  To the extent the averments of Paragraph 141 of the First Amended

8   Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny the averments of

9   Paragraph 141 of the First Amended Complaint as it pertains to the Hitachi Defendants with the

10  exception of matters specifically admitted herein.  The Hitachi Defendants admit that the DOJ issued

11  a press release on March 18, 2011, the details of which are matters of public record.

12          142.    The averments in Paragraph 142 of the First Amended Complaint are not directed at

13  the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 142 may be

14  deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the

15  averments of Paragraph 142 of the First Amended Complaint to the extent they relate to defendants

16  other than the Hitachi Defendants.  To the extent the averments of Paragraph 142 of the First

17  Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

18  averments as it pertains to the Hitachi Defendants.

19          143.    The averments in Paragraph 143 of the First Amended Complaint are not directed at

20  the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 143 may be

21  deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the

22  averments of Paragraph 143 of the First Amended Complaint to the extent they relate to defendants

23  other than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the

24  extent the averments of Paragraph 143 of the First Amended Complaint are directed at the Hitachi

25  Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi

26  Defendants with the exception of matters specifically admitted herein.  The Hitachi Defendants

27  admit that the European Commission made an announcement on December 5, 2012, the details of

28  which are matters of public record.

144.     The averments in Paragraph 144 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 144 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 144 of the First Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants.  To the extent the averments of Paragraph 144 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants.

145.     The Hitachi Defendants deny each of the averments of Paragraph 145 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 145 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 145 of the First Amended Complaint.

146.     The Hitachi Defendants deny each of the averments of Paragraph 146 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 146 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 146 of the First Amended Complaint.

147.     The averments of Paragraph 147 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 147 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 147 of the First Amended Complaint.

148.     To the extent the averments of Paragraph 148 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments of Paragraph 148 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 148 of the First Amended Complaint.

149.     The Hitachi Defendants deny each of the averments of Paragraph 149 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

Paragraph 149 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 149 of the First Amended Complaint.

150.    The Hitachi Defendants deny each of the averments of Paragraph 150 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 150 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 150 of the First Amended Complaint.

151.    The averments of Paragraph 151 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 151 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 151 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 151 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 151 of the First Amended Complaint.

152.    The Hitachi Defendants deny each of the averments of Paragraph 152 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 152 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 152 of the First Amended Complaint.

153.    The averments of Paragraph 153 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 153 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 153 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 153 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 153 of the First Amended Complaint.

154.     To the extent the averments of Paragraph 154 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 154 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 154 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 154 of the First Amended Complaint.

155.     To the extent the averments of Paragraph 155 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 155 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 155 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 155 of the First Amended Complaint.

156.     To the extent the averments of Paragraph 156, including all subparts, of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 156 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 156 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 156 of the First Amended Complaint.

157.     To the extent the averments of Paragraph 157 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 157 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 157 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 157 of the First Amended Complaint.

158.     To the extent the averments of Paragraph 158 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 158 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 158 of the First Amended Complaint do not pertain to the Hitachi

1    Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

2    Paragraph 158 of the First Amended Complaint.

3         159.   To the extent the averments of Paragraph 159 of the First Amended Complaint are

4    directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

5    159 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

6    averments of Paragraph 159 of the First Amended Complaint do not pertain to the Hitachi

7    Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

8    Paragraph 159 of the First Amended Complaint.

9         160.   To the extent the averments of Paragraph 160 of the First Amended Complaint are

10   directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

11   160 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

12   averments of Paragraph 160 of the First Amended Complaint do not pertain to the Hitachi

13   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

14   Paragraph 160 of the First Amended Complaint.

15        161.   To the extent the averments of Paragraph 161 of the First Amended Complaint are

16   directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

17   161 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

18   averments of Paragraph 161 of the First Amended Complaint do not pertain to the Hitachi

19   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

20   Paragraph 161 of the First Amended Complaint.

21        162.   To the extent the averments of Paragraph 162 of the First Amended Complaint are

22   directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

23   162 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

24   averments of Paragraph 162 of the First Amended Complaint do not pertain to the Hitachi

25   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

26   Paragraph 162 of the First Amended Complaint.

27        163.   To the extent the averments of Paragraph 163 of the First Amended Complaint are

28   directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

1   163 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

2   averments of Paragraph 163 of the First Amended Complaint do not pertain to the Hitachi

3   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

4   Paragraph 163 of the First Amended Complaint.

5           164.   To the extent the averments of Paragraph 164 of the First Amended Complaint are

6   directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

7   164 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

8   averments of Paragraph 164 of the First Amended Complaint do not pertain to the Hitachi

9   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

10  Paragraph 164 of the First Amended Complaint.

11          165.   To the extent the averments of Paragraph 165 of the First Amended Complaint are

12  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

13  165 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

14  averments of Paragraph 165 of the First Amended Complaint do not pertain to the Hitachi

15  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

16  Paragraph 165 of the First Amended Complaint.

17          166.   The averments of Paragraph 166 of the First Amended Complaint consist of

18  conclusions of law to which no response is required.  To the extent that Paragraph 166 may be

19  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 166

20  of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

21  averments of Paragraph 166 of the First Amended Complaint do not pertain to the Hitachi

22  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

23  Paragraph 166 of the First Amended Complaint.

24          167.   To the extent the averments of Paragraph 167 of the First Amended Complaint are

25  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

26  167 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

27  averments of Paragraph 167 of the First Amended Complaint do not pertain to the Hitachi

28  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

1    Paragraph 167 of the First Amended Complaint.

2         168.    To the extent the averments of Paragraph 168 of the First Amended Complaint are

3    directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

4    168 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

5    averments of Paragraph 168 of the First Amended Complaint do not pertain to the Hitachi

6    Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

7    Paragraph 168 of the First Amended Complaint.

8         169.    To the extent the averments of Paragraph 169 of the First Amended Complaint are

9    directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

10   169 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

11   averments of Paragraph 169 of the First Amended Complaint do not pertain to the Hitachi

12   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

13   Paragraph 169 of the First Amended Complaint.

14        170.    To the extent the averments of Paragraph 170 of the First Amended Complaint are

15   directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

16   170 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

17   averments of Paragraph 170 of the First Amended Complaint do not pertain to the Hitachi

18   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

19   Paragraph 170 of the First Amended Complaint.

20        171.    To the extent the averments of Paragraph 171 of the First Amended Complaint are

21   directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

22   171 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

23   averments of Paragraph 171 of the First Amended Complaint do not pertain to the Hitachi

24   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

25   Paragraph 171 of the First Amended Complaint.

26        172.    To the extent the averments of Paragraph 172 of the First Amended Complaint are

27   directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

28   172 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

averments of Paragraph 172 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 172 of the First Amended Complaint.

173.    To the extent the averments of Paragraph 173, including all subparts, of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 173 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 173 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 173 of the First Amended Complaint.

174.    The Hitachi Defendants deny each of the averments of Paragraph 174 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 174 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 174 of the First Amended Complaint.

175.    The Hitachi Defendants deny each of the averments of Paragraph 175 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 175 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 175 of the First Amended Complaint.

176.    The Hitachi Defendants deny each of the averments of Paragraph 176 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 176 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 176 of the First Amended Complaint.

177.    The averments of Paragraph 177 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent averments of Paragraph 177 of the First Amended Complaint may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 177 as it pertains to the Hitachi Defendants.  To the extent the

1    averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of

2    information or belief, the averments of Paragraph 177 of the First Amended Complaint.

3            178.    The Hitachi Defendants deny each of the averments of Paragraph 178 of the First

4    Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

5    Paragraph 178 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

6    Defendants deny, for want of information or belief, the averments of Paragraph 178 of the First

7    Amended Complaint.

8            179.    The averments of Paragraph 179 of the First Amended Complaint consist of

9    conclusions of law to which no response is required.  To the extent that Paragraph 179 may be

10   deemed to require a response, the Hitachi Defendants deny each of the averments as it pertains to the

11   Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the

12   Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 179 of the

13   First Amended Complaint.

14           180.    The Hitachi Defendants deny each of the averments in Paragraph 180 of the First

15   Amended Complaint.

16           181.    The Hitachi Defendants deny each of the averments in Paragraph 181 of the First

17   Amended Complaint.

18           182.    The averments of Paragraph 182 of the First Amended Complaint are not directed at

19   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 182

20   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

21   belief, each of the averments in Paragraph 182 of the First Amended Complaint.

22           183.    The averments of Paragraph 183 of the First Amended Complaint are not directed at

23   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 183

24   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

25   belief, each of the averments in Paragraph 183 of the First Amended Complaint.

26           184.    The averments of Paragraph 184 of the First Amended Complaint are not directed at

27   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 184

28   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

1    belief, each of the averments in Paragraph 184 of the First Amended Complaint.

2        185.    The averments of Paragraph 185 of the First Amended Complaint are not directed at

3    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 185

4    may be deemed to require a response, the Hitachi Defendants deny, for want of information or

5    belief, each of the averments in Paragraph 185 of the First Amended Complaint.

6        186.    The averments of Paragraph 186 of the First Amended Complaint are not directed at

7    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 186

8    may be deemed to require a response, the Hitachi Defendants deny, for want of information or

9    belief, each of the averments in Paragraph 186 of the First Amended Complaint.

10       187.    The averments of Paragraph 187 of the First Amended Complaint are not directed at

11   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 187

12   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

13   belief, each of the averments in Paragraph 187 of the First Amended Complaint.

14       188.    The averments of Paragraph 188 of the First Amended Complaint are not directed at

15   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 188

16   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

17   belief, each of the averments in Paragraph 188 of the First Amended Complaint.

18       189.    The averments of Paragraph 189 of the First Amended Complaint are not directed at

19   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 189

20   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

21   belief, each of the averments in Paragraph 189 of the First Amended Complaint.

22       190.    The averments of Paragraph 190 of the First Amended Complaint are not directed at

23   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 190

24   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

25   belief, each of the averments in Paragraph 190 of the First Amended Complaint.

26       191.    The averments of Paragraph 191 of the First Amended Complaint are not directed at

27   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 191

28   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

1    belief, each of the averments in Paragraph 191 of the First Amended Complaint.

2           192.    The averments of Paragraph 192 of the First Amended Complaint are not directed at

3    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 192

4    may be deemed to require a response, the Hitachi Defendants deny, for want of information or

5    belief, each of the averments in Paragraph 192 of the First Amended Complaint.

6           193.    The averments of Paragraph 193 of the First Amended Complaint are not directed at

7    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 193

8    may be deemed to require a response, the Hitachi Defendants deny, for want of information or

9    belief, each of the averments in Paragraph 193 of the First Amended Complaint.

10          194.    The averments of Paragraph 194 of the First Amended Complaint are not directed at

11   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 194

12   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

13   belief, each of the averments in Paragraph 194 of the First Amended Complaint.

14          195.    The averments of Paragraph 195 of the First Amended Complaint are not directed at

15   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 195

16   may be deemed to require a response, the Hitachi Defendants deny, for want of information or

17   belief, each of the averments in Paragraph 195 of the First Amended Complaint.

18          196.    The Hitachi Defendants deny each of the averments of Paragraph 196 of the First

19   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

20   Paragraph 196 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

21   Defendants deny, for want of information or belief, the averments of Paragraph 196 of the First

22   Amended Complaint.

23          197.    The Hitachi Defendants deny each of the averments of Paragraph 197 of the First

24   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

25   Paragraph 197 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

26   Defendants deny, for want of information or belief, the averments of Paragraph 197 of the First

27   Amended Complaint.

28

198.    The averments of Paragraph 198 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 198 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 198 of the First Amended Complaint.

199.    The averments of Paragraph 199 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 199 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 199 of the First Amended Complaint.

200.    The averments of Paragraph 200 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 200 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 200 of the First Amended Complaint.

201.    The averments of Paragraph 201 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 201 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 201 of the First Amended Complaint.

202.    The averments of Paragraph 202 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 202 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 202 of the First Amended Complaint.

203.    The averments of Paragraph 203 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 203 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 203 of the First Amended Complaint.

204.    The averments of Paragraph 204 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 204 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 204 of the First Amended Complaint.

205.    The averments of Paragraph 205 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 205 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 205 of the First Amended Complaint.

206.    The averments of Paragraph 206 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 206 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 206 of the First Amended Complaint.

207.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 207 of the First Amended Complaint.

208.    The averments in Paragraph 208 of the First Amended Complaint purport to be derived from a Stanford Resources, Inc. report, and, therefore, no response is required.  To the extent that Paragraph 208 may be deemed to require a response, the Hitachi Defendants respond that the report speaks for itself and deny, for want of information or belief, the averments in Paragraph 208 of the First Amended Complaint.

209.    The Hitachi Defendants deny, for want of information or belief, each of the averments of the first and third sentences of Paragraph 209 of the First Amended Complaint.  The averments in the second sentence of Paragraph 209 of the First Amended Complaint purport to be derived from a Fuji Chimera Research report, and thus no response is required.  To the extent that the averments in the second sentence of Paragraph 209 may be deemed to require a response, the Hitachi Defendants respond that the report speaks for itself and deny, for want of information and belief, the averments in the second sentence of Paragraph 209 of the First Amended Complaint.

210.    The averments in the first sentence of Paragraph 210 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the averments in the first sentence of Paragraph 210 of the First Amended Complaint may be deemed to require a response, the Hitachi Defendants deny each of the averments in the first sentence of Paragraph 210 as they apply to the Hitachi Defendants.  To the extent the averments in the first sentence of Paragraph 210 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

1   Defendants deny, for want of information or belief, each of the averments in the first sentence of

2   Paragraph 210 of the First Amended Complaint.  The remainder of the averments in Paragraph 210

3   purports to quote the President of Skyworth Macao Commercial Off Shore Co., Ltd., Finsen Yu, and

4   thus no response is required.  To the extent that the remainder of Paragraph 210 may be deemed to

5   require a response, the Hitachi Defendants respond that the statement of the President of Skyworth

6   Macao Commercial Off Shore Co., Ltd. speaks for itself and deny, for want of information or belief,

7   the remainder of the averments of Paragraph 210 of the First Amended Complaint.

8       211.    To the extent the averments of Paragraph 211 of the First Amended Complaint are

9   directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains

10  to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants,

11  the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 211 of

12  the First Amended Complaint.

13      212.    The averments of Paragraph 212 purport to be derived from an industry source, and

14  thus no response is required.  To the extent that Paragraph 212 may be deemed to require a response,

15  the Hitachi Defendants respond that the statements of the industry source speak for themselves and

16  deny, for want of information or belief, the averments of Paragraph 212 of the First Amended

17  Complaint.

18      213.    The Hitachi Defendants deny, for want of information or belief, each of the

19  averments in Paragraph 213 of the First Amended Complaint.

20      214.    The Hitachi Defendants deny, for want of information or belief, each of the

21  averments in the first sentence of Paragraph 214 of the First Amended Complaint.  The remainder of

22  the averments of Paragraph 214 purports to be derived from an *Infotech Weekly* article and thus no

23  response is required.  To the extent that the remainder of Paragraph 214 may be deemed to require a

24  response, the Hitachi Defendants respond that the *Infotech Weekly* article speaks for itself and deny,

25  for want of information or belief, the remainder of Paragraph 214 of the First Amended Complaint.

26      215.    The averments in Paragraph 215 of the First Amended Complaint purport to quote

27  and/or be derived from a BNET Business Network article, and thus no response is required.  To the

28  extent that the averments in Paragraph 215 may be deemed to require a response, the Hitachi

1   Defendants respond that the BNET Business Network article speaks for itself and deny, for want of

2   information or belief, the averments in Paragraph 215 of the First Amended Complaint.

3           216.    The averments in Paragraph 216 of the First Amended Complaint purport to quote

4   and/or be derived from a Techtree.com article, and thus no response is required.  To the extent that

5   the averments in Paragraph 216 may be deemed to require a response, the Hitachi Defendants

6   respond that the Techtree.com article speaks for itself and deny, for want of information or belief,

7   the averments in Paragraph 216 of the First Amended Complaint.

8           217.    The Hitachi Defendants deny each of the averments of Paragraph 217 of the First

9   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

10  Paragraph 217 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

11  Defendants deny, for want of information or belief, the averments of Paragraph 217 of the First

12  Amended Complaint.

13          218.    The Hitachi Defendants deny each of the averments of Paragraph 218 of the First

14  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

15  Paragraph 218 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

16  Defendants deny, for want of information or belief, the averments of Paragraph 218 of the First

17  Amended Complaint.

18          219.    The averments in Paragraph 219 of the First Amended Complaint are not directed at

19  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 219

20  may be deemed to require a response, the Hitachi Defendants deny, for want of information or

21  belief, each of the averments in Paragraph 219 of the First Amended Complaint.

22          220.    The averments in Paragraph 220 of the First Amended Complaint are not directed at

23  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 220

24  may be deemed to require a response, the Hitachi Defendants deny, for want of information or

25  belief, each of the averments in Paragraph 220 of the First Amended Complaint.

26          221.    The averments in Paragraph 221 of the First Amended Complaint are not directed at

27  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 221

28  may be deemed to require a response, the Hitachi Defendants deny, for want of information or

belief, each of the averments in Paragraph 221 of the First Amended Complaint.

222.    The averments in Paragraph 222 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 222 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 222 of the First Amended Complaint.

223.    The averments in Paragraph 223 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 223 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 223 of the First Amended Complaint.

224.    The averments of Paragraph 224, including all subparts, of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 224 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 224 of the First Amended Complaint.

225.    The averments of Paragraph 225 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 225 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 225 of the First Amended Complaint.

226.    The Hitachi Defendants deny each of the averments of Paragraph 226 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 226 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 226 of the First Amended Complaint.

227.    The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 227 of the First Amended Complaint.

228.    The averments of Paragraph 228 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 228 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 228 of the First Amended Complaint.

1        229.    The Hitachi Defendants deny each of the averments of Paragraph 229 of the First

2   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

3   Paragraph 229 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

4   Defendants deny, for want of information or belief, the averments of Paragraph 229 of the First

5   Amended Complaint.

6        230.    The averments of Paragraph 230 of the First Amended Complaint consist of

7   conclusions of law to which no response is required.  To the extent that Paragraph 230 may be

8   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 230

9   of the First Amended Complaint.

10        231.    The averments of Paragraph 231 of the First Amended Complaint consist of

11   conclusions of law to which no response is required.  To the extent that Paragraph 231 may be

12   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 231

13   of the First Amended Complaint.

14        232.    The averments of Paragraph 232 of the First Amended Complaint consist of

15   conclusions of law to which no response is required.  To the extent that Paragraph 232 may be

16   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 232

17   of the First Amended Complaint.

18        233.    The averments of Paragraph 233 of the First Amended Complaint consist of

19   conclusions of law to which no response is required.  To the extent that Paragraph 233 may be

20   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 233

21   of the First Amended Complaint.

22        234.    The averments of Paragraph 234 of the First Amended Complaint consist of

23   conclusions of law to which no response is required.  To the extent that Paragraph 234 may be

24   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 234

25   of the First Amended Complaint.

26        235.    The averments of Paragraph 235 of the First Amended Complaint consist of

27   conclusions of law to which no response is required.  To the extent that Paragraph 235 may be

28   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 235

of the First Amended Complaint.

236. The averments of Paragraph 236 of the First Amended Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 236 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 236 of the First Amended Complaint.

237. The averments of Paragraph 237 of the First Amended Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph 237 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 237 of the First Amended Complaint.

238. The Hitachi Defendants deny each of the averments of Paragraph 238 of the First Amended Complaint as it pertains to the Hitachi Defendants. To the extent the averments of Paragraph 238 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 238 of the First Amended Complaint.

239. The Hitachi Defendants deny each of the averments of Paragraph 239 of the First Amended Complaint as it pertains to the Hitachi Defendants. To the extent the averments of Paragraph 239 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 239 of the First Amended Complaint.

240. The Hitachi Defendants deny each of the averments of Paragraph 240 of the First Amended Complaint as it pertains to the Hitachi Defendants. To the extent the averments of Paragraph 240 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 240 of the First Amended Complaint.

241. The Hitachi Defendants deny each of the averments of Paragraph 241 of the First Amended Complaint as it pertains to the Hitachi Defendants. To the extent the averments of Paragraph 241 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 241 of the First

Amended Complaint.

242.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 242 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 242 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 242 of the First Amended Complaint.

243.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 243 of the First Amended Complaint.

244.     The averments of Paragraph 244 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 244 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 244 of the First Amended Complaint.

245.     The averments of Paragraph 245 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 245 may be deemed to require a response, the Hitachi Defendants respond that the statement of the Deputy General Manager for an LG Electronics distributor speaks for itself and deny, for want of information or belief, the averments in Paragraph 245 of the First Amended Complaint.

246.     The Hitachi Defendants deny each of the averments of Paragraph 246 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 246 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 246 of the First Amended Complaint.

247.     The Hitachi Defendants deny each of the averments of Paragraph 247 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 247 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 247 of the First Amended Complaint.

1    248.    The averments of Paragraph 248 of the First Amended Complaint consist of

2    conclusions of law to which no response is required.  To the extent that Paragraph 248 may be

3    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 248

4    of the First Amended Complaint.

5    249.    The averments of Paragraph 249 of the First Amended Complaint consist of

6    conclusions of law to which no response is required.  To the extent that Paragraph 249 may be

7    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 249

8    of the First Amended Complaint.

9    250.    Answering the averments of Paragraph 250 of the First Amended Complaint, the

10   Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and

11   as if set forth fully herein, to the averments of Paragraphs 1-249 of the First Amended Complaint.

12   251.    The averments of Paragraph 251 of the First Amended Complaint consist of

13   conclusions of law to which no response is required.  To the extent that Paragraph 251 may be

14   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 251

15   of the First Amended Complaint.

16   252.    The averments of Paragraph 252 of the First Amended Complaint consist of

17   conclusions of law to which no response is required.  To the extent that Paragraph 252 may be

18   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 252

19   of the First Amended Complaint.

20   253.    The averments of Paragraph 253 of the First Amended Complaint consist of

21   conclusions of law to which no response is required.  To the extent that Paragraph 253 may be

22   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 253

23   of the First Amended Complaint.

24   254.    The averments of Paragraph 254 of the First Amended Complaint consist of

25   conclusions of law to which no response is required.  To the extent that Paragraph 254 may be

26   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 254

27   of the First Amended Complaint.

28

255.    The averments of Paragraph 255 of the First Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 255 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 255 of the First Amended Complaint.

256.    The averments of Paragraph 256 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 256 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 256 of the First Amended Complaint.

257.    Answering the averments of Paragraph 257 of the First Amended Complaint, the Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and as if set forth fully herein, to the averments of Paragraphs 1-256 of the First Amended Complaint.

258.    The averments of Paragraph 258 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 258 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 258 of the Amended Complaint.

259.    The averments of Paragraph 259 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 259 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 259 of the First Amended Complaint.

260.    The averments of Paragraph 260 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 260 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 260 of the First Amended Complaint.

261.    The averments of Paragraph 261 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 261 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 261 of the First Amended Complaint.

1      262.    The averments of Paragraph 262 of the First Amended Complaint consist of

2  conclusions of law to which no response is required.  To the extent that Paragraph 262 may be

3  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 262

4  of the First Amended Complaint.

5      263.    The averments of Paragraph 263 of the First Amended Complaint, including all

6  subparts, consist of conclusions of law to which no response is required.  To the extent that

7  Paragraph 263 may be deemed to require a response, the Hitachi Defendants deny each of the

8  averments of Paragraph 263 of the First Amended Complaint.

9      264.    The averments of Paragraph 264 of the First Amended Complaint, including all

10  subparts, consist of conclusions of law to which no response is required.  To the extent that

11  Paragraph 264 may be deemed to require a response, the Hitachi Defendants deny each of the

12  averments of Paragraph 264 of the First Amended Complaint.

13      265.    The averments of Paragraph 265 of the First Amended Complaint consist of

14  conclusions of law to which no response is required.  To the extent that Paragraph 265 may be

15  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 265

16  of the First Amended Complaint.

17      266.    The averments of Paragraph 266 of the First Amended Complaint consist of

18  conclusions of law to which no response is required.  To the extent that Paragraph 266 may be

19  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 266

20  of the First Amended Complaint.

21      267.    Answering the averments of Paragraph 267 of the First Amended Complaint, the

22  Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and

23  as if set forth fully herein, to the averments of Paragraphs 1-266 of the First Amended Complaint.

24      268.    The averments of Paragraph 268 of the First Amended Complaint consist of

25  conclusions of law to which no response is required.  To the extent that Paragraph 268 may be

26  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 268

27  of the First Amended Complaint.

28

269.    The averments of Paragraph 269 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 269 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 269 of the First Amended Complaint.

270.    The averments of Paragraph 270 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 270 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 270 of the First Amended Complaint.

271.    The averments of Paragraph 271 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 271 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 271 of the First Amended Complaint.

272.    The averments of Paragraph 272 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 272 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 272 of the First Amended Complaint.

273.    The averments of Paragraph 273 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 273 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 273 of the First Amended Complaint.

274.    The averments of Paragraph 274 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 274 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 274 of the First Amended Complaint.

275.    The averments of Paragraph 275 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 275 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 275 of the First Amended Complaint.

1    276.    Answering the averments of Paragraph 276 of the First Amended Complaint, the

2  Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and

3  as if set forth fully herein, to the averments of Paragraphs 1-275 of the First Amended Complaint.

4    277.    The averments of Paragraph 277 of the First Amended Complaint consist of

5  conclusions of law to which no response is required.  To the extent that Paragraph 277 may be

6  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 277

7  of the First Amended Complaint.

8    278.    The averments of Paragraph 278 of the First Amended Complaint consist of

9  conclusions of law to which no response is required.  To the extent that Paragraph 278 may be

10  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 278

11  of the First Amended Complaint.

12    279.    The averments of Paragraph 279 of the First Amended Complaint consist of

13  conclusions of law to which no response is required.  To the extent that Paragraph 279 may be

14  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 279

15  of the First Amended Complaint.

16    280.    The averments of Paragraph 280 of the First Amended Complaint consist of

17  conclusions of law to which no response is required.  To the extent that Paragraph 280 may be

18  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 280

19  of the First Amended Complaint.

20    281.    The averments of Paragraph 281 of the First Amended Complaint consist of

21  conclusions of law to which no response is required.  To the extent that Paragraph 281 may be

22  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 281

23  of the First Amended Complaint.

24    282.    The averments of Paragraph 282 of the First Amended Complaint consist of

25  conclusions of law to which no response is required.  To the extent that Paragraph 282 may be

26  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 282

27  of the First Amended Complaint.

28

283.    Answering the averments of Paragraph 283 of the First Amended Complaint, the Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and as if set forth fully herein, to the averments of Paragraphs 1-282 of the First Amended Complaint.

284.    The averments of Paragraph 284 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 284 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 284 of the First Amended Complaint.

285.    The averments of Paragraph 285 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 285 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 285 of the First Amended Complaint.

286.    The averments of Paragraph 286 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 286 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 286 of the First Amended Complaint.

287.    The averments of Paragraph 287 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 287 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 287 of the First Amended Complaint.

288.    The averments of Paragraph 288 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 288 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 288 of the First Amended Complaint.

289.    The averments of Paragraph 289 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 289 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 289 of the First Amended Complaint.

1      290.    Answering the averments of Paragraph 290 of the First Amended Complaint, the

2  Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and

3  as if set forth fully herein, to the averments of Paragraphs 1-289 of the First Amended Complaint.

4      291.    The averments of Paragraph 291 of the First Amended Complaint consist of

5  conclusions of law to which no response is required.  To the extent that Paragraph 291 may be

6  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 291

7  of the First Amended Complaint.

8      292.    The averments of Paragraph 292 of the First Amended Complaint consist of

9  conclusions of law to which no response is required.  To the extent that Paragraph 292 may be

10  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 292

11  of the First Amended Complaint.

12      293.    The averments of Paragraph 293 of the First Amended Complaint consist of

13  conclusions of law to which no response is required.  To the extent that Paragraph 293 may be

14  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 293

15  of the First Amended Complaint.

16      294.    The averments of Paragraph 294 of the First Amended Complaint consist of

17  conclusions of law to which no response is required.  To the extent that Paragraph 294 may be

18  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 294

19  of the First Amended Complaint.

20      295.    The averments of Paragraph 295 of the First Amended Complaint consist of

21  conclusions of law to which no response is required.  To the extent that Paragraph 295 may be

22  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 295

23  of the First Amended Complaint.

24      296.    The averments of Paragraph 296 of the First Amended Complaint consist of

25  conclusions of law to which no response is required.  To the extent that Paragraph 296 may be

26  deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 296

27  of the First Amended Complaint.

28

297.    Answering the averments of Paragraph 297 of the First Amended Complaint, the Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and as if set forth fully herein, to the averments of Paragraphs 1-296 of the First Amended Complaint.

298.    The averments of Paragraph 298 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 298 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 298 of the First Amended Complaint.

299.    The averments of Paragraph 299 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 299 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 299 of the First Amended Complaint.

300.    The averments of Paragraph 300 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 300 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 300 of the First Amended Complaint.

301.    The averments of Paragraph 301 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 301 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 301 of the First Amended Complaint.

302.    The averments of Paragraph 302 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 302 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 302 of the First Amended Complaint.

303.    The averments of Paragraph 303 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 303 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 303 of the First Amended Complaint.

## PLAINTIFFS' PRAYER FOR RELIEF

The Hitachi Defendants deny each of the Averments of Paragraphs A through F of plaintiffs' Prayer for Relief in the First Amended Complaint, and aver that plaintiffs are not entitled to any relief of any kind for or as against any of the Hitachi Defendants.

## JURY TRIAL DEMAND

To the extent any response is required to the plaintiffs' Jury Trial Demand, the Hitachi Defendants admit that plaintiffs purport to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

Without assuming the burden of proof where it rests upon plaintiffs, the Hitachi Defendants aver the following as separate affirmative and/or additional defenses to plaintiffs' First Amended Complaint:

## FIRST DEFENSE

### (Failure to State a Claim)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the First Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

### (Statutes Of Limitations)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

### (Withdrawal)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of the Hitachi Defendants' withdrawal from and/or abandonment of any alleged conspiracy.

## FOURTH DEFENSE

### (Claim Splitting And Election Of Remedies)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of claim splitting and by the doctrine of the election of remedies.

## FIFTH DEFENSE

### (Laches, Estoppel, Waiver, And/Or Unclean Hands)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, under the doctrines of laches, estoppel, waiver, and/or unclean hands.

## SIXTH DEFENSE

### (Reasonable Justification)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because all of the actions of the Hitachi Defendants being challenged by plaintiffs were lawful, justified, pro-competitive, constitute bona fide business competition, and were carried out in furtherance of the Hitachi Defendants' legitimate business interests.

## SEVENTH DEFENSE

### (Ratification, Acquiescence, Agreement Or Consent)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of plaintiffs' ratification of, or acquiescence, agreement or consent to the conduct of the Hitachi Defendants.

## EIGHTH DEFENSE

### (Accord And Satisfaction, Release And Settlement)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the doctrines of accord and satisfaction, release and settlement.

## NINTH DEFENSE

### (Government Privilege)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the alleged conduct of the Hitachi Defendants that is the subject of the First Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

1

**TENTH DEFENSE**

2

**(Lack of Standing)**

3

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs

4

lack standing to bring the claims asserted in the First Amended Complaint.

5

**ELEVENTH DEFENSE**

6

**(Failure To Plead Fraud Particularly; Fed. R. Civ. P. 9(B))**

7

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs

8

have failed to allege fraudulent concealment with particularity.

9

**TWELFTH DEFENSE**

10

**(Ultra Vires)**

11

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because, to the

12

extent that any employee or agent of the Hitachi Defendants engaged in any unlawful act or

13

omission, which unlawful act or omission the Hitachi Defendants expressly deny, any such

14

actionable act or omission would have been committed by individuals acting ultra vires.

15

**THIRTEENTH DEFENSE**

16

**(Intervening Causes)**

17

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs'

18

alleged injuries, if any, stemmed from intervening and/or superseding causes.

19

**FOURTEENTH DEFENSE**

20

**(Lack Of Antitrust Injury)**

21

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs

22

have not suffered an antitrust injury.

23

**FIFTEENTH DEFENSE**

24

**(No Act Of The Hitachi Defendants)**

25

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs

26

have not been injured in its business or property by reason of any action of the Hitachi Defendants.

27

28

## SIXTEENTH DEFENSE

### (Speculative Damages)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the plaintiffs' alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

## SEVENTEENTH DEFENSE

### (Failure To Mitigate Damages)

Each of plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, because of and to the extent of plaintiffs' failure to mitigate damages.

## EIGHTEENTH DEFENSE

### (Pass Through)

Plaintiffs' claims or causes of action for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge, the existence of which the Hitachi Defendants expressly deny, was absorbed, in whole or in part, by others, and was not passed through to plaintiffs.

## NINETEENTH DEFENSE

### (Restitution)

Each of plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, to the extent that any restitution or award of damages to plaintiffs would be excessive and punitive, and disproportionate to any alleged injury suffered by plaintiffs.

## TWENTIETH DEFENSE

### (Available Remedy At Law)

Each of plaintiffs' claims or causes of action for injunction or other equitable relief is barred, in whole or in part, because plaintiffs have available an adequate remedy at law.

## TWENTY-FIRST DEFENSE

### (Injunction)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs seek to enjoin alleged events that have already transpired and without the requisite showing of threatened future harm or continuing violation.

**TWENTY-SECOND DEFENSE**

**(Residency)**

To the extent plaintiffs seeks to assert claims or obtain relief under the laws of a state of which they are not a resident, those claims are barred by (i) constitutional rights of due process; (ii) choice of law principles; and (iii) the laws of the states under which plaintiffs asserts their claims.

**TWENTY-THIRD DEFENSE**

**(Unjust Enrichment)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the First Amended Complaint.

**TWENTY-FOURTH DEFENSE**

**(Improper Venue)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because venue does not lie in this Court.

**TWENTY-FIFTH DEFENSE**

**(Comparative Fault)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent the injuries alleged in the First Amended Complaint, the fact and extent of which are expressly denied by the Hitachi Defendants, were directly and proximately caused by or contributed to by the statements, acts or omissions of plaintiffs or third persons or entities unaffiliated with the Hitachi Defendants.

**TWENTY-SIXTH DEFENSE**

**(Res Judicata And/Or Collateral Estoppel)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

1

## TWENTY-SEVENTH DEFENSE

2

### (Foreign Trade Antitrust Improvements Act)

3      Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs

4  have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust

5  Improvements Act, 15 U.S.C. § 6a.

6

## TWENTY-EIGHTH DEFENSE

7

### (Foreign Sales)

8      Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent

9  plaintiffs seek to recover damages, if any, based on sales outside of the United States.

10

## TWENTY-NINTH DEFENSE

11

### (Improper Joinder)

12      Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs'

13  claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure

14  because they did not arise out of the same transaction, occurrence or series of transactions or

15  occurrences and/or do not involve questions of law or fact common to all defendants.

16

## THIRTIETH DEFENSE

17

### (Failure To Exhaust Remedies)

18      Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs

19  failed to exhaust all remedies against the parties with whom each plaintiff is in privity.

20

## THIRTY-FIRST DEFENSE

21

### (No Multiple Recoveries)

22      Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent it

23  would result in the Hitachi Defendants paying damages to more than one claimant for the same

24  alleged overcharge, because such multiple recoveries would violate rights guaranteed to the Hitachi

25  Defendants by applicable states' laws and the United States Constitution, including, without

26  limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

27

28

## THIRTY-SECOND DEFENSE

### (Voluntary Payment Doctrine)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the voluntary payment doctrine, under which plaintiffs is not entitled to recover payments made with full knowledge of the facts.

## THIRTY-THIRD DEFENSE

### (Incorporation Of Defenses Of Others)

The Hitachi Defendants adopt by reference any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

## THIRTY-FOURTH DEFENSE

### (Privilege)

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of the Hitachi Defendants was justified, constituted *bona fide* business competition, and was taken in pursuit of its own legitimate business and economic interests and is therefore privileged.

## THIRTY-FIFTH DEFENSE

### (Noerr-Pennington Doctrine)

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, by the doctrine of Noerr-Pennington.

## THIRTY-SIXTH DEFENSE

### (Forum Non Conveniens)

The First Amended Complaint should be dismissed on the grounds of forum non conveniens.

## THIRTY-SEVENTH DEFENSE

### (Improper Forum/Arbitration)

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because plaintiffs has agreed to arbitration or chose a different forum for the resolution of their claims.

## THIRTY-EIGHTH DEFENSE

### (Intervening Conduct)

Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of the Hitachi Defendants and/or were caused, if at all, solely and proximately by the conduct of third parties, including, without limitations, the prior, intervening or superseding conduct of such third parties.

## THIRTY-NINTH DEFENSE

### (Lack of Subject Matter Jurisdiction)

This Court lacks subject-matter jurisdiction over plaintiffs' claims and causes of action pursuant to, but not limited to, the Foreign Trade Antitrust Improvements Act.

## FORTIETH DEFENSE

### (Reservation of Other Defenses)

The Hitachi Defendants reserve the right to assert other defenses as this action proceeds up to and including the time of trial.

**WHEREFORE,** Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. each pray that:

1.      The Court dismiss with prejudice plaintiffs' First Amended Complaint;

2.      Plaintiffs recover no relief of any kind against defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., or any of them;

3.      Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of them, have and recover their respective costs of suit against plaintiffs; and

1        4.      The Court award to Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.),

2    Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of

3    them, such further relief as may be appropriate.

4

5    DATED:  March 27, 2014                 Respectfully submitted,

6

7                                     KIRKLAND & ELLIS LLP

8                                     */s/ Eliot A. Adelson*

9                                     Eliot A. Adelson

10                                    Attorneys for Defendants,

11                                    HITACHI, LTD., HITACHI DISPLAYS, LTD. (n/k/a JAPAN DISPLAY INC.),

12                                    HITACHI AMERICA, LTD., HITACHI ASIA, LTD., AND HITACHI ELECTRONIC DEVICES (USA), INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28