Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| This Document Relates to: *Schultze Agency Services, LLC v. Hitachi, Ltd., et al.* Civil Action No. 3:12-02649-SC | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO SCHULTZE AGENCY SERVICES, LLC'S FIRST AMENDED COMPLAINT** The Honorable Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

For its Answer to Schultze Agency Services, LLC's First Amended Complaint ("FAC"), Defendant Toshiba America Electronic Components, Inc. ("TAEC") states as follows:

## I.    INTRODUCTION[1]

1.    The allegations contained in Paragraph 1 consist of Plaintiff's characterization of its claims and an explanation of defined terms used in its FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 1.  To the extent that the allegations contained in Paragraph 1 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations in Paragraph 1 are directed at TAEC, TAEC denies these allegations.

2.    To the extent that the allegations contained in the first sentence of Paragraph 2 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the first sentence of Paragraph 2 are directed to TAEC, TAEC denies these allegations.  The remainder of Paragraph 2 consists of explanations of defined terms used in its FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in the remainder of Paragraph 2.

3.    To the extent that the allegations contained in Paragraph 3 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 3 are directed to TAEC, TAEC denies these allegations.

4.    To the extent that the allegations contained in Paragraph 4 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 4 are directed to TAEC, TAEC denies these allegations.

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the FAC.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

5.      To the extent that the allegations contained in Paragraph 5 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 5 are directed to TAEC, TAEC denies these allegations.

6.      To the extent that the allegations contained in Paragraph 6 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 6 are directed to TAEC, TAEC denies these allegations.

7.      To the extent that the allegations contained in Paragraph 7 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 7 are directed to TAEC, TAEC denies these allegations.

8.      To the extent that Paragraph 8 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 8 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 8 may be deemed to require a response from TAEC, TAEC denies these allegations.

9.      Paragraph 9 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 9 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 9 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER
TO SCHULTZE AGENCY SERVICES, LLC'S FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**II.   JURISDICTION AND VENUE**

10.   The allegations contained in Paragraph 10 consist of Plaintiff's characterization of its case, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 10.

11.   The allegations contained in Paragraph 11 consist of Plaintiff's characterization of its case, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 11 and notes that the claim described in Paragraph 11 was dismissed by the Court on March 13, 2014.

12.   The allegations contained in Paragraph 12 consist of Plaintiff's characterization of its case and legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 12.

13.   To the extent that the allegations contained in the first sentence in Paragraph 13 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the first sentence in Paragraph 13 relate to TAEC, TAEC denies the allegations.  TAEC denies the remaining allegations of Paragraph 13.

14.   The first and third sentences of Paragraph 14 are legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 14.  To the extent that the allegations contained in Paragraph 14 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 14 are directed to TAEC, TAEC denies these allegations.

15.   The allegations in Paragraph 15 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 15.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

### III.  THE PARTIES

#### A.  Plaintiff

16.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies the allegations.

17.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies the allegations.

18.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies the allegations.

19.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies the allegations.

20.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the allegations.

21.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies the allegations.

22.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies the allegations.

#### B.  Defendants

##### 1.  Hitachi Entities

23.    Paragraph 23 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies the allegations.

24.    Paragraph 24 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies the allegations.

25.    Paragraph 25 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

26.     Paragraph 26 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies the allegations.

27.     Paragraph 27 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies the allegations.

28.     Paragraph 28 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies the allegations.

29.     Paragraph 29 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 29.

## 2.     IRICO Entities

30.     Paragraph 30 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies the allegations.

31.     Paragraph 31 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies the allegations.

32.     Paragraph 32 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 32.

33.     Paragraph 33 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 33.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 3.   LG Electronics Entities

34.     Paragraph 34 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

35.     Paragraph 35 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies the allegations.

36.     Paragraph 36 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 36.

### 4.   LP Displays

37.     Paragraph 37 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies the allegations.

### 5.   Panasonic Entities

38.     Paragraph 38 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, denies the allegations.

39.     Paragraph 39 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies the allegations.

40.     Paragraph 40 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 40.

41.     Paragraph 41 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

42.     Paragraph 42 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies the allegations.

### 6.     Phillips Entities

43.     Paragraph 43 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies the allegations.

44.     Paragraph 44 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, denies the allegations.

45.     Paragraph 45 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies the allegations.

46.     Paragraph 46 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies the allegations.

47.     Paragraph 47 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 47.

### 7.     Samsung Entities

48.     Paragraph 48 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, denies the allegations.

49.     Paragraph 49 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

50.     Paragraph 50 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

51.     Paragraph 51 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, denies the allegations.

52.     Paragraph 52 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies the allegations.

53.     Paragraph 53 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies the allegations.

54.     Paragraph 54 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, denies the allegations.

55.     Paragraph 55 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 55.

### 8.     Samtel

56.     Paragraph 56 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies the allegations.

### 9.     Thai CRT

57.     Paragraph 57 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 10. Toshiba Entities

58.    Paragraph 58 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, denies the allegations except that TAEC admits the allegations contained in the first sentence of Paragraph 58.

59.    Paragraph 59 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and, therefore, denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 59.

60.    Paragraph 60 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and, therefore, denies the allegations.

61.    TAEC denies the allegations of Paragraph 61, except that it avers that its business address is 9740 Irvine Blvd, Irvine, CA 92618-1697 and that it is a wholly-owned subsidiary of Toshiba America, Inc.  TAEC avers that it sold cathode ray tubes and certain electronic devices containing cathode ray tubes during the Relevant Period.

62.    Paragraph 62 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and, therefore, denies the allegations.

63.    Paragraph 63 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 63.

### 11. Chunghwa Entities

64.    Paragraph 64 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

65.     Paragraph 65 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and, therefore, denies the allegations.

66.     Paragraph 66 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 66.

## IV.   AGENTS AND CO-CONSPIRATORS

67.     To the extent that the allegations contained in Paragraph 67 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 67 are directed to TAEC, TAEC denies these allegations.

68.     To the extent that the allegations contained in Paragraph 68 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 68 are directed to TAEC, TAEC denies these allegations.

69.     Paragraph 69 relates to other companies.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, denies the allegations.

70.     Paragraph 70 relates to other companies.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, therefore, denies the allegations.

71.     Paragraph 71 consists of Plaintiff's explanation of a defined term used in the FAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 71.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

72.     Paragraph 72 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

73.     Paragraph 73 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

74.     Paragraph 74 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

75.     To the extent that the allegations contained in Paragraph 75 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 75 are directed to TAEC, TAEC denies these allegations.

## V.     TRADE AND COMMERCE

76.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, therefore, denies the allegations.

77.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, denies the allegations.

78.     Paragraph 78 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 78.

## VI.   FACTUAL ALLEGATIONS

### A.     CRT Technology

79.     TAEC admits the allegations contained in Paragraph 79.

80.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

81.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

82.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and, therefore, denies the allegations.

83.     To the extent that Paragraph 83 describes CRT technology generally, and claims that that CDTs and CPTs are separate products, TAEC admits the allegations in Paragraph 83, but avers that the allegations do not describe comprehensively or accurately all variants of CRT technology.  TAEC denies the remaining allegations in Paragraph 83.

84.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and, therefore, denies the allegations.

85.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies the allegations.

86.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, therefore, denies the allegations. The second sentence of Paragraph 86 consists of argument and Plaintiff's characterization of its claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in the second sentence of Paragraph 86.

87.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, therefore, denies the allegations. The second sentence of Paragraph 87 consists of argument and Plaintiff's characterization of its claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in the second sentence of Paragraph 87.

88.     Paragraph 88 consists of argument and Plaintiff's characterization of its claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 88.

**B.     Structure of the CRT Industry**

89.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 1.   Market Concentration

90.   To the extent that the allegations contained in Paragraph 90 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 90 are directed to TAEC, TAEC denies these allegations.

### 2.   Information Sharing

91.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and, therefore, denies the allegations.

92.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, denies the allegations.

### 3.   Consolidation

93.   To the extent that the allegations contained in Paragraph 93 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

### 4.   Multiple Interrelated Business Relationships

94.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations.

95.   To the extent that the allegations contained in Paragraph 95 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 95 are directed to TAEC, TAEC denies these allegations.

### 5.   High Costs of Entry Into the Industry

96.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and, therefore, denies the allegations.

97.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 6. The Maturity of the CRT Product Market

98. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, denies the allegations.

99. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and, therefore, denies the allegations.

100. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, denies the allegations.

101. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

102. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations.

103. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and, therefore, denies the allegations.

### 7. Homogeneity of CRT Products

104. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and, therefore, denies the allegations.

105. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and, therefore, denies the allegations.

### C. Pre-Conspiracy Market

106. TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and, therefore, denies the allegations.

107. Paragraph 107 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and, therefore, denies the allegations.

### D. Defendants' and Co-Conspirators' Illegal Agreements

108. To the extent that the allegations contained in Paragraph 108 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

the extent that the allegations contained in Paragraph 108 are directed to TAEC, TAEC denies these allegations.

109.    To the extent that the allegations contained in Paragraph 109 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 109 are directed to TAEC, TAEC denies these allegations.

110.    Paragraph 110 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and, therefore, denies the allegations.

111.    To the extent that the allegations contained in Paragraph 111 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 111 are directed to TAEC, TAEC denies these allegations.

112.    To the extent that the allegations contained in Paragraph 112 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 112 are directed to TAEC, TAEC denies these allegations.

### 1.    "Glass Meetings"

113.    To the extent that the allegations contained in Paragraph 113 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 113 are directed to TAEC, TAEC denies these allegations.

114.    To the extent that the allegations contained in Paragraph 114 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 114 are directed to TAEC, TAEC denies these allegations.

115.    To the extent that the allegations contained in Paragraph 115 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 115 are directed to TAEC, TAEC denies these allegations.

116.    To the extent that the allegations contained in Paragraph 116 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 116 are directed to TAEC, TAEC denies these allegations.

117.    To the extent that the allegations contained in Paragraph 117 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 117 are directed to TAEC, TAEC denies these allegations.

118.    To the extent that the allegations contained in Paragraph 118 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 118 are directed to TAEC, TAEC denies these allegations.

119.    To the extent that the allegations contained in Paragraph 119 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 119 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

120.    To the extent that the allegations contained in Paragraph 120 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 120 are directed to TAEC, TAEC denies these allegations.

121.    To the extent that the allegations contained in Paragraph 121 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 121 are directed to TAEC, TAEC denies these allegations.

122.    To the extent that the allegations contained in Paragraph 122 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 122 are directed to TAEC, TAEC denies these allegations.

123.    To the extent that the allegations contained in Paragraph 123 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 123 are directed to TAEC, TAEC denies these allegations.

124.    To the extent that the allegations contained in Paragraph 124 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 124 are directed to TAEC, TAEC denies these allegations.

125.    To the extent that the allegations contained in Paragraph 125 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

extent that the allegations contained in Paragraph 125 are directed to TAEC, TAEC denies these allegations.

126.     To the extent that the allegations contained in Paragraph 126 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 126 are directed to TAEC, TAEC denies these allegations.

127.     To the extent that the allegations contained in Paragraph 127 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 127 are directed to TAEC, TAEC denies these allegations.

### 2.     Bilateral Discussions

128.     To the extent that the allegations contained in Paragraph 128 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 128 are directed to TAEC, TAEC denies these allegations.

129.     To the extent that the allegations contained in Paragraph 129 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 129 are directed to TAEC, TAEC denies these allegations.

130.     To the extent that the allegations contained in Paragraph 130 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 130 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

131.   To the extent that the allegations contained in Paragraph 131 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 131 are directed to TAEC, TAEC denies these allegations.

132.   To the extent that the allegations contained in Paragraph 132 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 132 are directed to TAEC, TAEC denies these allegations.

133.   To the extent that the allegations contained in Paragraph 133 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 133 are directed to TAEC, TAEC denies these allegations.

### 3.   Defendants' And Co-Conspirators' Participation In Group And Bilateral Discussions

134.   Paragraph 134 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 and, therefore, denies the allegations.

135.   Paragraph 135 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 and, therefore, denies the allegations.

136.   Paragraph 136 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 and, therefore, denies the allegations.

137.    Paragraph 137 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 and, therefore, denies the allegations.

138.    Paragraph 138 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 and, therefore, denies the allegations.

139.    Paragraph 139 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 and, therefore, denies the allegations.

140.    Paragraph 140 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 and, therefore, denies the allegations.

141.    Paragraph 141 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 and, therefore, denies the allegations.

142.    Paragraph 142 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 and, therefore, denies the allegations.

143.    Paragraph 143 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and, therefore, denies the allegations.

144.    Paragraph 144 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 and, therefore, denies the allegations.

145.    Paragraph 145 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

146.    Paragraph 146 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 and, therefore, denies the allegations.

147.    Paragraph 147 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 and, therefore, denies the allegations.

148.    Paragraph 148 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 and, therefore, denies the allegations.

149.    Paragraph 149 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 and, therefore, denies the allegations.

150.    To the extent that the allegations contained in Paragraph 150 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 150 are directed to TAEC, TAEC denies these allegations.

151.    To the extent that the allegations contained in Paragraph 151 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 151 are directed to TAEC, TAEC denies these allegations.

152.    Paragraph 152 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 and, therefore, denies the allegations.

153.    Paragraph 153 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

154.    To the extent that Paragraph 154 consists of Plaintiff's characterization of its claims and Plaintiff's explanation of a defined term used in the FAC, no response is required.  To the extent that the allegations contained in Paragraph 154 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 154 may be deemed to require a response from TAEC, TAEC denies these allegations.

**E.    The CRT Market During the Conspiracy**

155.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 and, therefore, denies the allegations.

156.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 and, therefore, denies the allegations.

157.    To the extent that Paragraph 157 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 157 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 157 may be deemed to require a response from TAEC, TAEC denies these allegations.

158.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 and, therefore, denies the allegations.

159.    To the extent that Paragraph 159 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 159 may be deemed to require a response from TAEC, TAEC denies these allegations.

160.    To the extent that Paragraph 160 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no

1    response is required.  To the extent that the allegations contained in Paragraph 160 may be
2    deemed to require a response from TAEC, TAEC denies these allegations.

3    161.   To the extent that the allegations contained in Paragraph 161 relate to other
4    Defendants or third parties, TAEC lacks knowledge or information sufficient to form a
5    belief as to the truth of these allegations and, therefore, denies these allegations.  To the
6    extent that the allegations contained in Paragraph 161 are directed to TAEC, TAEC denies
7    these allegations.

8    162.   To the extent that Paragraph 162 consists of purported statements in news
9    reports or statements in public documents, those statements speak for themselves and no
10   response is required.  To the extent that the allegations contained in Paragraph 162 relate to
11   other Defendants or third parties, TAEC lacks knowledge or information sufficient to form
12   a belief as to the truth of these allegations and, therefore, denies these allegations.  To the
13   extent that the allegations contained in Paragraph 162 are directed to TAEC, TAEC denies
14   these allegations.

15   163.   To the extent that Paragraph 163 consists of purported statements in news
16   reports or statements in public documents, those statements speak for themselves and no
17   response is required.  To the extent that the allegations contained in Paragraph 163 relate to
18   other Defendants or third parties, TAEC lacks knowledge or information sufficient to form
19   a belief as to the truth of these allegations and, therefore, denies these allegations.  To the
20   extent that the allegations contained in Paragraph 163 are directed to TAEC, TAEC denies
21   these allegations.

22   164.   To the extent that Paragraph 164 consists of purported statements in news
23   reports or statements in public documents, those statements speak for themselves and no
24   response is required.  To the extent that the allegations contained in Paragraph 164 relate to
25   other Defendants or third parties, TAEC lacks knowledge or information sufficient to form
26   a belief as to the truth of these allegations and, therefore, denies these allegations.  To the
27   extent that the allegations contained in Paragraph 164 are directed to TAEC, TAEC denies
28   these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

165.    To the extent that the allegations contained in Paragraph 165 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 165 are directed to TAEC, TAEC denies these allegations.

**F.    International Government Antitrust Investigations**

166.    To the extent that Paragraph 166 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 166 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 166 are directed to TAEC, TAEC denies these allegations.

167.    To the extent that Paragraph 167 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 167 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 167 may be deemed to require a response from TAEC, TAEC denies these allegations.

168.    The allegations contained in Paragraph 168 refer to a public annual report, which is the best evidence of its contents.  To the extent that the allegations contained in Paragraph 168 may be deemed to require a response from TAEC, TAEC denies these allegations.

169.    To the extent that Paragraph 169 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 169 relate to other Defendants or third parties, TAEC lacks knowledge or

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 169 may be deemed to require a response from TAEC, TAEC denies these allegations.

170.   To the extent that Paragraph 170 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 170 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 170 may be deemed to require a response from TAEC, TAEC denies these allegations.

171.   To the extent that Paragraph 171 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 171 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 171 may be deemed to require a response from TAEC, TAEC denies these allegations.

172.   To the extent that Paragraph 172 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 172 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 172 may be deemed to require a response from TAEC, TAEC denies these allegations.

173.   To the extent that Paragraph 173 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 173 relate to other Defendants or third parties, TAEC lacks knowledge or

1   information sufficient to form a belief as to the truth of these allegations and, therefore,
2   denies these allegations.  To the extent that the allegations contained in Paragraph 173 may
3   be deemed to require a response from TAEC, TAEC denies these allegations.

4       174.   To the extent that Paragraph 174 consists of purported statements by
5   government authorities and/or statements in public documents, those statements speak for
6   themselves and no response is required.  To the extent that the allegations contained in
7   Paragraph 174 relate to other Defendants or third parties, TAEC lacks knowledge or
8   information sufficient to form a belief as to the truth of these allegations and, therefore,
9   denies these allegations.  To the extent that the allegations contained in Paragraph 174 may
10  be deemed to require a response from TAEC, TAEC denies these allegations.

11      175.   To the extent that Paragraph 175 consists of purported statements by
12  government authorities and/or statements in public documents, those statements speak for
13  themselves and no response is required.  To the extent that the allegations contained in
14  Paragraph 175 relate to other Defendants or third parties, TAEC lacks knowledge or
15  information sufficient to form a belief as to the truth of these allegations and, therefore,
16  denies these allegations.  To the extent that the allegations contained in Paragraph 175 may
17  be deemed to require a response from TAEC, TAEC denies these allegations.

18      176.   To the extent that Paragraph 176 consists of purported statements by
19  government authorities and/or statements in public documents, those statements speak for
20  themselves and no response is required.  To the extent that the allegations contained in
21  Paragraph 176 relate to other Defendants or third parties, TAEC lacks knowledge or
22  information sufficient to form a belief as to the truth of these allegations and, therefore,
23  denies these allegations.  To the extent that the allegations contained in Paragraph 176 may
24  be deemed to require a response from TAEC, TAEC denies these allegations.

25      177.   To the extent that Paragraph 177 consists of purported statements by
26  government authorities and/or statements in public documents, those statements speak for
27  themselves and no response is required.  To the extent that the allegations contained in
28  Paragraph 177 relate to other Defendants or third parties, TAEC lacks knowledge or

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    information sufficient to form a belief as to the truth of these allegations and, therefore,

2    denies these allegations.  To the extent that the allegations contained in Paragraph 177 may

3    be deemed to require a response from TAEC, TAEC denies these allegations.

4         178.    TAEC lacks knowledge or information sufficient to form a belief as to the

5    truth of the allegations contained in Paragraph 178 and, therefore, denies these allegations.

6         179.    To the extent that the allegations contained in Paragraph 179 relate to other

7    Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the

8    truth of these allegations and, therefore, denies these allegations.  To the extent that the

9    allegations contained in Paragraph 179 are directed to TAEC, TAEC denies these

10   allegations.

11        180.    To the extent that the allegations contained in Paragraph 180 relate to other

12   Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the

13   truth of these allegations and, therefore, denies these allegations.  To the extent that the

14   allegations contained in Paragraph 180 are directed to TAEC, TAEC denies these

15   allegations.

16        181.    TAEC lacks knowledge or information sufficient to form a belief as to the

17   truth of the allegations contained in Paragraph 181 and, therefore, denies these allegations.

18        182.    To the extent that Paragraph 182 consists of purported statements in news

19   reports or statements in public documents, those statements speak for themselves and no

20   response is required.  To the extent that the allegations contained in Paragraph 182 relate to

21   other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

22   a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

23   extent that the allegations contained in Paragraph 182 may be deemed to require a response

24   from TAEC, TAEC denies these allegations.

25        183.    To the extent that Paragraph 183 consists of purported statements by

26   government authorities or statements in public documents, those statements speak for

27   themselves and no response is required.  To the extent that the allegations contained in

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  Paragraph 183 may be deemed to require a response from TAEC, TAEC denies these

2  allegations.

3  184.   To the extent that Paragraph 184 consists of purported statements by

4  government authorities or statements in public documents, those statements speak for

5  themselves and no response is required.  To the extent that the allegations contained in

6  Paragraph 184 may be deemed to require a response from TAEC, TAEC denies these

7  allegations.

8  185.   To the extent that Paragraph 185 consists of purported statements by

9  government authorities or statements in public documents, those statements speak for

10  themselves and no response is required.  To the extent that the allegations contained in

11  Paragraph 185 may be deemed to require a response from TAEC, TAEC denies these

12  allegations.

13  **G.  The Role of Trade Associations During the Relevant Period**

14  186.   TAEC lacks knowledge or information sufficient to form a belief as to the

15  truth of the allegations contained in Paragraph 186 and, therefore, denies these allegations.

16  187.   Paragraph 187 relates to other Defendants or third parties.  Accordingly,

17  TAEC lacks knowledge or information sufficient to form a belief as to the truth of the

18  allegations contained in Paragraph 187 and, therefore, denies these allegations.

19  188.   TAEC lacks knowledge or information sufficient to form a belief as to the

20  truth of the allegations contained in Paragraph 188 and, therefore, denies these allegations.

21  189.   TAEC lacks knowledge or information sufficient to form a belief as to the

22  truth of the allegations contained in Paragraph 189 and, therefore, denies these allegations.

23  190.   TAEC lacks knowledge or information sufficient to form a belief as to the

24  truth of the allegations contained in Paragraph 190 and, therefore, denies these allegations.

25  **H.  Effects of Defendants' Antitrust Violations**

26  **1.  Examples of Reductions in Manufacturing Capacity by Defendants**

27  191.   To the extent that the allegations contained in Paragraph 191 relate to other

28  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 191 are directed to TAEC, TAEC denies these allegations.

192.   Paragraph 192 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 and, therefore, denies these allegations.

193.   Paragraph 193 relates to other Defendants or third parties. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 and, therefore, denies these allegations.

194.   Paragraph 194 relates to other Defendants or third parties. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 and, therefore, denies these allegations.

195.   Paragraph 195 relates to other Defendants or third parties. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 and, therefore, denies these allegations.

196.   Paragraph 196 relates to other Defendants or third parties. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 and, therefore, denies these allegations.

**2.   Examples of Collusive Pricing for CRT Products**

197.   To the extent that Paragraph 197 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 197 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegation contained in Paragraph 197 may be deemed to require a response from TAEC, TAEC denies these allegations.

198.   To the extent that Paragraph 198 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

response is required.  To the extent that the allegations contained in Paragraph 198 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegation contained in Paragraph 198 may be deemed to require a response from TAEC, TAEC denies these allegations.

199.    To the extent that the allegations contained in Paragraph 199 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 199 are directed to TAEC, TAEC denies these allegations.

200.    To the extent that Paragraph 200 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 200 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 200 may be deemed to require a response from TAEC, TAEC denies these allegations.

201.    To the extent that Paragraph 201 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 201 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 201 may be deemed to require a response from TAEC, TAEC denies these allegations.

202.    To the extent that the allegations contained in Paragraph 202 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

extent that the allegations contained in Paragraph 202 are directed to TAEC, TAEC denies these allegations.

203.    To the extent that Paragraph 203 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 203 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 203 may be deemed to require a response from TAEC, TAEC denies these allegations.

204.    Paragraph 204 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 and, therefore, denies these allegations.

205.    To the extent that the allegations contained in Paragraph 205 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 205 are directed to TAEC, TAEC denies these allegations.

**3.    Summary of Effects of the Conspiracy Involving CRT Products**

206.    Paragraph 206 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 206 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 206 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

## VII.  PLAINTIFF'S INJURIES

2   207.    To the extent that Paragraph 207 contains argument, Plaintiff's

3   characterization of its claims, or legal conclusions, no response is required.  To the extent

4   that the allegations contained in Paragraph 207 relate to other Defendants or third parties,

5   TAEC lacks knowledge or information sufficient to form a belief as to the truth of these

6   allegations and, therefore, denies these allegations.   To the extent that the allegations

7   contained in Paragraph 207 are directed to TAEC, TAEC denies these allegations.

8   208.    To the extent that the allegations contained in Paragraph 208 relate to other

9   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

10   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

11   extent that the allegations contained in Paragraph 208 are directed to TAEC, TAEC denies

12   these allegations.

13   209.    To the extent that Paragraph 209 contains argument or legal conclusions, no

14   response is required.  To the extent that the allegations contained in Paragraph 209 relate to

15   other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

16   a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

17   extent that the allegations contained in Paragraph 209 are directed to TAEC, TAEC denies

18   these allegations.

19   210.    To the extent that Paragraph 210 contains argument or legal conclusions, no

20   response is required.  To the extent that the allegations contained in Paragraph 210 relate to

21   other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

22   a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

23   extent that the allegations contained in Paragraph 210 are directed to TAEC, TAEC denies

24   these allegations.

25   211.    To the extent that Paragraph 211 contains argument or legal conclusions, no

26   response is required.  To the extent that the allegations contained in Paragraph 211 relate to

27   other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

28   a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

extent that the allegations contained in Paragraph 211 are directed to TAEC, TAEC denies these allegations.

212.    Paragraph 212 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 212 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 212 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form the belief as to the truth of these allegations and, therefore, denies these allegations.

213.    Paragraph 213 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 213 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 213 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form the belief as to the truth of these allegations and, therefore, denies these allegations.

**VIII. FRAUDULENT CONCEALMENT**

214.    Paragraph 214 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 214 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 214 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

215.    Paragraph 215 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 215 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 215 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

216.    Paragraph 216 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 216 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 216 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

217.    Paragraph 217 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 217 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 217 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

218.    Paragraph 218 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 218 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  therefore, denies these allegations.  To the extent that the allegations contained in

2  Paragraph 218 may be deemed to require a response from TAEC, TAEC lacks knowledge

3  or information sufficient to form a belief as to the truth of these allegations and, therefore,

4  denies these allegations.

5      219.   Paragraph 219 consists of argument, Plaintiff's characterization of its claims,

6  or legal conclusions, to which no response is required.  To the extent that the allegations

7  contained in Paragraph 219 relate to other Defendants or third parties, TAEC lacks

8  knowledge or information sufficient to form a belief as to the truth of these allegations and,

9  therefore, denies these allegations.  To the extent that the allegations contained in

10  Paragraph 219 may be deemed to require a response from TAEC, TAEC lacks knowledge

11  or information sufficient to form a belief as to the truth of these allegations and, therefore,

12  denies these allegations.

13      220.   Paragraph 220 consists of argument, Plaintiff's characterization of its claims,

14  or legal conclusions, to which no response is required.  To the extent that the allegations

15  contained in Paragraph 220 relate to other Defendants or third parties, TAEC lacks

16  knowledge or information sufficient to form a belief as to the truth of these allegations and,

17  therefore, denies these allegations.  To the extent that the allegations contained in

18  Paragraph 220 may be deemed to require a response from TAEC, TAEC lacks knowledge

19  or information sufficient to form a belief as to the truth of these allegations and, therefore,

20  denies these allegations.

21      221.   Paragraph 221 consists of argument, Plaintiff's characterization of its claims,

22  or legal conclusions, to which no response is required.  To the extent that the allegations

23  contained in Paragraph 221 relate to other Defendants or third parties, TAEC lacks

24  knowledge or information sufficient to form a belief as to the truth of these allegations and,

25  therefore, denies these allegations.  To the extent that the allegations contained in

26  Paragraph 221 may be deemed to require a response from TAEC, TAEC lacks knowledge

27  or information sufficient to form a belief as to the truth of these allegations and, therefore,

28  denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

222.    Paragraph 222 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 222 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 222 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

223.    Paragraph 223 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 223 and, therefore, denies the allegations.

224.    Paragraph 224 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 224 and, therefore, denies the allegations.

225.    Paragraph 225 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 225 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 225 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## IX.  *AMERICAN PIPE*, GOVERNMENT ACTION AND CROSS-JURISDICTIONAL TOLLING

226.    Paragraph 226 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 226 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and,

therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 226 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

227.  Paragraph 227 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 227 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 227 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

228.  Paragraph 228 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 228 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 228 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## X.   CLAIM FOR VIOLATIONS

### First Claim for Relief

### (Violation of Section 1 of the Sherman Act)

229.  TAEC hereby incorporates by reference its responses to Paragraphs 1-228 of the FAC, as set forth above.

230.  Paragraph 230 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 230 relate to other Defendants or third parties, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 230 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

231.    Paragraph 231 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 231 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 231 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

232.    Paragraph 232 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 232 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 232 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

233.    Paragraph 233 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 233 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 233 may be deemed to require a response from TAEC, TAEC lacks knowledge

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 | or information sufficient to form a belief as to the truth of these allegations and, therefore,

2 | denies these allegations.

3 | 234. Paragraph 234 consists of argument, Plaintiff's characterization of its claims,

4 | or legal conclusions, to which no response is required. To the extent that the allegations

5 | contained in Paragraph 234 relate to other Defendants or third parties, TAEC lacks

6 | knowledge or information sufficient to form a belief as to the truth of these allegations and,

7 | therefore, denies these allegations. To the extent that the allegations contained in

8 | Paragraph 234 may be deemed to require a response from TAEC, TAEC lacks knowledge

9 | or information sufficient to form a belief as to the truth of these allegations and, therefore,

10 | denies these allegations.

11 | 235. Paragraph 235 consists of argument, Plaintiff's characterization of its claims,

12 | or legal conclusions, to which no response is required. To the extent that the allegations

13 | contained in Paragraph 235 relate to other Defendants or third parties, TAEC lacks

14 | knowledge or information sufficient to form a belief as to the truth of these allegations and,

15 | therefore, denies these allegations. To the extent that the allegations contained in

16 | Paragraph 235 may be deemed to require a response from TAEC, TAEC lacks knowledge

17 | or information sufficient to form a belief as to the truth of these allegations and, therefore,

18 | denies these allegations.

**<u>Second Claim for Relief</u>**

**(Violation of Massachusetts General Laws Chapter 93A, §§ 2, *et seq.*)**

21 | 236. TAEC hereby incorporates by reference its responses to Paragraphs 1-235 of

22 | the FAC, as set forth above.

23 | 237. Paragraph 237 consists of argument, Plaintiff's characterization of its claims,

24 | or legal conclusions, to which no response is required. To the extent that the allegations

25 | contained in Paragraph 237 relate to other Defendants or third parties, TAEC lacks

26 | knowledge or information sufficient to form a belief as to the truth of these allegations and,

27 | therefore, denies these allegations. To the extent that the allegations contained in

28 | Paragraph 237 may be deemed to require a response from TAEC, TAEC lacks knowledge

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiff's Massachusetts claim against TAEC on March 13, 2014.

238.    Paragraph 238 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 238 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 238 is directed to TAEC, TAEC denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiff's Massachusetts claim against TAEC on March 13, 2014.

239.    Paragraph 239 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 239 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 239 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiff's Massachusetts claim against TAEC on March 13, 2014.

240.    Paragraph 240 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 240 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 240 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore,

denies these allegations. TAEC further states that the Court dismissed with prejudice Plaintiff's Massachusetts claim against TAEC on March 13, 2014.

241. Paragraph 241 consists of argument, Plaintiff's characterization of its claims or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 241 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 241 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. TAEC further states that the Court dismissed with prejudice Plaintiff's Massachusetts claim against TAEC on March 13, 2014.

242. Paragraph 242 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 242 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 242 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. TAEC further states that the Court dismissed with prejudice Plaintiff's Massachusetts claim against TAEC on March 13, 2014.

243. Paragraph 243 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 243 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 243 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  denies these allegations.   TAEC further states that the Court dismissed with prejudice
2  Plaintiff's Massachusetts claim against TAEC on March 13, 2014.

3      244.   Paragraph 244 consists of argument, Plaintiff's characterization of its claims,
4  or legal conclusions, to which no response is required.   To the extent that the allegations
5  contained in Paragraph 244 relate to other Defendants or third parties, TAEC lacks
6  knowledge or information sufficient to form a belief as to the truth of these allegations and,
7  therefore, denies these allegations.   To the extent that the allegations contained in
8  Paragraph 244 may be deemed to require a response from TAEC, TAEC lacks knowledge
9  or information sufficient to form a belief as to the truth of these allegations and, therefore,
10  denies these allegations.   TAEC further states that the Court dismissed with prejudice
11  Plaintiff's Massachusetts claim against TAEC on March 13, 2014.

12      245.   Paragraph 245 consists of argument, Plaintiff's characterization of its claims,
13  or legal conclusions, to which no response is required.   To the extent that the allegations
14  contained in Paragraph 245 relate to other Defendants or third parties, TAEC lacks
15  knowledge or information sufficient to form a belief as to the truth of these allegations and,
16  therefore, denies these allegations.   To the extent that the allegations contained in
17  Paragraph 245 may be deemed to require a response from TAEC, TAEC lacks knowledge
18  or information sufficient to form a belief as to the truth of these allegations and, therefore,
19  denies these allegations.   TAEC further states that the Court dismissed with prejudice
20  Plaintiff's Massachusetts claim against TAEC on March 13, 2014.

21      246.   Paragraph 246 consists of argument, Plaintiff's characterization of its claims,
22  or legal conclusions, to which no response is required.   To the extent that the allegations
23  contained in Paragraph 246 relate to other Defendants or third parties, TAEC lacks
24  knowledge or information sufficient to form a belief as to the truth of these allegations and,
25  therefore, denies these allegations.   To the extent that the allegations contained in
26  Paragraph 246 may be deemed to require a response from TAEC, TAEC lacks knowledge
27  or information sufficient to form a belief as to the truth of these allegations and, therefore,

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

denies these allegations.   TAEC further states that the Court dismissed with prejudice Plaintiff's Massachusetts claim against TAEC on March 13, 2014.

247.    Paragraph 247 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 247 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 247 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   TAEC further states that the Court dismissed with prejudice Plaintiff's Massachusetts claim against TAEC on March 13, 2014.

248.    Paragraph 248 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 248 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 248 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   TAEC further states that the Court dismissed with prejudice Plaintiff's Massachusetts claim against TAEC on March 13, 2014.

249.    Paragraph 249 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 249 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 249 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

denies these allegations.   TAEC further states that the Court dismissed with prejudice Plaintiff's Massachusetts claim against TAEC on March 13, 2014.

3

4

5

6

7

8

9

10

11

250.    Paragraph 250 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 250 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 250 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   TAEC further states that the Court dismissed with prejudice Plaintiff's Massachusetts claim against TAEC on March 13, 2014.

12

13

14

15

16

17

18

19

20

251.    Paragraph 251 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 251 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 251 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   TAEC further states that the Court dismissed with prejudice Plaintiff's Massachusetts claim against TAEC on March 13, 2014.

21

22

23

24

25

26

27

252.    Paragraph 252 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 252 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 252 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore,

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  denies these allegations.   TAEC further states that the Court dismissed with prejudice

2  Plaintiff's Massachusetts claim against TAEC on March 13, 2014.

3       253.    Paragraph 253 consists of argument, Plaintiff's characterization of its claims,

4  or legal conclusions, to which no response is required.   To the extent that the allegations

5  contained in Paragraph 253 relate to other Defendants or third parties, TAEC lacks

6  knowledge or information sufficient to form a belief as to the truth of these allegations and,

7  therefore, denies these allegations.   To the extent that the allegations contained in

8  Paragraph 253 may be deemed to require a response from TAEC, TAEC lacks knowledge

9  or information sufficient to form a belief as to the truth of these allegations and, therefore,

10 denies these allegations.   TAEC further states that the Court dismissed with prejudice

11 Plaintiff's Massachusetts claim against TAEC on March 13, 2014.

12 **XI.   PRAYER FOR RELIEF**

13      In answer to the Prayer for Relief, TAEC denies each and every allegation in the

14 Prayer and further specifically denies that Plaintiff is entitled to any of the relief requested

15 or any remedy whatsoever against TAEC.

16      All allegations of the FAC not heretofore admitted or denied are here and now denied

17 as though specifically denied herein.

18          **DEFENSES/AFFIRMATIVE DEFENSES**

19      Without assuming any burden it would not otherwise bear, and reserving its right to

20 amend its Answer to assert additional defenses as they may become known during

21 discovery, TAEC asserts the following separate and additional defenses:

22              **FIRST DEFENSE**

23      Plaintiff's claims are barred, in whole or in part, by the Foreign Trade Antitrust

24 Improvements Act, 15 U.S.C. § 6a.

25             **SECOND DEFENSE**

26      Plaintiff has failed to plead fraudulent concealment with the particularity required by

27 Rule 9(b) of the Federal Rules of Civil Procedure.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring or maintain the claims set forth in the FAC.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent it did not purchase CRTs directly from Defendants, because it is an indirect purchaser and barred from maintaining an action under 15 U.S.C. § 1 for alleged injuries in that capacity.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no antitrust injury.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations, including but not limited to:  15 U.S.C. § 15b.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not been injured in its business or property by reason of any action of TAEC.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of TAEC or were caused, if at all, solely and proximately by the conduct of third parties including, without limitation, the prior, intervening or superseding conduct of such third parties.

### NINTH DEFENSE

To the extent that any actionable conduct occurred, Plaintiff's claims against TAEC are barred because all such conduct would have been committed by individuals acting *ultra vires*.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damages as a result of any actions taken by TAEC and/or the other Defendants.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any actions or practices of TAEC that are the subject of the FAC were undertaken unilaterally for legitimate business reasons and in pursuit of TAEC's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between TAEC and any other person or entity.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the FAC were adopted in furtherance of legitimate business interests of TAEC and of its customers and did not unreasonably restrain competition.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the FAC were cost justified or otherwise economically justified and resulted from a good-faith effort to meet competition or market conditions.

**FIFTEENTH DEFENSE**

To the extent there is a finding of an illegal overcharge, Plaintiff's claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to the indirect purchasers.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because, as an indirect purchaser, it fails to meet its burden of proving that it was damaged in fact by the conduct of which complaint is here made, including the burden of proving that any so-called overcharge of which complaint is made and which was not absorbed by predecessors to Plaintiff in the chain of distribution was not passed on to a third party.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**SEVENTEENTH DEFENSE**

2    Plaintiff's claims are barred, in whole or in part, to the extent it seeks improper

3 multiple damage awards and damage awards duplicative of those sought in other actions, in

4 violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the

5 United States Constitution.

6    **EIGHTEENTH DEFENSE**

7    Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean

8 hands.

9    **NINETEENTH DEFENSE**

10   Plaintiff's claims for injunctive relief should be dismissed because Plaintiff has

11 available an adequate remedy at law.

12   **TWENTIETH DEFENSE**

13   Without admitting the existence of any contract, combination or conspiracy in

14 restraint of trade, TAEC contends that it is entitled to set off any amounts paid to Plaintiff

15 by any Defendants other than TAEC who have settled, or do settle, Plaintiff's claims

16 against them in this action.

17   **TWENTY-FIRST DEFENSE**

18   Plaintiff's claims for injunctive relief are barred, in whole or in part, insofar as

19 Plaintiff seeks to enjoin alleged events that have already transpired without the requisite

20 showing of threatened future harm or continuing harm.

21   **TWENTY-SECOND DEFENSE**

22   TAEC adopts by reference any applicable defense pleaded by any other Defendant

23 not otherwise expressly set forth herein.

24   **TWENTY-THIRD DEFENSE**

25   TAEC reserves the right to assert other defenses as this action proceeds up to and

26 including the time of trial.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TAEC'S PRAYER FOR RELIEF**

WHEREFORE, TAEC prays for judgment as follows:

1.  That Plaintiff takes nothing by reason of the FAC, and that the action be dismissed with prejudice;

2.  That the Court enter judgment in favor of TAEC and against Plaintiff with respect to all causes of action in the FAC;

3.  That the Court award TAEC its attorneys' fees and other costs reasonably incurred in the defense of this action; and

4.  That the Court order such other further relief for TAEC as the Court may deem just and proper.

Dated:  March 27, 2014                    Respectfully submitted,

**WHITE & CASE** LLP

By:   _/s/ Lucius B. Lau_
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

On March 27, 2014, I caused a copy of the "TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO SCHULTZE AGENCY SERVICES, LLC'S FIRST AMENDED COMPLAINT" to be served via ECF on the other parties in this action.


By:   */s/ Lucius B. Lau*
        Lucius B. Lau (*pro hac vice*)