1
Eliot A. Adelson (State Bar No. 205284)
James Maxwell Cooper (State Bar No. 284054)

2
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor

3
San Francisco, CA 94104
Telephone: (415) 439-1400

4
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com

5
Email: max.cooper@kirkland.com

6
James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)

7
KIRKLAND & ELLIS LLP
300 North LaSalle

8
Chicago, Illinois 60654
Telephone: (312) 862-2000

9
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com

10
Email: kate.wheaton@kirkland.com

11
Attorneys for Defendants,
HITACHI, LTD., HITACHI DISPLAYS, LTD.

12
(n/k/a JAPAN DISPLAY INC.), HITACHI AMERICA, LTD.,
HITACHI ASIA, LTD., AND

13
HITACHI ELECTRONIC DEVICES (USA), INC.

14

UNITED STATES DISTRICT COURT

15

NORTHERN DISTRICT OF CALIFORNIA

16

SAN FRANCISCO DIVISION

17

18
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) ) ) | Master File No. 3:07-cv-05944-SC |
|---|---|---|

19
This Document Relates To:

20
The Tech Data Corporation and Tech Data
Product Management Inc. Action

MDL No.  1917

Individual Case No. 13-CV-00157 SI

**ANSWER OF HITACHI, LTD., HITACHI DISPLAYS, LTD. (N/K/A JAPAN DISPLAY INC.), HITACHI AMERICA, LTD., HITACHI ASIA, LTD., AND HITACHI ELECTRONIC DEVICES (USA), INC. TO TECH DATA CORPORATION AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT**

28

Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively, "the Hitachi Defendants") through their undersigned counsel of record, answer and respond ("Answer") to Tech Data Corporation and Tech Data Product Management, Inc. (collectively, "plaintiffs") First Amended Complaint ("First Amended Complaint") as follows.

As used in this Answer, and in the interest of brevity, the phrase deny or denies "for want of information or belief" means that the answering defendants are without knowledge or information sufficient to form a belief as to the trust of an averment of the First Amended Complaint, and deny that averment on that basis.  The Hitachi Defendants deny all allegations in the First Amended Complaint (including headings and captions) not specifically admitted in this Answer.

1.      The Hitachi Defendants deny each of the averments of Paragraph 1 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 1 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 1 of the First Amended Complaint.

2.      The Hitachi Defendants deny each of the averments of the first sentence of Paragraph 2 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of the first sentence of Paragraph 2 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of the first sentence of Paragraph 2 of the First Amended Complaint.  The remaining averments of Paragraph 2 of the First Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that the remaining averments of Paragraph 2 may be deemed to require a response, the Hitachi Defendants deny each of the remaining averments of Paragraph 2 of the First Amended Complaint.

3.      The Hitachi Defendants deny each of the averments of Paragraph 3 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 3 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 3 of the First

1   Amended Complaint.

2       4.      The Hitachi Defendants deny each of the averments of Paragraph 4 of the First

3   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

4   Paragraph 4 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

5   Defendants deny, for want of information or belief, the averments of Paragraph 4 of the First

6   Amended Complaint.

7       5.      The Hitachi Defendants deny each of the averments of Paragraph 5 of the First

8   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

9   Paragraph 5 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

10  Defendants deny, for want of information or belief, the averments of Paragraph 5 of the First

11  Amended Complaint.

12      6.      The Hitachi Defendants deny each of the averments of Paragraph 6 of the First

13  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

14  Paragraph 6 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

15  Defendants deny, for want of information or belief, the averments of Paragraph 6 of the First

16  Amended Complaint.

17      7.      The Hitachi Defendants deny each of the averments of Paragraph 7 of the First

18  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

19  Paragraph 7 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

20  Defendants deny, for want of information or belief, the averments of Paragraph 7 of the First

21  Amended Complaint.

22      8.      The Hitachi Defendants deny, for want of information or belief, the averments in the

23  first sentence of Paragraph 8 of the First Amended Complaint.  The remaining averments of

24  Paragraph 8 of the First Amended Complaint are not directed at the Hitachi Defendants, and,

25  therefore, no response is required.  To the extent the remaining averments of Paragraph 8 of the First

26  Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

27  averments as it pertains to the Hitachi Defendants, and, to the extent the averments do not pertain to

28  the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the

remaining averments of Paragraph 8 of the First Amended Complaint.

9.      The Hitachi Defendants deny each of the averments of Paragraph 9 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 9 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 9 of the First Amended Complaint.

10.      The averments of Paragraph 10 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 10 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 10 of the First Amended Complaint.

11.      The averments of Paragraph 11 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 11 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 11 of the First Amended Complaint.

12.      The averments of Paragraph 12 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 12 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 12 of the First Amended Complaint.

13.      The averments of Paragraph 13 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 13 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 13 of the First Amended Complaint.

14.      The averments of Paragraph 14 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 14 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 14 of the First Amended Complaint.

15.      The averments of Paragraph 15 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 15 may be

deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 15 of the First Amended Complaint.

16.    The averments of Paragraph 16 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 16 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 16 of the First Amended Complaint.

17.    The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 17 of the First Amended Complaint.

18.    The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 18 of the First Amended Complaint.

19.    The Hitachi Defendants deny each of the averments of the first sentence of Paragraph 19 of First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of the first sentence of Paragraph 19 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 19 of the First Amended Complaint.  The averments of the last sentence of Paragraph 19 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the averments of the last sentence of Paragraph 19 may be deemed to require a response, the Hitachi Defendants deny each of the averments of the last sentence of Paragraph 19 of the First Amended Complaint.  The Hitachi Defendants deny each of the remaining averments of Paragraph 19 as it pertains to the Hitachi Defendants.  To the extent the remaining averments of Paragraph 19 do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the remaining averments of Paragraph 19 of the First Amended Complaint.

20.    The Hitachi Defendants deny each of the averments of the first sentence of Paragraph 20 of First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of the first sentence of Paragraph 20 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 20 of the First Amended Complaint.  The averments of the last sentence of Paragraph 20 of the First Amended Complaint consist of conclusions of law to which no response is required.  To

the extent that the averments of the last sentence of Paragraph 20 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 20 of the First Amended Complaint.  The Hitachi Defendants deny each of the remaining averments of Paragraph 20 as it pertains to the Hitachi Defendants.  To the extent the remaining averments of Paragraph 20 do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the remaining averments of Paragraph 20 of the First Amended Complaint.

21.     The Hitachi Defendants deny each of the averments of Paragraph 21 of First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 21 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 21 of the First Amended Complaint.

22.     The Hitachi Defendants admit that Hitachi, Ltd. is a Japanese company with its principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280, Japan.  The Hitachi Defendants deny the remainder of the averments of Paragraph 22 of the First Amended Complaint.

23.     The Hitachi Defendants admit that Hitachi Displays, Ltd. was a Japanese company with its principal place of business at 3300, Hayano, Mobara-shi, Chiba-ken, 297-8622, Japan.  The Hitachi Defendants deny the remainder of the averments of Paragraph 23 of the First Amended Complaint.

24.     The Hitachi Defendants admit that Hitachi America, Ltd. is a New York company with its principal place of business at 50 Prospect Avenue, Tarrytown, New York 10591.  The Hitachi Defendants admit that Hitachi America, Ltd. is a subsidiary of Hitachi, Ltd.  The Hitachi Defendants deny the remainder of the averments of Paragraph 24 of the First Amended Complaint.

25.     The Hitachi Defendants admit that Hitachi Asia, Ltd. is a Singaporean company with its principal place of business at 7 Tampines Grande, #08-01 Hitachi Square, Singapore 528736.  The Hitachi Defendants deny the remainder of the averments of Paragraph 25 of the First Amended Complaint.

1    26.    The Hitachi Defendants admit that Hitachi Electronic Devices (USA), Inc. is a

2    Delaware corporation with its principal place of business at 208 Fairforest Way, Greenville, South

3    Carolina 29607.  The Hitachi Defendants deny the remainder of the averments of Paragraph 26 of

4    the First Amended Complaint.

5    27.    The Hitachi Defendants deny, for want of information or belief, the averments in the

6    first sentence of Paragraph 27 of the First Amended Complaint that "Defendant Shenzhen SEG

7    Hitachi Color Display Devices, Ltd. ('Hitachi Shenzhen') was a Chinese company with its principal

8    place of business at 5001 Huanggang Road, Futian District, Shenzhen 518035, China."  To the

9    extent the remaining averments in Paragraph 27 of the First Amended Complaint are directed at the

10   Hitachi Defendants, the Hitachi Defendants deny each of the remaining averments as it pertains to

11   the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the

12   Hitachi Defendants deny, for want of information or belief, the remaining averments in the rest of

13   Paragraph 27 of the First Amended Complaint.

14   28.    The Hitachi Defendants deny each of the averments of Paragraph 28 of the First

15   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

16   Paragraph 28 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

17   Defendants deny, for want of information or belief, the averments of Paragraph 28 of the First

18   Amended Complaint.

19   29.    The averments of Paragraph 29 of the First Amended Complaint are not directed at

20   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 29 may

21   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

22   each of the averments in Paragraph 29 of the First Amended Complaint.

23   30.    The averments of Paragraph 30 of the First Amended Complaint are not directed at

24   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 30 may

25   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

26   each of the averments in Paragraph 30 of the First Amended Complaint.

27   31.    The averments of Paragraph 31 of the First Amended Complaint are not directed at

28   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 31 may

be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 31 of the First Amended Complaint.

32.    The averments of Paragraph 32 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 32 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 32 of the First Amended Complaint.

33.    The averments of Paragraph 33 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 33 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 33 of the First Amended Complaint.

34.    The averments of Paragraph 34 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 34 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 34 of the First Amended Complaint.

35.    The averments of Paragraph 35 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 35 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 35 of the First Amended Complaint.

36.    The averments of Paragraph 36 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 36 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 36 of the First Amended Complaint.

37.    The averments of Paragraph 37 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 37 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 37 of the First Amended Complaint.

38.    The averments of Paragraph 38 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 38 may

1    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

2    each of the averments in Paragraph 38 of the First Amended Complaint.

3              39.    The averments of Paragraph 39 of the First Amended Complaint are not directed at

4    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 39 may

5    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

6    each of the averments in Paragraph 39 of the First Amended Complaint.

7              40.    The averments of Paragraph 40 of the First Amended Complaint are not directed at

8    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 40 may

9    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

10   each of the averments in Paragraph 40 of the First Amended Complaint.

11             41.    The averments of Paragraph 41 of the First Amended Complaint are not directed at

12   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 41 may

13   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

14   each of the averments in Paragraph 41 of the First Amended Complaint.

15             42.    The averments of Paragraph 42 of the First Amended Complaint are not directed at

16   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 42 may

17   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

18   each of the averments in Paragraph 42 of the First Amended Complaint.

19             43.    The averments of Paragraph 43 of the First Amended Complaint are not directed at

20   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 43 may

21   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

22   each of the averments in Paragraph 43 of the First Amended Complaint.

23             44.    The averments of Paragraph 44 of the First Amended Complaint are not directed at

24   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 44 may

25   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

26   each of the averments in Paragraph 44 of the First Amended Complaint.

27             45.    The averments of Paragraph 45 of the First Amended Complaint are not directed at

28   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 45 may

1  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

2  each of the averments in Paragraph 45 of the First Amended Complaint.

3        46.      The averments of Paragraph 46 of the First Amended Complaint are not directed at

4  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 46 may

5  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

6  each of the averments in Paragraph 46 of the First Amended Complaint.

7        47.      The averments of Paragraph 47 of the First Amended Complaint are not directed at

8  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 47 may

9  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

10  each of the averments in Paragraph 47 of the First Amended Complaint.

11        48.      The averments of Paragraph 48 of the First Amended Complaint are not directed at

12  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 48 may

13  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

14  each of the averments in Paragraph 48 of the First Amended Complaint.

15        49.      The averments of Paragraph 49 of the First Amended Complaint are not directed at

16  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 49 may

17  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

18  each of the averments in Paragraph 49 of the First Amended Complaint.

19        50.      The averments of Paragraph 50 of the First Amended Complaint are not directed at

20  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 50 may

21  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

22  each of the averments in Paragraph 50 of the First Amended Complaint.

23        51.      The averments of Paragraph 51 of the First Amended Complaint are not directed at

24  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 51 may

25  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

26  each of the averments in Paragraph 51 of the First Amended Complaint.

27        52.      The averments of Paragraph 52 of the First Amended Complaint are not directed at

28  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 52 may

1    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

2    each of the averments in Paragraph 52 of the First Amended Complaint.

3            53.    The averments of Paragraph 53 of the First Amended Complaint are not directed at

4    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 53 may

5    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

6    each of the averments in Paragraph 53 of the First Amended Complaint.

7            54.    The averments of Paragraph 54 of the First Amended Complaint are not directed at

8    the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 54 may

9    be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

10   each of the averments in Paragraph 54 of the First Amended Complaint.

11           55.    The averments of Paragraph 55 of the First Amended Complaint are not directed at

12   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 55 may

13   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

14   each of the averments in Paragraph 55 of the First Amended Complaint.

15           56.    The averments of Paragraph 56 of the First Amended Complaint are not directed at

16   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 56 may

17   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

18   each of the averments in Paragraph 56 of the First Amended Complaint.

19           57.    The averments of Paragraph 57 of the First Amended Complaint are not directed at

20   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 57 may

21   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

22   each of the averments in Paragraph 57 of the First Amended Complaint.

23           58.    The averments of Paragraph 58 of the First Amended Complaint are not directed at

24   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 58 may

25   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

26   each of the averments in Paragraph 58 of the First Amended Complaint.

27           59.    The averments of Paragraph 59 of the First Amended Complaint are not directed at

28   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 59 may

1   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

2   each of the averments in Paragraph 59 of the First Amended Complaint.

3        60.     The averments of Paragraph 60 of the First Amended Complaint are not directed at

4   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 60 may

5   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

6   each of the averments in Paragraph 60 of the First Amended Complaint.

7        61.     The averments of Paragraph 61 of the First Amended Complaint are not directed at

8   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 61 may

9   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

10   each of the averments in Paragraph 61 of the First Amended Complaint.

11        62.     The averments of Paragraph 62 of the First Amended Complaint are not directed at

12   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 62 may

13   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

14   each of the averments in Paragraph 62 of the First Amended Complaint.

15        63.     The averments of Paragraph 63 of the First Amended Complaint are not directed at

16   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 63 may

17   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

18   each of the averments in Paragraph 63 of the First Amended Complaint.

19        64.     The averments of Paragraph 64 of the First Amended Complaint are not directed at

20   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 64 may

21   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

22   each of the averments in Paragraph 64 of the First Amended Complaint.

23        65.     The averments of Paragraph 65 of the First Amended Complaint are not directed at

24   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 65 may

25   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

26   each of the averments in Paragraph 65 of the First Amended Complaint.

27        66.     The averments of Paragraph 66 of the First Amended Complaint are not directed at

28   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 66 may

1   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

2   each of the averments in Paragraph 66 of the First Amended Complaint.

3           67.     The averments of Paragraph 67 of the First Amended Complaint are not directed at

4   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 67 may

5   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

6   each of the averments in Paragraph 67 of the First Amended Complaint.

7           68.     The averments of Paragraph 68 of the First Amended Complaint are not directed at

8   the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 68 may

9   be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

10  each of the averments in Paragraph 68 of the First Amended Complaint.

11          69.     The averments of Paragraph 69 of the First Amended Complaint are not directed at

12  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 69 may

13  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

14  each of the averments in Paragraph 69 of the First Amended Complaint.

15          70.     The averments of Paragraph 70 of the First Amended Complaint are not directed at

16  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 70 may

17  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

18  each of the averments in Paragraph 70 of the First Amended Complaint.

19          71.     The averments of Paragraph 71 of the First Amended Complaint are not directed at

20  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 71 may

21  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

22  each of the averments in Paragraph 71 of the First Amended Complaint.

23          72.     The averments of Paragraph 72 of the First Amended Complaint are not directed at

24  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 72 may

25  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

26  each of the averments in Paragraph 72 of the First Amended Complaint.

27          73.     The averments of Paragraph 73 of the First Amended Complaint consist of

28  conclusions of law to which no response is required.  To the extent Paragraph 73 may be deemed to

1   require a response, the Hitachi Defendants deny, for want of information or belief, each of the

2   averments in Paragraph 73 of the First Amended Complaint.

3          74.    The averments of Paragraph 74 of the First Amended Complaint consist of

4   conclusions of law to which no response is required.  To the extent Paragraph 74 may be deemed to

5   require a response, the Hitachi Defendants deny, for want of information or belief, each of the

6   averments in Paragraph 74 of the First Amended Complaint.

7          75.    The averments of Paragraph 75 of the First Amended Complaint consist of

8   conclusions of law to which no response is required.  To the extent Paragraph 75 may be deemed to

9   require a response, the Hitachi Defendants deny, for want of information or belief, each of the

10  averments in Paragraph 75 of the First Amended Complaint.

11         76.    The averments of Paragraph 76 of the First Amended Complaint are not directed at

12  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 76 may

13  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

14  each of the averments in Paragraph 76 of the First Amended Complaint.

15         77.    The averments of Paragraph 77 of the First Amended Complaint are not directed at

16  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 77 may

17  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

18  each of the averments in Paragraph 77 of the First Amended Complaint.

19         78.    The averments of Paragraph 78 of the First Amended Complaint are not directed at

20  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 78 may

21  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

22  each of the averments in Paragraph 78 of the First Amended Complaint.

23         79.    The averments of Paragraph 79 of the First Amended Complaint are not directed at

24  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 79 may

25  be deemed to require a response, the Hitachi Defendants deny, for want of information or belief,

26  each of the averments in Paragraph 79 of the First Amended Complaint.

27         80.    The averments of Paragraph 80 of the First Amended Complaint are not directed at

28  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 80 may

be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 80 of the First Amended Complaint.

81.     The averments of Paragraph 81 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 81 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 81 of the First Amended Complaint.

82.     The averments of Paragraph 82 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 82 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 82 of the First Amended Complaint.

83.     The averments of Paragraph 83 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 83 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 83 of the First Amended Complaint.

84.     The averments of Paragraph 84 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 84 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 84 of the First Amended Complaint.

85.     The averments of Paragraph 85 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 85 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 85 of the First Amended Complaint.

86.     The averments of Paragraph 86 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 86 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 86 of the First Amended Complaint.

87.     The averments of Paragraph 87 of the First Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 87

1    may be deemed to require a response, the Hitachi Defendants deny each of the averments of

2    Paragraph 87 of the First Amended Complaint.

3              88.     The averments of Paragraph 88 of the First Amended Complaint appear to be

4    prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 88

5    may be deemed to require a response, the Hitachi Defendants deny each of the averments of

6    Paragraph 88 of the First Amended Complaint.

7              89.     The averments of Paragraph 89 of the First Amended Complaint appear to be

8    prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 89

9    may be deemed to require a response, the Hitachi Defendants deny each of the averments of

10   Paragraph 89 of the First Amended Complaint.

11             90.     The averments of Paragraph 90 of the First Amended Complaint appear to be

12   prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 90

13   may be deemed to require a response, the Hitachi Defendants deny each of the averments of

14   Paragraph 90 of the First Amended Complaint.

15             91.     The averments of Paragraph 91 of the First Amended Complaint appear to be

16   prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 91

17   may be deemed to require a response, the Hitachi Defendants deny each of the averments of

18   Paragraph 91 of the First Amended Complaint.

19             92.     The averments of Paragraph 92 of the First Amended Complaint appear to be

20   prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 92

21   may be deemed to require a response, the Hitachi Defendants deny each of the averments of

22   Paragraph 92 of the First Amended Complaint.

23             93.     The averments of Paragraph 93 of the First Amended Complaint consist of

24   conclusions of law to which no response is required.  To the extent Paragraph 93 may be deemed to

25   require a response, the Hitachi Defendants deny, for want of information or belief, each of the

26   averments in Paragraph 93 of the First Amended Complaint.

27             94.     The averments of Paragraph 94 of the First Amended Complaint consist of

28   conclusions of law to which no response is required.  To the extent Paragraph 94 may be deemed to

require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 94 of the First Amended Complaint.

95.     The averments of Paragraph 95 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 95 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 95 of the First Amended Complaint.

96.     The averments of Paragraph 96 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 96 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 96 of the First Amended Complaint.

97.     The averments of Paragraph 97 of the First Amended Complaint appear to be prefatory or definitional only, and not ones calling for any response.  To the extent that Paragraph 97 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 97 of the First Amended Complaint.

98.     The averments of Paragraph 98 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 98 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 98 of the First Amended Complaint.

99.     The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 99 of the First Amended Complaint.

100.     To the extent the averments of Paragraph 100 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants, and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 100 of the First Amended Complaint.

101.     The averments of Paragraph 101 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 101

1   may be deemed to require a response, the Hitachi Defendants deny, for want of information or
2   belief, each of the averments in Paragraph 101 of the First Amended Complaint.

3       102.    The Hitachi Defendants deny, for want of information or belief, each of the
4   averments of Paragraph 102 of the First Amended Complaint.

5       103.    The averments of subparts a-h and j-k of Paragraph 103 of the First Amended
6   Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The
7   Hitachi Defendants deny the averments of Paragraph 103 of the First Amended Complaint, but admit
8   that in 2000 LG Electronics, Inc. and Hitachi, Ltd. entered into an agreement to establish a joint
9   venture company for the development, design and marketing of optical disk drives.

10      104.    The Hitachi Defendants deny, for want of information or belief, each of the
11  averments of Paragraph 104 of the First Amended Complaint.

12      105.    The Hitachi Defendants deny, for want of information or belief, each of the
13  averments of Paragraph 105 of the First Amended Complaint.

14      106.    The Hitachi Defendants deny, for want of information or belief, each of the
15  averments of Paragraph 106 of the First Amended Complaint.

16      107.    The Hitachi Defendants deny, for want of information or belief, each of the
17  averments of Paragraph 107 of the First Amended Complaint.

18      108.    The Hitachi Defendants deny, for want of information or belief, each of the
19  averments of Paragraph 108 of the First Amended Complaint.

20      109.    The Hitachi Defendants deny, for want of information or belief, each of the
21  averments of Paragraph 109 of the First Amended Complaint.

22      110.    The Hitachi Defendants deny, for want of information or belief, each of the
23  averments of Paragraph 110 of the First Amended Complaint.

24      111.    The Hitachi Defendants deny, for want of information or belief, each of the
25  averments of Paragraph 111 of the First Amended Complaint.

26      112.    The Hitachi Defendants deny, for want of information or belief, each of the
27  averments of Paragraph 112 of the First Amended Complaint.

28      113.    The Hitachi Defendants deny, for want of information or belief, each of the

1  averments of Paragraph 113 of the First Amended Complaint.

2      114.    The averments of the first sentence of Paragraph 114 of the First Amended Complaint

3  consist of conclusions of law to which no response is required.  To the extent that the first sentence

4  of Paragraph 114 may be deemed to require a response, the Hitachi Defendants deny each of the

5  averments of the first sentence of Paragraph 114 of the First Amended Complaint.  The Hitachi

6  Defendants deny each of the remaining averments of Paragraph 114 of the First Amended Complaint

7  as it pertains to the Hitachi Defendants.  To the extent the remaining averments of Paragraph 114 of

8  the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny,

9  for want of information or belief, the remaining averments of Paragraph 114 of the First Amended

10  Complaint.

11      115.    The Hitachi Defendants deny, for want of information or belief, each of the

12  averments of Paragraph 115 of the First Amended Complaint.

13      116.    The Hitachi Defendants deny each of the averments of Paragraph 116 of the First

14  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

15  Paragraph 116 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

16  Defendants deny, for want of information or belief, the averments of Paragraph 116 of the First

17  Amended Complaint.

18      117.    The averments of Paragraph 117 of the First Amended Complaint consist of

19  conclusions of law to which no response is required.  To the extent Paragraph 117 may be deemed to

20  require a response, the Hitachi Defendants deny, for want of information or belief, each of the

21  averments in Paragraph 117 of the First Amended Complaint.

22      118.    To the extent the averments of Paragraph 118 of the First Amended Complaint are

23  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains

24  to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants,

25  the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 118 of

26  the First Amended Complaint.

27      119.    The averments of Paragraph 119 of the First Amended Complaint consist of

28  conclusions of law to which no response is required.  To the extent that Paragraph 119 may be

1   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 119

2   of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

3   averments of Paragraph 119 of the First Amended Complaint do not pertain to the Hitachi

4   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

5   Paragraph 119 of the First Amended Complaint.

6       120.   The averments of Paragraph 120 of the First Amended Complaint consist of

7   conclusions of law to which no response is required.  To the extent that Paragraph 120 may be

8   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 120

9   of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

10  averments of Paragraph 120 of the First Amended Complaint do not pertain to the Hitachi

11  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

12  Paragraph 120 of the First Amended Complaint.

13      121.   To the extent the averments of Paragraph 121 of the First Amended Complaint are

14  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

15  121 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

16  averments of Paragraph 121 of the First Amended Complaint do not pertain to the Hitachi

17  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

18  Paragraph 121 of the First Amended Complaint.

19      122.   To the extent the averments of Paragraph 122 of the First Amended Complaint are

20  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

21  122 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

22  averments of Paragraph 122 of the First Amended Complaint do not pertain to the Hitachi

23  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

24  Paragraph 122 of the First Amended Complaint.

25      123.   To the extent the averments of Paragraph 123 of the First Amended Complaint are

26  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

27  123 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

28  averments of Paragraph 123 of the First Amended Complaint do not pertain to the Hitachi

1   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

2   Paragraph 123 of the First Amended Complaint.

3          124.    To the extent the averments of Paragraph 124 of the First Amended Complaint are

4   directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

5   124 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

6   averments of Paragraph 124 of the First Amended Complaint do not pertain to the Hitachi

7   Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

8   Paragraph 124 of the First Amended Complaint.

9          125.    To the extent the averments of Paragraph 125 of the First Amended Complaint are

10  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

11  125 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

12  averments of Paragraph 125 of the First Amended Complaint do not pertain to the Hitachi

13  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

14  Paragraph 125 of the First Amended Complaint.

15         126.    To the extent the averments of Paragraph 126 of the First Amended Complaint are

16  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

17  126 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

18  averments of Paragraph 126 of the First Amended Complaint do not pertain to the Hitachi

19  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

20  Paragraph 126 of the First Amended Complaint.

21         127.    To the extent the averments of Paragraph 127 of the First Amended Complaint are

22  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

23  127 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the

24  averments of Paragraph 127 of the First Amended Complaint do not pertain to the Hitachi

25  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

26  Paragraph 127 of the First Amended Complaint.

27         128.    To the extent the averments of Paragraph 128 of the First Amended Complaint are

28  directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph

128 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 128 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 128 of the First Amended Complaint.

129.    To the extent the averments of Paragraph 129 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 129 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 129 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 129 of the First Amended Complaint.

130.    To the extent the averments of Paragraph 130 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 130 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 130 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 130 of the First Amended Complaint.

131.    To the extent the averments of Paragraph 131 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 131 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 131 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 131 of the First Amended Complaint.

132.    The averments of Paragraph 132 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 132 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 132 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 132 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

Paragraph 132 of the First Amended Complaint.

133.     To the extent the averments of Paragraph 133, including all subparts, of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 133 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 133 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 133 of the First Amended Complaint.

134.     To the extent the averments of Paragraph 134 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 134 as it pertains to the Hitachi Defendants.  To the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 134 of the First Amended Complaint.

135.     To the extent the averments of Paragraph 135 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments of Paragraph 135 as it pertains to the Hitachi Defendants.  To the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 135 of the First Amended Complaint.

136.     The Hitachi Defendants deny each of the averments of Paragraph 136 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 136 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 136 of the First Amended Complaint.

137.     The Hitachi Defendants deny each of the averments of Paragraph 137 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 137 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 137 of the First Amended Complaint.

138.     The Hitachi Defendants deny each of the averments of Paragraph 138 of the First

1   Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

2   Paragraph 138 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

3   Defendants deny, for want of information or belief, the averments of Paragraph 138 of the First

4   Amended Complaint.

5          139.    The averments of Paragraph 139 of the First Amended Complaint consist of

6   conclusions of law to which no response is required.  To the extent averments of Paragraph 139 of

7   the First Amended Complaint may be deemed to require a response, the Hitachi Defendants deny

8   each of the averments of Paragraph 139 as it pertains to the Hitachi Defendants.  To the extent the

9   averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of

10  information or belief, the averments of Paragraph 139 of the First Amended Complaint.

11         140.    The Hitachi Defendants deny each of the averments of Paragraph 140 of the First

12  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

13  Paragraph 140 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

14  Defendants deny, for want of information or belief, the averments of Paragraph 140 of the First

15  Amended Complaint.

16         141.    The Hitachi Defendants deny each of the averments of Paragraph 141 of the First

17  Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

18  Paragraph 141 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

19  Defendants deny, for want of information or belief, the averments of Paragraph 141 of the First

20  Amended Complaint.

21         142.    The Hitachi Defendants deny each of the averments in Paragraph 142 of the First

22  Amended Complaint.

23         143.    The Hitachi Defendants deny each of the averments in Paragraph 143 of the First

24  Amended Complaint.

25         144.    The averments of Paragraph 144 of the First Amended Complaint are not directed at

26  the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 144

27  may be deemed to require a response, the Hitachi Defendants deny, for want of information or

28  belief, each of the averments in Paragraph 144 of the First Amended Complaint.

145.   The averments of Paragraph 145 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 145 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 145 of the First Amended Complaint.

146.   The averments of Paragraph 146 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 146 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 146 of the First Amended Complaint.

147.   The averments of Paragraph 147 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 147 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 147 of the First Amended Complaint.

148.   The averments of Paragraph 148 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 148 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 148 of the First Amended Complaint.

149.   The averments of Paragraph 149 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 149 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 149 of the First Amended Complaint.

150.   The averments of Paragraph 150 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 150 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 150 of the First Amended Complaint.

151.   The averments of Paragraph 151 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 151 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 151 of the First Amended Complaint.

152.    The averments of Paragraph 152 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 152 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 152 of the First Amended Complaint.

153.    The averments of Paragraph 153 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 153 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 153 of the First Amended Complaint.

154.    The averments of Paragraph 154 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 154 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 154 of the First Amended Complaint.

155.    The averments of Paragraph 155 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 155 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 155 of the First Amended Complaint.

156.    The averments of Paragraph 156 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 156 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 156 of the First Amended Complaint.

157.    The averments of Paragraph 157 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 157 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 157 of the First Amended Complaint.

158.    The averments of Paragraph 158 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 158 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 158 of the First Amended Complaint.

159.    The averments of Paragraph 159 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 159 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 159 of the First Amended Complaint.

160.    The averments of Paragraph 160 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 160 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 160 of the First Amended Complaint.

161.    The averments of Paragraph 161 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 161 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 161 of the First Amended Complaint.

162.    The averments of Paragraph 162 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 162 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 162 of the First Amended Complaint.

163.    The averments of Paragraph 163 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 163 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 163 of the First Amended Complaint.

164.    The averments of Paragraph 164 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 164 may be deemed to require a response, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 164 of the First Amended Complaint.

165.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 165 of the First Amended Complaint.

1     166.    The averments in Paragraph 166 of the First Amended Complaint purport to be

2 derived from a Stanford Resources, Inc. report, and, therefore, no response is required.  To the extent

3 that Paragraph 166 may be deemed to require a response, the Hitachi Defendants respond that the

4 report speaks for itself and deny, for want of information or belief, the averments in Paragraph 166

5 of the First Amended Complaint.

6     167.    The Hitachi Defendants deny, for want of information or belief, each of the

7 averments of the first and third sentences of Paragraph 167 of the First Amended Complaint.  The

8 averments in the second sentence of Paragraph 167 of the First Amended Complaint purport to be

9 derived from a Fuji Chimera Research report, and thus no response is required.  To the extent that

10 the averments in the second sentence of Paragraph 167 may be deemed to require a response, the

11 Hitachi Defendants respond that the report speaks for itself and deny, for want of information and

12 belief, the averments in the second sentence of Paragraph 167 of the First Amended Complaint.

13     168.    The Hitachi Defendants deny, for want of information or belief, the averments of the

14 second sentence of Paragraph 168 of the First Amended Complaint.  The remainder of the averments

15 of Paragraph 168 purports to be derived from industry analysts, and thus no response is required.  To

16 the extent that the remainder of the averments of Paragraph 168 may be deemed to require a

17 response, the Hitachi Defendants respond that the industry analysts speaks for themselves and deny,

18 for want of information or belief, the remainder of the averments of Paragraph 168 of the First

19 Amended Complaint.

20     169.    The averments in Paragraph 169 of the First Amended Complaint purport to quote

21 and/or be derived from a BNET Business Network article, and thus no response is required.  To the

22 extent that the averments in Paragraph 169 may be deemed to require a response, the Hitachi

23 Defendants respond that the BNET Business Network article speaks for itself and deny, for want of

24 information or belief, the averments in Paragraph 169 of the First Amended Complaint.

25     170.    The averments in Paragraph 170 of the First Amended Complaint purport to quote

26 and/or be derived from a Techtree.com article, and thus no response is required.  To the extent that

27 the averments in Paragraph 170 may be deemed to require a response, the Hitachi Defendants

28 respond that the Techtree.com article speaks for itself and deny, for want of information or belief,

the averments in Paragraph 170 of the First Amended Complaint.

171.    The Hitachi Defendants deny each of the averments of Paragraph 171 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 171 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 171 of the First Amended Complaint.

172.    The Hitachi Defendants deny each of the averments of Paragraph 172 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 172 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 172 of the First Amended Complaint.

173.    The averments in the first sentence of Paragraph 173 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that the averments in the first sentence of Paragraph 173 of the First Amended Complaint may be deemed to require a response, the Hitachi Defendants deny each of the averments in the first sentence of Paragraph 173 as they apply to the Hitachi Defendants.  To the extent the averments in the first sentence of Paragraph 173 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 173 of the First Amended Complaint.  The remainder of the averments in Paragraph 173 purports to quote from the President of Skyworth Macao Commercial Off Shore Co., Ltd., Finsen Yu, and thus no response is required.  To the extent that the remainder of Paragraph 173 may be deemed to require a response, the Hitachi Defendants respond that the statement of the President of Skyworth Macao Commercial Off Shore Co., Ltd. speaks for itself and deny, for want of information or belief, the remainder of the averments of Paragraph 173 of the First Amended Complaint.

174.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 174 of the First Amended Complaint.

175.    The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 175 of the First Amended Complaint.

176.     The averments of Paragraph 176 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 176 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 176 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 176 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 176 of the First Amended Complaint.

177.     The Hitachi Defendants deny, for want of information or belief, each of the averments of Paragraph 177 of the First Amended Complaint.

178.     The averments of Paragraph 178 of the First Amended Complaint are not directed at the Hitachi Defendants and purport to be derived from a Toshiba Annual Report, and, therefore, no response is required.  To the extent that the averments in Paragraph 178 may be deemed to require a response, the Hitachi Defendants respond that the Toshiba Annual Report speaks for itself and deny, for want of information or belief, the averments in Paragraph 178 of the First Amended Complaint.

179.     The averments of Paragraph 179 of the First Amended Complaint are not directed at the Hitachi Defendants and purport to be derived from a statement by a Hungarian Competition Authority, and, therefore, no response is required.  To the extent that the averments in Paragraph 179 may be deemed to require a response, the Hitachi Defendants respond that the statement by a Hungarian Competition Authority speaks for itself and deny, for want of information or belief, the averments in Paragraph 179 of the First Amended Complaint.

180.     The averments in Paragraph 180 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 180 of the First Amended Complaint to the extent they relate to defendants other than the Hitachi Defendants with the exception of matters specifically admitted herein.  To the extent the averments of Paragraph 180 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted herein.  The Hitachi Defendants admit that C.Y. Lin of Chunghwa Picture Tubes was indicted, the

1    details of which are matters of public record.

2        181.    The averments in Paragraph 181 of the First Amended Complaint are not directed at

3    the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for

4    want of information or belief, the averments of Paragraph 181 of the First Amended Complaint to

5    the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

6    specifically admitted herein.  To the extent the averments of Paragraph 181 of the First Amended

7    Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

8    averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted

9    herein.  The Hitachi Defendants admit that Tony Cheng of Chunghwa Picture Tubes was indicted,

10   the details of which are matters of public record.

11       182.    The averments in Paragraph 182 of the First Amended Complaint are not directed at

12   the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for

13   want of information or belief, the averments of Paragraph 182 of the First Amended Complaint to

14   the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

15   specifically admitted herein.  To the extent the averments of Paragraph 182 of the First Amended

16   Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

17   averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted

18   herein.  The Hitachi Defendants admit that Chung Cheng Yeh, an employee of a Taiwanese

19   company, was indicted, the details of which are matters of public record.

20       183.    The averments in Paragraph 183 of the First Amended Complaint are not directed at

21   the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for

22   want of information or belief, the averments of Paragraph 183 of the First Amended Complaint to

23   the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

24   specifically admitted herein.  To the extent the averments of Paragraph 183 of the First Amended

25   Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

26   averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted

27   herein.  The Hitachi Defendants admit that Seung-Kyu Lee, Yeong-Ug Yang, and Jae-Sik Kim were

28   indicted, the details of which are matters of public record.

1    184.    The averments of Paragraph 184 of the First Amended Complaint are not directed at

2    the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 184 of the

3    First Amended Complaint may be deemed to require a response, the Hitachi Defendants deny, for

4    want of information or belief, the averments of Paragraph 184 of the First Amended Complaint to

5    the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

6    specifically admitted herein.  To the extent the averments of Paragraph 184 of the First Amended

7    Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny the averments of

8    Paragraph 184 of the First Amended Complaint as it pertains to the Hitachi Defendants with the

9    exception of matters specifically admitted herein.  The Hitachi Defendants admit that the

10   Department of Justice ("DOJ") issued a press release on March 18, 2011, the details of which are

11   matters of public record.

12   185.    The averments of Paragraph 185 of the First Amended Complaint are not directed at

13   the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 185 may be

14   deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the

15   averments of Paragraph 185 of the First Amended Complaint to the extent they relate to defendants

16   other than the Hitachi Defendants.  To the extent the averments of Paragraph 185 of the First

17   Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

18   averments as it pertains to the Hitachi Defendants.

19   186.    The averments of Paragraph 186 of the First Amended Complaint are not directed at

20   the Hitachi Defendants, and, therefore, no response is required.  To the extent Paragraph 186 may be

21   deemed to require a response, the Hitachi Defendants deny, for want of information or belief, the

22   averments of Paragraph 186 of the First Amended Complaint.

23   187.    The averments in Paragraph 187 of the First Amended Complaint are not directed at

24   the Hitachi Defendants, and, therefore, no response is required.  The Hitachi Defendants deny, for

25   want of information or belief, the averments of Paragraph 187 of the First Amended Complaint to

26   the extent they relate to defendants other than the Hitachi Defendants with the exception of matters

27   specifically admitted herein.  To the extent the averments of Paragraph 187 of the First Amended

28   Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the

1    averments as it pertains to the Hitachi Defendants with the exception of matters specifically admitted

2    herein.  The Hitachi Defendants admit that the European Commission made an announcement on

3    December 5, 2012, the details of which are matters of public record.

4            188.    The Hitachi Defendants deny each of the averments of Paragraph 188 of the First

5    Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

6    Paragraph 188 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi

7    Defendants deny, for want of information or belief, the averments of Paragraph 188 of the First

8    Amended Complaint.

9            189.    The averments of Paragraph 189 of the First Amended Complaint are not directed at

10   the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of

11   Paragraph 189 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi

12   Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the

13   averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of

14   information or belief, the averments of Paragraph 189 of the First Amended Complaint.

15           190.    The averments of Paragraph 190 of the First Amended Complaint are not directed at

16   the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of

17   Paragraph 190 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi

18   Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the

19   averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of

20   information or belief, the averments of Paragraph 190 of the First Amended Complaint.

21           191.    The Hitachi Defendants deny, for want of information or belief, each of the

22   averments of Paragraph 191 of the First Amended Complaint.

23           192.    The averments of Paragraph 192 of the First Amended Complaint are not directed at

24   the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of

25   Paragraph 192 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi

26   Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the

27   averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of

28   information or belief, the averments of Paragraph 192 of the First Amended Complaint.

1       193.    The averments of Paragraph 193 of the First Amended Complaint are not directed at

2  the Hitachi Defendants, and, therefore, no response is required.  To the extent the averments of

3  Paragraph 193 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi

4  Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the

5  averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of

6  information or belief, the averments of Paragraph 193 of the First Amended Complaint.

7       194.    The averments of Paragraph 194 of the First Amended Complaint purport to be

8  derived from a DOJ press release, and, therefore, no response is required.  To the extent that the

9  averments of Paragraph 194 may be deemed to require a response, the Hitachi Defendants respond

10  that the DOJ press release speaks for itself and deny the averments of Paragraph 194, except admit

11  that Hitachi Displays, Ltd. entered into a plea agreement and paid a $31 million fine in connection

12  with allegations that it participated in a conspiracy to fix the prices of TFT-LCD panels sold to Dell,

13  Inc. for use in notebook computers from April 1, 2001, through March 31, 2004.

14       195.    The averments of Paragraph 195 of the First Amended Complaint purport to be

15  derived from plea agreements and thus no response is required.  To the extent that the averments of

16  Paragraph 195 may be deemed to require a response, the Hitachi Defendants respond that the plea

17  agreements speak for themselves and deny the averments of Paragraph 195 as they pertain to the

18  Hitachi Defendants.  To the extent the averments of Paragraph 195 do not pertain to the Hitachi

19  Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of

20  Paragraph 195 of the First Amended Complaint.

21       196.    The averments of the first sentence of Paragraph 196 of the First Amended Complaint

22  consist of conclusions of law to which no response is required.  To the extent that the first sentence

23  of Paragraph 196 may be deemed to require a response, the Hitachi Defendants deny each of the

24  averments of the first sentence of Paragraph 196 of the First Amended Complaint.  To the extent the

25  remaining averments of Paragraph 196 of the First Amended Complaint are directed at the Hitachi

26  Defendants and, to the extent the remaining averments do not pertain to the Hitachi Defendants, the

27  Hitachi Defendants deny, for want of information or belief, the remaining averments of Paragraph

28  196 of the First Amended Complaint.

197.     The averments in Paragraph 197 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 197 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 197 of the First Amended Complaint.

198.     To the extent the averments of Paragraph 198 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny the averments of Paragraph 198 of the First Amended Complaint.  To the extent the averments of Paragraph 198 of the First Amended Complaint are not directed at the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 198 of the First Amended Complaint.

199.     To the extent the averments of Paragraph 199 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 199 of the First Amended Complaint.

200.     To the extent the averments of Paragraph 200 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 200 of the First Amended Complaint.

201.     To the extent the averments of Paragraph 201 of the First Amended Complaint are directed at the Hitachi Defendants, the Hitachi Defendants deny each of the averments as it pertains to the Hitachi Defendants and, to the extent the averments do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 201 of the First Amended Complaint.

202.     The averments in Paragraph 202 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 202 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 202 of the First Amended Complaint.

203.    The averments in Paragraph 203 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 203 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 203 of the First Amended Complaint.

204.    The averments in Paragraph 204 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 204 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 204 of the First Amended Complaint.

205.    The averments in Paragraph 205 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 205 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 205 of the First Amended Complaint.

206.    The averments in Paragraph 206 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 206 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 206 of the First Amended Complaint.

207.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 207 of the First Amended Complaint.  The remainder of the averments of Paragraph 207 purports to be derived from industry analysts, and thus no response is required.  To the extent the remainder of the averments of Paragraph 207 may be deemed to require a response, the Hitachi Defendants respond that the industry analysts speak for themselves and deny, for want of information or belief, the remainder of the averments of Paragraph 207 of the First Amended Complaint.

208.    The averments of Paragraph 208 purport to be derived from an industry source, and thus no response is required.  To the extent that Paragraph 208 may be deemed to require a response, the Hitachi Defendants respond that the statements of the industry source speak for themselves and deny, for want of information or belief, the averments of Paragraph 208 of the First Amended Complaint.

209.    The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 209 of the First Amended Complaint.

210.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the second and third sentences of Paragraph 210 of the First Amended Complaint.  The first sentence of Paragraph 210 purports to be derived from a CNET News.com article, and thus no response is required.  To the extent that the first sentence of Paragraph 210 may be deemed to require a response, the Hitachi Defendants respond that the statement from the article speaks for itself and deny, for want of information or belief, the averments of Paragraph 210 of the First Amended Complaint.

211.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 211 of the First Amended Complaint.  The remainder of the averments of Paragraph 211 purports to be derived from a keynote speaker at Asia Display, and thus no response is required.  To the extent that the remainder of the averments of Paragraph 211 may be deemed to require a response, the Hitachi Defendants respond that the statement by the keynote speaker at Asia Display speaks for itself and deny, for want of information and belief, the remainder of the averments of Paragraph 211 of the First Amended Complaint.

212.    The Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 212 of the First Amended Complaint.

213.    The Hitachi Defendants deny, for want of information or belief, each of the averments in the first sentence of Paragraph 213 of the First Amended Complaint.  The remainder of the averments of Paragraph 213 purports to be derived from a March 13, 2000 article and thus no response is required.  To the extent that the remainder of Paragraph 213 may be deemed to require a response, the Hitachi Defendants respond that the March 13, 2000 article speaks for itself and deny, for want of information or belief, the remainder of Paragraph 213 of the First Amended Complaint.

214.    The averments in Paragraph 214 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 214 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 214 of the First Amended Complaint.

215.     The averments of Paragraph 215 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 215 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 215 of the First Amended Complaint.

216.     The averments of Paragraph 216, including all subparts, of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 216 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 216 of the First Amended Complaint.

217.     The averments of Paragraph 217 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 217 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 217 of the First Amended Complaint.

218.     The averments of Paragraph 218 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 218 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 218 of the First Amended Complaint.

219.     The averments of Paragraph 219 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 219 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 219 of the First Amended Complaint.

220.     The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 220 of the First Amended Complaint.

221.     The Hitachi Defendants deny each of the averments of Paragraph 221 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 221 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 221 of the First Amended Complaint.

222.     The Hitachi Defendants deny each of the averments of Paragraph 222 of the First

Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 222 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 222 of the First Amended Complaint.

223.    The Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 223 of the First Amended Complaint.

224.    The averments of Paragraph 224 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 224 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 224 of the First Amended Complaint.

225.    The averments of Paragraph 225 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 225 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 225 of the First Amended Complaint.

226.    The averments of Paragraph 226 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 226 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 226 of the First Amended Complaint.

227.    The averments of Paragraph 227 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 227 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 227 of the First Amended Complaint.

228.    The averments of Paragraph 228 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 228 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 228 of the First Amended Complaint.

229.    The Hitachi Defendants deny each of the averments of Paragraph 229 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

Paragraph 229 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 229 of the First Amended Complaint.

230.    The Hitachi Defendants deny each of the averments of Paragraph 230 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 230 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 230 of the First Amended Complaint.

231.    The averments of Paragraph 231 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 231 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 231 of the First Amended Complaint.

232.    The averments of Paragraph 232 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 232 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 232 of the First Amended Complaint.

233.    The averments of Paragraph 233 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 233 may be deemed to require a response, the Hitachi Defendants respond that the statement of the Deputy General Manager for an LG Electronics distributor speaks for itself and deny, for want of information or belief, the averments in Paragraph 233 of the First Amended Complaint.

234.    The Hitachi Defendants deny each of the averments of Paragraph 234 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of Paragraph 234 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 234 of the First Amended Complaint.

235.    The Hitachi Defendants deny each of the averments of Paragraph 235 of the First Amended Complaint as it pertains to the Hitachi Defendants.  To the extent the averments of

Paragraph 235 of the First Amended Complaint do not pertain to the Hitachi Defendants, the Hitachi Defendants deny, for want of information or belief, the averments of Paragraph 235 of the First Amended Complaint.

236.   The averments of Paragraph 236 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 236 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 236 of the First Amended Complaint.

237.   The averments of Paragraph 237 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 237 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 237 of the First Amended Complaint.

238.   The averments of Paragraph 238 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 238 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 238 of the First Amended Complaint.

239.   The averments of Paragraph 239 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 239 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 239 of the First Amended Complaint.

240.   The averments of Paragraph 240 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 240 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 240 of the First Amended Complaint.

241.   The averments of Paragraph 241 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 241 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 241 of the First Amended Complaint.

242.   The averments of Paragraph 242 of the First Amended Complaint consist of

1    conclusions of law to which no response is required.  To the extent that Paragraph 242 may be

2    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 242

3    of the First Amended Complaint.

4            243.    The averments of Paragraph 243 of the First Amended Complaint consist of

5    conclusions of law to which no response is required.  To the extent that Paragraph 243 may be

6    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 243

7    of the First Amended Complaint.

8            244.    The averments of Paragraph 244 of the First Amended Complaint consist of

9    conclusions of law to which no response is required.  To the extent that Paragraph 244 may be

10   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 244

11   of the First Amended Complaint.

12           245.    Answering the averments of Paragraph 245 of the First Amended Complaint, the

13   Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and

14   as if set forth fully herein, to the averments of Paragraphs 1-244 of the First Amended Complaint.

15           246.    The averments of Paragraph 246 of the First Amended Complaint consist of

16   conclusions of law to which no response is required.  To the extent that Paragraph 246 may be

17   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 246

18   of the First Amended Complaint.

19           247.    The averments of Paragraph 247 of the First Amended Complaint consist of

20   conclusions of law to which no response is required.  To the extent that Paragraph 247 may be

21   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 247

22   of the First Amended Complaint.

23           248.    The averments of Paragraph 248 of the First Amended Complaint consist of

24   conclusions of law to which no response is required.  To the extent that Paragraph 248 may be

25   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 248

26   of the First Amended Complaint.

27           249.    The averments of Paragraph 249 of the First Amended Complaint consist of

28   conclusions of law to which no response is required.  To the extent that Paragraph 249 may be

1    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 249

2    of the First Amended Complaint.

3          250.    The averments of Paragraph 250 of the First Amended Complaint, including all

4    subparts, consist of conclusions of law to which no response is required.  To the extent that

5    Paragraph 250 may be deemed to require a response, the Hitachi Defendants deny each of the

6    averments of Paragraph 250 of the First Amended Complaint.

7          251.    The averments of Paragraph 251 of the First Amended Complaint consist of

8    conclusions of law to which no response is required.  To the extent that Paragraph 251 may be

9    deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 251

10   of the First Amended Complaint.

11         252.    Answering the averments of Paragraph 252 of the First Amended Complaint, the

12   Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and

13   as if set forth fully herein, to the averments of Paragraphs 1-251 of the First Amended Complaint.

14         253.    The averments of Paragraph 253 of the First Amended Complaint consist of

15   conclusions of law to which no response is required.  To the extent that Paragraph 253 may be

16   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 253

17   of the First Amended Complaint.

18         254.    The averments of Paragraph 254 of the First Amended Complaint consist of

19   conclusions of law to which no response is required.  To the extent that Paragraph 254 may be

20   deemed to require a response, the Hitachi Defendants, for want of information or belief, deny each

21   of the averments of Paragraph 254.

22         255.    The averments of Paragraph 255 of the First Amended Complaint consist of

23   conclusions of law to which no response is required.  To the extent that Paragraph 255 may be

24   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 255

25   of the Amended Complaint.

26         256.    The averments of Paragraph 256 of the First Amended Complaint consist of

27   conclusions of law to which no response is required.  To the extent that Paragraph 256 may be

28   deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 256

of the Amended Complaint.

257.     The averments of Paragraph 257 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 257 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 257 of the First Amended Complaint.

258.     The averments of Paragraph 258 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 258 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 258 of the Amended Complaint.

259.     The averments of Paragraph 259 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 259 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 259 of the Amended Complaint.

260.     Answering the averments of Paragraph 260 of the First Amended Complaint, the Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and as if set forth fully herein, to the averments of Paragraphs 1-259 of the First Amended Complaint.

261.     The averments of Paragraph 261 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 261 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 261 of the Amended Complaint.

262.     The averments of Paragraph 262 of the First Amended Complaint are not directed at the Hitachi Defendants, and, therefore, no response is required.  To the extent that Paragraph 262 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 262 of the First Amended Complaint.

263.     The averments of Paragraph 263 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 263 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 263 of the First Amended Complaint.

264.    The averments of Paragraph 264 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 264 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 264 of the First Amended Complaint.

265.    The averments of Paragraph 265 of the First Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 265 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 265 of the First Amended Complaint.

266.    The averments of Paragraph 266 of the First Amended Complaint, including all subparts, consist of conclusions of law to which no response is required.  To the extent that Paragraph 266 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 266 of the First Amended Complaint.

267.    The averments of Paragraph 267 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 267 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 267 of the First Amended Complaint.

268.    The averments of Paragraph 268 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 268 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 268 of the First Amended Complaint.

269.    Answering the averments of Paragraph 269 of the First Amended Complaint, the Hitachi Defendants incorporate by this reference their responses, set forth above in this answer and as if set forth fully herein, to the averments of Paragraphs 1-268 of the First Amended Complaint.

270.    The averments of Paragraph 270 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 270 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 270 of the First Amended Complaint.

271.    The averments of Paragraph 271 of the First Amended Complaint consist of

conclusions of law to which no response is required.  To the extent that Paragraph 271 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 271 of the First Amended Complaint.

272.    The averments of Paragraph 272, including all subparts, of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent Paragraph 272 may be deemed to require a response, the Hitachi Defendants deny, for want of information or belief, each of the averments in Paragraph 272 of the First Amended Complaint.

273.    The averments of Paragraph 273 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 273 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 273 of the First Amended Complaint.

274.    The averments of Paragraph 274 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 274 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 274 of the First Amended Complaint.

275.    The averments of Paragraph 275 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 275 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 275 of the First Amended Complaint.

276.    The averments of Paragraph 276 of the First Amended Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph 276 may be deemed to require a response, the Hitachi Defendants deny each of the averments of Paragraph 276 of the First Amended Complaint.

### PLAINTIFFS' PRAYER FOR RELIEF

The Hitachi Defendants deny each of the Averments of Paragraphs A through L of plaintiffs' Prayer for Relief in the First Amended Complaint, and aver that plaintiffs are not entitled to any relief of any kind for or as against any of the Hitachi Defendants.

## JURY TRIAL DEMAND

To the extent any response is required to the plaintiffs' Jury Trial Demand, the Hitachi Defendants admit that plaintiffs purport to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

Without assuming the burden of proof where it rests upon plaintiffs, the Hitachi Defendants aver the following as separate affirmative and/or additional defenses to plaintiffs' First Amended Complaint:

## FIRST DEFENSE

### (Failure to State a Claim)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the First Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

### (Statutes Of Limitations)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

### (Withdrawal)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of the Hitachi Defendants' withdrawal from and/or abandonment of any alleged conspiracy.

## FOURTH DEFENSE

### (Claim Splitting And Election Of Remedies)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of claim splitting and by the doctrine of the election of remedies.

## FIFTH DEFENSE

### (Laches, Estoppel, Waiver, And/Or Unclean Hands)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, under the doctrines of laches, estoppel, waiver, and/or unclean hands.

## SIXTH DEFENSE

### (Reasonable Justification)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because all of the actions of the Hitachi Defendants being challenged by plaintiffs were lawful, justified, pro-competitive, constitute bona fide business competition, and were carried out in furtherance of the Hitachi Defendants' legitimate business interests.

## SEVENTH DEFENSE

### (Ratification, Acquiescence, Agreement Or Consent)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by reason of plaintiffs' ratification of, or acquiescence, agreement or consent to the conduct of the Hitachi Defendants.

## EIGHTH DEFENSE

### (Accord And Satisfaction, Release And Settlement)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the doctrines of accord and satisfaction, release and settlement.

## NINTH DEFENSE

### (Government Privilege)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the alleged conduct of the Hitachi Defendants that is the subject of the First Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## TENTH DEFENSE

### (Lack of Standing)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs lack standing to bring the claims asserted in the First Amended Complaint.

## ELEVENTH DEFENSE

### (Failure To Plead Fraud Particularly; Fed. R. Civ. P. 9(B))

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have failed to allege fraudulent concealment with particularity.

## TWELFTH DEFENSE

### (Ultra Vires)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because, to the extent that any employee or agent of the Hitachi Defendants engaged in any unlawful act or omission, which unlawful act or omission the Hitachi Defendants expressly deny, any such actionable act or omission would have been committed by individuals acting ultra vires.

## THIRTEENTH DEFENSE

### (Intervening Causes)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs' alleged injuries, if any, stemmed from intervening and/or superseding causes.

## FOURTEENTH DEFENSE

### (Lack Of Antitrust Injury)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have not suffered an antitrust injury.

## FIFTEENTH DEFENSE

### (No Act Of The Hitachi Defendants)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs have not been injured in its business or property by reason of any action of the Hitachi Defendants.

## SIXTEENTH DEFENSE

### (Speculative Damages)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because the plaintiffs' alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

## SEVENTEENTH DEFENSE

### (Failure To Mitigate Damages)

Each of plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, because of and to the extent of plaintiffs' failure to mitigate damages.

## EIGHTEENTH DEFENSE

### (Pass Through)

Plaintiffs' claims or causes of action for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge, the existence of which the Hitachi Defendants expressly deny, was absorbed, in whole or in part, by others, and was not passed through to plaintiffs.

## NINETEENTH DEFENSE

### (Restitution)

Each of plaintiffs' claims or causes of action is barred from recovery of damages, in whole or in part, to the extent that any restitution or award of damages to plaintiffs would be excessive and punitive, and disproportionate to any alleged injury suffered by plaintiffs.

## TWENTIETH DEFENSE

### (Available Remedy At Law)

Each of plaintiffs' claims or causes of action for injunction or other equitable relief is barred, in whole or in part, because plaintiffs have available an adequate remedy at law.

## TWENTY-FIRST DEFENSE

### (Injunction)

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs seek to enjoin alleged events that have already transpired and without the requisite showing of threatened future harm or continuing violation.

## TWENTY-SECOND DEFENSE

### (Residency)

To the extent plaintiffs seeks to assert claims or obtain relief under the laws of a state of which they are not a resident, those claims are barred by (i) constitutional rights of due process; (ii) choice of law principles; and (iii) the laws of the states under which plaintiffs asserts their claims.

1

## TWENTY-THIRD DEFENSE

2

### (Unjust Enrichment)

3      Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs

4   would be unjustly enriched if they were allowed to recover any part of the damages alleged in the

5   First Amended Complaint.

6

## TWENTY-FOURTH DEFENSE

7

### (Improper Venue)

8      Each of plaintiffs' claims or causes of action is barred, in whole or in part, because venue

9   does not lie in this Court.

10

## TWENTY-FIFTH DEFENSE

11

### (Comparative Fault)

12      Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent the

13   injuries alleged in the First Amended Complaint, the fact and extent of which are expressly denied

14   by the Hitachi Defendants, were directly and proximately caused by or contributed to by the

15   statements, acts or omissions of plaintiffs or third persons or entities unaffiliated with the Hitachi

16   Defendants.

17

## TWENTY-SIXTH DEFENSE

18

### (Res Judicata And/Or Collateral Estoppel)

19      Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the doctrines of

20   res judicata and/or collateral estoppel.

21

## TWENTY-SEVENTH DEFENSE

22

### (Foreign Trade Antitrust Improvements Act)

23      Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs

24   have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust

25   Improvements Act, 15 U.S.C. § 6a.

26

27

28

**TWENTY-EIGHTH DEFENSE**

**(Foreign Sales)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent plaintiffs seek to recover damages, if any, based on sales outside of the United States.

**TWENTY-NINTH DEFENSE**

**(Improper Joinder)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs' claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to all defendants.

**THIRTIETH DEFENSE**

**(Failure To Exhaust Remedies)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, because plaintiffs failed to exhaust all remedies against the parties with whom each plaintiff is in privity.

**THIRTY-FIRST DEFENSE**

**(No Multiple Recoveries)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, to the extent it would result in the Hitachi Defendants paying damages to more than one claimant for the same alleged overcharge, because such multiple recoveries would violate rights guaranteed to the Hitachi Defendants by applicable states' laws and the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

**THIRTY-SECOND DEFENSE**

**(Voluntary Payment Doctrine)**

Each of plaintiffs' claims or causes of action is barred, in whole or in part, by the voluntary payment doctrine, under which plaintiffs is not entitled to recover payments made with full knowledge of the facts.

1

**THIRTY-THIRD DEFENSE**

2

**(Incorporation Of Defenses Of Others)**

3      The Hitachi Defendants adopt by reference any applicable defense pleaded by any other

4   defendant not otherwise expressly set forth herein.

5

**THIRTY-FOURTH DEFENSE**

6

**(Privilege)**

7      Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are

8   barred, in whole or in part, because any action taken by or on behalf of the Hitachi Defendants was

9   justified, constituted *bona fide* business competition, and was taken in pursuit of its own legitimate

10  business and economic interests and is therefore privileged.

11

**THIRTY-FIFTH DEFENSE**

12

**(Noerr-Pennington Doctrine)**

13     Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are

14  barred, in whole or in part, by the doctrine of Noerr-Pennington.

15

**THIRTY-SIXTH DEFENSE**

16

**(Forum Non Conveniens)**

17     The First Amended Complaint should be dismissed on the grounds of forum non conveniens.

18

**THIRTY-SEVENTH DEFENSE**

19

**(Improper Forum/Arbitration)**

20     Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are

21  barred, in whole or in part, because plaintiffs has agreed to arbitration or chose a different forum for

22  the resolution of their claims.

23

**THIRTY-EIGHTH DEFENSE**

24

**(Intervening Conduct)**

25     Each of plaintiffs' claims or causes of action should be dismissed to the extent that they are

26  barred, in whole or in part, because any alleged injuries and damages were not legally or proximately

27  caused by any acts or omissions of the Hitachi Defendants and/or were caused, if at all, solely and

28

1  proximately by the conduct of third parties, including, without limitations, the prior, intervening or

2  superseding conduct of such third parties.

### THIRTY-NINTH DEFENSE

#### (Lack of Subject Matter Jurisdiction)

This Court lacks subject-matter jurisdiction over plaintiffs' claims and causes of action

pursuant to, but not limited to, the Foreign Trade Antitrust Improvements Act.

### FORTIETH DEFENSE

#### (Reservation of Other Defenses)

The Hitachi Defendants reserve the right to assert other defenses as this action proceeds up to

and including the time of trial.

**WHEREFORE,** Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi

America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. each pray that:

1.  The Court dismiss with prejudice plaintiffs' First Amended Complaint;

2.  Plaintiffs recover no relief of any kind against defendants Hitachi, Ltd., Hitachi

Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi

Electronic Devices (USA), Inc., or any of them;

3.  Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi

America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of them,

have and recover their respective costs of suit against plaintiffs; and

///

///

///

///

///

///

///

///

///

4.      The Court award to Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc., and each of them, such further relief as may be appropriate.

DATED:  March 27, 2014                    Respectfully submitted,

                                          KIRKLAND & ELLIS LLP


                                          */s/ Eliot A. Adelson*
                                          Eliot A. Adelson

                                          Attorneys for Defendants,
                                          HITACHI, LTD., HITACHI DISPLAYS,
                                          LTD. (n/k/a JAPAN DISPLAY INC.),
                                          HITACHI AMERICA, LTD., HITACHI
                                          ASIA, LTD., AND
                                          HITACHI ELECTRONIC DEVICES (USA),
                                          INC.

INDIVIDUAL CASE NO. 13-CV-00157 SI